Ken I. Karan, Esq.  SBN: 204843
LAW OFFICE OF KEN I. KARAN
2907 Shelter Island Drive, Ste. 105-215
San Diego, CA 92106
(760) 420-5488
Fax (866) 841-5420

**FILED**

Jul 17 2020

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY           s/ danieln1           DEPUTY

NUNC PRO TUNC

7/10/2020

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, | CASE NO.: 3:20-cv-00406-AJB-WVG |
| Plaintiff, | SECOND DECLARATION OF KEN KARAN IN SUPPORT OF FILING AMENDED COMPLAINT |
| vs. | |
| STATE OF CALIFORNIA, COUNTY OF SAN DIEGO, et al., | Case Filed:  November 9, 2017 |
| Defendants. | CTRM:  4A |
| | Judge:  Hon. Anthony J. Battaglia |
| | United States Magistrate Judge |

I, Ken Karan, declare:

1.     I am an attorney licensed to practice before all courts of the state of California, and the U.S. District Court, Southern District of California. I have personal knowledge of the following and am competent to testify thereto, except for those matters stated to be known on information and belief and as to those matters I believe them to be true.

2.     I recently provided this Court with a declaration in support of a late filing of an amended complaint by Mr. Dunsmore.

3.     I explained that I had an independent recollection of mailing Mr. Dunsmore's amended complaint to the Court. I was wrong.

4.     While moving file boxes over the weekend, I found Mr. Dunsmore's amended complaint stacked on top of one box with another box on top of that. I am at fault for not handling Mr. Dunsmore's legal papers more carefully.

1

5.      Attached as Exhibit 1 is a true and correct original of the amended complaint Mr. Dunsmore is attempting to file. I have enclosed a self-addressed stamped envelope addressed to Mr. Dunsmore for mailing a conformed copy of the caption to him.

6.      As I have for Mr. Dunsmore, I apologize to the Court for my error, and for the additional effort it may take to put Mr. Dunsmore's case back on the calendar.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Dated:  July 6, 2020                            Signed: _____

                                                Ken I. Karan, Esq.

2
Second Declaration of Ken Karan in Support of Filing Amended Complaint
Case No.: 3:20-cv-00406-AJB-WVG

Darryl
1977/041 Mab 20
SDC1
1173 front st
San Diego Ca 92101

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Darryl Densmore                    Case # J-20-CV-00406-AJB-WVG
Plaintiff

state of California                    URGENT
John Doe Et al
Defendants

## Motion for Civil Contempt

Declaration:

I Declare The watch commander was order
by This court concerning Pro Per status and
That such status continues to be denied Me
That The superior Court on 12/16/19 ordered
Medical Care Needs to be met and That
such Const orders continue to be refused
and rejected violating plaintiffs Civil Rights

1 of 2

Plaintiff is a Dependant adult and is duel/mentally Disabled and is suffering ADA Discrimination and Dependant adult abuse That plaintiff has complained for years to This court while The Court Continues to Allow The Defendants to abuse an injure The plaintiff causing further Debilitation All The while Punishing plaintiff moniteryly for attempting to pritect his health and Safty

Denying plaintiff relief it knows he entitled too Simply because plaintiff does Not have The cognative abilities to articulate The action and personally plaintiff believes even if properly articulated The corruption of The Court would prevent relief and The Court would be completely Satisheed If The plaintiff would Just Die allready and Be Thrown nThe trash!

I Declare under penalty of perjury under The laws of The State of Oklahome the foregoing is true
4/5/20

2of2

Daryl Dunsmore
12777011 Mob-20
1173 front st
San Diego Ca 92101


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Daryl Dunsmore
Plaintiff

v

State of California
John Doe Et al
Defendants

Case # 3-20-cv-00406-AJB-WVG

URGENT


Motion for Appointment
of Counsel


Declaration:
   I Daryl Dunsmore state and Declare
I am a Developmentally Disabled Adult
according to the welfare or institutions
code and requests appointment of Counsel
n prepareing the Amended Complaint that
Due To Defendants actions said order of

1 of 2

The court is not obtainable without said
Appointment including The Defendants actions
which are Debilitating The plaintiff I
further Declare I am totally Disabled with
Loss of use of Arms and Hands and That
Preparing written Context is extremely painfull
and Difficult That Plaintiff is a Dependent
Adult with in The meaning of P.C 368

I Declare under penalty of perjury under
The Laws of The State of California the foregoing
is True
           4/15/20                    [signature]

Daryl D
1977 10ul  MoB-20
SDC1
1173 Front St
San Diego Ca 92101


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Daryl Dunsmore
Plantiff
      v.

State of California
John Doe Et al
Defendents

Case# 3-20-CV-00406-AJB-WVG

URGENT


order to show cause
and tempory restraining
order

Upon The supporting Declarations it is
Ordered The Defendents show cause in RM
____ of The United States Court house 333 west
Broadway at ____ oclock why a preliminary
injunction should not issue pursuant To Fed.R.
civ.P. enjoying The Defendent and Successors
in office agents employees and all other persons
Acting in concern and partisipation with

Then To provide Meaningful access according
to Law and This courts order on 4/6/20
To return and replace all ADA Appliences to
turn on personal Shower To resume insulin
treatment he arrived here with To provide
Prompt Surgical intervention for injury sustained
to Stomach causing Hernia or other Damage
To provide his appropiate Diet

It is further ordered That This order to
Show cause and all other papers attached be
Served on The Defendants and The Marshalls
Service be Directed to effectuate Service

_____
United States District
Judge

2 of 2

Daryl Dunsmore
1977041 MDB-20
SDCH
1173 Front st
San Diego Ca 92101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Daryl Dunsmore
Plaintiff

v

State of California
John Doe Et al
Defendants

Case 3-20-CV-00406-AJB-WVG

URGENT

Motion for Tempory
Restraining order and
a Preliminary injunction

Declaration in
support of :

① I am The plaintiff in This case. I make
This Declaration in support of My Motion for
tempory restraining order and a proliminary
injunction To ensure That I recieve Meaning-
full access to The Court and ADA access

1 of 8

(2) As set forth in The Complaint in This Case I am being Denied Meaningful Court access and ADA Access

(3) IN Dec of 2019 I was Transfered from California Healthcare facility Stockton for Re Sentencing in Case 215653 To San Diego County Jail

(4) I came with 17 Boxes of litigation and Numerous ADA Appliences all The litigation was Collectored attack and Several of The ADA Appliences are Hand utinsils for eating and writeing

(5) I suffer from numerous alliments Most importantly Ankylosing spondylitis (a rare form of crippling Arthritis) and (Parkisons) Both cause impairment of The use of My Arms and Hands Leave Me fatuerigued and Bed ridden for extended periods makeing it extremely Difficult to prepare legal Documents

(6) upon arrivial My legal property was confiscated and Not returned until atleast

2 of 8

90 days effectively Destroying all my Collateral attack litigation Causing me to be unable to present my claims before This court

⑦ My ADA Appliences were taken or broken and Have Not been returned or replaced

⑧ My Medical Care was undermined Despite Haveing chronos for Said Care and Medical Directives from specialists and Doctors from The recieving institution including but Not limit too My Diebetic care which all My nsolin treatment has been Discontinued

⑨ My Medical Diet Discontinued placeing me at risk of Chokeing

⑩ I have been forced To adapt to The Decile of My ADA Appliences fixing My ADA spoon with a contraband Paperclip and Home made tape and plastic bag pulled nto string n order To Continue To feed My self and be able To write to Contnue to litigate for relief

3 of 8

11) P 5 of This courts order on 4/6/20 Line 21-25 stated (The tools it requires to be provided are Those That That The inmate Needs in order to attack Their Sentences either Directly or Collaterally)

12) Plaintiff Declares he was denied These tools and is being Denied Those tools

13) Plaintiff has been Denied Paper, postage copying and Certification appropiate Medical care and ADA Appliences

14) Plaintiff was forced To Commit perjury on The Trust Certification in order for This complaint to be excepted That otherwise Plaintiff would have been Denied filing Absent The perjury That No official would sign The statement

15) Plaintiff Complains said Act was performed under duress That plaintiffs Health & Safty is in danger by Defendants actions

16) Plaintiff Complains he has now Developed a Hernia according to a Doctor

4 of 7

Due to denile of his ADA Appliences That being a grabber and a 3 Tier Locker

⑰ yet when plaintiff Complained he was not getting Treatment a second Dr gave a different Diagnosis to undermine prompt Surgical intervention for Hernia

⑱ one of Numeras cases on Collatoral attack Dismissed is case 37-2018-00037606 CU-PN-CTL which involves The Conduct of My Defense Attorney and That of The Public entity (office of assigned Counsel)

⑲ The Defendants (office of Assigned Counsel) and John Does are in charge of The pro Per Services and by and Defendants in Case 37-2018-00037606-CU-PN-CTL Jackie Braden, Michael Garcia, Craig Left have Directed The San Diego County Jail to Deprive plaintiff of legal Access and pro Per access contrary to The law cited by This court on 4/6/20

⑳ The above action concerned The opinion of The court in case 215653 Appeal #

5 of 8

D074656 reversing Defendants/Plaintiffs criminal case by removing the Use of a Deadly or Dangerous weapon and reduceing his sentence

(21) Plaintiff has been raising this issue n Numeras Habeas petitions HSC 11201 of which the Court has impeded relief by Abuse of Discretion erroneous rulings changeing Case Numbers and other methods to Deny me relief I was and now am entitled too and continues to conduct itself concerning other Meritious claims concerning

Case 215653

(22) Said obstruction has prejudice my case causeing me to be unable to timely bring Motions before the Court Such as Motion to Vacate or New trial present exculpatory Discovery

(23) Finally plaintiff Complains he was found ncompetent to Stand Trial and was Denied a Developmental Disabled Hearing and That he has been being abused by his public Defender as a Dependent adult

6 of 8

who know such to be the case or should
have known and has and is causing plaintiff
to be denied treatment and possible Defense
in Mitigation

(24) At least 30 different claims have been raised
concerning obstruction and Medical Abuse all
erroneously denied contrary to law and facts
which have caused plaintiff ongoing injury
and wrongful incarceration for 13 years by
The Courts of California and its institutions
in violation of My constitutional rights

(25) even This court is and Has Discriminated
Against me and My ADA Access requests
under CRC 1.100 by simply failing to respond
or returning or refusing to follow CRC 1.100
concerning procedure for Ex parte Motion

(26) Plaintiff complains he is unable to provide
Memorandum of points and Authorities Most
likely resulting in further erroneous Denile and
continued ongoing injury of plaintiff by
Denile of relief and redress in The Court

27) Plaintiff is unable to provide Notary Service on The Defendants or ever copy for himself of This Motion

28) Plaintiff has been Denied a Shower for 120 Days Despite having personal Shower Chrono Said Defendants have attempted to force plaintiff to use public shower Despite knowing plaintiff is on auto immune suppression Therapy has isolation room chrono and is in such room with personal Shower Defendant refuse to Turn shower on.

29) Plaintiff Complains he is unable to properly Prepare This Motion with Memorandum attach supporting Documents

30) plaintiff Complains That said Continued drile of relief will only further injure plaintiffs litigation and his health possibly even causing premature Death

I Declare under penalty of perjury under The laws of The State of California The foregoing is True

4/15/20                    D.D e

8 of 8

36

Darryl Dunsmore
(Name)

1173 Front st
(Address)

San Diego Ca 92101
(City, State, Zip)

1977704l
(CDC Inmate No.)

# United States District Court
## Southern District of California

Darryl Dunsmore.
(Enter full name of plaintiff in this action.)

            Plaintiff,

v.

State of California, Gavin Newsom
San Diego County Faulconer, Bill Gore
Office of Assigned Counsel Michael
Garcia, Jackie Braden, Creig Wff
(Enter full name of each defendant in this action.)

Xavier Becerra,    John Doe Steel
           Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)

3-20-cv-00406-AJB-WVG

Case No._____
(To be supplied by Court Clerk)

**FIRST AMENDED**
Complaint under the
Civil Rights Act
42 U.S.C. § 1983

URGENT

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.

_____

## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff,

_____  Darryl Dunsmore , who presently resides at
(print Plaintiff's name)

_____
                               (mailing address or place of confinement)
1173 Front st San Diego Ca 92101 , were violated by the actions

of the below named individuals. The actions were directed against Plaintiff at San Diego
County Jail _____ on (dates) 12/15 Thru , and 4/15/20
(institution/place where violation occurred)    (Count 1)    (Count 2)    (Count 3)

ONGOING

1 of 22

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant **Gavin Newsom** resides in **California**,
  (name)  (County of residence)

and is employed as a **Governor**. This defendant is sued in
  (defendant's position/title (if any))

his/her ☑ individual ☑ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: **As Govern of The State of California**
**has enacted or Disregaurded The Const or Laws**
**Causeing injury to Plaintiff Supported Harmful Policies.**

Defendant **Bill Gore** resides in **San Diego**,
  (name)  (County of residence)

and is employed as a **Sheriff**. This defendant is sued in
  (defendant's position/title (if any))

his/her ☑ individual ☑ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: **Is sheriff of San Diego and Supported policies**
**That are Contrary to Law & Const failed to train Supervise**
**Employees Resulting in injury to Plaintiff**

Defendant **Kevin Faulconer** resides in **San Diego**,
  (name)  (County of residence)

and is employed as a **Mayor**. This defendant is sued in
  (defendant's position/title (if any))

his/her ☑ individual ☑ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: **Is Mayor of San Diego has supported policies**
**That are Contrary to Law & const failed to train**
**Supervise employees causeing injury to plaintiff.**

Defendant **Micheal Garcia** resides in **San Diego**,
  (name)  (County of residence)

and is employed as a **DIRECTOR OAC**. This defendant is sued in
  (defendant's position/title (if any))

his/her ☑ individual ☑ official capacity.  (Check one or both.)  Explain how this defendant was acting

under color of law: **Has Directed County Jail employees to**
**obstruct Court access in violation of plaintiff**
**Const Right to Meaningful access To The**
**Court**

2 of 22

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant __Xavier Beccera__ resides in __California__ ,
              (name)                                          (County of residence)
and is employed as a __Attorney General__ . This defendant is sued in
                        (defendant's position/title (if any))
his/her ☑ individual ☑ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: __Is violateing The 1972 Gilmore v Lynch monetion__
__Through fraud by failing to establish meaningful access__
__to The Court n county Jail San Diego__ .

Defendant __Jackie Brandu__ resides in __San Diego__ ,
              (name)                                          (County of residence)
and is employed as a __Pro Per Admin__ . This defendant is sued in
                        (defendant's position/title (if any))
his/her ☑ individual ☑ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: __Directed Jail employees To deny plaintiff__
__Pro Per Court Access obstructing Meaningful__
__access to Court n violation of Const__ .

Defendant __Craig Lett__ resides in __San Diego__ ,
              (name)                                          (County of residence)
and is employed as a __Public Defender__ . This defendant is sued in
                        (defendant's position/title (if any))
his/her ☑ individual ☑ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: __Is acting as counsel Despite Conflict of__
__interest in order To provide n effective assistence__
__and Deny Plaintiff Relief and protect self from liability__

Defendant __San Diego__ resides in __San Diego__ ,
              (name)                                          (County of residence)
and is employed as a __County Maricipal__ . This defendant is sued in
                        (defendant's position/title (if any))
his/her ☐ individual ☑ official capacity.  (Check one or both.)  Explain how this defendant was acting under
color of law: __Has Allowed elected officials to violate__
__The law and Const Causeing njury to plaintiff__
_____ .

3 of 22

2. <u>Defendants</u>:  (Attach same information on additional pages if you are naming more than 4 defendants.)

Defendant _____California_____ resides in _____California_____ ,
               (name)                              (County of residence)

and is employed as a _____State_____ . This defendant is sued in
                         (defendant's position/title (if any))

his/her □ individual ▣ official capacity. (Check one or both.) Explain how this defendant was acting under

color of law: Has allowed elected officials to violate

The law and const njunerry plaintiff

_____ .

Defendant _____John Doe_____ resides in _____ ,
               (name)                              (County of residence)

and is employed as a _____ . This defendant is sued in
                         (defendant's position/title (if any))

his/her ▣ individual ▣ official capacity. (Check one or both.) Explain how this defendant was acting under

color of law: _____

_____

_____ .

Defendant _____ resides in _____ ,
               (name)                              (County of residence)

and is employed as a _____ . This defendant is sued in
                         (defendant's position/title (if any))

his/her □ individual □ official capacity. (Check one or both.) Explain how this defendant was acting under

color of law: _____

_____

_____ .

Defendant _____ resides in _____ ,
               (name)                              (County of residence)

and is employed as a _____ . This defendant is sued in
                         (defendant's position/title (if any))

his/her □ individual □ official capacity. (Check one or both.) Explain how this defendant was acting under

color of law: _____

_____

_____ .

4 of 22

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated: right To Medical Care
(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

The State of California and The County of San Diego have established Policy or Law which violates Plaintiffs right To medical Care by establishing best practices policy which Contradicts existing constitutional standards and Laws UPON Transfer and Admission To San Diego County Jail My ADA Appliences were confiscated and Many have not been returned or Substituted My Medical Diet Discontinued My Diabetic insulin injections Discontinued My ADA Chronos For assistence ignored My Chrono for Personal Shower ignored Plaintiff was Placed in an Isolation Cell which plaintiff came from at California Health Care Facility Because I am on auto immune suppression Therapy High risk Medical, Totally Disabled Due To Ankylosing spondylitis and Parkisons   AtThough Their is a shower in The cell Employees under The Supervision of Bill gore Have Failed or refused To repair or Maintain Said Shower and refuse to do So even Though Plaintiff Came With Medical Directive and Chronos for Said Shower Due To on going

5-5-22

Risks of Skin Infections when plaintiff uses
Public Restrooms and showers which Jeopordize
Plaintiffs Ados immune suppression Therapy and
Can Cause The Death of Plaintiff Despite This
knowledge by employees under The Supervision
of Bill Gore have attempted to entice
Plaintiff into public showers and have
refused To Turn on Personal Shower. For
120 days Plaintiff has been Denied a Shower
and appropriate Hygiene Grievences are ignored
Internal Affairs coorespondence ignored

    UPON Arrival at San Diego County Jail
My ADA Appliences were Confiscated and
only My eating spoon was provided I
Have Hand appliences because The loss
of use of Arms and Hands with out
such appliences I need assistence To
Eat, write, Brush teeth etc or Lower
My Self To eat Like an animal

    Because My Medical Diet was Dis-
continued I was forced To use My
ADA spoon To prepare I tems to Safely
eat Because I have Dsyphia and I
am at risking of Choking on food

Count 1

I ended up Breaking my spoon and was
forced to eat like an animal for atleast
30 days Because staff could not replace my
spoon I ended up choking on my food
I pushed The emergency Button on The wall
and Discovered Said button was noperable
Broken. staff found Me choking on The floor
Assisted Me up placed Me in my Bed and
Told me if I did That again They would
Put me on suicide watch. I Complained
About My spoon broken and other Hand appliences
and They finally placed an order for Those
Items I ended up repairing My spoon
by Breaking My water pitcher Handle
using a paperclip, Homemade Tape and
Plastic Homemade string so I could
Prepare my food to Safely eat another
30 days passed and finally The replacement
spoon arrived but it was for babies
and inadequate for my use because it
was too small I am still forced to
use My repaired spoon and My Medical
Diet Denied

On several occasions I requested Assistance
Because I have Said Chrono For Daily assistance
again I was Threatened To be placed on
Suicide watch which prompted me to fix
My spoon Somehow

under The welfare and institutions code I
on a Developmentally Disabled adult and
Have Difficulty communicating and staff
under The supervision of Bill gore take
advantage of plaintiff and often abuse
him because of plaintiffs inability to
articulate his concerns for relief

Threatening me with psycotropic meds
or The rubber room because plaintiff
often has what They wish to seen tantrums
Because plaintiff is forced to act out
after suffering abuse in order to call
The Attation of a Supervisor in order to
end abuse by staff Because greivances
are ignored or Disgarded

Plaintiff came with a 3 tier locker
shelf chrono and a grabber and a
chrono Concerning restricted lifting

8 of 22

Both Items have been Denied and plantiff
Has been force to have all his Persenal Items
on The floor Said activities cause a
Tear in plaintiff Stomach of which The
Doctor stated was a lateral Hernia Reasonable
Medical Care for a lateral Hernia is prompt
Surgical intervention when plaintiff Complained
He was again Threatened with Rubber room
Then another Dr gave Different openion and
Gave me Belt to hold Stomach in Because
it Bulgeing out Belly Button Causeing
ntural pain in groin
        Said Best Practices Supported by Bill
Goore are unconstitutional and Deprive
Plaintiff of reasonable Medical Care, Deny
accountability have and are njureing plaintiff
both physically and Mentolly are a Violation
of P.C 2651, 2652, 2653, 147, 2650, 673
368, 2656 Plaintiff has made abuse Allegation
To Dr and Dr has failed To fallow
Procedure under PC 11160 and file report
Dr has failed to fallow procedure in
P.C. 2656 and return ADA Applience or
Provide Document for Petition To Court
for return of ADA Appliences

Count 2: The following civil right has been violated: _Meaningful access to_
_Court_
(E.g., right to medical care, access to courts,
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

Plaintiff is a State prisoner And has been engaged in Collateral Litigation Concerning his Sentence and entitled to Meaningful access to The Court Plaintiff was Transfered To San Diego County Jail with 17 boxes of Litigation upon arrival Sgt Sipply Confiscated all my Legal Material My ADA writeing utinsils and with held Them from me for 90 days effectivly Destroying my Collateral attack Litigation Plaintiff has complained of Obstruction of The Court for 10 years atleast by both county and state in violation of previous injunction order Gilmore V Lynch (ND oct 16 1972) in That order Defendants agreed To The injunction order Concerning Meaningful access but by Fraud have failed to perform Those duties and in fact indulged in complete Denile of plaintiff Const right to Meaningful access while in County Custody To Copying Services Mail services Legal research services Complaint forms, Habeas unless you are Deemed Pro Per only on your criminal case and only if The Court approves Denile of Trust statements in order To obtain pro per status by The Court Then Denile of Pro Per Status anyways Plaintiff was finally.

Count 3: The following civil right has been violated: ADA DISCRIMINATION

Granted relief in Appeal D074656 on
Reversal of Case 215653 acknowledging
Plaintiff has been suffering an illegal Sentence
which resulted in plaintiff Suffering a
longer sentence Then authorized

Plaintiff was Denied Timely Due process
on Remand in case D07645 for 7 years
and for 8 years Plaintiff has raised The
obstruction of Court access in case 215653
HSC 11201 as well as The illegal Sentence and
further raised it in actions to The
Dist Court. Said obstruction has injured
Case 215653 D074656 Denying plaintiff
of Due process rights he was otherwise
entitled too Motion for New trial
Motion to vacate, Motion for excul patory
Discovery, objections Etc of which no
counsel wishes to address after 13 years
Nor The Court leaving Plaintiff to
litigate for himself on collactoral attack
Elective official Bill Gore, Gavin Newsom
Xavier Becerra, Kevin Faulconer are all
aware of Plaintiffs Const right To Meaningful
access and have failed or refused to Supervise

Train, Develope policies for County facilities
According to The 1972 injunction order The
Cal Const and The united States Const have
fraudulantly mislead The Courts Concerning
Their adherence To The 1972 injunction order
inacted policies To undermine Const Due
Process rights and meaningful access To The
Courts and plaintiffs Const Habeas rights
further injuring each and every Collactoral attack
by Causeing The wrongful Dismissial of each
action That argue The meritius claim now
reconised in Case D074656

Every Habeas filed under 11201 or 215653
or other Desigated Number totaling atleast
22 State Habeas But Not Limit too

Every Civil action 37-2018  00037606
CU PN-CTL Not Limit To This case The
Defendants in Case 37-2018-00037606-CU-PN-
CTL Office of Assigned Counsel Micheal
Garcia, Gregg Leff, Jackie Braden are
under The Supervision of The elected officials
above who over see The Pro Per Services
for The Court Directed employees of
The San Diego County Sheriffs Dept to

Deny Plaintiff all legal access by order of Defendant Micheal Garcia Dir of OAC Through and by Jackie Brader of OAC The Defendents also named in This Complaint Then re assigned counsel Craig left to my re sentence case who clearly has a conflict of interest and was clearly in effective in previous sentencing which resulted in The reversal Case D074656

The Defendants Continue to obstruct My court access even Though This case is now Deemed pro per and This court has notified The watch commander of Such Denying Plaintiff The ability to Articulate This claim and most likely resulting in another Dismissial The Defendants further Denied Plaintiff his ADA Pencil or other means To correspond with The Courts Only Because Plaintiff was able to finally adapt and Construct one is plaintiff Now able to write to The Courts

15 of 22

(E.g., right to medical care, access to courts,
due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

On Arrival To The San Diego County Jail all my ADA Appliances were taken many have not been returned or replaced Plaintiff is being kept in basically administrative Segregation on The Basis of his Disibilities 24 hr 7 days a week denied all programming work opportunity, education, Yard maybe once a month, shower Hygiene Because he has Disibilities That require him do be housed in Medical room and Assistence needs Dressing etc and That he is High Risk On April 3 2020 Defendant Bill Gore Admitted in a Union Tribune Article and was notified by Contractual agencies That Best practices are harming high risk medical patients and That such actives for High risk Patients are Discriminating and yet has failed or refused To Direct order train Develope programming That does not Discriminate against High risk patient such as plaintiff Plaintiff Complains he Should be afforded The Same programming regaurdless of Houseing Furthermore The Violation by employees who Took plaintiff ADA Devises contrary to Penal Code 2656 Have Caused injury.

**D. Previous Lawsuits and Administrative Relief**

§ 1983 SD Form (Rev. 2/05)

5

16 of 22

To the plaintiff by way of a force or other
injury causing plaintiff to suffer undue physical
Pain Mental Health Trama n Violation of
P.C. 368, 2652, 2653

Bill Gore Has failed or refused to Train
supervise The Maintance of of The San Diego
County Jail emergency Button n Cell 20
3rd floor causeing plaintiff to be Denied
Prompt Medical Attation from Chokeing
which resulted from The n ability refusal
or Denile of employees under his care to
replace ADA Spoon which still has not been
replaced

Employees have failed or refused to return
or replace ADA writeing nstrument resulteing
n dismissal of Collateral attack Cases
Habeas petition, civil Litigation

Employees under Bill Gore have failed
or refused To provide ADA Toothbrush
Denying Plaintiff Dental Hygiene

Employees under Bill Gore have failed
or refused To provide ADA Shower Causeing
Plaintiff To be Denied physical Hygiene

17 of 22

for 120 days and have stopped to
jeopardize his Auto immune suppression Therapy
with use of public Showers contrary to
Medical Documentation

Employees under Bill Gore have refused
of failed to Provide ADA stuffing and
His grabber resulting n a tear n my
Stomach, Hernia or other injury and
refuse appropriate Medical attention for
injury

Employees refuse to provide ADA assistance
and have Threaten plaintiff with The
rubber room or Suicide watch for
requesting

Plaintiff is Denied Sheets for his bed
The vynal on The Bed is deteriated
soiled and is unable To be Disinfected
Plaintiff at no time has presented Himself
to be a Danger to himself or other or
used any devise To Justify The taking
of Sheets or any ADA Devise or acted
n a rude Manner to Staff To Deny him
Assistance Services

Doctors under the policy of Best practices
supported by Bill Gore are n violation of
the law and Const failing to provide
form according to PC 2656 to Address
the Court for return of Appliances refuse
to file Dependant · adult abuse reports
Concerning allegations by plaintif per
PC 11160

**(d)   GROUND FOUR:**

Cruel + unusual Punishment
Deliberate indifference

**Supporting FACTS:**

The supporting facts are outlined in Counts
1-3 Through Best practices Bill Gore
he's allowed and is allowing The Cruel +
unusual punishment of plaintiff already
resulting in injury, pain suffering Premature
Progression of pre existing conditions
Mental Anguish Despite acknowledging
Publicly That such practices have been
and are causing premature Death and
injury to high risk patients such as
Plaintiff and has failed to take
emergency actions indifferent To The
Possible Death or further injury
To plaintiff

**Did you raise GROUND FOUR in the California Supreme Court?**

☒ Yes ☐ No.

If yes, answer the following:

(1)   Nature of proceeding (i.e., petition for review, habeas petition):     All

(2)   Case number or citation:   UN AV AiLAble

(3)   Result (attach a copy of the court's opinion or order if available):

Obstruction

20 of 22

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☒ Yes ☐ No.

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: _Darryl Dunsmore_
Defendants: _OAC Michael Garcia Greg Cliff John Daley_
(b) Name of the court and docket number: _Superior court_
_____.

(c) Disposition: [ For example, was the case dismissed, appealed, or still pending?] _____
_Pending Amendment_ _____.
(d) Issues raised: _Misrepresentation fraud in effective_
_Assistance_ _____
_____
_____
_____.

(e) Approximate date case was filed: _2018_ .
(f) Approximate date of disposition: _Pending Amendment_ .

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results.   If your answer is "No", briefly explain why administrative relief was not sought. _Grievances to_
_all levels including State Claim and_
_internal affairs_ _____
_____
_____
_____
_____.

§ 1983 SD Form
(Rev. 2/05)

6

21 of 22

**E.  Request for Relief**

Plaintiff requests that this Court grant the following relief: Denying Pro Per Library access

     1.  An injunction preventing defendant(s): obstructing Meaningful access Denile of ADA Appliences Denile of reasonable Medical including prompt Surgical intervention for injuryi. to Stomach Not Repair room Shower

     2.  Damages in the sum of $ 60,000,000.00

     3.  Punitive damages in the sum of $ 66,000,000.00

     4.  Other: Trebble damages Defendants knew Plaintiff to be a Dependant adult

**F.  Demand for Jury Trial**

Plaintiff demands a trial by ☑ Jury  ☐ Court.  (Choose one.)

**G.  Consent to Magistrate Judge Jurisdiction**

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge.  The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases.  Consent to a magistrate judge will likely result in an earlier trial date.  If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐   Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☑   Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

_____
Date

_____
Signature of Plaintiff

§ 1983 SD Form
(Rev. 2/05)

7

22 of 22

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL DUNSMORE,<br>Inmate Booking No. 19777041,<br><br>                                    Plaintiff,<br><br>                    vs.<br><br>STATE OF CALIFORNIA; SAN DIEGO<br>COUNTY; SAN DIEGO SHERIFF'S<br>DEP'T; DEPARTMENT OF<br>CORRECTIONS; GORE<br>XAVIER BECCERA; ATTORNEY<br>GENERAL,<br><br>                                    Defendants. | Case No.: 3:20-cv-00406-AJB-WVG<br><br>**ORDER: (1) GRANTING MOTION<br>TO PROCEED IN FORMA<br>PAUPERIS [ECF No. 3]; AND (2)<br>DISMISSING COMPLAINT FOR<br>FAILING TO STATE A CLAIM<br>PURSUANT TO 28 U.S.C. § 1915(e)(2)<br>AND 28 U.S.C. § 1915A(b)** |

Darryl Dunsmore ("Plaintiff"), currently housed at the San Diego Central Jail located in San Diego, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) In addition, Plaintiff has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (*See* ECF No. 2.)

1    **I.     Motion to Proceed IFP**

2           All parties instituting any civil action, suit or proceeding in a district court of the

3    United States, except an application for writ of habeas corpus, must pay a filing fee. *See*

4    28 U.S.C. § 1914(a). An action may proceed despite the plaintiff's failure to prepay the

5    entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See*

6    *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a

7    prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the

8    entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28

9    U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

10          Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act

11   ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of

12   the trust fund account statement (or institutional equivalent) for . . . the six-month period

13   immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v.*

14   *King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the

15   Court assesses an initial payment of 20% of (a) the average monthly deposits in the

16   account for the past six months, or (b) the average monthly balance in the account for the

17   past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C.

18   § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then

19   collects subsequent payments, assessed at 20% of the preceding month's income, in any

20   month in which the prisoner's account exceeds $10, and forwards them to the Court until

21   the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

22          In support of his IFP Motion, Plaintiff has submitted a certified copy of his inmate

23   trust account statement.  (ECF No. 3.)  Plaintiff's statement shows that he had no

24   available funds to his credit at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing

25   that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing

26   a civil action or criminal judgment for the reason that the prisoner has no assets and no

27   means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding

28   that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

3:20-cv-00406-AJB-WVG

1   IFP case based solely on a "failure to pay . . . due to the lack of funds available to him

2   when payment is ordered.").

3       Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (ECF No. 3) and

4   assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350

5   balance of the filing fees due for this case must be collected by the San Diego County

6   Sheriff's Department and forwarded to the Clerk of the Court pursuant to the installment

7   payment provisions set forth in 28 U.S.C. § 1915(b)(1).

8   **II.     Screening of Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

9           A.     Standard of Review

10      Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-

11  answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these

12  statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of

13  it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants

14  who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28

15  U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en

16  banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C.

17  § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or

18  malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d

19  903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d

20  680, 681 (7th Cir. 2012)).

21      "The standard for determining whether a plaintiff has failed to state a claim upon

22  which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

23  Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668

24  F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th

25  Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard

26  applied in the context of failure to state a claim under Federal Rule of Civil Procedure

27  12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to

28  "contain sufficient factual matter, accepted as true, to state a claim to relief that is

1    plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation

2    marks omitted).

3        Detailed factual allegations are not required, but "[t]hreadbare recitals of the

4    elements of a cause of action, supported by mere conclusory statements, do not suffice."

5    *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-

6    specific task that requires the reviewing court to draw on its judicial experience and

7    common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-

8    unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*;

9    *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

10       B.    Plaintiff's Allegations[1]

11       Plaintiff alleges he is a "state prisoner being held in County Jail." (Compl. at 3.)

12    Plaintiff claims he has been "denied meaningful access" to the courts. (*Id.*) He further

13    claims that this denial of access has resulted in causing him to "serve a longer sentence

14    then [he] would have otherwise." (*Id.*)

15       Plaintiff is an "ADA inmate" and alleges he is "being discriminated against" and

16    "denied ADA access to all programs." (*Id.* at 4.) Plaintiff claims to be "totally disabled"

17    from Parkinson's disease. (*Id.*) Plaintiff also claims he has been "denied shower for 90

18    days." (*Id.*)

19       Plaintiff seeks injunctive relief, $60,000,000 in compensatory damages, and

20    $60,000,000 in punitive damages. (*See id.* at 7.)

21       C.    42 U.S.C. § 1983

22       Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and

23    statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d

24    1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must

25    allege two essential elements: (1) that a right secured by the Constitution or laws of the

26

27

28    [1] The Court will refer to the page numbers as they are imprinted by the court's electronic case filing
system.

1 │ United States was violated, and (2) that the alleged violation was committed by a person

2 │ acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*,

3 │ 789 F.3d 1030, 1035-36 (9th Cir. 2015).

4 │       D.    Access to Courts claims

5 │       Plaintiff's access to courts claim are far from clear but he generally alleges that he

6 │ has been denied access to the courts which purportedly led to Plaintiff "serv[ing] a longer

7 │ sentence." (Compl. at 3.)

8 │       Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518

9 │ U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other*

10 │ *grounds by Lewis*, 518 U.S. at 354. To state a claim of a denial of the right to access the

11 │ courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional

12 │ requirement derived from the standing doctrine. *Lewis*, 518 U.S. at 349. An "actual

13 │ injury" is "actual prejudice with respect to contemplated or existing litigation, such as the

14 │ inability to meet a filing deadline or to present a claim." *Id.* at 348 (citation and internal

15 │ quotations omitted). The right of access does *not* require the State to "enable the prisoner

16 │ to discover grievances," or even to "litigate effectively once in court." *Id.* at 354; *see also*

17 │ *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the

18 │ "inability to file a complaint or defend against a charge"). Instead, *Lewis* holds:

19 │     [T]he injury requirement is not satisfied by just any type of frustrated legal
20 │     claim ... *Bounds* does not guarantee inmates the wherewithal to transform
    themselves into litigating engines capable of filing everything from
21 │     shareholder derivative actions to slip-and-fall claims. The tools it requires to
22 │     be provided are those that the inmates need in order to attack their sentences,
    directly or collaterally, and in order to challenge the conditions of their
23 │     confinement. Impairment of any other litigating capacity is simply one of the
24 │     incidental (and perfectly constitutional) consequences of conviction and
    incarceration.
25 │

26 │ *Id.* at 346; *see also Spence v. Beard*, No. 2:16-CV-1828 KJN P, 2017 WL 896293, at *2-

27 │ 3 (E.D. Cal. Mar. 6, 2017). Indeed, the failure to allege an actual injury is "fatal." *Alvarez*

28 │ *v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous

1    legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

2          In addition to alleging an "actual injury," Plaintiff must also plead facts sufficient

3    to describe the "non-frivolous" or "arguable" nature of underlying claim he contends was

4    lost as result of Defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 413-14

5    (2002). The nature and description of the underlying claim must be set forth in the

6    pleading "as if it were being independently pursued." *Id.* at 417.

7          Plaintiff references an appeal but offers no specific facts as to how the actions of

8    the Defendants impeded his ability to pursue an appeal of his conviction or sentence.

9    (*See* Compl. at 3.)  Plaintiff does not allege any "actual injury" or identify any "prejudice

10   with respect to contemplated or existing litigation, such as the inability to meet a filing

11   deadline or to present a claim." *Lewis*, 518 U.S. at 348.  He does not describe the non–

12   frivolous or arguable nature of any of the underlying claims in his Complaint.  He fails to

13   contend that any action was dismissed because he was "[u]nab[le] to meet a filing

14   deadline or to present a claim," *Lewis*, 518 U.S. at 348, as the result of any act or

15   omission on the part of Defendants.

16         Accordingly, the Court finds that Plaintiff has failed to state an access to courts

17   upon which relief can be granted.

18         E.    CDCR

19         In addition, to the extent Plaintiff includes the CDCR as a named Defendant, his

20   Complaint fails to state any claim upon which § 1983 relief can be granted. *See* 28 U.S.C.

21   § 1915(e)(2)(B)(ii). This entity is not a "person" subject to suit under § 1983. *See Hale v.*

22   *State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department

23   of corrections is an arm of the state, and thus, not a "person" within the meaning of

24   § 1983.)

25         F.    Monell Liability

26         To the extent that Plaintiff names the "San Diego Sheriff's Department,"

27   ("SDSD") as a Defendant, he fails to state a claim upon which § 1983 relief may be

28   granted. Departments of municipal entities are not "persons" subject to suit under § 1983;

1  therefore, a local law enforcement agency, like the SDSD, are not proper parties. *See*

2  *Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a

3  municipal department as a defendant is not an appropriate means of pleading a § 1983

4  action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F.

5  Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who

6  violates someone's constitutional rights 'under color of law.' Cook County Jail is not a

7  'person.'").

8         "Persons" under § 1983 are state and local officials sued in their individual

9  capacities, private individuals and entities which act under color of state law, and/or the

10  local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The SDSD is a law

11  enforcement agency or department of the County of San Diego, but it is not a "person"

12  subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th

13  Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered

14  'persons' within the meaning of section 1983."); *Rodriguez v. Cnty. of Contra Costa*,

15  2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) (citing *Hervey v. Estes*, 65 F.3d 784,

16  791 (9th Cir. 1995)) ("Although municipalities, such as cities and counties, are amenable

17  to suit under *Monell [v. Dep't of Social Servs,* 436 U.S. 658 (1978)], sub-departments or

18  bureaus of municipalities, such as the police departments, are not generally considered

19  "persons" within the meaning of § 1983."); *Nelson v. Cty. of Sacramento*, 926 F. Supp.

20  2d 1159, 1170 (E.D. Cal. 2013) (dismissing Sacramento Sheriff's Department from

21  section 1983 action "with prejudice" because it "is a subdivision of a local government

22  entity," *i.e.*, Sacramento County); *Gonzales v. City of Clovis*, 2013 WL 394522 (E.D. Cal.

23  Jan. 30, 2013) (holding that the Clovis Police Department is not a "person" for purposes

24  of section 1983).

25         To the extent Plaintiff also asserts a claim against the County of San Diego itself,

26  his allegations are also insufficient. A municipal entity may be held liable under § 1983

27  only if he alleges facts sufficient to plausibly show that he was deprived of a

28  constitutional right by individually identified employees who acted pursuant to the

1   municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S.
2   274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541
3   F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously
4   liable under § 1983 simply because one of its employees is alleged to have acted
5   wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*,
6   436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a
7   tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the
8   municipality may be held liable "when execution of a government's policy or custom ...
9   inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v.*
10  *Humphries*, 562 U.S. 29, 36 (2010).
11           G.    Sheriff Gore -- Individual Liability
12           While William Gore, the San Diego County Sheriff is a "person" subject to suit
13  under § 1983, there are no specific factual allegations as to this Defendant.
14           These types of broad and conclusory allegations fail to plausibly show how, or to
15  what extent, Gore may be held individually liable for any constitutional injury. *See Iqbal*,
16  556 U.S. at 676-77; *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d
17  646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of
18  particularity overt acts which defendants engaged in" in order to state a claim). As
19  pleaded, Plaintiff plainly seeks to hold Gore liable for the acts of unidentified
20  subordinates. But "vicarious liability is inapplicable to ... § 1983 suits." *Iqbal*, 556 U.S.
21  at 676. Instead, "Plaintiff must plead that each Government-official defendant, through
22  [his] own individual actions, has violated the Constitution" in order to plead a plausible
23  claim for relief. *Id.*; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013)
24  (supervisor may be held liable under §1983 only if there is "a sufficient causal connection
25  between the supervisor's wrongful conduct and the constitutional violation") (citations
26  and internal quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.
27  1979) (when a named defendant holds a supervisorial position, the causal link between
28  the defendant and the claimed constitutional violation must be specifically alleged).

1    H.    Claims against Beccera

2    Plaintiff seeks to hold Defendant Becerra liable because he purportedly is

3 "responsible for upholding const[itution]." (Compl. at 2.) "The inquiry into causation

4 must be individualized and focus on the duties and responsibilities of each individual

5 defendant whose acts or omissions are alleged to have caused a constitutional

6 deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*,

7 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986);

8 *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of

9 course, a required element of a § 1983 claim.") A person deprives another "of a

10 constitutional right, within the meaning of section 1983, if he does an affirmative act,

11 participates in another's affirmative acts, or omits to perform an act which he is legally

12 required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v.*

13 *Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against this

14 Defendant because he has failed to allege facts regarding what actions were taken or not

15 taken by this Defendant which caused the alleged constitutional violations.

16    I.    Leave to Amend

17    Thus, for all these reasons, the Court finds Plaintiff's Complaint fails to state any

18 § 1983 claim upon which relief can be granted, and that it must be dismissed sua sponte

19 and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See*

20 *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. Because Plaintiff is proceeding

21 pro se, however, the Court having now provided him with "notice of the deficiencies in

22 his complaint," will also grant him an opportunity to fix them. *See Akhtar v. Mesa*, 698

23 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.

24 1992)).

25 / / /

26 / / /

27 / / /

28 / / /

**III.    Conclusion and Orders**

For the reasons explained, the Court:

1.    **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3);

2.    **DIRECTS** the Watch Commander, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3.    **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101;

4.    **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring

3:20-cv-00406-AJB-WVG

1 | amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does
2 | not take advantage of the opportunity to fix his complaint, a district court may convert the
3 | dismissal of the complaint into dismissal of the entire action.").

4 |      5.     The Clerk of Court is directed to mail a court approved form civil rights
5 | complaint to Plaintiff.

7 | **IT IS SO ORDERED**.

9 | Dated: April 6, 2020

Hon. Anthony J. Battaglia
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

URGENT

Motion For Civil
Contempt

Ken I. Karan, Esq.  SBN: 204843
LAW OFFICE OF KEN I. KARAN
2907 Shelter Island Drive, Ste. 105-215
San Diego, CA 92106
(760) 420-5488
Fax (866) 841-5420

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE,

          Plaintiff,

    vs.

STATE OF CALIFORNIA, COUNTY OF
SAN DIEGO, et al.,

        Defendants.

CASE NO.: 3:20-cv-00406-AJB-WVG

SECOND DECLARATION OF KEN
KARAN IN SUPPORT OF FILING
AMENDED COMPLAINT

Case Filed:   November 9, 2017
CTRM:      4A
Judge:      Hon. Anthony J. Battaglia
             United States Magistrate Judge

I, Ken Karan, declare:

1.    I am an attorney licensed to practice before all courts of the state of California, and the U.S. District Court, Southern District of California. I have personal knowledge of the following and am competent to testify thereto, except for those matters stated to be known on information and belief and as to those matters I believe them to be true.

2.    I recently provided this Court with a declaration in support of a late filing of an amended complaint by Mr. Dunsmore.

3.    I explained that I had an independent recollection of mailing Mr. Dunsmore's amended complaint to the Court. I was wrong.

4.    While moving file boxes over the weekend, I found Mr. Dunsmore's amended complaint stacked on top of one box with another box on top of that. I am at fault for not handling Mr. Dunsmore's legal papers more carefully.

1

5.      Attached as Exhibit 1 is a true and correct original of the amended complaint Mr.

Dunsmore is attempting to file. I have enclosed a self-addressed stamped envelope addressed to

Mr. Dunsmore for mailing a conformed copy of the caption to him.

6.      As I have for Mr. Dunsmore, I apologize to the Court for my error, and for the additional

effort it may take to put Mr. Dunsmore's case back on the calendar.

        I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.


Dated:  July 6, 2020                          Signed:
                                                       Ken I. Karan, Esq.

Second Declaration of Ken Karan in Support of Filing Amended Complaint
Case No.: 3:20-cv-00406-AJB-WVG