1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  DARRYL DUNSMORE,                    Case No.:  3:20-cv-00406-AJB-WVG
    Inmate Booking No. 19777041,
12                                      **ORDER:**
                            Plaintiff,
13                                      **(1) DENYING MOTION FOR CIVIL
          vs.                           CONTEMPT, MOTION TO**
14                                      **APPOINT COUNSEL, AND MOTION**
                                        **FOR TEMPORARY RESTRAINING**
15                                      **ORDER; AND**
    STATE OF CALIFORNIA; SAN DIEGO
16  COUNTY; SAN DIEGO SHERIFF'S
    DEP'T; DEPARTMENT OF               **(2) DISMISSING FIRST AMENDED**
17  CORRECTIONS; GORE                  **COMPLAINT FOR FAILING TO**
    XAVIER BECCERA; ATTORNEY           **STATE A CLAIM PURSUANT TO 28**
18  GENERAL,                           **U.S.C. § 1915(e)(2) AND 28 U.S.C.**
                                        **§ 1915A(b)**
19                          Defendants.
20

21

22

23  **I.     Procedural History**

24         On March 2, 2020, Darryl Dunsmore ("Plaintiff"), currently housed at the San

25  Diego Central Jail located in San Diego, California, and proceeding pro se, filed a civil

26  rights action pursuant to 42 U.S.C. § 1983.  (*See* Compl., ECF No. 1.)  In addition,

27  Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C.

28  § 1915(a).  (*See* ECF No. 3.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On April 6, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP and simultaneously DISMISSED his Complaint for failing to state a claim upon which relief could be granted.  (*See* ECF No. 4.)  Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*)

On July 1, 2020, Plaintiff filed his First Amended Complaint ("FAC").  (*See* ECF No. 11.)  In addition, to his FAC, Plaintiff submitted a declaration from Ken Karan[1], an attorney who declares that he personally met with Plaintiff on April 21, 2020.  (*See id.*, ECF No. 11 at 18.)  Karan declares that Plaintiff asked him to mail an amended pleading in this matter on his behalf and he "personally put the amended complaint in an envelope and mailed it to this Court with first class postage pre-paid" on or about April 22, 2020. (*Id.*)  However, he notes that a review of the Court's docket indicates that the amended complaint had not been filed.  (*Id.*)

On July 17, 2020, Ken Karan submitted a second declaration in which he indicates that he was "wrong" in his previous declaration and in fact, he had not previously mailed Plaintiff's amended pleading which he recently discovered while "moving file boxes." (Karan Decl, ECF No. 13 at 1.)  Karan attaches as an exhibit the "true and correct original of the amended complaint Mr. Dunsmore is attempting to file."  (*Id.* at 2.) Attached to Karan's second declaration was also a "Motion for Civil Contempt," "Motion for Appointment of Counsel," "Motion for Temporary Restraining Order and Preliminary Injunction," and "First Amended Complaint."  (*Id.* at 3-26.)

On July 17, 2020, Plaintiff filed a motion to strike the amended complaint filed on July 1, 2020 and requested that the Court file the First Amended Complaint ("FAC") attached to Karan's second declaration.  The Court GRANTED Plaintiff's Motion and directed the Clerk of Court to strike the amended complaint filed on July 1, 2020.

---

[1] Karan has not submitted a substitution of attorney in this matter and thus, it does not appear that Karan is representing Plaintiff in the matter before this Court.

The Clerk of Court was directed to file Plaintiff's FAC, *see* ECF No. 13 at 17-36, Motion for Civil Contempt, *see* ECF No. 13 at 3-4, Motion for Appointment of Counsel, *see* ECF No. 13 at 5-6, and Motion for Temporary Restraining Order and Preliminary Injunction, *see* ECF No. 13 at 7-16 as separate entries in the Court's docket.

## II.    Motion to Appoint Counsel

All documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). But there is no constitutional right to counsel in a civil case; and Plaintiff's FAC does not demand that the Court exercise its limited discretion to request than an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only "exceptional circumstances" support such a discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

As currently pleaded, Plaintiff's FAC demonstrates that while he may not be formally trained in law, he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103. Moreover, for the reasons discussed below, Plaintiff has yet to show he is likely to succeed on the merits of the claims.  Therefore, the Court DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 21).

/ / /

/ / /

/ / /

**III.    Screening of FAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

A.    <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Williams v. King*, 875 F.3d 500, 502 (9th Cir. 2017) (discussing 28 U.S.C. § 1915(e)(2)) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Federal Rules of Civil Procedure 8 and 12(b)(6) require a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-

unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

   B.   Plaintiff's Allegations[2]

Plaintiff claims that the "State of California and the County of San Diego have established policy or law which violates Plaintiff's right to medical care" when his "ADA appliances were confiscated" when he was transferred to the San Diego Central Jail. (FAC at 5.)   Plaintiff was placed in an "isolation cell" because he is "on auto immune suppression therapy" and is "totally disabled due to Ankylosing Spondylitis and Parkinson's." (*Id.*)

Plaintiff's cell contained a shower, which is required due to a "medical directive and chronos," but "employees under the supervision of Bill Gore" have failed to "repair or maintain said shower." (*Id.*)  Plaintiff claims using "public restrooms and showers" could "jeopardize Plaintiff's auto immune suppression therapy." (*Id.* at 6.)

Plaintiff alleges that upon "arrival at San Diego County Jail [his] ADA appliances were confiscated and only [his] eating spoon was provided." (*Id.*)  Plaintiff claims that he used this "ADA spoon to prepare items to safely eat" because Plaintiff has a medical condition that puts him at "risk of choking on food." (*Id.*)  However, Plaintiff broke this spoon and "was forced to eat like an animal for at least 30 days because Plaintiff could not replace [his] spoon." (*Id.* at 7.)  Plaintiff alleges that he "ended up choking on [his] food" and was found on his cell floor by "staff" who told Plaintiff that if he "did that again they would put [him] on suicide watch." (*Id.*)  Plaintiff claims "they finally placed an order" to replace his spoon and other "hand appliances." (*Id.*)

Plaintiff also claims he was denied access to the courts when "17 boxes of litigation" he brought with him upon his transfer to the San Diego Central Jail were "confiscated" when he arrived at the jail. (*Id.* at 10.)  As a result, Plaintiff alleges he was

---

[2] The Court will refer to the page numbers as they are imprinted by the court's electronic case filing system.

unable to pursue his "collateral attack" on his underlying criminal sentence.  (*Id.*)
Plaintiff also claims that the attorney assigned to him by the Office of Assigned Counsel
was "ineffective."  (*Id.* at 15.)

Plaintiff seeks injunctive relief, $60,000,000 in compensatory damages, and
$60,000,000 in punitive damages.  (*Id.* at 36.)

C.    42 U.S.C. § 1983

Section 1983 is a "vehicle by which plaintiffs can bring federal constitutional and
statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d
1063, 1067 (9th Cir. 2006). To state a claim under 42 U.S.C. § 1983, a plaintiff must
allege two essential elements: (1) that a right secured by the Constitution or laws of the
United States was violated, and (2) that the alleged violation was committed by a person
acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*,
789 F.3d 1030, 1035-36 (9th Cir. 2015).

D.    Supervisory Liability

Plaintiff names a number of government officials whom he claims are responsible
for violating his constitutional rights.  Specifically, Plaintiff identifies the Governor
Newsom, Mayor Faulconer, Sheriff Gore, and Attorney General Beccera as Defendants
and appears to hold them liable in their supervisory capacity.  Plaintiff makes broad
allegations that these Defendants "supported harmful policies" and "failed to train or
supervise employees."  (FAC at 2.)

However, these types of broad and conclusory allegations fail to plausibly show
how, or to what extent, these Defendants may be held individually liable for any
constitutional injury. *See Iqbal*, 556 U.S. at 676-77; *Jones v. Comm'ty Redev. Agency of
City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege
with at least some degree of particularity overt acts which defendants engaged in" in
order to state a claim). As pleaded, Plaintiff plainly seeks to hold these Defendants liable
for the acts of unidentified subordinates. But "vicarious liability is inapplicable to …
§ 1983 suits." *Iqbal*, 556 U.S. at 676. Instead, "Plaintiff must plead that each

Government-official defendant, through [his] own individual actions, has violated the Constitution" in order to plead a plausible claim for relief. *Id.*; *see also Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (supervisor may be held liable under §1983 only if there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation") (citations and internal quotation marks omitted); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (when a named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988), citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.")  A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Plaintiff offers no factual allegations to support a claim that any of these named Defendants were responsible for any specific claims Plaintiff raises in his FAC.

Thus, Defendants Newsom, Faulconer, Gore, and Becerra are DISMISSED from this action for failing to state a claim against them upon which relief may be granted.

E.    Access to Courts claims

Plaintiff's access to courts claim are far from clear but he generally alleges that he has been denied access to the courts which purportedly "effectively destroyed [his] collateral attacks" on his criminal sentence.  (FAC at 10.)

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977), *limited in part on other*

*grounds by Lewis*, 518 U.S. at 354. In order to state a claim of a denial of the right to access the courts, a prisoner must establish that he has suffered "actual injury," a jurisdictional requirement derived from the standing doctrine. *Lewis*, 518 U.S. at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348 (citation and internal quotations omitted). The right of access does *not* require the State to "enable the prisoner to discover grievances," or even to "litigate effectively once in court." *Id.* at 354; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). Instead, *Lewis* holds:

> [T]he injury requirement is not satisfied by just any type of frustrated legal claim ... *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Id.* at 346; *see also Spence v. Beard*, No. 2:16-CV-1828 KJN P, 2017 WL 896293, at *2-3 (E.D. Cal. Mar. 6, 2017). Indeed, the failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition to alleging an "actual injury," Plaintiff must also plead facts sufficient to describe the "non-frivolous" or "arguable" nature of underlying claim he contends was lost as result of Defendants' actions. *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002). The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417.

/ / /

/ / /

/ / /

Plaintiff references several case numbers but offers no specific factual allegations as to what forms the basis of these cases.[3]  There are no allegations that offer, with any specificity, the nature or description of the underlying claims. Plaintiff does not allege any "actual injury" or identify any "prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348.  More specifically, he does not describe the non–frivolous or arguable nature of any of the underlying claims in his FAC.

Accordingly, the Court finds that Plaintiff has failed to state an access to courts upon which relief can be granted.

E.   Monell Liability

To the extent Plaintiff attempts to assert a claim against the County of San Diego, his allegations are insufficient. A municipal entity may be held liable under § 1983 only if he alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. Dep't of Social Servs,* 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

---

[3]  Plaintiff has filed dozens of petitions and writs in the California Court of Appeal, Fourth Appeal District, Division 1.  Several of these matters have been filed in the last six months since Plaintiff has been housed in the San Diego Central Jail.  *See* https://appellatecases.courtinfo.ca.gov/search (website last visited July 31, 2020.)

Therefore, the claims against the County of San Diego are DISMISSED for failing to state a claim upon which relief may be granted.

F.   Public Defender

To the extent that Plaintiff names Deputy Public Defender Craig Leff, who has been appointed to represent him, *see* FAC at 3, he fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) ("[The public defender] was, no doubt, paid by government funds and hired by a government agency. Nevertheless, [her] function was to represent [her] client, not the interests of the state or county."); *Garnier v. Clarke*, 332 Fed. App'x 416 (9th Cir. 2009) (affirming district court's sua sponte dismissal of prisoner's § 1983 claims against appointed counsel).  Thus, all claims against Defendant Leff are dismissed from this action for failing to state a claim upon which relief may be granted.

G.   American with Disabilities Act

Plaintiff also invokes the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, at least twice in his FAC. (*See* FAC at 9, 10.) The ADA applies in the prison context. *See* 42 U.S.C. § 12131(1)(B); *U.S. v. Georgia* 546 U.S. 151, 154 (2006). In order to state a claim under Title II of the ADA, however, a plaintiff must allege:

> (1) he 'is an individual with a disability; (2) he 'is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;' (3) he 'was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;' and (4) 'such exclusion, denial of benefits, or discrimination was by reason of [his] disability.'

*O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1060 (9th Cir. 2007) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (quoting *Thompson v.*

*Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (per curiam)).

Plaintiff cannot pursue an ADA claim against any of the named individual Defendants because there is no individual liability under Title II. *Vinson v. Thomas*, 288 F.3d 1145 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his or] her individual capacity to vindicate rights created by Title II of the ADA ..."); *see also Heinke v. County of Tehama Sheriff's Dept.*, No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug.1, 2013). The ADA's definition of "public entity" does not include individuals. *See Hardwick v. Curtis Trailers, Inc.*, 896 F. Supp. 1037, 1038-39 (D. Or. 1995) (individual liability is precluded under ADA Title II) (citing *Miller v. Maxwell's Intern., Inc.*, 991 F.2d 583 (9th Cir. 1993)).

Moreover, Plaintiff does not allege that he was discriminated against because of his alleged disabilities.  In order to recover money damages under Title II of the ADA, the alleged discrimination must be intentional on the part of the defendants.  *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

For these reasons, Plaintiff's FAC also fails to state an ADA claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(b)(ii), § 1915A(b)(1).

H.     <u>Leave to Amend</u>

Thus, for all these reasons, the Court finds Plaintiff's FAC fails to state a § 1983 claim upon which relief can be granted, and that it must be dismissed sua sponte and in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.  Because Plaintiff is proceeding pro se, however, the Court having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

/ / /

/ / /

## IV.     Motion for Temporary Restraining Order and Preliminary Injunction

Finally, the Court considers Plaintiff's "Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 22)

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *See, e.g., Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). An  injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Moreover, "at an irreducible minimum," the party seeking immediate injunctive relief "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." *Pimentel v. Dreyfus*, 670 F.3d 1096, 1111 (9th Cir. 2012) (internal quotation marks and citation omitted)). As stated above, the Court has found that Plaintiff's FAC fails to contain a plausible claim upon which § 1983 relief can be granted, he cannot succeed on the merits, and has not shown irreparable harm. "'A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Glossip v. Gross*, __ U.S. __, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural Resources Defense Council, Inc*., 555 U.S. 7, 20 (2008)); *see also Williams v. Duffy*, No. 18-CV-06921-BLF, 2019 WL 95924, at *3 (N.D. Cal. Jan. 3, 2019) (denying prisoner's TRO based in conjunction with sua sponte screening and dismissal of complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A).

1    Accordingly, because Plaintiff has failed to state any plausible claim upon which
2    § 1983 relief can be granted in this case, and the Court lacks personal jurisdiction over
3    any of the persons he seeks to enjoin, his Motion for Temporary Restraining Order and
4    Preliminary Injunction must be DENIED.

5    **V.    Conclusion and Orders**

6          For the reasons explained, the Court:

7          1.      DENIES Plaintiff's Motion for Civil Contempt, Motion for Appointment of
8    Counsel, and Motion for Temporary Restraining Order and Preliminary Injunction.  (ECF
9    Nos. 20, 21, 22.)

10         2.      **DISMISSES** Plaintiff's FAC for failing to state a claim upon which relief
11   may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) and **GRANTS**
12   him sixty (60)  days leave from the date of this Order in which to file an Amended
13   Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended
14   Complaint must be complete by itself without reference to his original pleading.
15   Defendants not named and any claim not re-alleged in his Amended Complaint will be
16   considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner
17   & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes
18   the original."); *Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (noting that
19   claims dismissed with leave to amend which are not re-alleged in an amended pleading
20   may be "considered waived if not repled.").

21         If Plaintiff fails to file an Amended Complaint within the time provided, the Court
22   will enter a final Order dismissing this civil action based both on Plaintiff's failure to
23   state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)
24   and 1915A(b), and his failure to prosecute in compliance with a court order requiring
25   amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does
26   not take advantage of the opportunity to fix his complaint, a district court may convert the
27   dismissal o3 the complaint into dismissal of the entire action.").

28   / / /

1      3.      The Clerk of Court is directed to mail a court approved form civil rights

2   complaint to Plaintiff.

3

4   **IT IS SO ORDERED**.

5

6   Dated:  August 4, 2020

7                                                                    Hon. Anthony J. Battaglia

8                                                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28