UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, Inmate Booking No. 19777041,<br><br>               Plaintiff,<br><br>vs.<br><br>STATE OF CALIFORNIA; SAN DIEGO COUNTY; SAN DIEGO SHERIFF'S DEP'T; DEPARTMENT OF CORRECTIONS; GORE XAVIER BECCERA; ATTORNEY GENERAL,<br><br>               Defendants. | Case No.: 3:20-cv-00406-AJB-WVG<br><br>**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL** |

**I.   Procedural History**

On March 2, 2020, Darryl Dunsmore ("Plaintiff"), currently housed at the San Diego Central Jail located in San Diego, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983.  (*See* Compl., ECF No. 1.)  In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  (*See* ECF No. 3.)

On April 6, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP and simultaneously DISMISSED his Complaint for failing to state a claim upon which relief could be granted. (*See* ECF No. 4.) Plaintiff was granted leave to file an amended pleading in order to correct the deficiencies of pleading identified in the Court's Order. (*See id.*)

On July 1, 2020, Plaintiff filed his First Amended Complaint ("FAC"). (*See* ECF No. 11.) In addition, to his FAC, Plaintiff submitted a declaration from Ken Karan[1], an attorney who declares that he personally met with Plaintiff on April 21, 2020. (*See id.*, ECF No. 11 at 18.) Karan declares that Plaintiff asked him to mail an amended pleading in this matter on his behalf and he "personally put the amended complaint in an envelope and mailed it to this Court with first class postage pre-paid" on or about April 22, 2020. (*Id.*) However, he noted that a review of the Court's docket indicates that the amended complaint had not been filed. (*Id.*)

On July 17, 2020, Ken Karan submitted a second declaration in which he indicates that he was "wrong" in his previous declaration and in fact, he had not previously mailed Plaintiff's amended pleading which he recently discovered while "moving file boxes." (Karan Decl, ECF No. 13 at 1.) Karan attached as an exhibit the "true and correct original of the amended complaint Mr. Dunsmore is attempting to file." (*Id.* at 2.) Attached to Karan's second declaration was also a "Motion for Civil Contempt," "Motion for Appointment of Counsel," "Motion for Temporary Restraining Order and Preliminary Injunction," and "First Amended Complaint." (*Id.* at 3-26.)

On July 17, 2020, Plaintiff filed a motion to strike the amended complaint filed on July 1, 2020 and requested that the Court file the First Amended Complaint ("FAC") attached to Karan's second declaration. The Court GRANTED Plaintiff's Motion and directed the Clerk of Court to strike the amended complaint filed on July 1, 2020.

---

[1] Karan has not submitted a substitution of attorney in this matter and thus, it does not appear that Karan is representing Plaintiff in the matter before this Court.

The Clerk of Court was directed to file Plaintiff's FAC, *see* ECF No. 13 at 17-36, Motion for Civil Contempt, *see* ECF No. 13 at 3-4, Motion for Appointment of Counsel, *see* ECF No. 13 at 5-6, and Motion for Temporary Restraining Order and Preliminary Injunction, *see* ECF No. 13 at 7-16, as separate entries in the Court's docket.

On August 4, 2020, the Court DENIED Plaintiff's Motions for Civil Contempt, Appointment of Counsel, Temporary Restraining Order and Preliminary Injunction. *See* ECF No. 23. In addition, the Court DISMISSED Plaintiff's FAC for failing to state a claim upon which relief could be granted. *Id.* Plaintiff was granted sixty (60) days to file an amended complaint in order to correct the problems of pleading identified in the Court's Order. *See id.*

Instead of filing an amended complaint, Plaintiff has filed a "motion to stand on his Complaint and for a final order so he may appeal" which the Court liberally construes as a Motion for Voluntary Dismissal pursuant to the Fed.R.Civ.P. 41(a)(1). *See* ECF No. 29.

## II.   Motion for Final Order

The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. . . . Such a dismissal leaves the parties as though no action had been brought." *American Soccer Co., Inc. v. Score First Enterprises*, 187 F.3d 1108, 1110 (9th Cir. 1999) (citing *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (citations and footnote omitted)). Thus, because Plaintiff has notified the Court that he does not wish to pursue this matter at this time, no party has yet to be served with any valid pleading, and no answer or motion for summary judgment has yet to be filed, voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) is appropriate. *See Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532, 1534–35 (9th Cir. 1987) ("As the rule states, no action by the court is required for dismissal by notice under Rule 41(a)(1)(i). A voluntary dismissal by a plaintiff under this subsection automatically terminates the action upon the filing of the dismissal with the clerk."). "[T]he fact that [Plaintiff's] filing was named as a 'motion' does not preclude its operative effect as a notice of dismissal." *Ramirez-Ramos v. Ryan*, No.

CV188086PCTNVWJFM, 2019 WL 885624, at *6 (D. Ariz. Jan. 18, 2019), *report and recommendation adopted*, 2019 WL 859690 (D. Ariz. Feb. 22, 2019) ("Although the document filed by [plaintiff] was denominated a Motion for Voluntary Dismissal rather than a notice of dismissal as specified in Rule 41(a)(1), the Court finds this distinction to be without legal significance since the effect desired by [plaintiff] in filing the document with the Court was clearly to have his claims dismissed without prejudice."); *see also* 9 Fed. Prac. & Proc. Civ. § 2363, Voluntary Dismissal—Dismissal as a Matter of Right (3d ed.) ("It is merely a notice and not a motion, although a notice in the form of a motion is sufficient.").

### III. Conclusion and Order

For the reasons explained, Plaintiff's Motion seeking a final order, ECF No. 29, construed as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a) is **GRANTED**. This civil action also remains **DISMISSED** for the reasons set forth in Court's August 4, 2020 Order.

The Clerk of Court is directed to close the file.

**IT IS SO ORDERED**.

Dated: October 14, 2020

Hon. Anthony J. Battaglia
United States District Judge