

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DARRYL LEE DUNSMORE,

    Plaintiff - Appellant,

v.

STATE OF CALIFORNIA; et al.,

    Defendants - Appellees.

No. 20-56135

D.C. No. 3:20-cv-00406-AJB-WVG
U.S. District Court for Southern
California, San Diego

**MANDATE**

The judgment of this Court, entered July 29, 2021, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

    FOR THE COURT:

    MOLLY C. DWYER
    CLERK OF COURT

    By: Jessica Flores
    Deputy Clerk
    Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARRYL LEE DUNSMORE, Plaintiff-Appellant, v. STATE OF CALIFORNIA; et al., Defendants-Appellees. | No. 20-56135 D.C. No. 3:20-cv-00406-AJB-WVG MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted July 19, 2021**

Before:   SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

California state prisoner Darryl Lee Dunsmore appeals from the district court's order dismissing Dunmore's action alleging Americans with Disabilities Act ("ADA") and other claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of a complaint for failure to state a claim under 28

---

*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**   The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. §§ 1915A and 1915(e)(2).  *Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  We reverse and remand.

The district court dismissed Dunsmore's ADA claim because Dunsmore failed to allege facts sufficient to show that defendants intentionally discriminated against him because of his disability, and because defendants, in their individual capacities, were not liable under Title II of the ADA.  However, Dunsmore alleged that the public entity defendants, the County of San Diego and San Diego Sheriff Bill Gore, in his official capacity, were deliberately indifferent to his accommodations requests because they knew of Dunsmore's need for accommodations, refused to provide reasonable accommodations, encouraged Dunsmore to use facilities and equipment inconsistent with his accommodations and threatened Dunsmore with reprisals for requesting the accommodations.  *See* 42 U.S.C. § 12131(1)(A)-(B) (defining a public entity under the ADA as any local government or agency of a local government); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1135, 1138-39 (9th Cir. 2001) (setting forth elements of an ADA failure-to-accommodate claim; in order to recover monetary damages under the ADA, a plaintiff must show intentional discrimination; the test for intentional discrimination is deliberate indifference).  Dunsmore's allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d

1113, 1116 (9th Cir. 2012).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider Dunsmore's pro se motion for a preliminary injunction (Docket Entry No. 24) because Dunsmore is represented by counsel.

**REVERSED and REMANDED.**