RONALD LENERT, Senior Deputy (SBN 277434)
MATTHEW O'SULLIVAN, Senior Deputy (SBN 305980)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619) 531-4713; Fax: (619) 531-6005
E-mail: ronald.lenert@sdcounty.ca.gov
E-mail: matthew.o'sullivan@sdcounty.ca.gov

Attorneys for Defendants County of San Diego and William Gore

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA, GAVIN NEWSOM, SAN DIEGO COUNTY, FAULCONER, BILL GORE, OFFICE OF ASSIGNED COUNSEL, MICHAEL GARCIA, JACKIE BURDEN, CRAIG LEFF, XAVIER BECCERA, JOHN DOE,<br><br>          Defendants. | No. 20cv-0406-AJB-WVG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS COUNTY OF SAN DIEGO AND WILLIAM GORE'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Dept.:   2B - Courtroom of the Honorable William V. Gallo<br><br>[PER CHAMBERS, NO HEARING DATE REQUIRED] |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

20cv-0406-AJB-WVG

# I.    INTRODUCTION

The First Amended Complaint ("FAC") fails to present clear legal theories, fails to identify essential facts for its legal claims, and fails to provide the defendants fair notice of the wrongs allegedly committed.  Additionally, neither Sheriff Gore nor the County of San Diego are appropriate defendants for the allegations Plaintiff brings.   Finally, because Plaintiff made no attempt to exhaust administrative remedies he is precluded from pursuing his lawsuit.  For all of these reasons Defendants Gore and the County should be dismissed.

# II.    STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  It requires "each allegation must be simple, concise, and direct."  Fed.R.Civ.P., 8(d)(1).  Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed.  *McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (upholding Rule 8(a) dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "confusing," "distracting, ambiguous, and unintelligible," and "rambling").  Rule 8 "does not unlock

the doors of discovery for a plaintiff armed with nothing more than conclusions." *See Ashcroft,* 556 U.S. 662.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Leave to amend may be denied if it is clear that the deficiencies of the complaint cannot be cured by amendment. *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir. 1980).

## III.    ARGUMENT

## A.    <u>Plaintiff's Allegations Are Insufficiently Clear to Provide Defendants Notice.</u>

The FAC fails to cite any laws or legal precedent, and its allegations upon Defendants are unclear. Labeled as the first cause of action ("COA #1"), Plaintiff claims he was denied his right to medical care, without specifying what right or when the denial occurred. He asserts he requested a medical diet and specialized food preparation, but these would not be constitutionally protected rights. He discusses requests for instruments to assist writing and hygiene, and specialized shelving for book storage, but there is no reason these would be seen as medical issues. Plaintiff has failed to clearly present an alleged constitutional violation. In COA #2, he claims he was not provided meaningful access to the court, but it is not clear that any constitutional right was affected, nor when the violation occurred. He discusses that he did not have access to 17 boxes of legal files and was not given requested writing instruments. Further, he notes he has raised "the obstruction of Court access in case 215653" and "further raised it in actions to the Dist. Court," which may implicate res judicata or cause this Court to enjoin other proceedings. *See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091-92 (9th Cir. 2008). On the face of this pleading, Plaintiff cannot be permitted to proceed on the allegation as presented. In COA #3, Plaintiff claims ADA violations, but fails to present facts which would satisfy the

essential elements for such a claim.  *See Simmons v. Navajo City*, 609 F.3d 1011, 1021 (9th Cir. 2010).  He is not clear what disability he has been assigned.  Further, this circuit has held; "Inadequate medical care does not provide a basis for an ADA claim unless medical services are withheld *by reason of* a disability."  *Marlor v. Madison Cty., Idaho*, 50 F. App'x 872, 873 (9th Cir. 2002) (emphasis in original).  Plaintiff does not present sufficient factual matter to state a claim for a violation of the ADA.  Finally, in COA #4, Plaintiff claims both "cruel and unusual punishment" and "deliberate indifference."  He does not explain either theory, does not outline constitutional rights and violations, and only lists as supporting facts a "best practices policy" that results in premature death and injury.  He also indicates in this COA that he has already raised this before the California Supreme Court, which introduces further confusion, possible res judicata, and possible inadvertent enjoinder.  Plaintiff has not articulated a cognizable legal theory.

The FAC is far too unclear to put Defendants Gore and the County on notice of the legal allegations against them.  Defendants are forced to guess and speculate as to Plaintiff's claims.  Even engaging in such speculation, the facts presented cannot satisfy any estimated legal theories.  For these reasons the claims should be dismissed.

**B.    Plaintiff's Claims Must be Dismissed for His Failure to Exhaust Administrative Remedies.**

Plaintiff also appears to have failed to exhaust the administrative remedies available to him prior to engaging in this litigation.  All of the issues he complains of occurred during incarceration.  The FAC does not identify that he filed any grievances or made any other requests for any correctional facility to address these issues.  Under the Prison Litigation Reform Act, a prisoner must first exhaust available detention facility administrative remedies before bringing suit on account of events arising in the facility.  Title 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

20cv-0406-AJB-WVG

Where it is clear from the face of a plaintiff's complaint that the plaintiff did not exhaust correction facility administrative remedies, dismissal may be sought by a dispositive motion rather than by presentation of evidence. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). When the exhaustion of administrative remedies is required by federal statute, the failure to exhaust is a jurisdictional defect that prevents the district court from hearing the claim. [citations omitted]." *Morgan v. Arizona Dept. of Corrections*, 976 F. Supp. 892, 894-895 (D. Ariz. 1997). The exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Compliance is required so that the detention facility receives the "opportunity to correct its own mistakes…before it is hauled into federal court." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Because all of the allegations in the FAC relate to issues experienced during confinement, and Plaintiff has not articulated any effort to seek administrative remedies, all of the claims should be dismissed.

## C. Defendants Gore and County of San Diego Are Not Properly Named Defendants.

### 1. Sheriff Gore should be dismissed.

The FAC does not allege that Sheriff Gore had any involvement with Plaintiff, or had any knowledge of his medical condition and/or complaints. It alleges that there was a failure to train the correctional staff, but makes no allegation that Sheriff Gore personally participated in any training of the deputies. "Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Supervisors cannot be held personally liable under section 1983 for constitutional deprivations allegedly caused by their subordinates absent their participation in or specific issuance of directions regarding the alleged deprivation. *Ybarra v. Reno Thunderbird Mobile Homes Village*, 723 F.2d 675, 680 (9th Cir. 1984). Even if a prison official should have been aware of the risk, if he "was not, then [he] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

- 4 -

1    Plaintiff's general allegations about Sheriff Gore's connection to a 'best practices

2  policy' is insufficient for liability. *See, e.g., Guerrero v. Cty. of Alameda,* 2018 WL

3  4680183, at *2 (N.D. Cal. Sept. 28, 2018) ("[H]igh-level allegations regarding a

4  supervisor's oversight responsibilities [a]re insufficient to state a claim under a

5  supervisor-liability theory."); *Buckley v. Cty. of San Mateo*, 2017 WL 3394747, at *2

6  (N.D. Cal. Aug. 8, 2017) ("So it is insufficient for a plaintiff to allege only that

7  supervisors knew about the constitutional violation and that they generally created

8  policies and procedures that led to the violation, without alleging 'a specific policy' or 'a

9  specific event' instigated by them that led to the constitutional violation.")

10  Nor does the FAC present sustainable legal theories against Sheriff Gore in an

11  official capacity. A lawsuit against a county official in his official capacity is but a

12  lawsuit against the County itself. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985);

13  *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996). Therefore, it is unnecessary to

14  name as defendants both the entity and the official capacity defendant. *Vance v. County*

15  *of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996). "If individuals are being sued in

16  their official capacity as municipal officials and the municipal entity itself is also being

17  sued, then the claims against the individuals are duplicative and should be dismissed."

18  *Id*. As such, Plaintiff's claims against Sheriff Gore in his official capacity must be

19  dismissed or stricken as duplicative.

20  Finally, even if the FAC could be perceived as presenting legal claims against

21  Sheriff Gore, he is protected by qualified immunity. Section 1983 affords qualified

22  immunity to government actors if either (1) the plaintiff's facts do not establish the

23  violation of a constitutional right, or, (2) the right was not clearly established at the time

24  of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Lal v.*

25  *California*, 746 F.3d 1112, 1116 (9th Cir. 2014). Here, even if Plaintiff sufficiently

26  pleaded a constitutional violation, he has failed to sufficiently plead that such right was

27  clearly established at the time of the alleged misconduct. Sheriff Gore is entitled to

28  dismissal at the pleadings stage. *See Wood v. Moss*, 572 U.S. 744, 757 ("The doctrine of

qualified immunity protects government officials from liability for civil damages 'unless a plaintiff *pleads facts* showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'") (quoting *Aschroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (emphasis added)).

### 2.    The County of San Diego should be dismissed.

The FAC does not present any legal theories of liability against Defendant County of San Diego.  Plaintiff brings all claims under § 1983[1].  Under § 1983 a local government entity cannot be held vicariously liable for the acts of their employees. *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Webb v. Sloan*, 330 F.3d 1158, 1163-64 (9th Cir. 2003).  Liability only attaches where the municipality itself causes the constitutional violation through "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy."  *Id*.  A municipality may be held liable for a federal civil rights violation *only* if a municipal policy or custom directs the commission of a constitutional violation. *Monell v. NY. City Dep 't of Soc. Servs.* 436 U.S. 658, 694 (1978).  Here, Plaintiff only mentions a 'best practices' which was followed in County jails, asserting that it somehow affected his medical care.  The allegations and descriptions of the FAC are insufficient, and the County should be dismissed as a defendant.

### D.    The FAC Alleges Insufficient Facts to Maintain a Claim of Deliberate Indifference to Medical Needs.

COA #1 is identified as a § 1983 claim for violation of a right to medical care. Presuming this is a claim of deliberate indifference to medical needs, a plaintiff must establish two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992).  Plaintiff asserts a legal conclusion that he had a serious medical need without

---

[1] Plaintiff does not, and cannot, pursue state claims.  In California, the presentation of a claim to a public entity is a prerequisite to maintaining a lawsuit against that entity or its employees.  Cal. Gov't Code § 945.4.  It must be filed within six months of the incident.  Cal. Gov't Code § 911.2.  The complaint must allege claim presentation. *Chase v. State of California*, 67 Cal.App.3d 808 (1977).

20cv-0406-AJB-WVG

providing any factual support.  Such conclusory allegations—as a matter of law—fail to state a claim.  *Transphase Sys., Inc*, 839 F. Supp. at 718.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

Nor does Plaintiff show that any defendant was sufficiently indifferent.  A claim for indifference to medical needs must be substantial; a constitutional violation is not established by negligence or "an inadvertent failure to provide adequate medical care[.]" *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Anthony v. Dowdle*, 853 F.2d 741, 743 (9th Cir. 1988).  Plaintiff's allegations he was bereft of ADA utensils to assist with how he ate and performed hygiene do not on their face establish a serious medical need. *Estelle,* 429 U.S. at 105-06.  His allegations of needing specialized shower access are even less clear.  An inmate has a "serious" medical need if the failure to treat the condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Conn v. City of Reno*, 591 F.3d 1081, 1095 (9th Cir. 2010), *cert. granted, judgment vacated sub nom. City of Reno, Nev. v. Conn*, 563 U.S. 915 (2011), and *opinion reinstated*, 658 F.3d 897 (9th Cir. 2011).  Nor can Plaintiff support a constitutional violation from his allegation of unanswered intercom calls.  *See Beliveau v. Caras,* 873 F. Supp. 1393, 1395-96 (C.D. Cal. 1995); *see also Ileto v. Glock Inc.,* 349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law cast in the form of factual allegations).

**E.**    **The FAC Alleges Insufficient Facts to Maintain a Claim That Plaintiff Was Prevented Meaningful Access to the Court.**

COA #2 asserts that Plaintiff's constitutional right to meaningful access to the court was violated.  While this appears directed at Defendant County, Plaintiff also references time he spent in state prison, and has also named the State of California as a defendant.  Plaintiff provides no dates or timeframes for his various incarcerations, nor when the alleged violations occurred, making the allegation as to Defendant County impermissibly unclear.

- 7 -

Plaintiff seems to argue an entitlement to legal files (stored within his jail cell?), to specialized shelving, and to instruments to assist with his writing. He does not articulate how any of these would form a constitutional violation. The Supreme Court has never granted an abstract, freestanding right to a specific legal resource. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The Ninth Circuit has held; "The scope of the right of access to the courts is quite limited" and only requires that prisoners be given "'the minimal help necessary' to file legal claims." *Madrid v. Gomez*, 190 F.3d 990, 995 (9th Cir. 1999) (quoting *Lewis v. Casey*, 518 U.S. 343, 360 (1996). Plaintiff fails to provide sufficient facts or a sufficient legal theory in order to maintain this claim against Defendants County or Gore.

## F.    The FAC Alleges Insufficient Facts to Maintain a Claim for a Violation of the ADA.

It is presumed that COA #3 asserts an ADA claim against Defendant County. To state such a claim, a plaintiff must articulate four elements, including his established disability, that he was discriminated against by the public entity, and that such discrimination was by reason of his disability. *See Simmons v. Navajo City*, 609 F.3d 1011, 1021 (9th Cir. 2010). The ADA does not prohibit "inadequate treatment for disability." *See Simmons*, 609 F.3d at 1022 (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996)). There must be evidence of discriminatory intent, allegations that a defendant denied "health medication and did not immediately provide [ ] medically necessary care . . . do not state a claim under the ADA." *Wilkey v. City of Orange*, 295 F.Supp.3d 1086, 1093 (C.D. Cal. 2017). A defendant does not violate the ADA by failing to attend to the medical needs of disabled prisoners. *Figueira v. Cty. of Sutter*, 2015 WL 6449151, at *9 (E.D. Cal. Oct. 23, 2015); *Brown v. Brown*, 2015 WL 2374284, at *6 (E.D. Cal. May 18, 2015) ("[T]he underlying allegations appear related solely to the medical care Plaintiff was provided, and the treatment, or lack of treatment, concerning Plaintiff's medical conditions does not provide a basis upon which to impose liability under the ADA."). "Simply alleging a need for services is not enough. [A plaintiff] must

plausibly allege that he was denied benefits or programs, or discriminated against, because of a disability." *Arreola v. Cal. Dep't of Corr. & Rehab.*, 2017 WL 1196802, at *2 (N.D. Cal. Mar. 31, 2017)

The facts asserted in the FAC do not meet any of these standards. Plaintiff claims he was not provided instruments to assist his writing, was not provided an instrument to help him retrieve items in his cell (a "grabber"), and not provided specialized shelves inside one (or all) of his cells. Among his claims, he makes no assertion that he was a victim of "intentional discrimination on the part of" the County of San Diego tied to his disability. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir.2001); *see also Marlor v. Madison Cty., Idaho*, 50 F. App'x 872, 873 (9th Cir. 2002) ("Inadequate medical care does not provide a basis for an ADA claim unless medical services are withheld *by reason of* a disability.") (emphasis in original).

## IV. CONCLUSION

The FAC fails to present legal theories or articulate sufficient facts to satisfy the standards of Federal Rules of Civil Procedure 8 and 12(b)(6) as it pertains to Defendants Gore and County of San Diego. Plaintiff is also barred from suit against them after failing to exhaust administrative remedies. And in all cases, neither Sheriff Gore nor the County of San Diego are appropriate as named defendants. The FAC should be dismissed as to Defendants Gore and the County of San Diego without leave for further amendment.

Respectfully submitted,

DATED: November 3, 2021          Office of County Counsel

By: s/RONALD LENERT, Senior Deputy
Attorneys for Defendants County of San Diego
and William Gore
E-mail: ronald.lenert@sdcounty.ca.gov

- 9 -

20cv-0406-AJB-WVG