GAY C. GRUNFELD (121944)
VAN SWEARINGEN (259809)
PRIYAH KAUL (307956)
ERIC MONEK ANDERSON (320934)
**ROSEN BIEN GALVAN & GRUNFELD LLP**
101 Mission Street, Sixth Floor
San Francisco, CA  94105-1738
Tel: 415.433.6830
Fax: 415.433.7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com

AARON J. FISCHER (247391)
**LAW OFFICE OF
AARON J. FISCHER**
2001 Addison Street, Suite 300
Berkeley, CA  94704-1165
Tel: 510.806.7366
Fax: 510.694.6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG (163319)
ISABELLA NEAL (328323)
OLIVER KIEFER (332830)
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel: 619.699.2700
Fax: 619.699.2701
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

BARDIS VAKILI (247783)
JONATHAN MARKOVITZ (301767)
**ACLU OF SAN DIEGO AND IMPERIAL COUNTIES**
2760 Fifth Avenue, Suite 300
San Diego, CA  92103-6330
Tel: 619.232.2121
bvakili@aclusandiego.org
jmarkovitz@aclusandiego.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA, GAVIN NEWSOM, SAN DIEGO COUNTY, FAULCONER, BILL GORE, OFFICE OF ASSIGNED COUNSEL, MICHAEL GARCIA, JACKIE BURDEN, CRAIG LEFF, XAVIER BECCERA, JOHN DOE,<br><br>　　　　　Defendants. | CASE NO. 3:20-CV-00406-AJB-WVG<br><br>***EX PARTE* APPLICATION FOR (1) PERMISSION TO FILE MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; AND (2) EXTENSION OF TIME TO RESPOND TO MOTION TO DISMISS**<br><br>Crtrm: 4A (4th Floor)<br>Judge: Hon. Anthony J. Battaglia<br><br>Complaint Filed: 3/2/2021<br>FAC Filed:　　　7/23/2021 |

CASE NO. 3:20-CV-00406-AJB-WVG

Pursuant to Federal Rule of Civil Procedure 6(b), and Chambers Rules II(C) and III, and in light of the recent retention of legal counsel, Plaintiff Darryl Dunsmore ("Plaintiff") hereby submits this *Ex Parte* Application (the "Application"), respectfully seeking an order (1) permitting Plaintiff to file a motion for leave to file an amended complaint by February 4, 2022, and (2) extending the time to respond to the Motion to Dismiss the First Amended Complaint filed by Defendants County of San Diego and William Gore (the "Motion to Dismiss") until twenty-one days after Plaintiff's Motion for Leave to Amend is decided (if such a response is necessary in light of the Court's ruling on Plaintiff's motion for leave to file an amended complaint).

As explained below in Section I, prior to filing this application Plaintiff's counsel contacted and conferred with counsel for Defendants the County of San Diego and William Gore, who have not informed Plaintiff's counsel that Defendants intend to oppose this application.

## I.  BACKGROUND

Plaintiff, proceeding *pro se*, filed the Complaint in this action on March 2, 2020 alleging inadequate medical care, denial of access to the courts, and violations of the Americans with Disabilities Act ("ADA"). *See* Compl., Dkt. No. 1. On July 23, 2020, Plaintiff filed a First Amended Complaint ("FAC") alleging inadequate medical care, denial of access to the courts, overuse of isolation, an inadequate grievance system, inadequate safety and security measures, improper suicide precautions, misuse of safety cells for punishment, and violations of the Americans with Disabilities Act ("ADA") including lack of programming, educational opportunities, yard access, and shower facilities as well as confiscation of assistive devices and denial of reasonable accommodations. Dkt. No. 19. Plaintiff alleged that the violations of his rights stemmed from unlawful policies and practices as well as failures to supervise and train staff. *See id.*

| | |
|---|---|
| 1 | On August 4, 2020, this Court dismissed Plaintiff's First Amended Complaint pursuant to 28 U.S.C. 1915e(2) and 28 U.S.C. 1915A(b). Dkt. No. 23. On August 23, 2020, the United States Court of Appeals for the Ninth Circuit reversed and remanded, finding Plaintiff's allegations "'are sufficient to warrant ordering [defendants] to file an answer.'" Dkt. No. 46 (citing *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012). Defendants the County of San Diego and William Gore (collectively, "Defendants"), the only Defendants who have appeared in this case, subsequently moved to dismiss the FAC on November 3, 2021. Dkt. No. 64. Plaintiff's response to the Motion to Dismiss is currently due on January 10, 2022. Dkt. No. 65. |

On December 8, 2021, Plaintiff retained counsel to represent him in this matter. *See* Young Decl. ISO *Ex Parte* Application ("Young Decl."), ¶ 3; *see also* Dkt. Nos. 66-73 (Notices of Appearance). With the assistance of counsel, Plaintiff intends to seek the Court's permission to file an amended complaint in this action, which will (1) remove certain Defendants and potentially add others, (2) remove Plaintiff's claim for damages, (3) add additional claims and plaintiffs, and (4) add class-based allegations seeking injunctive relief. *See id.* at ¶ 4. Plaintiff anticipates being prepared to file a Motion for Leave to Amend, with a proposed Second Amended Complaint ("SAC") as required by Local Civil Rule 15.1, not later than February 4, 2022. *See id*. Plaintiff accordingly seeks an order setting a deadline for Plaintiff to file a Motion for Leave to Amend by that date, as well as an extension of time to respond to the currently-pending Motion to Dismiss until twenty-one days after the Motion for Leave to Amend is decided, if still necessary.

On December 9, 2021, Plaintiff's counsel contacted Defendants' counsel to meet and confer with respect to the relief requested in this Application. *Id.* at ¶ 5. A copy of the meet and confer letter sent the same day is attached to the Young Declaration as Exhibit 1. *See id.* at Ex. 1. On December 13, 2021, Plaintiff's counsel and Defendants' counsel corresponded further by phone and email, the upshot of

1  which is that Defendants' counsel has not informed Plaintiff's counsel as to its
2  position on whether to consent to the relief requested herein. *See id.* at ¶ 7. A copy
3  of this email correspondence is attached to the Young Declaration as Exhibit 2. *See*
4  *id.* at Ex. 2.
5      Plaintiff has requested a continuance from this Court only once before, when
6  he moved for an extension of time to file his FAC on June 22, 2020. Dkt. No. 8. The
7  Court granted Plaintiff's request at that time. *See* Order, Dkt. No. 9. As set forth
8  below, good cause exists to extend Plaintiff's time to respond to the Motion to Dismiss
9  so that Plaintiff may file a motion for leave to file an amended complaint.

10  **II.   LEGAL STANDARD**
11      "Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, the court
12  may grant an extension of time for 'good cause' if the moving party requests the
13  extension before the applicable deadline expires." *Oliver v. Babcock*, No. 2:12-CV-
14  2831, 2013 WL 2190176, at *1 (E.D. Cal. May 20, 2013) (quoting Fed. R. Civ. P.
15  6(b)(1)(A)). When a party has recently obtained new counsel, courts routinely grant
16  extensions of time to allow counsel to familiarize themselves with the case. *See*
17  *POGA MGMT PTNRS LLC v. Medfiler LLC*, No. C 12-06087, 2014 WL 6893778, at
18  *3 (N.D. Cal. Dec. 5, 2014).

19  **III.  ARGUMENT**
20      **A.   Good Cause Exists to Grant Plaintiff a Brief Extension**
21      Plaintiff's Application requests an extension of time in which to respond to the
22  Motion to Dismiss until after Plaintiff's anticipated Motion for Leave to Amend can
23  be decided. Good cause exists to grant the extension because (1) Plaintiff's new
24  counsel have only recently been retained, (2) additional time will avoid wasting the
25  judicial resources required to decide a motion that will be rendered moot by a second
26  amended complaint should leave to amend be granted, and (3) Plaintiff has diligently
27  prosecuted this action.
28

1       First, good cause exists to grant Plaintiff's requested extension because doing so will allow his new counsel time to familiarize themselves with the facts of Plaintiff's case and to further investigate and fully articulate his claims. Courts regularly grant extensions of time under similar circumstances. *See, e.g., POGA MGMT PTNRS LLC*, 2014 WL 6893778, at *3 (granting extension of time "to allow [plaintiff's] new counsel time to familiarize himself with this case and prepare a response to Defendants' counterclaims and motion for summary judgment."); *Oliver*, 2013 WL 2190176, at *1 (finding good cause to grant respondent's third and fourth requests for an extension of time to file a responsive pleading in a case with newly-appointed counsel where "[e]ach request sought a limited period of time in which to respond for very specific reasons."); *Lukasian House, LLC v. Ample Int'l Inc.*, No. CV-116449, 2012 WL 13012432, at *2 (C.D. Cal. Feb. 24, 2012) (noting that the court previously granted defendants' new counsel's *ex parte* request for extension of time). Plaintiff's attorneys were only retained on December 8, 2021, and therefore require an extension in order to sufficiently meet with Plaintiff and prepare a proposed SAC and Motion for Leave to Amend.

        Second, granting the extension requested by Plaintiff would likely avoid the needless waste of judicial resources which would otherwise be required to decide the pending Motion to Dismiss. As discussed above, Plaintiff intends to seek the Court's leave to file an amended complaint that (1) removes certain defendants and potentially adds others; (2) removes his claim for damages; (3) adds additional named plaintiffs; and (4) adds class allegations seeking injunctive relief. "Requests for leave should be granted with 'extreme liberality.'" *Moss v. U.S. Secret Service*, 572 F.3d 962, 972 (9th Cir. 2009) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Accordingly, Plaintiff believes it likely that he will be able to show on a motion that he should be granted leave to file an amended complaint. However, Plaintiff's new counsel will not be able to do so before the current deadline to respond to the pending Motion to Dismiss, as they have only recently been retained and are

1  working with Plaintiff to include additional named plaintiffs and class allegations.
2  Young Decl., ¶ 3.  Plaintiff wishes to drop his demand for damages, and counsel are
3  diligently working with Plaintiff to remove the majority of named Defendants in this
4  action and to consider naming other Defendants, as appropriate.  Young Decl., ¶ 4.
5  Requiring Plaintiff to respond to the Motion to Dismiss, which would be mooted if
6  the Court grants leave to file a Second Amended Complaint, would unnecessarily
7  drain the resources of both the Court and the Parties.
8        Finally, despite the fact that Plaintiff has thus far been proceeding in this action
9  on a *pro se* basis, he has made every attempt to move his lawsuit along and has
10 diligently represented himself to the best of his abilities.  Plaintiff is an incarcerated
11 individual with no legal training who suffers from developmental, mental, and
12 physical disabilities. Young Decl., ¶ 2.  As such, it is difficult for Plaintiff to navigate
13 the legal system.  Notwithstanding this fact, Plaintiff has done everything in his power
14 to ensure the success of his claims.  Plaintiff has consistently complied with Court
15 deadlines, has filed several motions, won an appeal to the Ninth Circuit, and has
16 sought to correct any issues with his various filings, including by filing the FAC after
17 his original Complaint was dismissed.  *See Jimenez v. R. Sambrano*, No. 04-CV-1833,
18 2009 WL 937042, at *2 (S.D. Cal. Apr. 6, 2009) (finding, in the context of a motion
19 to amend a scheduling order, that plaintiff had been diligent, as evidenced by "a long
20 history of timely filings and requests from Plaintiff as to status and disposition of
21 motions and other proceedings.").
22       Accordingly, good cause exists to permit Plaintiff to file a Motion for Leave to
23 Amend by February 4, 2022 and to briefly extend the deadline for Plaintiff to respond
24 to the Motion to Dismiss until after Plaintiff's anticipated Motion for Leave to Amend
25 can be decided.

26 **IV.  CONCLUSION**

27       For the foregoing reasons, Plaintiff respectfully requests that this Court (1)
28 permit him to file a Motion for Leave to Amend by February 4, 2022; and (2) grant

him an extension of time to respond to the Motion to Dismiss until twenty-one days after his Motion for Leave to Amend is decided, if still necessary.

Respectfully submitted,

Dated:  December 14, 2021

**DLA PIPER LLP (US)**

By: */s/Christopher M. Young*
    CHRISTOPHER M. YOUNG
    ISABELLA NEAL
    OLIVER KIEFER

**ROSEN BIEN GALVAN & GRUNFELD LLP**
    GAY C. GRUNFELD
    VAN SWEARINGEN
    PRIYAH KAUL
    ERIC MONEK ANDERSON

**LAW OFFICE OF AARON J. FISCHER**
    AARON J. FISCHER

**ACLU FOUNDATION OF SAN DIEGO & IMPERIAL COUNTIES**
    BARDIS VAKILI
    JONATHAN MARKOVITZ

*Attorneys for Plaintiff*