**LOTZ DOGGETT & RAWERS, LLP**
**LAUREN E. HARDISTY, ESQ. (SBN 258531)**
101 West Broadway, Suite 1110
San Diego, California 92101
Telephone: (619) 233-5565
Facsimile: (619) 233-5564

Attorneys for Defendant, LOGAN HAAK, M.D.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOENER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO GORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROGATION DEPARTMENT and DOES 1 TO 20, inclusive, <br><br> Defendants. | **CASE NO.: 3:20-cv-00406-AJB-WVG** <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LOGAN HAAK, M.D.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND EACH CAUSE OF ACTION THEREIN** <br><br> **Jury Trial Demanded** <br><br> Judge: Hon. Anthony J. Battaglia <br> Mag. Judge: Hon. William V. Gallo <br><br> **NO HEARING DATE IS REQUIRED PER CHAMBER RULES** <br><br> **NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LOGAN HAAK, M.S.'S MOTION FO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
3:20-CV-00406-AJB-WVG

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant, LOGAN HAAK, M.D., hereby submits this memorandum of points and authorities in support of his Motion to Dismiss the First, Second, Third, Fourth, and Eighth causes of action against him pursuant to Rule 12(b)(g) of the Federal Rules of Civil Procedure.

## I.

## INTRODUCTION

Plaintiff, Daryl Dunsmore, filed his complaint on March 2, 2020, against a number of defendants. [ECF1]  A First Amended Complaint was filed on July 23, 2020. [ECF 19] Dr. Haak was not included in either complaint.  A Second Amended Complaint was filed on February 9, 2022, by multiple defendants and included Dr. Haak as a defendant. [ECF 81]  The Second Amended Complaint ("SAC") was filed as class action seeking declaratory and injunctive relief.

The SAC attempts to include Dr. Haak in a variety of allegations that are at odds with the specific allegations against him.  Dr. Haak is an Ophthalmologist who provides vision care to incarcerated individuals in San Diego through a contract with the County of San Diego.  The ophthalmology clinics are scheduled by the Sheriff's Department and inmates must be authorized or referred by the Sheriff's Department. [ECF 81, SAC, ¶35]  "LOGAN HAAK must provide services to patients referred by the SHERIFF'S DEPARTMENT, and must do so in accordance with the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LOGAN HAAK, M.S.'S MOTION FO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
3:20-CV-00406-AJB-WVG

-2-

SHERIFF'S DEPARTMENT's policies and procedures. [ECF 81, SAC, ¶41] Plaintiffs further claim that "[b]y policy and practice, COUNTY DEFENDANTS and LOGAN HAAK fail to timely provide eyeglasses to incarcerated people who require them." [ECF 81, SAC, ¶107]

Further, Dr. Haak only treated Plaintiff EDWARDS. None of the other Plaintiffs had issues relating to vision. The SAC contains the following allegations as it relates to EDWARDS: "Separately, an ophthalmologist recommended EDWARDS receive cataract surgery for glaucoma and deteriorating vision, but the Jail later refused to cover any such surgery. There was a lengthy two-month delay between medical staff becoming aware of EDWARDS' need for surgery and informing him that the surgery would not be offered. In approximately October 2021, EDWARDS was scheduled to see an eye specialist but he was not able to attend due to the Jail refusing to provide him a cane or other mobility assistance to attend the appointment due to his severe back pain." [ECF 81, SAC, ¶110] It is clear from these allegations that any failure to provide care is not the fault of Dr. Haak. Further, as alleged in the SAC, Dr. Haak sees patients in the jail. He does not perform surgery on these patients. Obviously, he cannot perform surgery in a jail setting.

## II.

## **LEGAL STANDARD FOR DISMISSAL**

A. <u>Dismissal When No Factually Plausible Claim Is Stated</u>

A Rule 12(b)(6) motion tests whether a plaintiff's claims are legally sufficient. See Fed.R.Civ.P. Rule 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (2001). Dismissal is appropriate when the complaint fails to allege a cognizable legal theory or sufficient facts to support such a theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533 (9th Cir. 1984). Under Federal Rule of Civil Procedure, rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relieve," and although Rule 8 "does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). "[T]he tenet a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. at 678. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Id*. at 679. Also, the court is not obliged to "accept as true allegations that contradict matters properly subject to a judicial notice or by exhibit" or those which are "merely conclusory," require "unwarranted deductions" or "unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) [citation omitted], amended on other grounds, 275 F.3d 1187 (9th Cir. 2001); see also *Ileto v.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LOGAN HAAK, M.S.'S MOTION FO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAIT
3:20-CV-00406-AJB-WVG

-4-

*Glock Inc.*, 3349 F.3d 1191, 1200 (9th Cir. 2003) (court need not accept as true unreasonable inferences or conclusions of law in the form of factual allegations.) To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, which when taken as true, demonstrates the claim is "plausible on its face." *Ashcroft*, 556 U.S. at 678.

> "A claim as facial plausibility" the court explained, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 128 S. Ct. at 1949.

In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content," and reasonable inferences from the content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.*

B. <u>Each Defendant's Conduct Is to Be Individually Evaluated</u>

Under section 1983 jurisprudence there is no vicarious or group liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Palmer v. Sanderson*, 9 F.3d 1433, 1437-1438 (9th Cir. 1993); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Similarly, under state tort law there is no vicarious liability. Cal. *Gov't Code* §820.8. Where there are multiple defendants, the inquiry into causation and liability is individualized and focused upon the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused constitutional

deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

## III.

## THE FIRST CAUSE OF ACTION FOR FAILURE TO PROVIDE ADEQUATE *MEDICAL* CARE; VIOLATIONS OF THE 8TH AND 14TH AMENDMENTS OF U.S. CONSTITUTION AND ARTICLE 1, SECTIONS 7 AND 17 OF THE CALIFORIA CONSTITUTION AND FOURTH CAUSE OF ACTION FOR FAILURE TO ENSURE ADEQUATE ENVIRONMENTAL HEALTH AND SAFETY CONDITIONS: VIOLATION OF THE 8TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTIONS 7 AND 17 OF THE CALIFORNIA CONSTITUTION

Plaintiffs claim Defendants generally failed to provide adequate medical care or a safe environment and have been deliberately indifferent. The allegations specifically related to Dr. Haak are set forth above. The allegations do not establish a cause of action against Dr. Haak for either.

As it relates to Dr. Haak, the SAC alleges that Mr. Edwards was unable to obtain cataracts surgery as a result of the jail policies and procedures. It further claims that Dr. Haak is subject to the jail policies and procedures and the Sheriff's Department was responsible for failing to provide Mr. Edwards with approval for surgery or the ability to be seen by Dr. Haak. There are no allegations that Dr. Haak is responsible for the failure to provide ophthalmology services or that the services rendered were below the standard of care. There are no allegations that any of the other Plaintiffs treated with Dr. Haak. There are no allegations that Dr. Haak provided care and treatment to any of the other Plaintiffs or failed to provide

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LOGAN HAAK, M.S.'S MOTION FO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAIT
3:20-CV-00406-AJB-WVG

-6-

treatment to any other Plaintiff or inmate. The SAC also clearly establishes that Dr. Haak has no ability to provide or control the health or safety conditions of the inmates.

For purposes of a claim against an individual for deliberate indifference to serious medical needs, the claim arises from the Eighth Amendment which proscribes jail officials from denying, delaying or interfering with prisoners' receipt of medical care for known serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). The Eighth Amendment sets the standard for evaluating both convicted prisoners' and pretrial detainees' claims of being denied medical care. *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Eighth Amendment liability, however, attaches only if the denial, delay or interference resulted from jail personnel's deliberate indifference to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. at 104-105.

> "A determination of 'deliberate indifference' involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. 'Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amount to an Eighth Amendment violation only if those needs are 'serious." [citations omitted] A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' [citation omitted]." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) [partially overruled on unrelated issue concerning appeal of dismissals without prejudice – *WMX Tech, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)]. For deliberate indifference the evidence must show that the

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LOGAN HAAK, M.S.'S MOTION FO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
3:20-CV-00406-AJB-WVG

-7-

defendant acted purposefully acted or failed to act so as to deny, delay, or interfere with the prisoner's receipt of care for the serious medical condition. *McGuckin v. Smith*, 274 F.2d at 1060.

An individual acts with deliberate indifference only if the person acts with a "culpable" state of mind, such that he or she "knows of and disregards an excessive risk to inmate health and safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). It is not enough that the individual was 'aware of the facts from which the indifference could be drawn that a substantial risk of serious harm exists, he must also draw that inference." *Farmer v. Brennan*, 511 U.S. at 837. If the individual should have known about the risk but was not, then the person has not violated the Eighth Amendment no matter how severe the risk. *Jeffers v. Gomez*, 267 F.3d 895, 914 (9th Cir. 2001). Plaintiff's SAC fails to allege facts sufficient to establish liability as to Dr. Haak.

There are no factual allegations that suggest Dr. Haak knew of and disregarded an excessive risk to any of the Plaintiffs' health and safety. In fact, the inference from the allegations leads to the opposite conclusion, that the jail failed to provide inmates with access to Dr. Haak and denied the claims for medical care. Plaintiffs' allegations that there was a delay in providing glasses does not rise to the level of serious medical condition. There are no allegations that Dr. Haak knew, or should have known, Plaintiff EDWARDS or any of the other Plaintiffs and/or inmate had serious medical condition. Further, none of the ophthalmology issues identified

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LOGAN HAAK, M.S.'S MOTION FO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT
3:20-CV-00406-AJB-WVG

-8-

are within the legal definition of a serious medical condition. As such, the first cause of action should be dismissed without leave to amend as to Dr. Haak.

## IV.

### THE SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE ADEQUATE *MENTAL* CARE; VIOLATIONS OF THE 8TH AND 14TH AMENDMENTS OF U.S. CONSTITUTION AND ARTICLE 1, SECTIONS 7 AND 17 OF THE CALIFORIA CONSTITUTION

Defendant herein incorporates the arguments made in the prior section to this cause of action. Further, Dr. Haak does not provide mental healthcare nor is there any allegation in the SAC that he provides or failed to provide mental healthcare. The SAC clearly alleges that Dr. Haak provides ophthalmology services. There is no basis for maintaining this cause of action against Dr. Haak. As such, the second cause of action should be dismissed without leave to amend.

## V.

### THE THIRD CAUSE OF ACTION FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS TO INCARCERATED PEOPLE WITH DISABILITIES: VIOLATIONS OF AMERICANS WITH DISABILITIES ACT, REHABILITATION ACT, UNRUH CIVIL RIGHTS ACT (CAL. CIV. CODE §§ 51, ET SEQ.) AND CALIFORNIA GOVERNMENT CODE §11135

Defendant herein incorporates the arguments made in the prior sections to this cause of action. The SAC contains facts which clearly establish that the jail and/or Sheriff's Department is responsible for providing accommodations to the inmates. Dr. Haak does not have the ability to control the accommodates provided to

individuals with disabilities. The only factual allegations related to Dr. Haak and an individual clearly states that it was the Sheriff's Department's failure to provide Mr. Edwards with the accommodations necessary to attend his appointment with Dr. Haak. Additionally, it is reasonable to infer from the complaint that Dr. Haak did not have the ability to control the provision of accommodations.

## VI.

### THE EIGHTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO COUNSEL AND THE COURTS: VIOLATIONS OF 6TH AND 14TH AMENDMENTS OF U.S. CONSTITUTION AND ARTICLE 1 SECTIONS 7 AND 15 OF THE CALIFORNIA CONSTITUTION

Plaintiffs' Eighth Cause of Action is somewhat unclear. The caption indicates that they are claiming a lack of access to counsel and the courts. If that is the case, there is no factual basis to maintain this cause of action against Dr. Haak. As an ophthalmologist, Dr. Haak has nothing to do with an inmates' access to courts our counsel. There are no facts alleged to suggest anything to the contrary.

The allegations included under the Eighth Cause of Action are vague as to exactly how the Defendants, including Dr. Haak, discriminated against Plaintiffs. To the extent the claims are repetitive of the prior causes of action against Dr. Haak, the arguments above are incorporated here. There are no facts alleged from which any inference can be made that Dr. Haak in any way discriminated against individuals with disabilities. Dr. Haak does not have control over which patients he

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF LOGAN HAAK, M.S.'S MOTION FO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAIT
3:20-CV-00406-AJB-WVG

-10-

sees or when they are seen. He certainly has never refused to see a patient due to any disability encompassed by the ADA, nor are there any facts in the SAC to suggest the opposite. As such, the Eighth Cause of Action should be dismissed without leave to amend.

Dated: March 4, 2022          **LOTZ, DOGGETT & RAWERS, LLP**

By: *Lauren Hardisty*
    **LAUREN E. HARDISTY, ESQ.**
    Attorneys for Defendant, LOGAN HAAK, M.D.