1  GAY CROSTHWAIT GRUNFELD – 121944
   VAN SWEARINGEN – 259809
2  PRIYAH KAUL – 307956
   ERIC MONEK ANDERSON – 320934
3  HANNAH M. CHARTOFF – 324529
   ROSEN BIEN GALVAN & GRUNFELD LLP
4  101 Mission Street, Sixth Floor
   San Francisco, California  94105-1738
5  Telephone:  (415) 433-6830
   Facsimile:  (415) 433-7104
6  Email:      ggrunfeld@rbgg.com
               vswearingen@rbgg.com
7              pkaul@rbgg.com
               eanderson@rbgg.com
8              hchartoff@rbgg.com

9  AARON J. FISCHER – 247391
   LAW OFFICE OF
10 AARON J. FISCHER
   2001 Addison Street, Suite 300
11 Berkeley, California  94704-1165
   Telephone:  (510) 806-7366
12 Facsimile:  (510) 694-6314
   Email:      ajf@aaronfischerlaw.com

13 (*additional counsel on following page*)

14 Attorneys for Plaintiffs

15

16          UNITED STATES DISTRICT COURT

17         SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 18 DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, | Case No. 3:20-cv-00406-AJB-WVG |
| 19 REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION** |
| 20 CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of | |
| 21 themselves and all others similarly situated, | |
| 22             Plaintiffs, | Judge:    Hon. Anthony J. Battaglia |
| 23     v. | Trial Date:  None Set |
| 24 SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL | |
| 25 HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID- | |
| 26 AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO | |
| 27 COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, | |
| 28             Defendants. | |

1 | (*counsel continued from preceding page*)

2 | CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
3 | OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4 | 401 B Street, Suite 1700
San Diego, California  92101-4297
5 | Telephone:   (619) 699-2700
Facsimile:   (619) 699-2701
6 | Email:        christopher.young@dlapiper.com
              isabella.neal@dlapiper.com
7 |              oliver.kiefer@dlapiper.com

8 | BARDIS VAKILI – 247783
JONATHAN MARKOVITZ – 301767
9 | ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
10 | 2760 Fifth Avenue, Suite 300
San Diego, California  92103-6330
11 | Telephone:   (619) 232-2121
Email:        bvakili@aclusandiego.org
12 |              jmarkovitz@aclusandiego.org

13 | Attorneys for Plaintiffs

Case No. 3:20-cv-00406-AJB-WVG

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY
INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

Pursuant to Federal Rule of Evidence 201, Plaintiffs Darryl Dunsmore, Ernest Archuleta, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood and Laura Zoerner ("Plaintiffs") hereby request that the Court take judicial notice of the following documents in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification ("Plaintiffs' Motions"):

**DOCUMENT LIST**

1.      The California State Auditor's February 3, 2022 report No. 2021-109, titled "San Diego County Sheriff's Department: It Has Failed to Adequately Prevent and Respond to the Deaths of Individuals in Its Custody" ("State Audit Report").  A true and correct copy of the State Audit Report is attached as **Exhibit B** to the Declaration of Van Swearingen in Support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification ("Swearingen Declaration").

2.      Findings of the San Diego County Citizens' Law Enforcement Review Board ("CLERB"), true and correct copies of which are attached as **Exhibits M-X** to the Swearingen Declaration.

3.      The San Diego Association of Government's August 2021 report titled, "2020 Adult Arrestee Drug Use in the San Diego Region" ("SANDAG Report"), a true and correct copy of which is attached as **Exhibit EE** to the Swearingen Declaration.

4.      The Death in Custody Reporting Forms (BCIA 713) submitted by the Sheriff's Department to the California Department of Justice in 2019-2021, true and correct copies of which are attached as **Exhibit Z** to the Swearingen Declaration.

5.      San Diego County Sheriff's Department ("Sheriff's Department") Detention Services Bureau policies and procedures G.3, I.2, I.57, I.64, J.3, M.6, M.9, M.39, and Q.55, true and correct copies of which are attached as **Exhibits SS-TT and YY-EEE** to the Swearingen Declaration.

6.      Sheriff's Department Medical Services Division Department Operations Manual policies MSD.A.2, MSD.D.4, MSD.G.2.1, and MSD.P.7, true

and correct copies of which are attached as **Exhibits VV-XX and FFF** to the Swearingen Declaration.

7.      Sheriff's Department Medical Services Division Standard Nursing Procedure H.4, a true and correct copy of which is attached as **Exhibit UU** to the Swearingen Declaration.

8.      Sheriff's Department Detention Services Bureau reports on "Suspected Overdose Incidents with Naloxone Deployment," dated December 30, 2021 and April 29, 2022, true and correct copies of which are attached as **Exhibits CC-DD** to the Swearingen Declaration.

9.      The Sheriff's Department Detention Services Bureau's Jail Population Statistics from February 2022, a true and correct copy of which is attached as **Exhibit FF** to the Swearingen Declaration.

10.     The April 2022 report titled "San Diego County In-Custody Death Study," prepared for CLERB by Analytica Consulting ("Analytica Consulting Report"), a true and correct copy of which is attached as **Exhibit C** to the Swearingen Declaration.

11.     The April 2018 Disability Rights California report titled "Suicides in San Diego County Jail: A System Failing People with Mental Illness" ("DRC Report"), a true and correct copy of which is attached as **Exhibit F** to the Swearingen Declaration.

12.     The June 22, 2018 report by Lindsay Hayes titled "Report on Suicide Prevention Practices Within the San Diego County Jail System," and the Sheriff's Department's response ("Hayes Report"), a true and correct copy of which is attached as **Exhibit G** to the Swearingen Declaration.

13.     The 2017 report from the National Commission on Correctional Healthcare titled "Technical Assistance Report: San Diego County Sheriff's Department ("NCCHC Report"), a true and correct copy of which is attached as **Exhibit H** to the Swearingen Declaration.

14.     The May 30, 2020 report from Community Oriented Correctional Health Services to the Sheriff's Department ("COCHS Report"), a true and correct copy of which is attached as **Exhibit I** to the Swearingen Declaration.

15.     The San Diego County Grand Jury reports titled "San Diego County Detention Facilities Condition and Management" (dated May 19, 2014), "San Diego County Adult Detention Facilities" (dated June 1, 2017), and "San Diego County Detention Facilities Inspection Report and Inmate Mental Health" (dated May 28, 2019).  True and correct copies of these documents are attached as **Exhibits J-L** to the Swearingen Declaration.

## BASIS FOR JUDICIAL NOTICE

The Court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b)(2).  The Court must take judicial notice of a judicially noticeable fact "if requested by a party and supplied with the necessary information."  Fed. R. Evid. 201(d).

## I.    THE COURT MAY TAKE JUDICIAL NOTICE OF OFFICIAL REPORTS PREPARED BY STATE AND LOCAL AGENCIES

Plaintiffs seek judicial notice of several documents created by state and local government agencies.  Specifically, Plaintiffs seek judicial notice of the State Audit Report (**Exhibit B** to the Swearingen Declaration), an official report of the California State Auditor, as well as the Sheriff's Department's response to that report; several findings by CLERB (**Exhibits M-X** to the Swearingen Declaration), a San Diego County government agency responsible for investigating deaths that occur at the San Diego County Jail (the "Jail"); and the San Diego Association of Governments ("SANDAG") Report (**Exhibit EE** to the Swearingen Declaration), which was prepared by a San Diego region agency.

All of these documents are posted on the agencies' public websites, are reliable, and are subject to judicial notice as matters of public record and official

3

agency publications.  Courts regularly take judicial notice of official governmental
publications.  *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375
F.3d 861, 866 (9th Cir. 2004) (taking judicial notice of "records of state agencies
and other undisputed matters of public record"); *Zakinov v. Blue Buffalo Pet Prods.,
Inc.*, 2018 WL 1426932, at *3 (S.D. Cal. Mar. 22, 2018) (taking judicial notice of
government documents posted on public websites); *see also United States ex rel.
Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("Public
records and government documents are generally considered not to be subject to
reasonable dispute.") (internal quotation marks omitted), *aff'd sub nom. Dingle v.
Bioport Corp.*, 388 F.3d 209 (6th Cir. 2004); *Hernandez v. Cty. of Monterey*, 305
F.R.D. 132, 139 n.2 (N.D. Cal. 2015) (taking judicial notice of official government
report by United States Census Bureau, in connection with motion to certify class of
incarcerated plaintiffs).

These government agency reports and CLERB findings are also relevant to
Plaintiffs' Motions.  The State Audit Report documents the California State
Auditor's investigation into the 185 deaths at the Jail from 2006 to 2020.  The State
Audit Report addresses several claims at issue in Plaintiffs' Motions, including
overdose deaths and suicides at the Jail, inadequate safety checks and safety check
audits, safety checks in segregation units that are too infrequent, and inadequate
surveillance systems at the Jail.  The State Audit Report includes the Sheriff's
Department's own response to the report (beginning at page 83), which is relevant to
the Sheriff's Department's deliberate indifference to conditions at the Jail, and
whether and when it intends to implement any of the recommendations in the State
Audit Report to prevent deaths in the Jail.

The SANDAG Report is relevant to Plaintiffs' Motions because it documents
the prevalence of substance use among individuals arrested and booked into the Jail,
which underscores the need for the Sheriff's Department to act to prevent, detect,
and treat illicit substance overdoses in the Jail.  Finally, the CLERB findings are

4

Case No. 3:20-cv-00406-AJB-WVG

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY
INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

relevant to Plaintiffs' Motions because CLERB is the County agency responsible for investigating all deaths in custody—and addressing preventable deaths is the central thrust of Plaintiffs' Motions.  The CLERB findings document the causes of deaths at the Jail, deficiencies in Sheriff's Department's policies and practices contributing to or relating to those deaths, and misconduct by Sheriff's Department custody staff.  The Sheriff's Department is informed of CLERB's findings and recommendations to reform Jail policies and procedures.  Accordingly, these findings, like the other government reports, are relevant to the Sheriff's Department's deliberate indifference to the constitutional and ADA violations contributing to death and serious harm at the Jail.  It is appropriate to take judicial notice of the undisputed facts within the documents and the undisputed fact that these reports have put Defendants on notice of the dangerous conditions addressed in Plaintiffs' Motions.

## II.    THE COURT MAY TAKE JUDICIAL NOTICE OF THE SHERIFF'S DEPARTMENT'S OWN POPULATION, OVERDOSE, AND DEATH REPORTS

Plaintiffs seek judicial notice of publicly available data about the incarcerated population in San Diego County, posted on the Sheriff's Department's website.  Specifically, Plaintiffs seek judicial notice of a Sheriff's Department report on the average daily population in the Jail (**Exhibit FF** to the Swearingen Declaration), Sheriff's Department reports on the weekly and annual number of suspected opioid overdoses in the Jail (**Exhibits CC-DD** to the Swearingen Declaration), and Sheriff's Department death in custody forms provided to the California Department of Justice (**Exhibit Z** to the Swearingen Declaration).  Jail population data and the suspected opioid overdose reports are posted regularly on the Sheriff's Department's public website.[1]  The death in custody forms are official State of California forms

---

[1] These reports are available at: https://www.sdsheriff.gov/resources/jail-population-data (overdoses and historical population data), and https://apps.sdsheriff.net/inmatepopulation/displaypop.aspx (up-to-date population data).

Case No. 3:20-cv-00406-AJB-WVG

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

1    that the Sheriff's Department completes to report each death occurring in the Jail to

2    the California Department of Justice.

3          Because these facts are self-reported by the Sheriff's Department, and the

4    accuracy of these facts is verifiable and certain, the Court should take notice of these

5    population and overdose counts. *MacGregor v. Mallinckrodt, Inc.*, 373 F.3d 923,

6    933-34 (8th Cir. 2004) (affirming district court's decision to take judicial notice of

7    the number of company employees because "the size is readily obtainable from

8    company or tax records" and because the fact that "the number of employees is not

9    common knowledge does not prevent the fact from being widely available"); *see*

10   *also Hernandez*, 305 F.R.D. at 139 n.2 (taking judicial notice of the County's own

11   counts of people incarcerated in County's jail).  The average daily population in the

12   Jail is relevant to Plaintiffs' motion for provisional class certification and

13   demonstrates that the putative class is sufficiently numerous.  The Sheriff's

14   Department's overdose reports are relevant to Plaintiffs' claims that the Sheriff's

15   Department is not adequately preventing overdoses in the Jail.  The death in custody

16   forms are relevant because they are the Sheriff's Department's self-reported

17   documentation of deaths in the Jail from 2019-2021, and show the high number of

18   deaths continuing to occur in the Jail.

19   **III.    THE COURT MAY TAKE JUDICIAL NOTICE OF THE SHERIFF'S
20             DEPARTMENT'S POLICIES AND PROCEDURES**

21         Plaintiffs request that the Court take judicial notice of certain sections of the

22   Sheriff's Department's policies and procedures.  Specifically, Plaintiffs seek judicial

23   notice of several Detention Services Bureau policies and procedures (**Exhibits SS-**

24   **TT and YY-EEE** to the Swearingen Declaration), Medical Services Division

25   Department Operation Manual policies (**Exhibits VV-XX and FFF** to the

26   Swearingen Declaration), and a Medical Services Division Standard Nursing

27   Procedure (**Exhibit UU** to the Swearingen Declaration).  The Detention Services

28   Bureau policies govern the operations of the Jail.  The Medical Services Division

6                    Case No. 3:20-cv-00406-AJB-WVG

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY
INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

policies and procedures govern the Sheriff's Department's medical operations.  All of these policies are publicly posted on the Sheriff's Department website.[2]

The Court may take judicial notice of agency records that are not subject to a reasonable dispute, including agency manuals, rules and policies.  *See, e.g.*, *Brown v. Valoff*, 422 F.3d 926, 931 & n.7, 933 n.9 (9th Cir. 2005) (taking judicial notice of the California Department of Corrections Operations Manual and Departmental procedures); *Hernandez*, 305 F.R.D. at 139 n.2 (taking judicial notice of Monterey County Jail policies and procedures).  These policies are all relevant to Plaintiffs' Motions, which concern deficiencies in the Sheriff's Department's policies and practices related to the safety and security of people incarcerated at the Jail, and the provision of medical and mental health care at the Jail.

## IV.    THE COURT MAY TAKE JUDICIAL NOTICE OF OFFICIAL REPORTS ABOUT THE JAIL

Plaintiffs ask the Court to take judicial notice of several official reports about deaths in the Jail issued to the Sheriff's Department or the County.  These reports are the DRC Report (**Exhibit F** to the Swearingen Declaration), the Hayes Report (**Exhibit G** to the Swearingen Declaration), the NCCHC Report (**Exhibit H** to the Swearingen Declaration), , the Analytica Consulting Report (**Exhibit C** to the Swearingen Declaration), and the COCHS Report (**Exhibit I** to the Swearingen Declaration).  These reports are each the result of extensive investigation and analysis of deaths at the Jail, including preventable deaths.

The Court may take judicial notice of these documents because they are posted or referenced on government websites, including the Sheriff's Department's own website.  The Sheriff's Department and/or the County of San Diego commissioned the NCCHC, Hayes, and COCHS Reports.  The Sheriff's Department

---

[2] The policies and procedures, as redacted for public view, are available at https://apps.sdsheriff.net/PublicDocs/SB978/Detention%20Services%20Bureau/.

1   and/or CLERB have responded to or acknowledged all of these reports.  The reports

2   are all matters of public record, their authenticity is not in dispute, and they concern

3   Defendants' failure to prevent deaths in the Jail—the thrust of Plaintiffs' Motions.

4   *See Greenfield MHP Assocs., L.P. v. Ametek, Inc.*, 145 F. Supp. 3d 1000, 1007 (S.D.

5   Cal. 2015) (judicial notice is appropriate where documents are "matters of public

6   record, the parties do not dispute their authenticity, and they are central to Plaintiff's

7   claims"); *see also Murphy v. Bronson, Cawley, & Bergmann, LLP*, 2011 WL

8   2413447, at n.1 (taking judicial notice of information found on government

9   website).

10          The DRC Report is an extensive study of suicide deaths and policies in the

11   Jail that is publicly available on DRC's website, and the Sheriff's Department has

12   published a response to the DRC Report on the Sheriff's Department's own

13   website.[3]  Although the Sheriff's Department disputes aspects of the DRC Report,

14   the fact of the DRC Report's publication and that it advised the Sheriff's

15   Department of problems with the mental health system at the Jail in 2018 cannot be

16   reasonably disputed.

17          The County of San Diego commissioned the Hayes Report.  *See* Hayes Report

18   at 1.  The Hayes Report analyzes suicide deaths and Jail policies, and a copy of the

19   Hayes Report is published on the Sheriff's Department's website with a response

20   from the Sheriff's Department.[4]  The fact of the Hayes Report's publication, its

21   content, and the Sheriff's Department response cannot be reasonably disputed.  The

22   NCCHC Report is an analysis by the National Commission on Correctional

23

24   _____

25   [3] The report is available at: https://www.disabilityrightsca.org/public-reports/san-diego-jail-suicides-report.  The response is available at:
     https://www.sdsheriff.gov/bureaus/detention-services-bureau/preventing-jail-suicides.

26

27   [4] The report and response are available at:
     https://www.sdsheriff.gov/bureaus/detention-services-bureau/preventing-jail-suicides.

28

1   Healthcare of the Jail medical and mental health care system.  The Sheriff's
2   Department commissioned the NCCHC Report, and a copy of the report is
3   published on the Sheriff's Department's website.[5]  The Sheriff's Department itself
4   has lauded the expertise of Hayes and NCCHC, and shown that it is aware of those
5   reports.  In the Sheriff's Department's response to the State Audit Report, at pages
6   11-12, the Sheriff's Department referred to Hayes and NCCHC as "subject matter
7   experts who possessed the requisite knowledge, skills, and abilities necessary for the
8   scope of their engagement."  The County also commissioned the COCHS Report,
9   which was issued in 2020 to inform the Sheriff's Department and County about best
10  practices in correctional healthcare.  The Sheriff's Department and County cannot
11  reasonably dispute that the COCHS Report was published, and is therefore relevant
12  to Plaintiffs' claims of deliberate indifference.

13        The Analytica Consulting Report is an independent analysis of deaths in the
14  Jail over the last ten years prepared for CLERB, a public agency, posted on
15  CLERB's website,[6] and addressed at an April 26, 2022 special meeting of CLERB.[7]
16  The Analytica Consulting Report found that the Jail has the highest number of
17  excess deaths among other large California jail systems, including an extraordinarily
18  high number of excess overdose deaths.  The report is relevant to Plaintiffs' claims
19  that the deaths at the Jail constitute a crisis warranting the Court's intervention.  The
20  report was also provided to CLERB, a county agency, which is relevant to
21  Plaintiffs' claims of deliberate indifference.  Judicial notice of the foregoing reports
22

23  ────────────────────
    [5] The report is available at: https://www.sdsheriff.gov/bureaus/detention-services-bureau/preventing-jail-suicides.
24
    [6] The report is available at:
25  https://www.sandiegocounty.gov/content/dam/sdc/clerb/docs/in-custody-death-study/Att.G-CLERB%20In-Custody%20Death%20Study.pdf.
26
    [7] See Citizens' Law Enforcement Review Board, April 26, 2022 Special Meeting
27  Agenda, https://www.sandiegocounty.gov/content/dam/sdc/clerb/docs/agendas/2022/042622
28  %20Special%20Agenda%20-%20Town%20Hall.pdf.

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY
INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

is therefore appropriate.

## V.    THE COURT MAY TAKE JUDICIAL NOTICE OF CIVIL GRAND JURY REPORTS ABOUT THE JAIL

Plaintiffs also seek judicial notice of San Diego County Grand Jury reports about the Jail from 2014, 2017, and 2019 (attached as **Exhibits J-L** to the Swearingen Declaration).  Courts regularly take notice of county grand jury reports. *See, e.g.*, *Sommers v. City of Santa Clara*, 516 F. Supp. 3d 967, 980 (N.D. Cal. 2021); *M.S. v. Cty. of Ventura*, 2016 WL 11506613, at *6 (C.D. Cal. Oct. 24, 2016). These grand jury reports are relevant to Plaintiffs' Motions because they contain recommendations from several years ago to the Sheriff's Department and County to address issues raised in Plaintiffs' motions, such as outdated surveillance systems and problems with the body scanners at the Jail.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court take judicial notice of the facts about the Jail in these exhibits, and consider them as true when ruling on Plaintiffs' Motions.

DATED:  May 2, 2022                    Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP


By: */s/ Van Swearingen*
_____
Van Swearingen

Attorneys for Plaintiffs