GAY CROSTHWAIT GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
2001 Addison Street, Suite 300
Berkeley, California 94704-1165
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
Email: ajf@aaronfischerlaw.com

(*additional counsel on following page*)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge: Hon. Anthony J. Battaglia<br>Trial Date: None Set |

[3898375.2]

Case No. 3:20-cv-00406-AJB-WVG

DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF PLAINTIFFS' MOTIONS FOR
PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

(*counsel continued from preceding page*)

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California  92101-4297
Telephone:  (619) 699-2700
Facsimile:  (619) 699-2701
Email:  christopher.young@dlapiper.com
        isabella.neal@dlapiper.com
        oliver.kiefer@dlapiper.com

BARDIS VAKILI – 247783
JONATHAN MARKOVITZ – 301767
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
2760 Fifth Avenue, Suite 300
San Diego, California  92103-6330
Telephone:  (619) 232-2121
Email:  bvakili@aclusandiego.org
        jmarkovitz@aclusandiego.org

Attorneys for Plaintiffs

[3898375.2]

Case No. 3:20-cv-00406-AJB-WVG

DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

I, Gay Crosthwait Grunfeld, declare:

1. I am an attorney duly admitted to practice before this Court. I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification.

I. **Plaintiffs' Counsel Has Extensively Investigated the Conditions in San Diego County Jails.**

2. I first became aware of the serious constitutional issues faced by incarcerated people in the San Diego County jail system ("the Jail") with the publication of Disability Rights California's report, *Suicides in San Diego County Jail: A System Failing People with Mental Illness*, in April 2018 (*see* https://www.disabilityrightsca.org/system/files/file-attachments/SDsuicideReport.pdf). As part of our investigation and litigation of this case, Plaintiffs' counsel has interviewed individuals currently and formerly incarcerated at the Jail. At the present time, together with co-counsel we estimate having interviewed approximately 150 incarcerated people in person and by telephone. Plaintiffs' counsel has also submitted numerous Public Records Act requests to the County and requested medical and custody records for class representatives and declarants after obtaining their authorization. We have also gathered reports from nationally recognized experts such as Lindsay Hayes and Homer Venters, M.D., and government agencies such as the State Auditor, the Citizens' Law Enforcement Review Board ("CLERB"), and the San Diego County Grand Jury.

3. Overall, Plaintiffs' counsel has collected approximately 50,000 pages of documents, which we are storing in a document management system by e-discovery vendor Relativity. Plaintiffs' counsel has also met with a number of San Diego community groups, government officials, activists, family members, and

whistleblowers concerned about the high death rate and unconstitutional and illegal conditions prevailing in the Jail, as well as overincarceration and racial discrimination in the County's criminal detention system.

4. Plaintiff Darryl Dunsmore filed a *pro se* complaint in this case on March 2, 2020, and a *pro se* amended complaint on July 23, 2020.

5. Plaintiffs' counsel appeared in this action on behalf of Plaintiff Dunsmore on December 13, 2021 and filed the Second Amended Complaint on February 3, 2022. Defendants have not yet responded to the Second Amended Complaint, except for Defendant Mid-America Health, Inc., which answered on March 4, 2022, and Defendant Logan Haak, M.D., Inc., who filed a motion to dismiss on March 4, 2022.

**II. Plaintiffs' Counsel Has Retained Experts to Evaluate the Unconstitutional and Illegal Conditions at the Jail and Has Met with Mental Health Care Professionals Who Worked at the Jail and Have First-Hand Knowledge of the Deficiencies.**

6. Plaintiffs' counsel has retained and met with a number of nationally recognized experts and consultants to assist in evaluating the unconstitutional and illegal conditions at the Jail, as well as jail overcrowding, alternatives to incarceration, and racial discrimination. In connection with the instant motions, Plaintiffs are filing declarations from retained experts Syroun Sanossian of SZS Engineering Access, Inc., Robert Cohen, M.D., James Austin, Ph.D., and Pablo Stewart, M.D.

7. Plaintiffs' counsel has also been contacted by mental health care professionals who have worked at the Jail and have first-hand knowledge of the deficiencies in the system. In our experience, having multiple whistleblowers who worked inside a jail system is unusual, and speaks to the scope and seriousness of the problems in the Jail. In connection with the instant motions, Plaintiffs are filing the declarations of two such brave mental health care providers—one, Christine Evans, M.D., who worked as the Jail's Medical Director and then Chief Psychiatrist

for a total of three years until August 2021, the other, Jennifer Alonso, LCSW, who worked as a Mental Health Clinician at the Jail with a caseload of about 150 patients for three years until April 2022.

**III.     Class Counsel Meet the Requirements of Rule 23(a)(4), (g)(1), and (g)(4).**

8.     The attorneys from three private law firms and a non-profit organization working on this case on behalf of the named plaintiffs and the putative class and subclass bring to bear an extraordinary amount of experience and expertise in prisoners' rights and class action litigation.

**A.     Rosen Bien Galvan & Grunfeld LLP**

9.     From its formation in 1990, Rosen Bien Galvan & Grunfeld LLP ("RBGG") has been a nationally recognized leader in civil rights, employment, consumer, and antitrust class action litigation.  The firm has specialized in large class action lawsuits seeking to improve conditions in correctional systems.  The firm was co-counsel in *Plata v. Brown*, 563 U.S. 493 (2011), the landmark case that required population reduction in California's overcrowded prison system.  The firm is currently lead or co-lead class counsel in the following class actions (in addition to the present case):  *Coleman v. Newsom* (E.D. Cal. No. 2:90-CV-00520-KJM-DB), an Eighth Amendment class action lawsuit against the California Department of Corrections and Rehabilitation ("CDCR") on behalf of a class of more than 25,000 incarcerated people with serious mental illness; *Armstrong v. Newsom* (N.D. Cal. No. C 94-2307 CW), an Americans with Disabilities Act ("ADA") and Rehabilitation Act class action against CDCR on behalf of more than 10,000 incarcerated people and parolees with mobility, hearing, vision, learning, kidney, and developmental disabilities; *Hernandez v. County of Monterey* (N.D. Cal. No. 5:13-cv-2354-BLF-NMC), a class action on behalf of all persons incarcerated in the Monterey County Jail and a certified subclass of all qualified individuals with a disability who are incarcerated in the Monterey County Jail; *Hedrick v. Grant* (E.D. Cal. No. 2:76-CV-00162-GEB-EFB), a class action on behalf of all persons

incarcerated at the Yuba County Jail; *Cole v. County of Santa Clara* (N.D. Cal. No. 5:16-cv-06594-LHK), a class action on behalf of all persons with mobility disabilities incarcerated at the Santa Clara County Jail; *Babu v. County of Alameda* (N.D. Cal. No. 5:18-cv-07677-NC), a class action on behalf of all adults who are incarcerated in the Santa Rita Jail and a certified subclass of all qualified individuals with a psychiatric disability who are incarcerated in the Santa Rita Jail; and the putative class action *Stiner v. Brookdale Senior Living, Inc.* (N.D. Cal. No. 4:17-cv-03962-HSG (LB)), seeking relief under the ADA and other statutes on behalf of senior citizens living in assisted living facilities.

10. Best Lawyers in America placed RBGG in the first tier nationally in Appellate Practice, and for San Francisco in Commercial Litigation, Employment Law-Individuals, and Civil Rights for 2022. All of the firm's partners are AV-rated by Martindale-Hubbell and have been named SuperLawyers or SuperLawyers Rising Stars. Nine of the firm's senior counsel or associates were named Rising Stars by SuperLawyers in 2021.

11. I am the managing partner of RBGG. I graduated from Columbia Law School in 1984 as a Harlan Fiske Stone Scholar and Articles Editor of the *Columbia Law Review*, after which I clerked for the Honorable Jack B. Weinstein of the United States District Court for the Eastern District of New York. I became a member of the State Bar of California in 1985. I am also admitted to the Southern, Central, Eastern, and Northern Districts of California; the Ninth Circuit Court of Appeals; and the Supreme Court of the United States.

12. In addition to my role as one of the lead counsel in *Armstrong* and *Hedrick*, described *supra* at ¶ 9, I have been appointed class counsel in a number of cases, including *Ramirez et al. v. Ghilotti Bros., Inc.* (N.D. Cal. No. 3:12-cv-04590-CRB), a class action on behalf of workers denied pay for all hours worked and meal and rest breaks; *L.H. v. Brown* (E.D. Cal. No. CIV. S-06-2042 LKK/GGH), a due process and ADA class action on behalf of juvenile parolees; *Smith v. Shorenstein*

*Hays-Nederlander Theatres LLC* (San Francisco Superior Court Case No. CGC-16-554905), a class action on behalf of security guards denied minimum wage and overtime; *Quinby v. ULTA, Salon, Cosmetics & Fragrance, Inc.* (N.D. Cal. Case No. C-15-4099-WHO), a misclassification class action; and *Moore v. Department of State Hospitals* (Los Angeles Superior Court Case No. 19STCV16858), a class action on behalf of patients civilly committed to the Department of State Hospitals ("DSH") who performed work for DSH and whom DSH paid less than minimum wage. I have repeatedly been named to the *Daily Journal*'s Top 100 Lawyers in California, including in 2021, and I have received CLAY Awards and other recognition for my work.

13. My partner and co-lead counsel Van Swearingen graduated from the University of California, Berkeley School of Law in 2008 as Executive Editor of the *California Law Review*. He was admitted to the California Bar in 2008. He received CLAY Awards in 2016 and 2022, and was named one of *Lawdragon*'s 500 Leading Plaintiff Employment and Civil Rights Lawyers for 2020-2021.

14. In addition to Mr. Swearingen and me, the RBGG team includes three associates, each of whom has broad legal experience and expertise in the litigation of class action lawsuits. RBGG has the capacity thoroughly and vigorously to prosecute the claims in this case and properly represent the plaintiff class and intends to commit all necessary resources to do so.

**B.     Law Offices of Aaron J. Fischer**

15. The Law Office of Aaron J. Fischer engages in class action and other complex litigation regarding public entity systems. The firm's areas of practice include disability rights, civil and constitutional rights, and complex investigations and systems counseling. The firm is willing and able to devote the resources necessary to litigate this case.

16. Aaron Fischer is the principal at the Law Office of Aaron J. Fischer. He graduated from Columbia Law School and clerked for the Honorable Jack B.

Weinstein of the United States District Court for the Eastern District of New York, and for the Honorable Kimba M. Wood of the United States District Court for the Southern District of New York.  He became a member of the State Bar of California in 2006.  He is admitted the Southern, Central, Eastern, and Northern Districts of California, and the Ninth Circuit and Eleventh Circuit Courts of Appeals.  He previously served as Litigation Counsel for Disability Rights California, where he worked on and litigated several complex criminal system- and disability-related matters.  Prior to joining Disability Rights California, he was an attorney at RBGG.  In 2014, he received the Jack Berman Award of Achievement for Distinguished Service to the Profession and the Public from the California State Bar Association (now the California Lawyers Association).  He has repeatedly been named a Northern California Rising Star by SuperLawyers.

17. Mr. Fischer is currently lead class counsel representing approximately 800 people incarcerated in Santa Barbara County Jail, in *Murray v. County of Santa Barbara* (C.D. Cal. No. 2:17-cv-08805-GW-JPR), a case challenging systemic deficiencies as to mental health and medical care, conditions of confinement (including solitary confinement), environmental health and safety conditions, and the treatment of people with disabilities.  The class was certified, and a comprehensive settlement was approved by the court in 2021; remedial plan implementation and monitoring are ongoing.  Mr. Fischer is also co-lead class counsel representing more than 3,000 people incarcerated in Sacramento County Jail, in *Mays v. County of Sacramento* (E.D. Cal. No. Case 2:18-cv-02081-TLN-KJN), a case challenging systemic deficiencies in the provision of mental health and medical care, conditions of confinement, and the treatment of people with disabilities.  The class was certified, and a comprehensive settlement was approved by the court in 2020; remedial plan implementation and monitoring are ongoing.  Other cases in which Mr. Fischer has served on the class counsel team include: *Coleman v. Newsom* and *Armstrong v. Newsom*, both described *supra* at ¶ 9;

*Valdivia v. Brown* (E.D. Cal. No. S-94-671 LKK/GGH), on behalf of parolees regarding their constitutional due process rights in parole revocation proceedings; *Hecker v. Brown* (E.D. Cal. No. 2:05-cv-2441 LKK JFM P), on behalf of incarcerated people with a mental health disability; *Hernandez v. County of Monterey*, described *supra* at ¶ 9; and *Johnson v. County of Los Angeles* (C.D. Cal. No. 2:08-cv-03515-DDP-SH), on behalf of people with mobility disabilities incarcerated in the Los Angeles County Jail system seeking improved accessibility, reasonable accommodations, and equitable treatment.

### C. DLA Piper

18. DLA Piper LLP (US) ("DLA Piper") is a global law firm with lawyers located in more than 40 countries throughout the Americas, Europe, the Middle East, Africa, and Asia. DLA Piper's clients range from multinational, *Global 1000*, and *Fortune 500* enterprises, to emerging companies, to individuals. They include more than half of the *Fortune 250* and nearly half of the *FTSE 350* or their subsidiaries. DLA Piper has repeatedly been recognized for its dedication to pro bono work. Most recently, DLA Piper received the 2022 John Minor Wisdom Public Service and Professionalism Award from the American Bar Association Litigation Section's Access to Justice Committee.

19. DLA Piper features one of the premier class action practices in the United States, having handled class action lawsuits in virtually every U.S. jurisdiction. Well over 100 lawyers at the firm litigate class action lawsuits, of virtually every variety. DLA Piper's class action group is regularly recognized by respected legal industry websites and publications. As one example, DLA Piper was recently named a Powerhouse firm for class action litigation by BTI Consulting Group.

20. Christopher Young graduated from the University of California, Berkeley School of Law in 1992, and was admitted to the California Bar in 1992. He has been practicing with DLA Piper and its predecessor firms in San Diego for 30 years, since 1992. He was an associate with Gray Cary Ames & Frye and Gray

[3898375.2]   7   Case No. 3:20-cv-00406-AJB-WVG

DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

Cary Ware & Freidenrich from 1992 to 2000, and a partner with Gray Cary Ware & Freidenrich from 2000 to 2005, when that firm merged to form DLA Piper. He has been a partner with DLA Piper since 2005. He is licensed to practice law in the State of California and is admitted to all California state courts; the Southern, Central, Eastern, and Northern Districts of California; and the Ninth Circuit Court of Appeals. Mr. Young has been repeatedly recognized for his accomplishments by respected legal industry publications. During 2020 and 2021, Chambers USA listed him as one of the two top-ranked litigation attorneys in San Diego, commenting that he regularly takes on significant class actions and is noted for his proficiency in product liability matters. Mr. Young was also recently named 2020 "Lawyer of the Year" by The Best Lawyers in America in the category of Class Actions and Mass Tort Defense Litigation for San Diego.

21. Mr. Young has devoted the bulk of his practice to class action litigation for the past 30 years. He has acted as lead counsel in dozens of class actions in courts throughout California and the United States. He has litigated class actions involving putative classes ranging from several hundred to over ten million individuals, and ranging from local to nationwide in scope. Of particular relevance here, Mr. Young recently served as co-lead counsel with RBGG in *Sabata et al. v. Nebraska Department of Correctional Services et al.* (D. Neb. No. 4:17-cv-3107-RFR-MDN). Mr. Young worked to prosecute the *Sabata* case for several years, and along with my law firm, received the Good Apple Award from Nebraska Appleseed for his work on that case. *See* https://webcache.googleusercontent.com/search?q=cache:-GK7otoZIMwJ:https://neappleseed.org/blog/37216+&cd=2&hl=en&ct=clnk&gl=us That litigation centered around conditions for incarcerated persons in the Nebraska state prison system and involved many issues similar to those raised by this action.

22. In addition to Mr. Young, the DLA Piper team working on the instant matter includes six associate attorneys, all of whom have broad legal experience and

expertise in the litigation of class action lawsuits. DLA Piper is willing and able to devote the necessary resources to the representation of the plaintiff class in this matter through the conclusion of the litigation.

### D. American Civil Liberties Union Foundation of San Diego & Imperial Counties

23. The American Civil Liberties Union Foundation of San Diego and Imperial Counties, Inc. ("ACLU SDIC") is a regional affiliate of the American Civil Liberties Union and is dedicated to the defense and promotion of the guarantees of liberty and individual rights embodied in the federal and state constitution. The ACLU SDIC has extensive expertise in class action litigation, constitutional law, and the rights of incarcerated people, and attorneys Bardis Vakili and Jonathan Markovitz have participated in numerous federal cases involving constitutional and statutory challenges to conditions and restrictions affecting incarcerated persons.

24. Mr. Vakili, Interim Legal Director/Senior Staff Attorney, has been employed at the ACLU SDIC since September 2014. Prior to joining the ACLU SDIC, he was an attorney with the ACLU Foundation of Southern California for about four years. He is licensed to practice law in the state of California and is admitted the Southern, Central, Eastern, and Northern Districts of California, the Ninth Circuit Court of Appeals, and the Supreme Court of the United States. Mr. Vakili has extensive experience litigating civil rights cases in federal courts, including on behalf of plaintiff classes, and has worked on multiple class action cases involving incarcerated people in county jail custody, federal immigration custody, and federal pre-trial custody. Mr. Vakili has been co-recipient of an Attorney of the Year award from the San Diego La Raza Lawyers' Association in 2018, a CLAY award in 2017, and the Daniel Levy Award from the National Immigration Project of the National Lawyers Guild in 2008.

25. Mr. Markovitz, Staff Attorney, has been employed at the ACLU SDIC since October 2015. Prior to joining the ACLU SDIC, he clerked for the Honorable

1  John C. Coughenour in the Western District of Washington. He is licensed to
2  practice law in the state of California and is admitted to practice law in federal court
3  in the Southern District of California. Mr. Markovitz also has experience litigating
4  civil rights cases in federal courts, including on behalf of incarcerated persons and
5  plaintiff classes.

6        26.    Both Mr. Vakili and Mr. Markovitz have been appointed class counsel
7  in *Jones v. Ray*, No. 37-2021-00010648-CU-MC-CTL (Cal. Sup. Ct. April 25, 2022)
8  (certifying classes and subclasses of people in San Diego County jails seeking
9  protection from COVID-19); *Alcantara v. Archambeault*, No. 20-CV-0756 DMS
10 (AHG), 2020 WL 2315777, at *7 (S.D. Cal. May 1, 2020) (certifying class of people
11 detained by ICE in Otay Mesa Detention Center deemed medically vulnerable to
12 COVID-19); and *Doe v. Wolf*, 424 F. Supp. 3d 1028, 1045 (S.D. Cal. 2020)
13 (certifying class of immigrants detained in U.S. Customs and Border Protection
14 custody).

15       27.    Mr. Vakili has also been appointed class counsel in the following
16 additional cases involving the rights of incarcerated people: *Cancino Castellar v.*
17 *Mayorkas*, No. 17-CV-00491-BAS-AHG, 2021 WL 4081559 (S.D. Cal. Sept. 8,
18 2021) (certifying class of immigrants in U.S. Department of Homeland Security
19 custody not promptly presented for hearing before an immigration judge); *Aleman*
20 *Gonzalez v. Barr*, 955 F.3d 762, 767 (9th Cir. 2020) (certifying class of people in
21 prolonged immigration custody in case regarding the right to bond hearings, case
22 currently pending before the Supreme Court, *see Garland v. Gonzalez*, 210 L. Ed.
23 2d 1009 (Aug. 23, 2021); *Ms. L. v. U.S. Immigr. & Customs Enf't*, 310 F. Supp. 3d
24 1133, 1139 (S.D. Cal. 2018) (certifying class of immigrant parents forcibly
25 separated from their children); *Franco-Gonzales v. Holder*, No. CV 10-02211 DMG
26 (DTBx), 2011 WL 11705815, at *1 (C.D. Cal. Nov. 21, 2011) (certifying class of
27 incarcerated people with mental illness in immigration custody).
28

IV. **Incarcerated Plaintiffs and Declarants and Jail Employees Face a Risk of Retaliation for Their Participation in This Case.**

28. In my experience representing incarcerated people in lawsuits about prison and jail conditions, as well as representing whistleblowers and employees objecting to unlawful conditions, my clients have repeatedly been subjected to retaliation on the basis of their involvement in litigation. For example, in 2020, a correctional officer at R.J. Donovan Correctional Facility threw an incarcerated person who had signed a declaration in active litigation out of his wheelchair onto the floor and then placed him in administrative segregation and falsely charged him with battering staff. The United States District Court for the Northern District of California issued an injunction preventing further retaliation and ordering that that witness and others be transferred out of the dangerous prison. *See Armstrong v. Newsom*, 475 F. Supp. 3d 1038 (N.D. Cal. 2020). In subsequent orders, the *Armstrong* Court found that officers at several CDCR prisons had retaliated against other incarcerated people with disabilities for requesting disability accommodations and complaining about the denial of requested accommodations. *See Armstrong v. Newsom*, 484 F. Supp. 3d 819, 823, 828-829 (N.D. Cal. 2020); *Armstrong v. Newsom*, 2021 WL 933106 at 3-5, 8-9, 17 (N.D. Cal. March 11, 2021). Also in the *Armstrong* case, a CDCR psychologist testified in a deposition that correctional officers vandalized her office after she reported staff misconduct, throwing her sanitary supplies on the floor and making her fearful for her safety. *See Bolton v. Paramo et al.,* No. 4:21-cv-03466-YGR (N.D. Cal.) (ongoing lawsuit filed by same psychologist about retaliation).

29. As part of our investigation of conditions at the Jail we have interviewed both incarcerated people and medical and mental health personnel, all of whom are at risk of retaliation. I am aware of two declarations filed in support of these motions that describe retaliation by Jail officials. According to Plaintiff Christopher Nelson, a sheriff's deputy almost denied him a visit with my co-counsel

in this case after a dispute with the deputy about keeping a cell window open. *See* Nelson Decl. ¶ 24. Another incarcerated person, Michael Keavney, suffered delays in receiving legal mail and confiscation of his legal papers while incarcerated, interfering with his civil cases against the Jail. *See* Keavney Decl. ¶¶ 10-11.

30. Retaliation may well be occurring in this case. For example, I interviewed Plaintiff Ernest Archuleta on March 9, 2022. At that point, Mr. Archuleta was already a named plaintiff in this case, and I had already noticed an appearance. I understand that Mr. Archuleta, who needs a wheelchair for mobility, was denied use of the elevator to access the professional meeting room on the seventh floor of Central Jail for our interview, because the elevators were purportedly out of service. Instead, Mr. Archuleta was forced to use the stairs. Shortly after our meeting began, however, I saw other wheelchair riders arrive in the visiting area to meet with attorneys. When the escort officer was asked about these individuals' use of the elevator, the officer responded that the elevators were working now. I believe it is possible that Jail staff knew that I was present at the Jail that day to interview people in association with this lawsuit and denied Mr. Archuleta access to the elevator in retaliation for his involvement in the case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 1st day of May, 2022.

_____
Gay Crosthwait Grunfeld