GAY CROSTHWAIT GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
2001 Addison Street, Suite 300
Berkeley, California 94704-1165
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
Email: ajf@aaronfischerlaw.com

(*additional counsel on following page*)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**DECLARATION OF REANNA LEVY IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge: Hon. Anthony J. Battaglia<br><br>Trial Date: None Set |

[3903205.1]

Case No. 3:20-cv-00406-AJB-WVG
DECLARATION OF REANNA LEVY IN SUPPORT OF PLAINTIFFS' MOTIONS FOR
PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

1  (*counsel continued from preceding page*)

2  CHRISTOPHER M. YOUNG – 163319
   ISABELLA NEAL – 328323
3  OLIVER KIEFER – 332830
   DLA PIPER LLP (US)
4  401 B Street, Suite 1700
   San Diego, California 92101-4297
5  Telephone: (619) 699-2700
   Facsimile: (619) 699-2701
6  Email:     christopher.young@dlapiper.com
              isabella.neal@dlapiper.com
7             oliver.kiefer@dlapiper.com

8  BARDIS VAKILI – 247783
   JONATHAN MARKOVITZ – 301767
9  ACLU FOUNDATION OF SAN DIEGO &
   IMPERIAL COUNTIES
10 2760 Fifth Avenue, Suite 300
   San Diego, California 92103-6330
11 Telephone: (619) 232-2121
   Email:     bvakili@aclusandiego.org
12            jmarkovitz@aclusandiego.org

13 Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[3903205.1]                                        Case No. 3:20-cv-00406-AJB-WVG
DECLARATION OF REANNA LEVY IN SUPPORT OF PLAINTIFFS' MOTIONS FOR
PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

# DECLARATION OF REANNA LEVY

I, Reanna Levy, declare:

1. I have personal knowledge of the matters set forth herein, and if called as a witness, I could and would competently so testify.

2. I have been incarcerated at the San Diego County Jail ("the Jail") approximately eight times since 2006. Most recently, I was incarcerated at Las Colinas Detention and Reentry Facility from June 27, 2018 until February 3, 2022. I was serving a local sentence in the Jail. I was housed in module 4A, which is a high security unit. My booking number was 18140314. During that time, I also spent about three months in jail in San Bernardino for a separate case and another three months at fire camp. On February 3, 2022, the Jail released me from custody and I currently reside in San Diego, California with my family. I am 39 years old.

3. I have depression and accessed mental health services in the Jail. While incarcerated, I took Wellbutrin to treat my depression. The Jail failed to provide me with adequate mental health care. Although I received psychiatric medication at the Jail, I was unable to see a mental health clinician in a confidential environment. My appointments with a clinician were always at my cell door. Because my module 4A was a high security unit, deputies were also present during my mental health contacts. The clinician stood outside my cell, while I was inside. A deputy stood right next to the clinician and was able to hear all of our conversations. At most, these cell-side encounters lasted five minutes.

4. The short non-confidential appointments made it extremely difficult for me to discuss my feelings truthfully. My father passed away in June 2020. His passing has deeply affected my mental health, but I was unable to speak about it openly because my meetings with clinicians were rushed and occurred cell-front. I did not want other incarcerated people, let alone custody staff, to hear me talk about my depression, family, and personal life. I also worried deputies would reveal my confidential information to others, which could place my personal safety at risk.

[3888289.1]                                                                   1

Attached hereto as **Exhibit A** are true and correct copies of mental health progress notes from my Jail medical records indicating that sessions with mental health staff occurred cell front or with a deputy present.

5. My module 4A was an overflow unit for individuals meant to be housed in the Psychiatric Security Unit ("PSU"). The PSU at the Jail is a short-term housing unit for people experiencing severe mental health crises. A deputy informed me that the PSU was full and that is why many of these people were housed in my module, awaiting placement in the PSU. I witnessed many incarcerated women suffer psychotic breaks. Some women smeared feces over the walls and doors of their cells. The overflow individuals waiting for placement in the PSU had the same restrictions as high level security individuals in my unit, which meant they could not leave their cells often, had little opportunity to program, and mental health contacts were non-confidential.

6. Many other incarcerated women in my unit started to have mental breakdowns after being in their cells for days at a time. I heard them scream from their cells. I saw that clinicians would come and speak with these women cell-side.

7. The Jail needs to make confidential mental health appointments a priority. I believe that my depression would have been less severe had I been able to have confidential visits with mental health staff at the Jail. I also believe that other people's suffering would be less severe and better addressed if individuals in my unit received more confidential mental health appointments. When I left my unit, it felt like it was a revolving door of people going into and out of mental health crises.

/ / /
/ / /
/ / /
/ / /
/ / /

[3888289.1]

2

8. I agreed to be a class representative in this case because I want to help improve the medical, dental, and mental health care at the Jail, ensure that incarcerated people with disabilities are accommodated and treated fairly, and help make the Jail safe and secure for all incarcerated people. I have been cooperating fully with my counsel and am responding to all requests for information to the best of my ability and recollection, and will continue to do so in the future. My lawyers keep me updated on the progress of this case, and I will review all materials provided to me and provide my input to the best of my ability. When I have questions about the case, I will ask the attorneys for help to understand everything to the best of my ability.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration is executed at ____San Diego____, California this __28__ day of April, 2022

DocuSigned by:

*R L*
692A7DA394C045F...

Reanna Levy

[3888289.1]                                                     3

# EXHIBIT A
**Filed Under Seal**