```
 1  GAY CROSTHWAIT GRUNFELD – 121944
    VAN SWEARINGEN – 259809
 2  PRIYAH KAUL – 307956
    ERIC MONEK ANDERSON – 320934
 3  HANNAH M. CHARTOFF – 324529
    ROSEN BIEN GALVAN & GRUNFELD LLP
 4  101 Mission Street, Sixth Floor
    San Francisco, California 94105-1738
 5  Telephone:  (415) 433-6830
    Facsimile:  (415) 433-7104
 6  Email:      ggrunfeld@rbgg.com
                vswearingen@rbgg.com
 7              pkaul@rbgg.com
                eanderson@rbgg.com
 8              hchartoff@rbgg.com

 9  AARON J. FISCHER – 247391
    LAW OFFICE OF
10  AARON J. FISCHER
    2001 Addison Street, Suite 300
11  Berkeley, California 94704-1165
    Telephone:  (510) 806-7366
12  Facsimile:  (510) 694-6314
    Email:      ajf@aaronfischerlaw.com
13
    (additional counsel on following page)
14
    Attorneys for Plaintiffs
15
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**PLAINTIFFS' NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge:   Hon. Anthony J. Battaglia<br><br>Trial Date:   None Set |

(*counsel continued from preceding page*)

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California  92101-4297
Telephone:  (619) 699-2700
Facsimile:   (619) 699-2701
Email:         christopher.young@dlapiper.com
                   isabella.neal@dlapiper.com
                   oliver.kiefer@dlapiper.com

BARDIS VAKILI – 247783
JONATHAN MARKOVITZ – 301767
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
2760 Fifth Avenue, Suite 300
San Diego, California  92103-6330
Telephone:  (619) 232-2121
Email:         bvakili@aclusandiego.org
                   jmarkovitz@aclusandiego.org

[3899376.3]

Case No. 3:20-cv-00406-AJB-WVG
PLAINTIFFS' NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO FILE UNDER SEAL

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Darryl Dunsmore, Ernest Archuleta, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, and Laura Zoerner, on behalf of themselves and all persons similarly situated (collectively, "Plaintiffs"), pursuant to Civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), hereby bring this administrative motion to file under seal certain documents filed in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification.

This Administrative Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and the Declaration of Van Swearingen in Support of Plaintiffs' Administrative Motion to File Under Seal.

DATED: May 2, 2022                Respectfully submitted,

                                  ROSEN BIEN GALVAN & GRUNFELD LLP

                                  By: /s/ Van Swearingen
                                      Gay Crosthwait Grunfeld
                                      Van Swearingen
                                      Priyah Kaul
                                      Eric Monek Anderson
                                      Hannah M. Chartoff

                                  Attorneys for Plaintiffs*

*Additional counsel on caption page

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), Plaintiffs respectfully request that the Court enter an order allowing Plaintiffs to file under seal the following documents filed in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification:

- Exhibits A-M to Declaration of Plaintiff Anthony Ray Edwards
- Exhibits A-B to Declaration of Cedrick Jones
- Exhibits A-L to Declaration of Plaintiff Christopher Nelson
- Exhibits A-B to Declaration of Plaintiff Christopher Norwood
- Exhibits A-E to Declaration of Daniel Webb
- Exhibits A-M to Declaration of Plaintiff Darryl Lee Dunsmore
- Exhibits A-H to Declaration of David Francis Smith III
- Exhibits A-G to Declaration of Plaintiff Ernest Archuleta
- Exhibits A-D to Declaration of Gary Bartlett
- Exhibits A-C to Declaration of Gustavo Sepulveda
- Exhibits A-B to Declaration of James Clark
- Exhibits A-E to Declaration of Jose Antonio Lopez
- Exhibits A-B to Declaration of Joshua Roberts
- Exhibit A to Declaration of Katrina Rios
- Exhibits A-C to Declaration of Mark Baker
- Exhibits A-B to Declaration of Michael Keavney
- Exhibit A to Declaration of Reanna Levy

## I. THERE ARE COMPELLING REASONS TO SEAL THESE DOCUMENTS AND THE BALANCE OF INTERESTS WEIGH IN PLAINTIFFS' FAVOR

The Court may seal documents when it finds "a compelling reason and articulate[s] the factual basis for its finding." *Ctr. for Auto Safety v. Chrysler Grp.,*

*LLC*, 809 F.3d 1092, 1096-97, 1101 (9th Cir. 2016).  In deciding whether to grant a motion to seal, the Court also must balance the competing interests of the public and the party who seeks to seal the documents.  *Id*. at 1097.

     Plaintiffs' request to seal is narrowly tailored to a single category of documents:  incarcerated individuals' medical records.  *See* Declaration of Van Swearingen in Support of Plaintiffs' Administrative Motion to File Under Seal ("Swearingen Sealing Decl.") ¶ 2.  These records contain private, sensitive information about individuals' medical and mental health histories, conditions, diagnoses, and treatments.  *Id.* ¶ 3.  The records include, for example, notes describing contacts between incarcerated individuals and medical and mental health staff at San Diego County Jail ("Jail"), during which individuals may have discussed symptoms of illnesses or mental health concerns.  *Id.*  The records also include medical grievances submitted by incarcerated individuals that were maintained by the Jail in individuals' medical files.  *Id.*  This Court has granted requests to seal similar records in other cases.  *See, e.g., Covert v. City of San Diego*, No. 15-CV-2097-AJB (WVG), 2016 WL 7117364, at *3 (S.D. Cal. Dec. 6, 2016) (granting motion to seal where documents included "discussions regarding Plaintiff's mental health [and] communications with mental health providers").

     Plaintiffs seek to seal only those documents necessary to protect the sensitive medical information of incarcerated people.  Nearly all of the documents at issue were produced to Plaintiffs' counsel by the Jail upon request and submission of signed medical release forms.  *Id.* ¶ 4.  They only exceptions are Exhibits F-H to the Declaration of David Francis Smith III and Exhibits A-B to the Declaration of Michael Keavney, which are copies of medical grievances submitted by Messrs. Smith and Keavney and the Jail's responses to certain of those grievances.  *Id.* ¶ 5.  These documents were provided by Messrs. Smith and Keavney to Plaintiffs' counsel but are very similar to the types of documents maintained by the Jail in incarcerated individuals' medical files.  *Id.*; *compare* Exhibits F-G to the

Declaration of Anthony Ray Edwards (medical grievance produced by Jail) *and* Exhibits F-H to the Declaration of David Francis Smith III (medical grievances provided to Plaintiffs' counsel by Mr. Smith). All other papers filed in connection with Plaintiffs' Motions for a Preliminary Injunction and Provisional Class Certification besides those listed above remain publicly available in unredacted form.

      Plaintiffs submit the medical records at issue to demonstrate the harm to which incarcerated people have been wrongfully subjected at the Jail. *Id.* ¶ 2. Disclosure of the records may expose these individuals to substantial harm and personal embarrassment. *Id*. It also would undermine these individuals' medical privacy interests. *See* Health Insurance Portability and Accountability Act (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 (1996). The public, conversely, has minimal interest in the intimate details of these individuals' physical and mental health. Incarcerated individuals' compelling interest in protecting their sensitive medical information thus far outweighs any public interest in disclosure. *See Shriners v. United States*, No. 14-CV-1437 AJB (KSC), 2017 WL 3412299, at *3 (S.D. Cal. Aug. 8, 2017) ("balancing the need for the public's access to information regarding private medical information against Plaintiffs' need for confidentiality weigh strongly in favor of sealing").

      In filing this motion, Plaintiffs' counsel have complied with Civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j). Swearingen Sealing Decl. ¶ 6.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this administrative motion to seal.

DATED: May 2, 2022          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
Gay Crosthwait Grunfeld
Van Swearingen
Priyah Kaul
Eric Monek Anderson
Hannah M. Chartoff

Attorneys for Plaintiffs*

*Additional counsel on caption page