SHARON L. HIGHTOWER (SBN: 129874)
LAURA E. MALKOFSKY (SBN: 142536)
ERICKSEN ARBUTHNOT
210 North Fourth Street, Suite 350
San Jose, CA 95112
Tel: (408) 286-0880
Fax: (408) 286-0337
shightower@ericksenarbuthnot.com
lmalkofsky@ericksenarbuthnot.com

MARILYN R. MORIARTY (SBN: 89818)
LEWIS BRISBOIS BISGAARD AND SMITH
701 B Street, Suite 1900
San Diego, CA 92101
(619) 233-1006
Marilyn.moriarty@lewisbrisbois.com

Attorneys for Defendant
LIBERTY HEALTHCARE, CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| DARRYL DUNSMORE, EARNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPT., and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 3:20-cv-00406-AJB-WVG <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LIBERTY HEALTHCARE, CORPORATION'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CIVIL CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF [FRCP 12(b)(6)]** <br><br> **Jury Trial Demanded** <br><br> **NO HEARING DATE REQUIRED PER CHAMBER RULES** <br><br> **NO ORAL ARGUMENT UNLESS ORDERED BY THE COURT** <br><br> Judge: Hon. Anthony J. Battaglia Mag. Magistrate: Hon. William V. Gallo |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant, Liberty Healthcare, Corporation ("Liberty") hereby submits this memorandum of points and authorities in support of its Motion to Dismiss the Sixth and Eighth causes of action against it in the Second Amended Complaint pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

### I.    INTRODUCTION

This purported class action lawsuit filed by Plaintiffs on behalf of themselves and all others similarly situated, is brought by various persons who have been, or are presently, incarcerated in the San Diego County jail facilities. Defendants consist of two groups: (1) "The County Defendants", made up of the County of San Diego and the Sheriff's Department; and (2) "The Contractor Defendants", made up of various entities who have contracted with the County Defendants to provide either medical, dental or mental health care to individuals incarcerated in the San Diego County jail facilities. Defendant and moving party Liberty, is one of the Contractor Defendants. Liberty is a Pennsylvania corporation that provides mental health care staffing and services at the County jails pursuant to a contract with the County.

Very generally, Plaintiffs allege that the numerous defendants have failed to provide them with proper medical, mental health and dental care, failed to maintain adequate records, failed to provide confidential medical care, and discriminated against incarcerated patients with disabilities, among other allegations. Liberty denies all of Plaintiffs' allegations against it. Plaintiffs have named Liberty in six out of the fifteen causes of action included in the Second Amended Complaint ("SAC").

In this motion, Liberty seeks to dismiss the Sixth Cause of Action for Violation of the Americans with Disabilities Act (42 U.S.C. §§12181-12189) and the Eighth Cause of Action for Violation of the Unruh Civil Rights Act (Cal. Civ. Code §§51 *et. seq.*) on the grounds that neither cause of action alleges facts sufficient to state a cause of action against it.

### II.    PROCEDURAL PROCESS

The initial complaint in this case was filed by Plaintiff, Daryl Dunsmore, on March 2, 2020, against a number of defendants. [ECF1] Plaintiff Dunsmore filed his First Amended

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF LIBERTY HEALTHCARE, CORP.'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Complaint on July 23, 2020. [ECF 19]  Liberty was not named in either of the first two renditions of the complaint.  A Second Amended Complaint ("SAC") was filed on February 9, 2022, by eight named Plaintiffs as a class action seeking declaratory and injunctive relief.  [ECF 81] The SAC is the first iteration of the Complaint that includes Liberty as one of numerous defendants.

Plaintiffs have now filed a voluminous Motion for Preliminary Injunction and Provisional Class Certification despite the fact that the initial pleadings have not yet been settled.  At this point, Plaintiffs' Second Amended Complaint does not provide Liberty with adequate notice of the causes of action to which it will be held to respond due to the lack of factual allegations adequately stating causes of action.

## III.    STANDARD FOR MOTION TO DISMISS

### A.  To Survive A Motion to Dismiss, A Complaint Must Plead Factual Content That Allows The Court To Draw The Reasonable Inference That The Defendant Is Liable For The Misconduct Alleged

Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.,* 729 F.3d 953 (9th Cir. 2013). FRCP 12(b)(6) is read in conjunction with FRCP Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013) (quoting in part *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570(2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." Iqbal, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Thus, "bare assertions…amounting to nothing more than a 'formulaic recitation of the elements'…are not entitled to an assumption of truth." *Ashcroft,* 129 S. Ct. at 1951  (quoted in *Moss v. United States Secret Serv*., 572 F.3d 962, 2009 U.S. App. LEXIS 15694, (9th Cir. 2009)).

A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).

A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Leave to amend may be denied if it is clear that the deficiencies of the complaint cannot be cured by amendment. *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir. 1980).

### B. Where There Are Multiple Defendants, Each Defendant's Conduct Is to Be Individually Evaluated

42 U.S.C. § 1983 provides an individual the right to sue state government employees and others acting "under color of state law" for civil rights violations.  Under §1983 jurisprudence, there is no vicarious or group liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Palmer v. Sanderson*, 9 F.3d 1433, 1437-1438 (9th Cir. 1993).  Similarly, under state tort law there is no vicarious liability. (Cal. Gov't Code §820.8). Where there are multiple defendants, the inquiry into causation and liability is individualized and focused upon the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused constitutional deprivation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

## IV.    ARGUMENT

### A. The Sixth Cause of Action For Violation of the Americans With Disabilities Act, Fails To State Facts Sufficient To State A Claim Against Liberty

The SAC contains 191 pages of general allegations before setting forth the causes of action against the Defendants.  Section III of the general allegations in the SAC is entitled: "Defendants Discriminate Against, Fail to Accommodate, and Violate the Constitutional  and Statutory Rights of Incarcerated People with Disabilities."  The section includes paragraphs 212 – 271 (pages 109-133 of the SAC.)  Presumably, this is where Liberty would find the factual allegations asserted against it regarding its discrimination of disabled inmates so that it can intelligently defend itself in this case.  This section is too voluminous to quote verbatim below,

but suffice it to say that in these 59 paragraphs over 24 pages, ***there is not a single sentence that specifically mentions an act or omission by Liberty.*** Instead, Plaintiffs allegations are made against the "CONTRACTOR DEFENDANTS", as a whole, which includes defendants Correctional Healthcare Partners, Inc., Tri-City Medical Center, Mid-America Health, Inc., Logan Haak, M.D., Inc., and Liberty, with Liberty being the only entity responsible for mental health care out of the group.

The general allegations against the Plaintiffs' that supposedly relate to the CONTRACTOR DEFENDANTS' alleged discrimination against inmates with disabilities consists of the following conclusory allegations:

    A.  The Jail lacks Adequate Policies and Practices to Identify and Track Incarcerated People with Disabilities (SAC 11:3-114:1);

    B.  The Jail Fails to Accommodate Incarcerated People with Hearing and Speech Disabilities (SAC 114:2-117:17);

    C.  The Jail Routine Fails to Provide Assistive Devises to Incarcerated People with Disabilities (SAC 117:18-121:4);

    D.  The Jail Fails to Provide Equal Access to Programs and Services, Including Safe and Accessible Facilities, to Incarcerated People with Disabilities (SAC 121:5-125:21);

    E.  The Jail Lacks an Effective Procedure for Incarcerated People to Request Reasonable Disability Accommodations (SAC 125:22-130:21); and,

    F.  People with Disabilities are Subjected to Dangerous Conditions in the Jail (SAC 130:22-133:24).

There is virtually  no discussion in these 24 pages relating to mental health treatment, which is the only treatment that Liberty provides to inmates.  In fact, the one example set forth in this section of the SAC that even mentions an inmate's mental health treatment is an example where an in-person interpreter provided to a deaf inmate was present, but prevented by *Jail staff* from communicating with the inmate because the inmate's hands were handcuffed to a bar in the room, making it impossible for him to use ASL:

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF LIBERTY HEALTHCARE, CORP.'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED  COMPLAINT

For example, Plaintiff LOPEZ, who is Deaf and uses ASL to communicate, was booked into Vista on or around October 8, 2019. LOPEZ was not provided a sign language interpreter during the booking process; instead, he was forced to communicate with medical staff via written notes, a method of communication that is less effective for him. During the intake process, a deputy was dispatched to sign with LOPEZ, but the deputy lacked the skill and qualifications to effectively communicate with Deaf individuals. Later, LOPEZ attended an initial mental health appointment during which custody staff handcuffed him to a bar in the room, which made it impossible for him to use his hands to sign effectively with the in-person interpreter about his mental health.  (SAC 114:19-28).

Other than this one reference to mental health treatment, the section of the SAC that raises issues of ADA discrimination contains absolutely no allegations against Liberty whatsoever.

With respect to the Sixth Cause of Action itself, found at SAC pp. 199:14-200:6, it contains nothing more than inadequate boilerplate and conclusive allegations:

> 422. By their policies and practices described above, CONTRACTOR DEFENDANTS violate Title III of the ADA, 42 U.S.C. §§ 12181-12189, by discriminating against individuals with disabilities on the basis of disability, in the full and equal enjoyment of CONTRACTOR DEFENDANTS' goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(a); 28 C.F.R., Part 36.

By lumping Liberty into these vague allegations against the "CONTRACTOR DEFENDANTS", Plaintiffs have failed to plead the required factual content that would allow a court to draw a reasonable inference that Liberty is liable for the misconduct alleged in the Sixth Cause of Action. Without facts alleging that Liberty discriminated against disabled inmates, the Sixth Cause of Action is deficient on its face and must be dismissed as to Defendant Liberty.

**B.  The Eighth Cause of Action For Violation of the Unruh  Civil Rights Act, Fails To State Facts Sufficient To State A Claim Against Liberty**

Plaintiffs face the same problem with the Eighth Cause of Action as they do with the Sixth Cause Action, at least with respect to Liberty.  In fact, the Eighth Cause of Action is essentially a repackaging of the Sixth Cause of Action.  Here, Plaintiffs contend that Calif. Civ. Code §51(b) provides that "all persons within the jurisdiction of this state are free and equal, and no matter

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF LIBERTY HEALTHCARE, CORP.'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED  COMPLAINT

what their . . . disability or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." (SAC 201:11-15)  In other words, "[p]ursuant to  California Civil Code §51(f), a violation of the ADA also constitutes a violation of California Civil Code §§51 *et seq*." (SAC 201:16-17)

The Eighth Cause of Action relies on the same general allegations discussed in the argument above regarding the Sixth Cause of Action.  As established above, there are no allegations that mention Liberty, and no examples related to any mental health care that Liberty provides to inmates, in the entire 24 pages of the SAC devoted to alleged facts establishing that the Defendants' discriminated against disabled inmates.

As for the text of the Eighth Cause of Action itself, like the Sixth Cause of Action, Plaintiffs once again rely on vague and conclusory allegations that fail to state a claim of any sort against Liberty:

> 428. PLAINTIFFS re-allege and incorporate by reference herein all allegations previously made in paragraphs 1 through 427 above.
>
> 429. California Civil Code § 51(b) provides in pertinent part that "All persons within the jurisdiction of this state are free and equal, and no matter what their…disability or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."
>
> 430. Pursuant to California Civil Code § 51(f), a violation of the ADA also constitutes a violation of California Civil Code §§ 51 et seq.
>
> 431. Defendants own, operate, and/or manage business establishments within the meaning of the Unruh Civil Rights Act.
>
> 432. Defendants provide services, privileges, advantages and accommodations to the general public. Defendants have failed and refused to provide PLAINTIFFS with full and equal access to and enjoyment of the benefits of their goods, services, facilities, benefits, advantages, and accommodations, and have done so by reason of PLAINTIFFS' disabilities.

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF LIBERTY HEALTHCARE, CORP.'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED  COMPLAINT

433. Defendants have discriminated against persons with disabilities in violation of California Civil Code §§ 51 et seq. by failing to operate their facilities and services in full compliance with the requirements of the ADA as set forth above.

434. Defendants, by their actions and inactions alleged in this Complaint, have directly discriminated against persons with disabilities.

453. The actions of Defendants were and are in violation of the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq., and therefore PLAINTIFFS and the Incarcerated People with Disabilities Subclass are also entitled to injunctive relief and reasonable attorneys' fees, costs and expenses.

WHEREFORE PLAINTIFFS and the Incarcerated People with Disabilities Subclass they represent request relief as outlined below.
(SAC, 201:9-202:7).

The SAC fails to allege any facts that support the conclusory allegations contained in the Eighth Cause of Action that Liberty allegedly violated the Unruh Act by discriminating against disabled inmates. There are no facts alleging that Liberty failed to track incarcerated people with disabilities. There are no facts alleging that Liberty failed to accommodate hearing and/or speech disabled inmates. There are no facts contending that Liberty failed to provide assistive devices, or access to programs and services to disabled inmates, and there are no facts contending that Liberty subjects the disabled inmates it serves to dangerous conditions at its facilities. Without the required factual allegations against Liberty, the Eighth Cause of Action fails to state facts sufficient to allege a valid cause of action against Liberty for discrimination of disabled inmates. As such, it must be dismissed as to Liberty.

## V.    CONCLUSION

For the reasons set forth above, Defendant Liberty Healthcare, Inc. requests that this Court dismiss the Sixth Cause of Action for Violation of the Americans with Disabilities Act and the Eighth Cause of Action for Violation of the Unruh Act as they pertain to it.

DATED: May 3, 2022

Respectfully submitted,

ERICKSEN ARBUTHNOT

Sharon L. Hightower
Laura E. Malkofsky
Attorneys for Defendant
LIBERTY HEALTHCARE,
CORPORATION

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF LIBERTY HEALTHCARE, CORP.'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED  COMPLAINT

CASE NAME: DUNSMORE v. SAN DIEGO COUNTY SHERIFF'S DEPARTMENT
ACTION NO: 3:20-cv-00406-AJB-WVG

## CERTIFICATE OF SERVICE

I declare that I am employed in the County of Santa Clara, California.  I am over the age of eighteen (18) years and not a party to the within cause; my business address is 210 No. Fourth Street, Suite 350, San Jose, CA 95112.

I served the attached: *MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LIBERTY HEALTHCARE, CORPORATION'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CIVIL CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF [FRCP 12(b)(6)]* on the interested parties in said cause, using the following method:

/ /    (**BY MAIL**) I placed each sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at San Jose, California, following ordinary business practices. I am readily familiar with the practice of ERICKSEN ARBUTHNOT for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

/ /    (**BY PERSONAL SERVICE**) I caused each such envelope to be delivered by hand to the addressee(s) noted below.

/ /    (**BY FEDERAL EXPRESS**) The foregoing document was placed in a sealed envelope provided by Federal Express/UPS, designated as overnight (delivery by next business day) with delivery fees paid or provided for and addressed as stated below.  I deposited such envelope in the Federal Express/UPS collection box at 210 North Fourth Street, San Jose, California.

/ /    (**BY FACSIMILE**)  I caused the said document to be transmitted by facsimile  machine to the facsimile number indicated after the address(es) noted below.  Such transmission was verified as complete and without error.

/XX/    (**BY ELECTRONIC SERVICE**) Based on a court order or an agreement of the parties to accept  service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below. OR: The above-described document(s) will be delivered electronically through the Court's electronic filing system.

/ /    (**ELECTRONIC SERVICE VIA ONE LEGAL**) Based on a court order or an  agreement of the  parties to accept service by electronic transmission, I caused the above-entitled document to be served  through One Legal at www.onelegal.com addressed to all parties appearing on the electronic service list  for the above-entitled case. The service transmission was reported as complete and a copy One Legal  Receipt Page/ Confirmation will be filed, deposited or maintained with the original document in this  office. All parties that do not appear on the electronic service list will be sent a copy by US Mail.

## ATTORNEYS FOR PLAINTIFF DARRYL DUNSMORE:

Christopher M. Young

DLA Piper US

401 B Street

Suite 1700

San Diego, CA 92101-4297

P: (619) 699-2700/ Fax: (619) 699-2701

Email: christopher.young@dlapiper.com

//

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF LIBERTY HEALTHCARE, CORP.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED  COMPLAINT

Gay Crosthwait Grunfeld
Rosen Bien Galvan & Grunfeld, LLP
101 Mission Street
Sixth Floor
San Francisco, CA 94105
P: 415-433-6830 / Fax: 415-433-7104
Email: ggrunfeld@rbgg.com

Isabella Maria Neal
4084 Eagle Street
Apartment B
San Diego, CA 92103
360-915-3920
Email: isabella.neal@us.dlapiper.com

Oliver M. Kiefer
DLA Piper LLP (US)
401 B Street
Suite 1700
San Diego, CA 92101
619-699-2781
Email: oliver.kiefer@us.dlapiper.com

Aaron J. Fischer
Law Office of Aaron J. Fischer
2001 Addison Street
Suite 300
Berkeley, CA 94704
510-806-7366
Fax: 510-694-6314
Email: ajf@aaronfischerlaw.com

Bardis Vakili
ACLU Foundation of San Diego & Imperial Counties
P.O. Box 87131
San Diego, CA 92138-7131
(619) 232-2121 / Fax: (619) 232-0036
Email: bvakili@aclusandiego.org

Eric D. Monek Anderson
Rosen Bien Galvan & Grunfeld LLP
101 Mission Street
Sixth Floor
San Francisco, CA 94105
415-433-6830
Email: eanderson@rbgg.com

- 11 -

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF LIBERTY HEALTHCARE, CORP.'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

Jonathan Paul Markovitz
ACLU of San Diego & Imperial Counties
P.O. Box 87131
San Diego, CA 92138
619-232-2121 / Fax: 619-232-0036
Email: jmarkovitz@aclusandiego.org

Priyah Kaul
Rosen Bien Galvan & Grunfeld LLP
101 Mission Street
Sixth Floor
San Francisco, CA 94105
415-433-6830
Email: pkaul@rbgg.com

***ATTORNEY FOR PLAINTIFFS:***
*Josue Lopez, Christopher Nelson, Reanna Levy,*
*Christopher Norwood, Ernest Archuleta, Anthony Edwards,*
*Laura Zoerner*

Richard Van Swearingen
Rosen Bien Galvan & Grunfeld, LLP
101 Mission Street
Sixth Floor
San Francisco, CA 94105
415-433-6830
Fax: 415-433-7104
Email: vswearingen@rbgg.com

**ATTORNEY FOR DEFEDANT SD SHERIFF DEPT.:**
Ronald Lenert
County of San Diego Office of County Counsel
1600 Pacific Highway, Room 355
San Diego, CA 92101
(619) 531-4860 Fax: 619-531-6005
E-mail: Ronald.;emert@sdcounty.ca.gov

**ATTORNEY FOR DEFENDANT MID-AMERICA HEALTH, INC.**
Christopher Thomas Grohman
Taft Stettinius & Hollister LLP
111 East Wacker, Suite 2800
Chicago, IL 60601
(312) 515-7313
E-mail: egrohman@taftlaw.com

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF LIBERTY HEALTHCARE, CORP.'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

1    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 3, 2022, at San Jose, California.

2

3

4                                                            *Jennifer L. Sharpe*
                                                              JENNIFER L. SHARPE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF LIBERTY HEALTHCARE, CORP.'S
MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT