Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendants
COUNTY OF SAN DIEGO (Also erroneously sued herein as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, and SAN DIEGO COUNTY PROBATION DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**DECLARATION OF SUSAN E. COLEMAN IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER EXTENDING BRIEFING SCHEDULE ON PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION** |

I, SUSAN E. COLEMAN, declare as follows:

1. I am admitted in this Court and the State of California. I am a partner at Burke, Williams & Sorenson, LLP, and I am counsel of record for Defendants

1  COUNTY OF SAN DIEGO (also erroneously sued herein as SAN DIEGO
2  COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY
3  PROBATION DEPARTMENT), in this case.
4      2.    I have personal knowledge of the matters set forth herein, except as to
5  those matters stated on information and belief, and would competently testify
6  thereto if called and sworn as a witness.
7      3.    On May 2, 2022, Plaintiffs Ernest Archuleta, Darryl Dunsmore,
8  Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher
9  Norwood, and Laura Zoerner filed their voluminous motion for preliminary
10 injunction and provisional class certification (Dkt 119).
11     4.    The Court thereafter issued an order (Dkt 124) setting the hearing for
12 June 16, 2022, at 2:00 p.m. and the briefing schedule as follows: the responses due
13 by May 16, 2022, and replies due by May 23, 2022.
14     5.    After meeting and conferring with Counsel, Plaintiffs' counsel would
15 not agree to stipulate to <u>any</u> extension of time to file an Opposition brief and
16 supporting papers unless the County agreed to certification of a class of all jail
17 arrestees and prisoners.
18     6.    While all counsel agreed to additional pages for Plaintiffs' Motion for
19 Preliminary Injunction, and the responsive papers to same, it was never disclosed
20 by Plaintiffs' counsel that they would also be moving for provisional certification
21 or that they would be filing nearly 2,000 pages in support of their motion including
22 declarations and exhibits from numerous experts, former staff, prisoners, and
23 counsel.  The extent of the brief - and the broad relief requested – was never
24 disclosed.  The Southern District Local Rules do not require the parties to meet and
25 confer; however, if Defendants' counsel had some warning of the size and type of
26 motion Plaintiffs intended to file, they would have sought to negotiate additional
27 time to respond when Plaintiff's counsel sought extra pages for their motion.
28 ///

7. The current deadline of May 16, 2022 date is not feasible for Defendant County to file its Opposition papers given the sheer volume of materials and topics to address. Plaintiffs' motion with exhibits exceeds 1500 pages (without counting the medical records filed under seal and those accompanying pleadings). This includes 4 lengthy expert declarations with exhibits (Austin – 49 pages; Stewart – 70 pages; Cohen – 31 pages; and Sanossian – 5e pages), 2 declarations from former jail health care workers (referred to as whistleblowers) – Alonso (22 pages) and Evans (17 pages), and 23 inmate declarations with specific allegations and exhibits in support. In addition to Plaintiffs' 45 page Motion for Preliminary Injunction, they also filed a Request for Judicial Notice, Declaration of counsel Van Swearingen (1055 pages), a Motion to file documents under seal, and a detailed proposed order granting the relief sought.

8. Defense counsel needs time to review Plaintiffs' motion and supporting evidence with a fine tooth comb, and to conduct an investigation to compile exhibits and declarations in opposition to the motion. Plaintiffs attack an enormous swath of issues within the County's jail system including but not limited to medical care, mental health care, dental care, conditions of confinement, safety of inmates (safety checks, housing assignments, racial tensions), access to courts, disability accommodations, access to programming, use of force, maintenance issues (call buttons, toilets), issues with video surveillance, body scanners, prevention and treatment of drug use and overdoses, and <u>many</u> other issues.

9. It will take time in order to retrieve and compile documents such as policies, maintenance records, logs medical reports, incident reports, photos and video, to respond to Plaintiffs' allegations. With this evidence, we also need to prepare authenticating declarations, coordinate with experts to review evidence and provide declarations, and draft declarations of staff explaining policy and practice and otherwise responding to Plaintiffs' wide-ranging allegations.

///

10. It is clear from the moving papers and declarations/exhibits, as well as from communications with Plaintiffs' counsel, that they have been investigating the County jails and speaking to staff and inmates and collecting evidence over at least the last year if not longer. Given the amount of time Plaintiffs had to prepare their moving papers, the extension sought by Defendant County is modest.

11. For the above reasons, I request a 30-day extension of time for Defendant County (and any other Defendants) to file their Opposition Brief and supporting exhibits, from May 16, 2022, to June 15, 2022. If this Court is not amenable to a 30-day extension, in the alternative Defendant seeks as much additional time as the Court is willing to provide (whether that is 2 or 3 weeks or some other amount of time).

12. This extension is not brought for purposes of delay or harassment. I am amenable to allowing Plaintiffs additional time in order to file their reply, if needed.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on May 4, 2022, at San Diego, California.


                                  */s/ Susan E. Coleman*
                                    Susan E. Coleman