GAY CROSTHWAIT GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
2001 Addison Street, Suite 300
Berkeley, California 94704-1165
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
Email: ajf@aaronfischerlaw.com

(*additional counsel on following page*)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS'** *EX PARTE* **APPLICATION FOR EXTENSION OF BRIEFING SCHEDULE ON PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge: Hon. Anthony J. Battaglia |

1   (*counsel continued from preceding page*)

2   CHRISTOPHER M. YOUNG – 163319
    ISABELLA NEAL – 328323
3   OLIVER KIEFER – 332830
    DLA PIPER LLP (US)
4   401 B Street, Suite 1700
    San Diego, California  92101-4297
5   Telephone:  (619) 699-2700
    Facsimile:   (619) 699-2701
6   Email:       christopher.young@dlapiper.com
                 isabella.neal@dlapiper.com
7                oliver.kiefer@dlapiper.com

8   BARDIS VAKILI – 247783
    JONATHAN MARKOVITZ – 301767
9   ACLU FOUNDATION OF SAN DIEGO &
    IMPERIAL COUNTIES
10  2760 Fifth Avenue, Suite 300
    San Diego, California  92103-6330
11  Telephone:  (619) 232-2121
    Email:       bvakili@aclusandiego.org
12               jmarkovitz@aclusandiego.org

13  Attorneys for Plaintiffs

So far during 2022, eight people have died at the San Diego County Jail (the "Jail"), a pace of approximately one death every two weeks—far in excess of the national average. Plaintiffs' 35-page brief[1] and supporting pleadings seek to address this immediate and continuing crisis by asking the Court for targeted and narrow relief in specific areas tied to some of the most egregious constitutional and ADA deficiencies at the Jail. Dkt. 119-1 ("Plaintiffs' Motion"). Defendants San Diego County Sheriff's Department and County of San Diego ("County Defendants")[2] have been aware since mid-March that Plaintiffs were preparing to move for a preliminary injunction and class certification to address the dangerous and deadly conditions at the Jail. An extension of time to respond is not warranted, especially given the irreparable harms that incarcerated people at the Jail will experience from any delay caused by extending the briefing and hearing schedule. Sadly, these are quite literally issues of life and death.

## I. County Defendants Have Been Aware of Plaintiffs' Motion Since Mid-March

Since filing the Second Amended Complaint on February 9, 2022, Plaintiffs have sought to advance this case to avoid costly and protracted litigation. Declaration of Van Swearingen ("Swearingen Decl.") ¶ 2. On March 15, 2022, after meeting in person with County Defendants' counsel, Plaintiffs' counsel provided them with proposals to quickly and efficiently address the ongoing harm to people incarcerated in the Jail. *Id.* Plaintiffs proposed that the parties stipulate to class

---

[1] County Defendants' application incorrectly asserts that Plaintiffs filed a 45-page brief. County Defendants also misstate the scope of Plaintiffs' Motion, claiming that Plaintiffs are attacking "dental care," "racial tensions," "access to courts," and many other issues. Defs.' App. at 3. The dental care, race-based, and access to courts claims in the SAC are not part of Plaintiffs' Motion and will be addressed later in the case.

[2] Neither Liberty Healthcare Corporation nor Correctional Healthcare Partners, Inc., the other two parties subject to Plaintiffs' Motion, have moved for or asked Plaintiffs for an extension of time to respond to Plaintiffs' Motion.

certification and agree to neutral experts to report on conditions at the Jail (similar to what has been done in other California county jail federal class actions). *Id.* In the same March 15 letter, Plaintiffs informed County Defendants that Plaintiffs were actively working on class certification. *Id.* On March 18, 2022, Plaintiffs sent County Defendants a draft protective order, which they declined to consider, stating it was premature. *Id.* ¶ 3, Ex. A. In response, Plaintiffs informed County Defendants that Plaintiffs may be "moving soon for a preliminary injunction." *Id.* On March 28, 2022, Plaintiffs' counsel stated that they would continue to work toward class certification while waiting for County Defendants to respond to the March 15 proposals.[3] *Id.* ¶ 4. On March 31, 2022, Plaintiffs reiterated this point to County Defendants' private law firm counsel, stating that "we will continue our work on class certification." *Id.* ¶ 5, Ex. B.

On April 5, 2022, Plaintiffs' counsel again wrote to County Defendants' private law firm counsel, stating: "The extraordinarily high death rate at the jail requires remedial actions before discovery would ordinarily open. We are preparing motions to address issues that expose incarcerated people to substantial risk of harm, including death." *Id.* On April 21, 2022, Plaintiffs' counsel and County Defendants' counsel met and conferred by telephone, at which time Plaintiffs' counsel stated that they would soon be moving for a preliminary injunction and provisional class certification. *Id.* ¶ 6. Counsel for County Defendants did not ask any questions about the content of the motion, nor did counsel raise scheduling concerns or request any scheduling accommodations. *Id.*

On April 22, 2022, the parties filed a joint motion requesting to exceed the regular page limits, stating that "Plaintiffs intend to file motions for a preliminary

---

[3] To date, County Defendants have not responded in writing to Plaintiffs' proposals regarding class certification, neutral expert reports, document preservation practices, and protective order language. Swearingen Decl. ¶ 9.

injunction *and for provisional class certification*."[4]  Dkt. 116 ("Joint Motion") at 1 (emphasis added).  The Joint Motion requested additional pages for all parties because Plaintiffs' Motion would seek "to address numerous issues with respect to Defendants' policies, procedures, practices, and training related to security, medical care, mental health care, disability access."  *Id.*  The parties agreed that briefing those issues would "involve significant factual discussion and legal analysis of several different claims."  *Id.*  The Joint Motion did not request additional time for briefing.  *Id.*

## II. The Facts and Much of the Evidence in Plaintiffs' Motion Are Well-Known to County Defendants, and Extending the Briefing Schedule is Likely to Result in Irreparable Harm

Plaintiffs' Motion concerns deficiencies in County Defendants' own policies, procedures, practices, and training that County Defendants have known about long before Plaintiffs' Motion.  Many of the reports cited in Plaintiffs' Motion and the supporting expert declarations were commissioned by County Defendants and have been in their possession for years.  *See, e.g.*, Dkt. 119-3 at ¶ 9 (2017 National Commission on Correctional Health Care report); *id.* at ¶ 8 (2018 Lindsay Hayes report); *id.* at ¶ 10 (2020 Community Oriented Correctional Health Services report).  County Defendants have already provided substantive public responses to other reports cited in Plaintiffs' Motion.  *See id.* at ¶ 7 (2018 Disability Rights California report); *id.* at ¶ 3 (2022 State Audit Report).  County Defendants are familiar with all of these reports, which provide the majority of the factual bases for the relief sought in Plaintiffs' Motion.  The other materials cited in and attached to Plaintiffs' Motion, such as the Sheriff's Department's own policies and procedures, public reports from the Citizens' Law Enforcement Review Board, news articles quoting Sheriff's Department officials, and internal records and reports, were either

---

[4] This text in the Joint Motion contradicts County Defendants' claim that Plaintiffs "never disclosed" to County Defendants "that they would also be moving for provisional certification."  *See* Defs.' App. at 2.

generated by County Defendants or already in their possession. The County and Sheriff's Department are billion-dollar agencies with adequate resources to timely respond. Plaintiffs' counsel raised all of these points in their meet and confer emails about County Defendants' present request for more time. Swearingen Decl. ¶ 7, Ex. C.

In stark contrast, any delay in resolving Plaintiffs' Motion risks irreparable harm to Plaintiffs. Last year, eighteen people died at the Jail—a rate that is triple the national average in jails—amounting to one death less than every three weeks. Plaintiffs' Motion at 1. This year, eight people have already died at the Jail in just over four months, for a rate of approximately one death every two weeks. *Id.* In addition to the extraordinary number of deaths, Plaintiffs' Motion seeks to address irreparable harms associated with the risk of drug overdose, untreated medical and mental health emergencies, unsafe and unmonitored housing units, and inaccessible housing and programs for people with disabilities. Since March, Plaintiffs' counsel has been sending emails to County Defendants' counsel raising serious and urgent issues at the Jail, including about issues affecting some of the declarants in Plaintiffs' Motion. *Id.* ¶ 8. County Defendants have delayed resolving the crisis in the Jail for years and have failed to respond to Plaintiffs' repeated attempts to facilitate timely resolution of this case. No further delay should be permitted.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  For the foregoing reasons, Plaintiffs respectfully request that the Court deny
2  County Defendants' *Ex Parte* Application and keep the present briefing schedule. If
3  the Court is inclined to provide County Defendants more time to respond, Plaintiffs
4  respectfully ask that the hearing date remain as set by the Court.

6  DATED: May 5, 2022                Respectfully submitted,

                                     ROSEN BIEN GALVAN & GRUNFELD LLP

                                     By: */s/ Van Swearingen*
                                         Van Swearingen

                                     Attorneys for Plaintiffs
                                     Email: vswearingen@rbgg.com