GAY CROSTHWAIT GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email:      ggrunfeld@rbgg.com
            vswearingen@rbgg.com
            pkaul@rbgg.com
            eanderson@rbgg.com
            hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
2001 Addison Street, Suite 300
Berkeley, California 94704-1165
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
Email:      ajf@aaronfischerlaw.com

(*additional counsel on following page*)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO COUNTY DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER EXTENDING BRIEFING SCHEDULE ON MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Date:  June 16, 2022<br>Time:  2:00 p.m.<br>Ctrm.: 4A<br><br>Judge: Hon. Anthony J. Battaglia |

(*counsel continued from preceding page*)

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
Email: christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

BARDIS VAKILI – 247783
JONATHAN MARKOVITZ – 301767
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
2760 Fifth Avenue, Suite 300
San Diego, California 92103-6330
Telephone: (619) 232-2121
Email: bvakili@aclusandiego.org
jmarkovitz@aclusandiego.org

Attorneys for Plaintiffs

I, Van Swearingen, declare:

1. I am an attorney duly admitted to practice before this Court. I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Opposition to County Defendants' *Ex Parte* Application for an Order Extending Briefing Schedule on Motions for Preliminary Injunction and Provisional Class Certification.

2. Since filing this case on February 9, 2022, Plaintiffs have sought to advance this case to avoid costly and protracted litigation. On March 15, 2022, I sent, via email, a letter to County Counsel attorneys Fernando Kish, Ronald Lenert, and Matthew O'Sullivan, counsel for the San Diego County Sheriff's Department and County of San Diego ("County Defendants"). That letter included proposals to quickly and efficiently address the ongoing harm to people incarcerated in the San Diego County Jail (the "Jail"). Plaintiffs proposed that the parties stipulate to class certification and agree to neutral experts to report on and propose remedies for conditions at the Jail. The letter identified numerous federal cases in which California counties avoided the costly and time-consuming discovery and motion practice of class certification by either stipulating to class certification or by submitting a statement of non-opposition to certification. The letter also stated that Plaintiffs would expedite our efforts to move for class certification if County Defendants would not agree in principle to Plaintiffs' proposals.

3. On March 18, 2022, I sent a proposed protective order to counsel for County Defendants. A true and correct copy of the email exchange between myself and counsel for County Defendants is attached hereto as **Exhibit A**. The same day I sent the proposed protective order, Fernando Kish, counsel for County Defendants, stated that "a protective order at this point is premature as discovery will not be open for some time." In response, I wrote that Plaintiffs may seek early discovery

and "may be moving soon for a preliminary injunction."

4. On March 28, 2022, counsel for County Defendants wrote that they needed a few more weeks to respond to the proposals in Plaintiffs' March 15, 2022 letter. In response, on March 28, I informed counsel for County Defendants that Plaintiffs would continue their work on class certification while awaiting County Defendants' response to Plaintiffs' proposals.

5. On March 31, 2022, by email, I reminded County Counsel and private law firm counsel for County Defendants of the efforts that Plaintiffs' counsel have taken to expedite the case and increase efficiency, including as to the preservation of documents, on-site expert inspections, responding to urgent and/or serious issues that require prompt attention from Jail staff, proposals for joint experts and class certification, and agreeing on protective order language. In my March 31, 2022 email, I reminded County Defendants' counsel that Plaintiff's counsel "will continue our work on class certification." A true and correct copy of that email exchange between myself and Susan E. Coleman, private law firm counsel for County Defendants, is attached hereto as **Exhibit B**. On April 5, 2022, I responded to Ms. Coleman's April 4, 2022 questions about Plaintiffs' proposals, in interlineated responses. *See* Ex. B. at 1. In response to Ms. Coleman's statement that addressing the protective order was premature, I wrote, "The extraordinarily high death rate at the jail requires remedial actions before discovery would ordinarily open. We are preparing motions to address issues that expose incarcerated people to substantial risk of harm, including death."

6. On April 21, 2022, counsel including myself and Ms. Coleman met and conferred by telephone, at which time I stated that Plaintiffs' counsel would soon be filing the motions for preliminary injunction and provisional class certification. During the discussion, I asked whether County Defendants would be amenable to increasing the pages for both Plaintiffs' and Defendants' briefing, and Ms. Coleman agreed. At no point during our conversations did Ms. Coleman ask any questions

about the scope or content of Plaintiffs' preliminary injunction or provisional class certification motions, including as to the requested relief or the number of supporting declarants. Following the call, I sent emails to Ms. Coleman as well as counsel for Defendants Liberty Healthcare Corporation ("Liberty") and Correctional Healthcare Partners, Inc. ("CHP") to request agreement on the request to increase the number of pages for briefing. In the emails that were circulated concerning the page limits for the preliminary injunction and provisional class certification motions, no defense counsel requested information about the scope of the motions or the timing of the briefing schedule. On April 22, 2022, Plaintiffs, County Defendants, Liberty, and CHP filed a joint motion requesting to exceed the Court's usual page limits in connection with Plaintiffs' preliminary injunction and provisional class certification motions. *See* Dkt. 116 ("Joint Motion"). The Joint Motion requested additional pages for all parties because Plaintiffs' Motion would seek "to address numerous issues with respect to Defendants' policies, procedures, practices, and training related to security, medical care, mental health care, disability access." The Joint Motion stated that briefing those issues would "involve significant factual discussion and legal analysis of several different claims." The Joint Motion did not request additional time.

7. Attached as **Exhibit C** is a true and correct copy of a May 2, 2022 email exchange between myself and Ms. Coleman concerning County Defendants' request for an extension of time to respond to Plaintiffs' motions for preliminary injunction and provisional class certification. In the meet and confer emails, I stated that Plaintiffs would not agree to County Defendants' request for an extension of time to respond to Plaintiffs' Motion. I pointed out that County Defendants commissioned or responded to the reports that provide the majority of the factual bases for the relief sought in Plaintiffs' Motion. I also pointed out that almost all of the other materials cited in and attached to Plaintiffs' Motion were either generated by County Defendants or already in their possession, and that the County and

Sheriff's Department are billion-dollar agencies with adequate resources to timely respond.

8. Since March 11, 2022, Plaintiffs' counsel has been emailing counsel for County Defendants to advise them of serious and urgent issues involving people incarcerated at the Jail and ask that they be resolved. Some of the emails have raised concerns relating to the care and treatment of certain declarants who filed supporting declarations in connection with Plaintiffs' Motion.

9. To date, County Defendants have not responded in writing to Plaintiffs' proposals regarding class certification, neutral expert reports, document preservation practices, and protective order language.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 5th day of May, 2022.

_____
Van Swearingen

# EXHIBIT A

**From:** Van Swearingen
**To:** Kish, Fernando; Lenert, Ronald; O"Sullivan, Matthew
**Cc:** Aaron Fischer; Christopher Young; Bardis Vakili
**Subject:** RE: Dunsmore: draft protective order [IWOV-DMS.FID75747]
**Date:** Friday, March 18, 2022 6:00:01 PM
**Attachments:** image001.jpg
image002.jpg

Hi Fernando,

We anticipate that we will make a request to the Court for early discovery, and may be moving soon for a preliminary injunction. Negotiating a mutually satisfactory protective order at this time will provide all parties ample time to work collaboratively, and will minimize the likelihood of a rushed process and/or a need to present disputes to the Court.

Van

---

**From:** Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>
**Sent:** Friday, March 18, 2022 4:11 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Lenert, Ronald <Ronald.Lenert@sdcounty.ca.gov>; O'Sullivan, Matthew <Matthew.O'Sullivan@sdcounty.ca.gov>
**Cc:** Aaron Fischer <ajf@aaronfischerlaw.com>; Christopher Young <christopher.young@dlapiper.com>; Bardis Vakili <BVakili@aclusandiego.org>
**Subject:** RE: Dunsmore: draft protective order [IWOV-DMS.FID75747]

[EXTERNAL] Notice: This message comes from an external sender.

Van:

As previously discussed, a protective order at this point is premature as discovery will not be open for some time. We will revisit this issue when the time comes.

Thank you,

Fernando Kish, Senior Deputy
Office of County Counsel
1600 Pacific Highway, Room 355
San Diego, California 92101
Tel: (619) 531-4713 | Cell: (619) 990-3671
Fax: (619) 531-6005 | MS: A12
Email: fernando.kish@sdcounty.ca.gov

**CONFIDENTIALITY NOTICE:** This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain information protected by the attorney-client privilege, the attorney work product doctrine or other applicable privileges or confidentiality laws or

Ex. A - 2

regulations. If you are not an intended recipient, you may not review, use, copy, disclose or distribute this message or any of the information contained in this message to anyone. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of this message and any attachments. Unintended transmission shall not constitute waiver of attorney-client or any other privilege.

---

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Friday, March 18, 2022 3:21 PM
**To:** Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Lenert, Ronald <Ronald.Lenert@sdcounty.ca.gov>; O'Sullivan, Matthew <Matthew.O'Sullivan@sdcounty.ca.gov>
**Cc:** Aaron Fischer <ajf@aaronfischerlaw.com>; Christopher Young <christopher.young@dlapiper.com>; Bardis Vakili <BVakili@aclusandiego.org>
**Subject:** [External] Dunsmore: draft protective order [IWOV-DMS.FID75747]

Dear Fernando, Ron, and Matthew,

As discussed on our Wednesday call, please see the attached proposed protective order. Let us know your thoughts, including whether you have suggested redlines or would like to discuss. We are sending this only to County Counsel at this time, and anticipate that we can share with counsel for other defendants once we have an agreed-upon framework. Thanks, and have a nice weekend.
Van

Van Swearingen

101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
VSwearingen@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

# EXHIBIT B

## Van Swearingen

| | |
|---|---|
| **From:** | Van Swearingen |
| **Sent:** | Tuesday, April 5, 2022 5:05 PM |
| **To:** | Coleman, Susan E.; Gay C. Grunfeld; Priyah Kaul; Eric Monek Anderson; Aaron Fischer; Christopher Young; Isabella Neal; Oliver Kiefer; Bardis Vakili; Jonathan Markovitz |
| **Cc:** | Mehra, Terri |
| **Subject:** | RE: Dunsmore et al. v County of San Diego et al [IWOV-DMS.FID75747] |
| **Attachments:** | [Dkt 081] Second Amended Complaint for Declaratory and Injunctive Relief, 02-09-2022, 1730-01.PDF; VS-SDC Probation Dept, Re Litigation Hold, 02-17-2022, 1730-01.PDF |

Hi Susan,
Thanks for your email (and congrats on finishing the trial). Please see the below interlineated responses, and let us know whether you are available to discuss on Wednesday afternoon or Thursday.
Van

From: Coleman, Susan E. <SColeman@bwslaw.com>
Sent: Monday, April 4, 2022 4:39 PM
To: Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Bardis Vakili <BVakili@aclusandiego.org>; Jonathan Markovitz <JMarkovitz@aclusandiego.org>
Cc: Mehra, Terri <TMehra@bwslaw.com>
Subject: RE: Dunsmore et al. v County of San Diego et al [IWOV-DMS.FID75747]

[EXTERNAL MESSAGE NOTICE]

Van – circling back now that I'm done with trial. There are several issues we should address:

1) Your class certification proposal – for the County to stipulate to certification – is rather bare. Do you have a more detailed proposal? (ie. specific sub-classes, etc.)

As reflected in pp. 186-192 of the attached SAC, the class would be defined as "all adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities." There would be a subclass of "all qualified individuals with a disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and [m], and who are now, or will be in the future, incarcerated in all San Diego County Jail facilities." The claims and issues would be the ones identified in the SAC. Plaintiffs' counsel for the named plaintiffs would be class counsel for the class and subclass.

2) In terms of a protective order and site inspections, we feel this should wait for the discovery period absent some compelling reason.

The extraordinarily high death rate at the jail requires remedial actions before discovery would ordinarily open. We are preparing motions to address issues that expose incarcerated people to substantial risk of harm, including death. Negotiating a mutually satisfactory protective order at this time will provide all parties ample time to work collaboratively, and will minimize the likelihood of a rushed process and/or a need to present disputes to the Court.

3) With regard to document retention, we should confer about the specifics of what this should include other than the obvious such as the named plaintiffs' files, for example.

We are reattaching the preservation notice letter, and look forward to discussing.

    4) In response to your proposal about joint experts, we may be willing to consider this. Do you have some specific proposals? We will need to confer about this in more detail.

Let's discuss and we can thereafter put together a comprehensive plan.

    5) As far as specific issues with detainees/inmates, these have all been conveyed to the appropriate persons for handling. Without attorney-client agreements or official class representation, providing you the responsive info is problematic in terms of HIPAA and privacy rights.

Understood.

I look forward to working out this issues with you.

Best,

Susan

Susan E. Coleman | Partner
501 West Broadway, Suite 1600 | San Diego, CA  92101
d - 619.814.5803 | t - 619.814.5800 | f - 619.814.6799
scoleman@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Coleman, Susan E.
**Sent:** Thursday, March 31, 2022 9:26 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Bardis Vakili <BVakili@aclusandiego.org>; Jonathan Markovitz <JMarkovitz@aclusandiego.org>
**Cc:** Mehra, Terri <TMehra@bwslaw.com>; Lenert, Ronald <Ronald.Lenert@sdcounty.ca.gov>; O'Sullivan, Matthew <Matthew.O'Sullivan@sdcounty.ca.gov>
**Subject:** RE: Dunsmore et al. v County of San Diego et al [IWOV-DMS.FID75747]

Van – Nice to meet you as well. As soon as my trial is done, we can work on the protective order and site inspection issues and respond to any specific issues that have not already been addressed.

Specifically, I was looking to extend the class certification/joint expert proposals.

Susan

**From:** Van Swearingen [mailto:VSwearingen@rbgg.com]
**Sent:** Thursday, March 31, 2022 12:50 PM
**To:** Coleman, Susan E. <SColeman@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Bardis Vakili <BVakili@aclusandiego.org>; Jonathan Markovitz <JMarkovitz@aclusandiego.org>
**Cc:** Mehra, Terri <TMehra@bwslaw.com>; Lenert, Ronald <Ronald.Lenert@sdcounty.ca.gov>; O'Sullivan, Matthew <Matthew.O'Sullivan@sdcounty.ca.gov>
**Subject:** RE: Dunsmore et al. v County of San Diego et al [IWOV-DMS.FID75747]

[EXTERNAL]

Hello Susan,

It is nice to meet you over email and we look forward to meeting you in person. We understand that you have been tied up with other matters, but need some help with respect to any specific request you are making for more time. As background, we have made the following requests to County since appearing.

On January 26, we sent the County a litigation hold letter, requesting County defendants to suspend any and all document purging policies with respect to all hard copy and electronically stored information. Counsel disputed the obligation and we sent a responsive email with case law explaining defendants' preservation obligations and consequences of spoliation.

On February 23, we asked the County for expert on-site inspections in connection with their request for more time. Counsel indicated that the County would not authorize the requested inspections despite plaintiffs giving County defendants an extra 30 days to respond to the SAC.

On March 11 and 17, we sent letters to the County about our notifications regarding urgent and/or serious issues that require prompt attention from Jail staff (e.g., an individual experiencing a medical emergency or mental health crisis, or at acute risk of suicide).

On March 15, we asked the County to respond to our proposals for class certification and joint experts by April 1. Counsel already indicated that the County will need a few additional weeks to respond to the proposals, and we responded that we will continue our work on class certification.

On March 18, we asked the County to negotiate a protective order, and counsel responded that the County would not do so at this time.

Given the above, please let us know if you are seeking a specific extension. As you are likely aware, our case raises urgent issues that imperil the lives of people in custody every day and we are eager to address these matters promptly. Thank you, and best regards,
Van


**From:** Coleman, Susan E. <SColeman@bwslaw.com>
**Sent:** Thursday, March 31, 2022 10:55 AM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Bardis Vakili <BVakili@aclusandiego.org>; Jonathan Markovitz

&lt;JMarkovitz@aclusandiego.org&gt;
**Cc:** Mehra, Terri &lt;TMehra@bwslaw.com&gt;; Lenert, Ronald &lt;Ronald.Lenert@sdcounty.ca.gov&gt;; O'Sullivan, Matthew &lt;Matthew.O'Sullivan@sdcounty.ca.gov&gt;
**Subject:** Dunsmore et al. v County of San Diego et al

[EXTERNAL MESSAGE NOTICE]

Counsel - as you likely saw, I filed a notice of appearance in this case and will be lead counsel. However, I have been in trial in LA Superior Court before Judge Green since 3/07. I hope to be done soon but in the meantime would appreciate a 30 day extension on any outstanding letters/requests.

Thanks for your cooperation,

Susan

Susan E. Coleman | Partner
501 West Broadway, Suite 1600 | San Diego, CA  92101
d - 619.814.5803 | t - 619.814.5800 | f - 619.814.6799
scoleman@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

# EXHIBIT C

## Van Swearingen

| | |
|---|---|
| **From:** | Coleman, Susan E. <SColeman@bwslaw.com> |
| **Sent:** | Monday, May 2, 2022 9:24 PM |
| **To:** | Van Swearingen |
| **Cc:** | Brian Bloodworth; marilyn.moriarty@lewisbrisbois.com; Sharon Hightower; Aaron Fischer; Bardis Vakili; Christopher Young; Gay C. Grunfeld |
| **Subject:** | Re: Dunsmore et al v. San Diego County Sheriff's Department et al - JOINT MOTION FOR LEAVE TO EXCEED PAGE LIMITS [IWOV-DMS.FID75747] |

[EXTERNAL MESSAGE NOTICE]

People die on the outside too. Statistics don't indicate causation.

Sent from my iPhone

> On May 2, 2022, at 7:58 PM, Van Swearingen <VSwearingen@rbgg.com> wrote:
>
> People are dying at the Jail approximately once every two weeks.
>
> Sent from my iPhone
>
>> On May 2, 2022, at 7:44 PM, Coleman, Susan E. <SColeman@bwslaw.com> wrote:
>>
>> [EXTERNAL MESSAGE NOTICE]
>>
>> Can - Ok I guess you've made your position clear. Though it's not clear how 2 weeks equates to irreparable harm.
>>
>> Susan
>>
>> Sent from my iPhone
>>
>>> On May 2, 2022, at 7:39 PM, Van Swearingen <VSwearingen@rbgg.com> wrote:
>>>
>>> [EXTERNAL]
>>>
>>> Susan,
>>>
>>> The County and the Sheriff's Department are billion dollar agencies that have been extremely familiar with these issues for a long time. Indeed, County Defendants have not only already digested the reports described in the motions, in many instance they either commissioned the underlying reports or at least responded to them. Other than the expert and class member declarations (which primarily rely on such

1

Ex. C - 10

reports or other documents generated by Defendants), every document relied upon in our motions have already been in the possession of defendants.

The only way we would agree to extend the briefing schedule is for Defendants to agree to certify the class and agree to most if not all of the relief we are seeking. We can have a phone call to discuss. Professional courtesy does not outweigh irreparable harm.

Van

Sent from my iPhone

> On May 2, 2022, at 6:19 PM, Coleman, Susan E. <SColeman@bwslaw.com> wrote:
>
> [EXTERNAL MESSAGE NOTICE]
> Van – that would offer some help but how do you think we can respond to 1500+ pages in 2 weeks? The judge's ruling does not preclude us from stipulating to or seeking extra time.
>
> I may seek an extra 30 days if we go ex parte but am willing to limit it to only 2 more weeks if we can agree. Given the long time you've taken to compile all of the briefing and evidence (during this last year), it is equitable to provide us *at least* 2 weeks more to oppose your motion. We accommodated your request for extra pages on the briefing without saying no or reducing your number and I am hopeful of a similar curtesy.
>
> Susan
>
> **From:** Van Swearingen [mailto:VSwearingen@rbgg.com]
> **Sent:** Monday, May 2, 2022 6:08 PM
> **To:** Coleman, Susan E. <SColeman@bwslaw.com>
> **Cc:** Brian Bloodworth <bbloodworth@ldrlaw.com>; marilyn.moriarty@lewisbrisbois.com; Sharon Hightower <shightower@ericksenarbuthnot.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Bardis Vakili <BVakili@aclusandiego.org>; Christopher Young <christopher.young@dlapiper.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>
> **Subject:** Re: Dunsmore et al v. San Diego County Sheriff's Department et al - JOINT MOTION FOR LEAVE TO EXCEED PAGE LIMITS [IWOV-DMS.FID75747]
>
> [EXTERNAL]

2

Ex. C - 11

Susan,

Eight people have already died at the jail this year. The relief we request through the motions filed today cannot wait. Judge Battaglia issued an order this afternoon specifically setting the briefing schedule on these motions. We will not stipulate to extending the briefing schedule on the motions.

We will, however, agree to push out the response deadlines to our Second Amended Complaint, which are currently due on May 9. Doing so will allow you to concentrate your resources on the motions filed today.
Van

Sent from my iPhone


> On May 2, 2022, at 4:11 PM, Coleman, Susan E. <SColeman@bwslaw.com> wrote:
>
> [EXTERNAL MESSAGE NOTICE]
>
> Counsel - we are in receipt of your voluminous motion for preliminary injunction and provisional class certification, which has an opposition deadline in 2 weeks. Your attachments reflect that you have been working on the briefing and attachments for quite a while. Your filing is 1598 pages, which will take at least a day just to read.
>
> Are you willing to stipulate to an extension for the opposition briefing? We will go in ex parte if needed but would prefer to stipulate.
>
> Thanks,
>
> Susan
>
> **From:** Van Swearingen [mailto:VSwearingen@rbgg.com]
> **Sent:** Thursday, April 21, 2022 3:29 PM
> **To:** Coleman, Susan E. <SColeman@bwslaw.com>; Brian Bloodworth

3

<bbloodworth@ldrlaw.com>;
marilyn.moriarty@lewisbrisbois.com;
Sharon Hightower
<shightower@ericksenarbuthnot.com>
**Cc:** Aaron Fischer
<ajf@aaronfischerlaw.com>; Bardis
Vakili <BVakili@aclusandiego.org>;
Christopher Young
<christopher.young@dlapiper.com>;
Gay C. Grunfeld
<GGrunfeld@rbgg.com>
**Subject:** Dunsmore et al v. San Diego
County Sheriff's Department et al -
JOINT MOTION FOR LEAVE TO EXCEED
PAGE LIMITS [IWOV-DMS.FID75747]

[EXTERNAL]

Susan and Brian: Thank you for talking earlier and agreeing to increase the pages for briefing in connection with Plaintiffs' upcoming preliminary injunction and provisional class certification motions. Please let me know if you have any proposed edits to the attached, and if not whether we have your authorization to e-sign and file.

Marilyn and Sharon: I left messages for both of you. Please let us know as soon as possible whether you are amendable to increasing the pages for briefing in connection with plaintiffs' upcoming preliminary injunction and provisional class certification motions, and if so, whether we have authorization to e-sign and file the attached or you have proposed edits.

Thanks very much,
Van

Van Swearingen



ROSEN BIEN
GALVAN & GRUNFELD LLP

101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
VSwearingen@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.