Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600     Fax: 213.236.2700

Attorneys for Defendant
COUNTY OF SAN DIEGO (also
erroneously sued herein as SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, ERNEST
ARCHULETA, ANTHONY
EDWARDS, REANNA LEVY,
JOSUE LOPEZ, CHRISTOPHER
NELSON, CHRISTOPHER
NORWOOD, and LAURA
ZOERNER, on behalf of themselves
and all others similarly situated,

Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF
SAN DIEGO, CORRECTIONAL
HEALTHCARE PARTNERS, INC.,
TRI-CITY MEDICAL CENTER,
LIBERTY HEALTHCARE, INC.,
MID-AMERICA HEALTH, INC.,
LOGAN HAAK, M.D., INC., SAN
DIEGO COUNTY PROBATION
DEPARTMENT, and DOES 1 to 20,
inclusive,

Defendants.

Case No. 3:20-cv-00406-AJB-WVG

**DEFENDANT'S MOTION TO
DISMISS PLAINTIFFS' SECOND
AMENDED COMPLAINT**

[NO HEARING DATE REQUIRED]

Magistrate Judge William V. Gallo

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant County of San Diego (also

erroneously sued herein as San Diego County Sheriff's Department and San Diego

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1      - 1 -      3:20-CV-00406-AJB-WVG
DEFENDANTS' MOTION TO DISMISS
SECOND AMENDED COMPLAINT

County Probation Department), hereby moves the Court to dismiss Plaintiffs' Second Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), on the grounds that the operative complaint does not state a viable claim for relief as to all causes of action.  In addition, Defendant moves the Court for an order striking the class allegations pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D).

Defendant's Motion is based upon this Notice of Motion and Motion, Plaintiffs' Second Amended Complaint, all pleadings and records on file in this case, and on such further authority, evidence, or arguments as may be presented at or before the time of the hearing, if any.

Dated: May 9, 2022                          BURKE, WILLIAMS & SORENSEN, LLP


By: /s/ *Susan E. Coleman*
         Susan E. Coleman

Attorneys for Defendant
COUNTY OF SAN DIEGO

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1          - 2 -          3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................. 1

II.     STATEMENT OF FACTS ................................................................... 3

III.    LEGAL STANDARDS ......................................................................... 4

IV.     ARGUMENT ........................................................................................ 5

        A.      Plaintiffs Failed To Exhaust Administrative Remedies ......................... 5

        B.      Plaintiff's Class Allegations Should Be Stricken .................................. 6

                1.      Plaintiff's Class Description Is Impermissibly Overbroad
                        And Cannot Be Certified As A Class ........................................ 6

                2.      Plaintiffs Seeking Class Certification Must Withstand
                        Rigorous Analysis Of The Rule 23 Prerequisites ..................... 10

        C.      Plaintiffs' Lawsuit for Injunctive Relief Fails as a Matter of Law ..... 12

        D.      The Eighth Cause of Action for Violation of the Unruh Civil
                Rights Act Fails to State a Claim – County Jails Are Not
                "Business Establishments" ........................................................ 14

        E.      The Fourteenth Cause of Action for Title II of the ADA Fails to
                State a Claim ................................................................................. 14

        F.      The Court Has Discretion to Limit Plaintiffs' Claims ........................ 16

V.      CONCLUSION .................................................................................. 17

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1

- i -

3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### Federal Cases

*Albino v. Baca*,
    747 F.3d 1162 (9th Cir. 2014) ................................................................. 6

*Anderson v. Siskiyou County*,
    2010 WL 3619821 (N.D.Cal. Sept.13, 2010) ........................................ 14

*Apple, Inc. v. Samsung Elecs. Co.*,
    67 F. Supp. 3d 1100 (N.D. Cal. 2014) ............................................... 2, 16

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................ 4

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1990) ................................................................... 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................ 4

*Estate of Bock ex rel. Bock v. Cnty. of Sutter*,
    2012 WL 423704 (E.D.Cal. Feb.8, 2012) .......................................... 2, 14

*United States ex rel. Chunie v. Ringrose*,
    788 F.2d 638 (9th Cir. 1986) ................................................................... 4

*Dietz v. Bouldin*,
    136 S. Ct. 1885 (2016) .......................................................................... 16

*Finjan, Inc. v. Check Point Software Techs., Inc.*,
    No. 18-CV-02621-WHO, 2020 WL 1929250 (N.D. Cal. Apr. 21,
    2020) ..................................................................................................... 16

*Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*,
    No. SACV-19835-JVS DFMX, 2021 WL 6882371, at *1 (C.D. Cal.
    Dec. 1, 2021) ........................................................................................ 16

*Florence v. Bd of Chosen Freeholders of Cnty. Of Burlington*,
    566 U.S. 318 (2012) .............................................................................. 13

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1

- ii -

3:20-CV-00406-AJB-WVG
DEFENDANTS' MOTION TO DISMISS
SECOND AMENDED COMPLAINT

*General Tel. Co. v. Falcon*,
   457 U.S. 147 (1982) .................................................................. 10

*Gomez v. Vernon*,
   255 F.3d 1118 (9th Cir. 2001) ............................................... 14

*Griffin v. Arpaio*,
   557 F.3d 1117 (9th Cir. 2009) ................................................. 6

*Hishon v. King & Spalding*,
   467 U.S. 69 (1984) ................................................................... 4

*Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*,
   340 F. Supp. 3d 934 (N.D. Cal. 2018) ................................. 16

*Morgan v. Arizona Dept. of Corrections*,
   976 F. Supp. 892 (D. Ariz. 1997) ........................................... 6

*N. Star Int'l v. Ariz. Corp. Comm'n*,
   720 F.2d 578 (9th Cir. 1983) ................................................... 4

*Nevarez v. Forty Niners Football Co.*,
   LLC, No. 16-CV-07013-LHK, 2019 WL 13148141 (N.D. Cal. Feb. 5, 2019) ............................................................................. 2, 16

*Olmstead v. Zimring*
   527 U.S. 581 (1999) ............................................................... 15

*Porter v. Nussle*,
   534 U.S. 516 (2002) ................................................................. 5

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) .................................... 5

*M.D. ex rel. Stukenberg v. Perry*
   (5th Cir. 2012) 675 F.3d 832 ......................................... 11, 12

*Taormina v. Cal. Dep't of Corr.*,
   946 F.Supp. 829 (S.D.Cal.1996) ......................................... 14

*Thomas v. County of Los Angeles*,
   978 F.2d 504 (9th Cir. 1992) ................................................. 13

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1

- iii -

3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

*Tietsworth v. Sears*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010)...............................................................5

*Turner v. Safley*,
  482 U.S. 78 (1987) ...........................................................................................13

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) .....................................................................................10, 11

*Wilkins–Jones v. Cnty. of Alameda*,
  859 F.Supp.2d 1039 (N.D.Cal.2012)................................................................14

*Williams v. Paramo*,
  775 F.3d 1182 (9th Cir. 2015) ............................................................................5

*Woodford v. Ngo*,
  548 U.S. 81 (2006) ..........................................................................................5, 6

**State Cases**

*Black v. Dep't of Mental Health*
  (2000) 83 Cal.App.4th 739 ............................................................................2, 15

*Brennon B. v. Superior Court of Contra Costa County*
  57 Cal.App.5th 367 (2020)................................................................................14

**Federal Statutes**

18 U.S.C. § 3626(a)(1)(A)....................................................................................12

42 U.S.C. § 1983....................................................................................................1

42 U.S.C. § 1997e.................................................................................................6

42 U.S.C. § 1997e(a) ............................................................................................5

28 USC § 1915(e)(2) ............................................................................................3

28 USC § 1915A(b) ...........................................................................................3, 4

ADA.........................................................................................................2, 9, 13, 15

Prison Litigation Reform Act, 42 U.S.C. § 1997(e) *et seq*..............................*passim*

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4860-1032-9631 v1                - iv -

3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

**State Statutes**

Unruh Civil Rights Act (Civil Code §§51, et. seq) ...........................................2, 9, 14

**Rules**

Fed. R. Civ. Proc.
    12(b)(6) ...................................................................................................4
    12(f) .........................................................................................................4
    23 ...............................................................................................4, 10, 11
    23(a) .........................................................................................7, 10, 11
    23(a)(2) ..................................................................................................12
    23(b)(1) ...................................................................................................7
    23(b)(2) .........................................................................................7, 10
    65(d)........................................................................................................12

**Regulations**

28 C.F.R. §35.130(d) ...........................................................................14, 15

Cal. Code of Regs., tit. 15...............................................................................13

**Other Authorities**

Sixth Amendment ...........................................................................................13

US Constitution ...............................................................................................13

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4860-1032-9631 v1

- v -

3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs Darryl Dunsmore, Ernest Archuleta, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, and Laura Zoerner ("Plaintiffs") are seeking to pursue a putative class action lawsuit with the filing of their Second Amended Complaint ("SAC"), which asserts *new* purported violations, *new* causes of actions, adds seven new plaintiffs, and seeks wide-ranging injunctive relief on a laundry list of alleged wrongful acts at the San Diego County jail.  Although the Court permitted leave to amend with hopes that Plaintiff Dunsmore would "streamline and clarify the claims and issues in this case" in response to Defendants' prior motion to dismiss, the filing of the 253-page SAC had exactly the opposite effect[1].

The SAC is subject to dismissal on multiple grounds.

First, Plaintiffs fail the threshold issue of exhausting their administrative remedies.  Plaintiffs' claims are barred due to Plaintiffs' failure to exhaust their administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e) *et seq*.  Under that statute, Plaintiffs are required to exhaust all administrative remedies available to them regarding jail conditions prior to bringing any lawsuit under 42 U.S.C. § 1983, or any other Federal law, regarding those conditions. Plaintiffs have failed to even allege that they have exhausted the administrative remedies available to them, therefore their claims are barred.

Second, Plaintiffs' class allegations should be stricken.  The class definition of "all adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities" is overbroad and includes individuals who were not harmed and have no claim [SAC, ¶381].  In addition, numerous individualized

---

[1] The fact that Dunsmore's complaint has now been commandeered into an overly broad putative class action suggests that Plaintiffs' counsel were forum-shopping and selected Dunsmore's case for their activism in the San Diego jails based on the assigned judge.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1        - 1 -

3:20-CV-00406-AJB-WVG
DEFENDANTS' MOTION TO DISMISS
SECOND AMENDED COMPLAINT

inquiries would be required to determine who qualifies to participate in the lawsuit, defeating commonality.

Third, Plaintiffs' request for injunctive relief is impermissibly vague and uncertain. The PLRA and standards governing injunctive relief require narrowly-tailored relief, which is far from what is plead in the SAC.

Fourth, Plaintiff's Eighth Cause of Action for Violation of the Unruh Civil Rights Act fails to state a claim. County jails are not "business establishments" under the Unruh Act. *See Estate of Bock ex rel. Bock v. Cnty. of Sutter*, 2012 WL 423704, at *10 (E.D. Cal. Feb.8, 2012).

Fifth, Plaintiff's Fourteen Cause of Action for Cause of Action for Title II of the ADA fails to state a claim. If a disabled person is not a suitable candidate for a more integrated setting (for example, because they are a member of a gang that may cause conflict in an incarceration setting if "integration" were permitted), there is no requirement under the ADA that the individual be "integrated." *Black v. Dep't of Mental Health* (2000) 83 Cal.App.4th 739, 754.

Lastly, the Court has discretion to issue a narrowing order to limit Plaintiffs' claims and alleged wrongful acts at issue. *See e.g.*, *Apple, Inc. v. Samsung Elecs. Co.*, 67 F. Supp. 3d 1100, 1127 (N.D. Cal. 2014), aff'd, 816 F.3d 788 (Fed. Cir. 2016), vacated in part on reh'g en banc, 839 F.3d 1034 (Fed. Cir. 2016), and aff'd, 839 F.3d 1034 (Fed. Cir. 2016) (court's narrowing order required Apple and Samsung to each "limit their asserted claims to 5 per side"); *Nevarez v. Forty Niners Football Co.*, LLC, No. 16-CV-07013-LHK, 2019 WL 13148141, at *2–3 (N.D. Cal. Feb. 5, 2019) (limiting claims to 6 access barriers per side). As it stands now, the case is unmanageable.

Accordingly, the Court can and should strike the class allegations and dismiss the Complaint without leave to amend.

///

///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4860-1032-9631 v1    - 2 -    3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

## II.    STATEMENT OF FACTS

Darryl Dunsmore filed this lawsuit in pro se on March 20, 2020 against State of California, San Diego County, San Diego Sheriff's Department, Dept of Corrections, Xavier Becerra, and San Diego Sheriff Bill Gore.  He filed a First Amended Complaint on July 1, 2020.  [Dkt 4].  On July 17, 2020, he filed a motion to strike the amended complaint filed on July 1, 2020, and requested that the Court replace it.  [Dkt. 11].  On August 4, 2020, the Court denied Dunsmore's motion for civil contempt, motion to appoint counsel, and motion for temporary restraining order.  The Court also dismissed the First Amended Complaint pursuant to 28 USC §1915(e)(2) and 28 USC § 1915A(b), and granted Dunsmore 60 days in which to file an Amended Complaint.  [Dkt 23].   Dunsmore appealed, and the Ninth Circuit reversed, holding that Dunsmore alleged that the public entity defendants were deliberately indifferent to his accommodations requests because they knew of his need for accommodations and they refused to provide reasonable accommodations. On November 3, 2021, Defendants filed a motion to dismiss.  [Dkt. 64]

On December 14, 2021, Dunsmore filed an Ex Parte Motion for Leave to File an Amended Complaint and to extend time to file a response to the Motion to Dismiss.  [Dkt. 74].  Dunsmore claimed that with the assistance of counsel, he intended to seek the Court's permission to file an amended complaint in this action, which would "(1) remove certain Defendants and potentially add others, (2) remove Plaintiff's claim for damages, (3) add additional claims and plaintiffs, and (4) add class-based allegations seeking injunctive relief."  [*Id*.].  Dunsmore sought an order setting a deadline to file a Motion for Leave to Amend.  Defendants filed a notice stating their intention to file an opposition to the *ex parte*.  [Dkt. 75].  However, on December 16, 2021, before Defendants could file their opposition, the Court granted the *ex parte* application and set a briefing schedule for the motion for leave to file an amended complaint.  [Dkt. 77].

Moreover, on December 17, 2021, the Court issued an order granting

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4860-1032-9631 v1                - 3 -

3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

Plaintiff's motion to file an amended complaint and denying Defendants' motion to dismiss without prejudice.  [Dkt. 80]  The Court reasoned that the recent development of counsel representing Plaintiff warranted granting leave to amend: "As compared to a pro se prisoner, counsel will (hopefully) significantly streamline and clarify the claims and issues in this case. Given that the pending motion to dismiss attacks a pleading drafted by Plaintiff when he was pro se, considerations of justice and efficiency strongly require granting Plaintiff's motion."  [*Id*.].

On February 9, 2022, Plaintiffs filed their Second Amended Complaint, which added seven new plaintiffs and putative class action allegations, in addition to attacking every aspect of the jail system in San Diego, significantly expanding the scope of this litigation.

## III.    LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009.  The court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4860-1032-9631 v1                    - 4 -                    3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

1    In addition, under Rules 23 and 12(f), "this Court has authority to strike class

2    allegations prior to discovery if the complaint demonstrates that a class action

3    cannot be maintained." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1145 (N.D. Cal.

4    2010); *Sanders v. Apple Inc*., 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("Where

5    the complaint demonstrates that a class action cannot be maintained on the facts

6    alleged, a defendant may move to strike class allegations prior to discovery.")

7    **IV.    ARGUMENT**

8        **A.    Plaintiffs Failed To Exhaust Administrative Remedies**

9        The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust

10   'available administrative remedies' before bringing an action with respect to prison

11   conditions." *Williams v. Paramo*, 775 F.3d 1182, 1190–91 (9th Cir. 2015) (quoting

12   42 U.S.C. § 1997e(a)); *see* 42 U.S.C. § 1997e(a) ("No action shall be brought with

13   respect to prison conditions under section 1983 of this title, or any other Federal

14   law, by a prisoner confined in a jail, prison, or other correctional facility until such

15   administrative remedies as are available are exhausted.")[2] The purpose of the

16   PLRA's mandatory exhaustion requirement is twofold. *Woodford v. Ngo*, 548 U.S.

17   81, 89 (2006) (citation omitted). First, exhaustion protects agency authority by

18   discouraging prisoners from disregarding agency procedures and giving agencies a

19   chance to correct their own mistakes before a lawsuit is filed. *Id*. Second,

20   exhaustion promotes efficiency, given that claims can often be resolved more

21   economically—often through settlement—prior to a lawsuit. *Id*. The exhaustion

22   requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

23       Where it is clear from the face of a plaintiff's complaint that the plaintiff did

24

25   ───────────────
     [2] When Congress amended section 1997e(a) in 1995, "the amendments eliminated . . . the
     discretion to dispense with administrative exhaustion." *Id*. The Court also "stress[ed] the point . .
26   . that [it] will not read futility or other exceptions into statutory exhaustion requirements where
     Congress has not provided otherwise." *Id*. at 741 n.6. "This inference is, to say the least, also
27   consistent with Congress's elimination of the requirement that administrative procedures must
     satisfy certain 'minimum acceptable standards' of fairness and effectiveness before inmates can
28   be required to exhaust them, and the elimination of the courts' discretion to excuse exhaustion
     when it would not be 'appropriate and in the interests of justice.'" *Id*. at 740 n.5.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1                - 5 -

3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

1  not exhaust correction facility administrative remedies, dismissal may be sought by

2  a dispositive motion rather than by presentation of evidence.  *Albino v. Baca*, 747

3  F.3d 1162, 1166 (9th Cir. 2014).  When the exhaustion of administrative remedies

4  is required by federal statute, the failure to exhaust is a jurisdictional defect that

5  prevents the district court from hearing the claim. [citations omitted]."  *Morgan v.*

6  *Arizona Dept. of Corrections*, 976 F. Supp. 892, 894-895 (D. Ariz. 1997).

7      The SAC fails to allege that Plaintiffs exhausted their administrative

8  remedies before filing suit.  There are scant references to grievances with respect to

9  only some of the plaintiffs, and a discussion broadly criticizing grievance

10  procedures.  [*See, e.g.*, SAC ¶¶ 22, 24, 27, 79, 82, 104, 123 255, 256, 259].  The

11  SAC lacks specific allegations as to grievances submitted and exhaustion as to each

12  Plaintiff for each claimed violation or wrongful act.  Only alleged violations that

13  are the subject of the Plaintiffs' grievances and that have been exhausted should be

14  included in this lawsuit.  Proper exhaustion under § 1997e is mandatory and cannot

15  be satisfied by "filing an untimely or otherwise procedurally defective

16  administrative grievance or appeal." *Woodford*, 548 U.S. at 83-84.  After all, "[t]he

17  primary purpose of a grievance is to alert the prison to a problem and facilitate its

18  solution…" *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).  The

19  Complaint must be dismissed for failure to exhaust administrative remedies[3].

20    **B.    Plaintiff's Class Allegations Should Be Stricken**

21      1.    **Plaintiff's Class Description Is Impermissibly Overbroad**
            **And Cannot Be Certified As A Class**

22      The named plaintiffs in this case are eight individuals who are or have been

23  held in one of the County of San Diego jails.  Each of the named Plaintiffs is

24  alleged to suffer from a disability.

25

26  ―――――――――――――――

27  [3] If given the opportunity, Defendant could and would file declarations and other evidence (*i.e.*
    grievances and/or printouts from the tracking system) demonstrating that none of the named
    Plaintiffs have exhausted the administrative process.  Nor have most of them even submitted a

28  grievance about the issues complained of in the SAC.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1          - 6 -          3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

1    Plaintiff Dunsmore has been diagnosed with ankylosing spondylitis ("AS"), a
2    severe and advanced form of arthritis that causes back pain and inflammation, and
3    reduces the feeling in Dunsmore's hands, arms, and upper extremities" which
4    necessitates the use of a modified spoon to eat and he also uses a wheelchair.

5    Plaintiff Archuletta suffers from "severe degenerative disc disease" that may
6    require neck surgery as well as osteoarthritis in his left knee and left hip, and he
7    uses a wheelchair to travel longer distances.

8    Plaintiff Edwards suffers from severe sleep apnea and informed the Jail upon
9    intake, and in subsequent grievances, that he requires a CPAP machine to sleep at
10   night.

11   Plaintiff Levy has a history of pituitary brain tumors, including one that
12   required brain surgery at an outside hospital during a 2015 incarceration at the Jail.

13   Plaintiff Lopez is Deaf and relies on American Sign Language ("ASL") to
14   communicate.

15   Plaintiff Nelson suffers from osteonecrosis in his hips and knees, which
16   means his bones are deteriorating, he has had two hip replacement surgeries, and
17   uses a wheelchair in Jail.  Nelson also suffers from clinical depression and anxiety.

18   Plaintiff Norwood has been diagnosed with opioid dependence and mental
19   illness.

20   Finally, Plaintiff Zoerner is an alcoholic and has been diagnosed with bipolar
21   disorder, major depressive disorder, schizoaffective disorder, and post-traumatic
22   stress disorder ("PTSD")

23   Plaintiffs filed this putative class action based upon the eight named plaintiffs
24   pursuant to Rule 23(a), (b)(1), and (b)(2) of the Federal Rules of Civil Procedure,
25   on behalf of all others similarly situated.  Plaintiffs bring the claims articulated
26   herein on behalf of all adults who are now, or will be in the future, incarcerated in
27   any of the San Diego County Jail facilities ("Incarcerated People Class").

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1                      - 7 -

3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

1    Plaintiffs allege the following "commonalities" as to the named Plaintiffs and

2    all other incarcerated individuals and those that might be incarcerated at any time in

3    the future:

4    a.    Failure to provide minimally adequate medical care to incarcerated

5    individuals (SAC, ¶384.a.);

6    b.    Failure to provide minimally adequate mental health care to

7    incarcerated individuals (SAC, ¶384.b.);

8    c.    Failure to provide minimally adequate dental care to incarcerated

9    individuals (SAC, ¶384.c.);

10    d.    Imposition of filthy, unhealthy and dangerous conditions of

11    confinement for incarcerated individuals (SAC, ¶384.d);

12    e.    Failure to protect incarcerated individuals from violence and injury

13    (SAC, ¶384.e);

14    f.    Failure to ensure incarcerated people have access to counsel and the

15    courts (SAC, ¶384.f); and

16    g.    Incarceration of people of color in disproportionate numbers (SAC,

17    ¶384.g).

18    Plaintiffs allege the above "injuries" are typical of all class members (SAC,

19    ¶385), and further that the named plaintiffs will "fairly and adequately represent

20    and protect" the putative class member interests.  (SAC, ¶386.)  Each of the claims

21    is based upon alleged violation of the United States and California Constitutions,

22    and specifically Due Process and Cruel and Unusual Punishment provisions. The

23    alleged "commonalities" are claimed to affect <u>everyone ever incarcerated at the</u>

24    <u>County jail and anyone who might become incarcerated</u>.  The widely diverging

25    topics of inadequate medical, mental and dental care as one category, unsanitary

26    and unsafe conditions in the jail as a second, access to counsel and the courts as a

27    third, and what appears to amount to systemic racism in sentencing rules (which has

28    nothing to do with the jails themselves nor the Sheriff's Dept. or Probation), have

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4860-1032-9631 v1                                    - 8 -

3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

1    no commonality.  Systemic racism cannot be addressed within the jails and it is

2    entirely unclear from the SAC how 8 individual plaintiffs are qualified to and/or

3    can adequately address racial divides among the jail population.  These 8 plaintiffs

4    are not and cannot be proper spokespersons for racial division issues within the jail,

5    that allegedly lead to safety and life and death concerns.

6         Plaintiffs appear to be engaging in a backward analysis in an attempt to

7    create commonality based upon disabilities, in order to encompass unrelated issues

8    where the applicable facts and law are so divergent that they cannot reasonably or

9    feasibly be addressed in a Class Action.  Each of the named Plaintiffs suffers from a

10   specific illness or disability that may require certain accommodations under the

11   California and Federal accessibility laws while incarcerated.  The ADA and Unruh

12   Act claims require an individual to have standing as a disabled person under

13   Federal and California laws defining disabilities, and to have been denied access

14   based upon the disability.  Someone that might be incarcerated has no standing.

15   The facts and legal issues presented in both ADA and Unruh claims are entirely

16   different than a claim that *all* incarcerated persons are provided inadequate medical,

17   mental and dental health care services.  The SAC alleges inadequacy of the

18   medical, mental and dental health care services applies to all individuals and is not

19   based upon their status as "disabled" under State or Federal laws.

20        Accessibility laws contained in the California Building Code, Title II of the

21   ADA, and the related scoping requirements (ADAAG) have nothing whatsoever to

22   do with systemic racism, access to the courts and counsel, or the adequacy of

23   medical, mental or dental services.  Certainly a deaf individual must be provided

24   TTY services as a qualified disabled person allegedly being denied communication

25   assistive devices, but mail service in the jail (another alleged inadequacy) is not

26   specific to disabled individuals.  As is clear from the descriptions of the varying

27   needs and accommodations required by just the eight named Plaintiffs, there cannot

28   be any commonality among the current Jail population of 4,000 persons plus any

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1                              - 9 -                    3:20-CV-00406-AJB-WVG
                                                                      DEFENDANT'S MOTION TO DISMISS
                                                                      SECOND AMENDED COMPLAINT

adults who will be incarcerated in a county Jail in the future, including many that do not suffer from any qualifying disabilities.

## 2. **Plaintiffs Seeking Class Certification Must Withstand Rigorous Analysis Of The Rule 23 Prerequisites**

A class action "may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). Rule 23(a) mandates satisfaction of four prerequisites: (1) numerosity of parties; (2) commonality of legal and factual issues; (3) typicality of claims and defenses of the class representatives; and (4) adequacy of representation. Fed.R.Civ.P. 23(a).

In *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), the Supreme Court granted certiorari to determine whether the certification was proper under both Rule 23(a) and 23(b)(2). The Supreme Court explained that the "crux of this case is commonality—the rule requiring the plaintiff to show that 'there are questions of law or fact common to the class." *Id.* at 349. The evidence had established that pay and promotion decisions were generally subject to the discretion of local store managers who applied their own subjective criteria to these matters. *Id.* at 342. The Supreme Court explained that while the plaintiffs must demonstrate that the class members suffered the same injury, "[t]his does not mean merely that they have all suffered a violation of the same provision of law." *Id.* at 350. The proposed class members' claims "must depend upon a common contention", and this common contention "must be of such a nature that it is capable of class-wide resolution— which means that determination of its truth or falsity will resolve an *issue that is central to the validity of each one of the claims in one stroke*." *Id.* at 350 (emphasis added).

///
///
///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4860-1032-9631 v1     - 10 -     3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

1    The Supreme Court further held that those seeking class certification "must

2 affirmatively demonstrate" compliance with each requirement under Rule 23(a),

3 and certification is proper only if 'the trial court is satisfied after a rigorous

4 analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Id*. at 350

5 (quoting *General Telephone Co. of Northwest v. Falcon*, 457 U.S. 147, 160, 102

6 S.Ct. 2364 (1982)). "'Dissimilarities within the proposed class are what have the

7 potential to impede the generation of common answers.'" *Id*. at 350 (quoting

8 *Nagareda, Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L.Rev. 97,

9 131–132 (2009).

10    The present complaint is similar to the issue in *M.D. ex rel. Stukenberg v.*

11 *Perry*, (5th Cir. 2012) 675 F.3d 832, which followed *Wal-Mart Stores, Inc. v.*

12 *Dukes, supra*.  In *M.D. ex rel. Stukenberg v. Perry*, the Fifth Circuit rejected the

13 argument that allegations of "systemic deficiencies" can satisfy the requirements of

14 Rule 23.  (*Id*. at 843-844).

15

16    Here, as in *Wal-Mart,* proof of commonality necessarily
overlaps with the proposed class's merits contention that
17 systemic deficiencies in Texas' administration of its PMC
[Texas's Permanent Managing Conservatorship] violate
18 the constitutional rights of every child in the PMC.  In
such cases, *Wal-Mart* requires district courts to
19 specifically delineate how a class proceeding would allow
the court to resolve a discrete question of law whose
20 determination 'will resolve an issue that is central to the
validity of each of the [individual plaintiff's] claims in
21 one stroke.'  (*citing Wal-Mart Stores, Inc. v. Dukes,
supra,* 131 S.Ct. at 2551.)  Further, the district court must
22 explain its reasoning with specific reference to the
'claims, defenses, relevant facts, and applicable
23 substantive law' raised by the class claims, *citing
McManus*, 320 F.3d at 548 (citation omitted in original),
24 in order to ensure that 'dissimilarities within the proposed
class' do not 'have the potential to impede the generation
25 of common answers.' (*citing Wal-Mart Stores, Inc. v.
Dukes, supra,* 131 S.Ct. at 2551.)

26    …

27    We agree that 'mere allegations of systemic violations of
the law will not automatically satisfy Rule 23(a)'s
28 commonality requirement (citation omitted).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1          - 11 -

3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

1  *M.D. ex rel. Stukenberg v. Perry*, *supra,* 675 F.3d at 843-844.

2       Similar to the situation presented in *M.D. ex rel. Stukenberg v. Perry*, here

3  "the proposed class's proffered common issues "stretch the notions of

4  commonality' by attempting to aggregate several amorphous claims of systemic or

5  widespread conduct into one "superclaim."  (*Id*. at 844 (citation omitted).)

6  Plaintiffs cannot show how the specific circumstances of the named Plaintiffs are

7  necessarily in common with and typical to the circumstances of the putative class

8  members, consisting of all current and all future adults incarcerated in a San Diego

9  County Jail.  Because the putative class members' claims and alleged injuries will

10  not be bound by the required questions of law or fact common to the class, as

11  demonstrated by the divergent nature of the claims and alleged injuries of the

12  named Plaintiffs themselves, Plaintiffs cannot satisfy Rule 23(a)(2).

13       **C.    <u>Plaintiffs' Lawsuit for Injunctive Relief Fails as a Matter of Law</u>**

14       The PLRA prohibits courts from issuing "prospective relief" that is not

15  "narrowly drawn," extends "further than necessary to correct the violation of the

16  Federal right," or is not the "least intrusive means necessary" to correct the

17  violation. 18 U.S.C. § 3626(a)(1)(A); *see also* Fed.R.Civ.P. 65(d). The courts must

18  also "give substantial weight to any adverse impact on public safety or the

19  operation of a criminal justice system caused by the relief" requested.  *Id*.  These

20  provisions of the PLRA reflect the deference afforded to prison authorities:

21

22       "[C]ourts are ill equipped to deal with the increasingly urgent
        problems of prison administration and reform. . . . [T]he problems of

23       prisons in America are complex and intractable, and, more to the point,
        they are not readily susceptible of resolution by decree. . . . Running a

24       prison is an inordinately difficult undertaking that requires expertise,
        planning, and the commitment of resources, all of which are peculiarly

25       within the province of the legislative and executive branches of
        government. Prison administration is, moreover, a task that has been

26       committed to the responsibility of those branches, and separation of

27       powers concerns counsel a policy of judicial restraint. Where a state

28

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4860-1032-9631 v1                    - 12 -                    3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

penal system is involved, federal courts have . . . additional reason to accord deference to the appropriate prison authorities.

*Turner v. Safley*, 482 U.S. 78, 84-85, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987) (internal quotation marks omitted); *see also Florence v. Bd of Chosen Freeholders of Cnty. Of Burlington*, 566 U.S. 318, 326, 136 S. Ct. 1510, 182 L.Ed. 2d 566 (2012) (prison administrators have substantial discretion over the institutions they manage). Further, injunctive remedies have been overturned where they have not been narrowly targeted against the specific individuals allegedly responsible for the wrongful conduct. *Thomas v. County of Los Angeles*, 978 F.2d 504, 509-510 (9th Cir. 1992) (reversing injunction issued to the extent it operated to all members of a sheriff's department even though allegations were only against a single sub-group).

Here, Plaintiffs' request for injunctive relief is wide-ranging and uncertain, seeking injunctive relief on behalf of thousands of current and future incarcerated persons. For example, Plaintiffs seek an order requiring "Defendants, their agents, officials, employees, and all persons acting in concert with them under color of state law or otherwise to provide minimally adequate health care to incarcerated people; to provide minimally adequate mental health care to incarcerated people; to cease discriminating against, interfering with the ADA rights of, and failing to provide accommodations to incarcerated people with disabilities and violating their due process rights; to ensure adequate environmental health and safety conditions consistent with modern public health standards; to provide minimally adequate protections against violence and other serious harm; to cease violating the Sixth Amendment and due process rights of incarcerated people; to provide alternatives-to-custody and reentry services to people with disabilities in the most integrated, least restrictive environment; and to cease their policies and practices that disproportionately and discriminatorily overincarcerate Black and Latinx people." [SAC, Prayer, ¶3][4]. The injunctive relief is not matched with any particular

---

[4]  The proposed order also is moot given that the US Constitution and other laws/ regulations

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4860-1032-9631 v1                   - 13 -

3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

1   Plaintiff, or sought to remedy particularized harm with respect to any Plaintiff. *See*

2   *Gomez v. Vernon*, 255 F.3d 1118, 1130 (9th Cir. 2001) (noting denial of class-wide

3   injunctive relief; injunctive relief was narrowly-tailored and "addressed only the

4   harm caused each individual inmate"; it did not apply to the prison system as a

5   whole, or even to classes of prisoners).

6        The equitable relief demanded by Plaintiffs would run afoul of the PLRA and

7   equity doctrine requirements that injunctive relief be as minimally intrusive as

8   possible.

9   **D.    The Eighth Cause of Action for Violation of the Unruh Civil**
        **Rights Act Fails to State a Claim – County Jails Are Not "Business**
10       **Establishments"**

11       In order to prevail on a claim for violation of the Unruh Civil Rights Act

12  (Civil Code §§51, et. seq), Plaintiffs must plead and prove that they were denied the

13  full and equal accommodations, advantages, facilities, privileges, or services in a

14  business establishment based upon a qualifying disability, that defendants denied

15  plaintiffs access and as a result plaintiffs suffered damages. *Wilkins–Jones v. Cnty.*

16  *of Alameda*, 859 F.Supp.2d 1039, 1048 (N.D.Cal.2012).

17       It is well settled that the Unruh Act does not apply to county jails as they are

18  not considered "business establishments." *See, Estate of Bock ex rel. Bock v. Cnty.*

19  *of Sutter*, 2012 WL 423704, at *10 (E.D. Cal. Feb.8, 2012); *Anderson v. Siskiyou*

20  *County*, 2010 WL 3619821, at *5–6 (N.D. Cal. Sept.13, 2010); *Taormina v. Cal.*

21  *Dep't of Corr.*, 946 F.Supp. 829, 834 (S.D.Cal.1996); *Brennon B. v. Superior Court*

22  *of Contra Costa County* 57 Cal.App.5th 367, 408 (2020) citing with approval

23  *Anderson v. County of Siskiyou*, 2010 WL 3619821 (N.D. Cal Sept 13 2010).

24       The Eighth Cause of Action must be dismissed with prejudice.

25  ///

26  ///

27

28  including Cal. Code of Regs., tit. 15, already require compliance with the these "minimally
    adequate" standards.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1          - 14 -          3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

### E.     The Fourteenth Cause of Action for Title II of the ADA Fails to State a Claim

Plaintiffs assert a claim for violation of Title II of the ADA and specifically 28 C.F.R. §35.130(d), which Plaintiffs call the "Integration Mandate". 28 C.F.R. §35.130(d) provides that a public entity "shall administer service, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities." However, if a disabled person is not a suitable candidate for a more integrated setting (for example, because they are a member of a gang that may cause conflict in an incarceration setting if "integration" were permitted), there is no requirement under the ADA that the individual be "integrated." *Black v. Dep't of Mental Health* 83 Cal.App.4th 739, 754 (2000). In addition, there is no requirement under the ADA that a public entity 'provide a certain level of benefits to disabled persons' but that services which are provided "must adhere to the ADA's nondiscrimination requirement."' *Olmstead v. Zimring* 527 U.S. 581, 603, fn.14 (1999).

Plaintiffs allege that the County administers programs denying incarcerated people services and programs they "would" be eligible for, which denial results in their incarceration and places them at unnecessary risk of institutionalization. [SAC, ¶453] The allegation is nonsensical because it refers to programs for individuals already incarcerated that "result in their incarceration and put them at risk for some other kind of "institutionalization/." The unintelligible allegation cannot form the basis of a claim of integration discrimination.

The SAC goes on to allege that there is inadequate capacity and "reach" regarding diversion and reentry services for people with disabilities, and thus the rationing of services is discriminatory. [SAC, ¶454] The fact that there is a lack of capacity and "reach" in the offending programs may not form the basis of a claim under 28 C.F.R. §35.130(d) because there is no requirement that the County increase capacity. The only requirement is that the County offer the diversion and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1                          - 15 -

3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

1   reentry services in a non-discriminatory manner.  Paragraph 455 of the SAC makes

2   clear that Plaintiffs are seeking "alternatives" to incarceration and reentry programs

3   which are allegedly without capacity and reach, and the County is not required to

4   add alternatives under the holding of *Olmstead*.

5       The Fourteenth Cause of Action should be dismissed with prejudice.

6   ### F.    The Court Has Discretion to Limit Plaintiffs' Claims

7       Courts have discretion to issue narrowing orders to limit the parties' claims.

8   *See, e.g. Fisher & Paykel Healthcare Ltd. v. Flexicare Inc*., No. SACV-19835-JVS

9   DFMX, 2021 WL 6882371, at *1 (C.D. Cal. Dec. 1, 2021) (noting the Court issued

10  an order requiring the parties to narrow the asserted claims and prior art references,

11  ordering "Fisher to narrow its asserted claims to ten (10) total claims," and

12  "Flexicare to narrow its asserted prior art references to fifteen (15) total

13  references"); *Apple, Inc. v. Samsung Elecs. Co.,* 67 F. Supp. 3d 1100, 1127 (N.D.

14  Cal. 2014) (court limited parties' asserted claims to 5 per side at trial); *Finjan, Inc.*

15  *v. Check Point Software Techs., Inc.,* No. 18-CV-02621-WHO, 2020 WL 1929250,

16  at *3 (N.D. Cal. Apr. 21, 2020) (issuing narrowing order); *Huawei Techs., Co, Ltd*

17  *v. Samsung Elecs. Co, Ltd*., 340 F. Supp. 3d 934, 943 (N.D. Cal. 2018) (referencing

18  order that directed the parties to limit their infringement contentions to 5 patents, 10

19  asserted claims, and 15 accused products per side).

20      For example, in *Nevarez v. Forty Niners Football Co., LLC*, No. 16-CV-

21  07013-LHK, 2019 WL 13148141, at *2–3 (N.D. Cal. Feb. 5, 2019), the Court noted

22  that it and the jury could not conduct an 8-day jury trial of over 2,500 alleged

23  access barriers analyzed under 3 separate building code standards, thus it held that

24  only a manageable number of claims would be the subject of summary judgment

25  motions and at issue in the pretrial conference and trial.  The court ordered each

26  side to select up to 6 alleged physical access barriers to litigate through summary

27  judgment, the pretrial conference, and trial, with ADR ordered after the trial to

28  discuss the other claims.  The court cited *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892–

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1          - 16 -

3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

93 (2016) for the proposition that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."

      Plaintiffs' case is unmanageable, alleging over 50 separate types of violations and fifteen causes of actions across eight different plaintiffs and at least six defendants, involving a broad range of complaints.  For example (this is just a small sample of Plaintiff's identified issues): Defendants systematically fail to maintain sufficient numbers of adequately trained health care professionals; the jail fails to provide adequate medical care for incarcerated people with substance use disorders; the jail does not provide incarcerated people with a reliable and timely way to alert health care staff of their medical needs; jail medical providers fail to maintain adequate, accurate, and complete medical records; the Sheriff's department has failed to protect people from fentanyl and other dangerous contraband in the jail; defendants fail to provide adequate dental care to incarcerated people; county defendants' incarceration practices disproportionately harm people with disabilities, the homeless, and people of color; county defendants fail to ensure that incarcerated people can adequately communicate confidentially with their attorneys; county defendants fail to maintain functioning safety features at the jail; county defendants fail to remedy dangerous electrical and plumbing hazards, *etc.*

      Discovery and trial on all of the issues raised in Plaintiffs' SAC would impose an extreme burden on this Court.  The case requires limitations.

///

///

///

///

///

///

///

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4860-1032-9631 v1                                    - 17 -

3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

**V.    CONCLUSION**

Defendant respectfully requests that this Court dismiss the SAC with prejudice, or in the alternative propose limitations on any amendment permitted.

Dated: May 4, 2022                    BURKE, WILLIAMS & SORENSEN, LLP


By:  /s/ *Susan E. Coleman*
          Susan E. Coleman

Attorneys for Defendant
COUNTY OF SAN DIEGO

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4860-1032-9631 v1

- 18 -

3:20-CV-00406-AJB-WVG
DEFENDANT'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT