1  GAY CROSTHWAIT GRUNFELD – 121944
   VAN SWEARINGEN – 259809
2  PRIYAH KAUL – 307956
   ERIC MONEK ANDERSON – 320934
3  HANNAH M. CHARTOFF – 324529
   ROSEN BIEN GALVAN & GRUNFELD LLP
4  101 Mission Street, Sixth Floor
   San Francisco, California 94105-1738
5  Telephone: (415) 433-6830
   Facsimile: (415) 433-7104
6  Email:     ggrunfeld@rbgg.com
              vswearingen@rbgg.com
7             pkaul@rbgg.com
              eanderson@rbgg.com
8             hchartoff@rbgg.com

9  AARON J. FISCHER – 247391
   LAW OFFICE OF
10 AARON J. FISCHER
   2001 Addison Street, Suite 300
11 Berkeley, California 94704-1165
   Telephone: (510) 806-7366
12 Facsimile: (510) 694-6314
   Email:     ajf@aaronfischerlaw.com

(*additional counsel on following page*)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, Plaintiffs, v. SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT LOGAN HAAK M.D., INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Anthony J. Battaglia<br>Mag. Judge: Hon. William V. Gallo<br><br>NO HEARING DATE PER DKT. 113 |

[3902399.8]

Case No. 3:20-cv-00406-AJB-WVG
PLAINTIFFS' OPPOSITION TO DEFENDANT LOGAN HAAK, M.D., INC.'S MOTION TO DISMISS
SECOND AMENDED COMPLAINT

(*counsel continued from preceding page*)

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
Email: christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

BARDIS VAKILI – 247783
JONATHAN MARKOVITZ – 301767
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
2760 Fifth Avenue, Suite 300
San Diego, California 92103-6330
Telephone: (619) 232-2121
Email: bvakili@aclu-sdic.org
jmarkovitz@aclu-sdic.org

Attorneys for Plaintiffs

[3902399.8]

Case No. 3:20-cv-00406-AJB-WVG
PLAINTIFFS' OPPOSITION TO DEFENDANT LOGAN HAAK, M.D., INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

FACTUAL ALLEGATIONS ........................................................................................... 1

LEGAL STANDARD ...................................................................................................... 4

ARGUMENT .................................................................................................................... 5

I.    Plaintiffs Have Alleged Sufficient Facts to Support Their Claim Against Haak, Inc. for Failing to Provide Adequate Medical Care in Violation of the Eighth Amendment (First Cause of Action). ........................... 6

    A.    The Motion Incorrectly Focuses on the Allegations Pertaining to a Single Plaintiff, Rather Than Haak's Systemic Policies and Practices. ........................................................................................... 7

    B.    The SAC Alleges That Haak, Inc. Is Responsible for the Inadequate Medical Care Received by Plaintiffs. .................................... 8

    C.    The SAC Alleges That Haak, Inc. Is Deliberately Indifferent to a Substantial Risk of Harm and Injury to Plaintiffs ................................... 9

    D.    Ophthalmology Issues Can Present Serious Risk in Violation of the Constitution. ................................................................................... 11

II.    The Court Should Reject Haak, Inc.'s Only Argument for Dismissing Plaintiffs' Claim for Failure to Provide Adequate Medical Care Under the Fourteenth Amendment (Second Cause of Action). ................................. 12

III.    Haak, Inc. Waived Any Argument to Dismiss Plaintiffs' Claims Arising Under the California Constitution (Third and Fourth Causes of Action). ........................................................................................................... 12

IV.    The SAC States a Claim Against Haak, Inc. for Failure to Provide Reasonable Accommodations (Sixth and Eighth Causes of Action). ............. 13

CONCLUSION ............................................................................................................... 14

# TABLE OF AUTHORITIES

Page

**CASES**

*Ass'n for L.A. Deputy Sheriffs v. Cnty. of L.A.*,
  648 F.3d 986 (9th Cir. 2011) ................................................................................ 4

*Bell v. Wolfish*,
  441 U.S. 520 (1979) ........................................................................................... 12

*Brown v. Plata*,
  563 U.S. 493 (2011) ............................................................................................. 8

*Colwell v. Bannister*,
  763 F.3d 1060 (9th Cir. 2014) ............................................................................. 6

*Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*,
  911 F.2d 242 (9th Cir. 1990) ....................................................................... 11, 14

*Farmer v. Brennan*,
  511 U.S. 825 (1994) ............................................................................. 6, 9, 10, 11

*Gordon v. Cnty. of Orange*,
  888 F.3d 1118 (9th Cir. 2018) ........................................................................... 12

*Gray v. Cnty. of Riverside*,
  2014 WL 5304915 (C.D. Cal. Sept. 2, 2014) ........................................... 6, 8, 11

*Greenwood v. F.A.A.*,
  28 F.3d 971 (9th Cir. 1994) ............................................................................... 13

*Henry A. v. Willden*,
  678 F.3d 991 (9th Cir. 2012) ............................................................................... 5

*Jeffers v. Gomez*,
  267 F.3d 895 (9th Cir. 2001) ............................................................................. 10

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ............................................................................... 2

*Koehl v. Dalsheim*,
  85 F.3d 86 (2d Cir. 1996) .................................................................................... 6

*Li v. Contra Costa Cnty.*,
  2017 WL 4861487 (E.D. Cal. Oct. 24, 2017) ..................................................... 6

*Madrid v. Gomez*,
  889 F. Supp. 1146 (N.D. Cal. 1995) ............................................................. 6, 11

*Moore v. Mars Petcare US, Inc.*,
  966 F.3d 1007 (9th Cir. 2020) ............................................................................. 4

*Parsons v. Ryan*,
   754 F.3d 657 (9th Cir. 2014)..................................................................passim

*Sexton v. Cnty. of Clark*,
   2018 WL 4494091 (D. Nev. Sept. 19, 2018) ..................................................6

*Sony Biotech., Inc. v. Chipman Logistics & Relocation*,
   2017 WL 3605500 (S.D. Cal. Aug. 22, 2017) ........................................13, 15

*Zamani v. Carnes*,
   491 F.3d 990 (9th Cir. 2007)...........................................................................13

# INTRODUCTION

Pursuant to a contract with the County of San Diego, Defendant Logan Haak, M.D., Inc. ("Haak, Inc."), is responsible for ophthalmological care for every person incarcerated in San Diego County Jail (the "Jail"), including all of the Proposed Class and Subclass members in Plaintiffs' Second Amended Complaint ("SAC"). The SAC contains numerous allegations that Haak, Inc.'s policies and practices expose all people incarcerated in the Jail to a substantial risk of serious harm. The Ninth Circuit has "repeatedly recognized that prison officials are constitutionally prohibited from being deliberately indifferent to *policies and practices* that expose inmates to a substantial risk of serious harm." *Parsons v. Ryan*, 754 F.3d 657, 677 (9th Cir. 2014) (emphasis added).

Haak, Inc.'s motion to dismiss (the "Motion") fails to challenge the sufficiency of the pleading as to Haak, Inc.'s unconstitutional policies and practices, and instead narrowly—and mistakenly—focuses on the allegations of a single individual plaintiff to argue that Haak, Inc. provided adequate care to that individual plaintiff. The Motion therefore misconstrues the nature of this action. The appropriate inquiry is not whether one particular plaintiff received adequate care (which, in any event, is not the proper inquiry at the pleading stage). Rather, "courts [ask] only whether the plaintiffs were exposed to a substantial risk of harm to which prison officials were deliberately indifferent—and [recognize] that many inmates can simultaneously be endangered by a single policy." *Id.* at 678.

The Motion further incorrectly characterizes Plaintiffs' claims—for example, by arguing that the Second Cause of Action for failure to provide adequate medical care under the Fourteenth Amendment is instead only about mental health care—and does not even address Plaintiffs' claims under the California Constitution.

The Motion should be denied in its entirety.

# FACTUAL ALLEGATIONS

Defendant Haak, Inc. "provides vision care staffing and services to

incarcerated people pursuant to a contract with" the County (the "Contract").  SAC ¶ 35.  Pursuant to the Contract, Haak, Inc. provides on-site ophthalmology care at the Jail, including screening, prevention, and treatment services, during ophthalmology clinics.  *Id.*  Under the Contract's terms, Haak, Inc. is required to provide the licensed staff and medical equipment necessary to operate those on-site clinics.  *Id.*  Haak, Inc. can recommend that an incarcerated person be referred to an outside treatment facility for more complex treatments.  *Id.*  Haak, Inc.'s work must be performed "according to [Haak, Inc.'s] own means and methods of work, which shall be in the exclusive charge and under the control of [Haak, Inc.], and which shall not be subject to control or supervision by County except as to the results of the work."  *See* Declaration of Van Swearingen in Support of Plaintiffs' Request for Judicial Notice, filed herewith, ¶ 2 & Ex. A (Contract) at ¶ 1.3.[1]

Plaintiffs' SAC specifically alleges that Haak, Inc. engages in policies and practices that place incarcerated people at a serious risk of harm, in violation of the United States and California Constitutions.  For example, by policy and practice, Haak, Inc. *itself*—not just the County—fails to (1) "maintain adequate, accurate, and complete medical records" and to "adequately train staff [on] how to maintain adequate medical records," resulting in "a substantial risk of misdiagnosis, dangerous mistakes, and unnecessary delays in care" to incarcerated people, SAC ¶ 95; (2) "provide medical care in confidential settings," compromising the privacy of incarcerated people and raising the possibility that Haak, Inc. staff will not learn all information necessary to provide adequate medical care, *id.* ¶ 102; (3) "order diagnostic testing when medically necessary, creating an unreasonable risk of harm

---

[1] The Court may consider the Contract "as though [it is] part of the complaint itself" under the doctrine of incorporation-by-reference because the Contract is extensively referenced in the SAC and forms the basis of claims against Haak.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see also* Plaintiffs' Request for Judicial Notice, filed herewith.

to incarcerated people," *id.* ¶ 103; (4) "adequately train medical staff and contractors regarding when it is appropriate to refer incarcerated people to medical specialists or outside medical centers," *id.* ¶ 103; (5) "timely provide eyeglasses to incarcerated people," *id.* ¶ 107; (6) "train staff how to timely evaluate incarcerated people for vision needs," *id.*; (7) "provide magnifying glasses as interim accommodations for incarcerated people who require but do not have eyeglasses," *id.*; (8) "provide adequate follow-up treatment to incarcerated people when they return to the Jail after receiving care from outside medical specialists," *id.* ¶ 108; (9) "ensure adequate patient discharge planning," *id.* ¶ 111; and (10) "adequately train staff how to prepare for release of incarcerated people with serious medical concerns so that such individuals can continue their medical care without dangerous interruption," *id.*

The SAC also alleges in detail the ways in which Haak, Inc., by policy and practice, violates the rights of individuals with disabilities incarcerated in the Jail. For example, Haak, Inc. *itself*—not just the County—fails to (1) "provide incarcerated people with disabilities reasonable accommodations and to ensure meaningful and equal access to all of the programs and services offered by the Jail," *id.* ¶ 212; (2) "accommodate incarcerated people with disabilities result[ing] in the provision of inadequate medical, mental health, and dental care," *id.*; (3) "adequately identify individuals with disabilities and the reasonable accommodations they require," *id.* ¶ 213; (4) "adequately train staff to maintain records or information about incarcerated people's disabilities and related accommodations," *id.* ¶ 216; and (5) "ensure that incarcerated people with disabilities who require assistive devices as accommodations are provided with and allowed to retain … eyeglasses, magnifiers, [and] screen readers," *id.* ¶ 229.

The SAC includes some illustrative examples of incarcerated people who have been subjected to Haak, Inc.'s unlawful policies and practices. "For example, in 2021, one person waited at least three months to receive eyeglasses after being evaluated for them." *Id.* at ¶ 107. Plaintiffs have also filed several declarations

from incarcerated people illustrating additional examples of Haak, Inc.'s unconstitutional policies and practices.[2] Plaintiff Ernest Archuleta, who uses a wheelchair, reported that he "need[s] prescription eye glasses to read signs and navigate around the Jail" and has "asked for prescription eye glasses several times," but he has never received any. Dkt. 119-21 at ¶ 20. Declarant Waylon Cozart explained that he "had to wait more than a year to get eyeglasses after [his] old glasses broke." Dkt. 119-35 at ¶ 4. Similarly, declarant Daniel Webb stated that he has "trouble seeing anything real close without glasses" and that he needs "glasses to read in order to cope with [his] life circumstances." Dkt. 119-16 at ¶ 14. Webb explained that it took over a year for him to receive "a pair of glasses that work okay," after first receiving the wrong glasses that "hurt [his] eyes" because they were so powerful. *Id.*

## LEGAL STANDARD

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to Plaintiffs." *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1016 (9th Cir. 2020). "All federal courts are in agreement that the burden is on the moving party to prove that no legally cognizable claim for relief exists." 5B Federal Practice and Procedure (Wright & Miller) § 1357 (3d ed. 2022). Dismissal is proper only "if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." *Ass'n for L.A. Deputy Sheriffs v. Cnty. of L.A.*, 648 F.3d 986, 991 (9th Cir. 2011). Moreover, even if the motion to dismiss is granted, "a district court should grant leave to amend." unless the complaint "could not possibly be cured by the allegation of other facts." *Henry A. v. Willden*, 678

---

[2] Plaintiffs reference these declarations, filed with Plaintiffs' motions for preliminary injunction and provisional class certification, here to illustrate the plausibility, and therefore sufficiency, of the allegations in the SAC that Haak Inc.'s policies and practices place Plaintiffs at substantial risk of serious harm.

F.3d 991, 1005 (9th Cir. 2012) (citations omitted).

## ARGUMENT

Plaintiffs' SAC raises six causes of action against Haak, Inc.: (1) violation of the Eighth Amendment for subjecting Plaintiffs "to a substantial risk of harm and injury from inadequate medical … care," SAC ¶¶ 398-400 ("First Cause of Action"); (2) violation of the Fourteenth Amendment for subjecting Plaintiffs "to a substantial risk of harm and injury from inadequate medical … care," *id.* ¶¶ 401-03 ("Second Cause of Action"); (3) violation of Article 1, Section 7 of the California Constitution for subjecting Plaintiffs "to a substantial risk of harm and injury from inadequate medical … care," *id.* ¶¶ 404-06 ("Third Cause of Action"); (4) violation of Article 1, Section 17 of the California Constitution for subjecting Plaintiffs "to a substantial risk of harm and injury from inadequate medical … care," *id.* ¶¶ 407-09 ("Fourth Cause of Action"); (5) violation of Title III of the Americans with Disabilities Act for failing to provide full and equal enjoyment of Haak, Inc.'s services ("Sixth Cause of Action"), *id.* ¶¶ 419-22; and (6) violation of the Unruh Civil Rights Act for failing to provide Plaintiffs with disability accommodations, *id.* ¶¶ 428-35 ("Eighth Cause of Action").

Haak, Inc.'s Motion fails to defeat any of those claims. Haak, Inc.'s arguments as to Plaintiffs' First Cause of Action for violation of the Eighth Amendment fundamentally misconstrue the nature of the SAC, which challenges Haak, Inc.'s *own policies and practices* for providing medical care in the Jail and explains how those policies create a substantial risk of serious harm to people incarcerated in the Jail. The Motion also fails to meaningfully contest the Second, Third, and Fourth Causes of Action, by either misstating Plaintiffs' claims or ignoring them entirely. Finally, Haak, Inc.'s arguments as to the Sixth and Eighth Causes of Action for failure to accommodate Plaintiffs with disabilities rely on unsupported factual assertions that do not address Plaintiffs' allegations and, in any event, are not appropriate to consider when deciding a motion to dismiss.

I. **Plaintiffs Have Alleged Sufficient Facts to Support Their Claim Against Haak, Inc. for Failing to Provide Adequate Medical Care in Violation of the Eighth Amendment (First Cause of Action).**

Claims that correctional healthcare providers' "policies and practices of … systemic application expose all inmates … to a substantial risk of serious harm" in violation of the Eighth Amendment are "firmly established in our constitutional law." *Parsons*, 754 F.3d at 676. A defendant violates the Eighth Amendment if it creates conditions posing a substantial risk of serious harm to incarcerated persons' health or safety and acts with deliberate indifference to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 839-40 (1994). "Deliberate indifference … may be established by showing that there are 'systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care.'" *Gray v. Cnty. of Riverside*, 2014 WL 5304915, at *8 (C.D. Cal. Sept. 2, 2014) (quoting *Madrid v. Gomez*, 889 F. Supp. 1146, 1256 (N.D. Cal. 1995)). Courts have routinely found that deficient ophthalmological care can present a risk of serious harm to incarcerated individuals and is thus sufficient to form the basis of a constitutional violation. *See, e.g.*, *Colwell v. Bannister*, 763 F.3d 1060, 1066-68 (9th Cir. 2014) ("monocular blindness" that "affects [] perception and renders him unable to see" in certain circumstances "is a serious medical need"); *Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996) ("visual deficiencies" that "can readily cause a person to fall or walk into objects" and require eyeglasses "adequately meet the test of 'suffering'" under the Eighth Amendment); *Sexton v. Cnty. of Clark*, 2018 WL 4494091 (D. Nev. Sept. 19, 2018) (denying motion to dismiss where plaintiff alleged defendants withheld her prescription glasses and pain medication, causing blurred vision and agonizing headaches, in violation of Fourteenth Amendment); *Li v. Contra Costa Cnty.*, 2017 WL 4861487, at *9, 12 (E.D. Cal. Oct. 24, 2017) (a reasonable jury could find Fourteenth Amendment violation where incarcerated person with uncorrected vision of 20/100 waited

thirteen months for optometry appointment).

Plaintiffs' allegations sufficiently state that Haak, Inc.'s own policies and practices related to the provision of medical care at the Jail pose a substantial risk of serious harm to incarcerated persons' health.  For example, the SAC explains that Haak fails to "maintain adequate, accurate, and complete medical records;" "order diagnostic testing when medically necessary;" and "train staff how to timely evaluate incarcerated people for vision needs," all of which creates "a substantial risk of misdiagnosis, dangerous mistakes, and unnecessary delays in care" to incarcerated people.  SAC ¶¶ 95, 103, 107.  The SAC describes how Haak, Inc. fails to "timely provide eyeglasses to incarcerated people," *id*. ¶ 107.[3]  The SAC further alleges that Haak "knowingly provide[s]" this "inadequate … medical care." SAC ¶ 5.

The Motion fails to acknowledge any of those policies and practices, and should be denied on that basis alone.  Moreover, each of the arguments Haak, Inc. does levy against the SAC fails.

### A. The Motion Incorrectly Focuses on the Allegations Pertaining to a Single Plaintiff, Rather Than Haak's Systemic Policies and Practices.

The Motion's focus on the experience of a single plaintiff, Mr. Edwards, and its argument that the SAC should be dismissed because "[t]here are no allegations that Dr. Haak provided care and treatment to any of the other Plaintiffs or failed to provide treatment to any other Plaintiff or inmate," are misguided.  Mot. at 6-7.  The relevant inquiry is not whether deficient care was provided to a single person[4] by Dr. Haak as an individual provider; it is whether Haak, Inc.'s policies and practices

---

[3] Multiple individuals incarcerated in the Jail have reported waiting over a year to receive glasses.  *See* Dkt. 119-35 at ¶ 4; Dkt. 119-16 at ¶ 14.

[4] Mr. Edwards' story is illustrative of the overall systemic failures in ophthalmology care at the Jails.

together create a systemic risk of serious harm to incarcerated people.  The Ninth Circuit has explained that there is a "fundamental distinction" between "systemic, future-oriented Eighth Amendment claim[s]" and "claims in which a past instance of mistreatment is alleged to have violated the Constitution." *Parsons*, 754 F.3d at 677.  This case concerns the former, as the multiple allegations in Plaintiffs' SAC indicate.  *See, e.g.*, SAC ¶¶ 95, 102, 103, 107, 108, 111, 212, 213, 216, 219.  "Because plaintiffs do not base their case on deficiencies in care provided on any one occasion," the Court need not consider whether "any … particular deficiency in medical care complained of by the plaintiffs," such as the incident involving Mr. Edwards, alone "would violate the Constitution." *Brown v. Plata*, 563 U.S. 493, 505 n.3 (2011).

Indeed, when plaintiffs allege that individual policies or practices are "combine[d] with other policies to create a health care system that is constitutionally inadequate and subjects inmates to a substantial risk of harm," and individual experiences are enumerated in the complaint "only … as evidence" of those policies and practices, "there is no 'claim' that may be dismissed based on the constitutional adequacy of [a single plaintiff's] individual intake experience." *Gray*, 2014 WL 5304915, at *9.  A single plaintiff's individual exposure to a constitutional violation "does not alter the alleged injury suffered by the class, which is a substantial *risk* of serious harm." *Id.*

**B.  The SAC Alleges That Haak, Inc. Is Responsible for the Inadequate Medical Care Received by Plaintiffs.**

Haak, Inc. contends that it is not "responsible for the failure to provide ophthalmology services" and "has no ability to provide or control the health or safety conditions" of people incarcerated in the Jail.  Mot. at 6-7.  Rather, Haak, Inc. claims, any harm suffered by the Plaintiffs is the fault of the County for "fail[ing] to provide inmates with access to Dr. Haak." *Id.* at 8.  These are assertions of fact, and do not work to challenge the sufficiency of the allegations in the SAC that Haak,

Inc. "knowingly provide[s] inadequate ... medical care ... to the individuals incarcerated ... in the Jail, which exposes incarcerated people to substantial, unreasonable, and life-threatening risks of harm." SAC ¶ 5. The SAC similarly alleges that Haak, Inc. *itself*—not the County—fails to "order diagnostic testing when medically necessary, creating an unreasonable risk of harm to incarcerated people" and fails to "adequately train medical staff ... regarding when it is appropriate to refer incarcerated people to medical specialists or outside medical centers." *Id.* ¶ 103.

Moreover, the Contract between Haak, Inc. and the County makes clear that Haak, Inc. is responsible for providing "at [its] own cost and expense" "all supplies and materials, equipment, ... transportation, ... [and] facilities" for its ophthalmological services and that Haak, Inc.'s work would be performed "according to [Haak, Inc.'s] own means and methods of work, which shall be in the exclusive charge and under the control of [Haak, Inc.], and which shall not be subject to control or supervision by County except as to the results of the work." Contract ¶¶ 1.1, 1.3. The Contract, while in no way absolving the County of its own constitutional and legal duties to provide minimally adequate care, supplies substantial foundation for Plaintiffs' claims that Haak, Inc. is both responsible for and has some measure of control over the care and treatment provided to Plaintiffs and the putative class.

### C. The SAC Alleges That Haak, Inc. Is Deliberately Indifferent to a Substantial Risk of Harm and Injury to Plaintiffs.

The Motion next claims that "there are no allegations ... that the services rendered [by Haak, Inc.] were below the standard of care." Mot. at 6. The proper inquiry is whether Haak, Inc., by policy and practice, "disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Plaintiffs have alleged that Haak, Inc. fails "to maintain adequate, accurate, and complete medical records" and fails to "adequately train staff how to maintain adequate medical records," resulting

in "a substantial risk of misdiagnosis, dangerous mistakes, and unnecessary delays in care" to incarcerated people. SAC ¶ 95. In addition, the SAC alleges that Haak, Inc. fails to (1) "timely provide eyeglasses to incarcerated people," *id.* ¶ 107; (2) "train staff how to timely evaluate incarcerated people for vision needs," *id.*; (3) "provide magnifying glasses as interim accommodations for incarcerated people who require but do not have eyeglasses," *id.*; (4) "provide adequate follow-up treatment to incarcerated people when they return to the Jail after receiving care from outside medical specialists," *id.* ¶ 108; and (5) "ensure adequate patient discharge planning," *id.* ¶ 111. Each of those allegations supports Plaintiffs' claim that Haak, Inc.'s actions and inactions subject them "to a substantial risk of harm and injury." *Id.* ¶ 399.

The Motion also argues that the SAC has not sufficiently alleged that Haak, Inc. had a "culpable" state of mind and therefore has not alleged that Haak, Inc. was deliberately indifferent to the substantial risk of serious harm created by its conduct. *See* Mot. at 7-8. In support of this argument, the Motion cites cases for the high-level proposition that there is a subjective component to the deliberate indifference standard under the Eighth Amendment. Mot. at 7-8 (citing *Farmer*, 511 U.S. at 837; *Jeffers v. Gomez*, 267 F.3d 895, 914 (9th Cir. 2001)).

But the case law, particularly as it relates to forward-looking challenges to systemic failures in prison medical care, does not require a "culpable" state of mind as to a specific risk of harm to a specific incarcerated individual. The Supreme Court has explained that a corrections official may not "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that [a particular plaintiff] was especially likely" to be harmed. *Farmer*, 511 U.S. at 843. Rather, and most particularly in the class action context, "prison officials are constitutionally prohibited from being deliberately indifferent to *policies and practices* that expose inmates to a substantial risk of serious harm." *Parsons*, 754 F.3d at 677 (emphasis

added). "Deliberate indifference … may be established by showing that there are 'systemic and gross deficiencies in staffing, facilities, equipment, or procedures that the inmate population is effectively denied access to adequate medical care.'" *Gray*, 2014 WL 5304915, at *8 (quoting *Madrid*, 889 F. Supp. 1146 at 1256).

The SAC repeatedly alleges that Haak, Inc. acted with deliberate indifference to the fact that its policies and practices of failing to provide adequate medical care subject incarcerated people to a substantial risk of unnecessary suffering. *See, e.g.*, SAC ¶¶ 39, 400, 403, 406, 409; *see also id.* ¶ 5 (Haak, Inc. "knowingly provide[s] inadequate … medical care"). Similarly, the SAC alleges that Haak, Inc.'s policies and practices were so plainly inadequate that the risk to Plaintiffs was obvious. For example, the SAC alleges that, by policy and practice, Haak, Inc. fails to "order diagnostic testing when medically necessary, creating an unreasonable risk of harm to incarcerated people." *Id.* ¶ 103. Such a failure to order clinically indicated testing plainly places patients at risk.

In any event, "[w]hether a prison official had the requisite knowledge of a substantial risk is a question of fact," *Farmer*, 511 U.S. at 842, and therefore cannot be resolved on a motion to dismiss. As noted above, Plaintiffs allege that Haak, Inc. knowingly provided inadequate medical care by enacting policies and practices that it knew presented a substantial risk of serious harm to incarcerated people. To the extent that Haak, Inc. raises a factual argument disputing that contention, that argument is not appropriate at the pleading stage. *See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 245 (9th Cir. 1990) ("It is well-established that questions of fact cannot be resolved or determined on a motion to dismiss for failure to state a claim upon which relief can be granted.").

**D.  Ophthalmology Issues Can Present Serious Risk in Violation of the Constitution.**

Finally, the Court should disregard Haak, Inc.'s unsubstantiated assertion that "none of the ophthalmology issues identified are within the legal definition of a

serious medical condition." Mot. at 8-9. As the Ninth Court has instructed, Plaintiffs are not required to allege a "current serious health problem[]," only that there is a "substantial risk of serious harm." *Parsons*, 754 F.3d at 676-77 (citation omitted). And, as explained above, courts have repeatedly acknowledged that ophthalmological concerns can form the basis of a constitutional violation.

Because Plaintiffs adequately allege that Haak, Inc.'s policies and practices for providing ophthalmological care create a substantial risk of serious harm to people incarcerated in the Jail, Haak, Inc.'s Motion should be denied.

## II. The Court Should Reject Haak, Inc.'s Only Argument for Dismissing Plaintiffs' Claim for Failure to Provide Adequate Medical Care Under the Fourteenth Amendment (Second Cause of Action).

Haak, Inc. does not argue that Plaintiffs failed to state a claim for inadequate medical care under the Fourteenth Amendment. Instead, the Motion makes only one argument for dismissing Plaintiffs' Second Cause of Action: that the Second Cause of Action is about mental health care, which Haak, Inc. does not provide. Mot. at 9. But that is incorrect. The Second Cause of Action alleges that Haak, Inc. and other defendants violated the Fourteenth Amendment by subjecting plaintiffs to a "substantial risk of harm and injury from inadequate *medical* … care." SAC ¶ 402 (emphasis added).

Moreover, the Second Cause of Action states a claim for the same reason as Plaintiffs' First Cause of Action under the Eighth Amendment. Indeed, the Fourteenth Amendment's protection of pretrial detainees affords even greater protection from dangerous conditions than the Eighth Amendment's protection of sentenced individuals. *See Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979); *see also Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).

## III. Haak, Inc. Waived Any Argument to Dismiss Plaintiffs' Claims Arising Under the California Constitution (Third and Fourth Causes of Action).

The Motion fails to make *any* substantive arguments regarding Plaintiffs'

Third and Fourth Causes of Action under Article 1, Sections 7 and 17 of the California Constitution. Rather, the Motion references the California Constitution only in the headings of Sections III and IV. Mot. at 6, 9. Haak, Inc. has therefore waived any arguments challenging those claims. *Cf. Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review."); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Sony Biotech., Inc. v. Chipman Logistics & Relocation*, 2017 WL 3605500, at *2 n.3 (S.D. Cal. Aug. 22, 2017) (argument raised for the first time in reply brief was waived).

**IV.    The SAC States a Claim Against Haak, Inc. for Failure to Provide Reasonable Accommodations (Sixth and Eighth Causes of Action).**

Plaintiffs have alleged that Haak, Inc.—along with other healthcare contractors employed by the Jail (collectively "CONTRACTOR DEFENDANTS," *see* SAC ¶ 5), and in addition to the County itself—violates the statutory rights of individuals with disabilities incarcerated in the Jail in two ways: first, by failing to provide "reasonable accommodations and to ensure meaningful and equal access to all of the programs and services offered by the Jail," including medical services, *id.* ¶ 212; and second, by failing to timely provide assistive devices such as eyeglasses, magnifiers, and screen readers to incarcerated people with disabilities, *id.* ¶ 229.

In response, Haak, Inc. does not dispute that it is subject to either the state or federal statutes protecting individuals with disabilities against discrimination. *See* Mot. at 9-11. Nor does the Motion argue that failure to provide access to ophthalmology appointments or vision-assistive devices would not violate the rights of Plaintiffs with disabilities. *See id.*

Rather, Haak, Inc. asserts only that any responsibility for providing access

and facilities for its services is the responsibility of the County, not Haak, Inc. *Id.* That argument cannot succeed on a motion to dismiss. The SAC plainly states that "CONTRACTOR DEFENDANTS"—including Haak, Inc.—fail to provide accommodations, including access to medical services and devices. SAC ¶¶ 212, 229. The County's own failures to provide legally required accommodations are alleged separately and have no effect on the viability of alleged claims against Haak, Inc. or other Contractor Defendants. Haak, Inc.'s factual defense that it did not have that responsibility cannot be decided in a Rule 12(b)(6) motion. *See Cook, Perkiss & Liehe, Inc.*, 911 F.2d at 245.

In any event, Haak. Inc.'s factual assertions are disproven by the Contract itself. The Contract between Haak, Inc. and the County makes clear that Haak, Inc. is responsible for providing "at [its] own cost and expense" "all supplies and materials, equipment, … transportation, … [and] facilities" for its ophthalmological services. Contract ¶ 1.1. The Contract requires Haak, Inc. to "ensure that services and facilities are provided without regard to … physical or mental disability," and explicitly states that Haak, Inc. "shall not discriminate against qualified people with disabilities." Contract ¶¶ 8.5; 8.7. The Motion should therefore be denied as to Plaintiffs' Sixth and Eighth Causes of Action.[5]

## CONCLUSION

Plaintiffs' SAC states sufficient facts to support their First, Second, Third, Fourth, Sixth, and Eighth Causes of action against Haak, Inc. The Motion should

---

[5] The Motion also purports to move to dismiss Plaintiffs' cause of action against Haak, Inc. related to "lack of access to counsel and the courts." Mot. at 10. However, the SAC does not assert any such cause of action against Haak, Inc. Plaintiffs' claims related to access to counsel and the courts under the Sixth and Fourteenth Amendments to the U.S. Constitution and Sections 7 and 15 to the California Constitution are enumerated in Plaintiffs' Tenth, Eleventh, Twelfth, and Thirteenth Causes of Action, which are not asserted against Haak, Inc. The Motion may have confused the list of nine general issues on the caption page of the SAC with the fifteen causes of action plainly asserted in the SAC itself.

therefore be denied.

Should the Court be inclined to dismiss any of these claims, Plaintiffs respectfully ask that such dismissal should be made with leave to amend. *See Sony Biotechnology, Inc.*, 2017 WL 3605500, at *2 (courts "should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading").

DATED: May 12, 2022                Respectfully submitted,

                              ROSEN BIEN GALVAN & GRUNFELD LLP

                              By: */s/ Van Swearingen*
                                   Van Swearingen

                              Attorneys for Plaintiffs
                              Email: vswearingen@rbgg.com