Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendants
COUNTY OF SAN DIEGO (Also erroneously sued herein as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, and SAN DIEGO COUNTY PROBATION DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**DECLARATION OF SUSAN E. COLEMAN IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION FOR A ONE – WEEK CONTINUANCE OF DEADLINE TO OPPOSE PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION** |

I, SUSAN E. COLEMAN, declare as follows:

1.  I am admitted in this Court and the State of California. I am a partner at Burke, Williams & Sorenson, LLP, and I am counsel of record for Defendants

COUNTY OF SAN DIEGO (also erroneously sued herein as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT), in this case.

2. I have personal knowledge of the matters set forth herein, except as to those matters stated on information and belief, and would competently testify thereto if called and sworn as a witness.

3. On May 2, 2022, Plaintiffs Ernest Archuleta, Darryl Dunsmore, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, and Laura Zoerner filed their voluminous motion for preliminary injunction and provisional class certification (Dkt 119).

4. The Court thereafter issued an order (Dkt 124) setting the hearing for June 16, 2022, at 2:00 p.m. and the briefing schedule as follows: the responses due by May 16, 2022, and replies due by May 23, 2022.

5. After meeting and conferring with Counsel, Plaintiffs' counsel would not agree to stipulate to <u>any</u> extension of time to file an Opposition brief and supporting papers unless the County agreed to certification of a class of all jail arrestees and prisoners.

6. While all counsel agreed to additional pages for Plaintiffs' Motion for Preliminary Injunction, and the responsive papers to same, it was never disclosed by Plaintiffs' counsel that they would also be moving for provisional certification or that they would be filing nearly 2,000 pages in support of their motion including declarations and exhibits from numerous experts, former staff, prisoners, and counsel.  The extent of the brief - and the broad relief requested – was never disclosed.  If Defendants' counsel had some warning of the size and type of motion Plaintiffs intended to file, they would have sought to negotiate additional time to respond when Plaintiff's counsel sought extra pages for their motion.  Additionally, it never occurred to me that Plaintiffs' counsel would be completely unwilling to negotiate any kind of extension of time if needed.

7.  Defendant County of San Diego filed a request for a 30-day continuance of the Opposition deadline (Dkt 128), and was granted instead 2 weeks (Dkt 132), making the Opposition currently due on May 31, 2022.

8.  The current deadline of May 31, 2022 date is not feasible for Defendants to file a Joint Opposition brief for several reasons:

   a) The Defendants were ordered to file one joint/consolidated opposition brief. As there are numerous Defendants, each with separate counsel, this coordination takes some time.

   b) Substantial time is needed from the medical and mental health staff in order for them to review draft declarations, review medical/mental health records for each pertinent inmate (23 of them are at issue in the briefing), and revise the declarations as needed. However, the medical and mental health departments in the County Jails are already working overtime to transition their sub-contractors to Naphcare, Inc., which occurs on June 1, 2022, and which entails switching over the record keeping system, prescriptions, and revamping policies and procedures.

   c) The last few days before the filing of this Opposition brief also fall on a holiday weekend, which is leaving the involved jail staff even more shorthanded and with less time to review records.

9.  Plaintiffs' motion with exhibits is nearly 2,000 pages (with the medical records filed under seal and those accompanying pleadings). This includes 4 lengthy expert declarations with exhibits (Austin – 49 pages; Stewart – 70 pages; Cohen – 31 pages; and Sanossian – 53 pages), 2 declarations from former jail health care workers (referred to as whistleblowers) – Alonso (22 pages) and Evans (17 pages), and 23 inmate declarations with specific allegations and exhibits in support. In addition to Plaintiffs' 45 page Motion for Preliminary Injunction, they also filed a Request for Judicial Notice, Declaration of counsel Van Swearingen (1055 pages), a Motion to file documents under seal, and a detailed proposed order granting the relief sought.

10. This brief continuance is not sought for purpose of delay. Defense counsel has been working diligently to review Plaintiffs' motion and supporting evidence, and to conduct an investigation to compile exhibits and declarations in opposition to the motion. Plaintiffs attack an enormous swath of issues within the County's jail system including but not limited to medical care, mental health care, dental care, conditions of confinement, safety of inmates (safety checks, housing assignments, racial tensions), access to courts, disability accommodations, access to programming, use of force, maintenance issues (call buttons, toilets), issues with video surveillance, body scanners, prevention and treatment of drug use and overdoses, and <u>many</u> other issues.

11. It has taken substantial time in order to retrieve and compile documents such as maintenance records, logs, training materials, medical reports, mental health records, incident reports, et cetera, to respond to Plaintiffs' allegations. With this evidence, we have also been working diligently to prepare authenticating declarations, coordinating with experts to review evidence and provide declarations, and drafting declarations of staff explaining policy and practice and otherwise responding to Plaintiffs' wide-ranging allegations.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on May 25, 2022, at San Diego, California.

                                                       */s/ Susan E. Coleman*
                                                        Susan E. Coleman