**LOTZ DOGGETT & RAWERS, LLP**
**LAUREN E. HARDISTY, ESQ. (SBN 258531)**
101 West Broadway, Suite 1110
San Diego, California 92101
Telephone: (619) 233-5565
Facsimile: (619) 233-5564

Attorneys for Defendant, LOGAN HAAK, M.D.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOENER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO GORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROGATION DEPARTMENT and DOES 1 TO 20, inclusive,<br><br>Defendants. | **CASE NO.: 3:20-cv-00406-AJB-WVG**<br><br>**REPLY IN SUPPORT OF LOGAN HAAK, M.D.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND EACH CAUSE OF ACTION THEREIN**<br><br>**Jury Trial Demanded**<br><br>Judge: Hon. Anthony J. Battaglia<br>Mag. Judge: Hon. William V. Gallo<br><br>**NO HEARING DATE IS REQUIRED PER CHAMBER RULES**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

# I.

# THE FACTS IN THE SECOND AMENDED COMPLAINT AND THOSE CITED IN THE OPPOSITION ARE NOT SUFFICIENT TO MAINTAIN THIS LAWSUIT AGAINST DR. HAAK

Plaintiff's Opposition to the Motion to Dismiss makes no sense in light of the allegations in the complaint and Dr. Haak's role in the jail. Dr. Haak is an eye doctor. He provides vision services to inmates. There is no situation in which he can impact the safety or housing conditions of inmates. He has no control over County policies and procedures.

The generic allegations in the SAC do not make sense in light of the fact that Dr. Haak is an eye doctor. For example, the SAC clearly states that the County is responsible for housing inmates. How then, can Dr. Haak be responsible for failing to provide a "confidential setting" for vision care? It is reasonable to infer from the allegations in the SAC that the County dictates the location and timing of healthcare provided to the inmates. Safety issues determine the location that care is provided. Even if inmates receive medical care in a non-confidential setting, which does not rise to the level of a 1983 claim. Nor is the location of services anything Dr. Haak can dictate.

As it relates to Plaintiffs' claims regarding medical records and training, it is unclear who Dr. Haak is training and how any alleged inadequate documentation of

vision services caused any harm to any individual. Plaintiffs have a duty to allege not just what they believe was done incorrectly but also how specific harm occurred related to those allegation. The allegations contained in the SAC are primarily generic. The specific allegations against Dr. Haak do not entitle Plaintiffs to the relief sought, nor is it relief that is within the control of Dr. Haak.

Plaintiffs' Opposition references information contained within the declarations submitted in support of their Motion for Preliminary Injunction and Preliminary Class Certification. First, none of the information cited in opposition is contained within the SAC. Second, even if the information were included, the facts alleged still do not implicate Dr. Haak. The portion of the declaration of Mr. Archuleta cited declares "During the time at the Jail, I have never received an eye examination or prescription eyeglasses." Dkt. 119 – 35 at ¶20. It does not say that Dr. Haak saw him and failed to provide him with the necessary glasses. It says he never received an eye exam. The County creates the list of individuals who are scheduled to see Dr. Haak. Requests for vision exams are made through the County. The inmates do not directly communicate with Dr. Haak to schedule appointments. The evidence cited in the declarations is evidence of County failures and have nothing to do with Dr. Haak.

## II.

## DR. HAAK IS SUBJECT TO THE COUNTY'S POLICIES AND PROCEDURES

Plaintiffs' argument that Dr. Haak's policies and procedures relating to medical care does not make sense because Dr. Haak is subject to the County's policies and procedures. Plaintiff seeks judicial notice of the contract between he County and Dr. Haak. Defendant has no objection to such request. In fact, Defendant believes the contract clearly shows that Dr. Haak has no liability in this matter.

"2.2. CONTRACTOR [Dr. Haak] agrees to provide on-site specialty clinic services to inmate patients **only upon authorization and referral from Sheriff's Department medical staff** or by the Sheriff's Managed Care Group (MCG)." [**Exhibit A-23** to Declaration of Van Swearington, ¶2.2] Clearly Dr. Haak, pursuant to the terms of his contract can only see the patients that are referred to him by the Sherrif's department. Issues related to patients not being seen are solely the responsibility of the Sheriff's Department pursuant to the terms of the contract.

"2.3. CONTRACTOR agrees to perform duties hereunder in a manner consistent with the recognized community standards for CONTRACTOR's services and any reasonable **administrative guidelines provided by the SHERIFF to CONTRACTOR** in writing and consistent with authorization or referrals from

Sheriff's Department medical staff and/or Sheriff's MCG. **[Exhibit A-23** to Declaration of Van Swearington, ¶2.3] Dr. Haak is required to comply with the County's policies and procedures. The County has complete control of the process through which Dr. Haak treats inmates. Dr. Haak is bound by the terms of his contract, drafted by the County.

There are no allegations in the SAC that the care and treatment provided by Dr. Haak fell below the standard of care. There are no allegations that Dr. Haak failed to see any inmate referred to him for services. The County, through the contract, dictates the number and location of clinics. Dr. Haak has never failed to perform on the contract. There are no allegations that any patient grievances have been filed with respect to the care provided by Dr. Haak.

It is further spelled out in the contract that "The Sheriff or his designee may remove any CONTRACTOR's staff for violating the Sheriff's Department Policy & Procedures, or for not meeting Sheriff's Department professional standards and expectations at anytime." **[Exhibit A-26** to Declaration of Van Swearington, ¶8.8] The evidence submitted by Plaintiffs clearly shows that Dr. Haak is bound by the County's policies and procedures. Instead of the vague and generic allegations in the SAC, the evidence is clearly consistent with Dr. Haak's argument that he does not have policies and procedures nor can he change or influence the County's policies and procedures. As such, Dr. Haak should be dismissed from this case.

## III.

## CONCLUSION

Based on the moving papers, the evidence submitted by the parties and this reply, Defendant, Dr. Haak, respectfully requests this Court grant his motion to dismiss without leave to amend.

Dated: May 26, 2022          **LOTZ, DOGGETT & RAWERS, LLP**

                    By: *Lauren Hardisty*
                    **LAUREN E. HARDISTY, ESQ.**
                    Attorneys for Defendant, LOGAN HAAK, M.D.