GAY CROSTHWAIT GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
2001 Addison Street, Suite 300
Berkeley, California 94704-1165
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
Email: ajf@aaronfischerlaw.com

(*additional counsel on following page*)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR A ONE WEEK CONTINUANCE OF DEADLINE TO OPPOSE PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge: Hon. Anthony J. Battaglia |

(*counsel continued from preceding page*)

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
Email: christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

BARDIS VAKILI – 247783
JONATHAN MARKOVITZ – 301767
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
2760 Fifth Avenue, Suite 300
San Diego, California 92103-6330
Telephone: (619) 232-2121
Email: bvakili@aclu-sdic.org
jmarkovitz@aclu-sdic.org

Attorneys for Plaintiffs

[3922092.5]

Case No. 3:20-cv-00406-AJB-WVG

PLS. OPP. TO DEFS. *EX PARTE* APPLICATION FOR A ONE WEEK CONTINUANCE OF DEADLINE TO OPPOSE PLS. MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

Over three weeks ago, the San Diego County Sheriff's Department and County of San Diego ("County Defendants") filed their first *ex parte* application seeking an extension of time to oppose Plaintiffs' Motion for Preliminary Injunction and Provisional Class Certification (the "Plaintiffs' Motion"). Dkt. 128. Plaintiffs opposed. Dkt. 130. This Court evaluated the parties' arguments and denied County Defendants' request for a 30-day extension but extended their deadline by fifteen days, to May 31, 2022. Dkt. 132. The hearing on the Plaintiffs' Motion—which seeks preliminary relief to address dangerous and deadly conditions at the Jail—was continued from June 16, 2022 to June 30, 2022. *Id*.

County Defendants now seek a second bite at the apple, effectively asking this Court to reconsider its prior decision and further extend their deadline. Yet County Defendants' *Ex Parte* Application for a One Week Continuance of Deadline to Oppose Plaintiffs' Motions for Preliminary Injunction and Class Certification ("*Ex Parte* Application") provides no new good cause rationale for further extending the briefing schedule. Indeed, every reason advanced to justify the requested extension was known to County Defendants at the time they filed their first *ex parte* application. Further delay risks additional irreparable harm to those incarcerated in San Diego County Jail facilities (the "Jail"), where **two more people have died** just during the weeks since County Defendants first requested additional time. Finally, the *Ex Parte* Application is procedurally improper because County Defendants failed to contact Plaintiffs' counsel prior to filing. The briefing schedule on the Motions should not be further extended.

**I.    The Court Already Considered and Rejected County Defendants' Request for A Further Extension, and County Defendants Do Not Present Any Newly Discovered Facts That Warrant Reconsideration**

County Defendants' *Ex Parte* Application makes the exact same argument County Defendants made in their first application—that they need more time to review the evidence submitted in support of the Motions and coordinate with staff to prepare declarations and exhibits. *Compare* Dkt. 142 at ECF 2 (stating County

| | |
|---|---|
| 1 | Defendants need to review and respond to a lengthy submission involving 4 expert |
| 2 | declarations, 2 former Jail worker declarations, and 23 inmate declarations) *and* Dkt. |
| 3 | 142 at ECF 3 (stating "[s]ubstantial time is needed from the medical and mental |
| 4 | health staff in order for them to review draft declarations, review medical/mental |
| 5 | health records for each pertinent inmate (23 of them are at issue in the briefing), and |
| 6 | revise the declarations as needed") *with* Dkt. 128 at ECF 2-3 (substantially the |
| 7 | same). The Court already considered the parties' arguments regarding the time and |
| 8 | resources reasonably required to respond to the Motions, and it revised the briefing |
| 9 | schedule accordingly. *See* Dkt. 132. County Defendants waste judicial and party |
| 10 | resources by raising the same argument twice, simply hoping for a different result. |
| 11 | County Defendants now assert for the first time that their medical and mental |
| 12 | health departments are preparing to transition sub-contractors to Naphcare, Inc. on |
| 13 | June 1, 2022, which makes it difficult to coordinate the preparation of declarations |
| 14 | and exhibits for this litigation. Dkt. 142 at 3. This transition, however, has been in |
| 15 | the works for a long time. Indeed, County Defendants have been discussing |
| 16 | Naphcare's proposal to provide medical and mental health care at the Jail for over a |
| 17 | year. Declaration of Van Swearingen ("Swearingen Decl.") ¶ 11. County |
| 18 | Defendants present no evidence in their moving papers that they were unaware of |
| 19 | this transition at the time they filed their first *ex parte* application. Their position |
| 20 | has not materially changed in any way since the filing of their first *ex parte* |
| 21 | application, and their delay in raising this issue should not be rewarded. |
| 22 | County Defendants also claim to need additional time to coordinate a joint |
| 23 | filing with their co-defendants, "given this Court's order for one joint opposition |
| 24 | brief to be filed." Dkt. 142 at ECF 2. The Court has never issued such an order. |
| 25 | The Court's order partially granting and partially denying County Defendants' first |
| 26 | *ex parte* application stated that Defendants have until May 31, 2022 "to file their |
| 27 | opposition<u>s</u>." Dkt. 132 (emphasis added); *see also* Dkt. 117 (Court's order on filing |
| 28 | excess pages indicating that "Opposition<u>s</u> may not exceed 30 pages in length and |

replies may not exceed 15 pages in length") (emphasis added).[1]

## II. County Defendants Continue to Misrepresent Their Knowledge of the Scope of Plaintiffs' Motions

County Defendants again contend that they did not anticipate the "immensity" of Plaintiffs' Motion or that Plaintiffs' counsel would not agree to requests to extend deadlines. Dkt. 142 at ECF 2 n.1. As explained in Plaintiffs' opposition to County Defendants' first *ex parte* application for an extension of time, County Defendants were aware since at least mid-March that Plaintiffs were seeking preliminary injunctive relief and class certification early in the case. Swearingen Decl. ¶¶ 4-7. Plaintiffs' counsel communicated this to County Defendants' counsel on numerous occasions, emphasizing the importance of addressing the extraordinarily high death rate at the Jail. *Id*. County Defendants never once inquired as to the issues or evidence related to Plaintiffs' Motion. *Id*. ¶¶ 7, 9. Nor did County Defendants raise any issues as to the briefing schedule before Plaintiffs' Motion was filed. *Id*. The parties' April 22, 2022 joint motion indicated that Plaintiffs' Motion would seek "to address numerous issues with respect to Defendants' policies, procedures, practices, and training related to security, medical care, mental health care, disability access." Dkt. 116 at ECF 1.[2] County Defendants have known about these deficiencies long before Plaintiffs' Motion was filed. *See generally* Dkt. 119-1.

In furtherance of their request for more time, County Defendants continue to mislead the Court by stating that "it was never disclosed by Plaintiffs' counsel that

---

[1] Neither Liberty Healthcare Corporation nor Correctional Healthcare Partners, Inc., the other two defendant parties subject to Plaintiffs' Motions, have moved for an extension of time to respond to Plaintiffs' Motions.

[2] County Defendants continue to misrepresent the scope of Plaintiffs' Motion by asserting that it challenges "an enormous swath of issues within the County's jail system including but not limited to … dental care … racial tensions, access to courts, …use of force, … and many other issues." Dkt. 142 at ECF 4; *see also* Dkt. 128 at ECF 3 (same). As explained in Plaintiffs' opposition to County Defendants' first *ex parte* application, the issues in Plaintiffs' Motion are far narrower than what the County Defendants assert. Dkt. 130 at ECF 3, n. 1.

[3922092.5]   3   Case No. 3:20-cv-00406-AJB-WVG

PLS. OPP. TO DEFS. *EX PARTE* APPLICATION FOR A ONE WEEK CONTINUANCE OF DEADLINE TO OPPOSE PLS. MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

they would also be moving for provisional certification." In addition to the numerous writings indicating that Plaintiffs would seek class certification, Plaintiffs' counsel specifically discussed moving for provisional class certification on April 21, 2022, in connection with their request to agree to exceed the page limitations. *See* Swearingen Decl. ¶ 7. The parties' joint motion to exceed pages specifically acknowledged that Plaintiffs "intend to seek provisional class certification in conjunction with the request for preliminary relief." Defendants cannot now credibly claim surprise.

### III. Further Extensions of the Briefing Schedule Are Likely to Result in Irreparable Harm

The death toll at the Jail continues to rise—two more people have died at the Jail since County Defendants' first *ex parte* application was filed. Swearingen Decl. ¶ 3. On May 5, 2022, 31-year-old Leonel Villaseñor died of an apparent drug overdose the day after he was booked into the Jail. *Id*. On May 25, 2022, an as-yet-unidentified 64-year-old man was pronounced dead after being found unresponsive in his cell at the Jail. *Id*. There have now been 10 deaths at the Jail just this year. *Id*. Plaintiffs' Motion seeks preliminary injunctive relief *specifically* aimed at stemming the tide of preventable deaths in the Jail. Further delay in resolving Plaintiffs' Motion risks irreparable harm to Plaintiffs and members of the proposed class and subclass.

For months, Plaintiffs' counsel has been trying to engage County Defendants on the serious and urgent issues at the Jail. *See id*. ¶¶ 4, 12. County Defendants have failed to respond to Plaintiffs' repeated attempts to facilitate timely resolution of this case and have delayed resolving this ongoing crisis. *Id*. ¶¶ 4, 12-13. As indicated in Plaintiffs' opposition to County Defendants' first *ex parte* application, Plaintiffs' counsel specifically informed County Defendants' counsel that it would not stipulate to a briefing schedule extension because delay is likely to lead to

further irreparable harm.  Dkt. 130 at ECF 6; Dkt. 130-1 at ¶ 7 & Ex. C.[3]

## IV. The *Ex Parte* Application is Procedurally Deficient Because County Defendants Failed to Contact, Attempt to Contact, or Explain Their Failure to Contact Plaintiffs' Counsel Prior to Filing

Local Rule 83.3(g) provides that a motion must not be made *ex parte* unless it appears by affidavit or declaration:

> (1) that within a reasonable time before the motion the party informed the opposing party or the opposing party's attorney when and where the motion would be made; or (2) that the party in good faith attempted to inform the opposing party and the opposing party's attorney but was unable to do so, specifying the efforts made to inform them; or (3) that for reasons specified the party should not be required to inform the opposing party or the opposing party's attorney.

This Court's civil case procedures similarly require counsel to "contact the opposing party to meet and confer" prior to filing an *ex parte* motion, and to submit a declaration in support of such a motion documenting "(1) efforts to contact opposing counsel; (2) counsel's meet and confer efforts; and (3) opposing counsel's position regarding the *ex parte* motion."  Judge Battaglia Civ. Case Proc. Sec. III(1).

Counsel for County Defendants did not meet and confer with Plaintiffs' counsel about the *Ex Parte* Application prior to filing.  Swearingen Decl. ¶ 2.  Since the Court's order partially granting and partially denying County Defendants' first *ex parte* application for an extension of time, County Defendants have not made any statements or representations to Plaintiffs' counsel about needing or requesting additional time to oppose Plaintiffs' Motions.  *Id*.  Plaintiffs' counsel learned about the *Ex Parte* Application for the first time when it was filed with the Court.  *Id*.

---

[3] In response to County Defendants' May 2, 2022 request for an extension of time, Plaintiffs' counsel offered to extend County Defendants' May 9, 2022 deadline to respond to the Second Amended Complaint, to "allow [Defendants] to concentrate [their] resources on" responding to Plaintiffs' Motion.  Swearingen Decl. ¶ 8; *see also* Dkt. 130-1, Ex. C at ECF 17-18.  County Defendants' counsel did not respond to the offer and proceeded to prepare and file their motion to dismiss one week later.  *Id*.  County Defendants' decisions to ignore Plaintiffs' counsel's attempt to reach informal resolution on deadlines, and to allocate time and resources to responding to the Second Amended Complaint when they could have been preparing an opposition to Plaintiffs' Motion, weighs against a further extension of time.

**V.      Conclusion**

Plaintiffs respectfully request that the Court deny County Defendants' *Ex Parte* Application and keep the briefing schedule that is currently in place.

DATED:  May 26, 2022                    Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP


By: */s/ Van Swearingen*
     Van Swearingen

Attorneys for Plaintiffs
Email:  vswearingen@rbgg.com