```
 1  GAY CROSTHWAIT GRUNFELD – 121944
    VAN SWEARINGEN – 259809
 2  PRIYAH KAUL – 307956
    ERIC MONEK ANDERSON – 320934
 3  HANNAH M. CHARTOFF – 324529
    ROSEN BIEN GALVAN & GRUNFELD LLP
 4  101 Mission Street, Sixth Floor
    San Francisco, California 94105-1738
 5  Telephone:  (415) 433-6830
    Facsimile:  (415) 433-7104
 6  Email:      ggrunfeld@rbgg.com
                vswearingen@rbgg.com
 7              pkaul@rbgg.com
                eanderson@rbgg.com
 8              hchartoff@rbgg.com

 9  AARON J. FISCHER – 247391
    LAW OFFICE OF
10  AARON J. FISCHER
    2001 Addison Street, Suite 300
11  Berkeley, California 94704-1165
    Telephone:  (510) 806-7366
12  Facsimile:  (510) 694-6314
    Email:      ajf@aaronfischerlaw.com
13
    (additional counsel on following page)
14
    Attorneys for Plaintiffs
15
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION FOR A ONE WEEK CONTINUANCE OF DEADLINE TO OPPOSE PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge:   Hon. Anthony J. Battaglia |

(*counsel continued from preceding page*)

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
Email: christopher.young@dlapiper.com
       isabella.neal@dlapiper.com
       oliver.kiefer@dlapiper.com

BARDIS VAKILI – 247783
JONATHAN MARKOVITZ – 301767
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
2760 Fifth Avenue, Suite 300
San Diego, California 92103-6330
Telephone: (619) 232-2121
Email: bvakili@aclu-sdic.org
       jmarkovitz@aclu-sdic.org

Attorneys for Plaintiffs

I, Van Swearingen, declare:

1. I am an attorney duly admitted to practice before this Court. I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Opposition to County Defendants' *Ex Parte* Application for a One Week Continuance of Deadline to Oppose Plaintiffs' Motion for Preliminary Injunction and Provisional Class Certification.

2. Counsel for the San Diego County Sheriff's Department and County of San Diego ("County Defendants") did not contact me by email, telephone, or any other means before filing the *ex parte* application on May 25, 2022. I understand from my co-counsel that counsel for County Defendants also did not contact any other counsel representing Plaintiffs before filing the *ex parte* application. Plaintiffs' counsel only learned about County Defendants' request when the *ex parte* application was filed with the Court. Since the Court's May 9, 2022 Order partially granting and partially denying County Defendants' first *ex parte* application for an extension of time, County Defendants have not made any statements or representations to Plaintiffs' counsel about needing or requesting additional time to oppose Plaintiffs' Motion for Preliminary Injunction and Provisional Class Certification ("Plaintiffs' Motion").

3. Since Plaintiffs' Motion was filed on May 2, 2022, two additional men have died at the Jail. On May 5, 2022, Leonel Villaseñor died in a holding cell at San Diego Central Jail, the day after he was booked into the Jail. Villaseñor was 31 years old. Attached hereto as **Exhibit A** are true and correct copies of the Sheriff's Department's public announcements of Villaseñor's death. The public information about Villaseñor's death—stating that deputies attempted to revive him with naloxone—strongly suggests that he died from a drug overdose. Plaintiffs' Motion for Preliminary Injunction requests remedies to address preventable drug overdoses

1  in the Jail. On May 25, 2022, an as-yet-unidentified 64-year-old man died at the
2  San Diego Central Jail. The Sheriff's Department announced that man's death
3  before County Defendants filed their *ex parte* application. A true and correct copy
4  of the Sheriff's Department's public announcement of that May 25, 2022 death is
5  attached hereto as **Exhibit B**. There have now been 10 deaths at the Jail this year.

6      4.   Plaintiffs have repeatedly informed counsel for County Defendants that
7  Plaintiffs were preparing to move for a preliminary injunction and for class
8  certification. On March 15, 2022, I sent, via email, a letter to County Counsel
9  attorneys Fernando Kish, Ronald Lenert, and Matthew O'Sullivan, counsel for
10 County Defendants. That letter included proposals to quickly and efficiently
11 address the ongoing harm to people incarcerated in the San Diego County Jail (the
12 "Jail"). Plaintiffs proposed that the parties stipulate to class certification and agree
13 to neutral experts to report on and propose remedies for conditions at the Jail. The
14 letter identified numerous federal cases in which California counties avoided the
15 costly and time-consuming discovery and motion practice of class certification by
16 either stipulating to class certification or by submitting a statement of non-
17 opposition to certification. The letter also stated that Plaintiffs would expedite our
18 efforts to move for class certification if County Defendants would not agree in
19 principle to Plaintiffs' proposals.

20     5.   On March 18, 2022, I sent a proposed protective order to counsel for
21 County Defendants. A true and correct copy of the email exchange between myself
22 and counsel for County Defendants is attached hereto as **Exhibit C**. The same day I
23 sent the proposed protective order, Fernando Kish, counsel for County Defendants,
24 stated that "a protective order at this point is premature as discovery will not be
25 open for some time." In response, I wrote that Plaintiffs may seek early discovery
26 and "may be moving soon for a preliminary injunction." On March 28, 2022, I
27 informed counsel for County Defendants that Plaintiffs would continue their work
28 on class certification.

6. On March 31, 2022, by email, I reminded County Counsel and private law firm counsel for County Defendants of the efforts that Plaintiffs' counsel have taken to expedite the case and increase efficiency, including as to the preservation of documents, on-site expert inspections, responding to urgent and/or serious issues that require prompt attention from Jail staff, proposals for joint experts and class certification, and agreeing on protective order language. In my March 31, 2022 email, I reminded County Defendants' counsel that Plaintiff's counsel "will continue our work on class certification." A true and correct copy of that email exchange between myself and Susan E. Coleman, private law firm counsel for County Defendants, is attached hereto as **Exhibit D**. On April 5, 2022, I responded to Ms. Coleman's April 4, 2022 questions about Plaintiffs' proposals, in interlineated responses. *See* Ex. D at 1. In response to Ms. Coleman's statement that addressing the protective order was premature, I wrote, "The extraordinarily high death rate at the jail requires remedial actions before discovery would ordinarily open. We are preparing motions to address issues that expose incarcerated people to substantial risk of harm, including death."

7. On April 21, 2022, counsel including myself and Ms. Coleman met and conferred by telephone, at which time I stated that Plaintiffs' counsel would soon be filing the motions for preliminary injunction and provisional class certification. During the discussion, I asked whether County Defendants would be amenable to increasing the pages for both Plaintiffs' and Defendants' briefing, and Ms. Coleman agreed. At no point during our conversations did Ms. Coleman ask any questions about the scope or content of Plaintiffs' preliminary injunction or provisional class certification motions, including as to the requested relief or the number of supporting declarants, including expert declarants. Following the call, I sent emails to Ms. Coleman as well as counsel for Defendants Liberty Healthcare Corporation ("Liberty") and Correctional Healthcare Partners, Inc. ("CHP") to request agreement on the request to increase the number of pages for briefing. In the emails that were

1. circulated concerning the page limits for the preliminary injunction and provisional class certification motions, no defense counsel requested information about the scope of the motions or the timing of the briefing schedule. On April 22, 2022, Plaintiffs, County Defendants, Liberty, and CHP filed a joint motion requesting to exceed the Court's usual page limits in connection with Plaintiffs' preliminary injunction and provisional class certification motions. *See* Dkt. 116 ("Joint Motion"). The Joint Motion requested additional pages for all parties because Plaintiffs' Motion would seek "to address numerous issues with respect to Defendants' policies, procedures, practices, and training related to security, medical care, mental health care, disability access." The Joint Motion stated that briefing those issues would "involve significant factual discussion and legal analysis of several different claims." The Joint Motion did not request additional time for any Defendants to respond to Plaintiffs' Motion.

8. In response to County Defendants' May 2, 2022 request for an extension of the briefing schedule on Plaintiffs' Motion, I emailed County Defendants' counsel and stated that Plaintiffs would agree to push out County Defendants' May 9, 2022 deadline to respond to the Second Amended Complaint to "allow you to concentrate you resources on the motions filed today." County Defendants' counsel never responded to my email. They filed their motion to dismiss one week later.

9. All of the foregoing information was available to County Defendants' counsel when they filed their first *ex parte* application for an extension of time to respond to Plaintiffs' Motion, and since the Court's Order partially granting and partially denying that application on May 9.

10. Prior to the filing of Plaintiffs' Motion, no defense counsel raised any question as to the scope of Plaintiffs' Motion or the briefing schedule.

11. I am informed that the Sheriff's Department and Naphcare have been negotiating the transition in medical and mental health care contractors at the Jail for

several months. On May 24, 2021, Naphcare submitted a bid to provide medical and mental health care at the Jail. I have reviewed documents indicating that County Defendants and Naphcare have engaged in discussions regarding staff positions, training, and operations since at least early February. Prior to it being raised in County Defendants' *Ex Parte* Application for a One Week Continuance, no defense counsel ever informed Plaintiffs' counsel that transitions associated with Naphcare would pose a hardship for their briefing schedule.

12. Since March 11, 2022, Plaintiffs' counsel has been emailing counsel for County Defendants to advise them of serious and urgent issues involving people incarcerated at the Jail and ask that they be resolved.

13. To date, County Defendants have not responded in writing to Plaintiffs' proposals regarding class certification, neutral expert reports, document preservation practices, and protective order language.

14. The Court's order on County Defendants' first *ex parte* application states that Plaintiffs' reply is due by June 6, 2022. Plaintiffs' counsel later confirmed with the clerk of the Court that the deadline for the reply papers is actually June 7, 2022, which gives Plaintiffs seven days to reply, as is standard under the local rules. Plaintiffs' counsel has informed counsel for each of the Defendants about this correction.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 26th day of May, 2022.

_____
Van Swearingen

# EXHIBIT A

# Most Recent News Releases

# In-Custody Death – San Diego Central Jail

*Thirty-one-year-old incarcerated man found dead in cell.*

| Post Date: | 05/06/2022 8:56 AM |

The following information is fragmentary and has not been completely verified. It is based, in part, on hearsay and is intended for early information use rather than being a formal investigative report.

On May 5, 2022, just before 6:00 p.m., deputies were walking by a holding cell located on the second floor and discovered a 31-year-old incarcerated person slumped over the partition wall next to the toilet. The incarcerated person was alone in the cell and unresponsive. The Fire Department was notified and responded. Naloxone was administered to the incarcerated person by deputies and medical staff. CPR was performed by deputies, medical staff, and Paramedics. Unfortunately, the incarcerated person did not survive. The incarcerated person was pronounced deceased at 6:28 p.m.

The Homicide Unit responded to investigate the incident. As a matter of practice, the Sheriff's Homicide Unit investigates all deaths of persons in custody at the time of their passing. The cause and manner of death are still under investigation. The Medical Examiner's Office has been notified of the death. An autopsy has been scheduled for May 6th, 2022.

The Citizens Law Enforcement Review Board was notified of the death and responded to the San Diego Central Jail.

Media Contact: Chris Steffen, Lieutenant
Chris.Steffen@sdsheriff.org
Sheriff's Homicide Unit (858) 285-6330

*Return to full list >>*

**SUBSCRIBE**

Subscribe to receive updates.

Email

Email Address

**SUBMIT**

# Most Recent News Releases

# UPDATE: In-Custody Death – San Diego Central Jail

*Release of name.*

| Post Date: | 05/12/2022 11:30 AM |

On May 4, 2022, 31-year-old Leonel Villasenor was arrested by the San Diego Police Department. Villasenor was booked into custody for 166(c)(1) PC - Violation of a protection order and 484 PC - theft.

The Medical Examiner's Office conducted an autopsy of Villasenor on May 6, 2022. The cause and manner of death are pending laboratory results and further evaluation.

Villasenor's family has been notified of his death. Villasenor was a resident in the City of San Diego.

To read our previous news release from May 6, click underline.

Media Contact: Chris Steffen, Lieutenant
Chris.Steffen@sdsheriff.org
Sheriff's Homicide Unit (858) 285-6330

[Return to full list >>](#)

## SUBSCRIBE

Subscribe to receive updates.

Email

Email Address

**SUBMIT**

# EXHIBIT B

# News List

# In-Custody Death - San Diego Central Jail

**Post Date:**        05/25/2022 1:00 PM

*The following information is fragmentary and has not been completely verified. It is based, in part, on hearsay and is intended for early information use rather than being a formal investigative report.*

On Wednesday, May 25, an individual in Sheriff's custody died.  Every death is a tragedy and our condolences go out to the family and all of those affected by this death.  A Sheriff's family liaison officer has been assigned to notify family members of his passing.  We are unable to identify the individual to the media until that notification occurs.

Just after midnight, deputies at the San Diego Central Jail were conducting security checks on the 7th floor.  They located an unresponsive 64-year-old man who was housed alone in his cell.  Deputies entered the cell and immediately began life saving measures.  Deputies, as well as medical staff, provided CPR until paramedics arrived.  Despite their best efforts, the man was pronounced deceased just before 1:00 a.m.

The Sheriff's Homicide Unit responded to investigate the incident. As a matter of practice, the Sheriff's Homicide Unit investigates all deaths of persons in custody at the time of their passing. The cause and manner of death are still under investigation. The Medical Examiner's Office has been notified of the death.  Their autopsy is preliminarily scheduled for May 26.

The Citizens Law Enforcement Review Board was notified of the death and an investigator responded to the scene at the San Diego Central Jail.

Further information will be released as it becomes available.

Media Contact: Lieutenant Kevin Ralph
Kevin.Ralph@sdsheriff.org
Sheriff's Homicide Unit (858) 285-6330

*Return to full list >>*

## SUBSCRIBE

Subscribe to receive updates.

Email

Email Address

SUBMIT

# EXHIBIT C

| | |
|---|---|
| **From:** | Van Swearingen |
| **To:** | Kish, Fernando; Lenert, Ronald; O"Sullivan, Matthew |
| **Cc:** | Aaron Fischer; Christopher Young; Bardis Vakili |
| **Subject:** | RE: Dunsmore: draft protective order [IWOV-DMS.FID75747] |
| **Date:** | Friday, March 18, 2022 6:00:01 PM |
| **Attachments:** | image001.jpg<br>image002.jpg |

Hi Fernando,

We anticipate that we will make a request to the Court for early discovery, and may be moving soon for a preliminary injunction. Negotiating a mutually satisfactory protective order at this time will provide all parties ample time to work collaboratively, and will minimize the likelihood of a rushed process and/or a need to present disputes to the Court.

Van

---

**From:** Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>
**Sent:** Friday, March 18, 2022 4:11 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Lenert, Ronald <Ronald.Lenert@sdcounty.ca.gov>; O'Sullivan, Matthew <Matthew.O'Sullivan@sdcounty.ca.gov>
**Cc:** Aaron Fischer <ajf@aaronfischerlaw.com>; Christopher Young <christopher.young@dlapiper.com>; Bardis Vakili <BVakili@aclusandiego.org>
**Subject:** RE: Dunsmore: draft protective order [IWOV-DMS.FID75747]

[EXTERNAL] Notice: This message comes from an external sender.

Van:

As previously discussed, a protective order at this point is premature as discovery will not be open for some time. We will revisit this issue when the time comes.

Thank you,

Fernando Kish, Senior Deputy
Office of County Counsel
1600 Pacific Highway, Room 355
San Diego, California 92101
Tel: (619) 531-4713 **|** Cell: (619) 990-3671
Fax: (619) 531-6005 **|** MS: A12
Email: fernando.kish@sdcounty.ca.gov

**CONFIDENTIALITY NOTICE**: This email message, including any attachments, is for the sole use of the intended recipient(s) and may contain information protected by the attorney-client privilege, the attorney work product doctrine or other applicable privileges or confidentiality laws or

regulations. If you are not an intended recipient, you may not review, use, copy, disclose or distribute this message or any of the information contained in this message to anyone. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of this message and any attachments. Unintended transmission shall not constitute waiver of attorney-client or any other privilege.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Friday, March 18, 2022 3:21 PM
**To:** Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Lenert, Ronald <Ronald.Lenert@sdcounty.ca.gov>; O'Sullivan, Matthew <Matthew.O'Sullivan@sdcounty.ca.gov>
**Cc:** Aaron Fischer <ajf@aaronfischerlaw.com>; Christopher Young <christopher.young@dlapiper.com>; Bardis Vakili <BVakili@aclusandiego.org>
**Subject:** [External] Dunsmore: draft protective order [IWOV-DMS.FID75747]

Dear Fernando, Ron, and Matthew,

As discussed on our Wednesday call, please see the attached proposed protective order. Let us know your thoughts, including whether you have suggested redlines or would like to discuss. We are sending this only to County Counsel at this time, and anticipate that we can share with counsel for other defendants once we have an agreed-upon framework. Thanks, and have a nice weekend.
Van

Van Swearingen

FinalLetterhead_RBGG_BW

101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
VSwearingen@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

# EXHIBIT D

## Van Swearingen

| | |
|---|---|
| **From:** | Van Swearingen |
| **Sent:** | Tuesday, April 5, 2022 5:05 PM |
| **To:** | Coleman, Susan E.; Gay C. Grunfeld; Priyah Kaul; Eric Monek Anderson; Aaron Fischer; Christopher Young; Isabella Neal; Oliver Kiefer; Bardis Vakili; Jonathan Markovitz |
| **Cc:** | Mehra, Terri |
| **Subject:** | RE: Dunsmore et al. v County of San Diego et al [IWOV-DMS.FID75747] |
| **Attachments:** | [Dkt 081] Second Amended Complaint for Declaratory and Injunctive Relief, 02-09-2022, 1730-01.PDF; VS-SDC Probation Dept, Re Litigation Hold, 02-17-2022, 1730-01.PDF |

Hi Susan,
Thanks for your email (and congrats on finishing the trial). Please see the below interlineated responses, and let us know whether you are available to discuss on Wednesday afternoon or Thursday.
Van

**From:** Coleman, Susan E. <SColeman@bwslaw.com>
**Sent:** Monday, April 4, 2022 4:39 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Bardis Vakili <BVakili@aclusandiego.org>; Jonathan Markovitz <JMarkovitz@aclusandiego.org>
**Cc:** Mehra, Terri <TMehra@bwslaw.com>
**Subject:** RE: Dunsmore et al. v County of San Diego et al [IWOV-DMS.FID75747]

[EXTERNAL MESSAGE NOTICE]

Van – circling back now that I'm done with trial.  There are several issues we should address:

1) Your class certification proposal – for the County to stipulate to certification – is rather bare.  Do you have a more detailed proposal?  (ie. specific sub-classes, etc.)

As reflected in pp. 186-192 of the attached SAC, the class would be defined as "all adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities."  There would be a subclass of "all qualified individuals with a disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and [m], and who are now, or will be in the future, incarcerated in all San Diego County Jail facilities."  The claims and issues would be the ones identified in the SAC.  Plaintiffs' counsel for the named plaintiffs would be class counsel for the class and subclass.

2) In terms of a protective order and site inspections, we feel this should wait for the discovery period absent some compelling reason.

The extraordinarily high death rate at the jail requires remedial actions before discovery would ordinarily open.   We are preparing motions to address issues that expose incarcerated people to substantial risk of harm, including death.  Negotiating a mutually satisfactory protective order at this time will provide all parties ample time to work collaboratively, and will minimize the likelihood of a rushed process and/or a need to present disputes to the Court.

3) With regard to document retention, we should confer about the specifics of what this should include other than the obvious such as the named plaintiffs' files, for example.

We are reattaching the preservation notice letter, and look forward to discussing.

4) In response to your proposal about joint experts, we may be willing to consider this. Do you have some specific proposals? We will need to confer about this in more detail.

Let's discuss and we can thereafter put together a comprehensive plan.

5) As far as specific issues with detainees/inmates, these have all been conveyed to the appropriate persons for handling. Without attorney-client agreements or official class representation, providing you the responsive info is problematic in terms of HIPAA and privacy rights.

Understood.

I look forward to working out this issues with you.

Best,

Susan

**Susan E. Coleman | Partner**
501 West Broadway, Suite 1600 | San Diego, CA  92101
d - 619.814.5803 | t - 619.814.5800 | f - 619.814.6799
scoleman@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Coleman, Susan E.
**Sent:** Thursday, March 31, 2022 9:26 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Bardis Vakili <BVakili@aclusandiego.org>; Jonathan Markovitz <JMarkovitz@aclusandiego.org>
**Cc:** Mehra, Terri <TMehra@bwslaw.com>; Lenert, Ronald <Ronald.Lenert@sdcounty.ca.gov>; O'Sullivan, Matthew <Matthew.O'Sullivan@sdcounty.ca.gov>
**Subject:** RE: Dunsmore et al. v County of San Diego et al [IWOV-DMS.FID75747]

Van – Nice to meet you as well.  As soon as my trial is done, we can work on the protective order and site inspection issues and respond to any specific issues that have not already been addressed.

Specifically, I was looking to extend the class certification/joint expert proposals.

Susan

**From:** Van Swearingen [mailto:VSwearingen@rbgg.com]
**Sent:** Thursday, March 31, 2022 12:50 PM
**To:** Coleman, Susan E. <SColeman@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Bardis Vakili <BVakili@aclusandiego.org>; Jonathan Markovitz <JMarkovitz@aclusandiego.org>
**Cc:** Mehra, Terri <TMehra@bwslaw.com>; Lenert, Ronald <Ronald.Lenert@sdcounty.ca.gov>; O'Sullivan, Matthew <Matthew.O'Sullivan@sdcounty.ca.gov>
**Subject:** RE: Dunsmore et al. v County of San Diego et al [IWOV-DMS.FID75747]

[EXTERNAL]

Hello Susan,

It is nice to meet you over email and we look forward to meeting you in person. We understand that you have been tied up with other matters, but need some help with respect to any specific request you are making for more time. As background, we have made the following requests to County since appearing.

On January 26, we sent the County a litigation hold letter, requesting County defendants to suspend any and all document purging policies with respect to all hard copy and electronically stored information. Counsel disputed the obligation and we sent a responsive email with case law explaining defendants' preservation obligations and consequences of spoliation.

On February 23, we asked the County for expert on-site inspections in connection with their request for more time. Counsel indicated that the County would not authorize the requested inspections despite plaintiffs giving County defendants an extra 30 days to respond to the SAC.

On March 11 and 17, we sent letters to the County about our notifications regarding urgent and/or serious issues that require prompt attention from Jail staff (e.g., an individual experiencing a medical emergency or mental health crisis, or at acute risk of suicide).

On March 15, we asked the County to respond to our proposals for class certification and joint experts by April 1. Counsel already indicated that the County will need a few additional weeks to respond to the proposals, and we responded that we will continue our work on class certification.

On March 18, we asked the County to negotiate a protective order, and counsel responded that the County would not do so at this time.

Given the above, please let us know if you are seeking a specific extension. As you are likely aware, our case raises urgent issues that imperil the lives of people in custody every day and we are eager to address these matters promptly. Thank you, and best regards,
Van


**From:** Coleman, Susan E. <SColeman@bwslaw.com>
**Sent:** Thursday, March 31, 2022 10:55 AM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Bardis Vakili <BVakili@aclusandiego.org>; Jonathan Markovitz

<JMarkovitz@aclusandiego.org>
**Cc:** Mehra, Terri <TMehra@bwslaw.com>; Lenert, Ronald <Ronald.Lenert@sdcounty.ca.gov>; O'Sullivan, Matthew <Matthew.O'Sullivan@sdcounty.ca.gov>
**Subject:** Dunsmore et al. v County of San Diego et al

[EXTERNAL MESSAGE NOTICE]

Counsel - as you likely saw, I filed a notice of appearance in this case and will be lead counsel. However, I have been in trial in LA Superior Court before Judge Green since 3/07. I hope to be done soon but in the meantime would appreciate a 30 day extension on any outstanding letters/requests.

Thanks for your cooperation,

Susan

**Susan E. Coleman | Partner**
501 West Broadway, Suite 1600 | San Diego, CA  92101
d - 619.814.5803 | t - 619.814.5800 | f - 619.814.6799
scoleman@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.