Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600   Fax: 213.236.2700

Attorneys for Defendant
COUNTY OF SAN DIEGO (Also erroneously sued herein as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, and SAN DIEGO COUNTY PROBATION DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**DECLARATION OF SUSAN E. COLEMAN IN REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR A ONE – WEEK CONTINUANCE OF DEADLINE TO OPPOSE PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION** |

I, SUSAN E. COLEMAN, declare as follows:

1. I am admitted in this Court and the State of California. I am a partner at Burke, Williams & Sorenson, LLP, and I am counsel of record for Defendant

COUNTY OF SAN DIEGO (also erroneously sued herein as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT), in this case.

2. I have personal knowledge of the matters set forth herein, except as to those matters stated on information and belief, and would competently testify thereto if called and sworn as a witness.

3. It is accurate that I did not meet and confer with Plaintiffs' counsel about seeking a further extension of time. However, after Plaintiffs' vehement response prior to the first request for extension (seeking 30 days but only granted 14 by the court) that they would not agree extend time <u>at all</u> – despite the fact that they had been working on collecting evidence for the last year – I did not believe that any further extension request would be entertained by them. As evidenced by Plaintiffs' opposition brief and declaration (29 pages in total), this was correct. I hereby seek leave of this Court from this requirement for this sole purpose.

4. Plaintiffs' counsel did mention they would be moving for class certification – in fact, they tried to make agreement to certification a condition of addition time to oppose their motion for preliminary injunction. However, I did not anticipate before they filed their voluminous papers that this portion of their motion would come before the Complaint was operative.

5. Plaintiffs' counsel did not ever meet and confer about <u>the basis</u> for their motion for preliminary injunction prior to filing the motion. Plaintiffs' counsel state that defense counsel "did not ask" about the grounds when the subject of page limits arose (Dkt. 145-1 at 3-4), but as they acknowledge in their opposition, they had a requirement to meet and confer.

6. With regard to the joint briefing by defendants, I was told by counsel for Correctional Healthcare Partners, Inc., that the court had required us to file one joint opposition brief and I relied on this representation. In any event, most of the burden relies on the County to oppose the motion.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4892-0451-6130 v1

- 2 -

3:20-CV-00406-AJB-WVG
DECLARATION ISO REPLY - EPA TO EXTEND BRIEFING SCHEDULE

7. Although Plaintiffs' counsel, or at least Mr. Swearingen, apparently knew of the Naphcare, Inc. contract and the impact it would have on the medical and mental health care at the jails, I was not *personally* aware of this change until after I received Plaintiffs' Motion for Preliminary Injunction. Further, I was not informed until early this week by Dr. Montgomery that the medical staff were all working overtime to get the transition done by June 1, 2022, which leaves them extremely hard pressed to participate in reviewing declarations.

8. Defendant County of San Diego filed a request for a 30-day continuance of the Opposition deadline (Dkt 128), and was granted instead 2 weeks (Dkt 132), making the Opposition currently due on May 31, 2022. While Plaintiffs state the reasoning for needing additional time is duplicative of the first extension, the shortage of medical staff and the incoming Naphcare subcontractors was not mentioned in Defendant's earlier request – nor was it known to me at the time.

9. Plaintiffs' counsel note that their motion does not seek as wide of an injunction as the problems described in their First Amendment Complaint, so therefore my statement about the "wide swath" of issues is inaccurate. However, this is not immediately apparent from the declarations Plaintiffs submitted by various experts and inmates, who address a wide range of complaints. Further, though they state that irreparable harm will occur if even a one-week extension of time is granted, Plaintiffs do not propose any particular remedy if their vague injunction is granted but instead ask Defendants to craft remedial plans addressing the defects "within 30 days." (*See* Proposed Order.) Additionally, Plaintiffs' motion goes far beyond issues (such as suicides and drug ODs) that are more pressing and seeks to also address ADA issues - which are not even arguably as urgent and certainly do not need justify relief to precede discovery.

10. Plaintiffs' counsel note they have been emailing counsel about urgent issues with prisoners; as I advised them, these emails are being forwarded to appropriate staff in order to be addressed. Because they do not represent the people

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4892-0451-6130 v1

- 3 -

3:20-CV-00406-AJB-WVG
DECLARATION ISO REPLY - EPA TO EXTEND BRIEFING SCHEDULE

about whom they raise concerns, they are not informed of what happens thereafter but medical/ mental health staff are addressing any and all issues raised.

11. Respectfully, Plaintiffs' empty offer to push out the responsive deadline to the Second Amended Complaint would not have helped with addressing their 2,000 page motion currently at issue, and a draft of the motion was already in progress for the Motion to Dismiss at the time they filed the Motion for P.I.

12. A new drug withdrawal program has been implemented since Plaintiffs' motion was filed, as has the process of testing the urine of incoming prisoners for drugs; both of these changes, along with many others to be described in more detail in Defendant's opposition papers and supporting declarations will demonstrate that many of the "problems" being described by Plaintiffs rely on old data and information and are no longer accurate and much of the relief sought is moot. Further, Defendant is assembling evidence to show that the information submitted by Plaintiffs' declarants is inaccurate. This Court will have a much better overall picture of the state of the jails and will have better briefing before it to resolve these issues if the additional time sought is granted.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct.

Executed on May 26, 2022, at San Diego, California.

  */s/ Susan E. Coleman*
  Susan E. Coleman

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4892-0451-6130 v1

- 4 -

3:20-CV-00406-AJB-WVG
DECLARATION ISO REPLY - EPA TO EXTEND BRIEFING SCHEDULE