Christopher T. Grohman, Atty. No. 254450 CA
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-4000
Email: cgrohman@taftlaw.com

James R. A. Dawson, Atty. No. 20086-49 IN
William P. Sweet, Atty. No. 36086-49 IN
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
Telephone: (317) 713-3500
Email: jdawson@taftlaw.com
       wsweet@taftlaw.com

Counsel for Defendant Mid America Health, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**DEFENDANT MID AMERICA HEALTH, INC.'S RESPONSE TO PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge: Hon. Anthony J. Battaglia<br>Magistrate Judge: Hon. William V. Gallo<br><br>Hearing Date: June 16, 2022<br>Hearing Time: 2:00 p.m.<br>Hearing Courtroom: 4A |

Defendant Mid America Health, Inc. ("MAH") takes no position regarding *Plaintiffs' Motion for Preliminary Injunction and Provisional Class Certification*

1
DEFENDANT MID AMERICA HEALTH, INC.'S RESPONSE TO PLAINTIFFS' MOTIONS FOR
PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

(ECF No. 119) ("Plaintiffs' Motions") because Plaintiffs' Motions do not concern any claims made against MAH and, in fact, Plaintiffs' Motions are not even directed towards MAH.

In their *Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Preliminary Injunction and Provisional Class Certification* (the "Memorandum of Points"), Plaintiffs' seek preliminary injunctions pertaining to: (1) the prevention of drug overdose deaths; (2) adequate and timely safety checks; (3) audio intercom and video surveillance systems, and related staff responses to emergencies; (4) the consideration of mental health staff's clinically-based recommendations for people with mental health needs; (5) the provision of mental health care in confidential settings; and (6) the provision of safe and accessible housing and programming to people with mobility disabilities. (ECF No. 119-1, pp. 11-12.)[1] MAH provides nothing more than dental care staffing and services within certain jail facilities pursuant to its contract with the County of San Diego.[2] Nothing for which Plaintiffs' are seeking preliminary injunctions concerns dental care staffing or services provided by MAH. In addition, none of Plaintiffs' allegations against MAH set forth in their *Second Amended Civil Class Action Complaint for Declaratory Injunctive Relief* (ECF No. 81) concern any of the

---

[1] In *Defendants' Ex Parte Application for an Order Extending Briefing Schedule on Motions for Preliminary Injunction and Provisional Class Certification; Declaration of Susan E. Coleman in Support Thereof*, Defendant County of San Diego asserts that Plaintiffs' Motions attack an "enormous swath of issues within the County's jail system including but not limited to . . . dental care . . . ." The County of San Diego is mistaken. Plaintiffs' Motions do not attack dental care whatsoever, much less seek injunctive relief or provisional class certification regarding anything to do with dental care.

[2] MAH's contract with the County of San Diego expires by its own terms on June 30, 2022. However, the County of San Diego exercised its right terminate the contract for convenience and terminated the contract as of May 31, 2022. Thus, all of Plaintiffs' claims against MAH for injunctive relief (their only claims against MAH) will be moot by the end of the day.

aforementioned matters for which Plaintiffs are seeking injunctive relief and provisional class certification.

Further, Plaintiffs' Memorandum of Points defines "Defendants" as including only San Diego County Sheriff's Department, County of San Diego, Correctional Healthcare Partners, Inc., and Liberty Healthcare, Inc. (Memorandum of Points, ECF No. 119-1, p. 11.) Plaintiffs' definition of "Defendants" does not include MAH and Plaintiffs' Motions are directed towards, and only towards, San Diego County Sheriff's Department, County of San Diego, Correctional Healthcare Partners, Inc., and Liberty Healthcare, Inc.

Moreover, on April 22, 2022, Plaintiffs' and Defendants San Diego County Sheriff's Department, County of San Diego, Correctional Healthcare Partners, Inc., and Liberty Healthcare, Inc. filed their *Joint Motion for Leave to Exceed Page Limits in Local Rule 7.1(h)* (the "Joint Motion") (ECF No. 116) seeking leave to exceed page limits regarding the briefing on Plaintiffs' Motions. MAH was not included as a party to the Joint Motion. If Plaintiffs' Motions had been directed towards MAH, then MAH would have been properly included as a party to any "joint" motion concerning Plaintiffs' Motions.

Nevertheless, out of an abundance of caution, MAH expressly sets forth herein its position that Plaintiffs' Motions do not concern any claims made against MAH and, in fact, are not directed towards MAH, and thus MAH takes no position regarding Plaintiffs' Motions.

DATED:  May 31, 2022                    Respectfully submitted,
                                        TAFT STETTINIUS & HOLLISTER LLP

                                        By: */s/ James R. A. Dawson*
                                            James R. A. Dawson

DEFENDANT MID AMERICA HEALTH, INC.'S RESPONSE TO PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION