SHARON L. HIGHTOWER (SBN: 129874)
LAURA E. MALKOFSKY (SBN: 142536)
ERICKSEN ARBUTHNOT
210 North Fourth Street, Suite 350
San Jose, CA 95112
Tel: (408) 286-0880
Fax: (408) 286-0337
shightower@ericksenarbuthnot.com
lmalkofsky@ericksenarbuthnot.com

MARILYN R. MORIARTY (SBN: 89818)
LEWIS BRISBOIS BISGAARD AND SMITH
701 B Street, Suite 1900
San Diego, CA 92101
(619) 233-1006
Marilyn.moriarty@lewisbrisbois.com

Attorneys for Defendant
LIBERTY HEALTHCARE, CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO

| | |
|---|---|
| DARRYL DUNSMORE, EARNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPT., and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>DEFENDANT LIBERTY HEALTHCARE, CORPORATION'S OPPOSITION TO MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION<br><br>Judge:    Hon. Anthony J. Battaglia<br><br>Date:    June 30, 2022<br>Time:    2:00 p.m.<br>Court:    4A<br><br>Complaint Filed: March 2, 2020<br>Trial:        TBD |

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................. 1

II.     INJUNCTIVE RELIEF AGAINST LIBERTY IS IMPROPER ........... 2

III.    OPPOSITION TO PROVISIONAL CLASS CERTIFICATION ......... 2

    A.    LEGAL STANDARD ................................................... 2

    B.    ARGUMENT ................................................................. 3

        1.    Plaintiffs cannot demonstrate deliberate
                indifference ......................................................... 3

        3.    Plaintiffs cannot demonstrate commonality ................ 4

        4.    Plaintiffs cannot demonstrate typicality ..................... 7

        5.    Plaintiffs cannot demonstrate adequacy
                of representation ............................................... 10

        6.    Provisional class certification is inappropriate
                under Rule 23(b)(2) ........................................... 11

IV.     CONCLUSION ................................................................. 12

# TABLE OF AUTHORITIES

**CASES**

*Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403-04
  (E.D. Pa. 1995) ......................................................................... 7

*Gen. Tel. Co. of Southwest. v. Falcon*, 457 U.S. 147,
  158-61 (1982) ......................................................................... 3

*Kandel v. Brother Int'l Corp.*, 264 F.R.D. 630, 634
  (C.D. Cal. 2010)..................................................................... 11

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).......................... 3, 5, 6, 11

**STATUTES**

**Federal Rules of Civil Procedure**

Rule 23 ...................................................................................... 3, 11

Rule 23(a)............................................................................. 2, 7, 11, 15

Rule 23(b).................................................................................. 3, 11

Rule 23(b)(2)............................................................................. 3, 11

**42 U.S.C.**

Section 12102.............................................................................. 6

**29 U.S.C.**

Section 709(9)(B)......................................................................... 6

**California Government Code**

Section 12926(j).......................................................................... 6

Section 12926(m)......................................................................... 6

1
2

**OTHER**

3

Nagareda, Class Certification in the Age of Aggregate Proof,
84 N.Y.U.L. Rv. 97, 132 (2009)...............................................................11

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendant Liberty Healthcare, Corporation ("Liberty") respectfully submits the following Opposition to Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification separately as the defences and arguments presented herein are unique to Liberty and not addressed by the other Defendants ("County"). To the extent that certain legal standards and arguments overlap, Liberty realleges and asserts those legal standards and arguments presented by the County.

## I.    **INTRODUCTION**

This purported class action lawsuit filed by Plaintiffs on behalf of themselves and all others similarly situated, is brought by various persons who have been, or are presently, incarcerated in the San Diego County Jail system ("Jail"). Defendants consist of two groups: (1) "The County Defendants", made up of the County of San Diego and the San Diego Sheriff's Department; and (2) "The Contractor Defendants", made up of various entities who have contracted with the County Defendants to provide either medical, dental or mental health care to individuals incarcerated in the Jail. Liberty is one of the Contractor Defendants. Liberty is a Pennsylvania corporation that provided mental health care staffing and services at the County jails pursuant to a contract with the County. On May 17, 2022 the County of San Diego notified Liberty that it was terminating its contracts with Liberty effective May 31, 2022, and that Liberty would no longer

be providing any services for the Jail.  *See* Declaration of Herb Caskey, M.D. ("Caskey Decl."), ¶2, Ex. 1.  Liberty has been informed that the Contractor Defendants have signed NaphCare, Inc. as the new mental health care provider for the Jail.  *See* Caskey Decl., ¶3.

Plaintiffs have now filed a single voluminous Motion seeking to simultaneously obtain a blanket Preliminary Injunction order against all the Defendants, without distinction as to which Defendant(s) each demand applies to, and a Provisional Class Certification.

## II.    INJUNCTIVE RELIEF AGAINST LIBERTY IS IMPROPER

On May 17, 2022, the County of San Diego notified Liberty that it was terminating its contracts with Liberty effective May 31, 2022.  *See* Caskey Decl., ¶2, Ex. 1.  Following termination, Liberty would have zero input in what policies, procedures, or practices the County Defendants enact or employ in its county jails. Given that Plaintiffs' SAC only seek declaratory and injunctive relief, should the Court grant such relief against Defendants, Liberty would be prohibited from complying with any injunctive relief ordered.  Therefore, Liberty respectfully requests this Court to deny Plaintiffs' requested preliminary injunction to the extent that it applies to Liberty.

## III.    OPPOSITION TO PROVISIONAL CLASS CERTIFICATION

## A.    LEGAL STANDARD

Liberty realleges and reasserts authorities and arguments described in the County's Opposition.   In addition to demonstrating the requirements of 23(a), Plaintiffs must also establish that one of the subsections of Rule 23(b) is met. Here, Plaintiffs attempt to certify the putative classes under Rule 23(b)(2).   Rule 23(b)(2) permits certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Id.

Plaintiffs bear the burden of demonstrating each element of Rule 23 is satisfied, and a district court may certify the class(es) only if the court determines plaintiffs met their burden. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 158-61 (1982).   The court must conduct a "rigorous analysis," which may require it "to probe behind the pleadings before coming to rest on the certification question." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011).

**B.    ARGUMENT**

**1.  Plaintiffs cannot Demonstrate Deliberate Indifference.**

Liberty realleges and reasserts authorities and arguments described in the County's Opposition.

Prison officials do consider the input of the mental health clinicians, weigh the risks of serious harm, and make determinations concerning the best

location to house the prisoner for his or her safety. *See* Declaration of Christine Evans, page 8, lines 7 to 11 (Namely, "I would raise concerns directly with custody leadership, who sometimes would work to address the clinical concern. But this process was not possible in all cases.") (Doc. No. 119-10); *see also* Declaration of Jennifer Alonso, page 6, lines 24 to 25, and page 7, lines 5 to 7 ("Patients with mental illness are frequently placed in Administrative Segregation [] units…" and "I have observed that solitary confinement exacerbates **some** of my patients' mental health symptoms…" (emphasis added)). (Doc. No. 119-11)

To the extent that deliberate indifference relates to Liberty, Plaintiffs also argue that Defendants are deliberately indifferent by not providing confidentiality for mental health contacts.  Plaintiffs allege that the failure to provide confidential mental health contacts creates a substantial risk of serious harm.  However, Plaintiffs have presented no authority finding a direct link between lack of confidential contacts with mental health clinicians and serious harm (i.e., no indication lack of confidential contacts results in high death rates).

## 2. Plaintiffs cannot Demonstrate Commonality.

Liberty realleges and reasserts authorities and arguments described in the County's Opposition.

In *Wal-Mart Stores, Inc.*, the plaintiffs alleged Wal-Mart had a uniform corporate culture of bias which resulted in discriminatory pay and promotions throughout its 3,400 retail locations. *See Wal-Mart Stores, Inc.*, *supra*, 564 U.S. at 342. The Supreme Court ruled that class certification was not appropriate because plaintiffs failed to establish the existence of a common question. *Id.* at 357. Plaintiffs demonstrated that Wal-Mart had a corporate policy in place which forbade sex discrimination, and that the company had penalties for denials of equal opportunity. *Id.* at 352. As the evidence demonstrated pay and promotion decisions were made on a local level, and because local supervisors had discretion over employment matters, the Court determined that it was unlikely that all managers would exercise discretion in a common way. *Id.* at 354-355. The Court determined that because plaintiffs failed to demonstrate a common mode of exercising discretion that pervaded the entire company, plaintiffs failed to meet the commonality requirement.

Here, Plaintiffs attempt to dress the same issue in different clothes. Although Plaintiffs are alleging deliberate indifference, determination of whether Defendants acted with deliberate indifference towards any particular Plaintiff is a distinct and unique legal question for each Plaintiff with different applicable legal standards and defenses. For example, the determination of whether or not Defendants were deliberately indifferent with regard to heeding the advice of one

mental health clinician versus another, or to allowing or not allowing a confidential mental health contact will necessarily involve different analyses, defenses, and arguments specific to that Plaintiff. As a result, what would resolve the case for one Plaintiff may not resolve the case, or even be remotely applicable to the case, for another Plaintiff.

Put another way, Plaintiffs attempt to certify a class where proving commonality "necessarily overlaps" with Plaintiffs' claims on the merit in that Defendants: (1) did not provide adequate medical care; (2) did not perform adequate safety checks; (3) did not perform sufficiently frequent safety checks; (4) did not consider mental health clinicians' input; and (5) did not provide confidentiality for mental health contacts. *See Wal-Mart Stores, Inc.*, 564 U.S. at 338.

Plaintiff proposes an "Incarcerated People with Disabilities Subclass" defined as

> "'all qualified individuals with a disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. §709(9)(B), and California Government Code § 12926(j) and (m), and who are now, or will be in the future, incarcerated in all San Diego County Jail facilities' ('Proposed Subclass')". *See* Plaintiffs' Motion, page 31, lines 24 to 28.

The only way to determine whether Defendants provided adequate medical care is to first make a determination on whether the individual is a "qualified" individual, and whether the medical treatment offered to that individual is

"adequate". In other words, the only method to ascertain the veracity of Plaintiffs claims will be to evaluate each particular interaction between Plaintiffs and Defendants. Determination of membership for each individual would be improper as it would "essentially require a mini-hearing on the merits of each case." *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 403. This individual legal analysis, or "mini trial," defeats the purpose behind class certification, since no judicial economy would be achieved.

### 3. Plaintiffs cannot Demonstrate Typicality.

Liberty realleges and reasserts authorities and arguments described in the County's Opposition. The alleged injuries experienced by the representative plaintiffs are not typical.

A class representative Plaintiff Christopher Norwood was incarcerated on June 22, 2021. *See* Declaration of Christopher Norwood, page 1, lines 6 to 7. (Doc. No. 119-15) Mr. Norwood claims he was injured because he did not receive adequate treatment for his mental health needs. *Id.* at page 2, lines 20 and 21. Mr. Norwood states upon being booked into the Jail he received an initial mental assessment. *Id.* at page 1, lines 18 to 19. Mr. Norwood states he requested mental health care a few days later due to anxiety and hearing voices, and that he saw a mental health clinician for care on July 3, 2021 (a week after being booked into the Jail). *Id.* at lines 19 to 23. Following his return to the Jail on July 18 after an

overdose, he saw another mental health professional a mere 5 days later. *Id.* at page 2, lines 13 to 16.  Clearly Mr. Norwood was not injured by Defendants' alleged course of conduct.  Because Mr. Norwood did not suffer the same injuries as the other class members, Plaintiffs have failed to establish the typicality prong.

Another class representative Plaintiff Daryl Dunsmore suffers from Ankylosing Spondylitis ("AS"). (Doc. No. 119-17) His disability "waxes and wanes", and as a result, "[m]any outside observers do not understand how my disability presents itself…" *See* Declaration of Daryl Dunsmore, page 2, line 24, and lines 27 to 28.  Mr. Dunsmore alleges that as a result of prison officials not understanding his disability, he has to hide his mobility or he would otherwise be branded a liar. *Id.* at page 5, lines 21 to 24.  Mr. Dunsmore alleges it has been difficult for him to receive consistent and adequate accommodations for his disability in the Jail due to the lack of understanding. *Id.* at page 3, lines 1 to 2. As other prisoners do not suffer disabilities that "wax and wane", determination of deliberate indifference, as it applies to Mr. Dunsmore appears to be individualized and not representative of the class.

Another class representative, Earnest Archuleta, who has difficulty walking and uses a wheelchair for mobility, alleges he was discriminated against by a deputy when the deputy told him the elevator was broken and forced him to climb a flight of stairs. *See* Declaration of Earnest Archuleta, page 4, lines 14 to 17.

(Doc. No. 119-21) In the same paragraph, Mr. Archuleta states he observed "other wheelchair users who are not named plaintiffs in this case" use the elevator. *Id.* at lines 19 to 21. Although what Mr. Archuleta experienced was distasteful, he admits that a potential reason was likely in retaliation for being a named plaintiff. *Id.* at lines 18 to 19. In any event, Mr. Archuleta's statement undermines Plaintiffs' argument that Defendants are discriminating against prisoners with mobility disabilities.

Another class representative, Reanna Levy, is not currently incarcerated in the Jail. However, during the time Ms. Levy was, she was housed in a high security unit (4A). *See* Declaration of Reanna Levy, page 1, lines 8 to 9. (Doc. No. 119-33) She alleges that because "4A was a high security unit, deputies were also present during [] mental health contacts." *Id.* at lines 18 to 19. Since Ms. Levy's situation is particular to high security units, her situation is not representative of all mentally ill prisoners who seek mental health consultations. As a result, her situation and alleged injuries are not typical of the rest of the putative subclass members.

Interestingly, a number of the alleged injuries suffered by Plaintiffs are not suffered by any of the named class representative Plaintiffs. By way of example, Plaintiffs do not provide citations to the declarations of **any** class representatives for a number of their claims including: (1) claim that Defendants failed to interdict

drugs entering the jail. *See* Plaintiff's Motion, page 4, lines 17 to 28, and page 5, lines 1 to 16. (Doc. No. 119-1); (2) claim that Defendants failed to conduct adequate safety checks. *See* Plaintiff's Motion, page 7, lines 13 to 28, and page 8, lines 1 to 13.; (3) claim that Defendants failed to conduct sufficiently frequent safety checks in administrative segregation units. *See* Plaintiff's Motion, page 8, lines 16 to 28, and page 9, lines 1 to 16.; (4) claim that Defendants' video surveillance practices are ineffective. *See* Plaintiff's Motion, page 10, lines 20 to 28, page 11, lines 1 to 28, and page 12, lines 1 to 4.; (5) claim that Defendants' practice of placing people with mental illness in segregated housing units is dangerous. *See* Plaintiff's Motion, page 12, lines 15 to 28, and page 13, lines 1 to 21.; (6) claim that Defendants' exclusion of patients with mental illness from OPSD if they are designated as protective custody is dangerous. *See* Plaintiff's Motion, page 13, lines 24 to 28, and page 14, lines 1 to 22.; and (7) claim that Defendants' practice of placing people in EOH and denying clothing, property, and privileges contrary to clinical judgment puts patients at substantial risk of serious harm. *See* Plaintiff's Motion, page 14, lines 26 to 28, and page 15, lines 1 to 23.

### 4. Plaintiffs cannot Demonstrate Adequacy of Representation.

Liberty realleges and reasserts authorities and arguments described in the County's Opposition. "Issues of typicality and adequacy of the class

representatives' representation often blur, and the Court will not restate its prior points with regard to the proposed class representatives." *See Kandel v. Brother Int'l Corp.*, 264 F.R.D. 630, 634 (C.D. Cal. 2010). As discussed above, there are concerns as to whether a number of the named Plaintiffs may be adequate representatives due to their atypical situations.

### 5. Provisional Class Certification is Inappropriate Under Rule 23(b)(2).

As stated previously, Rule 23(b)(2) provides for class certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. Proc. 23(b)(2). Here, Plaintiffs only seek to certify a class and sub-class under Rule 23(b)(2). The "key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart Stores, Inc.*, 564 U.S. at 361 (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L. Rv. 97, 132 (2009).) Given the class members different injuries (e.g., lack of adequate medical care, lack of adequate disability accommodations, lack of sufficient surveillance, lack of sufficient safety checks, etc.) Plaintiffs are not only asking for different injunctions against

different defendants, but to the extent that changes to policy affect one plaintiff and not another, Plaintiffs are attempting to divide the nature of the injunctive relief.

## IV.    CONCLUSION

For the reasons stated previously, we respectfully request that this Court deny Plaintiffs' motion for provisional class certification.

DATED: May 31, 2022                    ERICKSEN ARBUTHNOT

_Sharon L. Hightower_
SHARON L. HIGHTOWER, ESQ.
Attorneys for Defendant,
LIBERTY HEALTHCARE,
CORPORATION



LEWIS BRISBOIS BISGAARD AND SMITH

/s/ Marilyn R. Moriarty
MARILYN R. MORIARTY, ESQ.
Attorneys for Defendant,
LIBERTY HEALTHCARE,
CORPORATION

CASE NAME: DUNSMORE v. SAN DIEGO COUNTY SHERIFF'S DEPARTMENT
ACTION NO: 3:20-cv-00406-AJB-WVG

## **CERTIFICATE OF SERVICE**

I declare that I am employed in the County of Santa Clara, California.  I am over the age of eighteen (18) years and not a party to the within cause; my business address is 210 No. Fourth Street, Suite 350, San Jose, CA 95112.

I served the attached: *DEFENDANT LIBERTY HEALTHCARE, CORPORATION'S OPPOSITION TO MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION* on the interested parties in said cause, using the following method:

/ /   **(BY MAIL)** I placed each sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at San Jose, California, following ordinary business practices. I am readily familiar with the practice of ERICKSEN ARBUTHNOT for the processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

/ /   **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the addressee(s) noted below.

/ /   **(BY FEDERAL EXPRESS)** The foregoing document was placed in a sealed envelope provided by Federal Express/UPS, designated as overnight (delivery by next business day) with delivery fees paid or provided for and addressed as stated below.  I deposited such envelope in the Federal Express/UPS collection box at 210 North Fourth Street, San Jose, California.

/ /   **(BY FACSIMILE)** I caused the said document to be transmitted by facsimile  machine to the facsimile number indicated after the address(es) noted below.  Such transmission was verified as complete and without error.

/XX/   **(BY ELECTRONIC SERVICE)** Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below. OR: The above-described document(s) will be delivered electronically through the Court's electronic filing system.

/ /   **(ELECTRONIC SERVICE VIA ONE LEGAL)** Based on a court order or an  agreement of the parties to accept service by electronic transmission, I caused the above-entitled document to be served through One Legal at www.onelegal.com addressed to all parties appearing on the electronic service list for the above-entitled case. The service transmission was reported as complete and a copy One Legal Receipt Page/ Confirmation will be filed, deposited or maintained with the original document in this office. All parties that do not appear on the electronic service list will be sent a copy by US Mail.

## **ATTORNEYS FOR PLAINTIFF DARRYL DUNSMORE:**

Christopher M. Young
DLA Piper US
401 B Street
Suite 1700
San Diego, CA 92101-4297
P: (619) 699-2700/ Fax: (619) 699-2701
Email: christopher.young@dlapiper.com

Gay Crosthwait Grunfeld
Rosen Bien Galvan & Grunfeld, LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
P: 415-433-6830 / Fax: 415-433-7104
Email: ggrunfeld@rbgg.com

Isabella Maria Neal
4084 Eagle Street, Apartment B
San Diego, CA 92103
360-915-3920
Email: isabella.neal@us.dlapiper.com

Oliver M. Kiefer
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101
619-699-2781
Email: oliver.kiefer@us.dlapiper.com

Aaron J. Fischer
Law Office of Aaron J. Fischer
2001 Addison Street, Suite 300
Berkeley, CA 94704
510-806-7366
Fax: 510-694-6314
Email: ajf@aaronfischerlaw.com

Bardis Vakili
ACLU Foundation of San Diego & Imperial Counties
P.O. Box 87131
San Diego, CA 92138-7131
(619) 232-2121 / Fax: (619) 232-0036
Email: bvakili@aclusandiego.org

Eric D. Monek Anderson
Rosen Bien Galvan & Grunfeld LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
415-433-6830
Email: eanderson@rbgg.com

Jonathan Paul Markovitz
ACLU of San Diego & Imperial Counties
P.O. Box 87131
San Diego, CA 92138
619-232-2121 / Fax: 619-232-0036
Email: jmarkovitz@aclusandiego.org

1  Priyah Kaul
   Rosen Bien Galvan & Grunfeld LLP
2  101 Mission Street, Sixth Floor
   San Francisco, CA 94105
3  415-433-6830
   Email: pkaul@rbgg.com
4
5  **ATTORNEY FOR PLAINTIFFS:**
   *Darryl Dunsmore, Josue Lopez, Christopher Nelson, Reanna Levy,*
6  *Christopher Norwood, Ernest Archuleta, Anthony Edwards,*
   *Laura Zoerner*
7
8  Richard Van Swearingen
   Rosen Bien Galvan & Grunfeld, LLP
9  101 Mission Street
   Sixth Floor
10 San Francisco, CA 94105
   415-433-6830
11 Fax: 415-433-7104
   Email: vswearingen@rbgg.com
12

13

14 Hannah M. Chartoff
   Rosen Bien Galvan & Grunfeld LLP
15 101 Mission Street
   6th Floor
16 San Francisco, CA 94105
   415-433-6830
17 Email: hchartoff@rbgg.com

18
   **ATTORNEY FOR DEFEDANT SD SHERIFF DEPT.:**
19 Ronald Lenert
   County of San Diego Office of County Counsel
20 1600 Pacific Highway, Room 355
   San Diego, CA 92101
21 (619) 531-4860 Fax: 619-531-6005
   E-mail: Ronald.emert@sdcounty.ca.gov
22

23 **ATTORNEY FOR DEFENDANT MID-AMERICA HEALTH, INC.**
24 Christopher Thomas Grohman (Pro Hac Vice)
   Taft Stettinius & Hollister LLP
25 111 East Wacker, Suite 2800
   Chicago, IL 60601
26 (312) 515-7313
   E-mail: egrohman@taftlaw.com
27

28

1   William P. Sweet (Pro Hac Vice)
    Taft Stettinius & Holloster LLP
2   One Indian Square, Suite 3500
    Indianapolis, IN 46204
3   (317) 713-6531
4   wsweet@taftlaw.com

5   James Richard Andrew Dawson (Pro Hac Vice)
    Taft Stettinius & Hollister LLP
6   One Indiana Square
    Suite 3500
7   Indianapolis, IN 46204
    317-713-3500
8   Email: jdawson@taftlaw.com
9
10  **ATTORNEY FOR DEFENDANT COUNTY OF SAN DIEGO**
    Matthew Patrick O'Sullivan
11  San Diego County Counsel
    1600 Pacific Highway, Suite 355
12  San Diego, CA 92101
    (858-705-5596
13  Matthew.o'sullivan@sdcounty.ca.gov
14
15  Susan E. Colman
    Burke, Williams & Sorensen LLP
16  444 South Flower Street, Suite 2400
    Los Angeles, CA 90071-2953
17  (213) 236-2700
    scolman@bwslaw.com
18
19  **ATTORNEY FOR CORRECTIONAL HEALTHCARE PARTNERS, INC.**
    Craig J. Mariam
20  Michael J. Dailey
    Lara S. Garner
21  GORDON REES SCULLY MANSUKHANI, LLP
22  101 W. Broadway, Suite 2000
    San Diego, CA 92101
23  T: (619) 696-6700
    F: (213) 680-4470
24  Email: cmariam@grsm.com; mdailey@grsm.com; lsgarner@grsm.com
25
26
27
28

1  Jeffrey Scott Doggett
2  Brian T. Bloodworth
   Lotz Doggett and Rawers
3  101 West Broadway, Suite 1110
   San Diego, CA 92101
4  (619)233-5565
   Fax: (619)233-5564
5  Email: jdoggett@ldrlaw.com; bbloodworth@ldrlaw.com

6  **CO-COUNSEL for LIBERTY HEALTHCARE, INC.**
7  Marilyn R. Moriarty
   Lewis Brisbois Bisgaard and Smith
8  701 B Street, Suite 1900
   San Diego, CA 92101
9  (619) 233-1006
10 Marilyn.moriarty@lewisbrisbois.com

11 **ATTORNEY FOR DEFENDANT LOGAN HAAK, M.D., INC.**
12 Lauren Hardisty
   LOTZ, DOGGETT & RAWERS LLP
13 101 W. Broadway Sruite 110
   San Diego, CA 92101
14 (619) 233-5565
15 lhardisty@ldrlaw.com

16
17 I declare under penalty of perjury under the laws of the State of California that the foregoing is
   true and correct, and that this declaration was executed on May 31, 2022, at San Jose, California.
18
19                                    Jennifer Earnest
20                                    Jennifer Earnest
21
22
23
24
25
26
27
28