Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendant
COUNTY OF SAN DIEGO, (Also erroneously sued herein as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, and SAN DIEGO COUNTY PROBATION DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>[*Declaration of Susan E. Coleman; Defendant's Proposed Documents for Filing Under Seal filed in support thereof*]<br><br>Date:       June 30, 2022<br>Time:       2:00 p.m.<br>Courtroom: 4A<br><br>Judge:     Hon. Anthony J. Battaglia |

Pursuant to Civil Local Rule 79.2, Section 2(j) of the Electronic Case Filing Administrative Policies and Procedures Manual, and Section IV of Judge Battaglia's Civil Case Procedures, Defendant COUNTY OF SAN DIEGO

("Defendant") hereby submits this motion to file under seal certain medical records attached to the declarations of J. Montgomery, O.D., which are being filed concurrently with Defendant's opposition to Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification. The medical records should be sealed because a compelling interest exists to protect the information contained in those records.

It is true that there is a strong presumption in favor of public access to judicial records and against sealing. *See, Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006), *see also*, *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978); *Globe Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). As such, if a court decides to seal judicial documents and records in a case, it must identify the compelling interest and articulate the factual basis for its finding "without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179.

The need to protect medical privacy has been found to be a compelling reason to seal documents. *See*, *Domingo v. Brennan*, 690 Fed. Appx. 928, 930 (9th Cir. 2017); *see also*, *Heldt v. Guardian Life Ins. Co. of Am.*, 2018 WL 5920029, at *2 (S.D. Cal. Nov. 13, 2018); *Covert v. City of San Diego*, No. 15-CV-2097-AJB (WVG), 2016 WL 7117364, at *3 (S.D. Cal. Dec. 6, 2016) (granting motion to seal where documents which included discussions regarding plaintiff's mental health and communications with mental health providers). The courts have also prevented the disclosure of medical and psychiatric records that are deemed confidential under state law. See, *Pearson v. Miller*, 211 F.3d 57, 62-64 (3d Cir. 2000).

Here, as fully set out in the declaration of Susan E. Coleman filed concurrently herewith, there is a compelling reason to prevent the disclosure of the medical records being submitted in opposition to Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification. The medical records contain sensitive and personal information related to inmates' medical and mental

health histories, conditions, diagnoses, and treatments. The records also describe conversations that took place between the inmates and medical and mental health staff at Defendant's jails. Because many of these conversations took place in a confidential or semi-confidential setting, there was an expectation that the disclosed information would remain private. (*See generally*, Coleman Decl.; *see also*, Pl.'s Motion to File under Seal [Doc. #121].) These medical records are described in Exhibit "A" attached to Ms. Coleman's declaration. (True and correct copies of the medical records are attached to Defendants' Documents Filed Under Seal in Support of Opposition to Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification being filed concurrently herewith.)

For the foregoing reasons, Defendant respectfully request that the Court grant this motion to file the inmates' medical records under seal.

Dated: May 31, 2022              BURKE, WILLIAMS & SORENSEN, LLP


By: */s/ Susan E. Coleman*
      Susan E. Coleman

Attorneys for Defendant
COUNTY OF SAN DIEGO