Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600    Fax: 213.236.2700

Attorneys for Defendant
COUNTY OF SAN DIEGO (Also
erroneously sued herein as SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT, and
SAN DIEGO COUNTY PROBATION
DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**DECLARATION OF E. MENDOZA IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION** |

I, E. MENDOZA declare as follows:

1.    I am a Sergeant in the Detention Support Division of the San Diego

County Sheriff's Department, and I am assigned to handle CPRA Requests. I have been employed by the County of San Diego for 14 years.

2.    I have personal knowledge of the matters set forth herein, except as to those matters stated on information and belief, and would competently testify thereto if called and sworn as a witness.

3.    Many of the declarations of incarcerated persons submitted by Plaintiffs' counsel in support of their Motion for Preliminary Injunction complain about cell-front wellness checks and other medical/mental health encounters not being "private" because of a deputy nearby. This is required for safety and security reasons, to prevent a staff assault and/or to be able to intervene to stop an attempted assault.   For some prisoners, the risk of staff assault is higher.

**Gary Bartlett**

4.    For example, Gary Bartlett (Booking #21125464) has a history of assaulting staff and making threats against them. Attached as **Exhibit A** is true and correct copy of an incident report related to Mr. Bartlett's placement in Administrative Segregation, which discusses his prior violent behavior to staff.

5.    Mr. Bartlett complains in his declaration that he has been in Administrative Segregation for over 3 months, and that the cell is covered in black mold, especially the ceiling. He states the toilets didn't flush properly and he referred to "the filthy conditions." (Bartlett Decl. ¶ 6.) However, Mr. Bartlett has only been in Administrative Segregation since April 7, 2022, not yet three months. Further, I have confirmed Bartlett has not submitted any grievance regarding his cell conditions. Additionally, there are weekly hygiene inspections in the unit, and "black mold" in the cell would be noticed and remedied by staff.

6.    Attached as **Exhibit B** are true and correct copies of photos taken of Mr. Bartlett's cell in Administrative Segregation taken on May 28, 2022. Bartlett is the sole occupant of the cell, with his bedding on the lower bunk and his toiletries on the top bunk. The walls and ceiling appear to be clean and white, and the sink

and toilet (for Bartlett's sole use) appear clean and were observed to be working properly.

**Darryl Lee Dunsmore**

7.    I have access to the inmate grievance system and am familiar with the storage and retention of these records.  Grievance records are kept by the Sheriff's Department Detention Services Bureau in the course and scope of business and they are duly retained and maintained.  I searched the system for grievances submitted by Darryl Lee Dunsmore (booking #BK 19777041), and determined that he never submitted a grievance regarding the call button system during his 2019 term of incarceration within the San Diego County jail system.

8.    Mr. Dunsmore submitted inmate requests to speak to someone to file a grievance about lack of access to the court.  He asked for immediate access to legal services and legal property.  (Ex. N to Dunsmore Decl.) These complaints were made on December 18, 2019, and December 19, 2019, in the first week of his incarceration at the jail. Dunsmore was in a medical observation bed at the time due to medical issues; however, inmates in MOB can receive their property so long as there are no psychiatric or medical restrictions affecting the items requested. Depending on where Mr. Dunsmore arrived from (ie. CDCR or other), there could be a small delay in receipt of personal and legal property but usually the items travel in the same vehicle as the prisoners during transfer.

9.    Mr. Dunsmore was released on April 21, 2022, to North Kern State Prison – a CDCR facility.

**Anthony Ray Edwards**

10.    Anthony Ray Edwards (booking #19741120) claims that the San Diego County jail system has limited his ability to speak with his attorneys. (Edwards Decl. ¶ 21.)  In reviewing his custody file, I was not able to locate any information confirming this accusation, and it is contrary to jail policy.  This accusation is also refuted by Mr. Edwards' testimony within Paragraph 22 of his

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

3:20-CV-00406-AJB-WVG
MENDOZA DECL. ISO OPPOSITION

1    declaration wherein he states: "I have been cooperating fully with my counsel and

2    am responding to all requests for information to the best of my ability and

3    recollection, and will continue to do so in the future.  My lawyers keep me updated

4    on the progress of this case…"

5        11.    Edwards states that the jail has limited his ability to speak with his

6    attorney because he was not being informed about calls in October and November

7    2021. (Edwards Decl. ¶ 21.)  I have researched and confirmed Mr. Edwards did not

8    file a grievance about this issue.  The procedure is for staff to hand out the call back

9    request slips upon receipt; however, if there is an emergent issue such as count or

10   an incident, there could be minor delays.  The legal calls, if received, are logged in

11   the JIMS history. There were no attorney call backs logged into JIMS and the

12   return call slips are not tracked.

13       **Michael Keavney**

14       12.    Michael Keavney (booking #17104761) states that the custody officer

15   (ARJIS #3434) who delivered his legal mail 10 months late also signed his

16   grievance regarding lost mail, and that he has not received a response.  (Keavney

17   Decl. at ¶ 10.)  However, this is inaccurate.  Mr. Keavney's March 1, 2022

18   grievance regarding lost mail was handled by Officer J. Mendoza (ARJIS #3466).

19   Attached as **Exhibit C** is a true and correct copy of this grievance.  Officer

20   Mendoza forwarded the grievance to the Mail Processing Center, which responded

21   that all mail is processed to each facility as it arrives and is not held in the mail

22   center.

23       13.    Mr. Keavney further states that in November-December 2021, he was

24   housed in cell 5D (on covid quarantine) with two cellmates, Dylan Lacroix and

25   Robert Moniger.  (Keavney Decl. ¶ 4.)  He contends that he observed Moniger

26   having trouble breathing and in obvious distress for more than a week, and deputies

27   ignored their requests to remove Moniger from the cell or to get him medical help.

28   (*Id*. ¶¶ 4-5.) I have researched and determined that Mr. Keavney did not submit any

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

3:20-CV-00406-AJB-WVG
MENDOZA DECL. ISO OPPOSITION

grievances regarding Mr. Moniger's illness or death.  However, Mr. Keavney filed 59 grievances between May 2017 and March of 2022. I have also researched and determined that Dylan LaCroix (#21138758) has submitted 3 grievances but none were about Moniger.

14.     Robert Moniger (#21141334) was housed together with Lacroix and Keavney in a COVID quarantine unit in 5D. They were all placed together because they all were cis-male who stated they identified as female. According to JIMS entries, Moniger changed his mind and stated he no longer identified as female, and his two cellmates kicked him out of the cell (told staff they no longer wanted him in their cell).  According to the Medical Examiner, Moniger died of natural causes from COVID-19 Viral Pneumonia with Atherosclerotic and Hypertensive Cardiovascular Disease Contributing. The manner of death was listed as Natural.

**Ernest Archuleta**

15.     Ernest Archuleta (#19741878) states that when he reviewed his declaration with his attorney, a deputy told him the elevator was broken so he had to climb a flight of stairs to get to the attorney visiting room, but he saw other wheelchair users arrive for attorney visits in the elevator.  (Archuleta Decl. ¶ 12.) Mr. Archuleta does not specify the date he alleges this occurred.  However, there are four elevators at the Central Jail.  If the two inmate elevators were out of order, and an inmate was confined to a wheelchair with no ambulation, a deputy would rearrange the attorney visit to occur on the 2nd floor.

16.     Mr. Archuleta also describes his wheelchair being taken away while he was in the court holding area at SDCJ, requiring him to walk to the hearing. (Archuleta Decl. ¶ 13.)  There is no way to verify this claim in the JIMS database. However, prisoners are taken to video court and placed into holding cells which have a close proximately to the video court rooms. If a prisoner uses a wheelchair, and is physically going to the courthouse (which is within 2 blocks of SDCJ), he would be brought there in a special van for incarcerated persons using wheelchairs.

17.    Mr. Archuleta describes being forced by deputies to walk up the stairs to attend a family visit, rather than using the elevator in his wheelchair.  (Archuleta Decl. ¶ 14.)  I have researched and confirmed that Mr. Archuleta did not file any grievances about elevators being out of order or being denied access, nor did he file any grievance about his wheelchair being taken away before a court appearance.  Mr. Archuleta has submitted a total of 3 grievances while in county jail.  He was released on March 22, 2022 to Wasco State Prison – a CDCR facility.

18.    Mr. Archuleta claims the day room tables have no cut out spaces for wheelchair access.  (Archuleta Decl. ¶ 15.)  However, each of the dayrooms in SDCJ have at least one space for a wheelchair at a table.

**James Clark**

19.    James Clark (#21137849) states that he has issues using the call button system because they do not work or deputies ignore them.  (Clark Decl. ¶ 10.)  I have researched and confirmed Mr. Clark never filed a grievance about this.  Nor has Mr. Clark filed any grievance complaining about lack of access to dayroom tables, showers, or phones for the disabled.  The only grievance Mr. Clark has filed while in custody has been to request games and playing cards.

**Waylon Cozart**

20.    Waylon Cozart (#20932296) complains about access to medical, dental and vision care.  (Cozart Decl. ¶ 4.)  However, did not submit any grievance about these issues.  Mr. Cozart also claims that he recently did not get timely notification of calls from his attorney – though he did not provide any specific date. (Cozart Decl. ¶ 4.)  Cozart did not submit any grievance about this issue.

21.    Mr. Cozart was released to North Kern State Prison on April 27, 2022.

**Isiah Glenn**

22.    Isiah Glenn (#22701576) states that his housing module 1C at George Bailey has one urinal and two toilets for 40 people in the unit, and the urinal is discolored and caked with fungus and is often overflowing, with a lot of gnats in

1    the bathroom.  (Glenn Decl. ¶ 3.)  Glenn also states custody staff give them towels

2    but not mops to clean the floor. (*Id*.)  This information is incorrect.

3        23.    Since February 11, 2022, Glenn has been housed in 1C-209 at GBDF.

4    Mr. Glenn's quad (#209) in the housing unit module (C) – has 36 bunks available in

5    a dorm-style setting. Incarcerated persons have assigned bunks in the JIMS system.

6    However, there are currently only 22 incarcerated persons assigned to quad 209.

7    Each quad has 2 urinals, 2 toilets, and 2 showers in its bathroom.  Glenn has not

8    filed any grievances regarding the bathrooms at GBDF.  Prisoners are given

9    cleaning materials (1 mop, 1 push broom, 1 scrubbing brush, 1 hand-held fox tail

10   brush, 1 dust pan, and 3 cleaning liquids) and may clean the bathrooms anytime

11   during normal hours.  Attached as **Exhibit J** are true and correct copies of photos of

12   the 1C-209 bathroom; while the urinal has some rust, it and the toilets are in

13   working order and no gnats or standing water were observed in the bathroom.

14       24.    Glenn states he has no access to AA, NA, individual or group therapy,

15   and he has not had any yard access since being booked in January 2022.  (Glenn

16   Decl. ¶ 4.)  Mr. Glenn has not filed any grievances regarding individual or group

17   therapy programs or yard access.  Further, I have researched and determined that

18   Mr. Glenn has access to yard 4 times per week for 90 minutes at a time and has

19   daily access to the dayroom.  Attached as **Exhibit D** is a true and correct copy of

20   the GBDF dayroom and recreational yard schedule.

21   **Robert Hollon**

22       25.    Robert Hollon (#21150316) – in 8C at CJ since 12/26/21.  He is blind,

23   uses seeing eye cane and protective sunglasses.  He claims he is not allowed to have

24   audio player to listen to books in his cell and has to go to the 6th floor.  Hollon also

25   claims he does not have access to Braille playing cards and dice.  (Hollon Decl. ¶

26   5.) I am informed and believe, based on information from supervising counselor

27   Francisco Quinteros, that there are limited books available in Braille at SDCJ,

28   GBDF, and LCDRF.  Additionally, there are cassette players available to loan out

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

3:20-CV-00406-AJB-WVG
MENDOZA DECL. ISO OPPOSITION

1   to incarcerated persons (if they have cassette tapes).

2       26.    Hollon filed an appeal to request use of the audio book equipment on

3   February 26, 2022.  Correctional Counselor Tania Lopez spoke with Mr. Hollon

4   and explained the access on the 6th floor, to be scheduled, and that the audio reader

5   is not permitted to be removed for safety reasons.  A true and correct copy of this

6   grievance and the response is attached as **Exhibit E**.  I looked in JIMS and did not

7   see any indication that Mr. Hollon ever scheduled to use of the audio reader.

8       27.    Mr. Hollon was released from custody on March 25, 2022.

9   **Cedrick Jones**

10      28.    Cedrick Jones (#21120877) has not submitted any grievances while in

11  county custody.

12  **Dylan Lacroix**

13      29.    Dylan Lacroix (#21138758) states he has had problems using the

14  grievance process. (Id. ¶ 11.)  However, Lacroix has only filed two grievances this

15  term – one for property issues (it was transferred before him and then his transfer

16  was canceled) and another regarding the video phone needing repair (a maintenance

17  request was submitted).  Both of these grievances were responded to.

18  **Jose Lopez**

19      30.    Jose Antonio Lopez (#21118875) complains about the call boxes being

20  ignored by staff at Vista, in particular for an incident in October 2021. (Lopez Decl.

21  ¶ 8.) I have researched and confirmed Mr. Lopez has not filed any grievances

22  during this term of incarceration.  Mr. Lopez was transferred to CDCR on May 18,

23  2022.

24      31.    Lopez also complains the jail conditions are unsanitary, and he noticed

25  mold and gnats.  He states that while he was at SDCJ, he was never provided a

26  change of clothes and he did not have soap. (Lopez Decl. ¶ 9.)  This would not

27  occur.  Upon intake, prisoners are given one set of clothing (1 set of blue tshirt and

28  blue pants, and a double set of white tshirts, white underwear, and white socks) and

a "fish kit" with toiletries including a toothbrush, toothpaste, soap, and shampoo. At any time, inmates may receive hygiene kits (soap and shampoo) upon request. They receive toilet paper weekly and upon request as needed.  A laundry exchange is done weekly, with clean linens and clothes being handed out in exchange for dirty clothes and linens.

32.     When he transferred to George Bailey, Lopez alleges he was there for 72 hours before he received sheets or a blanket and he was "forced to sleep in the cold."  (Lopez Decl. ¶ 9.)  This would not occur unless Lopez was placed in a safety cell for observation based on a suicide risk.  Similar to intake, inmates transferred within the county jails receive fresh linens and towels on arrival.

33.     Lopez contends he is not always told when he receives a legal call, causing miscommunication with his public defender.  (Lopez Decl. ¶ 10.) There is no way to verify this information and Lopez did not file a grievance about the issue. The procedure is for staff to hand out the call back request slips upon receipt and log them into JIMS as an attorney call-back; however, if there is an emergent issue such as count or an incident, there could be minor delays.  The legal calls and the return call slips are not tracked.

**Josue Lopez**

34.     Josue Lopez (#19763409) has filed 3 grievances: one regarding items missing from a meal; one about access to the TTY device (he alleged night staff gave him access but the day staff was too busy, day staff was reminded to make time and a sign was posted re protocol, Lopez agreed it was resolved); and another about the TTY device (mainly communication with staff about it).  Lopez has not filed any grievances on any other issues than the above including: mental health visits, confidential attorney video calls, sign language interpreters, or medical care following his kidney transplant. Mr. Lopez was released on May 12, 2021 to SPTS.

35.     Mr. Lopez filed an Inmate Grievance on September 25, 2020, complaining that some deputies did not always allows his access to the TTY phone.

Notably, in this same grievance, Mr. Lopez admitted that the Lieutenant placed the TTY phone in medical because he is deaf, is very patient and communicates with him.  Sgt. Cortes-Garcia responded to Mr. Lopez' grievance a few days later, and noted that upon review of the database, it was discovered that Mr. Lopez used the TTY phone several occasions in the last two months.  Further, Mr. Lopez admitted that he received the TTY phone most of the time when he asked, however, on certain occasions during the dayshift when deputies were busy with incidents, his requests may have been delayed, but not denied.  Sgt. Cortes-Garcia informed Mr. Lopez that he would remind staff to do their best to accommodate Mr. Lopez' requests, but that accessibility to the TTY phone may be impacted by staffing, as well as other incidents which may occur.  Mr. Lopez agreed that the matter was resolved.  A true and correct copies of excerpts of pertinent custody records pertaining to Mr. Lopez are attached as **Exhibit F**.

34.  The next time Mr. Lopez submitted a grievance relating to this claim was April 28, 2021.  [*See* Ex. F] A few days later, a supervisor at Bailey Center spoke with Mr. Lopez in a confidential setting, confirmed that the TTY phone was in fact operational, but that due to incidents which occur in the facility, staff may not be able to provide the TTY phone right immediately upon request.  Nonetheless, the supervisor agreed to speak with staff regarding Mr. Lopez' concerns, including reminding staff of the importance of communication due to Mr. Lopez' being deaf.  This discussion was in written form, and Mr. Lopez signed it indicating his agreement that the matter was resolved. [*See* Ex. F]

35.  Mr. Lopez further declares that he had a difficult time scheduling calls with his attorney, including securing a confidential video call, partly due to deputies remaining in the same room during these calls.  (Lopez Decl. ¶¶ 10-11.)  Mr. Lopez also complained that his ability to communicate with his attorney during these calls was hampered by his being handcuffed, which prevented him from effectively signing. (Lopez Decl. ¶ 11.) His complaints arose in March 2020, when the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

3:20-CV-00406-AJB-WVG
MENDOZA DECL. ISO OPPOSITION

COVID-19 pandemic caused in person visits to be suspended. (Lopez Decl. ¶¶ 6-8.) Further, the records Mr. Lopez submitted with his declaration show that his complaints were resolved satisfactorily by the Sheriff's Department on June 11, 2020. (Lopez Decl., Exhs. A and B.)

36.    Mr. Lopez declares that many of the deputies did not know he was deaf and attempted to communicate with him while wearing their COVID safety masks, which made it hard for Mr. Lopez to read their lips. (Lopez Decl., ¶ 13) However, Mr. Lopez' custody records do not support this claim as references to him being deaf appear throughout the records. Further, his custody records show that when Mr. Lopez filed a grievance relating to this issue on April 28, 2021, staff were instructed less than a week later to pull down their COVID protection facemasks when speaking to Mr. Lopez so he could read their lips. [*See* Ex. F]

37.    Mr. Lopez declares that custody staff often involved other incarcerated people to communicate with him, thereby placing him in danger due to the nature of his aggravated child molestation charges. (Lopez Decl., ¶ 14.) However, Mr. Lopez' custody records do not reveal any grievances filed by him relating to this claim. Further, Mr. Lopez does not declare that any custody staff revealed the nature of his charges to any other inmates, or that any alleged communication resulted in harm to Mr. Lopez.

38.    Mr. Lopez declares that a deputy threatened that something bad would happen if he filed a grievance form. (Lopez Decl., ¶ 18) However, Mr. Lopez' custody records show that he filed many grievance forms, some referenced herein, as well as other ones, including one on July 14, 2020, wherein he complained he did not receive his chips with his kosher diet. [*See* Ex. F] Mr. Lopez did not file a grievance about this alleged threat.

**Christopher Nelson**

39.    Christopher Nelson (#21107181) states all of the dayroom seats are bolted down and there are no cut out spaces for wheelchairs. (Nelson Decl. ¶ 10.)

1    However, there is currently at least one space for wheelchair users in each dayroom.

2        40.    The only exercise equipment permitted in the jails is in the

3    recreation/gym area, which has bolted down equipment most of which does not

4    have moving parts (such as dip bars and pull-up bars). For safety and security

5    reasons, no free weights are allowed, nor are rubber bands that could be mis-used to

6    harm others.  Incarcerates persons may also do body weight exercises and yoga/

7    stretching, calisthenics, and many do so.

8        41.    Nelson states the non-staff elevator frequently breaks down at SDCJ.

9    (Nelson Decl. ¶ 17.) However, there are 2 elevators for incarcerated persons and 2

10   elevators for staff.  The staff elevators can be re-purposed or intermittently used as

11   inmate elevators as needed.

12       42.    Nelson claims a detective made multiple calls to him that were not

13   communicated.  He also contends his lawyers tried to call him in October to

14   December 2021, and he wasn't told.  (Nelson Decl. ¶¶ 17, 23.)  Again, there is no

15   way to verify if these calls were actually made, or if they were, whether the return

16   call slips were delivered to Mr. Nelson, but the procedure is to deliver them

17   promptly if feasible.

18       43.    Nelson claims the phones are surrounded by metal cases and

19   occasionally when another person hangs up, there is an electrical shock that burns

20   the bare arms of people resting their arms on the metal case.  (Nelson Decl. ¶ 18.) I

21   have never heard this claim made previously and I was unable to find any

22   information to verify this has ever occurred.

23       44.    Nelson claims he submitted a grievance on October 16, 2021, but it

24   was never responded to.  (Nelson Decl. ¶ 25.)  There is no record of this grievance

25   in the system.  Nelson filed two grievances, both in May 2021 – one about mail

26   packages and another about his shoulder injury. Nelson never filed grievances

27   about lack of ADA/disability access, lack of exercise equipment, elevators,

28   legal/professional calls, or defective phone equipment.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 12 -

3:20-CV-00406-AJB-WVG
MENDOZA DECL. ISO OPPOSITION

**Christopher Norwood**

45.    Christopher Norwood (#21122487) only filed one grievance while at the county jail, regarding lockdown of the facility operations and COVID-19 protocols.  Dayroom time was being done in smaller increments to prevent transmission.  Mr. Norwood was released to Wasco State Prison – a CDCR facility – on February 9, 2022.

**Katrina Rios**

46.    Katrina Rios (booking #21119832) has not filed any grievances while in county custody.

**Joshua Roberts**

47.    Joshua Roberts (#21116622) has not filed any grievances while in county custody.

**Gustavo Sepulveda**

48.    Gustavo Sepulveda (#21106540) states that he has had issues with the call button not being responded to and a prisoner next door to him killed his cellmate when deputies did not respond to the intercom.  (Sepulveda Decl. ¶ 4.)  Mr. Sepulveda has not filed any grievances while in county custody.

**Daniel Webb**

49.    Daniel Webb (#21101684) says he has not received assistance for alcohol dependence or reentry programming. Webb has filed 12 grievances while in custody this term but none on this particular issue.

50.    Webb claims he was put into an Enhanced Observation Housing (EOH) cell in October 2018, due to suicidal ideations with only a smock.  But this describes a Safety Cell, not EOH – which has a mattress and a strong blanket.  The items in the cell are minimal for safety reasons, to prevent suicide attempts.

**Nikki Yach**

51.    Nikki Yach (#21150778) is currently housed at Visa in E-4; she is single-celled in Administrative Segregation for her protection.  Ms. Yack is a cis

male who identifies as female; she wants to be housed with women not men.  (Yach Decl. ¶ 3.)  Ms. Yach has only filed one grievance herself (requesting a high protein diet).

**David Smith**

52.     David Smith (#21119612) states that, due to his back pain, he must use a wheelchair when being transported outside of the jail (though not within the jail itself). (Smith Decl. at ¶ 7.) He claims that, after he asked, the jail deputies provided him with a wheelchair for his trip to the courthouse but they were condescending and unprofessional about doing so. (*Id*. at ¶ 8.) Mr. Smith also states that one deputy said that he would not be allowed a wheelchair for his next court date, and if he tried to ask for one, the Jail would consider him a "refusal" to go to court. (*Id*.) Mr. Smith admits that he took the transfer truck back to the jail from the courthouse instead of asking for a wheelchair-accessible van. (Smith Decl. at ¶ 8.) Mr. Smith also admits that he did not ask for a wheelchair when he went to San Diego Central Jail for a medical appointment, though he says this is because he did not want to be considered a refusal. (*Id*. at 9.)

53.     Mr. Smith filed a grievance regarding this interaction with the "discriminatory" deputy. (Ex. F to Smith Decl.) The Grievance Response clarifies that the allegedly "discriminatory deputy" contested Mr. Smith's allegations and stated that they did not occur as explained in Mr. Smith's grievance form. (Ex. F to Smith Decl., pg. 23.)  Approximately one month later, Mr. Smith informed the transportation deputies that he refused to go to his clinic appointment in a wheelchair, and that the wheelchair was no longer needed. Transportation deputies proceeded with the escort without a wheelchair. Attached as **Exhibit G** is a true and correct copy of this incident report.

///

///

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 14 -

3:20-CV-00406-AJB-WVG
MENDOZA DECL. ISO OPPOSITION

54.  Mr. Smith asserts that one of his numerous grievances went missing. (Smith Decl. at ¶ 13.) However, Mr. Smith does not claim any other grievance was not timely responded to (either orally or in writing). As the Jail does not have a record of this alleged missing grievance, I cannot confirm that it ever existed.

55.  Mr. Smith was transferred to Wasco State Prison on March 16, 2022.

**Dylan Lacroix**

56.  Mr. Lacroix (#21138758) has a history of psychotic break downs, including close in time with the death of his cell mate.  On January 11, 2022, Mr. Lacroix wrote "I'm having a psychotic Break.  I need to speak with an [sic] psyche asap. Emergency.  Please help."  Attached hereto as **Exhibit H** are true and correct copies of excerpts of pertinent medical records pertaining to Mr. Lacroix.

57.  On April 2, 2022, Mr. Lacroix and his other cellmate, Michael Keavney, were observed trying to orchestrate a scheme to bring a claim under the Prison Rape Elimination Act ("PREA").  On this date, they repeatedly called the onsite deputy via intercom several times and falsely claimed the deputy had been ignoring their calls.  During one of the calls, Mr. Lacroix and Mr. Keavney said their "cellie is dying!  He's dead!  He's D-E-A-D, dead!" and could be heard laughing over the intercom.  They continued over the intercom to scheme a false claim under the PREA, and ways to get the deputies' DNA in order to support a PREA claim of sexual assault.  [*See* Ex. H]

58.  In addition to the above, Mr. Lacroix has reported that his lawyer was trying to kill him.  [*See* Ex. H]

59.  Mr. Lacroix's accusation that his grievances were ignored is disputed by the evidence.  The grievances submitted by Mr. Lacroix were addressed in accordance with San Diego County jail policy.  Attached hereto as **Exhibit I** are true and correct copies of excerpts of pertinent custody records pertaining to Mr. Lacroix.  There is no record of any written grievance submitted by Mr. Lacroix that ///

1    was not responded to.

2         I declare under penalty of perjury under the laws of California and the United

3    States of America that the foregoing is true and correct.

4         Executed on May 31, 2022, at San Diego, California.

5

6                                        E. Mendoza

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 16 -

3:20-CV-00406-AJB-WVG
MENDOZA DECL. ISO OPPOSITION

EXHIBIT A

# SAN DIEGO SHERIFF'S DEPARTMENT

## Incident Report

**Incident #:**  214044641

**Incident Dt/Tm:** 11-24-2021 0759

**Incident Type Code:**   AS        ADMIN SEG ISR

---

**Participants**

| Name (L,F,M,S) | JIM/Book # | Facility | Area | HU | Cell | Bed | Inv |
|---|---|---|---|---|---|---|---|
| BARTLETT, GARY R. JR | 100064738 / 21125464 | 7 | N | 3 | 13 | B | O |

**Incident Occurred:**

**Fac:** 7                **Area:** JPM                **HU:** CLA

**Location:** VDF Classification

**Officer:** JMONT3SH, MONTI                **Submitted Dt/Tm:** 11-24-2021 0801

**Update By:** MFAUSTSH, FAUSTINO                **Update Dt/Tm:** 11-28-2021 1329

**Supervisor:** MFAUSTSH, FAUSTINO                **Approval Dt/Tm:** 11-28-2021 1329

**Use of force?** N                **CS Violence?** N                **Inmate Violence?** N                **Contraband?** N

**Facility Damage?** N                **Disciplinary?** N                **Hearing Required?** N

**Action Taken:**                **Approval Action:**

ADS/GB (Assaultive and threats towards staff)

# SAN DIEGO SHERIFF'S DEPARTMENT

## Incident Report

---

**Incident Information:**

| | | | |
|---|---|---|---|
| **Entry Dt/Tm:** | 11-24-2021 0801 | **Entered By:** | JMONT3SH,MONTI |
| **Update Dt/Tm:** | 11-28-2021 1329 | **Updated By:** | MFAUSTSH , FAUSTINO |
| **Approved Dt/Tm:** | 11-28-2021 1329 | **Approved By:** | MFAUSTSH , FAUSTINO |

ORIGIN:

On 11-24-2021, I was assigned as a Classification Deputy at the Vista Detention
Facility (VDF), when I determined Inmate Bartlett, Gary (BN21125464) would be
classified as an Administrative Segregation (ADS) inmate. Barlett will also
remain a Green band (GB) Assaultive (ASLT) inmate.

DEPUTY'S OBSERVATIONS AND ACTIONS:

I received a phone call from Detective Olsen (3471) recommending that inmate
Bartlett be placed in ADS. Detective Olsen confirmed that Barlett is a known
"shot caller" (inmate that has influence over over inmates) within the module.
I reviewed Bartlett's criminal history and it was noted that Bartlett was
placed in green clothing for assaulting staff (See JIMS Incident #'s 154025331,
174008155 and 204035530).

On 11/23/2021 an ISR (214044587) was written stating that Barlett was making
threats to assault future deputies like the incident that occurred on 11/19/21
(See Case #21150369) if dayroom does not go back to the way they use to be.

Due to Bartlett's assaultive history, threats towards staff, and to prevent any
possible attacks on staff by Bartlett or other inmates he may have influence
over, he will be placed in ADS housing. HIs ADS status will be reviewed every
seven days for possible removal.

Bartlett will remain in jail issued GREEN clothing and classified as being
assaultive.

A green wristband with an orange insert was placed on his left wrist to alert
staff as to his classification status.

Bartlett refused a copy of the J-72 form and the original will be placed in
Bartlett's custody record.

Nurse Schnitzenbaumer #5678 was notified of Bartlett's ADS placement.

---

EXHIBIT B







EXHIBIT C

# SAN DIEGO SHERIFF'S DEPARTMENT

## Grievance Report

| | |
|---|---|
| **Grievance #:** | 224000373 |
| **Grievance Dt/Tm:** | 03-01-2022 0300 |

**Subject #1:** MAIL    **Subject #2:**    **Subject #3:**    **Subject #4:**

**Linked Inmates:**

| JIM | Book # | Name | Fac | Area | Hu | Cell | Bed |
|---|---|---|---|---|---|---|---|
| 400215578 | 17104761 | KEAVNEY, MICHAEL R | 1 | 7 | A | 04 | B |

**Grievance Occurred:**

**Fac:** 1    **Area:** 7    **Hu:** B

**Location:** 7th Floor "B" module Cell #6

**Summary:**

Complaint of legal mail.

**Routed To:** Mail Processing Center    **Action Dt/Tm:** 03-01-2022 0430

**Action Officer:** MENDOZA 3466

**Action Taken:**

Mendoza forwarded to mail room already. Incarcerated person was upset about postmark date on letter received and wanted something officially documented. Mendoza will handle matter in facility next time.

**Appeal Filed Dt/Tm:** 00-00-0000 0000    **Appeal Returned Dt/Tm:** 00-00-0000 0000

**Investigator:**    **Appeal Result Code:**

**Appeal Summary:**

**Update By:** BOURGEOIS, BRENDEN SH7770    **Update Dt/Tm:** 03-02-2022 0205

# SAN DIEGO SHERIFF'S DEPARTMENT

## Grievance Report

**Grievance Information:**

**Entry Dt/Tm:** 03-06-2022 1435                    **Entry By:** CRISANTO, ADRIAN

**Update Dt/Tm:** 00-00-0000 0000                   **Update By:**

Mail Process Center Response:

All mail sent to the Mail Process Center is processed to each facility when it
arrives. We do not hold any mail in the MPC. If any mail is rejected, you would
have received a notice of the item rejected.

This grievance is a complaint  and should be directed to the Housing Sergeant
at your facility.

EXHIBIT D

## DAYROOM AND RECREATIONAL YARD SCHEDULE

| Non-Pay week | TEAM 1/2 | TEAM 1/2 | TEAM 3/4 | TEAM 3/4 | TEAM 1/2 | TEAM 1/2 | TEAM 1/2 |
|---|---|---|---|---|---|---|---|
| | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday | Sunday |
| 0700 - 1000 DAYROOM | BOTTOM | TOP | BOTTOM | TOP | BOTTOM | TOP | BOTTOM |
| 0700 - 0830 REC YARD | C MODULE | B MODULE | A MODULE | C MODULE | B MODULE | MAKE UP | MAKE UP |
| 0830 - 1000 REC YARD | A MODULE | C MODULE | B MODULE | A MODULE | C MODULE | MAKE UP | MAKE UP |
| | | | | | | | |
| 1300 - 1600 DAYROOM | TOP | BOTTOM | TOP | BOTTOM | TOP | BOTTOM | TOP |
| 1300 - 1430 REC YARD | A MODULE | C MODULE | B MODULE | A MODULE | C MODULE | MAKE UP | MAKE UP |
| 1430 - 1600 REC YARD | C MODULE | B MODULE | A MODULE | C MODULE | B MODULE | MAKE UP | MAKE UP |
| | | | | | | | |
| 1900 - 2030 DAYROOM | BOTTOM | TOP | BOTTOM | TOP | BOTTOM | TOP | BOTTOM |
| 2030 - 2200 DAYROOM | TOP | BOTTOM | TOP | BOTTOM | TOP | BOTTOM | TOP |
| | | | | | | | |
| | | | | | | | |
| Pay week | TEAM 1/2 | TEAM 1/2 | TEAM 3/4 | TEAM 3/4 | TEAM 3/4 | TEAM 3/4 | TEAM 3/4 |
| | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday | Sunday |
| 0700 - 1000 DAYROOM | TOP | BOTTOM | TOP | BOTTOM | TOP | BOTTOM | TOP |
| 0700 - 0800 REC YARD | A MODULE | C MODULE | B MODULE | A MODULE | C MODULE | MAKE UP | MAKE UP |
| 0800 - 0900 REC YARD | B MODULE | A MODULE | C MODULE | B MODULE | A MODULE | MAKE UP | MAKE UP |
| | | | | | | | |
| 1300 - 1530 DAYROOM | BOTTOM | TOP | BOTTOM | TOP | BOTTOM | TOP | BOTTOM |
| 1300 - 1430 REC YARD | B MODULE | A MODULE | C MODULE | B MODULE | A MODULE | MAKE UP | MAKE UP |
| 1430 - 1530 REC YARD | A MODULE | C MODULE | B MODULE | A MODULE | C MODULE | MAKE UP | MAKE UP |
| | | | | | | | |
| 1900 - 2030  DAYROOM | TOP | BOTTOM | TOP | BOTTOM | TOP | BOTTOM | TOP |
| 2030 - 1000  DAYROOM | BOTTOM | TOP | BOTTOM | TOP | BOTTOM | TOP | BOTTOM |

EXHIBIT E

# SAN DIEGO SHERIFF'S DEPARTMENT

## Grievance Report

|  |  |
|---|---|
| **Grievance #:** | 224000364 |
| **Grievance Dt/Tm:** | 02-26-2022 0930 |

**Subject #1:** ADA        **Subject #2:** OTHR        **Subject #3:**        **Subject #4:**

---

### Linked Inmates:

| JIM | Book # | Name | Fac | Area | Hu | Cell | Bed |
|---|---|---|---|---|---|---|---|
| 100058542 | 21150316 | HOLLON, ROBERT K | RELS | | | | |

---

### Grievance Occurred:

**Fac:** 1        **Area:** 8        **Hu:** C

**Location:** 8C

### Summary:

Incarcerated Person Hollon, Robert BN 21150316 is a visually impaired person. He is currently housed in 8C and has requested the use of the audio book equipment. Feels he is not granted access to Aduio Book. Claims this is an ADA issue.

**Routed To:** COUNS- LT. POIRIER #1068        **Action Dt/Tm:** 02-26-2022 0936

**Action Officer:** LT. POIRIER

### Action Taken:

See narrative.

Access to the Audio book will be entered in the JIM history

**Appeal Filed Dt/Tm:** 00-00-0000 0000        **Appeal Returned Dt/Tm:** 00-00-0000 0000

**Investigator:**        **Appeal Result Code:**

### Appeal Summary:

**Update By:** POIRIER, ALMA SH1068        **Update Dt/Tm:** 02-26-2022 0942

---

# SAN DIEGO SHERIFF'S DEPARTMENT

## Grievance Report

---

**Grievance Information:**

**Entry Dt/Tm:** 02-26-2022 0930                          **Entry By:** POIRIER, ALMA

**Update Dt/Tm:** 00-00-0000 0000                         **Update By:**


Per Correctional Counselor Tania Lopez,


She spoke with Mr. Hollen regarding the audio book reader and how to utilize
it.  The audio book reader is located on the 6th floor in the room that is
being used by the Deputies assigned to the JBTC module.  The plan that was put
in place was that the floor deputies on which ever floor the inmate requesting
the audio reader is housed on, would coordinate with the 6th floor deputies
regarding movement and time allowed for the inmate to utilize the audio reader.
 The floor deputies can determine how long the inmate is able to utilize the
audio reader.  The audio reader is not to be removed from the 6th floor.
Captain Kneeshaw made the call to not allow the audio reader into a housing
module for safety reasons.


8th floor deputies will need to call the 6th floor to coordinate movement/time
to allow I/P Hollen time to use the audio reader. The use of the audio reader
will be entered into the I/P history.

---

# SAN DIEGO SHERIFF'S DEPARTMENT

## Grievance Report

---

**Grievance Information:**

**Entry Dt/Tm:** 02-26-2022 0930                    **Entry By:** POIRIER, ALMA

**Update Dt/Tm:** 02-26-2022 0947                    **Update By:** POIRIER, ALMA

```
Mr. Hollan,

Per Correctional Counselor Lopez,


She spoke with you several times regarding the audio book reader and how to
utilize it.  The audio book reader is located on the 6th floor.   The plan that
was put in place was that the floor deputies on which ever floor the inmate
requesting the audio reader is housed on, would coordinate with the 6th floor
deputies regarding movement and time allowed for the inmate to utilize the
audio reader.  The floor deputies can determine how long the inmate is able to
utilize the audio reader.  The audio reader is not to be removed from the 6th
floor.  Captain Kneeshaw made the call to not allow the audio reader into a
housing module for safety reasons.


8th floor deputies will need to call the 6th floor to coordinate movement/time
to allow you access to the audio reader.


Lt. Poirier
SDCJ Team 1.
```

---

# SAN DIEGO SHERIFF'S DEPARTMENT

## Grievance Report

---

**Grievance Information:**

**Entry Dt/Tm:** 02-26-2022 0930                          **Entry By:** POIRIER, ALMA

**Update Dt/Tm:** 02-26-2022 0947                          **Update By:** POIRIER, ALMA

```
Mr. Hollan,

Per Correctional Counselor Lopez,


She spoke with you several times regarding the audio book reader and how to
utilize it.  The audio book reader is located on the 6th floor.   The plan that
was put in place was that the floor deputies on which ever floor the inmate
requesting the audio reader is housed on, would coordinate with the 6th floor
deputies regarding movement and time allowed for the inmate to utilize the
audio reader.  The floor deputies can determine how long the inmate is able to
utilize the audio reader.  The audio reader is not to be removed from the 6th
floor.  Captain Kneeshaw made the call to not allow the audio reader into a
housing module for safety reasons.


8th floor deputies will need to call the 6th floor to coordinate movement/time
to allow you access to the audio reader.


Lt. Poirier
SDCJ Team 1.
```

---

# SAN DIEGO SHERIFF'S DEPARTMENT

## Grievance Report

**Grievance Information:**

**Entry Dt/Tm:** 02-26-2022 0930                                    **Entry By:** POIRIER, ALMA

**Update Dt/Tm:** 02-26-2022 1221                                 **Update By:** POIRIER, ALMA

```
To:    Hollon BN 21150316

From:  Lieutenant A. Poirier

Subject: ADA Policies, Audio Book

Mr. Hollan,

Correctional Counselor Lopez spoke with you several times regarding the audio
book reader and how to utilize it.  The audio book reader is located on the 6th
floor.   The plan that was put in place was that the floor deputies on which
ever floor the inmate requesting the audio reader is housed on, would
coordinate with the 6th floor deputies regarding movement and time allowed for
the inmate to utilize the audio reader.  The floor deputies can determine how
long the inmate is able to utilize the audio reader.  The audio reader is not
to be removed from the 6th floor due to safety reasons.


8th floor deputies will need to call the 6th floor to coordinate movement/time
to allow you access to the audio reader.  Due to operational needs of the
facility the date and time of access can change. Thank you for your
understanding.
At this time, I am considering your grievance resolved.


Thank you,
Lieutenant A. Poirier (SDCJ Team 1)
```

EXHIBIT F



# San Diego County
# SHERIFF'S DEPARTMENT

## INMATE GRIEVANCE/APPEAL OF DISCIPLINE
## *QUEJA/APELACION DE LA DISCIPLINA DE PRESO*

☐ SDCJ    ☑ GBDF    ☐ EMRF    ☐ LCDRF    ☐ SBDF    ☐ VDF    ☐ FAC8

**From:** Lopez, Josue                    19763409              M/OBS/102
*De:*   Name (Last, First, Middle)        Booking Number        Housing Unit
        *Nombre (Apellido, Primero, Segundo)*   *Número de ficha*   *Unidad de alojamiento*

Grievance is about:   ☑ Jail Procedures   ☑ Jail Conditions   ☐ Medical   ☐ PREA   ☐ Other _____
*La queja es acerca:*   *Procedimientos de*   *Condiciones de*   *Médico*                    *Otro*
                        *la Cárcel*          *la Cárcel*

Date and Time of Incident / *Fecha y hora del incidente:*   June — Present

Describe the reason for your grievance in your own words. Please be specific. (Use additional sheets if necessary)
*Describa la razón de su queja en sus propias palabras. Por favor sea específico. (Use hojas adicionales si es necesario)*

Please, I need help. Many times I have asked to use TTY phone and a lot of deputies have denied my access to it. I understand they can be busy with their duties, but they are also denying my constitutional and ADA rights to have access to communication like everyone else. Many deputies don't know that I am deaf, don't know what a TTY phone is, and sadly they don't know my rights. Unfortunately, deputies aren't trained to deal with issues like this and they are escalating it to a point where my defense attorney and ADA attorney are starting to look at this issue. I am asking to talk personally to Lt. Farris and let her know all the details of this issue and deputies. She knows I'm deaf, she placed the TTY phone in Medical and she is very patient to communicate with me through writing. Thank you.

_Josue Lopez_                           9/25/20
Inmate Signature / *Firma de Preso*      Date / *Fecha*

---

**THIS BOX IS FOR OFFICIAL USE ONLY**
*Esta caja es para el uso oficial solamente.*

Received by: _____   9680      09/25/20   2142
             Signature of receiving staff member   ARJIS #   Date   Time

Entered in JIMS: 10/03/20    2121      204001007
                 Date        Time      JIMS Grievance Number

If one of the following two conditions is alleged by the inmate, this grievance must be answered within 4 days:
☐ The inmate's health or safety is unfairly impacted by a condition of confinement
☐ A condition of confinement has prevented the inmate's effective communication/participation in a legal hearing.

☐ This submission is not a grievance:
☐ It is an appeal of discipline—JIMS Incident # _____   JIMS Appeal Hearing # _____
☐ It is a complaint against staff—JIMS Incident # _____   (Refer to Detentions P&P Section N.1)
☐ It is an inmate request—respond in writing below. (No entry in JIMS, copy of response to booking jacket)

Response to Inmate Request: See narrative for response. Per conversation w/ inmate, this matter is considered closed. Copy given to inmate and another forwarded to custody record.

J-22 (Rev 1/15)    **Original goes to booking jacket**    **Copy goes to inmate after being signed by staff member**

 

**George Bailey Detention Facility**

Josue Lopez (BN-19763409)

**Subject: Teletypewriter Telecommunication (TTY) device (#204901007)**

On 09/25/20, I received and reviewed the complaint you submitted on the same date regarding your lack of accessibility to the Teletypewriter Telecommunication (TTY) device while housed in the medical area (OBS 102) at the George Bailey Detention Facility (GBDF).

In your complaint, you wrote you have asked staff (deputies) several times to utilize the TTY, but deputies have "denied" you access to it. Additionally, you claim the aforementioned is in violation of the American Disability Act (ADA) due to you being legally deaf.

On 10/03/20, prior to speaking with you regarding your complaint, I reviewed our database. I found you have used the TTY phone on several occasions the past two months. At about 1945 hours, I spoke with you regarding your complaint in the recreation yard of your assigned housing area. Deputy Thomas #3236 was present during our written conversation. Our conversation was done by exchanging notes.

During our conversation, you informed me you receive the TTY phone most of the time when you ask certain sworn teams (Nightshift); however, you stated dayshift deputies will tell you "later" or they are "busy." According to you, this leads to you not receiving the TTY phone.

At the end of our conversation, I informed you I wanted to resolve this issue to the best of my abilities. In an effort to more responsive to your needs regarding the TTY phone, staff will be reminded on the policies pertaining to the TTY phone and its protocols. This is being done in an effort to avoid future incidents similar in nature. In addition, a sheet detailing the steps to use the TTY phone will be posted nearby to be used as a resource by staff. Moving forward, you and I both agreed this matter is now considered resolved and closed as your complaints will be addressed in the aforementioned manners. I also informed you to tell me if this issue continues so I can address it appropriately.

For informational purposes, requests for the TTY phone will be accommodated only during a reasonable and/or feasible time, which will be determined by the housing deputies. Keep in mind, your accessibility to the TTY phone may at times be affected by the facility operations or other occurrences (e.g., critical incidents). This operations or occurrences required personnel. Additionally, your accessibility to the TTY phone may be impacted by staffing since it requires one deputy to supervise you while you utilize the TTY phone. Be advised, staffing is limited in the medical area, so your patience is greatly appreciated.

Your original grievance will be placed in your inmate custody record as a complaint along with a signed copy of this correspondence.

_____                    _10/03/20_
Sgt. Cortes-Garcia #9680                          Date

By signing below, you agree you have received a copy of this narrative:

_____                    _10/03/20_
Josue Lopez (BN-19763409)                        Date

 

*Kitchen*



# San Diego County
# SHERIFF'S DEPARTMENT

## INMATE GRIEVANCE/APPEAL OF DISCIPLINE
## *QUEJA/APELACION DE LA DISCIPLINA DE PRESO*

☐ SDCJ    ☑ GBDF    ☐ EMRF    ☐ LCDRF    ☐ SBDF    ☐ VDF    ☐ FAC8

From: Lopez, Josue                    1976 3409              M/OBS/102
*De:*    Name (Last, First, Middle)        Booking Number          Housing Unit
        *Nombre (Apellido, Primero, Segundo)*   *Número de ficha*      *Unidad de alojamiento*

Grievance is about:    ☑ Jail Procedures    ☐ Jail Conditions    ☐ Medical    ☐ PREA  ☐ Other ____
*La queja es acerca:*    *Procedimientos de*    *Condiciones de*    *Médico*
                        *la Cárcel*            *la Cárcel*                                *Otro*

Date and Time of Incident / *Fecha y hora del incidente:*  7/14/20  Lunch time

Describe the reason for your grievance in your own words. Please be specific. (Use additional sheets if necessary)
*Describa la razón de su queja en sus propias palabras. Por favor sea específico. (Use hojas adicionales si es necesario)*

I have a Kosher diet and for the past few days we haven't received
Chips on our lunch trays. Also every Tuesday we must have a meal tray
and another tray with bread and chips plus muffin or cookies but
today we didn't received the meal tray (hot), we were just given
bread with mustard and ketchup. I understand it must have been a
Kitchen mistake but even deputies today had to help us get a few more
breads and sandwiches meats which I feel bad for them because is not their
fault. I ask to please fix this Kitchen issue and to check our meals at Kitchen.
                                                        Thank you.

Josue Lopez                          7/14/20
Inmate Signature / *Firma de Preso*        Date / *Fecha*

---

THIS BOX IS FOR OFFICIAL USE ONLY
*Esta caja es para el uso oficial solamente.*

Received by:    EVua            5225        07-15-20      0700
                Signature of receiving staff member    ARJIS #    Date    Time

Entered in JIMS:  7/15/2      0760        204000759
                Date        Time        JIMS Grievance Number

If one of the following two conditions is alleged by the inmate, this grievance must be answered within 4 days:
☐ The inmate's health or safety is unfairly impacted by a condition of confinement.
☐ A condition of confinement has prevented the inmate's effective communication/participation in a legal hearing.

☐ This submission is not a grievance:
☐ It is an appeal of discipline—JIMS Incident # _____ JIMS Appeal Hearing # _____
☐ It is a complaint against staff—JIMS Incident # _____ (Refer to Detentions P&P Section N.1)
☐ It is an inmate request—respond in writing below. (No entry in JIMS, copy of response to booking jacket)

Response to Inmate Request: IF SOMETIME WRONG WITH
MEAL ISSUE DIRECTLY RETURN TO KITCHEN

J-22 (Rev 1/15)    Original goes to booking jacket    Copy goes to inmate after being signed by staff member



# San Diego County
# SHERIFF'S DEPARTMENT

## INMATE GRIEVANCE/APPEAL OF DISCIPLINE
## *QUEJA/APELACION DE LA DISCIPLINA DE PRESO*

☐ SDCJ   ☒ GBDF   ☐ EMRF   ☐ LCDRF   ☐ SBDF   ☐ VDF   ☐ FAC8

From: Lopez, Josue                         19763409              M/OB5/102
*De:*   Name (Last, First, Middle)         Booking Number        Housing Unit
        *Nombre (Apellido, Primero, Segundo)*   *Número de ficha*   *Unidad de alojamiento*

Grievance is about:  ☒ Jail Procedures  ☒ Jail Conditions  ☒ Medical  ☐ PREA  ☒ Other  ADA conditions
*La queja es acerca:*   *Procedimientos de*   *Condiciones de*   *Médico*           *Otro*
                        *la Cárcel*           *la Cárcel*

Date and Time of Incident / *Fecha y hora del incidente:*   October 2019 – Present

Describe the reason for your grievance in your own words. Please be specific. (Use additional sheets if necessary)
*Describa la razón de su queja en sus propias palabras. Por favor sea específico. (Use hojas adicionales si es necesario)*

The conditions in the jail place me and other inmates at a substantial risk of harm. I am deaf and my primary method of communication is American Sign Language. The jail consistent refuses to accommodate my hearing disability. The dangerous policies and practices that place me and other inmates at a substantial risk of serious harm include, but are not limited to, insufficient custody staff to help assist people with disabilities, inadequate supervision of individual's disability-related needs, an inadequate system for inmates to grieve ADA issues, inadequate screening and intake procedures, insufficient medical and custody staff training on how to interact with people who have disabilities; insufficient supply of

Josue Lopez                                 4/28/21   7:45pm
Inmate Signature / *Firma de Preso*         Date / *Fecha*

---

THIS BOX IS FOR OFFICIAL USE ONLY
*Esta caja es para el uso oficial solamente.*

Received by: _____  Signature of receiving staff member   ARJIS #   Date   Time

Entered in JIMS: ___   Date   Time   JIMS Grievance Number

If one of the following two conditions is alleged by the inmate, this grievance must be answered within 4 days:
☐ The inmate's health or safety is unfairly impacted by a condition of confinement
☐ A condition of confinement has prevented the inmate's effective communication/participation in a legal hearing.

☐ This submission is not a grievance:
☐ It is an appeal of discipline—JIMS Incident # _____ JIMS Appeal Hearing # _____
☐ It is a complaint against staff—JIMS Incident # _____ (Refer to Detentions P&P Section N.1)
☐ It is an inmate request—respond in writing below. (No entry in JIMS, copy of response to booking jacket)
Response to Inmate Request:
FORWARDED TO MEDICAL/ADA CASE MANAGER.

J-22 (Rev 1/15)   **Original goes to booking jacket**   Copy goes to inmate after being signed by staff member

accessible accomodations (such as VP tablets, functioning Telecommunication ... for the Deaf, TTY phones, confidential rooms for attorney and family phone calls ...deo visits, social visits, etc.). For example, I can only use the TTY machine to communicate with my wife, loved ones and personal attorney. Sometimes the TTY has a poor signal and takes a lot of time to work. Many deputies at the jail become frustrated with me when I ask to use the TTY phone. They either deny me access to it, rush me when I am using it, or say they are "too busy" or short staffed to escort me to the TTY phone and supervise me. Some deputies also do not know I am deaf. A lot of them often rely on other inmates to write down responses for me to read. This places me at a substantial risk ...t harm because some of my confidential information could be released to these inmates ...uring their conversations with staff. I also cannot trust that other inmates will write own accurate information. The jail does not provide a sign language interpreter during interactions with nursing and medical staff. I have to rely on lip reading and written ...otes to understand complex medical issues. Please, fix the conditions listed above so that I am no longer at a substantial risk of harm. Please also allow me to access the TTY phone when requested, or provide me with a video phone tablet so I can communicate with my ...amily and personal attorney.

...n addition, the medical care at the jail is inadequate and places me and all other inmates at ... substantial risk of harm. The jail's dangerous policies and practices include, but are not ...mited to, an inadequate system for inmates to request care, delays in providing timely access ...o care, inadequate identification of and provision of care to inmates with chronic illness, ...ailure to continue medications for inmates who were taking medications before being ...rrested, inadequate staff training, inadequate maintenance of medical records, and inadequa... ...edication administration. For example, I was arrested on October 8, 2019, and did not ...eceived my medication to treat my kidney transplant for about 4 or 5 days. I take the ...ollowing medications: cyclosporine, mycophenolate and prednisone. Please, fix these issues ...o that I am no longer at a substantial risk of serious harm.

There are still other conditions at the jail that place my and other inmate's safety and survival at risk, including but not limited to: insufficient staff to safely monitor all inmates, overcrowded, facilities that make it impossible to safely house all inmates and inadequate training of officers. For example, on February 14, 2021, when I and others asked for grievance forms, a deputy told us, "Whoever you want to write up, don't do it" and tried to threat that something bad would happen if we file grievances. Please fix the safety issues listed above so that I and others are no longer at a substantial risk of serious harm. Please, do not retaliate against me for filling this grievance.



# SAN DIEGO SHERIFF'S DEPARTMENT
# GRIEVANCE RESPONSE

Inmate Name: | Josue Lopez #19763409 |

On 5/4/2021, I received your grievance stating that the jail (George Bailey Detention Facility) refuses to accommodate your hearing disability and you feel it could put you or other inmates at risk of being harmed.

On 5/5/2021, I had you escorted out to the medical recreation yard so we could go over your grievance. During our exchange Deputy Sosa was present and we communicated via writing.

After going over our exchange, I have found that the issues regarding the sworn side is mainly about communication. You informed me, you had issues communicating with staff and you were frustrated with the use speed, functionality, and availability of the TTY phone.

Regarding your communication with sworn staff, I will be communicating with my peers that we as a team need to ensure when we communicate with you, we do it in writing as much as possible so both parties involved understand. Also, I understand you think the deputies might be acting rude when they attempt to talk to you wearing masks, this is not true. Due to COVID and the county regulation deputies are required to wear face mask while in the facility. Face masks have become part of our lives over the last year and all people sometimes forget that wearing a face mask can impact communication between individuals. It will be recommended if deputies need to speak to you urgently, they drop their mask so you can read their lips. This can be done in exigent circumstances or when we are able to create a safe environment to do so.

In reply to your complaint about accessibility and function of the TTY phone. I will also communicate with my peers that we need to ensure we are giving you the ability to utilize the TTY phone. I spoke to my staff regarding the TTY phone and if it is properly functioning. I was informed that the TTY phone is properly functioning. I will ask you to be flexible as well and understand due to incidents that happen in the facility sometimes, we may not be able to get you the phone right when you ask. It will be passed on that we need to get you the TTY phone in a timely manner sometime after.

(See Page Two)

| Staff Name / ARJIS (print) | Boorman 4594 | Inmate Name (print) | Josue Lopez |
|---|---|---|---|
| Signature | Boorman <small>Digitally signed by Boorman Date: 2021.05.07 08:27:34 -07'00'</small> | Signature | Josue Lopez |
| Facility/Unit | GBDF | Facility | GBDF |
| JIMS Grievance # | 214000526 | Booking # | 19763409 |
| Date | 5/7/2021 | Date | 5/7/21 |

J-10  03/2021

EXHIBIT G

# SAN DIEGO SHERIFF'S DEPARTMENT

## Incident Report

**Incident #:** 214043678

**Incident Dt/Tm:** 11-17-2021 0717

**Incident Type Code:** ISR    INMATE STATUS REPORT

---

**Participants**

| Name (L,F,M,S) | JIM/Book # | Facility | Area | HU | Cell | Bed | Inv |
|---|---|---|---|---|---|---|---|
| SMITH, DAVID F. III | 400484468 / 21119612 | 0 | | | | | O |

**Incident Occurred:**

**Fac:** 3          **Area:** P          **HU:**

**Location:** Intake Holding Cell

**Officer:** AFARHASH, FARHA          **Submitted Dt/Tm:** 11-17-2021 0731

**Update By:** JSEAVESH, SEAVELLO          **Update Dt/Tm:** 11-17-2021 1304

**Supervisor:** JSEAVESH, SEAVELLO          **Approval Dt/Tm:** 11-17-2021 1304

**Use of force?** N          **CS Violence?** N          **Inmate Violence?** N          **Contraband?** N

**Facility Damage?** N          **Disciplinary?** N          **Hearing Required?** N

**Action Taken:**                    **Approval Action:**

Med 7700 Nurse Notified
Sanches Class Dep Notified
Info/Medical ISR Complete

---

# SAN DIEGO SHERIFF'S DEPARTMENT

## Incident Report

**Incident Information:**

| | | | |
|---|---|---|---|
| **Entry Dt/Tm:** | 11-17-2021 0719 | **Entered By:** | AFARHASH,FARHA |
| **Update Dt/Tm:** | | **Updated By:** | , |
| **Approved Dt/Tm:** | 11-17-2021 1304 | **Approved By:** | JSEAVESH , SEAVELLO |

ORIGIN:

On 11/17/21, at approximately 0715 hours, I was working the Court Deputy
position at the George Bailey Detention Facility (GBDF). I observed Inmate
Smith, David BN 21119612, who is prescribed a Wheelchair (WCH), walking and
pacing in the Intake Holding Cell awaiting his transportation to a Clinic
appointment.

DEPUTY'S OBSERVATIONS AND ACTIONS:

Smith informed the transportation deputys and I that he refused to go to his
clinic in a wheelchair, that the wheelchair was no longer needed.
Transportation deputies proceeded with the escort without a wheelchair. I
notified GBDF Medical Staff 7700 and GBDF Classification of the Incident.

# EXHIBIT H
# (FILED UNDER SEAL)

EXHIBIT I

 # SAN DIEGO SHERIFF'S DEPARTMENT
# GRIEVANCE RESPONSE

Inmate Name: Dylan Lacroix

In regards to your grievance dated 1/18/2022, you stated you were scheduled for transfer out of facility and then removed from the transfer list but not until your property was already transfered out of facility. The George Bailey Detention Facility (GBDF) has been contacted in order to locate your property. As of now your property was not found at GBDF. Efforts have been made to locate your property here at San Diego Central Jail (SDCJ) as of now your property has not arrived back at SDCJ. Staff will continue to monitor for the return of your property back to SDCJ to return to you.

If your property is not located and returned to you within a week, upon your release from custody you have the option to file a claim through the San Diego Sheriff's Department web page.

| Staff Name / ARJIS (print) | Cpl Roman #3315 | Inmate Name (print) | Dylan Lacroix |
|---|---|---|---|
| Signature | Gerardo Roman Digitally signed by Gerardo Roman Date: 2022.01.24 15:28:04 -08'00' | Signature | |
| Facility/Unit | SDCJ | Facility | SDCJ |
| JIMS Grievance # | 224000104 | Booking # | 21138758 |
| Date | 1/24/2022 | Date | 1/24/2022 |

J-10   03/2021



# San Diego County
# SHERIFF'S DEPARTMENT

## INMATE GRIEVANCE/APPEAL OF DISCIPLINE
## *QUEJA/APELACION DE LA DISCIPLINA DE PRESO*

[X] SDCJ  [ ] GBDF  [ ] EMRF  [ ] LCDRF  [ ] SBDF  [ ] VDF  [ ] FAC8

**From:** Lacroix Dylan Rivers _____ 21138758 _____ 7-3 #6
*De:*   Name (Last, First, Middle)        Booking Number        Housing Unit
        *Nombre (Apellido, Primero, Segundo)*   *Número de ficha*    *Unidad de alojamiento*

Grievance is about:  [ ] Jail Procedures  [ ] Jail Conditions  [ ] Medical  [ ] PREA  [X] Other  Appeal #1
*La queja es acerca:*   *Procedimientos de*   *Condiciones de*   *Médico*   *Otro*  Hate Crime
                        *la Cárcel*          *la Cárcel*

Date and Time of Incident / *Fecha y hora del incidente:* __Ongoing__

Describe the reason for your grievance in your own words. Please be specific. (Use additional sheets if necessary)
*Describa la razón de su queja en sus propias palabras. Por favor sea específico. (Use hojas adicionales si es necesario)*

On (2-18-22) signed (ARJIS #4313) An prior Grievance stated that when I am
Madina cell #18 serves chow He & "only He throws me & my cell(ies) food on
oor cell floor. He has also sprayed us with unknown substance. Inmate Madina
is targeting us because we are "white" & transgender. Inmate Madina knows
that the cameras can view oor cell door due to the pillar. Why are the housing
Deputies allowing him to continue to pass out chow & continue to do this? My prior
Grievance was not answered, ignored. Do I need to file a I.A. Complaint.
Their are no other issues with any other inmate who serves. Allow I also need
to KS him 'cause last time he served he also opened my meal
and put some thing into it. Possibly being poisoned...

Inmate Signature / *Firma de Preso* _____  Date / *Fecha* 3-4-2022

---

| THIS BOX IS FOR OFFICIAL USE ONLY |
|---|
| *Esta caja es para el uso oficial solamente.* |

Received by: __MC__ _____ 3926 ____ 3/5/22 ____ 0135
          Signature of receiving staff member   ARJIS #   Date   Time

Entered in JIMS: _____ _____ _____
                  Date        Time       JIMS Grievance Number

If one of the following two conditions is alleged by the inmate, this grievance must be answered within 4 days:
[ ]  The inmate's health or safety is unfairly impacted by a condition of confinement
[ ]  A condition of confinement has prevented the inmate's effective communication/participation in a legal hearing.

[X] This submission is not a grievance:
[ ]  It is an appeal of discipline—JIMS Incident # _____  JIMS Appeal Hearing # _____
[ ]  It is a complaint against staff—JIMS Incident # _____  (Refer to Detentions P&P Section N.1)
[X]  It is an inmate request—respond in writing below. (No entry in JIMS, copy of response to booking jacket)

Response to Inmate Request: THIS IS A REQUEST TO NOT ALLOW ANOTHER INCARCERATED
PERSON IN THE MODULE TO DISTRIBUTE MEALS. DEPUTIES WILL DISTRIBUTE THE NEXT MEAL
AND THE ONCOMING TEAM WILL BE BRIEFED.

J-22 (Rev 1/15)   **Original goes to booking jacket**   **Copy goes to inmate after being signed by staff member**

# SAN DIEGO SHERIFFS DEPARTMENT

## Grievance Report

|  |  |
|---|---|
| **Grievance #:** | 214001433 |
| **Grievance Dt/Tm:** | 12-14-2021 2207 |

**Subject #1:** OTHR     **Subject #2:**     **Subject #3:**     **Subject #4:**

### Linked Inmates:

| JIM | Book # | Name | Fac | Area | Hu | Cell | Bed |
|---|---|---|---|---|---|---|---|
| 100005505 | 21138758 | LACROIX, DYLAN R | 1 | 7 | B | 06 | T |

### Grievance Occurred:

**Fac:** 1     **Area:** 7     **Hu:** B

**Location:** 7B06

### Summary:

Inmate Lacroix, Dylan Rivers, BN 21138758, is grieving that the video phone is not working and hasnt been working or repaired for months.

**Routed To:** Sgt. Cardoza                    **Action Dt/Tm:** 12-15-2021 2144

**Action Officer:** SGT. CARDOZA

### Action Taken:

This grievance was handled as an inmate request and a maintenance request was submitted to SDCJ administration.

**Appeal Filed Dt/Tm:** 00-00-0000 0000          **Appeal Returned Dt/Tm:** 00-00-0000 0000

**Investigator:**                              **Appeal Result Code:**

### Appeal Summary:

**Update By:** CARDOZA, CESAR SH3223          **Update Dt/Tm:** 12-15-2021 2146



# SAN DIEGO SHERIFF'S DEPARTMENT
# GRIEVANCE RESPONSE

Inmate Name: Dylan Lacroix

This grievance was handled as an inmate request and a maintenance request was submitted to SDCJ administration.

| Staff Name / ARJIS (print) | Cardoza #3223 | Inmate Name (print) | Dylan Lacroix |
|---|---|---|---|
| Signature | Cardoza *Digitally signed by Cardoza Date: 2021.04.29 10:24:48 -07'00'* | Signature | |
| Facility/Unit | SDCJ | Facility | SDCJ |
| JIMS Grievance # | 214001433 | Booking # | 21138758 |
| Date | 12/15/2021 | Date | |

J-10   03/2021

# EXHIBIT J





