Christopher T. Grohman, Atty. No. 254450 CA
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-4000
Email: cgrohman@taftlaw.com

James R. A. Dawson, Atty. No. 20086-49 IN
William P. Sweet, Atty. No. 36086-49 IN
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
Telephone: (317) 713-3500
Email: jdawson@taftlaw.com
       wsweet@taftlaw.com

Counsel for Defendant Mid America Health, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**DEFENDANT MID AMERICA HEALTH, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Anthony J. Battaglia<br>Magistrate Judge: Hon. William V. Gallo<br><br>**Per Magistrate Gallo's chambers, no hearing date required.** |

# TABLE OF CONTENTS

Introduction ........................................................................................................... 4

Statement Of Undisputed Material Facts ............................................................. 4

Legal Standard ...................................................................................................... 6

Argument ............................................................................................................... 7

    1.    The Federal equitable claims against MAH are moot and should be dismissed ................................................................................................. 7

    2.    The State equitable claims against MAH are moot and should be dismissed. .............................................................................................. 11

    3.    MAH did not voluntarily cease providing dental services in County facilities ................................................................................................. 12

Conclusion .......................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*ACLU of Mass. v. U.S. Conf. of Catholic Bishops*,
   705 F.3d 44 (1st Cir. 2013) ................................................................. 12, 13, 14, 15

*Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118 (9th Cir. 1997) ........... 15

*Bd. of Trs. of the Glazing Health & Welfare Tr. v. Chambers*,
   941 F.3d 1195 (9th Cir. 2019) ............................................................................. 13

*Calderon v. Moore*, 518 U.S. 149 (1996) ................................................................. 7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ......................................................... 6

*City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278 (2001) .................. 12

*Daily Journal Corp. v. Cty. of Los Angeles*, 92 Cal. Rptr. 3d 219
   (Cal. Ct. App. 2009) ............................................................................................ 11

*Deakins v. Monaghan*, 484 U.S. 193 (1988) ............................................................ 7

*Gabaldon v. United Farm Workers Organizing Committee*, 111 Cal. Rptr. 203
   (Cal. Ct. App. 1973) ............................................................................................ 11

*Giles v. Horn*, 123 Cal. Rptr. 2d 735 (Cal. Ct. App. 2002) .................................... 11

*Harper v. Wallingford*, 877 F.2d 728 (9th Cir. 1989) .............................................. 7

*Hewitt v. Helms*, 482 U.S. 755 (1987) ...................................................................... 9

*Horphag Rsrch. Ltd. v. Garcia*, 475 F.3d 1029 (9th Cir. 2007) ............................... 7

*Jomicra, Inc. v. Cal. Mobile Home Dealers Ass'n*, 90 Cal. Rptr. 696
  (Cal. Ct. App. 1970) .................................................................................. 12
*M.W. v. U.S. Dep't of the Army*, No. 16-CV-04051-LHK,
  2017 U.S. Dist. LEXIS 227694 (N.D. Cal. Dec. 15, 2017) ............................. 8, 13
*McNeil v. Cmty. Prob. Servs., LLC*, No. 1:18-cv-00033,
  2021 U.S. Dist. LEXIS 20152 (M.D. Tenn. Feb. 3, 2021) .................................. 13
*O'Neal v. City of Seattle*, 66 F.3d 1064 (9th Cir. 1995) (cleaned up) ...................... 8
*Rodriguez v. Providence Cmty. Corr., Inc.*, 191 F. Supp. 3d 758
  (M.D. Tenn. 2016) ..................................................................................... 13
*Rosebrock v. Mathis*, 745 F.3d 963 (9th Cir. 2014) ........................................ 12, 13
*Ruiz v. City of Santa Maria*, 160 F.3d 543 (9th Cir. 1998) .................................... 8
*S. Cal. Painters & Allied Trades v. Rodin & Co.*, 558 F.3d 1028 (9th Cir. 2009) .... 9
*Scherer v. Simco Fin. Servs.*, No. CV 19-4077 AS,
  2021 U.S. Dist. LEXIS 128506 (C.D. Cal. July 9, 2021) ..................................... 8
*Seven Words LLC v. Network Sols.*, 260 F.3d 1089 (9th Cir. 2001) ........................ 9
*Shaver v. Runnels*, No. CIV S-05-0150 FCD GGH P,
  2006 U.S. Dist. LEXIS 57830 (E.D. Cal. Aug. 16, 2006) .................................... 8
*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998) .................................. 11
*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ............................................. 8
*Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1037 (9th Cir. 2006) ........................ 8

**Rules**

Fed. R. Civ. P. 56(a) .................................................................................................. 6

## INTRODUCTION

Plaintiffs' claims at issue in this litigation seek only prospective relief, but Mid America Health, Inc. ("MAH") no longer provides dental services at the County of San Diego (the "County") facilities. MAH provided dental services at the County facilities pursuant to a contract with the County that was set to expire on June 30, 2022 by its terms. However, the County chose to exercise its option to terminate a month early. Therefore, as of June 1, 2022, MAH is no longer affiliated with, and provides no services of any kind whatsoever at, the County jails and detention centers. Thus, if Plaintiffs were to be successful in their claims against MAH and obtain their requested injunctive and declaratory relief (their only claims), the relief would amount to nothing more than an impermissible advisory opinion with respect to MAH, which is not in a position to change anything in facilities in which it no longer operates. Put another way, there is no alleged present harm left to enjoin.

Nor did MAH voluntarily cease the complained-of behavior in order to avoid the requested relief. MAH's contract with the County was set to expire by its terms on June 30, 2022, and the County (not MAH) elected to terminate it a month early in order to facilitate the transition to its new chosen contractor.

Thus, there are no issues of disputed fact, and the law is clear that under these circumstances, the claims against MAH are moot. As such, summary judgment should be granted in favor of MAH.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      MAH is a dental practice management company headquartered in Indiana. [Ex. 1, ¶ 3 (Declaration of Marci Guevara).]

2.      In December 2016, MAH and the County entered into Contract Number 55204 ("Contract 55204") [Exhibit 1-A], in which MAH agreed to provide dental services to inmates at the County jails and detention facilities. [Ex.

1, ¶ 5 (Declaration of Marci Guevara); Exhibit 1-A (Contract 55024), Ex. A thereto, §§ 3, 5, 6.]

3. Contract 55204 had an effective date of January 1, 2017, and was set to expire on December 31, 2017, if not extended. [Ex. 1, ¶ 7 (Declaration of Marci Guevara); Exhibit 1-A (Contract 55024), p. 19.]

4. The County had the option to extend the Contract four times, for one year each, for a total of four years—until December 31, 2021. [Ex. 1, ¶ 8 (Declaration of Marci Guevara), Exhibit 1-A (Contract 55024), p. 19.]

5. The County exercised the option for each of the four years. [Ex. 1, ¶ 9 (Declaration of Marci Guevara).]

6. On April 5, 2021, the County issued a Request for Proposal for a comprehensive medical contract that would include dental services. [Ex. 1, ¶ 10 (Declaration of Marci Guevara), Exhibit 1-B (Request for Proposal).]

7. Once the County hired a vendor under that Request for Proposal, MAH's dental services would no longer be needed. [Ex. 1, ¶ 12 (Declaration of Marci Guevara).]

8. On July 17, 2021, the County published on its procurement website a Notice of Intent to Award the contract to NaphCare, a comprehensive medical provider. [Ex. 1, ¶ 13 (Declaration of Marci Guevara), Exhibit 1-C (NaphCare Notice).]

9. However, for reasons unknown to MAH, the NaphCare contract was put on hold. [Ex. 1, ¶ 15 (Declaration of Marci Guevara).]

10. As a result, in November 2021, the County and MAH executed an Amendment to Contract 55204 (the "Amendment"). [Ex. 1, ¶ 16 (Declaration of Marci Guevara); Exhibit 1-D (Amendment).]

11. Pursuant to the Amendment, MAH agreed to provide dental services for an additional six months from January 1, 2022, to June 30, 2022. [Ex. 1, ¶ 16 (Declaration of Marci Guevara); Exhibit 1-D (Amendment).]

12. Section 7.5 of the Contract gave the County the right to terminate the Contract "for convenience." (Exhibit 1-A (Contract), § 7.5.)

13. Under that provision, the County "may, by written notice stating the extent and effective date terminate this Agreement for convenience in whole or in part, at any time." (Exhibit 1-A (Contract), § 7.5.)

14. On May 17, 2022, the County notified MAH that it was exercising its option to terminate the Contract for convenience and informed MAH that the Contract would be terminated effective May 31, 2022. [Ex. 1, ¶ 19 (Declaration of Marci Guevara); Exhibit 1-E (Termination Notice).]

15. The County exercised its right to terminate the Contract for convenience because NaphCare was in place and ready to assume performance of its contract as of June 1, 2022. [Ex. 1, ¶ 21 (Declaration of Marci Guevara); *see also* ECF No. 142, p. 3 (The County is "currently working overtime to transition their sub-contractors to Naphcare, Inc., which occurs on June 1, 2022".).]

16. Thus, after May 31, 2022, MAH will no longer be providing dental services (or any services) in any of the County jail or detention facilities. [Ex. 1, ¶ 22 (Declaration of Marci Guevara).]

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 mandates the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant bears the initial burden to demonstrate the absence of any genuine issue of material fact. *E.g., Horphag Rsrch. Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007).

Once the movant meets that burden, the burden then shifts to the non-movant "to set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial." *Id.* (cleaned up). "A non-moving party who bears the burden of proof at trial to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment." *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989). Therefore, "mere disagreement or the bald assertion that a genuine issue of material fact exists no longer precludes the use of summary judgment." *Id.*

## ARGUMENT

The Contract, which would have expired by its own terms at the end of June 2022, was terminated 30 days early by the County. Thus, MAH is no longer providing dental services in any County facilities—there is no present harm left to enjoin. As the Plaintiffs are seeking only prospective injunctive and declaratory relief, their claims against MAH are moot and should be dismissed.

**1. The Federal equitable claims against MAH are moot and should be dismissed.**

Article III of the United States Constitution "limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). To that end, "[f]ederal courts may not give opinions upon moot questions or abstract propositions[.]" *Calderon v. Moore*, 518 U.S. 149, 150 (1996) (cleaned up). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Scherer v. Simco Fin. Servs.*, No. CV 19-4077 AS, 2021 U.S. Dist. LEXIS 128506,

*3 (C.D. Cal. July 9, 2021) (cleaned up). The mootness doctrine "require[s] courts to look to changing circumstances that arise after the complaint is filed." *M.W. v. U.S. Dep't of the Army*, No. 16-CV-04051-LHK, 2017 U.S. Dist. LEXIS 227694, *13 (N.D. Cal. Dec. 15, 2017) (cleaned up). The "requisite personal interest that must exist at the commencement of the litigation (standing) *must continue throughout its existence* (mootness)." *O'Neal v. City of Seattle*, 66 F.3d 1064, 1066 (9th Cir. 1995) (cleaned up) (emphasis added).

A claim for injunctive relief "remains live only so long as there is some present harm left to enjoin." *Scherer*, 2021 U.S. Dist. LEXIS 128506, *4–5 (cleaned up) (ordering plaintiff to show cause why ADA claim for injunctive relief should not be dismissed as moot where the store alleged to be in violation of the ADA had closed). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief…if unaccompanied by any continuing, present adverse effects." *O'Neal*, 66 F.3d at 1066 (cleaned up).

Thus, a claim for injunctive relief becomes moot once subsequent events have made clear the challenged conduct "could not reasonably be expected to recur." *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998) (cleaned up). In other words, a plaintiff who cannot reasonably be expected to benefit from prospective relief ordered against the defendant has no claim for an injunction. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 364–65 (2011) (finding plaintiffs whose employment ended after an action was filed had no claim for injunctive relief against their former employer concerning its employment practices); *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (finding plaintiff requesting an injunction requiring her former employer to adopt and enforce lawful policies "lacked standing to sue for injunctive relief from which she would not likely benefit"); *Shaver v. Runnels*, No. CIV S-05-0150 FCD GGH P, 2006 U.S. Dist. LEXIS 57830, *7–8 (E.D. Cal. Aug. 16, 2006) ("When an inmate seeks

injunctive relief concerning an institution at which he is no longer incarcerated, his claims for such relief become moot.").

There are similar mootness requirements for claims seeking declaratory relief. "A case or controversy exists justifying declaratory relief only when the challenged activity is not contingent, has not evaporated or disappeared, and, by its continuing and brooding presence, casts what may well be a substantial adverse effect on the interests of the parties." *Seven Words LLC v. Network Sols.*, 260 F.3d 1089, 1098–99 (9th Cir. 2001) (cleaned up) ("Although the constitutional issues are interesting and difficult, we decline to issue an advisory opinion."); *see also Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (What makes a declaratory judgment "a proper judicial resolution of a 'case or controversy' rather than an advisory opinion…is in the settling of some dispute which affects the behavior of the defendant towards the plaintiff.") (emphasis original). Put another way, "the central question is whether changes in the circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *S. Cal. Painters & Allied Trades v. Rodin & Co.*, 558 F.3d 1028, 1035 (9th Cir. 2009) (cleaned up) ("There is no basis for awarding declaratory relief on an expired agreement.").

Here, Plaintiffs seek only injunctive and declaratory relief, but MAH is no longer providing dental services to County facilities. Therefore, no decision by the Court could possibly affect the behavior of MAH towards the Plaintiffs. The Plaintiffs name MAH as a defendant in five of their fifteen causes of action. (ECF No. 81, pp. 192–208.) Specifically, MAH is named in the following claims:

- First Cause of Action, Violation of the Eighth Amendment under Section 1983;
- Second Cause of Action, Violation of the Fourteenth Amendment under Section 1983;

- Third Cause of Action, Violation of Article 1, Section 7 of the California Constitution;

- Fourth Cause of Action, Violation of Article 1, Section 17 of the California Constitution; and

- Eighth Cause of Action, Violation of the Unruh Civil Rights Act.

The Plaintiffs' Prayer for Relief on all counts is wholly prospective, seeking only declaratory and injunctive relief. Specifically, they seek only the following relief:

- An order certifying that the action may be maintained as a class action.[1]

- A declaratory judgment that the acts described in the Complaint violate the Plaintiffs' state and federal constitutional rights as well as certain statutory rights.

- An order requiring the Defendants to take specific actions related to the conditions of the inmates' confinement.

- An order enjoining the Defendants from continuing to commit the acts described in the Complaint.

- An order requiring the Defendants to develop and implement a plan to eliminate substantial risk of the alleged harm, discrimination, and statutory violations described in the Complaint. In relevant part, the Plaintiffs ask that the plan "[e]nsure timely access to dental care to treat the serious dental needs of the Jail population." (ECF No. 81, p. 211.)

- An order retaining jurisdiction until the Defendants have complied with the orders issued by the Court.

- An award to Plaintiffs of costs, expenses, and attorneys' fees.

---

[1] MAH filed its *Response To Plaintiffs' Motions For Preliminary Injunction And Provisional Class Certification* on May 31, 2022, noting that Plaintiffs' class action and preliminary injunction claims and motions are not addressed towards, and do not concern, MAH whatsoever.

(*Id.*, pp. 208–13.) Plaintiffs do not request damages of any kind. (*Id.*)

As of today, June 1, 2022, MAH no longer has a contract with the County and no longer provides dental services, or services of any kind, for the County's jails and detention centers. As such, Plaintiffs cannot reasonably be expected to benefit from injunctive or declaratory relief against MAH, nor could any plan moving forward require that MAH take any action.

It should also be noted that Plaintiffs' request for attorney fees and legal costs do not salvage their claims' mootness. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998) (An interest in attorney fees is "insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim.") (cleaned up). Therefore, the claims against MAH are moot and summary judgment should be granted in its favor.

**2. The State equitable claims against MAH are moot and should be dismissed.**

Nor is that outcome limited to the federal claims, as the state-law-based claims also seek only prospective (injunctive and declaratory) relief, which cannot be obtained against MAH. *See, e.g., Daily Journal Corp. v. Cty. of Los Angeles*, 92 Cal. Rptr. 3d 219, 224 (Cal. Ct. App. 2009) ("We will not render opinions on moot questions or abstract propositions, or declare principles of law which cannot affect the matter at issue on appeal. This rule has regularly been applied when injunctive relief is sought but…the act sought to be enjoined has been performed."); *Giles v. Horn*, 123 Cal. Rptr. 2d 735, 751–53 (Cal. Ct. App. 2002) (action was brought alleging county's hiring of private contractors under state welfare-to-work program violated state and federal law; after county contracts were fully performed and expired, claims seeking injunctive relief were moot); *Gabaldon v. United Farm Workers Organizing Committee*, 111 Cal. Rptr. 203, 205 (Cal. Ct. App. 1973) (expiration of collective bargaining agreement, which was the subject of injunctive

and declaratory relief claims, during the litigation "has rendered the cause moot as to the declaratory and injunctive relief prayed for because no effectual relief could be granted"); *Jomicra, Inc. v. Cal. Mobile Home Dealers Ass'n*, 90 Cal. Rptr. 696, 698–99 (Cal. Ct. App. 1970) (dismissing claim for injunctive relief related to contract that had been terminated).

MAH's contract has ended. Moving forward, it is no longer providing dental services in County jails or detention facilities. As such, MAH cannot be ordered to play a role in any forward-looking remedy—which is the only type of remedy Plaintiffs are seeking. Because the Court cannot offer Plaintiffs any relief regarding MAH prospectively, all the claims against MAH are moot and should be dismissed.

### 3. MAH did not voluntarily cease providing dental services in County facilities.

As a general rule, the "voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (cleaned up). The voluntary cessation doctrine "traces to the principle that a party should not be able to evade judicial review, or to defeat a judgment, by temporarily altering questionable behavior." *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 284 n.1 (2001). "This is to avoid a manipulative litigant immunizing itself from suit indefinitely, altering its behavior long enough to secure a dismissal and then reinstating it immediately after." *ACLU of Mass. v. U.S. Conf. of Catholic Bishops*, 705 F.3d 44, 54–55 (1st Cir. 2013).

Here, Contract 55204 (as amended) was set to expire by its own terms on June 30, 2022. The County—not MAH—chose to terminate the Contract a month ahead of time. (Ex. 5.) In other words, MAH did not voluntarily end or manipulate

anything; the County informed MAH that its services were no longer needed. Nor is there a shred of evidence that MAH is acting with bad faith, intending to reinstate dental services following dismissal (or that it would be able to do so even if it had the intention). *See M.W.*, 2017 U.S. Dist. LEXIS 227694, *17 ("Plaintiffs point to nothing indicating that the New Policy was adopted in bad faith"); *cf. McNeil v. Cmty. Prob. Servs., LLC*, No. 1:18-cv-00033, 2021 U.S. Dist. LEXIS 20152, *20 (M.D. Tenn. Feb. 3, 2021) (claim not moot based on contract termination where the "timing of the contract termination and the lack of explanation suggest the contract was terminated because of this litigation."). Under these circumstances, the voluntary cessation doctrine does not apply at all.

But even if the doctrine applies, the mootness standard, albeit stringent, is met. "[V]oluntary cessation can yield mootness if a 'stringent' standard is met: A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Rosebrock*, 745 F.3d at 971 (cleaned up). Changes in statutes, regulations, and government policy (under certain circumstances) meet that stringent standard. *See, e.g., id.* at 971–74 (finding that change to government policy reflected in an email met the burden of establishing mootness); *Bd. of Trs. of the Glazing Health & Welfare Tr. v. Chambers*, 941 F.3d 1195, 1199 (9th Cir. 2019) ("we should presume that the repeal, amendment, or expiration of legislation will render an action challenging the legislation moot"); *M.W.*, 2017 U.S. Dist. LEXIS 227694, *16 ("The government satisfies this burden when it changes or repeals the regulation at issue."). Those types of changes assuage the concern that the government may be engaged in "gamesmanship." *Rosebrock*, 745 F.3d at 973.

The expiration of a contract can also meet the stringent standard under certain circumstances. *See ACLU of Mass.*, 705 F.3d at 54–46; *Rodriguez v. Providence Cmty. Corr., Inc.*, 191 F. Supp. 3d 758, 770–72 (M.D. Tenn. 2016)

13

DEFENDANT MID AMERICA HEALTH, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

(claims seeking injunctive and declaratory relief regarding unconstitutionality of County's outsourcing of probation to private for-profit corporation were moot where the contract had expired and there was no evidence indicating that the private for-profit entity was "likely to return to engage in the same conduct").

In *ACLU of Massachusetts*, the ACLU filed a lawsuit alleging that the Department of Health and Human Services ("HHS") violated the First Amendment by contracting with the defendant religious group ("USCCB"). 753 F.3d at 48–49. The ACLU sought only declaratory relief. As in the instant case, HHS exercised four one-year contract extension options and then a final six-month extension for its contract with USCCB. *Id.* at 50. The HHS-USCCB contract expired while the litigation was ongoing and HHS awarded new 36-month grants to 3 different organizations, not including USCCB. *Id.* at 51.

The First Circuit found that the case was moot: "Once a contract has expired, and the obligations between its signatories have ended, and if no damages are sought, the parties usually do not have a legally cognizable interest in the case's outcome." *Id.* at 53. Importantly, the "voluntary cessation doctrine does not apply when the voluntary cessation of the challenged activity occurs because of reasons unrelated to the litigation." *Id.* at 55 (cleaned up). The Court noted that circuit courts "have routinely held that the voluntary cessation exception is not invoked when the challenged conduct ends because of an event that was scheduled before the initiation of the litigation, and is not brought about or hastened by any action of the defendant." *Id.*

Here, as in *ACLU of Massachusetts*, the termination (or, if the County had waited one more month, the natural expiration) of Contract 55204 was unrelated to this litigation. The expiration was scheduled before MAH was added to the litigation in February 2022; it was related to the County's desire for a comprehensive medical provider, not to the litigation; and MAH took no action

that brought about or hastened the termination or expiration of the contract. Under these circumstances, the voluntary cessation doctrine does not apply.

There is a second exception to the mootness doctrine for conduct "capable of repetition, yet evading review." *ACLU of Mass.*, 705 F.3d at 56 (cleaned up). But this exception only applies where the plaintiff can show that "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Id.* at 57 (cleaned up).

Here, as in *ACLU*, Contract 55204 was in place for five and a half years—more than enough time to litigate the case. *See id.* at 57 ("five and a half years [is] more than enough time to litigate the case"); *see also Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123–24 (9th Cir. 1997) (finding challenge to superseded policy was moot where prior policy had been in place for four years and did not have a duration too short to be fully litigated prior to its cessation). And here, as in *ACLU*, Contract 55204 expired and the County has contracted with a new entity that will cover all dental services; therefore, the MAH contract is not "capable of repetition." *ACLU of Mass.*, 705 F.3d at 56.

## CONCLUSION

The claims against MAH are moot. Therefore, summary judgment should be granted in favor of MAH on all counts against it.

DATED: June 1, 2022

Respectfully submitted,
TAFT STETTINIUS & HOLLISTER LLP

By: */s/ James R. A. Dawson*
James R. A. Dawson

73764435v1