UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: 20-cv-00406-AJB-WVG<br><br>**ORDER ON PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL (Doc. No. 121)** |

Before the Court is Plaintiffs' motion to file documents under seal. (Doc. No. 121.) Plaintiffs wish to seal certain exhibits offered in support of their motions for preliminary injunction and provisional class certification. (*Id.* at 2.) There is no opposition to Plaintiffs' motion to seal. Pursuant to Civil Local Rule 7.1.d.1, the Court finds this motion suitable

1

for determination on the papers and without oral argument. For the reasons set forth below, the Court **DENIES** Plaintiffs' motion.

## I.   LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). The court must consider these interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (internal quotations omitted).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite,

1  promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*,
2  447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the
3  production of records may lead to a litigant's embarrassment, incrimination, or exposure
4  to further litigation will not, without more, compel the court to seal its records." *Id.* (citing
5  *Foltz*, 331 F.3d at 1136).

## II.  DISCUSSION

Here, Plaintiffs seek to file under seal certain medical records of incarcerated individuals. Because the Plaintiffs' motions for preliminary injunction and provisional class certification are more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant the ex parte motion to seal. *See Ctr. for Auto Safety*, 809 F.3d at 1099–1102; *see also Al Otro Lado, Inc. v. McAleenan*, Case No. 17-cv-02366-BAS-KSC, 2019 WL 6220898 (S.D. Cal. Nov. 21, 2019) (finding motions for preliminary injunction and class certification to be more than tangentially related to merits of the case).

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason" for sealing records. *See, e.g.*, *San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *n.1 (N.D. Cal. Jan. 10, 2011). However, while the Court recognizes that medical privacy is a compelling reason to warrant sealing, the Court also recognizes that the presumptive public right of access addressed in *Kamakana* requires redaction of only those portions of the motions which warrant sealing. *See Bovier v. Bridgepoint Education/Ashford Univ.*, Case No.: 3:17-cv-01052-GPC-JMA, 2018 WL 11411260, at *2 (S.D. Cal. June 27, 2018). The "compelling reasons" rule requires the parties to "narrowly tailor[] their request to redact only the portions of the filings and the precise exhibits" that are deemed confidential. *See In Re Qualcomm Litigation*, No. 17-cv-108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal, Nov. 8, 2017).

Here, to a certain extent, Plaintiffs have put their medical history at issue in this case. Of course, even where a plaintiff has put their medical history at issue, "that does not mean

that the entirety of [their] medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public." *Carmichael v. Aranas*, Case No. 3:17-cv-00025-MMD-WGC, 2017 WL 955183, at *2 (D. Nev. Mar. 10, 2017). However, the Court finds large portions of the exhibits that Plaintiffs wish to seal are not sealable because Plaintiffs have put certain conditions, communications, and custody staff practices at issue. Moreover, Plaintiffs do not provide the Court with redacted versions of the exhibits showing which portions of the exhibits they believe are sealable. Accordingly, the Court **DIRECTS** Plaintiffs to file redacted versions of these documents that are "narrowly tailored" and redact only the portions of the precise exhibits that present unrelated confidential medical information.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' ex parte motion to seal. (Doc. No. 121.) Plaintiffs may re-file the motion and respond to the Court's concerns that Plaintiffs have placed certain portions of the exhibits at issue. Plaintiffs must provide compelling reasons to seal the documents and must attach redacted versions of the exhibits with only the sealable material redacted.

In the meantime, the Court instructs the Clerk to temporarily place the exhibits (Doc. No. 122) on restricted access.

**IT IS SO ORDERED.**

Dated: June 6, 2022

Hon. Anthony J. Battaglia
United States District Judge