Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101-8474
Tel: 619.814.5800    Fax: 619.814.6799

Attorneys for Defendant
COUNTY OF SAN DIEGO (also erroneously sued herein as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, and SAN DIEGO COUNTY PROBATION DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>***EX PARTE* APPLICATION FOR AN ORDER GRANTING DEFENDANT LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTIONS FOR PRELIMINARY INUUCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>*(Declaration of Susan E. Coleman filed concurrently herewith)*<br><br>Judge: Hon. Anthony J. Battaglia |

Defendant COUNTY OF SAN DIEGO (also erroneously sued herein as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT), hereby applies *ex* parte for an order granting

Defendant leave to file a sur-reply brief in response to the new evidence set forth in plaintiffs' reply in support of their motions for preliminary injunction and provisional class certification; in the alternative, this Court should strike the new evidence submitted and consider only the reply brief itself. (*See* Coleman Decl.)

The Evidence submitted by Plaintiffs with their Reply includes:

- Reply Declaration of Van Swearingen In Support Of Plaintiffs' Motions [Doc. 162-2], attaching Exhibits A - CC (29 Exhibits)
- Request for Judicial Notice [Doc. 162-1]
- Reply Declaration of expert James Austin [Doc. 162-3]
- Reply Declaration of expert Pablo Stewart, M.D. [Doc. 162-4]
- Reply Declaration of expert Robert L. Cohen [Doc. 162-5]
- Reply Declaration of expert Syroun Sanossian [Doc. 162-6]
- Reply Declaration of Justin Christiansen [Doc. 162-7]
- Reply Declaration of Joseph Lewis [Doc. 162-8]
- Reply Declaration of Darcell Moore [Doc. 162-9]
- Reply Declaration of Frank Ross [Doc. 162-10]
- Reply Declaration of Gustavo Sepulveda [Doc. 162-11]
- Reply Declaration of Valery Tozer [Doc. 162-12]
- Reply Declaration of Chad Tucker [Doc. 162-13]
- Reply Declaration of Laura Zoerner [Doc. 162-14]

Plaintiffs also filed a Motion to File Documents Under Seal, which are medical records Plaintiffs are seeking to add to their submission on Reply "to demonstrate the harm to which incarcerated people have been wrongfully subjected at the Jail" (*i.e.* information that could have been submitted with the Motion along with the 8 prisoner declarations they file with their reply). [Doc. 164, p. 3]

In sum, Plaintiffs submitted 8 new inmate declarations, 4 new expert declarations (Austin, Stewart, Cohen, and Sanossian), approximately 200 pages of exhibits with Plaintiffs' counsel's declaration, a request for judicial notice, and a

1  motion to seal additional medical records.

2  Plaintiffs' new evidence submitted with their Reply brief should have been
3  submitted with their moving papers and it improperly leaves Defendant without an
4  opportunity for Defendant to respond, is improper and prejudicial.  "It is improper
5  for a moving party to introduce new facts or different legal arguments in the reply
6  brief than those presented in the moving papers." *United States ex rel. Giles v.*
7  *Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000).  "Where new evidence is
8  presented in a reply ... the district court should not consider the new evidence
9  without giving the non-movant an opportunity to respond."  *Provenz v. Miller*, 102
10  F.3d 1478, 1483 (9th Cir. 1996) (alteration and citation omitted).

11  Reply briefs are only intended to respond to arguments and evidence raised
12  in the opposition, not to raise new arguments or to introduce new evidence.
13  *Schwartz v. Upper Deck Co*., 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("It is well
14  accepted that raising of new issues and submission of new facts in a reply brief is
15  improper." (internal quotations and alterations omitted)).  When new evidence or
16  arguments are raised in a reply, the district court should either strike the new
17  evidence and arguments, or permit the non-moving party an opportunity to respond.
18  *Provenz*, 102 F.3d at 1483.  The new materials are not simply rebuttal evidence, but
19  consist of information and arguments that should have been disclosed in Plaintiffs'
20  motion.  For example, Plaintiffs provide declarations of additional inmate witnesses
21  on the same topics raises in their initial motion, and one declaration from named
22  Plaintiff (Zoerner); these could have been submitted with their Opposition.
23  Additionally, Plaintiffs proffer new opinions from their expert witnesses, who after
24  having read Defendant's papers, disagree and explain why.  This is prejudicial and
25  inequitable to allow multiple "bites at the apple" to present evidence.  Moreover,
26  the attempt to submit hundreds of additional pages of evidence *on reply*
27  demonstrates why Plaintiffs' demand for multiple (vague and overbroad) court-
28  ordered injunctions at this early stage of the case based on briefing without the

1  discovery process is unfair and prejudicial.

2      For these reasons, Defendant respectfully requests that the Court allow it to respond to Plaintiffs' new arguments and evidence within 7 court days of the Court order granting such request. In the alternative, Defendant requests that Plaintiffs' new evidence be stricken and only the actual reply brief itself be considered.

Dated: June 9, 2022               BURKE, WILLIAMS & SORENSEN, LLP


By: /s/ *Susan E. Coleman*
    Susan E. Coleman

Attorneys for Defendant
COUNTY OF SAN DIEGO (also erroneously sued herein as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, and SAN DIEGO COUNTY PROBATION DEPARTMENT)