GAY CROSTHWAIT GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
2001 Addison Street, Suite 300
Berkeley, California 94704-1165
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
Email: ajf@aaronfischerlaw.com

(*additional counsel on following page*)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**REQUEST FOR JUDICIAL NOTICE**<br><br>Judge: Hon. Anthony J. Battaglia<br>Mag. Judge: Hon. William V. Gallo<br><br>NO HEARING DATE PER DKT. 138 |

(*counsel continued from preceding page*)

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
Email: christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

BARDIS VAKILI – 247783
JONATHAN MARKOVITZ – 301767
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
2760 Fifth Avenue, Suite 300
San Diego, California 92103-6330
Telephone: (619) 232-2121
Email: bvakili@aclu-sdic.org
jmarkovitz@aclu-sdic.org

Attorneys for Plaintiffs

[3923312.1]

Case No. 3:20-cv-00406-AJB-WVG
PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

Plaintiffs Darryl Dunsmore, Ernest Archuleta, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, and Laura Zoerner ("Plaintiffs") hereby request that the Court, under the incorporation-by-reference doctrine, take judicial notice of the following document in support of Plaintiffs' Opposition to Defendant Correctional Healthcare Partners, Inc.'s Motion to Dismiss the Second Amended Complaint:

## DOCUMENT LIST

1. San Diego County Contract Number 563402, Agreement with Correctional Healthcare Partners for On-Site Physicians and Specialty Care Services for Inmates in Sheriff's Custody in Sheriff's Detention Facilities, executed on September 23, 2020 (the "Contract"). A true a correct copy of the Contract is attached as **Exhibit A** to the Declaration of Van Swearingen in Support of Plaintiffs' Request for Judicial Notice.

## BASIS FOR JUDICIAL NOTICE

On a motion to dismiss, a court may consider "documents attached to the complaint" or "incorporated by reference in the complaint" "without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under the incorporation-by-reference doctrine, documents that are "refer[red]" to "extensively" in the complaint or that "form[] the basis of the plaintiff's claim" may be considered "as though they are part of the complaint itself. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see also Habelt v. iRhythm Techs., Inc.*, 2022 WL971580, at*5 (N.D. Cal. Mar. 31, 2022) ("A single reference to a document in a complaint can be enough for the document to be incorporated if the reference is 'relatively lengthy.'" (quoting *Khoja*, 899 F.3d at 1003)). Where the plaintiff's claim "necessarily depend[s]" on certain documents, it is "proper to incorporate them." *Khoja*, 899 F.3d at 1002.

The Court should consider the Contract under the incorporation-by-reference doctrine because it is repeatedly referred to in Plaintiffs' Second Amended

Complaint, *see* Dkt. 81 at ¶ 31, and Defendant Correctional Healthcare Partners, Inc.'s Motion to Dismiss, *see* Dkt. 134-1. Defendant Correctional Healthcare Partners, Inc. also has requested judicial notice of the same document. *See* Dkt. 135. In addition, Plaintiffs' claims against Defendant Correctional Healthcare Partners, Inc. relating to inadequate medical care depend on the County Defendants' instructions and authorizations—contained in the Contract—to provide medical staffing and services to people incarcerated in the Jail.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court consider the Contract under the incorporation-by-reference doctrine when ruling on Defendant Correctional Healthcare Partners, Inc.'s Motion to Dismiss the Second Amended Complaint.

DATED: June 10, 2022          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
      Van Swearingen

Attorneys for Plaintiffs