GAY CROSTHWAIT GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
2001 Addison Street, Suite 300
Berkeley, California 94704-1165
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
Email: ajf@aaronfischerlaw.com

(*additional counsel on following page*)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF SAN DIEGO'S EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge: Hon. Anthony J. Battaglia<br>Mag. Judge: Hon. William V. Gallo |

[4102131.4]

Case No. 3:20-cv-00406-AJB-WVG

PLS.' OPPOSITION TO DEF. COUNTY OF SAN DIEGO'S EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PLS.' REPLY BRIEF ISO MOTS. FOR PRELIM. INJUNCTION & PROVISIONAL CLASS CERT.

(*counsel continued from preceding page*)

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California  92101-4297
Telephone:  (619) 699-2700
Facsimile:   (619) 699-2701
Email:        christopher.young@dlapiper.com
              isabella.neal@dlapiper.com
              oliver.kiefer@dlapiper.com

BARDIS VAKILI – 247783
JONATHAN MARKOVITZ – 301767
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
2760 Fifth Avenue, Suite 300
San Diego, California  92103-6330
Telephone:  (619) 232-2121
Email:        bvakili@aclu-sdic.org
              jmarkovitz@aclu-sdic.org

Attorneys for Plaintiffs

[4102131.4]

Case No. 3:20-cv-00406-AJB-WVG

PLS.' OPPOSITION TO DEF. COUNTY OF SAN DIEGO'S EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PLS.' REPLY BRIEF ISO MOTS. FOR PRELIM. INJUNCTION & PROVISIONAL CLASS CERT.

Contrary to the County's ex parte assertions (Dkt. 169), Plaintiffs' evidence included with their reply briefing is directly responsive to Defendants' opposition brief, and as such it is properly submitted and does not warrant a sur-reply from the County.  *See, e.g.*, *Skelton v. Care.com, Inc.*, No. 20-cv-02086-AJB-DEB, 2021 WL 5862447, at *3 n.1 (S.D. Cal. Aug. 17, 2021) (Battaglia, J.) (court may "consider new evidence presented on reply, particularly if the new evidence appears to be a reasonable response to the opposition") (internal quotation marks and citation omitted); *Terrell v. Contra Costa Cnty.*, 232 Fed. App'x 626, 628-29 & n.2 (9th Cir. 2007) (evidence submitted on reply to respond to "selected recitation of the facts" is "not 'new'"); *Berge v. Masanto*, No. 20-cv-00509-H-DEB, 2020 WL 12948070, at *3 n.2 (S.D. Cal. Sept. 22, 2020) (court may consider evidence in reply that is responsive to opposition); *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-cv-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (denying leave to file sur-reply, stating "evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief"); *Grace v. Apple, Inc.*, 328 F.R.D. 320, 351 (N.D. Cal. 2018) (court may consider reply evidence offered "in direct response" to issues raised in opposition); *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196-HSG, 2018 WL 4181896, at *7-8 (N.D. Cal. Aug. 31, 2018) (rebuttal evidence permissible on reply to respond to statements in opposition to class certification).  The County does not address this case law despite being provided with it prior to the filing of its Ex Parte Application.  Declaration of Van Swearingen ("Swearingen Decl."), ¶ 2 & Ex. A.

The County incorrectly asserts that "[t]he new materials are not simply rebuttal evidence, but consist of information and arguments that should have been disclosed in Plaintiffs' motion."  Ex Parte Application at 3.  But the County's Ex Parte Application does not identify with specificity how any of Plaintiffs' reply evidence is not responsive to its Opposition.  *Id.*  In fact, all of Plaintiffs' reply evidence responds directly to arguments and evidence filed by Defendants in their

Opposition papers.

**_Expert Reply Declarations._**  Plaintiffs' expert reply declarations respond directly to arguments and evidence in Defendants' Opposition.  For example, every substantive paragraph of the Reply Declaration of Syroun Sanossian explains why the arguments and evidence included in Defendants' Opposition does not change the views expressed in her moving declaration.  *E.g.*, Sanossian Reply Decl. (Dkt. 162-2) at ¶ 6 ("Defendants' pleadings do not change my opinion …."), ¶ 7 ("It remains my opinion that …. None of Defendants' pleadings respond to …."), ¶ 8 ("Consistent with my original declaration, Mr. Bennett's declaration [submitted by Defendants] admits …."); *see also, e.g.*, Stewart Reply Decl. (Dkt. 162-4) at ¶ 6 ("I am providing this declaration to address particular statements in the Defendants' declarations submitted with the County's opposition to Plaintiffs' motions. These statements are in many cases presented or cited by Defendants in ways that are incomplete and/or misleading, such that I feel that it is important for me to provide a response that can be considered by the Court."); ¶ 11 ("Jail Mental Health Director Melissa Quiroz responds to my opinions about custody overruling clinical judgment briefly and in a way that heightens my serious concerns."); ¶ 20 ("[County's declarants] reinforce – and if anything, increase – my concern that the San Diego County Jail system fails to provide for adequate confidentiality."); ¶ 33 ("[N]one of these "precautions" [as described by County declarant] substitute for effective staggered-30-minute safety checks for people in the Jail's Administrative Segregation units.").

**_Incarcerated People Declarations and Medical Records._**  The additional incarcerated declarations submitted by Plaintiffs similarly rebut Defendants' Opposition arguments and representations, including that "Plaintiffs fail to demonstrate harm as a result of the claimed deficiencies (intercom, surveillance, safety checks, overdose prevention, mental health input for segregation/isolation, etc.)," and "[t]here is no showing of deliberate indifference as to the class."

County's Opp. (Dkt. 153) at 1, 12.

Medical records submitted with Plaintiffs' reply brief directly respond to incorrect assertions made in declarations by Sgt. Mendoza (Dkt. 153-9) and Dr. Montgomery (Dkts. 151-1 through 151-22), filed with the County's Opposition. As outlined in the Swearingen Reply Declaration (Dkt. 162-2), the Mendoza and Montgomery Declarations include factual inaccuracies, which are directly disproven by the medical record evidence attached to Plaintiffs' Reply. For example, the Mendoza Declaration claims that James Clark filed only one grievance in custody, about playing cards. Dkt. 153-9 at ¶ 19. Plaintiffs submitted with their Reply a grievance submitted by Mr. Clark on February 24, 2022 about medical care issues, Dkt. 162-2, Ex. O, which directly responds to and contradicts Defendants' Opposition evidence.

***County Agency Documentation and Controlling Court Orders.*** Official Sheriff's Department and CLERB documentation contain information about recent deaths and overdose issues that specifically rebuts arguments in Defendants' Opposition. *See, e.g.*, County Opp. at 16 (arguing that there are no allegations that Plaintiffs are at "risk [of] overdosing in jail, need Narcan in jail, or … that they are at risk of imminent harm.").

Similarly, the Swearingen Reply Declaration statements and documentation related to the *Armstrong* case directly rebut the County's Opposition argument that it addresses the needs of its mobility-disabled population by using "the inmate's *Armstrong* documents" to provide "continuity of care." *See* County Opp. at 26.

***Documents Related to NaphCare.*** Reply evidence regarding the NaphCare contract is directly responsive to Defendants' Opposition argument about the June 1, 2022 transfer of medical and mental health care from existing providers to NaphCare. *See, e.g.*, County Opp. at 6. In the parties' email correspondence, the County argued that Plaintiffs should have included evidence about NaphCare in their moving papers. Swearingen Decl. ¶ 2 & Ex. A. Plaintiffs' counsel was not

aware of the NaphCare contract or the timing of the NaphCare's transfer until *after* Plaintiffs filed their motion for injunctive relief. *Id.*

**Counsel Correspondence Regarding Experts.** The correspondence between Plaintiffs' and the County's counsel regarding the County's refusal to permit expert inspections of the Jail is directly responsive to Defendants' Opposition arguments that Plaintiffs' experts did not inspect the Jail in forming their opinions. *See, e.g.*, County Opp. at 17.

## CONCLUSION

Plaintiffs' reply evidence is directly responsive to Defendants' Opposition arguments and evidence, and the County's Ex Parte Application for leave to file a sur-reply (and its alternative request that the evidence submitted with Plaintiffs' Reply be stricken) should be denied. Should the Court grant the County's request for a sur-reply, Plaintiffs respectfully ask that the Court allow Plaintiffs to file a sur-rebuttal of the same length seven court days after Defendants' sur-reply.

DATED: June 10, 2022          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
      Van Swearingen

Attorneys for Plaintiffs