GAY CROSTHWAIT GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:  (415) 433-6830
Facsimile:  (415) 433-7104
Email:      ggrunfeld@rbgg.com
            vswearingen@rbgg.com
            pkaul@rbgg.com
            eanderson@rbgg.com
            hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
2001 Addison Street, Suite 300
Berkeley, California 94704-1165
Telephone:  (510) 806-7366
Facsimile:  (510) 694-6314
Email:      ajf@aaronfischerlaw.com

(*additional counsel on following page*)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT COUNTY OF SAN DIEGO'S EX PARTE APPLICATION FOR LEAVE TO FILE A SUR-REPLY IN RESPONSE TO PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge: Hon. Anthony J. Battaglia<br>Mag. Judge: Hon. William V. Gallo |

(*counsel continued from preceding page*)

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
Email: christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

BARDIS VAKILI – 247783
JONATHAN MARKOVITZ – 301767
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
2760 Fifth Avenue, Suite 300
San Diego, California 92103-6330
Telephone: (619) 232-2121
Email: bvakili@aclu-sdic.org
jmarkovitz@aclu-sdic.org

Attorneys for Plaintiffs

[4102236.2]

Case No. 3:20-cv-00406-AJB-WVG
DECL. OF VAN SWEARINGEN ISO PLS.' OPPOSITION TO DEF. COUNTY OF SAN DIEGO'S EX PARTE APPLICATION TO FILE SUR-REPLY TO PLS' REPLY ISO MOTS. FOR PRELIM. INJUNCTION & PROVISIONAL CLASS CERT.

I, Van Swearingen, declare:

1. I am an attorney duly admitted to practice before this Court. I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Opposition to Defendant County of San Diego's Ex Parte Application for Leave to File a Sur-Reply In Response to Plaintiffs' Reply Brief In Support of Their Motions for Preliminary Injunction and Provisional Class Certification.

2. Attached hereto as **Exhibit A** is a true and correct copy of the relevant portion of a June 8, 2022 email chain between the undersigned counsel for Plaintiffs and Susan Coleman, counsel for Defendant County of San Diego.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 10th day of June, 2022.

_____
Van Swearingen

# Exhibit A

| | |
|---|---|
| **From:** | Van Swearingen |
| **To:** | Coleman, Susan E.; Kedra Chan; Michael Dailey; Craig Mariam; Lara Garner; Sharon Hightower; Marilyn.Moriarty@lewisbrisbois.com |
| **Cc:** | Gay C. Grunfeld; Priyah Kaul; Eric Monek Anderson; Hannah Chartoff; Aaron Fischer; Bardis Vakili; Christopher Young; Kish, Fernando; Oliver Kiefer; Isabella Neal; O"Sullivan, Matthew; Kojima, Keiko J.; Pappy, Elizabeth M.; Mehra, Terri |
| **Subject:** | RE: E-SERVICE: Dunsmore v. State of California et al - Sealed Lodged Proposed Document [Dkt 165] [IMAN-DMS.FID55015] |
| **Date:** | Wednesday, June 8, 2022 4:40:41 PM |

Susan,

Plaintiffs' expert reply declarations respond directly to arguments and evidence Defendants filed in their Opposition papers—they do not "go beyond being merely responsive."  The additional incarcerated declarations submitted by Plaintiffs similarly rebut Defendants' Opposition arguments and representations, including that "Plaintiffs fail to demonstrate harm as a result of the claimed deficiencies (intercom, surveillance, safety checks, overdose prevention, mental health input for segregation/isolation, etc.)," and "[t]here is no showing of deliberate indifference as to the class."  Opp. at 1, 12.  Exhibits in my declaration and the RJN comprise information such as County agency documentation related to deaths and overdoses, which again rebut arguments in Defendants' Opposition.  *See, e.g.*, Opp. at 16  (arguing that there are no allegations that Plaintiffs are at "risk [of] overdosing in jail, need Narcan in jail, or … that they are at risk of imminent harm.").

Regarding Plaintiffs' opposition to Defendants' 2nd ex parte application for more time:  Plaintiffs' statements about the NaphCare transition were made to show that County Defendants themselves knew about the NaphCare transition for over a year but nevertheless chose to <u>not</u> inform the Court of that information in their 1st ex parte application for more time.  Publicly-available documentation did show that the County had been in discussions with Naphcare since at least May 24, 2021, when Naphcare submitted a bid to provide services at the Jail, but the County nevertheless did not disclose the fact of the NaphCare transition to either the Court or Plaintiffs' counsel until Defendants filed their 2nd ex parte application for more time on May 25, 2022.  At the time Plaintiffs moved for injunctive relief—weeks earlier, on May 2, 2022—neither I nor any other Plaintiffs' counsel knew a contract had been executed or when the transition of care would occur.  Indeed, as demonstrated by Liberty's Opposition brief, the mental health and medical health providers that were replaced by NaphCare appear to not even know about the transition on May 2, 2022 when Plaintiffs moved for injunctive relief.  *See* Liberty Opp. at 1-2 and supporting Caskey Decl. ¶ 2 & Ex. 1. (County termination notice to Liberty not sent until May 17, 2022).

The correspondence between counsel regarding Defendants' refusal to permit experts inspections of the Jail is directly responsive to Defendants' Opposition arguments that Plaintiffs' experts did not conduct any inspections of the Jail.  *See, e.g.*, Opp. at 17.

Van

---

**From:** Coleman, Susan E. <SColeman@bwslaw.com>
**Sent:** Wednesday, June 8, 2022 2:57 PM

**To:** Van Swearingen <VSwearingen@rbgg.com>; Kedra Chan <KChan@rbgg.com>; Michael Dailey <mdailey@grsm.com>; Craig Mariam <cmariam@grsm.com>; Lara Garner <lsgarner@grsm.com>; Sharon Hightower <shightower@ericksenarbuthnot.com>; Marilyn.Moriarty@lewisbrisbois.com
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Bardis Vakili <BVakili@aclusandiego.org>; Christopher Young <christopher.young@dlapiper.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; O'Sullivan, Matthew <Matthew.O'Sullivan@sdcounty.ca.gov>; Kojima, Keiko J. <KKojima@bwslaw.com>; Pappy, Elizabeth M. <EPappy@bwslaw.com>; Mehra, Terri <TMehra@bwslaw.com>
**Subject:** RE: E-SERVICE: Dunsmore v. State of California et al - Sealed Lodged Proposed Document [Dkt 165] [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Van – you submitted 4 expert declarations, 8 expert declarations, a request for judicial notice, and nearly 200 pages of exhibits with you own declaration. Many of the inmate declarations are new and not responsive to allegations about them. Your experts, who submitted initial declarations in support of your motion, took the opportunity to respond and disagree to the opposition, and the declarations and exhibits go beyond being merely responsive.

In your opposition to the second ex parte, you noted that the Naphcare transition had been in the works **for over a year** [Dkt 145 at 2]:

County Defendants now assert for the first time that their medical and mental health departments are preparing to transition sub-contractors to Naphcare, Inc. on June 1, 2022, which makes it difficult to coordinate the preparation of declarations and exhibits for this litigation. Dkt. 142 at 3. This transition, however, has been in
the works for a long time. Indeed, County Defendants have been discussing Naphcare's proposal to provide medical and mental health care at the Jail for over a year. Declaration of Van Swearingen ("Swearingen Decl.") ¶ 11.

Thus, though perhaps you had not seen the contract earlier, it was not news to you that the transition was occurring, as you stated under oath. You could have raised the issues (such as your articles/lawsuits cited attempting to impugn Naphcare as a company) in your initial briefing.

Additionally, you attach emails with me and county counsel showing that you broached issues such as mutual experts previously. Again, these are issues that could have been raised in your initial brief. There are many examples, but it does not appear I will change your position.

Susan

**From:** Van Swearingen [mailto:VSwearingen@rbgg.com]

**Sent:** Wednesday, June 8, 2022 2:29 PM
**To:** Coleman, Susan E. <SColeman@bwslaw.com>; Kedra Chan <KChan@rbgg.com>; Michael Dailey <mdailey@grsm.com>; Craig Mariam <cmariam@grsm.com>; Lara Garner <lsgarner@grsm.com>; Sharon Hightower <shightower@ericksenarbuthnot.com>; Marilyn.Moriarty@lewisbrisbois.com
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Bardis Vakili <BVakili@aclusandiego.org>; Christopher Young <christopher.young@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>
**Subject:** RE: E-SERVICE: Dunsmore v. State of California et al - Sealed Lodged Proposed Document [Dkt 165] [IMAN-DMS.FID55015]

[EXTERNAL]

Susan,

We do not agree.  The evidence Plaintiffs submitted on reply is responsive to issues and arguments that Defendants raised in their opposition briefs, and is plainly permissible.  *See, e.g.*, *Skelton v. Care.com, Inc.*, No. 20-cv-02086-AJB-DEB, 2021 WL 5862447, at *3 n.1 (S.D. Cal. Aug. 17, 2021) (Battaglia, J.) (court may "consider new evidence presented on reply, particularly if the new evidence appears to be a reasonable response to the opposition"); *Terrell v. Contra Costa Cnty.*, 232 Fed. App'x 626, 628-29 & n.2 (9th Cir. 2007) (evidence submitted on reply to respond to "selected recitation of the facts" is not "new"); *Berge v. Masanto*, No. 20-cv-00509-H-DEB, 2020 WL 12948070, at *3 n.2 (S.D. Cal. Sept. 22, 2020) (court may consider evidence in reply that is responsive to opposition); *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-cv-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (denying leave to file sur-reply, stating "evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief"); *Grace v. Apple, Inc.*, 328 F.R.D. 320, 351 (N.D. Cal. 2018) (court may consider reply evidence "offered in direct response" to issues raised in opposition); *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196-HSG, 2018 WL 4181896, at *7-8 (N.D. Cal. Aug. 31, 2018) (rebuttal evidence permissible on reply to respond to statements in opposition to class certification).

You misstate my knowledge regarding the NaphCare contract.  I did not know (and could not have known) about it "ages ago."  Indeed, it was executed on April 26, 2022—less than a week before Plaintiffs filed their preliminary injunction motion—and the first time I (or any other Plaintiffs' counsel) saw it was part of Defendants' May 31 filing.  Accordingly, Plaintiffs could not have raised it their moving papers and the reply evidence Plaintiffs submitted regarding the contract was directly responsive to Defendants' opposition briefing.

Van

**From:** Coleman, Susan E. <SColeman@bwslaw.com>
**Sent:** Wednesday, June 8, 2022 10:14 AM
**To:** Kedra Chan <KChan@rbgg.com>; Michael Dailey <mdailey@grsm.com>; Craig Mariam <cmariam@grsm.com>; Lara Garner <lsgarner@grsm.com>; Sharon Hightower <shightower@ericksenarbuthnot.com>; Marilyn.Moriarty@lewisbrisbois.com
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Bardis Vakili <BVakili@aclusandiego.org>; Christopher Young <christopher.young@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>
**Subject:** RE: E-SERVICE: Dunsmore v. State of California et al - Sealed Lodged Proposed Document [Dkt 165] [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Counsel – since you submitted evidence in support of your reply brief, which is typically not allowed, would you be agreeable to us filing a sur-reply? If you do not agree, we plan to ask the court for leave to file a sur-reply or in the alternative strike the evidence submitted with your reply brief. After all, as you noted in your lengthy opposition to our ex parte application for additional time, you were aware of the Naphcare contract ages ago. You could have reasonably raised much of the evidence in your original moving papers.

Let me know if you'd like to discuss.

Susan