GAY CROSTHWAIT GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
2001 Addison Street, Suite 300
Berkeley, California 94704-1165
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
Email: ajf@aaronfischerlaw.com

(*additional counsel on following page*)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-WVG<br><br>**PLAINTIFFS' RENEWED NOTICE OF MOTION AND MOTION TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Date: August 11, 2022<br>Time: 2:00 PM<br>Crtrm.: 4A<br><br>Judge: Hon. Anthony J. Battaglia |

(*counsel continued from preceding page*)

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California  92101-4297
Telephone:   (619) 699-2700
Facsimile:   (619) 699-2701
Email:         christopher.young@dlapiper.com
                  isabella.neal@dlapiper.com
                  oliver.kiefer@dlapiper.com

BARDIS VAKILI – 247783
JONATHAN MARKOVITZ – 301767
ACLU FOUNDATION OF SAN DIEGO &
IMPERIAL COUNTIES
2760 Fifth Avenue, Suite 300
San Diego, California  92103-6330
Telephone:   (619) 232-2121
Email:         bvakili@aclu-sdic.org
                  jmarkovitz@aclu-sdic.org

Attorneys for Plaintiffs

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Darryl Dunsmore, Ernest Archuleta, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, and Laura Zoerner, on behalf of themselves and all persons similarly situated (collectively, "Plaintiffs"), pursuant to Civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), hereby bring this renewed motion to file under seal narrow portions of documents filed in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and the Declaration of Van Swearingen in Support of Plaintiffs' Motion to File Under Seal.

DATED: June 21, 2022           Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
　　Van Swearingen

Attorneys for Plaintiffs
Email: vswearingen@rbgg.com

# MEMORANDUM OF POINTS AND AUTHORITIES

On May 2, 2022, Plaintiffs filed a motion to seal medical records and medical grievances filed in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification (Dkt. 119). *See* Dkt. 121. On June 6, 2022, the Court issued an order denying without prejudice Plaintiffs' first motion to seal. Dkt. 161. Pursuant to Civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), Plaintiffs bring this renewed motion to seal and respectfully request that the Court enter an order allowing Plaintiffs to file under seal narrow portions of the following documents filed in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification:

- Exhibits A, C-F, H, J-M to Declaration of Plaintiff Anthony Ray Edwards
- Exhibit B to Declaration of Cedrick Jones
- Exhibits A-D, F-K to Declaration of Plaintiff Christopher Nelson
- Exhibits A-B to Declaration of Plaintiff Christopher Norwood
- Exhibits A-E to Declaration of Daniel Webb
- Exhibits A, C, E-G, J-N to Declaration of Plaintiff Darryl Lee Dunsmore
- Exhibits A-E, H to Declaration of David Francis Smith III
- Exhibits B-C, E-F, H to Declaration of Plaintiff Ernest Archuleta
- Exhibits B-D to Declaration of Gary Bartlett
- Exhibits A-C to Declaration of Gustavo Sepulveda
- Exhibits B, D to Declaration of Jose Antonio Lopez
- Exhibits A-B to Declaration of Joshua Roberts
- Exhibit A to Declaration of Katrina Rios
- Exhibits A-C to Declaration of Mark Baker
- Exhibit A to Declaration of Reanna Levy[1]

---

[1] Plaintiffs' original sealing motion also sought to seal exhibits to the Declaration of

## I. THERE ARE COMPELLING REASONS TO SEAL THESE DOCUMENTS AND THE BALANCE OF INTERESTS WEIGH IN PLAINTIFFS' FAVOR

The Court may seal documents when it finds "a compelling reason and articulate[s] the factual basis for its finding." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97, 1101 (9th Cir. 2016). In deciding whether to grant a motion to seal, the Court also must balance the competing interests of the public and the party who seeks to seal the documents. *Id*. at 1097.

Plaintiffs' request to seal is narrowly tailored to only seek sealing of sensitive portions of incarcerated individuals' medical records. *See* Declaration of Van Swearingen in Support of Plaintiffs' Motion to File Under Seal ("Swearingen Sealing Decl.") ¶ 2. These portions of the records contain private, sensitive information about individuals' medical and mental health histories, conditions, diagnoses, and treatments that Plaintiffs have not put at issue in this case. *Id.* ¶ 3. These portions of the records include, for example, notes describing aspects of individuals' criminal charges or unrelated personal matters raised during contacts between incarcerated individuals and medical and mental health staff at San Diego County Jail ("Jail"). *Id.* The records also include notes describing certain individuals' medical diagnoses and needs that have not been put at issue in this case. *Id.* This Court has granted requests to seal similar records in other cases. *See, e.g., Covert v. City of San Diego*, No. 15-CV-2097-AJB (WVG), 2016 WL 7117364, at *3 (S.D. Cal. Dec. 6, 2016) (granting motion to seal where documents included "discussions regarding Plaintiff's mental health [and] communications with mental health providers").

Plaintiffs seek to seal only those narrow portions of the documents necessary to protect unrelated confidential medical information of incarcerated people.

---

James Clark and exhibits to the Declaration of Michael Keavney. Plaintiffs do not now seek to seal those exhibits and have filed unredacted versions of those exhibits concurrently with this motion.

Swearingen Sealing Decl. ¶ 3.  Plaintiffs do not seek to seal information regarding conditions, communications, and custody staff practices that they arguably have put at issue in this case.  *Id.*   In so doing, Plaintiffs have endeavored to comply with the standards set forth by the Court in its June 6, 2022 sealing order.  *See* Dkt. 161 at 4.  The documents that include the excerpts Plaintiffs seek to seal were produced to Plaintiffs' counsel by the Sheriff's Department upon request and submission of signed medical release forms, or provided to Plaintiffs' counsel by individual incarcerated people.  Swearingen Sealing Decl. ¶ 4.  All other papers filed in connection with Plaintiffs' Motions for a Preliminary Injunction and Provisional Class Certification besides those listed above remain publicly available in unredacted form.

Plaintiffs submit the medical records at issue to demonstrate the harm to which incarcerated people have been wrongfully subjected at the Jail.  *Id.* ¶ 2.  Disclosure of the sensitive portions of the records may expose these individuals to substantial harm and personal embarrassment.  *Id.*  It also would undermine these individuals' medical privacy interests.  *See* Health Insurance Portability and Accountability Act (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 (1996).  The public, conversely, has minimal interest in the intimate details of these individuals' physical and mental health, especially aspects of their physical and mental health and other personal matters not at issue in the case, which are the only portions of the records Plaintiffs seek to seal.  Incarcerated individuals' compelling interest in protecting their sensitive medical information thus far outweighs any public interest in disclosure.  *See Shriners v. United States*, No. 14-CV-1437 AJB (KSC), 2017 WL 3412299, at *3 (S.D. Cal. Aug. 8, 2017) ("balancing the need for the public's access to information regarding private medical information against Plaintiffs' need for confidentiality weigh strongly in favor of sealing").  Defendants San Diego County Sheriff's Department, County of San Diego, and Correctional Healthcare Partners, Inc. have also sought to seal the medical records of individual incarcerated people

filed with their opposition papers.  *See* Dkt. 150.

In filing this motion, Plaintiffs' counsel have complied with Civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j).  Swearingen Sealing Decl. ¶ 5.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion to seal.

DATED:  June 21, 2022	Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
    Van Swearingen

Attorneys for Plaintiffs
Email:  vswearingen@rbgg.com