1  GAY CROSTHWAIT GRUNFELD – 121944
   VAN SWEARINGEN – 259809
2  PRIYAH KAUL – 307956
   ERIC MONEK ANDERSON – 320934
3  HANNAH M. CHARTOFF – 324529
   ROSEN BIEN GALVAN & GRUNFELD LLP
4  101 Mission Street, Sixth Floor
   San Francisco, California  94105-1738
5  Telephone:  (415) 433-6830
   Facsimile:  (415) 433-7104
6  Email:      ggrunfeld@rbgg.com
               vswearingen@rbgg.com
7              pkaul@rbgg.com
               eanderson@rbgg.com
8              hchartoff@rbgg.com

9  AARON J. FISCHER – 247391
   LAW OFFICE OF AARON J. FISCHER
10 2001 Addison Street, Suite 300
   Berkeley CA 94704
11 Telephone:  (510) 806-7366
   Facsimile:  (510) 694-6314
12 Email:      ajf@aaronfischerlaw.com

13 (*additional counsel on following page*)

14 Attorneys for Plaintiffs

15

16                UNITED STATES DISTRICT COURT

17              SOUTHERN DISTRICT OF CALIFORNIA

18 DARRYL DUNSMORE, ERNEST          Case No. 3:20-cv-00406-AJB-DDL
   ARCHULETA, ANTHONY EDWARDS,
19 REANNA LEVY, JOSUE LOPEZ,        **PLAINTIFFS' OPPOSITION TO**
   CHRISTOPHER NELSON,              **MOTION TO INTERVENE**
20 CHRISTOPHER NORWOOD, and
   LAURA ZOERNER, on behalf of      Judge:      Hon. Anthony J. Battaglia
21 themselves and all others similarly situated,

22            Plaintiffs,

23         v.

   SAN DIEGO COUNTY SHERIFF'S
24 DEPARTMENT, COUNTY OF SAN
   DIEGO, CORRECTIONAL
25 HEALTHCARE PARTNERS, INC.,
   LIBERTY HEALTHCARE, INC., MID-
26 AMERICA HEALTH, INC., LOGAN
   HAAK, M.D., INC., SAN DIEGO
27 COUNTY PROBATION DEPARTMENT,
   and DOES 1 to 20, inclusive,

28            Defendants.

1  (*counsel continued from preceding page*)

2  CHRISTOPHER M. YOUNG – 163319
   ISABELLA NEAL – 328323
3  OLIVER KIEFER – 332830
   DLA PIPER LLP (US)
4  401 B Street, Suite 1700
   San Diego, California  92101-4297
5  Telephone:  (619) 699-2700
   Facsimile:  (619) 699-2701
6  Email:      christopher.young@dlapiper.com
               isabella.neal@dlapiper.com
7              oliver.kiefer@dlapiper.com

8  BARDIS VAKILI – 247783
   JONATHAN MARKOVITZ – 301767
9  ACLU FOUNDATION OF SAN DIEGO &
   IMPERIAL COUNTIES
10 2760 Fifth Avenue, Suite 300
   San Diego, California  92103-6330
11 Telephone:  (619) 232-2121
   Email:      bvakili@aclu-sdic.org
12             jmarkovitz@aclu-sdic.org

13 Attorneys for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs are eight individuals who are currently incarcerated or who have been incarcerated in the San Diego County Jail ("Jail").  Plaintiffs seek to represent a class of all people incarcerated at the Jail now or in the future and a subclass of all people with disabilities incarcerated at the Jail now or in the future.  Putative intervenor Pedro Rodriguez is an individual incarcerated at the Jail who would be a member of the class and subclass, if the proposed class and subclass are certified.  Mr. Rodriguez's intervention motion and related filings raise serious allegations about ongoing problems at the Jail including inadequate mental health care, disability accommodations, grievance processes, and access to the courts.  Plaintiffs' Second Amended Complaint seeks permanent injunctive relief to address many of the issues in Mr. Rodriguez's motion.  Because Plaintiffs and Mr. Rodriguez share the same interests, and Mr. Rodriguez does not argue or present evidence that Plaintiffs do not adequately represent his interests, intervention of right is not warranted.  Nor should the Court grant permissive intervention, which would be likely to substantially complicate and delay resolution of this case.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Darryl Dunsmore filed the instant action in March 2020.  Dkt. No. 1.  Plaintiffs' counsel appeared on behalf of Plaintiff Dunsmore in December 2021, Dkt. Nos. 66-73, and Plaintiffs filed a Second Amended Complaint ("SAC") on February 9, 2022.  Dkt. No. 81.  The SAC includes class allegations on behalf of a class of all people incarcerated in the Jail and a subclass of all people with disabilities incarcerated in the Jail.  *Id.* ¶¶ 381, 389.  Specifically, the SAC includes extensive allegations about problems including, but not limited to, (1) inadequate access to legal materials, legal mail, and the courts, *id.* ¶¶ 376-380; (2) inadequate disability accommodations, *see, e.g., id.* ¶¶ 238-250; (3) inadequate care for people at risk of suicide, *id.* ¶¶ 121-123, 168-193; (4) non-confidential medical and mental health encounters, *id.* ¶ 102, 163-167; (5) an inadequate grievance system, *id.* ¶¶ 251-260; and (6) a failure to protect individuals in the Jail from violence, *id.*

1  ¶¶ 284-291.

2       On June 30, 2022, Mr. Rodriguez filed a "motion to intervene, present claims

3  and come into the action," citing Federal Rule of Civil Procedure 23(d).  Dkt. No.

4  183 ("Mot.").  Mr. Rodriguez attached information about his care in state prison,

5  several grievances filed in the Jail, and grievance responses from the Sheriff's

6  Department.  *See id.* at ECF pp. 8-58 (attachments).  Mr. Rodriguez's motion and

7  the attachments discuss serious harm he has suffered due to Jail policies and

8  practices related to, for example:  (1) access to legal materials, legal mail, and the

9  courts, *id.* at ECF pp. 2, 4-5, 25 ; (2) accommodations for Mr. Rodriguez's

10 disabilities, *id.* at ECF pp. 2, 17, 21, 34; (3) care for his mental health, *id.* at ECF pp.

11 2, 5, 29-30; (4) lack of confidentiality during medical and mental health encounters,

12 *id.* at ECF pp. 2, 23; (5) grievances, *id.* at ECF pp. 3-4; and (6) assaults by other

13 incarcerated people, *id.* at ECF p. 3.

14      Plaintiffs' counsel met with Mr. Rodriguez at the Jail three times after he filed

15 the motion to intervene.  Declaration of Isabella Neal in Support of Plaintiffs'

16 Opposition to Motion to Intervene ("Neal Decl."), ¶¶ 3-5.  Based on those meetings,

17 Plaintiffs understood that Mr. Rodriguez was optimistic about working alongside

18 Plaintiffs rather than intervening.  *Id.* ¶¶ 4-5.  Plaintiffs and Mr. Rodriguez executed

19 and filed a joint motion to extend the time for Plaintiffs to respond to intervene,

20 stating that the parties were "exploring whether Mr. Rodriguez's concerns can be

21 addressed more efficiently through collaboration with Plaintiffs than through

22 intervention in this action."  *See* Dkt. No. 192 at 1.  Despite their best efforts,

23 Plaintiffs' counsel have since been unable to meet with Mr. Rodriguez or speak to

24 him on the telephone, although Plaintiffs are willing and interested in continuing to

25 work collaboratively with Mr. Rodriguez.  Neal Decl. ¶ 7.

26      Since filing the motion to intervene, Rodriguez has submitted three further

27 filings, all styled as requests for judicial notice.  Dkt. Nos. 194, 195, 205.  On

28 July 18, 2022, Mr. Rodriguez described a lack of access to legal materials, lack of

1   ADA access at Vista Detention Facility, and retaliation by custody staff.  Dkt.

2   No. 194 at 1-2.  Mr. Rodriguez also appeared to request referral to a habeas

3   attorney.  *Id.* at 5.  On July 21, 2022, Mr. Rodriguez stated that he had not received a

4   copy of the briefing schedule on his motion to intervene, and described further

5   issues with the grievance process.  Dkt. 195 at 1-2.  Mr. Rodriguez's most recent

6   filing, submitted August 17, 2022, states that he is housed at Vista Detention

7   Facility, which is not ADA accessible.  Dkt. 205 at 2.  Mr. Rodriguez also describes

8   being transferred to George Bailey Detention Facility, where he did not receive

9   mental health care despite requesting it, and having attempted suicide by hanging

10  after he "was told to hang [himself] by an unknown officer."  *Id.* at 3.

11  Mr. Rodriguez described active suffering from "deliberate indifference to mental

12  health [and] policies that promote P.C. gang violence with no connection to obvious

13  safety issues."  *Id.* at 5.  He stated that his life "is presently in danger."  *Id.*

14  **II.    LEGAL STANDARD**

15          To qualify for intervention of right under Federal Rule of Civil Procedure

16  24(a), a party bears the burden of establishing (1) that their application is timely;

17  (2) that they have "a significantly protectable interest relating to the property or

18  transaction that is the subject of the action"; (3) that they are "situated such that the

19  disposition of the action may impair or impede [their] ability to protect that

20  interest"; and (4) that their interest is not adequately represented by the existing

21  parties.  *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (affirming denial

22  of intervention); *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th

23  1013, 1020 (9th Cir. 2022) (same).

24          Permissive intervention under Rule 24(b) is within the Court's discretion.

25  *Perry v. Prop. 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009).  In

26  exercising that discretion, the Court considers again whether the intervenors'

27  interests are adequately represented by other parties, along with other factors that

28  include independent grounds for jurisdiction, timeliness, commonality of legal and

1  factual questions, and judicial economy.  *Id.*

2  **III.    ARGUMENT**

3       Mr. Rodriguez's motion to intervene and subsequent filings describe serious

4  and ongoing problems at the Jail that are endangering his life and otherwise

5  impeding his rights.  Mr. Rodriguez's statements in public court filings merit prompt

6  action by the Sheriff's Department to remedy legal and constitutional deficiencies.

7  Based on procedural considerations, however, the Court should deny

8  Mr. Rodriguez's motion to intervene in this case.  As a threshold matter,

9  Mr. Rodriguez's motion to intervene requests intervention under Federal Rule of

10 Civil Procedure 23(d).  *See* Mot. at 1.  That rule does not permit intervention.  Rule

11 23(d) concerns the Court's authority to administer class actions, including providing

12 class members with *notice* of their "opportunity to signify whether they consider the

13 representation fair and adequate, to intervene and present claims or defenses, or to

14 otherwise come into the action."  *See* Fed. R. Civ. Proc. 23(d)(1)(B)(iii).  The rule

15 also authorizes the Court to take other case management actions, such as imposing

16 conditions on the named plaintiffs or requiring amended pleadings.  *Id.* at

17 23(d)(1)(C)-(D).  Rule 23 does not provide a basis for intervention, but relates only

18 to the Court's administration of a class action.

19      Assuming Mr. Rodriguez's motion instead intends to request relief under

20 Federal Rule of Civil Procedure 24, which governs intervention, the motion does not

21 meet the requirements of Rule 24.  Plaintiffs and Mr. Rodriguez share the same

22 interests in this case, and Mr. Rodriguez does not present any evidence showing that

23 Plaintiffs inadequately represent his interests.  Intervention of right is not warranted.

24 Nor should the Court grant permissive intervention, which would contribute to

25 significant delay and unnecessary complication in resolving the case and addressing

26 the urgent problems at issue in both Mr. Rodriguez's filings and the SAC.

27 / / /

28 / / /

### A.    The Motion Does Not Make the Compelling Showing Necessary for Intervention of Right

To intervene under Rule 24(a), Mr. Rodriguez must meet all four prongs of the test outlined in *Arakaki*.  *See* 324 F.3d at 1083.  "Failure to satisfy any one of the requirements is fatal to the application[.]"  *Perry*, 587 F.3d at 950 (affirming denial of intervention).  Mr. Rodriguez alleges a significant interest that may be affected by the outcome of this case (the second and third prongs), but he has not shown or even argued that Plaintiffs inadequately represent his interests, the fourth prong of the test.  Nor could Mr. Rodriguez make that showing.[1]

#### 1.    Plaintiffs Adequately Protect Mr. Rodriguez's Interest in Addressing Deadly and Dangerous Jail Conditions

Plaintiffs and Mr. Rodriguez share the same ultimate objective in this suit—remedying unconstitutional and unlawful policies and practices at the Jail—which means his motion should be denied.  The "most important factor" to determine whether a proposed intervenor is adequately represented by a present party to the action is "how the [intervenor's] interest compares with the interests of existing parties."  *Perry*, 587 F.3d at 950-51 (quoting *Arakaki*, 324 F.3d at 1086).  "Where the party and the proposed intervenor share the same ultimate objective, a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a compelling showing to the contrary."  *Id.* at 951 (citations omitted) (denying motion for intervention where party and proposed intervenors did not have "meaningfully distinct" objectives).

Here, the eight named Plaintiffs seek to represent a class and subclass that include Mr. Rodriguez and to secure class-wide injunctive relief to address many of the issues raised in Mr. Rodriguez's filings.  *See* SAC at ¶¶ 376-380 (legal mail and

---

[1] Plaintiffs take no position on whether Mr. Rodriguez's motion is timely, although the Court need not decide that question if it determines that Mr. Rodriguez's interests are adequately protected.

court access issues); *id.* ¶¶ 238-250 (disability accommodations); *id.* ¶¶ 121-123, 168-193 (suicide prevention and monitoring); *id.* ¶¶ 102, 163-167 (confidentiality); *id.* ¶¶ 251-260 (grievances); *id.* ¶¶ 284-291 (failure to protect from violence). Plaintiffs and Mr. Rodriguez thus share the same ultimate objective of remedying particular unconstitutional and unlawful conditions at the Jail. Where a proposed intervenor is a member of the class or proposed class, courts routinely reject intervention motions. *See, e.g.*, *Babu v. Ahern*, 2020 WL 4700987, at *1 (N.D. Cal. Aug. 13, 2020) (denying motion to intervene in jail class action because "[a]s members of the class, [intervenors'] interests … are already being protected and litigated in this action"); *accord Barragan v. Home Depot U.S.A., Inc.*, 2022 WL 2489357, at *6 (S.D. Cal. July 6, 2022) (Battaglia, J.) (denying motion to intervene and holding that intervenor, a member of the putative class, could raise objections through the class action objector process). Mr. Rodriguez's motion should be denied on this basis.

Mr. Rodriguez's motion advances no argument that his interests diverge from Plaintiffs' or that Plaintiffs do not adequately represent his interests. Mr. Rodriguez's motion states only that his interests "may not presently be fairly represented." Mot. at 1. Mr. Rodriguez does not specify his interest in this case. However, it is clear from Mr. Rodriguez's motion and subsequent filings that he is concerned with whether the ***Sheriff's Department*** – not Plaintiffs – is protecting his wellbeing and rights at the Jail. Mr. Rodriguez's motion describes problems with ADA access and mental health care at the Jail and seeks "a proper vehicle for redress of the government" because "the grievance process is largely ignored with no accountability." Mot. at 3. Mr. Rodriguez appears to seek individual help from an attorney, because the Sheriff's Department has denied him adequate access to legal resources to prosecute his cases. *Id.* at 4-5. Mr. Rodriguez states that he has no means for redress. *Id.* at 5. Mr. Rodriguez's later filings describe further problems with receiving legal mail, obtaining adequate mental health care, and

getting equal program access at Vista Detention Facility given his mobility disability. *See infra* at 1-2.

The thrust of Mr. Rodriguez's motion is that without access to the courts and an adequate grievance process, he has no means to redress the harm he experiences at the Jail, and that his interests are not protected at the Jail. Plaintiffs share Mr. Rodriguez's concerns, and their suit already seeks injunctive relief on behalf of Mr. Rodriguez and other people incarcerated at the Jail. Mr. Rodriguez's many filings identify no concerns about Plaintiffs' ability to protect his interests. In fact, one attachment to Mr. Rodriguez's motion states that he is a member of the class in the instant case. *See* Mot. at 54. To the extent Mr. Rodriguez wishes to clarify that he is part of the class, he will indeed be a class (or subclass) member if and when a class (and subclass) are certified. If Mr. Rodriguez later has concerns about the resolution of this case, "class action procedure allows nonnamed class members to object to a settlement at the fairness hearing without first intervening." *Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002); *see also Barragan*, 2022 WL 2489357, at *6.

### B. Permissive Intervention Would Substantially Complicate and Delay Resolution of this Case

Intervention is also not warranted under Rule 24(b), which provides for permissive intervention. Allowing Mr. Rodriguez to intervene would substantially delay resolution of this case, and in turn substantially delay resolution of the issues raised in Mr. Rodriguez's filings. Plaintiffs' ability to protect Mr. Rodriguez's interests also weighs strongly against intervention.

The factors a court may consider when deciding whether to grant permissive intervention include "whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Callahan*, 38 F.4th 1013, 1022 (9th

1   Cir. 2022) (quoting *Spangler v. Pasadena Bd. of Educ.*, 555 F.2d 1326, 1329 (9th

2   Cir. 1977)); *see also Bureerong v. Uvawas*, 167 F.R.D. 83, 86 (C.D. Cal. 1996)

3   (courts may consider "judicial economy concerns" and the "most efficient method

4   of handling a case" in deciding a motion to intervene) (quotation omitted).

5          Applying these factors in the putative class action context, this Court recently

6   denied a similar request for intervention from a putative class member.  In

7   *Barragan*, the Court denied the request for intervention of right because the

8   plaintiffs were adequately representing the intervenor's interests, and the intervenor

9   would have an opportunity to object to any class action settlement at a later stage.

10  2022 WL 2489357, at *5-6.  The Court also denied permissive intervention, noting

11  that the intervenor's "interests are already adequately represented through the class

12  action settlement process."  *Id.* at *7.  The Court found that "allowing permissive

13  intervention would not significantly add to the full development of the underlying

14  factual issues in this case nor the equitable adjudication of the legal questions

15  involved but, instead, would significantly delay the proceedings and prejudice the

16  rights of the original parties here."  *Id.*; *accord Babu*, 2020 WL 4700987, at *2 (in

17  jail class action, denying permissive intervention because it "would likely cause

18  undue delay" and intervenors failed to show their interests were not adequately

19  represented by the existing plaintiffs).

20         Here, allowing Mr. Rodriguez to intervene would complicate this case and

21  delay its resolution by adding an unrepresented party whose participation with

22  Plaintiffs' counsel has been inconsistent, likely requiring extended briefing

23  deadlines, making the logistics of meet and confers and other intra-party

24  communications substantially more difficult, and potentially opening the floodgates

25  to other putative class members—who number in the thousands—to also attempt to

26  intervene despite their interests being in alignment with those of Plaintiffs.  Indeed,

27  Plaintiffs already share Mr. Rodriguez's ultimate objective, are litigating many of

28  the specific issues raised in Mr. Rodriguez's motion, and, as outlined above,

8

Case No. 3:20-cv-00406-AJB-DDL

adequately represent his interests in this case.  Plaintiffs' counsel has actively engaged with people incarcerated at the Jail, including Mr. Rodriguez, to ensure that the issues litigated in the case reflect putative class members' experiences at the Jail. Neal Decl. ¶¶ 3-5.  Plaintiffs' counsel remain able and willing to work with Mr. Rodriguez—including by continuing to try to meet with him, *id.* ¶ 7—which will ensure that his particular experiences in the Jail can contribute to the full development of the factual and legal issues in this case, but without the substantial disruption of one (or many) intervenors.  *See Romero v. Securus Techs., Inc.*, 2017 WL 4922845, at *3 (S.D. Cal. Oct. 31, 2017) (denying motion to intervene by the same Mr. Rodriguez in a different putative class action, in part because intervention would "enlarge the scope of this action, result in an undue delay in resolving this action, and undermine judicial economy").

Plaintiffs support Mr. Rodriguez's desire to obtain injunctive relief for the harm he has suffered and continues to suffer at the Jail.  The serious concerns about conditions and practices that Mr. Rodriguez describes are shared by Plaintiffs and must be remedied.  Plaintiffs submit, however, that intervention in this proposed class action is not the appropriate vehicle to have those concerns addressed.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to deny the motion to intervene.

DATED:  August 24, 2022

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
Van Swearingen

Attorneys for Plaintiffs

Case No. 3:20-cv-00406-AJB-DDL

PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE