1   GAY CROSTHWAIT GRUNFELD – 121944
    VAN SWEARINGEN – 259809
2   PRIYAH KAUL – 307956
    ERIC MONEK ANDERSON – 320934
3   HANNAH M. CHARTOFF – 324529
    ROSEN BIEN GALVAN & GRUNFELD LLP
4   101 Mission Street, Sixth Floor
    San Francisco, California  94105-1738
5   Telephone:  (415) 433-6830
    Facsimile:  (415) 433-7104
6   Email:      ggrunfeld@rbgg.com
                vswearingen@rbgg.com
7               pkaul@rbgg.com
                eanderson@rbgg.com
8               hchartoff@rbgg.com

9   AARON J. FISCHER – 247391
    LAW OFFICE OF AARON J. FISCHER
10  1400 Shattuck Avenue, Suite 12 – #344
    Berkeley, California  94709-1474
11  Telephone:  (510) 806-7366
    Facsimile:  (510) 694-6314
12  Email:      ajf@aaronfischerlaw.com

13  (*additional counsel on following page*)

14  Attorneys for Plaintiffs

15              UNITED STATES DISTRICT COURT

16            SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 17  DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, | Case No. 3:20-cv-00406-AJB-DDL |
| 18  REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, | |
| 19  CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY** |
| 20  themselves and all others similarly situated, | |
| 21            Plaintiffs, | Judge:    Hon. Anthony J. Battaglia |
| 22        v. | Magistrate:  Hon. David D. Leshner |
| 23  SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN | Trial Date: None Set |
| 24  DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., | |
| 25  LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN | **NO HEARING DATE PER DKT. 211** |
| 26  HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, | |
| 27  and DOES 1 to 20, inclusive, | |
|     Defendants. | |
| 28 | |

[3883374.11]                                            Case No. 3:20-cv-00406-AJB-DDL

1    (*counsel continued from preceding page*)

2    CHRISTOPHER M. YOUNG – 163319
      ISABELLA NEAL – 328323
3    OLIVER KIEFER – 332830
      DLA PIPER LLP (US)
4    401 B Street, Suite 1700
      San Diego, California  92101-4297
5    Telephone:  (619) 699-2700
      Facsimile:  (619) 699-2701
6    Email:         christopher.young@dlapiper.com
                     isabella.neal@dlapiper.com
7                    oliver.kiefer@dlapiper.com

8    Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        Plaintiffs Darryl Dunsmore, Ernest Archuleta, Anthony Edwards, Reanna

2    Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, and Laura Zoerner

3    ("Plaintiffs") move this Court, pursuant to Federal Rule of Civil Procedure 26(d),

4    for an order permitting expedited discovery of Defendants San Diego County

5    Sheriff's Department and the County of San Diego ("County Defendants") related to

6    six issues at the San Diego County Jail ("Jail"): (1) drug overdoses and overdose

7    deaths; (2) the adequacy and timeliness of safety checks; (3) audio intercom and

8    video surveillance systems, and related staff responses to emergencies; (4) the

9    consideration given to mental health staff's clinically-based recommendations for

10   incarcerated people with mental health needs; (5) the provision of mental health care

11   in confidential settings; and (6) the provision of safe and accessible housing and

12   programming to incarcerated people with mobility disabilities.

13       These issues are directly tethered to causes of action raised in the operative

14   second amended complaint ("SAC"):  the first five issues relate to Counts 1 and 2

15   for violations of the Eighth and Fourteenth Amendments, and the sixth issue relates

16   to Count 5 for violation of the Americans with Disabilities Act ("ADA").  Dkt. 81.

17   The issues also were the subject of Plaintiffs' preliminary injunction motion.[1]

18

---

19   [1] Plaintiffs' preliminary injunction motion is divided into sections discussing each of these six issues.  *See* Dkt. 119.  Within each section, Plaintiffs described various

20   County Defendant failures and requested specific remedies to address these failures. *Id*.  At a greater level of specificity, Plaintiffs' preliminary injunction motion and

21   proposed order addressed the following topics: (i) the interdiction of drugs; (ii) body scanners; (iii) medication-assisted treatment (MAT); (iv) naloxone; (v) the adequacy

22   of safety checks; (vi) the frequency of safety checks in administrative segregation units; (vii) audits of safety checks; (viii) the repair and testing of intercoms and

23   emergency buttons; (ix) plans to ensure prompt repair of inoperable intercoms and emergency buttons in the future; (x) the timeliness of staff responses to

24   emergencies; (xi) the replacement of video surveillance systems; (xii) plans to ensure prompt repair of non-functional video surveillance systems in the future;

25   (xiii) the placement of incarcerated people in housing units without video surveillance; (xiv) the placement of people with mental illness in segregated housing

26   units; (xv) the placement of people with mental illness in mental-health designated programs or housing units; (xvi) the provision of mental health care in confidential

27   spaces; (xvii) the offering of programs, services, and activities in areas that do not require incarcerated people to climb stairs and the prompt repair of any elevator

28   used by incarcerated people to access such programs, services, and activities;

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY

1   Dkt. 119.  The Court's order denying the motion without prejudice acknowledged

2   the "seriousness of the allegations brought by Plaintiffs regarding the conditions and

3   high death rates" in the Jail, but concluded that Plaintiffs "fail[ed] to meet their

4   burden at this time" of showing a likelihood of success on the merits.  *Id.* at 2, 6-10.

5   The Court stated that "[d]iscovery will no doubt edify the merits of Plaintiffs'

6   claims … and will assist the Court in understanding the true depths of the problems

7   alleged as well as the remedies available."  *Id.* at 10.

8           Plaintiffs seek permission to propound three types of discovery related to the

9   above-listed issues.  First, Plaintiffs request that the four experts who submitted

10  declarations in connection with the preliminary injunction motion be permitted to

11  conduct inspections of five Jail facilities.  Plaintiffs ask that their disabilities expert

12  inspect the Central and Rock Mountain facilities, and that their medical, mental

13  health, and security experts inspect the Central, George Bailey, Vista, and Las

14  Colinas facilities.  Second, Plaintiffs seek to serve document requests related to the

15  specific issues identified in the preliminary injunction motion, including County

16  Defendants' policies, practices, and plans as to those issues.  Third, Plaintiffs seek to

17  conduct Rule 30(b)(6) depositions of persons most knowledgeable about the six

18  specific issues identified above, with County Defendants designating one or more

19  persons as needed to provide complete and meaningful testimony as to each issue.

20  Plaintiffs seek an order requiring document productions within 30 days of service of

21  requests, inspections within 45 days of service of notices, and depositions within 60

22  days of service of notices.

23          The parties met and conferred prior to filing and reached tentative agreements

24  on many of the issues.  *See* Declaration of Van Swearingen in Support of Plaintiffs'

25

26  (xviii) the accessibility of the Jail, including housing units; and (xix) training staff
    on the rights of incarcerated people to use assistive devices.  These nineteen "sub-
27  issues" can reasonably be grouped together into, and directly relate to, the six issues
    discussed in the instant motion.  Plaintiffs do not seek expedited discovery as to any
28  issue not referenced in the preliminary injunction motion.

[3883374.11]                                    2                         Case No. 3:20-cv-00406-AJB-DDL

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LIMITED
EXPEDITED DISCOVERY

1  Motion for Limited Expedited Discovery ("Swearingen Decl.") ¶ 3, Ex. B.

2          At the discovery conference held prior to the filing of this motion, the Court

3  also raised the possibility of advancing the Rule 26(f) conference in this case.

4  Plaintiffs are amenable to this approach, which would facilitate the just and efficient

5  resolution of their claims, but not in lieu of the requested expedited discovery.  The

6  Rule 26(f) conference should be advanced **and** Plaintiffs should be granted a

7  discrete schedule for expedited discovery of the above-listed issues.[2]

8  **I.      INTRODUCTION**

9          This case seeks to address unconstitutional and unlawful conditions at the Jail

10  that for years have led to serious harm suffered by incarcerated individuals.  Dkt. 81.

11  Certain of County Defendants' most shocking and deadly practices, however, are far

12  too urgent to be litigated in the normal course—they require immediate remedial

13  action.  Faced with Jail policies and practices that regularly expose them to

14  substantial risk of serious harm, Plaintiffs had no choice but to move for a limited

15  preliminary injunction.  Dkt. 119.  The Court denied the motion without prejudice,

16  and in the course of litigating these issues, one thing became clear:  discovery is

17  urgently needed in this case.  County Defendants' counsel acknowledged as much

18  on the record, calling the motion "premature" but stating the parties could "certainly

19  do more discovery and revisit" the issues.  Swearingen Decl. ¶ 4, Ex. C [18:12-16].

20  The Court agreed that discovery would educate it as to the issues raised in the

21  preliminary injunction motion, which it called "serious[]."  Dkt. 203 at 2, 9.

22

23  _____
[2] At the conference, the Court also asked the parties to consider what issues should
24  be addressed at early neutral evaluations ("ENEs").  Plaintiffs propose that the
parties commit to participating in three ENEs focused on discrete topics—class
25  certification, ADA claims, and claims related to policies and practices for the
provision of mental health in the Jail—on which Plaintiffs believe the parties may
26  be able to make progress at an ENE.  *See* Swearingen Decl. ¶ 3, Ex. B.  Plaintiffs
propose that the first ENE be held one month after completion of expedited
27  discovery, as such discovery will help illuminate the issues in this case.  If the first
ENEs are unsuccessful, Plaintiffs believe further ENEs would be a waste of judicial
28  and party resources.  If the first ENEs are successful, however, Plaintiffs are
amenable to the Court ordering additional ENEs on other issues and claims.

1  Plaintiffs need access to information about the Jail's current practices, which is in

2  County Defendants' exclusive possession, in order to evaluate the need for and

3  scope of a potential renewed motion for a preliminary injunction and/or other

4  appropriate injunctive relief.[3]  The discovery sought will need to be exchanged in

5  this case in any event, but doing so now will expedite resolution of whether

6  particular reforms are needed now to save lives and prevent serious harms.

7  **II.    ARGUMENT**

8          This Court has discretion to authorize discovery to take place prior to the

9  conference of the parties required by Rule 26(f).  *See Semitool, Inc. v. Tokyo*

10  *Electron America, Inc.,* 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); *Citizens for*

11  *Quality Educ. San Diego v. San Diego Unified Sch. Dist.,* No. 17-cv-1054-BAS-

12  JMA, 2018 WL 1150836, at *2 (S.D. Cal. Mar. 5, 2018).  Courts in the Ninth

13  Circuit apply a "good cause" standard in deciding whether to allow expedited

14  discovery.  *Semitool, Inc.,* 208 F.R.D. at 276.  Good cause may be found "where the

15  need for expedited discovery, in consideration of the administration of justice,

16  outweighs the prejudice to the responding party."  *Id*. at 276.  A court must examine

17  the requested discovery based on "the entirety of the record and the reasonableness

18  of the request in light of all surrounding circumstances."  *Id*. at 275.  Courts consider

19  the following non-exhaustive factors in determining whether good cause justifies

20  expedited discovery: "(1) whether a preliminary injunction is pending; (2) the

21  breadth of the discovery requests; (3) the purpose for requesting the expedited

22  discovery; (4) the burden on the defendants to comply with the requests; and (5)

23  how far in advance of the typical discovery process the request was made."  *Apple*

24  *Inc. v. Samsung Elecs. Co., Ltd.*, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011)

25  (citation omitted); *see also Light Salt Invs., LP v. Fisher*, No. 13-cv-1158-MMA-

26

27  _____
   [3] Before and after filing their motion, Plaintiffs' counsel made numerous requests of

28  County Defendants in an effort to move this case forward.  County Defendants
   consistently rebuffed these efforts.  *See, e.g.,* Swearingen Decl. ¶¶ 7-8, Exs. E-G.

[3883374.11]                                    4                    Case No. 3:20-cv-00406-AJB-DDL

1    DHB, 2013 WL 3205918, at *1 (S.D. Cal. June 24, 2013).

2         **A.**     **Plaintiffs Have Good Cause for Expedited Discovery**

3         Each of the factors set forth above weighs in favor of a finding that good

4    cause exists for the Court to permit the commencement of pre-Rule 26(f) conference

5    discovery related to the issues raised in Plaintiffs' preliminary injunction motion.

6         **1.**     **Plaintiffs Seek Discovery as to the Issues Raised in Their Preliminary Injunction Motion, Which May Be Renewed.**

7

8         Expedited discovery is appropriate in cases "such as those involving requests

9    for a preliminary injunction." Fed. R. Civ. P. 26(d), Advisory Committee's Note to

10    1993 Amendment. Even where, as here, a preliminary injunction motion is not

11    pending, expedited discovery may be appropriate, such as to "allow [a] plaintiff to

12    determine whether to seek an early injunction." *Interserve, Inc. v. Fusion Garage*

13    *PTE, Ltd.*, No. C 09-05812 JW PVT, 2010 WL 143665, at *2 (N.D. Cal. Jan. 7,

14    2010); *see also Light Salt Invs.*, 2013 WL 3205918, at *2; *Ibarra v. City of Chicago*,

15    816 F. Supp. 2d 541, 555 (N.D. Ill. 2011). Plaintiffs seek expedited discovery as to

16    the urgent issues raised in their preliminary injunction motion to evaluate the need

17    for and scope of a renewed motion for injunctive relief. Discovery as to these issues

18    will also enable the parties to provide the Court with the evidence it needs to

19    evaluate such a motion, including determining appropriate remedies.

20         **2.**     **The Requested Discovery Is Limited and Narrowly Tailored.**

21         Expedited discovery is permissible when it has a "narrow focus," *Sambreel*

22    *Holdings LLC v. Facebook, Inc.*, No. 12-cv-668-CAB-KSC, 2012 WL 13175902, at

23    *4 (S.D. Cal. June 18, 2012), or where it is "relatively limited," *Light Salt Invs.*,

24    2013 WL 3205918, at *2. Here, Plaintiffs' discovery requests are narrowly tailored,

25    going no further than what is needed for Plaintiffs to determine whether and on what

26    bases to move again for injunctive relief, and for the Court to resolve any such

27    motion. The inspections would require the admission of four experts to five

28    facilities where the risks of harm identified in Plaintiffs' preliminary injunction

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY

1  motion appear most pressing.  Plaintiffs seek to obtain documents and depose

2  persons most knowledgeable about the Jail's current policies and practices regarding

3  six discrete issues only.

**3.    Allowing Discovery Is Necessary for Plaintiffs to Evaluate Any Renewed Motion for Injunctive Relief and for the Court to Rule on Such a Motion.**

6      In its order denying without prejudice the preliminary injunction motion, the

7  Court acknowledged the "seriousness of the allegations brought by Plaintiffs

8  regarding the conditions and high death rates" in the Jail.  Dkt. 203 at 2.  Eighteen

9  people died in the Jail last year, approximately three times the national death rate in

10  jails.  Dkt. 119-1 at 1.  Sixteen people have already died in custody in the first eight

11  months of this year.  Swearingen Decl. ¶ 5.  The day after the Court issued its order

12  denying without prejudice the preliminary injunction motion, another person died in

13  the Jail.  Swearingen Decl. ¶ 6.  Three weeks ago, Pedro Rodriquez, an incarcerated

14  person seeking to intervene in this case, filed a document describing a recent suicide

15  attempt and explaining that he is being housed in conditions where his mental health

16  continues to deteriorate.  Dkt. 205.  The urgency of the issues alone supports a

17  finding of good cause for expedited discovery.  *See U.S. v. Erie County, N.Y.*, No.

18  09-cv-849, Dkt. 42, at 8 (W.D.N.Y. Mar. 6, 2010) ("frequency of suicides and

19  suicide attempts" "coupled with the historical allegations in the complaint"

20  supported finding of good cause for expedited discovery regarding jail practices).

21      Further, Plaintiffs seek evidence that is directly relevant to the issues raised in

22  their preliminary injunction motion.  County Defendants' counsel agreed on the

23  record that discovery would shed light on the issues raised in that motion.

24  Swearingen Decl. ¶ 4, Ex. C [18:12-16] (counsel stating that "it's premature,

25  without doing some discovery, to determine what is actually the case," and stating

26  that County Defendants could "certainly do more discovery and revisit this issue").

27  The Court found that "[d]iscovery will no doubt edify the merits of Plaintiffs'

28  claims … and will assist the Court in understanding the true depths of the problems

1    alleged as well as the remedies available."  Dkt. 203 at 10.  Moreover, County

2    Defendants' central argument in opposition to the preliminary injunction motion

3    was that after the state audit report was issued six months ago, "changes were made

4    in the jail system."  Swearingen Decl. ¶ 4, Ex. C [12:13-15].  The examples offered

5    on the record by County Defendants' counsel—including that staff now "can no

6    longer mute" audio intercoms; MAT "has been initiated," such that incarcerated

7    people can get "methadone, suboxone, and all of the things that Plaintiffs were

8    seeking with the MAT program"; "scanners [are] working at all of the intake

9    facilities"; safety checks "are done," "logged," and "now audited regularly"; and

10   confidential mental health visits are "accommodated" "[u]pon request"—paint a

11   rosy picture of conditions at the Jail.  *Id*. [12:16-17:13].  These claims, however, are

12   not reflected **anywhere** in the record and indeed are **directly contradicted** by the

13   record evidence.  *See* Dkt. 153 at 10-11 (in opposition to preliminary injunction

14   motion, County Defendants representing that they prohibit muting of audio

15   intercoms *at two floors of Central Jail only*—not any of the other jail facilities);

16   Dkt. 153-10, ¶ 11 (Jail Medical Director stating that defendants provide MAT for

17   "exceptional cases" only and have no timeline for developing full MAT program);

18   Dkt. 119 at 5 (Plaintiffs citing evidence of inadequate body scanner policies and

19   practices, unrebutted in County Defendants' opposition), 7-8 (Plaintiffs citing

20   evidence of insufficient safety checks, unrebutted in County Defendants'

21   opposition); Dkt. 119-11 at 16 (Jail mental health clinician stating that "clinical

22   contacts with [] patients were non-confidential 99% of the time" for reasons

23   unrelated to security and despite patient requests, undermining adequacy of care).

24   The evidence needed to examine the veracity of County Defendants' unsupported

25   claims about "recent changes" in the Jail is in the possession, custody, and control of

26   County Defendants only and is not available through any other means.  Swearingen

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LIMITED
EXPEDITED DISCOVERY

1  Decl. ¶ 4, Ex. C [12:10-12; 18:3-5].[4]

2      In ruling on motions like this one, "[c]ourts also consider whether the

3  requested 'expedited discovery would ultimately conserve party and court resources

4  and expedite the litigation.'" *Rose v. Seamless Fin. Corp.*, No. 3:11-cv-00240-AJB-

5  KSC, 2012 WL 6052006, at *2 (S.D. Cal. Dec. 4, 2012) (quoting *Semitool*, 208

6  F.R.D. at 276); *see also Erie County*, No. 09-cv-849, Dkt. 42, at 8 (finding good

7  cause for early discovery into jail's suicide prevention protocols that were

8  "necessary for the [plaintiff] to determine whether it should seek a preliminary

9  injunction to impose immediate remedial measures to decrease the number of

10  preventable suicides"). Here, the requested discovery will help Plaintiffs to

11  determine whether it is appropriate to narrow the scope of a renewed preliminary

12  injunction motion. Commencing discovery now and putting the Court in the best

13  position to address a motion for injunctive relief will afford a measure of clarity to

14  the parties and facilitate effective case management.

15      **4.    Responding to Plaintiffs' Requests Would Not Impose an Undue Burden on County Defendants.**

16

17      Any burden imposed on County Defendants in responding to Plaintiffs'

18  discovery requests would be minimal relative to discovery as to all issues in this

19  case. *See NobelBiz, Inc. v. Wesson*, No. 14-cv-0832-W-JLB, 2014 WL 1588715, at

20  *2 (S.D. Cal. Apr. 18, 2014) (ordering expedited discovery including requests for

21  production, a deposition, interrogatories, and a third-party subpoena); *Erie County*,

22  No. 09-cv-849, Dkt. 42, at 10 (ordering expedited discovery including interroga-

23

24  ─────────────

[4] County Defendants have noted that Plaintiffs have received documents through
25  submitting California Public Records Act ("CPRA") requests. The CPRA is no
substitute for discovery, however. Plaintiffs seek expedited discovery of more than
26  just documents—Plaintiffs' experts cannot assess the conditions of the Jail without
inspections, and Plaintiffs need to depose persons most knowledgeable who can
27  explain relevant policies and practices. Even as to documents, County Defendants
have already refused to provide many categories of documents, including drafts and
28  revisions of policies, investigative records, security files, and medical or personnel
files, and Plaintiffs have experienced months-long delays in receiving documents.

[3883374.11]

8

Case No. 3:20-cv-00406-AJB-DDL

1    tories, requests for production, and an inspection of jail).  Plaintiffs seek documents

2    that are directly relevant to six discrete issues.  These issues already have been the

3    subject of extensive briefing, and at the hearing on the preliminary injunction

4    motion, County Defendant's counsel indicated they had recently searched for any

5    available and relevant documents.  Swearingen Decl. ¶ 4, Ex. C [16:22-18:5]

6    (County Defendants' counsel that they "tried hard to find any record" that

7    incarcerated person with mobility disability was forced to climb the stairs to meet

8    with counsel, and "did [their] best to determine if [] facts [asserted in Plaintiffs'

9    declarations] were accurate"); *see also OMG Fidelity, Inc. v. Sirius Techs., Inc.*, 239

10   F.R.D. 300, 304-05 (N.D.N.Y. 2006) (expedited discovery appropriate if "the

11   burden of responding to [document requests] would not be particularly onerous").

12           Plaintiffs further request that four of their experts be permitted to inspect five

13   of the seven facilities that comprise the Jail.  Plaintiffs are amenable to having

14   multiple experts at a particular facility on the same day (subject to each expert's

15   availability).  Because Plaintiffs seek to observe the Jail's normal operations, no

16   other preparation is required.  Plaintiffs also seek to depose persons most

17   knowledgeable about the specific issues raised in the preliminary injunction motion,

18   and unlike typical fact and expert witnesses, they likely require minimal preparation

19   to testify about fundamental aspects of their work at the Jail.  Plaintiffs, of course,

20   remain willing to continue to meet and confer with County Defendants as to the

21   timing and parameters of the inspections and depositions to minimize any burden.

22           **5.      County Defendants' Motion to Dismiss Will Not Eliminate the Need for the Requested Discovery and There Are Urgent Risks of Irreparable Harm Without Such Discovery.**

23

24           County Defendants' motion to dismiss the SAC was filed on May 9, 2022.

25   Dkt. 133.  The motion is fully briefed but remains pending,[5] and it is unclear when it

26

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [5] Courts routinely grant motions for expedited discovery even with motions to dismiss pending. *See, e.g., Quintero Fam. Tr. v. Onewest Bank, F.S.B.*, No. 09-cv-1561-IEG-AJB, 2009 WL 3381804, at *1 (S.D. Cal. Oct. 16, 2009); *Hardie v.*

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY

1  will be resolved and the Rule 26(f) conference will be scheduled.  Moreover, the

2  Court's decision on the motion will not eliminate the need for discovery as to the six

3  issues identified.  The only grounds on which County Defendants seek dismissal are

4  ones the Court already rejected, *see* Dkt. 203, at 6-9 (rejecting County Defendants'

5  mootness and exhaustion arguments), or limited ADA theories that are unrelated to

6  the issues on which Plaintiffs seek expedited discovery, *see* Dkt. 203, at 22-23

7  (moving to dismiss Plaintiffs' ADA claim only as to "integration mandate" issues).

8    Permitting limited discovery now would not be too far in advance of when

9  discovery may commence in the normal course.  *See Bona Fide Conglomerate Inc.*

10 *v. SourceAmerica*, No. 14-cv-0751-GPC-DHB, 2014 WL 12515242, at *2 (S.D. Cal.

11 Nov. 7, 2014) (granting discovery two months before opening of discovery was not

12 too remote in time).  The parties, however, are currently in a position of indefinite

13 waiting, which severely prejudices Plaintiffs, for whom time is of the essence.  *See*

14 Dkt. 162 at 1.  Each death or serious harm that occurs between now and the opening

15 of discovery in this case—and there already have been many since the filing of the

16 preliminary injunction motion, *see* Swearingen Decl. ¶ 5—is one that potentially

17 could be prevented.  County Defendants would be unharmed by an expedited

18 discovery schedule on narrow issues, while delay can be a matter of life and death.

19 **III.   CONCLUSION**

20   Plaintiffs have made the requisite showing of good cause for limited,

21 expedited discovery on issues related to their preliminary injunction motion and a

22 potential future motion for injunctive relief.  Plaintiffs are amenable to the Court

23 advancing the Rule 26(f) conference in addition to ordering expedited discovery on

24 the preliminary injunction issues   Plaintiffs respectfully request that the Court grant

25 their motion, and enter the Proposed Order attached as Exhibit A to the Declaration

26 of Van Swearingen, filed herewith.

27 _____

28 *N.C.A.A.*, No. 13-cv-346-W-DHB, 2013 WL 1399333, at *2 (S.D. Cal. Apr. 5, 2013) (same).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY

1   DATED:  September 7, 2022          Respectfully submitted,

2                                      ROSEN BIEN GALVAN & GRUNFELD LLP

3

4                                      By:  */s/ Van Swearingen*
                                            Van Swearingen

5

6                                      Attorneys for Plaintiffs
                                       Email:  vswearingen@rbgg.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LIMITED
EXPEDITED DISCOVERY