Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA  92101-8474
Tel:  619.814.5800     Fax:  619.814.6799

Attorneys for Defendant
COUNTY OF SAN DIEGO (also erroneously sued as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, and SAN DIEGO COUNTY PROBATION DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et.al.,<br><br>             Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et.al.,<br><br>             Defendants. | Case No.  3:20-cv-00406-AJB-WVG<br><br>**DEFENDANT COUNTY OF SAN DIEGO'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY**<br><br>No Hearing Date [Dkt. 211]<br><br>Magistrate:  Hon. David D. Leshner |

Defendant County of San Diego (also erroneously sued as San Diego County Sheriff's Department, and San Diego County Probation Department) submits its opposition to Plaintiffs' motion for expedited discovery.

///
///
///
///
///
///
///
///

# I. INTRODUCTION

This is a putative class action lawsuit involving Plaintiffs' unwieldy 253-page Second Amended Complaint, which seeks wide-ranging injunctive relief based on a laundry list of alleged deficiencies occurring at the San Diego County jails. The Rule 26 conference has not yet been scheduled nor has the early meeting of counsel occurred. Yet plaintiffs seek expedited on <u>six broad topics and 19 sub-topics</u>. But they fail to make a showing of good cause to justify an exception to the general rule. This is not a situation where plaintiffs seek to learn the name of a key defendant or obtain specific documents. Nor is the discovery sought *targeted*, as plaintiffs claim. Instead, plaintiffs' stated objective is to acquire more information such that they may revisit their <u>entire</u> Motion for Preliminary Injunction. This motion should be denied given the breadth of the discovery sought and the burden it would impose. Further, the pleadings are not at issue as a ruling on Defendants' Motion to Dismiss is still pending, which seeks in part to narrow Plaintiffs' allegations[1]. Ignoring their standing issues and the problems with their operative pleading, Plaintiffs plow ahead and seek to issue overbroad and vague discovery on an expedited basis without showing good cause.

Plaintiffs also want this Court to order that nothing limits their ability to propound *broader* requests in the course of discovery – meaning that they can ask for *additional* inspections of the same facilities with the same experts and conduct depositions involving the same witnesses, even after the parties have undertaken efforts for this "expedited" discovery.

Plaintiffs lack good cause for their expedited discovery requests. Their discovery is overbroad, far from narrowly-tailored, unduly burdensome and fails

---

[1] There are fundamental issues with Plaintiffs' Second Amended Complaint and hopes for class certification, as demonstrated by the court's order denying Plaintiffs' motion for preliminary injunction, finding that Plaintiffs lack standing on many of their claims. (Dkt. 203.) For example, they failed to identify a single named plaintiff who suffered an injury-in-fact from Defendants' conduct or to plead an injury altogether.

proportionality standards.  Plaintiffs should first cure their standing problem and put the case at issue before being able to proceed with discovery in this litigation.

## II. LEGAL STANDARD

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1).  The "good cause" standard applies in deciding whether to permit early discovery.  *Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 274 (N.D. Cal. 2002). Good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id*. at 276. Courts commonly consider the following factors in determining whether good cause justifies expedited discovery: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Elec. Co., Ltd*., 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011) (citation omitted).  Courts must examine "the reasonableness of the request in light of all the surrounding circumstances." *See Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1067. A court may deny a motion for expedited discovery where the discovery sought is not "narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of plaintiff's claims in this action." *Id*. at 1069 (internal quotes omitted)*; Dimension Data N. Am. v. NetStar–1, Inc*., 226 F.R.D. 528, 532 (E.D.N.C. 2005).

## III. PLAINTIFFS FAIL TO MAKE THE APPROPRIATE SHOWING AS REQUIRED BY THE COURT

The Court, in its September 1, 2022 minute order, ordered that "The parties' briefing should address the <u>relevance</u> and <u>proper scope</u> of any expedited discovery, <u>whether any such discovery is available by other means</u>, and the parties' positions

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4892-0902-3539 v1

- 3 -

3:20-CV-00406-AJB-WVG
OPPO. TO MTN FOR EARLY DISCOVERY

on advancing the date of the Rule 26(f) conference.  The parties shall provide the Court with <u>specifics</u> regarding the logistics and timing of any proposed discovery." [Doc. 211 (emphasis added)].  Plaintiffs fail to meet these standards.  Their brief paints broad strokes and speaks in generalities.  There is no specificity as to any discovery item requested, as discussed below.

For relevance, Plaintiffs broadly maintain that: "Plaintiffs seek evidence that is directly relevant to the issues raised in their preliminary injunction motion.  County Defendants' counsel agreed on the record that discovery would shed light on the issues raised in that motion." (Mot'n at 8.)   Plaintiffs do not articulate the claimed relevance as it applies to any specific request.  There is no discussion tying the need for an inspection as to the allegations in the operative complaint or any explanation that the issues need to undergo a physical inspection.  The motion is devoid of any detail even identifying <u>what</u> is being inspected, the manner it is being inspected, and why it is being inspected.  For example, is Mr. Austin intending to inspect all intercoms, emergency button systems, surveillance equipment, and elevators to make sure they are working?  If the purpose of the inspection is to discover what systems are in place, there are less intrusive, burdensome, and disruptive means of seeking this information.  It appears that purpose of the inspections is to interview staff and incarcerated individuals rather than obtaining information about the jail's procedures and systems, which can be obtained through means other than an inspection.  The statements in these interviews would constitute hearsay[2].  The County cannot gauge and counter the specific inspection activity without Plaintiffs identifying what exactly is to be inspected and in what manner and the questions to be broached.  The lack of this important information warrants an outright denial of Plaintiffs' inspection requests.

---

[2] While experts may rely on hearsay, solicited or "softball" questions to prisoners/ potential clients may not yield accurate information.  Plaintiffs' counsel expressed a desire to have incarcerated persons interviewed without the presence of defense counsel and declined to audio-tape or otherwise record the interviews.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4892-0902-3539 v1

- 4 -

3:20-CV-00406-AJB-WVG
OPPO. TO MTN FOR EARLY DISCOVERY

Plaintiffs do not even attempt to discuss the actual discovery document requests they seek to issue (they are briefly referenced in the proposed order attached to their declaration) or explain why they need these overbroad requests that have no limit in scope or time. Nor do Plaintiffs explain the relevance of the 30(b)(6) depositions, other than stating they are relevant in general terms.

Plaintiffs do not provide any specificity (which the Court required) to support their position that the discovery is not obtainable by other means. They simply maintain that the discovery is not available by any other means because it is in the County's possession – no other explanation provided is as to why other options for obtaining the information will not suffice. Plaintiffs also fail to discuss logistics. Thus, plaintiffs fail to meet their burden to show good cause for their requested discovery based on what the Court requested that they articulate.

## IV. **PLAINTIFFS LACK GOOD CAUSE FOR EXPEDITED DISCOVERY**

Plaintiffs cannot demonstrate good cause for seeking expedited discovery in the form of burdensome and non-specified inspection requests (14 inspections), broad document requests, and premature 30(b)(6) depositions. Plaintiffs seek expedited discovery related to six issues: (1) drug overdoses and overdose deaths; (2) the adequacy and timeliness of safety checks; (3) audio intercom and video surveillance systems, and related staff responses to emergencies; (4) the consideration given to mental health staff's clinically-based recommendations for incarcerated people with mental health needs; (5) the provision of mental health care in confidential settings; and (6) the provision of safe and accessible housing and programming to incarcerated people with mobility disabilities. Plaintiffs acknowledge these topics have 19 sub-issues, making the topics even broader.

It is not the County's position that no discovery is warranted in this case. Rather, the issue is one of timing, relevance, and overbreadth. Plaintiffs essentially seek bifurcation of discovery issues. They want early inspections, depositions, and documents on these six issues – which they claim are matters of pressing concern –

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4892-0902-3539 v1

- 5 -

3:20-CV-00406-AJB-WVG
OPPO. TO MTN FOR EARLY DISCOVERY

yet they intend to issue future discovery for additional inspections of the jails, depositions, and document requests on the other multitude of issues in their Second Amended Complaint, requiring significant work and overlap. Plaintiffs fail to show good cause for their proposed staging of discovery.[3]

Plaintiffs fail to show good cause to advance their request for early discovery as explained below. First, plaintiffs' counsel have already been obtaining information and documents from the Sheriff's Department for more than a year via Public Records Act requests. (*See e.g.* Ex. PP to Plaintiffs' Motion [Doc. 119-3].) Additionally, the policies of the Sheriff's Department for operation of the county jails are publicly available online. (*See e.g.* Ex. SS to FFF of Plaintiffs' Motion [Doc. 119-3].) Plaintiffs' counsel have also collected reports, audits, and statistics from agencies such as the State Auditor, CLERB, COCHS, Disability Rights California, NCCHC, the county's Grand Jury, SANDAG, and articles from newspapers. (*See e.g.* Ex. B-RR of Plaintiffs' Motion [Doc. 119-3].)

Second, plaintiffs' counsel have talked to scores of current and former incarcerated persons, as evidenced by the numerous declarations attached to their Motion for Preliminary Injunction and Provisional Class Certification [Doc. #119]. They have also talked to and obtained declarations and information from former health care staff persons, including Christine Evans and Jennifer Alonso. (*See id.*) Their Motion for Preliminary Injunction represented well over a year of work in collecting evidence; accordingly, there is no reason to believe that their collection of additional evidence to revisit the entire motion will be a short or simple process.

**A.   No Preliminary Injunction is Pending**

---

[3] Plaintiffs maintain that these six issues are pertinent for rapid discovery due to the number of deaths in the jail, but they are speculating as to cause and ignore the natural deaths. Further, while drugs and suicide may affect the death rate, all of . The County, in its opposition to the preliminary injunction motion, described in depth the problems with Plaintiffs' claimed evidence – including their statistics on the death rate failing to take into account the turnover in the population.

Expedited discovery is appropriate in cases "such as those involving requests for a preliminary injunction." Fed. R. Civ. P. 26(d), Advisory Committee's Note to 1993 Amendment.  <u>But plaintiffs did not seek discovery during the pendency of their Motion for Preliminary Injunction</u>, a period when courts often permit expedited discovery designed to obtain information required for the preliminary injunction.  *Palermo*, 2012 WL 2106228, at *2. However, courts do not grant expedited discovery merely because a party seeks a preliminary injunction; they must examine "the reasonableness of the request in light of all the surrounding circumstances." See *Am. LegalNet, Inc.,* 673 F. Supp. 2d at 1067. Further, a court may deny a motion for expedited discovery where a moving party seeks discovery that is not "narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of plaintiff's claims in this action." *Id.* at 1069 (internal quotation marks omitted); *Dimension Data N. Am. v. NetStar–1, Inc.,* 226 F.R.D. 528, 532 (E.D.N.C. 2005) (denying request for expedited discovery in part because "the discovery requested is not narrowly tailored to obtain information relevant to a preliminary injunction determination").

Plaintiffs cite case law for the proposition that expedited discovery may be appropriate to "allow [a] plaintiff to determine whether to seek an early injunction." (*See* Mot'n [Doc. 212] at 5, citing *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, No. C 09-05812 JW PVT, 2010 WL 143665, at *2 (N.D. Cal. Jan. 7, 2010), *inter alia*.) But this situation does not apply here.  Plaintiffs sought a preliminary injunction after more than a year of collecting information and evidence, and they now seek to acquire more evidence to support a renewed motion.  Their proposed discovery, however, is not targeted nor does it relate to a pending motion.  As plaintiffs point, out some of the topics relate to the claims raised in their operative complaint.  See *Am. LegalNet, Inc*., 673 F. Supp. 2d 1063, 1069(C.D. 2009) (courts may deny a motion for expedited discovery where a moving party seeks discovery that is not "narrowly tailored to obtain information relevant to a preliminary injunction

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4892-0902-3539 v1

- 7 -

3:20-CV-00406-AJB-WVG
OPPO. TO MTN FOR EARLY DISCOVERY

determination and instead goes to the merits of plaintiff's claims in this action.").

### B. The Proposed Discovery is Overly Broad

Expedited discovery is permissible when it has a "narrow focus," *Sambreel Holdings LLC v. Facebook, Inc.*, No. 12-cv-668-CAB-KSC, 2012 WL 13175902, at *4 (S.D. Cal. June 18, 2012), or where it is "relatively limited," *Light Salt Invs.*, 2013 WL 3205918, at *2. Despite plaintiffs' claim that their requests are narrowly tailored, quite the opposite is true. Plaintiffs have described the PMK witness topics and the site inspections, but they have provided no detail about the documents they would seek on their stated 6 main topics and 19 sub-topics. Their proposed expedited discovery is broad, burdensome, and directed toward the merits of the dispute, which weighs against expedited discovery. See *Palermo*, 2012 WL 2106228, at *3 (denying plaintiff's motion for expedited discovery in advance of its motion for preliminary injunction where plaintiff's request "appear[ed] to be a vehicle to conduct the entirety of his discovery prior to the Rule 26(f) conference" and would impose an undue burden on defendant).

### C. The Stated Purpose is Not Targeted or Narrow

Plaintiffs contend that the requested expedited discovery is needed to further support their Motion for Preliminary Injunction, with new evidence. But the scope of the proposed discovery is so broad that it weighs against expedited discovery. See *Palermo*, 2012 WL 2106228, at *3 (citing *Better Packages, Inc. v. Zheng*, 2006 WL 1373055 (D.N.J. 2006) (observing that granting the request for expedited discovery "would lead to the parties conducting nearly all discovery in an expedited fashion under the premise of preparing for a preliminary injunction hearing, which is not the purpose of expedited discovery.")). Plaintiffs' counsel were unwilling to focus on one subject area, such as ADA-compliance for example, instead opting to revisit their entire motion and all of its grounds.

### D. The Proposed Discovery Would Unduly Burden Defendants

The discovery proposed by plaintiffs is unduly burdensome. In assessing

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4892-0902-3539 v1

- 8 -

3:20-CV-00406-AJB-WVG
OPPO. TO MTN FOR EARLY DISCOVERY

whether expedited early discovery is appropriate, the courts consider whether the burden of responding to discovery is onerous. *see also OMG Fidelity, Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 304-05 (N.D.N.Y. 2006) (expedited discovery appropriate if "the burden of responding to [document requests] would not be particularly onerous"). Here, the burden would be enormous. Plaintiffs seek to conduct approximately 40 hours of site inspections (full days at 5 jails – approximately 40 hours), propound untold requests for production of documents (no specific requests provided yet), and take numerous PMK depositions.

By themselves, the topics set forth for the proposed 30(b)(6) depositions are very broad and may yield 5 or more deponents for each of the 6 overarching subjects. Plaintiffs have proposed six very broad topics but each of these contain numerous sub-topics. The County estimates that plaintiffs' list of topics would consist of approximately 30 deponents or more. Training, policies, investigations, contracts, audits, logs, and disciplinary records are likely to fall to different persons, whether on the issue of drug overdoses, safety checks, audio/intercoms, video surveillance, and/or staff response, yielding *at least* 5 persons for each of the topics. Medical, mental health care, custody, investigations, discipline[4] and technical support are all in separate departments, creating additional deponents. The persons who handle drug interdiction are different from those who operate the scanners and those who treat substance abuse and overdoses.

Plaintiffs speculate that PMK witnesses – unlike fact witnesses - "likely require minimal preparation to testify about fundamental aspects of their work at the Jail" (*see* Mot'n at 9); however, this is patently incorrect. Fact witnesses testify from their memory of events they personally witnessed, whereas PMK witnesses may be designated as the "most knowledgeable" but still need to review

---

[4] Requests for documents or deponents on the issue of staff discipline within the Sheriff's Department is also likely to lead to discovery disputes given the POBRA, privacy, and other concerns inherent in these topics.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4892-0902-3539 v1

- 9 -

3:20-CV-00406-AJB-WVG
OPPO. TO MTN FOR EARLY DISCOVERY

policies/training or other pertinent documents. Legally, PMK witnesses are entitled to *become* the most knowledgeable by learning about a topic. Further, for example, a person with the title of "Training Coordinator" might be generally knowledgeable about <u>how</u> training is conducted in the Sheriff's Department but not specifically familiar with particular courses and thus might need to review the curricula and materials for any specific courses before providing testimony.

Plaintiffs propose having four of their experts conduct all-day depositions of five of the county jails, and they contend that because they seek to "observe the Jail's normal operations, no other preparation is required." (*See* Mot'n at 9.) Again this is incorrect. Any inspections need to be coordinated so they do not interfere with jail operations and normal programming (meals, recreation time, medication etc.). All attendees will need to be cleared for entry and given appropriate visitor badges, with escorts. Some incarcerated persons may pose a safety or medical risk (*i.e.* assaultive, covid-positive, etc.) and staff need to make sure to keep them away from touring visitors. Plaintiffs' counsel have proposed having a map of the facilities and a list of supervising staff – in advance of the inspections – which would take time to collect and prepare. Although plaintiffs offer to simultaneously conduct multiple inspections, this would create staff shortages and impede operations of the jail.

Even worse, plaintiffs have given no indication of the documents which they seek to collect. They have not provided a list – or a number – of the requests for production. Given the sheer number of documents attached to their first Motion for Preliminary Injunction, and the volume of documents acquired via PRA requests (necessitating Relativity to store), the County anticipates the requested document production will be extremely onerous unless limited by this Court.

### E. The Request For Expedited Discovery is Premature

Currently, the County has a motion to dismiss pending. (Dkt. 133.) In this procedural status, the court could well stay discovery pending resolution of the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4892-0902-3539 v1

- 10 -

3:20-CV-00406-AJB-WVG
OPPO. TO MTN FOR EARLY DISCOVERY

motions to dismiss and amendment of the Complaint if any, until all defendants file Answers. Fed. R. Civ. P. 26(c)(1); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Appellant argues that the district court should not have dismissed its claims without permitting discovery ... The purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery."); *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 829 (9th Cir. 2003). Defendant is not seeking a stay here as its motion to dismiss is not dispositive; however, the fact that there are motions to dismiss pending is a factor weighing against conducting early discovery.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs' request for expedited discovery should be denied. The discovery process should begin after the Rule 26 conference is held.

Dated: September 14, 2022  BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Susan E. Coleman*
Susan E. Coleman

Attorneys for Defendant
COUNTY OF SAN DIEGO

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4892-0902-3539 v1

- 11 -

3:20-CV-00406-AJB-WVG
OPPO. TO MTN FOR EARLY DISCOVERY

# DECLARATION OF SERVICE

I, the undersigned, declare: That I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

On September 14, 2022, I served the following document(s): **DEFENDANT COUNTY OF SAN DIEGO'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY,** in the following manner:

☒ **(BY CM/ECF)** I cause to be transmitted a copy of the foregoing document(s) this date via the United States District Court' ECF System, which electronically notifies all counsel as follows:

**PLEASE SEE ATTACHED SERVICE LIST**

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 14, 2022, at San Diego, California.

By: s/*Susan E. Coleman*
E-mail: scoleman@bwslaw.com

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4892-0902-3539 v1

- 12 -

3:20-CV-00406-AJB-WVG
OPPO. TO MTN FOR EARLY DISCOVERY

## SERVICE LIST

| | |
|---|---|
| Gay C. Grunfeld, Esq.<br>Van Swearingen, Esq.<br>Priyah Kaul, Esq.<br>Eric Monek Anderson, Esq.<br>ROSEN BIEN GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, CA 94105-1738<br>ggrunfeld@rbgg.com<br>vswearingen@rbgg.com<br>pkaul@rbgg.com<br>eanderson@rbgg.com | Attorneys for Plaintiff |
| Aaron J. Fischer, Esq.<br>LAW OFFICE OF AARON J. FISCHER<br>2001 Addison Street, Suite 300<br>Berkeley, CA 94704-1165<br>ajf@aaronfischerlaw.com | Attorneys for Plaintiff |
| Christopher M. Young, Esq.<br>Isabella Neal, Esq.<br>Oliver Kiefer, Esq.<br>DLA PIPER LLP (US)<br>401 B Street, Suite 1700<br>San Diego, CA 92101-4297<br>christopher.young@dlapiper.com<br>isabella.neal@dlapiper.com<br>oliver.kiefer@dlapiper.com | Attorneys for Plaintiff |
| Bardis Vakili, Esq.<br>Jonathan Markovitz, Esq.<br>ACLU OF SAN DIEGO AND IMPERIAL COUNTIES<br>2760 Fifth Avenue, Suite 300<br>San Diego, CA 92103-6330<br>bvakili@aclusandiego.org<br>jmarkovitz@aclusandiego.org | Attorneys for Plaintiff |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4892-0902-3539 v1

- 13 -

3:20-CV-00406-AJB-WVG
OPPO. TO MTN FOR EARLY DISCOVERY