UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: 20-cv-00406-AJB-WVG<br><br>**ORDER GRANTING MOTIONS TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**(Doc. Nos. 109, 125, 133, 134)** |

Presently pending before the Court is Defendants Logan Haak, M.D., Inc., Liberty Healthcare, Inc., County of San Diego, and Correctional Healthcare Partners, Inc.'s (collectively, "Defendants") motions to dismiss. (Doc. Nos. 109, 125, 133, 134.) The motions are fully briefed, (Doc. Nos. 136, 144, 160, 170, 174, 177, 178, 187), and the

1

matter is suitable for determination on the papers. For the reasons set forth below, the Court **GRANTS** Defendants' motions to dismiss.

## I. BACKGROUND

Plaintiffs Darryl Dunsmore, Ernest Archuleta, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, and Laura Zoerner (collectively, "Plaintiffs") are current or former inmates of San Diego County Jail facilities (the "Jail"), operated by Defendants San Diego County Sheriff's Department ("Sheriff's Department") and County of San Diego (the "County") (collectively, "County Defendants"). Correctional Healthcare Partners, Inc. ("CHP") and Liberty Healthcare, Inc., (collectively, "Contractor Defendants") provide security, medical care, mental health care, and dental care to the individuals incarcerated in the Jail. Plaintiffs bring this action on behalf of "themselves and the approximately 4,000 incarcerated people who are similarly situated on any given day" to "remedy the dangerous, discriminatory, and unconstitutional conditions in the Jail." (Second Amended Complaint ("SAC"), Doc. No. 81, ¶ 6.) Specifically, Plaintiffs contend Defendants' policies and practices contribute to the high death rates in the Jail, which "has for years exceeded the rates nationally and in other large California jails, [and] it reached chilling heights in 2021 when 18 people died, amounting to a death rate of 458 incarcerated people per 100,000." (*Id.* ¶ 1.)

To this point, the California State Auditor's February 3, 2022 report found that "the Sheriff's Department has failed to adequately prevent and respond to the deaths of individuals in its custody." (*Id.* ¶ 2 (quoting Doc. No. 119-3 at 44).) These deaths are "often attributable to suicide, overdoses, homicide, and medical neglect, and many involved persons with a mental illness." (*Id.* ¶ 3.) As such, Plaintiffs seek declaratory and injunctive relief against Defendants for their "deliberate indifference to their obligation to provide incarcerated people with minimally adequate medical care[,]" (*id.* ¶ 7); "deliberate indifference to their failure to provide incarcerated people with minimally adequate mental health care[,]" (*id.* ¶ 9); "systemic and willful discrimination against, and failure to provide reasonable accommodations in, programs, services, and activities to incarcerated people in

the Jail who have disabilities[,]" (*id.* ¶ 10); "deliberate indifference to their failure to ensure the safety and security of incarcerated people against other unreasonably dangerous conditions in the Jail[,]" (*id.* ¶ 11); "deliberate indifference to their failure to provide incarcerated people with adequate dental care[,]" (*id.* ¶ 12); and "interference with Plaintiffs' right to effective assistance of counsel and right to access the courts . . . ." (*id.* ¶ 13).

The SAC alleges violations of (1) the Eighth Amendment, pursuant to 42 U.S.C. § 1983; (2) the Fourteenth Amendment, pursuant to § 1983; (3) Article 1, Section 7 of the California Constitution; (4) Article 1, Section 17 of the California Constitution; (5) the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132, 12203; (6) the ADA, § 12188; (7) the Rehabilitation Act, 29 U.S.C. § 794; (8) the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.; (9) Cal. Gov't Code § 11135; (10) the Sixth Amendment, pursuant to 42 U.S.C. § 1983; (11) Section 15 of the California Constitution; (12) the Fourteenth Amendment, pursuant to § 1983; (13) Section 7 of the California Constitution; (14) the ADA for discrimination contributing to unnecessary incarceration and institutionalization; and (15) Cal. Gov't Code § 11135 for discriminatory impact. (*Id.* ¶¶ 398–464.)

## II.   REQUESTS FOR JUDICIAL NOTICE

Federal Rule of Evidence 201(b) permits judicial notice of any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be questioned." Fed. R. Evid. 201(b); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Moreover, "[a] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as recognized in *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Further, when ruling on a Rule 12(b)(6) motion to dismiss, courts may consider

material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

### A. Plaintiffs' Requests for Judicial Notice

To begin, Plaintiffs request judicial notice of three contracts, each with San Diego County. (Doc. Nos. 136-1, 160-1, 170-1.) Specifically, these contracts are between San Diego County and Defendants Haak, Liberty, and CHP, respectively. (*See id.*) Defendant CHP joins in Plaintiffs' request for judicial notice of its contract with San Diego County. (*See* Doc. No. 135 at 2, 4.) However, the Court does not rely on these documents in reaching its conclusion below. Accordingly, the Court **DENIES AS MOOT** Plaintiffs' requests for judicial notice as to these exhibits.

### B. CHP's Request for Judicial Notice

Next, CHP requests judicial notice of several documents. (Doc. Nos. 135, 179.) First, CHP requests the Court to take judicial notice of the California Secretary of State's business entity records for CHP, which shows its date of incorporation as June 4, 2020. (Doc. No. 135 at 2.) Plaintiffs do not oppose this request. Under Rule 201, the court can take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet," such as websites run by governmental agencies. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010) (taking judicial notice of information on the websites of two school districts because they were government entities). The Court will therefore **GRANT** CHP's request for judicial notice of the business entity profile on the California Secretary of State's website.

CHP further requests judicial notice of (1) the existence of the County of San Diego's business record, a termination letter, which shows the date of termination of contract number 563402 of May 31, 2022; and (2) the existence of the service agreement between the County of San Diego and NaphCare, Inc. and NaphCare of San Diego, LLC (collectively, "NaphCare"), which identifies the initial term of such agreement as commencing on June 1, 2022. (Doc. No. 179 at 2.) However, the Court does not rely on

these documents in reaching its conclusion below. Accordingly, the Court **DENIES AS MOOT** CHP's requests for judicial notice as to these exhibits.

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court may dismiss a complaint as a matter of law for: "(1) lack of cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Notwithstanding this deference, the reviewing court need not accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002), superseded by statute on other grounds, ADA Amendments Act of 2008, Pub. L. No. 110–325, §§ 4(a), 8, 122 Stat. 3555.

## IV. DISCUSSION

The Second Amendment Complaint brings fifteen causes of action, seeking injunctive and declaratory relief. Defendants Dr. Haak, Liberty, the County, and CHP each move to dismiss Plaintiffs' SAC pursuant to Federal Rule of Civil Procedure 12(b)(6).

///

5

20-cv-00406-AJB-WVG

### A.     Claim One: Eighth Amendment

Individuals in state custody have a constitutional right to adequate medical treatment. *See Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). For inmates serving custodial sentences following a criminal conviction, that right is part of the Eighth Amendment's guarantee against cruel and unusual punishment. *Id.* However, pretrial detainees have not yet been convicted of a crime and therefore are not subject to punishment by the state. Accordingly, their rights arise under the Fourteenth Amendment's Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 535–36 n.16 (1979). The specific right at issue matters, because unlike the Eighth Amendment, the Fourteenth Amendment does not require a plaintiff to prove a defendant's state of mind. *Kingsley v. Hendrickson*, 576 U.S. 389, 395–97 (2015).

Plaintiffs allege in their Second Amended Complaint that they are pretrial detainees and do not provide authority for the proposition that the cruel and unusual punishment provision extends to persons other than convicted prisoners. Additionally, Plaintiffs' rights may be vindicated by the Fourteenth Amendment, which is referenced in the second claim. Accordingly, they currently plead themselves out of a viable Eighth Amendment claim. As such, the Court **GRANTS** Defendant CHP's motion to dismiss Plaintiffs' Eighth Amendment claim as to all defendants **WITHOUT LEAVE TO AMEND**.

### B.     Claim Eight: Unruh Civil Rights Act Against County of San Diego

The County moves to dismiss Plaintiffs' eighth claim for violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51, et seq., because county jails are not considered "business establishments" and thus the Unruh Act does not apply to it. (Doc. No. 133 at 21.) Plaintiffs concede that a claim under the Unruh Act does not lie against the County. (Doc. No. 177 at 8.) Thus, the Court **GRANTS** the County's motion to dismiss the eighth claim against it **WITH PREJUDICE**. *See Taormina v. Cal. Dep't of Corr.*, 946 F. Supp. 829, 834 (S.D. Cal. 1996) (holding a prison does not qualify as a business entity under Cal. Civ. Code § 51); *Wilkins-Jones v. Cnty. of Alameda*, No. C 08-1485 MHP, 2010 WL 4780291, at *9

(N.D. Cal. Nov. 16, 2010) (finding defendant County of Alameda was not liable under Unruh Act).

### C. Shotgun Pleading

Regarding the remainder of the SAC, Plaintiffs fall short of providing allegations that are plausible. Plaintiffs' 223-page SAC "incorporate[s] by reference" the preceding paragraphs without regard to the relevancy of the earlier allegations or how they relate to each claim. This is "shotgun pleading." *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014).

The allegations under the individual claims are also inadequate. These claims are conclusory and lack specificity. For example, the first paragraph of the first claim reincorporates the 397 preceding paragraphs while the two remaining paragraphs conclude that Defendants subject Plaintiffs "to a substantial risk of harm and injury . . . . and have condoned or been deliberately indifferent to such conduct." (SAC ¶¶ 399–400.) "[M]ere conclusory statements, do not suffice" for a pleading. *Ashcroft*, 556 U.S. at 678.

Many courts, including this one, have sharply criticized shotgun pleading. *See Mason v. Cnty. of Orange*, 251 F.R.D. 562, 563 (C.D. Cal. 2008). This criticism is amply justified, as "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996). "Judges are not like pigs, hunting for truffles buried in briefs." *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Here, Plaintiffs' myriad of claims and shotgun pleading prevents the Court from determining the plausibility of its allegations and from further analyzing the arguments. Therefore, the Court **DISMISSES** the SAC **WITH LEAVE TO AMEND**.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motions to dismiss. Going forward, Plaintiffs are directed to file a new, more specific complaint and designate

the specific facts that underlie each claim, and the Defendant(s) to which a claim is directed. Should Plaintiffs choose to do so, where leave is granted, they must file an amended complaint curing the deficiencies noted herein by **October 28, 2022**.

  **IT IS SO ORDERED.**

Dated: September 27, 2022

Hon. Anthony J. Battaglia
United States District Judge