GAY CROSTHWAIT GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:  (415) 433-7104
Email:        ggrunfeld@rbgg.com
                   vswearingen@rbgg.com
                   pkaul@rbgg.com
                   eanderson@rbgg.com
                   hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF AARON J. FISCHER
1400 Shattuck Avenue, Suite 12 – #344
Berkeley, California  94709-1474
Telephone:  (510) 806-7366
Facsimile:  (510) 694-6314
Email:        ajf@aaronfischerlaw.com

(*additional counsel on following page*)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>        Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFFS' *EX PARTE* MOTION TO ALTER OR AMEND JUDGMENT**<br><br>Judge:      Hon. Anthony J. Battaglia |

1 | *(counsel continued from preceding page)*

2 | CHRISTOPHER M. YOUNG – 163319
3 | ISABELLA NEAL – 328323
    | OLIVER KIEFER – 332830
4 | DLA PIPER LLP (US)
    | 401 B Street, Suite 1700
5 | San Diego, California  92101-4297
    | Telephone:   (619) 699-2700
6 | Facsimile:   (619) 699-2701
    | Email:        christopher.young@dlapiper.com
7 |                    isabella.neal@dlapiper.com
    |                    oliver.kiefer@dlapiper.com

8 | Attorneys for Plaintiffs

Plaintiffs Darryl Dunsmore, Ernest Archuleta, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, and Laura Zoerner (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this *ex parte* motion, pursuant to Federal Rule of Civil Procedure 59(e) or, in the alternative, Rule 60(b),[1] seeking reconsideration of a specific finding in the Court's Order Granting Motions to Dismiss Second Amended Complaint (the "Order"). *See* Dkt. 219. Specifically, Plaintiffs respectfully request that the Court amend the portion of the Order in which the Court dismissed without leave to amend Plaintiffs' Eighth Amendment claim on the ground that the Second Amended Complaint ("SAC") alleged that all Plaintiffs were pretrial detainees. *Id*. at 6. **In fact, the SAC alleged that four of the eight Plaintiffs were serving or recently had served time in the San Diego County Jail (the "Jail") post-conviction. Dkt. 81, ¶¶ 20, 21, 25, 26.** Under the legal standard set forth by the Court in the same section of the Order, Dkt. 219 at 6, Plaintiffs are therefore entitled to vindicate their rights through an Eighth Amendment claim. Plaintiffs ask the Court to amend the Order to reflect the fact that Plaintiffs are both pre-trial and post-conviction detainees and grant Plaintiffs leave to amend their Eighth Amendment claim to address any other defects.[2]

# I.    PROCEDURAL BACKGROUND

Plaintiffs filed the SAC on February 9, 2022, on behalf of themselves and a class of current and former incarcerated people, to remedy various dangerous,

---

[1] Plaintiffs construe Civil Local Rule 7.1.i, to apply to this motion and as such, submit herewith the Declaration of Van Swearingen In Support of Plaintiffs' *Ex Parte* Motion to Alter or Amend Judgment ("Swearingen Decl.").

[2] Plaintiffs met and conferred with Defendants prior to filing this motion. Plaintiffs are not aware of any Contractor Defendants that intend to oppose the motion, and indeed, Plaintiffs have confirmed that they anticipate not including the existing Contractor Defendants (Correctional Healthcare Partners, Inc., Liberty Healthcare, Inc., and Logan Haak M.D., Inc.) in a Third Amended Complaint, *See* Dkt. 223. County Defendants have indicated they will not oppose. Swearingen Decl. ¶¶ 7-8.

discriminatory, unlawful, and unconstitutional conditions in the Jail. *See* Dkt. 81. Plaintiffs' first cause of action alleged that Defendants violated the Eighth Amendment of the United States Constitution. *Id.* ¶¶ 398-400. Specifically, the SAC alleged that "[b]y their policies, practices, and failures to train staff," Defendants subject Plaintiffs and members of the putative class to "substantial risk of harm and injury from inadequate medical, mental health, and dental care, and other unreasonable dangers in the Jail." *Id.* ¶ 399.

Defendants thereafter filed separate motions to dismiss. Dkts. 109, 125, 133, 134. Defendant Correctional Healthcare Partners, Inc.'s motion set forth the legal standards that apply to Eighth Amendment claims brought by post-conviction detainees and Fourteenth Amendment claims brought by pre-trial detainees, Dkt. 134 at 8-9, but none of the Defendants argued that Plaintiffs' Eighth Amendment claim should be dismissed because Plaintiffs alleged they were pre-trial detainees.

On September 27, 2022, the Court issued its order granting Defendants' motions to dismiss. Dkt. 219. In its Order, the Court dismissed **without** leave to amend Plaintiffs' Eighth Amendment claim, as well as their Unruh Civil Rights Act claim, and dismissed the remainder of Plaintiffs' claims **with** leave to amend, directing Plaintiffs to file a more specific Third Amended Complaint. *Id.* With respect to Plaintiffs' Eighth Amendment claim, the Court correctly recognized that different legal standards apply to constitutional claims brought by pre-trial and post-conviction detainees challenging the conditions of their confinement. *Id.* at 6. Namely, for pretrial detainees, the constitutional right to adequate care arises under the Fourteenth Amendment's due process clause, and for those serving post-conviction sentences, the right arises under the Eighth Amendment's guarantee against cruel and unusual punishment. *Id.* (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) and *Bell v. Wolfish*, 441 U.S. 520, 535-36 n.16 (1979)).[3] However, in

---

[3] The Order states that individuals in *state* custody have constitutional rights to

1    applying the law to this case, the Court mistakenly implied that Plaintiffs are all

2    pretrial detainees, stating that "Plaintiffs allege in their Second Amended Complaint

3    that they are pretrial detainees." *Id.* The Court concluded that Plaintiffs did "not

4    provide authority for the proposition that the [Eighth Amendment's] cruel and

5    unusual punishment provision extends to persons other than convicted prisoners,"

6    "Plaintiffs' rights may be vindicated by the Fourteenth Amendment," and

7    accordingly, Plaintiffs "currently plead themselves out of a viable Eighth

8    Amendment claim." *Id.*

9    **II.    LEGAL STANDARD**

10        A district court may reconsider a judgment under either Federal Rule of Civil

11    Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from

12    judgment). Reconsideration under Rule 59(e) is appropriate if, among other

13    reasons, the court "committed clear error or the initial decision was manifestly

14    unjust." *School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.,* 5 F.3d 1255,

15    1263 (9th Cir. 1993). Under Rule 60(b), "the court may relieve a party or its legal

16    representative from a final judgment, order, or proceeding for the following reasons:

17    (1) mistake … or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

18    Relevant here, dismissal without leave to amend is considered final judgment on the

19    merits. *See Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Stewart*

20    *v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).[4]

21

22

23    adequate care. Dkt. 219 at 6. The same applies to individuals like Plaintiffs, who
      are in the *County's* custody.

24    _____

25    [4] To the extent the Court considers the portion of the Order at issue to be a non-final
      judgment, Rule 54(b) provides that "any order or other decision, however desig-
      nated, that adjudicates fewer than all the claims or the rights and liabilities of fewer

26    than all the parties … may be revised at any time before the entry of a judgment
      adjudicating all the claims and all the parties' rights and liabilities." To determine

27    whether to revise an order under Rule 54(b), the Court applies the same standard as
      under Rule 59(e). *Cooney v. California*, No. 13-CV-01373-BAS KSC, 2015 WL

28    3952184, at *1 (S.D. Cal. June 29, 2015).

## III.    ARGUMENT

Plaintiffs move for reconsideration under Rule 59(e), and in the alternative, Rule 60(b), on the ground that the Court committed clear error when it dismissed without leave to amend Plaintiffs' Eighth Amendment claim based on a mistaken belief that the SAC alleged Plaintiffs were all pre-trial detainees rather than a mix of pre-trial and post-conviction detainees.  To correct this mistake, Plaintiffs respectfully refer the Court to allegations in the SAC that four of the eight Plaintiffs were serving or recently had served time in the Jail after having been convicted. Specifically, the SAC alleged as follows:

> **Plaintiff DARRYL DUNSMORE has been incarcerated at the Jail twice recently while seeking re-sentencing**, and on several prior occasions as well ….

> Plaintiff ERNEST ARCHULETA has been incarcerated at the Jail since July 6, 2019. **ARCHULETA has been sentenced** ….

> Plaintiff CHRISTOPHER NELSON has been incarcerated at the Jail since March 2, 2021.  **NELSON was detained awaiting trial until September 2021 and is now housed at the Jail while awaiting transfer to CDCR** ….

> **Plaintiff CHRISTOPHER NORWOOD … was first detained at the Jail for several months awaiting trial and is now awaiting transfer to CDCR.**

Dkt. 81, ¶¶ 20, 21, 25, 26 (emphasis applied).  Each of these four Plaintiffs, who served time in the Jail post-conviction, made specific allegations that Defendants violated their Eighth Amendment rights, including by failing to provide adequate medical and mental health care.  *Id.*

Defendants violate the Eighth Amendment if they incarcerate people under conditions posing a substantial risk of serious harm to those persons' health or safety and acted with deliberate indifference.  *Farmer v. Brennan*, 511 U.S. 825, 834, 839-40 (1994).  The San Diego Sheriff's Department's most recent Annual Report indicates that **nearly half** of the people incarcerated at the Jail have been

sentenced,[5] and the Jail's post-conviction population has a constitutional right to protection under the Eighth Amendment. *See Bell*, 441 U.S. at 535-37. This right cannot be vindicated through the Fourteenth Amendment. As the Order notes, "[t]he specific right at issue matters"—the Eighth and Fourteenth Amendments apply to different types of detainees and use different legal standards. Dkt. 219 at 6.

Plaintiffs do not seek reinstatement of their Eighth Amendment claim; rather, they request only that the Court grant them leave to amend the Eighth Amendment claim, as it has Plaintiffs' other claims, so that Plaintiffs can more clearly identify which individual Plaintiffs have been incarcerated after being convicted, as well as to address the Court's concerns regarding "shotgun pleading." *See* Dkt. 219 at 7; *see also Sony Biotechnology, Inc. v. Chipman Logistics and Relocation*, 17-CV-1292-AJB-WVG, 2017 WL 3605500, at *2 (S.D. Cal. Aug. 22, 2017) (courts "should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading").

## IV.    CONCLUSION

For the reasons stated, Plaintiffs request that this motion be granted, and that the Court amend its Order in accordance with the above-requested relief.

DATED:  October 6, 2022            Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
—————————————————
Van Swearingen

Attorneys for Plaintiffs

---

[5] *See* San Diego Sheriff's Department, "2021 Annual Report," at 33, https://www.sdsheriff.gov/home/showpublisheddocument/4912/637842465915230000.