UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, ERNEST
ARCHULETA, ANTHONY
EDWARDS, REANNA LEVY, JOSUE
LOPEZ, CHRISTOPHER NELSON,
CHRISTOPHER NORWOOD, and
LAURA ZOERNER, on behalf of
themselves and all others similarly
situated,

Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF SAN
DIEGO, CORRECTIONAL
HEALTHCARE PARTNERS, INC.,
TRI-CITY MEDICAL CENTER,
LIBERTY HEALTHCARE, INC.,
MID-AMERICA HEALTH, INC.,
LOGAN HAAK, M.D., INC., SAN
DIEGO COUNTY PROBATION
DEPARTMENT, and DOES 1 to 20,
inclusive,

Defendants.

Case No.:  20-cv-00406-AJB-DDL

**ORDER GRANTING PLAINTIFFS'
MOTION FOR RECONSIDERATION
(Doc. No. 225)**

Presently before the Court is Plaintiffs' motion for reconsideration of the Court's order granting motions to dismiss the second amended complaint ("SAC"). (Doc. No. 219.) Defendants have not filed an opposition to the motion. Having reviewed Plaintiffs' arguments under controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the

1

Court finds the matter suitable for decision on the papers and without oral argument. For the reasons set forth below, the Court **GRANTS** Plaintiffs' motion. The Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' first claim for violations of the Eighth Amendment in the SAC.

## I.  BACKGROUND

Plaintiffs Darryl Dunsmore, Ernest Archuleta, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, and Laura Zoerner (collectively, "Plaintiffs") are current or former inmates of San Diego County Jail facilities (the "Jail"), operated by Defendants San Diego County Sheriff's Department ("Sheriff's Department") and County of San Diego (the "County") (collectively, "County Defendants"). Correctional Healthcare Partners, Inc. ("CHP") and Liberty Healthcare, Inc., (collectively, "Contractor Defendants") provide security, medical care, mental health care, and dental care to the individuals incarcerated in the Jail.  Plaintiffs bring this action on behalf of "themselves and the approximately 4,000 incarcerated people who are similarly situated on any given day" to "remedy the dangerous, discriminatory, and unconstitutional conditions in the Jail." (SAC, Doc. No. 81, ¶ 6.) Specifically, Plaintiffs contend Defendants' policies and practices contribute to the high death rates in the Jail, which "has for years exceeded the rates nationally and in other large California jails, [and] it reached chilling heights in 2021 when 18 people died, amounting to a death rate of 458 incarcerated people per 100,000." (*Id.* ¶ 1.)

The SAC alleges violations of (1) the Eighth Amendment, pursuant to 42 U.S.C. § 1983; (2) the Fourteenth Amendment, pursuant to § 1983; (3) Article 1, Section 7 of the California Constitution; (4) Article 1, Section 17 of the California Constitution; (5) the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12132, 12203; (6) the ADA, § 12188; (7) the Rehabilitation Act, 29 U.S.C. § 794; (8) the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.; (9) Cal. Gov't Code § 11135; (10) the Sixth Amendment, pursuant to 42 U.S.C. § 1983; (11) Section 15 of the California Constitution; (12) the Fourteenth Amendment, pursuant to § 1983; (13) Section 7 of the California Constitution; (14) the

2

ADA for discrimination contributing to unnecessary incarceration and institutionalization; and (15) Cal. Gov't Code § 11135 for discriminatory impact. (*Id.* ¶¶ 398–464.)

Between March and May of 2022, Defendants Logan Haak, M.D., Inc., Liberty Healthcare, Inc., County of San Diego, and Correctional Healthcare Partners, Inc. (collectively, "Defendants") filed respective motions to dismiss Plaintiffs' SAC. (*See* Doc. Nos. 109, 125, 133, 134.) The Court granted Defendants' motions to dismiss on September 27, 2022 ("September 2022 Order"). (*See* Doc. No. 219.) Specifically, the Court dismissed Plaintiffs' first claim under the Eighth Amendment and eighth claim under the Unruh Civil Rights Act with prejudice and dismissed Plaintiffs' remaining claims with leave to amend. (*Id.*)

Plaintiffs now move for reconsideration of the September 2022 Order, asserting the Court clearly erred when it dismissed Plaintiffs' Eighth Amendment claim without leave to amend, based on a mistaken belief that the SAC alleged Plaintiffs were all pre-trial detainees, rather than a combination of pre-trial and post-conviction detainees. (Doc. No. 225.) This order follows.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that, after entry of judgment, a court may alter or amend the judgment. "[T]he district court enjoys considerable discretion in granting or denying [a Rule 59(e)] motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)). However, because "the rule offers an extraordinary remedy, [it should] be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation and internal quotation marks omitted). As such, a Rule 59(e) motion generally should not be granted absent highly unusual circumstances, *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999), such as an intervening change in controlling law, the availability of newly discovered or previously unavailable evidence, or the need to correct a clear error or prevent a manifest injustice, *Allstate Ins. Co.*, 634 F.3d at 1111;

*see also McDowell*, 197 F.3d at 1255 n.4 (finding no abuse of discretion "merely because the underlying order is erroneous, rather than clearly erroneous").

## III.   DISCUSSION

Plaintiffs seek reconsideration of the September 2022 Order, asserting the Court's clearly erred when it dismissed without leave to amend Plaintiffs' Eighth Amendment claim based on a mistaken belief that the SAC alleged Plaintiffs were all pre-trial detainees, rather than a mix of pre-trial and post-conviction detainees. (Doc. No. 225 at 6.) Plaintiffs refer the Court to allegations in the SAC that four of the eight Plaintiffs were serving or recently had served time in the Jail after having been convicted. (*Id.*) Specifically, the SAC alleges:

> Plaintiff DARRYL DUNSMORE has been incarcerated at the Jail twice recently while seeking re-sentencing, and on several prior occasions as well . . . .
>
> Plaintiff ERNEST ARCHULETA has been incarcerated at the Jail since July 6, 2019. ARCHULETA has been sentenced . . . .
>
> Plaintiff CHRISTOPHER NELSON has been incarcerated at the Jail since March 2, 2021. NELSON was detained awaiting trial until September 2021 and is now housed at the Jail while awaiting transfer to CDCR . . . .
>
> Plaintiff CHRISTOPHER NORWOOD . . . was first detained at the Jail for several months awaiting trial and is now awaiting transfer to CDCR.

(SAC ¶¶ 20, 21, 25, 26.)

Having reviewed the SAC, the Court finds it committed clear error in its September 2022 Order. The SAC sufficiently alleges that Plaintiffs Dunsmore, Archuleta, Nelson, and Norwood are post-conviction detainees, and thus have a constitutional right to protection under the Eighth Amendment. For this reason, the Court **GRANTS** Plaintiffs' motion. The Court adopts the analysis contained in Section IV.C of the September 2022 Order and applies it to the Eighth Amendment claim, finding that Plaintiffs' myriad of claims and shotgun pleading fell short of providing plausible allegations. (*See* Doc. No. 219 at 7.)

4

Accordingly, Plaintiffs' first claim for violations of the Eighth Amendment is **DISMISSED WITH LEAVE TO AMEND**.

## IV.    CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiffs' motion for reconsideration. (Doc. No. 225.) The Court **DISMISSES** the eighth amendment claim **WITHOUT PREJUDICE**.


**IT IS SO ORDERED.**

Dated:  October 31, 2022

Hon. Anthony J. Battaglia
United States District Judge

5