Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101-8474
Tel: 619.814.5800     Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300     Fax: 408.606.6333

Attorneys for Defendant
COUNTY OF SAN DIEGO (also erroneously sued as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, and SAN DIEGO COUNTY PROBATION DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et.al., | Case No. 3:20-cv-00406-AJB-WVG |
| Plaintiffs, | **DEFENDANT COUNTY OF SAN DIEGO'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY** |
| v. | |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et.al., | No Hearing Date [Dkt. 240] |
| Defendants. | Magistrate: Hon. David D. Leshner |

## I. INTRODUCTION

This is a putative class action lawsuit involving Plaintiffs' 230-page Third Amended Complaint ("TAC"), seeking wide-ranging injunctive relief based on a laundry list of alleged deficiencies occurring at the San Diego County jails derived from outdated reports which do not reflect current conditions at the facilities. The Rule 26 conference has not yet been scheduled nor has the early meeting of counsel occurred.

The overriding problem with the kitchen sink complaint is the same issue presented by the overreaching attempt at expedited discovery. Further, Plaintiffs do not seem to have an understanding of the distinct differences between architectural or physical barriers, procedural issues (which appear limited in the discovery motion to procedures for identifying disabled individuals, tracking accommodations and providing proper assistive devices), and programmatic issues (not identified in the discovery motion papers), and what discovery will in fact lead to the information necessary to determine whether to pursue injunctive relief.

Plaintiffs' document requests are not narrowly focused to address current conditions but instead, seek expedited discovery on the history of alleged deficiencies and every document "related to" deficiencies. There are no time limits on any of the document requests but the moving papers reference 2 years prior to the production date. What existed 2 years ago does not form the basis for injunctive relief based upon <u>current</u> conditions, which is the only relevant time period for purposes of injunctive relief. The Court cannot enjoin a condition that existed two years ago - or even 5 months ago - if it no longer exists. It is Plaintiffs' burden to explain why information other than current information is discoverable on an expedited basis and they have failed to do so.

The document requests are phrased to include potentially hundreds if not thousands of documents superfluous to the allegedly offending policy or physical barrier and the history of both. The requests are not focused on emergency

situations created by existing physical barriers, policies, practices, or programs.

The parties have tentatively agreed to an inspection of Rock Mountain in early February 2023 as to physical barriers, but the scope of what may take place at the inspection is still in dispute. There will never be any agreement to allow staff or detainee's to be interviewed by Plaintiffs' counsel during the tour, which is a clear attempt to take advantage of the claimed need for early discovery. Photographs that depict physical barriers are the only photos that can and should be taken given the purported limited scope of discovery to identifying physical barriers. Inspections are not free depositions and are limited by FRCP 34(a)(2). Any information gathered informally would be hearsay and inadmissible.

The generic single category for PMK depositions suffers from the same overbreadth and inappropriate attempt to obtain early discovery not specifically targeted to current conditions, polices or programs. The topic in the PMK notice may as well state, "the person with knowledge of every topic alleged in the complaint", without regard to date or even disability when mobility and hearing impairment are the only two categories mentioned in the moving papers.

The motion should be denied given the breadth of the discovery sought and the burden it would impose. Plaintiffs should be required to significantly pare down the breadth of the requests to what is truly necessary and relevant to another preliminary injunction attempt. The pleadings are not at issue yet; Defendant is filing another Motion to Dismiss as to the unwieldy complaint again seeking a narrowing of Plaintiffs' overly broad allegations.

## II. LEGAL STANDARD

A party may not seek discovery from any source before the Rule 26(f) conference unless that party first obtains a stipulation or court order permitting early discovery. Fed. R. Civ. P. 26(d)(1). The "good cause" standard applies in deciding whether to permit early discovery. *Semitool, Inc. v. Tokyo Electron America, Inc.,* 208 F.R.D. 273, 274 (N.D. Cal. 2002). Good cause exists "where the

need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id*. at 276. Courts commonly consider the following factors in determining whether good cause justifies expedited discovery: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendant to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Elec. Co., Ltd*., 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011) (citation omitted).  Courts must examine "the reasonableness of the request in light of all the surrounding circumstances." *See Am. LegalNet, Inc. v. Davis,* 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009). A court may deny a motion for expedited discovery where the discovery sought is not "narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of plaintiff's claims in this action." *Id*. at 1069 (internal quotes omitted)*; Dimension Data N. Am. v. NetStar–1, Inc*., 226 F.R.D. 528, 532 (E.D.N.C. 2005).

### III. PLAINTIFFS FAIL TO MAKE THE APPROPRIATE SHOWING AS TO WHY THE REQUESTED EXPEDITED DISCOVERY IS APPROPRIATE AT THIS TIME

On December 7, 2022, the Court issued a minute order requiring the parties to submit briefing addressing why Plaintiffs' expedited discovery is or is not appropriate at this time, the scope of the discovery requests, and how the expedited discovery will impact case management going forward.  [Doc. 240].  Plaintiffs assert that current conditions at the detention facilities may warrant swift injunctive relief and the expedited discovery will elicit evidence as to whether a second attempt at an injunction is appropriate.  Plaintiffs seek an order approving Requests for Production of Documents, Inspection of Detention Facilities, and a PMK deposition on various topics.  The requested expedited discovery as drafted should be denied because there is no good cause for the discovery and its overbreadth demonstrates the true purpose which is to skirt the standard timing rules for

discovery, exceed the legal bounds of authorized forms of discovery, and to gain more bites at the apple.  The requests were not submitted by Plaintiffs for good reason,but they are attached to the declaration of Elizabeth Pappy herewith.

Plaintiffs assert that physical inspections are required because there are architectural, or physical barriers causing their clients and other detainees injuries.  A legitimate request for discovery would be an inspection of the physical conditions encountered by mobility disabled and hearing impaired detainees (the only two disabilities identified in the moving papers and TAC).  The parties have agreed to commence an inspection of the architectural or physical barriers at Rock Mountain in early February, and Defense counsel is awaiting available dates from Plaintiffs and their expert.  The parties have also agreed in principal that the remaining facilities can be inspected over the rest of February and March 2023, as to physical/ architectural barriers under the ADA.

Defendant also agrees in principal that appropriately narrow document requests may proceed and that appropriately narrow PMK depositions may proceed.  However, there is no meeting of the minds on what constitutes proper scope of the inspections, document requests or PMK deposition categories.

## IV. THE SCOPE OF THE DISCOVERY REQUESTS ARE INAPPROPRIATE AND UNNECESSARY ON AN EXPIDITED BASIS

Expedited discovery is appropriate in cases "such as those involving requests for a preliminary injunction." Fed. R. Civ. P. 26(d), Advisory Committee's Note to 1993 Amendment.  There is no pending request for injunctive relief.  Further, a court may deny a motion for expedited discovery where a moving party seeks discovery that is not "narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of plaintiff's claims in this action." *Id.* at 1069 (internal quotation marks omitted); *Dimension Data N. Am. v. NetStar–1, Inc.,* 226 F.R.D. 528, 532 (E.D.N.C. 2005) (denying request for expedited discovery in part because "the discovery requested is not

narrowly tailored to obtain information relevant to a preliminary injunction determination").

Plaintiffs cite case law for the proposition that expedited discovery may be appropriate to "allow [a] plaintiff to determine whether to seek an early injunction." (*See* Mot'n [Doc. 243-1] at 4, citing *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, No. C 09-05812 JW PVT, 2010 WL 143665, at *2 (N.D. Cal. Jan. 7, 2010), *inter alia*.) Plaintiffs sought a preliminary injunction after more than a year of collecting information and evidence, which was denied. They now seek to acquire more evidence to support a renewed motion. However, the proposed discovery is not targeted and it does not relate to a pending motion and it is thus inappropriate. See, *Am. LegalNet, Inc.*, supra, 673 F. Supp. 2d at 1069 (courts may deny a motion for expedited discovery where a moving party seeks discovery that is not "narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of plaintiff's claims in this action.").

**A. Demand for Inspection.**

Regardless of whether the request to inspect is pursuant to expedited discovery or not, the scope of an allowed inspection is limited to, ". . . inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it . . .". FRCP 34(a)(2)

Plaintiffs' inspection demand improperly seeks production of documents 10 days prior of the inspection and that have nothing to do with physical barriers (map of the facility; organizational chart of the supervisory staff; roster of everyone incarcerated in the facility including their entire facility file and history; logs, rosters or other tracking documents for disabled detainees; documents showing modifications to the facility prior to inspection for one year; documents relating to programs offered at the facilities like religious and education offerings; and housing assignment documents). The demand includes a requirement that Plaintiffs' counsel and their expert be allowed to interview all detainees and employees at the facilities

about "routine questions", observe private medical and mental health care treatment of detainees without their consent; observe booking of detainees who have rights to privacy in the entire booking process and any information imparted to them or by them to staff; and that they may take photographs of whatever they please. The request violates Rule 34(a)(2) and would not be allowed under any circumstances during the normal course of discovery.

The existence of a physical barrier to services is a simple question of fact. Either a grab bar is missing, too far to the right, too low or too high, or just right. The existence of TTY or alternate communication services either exists or it does not. The proper clear floor space next to bunks and desks, and stools blocking desks or eating tables, are all determined by use of one's eyes and a tape measure, and photographing the condition to document it for any injunctive relief application and the case going forward. Interviewing staff and/or detainees does not aid in knowing whether a grab bar exists or does not. Likewise, the organizational chart of a facility has nothing whatsoever to do with a grab bar being too high or too low. Additionally, the notion that Plaintiffs' counsel and their expert have the right to observe private medical or mental health treatment of any detainee is repugnant.

The proposed inspection by Plaintiffs and their expert is a free for all and an inappropriate attempt to misuse the discovery process. The burden was on Plaintiffs to establish appropriateness of the scope of the requested discovery and they have failed to establish that anything - other than an inspection of physical barriers - is proper on an expedited basis or at any point in the future. The inspection request also improperly suggests that Plaintiffs have the right to return to any facility they choose to later conduct a Rule 34(a)(2) inspection. There is nothing in the Rule which allows more than one inspection and there is no reason given in the moving papers why Plaintiffs should be allowed more than one inspection. The parameters of an inspection are the physical conditions of the property being inspected and nothing more. Every litigant is afforded the opportunity to conduct a single

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

- 6 -

3:20-CV-00406-AJB-WVG
OPPO. TO MTN FOR EARLY DISCOVERY

inspection. The timing of that inspection is up to the litigant and with Court approval, may take place early in the case but there is no legal authority that a second inspection may take place at a later time.

### B. The Document Production Request.

Plaintiffs' document requests are overbroad regardless of whether they are on an expedited basis or not. Taking Request No. 1 as an example:

**REQUEST FOR PRODUCTION NO. 1:** ALL POLICIES and PROCEDURES and investigative materials RELATING TO the provision of housing, programs, services, activities, EFFECTIVE COMMUNICATION, REASONABLE ACCOMMODATIONS, and assistive devices for INCARCERATED PERSONS with DISABILITIES.

Combing each of the defined terms into one long request, the request should read:

> All "policies, procedures, handbooks, advice, directives, training materials, forms, instructions, and guidelines that comprise established standards, regardless of the author", and investigative materials "that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, manifests, mentions, pertains to directly or indirectly, reflects, refers to, regards, relates to, responds to, states, summarizes, or is in any way relevant to the particular subject matter identified", the provision of housing, programs, services, activities", "any auxiliary aid and service that ensures effective communication with individuals with disabilities", 'any modification to "policies, procedures, handbooks, advice, directives, training materials, forms, instructions, and guidelines that comprise established standards, regardless of the author", or practices to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities"', and assistive devices for incarcerated persons with disabilities.

The request in its true form is *anything but* narrowly tailored to physical barriers,

lack of access to programs, and policies. All of the requests are essentially identical and there are no time limits on any of them. Request No. 3 seeks "communications" regarding physical accessibility. At this point in the litigation, what Defendant's employees may or may not be talking about with regard to barriers is irrelevant to whether a barrier exists *and* needs immediate correction by way of injunction. A physical inspection will reveal any such barrier. Why does it matter what someone talked about? This may go to relief requested at trial, but it does not bear on whether a barrier exists and whether it warrants a preliminary injunction.

Focusing on the claimed issues in the moving papers, Plaintiffs suggest that nefarious forces are at work with regard to the opening of Rock Mountain. This (false) claim does not lend itself to a need for expedited discovery. No one is being housed at the facility but a simple physical inspection will confirm the condition of the facility. Stools in front of desks (Moving mpa's p.7:5), grab bars, shower chairs, and telephone access (*Id*, at p.7:13-14) are all "discovered" through physical inspection. Identifying disabled individuals will not be "discovered" by physical inspection of the facility. (*Id*, at p.7:21-23) A simple request for all policies and/or procedures regarding identification of detainee disabilities would suffice. A narrowly focused PMK deposition category to follow up on the documents produced would yield pertinent information about the implementation of the policy/procedure. Evacuation of disabled individuals and providing and replacing assistive devices are likewise addressed by specific requests for policies and two PMK categories specific to the policies. (Moving Mpa's, p.7:23-25)

Plaintiffs also seek private detainee files and medical records which are subject to State and Federal privacy rights. They offer no explanation as to why this highly sensitive information about third parties has anything to do with emergency relief or why they are legally entitled to invade non-parties' privacy rights. This is one of the more egregious attempts at overreaching second only to the notion that lawyers and experts can watch a detainees very private medical

and/or mental health care appointments. Plaintiffs' counsel are entitled only to the named plaintiffs' files at this point in the litigation, absent releases.

### C. Notice of Deposition of PMK.

The generic single category for PMK depositions suffers from the same overbreadth and inappropriate attempt to obtain early discovery that is not specifically targeted to current conditions, polices or programs. The topic in the PMK notice might as well state, "the person with knowledge of every topic alleged in the complaint", without regard to date or disability when mobility and hearing impairment are the only two mentioned in the moving papers. It reads as follows:

> All POLICIES, PROCEDURES, practices, staff directives, training materials, investigative materials, classification records, staff disciplinary records, and physical, structural, and design plans regarding the accessibility of facilities, housing, programs, services, activities, EFFECTIVE COMMUNICATION, REASONABLE ACCOMMODATIONS, and assistive devices for INCARCERATED PERSONS with DISABILITIES.

As suggested above, any PMK deposition must be narrowly focused to topics and questions relating to currently existing physical barriers, specifically identified policies, specifically identified procedures and specifically identified programs relevant to the only two disabilities identified. The Complaint offers no guidance about what the emergency issues are and the discovery requests do no better. The category as phrased encompasses every issue alleged in the complaint and unfairly leaves Defendant open to claims that it did not produce the right people because of the lack of focus on just the injunctive relief issues and the fact that the overbroad category could encompass dozens of individuals with no ability to prepare.

### IV. The Proposed Discovery Would Unduly Burden Defendant

The discovery proposed by plaintiffs is unduly burdensome. In assessing whether expedited early discovery is appropriate, the courts consider whether the burden of responding to discovery is onerous. See, *OMG Fidelity, Inc. v. Sirius Techs., Inc.*, 239 F.R.D. 300, 304-05 (N.D.N.Y. 2006) (expedited discovery appropriate if "the burden of responding to [document requests] would not be

particularly onerous"). Here, the burden would be enormous. Plaintiffs seek to conduct approximately 40 hours of site inspections (full days at 5 jails – approx 40 hours), propound requests for production of documents which will generate the production of thousands of documents, including every detainee file (including non-parties), and take numerous PMK depositions about topics that are irrelevant to a preliminary injunction. And what Plaintiffs fail to mention is that the same requests for production are pending with the County under an October 19, 2022 Public Records Act Request seeking the same documents. Apparently the County is required to locate and produce many of the same documents redacted as required under the PRA, un-redacted (and subject to an as yet un-entered protective order which in any case would not allow them to access third-party medical records) in response to the overbroad requests at issue in this motion. This is all the while the County is supposed to facilitate physical inspections totaling an entire week worth of time, and produce numerous witnesses for deposition on every issue in the case without proper preparation. The point appears to be harassment and not expedited discovery to address alleged emergency situations.

## V. CONCLUSION.

For the foregoing reasons, Plaintiffs' request for expedited discovery should be denied or limited as Defendant suggests.

Dated: December 21, 2022                BURKE, WILLIAMS & SORENSEN, LLP


By: */s/ Elizabeth M. Pappy*
     Elizabeth M. Pappy

Attorneys for Defendant
COUNTY OF SAN DIEGO