1  Susan E. Coleman (SBN 171832)
   E-mail:  scoleman@bwslaw.com
2  BURKE, WILLIAMS & SORENSEN, LLP
   501 West Broadway, Suite 1600
3  San Diego, CA  92101-8474
   Tel:  619.814.5800      Fax:  619.814.6799
4
   Elizabeth M. Pappy (SBN 157069)
5  E-mail:  epappy@bwslaw.com
   BURKE, WILLIAMS & SORENSEN, LLP
6  60 South Market Street, Ste. 1000
   San Jose, CA  95113-2336
7  Tel:  408.606.6300      Fax:  408.606.6333

8  Attorneys for Defendant
   COUNTY OF SAN DIEGO (also erroneously sued
9  as SAN DIEGO COUNTY SHERIFF'S
   DEPARTMENT, and SAN DIEGO COUNTY
10 PROBATION DEPARTMENT)

11

12                    UNITED STATES DISTRICT COURT

13                 SOUTHERN DISTRICT OF CALIFORNIA

14

15 DARRYL DUNSMORE, et.al.,              Case No.  3:20-cv-00406-AJB-WVG

16           Plaintiffs,                 **DECLARATION OF ELIZABETH
                                         M. PAPPY IN SUPPORT OF
17 v.                                    DEFENDANT COUNTY OF SAN
                                         DIEGO'S OPPOSITION TO
18 SAN DIEGO COUNTY SHERIFF'S            PLAINTIFFS' MOTION FOR
   DEPARTMENT, et.al.,                   EXPEDITED DISCOVERY**
19
           Defendants.                   No Hearing Date [Dkt. 240]
20
                                         Magistrate:  Hon. David D. Leshner
21

22        I, ELIZABETH M. PAPPY, declare:

23        1.     I am an attorney licensed to practice in all Courts of the State of

24 California and admitted in the Southern District of California.  I am a partner at

25 Burke, Williams & Sorensen, LLP, attorney of record for Defendant County of San

26 Diego.  I make this declaration of my own personal knowledge and if called upon to

27 testify to the contents hereof, I could do so competently.

28        2.     As part of the meet and confer process about expedited discovery,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

- 1 -

1  Plaintiffs' counsel provided my office with their proposed Request for Production
2  of Documents, Set One, Notice of Deposition of Person Most Knowledgeable under
3  30(b)(6), and Request for Inspections.  Copies of the requests are attached hereto as
4  Exhibits A, B and C, respectively.

5          3.       A copy of Plaintiffs' most recent PRA request to the County is
6  attached hereto as Exhibit D.

          I declare under penalty of perjury that the foregoing is true and correct.
8          Executed on December 21, 2022, at Fremont, California.

9

10                              /s/ *Elizabeth M. Pappy*
                               Attorneys for Defendant
11                             E-mail: epappy@bwslaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

- 2 -

3:20-CV-00406-AJB-WVG
PAPPY DECL. ISO OPPO. TO MTN FOR
EARLY DISCOVERY

# EXHIBIT A

1   GAY C. GRUNFELD – 121944              CHRISTOPHER M. YOUNG – 163319
    VAN SWEARINGEN – 259809              ISABELLA NEAL – 328323
2   PRIYAH KAUL – 307956                 OLIVER KIEFER – 332830
    ERIC MONEK ANDERSON – 320934         DLA PIPER LLP (US)
3   HANNAH M. CHARTOFF – 324529          401 B Street, Suite 1700
    ROSEN BIEN                           San Diego, California  92101-4297
4   GALVAN & GRUNFELD LLP                Telephone:   (619) 699-2700
    101 Mission Street, Sixth Floor      Facsimile:   (619) 699-2701
5   San Francisco, California  94105-1738 christopher.young@dlapiper.com
    Telephone:  (415) 433-6830           isabella.neal@dlapiper.com
6   Facsimile:   (415) 433-7104          oliver.kiefer@dlapiper.com
    ggrunfeld@rbgg.com
7   vswearingen@rbgg.com
    pkaul@rbgg.com
8   eanderson@rbgg.com
    hchartoff@rbgg.com
9
    AARON J. FISCHER – 247391
10  LAW OFFICE OF
    AARON J. FISCHER
11  1400 Shattuck Square Suite 12 - #344
    Berkeley, California  94709
12  Telephone:   (510) 806-7366
    Facsimile:   (510) 694-6314
13  ajf@aaronfischerlaw.com

14  Attorneys for Plaintiffs

15              UNITED STATES DISTRICT COURT

16           SOUTHERN DISTRICT OF CALIFORNIA

17  DARRYL DUNSMORE, ANDREE         Case No. 3:20-cv-00406-AJB-DDL
    ANDRADE, ERNEST ARCHULETA,
18  JAMES CLARK, ANTHONY EDWARDS,   **PLAINTIFFS' FIRST SET OF**
    LISA LANDERS, REANNA LEVY,      **REQUESTS FOR**
19  JOSUE LOPEZ, CHRISTOPHER        **PRODUCTION OF**
    NELSON, CHRISTOPHER NORWOOD,    **DOCUMENTS TO**
20  JESSE OLIVARES, GUSTAVO         **DEFENDANTS**
    SEPULVEDA, MICHAEL TAYLOR, and
21  LAURA ZOERNER, on behalf of     Judge:     Hon. Anthony J. Battaglia
    themselves and all others similarly situated, Mag. Judge: Hon. David D. Leshner
22          Plaintiffs,

23          v.

24  SAN DIEGO COUNTY SHERIFF'S
    DEPARTMENT, COUNTY OF SAN
25  DIEGO, SAN DIEGO COUNTY
    PROBATION DEPARTMENT, and DOES
26  1 to 20, inclusive,
            Defendants.
27

28

PROPOUNDING PARTY:   PLAINTIFFS

RESPONDING PARTY:    DEFENDANTS SAN DIEGO COUNTY SHERIFF'S

DEPARTMENT AND COUNTY OF SAN DIEGO

SET NO.:             ONE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner ("Plaintiffs"), on behalf of themselves and all persons similarly situated, by and through their attorneys, submit the following Requests for Production of Documents to Defendants San Diego County Sheriff's Department and County of San Diego ("Defendants").

**DEFINITIONS**

1.    The term "ALL" means any and all.

2.    The term "ANY" means each and every.

3.    The terms "YOU" and "YOUR" refer to the County of San Diego and anyone acting on its behalf, including the San Diego County Sheriff's Department.

4.    The term "COMMUNICATIONS" means ANY transmittal of information from one person or entity to another by ANY means, including letters, correspondence, notes, memoranda, records, reports, papers, facsimiles, electronic mail (whether to, from, copied, or blind copied), electronic mail generated from a handheld personal device such as an iPhone, instant messaging, electronic mail generated from business or personal email accounts, internet relay chat, news group, group or collaboration servers, electronic bulletin boards, dictation tapes, video recordings, audio recordings, memoranda, telegrams, teleconference, web-based or software virtual meetings including Zoom and ANY other meeting software, and oral contact such as face-to-face discussions or meetings, telephone conversations,

1  and voicemail messages.

2      5.    The terms "DISABILITY" and "DISABILITIES" mean ANY physical,

3  cognitive, developmental, intellectual, mental, or sensory impairment that limits one

4  or more major life activities.

5      6.    The terms "MOBILITY DISABILITY" and "MOBILITY

6  DISABILITIES" mean ANY physical impairment that limits one or more major life

7  activities, including limiting the ability to stand, walk, climb stairs, or use one's

8  upper extremities.

9      7.    "DOCUMENT" is defined to be synonymous and equal in scope to

10  usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, includes

11  "writings" as defined in Rule 1001(1) of the Federal Rules of Evidence, and shall

12  further include every writing or record of every type and every tangible thing that is

13  or has been in YOUR possession, custody, or control , including but not limited to,

14  work papers, desk files, electronically stored documents, electronic communications

15  (such as e-mail) stored in computers or otherwise, whether or not ever printed or

16  displayed, newspaper articles, magazine articles, correspondence, letters, contracts,

17  files, memoranda, stenographic notes, handwritten notes, drafts, studies,

18  publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements,

19  direct mail solicitations, point-of-sale and point-of purchase materials, notebooks,

20  diaries, models, devices, pictures, photographs, films, audiotapes, videotapes,

21  computer records, voice recordings, maps, reports, surveys, minutes, data

22  compilations, and statistical compilations.  The term "DOCUMENT" or

23  "DOCUMENTS" includes ANY and ALL DOCUMENTS within YOUR

24  possession, custody, or control, regardless of source, authorship, or client (if any).

25  A copy or duplicate of a document that has ANY nonconforming notes, marginal

26  annotations, or other markings, and ANY preliminary version, draft, or revision of

27  the foregoing shall be considered a separate document within the meaning of this

28  term.

8.    The term "INCARCERATED PERSON(S)" means ANY person incarcerated, detained, and/or in custody at the San Diego County Jail.

9.    The term "JAIL" means the San Diego County Jail, including ALL of its JAIL facilities.

10.    The terms "POLICIES" and "PROCEDURES" mean policies, procedures, handbooks, advice, directives, training materials, forms, instructions, and guidelines that comprise established standards, regardless of the author.

11.    The term "EFFECTIVE COMMUNICATION" means ANY auxiliary aid and service that ensures effective communication with individuals with DISABILITIES.

12.    The term "REASONABLE ACCOMMODATIONS" means ANY modification to ANY POLICIES, PROCEDURES, or practices to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with DISABILITIES.

13.    The term "RELATING TO" means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, manifests, mentions, pertains to directly or indirectly, reflects, refers to, regards, relates to, responds to, states, summarizes, or is in ANY way relevant to the particular subject matter identified.

14.    The words "and" and "or" should be construed disjunctively or conjunctively as necessary to make the Request inclusive rather than exclusive.

## INSTRUCTIONS

1.    The following instructions apply to each of the Requests set forth below and are deemed to be incorporated herein.

2.    These Requests are continuing in nature, up to and during the course of trial.  DOCUMENTS sought by these Requests that you obtain after you serve your responses must be produced to counsel for Plaintiffs by supplementary response.

3.     Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, Defendants must produce ALL DOCUMENTS requested below as they are kept in the usual course of business (including ANY original folders, binders, covers, or containers), or Defendants must organize and label such responsive DOCUMENTS to correspond with the categories in these Requests.  Defendants are instructed to bates-stamp the DOCUMENTS produced.

4.     Each Request constitutes a request for DOCUMENTS in their entirety, with ALL enclosures and attachments, and without abbreviation, redaction, or expurgation.  DOCUMENTS attached to each other, including but not limited to, by staple, clip, tape, email attachment, or "Post-It" note, should not be separated, although ANY page on which a Post-It note covers or obscures text on the DOCUMENT should be produced both with and without the Post-It note.  The production must also include, where applicable, ANY index tabs, file dividers, designations, binder spine labels, or other similar information as to the source and/or location of the DOCUMENTS.

5.     DEFENDANTS shall produce ANY and ALL drafts and copies of each DOCUMENT that are responsive to ANY Request, including but not limited to copies containing handwritten notes, markings, stamps, or interlineations.  The author(s) of ALL hand-written notes should be identified.

6.     All responsive information that exists as ESI shall be produced in printed as well as "native" format, meaning in the original application or program, such as Word (.doc or .docx), Excel (.xls or .xlsx) and database formats (whether tab delimited, comma delimited or otherwise), in which the information was created and/or is stored, to preserve all metadata, properties and other electronic information and characteristics of the responsive file or database.  If ANY such information is encrypted or protected by security access software, then YOU also shall produce the security access software and appropriate decryption keys and passwords.  The generality of this instruction shall not be deemed limited by ANY explicit

1   instruction, or lack thereof, in ANY Request below.

2       7.    Words, terms, and phrases not specifically defined above shall have the

3   ordinary meaning ascribed to them unless the context clearly indicates otherwise.

4       8.    In construing the Requests herein, the singular shall include the plural,

5   and the plural shall include the singular.  A masculine, feminine, or neutral pronoun

6   shall not exclude the other genders, so that the interpretation applied results in the

7   most expansive production.

8       9.    If ANY Request demands production of DOCUMENTS that have been

9   lost, discarded, or destroyed, identify such DOCUMENTS as completely as

10  possible.  Such identification shall include, but is not limited to, a description of the

11  subject matter of the DOCUMENT, the author of the DOCUMENT, its intended

12  recipients, the date of the DOCUMENT's creation, the date of disposal, manner of

13  disposal, reason for disposal, person authorizing the disposal, and person disposing

14  of the document.

15      10.    Defendants shall furnish ALL DOCUMENTS in YOUR possession,

16  custody, or control, including those in the possession, custody or control of YOUR

17  employees, consultants, attorneys, representatives, agents, contractors, or ANY

18  other person acting or purporting to act on YOUR behalf or at YOUR direction,

19  whether doing so directly or at the direction of YOUR subordinates.  Possession,

20  custody, or control includes DOCUMENTS stored in electronic form by third party

21  service providers but accessible to YOU, including but not limited to email

22  accounts, FTP servers, portable storage media such as USB drives, cloud storage

23  services such as Dropbox or SharePoint, and online workspaces such as WebEx.

24      11.    If YOU claim that a portion of a DOCUMENT is protected from

25  disclosure for ANY reason, produce such DOCUMENT with redaction of only the

26  portion claimed to be protected.

27      12.    If you object to ANY part of a Request or claim a Request cannot be

28  responded to in full, YOU shall respond to the extent possible, specify the reason for

YOUR inability to respond to the remainder, and state whatever information or knowledge YOU have REGARDING the portion to which YOU have not responded. If YOUR response is qualified in ANY particular manner, set forth the details of such qualification.

13.    With respect to ANY DOCUMENT or thing that Defendants refuse to produce or object to under a claim of privilege, provide a privilege log setting forth as to each such DOCUMENT or thing:

a.    The type of DOCUMENT or thing, its title (if ANY), its general subject matter, and the place and approximate date it was prepared or created;

b.    The name and address of each person who prepared and created the DOCUMENT or thing and the name and address of each other person who has received or examined the DOCUMENT or thing or a copy thereof;

c.    The name and address of each person who presently has possession or custody of the DOCUMENT or thing;

d.    The type of privilege claimed;

e.    A statement of the circumstances which bear on whether the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just part of the document or thing; and

f.    The name of each specific Request to which the withheld document is responsive.

14.    Plaintiffs do not waive and hereby reserve the right to serve additional requests for production.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

ALL POLICIES and PROCEDURES and investigative materials RELATING TO the provision of housing, programs, services, activities, EFFECTIVE COMMUNICATION, REASONABLE ACCOMMODATIONS, and assistive devices for INCARCERATED PERSONS with DISABILITIES.

**REQUEST FOR PRODUCTION NO. 2:**

ALL POLICIES and PROCEDURES RELATING TO physical accessibility of facilities, housing, programs, services, activities, and assistive devices for INCARCERATED PERSONS with MOBILITY DISABILITIES.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the physical accessibility of facilities, housing, programs, services, activities, and assistive devices for INCARCERATED PERSONS with MOBILITY DISABILITIES.

**REQUEST FOR PRODUCTION NO. 4:**

ALL POLICIES and PROCEDURES RELATING TO the functionality, testing, maintenance, and repair of elevators at the JAIL.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the functionality, testing, maintenance, and repair of elevators at the JAIL.

**REQUEST FOR PRODUCTION NO. 6:**

ALL logs and audits RELATING TO the functionality, testing, maintenance, and repair of elevators at the JAIL.

**REQUEST FOR PRODUCTION NO. 7:**

ALL POLICIES and PROCEDURES RELATING TO the availability, provision, maintenance, and repair of assistive devices (including but not limited to wheelchairs, walkers, canes, crutches, and prosthetics) for INCARCERATED

PERSONS with DISABILITIES.

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the availability, provision, maintenance, and repair of assistive devices (including but not limited to wheelchairs, walkers, canes, crutches, and prosthetics) for INCARCERATED PERSONS with DISABILITIES.

**REQUEST FOR PRODUCTION NO. 9:**

DOCUMENTS sufficient to show ALL requests for DISABILITY accommodation by INCARCERATED PERSONS at the JAIL.

**REQUEST FOR PRODUCTION NO. 10:**

DOCUMENTS sufficient to show ALL DISABILITY accommodation requests by INCARCERATED PERSONS that were granted.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show ALL DISABILITY accommodation requests by INCARCERATED PERSONS that were not granted.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the tracking of INCARCERATED PERSONS' requests for DISABILITY accommodation at the JAIL.

**REQUEST FOR PRODUCTION NO. 13:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying and tracking INCARCERATED PERSONS with DISABILITIES.

**REQUEST FOR PRODUCTION NO. 14:**

DOCUMENTS sufficient to show ALL programs, services, and activities provided at each of the JAIL facilities, including the location, date, time, length, and subject matter of the program, service, or activity.

**REQUEST FOR PRODUCTION NO. 15:**

ALL logs and/or other DOCUMENTS sufficient to show that

1    INCARCERATED PERSONS with DISABILITIES are offered programs, services,

2    and activities at each of the JAIL facilities.

3    **REQUEST FOR PRODUCTION NO. 16:**

4            ALL logs and/or other DOCUMENTS sufficient to show that

5    INCARCERATED PERSONS with DISABILITIES are provided REASONABLE

6    ACCOMMODATIONS and EFFECTIVE COMMUNICATION at each of the JAIL

7    facilities.

8    **REQUEST FOR PRODUCTION NO. 17:**

9            ALL grievances submitted by INCARCERATED PERSONS regarding

10   DISABILITIES, including but not limited to DISABILITY accommodations.

11   **REQUEST FOR PRODUCTION NO. 18:**

12           ANY report or recommendation made by Carrier Johnson as part of its 2015

13   Certified Access Specialist inspection of the JAIL.

14   **REQUEST FOR PRODUCTION NO. 19:**

15           ALL DOCUMENTS and COMMUNICATIONS sent, received, or created by

16   YOU RELATING TO the Carrier Johnson inspection identified in REQUEST NO.

17   18.

18   **REQUEST FOR PRODUCTION NO. 20:**

19           ALL physical, structural, and design plans RELATING TO the Rock

20   Mountain Jail facility, including but not limited to construction monitoring

21   DOCUMENTS such as the punchlist for construction in process or completed.

22   **REQUEST FOR PRODUCTION NO. 21:**

23           ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

24   accessibility of housing units utilized by INCARCERATED PERSONS with

25   DISABILITIES, including but not limited to the accessibility of beds, desks, toilets,

26   showers, and lavatories, in cells or within sanitary facilities, and drinking fountains,

27   tables, utility sinks, and telephones in the day room.

28

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the accessibility of programs, activities, and services utilized by INCARCERATED PERSONS with DISABILITIES, including but not limited to the accessibility of telephones, tablets, elevators, yard, exercise equipment, religious services, substance abuse programs, educational programs, and job training programs.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO evacuation plans for INCARCERATED PERSONS with DISABILITIES, including but not limited to documentation of evacuation drills and egress routes maintained as accessible.

**REQUEST FOR PRODUCTION NO. 24:**

DOCUMENTS sufficient to show the average monthly population at the JAIL by housing unit since January 1, 2021.

**REQUEST FOR PRODUCTION NO. 25:**

ALL forms used by INCARCERATED PERSONS to request DISABILITY accommodations.

**REQUEST FOR PRODUCTION NO. 26:**

ALL audits, reports, and/or assessments RELATING TO DISABILITY accommodations requested, offered, and/or provided to INCARCERATED PERSONS with DISABILITIES.

**REQUEST FOR PRODUCTION NO. 27:**

ALL audits, reports, and/or assessments RELATING TO the accessibility of the JAIL for INCARCERATED PERSONS with DISABILITIES.

**REQUEST FOR PRODUCTION NO. 28:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO "ADA cells" or "ADA modules" as those terms are used in Dkt. 153-3, ¶ 4.

**REQUEST FOR PRODUCTION NO. 29:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the removal of stools from "ADA cells" or "ADA modules" as those terms are used in Dkt. 153-3, ¶ 4.

**REQUEST FOR PRODUCTION NO. 30:**

ALL DOCUMENTS RELATING TO plans to house INCARCERATED PERSONS who use wheelchairs at the Rock Mountain facility, including but not limited to construction monitoring DOCUMENTS such as the punchlist for construction in process or completed.

**REQUEST FOR PRODUCTION NO. 31:**

ALL physical, structural, and design plans for "ADA cells" or "ADA modules" as those terms are used in Dkt. 153-3, ¶ 4.

**REQUEST FOR PRODUCTION NO. 32:**

ALL physical, structural, and design plans for the medical observation beds unit.

**REQUEST FOR PRODUCTION NO. 33:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO Quality Assurance and/or Quality Improvement processes related to accommodating INCARCERATED PERSONS with DISABILITIES.

DATED:  November ___, 2022          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: _____
        Van Swearingen

Attorneys for Plaintiffs

# EXHIBIT B

1  GAY C. GRUNFELD – 121944                    CHRISTOPHER M. YOUNG – 163319
   VAN SWEARINGEN – 259809                     ISABELLA NEAL – 328323
2  PRIYAH KAUL – 307956                        OLIVER KIEFER – 332830
   ERIC MONEK ANDERSON – 320934                DLA PIPER LLP (US)
3  HANNAH M. CHARTOFF – 324529                 401 B Street, Suite 1700
   ROSEN BIEN                                  San Diego, California  92101-4297
4  GALVAN & GRUNFELD LLP                       Telephone:   (619) 699-2700
   101 Mission Street, Sixth Floor             Facsimile:   (619) 699-2701
5  San Francisco, California  94105-1738       christopher.young@dlapiper.com
   Telephone:  (415) 433-6830                  isabella.neal@dlapiper.com
6  Facsimile:   (415) 433-7104                 oliver.kiefer@dlapiper.com
   ggrunfeld@rbgg.com
7  vswearingen@rbgg.com
   pkaul@rbgg.com
8  eanderson@rbgg.com
   hchartoff@rbgg.com
9
   AARON J. FISCHER – 247391
10 LAW OFFICE OF
   AARON J. FISCHER
11 1400 Shattuck Square Suite 12 - #344
   Berkeley, California  94709
12 Telephone:   (510) 806-7366
   Facsimile:    (510) 694-6314
13 ajf@aaronfischerlaw.com

14 Attorneys for Plaintiffs

15              UNITED STATES DISTRICT COURT

16            SOUTHERN DISTRICT OF CALIFORNIA

17 DARRYL DUNSMORE, ANDREE          Case No. 3:20-cv-00406-AJB-DDL
   ANDRADE, ERNEST ARCHULETA,
18 JAMES CLARK, ANTHONY EDWARDS,    **PLAINTIFFS' NOTICE OF**
   LISA LANDERS, REANNA LEVY,       **30(b)(6) DEPOSITION OF SAN**
19 JOSUE LOPEZ, CHRISTOPHER         **DIEGO COUNTY SHERIFF'S**
   NELSON, CHRISTOPHER NORWOOD,     **DEPARTMENT**
20 JESSE OLIVARES, GUSTAVO
   SEPULVEDA, MICHAEL TAYLOR, and
21 LAURA ZOERNER, on behalf of      DATE:      January 27, 2023
   themselves and all others similarly situated,   TIME:      9:00 a.m.
22                                  PLACE:     DLA Piper LLP
              Plaintiffs,                      401 B St., 17th Floor
23                                             San Diego, CA  9210
          v.
24 SAN DIEGO COUNTY SHERIFF'S
   DEPARTMENT, COUNTY OF SAN
25 DIEGO, SAN DIEGO COUNTY
   PROBATION DEPARTMENT, and DOES
26 1 to 20, inclusive,
27            Defendants.
28

[4155729.4]                                    Case No. 3:20-cv-00406-AJB-DDL
PLAINTIFFS' 30(b)(6) DEPOSITION NOTICE TO DEFENDANT SAN DIEGO COUNTY SHERIFF'S DEPT.

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner ("Plaintiffs"), on behalf of themselves and all persons similarly situated, by and through their attorneys, will take the deposition of the "person(s) most knowledgeable" from Defendant San Diego County Sheriff's Department ("Sheriff's Department") regarding the issue designated below.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Sheriff's Department must designate one or more of their officers, directors, partners, managing agents, or other such persons as are most qualified, knowledgeable, and competent to testify on their behalf as to all matters known or reasonably available to the Sheriff's Department on the issue designated below.

The deposition will commence on January 27, 2023 at 9:00 a.m., at the offices of DLA Piper LLP, 401 B St., 17th Floor, San Diego, California 92101. If not completed on the specified date, the deposition will continue from day-to-day, excluding Sundays and holidays, until such date as is necessary to complete the deposition. The deposition will be taken before a notary public authorized to administer oaths and shall be recorded by stenographic means and may also be videotaped.

## DEFINITIONS

1.      The term "ANY" means each and every.

2.      The term "INCARCERATED PERSON(S)" means ANY person incarcerated, detained, and/or in custody at the San Diego County Jail, including ANY of its facilities.

3.      The terms "DISABILITY" and "DISABILITIES" mean ANY physical,

cognitive, developmental, intellectual, mental, or sensory impairment that limits one or more major life activities.

4.    The terms "POLICIES" and "PROCEDURES" mean policies, procedures, handbooks, advice, directives, training materials, forms, instructions, and guidelines that comprise established standards, regardless of the author.

5.    The term "EFFECTIVE COMMUNICATION" means ANY auxiliary aid and service that ensures effective communication with individuals with DISABILITIES.

6.    The term "REASONABLE ACCOMMODATIONS" means ANY modification to ANY POLICIES, PROCEDURES, or practices to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with DISABILITIES.

7.    The term "YOUR" refers to the Sheriff's Department.

**ISSUE DESIGNATED**

The issue as to which YOUR designee(s) shall testify is as follows:

All POLICIES, PROCEDURES, practices, staff directives, training materials, investigative materials, classification records, staff disciplinary records, and physical, structural, and design plans regarding the accessibility of facilities, housing, programs, services, activities, EFFECTIVE COMMUNICATION, REASONABLE ACCOMMODATIONS, and assistive devices for INCARCERATED PERSONS with DISABILITIES.


DATED:  November __, 2022         ROSEN BIEN GALVAN & GRUNFELD LLP


                                  By: _____
                                       Van Swearingen

                                  Attorneys for Plaintiffs

# EXHIBIT C

AY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:  (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California  92101-4297
Telephone:  (619) 699-2700
Facsimile:   (619) 699-2701
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 3:20-cv-00406-AJB-DDL <br><br> **PLAINTIFFS' FIRST REQUESTS FOR INSPECTION** <br><br> Judge:      Hon. Anthony J. Battaglia <br> Mag. Judge: Hon. David D. Leshner |

[4155886.5]

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner ("Plaintiffs"), on behalf of themselves and all persons similarly situated, by and through their attorneys, submit the following Requests for Inspection to Defendants San Diego County Sheriff's Department and the County of San Diego ("Defendants").  Plaintiffs request that Plaintiffs' counsel and Plaintiffs' expert Syroun Sanossian inspect the San Diego County Jail on the dates and times set forth below.  Plaintiffs reserve the right to schedule additional inspections if necessary.

**DEFINITIONS**

Unless otherwise indicated, the following definitions and terms shall apply to these Requests for Inspection:

1.     The term "ALL" means any and all.

2.     The term "ANY" means each and every.

3.     The term "JAIL" refers to the San Diego County Jail and ALL of its facilities.

4.     The term "EMPLOYEE(S)" means ANY employee, director, officer, owner, contractor, agent, or ANY other person working for or on behalf of the JAIL or Defendants.

5.     The term "INCARCERATED PERSON(S)" means ANY person incarcerated, detained, and/or in custody at the JAIL.

6.     The terms "INSPECT" or "INSPECTION(S)" mean to walk around and observe ALL JAIL facilities, including but not limited to ALL areas in which staff interact with INCARCERATED PERSONS; ALL areas in which INCARCERATED PERSONS are housed, bathe, use the toilets, or spend out-of-

[4155886.5]

cell time; and ALL walkways, staircases, elevators, and other areas of the JAIL used
by INCARCERATED PERSONS. These terms further mean to ask questions
informally of EMPLOYEES who Plaintiffs' expert and/or Plaintiffs' counsel meet
and/or encounter during the course of the INSPECTIONS. The terms further mean
to review records at the JAIL, including but not limited to observing where and how
records are maintained.

7.    The terms "DISABILITY" and "DISABILITIES" mean ANY physical,
cognitive, developmental, intellectual, mental, or sensory impairment that limits one
or more major life activities.

8.    The terms "MOBILITY DISABILITY" and "MOBILITY
DISABILITIES" mean ANY physical impairment that limits one or more major life
activities, including limiting the ability to stand, walk, climb stairs, or use one's
upper extremities.

9.    The terms "POLICIES" and "PROCEDURES" mean policies,
procedures, handbooks, advice, directives, training materials, forms, instructions,
and guidelines that comprise established standards, regardless of the author.

10.    The term "EFFECTIVE COMMUNICATION" means ANY auxiliary
aid and service that ensures effective communication with individuals with
DISABILITIES.

11.    The term "REASONABLE ACCOMMODATIONS" means ANY
modification to ANY POLICIES, PROCEDURES, or practices to afford goods,
services, facilities, privileges, advantages, or accommodations to individuals with
DISABILITIES.

12.    The term "COMMUNICATIONS RELATED TO TOUR
MANAGEMENT" means ALL communications arising from routine questions
concerning the general operations of the JAIL and the practical aspects of the JAIL
INSPECTION, including the locations in which activities, services, and operations
take place in the JAIL; the schedule on which activities, services, and operations

[4155886.5]

1  will occur on the days of the JAIL INSPECTION; the manner in which activities,

2  services, and operations are conducted both when a JAIL INSPECTION is taking

3  place and is not taking place; the location of records, files, and logbooks; the content

4  of custodial and other records; the name and job title of EMPLOYEES; and the

5  routine procedures for recording and retrieving information in records, files and

6  logbooks.

## INSTRUCTIONS

7

8      1.      Prior to the commencement of the INSPECTIONS, Defendants will

9  provide Plaintiffs' counsel with the following information.  Defendants will produce

10 this information at least 10 days before each INSPECTION, and will make best

11 efforts to produce these documents 20 days before each INSPECTION:

12          a.      A map of the facility to be INSPECTED, including identifying

13 ALL housing units.

14          b.      An organizational chart identifying supervisory staff at the

15 facility to be INSPECTED.

16          c.      A complete roster of INCARCERATED PEOPLE in the facility

17 to be INSPECTED as of the date of the INSPECTION, including their housing

18 assignments (unit and bed assignment, if applicable) and the count of ALL

19 INCARCERATED PEOPLE in the facility.  For each INCARCERATED PERSON,

20 please include their name, date of birth, booking number, booking date, and

21 estimated date of release, if available.  For each INCARCERATED PERSON with a

22 DISABILITY, please include their ALL information about their DISABILITY or

23 DISABILITIES, and ANY accommodations (including housing accommodations

24 and assistive devices) that Defendants provide to the individual.

25          d.      ALL logs, rosters, or other tracking system of ANY kind used by

26 Defendants to track which INCARCERATED PERSONS have a DISABILITY or

27 DISABILITIES, and the DISABILITY accommodations the INCARCERATED

28 PERSONS require, for the six months preceding the INSPECTION.

[4155886.5]

1     e.  ALL logs, rosters, or other tracking system of ANY kind used by

2 Defendants related to DISABILITY accommodations offered or provided to

3 INCARCERATED PERSONS at the facility to be INSPECTED (with specific

4 accommodations identified) during the six months preceding the date of

5 INSPECTION, including but not limited to EFFECTIVE COMMUNICATION,

6 REASONABLE ACCOMMODATIONS, ADA-accessible housing placement,

7 wheelchairs, canes, and program modifications.

8     f.  ALL documentation related to ANY temporary or permanent

9 modification made to ANY physical structure, program, service, or activity at the

10 facility to be INSPECTED for the purpose of providing a DISABILITY

11 accommodation during the 12 months preceding the date of INSPECTION.

12     g.  Documentation sufficient to show which programs, services and

13 activities, including but not limited to, education, exercise, vocation, religious,

14 substance abuse, library, and rehabilitative programs, are offered to

15 INCARCERATED PERSONS with DISABILITIES, the locations in which the

16 programs are offered, the schedule on which the programs are supposed to be

17 offered, and the actual dates and times the programs have been offered in the 90

18 days preceding the INSPECTION.

19     h.  A list of ALL housing placements to which Defendants assign

20 INCARCERATED PERSONS with MOBILITIES DISABILITIES, including those

21 who (1) are wheelchair users, (2) use a cane for stability or mobility, (3) cannot

22 climb stairs, (4) cannot climb into an upper bunk, (5) use crutches, (6) use walkers

23 or similar mobility assistance devices; and/or (7) have a prosthetic limb.

24    2.  During the INSPECTIONS, Plaintiffs' counsel and Plaintiffs' expert

25 may engage in COMMUNICATIONS RELATED TO TOUR MANAGEMENT

26 with EMPLOYEES at the Jail, including but not limited to correctional staff,

27 administrative staff, and medical and mental health staff.  These questions will be

28 limited to routine questions concerning the general operations of the facility to be

[4155886.5]

1    INSPECTED and the practical aspects of the INSPECTION.

2        3.    During the INSPECTIONS, Plaintiffs' counsel and Plaintiffs' expert

3    may observe the booking of INCARCERATED PERSONS as well as the delivery

4    of medical and/or mental health care to INCARCERATED PERSONS, including

5    clinical contacts.  Plaintiffs' counsel and Plaintiffs' expert will obtain permission

6    from patients prior to engaging in such observations.

7        4.    During the INSPECTIONS, Plaintiffs' counsel and Plaintiffs' expert

8    may interview INCARCERATED PEOPLE regarding their experiences while in

9    custody at the facility to be INSPECTED.

10        5.    During the INSPECTIONS, Plaintiffs' counsel and Plaintiffs' expert

11    may ask EMPLOYEES to provide the full name(s) and booking number(s) of

12    INCARCERATED PERSONS who they meet and/or encounter during the

13    INSPECTIONS.  Defendants will comply with such requests.

14        6.    During the INSPECTIONS, Plaintiffs' counsel and Plaintiffs' expert

15    may take photographs of the facility to be INSPECTED.  After each INSPECTION,

16    Defendants will have an opportunity to review the photographs taken.  Plaintiffs will

17    accommodate reasonable requests to delete photographs that may compromise JAIL

18    security.  Plaintiffs will also blur the faces of individuals in any photographs that are

19    filed on the public docket or otherwise made publicly available through the course

20    of the litigation.

<b>REQUESTS FOR INSPECTION</b>

22        1.    Plaintiffs' counsel and Plaintiffs' expert Syroun Sanossian will

23    INSPECT the following JAIL facilities on the following dates and times:

24            a.    <u>Central Jail</u>: January 16, 2023 from 8:30 a.m. to 12:30 p.m.

25            b.    <u>Las Colinas</u>: January 16, 2023 from 1:30 a.m. to 5:30 p.m.

26            c.    <u>George Bailey</u>: January 17, 2023 from 8:30 a.m. to 12:30 p.m.

27    / / /

28    / / /

[4155886.5]

1    d.    <u>Rock Mountain</u>: January 17, 2023 from 1:30 a.m. to 5:30 p.m.

2    e.    <u>Vista</u>: January 18, 2023 from 8:30 a.m. to 12:30 p.m.

3

4    DATED:  November ___, 2022        Respectfully submitted,

5                                      ROSEN BIEN GALVAN & GRUNFELD LLP

6

7                                      By: _____

8                                           Van Swearingen

9                                      Attorneys for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[4155886.5]

# EXHIBIT F



101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Van Swearingen
Email:  vswearingen@rbgg.com

October 19, 2022

SUBMITTED VIA THE PUBLIC
RECORDS CENTER PORTAL

San Diego County Sheriff's Department
John F. Duffy Administrative Center
P.O. Box 939062
San Diego, CA  92193-9062

   Re: Public Records Act Request
     Our File No. 1730-01

   This is a request pursuant to the California Public Records Act (California
Government Code §§ 6250, et seq.) for copies of public records in the possession of the
San Diego County Sheriff's Department ("Sheriff's Department").  Please note that our
requests encompass any documents within the definition of the term "writing" as defined
in Cal. Gov't Code § 6252(g).  In addition, the following terms used in the requests
below are defined as follows:

   The term "Jail" means the detention facilities operated by the San Diego County
Sheriff's Department, including the Central Jail, the George Bailey Detention Facility,
the Vista Detention Facility, the Las Colinas Detention and Reentry Facility, the East
Mesa Reentry Facility, the Facility 8 Detention Facility, the Rock Mountain Detention
Facility, and the South Bay Detention Facility.

   Note that these requests do not seek individuals' personal medical records.

   Unless otherwise indicated below, these requests are for responsive materials
dating from January 1, 2022 to the present.

1.  All documents and communications that clarify, alter, amend, modify, or
   otherwise affect any policies and procedures relating to accessibility of facilities,
   housing, programs, services, activities, and assistive devices for people with
   mobility disabilities at the Jail.

[4173471.2]

San Diego County Sheriff's Department
October 19, 2022
Page 2

2.    All documents and communications relating to the accessibility of facilities, housing, programs, services, activities, and assistive devices for people with mobility disabilities at the Jail.

3.    All documents and communications relating to the functionality, testing, maintenance, and repair of elevators at the Jail.

4.    All logs and audits related to the functionality, testing, maintenance, and repair of elevators at the Jail.

5.    Documents sufficient to show whether the elevator improvements at the San Diego Central Jail in process as of June 1, 2022 have been completed.

6.    All documents and communications that clarify, alter, amend, modify, or otherwise affect any policies and procedures relating to the availability, provision, maintenance, and repair of assistive devices (including but not limited to wheelchairs, walkers, canes, and hearing aids) for incarcerated people at the Jail.

7.    All documents and communications relating to the availability, provision, maintenance, and repair of assistive devices (including but not limited to wheelchairs, walkers, canes, and hearing aids) for incarcerated people at the Jail.

8.    Documents sufficient to show all requests for disability accommodation by incarcerated people at the Jail.

9.    Documents sufficient to show the disability-related information that the Jail tracks on a regular basis for incarcerated people with disabilities.

10.   Documents sufficient to show all programs provided at each of the Jail facilities, as of October 1, 2022.

11.   Documents sufficient to show the schedule and attendance capacity for all programs provided at each of the Jail facilities, as of October 1, 2022.

12.   Documents sufficient to show all housing units at the Jail that are compliant with the Americans with Disabilities Act.

13.   Documents sufficient to show all housing units at the Jail that are not compliant with the Americans with Disabilities Act.

14.   All documents and communications relating to toilet grab bars at the Jail.

15.   All documents and communications relating to shower seats at the Jail.

[4173471.2]

San Diego County Sheriff's Department
October 19, 2022
Page 3

16. All documents and communications relating to stools in housing units, including in cells and at dayroom tables.

17. All documents and communications relating to accessibility of phones by incarcerated people with disabilities.

18. All documents and communications relating to accessibility of tablets by incarcerated people with disabilities.

19. All documents and communications related to housing incarcerated people who use wheelchairs at Rock Mountain Detention Facility [from January 1, 2021 to the present].

20. Any report or recommendation(s) made by Carrier Johnson as part of its Certified Access Specialist inspection of Rock Mountain Detention Facility [from January 1, 2021 to the present].

21. All documents and communications between the Sheriff's Department or County of San Diego and Carrier Johnson in connection with the inspection identified in Request No. 20 [from January 1, 2021 to the present].

22. All documents the Sheriff's Department or County of San Diego provided or made available to Carrier Johnson in connection with the inspection identified in Request No. 20 [from January 1, 2021 to the present].

23. Documents sufficient to show the number of wheelchair accessible seats at each dayroom table in Module 8C at Central Jail as of October 1, 2022.

24. All documents discussing and communications discussing the date that the Sheriff's Department plans to begin housing incarcerated people at Rock Mountain Detention Facility.

25. Documents sufficient to show the housing units at the Jail where a shower chair is available.

26. Documents sufficient to show whether any stools in front of the telephones in Unit 5A and Unit 8C at Central Jail have been removed since June 1, 2022.

27. Documents and communications relating to the housing of incarcerated people who use wheelchairs in the cells at Central Jail that are not designated as an "ADA cell".

[4173471.2]

San Diego County Sheriff's Department
October 19, 2022
Page 4


        The California Public Records Act requires determination of whether these records may be disclosed, and specific reasons why any material requested, or portions thereof, are exempt from disclosure, within ten days from receipt of this request.  It also requires that the Sheriff's Department promptly notify us of this determination, and of the estimated date and time when the records will be produced.  In accordance with California Government Code § 6253(c), we expect your response no later than October 31, 2022.

        We request production of these documents in electronic format whenever available, pursuant to California Government Code § 6253.9.

        If you have any questions regarding this request, please feel free to contact me at (415) 433-6830.  Thank you in advance for your cooperation.

                                        Sincerely,

                                        ROSEN BIEN
                                        GALVAN & GRUNFELD LLP

                                        */s/ Van Swearingen*

                                  By:    Van Swearingen

VS:EMA