Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
Elizabeth M. Pappy (SBN 157069)
E-mail:  epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA  92101-8474
Tel:  619.814.5800      Fax:  619.814.6799

Attorneys for Defendant
COUNTY OF SAN DIEGO (also erroneously sued
as SAN DIEGO COUNTY SHERIFF'S
DEPARTMENT, and SAN DIEGO COUNTY
PROBATION DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DARRYL DUNSMORE, et.al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et.al.,<br><br>Defendants. | Case No.  3:20-cv-00406-AJB-DDL<br><br>**DEFENDANT COUNTY OF SAN DIEGO'S NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Hearing:      March 9, 2023<br>Time:          2:00 p.m.<br>Courtroom:   4A<br><br>Judge:   Hon. Anthony J. Battaglia |
|---|---|

TO PLAINTIFFS, BY AND THROUGH THEIR ATTORNEYS OF

RECORD:

PLEASE TAKE NOTICE that Defendant County of San Diego (also

erroneously sued herein as San Diego County Sheriff's Department and San Diego

County Probation Department), hereby moves the Court to dismiss Plaintiffs' Third

Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), on the

grounds that the operative complaint does not state a viable claim for relief as to all

causes of action.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4885-8156-8070 v1                    - 1 -                    3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

1    Defendant's Motion is based upon this Notice of Motion and Motion,

2  Plaintiffs' Third Amended Complaint, all pleadings and records on file in this case,

3  and on such further authority, evidence, or arguments as may be presented at or

4  before the time of the hearing, if any.   This Motion follows the meet and confer by

5  counsel that was initiated on December 16, 2022, and a conference which occurred

6  on December 20, 2022 which did not result in resolution of the issues.

7

8  Dated: December 23, 2022              BURKE, WILLIAMS & SORENSEN, LLP

9

10                                       By:   s/ Susan E. Coleman

11                                             Susan E. Coleman

12                                       Attorneys for Defendant
                                         COUNTY OF SAN DIEGO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4885-8156-8070 v1                    - 2 -                    3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................................1

II.    STATEMENT OF THE CASE ..............................................................................2

III.   STATEMENT OF FACTS......................................................................................3

IV.    STANDARD ON MOTION TO DISMISS ...........................................................4

V.     ARGUMENT ........................................................................................................5

    A.    Plaintiffs Failed to Cure the Deficiencies of their Shotgun Pleading.......................................................................................................5

    B.    The San Diego County Sheriff's Department and Probation Department Are Improper Defendants ...............................................7

    C.    Plaintiffs' Seventh Claim for Over Incarceration of People with Disabilities Fails to State a Claim..........................................................8

    D.    Plaintiffs' Ninth Claim for Discriminatory Racial Impact Fails to State a Claim ...............................................................................11

    E.    Plaintiffs' Sixth Claim for Inadequate Dental Care Fails to State a Claim .......................................................................................12

    F.    The Court Has Discretion to Limit Plaintiffs' Claims........................13

VI.    CONCLUSION ...................................................................................................15

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

- i -

3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

### Federal Cases

4

5
*Apple, Inc. v. Samsung Elecs. Co.*,
   67 F. Supp. 3d 1100 (N.D. Cal. 2014)...................................................................14

6

7
*Armstrong v. Davis*,
   275 F.3d 849 (9th Cir. 2001) .............................................................................7

8
*Ashcroft v. Iqbal*,
9
   556 U.S. 662 ......................................................................................................5

10
*Balistreri v. Pacifica Police Dep't*,
11
   901 F.2d 696 (9th Cir. 1990) ...........................................................................5

12
*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..........................................................................................5
13

14
*United States ex rel. Chunie v. Ringrose*,
   788 F.2d 638 (9th Cir. 1986) ...........................................................................5
15

16
*Darensburg v. Metro. Transp. Comm'n*,
   636 F.3d 511 (9th Cir. 2011) .........................................................................11
17

18
*Dietz v. Bouldin*,
   136 S. Ct. 1885 (2016) ....................................................................................14

19

20
*Disability Rights California v. County of Alameda*,
   No. 20-CV-05256-CRB, 2021 WL 212900 (N.D. Cal. Jan. 21,
21
   2021) ................................................................................................................10

22
*Finjan, Inc. v. Check Point Software Techs., Inc.*,
   No. 18-CV-02621-WHO, 2020 WL 1929250 (N.D. Cal. Apr. 21,
23
   2020) ................................................................................................................14

24
*Fisher & Paykel Healthcare Ltd. v. Flexicare Inc.*,
25
   No. SACV-19835-JVS DFMX, 2021 WL 6882371, at *1 (C.D. Cal.
   Dec. 1, 2021) ...................................................................................................13
26

27
*Hishon v. King & Spalding*,
   467 U.S. 69 (1984) ............................................................................................5
28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4885-8156-8070 v1                    - ii -

3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

*Hodgers-Durgin v. de la Vina,*
  199 F.3d 1037 (9th Cir. 1999) ............................................................... 7

*Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.,*
  340 F. Supp. 3d 934 (N.D. Cal. 2018) .................................................. 14

*United States v. Kama,*
  394 F.3d 1236 (9th Cir. 2005) ............................................................ 1, 8

*N. Star Int'l v. Ariz. Corp. Comm'n,*
  720 F.2d 578 (9th Cir. 1983) ................................................................. 4

*Nevarez v. Forty Niners Football Co.,*
  LLC, No. 16-CV-07013-LHK, 2019 WL 13148141 (N.D. Cal. Feb.
  5, 2019) ......................................................................................... 2, 3, 14

*Olmstead v. L.C.,*
  527 U.S. 581 (1999) ........................................................................... 2, 9

*Paschelke v. Doe,*
  No. CIV 09-2191 IEG(CAB), 2010 WL 2640501, at *1 (S.D. Cal.
  June 30, 2010) ....................................................................................... 8

*Spatcher v. San Diego Sheriff Dep't,*
  Case No. 19-cv-01919-BAS-BLM, 2019 WL 6877575 (S.D. Cal.
  Dec. 16, 2019) ...................................................................................... 8

*Vance v. Cnty. of Santa Clara,*
  928 F. Supp. 993 (N.D. Cal. 1996) 928 F. Supp. ................................. 8

*Verdun v. City of San Diego,*
  No. 319CV00839AJBWVG, 2020 WL 1332772 (S.D. Cal. Mar. 23,
  2020) ..................................................................................................... 7

*Wainscott v. Cnty. of San Diego,*
  No. 3:20-CV-1359-GPC-WVG, 2020 WL 5747389 (S.D. Cal. Sept.
  25, 2020) ............................................................................................... 8

**Federal Statutes**

Americans with Disabilities Act, the Rehabilitation Act ................................. *passim*

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4885-8156-8070 v1                - iii -

3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**State Statutes**

Gov. Code § 11135 ................................................................................*passim*

Gov. Code § 11185 .............................................................................. 11

**Rules**

California Rules of Court Rule 4.414 ..................................................... 9

Rule 12(b)(6) ......................................................................................... 4

**Other Authorities**

Eighth Amendment ................................................................................ 7

Fourteenth Amendment ......................................................................... 7

https://data-openjustice.doj.ca.gov/sites/default/files/2022-
     08/Crime%20In%20CA%202021_0.pdf ........................................ 12

Prison Policy Initiative,
     https://www.prisonpolicy.org/racialgeography/counties.html ........... 12

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4885-8156-8070 v1

- iv -

3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs Darryl Dunsmore, Ernest Archuleta, Anthony Edwards, James Clark, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner ("Plaintiffs") filed another shotgun pleading, despite this Court's clear instructions to file a more clear and concise pleading on amendment. Plaintiffs' Third Amended Complaint ("TAC"), spanning 230 pages, still fails to cure the deficiencies of the Second Amended Complaint ("SAC") identified by the Court. The TAC continues to seek wide-ranging injunctive relief on a laundry list of alleged wrongful acts at the San Diego County jails, and including arrests, probation violations, re-entry programs, diversion, and other pre-custody programs, without any apparent limitation.

The TAC is subject to dismissal on multiple grounds. First, Plaintiffs failed to comply with the Court's directive to file a more specific complaint. The TAC continues to assert conclusory claims, again referencing the preceding hundreds of paragraphs above, with no explanation as to which claims are tied to which particular plaintiff.  Plaintiffs may maintain that the preceding paragraphs are grouped by subject matter, but this still does not cure the inherent problems with their unwieldy and overly broad complaint.

Second, the San Diego County Sheriff's Department and San Diego County Probation Department are erroneously named defendants that must be dismissed as sub-divisions of the County. While local governmental units such as cities or municipalities are considered "persons," municipal departments and sub-units are not.  *See United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005). These Defendants should be dismissed as duplicative.

Third, Plaintiffs' Seventh Claim for overincarceration of people with mental health disabilities fails to state a claim. The purported failure to provide more community-based mental health services does not state a cognizable claim.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4885-8156-8070 v1                                   - 1 -                    3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

1  *Olmstead v. L.C.*, 527 U.S. 581, 601–02, 119 S.Ct. 2176, 144 L.Ed.2d 540 (1999) is

2  inapposite.

3         Fourth, Plaintiffs' Ninth Claim for discriminatory racial impact is not an

4  actionable claim. Allegations that Defendant's policing practices and

5  implementation of programs result in disproportionate numbers of Black and Latinx

6  persons being arrested and remaining in Jail do not state a claim for violation of

7  California Government Code § 11135. These allegations of systemic racism are

8  unclear, uncertain, and not cognizable.

9         Fifth, Plaintiff's Sixth Claim for failure to provide adequate dental care fails

10  to state a claim. Plaintiffs' allegations, which center on prospective injunctive

11  relief, concern the care prior to when a new contractor, Naphcare, took over the

12  provision of dental care. This defect is also shared with the medical, vision, and

13  mental health care challenges, which all began a new system on June 1, 2022.

14         Lastly, this Court should order a narrower more focused Complaint. The

15  court has broad discretion to issue a narrowing order to limit Plaintiffs' claims and

16  alleged wrongful acts at issue. *See e.g.*, *Nevarez v. Forty Niners Football Co.*, LLC,

17  No. 16-CV-07013-LHK, 2019 WL 13148141, at *2–3 (N.D. Cal. Feb. 5, 2019)

18  (limiting claims to 6 per side). As it stands now, the case is unmanageable.

19         Accordingly, the Court should dismiss the TAC with leave to amend.

20  **II.**     **STATEMENT OF THE CASE**

21         This action originated with a pro se lawsuit filed by Darryl Dunsmore on

22  March 20, 2020, against the State of California, San Diego County, San Diego

23  Sheriff's Department, the California Dept of Corrections, Attorney General Xavier

24  Becerra, and San Diego Sheriff Bill Gore. He filed a First Amended Complaint on

25  July 1, 2020. [Doc. 4]. Following a Ninth Circuit Appeal, on December 14, 2021,

26  Dunsmore filed an Ex Parte Motion for Leave to File an Amended Complaint and

27  to extend time to file a response to the Motion to Dismiss. [Doc. 74.] Dunsmore

28  claimed that with the assistance of counsel, he intended to seek the Court's

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4885-8156-8070 v1                  - 2 -

3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

permission to file an amended complaint in this action, which would "(1) remove certain Defendants and potentially add others, (2) remove Plaintiff's claim for damages, (3) add additional claims and plaintiffs, and (4) add class-based allegations seeking injunctive relief." *Id*.

On February 9, 2022, Plaintiffs filed their Second Amended Complaint, which added seven new plaintiffs and putative class action allegations, in addition to attacking every aspect of the jail system in San Diego, significantly expanding the scope of this litigation. [Doc. 81.] Plaintiffs sued the County of San Diego, and its various subcontractors for medical, dental, vision, and mental health care.

Defendants filed Motions to Dismiss. [Docs. 109, 125, 133, 134.]

On August 15, 2022, the Court denied Plaintiffs' Motion for Preliminary Injunction, noting in part that it had "difficulty distinguishing between a cause of action and an irrelevant assertion or grievance and distinguishing between causes of action themselves in Plaintiffs' 223-page SAC. An inadequately pled claim, by definition, is not a claim which has a substantial likelihood of success on the merits." [Doc. 203, pp. 9-10.]

On September 27, 2022, the Court granted the Defendants' Motions to Dismiss, directing Plaintiffs to file a new, more specific complaint and to designate the specific facts that underlie each claim, and the Defendant(s) to which a claim is directed. [Doc. 219.]

On November 18, 2022, Plaintiffs filed their Third Amended Complaint, but failed to cure their deficiencies. [Doc. 231.] Plaintiffs no longer sue any entities outside the County of San Diego, though Naphcare, Inc. has taken over the provision of medical, dental, vision, and mental health care in the county jails.

## III.   STATEMENT OF FACTS

Plaintiffs sue San Diego County, but focus on the public safety divisions including the Sheriff's Department and Probation. They seek to reform primarily the San Diego County jails, of which six facilities are open and one is in the process

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4885-8156-8070 v1        - 3 -        3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

of being remodeled for ADA compliance.  The average daily population varies between 3,500 – 5,000, with roughly 500 female and the remainder male arrestees and prisoners.  Up to a fourth of the daily population consists of AB 109 prisoners, those who would have been in state prison prior to realignment. The San Diego County jails have a high turnover rate partly due to the number of misdemeanor crimes processed. The San Diego Central Jail is the primary point of intake for mail inmates in the county, and it handles roughly 69,000 bookings per year.

Plaintiffs cite in their TAC various studies dating back 10 years or more, such as the California State Auditor's Report. *See* TAC at 10, n.1. While issued on February 3, 2022, this audit reviewed data dating back to 2006.  Plaintiffs also cite numerous newspaper articles (*see e.g.,* TAC at 11, n.4; TAC at 12 n.5, n.6), which contain hearsay and are notoriously unreliable. More significantly, Plaintiffs focus on the past and ignore both the changes that the County has made response to various critiques <u>and</u> the fact that Naphcare, Inc. has taken over the provision of medical, dental, vision, and mental health care in the county jails as of June 1, 2022.  A new and vastly improved drug detection and withdrawal protocol in effect as of six months ago, allows detection within 12 hours of arrival and prescription of the appropriate drugs immediately, significantly reducing the mental health issues from withdrawal which can lead to suicide attempts. A medically supervised withdrawal and full MAT program has been implemented. Naloxone (Narcan) has been put into every dayroom and holding cell in the jails, as well as being carried by every deputy and medical staff. The County has implemented the True Scripts database and all-new medical/mental health policies compliant with NHCC.

## IV.   STANDARD ON MOTION TO DISMISS

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4885-8156-8070 v1                      - 4 -

3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

*Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009. The court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

## V.   ARGUMENT

### A.   Plaintiffs Failed to Cure the Deficiencies of their Shotgun Pleading

Plaintiffs' pleading is still wide-ranging, uncertain, and vastly overbroad. The Court, in its September 29, 2022 order, specifically held that Plaintiffs' SAC was a shotgun pleading, with conclusory claims incorporating preceding paragraphs and lacking specificity. The Order stated:

> "C. Shotgun Pleading
>
> Regarding the remainder of the SAC, Plaintiffs fall short of providing allegations that are plausible. Plaintiffs' 223-page SAC "incorporate[s] by reference" the preceding paragraphs without regard to the relevancy of the earlier allegations or how they relate to each claim. This is "shotgun pleading." *See Paylor v. Hartford Fire Ins. Co*., 748 F.3d 1117, 1126 (11th Cir. 2014).
>
> The allegations under the individual claims are also inadequate. These claims are conclusory and lack specificity. For example, the first paragraph of the first claim reincorporates the 397 preceding paragraphs while the two remaining paragraphs conclude that Defendants subject Plaintiffs "to a substantial risk of harm and injury . . . and have condoned or been deliberately indifferent to such conduct." (SAC ¶¶ 399–400.) "[M]ere conclusory statements, do not suffice" for a pleading. *Ashcroft*, 556 U.S. at 678.

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4885-8156-8070 v1                - 5 -

3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10

   Many courts, including this one, have sharply criticized shotgun pleading. *See Mason v. Cnty. of Orange*, 251 F.R.D. 562, 563 (C.D. Cal. 2008). This criticism is amply justified, as "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996). "Judges are not like pigs, hunting for truffles buried in briefs." *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Here, Plaintiffs' myriad of claims and shotgun pleading prevents the Court from determining the plausibility of its allegations and from further analyzing the arguments. Therefore, the Court DISMISSES the SAC WITH LEAVE TO AMEND."

11

[Doc. 219, p. 7.]

12
13
14
15
16
17
18
19
20
21
22
23
24
25

   Plaintiffs have failed to cure these deficiencies. Their actual claims for relief, which start on page 205, still lack specificity and are conclusory. They do not specify the allegations in each claim per harmed plaintiff. Instead, Plaintiffs still try to circumvent the inadequacy of the pleading by incorporating their 441 preceding paragraphs. They continue to fail to identify which Plaintiffs are tied to which claims to establish standing, instead broadly stating that all claims (with the exception of the third and seventh claim regarding the disability sub-class) are brought by "All Plaintiffs and the Incarcerated People Class Against Defendants SHERIFF'S DEPARTMENT and COUNTY." [TAC, p. 205-225.] While Plaintiffs' preceding hundreds of paragraphs likely contain factual allegations as to their specific claims, neither this Court nor Defendant should have to resort to hunting around and trying to match up certain claims with certain plaintiffs with certain allegations to determine which plaintiff, if any, has standing for a cause of action and attendant prayer for relief.

26
27
28

   Due to the length and structure of the TAC, it is still very difficult to meaningfully discern what claims and relief are sought as with respect to each Plaintiff.  Plaintiffs' strategy seems to be describing certain wrongful conduct

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4885-8156-8070 v1   - 6 -   3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

observed or described by one or two Plaintiffs per claim in their general allegations, but attempting an overhaul on other specific issues for which standing is never established. This is insufficient. "In order to assert claims on behalf of a class, a named plaintiff must have personally sustained or be in immediate danger of sustaining 'some direct injury as a result of the challenged statute or official conduct.'" *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2001) quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). "Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief." *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999). The problems the Court noted in denying Plaintiffs' Motion for Preliminary Injunction are still present: "Additionally, in several instances, Plaintiffs failed to identify a single named plaintiff who suffered an injury-in-fact from Defendants' conduct or to plead an injury altogether. . . . As such, Plaintiffs lack standing on many of their claims." [Doc. 203.] The difficulty still remains in distinguishing between an assertion or grievance and claims that are supported by a plaintiff with standing. And while many of the claims are allegedly brought by "all plaintiffs," some are convicted (Eighth Amendment governs), some are arrestees awaiting trial (Fourteenth Amendment), and others are not in custody but expect they may return someday.  It is also nearly impossible to tell which, if any, Plaintiffs have exhausted their administrative remedies as required by the PLRA.  The prayer for relief, particularly injunctive relief, is likewise broad and unspecified.  In sum, the TAC remains a shotgun pleading and it should be dismissed again.

**B.**     **The San Diego County Sheriff's Department and Probation Department Are Improper Defendants**

Section 1983 permits suit against a "person" acting under the color of law. "While local governmental units such as cities or municipalities are considered 'persons,' municipal departments and sub-units are not."  *Verdun v. City of San Diego*, No. 319CV00839AJBWVG, 2020 WL 1332772, at *5 (S.D. Cal. Mar. 23,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4885-8156-8070 v1                    - 7 -                    3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

2020) (granting defendants' motion to dismiss the San Diego Police Department as an improper defendant without leave to amend); *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) (noting that municipal police departments and bureaus are generally not considered "persons" within the meaning of Section 1983). The San Diego County Sheriff's Department and San Diego County Probation Department are departments of the County, and thus are improper party defendants in this action. *See, e.g. Wainscott v. Cnty. of San Diego*, No. 3:20-CV-1359-GPC-WVG, 2020 WL 5747389, at *3 (S.D. Cal. Sept. 25, 2020) (local jail or detention facility is not a "person" subject to suit under § 1983).

"Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality." *See Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) 928 F. Supp. at 996 (*sua sponte* dismissing Santa Clara Department of Corrections as an improper party; instead County of Santa Clara is the proper party since Department of Corrections is an agency of the County); *Spatcher v. San Diego Sheriff Dep't*, Case No. 19-cv-01919-BAS-BLM, 2019 WL 6877575, at *4 (S.D. Cal. Dec. 16, 2019) ("Departments of municipal entities are not 'persons' subject to suit under § 1983; therefore, local law enforcement agencies, like the SDSD and its detention facilities, are not proper parties"); *Paschelke v. Doe*, No. CIV 09-2191 IEG(CAB), 2010 WL 2640501, at *1 (S.D. Cal. June 30, 2010) (holding the "dismissal of the San Diego County Central Detention Facility [was] appropriate as this [d]efendant is not a 'person' subject to suit under § 1983."). The San Diego County Sheriff's Department and San Diego County Probation Department should be dismissed from this action.

## C.   Plaintiffs' Seventh Claim for Over Incarceration of People with Disabilities Fails to State a Claim

Plaintiffs allege violations of the Americans with Disabilities Act, the Rehabilitation Act, and California Government Code § 11135, broadly and vaguely alleging that "All Defendants have failed to implement adequate alternatives-to-

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4885-8156-8070 v1                    - 8 -                    3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

incarceration programs, adequate reentry programs, and other evidence-based policies to stop mass incarceration", and that "All Defendants must significantly expand alternatives to incarceration and other programs to shift the pipeline away from the Jail and towards adequate community-based services, programming, and resources that can prevent unnecessary detention." [TAC, ¶11.] The decision whether to incarcerate someone is typically the Court's decision and depends upon a wide range of factors including the nature/seriousness of the crime, the person's criminal history if any, etc.  It is up to the Court system and/or the Legislature to determine whether individuals with disabilities should be incarcerated.  The Court reviews California Rules of Court Rule 4.414 to determine whether the person will be granted probation or sentenced to prison or county jail after a felony conviction. The County plays no role and cannot independently decide that persons with disabilities should not be incarcerated.

The ADA and similar laws provide a remedy for discrimination in the provision of access to "services" based upon disabilities.  They do not offer a remedy for an alleged lack of any particular service including alternatives to incarceration for anyone, disabled or not.  Moreover, ADA regulations requiring equal access to services may be modified and/or restricted when safety/security are negatively impacted.  For example, persons with severe mental illness may act violently if they do not take their prescribed medications and pose a safety threat to other detainees and staff if given unfettered access to certain services.

Plaintiffs may have a wish list of desired changes for public policy, community services, programs, and funding which are well founded and will intentioned.  But a desire for policy change does not form the basis for a cognizable claim for violation of the ADA, the Rehabilitation Act or California Government Code section 11135.

Plaintiffs reliance on *Olmstead v. L.C.*, 527 U.S. 581, 601–02, 119 S.Ct. 2176, 144 L.Ed.2d 540 (1999), is misplaced.  The *Olmstead* decision is limited and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4885-8156-8070 v1                                   - 9 -                                   3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

does not require States to provide community-based treatment as an alternative to being incarcerated or institutionalized.  The Supreme Court held that the State had to provide community-based treatment outside the institutional setting when it was offering the services only in an institutional setting *if* those services could reasonably be provided outside of the jail--not that the State has to provide community-based treatment as an alternative to incarceration. The District Court in *Disability Rights California v. County of Alameda*, No. 20-CV-05256-CRB, 2021 WL 212900, at \*11–12 (N.D. Cal. Jan. 21, 2021) granted the County of Alameda's motion to dismiss faced with a similar claim stating:

> "*Olmstead* provides a remedy for when state and local governments deliver services in institutional settings that could reasonably be delivered in community settings—or when government conduct creates an unnecessary risk that patients will need to enter an institution to obtain services they could otherwise obtain in the community. *See Townsend*, 328 F.3d at 517. It does not provide a remedy for when government entities could generally do more to keep people from being institutionalized.

> Because *Olmstead* applies "where the issue is the <u>location</u> of services, not <u>whether</u> services will be provided, *Townsend*, 328 F.3d at 517 (emphasis in original), DRC must point to services being provided in institutional settings that could be provided in the community, or a risk that DRC Constituents will need to endure institutionalization to receive specific services that could be provided in the community."

*Disability Rts. California*, 2021 WL 212900, at \*11–12.  The Plaintiffs in *Disability Rts. California* were similarly seeking an order that the defendants expand and strengthen community-based services so that fewer County residents were institutionalized.   The Court found that, "Defendants' alleged shortcomings in reducing institutionalization are not enough to plausibly state a disability discrimination claim."  *Id*. at \*12.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4885-8156-8070 v1          - 10 -          3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

Here too, the TAC fails to state a claim under the ADA, the Rehabilitation Act, or Government Code section 11135 for alleged over incarceration of people with disabilities.

### D.   Plaintiffs' Ninth Claim for Discriminatory Racial Impact Fails to State a Claim

The alleged disproportionate incarceration of Black and Latinx persons fails to state an actionable claim against the County.  The TAC alleges that: "As a result of the COUNTY's, SHERIFF'S DEPARTMENT's, and PROBATION DEPARTMENT's policing practices, disproportionate numbers of Black and Latinx persons are arrested. Further, COUNTY's, SHERIFF'S DEPARTMENT's, and PROBATION DEPARTMENT's discriminatory implementation of their alternatives to pre-trial custody programs, early release programs, and re-entry programs result in disproportionate numbers of Black and Latinx arrestees remaining in Jail."  [TAC, ¶505]  In addition to citing the proportions of Black and Latinx persons incarcerated in the County jails, the TAC also alleges that the Sheriff's Department "uses state funds to over-police Black and Latinx communities, including by targeting patrolling activities in Black communities to detain and arrest individuals suspected of gang-related activities. This results in Black and Latinx individuals being stopped and arrested at disproportionately high rates."  [TAC, ¶401.]  Plaintiffs' allegations against Defendants are overbroad.

For relief under California Code section 11185, plaintiffs must show (1) "defendant's facially neutral practice causes a disproportionate adverse impact on a protected class"; (2) "to rebut, the defendant must justify the challenged practice"; and (3) "if defendant meets its rebuttal burden, the plaintiff may still prevail by establishing a less discriminatory alternative." *Darensburg v. Metro. Transp. Comm'n*, 636 F.3d 511, 519 (9th Cir. 2011). Here, Plaintiffs have not shown a disproportionate adverse impact on the protected classes (Black and Latinx).

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4885-8156-8070 v1                          - 11 -

3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

1    First the jails receive arrestees/convicted persons from other agencies in

2    addition to the Sheriff's Department. This includes roughly one-fifth or more of the

3    population comprised of inmates from the CDCR, sent back to the county of

4    commitment prior to their release, or housed at the county after a state parole

5    violation.  Further, it is the crimes that dictate the arrest or probation violation, not

6    the race of the person. Plaintiffs' bald allegation that it is race-based does not make

7    it so, particularly when more details are examined.

8    Second, the County's incarceration and arrest statistics are not

9    disproportionate.  Statewide[1], felony arrestees are 29% White, 44.7% Hispanic,

10   20.1% Black, and 6.2% Other[2].  In San Diego, of the total 12,497 incarcerated

11   persons in the County, there are 3,674 White, 2,698 Black, and 5,484 Hispanic

12   persons.  These  statistics are similar to those of other counties.  While the

13   percentage of Hispanic prisoners is higher than the state average, so too is the

14   Hispanic population in the county, adjacent to the Mexican border.

15   Finally, as to Plaintiffs' ADA references on this claim, the ADA does not

16   provide any relief for racial discrimination under California Government Code

17   section 11135.

18   **E.    Plaintiffs' Sixth Claim for Inadequate Dental Care Fails to State a
       Claim**

19

20   Plaintiffs' TAC now acknowledges that the Sheriff's Department has

21   "contracted with NaphCare, Inc. ("NaphCare") to provide certain medical, mental

22   health, and dental care services in the Jail."  [TAC, ¶32.] This omits vision care and

23   ignores that the NaphCare system is a comprehensive care system which was

24

25

26   [1] See California Department of Justice Crime in California 2021 report https://data-
     openjustice.doj.ca.gov/sites/default/files/2022-

27   08/Crime%20In%20CA%202021_0.pdf (Tables 30, 31)
     [2] See Appendix A to Prison Policy Initiative,

28   https://www.prisonpolicy.org/racialgeography/counties.html

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

SD #4885-8156-8070 v1                    - 12 -                    3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

implemented on June 1, 2022, designed to provide streamlined and thorough care to jail residents in compliance with NHCC standards.

Plaintiffs continue to allege that the County fails to provide minimally adequate dental treatment to incarcerated people, focusing on emergency dental care rather than preventative care.  [TAC, ¶360.] However, plaintiffs cite to examples that occurred *before* the NaphCare system was implemented, such as Zoerner's tooth pain in May 2021. [*Id*., ¶359.] Plaintiffs cite to Norwood's problems with dentistry in 2021. [*Id*., ¶361.] For Edwards, plaintiffs cite to his dental care in November 2020.  [Id., ¶362.]  Plaintffs do not provide dates for the alleged inadequate dental care of Levy or Archuleta.  [*Id.,* ¶364.]

Plaintiffs also rely heavily on an NCCHC report from 2017.  [*Id.,* ¶284.] Plaintiffs cite this 2017 report for many of their facts, including the claim that people may wait as long as two months for dental care.  [*Id.,* ¶358.]  Plaintiffs also cite this old report to allege a lack of education, preventative oral care, or regular dental care. [Id., ¶363.]  In sum, though plaintiffs seek prospective injunctive relief, none of their allegations about dental care pertain to the time period after Naphcare took over the provision of dental care[3]. Plaintiffs dismissed the previous sub-contractors of the County. Plaintiffs' allegations fail to account for dental care under NaphCare. The pleading is uncertain.

### F.   The Court Has Discretion to Limit Plaintiffs' Claims

Courts have discretion to issue narrowing orders to limit the parties' claims. *See, e.g. Fisher & Paykel Healthcare Ltd. v. Flexicare Inc*., No. SACV-19835-JVS DFMX, 2021 WL 6882371, at *1 (C.D. Cal. Dec. 1, 2021) (noting the Court issued an order requiring the parties to narrow the asserted claims and prior art references, ordering "Fisher to narrow its asserted claims to ten (10) total claims," and

---

[3] Plaintiffs' other claims suffer from the same defect, of using outdated information, complaints, reports, and audits involving the previous subcontractors before NaphCare took over on June 1, 2022. An injunction cannot lie on outdated facts.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4885-8156-8070 v1                - 13 -                3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

"Flexicare to narrow its asserted prior art references to fifteen (15) total references"); *Apple, Inc. v. Samsung Elecs. Co.,* 67 F. Supp. 3d 1100, 1127 (N.D. Cal. 2014) (court limited parties' asserted claims to 5 per side at trial); *Finjan, Inc. v. Check Point Software Techs., Inc.,* No. 18-CV-02621-WHO, 2020 WL 1929250, at \*3 (N.D. Cal. Apr. 21, 2020) (issuing narrowing order); *Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*, 340 F. Supp. 3d 934, 943 (N.D. Cal. 2018) (referencing order that directed the parties to limit their infringement contentions to 5 patents, 10 asserted claims, and 15 accused products per side).

For example, in *Nevarez v. Forty Niners Football Co., LLC*, No. 16-CV-07013-LHK, 2019 WL 13148141, at \*2–3 (N.D. Cal. Feb. 5, 2019), the Court noted that it and the jury could not conduct an 8-day jury trial of over 2,500 alleged access barriers analyzed under 3 separate building code standards, thus it held that only a manageable number of claims would be the subject of summary judgment motions and at issue in the pretrial conference and trial.  The court ordered each side to select up to 6 alleged physical access barriers to litigate through summary judgment, the pretrial conference, and trial, with ADR ordered after the trial to discuss the other claims.  The court cited *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892–93 (2016) for the proposition that "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." While this is not solely an ADA case, the same principle applies here, as the TAC is unwieldy and overly broad.

Plaintiffs' case is unmanageable as evidenced by their pleading, alleging a multitude of violations and causes of actions across fourteen different plaintiffs, with a broad range of complaints.  By way of example only, Plaintiffs claim Defendants systematically fail to maintain sufficient numbers of adequately trained health care professionals; the jail fails to provide adequate medical care for incarcerated people with substance use disorders; the jail does not properly screen incarcerated persons for their medical conditions upon intake; the jail fails to

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4885-8156-8070 v1                    - 14 -

3:20-CV-00406-AJB-DDL
DEFENDANT'S MOTION TO DISMISS
THIRD AMENDED COMPLAINT

1   provide eyeglasses; jail medical providers fail to maintain adequate, accurate, and

2   complete medical records; the Sheriff's Department has failed to protect people

3   from fentanyl and other dangerous contraband in the jail; the Sheriff's Department

4   adequate discharge instructions and medications upon release; it fails to provide

5   defendants fail to provide adequate dental care to incarcerated people; county

6   defendants' incarceration practices disproportionately harm people with disabilities,

7   the homeless, and people of color; county defendants fail to ensure that incarcerated

8   people can adequately communicate confidentially with their attorneys; county

9   defendants fail to maintain functioning safety features at the jail; county defendants

10  fail to remedy dangerous electrical and plumbing hazards, *etc.*

11          Discovery and trial on all of the issues raised in Plaintiffs' TAC would

12  impose an extreme burden on this Court as well as counsel.  The case requires

13  limitations and Defendant encourages this Court to narrow the causes of action.

14  **VI.     CONCLUSION**

15          Defendant respectfully requests that this Court dismiss the TAC, with

16  limitations on the amendment(s) permitted.

17

18  Dated: December 23, 2022                    BURKE, WILLIAMS & SORENSEN, LLP

19

20                                              By:   s/ *Susan E. Coleman*

21                                                    Susan E. Coleman

22                                              Attorneys for Defendant
                                                COUNTY OF SAN DIEGO

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SD #4885-8156-8070 v1                    - 15 -        3:20-CV-00406-AJB-DDL
                                                       DEFENDANT'S MOTION TO DISMISS
                                                       THIRD AMENDED COMPLAINT