UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>**(Doc. No. 183)** |

Presently pending before the Court is non-party Pedro Rodriguez's motion to intervene as a plaintiff in this action. (Doc. No. 183.) For the reasons set forth below, the Court **DENIES** the motion.

///

1

## I. BACKGROUND

The Court has previously recited the factual background in this case at length and will not reiterate it here. (*See, e.g.*, Doc. No. 203.) A brief review of relevant procedural background suffices.

On February 9, 2022, Plaintiffs Darryl Dunsmore, Ernest Archuleta, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, and Laura Zoerner filed a Second Amended Complaint on behalf of themselves and all others similarly situated. (Doc. No. 81.) On August 15, 2022, the Court denied as moot Plaintiffs' motion for provisional class certification. (Doc. No. 203.) Thereafter, Plaintiffs filed a Third Amended Complaint ("TAC"), on November 18, 2022. (TAC, Doc. No. 231.) The TAC seeks to certify a class of two classes. First, the TAC seeks to bring claims "on behalf of all adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated People Class")." (*Id.* at 198–99.) Second, Plaintiffs bring this action on their own behalf and "on behalf of a subclass of all qualified individuals with a disability, as that term is defined in 42 U.S.C § 12102, 29 U.S.C. § 705(9)(B), and Cal. Gov't Code § 12926(j) and (l), and who are now, or will be in the future, incarcerated in all San Diego County Jail facilities ("Incarcerated People with Disabilities Class"). (*Id.* at 202.)

On June 30, 2022, Mr. Rodriguez, proceeding *pro se*, filed the instant *ex parte* motion to intervene, asserting that his interests may not presently be fairly represented.[1] (Doc. No. 183.) On August 24, 2022, Plaintiffs filed an opposition to Mr. Rodriguez's motion. (Doc. No. 206.) Mr. Rodriguez filed a reply on September 19, 2022. (Doc. No. 215.)

---

[1] Mr. Rodriguez brings this motion under Fed. R. Civ. P. 23(d). (*See* Doc. No. 183.) However, this rule does not permit intervention, and as such, the Court evaluates Mr. Rodriguez's motion under Fed. R. Civ. P. 24.

## II. REQUESTS FOR JUDICIAL NOTICE

Federal Rule of Evidence 201(b) permits judicial notice of any fact "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be questioned." Fed. R. Evid. 201(b); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Moreover, "[a] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), superseded by statute on other grounds as recognized in *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Further, when ruling on a Rule 12(b)(6) motion to dismiss, courts may consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

Mr. Rodriguez requests judicial notice of four documents. (Doc. Nos. 194, 195, 205, 227.) However, each of these four requests appear to be declarations by Mr. Rodriguez concerning his current status. As the contents of these filings are subject to reasonable dispute, are not generally known within the trial court's territorial jurisdiction, and cannot be accurately and readily determined from sources whose accuracy cannot be questioned, the Court **DENIES** Mr. Rodriguez's requests for judicial notice.

## III. LEGAL STANDARD

> [T]he court *must* permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2) (emphasis added). Alternatively, the "court *may* permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." *Id.*, subsection (b)(1)(B) (emphasis added). District courts consider several factors in determining whether to grant permissive intervention, and are

"given broad discretion to make this determination . . . ." *Perry v. Schwarzenegger*, 630 F.3d 898, 905–06 (9th Cir. 2011) (citation omitted).

## IV. DISCUSSION

Preliminarily, the Court notes the general rule that non-attorney litigants cannot appear *pro se* in class actions; *pro se* litigants are not "adequate" class representatives under Federal Rule of Civil Procedure 23(a). *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) (collecting cases); *White v. Heren*, 310 Fed. App'x 159, 160 (9th Cir. 2009). The exception to this general rule is when a statute authorizes the plaintiff to prosecute the action on behalf of others. *Simon*, 546 F.3d at 664 n.6. That exception does not apply here. And *pro se* prisoners' ability to bring class actions is even more limited. *See, e.g.*, *Abel v. Alameda Cnty.*, No. C 07-3247 MJJ (PR), 2007 WL 3022252, at *1 (N.D. Cal. Oct. 13, 2007) ("Pro se prisoner plaintiffs may not bring class actions. They are not qualified to act as class representatives as they are unable to fairly represent and adequately protect the interests of the class.") (citations omitted).

The Court also finds that Mr. Rodriguez does not satisfy the criteria for either as-of-right or permissive intervention. With respect to intervention as of right, acknowledging that Mr. Rodriguez "claims an interest relating to the property or transaction that is the subject of the action," he has failed to show that "disposing of the action may as a practical matter impair or impede [his] ability to protect [his] interest." Fed. R. Civ. P. 24(a). The claims Mr. Rodriguez asserts in his Motion are highly duplicative of those already alleged on behalf of the class, and he has not indicated that class counsel will be unable to protect his interests as a class member. Moreover, because his claims duplicate those of other class members, "existing parties adequately represent [his] interest." *Id.* Mr. Rodriguez is not entitled to intervene as of right.

The Court also will not permit Mr. Rodriguez to intervene in its discretion. It is true that he "has a claim or defense that shares with the main action a common question of law or fact." But the Court must also consider several other factors to evaluate whether to grant permissive intervention. These factors include "whether the intervenor['s] interests are

adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit . . . ." *Perry*, 630 F.3d at 905 (citation omitted).

Here, the Court finds that Mr. Rodriguez's interests are adequately represented by other parties, that his inclusion in the action has the potential to prolong or unduly delay this litigation (which is already complicated enough), and that though Mr. Rodriguez has offered to contribute his experience and knowledge to this litigation, he has not shown that his experience and knowledge exceed that of the existing parties, potential experts, and other witnesses. Indeed, Plaintiffs' counsel has met with Mr. Rodriguez three times after filing the motion to intervene, and, based on those meetings "Plaintiffs understood that Mr. Rodriguez was optimistic about working alongside Plaintiffs rather than intervening." (Doc. No. 206 at 4.) Accordingly, the Court finds that Mr. Rodriguez should not be permitted to intervene.

## V. CONCLUSION

For the foregoing reasons, Mr. Rodriguez's motion to intervene is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 3, 2023

Hon. Anthony J. Battaglia
United States District Judge