UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>                          Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>                          Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[Dkt. No. 252]** |

    The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for reasons of privacy or security, normally kept confidential by the Parties. The materials to be exchanged throughout the course of the litigation between the Parties may contain private, proprietary, confidential HIPAA, or security-sensitive information, as is contemplated by Federal Rule of Civil Procedure 26(c). The parties have agreed to be bound by the terms of this Protective Order ("Order" or "Protective Order") to protect the confidentiality of such materials as much as practical during the litigation.

    Pursuant to the parties' stipulation, and for good cause shown, the undersigned **GRANTS** the parties' Joint Motion for Entry of Protective Order [Dkt. No. 252] and further **ORDERS** as follows:

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom, that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" includes, but is not limited to: documents; correspondence; medical records; custody records; draft policies or procedures; training material on issues involving safety and security; emails; letters; investigational records; disciplinary records; personnel file documents; memoranda; bulletins; blueprints of facilities; specifications; minutes; letters; contracts; invoices; drafts; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including drafts and chart notes); reports; instructions; disclosures; data; other writings; models and prototypes and other physical objects.

3. The term "counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below: Rosen Bien Galvan & Grunfeld LLP; Law Office of Aaron J. Fischer; DLA Piper US LLP; San Diego County Counsel; and Burke, Williams & Sorensen, LLP.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY." Materials so

///

designated will not be disseminated or produced except in accordance with this Protective Order.

    a.    Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good-faith belief of such party and its counsel, the information is (a) proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26); (b) security-sensitive information (information that if released to the public or incarcerated people would compromise the safety and security of a correctional facility); (c) confidential personal information, such that the party making the designation avers that it can and would make a showing to the Court sufficient to justify the filing of the document or information under seal in accordance with Federal Rule of Civil Procedure 26(c) and controlling federal case law; or (d) information reasonably believed to be protected from disclosure pursuant to state or federal law.

    b.    Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

    c.    The designation of material or a portion thereof as confidential information shall be made, whenever possible prior to a production, by placing or affixing on each page of such material in a manner that will not interfere with its legibility the words "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY." If such designation is not possible prior to the production, the designation must be made by the producing party within fourteen (14) days after disclosure. In the event that documents subject to

        confidentiality, or portions thereof, are inadvertently produced without being designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," they shall be treated as confidential information as of the date of designation, if timely made.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

    a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

    b. the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

///

  c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" may be viewed only by counsel (as defined in paragraph 3) of the receiving party, Plaintiff and Defense experts, and any neutral experts retained jointly by the Parties.

9. Information designated "CONFIDENTIAL" may be viewed or accessed only by the Court, its officers, court personnel and stenographic parties engaged in proceedings in this matter, Plaintiff and Defense experts, any neutral experts retained jointly by the Parties, counsel (as defined in paragraph 3) of the receiving party, and other testifying or consulting experts, where production is required by the Federal Rules of Civil Procedure, or where production is ordered by the Court.  Nothing in this Protective Order will preclude Plaintiffs' counsel from sharing and reviewing with the Plaintiffs their own Jail medical and/or custody records. Information designated "CONFIDENTIAL" may also be accessed or viewed by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms (i.e., by signing the "Acknowledgment and Agreement to Be Bound by Protective Order," attached as Appendix A):

///

    a)     Defendant's Executives and/or command staff are required to participate in policy decisions with reference to this action;

    b)     Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

    c)     Stenographic and clerical employees associated with the individuals identified above.

10. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

11. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

13. At any stage of these proceedings, any party may object to a designation of the materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) days of receipt of such a notice of objections, the parties must follow the discovery dispute procedures outlined in the undersigned's Chambers Rules to request a

ruling from the Court. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

15. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

16. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY - SUBJECT TO PROTECTIVE ORDER."

///

///

17. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

19. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated confidential

information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

24. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

Pursuant to stipulation, **IT IS SO ORDERED**.

Dated: January 9, 2023

_____
Hon. David D. Leshner
United States Magistrate Judge

# APPENDIX A
## ACKNOWLEDGMENT OF AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare:

1. I have received a copy of the Protective Order in the action entitled *Dunsmore et al. v. San Diego County Sheriff's Department et al.*, U.S.D.C. (S.D. Cal.) 3:20-cv-00406-AJB-DDL (the "Protective Order"). I have carefully read and understand the provisions of the Protective Order.

2. I will comply with all of the provisions of the Protective Order. I will hold in confidence, and will not disclose to anyone other than those persons specifically authorized by the Protective Order, will not copy or use except for purposes of the Litigation, and will return or destroy pursuant to the terms of this Protective Order, any information designated "Confidential" which I receive in the Litigation.

3. I agree to submit to the continuing jurisdiction of the United States District Court for the Southern District of California for purposes of enforcement of the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed at _____, _____ this _____ day of _____, 20___.

_____
[NAME]