UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　　　Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EXPEDITED DISCOVERY**<br><br>**[Dkt. No. 243]** |

Before the Court is Plaintiffs' Second Motion for Limited Expedited Discovery (the "Motion"). Dkt. No. 243. The Court has considered the parties' moving papers, the applicable law, and the arguments of counsel during the January 9, 2023, hearing on the Motion. For the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.

**BACKGROUND**

Plaintiffs are individuals who are or have been incarcerated at jails in San Diego County. *See generally* Dkt. No. 231 (the "Third Amended Complaint" or "TAC"). For themselves and on behalf of a putative class of incarcerated persons, they challenge the "extraordinarily dangerous and deadly conditions" at those jails

with respect to the provision of medical, dental and mental health care and, as is relevant here, to the accessibility of jail facilities, programs and services for persons with disabilities. *See generally id.* The District Court denied Plaintiffs' previous motion for a preliminary injunction. Dkt. No. 203. Subsequently, the District Court dismissed the Second Amended Complaint with leave to amend, and the undersigned accordingly denied Plaintiffs' then-pending motion for expedited discovery as moot. Dkt. Nos. 219, 221.

On November 18, 2022, Plaintiffs filed the TAC. Dkt. No. 231. Defendants' motion to dismiss the TAC remains pending. *See* Dkt. No. 247. To "evaluate the need for and scope of a potential renewed motion for preliminary injunction," Plaintiffs filed the instant Motion seeking discovery "about the Jail's current ADA polices and practices." Dkt. No. 234-1 at 3. As stated in the Motion, Plaintiffs "seek permission" to propound 35 document requests ("RFPs"), conduct "ADA expert inspections" at five jails, and depose a Rule 30(b)(6) designee on the issues of ADA compliance and accessibility.[1] *Id.*

Defendants oppose the Motion. Dkt. No. 245. Defendants assert that as set forth in plaintiffs' discovery requests, the discovery is overbroad in scope in that it seeks information that is not necessary to a pending or even potential motion for a preliminary injunction. Dkt. No. 245 at 5-10. Defendants further assert that responding to Plaintiffs' overbroad discovery would present an "enormous burden." *Id.* at 11. Defendants agree that "in princip[le]," "appropriately narrow" pre-answer

/ / /

---

[1] Plaintiffs did not attach their proposed discovery to the Motion. *See Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 1086, 1100 (N.D. Cal. 2012) (noting that "[w]ithout a copy of the proposed discovery requests, the Court cannot determine whether the requests are narrowly tailored"). However, the proposed 35 RFPs, notice of Rule 30(b)(6) deposition, and requests for inspection of five jail facilities were attached to Defendants' opposition. *See* Dkt. No. 245-1.

discovery could proceed but assert that Plaintiffs' proposed discovery "exceed[s] . . . the bounds" of what is "proper" at this stage of the proceedings. *Id.* at 5.

On January 9, 2023, the Court held oral argument on the Motion. In advance of the hearing, the Court advised counsel for the parties of its tentative ruling to permit expedited discovery but to limit the scope of that discovery significantly compared to Plaintiffs' proposal. Plaintiffs' counsel lodged revised discovery requests (consisting of 13 RFPs, a notice of Rule 30(b)(6) deposition, and request for inspection of five jail facilities) with the undersigned's chambers at the close of business on January 6, 2023. Plaintiffs' revised discovery requests were the focus of the Court's and counsel's discussion at the hearing.

## II.
## LEGAL STANDARDS

The Court may authorize expedited discovery on a showing of good cause. *See Synopsys, Inc. v. AzurEngine Techs., Inc.*, 401 F.Supp.3d 1068, 1076 (S.D. Cal. 2019) (citation omitted); *see also* Fed. R. Civ. P. 26(d)(1) (providing that the court can order discovery to proceed before the parties have conferred as required by Rule 26(f)). Good cause is often established in cases where a preliminary injunction is or may be sought. *See Am. LegalNet*, *Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); *see also Interserve, Inc. v. Fusion Garage PTE*, *Ltd*., No. C 09-05812 JW PVT, 2010 WL 143665, at *2 (N.D. Cal. Jan. 7, 2010) (finding good cause to permit expedited discovery to allow a litigant "to determine whether to seek an early injunction."). However, the court should not authorize discovery that is "'not narrowly tailored to obtain information relevant to [the] determination'" of whether an injunction should issue. *Am. LegalNet*, 673 F. Supp. 2d at 1067 (citation omitted). As in all cases, a court faced with a request for expedited discovery has both the discretion and the obligation "'to prevent excessive or burdensome discovery.'" *Id.* (quoting *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)); *see also Hallett v. Morgan*,

296 F.3d 732, 751 (9th Cir. 2002) (noting the Court's "broad discretion" to "permit or deny discovery").

### III.
### DISCUSSION

The Court appreciates that Plaintiffs have made serious allegations of Defendants' widespread and "systemic" failures to provide appropriate accommodations to persons with disabilities. Dkt. No. 243-1. Reasonably limited discovery "focused on emergency situations created by existing physical barriers, policies, practices or programs" would enable Plaintiffs to pursue prompt remediation of any such failures. Dkt. No. 245 at 3. The Court therefore finds that Plaintiffs have established good cause for limited expedited discovery. However, the Court agrees with Defendants that the discovery Plaintiffs seek permission to propound is not confined to information relevant to the issuance of an injunction, even after Plaintiffs' attempt to narrow it.

In considering a request for expedited discovery, one factor the Court must consider is "the purpose for requesting the expedited discovery." *Am. LegalNet*, 673 F.Supp.2d at 1063. Plaintiffs state that the purpose of the requested discovery is to allow them to "evaluate the need for and scope of a potential renewed motion for preliminary injunction" regarding Defendants' alleged "ongoing ADA and Rehab[ilitation] Act violations," and to "provide better factual information" to the Court in hearing any such motion. Dkt. No. 243-1 at 3, 5, 9. The seven named Plaintiffs, who suffer from mobility and hearing disabilities, report being unable to access facilities, services, and medical care and appear for court proceedings due to a lack of accommodations. *Id.* at 2-3. Plaintiffs also anecdotally report that the elevator at Central Jail has been in a perpetual state of disrepair. *Id.* at 8. And Plaintiffs represent that their ADA expert is "very skeptical" that the Rock Mountain

/ / /
/ / /

jail facility "will be ADA-compliant . . . based on the site accessibility information available to her."[2]  *Id.* at 7.

Bearing this in mind, the Court finds that expedited discovery to allow Plaintiffs to move for a court order requiring Defendants to comply with the ADA must be limited to current policies, procedures and conditions regarding accessibility and accommodations for incarcerated persons with mobility and hearing disabilities at Central Jail and at the Rock Mountain jail facilities.  While discovery within this scope will be permitted, the Court finds that Plaintiffs' proposed discovery exceeds it.  The Court accordingly **GRANTS IN PART** and **DENIES IN PART** the request for expedited discovery.

It is not the Court's responsibility to "rewrite" discovery for the parties.  *See Kellgren v. Petco Animal Supplies, Inc.*, No. 3:13-cv-644-L(KSC), 2017 WL 979045, at *4 (S.D. Cal. Mar. 13, 2017) (citation omitted).  However, to maximize efficiency and minimize disputes, the Court has done so here.  Attached to this Order are ten RFPs and a notice of deposition pursuant to Rule 30(b)(6) that the Court finds appropriately tailored to Plaintiffs' needs.  These RFPs and deposition notice shall be deemed served upon Defendants as of the date of this Order.  By agreement of the parties, documents responsive to the RFPs shall be produced within **40 days** of the date of this Order.  *See* Dkt. No. 257 at 3.  The deposition shall commence within **60 days** of the date of this Order on a date mutually agreed to by the parties.  *See id.*

/ / /

/ / /

/ / /

---

[2] According to defendants, the Rock Mountain jail facility, which has yet to open, will be "completely ADA compliant" and will house incarcerated individuals with "ADA issues."  *See* Dkt. No. 204 at 17.

Regarding inspections of Defendants' jail facilities, the parties have agreed, and the Court hereby **ORDERS** that:

Not later than **30 days** after Defendants produce documents responsive to Plaintiffs' RFPs (as set forth in Exhibit A to this Order), Plaintiffs' counsel and expert shall be allowed to inspect Central Jail. The inspection will occur on a mutually agreeable date no later than **March 10, 2023**. Defendants will provide Plaintiffs' counsel with a map or floor plan of the Central Jail at least 10 days before the inspection. Defendants will also provide Plaintiffs' counsel a current roster of incarcerated persons with mobility and hearing disabilities listed along with their location within the jail (but with their identifying information redacted) before the inspection.

Plaintiffs' counsel and their expert shall also be allowed to inspect the Rock Mountain jail facility on **February 10, 2023**. Defendants will provide Plaintiffs' counsel with a map or floor plan of the Rock Mountain facility at least 10 days before the inspection.

If additional dates are needed to complete the inspection of either or both facilities, the parties agree to schedule these on mutually agreeable dates.

As discussed on the record at the January 9 hearing, Plaintiffs will not interview detainees or employees during either inspection. However, Defendants' counsel will facilitate the provision of information to Plaintiffs' counsel and expert during the inspections.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV.

## CONCLUSION

For the reasons stated above, Plaintiffs' Second Motion for Limited Expedited Discovery [Dkt. No. 243] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

Dated: January 17, 2023

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge

# **EXHIBIT A**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>                     Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>                     Defendants. | Case No.:  20-cv-406-AJB-DDL<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

PROPOUNDING PARTY:     PLAINTIFFS

RESPONDING PARTY:     DEFENDANTS SAN DIEGO COUNTY SHERIFF'S DEPARTMENT AND COUNTY OF SAN DIEGO

SET NO.:     ONE

The following definitions shall apply to these requests for production:

1. The terms "YOU" and "YOUR" refer to the County of San Diego and anyone acting on its behalf, including the San Diego County Sheriff's Department.

2. The terms "MOBILITY DISABILITY" and "MOBILITY DISABILITIES" mean any mobility impairment that limits one or more major life activities, including limiting the ability to stand, walk, climb stairs, or use one's upper extremities.

3. The terms "DISABILITY" and "DISABILITIES" includes MOBILITY DISABILITIES and any hearing impairment that limits one or more major life activities.

4. The term "DOCUMENT" means any log, report, memoranda, or assessment.

5. The term "INCARCERATED PERSON(S)" means any person incarcerated, detained or in custody at the San Diego Central Jail or who will be incarcerated, detained or in custody at the Rock Mountain jail facility.

6. The terms "POLICIES" and "PROCEDURES" mean policies, procedures, handbooks, advice, directives, training materials, forms, instructions, and guidelines that comprise established standards, regardless of the author.

7. The term "CURRENT" means in effect and not superseded and/or issued on or after January 1, 2021.

8. The term "REASONABLE ACCOMMODATIONS" means any modification to any POLICIES, PROCEDURES, or practices to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with DISABILITIES.

/ / /
/ / /
/ / /
/ / /
/ / /

# REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

All CURRENT POLICIES, PROCEDURES and DOCUMENTS relating to physical accessibility of facilities, housing, programs, services, activities, and assistive devices for INCARCERATED PERSONS with DISABILITIES, including but not limited to the accessibility of telephones, tablets, elevators, yard, exercise equipment, religious services, substance abuse programs, educational programs, and job training programs.

**REQUEST FOR PRODUCTION NO. 2**:

All CURRENT POLICIES, PROCEDURES, DOCUMENTS, repair receipts and grievance responses relating to the functionality, testing, maintenance, and repair of elevators at the San Diego Central Jail.

**REQUEST FOR PRODUCTION NO. 3**:

All CURRENT POLICIES, PROCEDURES, and grievance responses relating to the availability, provision, maintenance, and repair of assistive devices (including but not limited to wheelchairs, walkers, canes, crutches, prosthetics, and hearing aids) for INCARCERATED PERSONS with DISABILITIES.

**REQUEST FOR PRODUCTION NO. 4**:

All CURRENT POLICIES and PROCEDURES relating to identifying and tracking INCARCERATED PERSONS with DISABILITIES.

**REQUEST FOR PRODUCTION NO. 5**:

All physical, structural, and design plans for the Rock Mountain jail facility, including plans relating to accommodations for INCARCERATED PERSONS with DISABILITIES and compliance with the Americans with Disabilities Act.

**REQUEST FOR PRODUCTION NO. 6**:

All CURRENT DOCUMENTS relating to the accessibility of housing units utilized by INCARCERATED PERSONS with DISABILITIES, including but not limited to the accessibility of beds, desks, toilets, showers, and lavatories, in cells

or within sanitary facilities, and drinking fountains, tables, utility sinks, and telephones in the day room.

**REQUEST FOR PRODUCTION NO. 7**:

All CURRENT POLICIES, PROCEDURES, and DOCUMENTS relating to evacuation plans for INCARCERATED PERSONS with DISABILITIES, including but not limited to documentation of evacuation drills and egress routes maintained as accessible.

**REQUEST FOR PRODUCTION NO. 8**:

All CURRENT DOCUMENTS and grievance responses relating to REASONABLE ACCOMMODATIONS requested, offered, and/or provided to INCARCERATED PERSONS with DISABILITIES.

**REQUEST FOR PRODUCTION NO. 9**:

All CURRENT POLICIES, PROCEDURES and DOCUMENTS relating to plans to house INCARCERATED PERSONS who use wheelchairs at the Rock Mountain jail facility.

**REQUEST FOR PRODUCTION NO. 10**:

All CURRENT POLICIES, PROCEDURES, and DOCUMENTS relating to Quality Assurance and/or Quality Improvement processes related to accommodating INCARCERATED PERSONS with DISABILITIES.

# **EXHIBIT B**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>        Defendants. | Case No.: 20-cv-406-AJB-DDL<br><br>**PLAINTIFFS' NOTICE OF DEPOSITION OF SAN DIEGO COUNTY SHERIFF'S DEPARTMENT PURSUANT TO FED. R. CIV. P. 30(b)(6)** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner ("Plaintiffs"), on behalf of themselves and all persons similarly situated, by and through their attorneys, will take the deposition of Defendant San Diego County Sheriff's Department ("Sheriff's Department") regarding the topic for examination stated below.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Sheriff's Department must designate one or more of their officers, directors, partners,

managing agents, or other such persons to testify on their behalf as to all matters known or reasonably available to the Sheriff's Department on the topic for examination stated below.

The deposition will commence on a date mutually agreed to by the parties and in compliance with the deadlines set in the accompanying Order, and will continue from day-to-day, excluding Saturdays, Sundays and holidays, until completed. The deposition will take place at the offices of DLA Piper LLP, 401 B St., 17th Floor, San Diego, California 92101. The deposition will be taken before a notary public authorized to administer oaths and shall be recorded by stenographic means and may also be videotaped.

## DEFINITIONS

1. The terms "MOBILITY DISABILITY" and "MOBILITY DISABILITIES" mean ANY mobility impairment that limits one or more major life activities, including limiting the ability to stand, walk, climb stairs, or use one's upper extremities.

2. The terms "DISABILITY" and "DISABILITIES" includes MOBILITY DISABILITIES and any hearing impairment that limits one or more major life activities.

3. The term "INCARCERATED PERSON(S)" means any person incarcerated, detained or in custody at the San Diego Central Jail or who will be incarcerated, detained or in custody at the Rock Mountain jail facility.

4. The terms "POLICIES" and "PROCEDURES" mean policies, procedures, handbooks, advice, directives, training materials, forms, instructions, and guidelines that comprise established standards, regardless of the author.

5. The term "REASONABLE ACCOMMODATIONS" means any modification to any POLICIES, PROCEDURES, or practices to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with DISABILITIES.

1        6.    The term "EFFECTIVE COMMUNICATION" means the use of any auxiliary aid or service to ensure that individuals with DISABILITIES can convey, receive and understand information.

      7.    The term "CURRENT" means in effect and not superseded and/or issued on or after January 1, 2021.

## TOPIC FOR EXAMINATION

All CURRENT POLICIES, PROCEDURES and practices regarding the accessibility of facilities, housing, programs, services, activities, EFFECTIVE COMMUNICATION, REASONABLE ACCOMMODATIONS, and assistive devices for INCARCERATED PERSONS with DISABILITIES.