Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101-8474
Tel: 619.814.5800   Fax: 619.814.6799

Attorneys for Defendant
COUNTY OF SAN DIEGO (also erroneously sued as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, and SAN DIEGO COUNTY PROBATION DEPARTMENT)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et.al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et.al.,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**REPLY IN SUPPORT OF DEFENDANT COUNTY OF SAN DIEGO'S MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Hearing:   March 9, 2023<br>Time:   2:00 p.m.<br>Courtroom:   4A<br><br>Judge:   Hon. Anthony J. Battaglia |

Burke, Williams & Sorensen, LLP
Attorneys At Law
San Diego

LA #4874-8349-5756 v1

3:20-CV-00406-AJB-DDL
REPLY ISO DEFENDANT'S MOTION TO
DISMISS THIRD AMENDED COMPLAINT

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1
II. ARGUMENT .................................................................................................. 1
    A. Plaintiffs Fail to Acknowledge that their TAC is a Shotgun Pleading ................................................................................................ 1
    B. The San Diego County Sheriff's Department and Probation Department Are Improper Parties ......................................................... 3
    C. Plaintiffs' Seventh Claim for Over Incarceration of People with Disabilities Fails to State a Claim ........................................................ 5
    D. The Ninth Claim for Discriminatory Racial Impact Fails to State a Claim .................................................................................................. 7
    E. The Sixth Claim for Inadequate Dental Care Fails to State a Claim ...................................................................................................... 8
    F. This Lawsuit is Unmanageable and Limitations are Required ............ 9
III. CONCLUSION ............................................................................................. 10

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4874-8349-5756 v1

- i -

3:20-CV-00406-AJB-DDL
REPLY ISO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Brown v. Cnty. of Kern*,
  2008 WL 544565 (E.D. Cal. Feb. 26, 2008) ........................................................ 4

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
  631 F.3d 939 (9th Cir. 2011) ............................................................................... 3

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ............................................................................... 9

*Dietz v. Bouldin*,
  136 S. Ct. 1885 (2016) ......................................................................................... 9

*Disability Rights California v. County of Alameda*,
  No. 20-CV-05256-CRB, 2021 WL 212900 (N.D. Cal. Jan. 21, 2021) ................ 6

*Duarte v. City of Stockton*,
  No. 219CV00007MCECKD, 2020 WL 2615023 (E.D. Cal. May 22, 2020) ...... 4

*Gray v. Cty. of Riverside*,
  2014 WL 5304915 (C.D. Cal. Sept. 2, 2014) ...................................................... 9

*Hernandez v. Cty. of Monterey*,
  70 F. Supp. 3d 963 (N.D. Cal. 2014) ................................................................... 9

*Jensen v. Shinn*,
  — F. Supp. 3d — (D. Ariz. June 30, 2022) ......................................................... 9

*United States v. Kama*,
  394 F.3d 1236 (9th Cir. 2005) ............................................................................. 4

*M.R. v. Dreyfus*,
  697 F.3d 706 (9th Cir. 2012) ........................................................................... 6, 7

*Mayfield v. United States*,
  599 F.3d 964 (9th Cir. 2010) ............................................................................... 8

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4874-8349-5756 v1

- ii -

3:20-CV-00406-AJB-DDL
REPLY ISO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

# TABLE OF AUTHORITIES
## (continued)

Page

*Morales v. City of Delano*,
   2010 WL 2942645 (E.D. Cal. July 23, 2010) .......................................................... 4

*Nevarez v. Forty Niners Football Co., LLC*,
   No. 16-CV-07013-LHK, 2019 WL 13148141 (N.D. Cal. Feb. 5, 2019) ................................................................................................................. 9

*Olmstead v. L.C.*,
   527 U.S. 581 (1999) ................................................................................................ 5

*Streit v. County of Los Angeles*,
   236 F.3d 552 (9th Cir. 2001) .................................................................................. 4

*Parsons v. Ryan*,
   754 F.3d 657 (9th Cir. 2014) ............................................................................. 3, 9

*Sierra Club v. Morton*,
   405 U.S. 727 (1972) ................................................................................................ 3

*Wainscott v. Cnty. of San Diego*,
   No. 3:20-CV-1359-GPC-WVG, 2020 WL 5747389 (S.D. Cal. Sept. 25, 2020) ................................................................................................................. 4

**Federal Statutes**

42 U.S.C. § 1983 .................................................................................................... 3, 4

ADA .......................................................................................................................... 7, 9

**State Statutes**

ADA, the Rehabilitation Act or California Government Code § 11135 ................... 5

**Rules**

Rule 12(b)(6) ............................................................................................................... 8

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

LA #4874-8349-5756 v1

- iii -

3:20-CV-00406-AJB-DDL
REPLY ISO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

I. **INTRODUCTION**

Plaintiffs ignored the Court's prior directives in granting Defendant's Motion to Dismiss the Second Amended Complaint and offer the same confusing and kitchen sink type pleading. Even the most basic of issues, the fact that the San Diego County Sheriff's Department and San Diego County Probation Department, are sub-divisions of the County and should not be separately named, has not been corrected. Plaintiffs' Sixth, Seventh, and Ninth claims fail to state a claim for failure to provide adequate dental care, over-incarceration of people with mental health disabilities, and discriminatory racial impact, respectively. The claims are deficient as a matter of law. And contrary to the assertions of Plaintiffs, the Court has full discretion to order narrowing of Plaintiffs' claims, which is warranted in this action.

II. **ARGUMENT**

A. **Plaintiffs Fail to Acknowledge that their TAC is a Shotgun Pleading**

The TAC, like the Second Amended Complaint, is unwieldy and imprecise. It is impossible to discern *which* Plaintiff has standing for *which* cause of action, and which allegations and factual components serve as a basis for the causes of action as opposed to superfluous assertions. As the Court noted in its August 15, 2022 order denying Plaintiffs' Motion for Preliminary Injunction, it had "difficulty distinguishing between a cause of action and an irrelevant assertion or grievance, and distinguishing between causes of action themselves in Plaintiffs' 223-page SAC. An inadequately pled claim, by definition, is not a claim which has a substantial likelihood of success on the merits." [Doc. 203, pp. 9-10.] The TAC is still cursory as to its causes of actions, relying instead on its incorporation provisions, causing confusion as the Court noted in ruling on Defendants' prior motion to dismiss:

Burke, Williams & Sorensen, LLP
Attorneys At Law
San Diego

LA #4874-8349-5756 v1

- 1 -

3:20-CV-00406-AJB-DDL
REPLY ISO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

> Plaintiffs' 223-page SAC "incorporate[s] by reference" the preceding paragraphs without regard to the relevancy of the earlier allegations or how they relate to each claim.  This is "shotgun pleading."  *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014).
>
> The allegations under the individual claims are also inadequate.  These claims are conclusory and lack specificity. For example, the first paragraph of the first claim reincorporates the 397 preceding paragraphs while the two remaining paragraphs conclude that Defendants subject Plaintiffs "to a substantial risk of harm and injury . . . and have condoned or been deliberately indifferent to such conduct." (SAC ¶¶ 399–400.)
>
> Here, Plaintiffs' myriad of claims and shotgun pleading prevents the Court from determining the plausibility of its allegations and from further analyzing the arguments. Therefore, the Court DISMISSES the SAC WITH LEAVE TO AMEND."

[Doc. 219, p. 7.]

Each of the Court's prior concerns remain in the TAC.  Plaintiffs assert that the complaint was amended by adding references to elements of the causes of actions, specific challenged policies, and to prior allegations by citations to paragraphs.  These minor stylistic changes do not cure the TAC's defects and fail to address the broader problem inherent with Plaintiffs' quest to obtain wholesale injunctive relief without regard to an individualized showing of harm or standing. As this Court recognized in its Order Denying Plaintiffs' Motion for Preliminary Injunction:

> " . . . Plaintiffs failed to identify a single named plaintiff who suffered an injury-in-fact from Defendants' conduct or to plead an injury altogether. For example, Plaintiffs seek preliminary injunction based on Defendants' alleged failure to conduct adequate and timely safety checks. (Doc. No. 119 at 32.) However, Plaintiffs' FAC fails to name any Plaintiff who was injured as a result of Defendants' alleged conduct. As such, Plaintiffs lack standing on many of their claims."

[Doc. 203, p. 10]

Burke, Williams & Sorensen, LLP
Attorneys At Law
San Diego

LA #4874-8349-5756 v1

- 2 -

3:20-CV-00406-AJB-DDL
REPLY ISO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

Plaintiffs' reliance on *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) is unavailing. *Parsons* involved a dispute over class certification elements and not an issue of standing. The issue in this motion is not whether Plaintiffs allege that "inmates can simultaneously be endangered by a single policy," but whether individual standing is conferred. Article III "requires that the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734–35, (1972). In order to have standing for prospective injunctive relief, a plaintiff must establish a "real and immediate threat of repeated injury." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).

Plaintiffs maintain they have standing "by virtue of their exposure to the Jail's unconstitutional policies and practices." [Opp. p. 13] *Parsons* rejected the notion of "exposure without specific injury" basis for standing. Plaintiffs attempt to equate this Court's prior ruling on mootness in order to confer standing. The Court ruled that the release of Plaintiffs from the San Diego County Jail does not render the case moot. [Doc. 203, p. 7] There was no reference to standing and the two concepts are legally distinct. The Court made clear that standing was in fact still an issue by noting that the SAC failed to identify injuries per plaintiff. [Doc. 203, p. 10]

Plaintiffs' dispute with fundamental principles of standing explains why their TAC remains wide-ranging, given that they believe they do not have to tie allegations of specific harm to any named Plaintiff. Instead of a showing of particularized harm per Plaintiff, Plaintiffs allege a number of broad criticisms of the jail system and try to confer standing by incarceration and nothing more.

**B.    The San Diego County Sheriff's Department and Probation Department Are Improper Parties**

The San Diego County Sheriff's Department and Probation Department are municipal sub-units and cannot be considered "persons" subject to § 1983 liability. There is no reason these duplicative defendants should be separately named in this

Burke, Williams & Sorensen, LLP
Attorneys At Law
San Diego

LA #4874-8349-5756 v1

- 3 -

3:20-CV-00406-AJB-DDL
REPLY ISO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

1  lawsuit. Plaintiffs rely *on Streit v. County of Los Angeles*, 236 F.3d 552, 563 (9th
2  Cir. 2001), which rejected the Los Angeles County Sheriff's Department's claim of
3  Eleventh Amendment immunity, holding that it was not an arm of the state of
4  California in its administration of the local county jails and thus could be subject to
5  suit. *Streit* dealt with issues of sovereign immunity and the arm-of-the-state
6  doctrine as opposed to the issue of duplicative defendants. Some courts have
7  followed *Streit* as Plaintiffs have noted, but courts have also distinguished it. *See,*
8  *e.g. Duarte v. City of Stockton*, No. 219CV00007MCECKD, 2020 WL 2615023, at
9  *5 (E.D. Cal. May 22, 2020) (dismissing police department as improper defendant);
10 *Morales v. City of Delano*, 2010 WL 2942645, at *3 (E.D. Cal. July 23, 2010)
11 (distinguishing *Streit* on the ground that *Streit* case concerned the Los Angeles
12 County Sheriff's Department's liability "in its function of managing jails").
13     The Ninth Circuit, in *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir.
14 2005), in a concurring opinion more recent than *Streit*, determined that qualifying
15 governmental entities do not include police departments, since "municipal police
16 departments and bureaus are generally not considered 'persons' within the meaning
17 of 42 U.S.C. § 1983." *See also Brown v. Cnty. of Kern*, 2008 WL 544565, at *3
18 (E.D. Cal. Feb. 26, 2008) ("Kern County is the proper defendant in a § 1983 suit,
19 not Kern County Sheriff's Department."). As noted in Defendant's motion, several
20 district courts have relied on *Kama* to dismiss police and sheriff departments as
21 improper Section 1983 defendants. *See, e.g. Wainscott v. Cnty. of San Diego*, No.
22 3:20-CV-1359-GPC-WVG, 2020 WL 5747389, at *3 (S.D. Cal. Sept. 25, 2020).
23 While Plaintiffs assert that adding the two defendants is necessary for an injunction,
24 they offer no authority for the proposition that either department would be immune
25 from any injunction. To the contrary, any injunction would be issued against the
26 County for physical conditions, practices and procedures existing at facilities
27 operated by both County departments. These improper defendants should be
28 dismissed from the Section 1983 claims.

Burke, Williams & Sorensen, LLP
Attorneys At Law
San Diego

LA #4874-8349-5756 v1

- 4 -

3:20-CV-00406-AJB-DDL
REPLY ISO DEFENDANT'S MOTION TO
DISMISS THIRD AMENDED COMPLAINT

### C. Plaintiffs' Seventh Claim for Over Incarceration of People with Disabilities Fails to State a Claim

Plaintiffs maintain that the "over incarceration of people with disabilities" claim is narrowly tailored and does not implicate broader policy decisions. The TAC states otherwise. [*See, e.g.* TAC, ¶11.] Plaintiffs assert that the "claim relates not to the decision whether a person with disabilities is convicted or sentenced, but rather whether someone who is already detained in the Jail is provided with equal access to the County's existing alternatives-to-incarceration programs and services." [Opp., p. 19] If this is the true intent of the pleading, the extraneous broader policy allegations need to be stricken. Plaintiffs do not dispute that the County plays no role and cannot independently decide that persons with disabilities should not be incarcerated or placed in Home Detention Programs or Drug Court Programs. There are no allegations that Defendant has any control over assignment of cases to Drug Court or "Drug Court Programs", whether such programs are in or out of detention facilities, or any control over whether a person is sentenced or held pending trial in a Home Detention Program. The Sheriff's Department operates the detention facilities. It does not decide who is to be incarcerated.

To the extent Plaintiffs are alleging violations of equal access based on in-Jail incarceration programs, despite the allegations in the TAC to the contrary, this needs to be pled specifically, with all other policy allegations about who should and should not be incarcerated stricken. As explained in the Motion, a desire for policy change does not form the basis for a cognizable claim for violation of the ADA, the Rehabilitation Act or California Government Code section 11135.

*Olmstead v. L.C.*, 527 U.S. 581, 601–02, 119 S.Ct. 2176, 144 L.Ed.2d 540 (1999) does not mandate that States must provide community-based treatment as an alternative to being incarcerated or institutionalized. The Supreme Court held that the State had to provide community-based treatment outside the institutional setting

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

LA #4874-8349-5756 v1

- 5 -

3:20-CV-00406-AJB-DDL
REPLY ISO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

when it was offering the services only in an institutional setting *if those services could reasonably be provided outside of the jail*--not that the State has to provide community-based treatment as an alternative to incarceration. This was explained in *Disability Rights California v. County of Alameda*, No. 20-CV-05256-CRB, 2021 WL 212900, at *12 (N.D. Cal. Jan. 21, 2021), which rejected the same broadening of *Olmstead* being promoted by Plaintiffs in this action. The Court in *Disability Rights California* held that *Olmstead* "provides a remedy for when state and local governments deliver services in institutional settings that could reasonably be delivered in community settings—or when government conduct creates an unnecessary risk that patients will need to enter an institution to obtain services they could otherwise obtain in the community." *Id*. at *11. "It does not provide a remedy for when government entities could generally do more to keep people from being institutionalized." *Id*. at *12.

   Setting aside that Defendant has no decision-making authority over who is and is not incarcerated in a County facility, Plaintiffs cite to *M.R. v. Dreyfus*, 697 F.3d 706 (9th Cir. 2012), for the proposition that they may maintain a cause of action for discrimination because the lack of non-incarceration alternatives creates a "serious risk of institutionalization". *Id,* at 734. The reliance on *M.R. v. Dreyfus* is misplaced. The *Dreyfus* Court addressed the ADA's integration mandate as it related to provision of in home medical services versus mandating stays at nursing facilities to receive the same medical services. There was no question presented as to whether individuals needed to be incarcerated (or institutionalized) for reasons unrelated to the service at issue. The integration mandate provides that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." [Citations omitted] *M.R. v. Dreyfus*, supra, 697 F.3d at 733. Reversing the District Court denial of injunctive relief to the disabled Plaintiffs, the *Dreyfus* Court held,

Burke, Williams & Sorensen, LLP
Attorneys At Law
San Diego

LA #4874-8349-5756 v1

- 6 -

3:20-CV-00406-AJB-DDL
REPLY ISO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

"[a]n ADA plaintiff need not show that institutionalization is "inevitable" or that she has "no choice" but to submit to institutional care in order to state a violation of the integration mandate. Rather, a plaintiff need only show that the challenged state action creates a serious risk of institutionalization." *Id,* at 734.  The situation presented by the TAC is not a matter of a disabled person being able to decide whether or not they want to go into a detention facility to get access to a particular program or service because it is the only alternative to access the program.  The TAC alleges that the "challenged state action" is the lack of programs to which Courts can remand individuals awaiting trial or sentencing pending the outcome of their trial.  This is not a proper subject of this action and not something within the control of the Defendant.

### D. The Ninth Claim for Discriminatory Racial Impact Fails to State a Claim

Plaintiffs' ninth cause of action for discriminatory racial impact is a prime example of why their overbroad lawsuit requires limits.  The TAC alleges that the County arrests and incarcerates disproportionate numbers of Black and Latinx persons in comparison to White individuals.  Plaintiffs downplay these "arrest" allegations in their Opposition, trying to claim that their ninth claim actually pertains to allegations that the County is implementing its programs in a racially discriminatory fashion – e.g., the TAC "challenges decisions made after arrest, such as whether to keep someone incarcerated pre-trial as opposed to making use of an alternative-to-incarceration or pretrial diversion program."  [Opp., p. 22]  However, the discriminatory racial impact claim is primarily premised on over-policing and discriminatory arrest.  [TAC, ¶¶401, 402 (allegations that the Sheriff's Department over-police Black and Latinx communities, including by targeting patrolling activities in Black communities to detain and arrest individuals suspected of gang-related activities; "Black residents of San Diego County were 2.2 times more likely than White residents to be stopped by the SHERIFF'S DEPARTMENT."]  These

Burke, Williams & Sorensen, LLP
Attorneys At Law
San Diego

LA #4874-8349-5756 v1

- 7 -

3:20-CV-00406-AJB-DDL
REPLY ISO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

arrest/incarceration allegations are overbroad, not sustainable, and not supported by specific facts with reference to any Plaintiff. Defendant raised examples of why these allegations are speculative and misplaced in the moving papers, to which Plaintiffs only counter that these are issues of fact; as long as it is plead, they can survive past the pleadings stage. However, clearly limits should be placed on the scope of Plaintiffs' lawsuit. Plaintiffs' reliance on allegations concerning the availability of pretrial and post-conviction alternatives programs does not negate the fact that the TAC contains broad allegations of over-policing and over-incarceration of Black and Latinx people and places decision-making authority on Defendant about whether individuals will be incarcerated or not, which jurisdiction lies exclusively with the Courts. Plaintiffs' ninth cause of action should be dismissed or severely limited.

### E. The Sixth Claim for Inadequate Dental Care Fails to State a Claim

Plaintiffs challenge dental care provided to incarcerated individuals as unconstitutional, although acknowledging that the Sheriff's Department has now "contracted with NaphCare, Inc. ("NaphCare") to provide certain medical, mental health, and dental care services in the Jail." [TAC, ¶32.] Plaintiffs rely on allegations arising prior to the NaphCare system, which was implemented on June 1, 2022. [TAC, ¶¶284, 359-362 (dentistry care in 2020-2021 and NCCHC report from 2017).] "Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects." *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010). Although plaintiffs seek prospective injunctive relief, none of their allegations about dental care pertain to the time period <u>after</u> Naphcare took over the provision of dental care. Plaintiffs respond that these are factual issues inappropriate for a Rule 12(b)(6) motion and that the Sheriff's Department's policies are at issue irrespective of the implementation of the NaphCare system. However, Plaintiffs are

Burke, Williams & Sorensen, LLP
Attorneys At Law
San Diego

LA #4874-8349-5756 v1

- 8 -

3:20-CV-00406-AJB-DDL
REPLY ISO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

the one who alleged the Sheriff's Department has contracted with NaphCare. To the extent Plaintiffs have factual support to meet the *Iqbal* and *Twombly* pleading standards to allege constitutional violations under the NaphCare system, this should be stated in an amended complaint. As it stands now, the pleading is uncertain.

### F. This Lawsuit is Unmanageable and Limitations are Required

Plaintiffs do not dispute that this Court has discretion to manage its cases and limit claims through narrowing orders. *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892–93 (2016) ("district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *Nevarez v. Forty Niners Football Co., LLC*, No. 16-CV-07013-LHK, 2019 WL 13148141, at *2–3 (N.D. Cal. Feb. 5, 2019) (court ordered each side to select up to 6 alleged physical access barriers to litigate). Plaintiffs instead maintain that the cases cited pertain to patent and ADA access cases, not jail condition cases. The subject matter of the case is not controlling – the court always has inherent authority to manage its caseload. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The fact that there have been other jail condition cases in other courts does not mean that this case is free from any manageability review. Those cases involved far fewer issues, typically pertaining to medical care issues. *See, e.g. Hernandez v. Cty. of Monterey*, 70 F. Supp. 3d 963, 967 (N.D. Cal. 2014); *Gray v. Cty. of Riverside*, 2014 WL 5304915, at *2-5, *8-11 (C.D. Cal. Sept. 2, 2014).

Plaintiffs cite *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) renamed *Jensen v. Shinn*, — F. Supp. 3d —, 2022 WL 2911496 (D. Ariz. June 30, 2022), as an example of a case that involved jail conditions that was tried. *Parsons/Jensen* had substantially fewer claims to be litigated in comparison to Plaintiffs' TAC, with five claims alleging deficient health care, dental care, and mental health care, and a subclass challenging conditions of confinement in isolation units. Yet, the litigation still spanned over a decade (filed in 2012), is ongoing, and generated 4,300 docket entries by the time of the trial. *Jensen v. Shinn*, No. CV-12-00601-

Burke, Williams & Sorensen, LLP
Attorneys At Law
San Diego

LA #4874-8349-5756 v1

- 9 -

3:20-CV-00406-AJB-DDL
REPLY ISO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT

PHX-ROS, 2022 WL 2911496, at *2 (D. Ariz. June 30, 2022), amended, No. CV-12-00601-PHX-ROS, 2022 WL 2910835 (D. Ariz. July 18, 2022). These types of cases require manageability. Here, Plaintiffs have alleged over a hundred issues to address in their wide-ranging TAC, which asserts a kitchen-sink approach to every perceived problem imaginable pertaining to incarceration.

The case requires narrowing especially given Plaintiffs' scattered approach to asserting claims with no regard to a Plaintiffs' individualized harm or standing. Under Plaintiffs' understanding of the law, they can raise any number of complaints criticizing jail operations, Sheriff Department policing, arrests, Court functions, mandates that arresting officers take (and County jails accept) all individuals arrested, etc., without a showing of harm as to any particular Plaintiff, which is how they ended up with a limitless 230-page complaint. Lastly, Defendant has not conceded the adequacy of Plaintiffs' First, Second, Third, Fourth, Fifth, and Eighth Claims for Relief. All of Plaintiffs' claims are subject to narrowing.

## III.   CONCLUSION

Defendant respectfully requests that this Court dismiss the TAC, with limitations on the amendment(s) permitted.

Dated: January 31, 2023           BURKE, WILLIAMS & SORENSEN, LLP


By:   s/ *Elizabeth M. Pappy*
          Elizabeth M. Pappy

Attorneys for Defendant
COUNTY OF SAN DIEGO

Burke, Williams & Sorensen, LLP
Attorneys At Law
San Diego

LA #4874-8349-5756 v1

- 10 -

3:20-CV-00406-AJB-DDL
REPLY ISO DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT