UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**ORDER DENYING NON-PARTY PEDRO RODRIGUEZ'S MOTION FOR RECONSIDERATION (Doc. No. 267)** |

Presently before the Court is non-party Pedro Rodriguez's motion for reconsideration of the Court's orders granting Defendants' motion to dismiss, (Doc. No. 219), and denying Rodriguez's motion to intervene, (Doc. No. 251). (Doc. No. 267.) Because Rodriguez is not a party to the case, the Court, out of an abundance of caution,

1

construes Rodriguez's filing as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). Having reviewed Rodriguez's arguments under controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for decision on the papers and without oral argument. For the reasons set forth below, the Court **DENIES** Rodriguez's motion.

## I.    BACKGROUND

On February 9, 2022, Plaintiffs Darryl Dunsmore, Ernest Archuleta, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, and Laura Zoerner filed a Second Amended Complaint on behalf of themselves and all others similarly situated. (Doc. No. 81.) On August 15, 2022, the Court denied as moot Plaintiffs' motion for provisional class certification. (Doc. No. 203.) Thereafter, Plaintiffs filed a Third Amended Complaint ("TAC"), on November 18, 2022. (TAC, Doc. No. 231.) The TAC seeks to certify a class of two classes. First, the TAC seeks to bring claims "on behalf of all adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated People Class")." (*Id.* at 198–99.) Second, Plaintiffs bring this action on their own behalf and "on behalf of a subclass of all qualified individuals with a disability, as that term is defined in 42 U.S.C § 12102, 29 U.S.C. § 705(9)(B), and Cal. Gov't Code § 12926(j) and (l), and who are now, or will be in the future, incarcerated in all San Diego County Jail facilities ("Incarcerated People with Disabilities Class"). (*Id.* at 202.)

Between March and May of 2022, Defendants Logan Haak, M.D., Inc., Liberty Healthcare, Inc., County of San Diego, and Correctional Healthcare Partners, Inc. (collectively, "Defendants") filed respective motions to dismiss Plaintiffs' Second Amended Complaint. (*See* Doc. Nos. 109, 125, 133, 134.) The Court granted Defendants' motions to dismiss on September 27, 2022 ("September 2022 Order"). (*See* Doc. No. 219.) Specifically, the Court dismissed Plaintiffs' first claim under the Eighth Amendment and eighth claim under the Unruh Civil Rights Act with prejudice and dismissed Plaintiffs' remaining claims with leave to amend. (*Id.*) On October 6, 2022, Plaintiffs filed an ex parte

motion to alter or amend the September 2022 Order, asserting the Court clearly erred when it dismissed Plaintiffs' Eighth Amendment claim without leave to amend. (Doc. No. 225.) On October 31, 2022, the Court granted Plaintiffs' motion to amend and dismissed Plaintiffs' Eighth Amendment claim without prejudice. (Doc. No. 230.)

On June 30, 2022, Mr. Rodriguez, proceeding pro se, filed an ex parte motion to intervene, asserting that his interests may not presently be fairly represented. (Doc. No. 183.) On August 24, 2022, Plaintiffs filed an opposition to Mr. Rodriguez's motion. (Doc. No. 206.) Mr. Rodriguez filed a reply on September 19, 2022. (Doc. No. 215.) On January 3, 2023, the Court denied Mr. Rodriguez's motion to intervene ("January 2023 Order"). (Doc. No. 251.)

On February 3, 2023, Mr. Rodriguez filed a motion for reconsideration of this Court's September 2022 and January 2023 Orders. This order follows.

## II.   LEGAL STANDARD

A district court may reconsider a judgment under either Federal Rule of Civil Procedure ("Rule") 59(e) or 60(b).[1] *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b); *see also Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263 (quoting *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991)). A "party seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the

---

[1] Rodriguez contends that he is entitled to reconsideration under Rule 59(e). However, Rodriguez's Rule 59(e) motion is time-barred because it was filed more than twenty-eight days after entry of judgment. Even if Rodriguez's Rule 59(e) motion were timely, it nonetheless fails on the merits. "A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)). Rodriguez's motion presents none of the above.

3

reopening of a final judgment." *Wood v. Ryan*, 759 F.3d 1117, 1120 (9th Cir. 2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

The Court has discretion in granting or denying a motion for reconsideration. *Fuller*, 950 F.2d at 1441. Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *United States v. Rivercliff Farm, Inc.*, No. 3:16-CV-1248-SI, 2016 WL 6662696, at *1 (D. Or. Nov. 10, 2016) (citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). "[W]here the motion for reconsideration raises no new arguments, but instead relies on the same arguments made in the party's original opposition, the motion for reconsideration should be denied." *United States v. Goo*, No. 00-00540, 2002 WL 1760850, at *1 (D. Haw. June 3, 2002); *see also Glavor v. Shearson Lehman Hutton, Inc.*, 879 F. Supp. 1028, 1032 (N.D. Cal. 1994); *Fuller*, 950 F.2d at 1442; *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). "A motion for reconsideration should not be used to ask the court 'to rethink what the court had already thought through—rightly or wrongly.'" *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

### III. DISCUSSION

Rodriguez appears to seek reconsideration of both the September 2022 and January 2023 Orders. (Doc. No. 267.) Rodriguez specifically states he seeks to alter or amend the "judgment denying motion to intervene Doc No 183 filed 1/3/23 as Document 251," and later states he "seeks reconsideration . . . per the September 27, 2022 Decision when the Court dismissed without leave to amend eighth amendment claims . . . ." (*Id.* at 1–3.)

Regarding the Court's September 2022 Order, this Court previously granted Plaintiffs' motion for reconsideration and dismissed Plaintiffs' first claim for violations of the Eighth Amendment in the Second Amended Complaint without prejudice. (Doc. No. 230.) As such, the Court **DENIES AS MOOT** Rodriguez's motion for reconsideration as to the September 2022 Order.

Moreover, Rodriguez fails to show he is entitled to reconsideration on any of the

grounds enumerated in Rule 60(b). *See* Fed. R. Civ. P. 60(b); *Sch. Dist. No. 1J, Multnomah Cnty.*, 5 F.3d at 1263. He merely reiterates arguments the Court previously considered and rejected when denying his motion to intervene. (*Compare* Doc. Nos. 183, 215 with Doc. No. 267.) Rodriguez's rehashed arguments do not merit reconsideration. *See White v. Square, Inc.*, Case No. 15-cv-04539-JST, 2016 WL 6647927, at *2 (N.D. Cal. 2016) ("A party seeking reconsideration under Rule 59 and Rule 60 must do more than rehash arguments or recapitulate cases already considered by the court."); *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013) ("[M]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." (internal citation omitted)). Rodriguez's stated purpose for seeking intervention does not allow him to intervene as of right or permissively, much less entitle him to the extraordinary remedy of reconsideration.

## IV.   CONCLUSION

Based on the foregoing, the Court **DENIES** Rodriguez's motion for reconsideration. (Doc. No. 261.)

**IT IS SO ORDERED.**

Dated: February 15, 2023

Hon. Anthony J. Battaglia
United States District Judge