GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**JOINT STATEMENT REGARDING PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Judge: Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

The parties met and conferred on March 23, 2023 regarding the topics raised in the Court's order, Dkt. 271, regarding Plaintiffs' Second Set of Requests for the Production of Documents. The parties have reached partial agreement RFPs 12, 15, 16, 19-23, 25 with only privacy issues to be addressed. The parties have not reached agreement on RFPs 11, 13-14, 18, and 24. Plaintiffs have agreed not to pursue RFP 17 at this time.

## I. PLAINTIFFS' POSITION ON REMAINING ISSUES: LEAVE AS-IS

**RFPs 11, 13-14, and 18**. Last year the State Auditor evaluated the "high rate of deaths in San Diego County's jails compared to other counties," identified "deficiencies with how the Sheriff's Department provides care for and protects incarcerated individuals, which likely contributed to in-custody deaths," and warned that until changes are made, "the weaknesses in [the Sheriff's Department's] policies and practices will continue to jeopardize the health and lives of the individuals in its custody." *See* Dkt. 231 ¶ 2. The requested information about in-custody deaths is necessary to evaluate the Jail's current policies and practices for providing medical and mental health care. *See* Dr. Robert Cohen Declaration.

All deaths at the Jail are highly relevant. The requests are already limited to only those deaths since January 1, 2021. Withholding some of these death records, such as those Defendants argue were due to natural causes, would prevent Plaintiffs from determining whether medical or custody neglect, or other problems were involved. *See* Cohen Decl. For example, Robert Moniger presumably died of "natural causes" even though he and his cellmates tried unsuccessfully to summon medical care for days before his death. *See* Dkt. 231 ¶ 336. Defendants' proposal to have a neutral third party doctor decide which in-custody death records to produce would cause further delay while trying to find an agreeable expert with the requisite experience and availability, and would deprive Plaintiffs of their ability to have their experts review and opine on relevant issues, including systematic deficiencies.

**The Declaration of Robert L. Cohen, M.D.** (on file with Plaintiffs), states:

1. I am retained by Plaintiffs and have 40+ years of correctional medicine experience. Dkt. 119-8 ¶¶ 1-6. I can consult with Pablo Stewart, M.D., who has 35+ years of correctional mental health care experience. Dkt. 119-7 ¶¶ 1-10.
2. To form an opinion about the medical and mental health care provided in connection with in-custody deaths, it is important for me to have access to and consider information from all of the documents in Requests 11, 13-14, and 18. Each document often offers critical information about the complex series of medical, mental health, and custody events involved in an incarcerated person's death. Redactions can make death records very hard to understand.
3. Multiple factors often contribute to an in-custody death. Medical or custody neglect is at times involved in jail deaths associated with "natural causes." Reviewing only a subset of Jail deaths would be insufficient to assist me in opining on the primary issues with the delivery of medical and mental health care in the Jail.

**RFP 24**. Plaintiffs seek records related to suicide hazard and risk remediation from June 1, 2018 to the present because a 2018 report by Lindsay Hayes, a suicide prevention expert retained by Defendants, "strongly recommended" a "comprehensive physical plant review" to ensure cells that housed suicidal persons were suicide-resistant, and included an itemized guideline for the review. Dkt. 119-3 at 320. In response, the Sheriff's Department reported that the review "was conducted" and modifications were submitted "for implementation." *Id.* Limiting RFP 24 to remedial actions taken since January 1, 2021 would create confusion by not capturing work slated for implementation in 2018 and completed before 2021.

**Confidentiality**. HIPAA expressly permits disclosure of protected health information in federal litigation where the requesting party provides "satisfactory assurance" that "reasonable efforts" to obtain a "qualified protective order" have occurred. 45 C.F.R. § 164.512(e)(1)(ii)(B). Defendants already agreed to a qualified protective order, which covers Dr. Cohen. *See* Dkt. 255 (providing that "confidential HIPAA" information is CONFIDENTIAL material under the order). The information should be produced without redactions, and the parties can, if filed with the Court, redact and file under seal. *See, e.g., Gray v. Cnty. of Riverside*, No.

EDCV 13-00444, 2014 WL 5304915, at *15, n.6 (C.D. Cal. Sept. 2, 2014); *Kallas v. Carnival Corp.*, 2007 WL 2819385, at *2 (S.D. Fla. Sept. 25, 2007).

## II.   DEFENDANTS' POSITION ON REMAINING ISSUES

**RFP 11-14, 17-19, 21 [Privacy and HIPPA issues]:** The requests seek medical/ mental care records of 3rd parties. As 3rd parties, Plaintiffs must overcome a heightened burden to invade privacy rights. There is a limited right to privacy in the confidentiality of one's medical records based under the U.S. Constitution. (*Whalen v. Roe*, 429 U.S. 589, 599-600 (1977)) The Court must weigh certain factors in deciding whether to disclose the information. (*Planned Parenthood of Southern Arizona v. Lawall*, 307 F.3d 783, 790 (9th Cir. 2002); *See also,* Article I, section 1 of Cal. Constitution) Medical/mental health records of Incarcerated Persons held by the County are also subject to HIPPA. The County is a "covered entity" and subject to the disclosure prohibitions of HIPPA. 45 C.F.R. section 164.508(a) requires authorization for disclosure of any medical/mental health care records. Psychotherapy records may not be disclosed even with an authorization. (Id.) No authorizations have been provided by any of the 3rd parties (or their families) whose records are being requested. A covered entity may only disclose information without an authorization as required by law. 45 C.F.R. section 164.512(a)(1). The County may not decide whether disclosure is "required by law". Any such disclosure must be limited to the "relevant requirements of such law". (Id) A Court order is required (Id, Subsection (e)(1)), unless the "covered entity" receives satisfactory assurance of a protective order in compliance with subsection (e)(1)(v). The parties have a protective order in compliance with subsection (e)(1)(v) as to a party's own medical records. Defendant requested that the records omit names and any other identifying information, and further, that the records be produced Attorneys Eyes only allowing attorneys and relevant medical/mental health professionals to review them. The records are those of third parties who have not given authorization, and may have highly sensitive information in the files they

do not want disclosed to anyone. Plaintiffs do not have the right to invade the rights of Incarcerated Persons they do not represent, whether deceased or not. The attorney eyes only designation and removal of names provides Plaintiffs with the information they need to pursue their case, and they have never explained why names are necessary or why anyone other than attorneys and relevant experts need to see them.

**RFPs 11 and 18**. The breadth of the requests to include every death regardless of cause is overbroad. The emergency situation providing the basis for expedited discovery has been represented as related to drug overdoses and suicides. This stage of the case does not involve wholesale discovery but only emergency issues. Defendant agreed to expand the scope to include deaths from incarcerated person violence on incarcerated person. At this stage of litigation, anything other than the three identified categories (suicide, overdose and IP violence on IP) should be denied.

**RFP 13 and 14.** Information relating to the Critical Incident Review Board is privileged and is the subject of much discovery litigation in the Court. The question of whether information created by the Board is discoverable should be fully briefed. It is not amenable to 2 pages of space in an IDC brief. Request No. 14 duplicates Request No. 13 in seeking the same information. Defendant will provide written responses/objections in a timely manner with a privilege log, and the issue should be taken up in a regular motion. The point of Plaintiffs' discovery is to obtain medical and mental health evidence that demonstrates entitlement to a preliminary injunction because of an emergencies. Knowing an investigative process is not an emergency.

**RFP 24.** The request encompasses the same information as Nos. 13 and 14, and should be denied as duplicative. The breadth exceeds a reasonable time limitation based upon the claimed need as to emergencies. Naphcare was instituted in June of 2022 and thus a one and a half year time period before Naphcare and one year time period after Naphcare should provide information to assess "emergency".

| | | |
|---|---|---|
| DATED: March 29, 2023 | | Respectfully submitted, |
| | | ROSEN BIEN GALVAN & GRUNFELD LLP |
| | | By: */s/ Van Swearingen* |
| | | Van Swearingen |
| | | Attorneys for Plaintiffs |
| DATED: March 29, 2023 | | BURKE, WILLIAMS & SORENSEN, LLP |
| | | By: */s/ Elizabeth M. Pappy* |
| | | Elizabeth M. Pappy |
| | | Attorneys for Defendants |

## SIGNATURE CERTIFICATION

Pursuant to the Court's Electronic Case Filing Procedures Manual Section 2(f)(4), I certify that I have obtained the consent of all signatories to the electronic filing of the foregoing document.

DATED: March 29, 2023        */s/ Van Swearingen*
                             Van Swearingen