UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>        Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**ORDER REGARDING DISCOVERY DISPUTE** |

On April 3, 2023, the undersigned held a discovery conference with counsel for the parties to address disputes regarding plaintiffs' request for documents and information related to deaths of incarcerated persons in Defendants' jail facilities in the past two years. *See* Dkt. Nos. 275, 278. Defendants represented they were willing to produce at least some responsive information. Dkt. No. 278 at 10. However, citing the County's obligation to protect the private medical information of nonparty detainees, Defendants proposed to designate the production of nonparty information as "For Counsel Only" under the operative stipulated protective order (the "Protective Order," Dkt. No. 255). *See id.*

Plaintiffs, however, were unwilling to accept documents so designated, stating there was "no reason to elevate [the designation] to . . . attorneys' eyes

only" and that such a designation would be "problematic." *Id.* at 7.  Based on the language of the protective order, Plaintiffs identified three concerns with the "For Counsel Only" designation: first, that it would preclude Defendants' paralegals and support staff from accessing the information so designated; second, that it would prevent use of the information at deposition; and third, that it would prevent Plaintiffs from submitting the information to the Court. *See id.* at 7-9.  Following a further meet and confer, the parties jointly informed the undersigned's chambers that they had agreed on the appropriate scope of production but sought the Court's guidance regarding the appropriate designation of the information to be produced.

The Court declines to provide the parties with an advisory opinion, without reference to any specific document, whether a "For Counsel Only" designation is appropriate.  However, the Court notes that Plaintiffs represented during the hearing that "the only persons who will have access to this information are the attorneys on the case, the paralegals on the case, any other clerical people at [counsel's] firm . . . and plaintiff's experts." Dkt. No. 278 at 14.  A plain reading of the Protective Order demonstrates that a "For Counsel Only" designation would not restrict access for any of those persons: paragraph 8 states that information so designated "may be viewed only by counsel (as defined in paragraph 3) of the receiving party, Plaintiff and Defense ***experts***, and any neutral experts jointly retained by the parties." Dkt. No. 255 at 5 (emphasis added).  Paragraph 3 defines "counsel" to include "attorneys, ***paralegals, secretaries and other support staff***" employed by Plaintiffs' counsel's firm.  *See id.* at 2 (emphasis added).

The Court further finds that at this stage of the proceedings, the question of whether any document may appropriately be used at deposition is premature.  The Protective Order provides a mechanism for challenging specific designations, should the need arise.  *See* Dkt. No. 255 at 6-7.

There remains the question of the Court's access to documents designated "For Counsel Only."  The Court acknowledges some ambiguity in the wording of

the model protective order – on which the parties' stipulation is based – insofar as "the Court, its officers [and] . . . personnel" are specifically referenced as having access to "Confidential" information but not referenced as having access to information designated "For Counsel Only." *See id.* at 5.  However, the Court does not view the language of the Protective Order as precluding its ability to view materials submitted by the parties, and the parties have confirmed that it was not their intent to impose any such restriction.  *See* Dkt. No. 278 at 9.  For the avoidance of uncertainty, the Court **ORDERS** that no provision of the operative Protective Order [Dkt. No. 255] shall be construed to limit the ability of the parties to submit materials to the Court or of the Court and its officers and personnel to access, review and consider any materials submitted.

**IT IS SO ORDERED.**

Dated: April 17, 2023

Hon. David D. Leshner
United States Magistrate Judge