GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DECLARATION OF MATTHEW YBARRA IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge: Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set<br><br>**[REDACTED]** |

Case No. 3:20-cv-00406-AJB-DDL

**DECLARATION OF MATTHEW YBARRA IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**

# DECLARATION OF MATTHEW YBARRA

I, Matthew Ybarra, declare:

1. I have personal knowledge of the matters set forth herein, and if called as a witness, I could and would competently so testify.

2. I have been incarcerated at the San Diego County Jail ("the Jail") since March 4, 2022. I was initially detained pretrial and am now serving a local sentence at the Jail. My booking number is 22708744.

3. In around July 2021, I had a stroke. As a result, I cannot move my fingers or toes on left side, and my left side is generally very weak. I almost always use a wheelchair to get around. Sometimes I am able to walk short distances, including with a cane, and like walking to build up strength.

4. When I was arrested in March 2022, the Sheriff's Department first housed me in a quarantine unit on the fourth floor at Central Jail. I was in a cell with a triple bunk, along with two cellmates. It was very cramped in the cell with three people, especially because of my wheelchair in the middle of the cell.

5. The wheelchair that the Sheriff's Department gave me did not have leg rests. I need a leg rest on my wheelchair to rest my left leg, which will otherwise drag. This dragging could hurt my leg or foot, and sometimes caused my slipper to fall off. Jail staff repeatedly told me that I could not have a leg rest for the wheelchair. I finally got a new leg rest over four months later in July 2022, shortly after Plaintiffs' counsel requested that I receive a wheelchair with a leg rest so that I would not drag and potentially harm my foot.

6. I reported that I use a cane right when I entered the Jail on March 4, 2022, as reflected in the excerpt from my Jail medical records attached hereto as **Exhibit A**. However, Jail staff did not order a cane for me until almost four weeks later, as reflected in the excerpt from my Jail medical records attached hereto as **Exhibit B**. As a result, I could not walk safely to build up strength until I received a cane, and instead used my wheelchair almost all the time.

[4222182.2]

1

7. After I finished quarantine in or around mid-March 2022, the Sheriff's Department moved me to unit 8C at Central Jail. I have been housed in 8C since then, for almost a year. Unit 8C is an open dorm with two tiers. To reach the second tier, a person has to walk up steps. The beds on each level are triple bunks.

8. When new people arrive at 8C, a deputy will escort them in, but the deputy does not have a set bunk assignment for that person. This is even true for a person in a wheelchair. I have seen a deputy wheel a mobility-impaired person into the unit and leave them in 8C to figure out where to bunk. This practice means that we, as incarcerated people, have to figure out who is on the top or bottom tier, and who is on the top, middle, or bottom bunk. The lack of a set bunk assignment from the Sheriff's Department creates lots of arguments which sometimes escalates into fights. It would be safer if the Sheriff's Department assigned beds, especially for people like myself who are in wheelchairs or who have mobility disabilities, and need to be housed on the lower tier.

9. The dayroom area of the dorm includes six tables, with 4-8 stools bolted to the ground to be used as chairs at each dayroom table. The dayroom is used to eat and socialize with other incarcerated people. Only one dayroom table has a space cut-out for a wheelchair user to roll up to the table, but that table is used by individuals from a different race than mine, and so I cannot safely sit there. Often, there are more than 10 people in the unit who use wheelchairs. The dayroom has had only that one cut-out space for one dayroom table the entire time I have been housed in 8C, and the Sheriff's Department has not removed any stools while I have been housed in 8C. To sit at the table, I must transfer from my wheelchair to a stool. Often, people with mobility disabilities end up sitting in their wheelchairs and eating their meals off their laps.

10. There are four telephones in the unit that people use to speak with their families, loved ones, and attorneys. There are stools in front of each telephone.

11.   I live on the lower tier of 8C. The bathroom in that unit includes a few toilets. None of the toilets have grab bars near them.

12.   I want the Sheriff's Department to ensure that incarcerated people with disabilities are accommodated and treated fairly.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration is executed at San Diego, California this 27 day of January, 2023.

*Matthew Ybarra*
Matthew Ybarra

# TABLE OF CONTENTS
## EXHIBITS TO THE DECLARATION OF MATTHEW YBARRA

| **EXHIBIT** | **DESCRIPTION** | **PAGE NO.** |
|---|---|---|
| A | Medical Record Excerpts | 1 |
| B | Medical Record Excerpts | 3 |

[4276370.1]

# EXHIBIT A
# [REDACTED]

A-1

**June Cuaresma RN POSTED ON 3/4/2022 11:34:10 AM PST**  Type: RN NOTE

Patient brought by deputy from Intake due to report of stroke last July 2021 and patient unable to walk with no medical device? Patient asked and states was using a walker/cane/wheelchair outside of jail. ROI for Alvarado hospital already signed. Patient noted with left-sided weakness, unable to open left hand but was noted able to extend thumb to hold walker. Patient noted unsafe to walk with walker due to unstable gait. Patient provided with wheelchair at this time until seen by MD. Already scheduled for MDSC.

Addendum:

**Nicholas Kahl NP POSTED ON 3/6/2022 11:46:32 AM PST**  Type: NP NOTE

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Verbalized he was seen at Alvarado ROI's signed. Patient requesting for a wheelchair.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓

UCSD AVS (3/4/22) reviewed
 - pt medically cleared for Jail

Exam:
Pt is awake and lucid, capable of making informed decisions,
Pt left sided hemiparesis
  - decreased ROM and strength with LUE and LLE
  - Pt able to use wheelchair to move to cell door
  - LUE contracted, brisk cap refill. pt reports decreased sensation 2/2 CVA
Moist mucous membranes.
Resp even and unlabored, speaking in Full sentences

Plan:
> ROI for all physcan notes from UCSD ER visit
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
> ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
> Wheelchair authorized (Continuous) (Forms and flags completed)

Addendum:

**Romeo DeGuzman RN POSTED ON 3/6/2022 4:39:38 PM PST**  Type: MEDICAL CLEARANCE

Noted. ROI form given to medication nurse for patient to sign

Addendum:

**Leonardo Mendoza RN POSTED ON 3/8/2022 1:26:31 PM PST**  Type: RN NOTE

ADA CASE MANAGEMENT NOTES: Case reviewed, patient has order a continuous use of Wheelchair due to Left sided Hemiparesis s/p Stroke. Pt is schedule to see RN in sick call to complete ADA assessment to accommodate his needs. aDM/Lower bunk & tier added flag instructions.

Addendum:

YBARRA, MATTHEW   400253792 (22708744)                       A-2

# EXHIBIT B
# [REDACTED]

B-3

Nicholas Kahl NP POSTED ON 3/30/2022 9:13:57 AM PDT                                                    Type: NP NOTE

IP requests a cane for mobility with physical therapy if warranted. Please assess.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

pt reports CVA last July

ROI for Family Health Center, UCSD, and Alvarado Hosp have been requested, but no records have been return yet

pt c/o left sided deficits since 'stroke' in July. requesting PT/OT to help improve function and strength in LUE and LLE.

pt requesting can to aide in ambulating from WC into bunk and when ambulating in spaces difficult for WC to get to.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Exam:

Pt is awake and lucid, capable of making informed decisions,

Pt demonstrated ability to use wheelchair

decreased ROM and strength noted to both LLE and LUE.

- Left radial pulse intact, CMS in fingers intact

Normal speech, appropriate affect.

Moist mucous membranes.

Resp even and unlabored, speaking in Full sentences

Plan:

> Cane authorize to use, to supplement WC use (forms and flags completed)

> Offsite referral to PT to help improve strength and function to LLE and LUE s/p CVA

 - we still need records (ROI) from providers that treated CVA

- ▮▮▮▮▮▮▮▮▮▮▮

Addendum:

---

Nicholas Kahl NP POSTED ON 3/30/2022 10:22:21 AM PDT                                                    Type: NP NOTE

MDCC:

Pls verify DME's order: Cane & Wheelchair re: Left sided Hemiparesis s/p Stroke. Is the wheelchair for intermittent use (long distance & court only?) Pls advise since intermittent wheelchair available flag in tech care

 Pt to use wheelchair for daily use. cane was only ordered to help pt's mobility in transfering in and out of the wheelchair and for ambulating in spaces WC can not move around in easily

> is pt allowed both WC and Cane? if not please d/c order for the cane

Addendum:

YBARRA, MATTHEW   400253792 (22708744)                                                                                B-4