GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,

Defendants.

Case No. 3:20-cv-00406-AJB-DDL

**NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**

Judge: Hon. Anthony J. Battaglia
Magistrate: Hon. David D. Leshner

Date: June 29, 2023
Time: 2:00 p.m.
Ctrm.: 4A

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner, on behalf of themselves and all other similarly situated (collectively, "Plaintiffs"), pursuant to civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), hereby bring this motion to file under seal documents and narrow portions of documents filed in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification.

This Motion is based on this Notice of Motion and Memorandum of Points and Authorities, and the accompanying Declaration of Eric Monek Anderson in Support of Plaintiffs' Motion to File Under Seal.

DATED: April 25, 2023

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Eric Monek Anderson*
Eric Monek Anderson

Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), and consistent with this Court's June 6, 2022 Order regarding sealing, Dkt. 161, Plaintiffs respectfully request that the Court enter an order allowing Plaintiffs to file under seal narrow portions of the following documents filed in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification:

- Exhibits B and U to Declaration of Gay Crosthwait Grunfeld
- Exhibit B to Declaration of Nierobi Kuykendall
- Exhibits A and B to Declaration of Matthew Ybarra

In addition, pursuant to Civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), and the Stipulated Protective Order, Dkt. 255, at Defendants' request, Plaintiffs move to file under seal the following documents or portions of documents filed in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification:

- Exhibit Z to Declaration of Gay Crosthwait Grunfeld
- Portions of Exhibits B and C to Declaration of Syroun Sanossian

### I. THERE ARE COMPELLING REASONS TO SEAL PORTIONS OF THESE DOCUMENTS, AND THE BALANCE OF INTERESTS WEIGH IN PLAINTIFFS' FAVOR.

The Court may seal documents when it finds "a compelling reason and articulate[s] the factual basis for its finding." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97, 1101 (9th Cir. 2016). In deciding whether to grant a motion to seal, the Court also must balance the competing interests of the public and the party who seeks to seal the documents. *Id*. at 1097. Plaintiffs request to seal narrow portions of (a) incarcerated persons' medical records and (b) letters about the San Diego County Jail (the "Jail") from plaintiffs' counsel in the *Armstrong v. Newsom* litigation against the California Department of Corrections and Rehabilitation ("CDCR").

### A. Medical Records of Incarcerated People

Plaintiffs' request to seal portions of Exhibits to the Kuykendall and Ybarra Declarations and portions of Exhibit U to the Grunfeld Declaration is narrowly tailored to only seek sealing of sensitive portions of incarcerated individuals' medical records. *See* Declaration of Eric Monek Anderson in Support of Plaintiffs' Motion to File Under Seal ("Anderson Sealing Decl.") ¶ 3. These portions of the records contain private, sensitive information about individuals' medical and mental health histories, conditions, diagnoses, and treatments that Plaintiffs have not put at issue in these Motions. *Id*. These portions of the records include, for example, notes describing aspects of individuals' criminal charges or unrelated personal matters raised during contacts between incarcerated individuals and medical and mental health staff at the Jail. *Id.* The records also include notes describing certain individuals' medical diagnoses and needs that have not been put at issue in these Motions. *Id.* This Court previously granted requests to seal similar records in this and other cases. Dkt. 181; *see also, e.g., Covert v. City of San Diego*, No. 15-CV-2097-AJB (WVG), 2016 WL 7117364, at *3 (S.D. Cal. Dec. 6, 2016) (granting motion to seal where documents included "discussions regarding Plaintiff's mental health [and] communications with mental health providers").

Plaintiffs seek to seal only those narrow portions of the documents necessary to protect unrelated confidential medical information of incarcerated people. Anderson Sealing Decl. ¶ 3. Plaintiffs do not seek to seal information regarding conditions, communications, and custody and medical staff practices that they arguably have put at issue in these Motions. *Id.* In so doing, Plaintiffs have endeavored to comply with the standards set forth by the Court in its June 6, 2022 sealing order. *See* Dkt. 161 at 4. The documents that include the excerpts Plaintiffs seek to seal were produced to Plaintiffs' counsel by the Sheriff's Department upon request and submission of signed medical release forms, or provided to Plaintiffs' counsel by individual incarcerated people. Anderson Sealing Decl. ¶ 4.

Plaintiffs submit the medical records at issue to demonstrate the harm to which incarcerated people have been wrongfully subjected at the Jail. *Id.* ¶ 2. Disclosure of the sensitive portions of the records may expose these individuals to substantial harm and personal embarrassment. *Id*. It also would undermine these individuals' medical privacy interests. *See* Health Insurance Portability and Accountability Act (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 (1996). The public, conversely, has minimal interest in the intimate details of these individuals' physical and mental health, especially aspects of their physical and mental health and other personal matters not at issue in these Motions, which are the only portions of the records Plaintiffs seek to seal. Incarcerated individuals' compelling interest in protecting their sensitive medical and mental health information thus far outweighs any public interest in disclosure. *See Shriners v. United States*, No. 14-CV-1437 AJB (KSC), 2017 WL 3412299, at *3 (S.D. Cal. Aug. 8, 2017) ("balancing the need for the public's access to information regarding private medical information against Plaintiffs' need for confidentiality weigh strongly in favor of sealing").

### B. Letters from *Armstrong* Plaintiffs' Counsel

Plaintiffs' request to seal portions of Exhibit B to the Grunfeld Declaration is narrowly tailored to only seek sealing of the names and CDCR numbers of incarcerated individuals who have not submitted declarations in this litigation. *See* Anderson Sealing Decl. ¶ 5. Plaintiffs do not seek to seal information regarding conditions, communications, and custody and medical staff practices that they have put at issue in these Motions. *Id.* at ¶¶ 5-6. Courts will grant motions to seal the identifying information of incarcerated people who are not participating in the underlying litigation. *See, e.g.*, *Ortiz v. City & Cty. of San Francisco*, 2020 WL 2793615, at *8 (N.D. Cal. May 29, 2020) (authorizing filing of amended motion to seal, which would "narrowly tailor the sealing request" to "the names of other inmates"); *Cofield v. Maydole*, 2016 WL 993579, at *2 n.1 (E.D. Cal. Mar. 14,

2016) (granting motion to seal grievance "written by a third-party inmate" that included the "inmate's name and identification number"). Indeed, the Court in this case has already ordered Defendants to produce documents with "identifying information" of incarcerated people "redacted." Dkt. 258 at 6.

Plaintiffs submit the letters at issue to demonstrate that Defendants have long been on notice of their failures to accommodate incarcerated people with mobility and hearing disabilities at the Jail. Anderson Sealing Decl. ¶ 5. Disclosure of these individuals' identifying information—and thus disclosure of the fact that they were at one time incarcerated—may expose these individuals to substantial harm and personal embarrassment. *Id*. The public, conversely, has minimal interest in these individuals' identifying information, which are the only portions of the records Plaintiffs seek to seal. Incarcerated individuals' compelling interest in protecting their privacy thus far outweighs any public interest in disclosure.

## II. THE STIPULATED PROTECTIVE ORDER REQUIRES PLAINTIFFS TO FILE UNDER SEAL DOCUMENTS DESIGNATED CONFIDENTIAL BY DEFENDANTS.

The Stipulated Protective Order in this case requires that a party seeking to file any material designated as confidential "must seek permission of the Court to file the material under seal." Dkt. 255 at ¶ 12. Even if another party has objected to the confidentiality designation, the Stipulated Protective Order requires that the "material[] at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved." *Id.* ¶ 13.

### A. Anonymized Rosters of People with Disabilities at Central Jail

Plaintiffs move to file under seal Exhibit Z to the Grunfeld Declaration, which are documents that have been designated as confidential by Defendants and to which designation Plaintiffs have objected. Exhibit Z to the Grunfeld Declaration contains anonymized rosters of incarcerated people with mobility disabilities at Central Jail, noting the housing and bed assignments of people with mobility disabilities.

Anderson Sealing Decl. ¶ 7. Because the rosters are anonymized, unsealed filing of the documents would not result in the publication of names or booking numbers of any incarcerated person. *See id*. Rather, the documents show only that, *e.g.*, a person with a wheelchair (or a walker or a cane) is housed on the upper (or middle or lower) bunk of a particular cell in a particular unit of Central Jail. *See id*. Defendants publish similar information about the Las Colinas Detention and Reentry Facility on their website, including the specific cells in each unit that are intended to house people with mobility disabilities. *Id.* ¶ 10 & Ex. C.

On April 5, 2023, Defendants disagreed with Plaintiffs' objection to Defendants' designation of these materials as confidential. *Id.* ¶ 9. Contrary to Defendants' publication of similar information for the Las Colinas Detention and Reentry Facility, counsel for Defendants stated in response to Plaintiffs' objection to the confidentiality designation of the Central Jail rosters that "the location of disabled detainees in the [Jail] facility is not information that can be released to the public." *Id.*

Plaintiffs' counsel attempted to meet and confer regarding their objection to the confidentiality designation, and requested a response by noon on April 21, 2023. *Id.* ¶ 11. As of the filing of this Motion, Defendants' counsel is maintaining the confidentiality designation on the two rosters, *id.*, requiring Plaintiffs to file Exhibit Z to the Grunfeld Declaration under seal.

**B. Construction Plans and Blueprints of Jail Facilities**

Plaintiffs also move to file under seal narrow portions of Exhibits B and C to the Sanossian Declaration, which are Plaintiffs' accessibility expert's reports regarding Rock Mountain Detention Facility and Central Jail. The reports contain construction plans and blueprints of the facilities, which Defendants have designated as confidential, *see* Anderson Sealing Decl. ¶ 12, and disclosure of which may affect safety and security at the jail. *See Brewster v. Mills*, 2022 WL 976973, at *9 (N.D. Cal. Mar. 31, 2022) (granting motion to seal documents that would "reveal matters

affecting safety, security, and practices at the county jail, as well as surveillance footage from inside the jail that is not otherwise publicly available"). Plaintiffs do not seek to seal the remainder of the expert reports, which do not reveal the layout of the jail facilities. *Id.*

## III. FEDERAL RULE OF CIVIL PROCEDURE 5.2 REQUIRES REDACTION OF PERSONALLY IDENTIFIABLE INFORMATION.

Federal Rule of Civil Procedure 5.2 and this Court's Electronic Case Filing Administrative Policies and Procedures Manual Section 1(h) instruct parties to redact certain personally identifiable information, including birthdates. Plaintiffs have therefore redacted birthdates throughout the exhibits filed in support of the Motions. Pursuant to Electronic Case Filing Administrative Policies and Procedures Manual Section 1(h), Plaintiffs will "retain the complete unredacted document[s] for the duration of the case, including any period of appeal."

In filing this motion, Plaintiffs' counsel have complied with Civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j). Anderson Sealing Decl. ¶ 13.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion to seal.

DATED: April 25, 2023

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Eric Monek Anderson*
Eric Monek Anderson

Attorneys for Plaintiffs