Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, California 92101-8474
Tel: 619.814.5800   Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, California 95113-2336
Tel: 408.606.6300   Fax: 408.606.6333

Attorneys for Defendant
COUNTY OF SAN DIEGO, (Also erroneously sued herein as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, and SAN DIEGO COUNTY PROBATION DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO FILE CERTAIN UNRELATED MEDICAL RECORDS UNDER SEAL IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>[*Declaration of Susan E. Coleman; Defendant's Proposed Documents for Filing Under Seal and Proposed Order filed in support thereof*]<br><br>Date:       June 29, 2023<br>Time:       2:00 p.m.<br>Courtroom: 4A<br><br>Judge:      Hon. Anthony J. Battaglia |

Pursuant to Civil Local Rule 79.2, Section 2(j) of the Electronic Case Filing Administrative Policies and Procedures Manual, and Section IV of Judge Battaglia's Civil Case Procedures, Defendant COUNTY OF SAN DIEGO ("County") hereby submits this motion to file under seal certain medical records which are being filed concurrently with its opposition to Plaintiffs' motions for preliminary injunction and provisional class certification, as follows.

## I. INTRODUCTION

In support of their motions for a preliminary injunction and provisional class certification, Plaintiffs have submitted declarations of inmates which allege various mobility issues that were encountered at the County's jails. In its opposition to the motion, the County is submitting numerous medical records which will contradict many of these inmates' claims about mobility. However, some of these inmate records contain medical information that is not related to the alleged medical conditions which are at issue in this case. As such, a "compelling reason" exists for that information to be filed under seal. Further, the County has "narrowly tailored" this request by only redacting those portions of the inmates' medical records which do not relate to the alleged mobility claims.[1] (*See*, Coleman Decl., Ex. "A.")

## II. LEGAL STANDARD FOR SEALING MEDICAL RECORDS

It has been historically recognized that a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d

---

[1] On June 27, 2022, with regard to an earlier request to seal related to Plaintiff's prior motions (Doc. #119) for injunctive relief and class certification, the Court had denied without prejudice the County's motion to file medical records under seal (Doc. # 150) on the grounds that the request was not "narrowly tailored" and did not "redact only the portions of the precise exhibits that present unrelated confidential medical information. (*See*, Order [Doc. # 180], at p. 4.)

1172, 1178 (9th Cir. 2006), quoting *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *Id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179, quoting *Foltz*, 331 F.3d at 1135. A court must consider these interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.*, quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal quotations omitted).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

With regard to motions for preliminary injunction and class certification, the courts have found such motions to be more than tangentially related to merits of the case, requiring the use of the "compelling reasons" standard. *See*, *e.g.*, *Ctr. for Auto Safety*, 809 F.3d at 1099-1102; see also, *Al Otro Lado, Inc. v. McAleenan*, Case No. 17-cv-02366-BAS-KSC, 2019 WL 6220898 (S.D. Cal. Nov. 21, 2019).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179, quoting *Nixon*, 435 U.S. at 598).

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4861-0040-6628 v4 - 3 - 3:20-CV-00406-AJB-DDL
DEFENDANTS' MOTION TO FILE
DOCUMENTS UNDER SEAL

The need to protect medical privacy has been found to be a "compelling reason" to seal documents. *See*, *Domingo v. Brennan*, 690 Fed. Appx. 928, 930 (9th Cir. 2017); *see also*, *Heldt v. Guardian Life Ins. Co. of Am.*, 2018 WL 5920029, at *2 (S.D. Cal. Nov. 13, 2018); *Covert v. City of San Diego*, No. 15-CV-2097-AJB (WVG), 2016 WL 7117364, at *3 (S.D. Cal. Dec. 6, 2016) (granting motion to seal where documents which included discussions regarding plaintiff's mental health and communications with mental health providers). The courts have also prevented the disclosure of medical and psychiatric records that are deemed confidential under state law. See, *Pearson v. Miller*, 211 F.3d 57, 62-64 (3d Cir. 2000).

Moreover, the "compelling reasons" rule requires the parties to "narrowly tailor[] their request to redact only the portions of the filings and the precise exhibits" that are deemed confidential. *See*, *e.g.*, *In Re Qualcomm Litigation*, No. 17-cv-108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal, Nov. 8, 2017).

### III. COMPELLING REASONS EXIST FOR SEALING INMATES' MEDICAL INFORMATION UNRELATED TO ISSUES IN CASE

Here, in support of their motions for a preliminary injunction and provisional class certification, Plaintiffs have submitted declarations of inmates which allege various mobility issues that were encountered at the County's jails. As such, the inmates have put such medical conditions at issue. In its opposition to the motion, the County is submitting numerous medical records which will contradict many of these inmates' claims about mobility, and which will show the medical treatment and/or accommodations that these inmates received to address any alleged mobility claims. (Coleman Decl., ¶ 3.) However, some of these inmate records contain medical information that is not related to the alleged medical conditions which are at issue in this case. For example, the "Sick Calls" summaries contain *all* medical complaints for a given period of time, and some progress notes list *every* medication prescribed to the inmate patient. (*Id.*, ¶¶ 4-5.)

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4861-0040-6628 v4

- 4 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL

Further, there is no indication that the inmates who agreed to publicly disclose certain medical information about their mobility were also willing to publicly disclose information about any of their other medical issues, especially conditions, treatment and/or medication *not* related to their mobility claims. (*Id.*, ¶ 6.) To use a hypothetical example, an inmate who submitted a declaration about allegedly being denied a wheelchair was probably not anticipating that information about their toenail fungus would be made public. The toenail fungus condition is not related to any of the alleged mobility issues and its disclosure to the public is not necessary for the prosecution and/or defense of this case.

Indeed, where a plaintiff has put their medical history at issue, "that does not mean that the entirety of [their] medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public." *See*, *e.g.*, *Carmichael v. Aranas*, Case No. 3:17-cv-00025-MMD-WGC, 2017 WL 955183, at *2 (D. Nev. Mar. 10, 2017). As such, there is a compelling reason why the Court should seal the portions of the inmates' medical records which are unrelated to Plaintiff's motions for a preliminary injunction and class certification.

Further, the County has "narrowly tailored" its request by only redacting those portions of the inmates' medical records which do not relate to the alleged mobility claims. (*See*, Coleman Decl., ¶¶ 7-8; *see also*, Coleman Decl., Ex. "A.".)

///
///
///
///
///
///
///
///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4861-0040-6628 v4

- 5 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL

## IV. CONCLUSION

For the foregoing reasons, the County respectfully requests that the Court grant this motion to file under seal the medical records of inmates which are unrelated to the matters at issue in this case.

Dated: May 17, 2023        BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Susan E. Coleman*
    Susan E. Coleman

Attorneys for Defendant
COUNTY OF SAN DIEGO