Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, California 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, California 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Attorneys for Defendant
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT
and SAN DIEGO COUNTY
PROBATION DEPARTMENT

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et.al.,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANT COUNTY OF SAN DIEGO'S, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT'S AND SAN DIEGO COUNTY PROBATION DEPARTMENT'S ANSWER TO THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; AND DEMAND FOR JURY TRIAL**<br><br>District Judge Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner |

Defendants DEFENDANT COUNTY OF SAN DIEGOS, SAN DIEGO

COUNTY SHERIFF'S DEPARTMENT AND SAN DIEGO COUNTY

PROBATION DEPARTMENT ("Defendants") responds to Plaintiffs' Third

Amended Complaint as follows:

1.    Defendants are without knowledge or information sufficient to form a

belief as to the truth of each and every allegation and therefore deny them.

2.    Defendants are without knowledge or information sufficient to form a

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

1    belief as to the truth of each and every allegation and therefore deny them.

2        3.      Defendants are without knowledge or information sufficient to form a

3    belief as to the truth of each and every allegation and therefore deny them.

4        4.      Defendants are without knowledge or information sufficient to form a

5    belief as to the truth of each and every allegation and therefore deny them.

6        5.      Defendants are without knowledge or information sufficient to form a

7    belief as to the truth of each and every allegation and therefore deny them.

8        6.      Defendants are without knowledge or information sufficient to form a

9    belief as to the truth of each and every allegation and therefore deny them.

10       7.      Defendants are without knowledge or information sufficient to form a

11   belief as to the truth of each and every allegation and therefore deny them.

12       8.      Defendants are without knowledge or information sufficient to form a

13   belief as to the truth of each and every allegation and therefore deny them.

14       9.      Defendants are without knowledge or information sufficient to form a

15   belief as to the truth of each and every allegation and therefore deny them.

16       10.     Defendants are without knowledge or information sufficient to form a

17   belief as to the truth of each and every allegation and therefore deny them.

18       11.     Defendants are without knowledge or information sufficient to form a

19   belief as to the truth of each and every allegation and therefore deny them.

20       12.     Defendants are without knowledge or information sufficient to form a

21   belief as to the truth of each and every allegation and therefore deny them.

22       13.     Defendants are without knowledge or information sufficient to form a

23   belief as to the truth of each and every allegation and therefore deny them.

24       14.     Defendants admit each and every allegation.

25       15.     Defendants admit each and every allegation.

26       16.     Defendants are without knowledge or information sufficient to form a

27   belief as to the truth of each and every allegation and therefore deny them.

28       17.     Defendants admit each and every allegation.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

2

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

18.    Defendants admit that Darryl Dunsmore has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

19.    Defendants admit that Andree Andrade has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

20.    Defendants admit that Ernest Archuleta has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

21.    Defendants admit that James Clark has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

22.    Defendants admit that Anthony Edwards has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

23.    Defendants admit that Lisa Landers has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

24.    Defendants admit that Reanna Levy has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

25.    Defendants admit that Josue Lopez has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

26.    Defendants admit that Christopher Nelson has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

27.    Defendants admit that Christopher Norwood has been incarcerated at

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

3

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

the Jail and are without knowledge or information sufficient to form a belief as to
the truth of each and every remaining allegation and therefore deny them.

28.     Defendants admit that Jesse Olivares has been incarcerated at the Jail
and are without knowledge or information sufficient to form a belief as to the truth
of each and every remaining allegation and therefore deny them.

29.     Defendants admit that Gustavo Sepulveda has been incarcerated at the
Jail and are without knowledge or information sufficient to form a belief as to the
truth of each and every remaining allegation and therefore deny them.

30.     Defendants admit that Michael Taylor has been incarcerated at the Jail
and are without knowledge or information sufficient to form a belief as to the truth
of each and every remaining allegation and therefore deny them.

31.     Defendants admit that Laura Zoerner has been incarcerated at the Jail
and are without knowledge or information sufficient to form a belief as to the truth
of each and every remaining allegation and therefore deny them.

32.     Defendants admit each and every allegation contained in paragraph 32
of the complaint except the Defendants deny that the Sheriff's Department is a
public entity, duly organized and existing under the laws of the State of California,
separate and apart from the County of San Diego.

33.     Defendants admit that the County of San Diego is a public entity, duly
organized and existing under the laws of the State of California and that it operates
and manages the Jail through the Sheriff's Department and is the public entity
legally responsible for the Jail and Sheriff's Department and contracting thereby.
Defendants deny each and every remaining allegation.

34.     Defendants admit that they operate six detention facilities as stated,
Rock Mountain is under construction, the stated facilities are for booking, transfer of
individuals and the male-only and female-only facilities.  Defendants deny each and
every remaining allegation.

35.     Defendants admit each and every allegation contained in paragraph 35

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

4

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

of the complaint except Defendants deny that the Sheriff's Department is a public entity, duly organized and existing under the laws of the State of California, separate and apart from the County of San Diego.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

38.     Defendants admit that the County, through the Sheriff's Department, is responsible for incarcerated persons medical care, and deny each and every remaining allegation.

39.     Defendants admit each and every allegation.

40.     Defendants admit that the County contracted with Naphcare and that the contract terms are as stated in the contract, and Defendants deny each and every remaining allegation.

41.     Defendants admit that the terms in the Naphcare contract are as stated therein and Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

42.     Defendants deny the allegations.

43.     Defendants deny the allegations.

44.     Defendants deny the allegations.

45.     Defendants deny the allegations.

46.     Defendants deny the allegations.

47.     Defendants deny the allegations.

48.     Defendants deny the allegations.

49.     Defendants deny the allegations.

50.     Defendants deny the allegations.

51.     Defendants deny the allegations.

52.     Defendants deny the allegations.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

5

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

53.     Defendants deny the allegations.

54.     Defendants are without knowledge or information sufficient to form a belief as to the statements regarding Mr. Taylor's groin and pre-booking medical matters and therefore deny them.  Defendants deny each and every remaining allegation.

55.     Defendants admit the contents of Mr. Landers' medical records but are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

56.     Defendants deny that medical screenings are not conducted in a timely manner and Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in paragraph 56 and therefore deny them.

57.     Defendants admit that the report says what it says but deny each and every remaining allegation.

58.     Defendants deny the allegations.

59.     Defendants deny the allegations.

60.     Defendants deny the allegations.

61.     Defendants admit the allegations regarding MAT and generic drugs. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

62.     Defendants admit that the news article says what it says but not the truth thereof, and deny each and every remaining allegation.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

65.     Defendants deny substance abuse care is provided untimely. Defendants are without knowledge or information sufficient to form a belief as to

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

6

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

1    the truth of each and every remaining allegation and therefore deny them.

2        66.    Defendants admit to the contents in Mr. Norwood's medical records,

3    deny those allegations that are not contained in his medical record, and Defendants

4    are without knowledge or information sufficient to form a belief as to the truth of

5    each and every remaining allegation and they are therefore denied.

6        67.    Defendants deny the allegations.

7        68.    Defendants deny the allegations.

8        69.    Defendants admit that the report says what it says but not the truth

9    thereof.  Defendants deny each and every remaining allegation.

10       70.    Defendants admit to those matters stated in Ms. Serna's medical

11   records and deny each and every remaining allegation in Paragraph 70.

12       71.    Defendants admit to a jury award and to information contained in Mr.

13   Sisson's medical records, that the report says what it says but not the truth thereof,

14   and deny each and every remaining allegation.

15       72.    Defendants admit that Mr. Arroyo died while in custody and are

16   without knowledge or information sufficient to form a belief as to the truth of each

17   and every remaining allegation and therefore deny them.

18       73.    Defendants deny the allegations.

19       74.    Defendants deny the allegations.

20       75.    Defendants do not dispute what the report states but deny the truth

21   thereof and are without knowledge or information sufficient to form a belief as to

22   the truth of each and every remaining allegation and therefore deny them.

23       76.    Defendants admit that Mr. Wilson died while in custody and are

24   without knowledge or information sufficient to form a belief as to the truth of each

25   and every remaining allegation and therefore deny them.

26       77.    Defendants admit what is contained in Mr. Lopez' medical records and

27   are without knowledge or information sufficient to form a belief as to the truth of

28   each and every remaining allegation and therefore deny them.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

7

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

78.     Defendants admit what is contained in Mr. Archuleta's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

79.     Defendants admit what is contained in Mr. Dunsmore's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

80.     Defendants admit what is contained in Mr.Edwards' medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

81.     Defendants admit what is contained in Mr. Nelson's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

82.     Defendants deny that policies and practices are inadequate and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

83.     Defendants admit that the Naphcare agreement states what it states and deny each and every remaining allegation.

84.     Defendants deny the allegations.

85.     Defendants admit to what the report states but deny the truth thereof, and deny each and every remaining allegation.

86.     Defendants deny the allegations.

87.     Defendants admit what is contained in Mr. Edwards' medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

88.     Defendants admit what is contained in Mr. Landers' medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

89.     Defendants admit what is contained in Mr. Andrade's medical records

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

8

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

1  and are without knowledge or information sufficient to form a belief as to the truth

2  of each and every remaining allegation and therefore deny them.

3      90.    Defendants deny that nurses dismiss medical requests and that there are

4  "delays".  Defendants are without knowledge or information sufficient to form a

5  belief as to the truth of each and every remaining allegation and therefore deny

6  them.

7      91.    Defendants admit what is contained in Mr. Foster's medical records,

8  deny that emergency care is ever delayed, and are without knowledge or information

9  sufficient to form a belief as to the truth of each and every remaining allegation and

10  therefore deny them.

11      92.    Defendants admit that the referenced documents say what they say but

12  not the truth thereof, and defendants are without knowledge or information

13  sufficient to form a belief as to the truth of each and every remaining allegation and

14  therefore deny them.

15      93.    Defendants admit what is contained in Ms. Zoenrer's medical records

16  and are without knowledge or information sufficient to form a belief as to the truth

17  of each and every remaining allegation and therefore deny them.

18      94.    Defendants deny that staff "callously" respond to requests for

19  emergency assistance and are without knowledge or information sufficient to form a

20  belief as to the truth of each and every remaining allegation and therefore deny

21  them.

22      95.    Defendants deny the allegations.

23      96.    Defendants admit what is contained in Mr. Andrade's medical records

24  and are without knowledge or information sufficient to form a belief as to the truth

25  of each and every remaining allegation and therefore deny them.

26      97.    Defendants admit that the referenced documents say what they say but

27  not the truth thereof and therefore the allegations are denied.

28      98.    Defendants deny the allegations.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

9

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

99.    Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

101.    Defendants admit to the contents of the report but not the truth thereof and deny each and every remaining allegation.

102.    Defendants admit to information as contained in Mr. Taylor's medical records and deny each and every remaining allegation.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

104.    Defendants deny the allegations.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

106.    Defendants admit what is contained in Ms. Levy's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

107.    Defendants admit what is contained in Mr. Archuleta's and Mr. Clark's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

108.    Defendants admit what is contained in Mr. Andrade's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

109.    Defendants deny the allegations.

110.    Defendants admit what is contained in Mr. Taylor's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

111.    Defendants are without knowledge or information sufficient to form a

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

10

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

1   belief as to the truth of each and every remaining allegation and therefore deny

2   them.

3       112.   Defendants deny that policies and procedures are inadequate, admits to

4   what is contained in Mr. Lopez' medical records and are without knowledge or

5   information sufficient to form a belief as to the truth of each and every remaining

6   allegation and therefore deny them.

7       113.   Defendants admit what is contained in Mr. Nelson's medical records

8   and are without knowledge or information sufficient to form a belief as to the truth

9   of each and every remaining allegation and therefore deny them.

10      114.   Defendants admit what is contained in Mr. Edward's medical records

11  and are without knowledge or information sufficient to form a belief as to the truth

12  of each and every remaining allegation and therefore deny them.

13      115.   Defendants are without knowledge or information sufficient to form a

14  belief as to the truth of each and every allegation and therefore deny them.

15      116.   Defendants admit what is contained in Ms. Levy's medical records,

16  admit what the reference report states but not the truth thereof, and are without

17  knowledge or information sufficient to form a belief as to the truth of each and

18  every allegation contained in paragraph 79 and therefore deny them.

19      117.   Defendants are without knowledge or information sufficient to form a

20  belief as to the truth of each and every allegation contained in paragraph 79 and

21  therefore deny them.

22      118.   Defendants admit to the contents of its written policies and are without

23  knowledge or information sufficient to form a belief as to the truth of each and

24  every remaining allegation contained in paragraph 79 and therefore deny them.

25      119.   Defendants deny the allegation of inadequate QA/QC processes, admit

26  that the referenced reports states what they state but not the truth thereof, and deny

27  each and every remaining allegation.

28      120.   Defendants deny the allegation of inadequate polices, practices and

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

11

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

procedures relating to in custody deaths, admit that the report states what it states but not the truth thereof and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

121.    Defendants admit that the report states what it states but not the truth thereof and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

122.    Defendants deny the allegations.

123.    Defendants admit they have a contract with Naphcare which terms speak for themselves, deny that mental health care is inadequate, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegations and therefore deny them.

124.    Defendants admit that it provides the mental health care services alleged.

125.    Defendants deny inadequacies in the mental health care system, admit the contents of the report but not the truth thereof, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

126.    Defendants admit that the reports say what they say but not the truth thereof and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

127.    Defendants admit that the document states what it states as of the date created and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

128.    Defendants admit that the document says what it says but not the truth thereof, and deny that intake screening practices are not confidential, that there are undue restrictions on programs and property, and any failure to impose proper time limits on hyper-isolation cell stays.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

12

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

129.    Defendants deny each and every allegation in Paragraph 129 of the Complaint.

130.    Defendants deny the allegations.

131.    Defendants admit that the report says what it says but not the truth thereof, and deny each and every remaining allegation.

132.    Defendants deny the allegations.

133.    Defendants deny the allegations.

134.    Defendants deny the allegations.

135.    Defendants admit what is contained in Mr. Sepulveda's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

136.    Defendants admit what is contained in Mr. Taylor's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

137.    Defendants admit that the news reports say what they say but not the truth thereof and deny each and every remaining allegation.

138.    Defendants admit that the news reports say what they say but not the truth thereof, and deny each and every remaining allegation.

139.    Defendants admit that the reports say what they say but not the truth thereof, and deny each and every remaining allegation.

140.    Defendants deny the allegations.

141.    Defendants deny that they "fail" to retain mental health staff, admit what is contained in Mr. Edwards' medical records, what is contained in Mr. Archuleta's medical records, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

142.    Defendants admit what is contained in Mr. Hernandez' medical records and deny each and every remaining allegation.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

13

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

143.    Defendants admit that the structural chart states what it states and deny each and every remaining allegation.

144.    Defendants admit that the letter states what it states but not the truth thereof, and deny each and every remaining allegation.

145.    Defendants deny the allegations.

146.    Defendants deny the allegations.

147.    Defendants admit what is contained in Mr. Marroquin's medical records, what the report states but not the truth thereof, and deny each and every remaining allegation.

148.    Defendants admit that the policy was changed, what the report states but not the truth thereof, and deny each and every remaining allegation.

149.    Defendants admit that the report states what it states but not the truth thereof and deny each and every remaining allegation of the complaint.

150.    Defendants deny the allegations.

151.    Defendants admit to the contents of Mr. Olivares' medical records and deny each and every remaining allegation.

152.    Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

153.    Defendants admit mental health may be requested through a sick call form and deny each and every remaining allegation.

154.    Defendants admit that the report says what it says but not the truth thereof and deny each and every remaining allegation of the Complaint.

155.    Defendants deny any "inadequate systems", and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

156.    Defendants admit what is contained in Mr. Taylor's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

14

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

157.   Defendants admit what is contained in Mr. Nelson's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 79 and therefore deny them.

158.   Defendants admit what is contained in Mr. Archuleta's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

159.   Defendants admit what is contained in Mr. Sepulveda's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

160.   Defendants deny the allegations.

161.   Defendants deny the allegations.

162.   Defendants admit what is contained in Mr. Olivares' medical records, deny that recordkeeping and care is inadequate, and deny each and every remaining allegation.

163.   Defendants deny the allegations.

164.   Defendants admit that the report says what it says but not the truth thereof and deny each and every remaining allegation.

165.   Defendants are unable to admit or deny a presentation by "clinical leadership" because it is undefined, and on this basis and as to the rest of the allegations relating thereto, Defendants and are without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 79 and therefore deny them.

166.   Defendants admit what is contained in Mr. Norwood's medical records and deny each and every remaining allegation.

167.   Defendants admit that the report says what it says but not the truth threeof, to the contents of Mr. Landers' medical records and deny each and every remaining allegation.

168.   Defendants admit to the contents of Mr. Clark's medical records and

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

15

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

deny each and every remaining allegation.

169.   Defendants admit that the policy says what it says and deny each and every remaining allegation.

170.   Defendants admit to the contents of its policies and deny each and every remaining allegation.

171.   Defendants admit to the contents of Mr. Nunez' medical records and his in custody death, that the news articles say what they say but not the truth thereof, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in paragraph 79 and therefore deny them.

172.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

173.   Defendants admit to the contents of Ms. Zoerner's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

174.   Defendants deny the allegations.

175.   Defendants admit that the reports say what they say but not the truth thereof, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

176.   Defendants deny the allegations.

177.   Defendants admit to the contents of Mr. Olivares' medical records and deny each and every remaining allegation.

178.   Defendants admit to the contents of Mr. Levy's medical records and deny each and every remaining allegation.

179.   Defendants admit to the contents of Mr. Norwood's medical records and deny each and every remaining allegation.

180.   Defendants admit to the contents of Mr. Taylor's medical records and deny each and every remaining allegation.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

16

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

181.   Defendants admit to the contents of Mr. Andrade's medical records and deny each and every remaining allegation.

182.   Defendants admit to the contents of the report but not the truth thereof, and deny each and every remaining allegation.

183.   Defendants admit that the report says what it says but not the truth thereof and deny each and every remaining allegation of Paragraph 183.

184.   Defendants deny the allegations.

185.   Defendants admit that the report says what it says but not the truth thereof.

186.   Defendants admit that the report says what it says but not the truth thereof.

187.   Defendants admit that the report says what it says but not the truth thereof.

188.   Defendants written records as to EOH placements (as opposed to Plaintiffs allegation) are admitted and each and every remaining allegation is denied.

189.   Defendants admit to the contents of Mr. Marroquin's medical records and his in custody death, are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

190.   Defendants admit to the contents of Mr. Olivares' medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

191.   Defendants admit to the contents of Mr. Andrade's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

192.   Defendants admit to the contents of Mr. Zoerner's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

17

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

193.   Defendants admit that the reports say what they say but not the truth thereof and deny each and every remaining allegation.

194.   Defendants admit to the contents of their policies, deny that the policies and procedures are improper and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

195.   Defendants deny the allegations.

196.   Defendants admit to the contents of Mr. Olivares' medical records and deny each and every allegation remaining contained in Paragraph 196.

197.   Defendants deny the allegations.

198.   Defendants admit to the contents of Mr. Dunsmore's medical records and deny each and every remaining allegation.

199.   Defendants deny the allegations.

200.   Defendants admit that the report says what it says and deny each and every remaining allegation.

201.   Defendants admit that the news report says was it says but not the truth thereof, and as to the contents of Mr. Morton's medical records, and deny each and every remaining allegation.

202.   Defendants deny the allegations.

203.   Defendants admit that the reports say what they say but not the truther thereof.

204.   Defendants admit to the contents of Mr. Morton's medical records, admit that the news report says what it says but not the truth thereof, and deny each and every remaining allegation.

205.   Defendants admit that the reports say what they say but not the truth thereof and deny each and every remaining allegation.

206.   Defendants deny each and every allegation in Paragraph 206 of the Complaint.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

18

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

207. Defendants admit that the report says what it says but not the truth thereof, and deny each and every remaining allegation.

208. Defendants admit that the report says what it says but not the truth thereof, admits to the contents of Mr. Olivares' medical records and deny each and every remaining allegation.

209. Defendants admit that the reports say what they say but not the truth thereof, and deny each and every remaining allegation.

210. Defendants deny the allegations.

211. Defendants deny the allegations.

212. Defendants deny the allegations.

213. Defendants deny the allegations.

214. Defendants deny the allegations.

215. Defendants deny the allegations.

216. Defendants deny the allegations.

217. Defendants deny the allegations.

218. Defendants admit to the contents of Mr. Ortiz' medical records and his in custody death and deny each and every remaining allegation.

219. Defendants deny the allegations.

220. Defendants admit that the laws say what they say, that the administrative segregation cells are for the purposes stated in Defendants' policies, and deny each and every remaining allegation.

221. Defendants admit that the administrative segregation cell policies are as written and deny each and every remaining allegation.

222. Defendants admit that the reports say what they say but not the truth thereof and deny each and every remaining allegation.

223. Defendants are unaware of the meaning of "clinical leadership" and cannot therefore admit or deny the recommendation or alleged rejection, and are without knowledge or information sufficient to form a belief as to the truth of each

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

19

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

and every remaining allegation and therefore deny them.

224.   Defendants deny the allegations.

225.   Defendants admit to the contents of Mr. Gofrey and Mr. Rupard's medical records and in custody deaths, and the contents of the medical examiner's report.  Each and every remaining allegation is denied.

226.   Defendants admit to the contents of Mr. Baker's medical records, his in custody death, and deny each and every remaining allegation.

227.   Defendants deny the allegations.

228.   Defendants admits to the contents of Mr. Andrade's medical records and deny each and every remaining allegation.

229.   Defendants deny the allegations.

230.   Defendants deny the allegations.

231.   Defendants admit that they are subject to the ADA and Rehabilitation Act and deny each and every remaining allegation.

232.   Defendants deny the allegations.

233.   Defendants admit to the contents of Mr. Lopez' medical records, are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them, and deny allegations that staff was unable to effectively communicate with Mr. Lopez.

234.   Defendants deny the allegations.

235.   Defendants deny the allegations.

236.   Defendants admit to the contents of Mr. Dunsmore's medical records and deny each and every remaining allegation.

237.   Defendants admit to the contents of Mr. Dunsmore's medical records and deny each and every remaining allegation.

238.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them, and deny allegations that staff was unable to effectively communicate with

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

20                Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

Mr. Lopez.

239.   Defendants admit to the contents of Mr. Archuleta's medical records and deny each and every remaining allegation.

240.   Defendants deny the allegations.

241.   Defendants admit to the contents of Mr. Lopez' medical records and deny each and every remaining allegation.

242.   Defendants deny the allegations.

243.   Defendants deny the allegations.

244.   Defendants admit Mr. Lopez was transferred and deny each and every remaining allegation.

245.   Defendants admit to the contents of Mr. Lopez' medical records and deny each and every remaining allegation.

246.   Defendants deny the allegations.

247.   Defendants deny the allegations.

248.   Defendants deny the allegations.

249.   Defendants admit to the contents of Mr. Nelson's medical records and deny each and every remaining allegation.

250.   Defendants admit to the contents of Mr. Clark's medical records and deny each and every remaining allegation.

251.   Defendants admit to the contents of Mr. Landers' medical records and deny each and every remaining allegation.

252.   Defendants admit that 28 C.F.R. section 35.160 states what it states and applies to Defendants, and that Defendants' policies are as written, and deny each and every remaining allegation.

253.   Defendants admit to the contents of Mr. Dunsmore's medical records and deny each and every remaining allegation.

254.   Defendants admit that the policies state what they state and deny each and every remaining allegation.

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

21

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

255.  Defendants admit to the contents of Mr. Nelson's medical records and deny each and every remaining allegation.

256.  Defendants admit to the contents of Mr. Archuleta's medical records and deny each and every remaining allegation.

257.  Defendants deny the allegations.

258.  Defendants admit that the policies state what they state and deny each and every remaining allegation.

259.  Defendants deny the allegations.

260.  Defendants admit the allegations of Paragraph 260 of the complaint.

261.  Defendants deny the allegations.

262.  Defendants admit to the contents of Mr. Nelson's medical records, admit to the contents of the report, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

263.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

264.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

265.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

266.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

267.  Defendants admit that it houses people with mobility disabilities but is unable to admit or deny if this constitutes "many".  Defendants deny each and every

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

22

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

remaining allegation.

268.   Defendants deny that there was ever a time when elevators were not available for movement of Incarcerated Persons and Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

269.   Defendants deny the allegations.

270.   Defendants admit to the contents of Mr. Sepulveda's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

271.   Defendants deny the allegations.

272.   Defendants admit to the contents of Mr. Andrade's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

273.   Defendants admit to the contents of Mr. Greer's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

274.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

275.   Defendants deny the allegations.

276.   Defendants deny the allegations.

277.   Defendants admit that the policies are as they state and deny each and every remaining allegation and Defendants have no knowledge of testimony in some other litigation.

278.   Defendants deny the allegations.

279.   Defendants admit to the contents of Mr. Lopez' medical records and deny each and every remaining allegation.

280.   Defendants admit to the contents of Mr. Dunsmore's medical records

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

23

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

1    and deny each and every remaining allegation.

2        281.   Defendants admit to the contents of grievances submitted Mr. Lucas

3    but not the truth thereof, as reflected in his custody files, and are without knowledge

4    or information sufficient to form a belief as to the truth of each and every remaining

5    allegation and therefore deny them.

6        282.   Defendants are without knowledge or information sufficient to form a

7    belief as to the truth of each and every remaining allegation and therefore deny them

8    but does not dispute the contents of any actual Court Order.

9        283.   Defendants admit to the contents of Mr. Edwards' medical records and

10   deny each and every remaining allegation.

11       284.   Defendants deny deficient procedures and admit that the reports say

12   what they say but not the truth thereof.

13       285.   Defendants deny the allegations.

14       286.   Defendants admit that policies say what they say and deny each and

15   every remaining allegation.

16       287.   Defendants deny the allegations.

17       288.   Defendants admit to the contents of Mr. Lopez' medical records and

18   deny each and every remaining allegation.

19       289.   Defendants deny the allegations.

20       290.   Defendants deny the allegations.

21       291.   Defendants deny the allegations.

22       292.   Defendants deny the allegations.

23       293.   Defendants are without knowledge or information sufficient to form a

24   belief as to the truth of each and every allegation about the ability of the named

25   Plaintiffs to lay prone, and each and every remaining allegation is denied.

26       294.   Defendants deny the allegations.

27       295.   Defendants deny the allegations.

28       296.   Defendants deny the allegations.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

24        Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

1    297.    Defendants deny the allegations.

2    298.    Defendants deny the allegations.

3    299.    Defendants deny the allegations.

4    300.    Defendants deny each and every allegation and are without knowledge

5 or information sufficient to form a belief as to the truth of each and every allegation

6 about what unidentified people claim and said allegations are therefore denied.

7    301.    Defendants are without knowledge or information sufficient to form a

8 belief as to the truth of each and every allegation about what unidentified people

9 claim and said allegations are therefore denied.  The remainder of the allegations are

10 denied.

11    302.    Defendants deny the allegations.

12    303.    Defendants admit to the contents of Ms. Landers' medical records and

13 deny each and every remaining allegation.

14    304.    Defendants deny each and every allegation, and have no knowledge of

15 what "other lawsuits" say.

16    305.    Defendants deny the allegations.

17    306.    Defendants are without knowledge or information sufficient to form a

18 belief as to the truth of each and every allegation about what unidentified people

19 claim and said allegations are therefore denied.

20    307.    Defendants deny the allegations.

21    308.    Defendants deny the allegations.

22    309.    Defendants deny the allegations.

23    310.    Defendants deny the allegations.

24    311.    Defendants admit that the news report says what is says but not the

25 truth thereof and that Mr. Salyers died in custody.  Defendants are without

26 knowledge or information sufficient to form a belief as to the truth of each and

27 every remaining allegation and said allegations are therefore denied.

28    312.    Defendants admit that the news reports and reports say what they say

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

25

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

but not the truth thereof.  Defendants are without knowledge or information
sufficient to form a belief as to the truth of each and every remaining allegation and
said allegations are therefore denied.

313.   Defendants admit that the news report says what is says but not the
truth thereof and deny each and every remaining allegation.

314.   Defendants admit that the news reports say what they say but not the
truth thereof and deny each and every remaining allegation.

315.   Defendants admit that the news report says what it says but not the
truth thereof.  Defendants are without knowledge or information sufficient to form a
belief as to the truth of each and every remaining allegation and said allegations are
therefore denied.

316.   Defendants are without knowledge or information sufficient to form a
belief as to the truth of each and every remaining allegation and said allegations are
therefore denied.

317.   Defendants are without knowledge or information sufficient to form a
belief as to the truth of each and every remaining allegation and said allegations are
therefore denied.

318.   Defendants admit that the population of the facilities were as stated in
Defendants records on the indicated dates.  Defendants are without knowledge or
information sufficient to form a belief as to the truth of each and every remaining
allegation and said allegations are therefore denied.

319.   Defendants deny the allegations.

320.   Defendants admit the information contained in Mr. Norwood's medical
records.  Defendants are without knowledge or information sufficient to form a
belief as to the truth of each and every remaining allegation and said allegations are
therefore denied.

321.   Defendants admit that incarcerated persons illegally carry drugs into
detention facilities, Defendants deny inadequate policies, procedures, practices and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

26

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

1    equipment to detect drugs, and are without knowledge or information sufficient to

2    form a belief as to the truth of each and every remaining allegation and said

3    allegations are therefore denied.

4         322.   Defendants deny the allegations.

5         323.   Defendants deny the allegations.

6         324.   Defendants deny each and every allegation that its handling

7    incarcerated persons illegally attempting to carry drugs into the detention facilities is

8    inadequate.  Defendants are without knowledge or information sufficient to form a

9    belief as to the truth of each and every remaining allegation and said allegations are

10   therefore denied.

11        325.   Defendants deny the allegations.

12        326.   Defendants admit that video surveillance assists in many situations in

13   detention facilities but are without knowledge or information sufficient to form a

14   belief as to the truth of each and every remaining allegation and said allegations are

15   therefore denied.

16        327.   Defendants deny each and every allegation, and as to what CLERB

17   believes or does not believe, Defendants are without knowledge or information

18   sufficient to form a belief as to the truth of each and every remaining allegation and

19   said allegations are therefore denied.

20        328.   Defendants admit not all areas in the detention facilities are covered by

21   cameras and deny each and every remaining allegation.

22        329.   Defendants are without knowledge or information sufficient to form a

23   belief as to the truth of each and every remaining allegation and said allegations are

24   therefore denied.

25        330.   Defendants deny the allegations.

26        331.   Defendants are without knowledge or information sufficient to form a

27   belief as to the truth of each and every remaining allegation and said allegations are

28   therefore denied.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

27

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

332.   Defendants deny the allegations.

333.   Defendants admit to the contents of Mr. Taylor's medical records and deny each and every remaining allegation.

334.   Defendants deny the allegations.

335.   Defendants deny the allegations.

336.   Defendants deny the allegations.

337.   Defendants deny the allegations.

338.   Defendants deny the allegations.

339.   Defendants deny the allegations.

340.   Defendants admit that the reports say what they say but not as to the truth thereof and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

341.   Defendants deny that they failed to implement safety checks, admit that the report says what it says but not as to the truth thereof, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

342.   Defendants admit that its policies and procedures are as stated in writing and the remainder of the allegations are denied.

343.   Defendants admit to the contents of Mr. Andrade's medical records and deny the remainder of the allegations.

344.   Defendants admit to the contents of Ms. Suarez' medical records and are without knowledge or information sufficient to form a belief as to the truth of her lawsuit allegations, and said allegations are therefore denied, and Defendants deny the remaining allegations.

345.   Defendants deny the allegations.

346.   Defendants admit that the report and news article say what they say but not the truth thereof and defendants deny the remaining allegations.

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

1    347.  Defendants deny the allegations.

2    348.  Defendants deny the allegations.

3    349.  Defendants deny the allegations.

4    350.  Defendants deny the allegations.

5    351.  Defendants deny the allegations.

6    352.  Defendants deny the allegations.

7    353.  Defendants deny the allegations.

8    354.  Defendants deny the allegations.

9    355.  Defendants admit that CLERB's authority is as stated in the authorizing

10   documents and defendants deny each and every remaining allegation.

11   356.  Defendants deny the allegations.

12   357.  Defendants admit the allegations.

13   358.  Defendants deny the allegations.

14   359.  Defendants admit to the contents of Ms. Zoerner's medical records and

15   deny the remaining allegations.

16   360.  Defendants deny the allegations.

17   361.  Defendants admit to the contents of Mr. Norwood's medical records

18   and deny the remaining allegations.

19   362.  Defendants admit to the contents of Mr. Edwards' medical records and

20   deny the remaining allegations.

21   363.  Defendants deny the allegations.

22   364.  Defendants admit to the contents of Mr. Levy, Mr. Archuleta and Mr.

23   Edwards' medical records and deny the remaining allegations.

24   365.  Defendants deny the allegations.

25   366.  Defendants deny the allegations.

26   367.  Defendants admit the allegations.

27   368.  Defendants admit the allegations.

28   369.  Defendants deny the allegations.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

29

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

370. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

371. Defendants admit the referenced documents say what they say, defendants deny they have control over incarceration, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and said allegations are therefore denied.

372. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and said allegations are therefore denied.

373. Defendants deny that their policies and practices contribute to overincarceration and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of what "state courts" did without effect on Defendants, and said allegations are therefore denied, and the remaining allegations are denied.

374. Defendants deny the claims regarding failure to be equipped, admit to the contents of Mr. Fonseca's medical records, are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations about Mr. Fonseca, and said allegations are therefore denied, and the remaining allegations are denied.

375. Defendants admit that the news article says what it says but not the truth thereof, admit to the contents of Mr. Harmon's medical records and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and said allegations are therefore denied

376. Defendants deny the allegations.

377. Defendants admit that the reports say what they say but not the truth thereof, and deny the remainder of the allegations.

378. Defendants do not control terms of sentencing and are without knowledge or information sufficient to form a belief as to the truth of the

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

30

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

1  allegations, and said allegations are therefore denied.

2      379.   Defendants do not control terms of sentencing and are without

3  knowledge or information sufficient to form a belief as to the truth of the

4  allegations, and said allegations are therefore denied.

5      380.   Defendants do not control terms of sentencing and are without

6  knowledge or information sufficient to form a belief as to the truth of the

7  allegations, and said allegations are therefore denied.

8      381.   Defendants are without knowledge or information sufficient to form a

9  belief as to the truth of the allegations, and said allegations are therefore denied.

10      382.   Defendants are without knowledge or information sufficient to form a

11  belief as to the truth of the allegations, and said allegations are therefore denied.

12      383.   Defendants are without knowledge or information sufficient to form a

13  belief as to the truth of the allegations, and said allegations are therefore denied.

14      384.   Defendants deny the allegations.

15      385.   Defendants deny inadequate reentry programs and are without

16  knowledge or information sufficient to form a belief as to the truth of the remaining

17  allegations, and said allegations are therefore denied.

18      386.   Defendants deny the allegations.

19      387.   Defendants admit that reentry services is responsible as described and

20  deny the remaining allegations.

21      388.   Defendants are without knowledge or information sufficient to form a

22  belief as to the truth of the allegations, and said allegations are therefore denied.

23      389.   Defendants are without knowledge or information sufficient to form a

24  belief as to the truth of the allegations, and said allegations are therefore denied.

25      390.   Defendants are without knowledge or information sufficient to form a

26  belief as to the truth of the allegations, and said allegations are therefore denied.

27      391.   Defendants are without knowledge or information sufficient to form a

28  belief as to the truth of the allegations, and said allegations are therefore denied.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

31

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

392.   Defendants deny any "failures" and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and said allegations are therefore denied.

393.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

394.   Defendants admit to the contents of Ms. Zoener's medical records, deny that she was not provided adequate treatment and are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

395.   Defendants admit that Mr. Clark has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

396.   Defendants admit that Mr. Sepulveda has been housed at the Jail and deny the remainder of the allegations.

397.   Defendants do not know how Ms. Landers identifies herself, and deny the remaining allegations.

398.   Defendants admit Ms. Levy was incarcerated, are unaware of what Court's may have offered her as an alternative and therefore deny the allegation, and admit that she was released.

399.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

400.   Defendants admit the Government Code provision and deny the remaining allegations.

401.   Defendants deny the allegations.

402.   Defendants deny the allegations.

403.   Defendants deny the allegations.

404.   Defendants deny the allegations.

405.   Defendants deny the allegations.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

32

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

406.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied. Defendants admit that the CPAC program is administered as provided by its guidelines for administration.

407.    Defendants deny the allegations.

408.    Defendants deny the allegations.

409.    Defendants deny the allegations.

410.    Defendants deny the allegations.

411.    Defendants deny the allegations.

412.    Defendants deny the allegations.

413.    Defendants deny the allegations.

414.    Defendants deny the allegations.

415.    Defendants deny the allegations.

416.    Defendants deny the allegations.

417.    Defendants deny the allegations.

418.    Defendants deny the allegations.

419.    Defendants deny the allegations.

420.    Defendants deny the allegations.

420.    Defendants deny the allegations.

421.    Defendants deny the allegations.

422.    Defendants deny the allegations.

423.    Defendants deny the allegations.

424.    Defendants deny that prescription glass were not provided on a timely basis and deny each and every remaining allegation.

425.    Defendants deny the allegations.

426.    Defendants deny the allegations.

427.    Defendants deny the allegations.

428. Defendants deny the allegations.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

33

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

429. Defendants deny the allegations.

430. Defendants deny the allegations.

431. Defendants deny the allegations.

432. Defendants deny the allegations.

433. Defendants deny the allegations.

434. Defendants deny the allegations.

435. Defendants deny the allegations.

436. Defendants deny the allegations.

437. Defendants deny the allegations.

438. Defendants deny the allegations.

439. Defendants deny the allegations.

440. Defendants deny the allegations.

441. Defendants deny the allegations.

442. Defendants deny the allegations.

443. Defendants deny the allegations.

444. Defendants admit each and every allegation contain in paragraph 464 of the complaint regarding the state of the law and deny each and every remaining allegation.

445. Defendants deny the allegations.

446. Defendants deny the allegations.

447. Defendants deny the allegations.

448. Defendants deny the allegations.

449. Defendants deny the allegations.

450. Defendants admit each and every allegation contain in paragraph 464 of the complaint regarding the state of the law and deny each and every remaining allegation.

451. Defendants deny the allegations.

452. Defendants deny the allegations.

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

34

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

453. Defendants deny the allegations.

454. Defendants deny the allegations.

455. Defendants deny the allegations.

456. Defendants admit each and every allegation contain in paragraph 464 of the complaint regarding the state of the law and deny each and every remaining allegation.

457. Defendants admit each and every allegation contain in paragraph 464 of the complaint regarding the state of the law and deny each and every remaining allegation.

458. Defendants admit that Title II of the ADA and the Rehabilitation Act apply to them and their contractors providing applicable services and deny each and every remaining allegation.

459. Defendants admit each and every allegation contain in paragraph 464 of the complaint regarding the state of the law and deny each and every remaining allegation.

460. Defendants admit each and every allegation contained in paragraph 496 of the complaint.

461. Defendants admit that Title II of the ADA and the Rehabilitation Act apply to them, and deny each and every remaining allegation.

462. Defendants deny the allegations.

463. Defendants deny the allegations.

464. Defendants admit each and every allegation contain in paragraph 464 of the complaint regarding the state of the law and deny each and every remaining allegation.

465. Defendants deny the allegations.

466. Defendants deny the allegations.

467. Defendants deny the allegations.

468. Defendants deny the allegations.

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

1      469.   Defendants deny the allegations.

2      470.   Defendants deny the allegations.

3      471.   Defendants admit each and every allegation contain in paragraph 471

4   of the complaint.

5      472.   Defendants deny the allegations.

6      473.   Defendants deny the allegations.

7      474.   Defendants deny the allegations.

8      475.   Defendants deny the allegations.

9      476.   Defendants deny the allegations.

10      477.   Defendants admit each and every allegation contain in paragraph 477

11   of the complaint.

12      478.   Defendants deny the allegations.

13      479.   Defendants deny the allegations.

14      480.   Defendants deny the allegations.

15      481.   Defendants deny the allegations.

16      482.   Defendants deny the allegations.

17      483.   Defendants admit each and every allegation contain in paragraph 483

18   of the complaint.

19      484.   Defendants deny the allegations.

20      485.   Defendants deny the allegations.

21      486.   Defendants deny the allegations.

22      487-495.  The Seventh Cause of Action has been dismissed.

23      496.   Defendants deny the allegations.

24      497.   Defendants deny the allegations.

25      498.   Defendants deny the allegations.

26      499.   Defendants deny the allegations.

27      500.   Defendants deny the allegations.

28      501.   Defendants deny the allegations.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

36

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

502. Defendants deny the allegations.

503. Defendants deny the allegations.

504. Defendants deny the allegations.

505. Defendants deny the allegations.

506. Defendants deny the allegations.

507. Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses with respect to the claims alleged in Plaintiffs' Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiffs. Defendants also hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve any right to amend this answer and to assert all such defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, brought on behalf of members of the purported class as set forth in the Complaint, are barred because Plaintiffs have failed to state any claim upon which relief can be granted in that negligence in diagnosing or treating a medical condition does not state a valid claim for a federal civil rights violation. *Parratt v. Taylor*, 451 U.S. 527 (1981).

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are estopped from claiming any injury, loss or damages because Plaintiffs failed to make reasonable efforts to prevent or mitigate any such injury, loss or damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of laches, estoppel and unclean hands.

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

37

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

1  **FOURTH AFFIRMATIVE DEFENSE**

2      Plaintiffs' claims, and each of them, brought on behalf of members of the

3  purported class as set forth in the Complaint, are barred or limited by the

4  applicable statutes of limitations under either federal or California law. Further, the

5  applicability of the statute of limitations requires individualized determinations for

6  each putative member of the purported class, thereby precluding class-wide

7  resolution.

8  **FIFTH AFFIRMATIVE DEFENSE**

9      The COUNTY is not liable to Plaintiffs, in whole or in part, because the

10  losses or  harm that the Plaintiffs have allegedly suffered was not caused by any act

11  or omission of the COUNTY.

12  **SIXTH AFFIRMATIVE DEFENSE**

13      None of the Plaintiffs have suffered any damages or harm whatsoever by

14  reason of the conduct alleged against the COUNTY, and, by reason of the

15  foregoing, each Plaintiff lacks standing and is otherwise barred from any relief

16  against the COUNTY and barred from prosecuting this action.

17  **SEVENTH AFFIRMATIVE DEFENSE**

18    The purported claims made by Plaintiffs and members of the purported class on

19    whose behalf they purport to sue are precluded because the alleged conduct would

20    have affected, if anyone, only an insubstantial number of putative class members.

21  **EIGHTH AFFIRMATIVE DEFENSE**

22  The purported class cannot be certified under Federal Rule of Civil Procedure 23

23  because, inter alia, the purported class, class representatives and/or class counsel fail

24  to meet the necessary requirements for class certification, including adequacy of the

25  class representative, ascertainability, numerosity, commonality, typicality,

26  adequacy, manageability, superiority and injunctive relief requirements for class

27  actions.

28  ///

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

38

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

**NINTH AFFIRMATIVE DEFENSE**

The purported claims made by Plaintiffs and members of the purported class on whose behalf they purport to sue are precluded or limited because Plaintiffs and members of the purported class on whose behalf they purport to sue failed to exhaust other remedies.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to give notice to Defendants in connection with the filing of certain of the claims that require notice.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred for failure to join necessary or indispensable parties.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants at all times acted in good faith and with reasonable grounds for believing that they had not violated federal or California law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not qualified individuals with disabilities as defined by federal and state law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' requested modifications and relief would cause an undue burden on Defendants and/or are not readily achievable or technically infeasible.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Complaint, and each cause of action thereof, is barred because Plaintiffs and putative members of the purported class as set forth in the Complaint failed to notify Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented the COUNTY from taking any action to remedy such alleged violations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against the COUNTY upon which attorneys' fees or costs can be awarded.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

39

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

## SEVENTEENTH AFFIRMATIVE DEFENSE

Some of Plaintiffs' claims may be barred or limited, in whole or in part, by the doctrine of after-acquired evidence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the purported class as set forth in the Complaint, if allowed to be tried upon or with so-called representative evidence, would violate the procedural and substantive due process clauses of the California and federal Constitutions.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants deny having any wrongful or discriminating motivation with respect to Plaintiffs, and each of them, but assert that the actions of which Plaintiffs complain would have been taken for lawful reasons independent of any alleged wrongful motivation.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of the purported class as set forth in the Complaint, are in whole or in part de minimis.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants do not have supervisory liability or vicarious liability for any act or omission alleged in Plaintiffs' Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

This Complaint is barred by the relevant portions of the California Government Code, including, but not limited to sections 815, 815.2, 818.2, 820.2, 820.4, 820.6, 820.8, 821, 844.6 (a)(20, 845.6, 855.6, 855.8, 856, and 856.4.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants did not deprive Plaintiffs, and each of them, of any right, privilege or immunity guaranteed by the Constitution, the laws of the United States and the laws of California.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

40

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to challenge programs, services, assignments, or activities for which they failed to apply or for which they were not denied.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants allege that the Complaint fails to state a cause of action for violation of 42 U.S.C. § 1983 under *Monell v. Department of Social Services in the City of New York*, 436 U.S. 658 (1978). There can be no recovery for a federal civil rights violation when there is no constitutional deprivation occurring pursuant to governmental custom or policy. *Id.*

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants allege that all relevant times, Defendants and their agents or employees acted within the scope of their discretion, with due care and good faith fulfillment of their responsibilities in accordance with applicable Court orders, statutes, rules, regulations, and established and lawful policies and procedures, within the bounds of reason under all circumstances known to them, and with the good faith belief that their actions comported with all applicable federal and state laws, and they are therefore immune from liability.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs do not state a claim for deliberate indifference to a serious medical or mental health need because a difference in opinion as to the need to pursue one course of treatment over another is insufficient as a matter of law to establish deliberate indifference, and Plaintiffs cannot show that the course of treatment chosen was medically unacceptable under the circumstances. *Jackson v. McIntosh*, 90 F.3d 330 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants allege that they are not responsible for the alleged acts or

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

41

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

1  omissions of Defendants' employees under a respondent superior theory of liability.

2  *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997).

3  ### TWENTY-NINTH AFFIRMATIVE DEFENSE

4       Defendants allege that Plaintiffs have failed to plead that each Government-

5  official defendant has violated the Constitution through his or her own conduct, and

6  they therefore may not be held liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009);

7  *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

8  ### THIRTIETH AFFIRMATIVE DEFENSE

9       Defendants allege that Plaintiffs' claims, and each of them, are barred in

10 whole or in part by the doctrine of qualified immunity.

11 ### THIRTY-FIRST AFFIRMATIVE DEFENSE

12      Defendants allege that the acts and conduct of Defendants, who were at all

13 times herein government officials or government entities performing discretionary

14 functions, did not violate clearly established statutory or constitutional rights of

15 Plaintiffs of which a reasonable person would have known. Furthermore,

16 Defendants reasonably believed in good faith that their acts and conduct were

17 constitutional. *Harlow v. Fitzgerald*, 457 U.S. 800, 812 (1982); *Smiddy v.*

18 *Varney*, 665 F.2d 261, 266 (9th Cir. 1981).

19 ### DEMAND FOR JURY TRIAL

20      Defendants hereby demand a trial before a jury on all issues presented by

21 Plaintiffs' Third Amended Complaint triable to a jury.

22      WHEREFORE, Defendants pray that:

23      1.    Judgment be rendered in favor of Defendants and against Plaintiffs; and

24      2.    Plaintiffs take nothing by the Complaint; and

25      3.    Defendants be awarded costs of suit incurred herein; and

26 ///

27 ///

28 ///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

42

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL

1      4.    Defendants be awarded such other and further relief as the Court may

2  deem necessary and proper

3  Dated:  May 22, 2023                    BURKE, WILLIAMS & SORENSEN, LLP

4                                          By:  _____/S/ Elizabeth M. Pappy_____

5                                                Susan E. Coleman &

6                                                Elizabeth M. Pappy

7                                                Attorneys for Defendants
                                                COUNTY OF SAN DIEGO, SAN
8                                                DIEGO COUNTY SHERIFF'S
                                                DEPARTMENT and SAN DIEGO
9                                                COUNTY PROBATION

10                                               DEPARTMENT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

43

Case No. 3:20-cv-00406-AJB-DDL
ANSWER TO THIRD AMENDED COMPLAINT
& DEMAND FOR JURY TRIAL