GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, CA 92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>        Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Judge:     Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Date:      June 29, 2023<br>Time:     2:00 p.m.<br>Ctrm.:    4A |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner, on behalf of themselves and all other similarly situated (collectively, "Plaintiffs"), pursuant to civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), hereby bring this motion to file under seal documents and narrow portions of documents filed in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification.

This Motion is based on this Notice of Motion and Memorandum of Points and Authorities, and the accompanying Declaration of Hannah Chartoff in Support of Plaintiffs' Motion to File Under Seal.

DATED: May 26, 2023              Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Hannah M. Chartoff*
    Hannah M. Chartoff

Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), and consistent with this Court's prior orders regarding sealing, Dkts. 161 & 306, Plaintiffs respectfully request that the Court enter an order allowing Plaintiffs to file under seal narrow portions of Exhibit A to the Reply Declaration of Nierobi Kuykendall, filed in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification.

The Court may seal documents when it finds "a compelling reason and articulate[s] the factual basis for its finding." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97, 1101 (9th Cir. 2016). In deciding whether to grant a motion to seal, the Court also must balance the competing interests of the public and the party who seeks to seal the documents. *Id*. at 1097.

Plaintiffs' request to seal portions of Exhibit A to the Kuykendall Reply Declaration is narrowly tailored to only seek sealing of sensitive portions of incarcerated individuals' medical records. *See* Declaration of Hannah Chartoff in Support of Plaintiffs' Motion to File Under Seal ("Chartoff Sealing Decl.") ¶ 3. These portions of the records contain private, sensitive information about Mr. Kuykendall's medical history, condition, diagnosis, and treatments that Plaintiffs have not put at issue in these Motions. *Id*. These portions of the records include notes describing medical diagnoses and needs that have not been put at issue in these Motions. *Id*. This Court previously granted requests to seal similar records in this and other cases. Dkts. 181 & 306; *see also, e.g.*, *Covert v. City of San Diego*, No. 15-CV-2097-AJB (WVG), 2016 WL 7117364, at *3 (S.D. Cal. Dec. 6, 2016) (granting motion to seal where documents included "discussions regarding Plaintiff's mental health [and] communications with mental health providers"). As this Court stated in the May 15, 2023 order, releasing "Plaintiffs' medical and mental histories, conditions, diagnoses, and treatments … to the public could potentially embarrass or injure the Plaintiffs." Dkt. 306 at 4 (citation omitted).

Plaintiffs seek to seal only those narrow portions of the documents necessary to protect unrelated confidential medical information of incarcerated people. Chartoff Sealing Decl. ¶ 3. Plaintiffs do not seek to seal information regarding conditions, communications, and custody and medical staff practices that they arguably have put at issue in these Motions. *Id.* In so doing, Plaintiffs have endeavored to comply with the standards set forth by the Court in its June 6, 2022 sealing order. *See* Dkt. 161 at 4. The documents that Plaintiffs seek to seal were produced to Plaintiffs' counsel by the Sheriff's Department upon request and submission of a signed medical release form. Chartoff Sealing Decl. ¶ 4.

Plaintiffs submit the medical records at issue to demonstrate the harm to which incarcerated people have been wrongfully subjected at the Jail. *Id.* ¶ 2. Disclosure of the sensitive portions of the records may expose Mr. Kuykendall to substantial harm and personal embarrassment. *Id.* It also would undermine Mr. Kuykendall's medical privacy interests. *See* Health Insurance Portability and Accountability Act (HIPAA), Pub. L. No. 104-191, 110 Stat. 1936 (1996). The public, conversely, has minimal interest in the intimate details of Mr. Kuykendall's physical health, especially aspects of his physical health and other personal matters not at issue in these Motions, which are the only portions of the records Plaintiffs seek to seal. Mr. Kuykendall's compelling interest in protecting his sensitive medical health information thus far outweighs any public interest in disclosure. *See Shriners v. United States*, No. 14-CV-1437 AJB (KSC), 2017 WL 3412299, at *3 (S.D. Cal. Aug. 8, 2017) ("balancing the need for the public's access to information regarding private medical information against Plaintiffs' need for confidentiality weigh strongly in favor of sealing").

In filing this motion, Plaintiffs' counsel have complied with Civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j). Chartoff Sealing Decl. ¶ 5.

/ / /

| | |
|---|---|
| 1 | **CONCLUSION** |

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion to seal.

DATED: May 26, 2023

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Hannah M. Chartoff*
　　Hannah M. Chartoff

Attorneys for Plaintiffs