GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**SUPPLEMENTAL DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION**<br><br>Date: June 29, 2023<br>Time: 2:00 p.m.<br>Crtrm.: 4A<br><br>Judge: Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

[4304513.1]

Case No. 3:20-cv-00406-AJB-DDL

SUPPLEMENTAL DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY INJUNCTION AND PROVISIONAL CLASS CERTIFICATION

I, Gay Crosthwait Grunfeld, declare:

1. I am an attorney duly admitted to practice before this Court. I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this supplemental declaration in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification ("Plaintiffs' Motions").

2. My April 25, 2023 declaration in support of Plaintiffs' Motions for Preliminary Injunction and Provisional Class Certification, Dkt. No. 284-2, attached as Exhibit Z true and correct copies of two redacted disability rosters produced by Defendants in response to Plaintiffs' Request for Production of Documents, Set One, one on February 27, 2023, and the other on March 10, 2023. These rosters were produced in connection with Plaintiffs' expert inspection of the San Diego Central Jail ("SDCJ").

3. Based on my attendance at that inspection and discussions held in connection with it, as well as testimony provided at the person most knowledgeable depositions, I am informed and believe that the rosters' columns provide information about where incarcerated people with disabilities were housed on or shortly before the two dates in question. Column A ("Facility") states the name of the jail facility (SDCJ). Column B ("Area") states the area or floor on which the housing unit is located (for example, the entry 8 refers to the 8th floor), column C ("Housing Unit") states the housing unit on that floor, column D ("Cell") identifies the person's cell number within a housing unit, column E ("Bed") provides the bed number, column F ("BookNum") contains redacted entries for the person's booking number, column G ("LName") contains redacted entries for the person's last name, column H ("FName") contains redacted entries for the person's first name, and column I ("Medical_Instru_AGG") contains some information about a particular incarcerated person's disability status or accommodation (*e.g.*, "ADA Mobility" or

1  "Wheelchair").  In certain cells and housing areas, there is only one bed and the
2  corresponding entry in column E ("Bed") contains the number 1 or the letter A.  In
3  other units, however, there are double or triple bunks.  Triple bunks have three beds,
4  the lowest of which is designated B for bottom, the middle of which is designated M
5  for middle, and the top of which is designated T for top.  Double bunks have two
6  beds, bottom (B) and top (T).  Thus, for the first disability roster attached as Exhibit
7  Z to my declaration, Dkt. No. 284-2, line 58 indicates that a person in housing unit
8  8C (columns B and C) who has a walker (column I) was assigned to a top bunk
9  (column E), and line 60 indicates that a person in housing unit 8C (columns B and
10 C) who has a wheelchair (column I) was assigned to a middle bunk (column E).

11       4.     Attached hereto as **Exhibit A** is a true and correct copy of pages 86-87
12 and 91 of the deposition of Kyle Bibel, the County's person most knowledgeable on
13 ADA accommodations at Central Jail.  Capt. Bibel states that an M in column E
14 refers to the middle bunk (86:15-87:1-4) and that a T in column E refers to top bunk
15 (91:10-18).

16       5.     The disability rosters show that on or around the dates in question,
17 multiple individuals with mobility disabilities and even those needing wheelchairs
18 were assigned to middle (M) and top (T) bunks in the Central Jail housing units.

19       I declare under penalty of perjury under the laws of the United States of
20 America that the foregoing is true and correct to the best of my knowledge, and that
21 this declaration is executed at San Francisco, California this 5th day of June, 2023.

                                        */s/ Gay Crosthwait Grunfeld*
                                        Gay Crosthwait Grunfeld

Ex. A-1

# EXHIBIT A

Ex. A-1

Case 3:20-cv-00406-AJB-DDL   Document 329   Filed 06/05/23   PageID.14831   Page 5 of 9

Kyle Bibel

Dunsmore vs.
San Dirgo County Sheriff's Office

```
 1                UNITED STATES DISTRICT COURT

 2                SOUTHERN DISTRICT OF CALIFORNIA

 3
     DARRYL DUNSMORE, ANDREE ANDRADE,
 4   ERNEST ARCHULETA, JAMES CLARK,
     ANTHONY EDWARDS, LISA LANDERS,
 5   REANNA LEVY, JOSUE LOPEZ,
     CHRISTOPHER NELSON, CHRISTOPHER
 6   NORWOOD, JESSE OLIVARES, GUSTAVO
     SEPULVEDA, MICHAEL TAYLOR, and LAURA
 7   ZOERNER, on behalf of themselves and
     all others similarly situated,         CASE NO.
 8
                 Plaintiffs,                3:20-cv-00406-
 9                                          AJB-DDL
     vs.
10
     SAN DIEGO COUNTY SHERIFF'S
11   DEPARTMENT, COUNTY OF SAN DIEGO, SAN
     DIEGO COUNTY PROBATION DEPARTMENT,
12   and DOES 1 to 20, inclusive,

13           Defendants.
     ~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
14

15

16                DEPOSITION OF KYLE BIBEL

17                  San Diego, California

18                     March 15, 2023

19

20

21

     Reported by:
22
     CLAIRE ANDREWS
23
     CLR, CSR No. 13509
24

25   JOB No. 10116489
```

Case 3:20-cv-00406-AJB-DDL   Document 329   Filed 06/05/23   PageID.14832   Page 6 of 9

Kyle Bibel

Dunsmore vs.
San Dirgo County Sheriff's Office

```
 1     A.    Well, it's ultimately the sheriff.
 2     Q.    You've had discussions with people about these
 3  plans to add more cells --
 4     A.    Yes.
 5     Q.    -- Central Jail?
 6     A.    Yeah.
 7     Q.    Who did you have those discussions with?
 8     A.    Scott Bennett.  He would be our building
 9  supervisor -- maintenance supervisor?  I think his title
10  is actually superintendent.
11     Q.    So the sheriff is ultimately responsible, but
12  fair to say Scott Bennett's responsible for implementing
13  any plan?
14     A.    He would be, yes.
15     Q.    So going down a little bit further to 8C, the
16  first person there is in, it looks like, bed one.
17           Does -- are people in 8C assigned a specific
18  bed because they're not in a cell?  Within the bunks
19  that are laid out in 8C, are they told, "This is your
20  bed"?
21     A.    Yes.
22     Q.    And so it looks like -- do you see on the
23  person who's in -- the second person in 8C, 1M?
24     A.    I don't see a 1M.
25     Q.    If you go over from the second person in 8C and
```

Case 3:20-cv-00406-AJB-DDL   Document 329   Filed 06/05/23   PageID.14833   Page 7 of 9

Kyle Bibel

Dunsmore vs.
San Dirgo County Sheriff's Office

```
 1  there's a "1" and then an "M."
 2      A.   Oh, okay.
 3      Q.   Does "M" refer to middle bunk?
 4      A.   Yes.
 5      Q.   And that person, when you go, is in a
 6  wheelchair; is that right?
 7      A.   Yes.
 8      Q.   Not a lower bunk?
 9      A.   No.
10      Q.   Do you know why that is?
11      A.   It could be a couple factors.  So you've had
12  the privilege of being in there.  So we -- we will put
13  somebody in the computer system in a lower bunk or a
14  middle bunk.  And it's habit because they're free
15  roaming, they will oftentimes move to the next rack.
16  It's a constant struggle.  We have to constantly on a
17  daily basis get them back to where their bunks are, but
18  he's -- this one is on the middle bunk.
19      Q.   So do you have any reason to believe he's not
20  sleeping on the middle bunk?
21      A.   It's possible he's sleeping on a bottom bunk,
22  but it's also possible he's sleeping on a middle bunk.
23      Q.   So what do deputies do to resolve issues like
24  that?
25      A.   We do counts every about 12 hours, specifically
```

Case 3:20-cv-00406-AJB-DDL   Document 329   Filed 06/05/23   PageID.14834   Page 8 of 9

Kyle Bibel

Dunsmore vs.
San Dirgo County Sheriff's Office

```
 1      Q.   What if a deputy either doesn't have time to
 2   complete the log that they're supposed to complete?  Do
 3   they get disciplined for that?
 4      A.   There's potential, yes.
 5      Q.   Do you know of anyone being disciplined?
 6      A.   Not off the top of my head, no.
 7      Q.   We'll go a little bit further down.
 8      A.   Uh-huh.
 9      Q.   Just the next entry, actually.
10           So the person lives in 8C, Bed 1, it looks like
11   they're in the top bunk.
12           Does "T" stand for top?
13      A.   Yup.  I want to make sure I'm looking at -- 8C,
14   1T?
15      Q.   Yes.
16      A.   Yeah.
17      Q.   And that person has a cane, right?
18      A.   Correct.
19      Q.   Are they not supposed to be housed in a top
20   bunk if they have a cane?
21      A.   Well, I would have to review whether or not --
22   and this is why I don't -- I'm not used to seeing this
23   document in this fashion.  We would see it as to whether
24   or not they have a lower bunk, lower tier requirement.
25      Q.   Right.
```

Case 3:20-cv-00406-AJB-DDL   Document 329   Filed 06/05/23   PageID.14835   Page 9 of 9

Kyle Bibel

Dunsmore vs.
San Dirgo County Sheriff's Office

|   |   |
|---|---|
| 1 | REPORTER'S CERTIFICATION |
| 2 |   |
| 3 | I, Claire Andrews, CLR, a Certified Shorthand |
| 4 | Reporter in and for the State of California, do hereby |
| 5 | certify: |
| 6 |   |
| 7 | That the foregoing witness was by me duly sworn; |
| 8 | that the deposition was then taken before me at the time |
| 9 | and place herein set forth; that the testimony and |
| 10 | proceedings were reported stenographically by me and |
| 11 | later transcribed into typewriting under my direction; |
| 12 | that the foregoing is a true record of the testimony and |
| 13 | proceedings taken at that time. |
| 14 |   |
| 15 | IN WITNESS WHEREOF, I have subscribed my name this |
| 16 | 22nd day of March, 2023. |
| 17 |   |
| 18 |   |
| 19 | _____ |
| 20 | Claire Andrews, CLR, |
| 21 | CSR No. 13509 |