UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**ORDER ON PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL (Doc. No. 318)** |

Before the Court is Plaintiffs' motion to file documents under seal. (Doc. No. 318.) Plaintiffs wish to seal portions of an exhibit offered in support of their reply in support of their motions for preliminary injunction and provisional class certification. (*Id.* at 3.) There is no opposition to Plaintiffs' motion to seal. Pursuant to Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the papers and without oral argument. For

1

the reasons set forth below, the Court **GRANTS** Plaintiffs' motion.

I.  **LEGAL STANDARD**

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). The court must consider these interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (internal quotations omitted).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*,

447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

## II.   DISCUSSION

Here, Plaintiffs seeks to file under seal portions of Exhibit A to the Reply Declaration of Nierobi Kuykendall, filed in support of their Reply in Support of their Motions for Preliminary Injunction and Provisional Class Certification. (Doc. No. 318 at 3.) This exhibit contains the medical records of incarcerated individuals, describing medical diagnoses and needs that have not been put at issue in these Motions. Plaintiffs argue compelling reasons exist to grant their request as their request to seal is narrowly tailored, and the materials they wish to seal contain sensitive portions of incarcerated individuals' medical records. (*Id.* at 4.)

Because the Plaintiffs' motions for preliminary injunction and provisional class certification are more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant the ex parte motion to seal. *See Ctr. for Auto Safety*, 809 F.3d at 1099–1102; *see also Al Otro Lado, Inc. v. McAleenan*, Case No. 17-cv-02366-BAS-KSC, 2019 WL 6220898 (S.D. Cal. Nov. 21, 2019) (finding motions for preliminary injunction and class certification to be more than tangentially related to merits of the case).

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason" for sealing records. *See, e.g.*, *San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *n.1 (N.D. Cal. Jan. 10, 2011). However, while the Court recognizes that medical privacy is a compelling reason to warrant sealing, the Court also recognizes that the presumptive public right of access addressed in *Kamakana* requires redaction of only those portions of the motions which warrant sealing. *See Bovier v. Bridgepoint Education/Ashford Univ.*, Case No.: 3:17-cv-01052-GPC-JMA, 2018 WL 11411260, at *2 (S.D. Cal. June 27, 2018). The "compelling

reasons" rule requires the parties to "narrowly tailor[] their request to redact only the portions of the filings and the precise exhibits" that are deemed confidential. *See In Re Qualcomm Litigation*, No. 17-cv-108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal, Nov. 8, 2017).

For these reasons, the Court agrees with Plaintiffs. The exhibit at issue makes direct references to Plaintiffs' medical health histories, conditions, diagnoses, and treatments. Release of this information to the public could potentially embarrass or injure the Plaintiffs. *See Seals v. Mitchell*, No. CV 04-3764 NJV, 2011 WL 1233650, at *2 (N.D. Cal. Mar. 30, 2011). Moreover, balancing the need for the public's access to information regarding Plaintiffs' health conditions weighs strongly in favor of sealing.

Additionally, Plaintiffs do not seek to seal information regarding conditions, communications, and custody and medical staff practices that are at issue in the underlying Motions. (Doc. No. 318 at 4.) On review, the Court finds Plaintiffs have met their burden of overcoming the strong presumption in favor of public access, their request is narrowly tailored, and the names and identification numbers of non-party inmates have no bearing on this action. *See e.g.*, *Ortiz v. City & Cnty. of San Francisco*, No. 18-cv-07727-HSG, 2020 WL 2793615, at *8 (N.D. Cal. May 29, 2020); *Cofield v. Maydole*, No. 2:13-cv-02032 TLN CKD P (TEMP), 2016 WL 993579, at *2 n.1 (E.D. Cal. Mar. 14, 2016).

Based on the foregoing, Plaintiffs' motion to seal is **GRANTED**.

**IT IS SO ORDERED.**

Dated: June 12, 2023

Hon. Anthony J. Battaglia
United States District Judge