Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, California 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, California 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Attorneys for Defendant
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT
and SAN DIEGO COUNTY
PROBATION DEPARTMENT

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT AND SAN DIEGO COUNTY PROBATION DEPARTMENT'S AMENDED ANSWER TO THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>District Judge Anthony J. Battaglia |

DEFENDANTS COUNTY OF SAN DIEGO, SAN DIEGO COUNTY

SHERIFF'S DEPARTMENT AND SAN DIEGO COUNTY PROBATION

DEPARTMENT ("Defendants"), responds to Plaintiffs' Third Amended Complaint

as follows:

1.     Defendants are without knowledge or information sufficient to form a

belief as to the truth of each and every allegation and therefore deny them.

1      2.      Defendants are without knowledge or information sufficient to form a

2   belief as to the truth of each and every allegation and therefore deny them.

3      3.      Defendants are without knowledge or information sufficient to form a

4   belief as to the truth of each and every allegation and therefore deny them.

5      4.      Defendants are without knowledge or information sufficient to form a

6   belief as to the truth of each and every allegation and therefore deny them.

7      5.      Defendants are without knowledge or information sufficient to form a

8   belief as to the truth of each and every allegation and therefore deny them.

9      6.      Defendants are without knowledge or information sufficient to form a

10  belief as to the truth of each and every allegation and therefore deny them.

11     7.      Defendants are without knowledge or information sufficient to form a

12  belief as to the truth of each and every allegation and therefore deny them.

13     8.      Defendants are without knowledge or information sufficient to form a

14  belief as to the truth of each and every allegation and therefore deny them.

15     9.      Defendants are without knowledge or information sufficient to form a

16  belief as to the truth of each and every allegation and therefore deny them.

17     10.     Defendants are without knowledge or information sufficient to form a

18  belief as to the truth of each and every allegation and therefore deny them.

19     11.     Defendants are without knowledge or information sufficient to form a

20  belief as to the truth of each and every allegation and therefore deny them.

21     12.     Defendants are without knowledge or information sufficient to form a

22  belief as to the truth of each and every allegation and therefore deny them.

23     13.     Defendants are without knowledge or information sufficient to form a

24  belief as to the truth of each and every allegation and therefore deny them.

25     14.     Defendants admit each and every allegation.

26     15.     Defendants admit each and every allegation.

27     16.     Defendants are without knowledge or information sufficient to form a

28  belief as to the truth of each and every allegation and therefore deny them.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

2

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

17.     Defendants admit each and every allegation.

18.     Defendants admit that Darryl Dunsmore has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

19.     Defendants admit that Andree Andrade has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

20.     Defendants admit that Ernest Archuleta has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

21.     Defendants admit that James Clark has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

22.     Defendants admit that Anthony Edwards has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

23.     Defendants admit that Lisa Landers has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

24.     Defendants admit that Reanna Levy has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

25.     Defendants admit that Josue Lopez has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

26.     Defendants admit that Christopher Nelson has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

3

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

27.    Defendants admit that Christopher Norwood has been incarcerated at
the Jail and are without knowledge or information sufficient to form a belief as to
the truth of each and every remaining allegation and therefore deny them.

28.    Defendants admit that Jesse Olivares has been incarcerated at the Jail
and are without knowledge or information sufficient to form a belief as to the truth
of each and every remaining allegation and therefore deny them.

29.    Defendants admit that Gustavo Sepulveda has been incarcerated at the
Jail and are without knowledge or information sufficient to form a belief as to the
truth of each and every remaining allegation and therefore deny them.

30.    Defendants admit that Michael Taylor has been incarcerated at the Jail
and are without knowledge or information sufficient to form a belief as to the truth
of each and every remaining allegation and therefore deny them.

31.    Defendants admit that Laura Zoerner has been incarcerated at the Jail
and are without knowledge or information sufficient to form a belief as to the truth
of each and every remaining allegation and therefore deny them.

32.    Defendants admit each and every allegation contained in paragraph 32
of the complaint except the Defendants deny that the Sheriff's Department is a
public entity, duly organized and existing under the laws of the State of California,
separate and apart from the County of San Diego.

33.    Defendants admit that the County of San Diego is a public entity, duly
organized and existing under the laws of the State of California and that it operates
and manages the Jail through the Sheriff's Department and is the public entity
legally responsible for the Jail and Sheriff's Department and contracting thereby.
Defendants deny each and every remaining allegation.

34.    Defendants admit that they operate six detention facilities as stated,
Rock Mountain is under construction, the stated facilities are for booking, transfer of
individuals and the male-only and female-only facilities.  Defendants deny each and
every remaining allegation.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

4

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

35.     Defendants admit each and every allegation contained in paragraph 35 of the complaint except Defendants deny that the Sheriff's Department is a public entity, duly organized and existing under the laws of the State of California, separate and apart from the County of San Diego.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

38.     Defendants admit that the County, through the Sheriff's Department, is responsible for incarcerated persons medical care, and deny each and every remaining allegation.

39.     Defendants admit each and every allegation.

40.     Defendants admit that the County contracted with Naphcare and that the contract terms are as stated in the contract, and Defendants deny each and every remaining allegation.

41.     Defendants admit that the terms in the Naphcare contract are as stated therein and Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

42.     Defendants deny the allegations.

43.     Defendants deny the allegations.

44.     Defendants deny the allegations.

45.     Defendants deny the allegations.

46.     Defendants deny the allegations.

47.     Defendants deny the allegations.

48.     Defendants deny the allegations.

49.     Defendants deny the allegations.

50.     Defendants deny the allegations.

51.     Defendants deny the allegations.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

5

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

52.    Defendants deny the allegations.

53.    Defendants deny the allegations.

54.    Defendants are without knowledge or information sufficient to form a belief as to the statements regarding Mr. Taylor's groin and pre-booking medical matters and therefore deny them.  Defendants deny each and every remaining allegation.

55.    Defendants admit the contents of Mr. Landers' medical records but are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

56.    Defendants deny that medical screenings are not conducted in a timely manner and Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in paragraph 56 and therefore deny them.

57.    Defendants admit that the report says what it says but deny each and every remaining allegation.

58.    Defendants deny the allegations.

59.    Defendants deny the allegations.

60.    Defendants deny the allegations.

61.    Defendants admit the allegations regarding MAT and generic drugs. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

62.    Defendants admit that the news article says what it says but not the truth thereof, and deny each and every remaining allegation.

63.    Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

64.    Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

65.    Defendants deny substance abuse care is provided untimely.

1  Defendants are without knowledge or information sufficient to form a belief as to

2  the truth of each and every remaining allegation and therefore deny them.

3      66.    Defendants admit to the contents in Mr. Norwood's medical records,

4  deny those allegations that are not contained in his medical record, and Defendants

5  are without knowledge or information sufficient to form a belief as to the truth of

6  each and every remaining allegation and they are therefore denied.

7      67.    Defendants deny the allegations.

8      68.    Defendants deny the allegations.

9      69.    Defendants admit that the report says what it says but not the truth

10  thereof.  Defendants deny each and every remaining allegation.

11      70.    Defendants admit to those matters stated in Ms. Serna's medical

12  records and deny each and every remaining allegation in Paragraph 70.

13      71.    Defendants admit to a jury award and to information contained in Mr.

14  Sisson's medical records, that the report says what it says but not the truth thereof,

15  and deny each and every remaining allegation.

16      72.    Defendants admit that Mr. Arroyo died while in custody and are

17  without knowledge or information sufficient to form a belief as to the truth of each

18  and every remaining allegation and therefore deny them.

19      73.    Defendants deny the allegations.

20      74.    Defendants deny the allegations.

21      75.    Defendants do not dispute what the report states but deny the truth

22  thereof and are without knowledge or information sufficient to form a belief as to

23  the truth of each and every remaining allegation and therefore deny them.

24      76.    Defendants admit that Mr. Wilson died while in custody and are

25  without knowledge or information sufficient to form a belief as to the truth of each

26  and every remaining allegation and therefore deny them.

27      77.    Defendants admit what is contained in Mr. Lopez' medical records and

28  are without knowledge or information sufficient to form a belief as to the truth of

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

7

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

each and every remaining allegation and therefore deny them.

78.    Defendants admit what is contained in Mr. Archuleta's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

79.    Defendants admit what is contained in Mr. Dunsmore's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

80.    Defendants admit what is contained in Mr.Edwards' medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

81.    Defendants admit what is contained in Mr. Nelson's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

82.    Defendants deny that policies and practices are inadequate and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

83.    Defendants admit that the Naphcare agreement states what it states and deny each and every remaining allegation.

84.    Defendants deny the allegations.

85.    Defendants admit to what the report states but deny the truth thereof, and deny each and every remaining allegation.

86.    Defendants deny the allegations.

87.    Defendants admit what is contained in Mr. Edwards' medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

88.    Defendants admit what is contained in Mr. Landers' medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

89.     Defendants admit what is contained in Mr. Andrade's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

90.     Defendants deny that nurses dismiss medical requests and that there are "delays".  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

91.     Defendants admit what is contained in Mr. Foster's medical records, deny that emergency care is ever delayed, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

92.     Defendants admit that the referenced documents say what they say but not the truth thereof, and defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

93.     Defendants admit what is contained in Ms. Zoenrer's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

94.     Defendants deny that staff "callously" respond to requests for emergency assistance and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

95.     Defendants deny the allegations.

96.     Defendants admit what is contained in Mr. Andrade's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

97.     Defendants admit that the referenced documents say what they say but not the truth thereof and therefore the allegations are denied.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

9

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

1      98.    Defendants deny the allegations.

2      99.    Defendants are without knowledge or information sufficient to form a

3   belief as to the truth of each and every allegation and therefore deny them.

4      100.    Defendants are without knowledge or information sufficient to form a

5   belief as to the truth of each and every allegation and therefore deny them.

6      101.    Defendants admit to the contents of the report but not the truth thereof

7   and deny each and every remaining allegation.

8      102.    Defendants admit to information as contained in Mr. Taylor's medical

9   records and deny each and every remaining allegation.

10      103.    Defendants are without knowledge or information sufficient to form a

11   belief as to the truth of each and every allegation and therefore deny them.

12      104.    Defendants deny the allegations.

13      105.    Defendants are without knowledge or information sufficient to form a

14   belief as to the truth of each and every allegation and therefore deny them.

15      106.    Defendants admit what is contained in Ms. Levy's medical records and

16   are without knowledge or information sufficient to form a belief as to the truth of

17   each and every remaining allegation and therefore deny them.

18      107.    Defendants admit what is contained in Mr. Archuleta's and Mr. Clark's

19   medical records and are without knowledge or information sufficient to form a

20   belief as to the truth of each and every allegation and therefore deny

21   them.

22      108.    Defendants admit what is contained in Mr. Andrade's medical records

23   and are without knowledge or information sufficient to form a belief as to the truth

24   of each and every remaining allegation and therefore deny them.

25      109.    Defendants deny the allegations.

26      110.    Defendants admit what is contained in Mr. Taylor's medical records

27   and are without knowledge or information sufficient to form a belief as to the truth

28   of each and every remaining allegation and therefore deny them.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

10

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

111. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

112. Defendants deny that policies and procedures are inadequate, admits to what is contained in Mr. Lopez' medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

113. Defendants admit what is contained in Mr. Nelson's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

114. Defendants admit what is contained in Mr. Edward's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

115. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

116. Defendants admit what is contained in Ms. Levy's medical records, admit what the reference report states but not the truth thereof, and are without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 79 and therefore deny them.

117. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 79 and therefore deny them.

118. Defendants admit to the contents of its written policies and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in paragraph 79 and therefore deny them.

119. Defendants deny the allegation of inadequate QA/QC processes, admit that the referenced reports states what they state but not the truth thereof, and deny each and every remaining allegation.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

11

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

120.   Defendants deny the allegation of inadequate polices, practices and procedures relating to in custody deaths, admit that the report states what it states but not the truth thereof and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

121.   Defendants admit that the report states what it states but not the truth thereof and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

122.   Defendants deny the allegations.

123.   Defendants admit they have a contract with Naphcare which terms speak for themselves, deny that mental health care is inadequate, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegations and therefore deny them.

124.   Defendants admit that it provides the mental health care services alleged.

125.   Defendants deny inadequacies in the mental health care system, admit the contents of the report but not the truth thereof, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

126.   Defendants admit that the reports say what they say but not the truth thereof and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

127.   Defendants admit that the document states what it states as of the date created and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

128.   Defendants admit that the document says what it says but not the truth thereof, and deny that intake screening practices are not confidential, that there are undue restrictions on programs and property, and any failure to impose proper time

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

12

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

1  limits on hyper-isolation cell stays.

2      129.   Defendants deny each and every allegation in Paragraph 129 of the

3  Complaint.

4      130.   Defendants deny the allegations.

5      131.   Defendants admit that the report says what it says but not the truth

6  thereof, and deny each and every remaining allegation.

7      132.   Defendants deny the allegations.

8      133.   Defendants deny the allegations.

9      134.   Defendants deny the allegations.

10     135.   Defendants admit what is contained in Mr. Sepulveda's medical

11  records and are without knowledge or information sufficient to form a belief as to

12  the truth of each and every allegation and therefore deny them.

13     136.   Defendants admit what is contained in Mr. Taylor's medical records

14  and are without knowledge or information sufficient to form a belief as to the truth

15  of each and every remaining allegation and therefore deny them.

16     137.   Defendants admit that the news reports say what they say but not the

17  truth thereof and deny each and every remaining allegation.

18     138.   Defendants admit that the news reports say what they say but not the

19  truth thereof, and deny each and every remaining allegation.

20     139.   Defendants admit that the reports say what they say but not the truth

21  thereof, and deny each and every remaining allegation.

22     140.   Defendants deny the allegations.

23     141.   Defendants deny that they "fail" to retain mental health staff, admit

24  what is contained in Mr. Edwards' medical records, what is contained in Mr.

25  Archuleta's medical records, and are without knowledge or information sufficient to

26  form a belief as to the truth of each and every remaining allegation and therefore

27  deny them.

28     142.   Defendants admit what is contained in Mr. Hernandez' medical records

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

13

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

and deny each and every remaining allegation.

143. Defendants admit that the structural chart states what it states and deny each and every remaining allegation.

144. Defendants admit that the letter states what it states but not the truth thereof, and deny each and every remaining allegation.

145. Defendants deny the allegations.

146. Defendants deny the allegations.

147. Defendants admit what is contained in Mr. Marroquin's medical records, what the report states but not the truth thereof, and deny each and every remaining allegation.

148. Defendants admit that the policy was changed, what the report states but not the truth thereof, and deny each and every remaining allegation.

149. Defendants admit that the report states what it states but not the truth thereof and deny each and every remaining allegation of the complaint.

150. Defendants deny the allegations.

151. Defendants admit to the contents of Mr. Olivares' medical records and deny each and every remaining allegation.

152. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

153. Defendants admit mental health may be requested through a sick call form and deny each and every remaining allegation.

154. Defendants admit that the report says what it says but not the truth thereof and deny each and every remaining allegation of the Complaint.

155. Defendants deny any "inadequate systems", and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

156. Defendants admit what is contained in Mr. Taylor's medical records and are without knowledge or information sufficient to form a belief as to the truth

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED COMPLAINT

of each and every remaining allegation and therefore deny them.

157.    Defendants admit what is contained in Mr. Nelson's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 79 and therefore deny them.

158.    Defendants admit what is contained in Mr. Archuleta's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

159.    Defendants admit what is contained in Mr. Sepulveda's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

160.    Defendants deny the allegations.

161.    Defendants deny the allegations.

162.    Defendants admit what is contained in Mr. Olivares' medical records, deny that recordkeeping and care is inadequate, and deny each and every remaining allegation.

163.    Defendants deny the allegations.

164.    Defendants admit that the report says what it says but not the truth thereof and deny each and every remaining allegation.

165.    Defendants are unable to admit or deny a presentation by "clinical leadership" because it is undefined, and on this basis and as to the rest of the allegations relating thereto, Defendants and are without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 79 and therefore deny them.

166.    Defendants admit what is contained in Mr. Norwood's medical records and deny each and every remaining allegation.

167.    Defendants admit that the report says what it says but not the truth thereof, to the contents of Mr. Landers' medical records and deny each and every remaining allegation.

168.   Defendants admit to the contents of Mr. Clark's medical records and deny each and every remaining allegation.

169.   Defendants admit that the policy says what it says and deny each and every remaining allegation.

170.   Defendants admit to the contents of its policies and deny each and every remaining allegation.

171.   Defendants admit to the contents of Mr. Nunez' medical records and his in custody death, that the news articles say what they say but not the truth thereof, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in paragraph 79 and therefore deny them.

172.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

173.   Defendants admit to the contents of Ms. Zoerner's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

174.   Defendants deny the allegations.

175.   Defendants admit that the reports say what they say but not the truth thereof, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

176.   Defendants deny the allegations.

177.   Defendants admit to the contents of Mr. Olivares' medical records and deny each and every remaining allegation.

178.   Defendants admit to the contents of Mr. Levy's medical records and deny each and every remaining allegation.

179.   Defendants admit to the contents of Mr. Norwood's medical records and deny each and every remaining allegation.

180.   Defendants admit to the contents of Mr. Taylor's medical records and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

16

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

1  deny each and every remaining allegation.

2      181.  Defendants admit to the contents of Mr. Andrade's medical records and

3  deny each and every remaining allegation.

4      182.  Defendants admit to the contents of the report but not the truth thereof,

5  and deny each and every remaining allegation.

6      183.  Defendants admit that the report says what it says but not the truth

7  thereof and deny each and every remaining allegation of Paragraph 183.

8      184.  Defendants deny the allegations.

9      185.  Defendants admit that the report says what it says but not the truth

10  thereof.

11      186.  Defendants admit that the report says what it says but not the truth

12  thereof.

13      187.  Defendants admit that the report says what it says but not the truth

14  thereof.

15      188.  Defendants written records as to EOH placements (as opposed to

16  Plaintiffs allegation) are admitted and each and every remaining allegation is denied.

17      189.  Defendants admit to the contents of Mr. Marroquin's medical records

18  and his in custody death, are without knowledge or information sufficient to form a

19  belief as to the truth of each and every remaining allegation and therefore deny

20  them.

21      190.  Defendants admit to the contents of Mr. Olivares' medical records and

22  are without knowledge or information sufficient to form a belief as to the truth of

23  each and every remaining allegation and therefore deny them.

24      191.  Defendants admit to the contents of Mr. Andrade's medical records and

25  are without knowledge or information sufficient to form a belief as to the truth of

26  each and every remaining allegation and therefore deny them.

27      192.   Defendants admit to the contents of Mr. Zoerner's medical records and

28  are without knowledge or information sufficient to form a belief as to the truth of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

17

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

1   each and every remaining allegation and therefore deny them.

2       193.   Defendants admit that the reports say what they say but not the truth

3   thereof and deny each and every remaining allegation.

4       194.   Defendants admit to the contents of their policies, deny that the policies

5   and procedures are improper and are without knowledge or information sufficient to

6   form a belief as to the truth of each and every remaining allegation and therefore

7   deny them.

8       195.   Defendants deny the allegations.

9       196.   Defendants admit to the contents of Mr. Olivares' medical records and

10  deny each and every allegation remaining contained in Paragraph 196.

11      197.   Defendants deny the allegations.

12      198.   Defendants admit to the contents of Mr. Dunsmore's medical records

13  and deny each and every remaining allegation.

14      199.   Defendants deny the allegations.

15      200.   Defendants admit that the report says what it says and deny each and

16  every remaining allegation.

17      201.   Defendants admit that the news report says was it says but not the truth

18  thereof, and as to the contents of Mr. Morton's medical records, and deny each and

19  every remaining allegation.

20      202.   Defendants deny the allegations.

21      203.   Defendants admit that the reports say what they say but not the truther

22  thereof.

23      204.   Defendants admit to the contents of Mr. Morton's medical records,

24  admit that the news report says what it says but not the truth thereof, and deny each

25  and every remaining allegation.

26      205.   Defendants admit that the reports say what they say but not the truth

27  thereof and deny each and every remaining allegation.

28      206.   Defendants deny each and every allegation in Paragraph 206 of the

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

18                    Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

Complaint.

207.   Defendants admit that the report says what it says but not the truth thereof, and deny each and every remaining allegation.

208.   Defendants admit that the report says what it says but not the truth thereof, admits to the contents of Mr. Olivares' medical records and deny each and every remaining allegation.

209.   Defendants admit that the reports say what they say but not the truth thereof, and deny each and every remaining allegation.

210.   Defendants deny the allegations.

211.   Defendants deny the allegations.

212.   Defendants deny the allegations.

213.   Defendants deny the allegations.

214.   Defendants deny the allegations.

215.   Defendants deny the allegations.

216.   Defendants deny the allegations.

217.   Defendants deny the allegations.

218.   Defendants admit to the contents of Mr. Ortiz' medical records and his in custody death and deny each and every remaining allegation.

219.   Defendants deny the allegations.

220.   Defendants admit that the laws say what they say, that the administrative segregation cells are for the purposes stated in Defendants' policies, and deny each and every remaining allegation.

221.   Defendants admit that the administrative segregation cell policies are as written and deny each and every remaining allegation.

222.   Defendants admit that the reports say what they say but not the truth thereof and deny each and every remaining allegation.

223.   Defendants are unaware of the meaning of "clinical leadership" and cannot therefore admit or deny the recommendation or alleged rejection, and are

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

19

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

224.    Defendants deny the allegations.

225.    Defendants admit to the contents of Mr. Gofrey and Mr. Rupard's medical records and in custody deaths, and the contents of the medical examiner's report.  Each and every remaining allegation is denied.

226.    Defendants admit to the contents of Mr. Baker's medical records, his in custody death, and deny each and every remaining allegation.

227.    Defendants deny the allegations.

228.    Defendants admits to the contents of Mr. Andrade's medical records and deny each and every remaining allegation.

229.    Defendants deny the allegations.

230.    Defendants deny the allegations.

231.    Defendants admit that they are subject to the ADA and Rehabilitation Act and deny each and every remaining allegation.

232.    Defendants deny the allegations.

233.    Defendants admit to the contents of Mr. Lopez' medical records, are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them, and deny allegations that staff was unable to effectively communicate with Mr. Lopez.

234.    Defendants deny the allegations.

235.    Defendants deny the allegations.

236.    Defendants admit to the contents of Mr. Dunsmore's medical records and deny each and every remaining allegation.

237.    Defendants admit to the contents of Mr. Dunsmore's medical records and deny each and every remaining allegation.

238.    Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny

them, and deny allegations that staff was unable to effectively communicate with Mr. Lopez.

239.   Defendants admit to the contents of Mr. Archuleta's medical records and deny each and every remaining allegation.

240.   Defendants deny the allegations.

241.   Defendants admit to the contents of Mr. Lopez' medical records and deny each and every remaining allegation.

242.   Defendants deny the allegations.

243.   Defendants deny the allegations.

244.   Defendants admit Mr. Lopez was transferred and deny each and every remaining allegation.

245.   Defendants admit to the contents of Mr. Lopez' medical records and deny each and every remaining allegation.

246.   Defendants deny the allegations.

247.   Defendants deny the allegations.

248.   Defendants deny the allegations.

249.   Defendants admit to the contents of Mr. Nelson's medical records and deny each and every remaining allegation.

250.   Defendants admit to the contents of Mr. Clark's medical records and deny each and every remaining allegation.

251.   Defendants admit to the contents of Mr. Landers' medical records and deny each and every remaining allegation.

252.   Defendants admit that 28 C.F.R. section 35.160 states what it states and applies to Defendants, and that Defendants' policies are as written, and deny each and every remaining allegation.

253.   Defendants admit to the contents of Mr. Dunsmore's medical records and deny each and every remaining allegation.

254.   Defendants admit that the policies state what they state and deny each

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

21

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

and every remaining allegation.

255. Defendants admit to the contents of Mr. Nelson's medical records and deny each and every remaining allegation.

256. Defendants admit to the contents of Mr. Archuleta's medical records and deny each and every remaining allegation.

257. Defendants deny the allegations.

258. Defendants admit that the policies state what they state and deny each and every remaining allegation.

259. Defendants deny the allegations.

260. Defendants admit the allegations of Paragraph 260 of the complaint.

261. Defendants deny the allegations.

262. Defendants admit to the contents of Mr. Nelson's medical records, admit to the contents of the report, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

263. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

264. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

265. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

266. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

267. Defendants admit that it houses people with mobility disabilities but is

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

22

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

unable to admit or deny if this constitutes "many".  Defendants deny each and every remaining allegation.

268.   Defendants deny that there was ever a time when elevators were not available for movement of Incarcerated Persons and Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

269.   Defendants deny the allegations.

270.   Defendants admit to the contents of Mr. Sepulveda's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

271.   Defendants deny the allegations.

272.   Defendants admit to the contents of Mr. Andrade's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

273.   Defendants admit to the contents of Mr. Greer's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

274.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

275.   Defendants deny the allegations.

276.   Defendants deny the allegations.

277.   Defendants admit that the policies are as they state and deny each and every remaining allegation and Defendants have no knowledge of testimony in some other litigation.

278.   Defendants deny the allegations.

279.   Defendants admit to the contents of Mr. Lopez' medical records and deny each and every remaining allegation.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

23

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

280.   Defendants admit to the contents of Mr. Dunsmore's medical records and deny each and every remaining allegation.

281.   Defendants admit to the contents of grievances submitted Mr. Lucas but not the truth thereof, as reflected in his custody files, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

282.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them but does not dispute the contents of any actual Court Order.

283.   Defendants admit to the contents of Mr. Edwards' medical records and deny each and every remaining allegation.

284.   Defendants deny deficient procedures and admit that the reports say what they say but not the truth thereof.

285.   Defendants deny the allegations.

286.   Defendants admit that policies say what they say and deny each and every remaining allegation.

287.   Defendants deny the allegations.

288.   Defendants admit to the contents of Mr. Lopez' medical records and deny each and every remaining allegation.

289.   Defendants deny the allegations.

290.   Defendants deny the allegations.

291.   Defendants deny the allegations.

292.   Defendants deny the allegations.

293.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation about the ability of the named Plaintiffs to lay prone, and each and every remaining allegation is denied.

294.   Defendants deny the allegations.

295.   Defendants deny the allegations.

296.   Defendants deny the allegations.

297.   Defendants deny the allegations.

298.   Defendants deny the allegations.

299.   Defendants deny the allegations.

300.   Defendants deny each and every allegation and are without knowledge or information sufficient to form a belief as to the truth of each and every allegation about what unidentified people claim and said allegations are therefore denied.

301.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation about what unidentified people claim and said allegations are therefore denied.  The remainder of the allegations are denied.

302.   Defendants deny the allegations.

303.   Defendants admit to the contents of Ms. Landers' medical records and deny each and every remaining allegation.

304.   Defendants deny each and every allegation, and have no knowledge of what "other lawsuits" say.

305.   Defendants deny the allegations.

306.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation about what unidentified people claim and said allegations are therefore denied.

307.   Defendants deny the allegations.

308.   Defendants deny the allegations.

309.   Defendants deny the allegations.

310.   Defendants deny the allegations.

311.   Defendants admit that the news report says what is says but not the truth thereof and that Mr. Salyers died in custody.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

312.    Defendants admit that the news reports and reports say what they say but not the truth thereof.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

313.    Defendants admit that the news report says what is says but not the truth thereof and deny each and every remaining allegation.

314.    Defendants admit that the news reports say what they say but not the truth thereof and deny each and every remaining allegation.

315.    Defendants admit that the news report says what it says but not the truth thereof.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

316.    Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

317.    Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

318.    Defendants admit that the population of the facilities were as stated in Defendants records on the indicated dates.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

319.    Defendants deny the allegations.

320.    Defendants admit the information contained in Mr. Norwood's medical records.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

321.    Defendants admit that incarcerated persons illegally carry drugs into

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

26

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

detention facilities, Defendants deny inadequate policies, procedures, practices and equipment to detect drugs, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

322.   Defendants deny the allegations.

323.   Defendants deny the allegations.

324.   Defendants deny each and every allegation that its handling incarcerated persons illegally attempting to carry drugs into the detention facilities is inadequate.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

325.   Defendants deny the allegations.

326.   Defendants admit that video surveillance assists in many situations in detention facilities but are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

327.   Defendants deny each and every allegation, and as to what CLERB believes or does not believe, Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

328.   Defendants admit not all areas in the detention facilities are covered by cameras and deny each and every remaining allegation.

329.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

330.   Defendants deny the allegations.

331.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are

therefore denied.

332.  Defendants deny the allegations.

333.  Defendants admit to the contents of Mr. Taylor's medical records and deny each and every remaining allegation.

334.  Defendants deny the allegations.

335.  Defendants deny the allegations.

336.  Defendants deny the allegations.

337.  Defendants deny the allegations.

338.  Defendants deny the allegations.

339.  Defendants deny the allegations.

340.  Defendants admit that the reports say what they say but not as to the truth thereof and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

341.  Defendants deny that they failed to implement safety checks, admit that the report says what it says but not as to the truth thereof, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

342.  Defendants admit that its policies and procedures are as stated in writing and the remainder of the allegations are denied.

343.  Defendants admit to the contents of Mr. Andrade's medical records and deny the remainder of the allegations.

344.  Defendants admit to the contents of Ms. Suarez' medical records and are without knowledge or information sufficient to form a belief as to the truth of her lawsuit allegations, and said allegations are therefore denied, and Defendants deny the remaining allegations.

345.  Defendants deny the allegations.

346.  Defendants admit that the report and news article say what they say but

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

28

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

1   not the truth thereof and defendants deny the remaining allegations.

2       347.   Defendants deny the allegations.

3       348.   Defendants deny the allegations.

4       349.   Defendants deny the allegations.

5       350.   Defendants deny the allegations.

6       351.   Defendants deny the allegations.

7       352.   Defendants deny the allegations.

8       353.   Defendants deny the allegations.

9       354.   Defendants deny the allegations.

10       355.   Defendants admit that CLERB's authority is as stated in the authorizing

11   documents and defendants deny each and every remaining allegation.

12       356.   Defendants deny the allegations.

13       357.   Defendants admit the allegations.

14       358.   Defendants deny the allegations.

15       359.   Defendants admit to the contents of Ms. Zoerner's medical records and

16   deny the remaining allegations.

17       360.   Defendants deny the allegations.

18       361.   Defendants admit to the contents of Mr. Norwood's medical records

19   and deny the remaining allegations.

20       362.   Defendants admit to the contents of Mr. Edwards' medical records and

21   deny the remaining allegations.

22       363.   Defendants deny the allegations.

23       364.   Defendants admit to the contents of Mr. Levy, Mr. Archuleta and Mr.

24   Edwards' medical records and deny the remaining allegations.

25       365.   Defendants deny the allegations.

26       366.   Defendants deny the allegations.

27       367.   Defendants admit the allegations.

28       368.   Defendants admit the allegations.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

29

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

369.   Defendants deny the allegations.

370.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

371.   Defendants admit the referenced documents say what they say, defendants deny they have control over incarceration, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and said allegations are therefore denied.

372.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and said allegations are therefore denied.

373.   Defendants deny that their policies and practices contribute to overincarceration and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of what "state courts" did without effect on Defendants, and said allegations are therefore denied, and the remaining allegations are denied.

374.   Defendants deny the claims regarding failure to be equipped, admit to the contents of Mr. Fonseca's medical records, are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations about Mr. Fonseca, and said allegations are therefore denied, and the remaining allegations are denied.

375.   Defendants admit that the news article says what it says but not the truth thereof, admit to the contents of Mr. Harmon's medical records and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and said allegations are therefore denied

376.   Defendants deny the allegations.

377.   Defendants admit that the reports say what they say but not the truth thereof, and deny the remainder of the allegations.

378.   Defendants do not control terms of sentencing and are without

knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

379. Defendants do not control terms of sentencing and are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

380. Defendants do not control terms of sentencing and are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

381. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

382. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

383. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

384. Defendants deny the allegations.

385. Defendants deny inadequate reentry programs and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and said allegations are therefore denied.

386. Defendants deny the allegations.

387. Defendants admit that reentry services is responsible as described and deny the remaining allegations.

388. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

389. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

390. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

391. Defendants are without knowledge or information sufficient to form a

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

31

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

belief as to the truth of the allegations, and said allegations are therefore denied.

392.   Defendants deny any "failures" and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and said allegations are therefore denied.

393.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

394.   Defendants admit to the contents of Ms. Zoener's medical records, deny that she was not provided adequate treatment and are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

395.   Defendants admit that Mr. Clark has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

396.   Defendants admit that Mr. Sepulveda has been housed at the Jail and deny the remainder of the allegations.

397.   Defendants do not know how Ms. Landers identifies herself, and deny the remaining allegations.

398.   Defendants admit Ms. Levy was incarcerated, are unaware of what Court's may have offered her as an alternative and therefore deny the allegation, and admit that she was released.

399.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

400.   Defendants admit the Government Code provision and deny the remaining allegations.

401.   Defendants deny the allegations.

402.   Defendants deny the allegations.

403.   Defendants deny the allegations.

404.   Defendants deny the allegations.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

32

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

1    405.   Defendants deny the allegations.

2    406.   Defendants are without knowledge or information sufficient to form a

3  belief as to the truth of the allegations, and said allegations are therefore denied.

4  Defendants admit that the CPAC program is administered as provided by its

5  guidelines for administration.

6    407.   Defendants deny the allegations.

7    408.   Defendants deny the allegations.

8    409.   Defendants deny the allegations.

9    410.   Defendants deny the allegations.

10    411.   Defendants deny the allegations.

11    412.   Defendants deny the allegations.

12    413.   Defendants deny the allegations.

13    414.   Defendants deny the allegations.

14    415.   Defendants deny the allegations.

15    416.   Defendants deny the allegations.

16    417.   Defendants deny the allegations.

17    418.   Defendants deny the allegations.

18    419.   Defendants deny the allegations.

19    420.   Defendants deny the allegations.

20    420.   Defendants deny the allegations.

21    421.   Defendants deny the allegations.

22    422.   Defendants deny the allegations.

23    423.   Defendants deny the allegations.

24    424.   Defendants deny that prescription glass were not provided on a timely

25  basis and deny each and every remaining allegation.

26    425.   Defendants deny the allegations.

27    426.   Defendants deny the allegations.

28    427.   Defendants deny the allegations.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

33    Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

1    428. Defendants deny the allegations.

2    429. Defendants deny the allegations.

3    430. Defendants deny the allegations.

4    431. Defendants deny the allegations.

5    432. Defendants deny the allegations.

6    433. Defendants deny the allegations.

7    434. Defendants deny the allegations.

8    435. Defendants deny the allegations.

9    436. Defendants deny the allegations.

10    437. Defendants deny the allegations.

11    438. Defendants deny the allegations.

12    439. Defendants deny the allegations.

13    440. Defendants deny the allegations.

14    441. Defendants deny the allegations.

15    442. Defendants deny the allegations.

16    443. Defendants deny the allegations.

17    444. Defendants admit each and every allegation contain in paragraph 464 of

18    the complaint regarding the state of the law and deny each and every remaining

19    allegation.

20    445. Defendants deny the allegations.

21    446. Defendants deny the allegations.

22    447. Defendants deny the allegations.

23    448. Defendants deny the allegations.

24    449. Defendants deny the allegations.

25    450. Defendants admit each and every allegation contain in paragraph 464 of

26    the complaint regarding the state of the law and deny each and every remaining

27    allegation.

28    451. Defendants deny the allegations.

452.   Defendants deny the allegations.

453.   Defendants deny the allegations.

454.   Defendants deny the allegations.

455.   Defendants deny the allegations.

456.   Defendants admit each and every allegation contain in paragraph 464 of the complaint regarding the state of the law and deny each and every remaining allegation.

457.   Defendants admit each and every allegation contain in paragraph 464 of the complaint regarding the state of the law and deny each and every remaining allegation.

458.   Defendants admit that Title II of the ADA and the Rehabilitation Act apply to them and their contractors providing applicable services and deny each and every remaining allegation.

459.   Defendants admit each and every allegation contain in paragraph 464 of the complaint regarding the state of the law and deny each and every remaining allegation.

460.   Defendants admit each and every allegation contained in paragraph 496 of the complaint.

461.   Defendants admit that Title II of the ADA and the Rehabilitation Act apply to them, and deny each and every remaining allegation.

462.   Defendants deny the allegations.

463.   Defendants deny the allegations.

464.   Defendants admit each and every allegation contain in paragraph 464 of the complaint regarding the state of the law and deny each and every remaining allegation.

465.   Defendants deny the allegations.

466.   Defendants deny the allegations.

467.   Defendants deny the allegations.

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED COMPLAINT

468.   Defendants deny the allegations.

469.   Defendants deny the allegations.

470.   Defendants deny the allegations.

471.   Defendants admit each and every allegation contain in paragraph 471 of the complaint.

472.   Defendants deny the allegations.

473.   Defendants deny the allegations.

474.   Defendants deny the allegations.

475.   Defendants deny the allegations.

476.   Defendants deny the allegations.

477.   Defendants admit each and every allegation contain in paragraph 477 of the complaint.

478.   Defendants deny the allegations.

479.   Defendants deny the allegations.

480.   Defendants deny the allegations.

481.   Defendants deny the allegations.

482.   Defendants deny the allegations.

483.   Defendants admit each and every allegation contain in paragraph 483 of the complaint.

484.   Defendants deny the allegations.

485.   Defendants deny the allegations.

486.   Defendants deny the allegations.

487-495.  The Seventh Cause of Action has been dismissed.

496.   Defendants deny the allegations.

497.   Defendants deny the allegations.

498.   Defendants deny the allegations.

499.   Defendants deny the allegations.

500.   Defendants deny the allegations.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

36

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

501.   Defendants deny the allegations.

502.   Defendants deny the allegations.

503.   Defendants deny the allegations.

504.   Defendants deny the allegations.

505.   Defendants deny the allegations.

506.   Defendants deny the allegations.

507.   Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses with respect to the claims alleged in Plaintiffs' Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiffs. Defendants also hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve any right to amend this answer and to assert all such defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, brought on behalf of members of the purported class as set forth in the Complaint, are barred because Plaintiffs have failed to state any claim upon which relief can be granted in that negligence in diagnosing or treating a medical condition does not state a valid claim for a federal civil rights violation. *Parratt v. Taylor*, 451 U.S. 527 (1981).

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of laches, estoppel and unclean hands.

## THIRD AFFIRMATIVE DEFENSE

The purported claims made by Plaintiffs and members of the purported class on whose behalf they purport to sue are precluded or limited because Plaintiffs and members of the purported class on whose behalf they purport to sue failed to

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

37

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

1  exhaust other remedies including those available as class members in other litigation

2  in which named plaintiffs are class members seeking relief for the same wrongs

3  alleged herein.

### FOURTH AFFIRMATIVE DEFENSE

5    Plaintiffs' requested modifications and relief would cause an undue burden on

6  Defendants and/or are not readily achievable or technically infeasible including such

7  issues as moving structural walls, renovations not required because of lack of and

8  inability to obtain funding, and which ignore safety concerns in a correctional facility

9  setting such as "portable showers".

### FIFTH AFFIRMATIVE DEFENSE

11    This Complaint is barred by the relevant portions of the California Government

12  Code, including, but not limited to sections 815, 815.2, 818.2, 820.2, 820.4,

13  820.6, 820.8,821,844.6 (a)(20, 845.6, 855.6, 855.8, 856, and 856.4.

### SIXTH AFFIRMATIVE DEFENSE

15    Defendants allege that Plaintiffs' claims are barred in whole or in part

16  because Plaintiffs lack standing to challenge programs, services, assignments, or

17  activities for which they failed to apply or for which they were not denied.

### SEVENTH AFFIRMATIVE DEFENSE

19    Defendants allege that the Complaint fails to state a cause of action for

20  violation of 42 U.S.C. § 1983 under *Monell v. Department of Social Services in*

21  *the City of New York*, 436 U.S. 658 (1978). There can be no recovery for a federal

22  civil rights violation when there is no constitutional deprivation occurring

23  pursuant to governmental custom or policy. *Id.*

### EIGHTH AFFIRMATIVE DEFENSE

25    Defendants allege that all relevant times, Defendants and their agents or

26  employees acted within the scope of their discretion, with due care and good faith

27  fulfillment of their responsibilities in accordance with applicable Court orders,

28  statutes, rules, regulations, and established and lawful policies and procedures,

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

38

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT

1    within the bounds of reason under all circumstances known to them, and with the

2    good faith belief that their actions comported with all applicable federal and state

3    laws, and they are therefore immune from liability.

4        WHEREFORE, Defendants pray that:

5        1.    Judgment be rendered in favor of Defendants and against Plaintiffs; and

6        2.    Plaintiffs take nothing by the Complaint; and

7        3.    Defendants be awarded costs of suit incurred herein; and

8        4.    Defendants be awarded such other and further relief as the Court may

9    deem necessary and proper.

10

11   Dated:  June 14, 2023                BURKE, WILLIAMS & SORENSEN, LLP

12                                        By:  _____*/S/ Elizabeth M. Pappy*_____

13                                        Susan E. Coleman &
14                                        Elizabeth M. Pappy
                                          Attorneys for Defendants
15                                        COUNTY OF SAN DIEGO, SAN
                                          DIEGO COUNTY SHERIFF'S
16                                        DEPARTMENT and SAN DIEGO
                                          COUNTY PROBATION
17                                        DEPARTMENT

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

39

Case No. 3:20-cv-00406-AJB-DDL
AMENDED ANSWER TO THIRD AMENDED
COMPLAINT