UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al., on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING REQUEST TO PRESENT A CLAIM**<br><br>**[Dkt. No. 280]** |

Before the Court is nonparty Pedro Rodriguez's ("Rodriguez") "Federal Rule of Civ[il] Procedure 23(d) Request to Present [a] Claim" (the "Request"). Dkt. No. 280. The Court construes Rodriguez's Request as a renewed motion to intervene, and, for the reasons stated below, **RECOMMENDS** that the Request be **DENIED**.

I.

**BACKGROUND**

**A.　The Class Plaintiffs' Claims and Relevant Procedural History**

The District Court and the parties are familiar with the facts and legal claims at issue in this case. Briefly stated, through this putative class action, Plaintiffs bring claims "on behalf of all adults who are now, or will be in the future,

incarcerated in any of the San Diego County Jail facilities" for violations of their civil and other rights. *See generally* Plaintiffs' Third Amended Complaint ("TAC"), Dkt. No. 231. Among Plaintiffs' claims is that the County's jail facilities are not accessible to disabled incarcerated persons, as required by the Americans with Disabilities Act (the "ADA").

On April 27, 2023, the District Court denied Defendants' motion to dismiss the TAC in part. Dkt. No. 287. Pursuant to the District Court's order, many of Plaintiffs' claims, including those calling for improved compliance with the ADA in the County's jail facilities, will proceed. *See generally id.*

Plaintiffs have also moved the District Court for a preliminary injunction and provisional class certification. Dkt. 281. By that motion, Plaintiffs seek an order "enjoining Defendants' ADA violations" and provisional certification of a class of incarcerated persons with disabilities. *See* Dkt. No. 281-1 at 28, 29. The District Court has scheduled a hearing on the motion for June 29, 2023.

**B.    Rodriguez's First Motion to Intervene**

On June 30, 2022, Rodriguez, proceeding without counsel, filed a "Motion to Intervene, Present Claims and Come Into the Action [Under] F.R.C.P. 23(d)." Dkt. No. 183. Rodriguez represented that he "is a disabled prisoner" who has been detained in the County's Central Jail since 2014. *Id.* at 1, 5. He moved to intervene on the basis that "[his] interests may not be fairly represented" in the action. *Id.* at 1. The District Court denied Rodriguez's motion, finding that although Rodriguez had an interest in the action, his interests were fairly represented by other parties in the action and further that his intervention would unnecessarily disrupt the action. *See* Dkt. No. 251 at 4-5.

**C.    Rodriguez's Request to Present a Claim**

In the Request now before the Court, Rodriguez – again proceeding without counsel – states he is "a disable[d] prisoner of Module 5C." Dkt. No. 280 at 1. Rodriguez further states that on behalf of himself and other disabled inmates, he

demanded that Module 5C "be made ADA compliant" but that his complaints have been ignored. *Id.* at 2. Specifically, Rodriguez complains that the bunks in Module 5C are unsafe, that the tables in 5C cannot accommodate inmates in wheelchairs, that the inmates in Module 5C have not had adequate access to showers, and that the lack of call boxes and obscured windows present a safety hazard for inmates "in case of emergency." *Id.* at 2. Rodriguez asserts that jail personnel "disregard[]" these "admitted ADA violations" and asks the Court to "notice" the "insufferable conditions" in Module 5C. *Id.* at 3.[1]

## II.

## **LEGAL STANDARDS**

Rodriguez makes his request "pursuant to Federal Rule[] of Civ[il] Procedure 23(d)(1)(B)(3). *Id*. at 1. As the District Court has previously explained, Rule 23 does not permit intervention. *See* Dkt. No. 251 at 2 n.1. The Court therefore evaluates the Motion pursuant to Rule 24.

"Under Rule 24, a stranger to a lawsuit may intervene 'of right' where (1) a federal statute gives the would-be intervenor an 'unconditional right' to intervene in the suit, or (2) letting the lawsuit proceed without that person could imperil some cognizable interest of his." *In re Volkswagen "Clean Diesel" Mktg.*, *Sales Pracs.*, *& Prod. Liab. Litig.*, 894 F.3d 1030, 1037 (9th Cir. 2018); *see also* Fed. R. Civ. P. 24(a). The requirements for mandatory intervention under Rule 24(a) are not met where the current parties adequately represent the intervenor's rights. *See* Fed. R. Civ. P. 24(a)(2) (stating that the Court must allow intervention by one who "claims an interest" in the action "*unless existing parties adequately represent that interest*") (emphasis added).

---

[1] Throughout this Order, the Court addresses only Rodriguez's individual claims and interests. As the District Court has explained, Rodriguez may not represent the class; nor may he represent the interests of any other person pro se. *See* Dkt. No. 251 at 4 (explaining that pro se prisoner plaintiffs may not represent a class in a class action) (citations omitted); CivLR 83.3 (providing that "[o]nly natural persons representing their *individual interests* . . . may appear in court without representation") (emphasis added).

Where intervention of right is not warranted, the Court may nevertheless allow intervention pursuant to Rule 24(b) where the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "Permissive intervention is committed to the [the Court's] broad discretion . . . ." *Orange Cnty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986).

### III.
### DISCUSSION

As is relevant to Rodriguez's motion, Plaintiffs allege in the TAC that Defendants "fail[] to ensure that incarcerated people with disabilities have equal access to all programs and services offered at the Jail[,] . . . fail to ensure that people with disabilities are housed in units and are assigned to beds that are accessible and safe[,] . . . [and] fail[] to adequately train staff to house people with disabilities in adequate and safe housing." Dkt. No. 231 at 125. Plaintiffs therefore seek:

> declaratory and injunctive relief to remedy . . . Defendants' systemic and willful discrimination against incarcerated people with disabilities, and failure to provide reasonable accommodations to incarcerated people with disabilities in programs, services and activities;
> 
> * * *
> 
> [and] declaratory and injunctive relief under the United States and Deliberate indifference to their failure to ensure the safety and security of incarcerated people.

*Id*. at 14-15. Plaintiffs seek this relief "on behalf of a subclass of all qualified individuals with a disability . . . who are now, or will be in the future, incarcerated in San Diego County Jail facilities." *Id.* at 202. Plaintiffs assert the members of this subclass are "at risk of harm" from Defendants' failure to provide accessible and safe accommodations. *Id.*

These assertions are repeated in Plaintiffs' motion for a preliminary injunction, filed on April 25, 2023. *See generally* Dkt. No. 281. As in the TAC, Plaintiffs assert that Defendants "fail[] to ensure people with mobility disabilities

have safe and accessible places to sleep, toilet, and shower." Dkt. No. 281-1 at 8. On behalf of all individuals with disabilities incarcerated in San Diego County jails now or in the future, Plaintiffs ask the Court to "require Defendants to produce and implement a plan for timely . . . ensuring that people with mobility disabilities are housed in ADA-compliant units/cells and remedying the lack of 2010 ADAS-compliant sleeping, toileting, and showering facilities, including specific, staged deadlines for renovations." *Id*. at 29.

Rodriguez seeks "redress" for conditions at Central Jail, where he is currently incarcerated, that make the facility inaccessible and unsafe to him as a disabled person. Dkt. No. 280 at 3. Rodriguez appears to be a member of the "Incarcerated Persons with Disabilities" subclass as it is defined in the TAC. *See* Dkt. No. 231 at 202. The "redress" he seeks is subsumed in Plaintiffs' motion for a preliminary injunction, seeking an order from the District Court requiring Defendants to "stop placing incarcerated people with mobility disabilities in inaccessible housing" and to complete "[a]ll renovations and changes required to make accessible housing available to all incarcerated people with mobility disabilities" within one year of entry of the order. *See* Dkt. No. 281-2 at 32.

The Court concludes that Rodriguez and Plaintiffs "have the same ultimate objective," triggering a presumption that Rodriguez's interests are already adequately represented by Plaintiffs in this action. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003); *see also Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 951 (9th Cir. 2009) (stating that a "presumption of adequate representation applies" when there is an "identity of interests" between the intervenor and the current parties). Where such a presumption arises, "intervenor can rebut that presumption only with a 'compelling showing'" that the current parties do not adequately represent his interests. *See id.* (citation omitted). Even construing Rodriguez's Request liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally

construed'. . ."), the Court further finds that Rodriguez has not made the required showing that Plaintiffs' representation has been inadequate. Because Plaintiffs adequately represent Rodriguez's interests, he may not intervene in the action as a matter of right. Fed. R. Civ. P. 24(a); *see also Arakaki*, 324 F.3d at 1086 (stating that "intervention is improper" where the intervenor's "interests are adequately represented by existing parties").

The Court further finds that permissive intervention pursuant to Rule 24(b) is unwarranted. Although Rodriguez's claim for "redress" shares a common legal and factual basis with Plaintiffs' claims, the identity of interests between Rodriguez and Plaintiffs is sufficient reason for the District Court to deny Rodriguez's Request. *See Perry*, 587 F.3d at 955-56 (collecting cases); *see also Miracle v. Hobbs*, 333 F.R.D. 151, 156 (D. Ariz. 2019) (denying permissive intervention where the proposed intervenors' "interests [were] aligned with those of [the] [d]efendant" and the proposed intervenors "fail[ed] to demonstrate that [d]efendant's defense . . . ha[d] thus far been inadequate").

The Court has also considered whether permitting Rodriguez to intervene would "unduly delay or prejudice the original parties and . . . whether judicial economy favors intervention." *Miracle*, 333 F.R.D. at 156; *see also* Fed. R. Civ. P. 24(b)(3) (stating that the court must consider delay and prejudice when determining whether to permit intervention). There have been significant developments in this case in the last six months, including Plaintiffs' motion seeking tangible changes to the County's jail facilities and extensive discovery and settlement efforts by all parties. These activities are likely to be delayed and complicated by Rodriguez's entry into the suit, to the detriment of the existing parties. For the same reasons, Rodriguez's entry into the action would also not serve judicial economy. Given Plaintiffs' and their counsel's demonstrated willingness and ability to zealously pursue relief on behalf of the class, the Court finds Rodriguez's intervention is neither necessary nor beneficial to the resolution

of the action. *Accord Perry*, 587 F.3d at 956 (denying motion to intervene where intervenor's participation was "unnecessary" and existing parties were "capable" of moving the litigation forward).

## IV.
## CONCLUSION

For the reasons stated above, the Court finds that Rodriguez is not entitled to intervene as of right, and that permitting him to intervene as a matter of discretion would create delay and unduly prejudice the current parties. The undersigned therefore **RECOMMENDS** that the District Court **DENY** Rodriguez's renewed motion to intervene [Dkt. No. 280]. The undersigned respectfully submits this Report and Recommendation to the Honorable Anthony J. Battaglia, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.3. The Court requests the Clerk of the Court mail a copy of this Report and Recommendation to:

> Pedro Rodriguez, No. 14745493
> San Diego Central Jail
> 1173 Front Street, 5C-Cell 8
> San Diego, CA 92101

**IT IS HEREBY ORDERED** that any objection to this Report and Recommendation must be filed with the Court and served on all parties by **July 11, 2023**. The document should be titled "Objections to Report and Recommendation." Failure to timely object may result in a waiver of the right to raise objections on appeal. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: June 20, 2023

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge