Pages 1 - 31

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before The Honorable David D. Leshner, Magistrate Judge

DARRYL DUNSMORE, et al.,          )
                                  )
          Plaintiffs,             )
                                  )
  VS.                             )          NO. 20-CV-00406-AJB-DDL
                                  )
STATE OF CALIFORNIA, et al.,      )
                                  )
          Defendants.             )
_____   )

                        San Diego, California
                        Wednesday, May 24, 2023

        **TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING
                      OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:
                    ROSEN BIEN GALVAN & GRUNFELD, LLP
                    101 Mission Street, Sixth Floor
                    San Francisco, California 94105
            BY:  **GAY CROSTHWAIT GRUNFELD, ESQ.**

                    DLA PIPER LLP - LITIGATION
                    4365 Executive Drive, Suite 1100
                    San Diego, California 92121-2133
            BY:  **CHRISTOPHER M. YOUNG, ESQ.**

                    LAW OFFICE OF AARON J. FISCHER
                    1400 Shattuck Avenue, Suite 12, Number 344
                    Berkeley, California 94709
            BY:  **AARON J. FISCHER, ESQ.**

            **(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Transcribed by:  James C. Pence-Aviles, RMR, CRR, CSR No. 13059
                    Official Court Reporter

```
1   APPEARANCES:   (CONTINUED)

2   For Defendants:
                          BURKE WILLIAMS & SORENSEN LLP
3                         60 South Market Street, Suite 1000
                          San Jose, California 95113
4                 BY:  ELIZABETH MARIE PAPPY, ESQ.

5                         BURKE WILLIAMS & SORENSEN LLP
                          444 South Flower Street, Suite 2400
6                         Los Angeles, California 90071-2953
                  BY:  SUSAN E. COLEMAN, ESQ.
7
                          OFFICE OF COUNTY COUNSEL
8                         1600 Pacific Highway, Room 355
                          San Diego, California 92101
9                 BY:  STEVEN PAUL INMAN, II, ESQ.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  **Wednesday - May 24, 2023**                                    **1:00 p.m.**

2                      **P R O C E E D I N G S**

3                          **---oOo---**

4        **THE COURT:**  Okay.  All right.  I'm advised that we are

5  recording.

6        This is Dunsmore, et al., versus San Diego County

7  Sheriff's Department, et al., Case Number 20-CV-406.

8        We have Ms. Grunfeld, Mr. Fischer, and Mr. Young on behalf

9  of the plaintiffs.  We have Ms. Coleman, Ms. Pappy -- I'm

10  sorry, Counsel.  I forgot your name already.

11        **MR. INMAN:**  Steve Inman.

12        **THE COURT:**  -- Mr. Inman on behalf of the defendants.

13        We have concluded the early neutral evaluation.  The case

14  did not resolve, although the parties' efforts are ongoing, and

15  we are moving now to the case management conference.

16        I have reviewed the parties' joint discovery statement,

17  and I do appreciate the -- the thought and the time that went

18  into it.  My intent is to set dates for you-all through the

19  filing of a motion for class certification because that is

20  Judge Battaglia's procedure.

21        So I'm not -- I'm not bifurcating discovery because I

22  frankly don't want to have disputes over whether discovery is

23  related to class certification or not.  I'm going to give you a

24  deadline for completion of discovery necessary for class

25  certification.

1    It will be on the parties to then, you know, apportion it

2    appropriately to make sure that you're getting what you need

3    to -- to file the motion for class certification or to -- or to

4    oppose it.

5    I very -- I respect the professional judgment of the

6    parties in terms of the time that you need.  Respectfully, I

7    think the parties had asked for a fact discovery deadline in

8    next October.  It is my practice, and Judge Battaglia's

9    practice, to allocate approximately six months for discovery in

10   complex cases and five months in less complex cases.

11   Now, again, I'm giving you deadlines for discovery

12   necessary for class certification.  Depending on

13   Judge Battaglia's ruling, you'll have the opportunity to come

14   back before me and ask for additional discovery, and we'll talk

15   about the context of the case then.

16   So here are my proposed dates, and I will be happy to hear

17   from you-all, and then I want to talk about the parties'

18   proposal for a number of depositions and interrogatories.

19   The deadline to raise disputes with me regarding ESI

20   custodians and search terms that the defendants would agree to

21   utilize in searching for ESI would be June 26th.

22   I don't ordinarily set that deadline because I expect the

23   parties to work together on this with a basic understanding

24   that, ultimately, one party propounds discovery, and the other

25   party responds to it.  And the responding party is in the best

```
1    position to know which custodians to search, which search terms
2    to use to come up with responsive documents and other ESI.
3         So with that in mind, in a case like this, there is
4    benefit in the parties meeting and conferring, with the
5    plaintiffs suggesting, for example, which custodians they think
6    would be appropriate to search, which search terms to use.  And
7    I think that will, hopefully, help the discovery go as
8    efficiently as possible.
9         To the extent there are any disagreements about that, I do
10   want to hear about that on or before June 26th with an email to
11   my chambers.  Again, I know that I'm working with excellent
12   counsel, and I don't think that's going to be an issue, but I'm
13   happy to help you resolve it if it is.
14        The deadline to move to amend the pleadings is July 14th.
15   Written discovery will all be served by August 18th, with the
16   substantial completion of document production by
17   September 18th.  The deadline to complete discovery necessary
18   for filing a motion for class certification is October 27th,
19   and the plaintiffs will file a motion for class certification
20   by November 27th.
21             MS. COLEMAN:  Well --
22             THE COURT:  So I'm happy to hear from -- from either
23   party with respect to thoughts on that, and I'll take that all
24   into account when I issue a final scheduling order.
25        Go ahead.
```

1    **MS. COLEMAN:**  Well, Your Honor, they -- we got a

2    letter (Inaudible) this week indicating there was a motion for

3    class cert on August 1st.

4    **MS. GRUNFELD:**  2024, which was what we had proposed,

5    but the Court --

6    **THE COURT:**  Right.

7    **MS. GRUNFELD:**  -- is not agreeing with that.

8    **MS. COLEMAN:**  No.  I think your letter said you were

9    going to file it this August.

10   **MR. FISCHER:**  No.  The letter said '24.

11   **MS. COLEMAN:**  '24?

12   **MR. FISCHER:**  Yeah.

13   They're going to (Inaudible).

14   **MS. COLEMAN:**  Okay.  Okay.  (Inaudible).

15   **THE COURT:**  Well, I realize that's not as much time as

16   the parties wanted, but if you -- I'll put it this way.

17   If, despite -- in any case, despite your diligent efforts,

18   you feel that it is imperative to amend this scheduling order,

19   you can raise that with me and explain why, and we'll talk

20   about it.

21   But if you wish to be heard on that now, I'm happy to hear

22   from you.  And I'll take it all into account when I issue the

23   final scheduling order, Ms. Grunfeld.

24   **MS. GRUNFELD:**  Thank you.

25   I would like to be heard on --

```
1              THE COURT:  Sure.

2              MS. GRUNFELD:  I understand that the Court (Inaudible)

3    what we asked for, which is a year and two months for the -- I

4    mean, we're talking about the motion for class certification,

5    obviously.

6              THE COURT:  Right.

7              MS. GRUNFELD:  But I think that this is only -- well,

8    we're in May.  So this is six months until we file --

9              THE COURT:  Right.

10             MS. GRUNFELD:  -- and we have eight causes of action.

11   We need to have eight expert inspections.  We need documents.

12   There's seven facilities.  I think -- I'm not saying that we

13   would inspect every facility.  It's just part of the class

14   certification, but it could be that we need to with various

15   experts.

16        So I think this is going to be very challenging to meet

17   this deadline -- or this schedule in terms of getting all those

18   facilities, people, experts lined up into these facilities with

19   the documents and the ESI.  It's been really hard to get the

20   documents we've gotten so far, and we still have ongoing

21   disputes and document production with respect to the two

22   limited ADA RFPs that we've done so far.

23        So those have not come before you in an IDC, but it's

24   not -- from -- from my experience in this case and also,

25   especially in other cases, it's not looking like I can do it by
```

1  November 27th.  I think it would be very, very challenging.

2       **THE COURT:**  Remind me, what is the deadline to raise

3  disputes regarding the document production?

4       **MS. GRUNFELD:**  Well, there's two different ones.

5  We've passed it on the first one, I think, and the second one

6  is next week.

7       So I will live with whatever the Court orders.  But I just

8  think, from our perspective, to address the eight causes of

9  action and all the facilities, this is an enormously complex

10 case.  And we would like two or three more months, if the Court

11 would consider it.

12      **THE COURT:**  I will consider it, and I'll take that all

13 into account before we issue a final scheduling order.

14      Ms. Coleman, Ms. Pappy, do you concur with what

15 Ms. Grunfeld said in terms of the additional time she's

16 requesting?

17      **MS. PAPPY:**  Well, I agree with the additional time

18 just because I think getting seven facilities -- if they choose

19 to, getting seven facilities inspected and -- and the document

20 production that will be necessary -- I obviously don't agree

21 that any difficulty in -- in getting documents is accurate, but

22 I leave that aside.

23      I do agree, though, however, given the volume and the

24 necessary inspections, that -- three months? -- three

25 additional months is appropriate.

1          **THE COURT:**  Okay.  All right.  I'll take that under --

2          **MS. COLEMAN:**  Well, we could pare down the topics.

3                         (Laughter.)

4          **MS. COLEMAN:**  That would be very helpful, and --

5          **MS. GRUNFELD:**  Or we could certify the class

6     certification and move right to the merits.  That would also

7     save time.

8          **THE COURT:**  Given that we're on the record, I want to

9     talk about discovery proposals that the parties have made with

10    both written discovery and depositions.

11         So with respect for -- to requests for admission, there

12    may have been a typo in the joint discovery plan.  Maybe --

13    maybe I missed it.  I thought there was a reference to not

14    having a limit on the number of requests for admissions, but

15    I --

16         **MS. GRUNFELD:**  I thought we all agreed to just

17    stand -- stay with the standard.

18         **THE COURT:**  Right, which would be the 25 --

19         **MS. GRUNFELD:**  Yeah.

20         **THE COURT:**  -- allowed by the local rules.

21         Okay.  Maybe I -- perhaps I was confused by that.  Right.

22         So I just want to make sure everyone is aware --

23         **MS. GRUNFELD:**  Uh-huh.

24         **THE COURT:**  -- that the local rules do limit it to 25

25    per side, and --

1          MS. GRUNFELD:  For -- for RFAs?

2          THE COURT:  Correct.

3          MS. GRUNFELD:  Okay.

4          THE COURT:  That's right.

5     And is there any dispute that -- in talking about limits

6  for discovery, that we should be applying it per side, that

7  Mr. Dunsmore isn't going to issue 25 requests for admissions to

8  every defendant?  And, correspondingly, the defendants are not

9  going to issue separate sets of interrogatories and requests

10 for admission to the individual plaintiffs?

11         My thinking is that this really is a case where the

12 discovery limitations should apply per side, but I -- if

13 anybody feels differently, I'd want you to have an opportunity

14 to be heard on that.

15         MS. GRUNFELD:  Okay.  So we were -- we were under the

16 impression that we would go with 25 per person on the

17 interrogatories -- 25 per party.  And I hear the Court saying,

18 "No, that's" --

19         THE COURT:  So that would allow the plaintiffs to --

20 each plaintiff could issue 25 interrogatories?  You-all can

21 issue -- what is that, 200 interrogatories?

22         MS. GRUNFELD:  Well, theoretically.  We're not going

23 to do that.

24         MS. COLEMAN:  Also, they separated the County into

25 three entities.

1          MR. INMAN:  Right.

2          MS. GRUNFELD:  And they would get 75.

3          THE COURT:  No.  I understand, but does this case need

4    that?

5          MS. PAPPY:  The defense is fine with 25 for our side,

6    including all three defendants.

7          THE COURT:  What's your thoughts, Ms. Grunfeld?

8          MS. GRUNFELD:  I think that's too little per side, but

9    we could probably live with 50 per side.

10         THE COURT:  No.  I appreciate that.

11         MS. GRUNFELD:  And, again, if we don't have something,

12   if we get it another way, we're not going to serve it.

13         THE COURT:  Right.  No.  I understand.

14      So what I'll do is this.  I will impose a limitation of

15   25 interrogatories per side.  However, if you issue your --

16   exhaust your interrogatories for either party -- either side, I

17   should say, and you believe that additional interrogatories are

18   necessary, you are welcome to apply for authorization to issue

19   more interrogatories.

20         MS. GRUNFELD:  Thank you.

21         THE COURT:  Sure.

22      Should there be limits on the number of requests for

23   production that each side serves?  And, again, I think this is

24   mostly -- going to be mostly the plaintiffs propounding RFPs on

25   the defendants.  I -- there may be some limited RFPs that the

```
 1    defendants want to do, but I think --
 2              MS. COLEMAN:  That would be excellent, Your Honor.
 3                        (Laughter.)
 4              THE COURT:  Yeah.
 5         But -- but what's your thinking, Ms. Grunfeld?
 6              MS. GRUNFELD:  Absolutely not, Your Honor.
 7              THE COURT:  "Absolutely not" what?
 8              MS. GRUNFELD:  Please don't limit the number of RFPs
 9    we can serve.  I mean, I don't know how many I need yet, but
10    the ones that have served have not yielded what we need.  And,
11    normally, there's no limit.
12         So --
13              THE COURT:  I understand.  That's why I'm asking you.
14              MS. GRUNFELD:  Yeah.  Yeah.
15              THE COURT:  I do partially impose limits in some of my
16    cases.  I'm asking you if we should do it here, and you say
17    that you haven't gotten what you needed, but I -- respectfully,
18    that's not been raised with me to date.
19              MS. GRUNFELD:  I understand that.
20              THE COURT:  So I don't have any way of evaluating that
21    other than your good-faith representation.
22              MS. COLEMAN:  We have, Your Honor, some delays in the
23    most recent production because of, one, the enormity of the
24    files asking for all of the records related to all of the
25    deaths in the last couple years.
```

1     And the timing of it, over the opposition to the motion

2     for injunction, really asks for additional time.  Yesterday and

3     today, additional huge amounts of materials being produced --

4     and they have already undergone two sets of record production,

5     one -- well, yeah.

6         So we've done two sets of record production already,

7     before the scheduling order even.

8         **MS. PAPPY:**  And I guess what the defense would ask for

9     is -- is some sort of limit with a way to ask for more

10    (Inaudible).

11        **MS. COLEMAN:**  If there's good cause.

12        **THE COURT:**  Here's what I'm going to do.  I'm not

13    going to impose a limit on Ms. Grunfeld because I am going

14    to -- you know, I want to provide an opportunity for her to

15    think through how many RFPs are necessary.

16        That being said, I expect plaintiffs' counsel will

17    exercise their discretion appropriately.  And if you receive

18    what you believe is an unreasonable number of requests for

19    production, you're welcome to seek a -- you are, of course,

20    able to avail yourself of a motion for protective order.

21        I'm not looking to create additional motion practice.

22    And, honestly, I'm trying to avoid motion practice for the

23    benefit of everyone.  Thus, I am not going to -- I was going to

24    (Inaudible) work for 300-dollar fees.

25        I mean, I have no idea what you're thinking, Ms. Grunfeld.

```
 1    But if there's something where you look at it and you think,
 2    "This is just too much," in light of what's already been
 3    propounded and -- you know, you will meet and confer, of
 4    course.  And if you can't resolve it, then I would entertain a
 5    motion for a protective order.
 6        Again, I'm really hopeful that won't be necessary.
 7        MS. COLEMAN:  Uh-huh.
 8        Or is there an informal IDC process we can avail
 9    ourselves --
10        THE COURT:  There is.  There is.
11        If you look -- you beat me to it.  Under my chambers
12    rules, there is a process for -- have we already issued a
13    protective order in this case?
14        MS. PAPPY:  Yes.
15        THE COURT:  We have, have we not?
16        MS. GRUNFELD:  Yes, Your Honor.
17        THE COURT:  Okay.  I thought so.
18        So there's -- there's also a process for seeking a
19    discovery conference with me if there are any discovery
20    disputes.  After you meet and confer, if you cannot resolve an
21    issue, my chambers will spell it out.
22        Submit an email to chambers, letting me know the gist of
23    the dispute, and give me a couple days.  If you're available, I
24    will convene on Zoom as quickly as I can, see if we can resolve
25    it.  If -- I really try to resolve them on the Zoom to spare
```

1  you-all motion practice, but if we can't, we'll do motion

2  practice.

3       And I'll do a motion to compel -- well, (Inaudible).

4       **MS. COLEMAN:**  Because I'm wondering -- one would be a

5  prediscovery request memorandum.

6       **THE COURT:**  Well, look, my goal is -- you've seen the

7  way that I narrowed the requests.  My goal would be for the

8  parties to come up with appropriately focused requests, you

9  know, on their own.  And I don't want to be in a position of

10 rewriting RFPs.  I'm just not going to do it.

11                       (Laughter.)

12      **THE COURT:**  So --

13      **MS. COLEMAN:**  Understood.

14      **THE COURT:**  All right.  I -- for the number of

15 depositions, the presumptive limit for me would be ten per

16 side, but I understand that there may be a good reason to go

17 beyond that in this case.

18      The defendants -- is it 46 depositions?

19      **MS. COLEMAN:**  Whatever Your -- Your Honor wants to set

20 it for, as long as it's equal per side.  And so -- you know,

21 there's already been a number taken by the plaintiffs

22 prelitigation --

23      **THE COURT:**  Well --

24      **MS. COLEMAN:**  -- or prediscovery.

25      **THE COURT:**  And you're requesting 40, Ms. Grunfeld?

```
1            MS. GRUNFELD:  Well, yes, Your Honor.
2        And when -- when Ms. Coleman says we've taken a number, we
3    had one PMK topic, for which we --
4            MS. COLEMAN:  There were ten subparts.
5            THE COURT:  All right.  Hang on.
6        Go ahead.
7            MS. GRUNFELD:  And my understanding of
8    Judge Battaglia's rules is that a PMK counts as one
9    deposition -- so we've had one deposition -- and that he --
10   correct me if I'm wrong, but my understanding is he does not
11   put a time limit on those.
12       So --
13           THE COURT:  I don't know if Judge Battaglia does.
14   It's --
15           MS. GRUNFELD:  He's written a discovery --
16           THE COURT:  Yeah.
17           MS. GRUNFELD:  -- manual or, you know -- so that --
18   that's was what our thinking was --
19           THE COURT:  Sure.
20           MS. GRUNFELD:  -- is that PMKs would count as one
21   topic --
22           THE COURT:  That's correct.
23           MS. GRUNFELD:  -- one -- one deposition.
24           THE COURT:  They do.
25           MS. GRUNFELD:  And so we've had one.
```

1        And we won't take 40 if we don't need 40, but we do -- at

2   this time, with eight causes of action, seven facilities, we

3   are concerned that we need way more than ten.

4        **THE COURT:**  Okay.  No.  I understand.

5        You are correct that the PMK deposition counts as one

6   deposition, generally.  That being said, the PMK deposition

7   was -- had a number of topics, and how many people were

8   designated to testify?

9        **MS. COLEMAN:**  I think --

10       **MS. PAPPY:**  One, two, three, four, five.

11       **THE COURT:**  Who do you anticipate deposing at this

12  point?

13       **MS. GRUNFELD:**  Well, we're going to do a PMK on every

14  topic in the complaint, you know, generally, and then we'd put

15  some other people in -- as custodians, some of those folks --

16  and this is exclusive of the experts -- the commanders of the

17  facilities, the -- you know, figuring out -- I think -- we want

18  to probably do a deposition on how the information is stored,

19  how ESI is used in the County, the systems, JIMS, Offender 360,

20  those kinds of topics, kind of a tech depo, if you will.

21       So those are some of the thoughts we had, and -- yeah,

22  I -- I could submit some ideas, you know, for the topics and

23  the -- the people.

24       **THE COURT:**  Yeah.

25       I'm not trying to hold you to anything.  I'm just

1    trying --

2              **MS. GRUNFELD:**  Yeah.

3              **THE COURT:**  -- to understand it a little bit better.

4        This case strikes me as one where a lot of what you're

5    looking for is going to be through a Rule 30(b)(6) deposition,

6    and --

7              **MS. GRUNFELD:**  Yeah.

8              **THE COURT:**  -- so -- and then that's one deposition

9    under the rules, but in this case, you could -- you could have

10   40 or 50 topics and so forth.

11       So here's what I -- I think would make sense,

12   Ms. Grunfeld, and I'd like to hear from you-all on this.  I

13   think that this case would benefit from an early

14   meet-and-confer as to the Rule 30(b)(6) topics that you intend

15   to inquire as to because I -- sooner rather than later because,

16   that way, it will allow you-all to figure out how many

17   depositions you really need beyond the Rule 30(b)(6) and allow

18   me to really do a better job of managing the discovery because,

19   again, it's one deposition; right?

20       But that could mean 10, 15 deponents.  I'm just making

21   that up.

22             **MS. GRUNFELD:**  Sure.

23             **THE COURT:**  It could be a lot of deponents, and then

24   that would be a burden on the County as well.

25       So here's what I would do.  I would ask you-all to -- to

1   talk about that, to meet and confer about this.  I'm not going

2   to hold you to the exact, you know, issue of Rule 30(b)(6)

3   notice right now.  You need some time to think about that, I

4   realize, but I would like to have a further conversation with

5   you-all about how you envision the depositions in the case and

6   see if you-all can reach agreement as to the topics that would

7   be appropriate for a Rule 30(b)(6).

8        And I think that will then affect the number of

9   depositions that you seek to take of people in their individual

10  capacity.

11           MS. GRUNFELD:  Yeah.  Yeah.

12           THE COURT:  And if you disagree with any of that, let

13  me know.  But I think that may be a way to be able to

14  (Inaudible) as possible the discovery (Inaudible).

15           MS. GRUNFELD:  Great.

16           THE COURT:  Is that okay with you, Ms. Pappy and

17  Ms. Coleman?

18           MS. COLEMAN:  Yeah, that sounds good, Your Honor.

19       And while we confer on the topics and bring that,

20  Your Honor -- we've got to have some limitation on the time,

21  too.  To the extent that, for example, they have 30 different

22  topics -- that each one will have some limitations if

23  there's -- I realize it's one PMK depo, but --

24           THE COURT:  Right.

25       I think --

```
 1          MS. COLEMAN:  -- we don't want to spend two days on

 2    each of those topics -- the subtopics.

 3          THE COURT:  No.  I understand.

 4       And, generally speaking, it will be one Rule 30(b)(6)

 5    deposition, and everyone who is designated would be available

 6    for up to seven hours, but -- and that's what I would want to

 7    talk with you-all about --

 8          MS. COLEMAN:  Uh-huh.

 9          THE COURT:  -- as to how -- I don't want to put

10    unnecessary limitations on -- on you-all.

11       I really want you-all to figure this one out.  If I had

12    to, I would either do -- limit the number of topics or limit

13    the total number of hours.  But that's something that I think

14    ultimately can be somewhat arbitrary because I don't know the

15    case as well as you-all do --

16          MS. COLEMAN:  Uh-huh.

17          THE COURT:  -- and I don't want to do that to you.

18          MS. COLEMAN:  I'm only (Inaudible) that time limit

19    because Ms. Grunfeld said that we had no time limit on the

20    PMKs, and I think --

21          THE COURT:  Well --

22          MS. COLEMAN:  -- it should be seven hours.

23          THE COURT:  My -- generally speaking, I would impose a

24    limitation of seven hours per designee.

25          MS. COLEMAN:  Uh-huh.
```

```
 1          THE COURT:  But if there's going to be 50 designees,
 2   then that kind of goes out the window --
 3          MS. COLEMAN:  Uh-huh.
 4          THE COURT:  -- but that's something, I think, where
 5   you-all can make some progress.  It's -- and if you can't, then
 6   I'll help you figure it out.
 7          MS. COLEMAN:  Okay.
 8          THE COURT:  Yeah.
 9      Is that something that we can talk about when we get
10   together on June 5th, or do you think you need -- I mean, if
11   you need -- and on that one, I get that those are going to come
12   a little bit further.  If you just need more time on that,
13   that's fine.
14      I really would rather have you focusing on the proposal to
15   resolve the case because I think (Inaudible), but the issues
16   that we discussed today --
17          MS. COLEMAN:  Yes, (Inaudible).
18          THE COURT:  I got way too optimistic, but we'll get
19   there maybe, but --
20          MS. GRUNFELD:  I would ask for more time simply
21   because we do need to be able to (Inaudible).  I do have a
22   trial starting June 5th.  So if we can get some additional
23   time, that would be great.
24          THE COURT:  So here's what I'm going to do.
25          MS. COLEMAN:  I think they're going to propound
```

```
 1   written discovery before they want to take the PMK depo,

 2   although that may be correct, but --

 3            THE COURT:  Okay.  Then let's do this.

 4       I'm not going to make any provisions for depositions right

 5   now.  So the default is it's going to be ten per side, but with

 6   the expectation that we are going to have a further

 7   conversation --

 8            MS. COLEMAN:  Uh-huh.

 9            THE COURT:  -- about how deposition processes should

10   work in this case.

11            MS. GRUNFELD:  Thank you.

12            THE COURT:  Is that okay with you, Ms. Grunfeld?

13            MS. GRUNFELD:  Yes.  Great.

14            THE COURT:  Ms. Pappy?  Ms. Coleman?

15            MS. COLEMAN:  Uh-huh.

16            MS. PAPPY:  That's fine.

17            THE COURT:  All right.  I think we've covered the

18   issues that I wanted to speak with you-all about.

19       Go ahead.

20            MS. COLEMAN:  You said it would be ten per side, but

21   we probably would like to depose at least the main plaintiffs,

22   which exceeds ten.

23            THE COURT:  I see.

24       That will be part of what you refer to me.

25            MS. COLEMAN:  And we won't necessarily have every
```

1    declarant, but --

2              **THE COURT:**  Right.

3        So I'm going to keep the limit to ten per side for right

4    now, and that will be something that --

5              **MS. COLEMAN:**  Okay.

6              **THE COURT:**  -- I'll expect to hear from you-all and

7    see if you can agree on, and if not, I'll resolve it.  But I

8    understand your request.

9              **MS. COLEMAN:**  Okay.

10             **THE COURT:**  The biggest thing for me is communication

11   going back and forth.  Where it goes sideways in cases before

12   me is where people are launching requests for discovery

13   conferences without truly figuring out that they're at a dead

14   end.

15       If you are at a dead end, I'm happy to help.  But, again,

16   I don't think it's going to be an issue with this group of

17   counsel.  Talk to me.  Talk to one another.  If you need to try

18   to change something, let me know sooner rather than later, and

19   I will be happy to -- to speak with you about it.

20       If you do need to request any changes to the scheduling

21   order or to something else, my chambers will require that in a

22   joint motion, even if you disagree.  I just want to know one

23   party's position, and then the other party can take their

24   position in their (Inaudible).

25       What questions do you have for me, or additional thoughts,

1  about the scheduling order or case management generally,

2  Ms. Grunfeld?

3          **MS. GRUNFELD:**  I have several.

4          **THE COURT:**  Sure.

5          **MS. GRUNFELD:**  So bear with me, please.

6          **THE COURT:**  Okay.

7          **MS. GRUNFELD:**  The first is I'd like to request

8  again -- if the Court would consider visiting the jail to see

9  what we've been talking about, 8C and D in particular.  So I'm

10 just throwing that out there.

11         **THE COURT:**  Okay.

12         **MS. GRUNFELD:**  With the parties, of course.  And we

13 could go with the expert, if you wanted to.

14    We will be serving a request for the class list through

15 discovery, and we've already gotten an indication that that

16 will not be provided.  So we will be filing a motion for that.

17 I don't know if that will be a discovery motion before you or

18 before Judge Battaglia.

19         **THE COURT:**  It sounds like it's probably a discovery

20 motion that you'd follow my procedures for, really making

21 sure --

22         **MS. GRUNFELD:**  Yeah.

23         **THE COURT:**  -- that you can't agree on this before you

24 bring it to my attention.

25         **MS. GRUNFELD:**  Yeah, of course.  We'll try again, yes.

```
 1          We would like a date by which defendants -- two -- two of
 2    the defendants have not done initial disclosures because they
 3    answered on Monday.  That's the County and Sheriff's
 4    Department.  And so we'd like a date by which they will produce
 5    those.
 6          MS. COLEMAN:  And, Your Honor, I believe we've
 7    provided, a week ago, a couple of those.  I don't remember it
 8    offhand.
 9          MS. PAPPY:  I think it was Friday.  The County
10    answered.  The Probation and Sheriff answered on Monday.
11          MS. COLEMAN:  Uh-huh.
12          THE COURT:  Okay.  So --
13          MS. COLEMAN:  We -- I think with some of these --
14          THE COURT:  -- (Inaudible), it's been provided?
15          MS. COLEMAN:  -- when we provided the answer, we would
16    provide them initial disclosures.
17          (Inaudible) last week?
18          MS. PAPPY:  Friday.  I was told it was on Friday.
19          MS. COLEMAN:  Oh.  On Friday?
20          THE COURT:  Does that work for you, Ms. Grunfeld?
21          MS. GRUNFELD:  That's this Friday.
22          Okay.  Sure.  I just --
23          THE COURT:  I'm not going to order it.  You're going
24    to do it?
25          MS. COLEMAN:  Yeah, of course.
```

```
 1            MS. GRUNFELD:  Yeah.  Yeah.

 2            MS. COLEMAN:  Monday would be better, but --

 3            THE COURT:  Do you need until Monday?

 4            MS. PAPPY:  Sure.  We'll take a Monday.

 5            THE COURT:  I mean, work -- to the extent you'll talk

 6     to each other and you'll figure it out, yeah.

 7            MS. PAPPY:  Of course.  Yeah.  No problem.

 8            THE COURT:  Yeah.

 9         You'll figure that out.

10            MS. GRUNFELD:  Okay.  Great.

11         And then we -- we -- is discovery now open?

12            THE COURT:  It is.

13            MS. GRUNFELD:  Great.

14         So we are going to be noticing the depositions of

15     Mr. Joelson and Mr. Martinez for the week of the 5th.  Now, if

16     we are making good progress or we resolve things, obviously, we

17     won't need to do that.  But I just want everybody to be aware

18     we'll be serving those notices.

19            MS. COLEMAN:  We're having expert depositions before

20     anyone else?  I hope there will be some meet-and-confer about

21     dates.

22            MS. GRUNFELD:  Sure.

23         We'd want it well before the June 29th hearing, but we can

24     work with you on that.

25            MS. COLEMAN:  I don't --
```

1      **THE COURT:**  I don't want to -- I don't want to limit

2  topics that we've discussed.  But, respectfully, is there --

3  are these just heads-up issues for me?  Why -- why are we

4  talking about noticing depositions?  Are you asking for leave

5  from me, or is this -- are you doing this --

6      **MS. GRUNFELD:**  No.

7      **THE COURT:**  I'm just -- I'm -- help me understand.

8      **MS. GRUNFELD:**  I'm just confirming that discovery is

9  open after today, that I can serve the notices of deposition.

10      **THE COURT:**  Yes.

11      **MS. GRUNFELD:**  Thank you.

12  I will be doing that.

13  And then the only other things are the -- will we be

14  having another ENE, and if so, could we do it on the issue of

15  class certification?

16      **THE COURT:**  I would very much like to hold additional

17  ENEs with you.  That's something that we have discussed.  I

18  have not ever done an ENE on a legal issue, given that that

19  motion would be decided by Judge Battaglia.  So I would really

20  want to hear what the parties think about that.

21  Ordinarily, when I do ENEs or MSCs, it's on the

22  substantive (Inaudible).  It's not on a class certification

23  issue, and I would -- candidly, I've never thought about that

24  before.  I know that was raised in one of the pleadings

25  sometime ago, but -- that's something you-all talked about?

1        **MS. COLEMAN:**  No.  And they raised it in a letter this
2   week to us, but --

3        **MS. PAPPY:**  We haven't talked about it --

4        **MS. COLEMAN:**  We haven't.

5        **MS. PAPPY:**  -- amongst ourselves even.

6        **THE COURT:**  Is the idea -- right.  So I'm not going to
7   hold you to it or even ask you to respond.

8        Is the idea, Ms. Grunfeld, by reaching an agreement on
9   class certification -- well, to the extent I can help you
10  resolve any issues in the case, I'm happy to do it, but that --
11  I would only hold an ENE on that issue if everybody agrees that
12  it would be productive.

13       And I -- so if you-all agree that it can be productive, I
14  would probably consult with Judge Battaglia, given that it's
15  ultimately his decision, and then we'd have to go from there.
16  So I don't really know what else to say on that issue other
17  than I definitely would like to help you work on definitions in
18  the case.

19       I think one issue that I had mentioned in a prior
20  discovery hearing was the drug overdose issue addressed in
21  those allegations because I think that was part of the initial
22  motion for a preliminary injunction --

23       **MS. GRUNFELD:**  Yes.

24       **THE COURT:**  -- if I remember correctly, and would seem
25  to be one where we could really make progress at an ENE, and I

1    understand maybe -- maybe some changes have been made already.

2    So that's something -- that was sort of like what I was

3    thinking about with respect to ENEs.

4        But if you think there would be benefit -- if both parties

5    think there would be benefit to talking about class

6    certification, I just don't want to do something where

7    (Inaudible) feels like it's -- it's being done, I guess, in the

8    legal term, to jam them up.  And that's, frankly, my concern

9    when I -- when I (Inaudible).

10        And I just -- you-all would need time, Ms. Pappy,

11    Ms. Coleman, looking at you, to -- to speak with your client

12    about whether that's (Inaudible).

13            **MS. COLEMAN:**  We'll have to get back to you on that.

14            **THE COURT:**  That's fine.  That's fine.

15            **MS. COLEMAN:**  We're not there.  We're not ready.

16            **THE COURT:**  I understand, but that's something that

17    you can definitely talk about, and I'm happy to hear your

18    reason.

19            **MS. GRUNFELD:**  It's a huge issue.  It's going to take

20    a lot of time.  If we can resolve it and move to the merits, I

21    think it would be time well spent.

22            **THE COURT:**  I understand.

23        Okay.  Fair enough.

24        What else have you got, Ms. Grunfeld?

25            **MS. GRUNFELD:**  That's it.

1          **THE COURT:**  That's it?

2      Well, that wasn't too bad.

3          **MS. GRUNFELD:**  You had co-counsel --

4          **THE COURT:**  You set me up for many, many issues.

5      Okay.  Mr. Fischer, Mr. Young, nothing for you?

6          **MR. FISCHER:**  (Inaudible) on the other stuff.  These

7  issues here seem to be easier to accomplish if we have

8  (Inaudible) for why you want fee vouchers.

9          **THE COURT:**  No.  I -- no.  Leave it at that.

10      Let it -- Ms. Pappy, Ms. Coleman, anything we should

11  discuss with respect to case management issues at this point?

12          **MS. PAPPY:**  No, Your Honor.

13          **MS. COLEMAN:**  No, Your Honor.

14          **THE COURT:**  Thank you all for being here today.  I

15  really do appreciate it.  It's a pleasure speaking with you.

16  You are an excellent group of counsel to work with, and I

17  really do mean that.

18      And I look forward to speaking with you again in June and

19  hopefully hearing some progress that you've made and helping

20  you, if there's any sticking points in what you're trying to

21  do.

22          **MS. PAPPY:**  Thank you, and thank you for the effort

23  today, Your Honor.

24          **MS. GRUNFELD:**  Thank you, Your Honor.

25          **THE COURT:**  No.  My pleasure.

1          MS. COLEMAN:  Thank you very much.

2          THE COURT:  You bet.

3      Safe travels to everyone who's flying out of here.

4          MS. COLEMAN:  Same to you.  Yes.  Thank you for being

5  here.

6                   (Proceedings adjourned.)

## CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Southern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

DATE:  Monday, June 26, 2023



/S/ James C. Pence-Aviles

James C. Pence-Aviles, RMR, CRR, CSR No. 13059
U.S. Court Reporter