Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, California 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, California 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Attorneys for Defendant
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT
and SAN DIEGO COUNTY
PROBATION DEPARTMENT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et.al.,<br><br>                    Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT AND SAN DIEGO COUNTY PROBATION DEPARTMENT'S SECOND AMENDED ANSWER TO THIRD AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>District Judge Anthony J. Battaglia |

        DEFENDANTS COUNTY OF SAN DIEGO, SAN DIEGO COUNTY

SHERIFF'S DEPARTMENT AND SAN DIEGO COUNTY PROBATION

DEPARTMENT ("Defendants"), responds to Plaintiffs' Third Amended Complaint

as follows:

        1.      Defendants are without knowledge or information sufficient to form a

belief as to the truth of each and every allegation and therefore deny them.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

1

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

5.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

7.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

9.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

14.     Defendants admit each and every allegation.

15.     Defendants admit each and every allegation.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

2

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

17.     Defendants admit each and every allegation.

18.     Defendants admit that Darryl Dunsmore has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

19.     Defendants admit that Andree Andrade has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

20.     Defendants admit that Ernest Archuleta has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

21.     Defendants admit that James Clark has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

22.     Defendants admit that Anthony Edwards has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

23.     Defendants admit that Lisa Landers has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

24.     Defendants admit that Reanna Levy has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

25.     Defendants admit that Josue Lopez has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

26.     Defendants admit that Christopher Nelson has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

3

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

27.     Defendants admit that Christopher Norwood has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

28.     Defendants admit that Jesse Olivares has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

29.     Defendants admit that Gustavo Sepulveda has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

30.     Defendants admit that Michael Taylor has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

31.     Defendants admit that Laura Zoerner has been incarcerated at the Jail and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

32.     Defendants admit each and every allegation contained in paragraph 32 of the complaint except the Defendants deny that the Sheriff's Department is a public entity, duly organized and existing under the laws of the State of California, separate and apart from the County of San Diego.

33.     Defendants admit that the County of San Diego is a public entity, duly organized and existing under the laws of the State of California and that it operates and manages the Jail through the Sheriff's Department and is the public entity legally responsible for the Jail and Sheriff's Department and contracting thereby. Defendants deny each and every remaining allegation.

34.     Defendants admit that they operate six detention facilities as stated, Rock Mountain is under construction, the stated facilities are for booking, transfer of individuals and the male-only and female-only facilities.  Defendants deny each and every remaining allegation.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

4

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

35.     Defendants admit each and every allegation contained in paragraph 35 of the complaint except Defendants deny that the Sheriff's Department is a public entity, duly organized and existing under the laws of the State of California, separate and apart from the County of San Diego.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

38.     Defendants admit that the County, through the Sheriff's Department, is responsible for incarcerated persons medical care, and deny each and every remaining allegation.

39.     Defendants admit each and every allegation.

40.     Defendants admit that the County contracted with Naphcare and that the contract terms are as stated in the contract, and Defendants deny each and every remaining allegation.

41.     Defendants admit that the terms in the Naphcare contract are as stated therein and Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

42.     Defendants deny the allegations.

43.     Defendants deny the allegations.

44.     Defendants deny the allegations.

45.     Defendants deny the allegations.

46.     Defendants deny the allegations.

47.     Defendants deny the allegations.

48.     Defendants deny the allegations.

49.     Defendants deny the allegations.

50.     Defendants deny the allegations.

51.     Defendants deny the allegations.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

5

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

52.     Defendants deny the allegations.

53.     Defendants deny the allegations.

54.     Defendants are without knowledge or information sufficient to form a belief as to the statements regarding Mr. Taylor's groin and pre-booking medical matters and therefore deny them.  Defendants deny each and every remaining allegation.

55.     Defendants admit the contents of Mr. Landers' medical records but are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

56.     Defendants deny that medical screenings are not conducted in a timely manner and Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in paragraph 56 and therefore deny them.

57.     Defendants admit that the report says what it says but deny each and every remaining allegation.

58.     Defendants deny the allegations.

59.     Defendants deny the allegations.

60.     Defendants deny the allegations.

61.     Defendants admit the allegations regarding MAT and generic drugs. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

62.     Defendants admit that the news article says what it says but not the truth thereof, and deny each and every remaining allegation.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

65.     Defendants deny substance abuse care is provided untimely.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

6

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1  Defendants are without knowledge or information sufficient to form a belief as to

2  the truth of each and every remaining allegation and therefore deny them.

3    66.    Defendants admit to the contents in Mr. Norwood's medical records,

4  deny those allegations that are not contained in his medical record, and Defendants

5  are without knowledge or information sufficient to form a belief as to the truth of

6  each and every remaining allegation and they are therefore denied.

7    67.    Defendants deny the allegations.

8    68.    Defendants deny the allegations.

9    69.    Defendants admit that the report says what it says but not the truth

10  thereof.  Defendants deny each and every remaining allegation.

11    70.    Defendants admit to those matters stated in Ms. Serna's medical

12  records and deny each and every remaining allegation in Paragraph 70.

13    71.    Defendants admit to a jury award and to information contained in Mr.

14  Sisson's medical records, that the report says what it says but not the truth thereof,

15  and deny each and every remaining allegation.

16    72.    Defendants admit that Mr. Arroyo died while in custody and are

17  without knowledge or information sufficient to form a belief as to the truth of each

18  and every remaining allegation and therefore deny them.

19    73.    Defendants deny the allegations.

20    74.    Defendants deny the allegations.

21    75.    Defendants do not dispute what the report states but deny the truth

22  thereof and are without knowledge or information sufficient to form a belief as to

23  the truth of each and every remaining allegation and therefore deny them.

24    76.    Defendants admit that Mr. Wilson died while in custody and are

25  without knowledge or information sufficient to form a belief as to the truth of each

26  and every remaining allegation and therefore deny them.

27    77.    Defendants admit what is contained in Mr. Lopez' medical records and

28  are without knowledge or information sufficient to form a belief as to the truth of

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

7

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1    each and every remaining allegation and therefore deny them.

2        78.    Defendants admit what is contained in Mr. Archuleta's medical records

3    and are without knowledge or information sufficient to form a belief as to the truth

4    of each and every remaining allegation and therefore deny them.

5        79.    Defendants admit what is contained in Mr. Dunsmore's medical

6    records and are without knowledge or information sufficient to form a belief as to

7    the truth of each and every remaining allegation and therefore deny them.

8        80.    Defendants admit what is contained in Mr. Edwards' medical records

9    and are without knowledge or information sufficient to form a belief as to the truth

10   of each and every remaining allegation and therefore deny them.

11       81.    Defendants admit what is contained in Mr. Nelson's medical records

12   and are without knowledge or information sufficient to form a belief as to the truth

13   of each and every remaining allegation and therefore deny them.

14       82.    Defendants deny that policies and practices are inadequate and are

15   without knowledge or information sufficient to form a belief as to the truth of each

16   and every remaining allegation and therefore deny them.

17       83.    Defendants admit that the Naphcare agreement states what it states and

18   deny each and every remaining allegation.

19       84.    Defendants deny the allegations.

20       85.    Defendants admit to what the report states but deny the truth thereof,

21   and deny each and every remaining allegation.

22       86.    Defendants deny the allegations.

23       87.    Defendants admit what is contained in Mr. Edwards' medical records

24   and are without knowledge or information sufficient to form a belief as to the truth

25   of each and every remaining allegation and therefore deny them.

26       88.    Defendants admit what is contained in Mr. Landers' medical records

27   and are without knowledge or information sufficient to form a belief as to the truth

28   of each and every remaining allegation and therefore deny them.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

8

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

89.   Defendants admit what is contained in Mr. Andrade's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

90.   Defendants deny that nurses dismiss medical requests and that there are "delays".  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

91.   Defendants admit what is contained in Mr. Foster's medical records, deny that emergency care is ever delayed, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

92.   Defendants admit that the referenced documents say what they say but not the truth thereof, and defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

93.   Defendants admit what is contained in Ms. Zoenrer's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

94.   Defendants deny that staff "callously" respond to requests for emergency assistance and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

95.   Defendants deny the allegations.

96.   Defendants admit what is contained in Mr. Andrade's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

97.   Defendants admit that the referenced documents say what they say but not the truth thereof and therefore the allegations are denied.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

9

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

98.    Defendants deny the allegations.

99.    Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

100.    Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

101.    Defendants admit to the contents of the report but not the truth thereof and deny each and every remaining allegation.

102.    Defendants admit to information as contained in Mr. Taylor's medical records and deny each and every remaining allegation.

103.    Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

104.    Defendants deny the allegations.

105.    Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

106.    Defendants admit what is contained in Ms. Levy's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

107.    Defendants admit what is contained in Mr. Archuleta's and Mr. Clark's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

108.    Defendants admit what is contained in Mr. Andrade's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

109.    Defendants deny the allegations.

110.    Defendants admit what is contained in Mr. Taylor's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

111. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

112. Defendants deny that policies and procedures are inadequate, admits to what is contained in Mr. Lopez' medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

113. Defendants admit what is contained in Mr. Nelson's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

114. Defendants admit what is contained in Mr. Edward's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

115. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

116. Defendants admit what is contained in Ms. Levy's medical records, admit what the reference report states but not the truth thereof, and are without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 79 and therefore deny them.

117. Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 79 and therefore deny them.

118. Defendants admit to the contents of its written policies and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in paragraph 79 and therefore deny them.

119. Defendants deny the allegation of inadequate QA/QC processes, admit that the referenced reports states what they state but not the truth thereof, and deny each and every remaining allegation.

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

11

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

120.   Defendants deny the allegation of inadequate polices, practices and procedures relating to in custody deaths, admit that the report states what it states but not the truth thereof and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

121.   Defendants admit that the report states what it states but not the truth thereof and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

122.   Defendants deny the allegations.

123.   Defendants admit they have a contract with Naphcare which terms speak for themselves, deny that mental health care is inadequate, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegations and therefore deny them.

124.   Defendants admit that it provides the mental health care services alleged.

125.   Defendants deny inadequacies in the mental health care system, admit the contents of the report but not the truth thereof, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

126.   Defendants admit that the reports say what they say but not the truth thereof and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

127.   Defendants admit that the document states what it states as of the date created and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

128.   Defendants admit that the document says what it says but not the truth thereof, and deny that intake screening practices are not confidential, that there are undue restrictions on programs and property, and any failure to impose proper time

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

12

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1   limits on hyper-isolation cell stays.

2        129.   Defendants deny each and every allegation in Paragraph 129 of the

3   Complaint.

4        130.   Defendants deny the allegations.

5        131.   Defendants admit that the report says what it says but not the truth

6   thereof, and deny each and every remaining allegation.

7        132.   Defendants deny the allegations.

8        133.   Defendants deny the allegations.

9        134.   Defendants deny the allegations.

10       135.   Defendants admit what is contained in Mr. Sepulveda's medical

11  records and are without knowledge or information sufficient to form a belief as to

12  the truth of each and every allegation and therefore deny them.

13       136.   Defendants admit what is contained in Mr. Taylor's medical records

14  and are without knowledge or information sufficient to form a belief as to the truth

15  of each and every remaining allegation and therefore deny them.

16       137.   Defendants admit that the news reports say what they say but not the

17  truth thereof and deny each and every remaining allegation.

18       138.   Defendants admit that the news reports say what they say but not the

19  truth thereof, and deny each and every remaining allegation.

20       139.   Defendants admit that the reports say what they say but not the truth

21  thereof, and deny each and every remaining allegation.

22       140.   Defendants deny the allegations.

23       141.   Defendants deny that they "fail" to retain mental health staff, admit

24  what is contained in Mr. Edwards' medical records, what is contained in Mr.

25  Archuleta's medical records, and are without knowledge or information sufficient to

26  form a belief as to the truth of each and every remaining allegation and therefore

27  deny them.

28       142.   Defendants admit what is contained in Mr. Hernandez' medical records

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

13

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1  and deny each and every remaining allegation.

2      143.   Defendants admit that the structural chart states what it states and deny

3  each and every remaining allegation.

4      144.   Defendants admit that the letter states what it states but not the truth

5  thereof, and deny each and every remaining allegation.

6      145.   Defendants deny the allegations.

7      146.   Defendants deny the allegations.

8      147.   Defendants admit what is contained in Mr. Marroquin's medical

9  records, what the report states but not the truth thereof, and deny each and every

10  remaining allegation.

11      148.   Defendants admit that the policy was changed, what the report states

12  but not the truth thereof, and deny each and every remaining allegation.

13      149.   Defendants admit that the report states what it states but not the truth

14  thereof and deny each and every remaining allegation of the complaint.

15      150.   Defendants deny the allegations.

16      151.   Defendants admit to the contents of Mr. Olivares' medical records and

17  deny each and every remaining allegation.

18      152.   Defendants are without knowledge or information sufficient to form a

19  belief as to the truth of each and every allegation and therefore deny them.

20      153.   Defendants admit mental health may be requested through a sick call

21  form and deny each and every remaining allegation.

22      154.   Defendants admit that the report says what it says but not the truth

23  thereof and deny each and every remaining allegation of the Complaint.

24      155.   Defendants deny any "inadequate systems", and are without knowledge

25  or information sufficient to form a belief as to the truth of each and every remaining

26  allegation and therefore deny them.

27      156.   Defendants admit what is contained in Mr. Taylor's medical records

28  and are without knowledge or information sufficient to form a belief as to the truth

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

14

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1  of each and every remaining allegation and therefore deny them.

2      157.   Defendants admit what is contained in Mr. Nelson's medical records

3  and are without knowledge or information sufficient to form a belief as to the truth

4  of each and every allegation contained in paragraph 79 and therefore deny them.

5      158.   Defendants admit what is contained in Mr. Archuleta's medical records

6  and are without knowledge or information sufficient to form a belief as to the truth

7  of each and every remaining allegation and therefore deny them.

8      159.   Defendants admit what is contained in Mr. Sepulveda's medical

9  records and are without knowledge or information sufficient to form a belief as to

10  the truth of each and every remaining allegation and therefore deny them.

11      160.   Defendants deny the allegations.

12      161.   Defendants deny the allegations.

13      162.   Defendants admit what is contained in Mr. Olivares' medical records,

14  deny that recordkeeping and care is inadequate, and deny each and every remaining

15  allegation.

16      163.   Defendants deny the allegations.

17      164.   Defendants admit that the report says what it says but not the truth

18  thereof and deny each and every remaining allegation.

19      165.   Defendants are unable to admit or deny a presentation by "clinical

20  leadership" because it is undefined, and on this basis and as to the rest of the

21  allegations relating thereto, Defendants and are without knowledge or information

22  sufficient to form a belief as to the truth of each and every allegation contained in

23  paragraph 79 and therefore deny them.

24      166.   Defendants admit what is contained in Mr. Norwood's medical records

25  and deny each and every remaining allegation.

26      167.   Defendants admit that the report says what it says but not the truth

27  thereof, to the contents of Mr. Landers' medical records and deny each and every

28  remaining allegation.

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

15

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

168.   Defendants admit to the contents of Mr. Clark's medical records and deny each and every remaining allegation.

169.   Defendants admit that the policy says what it says and deny each and every remaining allegation.

170.   Defendants admit to the contents of its policies and deny each and every remaining allegation.

171.   Defendants admit to the contents of Mr. Nunez' medical records and his in custody death, that the news articles say what they say but not the truth thereof, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in paragraph 79 and therefore deny them.

172.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation and therefore deny them.

173.   Defendants admit to the contents of Ms. Zoerner's medical records and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

174.   Defendants deny the allegations.

175.   Defendants admit that the reports say what they say but not the truth thereof, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

176.   Defendants deny the allegations.

177.   Defendants admit to the contents of Mr. Olivares' medical records and deny each and every remaining allegation.

178.   Defendants admit to the contents of Mr. Levy's medical records and deny each and every remaining allegation.

179.   Defendants admit to the contents of Mr. Norwood's medical records and deny each and every remaining allegation.

180.   Defendants admit to the contents of Mr. Taylor's medical records and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

16

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1  deny each and every remaining allegation.

2      181.   Defendants admit to the contents of Mr. Andrade's medical records and

3  deny each and every remaining allegation.

4      182.   Defendants admit to the contents of the report but not the truth thereof,

5  and deny each and every remaining allegation.

6      183.   Defendants admit that the report says what it says but not the truth

7  thereof and deny each and every remaining allegation of Paragraph 183.

8      184.   Defendants deny the allegations.

9      185.   Defendants admit that the report says what it says but not the truth

10  thereof.

11      186.   Defendants admit that the report says what it says but not the truth

12  thereof.

13      187.   Defendants admit that the report says what it says but not the truth

14  thereof.

15      188.   Defendants written records as to EOH placements (as opposed to

16  Plaintiffs allegation) are admitted and each and every remaining allegation is denied.

17      189.   Defendants admit to the contents of Mr. Marroquin's medical records

18  and his in custody death, are without knowledge or information sufficient to form a

19  belief as to the truth of each and every remaining allegation and therefore deny

20  them.

21      190.   Defendants admit to the contents of Mr. Olivares' medical records and

22  are without knowledge or information sufficient to form a belief as to the truth of

23  each and every remaining allegation and therefore deny them.

24      191.   Defendants admit to the contents of Mr. Andrade's medical records and

25  are without knowledge or information sufficient to form a belief as to the truth of

26  each and every remaining allegation and therefore deny them.

27      192.    Defendants admit to the contents of Mr. Zoerner's medical records and

28  are without knowledge or information sufficient to form a belief as to the truth of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

17

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1    each and every remaining allegation and therefore deny them.

2        193.   Defendants admit that the reports say what they say but not the truth

3    thereof and deny each and every remaining allegation.

4        194.   Defendants admit to the contents of their policies, deny that the policies

5    and procedures are improper and are without knowledge or information sufficient to

6    form a belief as to the truth of each and every remaining allegation and therefore

7    deny them.

8        195.   Defendants deny the allegations.

9        196.   Defendants admit to the contents of Mr. Olivares' medical records and

10   deny each and every allegation remaining contained in Paragraph 196.

11       197.   Defendants deny the allegations.

12       198.   Defendants admit to the contents of Mr. Dunsmore's medical records

13   and deny each and every remaining allegation.

14       199.   Defendants deny the allegations.

15       200.   Defendants admit that the report says what it says and deny each and

16   every remaining allegation.

17       201.   Defendants admit that the news report says was it says but not the truth

18   thereof, and as to the contents of Mr. Morton's medical records, and deny each and

19   every remaining allegation.

20       202.   Defendants deny the allegations.

21       203.   Defendants admit that the reports say what they say but not the truther

22   thereof.

23       204.   Defendants admit to the contents of Mr. Morton's medical records,

24   admit that the news report says what it says but not the truth thereof, and deny each

25   and every remaining allegation.

26       205.   Defendants admit that the reports say what they say but not the truth

27   thereof and deny each and every remaining allegation.

28       206.   Defendants deny each and every allegation in Paragraph 206 of the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

18

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1 Complaint.

2      207.    Defendants admit that the report says what it says but not the truth

3 thereof, and deny each and every remaining allegation.

4      208.    Defendants admit that the report says what it says but not the truth

5 thereof, admits to the contents of Mr. Olivares' medical records and deny each and

6 every remaining allegation.

7      209.    Defendants admit that the reports say what they say but not the truth

8 thereof, and deny each and every remaining allegation.

9      210.    Defendants deny the allegations.

10      211.    Defendants deny the allegations.

11      212.    Defendants deny the allegations.

12      213.    Defendants deny the allegations.

13      214.    Defendants deny the allegations.

14      215.    Defendants deny the allegations.

15      216.    Defendants deny the allegations.

16      217.    Defendants deny the allegations.

17      218.    Defendants admit to the contents of Mr. Ortiz' medical records and his

18 in custody death and deny each and every remaining allegation.

19      219.    Defendants deny the allegations.

20      220.    Defendants admit that the laws say what they say, that the

21 administrative segregation cells are for the purposes stated in Defendants' policies,

22 and deny each and every remaining allegation.

23      221.    Defendants admit that the administrative segregation cell policies are as

24 written and deny each and every remaining allegation.

25      222.    Defendants admit that the reports say what they say but not the truth

26 thereof and deny each and every remaining allegation.

27      223.    Defendants are unaware of the meaning of "clinical leadership" and

28 cannot therefore admit or deny the recommendation or alleged rejection, and are

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

19

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

224.   Defendants deny the allegations.

225.   Defendants admit to the contents of Mr. Gofrey and Mr. Rupard's medical records and in custody deaths, and the contents of the medical examiner's report.  Each and every remaining allegation is denied.

226.   Defendants admit to the contents of Mr. Baker's medical records, his in custody death, and deny each and every remaining allegation.

227.   Defendants deny the allegations.

228.   Defendants admits to the contents of Mr. Andrade's medical records and deny each and every remaining allegation.

229.   Defendants deny the allegations.

230.   Defendants deny the allegations.

231.   Defendants admit that they are subject to the ADA and Rehabilitation Act and deny each and every remaining allegation.

232.   Defendants deny the allegations.

233.   Defendants admit to the contents of Mr. Lopez' medical records, are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them, and deny allegations that staff was unable to effectively communicate with Mr. Lopez.

234.   Defendants deny the allegations.

235.   Defendants deny the allegations.

236.   Defendants admit to the contents of Mr. Dunsmore's medical records and deny each and every remaining allegation.

237.   Defendants admit to the contents of Mr. Dunsmore's medical records and deny each and every remaining allegation.

238.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

20

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

them, and deny allegations that staff was unable to effectively communicate with Mr. Lopez.

239. Defendants admit to the contents of Mr. Archuleta's medical records and deny each and every remaining allegation.

240. Defendants deny the allegations.

241. Defendants admit to the contents of Mr. Lopez' medical records and deny each and every remaining allegation.

242. Defendants deny the allegations.

243. Defendants deny the allegations.

244. Defendants admit Mr. Lopez was transferred and deny each and every remaining allegation.

245. Defendants admit to the contents of Mr. Lopez' medical records and deny each and every remaining allegation.

246. Defendants deny the allegations.

247. Defendants deny the allegations.

248. Defendants deny the allegations.

249. Defendants admit to the contents of Mr. Nelson's medical records and deny each and every remaining allegation.

250. Defendants admit to the contents of Mr. Clark's medical records and deny each and every remaining allegation.

251. Defendants admit to the contents of Mr. Landers' medical records and deny each and every remaining allegation.

252. Defendants admit that 28 C.F.R. section 35.160 states what it states and applies to Defendants, and that Defendants' policies are as written, and deny each and every remaining allegation.

253. Defendants admit to the contents of Mr. Dunsmore's medical records and deny each and every remaining allegation.

254. Defendants admit that the policies state what they state and deny each

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

21

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1 | and every remaining allegation.

2 | 255.   Defendants admit to the contents of Mr. Nelson's medical records and

3 | deny each and every remaining allegation.

4 | 256.   Defendants admit to the contents of Mr. Archuleta's medical records

5 | and deny each and every remaining allegation.

6 | 257.   Defendants deny the allegations.

7 | 258.   Defendants admit that the policies state what they state and deny each

8 | and every remaining allegation.

9 | 259.   Defendants deny the allegations.

10 | 260.   Defendants admit the allegations of Paragraph 260 of the complaint.

11 | 261.   Defendants deny the allegations.

12 | 262.   Defendants admit to the contents of Mr. Nelson's medical records,

13 | admit to the contents of the report, and are without knowledge or information

14 | sufficient to form a belief as to the truth of each and every remaining allegation and

15 | therefore deny them.

16 | 263.   Defendants are without knowledge or information sufficient to form a

17 | belief as to the truth of each and every remaining allegation and therefore deny

18 | them.

19 | 264.   Defendants are without knowledge or information sufficient to form a

20 | belief as to the truth of each and every remaining allegation and therefore deny

21 | them.

22 | 265.   Defendants are without knowledge or information sufficient to form a

23 | belief as to the truth of each and every remaining allegation and therefore deny

24 | them.

25 | 266.   Defendants are without knowledge or information sufficient to form a

26 | belief as to the truth of each and every remaining allegation and therefore deny

27 | them.

28 | 267.   Defendants admit that it houses people with mobility disabilities but is

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

22

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1 unable to admit or deny if this constitutes "many".  Defendants deny each and every

2 remaining allegation.

3     268.   Defendants deny that there was ever a time when elevators were not

4 available for movement of Incarcerated Persons and Defendants are without

5 knowledge or information sufficient to form a belief as to the truth of each and

6 every remaining allegation and therefore deny them.

7     269.   Defendants deny the allegations.

8     270.   Defendants admit to the contents of Mr. Sepulveda's medical records

9 and are without knowledge or information sufficient to form a belief as to the truth

10 of each and every remaining allegation and therefore deny them.

11     271.   Defendants deny the allegations.

12     272.   Defendants admit to the contents of Mr. Andrade's medical records and

13 are without knowledge or information sufficient to form a belief as to the truth of

14 each and every remaining allegation and therefore deny them.

15     273.   Defendants admit to the contents of Mr. Greer's medical records and

16 are without knowledge or information sufficient to form a belief as to the truth of

17 each and every remaining allegation and therefore deny them.

18     274.   Defendants are without knowledge or information sufficient to form a

19 belief as to the truth of each and every remaining allegation and therefore deny

20 them.

21     275.   Defendants deny the allegations.

22     276.   Defendants deny the allegations.

23     277.   Defendants admit that the policies are as they state and deny each and

24 every remaining allegation and Defendants have no knowledge of testimony in some

25 other litigation.

26     278.   Defendants deny the allegations.

27     279.   Defendants admit to the contents of Mr. Lopez' medical records and

28 deny each and every remaining allegation.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

23

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

280.   Defendants admit to the contents of Mr. Dunsmore's medical records and deny each and every remaining allegation.

281.   Defendants admit to the contents of grievances submitted Mr. Lucas but not the truth thereof, as reflected in his custody files, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them.

282.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and therefore deny them but does not dispute the contents of any actual Court Order.

283.   Defendants admit to the contents of Mr. Edwards' medical records and deny each and every remaining allegation.

284.   Defendants deny deficient procedures and admit that the reports say what they say but not the truth thereof.

285.   Defendants deny the allegations.

286.   Defendants admit that policies say what they say and deny each and every remaining allegation.

287.   Defendants deny the allegations.

288.   Defendants admit to the contents of Mr. Lopez' medical records and deny each and every remaining allegation.

289.   Defendants deny the allegations.

290.   Defendants deny the allegations.

291.   Defendants deny the allegations.

292.   Defendants deny the allegations.

293.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation about the ability of the named Plaintiffs to lay prone, and each and every remaining allegation is denied.

294.   Defendants deny the allegations.

295.   Defendants deny the allegations.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

24

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1    296.   Defendants deny the allegations.

2    297.   Defendants deny the allegations.

3    298.   Defendants deny the allegations.

4    299.   Defendants deny the allegations.

5    300.   Defendants deny each and every allegation and are without knowledge or information sufficient to form a belief as to the truth of each and every allegation about what unidentified people claim and said allegations are therefore denied.

8    301.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation about what unidentified people claim and said allegations are therefore denied.  The remainder of the allegations are denied.

12    302.   Defendants deny the allegations.

13    303.   Defendants admit to the contents of Ms. Landers' medical records and deny each and every remaining allegation.

15    304.   Defendants deny each and every allegation, and have no knowledge of what "other lawsuits" say.

17    305.   Defendants deny the allegations.

18    306.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every allegation about what unidentified people claim and said allegations are therefore denied.

21    307.   Defendants deny the allegations.

22    308.   Defendants deny the allegations.

23    309.   Defendants deny the allegations.

24    310.   Defendants deny the allegations.

25    311.   Defendants admit that the news report says what is says but not the truth thereof and that Mr. Salyers died in custody.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

25

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

312.   Defendants admit that the news reports and reports say what they say but not the truth thereof.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

313.   Defendants admit that the news report says what is says but not the truth thereof and deny each and every remaining allegation.

314.   Defendants admit that the news reports say what they say but not the truth thereof and deny each and every remaining allegation.

315.   Defendants admit that the news report says what it says but not the truth thereof.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

316.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

317.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

318.   Defendants admit that the population of the facilities were as stated in Defendants records on the indicated dates.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

319.   Defendants deny the allegations.

320.   Defendants admit the information contained in Mr. Norwood's medical records.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

321.   Defendants admit that incarcerated persons illegally carry drugs into

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

26

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

detention facilities, Defendants deny inadequate policies, procedures, practices and equipment to detect drugs, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

322.   Defendants deny the allegations.

323.   Defendants deny the allegations.

324.   Defendants deny each and every allegation that its handling incarcerated persons illegally attempting to carry drugs into the detention facilities is inadequate.  Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

325.   Defendants deny the allegations.

326.   Defendants admit that video surveillance assists in many situations in detention facilities but are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

327.   Defendants deny each and every allegation, and as to what CLERB believes or does not believe, Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

328.   Defendants admit not all areas in the detention facilities are covered by cameras and deny each and every remaining allegation.

329.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

330.   Defendants deny the allegations.

331.   Defendants are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

27

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

therefore denied.

332.    Defendants deny the allegations.

333.    Defendants admit to the contents of Mr. Taylor's medical records and deny each and every remaining allegation.

334.    Defendants deny the allegations.

335.    Defendants deny the allegations.

336.    Defendants deny the allegations.

337.    Defendants deny the allegations.

338.    Defendants deny the allegations.

339.    Defendants deny the allegations.

340.    Defendants admit that the reports say what they say but not as to the truth thereof and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

341.    Defendants deny that they failed to implement safety checks, admit that the report says what it says but not as to the truth thereof, and are without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation and said allegations are therefore denied.

342.    Defendants admit that its policies and procedures are as stated in writing and the remainder of the allegations are denied.

343.    Defendants admit to the contents of Mr. Andrade's medical records and deny the remainder of the allegations.

344.    Defendants admit to the contents of Ms. Suarez' medical records and are without knowledge or information sufficient to form a belief as to the truth of her lawsuit allegations, and said allegations are therefore denied, and Defendants deny the remaining allegations.

345.    Defendants deny the allegations.

346.    Defendants admit that the report and news article say what they say but

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

28

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1  not the truth thereof and defendants deny the remaining allegations.

2      347.  Defendants deny the allegations.

3      348.  Defendants deny the allegations.

4      349.  Defendants deny the allegations.

5      350.  Defendants deny the allegations.

6      351.  Defendants deny the allegations.

7      352.  Defendants deny the allegations.

8      353.  Defendants deny the allegations.

9      354.  Defendants deny the allegations.

10     355.  Defendants admit that CLERB's authority is as stated in the authorizing

11 documents and defendants deny each and every remaining allegation.

12     356.  Defendants deny the allegations.

13     357.  Defendants admit the allegations.

14     358.  Defendants deny the allegations.

15     359.  Defendants admit to the contents of Ms. Zoerner's medical records and

16 deny the remaining allegations.

17     360.  Defendants deny the allegations.

18     361.  Defendants admit to the contents of Mr. Norwood's medical records

19 and deny the remaining allegations.

20     362.  Defendants admit to the contents of Mr. Edwards' medical records and

21 deny the remaining allegations.

22     363.  Defendants deny the allegations.

23     364.  Defendants admit to the contents of Mr. Levy, Mr. Archuleta and Mr.

24 Edwards' medical records and deny the remaining allegations.

25     365.  Defendants deny the allegations.

26     366.  Defendants deny the allegations.

27     367.  Defendants admit the allegations.

28     368.  Defendants admit the allegations.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

29

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1    369.    Defendants deny the allegations.

2    370.    Defendants are without knowledge or information sufficient to form a

3    belief as to the truth of the allegations, and said allegations are therefore denied.

4    371.    Defendants admit the referenced documents say what they say,

5    defendants deny they have control over incarceration, and Defendants are without

6    knowledge or information sufficient to form a belief as to the truth of the remaining

7    allegations, and said allegations are therefore denied.

8    372.    Defendants are without knowledge or information sufficient to form a

9    belief as to the truth of the remaining allegations, and said allegations are therefore

10   denied.

11   373.    Defendants deny that their policies and practices contribute to

12   overincarceration and are without knowledge or information sufficient to form a

13   belief as to the truth of the remaining allegations of what "state courts" did without

14   effect on Defendants, and said allegations are therefore denied, and the remaining

15   allegations are denied.

16   374.    Defendants deny the claims regarding failure to be equipped, admit to

17   the contents of Mr. Fonseca's medical records, are without knowledge or

18   information sufficient to form a belief as to the truth of the remaining allegations

19   about Mr. Fonseca, and said allegations are therefore denied, and the remaining

20   allegations are denied.

21   375.    Defendants admit that the news article says what it says but not the

22   truth thereof, admit to the contents of Mr. Harmon's medical records and are

23   without knowledge or information sufficient to form a belief as to the truth of the

24   remaining allegations, and said allegations are therefore denied

25   376.    Defendants deny the allegations.

26   377.    Defendants admit that the reports say what they say but not the truth

27   thereof, and deny the remainder of the allegations.

28   378.    Defendants do not control terms of sentencing and are without

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

30

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

379.   Defendants do not control terms of sentencing and are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

380.   Defendants do not control terms of sentencing and are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

381.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

382.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

383.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

384.   Defendants deny the allegations.

385.   Defendants deny inadequate reentry programs and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and said allegations are therefore denied.

386.   Defendants deny the allegations.

387.   Defendants admit that reentry services is responsible as described and deny the remaining allegations.

388.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

389.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

390.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and said allegations are therefore denied.

391.   Defendants are without knowledge or information sufficient to form a

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

31

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1   belief as to the truth of the allegations, and said allegations are therefore denied.

2       392.   Defendants deny any "failures" and Defendants are without knowledge

3   or information sufficient to form a belief as to the truth of the remaining allegations,

4   and said allegations are therefore denied.

5       393.   Defendants are without knowledge or information sufficient to form a

6   belief as to the truth of the allegations, and said allegations are therefore denied.

7       394.   Defendants admit to the contents of Ms. Zoener's medical records,

8   deny that she was not provided adequate treatment and are without knowledge or

9   information sufficient to form a belief as to the truth of the allegations, and said

10  allegations are therefore denied.

11      395.   Defendants admit that Mr. Clark has been incarcerated at the Jail and

12  are without knowledge or information sufficient to form a belief as to the truth of

13  the allegations, and said allegations are therefore denied.

14      396.   Defendants admit that Mr. Sepulveda has been housed at the Jail and

15  deny the remainder of the allegations.

16      397.   Defendants do not know how Ms. Landers identifies herself, and deny

17  the remaining allegations.

18      398.   Defendants admit Ms. Levy was incarcerated, are unaware of what

19  Court's may have offered her as an alternative and therefore deny the allegation, and

20  admit that she was released.

21      399.   Defendants are without knowledge or information sufficient to form a

22  belief as to the truth of the allegations, and said allegations are therefore denied.

23      400.   Defendants admit the Government Code provision and deny the

24  remaining allegations.

25      401.   Defendants deny the allegations.

26      402.   Defendants deny the allegations.

27      403.   Defendants deny the allegations.

28      404.   Defendants deny the allegations.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

32

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1    405.    Defendants deny the allegations.

2    406.    Defendants are without knowledge or information sufficient to form a

3  belief as to the truth of the allegations, and said allegations are therefore denied.

4  Defendants admit that the CPAC program is administered as provided by its

5  guidelines for administration.

6    407.    Defendants deny the allegations.

7    408.    Defendants deny the allegations.

8    409.    Defendants deny the allegations.

9    410.    Defendants deny the allegations.

10    411.    Defendants deny the allegations.

11    412.    Defendants deny the allegations.

12    413.    Defendants deny the allegations.

13    414.    Defendants deny the allegations.

14    415.    Defendants deny the allegations.

15    416.    Defendants deny the allegations.

16    417.    Defendants deny the allegations.

17    418.    Defendants deny the allegations.

18    419.    Defendants deny the allegations.

19    420.    Defendants deny the allegations.

20    420.    Defendants deny the allegations.

21    421.    Defendants deny the allegations.

22    422.    Defendants deny the allegations.

23    423.    Defendants deny the allegations.

24    424.    Defendants deny that prescription glass were not provided on a timely

25  basis and deny each and every remaining allegation.

26    425.    Defendants deny the allegations.

27    426.    Defendants deny the allegations.

28    427.    Defendants deny the allegations.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

33

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1    428. Defendants deny the allegations.

2    429. Defendants deny the allegations.

3    430. Defendants deny the allegations.

4    431. Defendants deny the allegations.

5    432. Defendants deny the allegations.

6    433. Defendants deny the allegations.

7    434. Defendants deny the allegations.

8    435. Defendants deny the allegations.

9    436. Defendants deny the allegations.

10    437. Defendants deny the allegations.

11    438. Defendants deny the allegations.

12    439. Defendants deny the allegations.

13    440. Defendants deny the allegations.

14    441. Defendants deny the allegations.

15    442. Defendants deny the allegations.

16    443. Defendants deny the allegations.

17    444. Defendants admit each and every allegation contain in paragraph 464 of

18    the complaint regarding the state of the law and deny each and every remaining

19    allegation.

20    445. Defendants deny the allegations.

21    446. Defendants deny the allegations.

22    447. Defendants deny the allegations.

23    448. Defendants deny the allegations.

24    449. Defendants deny the allegations.

25    450. Defendants admit each and every allegation contain in paragraph 464 of

26    the complaint regarding the state of the law and deny each and every remaining

27    allegation.

28    451. Defendants deny the allegations.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

34

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1    452.   Defendants deny the allegations.

2    453.   Defendants deny the allegations.

3    454.   Defendants deny the allegations.

4    455.   Defendants deny the allegations.

5    456.   Defendants admit each and every allegation contain in paragraph 464

6  of the complaint regarding the state of the law and deny each and every remaining

7  allegation.

8    457.   Defendants admit each and every allegation contain in paragraph 464

9  of the complaint regarding the state of the law and deny each and every remaining

10 allegation.

11   458.   Defendants admit that Title II of the ADA and the Rehabilitation Act

12 apply to them and their contractors providing applicable services and deny each and

13 every remaining allegation.

14   459.   Defendants admit each and every allegation contain in paragraph 464

15 of the complaint regarding the state of the law and deny each and every remaining

16 allegation.

17   460.   Defendants admit each and every allegation contained in paragraph 496

18 of the complaint.

19   461.   Defendants admit that Title II of the ADA and the Rehabilitation Act

20 apply to them, and deny each and every remaining allegation.

21   462.   Defendants deny the allegations.

22   463.   Defendants deny the allegations.

23   464.   Defendants admit each and every allegation contain in paragraph 464

24 of the complaint regarding the state of the law and deny each and every remaining

25 allegation.

26   465.   Defendants deny the allegations.

27   466.   Defendants deny the allegations.

28   467.   Defendants deny the allegations.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

35

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1    468.   Defendants deny the allegations.

2    469.   Defendants deny the allegations.

3    470.   Defendants deny the allegations.

4    471.   Defendants admit each and every allegation contain in paragraph 471

5  of the complaint.

6    472.   Defendants deny the allegations.

7    473.   Defendants deny the allegations.

8    474.   Defendants deny the allegations.

9    475.   Defendants deny the allegations.

10   476.   Defendants deny the allegations.

11   477.   Defendants admit each and every allegation contain in paragraph 477

12  of the complaint.

13   478.   Defendants deny the allegations.

14   479.   Defendants deny the allegations.

15   480.   Defendants deny the allegations.

16   481.   Defendants deny the allegations.

17   482.   Defendants deny the allegations.

18   483.   Defendants admit each and every allegation contain in paragraph 483

19  of the complaint.

20   484.   Defendants deny the allegations.

21   485.   Defendants deny the allegations.

22   486.   Defendants deny the allegations.

23   487-495.  The Seventh Cause of Action has been dismissed.

24   496.   Defendants deny the allegations.

25   497.   Defendants deny the allegations.

26   498.   Defendants deny the allegations.

27   499.   Defendants deny the allegations.

28   500.   Defendants deny the allegations.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

36

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

501.   Defendants deny the allegations.

502.   Defendants deny the allegations.

503.   Defendants deny the allegations.

504.   Defendants deny the allegations.

505.   Defendants deny the allegations.

506.   Defendants deny the allegations.

507.   Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses with respect to the claims alleged in Plaintiffs' Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiffs. Defendants also hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and hereby reserve any right to amend this answer and to assert all such defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims, and each of them, brought on behalf of members of the purported class as set forth in the Complaint, are barred because Plaintiffs have failed to state any claim upon which relief can be granted in that negligence in diagnosing or treating a medical or mental health condition does not state a valid claim for a federal civil rights violation or a violation of the American's with Disabilities Act.  Paragraphs 38 through 41 of the Third Amended Complaint ("TAC"), makes generalized conclusory statements about allegedly negligent medical and mental health care to *all* incarcerated persons regardless of disability, race, religion, ethnicity, gender, or other protected classification.  Paragraphs 42-49 allege negligent medical and mental health care based upon alleged shortages in medical staffing; Paragraphs 50-52 of the TAC allege that negligent care is provided through non-medical staff interfering with medical and mental health care staff provision of care; Paragraphs 53-59 and 74-83 allege negligent medical and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

37

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1  mental health care resulting from inadequate intake processes to identify medical

2  and mental health issues; Paragraphs 60-73 allege negligent medical and mental

3  health care by failing to provide adequate care for alcohol and drug addicted

4  individuals and those under the influence; Paragraphs 84-122 allege bad record

5  keeping, delays in treatment, diagnosis, follow up care, lack of sufficient contracts

6  without outside providers, lack of proper care instructions and medications upon

7  release from incarceration and lack of quality control.  Paragraphs 123 – 229 allege

8  negligent tracking, lack of sufficient staffing, non-mental health staff interference

9  with mental health care, discontinuing medications, lack of timely access to mental

10  health care, lack of continuing care, lack of confidential care, improper handling of

11  individuals with suicidal ideation, improper housing, and lack of continuing care

12  after release.  All of the allegations amount to claims for the negligent provision of

13  healthcare which cannot form the basis for a civil rights claim or a violation of the

14  ADA.

**SECOND AFFIRMATIVE DEFENSE**

16      Plaintiffs' claims are barred under such equitable defenses as the evidence

17  demonstrates, including but not limited to the doctrine of estoppel.  The purported

18  claims made by Plaintiffs and members of the purported class on whose behalf they

19  purport to sue are precluded or limited because Plaintiffs and members of the

20  purported class on whose behalf they purport to sue failed to exhaust other remedies

21  including those available as class members in other litigation in which named

22  plaintiffs are class members seeking relief for the same wrongs alleged herein.

23  Named Plaintiffs Dunsmore, Clark and Olivares are not properly part of any class

24  because they are included in the CDCR class under *Armstrong v. Brown*.  Plaintiffs'

25  counsel is aware of the inconsistency but has refused to remove them from the

26  action or limit their participation to any non-*Armstrong* matters.

27  \\

28  \\

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

38

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

### THIRD AFFIRMATIVE DEFENSE

The purported claims made by Plaintiffs and members of the purported class on whose behalf they purport to sue are precluded or limited because Plaintiffs and members of the purported class on whose behalf they purport to sue failed to exhaust other remedies including those available as class members in other litigation in which named plaintiffs are class members seeking relief for the same wrongs alleged herein. Named Plaintiffs Dunsmore, Clark and Olivares are not properly part of any class because they are included in the CDCR class under *Armstrong v. Brown*. Plaintiffs' counsel is aware of the inconsistency but has refused to remove them from the action or limit their participation to any non-*Armstrong* matters.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' requested modifications and relief would cause an undue burden on Defendants and/or are not readily achievable or technically infeasible including such issues as moving structural walls, renovations not required because of lack of and inability to obtain funding, and which ignore safety concerns in a correctional facility setting such as "portable showers" and ability to move jail populations on an unreasonable and unsafe timeline advocated by Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

This Complaint is barred by the relevant portions of the California Government Code, including, but not limited to sections 815, 8.15.2, 818.2, 820.2, 820.4, 820.6, 820.8,821,844.6 (a)(20, 845.6, 855.6, 855.8, 856, and 856.4. Plaintiffs' causes of action titled as claims for violation of civil rights and the American's with Disabilities Act are intentionally mislabeled as such and are nothing more than negligence claims such to the California Government Claims Act. Paragraphs 38 through 41 of the Third Amended Complaint ("TAC"), makes generalized conclusory statements about allegedly negligent medical and mental health care to *all* incarcerated persons regardless of disability, race, religion, ethnicity, gender, or other protected classification. Paragraphs 42-49 allege negligent medical and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

39

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

mental health care based upon alleged shortages in medical staffing; Paragraphs 50-52 of the TAC allege that negligent care is provided through non-medical staff interfering with medical and mental health care staff provision of care; Paragraphs 53-59 and 74-83 allege negligent medical and mental health care resulting from inadequate intake processes to identify medical and mental health issues; Paragraphs 60-73 allege negligent medical and mental health care by failing to provide adequate care for alcohol and drug addicted individuals and those under the influence; Paragraphs 84-122 allege bad record keeping, delays in treatment, diagnosis, follow up care, lack of sufficient contracts without outside providers, lack of proper care instructions and medications upon release from incarceration and lack of quality control.  Paragraphs 123 – 229 allege negligent tracking, lack of sufficient staffing, non-mental health staff interference with mental health care, discontinuing medications, lack of timely access to mental health care, lack of continuing care, lack of confidential care, improper handling of individuals with suicidal ideation, improper housing, and lack of continuing care after release.

## SIXTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to challenge programs, services, assignments, or activities for which they failed to apply or for which they were not denied.  There are no allegations in the TAC of any named plaintiff requesting, participating in and/or being denied access to any program, service, assignment or activity to confer standing to challenge the lack of or denial of any particular program, service, assignment or activity.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that the Complaint fails to state a cause of action for violation of 42 U.S.C. §1983 under *Monell v. Department of Social Services in the City of New York*, 436 U.S. 658 (1978). There can be no recovery for a federal civil rights violation when there is no constitutional deprivation occurring pursuant to

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

40

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

governmental custom or policy. *Id*.  Paragraphs 38 through 41 of the Third Amended Complaint ("TAC"), makes generalized conclusory statements about allegedly negligent medical and mental health care to *all* incarcerated persons regardless of disability, race, religion, ethnicity, gender, or other protected classification.  Paragraphs 42-49 allege negligent medical and mental health care based upon alleged shortages in medical staffing; Paragraphs 50-52 of the TAC allege that negligent care is provided through non-medical staff interfering with medical and mental health care staff provision of care; Paragraphs 53-59 and 74-83 allege negligent medical and mental health care resulting from inadequate intake processes to identify medical and mental health issues; Paragraphs 60-73 allege negligent medical and mental health care by failing to provide adequate care for alcohol and drug addicted individuals and those under the influence; Paragraphs 84-122 allege bad record keeping, delays in treatment, diagnosis, follow up care, lack of sufficient contracts without outside providers, lack of proper care instructions and medications upon release from incarceration and lack of quality control. Paragraphs 123 – 229 allege negligent tracking, lack of sufficient staffing, non-mental health staff interference with mental health care, discontinuing medications, lack of timely access to mental health care, lack of continuing care, lack of confidential care, improper handling of individuals with suicidal ideation, improper housing, and lack of continuing care after release.  All of the allegations amount to claims for the negligent provision of healthcare which cannot form the basis for a civil rights claim or a violation of the ADA, and thus no constitutional deprivation.

   WHEREFORE, Defendants pray that:

   1.    Judgment be rendered in favor of Defendants and against Plaintiffs; and

   2.    Plaintiffs take nothing by the Complaint; and

   3.    Defendants be awarded costs of suit incurred herein; and

   4.    Defendants be awarded such other and further relief as the Court may

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

41

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT

1    deem necessary and proper.

2

3    Dated:  July 10, 2023                    BURKE, WILLIAMS & SORENSEN, LLP

4
                                             By:    _/S/ Elizabeth M. Pappy_
5                                                   Susan E. Coleman &
6                                                   Elizabeth M. Pappy
                                                   Attorneys for Defendants
7                                                   COUNTY OF SAN DIEGO, SAN
8                                                   DIEGO COUNTY SHERIFF'S
                                                   DEPARTMENT and SAN DIEGO
9                                                   COUNTY PROBATION
10                                                  DEPARTMENT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

42

Case No. 3:20-cv-00406-AJB-DDL
SECOND AMENDED ANSWER TO THIRD
AMENDED COMPLAINT