UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**STIPULATED ORDER GOVERNING DISCOVERY MATTERS AND THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION ("ESI")** |

[4322828.1]

Case No. 3:20-cv-00406-AJB-DDL

STIPULATED ORDER GOVERNING DISCOVERY MATTERS AND THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION ("ESI")

1   The parties have agreed to a Protocol Governing Discovery Matters and the
2   Production of Electronically Stored Information ("ESI").  Pursuant to the parties'
3   stipulation, the undersigned **GRANTS** the parties' Joint Motion for Entry of the
4   Agreed Protocol Governing Discovery Matters and the Production of ESI [Dkt No.
5   365] and further **ORDERS** as follows:

**PRODUCTION OF DATA**

7   **I.     HARD COPY DOCUMENTS**

8   1.   All hard copy documents should be scanned and produced as single-
9   page, Group IV, 300 DPI TIFF images with an image load file (.OPT file and/or
10  .LFP file) and a delimited database/metadata load file (.DAT).  The
11  database/metadata load file should contain the metadata fields listed below in
12  Section I.A.  All documents are to be provided with per document searchable text
13  (.TXT) files that contain full text extraction.  In the event a document is scanned
14  into TIFF format, the text file should contain that document's OCR text.  The OCR
15  software should maximize text quality over process speed.  Settings such as "auto-
16  skewing" and "auto-rotation" should be turned on during the OCR process.

17  2.   All image files and text files shall be named the same as the starting
18  bates number for each document.  Each TIFF image shall be endorsed with bates
19  numbers that increment by one for each page.

20  3.   The documents should be logically unitized (i.e., distinct documents
21  should not be merged into a single record, and a single document should not be split
22  into multiple records) and should be produced in the order in which they are kept in
23  the usual course of business.  The text and image load files should indicate page
24  breaks.  The Producing Party is not required to unitize if the documents are not kept
25  that way in the ordinary course of business.

26  4.   Documents shall be produced as black and white TIFF images.  Upon
27  written request, a party shall produce color images for a reasonable number of
28  selected documents.  Documents produced in color shall be produced as single page,

300 DPI, color JPG images with the quality setting 75% or higher. Each color document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension JPG. This includes, but is not limited to, color on graphs, charts, presentations, edits, or highlights that were made by hand, or electronically, on the original.

5. **Database/Metadata Fields for Hard Copy Documents**

    (a)    Production Number Begin

    (b)    Production Number End

    (c)    Production Attachment Range Number Begin

    (d)    Production Attachment Range Number End

    (e)    Confidentiality Designation

    (f)    Production Doc Page Count

    (g)    All Custodians

    (h)    Source

    (i)    Volume

**II.    ELECTRONICALLY STORED INFORMATION**

1. With the exception of Section VI., below, all Electronically Stored Information ("ESI") that is deemed responsive and not privileged is to be produced in 300 DPI Group IV black and white Tagged Image File Format (.TIFF or .TIF) files. The TIFF files shall be produced in single-page format along with image load files (.OPT file and .LFP file). Upon written request, a party shall produce color images for a reasonable number of selected documents. Documents produced in color shall be produced as single page, 300 DPI, color JPG images with the quality setting 75% or higher. Each color document image file shall be named with the unique Bates Number of the first page of the document in question followed by the file extension JPG.

2. Any document that cannot be converted to TIFF format shall be represented in the production with a placeholder TIFF image that bears the legend

"This document cannot be converted to TIFF," along with its corresponding metadata in the Concordance DAT file.

3. During the process of converting ESI from the electronic format of the application in which the ESI is normally created, viewed and/or modified to TIFF, metadata values should be extracted and produced in the database/metadata load file.

4. The metadata values that are to be extracted and produced in the database load files (.DAT file using concordance standard delimiters) are those maintained in the usual course of business and are identified in **Exhibit A**.

5. No Party will have the obligation to manually generate information to populate metadata fields if such fields cannot be reasonably extracted or generated from the document using an automated process. The Producing Party may redact or remove from production protected or privileged metadata.

6. To the extent reasonably available, the "Custodian," "Source," or "Original Path" field with respect to ESI gathered from an individual's hard drive will provide metadata sufficient to identify the individual custodian from whose hard drive such ESI has been gathered.

7. The parties will meet and confer regarding sets of search terms to be applied to ESI collected, to the extent useful in this matter.

8. The parties are permitted to use technology assisted review (TAR) if they choose to do so.

**III. SYSTEM FILES**

1. Common system and program files as defined by the NIST library (which is commonly used by discovery vendors to exclude system and program files from document review and production) need not be processed, reviewed, or produced.

**IV. FAMILIES OF DOCUMENTS**

1. For any documents that contain an attachment (for example, email), to

the extent available, the fields listed in EXHIBIT A should be produced as part of the metadata load file for both the parent and child documents.

2.   To the extent a document is part of a "document family" with a combination of responsive, privileged, and/or non-responsive documents: (i) the privileged documents will be represented in the production with a placeholder TIFF image that bears the legend "Document Withheld as Privileged"; and (ii) the non-responsive documents will be represented in the production with a placeholder TIFF image that bears the legend "Non-Responsive Document." The TIFF image(s) shall be endorsed with a sequential Bates number.

## V.   DE-DUPLICATION

1.   Removal of duplicate documents may be done for exact duplicate documents (based on MD5 or SHA-1 hash values at the parent document level) and may be done across custodians and sources. Near-duplicate documents shall be produced rather than removed. For each document produced, the names of all custodians who had possession of the document shall be included in the DAT file in the ALL CUSTODIANS field.

## VI.   HANDWRITTEN NOTES OR OTHER ALTERATIONS

1.   If there are any handwritten notes, or any other markings, on a document, it shall not be considered a duplicate. Any document that contains an alteration, marking on, or addition to the original document shall be treated as a distinct version, and shall be produced as such. These alterations include, but are not limited to, handwritten notes, electronic notes/tabs, edits, highlighting or redlining. If such markings/alterations are made in color, the documents must be produced in color as originally intended in the ordinary course of business.

2.   If the producing party becomes aware of any file that was incorrectly filtered during the de-duplication process, the producing party shall promptly notify the other party and produce the incorrectly filtered file.

## VII. LAST-IN-TIME PRODUCTION

1. A party may produce a single copy of a responsive document insofar as no non-duplicative information is lost as a result. For emails with attachments, the hash value is generated based on the parent/child document grouping. A party may also de-duplicate email threads as follows: in an email thread, only the last-in-time portion of the thread that is relevant needs to be produced if all previous emails in the thread are contained within the final message(s). Where an email is not last-in-time and contains an attachment, that email and its attachment shall be considered for production.

## VIII. PRODUCTION OF EXCEL, OTHER SPREADSHEETS AND POWERPOINTS:

1. Excel spreadsheets, CSV files, and other spreadsheet type files shall be produced in native format with a TIFF placeholder bearing the legend "Produced in Native File Format." The TIFF image shall be endorsed with a sequential Bates number and the produced native file named to match this Bates number. The metadata load file shall contain a link to the produced native file via data values called "Native Link." The Native Link values should contain the full directory path and file name of the native file as contained in the produced media.

2. To the extent MS-Excel spreadsheets contain information subject to a claim of privilege, they shall be produced in the form of a redacted TIFF image. The parties agree to meet and confer about native redaction if TIFF redaction would render the document not reasonably usable.

3. PowerPoint files shall be imaged with speaker notes showing in the image, as well as any hidden content displayed in the image. The Producing Party may produce PowerPoint files in native format with a TIFF placeholder bearing the legend "Produced in Native File Format." The TIFF image shall be endorsed with a sequential Bates number and the produced native file named to match this Bates number. The metadata load file shall contain a link to the produced native file via

data values called "Native Link." The Native Link values should contain the full directory path and file name of the native file as contained in the produced media.

4. The parties reserve the right to request re-production of any Excel spreadsheet or PowerPoint files in color if needed.

## IX. PRODUCTION OF DATABASE OR STRUCTURED DATA:

1. If a database or other source of structured data contains responsive information, the parties will produce reports or exports from those data sources in a reasonable usable electronic file to the extent practicable. Otherwise, the parties may meet and confer regarding such format of production.

## X. PRODUCTION OF AUDIO AND VIDEO FILES:

1. If audio and/or video recordings are responsive, the parties should meet and confer to determine a mutually-agreeable format for producing the audio and/or video recording. Before meeting and conferring, the producing party will have information sufficient to identify responsive audio and/or video recordings.

## XI. BATES NUMBERING

1. Bates number and any confidentiality designation should be electronically branded on each produced TIFF image of ESI but should not be included in the extracted text of ESI, unless the document is a scanned copy of a hard copy document, or the document has been redacted. For documents produced in native format, the original file name and the Bates number for each native file shall be produced, and the native files shall be named the same as the starting Bates number for that document or file.

## XII. REDACTIONS

1. Each redaction on a document shall be completed using white or colored boxes that contain the word "Redacted" at the point of each redaction on each page of the redacted document. The redacted image file should be produced along with OCR text of the redacted file. If metadata displayed in the imaged document was redacted, then that metadata should be excluded from the load file.

The reason for redaction (privilege, privacy, etc.) shall be provided on the face of the redaction or in accompanying metadata.

## XIII.  PRIVILEGE DISCLOSURES

1. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

2. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production and to withhold any such information on the basis of privilege or other legally recognized protection.

3. In the event that a producing party believes in good faith that a document subject to attorney-client privilege, work product or other valid privilege or immunity has been produced, counsel for the producing party shall notify all parties in writing immediately after learning or discovering that such production has been made.  Upon written notice by the producing party of such production, each recipient of such produced information shall promptly return, sequester, or destroy the specified information and any copies it has; shall not use or disclose the information until the claim of privilege is resolved; shall take reasonable steps to retrieve the information if the party disclosed it before being notified; and may

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

promptly present the information to the court under seal for a determination of the claim under Fed. R. Civ. P. 26(b)(5)(B). If a document appears to the receiving party to be privileged, the receiving party shall promptly notify the producing party that the document may have been inadvertently produced.

Pursuant to stipulation, **IT IS SO ORDERED.**

Dated: July 13, 2023

*David Leshner*

Honorable David D. Leshner
United States Magistrate Judge

# EXHIBIT A
# METADATA FIELDS

| Field Name | Description | Example/Format |
|---|---|---|
| **PRODBEG** | The Document ID number of first page of the document. | ABC0000001 |
| **PRODEND** | The Document ID number of the last page of a document. | ABC0000003 |
| **PROD BEGATTACH** | The Document ID number of the first page of the parent document. | ABC0000001 |
| **PROD ENDATTACH** | The Document ID number of the last page of the last attachment. | ABC0000008 |
| **CONFIDENTIALITY DESIGNATION** | The level of confidentiality assigned to the document by Counsel | Confidential, Highly Confidential, AEO |
| **PGCOUNT** | The number of pages in a document. (image records) | Numeric |
| **ALL CUSTODIANS** | All of the custodians/sources of a document from which the document originated. | Smith, Joe; Doe, Jane |
| **EMAIL SUBJECT** | The subject line of the e-mail. | |
| **EMAIL AUTHOR/ FROM** | The display name and e-mail of the author of an e-mail. | Joe Smith <jsmith@email.com> |

| Field Name | Description | Example/Format |
|---|---|---|
| **EMAIL RECIPIENTS/ TO** | The display name and e-mail of the recipient(s) of an e-mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| **EMAIL CC** | The display name and e-mail of the copy(ies) of an e-mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| **EMAIL BCC** | The display name and e-mail of the blind copy(ies) of an e-mail. | Joe Smith <jsmith@email.com>; tjones@email.com |
| **EMAIL ATTACHMENT COUNT** | The number of attachments to a parent. | Numeric |
| **EMAIL ATTACHMENT NAME** | The original file name of attached record. | Attach1.doc |
| **RECEIVEDDATE** | The date the document was received. | MM/DD/YYYY |
| **RECEIVED TIME** | The time the document was received. | HH:MM |
| **SENT DATE** | The date the document was sent. | MM/DD/YYYY |
| **SENT TIME** | The time the document was sent. | HH:MM |
| **TIME OFFSET VALUE/TIMEZONE PROCESSED** | The time zone that the data is set to when processed. | PST, CST, EST, etc. |
| **FILE NAME** | The file name of a native document. | Document Name.xls |

| Field Name | Description | Example/Format |
|---|---|---|
| **FILE AUTHOR** | The author of a document from extracted metadata. | jsmith |
| **DOC TITLE** | The extracted title of the document. | Table of Contents |
| **FILE MANAGER/ APPLICATION DESCRIPTION** | Native file application. | Microsoft Excel, Word, etc. |
| **FILE EXTENSION** | The file extension of a document. | XLS |
| **FILE CREATE DATE** | The date the document was created. | MM/DD/YYYY |
| **FILE CREATE TIME** | The time the document was created. | HH:MM |
| **FILE LAST MODIFICATION DATE** | The date the document was last modified. | MM/DD/YYYY |
| **FILE LAST ACCESS DATE** | The date the document was last accessed. | MM/DD/YYYY |
| **FILE LAST SAVED BY** | The last individual to save the file. | jsmith |
| **FILE LAST EDITED BY** | The name of the last person to edit the document from extracted metadata. | jsmith |
| **DATE APPOINTMENT START** | Date of calendar appointment entry. | MM/DD/YYYY |
| **TIME APPOINTMENT START** | Start time of calendar appointment entry. | HH:MM |

| Field Name | Description | Example/Format |
|---|---|---|
| **DATE APPOINTMENT END** | End date of calendar appointment entry | MM/DD/YYYY |
| **TIME APPOINTMENT END** | End time of calendar appointment entry. | HH:MM |
| **FILESIZE** | The file size of a document (including embedded attachments). | Numeric |
| **FILE PATH/ ORIGINAL PATH** | Location of the original document/ location in the ordinary course of business. This field should be populated for email and e-files. | Joe Smith/E-mail/Inbox Joe Smith/E-mail/Deleted Items |
| **MD5HASH** | The MD5 Hash value or de-duplication key assigned to a document. | |
| **NATIVELINK** | The full path to a native copy of a document. | D:\NATIVES\ABC000001.xls |