PEDRO RODRIGUEZ 14745993
SAN DIEGO CENTRAL JAIL
1173 FRONT ST
SAN DIEGO CA 92101
  5D-CELL9

FILED

AUG 0 7 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

PEDRO RODRIGUEZ, MODULE 5D PRISONERS
          PETITIONER

DUNSMORE, ET AL.,
          PLAINTIFF

V

SAN DIEGO COUNTY SHERIFFS
DEPT, ET AL.,
          DEFENDANTS

CASE# 20-CV-00406-ASB-DDL
OBJECTIONS TO
REPORT AND RECOMMENDATION

INTRODUCTION

FEDERAL RULES CIVIL PROCEDURE 23(d) GIVES THE
COURT WIDE LATITUDE TO HEAR MEMBER(S) (PLUNK) CLAIMS.
IT IS AGREED PETITIONER RODRIGUEZ ACTED AS ADDRESSEE NOT COUNSEL
FOR PRISONERS OF MODULE 5C NOW HOUSED IN MODULE 5D. NOT REPRESENTING
BUT F.R.C.P. 23(d)(2)(B)(iii) DOES NOT APPEAR TO
LIMIT HOW MODULE 5D PRISONERS MAY PRESENT A CLAIM.
    FOR EXAMPLE THIS PETITIONER DOES NOT SEE A CAVEAT
THAT THE PRISONERS OF MODULE 5D CAN NOT MAKE A
CLAIM AS A GROUP.
        5TH FLOOR PRISONERS ARE TREATED IN A MANNER
        THAT IS ANTITHETICAL TO HUMAN DIGNITY— HOPE V PELZER
    5TH FLOOR PRISONERS ARE CASTOFFS FROM THE 7TH FLOOR

1076

1  5TH FLR PRISONERS ARE TREATED LESS FAVORABLY THAN 7TH FLOOR PRISONERS
2  THOUGH CONVICTED OF THE SAME CATEGORY CRIME.
3       THIS IS ADMITTED ON BODY CAMERA BY A CORPORAL
4  LABANADOR 6/9/23 @ ON ABOUT 8:00PM THAT 7A & 7B
5  ARE BENEFITING FROM A "SPECIAL PROGRAM" 5TH FLOOR
6  PRISONERS DO NOT RECEIVE.
7       PER ATTACHMENT 'A' "COUNTY JAIL REFORM HAS
8  'LONG WAY TO GO'" SAN DIEGO UNION TRIBUNE  3/20/23
9  LT. AMBER BAGGS AND SHERIFF KELLEY MARTINEZ
10 ACKNOWLEDGE THREE BUNKS WHICH EVERY BUNK ON
11 5TH FLOOR IS ARE NOT ADA COMPLIANT.
12      RIGHT NOW SEVERELY MENTALLY DISABLED PRISONER
13 GARY BAUM (WEARS HELMET) IN WHEELCHAIR IS CONFINED
14 TO 5D-CELL 6 OF WHICH HE CAN NOT GET IN AND OUT
15 OF BED SPACE.
16           MODULE 5D PRISONERS ARE RETALIATED
17   AGAINST FOR BRINGING CLAIMS, RHODES V ROBINSON (2005)
18 PETITIONER ATTACHES SIGNATURE PAGE TO GROUP
19 GRIEVANCE SUBMITTED IN JONES V MARTINEZ 37-2021-00010648
20  A NOTICE OF SETTLEMENT WAS POSTED IN MODULE
21 DAYROOM THAT PRISONERS ARE TO BE PROVIDED BARS
22 OF SOAP TO HELP COMBAT COVID-19. 6/1/2023
23 IN RETALIATORY SEARCH ALL BARS OF SOAP
24 AND TOWELS AND UNDER CLOTHES WERE CONFISCATED
25 FROM MODULE.
26
27

2 of 6

1                   MODULE 5D PRISONERS ARE

2           DENIED ACCESS TO COURTS CHRISTOPHER v HARBURY

3    IN THIS PETITIONERS PERSONAL EXPERIENCE PETITIONERS

4    LEGAL WORK PRODUCT HAS BEEN CONFISCATED SINCE 10/1/2021

5    (ATTACHED "C") AND PRISONERS MAY PURCHASE STAMPS TO

6    MAIL PETITIONS TO COURT. IN SPITE OF CAL CONST

7    I § 28(F)(2), "RELEVANT EVIDENCE SHALL NOT BE EXCLUDED

8    IN ANY CRIMINAL PROCEEDING". PETITIONER HAS ACTIVE HABEAS

9    CLAIM IN UNITED STATES COURT OF APPEALS RODRIGUEZ v FISHER

10   22-55658. PETITIONERS CURRENT ASSIGNED COUNSEL ON

11   HABEAS CAN NOT MAIL PETITIONER LEGAL DOCUMENTS

12    STAFF ARE ACTIVELY ATTEMPTING TO CONFISCATE PETITIONERS

13   LEGAL MAIL INSPITE OF LEGAL MAIL BEING OUTSIDE

14   PROPERTY MATRIX.

15    THERE IS NO MEANINGFUL ACCESS TO LAW LIBRARY,

16   NO ACCESS TO COURTS, NO ACCESS TO LAWYER DIRECTORY,

17   NO ACCESS TO LEGISLATION. PETITIONER IS ELIGIBLE FOR

18   SENTENCE REDUCTION UNDER SENATE BILL 483 BUT

19   CAN NOT PRESENT CLAIM,

20              MODULE 5D PRISONERS ARE ISOLATED

21             23 HOURS A DAY AND SUBJECT TO

22            PSYCHOLOGICAL DEGRADATION

23    THE 5TH FLR IS WHERE INEXPERIENCED OFFICERS ARE

24   TRAINED TO HANDLE PRISONERS. MANY ARE TRAINED IN

25   TACTICS TO HARASS; REMOVING PENCILS, LIMITING UTENSILS,

26   SCATTERING OF PROPERTY, CONFISCATION OF AND DESTRUCTION

27

1  OF LEGAL WORK, AND DESTRUCTION PERSONAL PHOTOS, BOOKS,
2  MAGAZINES ARE CONFISCATED AND THE ONLY PROGRAM
3  GENERALLY AVAILABLE IS 23 HOUR LOCKDOWN.
4      THERE ARE NO BOOKS MADE AVAILABLE
5      NO PROGRAMS EDUCATIONAL OR VOCATIONAL AVAILABLE
6      NO MENTAL HEALTH PROGRAMS AVAILABLE
7      NO ACCESS TO DIRECT SUNLIGHT
8      A MAJORITY OF CELLS HAVE NO WINDOW
9      STAFF REGULARLY LOCKDOWN PRISONERS 10 DAYS
10     AT A TIME FOR EXCESS UNDER WEAR OR SOCKS.
11     PRISONERS WITH MAJOR DEPRESSIVE DISORDER ARE
12     REGULARLY ISOLATED THAN FAMILY.
13         THIS PETITIONER HAS 40+ LOCKDOWN DAYS
14  10 DAYS MAXIMUM AT A TIME WITH NO DUE PROCESS
15  IN DISCIPLINARY HEARINGS.
16         5th FLOOR PRISONERS DESERVE SPECIAL ATTENTION
17  AS IT IS WHERE THE PRISONERS DEEMED UNDESIRABLE
18  ARE HOUSED. VIOLENT BULLIES, SEVERELY DISABLED,
19  AND OF COURSE THOSE THAT COMPLAIN ABOUT CONDITIONS.
20     PRISONERS OF MODULE 5D ARE LOCKED DOWN IN
21  7FT X 16FT BATHROOM WITH TRIPLE BUNKS, MANY WITH NO
22  WINDOWS.
23                    ARGUMENT
24     AS DEMONSTRATED WITH THE CONFISCATION OF BARS
25  OF HANDSOAP 6/1/2023 THERE IS A OVERALL DISREGARD
26  OF SETTLEMENTS SUCH AS SONES V MARTINEZ 37-2021-00010648
27
28                    4 OF 6

1  PETITIONERS FEDERAL RULES OF CIVIL PROCEDURE IS CONFISCATED.

2      COPY OF RULE 23(d)(2)(B)(iii) PROVIDED TO PETITIONER STATES

3  "THE MEMBERS' OPPORTUNITY TO SIGNIFY WHETHER THEY

4  CONSIDER THE REPRESENTATION FAIR AND ADEQUATE, TO

5  INTERVENE AND PRESENT CLAIMS OR DEFENSES, OR TO

6  OTHERWISE COME INTO THE ACTION."

7  RELYING ON PETITIONERS COPY OF RULE 23 AND U.S. V

8  CITY OF MONTGOMERY, ALA., 162 F.R.D. 362, 364 (M.D.

9  ALA. 1995) PETITIONER MUST MOVE TO INTERVENE FIRST

10 BEFORE PRESENTING CLAIM.

11     F.R.C.P. 23(d)(1)(B)(iii) ADDRESSES THE MEMBERS

12  AS SUBCLASS MEMBERS PRISONERS ON 5TH FLOOR

13  MODULE SD  SHOULD RECEIVE ATTENTION THAT THEY

14  ARE TREATED LESS FAVORABLY THAN OTHER PRISONERS

15  CONVICTED OF THE SAME CATEGORY CRIME.

16     CONSTITUTIONAL LAW, STATE STATUTE AND REGULATIONS

17  EXIST, SDCS SHOULD BE COMPELLED TO STOP IGNORING THEM.

18  SDCS SHOULD BE COMPELLED TO COMPLY WITH SOCIETAL STANDARDS

19  OF DECENCY - RHODES V CHAPMAN 452 US 337 (1981)

20  1 NOT ALLOWING RECENT HIGH SCHOOL GRADUATES TO DICTATE

21  PRISONER PUNISHMENT WITHOUT SUPERVISION.

22  2. STOP EXCESSIVE ISOLATION / PSYCHOLOGICAL DEGRADATION

23  WITH USAGE OF VERY VAGUE DISCIPLINARY SCHEME

24  3 ACCESS TO SUNLIGHT

25  4 ACCESS TO LAW, LEGAL MAIL, AND COURTS

26  5. ACCESS TO THE OUTSIDE OF CELL.

27

28                          5 OF 6

1  ACCESS TO BOOKS
2  ACCESS TO HAIRCUTS & NAIL CLIPPERS
3  ACCESS TO EXERCISE.
4       FEDERAL RULES OF CIVIL PROCEDURE 23(d) PROVIDE
5  THE COURT WITH WIDE LATITUDE TO HEAR CLASS MEMBER
6  CLAIMS.
7       F.R.C.P 23(d)(1)(B)(iii) IS NOT RIGID IN HOW MEMBERS
8  OF CLASS ARE TO PRESENT CLAIMS.
9       IN PETITIONERS ORIGINAL FILING A SIGNATURE PAGE
10  WAS PROVIDED THIS PETITIONER WAS SUST NAMED THE ADDRESSEE,
11  NOT REPRESENTATION
12       THIS PETITIONER DOES NOT REPRESENT THE PRISONERS
13  OF SD WHO WISH TO PRESENT CLAIMS BUT IS ONLY
14  THE ADDRESSEE.
15
16       THE PETITIONER IS HOUSED NON-BINARY PHYSICALLY
17  AND MENTALLY DISABLED.
18       THE PETITIONER IS SERVING A 16 YEAR CONSECUTIVE
19  MISDEMEANOR SENTENCE FOR INDIRECT CONTEMPT OF COURT
20  CONTRARY TO CA PENAL CODE 1170(h)(5)(A) WHICH
21  IS A NORMAL SENTENCE IN THE COUNTY OF SAN DIEGO
22       PETITIONER AND PRISONERS OF SD DESERVE TO
23  BE TREATED BETTER THAN VEAL.
24                    CONCLUSION
25
26       MODULE SD PRISONERS SHOULD BE ALLOWED TO INTERVENE AS
27  A PLAINTIFF, AND PRESENT CLAIMS.   RESPECTFULLY
28                         PEDRO RODRIGUEZ IN PROPER  7/15/23
                              6 OF 6

ATTACHMENT 'A'

ATTACHMENT 'A'

ATTACHMENT 'A'

ATTACHMENT 'A'
SAN DIEGO OHIO 92201
ANTICLE
COUSIN SNC MEBAN
HAS LONG UH 260
3/9/23

# The San Diego Union-Tribune

# Local

B2  Local reports    B3    Editorial & Opinion    B4    Obituaries

MONDAY • MARCH 20, 2023

## COUNTY JAIL REFORM HAS 'LONG WAY TO GO'

Lawyers, inmates speak out at update on lawsuit on prisoner treatment

BY CALEB LUNETTA

Cheryl Canson stood at a town hall meeting in Chula Vista last week holding a poster board decorated with pictures of her family.

While speaking to about 15 attendees — some of whom participated via Zoom — she said two of her sons are in San Diego County jail, and they each suffer from mental health issues and she was worried about their safety.

"The mentally ill are not being heard and so they end up in prison and in jails," Canson said. "I see their stories and their need for mental health treatment is not being addressed adequately. Their illness is exacerbated because of the toxic environment."

The town hall, hosted jointly by the Racial Justice Coalition and the North County Equity Justice Coalition, provided an update on an ongoing lawsuit against San Diego County and the Sheriff's Department, accusing both of failing to

provide adequate medical and mental health care in the county jail, as well as several other causes of action.

San Diego County jails have been under scrutiny in recent years because of a high rate of in-custody deaths — 185 in 15 years. The Union-Tribune's 2019 series "Dying Behind Bars" revealed that the mortality rate in San Diego jails was the highest among large counties in the state.

Many of those deaths were the result of suicides and drug overdoses, and many of the people involved were dealing with mental illness. In some cases the deaths were



the result of homicides.

After a lengthy investigation, the state auditor issued a report in February 2022, in which it found the Sheriff's Department had repeatedly failed to prevent and respond to the deaths.

Two people in sheriff's custody have died in jail so far this year. Last year a record 19 people died in sheriff's custody, and a 20th person died hours after he was released from custody for medical reasons.

The lawsuit, filed in federal court in San Diego, lists 14 plaintiffs — people currently and formerly held

SEE JAIL • B4

# JAIL
## FROM B1

in county jail — and contends that in addition to providing poor health care within the jail facilities run by the Sheriff's Department, the county also provided poor living conditions, said Gay Crosthwait Grunfeld, one of the plaintiffs' attorneys in the case.

The plaintiffs allege in the lawsuit that the county failed to provide reasonable accommodations to incarcerated people with disabilities, and failed to ensure the safety and security of incarcerated people. They also claim that "unnecessary and dangerous detention practices in San Diego County" disproportionately harm Black and Latino people according to court documents.

Grunfeld said the lawsuit was filed in 2022.

A third amended complaint was filed in approved by a magistrate judge in federal court.

"I would say that my involvement, having spent part of the day there, is that there's really a long, long way to go in that facility," the attorney said during the town hall. "We toured with a captain, our expert and the county's expert and I can say is that it's a very difficult environment."

Earlier this month, newly elected Sheriff Kelly Martinez talked about changes the department has made over the last year to better meet the needs of mentally ill people in custody, including working to get them into conservatorships if needed.

Martinez, didn't speak directly about the death of 46-year-old Lonnie Rupard, who was found unresponsive in a filthy jail cell in downtown San Diego. But her comments came a day after the Medical Examiner's Office determined that Rupard's death was a homicide and cited "ineffective" care of the mentally ill man in jail as a factor.

Asked to comment on the lawsuit, Lt. Amber Baggs, a Sheriff's Department spokesperson, reiterated that the department is continuing to make improvements to the jail system.

"The Sheriff's Department has been diligently working to implement changes in our detention facilities to ensure the safety, health and well-being of people in our custody," Baggs said in a statement.

She also said Martinez's medical and mental health professionals, a compliance manager and a facility project and case manager will work to ensure inmates with disabilities have equal treatment. Baggs said.

"Already existing staff positions within the Sheriff's budget were modified to create this much needed unit. It is the Sheriff's goal to have this new unit operational by the start of Fall 2023," the lieutenant said in the statement.

Additionally, the Sheriff's Department has rolled out body-worn cameras for correctional officers and said the county is working to improve the communication and wireless systems within jails. The body-worn cameras are currently available for deputies in two of the six county jails.

Grunfeld said that when she toured the downtown jail on March 13, she saw inmates waiting for inmates to call for help and that many of the intercom systems were broken. She also said the jail still housed three inmates in vertical bunks, a practice that has been reduced in many California prisons.

"A person in a wheelchair can't get into a triple bunk, even the bottom bunk," Grunfeld said. "The facilities are not [Americans with Disabilities Act] compliant and we're going to ask the court to get that started. ...

"The County and the Sheriff's Department are burying their heads in the sand, and they continue to deflect responsibility, fight our lawsuit, make big promises without any time frame, timeline or concrete action," the attorney continued. "The mistreatment of people in the county's jails is simple. It's intentional, unlawful and immoral."

Baggs acknowledged that there was triple bunking in San Diego County facilities, but that they were just by looking, that this person doesn't belong in this module."

Baggs said the Sheriff's Department is testing a biometric scanner in jails that will determine when a person is in medical distress. She added that multidisciplinary groups conduct one-on-one wellness checks with individuals in the jails who are deemed "most vulnerable."

"These checks are done twice a week at George Bailey Detention Facility in Otay Mesa and three times a week at the Central Jail in downtown San Diego. They are conducted once a week at Las Colinas Detention and Reentry Facility in Santee as well as the Vista Detention Facility.

Lon Chhay, who spent 22 years of his life in and out of the San Diego legal system, said at the town hall meeting that beatings and mistreatment were a regular part of his life.

"I was in modules with people with mental health issues, and they would just throw them in there without any supervision," Chhay

During the town hall, Sundee Weddle said her son, Saxon Rodriguez, 22, "survived" Central Jail the first time. The second time he was jailed, he was found unresponsive in his cell on July 20, 2021, four days after he was arrested.

Rodriguez died from what was later determined to be a fentanyl and methamphetamine overdose.

Last year, the independent review board that provides oversight of the Sheriff's Department faulted the entire department for failing to keep illegal drugs out of its jails.

While investigators were unable to pinpoint how the drugs made it into the jail, "the evidence indicated that either sworn (Sheriff's Department) personnel and/or non-sworn personnel failed to prevent illicit drugs from entering the detention facility," the review board said.

The Sheriff's Department has recently installed dispensers containing naloxone, also known by the brand name as Narcan, in the jails. The medication is used to reverse the effects of an opioid overdose.

Baggs said the department is employing several methods to prevent drugs from getting into the jails, including starting an enhanced intake process to test for drug use, and bringing in new toilets and large search mirrors to prevent contraband from being hidden in restrooms or under benches during booking.

The department continues to make other changes, but some families and advocates for the people who are incarcerated say the changes haven't happened soon enough.

"There are still too many overdoses, but I am grateful they've allowed the inmates access to Narcan," said Weddle. "I wish it had been available when (my son) was there."

A status conference on the case is set for April 14 in U.S. District Court.

caleb.lunetta@sduniontribune.com

ATTACHMENT 'B'
GROUP OBJECTION
IN SMITH V MARTINEZ
27-2021-00010648

ATTACHMENT 'B'

ATTACHMENT 'B'

ATTACHMENT 'B'



# San Diego County
# SHERIFF'S DEPARTMENT

*3720 1 CONN 98-CD-AO-CTC*
*2023*

## INMATE GRIEVANCE/APPEAL OF DISCIPLINE
## *QUEJA/APELACION DE LA DISCIPLINA DE PRESO*

☒ SDCJ ☐ GBDF ☐ EMRF ☐ LCDRF ☐ SBDF ☐ VDF ☐ FAC8

From: _____    1474693    _____
*De:*  Name (Last, First, Middle)        Booking Number    Housing Unit
       *Nombre (Apellido, Primero, Segundo)*   *Número de ficha*   *Unidad de alojamiento*

Grievance is about: ☐ Jail Procedures ☐ Jail Conditions ☐ Medical ☐ PREA ☐ Other
*La queja es acerca:*  *Procedimientos de* *Condiciones de*  *Médico*           *Otro*
                       *la Cárcel*        *la Cárcel*

Date and Time of Incident / *Fecha y hora del incidente:* _____

Describe the reason for your grievance in your own words. Please be specific. (Use additional sheets if necessary)
*Describa la razón de su queja en sus propias palabras. Por favor sea específico. (Use hojas adicionales si es necesario)*

_____

Luis Velasquez _____ #23713161
_____ Christopher A. (Howard) #2279100
_____ _____ #23721161
Kevin Bonilla _____ #23720680
Joseph Coleman _____ #23717066
Israel Navy _____ 23721603
Guillermo Tereda _____

Inmate Signature / *Firma de Preso*          Date / *Fecha*

---

THIS BOX IS FOR OFFICIAL USE ONLY
*Esta caja es para el uso oficial solamente.*

Received by: _____
             Signature of receiving staff member   ARJIS #   Date   Time

Entered in JIMS: _____
                 Date      Time       JIMS Grievance Number

If one of the following two conditions is alleged by the inmate, this grievance must be answered within 4 days:
☐ The inmate's health or safety is unfairly impacted by a condition of confinement
☐ A condition of confinement has prevented the inmate's effective communication/participation in a legal hearing.

☐ This submission is not a grievance:
  ☐ It is an appeal of discipline—JIMS Incident # _____ JIMS Appeal Hearing # _____
  ☐ It is a complaint against staff—JIMS Incident # _____ (Refer to Detentions P&P Section N.1)
  ☐ It is an inmate request—respond in writing below. (No entry in JIMS, copy of response to booking jacket)
Response to Inmate Request: _____

---

J-22 (Rev 1/15)   **Original goes to booking jacket**   **Copy goes to inmate after being signed by staff member**

ATTACHMENT "C"

ATTACHMENT "C"

ATTACHMENT "C"
EXHAUSTED GRIEVANCES
REGARDING
CAMP ACCESS
AND LEGAL MAIL



# SAN DIEGO SHERIFF'S DEPARTMENT
# GRIEVANCE RESPONSE

Inmate Name: Pedro Rodriguez

Mr. Rodriguez,

After researching all records and interviewing previous staff related to your original request and subsequent grievances, I am denying your appeal. I'm doing so based on the information I gathered from documentation and statements of staff I interviewed.

On October 15, 2021, you were provided an opportunity to obtain any legal documents you felt necessary and three books. On that date, you agreed with the conditions explained to you by the deputy with you during this process. The deputy explained this was your one and only opportunity to gather items you needed, and the property would be stored and secured. You acknowledged that you understood and agreed to those conditions.

Because your bulk property is stored and secured at another facility and the restricted movement of incarcerated persons during the current COVID outbreak, no exceptions will be made absent a court order (i.e., granting propria persona status) to take you to the San Diego Central Jail. Furthermore, the amount and mass of your property, combined with the precautions that must be taken to ensure proper accounting of your property, prohibits the department from moving your property from storage. In short, there is no practical means for you to access your property to remove any other legal documentation. Allowing you to access any of your stored documents absent pro per status is against department policy.

You have received sufficient explanation from the previous staff responses detailing why your initial request, and subsequent grievances were denied. Please refer to those responses. Finally, any access to your stored legal work must be facilitated through your legal representative.

| Staff Name / ARJIS (print) | Gardenhire/3301 | Inmate Name (print) | Pedro Rodriguez |
|---|---|---|---|
| Signature | | Signature | |
| Facility/Unit | GBDF | Facility | GBDF |
| JIMS Grievance # | 224000124 | Booking # | 14745493 |
| Date | 01/30/2022 | Date | 01/31/2022 |

J-10   03/2021

# SAN DIEGO SHERIFFS DEPARTMENT

## Grievance Report

**Grievance Information:**

**Entry Dt/Tm:** 04-18-2022 1526                          **Entry By:** NESMITH, PATRICK

**Update Dt/Tm:** 00-00-0000 0000                       **Update By:**

On 4/12/2022, I received your grievance regarding legal mail and regular mail not being delivered to you.

The Policies and Procedures implemented at the San Diego Central Jail states that all incoming non legal mail will be routed to the Mail Processing Center (MPC) warehouse. Due to this regular mail may sometimes be delayed up to several days or even sometimes a week.

When it comes to your legal mail Attorneys are required to take measures to safeguard the confidentiality of communications with their clients. For attorney mail, it shall be the sender?s
responsibility to identify confidential/legal mail on the front of the envelope with the words ?legal mail,? ?confidential mail,? or similar descriptor. All incoming U.S. mail within the purview of confidential/legal mail shall be opened and inspected for contraband in the presence of the inmate. Absent any security concerns, the mail shall then be given directly to the incarcerated individual.

I conducted a visual search of the 7th floor for any regular and or legal mail depicting your name. Unfortunately, nothing was found.

There is no proof of any wrongdoing. I appreciate you bringing this issue to my attention, and I have contacted MPC. I'm considering these issues resolved.



# SAN DIEGO SHERIFF'S DEPARTMENT
# GRIEVANCE RESPONSE

Inmate Name: Pedro Rodriguez #14745493

TO: P. Rodriguez #14745493

FROM: Lt. Bejarano #4018

RE: Grievance #214001396

Mr. Rodriguez,

In regard to your appeal of findings in relation to Grievance #214001396, I have reviewed your original grievance and Sgt. Bernal's response and uphold those findings.

Your appeal to the removal of contraband items (stamps) from "Legal" mail is based upon your claim of having been granted pro per/pro se status in Federal District Court. While pro per stats does grant you certain privileges, it does not exempt you from the rules regarding the contraband and facility security. That being said, you were not factual in your appeal as you have not been granted Propria Persona Status. Despite the fact you have requested pro per status for the 21-cv-01442 matter only, at this point the court has not ruled on your motion and thus have not granted you pro per status.

If you are granted pro per status by the court, please understand San Diego Sheriff Policy grants pro per privileges for current criminal cases only.

| Staff Name / ARJIS (print) | Lt. Bejarano #4018 | Inmate Name (print) | Pedro Rodriguez |
|---|---|---|---|
| Signature | Dane Bejarano Digitally signed by Dane Bejarano Date: 2021.12.13 08:52:01 -08'00' | Signature | |
| Facility/Unit | 2B-106 | Facility | George Bailey |
| JIMS Grievance # | 21001396 | Booking # | 14745493 |
| Date | 12/13/2021 | Date | 12/13/2021 |

J-10  06/2021

*20*

**October 5, 2022**

**To:**   **Pedro Rodriguez Bk# 1474549**

**From:   Lieutenant Poirier**
**Vista Detention Facility – Administration**


**Subject: Legal Mail**


On September 29, 2022, and October 5, 2022, I received an email from Internal Affairs stating they received your voicemail, where you state you are not receiving any of your legal mail and legal correspondence from courts.  Internal Affairs Unit cannot resolve this issue.

ALL incoming mail, legal or not is processed through the Mail Processing Center at LCDRF. I have contacted them, as well as their supervisor. They do not have any legal mail for you.  I had my staff look around (thoroughly) all areas of VDF for your legal mail just in case it was misplaced. No legal mail was found. Please contact your attorney and let them know that we do not have legal mail for you, perhaps it was misplaced or not mailed out.


Please feel free to contact me with any further concerns you may have.

Lt. Poirier – VDF Administration

**20**

# VERIFICATION

### FORM No. 2

**Verification of Pleading (Code Civ. Proc., § 446)**
**Declaration under Penalty of Perjury Form (Code Civ. Proc., §§ 446, 2015.5)**

by Party

CASE TITLE _DUNSMORE V. SD SHERIFFS DEPT 20-CV-00406_

I, _PEDRO RODRIGUEZ_ , declare:
       (Name)

I am the _PETITIONER_ in the above-entitled matter.

    I have read the foregoing _OBJECTIONS TO REPORT AND RECOMMENDATION_
(pleading, e.g., complaint) and know the contents thereof.

    The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

    Executed on _July 15_ , 20_23_ at _SAN DIEGO CENTRAL JAIL_
_SAN DIEGO_ County, California.

    I declare (or certify) under penalty of perjury that the foregoing is true and correct.

_____
(Signature of Party)

## PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, __PEDRO RODRIGUEZ_____, declare:

I am over 18 years of age and a party to this action. I am a PRISONER ~~COMMIT~~ of _____

_____ SAN DIEGO CENTRAL JAIL _____ Prison,

in the county of ____SAN DIEGO_____

State of California. My prison address is: SAN DIEGO CENTRAL JAIL
1173 FRONT ST, SAN DIEGO CA 92101

On ____JULY 15 2023_____
(DATE)

I served the attached: OBJECTIONS TO REPORT AND
RECOMENDATION
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope,
with postage thereon fully paid, in the United States Mail in a deposit box so provided at the
above-named correctional institution in which I am presently confined. The envelope was
addressed as follows:

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT
OF CALIFORNIA 333 WEST BROADWAY, SUITE 420
SAN DIEGO CA 92101

I declare under penalty of perjury under the laws of the United States of America that the
forgoing is true and correct.

Executed on ___7/15/2023_____
(DATE)

_____
(DECLARANT'S SIGNATURE)

S:\COMMON CSA FORMS\P_BRFSVC.WPD August 21, 2000 (2:11pm)



