Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, California 92101-8474
Tel:  619.814.5800   Fax:  619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail:  epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, California 95113-2336
Tel:  408.606.6300   Fax:  408.606.6333

Attorneys for Defendant
COUNTY OF SAN DIEGO, (Also erroneously sued herein as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, and SAN DIEGO COUNTY PROBATION DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.  3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL CIRB REPORTS [RFP. NO. 81]**<br><br>**[Concurrently filed with Declarations of Michael Baranic; Elizabeth M. Pappy]**<br><br>[NO HEARING PER COURT ORDER]<br><br>Mag. Judge:   Hon. David D. Leshner |

## I. INTRODUCTION

Plaintiffs seek Critical Incident Review Board (CIRB) Reports from January 1, 2021 to the present. The CIRB Reports are protected by the attorney-client privilege, attorney work product doctrine, and the official information privilege.

The CIRB Reports were prepared for the primary purpose of legal advice provided by Sheriff's Legal Counsel to the Department on civil liability and exposure from critical incidents triggering anticipated litigation. This includes the necessary ambit of legal advice or legal assistance discussing policy/procedures issues potentially contributing to the incident, as well as proposals to prevent future occurrences and exposure to liability. Remedial measures that involve attorney input as part of the process constitute legal advice/assistance.

The County acknowledges that prior discovery orders within this district have permitted the disclosure of CIRB reports. *See Greer v. Cnty. of San Diego*, 2022 WL 6258319 (S.D. Cal. Oct. 7, 2022), *Morton v. Cnty. of San Diego*, No. 21-CV-1428-MMA-DDL, 2023 WL 4243239, at *4 (S.D. Cal. June 27, 2023), reconsideration denied, No. 21-CV-1428-MMA-DDL, 2023 WL 5746921 (S.D. Cal. Sept. 6, 2023), and clarified on denial of reconsideration, No. 21-CV-1428-MMA-DDL, 2023 WL 6120995 (S.D. Cal. Sept. 18, 2023). These past conclusions in *Greer, Morton, etc.* as to the confidential privileged CIRB reports are in error, misapplying the "primary purpose" test in *In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) cert. dism'd, 143 S. Ct. 543 (2023). *Greer* and *Morton* result from the flawed premise that remedial/investigatory purposes of post-incident communications that involve the Chief Legal Advisor cannot constitute a legal advisory purpose. Moreover, the attorney work product doctrine applies to protect disclosure of the CIRB Reports, which were prepared due to the *prospect* of litigation. The CIRB Reports are also protected under the official information privilege, the disclosure of which can chill frank deliberations against public policy.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

- 1 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL CIRB

## II. BRIEF FACTUAL BACKGROUND

### A. Discovery At-Issue

Request for Production No. 81 seeking "ALL reports generated by the Critical Incident Review Board RELATING TO in-custody DEATHS at the JAIL from January 1, 2021 to the present." County served a Privilege Log on October 17, 2023, followed by an Amended Privilege Log on October 23, 2023.

There are 25 CIRB reports at issue, consisting of the Memo Packet with CIRB Report and Attachments:

(A) Confidential "Attorney-Client Privileged" Critical Incident Review Board (CIRB) Memo Packet Cover Sheet for transmittal to Sheriff's Legal of San Diego County Sheriff's Department; and

(B) "Privileged Attorney-Client" County of San Diego CIRB Inter-Departmental Correspondence and any attachments. (i.e. the CIRB report.)

The Amended Privilege Log identifies the Items and contains detailed Tables of names, titles, and departments of County Privileged Persons listed. There are 26 items in the Amended Privilege Log, with Item 17, an email string, referring to the CIRB report at Item 16.[1]

### B. Critical Incident Review Board (CIRB)

The primary purpose of the CIRB is specified in the Sheriff's Department Policies and Procedures ("P&P") § 4.23 and Chief Legal Advisor Michael Baranic's Declaration. The CIRB conducts a review of critical incidents, which include in-custody deaths (other than natural causes) such as a jail inmate's suicide, for the primary purpose of assessing the department's civil exposure and liability because of a given incident triggering anticipated litigation. [Baranic Decl., ¶13; Exh. A: P&P § 4.23]

---

[1] There is no waiver regarding a privilege log. Plaintiffs are familiar with the format of the CIRB Reports and the County's prior privilege logs, and the parties recognized the CIRB Reports would be a discovery dispute.

The CIRB is comprised of department leadership and the Sheriff's Legal Advisor and performs a critical review of each incident. The CIRB Board consists of the Chief Legal Advisor and 4 commanders (one from each bureau). The primary purpose of the CIRB is to gather information and consult with department legal counsel to assess the department's civil exposure when an incident occurs which may give rise to litigation. The focus of the CIRB is to assess the department's civil exposure because of a given incident.  The review may identify potential misconduct, criminal negligence or behavior, policy violations, training deficiencies, or other areas where the Department can improve and make facilities safer for staff and those in custody.  [Baranic Decl., ¶14; Exh. A: P&P § 4.23].

As described in SD Sheriff P&P 4.23 Department Committees and Review Boards, communications and documents generated as part of the privileged CIRB review are confidential and protected from disclosure.  The confidential CIRB privileged review and communications occur within the attorney-client relationship between necessary privileged persons and/or the CIRB Board for the purpose of obtaining legal advice and assisting Sheriff's Legal counsel in rendering legal advice.  [Baranic Decl., ¶15; Exh. A: P&P § 4.23].

The CIRB privileged review of a given incident is a bifurcated process. The critical point is *when* the privileged communications and documents transmitted or generated as part of the confidential CIRB privileged process occurred: A) Critical Incident Event Triggering CIRB Review, Preparation For CIRB; B) Presentation session CIRB meeting with Privileged Persons CIRB Attendees; C) Closed session CIRB meeting; D) Action Items via Chain of affected Command via Division of Inspectional Services (DIS) in capacity as CIRB liaison; and E) "Confidential Attorney-Client Privileged" CIRB Report to Sheriff's Legal. [Baranic Decl., ¶ 19; Exh. A: P&P § 4.23.]

A bifurcated process occurs with a Presentation session and Closed session:

- First, the confidential privileged "Presentation" session meeting is held with necessary privileged persons (CIRB Attendees) for the purpose of relaying information to the CIRB members to assist Sheriff's Legal for the primary purpose of providing legal advice to the Department on liability and exposure.
After the Presentation session, all invited attendees leave.
- Sheriff's Legal and rest of CIRB Board meet for confidential privileged Closed session. An authorized DIS Lieutenant representative attends in the capacity of CIRB liaison and to transcribe and memorialize the discussion for Sheriff's Legal.
- Then, the confidential attorney-client privileged CIRB report is prepared by an authorized DIS representative for transmittal to Sheriff's Legal.
[Baranic Decl., ¶ 20 fn. 1; Exh. A: P&P § 4.23.]

### III. ARGUMENT

#### A. The CIRB Reports Are Protected By The Attorney-Client Privilege

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). "The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, ... as well as an attorney's advice in response to such disclosures." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations and quotations omitted). The Ninth Circuit, in *In re Grand Jury*, 23 F.4th 1088, 1092, 1094-95, held that if a communication has a dual purpose including but not limited to the obtaining, the giving or the receiving of an attorney's legal advice, then the attorney-client privilege applies only if "the primary purpose" (or, at a minimum, "a primary purpose") of the communication is the obtaining, the giving or the receiving of the attorney's legal advice.

The attorney-client privilege applies to protect the CIRB Report from discovery. *See United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010). (privilege applies: "(1) [w]here legal advice of any kind is sought (2) from a

professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at [client's] insistence permanently protected (7) from disclosure by [client] or by the legal advisor, (8) unless the protection be waived").

The CIRB Reports were prepared at the direction of Sheriff's Legal Counsel solely for the purpose of communicating to Sheriff's Legal and counsel's review during the attorney-client relationship and confidential transmittal to counsel. The CIRB Reports were prepared for the primary purpose of providing legal advice by Sheriff's Legal Counsel to the Department on civil liability and exposure resulting from the incidents triggering anticipated litigation. [Baranic Decl., ¶18; Exh. A: P&P § 4.23.]. P&P § 4.23 is clear the primary purpose of the CIRB is to provide legal advice by Sheriff's Legal to the Department on civil liability and exposure resulting from a given incident triggering anticipated litigation.[2] Preparation and transmittal of the CIRB Report occurs within the attorney-client relationship between the Sheriff's Legal Advisor and necessary privileged persons within the Department. [Baranic Decl., ¶15].

Plaintiffs rely on *Greer* and *Morton* to contend that this Court should follow in their stead and deem that the attorney-client privilege does not apply. However, *Greer* and *Morton* focus on the wrong analysis. As the Ninth Circuit held in *In re Grand Jury*, 23 F.4th 1088, 1091, under the "primary purpose" test, "courts look at whether the primary purpose of the communication is to give or receive legal advice, as opposed to business or tax advice." *Id*. at 1091 citing *In re County of Erie*, 473 F.3d 413, 420 (2d Cir. 2007) ("We consider whether the predominant purpose of the communication is to render or solicit legal advice.") In both *Greer*

---

[2] The language of P&P § 4.23 is plain indeed: CIRB's primary purpose is to consult with department legal counsel when an incident occurs which may give rise to litigation. The focus of the CIRB is to assess the department's civil exposure as a result of a given incident. The CIRB Report was prepared for the primary purpose of providing legal advice to the Department on liability and exposure because of the incident triggering anticipated litigation. [Baranic Decl., ¶14; Exh. A: P&P § 4.23.]

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

- 5 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL CIRB

and *Morton,* the courts determined that the primary purpose of the *CIRB* was not to obtain legal advice from counsel, and thus, attorney-client privilege does not apply. *Greer*, at *5-7. For example, in *Greer*, the court held that the "CIRB's primary purpose is investigative and remedial (activities generally not protected by the attorney-client privilege), and the County has not carried its burden of establishing the primary purpose of the twelve CIRB investigations at issue was obtaining legal advice." *Id*. * 2, 5-7. Similarly, in *Morton,* the court noted it was not writing on a "blank slate" and stated that "the primary purpose of the CIRB meeting itself was not to seek or receive legal advice that would justify asserting the attorney-client privilege as to the entire CIRB report." *Morton v. Cnty. of San Diego*, 2023 WL 4243239, at *5 (S.D. Cal. June 27, 2023).

    *Greer* results from a flawed premise that the CIRB serves "multiple purposes unrelated to obtaining legal advice," which the court terms as "investigative and remedial," as opposed to legal advice, such as purposes in determining whether or not a policy violation may exist; identifying possible opportunities for change in policies, procedure, and training to affect consistent positive outcomes; making recommendations for training based upon the analysis of critical incidents; debriefing the employee as to the results of the CIRB, etc. *Id*. at 920. Both *Greer* and *Morton's* identification of "legal advice" is too narrow. All these alleged purposes fall under the rubric of legal advice. As recognized by *In re Grand Jury*, the attorney-client privilege covers legal advice and legal *assistance*. 23 F.4th t 1092 (9th Cir. 2021).

    Further, both *Greer* and *Morton* analyze the issue at too high a level of analysis, conflating the CIRB with the CIRB Report. *Greer* ignores the CIRB report, pointing only to "communications during the CIRB meetings" to suggest such communications are not made in confidence or in the course of an attorney-client relationship. *See Greer*, at *7. But this point is irrelevant (and wrong). The CIRB report is the communication at issue. Moreover, the fact, as relied upon in

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

- 6 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL CIRB

1 *Morton*, that the CIRB vote on the existence of policy violations can be held
2 without the Chief Legal Advisor, who serves as a non-voting CIRB member, does
3 not mean that the Chief Legal Advisor is not involved in providing legal advice or
4 assistance.

5     Additionally, *In re Grand Jury* leaves open whether "a" primary purpose test
6 rather than "the" primary purpose test should apply. In *Kellogg Brown & Root Inc.*,
7 756 F.3d 754, 759-60 (D.C. Cir. 2014) ("*Kellogg*"), the D.C. Circuit adopted "a
8 primary purpose" as the correct standard rather than "the primary purpose." *In re
9 Grand Jury* stated, "We see the merits of the reasoning in *Kellogg*," but ultimately
10 decided that the Court need not reach "the *Kellogg* question." *See Intex Recreation
11 Corp. v. Bestway (USA), Inc.*, No. CV 19-8596-JAK(EX), 2023 WL 6193018, at *1
12 (C.D. Cal. Sept. 8, 2023) (applying the *Kellogg* test). One of the reasons why *In re
13 Grand Jury* did not adopt *Kellogg* was because *Kellogg's* "a primary purpose test"
14 dealt with the specific context of internal investigations, and its reasoning did not
15 apply in the tax context. In *Kellogg*, the company conducted an internal
16 investigation for both legal (e.g., to obtain legal advice) and business reasons (e.g.,
17 to comply with regulatory requirements and corporate policy, which at minimum, is
18 the case here. *In re Grand Jury* leaves open a privilege protection for such internal
19 investigations that display a dual purpose.

20     Lastly, attorney-client protection over the CIRB Reports serves the purpose
21 of the attorney-client privilege, which is to encourage "full and frank
22 communication between attorneys and their clients and thereby promote broader
23 public interests in the observance of law and administration of justice." *Upjohn Co.
24 v. United States*, 449 U.S. 383, 389 (1981).

25     **B.**     **The CIRB Reports Are Protected By The Attorney-Work Product
26     Doctrine**

27     The purpose of the work product doctrine is to protect "written statements,
28 private memoranda and personal recollections prepared or formed by an adverse

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

- 7 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL CIRB

party's counsel in the course of his legal duties." *Hickman v. Taylor*, 329 U.S. 495 (1947). "[T]o qualify for protection against discovery under Rule 26(b)(3), documents must have two characteristics: (1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared by or for another party or by or for that other party's representative." *In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) (citations and alterations omitted). A document is prepared "in anticipation of litigation" if it was prepared or obtained because of *the prospect of* litigation. *See In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.),* 357 F.3d at 907-08. "The 'because of' standard does not consider whether litigation was a primary or secondary motive behind the creation of the document." *Id*. at 908. "Rather, it considers the totality of the circumstances and affords protection when it can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation." *Id*. (citation omitted); *see also In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) ("It is a broader test than the 'primary purpose' test because it looks only at causal connection, and not a 'primary' reason.").

The CIRB Reports were prepared in anticipation of litigation, which includes the *prospect* of litigation. CIRB incidents, *i.e.* an inmate's death, not surprisingly, necessarily triggers the prospect of anticipated litigation. Plaintiffs maintain that the CIRB Reports are not attorney work product because they are prepared for <u>all</u> critical incidents, not solely for those involving litigation. However, the work product doctrine protects attorney work product in matters involving the prospect of litigation, which applies to each critical incident by their very nature. Not all in custody deaths go through CIRB review; deaths such as by natural causes do not. In-custody deaths inherently carry with them the prospect of litigation, including the prospect that litigants will be searching for grounds of alleged County liability, including evidence of subsequent remedial measures. In fact, these in-custody

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

- 8 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL CIRB

deaths <u>are</u> a subject of the instant litigation – the prospect of litigation has proven to be accurate.  It is unknown how Plaintiffs can deny there is a prospect of liability as to each in-custody death, since Plaintiffs are the ones who have repeatedly raised the number of in-custody deaths in virtually every pleading, including here ("Nearly 50 people have died in San Diego County jails"), wherein they lodge broad accusations that the County is responsible for these deaths.

The fact that a CIRB review is performed for each critical incident does not negate the fact that each in-custody death raises the prospect of litigation. Plaintiffs' reliance on *Greer*, 634 F. Supp. 3d at 915-16; *Morton I*, 2023 WL 4243239, at *7; *Morton II*, 2023 WL 5746921, at *8; and *Serna*, Dkt. 220 at 14 all fail because they all rely on the same (invalid) argument that CIRB reviews of all critical incidents must be performed which means that all these incidents cannot be subject to anticipated litigation.  Even if the Court determines there are purposes for the CIRB reports other than to give or receive legal advice, this does not negate work product because the attorney work product analysis does not follow the primary purpose test. *In re Grand Jury*, 23 F.4th at 1092.

### C. **The Official Information Privilege Protects Production of the CIRB Reports.**

The CIRB Reports are also protected under the official information privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990); *Kelly v. City of San Jose*, 114 F.R.D. 653, 669 (N.D. Cal. 1987.).  Governmental or privacy interests would be threatened by disclosure of the CIRB Reports to Plaintiffs and/or their lawyers.  Disclosure, even with a protective order, would create a substantial risk of harm to significant governmental or privacy interests.  The release of CIRB Reports, without any privilege protection or order limiting admissibility, could chill the frank deliberations that occur to render advice and formulate a strategy as part of the CIRB process to address concerns related to potential or anticipated civil litigation regarding an incident.  The interests of the County as to protecting

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

- 9 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL CIRB

confidential communications and work product could be impacted by a significant magnitude if disclosure without redactions of all the CIRB Reports is ordered. [Baranic Decl., ¶ 27.]

## IV. ALTERNATIVELY, REDACTIONS AND A PROTECTIVE ORDER ARE APPROPRIATE

In the alternative, if the Court finds that attorney client privilege or work product protection does not apply to the entirety of the document, redaction is appropriate. *See Morton v. Cnty. of San Diego*, No. 21-CV-1428-MMA-DDL, 2023 WL 4243239, at *6 (S.D. Cal. June 27, 2023) ("redaction is available for documents which contain legal advice that is incidental to the nonlegal advice that is the predominant purpose of the communication."). In *Morton*, the Court concluded that communications between Faigin and Sheriff's Department personnel memorialized in the "Training and Tactics" section on pages two and three of the CIRB Report should be redacted. Additionally, the documents should only be produced under a protective order.

## V. CONCLUSION

Based on the foregoing, County requests that the Court deny Plaintiffs' Motion to Compel.

Dated: October 23, 2023                BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Susan E. Coleman*
   Susan E. Coleman
   Elizabeth M. Pappy

Attorneys for Defendants