GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile:  (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile:  (510) 694-6314
ajf@aaronfischerlaw.com

(*additional counsel on following page*)

Attorneys for Plaintiffs and the Certified Subclass

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>                    Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**JOINT NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Anthony J. Battaglia<br>Mag. Judge: Hon. David D. Leshner<br><br>Trial Date: None Set |

1  (*counsel continued from preceding page*)

2  CHRISTOPHER M. YOUNG – 163319
   ISABELLA NEAL – 328323
3  OLIVER KIEFER – 332830
   DLA PIPER LLP (US)
4  401 B Street, Suite 1700
   San Diego, California  92101-4297
5  Telephone:  (619) 699-2700
   Facsimile:  (619) 699-2701
6  Email:       christopher.young@dlapiper.com
                isabella.neal@dlapiper.com
7                oliver.kiefer@dlapiper.com

8  Attorneys for Plaintiffs and the Certified Subclass

9  SUSAN E. COLEMAN (SBN 171832)
   E-mail: scoleman@bwslaw.com
10 BURKE, WILLIAMS & SORENSEN, LLP
   501 West Broadway, Suite 1600
11 San Diego, California 92101-8474
   Tel: 619.814.5800 Fax: 619.814.6799
12
   ELIZABETH M. PAPPY (SBN 157069)
13 E-mail: epappy@bwslaw.com
   BURKE, WILLIAMS & SORENSEN, LLP
14 60 South Market Street, Suite 1000
   San Jose, California 95113-2336
15 Tel: 408.606.6300 Fax: 408.606.6333

16 Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

JOINT NOTICE OF MOTION AND MOTION ........................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................... 2

STATEMENT OF FACTS ..................................................................................... 5

ARGUMENT ........................................................................................................ 8

I.    THE PROPOSED CLASS AND SUBCLASSES MEET ALL THE REQUIREMENTS OF RULE 23(A). .......................................................... 10

    A.    The Proposed Class and Subclasses Are Sufficiently Numerous. ........ 10

    B.    The Proposed Class and Subclasses Have Common Questions of Law and Fact. ........................................................................................ 10

    C.    Plaintiffs' Claims Are Typical of the Proposed Class and Subclasses. .......................................................................................... 13

    D.    Plaintiffs and Counsel Are Adequate Representatives. ...................... 16

II.   THE PROPOSED CLASS AND SUBCLASSES MEET THE REQUIREMENTS OF RULE 23(B)(2). ............................................... 18

III.  THE COURT SHOULD APPROVE THE PROPOSED CLASS NOTICE. .......................................................................................... 19

CONCLUSION .............................................................................................. 19

# TABLE OF AUTHORITIES

**Page**

## CASES

*A.B. v. Haw. State Dep't of Educ.*,
    30 F.4th 828 (9th Cir. 2022) ........................................................... 10

*Abdullah v. U.S. Sec. Assocs., Inc.*,
    731 F.3d 952 (9th Cir. 2013) .......................................................... 11

*Am. Council of the Blind v. Astrue*,
    No. C05-04696 WHA, 2008 WL 4279674 (N.D. Cal. Sept. 11, 2008) .......... 17

*Armstrong v. Davis*,
    275 F.3d 849 (9th Cir. 2001) ..................................................... 11, 14

*Chavez v. Cty. of Santa Clara*,
    No. 1:15-cv-05277-RMI (N.D. Cal. Sept. 20, 2016) ............................ 12

*Cole v. Cty. of Santa Clara*,
    No. 5:16-cv-06594-LHK (N.D. Cal. Feb. 6, 2018) .............................. 12

*Ellis v. Costco Wholesale Corp.*,
    657 F.3d 970 (9th Cir. 2011) ..................................................... 11, 14

*Gen. Tel. Co. of Sw. v. Falcon*,
    457 U.S. 147 (1982) .................................................................... 13

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ............................................. 11, 13, 16

*Hernandez v. Cty. of Monterey*,
    305 F.R.D. 132 (N.D. Cal. 2015) ........................................... 4, 11, 17

*Hernandez v. Cty. of Monterey*,
    70 F. Supp. 3d 963 (N.D. Cal. 2014) .............................................. 14

*In re Cooper Cos. Sec. Litig.*,
    254 F.R.D. 627 (C.D. Cal. 2009) ................................................... 10

*Jewett v. Cal. Forensic Medical Group, Inc.*,
    No. 2:13-cv-0882MCEACP, 2017 WL 1356054 (E.D. Cal. Apr. 5, 2017 ....................................................................................... 12

*Lerwill v. Inflight Motion Pictures, Inc.*,
    582 F.2d 507 (9th Cir. 1978) ......................................................... 17

*Mays v. Cty. of Sacramento*,
    No. 2:18-cv-02081 (E.D. Cal. Dec. 28, 2018) .................................... 12

*Murray v. Cty. of Santa Barbara*,
    No. 2:17-cv-08805 (C.D. Cal. May 31, 2018) .................................... 12

*Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*,
    31 F.4th 651 (9th Cir. 2022)................................................................8

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014) ....................................11, 13, 14, 18

*Rodriguez v. Hayes*,
    591 F.3d 1105 (9th Cir. 2010) ...........................................................19

*Topete v. Cty. of San Bernardino*,
    No. 5:16-cv-00355-VAP-DTB (C.D. Cal. Jan. 27, 2017) .............................12

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ...............................................8, 11, 13, 18

*Walters v. Reno*,
    145 F.3d 1032 (9th Cir. 1998) ...........................................................18

**STATUTES**

29 U.S.C. § 705.................................................................................20

42 U.S.C. § 12102.............................................................................20

Cal. Gov't Code § 12926 ...............................................................20

**RULES**

Fed. R. Civ. P. 23.......................................................................passim

**OTHER AUTHORITIES**

7A Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1763 (4th ed. 2023) ...................11

William B. Rubenstein, Newberg & Rubenstein on Class Actions § 4:28 (6th
    ed. 2023).................................................................................18

# JOINT NOTICE OF MOTION AND MOTION

Pursuant to Civil Local Rule 7.2, Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner (collectively, "Plaintiffs") and Defendants San Diego County Sheriff's Department, County of San Diego, and San Diego County Probation Department (collectively, "Defendants") will and hereby do jointly move the Court for entry of an order:

1.  Certifying that this action is maintainable as a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(2) as to each of Plaintiffs' causes of action;

2.  Certifying a class of "all adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities" ("Incarcerated People Class"), with all named Plaintiffs as representatives of the Incarcerated People Class;

3.  Certifying a subclass of "all adults who have a disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m), and who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities" ("Incarcerated People with Disabilities Subclass"), with all named Plaintiffs as representatives of the Incarcerated People with Disabilities Subclass;

4.  Certifying a subclass of "all adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities and have private counsel or are pursuing state or federal claims on a pro per basis" ("Incarcerated People with Private Counsel or Pro Per Claims Subclass"), with named Plaintiffs Darryl Dunsmore, Josue Lopez, Christopher Nelson, and Michael Taylor as representatives of the

Incarcerated People with Private Counsel or Pro Per Claims Subclass;

5.  Certifying a subclass of "all Black and Latinx adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities" ("Incarcerated Black and Latinx Persons Subclass"), with named Plaintiffs Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Josue Lopez, Jesse Olivares, Gustavo Sepulveda, and Michael Taylor as representatives of the Incarcerated Black and Latinx Persons Subclass;

6.  Certifying the named Plaintiffs' counsel of record as class counsel for the Incarcerated People Class, Incarcerated People with Disabilities Subclass, Incarcerated People with Private Counsel or Pro Per Claims Subclass, and Incarcerated Black and Latinx Persons Subclass; and

7.  Approving the proposed Notice to all Class and Subclass Members, attached as Exhibit F to the Declaration of Gay Crosthwait Grunfeld, filed herewith.

This joint motion is based on the Third Amended Class Action Complaint for Declaratory and Injunctive Relief ("Third Amended Complaint"), filed on November 18, 2022 (Dkt. 231); Defendants' Second Amended Answer to the Third Amended Complaint, filed on July 10, 2023 (Dkt. 364); this Joint Notice of Motion and Motion, the Memorandum of Points and Authorities included herein, the Joint Stipulation of Facts ("Stipulation"), and the Declaration of Gay Crosthwait Grunfeld ("Grunfeld Decl."), all filed herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES

This joint motion for class certification is filed by all parties in this litigation. Plaintiffs and Defendants agree that the proposed class and subclasses should be certified, and the case should proceed as a class action, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2).

Plaintiffs have alleged that the San Diego County Jail facilities which house

adults (the "Jails") operate in violation of federal and state constitutional and statutory law as a result of systemic failures and Defendants' inadequate policies, procedures, and practices. Third Amended Complaint, Dkt. 231. Plaintiffs have alleged that Defendants have systematically failed to comply with the Eighth and Fourteenth Amendments of the U.S. Constitution, Article I, Sections 7 and 17 of the California Constitution; the Americans with Disabilities Act of 1990 ("ADA"); Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794; and California Government Code §§ 11135, *et seq*. *Id*. at ¶¶ 442-507. Defendants deny the allegations but agree that class certification is the appropriate procedural mechanism for resolution of Plaintiffs' claims.

This case seeks only declaratory and injunctive relief and presents the kinds of systemic legal and factual issues for which class certification is intended. Jails are facilities where an incarcerated person's daily life is regimented. The Jails offer incarcerated people a variety of programs, services, and activities including: (1) care for sanitary needs and hygiene; (2) food service; (3) recreation, including yard, dayroom, telephones, and reading; (4) health care, including medical, mental health, dental, and vision care; (5) religious services; (6) rehabilitative, therapeutic, educational, and work programs; (7) access to a law library and other library services; (8) access to visitation, including meetings with attorneys; and (9) provision of safety and security of incarcerated individuals. Stipulation ¶ 3. Staff at the Jails are further subject to a central chain of command, standard training, and standard accountability and disciplinary policies. *Id*. ¶¶ 5-7. Plaintiffs allege that incarcerated people cannot access any services without being allowed to do so by Defendants and must rely on Defendants to plan for and provide essential services such as living conditions, medical and mental health care, disability-related accommodations, reentry services, law library access, and access to visitation. These centralized policies and standard practices make this case particularly appropriate for class certification under Federal Rule of Civil Procedure 23(b)(2).

*See Hernandez v. Cty. of Monterey*, 305 F.R.D. 132, 155, 165 (N.D. Cal. 2015) (certifying class of incarcerated people and a subclass of incarcerated people with disabilities where a central question of injury was "whether Defendants' policies and practices reflect deliberate indifference as to Plaintiffs' medical care, mental health care, and safety needs").

The parties now jointly seek class certification pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure.  In particular, the parties seek to certify the following class of individuals pursuant to Federal Rule of Civil Procedure 23(b)(2):

> All adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated People Class").

The parties also seek certification of three subclasses under Federal Rule of Civil Procedure 23(b)(2), specifically:

> All adults who have a disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m), and who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated People with Disabilities Subclass");

> All adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities and have private counsel or are pursuing state or federal claims on a pro per basis ("Incarcerated People with Private Counsel or Pro Per Claims Subclass"); and

> All Black and Latinx adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated Black and Latinx Persons Subclass").

Due to Defendants' centralized policies and practices, this matter will necessarily involve questions of fact and law that are common to the proposed class and subclass.  These questions, in turn, will generate common answers. Certification of the Incarcerated People Class, Incarcerated People with Disabilities Subclass, Incarcerated People with Private Counsel or Pro Per Claims Subclass, and Incarcerated Black and Latinx Persons Subclass is therefore the most efficient and

manageable way to address these issues.

**STATEMENT OF FACTS**

The Jails consist of seven facilities located throughout the County of San Diego, California and houses all incarcerated adults in the custody of the County of San Diego in all classification levels. Stipulation ¶¶ 1, 2. The average daily population of the Jails between October 1, 2022, and September 30, 2023, was 3,946, 43% of whom are Latinx and 21% of whom are Black. *Id.* ¶ 1. During this time period, 52,589 people were booked into the Jails. *Id.*

Defendant the San Diego County Sheriff's Department operate and manage the Jails and Defendant the County of San Diego is responsible for providing the funding necessary to operate the jails. Third Amended Complaint, Dkt. 231 ¶¶ 32-33; Dkt. 364 ¶¶ 32-33; Stipulation ¶ 5. Defendants County of San Diego and the San Diego County Sheriff's Department are responsible for employing, training, and supervising most staff who work in the Jails. Stipulation ¶ 5. Staff are subject to centralized accountability and disciplinary processes and receive standardized training on law and policies relevant to their respective disciplines which are applicable throughout the Jails. *Id.* Both professional staff and custody staff, which includes Deputies, Sergeants, Lieutenants, Captains, Commanders and Assistant Sheriffs are subject to a central chain of command and report to the Undersheriff who reports to the Sheriff. Defendant San Diego County Probation Department is responsible for supervising individuals on a grant of formal probation and/or on AB109 supervision and if ordered or needed, providing them with services related to their reentry into the community, as well as supervising and providing services to individuals granted behavioral health diversion. *Id.*

The Jails offer incarcerated people a variety of programs, services, and activities including: (1) care for sanitary needs and hygiene; (2) food service; (3) recreation, including yard, dayroom, telephones, and reading; (4) health care, including medical, mental health, dental, and vision care; (5) religious services;

(6) rehabilitative, therapeutic, educational, and work programs; (7) access to a law library and other library services; (8) access to visitation, including meetings with attorneys; and (9) provision of safety and security of incarcerated individuals. *Id.* ¶ 3. In order to operate and manage the Jails, the San Diego County Sheriff's Department employs policies for staff including policies that govern intake procedures; tracking processes; grievance and sick call request procedures; programming; classification; out-of-cell time; recreation; professional visits; access to law library materials; disciplinary actions; access to medical, mental health, dental, and vision care services; security procedures; safety checks; disability-related accommodations, and housing assignments dependent upon classification and other needs. *Id.* ¶ 6.

Defendants County of San Diego and San Diego County Sheriff's Department contract with Naphcare, Inc. ("Naphcare") for certain health care services. *Id.* ¶ 7.

Plaintiffs allege that, by policy and practice, medical, mental health, vision, and dental care at the Jails have inadequate staffing, dangerous delays in access to care, substandard intake and screening practices, insufficient medication monitoring and tracking, insufficient and untimely specialist referrals and care, poor record-keeping practices, and inadequate suicide prevention procedures, among other things. Third Amended Complaint, Dkt. 231 ¶¶ 442-53, 481-86. Plaintiffs allege that, by policy and practice, the Jails are dangerously filthy and unsafe. *Id.* ¶¶ 469-74. Plaintiffs allege that, by policy and practice, safety and security procedures at the Jails are dangerously inadequate, in that there are insufficient systems to interdict narcotics and other contraband, nonfunctioning video surveillance and audio emergency communication systems, inappropriate classification systems, and insufficient systems to prevent and address employee misconduct. *Id.* ¶¶ 475-80. Plaintiffs allege that Defendants' policies and practices with respect to medical care, mental health care, environmental conditions, safety and security practices, and dental care constitute deliberate indifference and present a significant risk of serious

1  harm to all incarcerated people housed in the Jails, in violation of the U.S. and

2  California Constitutions. *Id.* ¶¶ 442-53, 469-86.  Defendants deny each and every

3  factual allegation.  Second Amended Answer, Dkt. 364 ¶¶ 442-53, 469-86.

4       Plaintiffs allege that, by policy and practice, incarcerated people with

5  disabilities are discriminated against and denied accommodations and equal access

6  to services, programs, and activities. *Id.* ¶¶ 454-68.  Plaintiffs allege that

7  Defendants' policies and practices with respect to disability accommodations

8  present a significant risk of serious harm to all incarcerated people with disabilities

9  housed in the Jails, in violation of the state and federal disability laws. *Id.*

10  Defendants deny each and every factual allegation.  Second Amended Answer, Dkt.

11  364 ¶¶ 454-68.

12       Plaintiffs allege that, by policy and practice, incarcerated people are denied

13  access to counsel and the courts, including by being denied phone calls from

14  attorneys and adequate confidential spaces to meet with attorneys, by having their

15  legal mail opened and their legal phone calls recorded, having their legal papers

16  confiscated, and being denied access to legal research and law library services. *Id.*

17  ¶¶ 496-500.  Plaintiffs allege that Defendants' policies and practices deny sufficient

18  access to counsel and the courts for all incarcerated people housed in the Jails and

19  who have private counsel or are pro per, in violation of the U.S. and California

20  Constitutions. *Id.*  Defendants deny each and every factual allegation.  Second

21  Amended Answer, Dkt. 364 ¶¶ 496-500.

22       Defendants County of San Diego and San Diego County Probation

23  Department are responsible for preparing presentence reports and recommendations

24  on the community interventions and sentencing options available to incarcerated

25  people.    Stipulation ¶ 9.  Defendant San Diego County Probation Department is

26  responsible for preparing presentence reports and sentencing recommendations

27  when ordered by the Court. *Id.*  Defendant San Diego County Probation

28  Department completes a risk assessment for each incarcerated person who willingly

participates in an interview and will be supervised by Probation, which is then used to determine the level of supervision and available community interventions. *Id.* Defendant San Diego County Probation Department is also responsible for the supervision of individuals who are granted a behavioral health diversion program. *Id.*

Plaintiffs allege that Defendants overincarcerate Black and Latinx people in the Jails, and discriminate against Black and Latinx people in their administration of alternatives to incarceration programs and reentry programming. Third Amended Complaint, Dkt. 231 ¶¶ 400-07. Plaintiffs allege that the tools Defendants use to complete the risk assessment for diversion programs are racially biased and, as a result, Defendants by policy and practice deny Black and Latinx people equal access to alternatives to incarceration programming. *Id.* ¶¶ 405-07. Plaintiffs have also alleged that this discrimination in access to alternatives to incarceration programming results in the over-incarceration of Black and Latinx people, in violation of state law. *Id.* ¶¶ 400-07. Defendants deny each and every factual allegation. Second Amended Answer, Dkt. 364 ¶¶ 400-07.

## ARGUMENT

Under Federal Rule of Civil Procedure 23, class certification is proper where the parties seeking certification demonstrate that (1) each of the prerequisites of Federal Rule of Civil Procedure 23(a) have been met, and (2) the proposed class satisfies at least one of the requirements listed in Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011). The moving parties must show "that the prerequisites of Rule 23 are satisfied by a preponderance of the evidence." *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022) ("[T]here is no basis for a applying a heightened standard of proof" to a class certification motion).

Here, the parties jointly seek to certify the following class of individuals pursuant to Federal Rule of Civil Procedure 23(b)(2):

1
2

> All adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated People Class").

3    The parties also jointly seek certification of three subclasses under Federal Rule of

4    Civil Procedure 23(b)(2), specifically:

5
6
7

> All adults who have a disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m), and who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated People with Disabilities Subclass");

8
9
10

> All adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities and have private counsel or are pursuing state or federal claims on a pro per basis ("Incarcerated People with Private Counsel or Pro Per Claims Subclass"); and

11
12
13

> All Black and Latinx adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated Black and Latinx Persons Subclass").

14    The parties stipulate that the proposed Incarcerated People Class and each of

15    three Subclasses listed above satisfy each of the Rule 23(a) requirements: "(1) the

16    class is so numerous that joinder of all members is impracticable; (2) there are

17    questions of law or fact common to the class; (3) the claims or defenses of the

18    representative parties are typical of the claims or defenses of the class; and (4) the

19    representative parties will fairly and adequately protect the interests of the class."

20    Fed. R. Civ. P. 23(a).  The parties further agree that the proposed Class and

21    Subclasses satisfy at least one of the requirements listed in Rule 23(b) because

22    Plaintiffs allege that Defendants have "acted or refused to act on grounds that apply

23    generally to the class, so that final injunctive relief or corresponding declaratory

24    relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

25    Finally, the parties seek approval of the form, content, and substance of the

26    stipulated class notice, pursuant to Federal Rule of Civil Procedure 23(c)(2).

27
28

# I. THE PROPOSED CLASS AND SUBCLASSES MEET ALL THE REQUIREMENTS OF RULE 23(a).

To certify a class, the proposed class must meet all requirements of Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy.

## A. The Proposed Class and Subclasses Are Sufficiently Numerous.

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiffs need not establish that joinder is impossible, but merely that joining all class members would be difficult or inconvenient. *See A.B. v. Haw. State Dep't of Educ.*, 30 F.4th 828, 837 (9th Cir. 2022). Although there are no absolute numerical limitations, "numerosity is presumed where the plaintiff class contains forty or more members." *In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 627, 634 (C.D. Cal. 2009). Moreover, when "a class's membership changes continually over time," for example, because a class includes future members, "that factor weights in favor of concluding that joinder of all members is impracticable." *A.B.*, 30 F.4th at 838.

The proposed Class and Subclasses are sufficiently numerous that joinder of all members would be impracticable. Between October 1, 2022, and September 30, 2023, the average daily population of the Jails was 3,946 individuals. Stipulation ¶ 1. During this timeframe, an average of 1,363 of those incarcerated individuals received psychotropic medication for mental health disabilities. *Id*. Additionally, over 60% of the people incarcerated at the Jails were Black or Latinx. *Id.* ¶ 1. Given the thousands of individuals incarcerated at the Jails daily, the proposed Incarcerated People Class and each of the three proposed Subclasses meet the numerosity requirement of Rule 23(a)(1).

## B. The Proposed Class and Subclasses Have Common Questions of Law and Fact.

Federal Rule of Civil Procedure 23(a)(2) requires that "there [be] questions of law or fact common to the class." Class claims must "depend upon a common

1  contention … that [] is capable of classwide resolution … mean[ing] that

2  determination of its truth or falsity will resolve an issue that is central to the validity

3  of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. "Put another way,

4  the key inquiry is not whether the plaintiffs have raised common questions, 'even in

5  droves,' but rather, whether class treatment will 'generate common *answers* apt to

6  drive the resolution of the litigation.'" *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d

7  952, 957 (9th Cir. 2013) (quoting *Dukes*, 564 U.S. at 350) (emphasis in original).

8  "All questions of fact and law need not be common." *Ellis v. Costco Wholesale*

9  *Corp.*, 657 F.3d 970, 981 (9th Cir. 2011) (internal quotation marks and citation

10  omitted). Rather, "[s]o long as there is 'even a single common question,' a would-

11  be class can satisfy the commonality requirement of Rule 23(a)(2)." *Parsons v.*

12  *Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) (internal quotation marks and citation

13  omitted). Similarly, the "existence of shared legal issues with divergent factual

14  predicates is sufficient" to satisfy Rule 23(a)(2). *Hanlon v. Chrysler Corp.*, 150

15  F.3d 1011, 1019 (9th Cir. 1998).

16      In a civil rights lawsuit brought by incarcerated people, "commonality is

17  satisfied where the lawsuit challenges a system-wide practice or policy that affects

18  all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir.

19  2001). Such suits "by their very nature often present common questions satisfying

20  Rule 23(a)(2)." 7A Mary Kay Kane, Fed. Prac. & Proc. Civ. § 1763 (4th ed. 2023).

21  When such system-wide policies exist, "individual factual differences among the

22  individual litigants or groups of litigants will not preclude a finding of

23  commonality." *Armstrong*, 275 F.3d at 868; *see also Parsons*, 754 F.3d at 678

24  (affirming certification of statewide prisoner class where plaintiffs "set forth

25  numerous common contentions whose truth or falsity [could] be determined in one

26  stroke: whether the specified statewide policies and practices to which they are all

27  subjected by [the State] expose them to a substantial risk of harm"); *Hernandez*, 305

28  F.R.D. at 157 ("[E]ach inmate suffers the same constitutional or statutory injury

when exposed to a policy or practice that creates a substantial risk of serious harm.… The identified 37 policies and practices to which all members are exposed hold together the putative class and subclass."); *Jewett v. Cal. Forensic Medical Group, Inc.*, No. 2:13-cv-0882MCEACP, 2017 WL 1356054 (E.D. Cal. Apr. 5, 2017 (order granting class certification); *Topete v. Cty. of San Bernardino*, No. 5:16-cv-00355-VAP-DTB (C.D. Cal. Jan. 27, 2017) (order granting class certification) (attached as Exhibit A to Grunfeld Decl. ¶ 6); *Chavez v. Cty. of Santa Clara*, No. 1:15-cv-05277-RMI (N.D. Cal. Sept. 20, 2016) (order granting class certification) (attached as Exhibit B to Grunfeld Decl. ¶ 7); *Cole v. Cty. of Santa Clara*, No. 5:16-cv-06594-LHK (N.D. Cal. Feb. 6, 2018) (order granting class certification) (attached as Exhibit C to Grunfeld Decl. ¶ 8); *Murray v. Cty. of Santa Barbara*, No. 2:17-cv-08805 (C.D. Cal. May 31, 2018) (order granting class certification) (attached as Exhibit D to Grunfeld Decl. ¶ 9); *Mays v. Cty. of Sacramento*, No. 2:18-cv-02081 (E.D. Cal. Dec. 28, 2018) (order granting class certification) (attached as Exhibit E to Grunfeld Decl. ¶ 10).

The members of the proposed Class and Subclasses share, at a minimum, the following common questions raised in the operative Third Amended Complaint and Second Amended Answer:

- Whether Defendants fail to provide minimally adequate medical care to incarcerated people in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 7 and 17, of the California Constitution;

- Whether Defendants fail to provide minimally adequate mental health care to incarcerated people in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 7 and 17, of the California Constitution;

- Whether Defendants fail to make their programs, services, and activities available to persons with disabilities, and otherwise discriminating against persons with disabilities, in violation of the ADA, 42 U.S.C. §§ 12101 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794 *et seq.*, and California Government Code Section 11135;

- Whether Defendants impose filthy, unhealthy, and dangerous conditions of confinement on incarcerated people in violation of the

Eighth and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 7 and 17, of the California Constitution;

- Whether Defendants fail to protect incarcerated people from violence and injury in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 7 and 17, of the California Constitution;

- Whether Defendants fail to provide minimally adequate dental care to incarcerated people in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 7 and 17, of the California Constitution;

- Whether Defendants fail to ensure incarcerated people have access to counsel and the courts in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 7 and 15 of the California Constitution; and

- Whether Defendants disproportionately incarcerate people based on race, ethnicity, and/or national original in violation of California Government Code Section 11135.

These common questions of law and fact depend on common contentions and are not affected by the circumstances of any individual class or subclass member. Thus, such questions can generate common answers and hence are appropriate for class-wide resolution. *See Dukes*, 564 U.S. at 350; *Parsons*, 754 F.3d at 675.

### C. Plaintiffs' Claims Are Typical of the Proposed Class and Subclasses.

Class certification is proper under Rule 23(a)(3) when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." While the claims of the entire class need not be identical, the class representatives must generally "possess the same interest and suffer the same injury as the class members." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982) (internal quotation marks and citation omitted); *see Hanlon*, 150 F.3d at 1020 ("Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical.").

Typicality exists when: (1) the named plaintiffs and other class members have the same or similar injury, (2) the action is based on conduct that is not unique to the

named plaintiffs, and (3) other class members have been injured by the same course of conduct as the named plaintiffs. *Ellis*, 657 F.3d at 984. As with commonality, factual differences among class members do not defeat typicality provided there are legal questions common to all class members. *See Armstrong*, 275 F.3d at 869 (recognizing that a class of putative prisoners subject to discriminatory treatment by defendants would suffer different injuries due to different disabilities, but those "minor" differences were "insufficient to defeat typicality"). As the Ninth Circuit has explained, in conditions of confinement cases, "given that every inmate in … custody is highly likely to require medical, mental health, and dental care, each of the named plaintiffs is similarly positioned to all other … inmates with respect to a substantial risk of serious harm resulting from exposure to the defendants' policies and practices governing health care." *Parsons*, 754 F.3d at 686.

Here, the named Plaintiffs allege that they have experienced the same or similar harm, rely on the same legal theories, and seek the same injunctive relief that is broadly applicable to all members of the proposed Class and Subclasses. All of the named Plaintiffs have been or are currently incarcerated in the Jails. As to those Plaintiffs who have been transferred or released from the Jails, this Court has noted that "the record contains compelling evidence that Plaintiffs likely will be reincarcerated at the Jails." Order: (1) Denying Plaintiffs' Motion for Preliminary Injunction; and (2) Denying As Moot Plaintiffs' Motion for Provisional Class Certification, Dkt. 203 at 8. In particular, Plaintiffs are likely to be rearrested or, if they are currently incarcerated in state prison, housed at the Jails while out-to-court from prison for resentencing, habeas petitions, or to testify in another case. *See Hernandez v. Cty. of Monterey*, 70 F. Supp. 3d 963, 976 (N.D. Cal. 2014) (finding county prisoners transferred to California state prison continued to have standing in class action challenging jail conditions).

Plaintiffs allege that, during their incarceration at the Jails, all named plaintiffs have faced the same or similar issues and, along with the rest of the

proposed Incarcerated People Class, have been or are currently exposed to Defendants' policies and practices with respect to medical care, mental health care, safety and security practices, environmental conditions, and dental care.  Third Amended Complaint, Dkt. 231 at ¶¶ 38-229, 295-365.  Thus, as the Third Amended Complaint alleges, all named Plaintiffs claim to have suffered the same or similar injuries as other members of the Incarcerated People Class and claim to be exposed to an ongoing risk of harm under current policies and practices.

All the named Plaintiffs are people with disabilities.  Plaintiffs allege that, during their incarceration at the Jails, all named plaintiffs faced the same or similar issues and, along with the rest of the proposed Incarcerated People with Disabilities Subclass, have been or are currently exposed to Defendants' policies and practices with respect to disability accommodations.  *Id.* at ¶¶ 230-94.  The Third Amended Complaint alleges that all named Plaintiffs have suffered the same or similar injuries as other members of the Incarcerated People with Disabilities Subclass and are exposed ongoing discrimination based on disability and to an ongoing risk of harm under current policies and practices.

Plaintiffs Dunsmore, Lopez, Nelson, and Taylor either have had private counsel or were attempting to litigate cases pro per while incarcerated in the Jails. Plaintiffs allege that, during their incarceration at the Jails, Plaintiffs Dunsmore, Lopez, Nelson, and Taylor faced the same or similar issues and, allege that along with the rest of the proposed Incarcerated People with Private Counsel or Pro Per Claims Subclass, have been or are currently exposed to Defendants' policies and practices with respect to access to counsel and the courts.  *Id.* at ¶¶ 408-24.  The Third Amended Complaint alleges that Plaintiffs Dunsmore, Lopez, Nelson, and Taylor have suffered the same or similar injuries as other members of the Incarcerated People with Private Counsel or Pro Per Claims Subclass and allege they are exposed to an ongoing risk of harm under current policies and practices.

Plaintiffs Andrade, Archuleta, Clark, Edwards, Landers, Lopez, Olivares,

Sepulveda, and Taylor are all Black or Latinx.  Plaintiffs allege that, during their incarceration at the Jails, Plaintiffs Andrade, Archuleta, Clark, Edwards, Landers, Lopez, Olivares, Sepulveda, and Taylor faced the same or similar issues and, allegedly along with the rest of the proposed Incarcerated Black and Latinx Persons Subclass, have allegedly been or are currently exposed to Defendants' centralized policies and practices with respect to overincarceration due to their race and related discrimination in access to alternative-to-incarceration programming.  *Id.* at ¶¶ 400-07.  The Third Amended Complaint alleges that Plaintiffs Andrade, Archuleta, Clark, Edwards, Landers, Lopez, Olivares, Sepulveda, and Taylor have allegedly suffered the same or similar injuries that other members of the Incarcerated Black and Latinx Persons Subclass are alleged to have suffered and are allegedly exposed to an ongoing risk of harm under current policies and practices.

Defendant Sheriff's Department's conduct in implementing their policies and practices—including those involving disabilities and access to counsel and courts—is not unique to Plaintiffs; the policies are developed by Defendant Sheriff's Department, and to be followed by all staff members.  Stipulation ¶ 6.  All members of the Class and Subclasses allege that they face the same alleged risk of harm arising from the same system-wide policies and practices.  For the foregoing reasons, the injuries allegedly suffered by the proposed class representatives are typical of other members of the Incarcerated People Class and Subclasses in satisfaction of Rule 23(a)(3).

### D.    Plaintiffs and Counsel Are Adequate Representatives.

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Under Ninth Circuit precedent, adequacy depends on the resolution of two questions: (1) whether "the named plaintiffs and their counsel have any conflicts of interest with other class members," and (2) whether "the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class."  *Hanlon*, 150 F.3d at 1020 (citing

1   *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)).

2       Plaintiffs will fairly and adequately represent the interests of all proposed

3   class members.  As set forth above, Plaintiffs' interests are aligned with the interests

4   of the proposed Class and Subclasses: all seek injunctive relief compelling

5   Defendants to change their policies and practices in the Jails.  Third Amended

6   Complaint, Dkt. 231 at pp. 225-30.  In protecting their own rights, Plaintiffs will

7   protect the rights of all proposed Class and Subclass members.  *Hernandez*, 305

8   F.R.D. at 160 ("Class representatives have less risk of conflict with unnamed class

9   members when they seek only declaratory and injunctive relief."); *Am. Council of*

10  *the Blind v. Astrue*, No. C05-04696 WHA, 2008 WL 4279674, at *6 (N.D. Cal.

11  Sept. 11, 2008) (holding that where plaintiffs do not seek monetary damages, "[t]he

12  potential for any conflict or collusion is … minimal").  Plaintiffs seek to enjoin the

13  allegedly unlawful acts and omissions of Defendants, do not seek damages, and

14  have no conflicts of interest that would be antagonistic to other class members.

15      Plaintiffs' counsel also meets the requirements of Rule 23(g) and should

16  therefore be appointed class counsel for the Class and Subclasses.  Under Rule

17  23(g), in appointing class counsel, a court must consider: "(i) the work counsel has

18  done in identifying or investigating potential claims in the action; (ii) counsel's

19  experience in handling class actions, other complex litigation, and the types of

20  claims asserted in the action; (iii) counsel's knowledge of the applicable law; and

21  (iv) the resources that counsel will commit to representing the class."  Fed. R. Civ.

22  P. 23(g)(1)(A).  Class counsel is found to be adequate if they do not have "any

23  conflicts of interest with other class members" and if they will "prosecute the action

24  vigorously on behalf of the class."  *Hernandez*, 305 F.R.D. at 161 (internal quotation

25  marks and citation omitted).

26      Adequacy of counsel is met here because the undersigned attorneys'

27  experience ensures that they will fairly and adequately protect the interests of the

28  class.  Counsel has performed extensive work investigating the claims in this action,

1  are well-versed in prisoners' rights and disability law and class actions and have

2  sufficient resources to vigorously prosecute this case.  Grunfeld Decl. ¶¶ 11-25.

3  Further, no conflicts or collusion exist between opposing counsel, Plaintiffs, and the

4  proposed class members that would compromise their ability to represent the class.

5  *Id.* ¶ 27.

6  **II.    THE PROPOSED CLASS AND SUBCLASSES MEET THE REQUIREMENTS OF RULE 23(b)(2).**

7

8        A class action may be certified under Rule 23(b)(2) where the defendants

9  have "acted or refused to act on grounds that apply generally to the class, so that

10  final injunctive relief or corresponding declaratory relief is appropriate respecting

11  the class as a whole."  Fed R. Civ. P. 23(b)(2).  "The key to the (b)(2) class is 'the

12  indivisible nature of the injunctive and declaratory remedy warranted—the notion

13  that the conduct is such that it can be enjoined or declared unlawful only as to all of

14  the class members or as to none of them.'"  *Dukes*, 564 U.S. at 360; *see also*

15  William B. Rubenstein, Newberg & Rubenstein on Class Actions § 4:28 (6th ed.

16  2023) (Rule 23(b)(2) "focuses on the defendant and questions whether the defendant

17  has a policy that affects everyone in the proposed class in a similar fashion.").  For a

18  class to be certified under Rule 23(b)(2), "[i]t is sufficient if class members

19  complain of a pattern or practice that is generally applicable to the class," even if not

20  all class members have been injured by the challenged practice.  *Walters v. Reno*,

21  145 F.3d 1032, 1047 (9th Cir. 1998).

22        The claims brought in this case are precisely the type of claims that Rule

23  23(b)(2) was intended to cover.  *See Parsons*, 754 F.3d at 686 ("[T]he primary role

24  of this provision has always been the certification of civil rights class actions.").

25  Here, Plaintiffs seek broad declaratory and injunctive relief—system-wide

26  improvements in the Defendants' policies, procedures, and programs—on behalf of

27  a large and transitory class of incarcerated people.  Third Amended Complaint, Dkt.

28  231 at pp. 225-30.  All members of the Class and Subclasses are allegedly exposed

to a substantial risk of serious harm due to Defendants' alleged policies and practices.  While each of Defendants' policies may not affect every member of the proposed Class or Subclasses in exactly the same way, they constitute shared grounds justifying class certification on behalf of all people in the proposed class and subclass.  *See Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010) ("The fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2).").  Therefore, certification of the proposed Class and Subclasses under Rule 23(b)(2) is proper.

## III.    THE COURT SHOULD APPROVE THE PROPOSED CLASS NOTICE.

Under Federal Rule of Civil Procedure 23(c)(2), "the court may direct appropriate notice to the class."  Fed R. Civ. P. 23(c)(2)(A).  Notice should be given to class members in the "best" form "that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).

Consistent with Rule 23(c)(2), the parties have agreed to the form and substance of notice, attached as Exhibit F to the Grunfeld Declaration.  To ensure that all members of the class be individually identified, the parties stipulate and ask the Court to order that copies of the notice be posted throughout the Jails in English and Spanish, and that Defendant Sheriff's Department shall read the Class Notice to individuals who are illiterate or have a disability that may affect their ability to read the Notice.  In addition, the parties stipulate and ask the Court to order that copies of the operative Third Amended Complaint shall be provided by Defendant Sheriff's Department to class members upon request.

## CONCLUSION

For the above stated reasons, the parties respectfully request that this Court enter an order certifying this action as a class action and certifying:  (1) an

Incarcerated People Class of "all adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities"; (2) an Incarcerated People with Disabilities Subclass of "all adults who have a disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m), and who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities"; (3) an Incarcerated People with Private Counsel or Pro Per Claims Subclass of "all adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities and have private counsel or are pursuing state or federal claims on a pro per basis"; and (4) an Incarcerated Black and Latinx Persons Subclass of "all Black and Latinx adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities."  Plaintiffs further request that Plaintiffs be certified as the representatives of the Class and Subclasses and that their counsel be certified as counsel for the Class and Subclasses.  Finally, the parties request that the Court approve the proposed Class Notice.  The parties have submitted an order reflecting these requests.

Respectfully submitted,

DATED:  October 24, 2023          ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Gay Crosthwait Grunfeld*
_____
Gay Crosthwait Grunfeld

Attorneys for Plaintiffs and the
Certified Subclass

DATED:  October 24, 2023          BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Susan E. Coleman*
_____
Susan E. Coleman

Attorneys for Defendants

1

**SIGNATURE CERTIFICATION**

2          Pursuant to the Court's Electronic Case Filing Procedures Manual

3   Section 2(f)(4), I certify that I have obtained the consent of all signatories to the

4   electronic filing of the foregoing document.

5   DATED:  October 24, 2023          ROSEN BIEN GALVAN & GRUNFELD LLP

6
                                        By: */s/ Gay Crosthwait Grunfeld*
7                                           Gay Crosthwait Grunfeld

8                                       Attorneys for Plaintiffs and the
9                                       Certified Subclass

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28