1  GAY C. GRUNFELD – 121944
   VAN SWEARINGEN – 259809
2  PRIYAH KAUL – 307956
   ERIC MONEK ANDERSON – 320934
3  HANNAH M. CHARTOFF – 324529
   ROSEN BIEN
4  GALVAN & GRUNFELD LLP
   101 Mission Street, Sixth Floor
5  San Francisco, California  94105-1738
   Telephone:  (415) 433-6830
6  Facsimile:   (415) 433-7104
   ggrunfeld@rbgg.com
7  vswearingen@rbgg.com
   pkaul@rbgg.com
8  eanderson@rbgg.com
   hchartoff@rbgg.com
9
   AARON J. FISCHER – 247391
10 LAW OFFICE OF
   AARON J. FISCHER
11 1400 Shattuck Square Suite 12 - #344
   Berkeley, California  94709
12 Telephone:  (510) 806-7366
   Facsimile:   (510) 694-6314
13 ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

14 Attorneys for Plaintiffs and the
   Certified Subclass

15

16                  UNITED STATES DISTRICT COURT

17               SOUTHERN DISTRICT OF CALIFORNIA

18  DARRYL DUNSMORE, ANDREE          Case No. 3:20-cv-00406-AJB-DDL
    ANDRADE, ERNEST ARCHULETA,
19  JAMES CLARK, ANTHONY EDWARDS,    **DECLARATION OF GAY
    LISA LANDERS, REANNA LEVY,       GRUNFELD IN SUPPORT OF
20  JOSUE LOPEZ, CHRISTOPHER         JOINT MOTION FOR CLASS
    NELSON, CHRISTOPHER NORWOOD,     CERTIFICATION**
21  JESSE OLIVARES, GUSTAVO
    SEPULVEDA, MICHAEL TAYLOR, and   Judge:      Hon. Anthony J. Battaglia
22  LAURA ZOERNER, on behalf of      Magistrate: Hon. David D. Leshner
    themselves and all others similarly situated,
23                                   Trial Date: None Set
                 Plaintiffs,
24
         v.
25
    SAN DIEGO COUNTY SHERIFF'S
26  DEPARTMENT, COUNTY OF SAN
    DIEGO, SAN DIEGO COUNTY
27  PROBATION DEPARTMENT, and DOES
    1 to 20, inclusive,
28
                 Defendants.

I, Gay Crosthwait Grunfeld, declare:

1.      I am an attorney duly admitted to practice before this Court.  I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify.  I make this declaration in support of the parties' Joint Motion for Class Certification.

**Procedural History Leading to the Instant Joint Class Certification Motion**

2.      On June 21, 2023, the Court provisionally certified a subclass of incarcerated people with mobility and hearing disabilities, with Plaintiffs' counsel as subclass counsel.  *See* Joint Motion and Order Re Accessibility at Central Jail, Effective Communication Policy and Practice, and Provisional Class Certification ("ADA Order") Dkt. No. 355.  The ADA Order was the result of early neutral evaluation ("ENE") conferences between counsel for Plaintiffs and Defendants under the direction of Magistrate Judge David Leshner regarding Plaintiffs' April 25, 2023 Motions for Preliminary Injunction and Provisional Class Certifi-cation, Dkt. No. 281.  The ENE conferences occurred in person with the parties' experts and representatives of the Sheriff's Department on May 24, 2023, as well as via Zoom video conferences on June 5, June 8, June 15, and June 16, 2023.

3.      With the ADA Order having resolved the Motions in Dkt. No. 281, the parties turned to the topic of class certification pursuant to Federal Rule of Civil Procedure 23.  Counsel for Plaintiffs and Defendants attended ENE conferences on this topic with Magistrate Judge Leshner via Zoom video conference on July 12, August 2, August 25, September 1, September 7, and September 13, 2023.  In addition, throughout that period, the parties routinely met and conferred regarding class certification by email and letter.

4.      As a result of those negotiations, the parties agreed to file the instant Joint Motion to certify a class and three subclasses of incarcerated people at the San Diego County Jail System, as described in the pleadings filed herewith.

**Similar Certified Classes in California**

5.    Federal district courts in California have granted similar unopposed or joint motions regarding other county jail systems.

6.    Attached hereto as **Exhibit A** is a true a correct copy of the order granting class certification in *Topete v. Cty. of San Bernardino*, No. 5:16-cv-00355-VAP-DTB (C.D. Cal. Jan. 27, 2017).

7.    Attached hereto as **Exhibit B** is a true and correct copy of the order granting class certification in *Chavez v. Cty. of Santa Clara*, No. 1:15-cv-05277-RMI (N.D. Cal. Sept. 20, 2016).

8.    Attached hereto as **Exhibit C** is a true and correct copy of the order granting class certification in *Cole v. Cty. of Santa Clara*, No. 5:16-cv-06594-LHK (N.D. Cal. Feb. 6, 2018).

9.    Attached hereto as **Exhibit D** is a true and correct copy of the order granting class certification in *Murray v. Cty. of Santa Barbara*, No. 2:17-cv-08805-GW-JPR (C.D. Cal. May 31, 2018).

10.    Attached hereto as **Exhibit E** is a true and correct copy of the order granting class certification in *Mays v. Cty. of Sacramento*, No. 2:18-cv-02081-TLN-KJN (E.D. Cal. Dec. 28, 2018).

**Qualifications of Class Counsel**

11.    The attorneys from three private law firms working on this case on behalf of the named plaintiffs and the putative class and subclasses bring to bear an extraordinary amount of experience and expertise in the constitutional rights of incarcerated persons, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and other disability protections, and class action litigation.

**Rosen Bien Galvan & Grunfeld LLP**

12.    From its formation in 1990, Rosen Bien Galvan & Grunfeld LLP ("RBGG") has been a nationally recognized leader in civil rights, employment, and consumer class action litigation. The firm has specialized in large class action

1    lawsuits seeking to improve conditions in correctional systems.  The firm was co-

2    counsel in *Plata v. Brown*, 563 U.S. 493 (2011), the landmark case that required

3    population reduction in California's overcrowded prison system.  The firm is

4    currently lead or co-lead class counsel in the following class actions: *Coleman v.*

5    *Newsom* (E.D. Cal. No. 2:90-CV-00520-KJM-DB), an Eighth Amendment and

6    ADA class action lawsuit against the California Department of Corrections and

7    Rehabilitation ("CDCR") on behalf of a class of more than 25,000 incarcerated

8    people with serious mental illness; *Armstrong v. Newsom* (N.D. Cal. No. C 94-2307

9    CW), an ADA Rehabilitation Act and due process class action against CDCR on

10   behalf of more than 10,000 incarcerated people and parolees with mobility, hearing,

11   vision, learning, kidney, and developmental disabilities; *Hernandez v. County of*

12   *Monterey* (N.D. Cal. No. 5:13-cv-2354-BLF-NMC), a class action on behalf of all

13   persons incarcerated in the Monterey County Jail and a certified subclass of all

14   qualified individuals with a disability who are incarcerated in the Monterey County

15   Jail; *Hedrick v. Grant* (E.D. Cal. No. 2:76-CV-00162-GEBEFB), a class action on

16   behalf of all persons incarcerated at the Yuba County Jail; *Cole v. County of Santa*

17   *Clara* (N.D. Cal. No. 5:16-cv-06594-LHK), a class action on behalf of all persons

18   with mobility disabilities incarcerated at the Santa Clara County Jail; *Babu v.*

19   *County of Alameda* (N.D. Cal. No. 5:18-cv-07677-NC), a class action on behalf of

20   all adults and a subclass of all qualified individuals with a psychiatric disability who

21   are incarcerated in the Santa Rita Jail; *Stiner v. Brookdale Senior Living, Inc.* (N.D.

22   Cal. No. 4:17-cv-03962-HSG (LB)), a class and individual action seeking relief

23   under the ADA and consumer protection statutes on behalf of senior citizens living

24   in assisted living facilities; *Hernandez Gomez v. The GEO Group, Inc.*, No. 1:22-cv-

25   00868-ADA-CDB (E.D. Cal. July 13, 2022), a putative class action on behalf of

26   immigrant detainees forced to work without payment of minimum wage; and

27   *California Coalition for Women Prisoners v. United States of America Federal*

28   *Bureau of Prisons*, No. 4:23-cv-04155 (N.D. Cal. Aug. 16, 2023), a putative class

action on behalf of victims of sexual assault at FCI Dublin in Alameda County, California.

13.    Best Lawyers in America placed RBGG in the first tier nationally in Appellate Practice, and for San Francisco in Appellate Practice, Commercial Litigation, Employment Law-Individuals, and Civil Rights Law for 2023.  All of the firm's partners are AV-rated by Martindale-Hubbell and have been named SuperLawyers or SuperLawyers Rising Stars.  Seven of the firm's senior counsel or associates were named Rising Stars by SuperLawyers in 2023

14.    I am the managing partner of RBGG. I graduated from Columbia Law School in 1984 as a Harlan Fiske Stone Scholar and Articles Editor of the *Columbia Law Review*, after which I clerked for the Honorable Jack B. Weinstein of the United States District Court for the Eastern District of New York.  I became a member of the State Bar of California in 1985.  I am also admitted to the Southern, Eastern, and Northern Districts of California; the Ninth Circuit Court of Appeals; and the Supreme Court of the United States.

15.    In addition to my role as one of the lead counsel in *Armstrong*, *Hedrick*, and *Stiner* described *supra* in ¶ 12, I have been appointed class counsel in a number of cases, including *Ramirez et al. v. Ghilotti Bros., Inc.* (N.D. Cal. No. 3:12-cv-04590-CRB), a class action on behalf of workers denied pay for all hours worked and meal and rest breaks; *L.H. v. Brown* (E.D. Cal. No. CIV. S-06-2042 LKK/GGH), a due process and ADA class action on behalf of juvenile parolees; *Smith v. Shorenstein Hays-Nederlander Theatres LLC* (San Francisco Superior Court Case No. CGC-16-554905), a class action on behalf of security guards denied minimum wage and overtime; *Quinby v. ULTA, Salon, Cosmetics & Fragrance, Inc.* (N.D. Cal. Case No. C-15-4099-WHO), a misclassification class action; and *Moore v. Department of State Hospitals* (Los Angeles Superior Court Case No. 19STCV16858), a class action on behalf of patients civilly committed to the Department of State Hospitals who performed work for DSH and whom DSH paid

1 less than minimum wage.  I have repeatedly been named to the *Daily Journal*'s Top

2 100 Lawyers in California, including in 2023, and I have received CLAY Awards

3 and other recognition for my work.

4      16.    My partner and co-lead counsel Van Swearingen graduated from the

5 University of California, Berkeley School of Law in 2008 as Executive Editor of the

6 *California Law Review*.  He was admitted to the California Bar in 2008. He received

7 CLAY Awards in 2016 and 2022, and was named one of Lawdragon's 500 Leading

8 Plaintiff Employment and Civil Rights Lawyers for 2020-2021.  Mr. Swearingen

9 serves as co-lead counsel for the plaintiff class in *Hernandez v. County of Monterey*

10 (N.D. Cal. No. 5:13-cv-2354-BLF-NMC), described *supra* in ¶ 12.

11      17.    In addition to Mr. Swearingen and me, the RBGG team includes three

12 associates, each of whom has broad legal experience and expertise in the litigation

13 of class action lawsuits. RBGG has the capacity thoroughly and vigorously to

14 prosecute the claims in this case and properly represent the plaintiff class and

15 subclasses and intends to commit all necessary resources to do so.

16 **Law Office of Aaron J. Fischer**

17      18.    The Law Office of Aaron J. Fischer engages in class action and other

18 complex litigation regarding public entity systems.  The firm's areas of practice

19 include disability rights, civil and constitutional rights, and complex investigations

20 and systems counseling.  The firm is willing and able to devote the resources

21 necessary to litigate this case.

22      19.    Aaron Fischer is the principal at the Law Office of Aaron J. Fischer.

23 He graduated from Columbia Law School and clerked for the Honorable Jack B.

24 Weinstein of the United States District Court for the Eastern District of New York,

25 and for the Honorable Kimba M. Wood of the United States District Court for the

26 Southern District of New York.  He became a member of the State Bar of California

27 in 2006.  He is admitted the Southern, Central, Eastern, and Northern Districts of

28 California, and the Ninth Circuit and Eleventh Circuit Courts of Appeals.  He

previously served as Litigation Counsel for Disability Rights California, where he worked on and litigated several complex criminal system- and disability-related matters.  Prior to joining Disability Rights California, he was an attorney at RBGG.  In 2014, he received the Jack Berman Award of Achievement for Distinguished Service to the Profession and the Public from the California State Bar Association (now the California Lawyers Association).  He has repeatedly been named a Northern California Rising Star by SuperLawyers.

20.    Mr. Fischer is currently lead class counsel representing approximately 800 people incarcerated in Santa Barbara County Jail, in *Murray v. County of Santa Barbara* (C.D. Cal. No. 2:17-cv-08805-GW-JPR), a case challenging systemic deficiencies as to mental health and medical care, conditions of confinement (including solitary confinement), environmental health and safety conditions, and the treatment of people with disabilities.  The class was certified, and a comprehensive settlement was approved by the court in 2021; remedial plan implementation and monitoring are ongoing.  Mr. Fischer is also co-lead class counsel representing more than 3,000 people incarcerated in Sacramento County Jail, in *Mays v. County of Sacramento* (E.D. Cal. No. Case 2:18-cv-02081-TLN-KJN), a case challenging systemic deficiencies in the provision of mental health and medical care, conditions of confinement, and the treatment of people with disabilities.  The class was certified, and a comprehensive settlement was approved by the court in 2020; remedial plan implementation and monitoring are ongoing.  Other cases in which Mr. Fischer has served on the class counsel team include: *Coleman v. Newsom* and *Armstrong v. Newsom*, both described *supra* at ¶ 12; *Valdivia v. Brown* (E.D. Cal. No. S-94-671 LKK/GGH), on behalf of parolees regarding their constitutional due process rights in parole revocation proceedings; *Hecker v. Brown* (E.D. Cal. No. 2:05-cv-2441 LKK JFM P), on behalf of incarcerated people with a mental health disability; *Hernandez v. County of Monterey*, described *supra* at ¶ 12; and *Johnson v. County of Los Angeles* (C.D. Cal.

1  No. 2:08-cv-03515-DDP-SH), on behalf of people with mobility disabilities

2  incarcerated in the Los Angeles County Jail system seeking improved accessibility,

3  reasonable accommodations, and equitable treatment.

4  **DLA Piper LLP (US)**

5      21.    DLA Piper LLP (US) ("DLA Piper") is a global law firm with lawyers

6  located in more than 40 countries throughout the Americas, Europe, the Middle

7  East, Africa, and Asia. DLA Piper's clients range from multinational, *Global 1000*,

8  and *Fortune 500* enterprises, to emerging companies, to individuals.  They include

9  more than half of the *Fortune 250* and nearly half of the *FTSE 350* or their

10  subsidiaries. DLA Piper has repeatedly been recognized for its dedication to pro

11  bono work.  Most recently, DLA Piper received the 2022 John Minor Wisdom

12  Public Service and Professionalism Award from the American Bar Association

13  Litigation Section's Access to Justice Committee.

14      22.    DLA Piper features one of the premier class action practices in the

15  United States, having handled class action lawsuits in virtually every U.S.

16  jurisdiction.  Well over 100 lawyers at the firm litigate class action lawsuits, of

17  virtually every variety.  DLA Piper's class action group is regularly recognized by

18  respected legal industry websites and publications.  As one example, DLA Piper was

19  recently named a Powerhouse firm for class action litigation by BTI Consulting

20  Group.

21      23.    Christopher Young graduated from the University of California,

22  Berkeley School of Law in 1992, and was admitted to the California Bar in 1992.

23  He has been practicing with DLA Piper and its predecessor firms in San Diego for

24  30 years, since 1992.  He was an associate with Gray Cary Ames & Frye and Gray

25  Cary Ware & Freidenrich from 1992 to 2000, and a partner with Gray Cary Ware &

26  Freidenrich from 2000 to 2005, when that firm merged to form DLA Piper.  He has

27  been a partner with DLA Piper since 2005.  He is licensed to practice law in the

28  State of California and is admitted to all California state courts; the Southern,

Central, Eastern, and Northern Districts of California; and the Ninth Circuit Court of Appeals.  Mr. Young has been repeatedly recognized for his accomplishments by respected legal industry publications.  Each year since 2020, Chambers USA listed him in Band One, as one of the three top-ranked litigation attorneys in San Diego, commenting that he regularly takes on significant class actions and is noted for his proficiency in product liability matters.  Mr. Young was also named "Lawyer of the Year" by The Best Lawyers in America in the category of Class Actions and Mass Tort Defense Litigation for San Diego for both 2020 and 2023.

24.    Mr. Young has devoted the bulk of his practice to class action litigation for the past 30 years.  He has acted as lead counsel in dozens of class actions in courts throughout California and the United States.  He has litigated class actions involving putative classes ranging from several hundred to 14 million individuals, and ranging from local to nationwide in scope.  Of particular relevance here, Mr. Young recently served as co-lead counsel with RBGG in *Sabata et al. v. Nebraska Department of Correctional Services et al*. (D. Neb. No. 4:17-cv-3107-RFR-MDN).  Mr. Young worked to prosecute the *Sabata* case for several years, and along with my law firm, received the Good Apple Award from Nebraska Appleseed for his work on that case. *See* https://upgrade.neappleseed.org/37134.  That litigation centered around conditions for incarcerated persons in the Nebraska state prison system and involved many issues similar to those raised by this action.

25.    In addition to Mr. Young, the DLA Piper team working on the instant matter includes six or more associate attorneys, all of whom have broad legal experience and expertise in the litigation of class action lawsuits.  DLA Piper is willing and able to devote the necessary resources to the representation of the plaintiff class in this matter through the conclusion of the litigation.

### Status of This Joint Motion

26.    From the time agreement on the definition of the class and subclasses was reached, the parties continued to meet and confer by email regarding the Joint

Class Certification Motion and associated documents, including the form, substance, and method of the proposed Class Notice. Attached hereto as **Exhibit F** is a true and correct copy of the parties' stipulated Class Notice. Attached hereto as **Exhibit G** is a true and correct copy of the Order granting Motion for Class Certification, which was approved as to form by counsel for Defendants.

27.    To my knowledge, no conflicts or collusion exist between opposing counsel, Plaintiffs, and the proposed class and sub-class members that would compromise their ability to represent the class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 24th day of October, 2023.

*/s/ Gay Crosthwait Grunfeld*
Gay Crosthwait Grunfeld

# TABLE OF CONTENTS

## EXHIBITS TO THE DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT PARTIES' JOINT MOTION FOR CLASS CERTIFICATION

| EXHIBIT | DESCRIPTION | PAGE NO. |
|---|---|---|
| A | Order Granting Joint Motion for Class Certification in *Topete v. Cty. of San Bernardino,* No. 5:16-cv-00355-VAP-DTB (C.D. Cal. Jan. 27, 2017) | 1 |
| B | Order Certifying Action as Class Action in *Chavez v. Cty. of Santa Clara,* No. 1:15-cv-05277-RMI (N.D. Cal. Sept. 20, 2016) | 16 |
| C | Order Granting Joint Motion for Class Certification in *Cole v. Cty. of Santa Clara,* No. 5:16-cv-06594-LHK (N.D. Cal. Feb. 6, 2018) | 19 |
| D | Order Granting Class Certification in *Murray v. Cty. of Santa Barbara*, No. 2:17-cv-08805-GW-JPR (C.D. Cal. May 31, 2018) | 22 |
| E | Order Granting Class Certification in *Mays v. Cty. of Sacramento,* No. 2:18-cv-02081-TLN-KNJ (E.D. Cal. Dec. 28, 2018) | 26 |
| F | Class Notice | 29 |
| G | Order Granting Joint Motion for Class Certification | 32 |

[4374832.1]

# EXHIBIT A



FILED
CLERK, U.S. DISTRICT COURT

JAN 27, 2017

CENTRAL DISTRICT OF CALIFORNIA
BY:      BH      DEPUTY

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

George Topete et al.,

                    Plaintiffs,

      v.

County of San Bernardino,

                    Defendant.

EDCV 16-355-VAP (DTBx)

**ORDER GRANTING JOINT MOTION TO CERTIFY CLASS**

Jaime Jaramillo, Monique Lewis, Joshua Mills, and Rahshun Turner ("Plaintiffs") and the County of San Bernardino ("Defendant") filed their Joint Motion to Certify Class on December 1, 2016 ("Motion"). (Doc. No. 44.) No party opposed the motion. After consideration of the papers in support of the Motion and arguments advanced at the hearing, the Court GRANTS the Motion as follows.

## I.    BACKGROUND

On November 11, 2016, Plaintiffs filed their Second Amended Class Action Complaint for Injunctive and Declaratory Relief on their own behalf and on behalf of those similarly situated. (Doc. No 41.) Plaintiffs allege Defendant's jails provide inadequate mental health care for inmates by failing to adequately screen incoming inmates for mental illness, belatedly and inadequately evaluating inmates for mental health symptoms, providing inadequate mental health care once care is requested by inmates, and improperly placing inmates with mental disabilities in solitary confinement, among other things. (Id. ¶¶ 13–23.) Defendant's jails allegedly provide inadequate medical care to inmates by, among other things, failing to screen

United States District Court
Central District of California

inmates adequately for health care conditions upon intake, failing to conform with professional standards of care for preventing and controlling infectious diseases, failing to assess and treat adequately inmates with substance withdrawal complications, and failing to provide timely access to specialty care. (Id. ¶¶ 24–29.) Defendant also allegedly provides inadequate dental care by not providing root canals, dentures, or dental floss.  (Id. ¶ 30.)  Plaintiff also claims Defendant fails to keep adequate health care records, which puts inmates at risk of "misdiagnosis, dangerous mistakes, and unnecessary delays in care," and Defendant denies inmates copies of their health records.  (Id. ¶¶ 31–32.)

Defendant allegedly has a policy and practice of using excessive force against inmates.  (Id. ¶¶ 33–36.) Plaintiffs state, "[f]orce is used on people who are deemed, correctly or not, to have disrupted jail operations, disobeyed jail rules, complained about conditions, or disrespected jail staff," and this pattern of excessive force occurs because (1) "Defendant does not adequately train, supervise, and discipline correctional officers" and (2) "Defendant's written policies and procedures are inadequate."  (Id. ¶¶ 34–35.)

Plaintiffs also claim Defendant fails to protect inmates from violence.  (Id. ¶¶ 37–42.)  There are not enough correctional officers to ensure inmates' safety, and Defendant does not "classify and assign people to housing locations where they will be safe from injury and violence."  (Id. ¶¶ 38–39.)  When inmates notify Defendant's staff they are at risk of assault, Defendant allegedly does not respond adequately to protect inmates.  (Id. ¶ 41.)

United States District Court
Central District of California

Plaintiffs allege Defendant's policies and practices discriminate against inmates with disabilities.  (Id. ¶¶ 43–49.)  Upon intake, Defendant fails to identify inmates' disabilities and required assistive devices, and Defendant does not provide required assistive devices or medical supplies to inmates in a timely fashion.  (Id. ¶¶ 45, 47.)  Defendant also fails to house inmates with disabilities where they can safely gain access to programs and services, and Defendant does not have effective procedures for inmates to contest disability discrimination.  (Id. ¶ 46, 48.)

Plaintiffs claim Defendant's policies and practices subject inmates to harmful and inhumane solitary confinement.  (Id. ¶¶ 50–66.)  Defendant uses "small cells for solitary confinement, in which inmates stay for anywhere from 23 hours per day to months or years at a time, causing substantial risk of anxiety, panic, withdrawal, hallucinations, self-mutilation, and suicidal thoughts and behaviors."  (Id. ¶ 50; see Doc. No. 45 ¶¶ 2–3.)  Plaintiff alleges this is especially harmful for inmates with mental disabilities, and Defendant "locks people with psychiatric and/or intellectual disabilities in solitary confinement for nonconforming and erratic behaviors related to their conditions."  (Doc. No. 41 ¶ 64.)

The parties propose two classes of plaintiffs: (1) a class consisting of "[a]ll people who are now, or in the future will be, incarcerated in the San Bernardino County jails" (the "Plaintiff Class") and (2) "[a]ll people who are now, or in the future will be, incarcerated in the San Bernardino County jails and who have a psychiatric and/or intellectual disability, as defined under the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794" (the "Plaintiff Subclass").  (Doc. No. 44 at 7–8.)

**Ex. A-4**

## II.   LEGAL STANDARD

Recognizing that "[t]he class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only," Federal Rule of Civil Procedure 23 demands two requirements be met before a court certifies a class.  Comcast Corp. v. Behrend, 133 S. Ct. 1426, 1432 (2013).

A party first must meet the requirements of Rule 23(a), which demands the party "prove that there are in fact sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation."  Id. Although not mentioned in Rule 23(a), the moving party must also demonstrate the class is ascertainable.  Keegan v. Am. Honda Motor Co., 284 F.R.D. 405, 521 (C.D. Cal. 2012); Rodmakers, Inc. v. Newport Adhesives & Composites, Inc., 209 F.R.D. 159, 163 (C.D. Cal. 2002) ("Prior to class certification, plaintiffs must first define an ascertainable and identifiable class.").

If a party meets Rule 23(a)'s requirements, the proposed class must also satisfy at least one of the requirements of Rule 23(b).  Here, Plaintiff invokes Rule 23(b)(1)(A) (Doc. No. 44 at 12).  Under 23(b)(1)(A), class certification is appropriate if the prosecution of separate actions by individual members of the class would create the risk of "inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class."  Fed. R. Civ. P. 23(b)(1)(A).  A "core example" of an action under 23(b)(1)(A) is the "situation in which many individuals, all challenging a single government policy, bring separate suits for injunctive relief."  William B. Rubenstein, Newberg on Class Actions § 4:11 (5th ed. 2016)

United States District Court
Central District of California

**Ex. A-5**

District courts are given broad discretion to grant or deny a motion for class certification. <u>Bateman v. Am. Multi-Cinema, Inc.</u>, 623 F.3d 708, 712 (9th Cir. 2010). The party seeking class certification bears the burden of showing affirmative compliance with Rule 23. <u>See</u> <u>Wal-Mart Stores, Inc. v. Dukes</u>, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule."). This requires a district court to conduct a "rigorous analysis" that frequently "will entail some overlap with the merits of the plaintiff's underlying claim." <u>Id.</u> Nevertheless, the merits can be considered only to the extent they are "relevant to determining whether the Rule 23 prerequisites to class certification are satisfied." <u>Amgen Inc. v. Conn. Ret. Plans & Trust Funds</u>, 133 S. Ct. 1184, 1195 (2013).

## III. DISCUSSION

### A. ASCERTAINABLE CLASS

Before establishing numerosity, commonality, typicality, and adequacy, "the party seeking class certification must demonstrate that an identifiable and ascertainable class exists." <u>Mazur v. eBay Inc.</u>, 257 F.R.D. 563, 567 (N.D. Cal. 2009). "A class definition should be precise, objective, and presently ascertainable," though "the class need not be so ascertainable that every potential member can be identified at the commencement of the action." <u>O'Connor v. Boeing N. Am., Inc.</u>, 184 F.R.D. 311, 319 (C.D. Cal. 1998) (internal quotations omitted). "As long as the general outlines of the membership of the class are determinable at the outset of the litigation, a class will be deemed to exist." <u>Id.</u>

United States District Court
Central District of California

**Ex. A-6**

Courts will deny certification if it is difficult to determine class members at the outset. See Tietsworth v. Sears, Roebuck & Co., No. 09-288, 2013 WL 1303100, at *3-4 (N.D. Cal. Mar. 28, 2013) (denying certification where "ascertaining class membership would require unmanageable individualized inquiry"); Bruton v. Gerber Products Co., No. 12-CV-02412-LHK, 2014 WL 2860995, at *6-7 (N.D. Cal. June 23, 2014) (denying certification when proposed class members would have to submit affidavits describing what products they purchased); Jones v. ConAgra Foods, Inc., No. C 12-01633 CRB, 2014 WL 2702726, at *10 (N.D. Cal. June 13, 2014) ("Even assuming that all proposed class members would be honest, it is hard to imagine that they would be able to remember which particular Hunt's products they purchased from 2008 to the present, and whether those products bore the challenged label statements.").

Here, the parties seek to certify two separate classes: (1) All people who are now, or in the future will be, incarcerated in the San Bernardino County jails (the "Plaintiff Class") and (2) all people who are now, or in the future will be, incarcerated in the San Bernardino County jails and who have a psychiatric and/or intellectual disability, as defined under the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 (the "Plaintiff Subclass"). (Doc. No. 44 at 7–8.) By filing a joint motion for class certification, the parties agree that both the Plaintiff Class and the Plaintiff Subclass are sufficiently ascertainable. (See id.) Also, as prison records are readily available to identify who is currently incarcerated in Defendant's jails and the jails' medical records can establish which inmates have psychiatric or intellectual disabilities, the proposed class definitions are "precise, objective, and presently ascertainable." Although the identities of future inmates who will be incarcerated in Defendant's

6

**Ex. A-7**

United States District Court
Central District of California

jails are not currently ascertainable, courts frequently allow class action plaintiffs to represent others who may be damaged by a defendant's acts in the future. <u>Parsons v. Ryan</u>, 289 F.R.D. 513, 525 (D. Ariz. 2013), aff'd, 754 F.3d 657 (9th Cir. 2014); <u>Piva v. Xerox Corp.</u>, 70 F.R.D. 378, 388 (N.D. Cal. 1975) ("Courts have further allowed former employees to challenge discriminatory practices in hiring by permitting them to represent future employees."); <u>Long v. Sapp</u>, 502 F.2d 34, 42 (5th Cir. 1974) ("this court held a former black employee to be a proper representative in a Title VII suit of the class of present and potential future black employees of the defendant"). Thus, the Court finds the Plaintiff Class and Plaintiff Subclass are sufficiently ascertainable.

## B. RULE 23(A)

### a. Numerosity

To satisfy the numerosity requirement under Rule 23(a)(1), joinder of all class members must be "impracticable," but not necessarily impossible. <u>Parkinson v. Hyundai Motor Am.</u>, 258 F.R.D. 580, 588 (C.D. Cal. 2008). Courts have not required evidence of a specific class size or identity of class members to satisfy the requirements of Rule 23(a)(1). <u>Robidoux v. Celani</u>, 987 F.2d 931, 935 (2d Cir. 1993). Although there is no "precise threshold," Courts have routinely found the numerosity requirement is met when a proposed class comprises "40 or more members." <u>Berry v. Baca</u>, 226 F.R.D. 398, 403 (C.D. Cal. 2005).

Here, both parties allege there are currently approximately 6,000 prisoners housed in Defendant's jails, and each of these prisoners is subject to Defendant's policies and practices within the jails. (Doc. No. 44 at 12.) Further, Defendant's jails house "hundreds of prisoners" who have either psychiatric or intellectual

United States District Court
Central District of California

1    disabilities, or both. (Id. at 12–13.)  As the Plaintiff Class and the Plaintiff Subclass

2    consist of a large number of prisoners, there is "no doubt that joinder of all members

3    of the potential Class and Subclass would be impracticable, if not impossible."

4    Parsons v. Ryan, 289 F.R.D. 513, 516 (D. Ariz. 2013), aff'd, 754 F.3d 657 (9th Cir.

5    2014).  Accordingly, the Court finds Rule 23(a)'s numerosity requirement is met.

6

7            **b.      Commonality**

8            Commonality "requir[es] a plaintiff to show that 'there are questions of law

9    or fact common to the class.'"  Dukes, 564 U.S. at 349 (quoting Fed. R. Civ. P.

10   23(a)(2)).  Even a single common question will suffice.  Id. at 2556.

11

12           "Rule 23(a)(2) is not 'a mere pleading standard,' so establishing commonality

13   sometimes requires affirmative evidence, which the courts must subject to 'rigorous

14   analysis.'"  Stockwell v. City & Cty. of San Francisco, 749 F. 3d 1107, 1111 (9th Cir.

15   2014) (quoting Dukes, 564 U.S. at 351).  This "rigor often 'will entail some overlap

16   with the merits of the plaintiff's underlying claim.'"  Id.  "Merits questions may be

17   considered to the extent—but only to the extent—that they are relevant to

18   determining whether the Rule 23 prerequisites for class certification are satisfied."

19   Amgen Inc., 133 S. Ct. at 1195.  "'[W]hether class members could actually prevail on

20   the merits of their claims' is not a proper inquiry in determining the preliminary

21   question 'whether common questions exist.'"  Stockwell, 749 F.3d at 1112 (quoting

22   Ellis v. Costco Wholesale Corp., 657 F. 3d 970, 983 n. 8 (9th Cir. 2011)).  The Court,

23   therefore, is mindful that the proper inquiry here is "whether the questions

24   presented, whether meritorious or not, [are] common to the members of the putative

25   class."  Id. at 1113–14.  In class action suits involving inmates challenging a county's

26   prison conditions, "[n]umerous courts have concluded that the commonality

requirement can be satisfied by proof of the existence of systemic policies and practices that allegedly expose inmates to a substantial risk of harm." Parsons v. Ryan, 754 F.3d 657, 681 (9th Cir. 2014).

The parties allege a common issue of law for both the Plaintiff Class and Plaintiff Subclass is "whether [Defendant] is deliberately indifferent to the class members' health and safety in the application of its policies and practices." (Doc. No. 44 at 14.) The parties also allege common questions of fact include questions regarding "the content of [Defendant's] policies governing prisoners' conditions of confinement" and assumedly, the actual conditions of prisoners' confinement. (Id.) Thus, "[t]he putative class and subclass members [present] common contentions whose truth or falsity can be determined in one stroke: whether the specified . . . policies and practices to which they are all subjected by [Defendant] expose them to a substantial risk of harm." Parsons v. Ryan, 754 F.3d 657, 678 (9th Cir. 2014). Accordingly, the Court finds the commonality requirement is satisfied.

### c.   Typicality

The Ninth Circuit in Hanlon v. Chrysler Corp., 150 F.3d 1011 (9th Cir. 1998), explained, "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Id. at 1020.  Thus, to find typicality, a "court does not need to find that the claims of the purported class representatives are identical to the claims of the other class members." Haley v. Medtronic, Inc., 169 F.R.D. 643, 649 (C.D. Cal. 1996).  "In other words, a claim is typical if it: (1) arises from the same event or practice or course of conduct that gives rise to the claims of other class members; and (2) is based on the same legal theory as their claims." Id.  Rule 23(a)'s commonality and

United States District Court
Central District of California

typicality requirements occasionally merge: "Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 349 n.5 (2011).

Here, the parties allege Plaintiffs Rahshun Turner, Monique Lewis, Jaime Jaramillo, and Joshua Mills all are exposed to the same policies and practices within Defendant's jails. (Doc. No. 44 at 17; Doc. No. 45 ¶¶ 7–13.) All the other members of the Plaintiff Class and the Plaintiff Subclass are also incarcerated, or will be incarcerated, in the same jails and thus are, or will be, exposed to the same policies and practices. (Doc. No. 44 at 7–8, 17.) As Defendant's policies and practices are the same for all of its jails, Plaintiffs and all members of the Plaintiff Class and Plaintiff Subclass claim they are "exposed to an ongoing risk of injury under current policies and practices in the event that they are housed in solitary confinement or in a location where their physical safety is in jeopardy, that they need medical, mental, or dental healthcare, or that they require accommodations for disabilities." (Id. at 17.) Also, as discussed above, the fact that Plaintiffs assert common issues of law and fact exist tends to show their claims are typical of the Plaintiff Class and Plaintiff Subclass. (Id. at 14.)

### d.   Adequacy of Representation

Rule 23(a)(4) demands that "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This determination "is a question of fact that depends on the circumstances of each case." In re Nat'l W.

United States District Court
Central District of California

United States District Court
Central District of California

Life Ins. Deferred Annuities Litig., 2010 WL 2735732, at *5 (S.D. Cal. July 12, 2010) (citing McGowan v. Faulkner Concrete Pipe Co., 659 F.2d 554, 559 (5th Cir. 1981)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class member[s], and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020. "Class representatives have less risk of conflict with unnamed class members when they seek only declaratory and injunctive relief." Hernandez v. Cty. of Monterey, 305 F.R.D. 132, 160 (N.D. Cal. 2015).

Here, the parties assert Plaintiffs are adequate representatives for the Plaintiff Class and Plaintiff Subclass because Plaintiffs' "interests are in fact identical to the interests of the proposed Class and Subclass: all seek declaratory and injunctive relief compelling defendant to change its policies and practices related to conditions of confinement, prisoner classification, protection from violence, healthcare, and reasonable accommodations in the San Bernardino County jails." (Doc. No. 44 at 18.) Further, courts have routinely held prisoners requesting relief from allegedly inadequate system-wide policies and practices are adequate named plaintiffs to represent the interests of similarly situated prisoners. E.g., Hernandez, 305 F.R.D. at 160; Parsons, 754 F.3d at 681; Armstrong v. Davis, 275 F.3d 849, 879 (9th Cir. 2001).

Here, the parties state counsel has no conflicts of interest with Plaintiffs or any of the proposed class members. (Doc. No. 44 at 19.) Plaintiffs' counsel, Donald Specter of The Prison Law Office, states his firm has committed significant resources to this case by "interviewing Plaintiffs and other members of the Class and

Ex. A-12

subclass to develop the factual record and legal issues underlying this case, performing legal research about potential claims and relief available to the Class," drafting a complaint and class certification motion, and negotiating the substance of remedial plans with Defendant.  (Doc. No. 46 ¶ 3.)  Plaintiffs' counsel states he has "litigated numerous large-scale prisoner and parolee class actions for the last 30 years, including successfully arguing before the U.S. Supreme Court" on two occasions.  (Id. ¶ 4)  Further, Plaintiffs' counsel promises his firm will continue to "dedicate substantial resources" in order to prosecute the action vigorously on behalf of the class. (Id. ¶ 6.)

Accordingly, the Court finds Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

As Plaintiffs have met all the Rule 23(a) requirements, the Court now turns to the Rule 23(b) requirements.

## C.  RULE 23(B)

Under 23(b)(1)(A), class certification is appropriate if the prosecution of separate actions by individual members of the class would create the risk of "inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class." Fed. R. Civ. P. 23(b)(1)(A).  A "core example" of an action under 23(b)(1)(A) is the "situation in which many individuals, all challenging a single government policy, bring separate suits for injunctive relief."  William B. Rubenstein, Newberg on Class Actions § 4:11 (5th ed. 2016).

Ex. A-13

Here, the parties assert there are approximately 6,000 inmates housed in Defendant's jails, and because each one is subjected to Defendant's policies and practices, each one could file suit requesting injunctive relief. (Doc. No. 44 at 20; see Doc. No. 45 ¶¶ 7–13.) If each suit were litigated independently, the rulings could conflict with one another and impose inconsistent standards, according to which Defendant would be required to tailor its policies and practices. Thus, certification is appropriate under 23(b)(1)(A) because if the members of the proposed class litigated their claims individually there would be a risk that each individual case would impose a different standard on Defendant. See Ashker, 2014 WL 2465191 at *7 (certifying class of inmates claiming prison policy violated the Eighth Amendment pursuant to 23(b)(1)(A)). Accordingly, the requirements for certification under 23(b)(1)(A) are met.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS the parties' joint Motion. Accordingly the Court certifies two classes: (1) a Plaintiff Class of "[a]ll people who are now, or in the future will be, incarcerated in the San Bernardino County jails" and (2) a Plaintiff Subclass of "all people who are now, or in the future will be, incarcerated in the San Bernardino County jails and who have a psychiatric and/or intellectual disability, as defined under the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794." (Doc. No. 44 at 7–8.) Further, the Court certifies plaintiffs Jaime Jaramillo, Monique Lewis, Joshua Mills, and Rahshun Turner as representatives of the Plaintiff Class and Plaintiff Subclass, and the Court certifies The Prison Law Office as counsel for the Plaintiff Class and Plaintiff Subclass.

Ex. A-14

**IT IS SO ORDERED.**

Dated: _____1/27/17_____

_____
Virginia A. Phillips
Chief United States District Judge

**Ex. A-15**

# EXHIBIT B

DONALD SPECTER (SBN 83925)
dspecter@prisonlaw.com
MARGOT MENDELSON (SBN 268583)
mmendelson@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, California 94710
Telephone: (510) 280-2621

JESSICA VALENZUELA SANTAMARIA
(SBN 220934) jsantamaria@cooley.com
JEFFREY W. WALKER (SBN 280505)
jwalker@cooley.com
ADDISON M. LITTON (SBN 305374)
alitton@cooley.com
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 843-5000

KENDALL DAWSON WASLEY(SBN 252294)
kendall@dawsonwasleylaw.com
PMB 233
1520 E. Covell Blvd.
Davis, CA 95615
Telephone: (408) 827-5024

*Attorneys for Plaintiffs,*
BRIAN CHAVEZ and BRANDON
BRACAMONTE

JAMES R. WILLIAMS, Acting County
Counsel (S.B. #271253)
ARYN PAIGE HARRIS, Deputy County
Counsel (SBN 208590)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

*Attorneys for Defendant,*
COUNTY OF SANTA CLARA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CHAVEZ and BRANDON BRACAMONTE, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br><br>Defendant. | Case No. 1:15-cv-05277-NJV<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER CERTIFYING ACTION AS CLASS ACTION**<br><br>Hearing Date: October 25, 2016<br>Time:    10:00 a.m.<br>Judge:   Hon. Nandor J. Vadas |

**Ex. B-17**

On October 25, 20016 at 10:00 a.m., the Court took under submission the Parties' Joint Motion for Class Certification under Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure. Having reviewed the submitted papers, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. The numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) are satisfied.

2. The requirements under both Rule 23(b)(1) and Rule 23(b)(2) are satisfied.

3. The Action is hereby certified as a class action as to all claims and defenses at issue in the Complaint pursuant to Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure.

4. The Class is defined as:

> All people who are now, or in the future will be, incarcerated in the Santa Clara County jails.

5. This class action also includes a Subclass, which is defined as:

> All people who are now, or in the future will be, incarcerated in the Santa Clara County jails and who have a psychiatric and/or intellectual disability, as defined under the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

6. Plaintiffs Chavez and Bracamonte will serve as representatives of the Class, and Plaintiff Bracamonte will serve as a representative of the Subclass.

7. Pursuant to Rule 23(c)(2)(A), the parties shall submit a proposed notice to the class and the method of distribution of that notice within 14 days of this Order.

8. Cooley LLP, the Prison Law Office, and Kendall Dawson Wasley are appointed as class counsel to represent the interests of the plaintiff class.

**IT IS SO ORDERED.**

Dated: ___September 20, 2016___       _____

Hon. Nandor J. Vadas
U.S. Magistrate Judge

**Ex. B-18**

1

# EXHIBIT C

**Ex. C-19**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID COLE, LEROY BENJAMIN, ERASMO FLORES, JR., ROBERT PHILLIPS and BRANDON WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>COUNTY OF SANTA CLARA, a public entity, COUNTY OF SANTA CLARA DEPARTMENT OF CORRECTION, a public entity under the control of the County of Santa Clara, the COUNTY OF SANTA CLARA OFFICE OF THE SHERIFF, a public entity under the control of the County of Santa Clara, and DOES 1 to 20, inclusive,<br><br>                    Defendants. | Case No. 5:16-CV-06594-LHK<br><br>**ORDER GRANTING JOINT MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 35 |

## ORDER

Having reviewed the parties' Joint Motion for Class Certification under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, ECF No. 35, the Court hereby GRANTS the Joint Motion. Accordingly, IT IS HEREBY ORDERED as follows:

1.    The numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) are satisfied.

2.    The requirements under Rule 23(b)(2) are satisfied.

3.    The action is hereby certified as a class action as to all claims and defenses at issue in the Complaint pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

4.    The Class is defined as: All individuals with mobility disabilities who are now, or will be in the future, incarcerated in the Santa Clara County Jails, which consist of three facilities: (1) the Santa Clara County Main Jail Complex ("Main Jail"), consisting of Main Jail North and Main Jail South, in San Jose, California; (2) facilities for male inmates at the Elmwood Correctional Complex in Milpitas, California ("Elmwood"); and (3) the Elmwood Complex Women's Facility in Milpitas, California.

5.    Plaintiffs Cole, Benjamin, Flores, Phillips, and Williams shall serve as representatives of the Class.

6.    Rosen Bien Galvan & Grunfeld LLP and Disability Rights Advocates are appointed as class counsel to represent the interests of the plaintiff class.

**IT IS SO ORDERED.**

DATED: February 6, 2018

*Lucy H. Koh*

Hon. Lucy H. Koh
United States District Judge

**Ex. C-21**

ORDER GRANTING JOINT MOTION FOR CLASS CERTIFICATION
Case No. 16-CV-06594-LHK

# EXHIBIT D

1  AARON J. FISCHER (SBN 247391)
    aaron.fischer@disabilityrightsca.org
2  DISABILITY RIGHTS CALIFORNIA
3  1330 Broadway, Suite 500
   Oakland, CA 94612
4  Telephone:  (510) 267-1200
   Facsimile:   (510) 267-1201
5
6  JULIA E. ROMANO (SBN 260857)
    jromano@kslaw.com
7  JENNIFER T. STEWART (SBN 298798)
    jstewart@kslaw.com
8  STACY L. FOSTER (SBN 285544)
    sfoster@kslaw.com
9  KING & SPALDING LLP
10 633 W Fifth Street, Suite 1700
   Los Angeles, CA  900781
11 Telephone:  (213) 443-4355
   Facsimile:   (213) 443-4310
12
13 Attorneys for Plaintiffs
14 [Additional Counsel Listed On Second Page]

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| 18 CLAY MURRAY, DAVID FRANCO, SHAREEN WINKLE, MARIA TRACY, ERICK BROWN, on behalf of themselves and all others similarly situated, | Case No. 2:17-cv-08805-GW-JPR |
| 19 | **CLASS ACTION** |
| 20 | **ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| 21              Plaintiffs, | |
| 22       v. | DATE:        April 12, 2018 |
| 23 | TIME:        8:30 a.m. |
| 24 COUNTY OF SANTA BARBARA, and SANTA BARBARA COUNTY SHERIFF'S OFFICE, | JUDGE:       Hon. George H. Wu COURTRM:  9D |
| 25 | Complaint Filed:  December 6, 2017 |
| 26              Defendants. | |

27

28
                                                    **Ex. D-23**

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

RICHARD DIAZ (SBN 285459)
  richard.diaz@disabilityrightsca.org
DISABILITY RIGHTS CALIFORNIA
350 South Bixel Street, Suite 290
Los Angeles, CA 90017
Telephone:   (213) 213-8000
Facsimile:    (213) 213-8001

DON SPECTER (SBN 83925)
  dspecter@prisonlaw.com
CORENE KENDRICK (SBN 226642)
  ckendrick@prisonlaw.com
PRISON LAW OFFICE
1917 Fifth Street
Berkeley, CA  94710
Telephone:   (510) 280-2621
Facsimile:    (510) 280-2704

DONALD F. ZIMMER, JR. (SBN 112279)
  fzimmer@kslaw.com
KING & SPALDING LLP
101 Second Street, Suite 2300
San Francisco, CA 94105
Telephone:   (415) 318-1220
Facsimile:    (415) 318-1300

JOSHUA C. TOLL (Admitted *Pro Hac Vice*)
  jtoll@kslaw.com
KING & SPALDING LLP
1700 Pennsylvania Ave NW
Washington DC 20036
Telephone:    (202) 737-8616
Facsimile:    (202) 626-3727

**Ex. D-24**

- 1 -

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs' Motion for Class Certification came on regularly for hearing on April 12, 2018 in Courtroom 9D of the above-entitled Court.

After full consideration of the evidence, the oral arguments of each party, and the authorities submitted by counsel, the Court finds this action is maintainable as a class action under Federal Rule of Civil Procedure Rule 23(a), 23(b)(1), and 23(b)(2). Accordingly, the Court **GRANTS** Plaintiffs' Motion and certifies the following classes:

- **Plaintiff Class:** All people who are now, or in the future will be, incarcerated in the Santa Barbara County Jail system.

- **Plaintiff Subclass (the "Disabilities Subclass"):** All people who are now, or in the future will be, incarcerated in the Santa Barbara County Jail system and who are qualified individuals with disabilities, as that term is defined in the Americans with Disabilities Act (ADA), 42 U.S.C. §12102, the Rehabilitation Act, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m).

The Court hereby certifies Plaintiffs CLAY MURRAY, SHAREEN WINKLE, and MARIA TRACY as representatives of the Plaintiff Class and Disabilities Subclass and appoints Disability Rights California, Prison Law Office, and King & Spalding LLP as Class Counsel.

The Court orders the parties, pursuant to Rule 23(c)(2)(A), to confer and submit a proposed notice to the Plaintiff Class and Disabilities Subclass, and the method of distribution of that notice, within 30 days of the Order certifying the Plaintiff Class and Disabilities Subclass.

IT IS SO ORDERED.

Dated: May 31, 2018

The Honorable George H. Wu
United States District Judge

**Ex. D-25**

- 1 -

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

# EXHIBIT E

Ex. E-26

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LORENZO MAYS, et al.,                    No.  2:18-cv-02081-TLN-KJN

12              Plaintiffs,

13        v.                                  ORDER

14   COUNTY OF SACRAMENTO,

15              Defendant.

16

17        Plaintiffs, state prisoners proceeding with retained counsel, filed this civil rights action

18   seeking relief under 42 U.S.C. § 1983.  Plaintiffs and Defendants brought a joint motion for class

19   certification.  (ECF No. 28.)  The matter was referred to a United States Magistrate Judge

20   pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21        On November 30, 2018, the magistrate judge filed findings and recommendations herein

22   which were served on all parties and which contained notice to all parties that any objections to

23   the findings and recommendations were to be filed within ten days.  (ECF No. 46.)  Neither party

24   has filed objections to the findings and recommendations.

25        The Court has reviewed the file and finds the findings and recommendations to be

26   supported by the record and by the magistrate judge's analysis.  Accordingly, IT IS HEREBY

27   ORDERED that:

28        1.  The findings and recommendations filed November 30, 2018, are adopted in full;

1

**Ex. E-27**

2.  The numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) are satisfied.

3.  The requirements under both Rule 23(b)(1) and Rule 23(b)(2) are satisfied.

4.  This action is certified as a class action as to all claims and defenses at issue in the Complaint pursuant to Rules 23(a), 23(b)(1), and 23(b)(2) of the Federal Rules of Civil Procedure.

5.  The following classes are certified:

> **Plaintiff Class**: All people who are now, or in the future will be, incarcerated in the Sacramento County jails.

> **Plaintiff Subclass (the "Disability Class")**: All qualified individuals with disabilities, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m), who are, or will be in the future, incarcerated in the Sacramento County jails.

6.  Plaintiffs MAYS, RICHARDSON, BOTHUN, LEE, BEIRGE, and GARLAND are certified to serve as representatives of the Plaintiff Class and Disability Subclass.

7.  Disability Rights California, the Prison Law Office, and Cooley LLP are appointed as class counsel to represent the interests of the Plaintiff Class and Disability Subclass.  Fed. R. Civ. P. 23(c)(1)(B).

8.  A proposed notice to the Plaintiff Class and Disabilities Subclass, and the proposed method of distribution of such notice, was appended to the parties' joint status report and is under review by the assigned magistrate judge.

Dated: December 27, 2018

Troy L. Nunley
United States District Judge

2

**Ex. E-28**

# EXHIBIT F

## NOTICE OF CLASS ACTION CERTIFICATION

### Darryl Dunsmore et al. v. San Diego County Sheriff's Department, et al.; S.D. Cal. No. 3:20-cv-00406-AJB-DDL

On _____, 2023, the United States District Court for the Southern District of California certified a class and three subclasses in the pending case *Dunsmore v. San Diego County Sheriff's Department*.  In the same order, the Court appointed the attorneys of Rosen Bien Galvan & Grunfeld LLP, DLA Piper LLP (US), and the Law Office of Aaron J. Fischer as class counsel.  The certified Class and Subclasses are:

- All adults who are now, or will be in the future incarcerated in any of the San Diego County Jail facilities ("Incarcerated People Class");

- All adults who have a disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m), and who are now, or will be in the future, incarcerated in all San Diego County Jail facilities ("Incarcerated People with Disabilities Subclass");

- All adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities and have private counsel or are pursuing state or federal claims on a *pro per* basis ("Incarcerated People with Private Counsel or *Pro Per* Claims Subclass"); and

- All Black and Latinx adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated Black and Latinx Persons Subclass").

You will not be entitled to any money as a result of this lawsuit; it is only about improving Jail conditions.  If you are currently incarcerated in a San Diego County Jail facility, you are automatically part of this lawsuit.

The issues in this class action include:

- Mental health care and treatment including segregation, solitary confinement, lack of medication, and suicide prevention;

- Medical and dental health care and treatment;

- Environmental conditions including cleanliness and sanitation;

- Safety, security, and prevention of violence;

- Access to programs, services and activities for people with disabilities, including accommodations in disciplinary proceedings and in use of force incidents;

- Access to counsel and due process for people with private legal counsel or no legal counsel (*pro se/pro per*); and

- Overincarceration based on discrimination of Black and Latinx people.

You may view the class action complaint that was filed in federal court by submitting a request verbally or in writing to jail staff.

You are not required to do anything at this time. The Court will decide whether to issue an order regarding the conditions in the jail facilities based on evidence presented in court. If there is a settlement, the Court will decide whether to issue an order based on that settlement after notice is provided to people in the Class and Subclasses.

If you would like more information about this case, or if you have any information that you would like to communicate to class counsel attorneys, please write via LEGAL MAIL to:

**Rosen Bien Galvan & Grunfeld LLP**
**Post Office Box 390**
**San Francisco, CA 94104-0390**

Or call us at **(415) 433-6830**

# EXHIBIT G

Ex. G-32

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  DARRYL DUNSMORE, ANDREE          Case No. 3:20-cv-00406-AJB-DDL
    ANDRADE, ERNEST ARCHULETA,
11  JAMES CLARK, ANTHONY EDWARDS,    **ORDER GRANTING MOTION**
    LISA LANDERS, REANNA LEVY,       **FOR CLASS CERTIFICATION**
12  JOSUE LOPEZ, CHRISTOPHER
    NELSON, CHRISTOPHER NORWOOD,     Judge:      Hon. Anthony J. Battaglia
13  JESSE OLIVARES, GUSTAVO          Magistrate: Hon. David D. Leshner
    SEPULVEDA, MICHAEL TAYLOR, and
14  LAURA ZOERNER, on behalf of      Trial Date: None Set
    themselves and all others similarly situated,
15
            Plaintiffs,
16
        v.
17  SAN DIEGO COUNTY SHERIFF'S
    DEPARTMENT, COUNTY OF SAN
18  DIEGO, SAN DIEGO COUNTY
    PROBATION DEPARTMENT, and DOES
19  1 to 20, inclusive,
20          Defendants.

21

22

23

24

25

26

27

28
                                              **Ex. G-33**
                                      Case No. 3:20-cv-00406-AJB-DDL
    [4364166.5]
    ORDER GRANTING MOTION FOR CLASS CERTIFICATION

The Court, having reviewed the Joint Motion for Class Certification under Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure, and the entire record in this action, and good cause appearing, HEREBY ORDERS as follows:

1.     The numerosity, commonality, typicality, and adequacy requirements of Rule 23(a) are satisfied.

2.     The requirements of Rule 23(b)(2) are satisfied.

3.     This action is hereby certified as a class action with an Incarcerated People Class, Incarcerated People with Disabilities Subclass, Incarcerated People with Private Counsel or Pro Per Claims Subclass, and Incarcerated Black and Latinx Persons Subclass, as to all claims and defenses at issue in the Third Amended Complaint pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure.

4.     The Incarcerated People Class is defined as: "all adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities."

5.     Plaintiffs Dunsmore, Andrade, Archuleta, Clark, Edwards, Landers, Levy, Lopez, Nelson, Norwood, Olivares, Sepulveda, Taylor, and Zoerner will serve as representatives of the Incarcerated People Class.

6.     The Incarcerated People with Disabilities Subclass is defined as:  "all adults who have a disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m), and who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities."

7.     Plaintiffs Dunsmore, Andrade, Archuleta, Clark, Edwards, Landers, Levy, Lopez, Nelson, Norwood, Olivares, Sepulveda, Taylor, and Zoerner will serve as representatives of the Incarcerated People with Disabilities Subclass.

8.     The Incarcerated People with Private Counsel or Pro Per Claims Subclass is defined as: "all adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities and have private counsel or are

1   pursuing state or federal claims on a pro per basis."

2       9.    Plaintiffs Dunsmore, Lopez, Nelson, and Taylor will serve as

3   representatives of the Incarcerated People with Private Counsel or Pro Per Claims

4   Subclass.

5       10.   The Incarcerated Black and Latinx Persons Subclass is defined as: "all

6   Black and Latinx adults who are now, or will be in the future, incarcerated in any of

7   the San Diego County Jail facilities."

8       11.   Plaintiffs Andrade, Archuleta, Clark, Edwards, Landers, Lopez,

9   Olivares, Sepulveda, and Taylor will serve as representatives of the Incarcerated

10  Black and Latinx Persons Subclass.

11      12.   Rosen Bien Galvan & Grunfeld LLP, Law Office of Aaron J. Fischer,

12  and DLA Piper LLP (US) are appointed as class counsel to represent the interests of

13  the Incarcerated People Class, Incarcerated People with Disabilities Subclass,

14  Incarcerated People with Private Counsel or Pro Per Claims Subclass, and

15  Incarcerated Black and Latinx Persons Subclass.

16      13.   The Court approves the substance, form, and manner of the Proposed

17  Class Notice, submitted as an exhibit to the Declaration of Gay Crosthwait Grunfeld

18  in Support of Joint Motion for Class Certification.  The Court directs that the Class

19  Notice be translated into Spanish.  The Court finds that the proposed method of

20  disseminating the Class Notice in English and Spanish meets all due process and

21  other legal requirements and is the best notice practicable under the circumstances.

22      14.   Within thirty (30) days of this Order, Defendants are directed to post

23  the Class Notice in English and Spanish in all housing modules, and at all intake

24  locations, in all Jail facilities in such a manner as to make the Class Notice clearly

25  visible to class members.  Defendants will provide translation of the Class Notice

26  into other languages and in large print upon request and to read it aloud upon

27  request.

28      15.   Upon request, Defendants shall read the Class Notice to individuals

1  who are illiterate or have a disability that may affect their ability to read the Class

2  Notice.

3       16.    Defendants shall file and serve on Plaintiffs' counsel a declaration

4  affirming that the Class Notice is posted and will remain posted, consistent with this

5  Order.

6       17.    Defendants will make a copy of the operative complaint in this case

7  (Dkt. 231) available upon written or oral request to individuals detained in all

8  housing units at the Jail.

9       18.    With this Order, the Clerk of the Court shall separately file and docket

10  as "Class Notice" the proposed class notice.

11

12       **IT IS SO ORDERED.**

13

14  DATED: _____, 2023        _____

15                                      Honorable Anthony J. Battaglia
                                        United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28