Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, California 92101-8474
Tel: 619.814.5800    Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, California 95113-2336
Tel: 408.606.6300    Fax: 408.606.6333

Attorneys for Defendant
COUNTY OF SAN DIEGO, (Also erroneously sued herein as SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, and SAN DIEGO COUNTY PROBATION DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ERNEST ARCHULETA, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, CORRECTIONAL HEALTHCARE PARTNERS, INC., TRI-CITY MEDICAL CENTER, LIBERTY HEALTHCARE, INC., MID-AMERICA HEALTH, INC., LOGAN HAAK, M.D., INC., SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' BRIEF RE SENATE BILL 519 RE CIRB REPORTS PER COURT ORDER [DOC. 414]**<br><br>[NO HEARING PER COURT ORDER]<br><br>Mag. Judge:   Hon. David D. Leshner |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

The Court requested briefing by the parties to address the effect, if any, of Senate Bill 519 to the production of Critical Incident Review Board (CIRB) Reports in this case. [Doc. 414] There is no change from the present state of the law nor does SB 519 (to be codified in Penal Code section 832.10) portend any change to the protections afforded to CIRB Reports by the attorney-client privilege and attorney work product doctrine. SB 519 does not overturn the attorney-client privilege or attorney work product doctrine, nor any other privilege (i.e. official information privilege) as to CIRB Reports. SB 519 explicitly <u>confirms</u> that the attorney-client privilege and attorney work product doctrine have always applied to CIRB Reports and thus must be applied.

II. **SB 519 – Protections for Attorney-Client Privilege and Attorney Work Product for CIRB Reports**

Senate Bill 519, which was approved by the Governor on October 4, 2023, adds Section 832.10 to the Penal Code, and becomes operative July 1, 2024. SB 519 states in part as follows:

> Section 832.10 is added to the Penal Code, to read:
> **832.10.**
> \*\*\*
> (a) For purposes of this section, the following definitions shall apply:
> (1) "Death incident" means an event where a person has died in the custody or supervision of the local detention facility.
> (2) "Local detention facility" means any city, county, city and county, or regional jail, camp, court holding facility, private detention facility, or other facility in which persons are incarcerated.
> \*\*\*
> **(b) Notwithstanding subdivision (a) of Section 832.7, or any other law,** any record relating to an investigation conducted by the local detention facility involving a death incident maintained by a local detention facility shall not be confidential and shall be made available for public inspection pursuant to the California Public Records Act (Division 10 (commencing with Section 7920.000) of Title 1 of the Government Code).
> (c) Records disclosed under subdivision (b) shall be subject to all of the following:
> \*\*\*

> **(7) (A) For purposes of releasing records pursuant to this subdivision, the attorney-client privilege does not prohibit the disclosure of either of the following:**
> **(i) Factual information provided by the local detention facility to its attorney or factual information discovered in any investigation conducted by, or on behalf of, the local detention facility's attorney.**
> (ii) Billing records related to the work done by the attorney so long as the records do not relate to active and ongoing litigation and do not disclose information for the purpose of legal consultation between the local detention facility and its attorney.
> **(B) This paragraph does not prohibit the local detention facility from asserting that a record or information within the record is exempted or prohibited from disclosure pursuant to any other federal or state law.** However, to the extent that the local detention facility asserts attorney-client privilege or any other prohibitive disclosure provided by federal or state law, the court may conduct in camera review unless prohibited by law.
> \*\*\*
> (h) This section shall become operative on July 1, 2024.

[emphasis added]

SB 519 provides for the disclosure of records relating to local detention facility investigations of death incidents, but *notwithstanding any law*, and not *prohibiting the assertion of exemption from disclosure pursuant to any other federal or state law*.  SB 519 Penal Code § 832.10(b) and (c)(7)(B).  As an initial matter, SB 519 pertains to an investigation by a "local detention facility" (i.e. the county jail).   It does not refer to CIRB or any review board or process.

While SB 519 states that the attorney-client privilege does not prohibit the disclosure of "[f]actual information provided by the local detention facility to its attorney or factual information discovered in any investigation conducted by, or on behalf of, the local detention facility's attorney," it is silent as to attorney work product – *i.e.* there are no carve-outs for disclosure of records for work-product protected documents.  With respect to the attorney-client privilege, SB 519 protects attorney-client communications, with the exception of factual information discovered in an investigation.  However, if the documents are protected by another privilege, such as work product, the factual findings exception to the attorney-client

privilege does not apply (since the County is permitted to assert laws prevent their disclosure). *See* SB 519 Penal Code § 832.10(c)(7)(B).

Notably, the County already releases to the public the findings of in-custody death CIRB reports, located at https://www.sdsheriff.gov/resources/transparency-reports. A snapshot of the County of San Diego Sheriff's Department's website on the public's access to the CIRB findings is below:

**CIRB In-Custody Deaths | 2023**
- Adamson, P
- Faulkner, E
- Shuey, R
- Thuresson, R

**CIRB In-Custody Deaths | 2022**
- Baker, D
- Bonin, A
- Bousman, J (update)
- Dix, R
- Fosbinder, J
- Gil, G
- Granillo, V
- Lacy, J (update)
- Marler, D
- Ornelas, O
- Reynolds, S
- Ruiz, R
- Rupard, L
- Sarabia, A
- Schuck, W (update)
- Settles, M
- Villasenor, L
- Vogelman, R
- Wahlberg, E

**CIRB In-Custody Deaths | 2021**

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

- 3 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' BRIEF RE SENATE BILL 519
RE CIRB REPORTS PER COURT ORDER

SB 519's focus on factual findings demonstrates that attorney-client communications are still preserved. Further, SB 519 permits *in camera* review to assess privilege unless prohibited by law, which has always been the case. *In camera* review is not mandated; it is discretionary. (In that sense, the law is unchanged since there is no mandatory requirement for an *in camera* review, but leaves it to the Court's discretion). The availability of *in camera* review supports that the attorney-client privilege does not simply evaporate if an investigatory or remedial purpose is involved. *See In re Grand Jury*, 23 F.4th 1088, 1094 (9th Cir. 2021) (leaving open whether "**a** primary purpose test" rather than "**the** primary purpose test" applies, especially for situations dealing with internal investigations, which are conducted for both legal (*e.g.*, to obtain legal advice) and business reasons (*e.g.*, to comply with regulatory requirements and corporate policy)). As noted in *In re Grand Jury*, internal investigations inherently implicate dual, "overlapping" purposes, thus a "test that focuses on *a* primary purpose instead of *the* primary purpose would save courts the trouble of having to identify a predominate purpose among two (or more) potentially equal purposes. *Id.* at 1094, (emphasis in original) citing *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754 (D.C. Cir. 2014).

Privilege is more nuanced than just trying to weigh whether "the primary purpose" of the CIRB process is for investigatory/remedial measures versus obtaining legal assistance. Even in *Morton v. Cnty. of San Diego*, No. 21-CV-1428-MMA-DDL, 2023 WL 4243239, at *4 (S.D. Cal. June 27, 2023), attorney-involved communications were ordered to be redacted. *Id*. at *6 (concluding that communications between Faigin and Sheriff's Department personnel memorialized in the "Training and Tactics" section on pages two and three of the CIRB Report should be redacted).

Under Plaintiffs' view, the CIRB Reports are not subject to the attorney-client privilege or attorney work product doctrine because the CIRB process is

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

- 4 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' BRIEF RE SENATE BILL 519
RE CIRB REPORTS PER COURT ORDER

purportedly remedial and investigatory. However, that is just one of its purposes. Under the dual purpose "a" primary test, the Court is permitted to evaluate multiple purposes and is not boxed in to determining whether <u>one</u> primary purpose exists. SB 519 confirms that the attorney-client privilege protects non-factual information. SB 519 also does not affect the protections provided by any other law, including the attorney work product doctrine or the official information privilege, both of which apply, as explained in Defendants' opposition (CIRB Reports were prepared in anticipation of litigation, because of the prospect of litigation; the official information privilege also protects production of the CIRB reports in order to encourage frank deliberations and open communication with counsel in response to a critical incident). [Doc. 420] Section 832.10 to the Penal Code provides strong guidance to the Court here whether in effect or not because it clarifies existing law and does not create new law.

### III. CONCLUSION

SB 519's primary objective for the public release of information is to dissolve any shroud of secrecy of a local detention facility's investigation of an in-custody death, particularly use-of-force and incidents that can implicate criminal charges, as demonstrated by SB 519's focus on the release of factual information. The County has already made findings of the CIRB reports available to the public. Nothing more should be ordered to be produced. SB 519 was not intended to eviscerate any privilege, nor could it. The CIRB Reports remain protected by the attorney-client, attorney work product, and official information privileges.

Dated: October 23, 2023

BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Elizabeth M. Pappy*
     Susan E. Coleman
     Elizabeth M. Pappy

Attorneys for Defendants

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

- 5 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' BRIEF RE SENATE BILL 519
RE CIRB REPORTS PER COURT ORDER