GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Subclass

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>   Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING SENATE BILL 519 AND PRODUCTION OF CIRB DOCUMENTS**<br><br>Judge: Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

**INTRODUCTION**

Plaintiffs submit this supplemental brief in support of Plaintiffs' motion to compel production of Critical Incident Review Board ("CIRB") Reports by Defendants San Diego County and the San Diego County Sheriff's Department ("Defendants"). *See* Dkt. 412-1 ("Motion"); Dkt. 414 (ordering supplemental briefing). Plaintiffs seek the CIRB Reports for in-custody deaths at the Jail from 2021 to the present. *Id.* at 1. Although Senate Bill 519 ("SB 519") does not explicitly affect whether Defendants must produce the CIRB Reports in this case, SB 519 demonstrates the legislature's intent to make public investigative materials of in-custody deaths—like the CIRB Reports. SB 519 further supports the general principle that CIRB's investigative reports cannot be kept secret. For the reasons stated in Plaintiffs' Motion, the Court should order production of the CIRB Reports.

**I.  SB 519 REQUIRES PUBLIC DISCLOSURE OF IN-CUSTODY DEATH INVESTIGATION REPORTS, INCLUDING CIRB DOCUMENTS**

SB 519 became law on October 4, 2023. *See* Swearingen Decl., Ex. A (text of SB 519). The bill has three components, including, as relevant here, making investigations by sheriff's departments into in-custody deaths subject to public disclosure. The bill also (1) creates a position of Director of In-Custody Death Review within the Board of State and Community Corrections, which oversees state and local detention facilities, including the San Diego County Jail system; and (2) requires that Director to review in-custody death investigations in local jails and make specific recommendations to the relevant sheriff's department or jail administrator, which then must provide specific responses. The law was introduced by San Diego-area legislators in response, in part, to the epidemic of deaths in San Diego County jails and the withholding of CIRB reports. *See* Swearingen Decl., Ex. B (September 13, 2023 news release from California Senate President Pro Tempore Toni G. Atkins's office regarding SB 519 and **specifically referencing "An alarming increase in death incidents has occurred in San Diego County in**

**the last three years, with 18 in custody deaths in 2021 and 20 deaths in 2022. This year already 11 inmates have died in-custody in San Diego County facilities."** (emphasis added)); Swearingen Decl., Ex. C. (October 5, 2023 *San Diego Union-Tribune* article reporting on how the new "legislation from Sen. Toni Atkins and Assemblymember Akilah Weber expands state oversight of county jails," and indicating that"[p]erhaps most important, SB 519 provides that sheriff's records related to internal jail-death investigations will be subject to public disclosure. In San Diego County, **those reports are written by the sheriff's critical incident review board**." (emphasis added)).

As relevant here, SB 519 adds Section 832.10 to the California Penal Code. That amendment will become effective July 1, 2024. In pertinent part, Penal Code 832.10 requires that "any record relating to an investigation conducted by the local detention facility involving a death incident maintained by a local detention facility shall not be confidential and shall be made available for public inspection pursuant to the California Public Records Act…." *Id.* at § 832.10(b). The definition of "record" is broad and includes investigative reports, photo and video evidence, and interview recordings. *Id.* at § 832.10(c)(1). Specifically, the new statute requires disclosure of "all materials compiled and presented for review to the district attorney or to any person or body charged with determining . . . whether the person's action was consistent with law and agency policy … [as well as] documents setting forth findings or recommended findings…." *Id.*

## II. SB 519 WEIGHS FURTHER IN FAVOR OF COMPELLING PRODUCTION OF CIRB REPORTS

SB 519 weighs further in favor of granting Plaintiffs' Motion because the legislation is directed at disclosure of CIRB Reports and other sheriff's departments' investigatory records relating to in-custody deaths. CIRB reports plainly fall within the ambit of SB 519's disclosure provisions. As explained in Plaintiff's motion, CIRB is an investigative body that receives and reviews Sheriff's Department

investigations about in-custody deaths and can recommend remedial changes to policies and training based on the investigation. *See* Motion at 1-2. The CIRB reports are plainly "records" that relate to an investigation by the Sheriff's Department and are subject to disclosure. *Cf.* Penal Code § 832.10(b). Furthermore, SB 519 requires disclosure of materials presented to any body charged with identifying policy violations and making findings or recommended findings related to the death—which is squarely CIRB's function. *See id.* § 832.10(c); *cf.* Motion at 1-2; Ex. A to Motion at 6-7. Any documents presented to CIRB are likewise disclosable under SB 519.

Because SB 519 concerns public disclosure, SB 519 does not directly affect the Court's analysis of whether the CIRB Reports are protected by the attorney-client privilege or the work product doctrine. They are not privileged, for the reasons stated in Plaintiffs' Motion and as previously found by this Court and others in this District, which correctly apply the Ninth Circuit's *In re Grand Jury* test.[1] *See* Motion at 3-9. SB 519 evidences the legislature's finding that the attorney-client privilege does not protect from public disclosure any factual information regarding an in-custody death shared with the Sheriff's Department attorney, including when the investigation is conducted at the Sheriff's Department's attorney's behest. *See* Penal Code § 832.10(c)(7)(A). Plaintiffs' Motion makes a similar point that the involvement of an attorney on CIRB has no effect on disclosure; what matters is the primary purpose of CIRB and the CIRB Reports, which is investigative and remedial—meaning the attorney-client privilege does not apply. *See* Motion at 5-9.

---

[1] Defendants urge this Court instead to adopt the "a primary purpose" test outlined by the D.C. Circuit in *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754 (D.C. Cir. 2014). *See* Dkt. 420 at 7. But, as the Ninth Circuit explained in *In re Grand Jury*, "*Kellogg* dealt with the very specific context of corporate internal investigations." 23 F.4th 1088, 1094 (9th Cir. 2021); *see Kellogg,* 756 F.3d at 756. Those facts are different from the situation here, where the meeting of CIRB is Defendants' standard practice, conducted by public employees about events of public importance, and automatically triggered by certain in-custody deaths at the Jail.

1  That SB 519 does not explicitly mention protections for attorney work product does
2  not change this analysis, because factual information "contained within [] work
3  product" is "not protect[ed]" unless those facts "inherently reveal the attorney's
4  mental impression." *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal.
5  2003) (emphasis, internal citation, and quotation marks omitted).[2]

6      SB 519 and amended Penal Code section 832.10 provide further bases to
7  reject Defendants' claim that the official information privilege protects the CIRB
8  Reports from disclosure. The official information privilege is a qualified privilege
9  "in which the interests of the party seeking discovery are weighed against the
10 interests of the governmental entity asserting the privilege"—and the balancing test
11 is "pre-weighted in favor of disclosure." *Soto v. City of Concord*, 162 F.R.D. 603,
12 613 (N.D. Cal. 1995) (internal citation and quotation marks omitted). Defendants'
13 declarant in opposing Plaintiffs' Motion speculates in boilerplate language that
14 disclosure of the CIRB Reports "could chill the frank deliberations" of the CIRB
15 process. Dkt. 420-1 ¶ 27. This generalized and conjectural concern is outweighed
16 not only by Plaintiffs' interests in obtaining information critical to assessing
17 Plaintiffs' claims about deaths at the Jail, but also by the legislature's conclusion in
18 SB 519 that the governmental reports should be made publicly available—even if
19 they could pertain to potential civil litigation regarding an incident.
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

---

[2] Although Defendants publish a one-to-two page "release" about in-custody deaths, Plaintiffs understand and believe that those releases do not contain all factual material considered by CIRB.

# CONCLUSION

For the foregoing reasons and those stated in Plaintiffs' Motion, Plaintiffs respectfully ask the Court to order production of all CIRB Reports relating to in-custody deaths at the Jail since January 1, 2021.

DATED: October 30, 2023

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Van Swearingen
    Van Swearingen

Attorneys for Plaintiffs and the Certified Subclass