UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>                               Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>                               Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**ORDER GRANTING JOINT MOTION FOR CLASS CERTIFICATION AND APPROVAL OF PROPOSED CLASS ACTION NOTICE PLAN**<br><br>**(Doc. No. 423)** |

Presently pending before the Court is Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda,

Michael Taylor, and Laura Zoerner (collectively, "Plaintiffs") and Defendants San Diego County Sheriff's Department, County of San Diego, and San Diego County Probation Department (collectively, "Defendants") joint motion for class certification and for approval of their proposed class notice plan. (Doc. No. 423.) For the reasons set forth below, the motion is **GRANTED**.

## I.   BACKGROUND

The facts of this case have been recited in previous orders. (*See* Doc. No. 219.) Plaintiffs are current or former inmates of San Diego County Jail facilities (the "Jail"), operated by Defendants San Diego County Sheriff's Department and the County of San Diego. Plaintiffs bring this action on behalf of "themselves and the approximately 4,000 incarcerated people who are similarly situated on any given day" to "remedy the dangerous, discriminatory, and unconstitutional conditions in the Jail." (Third Amended Complaint ("TAC"), Doc. No. 231, ¶ 4.) Specifically, Plaintiffs contend Defendants' policies and practices contribute to the high death rates in the Jail, which "has for years exceeded the rates nationally and in other large California jails, [and] it reached chilling heights in 2021 when 18 people died, amounting to a death rate of 458 incarcerated people per 100,000." (*Id.* ¶ 1.)

The Parties now jointly seek class certification pursuant to Rule 23(a) and (b)(2) of the Federal Rules of Civil Procedure. (Doc. No. 423.) In particular, the parties seek to certify the following class of individuals pursuant to Federal Rule of Civil Procedure 23(b)(2):

> All adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated People Class").

(*Id.* at 9.) The Parties also seek certification of three subclasses under Federal Rule of Civil Procedure 23(b)(2), specifically:

> All adults who have a disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m), and who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated People with Disabilities Subclass");

>All adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities and have private counsel or are pursuing state or federal claims on a pro per basis ("Incarcerated People with Private Counsel or Pro Per Claims Subclass"); and
>
>All Black and Latinx adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated Black and Latinx Persons Subclass").

(*Id.*)

The Parties also propose a class notice plan to ensure that all members of the class and subclasses are individually identified. (*Id.* at 24.) The Parties have agreed to the form and substance of the notice, and request the Court to order copies of the notice to be posted throughout the Jails in English and Spanish, and that Defendant Sheriff's Department read the Class Notice to individuals who are illiterate or have a disability that may affect their ability to read the Notice. (*Id.*) In addition, the Parties stipulate and ask the Court to order that copies of the TAC be provided by Defendant Sheriff's Department to class members upon request. (*Id.*)

## II.   LEGAL STANDARD

Class actions are the "exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700–01 (1979)). To depart from this rule, the "class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *E. Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (citation and internal quotation marks omitted). The proponent of class treatment, usually the plaintiff, bears the burden of demonstrating the propriety of class certification. *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1067 (9th Cir. 2014). This burden requires the plaintiff to provide sufficient facts to satisfy the four requirements of Rule 23(a) and at least one subsection of Rule 23(b) of the Federal Rules of Civil Procedure. *Zinser v. Accufix Res. Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).

Under Rule 23(a), a case is appropriate for certification as a class action if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements are commonly referred to as numerosity, commonality, typicality, and adequacy. "If the court finds the action meets the requirements of Rule 23(a), the court then considers whether the class is maintainable under Rule 23(b)." *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 451 (S.D. Cal. 2014).

In the instant matter, Plaintiffs seek certification pursuant to Rule 23(b)(2) for injunctive and declaratory relief classes. Rule 23(b)(2) permits certification where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

When entertaining a class certification motion, the court is obligated to conduct a rigorous analysis of whether the requirements of Rule 23 are satisfied. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). While the court must not go on a freewheeling inquiry into the merits of the plaintiff's claims, "[t]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (quoting *Falcon*, 457 U.S. at 160). Accordingly, "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 466 (2013). The court must therefore limit its inquiry "to those aspects relevant to making the certification decision on an informed basis." *Astiana v. Kashi Co.*, 291 F.R.D. 493, 499 (S.D. Cal. 2013).

### III. DISCUSSION

#### A. Rule 23(a) Requirements

The Court will first start with an analysis of whether the Parties have satisfied the Rule 23(a) elements of numerosity, commonality, typicality, and adequacy.

### 1. Numerosity

Under Rule 23(a)(1), a lawsuit may only proceed via a class if the "class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, the Parties stipulate that between October 1, 2022 and September 30, 2023, the average daily population of the Jails was 3,946 individuals. (Joint Stipulation of Facts ("Stip."), Doc. No. 423-1, ¶ 1.) During this timeframe, an average of 1,363 of those individuals received psychotropic medication for mental health disabilities. (*Id.*) Additionally, over 60% of the incarcerated individuals at the Jails were Black or Latinx. (*Id.*) Accordingly, the Court finds this requirement has been satisfied. *See Knutson v. Schwan's Home Serv., Inc.*, No. 3:12-cv-0964-GPC-DHB, 2013 WL 4774763, at *6 (S.D. Cal. Sept. 5, 2013) (finding the numerosity requirement satisfied where the class was "indisputably in the thousands" and the defendants stipulated to the numerosity requirement).

### 2. Commonality

The commonality factor "requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" which "does not mean merely that they have all suffered a violation of the same provision of law." *Dukes*, 564 U.S. at 350 (quoting *Falcon*, 457 U.S. at 157). The "claims must depend upon a common contention" and "[t]hat common contention . . . must be of such a nature that it is capable of classwide resolution . . . ." *Id.* For purposes of Rule 23(a)(2), even a single common question will suffice. *Id.* at 359.

In a civil-rights suit, "commonality is satisfied where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005). "In such circumstance, individual factual differences among the individual litigants or groups of litigants will not preclude a finding of commonality." *Id.*

The Parties assert commonality is satisfied because all putative class members are

subject to the same policies and practices and suffered the same injuries. (Doc. No. 423 at 17–18.) Specifically, the Parties contend the proposed class and subclasses share, at minimum, the following common questions:

- Whether Defendants fail to provide minimally adequate medical care to incarcerated people in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 7 and 17, of the California Constitution;
- Whether Defendants fail to provide minimally adequate mental health care to incarcerated people in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 7 and 17, of the California Constitution;
- Whether Defendants fail to make their programs, services, and activities available to persons with disabilities, and otherwise discriminating against persons with disabilities, in violation of the ADA, 42 U.S.C. § 12101 *et seq.*, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, and California Government Code Section 11135;
- Whether Defendants impose filthy, unhealthy, and dangerous conditions of confinement on incarcerated people in violation of the Article 1, Sections 7 and 17, of the California Constitution;
- Whether Defendants fail to protect incarcerated people from violence and injury in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 7 and 17, of the California Constitution;
- Whether Defendants fail to provide minimally adequate dental care to incarcerated people in violation of the Eighth and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 7 and 17, of the California Constitution;
- Whether Defendants fail to ensure incarcerated people have access to counsel and the courts in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 7 and 15 of the California Constitution; and
- Whether Defendants disproportionately incarcerate people based on race, ethnicity,

and/or national original in violation of California Government Code Section 11135. (*Id.*)

The Court agrees with the Parties that there are questions of law and fact common to the proposed class members. Accordingly, the Court finds Rule 23(a)(2) satisfied.

### 3. Typicality

Rule 23(a)(3)'s typicality requirement provides that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Falcon*, 457 U.S. at 156 (quoting *E. Tex. Motor Freight Sys.*, 431 U.S. at 403) (internal quotation marks omitted). The purpose of the requirement is "to assure that the interest of the named representative aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992). "[T]he typicality requirement is 'permissive' and requires only that the representative's claims are 'reasonably co-extensive with those of absent class members; they need not be substantially identical.'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010) (internal citations omitted). However, a court should not certify a class if "there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." *Hanon*, 976 F.2d at 508 (internal quotation marks and citation omitted).

The Court finds that Plaintiffs' claims are typical of the class and subclasses. Plaintiffs each allege they have experienced the same or similar harm, rely on the same legal theories, and seek the same injunctive relief that is broadly applicable to all members of the proposed class and subclasses. (*See* Doc. No. 423 at 19–21.) All of the Named Plaintiffs have been or are currently incarcerated in the Jails. As to the Plaintiffs who have been transferred or released from the Jails, the record contains compelling evidence they likely will be reincarcerated at the Jails, particularly through being rearrested, or, if they are currently incarcerated in state prison, housed at the Jails while out-to-court from prison for resentencing, habeas petitions, or to testify in another case. (*Id.* at 19.) Accordingly, the Court finds the Parties have satisfied typicality.

### 4. Adequacy

Rule 23(a)(4) requires the class representative to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In assessing this requirement, courts within the Ninth Circuit apply a two-part test, asking the following questions: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members? and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class? *See Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

The Parties assert Plaintiffs and their counsel do not have any conflicts with the class or subclasses, and agree to protect the rights of all proposed class members. (Doc. No. 423 at 22.) Additionally, Plaintiffs' counsel ensure they will fairly and adequately protect the interests of the class and subclasses, as they have performed extensive work investigating the claims in this action and are well-versed in prisoners' rights, disability law, and class actions. (*Id.* at 22–23.) Based on the foregoing, the Court finds Plaintiffs and their counsel are adequate class representatives.

### B.     Rule 23(b)(2) Requirements

If a proposed class satisfies Rule 23(a)'s requirements, then the proposed class must also qualify as one of the types of class actions Rule 23(b) identifies. Fed. R. Civ. P. 23(b); *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979–80 (9th Cir. 2011). Plaintiffs seek certification of the class and subclasses pursuant to Rule 23(b)(2). (Doc. No. 423 at 23.)

Rule 23(b)(2) permits class certification when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The Ninth Circuit has held that "'it is sufficient' to meet the requirements of Rule 23(b)(2) [when] 'class members complain of a pattern or practice that is generally applicable to the class as a whole.'" *Rodriguez*, 591 F.3d at 1125 (quoting *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998)). "The rule does not require [the Court] to examine the viability or bases of class members' claims for declaratory and injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them." *Id.*; *see also Dukes*, 564 U.S. at 360 ("The key to the (b)(2) class is the indivisible

nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.") (internal quotation marks omitted).

The Court finds that Rule 23(b)(2)'s requirements are plainly met. Plaintiffs seek broad declaratory and injunctive relief—system-wide improvements in Defendants' policies, procedures, and programs in the Jails—on behalf of a large class and subclasses of incarcerated individuals. (TAC ¶¶ 425, 433.) All members of the classes are allegedly exposed to a substantial risk of harm due to Defendants' alleged policies and practices. The requested relief would benefit the Named Plaintiffs as well as all members of the proposed class and subclasses in the same manner in a single stroke. *See Parsons v. Ryan*, 754 F.3d 657, 689 (9th Cir. 2014) ("[E]very inmate in the proposed class is allegedly suffering the same (or at least a similar) injury and that injury can be alleviated for every class member by uniform changes in . . . policy and practice.").

### C.    Approval of Proposed Class Notice Plan

"[I]n a Rule 23(b)(2) class action, notice may be given but is not required, and there is no requirement that a class member be given an opportunity to exclude himself or herself from the lawsuit." *Lyon v. U.S. Immigr. & Customs Enf't*, 300 F.R.D. 628, 635 (N.D. Cal. 2014). When certifying a class under Rule 23(b)(2), "the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). Notice should be given to class members in the "best" form "that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

Here, the Parties have agreed to the form and substance of the notice to all members of the class and subclass, attached as Exhibit F to the Grunfeld Declaration, (Doc. No. 423-2 at 41–42). To ensure that all members of the class be individually identified, the Parties ask the Court to order that copies of the notice be posted throughout the Jails in English and Spanish, and that Defendant Sheriff's Department shall read the Class Notice to individuals who are illiterate or have a disability that may affect their ability to read the

1  Notice. In addition, the Parties ask the Court to order that copies of the TAC shall be
2  provided by Defendant Sheriff's Department to class members upon request.

3        Because 23(b)(2) classes are being certified, notice to the classes are not required
4  but is appropriate here. *See* Fed. R. Civ. P. 23(c)(2) (providing that, "[f]or any class
5  certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the
6  class"). The Parties have reached an agreement that notice should be given, what the terms
7  of that notice should be, and how the notice should be distributed to the classes. As such,
8  the Parties' request for approval of proposed class notice plan is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, the Court hereby:

1. **GRANTS** the Parties' joint motion for class certification. The Court certifies a class consisting of:

> All adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated People Class").

The Court also certifies the following three subclasses:

> All adults who have a disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m), and who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated People with Disabilities Subclass");

> All adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities and have private counsel or are pursuing state or federal claims on a pro per basis ("Incarcerated People with Private Counsel or Pro Per Claims Subclass"); and

> All Black and Latinx adults who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities ("Incarcerated Black and Latinx Persons Subclass").

2. **GRANTS** the Parties' request to appoint Named Plaintiffs as class representatives;

3. **GRANTS** the Parties' request to appoint Rosen Bien Galvan & Grunfeld

LLP, the Law Office of Aaron J. Fischer, and DLA Piper LLP (US) as class counsel; and

    4.    **GRANTS** the Parties' request for approval of the proposed class notice plan. The Court **ORDERS** the following:

- Copies of the notice shall be posted throughout the Jails in English and Spanish;
- Defendant Sheriff's Department shall read the Class Notice to individuals who are illiterate or have a disability that may affect their ability to read the Notice
- Copies of the Third Amended Complaint shall be provided by Defendant Sheriff's Department to class members upon request.

**IT IS SO ORDERED.**

Dated: November 3, 2023

Hon. Anthony J. Battaglia
United States District Judge