GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:    (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:    (510) 694-6314
ajf@aaronfischerlaw.com

(*additional counsel on following page*)

Attorneys for Plaintiffs and the Certified Subclass

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 3:20-cv-00406-AJB-DDL <br><br> **JOINT STATUS REPORT** <br><br> Judge: Hon. Anthony J. Battaglia <br> Mag. Judge: Hon. David D. Leshner <br><br> Trial Date:  None Set |

1  (*counsel continued from preceding page*)

2  CHRISTOPHER M. YOUNG – 163319
   ISABELLA NEAL – 328323
3  OLIVER KIEFER – 332830
   DLA PIPER LLP (US)
4  401 B Street, Suite 1700
   San Diego, California  92101-4297
5  Telephone:  (619) 699-2700
   Facsimile:  (619) 699-2701
6  Email:      christopher.young@dlapiper.com
               isabella.neal@dlapiper.com
7              oliver.kiefer@dlapiper.com

8  Attorneys for Plaintiffs and the Certified Subclass

9  SUSAN E. COLEMAN (SBN 171832)
   E-mail: scoleman@bwslaw.com
10 BURKE, WILLIAMS & SORENSEN, LLP
   501 West Broadway, Suite 1600
11 San Diego, California 92101-8474
   Tel: 619.814.5800 Fax: 619.814.6799
12
   ELIZABETH M. PAPPY (SBN 157069)
13 E-mail: epappy@bwslaw.com
   BURKE, WILLIAMS & SORENSEN, LLP
14 60 South Market Street, Suite 1000
   San Jose, California 95113-2336
15 Tel: 408.606.6300 Fax: 408.606.6333

16 Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

# JOINT STATUS REPORT

Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner (collectively "Plaintiffs") and Defendants San Diego County Sheriff's Department, County of San Diego, and San Diego County Probation Department (collectively "Defendants") submit this joint status report to update the Court regarding the parties' disputes with respect to unresolved discovery issues in the above-referenced case.

## I.    PENDING JOINT MOTIONS

On October 17, 2023, the parties filed a joint motion seeking an Order requiring Defendants to produce protected health information responsive to Plaintiffs' Third and Fourth Sets of Requests for Production of Documents and First Set of Special Interrogatories. *See* Dkt. 415.

## II.    REQUESTS FOR PRODUCTION OF DOCUMENTS

### A.    ESI Search Terms and Document Review

Plaintiffs provided an initial set of search terms to Defendants on June 22, 2023, and requested a hit report showing the number of documents returned by each search term. Defendants County and Probation provided a complete hit report on October 31, 2023. Defendant Sheriff is approximately 75% complete with its system search. A partial report containing everything to close of business Friday, November 3, 2023 will be provided as soon as received by Defense counsel with a date certain for completion of the search.

**Plaintiffs' Position**: Plaintiffs object to Defendants' substantial delay in providing information about the ESI collected; for example, it took Defendants over four months to provide a complete hit report, and Defendants still have not provided information about "unique hits," *e.g.*, the number of documents that contain only one of the proposed search terms, which is a basic statistic that will enable the

parties to narrow and revise search terms.  The delay in providing basic information about ESI—which is a necessary prerequisite to Defendants' review and ultimate production of those documents—violates this Court's stated expectations for discovery, in which document productions should have been substantially complete by October 20, 2023.  Plaintiffs believe that Defendants' delay is due at least in part to Defendants' under-resourcing of this litigation, given that Defendants are not reliably using an e-discovery program or vendor (*e.g.*, Relativity), which could easily return information like unique hit counts.  Given the scope, complexity, constitutional and statutory claims, and public importance of this litigation, such additional effort and expense on the part of Defendants is appropriate and proportional under the Federal Rules of Civil Procedure.  Defendants should be required to expedite the production of all responsive ESI and begin a rolling production within 20 days.

**Defendants' Position**:

Defendants County and Probation provided the hit list and the parties have begun discussions on November 1st, about what the hit list shows, what other information can be provided including "hits" by custodian (which Defendants have agreed to provide).  Defendants were not aware there was  "dispute" as outlined by Plaintiffs above.  This is the first time Defendants have been made aware of a "dispute".

**B.    Plaintiffs' Requests for Production Sets 3 and 4**

Plaintiffs served their third set of RFPs on June 15, 2023.  Plaintiffs served their fourth set of RFPs on August 16, 2023.  In addition to ESI, Plaintiffs and Defendants have had an ongoing, meet and confer with periodic updates with Plaintiffs' counsel, which have been productive.  As noted above, the parties have discussed the number of documents retrieved in ESI searches, and Plaintiffs will provide Defendants with a proposal for narrowing the terms after Defendants provide information about unique hits as discussed on 11/1.  Documents have been

received by Defendants' counsel in the last 30 days which have been reviewed and produced, and additional documents were provided to Defense counsel two days ago not yet been processed. The parties continue to work cooperatively to resolution but need Court assistance where meet and confer has "concluded."

1. **RFP No. 28 (Sheriff's memoranda):**

    Plaintiffs' Position: On August 24, 2023, Plaintiffs requested that Defendants search for "memoranda," defined as "correspondence from Command Staff at the Sheriff's Department to all Detention Services Bureau staff, supervisors, and/or managers, or to all staff, supervisors, and/or managers of a particular division, as well as captain's directives." Defendants have not yet provided an update regarding the number of documents that hit on those parameters. On November 1, 2023, Defendants agreed to search for "captain's directives," as described in Plaintiffs' August 24 letter.

    Defendants' Position:

    Defendants' initial searches returned an enormous amount of data. Pursuant to Defendant's request, Plaintiffs provided a narrowed definition. The definition did not narrow or provide any guidance in the search. Defendants unilaterally applied "memo" plus the various topics upon which Plaintiffs sought "memoranda". The search again returned an enormous amount of data and on 11/1, Plaintiffs offered another narrowing search term, "Captain's Directive". Defendants are in the process of apply this additional term.

2. **RFP No. 43 (health care employee disciplinary information)**:

    Plaintiffs' Position: Plaintiffs understand that Defendants do not track this information and that it would be necessary to review each employee file for this information. Plaintiffs believe that such a search is proportional to the needs of this case and would reject a proposal to shift the costs of such search to Plaintiffs, in light of the fact that Plaintiffs are indigent incarcerated people, among other factors.

Defendants' Position:

Plaintiffs are aware that the information is not tracked and that every employee discipline file for the entire department (thousands of employees) would have to be hand searched. As of 11/1, Plaintiffs agreed to have the additional search term applied to come up with results and reassess. As of today's status conference statement, Plaintiffs have abandoned this agreement and now advocate a hand search of thousands of discipline records for thousands of employees who are wholly unrelated to medical treatment. There has been no explanation about how this search which will likely take several weeks for one person working fulltime to be "proportional" to the issues in the case and what information it may provide.

3. **RFP No. 75 (incidents of violence involving incarcerated people):** Defendants agreed to provide additional information about the format of the search results that came up with 3,477 incidents on September 4. The volume of responsive information must be searched by hand and the parties are working on alternatives to production of entire files.

4. **RFP Nos. 86 and 87 (certified subclass custody and medical records):** At Defendants' request that Plaintiffs narrow this request, Plaintiffs have proposed and understand that Defendants are conducting a new search limiting the production to January 1, 2022 and only for most recent booking.

For the following requests, Defendants have agreed to produce responsive documents:

1. **RFP No. 29 (post orders).**

2. **RFP No. 41 (documents related to health care quality).**

3. **RFP No. 52 (health care forms).**

4. **RFP No. 53 (emails from CDCR).**

5. **RFP No. 67 (lower bunk/lower tier discrepancy reports).**

6. **RFP No. 78 (contractors' productivity reports).**

7. **RFP No. 80 (use of force incidents).**

Plaintiffs seek to reserve their right to challenge the completeness of the above-referenced document productions. The parties have agreed that Defendants

will amend their written responses to Plaintiffs' requests as required following completed productions. The parties reserve their rights to raise with the Court any issues that arise with respect to amendment.

### C.    Plaintiffs' Requests for Production Sets 5

**Plaintiffs' Position**: Plaintiffs served their fifth set of RFPs on September 1, 2023. Plaintiffs agreed to extend the deadline to respond to all discovery served on September 1, 2023 to October 31, 2023 (including Defendants' response to Plaintiffs' RFP Set 5), and the production deadline to November 7, 2023. *See* Dkt. 419 at 1 & n.1. On October 30, 2023, Defendants informed Plaintiffs' counsel that they would not timely respond to this set of RFPs, and instead would respond on November 7, 2023. *See* Ex. A. Defendants have waived objections and should be required to produce responsive documents as soon as possible.

**Defendants' Position:**

Plaintiffs served their fifth set of RFPs on September 1, 2023. Plaintiffs and Defendants agreed to mutual extensions of time to all discovery served by each side on September 1, 2023 to October 31, 2023 (including Defendants' response to Plaintiffs' RFP Set 5). *See* Dkt. 419 at 1 & n.1. The parties agreed via email that all responses would be due on November 7th, 2023. Following the discovery conference with the Court on October 31st, defense could was concerned about Plaintiffs counsel's reference to a due date of October 31st because of the agreement to November 7th. Defense counsel confirmed with a prior email from Plaintiffs counsel that all responses were due November 7th. Plaintiffs counsel then engaged in an argument accusing defense counsel of lying and being "unreasonable" in the interpretation of the email. Defendants intend to respond to the discovery as agreed on November 7th. No objections have been waived and when Defense counsel suggested that Plaintiffs simply hold off on production of any responses until November 7th, Plaintiffs refused and engaged in the inappropriate accusations toward defense counsel.

### D.    Deadline to Substantially Complete Document Production

**Plaintiffs' Position**:  The deadline to substantially complete production of documents was **October 20, 2023**.  Dkt. 381.  Plaintiffs are amenable to an extension of this deadline to November 7, 2023 for any discovery requests served by Plaintiffs on September 1, 2023.  *See* Ex. A.  However, given Defendants' substantial delays in supplying information to Plaintiffs during the meet and confer process, Plaintiffs do not agree that further extension of the deadlines for earlier-served discovery requests is appropriate.  Plaintiffs seek to have Defendants substantially complete their document productions as soon as possible, given that Plaintiffs will not be ready to take depositions until after they have had adequate time to review documents produced by Defendants.

**Defendants' Position:**

The Court set the deadline and neither party has or can comply with the October 20th date.  Defendants do not believe the Court intended the deadline to waive objections or provide either party the right to limit evidence/discovery without some sort of additional court action.  Plaintiffs have never articulated the meaning of the deadline as it relates to the discovery which is still outstanding and obviously due well after the deadline.  The "objection" by Plaintiffs seems to arise from nothing other than a desire to disagree.  To the extent the Court wants a set deadline for all responsive documents to be exchanged, the deadline should be extended to the end of February 2024 because of the 88 requests for production of documents thus far, the 50 or so in inspection requests and the 155 additional requests Plaintiffs served which are due November 7th.  Plaintiffs should also be prevented from any further requests through inspection notices, deposition notices, and any further document production requests in order to adhere to the February 2024 deadline.  The document requests by plaintiffs have been resulting in searches netting more than 100,000 documents with Plaintiffs demanding that all 100,000 be reviewed by Defendants to pick out what will likely be the select few

responsive documents.  This has been an ongoing problem with Plaintiffs be unwilling to narrow the scope of document requests to what is truly needed.

**E.    Privilege Logs**

**Plaintiffs' Position**:  Defendants will not produce a privilege log for documents created during this litigation, and the parties are at an impasse on this issue.  Plaintiffs maintain that a privilege log is required for all responsive documents for which Defendants assert privilege.  For example, RFP No. 65 calls for notes that Commander Bavencoff referenced in a declaration (Dkt. 311-16) regarding various County-based disability-access service providers that an incarcerated person may encounter, descriptions of the way ADA services are being provided, and areas for which she would like to see change or has already requested changes.  Such notes are relevant to Plaintiffs' claims but Defendants refuse to produce a privilege log for these documents and other documents created during the course of this litigation.

**Defendants' Position**:

There are no documents which are required to be included in a privilege log. Plaintiffs seek to have defense counsel include communications between their office and the client in such a log, and client internal emails communicating attorney advice and instructions to responsible individuals in the Sheriff's Department. Plaintiffs have offered no legal authority to support any such obligation.

**III.  INTERROGATORIES**

Defendants will provide amended responses to Plaintiffs' First Set of Interrogatories (served June 15, 2023) as appropriate when the Court grants the pending Joint Motion for Order Regarding Production of Documents and Responses to Interrogatories Subject to Protective Order (Dkt. 415).

Defendants have not yet responded to Plaintiffs' Second Set of Interrogatories, and Plaintiffs have not yet responded to Defendants' First Set of Interrogatories.

## IV.    INSPECTIONS

**Plaintiffs' Position**:  On July 7, 2023, Plaintiffs served requests for one mental health expert to inspection three jail facilities and an ADA expert to inspect one jail facility, to take place in mid-August 2023.  Plaintiffs took those inspections off calendar.  On September 1, 2023, Plaintiffs noticed inspections for six experts to inspect seven jail facilities on only one day per facility, as Defendants' counsel demanded, to take place November 1-9, 2023 (the final inspection specific to JIMS/tablets).  On October 15, 2023—*after* their time to object expired and *after* Defendants served untimely objections (due October 1; served October 10) and only about two weeks before the inspections were to take place—Defendants informed Plaintiffs that the Sheriff's Department will not allow all experts and counsel to inspect the facilities at the same time due to understaffing, and will instead force the experts to have less time at the jail because no more than six people will be permitted at a given time.  Due to these and other untimely objections in which Defendants threatened to preclude inspections from going forward as noticed (including any further inspection of Central Jail), Plaintiffs were forced to cancel the inspections (and attendant purchased airline tickets) that took substantial resources to plan for and coordinate.  Following the October 30, 2023 discovery hearing on this issue, Plaintiffs sent Defendants a proposal for inspections including the areas of the Jail that they intend to inspect; however, as of 5:00 pm on November 2, 2023, Defendants have not responded and have not provided Plaintiffs with facility floor plans as discussed at the October 30, 2023 discovery hearing.  The parties' disputes relate to multiple aspects of the September 1, 2023 inspection notices, including as to document requests; whether Plaintiffs may inspect San Diego Central Jail; whether Plaintiffs' experts will be allowed to inspect jail facilities for an entire day; whether Plaintiffs' experts will be allowed to communicate with staff regarding orientation issues; whether Plaintiffs' experts will be allowed to communicate with incarcerated people; whether Plaintiffs' experts will be allowed to observe intake,

the delivery of health care (with informed consent), programs, and other processes at the jail, and protocols for expert photos.  Plaintiffs look forward to discussing these issues at the November 6, 2023 conference and anticipate that some of the disputes will require full briefing.

**Defendants' Position**:

Lengthy meet and confer regarding the inspections noticed in July of 2023 took place.  Plaintiffs unilaterally removed the inspections from the calendar to focus on the Class Certification settlement talks.  Rather than continuing to meet and confer where the conversation left off, Plaintiffs re-served new inspection notices for 7 experts with the same exact objectionable issues as if the meet and confer had never taken place.  Defendants have consistently refused to allow interview of staff or Incarcerated People on tours.  Plaintiffs are proposing free depositions outside of any normal or authorized discovery procedure and the invasion of the attorney-client privilege between Incarcerated People and their criminal attorneys.  Plaintiffs intend to observe Incarcerated People in HIPPA protected and privacy protected mental health and medical procedures which is unacceptable.  As soon as Class Certification takes place, Plaintiffs will have entire class lists and are free to interview any Incarcerated Person through the visitor process.  No legal authority has been provided to support the claim that this is "standard discovery".  The only case provided is the COVID related case mentioned at the last discovery conference that identified COVID as an emergency and specifically required the attorneys to obtain authority from criminal attorneys for the Incarcerated Persons.  Plaintiffs want to bring 3 attorneys into each inspection (that has apparently increased to 7 attorneys – one for each expert).  Inspections of the type being proposed (versus a simple walk through), require moving jail populations, securing areas, providing security for everyone in the tour, and running a correctional facility simultaneously.  Defendants agreed to allow 6 individuals to attend at one time for safety reasons and because the facilities cannot provide staff for more than that number of people while

still safely operating the facilities.  Defendants have repeatedly requested a brief description of specific areas experts would like to see in an attempt to come up with solutions where, for example, the mental health, medical and dental experts are taken together and limit their inspection to medical mental health and dental areas. Plaintiffs have consistently refused without explanation to provide any such detail and rather consistently refer back to the generic inspection notices themselves, which provide no guidance or opportunity for coming up with creative alternate solutions.  In addition, Defendants have been advocating for specifically addressing the ADA issues as part of a broader settlement discussion since January of 2023 and having the ADA expert and assistant conduct those tours as part of the settlement process, while still being 'official inspections'.  This would speed along resolution and possibly resolve the entire inspection issue.  The ADA expert will require the most access and the most time far exceeding that of any other expert.  The suggestion has been ignored and pushed off by Plaintiffs for almost a year.  The process could have been completed by now.  Unfortunately, it would appear that Plaintiffs' reticence to this long standing suggestion is nothing more than an attempt to increase costs and drag the case out when the goal should be resolution of as much as possible to address the needs of the Incarcerated Persons.

Defendants have repeatedly offered screen shots of the JIMS system to no avail, asked for specific functionality that Plaintiffs want to see to provide those screen shots, and Plaintiffs refuse to engage on the issue.  Defendants have offered review of a tablet at SDCJ in a non-jail office or conference room and Plaintiffs have refused to respond to the offer.

## V.    DEPOSITIONS

On July 20, 2023, Plaintiffs served notices of 30(b)(6) depositions of the Sheriff's Department, to commence on September 25, 2023.  Pursuant to party agreement, the commencement date has been extended twice, to November 13, 2023, then to December 4, 2023, and the parties have discussed pushing them to a

1  later date after the substantial completion of document productions.  The parties
2  have agreed in principle to designate a certain number of hours for the depositions,
3  based upon an approximation of the number of hours it will be estimated to take on
4  the issues listed in the deposition notice.

5  **Plaintiffs' Position**:  Given the number of claims and the complexity of this
6  case, Plaintiffs believe a total of 93 hours will be necessary to cover all topics.
7  Plaintiffs have requested but not received a list of designees for each topic.  If the
8  parties come to agreement as to an anticipated number of hours for each specific
9  topic, Plaintiffs anticipate being able to shift unused time for any previous
10  depositions for use in forthcoming depositions.

11  **Defendants' Position**:

12  Plaintiffs categories as written are vague and objectionable.  In addition, there
13  are two definitions for "COMMUNICATIONS" and "DOCUMENTS" that appear n
14  where in the categories and during meet and confer, Plaintiffs counsel advised that
15  every Person Most Knowledgeable would have to know every communication
16  which ever took place about their subject matter and every document that exists
17  about the category.  This issue remains unresolved.

18  As part of the meet and confer process, Defense counsel provided a
19  streamlined "rewrite" of the categories to make it feasible to identify the proper
20  people.  The categories as written by Plaintiffs are akin to document production
21  requests and impossible to interpret and properly identify witnesses as written.
22  Categories should be simple and straightforward.  Plaintiffs are not.  Defense
23  counsel will bring a copy of the streamlined categories as proposed to Plaintiffs
24  weeks ago as part of the original meet and confer process dating back to July.

25  / / /
26  / / /
27  / / /
28  / / /

1    Despite having the proposals, Plaintiffs have never communicated one way or the

2    other about agreement, disagreement, or alternates.

3

4                                              Respectfully submitted,

5    DATED:  November 3, 2023               ROSEN BIEN GALVAN & GRUNFELD LLP

6                                              By: */s/ Van Swearingen*

7                                                  Van Swearingen

8                                              Attorneys for Plaintiffs and the
9                                              Certified Subclass

10   DATED:  November 3, 2023               BURKE, WILLIAMS & SORENSEN, LLP

11
                                               By: */s/ Elizabeth M. Pappy*
12                                                 Elizabeth M. Pappy

13
                                               Attorneys for Defendants
14

15

16                          **SIGNATURE CERTIFICATION**

17        Pursuant to the Court's Electronic Case Filings Procedures Manual

18   Section 2(f)(4), I certify that I have obtained consent of all signatories to the

19   electronic filings of the foregoing document.

20

21

22   DATED:  November 3, 2023               */s/ Van Swearingen*
                                              Van Swearingen
23

24

25

26

27

28

# EXHIBIT A

| | |
|---|---|
| **From:** | Pappy, Elizabeth M. |
| **To:** | Van Swearingen; Hannah Chartoff; Priyah Kaul; Coleman, Susan E. |
| **Cc:** | Eric Monek Anderson; Gay C. Grunfeld |
| **Subject:** | RE: Dunsmore - Discovery Meet and Confer |
| **Date:** | Monday, October 30, 2023 3:42:15 PM |
| **Attachments:** | image001.jpg |
| | image002.jpg |

---

**[EXTERNAL MESSAGE NOTICE]**

I'm not lying about the way I interpreted the email. You are saying that I am. Is it irrelevant whether I was "reasonable" in your eyes.

We are serving our responses on November 7th. Why is this a fight? Is it ever possible for you not to fight?

Don't email me about it anymore. I already understand that you are saying I am a liar and unreasonable.

Have a lovely evening.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Monday, October 30, 2023 3:23 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Hannah Chartoff <HChartoff@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Eric Monek Anderson <EMonekAnderson@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Subject:** RE: Dunsmore - Discovery Meet and Confer
**[EXTERNAL]**

Hi Beth,
You are incorrect that my office set a deadline for service of discovery responses on November 7. Hannah's email specifically references that the response deadline is October 31. Your position is unreasonable and is contradicted by the below email thread and the parties' October 23 JSR.
Van

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, October 30, 2023 3:09 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Priyah

Kaul <pkaul@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Eric Monek Anderson <EMonekAnderson@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Subject:** RE: Dunsmore - Discovery Meet and Confer [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

That's not how I read it, and it is not limited to "production of documents". I calendared it based upon the below for November 7th. We will comply with the date set by your office of November 7th.

Thank you.


**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Monday, October 30, 2023 2:50 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Hannah Chartoff <HChartoff@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Eric Monek Anderson <EMonekAnderson@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Subject:** RE: Dunsmore - Discovery Meet and Confer [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,
On September 5, we agreed to grant all parties a 30 day extension of deadline to respond to the written discovery served on September 1, making responses due October 31. The message you forwarded below refers to Plaintiffs' agreement to extend the deadline for substantial completion of production of documents; not the deadline to serve written responses. These dates are confirmed in the joint status report filed by the parties on October 23 (four days after Hannah sent the below email about the production deadline), showing the deadline for responses is October 31 and the deadline to substantially complete production is November 7. Dkt. 419 at 1 & n.1.
Thanks,
Van

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, October 30, 2023 12:31 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eric Monek Anderson

&lt;EMonekAnderson@rbgg.com&gt;; Gay C. Grunfeld &lt;GGrunfeld@rbgg.com&gt;

**Subject:** RE: Dunsmore - Discovery Meet and Confer [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Van,

In Court this morning you said both parties have discovery due tomorrow. That caught be off guard because I thought it was next week and it is in fact 11/7.

Please see below email from your office confirming that both sides' responses are due on November 7th.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP 

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff &lt;HChartoff@rbgg.com&gt;
**Sent:** Thursday, October 19, 2023 8:57 AM
**To:** Pappy, Elizabeth M. &lt;EPappy@bwslaw.com&gt;; Priyah Kaul &lt;pkaul@rbgg.com&gt;; Coleman, Susan E. &lt;SColeman@bwslaw.com&gt;
**Cc:** Van Swearingen &lt;VSwearingen@rbgg.com&gt;; Eric Monek Anderson &lt;EMonekAnderson@rbgg.com&gt;; Gay C. Grunfeld &lt;GGrunfeld@rbgg.com&gt;
**Subject:** RE: Dunsmore - Discovery Meet and Confer [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

We will agree to an extension of the production deadline for all discovery served on September 1 (for which the response deadline is October 31) until November 7. We cannot agree to a longer extension, in light of our agreement that depositions will begin on December 4.

Plaintiffs will not agree to an extension for documents responsive to document requests in RFP Sets 3 and 4, though Defendants may of course request one unilaterally. We do not agree that any failure by Defendants to meet the Court's production deadline absolves Defendants of their burden to produce documents.

We look forward to discussing later today.

Thanks,

Hannah

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, October 18, 2023 11:07 AM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Subject:** RE: Dunsmore - Discovery Meet and Confer [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

One last question, if you won't agree to extend the deadline to produce documents, does that mean we don't have produce anything if we don't get it to you by Friday?

While the deadline is a bit confusing, your response about not extending the deadline is even more confusing. Don't you need our documents to prove your case?

Please let me know what you think the result of not hitting the October 20th date to be. Your clients owe my clients documents that are not due until after October 20th and vice versa. What happens to those.

Elizabeth M. Pappy | Partner
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Wednesday, October 18, 2023 11:00 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Priyah Kaul <pkaul@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Subject:** RE: Dunsmore - Discovery Meet and Confer [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

Are you available tomorrow to continue our meet and confer about RFP Sets 3 and 4? Plaintiffs are available until 2:00 p.m.

Below is a list of the outstanding issues, which we hope to discuss tomorrow and intend to include in the next status report to the court, to the extent we do not resolve them:

1. **ESI Search Terms (including but not limited to RFP Nos. 32, 33, 34, 37, 38, 49, 51, 61, 68, 72 74, in addition to those listed below)**—Plaintiffs provided these on June 22, but are still

waiting on hit reports for nearly all of the proposed terms. Defendants provided hit counts for the first time, for only a few search terms, last week. Plaintiffs are still waiting on hit reports for the remaining terms.

2. **RFP No. 28 (Sheriff's Memoranda)**—Plaintiffs provided a narrowed definition of the term "memoranda" on August 24, but are still waiting on Defendants' response.

3. **RFP No. 29 (Post Orders)—**Defendants' own policies define the term "post orders," as referenced in Plaintiffs' letter of August 24, but Plaintiffs are still waiting on Defendants' response whether such documents will be produced.

4. **RFP No. 31 (communications amending policies and procedures**)—As stated in our September 14 email, Plaintiffs' position is that Defendants must use search terms to identify communications responsive to this RFP. We are still waiting on Defendants' response, as well as a hit report (as noted above).

5. **RFP No. 41 (documents related to health care quality**)—The parties discussed this issue on August 22, and Plaintiffs understood that Defendants were checking whether there are quality improvement / quality assurance reports or meetings conducted, and whether Defendants will produce documents related to those meetings/reports. Plaintiffs are still waiting on a response.

6. **RFP No. 43 (employee disciplinary information)**—As discussed during our September 22 and October 11 calls, Plaintiffs agree to accept these records with employee names redacted (including a unique identifier for each employee). Plaintiffs are waiting on Defendants to provide a list of the type of documents included in these files, so we can evaluate whether a production of a subset of those documents would be sufficient.

7. **RFP No. 44 and 45 (superior court orders)**—Defendants informed Plaintiffs that they were reviewing the court orders as of September 4, and we are waiting for more information.

8. **RFP No. 52 (health care forms)—**As explained in our September 14 email, Plaintiffs have noted that some health care forms appear to have not been produced. We are waiting on Defendants' response.

9. **RFP No. 53 (emails from CDCR)—**Plaintiffs understood that Defendants were reviewing emails as of at least September 6 and are awaiting Defendants' response on this request.

10. **RFP Nos. 59, 61, 63 (ADA compliance)**—Defendants provided a hit report for ADA Unit last week.

11. **RFP No. 67 (lower bunk/lower tier discrepancy reports)**—As discussed in our September 22 call, Plaintiffs believe that this production is incomplete. We are waiting on Defendants' response.

12. **RFP No. 75 (incidents of violence involving incarcerated people)**—Defendants agreed to provide additional information about the "3,477 incidents" on September 4. Plaintiffs are still waiting on Defendants' response.

13. **RFP No. 78 (contractors' productivity reports)**—Plaintiffs provided citations to Defendants' contract with Naphcare referencing these reports by no later than September 6 and are still waiting on Defendants' response.

14. **RFP No. 80 (use of force incidents)--** Plaintiffs provided relevant definitions on August 24, but are still waiting on Defendants' response.

15. **RFP No. 82 (tactical teams)--**Plaintiffs provided a definition of the term "tactical teams" on August 24, but are still waiting on Defendants' response.

16. **RFP Nos. 86 and 87 (certified subclass records)**—Plaintiffs proposed narrowing this request

to custody and medical records of the Certified Subclass from the last twelve months, along with all intake documents from their most recent incarceration if those are older than twelve months. We are waiting on Defendants' response.

17. **ROGs Set One and RFP No. 66, 69, 70—**It is our understanding that if the Court approves our stipulation and order regarding HIPAA/privacy, defendants will produce documents responsive to these requests/interrogatory responses (as well as to the other RFPs listed above). Please confirm that is accurate, or identify other concerns with specificity so that we can consider whether we would agree to any limitation.

18. **Amended Responses**—Plaintiffs understand Defendants will provide amended responses to these RFPs at the end of the meet and confer process, including but not limited to RFP Nos. 56, 58, 60, and 63.

19. **Privilege Log**—Plaintiffs understand that Defendants will not include documents created in response to this litigation, yet cited in Defendants' prior filings, in a privilege log (e.g., documents responsive to RFP No. 65). Plaintiffs do not agree to this limitation and will raise it at IDC if necessary.

20. **Document Production Completion Deadline** –Given Defendants' substantial delays in providing responses during the meet and confer process, as outlined above, Plaintiffs will not agree to extend this deadline.

Thanks,
Hannah

**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com