UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | Case No.:  20-cv-406-AJB-DDL<br><br>**ORDER REGARDING OUTSTANDING DISCOVERY DISPUTES** |

The Court held Discovery Conferences with counsel on November 6, 2023, and again on November 21, 2023.  This Order follows.

**ESI SEARCH TERMS AND CUSTODIANS**

On May 30, 2023, the Court issued an initial Scheduling Order, which provided that "all disputes concerning ESI custodians and search terms must be brought to the Court's attention, in accordance with the undersigned's discovery dispute procedures, by not later than June 26, 2023." Dkt. No. 324 at 1.  The Court thereafter granted the parties' joint motion to extend this deadline to July 10, 2023.  Dkt. Nos. 358, 361.  No party timely raised any issues regarding ESI custodians and search terms; however, the parties now assert they cannot agree on search terms and custodians for email searches by Defendants.  Dkt. No. 450 at 3-4.

"[E]lectronic discovery is generally subject to the same discovery requirements as other relevant information," and "the parties should seek to reach agreement regarding production of electronically stored information." *NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 18-CV-0347-CAB-MDD, 2019 WL 4934477, at *2 (S.D. Cal. Oct. 7, 2019) (citing *The Sedona Principles*, Third Edition, 19 SEDONA CONF. J. 1 (2018)). Ultimately, it is the responding party's obligation to address requests for production as required by Federal Rule of Civil Procedure 34, consistent with the principle that "[r]esponding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information." *Id.* (citation omitted). As such, "absent agreement among the parties, the party who will be responding to discovery requests is entitled to select the custodians it deems most likely to possess responsive information and to search the files of those individuals." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2018 WL 1440923, at *2 (D. Kan. Mar. 15, 2018) (citation omitted). *See Hastings v. Ford Motor Co.*, No. 19-CV-2217-BAS-MDD, 2021 WL 1238870, at *2 (S.D. Cal. Apr. 2, 2021) ("Nothing in Rule 34 requires a requesting party to identify custodians or search terms or for a producing party to accede to demands that particular custodians' files be searched or that particular search terms be used.").

As discussed on the record on November 21, the Court expects the parties to meet and confer in good faith regarding ESI search terms and custodians. Defendants represented at the hearing that they have provided Plaintiffs with a "hit report" for the custodians and search terms proposed by Plaintiffs. By not later than **November 30, 2023**, Defendants must provide Plaintiffs with a list of custodians and search terms that Defendants propose to use to collect responsive documents. Plaintiffs may propose additional search terms or custodians but they "must be specific and explain why the additional custodians or search terms will

plausibly yield responsive ESI." *Emerson v. Iron Mountain Info. Mgmt. Servs., Inc.*, No. 20CV08607YGRAGT, 2021 WL 8085488, at *1 (N.D. Cal. Sept. 2, 2021). Defendants must consider in good faith any additional search terms or custodians proposed by Plaintiffs. The parties must conclude their meet and confer efforts by **December 7, 2023**, at which time Defendants must inform Plaintiffs of the search terms and custodians that Defendants will utilize in collecting responsive documents, recognizing that "rejecting proposed custodians and search terms carries risk: If material information is not preserved or disclosed because of an unreasonable choice, there may be sanctionable consequences." *Hastings*, 2021 WL 1238870, at *3. ***The December 22, 2023 deadline for all parties to produce all responsive documents remains in effect.*** Dkt. No. 441 at 2.

## INSPECTIONS OF JAIL FACILITIES

By not later than **November 30, 2023**, Plaintiffs shall file a motion to compel regarding their requests to inspect Defendants' jail facilities (the "Jail Inspection Motion"). The motion shall not exceed 10 (ten) pages exclusive of exhibits. By not later than **December 8, 2023**, Defendants shall file their opposition to the Jail Inspection Motion. The opposition shall not exceed 10 (ten) pages exclusive of exhibits.

## DEFENDANTS' PRIVILEGE LOG

By not later than **November 30, 2023**, Plaintiffs shall file any motion to compel on the limited issue of whether the Defendants' privilege log must include documents and communications created after the litigation was commenced (the "Privilege Log Motion"). Plaintiffs' motion must address the principle that "counsel's communications with the client and work product developed once the litigation commences are presumptively privileged and need not be included on any privilege log." *Kumar v. Nationwide Mut. Ins. Co.*, No. 22CV03852TLTLJC, 2023 WL 3598478, at *9 (N.D. Cal. May 23, 2023) (citation omitted). The motion shall not exceed 5 (five) pages exclusive of exhibits. By not later than **December**

**8, 2023**, Defendants shall file their opposition to the Privilege Log Motion. The opposition shall not exceed 5 (five) pages exclusive of exhibits.

### PLAINTIFFS' RULE 30(b)(6) DEPOSITION NOTICE

For the reasons discussed on the record on November 21, the Court authorizes Plaintiffs to serve a Rule 30(b)(6) deposition notice with the topics proposed at pages 18-22 of the Joint Status Report (Dkt. No. 450). The Rule 30(b)(6) deposition is limited to a cumulative 40 hours of record time for all topics.

### WRITTEN DISCOVERY REQUESTS

By not later than **November 30, 2023**, Plaintiffs shall provide to Defendants a list, in chart format, of all unresolved disputes concerning Plaintiffs' Requests for Production, Interrogatories and Requests for Admission to Defendants. The chart shall identify the specific discovery request to which the dispute pertains, and shall state in one or two sentences Plaintiffs' position on the issue. The chart shall include a blank column for Defendants' response on each disputed request.

By not later than **December 8, 2023**, Defendants' counsel shall provide Plaintiffs' counsel with their respective positions on each of the issues identified in Plaintiff's list (again, in one to two sentences), and shall add any disputes not included in Plaintiff's list. To the extent Defendants claim any discovery request is duplicative of a prior request or requests, they shall identify such prior request(s).

By not later than **December 11, 2023**, Plaintiffs shall file the list of unresolved discovery disputes on CM/ECF. Any disputed discovery requests and the responses thereto must be attached to the list as exhibits. Counsel shall also provide a copy of the chart in Word format to the undersigned via email to efile_leshner@casd.uscourts.gov.

Throughout this process, the parties shall meet and confer in good faith and shall make all reasonable efforts to resolve discovery disputes without the Court's intervention. The Court will rule on disputes that the parties are truly unable to resolve on their own.

## DISCOVERY HEARING

Counsel for the parties shall appear for a Discovery Hearing before the undersigned on **December 20, 2023** at **9:00 a.m.** at which time the Court will rule on ***all*** remaining discovery disputes. The Discovery Hearing will continue on **December 22, 2023** at **9:00 a.m.**, if necessary. The Discovery Hearing will be conducted in person, but any attorney who wishes to appear remotely may do so, so long as the attorney provides notice to the undersigned's chambers by not later than **December 11, 2023**. Instructions for appearances will be provided in advance of the Discovery Hearing.

**IT IS SO ORDERED.**

Dated: November 22, 2023

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge