GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG**<br><br>Judge: Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set<br><br>**NO HEARING DATE PER DKT. 454** |

[4396216.4]

Case No. 3:20-cv-00406-AJB-DDL

MEMORANDUM OF POINTS & AUTHORITIES ISO
PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG

# INTRODUCTION

Defendants withhold on privilege grounds records created after this litigation was initiated that evidence current conditions and ongoing changes to Jail policies and practices. These documents and communications between public employees and officials about current status and potential changes to policy and practice may be non-privileged public records that do not include any advice or direction from counsel. Defendants not only assert attorney-client and work product privileges in refusing to produce these documents; they even refuse to include these documents on a privilege log, depriving Plaintiffs of the ability to assess Defendants' claims of privilege. Throughout this litigation, Defendants have taken the position that what happened in the past is irrelevant and only the most current policies and practices are at issue. By withholding documents that actually reflect current conditions, practices, and plans, Defendants try to have it both ways. Defendants' refusal to log allegedly privileged information would result in their keeping secret many relevant, likely non-privileged documents central to the development of the factual record necessary for the Court to adjudicate the claims and defenses in this case.

Plaintiffs seek an order requiring production of a privilege log identifying all responsive communications and documents between non-lawyers that Defendants seek to withhold as privileged. Plaintiffs *do not* seek to compel Defendants to log communications between outside counsel and their clients. No case law supports Defendants' broad refusal to identify post-complaint documents, including those discussed in pleadings, on a privilege log. Rather, courts consistently require parties to log these documents. Such an order is necessary in this injunctive relief class action about public agency policies and practices, in which Defendants will likely use select post-complaint documents and communications to claim that no injunction is necessary.

## I. PROCEDURAL HISTORY

Plaintiffs filed the operative Third Amended Complaint, raising class claims

and seeking injunctive relief, on November 18, 2022. Dkt. 231. Judge Battaglia certified a subclass of certain incarcerated people with mobility and hearing disabilities on June 21, 2023. Dkt. 355. Judge Battaglia certified the class and remaining subclasses on November 3, 2023. Dkt. 435. Plaintiffs have served multiple requests for production, culminating with Plaintiffs' Fifth Set of Requests for Production served September 1, 2023. *See* Dkt. 419 at 1.

Defendants have objected to requests for production seeking documents dating to January 1, 2021 because only "current conditions" matter. *See* Declaration of Van Swearingen ("Swearingen Decl."), Ex. B at 12-13, 37 (*e.g.*, response to RFP No. 123 states that documents relating to health care inspections dating back two years ago "have no relevance or discoverable information about current conditions"; response to RFP No. 186 states that "[t]he only relevant time period is the present"). Yet, Defendants also object to producing certain post-complaint documents and communications, which likely include highly relevant information about current conditions, as privileged. *See id.* at 12-13 (response to RFP No. 123). Defendants refuse to provide a privilege log identifying these withheld post-complaint documents. *See* Dkts. 419 at 2-3, 436 at 7, 450 at 5 (joint status reports). Defendants have produced a privilege log identifying only documents withheld in response to RFP No. 81. Swearingen Decl., ¶ 4.[1] On November 22, 2023, the Court issued an order permitting Plaintiffs to file this motion to compel. Dkt. 454 at 3-4.

## II. ARGUMENT

Rule 26 requires a party withholding documents on the basis of privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information

---

[1] Defendants have claimed privilege but refused to provide a privilege log for the following RFPs: 37, 43, 45, 48, 54, 55, 56, 58, 59, 60, 61, 63, 65, 80, 123, and 168. Plaintiffs seek an order applicable to all outstanding RFPs and to any responsive documents Defendants withhold on privilege grounds, even if Defendants did not specifically raise a privilege objection to that RFP.

1  itself privileged or protected, will enable other parties to assess the claim." Fed. R.
2  Civ. Proc. 26(b)(5)(A)(ii).  A privilege log permits the receiving party to "assess the
3  claim" of privilege or work product protection, *id.*, and is "an almost universal
4  method of asserting privilege under the Federal Rules." *Caudle v. D.C.*, 263 F.R.D.
5  29, 35 (D.D.C. 2009).  Rule 26 contains no language cabining this requirement to
6  documents that precede a complaint.  *See* Fed. R. Civ. Proc. 26(b)(5)(A)(ii).

7         Federal courts, including in this district, require parties to include any post-
8  complaint documents withheld on the basis of privilege on a privilege log, without
9  any limitation based on the type of document.  For example, in *Pershing Pacific*
10 *West, LLC v. MarineMax, Inc.*, concerning damage and repairs to a boat, Magistrate
11 Judge Bartick explained that post-complaint documents related to the defendants'
12 attempts to repair the boat were relevant to the claims, and ordered defendants to
13 produce all responsive, post-complaint documents and to log withheld documents on
14 a privilege log.  No. 10-cv-1345-L-DHB, 2013 WL 941617, at *5 & n.3 (S.D. Cal.
15 Mar. 11, 2013).  Similarly, in *NexGen HBM, Inc. v. ListReports, Inc.*, the court
16 ordered defendants to produce post-complaint documents and stated that if
17 defendants sought to withhold responsive documents "on any alleged privilege or
18 other ground, they must produce a corresponding privilege log."  No. 2:17-cv-
19 06522-AB-SK, 2018 WL 6438572, at *1, 3 (C.D. Cal. Sept. 6, 2018); *accord*
20 *Horton v. United States*, 204 F.R.D 670, 673-74 (D. Colo. 2002) (holding that party
21 must log *all* post-complaint communications withheld on privilege grounds,
22 *including* communications between the client and their counsel).

23        Plaintiffs seek a more narrow order than the aforementioned cases.  Here,
24 Plaintiffs do not seek to have Defendants log post-complaint correspondence
25 between outside counsel and their client.  This approach is consistent with *Kumar*,
26 discussed in the Court's November 22, 2023 order, which distinguished between
27 plainly privileged documents (like post-complaint attorney-client correspondence)
28 that a party need not include on a privilege log and other post-complaint documents

[4396216.4]                                  3                    Case No. 3:20-cv-00406-AJB-DDL
MEMORANDUM OF POINTS & AUTHORITIES ISO
PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG

withheld on privilege grounds that must be logged.  *See* Dkt. 454 at 3; *Kumar v. Nationwide Mut. Ins. Co.*, No. 22-cv-03852-TLT-LJC, 2023 WL 3598478 (N.D. Cal. May 23, 2023).

*Kumar* concerned allegations about the processing of the plaintiffs' insurance claim after a house fire.  *Id.* at *2.  Plaintiffs objected to the defendant including a single privilege log entry for all post-complaint documents withheld as privileged.  *Id.* at *9.  The court concluded that certain documents—specifically "counsel's communications with the client and work product developed once the litigation commences"—are "presumptively privileged and need not be included on any privilege log."  *Id.*  Yet the court required the defendant to log other post-complaint documents withheld on privilege grounds, specifically those documents "relat[ing] to the handling of Plaintiffs' claim."  *Id.*  Other courts similarly require parties to identify responsive but withheld post-complaint documents on a privilege log, excepting only communications with counsel.  *See, e.g.*, *United States v. Gorski*, No. cv-11-4252-AG-JPRx, 2012 WL 12888539, at *2 (C.D. Cal. June 12, 2012) (holding only that a party need not log "postcomplaint communications with its litigation counsel"); *Hernandez v. Best Buy Co., Inc.*, No. 13-cv-2587-JM-KSC, 2014 WL 5454505, at *10 (S.D. Cal. Oct. 27, 2014) (requiring party to produce documents, including post-complaint, and to log documents with the exception of "communications between counsel and client" after litigation).

Plaintiffs' request is consistent with *Kumar*.  This case concerns whether a public agency's policies, procedures, and practices are constitutionally and/or statutorily adequate or whether they must be changed.  As Defendants' own pleadings and discovery responses demonstrate, Defendants have and will continue to rely on post-complaint documents to claim that Defendants have remedied any problems.  For example, in their Opposition to Plaintiffs' preliminary injunction motion, Defendants claimed they were fixing ADA policy and infrastructure issues after the complaint identified them, and that Plaintiffs' motion relied on outdated

information. *See* Dkt. 311 at 11-12, 15-18. The Declaration of Christina Bavencoff supporting Defendant's Opposition discussed numerous actions and documents allegedly created after this litigation began in an effort to prove Defendants were in compliance with the ADA. Dkt. 311-16 at ¶ 2 (discussing tracking sheet), ¶ 4 (discussing preparation of "binders and archive materials" and department correspondence about changes to ADA policies); ¶ 7 (discussing notes Commander Bavencoff created regarding ADA services and areas for potential change). Plaintiffs' RFP No. 65 requested Commander Bavencoff's notes, but Defendants claim they are privileged and refuse to produce *or even log* those and other internal documents.[2]

Defendants' written discovery responses refusing to produce documents as recent as 2022 and claiming that only "current conditions" matter suggest that Defendants will continue to rely on post-complaint documents—not provided to Plaintiffs or even identified on privilege logs—to defend this case. *See, e.g.*, Swearingen Decl., Ex. B at 12-13 (refusing to produce documents from two years ago because they "have no relevance or discoverable information about current conditions"). Purely-internal public agency emails and documents about current conditions and planned changes must be included on a privilege log for Plaintiffs to evaluate Defendants' attorney-client and/or attorney work product privilege claims.

## CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request an order requiring Defendants to identify on a privilege log all responsive documents and communications that Defendants are withholding on privilege and work product grounds, with the exception of communications with outside counsel.

///

---

[2] The ADA Order, Dkt. 355, did not resolve all disability issues identified in Plaintiffs' complaint, including those apparently discussed in Commander Bavencoff's notes.

| | | |
|---|---|---|
| 1 | DATED: November 30, 2023 | Respectfully submitted, |
| 2 | | |
| 3 | | ROSEN BIEN GALVAN & GRUNFELD LLP |
| 4 | | By: */s/ Van Swearingen* |
| 5 | | Van Swearingen |
| 6 | | Attorneys for Plaintiffs and the |
| 7 | | Certified Class and Subclasses |