1   GAY C. GRUNFELD – 121944            CHRISTOPHER M. YOUNG – 163319
    VAN SWEARINGEN – 259809            ISABELLA NEAL – 328323
2   PRIYAH KAUL – 307956               OLIVER KIEFER – 332830
    ERIC MONEK ANDERSON – 320934       DLA PIPER LLP (US)
3   HANNAH M. CHARTOFF – 324529        4365 Executive Drive, Suite 1100
    ROSEN BIEN                         San Diego, California  92121-2133
4   GALVAN & GRUNFELD LLP              Telephone:  (858) 677-1400
    101 Mission Street, Sixth Floor    Facsimile:   (858) 677-1401
5   San Francisco, California  94105-1738   christopher.young@dlapiper.com
    Telephone:  (415) 433-6830         isabella.neal@dlapiper.com
6   Facsimile:   (415) 433-7104        oliver.kiefer@dlapiper.com
    ggrunfeld@rbgg.com
7   vswearingen@rbgg.com
    pkaul@rbgg.com
8   eanderson@rbgg.com
    hchartoff@rbgg.com
9
    AARON J. FISCHER – 247391
10  LAW OFFICE OF
    AARON J. FISCHER
11  1400 Shattuck Square Suite 12 - #344
    Berkeley, California  94709
12  Telephone:  (510) 806-7366
    Facsimile:   (510) 694-6314
13  ajf@aaronfischerlaw.com

14  Attorneys for Plaintiffs and the
    Certified Class and Subclasses

15

16                     UNITED STATES DISTRICT COURT

17                   SOUTHERN DISTRICT OF CALIFORNIA

18  DARRYL DUNSMORE, ANDREE         Case No. 3:20-cv-00406-AJB-DDL
    ANDRADE, ERNEST ARCHULETA,
19  JAMES CLARK, ANTHONY EDWARDS,   **DECLARATION OF VAN**
    LISA LANDERS, REANNA LEVY,      **SWEARINGEN IN SUPPORT**
20  JOSUE LOPEZ, CHRISTOPHER        **OF PLAINTIFFS' MOTION TO**
    NELSON, CHRISTOPHER NORWOOD,    **COMPEL PRODUCTION OF**
21  JESSE OLIVARES, GUSTAVO         **PRIVILEGE LOG**
    SEPULVEDA, MICHAEL TAYLOR, and
22  LAURA ZOERNER, on behalf of     Judge:      Hon. Anthony J. Battaglia
    themselves and all others similarly situated,   Magistrate: Hon. David D. Leshner
23
                   Plaintiffs,       Trial Date: None Set
24
           v.                        **NO HEARING DATE**
25  SAN DIEGO COUNTY SHERIFF'S       **PER DKT. 454**
    DEPARTMENT, COUNTY OF SAN
26  DIEGO, SAN DIEGO COUNTY
    PROBATION DEPARTMENT, and DOES
27  1 to 20, inclusive,
                   Defendants.
28

1    I, Van Swearingen, declare:

2    1.    I am an attorney duly admitted to practice before this Court.  I am a

3  partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for

4  Plaintiffs.  I have personal knowledge of the facts set forth herein, and if called as a

5  witness, I could competently so testify.  I make this declaration in support of

6  Plaintiffs' Motion to Compel Production of Privilege Log.

7    2.    Attached hereto as **Exhibit A** is a true and correct copy of Defendants'

8  responses to Plaintiffs' Third Set of Requests for Production, served August 14,

9  2023.

10    3.    Attached hereto as **Exhibit B** is a true and correct copy of Defendants'

11  responses to Plaintiffs' Fifth Set of Requests for Production, served November 10,

12  2023.

13    4.    To date, in response to Plaintiffs' Third, Fourth, and Fifth Sets of

14  Requests for Production, Defendants have produced a privilege log for only Request

15  for Production No. 81, with that privilege log served on October 18, 2023 and

16  amended October 23, 2023.

17    I declare under penalty of perjury under the laws of the United States of

18  America that the foregoing is true and correct, and that this declaration is executed

19  at San Francisco, California this 30th day of November, 2023.

20

21

22    */s/ Van Swearingen*

23    Van Swearingen

24

25

26

27

28

# EXHIBIT A

Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800    Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300    Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION DEPARTMENT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et.al., | Case No. 3:20-cv-00406-AJB-DDL |
| Plaintiffs, | **DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION, (SET THREE)** |
| v. | |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et.al., | |
| Defendants. | |

PROPOUNDING PARTY: PLAINTIFFS

RESPONDING PARTY:    Defendants SAN DIEGO COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF SAN DIEGO, SAN
DIEGO COUNTY PROBATION DEPARTMENT

SET NO.:    THREE (3)

Defendant San Diego County Sheriff's Department, County of San Diego,

and San Diego County Probation Department, hereby respond to Plaintiffs' Request

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

1

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  for Production of Documents, Set Three, as follows:

2      Investigation and discovery by defendants is still continuing and is not yet

3  complete. In responding to this request for production, defendants provide such

4  information as is presently available.  Each answer is subject to all appropriate

5  objections (including, but not limited to objections concerning competency,

6  relevancy, materiality, propriety, privilege and admissibility) which would require

7  exclusion of any statement herein if the production demand were asked of, or any

8  statement contained herein were made by, a witness present and testifying in

9  court.  Also, objections and grounds are reserved or may be interposed at the time of

10 trial.

11     Except for explicit facts admitted herein, no admissions of any nature

12 whatsoever are implied or should be inferred.  Finally, because some of these

13 responses may have been ascertained by defendant's attorneys and investigators,

14 defendants may not have personal knowledge of the information from which such

15 responses were derived.

16     This preliminary statement is incorporated into each of the responses set forth

17 below.   Defendants' investigation of this matter is continuing and they, accordingly,

18 reserve the right to update, or amend, this response as further and/or more specific

19 information is acquired and also reserve the right to supplement this response at a

20 later time.

21         **RESPONSES TO REQUESTS FOR PRODUCTION**

22 **REQUEST FOR PRODUCTION NO. 25:**

23     ALL CURRENT POLICIES AND PROCEDURES RELATING TO the

24 JAIL, including but not limited to ALL operations manuals and standard operating

25 procedures.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

27     Objection.  The request is overly broad and unduly burdensome and

28 duplicative of prior requests.  All policies and procedures relating to all facilities are

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

2

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  not related to the subject matters pled in the Third Amended Complaint ("TAC")

2  and therefore not reasonably calculated to lead to the discovery of admissible

3  evidence.  Policies and procedures were previously requested and produced in

4  response to RFPOD #1- 4, 7, 9, and 10 as to Rock Mountain and San Diego Central

5  Jail ("SDCJ"), and RFPOD #2, Nos. 15, 16, 21, 22, and 24.  This request also seeks

6  information that is publicly available to the extent the Sheriff's Department policies

7  are available online.  Without waiving these objections, Defendants respond as

8  follows:

9      Defendants will respond upon narrowing to exclude what has already been

10  requested and provided and to specifically identify policies and procedures related

11  to the subject matters of the TAC.

12  **REQUEST FOR PRODUCTION NO. 26:**

13      ALL amendments to POLICIES AND PROCEDURES RELATING TO the

14  JAIL from January 1, 2021 to the present.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

16      Objection.  The request is overly broad and unduly burdensome and

17  duplicative of prior requests.  All policies and procedures relating to all facilities are

18  not related to the subject matters pled in the Third Amended Complaint ("TAC")

19  and therefore not reasonably calculated to lead to the discovery of admissible

20  evidence.  Policies and procedures were previously requested and produced in

21  response to RFPOD #1- 4, 7, 9, and 10 as to Rock Mountain and San Diego Central

22  Jail ("SDCJ"), and RFPOD #2, Nos. 15, 16, 21, 22, and 24.  This request also seeks

23  information that is publicly available to the extent the Sheriff's Department policies

24  are available online.  Without waiving these objections, Defendants respond as

25  follows:

26      Defendants will respond upon narrowing to exclude what has already been

27  requested and provided and to specifically identify policies and procedures related

28  to the subject matters of the TAC.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

3

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1   **REQUEST FOR PRODUCTION NO. 27:**

2       ALL drafts of POLICIES AND PROCEDURES used or developed by

3   CONTRACTORS, including but not limited to NaphCare, Inc., from January 1,

4   2021 to the present.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

6       Objection. This request is overly broad, unduly burdensome, and vague and

7   ambiguous in that it does not specify the subject matters nor does it narrow the

8   contractors, many of which are unrelated to the subjects raised in the TAC and thus

9   not reasonably calculated to lead to the discovery of admissible evidence.

10  Additionally, Defendants do not necessarily have access or control over drafts of

11  policies and procedures of their contractors. Without waiving such objections,

12  Defendants respond as follows:

13      Defendants are unaware of any such draft policy and procedure documents of

14  its contractors other than from Naphcare.  All responsive draft documents for

15  Naphcare in the custody, control and/or possession of responding parties will be

16  produced.

17  **REQUEST FOR PRODUCTION NO. 28:**

18      ALL memoranda issued by YOU RELATING TO the JAIL from January 1,

19  2021 to the present.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

21      Objection.  This request is vague, ambiguous, overly broad and unduly

22  burdensome.  "Memoranda" could include hundreds of thousands of documents

23  wholly unrelated to the subject matter of the TAC and thus not reasonably

24  calculated to lead to the discovery of admissible evidence.  No documents will be

25  produced in response to the request.

26  **REQUEST FOR PRODUCTION NO. 29:**

27      ALL post orders issued by the SHERIFF'S DEPARTMENT RELATING TO

28  the JAIL from January 1, 2021 to the present.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

4                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Objection. This request is vague and ambiguous in that the Sheriff's Department does not have documents titled "Post Orders." Without waiving these objections, Defendants respond as follows:

There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 30:**

ALL Green Sheets issued by the SHERIFF'S DEPARTMENT RELATING TO the JAIL from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. The request is overly broad, unduly burdensome, and duplicative of prior requests and documents which have already been produced. Further, all green sheets for all facilities are overly broad, not related to the subject matters pled in the Third Amended Complaint ("TAC"), and thus not reasonably calculated to lead to the discovery of admissible evidence. Policies and procedures, including green sheets, were previously requested and produced in response to RFPOD #1-4, 7, 9, and 10 as to Rock Mountain and San Diego Central Jail ("SDCJ"), and RFPOD #2, Nos. 15, 16, 21, 22, and 24. Defendants will respond upon narrowing to exclude what has already been requested/provided and specific identification of green sheets related to the subject matters of the TAC.

**REQUEST FOR PRODUCTION NO. 31:**

ALL COMMUNICATIONS sent or issued by any EMPLOYEES of the SHERIFF'S DEPARTMENT that altered, amended, modified, or otherwise affected any POLICIES AND PROCEDURES RELATING TO the JAIL from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

The request is vague and ambiguous, overly broad and unduly burdensome. All policies and procedures are not related to the subject matters pled in the Third Amended Complaint ("TAC") and thus are not reasonably calculated to lead to the

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

5

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

discovery of admissible evidence. The Sheriff's Department employs 4,249 individuals and it is impossible to conduct a search of every email generated by anyone in the Sheriff's Department that may have "altered, amended, modified, or otherwise affected" a policy or procedure. For example, an email about a particular incident or suggestion to change the color ink for use on a written form could have been the basis for reconsideration and ultimate amendment of a policy or procedure about any subject to provide clarification or improvement.

**REQUEST FOR PRODUCTION NO. 32:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying, responding to, housing, treating, monitoring, and/or tracking INCARCERATED PERSONS covered by the SHERIFF'S DEPARTMENT's alcohol and opiate withdrawal protocols from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Objection. The request is vague and ambiguous, overly broad and unduly burdensome. The request seeks documents subject to privacy rights and HIPPA. "Relating" to is also vague and ambiguous as it could cover hundreds of thousands of pages of documents including medical records of hundreds of third party Incarcerated Persons who have not been asked and have not been given their permission to release their medical records..

**REQUEST FOR PRODUCTION NO. 33:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying, responding to, housing, treating, monitoring, and/or tracking INCARCERATED PERSONS in the SHERIFF'S DEPARTMENT's medication-assisted treatment ("MAT") program from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection. The request is vague and ambiguous, overly broad and unduly burdensome. The request seeks documents subject to privacy rights and HIPPA. "Relating" to is also vague and ambiguous as it could cover hundreds of thousands

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

6

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  of pages of documents including medical records of hundreds of third party

2  Incarcerated Persons who have not been asked and have not been given their

3  permission to release their medical records..

4  **REQUEST FOR PRODUCTION NO. 34:**

5      ALL COMMUNICATIONS from EMPLOYEES of NaphCare, Inc.

6  RELATING TO HEALTH CARE and/or MENTAL HEALTH CARE at the JAIL

7  from January 1, 2021 to the present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

9      Objection. The request is overly broad and unduly burdensome.  It invades

10  the right to privacy and HIPPA laws.  It potentially covers thousands of

11  communications including medical information of hundreds of third party

12  Incarcerated Persons who have not been asked for and have not given their

13  permission to release their medical information.  Without waiving said objections

14  and subject thereto, Defendants respond as follows:

15      Communications which do not involve the medical information of any

16  Incarcerated Person will be produced.

17  **REQUEST FOR PRODUCTION NO. 35:**

18      ALL GRIEVANCES, inmate requests, and sick call requests submitted by

19  PLAINTIFFS.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

21      Objection.  This request is compound, seeks information equally available to

22  Plaintiffs.  Without waiving these objections, and assuming Plaintiffs seek the

23  documents for the current named plaintiffs, Defendants respond as follows:

24      All responsive documents in the custody, control and/or possession of

25  Defendants will be produced.

26  **REQUEST FOR PRODUCTION NO. 36:**

27      ALL responses to GRIEVANCES, inmate requests, and sick call requests

28  submitted by PLAINTIFFS.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

7

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

2      Objection.  This request is compound, and seeks information equally

3  available to Plaintiffs.  Without waiving these objections, and assuming Plaintiffs

4  seek the documents for the current named plaintiffs, Defendants respond as follows:

5      All responsive documents in the custody, control and/or possession of

6  Defendants will be produced.

7  **REQUEST FOR PRODUCTION NO. 37:**

8      ALL COMMUNICATIONS RELATING TO PLAINTIFFS from January 1,

9  2019 to the present.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

11     Objection.  The request is overly broad and unduly burdensome.  The request

12 seeks documents subject to the attorney/client privilege as any such communications

13 are likely to relate to this litigation.  The definition of communications is also overly

14 broad in that it includes "any and every piece of paper including any plaintiffs'

15 name."  This would include medical records, custody records, attorney-client

16 privileged information about the litigation, and grievances, most of which have been

17 requested herein and/or previously produced.  Without a narrowing of what specific

18 categories of documentation is being requested, a response cannot be provided.

19 **REQUEST FOR PRODUCTION NO. 38:**

20     ALL DOCUMENTS RELATING TO HEALTH CARE screening and intake

21 procedures at the JAIL from January 1, 2021 to the present.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

23     Objection.  The request is overly broad and unduly burdensome and

24 duplicative in that it requests documents which have already been requested and

25 produced.  Policies and procedures, including green sheets, covering health care

26 screenings and intake procedures were previously requested and produced. Without

27 waiving these objections, Defendants respond as follows:

28     Defendants will provide blank screening and intake forms.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

8

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  **REQUEST FOR PRODUCTION NO. 39:**

2      ALL DOCUMENTS RELATING TO the following for each existing

3  HEALTH CARE STAFF position (*e.g*., M.D., R.N., L.P.N.) at the JAIL: the number

4  of allocated positions, the number of hours required for each position, the number of

5  vacancies and the duration of vacancies for each position, and STAFFING PLANS

6  RELATING TO each position at the JAIL from January 1, 2021 to the present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

8      Objection.  This request is compound, and may seek the compilation of

9  information not existing in current documents.  Without waiving these objections,

10 Defendants respond as follows:

11     All responsive documents in the custody, control and/or possession of

12 responding parties will be produced.

13 **REQUEST FOR PRODUCTION NO. 40:**

14     ALL DOCUMENTS sufficient to show training completed by HEALTH

15 CARE STAFF from January 1, 2021 to the present, including but not limited to

16 attendance sheets for each identified training module/session.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

18     Objection.  The request is burdensome and overbroad to the extent a search of

19 all employee files is being requested.  Without waiving said objections and subject

20 thereto, Defendants respond as follows:

21     All responsive documents in the custody, control and/or possession of

22 responding parties will be produced.

23 **REQUEST FOR PRODUCTION NO. 41:**

24     ALL DOCUMENTS RELATING TO monitoring and/or auditing of

25 HEALTH CARE provided to INCARCERATED PERSONS, including but not

26 limited to, quality improvement, quality assurance or clinical performance reviews,

27 peer reviews, in-service trainings, internal or external audits, technical assistance

28 reports, accreditations, contract monitoring reports, minutes from quality assurance

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

9

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  meetings, and HEALTH CARE record reviews, from January 1, 2021 to the present.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

3       The request is compound, overly broad and unduly burdensome.  The request

4  seeks documents subject to privacy rights and HIPPA. "Relating" to within the

5  context of the request could cover hundreds of thousands of pages of documents

6  including medical records of thousands of third party Incarcerated Persons who have

7  not been asked and have not given their permission to release their medical records.

8  In addition, the request seeks documents subject to the privacy rights of Defendants'

9  employees and possibly those of contractors providing health care services at the

10  jail.  Without waiving these objections, Defendants respond as follows:

11       To the extent there are any non-privacy and HIPPA protected documents, or

12  documents which are private and/or subject to HIPPA which can reasonably be

13  redacted to exclude any protected information while still being meaningful, said

14  documents will be produced.

15  **REQUEST FOR PRODUCTION NO. 42:**

16       ALL DOCUMENTS RELATING TO agreements entered into by

17  DEFENDANTS and ANY hospitals or other outside health care facilities for the

18  transfer, acceptance, or scheduling of INCARCERATED PERSONS for the purpose

19  of providing HEALTH CARE from January 1, 2021 to the present.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

21       Objection.  This request is compound, overly broad, unduly burdensome, and

22  may seek documents in the custody of contractors.  Without waiving these

23  objections, and assuming Plaintiffs seek the documents for the current named

24  plaintiffs, Defendants respond as follows:

25       All responsive documents in the custody, control and/or possession of

26  Defendants will be produced.

27  **REQUEST FOR PRODUCTION NO. 43:**

28       ALL DOCUMENTS and COMMUNICATIONS RELATING TO

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

10

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  disciplinary actions taken by DEFENDANTS with respect to an EMPLOYEE of

2  DEFENDANTS or a CONTRACTOR who provided inappropriate, insufficient, or

3  substandard HEALTH CARE at the JAIL from January 1, 2021 to the present.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

5  Objection.  The request is compound, overly broad, and unduly burdensome.

6  It may also seek documents outside the subject areas of the TAC, which would not

7  be reasonably calculated to lead to the discovery of admissible evidence.  It also

8  seeks attorney-client privileged communications. It also seeks confidential

9  personnel documents subject to the privacy rights of third parties, and those parties

10 possess independent rights to object to the production of their personnel files.  The

11 request also would require legal opinion/analysis as to the specific nature of the

12 disciplinary action and whether it constituted inappropriate, insufficient or

13 substandard health care. Accordingly, these documents will not be produced.

14 **REQUEST FOR PRODUCTION NO. 44:**

15 ALL requests or orders issued by a superior court judge RELATING TO

16 HEALTH CARE services in the JAIL or seeking HEALTH CARE on behalf of any

17 INCARCERATED PERSON, including but not limited to minute orders specifying

18 actions to be taken by YOU RELATING TO HEALTH CARE for

19 INCARCERATED PERSONS, from January 1, 2021 to the present.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

21 Objection. This request seeks documents which are public record and equally

22 available to Plaintiffs. It is also unduly burdensome, compound, and overly broad

23 and would require Defendants to conduct research and examine requests/orders to

24 determine if they fell within the subject area of the request.  Accordingly,

25 Defendants will not provide documents.

26 **REQUEST FOR PRODUCTION NO. 45:**

27 ALL DOCUMENTS RELATING TO requests or orders issued by a superior

28 court judge RELATING TO HEALTH CARE services in the JAIL or seeking

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

11

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  HEALTH CARE on behalf of any INCARCERATED PERSON, including but not

2  limited to YOUR responses to such requests or orders, COMMUNICATIONS about

3  such requests or orders, and DOCUMENTS used to track such requests or orders,

4  from January 1, 2021 to the present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

6      Objection. This request seeks documents which are public record and equally

7  available to Plaintiffs. It is also unduly burdensome, compound, and overly broad

8  and would require Defendants to conduct research and examine requests/orders to

9  determine if they fell within the subject area of the request. To the extent this

10  request seeks communications about orders, it seeks attorney-client privileged

11  communications. Accordingly, Defendants will not provide documents.

12  **REQUEST FOR PRODUCTION NO. 46:**

13      DOCUMENTS sufficient to show how HEALTH CARE and DISABILITY-

14  related information can be stored in JIMS, including descriptions of the databases,

15  drop-down menus, and options used to store such information and training on the

16  same.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

18      Objection. This request is compound, vague and ambiguous, and overly

19  broad. Without waiving these objections, Defendants respond as follows:

20      All responsive documents in the custody, control and/or possession of

21  responding parties will be produced.

22  **REQUEST FOR PRODUCTION NO. 47:**

23      ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying,

24  responding to, housing, treating, monitoring, and tracking INCARCERATED

25  PERSONS at risk for suicide or self-harm from June 1, 2018 to the present.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

27      Objection.  The request is unduly burdensome and overly broad.  The request

28  is also duplicative in that it seeks documents previously requested and produced in

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

12

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  response to RFPOD #2, Nos. 16, 17, 18, and 23. The request also seeks confidential

2  documents subject to HIPPA and the privacy rights of individuals.  "Relating" to

3  within the context of the request could cover hundreds of thousands of pages of

4  documents including medical records of thousands of third party Incarcerated

5  Persons who have not been asked and have not given their permission to release

6  their medical records. Without waiving these objections, defendants respond as

7  follows:

8       To the extent there are any non-privacy and HIPPA protected documents that

9  have not already been requested and produced, said documents in the custody,

10 control and/or possession of responding party will be produced.

11 **REQUEST FOR PRODUCTION NO. 48:**

12      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the JAIL's

13 identification and/or elimination of suicide hazards from June 1, 2018 to the present.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

15      Objection.  The request is unduly burdensome and overly broad. The

16 communications sought may be attorney-client privileged.  The request is also

17 duplicative in that it seeks documents previously requested and produced in

18 response to RFPOD #2, No. 23, and they will not be reproduced.

19 **REQUEST FOR PRODUCTION NO. 49:**

20      ALL logs RELATING TO INCARCERATED PERSONS placed in EOH,

21 PSU, and SAFETY CELLS from January 1, 2021 to the present.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

23      Objection.  The request seeks documents subject to privacy rights and HIPPA

24 of third party Incarcerated Persons who have not been asked and have not given

25 their permission to release their medical records. Accordingly, no documents will be

26 produced.

27 **REQUEST FOR PRODUCTION NO. 50:**

28      ALL DOCUMENTS and COMMUNICATIONS THAT IDENTIFY ALL

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

13

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  CURRENT housing units and cells at the JAIL, including but not limited to those

2  designated as booking, administrative segregation, EOH, PSU, SAFETY CELLS,

3  and SOBERING CELLS.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

5      Objection. This request is compound, vague and ambiguous, and overly

6  broad. Without waiving these objections, Defendants respond as follows:

7      All responsive documents in the custody, control and/or possession of

8  responding parties will be produced.

9  **REQUEST FOR PRODUCTION NO. 51:**

10      ALL DOCUMENTS RELATING TO evaluations and assessments of

11  INCARCERATED PERSONS placed in SAFETY CELLS, EOH, or PSU from

12  January 1, 2021 to the present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

14      Objection. The request is compound, overly broad and unduly burdensome.

15  The request seeks documents subject to privacy rights and HIPPA. "Relating" to

16  within the context of the request could cover thousands of pages of confidential

17  documents including medical records of hundreds of third party Incarcerated

18  Persons who have not been asked and have not given their permission to release

19  their medical records.  Without waiving these objections, Defendants respond as

20  follows:

21      To the extent the request seeks policies and procedures relating to evaluations

22  and assessments for placement in any of the identified areas, they will be produced.

23  **REQUEST FOR PRODUCTION NO. 52:**

24      A blank example of ALL forms, including but not limited to suicide risk

25  assessment and intake assessment forms, used to evaluate INCARCERATED

26  PERSONS with known or possible HEALTH CARE needs from January 1, 2021 to

27  the present.

28  ///

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

14

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Objection.  The request is overly broad and unduly burdensome, and duplicative to the extent it requests documents which have already been requested in Request 38.  Policies and procedures, including green sheets, covering health care screenings and intake procedures were previously requested and produced. Without waiving these objections, Defendants respond as follows:

Defendants will provide blank screening and intake forms.

**REQUEST FOR PRODUCTION NO. 53:**

ALL COMMUNICATIONS, including but not limited to all emails from EISDECSSupport@cdcr.ca.gov from January 1, 2021 to the present that contain the following terms: "EOP," "CCCMS," "DPW," "DPV," "DPO," "DLT," "DPS," or "DPH," REGARDING INCARCERATED PEOPLE with DISABILITIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Objection., The request is overly broad and unduly burdensome.  The request seeks documents subject to privacy rights and HIPPA rights of third party Incarcerated Persons who have not been asked and have not given their permission to release their medical information. Accordingly, no documents are provided.

**REQUEST FOR PRODUCTION NO. 54:**

DOCUMENTS that detail fixtures, furniture, and equipment to be installed in the JAIL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Objection.  This request is overly burdensome, overly broad and includes documents subject to the settlement agreement between the parties as to physical aspects of SDCJ to be remediated to accommodate those with mobility impairments. In addition, the request seeks attorney client communications in this litigation and attorney work product documents relating to this litigation.  Without waiving these objections, Defendants respond as follows:

To the extent there are any non-privileged documents which are not covered

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

15

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  by the settlement, said documents will be produced.

2  **REQUEST FOR PRODUCTION NO. 55:**

3     ALL self-evaluations under Title II of the ADA.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

5     Objection. This request is overly burdensome, overly broad and includes

6  documents subject to the settlement agreement between the parties as to physical

7  aspects of SDCJ to be remediated to accommodate those with mobility impairments.

8  The request seeks attorney client and attorney work product documents in

9  connection with this litigation.  Without waiving these objections, Defendants

10  respond as follows:

11     To the extent there are any non-privileged documents which are not covered

12  by the settlement, said documents will be produced.

13  **REQUEST FOR PRODUCTION NO. 56:**

14     ALL ADA transition plans.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

16     Objection. This request is overly burdensome, overly broad and includes

17  documents subject to the settlement agreement between the parties as to physical

18  aspects of SDCJ to be remediated to accommodate those with mobility impairments.

19  The request seeks attorney client and attorney work product documents in

20  connection with this litigation.  Without waiving these objections, Defendants

21  respond as follows:

22     To the extent there are any non-privileged documents which are not covered

23  by the settlement, said documents will be produced.

24  **REQUEST FOR PRODUCTION NO. 57:**

25     DOCUMENTS sufficient to show a schedule of ALL CURRENT programs

26  offered to INCARCERATED PEOPLE in the Jail, including but not limited to

27  recreational, religious, educational, job training, substance use, reentry, and veterans

28  programs.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

16

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

2          Objection. This request is compound and overly broad.  Without waiving

3  these objections, Defendants respond as follows:

4          All responsive documents in the custody, control and/or possession of

5  responding parties will be produced.

6  **REQUEST FOR PRODUCTION NO. 58:**

7          All DOCUMENTS and COMMUNICATIONS RELATING TO the job

8  description and duties of the JAIL's ADA Coordinator.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

10          Objection.  The request seeks the production of attorney client and work

11  product documentation in this litigation.  Without waiving said objections and

12  subject thereto, Defendants respond as follows:

13          Defendants will produce the job description and duties of the ADA

14  coordinator.

15  **REQUEST FOR PRODUCTION NO. 59:**

16          ALL DOCUMENTS including tracking sheets RELATING TO

17  implementation of ADA POLICIES AND PROCEDURES, and amendments or

18  updates to ADA POLICIES AND PROCEDURES, at the JAIL from January 1,

19  2021 to the present, including but not limited to the tracking sheet Commander

20  Christina Bavencoff states she created on January 20, 2023. *See* Bavencoff Decl., ¶

21  2.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

23          Objection.  This request is overly broad and unduly burdensome in its use of

24  the word "Documents".  It could cover thousands of pages of documents.  The

25  request also seeks documents subject to the attorney client privilege and work

26  product relating to this litigation, and which are subject to the parties' settlement

27  referenced above.  The request is also duplicative of RFPOD #1, Nos. 1, 3, 4, 6-10,

28  and requests in RFPOD #3.  Without waiving these objections, Defendants respond

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

17

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  as follows:

2      The specifically referenced tracking and policy information in the Bavencoff

3  declaration is subject to the parties' settlement and will not be produced.

4  **REQUEST FOR PRODUCTION NO. 60:**

5      ALL "binders and archive materials" as described in the Bavencoff

6  Declaration RELATING TO DEFENDANTS' ADA accessibility POLICIES AND

7  PROCEDURES from January 1, 2021 to the present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

9      Objection.  The request seeks documents subject to the attorney client

10  privilege and work product relating to this litigation, and which are subject to the

11  parties' settlement referenced above.  Without waiving these documents, Defendants

12  respond as follows:

13      The specifically referenced tracking and policy information and physical

14  changes to facilities in the Bavencoff declaration is subject to the parties' settlement

15  and will not be produced.

16  **REQUEST FOR PRODUCTION NO. 61:**

17      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

18  proposed "ADA Unit" allegedly being developed by the SHERIFF'S

19  DEPARTMENT.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

21      Objection.  There is no "ADA Unit allegedly being developed" and thus the

22  request is vague and ambiguous as to what is referred to.  To the extent the request

23  refers to the ADA unit formed in June and July of 2023, the request is overbroad

24  and burdensome in its use of the words "Documents" and "Communications." The

25  request as phrased seeks documents subject to the attorney client privilege and work

26  product relating to this litigation.  Without waiving said objections, and subject

27  thereto, Defendants respond as follows:

28      Defendants will provide non-privileged responsive documents from the Unit.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

18

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1   **REQUEST FOR PRODUCTION NO. 62:**

2       ALL contracts for the provision of services for INCARCERATED PEOPLE

3   with hearing DISABILITIES at the JAIL, including but not limited to those with

4   Purple, Lionsbridge, Language Line Services, and United Language Group, and to

5   provide internet and tablet service, from January 1, 2021 to the present.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

7       Objection.  The request seeks documents subject to the parties' settlement

8   referenced above and will not be produced.

9   **REQUEST FOR PRODUCTION NO. 63:**

10      ALL DOCUMENTS and COMMUNICATIONS RELATED TO lists of

11  projects RELATING TO ADA compliance and accessibility at the JAIL, including

12  but not limited to the list of ADA projects allegedly kept by Commander Christina

13  Bavencoff, from January 1, 2021 to the present.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

15      Objection.  The request seeks documents which are subject to the attorney

16  client and work product privileges.  The request also seeks documents subject to the

17  parties' settlement.  Accordingly, no such documents will be produced.

18  **REQUEST FOR PRODUCTION NO. 64:**

19      ALL orientation videos AND handbooks shown or provided to

20  INCARCERATED PEOPLE at the JAIL from January 1, 2021 to the present.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

22      Objection.  This request is compound. Without waiving these objections,

23  Defendants respond as follows:

24      All responsive documents in the custody, control and/or possession of

25  Defendants will be produced.

26  **REQUEST FOR PRODUCTION NO. 65:**

27      The "notes" kept by Commander Christina Bavencoff regarding services

28  provided to INCARCERATED PEOPLE at the JAIL and ANY changes to those

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

19                          Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  services that she has requested. *See* Bavencoff Decl., ¶ 7.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

3      Objection.  The request seeks documents which are subject to the attorney

4  client and work product privileges.  The request also seeks documents subject to the

5  parties' settlement.  Accordingly, no such documents will be produced.

6  **REQUEST FOR PRODUCTION NO. 66:**

7      ALL email messages sent to the SHERIFF'S DEPARTMENT staff when an

8  INCARCERATED PERSON has a JIMS alert related to a DISABILITY from

9  January 1, 2021 to the present.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

11      Objection.  The request is overbroad and burdensome.  The request seeks

12  documents subject to privacy rights and HIPPA of incarcerated persons and would

13  require a review of thousands of emails for specific information about disability

14  related alerts.  The request also seeks confidential medical information about

15  thousands of third party Incarcerated Persons who have not been asked and have not

16  given their permission to release their medical information. Accordingly, no

17  documents will be produced.

18  **REQUEST FOR PRODUCTION NO. 67:**

19      ALL lower bunk and lower tier discrepancy reports for the JAIL from January

20  1, 2021 to the present.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

22      Objection. This request is overly broad and unduly burdensome, compound,

23  and includes documents related to the Central Jail, which is encompassed in the

24  settlement.  Without waiving these objections, Defendants respond as follows:

25      All responsive documents in the custody, control and/or possession of

26  responding parties will be produced other than for the Central Jail, which is subject

27  to the parties' settlement.

28  //

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

20

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**REQUEST FOR PRODUCTION NO. 68:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the procurement of an RFID-based network connected system from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

Objection. This request is overly broad and unduly burdensome in that some of the responsive documents such as pricing may be unrelated to any topics in the TAC and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants respond as follows:

All responsive documents in the custody, control and/or possession of responding parties will be produced.

**REQUEST FOR PRODUCTION NO. 69:**

ALL DOCUMENTS and COMMUNICATIONS showing referrals to Reentry Services staff of INCARCERATED PERSONS with DISABILITIES from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Objection to the extent the request seeks documents relating to hearing impairments at any facility and mobility impairments at the Central Jail as these matters are covered by the parties' settlement agreement. The request is overbroad and burdensome. The request seeks documents subject to privacy rights and HIPPA rights of thousands of third party Incarcerated Persons who have not been asked and have not given their permission to release their medical information. Accordingly, no documents are provided.

**REQUEST FOR PRODUCTION NO. 70:**

ALL DOCUMENTS from Offender 360 RELATING TO reasonable accommodations that reentry services staff provided to INCARCERATED PERSONS from January 1, 2021 to the present.

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

21

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Objection to the extent the request seeks documents relating to hearing impairments at any facility and mobility impairments at the Central Jail as these matters are covered by the parties' settlement agreement. The request is overbroad and burdensome. The request seeks documents subject to privacy rights and HIPPA rights of thousands of third party Incarcerated Persons who have not been asked and have not given their permission to release their medical information. Accordingly, no documents are provided.

**REQUEST FOR PRODUCTION NO. 71:**

ALL training required by the JAIL regarding DISABILITY accommodations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

Objection to the extent the training relates to hearing impairments and mobility disabilities which are covered by the settlement agreement as to every facility because training will be streamlined. Without waiving these objections, Defendants respond as follows:

All responsive documents not covered by the parties' settlement will be produced.

**REQUEST FOR PRODUCTION NO. 72:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO DISABILITY accommodations at the JAIL, including but not limited to pocket talkers, hearing aids, screen readers, optilec or similar readers, video relay services, video interpreter services, Sign Language Interpretation, TTY, TDD, video phones, magnifiers, glasses, crutches, walkers, wheelchairs, canes, and other accommodations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

Objection. This request is overly broad and unduly burdensome. The request are also duplicative in that "Documents" and "Communications" cover every document requested in RFPOD #1 and every request covered by RFPOD #3. Every

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

22

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

document involving confidential medical information of the thousands of third party incarcerated persons is subject to their privacy rights and HIPPA. All documents relating to mobility disability policies and procedures are covered by the settlement agreement. All documents relating to hearing impairments as to all facilities are covered by the settlement agreement. Accordingly, no documents are produced.

**REQUEST FOR PRODUCTION NO. 73:**

ALL GRIEVANCES RELATING TO lack of access to attorneys, the law library, legal materials or the courts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Objection. This request is compound, overly broad and unduly burdensome. The request also does not narrow the grievances to a specific time period.

All responsive documents after January 1, 2021 in the custody, control and/or possession of responding parties will be produced.

**REQUEST FOR PRODUCTION NO. 74:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO cleanliness and sanitation at the JAIL from January 1, 2021 to present, including any reports, memoranda or emails regarding mold, vermin, trash, overcrowding, clogged toilets, and clogged showers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Objection. The request is overbroad and burdensome and use of the words "Documents" and "Communications" as defined could include tens of thousands of documents. The time period of the request is overbroad and burdensome because the TAC seeks injunctive relief for current conditions and not conditions that existed 2 and a half years ago. Upon meet and confer and agreement of search terms and time periods, responding parties will conduct a search for responsive records.

**REQUEST FOR PRODUCTION NO. 75:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO incidents of violence by or against INCARCERATED PEOPLE at the JAIL from January 1,

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

23

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  2021 to present.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

3      Objection.  This request is overly broad and unduly burdensome.  The terms

4  "Documents" and "Communications" may include confidential medical information

5  of third party incarcerated persons and is subject to their privacy rights and HIPPA.

6  This request is also duplicative of all policies and procedures requested previously

7  and in this request for production.  There are approximately 3,477 incidents during

8  the timeframe and it will take hundreds of hours to pull all documents relating to

9  each incident, review each document for responsiveness and privacy issues of both

10  incarcerated persons and employees and thus the request as phrased must be

11  narrowed through meet and confer efforts.

12  **REQUEST FOR PRODUCTION NO. 76:**

13      Rosters of INCARCERATED PEOPLE with mobility DISABILITIES in Las

14  Colinas and Central Jails for the month preceding YOUR response showing the

15  area, housing unit, cell and bed placement, and accommodation need for each

16  person, in a format similar to SD 000467.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

18      Objection.  This request is compound, overly broad and unduly burdensome.

19  No such documents will be produced for SDCJ because it is covered by the parties'

20  settlement.  The request also seeks information subject to the privacy rights of

21  individual incarcerated persons without first obtaining their authority, and disclosing

22  locations and names of individuals potentially places them in danger and poses

23  security risks.  Without waiving these objections, Defendants respond as follows:

24      A roster will be produced for Las Colinas without identifying information as

25  was done previously for SDCJ.

26  **REQUEST FOR PRODUCTION NO. 77:**

27      ALL invoices for Sign Language Interpretation services provided in the JAIL

28  from January 1, 2021 to the present.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

24

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

Objection. The matter is covered by the settlement agreement and no documents will be produced.

**REQUEST FOR PRODUCTION NO. 78:**

ALL DOCUMENTS RELATING TO workload, productivity, or daily services provided by CONTRACTORS at the JAIL from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

Objection. This request is vague, ambiguous and overly broad. The requested records include documents subject to the privacy rights and HIPPA rights of third party Incarcerated Persons who have not been asked for and have not provided authorization of their records. Documents relating to "workload", "productivity" or "daily services" by medical and/or mental health care providers would potentially include thousands of Incarcerated Persons' medical and mental health care records. Further, the request for documents relating to contractors who have no relationship to the issues as alleged in the TAC is burdensome and overbroad and not reasonably calculated to the discovery of admissible evidence and thus the request as phrased must be narrowed through meet and confer efforts.

**REQUEST FOR PRODUCTION NO. 79:**

ALL use of force logs for each facility in the JAIL from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

Objection. This request assumes without foundation that such logs exist, is overly broad and unduly burdensome, and duplicative of requests seeking incident reports. Without waiving these objections, Defendants respond as follows:

There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 80:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

25

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  complaints RELATING TO excessive force, including but not limited to use of

2  force AND claims of physical harm by JAIL staff, from INCARCERATED

3  PERSONS between January 1, 2021 and the present.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

5      Objection.  The request seeks documents subject to the attorney client

6  privilege and work product protections.  The request also seeks documents subject

7  to the privacy rights of jail staff and Peace Officers Bill of Rights.  The requested

8  records also may include documents subject to the privacy rights and HIPPA rights

9  of third party Incarcerated Persons who have not been asked for and have not

10 provided authorization of their records.  The use of the phrase "excessive force" is

11 vague and ambiguous and unintelligible in the context of the request, and calls for a

12 legal conclusion given there is no definition of excessive force provided and it

13 unknown what is meant. The request as phrased must be narrowed through meet and

14 confer efforts.

15 **REQUEST FOR PRODUCTION NO. 81:**

16     ALL reports generated by the Critical Incident Review Board RELATING

17 TO in-custody DEATHS at the JAIL from January 1, 2021 to the present.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

19     Objection.  The reports are subject to attorney client and work product

20 privileges, and the official information privilege.  *Sanchez v. City of Santa Ana*, 936

21 F.2d 1027, 1033 (9th Cir. 1990); *Kelly v. City of San Jose*, 114 F.R.D. 653, 669

22 (N.D. Cal. 1987), and accordingly will not be produced.

23 **REQUEST FOR PRODUCTION NO. 82:**

24     ALL DOCUMENTS RELATING TO use of tactical teams at the JAIL from

25 January 1, 2021 to the present, including but not limited to documentation of

26 debriefs after use of force or weapons by the JAIL's tactical teams.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

28     Objection.  The request is overly broad and unduly burdensome in that it

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

26

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  seeks documents which are not related to any subject matter pled in the TAC and
2  thus not reasonably calculated to lead to the discovery of admissible evidence. The
3  request is also vague and ambiguous as to the meaning of the phrase "tactical
4  teams".  It is unknown what is meant by "tactical teams," as a definition is not
5  provided, and there is no claim relating to "tactical teams" to enable responding
6  party to relate to the request and the phrase to a claim made in the TAC. The request
7  as phrased must be narrowed through meet and confer efforts.

8  **REQUEST FOR PRODUCTION NO. 83:**

9        DOCUMENTS sufficient to show the percentages of INCARCERATED
10 PERSONS at the JAIL annually who are detained for less than one week, for less
11 than one month, for less than six months, for over a year, and for over two years,
12 from January 1, 2021 to the present.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

14       Objection.  The request is compound, overly broad and unduly burdensome.
15 The request seeks thousands of pages of documents subject to the privacy rights of
16 Incarcerated Persons in the form of their custody files for which authorization has
17 not been requested and has not been provided. Alternately, the request requires the
18 compilation of statistics regarding the duration of incarcerated persons in a format
19 that is not already maintained by the County. The request as phrased must be
20 narrowed through meet and confer efforts.

21 Dated:  August 14, 2023              BURKE, WILLIAMS & SORENSEN, LLP

22

23                                     By: */s/ Susan E. Coleman*
24                                         Susan E. Coleman
                                           Elizabeth M. Pappy
25                                     Attorneys for Defendants
26                                     COUNTY OF SAN DIEGO, SAN DIEGO
                                       COUNTY SHERIFF'S DEPARTMENT
27                                     and SAN DIEGO COUNTY PROBATION
                                       DEPARTMENT
28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

27          Case No. 3:20-cv-00406-AJB-DDL
            DEFENDANTS' RESPONSES TO REQUESTS
            FOR PRODUCTION, SET THREE

# PROOF OF SERVICE

### *Dunsmore v. San Diego County Sheriff's Department*
### Case No. 3:20-cv-00406-AJB-DDL

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of . My business address is 444 South Flower Street, Suite 2400, Los Angeles, CA 90071-2953.

On August 14, 2023, I served true copies of the following document(s) described as **DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION, (SET THREE)** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address tmehra@bwslaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 14, 2023, at Los Angeles, California.

_____
Terri Mehra

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

1

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department**
**Case No. 3:20-cv-00406-AJB-DDL**

2

3

4     Aaron J. Fischer                     Christopher M. Young
    ajf@aaronfischerlaw.com          Christopher.Young@us.dlapiper.com

5
    Priyah Kaul
6     pkaul@rbgg.com                   Hannah M. Chartoff
                               HChartoff@rbgg.com
7     Gav C. Grunfeld
    GGrunfeld@rbgg.com
8                                Eric Monek Anderson
    Van Swearingen                  EMonekAnderson@rbgg.com
9     VSwearingen@rbgg.com

10    Neal, Isabella
    Isabella.Neal@us.dlapiper.com
11
    Kiefer, Oliver
12    Oliver.Kiefer@us.dlapiper.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

# EXHIBIT B

1  Susan E. Coleman (SBN 171832)
   E-mail:  scoleman@bwslaw.com
2  BURKE, WILLIAMS & SORENSEN, LLP
   501 West Broadway, Suite 1600,
3  San Diego, CA  92101-8474
   Tel:  619.814.5800 Fax:  619.814.6799
4
   Elizabeth M. Pappy (SBN 157069)
5  E-mail:  epappy@bwslaw.com
   BURKE, WILLIAMS & SORENSEN, LLP
6  60 South Market Street, Ste. 1000
   San Jose, CA  95113-2336
7  Tel:  408.606.6300 Fax:  408.606.6333

8  Attorneys for Defendants
   COUNTY OF SAN DIEGO, SAN DIEGO
9  COUNTY SHERIFF'S DEPARTMENT and
   SAN DIEGO COUNTY PROBATION
10 DEPARTMENT

11          UNITED STATES DISTRICT COURT

12          SOUTHERN DISTRICT OF CALIFORNIA

13

14 DARRYL DUNSMORE, ANDREE            Case No. 3:20-cv-00406-AJB-DDL
   ANDRADE, ERNEST ARCHULETA,
15 JAMES CLARK, ANTHONY               **DEFENDANTS SAN DIEGO**
   EDWARDS, LISA LANDERS,             **COUNTY SHERIFF'S**
16 REANNA LEVY, JOSUE LOPEZ,          **DEPARTMENT, COUNTY OF SAN**
   CHRISTOPHER NELSON,                **DIEGO, SAN DIEGO COUNTY**
17 CHRISTOPHER NORWOOD, JESSE         **PROBATION DEPARTMENT'S**
   OLIVARES, GUSTAVO                  **RESPONSES TO PLAINTIFFS'**
18 SEPULVEDA, MICHAEL TAYLOR,         **FIFTH SET OF REQUEST FOR**
   and LAURA ZOERNER, on behalf of    **PRODUCTION OF DOCUMENTS**
19 themselves and all others similarly
   situated,                          Judge:   Anthony J. Battaglia
20
              Plaintiffs,             Magistrate Judge David D. Leshner
21
         v.
22
   SAN DIEGO COUNTY SHERIFF'S
23 DEPARTMENT, COUNTY OF SAN
   DIEGO, SAN DIEGO COUNTY
24 PROBATION DEPARTMENT, and
   DOES 1 to 20, inclusive,
25
              Defendants.
26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4858-7878-1056 v1                                    Case No. 3:20-cv-00406-AJB-DDL
                                          DEFENDANTS' RESPONSES REQUESTS FOR
                                           PRODUCTION OF DOCUMENTS, SET FIVE

1  PROPOUNDING PARTY:  PLAINTIFFS

2  RESPONDING PARTY:    DEFENDANTS SAN DIEGO COUNTY SHERIFF'S
3                                      DEPARTMENT, COUNTY OF SAN DIEGO, AND
                                        SAN DIEGO COUNTY PROBATION
4                                      DEPARTMENT

5  SET NO.:                     FIVE

6

7  **REQUEST FOR PRODUCTION NO. 88:**

8            ALL records RELATING TO each DEATH of an INCARCERATED

9  PERSON from April 12, 2023 to present, including, but not limited to Sheriff's

10 Homicide Unit investigation files, reports prepared by the COUNTY and/or

11 SHERIFF'S DEPARTMENT pursuant to Title 15 Section 1046 (this does not

12 include any Section 1046 reports prepared by Naphcare, Inc. and not provided to the

13 COUNTY), medical and mental health records from January 1, 2021 to the date of

14 DEATH (as well as medical intake forms for any INCARCERATED PERSON who

15 was booked prior to January 1, 2021), custody records, autopsy reports, coroner

16 reports, and any video footage of the INCARCERATED PERSON and/or their cell

17 door for the 24 hours prior to the DEATH.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

19          All responsive documents in the custody, control and/or possession of

20 responding party will be produced attorneys-eyes only.

21 **REQUEST FOR PRODUCTION NO. 89:**

22          ALL San Diego Sheriff's Department's Critical Incident Review Board

23 reports from January 1, 2021 to the present.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

25          Objection.  The request duplicates #81 and a response will not be provided.

26 **REQUEST FOR PRODUCTION NO. 90:**

27          ALL San Diego Sheriff's Department's Critical Incident Review Board report

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                      2                        Case No. 3:20-cv-00406-AJB-DDL
                                                               DEFENDANTS' RESPONSES REQUESTS FOR
                                                               PRODUCTION OF DOCUMENTS, SET FIVE

1  tracking spreadsheets from January 1, 2021 to the present.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

3       Objection.  The request duplicates #81 and no response will be provided.

4  **REQUEST FOR PRODUCTION NO. 91:**

5       ALL Internal Affairs investigation DOCUMENTS RELATING TO DEATHS

6  at the JAIL from January 1, 2021 to the present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

8       Objection.  The request seeks information subject to privacy rights of

9  employees and that is not directly relevant to any issue in the case.  Discipline

10  records that are publicly available may be obtained from Responding Party's

11  website (https://sb1421-

12  sdsheriff.govqa.us/WEBAPP/_rs/(S(c2o3g1sp13tll1njltpacxq4))/openrecordssumma

13  ry.aspx?sSessionID=204192442XIYKNGYJHBEMMNWTOKNYPMLFOCWTCG

14  W&view=6).

15  **REQUEST FOR PRODUCTION NO. 92:**

16       ALL DOCUMENTS, including but not limited to minutes, RELATING TO

17  meetings attended by HEALTH CARE STAFF or custody staff at which the

18  HEALTH CARE POLICIES AND PROCEDURES, HEALTH CARE staffing, or

19  ANY issue RELATING TO JAIL HEALTH CARE was discussed.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

21       Objection.  The request is vague, ambiguous and overbroad.  The request

22  seeks the same information requested in #41 regarding quality control and

23  improvement and no further response will be provided.

24  **REQUEST FOR PRODUCTION NO. 93:**

25       ALL DOCUMENTS and COMMUNICATIONS in which custody staff and

26  HEALTH CARE staff disagree about the provision of HEALTH CARE for

27  INCARCERATED PEOPLE.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                    3                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

2      Objection.  The request is vague, ambiguous and overbroad.  The request

3  seeks the same information requested in #41 regarding quality control and

4  improvement and no additional response will be provided.

5  **REQUEST FOR PRODUCTION NO. 94:**

6      ALL DOCUMENTS and COMMUNICATIONS in which custody staff

7  authorize HEALTH CARE for INCARCERATED PEOPLE.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

9      There are not now and never have been any such documents.  Custody staff

10  do not make determinations about health care needs of Incarcerated Persons and do

11  not "authorize" treatment.

12  **REQUEST FOR PRODUCTION NO. 95:**

13      ALL DOCUMENTS and COMMUNICATIONS in which custody staff make

14  HEALTH CARE decisions for INCARCERATED PEOPLE.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

16      There are not now and never have been any such documents.  Custody staff

17  do not make decisions about health care needs of Incarcerated Persons.

18  **REQUEST FOR PRODUCTION NO. 96:**

19      ALL DOCUMENTS and COMMUNICATIONS RELATING TO

20  understaffing (employing fewer positions than required, allocated, and/or scheduled)

21  of HEALTH CARE EMPLOYEES at the JAIL from January 1, 2021 to the present.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

23      Objection.  The request is a rephrased version of #39 and a further response

24  will not be provided.

25  **REQUEST FOR PRODUCTION NO. 97:**

26      ALL DOCUMENTS showing the time between a person arrives at the JAIL

27  and the time the person receives intake screening.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

4

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

2      Objection.  The request is vague, ambiguous and overbroad.  There is no time

3  limit on the request and it could involve a search of every custody file and every

4  JIMS entry for a person booked for the San Diego County jail facilities for the entire

5  history of the department.

6  **REQUEST FOR PRODUCTION NO. 98:**

7      ALL DOCUMENTS, including but not limited to logs, audits, lists, and

8  summaries, RELATED TO intake screening.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

10      Objection.  The request is vague, ambiguous and overbroad and seeks

11  documents requested previously in the form of custody files of every incarcerated

12  person and blank intake and evaluation forms.  This request is not limited in time

13  and apparently seeks every custody file of every person every incarcerated in the

14  history of the San Diego County jail system.

15  **REQUEST FOR PRODUCTION NO. 99:**

16      ALL DOCUMENTS RELATING TO pending sick call requests where the

17  INCARCERATED PERSON making the sick call request is transferred to another

18  JAIL facility.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

20      Objection.  The request is vague, ambiguous and overbroad and would require

21  a search of all sick call requests by every person ever incarcerated in the history of

22  the San Diego County jail system.

23  **REQUEST FOR PRODUCTION NO. 100:**

24      ALL DOCUMENTS, including but not limited to logs, audits, lists, and

25  summaries, RELATED TO continuing HEALTH CARE treatments, including but

26  not limited to medications, for INCARCERATED PEOPLE upon arrival at the

27  JAIL.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    5                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Objection.  The request is vague, ambiguous and overbroad and would require a search of all medical records of every person ever incarcerated in the history of the San Diego County jail system.

**REQUEST FOR PRODUCTION NO. 101:**

ALL DOCUMENTS RELATING TO HEALTH CARE statistics of ANY kind at the JAIL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Objection.  The request is vague, ambiguous and overbroad.  "Health Care statistics of any kind" are not specific to the issues alleged in the Third Amended Complaint and no response will be provided.

**REQUEST FOR PRODUCTION NO. 102:**

ALL GRIEVANCES, inmate requests, and sick call requests submitted by INCARCERATED PERSONS from January 1, 2023 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Objection.  The request is vague, ambiguous and overbroad.  The scope of the request seeks information wholly unrelated to any subject matter of the complaint.

**REQUEST FOR PRODUCTION NO. 103:**

ALL responses to GRIEVANCES, inmate requests, and sick call requests submitted by INCARCERATED PERSONS from January 1, 2023 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Objection.  The request is vague, ambiguous and overbroad.  The scope of the request seeks information wholly unrelated to any subject matter of the complaint.

**REQUEST FOR PRODUCTION NO. 104:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the time between when an INCARCERATED PERSON submitted a sick call request and the time when: HEALTH CARE STAFF triaged the sick call request; HEALTH CARE STAFF responded to the sick call request;

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

6

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1 and the INCARCERATED PERSON was seen by HEALTH CARE STAFF.

2 **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

3     Objection. The request is vague, ambiguous and overbroad and would require

4 a search of all medical records of every person ever incarcerated in the history of the

5 San Diego County jail system.

6 **REQUEST FOR PRODUCTION NO. 105:**

7     ALL DOCUMENTS, including but not limited to logs, audits, lists, and

8 summaries, showing the number or percent of INCARCERATED PERSONS at the

9 JAIL who submitted a sick call request and were not seen by HEALTH CARE

10 STAFF in connection with that sick call request.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

12     Objection. The request is vague, ambiguous and overbroad and would require

13 a search of all medical records of every person ever incarcerated in the history of the

14 San Diego County jail system.

15 **REQUEST FOR PRODUCTION NO. 106:**

16     ALL DOCUMENTS, including but not limited to logs, audits, lists, and

17 summaries, RELATING TO tracking and/or scheduling HEALTH CARE

18 appointments.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

20     Objection. The request is vague, ambiguous and overbroad and would require

21 a search of all medical records of every person ever incarcerated in the history of the

22 San Diego County jail system.

23 **REQUEST FOR PRODUCTION NO. 107:**

24     ALL training materials RELATING TO sick call requests, and tracking

25 and/or scheduling HEALTH CARE appointments.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

27     Objection. The request is vague, ambiguous and overbroad and would require

28 a search of all medical records of every person ever incarcerated in the history of the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

7

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  San Diego County jail system.  Without waiving said objection and subject thereto,

2  current training materials will be produced.

3  **REQUEST FOR PRODUCTION NO. 108:**

4      ALL training materials RELATING TO HEALTH CARE records.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

6      Objection.  The request is vague, ambiguous and overbroad and would require

7  a search of all medical records of every person ever incarcerated in the history of the

8  San Diego County jail system.  Without waiving said objection and subject thereto,

9  current training materials will be produced.

10 **REQUEST FOR PRODUCTION NO. 109:**

11     ALL DOCUMENTS, including but not limited to logs, audits, lists, and

12 summaries, RELATING TO outside (off-site from the JAIL) HEALTH CARE

13 providers who provide HEALTH CARE to INCARCERATED PEOPLE.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

15     Objection.  The request seeks documents already requested and produced in

16 the form of contracts with off-site providers.  The request is vague, ambiguous and

17 overbroad and would require a search of all medical records of every person ever

18 incarcerated in the history of the San Diego County jail system.

19 **REQUEST FOR PRODUCTION NO. 110:**

20     ALL DOCUMENTS RELATING TO the confidentiality of HEALTH CARE

21 appointments and the provision of HEALTH CARE in confidential, semi-

22 confidential, or non-confidential settings.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

24     Objection.  Vague, ambiguous and overbroad.  "Relating to" would require a

25 search of all medical records of every person ever incarcerated in the history of the

26 San Diego County jail system.  Without waiving said objection and subject thereto,

27 current policies, procedures and/or trainings regarding confidentiality of health care

28 will be produced.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                8                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1    **REQUEST FOR PRODUCTION NO. 111:**

2        ALL DOCUMENTS, including but not limited to logs, audits, lists, training

3    materials, and summaries, RELATING TO the provision of diagnostic testing for

4    INCARCERATED PEOPLE.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

6        Objection.  The request is vague, ambiguous and overbroad and would require

7    a search of all medical records of every person ever incarcerated in the history of the

8    San Diego County jail system.

9    **REQUEST FOR PRODUCTION NO. 112:**

10        ALL DOCUMENTS RELATING TO vision care at the JAIL.

11    **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

12        Objection.  The request is vague, ambiguous and overbroad and would require

13    a search of all medical records of every person ever incarcerated in the history of the

14    San Diego County jail system to determine if they had vision care.  Without waiving

15    said objection, responding party will produce documents regarding the type(s) of

16    care provided.

17    **REQUEST FOR PRODUCTION NO. 113:**

18        ALL DOCUMENTS, including but not limited to logs, audits, lists, training

19    materials, and summaries, showing the time between an INCARCERATED

20    PERSON is evaluated for eyeglasses and the time the INCARCERATED PERSON

21    receives eyeglasses.

22    **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

23        Objection.  The request is vague, ambiguous and overbroad and would require

24    a search of all medical records of every person ever incarcerated in the history of the

25    San Diego County jail system to determine if they had vision care.

26    **REQUEST FOR PRODUCTION NO. 114:**

27        ALL DOCUMENTS, including but not limited to logs, audits, lists, training

28    materials, and summaries, RELATING TO HEALTH CARE discharge planning.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    9                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

Objection.  The request is vague, ambiguous and overbroad and would require a search of all medical records of every person ever incarcerated in the history of the San Diego County jail system relating to "discharge planning". The request also seeks documents duplicative of #25 and will not be reproduced.

**REQUEST FOR PRODUCTION NO. 115:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO Quality Assurance/Quality Control processes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

Objection.  The request is a duplicate of #41 as it relates to medical and no further response will be provided and it is vague, ambiguous, overbroad and harassing as to every other QA/QC process in the entire jail system.  The request is not limited in any way to the subject matter of the Third Amended Complaint.

**REQUEST FOR PRODUCTION NO. 116:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO peer review processes for HEALTH CARE staff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

Objection.  The request is duplicative of #41 and no response will be provided.

**REQUEST FOR PRODUCTION NO. 117:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO corrective action plans for HEALTH CARE and/or custody staff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

Objection.  The request is duplicate of #40 and #42 and no response will be provided.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

10

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **REQUEST FOR PRODUCTION NO. 118:**

2      ALL DOCUMENTS and COMMUNICATIONS RELATING TO

3  INCARCERATED PERSONS receiving an incorrect type or dosage of medication

4  from HEALTH CARE STAFF or custody staff.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

6      Objection.  The request is a rephrasing of #43 and no response will be

7  provided.

8  **REQUEST FOR PRODUCTION NO. 119:**

9      DOCUMENTS sufficient to show the average waiting time between the time

10  an INCARCERATED PERSON is prescribed medication and the time the person

11  receives the prescribed medication.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

13      Objection.  The request is vague, ambiguous and overbroad and would require

14  a search of all medical records of every person ever incarcerated in the history of the

15  San Diego County jail system.

16  **REQUEST FOR PRODUCTION NO. 120:**

17      ALL DOCUMENTS, including but not limited to logs, audits, lists and

18  summaries, RELATING TO HEALTH CARE of INCARCERATED PERSONS

19  referred, seen, or transferred to ANY hospital or other outside HEALTH CARE

20  facility for the purpose of providing HEALTH CARE.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

22      Objection.  The request is vague, ambiguous and overbroad and would require

23  a search of all medical records of every person ever incarcerated in the history of the

24  San Diego County jail system. The request also seeks documents duplicative of #25

25  and will not be reproduced.

26  **REQUEST FOR PRODUCTION NO. 121:**

27      ALL DOCUMENTS, including but not limited to logs, audits, lists, and

28  summaries, showing the time when an INCARCERATED PERSON was referred

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

11

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  for HEALTH CARE outside the JAIL and the time when the INCARCERATED

2  PERSON was seen by the HEALTH CARE provider outside the JAIL.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

4       Objection.  The request is vague, ambiguous and overbroad and would require

5  a search of all medical records of every person ever incarcerated in the history of the

6  San Diego County jail system and the information may not be contained in medical

7  records at the jail facility because they are maintained by outside providers.  The

8  request also seeks documents duplicative of #25 and will not be reproduced.

9  **REQUEST FOR PRODUCTION NO. 122:**

10       DOCUMENTS sufficient to show the average time between when an

11  INCARCERATED PERSON was referred for outside HEALTH CARE and the time

12  when the INCARCERATED PERSON was seen by the outside HEALTH CARE

13  provider.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

15       Objection.  The request is vague, ambiguous and overbroad and would require

16  a search of all medical records of every person ever incarcerated in the history of the

17  San Diego County jail system and the information may not be contained in medical

18  records at the jail facility because they are maintained by outside providers.

19  **REQUEST FOR PRODUCTION NO. 123:**

20       ALL DOCUMENTS RELATED TO inspections, conducted by any entity or

21  person other than YOU, of facilities or practices at the JAIL, including those

22  RELATING TO HEALTH CARE.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

24       Objection.  The request is vague, ambiguous and overbroad.  It seeks

25  documents subject to the attorney client and work product privileges created during

26  and for this litigation.  It includes documents wholly unrelated to any subject matter

27  of the Third Amended Complaint.  There is no time limitation making it overbroad

28  and harassing in that an inspection conducted 10 years ago, 5 years or even 2 years

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

12

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  ago are included in the request and have no relevance or discoverable information

2  about current conditions.

3  **REQUEST FOR PRODUCTION NO. 124:**

4      ALL DOCUMENTS RELATING TO evaluations and assessments of

5  INCARCERATED PERSONS housed in MOB cells since January 1, 2021.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

7      Objection.   The request is vague, ambiguous and overbroad and would

8  require a search of all medical records for a 3 year time period with no relevance to

9  current conditions.  The request also seeks documents duplicative of #25 and will

10  not be reproduced.

11  **REQUEST FOR PRODUCTION NO. 125:**

12      ALL logs, spreadsheets, patient lists, and reports RELATING TO chronic

13  care, including but not limited to care for diabetes, hypertension or other

14  cardiovascular disease, hepatitis, HIV/AIDS, tuberculosis, cancer, neurological

15  disorders, OB/GYN, and MENTAL HEALTH.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

17      The request is vague, ambiguous and overbroad and would require a search of

18  all medical records of every person ever incarcerated in the history of the San Diego

19  County jail system.  The request also seeks documents duplicative of #25 and will

20  not be reproduced.

21  **REQUEST FOR PRODUCTION NO. 126:**

22      ALL DOCUMENTS RELATING to the process and criteria for and ANY

23  limitations on admitting INCARCERATED PERSONS to outside hospitals,

24  specialty clinics, or other medical providers, for the purpose of providing HEALTH

25  CARE.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

27      Objection.  The request is vague, ambiguous and overbroad and would require

28  a search of all medical records of every person ever incarcerated in the history of the

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                                    13                          Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

San Diego County jail system.  Without waiving said objection and subject thereto, documents reflecting current processes and criteria will be produced. The request also seeks documents duplicative of #25 and will not be reproduced.

**REQUEST FOR PRODUCTION NO. 127:**

ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on discharging INCARCERATED PERSONS from outside hospitals, specialty clinics, or other medical providers, back to the JAIL after receiving HEALTH CARE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

Objection.  The request is vague, ambiguous and overbroad and would require a search of all medical records of every person ever incarcerated in the history of the San Diego County jail system.  Without waiving said objection and subject thereto, documents reflecting current process will be produced.  The request also seeks documents duplicative of #25 and will not be reproduced.

**REQUEST FOR PRODUCTION NO. 128:**

ALL DOCUMENTS RELATING TO any delays in admission of INCARCERATED PERSONS into specialty clinics, or other HEALTH CARE providers, for the purpose of providing HEALTH CARE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

The request is vague, ambiguous and overbroad and would require a search of all medical records of every person ever incarcerated in the history of the San Diego County jail system.  The request also seeks documents duplicative of #25 and will not be reproduced.

**REQUEST FOR PRODUCTION NO. 129:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO cancellation of HEALTH CARE appointments.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

14

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

2       The request is vague, ambiguous and overbroad and would require a search of

3  all medical records of every person ever incarcerated in the history of the San Diego

4  County jail system. The request also seeks documents duplicative of #25 and will

5  not be reproduced.

6  **REQUEST FOR PRODUCTION NO. 130:**

7       ALL logs, spreadsheets, patient lists, and reports RELATING TO treatment

8  orders.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

10       The request is vague, ambiguous and overbroad and would require a search of

11  all medical records of every person ever incarcerated in the history of the San Diego

12  County jail system.

13  **REQUEST FOR PRODUCTION NO. 131:**

14       ALL logs, spreadsheets, patient lists, and reports RELATING TO sick call

15  requests.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

17       The request is vague, ambiguous and overbroad and would require a search of

18  all medical records of every person ever incarcerated in the history of the San Diego

19  County jail system.

20  **REQUEST FOR PRODUCTION NO. 132:**

21       ALL DOCUMENTS and COMMUNICATIONS RELATING TO

22  disagreements between CONTRACTORS and DEFENDANTS' EMPLOYEES

23  RELATING TO HEALTH CARE of INCARCERATED PERSONS.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

25       Objection.  Vague, ambiguous and overbroad.  The word "disagreements" is

26  so vague as to prevent any ability to search for responsive documents and any such

27  documents are irrelevant to any issue in the case.  A "disagreement" about any

28  aspect of care whether specific to an Incarcerated Person or not, has no relevance to

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

15

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  care actually received or current conditions.

2  **REQUEST FOR PRODUCTION NO. 133:**

3  ALL DOCUMENTS and COMMUNICATIONS RELATING TO

4  disagreements between HEALTH CARE STAFF and custody staff RELATING TO

5  HEALTH CARE, classification, or housing of INCARCERATED PERSONS.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

7  Objection.  Vague, ambiguous and overbroad.  The word "disagreements" is

8  so vague as to prevent any ability to search for responsive documents and any such

9  documents are irrelevant to any issue in the case.  A "disagreement" about any

10  aspect of care whether specific to an Incarcerated Person or not, has no relevance to

11  care actually received or current conditions.

12  **REQUEST FOR PRODUCTION NO. 134:**

13  ALL COMMUNICATIONS RELATING TO: (a) POLICIES AND

14  PROCEDURES at the JAIL; (b) amendments to POLICIES AND PROCEDURES

15  at the JAIL; and (c) drafts of POLICIES AND PROCEDURES at the JAIL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

17  Objection.  The overbroad, harassing and made in bad faith.  Policies,

18  amendments to polices and draft policies have been requested and produced

19  repeatedly including #1, 2, 3, 4, 7, 9, 10, 15, 17, 22, 24, 25, 26 and 27.  No further

20  response will be provided.

21  **REQUEST FOR PRODUCTION NO. 135:**

22  ALL DOCUMENTS and COMMUNICATIONS RELATING TO the San

23  Diego County Citizens' Law Enforcement Review Board, including but not limited

24  to recommendations made by the San Diego County Citizens' Law Enforcement

25  Review Board.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

27  Objection.  The request is a rephrased version of #18, in response to which

28  CLERB documents in the custody, control and/or possession of responding party

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

16

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1    were produced.  No further response will be provided. Plaintiffs have also been

2    informed that CLERB takes the position that their records must be subpoenaed

3    directly through CLERB.

4    **REQUEST FOR PRODUCTION NO. 136:**

5        ALL COMMUNICATIONS with CONTRACTORS RELATING TO

6    POLICIES AND PROCEDURES.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

8        Objection.  The request is duplicative of #34.

9    **REQUEST FOR PRODUCTION NO. 137:**

10        ALL COMMUNICATIONS with CONTRACTORS RELATING TO

11   HEALTH CARE of INCARCERATED PERSONS from January 1, 2021 to present.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

13        Objection.  The request is vague, ambiguous and overbroad.  It potentially

14   covers thousands of documents that have no bearing on the subject matter of the this

15   litigation.  It would require a review of all medical records of every person ever

16   incarcerated for 3 years.  The request is duplicative of #34 and no documents will

17   reproduced.

18   **REQUEST FOR PRODUCTION NO. 138:**

19        ALL DOCUMENTS, including but not limited to logs, audits, lists, training

20   materials, and summaries, RELATING TO medication provided to

21   INCARCERATED PEOPLE at discharge from the JAIL.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

23        The request is vague, ambiguous and overbroad and would require a search of

24   all medical records of every person ever incarcerated and "discharged" from the jails

25   in the history of the San Diego County jail system.  The request also seeks

26   documents duplicative of #25 and will not be reproduced.

27   **REQUEST FOR PRODUCTION NO. 139:**

28        ALL DOCUMENTS RELATING TO the housing of INCARCERATED

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                     17                     Case No. 3:20-cv-00406-AJB-DDL
                                                            DEFENDANTS' RESPONSES REQUESTS FOR
                                                            PRODUCTION OF DOCUMENTS, SET FIVE

1  PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH

2  CARE, including but not limited to determinations of need for housing, evaluations

3  of housing, and requests for funding for MENTAL HEALTH CARE and

4  programming.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

6        The request is vague, ambiguous and overbroad and would require a search of

7  all medical and mental health records of every person ever incarcerated at the jails in

8  the history of the San Diego County jail system.  There are not now and never have

9  been any documents relating to "requests for funding" as to determinations of the

10  need for housing of any Incarcerated Person.

11  **REQUEST FOR PRODUCTION NO. 140:**

12        ALL DOCUMENTS sufficient to show the number of INCARCERATED

13  PERSONS with MENTAL DISORDERS or who received MENTAL HEALTH

14  CARE in EOH or Outpatient Step Down Unit housing by month since January 1,

15  2021.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

17        The request is vague, ambiguous and overbroad and would require a search of

18  all medical and mental health records of every person incarcerated at the jails in

19  from January 1, 2021 to the present.  It seeks information about individuals who are

20  not part of the class if they are not currently incarcerated (as of the date of the Class

21  Certification Order) and thus subject to privacy and HIPPA rights and historical

22  information has no bearing on any issue in the case which is about the current

23  conditions at the jail.

24  **REQUEST FOR PRODUCTION NO. 141:**

25        ALL logs RELATING TO INCARCERATED PERSONS placed in the

26  Outpatient Step Down Unit from January 1, 2021 to present.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

28        The request is vague, ambiguous and overbroad and would require a search of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1          18          Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1    all medical and mental health records of every person incarcerated at the jails in

2    from January 1, 2021 to the present.  It seeks information about individuals who are

3    not part of the class if they are not currently incarcerated (as of the date of the Class

4    Certification Order) and thus subject to privacy and HIPPA rights and historical

5    information has no bearing on any issue in the case which is about the current

6    conditions at the jail.

7    **REQUEST FOR PRODUCTION NO. 142:**

8        ALL DOCUMENTS RELATING TO evaluations and assessments of

9    INCARCERATED PERSONS placed in the Outpatient Step Down Unit from

10   January 1, 2021 to present.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

12       The request is vague, ambiguous and overbroad and would require a search of

13   all medical and mental health records of every person incarcerated at the jails in

14   from January 1, 2021 to the present.  It seeks information about individuals who are

15   not part of the class if they are not currently incarcerated (as of the date of the Class

16   Certification Order) and thus subject to privacy and HIPPA rights and historical

17   information has no bearing on any issue in the case which is about the current

18   conditions at the jail.  The request also seeks documents duplicative of #25 and will

19   not be reproduced.

20   **REQUEST FOR PRODUCTION NO. 143:**

21       ALL DOCUMENTS RELATING TO the discipline of INCARCERATED

22   PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH

23   CARE.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

25       The request is vague, ambiguous and overbroad and would require a search of

26   all medical and mental health records and/or custody files of every person

27   incarcerated at the jails in from January 1, 2021 to the present. It seeks information

28   about individuals who are not part of the class if they are not currently incarcerated

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                                19                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  (as of the date of the Class Certification Order) and thus subject to privacy and

2  HIPPA rights and historical information has no bearing on any issue in the case

3  which is about the current conditions at the jail.

4  **REQUEST FOR PRODUCTION NO. 144:**

5      ALL DOCUMENTS RELATING to the process and criteria for and ANY

6  limitations on admitting INCARCERATED PERSONS with MENTAL

7  DISORDERS to outside hospitals, forensic facilities, or other psychiatric facilities,

8  including but not limited to the Department of State Hospital, for the purpose of

9  providing MENTAL HEALTH CARE.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

11      Objection.  Responding party does not make decisions about admissions of

12  Incarcerated Persons to outside hospitals, forensic facilities or other psychiatric

13  facilities.  The request also seeks documents duplicative of #25 and will not be

14  reproduced.

15  **REQUEST FOR PRODUCTION NO. 145:**

16      ALL DOCUMENTS RELATING to the process and criteria for and ANY

17  limitations on discharging INCARCERATED PERSONS with MENTAL

18  DISORDERS from outside hospitals, forensic facilities, or other psychiatric

19  facilities, including but not limited to the Department of State Hospital, back to the

20  JAIL after receiving MENTAL HEALTH CARE.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

22      Objection.  Responding party does not make decisions about discharging

23  Incarcerated Persons from outside hospitals, forensic facilities or other psychiatric

24  facilities. The request also seeks documents duplicative of #25 and will not be

25  reproduced.

26  **REQUEST FOR PRODUCTION NO. 146:**

27      ALL DOCUMENTS RELATING TO any delays in admission of

28  INCARCERATED PERSONS with MENTAL DISORDERS into outside hospitals,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1          20          Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  forensic facilities, or other psychiatric facilities, including but not limited to the

2  Department of State Hospital, for the purpose of providing MENTAL HEALTH

3  CARE.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

5      Objection.  The request is vague, ambiguous and overbroad and would require

6  a search of all medical records of every person ever incarcerated in the history of the

7  San Diego County jail system.  Without waiving said objection and subject thereto,

8  documents reflecting current processes and criteria will be produced.  The request

9  also seeks documents duplicative of #25 and will not be reproduced.

10  **REQUEST FOR PRODUCTION NO. 147:**

11      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

12  materials, and summaries, RELATING TO the identification, tracking, and/or

13  treatment of INCARCERATED PERSONS' MENTAL HEALTH CARE needs.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

15      The request is vague, ambiguous and overbroad and would require a search of

16  all medical and mental health records and/or custody files of every person

17  incarcerated at the jails for the entire history of the jails. It seeks information about

18  individuals who are not part of the class if they are not currently incarcerated (as of

19  the date of the Class Certification Order) and thus subject to privacy and HIPPA

20  rights and historical information has no bearing on any issue in the case which is

21  about the current conditions at the jail.  In addition, it is a rephrased duplicate of #25

22  and #41 and no further response will be provided.

23  **REQUEST FOR PRODUCTION NO. 148:**

24      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

25  materials, and summaries, RELATING TO the provision of a comprehensive

26  MENTAL HEALTH assessment for INCARCERATED PERSONS.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

28      The request is vague, ambiguous and overbroad and would require a search of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

21

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  all medical and mental health records and/or custody files of every person

2  incarcerated at the jails for the entire history of the jails. It seeks information about

3  individuals who are not part of the class if they are not currently incarcerated (as of

4  the date of the Class Certification Order) and thus subject to privacy and HIPPA

5  rights and historical information has no bearing on any issue in the case which is

6  about the current conditions at the jail.  In addition, it is a rephrased duplicate of

7  #41, seeks documents duplicative of #25, and no further response will be provided.

8  **REQUEST FOR PRODUCTION NO. 149:**

9      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

10  materials, and summaries, RELATING TO the assessing INCARCERATED

11  PERSONS for emergent or urgent MENTAL HEALTH CARE needs.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

13      The request is vague, ambiguous and overbroad and would require a search of

14  all medical and mental health records and/or custody files of every person

15  incarcerated at the jails for the entire history of the jails. It seeks information about

16  individuals who are not part of the class if they are not currently incarcerated (as of

17  the date of the Class Certification Order) and thus subject to privacy and HIPPA

18  rights and historical information has no bearing on any issue in the case which is

19  about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

20  seeks documents duplicative of #25, and no further response will be provided.

21  **REQUEST FOR PRODUCTION NO. 150:**

22      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

23  materials, and summaries, RELATING TO the time between an INCARCERATED

24  PERSON is referred for MENTAL HEALTH CARE evaluation or care and the time

25  the INCARCERATED PERSON receives MENTAL HEALTH CARE evaluation or

26  care.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

28      The request is vague, ambiguous and overbroad and would require a search of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

22

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  all medical and mental health records and/or custody files of every person

2  incarcerated at the jails for the entire history of the jails. It seeks information about

3  individuals who are not part of the class if they are not currently incarcerated (as of

4  the date of the Class Certification Order) and thus subject to privacy and HIPPA

5  rights and historical information has no bearing on any issue in the case which is

6  about the current conditions at the jail.   In addition, it is a rephrased duplicate of

7  #41 and no further response will be provided.

8  **REQUEST FOR PRODUCTION NO. 151:**

9      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

10  materials, and summaries, RELATING TO the number or percent of

11  INCARCERATED PEOPLE with MENTAL HEALTH CARE needs.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

13      The request is vague, ambiguous and overbroad and would require a search of

14  all medical and mental health records and/or custody files of every person

15  incarcerated at the jails for the entire history of the jails. It seeks information about

16  individuals who are not part of the class if they are not currently incarcerated (as of

17  the date of the Class Certification Order) and thus subject to privacy and HIPPA

18  rights and historical information has no bearing on any issue in the case which is

19  about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

20  seeks documents duplicative of #25, and no further response will be provided.

21  **REQUEST FOR PRODUCTION NO. 152:**

22      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

23  materials, and summaries, and COMMUNICATIONS RELATING TO hiring

24  mental health staff, retaining existing staff, contracting with third-party providers,

25  diverting incarcerated people with mental illness to community providers, and/or

26  supporting mental health-based alternatives to incarceration.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

28      The request is vague, ambiguous and overbroad and would require a search of

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

23

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  all medical and mental health records and/or custody files of every person

2  incarcerated at the jails for the entire history of the jails. It seeks information about

3  individuals who are not part of the class if they are not currently incarcerated (as of

4  the date of the Class Certification Order) and thus subject to privacy and HIPPA

5  rights and historical information has no bearing on any issue in the case which is

6  about the current conditions at the jail.  It is seeks private personnel files of mental

7  health personnel which will not be produced.  In addition, it is a rephrased duplicate

8  of #41, seeks documents duplicative of #25, and no further response will be

9  provided.

10  **REQUEST FOR PRODUCTION NO. 153:**

11       ALL DOCUMENTS, including but not limited to logs, audits, lists, training

12  materials, and summaries, and COMMUNICATIONS RELATING TO the number

13  of patients on each MENTAL HEALTH CARE provider's caseload.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

15       The request is vague, ambiguous and overbroad and would require a search of

16  all medical and mental health records and/or custody files of every person

17  incarcerated at the jails for the entire history of the jails. It seeks information about

18  individuals who are not part of the class if they are not currently incarcerated (as of

19  the date of the Class Certification Order) and thus subject to privacy and HIPPA

20  rights and historical information has no bearing on any issue in the case which is

21  about the current conditions at the jail.  It is seeks private personnel files of mental

22  health personnel which will not be produced.  In addition, it is a rephrased duplicate

23  of #41, seeks documents duplicative of #25, and no further response will be

24  provided.

25  **REQUEST FOR PRODUCTION NO. 154:**

26       ALL DOCUMENTS, including but not limited to logs, audits, lists, training

27  materials, and summaries, and COMMUNICATIONS RELATING TO custody staff

28  authorizing and/or making MENTAL HEALTH CARE decisions for

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

24

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1 INCARCERATED PERSONS, including as to housing assignments within

2 MENTAL HEALTH units at the JAIL.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

4       Custody staff do not make mental health care decisions and thus there are not

5 now and never have been any such documents.

6 **REQUEST FOR PRODUCTION NO. 155:**

7       ALL DOCUMENTS, including but not limited to logs, audits, lists, training

8 materials, and summaries, RELATING TO continuing MENTAL HEALTH CARE

9 treatments and medications for INCARCERATED PERSONS who arrive at the

10 JAIL.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

12       The request is vague, ambiguous and overbroad and would require a search of

13 all medical and mental health records and/or custody files of every person

14 incarcerated at the jails for the entire history of the jails. It seeks information about

15 individuals who are not part of the class if they are not currently incarcerated (as of

16 the date of the Class Certification Order) and thus subject to privacy and HIPPA

17 rights and historical information has no bearing on any issue in the case which is

18 about the current conditions at the jail.  In addition, it is a rephrased duplicate of

19 #41, seeks documents duplicative of #25, and no further response will be provided.

20 **REQUEST FOR PRODUCTION NO. 156:**

21       ALL DOCUMENTS, including but not limited to logs, audits, lists, training

22 materials, and summaries, RELATING TO MENTAL HEALTH CARE programs

23 for INCARCERATED PERSONS at the JAIL, including therapy and counseling.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

25       The request is vague, ambiguous and overbroad and would require a search of

26 all medical and mental health records and/or custody files of every person

27 incarcerated at the jails for the entire history of the jails. It seeks information about

28 individuals who are not part of the class if they are not currently incarcerated (as of

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

25

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  the date of the Class Certification Order) and thus subject to privacy and HIPPA

2  rights and historical information has no bearing on any issue in the case which is

3  about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

4  seeks documents duplicative of #25, and no further response will be provided.

5  **REQUEST FOR PRODUCTION NO. 157:**

6       ALL DOCUMENTS, including but not limited to logs, audits, lists, training

7  materials, and summaries, RELATING TO identifying, tracking, and or treating

8  INCARCERATED PERSONS' MENTAL HEALTH needs according to a level of

9  care system.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

11      The request is vague, ambiguous and overbroad and would require a search of

12 all medical and mental health records and/or custody files of every person

13 incarcerated at the jails for the entire history of the jails. It seeks information about

14 individuals who are not part of the class if they are not currently incarcerated (as of

15 the date of the Class Certification Order) and thus subject to privacy and HIPPA

16 rights and historical information has no bearing on any issue in the case which is

17 about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

18 seeks documents duplicative of #25, and no further response will be provided.

19 **REQUEST FOR PRODUCTION NO. 158:**

20      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

21 materials, and summaries, RELATING TO monitoring and following-up with

22 INCARCERATED PERSONS who have MENTAL HEALTH needs.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

24      The request is vague, ambiguous and overbroad and would require a search of

25 all medical and mental health records and/or custody files of every person

26 incarcerated at the jails for the entire history of the jails. It seeks information about

27 individuals who are not part of the class if they are not currently incarcerated (as of

28 the date of the Class Certification Order) and thus subject to privacy and HIPPA

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

26

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  rights and historical information has no bearing on any issue in the case which is

2  about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

3  seeks documents duplicative of #25, and no further response will be provided.

4  **REQUEST FOR PRODUCTION NO. 159:**

5      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

6  materials, and summaries, RELATING TO housing suicidal INCARCERATED

7  PERSONS in isolation.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

9      The request is vague, ambiguous and overbroad and would require a search of

10  all medical and mental health records and/or custody files of every person

11  incarcerated at the jails for the entire history of the jails. It seeks information about

12  individuals who are not part of the class if they are not currently incarcerated (as of

13  the date of the Class Certification Order) and thus subject to privacy and HIPPA

14  rights and historical information has no bearing on any issue in the case which is

15  about the current conditions at the jail.  The request is duplicative of #20 and #23

16  and no further response will be provided.

17  **REQUEST FOR PRODUCTION NO. 160:**

18      ALL grievances and responses thereto RELATING TO suicidal

19  INCARCERATED PERSONS housed in isolation.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

21      Objection.  Vague, ambiguous and overbroad.  "Relating to" a suicidal person

22  is impossible to search.  Responding party would have no possible way of knowing

23  that a person was or was not suicidal at the time a grievance was filed or responded

24  to.  The fact of a grievance by a suicidal person does not equate to being "suicidal"

25  at the time a grievance was written or responded to.

26  **REQUEST FOR PRODUCTION NO. 161:**

27      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

28  materials, and summaries, RELATING TO follow-up care for INCARCERATED

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

27

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  PERSONS discharged from the Inmate Safety Program.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

3      The request is vague, ambiguous and overbroad and would require a search of

4  all medical and mental health records and/or custody files of every person

5  incarcerated at the jails for the entire history of the jails. It seeks information about

6  individuals who are not part of the class if they are not currently incarcerated (as of

7  the date of the Class Certification Order) and thus subject to privacy and HIPPA

8  rights and historical information has no bearing on any issue in the case which is

9  about the current conditions at the jail.

10 **REQUEST FOR PRODUCTION NO. 162:**

11     ALL DOCUMENTS, including but not limited to logs, audits, lists, training

12 materials, and summaries, RELATING TO INCARCERATED PERSONS with

13 acute MENTAL HEALTH CARE needs.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

15     The request is vague, ambiguous and overbroad and would require a search of

16 all medical and mental health records and/or custody files of every person

17 incarcerated at the jails for the entire history of the jails. It seeks information about

18 individuals who are not part of the class if they are not currently incarcerated (as of

19 the date of the Class Certification Order) and thus subject to privacy and HIPPA

20 rights and historical information has no bearing on any issue in the case which is

21 about the current conditions at the jail.

22 **REQUEST FOR PRODUCTION NO. 163:**

23     ALL DOCUMENTS RELATED TO agreements and/or contracts with

24 outside MENTAL HEALTH CARE providers for the referral of INCARCERATED

25 PEOPLE with MEDICAL and MENTAL HEALTH CARE needs to receive care,

26 including when the JAIL lacks personnel and/or housing options to provide

27 necessary care.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                    28          Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

2  Objection.  The request is a duplicate of #42 and no further response will be

3  provided.

4  **REQUEST FOR PRODUCTION NO. 164:**

5  ALL DOCUMENTS, including but not limited to logs, audits, lists, training

6  materials, and summaries, RELATED TO the placement of INCARCERATED

7  PEOPLE with MENTAL HEALTH DISORDERS and/or intellectual

8  DISABILITIES in administrative segregation.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

10  The request is vague, ambiguous and overbroad and would require a search of

11  all medical and mental health records and/or custody files of every person

12  incarcerated at the jails for the entire history of the jails. It seeks information about

13  individuals who are not part of the class if they are not currently incarcerated (as of

14  the date of the Class Certification Order) and thus subject to privacy and HIPPA

15  rights and historical information has no bearing on any issue in the case which is

16  about the current conditions at the jail.  The request also seeks documents

17  duplicative of #25 and will not be reproduced.

18  **REQUEST FOR PRODUCTION NO. 165:**

19  ALL DOCUMENTS, including but not limited to logs, audits, lists, training

20  materials, and summaries, RELATED TO the provision of MENTAL HEALTH

21  CARE for INCARCERATED PEOPLE with MENTAL HEALTH CARE needs in

22  administrative segregation or other isolation housing.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

24  The request is vague, ambiguous and overbroad and would require a search of

25  all medical and mental health records and/or custody files of every person

26  incarcerated at the jails for the entire history of the jails. It seeks information about

27  individuals who are not part of the class if they are not currently incarcerated (as of

28  the date of the Class Certification Order) and thus subject to privacy and HIPPA

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                                     29                   Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  rights and historical information has no bearing on any issue in the case which is

2  about the current conditions at the jail.  In addition, it is a rephrased duplicate of

3  #41, seeks documents duplicative of #25, and no further response will be provided.

4  **REQUEST FOR PRODUCTION NO. 166:**

5      ALL DOCUMENTS, including but not limited to logs, audits, lists and

6  summaries, RELATING TO screening, assessment, identification, tracking of

7  INCARCERATED PEOPLE with DISABILITIES.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

9      The request is vague, ambiguous and overbroad and would require a search of

10  all medical and mental health records and/or custody files of every person

11  incarcerated at the jails for the entire history of the jails. It seeks information about

12  individuals who are not part of the class if they are not currently incarcerated (as of

13  the date of the Class Certification Order) and thus subject to privacy and HIPPA

14  rights and historical information has no bearing on any issue in the case which is

15  about the current conditions at the jail.  The request is duplicative of #4 and no

16  further response will be provided.

17  **REQUEST FOR PRODUCTION NO. 167:**

18      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

19  materials, and summaries, RELATING TO programs and services for

20  INCARCERATED PEOPLE with DISABILITIES.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

22      Objection.  The request is vague, ambiguous and overbroad.  It could

23  encompass hundreds of thousands of documents because every single aspect of

24  being incarcerated is a "program and a service" provided by responding parties.

25  **REQUEST FOR PRODUCTION NO. 168:**

26      ALL DOCUMENTS and COMMUNICATIONS, including but not limited to

27  logs, audits, lists, training materials, and summaries, RELATING TO the

28  accessibility of physical spaces at the JAIL for INCARCERATED PEOPLE with

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

30

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  DISABILITIES.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

3      Objection.  The request is vague, ambiguous and overbroad.  It could

4  encompass thousands of documents about physical accessibility for 7 jail facilities.

5  Objection.  The request seeks documents subject to the attorney client and attorney

6  work product privileges created during and as part of this litigation and will not be

7  produced.  The request is duplicative of #1, 2, 5, 6, 7, 50, 54, 56, 59, 60, 61, 63, and

8  76, each request for inspection of a facility served by Plaintiffs (8 total) seeking

9  floor plans and architectural plans.  No further response will be provided.

10  **REQUEST FOR PRODUCTION NO. 169:**

11      ALL DOCUMENTS and COMMUNICATIONS, including but not limited to

12  logs, audits, lists, training materials, and summaries, RELATING TO any grievance

13  system for INCARCERATED PEOPLE with DISABILITIES.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

15      The request is vague, ambiguous and overbroad and would require a search of

16  all grievance records of every person incarcerated at the jails for the entire history of

17  the jails. It seeks information about individuals who are not part of the class if they

18  are not currently incarcerated (as of the date of the Class Certification Order) and

19  thus subject to privacy and HIPPA rights and historical information has no bearing

20  on any issue in the case which is about the current conditions at the jail.  The request

21  is duplicative of #2, 3, 35, 36, 73, and no further response will be provided.

22  **REQUEST FOR PRODUCTION NO. 170:**

23      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

24  materials, and summaries, RELATING TO court orders requiring the

25  accommodation of INCARCERATED PEOPLE with DISABILITIES.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

27      Objection.  The request duplicates #44 and 45 and a further response will not

28  be provided.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                31        Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **REQUEST FOR PRODUCTION NO. 171:**

2      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

3  materials, and summaries, RELATING TO electrical and plumbing hazards at the

4  JAIL.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

6      Objection.  The request is vague, ambiguous, overbroad and harassing.  It

7  seeks documents relating to undefined "hazards" for every facility for the entire

8  history of the jail system.  It is unrelated to any claim alleged in the Third Amended

9  Complaint and for which Plaintiffs have no basis for a claim justifying discovery.

10 The request duplicates #74 and no further response will be provided.

11 **REQUEST FOR PRODUCTION NO. 172:**

12     ALL DOCUMENTS, including but not limited to logs, audits, lists, training

13 materials, and summaries, RELATING TO laundry, clothes, and linens.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

15     Objection.  The request is vague, ambiguous, overbroad and harassing.  The

16 request is a rephrased version of #25 and #26 and no further response will be

17 provided.

18 **REQUEST FOR PRODUCTION NO. 173:**

19     ALL contracts RELATING to vector and vermin control, plumbing repair,

20 electrical repair, pest control, and other maintenance at the JAIL.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

22     Objection.  The request is overbroad, burdensome and harassing and seeks

23 documents for the entire history of the jail system and duplicates request No. 74,

24 171 and 174 and no further response will be provided.

25 **REQUEST FOR PRODUCTION NO. 174:**

26     ALL DOCUMENTS RELATING TO vector and vermin control and pest

27 control at the JAIL, including but not limited to any pest control specialist logs and

28 reports.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

32

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

2      Objection.  The request is overbroad, burdensome and harassing and seeks

3 documents for the entire history of the jail system and duplicates request No. 74 and

4 173 and no further response will be provided.

5 **REQUEST FOR PRODUCTION NO. 175:**

6      ALL DOCUMENTS, including but not limited to logs and audits,

7 RELATING TO trash collection and removal from housing units in the JAIL.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

9      Objection.  The request is overbroad, burdensome and harassing and seeks

10 documents for the entire history of the jail system and duplicates request No. 74 and

11 173 and no further response will be provided.

12 **REQUEST FOR PRODUCTION NO. 176:**

13      ALL DOCUMENTS, including but not limited to logs and audits,

14 RELATING TO sanitization of cells, including but not limited to cleaning of human

15 waste and bodily fluids.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

17      Objection.  The request is overbroad, burdensome and harassing and seeks

18 documents for the entire history of the jail system and duplicates request No. 173

19 and no further response will be provided.

20 **REQUEST FOR PRODUCTION NO. 177:**

21      ALL DOCUMENTS (including internal or external reviews or audits),

22 POLICIES AND PROCEDURES, and COMMUNICATIONS RELATING TO

23 YOUR compliance with the Prison Rape Elimination Act, 42 U.S.C. §§ 15601 et

24 seq., and/or its implementing regulations and standards.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

26      Objection.  Policies and procedures have previously been requested and

27 produced and they will not be re-produced in response to this request.  "All

28 documents" is overbroad, burdensome and harassing and responding party will not

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    33                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  provide a response including "all documents" as defined by Plaintiffs. Without

2  waiving said objections and subject thereto, any documents not previously produced

3  other than policies, procedures and green sheets regarding implementation

4  regulations and standards, will be produced.

5  **REQUEST FOR PRODUCTION NO. 178:**

6      The Prison Rape Elimination Act Coordinator's sexual assault incident file.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

8      Objection. The request seeks information subject to the privacy rights of

9  individuals who may not want the information revealed. It is highly sensitive and

10  will only be produced without names or other information which would identify the

11  persons involved, only those incidents from January 1, 2022 to the present, only a

12  list of such incidents, and subject to attorneys eyes only.

13  **REQUEST FOR PRODUCTION NO. 179:**

14      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

15  materials, and summaries, RELATING TO contraband narcotics.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

17      Objection. The request seeks thousands of documents over the entire history

18  of the San Diego County jail systems. Only those documents relating to present

19  conditions are relevant to the subject matter of the Third Amended Complaint which

20  seeks an injunction for current conditions. Numerous changes have been made to

21  processes related to contraband narcotics and thus information will be limited to the

22  last 6 months, no documents identifying individual names will be provided and only

23  those documents evidencing prevention efforts, means and methods will be

24  produced.

25  **REQUEST FOR PRODUCTION NO. 180:**

26      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

27  materials, and summaries, RELATING TO the timeliness and/or adequacy of safety

28  checks.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

34

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

2      Objection.  The request seeks documents requested numerous times in the

3 form of policies and procedures.  In addition, the request seeks documents for the

4 entire history of the San Diego County jail system which are irrelevant to any issue

5 in this case.  The issue in the case is an injunction to address current conditions in

6 the jails.  No documents already produced regarding policies and procedures with be

7 reproduced.  The request is vague, ambiguous and overbroad in that it covers

8 potentially thousands of pages of documents regarding safety checks created over

9 the history of the jail and no documents will be produced without significant

10 narrowing of the scope to what is pertinent to the issues in the Third Amended

11 Complaint.  Policies, procedures and green sheets have already been produced in

12 response to #25 and 26 and will not be reproduced.

13 **REQUEST FOR PRODUCTION NO. 181:**

14      ALL DOCUMENTS RELATING TO housing classification, including but

15 not limited to housing plans and matrices; lists and floorplans of housing units;

16 DOCUMENTS reflecting the purpose and capacity of each room in each housing

17 unit; forms used by JAIL staff to classify and re-classify INCARCERATED

18 PERSONS for general population, protective custody, and administrative

19 segregation housing; and DOCUMENTS reflecting the criteria and eligibility for

20 general population housing determinations; protective custody housing

21 determinations, and administrative segregation housing determinations. Policies,

22 procedures and green sheets have already been produced in response to #25 and 26

23 and will not be reproduced.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

25      Objection.  The request is overbroad, vague and ambiguous.  It requests

26 hundreds of thousands of documents over the entire history of the San Diego County

27 jail facilities, policies and procedures already produced, and wholly unrelated

28 categories of documents such as housing determinations vs. floor plans.  Floor plans

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

35

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  have been requested previously in all 8 of the inspection requests served by

2  Plaintiffs and no further response will be provided.

3  **REQUEST FOR PRODUCTION NO. 182:**

4      ALL DOCUMENTS, including but not limited to logs, audits, and training

5  materials, RELATING TO YOUR EMPLOYEES' response, including response

6  times, to emergency intercom use by INCARCERATED PERSONS.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

8      Objection.  The request is vague, ambiguous and overbroad and seeks

9  thousands of pages of documents spanning the entire history of the San Diego

10 County jail facilities and review of all custody files for every person every

11 incarcerated at the jails in its entire history.  Policies, procedures and green sheets

12 have already been produced in response to #25 and 26 will not be reproduced.

13 **REQUEST FOR PRODUCTION NO. 183:**

14     ALL DOCUMENTS, including but not limited to logs and audits,

15 RELATING TO intercoms in housing units at the JAIL, including but not limited to

16 maintenance and repair of intercoms, contracts RELATING TO intercoms, and

17 internal and/or third-party reports or analyses RELATING TO the efficacy and/or

18 operation of intercoms.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

20     Objection.  The request is vague, ambiguous and overbroad and seeks

21 thousands of pages of documents spanning the entire history of the San Diego

22 County jail facilities and review of all custody files for every person every

23 incarcerated at the jails in its entire history.  The request is duplicative of #182 and

24 #173.

25 **REQUEST FOR PRODUCTION NO. 184:**

26     ALL DOCUMENTS RELATING TO general population housing

27 determinations, protective custody determinations, and administrative segregation

28 housing determinations for INCARCERATED PERSONS in the JAIL.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    36                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

Objection. The request is duplicative of all prior requests for policies, procedures and green sheets. The request is duplicative of #25, 26, 32, 33, 47, 50, 51, 175, 181 and 183. No further response will be provided.

**REQUEST FOR PRODUCTION NO. 185:**

A blank examples of ALL forms used for housing classification, general population housing determinations, protective custody determinations, and administrative segregation housing determinations for INCARCERATED PERSONS in the JAIL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

Objection. The request is duplicative of all prior requests for policies, procedures and green sheets. The request is duplicative of #32, 33, 47, 50, 51, 175, 181 and 183. No further response will be provided.

**REQUEST FOR PRODUCTION NO. 186:**

ALL DOCUMENTS RELATING TO housing classification, general population housing determinations, protective custody determinations, and administrative segregation housing determinations for PLAINTIFFS in the JAIL from January 1, 2013 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

Objection. The request is burdensome, oppressive and harassing. Conditions at the jail 10 years ago are irrelevant. The only relevant time period is the present. In addition, the request is duplicative of all prior requests for policies, procedures and green sheets. The request is duplicative of #25, 26, 32, 33, 47, 50, 51, 175, 181 and 183. No further response will be provided.

**REQUEST FOR PRODUCTION NO. 187:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the number of assaults, dates of assaults, use of any weapon(s) in assaults, involvement of EMPLOYEES or INCARCERATED PERSONS in

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    37                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  assaults, nature of injury(ies) sustained in assaults, and cause(s) of injury(ies)

2  sustained in assaults for each assault involving an INCARCERATED PERSON.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

4      Objection.  The request is a duplicate of #75, 79 and 80.  No further response

5  will be provided.

6  **REQUEST FOR PRODUCTION NO. 188:**

7      For each INCARCERATED PERSON who received medical attention for

8  injury(ies) sustained during or related to an assault, ALL investigative reports,

9  incident reports, and medical records related to those assaults from January 1, 2021

10 to the present.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

12     Objection.  The request is a duplicate of #75, 79 and 80.  No further response

13 will be provided.

14 **REQUEST FOR PRODUCTION NO. 189:**

15     ALL DOCUMENTS and COMMUNICATIONS RELATING TO ANY claim

16 for workers' compensation filed by INCARCERATED PERSONS or JAIL

17 EMPLOYEES in relation to injuries incurred in the course of employment at the

18 JAIL.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

20     Objection.  The request seeks information irrelevant to the subject matter of

21 the Third Amended Complaint and designed solely to harass responding party.

22 Workers' compensation claims are covered by the Worker's Compensation Act and

23 governed exclusively thereby.  An employee may not seek additional redress.  No

24 response will be provided.

25 **REQUEST FOR PRODUCTION NO. 190:**

26     ALL DOCUMENTS RELATING TO understaffing (employing fewer

27 positions than required, allocated, and/or scheduled) of EMPLOYEES at the JAIL

28 from January 1, 2021 to the present.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

38

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

2        Objection.  The request is a duplicate of #39 and 96 and no further response

3    will be provided.

4    **REQUEST FOR PRODUCTION NO. 191:**

5        ALL DOCUMENTS RELATING TO the following for each existing

6    EMPLOYEE position at the JAIL: the number of allocated positions, the number of

7    hours required for each position, the number of vacancies and the duration of

8    vacancies for each position, and STAFFING PLANS RELATING TO each position

9    at the JAIL from January 1, 2021 to the present.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

11       Objection.  The request is a duplicate of #39, 96 and 191 and no further

12   response will be provided.

13   **REQUEST FOR PRODUCTION NO. 192:**

14       ALL DOCUMENTS RELATING TO the following for each existing

15   EMPLOYEE position at the JAIL: the number of EMPLOYEES present for work in

16   each position for each shift, the number of absences for each position for each shift,

17   and the duration of any absences for each shift from January 1, 2022 to the present.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**

19       Objection.  The request is a duplicate of #39, 96 and 191 and no further

20   response will be provided.

21   **REQUEST FOR PRODUCTION NO. 193:**

22       ALL DOCUMENTS RELATING TO body scanners at the JAIL, including

23   but not limited to DOCUMENTS RELATING TO body scanning software,

24   maintenance and repair of body scanners, contracts related to body scanners,

25   POLICIES AND PROCEDURES related to the use of body scanners, and internal

26   and/or third-party reports regarding the efficacy and/or utility of body scanners.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

28       Objection to the extent all policies and procedures have already been

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

39

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  requested and produced in response to #25 and 26 and they will not be reproduced.

2  Objection to the extent the request seeks documents in Incarcerated Person custody

3  files and seeks documents more than 6 months back.  No custody file information

4  will be search or provided as it has no bearing on any issue in the Third Amended

5  Complaint.  Without waiving said objections and subject thereto, documents relating

6  to software, maintenance, and repairs, including contracts in the custody, control

7  and/or possession of responding party will be produced.

8  **REQUEST FOR PRODUCTION NO. 194:**

9       ALL DOCUMENTS and COMMUNICATIONS RELATING TO use of

10  body scanners on YOUR EMPLOYEES when they enter the JAIL.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 194:**

12       Objection.  The request is duplicate of #193 and is overbroad, vague and

13  ambiguous as to "Communications Relating to".  The type of system, use and

14  operability are the only issues in the case and "every communication" is nothing

15  more than harassment.  Policies and procedures have already been produced in

16  response to #25 and 26 and will not be reproduced. No further response will be

17  provided without significant narrowing by Plaintiffs.

18  **REQUEST FOR PRODUCTION NO. 195:**

19       ALL DOCUMENTS RELATING TO video cameras and body-worn cameras

20  at the JAIL, including but not limited to DOCUMENTS RELATING TO video

21  camera and/or body-worn camera software, maintenance and repair of video

22  cameras and/or body-worn cameras, contracts related to video cameras and/or body-

23  worn cameras, POLICIES AND PROCEDURES related to the use of video cameras

24  and/or body-worn cameras, and internal and/or third-party reports regarding the

25  efficacy and/or utility of video cameras and/or body-worn cameras.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 195:**

27       Objection.  The request is burdensome, oppressive and harassing.  Body worn

28  video will not be produced as being unrelated to any issue in the case.  Policies and

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                40                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  procedures have already been produced in response to #25 and 26 and will not be

2  reproduced. No information more than 6 months old will be produced.  No reports

3  will be produced as the reference is vague, ambiguous and overbroad and

4  unintelligible to enabled a reasonable search.  Without waiving said objections and

5  subject thereto, responding party will produce documents regarding the software and

6  maintenance of the body worn video and cameras only.

7  **REQUEST FOR PRODUCTION NO. 196:**

8       ALL DOCUMENTS RELATING TO the analysis, study, or adequacy of

9  staffing levels at the JAIL.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 196:**

11       Objection.  The request is burdensome, harassing and overbroad based upon

12 the numerous previously requests for this information and the unlimited time frame.

13 No response will be provided.

14 **REQUEST FOR PRODUCTION NO. 197:**

15       ALL DOCUMENTS AND COMMUNICATIONS RELATING TO all

16 grievances or complaints filed by the Deputy Sheriffs' Association of San Diego

17 County alleging or RELATING TO any matter of JAIL employment, including but

18 not limited to wage grievances, overtime grievances, supervisory practices

19 grievances, disciplinary grievances, retaliation grievances, and allegations of

20 violations of union or other contract rights.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 197:**

22       Objection. The information is not subject to discovery as being unrelated to

23 any issue in the case and intended to harass and annoy responding parties in bad

24 faith.

25 **REQUEST FOR PRODUCTION NO. 198:**

26       ALL DOCUMENTS and COMMUNICATIONS RELATING TO "bypass"

27 or "lockdown" punishments and/or practices at the JAIL, including all instances

28 when an EMPLOYEE denies out-of-cell time to an INCARCERATED PERSON.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

41

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 198:**

Objection. The request is burdensome, harassing and overbroad. It would require a search of custody files for every Incarcerated Person for the entire history of the San Diego County jail system. Policies and procedures have already been produced in response to #25 and 26 and will not be reproduced. No response will be provided.

**REQUEST FOR PRODUCTION NO. 199:**

ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of the incidents referenced in the filing at Docket No. 344 in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 199:**

Objection. Responding party does not know what incident is referenced in Docket No. 344 and without a date and name of Incarcerated Person, the request is burdensome, harassing and made in bad faith.

**REQUEST FOR PRODUCTION NO. 200:**

ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO Christopher Cunningham (Booking No. 23729037).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 200:**

Objection. The request is vague, ambiguous and overbroad. Without a specific date to enable a search, no response will be provided.

**REQUEST FOR PRODUCTION NO. 201:**

ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO Shawn Fuller (Booking No. 23727577).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 201:**

Objection. The request is vague, ambiguous and overbroad. Without a specific date to enable a search, no response will be provided.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

42

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1 **REQUEST FOR PRODUCTION NO. 202:**

2     ALL DOCUMENTS, including but not limited to video footage captured by

3 body-worn cameras, of any incidents RELATING TO PLAINTIFFS.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 202:**

5     Objection.  The request is vague, ambiguous and overbroad.  Without a

6 specific date to enable a search, no response will be provided.

7 **REQUEST FOR PRODUCTION NO. 203:**

8     ALL DOCUMENTS RELATING TO incidents, complaints, and

9 investigations of EMPLOYEES' failure to intervene against another EMPLOYEE

10 using force that is clearly unreasonable or excessive, as described in California

11 Penal Code Section 832.7(b)(1)(A)(iv), at the JAIL, regardless whether the

12 allegation was sustained or unsustained.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 203:**

14     Objection.  The records are equally available and have previously been

15 requested in #80 and will not be reproduced.

16 **REQUEST FOR PRODUCTION NO. 204:**

17     ALL DOCUMENTS RELATING TO incidents, complaints, and

18 investigations of discharge of a firearm by YOUR EMPLOYEES at the JAIL, as

19 described in California Penal Code Section 832.7(b)(1)(A)(i).

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 204:**

21     Objection.  The records are equally available and have previously been

22 requested in #80 and will not be reproduced.

23 **REQUEST FOR PRODUCTION NO. 205:**

24     ALL DOCUMENTS RELATING TO incidents, complaints, and

25 investigations of sexual assault, as that term is defined in California Penal Code

26 Section 832.7(b)(1)(B)(ii), by YOUR EMPLOYEES at the JAIL, regardless whether

27 the allegation was sustained or unsustained.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

43

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 205:**

2        Objection.  The records are equally available and have previously been

3  requested in #80 and will not be reproduced.

4  **REQUEST FOR PRODUCTION NO. 206:**

5        ALL DOCUMENTS RELATING TO incidents, complaints, and

6  investigations of dishonesty by YOUR EMPLOYEES, as described in California

7  Penal Code Section 832.7(b)(1)(C), at the JAIL, regardless whether the allegation

8  was sustained or unsustained.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 206:**

10        Objection.  The request seeks documents which are irrelevant to any issues

11  raised in the Third Amended Complaint and the request is intended for no purpose

12  other than to harass and annoy responding parties.  No response will be provided.

13  **REQUEST FOR PRODUCTION NO. 207:**

14        ALL DOCUMENTS RELATING TO incidents, complaints, and

15  investigations of prejudice or discrimination by YOUR EMPLOYEES at the JAIL,

16  as described in California Penal Code Section 832.7(b)(1)(C), regardless whether

17  the allegation was sustained or not sustained.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 207:**

19        Objection.  The request seeks documents which are irrelevant to any issues

20  raised in the Third Amended Complaint and the request is intended for no purpose

21  other than to harass and annoy responding parties.  No response will be provided.

22  **REQUEST FOR PRODUCTION NO. 208:**

23        ALL DOCUMENTS RELATING TO tracking incidents of YOUR

24  EMPLOYEES using force against INCARCERATED PERSONS at the JAIL.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 208:**

26        Objection.  The request seeks documents which have already been requested

27  multiple times including #80.  No response will be provided.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

44

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **REQUEST FOR PRODUCTION NO. 209:**

2      ALL DOCUMENTS sufficient to show the average daily population at the

3  JAIL by month.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 209:**

5      Objection.  The request seeks information irrelevant to any issue in the case

6  and publicly available as evidenced by Plaintiffs inclusion of such information in the

7  Motion to Certify the Class Action.  The request is made in bad faith.

8  **REQUEST FOR PRODUCTION NO. 210:**

9      ALL DOCUMENTS RELATING TO the security levels of ALL housing

10  units at the JAIL (sometimes called a housing matrix or plan).

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 210:**

12      Any such documents limited to "housing matrix or plan" documents in the

13  custody, control and/or possession of responding party will be provided.

14  **REQUEST FOR PRODUCTION NO. 211:**

15      ALL DOCUMENTS and COMMUNICATIONS RELATING TO

16  overcrowding of INCARCERATED PERSONS, including but not limited to

17  housing one or more INCARCERATED PERSONS in housing units that exceed

18  their rated capacities.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 211:**

20      Overcrowding is not at issue in the Third Amended Complaint and no

21  response will be provided.

22  **REQUEST FOR PRODUCTION NO. 212:**

23      ALL DOCUMENTS RELATING TO overcrowding of INCARCERATED

24  PERSONS, including but not limited to housing one or more INCARCERATED

25  PERSONS in housing units that exceed their rated capacities.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 212:**

27      Overcrowding is not at issue in the Third Amended Complaint and no

28  response will be provided.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

45

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**REQUEST FOR PRODUCTION NO. 213:**

ALL DOCUMENTS RELATING TO efforts to protect INCARCERATED PERSONS from accessing illegal drugs while at the JAIL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 213:**

Objection.  The request seeks documents previously requested including #25, 26 and 179. No further response will be provided.

**REQUEST FOR PRODUCTION NO. 214:**

ALL DOCUMENTS RELATING TO training staff how to respond to drug overdoses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 214:**

Objection.  The request seeks documents previously requested in #25 and 26, 179 and 213.  No further response will be provided.

**REQUEST FOR PRODUCTION NO. 215:**

ALL DOCUMENTS RELATING TO training staff how to screen for, detect, and prevent contraband at the JAIL, including but not limited to the use of body scanners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 215:**

Objection.  The request seeks documents previously requested in #25, 26, 179, 213 and 214.  No further response will be provided.

**REQUEST FOR PRODUCTION NO. 216:**

ALL DOCUMENTS that list or summarize contraband at the JAIL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 216:**

Objection.  The request seeks documents previously requested in #25, 26, 179, 213, 214 and 215. No further response will be provided.

**REQUEST FOR PRODUCTION NO. 217:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO emotional, verbal, or physical abuse of an INCARCERATED PERSON by YOUR EMPLOYEES.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

46

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 217:**

2      Objection.  The request seeks documents previously requested in #80.  The

3  phrase "emotional, verbal . . . abuse" is impossible to respond to and will not be

4  searched.  No further response will be provided.

5  **REQUEST FOR PRODUCTION NO. 218:**

6      ALL DOCUMENTS RELATING TO discipline of YOUR EMPLOYEES at

7  the JAIL, including all disciplinary records.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 218:**

9      Objection.  The request seeks documents previously requested in #43 and #80

10  relating to excessive force.  No further response will be provided.

11  **REQUEST FOR PRODUCTION NO. 219:**

12      ALL DOCUMENTS and COMMUNICATIONS RELATING TO locations in

13  the JAIL that INCARCERATED PERSONS may access but are not monitored by

14  video cameras, including but not limited to the area described as "the pocket."

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 219:**

16      Objection.  The request is vague, ambiguous and overbroad by use of the

17  words "documents" and "communications".  Without waiving said objections and

18  subject thereto, any documents in responding parties custody, control and/or

19  possession sufficient to identify  "pocket" areas will be produced.

20  **REQUEST FOR PRODUCTION NO. 220:**

21      ALL DOCUMENTS RELATING TO the extraction of an INCARCERATED

22  PERSON's tooth or teeth, including but not limited to requests for alternative

23  treatments or offering of alternative treatment options to the INCARCERATED

24  PERSON.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 220:**

26      Objection.  The request seeks review of thousands of pages of Incarcerated

27  Person Medical records for the entire history of the San Diego Sheriff's Department

28  jail system.  The request is burdensome, oppressive and harassing.  Policies and

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                47                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  procedures have already been produced in response to #25 and 26 and will not be

2  reproduced.  No further response will be provided.

3  **REQUEST FOR PRODUCTION NO. 221:**

4      ALL DOCUMENTS RELATING TO the provision or prescription of

5  medication, including but not limited to antibiotic medication, to INCARCERATED

6  PERSONS for the purpose of treating, managing, or alleviating dental pain or

7  swelling.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 221:**

9      Objection.  The request seeks review of thousands of pages of Incarcerated

10  Person Medical records for the entire history of the San Diego Sheriff's Department

11  jail system.  The request is burdensome, oppressive and harassing.  Policies and

12  procedures have already been produced in response to #25 and 26 and will not be

13  reproduced.  No further response will be provided.

14  **REQUEST FOR PRODUCTION NO. 222:**

15      DOCUMENTS sufficient to show (a) the average waiting time between the

16  time an INCARCERATED PERSON submits a sick call request relating to pain or

17  swelling in their teeth, jaw, gums, or mouth and the time the INCARCERATED

18  PERSON is seen by a licensed dentist; (b) the average waiting time between the

19  time a referral for dental HEALTH CARE is created at the JAIL and the time the

20  INCARCERATED PERSON is seen by a licensed dentist; and (c) the number of

21  patients on any waiting lists for dental HEALTH CARE since January 1, 2021.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 222:**

23      Objection.  The request seeks review of thousands of pages of Incarcerated

24  Person Medical records for three years. The request is burdensome, oppressive and

25  harassing.  Policies and procedures have already been produced in response to #25

26  and 26 and will not be reproduced.  No further response will be provided.

27  **REQUEST FOR PRODUCTION NO. 223:**

28      DOCUMENTS sufficient to show the number of requests for dental

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                48                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1   HEALTH CARE at the JAIL and the number of such requests that are granted each

2   month since January 1, 2021.

3   **RESPONSE TO REQUEST FOR PRODUCTION NO. 223:**

4          Objection.  The request seeks review of thousands of pages of Incarcerated

5   Person Medical records for the entire history of the San Diego Sheriff's Department

6   jail system.  The request is burdensome, oppressive and harassing.    Policies and

7   procedures have already been produced in response to #25 and 26 and will not be

8   reproduced. No further response will be provided.

9   **REQUEST FOR PRODUCTION NO. 224:**

10         DOCUMENTS sufficient to show the types of dental HEALTH CARE

11  treatments available to INCARCERATED PERSONS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 224:**

13         Objection. The request is burdensome, oppressive and harassing. Policies and

14  procedures have already been produced in response to #25 and 26 and will not be

15  reproduced. The request seeks documents already requested and already produced in

16  the form of the dental services contract.

17  **REQUEST FOR PRODUCTION NO. 225:**

18         ALL DOCUMENTS, including but not limited to logs, audits, lists, training

19  materials, and summaries, RELATING TO the timeliness and/or adequacy of dental

20  HEALTH CARE at the JAIL.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 225:**

22         Objection.  The request seeks review of thousands of pages of Incarcerated

23  Person Medical records for the entire history of the San Diego Sheriff's Department

24  jail system.  The request is burdensome, oppressive and harassing.  Policies and

25  procedures have already been produced in response to #25 and 26 and will not be

26  reproduced. The request seeks documents already requested and already produced in

27  the form of the dental services contract. No further response will be provided.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

49

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **REQUEST FOR PRODUCTION NO. 226:**

2      DOCUMENTS sufficient to show the number of patients seen for dental

3  HEALTH CARE at the JAIL and the number and types of dental HEALTH CARE

4  procedures provided each month since January 1, 2021.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 226:**

6      Objection.  The request seeks review of thousands of pages of Incarcerated

7  Person Medical records for  3 years. The issues in the case are the current status of

8  dental care and not what occurred 3 years ago.  How many dental procedures

9  provided each month is irrelevant to any issue in the case. The request is

10  burdensome, oppressive and harassing. No response will be provided.

11  **REQUEST FOR PRODUCTION NO. 227:**

12      DOCUMENTS sufficient to show the number of scheduled appointments for

13  dental HEALTH CARE that are cancelled or refused each month since January 1,

14  2021.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 227:**

16      Objection.  The request seeks review of thousands of pages of Incarcerated

17  Person Medical records for  3 years. The issues in the case are the current status of

18  dental care and not what occurred 3 years ago. The request is burdensome,

19  oppressive and harassing.  No response will be provided.

20  **REQUEST FOR PRODUCTION NO. 228:**

21      DOCUMENTS sufficient to show the number of days per week and hours per

22  day that each of the following are present at the JAIL: dental assistant(s), licensed

23  dental hygienist(s), Doctor(s) of Dental Surgery, or Doctor(s) of Medicine in

24  Dentistry.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 228:**

26      Objection.  The request is overbroad and harassing.  To the extent there are

27  schedules available without names, they will be provided for the last 6 months.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

50

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **REQUEST FOR PRODUCTION NO. 229:**

2      ALL DOCUMENTS RELATING TO the availability of x-ray equipment at

3  the JAIL for purposes of dental HEALTH CARE, including but not limited to ANY

4  digital x-ray equipment and panoramic x-ray equipment.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 229:**

6      Objection.  The request seeks documents previously requested and produced

7  in the form of service contracts.  Any additional documents in the custody, control

8  and/or possession of responding party will be provided.

9  **REQUEST FOR PRODUCTION NO. 230:**

10      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

11  destruction, loss, or misplacement of INCARCERATED PERSONS' personal legal

12  documents.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 230:**

14      Objection.  The request is vague, ambiguous and overbroad.  The request

15  would require a search of thousands of grievances (possibly) for the entire history of

16  the San Diego County Sheriff's department.  No response will be provided.

17  **REQUEST FOR PRODUCTION NO. 231:**

18      ALL DOCUMENTS AND COMMUNICATIONS, including but not limited

19  to logs, audits, lists, training materials, and summaries, RELATING TO

20  confidentiality of communications between INCARCERATED PEOPLE and their

21  attorneys, including the recording of phone calls between INCARCERATED

22  PEOPLE and their attorneys.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 231:**

24      Objection.  The request is vague, ambiguous and overbroad.  To the extent

25  policies and procedures have already been produced, they will not be reproduced.

26  Any other responsive documents in the custody, control and/or possession of

27  responding party will be produced.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    51                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**REQUEST FOR PRODUCTION NO. 232:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO attorney callback requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 232:**

Objection.  The request is vague, ambiguous and overbroad as to the entire history of the jail.  To the extent policies and procedures have already been produced, they will not be reproduced. To the extent any listing of call back requests is maintained for the last 6 months, such a list will be provided.

**REQUEST FOR PRODUCTION NO. 233:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO wait times for professional visits, including the time it takes to release visitors from the professional visiting room after a request has been made.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 233:**

Objection.  The request is vague, ambiguous and overbroad.  To the extent policies and procedures have already been produced, they will not be reproduced. The request as phrased as to any other documents will not be responded to because of the overbreadth by use of the words "documents" and "communications" without any limitation as to time frame, specific type of documents, statistical information only, etc.

**REQUEST FOR PRODUCTION NO. 234:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the law library and INCARCERATED PERSONS' access to the law library.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 234:**

Objection.  The request is vague, ambiguous and overbroad.  To the extent policies and procedures have already been produced, they will not be reproduced. The request as phrased as to any other documents overbroad and will not be responded to.  Without waiting said objection and subject thereto, documents other than policies, procedures and green sheets that reflect hours of availability or rules

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

52

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  of use will be produced.

2  **REQUEST FOR PRODUCTION NO. 235:**

3      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

4  materials, and summaries, RELATING TO the provision of legal materials to pro se

5  litigants.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 235:**

7      Objection.  The request is vague, ambiguous and overbroad. Policies and

8  procedures have already been produced and will not be reproduced.  Without

9  waiting said objection and subject thereto, to the extent they exist, documents that

10  are lists and/or materials provided to Incarcerated persons will be produced.

11  **REQUEST FOR PRODUCTION NO. 236:**

12      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

13  materials, and summaries, RELATING TO legal mail.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 236:**

15      Objection.  The request is vague, ambiguous and overbroad.  Policies and

16  procedures have already been produced and they will not be reproduced.

17  **REQUEST FOR PRODUCTION NO. 237:**

18      ALL DOCUMENTS and COMMUNICATIONS RELATING TO "zero bail."

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 237:**

20      Objection.  The request is vague, ambiguous and overbroad and appears to

21  request documents that have no relationship to the issues as pled in the Third

22  Amended Complaint.

23  **REQUEST FOR PRODUCTION NO. 238:**

24      ALL DOCUMENTS and COMMUNICATIONS RELATING to statistics,

25  studies, analyses, or evaluations of YOUR alternative-to-incarceration and reentry

26  programming, including but not limited to the adequacy, quality, quantity,

27  demographic reach, and/or discrimination of those programs.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                           53                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 238:**

2          Objection.  The request is vague, ambiguous and overbroad.  Re-entry

3  provides numerous forms of services unrelated to alternatives to incarceration and

4  the vague description of what documents are being requested makes it impossible to

5  determine what is being requested when referring to the Third Amended Complaint.

6  **REQUEST FOR PRODUCTION NO. 239:**

7          DOCUMENTS sufficient to show the racial demographics of participants in

8  ALL of YOUR alternative-to-incarceration and reentry programs by month since

9  January 1, 2021.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 239:**

11          Objection.  The request is vague, ambiguous and overbroad.  Re-entry

12  provides numerous forms of services unrelated to alternatives to incarceration and

13  the vague description of what documents are being requested makes it impossible to

14  determine what is being requested when referring to the Third Amended Complaint.

15  **REQUEST FOR PRODUCTION NO. 240:**

16          ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

17  eligibility criteria for ANY of YOUR alternative-to-incarceration and reentry

18  programs.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 240:**

20          Objection.  The request is vague, ambiguous and overbroad.  Re-entry

21  provides numerous forms of services unrelated to alternatives to incarceration and

22  the vague description of what documents are being requested makes it impossible to

23  determine what is being requested when referring to the Third Amended Complaint.

24  **REQUEST FOR PRODUCTION NO. 241:**

25          ALL DOCUMENTS RELATING TO the denial of ANY INCARCERATED

26  PERSON from an alternative-to-incarceration or reentry program since January 1,

27  2021.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

54

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 241:**

Objection.  The request is vague, ambiguous and overbroad.  Re-entry provides numerous forms of services unrelated to alternatives to incarceration and the vague description of what documents are being requested makes it impossible to determine what is being requested when referring to the Third Amended Complaint.

**REQUEST FOR PRODUCTION NO. 242:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the Correctional Offender Management Profiling for Alternative Sanctions tool, the California Pretrial Assessment tool, and ANY other pre-trial risk assessment tool.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 242:**

Objection.  The request is vague, ambiguous and overbroad.  The request could potentially seek thousands of documents given the overbroad definitions of documents and communications.  The request is harassing and burdensome as phrased and it is impossible to determine what is being requested when referring to the Third Amended Complaint.

**REQUEST FOR PRODUCTION NO. 243:**

ALL DOCUMENTS RELATING TO studies, analyses, or evaluations of recidivism of INCARCERATED PERSONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 243:**

Objection.  The request is vague, ambiguous and overbroad.  It seeks documents which are not the subject of the Third Amended Complaint.

**REQUEST FOR PRODUCTION NO. 244:**

All DOCUMENTS RELATING TO alternatives to incarceration, including drug court and reentry court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 244:**

Objection.  The request is vague, ambiguous and overbroad.  It seeks documents which are not the subject of the Third Amended Complaint.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

55

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1    **REQUEST FOR PRODUCTION NO. 245:**

2        ALL JIMS data RELATED TO Plaintiffs' Ninth Claim for Relief in the Third

3    Amended Complaint.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 245:**

5        Objection.  The request is vague, ambiguous and overbroad.  The request

6    could potentially seek thousands of documents given the overbroad definitions of

7    documents and communications.  The request is harassing and burdensome as

8    phrased and it is impossible to determine what is being requested when referring to

9    the Third Amended Complaint.

10   **REQUEST FOR PRODUCTION NO. 246:**

11       ALL DOCUMENTS and data used by YOU when considering an

12   INCARCERATED PERSON's eligibility for participation in alternatives to

13   incarceration programing.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 246:**

15       Objection.  The request is vague, ambiguous and overbroad.  The request

16   could potentially seek thousands of documents given the overbroad definitions of

17   documents and communications.  The request is harassing and burdensome as

18   phrased and it is impossible to determine what is being requested when referring to

19   the Third Amended Complaint.

20   **REQUEST FOR PRODUCTION NO. 247:**

21       ALL datasets RELATING TO people considered for participation in

22   alternatives to incarceration programing.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 247:**

24       Objection.  The request is vague, ambiguous and overbroad.  The request

25   could potentially seek thousands of documents given the overbroad definitions of

26   documents and communications.  The request is harassing and burdensome as

27   phrased and it is impossible to determine what is being requested when referring to

28   the Third Amended Complaint.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

56

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1    Dated:  November 10, 2023

BURKE, WILLIAMS & SORENSEN, LLP

2

3

4    By:   _____

5          Susan E. Coleman
          Elizabeth M. Pappy

6          Attorneys for Defendants
          COUNTY OF SAN DIEGO, SAN

7          DIEGO COUNTY SHERIFF'S
          DEPARTMENT and SAN DIEGO

8          COUNTY PROBATION
          DEPARTMENT

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

57

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE