1  Susan E. Coleman (SBN 171832)
   E-mail:  scoleman@bwslaw.com
2  BURKE, WILLIAMS & SORENSEN, LLP
   501 West Broadway, Suite 1600,
3  San Diego, CA  92101-8474
   Tel:  619.814.5800 Fax:  619.814.6799
4
   Elizabeth M. Pappy (SBN 157069)
5  E-mail:  epappy@bwslaw.com
   BURKE, WILLIAMS & SORENSEN, LLP
6  60 South Market Street, Ste. 1000
   San Jose, CA  95113-2336
7  Tel:  408.606.6300 Fax:  408.606.6333

8  Attorneys for Defendants
   COUNTY OF SAN DIEGO, SAN DIEGO
9  COUNTY SHERIFF'S DEPARTMENT and
   SAN DIEGO COUNTY PROBATION
10 DEPARTMENT

11                UNITED STATES DISTRICT COURT

12              SOUTHERN DISTRICT OF CALIFORNIA

13

14 DARRYL DUNSMORE, ANDREE              Case No. 3:20-cv-00406-AJB-DDL
   ANDRADE, ERNEST ARCHULETA,
15 JAMES CLARK, ANTHONY                 **DEFENDANTS' OPPOSITION TO**
   EDWARDS, LISA LANDERS,               **PLAINTIFFS' MOTION TO**
16 REANNA LEVY, JOSUE LOPEZ,            **COMPEL PRODUCTION OF**
   CHRISTOPHER NELSON,                  **PRIVILEGE LOG**
17 CHRISTOPHER NORWOOD, JESSE
   OLIVARES, GUSTAVO                    Judge:   Anthony J. Battaglia
18 SEPULVEDA, MICHAEL TAYLOR,
   and LAURA ZOERNER, on behalf of      Magistrate Judge David D. Leshner
19 themselves and all others similarly
   situated,
20                                        **Date:    December 20. 2023**
              Plaintiffs,                 **Time:    9:00 a.m.**
21                                        **Judge:   Magistrate David Leshner**
          v.
22
   SAN DIEGO COUNTY SHERIFF'S
23 DEPARTMENT, COUNTY OF SAN
   DIEGO, SAN DIEGO COUNTY
24 PROBATION DEPARTMENT, and
   DOES 1 to 20, inclusive,
25
              Defendants.
26

27 I.     **INTRODUCTION**

28       This issue before the Court is simple: Are Plaintiffs entitled to attorney-client

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4886-5754-2550 v1                         1          Case No. 3:20-cv-00406-AJB-DDL
                                                DEFENDANTS' OPPOSITION TO PLAINTIFFS'
                                                MOTION TO COMPEL PRIVILEGE LOG

communications?  Not surprisingly, the answer is no.

Plaintiffs' effort to obtain these communications is an assault on the attorney-client communication privilege.  Defendants request that the Court deny Plaintiffs' motion in its entirety.

## II.    RELEVANT FACTS

The only document requests counsel for Plaintiffs and Defendants have met and conferred on are Requests for Production Numbers 59, 60, 61, 63, and 65.  Prior to receiving Plaintiffs' Motion, Defendants were not aware of privilege log issues Plaintiffs had with respect to any responses from Request for Production of Documents, Sets Four and Five.  Declaration of Elizabeth Pappy ("Pappy Dec."), ¶ 6.

In November 2022, Ms. Pappy began working with the Sheriff's Department regarding ADA issues.  Pappy Dec. ¶ 8.  Ms. Pappy worked closely with Commander Ralph addressing issues and making recommendation to settle certain ADA issues at San Diego Central Jail.  *Ibid*.  These recommendations culminated in the formation on June 1, 2023 of an ADA Unit by the Sheriff's Department.  *Ibid*.  All documents following the June 1, 2023 formation of ADA Unit have been produced and no privilege is asserted.

Plaintiffs have been provided the policy prior to the formation of the ADA Unit and after the formation of the ADA unite.

## III.    DEFENDANTS HAVE ESTABLISHED THE COMMUNICATIONS REQUESTED ARE ATTORNEY-CLIENT CORRESPONDENCE

Plaintiffs argue that *Kumar v. Nationwide Mut. Ins. Co.*, No. 22-cv-03852-TKT-LJC, 2023 WL 3598478 (N.D. Cal. May 23, 2023) allows for a privilege log of all responsive communications that Defendants are "withholding."

Plaintiffs overlook a critical step in the analysis by the *Kumar* Court.  In this case, under California law, the attorney client privilege is governed by statutes and applies to confidential communications between a client and their lawyer during the court of the attorney-client relationship.  Cal Evid. Code, §§ 911, 954, 952.  The

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4886-5754-2550 v1

2

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRIVILEGE LOG

1   attorney-client privilege "does not apply to every single communication transmitted

2   confidentially between lawyer and client. Rather the heartland of the privilege

3   protects those communications that bear some relationship to the attorney's provision

4   of legal consultation." *Kumar*, at *2, citing *Los Angeles Cnty Bd. Of Supervisors v.*

5   *Super. Ct.*, 2 Cal. 5th 282, 294 (2016).

6       "The party claiming the privilege has the burden of establishing the preliminary

7   facts necessary to support its exercise." *Kumar*, at *3 citing *Costco Wholesale Corp.*

8   *v. Super. Ct.*, 47 Cal. 4th 725, 733 (2009). "Once that party establishes facts necessary

9   to support a prima facie claim of privilege," then the privilege is presumed to apply,

10  and "the opponent of the claim of privilege has the burden of proof to establish the

11  communication was not confidential or that the privilege does not for other reasons

12  apply." *Ibid*.

13      Here, Ms. Pappy's declaration confirms the communications are attorney client

14  communications. Pappy Dec., ¶ 8-10. Starting in November 2022, Ms. Pappy advised

15  the Sheriff's Department on various issues to help formulate the ADA unit. From

16  November 2022 through May 31, 2022, Ms. Pappy communicated with Commander

17  Ralph to address issues raised in the complaint and work with the Department

18  regarding an ADA Unit. The dominant purpose of these conversations was for advice

19  and contain the advice of counsel. Further, "[i]t is not necessary for the Court to

20  review each communication to determine its dominant purpose. If the

21  communications were made during the course of an attorney client relationship, the

22  communications, including any reports of factual material, would be privileged, even

23  though the factual material might be discoverable by some other means. If the [Court]

24  instead conclude[s] that the dominant purpose of the relationship was not that of

25  attorney and client, the communications would not be subject to the attorney-client

26  privilege and therefore would be generally discoverable." *Kumar*, at *4 (internal

27  citations omitted). Here, there can be no doubt that these communications are of the

28  attorney-client nature. They are therefore, not discoverable. Plaintiffs own brief

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4886-5754-2550 v1

3

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRIVILEGE LOG

1  makes this point.  Pl.s' Mtn. p. 4:12-20; (Other courts similarly require parties to

2  identify responsive but withheld post-complaint documents on a privilege log,

3  *excepting only communications with counsel*. See, e.g., *United States v. Gorski*, No.

4  cv-11-4252-AG-JPRx, 2012 WL 12888539, at *2 (C.D. Cal. June 12, 2012)

5  *Hernandez v. Best Buy Co., Inc.*, No. 13-cv-2587-JM-KSC, 2014 WL 5454505, at *10

6  (S.D. Cal. Oct. 27, 2014) (requiring party to produce documents, including post-

7  complaint, and to log documents **with the exception of communications between**

8  **counsel and client after litigation**).)

9          There is no cognizable reason for Plaintiffs efforts to obtain these privileged

10  documents.  Plaintiffs are in possession of the policies and procedures before and after

11  the creation of the ADA Unit. Therefore, if Plaintiffs' "case concerns whether a public

12  agency's policies, procedures, and practices are constitutionally and/or statutorily

13  adequate or whether they must be changed," as they claim, they have the information

14  needed to be able to make such a determination and challenge as appropriate.

15  Attorney advice to a client has no bearing on whether the policies and procedures are

16  constitutional.

17          Once the party asserting the claim of privilege has established it is applicable,

18  then the privilege is presumed to apply and the opponent of the claim of privilege has

19  the burden of proof to establish the communication was not confidential or that the

20  privilege does not for other reasons apply. *Kumar*, at *3.  Here, Plaintiffs have not

21  shown that the privilege does not apply and skip over this crucial shifting of the

22  burden of proof.

23  **IV.    PLAINTIFFS HAVE FAILED TO MEET AND CONFER IN GOOD**

24  **FAITH PRIOR TO THE FILING OF THIS MOTION.**

25          Plaintiffs never discussed the issue of a privilege log for responses made to

26  Requests for Production, Sets Four and Five.  Plaintiffs inappropriately ask this Court

27  to make a prospective, advisory ruling as to "all" outstanding Requests for Production

28  where the response contains the privilege objection without identifying any specific

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4886-5754-2550 v1                              4                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRIVILEGE LOG

1  document request in essence trying to create a chilling effect to prevent Defendants

2  from rightfully asserting appropriate objections.  The Court ordered all discovery

3  disputes to be brought before the Court pursuant to Docket 454.  Plaintiffs have failed

4  to do so, to the extent any privilege issues exist, and Plaintiffs waived any such right.

5  **V.    CONCLUSION**

6      For these reasons, Defendants request that Plaintiffs' motion be denied in its

7  entirety.

8

9  Dated:  December 8, 2023            BURKE, WILLIAMS & SORENSEN, LLP

10

11

12                          By:    _____*/s/ Elizabeth M. Pappy*_____
                                    Susan E. Coleman
13                                  Elizabeth M. Pappy
                                    Attorneys for Defendants
14                                  COUNTY OF SAN DIEGO, SAN
                                    DIEGO COUNTY SHERIFF'S
15                                  DEPARTMENT and SAN DIEGO
                                    COUNTY PROBATION
16                                  DEPARTMENT
17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4886-5754-2550 v1

5

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRIVILEGE LOG