Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800   Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300   Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INSPECTIONS**<br><br>Judge:   Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner<br><br>**Date:   December 20, 2023**<br>**Time:   9:00 a.m.**<br>**Judge:  Magistrate David Leshner** |

4877-7680-3222 v1

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

1

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INSPECTIONS

## I. INTRODUCTION

While inspections are a routine aspect of discovery, a fishing expedition must be prevented by including reasonable and specific protocol. Defendants are amenable to Plaintiffs completing the inspection in a productive and efficient manner, but not at the expense of important security, privacy, and due process concerns. As proposed, Plaintiffs seek unfettered access to the jail and free discovery of defense witnesses. This is not workable.

Defendants propose to have inspections occur in the least amount of time possible with no more than 6 individuals from Plaintiffs' side present. The first day will be allow for inspection of ADA issues as to the 5 facilities that have not had inspections along with environmental and safety experts. The second, shorter day will allow mental, medical, and dental experts to perform their inspections in what should take no more than 3 hours. As to San Diego Central Jail and Rock Mountain, which have already had ADA inspections for a full day, all remaining experts should be required to come on the same day or split into two half days given that Plaintiffs intend to bring 3 lawyers to every inspection which will cause more than 6 plaintiffs side attendees.

Plaintiffs have never offered any explanation as to why the documents produced to then in response to Request for Production of Documents, No. 46 which are training presentations about the functionality of JIMS, are not sufficient or attempted to use them to make additional specific requests so that Plaintiffs are not interfering with ongoing jail operations for the safety of staff, incarcerated persons and the public.

In like turn, Plaintiffs have also refused to explain why review of tablets at San Diego Central Jail in a non-incarcerated location with WiFi would not suffice to test or inspect the tablet. The notion that they need to be inside of a jail is meritless.

## II. RELEVANT FACTS

On July 7, 2023, Defendants received Plaintiffs' notice for inspection

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4877-7680-3222 v1

2

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INSPECTIONS

Declaration of Elizabeth Pappy ("Pappy Dec."), ¶ 2.  On July 8, 2023, Defense counsel notified Plaintiffs' counsel in writing of the objections, asking to meet and confer about the scope of the inspection. *Ibid*.  Following extensive meet and confer, Plaintiffs' counsel took the inspection off-calendar. *Ibid*.

On September 1, 2023, Plaintiffs' served an amended notice of inspection. Pappy Dec., ¶ 3.  This notice was identical to the July 2023 notice. *Ibid*.  Defendants raised the same objections and discussed again the issues raised in the prior extensive meet and confer. *Ibid*.  A formal objection was served one week late. Pappy Dec., ¶ 4.  Defense counsel attempted to meet and confer on this issue in order to seek the necessary relief.  Plaintiffs' counsel did not respond. *Ibid*.

Staffing shortages and security concerns are an issue.  Pappy Dec., ¶ 5. As part of the inspection, Plaintiffs intend to bring 13 individuals. *Ibid*.  Defendants asked to have 6 people maximum for the inspection. *Ibid*.  With the headcount limitation, Defendants offered to have multiple days of inspection.  One day for the ADA inspection and a second day for the medical, mental, and dental experts to perform their inspection. Pappy Dec., ¶ 6.  This was not accepted. *Ibid*.  Plaintiffs have instead offered to have two full days of inspections. *Ibid*.  Defendants requested a brief description of what each expert will be doing in order to accommodate appropriately. Pappy Dec., ¶ 7.  No description has been provided. *Ibid*.

To date, Plaintiffs have not arranged interviews of particular individuals or asked for the facilitation of group meetings to avoid the proposed ad hoc interviews by Plaintiffs' experts "in private". Pappy Dec., ¶ 10.

### III. PLAINTIFFS REQUEST TO SPEAK WITH STAFF IS FRAUGHT WITH ISSUES OF OVERBREADTH AND UNRELIABILITY.

This Court previously ruled on the scope of inspection.  Dkt. 258. This prior order should continue to hold true for these inspections.  Plaintiffs' contention that they were prevented from previously being able to complete a full inspection is self-serving.

4877-7680-3222 v1 — 3 — Case No. 3:20-cv-00406-AJB-DDL  
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INSPECTIONS

Burke, Williams & Sorensen, LLP  
Attorneys at Law  
San Jose

Plaintiffs informal interviewing of Defendants' employees, even with counsel present violates the federal rules because Defendants' employees are represented parties in this matter. Statements elicited by Plaintiffs from Defendants' employees may be taken only by noticed deposition, in compliance with Rule 30. Fed. R. Civ. P. 30(b)(1), (b)(5)(A), (b)(3). The Rule 30 deposition procedure permits counsel to make objections on the record and to appropriately assert privileges, and allow a deponent to review the testimony to ensure accuracy. Fed. R. Civ. P. 30(c)(1), (c)(2), (c)(3), (e). Any comments or information gleaned outside the Rule 30 process would constitute an unreliable basis for expert testimony and a means for Plaintiffs' expert to claim certain statements were made that were not or that Plaintiffs' expert misinterpreted or misunderstood.

Plaintiffs attempt to informally question staff members about an impermissibly broad scope of information. The issue of a Rule 30 deposition of staff members versus Rule 34 informal interview was addressed in *Belcher v. Bassett Furniture Industries, Inc*. 588 F.2d 904. In *Belcher*, the Fourth Circuit found that a district court abused its discretion in granting an order that permitted plaintiffs to interview anyone at defendants' facility, without providing any limitation of the subject-matter or containing a reason for the inspection of the premises. 588 F.2d 904 (4th Cir. 1978). Interviews pursuant to Rule 34 are permissible *only* when the discovering party is seeking essential and limited information. The cases offered by Plaintiffs — *Alvarez*, *Coleman*, and *Eerie* — all involved permissible Rule 34 interviews precisely because the scope of the information to be discovered in each case was narrow and essential to the plaintiff. Here, Plaintiffs have not identified any specific individuals or categories of individuals that it would like to question, beyond the overly broad request for staff to ask "routine questions concerning the operations of the facility and the practical orientation issues regarding the inspection." Pl.s' Mtn. p. 2:12-14. Plaintiffs also fail to address the Court's requirement in *Alvarez* that Plaintiffs counsel seek the permission of every criminal attorney for an incarcerated person. Plaintiffs'

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4877-7680-3222 v1

4

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INSPECTIONS

counsel mantra that "they are our clients" is meritless. Anything said to experts (who are doing these alleged interviews) is absolutely not privileged and each such incarcerated person is putting their criminal defense in peril by talking about issues such as mental health that may put any defenses they intend to present in Court, in jeopardy. All of the discussions must be disclosed by Plaintiffs' experts in discovery. Defendants request that specific issues be identified and an explanation of how the Plaintiffs intend to obtain consent from criminal defense attorneys. There has likewise been no explanation as to why questions cannot go through Defense counsel as to staff, who will be standing at the inspections with the Plaintiffs' experts, as was done with the first round of inspections.

The *Belcher* Court found no reason why the plaintiffs should not engage in normal methods deposing witnesses prior to requesting sweeping relief. The Court stated that although the "Federal Rules do not prescribe an order of preference for discovery techniques, one method cannot arbitrarily be demanded over another simply because it is less burdensome to the moving party. Depositions do much to identify the items of discovery and to establish the rights of the parties under rule 34." *Belcher v. Bassett Furniture Industries, Inc*. 588 F.2d 904, 910.

The Belcher Court also analyzed cases where broad inspections were sought. The only case it found involving broad inspection powers coupled with interrogations is the recent case of *Morales v. Turman* (E.D.Tex.1972) 59 F.R.D. 157. "*Morales* involved serious constitutional questions concerning the operations of various juvenile institutions operated by the Texas Youth Council. The inspection order allowed two experts to be placed in each of two institutions for a period of up to thirty days. They were to engage in all the activities of the juveniles, and could converse with the inmates and staff as they deemed necessary. While the order seemingly was quite broad, it was qualified by a substantial predicate, both by testimony and exhibits, of the activities to be inspected, along with identification of the experts and opportunity for the defendant to controvert them. The court considered the issue of

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4877-7680-3222 v1

5

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INSPECTIONS

1 inconvenience and found and this is the distinguishing feature of the case that since
2 sizable groups of graduate students had been permitted to conduct studies of the same
3 general character as that sought by the plaintiffs on the premises in the past, the
4 defendant was in no position to make the claim authorized in Rule 26(c). The unique
5 order of Morales provides no basis for a similar order here." *Belcher v. Bassett*
6 *Furniture Industries, Inc*. 588 F.2d 904, 911.

The *Morales* case is important because it demonstrates the necessity of exercising precision and care in the formulation of inspection orders. Like in Morales, Plaintiffs proposal here fails to identify the items to be inspected with any degree of particularity, fails to insure the reliability of the information to be gained, and provides inadequate protection for Defendants. This proposed interrogation poses a risk of creating highly unreliable evidence. Presumably, Plaintiffs intend to exclude Defense counsel from participating in these interviews which is likewise inappropriate. The conversations with the experts are in no way privileged and Defense counsel must be permitted to participate and ask their own questions in addition to recording any such conversations to ensure reliable retelling of what was said.

If the Court is not persuaded by the *Belcher* Court's decision and allows Plaintiffs' experts to speak to staff, Defendants ask that Plaintiffs' experts rely only upon statements of the declarants made during a deposition.

## IV.  PLAINTIFFS DO NOT EXPLAIN WHY THEY MUST OBSERVE JAIL PROCESSES WHEN A 30(b)(6) DEPOSITION IS SCHEDULED.

In "observing" jail processes, Plaintiffs conveniently overlook privacy issues and fail to provide any explanation as to why the information cannot be gleaned from the depositions already taken on intake process, the upcoming depositions on a variety of processes at the jails or why the inspections where they previously led through intake processes and shown medical, dental and mental care locations were insufficient to get an idea of layout which could be easily coupled with deposition testimony. They have offered to this Court that they will take substantial care to

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4877-7680-3222 v1

6

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL INSPECTIONS

protect patient privacy but do not provide an iota of information about what that substantial care entails and what efforts they will take to protect patient privacy. Alternatively, Defendants have offered to present a Person Most Knowledgeable on the "processes" Plaintiffs seek to observe. This method would be less intrusive on the individual privacy rights of the incarcerated person.

## V. PLAINTIFFS HAVE MADE NO EFFORT TO ARRANGE INTERVIEWS OF PARTICULAR INDIVIDUALS.

Plaintiffs have not requested to be allowed to arrange interviews of particular individuals once all names of class members and specifically disabled individuals are disclosed. The lack of any such request speaks to the fact that the exercise in interviewing the incarcerated persons during an inspection is intended solely to prejudice Defendants by excluding them from any such conversations and requiring them to stand by and allow leading, suggestive, and unfair questions to be asked of incarcerated persons without any effort to preserve Defendants' rights to cross-examine them (if they even heard such conversations occur, given the large group involved).

## VI. PLAINTIFFS DOCUMENTS REQUESTS ARE DUPLICATIVE OF PREVIOUSLY EXCHANGED WRITTEN DISCOVERY.

This Court previously denied Plaintiffs request for an organization chart. Plaintiffs have not articulated any legitimate reason for any such chart. Additionally, a Rule 30(b)(6) deposition is on calendar and such information will be presumably be obtained at that deposition.

Defendants will provide floors plans previously provided. There is no explanation by Plaintiffs in the moving papers as to why the remaining document requests are appropriate and they should thus be denied.

## VII. JIMS AND ELECTRONIC TABLETS

Plaintiffs have failed to articulate the probative value of inspecting and observing use of JIMS when Defendants have offered to allow screenshots of

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4877-7680-3222 v1

7

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INSPECTIONS

functionality of the tablets.  As discussed in the introduction, in response to Request for Production, Set Three, No. 46, Defendants produced screen shots of the JIMS program used in two separate Power Point presentations on the functionality and use of the JIMS system.  Plaintiffs have never bothered to mention the possession of these documents to the Court and have never tried to meet and confer with Defendants based upon the documents and what they show as to additional screen shots that would satisfy the inspection request.  Per usual, Plaintiffs made the request for inspection and refuse to compromise or consider alternatives.

## VIII.  DEFENDANTS ARE AMENABLE TO THE TIMING OF INSPECTION.

Defendants are amenable to the date of the inspection.  Defendants understand that Plaintiffs are agreeable to a maximum of 6 individuals from Plaintiffs' side at the inspection.  There is a dispute about whether Plaintiffs are entitled to two 8 hour days of inspection or not.  As outlined above, Plaintiffs are attempting to use the 6 person limit to obtain 16 hours of inspection of all 7 facilities, including the two already inspected for ADA issues, which is far and away the longest time necessary for inspection.  Plaintiffs have repeatedly refused to provide any particularity or description about what each experts specifically needs to see to assist with scheduling. It is clear Plaintiffs do not want to provide the information in an effort to game the process and get more than necessary time to wander freely about the facilities, disrupting operations, and interviewing incarcerated people unsupervised and at will. Plaintiffs should be required to be precise in descriptions of what needs to be inspected or, because Plaintiffs have refused to do so for weeks, the Court should simply order that the ADA, environmental, and safety inspections be conducted in one day, and the remaining experts have a half day for medical, mental and dental. For Rock Mountain and San Diego Central Jail, Plaintiffs should only be afforded one day or two half days for the non-ADA experts.

## IX.  CONCLUSION

Defendants request that the inspections take place on the schedule set forth

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4877-7680-3222 v1

8

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INSPECTIONS

above, Plaintiffs should not be allowed to speak with staff or incarcerated person, and should not be allowed to observe incarcerated persons during intake or medical/mental health visits.

Dated:  December 11, 2023

BURKE, WILLIAMS & SORENSEN, LLP

By:    */s/ Elizabeth M. Pappy*
     Susan E. Coleman
     Elizabeth M. Pappy
     Attorneys for Defendants
     COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4877-7680-3222 v1

9

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INSPECTIONS