Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800  Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300  Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DECLARATION OF ELIZABETH PAPPY IN SUPPORT OF COUNTY OF SAN DIEGO'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INSPECTIONS**<br><br>Judge: Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner<br><br>**Date:  December 20, 2023**<br>**Time:  9:00 a.m.**<br>**Judge:  Magistrate David Leshner** |

I, Elizabeth Pappy, declare:

4876-5805-1990 v1

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

1

Case No. 3:20-cv-00406-AJB-DDL
DEC. OF ELIZABETH PAPPY ISO COUNTY OF SAN DIEGO'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL INSPECTIONS

1. I am an attorney licensed to practice in all Courts in the State of California and in the Southern District of California. I am a partner at Burke, Williams and Sorensen, LP, attorneys of record for Defendants in this matter. I make this declaration of my own personal knowledge and if called upon to testify to the contents hereof, I could do so competently.

2. Plaintiffs initially noticed inspections for a mental health expert and their ADA expert in July of 2023. Defendants notified Plaintiffs' counsel in writing of objections one day later and requested to meet and confer rather than serving formal objections. After extensive meet and confer discussions, Plaintiffs unilaterally took the inspections off calendar while the parties worked on class certification.

3. Plaintiffs served new inspection notices on September 1st , as if no prior meet and confer discussions had taken place. The same objectionable demands for free-range informal depositions of Defendants' employees, interviews of incarcerated persons, and demand for documents (which were irrelevant to the inspections) were included as if no meet and confer had ever taken place in July.

4. The service deadline for objections fell while I was in trial in San Bernardino County. I served objections a week late, and sent an email asking Plaintiffs if they would like me to move to request leave to serve the late objections. I asked in the same email if they could please articulate any prejudice to the late objections. Plaintiffs' counsel never provided the courtesy of a response and have yet to explain the prejudice. The written objections were identical to those I raised in our extensive meet and confer efforts in July.

5. Plaintiffs intend to bring three attorneys to every inspection. With three attorneys plus their experts would mean that 10 people would attend. At one point, Plaintiffs indicated that they would like to have one attorney attend for every expert. There are 6 experts (plus one assistant with Ms. Sanossian), so that would mean 13 people on every tour (not including defense counsel nor Sheriff's Dept. staff). It is entirely unclear what six lawyers could possibly add to inspections that need to be

4876-5805-1990 v1
2
Case No. 3:20-cv-00406-AJB-DDL
DEC. OF ELIZABETH M. PAPPY ISO COUNTY
OF SAN DIEGO'S OPPO. TO PLAINTIFFS'
MOTION TO COMPEL INSPECTIONS
BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

1  conducted by their experts . Because of staffing shortages and security concerns given
2  the nature of the inspections (walking through and into areas with incarcerated
3  persons), Defendants limited the number of participants by Plaintiffs to six at a time.
4  This should not present a problem but for the demand that Plaintiffs bring 3-6
5  attorneys to each inspection

6.   Because of the limit on 6 individuals for Plaintiffs, I offered to have ADA inspections take place on one day with other experts who may need to see the entire facility (environmental and safety/security) to be there the full day, with a much shorter inspection on a second day for those individuals such as medical, mental, and dental experts, who only need to see limited areas. Plaintiffs have now taken this suggestion and scheduled two full days at each facility, including one week that starts on a holiday with inspections going 6 days in a row (ending on Saturday).

7.   I have repeatedly requested a brief description of what each expert wants to see to try to work with plaintiffs on scheduling, to allow more time for those who actually need it and less time for those who do not. Defendants are trying to accommodate the 6-person rule and not have 3 counsel for plaintiffs travelling to and staying in San Diego for a week and half to keep costs down and limit the disruptions for what is now 9 days (according to plaintiffs schedule) of inspections at the county jail facilities. Plaintiffs are also demanding that inspections take place on a Saturday (February 20) and a holiday (February 15), which is unlikely to work for jail staff.

8.   Plaintiffs have steadfastly refused to provide any descriptions of what needs to be inspected and are now demanding that they get two full days of inspections (16 hours) for every facility including San Diego Central Jail and Rock Mountain, where full-day ADA inspections have already been completed. It has been impossible to find a solution because of the tactics by Plaintiffs in refusing to provide any information in meeting and conferring. Plaintiffs' counsel currently have requested maps of the facilities in order to respond to requests about what their experts want to see. However, it is not necessary to identify specific units, but rather descriptions

4876-5805-1990 v1

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

3

Case No. 3:20-cv-00406-AJB-DDL
DEC. OF ELIZABETH M. PAPPY ISO COUNTY
OF SAN DIEGO'S OPPO. TO PLAINTIFFS'
MOTION TO COMPEL INSPECTIONS

would be helpful – such as the medical expert seeing the MOB units and the medical treatment areas, for example.

9. If the Court is inclined to allow any interviews of Incarcerated persons during the roving inspections, Defendants request fairness and due process be afforded to Defendants by allowing all such conversations to be tape recorded by Defendants and to have Defendants' counsel be a part of any such conversations to able to ask questions of the incarcerated persons as well. This is the only way to ensure fairness, given that some portions of this matter will in all likelihood be tried. Otherwise, conversations could occur informally at cell fronts, with defense counsel not hearing what was said, and having to rely on a one-sided recollection of what was conveyed.

10. Plaintiffs have not requested to be allowed to arrange interviews of particular individuals once all names of class members and specifically disabled individuals are disclosed. The lack of any such request speaks to the fact that the exercise in interviewing the incarcerated persons during an inspection is intended solely to prejudice Defendants by excluding Defendants from any such conversations while the defense is required to stand by and allow leading, suggestive, and unfair questions to be asked of incarcerated persons without any effort to preserve Defendants' rights to cross-examine them (if they even heard such conversations occur, given the large group involved).

11. There is no dispute that floor plans will be provided as they were prior to the first two inspections. The Court specifically rejected the request for organizational charts and plaintiffs have not articulated any legitimate reason for any such chart. There is no legal basis for direct questioning of Defendants' employees, given that extensive 30(b)(6) depositions have already been noticed and scheduled. The document requests with the inspections are duplicative of numerous document production requests, and discovery in this case has been quite extensive already

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4876-5805-1990 v1

4

Case No. 3:20-cv-00406-AJB-DDL
DEC. OF ELIZABETH M. PAPPY ISO COUNTY OF SAN DIEGO'S OPPO. TO PLAINTIFFS' MOTION TO COMPEL INSPECTIONS

1  I declare under penalty of perjury that the foregoing is true and correct of my own
2  person knowledge.
3      Executed this 11th day of December, 2023.

                  /s/ *Elizabeth M. Pappy*
                  Attorney for Defendants
                  E-mail: epappy@bwslaw.com

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4876-5805-1990 v1

5

Case No. 3:20-cv-00406-AJB-DDL
DEC. OF ELIZABETH M. PAPPY ISO COUNTY
OF SAN DIEGO'S OPPO. TO PLAINTIFFS'
MOTION TO COMPEL INSPECTIONS