Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG**<br><br>Judge: Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner<br><br>**Date: December 20, 2023**<br>**Time: 9:00 a.m.**<br>**Judge: Magistrate David Leshner** |

## I. INTRODUCTION

This issue before the Court is simple: Are Plaintiffs entitled to attorney-client

communications? Not surprisingly, the answer is no.

Plaintiffs' effort to obtain these communications is an assault on the attorney-client communication privilege. Defendants request that the Court deny Plaintiffs' motion in its entirety.

## II. RELEVANT FACTS

The only document requests counsel for Plaintiffs and Defendants have met and conferred on are Requests for Production Numbers 59, 60, 61, 63, and 65. Prior to receiving Plaintiffs' Motion, Defendants were not aware of privilege log issues Plaintiffs had with respect to any responses from Request for Production of Documents, Sets Four and Five. Declaration of Elizabeth Pappy ("Pappy Dec."), ¶ 6.

In November 2022, Ms. Pappy began working with the Sheriff's Department regarding ADA issues. Pappy Dec. ¶ 8. Ms. Pappy worked closely with Commander Ralph addressing issues and making recommendation to settle certain ADA issues at San Diego Central Jail. *Ibid*. These recommendations culminated in the formation on June 1, 2023 of an ADA Unit by the Sheriff's Department. *Ibid*. All documents following the June 1, 2023 formation of ADA Unit have been produced and no privilege is asserted.

Plaintiffs have been provided the policy prior to the formation of the ADA Unit and after the formation of the ADA unite.

## III. DEFENDANTS HAVE ESTABLISHED THE COMMUNICATIONS REQUESTED ARE ATTORNEY-CLIENT CORRESPONDENCE

Plaintiffs argue that *Kumar v. Nationwide Mut. Ins. Co.*, No. 22-cv-03852-TKT-LJC, 2023 WL 3598478 (N.D. Cal. May 23, 2023) allows for a privilege log of all responsive communications that Defendants are "withholding."

Plaintiffs overlook a critical step in the analysis by the *Kumar* Court. In this case, under California law, the attorney client privilege is governed by statutes and applies to confidential communications between a client and their lawyer during the court of the attorney-client relationship. Cal Evid. Code, §§ 911, 954, 952. The

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4886-5754-2550 v1

2

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRIVILEGE LOG

attorney-client privilege "does not apply to every single communication transmitted confidentially between lawyer and client. Rather the heartland of the privilege protects those communications that bear some relationship to the attorney's provision of legal consultation." *Kumar*, at *2, citing *Los Angeles Cnty Bd. Of Supervisors v. Super. Ct.*, 2 Cal. 5th 282, 294 (2016).

"The party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise." *Kumar*, at *3 citing *Costco Wholesale Corp. v. Super. Ct.*, 47 Cal. 4th 725, 733 (2009). "Once that party establishes facts necessary to support a prima facie claim of privilege," then the privilege is presumed to apply, and "the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply." *Ibid*.

Here, Ms. Pappy's declaration confirms the communications are attorney client communications. Pappy Dec., ¶ 8-10. Starting in November 2022, Ms. Pappy advised the Sheriff's Department on various issues to help formulate the ADA unit. From November 2022 through May 31, 2022, Ms. Pappy communicated with Commander Ralph to address issues raised in the complaint and work with the Department regarding an ADA Unit. The dominant purpose of these conversations was for advice and contain the advice of counsel. Further, "[i]t is not necessary for the Court to review each communication to determine its dominant purpose. If the communications were made during the course of an attorney client relationship, the communications, including any reports of factual material, would be privileged, even though the factual material might be discoverable by some other means. If the [Court] instead conclude[s] that the dominant purpose of the relationship was not that of attorney and client, the communications would not be subject to the attorney-client privilege and therefore would be generally discoverable." *Kumar*, at *4 (internal citations omitted). Here, there can be no doubt that these communications are of the attorney-client nature. They are therefore, not discoverable. Plaintiffs own brief

4886-5754-2550 v1 — 3 — Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRIVILEGE LOG

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

makes this point. Pl.s' Mtn. p. 4:12-20; (Other courts similarly require parties to identify responsive but withheld post-complaint documents on a privilege log, *excepting only communications with counsel*. See, e.g., *United States v. Gorski*, No. cv-11-4252-AG-JPRx, 2012 WL 12888539, at *2 (C.D. Cal. June 12, 2012) *Hernandez v. Best Buy Co., Inc.*, No. 13-cv-2587-JM-KSC, 2014 WL 5454505, at *10 (S.D. Cal. Oct. 27, 2014) (requiring party to produce documents, including post-complaint, and to log documents **with the exception of communications between counsel and client after litigation**).)

There is no cognizable reason for Plaintiffs efforts to obtain these privileged documents. Plaintiffs are in possession of the policies and procedures before and after the creation of the ADA Unit. Therefore, if Plaintiffs' "case concerns whether a public agency's policies, procedures, and practices are constitutionally and/or statutorily adequate or whether they must be changed," as they claim, they have the information needed to be able to make such a determination and challenge as appropriate. Attorney advice to a client has no bearing on whether the policies and procedures are constitutional.

Once the party asserting the claim of privilege has established it is applicable, then the privilege is presumed to apply and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply. *Kumar*, at *3. Here, Plaintiffs have not shown that the privilege does not apply and skip over this crucial shifting of the burden of proof.

## IV. PLAINTIFFS HAVE FAILED TO MEET AND CONFER IN GOOD FAITH PRIOR TO THE FILING OF THIS MOTION.

Plaintiffs never discussed the issue of a privilege log for responses made to Requests for Production, Sets Four and Five. Plaintiffs inappropriately ask this Court to make a prospective, advisory ruling as to "all" outstanding Requests for Production where the response contains the privilege objection without identifying any specific

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4886-5754-2550 v1

4

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRIVILEGE LOG

document request in essence trying to create a chilling effect to prevent Defendants from rightfully asserting appropriate objections. The Court ordered all discovery disputes to be brought before the Court pursuant to Docket 454. Plaintiffs have failed to do so, to the extent any privilege issues exist, and Plaintiffs waived any such right.

## V. CONCLUSION

For these reasons, Defendants request that Plaintiffs' motion be denied in its entirety.

Dated: December 11, 2023       BURKE, WILLIAMS & SORENSEN, LLP

By:    */s/ Elizabeth M. Pappy*
Susan E. Coleman
Elizabeth M. Pappy
Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4886-5754-2550 v1

5

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRIVILEGE LOG