Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA  92101-8474
Tel:  619.814.5800  Fax:  619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail:  epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA  95113-2336
Tel:  408.606.6300  Fax:  408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DECLARATION OF ELIZABETH M. PAPPY IN SUPPORT OF COUNTY OF SAN DIEGO'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF PRIVILEGE LOG**<br><br>Judge:  Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner<br><br>**Date:      December 20, 2023**<br>**Time:     9:00 a.m.**<br>**Judge:    Magistrate David Leshner** |

I, Elizabeth Pappy, declare:

4866-4499-7526 v1

1

Case No. 3:20-cv-00406-AJB-DDL
DEC. OF ELIZABETH M. PAPPY ISO
COUNTY'S OPPO. TO PLAINTIFFS' MOTION
TO COMPEL PRIVILEGE LOG

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

1. I am an attorney licensed to practice in all Courts in the State of California and in the Southern District of California. I am a partner at Burke, Williams and Sorensen, LP, attorneys of record for Defendants in this matter. I make this declaration of my own personal knowledge and if called upon to testify to the contents hereof, I could do so competently.

2. Plaintiffs' Motion to Compel Production of a Privilege Log references Request for Production of Documents, Set Five, No. 123 (Dkt.456-1, p.3:9-11), No. 186 (Id, p.3:12), and Request for Production of Documents, Set Three, No. 81 (Id, p.3:18-19), No. 65 (Id, p.6:8-10).

3. There is no identification in the motion of which particular requests Plaintiffs are addressing with regard to privilege making it difficult to respond. For example, the reference to and complaint about Nos. 123 and 186 appears to be that the objection that the request is overbroad as to time (from the opening of the jail facilities of San Diego to the present as it relates to No. 123, and from 2013 to the present as to No. 186). Overbreadth is not a subject of this motion.

4. Request for Production of Documents, Set Three, No. 81 is referenced but Plaintiffs admit that a privilege log was provided. No. 81 requested CIRB records and is the subject of a motion pending before the Court so clearly No. 81 cannot be the subject of this motion.

5. During extensive meet and confer with regard to Request for Production of Documents, Set Three, I repeatedly advised Plaintiffs that the privilege was only asserted as to communications between my direct contacts with my clients and my office and any communication of my advice, requests for documents, recommendations and/or questions from my direct contacts to others in the department communicating my privileged information.

6. We have never met and conferred and Plaintiffs have never raised any issue or demanded a privilege log as to any category in Request for Production of Documents, Sets Four and Five. The motion is the first awareness I have that

4866-4499-7526 v1

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

2

Case No. 3:20-cv-00406-AJB-DDL
DEC. OF ELIZABETH M. PAPPY ISO
COUNTY'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRIVILEGE LOG

Plaintiffs think they are entitled to a privilege log for any item in either request, and again, the only two mentioned in the moving papers are nos. 123 and 186 above, which have nothing to do with privilege but rather overbreadth.

7. The focus of my meet and confer efforts as to privilege focused on No. 65 as referenced in the moving papers. For ease of reference by the Court, the question and response are as follows:

> **REQUEST FOR PRODUCTION NO. 65:**
> The "notes" kept by Commander Christina Bavencoff regarding services provided to INCARCERATED PEOPLE at the JAIL and ANY changes to those services that she has requested. *See* Bavencoff Decl., ¶ 7.
>
> **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**
> Objection. The request seeks documents which are subject to the attorney client and work product privileges. The request also seeks documents subject to the parties' settlement. Accordingly, no such documents will be produced.

8. I first became involved in this case in approximately November of 2022. Since that time I have worked closely with the Sheriff's Department regarding ADA issues as the Court is aware from my involvement in settlement discussions on these topics. I worked closely specifically with Commander Ralph (fka Bavencoff) addressing issues and making recommendations to settle certain ADA issues at San Diego Central Jail which ultimately culminated in the formation of an ADA Unit by the Department which officially came into existence on June 1, 2023, and in a settlement of ADA issues at San Diego Central Jail and as to hearing impaired individuals at all facilities. My communications with Commander Ralph, her communications and notes as a result of my consultation are privileged and not subject to a privilege log as part of ongoing litigation.

9. I repeatedly informed Plaintiffs' counsel during meet and confer that no privilege was being asserted for any communications and documents created by the client internally through the new ADA Unit effective June 1, 2023 going forward. I determined that given the official formation and the Unit essentially moving forward with changes, addressing additional changes and working toward full ADA compliance was no longer part of settlement attempts. Of course this does not apply

4866-4499-7526 v1

3

Case No. 3:20-cv-00406-AJB-DDL
DEC. OF ELIZABETH M. PAPPY ISO
COUNTY'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRIVILEGE LOG

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

1  to ongoing litigation matters where they are conveying my instructions about
2  discovery matters and obtaining information for purposes of future settlement
3  discussions.

4  10. The persistent demand for a log of such communications is simply evidence of Plaintiffs lack of understanding of what is at issue in the case. The question is whether the facilities complied with the ADA on the day the complaint was filed, what has in fact been done to rectify any alleged problems, and presumably whether it was done "fast enough" (which may dictate the terms of a permanent injunction, the only remedy being sought other than attorney fees). If a party is subject to disclosure requirements of all attorney driven communications and actions to mitigate damage or achieve the best outcome at trial, no party would ever try to mitigate knowing that it would be used against them at trial. This notion is simply not supported by the law.

I declare under penalty of perjury that the foregoing is true and correct of my own person knowledge.

Executed this 11th day of December, 2023.

/s/ *Elizabeth M. Pappy*
Attorney for Defendants
E-mail: epappy@bwslaw.com

4866-4499-7526 v1

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4

Case No. 3:20-cv-00406-AJB-DDL
DEC. OF ELIZABETH M. PAPPY ISO
COUNTY'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL PRIVILEGE LOG