GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

(*counsel continued on following page*)

Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, California 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, California 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO (erroneously
sued herein as SAN DIEGO COUNTY
SHERIFF'S DEPARTMENT, and SAN
DIEGO COUNTY PROBATION
DEPARTMENT)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>　　　　　Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PARTIES' JOINT LIST OF DISPUTES RE WRITTEN DISCOVERY**<br><br>Judge:　　Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

1 | (*counsel continued from preceding page*)

2 | CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
3 | OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4 | 4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
5 | Telephone: (858) 677-1400
Facsimile: (858) 677-1401
6 | christopher.young@dlapiper.com
isabella.neal@dlapiper.com
7 | oliver.kiefer@dlapiper.com

8 | Attorneys for Plaintiffs and the
Certified Class and Subclasses

Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner (collectively "Plaintiffs") and Defendants San Diego County Sheriff's Department, County of San Diego, and San Diego County Probation Department (collectively "Defendants") submit this joint list of the parties' disputes with respect to unresolved discovery issues in the above-referenced case.

# I.    PLAINTIFFS' REQUESTS FOR PRODUCTION[1]

Defendants' responses to Plaintiffs' Third, Fourth, and Fifth Set of Requests for Production are attached as **Exhibit A, Exhibit B, and Exhibit C**, respectively.

Unless otherwise stated, Plaintiffs have agreed to limit the time frame for all document requests to January 1, 2021.

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| **RFP 28:** ALL memoranda issued by YOU RELATING TO the JAIL from January 1, 2021 to the present. | Defendants still have not agreed to produce documents responsive to this request or explained how such documents will be searched for. Defendants should be required to produce all responsive documents | Defendants ran a search using a revised search term from Plaintiffs which drastically narrowed the number of hits from the original 349,000 hits and the results are being produced. |

---

[1]    Plaintiffs' note: Defendants provided these responses after 7:00 p.m. on Friday night (Dec. 8. 2023), and there is insufficient time before filing today for Plaintiffs to address each of Defendants' lengthy arguments. Plaintiffs anticipate addressing them at the December 20, 2023 hearing. Plaintiffs note that many of Defendants' responses are longer than two sentences, in violation of this Court's November 22 Order (Dkt. 454). Defendants refused to shorten those responses, despite Plaintiffs' request that they do so. Plaintiffs request that the Court strike the third and subsequent sentences in each of Defendants' responses.

Defendants' note: Defendants timely provided responses and there is no evidence that an apparent 2-hour delay past normal business hours prejudiced Plaintiffs in any way. Defendants were forced to provide slightly longer than 1-2 sentence responses because Plaintiffs failed to provide their position on the "issue" or in any way explain to the Court what the "issue" was. It was thus impossible for Defendants to respond in 1 or 2 sentences and have the Court know what the issue is. Defendants objected to inclusion of this back and forth arguing by Plaintiffs but Plaintiffs insisted on inclusion. Defense counsel did not "refuse" to do anything, and this is simply more of the uncooperativeness demonstrated by Plaintiffs throughout discovery.

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | related to issues in the Third Amended Complaint. | |
| **RFP 32:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying, responding to, housing, treating, monitoring, and/or tracking INCARCERATED PERSONS covered by the SHERIFF'S DEPARTMENT's alcohol and opiate withdrawal protocols from January 1, 2021 to the present. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | Responsive policies and procedures, and green sheetss have already been produced. Given the overbroad nature of many requests, Defendants made a decision to reproduce an entire set of current Detention Services Bureau policies, Medical policies (Operations manual), procedures and green sheetss to ensure capturing any amendments from prior productions and avoid any claim by Plaintiffs that a tangential policy was not produced. The inclusion of "DOCUMENTS" and "COMMUNICATIONS" encompasses hundreds of thousands of non-email documents, every incarcerated person medical record over a 3 year time period (because they cannot be searched electronically), and hundreds of thousands of emails. Any document with the word "alcohol" or "opiate" would need to be reviewed given the phrasing. There has never been explanation of what issue Plaintiffs intend to use the information to prove/disprove to allow any narrowing. Plaintiffs have taken the position throughout discovery and meet and confer that because they have asked the question, Defendants are legally required to respond no matter the |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | | cost, burden, proportionality or whether there is a less burdensome form of information that can be provided. Subsequent document requests duplicate the information requested, Defendants have produced or have agreed to produce lists or logs containing information about withdrawal. This information can also more efficiently be obtained from the PMK depositions scheduled by Plaintiffs which include topics about withdrawal. For e.g., an ESI search by Sheriffs of Search Term #34 (Exhibit A hereto) generated 2,450,824 non-email hits and 78,349 hits *after* reducing the custodian list to supervisors only. |
| **RFP 33:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying, responding to, housing, treating, monitoring, and/or tracking INCARCERATED PERSONS in the SHERIFF'S DEPARTMENT's medication-assisted treatment ("MAT") program from January 1, 2021 to the present. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be | See above re: production of policies, procedures and green sheetss. Any document with the word "MAT" would need to be reviewed given the phrasing. The word will pull up the name "Matt" and Matthew and ESI email searches using Plaintiffs' term generated 1,957,660 results. There is no explanation of what issue Plaintiffs intend to use the information to prove/disprove to allow narrowing. Plaintiffs take the position that because they have asked the question, Defendants are legally required to respond no matter the cost, burden, proportionality or whether there is a less burdensome form of |

| Request | Plaintiffs' Position | Defendants' Position |
|---------|---------------------|---------------------|
|  | required to confirm no such documents exist in an amended response. | information that can be provided. Later document requests duplicate the information requested in more narrow ways and where possible, Defendants have produced or have agreed to produce lists or logs containing information about withdrawal. This information will be obtained from the PMK depositions which include topics about withdrawal. |
| **RFP 49:** ALL logs RELATING TO INCARCERATED PERSONS placed in EOH, PSU, and SAFETY CELLS from January 1, 2021 to the present. | Given the Court's November 9, 2023 Order (Dkt. 443) regarding production pursuant to the protective order, Defendants should be required to produce these documents without redacting incarcerated person names. | Documents were produced and are in process of being re-produced without redactions. |
| **RFP 53:** ALL COMMUNICATIONS, including but not limited to all emails from EISDECSSupport@cdcr.ca.gov from January 1, 2021 to the present that contain the following terms: "EOP," "CCCMS," "DPW," "DPV," "DPO," "DLT," "DPS," or "DPH," REGARDING INCARCERATED PEOPLE with DISABILITIES. | Given the Court's November 9, 2023 Order (Dkt. 443) regarding production pursuant to the protective order, Defendants should be required to produce these documents without redacting incarcerated person names. Defendants have refused to do so. | Defendants have never refused to reproduce already produced documents post-November 9th order without redactions. They are in process of being unredacted and reproduced. |
| **RFPs 86 & 87 (and numerous other RFPs that call for documents that include information found in custody and medical records):** Class member custody and medical records. | Plaintiffs are in communication with Plaintiffs' experts to draft a narrowed proposal that will be shared with Defendants during the week of December 4, 2023. | Plaintiffs sent the narrowed information request on 12/7 and it is still not specific to the narrow class members records who are subject to Nos. 86 and 87, and still requires a manual search of thousands of medical records to find the specific medical conditions the experts want to see. Because no |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | | timely information was received, Defendants are producing the class list and logs of individuals who made sick call requests (responsive to a different request) and other medical logs, dental health logs and lists requested in other discovery requests that Plaintiffs can use to narrow their requests for medical records for the few people in the settlement subclass and the larger class. |
| **RFP 92:** ALL DOCUMENTS, including but not limited to minutes, RELATING TO meetings attended by HEALTH CARE STAFF or custody staff at which the HEALTH CARE POLICIES AND PROCEDURES, HEALTH CARE staffing, or ANY issue RELATING TO JAIL HEALTH CARE was discussed. | Contrary to Defendants' response, this request is not duplicative of RFP No. 41, which seeks documents related to health care quality improvement. Defendants should be required to produce documents related to any meeting in which health care at the Jail was discussed. | Request No. 41 sought documents relating to Quality Control and Quality improvement. All responsive documents were produced which included minutes and reports. To the extent "issue" was not intended to mean QC/QI, it is overbroad and impossible to answer. Is the need for a new box of Band-Aids an "issue"? Is an IP in housing module 6a is refusing his meds an "issue"? |
| **RFP 93:** ALL DOCUMENTS and COMMUNICATIONS in which custody staff and HEALTH CARE staff disagree about the provision of HEALTH CARE for INCARCERATED PEOPLE. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document what happens when such disagreement occurs; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer | All policies, procedures and green sheets have been or will be produced. This request is a good example of the overbroad nature of requests—it does not specify trainings or QI/QC—but Plaintiffs contend that Defendants should know by the vague descriptive category. It is unknown what is meant by "disagree about health care" means. The request is identical to No. 132. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 96:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO understaffing (employing fewer positions than required, allocated, and/or scheduled) of HEALTH CARE EMPLOYEES at the JAIL from January 1, 2021 to the present. | This request is not duplicative of RFP No. 39, which seeks documents showing the number of positions and vacancies for various health care roles at the Jail. For example, Defendants should also be required to produce documents related to their awareness about the risks and effects that understaffing presents and any policy or protocol adjustments that are made when the Jail's health care team is short-staffed. | The request is duplicative (39 and 192) but nonetheless, given the overbreadth of the request, Defendants are producing information directly from the HR system to show overtime worked (as a result of understaffing) and all communications to/from the Asst. Sheriff through the email search about understaffing. The Asst. Sheriff is the person who would receive and send all emails at management level about staffing levels. |
| **RFP 97:** ALL DOCUMENTS showing the time between a person arrives at the JAIL and the time the person receives intake screening. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, | There are no such documents because there is no tracking of the moment an individual arrives at the jail in a patrol or other vehicle to the moment of assignment of a booking number. The generation of a booking number during intake is the first "record" of a time and medical intake is conducted after the number is generated to determine if the individual is medically fit for jail. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 98:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATED TO intake screening. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. Trainings were not requested and documents relating to "timeliness" are duplicate of the documents requests (and which do not exist) in Request No. 97. |
| **RFP 99:** ALL DOCUMENTS RELATING TO pending sick call requests where the INCARCERATED PERSON making the sick call request is transferred to another JAIL facility. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to | All policies, procedures and green sheets have been or will be produced. Defendants are producing a sick call log showing time of requests, appointment scheduling and cancellation or refusal by the incarcerated person. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 100:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATED TO continuing HEALTH CARE treatments, including but not limited to medications, for INCARCERATED PEOPLE upon arrival at the JAIL. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. Policies and procedures dictate process at intake. All other responsive documents would be in incarcerated person medical files. |
| **RFP 101:** ALL DOCUMENTS RELATING TO HEALTH CARE statistics of ANY kind at the JAIL. | Plaintiffs' First Claim alleges that the Jail suffers from a systemic failure in health care. What statistics Defendants monitor to track health care in the Jail is therefore directly relevant to Plaintiffs' claims. | The request is a fishing expedition and is not specific in nature to tie it to any specific issue in the complaint and is so vague as to make it impossible to know where to search or what to search for. |
| **RFP 102:** ALL GRIEVANCES, inmate requests, and sick call requests submitted by INCARCERATED PERSONS from January 1, | Defendants should be required to produce all such documents, as almost if not all grievances and requests are likely to be related to Plaintiffs' claims in the | The request is a fishing expedition. Grievances and sick calls are different forms and have different reasons. There is no link between the generic request for |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| 2023 to the present. | Third Amended Complaint. | grievances and the issues in the TAC. Sick call requests themselves are included in an individuals medical records file which must be hand search. Defendants are producing sick call logs. |
| **RFP 103:** ALL responses to GRIEVANCES, inmate requests, and sick call requests submitted by INCARCERATED PERSONS from January 1, 2023 to the present. | Defendants should be required to produce all such documents, as almost if not all grievances and requests are likely to be related to Plaintiffs' claims in the Third Amended Complaint. | The request is a fishing expedition. Grievances and sick calls are different forms and have different reasons. There is no link between the generic request for grievances and the issues in the TAC. Sick call requests themselves are included in an individual's medical records file which must be hand search. Defendants are producing sick call logs. |
| **RFP 104:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the time between when an INCARCERATED PERSON submitted a sick call request and the time when: HEALTH CARE STAFF triaged the sick call request; HEALTH CARE STAFF responded to the sick call request; and the INCARCERATED PERSON was seen by HEALTH CARE STAFF. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. Defendants are producing a sick call log showing time of requests, appointment scheduling and cancellation or refusal by the incarcerated person. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| **RFP 105:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the number or percent of INCARCERATED PERSONS at the JAIL who submitted a sick call request and were not seen by HEALTH CARE STAFF in connection with that sick call request. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. Defendants are producing a sick call log showing time of requests, appointment scheduling and cancellation or refusal by the incarcerated person. |
| **RFP 106:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATING TO tracking and/or scheduling HEALTH CARE appointments. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, | All policies, procedures and green sheets have been or will be produced. Defendants are producing a sick call log showing time of requests, appointment scheduling and cancellation or refusal by the incarcerated person. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
|  | Defendants should be required to confirm no such documents exist in an amended response. |  |
| **RFP 109:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATING TO outside (off-site from the JAIL) HEALTH CARE providers who provide HEALTH CARE to INCARCERATED PEOPLE. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. The only logs or lists that will be produced are relating to the referral of individuals to outside providers showing when the referral was made and when it occurred. Any records from the outside providers would be in individual medical records and the request has no time limit. |
| **RFP 110:** ALL DOCUMENTS RELATING TO the confidentiality of HEALTH CARE appointments and the provision of HEALTH CARE in confidential, semi-confidential, or non- | Defendants agreed to produce only policies, procedures, and trainings. Plaintiffs also request that Defendants produce documents reflecting the outcome of any quality assurance/improvement | It is unclear why this is included as Defendants agreed to produce All policies, procedures and green and search for training materials which will be produced if they exist. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| confidential settings. | or other audits or evaluations on this topic or, to the extent that there are no such responsive documents, confirm as much in an amended response. | |
| **RFP 111:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the provision of diagnostic testing for INCARCERATED PEOPLE. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. Defendants are searching for and producing logs or lists of individuals sent outside for health matters, including diagnostics for the last 6 months. |
| **RFP 113:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, showing the time between an INCARCERATED PERSON is evaluated for eyeglasses and the time the INCARCERATED PERSON receives eyeglasses. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of | All policies, procedures and green sheets have been or will be produced. Defendants are searching for a log or list of time between appointment for prescription and receipt of glasses. In addition, Defendants have searched and are producing the results of Plaintiffs search term request for emails relating to prescription glasses. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 114:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and training materials, and summaries, RELATING TO HEALTH CARE discharge planning. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. In addition, Defendants have searched and are producing the results of Plaintiffs search term request for emails relating to discharges. |
| **RFP 118:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO INCARCERATED PERSONS receiving an incorrect type or dosage of medication from HEALTH CARE STAFF or custody staff. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document | All policies, procedures and green sheets have been or will be produced. In addition, Defendants have searched and are producing the results of Plaintiffs search term request for emails relating to prescriptions. |

| Request | Plaintiffs' Position | Defendants' Position |
|---------|---------------------|---------------------|
| | the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 119:** DOCUMENTS sufficient to show the average waiting time between the time an INCARCERATED PERSON is prescribed medication and the time the person receives the prescribed medication. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. Defendants have agreed to search for and produce sick call logs for the past six months which will show reason for call, such as prescription refill, and response time. Defendants are searching for logs or lists for the last 6 months showing timing separate and apart from reviewing medical records of every person ever incarcerated at the jails. In addition, Defendants have searched and are producing the results of Plaintiffs search term request for emails relating to prescriptions. |
| **RFP 120:** ALL DOCUMENTS, including but not limited to logs, audits, lists and summaries, RELATING TO HEALTH CARE of INCARCERATED PERSONS referred, seen, or transferred to ANY hospital | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or | All policies, procedures and green sheets have been or will be produced. The phrasing "ALL DOCUMENTS" including "logs, audits, lists and summaries relating to anyone ever |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| or other outside HEALTH CARE facility for the purpose of providing HEALTH CARE | generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | referred outside of the facility for services necessarily includes every persons entire medical file for the entire history of the facility. If the medical records are not longer being requested, the request is vague and ambiguous and impossible to respond to, and presumably includes subsequent requests for logs of time between referral and being seen outside the jail, making either this request or the subsequent request duplicative. (121 and 122, 126 and 128) |
| **RFP 121:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the time when an INCARCERATED PERSON was referred for HEALTH CARE outside the JAIL and the time when the INCARCERATED PERSON was seen by the HEALTH CARE provider outside the JAIL | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. Defendants agreed to search for and produce any logs that exist or can be generated for the last six months relating to timing of request and time of being seen. |
| **RFP 122:** DOCUMENTS sufficient to show the | Defendants should be required to produce 1) all | All policies, procedures and green sheets have |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| average time between when an INCARCERATED PERSON was referred for outside HEALTH CARE and the time when the INCARCERATED PERSON was seen by the outside HEALTH CARE provider. | policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | been or will be produced. Defendants agreed to search for and produce any logs that exist or can be generated for the last six months relating to timing of request and time of being seen. |
| **RFP 123:** ALL DOCUMENTS RELATED TO inspections, conducted by any entity or person other than YOU, of facilities or practices at the JAIL, including those RELATING TO HEALTH CARE. | Defendants should produce all documents related to inspections of the Jail related to health care.  If Defendants assert privilege objections to any such documents, Defendants must produce a privilege log. | The request has no time limit and seeks documents for the entire history of the facility. Defendants are willing to consider production of outside inspections within the last year but Plaintiffs were never willing to compromise and limit the request in any way. |
| **RFP 124:** ALL DOCUMENTS RELATING TO evaluations and assessments of INCARCERATED PERSONS housed in MOB cells since January 1, 2021. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the | All policies, procedures and green sheets have been or will be produced. The JIMS system does not store information for housing assignments on a historical basis.  It provides a snapshot of the day it is generated and Defendants are producing a snapshot of housing assignments for all areas. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 125:**  ALL logs, spreadsheets, patient lists, and reports RELATING TO chronic care, including but not limited to care for diabetes, hypertension or other cardiovascular disease, hepatitis, HIV/AIDS, tuberculosis, cancer, neurological disorders, OB/GYN, and MENTAL HEALTH. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. Defendants have agreed to search for and produce sick call logs for the past six months which will help demonstrate individuals with chronic conditions and Defendants are willing to consider requests for some representative individual medical records. |
| **RFP 126:**  ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on admitting INCARCERATED PERSONS to outside hospitals, specialty clinics, or other medical providers, for the purpose of providing HEALTH CARE. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from an | All policies, procedures and green sheets have been or will be produced. Defendants agreed to produce responsive documents other than all medical records so it is unclear why this is included. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 127:** ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on discharging INCARCERATED PERSONS from outside hospitals, specialty clinics, or other medical providers, back to the JAIL after receiving HEALTH CARE. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. Defendants agreed to produce responsive documents other than all medical records so it is unclear why this is included. |
| **RFP 128:** ALL DOCUMENTS RELATING TO any delays in admission of INCARCERATED PERSONS into specialty clinics, or other HEALTH | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all | All policies, procedures and green sheets have been or will be produced. Defendants agreed to search for and produce any logs that exist or can be generated for the last |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| CARE providers, for the purpose of providing HEALTH CARE. | logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | six months relating to timing of request and time of being seen in admissions. |
| **RFP 129:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO cancellation of HEALTH CARE appointments. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. Defendants have agreed to search for and produce sick call logs for the past six months which will show cancellations and refusals. |
| **RFP 130:** ALL logs, spreadsheets, patient lists, | Defendants should be required to produce 1) all | All policies, procedures and green sheets have |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| and reports RELATING TO treatment orders. | policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | been or will be produced. Defendants agreed to search for a log of treatment orders for the last 6 months and if it exists or can be generated, it will be produced. |
| **RFP 131:** ALL logs, spreadsheets, patient lists, and reports RELATING TO sick call requests. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no | All policies, procedures and green sheets have been or will be produced. Defendants have agreed to search for and produce sick call logs for the past six months. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | such documents exist in an amended response. | |
| **RFP 132:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO disagreements between CONTRACTORS and DEFENDANTS' EMPLOYEES RELATING TO HEALTH CARE of INCARCERATED PERSONS. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document what happens when such disagreement occurs; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. The request is otherwise impossible to respond to. What is a disagreement? How would it be searched? With what search terms? None were provided. Does two nurses disagreeing about which should deliver medications on a particular day amount to a disagreement? And why is a disagreement relevant. Treatment was provided (or not). Whether disagreements about treatment happens is best addressed in deposition. |
| **RFP 133:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO disagreements between HEALTH CARE STAFF and custody staff RELATING TO HEALTH CARE, classification, or housing of INCARCERATED PERSONS. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document what happens when such disagreement occurs; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, | All policies, procedures and green sheets have been or will be produced. The request is otherwise impossible to respond to. What is a disagreement? How would it be search? With what search terms? None were provided. Does two nurses disagreeing about which should deliver medications on a particular day amount to a disagreement? And why is a disagreement relevant. Treatment was provided (or not). Whether disagreements about treatment happens is best addressed in deposition. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 135:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the San Diego County Citizens' Law Enforcement Review Board, including but not limited to recommendations made by the San Diego County Citizens' Law Enforcement Review Board. | Contrary to Defendants' response, RFP No. 18 is not related to Citizens' Law Enforcement Review Board recommendations. Defendants should be required to produce any documents related to the Citizens' Law Enforcement Review Board including their consideration of Citizens' Law Enforcement Review Board recommendations and, if such documents are privileged, record them on a privilege log. | Request No. 18* broadly requests investigation reports, incident reports and corrective action plans relating to suicide attempts or self-harm. It necessarily includes CLERB within the overbroad request and CLERB documents were produced in response. Defendants will not reproduce and Plaintiffs were previously informed in connection with No. 18 in meet and confer, that CLERB takes the position that its records must be subpoenaed directly through CLERB. Plaintiffs ignored this information and served the duplicate request regardless.<br><br>RFPOD, Set Two is attached as **EXHIBIT T.** |
| **RFP 136:** ALL COMMUNICATIONS with CONTRACTORS RELATING TO POLICIES AND PROCEDURES. | This request is not duplicative of RFP No. 23, which seeks communications only from employees of NaphCare, Inc. Defendants should also be required to produce responsive communications with all other contractors. | The request for "ALL COMMUNICATIONS" is overbroad and burdensome. It isn't limited to any particular issue in the case, any particular contractor, there is no time period and it smacks of being a fishing expedition for which would likely be impossible to search or result in hundreds of thousands of emails. |
| **RFP 137:** ALL COMMUNICATIONS with CONTRACTORS RELATING TO HEALTH CARE of INCARCERATED PERSONS from January 1, | This request is not duplicative of RFP No. 34, which seeks communications only from employees of NaphCare, Inc. Defendants should also | The request for "ALL COMMUNICATIONS" is overbroad and burdensome. Communications could be included only in every incarcerated persons |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| 2021 to present. | be required to produce responsive communications with all other contractors. | medical records for 3 years which would have to be hand searched. Plaintiffs included search terms which were searched for glasses, "MAT", prescriptions, outpatient, specialist, hospital, Naphcare, overdose and emergency and varying forms. Defendants conducted the requested searches for medical personnel and is producing the results. Any "Contractor" communications with any of the head medical personnel will necessarily be included if they included Plaintiffs' search terms. |
| **RFP 138:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO medication provided to INCARCERATED PEOPLE at discharge from the JAIL. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. In addition, emails resulting from the ESI search based upon Plaintiffs' search terms will be produced. |
| **RFP 139:** ALL DOCUMENTS | Defendants should be required to produce 1) all | All policies, procedures and green sheets have |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| RELATING TO the housing of INCARCERATED PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH CARE, including but not limited to determinations of need for housing, evaluations of housing, and requests for funding for MENTAL HEALTH CARE and programming. | policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | been or will be produced. |
| **RFP 140:**  ALL DOCUMENTS sufficient to show the number of INCARCERATED PERSONS with MENTAL DISORDERS or who received MENTAL HEALTH CARE in EOH or Outpatient Step Down Unit housing by month since January 1, 2021. | This request seeks only documents showing the **number of** people housed in certain units in the Jail.  Defendants' objections on the basis of privacy and burden are therefore unfounded. | Defendants are undertaking a search to determine if it is possible to generate a report showing numbers.  If it is possible, the report will be produced for the last six month. |
| **RFP 141:**  ALL logs RELATING TO INCARCERATED PERSONS placed in the Outpatient Step Down Unit from January 1, 2021 to present. | This request does not seek individuals' medical records, but rather any logs Defendants may keep relating to the Outpatient Step Down Unit.  Defendants' objection that this request "would require a search of all medical and mental health records" is therefore unfounded. | Defendants agreed to search for logs or lists of individuals for the last six months and any such documents will be produced.  There is no explanation as to why 3 years' worth of such logs is appropriate or has bearing on any issue in the case at trial unless Plaintiffs believe they are then entitled to 3 years worth of medical records. |
| **RFP 142:**  ALL DOCUMENTS | Defendants should be required to produce 1) all | All policies, procedures and green sheets have |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| RELATING TO evaluations and assessments of INCARCERATED PERSONS placed in the Outpatient Step Down Unit from January 1, 2021 to present. | policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | been or will be produced. The only place evaluations and assessments would be located are in medical records which would have to be hand searched. Plaintiffs have never offered any suggested alternate methods of obtaining the information other than as it may be reflected in policies, procedures and green sheets. |
| **RFP 143:** ALL DOCUMENTS RELATING TO the discipline of INCARCERATED PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH CARE. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, | All policies, procedures and green sheets have been or will be produced. There is no feasible way to search medical records for the entire history of the facility which must be searched by hand to determine who has a "MENTAL DISORDER" to then search discipline a database regarding discipline by individual name, booking number and/or JIMS since not all computer systems existed (or at all) when the jail first opened. The topic is better suited for questions in the PMK Depositions or by identification by plaintiffs of specific individuals. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 144:** ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on admitting INCARCERATED PERSONS with MENTAL DISORDERS to outside hospitals, forensic facilities, or other psychiatric facilities, including but not limited to the Department of State Hospital, for the purpose of providing MENTAL HEALTH CARE. | Defendants objected on the grounds that they "do☐ not make decisions about" this topic. Even if true, that does not mean Defendants do not have responsive documents in their possession, and any such documents should be produced. | The objection is proper. The jail does not make decisions about whether individuals qualify under an outside providers process or criteria. The outside provider would make that determination. |
| **RFP 145:** ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on discharging INCARCERATED PERSONS with MENTAL DISORDERS from outside hospitals, forensic facilities, or other psychiatric facilities, including but not limited to the Department of State Hospital, back to the JAIL after receiving MENTAL HEALTH CARE. | Defendants objected on the grounds that they "do☐ not make decisions about" this topic. Even if true, that does not mean Defendants do not have responsive documents in their possession, and any such documents should be produced. | The objection is proper. The jail does not make decisions for discharge or maintain such records other than in individual medical files which would each have to be hand searched. Plaintiffs have never offered any method of narrowing the request. |
| **RFP 146:** ALL DOCUMENTS RELATING TO any delays in admission of INCARCERATED PERSONS with MENTAL DISORDERS into outside hospitals, forensic facilities, or other psychiatric facilities, including but not limited to the Department of State Hospital, for the purpose of providing MENTAL HEALTH CARE. | Defendants agreed to produce only "documents reflecting current processes and criteria." Plaintiffs also request that Defendants produce training materials, documentation of these processes in practice (including as to timeliness), and documents reflecting the outcome of any quality assurance/improvement or other audits or evaluations on this topic or, to the extent that there are no such responsive | All policies, procedures and green sheetss have been or will be produced. Defendants agreed to search for logs or lists evidencing timing of requests for admission to outside providers and actual referral and will be producing the same. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | documents, confirm as much in an amended response. | |
| **RFP 147:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the identification, tracking, and/or treatment of INCARCERATED PERSONS' MENTAL HEALTH CARE needs. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. |
| **RFP 148:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the provision of a comprehensive MENTAL HEALTH assessment for INCARCERATED PERSONS. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to | All policies, procedures and green sheets have been or will be produced. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 149:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the assessing INCARCERATED PERSONS for emergent or urgent MENTAL HEALTH CARE needs. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. |
| **RFP 150:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the time between an INCARCERATED PERSON is referred for MENTAL HEALTH CARE evaluation or care and the time the INCARCERATED PERSON receives MENTAL HEALTH CARE evaluation or care. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of | All policies, procedures and green sheets have been or will be produced. Defendants are searching for and will provide a log reflecting mental health sick calls for the last six months which will show the request date and seen date. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 151:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the number or percent of INCARCERATED PEOPLE with MENTAL HEALTH CARE needs. | This request seeks only documents showing the **number or percent of** people with certain conditions. Defendants' objections on the basis of privacy and burden are therefore unfounded. | Defendants are searching for and will provide a log reflecting mental health sick calls for the last six months. |
| **RFP 152:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, and COMMUNICATIONS RELATING TO hiring mental health staff, retaining existing staff, contracting with third-party providers, diverting incarcerated people with mental illness to community providers, and/or supporting mental health-based alternatives to incarceration. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. |
| **RFP 153:** ALL DOCUMENTS, including but not limited to logs, | Defendants should be required to produce 1) all policies and procedures | All policies, procedures and green sheets have been or will be produced. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| audits, lists, training materials, and summaries, and COMMUNICATIONS RELATING TO the number of patients on each MENTAL HEALTH CARE provider's caseload. | (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | Defendants offered to search for lists or logs for the prior six months and Plaintiffs refused the proposal. Defendants will still produce the results. |
| **RFP 155:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO continuing MENTAL HEALTH CARE treatments and medications for INCARCERATED PERSONS who arrive at the JAIL. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in | All policies, procedures and green sheets have been or will be produced. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | an amended response. | |
| **RFP 156:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO MENTAL HEALTH CARE programs for INCARCERATED PERSONS at the JAIL, including therapy and counseling. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. |
| **RFP 157:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO identifying, tracking, and or treating INCARCERATED PERSONS' MENTAL HEALTH needs according to a level of care system. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to | All policies, procedures and green sheets have been or will be produced. Defendants agreed to search for a log or list of individuals with mental health care needs in the last 6 months to help Plaintiffs identify individual records (rather than the original request for thousands of records) several weeks ago. Plaintiffs refused to agree to the proposal. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | these four categories, Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 158:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO monitoring and following-up with INCARCERATED PERSONS who have MENTAL HEALTH needs. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. Defendants agreed to search for a log or list of individuals with mental health care needs in the last 6 months to help Plaintiffs identify individual records (rather than the original request for thousands of records) several weeks ago. Plaintiffs refused to agree to the proposal. |
| **RFP 159:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO housing suicidal INCARCERATED PERSONS in isolation. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, | The request duplicates Nos. 20 and 23. All policies, procedures and green sheetss have been or will be produced. Defendants agreed to search for a log or list of individual housing while on suicide watch and communicated the same to Plaintiffs several weeks ago. Plaintiffs refused to agree to the proposal. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 161:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO follow-up care for INCARCERATED PERSONS discharged from the Inmate Safety Program. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. |
| **RFP 162:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO INCARCERATED PERSONS with acute MENTAL HEALTH CARE needs. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process of caring for persons with acute mental health care needs. | All policies, procedures and green sheets have been or will be produced. Defendants agreed to search for and produce any training materials and tracking in lists or logs of those with mental health care needs. Plaintiffs rejected the proposal. Defendants will produce any such materials. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
|  | including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. |  |
| **RFP 164:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATED TO the placement of INCARCERATED PEOPLE with MENTAL HEALTH DISORDERS and/or intellectual DISABILITIES in administrative segregation. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. Defendants offered to search of logs or lists of individuals with mental health issues in ad seg and the proposal was rejected.  The issue in the case is whether individuals with mental health issues are in ad seg and presumably their treatment while there. Rather than obtain the log of those housed in ad seg and requesting limited records about those individuals, Plaintiffs rejected the proposal. |
| **RFP 165:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATED TO the provision of MENTAL HEALTH CARE for INCARCERATED PEOPLE with MENTAL | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a | All policies, procedures and green sheets have been or will be produced and they are the only responsive documents and include "trainings" in the general sense of how to handle various issues. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| HEALTH CARE needs in administrative segregation or other isolation housing. | database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 166:** ALL DOCUMENTS, including but not limited to logs, audits, lists and summaries, RELATING TO screening, assessment, identification, tracking of INCARCERATED PEOPLE with DISABILITIES. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. There is no time limit on the request. As part of the settlement process, Defendants will be producing policies and procedures and trainings that have been created in response to the settlement and apply to all facilities, including tracking of disabled individuals. This separate request is made in bad faith to the extent it seeks to separately request such documents. |
| **RFP 167:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO programs | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials | All policies, procedures and green sheets have been or will be produced which address all programs and services that are provided to all |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| and services for INCARCERATED PEOPLE with DISABILITIES. | related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | incarcerated persons including disabled individuals.  There is no time limit on the request. As part of the settlement process, Defendants will be producing policies and procedures and trainings that have been created in response to the settlement and apply to all facilities.  This separate request is made in bad faith to the extent it seeks to separately request such documents. |
| **RFP 168:**  ALL DOCUMENTS and COMMUNICATIONS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the accessibility of physical spaces at the JAIL for INCARCERATED PEOPLE with DISABILITIES. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document these issues, including as to timeliness; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. The request also duplicates #'s 1, 2, 5, 6, 7, 50, 54, 56, 59, 60, 61, 63 and 76. |
| **RFP 169:**  ALL DOCUMENTS and COMMUNICATIONS, | Defendants should be required to produce 1) all policies and procedures | All policies, procedures and green sheets have been or will be produced. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO any grievance system for INCARCERATED PEOPLE with DISABILITIES. | (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | The request seeks documents "relating" to the grievance system but the inclusion of the overbroad "COMMUNICATIONS" and "ALL DOCUMENTS" would encompass every grievance for the entire history of the jail.  Plaintiffs refuse to narrow the request. |
| **RFP 171:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO electrical and plumbing hazards at the JAIL. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document these issues, including as to timeliness; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. The word "hazard" is undefined and presumably refers to repairs of clogs, non-working electrical equipment, etc. and duplicates the request in No. 173.  Responsive documents are being provided in response to No. 173. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| **RFP 172:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO laundry, clothes, and linens. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced and spreadsheets demonstrating laundry exchanges for the past 6 months. |
| **RFP 173:** ALL contracts RELATING to vector and vermin control, plumbing repair, electrical repair, pest control, and other maintenance at the JAIL. | Despite Defendants' assertion that this request is duplicative, Defendants have not agreed to produce these documents in response to any other request. Defendants should be required to produce these documents. | Defendants agree to conduct a search for regular service contracts for the last year and internal maintenance records for the last six months. The request is unlimited as to time and encompasses the entire history of the jails. |
| **RFP 174:** ALL DOCUMENTS RELATING TO vector and vermin control and pest control at the JAIL, including but not limited to any pest control specialist logs and reports. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from an individual person's | All policies, procedures and green sheets have been or will be produced. There is no "training" about insects and rodents other than as reflected in policies, procedures and green sheets. Defendants agreed to and did search email ESI based upon Plaintiffs' terms and the results are being |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | produced. |
| **RFP 175:**  ALL DOCUMENTS, including but not limited to logs and audits, RELATING TO trash collection and removal from housing units in the JAIL. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. There is no "training" other than policies and procedures on trash. Plaintiffs dropped all ESI search terms related to trash from their list and thus this request should be so limited as well to policies, procedures and green sheets. |
| **RFP 176:**  ALL DOCUMENTS, including but not limited to logs and audits, RELATING TO sanitization of cells, including but not limited to cleaning of human waste and bodily fluids. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries | The request is duplicate of the overbroad No. 173 and Defendants interpreted No. 173 as including cleaning. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 179:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO contraband narcotics. | Defendants agreed to produce but limited the agreement to the last 6 months.  Defendants should be required to produce documents since January 1, 2021. | Significant changes to handling of contraband drugs in the jails have occurred in the last 6 months.  The issues in the case are current conditions and 6 months given enough of a pick of "current" conditions to be proportional to the overall number of requests and the information necessary for Plaintiffs to prove their case.  There has never been an explanation of why information prior to six months ago is necessary.  Training materials are being provided. |
| **RFP 180**:  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the timeliness and/or adequacy of safety checks. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's | All policies, procedures and green sheets have been or will be produced. There is no time limit on the request.  Safety checks are not logged, audited or listed. They are governed by policies and procedures and conducted at the indicated times per policies.  Defendants are |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | determining if there is a screen shot from JIMS that can demonstrate the entry. |
| **RFP 181:**  ALL DOCUMENTS RELATING TO housing classification, including but not limited to housing plans and matrices; lists and floorplans of housing units; DOCUMENTS reflecting the purpose and capacity of each room in each housing unit; forms used by JAIL staff to classify and re-classify INCARCERATED PERSONS for general population, protective custody, and administrative segregation housing; and DOCUMENTS reflecting the criteria and eligibility for general population housing determinations; protective custody housing determinations, and administrative segregation housing determinations. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.  To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. There is no time limit on the request. Housing classification has nothing to do with housing plans and matrices, floor plans capacity, etc.  A housing classification is singular. Either a person is in general population, ad seg, protective custody, medical, etc. |
| **RFP 182:**  ALL DOCUMENTS, including but not limited to logs, audits, and training materials, RELATING TO YOUR EMPLOYEES' response, including response times, to | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries | All policies, procedures and green sheets have been or will be produced and these are the responsive documents in total. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| emergency intercom use by INCARCERATED PERSONS. | (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | |
| **RFP 183:** ALL DOCUMENTS, including but not limited to logs and audits, RELATING TO intercoms in housing units at the JAIL, including but not limited to maintenance and repair of intercoms, contracts RELATING TO intercoms, and internal and/or third-party reports or analyses RELATING TO the efficacy and/or operation of intercoms. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. Defendants agreed to search for lists or logs of maintenance or repairs and advised plaintiffs several weeks ago but Plaintiffs refused to agree to the proposal. |
| **RFP 184:** ALL DOCUMENTS RELATING TO general population housing | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) | All policies, procedures and green sheets have been or will be produced. Plaintiffs have Plaintiff |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| determinations, protective custody determinations, and administrative segregation housing determinations for INCARCERATED PERSONS in the JAIL. | governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | custody files which include every type of document used when assigning housing. Policies and procedures determine when a person may be placed into administrative segregation or protective custody. There are no other "forms" filled out. |
| **RFP 185:** A blank examples of ALL forms used for housing classification, general population housing determinations, protective custody determinations, and administrative segregation housing determinations for INCARCERATED PERSONS in the JAIL. | Contrary to Defendants' response, this request does not seek policies and procedures, but rather seeks blank examples of forms. | The forms used are an exact duplicate of what each Plaintiffs' custody files include, which were produced months ago. Determinations of housing, protective custody, etc. are made at booking and the factors included in making the assignment are in policies and procedures. There no other "forms". |
| **RFP 187:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the number of assaults, dates of assaults, use of any weapon(s) in assaults, involvement of EMPLOYEES or INCARCERATED PERSONS in assaults, nature of injury(ies) sustained in assaults, and cause(s) of injury(ies) sustained in assaults for | Unlike RFP Nos. 75, 79, and 80, this request seeks only documents reflecting statistics about assaults in the Jail, *e.g.*, "number of assaults" and "dates of assaults." Defendants should be required to produce any responsive documents. | The request is duplicative of Nos. 75, 79 and 80. In response to No. 75, Defendants are producing a spreadsheets of every assault incident between incarcerated individuals, and the publicly available penal code section 832.7 reports/disclosures. The list in response to No. 75 has 2029 suspects and 7070 lines of narrative about incidents (some |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| each assault involving an INCARCERATED PERSON. | | incidents are in more than one line). If Plaintiffs want a small representative selection of medical records for any injuries reported, Defendants would accommodate the request. |
| **RFP 188:** For each INCARCERATED PERSON who received medical attention for injury(ies) sustained during or related to an assault, ALL investigative reports, incident reports, and medical records related to those assaults from January 1, 2021 to the present. | Defendants have not agreed to produce incident reports, medical records, or investigative reports in response to RFP Nos. 75, 79, and 80, which they claim are duplicates of this request. Defendants should be required to produce those documents. | The request is duplicative of Nos. 75, 79 and 80. In response to No. 75, Defendants are producing a spreadsheets of every assault incident between incarcerated individuals and the publicly available penal code section 832.7 reports/disclosures. The list in response to No. 75 has 2029 suspects and 7070 lines of narrative about incidents (some incidents are in more than one line). If Plaintiffs want a small representative selection of medical records for any injuries reported, Defendants would accommodate the request. |
| **RFP 190:** ALL DOCUMENTS RELATING TO understaffing (employing fewer positions than required, allocated, and/or scheduled) of EMPLOYEES at the JAIL from January 1, 2021 to the present. | This request is not duplicative of RFP Nos. 39 and 96, which focus on health care staffing only. Defendants should be required to produce all logs, lists, or summaries (whether extant or generated from a database) that document staffing levels on a periodic (e.g., daily) basis and all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. | The request is duplicate of Nos. 39 and 96. Defendants are producing information directly from the HR system to show overtime worked (as a result of understaffing) and all communications to/from the Asst. Sheriff through the email search about understaffing. The Asst. Sheriff is the person who would receive and send all emails at management level about staffing levels. |
| **RFP 191:** ALL DOCUMENTS | This request is not duplicative of RFP Nos. | The request is duplicate of Nos. 39 and 96. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| RELATING TO the following for each existing EMPLOYEE position at the JAIL: the number of allocated positions, the number of hours required for each position, the number of vacancies and the duration of vacancies for each position, and STAFFING PLANS RELATING TO each position at the JAIL from January 1, 2021 to the present. | 39 and 96, which focus on health care staffing only. Defendants should be required to produce responsive documents for non-health care positions. | Defendants are producing information directly from the HR system to show overtime worked (as a result of understaffing) and all communications to/from the Asst. Sheriff through the email search about understaffing. The Asst. Sheriff is the person who would receive and send all emails at management level about staffing levels. |
| **RFP 192:** ALL DOCUMENTS RELATING TO the following for each existing EMPLOYEE position at the JAIL: the number of EMPLOYEES present for work in each position for each shift, the number of absences for each position for each shift, and the duration of any absences for each shift from January 1, 2022 to the present. | This request is not duplicative of RFP Nos. 39 and 96, which focus on health care staffing only. Defendants should be required to produce responsive documents for non-health care positions. | The request is duplicate of Nos. 39 and 96. Defendants are producing information directly from the HR system to show overtime worked (as a result of understaffing) and all communications to/from the Asst. Sheriff through the email search about understaffing. The Asst. Sheriff is the person who would receive and send all emails at management level about staffing levels. |
| **RFP 193:** ALL DOCUMENTS RELATING TO body scanners at the JAIL, including but not limited to DOCUMENTS RELATING TO body scanning software, maintenance and repair of body scanners, contracts related to body scanners, POLICIES AND PROCEDURES related to the use of body scanners, and internal and/or third-party reports regarding the efficacy and/or utility of body scanners. | Defendants agreed to produce only "documents relating to software, maintenance, and repairs." Defendants should produce—or confirm there are no—documents related to policies, training, documentation of practice, and audits/quality assurance regarding the use of body scanners. | All policies, procedures and green sheets have been or will be produced. "ALL DOCUMENTS" and "COMMUNICATIONS" "RELATING TO" is overbroad and would encompass every incarcerated persons files showing use of the body scanner upon booking. Defendants are producing the email results from Plaintiffs ESI search term. |
| **RFP 194:** ALL DOCUMENTS and | Defendants should be required to produce any | All policies, procedures and green sheets have |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| COMMUNICATIONS RELATING TO use of body scanners on YOUR EMPLOYEES when they enter the JAIL. | analyses, proposals, or evaluations of the policy suggestion that Defendants' employees be required to pass through body scanners when they enter the Jail. To the extent there are no such documents, Defendants should be required to say so in an amended response. | been or will be produced. "ALL DOCUMENTS and "COMMUNICATIONS" "RELATING TO" is overbroad and would encompass every incarcerated persons files showing use of the body scanner upon booking. Defendants are producing the email results from Plaintiffs ESI search term. |
| **RFP 195:** ALL DOCUMENTS RELATING TO video cameras and body-worn cameras at the JAIL, including but not limited to DOCUMENTS RELATING TO video camera and/or body-worn camera software, maintenance and repair of video cameras and/or body-worn cameras, contracts related to video cameras and/or body-worn cameras, POLICIES AND PROCEDURES related to the use of video cameras and/or body-worn cameras, and internal and/or third-party reports regarding the efficacy and/or utility of video cameras and/or body-worn cameras. | Defendants agreed to produce only "documents regarding the software and maintenance of the body worn video and cameras." Defendants should produce—or confirm there are no—documents related to policies, training, documentation of practice, and audits/quality assurance regarding the use and efficacy of body worn cameras and fixed cameras. | All policies, procedures and green sheetss have been or will be produced. All training documents are being produced. 'ALL DOCUMENTS RELATING TO" would encompass every minute of video recording for the history of the jail and all body worn camera footage. Defendants are also producing the email results of Plaintiffs' ESI search term. |
| **RFP 196:** ALL DOCUMENTS RELATING TO the analysis, study, or adequacy of staffing levels at the JAIL. | Contrary to Defendants' response, this request does not necessarily duplicate prior requests. Defendants should be required to produce any analysis or evaluations conducted regarding the adequacy of staffing at the Jail, or confirm that no such documents exist. | The request is a duplicate of #96. Defendants are producing information directly from the HR system to show overtime worked (as a result of understaffing) and all communications to/from the Asst. Sheriff through the email search about understaffing. The Asst. Sheriff is the person who would receive and send all emails at management level about staffing levels. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| **RFP 197:** ALL DOCUMENTS AND COMMUNICATIONS RELATING TO all grievances or complaints filed by the Deputy Sheriffs' Association of San Diego County alleging or RELATING TO any matter of JAIL employment, including but not limited to wage grievances, overtime grievances, supervisory practices grievances, disciplinary grievances, retaliation grievances, and allegations of violations of union or other contract rights. | Defendants should be required to search for and produce grievances and complaints filed by the Deputy Sheriffs' Association regarding overtime, supervisory practices, staffing, retaliation, and safety concerns. | Grievances filed by jail employees are irrelevant and subject to the privacy rights. The requested information is so tangential and clearly not proportional to the extraordinary volume of information already requested as compared to the issues in the case. The issue is understaffing. Whether an employee complained about understaffing is irrelevant to the "fact" (or not) of understaffing. |
| **RFP 198:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO "bypass" or "lockdown" punishments and/or practices at the JAIL, including all instances when an EMPLOYEE denies out-of-cell time to an INCARCERATED PERSON. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. "DOCUMENTS" and "COMMUNICATIONS" is overbroad. Defendants offered to provide a listing of individuals on lockdown. The system only captures current information from the run date. |
| **RFP 199:** ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of the | Defendants should be required to search for and produced incident reports, write ups, and video footage, if any, | "[I]ncident" is undefined. There is no time limit. Defendants requested that Plaintiffs identify dates of incidents as to |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| incidents referenced in the filing at Docket No. 344 in this litigation. | related to this 6/1/23 incident involving Pedro Rodriguez (14745493). | Mr. Rodriguez and they refused. Body worn cameras started being used at the jails within the last few months. The request seeks a review of all body worn camera and all available video footage for every day all day long for every staff member who may have crossed paths with Mr. Rodriguez. |
| **RFP 200:** ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO Christopher Cunningham (Booking No. 23729037). | Defendants should be required to search for and produce all 2023 incident reports involving Christopher Cunningham (Booking 23729037), associated video footage, and any investigations or other reports related to those incidents, | "[I]ncident" is undefined. There is no time limit. Defendants requested that Plaintiffs identify dates of incidents as to Mr. Buchanan and they refused. Body worn cameras started being used at the jails within the last few months. The request seeks a review of all body worn camera and all available video footage for every day all day long for every staff member who may have crossed paths with Mr. Buchanan. |
| **RFP 201:** ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO Shawn Fuller (Booking No. 23727577). | Defendants should be required to search for and produce all 2023 incident reports involving Shawn Fuller (Booking 23727577) associated video footage, and any investigations or other reports related to those incidents. | "[I]ncident" is undefined. There is no time limit. Defendants requested that Plaintiffs identify dates of incidents as to Mr. Fuller and they refused. Body worn cameras started being used at the jails within the last few months. The request seeks a review of all body worn camera and all available video footage for every day all day long for every staff member who may have crossed paths with Mr. Fuller. |
| **RFP 202:** ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any | Defendants should be required to search for and produce all incident reports related to the 14 class representatives. | "[I]ncident" is undefined. There is no time limit. Defendants requested that Plaintiffs identify dates of incidents to |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| incidents RELATING TO PLAINTIFFS. | associated video footage, and any investigations or other reports related to those incidents. | narrow a search. Body worn cameras started being used at the jails within the last few months. The request seeks a review of all body worn camera and all available video footage for every day all day long for every staff member who may have crossed paths with Plaintiffs. Plaintiffs refused to identify any incidents or dates. |
| **RFP 203:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of EMPLOYEES' failure to intervene against another EMPLOYEE using force that is clearly unreasonable or excessive, as described in California Penal Code Section 832.7(b)(1)(A)(iv), at the JAIL, regardless whether the allegation was sustained or unsustained. | Contrary to Defendants' representation, these documents are not publicly available, given that the request seeks documents for both sustained and unsustained allegations. Defendants should be required to produce all responsive documents. | This request is a duplicate of No. 75. Defendants are in the process of producing all documents which are publicly available for sustained allegations. No. 75 is so broad that it encompasses several requests in this set. Unsustained findings are subject to the privacy rights of jail staff and irrelevant to any issue because they are "unsustained". |
| **RFP 204:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of discharge of a firearm by YOUR EMPLOYEES at the JAIL, as described in California Penal Code Section 832.7(b)(1)(A)(i). | Contrary to Defendants' representation, these documents are not publicly available, given that the request seeks documents for both sustained and unsustained allegations. Defendants should be required to produce all responsive documents. | This request is a duplicate of No. 75 to the extent it involved physical harm. Defendants are in the process of producing all documents which are publicly available for sustained allegations. No. 75 is so broad that it encompasses several requests in this set. Unsustained findings are subject to the privacy rights of jail staff and irrelevant to any issue because they are "unsustained". |
| **RFP 205:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of sexual | Contrary to Defendants' representation, these documents are not publicly available, given that the request seeks | This request is a duplicate of No. 75. Defendants are in the process of producing all documents which are |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| assault, as that term is defined in California Penal Code Section 832.7(b)(1)(B)(ii), by YOUR EMPLOYEES at the JAIL, regardless whether the allegation was sustained or unsustained. | documents for both sustained and unsustained allegations. Defendants should be required to produce all responsive documents. | publicly available for sustained allegations. No. 75 is so broad that it encompasses several requests in this set. Unsustained findings are subject to the privacy rights of jail staff and irrelevant to any issue because they are "unsustained". |
| **RFP 206:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of dishonesty by YOUR EMPLOYEES, as described in California Penal Code Section 832.7(b)(1)(C), at the JAIL, regardless whether the allegation was sustained or unsustained. | Contrary to Defendants' representation, these documents are not publicly available, given that the request seeks documents for both sustained and unsustained allegations. Defendants should be required to produce all responsive documents. | There is no time limit on the request.  There is no issue in the complaint about "dishonesty" and dishonesty about what? Jail personnel are entitled to rights to privacy as specifically spelled out in Penal Code section 832.7(b)(1)(C)  and there has been no willingness to narrow the request to connect the "dishonesty" to any issue in this case. In addition, an unsustained complaint would violate the staff privacy rights because it was "unsustained". |
| **RFP 207:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of prejudice or discrimination by YOUR EMPLOYEES at the JAIL, as described in California Penal Code Section 832.7(b)(1)(C), regardless whether the allegation was sustained or unsustained. | Contrary to Defendants' representation, these documents are not publicly available, given that the request seeks documents for both sustained and unsustained allegations. Defendants should be required to produce all responsive documents. | There is no time limit on the request.  Jail personnel are entitled to rights to privacy as specifically spelled out in Penal Code section 832.7(b)(1)(C)  and there has been no willingness to narrow the request to connect the "discrimination" to any issue in this case.  In addition, an unsustained complaint would violate the staff privacy rights because it was "unsustained". |
| **RFP 211:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO overcrowding of INCARCERATED PERSONS, including but | Contrary to Defendants' written response, the Third Amended Complaint references overcrowding at ¶¶ 296, 304, 318, in relation to the environmental and | There is no time limit on the request and it includes "DOCUMENTS" and "COMMUNICATIONS" which for the entire history of the jail and |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| not limited to housing one or more INCARCERATED PERSONS in housing units that exceed their rated capacities. | safety and security claims. Defendants should produce—or confirm there are no— documents or communications related to policies, training, documentation of practice, analyses, and audits/quality assurance on the subject of overcrowding. | presumably every housing record for every incarcerated person every housed at the jails. Defendants agree to run a search for the last year of any logs or lists showing too many individuals housed in a cell which legally allows housing of fewer individuals. |
| **RFP 214:** ALL DOCUMENTS RELATING TO training staff how to respond to drug overdoses. | Defendants objected to this request on the grounds that it is duplicative of RFP No. 179, which seeks documents related to contraband. Defendants should confirm that they are searching for responsive documents not only about screening out contraband narcotics, but also training related to overdoses. | Request No. 179 seeks "ALL DOCUMENTS" . . . including . . . training materials . . . RELATING TO contraband narcotics. This is a good example of the overbreadth of Plaintiffs' requests. Training materials for illicit drugs leading to overdoses are being produced in response to No. 179. NARCAN use and policies are included in policies and procedures and Plaintiffs provided an ESI search term for emails which are being produced. |
| **RFP 217:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO emotional, verbal, or physical abuse of an INCARCERATED PERSON by YOUR EMPLOYEES. | Defendants objected to this request on the grounds that it is duplicative of RFP No. 80, which seeks documents related to use of force incidents. Defendants should also be required to produce documents related to abuse of incarcerated people, including non-physical abuse. | This request has no time limit. It seems to be aimed at discipline of jail staff. There is no way to determine what Plaintiffs deem to be "Emotional" or "verbal" abuse, and what constitutes "physical abuse" according to Plaintiffs, and no way to search as a result. No search terms were provided. Jail staff have rights to privacy and the request is so broad as to include any possible reason for discipline. Plaintiffs have made requests for publicly available matters under Penal Code section 832.7 and the |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | | request should be limited to such records which include improper physical contact. The request should be denied in its entirety because it is a duplicate of #'s203-207. |
| **RFP 218:** ALL DOCUMENTS RELATING TO discipline of YOUR EMPLOYEES at the JAIL, including all disciplinary records. | Defendants objected to this request on the grounds that it is duplicative of RFP Nos. 43 and 80, which seeks documents related to health care staff and use of force incidents, respectively. Defendants should be required to produce all documents related to employee discipline. | Defendants have pulled and are producing health employee discipline records in response to #43 because it relates specifically to health care provided to incarcerated persons. This request has no time limit and no narrowing as to what discipline issues? Being late for work? Wearing the wrong uniform? Jail staff have rights to privacy and the request is so broad as to include any possible reason for discipline. Plaintiffs have made requests for publicly available matters under Penal Code section 832.7 and the request should be limited to such records. The request should be denied in its entirety because it is a duplicate of #'s203-207. |
| **RFP 219:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO locations in the JAIL that INCARCERATED PERSONS may access but are not monitored by video cameras, including but not limited to the area described as "the pocket." | Defendants have agreed to produce documents "sufficient to identify 'pocket' areas," but should also be required to produce additional documents and communications, *e.g.,* referring to incidents that occurred in the pocket, summaries and lists, trainings, audits, or any analyses of how to avoid incidents of violence in the pocket. | All policies, procedures and green sheets have been or will be produced. There is no feasible method of searching incidents that occurred in "pocket areas". Any and every incident, however that may be defined (presumably physical harm), would have to be hand searched to find the exact location of the incident and determine whether it happened in a "pocket". Deposition testimony is the most efficient and reliable |

PARTIES' JOINT LIST OF DISPUTES RE WRITTEN DISCOVERY

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | | method of obtaining this information. |
| **RFP 220:** ALL DOCUMENTS RELATING TO the extraction of an INCARCERATED PERSON's tooth or teeth, including but not limited to requests for alternative treatments or offering of alternative treatment options to the INCARCERATED PERSON. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. The word "DOCUMENTS" encompasses the medical records of every incarcerated person at the facilities from their inception. Plaintiffs refused to narrow the request. Medical records must be hand searched and they would have to be looked at one by one to see if anyone has a prescription and whether it relates to dental pain. Defendants have been pulling and producing logs of individuals with dental appointments and Plaintiffs should be required to continue to meet and confer to request isolated records for individuals who have repeat appointments in a short time, for example. In addition, information about prescriptions for dental pain and swelling are more appropriately addressed in deposition. |
| **RFP 221:** ALL DOCUMENTS RELATING TO the provision or prescription of medication, including but not limited to antibiotic medication, to INCARCERATED PERSONS for the purpose of treating, managing, or alleviating dental pain or swelling. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality | All policies, procedures and green sheetss have been or will be produced. The word "DOCUMENTS" encompasses the medical records of every incarcerated person at the facilities from their inception. Plaintiffs refused to narrow the request. Medical records must be hand searched and they would have to be looked at one by one to see if anyone has a prescription and whether it relates to dental pain. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | Defendants have been pulling and producing logs of individuals with dental appointments and Plaintiffs should be required to continue to meet and confer to request isolated records for individuals who have repeat appointments in a short time, for example. In addition, information about prescriptions for dental pain and swelling are more appropriately addressed in deposition. |
| **RFP 222:** DOCUMENTS sufficient to show (a) the average waiting time between the time an INCARCERATED PERSON submits a sick call request relating to pain or swelling in their teeth, jaw, gums, or mouth and the time the INCARCERATED PERSON is seen by a licensed dentist; (b) the average waiting time between the time a referral for dental HEALTH CARE is created at the JAIL and the time the INCARCERATED PERSON is seen by a licensed dentist; and (c) the number of patients on any waiting lists for dental HEALTH CARE since January 1, 2021. | This request seeks statistical information, *e.g.*, **average** (mean) waiting time, and therefore should not require Defendants to review individual incarcerated person records. Defendants should provide such documents to the extent this information is tracked/trackable or—if it is not—say so in an amended response. | The word "DOCUMENTS" encompasses the medical records of every incarcerated person at the facilities from their inception. Plaintiffs refused to narrow the request. Defendants offered to and are producing a log showing appointments, cancellations and refusals for the last 6 months. |
| **RFP 223:** DOCUMENTS sufficient to show the number of requests for dental HEALTH CARE at the JAIL and the number of such requests that are granted each month since January 1, 2021. | This request seeks statistical information, *e.g.*, **number** of requests, and therefore should not require Defendants to review individual incarcerated person records. Defendants should provide such documents to the extent this information is tracked/trackable or—if it is not—say so in an amended response. | The word "DOCUMENTS" encompasses the medical records of every incarcerated person at the facilities from their inception. Plaintiffs refused to narrow the request. Defendants offered to and are producing a log showing appointments, cancellations and refusals for the last 6 months. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| **RFP 225:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the timeliness and/or adequacy of dental HEALTH CARE at the JAIL. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. The word "DOCUMENTS" encompasses the medical records of every incarcerated person at the facilities from their inception. Plaintiffs refused to narrow the request. Defendants offered to and are producing a log showing appointments, cancellations and refusals for the last 6 months. |
| **RFP 226:** DOCUMENTS sufficient to show the number of patients seen for dental HEALTH CARE at the JAIL and the number and types of dental HEALTH CARE procedures provided each month since January 1, 2021. | This request seeks statistical information, *e.g.*, **number** of patients, and therefore should not require Defendants to review individual incarcerated person records. Defendants should provide such documents to the extent this information is tracked/trackable or—if it is not—say so in an amended response. | The word "DOCUMENTS" encompasses the medical records of every incarcerated person at the facilities since January 1, 2021. Plaintiffs refused to narrow the request. Defendants offered to and are producing a log showing appointments for the last 6 months. |
| **RFP 227:** DOCUMENTS sufficient to show the number of scheduled appointments for dental HEALTH CARE that are cancelled or refused each month since January 1, 2021. | This request seeks statistical information, *e.g.*, **number** of appointments, and therefore should not require Defendants to review individual incarcerated person records. Defendants should provide such documents to the extent | The word "DOCUMENTS" encompasses the medical records of every incarcerated person at the facilities since January 1, 2021. Plaintiffs refused to narrow the request. Defendants offered to and are producing a log showing cancelled and |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | this information is tracked/trackable or—if it is not—say so in an amended response. | missed appointments for the last six months. |
| **RFP 230:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the destruction, loss, or misplacement of INCARCERATED PERSONS' personal legal documents. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. "DOCUMENTS" is overbroad. Defendants are searching for lists or logs and training materials and they will be produced if they exist and Plaintiffs were advised of the same several weeks ago. ESI email search results based upon Plaintiffs terms are being produced. |
| **RFP 232:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO attorney callback requests. | Defendants agreed to produce only a "listing of call back requests" (to the extent any exist). Defendants should produce—or confirm there are no—documents related to policies, training, documentation of practice, and audits/quality assurance. | All policies, procedures and green sheets have been or will be produced. "DOCUMENTS" is overbroad. Defendants are searching for lists or logs and training materials and they will be produced if they exist and Plaintiffs were advised of the same several weeks ago. ESI email search results based upon Plaintiffs terms are being produced. |
| **RFP 233:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO wait times for professional visits, | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; | All policies, procedures and green sheets have been or will be produced. "DOCUMENTS" is overbroad. Defendants |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| including the time it takes to release visitors from the professional visiting room after a request has been made. | 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | are searching for lists or logs and training materials and they will be produced if they exist and Plaintiffs were advised of the same several weeks ago. ESI email search results based upon Plaintiffs terms are being produced. |
| **RFP 234:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the law library and INCARCERATED PERSONS' access to the law library. | Defendants agreed to produce only documents "that reflect hours of availability or rules of use" for the law library and refused to produce Green Sheets. Defendants should produce—or confirm there are no—documents related to policies, training, documentation of practice, and audits/quality assurance governing access to the law library. | All policies, procedures and green sheets have been or will be produced. "DOCUMENTS" is overbroad. Defendants are searching for lists or logs and training materials and they will be produced if they exist and Plaintiffs were advised of the same several weeks ago. ESI email search results based upon Plaintiffs terms are being produced. |
| **RFP 235:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the provision of legal materials to pro se litigants. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document | All policies, procedures and green sheets have been or will be produced. "DOCUMENTS" is overbroad. Defendants are searching for lists or logs and they will be produced if they exist and Plaintiffs were advised of the same several weeks ago. ESI email search results |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | based upon Plaintiffs terms are being produced. |
| **RFP 236:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO legal mail. | Defendants should be required to produce 1) all policies and procedures (including Green Sheets) governing this process; 2) all training materials related to the same; 3) all logs, lists, or summaries (whether extant or generated from a database) outside of an individual person's records that document the process, including as to the timeliness of the process; and 4) all outcomes and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue. To the extent that there are no documents responsive to these four categories, Defendants should be required to confirm no such documents exist in an amended response. | All policies, procedures and green sheets have been or will be produced. "DOCUMENTS" is overbroad. Defendants are searching for lists or logs and training materials and they will be produced if they exist and Plaintiffs were advised of the same several weeks ago. |
| **RFP 238:** ALL DOCUMENTS and COMMUNICATIONS RELATING to statistics, studies, analyses, or evaluations of YOUR alternative-to-incarceration and reentry programming, including but not limited to | These documents are directly related to Plaintiffs' claim regarding overincarceration of Black and Latinx people by denying them equal access to alternative-to-incarceration | "AL DOCUMENTS" and "ALL COMMUNICATIONS" coupled with "RELATING" to, necessarily includes all probation files for every incarcerated person for the history of the |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| the adequacy, quality, quantity, demographic reach, and/or discrimination of those programs. | programming. Defendants should be required to search for and produce responsive documents. | probation department/jails. Adequacy, quality, quantity and demographic reach are not relevant to any issue in the case. Discrimination against Latinx and Black are the only issues. Defendants are searching for the limited category of "analysis of discrimination" against said groups in addition to producing email search results from Plaintiffs' ESI terms. |
| **RFP 239:** DOCUMENTS sufficient to show the racial demographics of participants in ALL of YOUR alternative-to-incarceration and reentry programs by month since January 1, 2021. | These documents are directly related to Plaintiffs' claim regarding overincarceration of Black and Latinx people by denying them equal access to alternative-to-incarceration programming. Defendants should be required to search for and produce responsive documents. | Probation produced statistical information requested in response to Special Interrogatory No. 9 for CPAC and Work Furlough (Bates Nos. 060552 and 105832). The documents identify each individual by race. An ESI search of emails was also run and is being processed. The request is improper as Plaintiffs already requested and obtained the statistical information on August 30, 2023. The word "DOCUMENTS" would encompass the probation file of every single person in the Probation system and Plaintiffs refused to narrow the request in any manner and already have the race of each person on the lists referenced above. |
| **RFP 240:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the eligibility criteria for ANY of YOUR alternative-to-incarceration and reentry programs. | These documents are directly related to Plaintiffs' claim regarding overincarceration of Black and Latinx people by denying them equal access to alternative-to-incarceration | This request is identical in scope to No. 246 below. There are no time limits on the request. "ALL DOCUMENTS" would include every IP's custody file that has ever been reviewed for a determination of |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | programming. Defendants should be required to search for and produce responsive documents. | eligibility. Plaintiffs refused to narrow the scope in meet and confer. Defendants did agree and are conducting a search for a list, log or written guideline of considerations to be taken into account. Plaintiffs refused to agree that this was sufficient. |
| **RFP 241:** ALL DOCUMENTS RELATING TO the denial of ANY INCARCERATED PERSON from an alternative-to-incarceration or reentry program since January 1, 2021. | These documents are directly related to Plaintiffs' claim regarding overincarceration of Black and Latinx people by denying them equal access to alternative-to-incarceration programming. Defendants should be required to search for and produce responsive documents. | Defendants have produced statistical information about alternatives to incarceration and the reference to "reentry" is nonsensical. "Reentry" provides hearing impaired services, ADA services, and a whole host of other services and programs unrelated to alternatives to incarceration. The only Sheriff's program is early release. Plaintiffs have refused to narrow the request in any way to allow a search or suggest alternatives. Plaintiffs'' ESI search terms did not include any such terms. |
| **RFP 242:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the Correctional Offender Management Profiling for Alternative Sanctions tool, the California Pretrial Assessment tool, and ANY other pre-trial risk assessment tool. | These documents are directly related to Plaintiffs' claim regarding overincarceration of Black and Latinx people by denying them equal access to alternative-to-incarceration programming. Defendants should be required to search for and produce responsive documents. | The request necessarily includes any document whatsoever that references the tool. For e.g., the records of every incarcerated person for the history of the jail that was evaluated under the tool would be responsive. Plaintiffs refused to narrow the request. There is an ESI search term which includes the terms and the emails responsive to the request are being produced. |
| **RFP 243:** ALL DOCUMENTS RELATING TO studies, analyses, or evaluations of recidivism of | Defendants' analyses of recidivism are directly related to Plaintiffs' claim that the County overincarcerates Black | There is no claim relating to recidivism and Plaintiffs have never offered (and still have not offered) any |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| INCARCERATED PERSONS. | and Latinx individuals by denying them access to alternatives to incarceration programming. Defendants should be required to search for and produce any responsive documents. | explanation of what recidivism rates have to do with any claim or the relief requested in the case. |
| **RFP 244:** All DOCUMENTS RELATING TO alternatives to incarceration, including drug court and reentry court. | These documents are directly related to Plaintiffs' claim regarding overincarceration of Black and Latinx people by denying them equal access to alternative-to-incarceration programming. Defendants should be required to search for and produce responsive documents. | *Once incarcerated,,* individuals are eligible for the Sheriff's department early release or probations CPAC or work furlough. Probation and Sheriff's department do not decide which people to incarcerate and have no control or involvement in Court referral of matters to drug or reentry court. The request is phrased such that it would include records for the entire history of the jail and duplicates the information requested in Nos. 238-247. Plaintiffs were never willing to limit or distinguish this request from Nos. 238-247. |
| **RFP 245:** ALL JIMS data RELATED TO Plaintiffs' Ninth Claim for Relief in the Third Amended Complaint. | The requested documents are necessary for Plaintiffs' expert to conduct data analyses. Plaintiffs will narrow the set of variables associated with each records if Defendants provide a list of all variables associated with each individual's record. | There are no time limits on the request. Defendants can only guess at what "data" Plaintiffs consider relevant to early release programs and whether they are handled discriminatorily. The Sheriff's department only has early release and there is no one currently on early release. Probation does not have access to or use JIMS. Are plaintiffs looking for unidentified information that just happens to also be contained in JIMS that |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | | is used by Probation? The request is impossible to comply with and Plaintiffs refuse to rephrase. |
| **RFP 246:** ALL DOCUMENTS and data used by YOU when considering an INCARCERATED PERSON's eligibility for participation in alternatives to incarceration programing. | These documents are direcly related to Plaintiffs' claim regarding overincarceration of Black and Latinx people by denying them equal access to alternative-to-incarceration programming. Defendants should be required to search for and produce responsive documents. | There are no time limits on the request. "ALL DOCUMENTS" would include every IP's custody file that has ever been reviewed for a determination of eligibility. Plaintiffs refused to narrow the scope in meet and confer. Defendants did agree and are conducting a search for a list, log or written guideline of considerations to be taken into account. Plaintiffs refused to agree that this was sufficient. |
| **RFP 247:** ALL datasets RELATING TO people considered for participation in alternatives to incarceration programing. | The requested documents are necessary for Plaintiffs' expert to conduct data analyses. Plaintiffs will narrow the set of variables associated with each dataset if Defendants provide a list of all dataset variables associated with each record. | It is unknown what a "dataset" is. Probation produced statistical information requested in response to Special Interrogatory No. 9 for CPAC and Work Furlough (Bates Nos. 060552 and 105832). The documents identify each individual by race. An ESI search of emails was also run and is being processed. The request is improper as Plaintiffs already requested and obtained the statistical information on August 30, 2023. |
| **RFP 248-53** | Due to a scrivener's error, Plaintiffs accidentally omitted six RFPs drafted prior to September 1, 2023 that relate to Plaintiffs' Ninth Claim and that were and meant to be included in RFP Set 5. Plaintiffs notified Defendants of this accidental omission and Defendants would | Plaintiffs have far exceeded reasonable and proportionate bounds in making discovery requests in this case by number of requests, duplicating requests and refusing to narrow requests in any manner as evidenced by the items included in this motion. |

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| | not agree to accept service of these as if they were included in RFP Set 5; accordingly, Plaintiffs wish to seek leave of Court to serve these additional six RFPs. | The new requests are wholly unrelated to any issue in the TAC that must be determined at trial. "Mentioning" overincarceration of a certain demographic does not make discovery on the issue appropriate. Sheriff's and Probation do not make determinations about who is incarcerated. Courts make those decisions. The discovery requests seeks information about how many in certain demographics are arrested, are repeat offenders (per an above request about recidivism), how many are sentenced to jail, etc. None of these factors are relevant to a determination of whether, *once in jail*, the Sheriff's department does or does not discriminate against those demographic groups in granting, for e.g., Sheriff's Parole. Document searches in the case center around "Detentions Services Bureau" because the bureau handles incarcerated individuals and the facilities. The requests seek information from departments like patrol that have nothing to do with anything once an individual is incarcerated. The requests are nothing more than further harassment by Plaintiffs in conducting discovery and they should be denied. |

1

## II.    PLAINTIFFS' INTERROGATORIES

Defendants' response to Plaintiffs' Second Set of Interrogatories is attached
as **Exhibit D**.

| Request | Plaintiffs' Position | Defendants' Position |
|---|---|---|
| **ROG 24:** Identify all audits relating to custody operations and HEALTH CARE services at the JAIL, from January 1, 2020 to the present. | Defendants should be required to identify audits relating to issues raised in the Third Amended Complaint during the requested time period because their findings, and Defendants' responses to any such findings, are directly relevant to the claims in this case. This includes audits going back to January 1, 2020, as certain conditions in the Jail may be unchanged. | Defendants' requested a narrowing to recent audits because health care has changed since the Naphcare contract started. The Court has previously limited such discovery to six months prior to when Naphcare started. They started in June of 2022 and the Court has limited the requests in the past to January 1, 2022. Plaintiffs refuse to comply with this limitation. |

## III.    DEFENDANT'S' REQUESTS FOR PRODUCTION

Plaintiff Darryl Dunsmore's response to Defendants' First Set of Requests for
Production is attached as **Exhibit E**. Plaintiff Andree Andrade's response to
Defendants' First Set of Requests for Production is attached as **Exhibit F**. Plaintiff
Ernest Archuleta's response to Defendants' First Set of Requests for Production is
attached as **Exhibit G**. Plaintiff James Clark's response to Defendants' First Set of
Requests for Production is attached as **Exhibit H**. Plaintiff Anthony Edwards'
response to Defendants' First Set of Requests for Production is attached as
**Exhibit I**. Plaintiff Lisa Landers' response to Defendants' First Set of Requests for
Production is attached as **Exhibit J**. Plaintiff Reanna Levy's response to
Defendants' First Set of Requests for Production is attached as **Exhibit K**. Plaintiff
Josue Lopez's response to Defendants' First Set of Requests for Production is
attached as **Exhibit L**. Plaintiff Christopher Nelson's response to Defendants' First
Set of Requests for Production is attached as **Exhibit M**. Plaintiff Christopher

1  Norwood's response to Defendants' First Set of Requests for Production is attached

2  as **Exhibit N**.  Plaintiff Jesse Olivares' response to Defendants' First Set of

3  Requests for Production is attached as **Exhibit O**.  Plaintiff Gustavo Sepulveda's

4  response to Defendants' First Set of Requests for Production is attached as **Exhibit**

5  **P**.  Plaintiff Michael Taylor's response to Defendants' First Set of Requests for

6  Production is attached as **Exhibit Q**.  Plaintiff Laura Zoerner's response to

7  Defendants' First Set of Requests for Production is attached as **Exhibit R.**

8          Unless otherwise stated, Defendants have agreed to limit the time frame for

9  all document requests to January 1, 2021.

| Request | Defendants' Position | Plaintiffs' Position |
|---------|---------------------|---------------------|
| **RFP 1**:  All DOCUMENTS supporting YOUR claim that medical care at the JAIL is inadequate as alleged in YOUR COMPLAINT. | Each Plaintiff inserted the same boiler plate objections ["Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above"], that the time frame was overbroad, that Plaintiffs don't understand the words "supporting" and "evidencing", that Defendants already have the documents, that the requests seek information subject to privacy rights of the incarcerated persons because of medical and mental health privacy.  The objections are astounding given the positions taken by Plaintiffs that they should be able to ask open ended document requests without date restrictions and that medical and mental health records cannot be produced because of privacy rights. Presumably those same medical and mental health records will be | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2).  Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | given to experts to render opinions, leaving Defendants unable to defend against the claims in this case. Defendants request an order striking all of the objections except as to attorney client privilege and order production of all documents withheld including statements provided by third parties (incarcerated persons and others) to Plaintiffs' counsel because they are not protected by work product privilege.<br><br>The assertion that Plaintiffs counsel does not understanding "Supporting" or "evidencing" is made in bad faith. | |
| **RFP 2**: ALL DOCUMENTS evidencing the changes which must be made to render the medical care provided at the JAIL adequate. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 3**: ALL DOCUMENTS evidencing the way(s) in which YOU | Id. | Defendants waived this issue by failing to raise it in the Parties' November |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| were affected by inadequate mental health care at the JAIL and the dates thereof. | | 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 4:** All DOCUMENTS supporting YOUR claim that mental health care at the JAIL is inadequate as alleged in YOUR COMPLAINT. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 5:** ALL DOCUMENTS evidencing the changes which must be made to render the mental health care provided at the JAIL adequate. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | 2).  Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 6:**  ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate mental health care at the JAIL and the dates thereof. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2).  Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 7:**  ALL DOCUMENTS supporting YOUR claim that dental care provided at the JAIL is inadequate as alleged in YOUR COMPLAINT. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2).  Plaintiffs produced thousands of documents in response to Defendants' requests and |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 8:** ALL DOCUMENTS evidencing the changes which must be made to make the dental care provided at the JAIL adequate. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 9:** ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate dental care at the JAIL and the dates thereof. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and |

| Request | Defendants' Position | Plaintiffs' Position |
|---------|---------------------|---------------------|
| | | Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 10:** ALL DOCUMENTS supporting YOUR claim that the environmental health and safety conditions are inadequate at the JAIL as alleged in YOUR COMPLAINT. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 11:** ALL DOCUMENTS evidencing the changes which must be made to render the environmental health and safety conditions at the JAIL adequate. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 12:** ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate environmental health and safety conditions at the JAIL and the dates thereof. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 13:** ALL DOCUMENTS supporting YOUR claim that the safety and security provided at the JAIL is inadequate as alleged in YOUR COMPLAINT. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | Federal Rules of Civil Procedure. |
| **RFP 14:** ALL DOCUMENTS evidencing the changes which must be made to render the safety and security provided at the JAIL adequate. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 15:** ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate safety and security at the JAILS and the dates thereof. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 16:** ALL DOCUMENTS supporting | Id. | Defendants waived this issue by failing to raise it |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| YOUR claim that DEFENDANTS deny Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR COMPLAINT. | | in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 17:** ALL DOCUMENTS evidencing the changes which must be made to provide Incarcerated Persons at the JAIL access to legal counsel and the Courts. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 18:** ALL DOCUMENTS evidencing the way(s) in which YOU were denied access to legal counsel and the Court and the dates of said denials. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 19:** ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to provide reasonable accommodations to Incarcerated People with Disabilities at the JAIL as alleged in YOUR COMPLAINT. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 20:** ALL DOCUMENTS evidencing the changes which must be made at the JAIL to provide reasonable accommodations to Incarcerated People with Disabilities. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 21:** ALL DOCUMENTS evidencing the way(s) in which YOU were denied reasonable accommodations by DEFENDANTS including the dates of said denials. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 22:** ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq). prior to filing this lawsuit. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 23:** ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 24:** ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs to avoid discrimination on the basis of race, color, national origin, or ethic group identification. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |
| **RFP 25:** ALL DOCUMENTS evidencing the way(s) in which YOU were discriminated against on the basis of race, color, national origin, or ethic group identification under DEFENDANTS' policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs, including the date of the discriminatory act(s). | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Plaintiffs produced thousands of documents in response to Defendants' requests and are not withholding any non-privileged documents in response to those requests, and Plaintiffs' objections, in particular the limiting objection for the undefined terms "supporting" and "evidencing" are appropriate and consistent with the Federal Rules of Civil Procedure. |

## IV.    DEFENDANT'S' SPECIAL INTERROGATORIES

Plaintiff Darryl Dunsmore's response to Defendants' First Set of

Interrogatories is attached as **Exhibit S**.

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| **ROG 1:** For each PLAINTIFF, describe in detail each and every deficiency and/or condition he/she claims exists at the JAIL which renders the medical care provided inadequate as alleged in the COMPLAINT. | Defendants served the identical interrogatories to Plaintiffs but split them into a separate set for each plaintiff. Plaintiffs received them and advised Defense counsel that the total number exceeded the 25 *total* allowed to Defendants by the Court. Defendants tried to meet | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | and confer to come up with a solution and Plaintiffs refused to respond to any suggestions offered by Defendants in a Zoom, or make any suggestions of their own.  Plaintiffs counsel advised that they were just attending because they were asked to be there.

Defendants re-served the interrogatories in one single set, propounded to each Plaintiff and prefacing each interrogatory by 'For each Plaintiff".  Plaintiffs responded for Mr. Dunsmore only claiming in meet and confer that they could not have any other plaintiff respond and verify any other plaintiffs answer. Defendants suggested that each plaintiff verify only as to the information provided by them but Plaintiffs refused.

The interrogatories are narrow and focused on the specific issues in the complaint and including requests for verified responses about standing. The interrogatories are the only method to obtain information from Plaintiffs about what specific facts they have to support their claims of deficiencies, including identifying those deficiencies, and what Plaintiffs claim the solution is to the deficiencies.  Plaintiffs take the position that | answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | they may file a complaint and simply show up at trial without ever having to disclose their exact claims and the facts supporting those claims. Plaintiffs have repeatedly referenced the 250+ page complaint claiming that this gives Defendants enough information to comply with due process. The claim is meritless and Plaintiffs should be compelled to answer the interrogatories with facts specific to each plaintiff to permit a proper defense and dispositive motions.<br><br>The responses provided have some facts that relate to Mr. Dunsmore but also contain generic statements about what "the class experienced". The questions are not directed to "the class". They are directed to the class representatives who are supposedly qualified to represent every class member based upon their personal experiences (i.e. standing) with the alleged deficiencies.<br><br>Mr. Dunsmore should be ordered to provide amended responses indicating that he cannot identify deficiencies or identify the ones he claims he personally experienced. The portions of this answers generically speaking to "Class members" should be stricken as non-responsive and not facts. | |
| **ROG 2:** For each PLAINTIFF, describe in | Id. | Defendants waived this issue by failing to raise it |

| Request | Defendants' Position | Plaintiffs' Position |
|---------|---------------------|---------------------|
| detail the specific way(s) in which each and every deficiency and/or condition identified in response to Interrogatory No. 1 must be changed to make the medical care provided adequate. | | in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 3:** For each PLAINTIFF, describe in detail the specific way(s) in which PLAINTIFF was affected by inadequate mental health care at the JAIL and the dates thereof. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 4:** For each PLAINTIFF, describe in detail each and every deficiency and/or condition PLAINTIFF claims exists at the JAIL which renders the mental health care provided inadequate as alleged in the COMPLAINT. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 5:** For each PLAINTIFF, describe in detail the specific way(s) in which each and every deficiency and/or condition identified in response to Interrogatory No. 4 must be changed to make the mental | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| health care provided adequate. | | Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 6:** For each PLAINTIFF, describe in detail the specific way(s) in which PLAINTIFF was affected by inadequate mental health care at the JAIL and the dates thereof. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 7:** For each PLAINTIFF, describe in detail each and every deficiency and/or condition PLAINTIFF claims exists at the JAIL which renders the dental care provided inadequate as alleged in the COMPLAINT. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 8:** For each PLAINTIFF, describe in detail the specific way(s) in which each and every deficiency and/or condition identified in response to Interrogatory No. 7 must be changed to make the dental care provided adequate. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 9:** For each PLAINTIFF, describe in detail the specific way(s) in which PLAINTIFF was affected by inadequate dental care at the JAIL and the dates thereof. | | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| **ROG 10:** For each PLAINTIFF, describe in detail each and every deficiency and/or condition PLAINTIFF claims exists at the JAIL which renders the environmental health and safety conditions inadequate as alleged in the COMPLAINT. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 11:** For each PLAINTIFF, describe in detail the specific way(s) in which each and every deficiency and/or condition identified in response to Interrogatory No. 10 must be changed to make the environmental health and safety conditions adequate. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 12:** For each PLAINTIFF, describe in detail the specific way(s) in which PLAINTIFF was affected by inadequate environmental health and safety conditions at the JAIL and the dates thereof. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 13:** For each PLAINTIFF, describe in detail each and every deficiency and/or condition PLAINTIFF claims exists at the JAIL which renders the | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| safety and security provided inadequate as alleged in the COMPLAINT. | | Order (Dkt. 441 at 2).  Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 14:**  For each PLAINTIFF, describe in detail the specific way(s) in which each and every deficiency and/or condition identified in response to Interrogatory No. 13 must be changed to make the safety and security provided adequate. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2).  Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 15:** For each PLAINTIFF, describe in detail the specific way(s) in which PLAINTIFF was affected by inadequate safety and security at the JAILS and the dates thereof. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 16:** For each PLAINTIFF, describe in detail each and every deficiency and/or condition PLAINTIFF claims exists at the JAIL denying access to legal counsel and the Courts as alleged in the COMPLAINT. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 17:** For each PLAINTIFF, describe in detail the specific way(s) in which each and every deficiency and/or condition identified in response to Interrogatory No. 16 must be changed to provide access to legal counsel and the Courts. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | (resulting instead in 350 interrogatories). |
| **ROG 18:** For each PLAINTIFF, describe in detail the specific way(s) in which PLAINTIFF was denied access to legal counsel and the Court and the dates of said denials. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 19:** For each PLAINTIFF, describe in detail each and every failure to provide reasonable accommodation to Incarcerated People with Disabilities at the JAIL as alleged in the COMPLAINT. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 20:** For each PLAINTIFF, describe in detail the specific way(s) in which each and every failure to provide reasonable accommodation to Incarcerated People with Disabilities identified in response to Interrogatory No. 19 must be changed. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 21:** For each PLAINTIFF, describe in detail the specific way(s) in which PLAINTIFF was | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| denied reasonable accommodations by DEFENDANTS including the dates of said denials. | | (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 22:** For each PLAINTIFF, describe in detail each and every fact relating to PLAINTIFF'S exhaustion of remedies under the Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq). | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|
| | | individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |
| **ROG 23:** For each PLAINTIFF, describe in detail each every way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs which discriminate on the basis of race, color, national origin, or ethic group identification as alleged in the COMPLAINT. | Id. | Defendants waived this issue by failing to raise it in the Parties' November 17 Joint Status Report (Dkt. 450), as required by the Court's November 8 Order (Dkt. 441 at 2). Consistent with the Federal Rule of Civil Procedure 33(b) requirement that an interrogatory to be answered under oath by a person (not by their attorney), lead Plaintiff Darryl Dunsmore provided a factual response within his personal knowledge to each of Defendants' 25 separate interrogatories; Defendants' proposal would require 14 people to respond to 25 individual interrogatories and verify those answers, making each interrogatory compound and an end-run around the Court's order limiting the parties to 25 interrogatories per side (resulting instead in 350 interrogatories). |

| Request | Defendants' Position | Plaintiffs' Position |
|---|---|---|

DATED:  December 11, 2023        ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
_____
       Van Swearingen

Attorneys for Plaintiffs and the Certified Class
and Subclasses


DATED:  December 11, 2023        BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Elizabeth M. Pappy*
_____
       Elizabeth M. Pappy

Attorneys for Defendants


## SIGNATURE CERTIFICATION

Pursuant to the Court's Electronic Case Filing Procedures Manual Section 2(f)(4), I certify that I have obtained the consent of all signatories to the electronic filing of the foregoing document.


DATED:  December 11, 2023        ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
_____
       Van Swearingen

Attorneys for Plaintiffs and the Certified Class
and Subclasses