# Exhibit A

1    Susan E. Coleman (SBN 171832)
     E-mail: scoleman@bwslaw.com
2    BURKE, WILLIAMS & SORENSEN, LLP
     501 West Broadway, Suite 1600,
3    San Diego, CA 92101-8474
     Tel: 619.814.5800    Fax: 619.814.6799
4
     Elizabeth M. Pappy (SBN 157069)
5    E-mail: epappy@bwslaw.com
     BURKE, WILLIAMS & SORENSEN, LLP
6    60 South Market Street, Ste. 1000
     San Jose, CA 95113-2336
7    Tel: 408.606.6300    Fax: 408.606.6333

8    Attorneys for Defendants
     COUNTY OF SAN DIEGO, SAN DIEGO
9    COUNTY SHERIFF'S DEPARTMENT and
     SAN DIEGO COUNTY PROBATION DEPARTMENT
10

11              UNITED STATES DISTRICT COURT

12              SOUTHERN DISTRICT OF CALIFORNIA

13

14   DARRYL DUNSMORE, et.al.,          Case No. 3:20-cv-00406-AJB-DDL

15            Plaintiffs,              **DEFENDANTS' RESPONSES TO
                                       REQUESTS FOR PRODUCTION,
16        v.                           (SET THREE)**

17   SAN DIEGO COUNTY SHERIFF'S
     DEPARTMENT, et.al.,
18
              Defendants.
19

20

21   PROPOUNDING PARTY:  PLAINTIFFS

22   RESPONDING PARTY:    Defendants SAN DIEGO COUNTY SHERIFF'S
23                        DEPARTMENT, COUNTY OF SAN DIEGO, SAN
                          DIEGO COUNTY PROBATION DEPARTMENT
24

25   SET NO.:             THREE (3)

26

27       Defendant San Diego County Sheriff's Department, County of San Diego,

28   and San Diego County Probation Department, hereby respond to Plaintiffs' Request

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

1                    Case No. 3:20-cv-00406-AJB-DDL
                     DEFENDANTS' RESPONSES TO REQUESTS
                     FOR PRODUCTION, SET THREE

for Production of Documents, Set Three, as follows:

Investigation and discovery by defendants is still continuing and is not yet complete. In responding to this request for production, defendants provide such information as is presently available.  Each answer is subject to all appropriate objections (including, but not limited to objections concerning competency, relevancy, materiality, propriety, privilege and admissibility) which would require exclusion of any statement herein if the production demand were asked of, or any statement contained herein were made by, a witness present and testifying in court.  Also, objections and grounds are reserved or may be interposed at the time of trial.

Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred.  Finally, because some of these responses may have been ascertained by defendant's attorneys and investigators, defendants may not have personal knowledge of the information from which such responses were derived.

This preliminary statement is incorporated into each of the responses set forth below.   Defendants' investigation of this matter is continuing and they, accordingly, reserve the right to update, or amend, this response as further and/or more specific information is acquired and also reserve the right to supplement this response at a later time.

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 25:**

ALL CURRENT POLICIES AND PROCEDURES RELATING TO the JAIL, including but not limited to ALL operations manuals and standard operating procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection.  The request is overly broad and unduly burdensome and duplicative of prior requests.  All policies and procedures relating to all facilities are

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

2

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  not related to the subject matters pled in the Third Amended Complaint ("TAC")

2  and therefore not reasonably calculated to lead to the discovery of admissible

3  evidence.  Policies and procedures were previously requested and produced in

4  response to RFPOD #1- 4, 7, 9, and 10 as to Rock Mountain and San Diego Central

5  Jail ("SDCJ"), and RFPOD #2, Nos. 15, 16, 21, 22, and 24.  This request also seeks

6  information that is publicly available to the extent the Sheriff's Department policies

7  are available online.  Without waiving these objections, Defendants respond as

8  follows:

9        Defendants will respond upon narrowing to exclude what has already been

10  requested and provided and to specifically identify policies and procedures related

11  to the subject matters of the TAC.

12  **REQUEST FOR PRODUCTION NO. 26:**

13        ALL amendments to POLICIES AND PROCEDURES RELATING TO the

14  JAIL from January 1, 2021 to the present.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

16        Objection.  The request is overly broad and unduly burdensome and

17  duplicative of prior requests.  All policies and procedures relating to all facilities are

18  not related to the subject matters pled in the Third Amended Complaint ("TAC")

19  and therefore not reasonably calculated to lead to the discovery of admissible

20  evidence.  Policies and procedures were previously requested and produced in

21  response to RFPOD #1- 4, 7, 9, and 10 as to Rock Mountain and San Diego Central

22  Jail ("SDCJ"), and RFPOD #2, Nos. 15, 16, 21, 22, and 24.  This request also seeks

23  information that is publicly available to the extent the Sheriff's Department policies

24  are available online.  Without waiving these objections, Defendants respond as

25  follows:

26        Defendants will respond upon narrowing to exclude what has already been

27  requested and provided and to specifically identify policies and procedures related

28  to the subject matters of the TAC.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

3

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1 **REQUEST FOR PRODUCTION NO. 27:**

2      ALL drafts of POLICIES AND PROCEDURES used or developed by

3 CONTRACTORS, including but not limited to NaphCare, Inc., from January 1,

4 2021 to the present.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

6      Objection. This request is overly broad, unduly burdensome, and vague and

7 ambiguous in that it does not specify the subject matters nor does it narrow the

8 contractors, many of which are unrelated to the subjects raised in the TAC and thus

9 not reasonably calculated to lead to the discovery of admissible evidence.

10 Additionally, Defendants do not necessarily have access or control over drafts of

11 policies and procedures of their contractors. Without waiving such objections,

12 Defendants respond as follows:

13      Defendants are unaware of any such draft policy and procedure documents of

14 its contractors other than from Naphcare.  All responsive draft documents for

15 Naphcare in the custody, control and/or possession of responding parties will be

16 produced.

17 **REQUEST FOR PRODUCTION NO. 28:**

18      ALL memoranda issued by YOU RELATING TO the JAIL from January 1,

19 2021 to the present.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

21      Objection.  This request is vague, ambiguous, overly broad and unduly

22 burdensome.  "Memoranda" could include hundreds of thousands of documents

23 wholly unrelated to the subject matter of the TAC and thus not reasonably

24 calculated to lead to the discovery of admissible evidence.  No documents will be

25 produced in response to the request.

26 **REQUEST FOR PRODUCTION NO. 29:**

27      ALL post orders issued by the SHERIFF'S DEPARTMENT RELATING TO

28 the JAIL from January 1, 2021 to the present.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

4

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 29:**

Objection. This request is vague and ambiguous in that the Sheriff's Department does not have documents titled "Post Orders." Without waiving these objections, Defendants respond as follows:

There are no responsive documents.

**REQUEST FOR PRODUCTION NO. 30:**

ALL Green Sheets issued by the SHERIFF'S DEPARTMENT RELATING TO the JAIL from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Objection. The request is overly broad, unduly burdensome, and duplicative of prior requests and documents which have already been produced. Further, all green sheets for all facilities are overly broad, not related to the subject matters pled in the Third Amended Complaint ("TAC"), and thus not reasonably calculated to lead to the discovery of admissible evidence. Policies and procedures, including green sheets, were previously requested and produced in response to RFPOD #1-4, 7, 9, and 10 as to Rock Mountain and San Diego Central Jail ("SDCJ"), and RFPOD #2, Nos. 15, 16, 21, 22, and 24. Defendants will respond upon narrowing to exclude what has already been requested/provided and specific identification of green sheets related to the subject matters of the TAC.

**REQUEST FOR PRODUCTION NO. 31:**

ALL COMMUNICATIONS sent or issued by any EMPLOYEES of the SHERIFF'S DEPARTMENT that altered, amended, modified, or otherwise affected any POLICIES AND PROCEDURES RELATING TO the JAIL from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

The request is vague and ambiguous, overly broad and unduly burdensome. All policies and procedures are not related to the subject matters pled in the Third Amended Complaint ("TAC") and thus are not reasonably calculated to lead to the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

5

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  discovery of admissible evidence. The Sheriff's Department employs 4,249

2  individuals and it is impossible to conduct a search of every email generated by

3  anyone in the Sheriff's Department that may have "altered, amended, modified, or

4  otherwise affected" a policy or procedure.  For example, an email about a particular

5  incident or suggestion to change the color ink for use on a written form could have

6  been the basis for reconsideration and ultimate amendment of a policy or procedure

7  about any subject to provide clarification or improvement.

8  **REQUEST FOR PRODUCTION NO. 32:**

9  ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying,

10  responding to, housing, treating, monitoring, and/or tracking INCARCERATED

11  PERSONS covered by the SHERIFF'S DEPARTMENT's alcohol and opiate

12  withdrawal protocols from January 1, 2021 to the present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

14  Objection.  The request is vague and ambiguous, overly broad and unduly

15  burdensome.  The request seeks documents subject to privacy rights and HIPPA.

16  "Relating" to is also vague and ambiguous as it could cover hundreds of thousands

17  of pages of documents including medical records of hundreds of third party

18  Incarcerated Persons who have not been asked and have not been given their

19  permission to release their medical records..

20  **REQUEST FOR PRODUCTION NO. 33:**

21  ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying,

22  responding to, housing, treating, monitoring, and/or tracking INCARCERATED

23  PERSONS in the SHERIFF'S DEPARTMENT's medication-assisted treatment

24  ("MAT") program from January 1, 2021 to the present.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

26  Objection.  The request is vague and ambiguous, overly broad and unduly

27  burdensome.  The request seeks documents subject to privacy rights and HIPPA.

28  "Relating" to is also vague and ambiguous as it could cover hundreds of thousands

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

6

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  of pages of documents including medical records of hundreds of third party

2  Incarcerated Persons who have not been asked and have not been given their

3  permission to release their medical records..

4  **REQUEST FOR PRODUCTION NO. 34:**

5        ALL COMMUNICATIONS from EMPLOYEES of NaphCare, Inc.

6  RELATING TO HEALTH CARE and/or MENTAL HEALTH CARE at the JAIL

7  from January 1, 2021 to the present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

9        Objection. The request is overly broad and unduly burdensome.  It invades

10  the right to privacy and HIPPA laws.  It potentially covers thousands of

11  communications including medical information of hundreds of third party

12  Incarcerated Persons who have not been asked for and have not given their

13  permission to release their medical information.  Without waiving said objections

14  and subject thereto, Defendants respond as follows:

15        Communications which do not involve the medical information of any

16  Incarcerated Person will be produced.

17  **REQUEST FOR PRODUCTION NO. 35:**

18        ALL GRIEVANCES, inmate requests, and sick call requests submitted by

19  PLAINTIFFS.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

21        Objection.  This request is compound, seeks information equally available to

22  Plaintiffs.  Without waiving these objections, and assuming Plaintiffs seek the

23  documents for the current named plaintiffs, Defendants respond as follows:

24        All responsive documents in the custody, control and/or possession of

25  Defendants will be produced.

26  **REQUEST FOR PRODUCTION NO. 36:**

27        ALL responses to GRIEVANCES, inmate requests, and sick call requests

28  submitted by PLAINTIFFS.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

7

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

2      Objection.  This request is compound, and seeks information equally

3  available to Plaintiffs.  Without waiving these objections, and assuming Plaintiffs

4  seek the documents for the current named plaintiffs, Defendants respond as follows:

5      All responsive documents in the custody, control and/or possession of

6  Defendants will be produced.

7  **REQUEST FOR PRODUCTION NO. 37:**

8      ALL COMMUNICATIONS RELATING TO PLAINTIFFS from January 1,

9  2019 to the present.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

11     Objection.  The request is overly broad and unduly burdensome.  The request

12 seeks documents subject to the attorney/client privilege as any such communications

13 are likely to relate to this litigation.  The definition of communications is also overly

14 broad in that it includes "any and every piece of paper including any plaintiffs'

15 name."  This would include medical records, custody records, attorney-client

16 privileged information about the litigation, and grievances, most of which have been

17 requested herein and/or previously produced.  Without a narrowing of what specific

18 categories of documentation is being requested, a response cannot be provided.

19 **REQUEST FOR PRODUCTION NO. 38:**

20     ALL DOCUMENTS RELATING TO HEALTH CARE screening and intake

21 procedures at the JAIL from January 1, 2021 to the present.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

23     Objection.  The request is overly broad and unduly burdensome and

24 duplicative in that it requests documents which have already been requested and

25 produced.  Policies and procedures, including green sheets, covering health care

26 screenings and intake procedures were previously requested and produced. Without

27 waiving these objections, Defendants respond as follows:

28     Defendants will provide blank screening and intake forms.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

8

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**REQUEST FOR PRODUCTION NO. 39:**

ALL DOCUMENTS RELATING TO the following for each existing HEALTH CARE STAFF position (*e.g*., M.D., R.N., L.P.N.) at the JAIL: the number of allocated positions, the number of hours required for each position, the number of vacancies and the duration of vacancies for each position, and STAFFING PLANS RELATING TO each position at the JAIL from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Objection.  This request is compound, and may seek the compilation of information not existing in current documents.  Without waiving these objections, Defendants respond as follows:

All responsive documents in the custody, control and/or possession of responding parties will be produced.

**REQUEST FOR PRODUCTION NO. 40:**

ALL DOCUMENTS sufficient to show training completed by HEALTH CARE STAFF from January 1, 2021 to the present, including but not limited to attendance sheets for each identified training module/session.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection.  The request is burdensome and overbroad to the extent a search of all employee files is being requested.  Without waiving said objections and subject thereto, Defendants respond as follows:

All responsive documents in the custody, control and/or possession of responding parties will be produced.

**REQUEST FOR PRODUCTION NO. 41:**

ALL DOCUMENTS RELATING TO monitoring and/or auditing of HEALTH CARE provided to INCARCERATED PERSONS, including but not limited to, quality improvement, quality assurance or clinical performance reviews, peer reviews, in-service trainings, internal or external audits, technical assistance reports, accreditations, contract monitoring reports, minutes from quality assurance

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

9

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  meetings, and HEALTH CARE record reviews, from January 1, 2021 to the present.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

3      The request is compound, overly broad and unduly burdensome.  The request

4  seeks documents subject to privacy rights and HIPPA. "Relating" to within the

5  context of the request could cover hundreds of thousands of pages of documents

6  including medical records of thousands of third party Incarcerated Persons who have

7  not been asked and have not given their permission to release their medical records.

8  In addition, the request seeks documents subject to the privacy rights of Defendants'

9  employees and possibly those of contractors providing health care services at the

10 jail.  Without waiving these objections, Defendants respond as follows:

11     To the extent there are any non-privacy and HIPPA protected documents, or

12 documents which are private and/or subject to HIPPA which can reasonably be

13 redacted to exclude any protected information while still being meaningful, said

14 documents will be produced.

15 **REQUEST FOR PRODUCTION NO. 42:**

16     ALL DOCUMENTS RELATING TO agreements entered into by

17 DEFENDANTS and ANY hospitals or other outside health care facilities for the

18 transfer, acceptance, or scheduling of INCARCERATED PERSONS for the purpose

19 of providing HEALTH CARE from January 1, 2021 to the present.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

21     Objection.  This request is compound, overly broad, unduly burdensome, and

22 may seek documents in the custody of contractors.  Without waiving these

23 objections, and assuming Plaintiffs seek the documents for the current named

24 plaintiffs, Defendants respond as follows:

25     All responsive documents in the custody, control and/or possession of

26 Defendants will be produced.

27 **REQUEST FOR PRODUCTION NO. 43:**

28     ALL DOCUMENTS and COMMUNICATIONS RELATING TO

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

10

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  disciplinary actions taken by DEFENDANTS with respect to an EMPLOYEE of

2  DEFENDANTS or a CONTRACTOR who provided inappropriate, insufficient, or

3  substandard HEALTH CARE at the JAIL from January 1, 2021 to the present.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

5      Objection.  The request is compound, overly broad, and unduly burdensome.

6  It may also seek documents outside the subject areas of the TAC, which would not

7  be reasonably calculated to lead to the discovery of admissible evidence.  It also

8  seeks attorney-client privileged communications. It also seeks confidential

9  personnel documents subject to the privacy rights of third parties, and those parties

10 possess independent rights to object to the production of their personnel files.  The

11 request also would require legal opinion/analysis as to the specific nature of the

12 disciplinary action and whether it constituted inappropriate, insufficient or

13 substandard health care. Accordingly, these documents will not be produced.

14 **REQUEST FOR PRODUCTION NO. 44:**

15      ALL requests or orders issued by a superior court judge RELATING TO

16 HEALTH CARE services in the JAIL or seeking HEALTH CARE on behalf of any

17 INCARCERATED PERSON, including but not limited to minute orders specifying

18 actions to be taken by YOU RELATING TO HEALTH CARE for

19 INCARCERATED PERSONS, from January 1, 2021 to the present.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

21      Objection. This request seeks documents which are public record and equally

22 available to Plaintiffs. It is also unduly burdensome, compound, and overly broad

23 and would require Defendants to conduct research and examine requests/orders to

24 determine if they fell within the subject area of the request.  Accordingly,

25 Defendants will not provide documents.

26 **REQUEST FOR PRODUCTION NO. 45:**

27      ALL DOCUMENTS RELATING TO requests or orders issued by a superior

28 court judge RELATING TO HEALTH CARE services in the JAIL or seeking

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

11

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  HEALTH CARE on behalf of any INCARCERATED PERSON, including but not

2  limited to YOUR responses to such requests or orders, COMMUNICATIONS about

3  such requests or orders, and DOCUMENTS used to track such requests or orders,

4  from January 1, 2021 to the present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

6       Objection. This request seeks documents which are public record and equally

7  available to Plaintiffs. It is also unduly burdensome, compound, and overly broad

8  and would require Defendants to conduct research and examine requests/orders to

9  determine if they fell within the subject area of the request. To the extent this

10  request seeks communications about orders, it seeks attorney-client privileged

11  communications. Accordingly, Defendants will not provide documents.

12  **REQUEST FOR PRODUCTION NO. 46:**

13       DOCUMENTS sufficient to show how HEALTH CARE and DISABILITY-

14  related information can be stored in JIMS, including descriptions of the databases,

15  drop-down menus, and options used to store such information and training on the

16  same.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

18       Objection. This request is compound, vague and ambiguous, and overly

19  broad. Without waiving these objections, Defendants respond as follows:

20       All responsive documents in the custody, control and/or possession of

21  responding parties will be produced.

22  **REQUEST FOR PRODUCTION NO. 47:**

23       ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying,

24  responding to, housing, treating, monitoring, and tracking INCARCERATED

25  PERSONS at risk for suicide or self-harm from June 1, 2018 to the present.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

27       Objection.  The request is unduly burdensome and overly broad.  The request

28  is also duplicative in that it seeks documents previously requested and produced in

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

12

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

response to RFPOD #2, Nos. 16, 17, 18, and 23. The request also seeks confidential documents subject to HIPPA and the privacy rights of individuals. "Relating" to within the context of the request could cover hundreds of thousands of pages of documents including medical records of thousands of third party Incarcerated Persons who have not been asked and have not given their permission to release their medical records. Without waiving these objections, defendants respond as follows:

To the extent there are any non-privacy and HIPPA protected documents that have not already been requested and produced, said documents in the custody, control and/or possession of responding party will be produced.

**REQUEST FOR PRODUCTION NO. 48:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the JAIL's identification and/or elimination of suicide hazards from June 1, 2018 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Objection. The request is unduly burdensome and overly broad. The communications sought may be attorney-client privileged. The request is also duplicative in that it seeks documents previously requested and produced in response to RFPOD #2, No. 23, and they will not be reproduced.

**REQUEST FOR PRODUCTION NO. 49:**

ALL logs RELATING TO INCARCERATED PERSONS placed in EOH, PSU, and SAFETY CELLS from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Objection. The request seeks documents subject to privacy rights and HIPPA of third party Incarcerated Persons who have not been asked and have not given their permission to release their medical records. Accordingly, no documents will be produced.

**REQUEST FOR PRODUCTION NO. 50:**

ALL DOCUMENTS and COMMUNICATIONS THAT IDENTIFY ALL

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

13

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  CURRENT housing units and cells at the JAIL, including but not limited to those

2  designated as booking, administrative segregation, EOH, PSU, SAFETY CELLS,

3  and SOBERING CELLS.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

5      Objection. This request is compound, vague and ambiguous, and overly

6  broad. Without waiving these objections, Defendants respond as follows:

7      All responsive documents in the custody, control and/or possession of

8  responding parties will be produced.

9  **REQUEST FOR PRODUCTION NO. 51:**

10      ALL DOCUMENTS RELATING TO evaluations and assessments of

11  INCARCERATED PERSONS placed in SAFETY CELLS, EOH, or PSU from

12  January 1, 2021 to the present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

14      Objection. The request is compound, overly broad and unduly burdensome.

15  The request seeks documents subject to privacy rights and HIPPA. "Relating" to

16  within the context of the request could cover thousands of pages of confidential

17  documents including medical records of hundreds of third party Incarcerated

18  Persons who have not been asked and have not given their permission to release

19  their medical records.  Without waiving these objections, Defendants respond as

20  follows:

21      To the extent the request seeks policies and procedures relating to evaluations

22  and assessments for placement in any of the identified areas, they will be produced.

23  **REQUEST FOR PRODUCTION NO. 52:**

24      A blank example of ALL forms, including but not limited to suicide risk

25  assessment and intake assessment forms, used to evaluate INCARCERATED

26  PERSONS with known or possible HEALTH CARE needs from January 1, 2021 to

27  the present.

28  ///

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

14

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Objection.  The request is overly broad and unduly burdensome, and duplicative to the extent it requests documents which have already been requested in Request 38.  Policies and procedures, including green sheets, covering health care screenings and intake procedures were previously requested and produced. Without waiving these objections, Defendants respond as follows:

Defendants will provide blank screening and intake forms.

**REQUEST FOR PRODUCTION NO. 53:**

ALL COMMUNICATIONS, including but not limited to all emails from EISDECSSupport@cdcr.ca.gov from January 1, 2021 to the present that contain the following terms: "EOP," "CCCMS," "DPW," "DPV," "DPO," "DLT," "DPS," or "DPH," REGARDING INCARCERATED PEOPLE with DISABILITIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Objection., The request is overly broad and unduly burdensome.  The request seeks documents subject to privacy rights and HIPPA rights of third party Incarcerated Persons who have not been asked and have not given their permission to release their medical information. Accordingly, no documents are provided.

**REQUEST FOR PRODUCTION NO. 54:**

DOCUMENTS that detail fixtures, furniture, and equipment to be installed in the JAIL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Objection.  This request is overly burdensome, overly broad and includes documents subject to the settlement agreement between the parties as to physical aspects of SDCJ to be remediated to accommodate those with mobility impairments. In addition, the request seeks attorney client communications in this litigation and attorney work product documents relating to this litigation.  Without waiving these objections, Defendants respond as follows:

To the extent there are any non-privileged documents which are not covered

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

15

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  by the settlement, said documents will be produced.

2  **REQUEST FOR PRODUCTION NO. 55:**

3      ALL self-evaluations under Title II of the ADA.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

5      Objection. This request is overly burdensome, overly broad and includes

6  documents subject to the settlement agreement between the parties as to physical

7  aspects of SDCJ to be remediated to accommodate those with mobility impairments.

8  The request seeks attorney client and attorney work product documents in

9  connection with this litigation.  Without waiving these objections, Defendants

10  respond as follows:

11      To the extent there are any non-privileged documents which are not covered

12  by the settlement, said documents will be produced.

13  **REQUEST FOR PRODUCTION NO. 56:**

14      ALL ADA transition plans.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

16      Objection. This request is overly burdensome, overly broad and includes

17  documents subject to the settlement agreement between the parties as to physical

18  aspects of SDCJ to be remediated to accommodate those with mobility impairments.

19  The request seeks attorney client and attorney work product documents in

20  connection with this litigation.  Without waiving these objections, Defendants

21  respond as follows:

22      To the extent there are any non-privileged documents which are not covered

23  by the settlement, said documents will be produced.

24  **REQUEST FOR PRODUCTION NO. 57:**

25      DOCUMENTS sufficient to show a schedule of ALL CURRENT programs

26  offered to INCARCERATED PEOPLE in the Jail, including but not limited to

27  recreational, religious, educational, job training, substance use, reentry, and veterans

28  programs.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

16

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

Objection. This request is compound and overly broad.  Without waiving these objections, Defendants respond as follows:

All responsive documents in the custody, control and/or possession of responding parties will be produced.

**REQUEST FOR PRODUCTION NO. 58:**

All DOCUMENTS and COMMUNICATIONS RELATING TO the job description and duties of the JAIL's ADA Coordinator.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

Objection.  The request seeks the production of attorney client and work product documentation in this litigation.  Without waiving said objections and subject thereto, Defendants respond as follows:

Defendants will produce the job description and duties of the ADA coordinator.

**REQUEST FOR PRODUCTION NO. 59:**

ALL DOCUMENTS including tracking sheets RELATING TO implementation of ADA POLICIES AND PROCEDURES, and amendments or updates to ADA POLICIES AND PROCEDURES, at the JAIL from January 1, 2021 to the present, including but not limited to the tracking sheet Commander Christina Bavencoff states she created on January 20, 2023. *See* Bavencoff Decl., ¶ 2.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Objection.  This request is overly broad and unduly burdensome in its use of the word "Documents".  It could cover thousands of pages of documents.  The request also seeks documents subject to the attorney client privilege and work product relating to this litigation, and which are subject to the parties' settlement referenced above.  The request is also duplicative of RFPOD #1, Nos. 1, 3, 4, 6-10, and requests in RFPOD #3.  Without waiving these objections, Defendants respond

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

17

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  as follows:

2      The specifically referenced tracking and policy information in the Bavencoff

3  declaration is subject to the parties' settlement and will not be produced.

4  **REQUEST FOR PRODUCTION NO. 60:**

5      ALL "binders and archive materials" as described in the Bavencoff

6  Declaration RELATING TO DEFENDANTS' ADA accessibility POLICIES AND

7  PROCEDURES from January 1, 2021 to the present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

9      Objection.  The request seeks documents subject to the attorney client

10  privilege and work product relating to this litigation, and which are subject to the

11  parties' settlement referenced above.  Without waiving these documents, Defendants

12  respond as follows:

13      The specifically referenced tracking and policy information and physical

14  changes to facilities in the Bavencoff declaration is subject to the parties' settlement

15  and will not be produced.

16  **REQUEST FOR PRODUCTION NO. 61:**

17      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

18  proposed "ADA Unit" allegedly being developed by the SHERIFF'S

19  DEPARTMENT.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

21      Objection.  There is no "ADA Unit allegedly being developed" and thus the

22  request is vague and ambiguous as to what is referred to.  To the extent the request

23  refers to the ADA unit formed in June and July of 2023, the request is overbroad

24  and burdensome in its use of the words "Documents" and "Communications." The

25  request as phrased seeks documents subject to the attorney client privilege and work

26  product relating to this litigation.  Without waiving said objections, and subject

27  thereto, Defendants respond as follows:

28      Defendants will provide non-privileged responsive documents from the Unit.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

18

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  **REQUEST FOR PRODUCTION NO. 62:**

2      ALL contracts for the provision of services for INCARCERATED PEOPLE

3  with hearing DISABILITIES at the JAIL, including but not limited to those with

4  Purple, Lionsbridge, Language Line Services, and United Language Group, and to

5  provide internet and tablet service, from January 1, 2021 to the present.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

7      Objection.  The request seeks documents subject to the parties' settlement

8  referenced above and will not be produced.

9  **REQUEST FOR PRODUCTION NO. 63:**

10      ALL DOCUMENTS and COMMUNICATIONS RELATED TO lists of

11  projects RELATING TO ADA compliance and accessibility at the JAIL, including

12  but not limited to the list of ADA projects allegedly kept by Commander Christina

13  Bavencoff, from January 1, 2021 to the present.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

15      Objection.  The request seeks documents which are subject to the attorney

16  client and work product privileges.  The request also seeks documents subject to the

17  parties' settlement.  Accordingly, no such documents will be produced.

18  **REQUEST FOR PRODUCTION NO. 64:**

19      ALL orientation videos AND handbooks shown or provided to

20  INCARCERATED PEOPLE at the JAIL from January 1, 2021 to the present.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

22      Objection.  This request is compound. Without waiving these objections,

23  Defendants respond as follows:

24      All responsive documents in the custody, control and/or possession of

25  Defendants will be produced.

26  **REQUEST FOR PRODUCTION NO. 65:**

27      The "notes" kept by Commander Christina Bavencoff regarding services

28  provided to INCARCERATED PEOPLE at the JAIL and ANY changes to those

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

19

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  services that she has requested. *See* Bavencoff Decl., ¶ 7.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

3      Objection.  The request seeks documents which are subject to the attorney

4  client and work product privileges.  The request also seeks documents subject to the

5  parties' settlement.  Accordingly, no such documents will be produced.

6  **REQUEST FOR PRODUCTION NO. 66:**

7      ALL email messages sent to the SHERIFF'S DEPARTMENT staff when an

8  INCARCERATED PERSON has a JIMS alert related to a DISABILITY from

9  January 1, 2021 to the present.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

11      Objection.  The request is overbroad and burdensome.  The request seeks

12  documents subject to privacy rights and HIPPA of incarcerated persons and would

13  require a review of thousands of emails for specific information about disability

14  related alerts.  The request also seeks confidential medical information about

15  thousands of third party Incarcerated Persons who have not been asked and have not

16  given their permission to release their medical information. Accordingly, no

17  documents will be produced.

18  **REQUEST FOR PRODUCTION NO. 67:**

19      ALL lower bunk and lower tier discrepancy reports for the JAIL from January

20  1, 2021 to the present.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

22      Objection. This request is overly broad and unduly burdensome, compound,

23  and includes documents related to the Central Jail, which is encompassed in the

24  settlement.  Without waiving these objections, Defendants respond as follows:

25      All responsive documents in the custody, control and/or possession of

26  responding parties will be produced other than for the Central Jail, which is subject

27  to the parties' settlement.

28  //

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

20

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  **REQUEST FOR PRODUCTION NO. 68:**

2    ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

3  procurement of an RFID-based network connected system from January 1, 2021 to

4  the present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

6    Objection. This request is overly broad and unduly burdensome in that some

7  of the responsive documents such as pricing may be unrelated to any topics in the

8  TAC and not reasonably calculated to lead to the discovery of admissible evidence.

9  Without waiving these objections, Defendants respond as follows:

10    All responsive documents in the custody, control and/or possession of

11  responding parties will be produced.

12  **REQUEST FOR PRODUCTION NO. 69:**

13    ALL DOCUMENTS and COMMUNICATIONS showing referrals to Reentry

14  Services staff of INCARCERATED PERSONS with DISABILITIES from January

15  1, 2021 to the present.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

17    Objection to the extent the request seeks documents relating to hearing

18  impairments at any facility and mobility impairments at the Central Jail as these

19  matters are covered by the parties' settlement agreement.  The request is overbroad

20  and burdensome. The request seeks documents subject to privacy rights and HIPPA

21  rights of thousands of third party Incarcerated Persons who have not been asked and

22  have not given their permission to release their medical information. Accordingly,

23  no documents are provided.

24  **REQUEST FOR PRODUCTION NO. 70:**

25    ALL DOCUMENTS from Offender 360 RELATING TO reasonable

26  accommodations that reentry services staff provided to INCARCERATED

27  PERSONS from January 1, 2021 to the present.

28  ///

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

21

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

2      Objection to the extent the request seeks documents relating to hearing

3  impairments at any facility and mobility impairments at the Central Jail as these

4  matters are covered by the parties' settlement agreement.  The request is overbroad

5  and burdensome. The request seeks documents subject to privacy rights and HIPPA

6  rights of thousands of third party Incarcerated Persons who have not been asked and

7  have not given their permission to release their medical information. Accordingly,

8  no documents are provided.

9  **REQUEST FOR PRODUCTION NO. 71:**

10     ALL training required by the JAIL regarding DISABILITY accommodations.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

12     Objection to the extent the training relates to hearing impairments and

13 mobility disabilities which are covered by the settlement agreement as to every

14 facility because training will be streamlined. Without waiving these objections,

15 Defendants respond as follows:

16     All responsive documents not covered by the parties' settlement will be

17 produced.

18 **REQUEST FOR PRODUCTION NO. 72:**

19     ALL DOCUMENTS and COMMUNICATIONS RELATING TO

20 DISABILITY accommodations at the JAIL, including but not limited to pocket

21 talkers, hearing aids, screen readers, optilec or similar readers, video relay services,

22 video interpreter services, Sign Language Interpretation, TTY, TDD, video phones,

23 magnifiers, glasses, crutches, walkers, wheelchairs, canes, and other

24 accommodations.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

26     Objection.  This request is overly broad and unduly burdensome.  The request

27 are also duplicative in that "Documents" and "Communications" cover every

28 document requested in RFPOD #1 and every request covered by RFPOD #3.  Every

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

22

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  document involving confidential medical information of the thousands of third party

2  incarcerated persons is subject to their privacy rights and HIPPA.  All documents

3  relating to mobility disability policies and procedures are covered by the settlement

4  agreement.  All documents relating to hearing impairments as to all facilities are

5  covered by the settlement agreement.  Accordingly, no documents are produced.

6  **REQUEST FOR PRODUCTION NO. 73:**

7       ALL GRIEVANCES RELATING TO lack of access to attorneys, the law

8  library, legal materials or the courts.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

10      Objection. This request is compound, overly broad and unduly burdensome.

11  The request also does not narrow the grievances to a specific time period.

12      All responsive documents after January 1, 2021 in the custody, control and/or

13  possession of responding parties will be produced.

14  **REQUEST FOR PRODUCTION NO. 74:**

15      ALL DOCUMENTS and COMMUNICATIONS RELATING TO cleanliness

16  and sanitation at the JAIL from January 1, 2021 to present, including any reports,

17  memoranda or emails regarding mold, vermin, trash, overcrowding, clogged toilets,

18  and clogged showers.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

20      Objection.  The request is overbroad and burdensome and use of the words

21  "Documents" and "Communications" as defined could include tens of thousands of

22  documents.  The time period of the request is overbroad and burdensome because

23  the TAC seeks injunctive relief for current conditions and not conditions that existed

24  2 and a half years ago. Upon meet and confer and agreement of search terms and

25  time periods, responding parties will conduct a search for responsive records.

26  **REQUEST FOR PRODUCTION NO. 75:**

27      ALL DOCUMENTS and COMMUNICATIONS RELATING TO incidents

28  of violence by or against INCARCERATED PEOPLE at the JAIL from January 1,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

23

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  2021 to present.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

3      Objection.  This request is overly broad and unduly burdensome.  The terms

4  "Documents" and "Communications" may include confidential medical information

5  of third party incarcerated persons and is subject to their privacy rights and HIPPA.

6  This request is also duplicative of all policies and procedures requested previously

7  and in this request for production.  There are approximately 3,477 incidents during

8  the timeframe and it will take hundreds of hours to pull all documents relating to

9  each incident, review each document for responsiveness and privacy issues of both

10 incarcerated persons and employees and thus the request as phrased must be

11 narrowed through meet and confer efforts.

12 **REQUEST FOR PRODUCTION NO. 76:**

13     Rosters of INCARCERATED PEOPLE with mobility DISABILITIES in Las

14 Colinas and Central Jails for the month preceding YOUR response showing the

15 area, housing unit, cell and bed placement, and accommodation need for each

16 person, in a format similar to SD 000467.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

18     Objection.  This request is compound, overly broad and unduly burdensome.

19 No such documents will be produced for SDCJ because it is covered by the parties'

20 settlement.  The request also seeks information subject to the privacy rights of

21 individual incarcerated persons without first obtaining their authority, and disclosing

22 locations and names of individuals potentially places them in danger and poses

23 security risks.  Without waiving these objections, Defendants respond as follows:

24     A roster will be produced for Las Colinas without identifying information as

25 was done previously for SDCJ.

26 **REQUEST FOR PRODUCTION NO. 77:**

27     ALL invoices for Sign Language Interpretation services provided in the JAIL

28 from January 1, 2021 to the present.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

24

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

2      Objection.  The matter is covered by the settlement agreement and no

3  documents will be produced.

4  **REQUEST FOR PRODUCTION NO. 78:**

5      ALL DOCUMENTS RELATING TO workload, productivity, or daily

6  services provided by CONTRACTORS at the JAIL from January 1, 2021 to the

7  present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

9      Objection. This request is vague, ambiguous and overly broad.  The requested

10  records include documents subject to the privacy rights and HIPPA rights of third

11  party Incarcerated Persons who have not been asked for and have not provided

12  authorization of their records.  Documents relating to "workload", "productivity" or

13  "daily services" by medical and/or mental health care providers would potentially

14  include thousands of Incarcerated Persons' medical and mental health care records.

15  Further, the request for documents relating to contractors who have no relationship

16  to the issues as alleged in the TAC is burdensome and overbroad and not reasonably

17  calculated to the discovery of admissible evidence and thus the request as phrased

18  must be narrowed through meet and confer efforts.

19  **REQUEST FOR PRODUCTION NO. 79:**

20      ALL use of force logs for each facility in the JAIL from January 1, 2021 to

21  the present.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

23      Objection. This request assumes without foundation that such logs exist, is

24  overly broad and unduly burdensome, and duplicative of requests seeking incident

25  reports.  Without waiving these objections, Defendants respond as follows:

26      There are no responsive documents.

27  **REQUEST FOR PRODUCTION NO. 80:**

28      ALL DOCUMENTS AND COMMUNICATIONS RELATING TO

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

25

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  complaints RELATING TO excessive force, including but not limited to use of

2  force AND claims of physical harm by JAIL staff, from INCARCERATED

3  PERSONS between January 1, 2021 and the present.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

5      Objection.  The request seeks documents subject to the attorney client

6  privilege and work product protections.  The request also seeks documents subject

7  to the privacy rights of jail staff and Peace Officers Bill of Rights.  The requested

8  records also may include documents subject to the privacy rights and HIPPA rights

9  of third party Incarcerated Persons who have not been asked for and have not

10  provided authorization of their records.  The use of the phrase "excessive force" is

11  vague and ambiguous and unintelligible in the context of the request, and calls for a

12  legal conclusion given there is no definition of excessive force provided and it

13  unknown what is meant. The request as phrased must be narrowed through meet and

14  confer efforts.

15  **REQUEST FOR PRODUCTION NO. 81:**

16      ALL reports generated by the Critical Incident Review Board RELATING

17  TO in-custody DEATHS at the JAIL from January 1, 2021 to the present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

19      Objection.  The reports are subject to attorney client and work product

20  privileges, and the official information privilege.  *Sanchez v. City of Santa Ana*, 936

21  F.2d 1027, 1033 (9th Cir. 1990); *Kelly v. City of San Jose*, 114 F.R.D. 653, 669

22  (N.D. Cal. 1987), and accordingly will not be produced.

23  **REQUEST FOR PRODUCTION NO. 82:**

24      ALL DOCUMENTS RELATING TO use of tactical teams at the JAIL from

25  January 1, 2021 to the present, including but not limited to documentation of

26  debriefs after use of force or weapons by the JAIL's tactical teams.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

28      Objection.  The request is overly broad and unduly burdensome in that it

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

26

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

1  seeks documents which are not related to any subject matter pled in the TAC and

2  thus not reasonably calculated to lead to the discovery of admissible evidence. The

3  request is also vague and ambiguous as to the meaning of the phrase "tactical

4  teams".  It is unknown what is meant by "tactical teams," as a definition is not

5  provided, and there is no claim relating to "tactical teams" to enable responding

6  party to relate to the request and the phrase to a claim made in the TAC. The request

7  as phrased must be narrowed through meet and confer efforts.

8  **REQUEST FOR PRODUCTION NO. 83:**

9          DOCUMENTS sufficient to show the percentages of INCARCERATED

10  PERSONS at the JAIL annually who are detained for less than one week, for less

11  than one month, for less than six months, for over a year, and for over two years,

12  from January 1, 2021 to the present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

14          Objection.  The request is compound, overly broad and unduly burdensome.

15  The request seeks thousands of pages of documents subject to the privacy rights of

16  Incarcerated Persons in the form of their custody files for which authorization has

17  not been requested and has not been provided. Alternately, the request requires the

18  compilation of statistics regarding the duration of incarcerated persons in a format

19  that is not already maintained by the County. The request as phrased must be

20  narrowed through meet and confer efforts.

21  Dated:  August 14, 2023                    BURKE, WILLIAMS & SORENSEN, LLP

22

23                                            By: /s/ Susan E. Coleman

24                                                 Susan E. Coleman
                                                  Elizabeth M. Pappy

25                                            Attorneys for Defendants
                                              COUNTY OF SAN DIEGO, SAN DIEGO
26                                            COUNTY SHERIFF'S DEPARTMENT
                                              and SAN DIEGO COUNTY PROBATION
27                                            DEPARTMENT

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

27                Case No. 3:20-cv-00406-AJB-DDL
                  DEFENDANTS' RESPONSES TO REQUESTS
                  FOR PRODUCTION, SET THREE

1

## PROOF OF SERVICE

2

***Dunsmore v. San Diego County Sheriff's Department***
**Case No. 3:20-cv-00406-AJB-DDL**

3

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

4

5

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of .  My business address is 444 South Flower Street, Suite 2400, Los Angeles, CA 90071-2953.

6

7

On August 14, 2023, I served true copies of the following document(s) described as **DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION, (SET THREE)** on the interested parties in this action as follows:

8

9

**SEE ATTACHED SERVICE LIST**

10

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address tmehra@bwslaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

11

12

13

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

Executed on August 14, 2023, at Los Angeles, California.

15

16

17

_____
Terri Mehra

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

1

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department**
**Case No. 3:20-cv-00406-AJB-DDL**

Aaron J. Fischer
ajf@aaronfischerlaw.com

Priyah Kaul
pkaul@rbgg.com

Gay C. Grunfeld
GGrunfeld@rbgg.com

Van Swearingen
VSwearingen@rbgg.com

Neal, Isabella
Isabella.Neal@us.dlapiper.com

Kiefer, Oliver
Oliver.Kiefer@us.dlapiper.com

Christopher M. Young
Christopher.Young@us.dlapiper.com

Hannah M. Chartoff
HChartoff@rbgg.com

Eric Monek Anderson
EMonekAnderson@rbgg.com

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

2

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

# Exhibit B

1  Susan E. Coleman (SBN 171832)
   E-mail: scoleman@bwslaw.com
2  BURKE, WILLIAMS & SORENSEN, LLP
   501 West Broadway, Suite 1600,
3  San Diego, CA 92101-8474
   Tel: 619.814.5800     Fax: 619.814.6799
4
5  Elizabeth M. Pappy (SBN 157069)
   E-mail: epappy@bwslaw.com
6  BURKE, WILLIAMS & SORENSEN, LLP
   60 South Market Street, Ste. 1000
7  San Jose, CA 95113-2336
   Tel: 408.606.6300     Fax: 408.606.6333
8  Attorneys for Defendants
   COUNTY OF SAN DIEGO, SAN DIEGO
9  COUNTY SHERIFF'S DEPARTMENT and
   SAN DIEGO COUNTY PROBATION DEPARTMENT
10

11              UNITED STATES DISTRICT COURT

12              SOUTHERN DISTRICT OF CALIFORNIA

13

| 14 | DARRYL DUNSMORE, et.al., | Case No. 3:20-cv-00406-AJB-DDL |
| 15 | Plaintiffs, | **DEFENDANTS' RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION, SET FOUR** |
| 16 | v. | |
| 17 | SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et.al., | |
| 18 | Defendants. | |
| 19 | | |

20

21  PROPOUNDING PARTY:  PLAINTIFFS

22  RESPONDING PARTY:      Defendants SAN DIEGO COUNTY SHERIFF'S
23                                       DEPARTMENT, COUNTY OF SAN DIEGO, SAN
                                         DIEGO COUNTY PROBATION DEPARTMENT
24  SET NO.:                     FOUR (4)

25

26        Defendant San Diego County Sheriff's Department, County of San Diego,

27  and San Diego County Probation Department, hereby respond to Plaintiffs' Request

28  for Production of Documents, Set Four, as follows:

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

1                          Case No. 3:20-cv-00406-AJB-DDL
                    DEFENDANTS' RESPONSES TO REQUESTS
                      FOR PRODUCTION, SET FOUR

1   Investigation and discovery by defendants is still continuing and is not yet

2 complete. In responding to this request for production, defendants provide such

3 information as is presently available.  Each answer is subject to all appropriate

4 objections (including, but not limited to objections concerning competency,

5 relevancy, materiality, propriety, privilege, and admissibility) which would require

6 exclusion of any statement herein if the production demand were asked of, or any

7 statement contained herein were made by, a witness present and testifying in

8 court.  Also, objections and grounds are reserved or may be interposed at the time of

9 trial.

10   Except for explicit facts admitted herein, no admissions of any nature

11 whatsoever are implied or should be inferred.  Finally, because some of these

12 responses may have been ascertained by defendant's attorneys and investigators,

13 defendants may not have personal knowledge of the information from which such

14 responses were derived.

15   This preliminary statement is incorporated into each of the responses set forth

16 below.   Defendants' investigation of this matter is continuing and they, accordingly,

17 reserve the right to update, or amend, this response as further and/or more specific

18 information is acquired and also reserve the right to supplement this response at a

19 later time.

20      **RESPONSES TO REQUESTS FOR PRODUCTION**

21 **REQUEST FOR PRODUCTION NO. 84:**

22   The complete custody file of each PLAINTIFF.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

24   Objection. The request seeks documents previously requested and produced

25 for all individually named plaintiffs. Defendants will not re-produce any documents

26 in response hereto given this is duplicative of prior requests.

27 ///

28 ///

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

2

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET FOUR

1

2  **REQUEST FOR PRODUCTION NO. 85:**

3      ALL medical records of each PLAINTIFF.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

5      Objection. The request seeks documents previously requested and produced

6  for all individually named plaintiffs. Defendants will not re-produce any documents

7  in response hereto given this is duplicative of prior requests.

8  **REQUEST FOR PRODUCTION NO. 86:**

9      The complete custody files of ALL members of the Certified Subclass who

10 are in custody on the date this request is served.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

12     Objection. To the extent the subclass members are also individually named

13 Plaintiffs, these documents have been previously produced. Further, the request is

14 unduly burdensome and overly broad in seeking production of potentially hundreds

15 of voluminous files. It also seeks documents that may be irrelevant given that the

16 ADA mobility/hearing impairment disability issues have already been settled in

17 part. Further, the request seeks documents subject to the privacy rights of

18 individuals which has not been waived, and which is not overcome by

19 representation of a general class member following certification. Accordingly, no

20 documents are provided herewith.

21 **REQUEST FOR PRODUCTION NO. 87:**

22     ALL medical records of ALL members of the Certified Subclass who are in

23 custody on the date this request is served.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

25     Objection. To the extent the subclass members are also individually named

26 Plaintiffs, these documents have been previously produced. Further, the request is

27 unduly burdensome and overly broad in seeking production of potentially hundreds

28 of voluminous files. It also seeks documents that may be irrelevant given that the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

3

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET FOUR

ADA mobility/hearing impairment disability issues have already been settled in part. Further, the request seeks documents subject to the medical privacy and HIPPA rights of individuals which has not been waived, and which is not overcome by representation of a general class member following certification. Accordingly, no documents are provided herewith.

Dated:  September 15, 2023                    BURKE, WILLIAMS & SORENSEN, LLP


By: /s/ Susan E. Coleman
    Susan E. Coleman
    Elizabeth M. Pappy

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT
and SAN DIEGO COUNTY PROBATION
DEPARTMENT

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

4

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET FOUR

1

# PROOF OF SERVICE

2

***Dunsmore v. San Diego County Sheriff's Department***
**Case No. 3:20-cv-00406-AJB-DDL**

3

4

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

5

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of .  My business address is 444 South Flower Street, Suite 2400, Los Angeles, CA 90071-2953.

6

7

On August 15, 2023, I served true copies of the following document(s) described as **DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION, (SET FOUR)** on the interested parties in this action as follows:

8

9

**SEE ATTACHED SERVICE LIST**

10

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address tmehra@bwslaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

11

12

13

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

Executed on August 15, 2023, at Los Angeles, California.

15

16

17

_____
Terri Mehra

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

1

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET FOUR

1

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department**
**Case No. 3:20-cv-00406-AJB-DDL**

2

3

4     Aaron J. Fischer                         Christopher M. Young
      ajf@aaronfischerlaw.com                 Christopher.Young@us.dlapiper.com

5

6     Priyah Kaul                             Hannah M. Chartoff
      pkaul@rbgg.com                          HChartoff@rbgg.com

7     Gav C. Grunfeld
      GGrunfeld@rbgg.com

8                                             Eric Monek Anderson
      Van Swearingen                          EMonekAnderson@rbgg.com

9     VSwearingen@rbgg.com

10    Neal, Isabella
      Isabella.Neal@us.dlapiper.com

11

12    Kiefer, Oliver
      Oliver.Kiefer@us.dlapiper.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

2

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET FOUR

# Exhibit C

1  Susan E. Coleman (SBN 171832)
   E-mail:  scoleman@bwslaw.com
2  BURKE, WILLIAMS & SORENSEN, LLP
   501 West Broadway, Suite 1600,
3  San Diego, CA  92101-8474
   Tel:  619.814.5800 Fax:  619.814.6799
4
   Elizabeth M. Pappy (SBN 157069)
5  E-mail:  epappy@bwslaw.com
   BURKE, WILLIAMS & SORENSEN, LLP
6  60 South Market Street, Ste. 1000
   San Jose, CA  95113-2336
7  Tel:  408.606.6300 Fax:  408.606.6333

8  Attorneys for Defendants
   COUNTY OF SAN DIEGO, SAN DIEGO
9  COUNTY SHERIFF'S DEPARTMENT and
   SAN DIEGO COUNTY PROBATION
10 DEPARTMENT

11          UNITED STATES DISTRICT COURT

12          SOUTHERN DISTRICT OF CALIFORNIA

13

14 DARRYL DUNSMORE, ANDREE          Case No. 3:20-cv-00406-AJB-DDL
   ANDRADE, ERNEST ARCHULETA,
15 JAMES CLARK, ANTHONY             **DEFENDANTS SAN DIEGO**
   EDWARDS, LISA LANDERS,           **COUNTY SHERIFF'S**
16 REANNA LEVY, JOSUE LOPEZ,        **DEPARTMENT, COUNTY OF SAN**
   CHRISTOPHER NELSON,              **DIEGO, SAN DIEGO COUNTY**
17 CHRISTOPHER NORWOOD, JESSE       **PROBATION DEPARTMENT'S**
   OLIVARES, GUSTAVO                **RESPONSES TO PLAINTIFFS'**
18 SEPULVEDA, MICHAEL TAYLOR,       **FIFTH SET OF REQUEST FOR**
   and LAURA ZOERNER, on behalf of  **PRODUCTION OF DOCUMENTS**
19 themselves and all others similarly
   situated,                        Judge:   Anthony J. Battaglia
20
            Plaintiffs,             Magistrate Judge David D. Leshner
21
         v.
22
   SAN DIEGO COUNTY SHERIFF'S
23 DEPARTMENT, COUNTY OF SAN
   DIEGO, SAN DIEGO COUNTY
24 PROBATION DEPARTMENT, and
   DOES 1 to 20, inclusive,
25
            Defendants.
26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4858-7878-1056 v1                              Case No. 3:20-cv-00406-AJB-DDL
                                      DEFENDANTS' RESPONSES REQUESTS FOR
                                      PRODUCTION OF DOCUMENTS, SET FIVE

1  PROPOUNDING PARTY:  PLAINTIFFS

2  RESPONDING PARTY:  DEFENDANTS SAN DIEGO COUNTY SHERIFF'S
3                     DEPARTMENT, COUNTY OF SAN DIEGO, AND
                      SAN DIEGO COUNTY PROBATION
4                     DEPARTMENT

5  SET NO.:           FIVE

6

7  **REQUEST FOR PRODUCTION NO. 88:**

8       ALL records RELATING TO each DEATH of an INCARCERATED

9  PERSON from April 12, 2023 to present, including, but not limited to Sheriff's

10 Homicide Unit investigation files, reports prepared by the COUNTY and/or

11 SHERIFF'S DEPARTMENT pursuant to Title 15 Section 1046 (this does not

12 include any Section 1046 reports prepared by Naphcare, Inc. and not provided to the

13 COUNTY), medical and mental health records from January 1, 2021 to the date of

14 DEATH (as well as medical intake forms for any INCARCERATED PERSON who

15 was booked prior to January 1, 2021), custody records, autopsy reports, coroner

16 reports, and any video footage of the INCARCERATED PERSON and/or their cell

17 door for the 24 hours prior to the DEATH.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

19      All responsive documents in the custody, control and/or possession of

20 responding party will be produced attorneys-eyes only.

21 **REQUEST FOR PRODUCTION NO. 89:**

22      ALL San Diego Sheriff's Department's Critical Incident Review Board

23 reports from January 1, 2021 to the present.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

25      Objection.  The request duplicates #81 and a response will not be provided.

26 **REQUEST FOR PRODUCTION NO. 90:**

27      ALL San Diego Sheriff's Department's Critical Incident Review Board report

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                2                Case No. 3:20-cv-00406-AJB-DDL
                                                  DEFENDANTS' RESPONSES REQUESTS FOR
                                                  PRODUCTION OF DOCUMENTS, SET FIVE

1 | tracking spreadsheets from January 1, 2021 to the present.

2 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

3 | Objection.  The request duplicates #81 and no response will be provided.

4 | **REQUEST FOR PRODUCTION NO. 91:**

5 | ALL Internal Affairs investigation DOCUMENTS RELATING TO DEATHS

6 | at the JAIL from January 1, 2021 to the present.

7 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

8 | Objection.  The request seeks information subject to privacy rights of

9 | employees and that is not directly relevant to any issue in the case.  Discipline

10 | records that are publicly available may be obtained from Responding Party's

11 | website (https://sb1421-

12 | sdsheriff.govqa.us/WEBAPP/_rs/(S(c2o3g1sp13tll1njltpacxq4))/openrecordssumma

13 | ry.aspx?sSessionID=204192442XIYKNGYJHBEMMNWTOKNYPMLFOCWTCG

14 | W&view=6).

15 | **REQUEST FOR PRODUCTION NO. 92:**

16 | ALL DOCUMENTS, including but not limited to minutes, RELATING TO

17 | meetings attended by HEALTH CARE STAFF or custody staff at which the

18 | HEALTH CARE POLICIES AND PROCEDURES, HEALTH CARE staffing, or

19 | ANY issue RELATING TO JAIL HEALTH CARE was discussed.

20 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

21 | Objection.  The request is vague, ambiguous and overbroad.  The request

22 | seeks the same information requested in #41 regarding quality control and

23 | improvement and no further response will be provided.

24 | **REQUEST FOR PRODUCTION NO. 93:**

25 | ALL DOCUMENTS and COMMUNICATIONS in which custody staff and

26 | HEALTH CARE staff disagree about the provision of HEALTH CARE for

27 | INCARCERATED PEOPLE.

28 |

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    3                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

Objection.  The request is vague, ambiguous and overbroad.  The request seeks the same information requested in #41 regarding quality control and improvement and no additional response will be provided.

**REQUEST FOR PRODUCTION NO. 94:**

ALL DOCUMENTS and COMMUNICATIONS in which custody staff authorize HEALTH CARE for INCARCERATED PEOPLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

There are not now and never have been any such documents.  Custody staff do not make determinations about health care needs of Incarcerated Persons and do not "authorize" treatment.

**REQUEST FOR PRODUCTION NO. 95:**

ALL DOCUMENTS and COMMUNICATIONS in which custody staff make HEALTH CARE decisions for INCARCERATED PEOPLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

There are not now and never have been any such documents.  Custody staff do not make decisions about health care needs of Incarcerated Persons.

**REQUEST FOR PRODUCTION NO. 96:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO understaffing (employing fewer positions than required, allocated, and/or scheduled) of HEALTH CARE EMPLOYEES at the JAIL from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

Objection.  The request is a rephrased version of #39 and a further response will not be provided.

**REQUEST FOR PRODUCTION NO. 97:**

ALL DOCUMENTS showing the time between a person arrives at the JAIL and the time the person receives intake screening.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

4

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

2      Objection.  The request is vague, ambiguous and overbroad.  There is no time

3  limit on the request and it could involve a search of every custody file and every

4  JIMS entry for a person booked for the San Diego County jail facilities for the entire

5  history of the department.

6  **REQUEST FOR PRODUCTION NO. 98:**

7      ALL DOCUMENTS, including but not limited to logs, audits, lists, and

8  summaries, RELATED TO intake screening.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

10      Objection.  The request is vague, ambiguous and overbroad and seeks

11  documents requested previously in the form of custody files of every incarcerated

12  person and blank intake and evaluation forms.  This request is not limited in time

13  and apparently seeks every custody file of every person every incarcerated in the

14  history of the San Diego County jail system.

15  **REQUEST FOR PRODUCTION NO. 99:**

16      ALL DOCUMENTS RELATING TO pending sick call requests where the

17  INCARCERATED PERSON making the sick call request is transferred to another

18  JAIL facility.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

20      Objection.  The request is vague, ambiguous and overbroad and would require

21  a search of all sick call requests by every person ever incarcerated in the history of

22  the San Diego County jail system.

23  **REQUEST FOR PRODUCTION NO. 100:**

24      ALL DOCUMENTS, including but not limited to logs, audits, lists, and

25  summaries, RELATED TO continuing HEALTH CARE treatments, including but

26  not limited to medications, for INCARCERATED PEOPLE upon arrival at the

27  JAIL.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                          5                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Objection. The request is vague, ambiguous and overbroad and would require a search of all medical records of every person ever incarcerated in the history of the San Diego County jail system.

**REQUEST FOR PRODUCTION NO. 101:**

ALL DOCUMENTS RELATING TO HEALTH CARE statistics of ANY kind at the JAIL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Objection. The request is vague, ambiguous and overbroad. "Health Care statistics of any kind" are not specific to the issues alleged in the Third Amended Complaint and no response will be provided.

**REQUEST FOR PRODUCTION NO. 102:**

ALL GRIEVANCES, inmate requests, and sick call requests submitted by INCARCERATED PERSONS from January 1, 2023 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

Objection. The request is vague, ambiguous and overbroad. The scope of the request seeks information wholly unrelated to any subject matter of the complaint.

**REQUEST FOR PRODUCTION NO. 103:**

ALL responses to GRIEVANCES, inmate requests, and sick call requests submitted by INCARCERATED PERSONS from January 1, 2023 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

Objection. The request is vague, ambiguous and overbroad. The scope of the request seeks information wholly unrelated to any subject matter of the complaint.

**REQUEST FOR PRODUCTION NO. 104:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the time between when an INCARCERATED PERSON submitted a sick call request and the time when: HEALTH CARE STAFF triaged the sick call request; HEALTH CARE STAFF responded to the sick call request;

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

6

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  and the INCARCERATED PERSON was seen by HEALTH CARE STAFF.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

3      Objection.  The request is vague, ambiguous and overbroad and would require

4  a search of all medical records of every person ever incarcerated in the history of the

5  San Diego County jail system.

6  **REQUEST FOR PRODUCTION NO. 105:**

7      ALL DOCUMENTS, including but not limited to logs, audits, lists, and

8  summaries, showing the number or percent of INCARCERATED PERSONS at the

9  JAIL who submitted a sick call request and were not seen by HEALTH CARE

10  STAFF in connection with that sick call request.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

12      Objection.  The request is vague, ambiguous and overbroad and would require

13  a search of all medical records of every person ever incarcerated in the history of the

14  San Diego County jail system.

15  **REQUEST FOR PRODUCTION NO. 106:**

16      ALL DOCUMENTS, including but not limited to logs, audits, lists, and

17  summaries, RELATING TO tracking and/or scheduling HEALTH CARE

18  appointments.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

20      Objection.  The request is vague, ambiguous and overbroad and would require

21  a search of all medical records of every person ever incarcerated in the history of the

22  San Diego County jail system.

23  **REQUEST FOR PRODUCTION NO. 107:**

24      ALL training materials RELATING TO sick call requests, and tracking

25  and/or scheduling HEALTH CARE appointments.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

27      Objection.  The request is vague, ambiguous and overbroad and would require

28  a search of all medical records of every person ever incarcerated in the history of the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                    7                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  San Diego County jail system.  Without waiving said objection and subject thereto,

2  current training materials will be produced.

3  **REQUEST FOR PRODUCTION NO. 108:**

4      ALL training materials RELATING TO HEALTH CARE records.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

6      Objection.  The request is vague, ambiguous and overbroad and would require

7  a search of all medical records of every person ever incarcerated in the history of the

8  San Diego County jail system.  Without waiving said objection and subject thereto,

9  current training materials will be produced.

10  **REQUEST FOR PRODUCTION NO. 109:**

11      ALL DOCUMENTS, including but not limited to logs, audits, lists, and

12  summaries, RELATING TO outside (off-site from the JAIL) HEALTH CARE

13  providers who provide HEALTH CARE to INCARCERATED PEOPLE.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

15      Objection.  The request seeks documents already requested and produced in

16  the form of contracts with off-site providers.  The request is vague, ambiguous and

17  overbroad and would require a search of all medical records of every person ever

18  incarcerated in the history of the San Diego County jail system.

19  **REQUEST FOR PRODUCTION NO. 110:**

20      ALL DOCUMENTS RELATING TO the confidentiality of HEALTH CARE

21  appointments and the provision of HEALTH CARE in confidential, semi-

22  confidential, or non-confidential settings.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

24      Objection.  Vague, ambiguous and overbroad.  "Relating to" would require a

25  search of all medical records of every person ever incarcerated in the history of the

26  San Diego County jail system.  Without waiving said objection and subject thereto,

27  current policies, procedures and/or trainings regarding confidentiality of health care

28  will be produced.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

8

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**REQUEST FOR PRODUCTION NO. 111:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the provision of diagnostic testing for INCARCERATED PEOPLE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

Objection. The request is vague, ambiguous and overbroad and would require a search of all medical records of every person ever incarcerated in the history of the San Diego County jail system.

**REQUEST FOR PRODUCTION NO. 112:**

ALL DOCUMENTS RELATING TO vision care at the JAIL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

Objection. The request is vague, ambiguous and overbroad and would require a search of all medical records of every person ever incarcerated in the history of the San Diego County jail system to determine if they had vision care. Without waiving said objection, responding party will produce documents regarding the type(s) of care provided.

**REQUEST FOR PRODUCTION NO. 113:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, showing the time between an INCARCERATED PERSON is evaluated for eyeglasses and the time the INCARCERATED PERSON receives eyeglasses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

Objection. The request is vague, ambiguous and overbroad and would require a search of all medical records of every person ever incarcerated in the history of the San Diego County jail system to determine if they had vision care.

**REQUEST FOR PRODUCTION NO. 114:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO HEALTH CARE discharge planning.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    9                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

2      Objection.  The request is vague, ambiguous and overbroad and would require

3  a search of all medical records of every person ever incarcerated in the history of the

4  San Diego County jail system relating to "discharge planning". The request also

5  seeks documents duplicative of #25 and will not be reproduced.

6  **REQUEST FOR PRODUCTION NO. 115:**

7      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

8  materials, and summaries, RELATING TO Quality Assurance/Quality Control

9  processes.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

11      Objection.  The request is a duplicate of #41 as it relates to medical and no

12  further response will be provided and it is vague, ambiguous, overbroad and

13  harassing as to every other QA/QC process in the entire jail system.  The request is

14  not limited in any way to the subject matter of the Third Amended Complaint.

15  **REQUEST FOR PRODUCTION NO. 116:**

16      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

17  materials, and summaries, RELATING TO peer review processes for HEALTH

18  CARE staff.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

20      Objection.  The request is duplicative of #41 and no response will be

21  provided.

22  **REQUEST FOR PRODUCTION NO. 117:**

23      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

24  materials, and summaries, RELATING TO corrective action plans for HEALTH

25  CARE and/or custody staff.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

27      Objection.  The request is duplicate of #40 and #42 and no response will be

28  provided.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

10

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1 **REQUEST FOR PRODUCTION NO. 118:**

2      ALL DOCUMENTS and COMMUNICATIONS RELATING TO

3 INCARCERATED PERSONS receiving an incorrect type or dosage of medication

4 from HEALTH CARE STAFF or custody staff.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

6      Objection.  The request is a rephrasing of #43 and no response will be

7 provided.

8 **REQUEST FOR PRODUCTION NO. 119:**

9      DOCUMENTS sufficient to show the average waiting time between the time

10 an INCARCERATED PERSON is prescribed medication and the time the person

11 receives the prescribed medication.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

13      Objection.  The request is vague, ambiguous and overbroad and would require

14 a search of all medical records of every person ever incarcerated in the history of the

15 San Diego County jail system.

16 **REQUEST FOR PRODUCTION NO. 120:**

17      ALL DOCUMENTS, including but not limited to logs, audits, lists and

18 summaries, RELATING TO HEALTH CARE of INCARCERATED PERSONS

19 referred, seen, or transferred to ANY hospital or other outside HEALTH CARE

20 facility for the purpose of providing HEALTH CARE.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

22      Objection.  The request is vague, ambiguous and overbroad and would require

23 a search of all medical records of every person ever incarcerated in the history of the

24 San Diego County jail system. The request also seeks documents duplicative of #25

25 and will not be reproduced.

26 **REQUEST FOR PRODUCTION NO. 121:**

27      ALL DOCUMENTS, including but not limited to logs, audits, lists, and

28 summaries, showing the time when an INCARCERATED PERSON was referred

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

11

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  for HEALTH CARE outside the JAIL and the time when the INCARCERATED

2  PERSON was seen by the HEALTH CARE provider outside the JAIL.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

4      Objection.  The request is vague, ambiguous and overbroad and would require

5  a search of all medical records of every person ever incarcerated in the history of the

6  San Diego County jail system and the information may not be contained in medical

7  records at the jail facility because they are maintained by outside providers.  The

8  request also seeks documents duplicative of #25 and will not be reproduced.

9  **REQUEST FOR PRODUCTION NO. 122:**

10      DOCUMENTS sufficient to show the average time between when an

11  INCARCERATED PERSON was referred for outside HEALTH CARE and the time

12  when the INCARCERATED PERSON was seen by the outside HEALTH CARE

13  provider.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

15      Objection.  The request is vague, ambiguous and overbroad and would require

16  a search of all medical records of every person ever incarcerated in the history of the

17  San Diego County jail system and the information may not be contained in medical

18  records at the jail facility because they are maintained by outside providers.

19  **REQUEST FOR PRODUCTION NO. 123:**

20      ALL DOCUMENTS RELATED TO inspections, conducted by any entity or

21  person other than YOU, of facilities or practices at the JAIL, including those

22  RELATING TO HEALTH CARE.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

24      Objection.  The request is vague, ambiguous and overbroad.  It seeks

25  documents subject to the attorney client and work product privileges created during

26  and for this litigation.  It includes documents wholly unrelated to any subject matter

27  of the Third Amended Complaint.  There is no time limitation making it overbroad

28  and harassing in that an inspection conducted 10 years ago, 5 years or even 2 years

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

12

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  ago are included in the request and have no relevance or discoverable information

2  about current conditions.

3  **REQUEST FOR PRODUCTION NO. 124:**

4      ALL DOCUMENTS RELATING TO evaluations and assessments of

5  INCARCERATED PERSONS housed in MOB cells since January 1, 2021.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

7      Objection.   The request is vague, ambiguous and overbroad and would

8  require a search of all medical records for a 3 year time period with no relevance to

9  current conditions.  The request also seeks documents duplicative of #25 and will

10  not be reproduced.

11  **REQUEST FOR PRODUCTION NO. 125:**

12      ALL logs, spreadsheets, patient lists, and reports RELATING TO chronic

13  care, including but not limited to care for diabetes, hypertension or other

14  cardiovascular disease, hepatitis, HIV/AIDS, tuberculosis, cancer, neurological

15  disorders, OB/GYN, and MENTAL HEALTH.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

17      The request is vague, ambiguous and overbroad and would require a search of

18  all medical records of every person ever incarcerated in the history of the San Diego

19  County jail system.  The request also seeks documents duplicative of #25 and will

20  not be reproduced.

21  **REQUEST FOR PRODUCTION NO. 126:**

22      ALL DOCUMENTS RELATING to the process and criteria for and ANY

23  limitations on admitting INCARCERATED PERSONS to outside hospitals,

24  specialty clinics, or other medical providers, for the purpose of providing HEALTH

25  CARE.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

27      Objection.  The request is vague, ambiguous and overbroad and would require

28  a search of all medical records of every person ever incarcerated in the history of the

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

13

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  San Diego County jail system.  Without waiving said objection and subject thereto,

2  documents reflecting current processes and criteria will be produced. The request

3  also seeks documents duplicative of #25 and will not be reproduced.

4  **REQUEST FOR PRODUCTION NO. 127:**

5      ALL DOCUMENTS RELATING to the process and criteria for and ANY

6  limitations on discharging INCARCERATED PERSONS from outside hospitals,

7  specialty clinics, or other medical providers, back to the JAIL after receiving

8  HEALTH CARE.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

10     Objection.  The request is vague, ambiguous and overbroad and would require

11  a search of all medical records of every person ever incarcerated in the history of the

12  San Diego County jail system.  Without waiving said objection and subject thereto,

13  documents reflecting current process will be produced.  The request also seeks

14  documents duplicative of #25 and will not be reproduced.

15  **REQUEST FOR PRODUCTION NO. 128:**

16     ALL DOCUMENTS RELATING TO any delays in admission of

17  INCARCERATED PERSONS into specialty clinics, or other HEALTH CARE

18  providers, for the purpose of providing HEALTH CARE.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

20     The request is vague, ambiguous and overbroad and would require a search of

21  all medical records of every person ever incarcerated in the history of the San Diego

22  County jail system.  The request also seeks documents duplicative of #25 and will

23  not be reproduced.

24  **REQUEST FOR PRODUCTION NO. 129:**

25     ALL DOCUMENTS, including but not limited to logs, audits, lists, training

26  materials, and summaries, RELATING TO cancellation of HEALTH CARE

27  appointments.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    14                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

The request is vague, ambiguous and overbroad and would require a search of all medical records of every person ever incarcerated in the history of the San Diego County jail system. The request also seeks documents duplicative of #25 and will not be reproduced.

**REQUEST FOR PRODUCTION NO. 130:**

ALL logs, spreadsheets, patient lists, and reports RELATING TO treatment orders.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

The request is vague, ambiguous and overbroad and would require a search of all medical records of every person ever incarcerated in the history of the San Diego County jail system.

**REQUEST FOR PRODUCTION NO. 131:**

ALL logs, spreadsheets, patient lists, and reports RELATING TO sick call requests.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

The request is vague, ambiguous and overbroad and would require a search of all medical records of every person ever incarcerated in the history of the San Diego County jail system.

**REQUEST FOR PRODUCTION NO. 132:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO disagreements between CONTRACTORS and DEFENDANTS' EMPLOYEES RELATING TO HEALTH CARE of INCARCERATED PERSONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

Objection. Vague, ambiguous and overbroad. The word "disagreements" is so vague as to prevent any ability to search for responsive documents and any such documents are irrelevant to any issue in the case. A "disagreement" about any aspect of care whether specific to an Incarcerated Person or not, has no relevance to

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

15

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  care actually received or current conditions.

2  **REQUEST FOR PRODUCTION NO. 133:**

3      ALL DOCUMENTS and COMMUNICATIONS RELATING TO

4  disagreements between HEALTH CARE STAFF and custody staff RELATING TO

5  HEALTH CARE, classification, or housing of INCARCERATED PERSONS.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

7      Objection.  Vague, ambiguous and overbroad.  The word "disagreements" is

8  so vague as to prevent any ability to search for responsive documents and any such

9  documents are irrelevant to any issue in the case.  A "disagreement" about any

10  aspect of care whether specific to an Incarcerated Person or not, has no relevance to

11  care actually received or current conditions.

12  **REQUEST FOR PRODUCTION NO. 134:**

13      ALL COMMUNICATIONS RELATING TO: (a) POLICIES AND

14  PROCEDURES at the JAIL; (b) amendments to POLICIES AND PROCEDURES

15  at the JAIL; and (c) drafts of POLICIES AND PROCEDURES at the JAIL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

17      Objection.  The overbroad, harassing and made in bad faith.  Policies,

18  amendments to polices and draft policies have been requested and produced

19  repeatedly including #1, 2, 3, 4, 7, 9, 10, 15, 17, 22, 24, 25, 26 and 27.  No further

20  response will be provided.

21  **REQUEST FOR PRODUCTION NO. 135:**

22      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the San

23  Diego County Citizens' Law Enforcement Review Board, including but not limited

24  to recommendations made by the San Diego County Citizens' Law Enforcement

25  Review Board.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

27      Objection.  The request is a rephrased version of #18, in response to which

28  CLERB documents in the custody, control and/or possession of responding party

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

16

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1    were produced.  No further response will be provided. Plaintiffs have also been

2    informed that CLERB takes the position that their records must be subpoenaed

3    directly through CLERB.

4    **REQUEST FOR PRODUCTION NO. 136:**

5        ALL COMMUNICATIONS with CONTRACTORS RELATING TO

6    POLICIES AND PROCEDURES.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

8        Objection.  The request is duplicative of #34.

9    **REQUEST FOR PRODUCTION NO. 137:**

10       ALL COMMUNICATIONS with CONTRACTORS RELATING TO

11   HEALTH CARE of INCARCERATED PERSONS from January 1, 2021 to present.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

13       Objection.  The request is vague, ambiguous and overbroad.  It potentially

14   covers thousands of documents that have no bearing on the subject matter of the this

15   litigation.  It would require a review of all medical records of every person ever

16   incarcerated for 3 years.  The request is duplicative of #34 and no documents will

17   reproduced.

18   **REQUEST FOR PRODUCTION NO. 138:**

19       ALL DOCUMENTS, including but not limited to logs, audits, lists, training

20   materials, and summaries, RELATING TO medication provided to

21   INCARCERATED PEOPLE at discharge from the JAIL.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

23       The request is vague, ambiguous and overbroad and would require a search of

24   all medical records of every person ever incarcerated and "discharged" from the jails

25   in the history of the San Diego County jail system.  The request also seeks

26   documents duplicative of #25 and will not be reproduced.

27   **REQUEST FOR PRODUCTION NO. 139:**

28       ALL DOCUMENTS RELATING TO the housing of INCARCERATED

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                17                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH

2  CARE, including but not limited to determinations of need for housing, evaluations

3  of housing, and requests for funding for MENTAL HEALTH CARE and

4  programming.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

6      The request is vague, ambiguous and overbroad and would require a search of

7  all medical and mental health records of every person ever incarcerated at the jails in

8  the history of the San Diego County jail system.  There are not now and never have

9  been any documents relating to "requests for funding" as to determinations of the

10  need for housing of any Incarcerated Person.

11  **REQUEST FOR PRODUCTION NO. 140:**

12      ALL DOCUMENTS sufficient to show the number of INCARCERATED

13  PERSONS with MENTAL DISORDERS or who received MENTAL HEALTH

14  CARE in EOH or Outpatient Step Down Unit housing by month since January 1,

15  2021.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

17      The request is vague, ambiguous and overbroad and would require a search of

18  all medical and mental health records of every person incarcerated at the jails in

19  from January 1, 2021 to the present.  It seeks information about individuals who are

20  not part of the class if they are not currently incarcerated (as of the date of the Class

21  Certification Order) and thus subject to privacy and HIPPA rights and historical

22  information has no bearing on any issue in the case which is about the current

23  conditions at the jail.

24  **REQUEST FOR PRODUCTION NO. 141:**

25      ALL logs RELATING TO INCARCERATED PERSONS placed in the

26  Outpatient Step Down Unit from January 1, 2021 to present.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

28      The request is vague, ambiguous and overbroad and would require a search of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                18                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  all medical and mental health records of every person incarcerated at the jails in

2  from January 1, 2021 to the present.  It seeks information about individuals who are

3  not part of the class if they are not currently incarcerated (as of the date of the Class

4  Certification Order) and thus subject to privacy and HIPPA rights and historical

5  information has no bearing on any issue in the case which is about the current

6  conditions at the jail.

7  **REQUEST FOR PRODUCTION NO. 142:**

8        ALL DOCUMENTS RELATING TO evaluations and assessments of

9  INCARCERATED PERSONS placed in the Outpatient Step Down Unit from

10  January 1, 2021 to present.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

12        The request is vague, ambiguous and overbroad and would require a search of

13  all medical and mental health records of every person incarcerated at the jails in

14  from January 1, 2021 to the present.  It seeks information about individuals who are

15  not part of the class if they are not currently incarcerated (as of the date of the Class

16  Certification Order) and thus subject to privacy and HIPPA rights and historical

17  information has no bearing on any issue in the case which is about the current

18  conditions at the jail.  The request also seeks documents duplicative of #25 and will

19  not be reproduced.

20  **REQUEST FOR PRODUCTION NO. 143:**

21        ALL DOCUMENTS RELATING TO the discipline of INCARCERATED

22  PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH

23  CARE.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

25        The request is vague, ambiguous and overbroad and would require a search of

26  all medical and mental health records and/or custody files of every person

27  incarcerated at the jails in from January 1, 2021 to the present. It seeks information

28  about individuals who are not part of the class if they are not currently incarcerated

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

19

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  (as of the date of the Class Certification Order) and thus subject to privacy and

2  HIPPA rights and historical information has no bearing on any issue in the case

3  which is about the current conditions at the jail.

4  **REQUEST FOR PRODUCTION NO. 144:**

5          ALL DOCUMENTS RELATING to the process and criteria for and ANY

6  limitations on admitting INCARCERATED PERSONS with MENTAL

7  DISORDERS to outside hospitals, forensic facilities, or other psychiatric facilities,

8  including but not limited to the Department of State Hospital, for the purpose of

9  providing MENTAL HEALTH CARE.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

11         Objection.  Responding party does not make decisions about admissions of

12 Incarcerated Persons to outside hospitals, forensic facilities or other psychiatric

13 facilities.  The request also seeks documents duplicative of #25 and will not be

14 reproduced.

15 **REQUEST FOR PRODUCTION NO. 145:**

16         ALL DOCUMENTS RELATING to the process and criteria for and ANY

17 limitations on discharging INCARCERATED PERSONS with MENTAL

18 DISORDERS from outside hospitals, forensic facilities, or other psychiatric

19 facilities, including but not limited to the Department of State Hospital, back to the

20 JAIL after receiving MENTAL HEALTH CARE.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

22         Objection.  Responding party does not make decisions about discharging

23 Incarcerated Persons from outside hospitals, forensic facilities or other psychiatric

24 facilities. The request also seeks documents duplicative of #25 and will not be

25 reproduced.

26 **REQUEST FOR PRODUCTION NO. 146:**

27         ALL DOCUMENTS RELATING TO any delays in admission of

28 INCARCERATED PERSONS with MENTAL DISORDERS into outside hospitals,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                    20                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  forensic facilities, or other psychiatric facilities, including but not limited to the

2  Department of State Hospital, for the purpose of providing MENTAL HEALTH

3  CARE.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

5      Objection.  The request is vague, ambiguous and overbroad and would require

6  a search of all medical records of every person ever incarcerated in the history of the

7  San Diego County jail system.  Without waiving said objection and subject thereto,

8  documents reflecting current processes and criteria will be produced.  The request

9  also seeks documents duplicative of #25 and will not be reproduced.

10  **REQUEST FOR PRODUCTION NO. 147:**

11      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

12  materials, and summaries, RELATING TO the identification, tracking, and/or

13  treatment of INCARCERATED PERSONS' MENTAL HEALTH CARE needs.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

15      The request is vague, ambiguous and overbroad and would require a search of

16  all medical and mental health records and/or custody files of every person

17  incarcerated at the jails for the entire history of the jails. It seeks information about

18  individuals who are not part of the class if they are not currently incarcerated (as of

19  the date of the Class Certification Order) and thus subject to privacy and HIPPA

20  rights and historical information has no bearing on any issue in the case which is

21  about the current conditions at the jail.  In addition, it is a rephrased duplicate of #25

22  and #41 and no further response will be provided.

23  **REQUEST FOR PRODUCTION NO. 148:**

24      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

25  materials, and summaries, RELATING TO the provision of a comprehensive

26  MENTAL HEALTH assessment for INCARCERATED PERSONS.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

28      The request is vague, ambiguous and overbroad and would require a search of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

21

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  all medical and mental health records and/or custody files of every person

2  incarcerated at the jails for the entire history of the jails. It seeks information about

3  individuals who are not part of the class if they are not currently incarcerated (as of

4  the date of the Class Certification Order) and thus subject to privacy and HIPPA

5  rights and historical information has no bearing on any issue in the case which is

6  about the current conditions at the jail.  In addition, it is a rephrased duplicate of

7  #41, seeks documents duplicative of #25, and no further response will be provided.

8  **REQUEST FOR PRODUCTION NO. 149:**

9      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

10  materials, and summaries, RELATING TO the assessing INCARCERATED

11  PERSONS for emergent or urgent MENTAL HEALTH CARE needs.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

13      The request is vague, ambiguous and overbroad and would require a search of

14  all medical and mental health records and/or custody files of every person

15  incarcerated at the jails for the entire history of the jails. It seeks information about

16  individuals who are not part of the class if they are not currently incarcerated (as of

17  the date of the Class Certification Order) and thus subject to privacy and HIPPA

18  rights and historical information has no bearing on any issue in the case which is

19  about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

20  seeks documents duplicative of #25, and no further response will be provided.

21  **REQUEST FOR PRODUCTION NO. 150:**

22      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

23  materials, and summaries, RELATING TO the time between an INCARCERATED

24  PERSON is referred for MENTAL HEALTH CARE evaluation or care and the time

25  the INCARCERATED PERSON receives MENTAL HEALTH CARE evaluation or

26  care.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

28      The request is vague, ambiguous and overbroad and would require a search of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                22                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1   all medical and mental health records and/or custody files of every person

2   incarcerated at the jails for the entire history of the jails. It seeks information about

3   individuals who are not part of the class if they are not currently incarcerated (as of

4   the date of the Class Certification Order) and thus subject to privacy and HIPPA

5   rights and historical information has no bearing on any issue in the case which is

6   about the current conditions at the jail.   In addition, it is a rephrased duplicate of

7   #41 and no further response will be provided.

8   **REQUEST FOR PRODUCTION NO. 151:**

9       ALL DOCUMENTS, including but not limited to logs, audits, lists, training

10  materials, and summaries, RELATING TO the number or percent of

11  INCARCERATED PEOPLE with MENTAL HEALTH CARE needs.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

13      The request is vague, ambiguous and overbroad and would require a search of

14  all medical and mental health records and/or custody files of every person

15  incarcerated at the jails for the entire history of the jails. It seeks information about

16  individuals who are not part of the class if they are not currently incarcerated (as of

17  the date of the Class Certification Order) and thus subject to privacy and HIPPA

18  rights and historical information has no bearing on any issue in the case which is

19  about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

20  seeks documents duplicative of #25, and no further response will be provided.

21  **REQUEST FOR PRODUCTION NO. 152:**

22      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

23  materials, and summaries, and COMMUNICATIONS RELATING TO hiring

24  mental health staff, retaining existing staff, contracting with third-party providers,

25  diverting incarcerated people with mental illness to community providers, and/or

26  supporting mental health-based alternatives to incarceration.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

28      The request is vague, ambiguous and overbroad and would require a search of

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    23                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  all medical and mental health records and/or custody files of every person

2  incarcerated at the jails for the entire history of the jails. It seeks information about

3  individuals who are not part of the class if they are not currently incarcerated (as of

4  the date of the Class Certification Order) and thus subject to privacy and HIPPA

5  rights and historical information has no bearing on any issue in the case which is

6  about the current conditions at the jail.  It is seeks private personnel files of mental

7  health personnel which will not be produced.  In addition, it is a rephrased duplicate

8  of #41, seeks documents duplicative of #25, and no further response will be

9  provided.

10  **REQUEST FOR PRODUCTION NO. 153:**

11       ALL DOCUMENTS, including but not limited to logs, audits, lists, training

12  materials, and summaries, and COMMUNICATIONS RELATING TO the number

13  of patients on each MENTAL HEALTH CARE provider's caseload.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

15       The request is vague, ambiguous and overbroad and would require a search of

16  all medical and mental health records and/or custody files of every person

17  incarcerated at the jails for the entire history of the jails. It seeks information about

18  individuals who are not part of the class if they are not currently incarcerated (as of

19  the date of the Class Certification Order) and thus subject to privacy and HIPPA

20  rights and historical information has no bearing on any issue in the case which is

21  about the current conditions at the jail.  It is seeks private personnel files of mental

22  health personnel which will not be produced.  In addition, it is a rephrased duplicate

23  of #41, seeks documents duplicative of #25, and no further response will be

24  provided.

25  **REQUEST FOR PRODUCTION NO. 154:**

26       ALL DOCUMENTS, including but not limited to logs, audits, lists, training

27  materials, and summaries, and COMMUNICATIONS RELATING TO custody staff

28  authorizing and/or making MENTAL HEALTH CARE decisions for

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

24

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  INCARCERATED PERSONS, including as to housing assignments within

2  MENTAL HEALTH units at the JAIL.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

4      Custody staff do not make mental health care decisions and thus there are not

5  now and never have been any such documents.

6  **REQUEST FOR PRODUCTION NO. 155:**

7      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

8  materials, and summaries, RELATING TO continuing MENTAL HEALTH CARE

9  treatments and medications for INCARCERATED PERSONS who arrive at the

10  JAIL.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

12      The request is vague, ambiguous and overbroad and would require a search of

13  all medical and mental health records and/or custody files of every person

14  incarcerated at the jails for the entire history of the jails. It seeks information about

15  individuals who are not part of the class if they are not currently incarcerated (as of

16  the date of the Class Certification Order) and thus subject to privacy and HIPPA

17  rights and historical information has no bearing on any issue in the case which is

18  about the current conditions at the jail.  In addition, it is a rephrased duplicate of

19  #41, seeks documents duplicative of #25, and no further response will be provided.

20  **REQUEST FOR PRODUCTION NO. 156:**

21      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

22  materials, and summaries, RELATING TO MENTAL HEALTH CARE programs

23  for INCARCERATED PERSONS at the JAIL, including therapy and counseling.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

25      The request is vague, ambiguous and overbroad and would require a search of

26  all medical and mental health records and/or custody files of every person

27  incarcerated at the jails for the entire history of the jails. It seeks information about

28  individuals who are not part of the class if they are not currently incarcerated (as of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

25

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  the date of the Class Certification Order) and thus subject to privacy and HIPPA

2  rights and historical information has no bearing on any issue in the case which is

3  about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

4  seeks documents duplicative of #25, and no further response will be provided.

5  **REQUEST FOR PRODUCTION NO. 157:**

6      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

7  materials, and summaries, RELATING TO identifying, tracking, and or treating

8  INCARCERATED PERSONS' MENTAL HEALTH needs according to a level of

9  care system.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

11     The request is vague, ambiguous and overbroad and would require a search of

12 all medical and mental health records and/or custody files of every person

13 incarcerated at the jails for the entire history of the jails. It seeks information about

14 individuals who are not part of the class if they are not currently incarcerated (as of

15 the date of the Class Certification Order) and thus subject to privacy and HIPPA

16 rights and historical information has no bearing on any issue in the case which is

17 about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

18 seeks documents duplicative of #25, and no further response will be provided.

19 **REQUEST FOR PRODUCTION NO. 158:**

20     ALL DOCUMENTS, including but not limited to logs, audits, lists, training

21 materials, and summaries, RELATING TO monitoring and following-up with

22 INCARCERATED PERSONS who have MENTAL HEALTH needs.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

24     The request is vague, ambiguous and overbroad and would require a search of

25 all medical and mental health records and/or custody files of every person

26 incarcerated at the jails for the entire history of the jails. It seeks information about

27 individuals who are not part of the class if they are not currently incarcerated (as of

28 the date of the Class Certification Order) and thus subject to privacy and HIPPA

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                    26                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  rights and historical information has no bearing on any issue in the case which is

2  about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

3  seeks documents duplicative of #25, and no further response will be provided.

4  **REQUEST FOR PRODUCTION NO. 159:**

5      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

6  materials, and summaries, RELATING TO housing suicidal INCARCERATED

7  PERSONS in isolation.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

9      The request is vague, ambiguous and overbroad and would require a search of

10  all medical and mental health records and/or custody files of every person

11  incarcerated at the jails for the entire history of the jails. It seeks information about

12  individuals who are not part of the class if they are not currently incarcerated (as of

13  the date of the Class Certification Order) and thus subject to privacy and HIPPA

14  rights and historical information has no bearing on any issue in the case which is

15  about the current conditions at the jail.  The request is duplicative of #20 and #23

16  and no further response will be provided.

17  **REQUEST FOR PRODUCTION NO. 160:**

18      ALL grievances and responses thereto RELATING TO suicidal

19  INCARCERATED PERSONS housed in isolation.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

21      Objection.  Vague, ambiguous and overbroad.  "Relating to" a suicidal person

22  is impossible to search.  Responding party would have no possible way of knowing

23  that a person was or was not suicidal at the time a grievance was filed or responded

24  to.  The fact of a grievance by a suicidal person does not equate to being "suicidal"

25  at the time a grievance was written or responded to.

26  **REQUEST FOR PRODUCTION NO. 161:**

27      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

28  materials, and summaries, RELATING TO follow-up care for INCARCERATED

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

27

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  PERSONS discharged from the Inmate Safety Program.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

3      The request is vague, ambiguous and overbroad and would require a search of

4  all medical and mental health records and/or custody files of every person

5  incarcerated at the jails for the entire history of the jails. It seeks information about

6  individuals who are not part of the class if they are not currently incarcerated (as of

7  the date of the Class Certification Order) and thus subject to privacy and HIPPA

8  rights and historical information has no bearing on any issue in the case which is

9  about the current conditions at the jail.

10  **REQUEST FOR PRODUCTION NO. 162:**

11      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

12  materials, and summaries, RELATING TO INCARCERATED PERSONS with

13  acute MENTAL HEALTH CARE needs.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

15      The request is vague, ambiguous and overbroad and would require a search of

16  all medical and mental health records and/or custody files of every person

17  incarcerated at the jails for the entire history of the jails. It seeks information about

18  individuals who are not part of the class if they are not currently incarcerated (as of

19  the date of the Class Certification Order) and thus subject to privacy and HIPPA

20  rights and historical information has no bearing on any issue in the case which is

21  about the current conditions at the jail.

22  **REQUEST FOR PRODUCTION NO. 163:**

23      ALL DOCUMENTS RELATED TO agreements and/or contracts with

24  outside MENTAL HEALTH CARE providers for the referral of INCARCERATED

25  PEOPLE with MEDICAL and MENTAL HEALTH CARE needs to receive care,

26  including when the JAIL lacks personnel and/or housing options to provide

27  necessary care.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    28                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

Objection.  The request is a duplicate of #42 and no further response will be provided.

**REQUEST FOR PRODUCTION NO. 164:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATED TO the placement of INCARCERATED PEOPLE with MENTAL HEALTH DISORDERS and/or intellectual DISABILITIES in administrative segregation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

The request is vague, ambiguous and overbroad and would require a search of all medical and mental health records and/or custody files of every person incarcerated at the jails for the entire history of the jails. It seeks information about individuals who are not part of the class if they are not currently incarcerated (as of the date of the Class Certification Order) and thus subject to privacy and HIPPA rights and historical information has no bearing on any issue in the case which is about the current conditions at the jail.  The request also seeks documents duplicative of #25 and will not be reproduced.

**REQUEST FOR PRODUCTION NO. 165:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATED TO the provision of MENTAL HEALTH CARE for INCARCERATED PEOPLE with MENTAL HEALTH CARE needs in administrative segregation or other isolation housing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

The request is vague, ambiguous and overbroad and would require a search of all medical and mental health records and/or custody files of every person incarcerated at the jails for the entire history of the jails. It seeks information about individuals who are not part of the class if they are not currently incarcerated (as of the date of the Class Certification Order) and thus subject to privacy and HIPPA

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

29

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  rights and historical information has no bearing on any issue in the case which is

2  about the current conditions at the jail.  In addition, it is a rephrased duplicate of

3  #41, seeks documents duplicative of #25, and no further response will be provided.

4  **REQUEST FOR PRODUCTION NO. 166:**

5      ALL DOCUMENTS, including but not limited to logs, audits, lists and

6  summaries, RELATING TO screening, assessment, identification, tracking of

7  INCARCERATED PEOPLE with DISABILITIES.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

9      The request is vague, ambiguous and overbroad and would require a search of

10  all medical and mental health records and/or custody files of every person

11  incarcerated at the jails for the entire history of the jails. It seeks information about

12  individuals who are not part of the class if they are not currently incarcerated (as of

13  the date of the Class Certification Order) and thus subject to privacy and HIPPA

14  rights and historical information has no bearing on any issue in the case which is

15  about the current conditions at the jail.  The request is duplicative of #4 and no

16  further response will be provided.

17  **REQUEST FOR PRODUCTION NO. 167:**

18      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

19  materials, and summaries, RELATING TO programs and services for

20  INCARCERATED PEOPLE with DISABILITIES.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

22      Objection.  The request is vague, ambiguous and overbroad.  It could

23  encompass hundreds of thousands of documents because every single aspect of

24  being incarcerated is a "program and a service" provided by responding parties.

25  **REQUEST FOR PRODUCTION NO. 168:**

26      ALL DOCUMENTS and COMMUNICATIONS, including but not limited to

27  logs, audits, lists, training materials, and summaries, RELATING TO the

28  accessibility of physical spaces at the JAIL for INCARCERATED PEOPLE with

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

30

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  DISABILITIES.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

3       Objection.  The request is vague, ambiguous and overbroad.  It could

4  encompass thousands of documents about physical accessibility for 7 jail facilities.

5  Objection.  The request seeks documents subject to the attorney client and attorney

6  work product privileges created during and as part of this litigation and will not be

7  produced.  The request is duplicative of #1, 2, 5, 6, 7, 50, 54, 56, 59, 60, 61, 63, and

8  76, each request for inspection of a facility served by Plaintiffs (8 total) seeking

9  floor plans and architectural plans.  No further response will be provided.

10 **REQUEST FOR PRODUCTION NO. 169:**

11      ALL DOCUMENTS and COMMUNICATIONS, including but not limited to

12 logs, audits, lists, training materials, and summaries, RELATING TO any grievance

13 system for INCARCERATED PEOPLE with DISABILITIES.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

15      The request is vague, ambiguous and overbroad and would require a search of

16 all grievance records of every person incarcerated at the jails for the entire history of

17 the jails. It seeks information about individuals who are not part of the class if they

18 are not currently incarcerated (as of the date of the Class Certification Order) and

19 thus subject to privacy and HIPPA rights and historical information has no bearing

20 on any issue in the case which is about the current conditions at the jail.  The request

21 is duplicative of #2, 3, 35, 36, 73, and no further response will be provided.

22 **REQUEST FOR PRODUCTION NO. 170:**

23      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

24 materials, and summaries, RELATING TO court orders requiring the

25 accommodation of INCARCERATED PEOPLE with DISABILITIES.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

27      Objection.  The request duplicates #44 and 45 and a further response will not

28 be provided.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

31

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **REQUEST FOR PRODUCTION NO. 171:**

2      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

3  materials, and summaries, RELATING TO electrical and plumbing hazards at the

4  JAIL.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

6      Objection. The request is vague, ambiguous, overbroad and harassing. It

7  seeks documents relating to undefined "hazards" for every facility for the entire

8  history of the jail system. It is unrelated to any claim alleged in the Third Amended

9  Complaint and for which Plaintiffs have no basis for a claim justifying discovery.

10  The request duplicates #74 and no further response will be provided.

11  **REQUEST FOR PRODUCTION NO. 172:**

12      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

13  materials, and summaries, RELATING TO laundry, clothes, and linens.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

15      Objection. The request is vague, ambiguous, overbroad and harassing. The

16  request is a rephrased version of #25 and #26 and no further response will be

17  provided.

18  **REQUEST FOR PRODUCTION NO. 173:**

19      ALL contracts RELATING to vector and vermin control, plumbing repair,

20  electrical repair, pest control, and other maintenance at the JAIL.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

22      Objection. The request is overbroad, burdensome and harassing and seeks

23  documents for the entire history of the jail system and duplicates request No. 74,

24  171 and 174 and no further response will be provided.

25  **REQUEST FOR PRODUCTION NO. 174:**

26      ALL DOCUMENTS RELATING TO vector and vermin control and pest

27  control at the JAIL, including but not limited to any pest control specialist logs and

28  reports.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

32

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

2      Objection.  The request is overbroad, burdensome and harassing and seeks

3  documents for the entire history of the jail system and duplicates request No. 74 and

4  173 and no further response will be provided.

5  **REQUEST FOR PRODUCTION NO. 175:**

6      ALL DOCUMENTS, including but not limited to logs and audits,

7  RELATING TO trash collection and removal from housing units in the JAIL.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

9      Objection.  The request is overbroad, burdensome and harassing and seeks

10 documents for the entire history of the jail system and duplicates request No. 74 and

11 173 and no further response will be provided.

12 **REQUEST FOR PRODUCTION NO. 176:**

13     ALL DOCUMENTS, including but not limited to logs and audits,

14 RELATING TO sanitization of cells, including but not limited to cleaning of human

15 waste and bodily fluids.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

17     Objection.  The request is overbroad, burdensome and harassing and seeks

18 documents for the entire history of the jail system and duplicates request No. 173

19 and no further response will be provided.

20 **REQUEST FOR PRODUCTION NO. 177:**

21     ALL DOCUMENTS (including internal or external reviews or audits),

22 POLICIES AND PROCEDURES, and COMMUNICATIONS RELATING TO

23 YOUR compliance with the Prison Rape Elimination Act, 42 U.S.C. §§ 15601 et

24 seq., and/or its implementing regulations and standards.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

26     Objection.  Policies and procedures have previously been requested and

27 produced and they will not be re-produced in response to this request.  "All

28 documents" is overbroad, burdensome and harassing and responding party will not

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                33                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  provide a response including "all documents" as defined by Plaintiffs. Without

2  waiving said objections and subject thereto, any documents not previously produced

3  other than policies, procedures and green sheets regarding implementation

4  regulations and standards, will be produced.

5  **REQUEST FOR PRODUCTION NO. 178:**

6      The Prison Rape Elimination Act Coordinator's sexual assault incident file.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

8      Objection. The request seeks information subject to the privacy rights of

9  individuals who may not want the information revealed. It is highly sensitive and

10  will only be produced without names or other information which would identify the

11  persons involved, only those incidents from January 1, 2022 to the present, only a

12  list of such incidents, and subject to attorneys eyes only.

13  **REQUEST FOR PRODUCTION NO. 179:**

14      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

15  materials, and summaries, RELATING TO contraband narcotics.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

17      Objection. The request seeks thousands of documents over the entire history

18  of the San Diego County jail systems. Only those documents relating to present

19  conditions are relevant to the subject matter of the Third Amended Complaint which

20  seeks an injunction for current conditions. Numerous changes have been made to

21  processes related to contraband narcotics and thus information will be limited to the

22  last 6 months, no documents identifying individual names will be provided and only

23  those documents evidencing prevention efforts, means and methods will be

24  produced.

25  **REQUEST FOR PRODUCTION NO. 180:**

26      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

27  materials, and summaries, RELATING TO the timeliness and/or adequacy of safety

28  checks.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

34

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

Objection.  The request seeks documents requested numerous times in the form of policies and procedures.  In addition, the request seeks documents for the entire history of the San Diego County jail system which are irrelevant to any issue in this case.  The issue in the case is an injunction to address current conditions in the jails.  No documents already produced regarding policies and procedures with be reproduced.  The request is vague, ambiguous and overbroad in that it covers potentially thousands of pages of documents regarding safety checks created over the history of the jail and no documents will be produced without significant narrowing of the scope to what is pertinent to the issues in the Third Amended Complaint.  Policies, procedures and green sheets have already been produced in response to #25 and 26 and will not be reproduced.

**REQUEST FOR PRODUCTION NO. 181:**

ALL DOCUMENTS RELATING TO housing classification, including but not limited to housing plans and matrices; lists and floorplans of housing units; DOCUMENTS reflecting the purpose and capacity of each room in each housing unit; forms used by JAIL staff to classify and re-classify INCARCERATED PERSONS for general population, protective custody, and administrative segregation housing; and DOCUMENTS reflecting the criteria and eligibility for general population housing determinations; protective custody housing determinations, and administrative segregation housing determinations. Policies, procedures and green sheets have already been produced in response to #25 and 26 and will not be reproduced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

Objection.  The request is overbroad, vague and ambiguous.  It requests hundreds of thousands of documents over the entire history of the San Diego County jail facilities, policies and procedures already produced, and wholly unrelated categories of documents such as housing determinations vs. floor plans.  Floor plans

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

35

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  have been requested previously in all 8 of the inspection requests served by

2  Plaintiffs and no further response will be provided.

3  **REQUEST FOR PRODUCTION NO. 182:**

4       ALL DOCUMENTS, including but not limited to logs, audits, and training

5  materials, RELATING TO YOUR EMPLOYEES' response, including response

6  times, to emergency intercom use by INCARCERATED PERSONS.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

8       Objection.  The request is vague, ambiguous and overbroad and seeks

9  thousands of pages of documents spanning the entire history of the San Diego

10  County jail facilities and review of all custody files for every person every

11  incarcerated at the jails in its entire history.  Policies, procedures and green sheets

12  have already been produced in response to #25 and 26 will not be reproduced.

13  **REQUEST FOR PRODUCTION NO. 183:**

14       ALL DOCUMENTS, including but not limited to logs and audits,

15  RELATING TO intercoms in housing units at the JAIL, including but not limited to

16  maintenance and repair of intercoms, contracts RELATING TO intercoms, and

17  internal and/or third-party reports or analyses RELATING TO the efficacy and/or

18  operation of intercoms.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

20       Objection.  The request is vague, ambiguous and overbroad and seeks

21  thousands of pages of documents spanning the entire history of the San Diego

22  County jail facilities and review of all custody files for every person every

23  incarcerated at the jails in its entire history.  The request is duplicative of #182 and

24  #173.

25  **REQUEST FOR PRODUCTION NO. 184:**

26       ALL DOCUMENTS RELATING TO general population housing

27  determinations, protective custody determinations, and administrative segregation

28  housing determinations for INCARCERATED PERSONS in the JAIL.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

36

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

2      Objection.  The request is duplicative of all prior requests for policies,

3  procedures and green sheets.  The request is duplicative of #25, 26, 32, 33, 47, 50,

4  51, 175, 181 and 183.  No further response will be provided.

5  **REQUEST FOR PRODUCTION NO. 185:**

6      A blank examples of ALL forms used for housing classification, general

7  population housing determinations, protective custody determinations, and

8  administrative segregation housing determinations for INCARCERATED

9  PERSONS in the JAIL.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

11      Objection.  The request is duplicative of all prior requests for policies,

12  procedures and green sheets.  The request is duplicative of #32, 33, 47, 50, 51, 175,

13  181 and 183.  No further response will be provided.

14  **REQUEST FOR PRODUCTION NO. 186:**

15      ALL DOCUMENTS RELATING TO housing classification, general

16  population housing determinations, protective custody determinations, and

17  administrative segregation housing determinations for PLAINTIFFS in the JAIL

18  from January 1, 2013 to the present.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

20      Objection.  The request is burdensome, oppressive and harassing.  Conditions

21  at the jail 10 years ago are irrelevant.  The only relevant time period is the present.

22  In addition, the request is duplicative of all prior requests for policies, procedures

23  and green sheets.  The request is duplicative of #25, 26, 32, 33, 47, 50, 51, 175, 181

24  and 183.  No further response will be provided.

25  **REQUEST FOR PRODUCTION NO. 187:**

26      ALL DOCUMENTS, including but not limited to logs, audits, lists, and

27  summaries, showing the number of assaults, dates of assaults, use of any weapon(s)

28  in assaults, involvement of EMPLOYEES or INCARCERATED PERSONS in

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

37

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  assaults, nature of injury(ies) sustained in assaults, and cause(s) of injury(ies)

2  sustained in assaults for each assault involving an INCARCERATED PERSON.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

4      Objection.  The request is a duplicate of #75, 79 and 80.  No further response

5  will be provided.

6  **REQUEST FOR PRODUCTION NO. 188:**

7      For each INCARCERATED PERSON who received medical attention for

8  injury(ies) sustained during or related to an assault, ALL investigative reports,

9  incident reports, and medical records related to those assaults from January 1, 2021

10  to the present.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

12      Objection.  The request is a duplicate of #75, 79 and 80.  No further response

13  will be provided.

14  **REQUEST FOR PRODUCTION NO. 189:**

15      ALL DOCUMENTS and COMMUNICATIONS RELATING TO ANY claim

16  for workers' compensation filed by INCARCERATED PERSONS or JAIL

17  EMPLOYEES in relation to injuries incurred in the course of employment at the

18  JAIL.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

20      Objection.  The request seeks information irrelevant to the subject matter of

21  the Third Amended Complaint and designed solely to harass responding party.

22  Workers' compensation claims are covered by the Worker's Compensation Act and

23  governed exclusively thereby.  An employee may not seek additional redress.  No

24  response will be provided.

25  **REQUEST FOR PRODUCTION NO. 190:**

26      ALL DOCUMENTS RELATING TO understaffing (employing fewer

27  positions than required, allocated, and/or scheduled) of EMPLOYEES at the JAIL

28  from January 1, 2021 to the present.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

38

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

Objection.  The request is a duplicate of #39 and 96 and no further response will be provided.

**REQUEST FOR PRODUCTION NO. 191:**

ALL DOCUMENTS RELATING TO the following for each existing EMPLOYEE position at the JAIL: the number of allocated positions, the number of hours required for each position, the number of vacancies and the duration of vacancies for each position, and STAFFING PLANS RELATING TO each position at the JAIL from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

Objection.  The request is a duplicate of #39, 96 and 191 and no further response will be provided.

**REQUEST FOR PRODUCTION NO. 192:**

ALL DOCUMENTS RELATING TO the following for each existing EMPLOYEE position at the JAIL: the number of EMPLOYEES present for work in each position for each shift, the number of absences for each position for each shift, and the duration of any absences for each shift from January 1, 2022 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**

Objection.  The request is a duplicate of #39, 96 and 191 and no further response will be provided.

**REQUEST FOR PRODUCTION NO. 193:**

ALL DOCUMENTS RELATING TO body scanners at the JAIL, including but not limited to DOCUMENTS RELATING TO body scanning software, maintenance and repair of body scanners, contracts related to body scanners, POLICIES AND PROCEDURES related to the use of body scanners, and internal and/or third-party reports regarding the efficacy and/or utility of body scanners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

Objection to the extent all policies and procedures have already been

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

39

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  requested and produced in response to #25 and 26 and they will not be reproduced.

2  Objection to the extent the request seeks documents in Incarcerated Person custody

3  files and seeks documents more than 6 months back.  No custody file information

4  will be search or provided as it has no bearing on any issue in the Third Amended

5  Complaint.  Without waiving said objections and subject thereto, documents relating

6  to software, maintenance, and repairs, including contracts in the custody, control

7  and/or possession of responding party will be produced.

8  **REQUEST FOR PRODUCTION NO. 194:**

9        ALL DOCUMENTS and COMMUNICATIONS RELATING TO use of

10  body scanners on YOUR EMPLOYEES when they enter the JAIL.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 194:**

12        Objection.  The request is duplicate of #193 and is overbroad, vague and

13  ambiguous as to "Communications Relating to".  The type of system, use and

14  operability are the only issues in the case and "every communication" is nothing

15  more than harassment.  Policies and procedures have already been produced in

16  response to #25 and 26 and will not be reproduced. No further response will be

17  provided without significant narrowing by Plaintiffs.

18  **REQUEST FOR PRODUCTION NO. 195:**

19        ALL DOCUMENTS RELATING TO video cameras and body-worn cameras

20  at the JAIL, including but not limited to DOCUMENTS RELATING TO video

21  camera and/or body-worn camera software, maintenance and repair of video

22  cameras and/or body-worn cameras, contracts related to video cameras and/or body-

23  worn cameras, POLICIES AND PROCEDURES related to the use of video cameras

24  and/or body-worn cameras, and internal and/or third-party reports regarding the

25  efficacy and/or utility of video cameras and/or body-worn cameras.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 195:**

27        Objection.  The request is burdensome, oppressive and harassing.  Body worn

28  video will not be produced as being unrelated to any issue in the case.  Policies and

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

40

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

procedures have already been produced in response to #25 and 26 and will not be reproduced. No information more than 6 months old will be produced. No reports will be produced as the reference is vague, ambiguous and overbroad and unintelligible to enabled a reasonable search. Without waiving said objections and subject thereto, responding party will produce documents regarding the software and maintenance of the body worn video and cameras only.

**REQUEST FOR PRODUCTION NO. 196:**

ALL DOCUMENTS RELATING TO the analysis, study, or adequacy of staffing levels at the JAIL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 196:**

Objection. The request is burdensome, harassing and overbroad based upon the numerous previously requests for this information and the unlimited time frame. No response will be provided.

**REQUEST FOR PRODUCTION NO. 197:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO all grievances or complaints filed by the Deputy Sheriffs' Association of San Diego County alleging or RELATING TO any matter of JAIL employment, including but not limited to wage grievances, overtime grievances, supervisory practices grievances, disciplinary grievances, retaliation grievances, and allegations of violations of union or other contract rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 197:**

Objection. The information is not subject to discovery as being unrelated to any issue in the case and intended to harass and annoy responding parties in bad faith.

**REQUEST FOR PRODUCTION NO. 198:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO "bypass" or "lockdown" punishments and/or practices at the JAIL, including all instances when an EMPLOYEE denies out-of-cell time to an INCARCERATED PERSON.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

41

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 198:**

Objection. The request is burdensome, harassing and overbroad. It would require a search of custody files for every Incarcerated Person for the entire history of the San Diego County jail system. Policies and procedures have already been produced in response to #25 and 26 and will not be reproduced. No response will be provided.

**REQUEST FOR PRODUCTION NO. 199:**

ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of the incidents referenced in the filing at Docket No. 344 in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 199:**

Objection. Responding party does not know what incident is referenced in Docket No. 344 and without a date and name of Incarcerated Person, the request is burdensome, harassing and made in bad faith.

**REQUEST FOR PRODUCTION NO. 200:**

ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO Christopher Cunningham (Booking No. 23729037).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 200:**

Objection. The request is vague, ambiguous and overbroad. Without a specific date to enable a search, no response will be provided.

**REQUEST FOR PRODUCTION NO. 201:**

ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO Shawn Fuller (Booking No. 23727577).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 201:**

Objection. The request is vague, ambiguous and overbroad. Without a specific date to enable a search, no response will be provided.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

42

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1    **REQUEST FOR PRODUCTION NO. 202:**

2        ALL DOCUMENTS, including but not limited to video footage captured by

3    body-worn cameras, of any incidents RELATING TO PLAINTIFFS.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 202:**

5        Objection.  The request is vague, ambiguous and overbroad.  Without a

6    specific date to enable a search, no response will be provided.

7    **REQUEST FOR PRODUCTION NO. 203:**

8        ALL DOCUMENTS RELATING TO incidents, complaints, and

9    investigations of EMPLOYEES' failure to intervene against another EMPLOYEE

10   using force that is clearly unreasonable or excessive, as described in California

11   Penal Code Section 832.7(b)(1)(A)(iv), at the JAIL, regardless whether the

12   allegation was sustained or unsustained.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 203:**

14       Objection.  The records are equally available and have previously been

15   requested in #80 and will not be reproduced.

16   **REQUEST FOR PRODUCTION NO. 204:**

17       ALL DOCUMENTS RELATING TO incidents, complaints, and

18   investigations of discharge of a firearm by YOUR EMPLOYEES at the JAIL, as

19   described in California Penal Code Section 832.7(b)(1)(A)(i).

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 204:**

21       Objection.  The records are equally available and have previously been

22   requested in #80 and will not be reproduced.

23   **REQUEST FOR PRODUCTION NO. 205:**

24       ALL DOCUMENTS RELATING TO incidents, complaints, and

25   investigations of sexual assault, as that term is defined in California Penal Code

26   Section 832.7(b)(1)(B)(ii), by YOUR EMPLOYEES at the JAIL, regardless whether

27   the allegation was sustained or unsustained.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 205:**

2       Objection.  The records are equally available and have previously been

3    requested in #80 and will not be reproduced.

4    **REQUEST FOR PRODUCTION NO. 206:**

5       ALL DOCUMENTS RELATING TO incidents, complaints, and

6    investigations of dishonesty by YOUR EMPLOYEES, as described in California

7    Penal Code Section 832.7(b)(1)(C), at the JAIL, regardless whether the allegation

8    was sustained or unsustained.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 206:**

10      Objection.  The request seeks documents which are irrelevant to any issues

11   raised in the Third Amended Complaint and the request is intended for no purpose

12   other than to harass and annoy responding parties.  No response will be provided.

13   **REQUEST FOR PRODUCTION NO. 207:**

14      ALL DOCUMENTS RELATING TO incidents, complaints, and

15   investigations of prejudice or discrimination by YOUR EMPLOYEES at the JAIL,

16   as described in California Penal Code Section 832.7(b)(1)(C), regardless whether

17   the allegation was sustained or not sustained.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 207:**

19      Objection.  The request seeks documents which are irrelevant to any issues

20   raised in the Third Amended Complaint and the request is intended for no purpose

21   other than to harass and annoy responding parties.  No response will be provided.

22   **REQUEST FOR PRODUCTION NO. 208:**

23      ALL DOCUMENTS RELATING TO tracking incidents of YOUR

24   EMPLOYEES using force against INCARCERATED PERSONS at the JAIL.

25   **RESPONSE TO REQUEST FOR PRODUCTION NO. 208:**

26      Objection.  The request seeks documents which have already been requested

27   multiple times including #80.  No response will be provided.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

44

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**REQUEST FOR PRODUCTION NO. 209:**

ALL DOCUMENTS sufficient to show the average daily population at the JAIL by month.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 209:**

Objection.  The request seeks information irrelevant to any issue in the case and publicly available as evidenced by Plaintiffs inclusion of such information in the Motion to Certify the Class Action.  The request is made in bad faith.

**REQUEST FOR PRODUCTION NO. 210:**

ALL DOCUMENTS RELATING TO the security levels of ALL housing units at the JAIL (sometimes called a housing matrix or plan).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 210:**

Any such documents limited to "housing matrix or plan" documents in the custody, control and/or possession of responding party will be provided.

**REQUEST FOR PRODUCTION NO. 211:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO overcrowding of INCARCERATED PERSONS, including but not limited to housing one or more INCARCERATED PERSONS in housing units that exceed their rated capacities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 211:**

Overcrowding is not at issue in the Third Amended Complaint and no response will be provided.

**REQUEST FOR PRODUCTION NO. 212:**

ALL DOCUMENTS RELATING TO overcrowding of INCARCERATED PERSONS, including but not limited to housing one or more INCARCERATED PERSONS in housing units that exceed their rated capacities.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 212:**

Overcrowding is not at issue in the Third Amended Complaint and no response will be provided.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

45

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1 **REQUEST FOR PRODUCTION NO. 213:**

2    ALL DOCUMENTS RELATING TO efforts to protect INCARCERATED

3 PERSONS from accessing illegal drugs while at the JAIL.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 213:**

5    Objection.  The request seeks documents previously requested including #25,

6 26 and 179. No further response will be provided.

7 **REQUEST FOR PRODUCTION NO. 214:**

8    ALL DOCUMENTS RELATING TO training staff how to respond to drug

9 overdoses.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 214:**

11    Objection.  The request seeks documents previously requested in #25 and 26,

12 179 and 213.  No further response will be provided.

13 **REQUEST FOR PRODUCTION NO. 215:**

14    ALL DOCUMENTS RELATING TO training staff how to screen for, detect,

15 and prevent contraband at the JAIL, including but not limited to the use of body

16 scanners.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 215:**

18    Objection.  The request seeks documents previously requested in #25, 26,

19 179, 213 and 214.  No further response will be provided.

20 **REQUEST FOR PRODUCTION NO. 216:**

21    ALL DOCUMENTS that list or summarize contraband at the JAIL.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 216:**

23    Objection.  The request seeks documents previously requested in #25, 26,

24 179, 213, 214 and 215. No further response will be provided.

25 **REQUEST FOR PRODUCTION NO. 217:**

26    ALL DOCUMENTS and COMMUNICATIONS RELATING TO emotional,

27 verbal, or physical abuse of an INCARCERATED PERSON by YOUR

28 EMPLOYEES.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

46

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 217:**

2        Objection.  The request seeks documents previously requested in #80.  The

3    phrase "emotional, verbal . . . abuse" is impossible to respond to and will not be

4    searched.  No further response will be provided.

5    **REQUEST FOR PRODUCTION NO. 218:**

6        ALL DOCUMENTS RELATING TO discipline of YOUR EMPLOYEES at

7    the JAIL, including all disciplinary records.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 218:**

9        Objection.  The request seeks documents previously requested in #43 and #80

10    relating to excessive force.  No further response will be provided.

11    **REQUEST FOR PRODUCTION NO. 219:**

12        ALL DOCUMENTS and COMMUNICATIONS RELATING TO locations in

13    the JAIL that INCARCERATED PERSONS may access but are not monitored by

14    video cameras, including but not limited to the area described as "the pocket."

15    **RESPONSE TO REQUEST FOR PRODUCTION NO. 219:**

16        Objection.  The request is vague, ambiguous and overbroad by use of the

17    words "documents" and "communications".  Without waiving said objections and

18    subject thereto, any documents in responding parties custody, control and/or

19    possession sufficient to identify  "pocket" areas will be produced.

20    **REQUEST FOR PRODUCTION NO. 220:**

21        ALL DOCUMENTS RELATING TO the extraction of an INCARCERATED

22    PERSON's tooth or teeth, including but not limited to requests for alternative

23    treatments or offering of alternative treatment options to the INCARCERATED

24    PERSON.

25    **RESPONSE TO REQUEST FOR PRODUCTION NO. 220:**

26        Objection.  The request seeks review of thousands of pages of Incarcerated

27    Person Medical records for the entire history of the San Diego Sheriff's Department

28    jail system.  The request is burdensome, oppressive and harassing.  Policies and

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo
4858-7878-1056 v1                    47                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  procedures have already been produced in response to #25 and 26 and will not be

2  reproduced.  No further response will be provided.

3  **REQUEST FOR PRODUCTION NO. 221:**

4      ALL DOCUMENTS RELATING TO the provision or prescription of

5  medication, including but not limited to antibiotic medication, to INCARCERATED

6  PERSONS for the purpose of treating, managing, or alleviating dental pain or

7  swelling.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 221:**

9      Objection.  The request seeks review of thousands of pages of Incarcerated

10  Person Medical records for the entire history of the San Diego Sheriff's Department

11  jail system.  The request is burdensome, oppressive and harassing.  Policies and

12  procedures have already been produced in response to #25 and 26 and will not be

13  reproduced.  No further response will be provided.

14  **REQUEST FOR PRODUCTION NO. 222:**

15      DOCUMENTS sufficient to show (a) the average waiting time between the

16  time an INCARCERATED PERSON submits a sick call request relating to pain or

17  swelling in their teeth, jaw, gums, or mouth and the time the INCARCERATED

18  PERSON is seen by a licensed dentist; (b) the average waiting time between the

19  time a referral for dental HEALTH CARE is created at the JAIL and the time the

20  INCARCERATED PERSON is seen by a licensed dentist; and (c) the number of

21  patients on any waiting lists for dental HEALTH CARE since January 1, 2021.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 222:**

23      Objection.  The request seeks review of thousands of pages of Incarcerated

24  Person Medical records for three years. The request is burdensome, oppressive and

25  harassing.  Policies and procedures have already been produced in response to #25

26  and 26 and will not be reproduced.  No further response will be provided.

27  **REQUEST FOR PRODUCTION NO. 223:**

28      DOCUMENTS sufficient to show the number of requests for dental

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

48

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  HEALTH CARE at the JAIL and the number of such requests that are granted each

2  month since January 1, 2021.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 223:**

4         Objection.  The request seeks review of thousands of pages of Incarcerated

5  Person Medical records for the entire history of the San Diego Sheriff's Department

6  jail system.  The request is burdensome, oppressive and harassing.    Policies and

7  procedures have already been produced in response to #25 and 26 and will not be

8  reproduced. No further response will be provided.

9  **REQUEST FOR PRODUCTION NO. 224:**

10        DOCUMENTS sufficient to show the types of dental HEALTH CARE

11  treatments available to INCARCERATED PERSONS.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 224:**

13        Objection. The request is burdensome, oppressive and harassing. Policies and

14  procedures have already been produced in response to #25 and 26 and will not be

15  reproduced. The request seeks documents already requested and already produced in

16  the form of the dental services contract.

17  **REQUEST FOR PRODUCTION NO. 225:**

18        ALL DOCUMENTS, including but not limited to logs, audits, lists, training

19  materials, and summaries, RELATING TO the timeliness and/or adequacy of dental

20  HEALTH CARE at the JAIL.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 225:**

22        Objection.  The request seeks review of thousands of pages of Incarcerated

23  Person Medical records for the entire history of the San Diego Sheriff's Department

24  jail system.  The request is burdensome, oppressive and harassing.  Policies and

25  procedures have already been produced in response to #25 and 26 and will not be

26  reproduced. The request seeks documents already requested and already produced in

27  the form of the dental services contract. No further response will be provided.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                              49                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **REQUEST FOR PRODUCTION NO. 226:**

2      DOCUMENTS sufficient to show the number of patients seen for dental

3  HEALTH CARE at the JAIL and the number and types of dental HEALTH CARE

4  procedures provided each month since January 1, 2021.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 226:**

6      Objection.  The request seeks review of thousands of pages of Incarcerated

7  Person Medical records for  3 years. The issues in the case are the current status of

8  dental care and not what occurred 3 years ago.  How many dental procedures

9  provided each month is irrelevant to any issue in the case. The request is

10 burdensome, oppressive and harassing. No response will be provided.

11 **REQUEST FOR PRODUCTION NO. 227:**

12     DOCUMENTS sufficient to show the number of scheduled appointments for

13 dental HEALTH CARE that are cancelled or refused each month since January 1,

14 2021.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 227:**

16     Objection.  The request seeks review of thousands of pages of Incarcerated

17 Person Medical records for  3 years. The issues in the case are the current status of

18 dental care and not what occurred 3 years ago. The request is burdensome,

19 oppressive and harassing.  No response will be provided.

20 **REQUEST FOR PRODUCTION NO. 228:**

21     DOCUMENTS sufficient to show the number of days per week and hours per

22 day that each of the following are present at the JAIL: dental assistant(s), licensed

23 dental hygienist(s), Doctor(s) of Dental Surgery, or Doctor(s) of Medicine in

24 Dentistry.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 228:**

26     Objection.  The request is overbroad and harassing.  To the extent there are

27 schedules available without names, they will be provided for the last 6 months.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                    50                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **REQUEST FOR PRODUCTION NO. 229:**

2      ALL DOCUMENTS RELATING TO the availability of x-ray equipment at

3  the JAIL for purposes of dental HEALTH CARE, including but not limited to ANY

4  digital x-ray equipment and panoramic x-ray equipment.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 229:**

6      Objection.  The request seeks documents previously requested and produced

7  in the form of service contracts.  Any additional documents in the custody, control

8  and/or possession of responding party will be provided.

9  **REQUEST FOR PRODUCTION NO. 230:**

10      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

11  destruction, loss, or misplacement of INCARCERATED PERSONS' personal legal

12  documents.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 230:**

14      Objection.  The request is vague, ambiguous and overbroad.  The request

15  would require a search of thousands of grievances (possibly) for the entire history of

16  the San Diego County Sheriff's department.  No response will be provided.

17  **REQUEST FOR PRODUCTION NO. 231:**

18      ALL DOCUMENTS AND COMMUNICATIONS, including but not limited

19  to logs, audits, lists, training materials, and summaries, RELATING TO

20  confidentiality of communications between INCARCERATED PEOPLE and their

21  attorneys, including the recording of phone calls between INCARCERATED

22  PEOPLE and their attorneys.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 231:**

24      Objection.  The request is vague, ambiguous and overbroad.  To the extent

25  policies and procedures have already been produced, they will not be reproduced.

26  Any other responsive documents in the custody, control and/or possession of

27  responding party will be produced.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

51

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1 **REQUEST FOR PRODUCTION NO. 232:**

2      ALL DOCUMENTS and COMMUNICATIONS RELATING TO attorney

3 callback requests.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 232:**

5      Objection.  The request is vague, ambiguous and overbroad as to the entire

6 history of the jail.  To the extent policies and procedures have already been

7 produced, they will not be reproduced. To the extent any listing of call back requests

8 is maintained for the last 6 months, such a list will be provided.

9 **REQUEST FOR PRODUCTION NO. 233:**

10      ALL DOCUMENTS and COMMUNICATIONS RELATING TO wait times

11 for professional visits, including the time it takes to release visitors from the

12 professional visiting room after a request has been made.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 233:**

14      Objection.  The request is vague, ambiguous and overbroad.  To the extent

15 policies and procedures have already been produced, they will not be reproduced.

16 The request as phrased as to any other documents will not be responded to because

17 of the overbreadth by use of the words "documents" and "communications" without

18 any limitation as to time frame, specific type of documents, statistical information

19 only, etc.

20 **REQUEST FOR PRODUCTION NO. 234:**

21      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the law

22 library and INCARCERATED PERSONS' access to the law library.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 234:**

24      Objection.  The request is vague, ambiguous and overbroad.  To the extent

25 policies and procedures have already been produced, they will not be reproduced.

26 The request as phrased as to any other documents overbroad and will not be

27 responded to.  Without waiting said objection and subject thereto, documents other

28 than policies, procedures and green sheets that reflect hours of availability or rules

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

52

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  of use will be produced.

2  **REQUEST FOR PRODUCTION NO. 235:**

3  ALL DOCUMENTS, including but not limited to logs, audits, lists, training

4  materials, and summaries, RELATING TO the provision of legal materials to pro se

5  litigants.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 235:**

7  Objection.  The request is vague, ambiguous and overbroad. Policies and

8  procedures have already been produced and will not be reproduced.  Without

9  waiting said objection and subject thereto, to the extent they exist, documents that

10 are lists and/or materials provided to Incarcerated persons will be produced.

11 **REQUEST FOR PRODUCTION NO. 236:**

12 ALL DOCUMENTS, including but not limited to logs, audits, lists, training

13 materials, and summaries, RELATING TO legal mail.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 236:**

15 Objection.  The request is vague, ambiguous and overbroad.  Policies and

16 procedures have already been produced and they will not be reproduced.

17 **REQUEST FOR PRODUCTION NO. 237:**

18 ALL DOCUMENTS and COMMUNICATIONS RELATING TO "zero bail."

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 237:**

20 Objection.  The request is vague, ambiguous and overbroad and appears to

21 request documents that have no relationship to the issues as pled in the Third

22 Amended Complaint.

23 **REQUEST FOR PRODUCTION NO. 238:**

24 ALL DOCUMENTS and COMMUNICATIONS RELATING to statistics,

25 studies, analyses, or evaluations of YOUR alternative-to-incarceration and reentry

26 programming, including but not limited to the adequacy, quality, quantity,

27 demographic reach, and/or discrimination of those programs.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                 53            Case No. 3:20-cv-00406-AJB-DDL
                                                DEFENDANTS' RESPONSES REQUESTS FOR
                                                PRODUCTION OF DOCUMENTS, SET FIVE

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 238:**

2      Objection.  The request is vague, ambiguous and overbroad.  Re-entry

3  provides numerous forms of services unrelated to alternatives to incarceration and

4  the vague description of what documents are being requested makes it impossible to

5  determine what is being requested when referring to the Third Amended Complaint.

6  **REQUEST FOR PRODUCTION NO. 239:**

7      DOCUMENTS sufficient to show the racial demographics of participants in

8  ALL of YOUR alternative-to-incarceration and reentry programs by month since

9  January 1, 2021.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 239:**

11      Objection.  The request is vague, ambiguous and overbroad.  Re-entry

12  provides numerous forms of services unrelated to alternatives to incarceration and

13  the vague description of what documents are being requested makes it impossible to

14  determine what is being requested when referring to the Third Amended Complaint.

15  **REQUEST FOR PRODUCTION NO. 240:**

16      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

17  eligibility criteria for ANY of YOUR alternative-to-incarceration and reentry

18  programs.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 240:**

20      Objection.  The request is vague, ambiguous and overbroad.  Re-entry

21  provides numerous forms of services unrelated to alternatives to incarceration and

22  the vague description of what documents are being requested makes it impossible to

23  determine what is being requested when referring to the Third Amended Complaint.

24  **REQUEST FOR PRODUCTION NO. 241:**

25      ALL DOCUMENTS RELATING TO the denial of ANY INCARCERATED

26  PERSON from an alternative-to-incarceration or reentry program since January 1,

27  2021.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

54

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 241:**

Objection. The request is vague, ambiguous and overbroad. Re-entry provides numerous forms of services unrelated to alternatives to incarceration and the vague description of what documents are being requested makes it impossible to determine what is being requested when referring to the Third Amended Complaint.

**REQUEST FOR PRODUCTION NO. 242:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the Correctional Offender Management Profiling for Alternative Sanctions tool, the California Pretrial Assessment tool, and ANY other pre-trial risk assessment tool.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 242:**

Objection. The request is vague, ambiguous and overbroad. The request could potentially seek thousands of documents given the overbroad definitions of documents and communications. The request is harassing and burdensome as phrased and it is impossible to determine what is being requested when referring to the Third Amended Complaint.

**REQUEST FOR PRODUCTION NO. 243:**

ALL DOCUMENTS RELATING TO studies, analyses, or evaluations of recidivism of INCARCERATED PERSONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 243:**

Objection. The request is vague, ambiguous and overbroad. It seeks documents which are not the subject of the Third Amended Complaint.

**REQUEST FOR PRODUCTION NO. 244:**

All DOCUMENTS RELATING TO alternatives to incarceration, including drug court and reentry court.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 244:**

Objection. The request is vague, ambiguous and overbroad. It seeks documents which are not the subject of the Third Amended Complaint.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

55

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1  **REQUEST FOR PRODUCTION NO. 245:**

2      ALL JIMS data RELATED TO Plaintiffs' Ninth Claim for Relief in the Third

3  Amended Complaint.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 245:**

5      Objection.  The request is vague, ambiguous and overbroad.  The request

6  could potentially seek thousands of documents given the overbroad definitions of

7  documents and communications.  The request is harassing and burdensome as

8  phrased and it is impossible to determine what is being requested when referring to

9  the Third Amended Complaint.

10  **REQUEST FOR PRODUCTION NO. 246:**

11      ALL DOCUMENTS and data used by YOU when considering an

12  INCARCERATED PERSON's eligibility for participation in alternatives to

13  incarceration programing.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 246:**

15      Objection.  The request is vague, ambiguous and overbroad.  The request

16  could potentially seek thousands of documents given the overbroad definitions of

17  documents and communications.  The request is harassing and burdensome as

18  phrased and it is impossible to determine what is being requested when referring to

19  the Third Amended Complaint.

20  **REQUEST FOR PRODUCTION NO. 247:**

21      ALL datasets RELATING TO people considered for participation in

22  alternatives to incarceration programing.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 247:**

24      Objection.  The request is vague, ambiguous and overbroad.  The request

25  could potentially seek thousands of documents given the overbroad definitions of

26  documents and communications.  The request is harassing and burdensome as

27  phrased and it is impossible to determine what is being requested when referring to

28  the Third Amended Complaint.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

56

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

1    Dated:  November 10, 2023        BURKE, WILLIAMS & SORENSEN, LLP

2

3

4                       By: _____

5                         Susan E. Coleman
                         Elizabeth M. Pappy

6                         Attorneys for Defendants
                        COUNTY OF SAN DIEGO, SAN

7                         DIEGO COUNTY SHERIFF'S

8                         DEPARTMENT and SAN DIEGO
                        COUNTY PROBATION

9                         DEPARTMENT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                    57                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

# Exhibit D

Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA  92101-8474
Tel:  619.814.5800 Fax:  619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail:  epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA  95113-2336
Tel:  408.606.6300 Fax:  408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, | Case No. 3:20-cv-00406-AJB-DDL |
| | **DEFENDANTS SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** |
| Plaintiffs, | Judge:  Anthony J. Battaglia |
| v. | Magistrate Judge David D. Leshner |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, | |
| Defendants. | |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4883-2707-4944 v1

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO
INTERROGATORIES, SET TWO

1  PROPOUNDING PARTY:   PLAINTIFFS

2  RESPONDING PARTY:    DEFENDANTS SAN DIEGO COUNTY SHERIFF'S

3                       DEPARTMENT, COUNTY OF SAN DIEGO, AND

4                       SAN DIEGO COUNTY PROBATION

5                       DEPARTMENT

6  SET NO.:             TWO

7  **INTERROGATORY NO. 11:**

8      State all facts in support of YOUR First Affirmative Defense.

9  **RESPONSE TO INTERROGATORY NO. 11:**

10      In paragraphs 38-41, 42-49, 50-52, 53-59, 60-73, 74-83, 84-122, and 123-229

11  of the Third Amended Complaint make conclusory statements that Defendants are

12  diagnosing and treating medical and mental health conditions negligently.

13  Negligent provision of healthcare cannot form the basis for a civil rights action

14  pursuant to *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 [9th Cir. 1980];

15  *Citing, Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), or a

16  violation of the 8th Amendment of the U.S. Constitution. *Tenore v. Horowitz,* 2017

17  WL 3868408, *2-3 (E.D. Cal. September 5, 2017) In addition, negligent healthcare

18  cannot or a violation of the ADA pursuant to *Greer v. Cnty. of San Diego*, No. 3:19-

19  CV-0378-GPC-AGS, 2020 WL 1864640, at *9 (S.D. Cal. Apr. 14, 2020)

20      Plaintiffs have yet to provide any factual support for any of their claims of

21  negligent or deliberately indifferent medical care and thus there is no evidence at

22  this point to enable responding parties to list specific facts that support the defense

23  that there is no basis for either a negligence based claim or deliberate indifference.

24  Only conclusory allegations have been made in the Third Amended Complaint.

25  **INTERROGATORY NO. 12:**

26      State all facts in support of YOUR contention that "Plaintiffs' claims are

27  barred under such equitable defenses as the evidence demonstrates, including but

28  not limited to the doctrine of estoppel." Dkt. 364, Second Am. Answer to Third Am.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4883-2707-4944 v1                2                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO
INTERROGATORIES, SET TWO

1  Compl., at 38 (Second Affirmative Defense).

2  **RESPONSE TO INTERROGATORY NO. 12:**

3         Plaintiffs Dunsmore, Clark and Olivares ("Armstrong Plaintiffs") are included

4  in the CDCR class pursuant to *Armstrong v. Brown.*  The Armstrong class includes

5  every person in CDCR custody with vision, kidney, hearing, mobility, speech, or

6  learning disability.  Dunsmore alleges he is currently incarcerated in a CDCR

7  facility in Stockton, CA.  (Third Amended Complaint "TAC", ¶18)  Clark is now

8  incarcerated in CDCR.  (Id, ¶21)  Olivares was incarcerated in CDCR.  Armstrong

9  Plaintiff Dunsmore suffers from a mobility disability.  (TAC, ¶236 and 237)

10  Armstrong Plaintiff Clark has mobility disabilities.  (TAC, ¶250)

11  **INTERROGATORY NO. 13:**

12         State all facts in support of YOUR contention that "Plaintiffs and members of

13  the purported class on whose behalf they purport to sue failed to exhaust other

14  remedies." Dkt. 364, Second Am. Answer to Third Am. Compl., at 38 (Second

15  Affirmative Defense).

16  **RESPONSE TO INTERROGATORY NO. 13:**

17         Each named plaintiff was required to exhaust remedies pursuant to the PLRA.

18  The TAC does not allege any attempt at exhaustion by any of the plaintiffs.

19  Responding parties served Plaintiffs with discovery which has yet to be responded

20  to and if there are no facts proving compliance with the PLRA, all of Plaintiffs'

21  claims under the ADA and Rehabilitation Act are without merit.  "Because the ADA

22  and Rehabilitation Act are federal laws, the plain language of the PLRA requires

23  that prisoners bringing an action under these federal statutes challenging prison

24  conditions must first exhaust available administrative remedies." *O'Guinn v.*

25  *Lovelock Corr. Ctr.*, 502 F.3d 1056, 1061 (9th Cir. 2007)

26  **INTERROGATORY NO. 14:**

27         State all facts in support of YOUR contention that "Named Plaintiffs

28  Dunsmore, Clark and Olivares are not properly part of any class because they are

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4883-2707-4944 v1                                3                        Case No. 3:20-cv-00406-AJB-DDL
                                                                          DEFENDANTS' RESPONSES TO
                                                                          INTERROGATORIES, SET TWO

1   included in the CDCR class under Armstrong v. Brown." Dkt. 364, Second Am.

2   Answer to Third Am. Compl., at 39 (Third Affirmative Defense).

3   **RESPONSE TO INTERROGATORY NO. 14:**

4       Plaintiffs may not be a part of any class in this matter that duplicates the relief

5   being requested in Armstrong in a County jail.  County jails are explicitly covered

6   by the Armstrong injunctive relief.  *Armstrong v. Brown*, 857 F. Supp. 2d 919, 940

7   (N.D. Cal. 2012), order enforced (Aug. 28, 2012), order aff'd, appeal dismissed, 732

8   F.3d 955 (9th Cir. 2013)  "A plaintiff who is a member of a class action for

9   equitable relief concerning prison conditions may not maintain an individual suit for

10  equitable relief arising from the same issues in the class action." *Gilliam v. Frances*,

11  2015 WL 5895770, at *8 (C.D. Cal. Aug. 26, 2015), report and recommendation

12  adopted, 2015 WL 5842267 (C.D. Cal. Oct. 5, 2015) (citing *Crawford v. Bell*, 599

13  F.2d 890, 892–893 (9th Cir. 1979) (a district court may dismiss portions of claims

14  duplicating issues litigated in a class action)).  In *Stewart v. Asuncion*, No. CV 16-

15  5872 JFW (AJW), 2016 WL 8735720 (C.D. Cal. Oct. 26, 2016), report and

16  recommendation adopted, No. CV16-5872 JFW (AJW), 2016 WL 8738146 (C.D.

17  Cal. Nov. 18, 2016), the court held that the *Armstrong* class action barred the

18  plaintiff's claims seeking declaratory or injunctive relief, stating: "Plaintiff, a

19  disabled California state prisoner seeking injunctive relief for alleged ADA

20  violations, is a member of the class to which Armstrong applies. As a result, his

21  claims for injunctive relief under the ADA fall squarely under Armstrong, and he

22  must pursue those claims via the consent decree or through class counsel." *Id*. at *2.

23  **INTERROGATORY NO. 15:**

24      State all facts in support of YOUR contention that "Plaintiffs' requested

25  modifications and relief would cause an undue burden on Defendants and/or are not

26  readily achievable or technically infeasible including such issues as moving

27  structural walls, renovations not required because of lack of and inability to obtain

28  funding, and which ignore safety concerns in a correctional facility setting such as

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4883-2707-4944 v1                            4                     Case No. 3:20-cv-00406-AJB-DDL
                                                                  DEFENDANTS' RESPONSES TO
                                                                  INTERROGATORIES, SET TWO

1  'portable showers' and ability to move jail populations on an unreasonable and

2  unsafe timeline advocated by Plaintiffs." Dkt. 364, Second Am. Answer to Third

3  Am. Compl., at 39 (Fourth Affirmative Defense).

4  **RESPONSE TO INTERROGATORY NO. 15:**

5        Discovery is continuing and Plaintiffs have failed to specifically articulate

6  changes they claim must be made but instead provide conclusionary statements in

7  the TAC and Court filings.  Technical noncompliance with ADA guidelines does

8  not establish liability under Title II.  *Rodriguez v. County of San Diego*, 2016 WL

9  4515860, *5-*6 (S.D. Cal. February 9, 2016).  The overall question in a Title II case

10 is program accessibility and technical violations are one "building block".  Id.

11 Undue burden is a relevant consideration in the overall determination of program

12 accessibility and what is provided vs. the difficulty, cost, etc.  28 C.F.R. §35.151(a)

13 Plaintiffs have, for example, demanded that portable showers used during COVID

14 be used in SDCJ Housing Modules.  The portable showers suggested by Plaintiffs

15 are truck trailers converted into showering facilities and are approximately the size

16 of a semi-truck trailer.  Plaintiffs' suggestion that said showering facilities be

17 "installed" at SDCJ was not just technically infeasible but impossible.  Plaintiffs

18 demand that construction in an almost fully occupied jail facility take place at a

19 speed and in a manner that would require transfer of numerous disabled individuals

20 away from accessible housing to inaccessible housing and displacement of non-

21 disabled incarcerated persons to some unidentified location because other facilities

22 are at capacity and/or there is not enough staff to accommodate larger populations at

23 other facilities.  These are only a few examples of the Plaintiffs demands ignoring

24 safety concerns, costs, space, staffing, lack of funding, all of which amount to undue

25 burden.

26 **INTERROGATORY NO. 16:**

27        State all facts in support of YOUR contention that "[t]his Complaint is barred

28 by the relevant portions of the California Government Code, including, but not

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4883-2707-4944 v1                               5                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO
INTERROGATORIES, SET TWO

1   limited to sections 815, 8.15.2 [sic], 818.2, 820.2, 820.4, 820.6,

2   820.8,821,844.6(a)(20 [sic], 845.6, 855.6, 855.8, 856, and 856.4. Plaintiffs' causes

3   of action titles as claims for violation of civil rights and the American's [sic] with

4   Disabilities Act are intentionally mislabeled as such and are nothing more than

5   negligence claims such to the California Government Claims Act." Dkt. 364,

6   Second Am. Answer to Third Am. Compl., at 39 (Fifth Affirmative Defense).

7   **RESPONSE TO INTERROGATORY NO. 16:**

8       Under *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir.1993),

9   cert denied 510 U.S. 1076, 114 S.Ct. 890, 127 L.Ed.2d 83 (1994) (state statutes of

10  limitations are applicable to civil rights actions under 42 U.S.C. §§ 1981, 1983,

11  1985, and 2000d), Plaintiffs' claims for civil rights violations are subject to state

12  statutes of limitations.  In addition, as stated in the Affirmative Defense, Plaintiffs

13  seek relief for negligent medical, mental health and dental treatment regardless of

14  the "titles" given to the causes of action.  They may not pursue negligence claims

15  outside the statute of limitations applicable to state law negligence limitations

16  periods and without complying with the California Government Tort Claims Act.

17  **INTERROGATORY NO. 17:**

18      State all facts in support of YOUR contention that "Plaintiffs' claims are

19  barred in whole or in part because Plaintiffs lack standing to challenge programs,

20  services, assignments, or activities for which they failed to apply or for which they

21  were not denied." Dkt. 364, Second Am. Answer to Third Am. Compl., at 40 (Sixth

22  Affirmative Defense).

23  **RESPONSE TO INTERROGATORY NO. 17:**

24      Plaintiffs must establish that they are a qualified individual under the ADA,

25  that they are not a member of the Armstrong class for all matters covered by

26  Armstrong, and that they encountered the alleged barriers to programs and services

27  provided by Defendants.  There have been no facts provided by Plaintiffs to

28  substantiate the claims alleged in the unverified Third Amended Complaint to

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4883-2707-4944 v1                 6                 Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO
INTERROGATORIES, SET TWO

1   support their claim that they are a qualified individual.

2   **INTERROGATORY NO. 18:**

3       State all facts in support of YOUR contention that "the Complaint fails to

4   state a cause of action for violation of 42 U.S.C. § 1983 under *Monell v. Department*

5   *of Social Services in the City of New York*, 436 U.S. 658 (1978). There can be no

6   recovery for a federal civil rights violation when there is no constitutional

7   deprivation occurring pursuant to governmental custom or policy." Dkt. 364,

8   Second Am. Answer to Third Am. Compl., at 40-41 (Seventh Affirmative Defense).

9   **RESPONSE TO INTERROGATORY NO. 18:**

10       Plaintiffs assert in the Third Amended Complaint that they have been

11   deprived of various programs and services such as mental, medical and dental

12   services, access to counsel, proper health and safety, and discriminatory practices

13   with regard to alternatives to incarceration.  Plaintiffs have failed to specifically

14   identify any specific failure (as opposed to the overly generalized claims in the

15   Third Amended Complaint) while taking into account Jail policies and procedures

16   which are in place for the safety of Incarcerated People, the Public and Staff.  Once

17   plaintiffs identify the specific alleged issues (by providing facts) that currently exist

18   by Plaintiff, Defendants will be able to provide specific policies and procedures

19   (facts) which support the Affirmative Defense.

20   **INTERROGATORY NO. 19:**

21       State all facts in support of YOUR denial to Plaintiffs' Request for Admission

22   No. 3 ("Admit that YOUR determinations regarding appropriate HEALTH CARE

23   standards and/or provision of care to INCARCERATED PERSONS take precedence

24   over the determinations of CONTRACTORS regarding the same.").

25   **RESPONSE TO INTERROGATORY NO. 19:**

26       "YOUR" was not defined and an objection was interposed on this basis.  The

27   request named the County, generically, the Sheriff's Department, and Probation as

28   responding parties.  County staff generically and Probation do not make any

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4883-2707-4944 v1                    7                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO
INTERROGATORIES, SET TWO

1  determinations about "appropriate health care standards", making the statement

2  false.

3  **INTERROGATORY NO. 20:**

4       State all facts in support of YOUR denial to Plaintiffs' Request for Admission

5  No. 3 ("Admit that HEALTH CARE STAFF report to custody staff at the JAIL.").

6  **RESPONSE TO INTERROGATORY NO. 20:**

7       Health Care staff do not report to custody staff at the JAIL.  For example, Dr.

8  Jon Montgomery is supervisor for the medical department.  Dr. Montgomery is not

9  "custody staff".  Dr. Montgomery reports to Chris Miedico who is also not "custody

10  staff".

11  **INTERROGATORY NO. 21:**

12       State all facts in support of YOUR contention, in response to Plaintiffs'

13  Request for Admission No. 2 ("Admit that YOU have authority for and

14  responsibility for ANY services provided by CONTRACTORS to

15  INCARCERATED PERSONS") that "the County and the Sheriff's Department

16  have joint authority over and responsibility for services along with contractors."

17  **RESPONSE TO INTERROGATORY NO. 21:**

18       The Sheriff's Department is the same legal entity as the County.  Pursuant to

19  Government Code §26605, the Sheriff is responsible for taking charge of and be the

20  sole and exclusive authority to keep the county jail and the prisoners in it including

21  persons confined to the county jail pursuant to subdivision (b) of Section 3454 of the

22  Penal Code for a violation of the terms and conditions of their postrelease

23  community supervision, except for work furlough facilities where by county

24  ordinance the work furlough administrator is someone other than the sheriff.

25  Pursuant to Government Code §29602, the County is responsible for the expenses

26  necessarily incurred in the support of persons charged with or convicted of a crime

27  and committed to the county jail and the maintenance therein and in other county

28  adult detention facilities of a program of rehabilitative services in the fields of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4883-2707-4944 v1                     8                     Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO
INTERROGATORIES, SET TWO

1 training, employment, recreation, and prerelease activities, and for other services in

2 relation to criminal proceedings for which no specific compensation is prescribed by

3 law.

4 **INTERROGATORY NO. 22:**

5      Identify all POLICIES AND PROCEDURES that have been revised since

6 November 18, 2022.

7 **RESPONSE TO INTERROGATORY NO. 22:**

8      Objection.  The request is overbroad and therefore vague and ambiguous.

9 Without waiving said objection and subject thereto, the only policies and procedures

10 relevant to this case are Detention Services Bureau and Jail Medical services

11 policies.  The responsive policies are as follows:   I.20 Supplemental Guidelines For

12 Detentions:  Body Worn Cameras (Bwc); J.7 Emergency Transportation Of

13 Incarcerated Persons With Mental Health Needs; M.6 Life Threatening

14 Emergencies:  Code Blue; M.47 Suspected Opioid Overdose; L.11 Personal

15 Hygiene; M.7 Incarcerated Person Deaths; B.23 Financial Reporting To Detention

16 Services Bureau Commanders; I.52 Strip And Pat Down Searches Of Incarcerated

17 Persons; L.3 Incarcerated Persons Mattresses; M.11 Private Physicians; M.38

18 Pregnant Incarcerated Persons; M.48 Naloxone Issuance And Storage; P.7

19 Newspapers; Q. 66 Transfer Of Incarcerated Person Property; R.11 Incarcerated

20 Person Facility Assignment Criteria; I.41 Cell Searches Of Incarcerated Persons;

21 I.21 Housing Unit Area Activity Log;I.50 Body Scanner and X-rays; M.4 Suicide

22 Prevention and Focused Response Team; I.62 Facility Security; F.5.1 Female

23 Incarcerated Prenatal and Post Partum Care; and F.5.2 Breast Feeding Milk

24 Collection.

25 **INTERROGATORY NO. 23:**

26      Identify all of the quality assurance and/or quality improvement processes

27 RELATING TO the provision of HEALTH CARE at the JAIL, from January 1,

28 2020 to the present.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4883-2707-4944 v1                    9                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO
INTERROGATORIES, SET TWO

**RESPONSE TO INTERROGATORY NO. 23:**

Please see documents Bates Stamped SD 108159-108237, incorporated herein by reference.

**INTERROGATORY NO. 24:**

Identify all audits relating to custody operations and HEALTH CARE services at the JAIL, from January 1, 2020 to the present.

**RESPONSE TO INTERROGATORY NO. 24:**

Objection. The request is burdensome and overbroad. The Third Amended Complaint addresses current conditions and not what audits or findings were made almost four years ago.

**INTERROGATORY NO. 25:**

For each INCARCERATED PERSON at the Jail since January 1, 2022, provide their: (a) booking number; (b) name; (c) date of birth; (d) gender; (e) race/ethnicity; (f) booking date and time; (g) primary offense/charge; (h) if multiple offenses or charges are listed, up to 5 other charges or offenses; (i) current bail amount (total or by charge); (j) current classification record (initial or reclassification); (k) current housing unit and bed assignment; (l) all special management flags (e.g., protective custody, gang, juvenile, etc.); (m) whether the person is currently on lockdown status; (n) if currently on lockdown status, when the lockdown began; (o) if sentenced, sentence length; (p) if sentenced, current release date; (q) risk level determined by pretrial risk assessment; (r) mental health care level; and (s) medical care level.

**RESPONSE TO INTERROGATORY NO. 25:**

Objection. The requested information in the form of an interrogatory is made in bad faith, burdensome, oppressive and overbroad. It would require listing of thousands of names and hundreds of hours to compile and respond to all of the subcategories being requested. In addition, the information being requested is irrelevant to any issue raised in the Third Amended Complaint and requested for no

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4883-2707-4944 v1

10

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO
INTERROGATORIES, SET TWO

1    apparent reason other than harassment.

2

3    Dated:  November 9, 2023                BURKE, WILLIAMS & SORENSEN, LLP

4

5

6    By:        */s/ Elizabeth M. Pappy*
                Susan E. Coleman
7                Elizabeth M. Pappy
                Attorneys for Defendants
8                COUNTY OF SAN DIEGO, SAN
                DIEGO
9                COUNTY SHERIFF'S
                DEPARTMENT and SAN DIEGO
10               COUNTY PROBATION
                DEPARTMENT
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4883-2707-4944 v1                    11                    Case No. 3:20-cv-00406-AJB-DDL
                                                           DEFENDANTS' RESPONSES TO
                                                           INTERROGATORIES, SET TWO

# PROOF OF SERVICE

**Dunsmore v. San Diego County Sheriff's Department**
**Case No. 3:20-cv-00406-AJB-DDL**

## STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Santa Clara, State of .  My business address is 60 South Market Street, Suite 1000, San Jose, CA 95113-2336.

On November 9, 2023, I served true copies of the following document(s) described as **DEFENDANTS SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address lgonzalez@bwslaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 9, 2023, at San Jose, California.

_____
Lucy Gonzalez

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4883-2707-4944 v1

12

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO
INTERROGATORIES, SET TWO

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department**
**Case No. 3:20-cv-00406-AJB-DDL**

Aaron J. Fischer
ajf@aaronfischerlaw.com

Priyah Kaul
pkaul@rbgg.com

Gav C. Grunfeld
GGrunfeld@rbgg.com

Van Swearingen
VSwearingen@rbgg.com

Neal, Isabella
Isabella.Neal@us.dlapiper.com

Kiefer, Oliver
Oliver.Kiefer@us.dlapiper.com

Christopher M. Young
Christopher.Young@us.dlapiper.com

Hannah M. Chartoff
HChartoff@rbgg.com

Eric Monek Anderson
EMonekAnderson@rbgg.com

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4883-2707-4944 v1

13

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO
INTERROGATORIES, SET TWO

# Exhibit E

1  GAY C. GRUNFELD – 121944
   VAN SWEARINGEN – 259809
2  PRIYAH KAUL – 307956
   ERIC MONEK ANDERSON – 320934
3  HANNAH M. CHARTOFF – 324529
   ROSEN BIEN
4  GALVAN & GRUNFELD LLP
   101 Mission Street, Sixth Floor
5  San Francisco, California  94105-1738
   Telephone:  (415) 433-6830
6  Facsimile:   (415) 433-7104
   ggrunfeld@rbgg.com
7  vswearingen@rbgg.com
   pkaul@rbgg.com
8  eanderson@rbgg.com
   hchartoff@rbgg.com
9
   AARON J. FISCHER – 247391
10 LAW OFFICE OF
   AARON J. FISCHER
11 1400 Shattuck Square Suite 12 - #344
   Berkeley, California  94709
12 Telephone:  (510) 806-7366
   Facsimile:   (510) 694-6314
13 ajf@aaronfischerlaw.com

14 Attorneys for Plaintiffs and the
   Certified Subclass

   CHRISTOPHER M. YOUNG – 163319
   ISABELLA NEAL – 328323
   OLIVER KIEFER – 332830
   DLA PIPER LLP (US)
   4365 Executive Drive, Suite 1100
   San Diego, California  92121-2133
   Telephone:  (858) 677-1400
   Facsimile:   (858) 677-1401
   christopher.young@dlapiper.com
   isabella.neal@dlapiper.com
   oliver.kiefer@dlapiper.com

15

16                 UNITED STATES DISTRICT COURT

17               SOUTHERN DISTRICT OF CALIFORNIA

18 | DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, | Case No. 3:20-cv-00406-AJB-DDL |
|---|---|
| | **PLAINTIFF DARRYL DUNSMORE'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| Plaintiffs, | Judge:      Hon. Anthony J. Battaglia |
| v. | Magistrate: Hon. David D. Leshner |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, | Trial Date: None Set |
| Defendants. | |

19
20
21
22
23
24
25
26
27
28

PROPOUNDING PARTY:  DEFENDANTS SAN DIEGO COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF SAN DIEGO, AND
SAN DIEGO COUNTY PROBATION
DEPARTMENT

RESPONDING PARTY:  PLAINTIFF DARRYL DUNSMORE

SET NO.:  ONE

## PRELIMINARY STATEMENT

1.      These responses, while based on diligent exploration by Plaintiff and Plaintiff's counsel, reflect only the current status of Plaintiff's knowledge, understanding and belief responding to the matters about which inquiry has been made.  Discovery in this action is continuing and, consequently, Plaintiff may not yet fully understand the significance of certain information or facts, may not have yet discovered all information or facts pertinent to these requests, and may not have yet identified or located all persons with knowledge or pertinent information or facts.  Plaintiff relies on Plaintiff's counsel's ongoing investigation and discovery in this action relating to allegations, facts, and evidence generally applicable to putative class members, including Plaintiff.  As discovery in this action proceeds, Plaintiff may discover additional or different facts.  Plaintiff reserves the right to modify or supplement these responses with whatever pertinent information or facts as subsequently may be discovered.  Furthermore, these responses are without prejudice to Plaintiff's right to use or rely on at any time, including trial, any subsequently discovered information or facts, or information or facts omitted from these responses as a result of mistake, error, oversight or inadvertence.  Plaintiff further reserves the right to produce additional facts or documents in evidence at any time, including trial, and to object on appropriate grounds to the introduction into evidence of any portion of these responses.

2.    The responses set forth below are made without waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or related to the subject matter of the responses herein; or (3) the right to revise, correct, supplement or clarify any of the responses below, at any time.

## GENERAL OBJECTIONS

Plaintiff objects to each document request propounded by Defendants to the extent that:

1.    It seeks any document or information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the right of privacy guaranteed by the United States Constitution and federal and state law, and all other rights and privileges recognized under the constitutions, statutes, or decisional law of the United States and the state of California;

2.    It seeks any document or information protected against disclosure as the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives;

3.    It seeks documents or information not relevant to any party's claim or defense and/or is not proportional to the needs of the case;

4.    It would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or is overly broad;

5.    It is vague and ambiguous and does not include adequate definitions, specificity, or limiting factors (including but not limited to a narrowing time frame);

6.    It seeks documents outside of Plaintiff's possession, custody, or control;

7.    It seeks documents equally available to or already in the possession of Defendants;

PLAINTIFF DARRYL DUNSMORE'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

8.      It seeks documents for an unreasonable, irrelevant, or unspecified period of time;

9.      It is duplicative and repetitive, or purports to require Plaintiff to produce the same documents more than once;

10.      It seeks to have Plaintiff make admissions on behalf of individuals other than Plaintiff;

11.      It seeks all documents supporting contentions that relate to facts or the application of law to facts and, as such, is premature and inappropriate in light of the present stage of discovery.  Plaintiff has not completed an investigation of all of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for depositions and trial.  Plaintiff expects to receive documents and information through discovery that will concern and provide information and documents responsive to such Requests, including documents in Defendants' possession or the possession of third parties that have been sought by Plaintiff in discovery but have not yet been produced.

12.      It seeks the reproduction of documents which have been or will be produced by Defendants in this litigation.  Plaintiff will not search for or produce responsive documents that were already in Defendants' possession and have been produced by Defendants in response to Plaintiffs' document requests or its disclosure obligations.

13.      It seeks documents that Plaintiff has already filed and served in this action, including in connection with Plaintiffs' motions for preliminary injunction. It also seeks documents that are publicly available and cited in Plaintiffs' Third Amended Complaint.

14.      It seeks more than what is required to be produced under the Federal Rules of Civil Procedure or otherwise conflicts with the Federal Rules of Civil Procedure.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Plaintiff objects to Defendants' "Definitions and Instructions" to the extent that they seek to impose any obligation or burden on Plaintiffs beyond that required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Requests consistent with the Rules rather than Defendants' "Definitions and Instructions."

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiffs hereby respond as follows:

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR claim that medical care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

1  but not limited to those cited in Plaintiffs' Third Amended Complaint.

2      Subject to and without waiving the foregoing objections, and based on

3  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

4  follows:

5      Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents previously filed and served in

9  this action, nor will Plaintiff produce back any responsive documents that

10 Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

11 documents that, although responsive to this Request, Plaintiffs are producing in

12 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

13 documents that are in Plaintiff's custody, possession, and control and are responsive

14 to this Request, as stated above, does not mean that such documents necessarily

15 exist.

16 **REQUEST FOR PRODUCTION NO. 2:**

17     ALL DOCUMENTS evidencing the changes which must be made to render

18 the medical care provided at the JAIL adequate.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20     Plaintiff incorporates by reference the Preliminary Statement and General

21 Objections set forth above.  Plaintiff objects to this Request to the extent that the

22 time frame for this Request is undefined and this Request is therefore overbroad,

23 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

24 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

25 this Request to the extent that it seeks production of documents that are within the

26 possession, custody, and control of Defendants.  Plaintiff further objects to this

27 Request to the extent it seeks disclosure of information protected by the attorney-

28 client privilege, work product doctrine, and all applicable privileges and privacy

1   protections regarding communications in relation to medical or mental health care.

2   Plaintiff further objects to this Request to the extent it seeks documents that are

3   equally available to Defendants because Plaintiff filed and served them in

4   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

5   to this Request to the extent it seeks documents that are publicly available, including

6   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

7   further objects to this Request as duplicative of other Requests served herein.

8   Plaintiff further objects to this Request as duplicative, and therefore unduly

9   burdensome, harassing, and oppressive, because Defendants served the same

10  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

11  Amended Complaint and therefore the same documents are responsive for all 14

12  Plaintiffs.

13        Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

15  follows:

16        Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 3:**

27        ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

28  inadequate mental health care at the JAIL and the dates thereof.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2  Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Request to the extent that the

4  time frame for this Request is undefined and this Request is therefore overbroad,

5  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

6  Request to the extent that it seeks production of documents that are within the

7  possession, custody, and control of Defendants.  Plaintiff further objects to this

8  request to the extent it seeks disclosure of information protected by the attorney-

9  client privilege, work product doctrine, and all applicable privileges and privacy

10  protections regarding communications in relation to medical and mental health care.

11  Plaintiff further objects to this Request to the extent it seeks documents that are

12  equally available to Defendants because Plaintiff filed and served them in

13  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

14  to this Request to the extent it seeks documents that are publicly available, including

15  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

16  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

17  inadequate mental health care at the Jail affected Plaintiffs on an ongoing and

18  continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request

19  as seeking a narrative response or the creation of documents not already in

20  existence.  Plaintiff further objects to this Request as duplicative of other Requests

21  served by Defendants, including but not limited to Request No. 4.  Plaintiff further

22  objects to the undefined terms "affected" and "evidencing" in this Request as vague

23  and ambiguous.

24  Subject to and without waiving the foregoing objections, and based on

25  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

26  Plaintiff responds as follows:

27  Plaintiff will produce all responsive, non-privileged documents within

28  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS supporting YOUR claim that mental health care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

2  follows:

3       Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis. Plaintiff will not produce documents previously filed and served in

7  this action, nor will Plaintiff produce back any responsive documents that

8  Defendants have produced to Plaintiff. Plaintiff will not separately re-produce

9  documents that, although responsive to this Request, Plaintiffs are producing in

10 response to other Requests herein. Plaintiff's agreement to produce non-privileged

11 documents that are in Plaintiff's custody, possession, and control and are responsive

12 to this Request, as stated above, does not mean that such documents necessarily

13 exist.

14 **REQUEST FOR PRODUCTION NO. 5:**

15       ALL DOCUMENTS evidencing the changes which must be made to render

16 the mental health care provided at the JAIL adequate.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18       Plaintiff incorporates by reference the Preliminary Statement and General

19 Objections set forth above. Plaintiff objects to this Request to the extent that the

20 time frame for this Request is undefined and this Request is therefore overbroad,

21 harassing, unduly burdensome, and oppressive. Plaintiff further objects to the

22 undefined term "evidencing" as vague and ambiguous. Plaintiff further objects to

23 this Request to the extent that it seeks production of documents that are within the

24 possession, custody, and control of Defendants. Plaintiff further objects to this

25 Request to the extent it seeks disclosure of information protected by the attorney-

26 client privilege, work product doctrine, and all applicable privileges and privacy

27 protections regarding communications in relation to medical or mental health care.

28 Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to this Request as duplicative of other Requests served herein.

6  Plaintiff further objects to this Request as duplicative, and therefore unduly

7  burdensome, harassing, and oppressive, because Defendants served the same

8  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

9  Amended Complaint and therefore the same documents are responsive for all 14

10  Plaintiffs.

11         Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14         Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 6:**

25         ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

26  inadequate mental health care at the JAIL and the dates thereof.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

28         Plaintiff objects to this Request as duplicative of Request No. 3.  Plaintiff will

1  not re-produce documents in response to Request No. 6.

2  **REQUEST FOR PRODUCTION NO. 7:**

3         ALL DOCUMENTS supporting YOUR claim that dental care provided at the

4  JAIL is inadequate as alleged in YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6         Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Request to the extent that the

8  time frame for this Request is undefined and this Request is therefore overbroad,

9  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

10 undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

11 this Request to the extent that it seeks production of documents that are within the

12 possession, custody, and control of Defendants.  Plaintiff further objects to this

13 Request to the extent it seeks disclosure of information protected by the attorney-

14 client privilege, work product doctrine, and all applicable privileges and privacy

15 protections regarding communications in relation to medical or mental health care.

16 Plaintiff further objects to this Request to the extent it seeks documents that are

17 equally available to Defendants because Plaintiff filed and served them in

18 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

19 to this Request to the extent it seeks documents that are publicly available, including

20 but not limited to those cited in Plaintiffs' Third Amended Complaint.

21        Subject to and without waiving the foregoing objections, and based on

22 Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

23 follows:

24        Plaintiff will produce all responsive, non-privileged documents within

25 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

26 collecting additional documents and will produce any responsive to this Request on

27 a rolling basis.  Plaintiff will not produce documents previously filed and served in

28 this action, nor will Plaintiff produce back any responsive documents that

1    Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

2    documents that, although responsive to this Request, Plaintiffs are producing in

3    response to other Requests herein.  Plaintiff's agreement to produce non-privileged

4    documents that are in Plaintiff's custody, possession, and control and are responsive

5    to this Request, as stated above, does not mean that such documents necessarily

6    exist.

7    **REQUEST FOR PRODUCTION NO. 8:**

8         ALL DOCUMENTS evidencing the changes which must be made to make

9    the dental care provided at the JAIL adequate.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11        Plaintiff incorporates by reference the Preliminary Statement and General

12   Objections set forth above.  Plaintiff objects to this Request to the extent that the

13   time frame for this Request is undefined and this Request is therefore overbroad,

14   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

15   undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

16   this Request to the extent that it seeks production of documents that are within the

17   possession, custody, and control of Defendants.  Plaintiff further objects to this

18   Request to the extent it seeks disclosure of information protected by the attorney-

19   client privilege, work product doctrine, and all applicable privileges and privacy

20   protections regarding communications in relation to medical or mental health care.

21   Plaintiff further objects to this Request to the extent it seeks documents that are

22   equally available to Defendants because Plaintiff filed and served in connection with

23   Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

24   to the extent it seeks documents that are publicly available, including but not limited

25   to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

26   this Request as duplicative of other Requests served herein.  Plaintiff further objects

27   to this Request as duplicative, and therefore unduly burdensome, harassing, and

28   oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

1  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

2  same documents are responsive for all 14 Plaintiffs.

3      Subject to and without waiving the foregoing objections, and based on the

4  undefined term "evidencing," Plaintiff responds as follows:

5      Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents already filed and served in this

9  action, nor will Plaintiff produce back any responsive documents that Defendants

10  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

11  although responsive to this Request, Plaintiffs are producing in response to other

12  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

13  are in Plaintiff's custody, possession, and control and are responsive to this Request,

14  as stated above, does not mean that such documents necessarily exist.

15  **REQUEST FOR PRODUCTION NO. 9:**

16      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

17  inadequate dental care at the JAIL and the dates thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19      Plaintiff incorporates by reference the Preliminary Statement and General

20  Objections set forth above.  Plaintiff objects to this Request to the extent that the

21  time frame for this Request is undefined and this Request is therefore overbroad,

22  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23  Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical and mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1    equally available to Defendants because Plaintiff filed and served them in

2    connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3    to this Request to the extent it seeks documents that are publicly available, including

4    but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5    further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6    inadequate dental care at the Jail affected Plaintiffs on an ongoing and continuous

7    basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking

8    a narrative response or the creation of documents not already in existence.  Plaintiff

9    further objects to this Request as duplicative of other Requests served by

10   Defendants, including but not limited to Request No. 7.  Plaintiff further objects to

11   the undefined terms "affected" and "evidencing" in this Request as vague and

12   ambiguous.

13        Subject to and without waiving the foregoing objections, and based on

14   Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15   Plaintiff responds as follows:

16        Plaintiff will produce all responsive, non-privileged documents within

17   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18   collecting additional documents and will produce any responsive to this Request on

19   a rolling basis.  Plaintiff will not produce documents already filed and served in this

20   action, nor will Plaintiff produce back any responsive documents that Defendants

21   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22   although responsive to this Request, Plaintiffs are producing in response to other

23   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24   are in Plaintiff's custody, possession, and control and are responsive to this Request,

25   as stated above, does not mean that such documents necessarily exist.

26   <u>**REQUEST FOR PRODUCTION NO. 10:**</u>

27        ALL DOCUMENTS supporting YOUR claim that the environmental health

28   and safety conditions are inadequate at the JAIL as alleged in YOUR

1  COMPLAINT.

2  **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>:**

3      Plaintiff incorporates by reference the Preliminary Statement and General

4  Objections set forth above.  Plaintiff objects to this Request to the extent that the

5  time frame for this Request is undefined and this Request is therefore overbroad,

6  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

7  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

8  this Request to the extent that it seeks production of documents that are within the

9  possession, custody, and control of Defendants.  Plaintiff further objects to this

10  Request to the extent it seeks disclosure of information protected by the attorney-

11  client privilege, work product doctrine, and all applicable privileges and privacy

12  protections regarding communications in relation to medical or mental health care.

13  Plaintiff further objects to this Request to the extent it seeks documents that are

14  equally available to Defendants because Plaintiff filed and served them in

15  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

16  to this Request to the extent it seeks documents that are publicly available, including

17  but not limited to those cited in Plaintiffs' Third Amended Complaint.

18      Subject to and without waiving the foregoing objections, and based on

19  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

20  follows:

21      Plaintiff will produce all responsive, non-privileged documents within

22  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

23  collecting additional documents and will produce any responsive to this Request on

24  a rolling basis.  Plaintiff will not produce documents previously filed and served in

25  this action, nor will Plaintiff produce back any responsive documents that

26  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

27  documents that, although responsive to this Request, Plaintiffs are producing in

28  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

1 documents that are in Plaintiff's custody, possession, and control and are responsive

2 to this Request, as stated above, does not mean that such documents necessarily

3 exist.

4 **REQUEST FOR PRODUCTION NO. 11:**

5     ALL DOCUMENTS evidencing the changes which must be made to render

6 the environmental health and safety conditions at the JAIL adequate.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8     Plaintiff incorporates by reference the Preliminary Statement and General

9 Objections set forth above.  Plaintiff objects to this Request to the extent that the

10 time frame for this Request is undefined and this Request is therefore overbroad,

11 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

12 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

13 this Request to the extent that it seeks production of documents that are within the

14 possession, custody, and control of Defendants.  Plaintiff further objects to this

15 Request to the extent it seeks disclosure of information protected by the attorney-

16 client privilege, work product doctrine, and all applicable privileges and privacy

17 protections regarding communications in relation to medical or mental health care.

18 Plaintiff further objects to this Request to the extent it seeks documents that are

19 equally available to Defendants because Plaintiff filed and served them in

20 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

21 to this Request to the extent it seeks documents that are publicly available, including

22 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

23 further objects to this Request as duplicative of other Requests served herein.

24 Plaintiff further objects to this Request as duplicative, and therefore unduly

25 burdensome, harassing, and oppressive, because Defendants served the same

26 Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

27 Amended Complaint and therefore the same documents are responsive for all 14

28 Plaintiffs.

1    Subject to and without waiving the foregoing objections, and based on

2  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

3  follows:

4    Plaintiff will produce all responsive, non-privileged documents within

5  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

6  collecting additional documents and will produce any responsive to this Request on

7  a rolling basis.  Plaintiff will not produce documents already filed and served in this

8  action, nor will Plaintiff produce back any responsive documents that Defendants

9  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

10 although responsive to this Request, Plaintiffs are producing in response to other

11 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

12 are in Plaintiff's custody, possession, and control and are responsive to this Request,

13 as stated above, does not mean that such documents necessarily exist.

14 **REQUEST FOR PRODUCTION NO. 12:**

15    ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

16 inadequate environmental health and safety conditions at the JAIL and the dates

17 thereof.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19    Plaintiff incorporates by reference the Preliminary Statement and General

20 Objections set forth above.  Plaintiff objects to this Request to the extent that the

21 time frame for this Request is undefined and this Request is therefore overbroad,

22 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23 Request to the extent that it seeks production of documents that are within the

24 possession, custody, and control of Defendants.  Plaintiff further objects to this

25 request to the extent it seeks disclosure of information protected by the attorney-

26 client privilege, work product doctrine, and all applicable privileges and privacy

27 protections regarding communications in relation to medical and mental health care.

28 Plaintiff further objects to this Request to the extent it seeks documents that are

1   equally available to Defendants because Plaintiff filed and served them in

2   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3   to this Request to the extent it seeks documents that are publicly available, including

4   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6   inadequate environmental health and safety conditions at the Jail affected Plaintiffs

7   on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of

8   "dates" in this Request as seeking a narrative response or the creation of documents

9   not already in existence.  Plaintiff further objects to this Request as duplicative of

10  other Requests served by Defendants, including but not limited to Request No. 10.

11  Plaintiff further objects to the undefined terms "affected" and "evidencing" in this

12  Request as vague and ambiguous.

13       Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16       Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 13:**

27       ALL DOCUMENTS supporting YOUR claim that the safety and security

28  provided at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 14:**

4       ALL DOCUMENTS evidencing the changes which must be made to render

5  the safety and security provided at the JAIL adequate.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7       Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28       Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3         Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11 are in Plaintiff's custody, possession, and control and are responsive to this Request,

12 as stated above, does not mean that such documents necessarily exist.

13 **REQUEST FOR PRODUCTION NO. 15:**

14        ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

15 inadequate safety and security at the JAILS and the dates thereof.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17        Plaintiff incorporates by reference the Preliminary Statement and General

18 Objections set forth above.  Plaintiff objects to this Request to the extent that the

19 time frame for this Request is undefined and this Request is therefore overbroad,

20 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21 Request to the extent that it seeks production of documents that are within the

22 possession, custody, and control of Defendants.  Plaintiff further objects to this

23 request to the extent it seeks disclosure of information protected by the attorney-

24 client privilege, work product doctrine, and all applicable privileges and privacy

25 protections regarding communications in relation to medical and mental health care.

26 Plaintiff further objects to this Request to the extent it seeks documents that are

27 equally available to Defendants because Plaintiff filed and served them in

28 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

PLAINTIFF DARRYL DUNSMORE'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate safety and security at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 13. Plaintiff further objects to the undefined terms "affected" and "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined terms "affected" and "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS supporting YOUR claim that DEFENDANTS deny Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR COMPLAINT.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

2        Plaintiff incorporates by reference the Preliminary Statement and General

3    Objections set forth above.  Plaintiff objects to this Request to the extent that the

4    time frame for this Request is undefined and this Request is therefore overbroad,

5    harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

6    undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

7    this Request to the extent that it seeks production of documents that are within the

8    possession, custody, and control of Defendants.  Plaintiff further objects to this

9    Request to the extent it seeks disclosure of information protected by the attorney-

10   client privilege, work product doctrine, and all applicable privileges and privacy

11   protections regarding communications in relation to medical or mental health care.

12   Plaintiff further objects to this Request to the extent it seeks documents that are

13   equally available to Defendants because Plaintiff filed and served them in

14   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

15   to this Request to the extent it seeks documents that are publicly available, including

16   but not limited to those cited in Plaintiffs' Third Amended Complaint.

17       Subject to and without waiving the foregoing objections, and based on

18   Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

19   follows:

20       Plaintiff will produce all responsive, non-privileged documents within

21   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

22   collecting additional documents and will produce any responsive to this Request on

23   a rolling basis.  Plaintiff will not produce documents previously filed and served in

24   this action, nor will Plaintiff produce back any responsive documents that

25   Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

26   documents that, although responsive to this Request, Plaintiffs are producing in

27   response to other Requests herein.  Plaintiff's agreement to produce non-privileged

28   documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 17:**

4      ALL DOCUMENTS evidencing the changes which must be made to provide

5  Incarcerated Persons at the JAIL access to legal counsel and the Courts.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12 this Request to the extent that it seeks production of documents that are within the

13 possession, custody, and control of Defendants.  Plaintiff further objects to this

14 Request to the extent it seeks disclosure of information protected by the attorney-

15 client privilege, work product doctrine, and all applicable privileges and privacy

16 protections regarding communications in relation to medical or mental health care.

17 Plaintiff further objects to this Request to the extent it seeks documents that are

18 equally available to Defendants because Plaintiff filed and served them in

19 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20 to this Request to the extent it seeks documents that are publicly available, including

21 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22 further objects to this Request as duplicative of other Requests served herein.

23 Plaintiff further objects to this Request as duplicative, and therefore unduly

24 burdensome, harassing, and oppressive, because Defendants served the same

25 Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26 Amended Complaint and therefore the same documents are responsive for all 14

27 Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3          Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11  are in Plaintiff's custody, possession, and control and are responsive to this Request,

12  as stated above, does not mean that such documents necessarily exist.

13  **REQUEST FOR PRODUCTION NO. 18:**

14          ALL DOCUMENTS evidencing the way(s) in which YOU were denied

15  access to legal counsel and the Court and the dates of said denials.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

17          Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Request to the extent that the

19  time frame for this Request is undefined and this Request is therefore overbroad,

20  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21  Request to the extent that it seeks production of documents that are within the

22  possession, custody, and control of Defendants.  Plaintiff further objects to this

23  request to the extent it seeks disclosure of information protected by the attorney-

24  client privilege, work product doctrine, and all applicable privileges and privacy

25  protections regarding communications in relation to medical and mental health care.

26  Plaintiff further objects to this Request to the extent it seeks documents that are

27  equally available to Defendants because Plaintiff filed and served them in

28  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1   to this Request to the extent it seeks documents that are publicly available, including

2   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4   inadequate access to legal counsel and the Court at the Jail affected Plaintiffs on an

5   ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

6   this Request as seeking a narrative response or the creation of documents not

7   already in existence.  Plaintiff further objects to this Request as duplicative of other

8   Requests served by Defendants, including but not limited to Request No. 16.

9   Plaintiff further objects to the undefined term "evidencing" in this Request as vague

10  and ambiguous.

11         Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14         Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 19:**

25         ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to

26  provide reasonable accommodations to Incarcerated People with Disabilities at the

27  JAIL as alleged in YOUR COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 20:**

4      ALL DOCUMENTS evidencing the changes which must be made at the JAIL

5  to provide reasonable accommodations to Incarcerated People with Disabilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served in connection with

19  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

20  to the extent it seeks documents that are publicly available, including but not limited

21  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

22  this Request as duplicative of other Requests served herein.  Plaintiff further objects

23  to this Request as duplicative, and therefore unduly burdensome, harassing, and

24  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

25  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

26  same documents are responsive for all 14 Plaintiffs.

27      Subject to and without waiving the foregoing objections, and based on

28  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

1  follows:

2      Plaintiff will produce all responsive, non-privileged documents within

3  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

4  collecting additional documents and will produce any responsive to this Request on

5  a rolling basis.  Plaintiff will not produce documents already filed and served in this

6  action, nor will Plaintiff produce back any responsive documents that Defendants

7  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

8  although responsive to this Request, Plaintiffs are producing in response to other

9  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

10  are in Plaintiff's custody, possession, and control and are responsive to this Request,

11  as stated above, does not mean that such documents necessarily exist.

12  **REQUEST FOR PRODUCTION NO. 21:**

13      ALL DOCUMENTS evidencing the way(s) in which YOU were denied

14  reasonable accommodations by DEFENDANTS including the dates of said denials.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16      Plaintiff incorporates by reference the Preliminary Statement and General

17  Objections set forth above.  Plaintiff objects to this Request to the extent that the

18  time frame for this Request is undefined and this Request is therefore overbroad,

19  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

20  Request to the extent that it seeks production of documents that are within the

21  possession, custody, and control of Defendants.  Plaintiff further objects to this

22  request to the extent it seeks disclosure of information protected by the attorney-

23  client privilege, work product doctrine, and all applicable privileges and privacy

24  protections regarding communications in relation to medical and mental health care.

25  Plaintiff further objects to this Request to the extent it seeks documents that are

26  equally available to Defendants because Plaintiff filed and served them in

27  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

28  to this Request to the extent it seeks documents that are publicly available, including

but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the denial of reasonable accommodations at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 19. Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq.) prior to filing this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the

1    time frame for this Request is undefined and this Request is therefore overbroad,

2    harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3    Request to the extent that it seeks production of documents that are within the

4    possession, custody, and control of Defendants.  Plaintiff further objects to this

5    request to the extent it seeks disclosure of information protected by the attorney-

6    client privilege, work product doctrine, and all applicable privileges and privacy

7    protections regarding communications in relation to medical and mental health care.

8    Plaintiff further objects to this Request to the extent it seeks documents that are

9    equally available to Defendants because Plaintiff filed and served them in

10   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11   to this Request to the extent it seeks documents that are publicly available, including

12   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13   further objects to the undefined term "evidencing" in this Request as vague and

14   ambiguous.

15          Subject to and without waiving the foregoing objections, and based on

16   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

17   follows:

18          Plaintiff will produce all responsive, non-privileged documents within

19   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

20   collecting additional documents and will produce any responsive to this Request on

21   a rolling basis.  Plaintiff will not produce documents already filed and served in this

22   action, nor will Plaintiff produce back any responsive documents that Defendants

23   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

24   although responsive to this Request, Plaintiffs are producing in response to other

25   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

26   are in Plaintiff's custody, possession, and control and are responsive to this Request,

27   as stated above, does not mean that such documents necessarily exist.

28

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on

a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs to avoid discrimination on the basis of race, color, national origin, or ethic group identification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited

1   to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

2   this Request as duplicative of other Requests served herein.  Plaintiff further objects

3   to this Request as duplicative, and therefore unduly burdensome, harassing, and

4   oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

5   Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

6   same documents are responsive for all 14 Plaintiffs.

7        Subject to and without waiving the foregoing objections, and based on

8   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

9   follows:

10       Plaintiff will produce all responsive, non-privileged documents within

11  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

12  collecting additional documents and will produce any responsive to this Request on

13  a rolling basis.  Plaintiff will not produce documents already filed and served in this

14  action, nor will Plaintiff produce back any responsive documents that Defendants

15  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

16  although responsive to this Request, Plaintiffs are producing in response to other

17  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

18  are in Plaintiff's custody, possession, and control and are responsive to this Request,

19  as stated above, does not mean that such documents necessarily exist.

20  **REQUEST FOR PRODUCTION NO. 25:**

21       ALL DOCUMENTS evidencing the way(s) in which YOU were

22  discriminated against on the basis of race, color, national origin, or ethic group

23  identification under DEFENDANTS' policing programs, alternatives to pre-trial

24  custody programs, early release programs, and re-entry programs, including the date

25  of the discriminatory act(s).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

27       Plaintiff incorporates by reference the Preliminary Statement and General

28  Objections set forth above.  Plaintiff objects to this Request to the extent that the

1  time frame for this Request is undefined and this Request is therefore overbroad,

2  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3  Request to the extent that it seeks production of documents that are within the

4  possession, custody, and control of Defendants.  Plaintiff further objects to this

5  request to the extent it seeks disclosure of information protected by the attorney-

6  client privilege, work product doctrine, and all applicable privileges and privacy

7  protections regarding communications in relation to medical and mental health care.

8  Plaintiff further objects to this Request to the extent it seeks documents that are

9  equally available to Defendants because Plaintiff filed and served them in

10  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11  to this Request to the extent it seeks documents that are publicly available, including

12  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

14  discrimination on the basis of race, color, national origin, or ethic group

15  identification under Defendants' policing programs, alternatives to pre-trial custody

16  programs, early release programs, and re-entry programs affected Plaintiffs on an

17  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

18  this Request as seeking a narrative response or the creation of documents not

19  already in existence.  Plaintiff further objects to this Request as duplicative of other

20  Requests served by Defendants, including but not limited to Request No. 23.

21  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

22  and ambiguous.

23         Subject to and without waiving the foregoing objections, and based on

24  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

25  follows:

26         Plaintiff will produce all responsive, non-privileged documents within

27  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

28  collecting additional documents and will produce any responsive to this Request on

1  a rolling basis.  Plaintiff will not produce documents already filed and served in this

2  action, nor will Plaintiff produce back any responsive documents that Defendants

3  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

4  although responsive to this Request, Plaintiffs are producing in response to other

5  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

6  are in Plaintiff's custody, possession, and control and are responsive to this Request,

7  as stated above, does not mean that such documents necessarily exist.

8

9

10  DATED:  October 31, 2023           Respectfully submitted,

11                                     ROSEN BIEN GALVAN & GRUNFELD LLP

12

13                                     By: */s/ Van Swearingen*

14                                         Van Swearingen

15                                     Attorneys for Plaintiffs and the
16                                     Certified Subclass

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF DARRYL DUNSMORE'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

# PROOF OF SERVICE

### *Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
### Case No. 20-cv-00406 AJB DDL

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of . My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On October 31, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF DARRYL DUNSMORE'S RESPONSES TO DEFENDANTS'
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2023, at San Francisco, California.

_____
I. Kedra Chan

[4356205.10]

Case No. 3:20-cv-00406-AJB-DDL

PLAINTIFF DARRYL DUNSMORE'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
Case No. 20-cv-00406 AJB DDL

BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101

Susan E. Coleman
  (SColeman@bwslaw.com)
Terri Mehra
  (TMehra@bwslaw.com)
Diana Favela
  (DFavela@bwslaw.com)

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

Fernando Kish
  (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
  (Steven.Inman@sdcounty.ca.gov)

BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, CA 95113-2336

Elizabeth M. Pappy
  (EPappy@bwslaw.com)
Lucy Gonzalez
  (LGonzalez@bwslaw.com)

Attorneys for Defendants County of San Diego, San Diego County Sheriff's
Department, and San Diego County Probation Department

# Exhibit F

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Subclass

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFF ANDREE ANDRADE'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Judge: Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

1

2    PROPOUNDING PARTY:    DEFENDANTS SAN DIEGO COUNTY SHERIFF'S

3                          DEPARTMENT, COUNTY OF SAN DIEGO, AND

4                          SAN DIEGO COUNTY PROBATION

5                          DEPARTMENT

6    RESPONDING PARTY:     PLAINTIFF ANDREE ANDRADE

7    SET NO.:              ONE

8

9                          **PRELIMINARY STATEMENT**

10        1.      These responses, while based on diligent exploration by Plaintiff and

11   Plaintiff's counsel, reflect only the current status of Plaintiff's knowledge,

12   understanding and belief responding to the matters about which inquiry has been

13   made.  Discovery in this action is continuing and, consequently, Plaintiff may not

14   yet fully understand the significance of certain information or facts, may not have

15   yet discovered all information or facts pertinent to these requests, and may not have

16   yet identified or located all persons with knowledge or pertinent information or

17   facts.  Plaintiff relies on Plaintiff's counsel's ongoing investigation and discovery in

18   this action relating to allegations, facts, and evidence generally applicable to

19   putative class members, including Plaintiff.  As discovery in this action proceeds,

20   Plaintiff may discover additional or different facts.  Plaintiff reserves the right to

21   modify or supplement these responses with whatever pertinent information or facts

22   as subsequently may be discovered.  Furthermore, these responses are without

23   prejudice to Plaintiff's right to use or rely on at any time, including trial, any

24   subsequently discovered information or facts, or information or facts omitted from

25   these responses as a result of mistake, error, oversight or inadvertence.  Plaintiff

26   further reserves the right to produce additional facts or documents in evidence at any

27   time, including trial, and to object on appropriate grounds to the introduction into

28   evidence of any portion of these responses.

2.    The responses set forth below are made without waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or related to the subject matter of the responses herein; or (3) the right to revise, correct, supplement or clarify any of the responses below, at any time.

## GENERAL OBJECTIONS

Plaintiff objects to each document request propounded by Defendants to the extent that:

1.    It seeks any document or information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the right of privacy guaranteed by the United States Constitution and federal and state law, and all other rights and privileges recognized under the constitutions, statutes, or decisional law of the United States and the state of California;

2.    It seeks any document or information protected against disclosure as the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives;

3.    It seeks documents or information not relevant to any party's claim or defense and/or is not proportional to the needs of the case;

4.    It would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or is overly broad;

5.    It is vague and ambiguous and does not include adequate definitions, specificity, or limiting factors (including but not limited to a narrowing time frame);

6.    It seeks documents outside of Plaintiff's possession, custody, or control;

7.    It seeks documents equally available to or already in the possession of Defendants;

1        8.     It seeks documents for an unreasonable, irrelevant, or unspecified

2  period of time;

3        9.     It is duplicative and repetitive, or purports to require Plaintiff to

4  produce the same documents more than once;

5        10.    It seeks to have Plaintiff make admissions on behalf of individuals

6  other than Plaintiff;

7        11.    It seeks all documents supporting contentions that relate to facts or the

8  application of law to facts and, as such, is premature and inappropriate in light of the

9  present stage of discovery.  Plaintiff has not completed an investigation of all of the

10  facts relating to this case, has not completed discovery in this action, and has not

11  completed preparation for depositions and trial.  Plaintiff expects to receive

12  documents and information through discovery that will concern and provide

13  information and documents responsive to such Requests, including documents in

14  Defendants' possession or the possession of third parties that have been sought by

15  Plaintiff in discovery but have not yet been produced.

16        12.    It seeks the reproduction of documents which have been or will be

17  produced by Defendants in this litigation.  Plaintiff will not search for or produce

18  responsive documents that were already in Defendants' possession and have been

19  produced by Defendants in response to Plaintiffs' document requests or its

20  disclosure obligations.

21        13.    It seeks documents that Plaintiff has already filed and served in this

22  action, including in connection with Plaintiffs' motions for preliminary injunction.

23  It also seeks documents that are publicly available and cited in Plaintiffs' Third

24  Amended Complaint.

25        14.    It seeks more than what is required to be produced under the Federal

26  Rules of Civil Procedure or otherwise conflicts with the Federal Rules of Civil

27  Procedure.

28

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.    Plaintiff objects to Defendants' "Definitions and Instructions" to the extent that they seek to impose any obligation or burden on Plaintiffs beyond that required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Requests consistent with the Rules rather than Defendants' "Definitions and Instructions."

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiffs hereby respond as follows:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR claim that medical care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care.  Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

PLAINTIFF ANDREE ANDRADE'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  but not limited to those cited in Plaintiffs' Third Amended Complaint.

2       Subject to and without waiving the foregoing objections, and based on

3  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

4  follows:

5       Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents previously filed and served in

9  this action, nor will Plaintiff produce back any responsive documents that

10  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

11  documents that, although responsive to this Request, Plaintiffs are producing in

12  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

13  documents that are in Plaintiff's custody, possession, and control and are responsive

14  to this Request, as stated above, does not mean that such documents necessarily

15  exist.

16  **REQUEST FOR PRODUCTION NO. 2:**

17       ALL DOCUMENTS evidencing the changes which must be made to render

18  the medical care provided at the JAIL adequate.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20       Plaintiff incorporates by reference the Preliminary Statement and General

21  Objections set forth above.  Plaintiff objects to this Request to the extent that the

22  time frame for this Request is undefined and this Request is therefore overbroad,

23  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

24  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

25  this Request to the extent that it seeks production of documents that are within the

26  possession, custody, and control of Defendants.  Plaintiff further objects to this

27  Request to the extent it seeks disclosure of information protected by the attorney-

28  client privilege, work product doctrine, and all applicable privileges and privacy

protections regarding communications in relation to medical or mental health care.
Plaintiff further objects to this Request to the extent it seeks documents that are
equally available to Defendants because Plaintiff filed and served them in
connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects
to this Request to the extent it seeks documents that are publicly available, including
but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff
further objects to this Request as duplicative of other Requests served herein.
Plaintiff further objects to this Request as duplicative, and therefore unduly
burdensome, harassing, and oppressive, because Defendants served the same
Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third
Amended Complaint and therefore the same documents are responsive for all 14
Plaintiffs.

Subject to and without waiving the foregoing objections, and based on
Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as
follows:

Plaintiff will produce all responsive, non-privileged documents within
Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still
collecting additional documents and will produce any responsive to this Request on
a rolling basis.  Plaintiff will not produce documents already filed and served in this
action, nor will Plaintiff produce back any responsive documents that Defendants
have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,
although responsive to this Request, Plaintiffs are producing in response to other
Requests herein.  Plaintiff's agreement to produce non-privileged documents that
are in Plaintiff's custody, possession, and control and are responsive to this Request,
as stated above, does not mean that such documents necessarily exist.

**<u>REQUEST FOR PRODUCTION NO. 3</u>:**

ALL DOCUMENTS evidencing the way(s) in which YOU were affected by
inadequate mental health care at the JAIL and the dates thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate mental health care at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 4. Plaintiff further objects to the undefined terms "affected" and "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined terms "affected" and "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still

1  collecting additional documents and will produce any responsive to this Request on

2  a rolling basis.  Plaintiff will not produce documents already filed and served in this

3  action, nor will Plaintiff produce back any responsive documents that Defendants

4  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

5  although responsive to this Request, Plaintiffs are producing in response to other

6  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

7  are in Plaintiff's custody, possession, and control and are responsive to this Request,

8  as stated above, does not mean that such documents necessarily exist.

9  **REQUEST FOR PRODUCTION NO. 4:**

10      All DOCUMENTS supporting YOUR claim that mental health care at the

11  JAIL is inadequate as alleged in YOUR COMPLAINT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13      Plaintiff incorporates by reference the Preliminary Statement and General

14  Objections set forth above.  Plaintiff objects to this Request to the extent that the

15  time frame for this Request is undefined and this Request is therefore overbroad,

16  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

17  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

18  this Request to the extent that it seeks production of documents that are within the

19  possession, custody, and control of Defendants.  Plaintiff further objects to this

20  Request to the extent it seeks disclosure of information protected by the attorney-

21  client privilege, work product doctrine, and all applicable privileges and privacy

22  protections regarding communications in relation to medical or mental health care.

23  Plaintiff further objects to this Request to the extent it seeks documents that are

24  equally available to Defendants because Plaintiff filed and served them in

25  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

26  to this Request to the extent it seeks documents that are publicly available, including

27  but not limited to those cited in Plaintiffs' Third Amended Complaint.

28      Subject to and without waiving the foregoing objections, and based on

1   Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

2   follows:

3         Plaintiff will produce all responsive, non-privileged documents within

4   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5   collecting additional documents and will produce any responsive to this Request on

6   a rolling basis.  Plaintiff will not produce documents previously filed and served in

7   this action, nor will Plaintiff produce back any responsive documents that

8   Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

9   documents that, although responsive to this Request, Plaintiffs are producing in

10  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

11  documents that are in Plaintiff's custody, possession, and control and are responsive

12  to this Request, as stated above, does not mean that such documents necessarily

13  exist.

14  **REQUEST FOR PRODUCTION NO. 5:**

15        ALL DOCUMENTS evidencing the changes which must be made to render

16  the mental health care provided at the JAIL adequate.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18        Plaintiff incorporates by reference the Preliminary Statement and General

19  Objections set forth above.  Plaintiff objects to this Request to the extent that the

20  time frame for this Request is undefined and this Request is therefore overbroad,

21  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

22  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

23  this Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  Request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical or mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1   equally available to Defendants because Plaintiff filed and served them in

2   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3   to this Request to the extent it seeks documents that are publicly available, including

4   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5   further objects to this Request as duplicative of other Requests served herein.

6   Plaintiff further objects to this Request as duplicative, and therefore unduly

7   burdensome, harassing, and oppressive, because Defendants served the same

8   Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

9   Amended Complaint and therefore the same documents are responsive for all 14

10  Plaintiffs.

11       Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14       Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 6:**

25       ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

26  inadequate mental health care at the JAIL and the dates thereof.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

28       Plaintiff objects to this Request as duplicative of Request No. 3.  Plaintiff will

1  not re-produce documents in response to Request No. 6.

2  **REQUEST FOR PRODUCTION NO. 7:**

3       ALL DOCUMENTS supporting YOUR claim that dental care provided at the

4  JAIL is inadequate as alleged in YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6       Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Request to the extent that the

8  time frame for this Request is undefined and this Request is therefore overbroad,

9  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

10  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

11  this Request to the extent that it seeks production of documents that are within the

12  possession, custody, and control of Defendants.  Plaintiff further objects to this

13  Request to the extent it seeks disclosure of information protected by the attorney-

14  client privilege, work product doctrine, and all applicable privileges and privacy

15  protections regarding communications in relation to medical or mental health care.

16  Plaintiff further objects to this Request to the extent it seeks documents that are

17  equally available to Defendants because Plaintiff filed and served them in

18  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

19  to this Request to the extent it seeks documents that are publicly available, including

20  but not limited to those cited in Plaintiffs' Third Amended Complaint.

21       Subject to and without waiving the foregoing objections, and based on

22  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

23  follows:

24       Plaintiff will produce all responsive, non-privileged documents within

25  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

26  collecting additional documents and will produce any responsive to this Request on

27  a rolling basis.  Plaintiff will not produce documents previously filed and served in

28  this action, nor will Plaintiff produce back any responsive documents that

1  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

2  documents that, although responsive to this Request, Plaintiffs are producing in

3  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

4  documents that are in Plaintiff's custody, possession, and control and are responsive

5  to this Request, as stated above, does not mean that such documents necessarily

6  exist.

7  **REQUEST FOR PRODUCTION NO. 8:**

8      ALL DOCUMENTS evidencing the changes which must be made to make

9  the dental care provided at the JAIL adequate.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11      Plaintiff incorporates by reference the Preliminary Statement and General

12  Objections set forth above.  Plaintiff objects to this Request to the extent that the

13  time frame for this Request is undefined and this Request is therefore overbroad,

14  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

15  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

16  this Request to the extent that it seeks production of documents that are within the

17  possession, custody, and control of Defendants.  Plaintiff further objects to this

18  Request to the extent it seeks disclosure of information protected by the attorney-

19  client privilege, work product doctrine, and all applicable privileges and privacy

20  protections regarding communications in relation to medical or mental health care.

21  Plaintiff further objects to this Request to the extent it seeks documents that are

22  equally available to Defendants because Plaintiff filed and served in connection with

23  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

24  to the extent it seeks documents that are publicly available, including but not limited

25  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

26  this Request as duplicative of other Requests served herein.  Plaintiff further objects

27  to this Request as duplicative, and therefore unduly burdensome, harassing, and

28  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

1   Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

2   same documents are responsive for all 14 Plaintiffs.

3          Subject to and without waiving the foregoing objections, and based on the

4   undefined term "evidencing," Plaintiff responds as follows:

5          Plaintiff will produce all responsive, non-privileged documents within

6   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7   collecting additional documents and will produce any responsive to this Request on

8   a rolling basis.  Plaintiff will not produce documents already filed and served in this

9   action, nor will Plaintiff produce back any responsive documents that Defendants

10  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

11  although responsive to this Request, Plaintiffs are producing in response to other

12  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

13  are in Plaintiff's custody, possession, and control and are responsive to this Request,

14  as stated above, does not mean that such documents necessarily exist.

15  **REQUEST FOR PRODUCTION NO. 9:**

16         ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

17  inadequate dental care at the JAIL and the dates thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19         Plaintiff incorporates by reference the Preliminary Statement and General

20  Objections set forth above.  Plaintiff objects to this Request to the extent that the

21  time frame for this Request is undefined and this Request is therefore overbroad,

22  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23  Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical and mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate dental care at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 7. Plaintiff further objects to the undefined terms "affected" and "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined terms "affected" and "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

## REQUEST FOR PRODUCTION NO. 10:

ALL DOCUMENTS supporting YOUR claim that the environmental health and safety conditions are inadequate at the JAIL as alleged in YOUR

1  COMPLAINT.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

3     Plaintiff incorporates by reference the Preliminary Statement and General

4  Objections set forth above.  Plaintiff objects to this Request to the extent that the

5  time frame for this Request is undefined and this Request is therefore overbroad,

6  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

7  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

8  this Request to the extent that it seeks production of documents that are within the

9  possession, custody, and control of Defendants.  Plaintiff further objects to this

10  Request to the extent it seeks disclosure of information protected by the attorney-

11  client privilege, work product doctrine, and all applicable privileges and privacy

12  protections regarding communications in relation to medical or mental health care.

13  Plaintiff further objects to this Request to the extent it seeks documents that are

14  equally available to Defendants because Plaintiff filed and served them in

15  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

16  to this Request to the extent it seeks documents that are publicly available, including

17  but not limited to those cited in Plaintiffs' Third Amended Complaint.

18     Subject to and without waiving the foregoing objections, and based on

19  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

20  follows:

21     Plaintiff will produce all responsive, non-privileged documents within

22  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

23  collecting additional documents and will produce any responsive to this Request on

24  a rolling basis.  Plaintiff will not produce documents previously filed and served in

25  this action, nor will Plaintiff produce back any responsive documents that

26  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

27  documents that, although responsive to this Request, Plaintiffs are producing in

28  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

PLAINTIFF ANDREE ANDRADE'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1 documents that are in Plaintiff's custody, possession, and control and are responsive

2 to this Request, as stated above, does not mean that such documents necessarily

3 exist.

4 **REQUEST FOR PRODUCTION NO. 11:**

5      ALL DOCUMENTS evidencing the changes which must be made to render

6 the environmental health and safety conditions at the JAIL adequate.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8      Plaintiff incorporates by reference the Preliminary Statement and General

9 Objections set forth above.  Plaintiff objects to this Request to the extent that the

10 time frame for this Request is undefined and this Request is therefore overbroad,

11 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

12 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

13 this Request to the extent that it seeks production of documents that are within the

14 possession, custody, and control of Defendants.  Plaintiff further objects to this

15 Request to the extent it seeks disclosure of information protected by the attorney-

16 client privilege, work product doctrine, and all applicable privileges and privacy

17 protections regarding communications in relation to medical or mental health care.

18 Plaintiff further objects to this Request to the extent it seeks documents that are

19 equally available to Defendants because Plaintiff filed and served them in

20 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

21 to this Request to the extent it seeks documents that are publicly available, including

22 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

23 further objects to this Request as duplicative of other Requests served herein.

24 Plaintiff further objects to this Request as duplicative, and therefore unduly

25 burdensome, harassing, and oppressive, because Defendants served the same

26 Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

27 Amended Complaint and therefore the same documents are responsive for all 14

28 Plaintiffs.

1    Subject to and without waiving the foregoing objections, and based on

2    Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

3    follows:

4    Plaintiff will produce all responsive, non-privileged documents within

5    Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

6    collecting additional documents and will produce any responsive to this Request on

7    a rolling basis.  Plaintiff will not produce documents already filed and served in this

8    action, nor will Plaintiff produce back any responsive documents that Defendants

9    have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

10   although responsive to this Request, Plaintiffs are producing in response to other

11   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

12   are in Plaintiff's custody, possession, and control and are responsive to this Request,

13   as stated above, does not mean that such documents necessarily exist.

14   **REQUEST FOR PRODUCTION NO. 12:**

15   ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

16   inadequate environmental health and safety conditions at the JAIL and the dates

17   thereof.

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19   Plaintiff incorporates by reference the Preliminary Statement and General

20   Objections set forth above.  Plaintiff objects to this Request to the extent that the

21   time frame for this Request is undefined and this Request is therefore overbroad,

22   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23   Request to the extent that it seeks production of documents that are within the

24   possession, custody, and control of Defendants.  Plaintiff further objects to this

25   request to the extent it seeks disclosure of information protected by the attorney-

26   client privilege, work product doctrine, and all applicable privileges and privacy

27   protections regarding communications in relation to medical and mental health care.

28   Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in
2  connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects
3  to this Request to the extent it seeks documents that are publicly available, including
4  but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff
5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the
6  inadequate environmental health and safety conditions at the Jail affected Plaintiffs
7  on an ongoing and continuous basis. Plaintiff further objects to the inclusion of
8  "dates" in this Request as seeking a narrative response or the creation of documents
9  not already in existence. Plaintiff further objects to this Request as duplicative of
10 other Requests served by Defendants, including but not limited to Request No. 10.
11 Plaintiff further objects to the undefined terms "affected" and "evidencing" in this
12 Request as vague and ambiguous.

13    Subject to and without waiving the foregoing objections, and based on
14 Plaintiff's understanding of the undefined terms "affected" and "evidencing,"
15 Plaintiff responds as follows:

16    Plaintiff will produce all responsive, non-privileged documents within
17 Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still
18 collecting additional documents and will produce any responsive to this Request on
19 a rolling basis. Plaintiff will not produce documents already filed and served in this
20 action, nor will Plaintiff produce back any responsive documents that Defendants
21 have produced to Plaintiffs. Plaintiff will not separately re-produce documents that,
22 although responsive to this Request, Plaintiffs are producing in response to other
23 Requests herein. Plaintiff's agreement to produce non-privileged documents that
24 are in Plaintiff's custody, possession, and control and are responsive to this Request,
25 as stated above, does not mean that such documents necessarily exist.

26 **REQUEST FOR PRODUCTION NO. 13:**

27    ALL DOCUMENTS supporting YOUR claim that the safety and security
28 provided at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      ALL DOCUMENTS evidencing the changes which must be made to render

5  the safety and security provided at the JAIL adequate.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3        Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11 are in Plaintiff's custody, possession, and control and are responsive to this Request,

12 as stated above, does not mean that such documents necessarily exist.

13 **REQUEST FOR PRODUCTION NO. 15:**

14       ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

15 inadequate safety and security at the JAILS and the dates thereof.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17       Plaintiff incorporates by reference the Preliminary Statement and General

18 Objections set forth above.  Plaintiff objects to this Request to the extent that the

19 time frame for this Request is undefined and this Request is therefore overbroad,

20 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21 Request to the extent that it seeks production of documents that are within the

22 possession, custody, and control of Defendants.  Plaintiff further objects to this

23 request to the extent it seeks disclosure of information protected by the attorney-

24 client privilege, work product doctrine, and all applicable privileges and privacy

25 protections regarding communications in relation to medical and mental health care.

26 Plaintiff further objects to this Request to the extent it seeks documents that are

27 equally available to Defendants because Plaintiff filed and served them in

28 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

PLAINTIFF ANDREE ANDRADE'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1   to this Request to the extent it seeks documents that are publicly available, including

2   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4   inadequate safety and security at the Jail affected Plaintiffs on an ongoing and

5   continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request

6   as seeking a narrative response or the creation of documents not already in

7   existence.  Plaintiff further objects to this Request as duplicative of other Requests

8   served by Defendants, including but not limited to Request No. 13.  Plaintiff further

9   objects to the undefined terms "affected" and "evidencing" in this Request as vague

10  and ambiguous.

11        Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

13  Plaintiff responds as follows:

14        Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 16:**

25        ALL DOCUMENTS supporting YOUR claim that DEFENDANTS deny

26  Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR

27  COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 17:**

4      ALL DOCUMENTS evidencing the changes which must be made to provide

5  Incarcerated Persons at the JAIL access to legal counsel and the Courts.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12 this Request to the extent that it seeks production of documents that are within the

13 possession, custody, and control of Defendants.  Plaintiff further objects to this

14 Request to the extent it seeks disclosure of information protected by the attorney-

15 client privilege, work product doctrine, and all applicable privileges and privacy

16 protections regarding communications in relation to medical or mental health care.

17 Plaintiff further objects to this Request to the extent it seeks documents that are

18 equally available to Defendants because Plaintiff filed and served them in

19 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20 to this Request to the extent it seeks documents that are publicly available, including

21 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22 further objects to this Request as duplicative of other Requests served herein.

23 Plaintiff further objects to this Request as duplicative, and therefore unduly

24 burdensome, harassing, and oppressive, because Defendants served the same

25 Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26 Amended Complaint and therefore the same documents are responsive for all 14

27 Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3       Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11 are in Plaintiff's custody, possession, and control and are responsive to this Request,

12 as stated above, does not mean that such documents necessarily exist.

13 **REQUEST FOR PRODUCTION NO. 18:**

14       ALL DOCUMENTS evidencing the way(s) in which YOU were denied

15 access to legal counsel and the Court and the dates of said denials.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

17       Plaintiff incorporates by reference the Preliminary Statement and General

18 Objections set forth above.  Plaintiff objects to this Request to the extent that the

19 time frame for this Request is undefined and this Request is therefore overbroad,

20 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21 Request to the extent that it seeks production of documents that are within the

22 possession, custody, and control of Defendants.  Plaintiff further objects to this

23 request to the extent it seeks disclosure of information protected by the attorney-

24 client privilege, work product doctrine, and all applicable privileges and privacy

25 protections regarding communications in relation to medical and mental health care.

26 Plaintiff further objects to this Request to the extent it seeks documents that are

27 equally available to Defendants because Plaintiff filed and served them in

28 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1  to this Request to the extent it seeks documents that are publicly available, including

2  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4  inadequate access to legal counsel and the Court at the Jail affected Plaintiffs on an

5  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

6  this Request as seeking a narrative response or the creation of documents not

7  already in existence.  Plaintiff further objects to this Request as duplicative of other

8  Requests served by Defendants, including but not limited to Request No. 16.

9  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

10  and ambiguous.

11        Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14        Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 19:**

25        ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to

26  provide reasonable accommodations to Incarcerated People with Disabilities at the

27  JAIL as alleged in YOUR COMPLAINT.

28

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

2    Plaintiff incorporates by reference the Preliminary Statement and General

3 Objections set forth above.  Plaintiff objects to this Request to the extent that the

4 time frame for this Request is undefined and this Request is therefore overbroad,

5 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

6 undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

7 this Request to the extent that it seeks production of documents that are within the

8 possession, custody, and control of Defendants.  Plaintiff further objects to this

9 Request to the extent it seeks disclosure of information protected by the attorney-

10 client privilege, work product doctrine, and all applicable privileges and privacy

11 protections regarding communications in relation to medical or mental health care.

12 Plaintiff further objects to this Request to the extent it seeks documents that are

13 equally available to Defendants because Plaintiff filed and served them in

14 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

15 to this Request to the extent it seeks documents that are publicly available, including

16 but not limited to those cited in Plaintiffs' Third Amended Complaint.

17    Subject to and without waiving the foregoing objections, and based on

18 Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

19 follows:

20    Plaintiff will produce all responsive, non-privileged documents within

21 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

22 collecting additional documents and will produce any responsive to this Request on

23 a rolling basis.  Plaintiff will not produce documents previously filed and served in

24 this action, nor will Plaintiff produce back any responsive documents that

25 Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

26 documents that, although responsive to this Request, Plaintiffs are producing in

27 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

28 documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 20:**

4      ALL DOCUMENTS evidencing the changes which must be made at the JAIL

5  to provide reasonable accommodations to Incarcerated People with Disabilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12 this Request to the extent that it seeks production of documents that are within the

13 possession, custody, and control of Defendants.  Plaintiff further objects to this

14 Request to the extent it seeks disclosure of information protected by the attorney-

15 client privilege, work product doctrine, and all applicable privileges and privacy

16 protections regarding communications in relation to medical or mental health care.

17 Plaintiff further objects to this Request to the extent it seeks documents that are

18 equally available to Defendants because Plaintiff filed and served in connection with

19 Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

20 to the extent it seeks documents that are publicly available, including but not limited

21 to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

22 this Request as duplicative of other Requests served herein.  Plaintiff further objects

23 to this Request as duplicative, and therefore unduly burdensome, harassing, and

24 oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

25 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

26 same documents are responsive for all 14 Plaintiffs.

27      Subject to and without waiving the foregoing objections, and based on

28 Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

1  follows:

2      Plaintiff will produce all responsive, non-privileged documents within

3  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

4  collecting additional documents and will produce any responsive to this Request on

5  a rolling basis.  Plaintiff will not produce documents already filed and served in this

6  action, nor will Plaintiff produce back any responsive documents that Defendants

7  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

8  although responsive to this Request, Plaintiffs are producing in response to other

9  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

10  are in Plaintiff's custody, possession, and control and are responsive to this Request,

11  as stated above, does not mean that such documents necessarily exist.

12  **REQUEST FOR PRODUCTION NO. 21:**

13      ALL DOCUMENTS evidencing the way(s) in which YOU were denied

14  reasonable accommodations by DEFENDANTS including the dates of said denials.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16      Plaintiff incorporates by reference the Preliminary Statement and General

17  Objections set forth above.  Plaintiff objects to this Request to the extent that the

18  time frame for this Request is undefined and this Request is therefore overbroad,

19  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

20  Request to the extent that it seeks production of documents that are within the

21  possession, custody, and control of Defendants.  Plaintiff further objects to this

22  request to the extent it seeks disclosure of information protected by the attorney-

23  client privilege, work product doctrine, and all applicable privileges and privacy

24  protections regarding communications in relation to medical and mental health care.

25  Plaintiff further objects to this Request to the extent it seeks documents that are

26  equally available to Defendants because Plaintiff filed and served them in

27  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

28  to this Request to the extent it seeks documents that are publicly available, including

but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the denial of reasonable accommodations at the Jail affected Plaintiffs on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence.  Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 19.  Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq.) prior to filing this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the

1  time frame for this Request is undefined and this Request is therefore overbroad,

2  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3  Request to the extent that it seeks production of documents that are within the

4  possession, custody, and control of Defendants.  Plaintiff further objects to this

5  request to the extent it seeks disclosure of information protected by the attorney-

6  client privilege, work product doctrine, and all applicable privileges and privacy

7  protections regarding communications in relation to medical and mental health care.

8  Plaintiff further objects to this Request to the extent it seeks documents that are

9  equally available to Defendants because Plaintiff filed and served them in

10 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11 to this Request to the extent it seeks documents that are publicly available, including

12 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13 further objects to the undefined term "evidencing" in this Request as vague and

14 ambiguous.

15      Subject to and without waiving the foregoing objections, and based on

16 Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

17 follows:

18      Plaintiff will produce all responsive, non-privileged documents within

19 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

20 collecting additional documents and will produce any responsive to this Request on

21 a rolling basis.  Plaintiff will not produce documents already filed and served in this

22 action, nor will Plaintiff produce back any responsive documents that Defendants

23 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

24 although responsive to this Request, Plaintiffs are producing in response to other

25 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

26 are in Plaintiff's custody, possession, and control and are responsive to this Request,

27 as stated above, does not mean that such documents necessarily exist.

28

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on

a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs to avoid discrimination on the basis of race, color, national origin, or ethic group identification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited

1  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

2  this Request as duplicative of other Requests served herein.  Plaintiff further objects

3  to this Request as duplicative, and therefore unduly burdensome, harassing, and

4  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

5  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

6  same documents are responsive for all 14 Plaintiffs.

7       Subject to and without waiving the foregoing objections, and based on

8  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

9  follows:

10      Plaintiff will produce all responsive, non-privileged documents within

11  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

12  collecting additional documents and will produce any responsive to this Request on

13  a rolling basis.  Plaintiff will not produce documents already filed and served in this

14  action, nor will Plaintiff produce back any responsive documents that Defendants

15  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

16  although responsive to this Request, Plaintiffs are producing in response to other

17  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

18  are in Plaintiff's custody, possession, and control and are responsive to this Request,

19  as stated above, does not mean that such documents necessarily exist.

20  **REQUEST FOR PRODUCTION NO. 25:**

21      ALL DOCUMENTS evidencing the way(s) in which YOU were

22  discriminated against on the basis of race, color, national origin, or ethic group

23  identification under DEFENDANTS' policing programs, alternatives to pre-trial

24  custody programs, early release programs, and re-entry programs, including the date

25  of the discriminatory act(s).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

27      Plaintiff incorporates by reference the Preliminary Statement and General

28  Objections set forth above.  Plaintiff objects to this Request to the extent that the

1  time frame for this Request is undefined and this Request is therefore overbroad,

2  harassing, unduly burdensome, and oppressive. Plaintiff further objects to this

3  Request to the extent that it seeks production of documents that are within the

4  possession, custody, and control of Defendants. Plaintiff further objects to this

5  request to the extent it seeks disclosure of information protected by the attorney-

6  client privilege, work product doctrine, and all applicable privileges and privacy

7  protections regarding communications in relation to medical and mental health care.

8  Plaintiff further objects to this Request to the extent it seeks documents that are

9  equally available to Defendants because Plaintiff filed and served them in

10  connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects

11  to this Request to the extent it seeks documents that are publicly available, including

12  but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff

13  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

14  discrimination on the basis of race, color, national origin, or ethic group

15  identification under Defendants' policing programs, alternatives to pre-trial custody

16  programs, early release programs, and re-entry programs affected Plaintiffs on an

17  ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in

18  this Request as seeking a narrative response or the creation of documents not

19  already in existence. Plaintiff further objects to this Request as duplicative of other

20  Requests served by Defendants, including but not limited to Request No. 23.

21  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

22  and ambiguous.

23       Subject to and without waiving the foregoing objections, and based on

24  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

25  follows:

26       Plaintiff will produce all responsive, non-privileged documents within

27  Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still

28  collecting additional documents and will produce any responsive to this Request on

1   a rolling basis.  Plaintiff will not produce documents already filed and served in this

2   action, nor will Plaintiff produce back any responsive documents that Defendants

3   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

4   although responsive to this Request, Plaintiffs are producing in response to other

5   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

6   are in Plaintiff's custody, possession, and control and are responsive to this Request,

7   as stated above, does not mean that such documents necessarily exist.

8

9

10   DATED:  October 31, 2023            Respectfully submitted,

11                                       ROSEN BIEN GALVAN & GRUNFELD LLP

12

13                                       By:  */s/ Van Swearingen*

14                                            Van Swearingen

15                                       Attorneys for Plaintiffs and the

16                                       Certified Subclass

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF ANDREE ANDRADE'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

# PROOF OF SERVICE

***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of . My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On October 31, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF ANDREE ANDRADE'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2023, at San Francisco, California.

_____
I. Kedra Chan

**SERVICE LIST**
***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101

Susan E. Coleman
  (SColeman@bwslaw.com)
Terri Mehra
  (TMehra@bwslaw.com)
Diana Favela
  (DFavela@bwslaw.com)

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

Fernando Kish
  (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
  (Steven.Inman@sdcounty.ca.gov)

BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, CA 95113-2336

Elizabeth M. Pappy
  (EPappy@bwslaw.com)
Lucy Gonzalez
  (LGonzalez@bwslaw.com)

Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, and San Diego County Probation Department

# Exhibit G

1   GAY C. GRUNFELD – 121944
2   VAN SWEARINGEN – 259809
    PRIYAH KAUL – 307956
3   ERIC MONEK ANDERSON – 320934
    HANNAH M. CHARTOFF – 324529
    ROSEN BIEN
4   GALVAN & GRUNFELD LLP
    101 Mission Street, Sixth Floor
5   San Francisco, California  94105-1738
    Telephone:  (415) 433-6830
6   Facsimile:   (415) 433-7104
    ggrunfeld@rbgg.com
7   vswearingen@rbgg.com
    pkaul@rbgg.com
8   eanderson@rbgg.com
    hchartoff@rbgg.com
9
    AARON J. FISCHER – 247391
10  LAW OFFICE OF
    AARON J. FISCHER
11  1400 Shattuck Square Suite 12 - #344
    Berkeley, California  94709
12  Telephone:  (510) 806-7366
    Facsimile:   (510) 694-6314
13  ajf@aaronfischerlaw.com

14  Attorneys for Plaintiffs and the
    Certified Subclass

15

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

16              UNITED STATES DISTRICT COURT

17              SOUTHERN DISTRICT OF CALIFORNIA

18  DARRYL DUNSMORE, ANDREE
    ANDRADE, ERNEST ARCHULETA,
19  JAMES CLARK, ANTHONY EDWARDS,
    LISA LANDERS, REANNA LEVY,
20  JOSUE LOPEZ, CHRISTOPHER
    NELSON, CHRISTOPHER NORWOOD,
21  JESSE OLIVARES, GUSTAVO
    SEPULVEDA, MICHAEL TAYLOR, and
22  LAURA ZOERNER, on behalf of
    themselves and all others similarly situated,

23              Plaintiffs,

24      v.

25  SAN DIEGO COUNTY SHERIFF'S
    DEPARTMENT, COUNTY OF SAN
26  DIEGO, SAN DIEGO COUNTY
    PROBATION DEPARTMENT, and DOES
27  1 to 20, inclusive,

        Defendants.

28

Case No. 3:20-cv-00406-AJB-DDL

**PLAINTIFF ERNEST ARCHULETA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Judge:    Hon. Anthony J. Battaglia
Magistrate: Hon. David D. Leshner

Trial Date: None Set

PROPOUNDING PARTY:  DEFENDANTS SAN DIEGO COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF SAN DIEGO, AND
SAN DIEGO COUNTY PROBATION
DEPARTMENT

RESPONDING PARTY:  PLAINTIFF ERNEST ARCHULETA

SET NO.:  ONE

## PRELIMINARY STATEMENT

1.      These responses, while based on diligent exploration by Plaintiff and Plaintiff's counsel, reflect only the current status of Plaintiff's knowledge, understanding and belief responding to the matters about which inquiry has been made.  Discovery in this action is continuing and, consequently, Plaintiff may not yet fully understand the significance of certain information or facts, may not have yet discovered all information or facts pertinent to these requests, and may not have yet identified or located all persons with knowledge or pertinent information or facts.  Plaintiff relies on Plaintiff's counsel's ongoing investigation and discovery in this action relating to allegations, facts, and evidence generally applicable to putative class members, including Plaintiff.  As discovery in this action proceeds, Plaintiff may discover additional or different facts.  Plaintiff reserves the right to modify or supplement these responses with whatever pertinent information or facts as subsequently may be discovered.  Furthermore, these responses are without prejudice to Plaintiff's right to use or rely on at any time, including trial, any subsequently discovered information or facts, or information or facts omitted from these responses as a result of mistake, error, oversight or inadvertence.  Plaintiff further reserves the right to produce additional facts or documents in evidence at any time, including trial, and to object on appropriate grounds to the introduction into evidence of any portion of these responses.

2.    The responses set forth below are made without waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or related to the subject matter of the responses herein; or (3) the right to revise, correct, supplement or clarify any of the responses below, at any time.

## GENERAL OBJECTIONS

Plaintiff objects to each document request propounded by Defendants to the extent that:

1.    It seeks any document or information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the right of privacy guaranteed by the United States Constitution and federal and state law, and all other rights and privileges recognized under the constitutions, statutes, or decisional law of the United States and the state of California;

2.    It seeks any document or information protected against disclosure as the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives;

3.    It seeks documents or information not relevant to any party's claim or defense and/or is not proportional to the needs of the case;

4.    It would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or is overly broad;

5.    It is vague and ambiguous and does not include adequate definitions, specificity, or limiting factors (including but not limited to a narrowing time frame);

6.    It seeks documents outside of Plaintiff's possession, custody, or control;

7.    It seeks documents equally available to or already in the possession of Defendants;

1    8.    It seeks documents for an unreasonable, irrelevant, or unspecified

2    period of time;

3    9.    It is duplicative and repetitive, or purports to require Plaintiff to

4    produce the same documents more than once;

5    10.    It seeks to have Plaintiff make admissions on behalf of individuals

6    other than Plaintiff;

7    11.    It seeks all documents supporting contentions that relate to facts or the

8    application of law to facts and, as such, is premature and inappropriate in light of the

9    present stage of discovery.  Plaintiff has not completed an investigation of all of the

10    facts relating to this case, has not completed discovery in this action, and has not

11    completed preparation for depositions and trial.  Plaintiff expects to receive

12    documents and information through discovery that will concern and provide

13    information and documents responsive to such Requests, including documents in

14    Defendants' possession or the possession of third parties that have been sought by

15    Plaintiff in discovery but have not yet been produced.

16    12.    It seeks the reproduction of documents which have been or will be

17    produced by Defendants in this litigation.  Plaintiff will not search for or produce

18    responsive documents that were already in Defendants' possession and have been

19    produced by Defendants in response to Plaintiffs' document requests or its

20    disclosure obligations.

21    13.    It seeks documents that Plaintiff has already filed and served in this

22    action, including in connection with Plaintiffs' motions for preliminary injunction.

23    It also seeks documents that are publicly available and cited in Plaintiffs' Third

24    Amended Complaint.

25    14.    It seeks more than what is required to be produced under the Federal

26    Rules of Civil Procedure or otherwise conflicts with the Federal Rules of Civil

27    Procedure.

28

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Plaintiff objects to Defendants' "Definitions and Instructions" to the extent that they seek to impose any obligation or burden on Plaintiffs beyond that required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Requests consistent with the Rules rather than Defendants' "Definitions and Instructions."

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiffs hereby respond as follows:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR claim that medical care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

1  but not limited to those cited in Plaintiffs' Third Amended Complaint.

2      Subject to and without waiving the foregoing objections, and based on

3  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

4  follows:

5      Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents previously filed and served in

9  this action, nor will Plaintiff produce back any responsive documents that

10  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

11  documents that, although responsive to this Request, Plaintiffs are producing in

12  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

13  documents that are in Plaintiff's custody, possession, and control and are responsive

14  to this Request, as stated above, does not mean that such documents necessarily

15  exist.

16  **REQUEST FOR PRODUCTION NO. 2:**

17      ALL DOCUMENTS evidencing the changes which must be made to render

18  the medical care provided at the JAIL adequate.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20      Plaintiff incorporates by reference the Preliminary Statement and General

21  Objections set forth above.  Plaintiff objects to this Request to the extent that the

22  time frame for this Request is undefined and this Request is therefore overbroad,

23  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

24  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

25  this Request to the extent that it seeks production of documents that are within the

26  possession, custody, and control of Defendants.  Plaintiff further objects to this

27  Request to the extent it seeks disclosure of information protected by the attorney-

28  client privilege, work product doctrine, and all applicable privileges and privacy

protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to this Request as duplicative of other Requests served herein. Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate mental health care at the JAIL and the dates thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate mental health care at the Jail affected Plaintiffs on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence.  Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 4.  Plaintiff further objects to the undefined terms "affected" and "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined terms "affected" and "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

1   collecting additional documents and will produce any responsive to this Request on

2   a rolling basis.  Plaintiff will not produce documents already filed and served in this

3   action, nor will Plaintiff produce back any responsive documents that Defendants

4   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

5   although responsive to this Request, Plaintiffs are producing in response to other

6   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

7   are in Plaintiff's custody, possession, and control and are responsive to this Request,

8   as stated above, does not mean that such documents necessarily exist.

9   **REQUEST FOR PRODUCTION NO. 4:**

10          All DOCUMENTS supporting YOUR claim that mental health care at the

11  JAIL is inadequate as alleged in YOUR COMPLAINT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13          Plaintiff incorporates by reference the Preliminary Statement and General

14  Objections set forth above.  Plaintiff objects to this Request to the extent that the

15  time frame for this Request is undefined and this Request is therefore overbroad,

16  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

17  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

18  this Request to the extent that it seeks production of documents that are within the

19  possession, custody, and control of Defendants.  Plaintiff further objects to this

20  Request to the extent it seeks disclosure of information protected by the attorney-

21  client privilege, work product doctrine, and all applicable privileges and privacy

22  protections regarding communications in relation to medical or mental health care.

23  Plaintiff further objects to this Request to the extent it seeks documents that are

24  equally available to Defendants because Plaintiff filed and served them in

25  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

26  to this Request to the extent it seeks documents that are publicly available, including

27  but not limited to those cited in Plaintiffs' Third Amended Complaint.

28          Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

2  follows:

3       Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents previously filed and served in

7  this action, nor will Plaintiff produce back any responsive documents that

8  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

9  documents that, although responsive to this Request, Plaintiffs are producing in

10 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

11 documents that are in Plaintiff's custody, possession, and control and are responsive

12 to this Request, as stated above, does not mean that such documents necessarily

13 exist.

14 **REQUEST FOR PRODUCTION NO. 5:**

15       ALL DOCUMENTS evidencing the changes which must be made to render

16 the mental health care provided at the JAIL adequate.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18       Plaintiff incorporates by reference the Preliminary Statement and General

19 Objections set forth above.  Plaintiff objects to this Request to the extent that the

20 time frame for this Request is undefined and this Request is therefore overbroad,

21 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

22 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

23 this Request to the extent that it seeks production of documents that are within the

24 possession, custody, and control of Defendants.  Plaintiff further objects to this

25 Request to the extent it seeks disclosure of information protected by the attorney-

26 client privilege, work product doctrine, and all applicable privileges and privacy

27 protections regarding communications in relation to medical or mental health care.

28 Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to this Request as duplicative of other Requests served herein.

6  Plaintiff further objects to this Request as duplicative, and therefore unduly

7  burdensome, harassing, and oppressive, because Defendants served the same

8  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

9  Amended Complaint and therefore the same documents are responsive for all 14

10  Plaintiffs.

11        Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14        Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 6:**

25        ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

26  inadequate mental health care at the JAIL and the dates thereof.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

28        Plaintiff objects to this Request as duplicative of Request No. 3.  Plaintiff will

1  not re-produce documents in response to Request No. 6.

2  **REQUEST FOR PRODUCTION NO. 7:**

3  ALL DOCUMENTS supporting YOUR claim that dental care provided at the

4  JAIL is inadequate as alleged in YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6  Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Request to the extent that the

8  time frame for this Request is undefined and this Request is therefore overbroad,

9  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

10  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

11  this Request to the extent that it seeks production of documents that are within the

12  possession, custody, and control of Defendants.  Plaintiff further objects to this

13  Request to the extent it seeks disclosure of information protected by the attorney-

14  client privilege, work product doctrine, and all applicable privileges and privacy

15  protections regarding communications in relation to medical or mental health care.

16  Plaintiff further objects to this Request to the extent it seeks documents that are

17  equally available to Defendants because Plaintiff filed and served them in

18  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

19  to this Request to the extent it seeks documents that are publicly available, including

20  but not limited to those cited in Plaintiffs' Third Amended Complaint.

21  Subject to and without waiving the foregoing objections, and based on

22  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

23  follows:

24  Plaintiff will produce all responsive, non-privileged documents within

25  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

26  collecting additional documents and will produce any responsive to this Request on

27  a rolling basis.  Plaintiff will not produce documents previously filed and served in

28  this action, nor will Plaintiff produce back any responsive documents that

1  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce
2  documents that, although responsive to this Request, Plaintiffs are producing in
3  response to other Requests herein.  Plaintiff's agreement to produce non-privileged
4  documents that are in Plaintiff's custody, possession, and control and are responsive
5  to this Request, as stated above, does not mean that such documents necessarily
6  exist.

7  **REQUEST FOR PRODUCTION NO. 8:**

8     ALL DOCUMENTS evidencing the changes which must be made to make
9  the dental care provided at the JAIL adequate.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11    Plaintiff incorporates by reference the Preliminary Statement and General
12 Objections set forth above.  Plaintiff objects to this Request to the extent that the
13 time frame for this Request is undefined and this Request is therefore overbroad,
14 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the
15 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to
16 this Request to the extent that it seeks production of documents that are within the
17 possession, custody, and control of Defendants.  Plaintiff further objects to this
18 Request to the extent it seeks disclosure of information protected by the attorney-
19 client privilege, work product doctrine, and all applicable privileges and privacy
20 protections regarding communications in relation to medical or mental health care.
21 Plaintiff further objects to this Request to the extent it seeks documents that are
22 equally available to Defendants because Plaintiff filed and served in connection with
23 Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request
24 to the extent it seeks documents that are publicly available, including but not limited
25 to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to
26 this Request as duplicative of other Requests served herein.  Plaintiff further objects
27 to this Request as duplicative, and therefore unduly burdensome, harassing, and
28 oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

1   Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

2   same documents are responsive for all 14 Plaintiffs.

3        Subject to and without waiving the foregoing objections, and based on the

4   undefined term "evidencing," Plaintiff responds as follows:

5        Plaintiff will produce all responsive, non-privileged documents within

6   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7   collecting additional documents and will produce any responsive to this Request on

8   a rolling basis.  Plaintiff will not produce documents already filed and served in this

9   action, nor will Plaintiff produce back any responsive documents that Defendants

10  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

11  although responsive to this Request, Plaintiffs are producing in response to other

12  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

13  are in Plaintiff's custody, possession, and control and are responsive to this Request,

14  as stated above, does not mean that such documents necessarily exist.

15  **REQUEST FOR PRODUCTION NO. 9:**

16       ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

17  inadequate dental care at the JAIL and the dates thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19       Plaintiff incorporates by reference the Preliminary Statement and General

20  Objections set forth above.  Plaintiff objects to this Request to the extent that the

21  time frame for this Request is undefined and this Request is therefore overbroad,

22  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23  Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical and mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate dental care at the Jail affected Plaintiffs on an ongoing and continuous

7  basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking

8  a narrative response or the creation of documents not already in existence.  Plaintiff

9  further objects to this Request as duplicative of other Requests served by

10  Defendants, including but not limited to Request No. 7.  Plaintiff further objects to

11  the undefined terms "affected" and "evidencing" in this Request as vague and

12  ambiguous.

13       Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16       Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 10:**

27       ALL DOCUMENTS supporting YOUR claim that the environmental health

28  and safety conditions are inadequate at the JAIL as alleged in YOUR

1  COMPLAINT.

2  **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>:**

3  Plaintiff incorporates by reference the Preliminary Statement and General

4  Objections set forth above. Plaintiff objects to this Request to the extent that the

5  time frame for this Request is undefined and this Request is therefore overbroad,

6  harassing, unduly burdensome, and oppressive. Plaintiff further objects to the

7  undefined term "supporting" as vague and ambiguous. Plaintiff further objects to

8  this Request to the extent that it seeks production of documents that are within the

9  possession, custody, and control of Defendants. Plaintiff further objects to this

10  Request to the extent it seeks disclosure of information protected by the attorney-

11  client privilege, work product doctrine, and all applicable privileges and privacy

12  protections regarding communications in relation to medical or mental health care.

13  Plaintiff further objects to this Request to the extent it seeks documents that are

14  equally available to Defendants because Plaintiff filed and served them in

15  connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects

16  to this Request to the extent it seeks documents that are publicly available, including

17  but not limited to those cited in Plaintiffs' Third Amended Complaint.

18  Subject to and without waiving the foregoing objections, and based on

19  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

20  follows:

21  Plaintiff will produce all responsive, non-privileged documents within

22  Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still

23  collecting additional documents and will produce any responsive to this Request on

24  a rolling basis. Plaintiff will not produce documents previously filed and served in

25  this action, nor will Plaintiff produce back any responsive documents that

26  Defendants have produced to Plaintiff. Plaintiff will not separately re-produce

27  documents that, although responsive to this Request, Plaintiffs are producing in

28  response to other Requests herein. Plaintiff's agreement to produce non-privileged

documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 11:**

ALL DOCUMENTS evidencing the changes which must be made to render the environmental health and safety conditions at the JAIL adequate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "evidencing" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to this Request as duplicative of other Requests served herein. Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs. All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

1   Subject to and without waiving the foregoing objections, and based on

2   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

3   follows:

4   Plaintiff will produce all responsive, non-privileged documents within

5   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

6   collecting additional documents and will produce any responsive to this Request on

7   a rolling basis.  Plaintiff will not produce documents already filed and served in this

8   action, nor will Plaintiff produce back any responsive documents that Defendants

9   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

10  although responsive to this Request, Plaintiffs are producing in response to other

11  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

12  are in Plaintiff's custody, possession, and control and are responsive to this Request,

13  as stated above, does not mean that such documents necessarily exist.

14  **REQUEST FOR PRODUCTION NO. 12:**

15  ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

16  inadequate environmental health and safety conditions at the JAIL and the dates

17  thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19  Plaintiff incorporates by reference the Preliminary Statement and General

20  Objections set forth above.  Plaintiff objects to this Request to the extent that the

21  time frame for this Request is undefined and this Request is therefore overbroad,

22  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23  Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical and mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate environmental health and safety conditions at the Jail affected Plaintiffs

7  on an ongoing and continuous basis. Plaintiff further objects to the inclusion of

8  "dates" in this Request as seeking a narrative response or the creation of documents

9  not already in existence. Plaintiff further objects to this Request as duplicative of

10 other Requests served by Defendants, including but not limited to Request No. 10.

11 Plaintiff further objects to the undefined terms "affected" and "evidencing" in this

12 Request as vague and ambiguous.

13      Subject to and without waiving the foregoing objections, and based on

14 Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15 Plaintiff responds as follows:

16      Plaintiff will produce all responsive, non-privileged documents within

17 Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still

18 collecting additional documents and will produce any responsive to this Request on

19 a rolling basis. Plaintiff will not produce documents already filed and served in this

20 action, nor will Plaintiff produce back any responsive documents that Defendants

21 have produced to Plaintiffs. Plaintiff will not separately re-produce documents that,

22 although responsive to this Request, Plaintiffs are producing in response to other

23 Requests herein. Plaintiff's agreement to produce non-privileged documents that

24 are in Plaintiff's custody, possession, and control and are responsive to this Request,

25 as stated above, does not mean that such documents necessarily exist.

26 **REQUEST FOR PRODUCTION NO. 13:**

27      ALL DOCUMENTS supporting YOUR claim that the safety and security

28 provided at the JAIL is inadequate as alleged in YOUR COMPLAINT.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

2          Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Request to the extent that the

4  time frame for this Request is undefined and this Request is therefore overbroad,

5  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

6  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

7  this Request to the extent that it seeks production of documents that are within the

8  possession, custody, and control of Defendants.  Plaintiff further objects to this

9  Request to the extent it seeks disclosure of information protected by the attorney-

10 client privilege, work product doctrine, and all applicable privileges and privacy

11 protections regarding communications in relation to medical or mental health care.

12 Plaintiff further objects to this Request to the extent it seeks documents that are

13 equally available to Defendants because Plaintiff filed and served them in

14 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

15 to this Request to the extent it seeks documents that are publicly available, including

16 but not limited to those cited in Plaintiffs' Third Amended Complaint.

17         Subject to and without waiving the foregoing objections, and based on

18 Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

19 follows:

20         Plaintiff will produce all responsive, non-privileged documents within

21 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

22 collecting additional documents and will produce any responsive to this Request on

23 a rolling basis.  Plaintiff will not produce documents previously filed and served in

24 this action, nor will Plaintiff produce back any responsive documents that

25 Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

26 documents that, although responsive to this Request, Plaintiffs are producing in

27 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

28 documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 14:**

4       ALL DOCUMENTS evidencing the changes which must be made to render

5  the safety and security provided at the JAIL adequate.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7       Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12 this Request to the extent that it seeks production of documents that are within the

13 possession, custody, and control of Defendants.  Plaintiff further objects to this

14 Request to the extent it seeks disclosure of information protected by the attorney-

15 client privilege, work product doctrine, and all applicable privileges and privacy

16 protections regarding communications in relation to medical or mental health care.

17 Plaintiff further objects to this Request to the extent it seeks documents that are

18 equally available to Defendants because Plaintiff filed and served them in

19 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20 to this Request to the extent it seeks documents that are publicly available, including

21 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22 further objects to this Request as duplicative of other Requests served herein.

23 Plaintiff further objects to this Request as duplicative, and therefore unduly

24 burdensome, harassing, and oppressive, because Defendants served the same

25 Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26 Amended Complaint and therefore the same documents are responsive for all 14

27 Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3       Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11 are in Plaintiff's custody, possession, and control and are responsive to this Request,

12 as stated above, does not mean that such documents necessarily exist.

13 **REQUEST FOR PRODUCTION NO. 15:**

14      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

15 inadequate safety and security at the JAILS and the dates thereof.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17      Plaintiff incorporates by reference the Preliminary Statement and General

18 Objections set forth above.  Plaintiff objects to this Request to the extent that the

19 time frame for this Request is undefined and this Request is therefore overbroad,

20 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21 Request to the extent that it seeks production of documents that are within the

22 possession, custody, and control of Defendants.  Plaintiff further objects to this

23 request to the extent it seeks disclosure of information protected by the attorney-

24 client privilege, work product doctrine, and all applicable privileges and privacy

25 protections regarding communications in relation to medical and mental health care.

26 Plaintiff further objects to this Request to the extent it seeks documents that are

27 equally available to Defendants because Plaintiff filed and served them in

28 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1   to this Request to the extent it seeks documents that are publicly available, including

2   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4   inadequate safety and security at the Jail affected Plaintiffs on an ongoing and

5   continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request

6   as seeking a narrative response or the creation of documents not already in

7   existence.  Plaintiff further objects to this Request as duplicative of other Requests

8   served by Defendants, including but not limited to Request No. 13.  Plaintiff further

9   objects to the undefined terms "affected" and "evidencing" in this Request as vague

10  and ambiguous.

11        Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

13  Plaintiff responds as follows:

14        Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 16:**

25        ALL DOCUMENTS supporting YOUR claim that DEFENDANTS deny

26  Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR

27  COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 17:**

4      ALL DOCUMENTS evidencing the changes which must be made to provide

5  Incarcerated Persons at the JAIL access to legal counsel and the Courts.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS evidencing the way(s) in which YOU were denied access to legal counsel and the Court and the dates of said denials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects

to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate access to legal counsel and the Court at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 16. Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to provide reasonable accommodations to Incarcerated People with Disabilities at the JAIL as alleged in YOUR COMPLAINT.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

2      Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Request to the extent that the

4  time frame for this Request is undefined and this Request is therefore overbroad,

5  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

6  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

7  this Request to the extent that it seeks production of documents that are within the

8  possession, custody, and control of Defendants.  Plaintiff further objects to this

9  Request to the extent it seeks disclosure of information protected by the attorney-

10 client privilege, work product doctrine, and all applicable privileges and privacy

11 protections regarding communications in relation to medical or mental health care.

12 Plaintiff further objects to this Request to the extent it seeks documents that are

13 equally available to Defendants because Plaintiff filed and served them in

14 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

15 to this Request to the extent it seeks documents that are publicly available, including

16 but not limited to those cited in Plaintiffs' Third Amended Complaint.

17      Subject to and without waiving the foregoing objections, and based on

18 Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

19 follows:

20      Plaintiff will produce all responsive, non-privileged documents within

21 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

22 collecting additional documents and will produce any responsive to this Request on

23 a rolling basis.  Plaintiff will not produce documents previously filed and served in

24 this action, nor will Plaintiff produce back any responsive documents that

25 Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

26 documents that, although responsive to this Request, Plaintiffs are producing in

27 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

28 documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 20:**

4      ALL DOCUMENTS evidencing the changes which must be made at the JAIL

5  to provide reasonable accommodations to Incarcerated People with Disabilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served in connection with

19  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

20  to the extent it seeks documents that are publicly available, including but not limited

21  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

22  this Request as duplicative of other Requests served herein.  Plaintiff further objects

23  to this Request as duplicative, and therefore unduly burdensome, harassing, and

24  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

25  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

26  same documents are responsive for all 14 Plaintiffs.

27      Subject to and without waiving the foregoing objections, and based on

28  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

1  follows:

2      Plaintiff will produce all responsive, non-privileged documents within

3  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

4  collecting additional documents and will produce any responsive to this Request on

5  a rolling basis.  Plaintiff will not produce documents already filed and served in this

6  action, nor will Plaintiff produce back any responsive documents that Defendants

7  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

8  although responsive to this Request, Plaintiffs are producing in response to other

9  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

10  are in Plaintiff's custody, possession, and control and are responsive to this Request,

11  as stated above, does not mean that such documents necessarily exist.

12  **REQUEST FOR PRODUCTION NO. 21:**

13      ALL DOCUMENTS evidencing the way(s) in which YOU were denied

14  reasonable accommodations by DEFENDANTS including the dates of said denials.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16      Plaintiff incorporates by reference the Preliminary Statement and General

17  Objections set forth above.  Plaintiff objects to this Request to the extent that the

18  time frame for this Request is undefined and this Request is therefore overbroad,

19  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

20  Request to the extent that it seeks production of documents that are within the

21  possession, custody, and control of Defendants.  Plaintiff further objects to this

22  request to the extent it seeks disclosure of information protected by the attorney-

23  client privilege, work product doctrine, and all applicable privileges and privacy

24  protections regarding communications in relation to medical and mental health care.

25  Plaintiff further objects to this Request to the extent it seeks documents that are

26  equally available to Defendants because Plaintiff filed and served them in

27  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

28  to this Request to the extent it seeks documents that are publicly available, including

but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the denial of reasonable accommodations at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 19. Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq.) prior to filing this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the

1  time frame for this Request is undefined and this Request is therefore overbroad,

2  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3  Request to the extent that it seeks production of documents that are within the

4  possession, custody, and control of Defendants.  Plaintiff further objects to this

5  request to the extent it seeks disclosure of information protected by the attorney-

6  client privilege, work product doctrine, and all applicable privileges and privacy

7  protections regarding communications in relation to medical and mental health care.

8  Plaintiff further objects to this Request to the extent it seeks documents that are

9  equally available to Defendants because Plaintiff filed and served them in

10  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11  to this Request to the extent it seeks documents that are publicly available, including

12  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13  further objects to the undefined term "evidencing" in this Request as vague and

14  ambiguous.

15      Subject to and without waiving the foregoing objections, and based on

16  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

17  follows:

18      Plaintiff will produce all responsive, non-privileged documents within

19  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

20  collecting additional documents and will produce any responsive to this Request on

21  a rolling basis.  Plaintiff will not produce documents already filed and served in this

22  action, nor will Plaintiff produce back any responsive documents that Defendants

23  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

24  although responsive to this Request, Plaintiffs are producing in response to other

25  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

26  are in Plaintiff's custody, possession, and control and are responsive to this Request,

27  as stated above, does not mean that such documents necessarily exist.

28

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on

1  a rolling basis.  Plaintiff will not produce documents previously filed and served in

2  this action, nor will Plaintiff produce back any responsive documents that

3  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

4  documents that, although responsive to this Request, Plaintiffs are producing in

5  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

6  documents that are in Plaintiff's custody, possession, and control and are responsive

7  to this Request, as stated above, does not mean that such documents necessarily

8  exist.

9  **REQUEST FOR PRODUCTION NO. 24:**

10     ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out

11  policing programs, alternatives to pre-trial custody programs, early release

12  programs, and re-entry programs to avoid discrimination on the basis of race, color,

13  national origin, or ethic group identification.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

15     Plaintiff incorporates by reference the Preliminary Statement and General

16  Objections set forth above.  Plaintiff objects to this Request to the extent that the

17  time frame for this Request is undefined and this Request is therefore overbroad,

18  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

19  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

20  this Request to the extent that it seeks production of documents that are within the

21  possession, custody, and control of Defendants.  Plaintiff further objects to this

22  Request to the extent it seeks disclosure of information protected by the attorney-

23  client privilege, work product doctrine, and all applicable privileges and privacy

24  protections regarding communications in relation to medical or mental health care.

25  Plaintiff further objects to this Request to the extent it seeks documents that are

26  equally available to Defendants because Plaintiff filed and served in connection with

27  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

28  to the extent it seeks documents that are publicly available, including but not limited

1  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

2  this Request as duplicative of other Requests served herein.  Plaintiff further objects

3  to this Request as duplicative, and therefore unduly burdensome, harassing, and

4  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

5  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

6  same documents are responsive for all 14 Plaintiffs.

7      Subject to and without waiving the foregoing objections, and based on

8  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

9  follows:

10     Plaintiff will produce all responsive, non-privileged documents within

11 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

12 collecting additional documents and will produce any responsive to this Request on

13 a rolling basis.  Plaintiff will not produce documents already filed and served in this

14 action, nor will Plaintiff produce back any responsive documents that Defendants

15 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

16 although responsive to this Request, Plaintiffs are producing in response to other

17 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

18 are in Plaintiff's custody, possession, and control and are responsive to this Request,

19 as stated above, does not mean that such documents necessarily exist.

20 **REQUEST FOR PRODUCTION NO. 25:**

21     ALL DOCUMENTS evidencing the way(s) in which YOU were

22 discriminated against on the basis of race, color, national origin, or ethic group

23 identification under DEFENDANTS' policing programs, alternatives to pre-trial

24 custody programs, early release programs, and re-entry programs, including the date

25 of the discriminatory act(s).

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

27     Plaintiff incorporates by reference the Preliminary Statement and General

28 Objections set forth above.  Plaintiff objects to this Request to the extent that the

1  time frame for this Request is undefined and this Request is therefore overbroad,

2  harassing, unduly burdensome, and oppressive. Plaintiff further objects to this

3  Request to the extent that it seeks production of documents that are within the

4  possession, custody, and control of Defendants. Plaintiff further objects to this

5  request to the extent it seeks disclosure of information protected by the attorney-

6  client privilege, work product doctrine, and all applicable privileges and privacy

7  protections regarding communications in relation to medical and mental health care.

8  Plaintiff further objects to this Request to the extent it seeks documents that are

9  equally available to Defendants because Plaintiff filed and served them in

10 connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects

11 to this Request to the extent it seeks documents that are publicly available, including

12 but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff

13 further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

14 discrimination on the basis of race, color, national origin, or ethic group

15 identification under Defendants' policing programs, alternatives to pre-trial custody

16 programs, early release programs, and re-entry programs affected Plaintiffs on an

17 ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in

18 this Request as seeking a narrative response or the creation of documents not

19 already in existence. Plaintiff further objects to this Request as duplicative of other

20 Requests served by Defendants, including but not limited to Request No. 23.

21 Plaintiff further objects to the undefined term "evidencing" in this Request as vague

22 and ambiguous.

23      Subject to and without waiving the foregoing objections, and based on

24 Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

25 follows:

26      Plaintiff will produce all responsive, non-privileged documents within

27 Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still

28 collecting additional documents and will produce any responsive to this Request on

1  a rolling basis.  Plaintiff will not produce documents already filed and served in this

2  action, nor will Plaintiff produce back any responsive documents that Defendants

3  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

4  although responsive to this Request, Plaintiffs are producing in response to other

5  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

6  are in Plaintiff's custody, possession, and control and are responsive to this Request,

7  as stated above, does not mean that such documents necessarily exist.

8

9

10  DATED:  October 31, 2023          Respectfully submitted,

11                                    ROSEN BIEN GALVAN & GRUNFELD LLP

12

13                                    By:  */s/ Van Swearingen*

14                                         Van Swearingen

15                                    Attorneys for Plaintiffs and the

16                                    Certified Subclass

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF ERNEST ARCHULETA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

# PROOF OF SERVICE

***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of . My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On October 31, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF ERNEST ARCHULETA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2023, at San Francisco, California.

_____
I. Kedra Chan

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA  92101

BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, CA  95113-2336

Susan E. Coleman
   (SColeman@bwslaw.com)
Terri Mehra
   (TMehra@bwslaw.com)
Diana Favela
   (DFavela@bwslaw.com)

Elizabeth M. Pappy
   (EPappy@bwslaw.com)
Lucy Gonzalez
   (LGonzalez@bwslaw.com)

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA  92101-2469

Fernando Kish
   (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
   (Steven.Inman@sdcounty.ca.gov)

Attorneys for Defendants County of San Diego, San Diego County Sheriff's
Department, and San Diego County Probation Department

# Exhibit H

1   GAY C. GRUNFELD – 121944          CHRISTOPHER M. YOUNG – 163319
    VAN SWEARINGEN – 259809           ISABELLA NEAL – 328323
2   PRIYAH KAUL – 307956              OLIVER KIEFER – 332830
    ERIC MONEK ANDERSON – 320934      DLA PIPER LLP (US)
3   HANNAH M. CHARTOFF – 324529       4365 Executive Drive, Suite 1100
    ROSEN BIEN                        San Diego, California  92121-2133
4   GALVAN & GRUNFELD LLP             Telephone:  (858) 677-1400
    101 Mission Street, Sixth Floor   Facsimile:   (858) 677-1401
5   San Francisco, California  94105-1738   christopher.young@dlapiper.com
    Telephone:  (415) 433-6830        isabella.neal@dlapiper.com
6   Facsimile:   (415) 433-7104       oliver.kiefer@dlapiper.com
    ggrunfeld@rbgg.com
7   vswearingen@rbgg.com
    pkaul@rbgg.com
8   eanderson@rbgg.com
    hchartoff@rbgg.com
9
    AARON J. FISCHER – 247391
10  LAW OFFICE OF
    AARON J. FISCHER
11  1400 Shattuck Square Suite 12 - #344
    Berkeley, California  94709
12  Telephone:  (510) 806-7366
    Facsimile:   (510) 694-6314
13  ajf@aaronfischerlaw.com

14  Attorneys for Plaintiffs and the
    Certified Subclass

15

16                      UNITED STATES DISTRICT COURT

17                    SOUTHERN DISTRICT OF CALIFORNIA

18  DARRYL DUNSMORE, ANDREE            Case No. 3:20-cv-00406-AJB-DDL
    ANDRADE, ERNEST ARCHULETA,
19  JAMES CLARK, ANTHONY EDWARDS,      **PLAINTIFF JAMES CLARK'S**
    LISA LANDERS, REANNA LEVY,         **RESPONSES TO**
20  JOSUE LOPEZ, CHRISTOPHER           **DEFENDANTS' FIRST SET OF**
    NELSON, CHRISTOPHER NORWOOD,       **REQUESTS FOR**
21  JESSE OLIVARES, GUSTAVO            **PRODUCTION OF**
    SEPULVEDA, MICHAEL TAYLOR, and     **DOCUMENTS**
22  LAURA ZOERNER, on behalf of
    themselves and all others similarly situated,   Judge:      Hon. Anthony J. Battaglia
23                                     Magistrate: Hon. David D. Leshner
                    Plaintiffs,
24                                     Trial Date: None Set
           v.
25  SAN DIEGO COUNTY SHERIFF'S
    DEPARTMENT, COUNTY OF SAN
26  DIEGO, SAN DIEGO COUNTY
    PROBATION DEPARTMENT, and DOES
27  1 to 20, inclusive,
                    Defendants.
28

[4356205.10]                                       Case No. 3:20-cv-00406-AJB-DDL

PROPOUNDING PARTY:    DEFENDANTS SAN DIEGO COUNTY SHERIFF'S
                      DEPARTMENT, COUNTY OF SAN DIEGO, AND
                      SAN DIEGO COUNTY PROBATION
                      DEPARTMENT

RESPONDING PARTY:     PLAINTIFF JAMES CLARK

SET NO.:              ONE

**PRELIMINARY STATEMENT**

1.     These responses, while based on diligent exploration by Plaintiff and Plaintiff's counsel, reflect only the current status of Plaintiff's knowledge, understanding and belief responding to the matters about which inquiry has been made.  Discovery in this action is continuing and, consequently, Plaintiff may not yet fully understand the significance of certain information or facts, may not have yet discovered all information or facts pertinent to these requests, and may not have yet identified or located all persons with knowledge or pertinent information or facts.  Plaintiff relies on Plaintiff's counsel's ongoing investigation and discovery in this action relating to allegations, facts, and evidence generally applicable to putative class members, including Plaintiff.  As discovery in this action proceeds, Plaintiff may discover additional or different facts.  Plaintiff reserves the right to modify or supplement these responses with whatever pertinent information or facts as subsequently may be discovered.  Furthermore, these responses are without prejudice to Plaintiff's right to use or rely on at any time, including trial, any subsequently discovered information or facts, or information or facts omitted from these responses as a result of mistake, error, oversight or inadvertence.  Plaintiff further reserves the right to produce additional facts or documents in evidence at any time, including trial, and to object on appropriate grounds to the introduction into evidence of any portion of these responses.

2.     The responses set forth below are made without waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or related to the subject matter of the responses herein; or (3) the right to revise, correct, supplement or clarify any of the responses below, at any time.

## GENERAL OBJECTIONS

Plaintiff objects to each document request propounded by Defendants to the extent that:

1.     It seeks any document or information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the right of privacy guaranteed by the United States Constitution and federal and state law, and all other rights and privileges recognized under the constitutions, statutes, or decisional law of the United States and the state of California;

2.     It seeks any document or information protected against disclosure as the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives;

3.     It seeks documents or information not relevant to any party's claim or defense and/or is not proportional to the needs of the case;

4.     It would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or is overly broad;

5.     It is vague and ambiguous and does not include adequate definitions, specificity, or limiting factors (including but not limited to a narrowing time frame);

6.     It seeks documents outside of Plaintiff's possession, custody, or control;

7.     It seeks documents equally available to or already in the possession of Defendants;

PLAINTIFF JAMES CLARK'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

8.     It seeks documents for an unreasonable, irrelevant, or unspecified period of time;

9.     It is duplicative and repetitive, or purports to require Plaintiff to produce the same documents more than once;

10.    It seeks to have Plaintiff make admissions on behalf of individuals other than Plaintiff;

11.    It seeks all documents supporting contentions that relate to facts or the application of law to facts and, as such, is premature and inappropriate in light of the present stage of discovery.  Plaintiff has not completed an investigation of all of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for depositions and trial.  Plaintiff expects to receive documents and information through discovery that will concern and provide information and documents responsive to such Requests, including documents in Defendants' possession or the possession of third parties that have been sought by Plaintiff in discovery but have not yet been produced.

12.    It seeks the reproduction of documents which have been or will be produced by Defendants in this litigation.  Plaintiff will not search for or produce responsive documents that were already in Defendants' possession and have been produced by Defendants in response to Plaintiffs' document requests or its disclosure obligations.

13.    It seeks documents that Plaintiff has already filed and served in this action, including in connection with Plaintiffs' motions for preliminary injunction. It also seeks documents that are publicly available and cited in Plaintiffs' Third Amended Complaint.

14.    It seeks more than what is required to be produced under the Federal Rules of Civil Procedure or otherwise conflicts with the Federal Rules of Civil Procedure.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Plaintiff objects to Defendants' "Definitions and Instructions" to the extent that they seek to impose any obligation or burden on Plaintiffs beyond that required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Requests consistent with the Rules rather than Defendants' "Definitions and Instructions."

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiffs hereby respond as follows:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR claim that medical care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

1    but not limited to those cited in Plaintiffs' Third Amended Complaint.

2        Subject to and without waiving the foregoing objections, and based on

3    Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

4    follows:

5        Plaintiff will produce all responsive, non-privileged documents within

6    Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7    collecting additional documents and will produce any responsive to this Request on

8    a rolling basis.  Plaintiff will not produce documents previously filed and served in

9    this action, nor will Plaintiff produce back any responsive documents that

10   Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

11   documents that, although responsive to this Request, Plaintiffs are producing in

12   response to other Requests herein.  Plaintiff's agreement to produce non-privileged

13   documents that are in Plaintiff's custody, possession, and control and are responsive

14   to this Request, as stated above, does not mean that such documents necessarily

15   exist.

16   **REQUEST FOR PRODUCTION NO. 2:**

17       ALL DOCUMENTS evidencing the changes which must be made to render

18   the medical care provided at the JAIL adequate.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20       Plaintiff incorporates by reference the Preliminary Statement and General

21   Objections set forth above.  Plaintiff objects to this Request to the extent that the

22   time frame for this Request is undefined and this Request is therefore overbroad,

23   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

24   undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

25   this Request to the extent that it seeks production of documents that are within the

26   possession, custody, and control of Defendants.  Plaintiff further objects to this

27   Request to the extent it seeks disclosure of information protected by the attorney-

28   client privilege, work product doctrine, and all applicable privileges and privacy

1    protections regarding communications in relation to medical or mental health care.

2    Plaintiff further objects to this Request to the extent it seeks documents that are

3    equally available to Defendants because Plaintiff filed and served them in

4    connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

5    to this Request to the extent it seeks documents that are publicly available, including

6    but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

7    further objects to this Request as duplicative of other Requests served herein.

8    Plaintiff further objects to this Request as duplicative, and therefore unduly

9    burdensome, harassing, and oppressive, because Defendants served the same

10   Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

11   Amended Complaint and therefore the same documents are responsive for all 14

12   Plaintiffs.

13        Subject to and without waiving the foregoing objections, and based on

14   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

15   follows:

16        Plaintiff will produce all responsive, non-privileged documents within

17   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

18   collecting additional documents and will produce any responsive to this Request on

19   a rolling basis.  Plaintiff will not produce documents already filed and served in this

20   action, nor will Plaintiff produce back any responsive documents that Defendants

21   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22   although responsive to this Request, Plaintiffs are producing in response to other

23   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24   are in Plaintiff's custody, possession, and control and are responsive to this Request,

25   as stated above, does not mean that such documents necessarily exist.

26   **REQUEST FOR PRODUCTION NO. 3:**

27        ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

28   inadequate mental health care at the JAIL and the dates thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate mental health care at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 4. Plaintiff further objects to the undefined terms "affected" and "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined terms "affected" and "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still

collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS supporting YOUR claim that mental health care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

2  follows:

3      Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents previously filed and served in

7  this action, nor will Plaintiff produce back any responsive documents that

8  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

9  documents that, although responsive to this Request, Plaintiffs are producing in

10  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

11  documents that are in Plaintiff's custody, possession, and control and are responsive

12  to this Request, as stated above, does not mean that such documents necessarily

13  exist.

14  **REQUEST FOR PRODUCTION NO. 5:**

15      ALL DOCUMENTS evidencing the changes which must be made to render

16  the mental health care provided at the JAIL adequate.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18      Plaintiff incorporates by reference the Preliminary Statement and General

19  Objections set forth above.  Plaintiff objects to this Request to the extent that the

20  time frame for this Request is undefined and this Request is therefore overbroad,

21  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

22  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

23  this Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  Request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical or mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to this Request as duplicative of other Requests served herein.

6  Plaintiff further objects to this Request as duplicative, and therefore unduly

7  burdensome, harassing, and oppressive, because Defendants served the same

8  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

9  Amended Complaint and therefore the same documents are responsive for all 14

10  Plaintiffs.

11      Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 6:**

25      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

26  inadequate mental health care at the JAIL and the dates thereof.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

28      Plaintiff objects to this Request as duplicative of Request No. 3.  Plaintiff will

[4356205.10]                        11                Case No. 3:20-cv-00406-AJB-DDL

1  not re-produce documents in response to Request No. 6.

2  **REQUEST FOR PRODUCTION NO. 7:**

3      ALL DOCUMENTS supporting YOUR claim that dental care provided at the

4  JAIL is inadequate as alleged in YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6      Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Request to the extent that the

8  time frame for this Request is undefined and this Request is therefore overbroad,

9  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

10  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

11  this Request to the extent that it seeks production of documents that are within the

12  possession, custody, and control of Defendants.  Plaintiff further objects to this

13  Request to the extent it seeks disclosure of information protected by the attorney-

14  client privilege, work product doctrine, and all applicable privileges and privacy

15  protections regarding communications in relation to medical or mental health care.

16  Plaintiff further objects to this Request to the extent it seeks documents that are

17  equally available to Defendants because Plaintiff filed and served them in

18  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

19  to this Request to the extent it seeks documents that are publicly available, including

20  but not limited to those cited in Plaintiffs' Third Amended Complaint.

21      Subject to and without waiving the foregoing objections, and based on

22  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

23  follows:

24      Plaintiff will produce all responsive, non-privileged documents within

25  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

26  collecting additional documents and will produce any responsive to this Request on

27  a rolling basis.  Plaintiff will not produce documents previously filed and served in

28  this action, nor will Plaintiff produce back any responsive documents that

1   Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

2   documents that, although responsive to this Request, Plaintiffs are producing in

3   response to other Requests herein.  Plaintiff's agreement to produce non-privileged

4   documents that are in Plaintiff's custody, possession, and control and are responsive

5   to this Request, as stated above, does not mean that such documents necessarily

6   exist.

7   **REQUEST FOR PRODUCTION NO. 8:**

8       ALL DOCUMENTS evidencing the changes which must be made to make

9   the dental care provided at the JAIL adequate.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11      Plaintiff incorporates by reference the Preliminary Statement and General

12  Objections set forth above.  Plaintiff objects to this Request to the extent that the

13  time frame for this Request is undefined and this Request is therefore overbroad,

14  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

15  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

16  this Request to the extent that it seeks production of documents that are within the

17  possession, custody, and control of Defendants.  Plaintiff further objects to this

18  Request to the extent it seeks disclosure of information protected by the attorney-

19  client privilege, work product doctrine, and all applicable privileges and privacy

20  protections regarding communications in relation to medical or mental health care.

21  Plaintiff further objects to this Request to the extent it seeks documents that are

22  equally available to Defendants because Plaintiff filed and served in connection with

23  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

24  to the extent it seeks documents that are publicly available, including but not limited

25  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

26  this Request as duplicative of other Requests served herein.  Plaintiff further objects

27  to this Request as duplicative, and therefore unduly burdensome, harassing, and

28  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

1  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

2  same documents are responsive for all 14 Plaintiffs.

3      Subject to and without waiving the foregoing objections, and based on the

4  undefined term "evidencing," Plaintiff responds as follows:

5      Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents already filed and served in this

9  action, nor will Plaintiff produce back any responsive documents that Defendants

10  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

11  although responsive to this Request, Plaintiffs are producing in response to other

12  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

13  are in Plaintiff's custody, possession, and control and are responsive to this Request,

14  as stated above, does not mean that such documents necessarily exist.

15  **REQUEST FOR PRODUCTION NO. 9:**

16      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

17  inadequate dental care at the JAIL and the dates thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19      Plaintiff incorporates by reference the Preliminary Statement and General

20  Objections set forth above.  Plaintiff objects to this Request to the extent that the

21  time frame for this Request is undefined and this Request is therefore overbroad,

22  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23  Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical and mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate dental care at the Jail affected Plaintiffs on an ongoing and continuous

7  basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking

8  a narrative response or the creation of documents not already in existence.  Plaintiff

9  further objects to this Request as duplicative of other Requests served by

10  Defendants, including but not limited to Request No. 7.  Plaintiff further objects to

11  the undefined terms "affected" and "evidencing" in this Request as vague and

12  ambiguous.

13       Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16       Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 10:**

27       ALL DOCUMENTS supporting YOUR claim that the environmental health

28  and safety conditions are inadequate at the JAIL as alleged in YOUR

1 COMPLAINT.

2 **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>:**

3     Plaintiff incorporates by reference the Preliminary Statement and General

4 Objections set forth above.  Plaintiff objects to this Request to the extent that the

5 time frame for this Request is undefined and this Request is therefore overbroad,

6 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

7 undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

8 this Request to the extent that it seeks production of documents that are within the

9 possession, custody, and control of Defendants.  Plaintiff further objects to this

10 Request to the extent it seeks disclosure of information protected by the attorney-

11 client privilege, work product doctrine, and all applicable privileges and privacy

12 protections regarding communications in relation to medical or mental health care.

13 Plaintiff further objects to this Request to the extent it seeks documents that are

14 equally available to Defendants because Plaintiff filed and served them in

15 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

16 to this Request to the extent it seeks documents that are publicly available, including

17 but not limited to those cited in Plaintiffs' Third Amended Complaint.

18     Subject to and without waiving the foregoing objections, and based on

19 Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

20 follows:

21     Plaintiff will produce all responsive, non-privileged documents within

22 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

23 collecting additional documents and will produce any responsive to this Request on

24 a rolling basis.  Plaintiff will not produce documents previously filed and served in

25 this action, nor will Plaintiff produce back any responsive documents that

26 Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

27 documents that, although responsive to this Request, Plaintiffs are producing in

28 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

1 documents that are in Plaintiff's custody, possession, and control and are responsive

2 to this Request, as stated above, does not mean that such documents necessarily

3 exist.

4 **REQUEST FOR PRODUCTION NO. 11:**

5      ALL DOCUMENTS evidencing the changes which must be made to render

6 the environmental health and safety conditions at the JAIL adequate.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8      Plaintiff incorporates by reference the Preliminary Statement and General

9 Objections set forth above.  Plaintiff objects to this Request to the extent that the

10 time frame for this Request is undefined and this Request is therefore overbroad,

11 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

12 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

13 this Request to the extent that it seeks production of documents that are within the

14 possession, custody, and control of Defendants.  Plaintiff further objects to this

15 Request to the extent it seeks disclosure of information protected by the attorney-

16 client privilege, work product doctrine, and all applicable privileges and privacy

17 protections regarding communications in relation to medical or mental health care.

18 Plaintiff further objects to this Request to the extent it seeks documents that are

19 equally available to Defendants because Plaintiff filed and served them in

20 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

21 to this Request to the extent it seeks documents that are publicly available, including

22 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

23 further objects to this Request as duplicative of other Requests served herein.

24 Plaintiff further objects to this Request as duplicative, and therefore unduly

25 burdensome, harassing, and oppressive, because Defendants served the same

26 Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

27 Amended Complaint and therefore the same documents are responsive for all 14

28 Plaintiffs.

1    Subject to and without waiving the foregoing objections, and based on

2 Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

3 follows:

4    Plaintiff will produce all responsive, non-privileged documents within

5 Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still

6 collecting additional documents and will produce any responsive to this Request on

7 a rolling basis. Plaintiff will not produce documents already filed and served in this

8 action, nor will Plaintiff produce back any responsive documents that Defendants

9 have produced to Plaintiffs. Plaintiff will not separately re-produce documents that,

10 although responsive to this Request, Plaintiffs are producing in response to other

11 Requests herein. Plaintiff's agreement to produce non-privileged documents that

12 are in Plaintiff's custody, possession, and control and are responsive to this Request,

13 as stated above, does not mean that such documents necessarily exist.

14 **REQUEST FOR PRODUCTION NO. 12:**

15    ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

16 inadequate environmental health and safety conditions at the JAIL and the dates

17 thereof.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19    Plaintiff incorporates by reference the Preliminary Statement and General

20 Objections set forth above. Plaintiff objects to this Request to the extent that the

21 time frame for this Request is undefined and this Request is therefore overbroad,

22 harassing, unduly burdensome, and oppressive. Plaintiff further objects to this

23 Request to the extent that it seeks production of documents that are within the

24 possession, custody, and control of Defendants. Plaintiff further objects to this

25 request to the extent it seeks disclosure of information protected by the attorney-

26 client privilege, work product doctrine, and all applicable privileges and privacy

27 protections regarding communications in relation to medical and mental health care.

28 Plaintiff further objects to this Request to the extent it seeks documents that are

1   equally available to Defendants because Plaintiff filed and served them in

2   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3   to this Request to the extent it seeks documents that are publicly available, including

4   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6   inadequate environmental health and safety conditions at the Jail affected Plaintiffs

7   on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of

8   "dates" in this Request as seeking a narrative response or the creation of documents

9   not already in existence.  Plaintiff further objects to this Request as duplicative of

10  other Requests served by Defendants, including but not limited to Request No. 10.

11  Plaintiff further objects to the undefined terms "affected" and "evidencing" in this

12  Request as vague and ambiguous.

13       Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16       Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 13:**

27       ALL DOCUMENTS supporting YOUR claim that the safety and security

28  provided at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      ALL DOCUMENTS evidencing the changes which must be made to render

5  the safety and security provided at the JAIL adequate.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3      Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11 are in Plaintiff's custody, possession, and control and are responsive to this Request,

12 as stated above, does not mean that such documents necessarily exist.

13 **REQUEST FOR PRODUCTION NO. 15:**

14     ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

15 inadequate safety and security at the JAILS and the dates thereof.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17     Plaintiff incorporates by reference the Preliminary Statement and General

18 Objections set forth above.  Plaintiff objects to this Request to the extent that the

19 time frame for this Request is undefined and this Request is therefore overbroad,

20 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21 Request to the extent that it seeks production of documents that are within the

22 possession, custody, and control of Defendants.  Plaintiff further objects to this

23 request to the extent it seeks disclosure of information protected by the attorney-

24 client privilege, work product doctrine, and all applicable privileges and privacy

25 protections regarding communications in relation to medical and mental health care.

26 Plaintiff further objects to this Request to the extent it seeks documents that are

27 equally available to Defendants because Plaintiff filed and served them in

28 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate safety and security at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 13. Plaintiff further objects to the undefined terms "affected" and "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined terms "affected" and "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS supporting YOUR claim that DEFENDANTS deny Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 17:**

4       ALL DOCUMENTS evidencing the changes which must be made to provide

5  Incarcerated Persons at the JAIL access to legal counsel and the Courts.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7       Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28       Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3      Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11  are in Plaintiff's custody, possession, and control and are responsive to this Request,

12  as stated above, does not mean that such documents necessarily exist.

13  **REQUEST FOR PRODUCTION NO. 18:**

14      ALL DOCUMENTS evidencing the way(s) in which YOU were denied

15  access to legal counsel and the Court and the dates of said denials.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

17      Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Request to the extent that the

19  time frame for this Request is undefined and this Request is therefore overbroad,

20  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21  Request to the extent that it seeks production of documents that are within the

22  possession, custody, and control of Defendants.  Plaintiff further objects to this

23  request to the extent it seeks disclosure of information protected by the attorney-

24  client privilege, work product doctrine, and all applicable privileges and privacy

25  protections regarding communications in relation to medical and mental health care.

26  Plaintiff further objects to this Request to the extent it seeks documents that are

27  equally available to Defendants because Plaintiff filed and served them in

28  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate access to legal counsel and the Court at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 16. Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to provide reasonable accommodations to Incarcerated People with Disabilities at the JAIL as alleged in YOUR COMPLAINT.

PLAINTIFF JAMES CLARK'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 19:</u>**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 20:**

4      ALL DOCUMENTS evidencing the changes which must be made at the JAIL

5  to provide reasonable accommodations to Incarcerated People with Disabilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served in connection with

19  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

20  to the extent it seeks documents that are publicly available, including but not limited

21  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

22  this Request as duplicative of other Requests served herein.  Plaintiff further objects

23  to this Request as duplicative, and therefore unduly burdensome, harassing, and

24  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

25  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

26  same documents are responsive for all 14 Plaintiffs.

27      Subject to and without waiving the foregoing objections, and based on

28  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS evidencing the way(s) in which YOU were denied reasonable accommodations by DEFENDANTS including the dates of said denials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

PLAINTIFF JAMES CLARK'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff
further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the
denial of reasonable accommodations at the Jail affected Plaintiffs on an ongoing
and continuous basis. Plaintiff further objects to the inclusion of "dates" in this
Request as seeking a narrative response or the creation of documents not already in
existence. Plaintiff further objects to this Request as duplicative of other Requests
served by Defendants, including but not limited to Request No. 19. Plaintiff further
objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on
Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as
follows:

Plaintiff will produce all responsive, non-privileged documents within
Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still
collecting additional documents and will produce any responsive to this Request on
a rolling basis. Plaintiff will not produce documents already filed and served in this
action, nor will Plaintiff produce back any responsive documents that Defendants
have produced to Plaintiffs. Plaintiff will not separately re-produce documents that,
although responsive to this Request, Plaintiffs are producing in response to other
Requests herein. Plaintiff's agreement to produce non-privileged documents that
are in Plaintiff's custody, possession, and control and are responsive to this Request,
as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the
Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq.) prior to filing this
lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates by reference the Preliminary Statement and General
Objections set forth above. Plaintiff objects to this Request to the extent that the

1   time frame for this Request is undefined and this Request is therefore overbroad,

2   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3   Request to the extent that it seeks production of documents that are within the

4   possession, custody, and control of Defendants.  Plaintiff further objects to this

5   request to the extent it seeks disclosure of information protected by the attorney-

6   client privilege, work product doctrine, and all applicable privileges and privacy

7   protections regarding communications in relation to medical and mental health care.

8   Plaintiff further objects to this Request to the extent it seeks documents that are

9   equally available to Defendants because Plaintiff filed and served them in

10  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11  to this Request to the extent it seeks documents that are publicly available, including

12  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13  further objects to the undefined term "evidencing" in this Request as vague and

14  ambiguous.

15       Subject to and without waiving the foregoing objections, and based on

16  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

17  follows:

18       Plaintiff will produce all responsive, non-privileged documents within

19  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

20  collecting additional documents and will produce any responsive to this Request on

21  a rolling basis.  Plaintiff will not produce documents already filed and served in this

22  action, nor will Plaintiff produce back any responsive documents that Defendants

23  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

24  although responsive to this Request, Plaintiffs are producing in response to other

25  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

26  are in Plaintiff's custody, possession, and control and are responsive to this Request,

27  as stated above, does not mean that such documents necessarily exist.

28

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on

1  a rolling basis.  Plaintiff will not produce documents previously filed and served in

2  this action, nor will Plaintiff produce back any responsive documents that

3  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

4  documents that, although responsive to this Request, Plaintiffs are producing in

5  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

6  documents that are in Plaintiff's custody, possession, and control and are responsive

7  to this Request, as stated above, does not mean that such documents necessarily

8  exist.

9  **REQUEST FOR PRODUCTION NO. 24:**

10      ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out

11  policing programs, alternatives to pre-trial custody programs, early release

12  programs, and re-entry programs to avoid discrimination on the basis of race, color,

13  national origin, or ethic group identification.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

15      Plaintiff incorporates by reference the Preliminary Statement and General

16  Objections set forth above.  Plaintiff objects to this Request to the extent that the

17  time frame for this Request is undefined and this Request is therefore overbroad,

18  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

19  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

20  this Request to the extent that it seeks production of documents that are within the

21  possession, custody, and control of Defendants.  Plaintiff further objects to this

22  Request to the extent it seeks disclosure of information protected by the attorney-

23  client privilege, work product doctrine, and all applicable privileges and privacy

24  protections regarding communications in relation to medical or mental health care.

25  Plaintiff further objects to this Request to the extent it seeks documents that are

26  equally available to Defendants because Plaintiff filed and served in connection with

27  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

28  to the extent it seeks documents that are publicly available, including but not limited

PLAINTIFF JAMES CLARK'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1   to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

2   this Request as duplicative of other Requests served herein.  Plaintiff further objects

3   to this Request as duplicative, and therefore unduly burdensome, harassing, and

4   oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

5   Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

6   same documents are responsive for all 14 Plaintiffs.

7         Subject to and without waiving the foregoing objections, and based on

8   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

9   follows:

10        Plaintiff will produce all responsive, non-privileged documents within

11  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

12  collecting additional documents and will produce any responsive to this Request on

13  a rolling basis.  Plaintiff will not produce documents already filed and served in this

14  action, nor will Plaintiff produce back any responsive documents that Defendants

15  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

16  although responsive to this Request, Plaintiffs are producing in response to other

17  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

18  are in Plaintiff's custody, possession, and control and are responsive to this Request,

19  as stated above, does not mean that such documents necessarily exist.

20  **REQUEST FOR PRODUCTION NO. 25:**

21        ALL DOCUMENTS evidencing the way(s) in which YOU were

22  discriminated against on the basis of race, color, national origin, or ethic group

23  identification under DEFENDANTS' policing programs, alternatives to pre-trial

24  custody programs, early release programs, and re-entry programs, including the date

25  of the discriminatory act(s).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

27        Plaintiff incorporates by reference the Preliminary Statement and General

28  Objections set forth above.  Plaintiff objects to this Request to the extent that the

1  time frame for this Request is undefined and this Request is therefore overbroad,

2  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3  Request to the extent that it seeks production of documents that are within the

4  possession, custody, and control of Defendants.  Plaintiff further objects to this

5  request to the extent it seeks disclosure of information protected by the attorney-

6  client privilege, work product doctrine, and all applicable privileges and privacy

7  protections regarding communications in relation to medical and mental health care.

8  Plaintiff further objects to this Request to the extent it seeks documents that are

9  equally available to Defendants because Plaintiff filed and served them in

10 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11 to this Request to the extent it seeks documents that are publicly available, including

12 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13 further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

14 discrimination on the basis of race, color, national origin, or ethic group

15 identification under Defendants' policing programs, alternatives to pre-trial custody

16 programs, early release programs, and re-entry programs affected Plaintiffs on an

17 ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

18 this Request as seeking a narrative response or the creation of documents not

19 already in existence.  Plaintiff further objects to this Request as duplicative of other

20 Requests served by Defendants, including but not limited to Request No. 23.

21 Plaintiff further objects to the undefined term "evidencing" in this Request as vague

22 and ambiguous.

23      Subject to and without waiving the foregoing objections, and based on

24 Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

25 follows:

26      Plaintiff will produce all responsive, non-privileged documents within

27 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

28 collecting additional documents and will produce any responsive to this Request on

1  a rolling basis.  Plaintiff will not produce documents already filed and served in this

2  action, nor will Plaintiff produce back any responsive documents that Defendants

3  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

4  although responsive to this Request, Plaintiffs are producing in response to other

5  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

6  are in Plaintiff's custody, possession, and control and are responsive to this Request,

7  as stated above, does not mean that such documents necessarily exist.

8

9

10  DATED:  October 31, 2023         Respectfully submitted,

11                                                      ROSEN BIEN GALVAN & GRUNFELD LLP

12

13                                                      By: */s/ Van Swearingen*
                                                                  _____
14                                                            Van Swearingen

15                                                      Attorneys for Plaintiffs and the
                                                             Certified Subclass
16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF JAMES CLARK'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

# PROOF OF SERVICE

***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of .  My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On October 31, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF JAMES CLARK'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2023, at San Francisco, California.

_____
I. Kedra Chan

1
2

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

3
4

BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101

BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, CA 95113-2336

5
6
7

Susan E. Coleman
  (SColeman@bwslaw.com)
Terri Mehra
  (TMehra@bwslaw.com)
Diana Favela
  (DFavela@bwslaw.com)

Elizabeth M. Pappy
  (EPappy@bwslaw.com)
Lucy Gonzalez
  (LGonzalez@bwslaw.com)

8
9
10

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

11
12

Fernando Kish
  (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
  (Steven.Inman@sdcounty.ca.gov)

13
14

Attorneys for Defendants County of San Diego, San Diego County Sheriff's
Department, and San Diego County Probation Department

15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit I

1   GAY C. GRUNFELD – 121944             CHRISTOPHER M. YOUNG – 163319
    VAN SWEARINGEN – 259809              ISABELLA NEAL – 328323
2   PRIYAH KAUL – 307956                 OLIVER KIEFER – 332830
    ERIC MONEK ANDERSON – 320934         DLA PIPER LLP (US)
3   HANNAH M. CHARTOFF – 324529          4365 Executive Drive, Suite 1100
    ROSEN BIEN                           San Diego, California  92121-2133
4   GALVAN & GRUNFELD LLP                Telephone:  (858) 677-1400
    101 Mission Street, Sixth Floor      Facsimile:   (858) 677-1401
5   San Francisco, California  94105-1738 christopher.young@dlapiper.com
    Telephone:  (415) 433-6830           isabella.neal@dlapiper.com
6   Facsimile:   (415) 433-7104          oliver.kiefer@dlapiper.com
    ggrunfeld@rbgg.com
7   vswearingen@rbgg.com
    pkaul@rbgg.com
8   eanderson@rbgg.com
    hchartoff@rbgg.com
9
    AARON J. FISCHER – 247391
10  LAW OFFICE OF
    AARON J. FISCHER
11  1400 Shattuck Square Suite 12 - #344
    Berkeley, California  94709
12  Telephone:  (510) 806-7366
    Facsimile:   (510) 694-6314
13  ajf@aaronfischerlaw.com

14  Attorneys for Plaintiffs and the
    Certified Subclass
15

16                    UNITED STATES DISTRICT COURT

17                   SOUTHERN DISTRICT OF CALIFORNIA

18  DARRYL DUNSMORE, ANDREE          Case No. 3:20-cv-00406-AJB-DDL
    ANDRADE, ERNEST ARCHULETA,
19  JAMES CLARK, ANTHONY EDWARDS,    **PLAINTIFF ANTHONY**
    LISA LANDERS, REANNA LEVY,       **EDWARDS' RESPONSES TO**
20  JOSUE LOPEZ, CHRISTOPHER         **DEFENDANTS' FIRST SET OF**
    NELSON, CHRISTOPHER NORWOOD,     **REQUESTS FOR**
21  JESSE OLIVARES, GUSTAVO          **PRODUCTION OF**
    SEPULVEDA, MICHAEL TAYLOR, and   **DOCUMENTS**
22  LAURA ZOERNER, on behalf of
    themselves and all others similarly situated,   Judge:      Hon. Anthony J. Battaglia
23                                   Magistrate: Hon. David D. Leshner
                    Plaintiffs,
24                                   Trial Date: None Set
             v.
25  SAN DIEGO COUNTY SHERIFF'S
    DEPARTMENT, COUNTY OF SAN
26  DIEGO, SAN DIEGO COUNTY
    PROBATION DEPARTMENT, and DOES
27  1 to 20, inclusive,
                    Defendants.
28

[4356205.10]                                     Case No. 3:20-cv-00406-AJB-DDL
PLAINTIFF ANTHONY EDWARDS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
                        PRODUCTION OF DOCUMENTS

1

2  PROPOUNDING PARTY:    DEFENDANTS SAN DIEGO COUNTY SHERIFF'S

3                        DEPARTMENT, COUNTY OF SAN DIEGO, AND

4                        SAN DIEGO COUNTY PROBATION

5                        DEPARTMENT

6  RESPONDING PARTY:     PLAINTIFF ANTHONY EDWARDS

7  SET NO.:              ONE

8

9                    **PRELIMINARY STATEMENT**

10        1.      These responses, while based on diligent exploration by Plaintiff and

11  Plaintiff's counsel, reflect only the current status of Plaintiff's knowledge,

12  understanding and belief responding to the matters about which inquiry has been

13  made.  Discovery in this action is continuing and, consequently, Plaintiff may not

14  yet fully understand the significance of certain information or facts, may not have

15  yet discovered all information or facts pertinent to these requests, and may not have

16  yet identified or located all persons with knowledge or pertinent information or

17  facts.  Plaintiff relies on Plaintiff's counsel's ongoing investigation and discovery in

18  this action relating to allegations, facts, and evidence generally applicable to

19  putative class members, including Plaintiff.  As discovery in this action proceeds,

20  Plaintiff may discover additional or different facts.  Plaintiff reserves the right to

21  modify or supplement these responses with whatever pertinent information or facts

22  as subsequently may be discovered.  Furthermore, these responses are without

23  prejudice to Plaintiff's right to use or rely on at any time, including trial, any

24  subsequently discovered information or facts, or information or facts omitted from

25  these responses as a result of mistake, error, oversight or inadvertence.  Plaintiff

26  further reserves the right to produce additional facts or documents in evidence at any

27  time, including trial, and to object on appropriate grounds to the introduction into

28  evidence of any portion of these responses.

2.     The responses set forth below are made without waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or related to the subject matter of the responses herein; or (3) the right to revise, correct, supplement or clarify any of the responses below, at any time.

## GENERAL OBJECTIONS

Plaintiff objects to each document request propounded by Defendants to the extent that:

1.     It seeks any document or information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the right of privacy guaranteed by the United States Constitution and federal and state law, and all other rights and privileges recognized under the constitutions, statutes, or decisional law of the United States and the state of California;

2.     It seeks any document or information protected against disclosure as the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives;

3.     It seeks documents or information not relevant to any party's claim or defense and/or is not proportional to the needs of the case;

4.     It would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or is overly broad;

5.     It is vague and ambiguous and does not include adequate definitions, specificity, or limiting factors (including but not limited to a narrowing time frame);

6.     It seeks documents outside of Plaintiff's possession, custody, or control;

7.     It seeks documents equally available to or already in the possession of Defendants;

8.     It seeks documents for an unreasonable, irrelevant, or unspecified period of time;

9.     It is duplicative and repetitive, or purports to require Plaintiff to produce the same documents more than once;

10.     It seeks to have Plaintiff make admissions on behalf of individuals other than Plaintiff;

11.     It seeks all documents supporting contentions that relate to facts or the application of law to facts and, as such, is premature and inappropriate in light of the present stage of discovery.  Plaintiff has not completed an investigation of all of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for depositions and trial.  Plaintiff expects to receive documents and information through discovery that will concern and provide information and documents responsive to such Requests, including documents in Defendants' possession or the possession of third parties that have been sought by Plaintiff in discovery but have not yet been produced.

12.     It seeks the reproduction of documents which have been or will be produced by Defendants in this litigation.  Plaintiff will not search for or produce responsive documents that were already in Defendants' possession and have been produced by Defendants in response to Plaintiffs' document requests or its disclosure obligations.

13.     It seeks documents that Plaintiff has already filed and served in this action, including in connection with Plaintiffs' motions for preliminary injunction. It also seeks documents that are publicly available and cited in Plaintiffs' Third Amended Complaint.

14.     It seeks more than what is required to be produced under the Federal Rules of Civil Procedure or otherwise conflicts with the Federal Rules of Civil Procedure.

1    **OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

2        1.      Plaintiff objects to Defendants' "Definitions and Instructions" to the

3    extent that they seek to impose any obligation or burden on Plaintiffs beyond that

4    required by the Federal Rules of Civil Procedure. Plaintiff will respond to these

5    Requests consistent with the Rules rather than Defendants' "Definitions and

6    Instructions."

7        Subject to and without waiving the foregoing objections, and incorporating

8    them by reference into each of the responses provided below, Plaintiffs hereby

9    respond as follows:

10    **REQUESTS FOR PRODUCTION**

11    **REQUEST FOR PRODUCTION NO. 1:**

12        All DOCUMENTS supporting YOUR claim that medical care at the JAIL is

13    inadequate as alleged in YOUR COMPLAINT.

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

15        Plaintiff incorporates by reference the Preliminary Statement and General

16    Objections set forth above. Plaintiff objects to this Request to the extent that the

17    time frame for this Request is undefined and this Request is therefore overbroad,

18    harassing, unduly burdensome, and oppressive. Plaintiff further objects to the

19    undefined term "supporting" as vague and ambiguous. Plaintiff further objects to

20    this Request to the extent that it seeks production of documents that are within the

21    possession, custody, and control of Defendants. Plaintiff further objects to this

22    Request to the extent it seeks disclosure of information protected by the attorney-

23    client privilege, work product doctrine, and all applicable privileges and privacy

24    protections regarding communications in relation to medical or mental health care.

25    Plaintiff further objects to this Request to the extent it seeks documents that are

26    equally available to Defendants because Plaintiff filed and served them in

27    connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects

28    to this Request to the extent it seeks documents that are publicly available, including

1  but not limited to those cited in Plaintiffs' Third Amended Complaint.

2       Subject to and without waiving the foregoing objections, and based on

3  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

4  follows:

5       Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents previously filed and served in

9  this action, nor will Plaintiff produce back any responsive documents that

10  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

11  documents that, although responsive to this Request, Plaintiffs are producing in

12  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

13  documents that are in Plaintiff's custody, possession, and control and are responsive

14  to this Request, as stated above, does not mean that such documents necessarily

15  exist.

16  **REQUEST FOR PRODUCTION NO. 2:**

17       ALL DOCUMENTS evidencing the changes which must be made to render

18  the medical care provided at the JAIL adequate.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20       Plaintiff incorporates by reference the Preliminary Statement and General

21  Objections set forth above.  Plaintiff objects to this Request to the extent that the

22  time frame for this Request is undefined and this Request is therefore overbroad,

23  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

24  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

25  this Request to the extent that it seeks production of documents that are within the

26  possession, custody, and control of Defendants.  Plaintiff further objects to this

27  Request to the extent it seeks disclosure of information protected by the attorney-

28  client privilege, work product doctrine, and all applicable privileges and privacy

1  protections regarding communications in relation to medical or mental health care.

2  Plaintiff further objects to this Request to the extent it seeks documents that are

3  equally available to Defendants because Plaintiff filed and served them in

4  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

5  to this Request to the extent it seeks documents that are publicly available, including

6  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

7  further objects to this Request as duplicative of other Requests served herein.

8  Plaintiff further objects to this Request as duplicative, and therefore unduly

9  burdensome, harassing, and oppressive, because Defendants served the same

10  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

11  Amended Complaint and therefore the same documents are responsive for all 14

12  Plaintiffs.

13      Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

15  follows:

16      Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 3:**

27      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

28  inadequate mental health care at the JAIL and the dates thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate mental health care at the Jail affected Plaintiffs on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence.  Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 4.  Plaintiff further objects to the undefined terms "affected" and "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined terms "affected" and "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

1  collecting additional documents and will produce any responsive to this Request on

2  a rolling basis.  Plaintiff will not produce documents already filed and served in this

3  action, nor will Plaintiff produce back any responsive documents that Defendants

4  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

5  although responsive to this Request, Plaintiffs are producing in response to other

6  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

7  are in Plaintiff's custody, possession, and control and are responsive to this Request,

8  as stated above, does not mean that such documents necessarily exist.

9  **REQUEST FOR PRODUCTION NO. 4:**

10      All DOCUMENTS supporting YOUR claim that mental health care at the

11  JAIL is inadequate as alleged in YOUR COMPLAINT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13      Plaintiff incorporates by reference the Preliminary Statement and General

14  Objections set forth above.  Plaintiff objects to this Request to the extent that the

15  time frame for this Request is undefined and this Request is therefore overbroad,

16  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

17  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

18  this Request to the extent that it seeks production of documents that are within the

19  possession, custody, and control of Defendants.  Plaintiff further objects to this

20  Request to the extent it seeks disclosure of information protected by the attorney-

21  client privilege, work product doctrine, and all applicable privileges and privacy

22  protections regarding communications in relation to medical or mental health care.

23  Plaintiff further objects to this Request to the extent it seeks documents that are

24  equally available to Defendants because Plaintiff filed and served them in

25  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

26  to this Request to the extent it seeks documents that are publicly available, including

27  but not limited to those cited in Plaintiffs' Third Amended Complaint.

28      Subject to and without waiving the foregoing objections, and based on

[4356205.10]                                        9                      Case No. 3:20-cv-00406-AJB-DDL

1  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

2  follows:

3      Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents previously filed and served in

7  this action, nor will Plaintiff produce back any responsive documents that

8  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

9  documents that, although responsive to this Request, Plaintiffs are producing in

10 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

11 documents that are in Plaintiff's custody, possession, and control and are responsive

12 to this Request, as stated above, does not mean that such documents necessarily

13 exist.

14 **REQUEST FOR PRODUCTION NO. 5:**

15     ALL DOCUMENTS evidencing the changes which must be made to render

16 the mental health care provided at the JAIL adequate.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18     Plaintiff incorporates by reference the Preliminary Statement and General

19 Objections set forth above.  Plaintiff objects to this Request to the extent that the

20 time frame for this Request is undefined and this Request is therefore overbroad,

21 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

22 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

23 this Request to the extent that it seeks production of documents that are within the

24 possession, custody, and control of Defendants.  Plaintiff further objects to this

25 Request to the extent it seeks disclosure of information protected by the attorney-

26 client privilege, work product doctrine, and all applicable privileges and privacy

27 protections regarding communications in relation to medical or mental health care.

28 Plaintiff further objects to this Request to the extent it seeks documents that are

1   equally available to Defendants because Plaintiff filed and served them in

2   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3   to this Request to the extent it seeks documents that are publicly available, including

4   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5   further objects to this Request as duplicative of other Requests served herein.

6   Plaintiff further objects to this Request as duplicative, and therefore unduly

7   burdensome, harassing, and oppressive, because Defendants served the same

8   Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

9   Amended Complaint and therefore the same documents are responsive for all 14

10   Plaintiffs.

11       Subject to and without waiving the foregoing objections, and based on

12   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13   follows:

14       Plaintiff will produce all responsive, non-privileged documents within

15   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

16   collecting additional documents and will produce any responsive to this Request on

17   a rolling basis.  Plaintiff will not produce documents already filed and served in this

18   action, nor will Plaintiff produce back any responsive documents that Defendants

19   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20   although responsive to this Request, Plaintiffs are producing in response to other

21   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22   are in Plaintiff's custody, possession, and control and are responsive to this Request,

23   as stated above, does not mean that such documents necessarily exist.

24   **REQUEST FOR PRODUCTION NO. 6:**

25       ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

26   inadequate mental health care at the JAIL and the dates thereof.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

28       Plaintiff objects to this Request as duplicative of Request No. 3.  Plaintiff will

1  not re-produce documents in response to Request No. 6.

2  **REQUEST FOR PRODUCTION NO. 7:**

3       ALL DOCUMENTS supporting YOUR claim that dental care provided at the

4  JAIL is inadequate as alleged in YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6       Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Request to the extent that the

8  time frame for this Request is undefined and this Request is therefore overbroad,

9  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

10  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

11  this Request to the extent that it seeks production of documents that are within the

12  possession, custody, and control of Defendants.  Plaintiff further objects to this

13  Request to the extent it seeks disclosure of information protected by the attorney-

14  client privilege, work product doctrine, and all applicable privileges and privacy

15  protections regarding communications in relation to medical or mental health care.

16  Plaintiff further objects to this Request to the extent it seeks documents that are

17  equally available to Defendants because Plaintiff filed and served them in

18  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

19  to this Request to the extent it seeks documents that are publicly available, including

20  but not limited to those cited in Plaintiffs' Third Amended Complaint.

21       Subject to and without waiving the foregoing objections, and based on

22  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

23  follows:

24       Plaintiff will produce all responsive, non-privileged documents within

25  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

26  collecting additional documents and will produce any responsive to this Request on

27  a rolling basis.  Plaintiff will not produce documents previously filed and served in

28  this action, nor will Plaintiff produce back any responsive documents that

1  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

2  documents that, although responsive to this Request, Plaintiffs are producing in

3  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

4  documents that are in Plaintiff's custody, possession, and control and are responsive

5  to this Request, as stated above, does not mean that such documents necessarily

6  exist.

7  **REQUEST FOR PRODUCTION NO. 8:**

8      ALL DOCUMENTS evidencing the changes which must be made to make

9  the dental care provided at the JAIL adequate.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11     Plaintiff incorporates by reference the Preliminary Statement and General

12 Objections set forth above.  Plaintiff objects to this Request to the extent that the

13 time frame for this Request is undefined and this Request is therefore overbroad,

14 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

15 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

16 this Request to the extent that it seeks production of documents that are within the

17 possession, custody, and control of Defendants.  Plaintiff further objects to this

18 Request to the extent it seeks disclosure of information protected by the attorney-

19 client privilege, work product doctrine, and all applicable privileges and privacy

20 protections regarding communications in relation to medical or mental health care.

21 Plaintiff further objects to this Request to the extent it seeks documents that are

22 equally available to Defendants because Plaintiff filed and served in connection with

23 Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

24 to the extent it seeks documents that are publicly available, including but not limited

25 to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

26 this Request as duplicative of other Requests served herein.  Plaintiff further objects

27 to this Request as duplicative, and therefore unduly burdensome, harassing, and

28 oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

PLAINTIFF ANTHONY EDWARDS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

2  same documents are responsive for all 14 Plaintiffs.

3       Subject to and without waiving the foregoing objections, and based on the

4  undefined term "evidencing," Plaintiff responds as follows:

5       Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents already filed and served in this

9  action, nor will Plaintiff produce back any responsive documents that Defendants

10 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

11 although responsive to this Request, Plaintiffs are producing in response to other

12 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

13 are in Plaintiff's custody, possession, and control and are responsive to this Request,

14 as stated above, does not mean that such documents necessarily exist.

15 **REQUEST FOR PRODUCTION NO. 9:**

16      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

17 inadequate dental care at the JAIL and the dates thereof.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19      Plaintiff incorporates by reference the Preliminary Statement and General

20 Objections set forth above.  Plaintiff objects to this Request to the extent that the

21 time frame for this Request is undefined and this Request is therefore overbroad,

22 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23 Request to the extent that it seeks production of documents that are within the

24 possession, custody, and control of Defendants.  Plaintiff further objects to this

25 request to the extent it seeks disclosure of information protected by the attorney-

26 client privilege, work product doctrine, and all applicable privileges and privacy

27 protections regarding communications in relation to medical and mental health care.

28 Plaintiff further objects to this Request to the extent it seeks documents that are

1   equally available to Defendants because Plaintiff filed and served them in

2   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3   to this Request to the extent it seeks documents that are publicly available, including

4   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6   inadequate dental care at the Jail affected Plaintiffs on an ongoing and continuous

7   basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking

8   a narrative response or the creation of documents not already in existence.  Plaintiff

9   further objects to this Request as duplicative of other Requests served by

10  Defendants, including but not limited to Request No. 7.  Plaintiff further objects to

11  the undefined terms "affected" and "evidencing" in this Request as vague and

12  ambiguous.

13          Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16          Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 10:**

27          ALL DOCUMENTS supporting YOUR claim that the environmental health

28  and safety conditions are inadequate at the JAIL as alleged in YOUR

PLAINTIFF ANTHONY EDWARDS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  COMPLAINT.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

3        Plaintiff incorporates by reference the Preliminary Statement and General

4  Objections set forth above.  Plaintiff objects to this Request to the extent that the

5  time frame for this Request is undefined and this Request is therefore overbroad,

6  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

7  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

8  this Request to the extent that it seeks production of documents that are within the

9  possession, custody, and control of Defendants.  Plaintiff further objects to this

10  Request to the extent it seeks disclosure of information protected by the attorney-

11  client privilege, work product doctrine, and all applicable privileges and privacy

12  protections regarding communications in relation to medical or mental health care.

13  Plaintiff further objects to this Request to the extent it seeks documents that are

14  equally available to Defendants because Plaintiff filed and served them in

15  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

16  to this Request to the extent it seeks documents that are publicly available, including

17  but not limited to those cited in Plaintiffs' Third Amended Complaint.

18        Subject to and without waiving the foregoing objections, and based on

19  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

20  follows:

21        Plaintiff will produce all responsive, non-privileged documents within

22  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

23  collecting additional documents and will produce any responsive to this Request on

24  a rolling basis.  Plaintiff will not produce documents previously filed and served in

25  this action, nor will Plaintiff produce back any responsive documents that

26  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

27  documents that, although responsive to this Request, Plaintiffs are producing in

28  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

PLAINTIFF ANTHONY EDWARDS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1   documents that are in Plaintiff's custody, possession, and control and are responsive

2   to this Request, as stated above, does not mean that such documents necessarily

3   exist.

4   **REQUEST FOR PRODUCTION NO. 11:**

5       ALL DOCUMENTS evidencing the changes which must be made to render

6   the environmental health and safety conditions at the JAIL adequate.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8       Plaintiff incorporates by reference the Preliminary Statement and General

9   Objections set forth above.  Plaintiff objects to this Request to the extent that the

10  time frame for this Request is undefined and this Request is therefore overbroad,

11  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

12  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

13  this Request to the extent that it seeks production of documents that are within the

14  possession, custody, and control of Defendants.  Plaintiff further objects to this

15  Request to the extent it seeks disclosure of information protected by the attorney-

16  client privilege, work product doctrine, and all applicable privileges and privacy

17  protections regarding communications in relation to medical or mental health care.

18  Plaintiff further objects to this Request to the extent it seeks documents that are

19  equally available to Defendants because Plaintiff filed and served them in

20  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

21  to this Request to the extent it seeks documents that are publicly available, including

22  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

23  further objects to this Request as duplicative of other Requests served herein.

24  Plaintiff further objects to this Request as duplicative, and therefore unduly

25  burdensome, harassing, and oppressive, because Defendants served the same

26  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

27  Amended Complaint and therefore the same documents are responsive for all 14

28  Plaintiffs.

1   Subject to and without waiving the foregoing objections, and based on

2   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

3   follows:

4   Plaintiff will produce all responsive, non-privileged documents within

5   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

6   collecting additional documents and will produce any responsive to this Request on

7   a rolling basis.  Plaintiff will not produce documents already filed and served in this

8   action, nor will Plaintiff produce back any responsive documents that Defendants

9   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

10  although responsive to this Request, Plaintiffs are producing in response to other

11  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

12  are in Plaintiff's custody, possession, and control and are responsive to this Request,

13  as stated above, does not mean that such documents necessarily exist.

14  **REQUEST FOR PRODUCTION NO. 12:**

15  ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

16  inadequate environmental health and safety conditions at the JAIL and the dates

17  thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19  Plaintiff incorporates by reference the Preliminary Statement and General

20  Objections set forth above.  Plaintiff objects to this Request to the extent that the

21  time frame for this Request is undefined and this Request is therefore overbroad,

22  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23  Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical and mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1   equally available to Defendants because Plaintiff filed and served them in

2   connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects

3   to this Request to the extent it seeks documents that are publicly available, including

4   but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff

5   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6   inadequate environmental health and safety conditions at the Jail affected Plaintiffs

7   on an ongoing and continuous basis. Plaintiff further objects to the inclusion of

8   "dates" in this Request as seeking a narrative response or the creation of documents

9   not already in existence. Plaintiff further objects to this Request as duplicative of

10   other Requests served by Defendants, including but not limited to Request No. 10.

11   Plaintiff further objects to the undefined terms "affected" and "evidencing" in this

12   Request as vague and ambiguous.

13       Subject to and without waiving the foregoing objections, and based on

14   Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15   Plaintiff responds as follows:

16       Plaintiff will produce all responsive, non-privileged documents within

17   Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still

18   collecting additional documents and will produce any responsive to this Request on

19   a rolling basis. Plaintiff will not produce documents already filed and served in this

20   action, nor will Plaintiff produce back any responsive documents that Defendants

21   have produced to Plaintiffs. Plaintiff will not separately re-produce documents that,

22   although responsive to this Request, Plaintiffs are producing in response to other

23   Requests herein. Plaintiff's agreement to produce non-privileged documents that

24   are in Plaintiff's custody, possession, and control and are responsive to this Request,

25   as stated above, does not mean that such documents necessarily exist.

26   **REQUEST FOR PRODUCTION NO. 13:**

27       ALL DOCUMENTS supporting YOUR claim that the safety and security

28   provided at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      ALL DOCUMENTS evidencing the changes which must be made to render

5  the safety and security provided at the JAIL adequate.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

PLAINTIFF ANTHONY EDWARDS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3        Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11  are in Plaintiff's custody, possession, and control and are responsive to this Request,

12  as stated above, does not mean that such documents necessarily exist.

13  **REQUEST FOR PRODUCTION NO. 15:**

14        ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

15  inadequate safety and security at the JAILS and the dates thereof.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17        Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Request to the extent that the

19  time frame for this Request is undefined and this Request is therefore overbroad,

20  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21  Request to the extent that it seeks production of documents that are within the

22  possession, custody, and control of Defendants.  Plaintiff further objects to this

23  request to the extent it seeks disclosure of information protected by the attorney-

24  client privilege, work product doctrine, and all applicable privileges and privacy

25  protections regarding communications in relation to medical and mental health care.

26  Plaintiff further objects to this Request to the extent it seeks documents that are

27  equally available to Defendants because Plaintiff filed and served them in

28  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate safety and security at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 13. Plaintiff further objects to the undefined terms "affected" and "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined terms "affected" and "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS supporting YOUR claim that DEFENDANTS deny Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 17:**

4       ALL DOCUMENTS evidencing the changes which must be made to provide

5  Incarcerated Persons at the JAIL access to legal counsel and the Courts.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7       Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28       Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as
2  follows:

3      Plaintiff will produce all responsive, non-privileged documents within
4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still
5  collecting additional documents and will produce any responsive to this Request on
6  a rolling basis.  Plaintiff will not produce documents already filed and served in this
7  action, nor will Plaintiff produce back any responsive documents that Defendants
8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,
9  although responsive to this Request, Plaintiffs are producing in response to other
10 Requests herein.  Plaintiff's agreement to produce non-privileged documents that
11 are in Plaintiff's custody, possession, and control and are responsive to this Request,
12 as stated above, does not mean that such documents necessarily exist.

13 **REQUEST FOR PRODUCTION NO. 18:**

14     ALL DOCUMENTS evidencing the way(s) in which YOU were denied
15 access to legal counsel and the Court and the dates of said denials.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

17     Plaintiff incorporates by reference the Preliminary Statement and General
18 Objections set forth above.  Plaintiff objects to this Request to the extent that the
19 time frame for this Request is undefined and this Request is therefore overbroad,
20 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this
21 Request to the extent that it seeks production of documents that are within the
22 possession, custody, and control of Defendants.  Plaintiff further objects to this
23 request to the extent it seeks disclosure of information protected by the attorney-
24 client privilege, work product doctrine, and all applicable privileges and privacy
25 protections regarding communications in relation to medical and mental health care.
26 Plaintiff further objects to this Request to the extent it seeks documents that are
27 equally available to Defendants because Plaintiff filed and served them in
28 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1  to this Request to the extent it seeks documents that are publicly available, including

2  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4  inadequate access to legal counsel and the Court at the Jail affected Plaintiffs on an

5  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

6  this Request as seeking a narrative response or the creation of documents not

7  already in existence.  Plaintiff further objects to this Request as duplicative of other

8  Requests served by Defendants, including but not limited to Request No. 16.

9  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

10 and ambiguous.

11      Subject to and without waiving the foregoing objections, and based on

12 Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13 follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16 collecting additional documents and will produce any responsive to this Request on

17 a rolling basis.  Plaintiff will not produce documents already filed and served in this

18 action, nor will Plaintiff produce back any responsive documents that Defendants

19 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20 although responsive to this Request, Plaintiffs are producing in response to other

21 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22 are in Plaintiff's custody, possession, and control and are responsive to this Request,

23 as stated above, does not mean that such documents necessarily exist.

24 **REQUEST FOR PRODUCTION NO. 19:**

25      ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to

26 provide reasonable accommodations to Incarcerated People with Disabilities at the

27 JAIL as alleged in YOUR COMPLAINT.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

2      Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Request to the extent that the

4  time frame for this Request is undefined and this Request is therefore overbroad,

5  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

6  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

7  this Request to the extent that it seeks production of documents that are within the

8  possession, custody, and control of Defendants.  Plaintiff further objects to this

9  Request to the extent it seeks disclosure of information protected by the attorney-

10  client privilege, work product doctrine, and all applicable privileges and privacy

11  protections regarding communications in relation to medical or mental health care.

12  Plaintiff further objects to this Request to the extent it seeks documents that are

13  equally available to Defendants because Plaintiff filed and served them in

14  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

15  to this Request to the extent it seeks documents that are publicly available, including

16  but not limited to those cited in Plaintiffs' Third Amended Complaint.

17      Subject to and without waiving the foregoing objections, and based on

18  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

19  follows:

20      Plaintiff will produce all responsive, non-privileged documents within

21  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

22  collecting additional documents and will produce any responsive to this Request on

23  a rolling basis.  Plaintiff will not produce documents previously filed and served in

24  this action, nor will Plaintiff produce back any responsive documents that

25  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

26  documents that, although responsive to this Request, Plaintiffs are producing in

27  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

28  documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 20:**

4      ALL DOCUMENTS evidencing the changes which must be made at the JAIL

5  to provide reasonable accommodations to Incarcerated People with Disabilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served in connection with

19  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

20  to the extent it seeks documents that are publicly available, including but not limited

21  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

22  this Request as duplicative of other Requests served herein.  Plaintiff further objects

23  to this Request as duplicative, and therefore unduly burdensome, harassing, and

24  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

25  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

26  same documents are responsive for all 14 Plaintiffs.

27      Subject to and without waiving the foregoing objections, and based on

28  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS evidencing the way(s) in which YOU were denied reasonable accommodations by DEFENDANTS including the dates of said denials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care.  Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

1  but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff

2  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

3  denial of reasonable accommodations at the Jail affected Plaintiffs on an ongoing

4  and continuous basis. Plaintiff further objects to the inclusion of "dates" in this

5  Request as seeking a narrative response or the creation of documents not already in

6  existence. Plaintiff further objects to this Request as duplicative of other Requests

7  served by Defendants, including but not limited to Request No. 19. Plaintiff further

8  objects to the undefined term "evidencing" in this Request as vague and ambiguous.

9       Subject to and without waiving the foregoing objections, and based on

10  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

11  follows:

12       Plaintiff will produce all responsive, non-privileged documents within

13  Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still

14  collecting additional documents and will produce any responsive to this Request on

15  a rolling basis. Plaintiff will not produce documents already filed and served in this

16  action, nor will Plaintiff produce back any responsive documents that Defendants

17  have produced to Plaintiffs. Plaintiff will not separately re-produce documents that,

18  although responsive to this Request, Plaintiffs are producing in response to other

19  Requests herein. Plaintiff's agreement to produce non-privileged documents that

20  are in Plaintiff's custody, possession, and control and are responsive to this Request,

21  as stated above, does not mean that such documents necessarily exist.

22  **REQUEST FOR PRODUCTION NO. 22:**

23       ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the

24  Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq.) prior to filing this

25  lawsuit.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

27       Plaintiff incorporates by reference the Preliminary Statement and General

28  Objections set forth above. Plaintiff objects to this Request to the extent that the

PLAINTIFF ANTHONY EDWARDS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1    time frame for this Request is undefined and this Request is therefore overbroad,

2    harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3    Request to the extent that it seeks production of documents that are within the

4    possession, custody, and control of Defendants.  Plaintiff further objects to this

5    request to the extent it seeks disclosure of information protected by the attorney-

6    client privilege, work product doctrine, and all applicable privileges and privacy

7    protections regarding communications in relation to medical and mental health care.

8    Plaintiff further objects to this Request to the extent it seeks documents that are

9    equally available to Defendants because Plaintiff filed and served them in

10   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11   to this Request to the extent it seeks documents that are publicly available, including

12   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13   further objects to the undefined term "evidencing" in this Request as vague and

14   ambiguous.

15         Subject to and without waiving the foregoing objections, and based on

16   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

17   follows:

18         Plaintiff will produce all responsive, non-privileged documents within

19   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

20   collecting additional documents and will produce any responsive to this Request on

21   a rolling basis.  Plaintiff will not produce documents already filed and served in this

22   action, nor will Plaintiff produce back any responsive documents that Defendants

23   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

24   although responsive to this Request, Plaintiffs are producing in response to other

25   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

26   are in Plaintiff's custody, possession, and control and are responsive to this Request,

27   as stated above, does not mean that such documents necessarily exist.

28

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on

PLAINTIFF ANTHONY EDWARDS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  a rolling basis.  Plaintiff will not produce documents previously filed and served in

2  this action, nor will Plaintiff produce back any responsive documents that

3  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

4  documents that, although responsive to this Request, Plaintiffs are producing in

5  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

6  documents that are in Plaintiff's custody, possession, and control and are responsive

7  to this Request, as stated above, does not mean that such documents necessarily

8  exist.

9  **REQUEST FOR PRODUCTION NO. 24:**

10        ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out

11  policing programs, alternatives to pre-trial custody programs, early release

12  programs, and re-entry programs to avoid discrimination on the basis of race, color,

13  national origin, or ethic group identification.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

15        Plaintiff incorporates by reference the Preliminary Statement and General

16  Objections set forth above.  Plaintiff objects to this Request to the extent that the

17  time frame for this Request is undefined and this Request is therefore overbroad,

18  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

19  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

20  this Request to the extent that it seeks production of documents that are within the

21  possession, custody, and control of Defendants.  Plaintiff further objects to this

22  Request to the extent it seeks disclosure of information protected by the attorney-

23  client privilege, work product doctrine, and all applicable privileges and privacy

24  protections regarding communications in relation to medical or mental health care.

25  Plaintiff further objects to this Request to the extent it seeks documents that are

26  equally available to Defendants because Plaintiff filed and served in connection with

27  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

28  to the extent it seeks documents that are publicly available, including but not limited

to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to this Request as duplicative of other Requests served herein.  Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS evidencing the way(s) in which YOU were discriminated against on the basis of race, color, national origin, or ethic group identification under DEFENDANTS' policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs, including the date of the discriminatory act(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the

time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the discrimination on the basis of race, color, national origin, or ethic group identification under Defendants' policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs affected Plaintiffs on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence.  Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 23. Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on

1  a rolling basis.  Plaintiff will not produce documents already filed and served in this

2  action, nor will Plaintiff produce back any responsive documents that Defendants

3  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

4  although responsive to this Request, Plaintiffs are producing in response to other

5  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

6  are in Plaintiff's custody, possession, and control and are responsive to this Request,

7  as stated above, does not mean that such documents necessarily exist.

8

9

10  DATED:  October 31, 2023          Respectfully submitted,

11                                    ROSEN BIEN GALVAN & GRUNFELD LLP

12

13                                    By: */s/ Van Swearingen*

14                                        Van Swearingen

15                                    Attorneys for Plaintiffs and the
16                                    Certified Subclass

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF ANTHONY EDWARDS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

# PROOF OF SERVICE

***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of . My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On October 31, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF ANTHONY EDWARDS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2023, at San Francisco, California.

_____
I. Kedra Chan

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101

Susan E. Coleman
  (SColeman@bwslaw.com)
Terri Mehra
  (TMehra@bwslaw.com)
Diana Favela
  (DFavela@bwslaw.com)

BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, CA 95113-2336

Elizabeth M. Pappy
  (EPappy@bwslaw.com)
Lucy Gonzalez
  (LGonzalez@bwslaw.com)

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

Fernando Kish
  (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
  (Steven.Inman@sdcounty.ca.gov)

Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, and San Diego County Probation Department

# Exhibit J

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Subclass

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 3:20-cv-00406-AJB-DDL <br><br> **PLAINTIFF LISA LANDERS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** <br><br> Judge: Hon. Anthony J. Battaglia <br> Magistrate: Hon. David D. Leshner <br><br> Trial Date: None Set |

[4356205.10]

1

2   PROPOUNDING PARTY:   DEFENDANTS SAN DIEGO COUNTY SHERIFF'S

3                         DEPARTMENT, COUNTY OF SAN DIEGO, AND

4                         SAN DIEGO COUNTY PROBATION

5                         DEPARTMENT

6   RESPONDING PARTY:     PLAINTIFF LISA LANDERS

7   SET NO.:               ONE

8

9                         **PRELIMINARY STATEMENT**

10      1.     These responses, while based on diligent exploration by Plaintiff and

11  Plaintiff's counsel, reflect only the current status of Plaintiff's knowledge,

12  understanding and belief responding to the matters about which inquiry has been

13  made.  Discovery in this action is continuing and, consequently, Plaintiff may not

14  yet fully understand the significance of certain information or facts, may not have

15  yet discovered all information or facts pertinent to these requests, and may not have

16  yet identified or located all persons with knowledge or pertinent information or

17  facts.  Plaintiff relies on Plaintiff's counsel's ongoing investigation and discovery in

18  this action relating to allegations, facts, and evidence generally applicable to

19  putative class members, including Plaintiff.  As discovery in this action proceeds,

20  Plaintiff may discover additional or different facts.  Plaintiff reserves the right to

21  modify or supplement these responses with whatever pertinent information or facts

22  as subsequently may be discovered.  Furthermore, these responses are without

23  prejudice to Plaintiff's right to use or rely on at any time, including trial, any

24  subsequently discovered information or facts, or information or facts omitted from

25  these responses as a result of mistake, error, oversight or inadvertence.  Plaintiff

26  further reserves the right to produce additional facts or documents in evidence at any

27  time, including trial, and to object on appropriate grounds to the introduction into

28  evidence of any portion of these responses.

2. The responses set forth below are made without waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or related to the subject matter of the responses herein; or (3) the right to revise, correct, supplement or clarify any of the responses below, at any time.

## GENERAL OBJECTIONS

Plaintiff objects to each document request propounded by Defendants to the extent that:

1. It seeks any document or information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the right of privacy guaranteed by the United States Constitution and federal and state law, and all other rights and privileges recognized under the constitutions, statutes, or decisional law of the United States and the state of California;

2. It seeks any document or information protected against disclosure as the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives;

3. It seeks documents or information not relevant to any party's claim or defense and/or is not proportional to the needs of the case;

4. It would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or is overly broad;

5. It is vague and ambiguous and does not include adequate definitions, specificity, or limiting factors (including but not limited to a narrowing time frame);

6. It seeks documents outside of Plaintiff's possession, custody, or control;

7. It seeks documents equally available to or already in the possession of Defendants;

8.     It seeks documents for an unreasonable, irrelevant, or unspecified period of time;

9.     It is duplicative and repetitive, or purports to require Plaintiff to produce the same documents more than once;

10.    It seeks to have Plaintiff make admissions on behalf of individuals other than Plaintiff;

11.    It seeks all documents supporting contentions that relate to facts or the application of law to facts and, as such, is premature and inappropriate in light of the present stage of discovery.  Plaintiff has not completed an investigation of all of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for depositions and trial.  Plaintiff expects to receive documents and information through discovery that will concern and provide information and documents responsive to such Requests, including documents in Defendants' possession or the possession of third parties that have been sought by Plaintiff in discovery but have not yet been produced.

12.    It seeks the reproduction of documents which have been or will be produced by Defendants in this litigation.  Plaintiff will not search for or produce responsive documents that were already in Defendants' possession and have been produced by Defendants in response to Plaintiffs' document requests or its disclosure obligations.

13.    It seeks documents that Plaintiff has already filed and served in this action, including in connection with Plaintiffs' motions for preliminary injunction. It also seeks documents that are publicly available and cited in Plaintiffs' Third Amended Complaint.

14.    It seeks more than what is required to be produced under the Federal Rules of Civil Procedure or otherwise conflicts with the Federal Rules of Civil Procedure.

PLAINTIFF LISA LANDERS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Plaintiff objects to Defendants' "Definitions and Instructions" to the extent that they seek to impose any obligation or burden on Plaintiffs beyond that required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Requests consistent with the Rules rather than Defendants' "Definitions and Instructions."

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiffs hereby respond as follows:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR claim that medical care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care.  Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

1  but not limited to those cited in Plaintiffs' Third Amended Complaint.

2      Subject to and without waiving the foregoing objections, and based on

3  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

4  follows:

5      Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents previously filed and served in

9  this action, nor will Plaintiff produce back any responsive documents that

10 Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

11 documents that, although responsive to this Request, Plaintiffs are producing in

12 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

13 documents that are in Plaintiff's custody, possession, and control and are responsive

14 to this Request, as stated above, does not mean that such documents necessarily

15 exist.

16 **REQUEST FOR PRODUCTION NO. 2:**

17     ALL DOCUMENTS evidencing the changes which must be made to render

18 the medical care provided at the JAIL adequate.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20     Plaintiff incorporates by reference the Preliminary Statement and General

21 Objections set forth above.  Plaintiff objects to this Request to the extent that the

22 time frame for this Request is undefined and this Request is therefore overbroad,

23 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

24 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

25 this Request to the extent that it seeks production of documents that are within the

26 possession, custody, and control of Defendants.  Plaintiff further objects to this

27 Request to the extent it seeks disclosure of information protected by the attorney-

28 client privilege, work product doctrine, and all applicable privileges and privacy

protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to this Request as duplicative of other Requests served herein. Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

## REQUEST FOR PRODUCTION NO. 3:

ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate mental health care at the JAIL and the dates thereof.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2       Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Request to the extent that the

4  time frame for this Request is undefined and this Request is therefore overbroad,

5  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

6  Request to the extent that it seeks production of documents that are within the

7  possession, custody, and control of Defendants.  Plaintiff further objects to this

8  request to the extent it seeks disclosure of information protected by the attorney-

9  client privilege, work product doctrine, and all applicable privileges and privacy

10  protections regarding communications in relation to medical and mental health care.

11  Plaintiff further objects to this Request to the extent it seeks documents that are

12  equally available to Defendants because Plaintiff filed and served them in

13  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

14  to this Request to the extent it seeks documents that are publicly available, including

15  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

16  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

17  inadequate mental health care at the Jail affected Plaintiffs on an ongoing and

18  continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request

19  as seeking a narrative response or the creation of documents not already in

20  existence.  Plaintiff further objects to this Request as duplicative of other Requests

21  served by Defendants, including but not limited to Request No. 4.  Plaintiff further

22  objects to the undefined terms "affected" and "evidencing" in this Request as vague

23  and ambiguous.

24       Subject to and without waiving the foregoing objections, and based on

25  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

26  Plaintiff responds as follows:

27       Plaintiff will produce all responsive, non-privileged documents within

28  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

1  collecting additional documents and will produce any responsive to this Request on

2  a rolling basis.  Plaintiff will not produce documents already filed and served in this

3  action, nor will Plaintiff produce back any responsive documents that Defendants

4  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

5  although responsive to this Request, Plaintiffs are producing in response to other

6  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

7  are in Plaintiff's custody, possession, and control and are responsive to this Request,

8  as stated above, does not mean that such documents necessarily exist.

9  **REQUEST FOR PRODUCTION NO. 4:**

10       All DOCUMENTS supporting YOUR claim that mental health care at the

11  JAIL is inadequate as alleged in YOUR COMPLAINT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13       Plaintiff incorporates by reference the Preliminary Statement and General

14  Objections set forth above.  Plaintiff objects to this Request to the extent that the

15  time frame for this Request is undefined and this Request is therefore overbroad,

16  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

17  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

18  this Request to the extent that it seeks production of documents that are within the

19  possession, custody, and control of Defendants.  Plaintiff further objects to this

20  Request to the extent it seeks disclosure of information protected by the attorney-

21  client privilege, work product doctrine, and all applicable privileges and privacy

22  protections regarding communications in relation to medical or mental health care.

23  Plaintiff further objects to this Request to the extent it seeks documents that are

24  equally available to Defendants because Plaintiff filed and served them in

25  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

26  to this Request to the extent it seeks documents that are publicly available, including

27  but not limited to those cited in Plaintiffs' Third Amended Complaint.

28       Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

2  follows:

3          Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents previously filed and served in

7  this action, nor will Plaintiff produce back any responsive documents that

8  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

9  documents that, although responsive to this Request, Plaintiffs are producing in

10  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

11  documents that are in Plaintiff's custody, possession, and control and are responsive

12  to this Request, as stated above, does not mean that such documents necessarily

13  exist.

14  **REQUEST FOR PRODUCTION NO. 5:**

15          ALL DOCUMENTS evidencing the changes which must be made to render

16  the mental health care provided at the JAIL adequate.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18          Plaintiff incorporates by reference the Preliminary Statement and General

19  Objections set forth above.  Plaintiff objects to this Request to the extent that the

20  time frame for this Request is undefined and this Request is therefore overbroad,

21  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

22  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

23  this Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  Request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical or mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to this Request as duplicative of other Requests served herein.

6  Plaintiff further objects to this Request as duplicative, and therefore unduly

7  burdensome, harassing, and oppressive, because Defendants served the same

8  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

9  Amended Complaint and therefore the same documents are responsive for all 14

10  Plaintiffs.

11      Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 6:**

25      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

26  inadequate mental health care at the JAIL and the dates thereof.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

28      Plaintiff objects to this Request as duplicative of Request No. 3.  Plaintiff will

1  not re-produce documents in response to Request No. 6.

2  **REQUEST FOR PRODUCTION NO. 7:**

3      ALL DOCUMENTS supporting YOUR claim that dental care provided at the

4  JAIL is inadequate as alleged in YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6      Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Request to the extent that the

8  time frame for this Request is undefined and this Request is therefore overbroad,

9  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

10  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

11  this Request to the extent that it seeks production of documents that are within the

12  possession, custody, and control of Defendants.  Plaintiff further objects to this

13  Request to the extent it seeks disclosure of information protected by the attorney-

14  client privilege, work product doctrine, and all applicable privileges and privacy

15  protections regarding communications in relation to medical or mental health care.

16  Plaintiff further objects to this Request to the extent it seeks documents that are

17  equally available to Defendants because Plaintiff filed and served them in

18  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

19  to this Request to the extent it seeks documents that are publicly available, including

20  but not limited to those cited in Plaintiffs' Third Amended Complaint.

21      Subject to and without waiving the foregoing objections, and based on

22  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

23  follows:

24      Plaintiff will produce all responsive, non-privileged documents within

25  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

26  collecting additional documents and will produce any responsive to this Request on

27  a rolling basis.  Plaintiff will not produce documents previously filed and served in

28  this action, nor will Plaintiff produce back any responsive documents that

1  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

2  documents that, although responsive to this Request, Plaintiffs are producing in

3  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

4  documents that are in Plaintiff's custody, possession, and control and are responsive

5  to this Request, as stated above, does not mean that such documents necessarily

6  exist.

7  **REQUEST FOR PRODUCTION NO. 8:**

8       ALL DOCUMENTS evidencing the changes which must be made to make

9  the dental care provided at the JAIL adequate.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11       Plaintiff incorporates by reference the Preliminary Statement and General

12  Objections set forth above.  Plaintiff objects to this Request to the extent that the

13  time frame for this Request is undefined and this Request is therefore overbroad,

14  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

15  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

16  this Request to the extent that it seeks production of documents that are within the

17  possession, custody, and control of Defendants.  Plaintiff further objects to this

18  Request to the extent it seeks disclosure of information protected by the attorney-

19  client privilege, work product doctrine, and all applicable privileges and privacy

20  protections regarding communications in relation to medical or mental health care.

21  Plaintiff further objects to this Request to the extent it seeks documents that are

22  equally available to Defendants because Plaintiff filed and served in connection with

23  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

24  to the extent it seeks documents that are publicly available, including but not limited

25  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

26  this Request as duplicative of other Requests served herein.  Plaintiff further objects

27  to this Request as duplicative, and therefore unduly burdensome, harassing, and

28  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

1  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

2  same documents are responsive for all 14 Plaintiffs.

3         Subject to and without waiving the foregoing objections, and based on the

4  undefined term "evidencing," Plaintiff responds as follows:

5         Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents already filed and served in this

9  action, nor will Plaintiff produce back any responsive documents that Defendants

10 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

11 although responsive to this Request, Plaintiffs are producing in response to other

12 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

13 are in Plaintiff's custody, possession, and control and are responsive to this Request,

14 as stated above, does not mean that such documents necessarily exist.

15 **REQUEST FOR PRODUCTION NO. 9:**

16        ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

17 inadequate dental care at the JAIL and the dates thereof.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19        Plaintiff incorporates by reference the Preliminary Statement and General

20 Objections set forth above.  Plaintiff objects to this Request to the extent that the

21 time frame for this Request is undefined and this Request is therefore overbroad,

22 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23 Request to the extent that it seeks production of documents that are within the

24 possession, custody, and control of Defendants.  Plaintiff further objects to this

25 request to the extent it seeks disclosure of information protected by the attorney-

26 client privilege, work product doctrine, and all applicable privileges and privacy

27 protections regarding communications in relation to medical and mental health care.

28 Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate dental care at the Jail affected Plaintiffs on an ongoing and continuous

7  basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking

8  a narrative response or the creation of documents not already in existence.  Plaintiff

9  further objects to this Request as duplicative of other Requests served by

10  Defendants, including but not limited to Request No. 7.  Plaintiff further objects to

11  the undefined terms "affected" and "evidencing" in this Request as vague and

12  ambiguous.

13      Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16      Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 10:**

27      ALL DOCUMENTS supporting YOUR claim that the environmental health

28  and safety conditions are inadequate at the JAIL as alleged in YOUR

1    COMPLAINT.

2    **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>:**

3         Plaintiff incorporates by reference the Preliminary Statement and General

4    Objections set forth above.  Plaintiff objects to this Request to the extent that the

5    time frame for this Request is undefined and this Request is therefore overbroad,

6    harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

7    undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

8    this Request to the extent that it seeks production of documents that are within the

9    possession, custody, and control of Defendants.  Plaintiff further objects to this

10   Request to the extent it seeks disclosure of information protected by the attorney-

11   client privilege, work product doctrine, and all applicable privileges and privacy

12   protections regarding communications in relation to medical or mental health care.

13   Plaintiff further objects to this Request to the extent it seeks documents that are

14   equally available to Defendants because Plaintiff filed and served them in

15   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

16   to this Request to the extent it seeks documents that are publicly available, including

17   but not limited to those cited in Plaintiffs' Third Amended Complaint.

18        Subject to and without waiving the foregoing objections, and based on

19   Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

20   follows:

21        Plaintiff will produce all responsive, non-privileged documents within

22   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

23   collecting additional documents and will produce any responsive to this Request on

24   a rolling basis.  Plaintiff will not produce documents previously filed and served in

25   this action, nor will Plaintiff produce back any responsive documents that

26   Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

27   documents that, although responsive to this Request, Plaintiffs are producing in

28   response to other Requests herein.  Plaintiff's agreement to produce non-privileged

1  documents that are in Plaintiff's custody, possession, and control and are responsive

2  to this Request, as stated above, does not mean that such documents necessarily

3  exist.

4  **REQUEST FOR PRODUCTION NO. 11:**

5      ALL DOCUMENTS evidencing the changes which must be made to render

6  the environmental health and safety conditions at the JAIL adequate.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8      Plaintiff incorporates by reference the Preliminary Statement and General

9  Objections set forth above.  Plaintiff objects to this Request to the extent that the

10  time frame for this Request is undefined and this Request is therefore overbroad,

11  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

12  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

13  this Request to the extent that it seeks production of documents that are within the

14  possession, custody, and control of Defendants.  Plaintiff further objects to this

15  Request to the extent it seeks disclosure of information protected by the attorney-

16  client privilege, work product doctrine, and all applicable privileges and privacy

17  protections regarding communications in relation to medical or mental health care.

18  Plaintiff further objects to this Request to the extent it seeks documents that are

19  equally available to Defendants because Plaintiff filed and served them in

20  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

21  to this Request to the extent it seeks documents that are publicly available, including

22  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

23  further objects to this Request as duplicative of other Requests served herein.

24  Plaintiff further objects to this Request as duplicative, and therefore unduly

25  burdensome, harassing, and oppressive, because Defendants served the same

26  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

27  Amended Complaint and therefore the same documents are responsive for all 14

28  Plaintiffs.

1   Subject to and without waiving the foregoing objections, and based on

2   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

3   follows:

4   Plaintiff will produce all responsive, non-privileged documents within

5   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

6   collecting additional documents and will produce any responsive to this Request on

7   a rolling basis.  Plaintiff will not produce documents already filed and served in this

8   action, nor will Plaintiff produce back any responsive documents that Defendants

9   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

10  although responsive to this Request, Plaintiffs are producing in response to other

11  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

12  are in Plaintiff's custody, possession, and control and are responsive to this Request,

13  as stated above, does not mean that such documents necessarily exist.

14  **REQUEST FOR PRODUCTION NO. 12:**

15  ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

16  inadequate environmental health and safety conditions at the JAIL and the dates

17  thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19  Plaintiff incorporates by reference the Preliminary Statement and General

20  Objections set forth above.  Plaintiff objects to this Request to the extent that the

21  time frame for this Request is undefined and this Request is therefore overbroad,

22  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23  Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical and mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate environmental health and safety conditions at the Jail affected Plaintiffs

7  on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of

8  "dates" in this Request as seeking a narrative response or the creation of documents

9  not already in existence.  Plaintiff further objects to this Request as duplicative of

10  other Requests served by Defendants, including but not limited to Request No. 10.

11  Plaintiff further objects to the undefined terms "affected" and "evidencing" in this

12  Request as vague and ambiguous.

13      Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16      Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 13:**

27      ALL DOCUMENTS supporting YOUR claim that the safety and security

28  provided at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      ALL DOCUMENTS evidencing the changes which must be made to render

5  the safety and security provided at the JAIL adequate.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12 this Request to the extent that it seeks production of documents that are within the

13 possession, custody, and control of Defendants.  Plaintiff further objects to this

14 Request to the extent it seeks disclosure of information protected by the attorney-

15 client privilege, work product doctrine, and all applicable privileges and privacy

16 protections regarding communications in relation to medical or mental health care.

17 Plaintiff further objects to this Request to the extent it seeks documents that are

18 equally available to Defendants because Plaintiff filed and served them in

19 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20 to this Request to the extent it seeks documents that are publicly available, including

21 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22 further objects to this Request as duplicative of other Requests served herein.

23 Plaintiff further objects to this Request as duplicative, and therefore unduly

24 burdensome, harassing, and oppressive, because Defendants served the same

25 Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26 Amended Complaint and therefore the same documents are responsive for all 14

27 Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3       Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11 are in Plaintiff's custody, possession, and control and are responsive to this Request,

12 as stated above, does not mean that such documents necessarily exist.

13 **REQUEST FOR PRODUCTION NO. 15:**

14      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

15 inadequate safety and security at the JAILS and the dates thereof.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17      Plaintiff incorporates by reference the Preliminary Statement and General

18 Objections set forth above.  Plaintiff objects to this Request to the extent that the

19 time frame for this Request is undefined and this Request is therefore overbroad,

20 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21 Request to the extent that it seeks production of documents that are within the

22 possession, custody, and control of Defendants.  Plaintiff further objects to this

23 request to the extent it seeks disclosure of information protected by the attorney-

24 client privilege, work product doctrine, and all applicable privileges and privacy

25 protections regarding communications in relation to medical and mental health care.

26 Plaintiff further objects to this Request to the extent it seeks documents that are

27 equally available to Defendants because Plaintiff filed and served them in

28 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1   to this Request to the extent it seeks documents that are publicly available, including

2   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4   inadequate safety and security at the Jail affected Plaintiffs on an ongoing and

5   continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request

6   as seeking a narrative response or the creation of documents not already in

7   existence.  Plaintiff further objects to this Request as duplicative of other Requests

8   served by Defendants, including but not limited to Request No. 13.  Plaintiff further

9   objects to the undefined terms "affected" and "evidencing" in this Request as vague

10  and ambiguous.

11         Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

13  Plaintiff responds as follows:

14         Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 16:**

25         ALL DOCUMENTS supporting YOUR claim that DEFENDANTS deny

26  Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR

27  COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 17:**

4        ALL DOCUMENTS evidencing the changes which must be made to provide

5  Incarcerated Persons at the JAIL access to legal counsel and the Courts.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7        Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28        Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3      Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11 are in Plaintiff's custody, possession, and control and are responsive to this Request,

12 as stated above, does not mean that such documents necessarily exist.

13 **REQUEST FOR PRODUCTION NO. 18:**

14     ALL DOCUMENTS evidencing the way(s) in which YOU were denied

15 access to legal counsel and the Court and the dates of said denials.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

17     Plaintiff incorporates by reference the Preliminary Statement and General

18 Objections set forth above.  Plaintiff objects to this Request to the extent that the

19 time frame for this Request is undefined and this Request is therefore overbroad,

20 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21 Request to the extent that it seeks production of documents that are within the

22 possession, custody, and control of Defendants.  Plaintiff further objects to this

23 request to the extent it seeks disclosure of information protected by the attorney-

24 client privilege, work product doctrine, and all applicable privileges and privacy

25 protections regarding communications in relation to medical and mental health care.

26 Plaintiff further objects to this Request to the extent it seeks documents that are

27 equally available to Defendants because Plaintiff filed and served them in

28 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1  to this Request to the extent it seeks documents that are publicly available, including

2  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4  inadequate access to legal counsel and the Court at the Jail affected Plaintiffs on an

5  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

6  this Request as seeking a narrative response or the creation of documents not

7  already in existence.  Plaintiff further objects to this Request as duplicative of other

8  Requests served by Defendants, including but not limited to Request No. 16.

9  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

10  and ambiguous.

11      Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 19:**

25      ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to

26  provide reasonable accommodations to Incarcerated People with Disabilities at the

27  JAIL as alleged in YOUR COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 20:**

4      ALL DOCUMENTS evidencing the changes which must be made at the JAIL

5  to provide reasonable accommodations to Incarcerated People with Disabilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served in connection with

19  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

20  to the extent it seeks documents that are publicly available, including but not limited

21  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

22  this Request as duplicative of other Requests served herein.  Plaintiff further objects

23  to this Request as duplicative, and therefore unduly burdensome, harassing, and

24  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

25  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

26  same documents are responsive for all 14 Plaintiffs.

27      Subject to and without waiving the foregoing objections, and based on

28  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

1  follows:

2      Plaintiff will produce all responsive, non-privileged documents within

3  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

4  collecting additional documents and will produce any responsive to this Request on

5  a rolling basis.  Plaintiff will not produce documents already filed and served in this

6  action, nor will Plaintiff produce back any responsive documents that Defendants

7  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

8  although responsive to this Request, Plaintiffs are producing in response to other

9  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

10 are in Plaintiff's custody, possession, and control and are responsive to this Request,

11 as stated above, does not mean that such documents necessarily exist.

12 **REQUEST FOR PRODUCTION NO. 21:**

13     ALL DOCUMENTS evidencing the way(s) in which YOU were denied

14 reasonable accommodations by DEFENDANTS including the dates of said denials.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16     Plaintiff incorporates by reference the Preliminary Statement and General

17 Objections set forth above.  Plaintiff objects to this Request to the extent that the

18 time frame for this Request is undefined and this Request is therefore overbroad,

19 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

20 Request to the extent that it seeks production of documents that are within the

21 possession, custody, and control of Defendants.  Plaintiff further objects to this

22 request to the extent it seeks disclosure of information protected by the attorney-

23 client privilege, work product doctrine, and all applicable privileges and privacy

24 protections regarding communications in relation to medical and mental health care.

25 Plaintiff further objects to this Request to the extent it seeks documents that are

26 equally available to Defendants because Plaintiff filed and served them in

27 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

28 to this Request to the extent it seeks documents that are publicly available, including

PLAINTIFF LISA LANDERS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

2  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

3  denial of reasonable accommodations at the Jail affected Plaintiffs on an ongoing

4  and continuous basis.  Plaintiff further objects to the inclusion of "dates" in this

5  Request as seeking a narrative response or the creation of documents not already in

6  existence.  Plaintiff further objects to this Request as duplicative of other Requests

7  served by Defendants, including but not limited to Request No. 19.  Plaintiff further

8  objects to the undefined term "evidencing" in this Request as vague and ambiguous.

9      Subject to and without waiving the foregoing objections, and based on

10  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

11  follows:

12      Plaintiff will produce all responsive, non-privileged documents within

13  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

14  collecting additional documents and will produce any responsive to this Request on

15  a rolling basis.  Plaintiff will not produce documents already filed and served in this

16  action, nor will Plaintiff produce back any responsive documents that Defendants

17  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

18  although responsive to this Request, Plaintiffs are producing in response to other

19  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

20  are in Plaintiff's custody, possession, and control and are responsive to this Request,

21  as stated above, does not mean that such documents necessarily exist.

22  **REQUEST FOR PRODUCTION NO. 22:**

23      ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the

24  Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq.) prior to filing this

25  lawsuit.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

27      Plaintiff incorporates by reference the Preliminary Statement and General

28  Objections set forth above.  Plaintiff objects to this Request to the extent that the

1  time frame for this Request is undefined and this Request is therefore overbroad,

2  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3  Request to the extent that it seeks production of documents that are within the

4  possession, custody, and control of Defendants.  Plaintiff further objects to this

5  request to the extent it seeks disclosure of information protected by the attorney-

6  client privilege, work product doctrine, and all applicable privileges and privacy

7  protections regarding communications in relation to medical and mental health care.

8  Plaintiff further objects to this Request to the extent it seeks documents that are

9  equally available to Defendants because Plaintiff filed and served them in

10 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11 to this Request to the extent it seeks documents that are publicly available, including

12 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13 further objects to the undefined term "evidencing" in this Request as vague and

14 ambiguous.

15      Subject to and without waiving the foregoing objections, and based on

16 Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

17 follows:

18      Plaintiff will produce all responsive, non-privileged documents within

19 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

20 collecting additional documents and will produce any responsive to this Request on

21 a rolling basis.  Plaintiff will not produce documents already filed and served in this

22 action, nor will Plaintiff produce back any responsive documents that Defendants

23 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

24 although responsive to this Request, Plaintiffs are producing in response to other

25 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

26 are in Plaintiff's custody, possession, and control and are responsive to this Request,

27 as stated above, does not mean that such documents necessarily exist.

28

PLAINTIFF LISA LANDERS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on

1   a rolling basis.  Plaintiff will not produce documents previously filed and served in

2   this action, nor will Plaintiff produce back any responsive documents that

3   Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

4   documents that, although responsive to this Request, Plaintiffs are producing in

5   response to other Requests herein.  Plaintiff's agreement to produce non-privileged

6   documents that are in Plaintiff's custody, possession, and control and are responsive

7   to this Request, as stated above, does not mean that such documents necessarily

8   exist.

9   **REQUEST FOR PRODUCTION NO. 24:**

10       ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out

11   policing programs, alternatives to pre-trial custody programs, early release

12   programs, and re-entry programs to avoid discrimination on the basis of race, color,

13   national origin, or ethic group identification.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

15       Plaintiff incorporates by reference the Preliminary Statement and General

16   Objections set forth above.  Plaintiff objects to this Request to the extent that the

17   time frame for this Request is undefined and this Request is therefore overbroad,

18   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

19   undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

20   this Request to the extent that it seeks production of documents that are within the

21   possession, custody, and control of Defendants.  Plaintiff further objects to this

22   Request to the extent it seeks disclosure of information protected by the attorney-

23   client privilege, work product doctrine, and all applicable privileges and privacy

24   protections regarding communications in relation to medical or mental health care.

25   Plaintiff further objects to this Request to the extent it seeks documents that are

26   equally available to Defendants because Plaintiff filed and served in connection with

27   Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

28   to the extent it seeks documents that are publicly available, including but not limited

1  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

2  this Request as duplicative of other Requests served herein.  Plaintiff further objects

3  to this Request as duplicative, and therefore unduly burdensome, harassing, and

4  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

5  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

6  same documents are responsive for all 14 Plaintiffs.

7       Subject to and without waiving the foregoing objections, and based on

8  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

9  follows:

10      Plaintiff will produce all responsive, non-privileged documents within

11  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

12  collecting additional documents and will produce any responsive to this Request on

13  a rolling basis.  Plaintiff will not produce documents already filed and served in this

14  action, nor will Plaintiff produce back any responsive documents that Defendants

15  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

16  although responsive to this Request, Plaintiffs are producing in response to other

17  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

18  are in Plaintiff's custody, possession, and control and are responsive to this Request,

19  as stated above, does not mean that such documents necessarily exist.

20  **REQUEST FOR PRODUCTION NO. 25:**

21      ALL DOCUMENTS evidencing the way(s) in which YOU were

22  discriminated against on the basis of race, color, national origin, or ethic group

23  identification under DEFENDANTS' policing programs, alternatives to pre-trial

24  custody programs, early release programs, and re-entry programs, including the date

25  of the discriminatory act(s).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

27      Plaintiff incorporates by reference the Preliminary Statement and General

28  Objections set forth above.  Plaintiff objects to this Request to the extent that the

1  time frame for this Request is undefined and this Request is therefore overbroad,

2  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3  Request to the extent that it seeks production of documents that are within the

4  possession, custody, and control of Defendants.  Plaintiff further objects to this

5  request to the extent it seeks disclosure of information protected by the attorney-

6  client privilege, work product doctrine, and all applicable privileges and privacy

7  protections regarding communications in relation to medical and mental health care.

8  Plaintiff further objects to this Request to the extent it seeks documents that are

9  equally available to Defendants because Plaintiff filed and served them in

10  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11  to this Request to the extent it seeks documents that are publicly available, including

12  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

14  discrimination on the basis of race, color, national origin, or ethic group

15  identification under Defendants' policing programs, alternatives to pre-trial custody

16  programs, early release programs, and re-entry programs affected Plaintiffs on an

17  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

18  this Request as seeking a narrative response or the creation of documents not

19  already in existence.  Plaintiff further objects to this Request as duplicative of other

20  Requests served by Defendants, including but not limited to Request No. 23.

21  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

22  and ambiguous.

23      Subject to and without waiving the foregoing objections, and based on

24  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

25  follows:

26      Plaintiff will produce all responsive, non-privileged documents within

27  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

28  collecting additional documents and will produce any responsive to this Request on

1   a rolling basis.  Plaintiff will not produce documents already filed and served in this

2   action, nor will Plaintiff produce back any responsive documents that Defendants

3   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

4   although responsive to this Request, Plaintiffs are producing in response to other

5   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

6   are in Plaintiff's custody, possession, and control and are responsive to this Request,

7   as stated above, does not mean that such documents necessarily exist.

8

9

10   DATED:  October 31, 2023          Respectfully submitted,

11                                     ROSEN BIEN GALVAN & GRUNFELD LLP

12

13                                     By:  */s/ Van Swearingen*

14                                          Van Swearingen

15                                     Attorneys for Plaintiffs and the

16                                     Certified Subclass

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of . My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On October 31, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF LISA LANDERS' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2023, at San Francisco, California.

_____
I. Kedra Chan

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA  92101

Susan E. Coleman
  (SColeman@bwslaw.com)
Terri Mehra
  (TMehra@bwslaw.com)
Diana Favela
  (DFavela@bwslaw.com)

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA  92101-2469

Fernando Kish
  (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
  (Steven.Inman@sdcounty.ca.gov)

BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, CA  95113-2336

Elizabeth M. Pappy
  (EPappy@bwslaw.com)
Lucy Gonzalez
  (LGonzalez@bwslaw.com)

Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, and San Diego County Probation Department

# Exhibit K

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Subclass

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFF REANNA LEVY'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Judge: Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

[4356205.10]

PROPOUNDING PARTY:   DEFENDANTS SAN DIEGO COUNTY SHERIFF'S
                     DEPARTMENT, COUNTY OF SAN DIEGO, AND
                     SAN DIEGO COUNTY PROBATION
                     DEPARTMENT

RESPONDING PARTY:    PLAINTIFF REANNA LEVY

SET NO.:             ONE


## PRELIMINARY STATEMENT

1.     These responses, while based on diligent exploration by Plaintiff and Plaintiff's counsel, reflect only the current status of Plaintiff's knowledge, understanding and belief responding to the matters about which inquiry has been made.  Discovery in this action is continuing and, consequently, Plaintiff may not yet fully understand the significance of certain information or facts, may not have yet discovered all information or facts pertinent to these requests, and may not have yet identified or located all persons with knowledge or pertinent information or facts.  Plaintiff relies on Plaintiff's counsel's ongoing investigation and discovery in this action relating to allegations, facts, and evidence generally applicable to putative class members, including Plaintiff.  As discovery in this action proceeds, Plaintiff may discover additional or different facts.  Plaintiff reserves the right to modify or supplement these responses with whatever pertinent information or facts as subsequently may be discovered.  Furthermore, these responses are without prejudice to Plaintiff's right to use or rely on at any time, including trial, any subsequently discovered information or facts, or information or facts omitted from these responses as a result of mistake, error, oversight or inadvertence.  Plaintiff further reserves the right to produce additional facts or documents in evidence at any time, including trial, and to object on appropriate grounds to the introduction into evidence of any portion of these responses.

2.     The responses set forth below are made without waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or related to the subject matter of the responses herein; or (3) the right to revise, correct, supplement or clarify any of the responses below, at any time.

## GENERAL OBJECTIONS

Plaintiff objects to each document request propounded by Defendants to the extent that:

1.     It seeks any document or information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the right of privacy guaranteed by the United States Constitution and federal and state law, and all other rights and privileges recognized under the constitutions, statutes, or decisional law of the United States and the state of California;

2.     It seeks any document or information protected against disclosure as the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives;

3.     It seeks documents or information not relevant to any party's claim or defense and/or is not proportional to the needs of the case;

4.     It would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or is overly broad;

5.     It is vague and ambiguous and does not include adequate definitions, specificity, or limiting factors (including but not limited to a narrowing time frame);

6.     It seeks documents outside of Plaintiff's possession, custody, or control;

7.     It seeks documents equally available to or already in the possession of Defendants;

8.      It seeks documents for an unreasonable, irrelevant, or unspecified period of time;

9.      It is duplicative and repetitive, or purports to require Plaintiff to produce the same documents more than once;

10.      It seeks to have Plaintiff make admissions on behalf of individuals other than Plaintiff;

11.      It seeks all documents supporting contentions that relate to facts or the application of law to facts and, as such, is premature and inappropriate in light of the present stage of discovery.  Plaintiff has not completed an investigation of all of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for depositions and trial.  Plaintiff expects to receive documents and information through discovery that will concern and provide information and documents responsive to such Requests, including documents in Defendants' possession or the possession of third parties that have been sought by Plaintiff in discovery but have not yet been produced.

12.      It seeks the reproduction of documents which have been or will be produced by Defendants in this litigation.  Plaintiff will not search for or produce responsive documents that were already in Defendants' possession and have been produced by Defendants in response to Plaintiffs' document requests or its disclosure obligations.

13.      It seeks documents that Plaintiff has already filed and served in this action, including in connection with Plaintiffs' motions for preliminary injunction. It also seeks documents that are publicly available and cited in Plaintiffs' Third Amended Complaint.

14.      It seeks more than what is required to be produced under the Federal Rules of Civil Procedure or otherwise conflicts with the Federal Rules of Civil Procedure.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Plaintiff objects to Defendants' "Definitions and Instructions" to the extent that they seek to impose any obligation or burden on Plaintiffs beyond that required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Requests consistent with the Rules rather than Defendants' "Definitions and Instructions."

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiffs hereby respond as follows:

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR claim that medical care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

1    but not limited to those cited in Plaintiffs' Third Amended Complaint.

2         Subject to and without waiving the foregoing objections, and based on

3    Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

4    follows:

5         Plaintiff will produce all responsive, non-privileged documents within

6    Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7    collecting additional documents and will produce any responsive to this Request on

8    a rolling basis.  Plaintiff will not produce documents previously filed and served in

9    this action, nor will Plaintiff produce back any responsive documents that

10   Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

11   documents that, although responsive to this Request, Plaintiffs are producing in

12   response to other Requests herein.  Plaintiff's agreement to produce non-privileged

13   documents that are in Plaintiff's custody, possession, and control and are responsive

14   to this Request, as stated above, does not mean that such documents necessarily

15   exist.

16   **REQUEST FOR PRODUCTION NO. 2:**

17        ALL DOCUMENTS evidencing the changes which must be made to render

18   the medical care provided at the JAIL adequate.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20        Plaintiff incorporates by reference the Preliminary Statement and General

21   Objections set forth above.  Plaintiff objects to this Request to the extent that the

22   time frame for this Request is undefined and this Request is therefore overbroad,

23   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

24   undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

25   this Request to the extent that it seeks production of documents that are within the

26   possession, custody, and control of Defendants.  Plaintiff further objects to this

27   Request to the extent it seeks disclosure of information protected by the attorney-

28   client privilege, work product doctrine, and all applicable privileges and privacy

protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to this Request as duplicative of other Requests served herein. Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**<u>REQUEST FOR PRODUCTION NO. 3</u>:**

ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate mental health care at the JAIL and the dates thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care.  Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate mental health care at the Jail affected Plaintiffs on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence.  Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 4.  Plaintiff further objects to the undefined terms "affected" and "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined terms "affected" and "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

1  collecting additional documents and will produce any responsive to this Request on

2  a rolling basis.  Plaintiff will not produce documents already filed and served in this

3  action, nor will Plaintiff produce back any responsive documents that Defendants

4  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

5  although responsive to this Request, Plaintiffs are producing in response to other

6  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

7  are in Plaintiff's custody, possession, and control and are responsive to this Request,

8  as stated above, does not mean that such documents necessarily exist.

9  **REQUEST FOR PRODUCTION NO. 4:**

10      All DOCUMENTS supporting YOUR claim that mental health care at the

11  JAIL is inadequate as alleged in YOUR COMPLAINT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13      Plaintiff incorporates by reference the Preliminary Statement and General

14  Objections set forth above.  Plaintiff objects to this Request to the extent that the

15  time frame for this Request is undefined and this Request is therefore overbroad,

16  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

17  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

18  this Request to the extent that it seeks production of documents that are within the

19  possession, custody, and control of Defendants.  Plaintiff further objects to this

20  Request to the extent it seeks disclosure of information protected by the attorney-

21  client privilege, work product doctrine, and all applicable privileges and privacy

22  protections regarding communications in relation to medical or mental health care.

23  Plaintiff further objects to this Request to the extent it seeks documents that are

24  equally available to Defendants because Plaintiff filed and served them in

25  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

26  to this Request to the extent it seeks documents that are publicly available, including

27  but not limited to those cited in Plaintiffs' Third Amended Complaint.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

2  follows:

3      Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents previously filed and served in

7  this action, nor will Plaintiff produce back any responsive documents that

8  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

9  documents that, although responsive to this Request, Plaintiffs are producing in

10  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

11  documents that are in Plaintiff's custody, possession, and control and are responsive

12  to this Request, as stated above, does not mean that such documents necessarily

13  exist.

14  **REQUEST FOR PRODUCTION NO. 5:**

15      ALL DOCUMENTS evidencing the changes which must be made to render

16  the mental health care provided at the JAIL adequate.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18      Plaintiff incorporates by reference the Preliminary Statement and General

19  Objections set forth above.  Plaintiff objects to this Request to the extent that the

20  time frame for this Request is undefined and this Request is therefore overbroad,

21  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

22  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

23  this Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  Request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical or mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to this Request as duplicative of other Requests served herein.

6  Plaintiff further objects to this Request as duplicative, and therefore unduly

7  burdensome, harassing, and oppressive, because Defendants served the same

8  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

9  Amended Complaint and therefore the same documents are responsive for all 14

10  Plaintiffs.

11        Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14        Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 6:**

25        ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

26  inadequate mental health care at the JAIL and the dates thereof.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

28        Plaintiff objects to this Request as duplicative of Request No. 3.  Plaintiff will

1  not re-produce documents in response to Request No. 6.

2  **REQUEST FOR PRODUCTION NO. 7:**

3        ALL DOCUMENTS supporting YOUR claim that dental care provided at the

4  JAIL is inadequate as alleged in YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6        Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Request to the extent that the

8  time frame for this Request is undefined and this Request is therefore overbroad,

9  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

10 undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

11 this Request to the extent that it seeks production of documents that are within the

12 possession, custody, and control of Defendants.  Plaintiff further objects to this

13 Request to the extent it seeks disclosure of information protected by the attorney-

14 client privilege, work product doctrine, and all applicable privileges and privacy

15 protections regarding communications in relation to medical or mental health care.

16 Plaintiff further objects to this Request to the extent it seeks documents that are

17 equally available to Defendants because Plaintiff filed and served them in

18 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

19 to this Request to the extent it seeks documents that are publicly available, including

20 but not limited to those cited in Plaintiffs' Third Amended Complaint.

21       Subject to and without waiving the foregoing objections, and based on

22 Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

23 follows:

24       Plaintiff will produce all responsive, non-privileged documents within

25 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

26 collecting additional documents and will produce any responsive to this Request on

27 a rolling basis.  Plaintiff will not produce documents previously filed and served in

28 this action, nor will Plaintiff produce back any responsive documents that

1  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

2  documents that, although responsive to this Request, Plaintiffs are producing in

3  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

4  documents that are in Plaintiff's custody, possession, and control and are responsive

5  to this Request, as stated above, does not mean that such documents necessarily

6  exist.

7  **REQUEST FOR PRODUCTION NO. 8:**

8       ALL DOCUMENTS evidencing the changes which must be made to make

9  the dental care provided at the JAIL adequate.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11       Plaintiff incorporates by reference the Preliminary Statement and General

12  Objections set forth above.  Plaintiff objects to this Request to the extent that the

13  time frame for this Request is undefined and this Request is therefore overbroad,

14  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

15  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

16  this Request to the extent that it seeks production of documents that are within the

17  possession, custody, and control of Defendants.  Plaintiff further objects to this

18  Request to the extent it seeks disclosure of information protected by the attorney-

19  client privilege, work product doctrine, and all applicable privileges and privacy

20  protections regarding communications in relation to medical or mental health care.

21  Plaintiff further objects to this Request to the extent it seeks documents that are

22  equally available to Defendants because Plaintiff filed and served in connection with

23  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

24  to the extent it seeks documents that are publicly available, including but not limited

25  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

26  this Request as duplicative of other Requests served herein.  Plaintiff further objects

27  to this Request as duplicative, and therefore unduly burdensome, harassing, and

28  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

1  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

2  same documents are responsive for all 14 Plaintiffs.

3       Subject to and without waiving the foregoing objections, and based on the

4  undefined term "evidencing," Plaintiff responds as follows:

5       Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents already filed and served in this

9  action, nor will Plaintiff produce back any responsive documents that Defendants

10  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

11  although responsive to this Request, Plaintiffs are producing in response to other

12  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

13  are in Plaintiff's custody, possession, and control and are responsive to this Request,

14  as stated above, does not mean that such documents necessarily exist.

15  **REQUEST FOR PRODUCTION NO. 9:**

16       ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

17  inadequate dental care at the JAIL and the dates thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19       Plaintiff incorporates by reference the Preliminary Statement and General

20  Objections set forth above.  Plaintiff objects to this Request to the extent that the

21  time frame for this Request is undefined and this Request is therefore overbroad,

22  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23  Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical and mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate dental care at the Jail affected Plaintiffs on an ongoing and continuous

7  basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking

8  a narrative response or the creation of documents not already in existence.  Plaintiff

9  further objects to this Request as duplicative of other Requests served by

10  Defendants, including but not limited to Request No. 7.  Plaintiff further objects to

11  the undefined terms "affected" and "evidencing" in this Request as vague and

12  ambiguous.

13       Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16       Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 10:**

27       ALL DOCUMENTS supporting YOUR claim that the environmental health

28  and safety conditions are inadequate at the JAIL as alleged in YOUR

PLAINTIFF REANNA LEVY'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  COMPLAINT.

2  **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>:**

3        Plaintiff incorporates by reference the Preliminary Statement and General

4  Objections set forth above.  Plaintiff objects to this Request to the extent that the

5  time frame for this Request is undefined and this Request is therefore overbroad,

6  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

7  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

8  this Request to the extent that it seeks production of documents that are within the

9  possession, custody, and control of Defendants.  Plaintiff further objects to this

10  Request to the extent it seeks disclosure of information protected by the attorney-

11  client privilege, work product doctrine, and all applicable privileges and privacy

12  protections regarding communications in relation to medical or mental health care.

13  Plaintiff further objects to this Request to the extent it seeks documents that are

14  equally available to Defendants because Plaintiff filed and served them in

15  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

16  to this Request to the extent it seeks documents that are publicly available, including

17  but not limited to those cited in Plaintiffs' Third Amended Complaint.

18        Subject to and without waiving the foregoing objections, and based on

19  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

20  follows:

21        Plaintiff will produce all responsive, non-privileged documents within

22  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

23  collecting additional documents and will produce any responsive to this Request on

24  a rolling basis.  Plaintiff will not produce documents previously filed and served in

25  this action, nor will Plaintiff produce back any responsive documents that

26  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

27  documents that, although responsive to this Request, Plaintiffs are producing in

28  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

1  documents that are in Plaintiff's custody, possession, and control and are responsive

2  to this Request, as stated above, does not mean that such documents necessarily

3  exist.

4  **REQUEST FOR PRODUCTION NO. 11:**

5       ALL DOCUMENTS evidencing the changes which must be made to render

6  the environmental health and safety conditions at the JAIL adequate.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8       Plaintiff incorporates by reference the Preliminary Statement and General

9  Objections set forth above.  Plaintiff objects to this Request to the extent that the

10  time frame for this Request is undefined and this Request is therefore overbroad,

11  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

12  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

13  this Request to the extent that it seeks production of documents that are within the

14  possession, custody, and control of Defendants.  Plaintiff further objects to this

15  Request to the extent it seeks disclosure of information protected by the attorney-

16  client privilege, work product doctrine, and all applicable privileges and privacy

17  protections regarding communications in relation to medical or mental health care.

18  Plaintiff further objects to this Request to the extent it seeks documents that are

19  equally available to Defendants because Plaintiff filed and served them in

20  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

21  to this Request to the extent it seeks documents that are publicly available, including

22  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

23  further objects to this Request as duplicative of other Requests served herein.

24  Plaintiff further objects to this Request as duplicative, and therefore unduly

25  burdensome, harassing, and oppressive, because Defendants served the same

26  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

27  Amended Complaint and therefore the same documents are responsive for all 14

28  Plaintiffs.

1    Subject to and without waiving the foregoing objections, and based on

2    Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

3    follows:

4    Plaintiff will produce all responsive, non-privileged documents within

5    Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

6    collecting additional documents and will produce any responsive to this Request on

7    a rolling basis.  Plaintiff will not produce documents already filed and served in this

8    action, nor will Plaintiff produce back any responsive documents that Defendants

9    have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

10    although responsive to this Request, Plaintiffs are producing in response to other

11    Requests herein.  Plaintiff's agreement to produce non-privileged documents that

12    are in Plaintiff's custody, possession, and control and are responsive to this Request,

13    as stated above, does not mean that such documents necessarily exist.

14    **REQUEST FOR PRODUCTION NO. 12:**

15    ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

16    inadequate environmental health and safety conditions at the JAIL and the dates

17    thereof.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19    Plaintiff incorporates by reference the Preliminary Statement and General

20    Objections set forth above.  Plaintiff objects to this Request to the extent that the

21    time frame for this Request is undefined and this Request is therefore overbroad,

22    harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23    Request to the extent that it seeks production of documents that are within the

24    possession, custody, and control of Defendants.  Plaintiff further objects to this

25    request to the extent it seeks disclosure of information protected by the attorney-

26    client privilege, work product doctrine, and all applicable privileges and privacy

27    protections regarding communications in relation to medical and mental health care.

28    Plaintiff further objects to this Request to the extent it seeks documents that are

1   equally available to Defendants because Plaintiff filed and served them in

2   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3   to this Request to the extent it seeks documents that are publicly available, including

4   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6   inadequate environmental health and safety conditions at the Jail affected Plaintiffs

7   on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of

8   "dates" in this Request as seeking a narrative response or the creation of documents

9   not already in existence.  Plaintiff further objects to this Request as duplicative of

10  other Requests served by Defendants, including but not limited to Request No. 10.

11  Plaintiff further objects to the undefined terms "affected" and "evidencing" in this

12  Request as vague and ambiguous.

13          Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16          Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 13:**

27          ALL DOCUMENTS supporting YOUR claim that the safety and security

28  provided at the JAIL is inadequate as alleged in YOUR COMPLAINT.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

2      Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Request to the extent that the

4  time frame for this Request is undefined and this Request is therefore overbroad,

5  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

6  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

7  this Request to the extent that it seeks production of documents that are within the

8  possession, custody, and control of Defendants.  Plaintiff further objects to this

9  Request to the extent it seeks disclosure of information protected by the attorney-

10  client privilege, work product doctrine, and all applicable privileges and privacy

11  protections regarding communications in relation to medical or mental health care.

12  Plaintiff further objects to this Request to the extent it seeks documents that are

13  equally available to Defendants because Plaintiff filed and served them in

14  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

15  to this Request to the extent it seeks documents that are publicly available, including

16  but not limited to those cited in Plaintiffs' Third Amended Complaint.

17      Subject to and without waiving the foregoing objections, and based on

18  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

19  follows:

20      Plaintiff will produce all responsive, non-privileged documents within

21  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

22  collecting additional documents and will produce any responsive to this Request on

23  a rolling basis.  Plaintiff will not produce documents previously filed and served in

24  this action, nor will Plaintiff produce back any responsive documents that

25  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

26  documents that, although responsive to this Request, Plaintiffs are producing in

27  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

28  documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      ALL DOCUMENTS evidencing the changes which must be made to render

5  the safety and security provided at the JAIL adequate.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3      Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11 are in Plaintiff's custody, possession, and control and are responsive to this Request,

12 as stated above, does not mean that such documents necessarily exist.

13 **REQUEST FOR PRODUCTION NO. 15:**

14     ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

15 inadequate safety and security at the JAILS and the dates thereof.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17     Plaintiff incorporates by reference the Preliminary Statement and General

18 Objections set forth above.  Plaintiff objects to this Request to the extent that the

19 time frame for this Request is undefined and this Request is therefore overbroad,

20 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21 Request to the extent that it seeks production of documents that are within the

22 possession, custody, and control of Defendants.  Plaintiff further objects to this

23 request to the extent it seeks disclosure of information protected by the attorney-

24 client privilege, work product doctrine, and all applicable privileges and privacy

25 protections regarding communications in relation to medical and mental health care.

26 Plaintiff further objects to this Request to the extent it seeks documents that are

27 equally available to Defendants because Plaintiff filed and served them in

28 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1    to this Request to the extent it seeks documents that are publicly available, including

2    but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff

3    further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4    inadequate safety and security at the Jail affected Plaintiffs on an ongoing and

5    continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request

6    as seeking a narrative response or the creation of documents not already in

7    existence. Plaintiff further objects to this Request as duplicative of other Requests

8    served by Defendants, including but not limited to Request No. 13. Plaintiff further

9    objects to the undefined terms "affected" and "evidencing" in this Request as vague

10   and ambiguous.

11       Subject to and without waiving the foregoing objections, and based on

12   Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

13   Plaintiff responds as follows:

14       Plaintiff will produce all responsive, non-privileged documents within

15   Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still

16   collecting additional documents and will produce any responsive to this Request on

17   a rolling basis. Plaintiff will not produce documents already filed and served in this

18   action, nor will Plaintiff produce back any responsive documents that Defendants

19   have produced to Plaintiffs. Plaintiff will not separately re-produce documents that,

20   although responsive to this Request, Plaintiffs are producing in response to other

21   Requests herein. Plaintiff's agreement to produce non-privileged documents that

22   are in Plaintiff's custody, possession, and control and are responsive to this Request,

23   as stated above, does not mean that such documents necessarily exist.

24   **REQUEST FOR PRODUCTION NO. 16:**

25       ALL DOCUMENTS supporting YOUR claim that DEFENDANTS deny

26   Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR

27   COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 17:**

4       ALL DOCUMENTS evidencing the changes which must be made to provide

5  Incarcerated Persons at the JAIL access to legal counsel and the Courts.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7       Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28       Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3          Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11  are in Plaintiff's custody, possession, and control and are responsive to this Request,

12  as stated above, does not mean that such documents necessarily exist.

13  **REQUEST FOR PRODUCTION NO. 18:**

14          ALL DOCUMENTS evidencing the way(s) in which YOU were denied

15  access to legal counsel and the Court and the dates of said denials.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

17          Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Request to the extent that the

19  time frame for this Request is undefined and this Request is therefore overbroad,

20  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21  Request to the extent that it seeks production of documents that are within the

22  possession, custody, and control of Defendants.  Plaintiff further objects to this

23  request to the extent it seeks disclosure of information protected by the attorney-

24  client privilege, work product doctrine, and all applicable privileges and privacy

25  protections regarding communications in relation to medical and mental health care.

26  Plaintiff further objects to this Request to the extent it seeks documents that are

27  equally available to Defendants because Plaintiff filed and served them in

28  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1    to this Request to the extent it seeks documents that are publicly available, including

2    but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3    further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4    inadequate access to legal counsel and the Court at the Jail affected Plaintiffs on an

5    ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

6    this Request as seeking a narrative response or the creation of documents not

7    already in existence.  Plaintiff further objects to this Request as duplicative of other

8    Requests served by Defendants, including but not limited to Request No. 16.

9    Plaintiff further objects to the undefined term "evidencing" in this Request as vague

10   and ambiguous.

11          Subject to and without waiving the foregoing objections, and based on

12   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13   follows:

14          Plaintiff will produce all responsive, non-privileged documents within

15   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16   collecting additional documents and will produce any responsive to this Request on

17   a rolling basis.  Plaintiff will not produce documents already filed and served in this

18   action, nor will Plaintiff produce back any responsive documents that Defendants

19   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20   although responsive to this Request, Plaintiffs are producing in response to other

21   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22   are in Plaintiff's custody, possession, and control and are responsive to this Request,

23   as stated above, does not mean that such documents necessarily exist.

24   **REQUEST FOR PRODUCTION NO. 19:**

25          ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to

26   provide reasonable accommodations to Incarcerated People with Disabilities at the

27   JAIL as alleged in YOUR COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 20:**

4      ALL DOCUMENTS evidencing the changes which must be made at the JAIL

5  to provide reasonable accommodations to Incarcerated People with Disabilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served in connection with

19  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

20  to the extent it seeks documents that are publicly available, including but not limited

21  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

22  this Request as duplicative of other Requests served herein.  Plaintiff further objects

23  to this Request as duplicative, and therefore unduly burdensome, harassing, and

24  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

25  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

26  same documents are responsive for all 14 Plaintiffs.

27      Subject to and without waiving the foregoing objections, and based on

28  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

1  follows:

2      Plaintiff will produce all responsive, non-privileged documents within

3  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

4  collecting additional documents and will produce any responsive to this Request on

5  a rolling basis.  Plaintiff will not produce documents already filed and served in this

6  action, nor will Plaintiff produce back any responsive documents that Defendants

7  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

8  although responsive to this Request, Plaintiffs are producing in response to other

9  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

10 are in Plaintiff's custody, possession, and control and are responsive to this Request,

11 as stated above, does not mean that such documents necessarily exist.

12 **REQUEST FOR PRODUCTION NO. 21:**

13     ALL DOCUMENTS evidencing the way(s) in which YOU were denied

14 reasonable accommodations by DEFENDANTS including the dates of said denials.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16     Plaintiff incorporates by reference the Preliminary Statement and General

17 Objections set forth above.  Plaintiff objects to this Request to the extent that the

18 time frame for this Request is undefined and this Request is therefore overbroad,

19 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

20 Request to the extent that it seeks production of documents that are within the

21 possession, custody, and control of Defendants.  Plaintiff further objects to this

22 request to the extent it seeks disclosure of information protected by the attorney-

23 client privilege, work product doctrine, and all applicable privileges and privacy

24 protections regarding communications in relation to medical and mental health care.

25 Plaintiff further objects to this Request to the extent it seeks documents that are

26 equally available to Defendants because Plaintiff filed and served them in

27 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

28 to this Request to the extent it seeks documents that are publicly available, including

PLAINTIFF REANNA LEVY'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the denial of reasonable accommodations at the Jail affected Plaintiffs on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence.  Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 19.  Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq.) prior to filing this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the

time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on

1  a rolling basis.  Plaintiff will not produce documents previously filed and served in

2  this action, nor will Plaintiff produce back any responsive documents that

3  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

4  documents that, although responsive to this Request, Plaintiffs are producing in

5  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

6  documents that are in Plaintiff's custody, possession, and control and are responsive

7  to this Request, as stated above, does not mean that such documents necessarily

8  exist.

9  **REQUEST FOR PRODUCTION NO. 24:**

10      ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out

11  policing programs, alternatives to pre-trial custody programs, early release

12  programs, and re-entry programs to avoid discrimination on the basis of race, color,

13  national origin, or ethic group identification.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

15      Plaintiff incorporates by reference the Preliminary Statement and General

16  Objections set forth above.  Plaintiff objects to this Request to the extent that the

17  time frame for this Request is undefined and this Request is therefore overbroad,

18  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

19  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

20  this Request to the extent that it seeks production of documents that are within the

21  possession, custody, and control of Defendants.  Plaintiff further objects to this

22  Request to the extent it seeks disclosure of information protected by the attorney-

23  client privilege, work product doctrine, and all applicable privileges and privacy

24  protections regarding communications in relation to medical or mental health care.

25  Plaintiff further objects to this Request to the extent it seeks documents that are

26  equally available to Defendants because Plaintiff filed and served in connection with

27  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

28  to the extent it seeks documents that are publicly available, including but not limited

PLAINTIFF REANNA LEVY'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to this Request as duplicative of other Requests served herein.  Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS evidencing the way(s) in which YOU were discriminated against on the basis of race, color, national origin, or ethic group identification under DEFENDANTS' policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs, including the date of the discriminatory act(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the

time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the discrimination on the basis of race, color, national origin, or ethic group identification under Defendants' policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 23. Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on

PLAINTIFF REANNA LEVY'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1   a rolling basis.  Plaintiff will not produce documents already filed and served in this

2   action, nor will Plaintiff produce back any responsive documents that Defendants

3   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

4   although responsive to this Request, Plaintiffs are producing in response to other

5   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

6   are in Plaintiff's custody, possession, and control and are responsive to this Request,

7   as stated above, does not mean that such documents necessarily exist.

8

9

10   DATED:  October 31, 2023          Respectfully submitted,

11                                     ROSEN BIEN GALVAN & GRUNFELD LLP

12

13                                     By: */s/ Van Swearingen*

14                                         Van Swearingen

15                                     Attorneys for Plaintiffs and the
16                                     Certified Subclass

17

18

19

20

21

22

23

24

25

26

27

28

1

# PROOF OF SERVICE

*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of .  My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On October 31, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF REANNA LEVY'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2023, at San Francisco, California.

_____
I. Kedra Chan

[4356205.10]

Case No. 3:20-cv-00406-AJB-DDL

PLAINTIFF REANNA LEVY'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
Case No. 20-cv-00406 AJB DDL

2

3   BURKE, WILLIAMS & SORENSEN, LLP          BURKE, WILLIAMS & SORENSEN, LLP
    501 West Broadway, Suite 1600            60 South Market Street, Suite 1000
4   San Diego, CA 92101                      San Jose, CA 95113-2336

5   Susan E. Coleman                         Elizabeth M. Pappy
      (SColeman@bwslaw.com)                    (EPappy@bwslaw.com)
6   Terri Mehra                              Lucy Gonzalez
      (TMehra@bwslaw.com)                      (LGonzalez@bwslaw.com)
7   Diana Favela
      (DFavela@bwslaw.com)
8
    OFFICE OF COUNTY COUNSEL,
9   COUNTY OF SAN DIEGO
    1600 Pacific Highway, Room 355
10  San Diego, CA 92101-2469

11  Fernando Kish
      (Fernando.Kish@sdcounty.ca.gov)
12  Steven Inman
      (Steven.Inman@sdcounty.ca.gov)
13
    Attorneys for Defendants County of San Diego, San Diego County Sheriff's
14  Department, and San Diego County Probation Department

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit L

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Subclass

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, ANDREE
ANDRADE, ERNEST ARCHULETA,
JAMES CLARK, ANTHONY EDWARDS,
LISA LANDERS, REANNA LEVY,
JOSUE LOPEZ, CHRISTOPHER
NELSON, CHRISTOPHER NORWOOD,
JESSE OLIVARES, GUSTAVO
SEPULVEDA, MICHAEL TAYLOR, and
LAURA ZOERNER, on behalf of
themselves and all others similarly situated,

                    Plaintiffs,

          v.

SAN DIEGO COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF SAN
DIEGO, SAN DIEGO COUNTY
PROBATION DEPARTMENT, and DOES
1 to 20, inclusive,

                    Defendants.

Case No. 3:20-cv-00406-AJB-DDL

**PLAINTIFF JOSUE LOPEZ'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Judge:      Hon. Anthony J. Battaglia
Magistrate: Hon. David D. Leshner

Trial Date: None Set

[4356205.10]

PROPOUNDING PARTY:    DEFENDANTS SAN DIEGO COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF SAN DIEGO, AND
SAN DIEGO COUNTY PROBATION
DEPARTMENT

RESPONDING PARTY:    PLAINTIFF JOSUE LOPEZ

SET NO.:    ONE

## PRELIMINARY STATEMENT

1.    These responses, while based on diligent exploration by Plaintiff and Plaintiff's counsel, reflect only the current status of Plaintiff's knowledge, understanding and belief responding to the matters about which inquiry has been made.  Discovery in this action is continuing and, consequently, Plaintiff may not yet fully understand the significance of certain information or facts, may not have yet discovered all information or facts pertinent to these requests, and may not have yet identified or located all persons with knowledge or pertinent information or facts.  Plaintiff relies on Plaintiff's counsel's ongoing investigation and discovery in this action relating to allegations, facts, and evidence generally applicable to putative class members, including Plaintiff.  As discovery in this action proceeds, Plaintiff may discover additional or different facts.  Plaintiff reserves the right to modify or supplement these responses with whatever pertinent information or facts as subsequently may be discovered.  Furthermore, these responses are without prejudice to Plaintiff's right to use or rely on at any time, including trial, any subsequently discovered information or facts, or information or facts omitted from these responses as a result of mistake, error, oversight or inadvertence.  Plaintiff further reserves the right to produce additional facts or documents in evidence at any time, including trial, and to object on appropriate grounds to the introduction into evidence of any portion of these responses.

2.     The responses set forth below are made without waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or related to the subject matter of the responses herein; or (3) the right to revise, correct, supplement or clarify any of the responses below, at any time.

## GENERAL OBJECTIONS

Plaintiff objects to each document request propounded by Defendants to the extent that:

1.     It seeks any document or information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the right of privacy guaranteed by the United States Constitution and federal and state law, and all other rights and privileges recognized under the constitutions, statutes, or decisional law of the United States and the state of California;

2.     It seeks any document or information protected against disclosure as the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives;

3.     It seeks documents or information not relevant to any party's claim or defense and/or is not proportional to the needs of the case;

4.     It would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or is overly broad;

5.     It is vague and ambiguous and does not include adequate definitions, specificity, or limiting factors (including but not limited to a narrowing time frame);

6.     It seeks documents outside of Plaintiff's possession, custody, or control;

7.     It seeks documents equally available to or already in the possession of Defendants;

PLAINTIFF JOSUE LOPEZ'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

8.      It seeks documents for an unreasonable, irrelevant, or unspecified period of time;

9.      It is duplicative and repetitive, or purports to require Plaintiff to produce the same documents more than once;

10.     It seeks to have Plaintiff make admissions on behalf of individuals other than Plaintiff;

11.     It seeks all documents supporting contentions that relate to facts or the application of law to facts and, as such, is premature and inappropriate in light of the present stage of discovery. Plaintiff has not completed an investigation of all of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for depositions and trial. Plaintiff expects to receive documents and information through discovery that will concern and provide information and documents responsive to such Requests, including documents in Defendants' possession or the possession of third parties that have been sought by Plaintiff in discovery but have not yet been produced.

12.     It seeks the reproduction of documents which have been or will be produced by Defendants in this litigation. Plaintiff will not search for or produce responsive documents that were already in Defendants' possession and have been produced by Defendants in response to Plaintiffs' document requests or its disclosure obligations.

13.     It seeks documents that Plaintiff has already filed and served in this action, including in connection with Plaintiffs' motions for preliminary injunction. It also seeks documents that are publicly available and cited in Plaintiffs' Third Amended Complaint.

14.     It seeks more than what is required to be produced under the Federal Rules of Civil Procedure or otherwise conflicts with the Federal Rules of Civil Procedure.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Plaintiff objects to Defendants' "Definitions and Instructions" to the extent that they seek to impose any obligation or burden on Plaintiffs beyond that required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Requests consistent with the Rules rather than Defendants' "Definitions and Instructions."

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiffs hereby respond as follows:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR claim that medical care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care.  Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

1  but not limited to those cited in Plaintiffs' Third Amended Complaint.

2      Subject to and without waiving the foregoing objections, and based on

3  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

4  follows:

5      Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents previously filed and served in

9  this action, nor will Plaintiff produce back any responsive documents that

10 Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

11 documents that, although responsive to this Request, Plaintiffs are producing in

12 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

13 documents that are in Plaintiff's custody, possession, and control and are responsive

14 to this Request, as stated above, does not mean that such documents necessarily

15 exist.

16 **REQUEST FOR PRODUCTION NO. 2:**

17     ALL DOCUMENTS evidencing the changes which must be made to render

18 the medical care provided at the JAIL adequate.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20     Plaintiff incorporates by reference the Preliminary Statement and General

21 Objections set forth above.  Plaintiff objects to this Request to the extent that the

22 time frame for this Request is undefined and this Request is therefore overbroad,

23 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

24 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

25 this Request to the extent that it seeks production of documents that are within the

26 possession, custody, and control of Defendants.  Plaintiff further objects to this

27 Request to the extent it seeks disclosure of information protected by the attorney-

28 client privilege, work product doctrine, and all applicable privileges and privacy

protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to this Request as duplicative of other Requests served herein. Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs. All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

## REQUEST FOR PRODUCTION NO. 3:

ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate mental health care at the JAIL and the dates thereof.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2        Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Request to the extent that the

4  time frame for this Request is undefined and this Request is therefore overbroad,

5  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

6  Request to the extent that it seeks production of documents that are within the

7  possession, custody, and control of Defendants.  Plaintiff further objects to this

8  request to the extent it seeks disclosure of information protected by the attorney-

9  client privilege, work product doctrine, and all applicable privileges and privacy

10  protections regarding communications in relation to medical and mental health care.

11  Plaintiff further objects to this Request to the extent it seeks documents that are

12  equally available to Defendants because Plaintiff filed and served them in

13  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

14  to this Request to the extent it seeks documents that are publicly available, including

15  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

16  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

17  inadequate mental health care at the Jail affected Plaintiffs on an ongoing and

18  continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request

19  as seeking a narrative response or the creation of documents not already in

20  existence.  Plaintiff further objects to this Request as duplicative of other Requests

21  served by Defendants, including but not limited to Request No. 4.  Plaintiff further

22  objects to the undefined terms "affected" and "evidencing" in this Request as vague

23  and ambiguous.

24        Subject to and without waiving the foregoing objections, and based on

25  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

26  Plaintiff responds as follows:

27        Plaintiff will produce all responsive, non-privileged documents within

28  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

1  collecting additional documents and will produce any responsive to this Request on

2  a rolling basis.  Plaintiff will not produce documents already filed and served in this

3  action, nor will Plaintiff produce back any responsive documents that Defendants

4  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

5  although responsive to this Request, Plaintiffs are producing in response to other

6  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

7  are in Plaintiff's custody, possession, and control and are responsive to this Request,

8  as stated above, does not mean that such documents necessarily exist.

9  **REQUEST FOR PRODUCTION NO. 4:**

10     All DOCUMENTS supporting YOUR claim that mental health care at the

11  JAIL is inadequate as alleged in YOUR COMPLAINT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13     Plaintiff incorporates by reference the Preliminary Statement and General

14  Objections set forth above.  Plaintiff objects to this Request to the extent that the

15  time frame for this Request is undefined and this Request is therefore overbroad,

16  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

17  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

18  this Request to the extent that it seeks production of documents that are within the

19  possession, custody, and control of Defendants.  Plaintiff further objects to this

20  Request to the extent it seeks disclosure of information protected by the attorney-

21  client privilege, work product doctrine, and all applicable privileges and privacy

22  protections regarding communications in relation to medical or mental health care.

23  Plaintiff further objects to this Request to the extent it seeks documents that are

24  equally available to Defendants because Plaintiff filed and served them in

25  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

26  to this Request to the extent it seeks documents that are publicly available, including

27  but not limited to those cited in Plaintiffs' Third Amended Complaint.

28     Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as
2  follows:

3        Plaintiff will produce all responsive, non-privileged documents within
4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still
5  collecting additional documents and will produce any responsive to this Request on
6  a rolling basis.  Plaintiff will not produce documents previously filed and served in
7  this action, nor will Plaintiff produce back any responsive documents that
8  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce
9  documents that, although responsive to this Request, Plaintiffs are producing in
10 response to other Requests herein.  Plaintiff's agreement to produce non-privileged
11 documents that are in Plaintiff's custody, possession, and control and are responsive
12 to this Request, as stated above, does not mean that such documents necessarily
13 exist.

14 **REQUEST FOR PRODUCTION NO. 5:**

15       ALL DOCUMENTS evidencing the changes which must be made to render
16 the mental health care provided at the JAIL adequate.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18       Plaintiff incorporates by reference the Preliminary Statement and General
19 Objections set forth above.  Plaintiff objects to this Request to the extent that the
20 time frame for this Request is undefined and this Request is therefore overbroad,
21 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the
22 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to
23 this Request to the extent that it seeks production of documents that are within the
24 possession, custody, and control of Defendants.  Plaintiff further objects to this
25 Request to the extent it seeks disclosure of information protected by the attorney-
26 client privilege, work product doctrine, and all applicable privileges and privacy
27 protections regarding communications in relation to medical or mental health care.
28 Plaintiff further objects to this Request to the extent it seeks documents that are

1    equally available to Defendants because Plaintiff filed and served them in

2    connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3    to this Request to the extent it seeks documents that are publicly available, including

4    but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5    further objects to this Request as duplicative of other Requests served herein.

6    Plaintiff further objects to this Request as duplicative, and therefore unduly

7    burdensome, harassing, and oppressive, because Defendants served the same

8    Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

9    Amended Complaint and therefore the same documents are responsive for all 14

10   Plaintiffs.

11       Subject to and without waiving the foregoing objections, and based on

12   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13   follows:

14       Plaintiff will produce all responsive, non-privileged documents within

15   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

16   collecting additional documents and will produce any responsive to this Request on

17   a rolling basis.  Plaintiff will not produce documents already filed and served in this

18   action, nor will Plaintiff produce back any responsive documents that Defendants

19   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20   although responsive to this Request, Plaintiffs are producing in response to other

21   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22   are in Plaintiff's custody, possession, and control and are responsive to this Request,

23   as stated above, does not mean that such documents necessarily exist.

24   **REQUEST FOR PRODUCTION NO. 6:**

25       ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

26   inadequate mental health care at the JAIL and the dates thereof.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

28       Plaintiff objects to this Request as duplicative of Request No. 3.  Plaintiff will

[4356205.10]                              11                    Case No. 3:20-cv-00406-AJB-DDL

1  not re-produce documents in response to Request No. 6.

2  **REQUEST FOR PRODUCTION NO. 7:**

3      ALL DOCUMENTS supporting YOUR claim that dental care provided at the

4  JAIL is inadequate as alleged in YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6      Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Request to the extent that the

8  time frame for this Request is undefined and this Request is therefore overbroad,

9  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

10  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

11  this Request to the extent that it seeks production of documents that are within the

12  possession, custody, and control of Defendants.  Plaintiff further objects to this

13  Request to the extent it seeks disclosure of information protected by the attorney-

14  client privilege, work product doctrine, and all applicable privileges and privacy

15  protections regarding communications in relation to medical or mental health care.

16  Plaintiff further objects to this Request to the extent it seeks documents that are

17  equally available to Defendants because Plaintiff filed and served them in

18  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

19  to this Request to the extent it seeks documents that are publicly available, including

20  but not limited to those cited in Plaintiffs' Third Amended Complaint.

21      Subject to and without waiving the foregoing objections, and based on

22  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

23  follows:

24      Plaintiff will produce all responsive, non-privileged documents within

25  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

26  collecting additional documents and will produce any responsive to this Request on

27  a rolling basis.  Plaintiff will not produce documents previously filed and served in

28  this action, nor will Plaintiff produce back any responsive documents that

1  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

2  documents that, although responsive to this Request, Plaintiffs are producing in

3  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

4  documents that are in Plaintiff's custody, possession, and control and are responsive

5  to this Request, as stated above, does not mean that such documents necessarily

6  exist.

7  **REQUEST FOR PRODUCTION NO. 8:**

8      ALL DOCUMENTS evidencing the changes which must be made to make

9  the dental care provided at the JAIL adequate.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11     Plaintiff incorporates by reference the Preliminary Statement and General

12 Objections set forth above.  Plaintiff objects to this Request to the extent that the

13 time frame for this Request is undefined and this Request is therefore overbroad,

14 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

15 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

16 this Request to the extent that it seeks production of documents that are within the

17 possession, custody, and control of Defendants.  Plaintiff further objects to this

18 Request to the extent it seeks disclosure of information protected by the attorney-

19 client privilege, work product doctrine, and all applicable privileges and privacy

20 protections regarding communications in relation to medical or mental health care.

21 Plaintiff further objects to this Request to the extent it seeks documents that are

22 equally available to Defendants because Plaintiff filed and served in connection with

23 Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

24 to the extent it seeks documents that are publicly available, including but not limited

25 to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

26 this Request as duplicative of other Requests served herein.  Plaintiff further objects

27 to this Request as duplicative, and therefore unduly burdensome, harassing, and

28 oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

1  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

2  same documents are responsive for all 14 Plaintiffs.

3      Subject to and without waiving the foregoing objections, and based on the

4  undefined term "evidencing," Plaintiff responds as follows:

5      Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents already filed and served in this

9  action, nor will Plaintiff produce back any responsive documents that Defendants

10 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

11 although responsive to this Request, Plaintiffs are producing in response to other

12 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

13 are in Plaintiff's custody, possession, and control and are responsive to this Request,

14 as stated above, does not mean that such documents necessarily exist.

15 **REQUEST FOR PRODUCTION NO. 9:**

16     ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

17 inadequate dental care at the JAIL and the dates thereof.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19     Plaintiff incorporates by reference the Preliminary Statement and General

20 Objections set forth above.  Plaintiff objects to this Request to the extent that the

21 time frame for this Request is undefined and this Request is therefore overbroad,

22 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23 Request to the extent that it seeks production of documents that are within the

24 possession, custody, and control of Defendants.  Plaintiff further objects to this

25 request to the extent it seeks disclosure of information protected by the attorney-

26 client privilege, work product doctrine, and all applicable privileges and privacy

27 protections regarding communications in relation to medical and mental health care.

28 Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate dental care at the Jail affected Plaintiffs on an ongoing and continuous

7  basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking

8  a narrative response or the creation of documents not already in existence.  Plaintiff

9  further objects to this Request as duplicative of other Requests served by

10  Defendants, including but not limited to Request No. 7.  Plaintiff further objects to

11  the undefined terms "affected" and "evidencing" in this Request as vague and

12  ambiguous.

13     Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16     Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 10:**

27     ALL DOCUMENTS supporting YOUR claim that the environmental health

28  and safety conditions are inadequate at the JAIL as alleged in YOUR

1   COMPLAINT.

2   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

3          Plaintiff incorporates by reference the Preliminary Statement and General

4   Objections set forth above.  Plaintiff objects to this Request to the extent that the

5   time frame for this Request is undefined and this Request is therefore overbroad,

6   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

7   undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

8   this Request to the extent that it seeks production of documents that are within the

9   possession, custody, and control of Defendants.  Plaintiff further objects to this

10  Request to the extent it seeks disclosure of information protected by the attorney-

11  client privilege, work product doctrine, and all applicable privileges and privacy

12  protections regarding communications in relation to medical or mental health care.

13  Plaintiff further objects to this Request to the extent it seeks documents that are

14  equally available to Defendants because Plaintiff filed and served them in

15  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

16  to this Request to the extent it seeks documents that are publicly available, including

17  but not limited to those cited in Plaintiffs' Third Amended Complaint.

18         Subject to and without waiving the foregoing objections, and based on

19  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

20  follows:

21         Plaintiff will produce all responsive, non-privileged documents within

22  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

23  collecting additional documents and will produce any responsive to this Request on

24  a rolling basis.  Plaintiff will not produce documents previously filed and served in

25  this action, nor will Plaintiff produce back any responsive documents that

26  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

27  documents that, although responsive to this Request, Plaintiffs are producing in

28  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

1  documents that are in Plaintiff's custody, possession, and control and are responsive

2  to this Request, as stated above, does not mean that such documents necessarily

3  exist.

4  **REQUEST FOR PRODUCTION NO. 11:**

5      ALL DOCUMENTS evidencing the changes which must be made to render

6  the environmental health and safety conditions at the JAIL adequate.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8      Plaintiff incorporates by reference the Preliminary Statement and General

9  Objections set forth above.  Plaintiff objects to this Request to the extent that the

10  time frame for this Request is undefined and this Request is therefore overbroad,

11  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

12  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

13  this Request to the extent that it seeks production of documents that are within the

14  possession, custody, and control of Defendants.  Plaintiff further objects to this

15  Request to the extent it seeks disclosure of information protected by the attorney-

16  client privilege, work product doctrine, and all applicable privileges and privacy

17  protections regarding communications in relation to medical or mental health care.

18  Plaintiff further objects to this Request to the extent it seeks documents that are

19  equally available to Defendants because Plaintiff filed and served them in

20  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

21  to this Request to the extent it seeks documents that are publicly available, including

22  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

23  further objects to this Request as duplicative of other Requests served herein.

24  Plaintiff further objects to this Request as duplicative, and therefore unduly

25  burdensome, harassing, and oppressive, because Defendants served the same

26  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

27  Amended Complaint and therefore the same documents are responsive for all 14

28  Plaintiffs.

1      Subject to and without waiving the foregoing objections, and based on

2  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

3  follows:

4      Plaintiff will produce all responsive, non-privileged documents within

5  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

6  collecting additional documents and will produce any responsive to this Request on

7  a rolling basis.  Plaintiff will not produce documents already filed and served in this

8  action, nor will Plaintiff produce back any responsive documents that Defendants

9  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

10  although responsive to this Request, Plaintiffs are producing in response to other

11  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

12  are in Plaintiff's custody, possession, and control and are responsive to this Request,

13  as stated above, does not mean that such documents necessarily exist.

14  **REQUEST FOR PRODUCTION NO. 12:**

15      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

16  inadequate environmental health and safety conditions at the JAIL and the dates

17  thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19      Plaintiff incorporates by reference the Preliminary Statement and General

20  Objections set forth above.  Plaintiff objects to this Request to the extent that the

21  time frame for this Request is undefined and this Request is therefore overbroad,

22  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23  Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical and mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate environmental health and safety conditions at the Jail affected Plaintiffs

7  on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of

8  "dates" in this Request as seeking a narrative response or the creation of documents

9  not already in existence.  Plaintiff further objects to this Request as duplicative of

10  other Requests served by Defendants, including but not limited to Request No. 10.

11  Plaintiff further objects to the undefined terms "affected" and "evidencing" in this

12  Request as vague and ambiguous.

13      Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16      Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 13:**

27      ALL DOCUMENTS supporting YOUR claim that the safety and security

28  provided at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care.  Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      ALL DOCUMENTS evidencing the changes which must be made to render

5  the safety and security provided at the JAIL adequate.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2   follows:

3       Plaintiff will produce all responsive, non-privileged documents within

4   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5   collecting additional documents and will produce any responsive to this Request on

6   a rolling basis.  Plaintiff will not produce documents already filed and served in this

7   action, nor will Plaintiff produce back any responsive documents that Defendants

8   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9   although responsive to this Request, Plaintiffs are producing in response to other

10  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11  are in Plaintiff's custody, possession, and control and are responsive to this Request,

12  as stated above, does not mean that such documents necessarily exist.

13  **REQUEST FOR PRODUCTION NO. 15:**

14      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

15  inadequate safety and security at the JAILS and the dates thereof.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17      Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Request to the extent that the

19  time frame for this Request is undefined and this Request is therefore overbroad,

20  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21  Request to the extent that it seeks production of documents that are within the

22  possession, custody, and control of Defendants.  Plaintiff further objects to this

23  request to the extent it seeks disclosure of information protected by the attorney-

24  client privilege, work product doctrine, and all applicable privileges and privacy

25  protections regarding communications in relation to medical and mental health care.

26  Plaintiff further objects to this Request to the extent it seeks documents that are

27  equally available to Defendants because Plaintiff filed and served them in

28  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1  to this Request to the extent it seeks documents that are publicly available, including

2  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4  inadequate safety and security at the Jail affected Plaintiffs on an ongoing and

5  continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request

6  as seeking a narrative response or the creation of documents not already in

7  existence.  Plaintiff further objects to this Request as duplicative of other Requests

8  served by Defendants, including but not limited to Request No. 13.  Plaintiff further

9  objects to the undefined terms "affected" and "evidencing" in this Request as vague

10  and ambiguous.

11       Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

13  Plaintiff responds as follows:

14       Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 16:**

25       ALL DOCUMENTS supporting YOUR claim that DEFENDANTS deny

26  Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR

27  COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 17:**

4      ALL DOCUMENTS evidencing the changes which must be made to provide

5  Incarcerated Persons at the JAIL access to legal counsel and the Courts.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3      Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11  are in Plaintiff's custody, possession, and control and are responsive to this Request,

12  as stated above, does not mean that such documents necessarily exist.

13  **REQUEST FOR PRODUCTION NO. 18:**

14      ALL DOCUMENTS evidencing the way(s) in which YOU were denied

15  access to legal counsel and the Court and the dates of said denials.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

17      Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Request to the extent that the

19  time frame for this Request is undefined and this Request is therefore overbroad,

20  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21  Request to the extent that it seeks production of documents that are within the

22  possession, custody, and control of Defendants.  Plaintiff further objects to this

23  request to the extent it seeks disclosure of information protected by the attorney-

24  client privilege, work product doctrine, and all applicable privileges and privacy

25  protections regarding communications in relation to medical and mental health care.

26  Plaintiff further objects to this Request to the extent it seeks documents that are

27  equally available to Defendants because Plaintiff filed and served them in

28  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1   to this Request to the extent it seeks documents that are publicly available, including

2   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4   inadequate access to legal counsel and the Court at the Jail affected Plaintiffs on an

5   ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

6   this Request as seeking a narrative response or the creation of documents not

7   already in existence.  Plaintiff further objects to this Request as duplicative of other

8   Requests served by Defendants, including but not limited to Request No. 16.

9   Plaintiff further objects to the undefined term "evidencing" in this Request as vague

10  and ambiguous.

11         Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14         Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 19:**

25         ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to

26  provide reasonable accommodations to Incarcerated People with Disabilities at the

27  JAIL as alleged in YOUR COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 20:**

4      ALL DOCUMENTS evidencing the changes which must be made at the JAIL

5  to provide reasonable accommodations to Incarcerated People with Disabilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served in connection with

19  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

20  to the extent it seeks documents that are publicly available, including but not limited

21  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

22  this Request as duplicative of other Requests served herein.  Plaintiff further objects

23  to this Request as duplicative, and therefore unduly burdensome, harassing, and

24  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

25  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

26  same documents are responsive for all 14 Plaintiffs.

27      Subject to and without waiving the foregoing objections, and based on

28  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

1  follows:

2      Plaintiff will produce all responsive, non-privileged documents within

3  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

4  collecting additional documents and will produce any responsive to this Request on

5  a rolling basis.  Plaintiff will not produce documents already filed and served in this

6  action, nor will Plaintiff produce back any responsive documents that Defendants

7  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

8  although responsive to this Request, Plaintiffs are producing in response to other

9  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

10  are in Plaintiff's custody, possession, and control and are responsive to this Request,

11  as stated above, does not mean that such documents necessarily exist.

12  **REQUEST FOR PRODUCTION NO. 21:**

13      ALL DOCUMENTS evidencing the way(s) in which YOU were denied

14  reasonable accommodations by DEFENDANTS including the dates of said denials.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16      Plaintiff incorporates by reference the Preliminary Statement and General

17  Objections set forth above.  Plaintiff objects to this Request to the extent that the

18  time frame for this Request is undefined and this Request is therefore overbroad,

19  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

20  Request to the extent that it seeks production of documents that are within the

21  possession, custody, and control of Defendants.  Plaintiff further objects to this

22  request to the extent it seeks disclosure of information protected by the attorney-

23  client privilege, work product doctrine, and all applicable privileges and privacy

24  protections regarding communications in relation to medical and mental health care.

25  Plaintiff further objects to this Request to the extent it seeks documents that are

26  equally available to Defendants because Plaintiff filed and served them in

27  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

28  to this Request to the extent it seeks documents that are publicly available, including

but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the denial of reasonable accommodations at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 19. Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

## REQUEST FOR PRODUCTION NO. 22:

ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq.) prior to filing this lawsuit.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 22:

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the

1   time frame for this Request is undefined and this Request is therefore overbroad,

2   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3   Request to the extent that it seeks production of documents that are within the

4   possession, custody, and control of Defendants.  Plaintiff further objects to this

5   request to the extent it seeks disclosure of information protected by the attorney-

6   client privilege, work product doctrine, and all applicable privileges and privacy

7   protections regarding communications in relation to medical and mental health care.

8   Plaintiff further objects to this Request to the extent it seeks documents that are

9   equally available to Defendants because Plaintiff filed and served them in

10  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11  to this Request to the extent it seeks documents that are publicly available, including

12  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13  further objects to the undefined term "evidencing" in this Request as vague and

14  ambiguous.

15      Subject to and without waiving the foregoing objections, and based on

16  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

17  follows:

18      Plaintiff will produce all responsive, non-privileged documents within

19  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

20  collecting additional documents and will produce any responsive to this Request on

21  a rolling basis.  Plaintiff will not produce documents already filed and served in this

22  action, nor will Plaintiff produce back any responsive documents that Defendants

23  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

24  although responsive to this Request, Plaintiffs are producing in response to other

25  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

26  are in Plaintiff's custody, possession, and control and are responsive to this Request,

27  as stated above, does not mean that such documents necessarily exist.

28

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on

1  a rolling basis.  Plaintiff will not produce documents previously filed and served in

2  this action, nor will Plaintiff produce back any responsive documents that

3  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

4  documents that, although responsive to this Request, Plaintiffs are producing in

5  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

6  documents that are in Plaintiff's custody, possession, and control and are responsive

7  to this Request, as stated above, does not mean that such documents necessarily

8  exist.

9  **REQUEST FOR PRODUCTION NO. 24:**

10       ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out

11  policing programs, alternatives to pre-trial custody programs, early release

12  programs, and re-entry programs to avoid discrimination on the basis of race, color,

13  national origin, or ethic group identification.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

15       Plaintiff incorporates by reference the Preliminary Statement and General

16  Objections set forth above.  Plaintiff objects to this Request to the extent that the

17  time frame for this Request is undefined and this Request is therefore overbroad,

18  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

19  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

20  this Request to the extent that it seeks production of documents that are within the

21  possession, custody, and control of Defendants.  Plaintiff further objects to this

22  Request to the extent it seeks disclosure of information protected by the attorney-

23  client privilege, work product doctrine, and all applicable privileges and privacy

24  protections regarding communications in relation to medical or mental health care.

25  Plaintiff further objects to this Request to the extent it seeks documents that are

26  equally available to Defendants because Plaintiff filed and served in connection with

27  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

28  to the extent it seeks documents that are publicly available, including but not limited

to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to this Request as duplicative of other Requests served herein.  Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS evidencing the way(s) in which YOU were discriminated against on the basis of race, color, national origin, or ethic group identification under DEFENDANTS' policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs, including the date of the discriminatory act(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the

time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the discrimination on the basis of race, color, national origin, or ethic group identification under Defendants' policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs affected Plaintiffs on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence.  Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 23. Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on

1   a rolling basis.  Plaintiff will not produce documents already filed and served in this

2   action, nor will Plaintiff produce back any responsive documents that Defendants

3   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

4   although responsive to this Request, Plaintiffs are producing in response to other

5   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

6   are in Plaintiff's custody, possession, and control and are responsive to this Request,

7   as stated above, does not mean that such documents necessarily exist.

8

9

10  DATED:  October 31, 2023          Respectfully submitted,

11                                    ROSEN BIEN GALVAN & GRUNFELD LLP

12

13                                    By: /s/ Van Swearingen

14                                        Van Swearingen

15                                    Attorneys for Plaintiffs and the
16                                    Certified Subclass

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF JOSUE LOPEZ'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

# PROOF OF SERVICE

***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of . My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On October 31, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF JOSUE LOPEZ'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2023, at San Francisco, California.

_____
I. Kedra Chan

[4356205.10]

Case No. 3:20-cv-00406-AJB-DDL

PLAINTIFF JOSUE LOPEZ'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101

Susan E. Coleman
    (SColeman@bwslaw.com)
Terri Mehra
    (TMehra@bwslaw.com)
Diana Favela
    (DFavela@bwslaw.com)

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

Fernando Kish
    (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
    (Steven.Inman@sdcounty.ca.gov)

BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, CA 95113-2336

Elizabeth M. Pappy
    (EPappy@bwslaw.com)
Lucy Gonzalez
    (LGonzalez@bwslaw.com)

Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, and San Diego County Probation Department

# Exhibit M

1  GAY C. GRUNFELD – 121944
   VAN SWEARINGEN – 259809
2  PRIYAH KAUL – 307956
   ERIC MONEK ANDERSON – 320934
3  HANNAH M. CHARTOFF – 324529
   ROSEN BIEN
4  GALVAN & GRUNFELD LLP
   101 Mission Street, Sixth Floor
5  San Francisco, California  94105-1738
   Telephone:  (415) 433-6830
6  Facsimile:   (415) 433-7104
   ggrunfeld@rbgg.com
7  vswearingen@rbgg.com
   pkaul@rbgg.com
8  eanderson@rbgg.com
   hchartoff@rbgg.com
9
   AARON J. FISCHER – 247391
10 LAW OFFICE OF
   AARON J. FISCHER
11 1400 Shattuck Square Suite 12 - #344
   Berkeley, California  94709
12 Telephone:  (510) 806-7366
   Facsimile:   (510) 694-6314
13 ajf@aaronfischerlaw.com

14 Attorneys for Plaintiffs and the
   Certified Subclass

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

15

16                    UNITED STATES DISTRICT COURT

17                  SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 18  DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFF CHRISTOPHER NELSON'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Judge:      Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

PROPOUNDING PARTY:    DEFENDANTS SAN DIEGO COUNTY SHERIFF'S
                       DEPARTMENT, COUNTY OF SAN DIEGO, AND
                       SAN DIEGO COUNTY PROBATION
                       DEPARTMENT

RESPONDING PARTY:     PLAINTIFF CHRISTOPHER NELSON

SET NO.:              ONE

## PRELIMINARY STATEMENT

1.    These responses, while based on diligent exploration by Plaintiff and Plaintiff's counsel, reflect only the current status of Plaintiff's knowledge, understanding and belief responding to the matters about which inquiry has been made. Discovery in this action is continuing and, consequently, Plaintiff may not yet fully understand the significance of certain information or facts, may not have yet discovered all information or facts pertinent to these requests, and may not have yet identified or located all persons with knowledge or pertinent information or facts. Plaintiff relies on Plaintiff's counsel's ongoing investigation and discovery in this action relating to allegations, facts, and evidence generally applicable to putative class members, including Plaintiff. As discovery in this action proceeds, Plaintiff may discover additional or different facts. Plaintiff reserves the right to modify or supplement these responses with whatever pertinent information or facts as subsequently may be discovered. Furthermore, these responses are without prejudice to Plaintiff's right to use or rely on at any time, including trial, any subsequently discovered information or facts, or information or facts omitted from these responses as a result of mistake, error, oversight or inadvertence. Plaintiff further reserves the right to produce additional facts or documents in evidence at any time, including trial, and to object on appropriate grounds to the introduction into evidence of any portion of these responses.

2.     The responses set forth below are made without waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or related to the subject matter of the responses herein; or (3) the right to revise, correct, supplement or clarify any of the responses below, at any time.

## GENERAL OBJECTIONS

Plaintiff objects to each document request propounded by Defendants to the extent that:

1.     It seeks any document or information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the right of privacy guaranteed by the United States Constitution and federal and state law, and all other rights and privileges recognized under the constitutions, statutes, or decisional law of the United States and the state of California;

2.     It seeks any document or information protected against disclosure as the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives;

3.     It seeks documents or information not relevant to any party's claim or defense and/or is not proportional to the needs of the case;

4.     It would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or is overly broad;

5.     It is vague and ambiguous and does not include adequate definitions, specificity, or limiting factors (including but not limited to a narrowing time frame);

6.     It seeks documents outside of Plaintiff's possession, custody, or control;

7.     It seeks documents equally available to or already in the possession of Defendants;

8.     It seeks documents for an unreasonable, irrelevant, or unspecified period of time;

9.     It is duplicative and repetitive, or purports to require Plaintiff to produce the same documents more than once;

10.     It seeks to have Plaintiff make admissions on behalf of individuals other than Plaintiff;

11.     It seeks all documents supporting contentions that relate to facts or the application of law to facts and, as such, is premature and inappropriate in light of the present stage of discovery. Plaintiff has not completed an investigation of all of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for depositions and trial. Plaintiff expects to receive documents and information through discovery that will concern and provide information and documents responsive to such Requests, including documents in Defendants' possession or the possession of third parties that have been sought by Plaintiff in discovery but have not yet been produced.

12.     It seeks the reproduction of documents which have been or will be produced by Defendants in this litigation. Plaintiff will not search for or produce responsive documents that were already in Defendants' possession and have been produced by Defendants in response to Plaintiffs' document requests or its disclosure obligations.

13.     It seeks documents that Plaintiff has already filed and served in this action, including in connection with Plaintiffs' motions for preliminary injunction. It also seeks documents that are publicly available and cited in Plaintiffs' Third Amended Complaint.

14.     It seeks more than what is required to be produced under the Federal Rules of Civil Procedure or otherwise conflicts with the Federal Rules of Civil Procedure.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Plaintiff objects to Defendants' "Definitions and Instructions" to the extent that they seek to impose any obligation or burden on Plaintiffs beyond that required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Requests consistent with the Rules rather than Defendants' "Definitions and Instructions."

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiffs hereby respond as follows:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR claim that medical care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

1   but not limited to those cited in Plaintiffs' Third Amended Complaint.

2       Subject to and without waiving the foregoing objections, and based on

3   Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

4   follows:

5       Plaintiff will produce all responsive, non-privileged documents within

6   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7   collecting additional documents and will produce any responsive to this Request on

8   a rolling basis.  Plaintiff will not produce documents previously filed and served in

9   this action, nor will Plaintiff produce back any responsive documents that

10  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

11  documents that, although responsive to this Request, Plaintiffs are producing in

12  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

13  documents that are in Plaintiff's custody, possession, and control and are responsive

14  to this Request, as stated above, does not mean that such documents necessarily

15  exist.

16  **REQUEST FOR PRODUCTION NO. 2:**

17      ALL DOCUMENTS evidencing the changes which must be made to render

18  the medical care provided at the JAIL adequate.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20      Plaintiff incorporates by reference the Preliminary Statement and General

21  Objections set forth above.  Plaintiff objects to this Request to the extent that the

22  time frame for this Request is undefined and this Request is therefore overbroad,

23  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

24  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

25  this Request to the extent that it seeks production of documents that are within the

26  possession, custody, and control of Defendants.  Plaintiff further objects to this

27  Request to the extent it seeks disclosure of information protected by the attorney-

28  client privilege, work product doctrine, and all applicable privileges and privacy

protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to this Request as duplicative of other Requests served herein. Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs. All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate mental health care at the JAIL and the dates thereof.

PLAINTIFF CHRISTOPHER NELSON'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2      Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Request to the extent that the

4  time frame for this Request is undefined and this Request is therefore overbroad,

5  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

6  Request to the extent that it seeks production of documents that are within the

7  possession, custody, and control of Defendants.  Plaintiff further objects to this

8  request to the extent it seeks disclosure of information protected by the attorney-

9  client privilege, work product doctrine, and all applicable privileges and privacy

10 protections regarding communications in relation to medical and mental health care.

11 Plaintiff further objects to this Request to the extent it seeks documents that are

12 equally available to Defendants because Plaintiff filed and served them in

13 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

14 to this Request to the extent it seeks documents that are publicly available, including

15 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

16 further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

17 inadequate mental health care at the Jail affected Plaintiffs on an ongoing and

18 continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request

19 as seeking a narrative response or the creation of documents not already in

20 existence.  Plaintiff further objects to this Request as duplicative of other Requests

21 served by Defendants, including but not limited to Request No. 4.  Plaintiff further

22 objects to the undefined terms "affected" and "evidencing" in this Request as vague

23 and ambiguous.

24      Subject to and without waiving the foregoing objections, and based on

25 Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

26 Plaintiff responds as follows:

27      Plaintiff will produce all responsive, non-privileged documents within

28 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

1  collecting additional documents and will produce any responsive to this Request on

2  a rolling basis.  Plaintiff will not produce documents already filed and served in this

3  action, nor will Plaintiff produce back any responsive documents that Defendants

4  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

5  although responsive to this Request, Plaintiffs are producing in response to other

6  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

7  are in Plaintiff's custody, possession, and control and are responsive to this Request,

8  as stated above, does not mean that such documents necessarily exist.

9  **REQUEST FOR PRODUCTION NO. 4:**

10        All DOCUMENTS supporting YOUR claim that mental health care at the

11  JAIL is inadequate as alleged in YOUR COMPLAINT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13        Plaintiff incorporates by reference the Preliminary Statement and General

14  Objections set forth above.  Plaintiff objects to this Request to the extent that the

15  time frame for this Request is undefined and this Request is therefore overbroad,

16  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

17  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

18  this Request to the extent that it seeks production of documents that are within the

19  possession, custody, and control of Defendants.  Plaintiff further objects to this

20  Request to the extent it seeks disclosure of information protected by the attorney-

21  client privilege, work product doctrine, and all applicable privileges and privacy

22  protections regarding communications in relation to medical or mental health care.

23  Plaintiff further objects to this Request to the extent it seeks documents that are

24  equally available to Defendants because Plaintiff filed and served them in

25  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

26  to this Request to the extent it seeks documents that are publicly available, including

27  but not limited to those cited in Plaintiffs' Third Amended Complaint.

28        Subject to and without waiving the foregoing objections, and based on

1   Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

2   follows:

3          Plaintiff will produce all responsive, non-privileged documents within

4   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5   collecting additional documents and will produce any responsive to this Request on

6   a rolling basis.  Plaintiff will not produce documents previously filed and served in

7   this action, nor will Plaintiff produce back any responsive documents that

8   Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

9   documents that, although responsive to this Request, Plaintiffs are producing in

10  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

11  documents that are in Plaintiff's custody, possession, and control and are responsive

12  to this Request, as stated above, does not mean that such documents necessarily

13  exist.

14  **REQUEST FOR PRODUCTION NO. 5:**

15         ALL DOCUMENTS evidencing the changes which must be made to render

16  the mental health care provided at the JAIL adequate.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18         Plaintiff incorporates by reference the Preliminary Statement and General

19  Objections set forth above.  Plaintiff objects to this Request to the extent that the

20  time frame for this Request is undefined and this Request is therefore overbroad,

21  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

22  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

23  this Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  Request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical or mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1    equally available to Defendants because Plaintiff filed and served them in

2    connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects

3    to this Request to the extent it seeks documents that are publicly available, including

4    but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff

5    further objects to this Request as duplicative of other Requests served herein.

6    Plaintiff further objects to this Request as duplicative, and therefore unduly

7    burdensome, harassing, and oppressive, because Defendants served the same

8    Request on all 14 Plaintiffs. All 14 Plaintiffs seek the same relief in the Third

9    Amended Complaint and therefore the same documents are responsive for all 14

10   Plaintiffs.

11         Subject to and without waiving the foregoing objections, and based on

12   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13   follows:

14         Plaintiff will produce all responsive, non-privileged documents within

15   Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still

16   collecting additional documents and will produce any responsive to this Request on

17   a rolling basis. Plaintiff will not produce documents already filed and served in this

18   action, nor will Plaintiff produce back any responsive documents that Defendants

19   have produced to Plaintiffs. Plaintiff will not separately re-produce documents that,

20   although responsive to this Request, Plaintiffs are producing in response to other

21   Requests herein. Plaintiff's agreement to produce non-privileged documents that

22   are in Plaintiff's custody, possession, and control and are responsive to this Request,

23   as stated above, does not mean that such documents necessarily exist.

24   **REQUEST FOR PRODUCTION NO. 6:**

25         ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

26   inadequate mental health care at the JAIL and the dates thereof.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

28         Plaintiff objects to this Request as duplicative of Request No. 3. Plaintiff will

1  not re-produce documents in response to Request No. 6.

2  **REQUEST FOR PRODUCTION NO. 7:**

3      ALL DOCUMENTS supporting YOUR claim that dental care provided at the

4  JAIL is inadequate as alleged in YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6      Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Request to the extent that the

8  time frame for this Request is undefined and this Request is therefore overbroad,

9  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

10  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

11  this Request to the extent that it seeks production of documents that are within the

12  possession, custody, and control of Defendants.  Plaintiff further objects to this

13  Request to the extent it seeks disclosure of information protected by the attorney-

14  client privilege, work product doctrine, and all applicable privileges and privacy

15  protections regarding communications in relation to medical or mental health care.

16  Plaintiff further objects to this Request to the extent it seeks documents that are

17  equally available to Defendants because Plaintiff filed and served them in

18  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

19  to this Request to the extent it seeks documents that are publicly available, including

20  but not limited to those cited in Plaintiffs' Third Amended Complaint.

21      Subject to and without waiving the foregoing objections, and based on

22  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

23  follows:

24      Plaintiff will produce all responsive, non-privileged documents within

25  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

26  collecting additional documents and will produce any responsive to this Request on

27  a rolling basis.  Plaintiff will not produce documents previously filed and served in

28  this action, nor will Plaintiff produce back any responsive documents that

1  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

2  documents that, although responsive to this Request, Plaintiffs are producing in

3  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

4  documents that are in Plaintiff's custody, possession, and control and are responsive

5  to this Request, as stated above, does not mean that such documents necessarily

6  exist.

7  **REQUEST FOR PRODUCTION NO. 8:**

8      ALL DOCUMENTS evidencing the changes which must be made to make

9  the dental care provided at the JAIL adequate.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11     Plaintiff incorporates by reference the Preliminary Statement and General

12 Objections set forth above.  Plaintiff objects to this Request to the extent that the

13 time frame for this Request is undefined and this Request is therefore overbroad,

14 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

15 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

16 this Request to the extent that it seeks production of documents that are within the

17 possession, custody, and control of Defendants.  Plaintiff further objects to this

18 Request to the extent it seeks disclosure of information protected by the attorney-

19 client privilege, work product doctrine, and all applicable privileges and privacy

20 protections regarding communications in relation to medical or mental health care.

21 Plaintiff further objects to this Request to the extent it seeks documents that are

22 equally available to Defendants because Plaintiff filed and served in connection with

23 Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

24 to the extent it seeks documents that are publicly available, including but not limited

25 to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

26 this Request as duplicative of other Requests served herein.  Plaintiff further objects

27 to this Request as duplicative, and therefore unduly burdensome, harassing, and

28 oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

1  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

2  same documents are responsive for all 14 Plaintiffs.

3      Subject to and without waiving the foregoing objections, and based on the

4  undefined term "evidencing," Plaintiff responds as follows:

5      Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents already filed and served in this

9  action, nor will Plaintiff produce back any responsive documents that Defendants

10 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

11 although responsive to this Request, Plaintiffs are producing in response to other

12 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

13 are in Plaintiff's custody, possession, and control and are responsive to this Request,

14 as stated above, does not mean that such documents necessarily exist.

15 **REQUEST FOR PRODUCTION NO. 9:**

16     ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

17 inadequate dental care at the JAIL and the dates thereof.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19     Plaintiff incorporates by reference the Preliminary Statement and General

20 Objections set forth above.  Plaintiff objects to this Request to the extent that the

21 time frame for this Request is undefined and this Request is therefore overbroad,

22 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23 Request to the extent that it seeks production of documents that are within the

24 possession, custody, and control of Defendants.  Plaintiff further objects to this

25 request to the extent it seeks disclosure of information protected by the attorney-

26 client privilege, work product doctrine, and all applicable privileges and privacy

27 protections regarding communications in relation to medical and mental health care.

28 Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate dental care at the Jail affected Plaintiffs on an ongoing and continuous

7  basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking

8  a narrative response or the creation of documents not already in existence.  Plaintiff

9  further objects to this Request as duplicative of other Requests served by

10  Defendants, including but not limited to Request No. 7.  Plaintiff further objects to

11  the undefined terms "affected" and "evidencing" in this Request as vague and

12  ambiguous.

13      Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16      Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 10:**

27      ALL DOCUMENTS supporting YOUR claim that the environmental health

28  and safety conditions are inadequate at the JAIL as alleged in YOUR

1  COMPLAINT.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

3      Plaintiff incorporates by reference the Preliminary Statement and General

4  Objections set forth above.  Plaintiff objects to this Request to the extent that the

5  time frame for this Request is undefined and this Request is therefore overbroad,

6  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

7  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

8  this Request to the extent that it seeks production of documents that are within the

9  possession, custody, and control of Defendants.  Plaintiff further objects to this

10  Request to the extent it seeks disclosure of information protected by the attorney-

11  client privilege, work product doctrine, and all applicable privileges and privacy

12  protections regarding communications in relation to medical or mental health care.

13  Plaintiff further objects to this Request to the extent it seeks documents that are

14  equally available to Defendants because Plaintiff filed and served them in

15  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

16  to this Request to the extent it seeks documents that are publicly available, including

17  but not limited to those cited in Plaintiffs' Third Amended Complaint.

18      Subject to and without waiving the foregoing objections, and based on

19  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

20  follows:

21      Plaintiff will produce all responsive, non-privileged documents within

22  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

23  collecting additional documents and will produce any responsive to this Request on

24  a rolling basis.  Plaintiff will not produce documents previously filed and served in

25  this action, nor will Plaintiff produce back any responsive documents that

26  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

27  documents that, although responsive to this Request, Plaintiffs are producing in

28  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

1 documents that are in Plaintiff's custody, possession, and control and are responsive

2 to this Request, as stated above, does not mean that such documents necessarily

3 exist.

4 **REQUEST FOR PRODUCTION NO. 11:**

5      ALL DOCUMENTS evidencing the changes which must be made to render

6 the environmental health and safety conditions at the JAIL adequate.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8      Plaintiff incorporates by reference the Preliminary Statement and General

9 Objections set forth above.  Plaintiff objects to this Request to the extent that the

10 time frame for this Request is undefined and this Request is therefore overbroad,

11 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

12 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

13 this Request to the extent that it seeks production of documents that are within the

14 possession, custody, and control of Defendants.  Plaintiff further objects to this

15 Request to the extent it seeks disclosure of information protected by the attorney-

16 client privilege, work product doctrine, and all applicable privileges and privacy

17 protections regarding communications in relation to medical or mental health care.

18 Plaintiff further objects to this Request to the extent it seeks documents that are

19 equally available to Defendants because Plaintiff filed and served them in

20 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

21 to this Request to the extent it seeks documents that are publicly available, including

22 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

23 further objects to this Request as duplicative of other Requests served herein.

24 Plaintiff further objects to this Request as duplicative, and therefore unduly

25 burdensome, harassing, and oppressive, because Defendants served the same

26 Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

27 Amended Complaint and therefore the same documents are responsive for all 14

28 Plaintiffs.

1    Subject to and without waiving the foregoing objections, and based on

2  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

3  follows:

4    Plaintiff will produce all responsive, non-privileged documents within

5  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

6  collecting additional documents and will produce any responsive to this Request on

7  a rolling basis.  Plaintiff will not produce documents already filed and served in this

8  action, nor will Plaintiff produce back any responsive documents that Defendants

9  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

10  although responsive to this Request, Plaintiffs are producing in response to other

11  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

12  are in Plaintiff's custody, possession, and control and are responsive to this Request,

13  as stated above, does not mean that such documents necessarily exist.

14  **REQUEST FOR PRODUCTION NO. 12:**

15    ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

16  inadequate environmental health and safety conditions at the JAIL and the dates

17  thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19    Plaintiff incorporates by reference the Preliminary Statement and General

20  Objections set forth above.  Plaintiff objects to this Request to the extent that the

21  time frame for this Request is undefined and this Request is therefore overbroad,

22  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23  Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical and mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate environmental health and safety conditions at the Jail affected Plaintiffs

7  on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of

8  "dates" in this Request as seeking a narrative response or the creation of documents

9  not already in existence.  Plaintiff further objects to this Request as duplicative of

10  other Requests served by Defendants, including but not limited to Request No. 10.

11  Plaintiff further objects to the undefined terms "affected" and "evidencing" in this

12  Request as vague and ambiguous.

13      Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16      Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 13:**

27      ALL DOCUMENTS supporting YOUR claim that the safety and security

28  provided at the JAIL is inadequate as alleged in YOUR COMPLAINT.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

2      Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Request to the extent that the

4  time frame for this Request is undefined and this Request is therefore overbroad,

5  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

6  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

7  this Request to the extent that it seeks production of documents that are within the

8  possession, custody, and control of Defendants.  Plaintiff further objects to this

9  Request to the extent it seeks disclosure of information protected by the attorney-

10  client privilege, work product doctrine, and all applicable privileges and privacy

11  protections regarding communications in relation to medical or mental health care.

12  Plaintiff further objects to this Request to the extent it seeks documents that are

13  equally available to Defendants because Plaintiff filed and served them in

14  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

15  to this Request to the extent it seeks documents that are publicly available, including

16  but not limited to those cited in Plaintiffs' Third Amended Complaint.

17      Subject to and without waiving the foregoing objections, and based on

18  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

19  follows:

20      Plaintiff will produce all responsive, non-privileged documents within

21  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

22  collecting additional documents and will produce any responsive to this Request on

23  a rolling basis.  Plaintiff will not produce documents previously filed and served in

24  this action, nor will Plaintiff produce back any responsive documents that

25  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

26  documents that, although responsive to this Request, Plaintiffs are producing in

27  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

28  documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      ALL DOCUMENTS evidencing the changes which must be made to render

5  the safety and security provided at the JAIL adequate.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3         Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11 are in Plaintiff's custody, possession, and control and are responsive to this Request,

12 as stated above, does not mean that such documents necessarily exist.

13 **REQUEST FOR PRODUCTION NO. 15:**

14        ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

15 inadequate safety and security at the JAILS and the dates thereof.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17        Plaintiff incorporates by reference the Preliminary Statement and General

18 Objections set forth above.  Plaintiff objects to this Request to the extent that the

19 time frame for this Request is undefined and this Request is therefore overbroad,

20 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21 Request to the extent that it seeks production of documents that are within the

22 possession, custody, and control of Defendants.  Plaintiff further objects to this

23 request to the extent it seeks disclosure of information protected by the attorney-

24 client privilege, work product doctrine, and all applicable privileges and privacy

25 protections regarding communications in relation to medical and mental health care.

26 Plaintiff further objects to this Request to the extent it seeks documents that are

27 equally available to Defendants because Plaintiff filed and served them in

28 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1  to this Request to the extent it seeks documents that are publicly available, including

2  but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff

3  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4  inadequate safety and security at the Jail affected Plaintiffs on an ongoing and

5  continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request

6  as seeking a narrative response or the creation of documents not already in

7  existence. Plaintiff further objects to this Request as duplicative of other Requests

8  served by Defendants, including but not limited to Request No. 13. Plaintiff further

9  objects to the undefined terms "affected" and "evidencing" in this Request as vague

10 and ambiguous.

11      Subject to and without waiving the foregoing objections, and based on

12 Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

13 Plaintiff responds as follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15 Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still

16 collecting additional documents and will produce any responsive to this Request on

17 a rolling basis. Plaintiff will not produce documents already filed and served in this

18 action, nor will Plaintiff produce back any responsive documents that Defendants

19 have produced to Plaintiffs. Plaintiff will not separately re-produce documents that,

20 although responsive to this Request, Plaintiffs are producing in response to other

21 Requests herein. Plaintiff's agreement to produce non-privileged documents that

22 are in Plaintiff's custody, possession, and control and are responsive to this Request,

23 as stated above, does not mean that such documents necessarily exist.

24 **REQUEST FOR PRODUCTION NO. 16:**

25      ALL DOCUMENTS supporting YOUR claim that DEFENDANTS deny

26 Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR

27 COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1   to this Request, as stated above, does not mean that such documents necessarily

2   exist.

3   **REQUEST FOR PRODUCTION NO. 17:**

4       ALL DOCUMENTS evidencing the changes which must be made to provide

5   Incarcerated Persons at the JAIL access to legal counsel and the Courts.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7       Plaintiff incorporates by reference the Preliminary Statement and General

8   Objections set forth above.  Plaintiff objects to this Request to the extent that the

9   time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3          Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11  are in Plaintiff's custody, possession, and control and are responsive to this Request,

12  as stated above, does not mean that such documents necessarily exist.

13  **REQUEST FOR PRODUCTION NO. 18:**

14          ALL DOCUMENTS evidencing the way(s) in which YOU were denied

15  access to legal counsel and the Court and the dates of said denials.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

17          Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Request to the extent that the

19  time frame for this Request is undefined and this Request is therefore overbroad,

20  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21  Request to the extent that it seeks production of documents that are within the

22  possession, custody, and control of Defendants.  Plaintiff further objects to this

23  request to the extent it seeks disclosure of information protected by the attorney-

24  client privilege, work product doctrine, and all applicable privileges and privacy

25  protections regarding communications in relation to medical and mental health care.

26  Plaintiff further objects to this Request to the extent it seeks documents that are

27  equally available to Defendants because Plaintiff filed and served them in

28  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1  to this Request to the extent it seeks documents that are publicly available, including

2  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4  inadequate access to legal counsel and the Court at the Jail affected Plaintiffs on an

5  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

6  this Request as seeking a narrative response or the creation of documents not

7  already in existence.  Plaintiff further objects to this Request as duplicative of other

8  Requests served by Defendants, including but not limited to Request No. 16.

9  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

10  and ambiguous.

11      Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 19:**

25      ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to

26  provide reasonable accommodations to Incarcerated People with Disabilities at the

27  JAIL as alleged in YOUR COMPLAINT.

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

2        Plaintiff incorporates by reference the Preliminary Statement and General

3    Objections set forth above. Plaintiff objects to this Request to the extent that the

4    time frame for this Request is undefined and this Request is therefore overbroad,

5    harassing, unduly burdensome, and oppressive. Plaintiff further objects to the

6    undefined term "supporting" as vague and ambiguous. Plaintiff further objects to

7    this Request to the extent that it seeks production of documents that are within the

8    possession, custody, and control of Defendants. Plaintiff further objects to this

9    Request to the extent it seeks disclosure of information protected by the attorney-

10   client privilege, work product doctrine, and all applicable privileges and privacy

11   protections regarding communications in relation to medical or mental health care.

12   Plaintiff further objects to this Request to the extent it seeks documents that are

13   equally available to Defendants because Plaintiff filed and served them in

14   connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects

15   to this Request to the extent it seeks documents that are publicly available, including

16   but not limited to those cited in Plaintiffs' Third Amended Complaint.

17       Subject to and without waiving the foregoing objections, and based on

18   Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

19   follows:

20       Plaintiff will produce all responsive, non-privileged documents within

21   Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still

22   collecting additional documents and will produce any responsive to this Request on

23   a rolling basis. Plaintiff will not produce documents previously filed and served in

24   this action, nor will Plaintiff produce back any responsive documents that

25   Defendants have produced to Plaintiff. Plaintiff will not separately re-produce

26   documents that, although responsive to this Request, Plaintiffs are producing in

27   response to other Requests herein. Plaintiff's agreement to produce non-privileged

28   documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 20:**

4       ALL DOCUMENTS evidencing the changes which must be made at the JAIL

5  to provide reasonable accommodations to Incarcerated People with Disabilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7       Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12 this Request to the extent that it seeks production of documents that are within the

13 possession, custody, and control of Defendants.  Plaintiff further objects to this

14 Request to the extent it seeks disclosure of information protected by the attorney-

15 client privilege, work product doctrine, and all applicable privileges and privacy

16 protections regarding communications in relation to medical or mental health care.

17 Plaintiff further objects to this Request to the extent it seeks documents that are

18 equally available to Defendants because Plaintiff filed and served in connection with

19 Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

20 to the extent it seeks documents that are publicly available, including but not limited

21 to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

22 this Request as duplicative of other Requests served herein.  Plaintiff further objects

23 to this Request as duplicative, and therefore unduly burdensome, harassing, and

24 oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

25 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

26 same documents are responsive for all 14 Plaintiffs.

27       Subject to and without waiving the foregoing objections, and based on

28 Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

PLAINTIFF CHRISTOPHER NELSON'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  follows:

2          Plaintiff will produce all responsive, non-privileged documents within

3  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

4  collecting additional documents and will produce any responsive to this Request on

5  a rolling basis.  Plaintiff will not produce documents already filed and served in this

6  action, nor will Plaintiff produce back any responsive documents that Defendants

7  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

8  although responsive to this Request, Plaintiffs are producing in response to other

9  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

10  are in Plaintiff's custody, possession, and control and are responsive to this Request,

11  as stated above, does not mean that such documents necessarily exist.

12  **REQUEST FOR PRODUCTION NO. 21:**

13          ALL DOCUMENTS evidencing the way(s) in which YOU were denied

14  reasonable accommodations by DEFENDANTS including the dates of said denials.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16          Plaintiff incorporates by reference the Preliminary Statement and General

17  Objections set forth above.  Plaintiff objects to this Request to the extent that the

18  time frame for this Request is undefined and this Request is therefore overbroad,

19  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

20  Request to the extent that it seeks production of documents that are within the

21  possession, custody, and control of Defendants.  Plaintiff further objects to this

22  request to the extent it seeks disclosure of information protected by the attorney-

23  client privilege, work product doctrine, and all applicable privileges and privacy

24  protections regarding communications in relation to medical and mental health care.

25  Plaintiff further objects to this Request to the extent it seeks documents that are

26  equally available to Defendants because Plaintiff filed and served them in

27  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

28  to this Request to the extent it seeks documents that are publicly available, including

but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the denial of reasonable accommodations at the Jail affected Plaintiffs on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence.  Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 19.  Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq.) prior to filing this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the

1   time frame for this Request is undefined and this Request is therefore overbroad,

2   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3   Request to the extent that it seeks production of documents that are within the

4   possession, custody, and control of Defendants.  Plaintiff further objects to this

5   request to the extent it seeks disclosure of information protected by the attorney-

6   client privilege, work product doctrine, and all applicable privileges and privacy

7   protections regarding communications in relation to medical and mental health care.

8   Plaintiff further objects to this Request to the extent it seeks documents that are

9   equally available to Defendants because Plaintiff filed and served them in

10  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11  to this Request to the extent it seeks documents that are publicly available, including

12  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13  further objects to the undefined term "evidencing" in this Request as vague and

14  ambiguous.

15       Subject to and without waiving the foregoing objections, and based on

16  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

17  follows:

18       Plaintiff will produce all responsive, non-privileged documents within

19  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

20  collecting additional documents and will produce any responsive to this Request on

21  a rolling basis.  Plaintiff will not produce documents already filed and served in this

22  action, nor will Plaintiff produce back any responsive documents that Defendants

23  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

24  although responsive to this Request, Plaintiffs are producing in response to other

25  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

26  are in Plaintiff's custody, possession, and control and are responsive to this Request,

27  as stated above, does not mean that such documents necessarily exist.

28

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on

1  a rolling basis.  Plaintiff will not produce documents previously filed and served in

2  this action, nor will Plaintiff produce back any responsive documents that

3  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

4  documents that, although responsive to this Request, Plaintiffs are producing in

5  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

6  documents that are in Plaintiff's custody, possession, and control and are responsive

7  to this Request, as stated above, does not mean that such documents necessarily

8  exist.

9  **REQUEST FOR PRODUCTION NO. 24:**

10      ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out

11  policing programs, alternatives to pre-trial custody programs, early release

12  programs, and re-entry programs to avoid discrimination on the basis of race, color,

13  national origin, or ethic group identification.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

15      Plaintiff incorporates by reference the Preliminary Statement and General

16  Objections set forth above.  Plaintiff objects to this Request to the extent that the

17  time frame for this Request is undefined and this Request is therefore overbroad,

18  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

19  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

20  this Request to the extent that it seeks production of documents that are within the

21  possession, custody, and control of Defendants.  Plaintiff further objects to this

22  Request to the extent it seeks disclosure of information protected by the attorney-

23  client privilege, work product doctrine, and all applicable privileges and privacy

24  protections regarding communications in relation to medical or mental health care.

25  Plaintiff further objects to this Request to the extent it seeks documents that are

26  equally available to Defendants because Plaintiff filed and served in connection with

27  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

28  to the extent it seeks documents that are publicly available, including but not limited

1   to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

2   this Request as duplicative of other Requests served herein.  Plaintiff further objects

3   to this Request as duplicative, and therefore unduly burdensome, harassing, and

4   oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

5   Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

6   same documents are responsive for all 14 Plaintiffs.

7        Subject to and without waiving the foregoing objections, and based on

8   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

9   follows:

10        Plaintiff will produce all responsive, non-privileged documents within

11   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

12   collecting additional documents and will produce any responsive to this Request on

13   a rolling basis.  Plaintiff will not produce documents already filed and served in this

14   action, nor will Plaintiff produce back any responsive documents that Defendants

15   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

16   although responsive to this Request, Plaintiffs are producing in response to other

17   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

18   are in Plaintiff's custody, possession, and control and are responsive to this Request,

19   as stated above, does not mean that such documents necessarily exist.

20   **REQUEST FOR PRODUCTION NO. 25:**

21        ALL DOCUMENTS evidencing the way(s) in which YOU were

22   discriminated against on the basis of race, color, national origin, or ethic group

23   identification under DEFENDANTS' policing programs, alternatives to pre-trial

24   custody programs, early release programs, and re-entry programs, including the date

25   of the discriminatory act(s).

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

27        Plaintiff incorporates by reference the Preliminary Statement and General

28   Objections set forth above.  Plaintiff objects to this Request to the extent that the

1   time frame for this Request is undefined and this Request is therefore overbroad,

2   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3   Request to the extent that it seeks production of documents that are within the

4   possession, custody, and control of Defendants.  Plaintiff further objects to this

5   request to the extent it seeks disclosure of information protected by the attorney-

6   client privilege, work product doctrine, and all applicable privileges and privacy

7   protections regarding communications in relation to medical and mental health care.

8   Plaintiff further objects to this Request to the extent it seeks documents that are

9   equally available to Defendants because Plaintiff filed and served them in

10  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11  to this Request to the extent it seeks documents that are publicly available, including

12  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

14  discrimination on the basis of race, color, national origin, or ethic group

15  identification under Defendants' policing programs, alternatives to pre-trial custody

16  programs, early release programs, and re-entry programs affected Plaintiffs on an

17  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

18  this Request as seeking a narrative response or the creation of documents not

19  already in existence.  Plaintiff further objects to this Request as duplicative of other

20  Requests served by Defendants, including but not limited to Request No. 23.

21  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

22  and ambiguous.

23      Subject to and without waiving the foregoing objections, and based on

24  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

25  follows:

26      Plaintiff will produce all responsive, non-privileged documents within

27  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

28  collecting additional documents and will produce any responsive to this Request on

PLAINTIFF CHRISTOPHER NELSON'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  a rolling basis. Plaintiff will not produce documents already filed and served in this

2  action, nor will Plaintiff produce back any responsive documents that Defendants

3  have produced to Plaintiffs. Plaintiff will not separately re-produce documents that,

4  although responsive to this Request, Plaintiffs are producing in response to other

5  Requests herein. Plaintiff's agreement to produce non-privileged documents that

6  are in Plaintiff's custody, possession, and control and are responsive to this Request,

7  as stated above, does not mean that such documents necessarily exist.

8

9

10  DATED:  October 31, 2023          Respectfully submitted,

11                                    ROSEN BIEN GALVAN & GRUNFELD LLP

12

13                                    By:  */s/ Van Swearingen*

14                                          Van Swearingen

15                                    Attorneys for Plaintiffs and the

16                                    Certified Subclass

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of . My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On October 31, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF CHRISTOPHER NELSON'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2023, at San Francisco, California.

_____
I. Kedra Chan

PLAINTIFF CHRISTOPHER NELSON'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101

Susan E. Coleman
  (SColeman@bwslaw.com)
Terri Mehra
  (TMehra@bwslaw.com)
Diana Favela
  (DFavela@bwslaw.com)

BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, CA 95113-2336

Elizabeth M. Pappy
  (EPappy@bwslaw.com)
Lucy Gonzalez
  (LGonzalez@bwslaw.com)

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

Fernando Kish
  (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
  (Steven.Inman@sdcounty.ca.gov)

Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, and San Diego County Probation Department

# Exhibit N

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Subclass

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>   v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>       Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Judge:    Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

[4356205.10]

PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1

2  PROPOUNDING PARTY:  DEFENDANTS SAN DIEGO COUNTY SHERIFF'S

3                                            DEPARTMENT, COUNTY OF SAN DIEGO, AND

4                                            SAN DIEGO COUNTY PROBATION

5                                            DEPARTMENT

6  RESPONDING PARTY:    PLAINTIFF CHRISTOPHER NORWOOD

7  SET NO.:                       ONE

8

9                        **PRELIMINARY STATEMENT**

10        1.      These responses, while based on diligent exploration by Plaintiff and

11  Plaintiff's counsel, reflect only the current status of Plaintiff's knowledge,

12  understanding and belief responding to the matters about which inquiry has been

13  made.  Discovery in this action is continuing and, consequently, Plaintiff may not

14  yet fully understand the significance of certain information or facts, may not have

15  yet discovered all information or facts pertinent to these requests, and may not have

16  yet identified or located all persons with knowledge or pertinent information or

17  facts.  Plaintiff relies on Plaintiff's counsel's ongoing investigation and discovery in

18  this action relating to allegations, facts, and evidence generally applicable to

19  putative class members, including Plaintiff.  As discovery in this action proceeds,

20  Plaintiff may discover additional or different facts.  Plaintiff reserves the right to

21  modify or supplement these responses with whatever pertinent information or facts

22  as subsequently may be discovered.  Furthermore, these responses are without

23  prejudice to Plaintiff's right to use or rely on at any time, including trial, any

24  subsequently discovered information or facts, or information or facts omitted from

25  these responses as a result of mistake, error, oversight or inadvertence.  Plaintiff

26  further reserves the right to produce additional facts or documents in evidence at any

27  time, including trial, and to object on appropriate grounds to the introduction into

28  evidence of any portion of these responses.

2.      The responses set forth below are made without waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or related to the subject matter of the responses herein; or (3) the right to revise, correct, supplement or clarify any of the responses below, at any time.

## GENERAL OBJECTIONS

Plaintiff objects to each document request propounded by Defendants to the extent that:

1.      It seeks any document or information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the right of privacy guaranteed by the United States Constitution and federal and state law, and all other rights and privileges recognized under the constitutions, statutes, or decisional law of the United States and the state of California;

2.      It seeks any document or information protected against disclosure as the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives;

3.      It seeks documents or information not relevant to any party's claim or defense and/or is not proportional to the needs of the case;

4.      It would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or is overly broad;

5.      It is vague and ambiguous and does not include adequate definitions, specificity, or limiting factors (including but not limited to a narrowing time frame);

6.      It seeks documents outside of Plaintiff's possession, custody, or control;

7.      It seeks documents equally available to or already in the possession of Defendants;

8.     It seeks documents for an unreasonable, irrelevant, or unspecified period of time;

9.     It is duplicative and repetitive, or purports to require Plaintiff to produce the same documents more than once;

10.     It seeks to have Plaintiff make admissions on behalf of individuals other than Plaintiff;

11.     It seeks all documents supporting contentions that relate to facts or the application of law to facts and, as such, is premature and inappropriate in light of the present stage of discovery. Plaintiff has not completed an investigation of all of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for depositions and trial. Plaintiff expects to receive documents and information through discovery that will concern and provide information and documents responsive to such Requests, including documents in Defendants' possession or the possession of third parties that have been sought by Plaintiff in discovery but have not yet been produced.

12.     It seeks the reproduction of documents which have been or will be produced by Defendants in this litigation. Plaintiff will not search for or produce responsive documents that were already in Defendants' possession and have been produced by Defendants in response to Plaintiffs' document requests or its disclosure obligations.

13.     It seeks documents that Plaintiff has already filed and served in this action, including in connection with Plaintiffs' motions for preliminary injunction. It also seeks documents that are publicly available and cited in Plaintiffs' Third Amended Complaint.

14.     It seeks more than what is required to be produced under the Federal Rules of Civil Procedure or otherwise conflicts with the Federal Rules of Civil Procedure.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.    Plaintiff objects to Defendants' "Definitions and Instructions" to the extent that they seek to impose any obligation or burden on Plaintiffs beyond that required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Requests consistent with the Rules rather than Defendants' "Definitions and Instructions."

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiffs hereby respond as follows:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR claim that medical care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care.  Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

1    but not limited to those cited in Plaintiffs' Third Amended Complaint.

2        Subject to and without waiving the foregoing objections, and based on

3    Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

4    follows:

5        Plaintiff will produce all responsive, non-privileged documents within

6    Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7    collecting additional documents and will produce any responsive to this Request on

8    a rolling basis.  Plaintiff will not produce documents previously filed and served in

9    this action, nor will Plaintiff produce back any responsive documents that

10   Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

11   documents that, although responsive to this Request, Plaintiffs are producing in

12   response to other Requests herein.  Plaintiff's agreement to produce non-privileged

13   documents that are in Plaintiff's custody, possession, and control and are responsive

14   to this Request, as stated above, does not mean that such documents necessarily

15   exist.

16   **REQUEST FOR PRODUCTION NO. 2:**

17       ALL DOCUMENTS evidencing the changes which must be made to render

18   the medical care provided at the JAIL adequate.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20       Plaintiff incorporates by reference the Preliminary Statement and General

21   Objections set forth above.  Plaintiff objects to this Request to the extent that the

22   time frame for this Request is undefined and this Request is therefore overbroad,

23   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

24   undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

25   this Request to the extent that it seeks production of documents that are within the

26   possession, custody, and control of Defendants.  Plaintiff further objects to this

27   Request to the extent it seeks disclosure of information protected by the attorney-

28   client privilege, work product doctrine, and all applicable privileges and privacy

protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to this Request as duplicative of other Requests served herein. Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate mental health care at the JAIL and the dates thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate mental health care at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 4. Plaintiff further objects to the undefined terms "affected" and "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined terms "affected" and "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still

1   collecting additional documents and will produce any responsive to this Request on

2   a rolling basis.  Plaintiff will not produce documents already filed and served in this

3   action, nor will Plaintiff produce back any responsive documents that Defendants

4   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

5   although responsive to this Request, Plaintiffs are producing in response to other

6   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

7   are in Plaintiff's custody, possession, and control and are responsive to this Request,

8   as stated above, does not mean that such documents necessarily exist.

9   **REQUEST FOR PRODUCTION NO. 4:**

10      All DOCUMENTS supporting YOUR claim that mental health care at the

11   JAIL is inadequate as alleged in YOUR COMPLAINT.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13      Plaintiff incorporates by reference the Preliminary Statement and General

14   Objections set forth above.  Plaintiff objects to this Request to the extent that the

15   time frame for this Request is undefined and this Request is therefore overbroad,

16   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

17   undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

18   this Request to the extent that it seeks production of documents that are within the

19   possession, custody, and control of Defendants.  Plaintiff further objects to this

20   Request to the extent it seeks disclosure of information protected by the attorney-

21   client privilege, work product doctrine, and all applicable privileges and privacy

22   protections regarding communications in relation to medical or mental health care.

23   Plaintiff further objects to this Request to the extent it seeks documents that are

24   equally available to Defendants because Plaintiff filed and served them in

25   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

26   to this Request to the extent it seeks documents that are publicly available, including

27   but not limited to those cited in Plaintiffs' Third Amended Complaint.

28      Subject to and without waiving the foregoing objections, and based on

PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

2  follows:

3      Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents previously filed and served in

7  this action, nor will Plaintiff produce back any responsive documents that

8  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

9  documents that, although responsive to this Request, Plaintiffs are producing in

10 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

11 documents that are in Plaintiff's custody, possession, and control and are responsive

12 to this Request, as stated above, does not mean that such documents necessarily

13 exist.

14 **REQUEST FOR PRODUCTION NO. 5:**

15     ALL DOCUMENTS evidencing the changes which must be made to render

16 the mental health care provided at the JAIL adequate.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18     Plaintiff incorporates by reference the Preliminary Statement and General

19 Objections set forth above.  Plaintiff objects to this Request to the extent that the

20 time frame for this Request is undefined and this Request is therefore overbroad,

21 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

22 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

23 this Request to the extent that it seeks production of documents that are within the

24 possession, custody, and control of Defendants.  Plaintiff further objects to this

25 Request to the extent it seeks disclosure of information protected by the attorney-

26 client privilege, work product doctrine, and all applicable privileges and privacy

27 protections regarding communications in relation to medical or mental health care.

28 Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to this Request as duplicative of other Requests served herein.

6  Plaintiff further objects to this Request as duplicative, and therefore unduly

7  burdensome, harassing, and oppressive, because Defendants served the same

8  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

9  Amended Complaint and therefore the same documents are responsive for all 14

10  Plaintiffs.

11      Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 6:**

25      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

26  inadequate mental health care at the JAIL and the dates thereof.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

28      Plaintiff objects to this Request as duplicative of Request No. 3.  Plaintiff will

PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  not re-produce documents in response to Request No. 6.

2  **REQUEST FOR PRODUCTION NO. 7:**

3       ALL DOCUMENTS supporting YOUR claim that dental care provided at the

4  JAIL is inadequate as alleged in YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6       Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Request to the extent that the

8  time frame for this Request is undefined and this Request is therefore overbroad,

9  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

10  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

11  this Request to the extent that it seeks production of documents that are within the

12  possession, custody, and control of Defendants.  Plaintiff further objects to this

13  Request to the extent it seeks disclosure of information protected by the attorney-

14  client privilege, work product doctrine, and all applicable privileges and privacy

15  protections regarding communications in relation to medical or mental health care.

16  Plaintiff further objects to this Request to the extent it seeks documents that are

17  equally available to Defendants because Plaintiff filed and served them in

18  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

19  to this Request to the extent it seeks documents that are publicly available, including

20  but not limited to those cited in Plaintiffs' Third Amended Complaint.

21       Subject to and without waiving the foregoing objections, and based on

22  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

23  follows:

24       Plaintiff will produce all responsive, non-privileged documents within

25  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

26  collecting additional documents and will produce any responsive to this Request on

27  a rolling basis.  Plaintiff will not produce documents previously filed and served in

28  this action, nor will Plaintiff produce back any responsive documents that

1  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

2  documents that, although responsive to this Request, Plaintiffs are producing in

3  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

4  documents that are in Plaintiff's custody, possession, and control and are responsive

5  to this Request, as stated above, does not mean that such documents necessarily

6  exist.

7  **REQUEST FOR PRODUCTION NO. 8:**

8      ALL DOCUMENTS evidencing the changes which must be made to make

9  the dental care provided at the JAIL adequate.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11      Plaintiff incorporates by reference the Preliminary Statement and General

12  Objections set forth above.  Plaintiff objects to this Request to the extent that the

13  time frame for this Request is undefined and this Request is therefore overbroad,

14  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

15  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

16  this Request to the extent that it seeks production of documents that are within the

17  possession, custody, and control of Defendants.  Plaintiff further objects to this

18  Request to the extent it seeks disclosure of information protected by the attorney-

19  client privilege, work product doctrine, and all applicable privileges and privacy

20  protections regarding communications in relation to medical or mental health care.

21  Plaintiff further objects to this Request to the extent it seeks documents that are

22  equally available to Defendants because Plaintiff filed and served in connection with

23  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

24  to the extent it seeks documents that are publicly available, including but not limited

25  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

26  this Request as duplicative of other Requests served herein.  Plaintiff further objects

27  to this Request as duplicative, and therefore unduly burdensome, harassing, and

28  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

1  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the
2  same documents are responsive for all 14 Plaintiffs.

3        Subject to and without waiving the foregoing objections, and based on the
4  undefined term "evidencing," Plaintiff responds as follows:

5        Plaintiff will produce all responsive, non-privileged documents within
6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still
7  collecting additional documents and will produce any responsive to this Request on
8  a rolling basis.  Plaintiff will not produce documents already filed and served in this
9  action, nor will Plaintiff produce back any responsive documents that Defendants
10  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,
11  although responsive to this Request, Plaintiffs are producing in response to other
12  Requests herein.  Plaintiff's agreement to produce non-privileged documents that
13  are in Plaintiff's custody, possession, and control and are responsive to this Request,
14  as stated above, does not mean that such documents necessarily exist.

15  **REQUEST FOR PRODUCTION NO. 9:**

16        ALL DOCUMENTS evidencing the way(s) in which YOU were affected by
17  inadequate dental care at the JAIL and the dates thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19        Plaintiff incorporates by reference the Preliminary Statement and General
20  Objections set forth above.  Plaintiff objects to this Request to the extent that the
21  time frame for this Request is undefined and this Request is therefore overbroad,
22  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this
23  Request to the extent that it seeks production of documents that are within the
24  possession, custody, and control of Defendants.  Plaintiff further objects to this
25  request to the extent it seeks disclosure of information protected by the attorney-
26  client privilege, work product doctrine, and all applicable privileges and privacy
27  protections regarding communications in relation to medical and mental health care.
28  Plaintiff further objects to this Request to the extent it seeks documents that are

PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate dental care at the Jail affected Plaintiffs on an ongoing and continuous

7  basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking

8  a narrative response or the creation of documents not already in existence.  Plaintiff

9  further objects to this Request as duplicative of other Requests served by

10  Defendants, including but not limited to Request No. 7.  Plaintiff further objects to

11  the undefined terms "affected" and "evidencing" in this Request as vague and

12  ambiguous.

13      Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16      Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 10:**

27      ALL DOCUMENTS supporting YOUR claim that the environmental health

28  and safety conditions are inadequate at the JAIL as alleged in YOUR

PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  COMPLAINT.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

3      Plaintiff incorporates by reference the Preliminary Statement and General

4  Objections set forth above.  Plaintiff objects to this Request to the extent that the

5  time frame for this Request is undefined and this Request is therefore overbroad,

6  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

7  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

8  this Request to the extent that it seeks production of documents that are within the

9  possession, custody, and control of Defendants.  Plaintiff further objects to this

10  Request to the extent it seeks disclosure of information protected by the attorney-

11  client privilege, work product doctrine, and all applicable privileges and privacy

12  protections regarding communications in relation to medical or mental health care.

13  Plaintiff further objects to this Request to the extent it seeks documents that are

14  equally available to Defendants because Plaintiff filed and served them in

15  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

16  to this Request to the extent it seeks documents that are publicly available, including

17  but not limited to those cited in Plaintiffs' Third Amended Complaint.

18      Subject to and without waiving the foregoing objections, and based on

19  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

20  follows:

21      Plaintiff will produce all responsive, non-privileged documents within

22  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

23  collecting additional documents and will produce any responsive to this Request on

24  a rolling basis.  Plaintiff will not produce documents previously filed and served in

25  this action, nor will Plaintiff produce back any responsive documents that

26  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

27  documents that, although responsive to this Request, Plaintiffs are producing in

28  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1 documents that are in Plaintiff's custody, possession, and control and are responsive

2 to this Request, as stated above, does not mean that such documents necessarily

3 exist.

4 **REQUEST FOR PRODUCTION NO. 11:**

5      ALL DOCUMENTS evidencing the changes which must be made to render

6 the environmental health and safety conditions at the JAIL adequate.

7 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8      Plaintiff incorporates by reference the Preliminary Statement and General

9 Objections set forth above.  Plaintiff objects to this Request to the extent that the

10 time frame for this Request is undefined and this Request is therefore overbroad,

11 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

12 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

13 this Request to the extent that it seeks production of documents that are within the

14 possession, custody, and control of Defendants.  Plaintiff further objects to this

15 Request to the extent it seeks disclosure of information protected by the attorney-

16 client privilege, work product doctrine, and all applicable privileges and privacy

17 protections regarding communications in relation to medical or mental health care.

18 Plaintiff further objects to this Request to the extent it seeks documents that are

19 equally available to Defendants because Plaintiff filed and served them in

20 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

21 to this Request to the extent it seeks documents that are publicly available, including

22 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

23 further objects to this Request as duplicative of other Requests served herein.

24 Plaintiff further objects to this Request as duplicative, and therefore unduly

25 burdensome, harassing, and oppressive, because Defendants served the same

26 Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

27 Amended Complaint and therefore the same documents are responsive for all 14

28 Plaintiffs.

1    Subject to and without waiving the foregoing objections, and based on

2    Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

3    follows:

4    Plaintiff will produce all responsive, non-privileged documents within

5    Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

6    collecting additional documents and will produce any responsive to this Request on

7    a rolling basis.  Plaintiff will not produce documents already filed and served in this

8    action, nor will Plaintiff produce back any responsive documents that Defendants

9    have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

10    although responsive to this Request, Plaintiffs are producing in response to other

11    Requests herein.  Plaintiff's agreement to produce non-privileged documents that

12    are in Plaintiff's custody, possession, and control and are responsive to this Request,

13    as stated above, does not mean that such documents necessarily exist.

14    **REQUEST FOR PRODUCTION NO. 12:**

15    ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

16    inadequate environmental health and safety conditions at the JAIL and the dates

17    thereof.

18    **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19    Plaintiff incorporates by reference the Preliminary Statement and General

20    Objections set forth above.  Plaintiff objects to this Request to the extent that the

21    time frame for this Request is undefined and this Request is therefore overbroad,

22    harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23    Request to the extent that it seeks production of documents that are within the

24    possession, custody, and control of Defendants.  Plaintiff further objects to this

25    request to the extent it seeks disclosure of information protected by the attorney-

26    client privilege, work product doctrine, and all applicable privileges and privacy

27    protections regarding communications in relation to medical and mental health care.

28    Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate environmental health and safety conditions at the Jail affected Plaintiffs

7  on an ongoing and continuous basis. Plaintiff further objects to the inclusion of

8  "dates" in this Request as seeking a narrative response or the creation of documents

9  not already in existence. Plaintiff further objects to this Request as duplicative of

10  other Requests served by Defendants, including but not limited to Request No. 10.

11  Plaintiff further objects to the undefined terms "affected" and "evidencing" in this

12  Request as vague and ambiguous.

13      Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16      Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis. Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs. Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein. Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 13:**

27      ALL DOCUMENTS supporting YOUR claim that the safety and security

28  provided at the JAIL is inadequate as alleged in YOUR COMPLAINT.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

2      Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Request to the extent that the

4  time frame for this Request is undefined and this Request is therefore overbroad,

5  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

6  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

7  this Request to the extent that it seeks production of documents that are within the

8  possession, custody, and control of Defendants.  Plaintiff further objects to this

9  Request to the extent it seeks disclosure of information protected by the attorney-

10 client privilege, work product doctrine, and all applicable privileges and privacy

11 protections regarding communications in relation to medical or mental health care.

12 Plaintiff further objects to this Request to the extent it seeks documents that are

13 equally available to Defendants because Plaintiff filed and served them in

14 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

15 to this Request to the extent it seeks documents that are publicly available, including

16 but not limited to those cited in Plaintiffs' Third Amended Complaint.

17      Subject to and without waiving the foregoing objections, and based on

18 Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

19 follows:

20      Plaintiff will produce all responsive, non-privileged documents within

21 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

22 collecting additional documents and will produce any responsive to this Request on

23 a rolling basis.  Plaintiff will not produce documents previously filed and served in

24 this action, nor will Plaintiff produce back any responsive documents that

25 Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

26 documents that, although responsive to this Request, Plaintiffs are producing in

27 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

28 documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      ALL DOCUMENTS evidencing the changes which must be made to render

5  the safety and security provided at the JAIL adequate.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3          Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11  are in Plaintiff's custody, possession, and control and are responsive to this Request,

12  as stated above, does not mean that such documents necessarily exist.

13  **REQUEST FOR PRODUCTION NO. 15:**

14          ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

15  inadequate safety and security at the JAILS and the dates thereof.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17          Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Request to the extent that the

19  time frame for this Request is undefined and this Request is therefore overbroad,

20  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21  Request to the extent that it seeks production of documents that are within the

22  possession, custody, and control of Defendants.  Plaintiff further objects to this

23  request to the extent it seeks disclosure of information protected by the attorney-

24  client privilege, work product doctrine, and all applicable privileges and privacy

25  protections regarding communications in relation to medical and mental health care.

26  Plaintiff further objects to this Request to the extent it seeks documents that are

27  equally available to Defendants because Plaintiff filed and served them in

28  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1  to this Request to the extent it seeks documents that are publicly available, including

2  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4  inadequate safety and security at the Jail affected Plaintiffs on an ongoing and

5  continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request

6  as seeking a narrative response or the creation of documents not already in

7  existence.  Plaintiff further objects to this Request as duplicative of other Requests

8  served by Defendants, including but not limited to Request No. 13.  Plaintiff further

9  objects to the undefined terms "affected" and "evidencing" in this Request as vague

10  and ambiguous.

11       Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

13  Plaintiff responds as follows:

14       Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 16:**

25       ALL DOCUMENTS supporting YOUR claim that DEFENDANTS deny

26  Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR

27  COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 17:**

4       ALL DOCUMENTS evidencing the changes which must be made to provide

5  Incarcerated Persons at the JAIL access to legal counsel and the Courts.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7       Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12 this Request to the extent that it seeks production of documents that are within the

13 possession, custody, and control of Defendants.  Plaintiff further objects to this

14 Request to the extent it seeks disclosure of information protected by the attorney-

15 client privilege, work product doctrine, and all applicable privileges and privacy

16 protections regarding communications in relation to medical or mental health care.

17 Plaintiff further objects to this Request to the extent it seeks documents that are

18 equally available to Defendants because Plaintiff filed and served them in

19 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20 to this Request to the extent it seeks documents that are publicly available, including

21 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22 further objects to this Request as duplicative of other Requests served herein.

23 Plaintiff further objects to this Request as duplicative, and therefore unduly

24 burdensome, harassing, and oppressive, because Defendants served the same

25 Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26 Amended Complaint and therefore the same documents are responsive for all 14

27 Plaintiffs.

28       Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3        Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11  are in Plaintiff's custody, possession, and control and are responsive to this Request,

12  as stated above, does not mean that such documents necessarily exist.

13  **REQUEST FOR PRODUCTION NO. 18:**

14        ALL DOCUMENTS evidencing the way(s) in which YOU were denied

15  access to legal counsel and the Court and the dates of said denials.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

17        Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Request to the extent that the

19  time frame for this Request is undefined and this Request is therefore overbroad,

20  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21  Request to the extent that it seeks production of documents that are within the

22  possession, custody, and control of Defendants.  Plaintiff further objects to this

23  request to the extent it seeks disclosure of information protected by the attorney-

24  client privilege, work product doctrine, and all applicable privileges and privacy

25  protections regarding communications in relation to medical and mental health care.

26  Plaintiff further objects to this Request to the extent it seeks documents that are

27  equally available to Defendants because Plaintiff filed and served them in

28  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  to this Request to the extent it seeks documents that are publicly available, including

2  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4  inadequate access to legal counsel and the Court at the Jail affected Plaintiffs on an

5  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

6  this Request as seeking a narrative response or the creation of documents not

7  already in existence.  Plaintiff further objects to this Request as duplicative of other

8  Requests served by Defendants, including but not limited to Request No. 16.

9  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

10 and ambiguous.

11      Subject to and without waiving the foregoing objections, and based on

12 Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13 follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16 collecting additional documents and will produce any responsive to this Request on

17 a rolling basis.  Plaintiff will not produce documents already filed and served in this

18 action, nor will Plaintiff produce back any responsive documents that Defendants

19 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20 although responsive to this Request, Plaintiffs are producing in response to other

21 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22 are in Plaintiff's custody, possession, and control and are responsive to this Request,

23 as stated above, does not mean that such documents necessarily exist.

24 **REQUEST FOR PRODUCTION NO. 19:**

25      ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to

26 provide reasonable accommodations to Incarcerated People with Disabilities at the

27 JAIL as alleged in YOUR COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 20:**

4       ALL DOCUMENTS evidencing the changes which must be made at the JAIL

5  to provide reasonable accommodations to Incarcerated People with Disabilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7       Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served in connection with

19  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

20  to the extent it seeks documents that are publicly available, including but not limited

21  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

22  this Request as duplicative of other Requests served herein.  Plaintiff further objects

23  to this Request as duplicative, and therefore unduly burdensome, harassing, and

24  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

25  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

26  same documents are responsive for all 14 Plaintiffs.

27       Subject to and without waiving the foregoing objections, and based on

28  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

1  follows:

2      Plaintiff will produce all responsive, non-privileged documents within

3  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

4  collecting additional documents and will produce any responsive to this Request on

5  a rolling basis.  Plaintiff will not produce documents already filed and served in this

6  action, nor will Plaintiff produce back any responsive documents that Defendants

7  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

8  although responsive to this Request, Plaintiffs are producing in response to other

9  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

10 are in Plaintiff's custody, possession, and control and are responsive to this Request,

11 as stated above, does not mean that such documents necessarily exist.

12 **REQUEST FOR PRODUCTION NO. 21:**

13     ALL DOCUMENTS evidencing the way(s) in which YOU were denied

14 reasonable accommodations by DEFENDANTS including the dates of said denials.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16     Plaintiff incorporates by reference the Preliminary Statement and General

17 Objections set forth above.  Plaintiff objects to this Request to the extent that the

18 time frame for this Request is undefined and this Request is therefore overbroad,

19 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

20 Request to the extent that it seeks production of documents that are within the

21 possession, custody, and control of Defendants.  Plaintiff further objects to this

22 request to the extent it seeks disclosure of information protected by the attorney-

23 client privilege, work product doctrine, and all applicable privileges and privacy

24 protections regarding communications in relation to medical and mental health care.

25 Plaintiff further objects to this Request to the extent it seeks documents that are

26 equally available to Defendants because Plaintiff filed and served them in

27 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

28 to this Request to the extent it seeks documents that are publicly available, including

PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the denial of reasonable accommodations at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 19. Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq.) prior to filing this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the

1   time frame for this Request is undefined and this Request is therefore overbroad,

2   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3   Request to the extent that it seeks production of documents that are within the

4   possession, custody, and control of Defendants.  Plaintiff further objects to this

5   request to the extent it seeks disclosure of information protected by the attorney-

6   client privilege, work product doctrine, and all applicable privileges and privacy

7   protections regarding communications in relation to medical and mental health care.

8   Plaintiff further objects to this Request to the extent it seeks documents that are

9   equally available to Defendants because Plaintiff filed and served them in

10  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11  to this Request to the extent it seeks documents that are publicly available, including

12  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13  further objects to the undefined term "evidencing" in this Request as vague and

14  ambiguous.

15      Subject to and without waiving the foregoing objections, and based on

16  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

17  follows:

18      Plaintiff will produce all responsive, non-privileged documents within

19  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

20  collecting additional documents and will produce any responsive to this Request on

21  a rolling basis.  Plaintiff will not produce documents already filed and served in this

22  action, nor will Plaintiff produce back any responsive documents that Defendants

23  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

24  although responsive to this Request, Plaintiffs are producing in response to other

25  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

26  are in Plaintiff's custody, possession, and control and are responsive to this Request,

27  as stated above, does not mean that such documents necessarily exist.

28

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on

PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs to avoid discrimination on the basis of race, color, national origin, or ethic group identification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care.  Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited

to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to this Request as duplicative of other Requests served herein.  Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS evidencing the way(s) in which YOU were discriminated against on the basis of race, color, national origin, or ethic group identification under DEFENDANTS' policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs, including the date of the discriminatory act(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the

PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1  time frame for this Request is undefined and this Request is therefore overbroad,

2  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3  Request to the extent that it seeks production of documents that are within the

4  possession, custody, and control of Defendants.  Plaintiff further objects to this

5  request to the extent it seeks disclosure of information protected by the attorney-

6  client privilege, work product doctrine, and all applicable privileges and privacy

7  protections regarding communications in relation to medical and mental health care.

8  Plaintiff further objects to this Request to the extent it seeks documents that are

9  equally available to Defendants because Plaintiff filed and served them in

10  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11  to this Request to the extent it seeks documents that are publicly available, including

12  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

14  discrimination on the basis of race, color, national origin, or ethic group

15  identification under Defendants' policing programs, alternatives to pre-trial custody

16  programs, early release programs, and re-entry programs affected Plaintiffs on an

17  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

18  this Request as seeking a narrative response or the creation of documents not

19  already in existence.  Plaintiff further objects to this Request as duplicative of other

20  Requests served by Defendants, including but not limited to Request No. 23.

21  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

22  and ambiguous.

23      Subject to and without waiving the foregoing objections, and based on

24  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

25  follows:

26      Plaintiff will produce all responsive, non-privileged documents within

27  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

28  collecting additional documents and will produce any responsive to this Request on

PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  a rolling basis.  Plaintiff will not produce documents already filed and served in this
2  action, nor will Plaintiff produce back any responsive documents that Defendants
3  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,
4  although responsive to this Request, Plaintiffs are producing in response to other
5  Requests herein.  Plaintiff's agreement to produce non-privileged documents that
6  are in Plaintiff's custody, possession, and control and are responsive to this Request,
7  as stated above, does not mean that such documents necessarily exist.

8
9
10  DATED:  October 31, 2023          Respectfully submitted,

11                                    ROSEN BIEN GALVAN & GRUNFELD LLP
12
13                                    By: */s/ Van Swearingen*
14                                        Van Swearingen

15                                    Attorneys for Plaintiffs and the
16                                    Certified Subclass
17
18
19
20
21
22
23
24
25
26
27
28

**<u>PROOF OF SERVICE</u>**

***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of . My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On October 31, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2023, at San Francisco, California.

_____
I. Kedra Chan

[4356205.10]

Case No. 3:20-cv-00406-AJB-DDL

PLAINTIFF CHRISTOPHER NORWOOD'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101

Susan E. Coleman
   (SColeman@bwslaw.com)
Terri Mehra
   (TMehra@bwslaw.com)
Diana Favela
   (DFavela@bwslaw.com)

BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, CA 95113-2336

Elizabeth M. Pappy
   (EPappy@bwslaw.com)
Lucy Gonzalez
   (LGonzalez@bwslaw.com)

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

Fernando Kish
   (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
   (Steven.Inman@sdcounty.ca.gov)

Attorneys for Defendants County of San Diego, San Diego County Sheriff's
Department, and San Diego County Probation Department

# Exhibit O

1  GAY C. GRUNFELD – 121944
   VAN SWEARINGEN – 259809
2  PRIYAH KAUL – 307956
   ERIC MONEK ANDERSON – 320934
3  HANNAH M. CHARTOFF – 324529
   ROSEN BIEN
4  GALVAN & GRUNFELD LLP
   101 Mission Street, Sixth Floor
5  San Francisco, California  94105-1738
   Telephone:  (415) 433-6830
6  Facsimile:   (415) 433-7104
   ggrunfeld@rbgg.com
7  vswearingen@rbgg.com
   pkaul@rbgg.com
8  eanderson@rbgg.com
   hchartoff@rbgg.com
9
   AARON J. FISCHER – 247391
10 LAW OFFICE OF
   AARON J. FISCHER
11 1400 Shattuck Square Suite 12 - #344
   Berkeley, California  94709
12 Telephone:  (510) 806-7366
   Facsimile:   (510) 694-6314
13 ajf@aaronfischerlaw.com

14 Attorneys for Plaintiffs and the
   Certified Subclass

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

15

16                     UNITED STATES DISTRICT COURT

17                   SOUTHERN DISTRICT OF CALIFORNIA

18 | DARRYL DUNSMORE, ANDREE | Case No. 3:20-cv-00406-AJB-DDL |
|---|---|
| 19 ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, | **PLAINTIFF JESSE OLIVARES'** |
| 20 LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER | **RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR** |
| 21 NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO | **PRODUCTION OF DOCUMENTS** |
| 22 SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of | Judge:      Hon. Anthony J. Battaglia |
| 23 themselves and all others similarly situated, | Magistrate:Hon. David D. Leshner |
| Plaintiffs, | Trial Date: None Set |
| 24 v. | |
| 25 SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN | |
| 26 DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES | |
| 27 1 to 20, inclusive, | |
| Defendants. | |

28

[4356205.10]

PROPOUNDING PARTY:   DEFENDANTS SAN DIEGO COUNTY SHERIFF'S
                     DEPARTMENT, COUNTY OF SAN DIEGO, AND
                     SAN DIEGO COUNTY PROBATION
                     DEPARTMENT

RESPONDING PARTY:    PLAINTIFF JESSE OLIVARES

SET NO.:             ONE

## PRELIMINARY STATEMENT

1.     These responses, while based on diligent exploration by Plaintiff and Plaintiff's counsel, reflect only the current status of Plaintiff's knowledge, understanding and belief responding to the matters about which inquiry has been made.  Discovery in this action is continuing and, consequently, Plaintiff may not yet fully understand the significance of certain information or facts, may not have yet discovered all information or facts pertinent to these requests, and may not have yet identified or located all persons with knowledge or pertinent information or facts.  Plaintiff relies on Plaintiff's counsel's ongoing investigation and discovery in this action relating to allegations, facts, and evidence generally applicable to putative class members, including Plaintiff.  As discovery in this action proceeds, Plaintiff may discover additional or different facts.  Plaintiff reserves the right to modify or supplement these responses with whatever pertinent information or facts as subsequently may be discovered.  Furthermore, these responses are without prejudice to Plaintiff's right to use or rely on at any time, including trial, any subsequently discovered information or facts, or information or facts omitted from these responses as a result of mistake, error, oversight or inadvertence.  Plaintiff further reserves the right to produce additional facts or documents in evidence at any time, including trial, and to object on appropriate grounds to the introduction into evidence of any portion of these responses.

2.     The responses set forth below are made without waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or related to the subject matter of the responses herein; or (3) the right to revise, correct, supplement or clarify any of the responses below, at any time.

**GENERAL OBJECTIONS**

Plaintiff objects to each document request propounded by Defendants to the extent that:

1.     It seeks any document or information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the right of privacy guaranteed by the United States Constitution and federal and state law, and all other rights and privileges recognized under the constitutions, statutes, or decisional law of the United States and the state of California;

2.     It seeks any document or information protected against disclosure as the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives;

3.     It seeks documents or information not relevant to any party's claim or defense and/or is not proportional to the needs of the case;

4.     It would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or is overly broad;

5.     It is vague and ambiguous and does not include adequate definitions, specificity, or limiting factors (including but not limited to a narrowing time frame);

6.     It seeks documents outside of Plaintiff's possession, custody, or control;

7.     It seeks documents equally available to or already in the possession of Defendants;

PLAINTIFF JESSE OLIVARES' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

8.     It seeks documents for an unreasonable, irrelevant, or unspecified period of time;

9.     It is duplicative and repetitive, or purports to require Plaintiff to produce the same documents more than once;

10.    It seeks to have Plaintiff make admissions on behalf of individuals other than Plaintiff;

11.    It seeks all documents supporting contentions that relate to facts or the application of law to facts and, as such, is premature and inappropriate in light of the present stage of discovery. Plaintiff has not completed an investigation of all of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for depositions and trial. Plaintiff expects to receive documents and information through discovery that will concern and provide information and documents responsive to such Requests, including documents in Defendants' possession or the possession of third parties that have been sought by Plaintiff in discovery but have not yet been produced.

12.    It seeks the reproduction of documents which have been or will be produced by Defendants in this litigation. Plaintiff will not search for or produce responsive documents that were already in Defendants' possession and have been produced by Defendants in response to Plaintiffs' document requests or its disclosure obligations.

13.    It seeks documents that Plaintiff has already filed and served in this action, including in connection with Plaintiffs' motions for preliminary injunction. It also seeks documents that are publicly available and cited in Plaintiffs' Third Amended Complaint.

14.    It seeks more than what is required to be produced under the Federal Rules of Civil Procedure or otherwise conflicts with the Federal Rules of Civil Procedure.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Plaintiff objects to Defendants' "Definitions and Instructions" to the extent that they seek to impose any obligation or burden on Plaintiffs beyond that required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Requests consistent with the Rules rather than Defendants' "Definitions and Instructions."

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiffs hereby respond as follows:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR claim that medical care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

1 but not limited to those cited in Plaintiffs' Third Amended Complaint.

2       Subject to and without waiving the foregoing objections, and based on
3 Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as
4 follows:

5       Plaintiff will produce all responsive, non-privileged documents within
6 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still
7 collecting additional documents and will produce any responsive to this Request on
8 a rolling basis.  Plaintiff will not produce documents previously filed and served in
9 this action, nor will Plaintiff produce back any responsive documents that
10 Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce
11 documents that, although responsive to this Request, Plaintiffs are producing in
12 response to other Requests herein.  Plaintiff's agreement to produce non-privileged
13 documents that are in Plaintiff's custody, possession, and control and are responsive
14 to this Request, as stated above, does not mean that such documents necessarily
15 exist.

16 **REQUEST FOR PRODUCTION NO. 2:**

17       ALL DOCUMENTS evidencing the changes which must be made to render
18 the medical care provided at the JAIL adequate.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20       Plaintiff incorporates by reference the Preliminary Statement and General
21 Objections set forth above.  Plaintiff objects to this Request to the extent that the
22 time frame for this Request is undefined and this Request is therefore overbroad,
23 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the
24 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to
25 this Request to the extent that it seeks production of documents that are within the
26 possession, custody, and control of Defendants.  Plaintiff further objects to this
27 Request to the extent it seeks disclosure of information protected by the attorney-
28 client privilege, work product doctrine, and all applicable privileges and privacy

protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to this Request as duplicative of other Requests served herein. Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate mental health care at the JAIL and the dates thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate mental health care at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 4. Plaintiff further objects to the undefined terms "affected" and "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined terms "affected" and "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still

1  collecting additional documents and will produce any responsive to this Request on

2  a rolling basis.  Plaintiff will not produce documents already filed and served in this

3  action, nor will Plaintiff produce back any responsive documents that Defendants

4  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

5  although responsive to this Request, Plaintiffs are producing in response to other

6  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

7  are in Plaintiff's custody, possession, and control and are responsive to this Request,

8  as stated above, does not mean that such documents necessarily exist.

9  **REQUEST FOR PRODUCTION NO. 4:**

10      All DOCUMENTS supporting YOUR claim that mental health care at the

11  JAIL is inadequate as alleged in YOUR COMPLAINT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13      Plaintiff incorporates by reference the Preliminary Statement and General

14  Objections set forth above.  Plaintiff objects to this Request to the extent that the

15  time frame for this Request is undefined and this Request is therefore overbroad,

16  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

17  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

18  this Request to the extent that it seeks production of documents that are within the

19  possession, custody, and control of Defendants.  Plaintiff further objects to this

20  Request to the extent it seeks disclosure of information protected by the attorney-

21  client privilege, work product doctrine, and all applicable privileges and privacy

22  protections regarding communications in relation to medical or mental health care.

23  Plaintiff further objects to this Request to the extent it seeks documents that are

24  equally available to Defendants because Plaintiff filed and served them in

25  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

26  to this Request to the extent it seeks documents that are publicly available, including

27  but not limited to those cited in Plaintiffs' Third Amended Complaint.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

2  follows:

3       Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents previously filed and served in

7  this action, nor will Plaintiff produce back any responsive documents that

8  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

9  documents that, although responsive to this Request, Plaintiffs are producing in

10 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

11 documents that are in Plaintiff's custody, possession, and control and are responsive

12 to this Request, as stated above, does not mean that such documents necessarily

13 exist.

14 **REQUEST FOR PRODUCTION NO. 5:**

15      ALL DOCUMENTS evidencing the changes which must be made to render

16 the mental health care provided at the JAIL adequate.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18      Plaintiff incorporates by reference the Preliminary Statement and General

19 Objections set forth above.  Plaintiff objects to this Request to the extent that the

20 time frame for this Request is undefined and this Request is therefore overbroad,

21 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

22 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

23 this Request to the extent that it seeks production of documents that are within the

24 possession, custody, and control of Defendants.  Plaintiff further objects to this

25 Request to the extent it seeks disclosure of information protected by the attorney-

26 client privilege, work product doctrine, and all applicable privileges and privacy

27 protections regarding communications in relation to medical or mental health care.

28 Plaintiff further objects to this Request to the extent it seeks documents that are

1   equally available to Defendants because Plaintiff filed and served them in

2   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3   to this Request to the extent it seeks documents that are publicly available, including

4   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5   further objects to this Request as duplicative of other Requests served herein.

6   Plaintiff further objects to this Request as duplicative, and therefore unduly

7   burdensome, harassing, and oppressive, because Defendants served the same

8   Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

9   Amended Complaint and therefore the same documents are responsive for all 14

10  Plaintiffs.

11      Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 6:**

25      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

26  inadequate mental health care at the JAIL and the dates thereof.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

28      Plaintiff objects to this Request as duplicative of Request No. 3.  Plaintiff will

1  not re-produce documents in response to Request No. 6.

2  **REQUEST FOR PRODUCTION NO. 7:**

3      ALL DOCUMENTS supporting YOUR claim that dental care provided at the

4  JAIL is inadequate as alleged in YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6      Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Request to the extent that the

8  time frame for this Request is undefined and this Request is therefore overbroad,

9  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

10 undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

11 this Request to the extent that it seeks production of documents that are within the

12 possession, custody, and control of Defendants.  Plaintiff further objects to this

13 Request to the extent it seeks disclosure of information protected by the attorney-

14 client privilege, work product doctrine, and all applicable privileges and privacy

15 protections regarding communications in relation to medical or mental health care.

16 Plaintiff further objects to this Request to the extent it seeks documents that are

17 equally available to Defendants because Plaintiff filed and served them in

18 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

19 to this Request to the extent it seeks documents that are publicly available, including

20 but not limited to those cited in Plaintiffs' Third Amended Complaint.

21     Subject to and without waiving the foregoing objections, and based on

22 Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

23 follows:

24     Plaintiff will produce all responsive, non-privileged documents within

25 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

26 collecting additional documents and will produce any responsive to this Request on

27 a rolling basis.  Plaintiff will not produce documents previously filed and served in

28 this action, nor will Plaintiff produce back any responsive documents that

1   Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

2   documents that, although responsive to this Request, Plaintiffs are producing in

3   response to other Requests herein.  Plaintiff's agreement to produce non-privileged

4   documents that are in Plaintiff's custody, possession, and control and are responsive

5   to this Request, as stated above, does not mean that such documents necessarily

6   exist.

7   **REQUEST FOR PRODUCTION NO. 8:**

8          ALL DOCUMENTS evidencing the changes which must be made to make

9   the dental care provided at the JAIL adequate.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11         Plaintiff incorporates by reference the Preliminary Statement and General

12  Objections set forth above.  Plaintiff objects to this Request to the extent that the

13  time frame for this Request is undefined and this Request is therefore overbroad,

14  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

15  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

16  this Request to the extent that it seeks production of documents that are within the

17  possession, custody, and control of Defendants.  Plaintiff further objects to this

18  Request to the extent it seeks disclosure of information protected by the attorney-

19  client privilege, work product doctrine, and all applicable privileges and privacy

20  protections regarding communications in relation to medical or mental health care.

21  Plaintiff further objects to this Request to the extent it seeks documents that are

22  equally available to Defendants because Plaintiff filed and served in connection with

23  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

24  to the extent it seeks documents that are publicly available, including but not limited

25  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

26  this Request as duplicative of other Requests served herein.  Plaintiff further objects

27  to this Request as duplicative, and therefore unduly burdensome, harassing, and

28  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

1  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the
2  same documents are responsive for all 14 Plaintiffs.

3      Subject to and without waiving the foregoing objections, and based on the
4  undefined term "evidencing," Plaintiff responds as follows:

5      Plaintiff will produce all responsive, non-privileged documents within
6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still
7  collecting additional documents and will produce any responsive to this Request on
8  a rolling basis.  Plaintiff will not produce documents already filed and served in this
9  action, nor will Plaintiff produce back any responsive documents that Defendants
10 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,
11 although responsive to this Request, Plaintiffs are producing in response to other
12 Requests herein.  Plaintiff's agreement to produce non-privileged documents that
13 are in Plaintiff's custody, possession, and control and are responsive to this Request,
14 as stated above, does not mean that such documents necessarily exist.

15 **REQUEST FOR PRODUCTION NO. 9:**

16     ALL DOCUMENTS evidencing the way(s) in which YOU were affected by
17 inadequate dental care at the JAIL and the dates thereof.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19     Plaintiff incorporates by reference the Preliminary Statement and General
20 Objections set forth above.  Plaintiff objects to this Request to the extent that the
21 time frame for this Request is undefined and this Request is therefore overbroad,
22 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this
23 Request to the extent that it seeks production of documents that are within the
24 possession, custody, and control of Defendants.  Plaintiff further objects to this
25 request to the extent it seeks disclosure of information protected by the attorney-
26 client privilege, work product doctrine, and all applicable privileges and privacy
27 protections regarding communications in relation to medical and mental health care.
28 Plaintiff further objects to this Request to the extent it seeks documents that are

1    equally available to Defendants because Plaintiff filed and served them in

2    connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3    to this Request to the extent it seeks documents that are publicly available, including

4    but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5    further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6    inadequate dental care at the Jail affected Plaintiffs on an ongoing and continuous

7    basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking

8    a narrative response or the creation of documents not already in existence.  Plaintiff

9    further objects to this Request as duplicative of other Requests served by

10   Defendants, including but not limited to Request No. 7.  Plaintiff further objects to

11   the undefined terms "affected" and "evidencing" in this Request as vague and

12   ambiguous.

13         Subject to and without waiving the foregoing objections, and based on

14   Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15   Plaintiff responds as follows:

16         Plaintiff will produce all responsive, non-privileged documents within

17   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18   collecting additional documents and will produce any responsive to this Request on

19   a rolling basis.  Plaintiff will not produce documents already filed and served in this

20   action, nor will Plaintiff produce back any responsive documents that Defendants

21   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22   although responsive to this Request, Plaintiffs are producing in response to other

23   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24   are in Plaintiff's custody, possession, and control and are responsive to this Request,

25   as stated above, does not mean that such documents necessarily exist.

26   **<u>REQUEST FOR PRODUCTION NO. 10:</u>**

27         ALL DOCUMENTS supporting YOUR claim that the environmental health

28   and safety conditions are inadequate at the JAIL as alleged in YOUR

1  COMPLAINT.

2  **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>:**

3       Plaintiff incorporates by reference the Preliminary Statement and General

4  Objections set forth above.  Plaintiff objects to this Request to the extent that the

5  time frame for this Request is undefined and this Request is therefore overbroad,

6  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

7  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

8  this Request to the extent that it seeks production of documents that are within the

9  possession, custody, and control of Defendants.  Plaintiff further objects to this

10 Request to the extent it seeks disclosure of information protected by the attorney-

11 client privilege, work product doctrine, and all applicable privileges and privacy

12 protections regarding communications in relation to medical or mental health care.

13 Plaintiff further objects to this Request to the extent it seeks documents that are

14 equally available to Defendants because Plaintiff filed and served them in

15 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

16 to this Request to the extent it seeks documents that are publicly available, including

17 but not limited to those cited in Plaintiffs' Third Amended Complaint.

18       Subject to and without waiving the foregoing objections, and based on

19 Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

20 follows:

21       Plaintiff will produce all responsive, non-privileged documents within

22 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

23 collecting additional documents and will produce any responsive to this Request on

24 a rolling basis.  Plaintiff will not produce documents previously filed and served in

25 this action, nor will Plaintiff produce back any responsive documents that

26 Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

27 documents that, although responsive to this Request, Plaintiffs are producing in

28 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

1  documents that are in Plaintiff's custody, possession, and control and are responsive

2  to this Request, as stated above, does not mean that such documents necessarily

3  exist.

4  **REQUEST FOR PRODUCTION NO. 11:**

5      ALL DOCUMENTS evidencing the changes which must be made to render

6  the environmental health and safety conditions at the JAIL adequate.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8      Plaintiff incorporates by reference the Preliminary Statement and General

9  Objections set forth above.  Plaintiff objects to this Request to the extent that the

10  time frame for this Request is undefined and this Request is therefore overbroad,

11  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

12  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

13  this Request to the extent that it seeks production of documents that are within the

14  possession, custody, and control of Defendants.  Plaintiff further objects to this

15  Request to the extent it seeks disclosure of information protected by the attorney-

16  client privilege, work product doctrine, and all applicable privileges and privacy

17  protections regarding communications in relation to medical or mental health care.

18  Plaintiff further objects to this Request to the extent it seeks documents that are

19  equally available to Defendants because Plaintiff filed and served them in

20  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

21  to this Request to the extent it seeks documents that are publicly available, including

22  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

23  further objects to this Request as duplicative of other Requests served herein.

24  Plaintiff further objects to this Request as duplicative, and therefore unduly

25  burdensome, harassing, and oppressive, because Defendants served the same

26  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

27  Amended Complaint and therefore the same documents are responsive for all 14

28  Plaintiffs.

1      Subject to and without waiving the foregoing objections, and based on

2  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

3  follows:

4      Plaintiff will produce all responsive, non-privileged documents within

5  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

6  collecting additional documents and will produce any responsive to this Request on

7  a rolling basis.  Plaintiff will not produce documents already filed and served in this

8  action, nor will Plaintiff produce back any responsive documents that Defendants

9  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

10 although responsive to this Request, Plaintiffs are producing in response to other

11 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

12 are in Plaintiff's custody, possession, and control and are responsive to this Request,

13 as stated above, does not mean that such documents necessarily exist.

14 **REQUEST FOR PRODUCTION NO. 12:**

15     ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

16 inadequate environmental health and safety conditions at the JAIL and the dates

17 thereof.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19     Plaintiff incorporates by reference the Preliminary Statement and General

20 Objections set forth above.  Plaintiff objects to this Request to the extent that the

21 time frame for this Request is undefined and this Request is therefore overbroad,

22 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23 Request to the extent that it seeks production of documents that are within the

24 possession, custody, and control of Defendants.  Plaintiff further objects to this

25 request to the extent it seeks disclosure of information protected by the attorney-

26 client privilege, work product doctrine, and all applicable privileges and privacy

27 protections regarding communications in relation to medical and mental health care.

28 Plaintiff further objects to this Request to the extent it seeks documents that are

1    equally available to Defendants because Plaintiff filed and served them in

2    connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3    to this Request to the extent it seeks documents that are publicly available, including

4    but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5    further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6    inadequate environmental health and safety conditions at the Jail affected Plaintiffs

7    on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of

8    "dates" in this Request as seeking a narrative response or the creation of documents

9    not already in existence.  Plaintiff further objects to this Request as duplicative of

10   other Requests served by Defendants, including but not limited to Request No. 10.

11   Plaintiff further objects to the undefined terms "affected" and "evidencing" in this

12   Request as vague and ambiguous.

13         Subject to and without waiving the foregoing objections, and based on

14   Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15   Plaintiff responds as follows:

16         Plaintiff will produce all responsive, non-privileged documents within

17   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18   collecting additional documents and will produce any responsive to this Request on

19   a rolling basis.  Plaintiff will not produce documents already filed and served in this

20   action, nor will Plaintiff produce back any responsive documents that Defendants

21   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22   although responsive to this Request, Plaintiffs are producing in response to other

23   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24   are in Plaintiff's custody, possession, and control and are responsive to this Request,

25   as stated above, does not mean that such documents necessarily exist.

26   **<u>REQUEST FOR PRODUCTION NO. 13:</u>**

27         ALL DOCUMENTS supporting YOUR claim that the safety and security

28   provided at the JAIL is inadequate as alleged in YOUR COMPLAINT.

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

2      Plaintiff incorporates by reference the Preliminary Statement and General

3 Objections set forth above.  Plaintiff objects to this Request to the extent that the

4 time frame for this Request is undefined and this Request is therefore overbroad,

5 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

6 undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

7 this Request to the extent that it seeks production of documents that are within the

8 possession, custody, and control of Defendants.  Plaintiff further objects to this

9 Request to the extent it seeks disclosure of information protected by the attorney-

10 client privilege, work product doctrine, and all applicable privileges and privacy

11 protections regarding communications in relation to medical or mental health care.

12 Plaintiff further objects to this Request to the extent it seeks documents that are

13 equally available to Defendants because Plaintiff filed and served them in

14 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

15 to this Request to the extent it seeks documents that are publicly available, including

16 but not limited to those cited in Plaintiffs' Third Amended Complaint.

17      Subject to and without waiving the foregoing objections, and based on

18 Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

19 follows:

20      Plaintiff will produce all responsive, non-privileged documents within

21 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

22 collecting additional documents and will produce any responsive to this Request on

23 a rolling basis.  Plaintiff will not produce documents previously filed and served in

24 this action, nor will Plaintiff produce back any responsive documents that

25 Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

26 documents that, although responsive to this Request, Plaintiffs are producing in

27 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

28 documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      ALL DOCUMENTS evidencing the changes which must be made to render

5  the safety and security provided at the JAIL adequate.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12 this Request to the extent that it seeks production of documents that are within the

13 possession, custody, and control of Defendants.  Plaintiff further objects to this

14 Request to the extent it seeks disclosure of information protected by the attorney-

15 client privilege, work product doctrine, and all applicable privileges and privacy

16 protections regarding communications in relation to medical or mental health care.

17 Plaintiff further objects to this Request to the extent it seeks documents that are

18 equally available to Defendants because Plaintiff filed and served them in

19 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20 to this Request to the extent it seeks documents that are publicly available, including

21 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22 further objects to this Request as duplicative of other Requests served herein.

23 Plaintiff further objects to this Request as duplicative, and therefore unduly

24 burdensome, harassing, and oppressive, because Defendants served the same

25 Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26 Amended Complaint and therefore the same documents are responsive for all 14

27 Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

PLAINTIFF JESSE OLIVARES' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3       Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11  are in Plaintiff's custody, possession, and control and are responsive to this Request,

12  as stated above, does not mean that such documents necessarily exist.

13  **REQUEST FOR PRODUCTION NO. 15:**

14       ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

15  inadequate safety and security at the JAILS and the dates thereof.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17       Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Request to the extent that the

19  time frame for this Request is undefined and this Request is therefore overbroad,

20  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21  Request to the extent that it seeks production of documents that are within the

22  possession, custody, and control of Defendants.  Plaintiff further objects to this

23  request to the extent it seeks disclosure of information protected by the attorney-

24  client privilege, work product doctrine, and all applicable privileges and privacy

25  protections regarding communications in relation to medical and mental health care.

26  Plaintiff further objects to this Request to the extent it seeks documents that are

27  equally available to Defendants because Plaintiff filed and served them in

28  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate safety and security at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 13. Plaintiff further objects to the undefined terms "affected" and "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined terms "affected" and "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS supporting YOUR claim that DEFENDANTS deny Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1 to this Request, as stated above, does not mean that such documents necessarily

2 exist.

3 **REQUEST FOR PRODUCTION NO. 17:**

4     ALL DOCUMENTS evidencing the changes which must be made to provide

5 Incarcerated Persons at the JAIL access to legal counsel and the Courts.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7     Plaintiff incorporates by reference the Preliminary Statement and General

8 Objections set forth above.  Plaintiff objects to this Request to the extent that the

9 time frame for this Request is undefined and this Request is therefore overbroad,

10 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12 this Request to the extent that it seeks production of documents that are within the

13 possession, custody, and control of Defendants.  Plaintiff further objects to this

14 Request to the extent it seeks disclosure of information protected by the attorney-

15 client privilege, work product doctrine, and all applicable privileges and privacy

16 protections regarding communications in relation to medical or mental health care.

17 Plaintiff further objects to this Request to the extent it seeks documents that are

18 equally available to Defendants because Plaintiff filed and served them in

19 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20 to this Request to the extent it seeks documents that are publicly available, including

21 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22 further objects to this Request as duplicative of other Requests served herein.

23 Plaintiff further objects to this Request as duplicative, and therefore unduly

24 burdensome, harassing, and oppressive, because Defendants served the same

25 Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26 Amended Complaint and therefore the same documents are responsive for all 14

27 Plaintiffs.

28     Subject to and without waiving the foregoing objections, and based on

Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS evidencing the way(s) in which YOU were denied access to legal counsel and the Court and the dates of said denials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1  to this Request to the extent it seeks documents that are publicly available, including

2  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4  inadequate access to legal counsel and the Court at the Jail affected Plaintiffs on an

5  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

6  this Request as seeking a narrative response or the creation of documents not

7  already in existence.  Plaintiff further objects to this Request as duplicative of other

8  Requests served by Defendants, including but not limited to Request No. 16.

9  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

10  and ambiguous.

11      Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 19:**

25      ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to

26  provide reasonable accommodations to Incarcerated People with Disabilities at the

27  JAIL as alleged in YOUR COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 20:**

4      ALL DOCUMENTS evidencing the changes which must be made at the JAIL

5  to provide reasonable accommodations to Incarcerated People with Disabilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served in connection with

19  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

20  to the extent it seeks documents that are publicly available, including but not limited

21  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

22  this Request as duplicative of other Requests served herein.  Plaintiff further objects

23  to this Request as duplicative, and therefore unduly burdensome, harassing, and

24  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

25  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

26  same documents are responsive for all 14 Plaintiffs.

27      Subject to and without waiving the foregoing objections, and based on

28  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

1 follows:

2      Plaintiff will produce all responsive, non-privileged documents within

3 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

4 collecting additional documents and will produce any responsive to this Request on

5 a rolling basis.  Plaintiff will not produce documents already filed and served in this

6 action, nor will Plaintiff produce back any responsive documents that Defendants

7 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

8 although responsive to this Request, Plaintiffs are producing in response to other

9 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

10 are in Plaintiff's custody, possession, and control and are responsive to this Request,

11 as stated above, does not mean that such documents necessarily exist.

12 **REQUEST FOR PRODUCTION NO. 21:**

13      ALL DOCUMENTS evidencing the way(s) in which YOU were denied

14 reasonable accommodations by DEFENDANTS including the dates of said denials.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16      Plaintiff incorporates by reference the Preliminary Statement and General

17 Objections set forth above.  Plaintiff objects to this Request to the extent that the

18 time frame for this Request is undefined and this Request is therefore overbroad,

19 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

20 Request to the extent that it seeks production of documents that are within the

21 possession, custody, and control of Defendants.  Plaintiff further objects to this

22 request to the extent it seeks disclosure of information protected by the attorney-

23 client privilege, work product doctrine, and all applicable privileges and privacy

24 protections regarding communications in relation to medical and mental health care.

25 Plaintiff further objects to this Request to the extent it seeks documents that are

26 equally available to Defendants because Plaintiff filed and served them in

27 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

28 to this Request to the extent it seeks documents that are publicly available, including

but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the denial of reasonable accommodations at the Jail affected Plaintiffs on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence.  Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 19.  Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq.) prior to filing this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the

PLAINTIFF JESSE OLIVARES' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  time frame for this Request is undefined and this Request is therefore overbroad,

2  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3  Request to the extent that it seeks production of documents that are within the

4  possession, custody, and control of Defendants.  Plaintiff further objects to this

5  request to the extent it seeks disclosure of information protected by the attorney-

6  client privilege, work product doctrine, and all applicable privileges and privacy

7  protections regarding communications in relation to medical and mental health care.

8  Plaintiff further objects to this Request to the extent it seeks documents that are

9  equally available to Defendants because Plaintiff filed and served them in

10  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11  to this Request to the extent it seeks documents that are publicly available, including

12  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13  further objects to the undefined term "evidencing" in this Request as vague and

14  ambiguous.

15      Subject to and without waiving the foregoing objections, and based on

16  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

17  follows:

18      Plaintiff will produce all responsive, non-privileged documents within

19  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

20  collecting additional documents and will produce any responsive to this Request on

21  a rolling basis.  Plaintiff will not produce documents already filed and served in this

22  action, nor will Plaintiff produce back any responsive documents that Defendants

23  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

24  although responsive to this Request, Plaintiffs are producing in response to other

25  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

26  are in Plaintiff's custody, possession, and control and are responsive to this Request,

27  as stated above, does not mean that such documents necessarily exist.

28

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on

1   a rolling basis.  Plaintiff will not produce documents previously filed and served in

2   this action, nor will Plaintiff produce back any responsive documents that

3   Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

4   documents that, although responsive to this Request, Plaintiffs are producing in

5   response to other Requests herein.  Plaintiff's agreement to produce non-privileged

6   documents that are in Plaintiff's custody, possession, and control and are responsive

7   to this Request, as stated above, does not mean that such documents necessarily

8   exist.

9   **REQUEST FOR PRODUCTION NO. 24:**

10        ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out

11  policing programs, alternatives to pre-trial custody programs, early release

12  programs, and re-entry programs to avoid discrimination on the basis of race, color,

13  national origin, or ethic group identification.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

15        Plaintiff incorporates by reference the Preliminary Statement and General

16  Objections set forth above.  Plaintiff objects to this Request to the extent that the

17  time frame for this Request is undefined and this Request is therefore overbroad,

18  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

19  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

20  this Request to the extent that it seeks production of documents that are within the

21  possession, custody, and control of Defendants.  Plaintiff further objects to this

22  Request to the extent it seeks disclosure of information protected by the attorney-

23  client privilege, work product doctrine, and all applicable privileges and privacy

24  protections regarding communications in relation to medical or mental health care.

25  Plaintiff further objects to this Request to the extent it seeks documents that are

26  equally available to Defendants because Plaintiff filed and served in connection with

27  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

28  to the extent it seeks documents that are publicly available, including but not limited

1   to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

2   this Request as duplicative of other Requests served herein.  Plaintiff further objects

3   to this Request as duplicative, and therefore unduly burdensome, harassing, and

4   oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

5   Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

6   same documents are responsive for all 14 Plaintiffs.

7         Subject to and without waiving the foregoing objections, and based on

8   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

9   follows:

10         Plaintiff will produce all responsive, non-privileged documents within

11  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

12  collecting additional documents and will produce any responsive to this Request on

13  a rolling basis.  Plaintiff will not produce documents already filed and served in this

14  action, nor will Plaintiff produce back any responsive documents that Defendants

15  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

16  although responsive to this Request, Plaintiffs are producing in response to other

17  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

18  are in Plaintiff's custody, possession, and control and are responsive to this Request,

19  as stated above, does not mean that such documents necessarily exist.

20  **REQUEST FOR PRODUCTION NO. 25:**

21         ALL DOCUMENTS evidencing the way(s) in which YOU were

22  discriminated against on the basis of race, color, national origin, or ethic group

23  identification under DEFENDANTS' policing programs, alternatives to pre-trial

24  custody programs, early release programs, and re-entry programs, including the date

25  of the discriminatory act(s).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

27         Plaintiff incorporates by reference the Preliminary Statement and General

28  Objections set forth above.  Plaintiff objects to this Request to the extent that the

1  time frame for this Request is undefined and this Request is therefore overbroad,

2  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3  Request to the extent that it seeks production of documents that are within the

4  possession, custody, and control of Defendants.  Plaintiff further objects to this

5  request to the extent it seeks disclosure of information protected by the attorney-

6  client privilege, work product doctrine, and all applicable privileges and privacy

7  protections regarding communications in relation to medical and mental health care.

8  Plaintiff further objects to this Request to the extent it seeks documents that are

9  equally available to Defendants because Plaintiff filed and served them in

10  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11  to this Request to the extent it seeks documents that are publicly available, including

12  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

14  discrimination on the basis of race, color, national origin, or ethic group

15  identification under Defendants' policing programs, alternatives to pre-trial custody

16  programs, early release programs, and re-entry programs affected Plaintiffs on an

17  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

18  this Request as seeking a narrative response or the creation of documents not

19  already in existence.  Plaintiff further objects to this Request as duplicative of other

20  Requests served by Defendants, including but not limited to Request No. 23.

21  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

22  and ambiguous.

23      Subject to and without waiving the foregoing objections, and based on

24  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

25  follows:

26      Plaintiff will produce all responsive, non-privileged documents within

27  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

28  collecting additional documents and will produce any responsive to this Request on

PLAINTIFF JESSE OLIVARES' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  a rolling basis.  Plaintiff will not produce documents already filed and served in this

2  action, nor will Plaintiff produce back any responsive documents that Defendants

3  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

4  although responsive to this Request, Plaintiffs are producing in response to other

5  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

6  are in Plaintiff's custody, possession, and control and are responsive to this Request,

7  as stated above, does not mean that such documents necessarily exist.

8

9

10  DATED:  October 31, 2023          Respectfully submitted,

11                                    ROSEN BIEN GALVAN & GRUNFELD LLP

12

13                                    By: */s/ Van Swearingen*

14                                        Van Swearingen

15                                    Attorneys for Plaintiffs and the

16                                    Certified Subclass

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF JESSE OLIVARES' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

# PROOF OF SERVICE

***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of . My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On October 31, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF JESSE OLIVARES' RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2023, at San Francisco, California.

_____
I. Kedra Chan

1

2

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

3

4

BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA  92101

BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, CA  95113-2336

5

6

7

Susan E. Coleman
 (SColeman@bwslaw.com)
Terri Mehra
 (TMehra@bwslaw.com)
Diana Favela
 (DFavela@bwslaw.com)

Elizabeth M. Pappy
 (EPappy@bwslaw.com)
Lucy Gonzalez
 (LGonzalez@bwslaw.com)

8

9

10

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA  92101-2469

11

12

Fernando Kish
 (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
 (Steven.Inman@sdcounty.ca.gov)

13

14

Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, and San Diego County Probation Department

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit P

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Subclass

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFF GUSTAVO SEPULVEDA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Judge:     Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

PROPOUNDING PARTY:  DEFENDANTS SAN DIEGO COUNTY SHERIFF'S

DEPARTMENT, COUNTY OF SAN DIEGO, AND

SAN DIEGO COUNTY PROBATION

DEPARTMENT

RESPONDING PARTY:  PLAINTIFF GUSTAVO SEPULVEDA

SET NO.:  ONE

**PRELIMINARY STATEMENT**

1.      These responses, while based on diligent exploration by Plaintiff and Plaintiff's counsel, reflect only the current status of Plaintiff's knowledge, understanding and belief responding to the matters about which inquiry has been made.  Discovery in this action is continuing and, consequently, Plaintiff may not yet fully understand the significance of certain information or facts, may not have yet discovered all information or facts pertinent to these requests, and may not have yet identified or located all persons with knowledge or pertinent information or facts.  Plaintiff relies on Plaintiff's counsel's ongoing investigation and discovery in this action relating to allegations, facts, and evidence generally applicable to putative class members, including Plaintiff.  As discovery in this action proceeds, Plaintiff may discover additional or different facts.  Plaintiff reserves the right to modify or supplement these responses with whatever pertinent information or facts as subsequently may be discovered.  Furthermore, these responses are without prejudice to Plaintiff's right to use or rely on at any time, including trial, any subsequently discovered information or facts, or information or facts omitted from these responses as a result of mistake, error, oversight or inadvertence.  Plaintiff further reserves the right to produce additional facts or documents in evidence at any time, including trial, and to object on appropriate grounds to the introduction into evidence of any portion of these responses.

2.    The responses set forth below are made without waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or related to the subject matter of the responses herein; or (3) the right to revise, correct, supplement or clarify any of the responses below, at any time.

## GENERAL OBJECTIONS

Plaintiff objects to each document request propounded by Defendants to the extent that:

1.    It seeks any document or information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the right of privacy guaranteed by the United States Constitution and federal and state law, and all other rights and privileges recognized under the constitutions, statutes, or decisional law of the United States and the state of California;

2.    It seeks any document or information protected against disclosure as the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives;

3.    It seeks documents or information not relevant to any party's claim or defense and/or is not proportional to the needs of the case;

4.    It would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or is overly broad;

5.    It is vague and ambiguous and does not include adequate definitions, specificity, or limiting factors (including but not limited to a narrowing time frame);

6.    It seeks documents outside of Plaintiff's possession, custody, or control;

7.    It seeks documents equally available to or already in the possession of Defendants;

1    8.    It seeks documents for an unreasonable, irrelevant, or unspecified

2    period of time;

3    9.    It is duplicative and repetitive, or purports to require Plaintiff to

4    produce the same documents more than once;

5    10.    It seeks to have Plaintiff make admissions on behalf of individuals

6    other than Plaintiff;

7    11.    It seeks all documents supporting contentions that relate to facts or the

8    application of law to facts and, as such, is premature and inappropriate in light of the

9    present stage of discovery.  Plaintiff has not completed an investigation of all of the

10    facts relating to this case, has not completed discovery in this action, and has not

11    completed preparation for depositions and trial.  Plaintiff expects to receive

12    documents and information through discovery that will concern and provide

13    information and documents responsive to such Requests, including documents in

14    Defendants' possession or the possession of third parties that have been sought by

15    Plaintiff in discovery but have not yet been produced.

16    12.    It seeks the reproduction of documents which have been or will be

17    produced by Defendants in this litigation.  Plaintiff will not search for or produce

18    responsive documents that were already in Defendants' possession and have been

19    produced by Defendants in response to Plaintiffs' document requests or its

20    disclosure obligations.

21    13.    It seeks documents that Plaintiff has already filed and served in this

22    action, including in connection with Plaintiffs' motions for preliminary injunction.

23    It also seeks documents that are publicly available and cited in Plaintiffs' Third

24    Amended Complaint.

25    14.    It seeks more than what is required to be produced under the Federal

26    Rules of Civil Procedure or otherwise conflicts with the Federal Rules of Civil

27    Procedure.

28

PLAINTIFF GUSTAVO SEPULVEDA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Plaintiff objects to Defendants' "Definitions and Instructions" to the extent that they seek to impose any obligation or burden on Plaintiffs beyond that required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Requests consistent with the Rules rather than Defendants' "Definitions and Instructions."

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiffs hereby respond as follows:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR claim that medical care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care.  Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

1  but not limited to those cited in Plaintiffs' Third Amended Complaint.

2      Subject to and without waiving the foregoing objections, and based on

3  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

4  follows:

5      Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents previously filed and served in

9  this action, nor will Plaintiff produce back any responsive documents that

10  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

11  documents that, although responsive to this Request, Plaintiffs are producing in

12  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

13  documents that are in Plaintiff's custody, possession, and control and are responsive

14  to this Request, as stated above, does not mean that such documents necessarily

15  exist.

16  **REQUEST FOR PRODUCTION NO. 2:**

17      ALL DOCUMENTS evidencing the changes which must be made to render

18  the medical care provided at the JAIL adequate.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20      Plaintiff incorporates by reference the Preliminary Statement and General

21  Objections set forth above.  Plaintiff objects to this Request to the extent that the

22  time frame for this Request is undefined and this Request is therefore overbroad,

23  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

24  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

25  this Request to the extent that it seeks production of documents that are within the

26  possession, custody, and control of Defendants.  Plaintiff further objects to this

27  Request to the extent it seeks disclosure of information protected by the attorney-

28  client privilege, work product doctrine, and all applicable privileges and privacy

protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to this Request as duplicative of other Requests served herein. Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs. All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate mental health care at the JAIL and the dates thereof.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2        Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Request to the extent that the

4  time frame for this Request is undefined and this Request is therefore overbroad,

5  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

6  Request to the extent that it seeks production of documents that are within the

7  possession, custody, and control of Defendants.  Plaintiff further objects to this

8  request to the extent it seeks disclosure of information protected by the attorney-

9  client privilege, work product doctrine, and all applicable privileges and privacy

10  protections regarding communications in relation to medical and mental health care.

11  Plaintiff further objects to this Request to the extent it seeks documents that are

12  equally available to Defendants because Plaintiff filed and served them in

13  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

14  to this Request to the extent it seeks documents that are publicly available, including

15  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

16  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

17  inadequate mental health care at the Jail affected Plaintiffs on an ongoing and

18  continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request

19  as seeking a narrative response or the creation of documents not already in

20  existence.  Plaintiff further objects to this Request as duplicative of other Requests

21  served by Defendants, including but not limited to Request No. 4.  Plaintiff further

22  objects to the undefined terms "affected" and "evidencing" in this Request as vague

23  and ambiguous.

24        Subject to and without waiving the foregoing objections, and based on

25  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

26  Plaintiff responds as follows:

27        Plaintiff will produce all responsive, non-privileged documents within

28  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

1  collecting additional documents and will produce any responsive to this Request on

2  a rolling basis.  Plaintiff will not produce documents already filed and served in this

3  action, nor will Plaintiff produce back any responsive documents that Defendants

4  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

5  although responsive to this Request, Plaintiffs are producing in response to other

6  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

7  are in Plaintiff's custody, possession, and control and are responsive to this Request,

8  as stated above, does not mean that such documents necessarily exist.

9  **REQUEST FOR PRODUCTION NO. 4:**

10       All DOCUMENTS supporting YOUR claim that mental health care at the

11  JAIL is inadequate as alleged in YOUR COMPLAINT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13       Plaintiff incorporates by reference the Preliminary Statement and General

14  Objections set forth above.  Plaintiff objects to this Request to the extent that the

15  time frame for this Request is undefined and this Request is therefore overbroad,

16  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

17  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

18  this Request to the extent that it seeks production of documents that are within the

19  possession, custody, and control of Defendants.  Plaintiff further objects to this

20  Request to the extent it seeks disclosure of information protected by the attorney-

21  client privilege, work product doctrine, and all applicable privileges and privacy

22  protections regarding communications in relation to medical or mental health care.

23  Plaintiff further objects to this Request to the extent it seeks documents that are

24  equally available to Defendants because Plaintiff filed and served them in

25  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

26  to this Request to the extent it seeks documents that are publicly available, including

27  but not limited to those cited in Plaintiffs' Third Amended Complaint.

28       Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

2  follows:

3         Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents previously filed and served in

7  this action, nor will Plaintiff produce back any responsive documents that

8  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

9  documents that, although responsive to this Request, Plaintiffs are producing in

10  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

11  documents that are in Plaintiff's custody, possession, and control and are responsive

12  to this Request, as stated above, does not mean that such documents necessarily

13  exist.

14  **REQUEST FOR PRODUCTION NO. 5:**

15         ALL DOCUMENTS evidencing the changes which must be made to render

16  the mental health care provided at the JAIL adequate.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18         Plaintiff incorporates by reference the Preliminary Statement and General

19  Objections set forth above.  Plaintiff objects to this Request to the extent that the

20  time frame for this Request is undefined and this Request is therefore overbroad,

21  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

22  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

23  this Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  Request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical or mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to this Request as duplicative of other Requests served herein. Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs. All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate mental health care at the JAIL and the dates thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Plaintiff objects to this Request as duplicative of Request No. 3. Plaintiff will

1  not re-produce documents in response to Request No. 6.

2  **REQUEST FOR PRODUCTION NO. 7:**

3      ALL DOCUMENTS supporting YOUR claim that dental care provided at the

4  JAIL is inadequate as alleged in YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6      Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Request to the extent that the

8  time frame for this Request is undefined and this Request is therefore overbroad,

9  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

10  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

11  this Request to the extent that it seeks production of documents that are within the

12  possession, custody, and control of Defendants.  Plaintiff further objects to this

13  Request to the extent it seeks disclosure of information protected by the attorney-

14  client privilege, work product doctrine, and all applicable privileges and privacy

15  protections regarding communications in relation to medical or mental health care.

16  Plaintiff further objects to this Request to the extent it seeks documents that are

17  equally available to Defendants because Plaintiff filed and served them in

18  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

19  to this Request to the extent it seeks documents that are publicly available, including

20  but not limited to those cited in Plaintiffs' Third Amended Complaint.

21      Subject to and without waiving the foregoing objections, and based on

22  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

23  follows:

24      Plaintiff will produce all responsive, non-privileged documents within

25  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

26  collecting additional documents and will produce any responsive to this Request on

27  a rolling basis.  Plaintiff will not produce documents previously filed and served in

28  this action, nor will Plaintiff produce back any responsive documents that

Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS evidencing the changes which must be made to make the dental care provided at the JAIL adequate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to this Request as duplicative of other Requests served herein.  Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

1  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the
2  same documents are responsive for all 14 Plaintiffs.

3        Subject to and without waiving the foregoing objections, and based on the
4  undefined term "evidencing," Plaintiff responds as follows:

5        Plaintiff will produce all responsive, non-privileged documents within
6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still
7  collecting additional documents and will produce any responsive to this Request on
8  a rolling basis.  Plaintiff will not produce documents already filed and served in this
9  action, nor will Plaintiff produce back any responsive documents that Defendants
10 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,
11 although responsive to this Request, Plaintiffs are producing in response to other
12 Requests herein.  Plaintiff's agreement to produce non-privileged documents that
13 are in Plaintiff's custody, possession, and control and are responsive to this Request,
14 as stated above, does not mean that such documents necessarily exist.

15 **REQUEST FOR PRODUCTION NO. 9:**

16       ALL DOCUMENTS evidencing the way(s) in which YOU were affected by
17 inadequate dental care at the JAIL and the dates thereof.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19       Plaintiff incorporates by reference the Preliminary Statement and General
20 Objections set forth above.  Plaintiff objects to this Request to the extent that the
21 time frame for this Request is undefined and this Request is therefore overbroad,
22 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this
23 Request to the extent that it seeks production of documents that are within the
24 possession, custody, and control of Defendants.  Plaintiff further objects to this
25 request to the extent it seeks disclosure of information protected by the attorney-
26 client privilege, work product doctrine, and all applicable privileges and privacy
27 protections regarding communications in relation to medical and mental health care.
28 Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate dental care at the Jail affected Plaintiffs on an ongoing and continuous

7  basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking

8  a narrative response or the creation of documents not already in existence.  Plaintiff

9  further objects to this Request as duplicative of other Requests served by

10  Defendants, including but not limited to Request No. 7.  Plaintiff further objects to

11  the undefined terms "affected" and "evidencing" in this Request as vague and

12  ambiguous.

13       Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16       Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 10:**

27       ALL DOCUMENTS supporting YOUR claim that the environmental health

28  and safety conditions are inadequate at the JAIL as alleged in YOUR

1  COMPLAINT.

2  **<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 10</u>:**

3       Plaintiff incorporates by reference the Preliminary Statement and General

4  Objections set forth above.  Plaintiff objects to this Request to the extent that the

5  time frame for this Request is undefined and this Request is therefore overbroad,

6  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

7  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

8  this Request to the extent that it seeks production of documents that are within the

9  possession, custody, and control of Defendants.  Plaintiff further objects to this

10  Request to the extent it seeks disclosure of information protected by the attorney-

11  client privilege, work product doctrine, and all applicable privileges and privacy

12  protections regarding communications in relation to medical or mental health care.

13  Plaintiff further objects to this Request to the extent it seeks documents that are

14  equally available to Defendants because Plaintiff filed and served them in

15  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

16  to this Request to the extent it seeks documents that are publicly available, including

17  but not limited to those cited in Plaintiffs' Third Amended Complaint.

18       Subject to and without waiving the foregoing objections, and based on

19  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

20  follows:

21       Plaintiff will produce all responsive, non-privileged documents within

22  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

23  collecting additional documents and will produce any responsive to this Request on

24  a rolling basis.  Plaintiff will not produce documents previously filed and served in

25  this action, nor will Plaintiff produce back any responsive documents that

26  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

27  documents that, although responsive to this Request, Plaintiffs are producing in

28  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

1  documents that are in Plaintiff's custody, possession, and control and are responsive

2  to this Request, as stated above, does not mean that such documents necessarily

3  exist.

4  **REQUEST FOR PRODUCTION NO. 11:**

5         ALL DOCUMENTS evidencing the changes which must be made to render

6  the environmental health and safety conditions at the JAIL adequate.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8         Plaintiff incorporates by reference the Preliminary Statement and General

9  Objections set forth above.  Plaintiff objects to this Request to the extent that the

10  time frame for this Request is undefined and this Request is therefore overbroad,

11  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

12  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

13  this Request to the extent that it seeks production of documents that are within the

14  possession, custody, and control of Defendants.  Plaintiff further objects to this

15  Request to the extent it seeks disclosure of information protected by the attorney-

16  client privilege, work product doctrine, and all applicable privileges and privacy

17  protections regarding communications in relation to medical or mental health care.

18  Plaintiff further objects to this Request to the extent it seeks documents that are

19  equally available to Defendants because Plaintiff filed and served them in

20  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

21  to this Request to the extent it seeks documents that are publicly available, including

22  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

23  further objects to this Request as duplicative of other Requests served herein.

24  Plaintiff further objects to this Request as duplicative, and therefore unduly

25  burdensome, harassing, and oppressive, because Defendants served the same

26  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

27  Amended Complaint and therefore the same documents are responsive for all 14

28  Plaintiffs.

PLAINTIFF GUSTAVO SEPULVEDA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1   Subject to and without waiving the foregoing objections, and based on

2   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

3   follows:

4   Plaintiff will produce all responsive, non-privileged documents within

5   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

6   collecting additional documents and will produce any responsive to this Request on

7   a rolling basis.  Plaintiff will not produce documents already filed and served in this

8   action, nor will Plaintiff produce back any responsive documents that Defendants

9   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

10  although responsive to this Request, Plaintiffs are producing in response to other

11  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

12  are in Plaintiff's custody, possession, and control and are responsive to this Request,

13  as stated above, does not mean that such documents necessarily exist.

14  **REQUEST FOR PRODUCTION NO. 12:**

15  ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

16  inadequate environmental health and safety conditions at the JAIL and the dates

17  thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19  Plaintiff incorporates by reference the Preliminary Statement and General

20  Objections set forth above.  Plaintiff objects to this Request to the extent that the

21  time frame for this Request is undefined and this Request is therefore overbroad,

22  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23  Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical and mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

PLAINTIFF GUSTAVO SEPULVEDA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate environmental health and safety conditions at the Jail affected Plaintiffs

7  on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of

8  "dates" in this Request as seeking a narrative response or the creation of documents

9  not already in existence.  Plaintiff further objects to this Request as duplicative of

10  other Requests served by Defendants, including but not limited to Request No. 10.

11  Plaintiff further objects to the undefined terms "affected" and "evidencing" in this

12  Request as vague and ambiguous.

13       Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16       Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 13:**

27       ALL DOCUMENTS supporting YOUR claim that the safety and security

28  provided at the JAIL is inadequate as alleged in YOUR COMPLAINT.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

2      Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Request to the extent that the

4  time frame for this Request is undefined and this Request is therefore overbroad,

5  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

6  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

7  this Request to the extent that it seeks production of documents that are within the

8  possession, custody, and control of Defendants.  Plaintiff further objects to this

9  Request to the extent it seeks disclosure of information protected by the attorney-

10 client privilege, work product doctrine, and all applicable privileges and privacy

11 protections regarding communications in relation to medical or mental health care.

12 Plaintiff further objects to this Request to the extent it seeks documents that are

13 equally available to Defendants because Plaintiff filed and served them in

14 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

15 to this Request to the extent it seeks documents that are publicly available, including

16 but not limited to those cited in Plaintiffs' Third Amended Complaint.

17      Subject to and without waiving the foregoing objections, and based on

18 Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

19 follows:

20      Plaintiff will produce all responsive, non-privileged documents within

21 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

22 collecting additional documents and will produce any responsive to this Request on

23 a rolling basis.  Plaintiff will not produce documents previously filed and served in

24 this action, nor will Plaintiff produce back any responsive documents that

25 Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

26 documents that, although responsive to this Request, Plaintiffs are producing in

27 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

28 documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      ALL DOCUMENTS evidencing the changes which must be made to render

5  the safety and security provided at the JAIL adequate.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

PLAINTIFF GUSTAVO SEPULVEDA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3        Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11  are in Plaintiff's custody, possession, and control and are responsive to this Request,

12  as stated above, does not mean that such documents necessarily exist.

13  **REQUEST FOR PRODUCTION NO. 15:**

14        ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

15  inadequate safety and security at the JAILS and the dates thereof.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17        Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Request to the extent that the

19  time frame for this Request is undefined and this Request is therefore overbroad,

20  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21  Request to the extent that it seeks production of documents that are within the

22  possession, custody, and control of Defendants.  Plaintiff further objects to this

23  request to the extent it seeks disclosure of information protected by the attorney-

24  client privilege, work product doctrine, and all applicable privileges and privacy

25  protections regarding communications in relation to medical and mental health care.

26  Plaintiff further objects to this Request to the extent it seeks documents that are

27  equally available to Defendants because Plaintiff filed and served them in

28  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1   to this Request to the extent it seeks documents that are publicly available, including

2   but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff

3   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4   inadequate safety and security at the Jail affected Plaintiffs on an ongoing and

5   continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request

6   as seeking a narrative response or the creation of documents not already in

7   existence. Plaintiff further objects to this Request as duplicative of other Requests

8   served by Defendants, including but not limited to Request No. 13. Plaintiff further

9   objects to the undefined terms "affected" and "evidencing" in this Request as vague

10  and ambiguous.

11      Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

13  Plaintiff responds as follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis. Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs. Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein. Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 16:**

25      ALL DOCUMENTS supporting YOUR claim that DEFENDANTS deny

26  Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR

27  COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 17:**

4      ALL DOCUMENTS evidencing the changes which must be made to provide

5  Incarcerated Persons at the JAIL access to legal counsel and the Courts.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS evidencing the way(s) in which YOU were denied access to legal counsel and the Court and the dates of said denials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects

1  to this Request to the extent it seeks documents that are publicly available, including

2  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4  inadequate access to legal counsel and the Court at the Jail affected Plaintiffs on an

5  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

6  this Request as seeking a narrative response or the creation of documents not

7  already in existence.  Plaintiff further objects to this Request as duplicative of other

8  Requests served by Defendants, including but not limited to Request No. 16.

9  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

10  and ambiguous.

11      Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 19:**

25      ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to

26  provide reasonable accommodations to Incarcerated People with Disabilities at the

27  JAIL as alleged in YOUR COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 20:**

4  ALL DOCUMENTS evidencing the changes which must be made at the JAIL

5  to provide reasonable accommodations to Incarcerated People with Disabilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7  Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served in connection with

19  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

20  to the extent it seeks documents that are publicly available, including but not limited

21  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

22  this Request as duplicative of other Requests served herein.  Plaintiff further objects

23  to this Request as duplicative, and therefore unduly burdensome, harassing, and

24  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

25  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

26  same documents are responsive for all 14 Plaintiffs.

27  Subject to and without waiving the foregoing objections, and based on

28  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS evidencing the way(s) in which YOU were denied reasonable accommodations by DEFENDANTS including the dates of said denials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the denial of reasonable accommodations at the Jail affected Plaintiffs on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence.  Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 19.  Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq.) prior to filing this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the

time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

PLAINTIFF GUSTAVO SEPULVEDA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on

1 a rolling basis. Plaintiff will not produce documents previously filed and served in

2 this action, nor will Plaintiff produce back any responsive documents that

3 Defendants have produced to Plaintiff. Plaintiff will not separately re-produce

4 documents that, although responsive to this Request, Plaintiffs are producing in

5 response to other Requests herein. Plaintiff's agreement to produce non-privileged

6 documents that are in Plaintiff's custody, possession, and control and are responsive

7 to this Request, as stated above, does not mean that such documents necessarily

8 exist.

9 **REQUEST FOR PRODUCTION NO. 24:**

10      ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out

11 policing programs, alternatives to pre-trial custody programs, early release

12 programs, and re-entry programs to avoid discrimination on the basis of race, color,

13 national origin, or ethic group identification.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

15      Plaintiff incorporates by reference the Preliminary Statement and General

16 Objections set forth above. Plaintiff objects to this Request to the extent that the

17 time frame for this Request is undefined and this Request is therefore overbroad,

18 harassing, unduly burdensome, and oppressive. Plaintiff further objects to the

19 undefined term "evidencing" as vague and ambiguous. Plaintiff further objects to

20 this Request to the extent that it seeks production of documents that are within the

21 possession, custody, and control of Defendants. Plaintiff further objects to this

22 Request to the extent it seeks disclosure of information protected by the attorney-

23 client privilege, work product doctrine, and all applicable privileges and privacy

24 protections regarding communications in relation to medical or mental health care.

25 Plaintiff further objects to this Request to the extent it seeks documents that are

26 equally available to Defendants because Plaintiff filed and served in connection with

27 Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request

28 to the extent it seeks documents that are publicly available, including but not limited

1  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

2  this Request as duplicative of other Requests served herein.  Plaintiff further objects

3  to this Request as duplicative, and therefore unduly burdensome, harassing, and

4  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

5  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

6  same documents are responsive for all 14 Plaintiffs.

7          Subject to and without waiving the foregoing objections, and based on

8  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

9  follows:

10          Plaintiff will produce all responsive, non-privileged documents within

11  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

12  collecting additional documents and will produce any responsive to this Request on

13  a rolling basis.  Plaintiff will not produce documents already filed and served in this

14  action, nor will Plaintiff produce back any responsive documents that Defendants

15  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

16  although responsive to this Request, Plaintiffs are producing in response to other

17  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

18  are in Plaintiff's custody, possession, and control and are responsive to this Request,

19  as stated above, does not mean that such documents necessarily exist.

20  **REQUEST FOR PRODUCTION NO. 25:**

21          ALL DOCUMENTS evidencing the way(s) in which YOU were

22  discriminated against on the basis of race, color, national origin, or ethic group

23  identification under DEFENDANTS' policing programs, alternatives to pre-trial

24  custody programs, early release programs, and re-entry programs, including the date

25  of the discriminatory act(s).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

27          Plaintiff incorporates by reference the Preliminary Statement and General

28  Objections set forth above.  Plaintiff objects to this Request to the extent that the

PLAINTIFF GUSTAVO SEPULVEDA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1   time frame for this Request is undefined and this Request is therefore overbroad,

2   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3   Request to the extent that it seeks production of documents that are within the

4   possession, custody, and control of Defendants.  Plaintiff further objects to this

5   request to the extent it seeks disclosure of information protected by the attorney-

6   client privilege, work product doctrine, and all applicable privileges and privacy

7   protections regarding communications in relation to medical and mental health care.

8   Plaintiff further objects to this Request to the extent it seeks documents that are

9   equally available to Defendants because Plaintiff filed and served them in

10  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11  to this Request to the extent it seeks documents that are publicly available, including

12  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

14  discrimination on the basis of race, color, national origin, or ethic group

15  identification under Defendants' policing programs, alternatives to pre-trial custody

16  programs, early release programs, and re-entry programs affected Plaintiffs on an

17  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

18  this Request as seeking a narrative response or the creation of documents not

19  already in existence.  Plaintiff further objects to this Request as duplicative of other

20  Requests served by Defendants, including but not limited to Request No. 23.

21  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

22  and ambiguous.

23      Subject to and without waiving the foregoing objections, and based on

24  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

25  follows:

26      Plaintiff will produce all responsive, non-privileged documents within

27  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

28  collecting additional documents and will produce any responsive to this Request on

PLAINTIFF GUSTAVO SEPULVEDA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1   a rolling basis.  Plaintiff will not produce documents already filed and served in this

2   action, nor will Plaintiff produce back any responsive documents that Defendants

3   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

4   although responsive to this Request, Plaintiffs are producing in response to other

5   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

6   are in Plaintiff's custody, possession, and control and are responsive to this Request,

7   as stated above, does not mean that such documents necessarily exist.

8

9

10  DATED:  October 31, 2023            Respectfully submitted,

11                                     ROSEN BIEN GALVAN & GRUNFELD LLP

12

13                                     By:  */s/ Van Swearingen*

14                                          Van Swearingen

15                                     Attorneys for Plaintiffs and the
16                                     Certified Subclass

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF GUSTAVO SEPULVEDA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

# PROOF OF SERVICE

***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of . My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On October 31, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF GUSTAVO SEPULVEDA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2023, at San Francisco, California.

_____
I. Kedra Chan

[4356205.10]

Case No. 3:20-cv-00406-AJB-DDL

PLAINTIFF GUSTAVO SEPULVEDA'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101

Susan E. Coleman
 (SColeman@bwslaw.com)
Terri Mehra
 (TMehra@bwslaw.com)
Diana Favela
 (DFavela@bwslaw.com)

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

Fernando Kish
 (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
 (Steven.Inman@sdcounty.ca.gov)

BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, CA 95113-2336

Elizabeth M. Pappy
 (EPappy@bwslaw.com)
Lucy Gonzalez
 (LGonzalez@bwslaw.com)

Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, and San Diego County Probation Department

# Exhibit Q

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Subclass

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 3:20-cv-00406-AJB-DDL <br><br> **PLAINTIFF MICHAEL TAYLOR'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** <br><br> Judge:      Hon. Anthony J. Battaglia <br> Magistrate: Hon. David D. Leshner <br><br> Trial Date: None Set |

PROPOUNDING PARTY:   DEFENDANTS SAN DIEGO COUNTY SHERIFF'S

DEPARTMENT, COUNTY OF SAN DIEGO, AND

SAN DIEGO COUNTY PROBATION

DEPARTMENT

RESPONDING PARTY:   PLAINTIFF MICHAEL TAYLOR

SET NO.:                      ONE


**PRELIMINARY STATEMENT**

1.      These responses, while based on diligent exploration by Plaintiff and Plaintiff's counsel, reflect only the current status of Plaintiff's knowledge, understanding and belief responding to the matters about which inquiry has been made.  Discovery in this action is continuing and, consequently, Plaintiff may not yet fully understand the significance of certain information or facts, may not have yet discovered all information or facts pertinent to these requests, and may not have yet identified or located all persons with knowledge or pertinent information or facts.  Plaintiff relies on Plaintiff's counsel's ongoing investigation and discovery in this action relating to allegations, facts, and evidence generally applicable to putative class members, including Plaintiff.  As discovery in this action proceeds, Plaintiff may discover additional or different facts.  Plaintiff reserves the right to modify or supplement these responses with whatever pertinent information or facts as subsequently may be discovered.  Furthermore, these responses are without prejudice to Plaintiff's right to use or rely on at any time, including trial, any subsequently discovered information or facts, or information or facts omitted from these responses as a result of mistake, error, oversight or inadvertence.  Plaintiff further reserves the right to produce additional facts or documents in evidence at any time, including trial, and to object on appropriate grounds to the introduction into evidence of any portion of these responses.

2.     The responses set forth below are made without waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or related to the subject matter of the responses herein; or (3) the right to revise, correct, supplement or clarify any of the responses below, at any time.

## GENERAL OBJECTIONS

Plaintiff objects to each document request propounded by Defendants to the extent that:

1.     It seeks any document or information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the right of privacy guaranteed by the United States Constitution and federal and state law, and all other rights and privileges recognized under the constitutions, statutes, or decisional law of the United States and the state of California;

2.     It seeks any document or information protected against disclosure as the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives;

3.     It seeks documents or information not relevant to any party's claim or defense and/or is not proportional to the needs of the case;

4.     It would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or is overly broad;

5.     It is vague and ambiguous and does not include adequate definitions, specificity, or limiting factors (including but not limited to a narrowing time frame);

6.     It seeks documents outside of Plaintiff's possession, custody, or control;

7.     It seeks documents equally available to or already in the possession of Defendants;

8.      It seeks documents for an unreasonable, irrelevant, or unspecified period of time;

9.      It is duplicative and repetitive, or purports to require Plaintiff to produce the same documents more than once;

10.     It seeks to have Plaintiff make admissions on behalf of individuals other than Plaintiff;

11.     It seeks all documents supporting contentions that relate to facts or the application of law to facts and, as such, is premature and inappropriate in light of the present stage of discovery.  Plaintiff has not completed an investigation of all of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for depositions and trial.  Plaintiff expects to receive documents and information through discovery that will concern and provide information and documents responsive to such Requests, including documents in Defendants' possession or the possession of third parties that have been sought by Plaintiff in discovery but have not yet been produced.

12.     It seeks the reproduction of documents which have been or will be produced by Defendants in this litigation.  Plaintiff will not search for or produce responsive documents that were already in Defendants' possession and have been produced by Defendants in response to Plaintiffs' document requests or its disclosure obligations.

13.     It seeks documents that Plaintiff has already filed and served in this action, including in connection with Plaintiffs' motions for preliminary injunction. It also seeks documents that are publicly available and cited in Plaintiffs' Third Amended Complaint.

14.     It seeks more than what is required to be produced under the Federal Rules of Civil Procedure or otherwise conflicts with the Federal Rules of Civil Procedure.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Plaintiff objects to Defendants' "Definitions and Instructions" to the extent that they seek to impose any obligation or burden on Plaintiffs beyond that required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Requests consistent with the Rules rather than Defendants' "Definitions and Instructions."

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiffs hereby respond as follows:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR claim that medical care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

PLAINTIFF MICHAEL TAYLOR'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  but not limited to those cited in Plaintiffs' Third Amended Complaint.

2      Subject to and without waiving the foregoing objections, and based on

3  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

4  follows:

5      Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents previously filed and served in

9  this action, nor will Plaintiff produce back any responsive documents that

10 Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

11 documents that, although responsive to this Request, Plaintiffs are producing in

12 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

13 documents that are in Plaintiff's custody, possession, and control and are responsive

14 to this Request, as stated above, does not mean that such documents necessarily

15 exist.

16 **REQUEST FOR PRODUCTION NO. 2:**

17     ALL DOCUMENTS evidencing the changes which must be made to render

18 the medical care provided at the JAIL adequate.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20     Plaintiff incorporates by reference the Preliminary Statement and General

21 Objections set forth above.  Plaintiff objects to this Request to the extent that the

22 time frame for this Request is undefined and this Request is therefore overbroad,

23 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

24 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

25 this Request to the extent that it seeks production of documents that are within the

26 possession, custody, and control of Defendants.  Plaintiff further objects to this

27 Request to the extent it seeks disclosure of information protected by the attorney-

28 client privilege, work product doctrine, and all applicable privileges and privacy

protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to this Request as duplicative of other Requests served herein. Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs. All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate mental health care at the JAIL and the dates thereof.

PLAINTIFF MICHAEL TAYLOR'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical and mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate mental health care at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 4. Plaintiff further objects to the undefined terms "affected" and "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined terms "affected" and "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still

PLAINTIFF MICHAEL TAYLOR'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  collecting additional documents and will produce any responsive to this Request on

2  a rolling basis.  Plaintiff will not produce documents already filed and served in this

3  action, nor will Plaintiff produce back any responsive documents that Defendants

4  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

5  although responsive to this Request, Plaintiffs are producing in response to other

6  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

7  are in Plaintiff's custody, possession, and control and are responsive to this Request,

8  as stated above, does not mean that such documents necessarily exist.

9  **REQUEST FOR PRODUCTION NO. 4:**

10        All DOCUMENTS supporting YOUR claim that mental health care at the

11  JAIL is inadequate as alleged in YOUR COMPLAINT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13        Plaintiff incorporates by reference the Preliminary Statement and General

14  Objections set forth above.  Plaintiff objects to this Request to the extent that the

15  time frame for this Request is undefined and this Request is therefore overbroad,

16  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

17  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

18  this Request to the extent that it seeks production of documents that are within the

19  possession, custody, and control of Defendants.  Plaintiff further objects to this

20  Request to the extent it seeks disclosure of information protected by the attorney-

21  client privilege, work product doctrine, and all applicable privileges and privacy

22  protections regarding communications in relation to medical or mental health care.

23  Plaintiff further objects to this Request to the extent it seeks documents that are

24  equally available to Defendants because Plaintiff filed and served them in

25  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

26  to this Request to the extent it seeks documents that are publicly available, including

27  but not limited to those cited in Plaintiffs' Third Amended Complaint.

28        Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

2  follows:

3      Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents previously filed and served in

7  this action, nor will Plaintiff produce back any responsive documents that

8  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

9  documents that, although responsive to this Request, Plaintiffs are producing in

10  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

11  documents that are in Plaintiff's custody, possession, and control and are responsive

12  to this Request, as stated above, does not mean that such documents necessarily

13  exist.

14  **REQUEST FOR PRODUCTION NO. 5:**

15      ALL DOCUMENTS evidencing the changes which must be made to render

16  the mental health care provided at the JAIL adequate.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18      Plaintiff incorporates by reference the Preliminary Statement and General

19  Objections set forth above.  Plaintiff objects to this Request to the extent that the

20  time frame for this Request is undefined and this Request is therefore overbroad,

21  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

22  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

23  this Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  Request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical or mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff

5  further objects to this Request as duplicative of other Requests served herein.

6  Plaintiff further objects to this Request as duplicative, and therefore unduly

7  burdensome, harassing, and oppressive, because Defendants served the same

8  Request on all 14 Plaintiffs. All 14 Plaintiffs seek the same relief in the Third

9  Amended Complaint and therefore the same documents are responsive for all 14

10 Plaintiffs.

11      Subject to and without waiving the foregoing objections, and based on

12 Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13 follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15 Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still

16 collecting additional documents and will produce any responsive to this Request on

17 a rolling basis. Plaintiff will not produce documents already filed and served in this

18 action, nor will Plaintiff produce back any responsive documents that Defendants

19 have produced to Plaintiffs. Plaintiff will not separately re-produce documents that,

20 although responsive to this Request, Plaintiffs are producing in response to other

21 Requests herein. Plaintiff's agreement to produce non-privileged documents that

22 are in Plaintiff's custody, possession, and control and are responsive to this Request,

23 as stated above, does not mean that such documents necessarily exist.

24 **REQUEST FOR PRODUCTION NO. 6:**

25      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

26 inadequate mental health care at the JAIL and the dates thereof.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

28      Plaintiff objects to this Request as duplicative of Request No. 3. Plaintiff will

PLAINTIFF MICHAEL TAYLOR'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  not re-produce documents in response to Request No. 6.

2  **REQUEST FOR PRODUCTION NO. 7:**

3      ALL DOCUMENTS supporting YOUR claim that dental care provided at the

4  JAIL is inadequate as alleged in YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6      Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Request to the extent that the

8  time frame for this Request is undefined and this Request is therefore overbroad,

9  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

10  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

11  this Request to the extent that it seeks production of documents that are within the

12  possession, custody, and control of Defendants.  Plaintiff further objects to this

13  Request to the extent it seeks disclosure of information protected by the attorney-

14  client privilege, work product doctrine, and all applicable privileges and privacy

15  protections regarding communications in relation to medical or mental health care.

16  Plaintiff further objects to this Request to the extent it seeks documents that are

17  equally available to Defendants because Plaintiff filed and served them in

18  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

19  to this Request to the extent it seeks documents that are publicly available, including

20  but not limited to those cited in Plaintiffs' Third Amended Complaint.

21      Subject to and without waiving the foregoing objections, and based on

22  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

23  follows:

24      Plaintiff will produce all responsive, non-privileged documents within

25  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

26  collecting additional documents and will produce any responsive to this Request on

27  a rolling basis.  Plaintiff will not produce documents previously filed and served in

28  this action, nor will Plaintiff produce back any responsive documents that

1  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

2  documents that, although responsive to this Request, Plaintiffs are producing in

3  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

4  documents that are in Plaintiff's custody, possession, and control and are responsive

5  to this Request, as stated above, does not mean that such documents necessarily

6  exist.

7  **REQUEST FOR PRODUCTION NO. 8:**

8      ALL DOCUMENTS evidencing the changes which must be made to make

9  the dental care provided at the JAIL adequate.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11      Plaintiff incorporates by reference the Preliminary Statement and General

12  Objections set forth above.  Plaintiff objects to this Request to the extent that the

13  time frame for this Request is undefined and this Request is therefore overbroad,

14  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

15  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

16  this Request to the extent that it seeks production of documents that are within the

17  possession, custody, and control of Defendants.  Plaintiff further objects to this

18  Request to the extent it seeks disclosure of information protected by the attorney-

19  client privilege, work product doctrine, and all applicable privileges and privacy

20  protections regarding communications in relation to medical or mental health care.

21  Plaintiff further objects to this Request to the extent it seeks documents that are

22  equally available to Defendants because Plaintiff filed and served in connection with

23  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

24  to the extent it seeks documents that are publicly available, including but not limited

25  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

26  this Request as duplicative of other Requests served herein.  Plaintiff further objects

27  to this Request as duplicative, and therefore unduly burdensome, harassing, and

28  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

1  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

2  same documents are responsive for all 14 Plaintiffs.

3       Subject to and without waiving the foregoing objections, and based on the

4  undefined term "evidencing," Plaintiff responds as follows:

5       Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents already filed and served in this

9  action, nor will Plaintiff produce back any responsive documents that Defendants

10 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

11 although responsive to this Request, Plaintiffs are producing in response to other

12 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

13 are in Plaintiff's custody, possession, and control and are responsive to this Request,

14 as stated above, does not mean that such documents necessarily exist.

15 **REQUEST FOR PRODUCTION NO. 9:**

16      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

17 inadequate dental care at the JAIL and the dates thereof.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19      Plaintiff incorporates by reference the Preliminary Statement and General

20 Objections set forth above.  Plaintiff objects to this Request to the extent that the

21 time frame for this Request is undefined and this Request is therefore overbroad,

22 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23 Request to the extent that it seeks production of documents that are within the

24 possession, custody, and control of Defendants.  Plaintiff further objects to this

25 request to the extent it seeks disclosure of information protected by the attorney-

26 client privilege, work product doctrine, and all applicable privileges and privacy

27 protections regarding communications in relation to medical and mental health care.

28 Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate dental care at the Jail affected Plaintiffs on an ongoing and continuous

7  basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking

8  a narrative response or the creation of documents not already in existence.  Plaintiff

9  further objects to this Request as duplicative of other Requests served by

10  Defendants, including but not limited to Request No. 7.  Plaintiff further objects to

11  the undefined terms "affected" and "evidencing" in this Request as vague and

12  ambiguous.

13      Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16      Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 10:**

27      ALL DOCUMENTS supporting YOUR claim that the environmental health

28  and safety conditions are inadequate at the JAIL as alleged in YOUR

1  COMPLAINT.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

3      Plaintiff incorporates by reference the Preliminary Statement and General

4  Objections set forth above.  Plaintiff objects to this Request to the extent that the

5  time frame for this Request is undefined and this Request is therefore overbroad,

6  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

7  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

8  this Request to the extent that it seeks production of documents that are within the

9  possession, custody, and control of Defendants.  Plaintiff further objects to this

10  Request to the extent it seeks disclosure of information protected by the attorney-

11  client privilege, work product doctrine, and all applicable privileges and privacy

12  protections regarding communications in relation to medical or mental health care.

13  Plaintiff further objects to this Request to the extent it seeks documents that are

14  equally available to Defendants because Plaintiff filed and served them in

15  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

16  to this Request to the extent it seeks documents that are publicly available, including

17  but not limited to those cited in Plaintiffs' Third Amended Complaint.

18      Subject to and without waiving the foregoing objections, and based on

19  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

20  follows:

21      Plaintiff will produce all responsive, non-privileged documents within

22  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

23  collecting additional documents and will produce any responsive to this Request on

24  a rolling basis.  Plaintiff will not produce documents previously filed and served in

25  this action, nor will Plaintiff produce back any responsive documents that

26  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

27  documents that, although responsive to this Request, Plaintiffs are producing in

28  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

PLAINTIFF MICHAEL TAYLOR'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  documents that are in Plaintiff's custody, possession, and control and are responsive

2  to this Request, as stated above, does not mean that such documents necessarily

3  exist.

4  **REQUEST FOR PRODUCTION NO. 11:**

5      ALL DOCUMENTS evidencing the changes which must be made to render

6  the environmental health and safety conditions at the JAIL adequate.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8      Plaintiff incorporates by reference the Preliminary Statement and General

9  Objections set forth above.  Plaintiff objects to this Request to the extent that the

10  time frame for this Request is undefined and this Request is therefore overbroad,

11  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

12  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

13  this Request to the extent that it seeks production of documents that are within the

14  possession, custody, and control of Defendants.  Plaintiff further objects to this

15  Request to the extent it seeks disclosure of information protected by the attorney-

16  client privilege, work product doctrine, and all applicable privileges and privacy

17  protections regarding communications in relation to medical or mental health care.

18  Plaintiff further objects to this Request to the extent it seeks documents that are

19  equally available to Defendants because Plaintiff filed and served them in

20  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

21  to this Request to the extent it seeks documents that are publicly available, including

22  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

23  further objects to this Request as duplicative of other Requests served herein.

24  Plaintiff further objects to this Request as duplicative, and therefore unduly

25  burdensome, harassing, and oppressive, because Defendants served the same

26  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

27  Amended Complaint and therefore the same documents are responsive for all 14

28  Plaintiffs.

1   Subject to and without waiving the foregoing objections, and based on

2   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

3   follows:

4   Plaintiff will produce all responsive, non-privileged documents within

5   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

6   collecting additional documents and will produce any responsive to this Request on

7   a rolling basis.  Plaintiff will not produce documents already filed and served in this

8   action, nor will Plaintiff produce back any responsive documents that Defendants

9   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

10  although responsive to this Request, Plaintiffs are producing in response to other

11  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

12  are in Plaintiff's custody, possession, and control and are responsive to this Request,

13  as stated above, does not mean that such documents necessarily exist.

14  **REQUEST FOR PRODUCTION NO. 12:**

15  ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

16  inadequate environmental health and safety conditions at the JAIL and the dates

17  thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19  Plaintiff incorporates by reference the Preliminary Statement and General

20  Objections set forth above.  Plaintiff objects to this Request to the extent that the

21  time frame for this Request is undefined and this Request is therefore overbroad,

22  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23  Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical and mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

PLAINTIFF MICHAEL TAYLOR'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1 equally available to Defendants because Plaintiff filed and served them in

2 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3 to this Request to the extent it seeks documents that are publicly available, including

4 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5 further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6 inadequate environmental health and safety conditions at the Jail affected Plaintiffs

7 on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of

8 "dates" in this Request as seeking a narrative response or the creation of documents

9 not already in existence.  Plaintiff further objects to this Request as duplicative of

10 other Requests served by Defendants, including but not limited to Request No. 10.

11 Plaintiff further objects to the undefined terms "affected" and "evidencing" in this

12 Request as vague and ambiguous.

13       Subject to and without waiving the foregoing objections, and based on

14 Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15 Plaintiff responds as follows:

16       Plaintiff will produce all responsive, non-privileged documents within

17 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18 collecting additional documents and will produce any responsive to this Request on

19 a rolling basis.  Plaintiff will not produce documents already filed and served in this

20 action, nor will Plaintiff produce back any responsive documents that Defendants

21 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22 although responsive to this Request, Plaintiffs are producing in response to other

23 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24 are in Plaintiff's custody, possession, and control and are responsive to this Request,

25 as stated above, does not mean that such documents necessarily exist.

26 **<u>REQUEST FOR PRODUCTION NO. 13:</u>**

27       ALL DOCUMENTS supporting YOUR claim that the safety and security

28 provided at the JAIL is inadequate as alleged in YOUR COMPLAINT.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

2          Plaintiff incorporates by reference the Preliminary Statement and General

3    Objections set forth above.  Plaintiff objects to this Request to the extent that the

4    time frame for this Request is undefined and this Request is therefore overbroad,

5    harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

6    undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

7    this Request to the extent that it seeks production of documents that are within the

8    possession, custody, and control of Defendants.  Plaintiff further objects to this

9    Request to the extent it seeks disclosure of information protected by the attorney-

10    client privilege, work product doctrine, and all applicable privileges and privacy

11    protections regarding communications in relation to medical or mental health care.

12    Plaintiff further objects to this Request to the extent it seeks documents that are

13    equally available to Defendants because Plaintiff filed and served them in

14    connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

15    to this Request to the extent it seeks documents that are publicly available, including

16    but not limited to those cited in Plaintiffs' Third Amended Complaint.

17          Subject to and without waiving the foregoing objections, and based on

18    Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

19    follows:

20          Plaintiff will produce all responsive, non-privileged documents within

21    Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

22    collecting additional documents and will produce any responsive to this Request on

23    a rolling basis.  Plaintiff will not produce documents previously filed and served in

24    this action, nor will Plaintiff produce back any responsive documents that

25    Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

26    documents that, although responsive to this Request, Plaintiffs are producing in

27    response to other Requests herein.  Plaintiff's agreement to produce non-privileged

28    documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      ALL DOCUMENTS evidencing the changes which must be made to render

5  the safety and security provided at the JAIL adequate.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12 this Request to the extent that it seeks production of documents that are within the

13 possession, custody, and control of Defendants.  Plaintiff further objects to this

14 Request to the extent it seeks disclosure of information protected by the attorney-

15 client privilege, work product doctrine, and all applicable privileges and privacy

16 protections regarding communications in relation to medical or mental health care.

17 Plaintiff further objects to this Request to the extent it seeks documents that are

18 equally available to Defendants because Plaintiff filed and served them in

19 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20 to this Request to the extent it seeks documents that are publicly available, including

21 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22 further objects to this Request as duplicative of other Requests served herein.

23 Plaintiff further objects to this Request as duplicative, and therefore unduly

24 burdensome, harassing, and oppressive, because Defendants served the same

25 Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26 Amended Complaint and therefore the same documents are responsive for all 14

27 Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3        Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11  are in Plaintiff's custody, possession, and control and are responsive to this Request,

12  as stated above, does not mean that such documents necessarily exist.

13  **REQUEST FOR PRODUCTION NO. 15:**

14        ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

15  inadequate safety and security at the JAILS and the dates thereof.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17        Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Request to the extent that the

19  time frame for this Request is undefined and this Request is therefore overbroad,

20  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21  Request to the extent that it seeks production of documents that are within the

22  possession, custody, and control of Defendants.  Plaintiff further objects to this

23  request to the extent it seeks disclosure of information protected by the attorney-

24  client privilege, work product doctrine, and all applicable privileges and privacy

25  protections regarding communications in relation to medical and mental health care.

26  Plaintiff further objects to this Request to the extent it seeks documents that are

27  equally available to Defendants because Plaintiff filed and served them in

28  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1   to this Request to the extent it seeks documents that are publicly available, including

2   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4   inadequate safety and security at the Jail affected Plaintiffs on an ongoing and

5   continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request

6   as seeking a narrative response or the creation of documents not already in

7   existence.  Plaintiff further objects to this Request as duplicative of other Requests

8   served by Defendants, including but not limited to Request No. 13.  Plaintiff further

9   objects to the undefined terms "affected" and "evidencing" in this Request as vague

10  and ambiguous.

11        Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

13  Plaintiff responds as follows:

14        Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 16:**

25        ALL DOCUMENTS supporting YOUR claim that DEFENDANTS deny

26  Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR

27  COMPLAINT.

28

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 16:</u>**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 17:**

4      ALL DOCUMENTS evidencing the changes which must be made to provide

5  Incarcerated Persons at the JAIL access to legal counsel and the Courts.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3        Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11  are in Plaintiff's custody, possession, and control and are responsive to this Request,

12  as stated above, does not mean that such documents necessarily exist.

13  **REQUEST FOR PRODUCTION NO. 18:**

14        ALL DOCUMENTS evidencing the way(s) in which YOU were denied

15  access to legal counsel and the Court and the dates of said denials.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

17        Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Request to the extent that the

19  time frame for this Request is undefined and this Request is therefore overbroad,

20  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21  Request to the extent that it seeks production of documents that are within the

22  possession, custody, and control of Defendants.  Plaintiff further objects to this

23  request to the extent it seeks disclosure of information protected by the attorney-

24  client privilege, work product doctrine, and all applicable privileges and privacy

25  protections regarding communications in relation to medical and mental health care.

26  Plaintiff further objects to this Request to the extent it seeks documents that are

27  equally available to Defendants because Plaintiff filed and served them in

28  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1  to this Request to the extent it seeks documents that are publicly available, including

2  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4  inadequate access to legal counsel and the Court at the Jail affected Plaintiffs on an

5  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

6  this Request as seeking a narrative response or the creation of documents not

7  already in existence.  Plaintiff further objects to this Request as duplicative of other

8  Requests served by Defendants, including but not limited to Request No. 16.

9  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

10 and ambiguous.

11      Subject to and without waiving the foregoing objections, and based on

12 Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13 follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16 collecting additional documents and will produce any responsive to this Request on

17 a rolling basis.  Plaintiff will not produce documents already filed and served in this

18 action, nor will Plaintiff produce back any responsive documents that Defendants

19 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20 although responsive to this Request, Plaintiffs are producing in response to other

21 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22 are in Plaintiff's custody, possession, and control and are responsive to this Request,

23 as stated above, does not mean that such documents necessarily exist.

24 **REQUEST FOR PRODUCTION NO. 19:**

25      ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to

26 provide reasonable accommodations to Incarcerated People with Disabilities at the

27 JAIL as alleged in YOUR COMPLAINT.

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

2          Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Request to the extent that the

4  time frame for this Request is undefined and this Request is therefore overbroad,

5  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

6  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

7  this Request to the extent that it seeks production of documents that are within the

8  possession, custody, and control of Defendants.  Plaintiff further objects to this

9  Request to the extent it seeks disclosure of information protected by the attorney-

10  client privilege, work product doctrine, and all applicable privileges and privacy

11  protections regarding communications in relation to medical or mental health care.

12  Plaintiff further objects to this Request to the extent it seeks documents that are

13  equally available to Defendants because Plaintiff filed and served them in

14  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

15  to this Request to the extent it seeks documents that are publicly available, including

16  but not limited to those cited in Plaintiffs' Third Amended Complaint.

17          Subject to and without waiving the foregoing objections, and based on

18  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

19  follows:

20          Plaintiff will produce all responsive, non-privileged documents within

21  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

22  collecting additional documents and will produce any responsive to this Request on

23  a rolling basis.  Plaintiff will not produce documents previously filed and served in

24  this action, nor will Plaintiff produce back any responsive documents that

25  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

26  documents that, although responsive to this Request, Plaintiffs are producing in

27  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

28  documents that are in Plaintiff's custody, possession, and control and are responsive

1 to this Request, as stated above, does not mean that such documents necessarily

2 exist.

3 **REQUEST FOR PRODUCTION NO. 20:**

4    ALL DOCUMENTS evidencing the changes which must be made at the JAIL

5 to provide reasonable accommodations to Incarcerated People with Disabilities.

6 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7    Plaintiff incorporates by reference the Preliminary Statement and General

8 Objections set forth above.  Plaintiff objects to this Request to the extent that the

9 time frame for this Request is undefined and this Request is therefore overbroad,

10 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12 this Request to the extent that it seeks production of documents that are within the

13 possession, custody, and control of Defendants.  Plaintiff further objects to this

14 Request to the extent it seeks disclosure of information protected by the attorney-

15 client privilege, work product doctrine, and all applicable privileges and privacy

16 protections regarding communications in relation to medical or mental health care.

17 Plaintiff further objects to this Request to the extent it seeks documents that are

18 equally available to Defendants because Plaintiff filed and served in connection with

19 Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

20 to the extent it seeks documents that are publicly available, including but not limited

21 to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

22 this Request as duplicative of other Requests served herein.  Plaintiff further objects

23 to this Request as duplicative, and therefore unduly burdensome, harassing, and

24 oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

25 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

26 same documents are responsive for all 14 Plaintiffs.

27    Subject to and without waiving the foregoing objections, and based on

28 Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

1  follows:

2       Plaintiff will produce all responsive, non-privileged documents within

3  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

4  collecting additional documents and will produce any responsive to this Request on

5  a rolling basis.  Plaintiff will not produce documents already filed and served in this

6  action, nor will Plaintiff produce back any responsive documents that Defendants

7  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

8  although responsive to this Request, Plaintiffs are producing in response to other

9  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

10  are in Plaintiff's custody, possession, and control and are responsive to this Request,

11  as stated above, does not mean that such documents necessarily exist.

12  **REQUEST FOR PRODUCTION NO. 21:**

13       ALL DOCUMENTS evidencing the way(s) in which YOU were denied

14  reasonable accommodations by DEFENDANTS including the dates of said denials.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16       Plaintiff incorporates by reference the Preliminary Statement and General

17  Objections set forth above.  Plaintiff objects to this Request to the extent that the

18  time frame for this Request is undefined and this Request is therefore overbroad,

19  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

20  Request to the extent that it seeks production of documents that are within the

21  possession, custody, and control of Defendants.  Plaintiff further objects to this

22  request to the extent it seeks disclosure of information protected by the attorney-

23  client privilege, work product doctrine, and all applicable privileges and privacy

24  protections regarding communications in relation to medical and mental health care.

25  Plaintiff further objects to this Request to the extent it seeks documents that are

26  equally available to Defendants because Plaintiff filed and served them in

27  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

28  to this Request to the extent it seeks documents that are publicly available, including

but not limited to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the denial of reasonable accommodations at the Jail affected Plaintiffs on an ongoing and continuous basis. Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence. Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 19. Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq.) prior to filing this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the

1  time frame for this Request is undefined and this Request is therefore overbroad,

2  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3  Request to the extent that it seeks production of documents that are within the

4  possession, custody, and control of Defendants.  Plaintiff further objects to this

5  request to the extent it seeks disclosure of information protected by the attorney-

6  client privilege, work product doctrine, and all applicable privileges and privacy

7  protections regarding communications in relation to medical and mental health care.

8  Plaintiff further objects to this Request to the extent it seeks documents that are

9  equally available to Defendants because Plaintiff filed and served them in

10 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11 to this Request to the extent it seeks documents that are publicly available, including

12 but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13 further objects to the undefined term "evidencing" in this Request as vague and

14 ambiguous.

15      Subject to and without waiving the foregoing objections, and based on

16 Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

17 follows:

18      Plaintiff will produce all responsive, non-privileged documents within

19 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

20 collecting additional documents and will produce any responsive to this Request on

21 a rolling basis.  Plaintiff will not produce documents already filed and served in this

22 action, nor will Plaintiff produce back any responsive documents that Defendants

23 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

24 although responsive to this Request, Plaintiffs are producing in response to other

25 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

26 are in Plaintiff's custody, possession, and control and are responsive to this Request,

27 as stated above, does not mean that such documents necessarily exist.

28

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on

a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 24:**

ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs to avoid discrimination on the basis of race, color, national origin, or ethic group identification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited

to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to this Request as duplicative of other Requests served herein.  Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS evidencing the way(s) in which YOU were discriminated against on the basis of race, color, national origin, or ethic group identification under DEFENDANTS' policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs, including the date of the discriminatory act(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the

1    time frame for this Request is undefined and this Request is therefore overbroad,

2    harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3    Request to the extent that it seeks production of documents that are within the

4    possession, custody, and control of Defendants.  Plaintiff further objects to this

5    request to the extent it seeks disclosure of information protected by the attorney-

6    client privilege, work product doctrine, and all applicable privileges and privacy

7    protections regarding communications in relation to medical and mental health care.

8    Plaintiff further objects to this Request to the extent it seeks documents that are

9    equally available to Defendants because Plaintiff filed and served them in

10   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11   to this Request to the extent it seeks documents that are publicly available, including

12   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

14   discrimination on the basis of race, color, national origin, or ethic group

15   identification under Defendants' policing programs, alternatives to pre-trial custody

16   programs, early release programs, and re-entry programs affected Plaintiffs on an

17   ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

18   this Request as seeking a narrative response or the creation of documents not

19   already in existence.  Plaintiff further objects to this Request as duplicative of other

20   Requests served by Defendants, including but not limited to Request No. 23.

21   Plaintiff further objects to the undefined term "evidencing" in this Request as vague

22   and ambiguous.

23        Subject to and without waiving the foregoing objections, and based on

24   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

25   follows:

26        Plaintiff will produce all responsive, non-privileged documents within

27   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

28   collecting additional documents and will produce any responsive to this Request on

1  a rolling basis.  Plaintiff will not produce documents already filed and served in this

2  action, nor will Plaintiff produce back any responsive documents that Defendants

3  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

4  although responsive to this Request, Plaintiffs are producing in response to other

5  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

6  are in Plaintiff's custody, possession, and control and are responsive to this Request,

7  as stated above, does not mean that such documents necessarily exist.

8

9

10  DATED:  October 31, 2023              Respectfully submitted,

11                                        ROSEN BIEN GALVAN & GRUNFELD LLP

12

13                                        By: /s/ Van Swearingen

14                                             Van Swearingen

15                                        Attorneys for Plaintiffs and the
16                                        Certified Subclass

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of .  My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On October 31, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF MICHAEL TAYLOR'S RESPONSES TO DEFENDANTS'
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2023, at San Francisco, California.

_____
I. Kedra Chan

**SERVICE LIST**
***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101

Susan E. Coleman
   (SColeman@bwslaw.com)
Terri Mehra
   (TMehra@bwslaw.com)
Diana Favela
   (DFavela@bwslaw.com)

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

Fernando Kish
   (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
   (Steven.Inman@sdcounty.ca.gov)

BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, CA 95113-2336

Elizabeth M. Pappy
   (EPappy@bwslaw.com)
Lucy Gonzalez
   (LGonzalez@bwslaw.com)

Attorneys for Defendants County of San Diego, San Diego County Sheriff's
Department, and San Diego County Probation Department

# Exhibit R

1  GAY C. GRUNFELD – 121944
   VAN SWEARINGEN – 259809
2  PRIYAH KAUL – 307956
   ERIC MONEK ANDERSON – 320934
3  HANNAH M. CHARTOFF – 324529
   ROSEN BIEN
4  GALVAN & GRUNFELD LLP
   101 Mission Street, Sixth Floor
5  San Francisco, California 94105-1738
   Telephone:  (415) 433-6830
6  Facsimile:   (415) 433-7104
   ggrunfeld@rbgg.com
7  vswearingen@rbgg.com
   pkaul@rbgg.com
8  eanderson@rbgg.com
   hchartoff@rbgg.com
9
   AARON J. FISCHER – 247391
10 LAW OFFICE OF
   AARON J. FISCHER
11 1400 Shattuck Square Suite 12 - #344
   Berkeley, California 94709
12 Telephone:  (510) 806-7366
   Facsimile:   (510) 694-6314
13 ajf@aaronfischerlaw.com

14 Attorneys for Plaintiffs and the
   Certified Subclass

15

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

16              UNITED STATES DISTRICT COURT

17            SOUTHERN DISTRICT OF CALIFORNIA

18 DARRYL DUNSMORE, ANDREE
   ANDRADE, ERNEST ARCHULETA,
19 JAMES CLARK, ANTHONY EDWARDS,
   LISA LANDERS, REANNA LEVY,
20 JOSUE LOPEZ, CHRISTOPHER
   NELSON, CHRISTOPHER NORWOOD,
21 JESSE OLIVARES, GUSTAVO
   SEPULVEDA, MICHAEL TAYLOR, and
22 LAURA ZOERNER, on behalf of
   themselves and all others similarly situated,
23
                    Plaintiffs,
24
        v.
25 SAN DIEGO COUNTY SHERIFF'S
   DEPARTMENT, COUNTY OF SAN
26 DIEGO, SAN DIEGO COUNTY
   PROBATION DEPARTMENT, and DOES
27 1 to 20, inclusive,
                    Defendants.
28

Case No. 3:20-cv-00406-AJB-DDL

**PLAINTIFF LAURA
ZOERNER'S RESPONSES TO
DEFENDANTS' FIRST SET OF
REQUESTS FOR
PRODUCTION OF
DOCUMENTS**

Judge:      Hon. Anthony J. Battaglia
Magistrate: Hon. David D. Leshner

Trial Date: None Set

[4356205.10]

PROPOUNDING PARTY:    DEFENDANTS SAN DIEGO COUNTY SHERIFF'S
                      DEPARTMENT, COUNTY OF SAN DIEGO, AND
                      SAN DIEGO COUNTY PROBATION
                      DEPARTMENT

RESPONDING PARTY:     PLAINTIFF LAURA ZOERNER

SET NO.:              ONE


**PRELIMINARY STATEMENT**

1.      These responses, while based on diligent exploration by Plaintiff and Plaintiff's counsel, reflect only the current status of Plaintiff's knowledge, understanding and belief responding to the matters about which inquiry has been made.  Discovery in this action is continuing and, consequently, Plaintiff may not yet fully understand the significance of certain information or facts, may not have yet discovered all information or facts pertinent to these requests, and may not have yet identified or located all persons with knowledge or pertinent information or facts.  Plaintiff relies on Plaintiff's counsel's ongoing investigation and discovery in this action relating to allegations, facts, and evidence generally applicable to putative class members, including Plaintiff.  As discovery in this action proceeds, Plaintiff may discover additional or different facts.  Plaintiff reserves the right to modify or supplement these responses with whatever pertinent information or facts as subsequently may be discovered.  Furthermore, these responses are without prejudice to Plaintiff's right to use or rely on at any time, including trial, any subsequently discovered information or facts, or information or facts omitted from these responses as a result of mistake, error, oversight or inadvertence.  Plaintiff further reserves the right to produce additional facts or documents in evidence at any time, including trial, and to object on appropriate grounds to the introduction into evidence of any portion of these responses.

2.     The responses set forth below are made without waiving: (1) the right to object to the use of any response for any purpose, in this action or any other actions, on the grounds of privilege, relevance, or any other appropriate grounds; (2) the right to object to any other request involving or related to the subject matter of the responses herein; or (3) the right to revise, correct, supplement or clarify any of the responses below, at any time.

## GENERAL OBJECTIONS

Plaintiff objects to each document request propounded by Defendants to the extent that:

1.     It seeks any document or information protected by any applicable privilege, including, without limitation, the attorney-client privilege, the work product doctrine, the right of privacy guaranteed by the United States Constitution and federal and state law, and all other rights and privileges recognized under the constitutions, statutes, or decisional law of the United States and the state of California;

2.     It seeks any document or information protected against disclosure as the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives;

3.     It seeks documents or information not relevant to any party's claim or defense and/or is not proportional to the needs of the case;

4.     It would cause unreasonable annoyance, embarrassment, oppression, burden or expense, or is overly broad;

5.     It is vague and ambiguous and does not include adequate definitions, specificity, or limiting factors (including but not limited to a narrowing time frame);

6.     It seeks documents outside of Plaintiff's possession, custody, or control;

7.     It seeks documents equally available to or already in the possession of Defendants;

PLAINTIFF LAURA ZOERNER'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

8.     It seeks documents for an unreasonable, irrelevant, or unspecified period of time;

9.     It is duplicative and repetitive, or purports to require Plaintiff to produce the same documents more than once;

10.     It seeks to have Plaintiff make admissions on behalf of individuals other than Plaintiff;

11.     It seeks all documents supporting contentions that relate to facts or the application of law to facts and, as such, is premature and inappropriate in light of the present stage of discovery.  Plaintiff has not completed an investigation of all of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for depositions and trial.  Plaintiff expects to receive documents and information through discovery that will concern and provide information and documents responsive to such Requests, including documents in Defendants' possession or the possession of third parties that have been sought by Plaintiff in discovery but have not yet been produced.

12.     It seeks the reproduction of documents which have been or will be produced by Defendants in this litigation.  Plaintiff will not search for or produce responsive documents that were already in Defendants' possession and have been produced by Defendants in response to Plaintiffs' document requests or its disclosure obligations.

13.     It seeks documents that Plaintiff has already filed and served in this action, including in connection with Plaintiffs' motions for preliminary injunction. It also seeks documents that are publicly available and cited in Plaintiffs' Third Amended Complaint.

14.     It seeks more than what is required to be produced under the Federal Rules of Civil Procedure or otherwise conflicts with the Federal Rules of Civil Procedure.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.     Plaintiff objects to Defendants' "Definitions and Instructions" to the extent that they seek to impose any obligation or burden on Plaintiffs beyond that required by the Federal Rules of Civil Procedure.  Plaintiff will respond to these Requests consistent with the Rules rather than Defendants' "Definitions and Instructions."

Subject to and without waiving the foregoing objections, and incorporating them by reference into each of the responses provided below, Plaintiffs hereby respond as follows:

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS supporting YOUR claim that medical care at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including

1  but not limited to those cited in Plaintiffs' Third Amended Complaint.

2      Subject to and without waiving the foregoing objections, and based on

3  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

4  follows:

5      Plaintiff will produce all responsive, non-privileged documents within

6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

7  collecting additional documents and will produce any responsive to this Request on

8  a rolling basis.  Plaintiff will not produce documents previously filed and served in

9  this action, nor will Plaintiff produce back any responsive documents that

10  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

11  documents that, although responsive to this Request, Plaintiffs are producing in

12  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

13  documents that are in Plaintiff's custody, possession, and control and are responsive

14  to this Request, as stated above, does not mean that such documents necessarily

15  exist.

16  **REQUEST FOR PRODUCTION NO. 2:**

17      ALL DOCUMENTS evidencing the changes which must be made to render

18  the medical care provided at the JAIL adequate.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

20      Plaintiff incorporates by reference the Preliminary Statement and General

21  Objections set forth above.  Plaintiff objects to this Request to the extent that the

22  time frame for this Request is undefined and this Request is therefore overbroad,

23  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

24  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

25  this Request to the extent that it seeks production of documents that are within the

26  possession, custody, and control of Defendants.  Plaintiff further objects to this

27  Request to the extent it seeks disclosure of information protected by the attorney-

28  client privilege, work product doctrine, and all applicable privileges and privacy

protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to this Request as duplicative of other Requests served herein. Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS evidencing the way(s) in which YOU were affected by inadequate mental health care at the JAIL and the dates thereof.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

2    Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Request to the extent that the

4  time frame for this Request is undefined and this Request is therefore overbroad,

5  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

6  Request to the extent that it seeks production of documents that are within the

7  possession, custody, and control of Defendants.  Plaintiff further objects to this

8  request to the extent it seeks disclosure of information protected by the attorney-

9  client privilege, work product doctrine, and all applicable privileges and privacy

10  protections regarding communications in relation to medical and mental health care.

11  Plaintiff further objects to this Request to the extent it seeks documents that are

12  equally available to Defendants because Plaintiff filed and served them in

13  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

14  to this Request to the extent it seeks documents that are publicly available, including

15  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

16  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

17  inadequate mental health care at the Jail affected Plaintiffs on an ongoing and

18  continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request

19  as seeking a narrative response or the creation of documents not already in

20  existence.  Plaintiff further objects to this Request as duplicative of other Requests

21  served by Defendants, including but not limited to Request No. 4.  Plaintiff further

22  objects to the undefined terms "affected" and "evidencing" in this Request as vague

23  and ambiguous.

24    Subject to and without waiving the foregoing objections, and based on

25  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

26  Plaintiff responds as follows:

27    Plaintiff will produce all responsive, non-privileged documents within

28  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

PLAINTIFF LAURA ZOERNER'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  collecting additional documents and will produce any responsive to this Request on

2  a rolling basis.  Plaintiff will not produce documents already filed and served in this

3  action, nor will Plaintiff produce back any responsive documents that Defendants

4  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

5  although responsive to this Request, Plaintiffs are producing in response to other

6  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

7  are in Plaintiff's custody, possession, and control and are responsive to this Request,

8  as stated above, does not mean that such documents necessarily exist.

9  **REQUEST FOR PRODUCTION NO. 4:**

10      All DOCUMENTS supporting YOUR claim that mental health care at the

11  JAIL is inadequate as alleged in YOUR COMPLAINT.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

13      Plaintiff incorporates by reference the Preliminary Statement and General

14  Objections set forth above.  Plaintiff objects to this Request to the extent that the

15  time frame for this Request is undefined and this Request is therefore overbroad,

16  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

17  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

18  this Request to the extent that it seeks production of documents that are within the

19  possession, custody, and control of Defendants.  Plaintiff further objects to this

20  Request to the extent it seeks disclosure of information protected by the attorney-

21  client privilege, work product doctrine, and all applicable privileges and privacy

22  protections regarding communications in relation to medical or mental health care.

23  Plaintiff further objects to this Request to the extent it seeks documents that are

24  equally available to Defendants because Plaintiff filed and served them in

25  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

26  to this Request to the extent it seeks documents that are publicly available, including

27  but not limited to those cited in Plaintiffs' Third Amended Complaint.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

2  follows:

3         Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents previously filed and served in

7  this action, nor will Plaintiff produce back any responsive documents that

8  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

9  documents that, although responsive to this Request, Plaintiffs are producing in

10 response to other Requests herein.  Plaintiff's agreement to produce non-privileged

11 documents that are in Plaintiff's custody, possession, and control and are responsive

12 to this Request, as stated above, does not mean that such documents necessarily

13 exist.

14 **REQUEST FOR PRODUCTION NO. 5:**

15        ALL DOCUMENTS evidencing the changes which must be made to render

16 the mental health care provided at the JAIL adequate.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

18        Plaintiff incorporates by reference the Preliminary Statement and General

19 Objections set forth above.  Plaintiff objects to this Request to the extent that the

20 time frame for this Request is undefined and this Request is therefore overbroad,

21 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

22 undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

23 this Request to the extent that it seeks production of documents that are within the

24 possession, custody, and control of Defendants.  Plaintiff further objects to this

25 Request to the extent it seeks disclosure of information protected by the attorney-

26 client privilege, work product doctrine, and all applicable privileges and privacy

27 protections regarding communications in relation to medical or mental health care.

28 Plaintiff further objects to this Request to the extent it seeks documents that are

PLAINTIFF LAURA ZOERNER'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to this Request as duplicative of other Requests served herein.

6  Plaintiff further objects to this Request as duplicative, and therefore unduly

7  burdensome, harassing, and oppressive, because Defendants served the same

8  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

9  Amended Complaint and therefore the same documents are responsive for all 14

10  Plaintiffs.

11      Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

13  follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 6:**

25      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

26  inadequate mental health care at the JAIL and the dates thereof.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

28      Plaintiff objects to this Request as duplicative of Request No. 3.  Plaintiff will

PLAINTIFF LAURA ZOERNER'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1  not re-produce documents in response to Request No. 6.

2  **REQUEST FOR PRODUCTION NO. 7:**

3        ALL DOCUMENTS supporting YOUR claim that dental care provided at the

4  JAIL is inadequate as alleged in YOUR COMPLAINT.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

6        Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Request to the extent that the

8  time frame for this Request is undefined and this Request is therefore overbroad,

9  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

10  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

11  this Request to the extent that it seeks production of documents that are within the

12  possession, custody, and control of Defendants.  Plaintiff further objects to this

13  Request to the extent it seeks disclosure of information protected by the attorney-

14  client privilege, work product doctrine, and all applicable privileges and privacy

15  protections regarding communications in relation to medical or mental health care.

16  Plaintiff further objects to this Request to the extent it seeks documents that are

17  equally available to Defendants because Plaintiff filed and served them in

18  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

19  to this Request to the extent it seeks documents that are publicly available, including

20  but not limited to those cited in Plaintiffs' Third Amended Complaint.

21        Subject to and without waiving the foregoing objections, and based on

22  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

23  follows:

24        Plaintiff will produce all responsive, non-privileged documents within

25  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

26  collecting additional documents and will produce any responsive to this Request on

27  a rolling basis.  Plaintiff will not produce documents previously filed and served in

28  this action, nor will Plaintiff produce back any responsive documents that

1  Defendants have produced to Plaintiff. Plaintiff will not separately re-produce

2  documents that, although responsive to this Request, Plaintiffs are producing in

3  response to other Requests herein. Plaintiff's agreement to produce non-privileged

4  documents that are in Plaintiff's custody, possession, and control and are responsive

5  to this Request, as stated above, does not mean that such documents necessarily

6  exist.

7  **REQUEST FOR PRODUCTION NO. 8:**

8      ALL DOCUMENTS evidencing the changes which must be made to make

9  the dental care provided at the JAIL adequate.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

11      Plaintiff incorporates by reference the Preliminary Statement and General

12  Objections set forth above. Plaintiff objects to this Request to the extent that the

13  time frame for this Request is undefined and this Request is therefore overbroad,

14  harassing, unduly burdensome, and oppressive. Plaintiff further objects to the

15  undefined term "evidencing" as vague and ambiguous. Plaintiff further objects to

16  this Request to the extent that it seeks production of documents that are within the

17  possession, custody, and control of Defendants. Plaintiff further objects to this

18  Request to the extent it seeks disclosure of information protected by the attorney-

19  client privilege, work product doctrine, and all applicable privileges and privacy

20  protections regarding communications in relation to medical or mental health care.

21  Plaintiff further objects to this Request to the extent it seeks documents that are

22  equally available to Defendants because Plaintiff filed and served in connection with

23  Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request

24  to the extent it seeks documents that are publicly available, including but not limited

25  to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to

26  this Request as duplicative of other Requests served herein. Plaintiff further objects

27  to this Request as duplicative, and therefore unduly burdensome, harassing, and

28  oppressive, because Defendants served the same Request on all 14 Plaintiffs. All 14

1  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the
2  same documents are responsive for all 14 Plaintiffs.

3      Subject to and without waiving the foregoing objections, and based on the
4  undefined term "evidencing," Plaintiff responds as follows:

5      Plaintiff will produce all responsive, non-privileged documents within
6  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still
7  collecting additional documents and will produce any responsive to this Request on
8  a rolling basis.  Plaintiff will not produce documents already filed and served in this
9  action, nor will Plaintiff produce back any responsive documents that Defendants
10 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,
11 although responsive to this Request, Plaintiffs are producing in response to other
12 Requests herein.  Plaintiff's agreement to produce non-privileged documents that
13 are in Plaintiff's custody, possession, and control and are responsive to this Request,
14 as stated above, does not mean that such documents necessarily exist.

15 **REQUEST FOR PRODUCTION NO. 9:**

16     ALL DOCUMENTS evidencing the way(s) in which YOU were affected by
17 inadequate dental care at the JAIL and the dates thereof.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

19     Plaintiff incorporates by reference the Preliminary Statement and General
20 Objections set forth above.  Plaintiff objects to this Request to the extent that the
21 time frame for this Request is undefined and this Request is therefore overbroad,
22 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this
23 Request to the extent that it seeks production of documents that are within the
24 possession, custody, and control of Defendants.  Plaintiff further objects to this
25 request to the extent it seeks disclosure of information protected by the attorney-
26 client privilege, work product doctrine, and all applicable privileges and privacy
27 protections regarding communications in relation to medical and mental health care.
28 Plaintiff further objects to this Request to the extent it seeks documents that are

1   equally available to Defendants because Plaintiff filed and served them in

2   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3   to this Request to the extent it seeks documents that are publicly available, including

4   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6   inadequate dental care at the Jail affected Plaintiffs on an ongoing and continuous

7   basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking

8   a narrative response or the creation of documents not already in existence.  Plaintiff

9   further objects to this Request as duplicative of other Requests served by

10  Defendants, including but not limited to Request No. 7.  Plaintiff further objects to

11  the undefined terms "affected" and "evidencing" in this Request as vague and

12  ambiguous.

13        Subject to and without waiving the foregoing objections, and based on

14  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15  Plaintiff responds as follows:

16        Plaintiff will produce all responsive, non-privileged documents within

17  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18  collecting additional documents and will produce any responsive to this Request on

19  a rolling basis.  Plaintiff will not produce documents already filed and served in this

20  action, nor will Plaintiff produce back any responsive documents that Defendants

21  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22  although responsive to this Request, Plaintiffs are producing in response to other

23  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24  are in Plaintiff's custody, possession, and control and are responsive to this Request,

25  as stated above, does not mean that such documents necessarily exist.

26  **REQUEST FOR PRODUCTION NO. 10:**

27        ALL DOCUMENTS supporting YOUR claim that the environmental health

28  and safety conditions are inadequate at the JAIL as alleged in YOUR

1  COMPLAINT.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

3      Plaintiff incorporates by reference the Preliminary Statement and General

4  Objections set forth above.  Plaintiff objects to this Request to the extent that the

5  time frame for this Request is undefined and this Request is therefore overbroad,

6  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

7  undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to

8  this Request to the extent that it seeks production of documents that are within the

9  possession, custody, and control of Defendants.  Plaintiff further objects to this

10  Request to the extent it seeks disclosure of information protected by the attorney-

11  client privilege, work product doctrine, and all applicable privileges and privacy

12  protections regarding communications in relation to medical or mental health care.

13  Plaintiff further objects to this Request to the extent it seeks documents that are

14  equally available to Defendants because Plaintiff filed and served them in

15  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

16  to this Request to the extent it seeks documents that are publicly available, including

17  but not limited to those cited in Plaintiffs' Third Amended Complaint.

18      Subject to and without waiving the foregoing objections, and based on

19  Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as

20  follows:

21      Plaintiff will produce all responsive, non-privileged documents within

22  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

23  collecting additional documents and will produce any responsive to this Request on

24  a rolling basis.  Plaintiff will not produce documents previously filed and served in

25  this action, nor will Plaintiff produce back any responsive documents that

26  Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

27  documents that, although responsive to this Request, Plaintiffs are producing in

28  response to other Requests herein.  Plaintiff's agreement to produce non-privileged

1   documents that are in Plaintiff's custody, possession, and control and are responsive

2   to this Request, as stated above, does not mean that such documents necessarily

3   exist.

4   **REQUEST FOR PRODUCTION NO. 11:**

5       ALL DOCUMENTS evidencing the changes which must be made to render

6   the environmental health and safety conditions at the JAIL adequate.

7   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

8       Plaintiff incorporates by reference the Preliminary Statement and General

9   Objections set forth above.  Plaintiff objects to this Request to the extent that the

10  time frame for this Request is undefined and this Request is therefore overbroad,

11  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

12  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

13  this Request to the extent that it seeks production of documents that are within the

14  possession, custody, and control of Defendants.  Plaintiff further objects to this

15  Request to the extent it seeks disclosure of information protected by the attorney-

16  client privilege, work product doctrine, and all applicable privileges and privacy

17  protections regarding communications in relation to medical or mental health care.

18  Plaintiff further objects to this Request to the extent it seeks documents that are

19  equally available to Defendants because Plaintiff filed and served them in

20  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

21  to this Request to the extent it seeks documents that are publicly available, including

22  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

23  further objects to this Request as duplicative of other Requests served herein.

24  Plaintiff further objects to this Request as duplicative, and therefore unduly

25  burdensome, harassing, and oppressive, because Defendants served the same

26  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

27  Amended Complaint and therefore the same documents are responsive for all 14

28  Plaintiffs.

1   Subject to and without waiving the foregoing objections, and based on

2   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

3   follows:

4   Plaintiff will produce all responsive, non-privileged documents within

5   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

6   collecting additional documents and will produce any responsive to this Request on

7   a rolling basis.  Plaintiff will not produce documents already filed and served in this

8   action, nor will Plaintiff produce back any responsive documents that Defendants

9   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

10  although responsive to this Request, Plaintiffs are producing in response to other

11  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

12  are in Plaintiff's custody, possession, and control and are responsive to this Request,

13  as stated above, does not mean that such documents necessarily exist.

14  **REQUEST FOR PRODUCTION NO. 12:**

15  ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

16  inadequate environmental health and safety conditions at the JAIL and the dates

17  thereof.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

19  Plaintiff incorporates by reference the Preliminary Statement and General

20  Objections set forth above.  Plaintiff objects to this Request to the extent that the

21  time frame for this Request is undefined and this Request is therefore overbroad,

22  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

23  Request to the extent that it seeks production of documents that are within the

24  possession, custody, and control of Defendants.  Plaintiff further objects to this

25  request to the extent it seeks disclosure of information protected by the attorney-

26  client privilege, work product doctrine, and all applicable privileges and privacy

27  protections regarding communications in relation to medical and mental health care.

28  Plaintiff further objects to this Request to the extent it seeks documents that are

1  equally available to Defendants because Plaintiff filed and served them in

2  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

3  to this Request to the extent it seeks documents that are publicly available, including

4  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

5  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

6  inadequate environmental health and safety conditions at the Jail affected Plaintiffs

7  on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of

8  "dates" in this Request as seeking a narrative response or the creation of documents

9  not already in existence.  Plaintiff further objects to this Request as duplicative of

10 other Requests served by Defendants, including but not limited to Request No. 10.

11 Plaintiff further objects to the undefined terms "affected" and "evidencing" in this

12 Request as vague and ambiguous.

13     Subject to and without waiving the foregoing objections, and based on

14 Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

15 Plaintiff responds as follows:

16     Plaintiff will produce all responsive, non-privileged documents within

17 Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

18 collecting additional documents and will produce any responsive to this Request on

19 a rolling basis.  Plaintiff will not produce documents already filed and served in this

20 action, nor will Plaintiff produce back any responsive documents that Defendants

21 have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

22 although responsive to this Request, Plaintiffs are producing in response to other

23 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

24 are in Plaintiff's custody, possession, and control and are responsive to this Request,

25 as stated above, does not mean that such documents necessarily exist.

26 **REQUEST FOR PRODUCTION NO. 13:**

27     ALL DOCUMENTS supporting YOUR claim that the safety and security

28 provided at the JAIL is inadequate as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 14:**

4      ALL DOCUMENTS evidencing the changes which must be made to render

5  the safety and security provided at the JAIL adequate.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28      Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3      Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11  are in Plaintiff's custody, possession, and control and are responsive to this Request,

12  as stated above, does not mean that such documents necessarily exist.

13  **REQUEST FOR PRODUCTION NO. 15:**

14      ALL DOCUMENTS evidencing the way(s) in which YOU were affected by

15  inadequate safety and security at the JAILS and the dates thereof.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17      Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Request to the extent that the

19  time frame for this Request is undefined and this Request is therefore overbroad,

20  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21  Request to the extent that it seeks production of documents that are within the

22  possession, custody, and control of Defendants.  Plaintiff further objects to this

23  request to the extent it seeks disclosure of information protected by the attorney-

24  client privilege, work product doctrine, and all applicable privileges and privacy

25  protections regarding communications in relation to medical and mental health care.

26  Plaintiff further objects to this Request to the extent it seeks documents that are

27  equally available to Defendants because Plaintiff filed and served them in

28  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

1   to this Request to the extent it seeks documents that are publicly available, including

2   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

3   further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

4   inadequate safety and security at the Jail affected Plaintiffs on an ongoing and

5   continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request

6   as seeking a narrative response or the creation of documents not already in

7   existence.  Plaintiff further objects to this Request as duplicative of other Requests

8   served by Defendants, including but not limited to Request No. 13.  Plaintiff further

9   objects to the undefined terms "affected" and "evidencing" in this Request as vague

10  and ambiguous.

11      Subject to and without waiving the foregoing objections, and based on

12  Plaintiff's understanding of the undefined terms "affected" and "evidencing,"

13  Plaintiff responds as follows:

14      Plaintiff will produce all responsive, non-privileged documents within

15  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

16  collecting additional documents and will produce any responsive to this Request on

17  a rolling basis.  Plaintiff will not produce documents already filed and served in this

18  action, nor will Plaintiff produce back any responsive documents that Defendants

19  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

20  although responsive to this Request, Plaintiffs are producing in response to other

21  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

22  are in Plaintiff's custody, possession, and control and are responsive to this Request,

23  as stated above, does not mean that such documents necessarily exist.

24  **REQUEST FOR PRODUCTION NO. 16:**

25      ALL DOCUMENTS supporting YOUR claim that DEFENDANTS deny

26  Incarcerated Persons access to legal counsel and the Courts as alleged in YOUR

27  COMPLAINT.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the undefined term "supporting" as vague and ambiguous.  Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants.  Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care.  Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 17:**

4       ALL DOCUMENTS evidencing the changes which must be made to provide

5  Incarcerated Persons at the JAIL access to legal counsel and the Courts.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

7       Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served them in

19  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

20  to this Request to the extent it seeks documents that are publicly available, including

21  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

22  further objects to this Request as duplicative of other Requests served herein.

23  Plaintiff further objects to this Request as duplicative, and therefore unduly

24  burdensome, harassing, and oppressive, because Defendants served the same

25  Request on all 14 Plaintiffs.  All 14 Plaintiffs seek the same relief in the Third

26  Amended Complaint and therefore the same documents are responsive for all 14

27  Plaintiffs.

28       Subject to and without waiving the foregoing objections, and based on

1  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

2  follows:

3      Plaintiff will produce all responsive, non-privileged documents within

4  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

5  collecting additional documents and will produce any responsive to this Request on

6  a rolling basis.  Plaintiff will not produce documents already filed and served in this

7  action, nor will Plaintiff produce back any responsive documents that Defendants

8  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

9  although responsive to this Request, Plaintiffs are producing in response to other

10 Requests herein.  Plaintiff's agreement to produce non-privileged documents that

11 are in Plaintiff's custody, possession, and control and are responsive to this Request,

12 as stated above, does not mean that such documents necessarily exist.

13 **REQUEST FOR PRODUCTION NO. 18:**

14     ALL DOCUMENTS evidencing the way(s) in which YOU were denied

15 access to legal counsel and the Court and the dates of said denials.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

17     Plaintiff incorporates by reference the Preliminary Statement and General

18 Objections set forth above.  Plaintiff objects to this Request to the extent that the

19 time frame for this Request is undefined and this Request is therefore overbroad,

20 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

21 Request to the extent that it seeks production of documents that are within the

22 possession, custody, and control of Defendants.  Plaintiff further objects to this

23 request to the extent it seeks disclosure of information protected by the attorney-

24 client privilege, work product doctrine, and all applicable privileges and privacy

25 protections regarding communications in relation to medical and mental health care.

26 Plaintiff further objects to this Request to the extent it seeks documents that are

27 equally available to Defendants because Plaintiff filed and served them in

28 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the inadequate access to legal counsel and the Court at the Jail affected Plaintiffs on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence.  Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 16.  Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS supporting YOUR claim that DEFENDANT fail to provide reasonable accommodations to Incarcerated People with Disabilities at the JAIL as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents previously filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiff. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive

1  to this Request, as stated above, does not mean that such documents necessarily

2  exist.

3  **REQUEST FOR PRODUCTION NO. 20:**

4      ALL DOCUMENTS evidencing the changes which must be made at the JAIL

5  to provide reasonable accommodations to Incarcerated People with Disabilities.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Request to the extent that the

9  time frame for this Request is undefined and this Request is therefore overbroad,

10  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

11  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

12  this Request to the extent that it seeks production of documents that are within the

13  possession, custody, and control of Defendants.  Plaintiff further objects to this

14  Request to the extent it seeks disclosure of information protected by the attorney-

15  client privilege, work product doctrine, and all applicable privileges and privacy

16  protections regarding communications in relation to medical or mental health care.

17  Plaintiff further objects to this Request to the extent it seeks documents that are

18  equally available to Defendants because Plaintiff filed and served in connection with

19  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

20  to the extent it seeks documents that are publicly available, including but not limited

21  to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to

22  this Request as duplicative of other Requests served herein.  Plaintiff further objects

23  to this Request as duplicative, and therefore unduly burdensome, harassing, and

24  oppressive, because Defendants served the same Request on all 14 Plaintiffs.  All 14

25  Plaintiffs seek the same relief in the Third Amended Complaint and therefore the

26  same documents are responsive for all 14 Plaintiffs.

27      Subject to and without waiving the foregoing objections, and based on

28  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

1  follows:

2      Plaintiff will produce all responsive, non-privileged documents within

3  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiffs' counsel are still

4  collecting additional documents and will produce any responsive to this Request on

5  a rolling basis.  Plaintiff will not produce documents already filed and served in this

6  action, nor will Plaintiff produce back any responsive documents that Defendants

7  have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

8  although responsive to this Request, Plaintiffs are producing in response to other

9  Requests herein.  Plaintiff's agreement to produce non-privileged documents that

10 are in Plaintiff's custody, possession, and control and are responsive to this Request,

11 as stated above, does not mean that such documents necessarily exist.

12 **REQUEST FOR PRODUCTION NO. 21:**

13     ALL DOCUMENTS evidencing the way(s) in which YOU were denied

14 reasonable accommodations by DEFENDANTS including the dates of said denials.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

16     Plaintiff incorporates by reference the Preliminary Statement and General

17 Objections set forth above.  Plaintiff objects to this Request to the extent that the

18 time frame for this Request is undefined and this Request is therefore overbroad,

19 harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

20 Request to the extent that it seeks production of documents that are within the

21 possession, custody, and control of Defendants.  Plaintiff further objects to this

22 request to the extent it seeks disclosure of information protected by the attorney-

23 client privilege, work product doctrine, and all applicable privileges and privacy

24 protections regarding communications in relation to medical and mental health care.

25 Plaintiff further objects to this Request to the extent it seeks documents that are

26 equally available to Defendants because Plaintiff filed and served them in

27 connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

28 to this Request to the extent it seeks documents that are publicly available, including

but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the denial of reasonable accommodations at the Jail affected Plaintiffs on an ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in this Request as seeking a narrative response or the creation of documents not already in existence.  Plaintiff further objects to this Request as duplicative of other Requests served by Defendants, including but not limited to Request No. 19.  Plaintiff further objects to the undefined term "evidencing" in this Request as vague and ambiguous.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis.  Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein.  Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS evidencing YOUR exhaustion of remedies under the Prison Reform Litigation Act (42 U.S.C.S. section 1997e, et seq.) prior to filing this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above.  Plaintiff objects to this Request to the extent that the

PLAINTIFF LAURA ZOERNER'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

1   time frame for this Request is undefined and this Request is therefore overbroad,

2   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3   Request to the extent that it seeks production of documents that are within the

4   possession, custody, and control of Defendants.  Plaintiff further objects to this

5   request to the extent it seeks disclosure of information protected by the attorney-

6   client privilege, work product doctrine, and all applicable privileges and privacy

7   protections regarding communications in relation to medical and mental health care.

8   Plaintiff further objects to this Request to the extent it seeks documents that are

9   equally available to Defendants because Plaintiff filed and served them in

10   connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11   to this Request to the extent it seeks documents that are publicly available, including

12   but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13   further objects to the undefined term "evidencing" in this Request as vague and

14   ambiguous.

15       Subject to and without waiving the foregoing objections, and based on

16   Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

17   follows:

18       Plaintiff will produce all responsive, non-privileged documents within

19   Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

20   collecting additional documents and will produce any responsive to this Request on

21   a rolling basis.  Plaintiff will not produce documents already filed and served in this

22   action, nor will Plaintiff produce back any responsive documents that Defendants

23   have produced to Plaintiffs.  Plaintiff will not separately re-produce documents that,

24   although responsive to this Request, Plaintiffs are producing in response to other

25   Requests herein.  Plaintiff's agreement to produce non-privileged documents that

26   are in Plaintiff's custody, possession, and control and are responsive to this Request,

27   as stated above, does not mean that such documents necessarily exist.

28

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS supporting YOUR claim that the way in which DEFENDANTS carry out policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs discriminates on the basis of race, color, national origin, or ethic group identification as alleged in YOUR COMPLAINT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the time frame for this Request is undefined and this Request is therefore overbroad, harassing, unduly burdensome, and oppressive. Plaintiff further objects to the undefined term "supporting" as vague and ambiguous. Plaintiff further objects to this Request to the extent that it seeks production of documents that are within the possession, custody, and control of Defendants. Plaintiff further objects to this Request to the extent it seeks disclosure of information protected by the attorney-client privilege, work product doctrine, and all applicable privileges and privacy protections regarding communications in relation to medical or mental health care. Plaintiff further objects to this Request to the extent it seeks documents that are equally available to Defendants because Plaintiff filed and served them in connection with Plaintiffs' preliminary injunction motions. Plaintiff further objects to this Request to the extent it seeks documents that are publicly available, including but not limited to those cited in Plaintiffs' Third Amended Complaint.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "supporting," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on

1   a rolling basis.  Plaintiff will not produce documents previously filed and served in

2   this action, nor will Plaintiff produce back any responsive documents that

3   Defendants have produced to Plaintiff.  Plaintiff will not separately re-produce

4   documents that, although responsive to this Request, Plaintiffs are producing in

5   response to other Requests herein.  Plaintiff's agreement to produce non-privileged

6   documents that are in Plaintiff's custody, possession, and control and are responsive

7   to this Request, as stated above, does not mean that such documents necessarily

8   exist.

9   **REQUEST FOR PRODUCTION NO. 24:**

10          ALL DOCUMENTS evidencing the way(s) DEFENDANTS should carry out

11  policing programs, alternatives to pre-trial custody programs, early release

12  programs, and re-entry programs to avoid discrimination on the basis of race, color,

13  national origin, or ethic group identification.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

15          Plaintiff incorporates by reference the Preliminary Statement and General

16  Objections set forth above.  Plaintiff objects to this Request to the extent that the

17  time frame for this Request is undefined and this Request is therefore overbroad,

18  harassing, unduly burdensome, and oppressive.  Plaintiff further objects to the

19  undefined term "evidencing" as vague and ambiguous.  Plaintiff further objects to

20  this Request to the extent that it seeks production of documents that are within the

21  possession, custody, and control of Defendants.  Plaintiff further objects to this

22  Request to the extent it seeks disclosure of information protected by the attorney-

23  client privilege, work product doctrine, and all applicable privileges and privacy

24  protections regarding communications in relation to medical or mental health care.

25  Plaintiff further objects to this Request to the extent it seeks documents that are

26  equally available to Defendants because Plaintiff filed and served in connection with

27  Plaintiffs' preliminary injunction motions.  Plaintiff further objects to this Request

28  to the extent it seeks documents that are publicly available, including but not limited

[4356205.10]                              34                    Case No. 3:20-cv-00406-AJB-DDL

to those cited in Plaintiffs' Third Amended Complaint. Plaintiff further objects to this Request as duplicative of other Requests served herein. Plaintiff further objects to this Request as duplicative, and therefore unduly burdensome, harassing, and oppressive, because Defendants served the same Request on all 14 Plaintiffs. All 14 Plaintiffs seek the same relief in the Third Amended Complaint and therefore the same documents are responsive for all 14 Plaintiffs.

Subject to and without waiving the foregoing objections, and based on Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as follows:

Plaintiff will produce all responsive, non-privileged documents within Plaintiff's custody, possession, and control. Plaintiff and Plaintiffs' counsel are still collecting additional documents and will produce any responsive to this Request on a rolling basis. Plaintiff will not produce documents already filed and served in this action, nor will Plaintiff produce back any responsive documents that Defendants have produced to Plaintiffs. Plaintiff will not separately re-produce documents that, although responsive to this Request, Plaintiffs are producing in response to other Requests herein. Plaintiff's agreement to produce non-privileged documents that are in Plaintiff's custody, possession, and control and are responsive to this Request, as stated above, does not mean that such documents necessarily exist.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS evidencing the way(s) in which YOU were discriminated against on the basis of race, color, national origin, or ethic group identification under DEFENDANTS' policing programs, alternatives to pre-trial custody programs, early release programs, and re-entry programs, including the date of the discriminatory act(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Request to the extent that the

1   time frame for this Request is undefined and this Request is therefore overbroad,

2   harassing, unduly burdensome, and oppressive.  Plaintiff further objects to this

3   Request to the extent that it seeks production of documents that are within the

4   possession, custody, and control of Defendants.  Plaintiff further objects to this

5   request to the extent it seeks disclosure of information protected by the attorney-

6   client privilege, work product doctrine, and all applicable privileges and privacy

7   protections regarding communications in relation to medical and mental health care.

8   Plaintiff further objects to this Request to the extent it seeks documents that are

9   equally available to Defendants because Plaintiff filed and served them in

10  connection with Plaintiffs' preliminary injunction motions.  Plaintiff further objects

11  to this Request to the extent it seeks documents that are publicly available, including

12  but not limited to those cited in Plaintiffs' Third Amended Complaint.  Plaintiff

13  further objects to the inclusion of "dates" in this Request, as Plaintiff alleges that the

14  discrimination on the basis of race, color, national origin, or ethic group

15  identification under Defendants' policing programs, alternatives to pre-trial custody

16  programs, early release programs, and re-entry programs affected Plaintiffs on an

17  ongoing and continuous basis.  Plaintiff further objects to the inclusion of "dates" in

18  this Request as seeking a narrative response or the creation of documents not

19  already in existence.  Plaintiff further objects to this Request as duplicative of other

20  Requests served by Defendants, including but not limited to Request No. 23.

21  Plaintiff further objects to the undefined term "evidencing" in this Request as vague

22  and ambiguous.

23       Subject to and without waiving the foregoing objections, and based on

24  Plaintiff's understanding of the undefined term "evidencing," Plaintiff responds as

25  follows:

26       Plaintiff will produce all responsive, non-privileged documents within

27  Plaintiff's custody, possession, and control.  Plaintiff and Plaintiff's counsel are still

28  collecting additional documents and will produce any responsive to this Request on

1  a rolling basis. Plaintiff will not produce documents already filed and served in this

2  action, nor will Plaintiff produce back any responsive documents that Defendants

3  have produced to Plaintiffs. Plaintiff will not separately re-produce documents that,

4  although responsive to this Request, Plaintiffs are producing in response to other

5  Requests herein. Plaintiff's agreement to produce non-privileged documents that

6  are in Plaintiff's custody, possession, and control and are responsive to this Request,

7  as stated above, does not mean that such documents necessarily exist.

8

9

10  DATED:  October 31, 2023          Respectfully submitted,

11                                    ROSEN BIEN GALVAN & GRUNFELD LLP

12

13                                    By: */s/ Van Swearingen*

14                                        Van Swearingen

15                                    Attorneys for Plaintiffs and the
16                                    Certified Subclass

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF LAURA ZOERNER'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS

# PROOF OF SERVICE

***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of . My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On October 31, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF LAURA ZOERNER'S RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2023, at San Francisco, California.

_____
I. Kedra Chan

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101

Susan E. Coleman
  (SColeman@bwslaw.com)
Terri Mehra
  (TMehra@bwslaw.com)
Diana Favela
  (DFavela@bwslaw.com)

BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, CA 95113-2336

Elizabeth M. Pappy
  (EPappy@bwslaw.com)
Lucy Gonzalez
  (LGonzalez@bwslaw.com)

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

Fernando Kish
  (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
  (Steven.Inman@sdcounty.ca.gov)

Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, and San Diego County Probation Department

# Exhibit S

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,

Defendants.

Case No. 3:20-cv-00406-AJB-DDL

**PLAINTIFF DARRYL DUNSMORE'S RESPONSES TO DEFENDANTS COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, AND SAN DIEGO COUNTY PROBATION DEPARTMENT'S FIRST SET OF SPECIAL INTERROGATORIES**

Judge: Hon. Anthony J. Battaglia
Magistrate: Hon. David D. Leshner

Trial Date: None Set

[4356227.7]

1

2  PROPOUNDING PARTY:   DEFENDANTS COUNTY OF SAN DIEGO, SAN

3                                          DIEGO COUNTY SHERIFF'S DEPARTMENT, and

4                                          SAN DIEGO COUNTY PROBATION

5                                          DEPARTMENT

6  RESPONDING PARTY:    PLAINTIFF DARRYL DUNSMORE

7  SET NO.:                          ONE

8

9            **PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

10            On September 1, 2023, Defendants County of San Diego, San Diego County

11  Sheriff's Department, and San Diego County Probation Department (collectively,

12  "Defendants") served each of the 14 named plaintiffs in this case with an identical

13  set of 25 interrogatories, totaling 350 interrogatories.  By letter dated September 22,

14  2023, Plaintiffs informed Defendants that this number was well in excess of the 25-

15  per-side limit set forth in the Court's Scheduling Order Regulating Discovery and

16  Other Pretrial Proceedings, *see* Dkt. 324 at 2, but offered to accept service of 25

17  replacement interrogatories.  Plaintiffs agreed to treat the replacement

18  interrogatories as timely served without forgoing their right to object, as set forth

19  herein.  On October 19, 2023, Defendants served one set of 25 interrogatories to

20  replace the previously-served sets.  As to each interrogatory, Defendants inserted the

21  preface "For each PLAINTIFF" and defined "PLAINTIFF" to include all of the

22  14 named plaintiffs.  By requesting that all 14 named plaintiffs respond to each

23  interrogatory, Defendants' replacement interrogatories are an end-run around the

24  limits set by the Court's Scheduling Order, as well as Federal Rule of Civil

25  Procedure 33 and Local Civil Rule 33.1.

26            As such, Plaintiff Darryl Dunsmore (hereinafter, "Plaintiff") submits the

27  following objections and responses on behalf of only himself.  In particular, Plaintiff

28  does not have personal knowledge of incidents or events in which he was not a

participant or witness, *e.g.*, details of interactions between medical care providers and other named plaintiffs, as requested by these interrogatories. Plaintiff cannot sign the interrogatory responses on behalf of other named plaintiffs. *See* Federal Rule of Civil Procedure 33(b)(5). Plaintiffs do not waive any objections to the interrogatories to the extent they apply to other named plaintiffs and reserve their rights to object to any deficiencies in those interrogatories.

Further, the following objections and responses are made on the basis of information that is presently known and available to Plaintiff and may include hearsay information and other information that is inadmissible at trial. Plaintiff has not completed his investigation relating to this action, has not completed discovery in this action, and has not completed preparation for trial. Because discovery is ongoing, Plaintiff expressly reserves the right to continue his discovery and investigation for facts, documents, witnesses, and supplemental data that may reveal information that, if presently within Plaintiff's knowledge, would have been included in these objections and responses. Plaintiff reserves the right to refer to, conduct discovery with reference to, or to offer into evidence at the time of trial, any and all facts, evidence, documents and things developed during the course of discovery and trial preparation, notwithstanding the reference to facts, evidence, documents and things in these responses. Plaintiff provides these responses without prejudice to subsequent amendment or supplementation, including objections, based upon any information, evidence and documentation discovered or obtained in the future.

## GENERAL OBJECTIONS

1.    Plaintiff asserts these objections without waiving or intending to waive any objections as to competency, relevancy, materiality, or privilege.

2.    These responses are provided solely for the purpose of this action. Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility, privacy, privilege, and any and all other objections that

1    would require exclusion of any statement contained herein if any such statement

2    contained herein were made by a witness present and testifying in court, all of which

3    objections and grounds are reserved and may be interposed at any proceedings.

4          3.    Plaintiff objects to each and every Interrogatory to the extent that

5    Defendants request information that is neither relevant to the subject matter of this

6    action nor reasonably calculated to lead to the discovery of admissible evidence.

7          4.    Plaintiff objects to Defendants' "Instructions" and "Definitions"

8    sections (and the Interrogatories applying the Instructions and Definitions) to the

9    extent they seek to impose any obligations on Plaintiff that are in addition to or

10   inconsistent with those imposed by the Federal Rules of Civil Procedure, the Local

11   Rules of the U.S. District Court for the Southern District of California, and any

12   Court Individual Rules & Practices and/or any Court order.

13         5.    Plaintiff objects to each and every Interrogatory to the extent that it

14   seeks the disclosure of information that is protected by the statutory and/or common

15   law privacy rights of Plaintiff or one or more members of the certified class or

16   subclasses in this case.  To the extent Plaintiff agrees to provide his own

17   confidential information or other confidential information, Plaintiff will do so only

18   subject to the parties' Protective Order in this action.

19         6.    Plaintiff objects to each and every Interrogatory to the extent that it

20   seeks information duplicative of that sought by Defendants' Requests for Production

21   of Documents, on the grounds that such Interrogatories are unduly burdensome and

22   oppressive.

23         7.    Plaintiff objects to each and every Interrogatory to the extent that it is

24   vague and ambiguous and does not include adequate definitions, specificity, or

25   limiting factors, including but not limited to a relevant time period, and therefore, is

26   unduly burdensome and oppressive.

27         8.    Plaintiff objects to each and every Interrogatory to the extent that it is

28   duplicative of, and seeks the same materials as, one or more additional

1  Interrogatories.

2      9.    Plaintiff objects to each and every Interrogatory to the extent that it is a

3  contention interrogatory seeking a narrative account of all facts supporting

4  Plaintiff's claims and/or the legal reasoning and theories of Plaintiff's contentions in

5  this case, and therefore, is overbroad, harassing, and unduly burdensome.

6      10.    Plaintiff objects to each and every Interrogatory to the extent it is

7  premature.  Plaintiff has not completed his fact investigation or trial preparation, and

8  the parties have not completed discovery.  Further discovery, fact investigation,

9  legal research, and analysis may supply additional information responsive to

10  Defendants' interrogatories.

11      11.    Plaintiff objects to each and every Interrogatory to the extent that it

12  calls for the disclosure of information covered by the attorney-client privilege or any

13  other applicable privilege or immunity.

14      12.    Plaintiff objects to each and every Interrogatory to the extent that it

15  calls for the disclosure of attorney work product prepared in anticipation of litigation

16  or trial.

17      13.    Plaintiff objects to each and every Interrogatory to the extent that it

18  seeks information within the possession, custody, or control of Defendants or

19  otherwise equally available to Defendants, on the grounds that such Interrogatories

20  subject Plaintiff to unreasonable and undue annoyance, oppression, burden, and

21  expense.  Plaintiff further objects to each Interrogatory to the extent that it seeks

22  information about Defendants' employees, the actions and inactions of Defendants'

23  employees, Defendants' policies and practices, and the physical condition of

24  Defendants' facilities, all of which is in Defendants' possession, custody, and

25  control.

26      14.    Plaintiff objects to each and every Interrogatory to the extent that it

27  seeks information that is not within the possession, custody, or control of Plaintiff.

28      15.    Plaintiff objects to each and every Interrogatory to the extent that it is

1    compound or contains subparts, a conjunctive, or a disjunctive.

2         16.    Plaintiff objects to Defendants' interrogatories, and each and every

3    Interrogatory, to the extent that Defendants have exceeded the number of

4    interrogatories allowed by Federal Rule of Civil Procedure 33, Local Civil

5    Rule 33.1, and the Court's Scheduling Order.

6         Subject to and without waiving the foregoing objections, and incorporating

7    them by reference into each of the responses provided below, Plaintiff hereby

8    responds as follows, on behalf of only himself:

9         **RESPONSES AND OBJECTIONS TO INTERROGATORIES**

10   <u>**SPECIAL INTERROGATORY NO. 1:**</u>

11        For each PLAINTIFF, describe in detail each and every deficiency and/or

12   condition he/she claims exists at the JAIL which renders the medical care provided

13   inadequate as alleged in the COMPLAINT.

14   <u>**RESPONSE TO SPECIAL INTERROGATORY NO. 1:**</u>

15        Plaintiff incorporates by reference the Preliminary Statement and General

16   Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

17   information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

18   named plaintiff in this action, as exceeding the number of interrogatories allowed by

19   Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

20   Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

21   that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

22   violation, Plaintiff does not have personal knowledge of the details of every named

23   plaintiff's medical situation.  Plaintiff therefore provides details for which he has

24   personal knowledge only on behalf of himself.  Plaintiff further objects to the

25   request to describe "in detail each and every deficiency" at the Jail as duplicative,

26   overly burdensome, redundant, oppressive, and harassing.  Plaintiff further objects

27   to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and

28   harassing because Plaintiffs' 230-page Third Amended Complaint addresses the

1  deficient policies, procedures, and practices at the Jail in detail.  Plaintiff further

2  objects to this Interrogatory as duplicative, overly burdensome, redundant,

3  oppressive, and harassing because it seeks information sought by Defendants'

4  Requests for Production of Documents.  Plaintiff further objects to this Interrogatory

5  as premature because Plaintiff's investigation and discovery are ongoing.  Plaintiff

6  further objects to this Interrogatory as seeking information in Defendants' exclusive

7  possession, custody, and control, which has not yet been produced to or provided to

8  Plaintiff.  Plaintiff further objects to this Interrogatory as seeking the disclosure of

9  information protected by the attorney-client privilege and attorney work product.

10      Subject to and without waiving the foregoing objections, and without

11  prejudice to any other named plaintiff or member of the certified class or subclasses,

12  Plaintiff responds as follows:

13      Defendants fail to provide Plaintiff and other members of the certified class

14  and subclasses with constitutionally-adequate medical care by: (1) failing to

15  maintain sufficient numbers of health care professionals, resulting in deficient care;

16  (2) permitting custody staff to interfere with and undermine the delivery of care by

17  health care professionals in the Jail; (3) conducting inadequate screening and intake,

18  and thus failing to identify and treat medical care problems of newly arriving

19  incarcerated people; (4) failing to provide adequate medical care, including

20  medication assisted treatment, for incarcerated people with substance use disorders;

21  (5) failing to provide adequate medical care for incarcerated people entering the Jail

22  under the influence of alcohol and drugs; (6) failing to continue medically necessary

23  medications and treatments for incarcerated people upon their arrival at the Jail,

24  resulting in long delays and patient harm; (7) failing to provide incarcerated people

25  with a reliable and timely way to alert health care staff of their medical needs;

26  (8) failing to maintain adequate, accurate, and complete medical records, which

27  compromises the delivery of care; (9) lacking sufficient contracts with community

28  providers to provide adequate medical care to incarcerated people; (10) failing to

1   provide constitutionally required confidentiality in the delivery of medical care;

2   (11) failing to provide adequate diagnostic care to incarcerated people, including

3   failing to appropriately refer incarcerated people to outside specialists when

4   necessary; (12) failing to timely provide incarcerated people with medically required

5   eyeglasses; (13) failing to provide necessary or adequate follow-up medical

6   treatment to incarcerated people; (14) failing to provide adequate discharge planning

7   services and medication for incarcerated people being released from the Jail; and

8   (15) failing to maintain adequate quality assurance/quality improvement processes

9   to ensure appropriate and timely medical care.

10      Plaintiff has been diagnosed with diabetes.  Immediately prior to being

11  incarcerated at the Jail in December 2019, Plaintiff was receiving four shots of

12  insulin daily to treat his diabetes.  However, shortly after Plaintiff was booked into

13  custody, Jail medical providers terminated Plaintiff's daily insulin shots and instead

14  provided Plaintiff with insulin shots only after his blood sugar was measured over

15  250 mg/dL.  This clinically dangerous change of treatment caused Plaintiff to

16  develop symptoms indicating mismanagement of diabetes: he became fatigued,

17  lethargic, and thirsty, and was frequently urinating.  This diabetes management

18  regimen is inconsistent with modern standards of care, including in detention

19  settings.

20      Plaintiff was housed in a medical observation unit during his 2019-2021

21  incarceration at the Jail.  Plaintiff's cell had three emergency call buttons to summon

22  help from custody staff.  One call button was next to the bed, one by the toilet, and

23  one on the wall near a speaker.  However, only the call button by the toilet worked,

24  as Plaintiff discovered when at one point he started to choke and was unable to

25  breathe.  Plaintiff pushed the call buttons by his bed and the wall, but received no

26  response from custody staff.  Only once Plaintiff pushed the call button by the toilet

27  did staff respond to render aid.

28

1   **SPECIAL INTERROGATORY NO. 2:**

2       For each PLAINTIFF, describe in detail the specific way(s) in which each

3   and every deficiency and/or condition identified in response to Interrogatory No. 1

4   must be changed to make the medical care provided adequate.

5   **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

6       Plaintiff incorporates by reference the Preliminary Statement and General

7   Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

8   information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

9   named plaintiff in this action, as exceeding the number of interrogatories allowed by

10  Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

11  Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

12  that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

13  violation, Plaintiff does not have personal knowledge of the details of every named

14  plaintiff's medical situation.  Plaintiff therefore provides details for which he has

15  personal knowledge only on behalf of himself.  Plaintiff further objects to the

16  request to describe the necessary changes to "each and every deficiency" at the Jail

17  as duplicative, overly burdensome, redundant, oppressive, and harassing.  Plaintiff

18  further objects to this Interrogatory as duplicative, overly burdensome, redundant,

19  oppressive, and harassing because Plaintiffs' 230-page Third Amended Complaint

20  addresses the deficient policies, procedures, and practices at the Jail in detail,

21  including ways they must be changed to be adequate.  Plaintiff further objects to this

22  Interrogatory as duplicative, overly burdensome, redundant, oppressive, and

23  harassing because it seeks information sought by Defendants' Requests for

24  Production of Documents.  Plaintiff further objects to this Interrogatory as

25  premature because Plaintiff's investigation and discovery are ongoing.  Plaintiff

26  further objects to this Interrogatory as seeking information in Defendants' exclusive

27  possession, custody, and control, which has not yet been produced to or provided to

28  Plaintiff.  Plaintiff further objects to this Interrogatory as seeking the disclosure of

1  information protected by the attorney-client privilege and attorney work product.

2       Subject to and without waiving the foregoing objections, and without

3  prejudice to any other named plaintiff or member of the certified class or subclasses,

4  Plaintiff responds as follows:

5       The deficiencies and/or conditions set forth in Plaintiff's Response to

6  Interrogatory No. 1 must be changed to provide constitutionally-adequate health

7  care to incarcerated people.  Plaintiffs in this case seek an order from the Court that,

8  among other things, requires Defendants "to develop and implement, as soon as

9  practical, a plan to … [e]nsure adequate medical care to treat the serious medical

10  needs of the Jail population"; "[e]nsure timely access to appropriately trained

11  providers and staff to adequately treat incarcerated people's serious medical needs";

12  "[e]nsure adequate numbers of staff by discipline to ensure the timely and

13  appropriate treatment of the Jail population's serious medical needs"; "[e]nsure

14  timely access to appropriate emergency care of incarcerated people's emergent

15  medical needs"; "[e]nsure that medical and mental health care professionals make

16  clinical decisions about incarcerated people's serious medical and mental health

17  needs without interference from custody staff"; "[e]nsure appropriate and timely

18  monitoring and care of incarcerated people's chronic conditions"; "[e]nsure

19  appropriate and complete medical records are maintained as necessary to ensure

20  adequate treatment of incarcerated people's serious medical needs"; "[e]nsure

21  appropriate and timely access to specialists and outside treatment and hospitalization

22  for incarcerated people who cannot be adequately treated at the Jail"; "[e]nsure that

23  all staff are adequately trained to carry out their duties to provide adequate medical

24  care to the Jail population"; and "[e]nsure a system that regularly assesses the

25  performance of health care and custodial staff regarding the provision of health

26  services at the Jail against a set of established and appropriate criteria, so that errors

27  and deficiencies in the Jail's health care system are identified and corrected timely."

28  *See* Third Amended Complaint, pp. 226-28.

1    **SPECIAL INTERROGATORY NO. 3:**

2        For each PLAINTIFF, describe in detail the specific way(s) in which

3    PLAINTIFF was affected by inadequate mental health care at the JAIL and the dates

4    thereof.

5    **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

6        Plaintiff incorporates by reference the Preliminary Statement and General

7    Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

8    information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

9    named plaintiff in this action, as exceeding the number of interrogatories allowed by

10   Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

11   Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

12   that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

13   violation, Plaintiff does not have personal knowledge of the details of every named

14   plaintiff's mental health situation.  Plaintiff therefore provides details for which he

15   has personal knowledge only on behalf of himself.  Plaintiff further objects to this

16   Interrogatory as compound.  Plaintiff further objects to this Interrogatory to the

17   extent that Defendants' continuous exposure of Plaintiff and other incarcerated

18   people at the Jail to serious harm from inadequate mental health care renders the

19   identification of specific ways that Plaintiff was "affected" by that inadequate

20   mental health care and the dates thereof overly burdensome, redundant, oppressive,

21   and harassing.  Plaintiff further objects to this Interrogatory as duplicative, overly

22   burdensome, redundant, oppressive, and harassing because Plaintiffs' 230-page

23   Third Amended Complaint addresses the deficient policies, procedures, and

24   practices at the Jail in detail.  Plaintiff further objects to this Interrogatory as

25   duplicative, overly burdensome, redundant, oppressive, and harassing because it

26   seeks information sought by Defendants' Requests for Production of Documents.

27   Plaintiff further objects to this Interrogatory as premature because Plaintiff's

28   investigation and discovery are ongoing.  Plaintiff further objects to this

1  Interrogatory as seeking information in Defendants' exclusive possession, custody,

2  and control, which has not yet been produced to or provided to Plaintiff. Plaintiff

3  further objects to this Interrogatory as seeking the disclosure of information

4  protected by the attorney-client privilege and attorney work product. Plaintiff

5  further objects to this Interrogatory as duplicative of Interrogatory No. 6.

6        Subject to and without waiving the foregoing objections, and without

7  prejudice to any other named plaintiff or member of the certified class or subclasses,

8  Plaintiff responds as follows:

9        Plaintiff and all members of the certified class and subclasses are affected by

10  Defendants' failure to provide adequate mental health care at the Jail during the

11  entire period of their incarceration because they are subjected to Defendants'

12  policies and practices that expose all people incarcerated at the Jail to a substantial

13  serious risk of serious harm. Plaintiff further incorporates his response to

14  Interrogatory No. 4 with respect to how Plaintiff was affected by inadequate mental

15  health care at the Jail.

16  **SPECIAL INTERROGATORY NO. 4:**

17        For each PLAINTIFF, describe in detail each and every deficiency and/or

18  condition PLAINTIFF claims exists at the JAIL which renders the mental health

19  care provided inadequate as alleged in the COMPLAINT.

20  **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

21        Plaintiff incorporates by reference the Preliminary Statement and General

22  Objections set forth above. Plaintiff objects to this Interrogatory, which seeks

23  information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

24  named plaintiff in this action, as exceeding the number of interrogatories allowed by

25  Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

26  Scheduling Order. While Plaintiff's responses address deficiencies and conditions

27  that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

28  violation, Plaintiff does not have personal knowledge of the details of every named

1  plaintiff's mental health situation.  Plaintiff therefore provides details for which he

2  has personal knowledge only on behalf of himself.  Plaintiff further objects to the

3  request to describe "in detail each and every deficiency" at the Jail as duplicative,

4  overly burdensome, redundant, oppressive, and harassing.  Plaintiff further objects

5  to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and

6  harassing because Plaintiffs' 230-page Third Amended Complaint addresses the

7  deficient policies, procedures, and practices at the Jail in detail.  Plaintiff further

8  objects to this Interrogatory as duplicative, overly burdensome, redundant,

9  oppressive, and harassing because it seeks information sought by Defendants'

10 Requests for Production of Documents.  Plaintiff further objects to this Interrogatory

11 as premature because Plaintiff's investigation and discovery are ongoing.  Plaintiff

12 further objects to this Interrogatory as seeking information in Defendants' exclusive

13 possession, custody, and control, which has not yet been produced to or provided to

14 Plaintiff.  Plaintiff further objects to this Interrogatory as seeking the disclosure of

15 information protected by the attorney-client privilege and attorney work product.

16        Subject to and without waiving the foregoing objections, and without

17 prejudice to any other named plaintiff or member of the certified class or subclasses,

18 Plaintiff responds as follows:

19        Defendants fail to provide Plaintiff and other members of the certified class

20 and subclasses with constitutionally-adequate mental health care by: (1) failing to

21 adequately identify and track incarcerated people in need of mental health care;

22 (2) failing to maintain sufficient numbers of qualified mental health professionals to

23 meet the current need for mental health treatment at the Jail; (3) permitting custody

24 staff to improperly control clinical mental health care decisions, which undermines

25 delivery of care by mental health professionals; (4) failing to continue incarcerated

26 people's mental health medications they were taking prior to detention; (5) failing to

27 provide incarcerated people with timely access to mental health care; (6) lacking an

28 adequate system for providing mental health treatment to incarcerated people with

ongoing mental illness; (7) failing to provide confidential mental health care in adequate spaces; (8) housing incarcerated people at risk of suicide in punitive isolation units that put them at unnecessary and undue serious risk of further decompensation and harm; (9) lacking adequate policies and procedures to identify, treat, track, and supervise incarcerated people at risk of suicide; (10) failing to provide adequate care to incarcerated people with acute mental health needs; (11) discriminating against and unfairly punishing incarcerated people with mental illness in its housing placements; and (12) failing to provide incarcerated people with adequate mental health discharge planning and resources.

The Sheriff's Department placed Plaintiff in an EOH cell in 2018 after he decompensated following custody staff's confiscation of his eating and writing assistive devices. Jail staff forced Plaintiff to strip naked and did not allow him to have any of his clothes in the EOH cell. Plaintiff had access to only a thin mattress and a toilet. Plaintiff did not have access to his wheelchair and the cell lacked grab bars, which made it very difficult for Plaintiff to use the toilet. He often made a mess in the cell and was forced to sleep among his own feces and other trash in the filthy cell. Jail staff failed to provide Plaintiff with the modified spoon and modified straw he uses to eat for several days. Rather than eat with his bare hands like an animal, Plaintiff refused the food brought to him in the EOH cell. Plaintiff requires regular exercise and movement to ward off the debilitating symptoms of his arthritic condition, but lacked any opportunity for exercise or yard while in EOH. Lying down for long periods in the EOH cell, without anything else to do, exacerbated Plaintiff's arthritic condition. During this time in the EOH cell, Plaintiff had no opportunity for socialization and was not allowed to use the telephone or access reading materials.

**SPECIAL INTERROGATORY NO. 5:**

For each PLAINTIFF, describe in detail the specific way(s) in which each and every deficiency and/or condition identified in response to Interrogatory No. 4

1   must be changed to make the mental health care provided adequate.

2   **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

3       Plaintiff incorporates by reference the Preliminary Statement and General

4   Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

5   information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

6   named plaintiff in this action, as exceeding the number of interrogatories allowed by

7   Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

8   Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

9   that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

10  violation, Plaintiff does not have personal knowledge of the details of every named

11  plaintiff's mental health situation.  Plaintiff therefore provides details for which he

12  has personal knowledge only on behalf of himself.  Plaintiff further objects to the

13  request to describe the necessary changes to "each and every deficiency" at the Jail

14  as duplicative, overly burdensome, redundant, oppressive, and harassing.  Plaintiff

15  further objects to this Interrogatory as duplicative, overly burdensome, redundant,

16  oppressive, and harassing because Plaintiffs' 230-page Third Amended Complaint

17  addresses the deficient policies, procedures, and practices at the Jail in detail,

18  including ways they must be changed to be adequate.  Plaintiff further objects to this

19  Interrogatory as duplicative, overly burdensome, redundant, oppressive, and

20  harassing because it seeks information sought by Defendants' Requests for

21  Production of Documents.  Plaintiff further objects to this Interrogatory as

22  premature because Plaintiff's investigation and discovery are ongoing.  Plaintiff

23  further objects to this Interrogatory as seeking information in Defendants' exclusive

24  possession, custody, and control, which has not yet been produced to or provided to

25  Plaintiff.  Plaintiff further objects to this Interrogatory as seeking the disclosure of

26  information protected by the attorney-client privilege and attorney work product.

27      Subject to and without waiving the foregoing objections, and without

28  prejudice to any other named plaintiff or member of the certified class or subclasses,

1  Plaintiff responds as follows:

2      The deficiencies and/or conditions set forth in Plaintiff's Response to

3  Interrogatory No. 4 must be changed to provide constitutionally-adequate mental

4  health care to incarcerated people.  Plaintiffs in this case seek an order from the

5  Court that, among other things, requires Defendants "to develop and implement, as

6  soon as practical, a plan to … [e]nsure timely access to necessary treatment by

7  qualified staff for serious mental illness, including appropriate medication practices;

8  appropriate therapies; access to hospitalization and inpatient care; appropriate

9  suicide prevention practices and policies; appropriate use of seclusion and restraints;

10 appropriate disciplinary policies and practices regarding the mentally ill; and

11 appropriate training of corrections and mental health staff to recognize and treat

12 incarcerated people's mental illness"; "[e]nsure adequate numbers of staff by

13 discipline to ensure the timely and appropriate treatment of the Jail population's

14 serious mental health needs"; "[e]nsure that all staff are adequately trained to carry

15 out their duties to provide adequate mental health care to the Jail population"; and

16 "[e]nsure a system that regularly assesses the performance of health care and

17 custodial staff regarding the provision of health services at the Jail against a set of

18 established and appropriate criteria, so that errors and deficiencies in the Jail's

19 health care system are identified and corrected timely."  *See* Third Amended

20 Complaint, pp. 227-28.

21 **SPECIAL INTERROGATORY NO. 6:**

22      For each PLAINTIFF, describe in detail the specific way(s) in which

23 PLAINTIFF was affected by inadequate mental health care at the JAIL and the

24 dates thereof.

25 **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

26      Plaintiff further objects to this Interrogatory as duplicative of Interrogatory

27 No. 3.  Plaintiff incorporates by reference the response and objection to

28 Interrogatory No. 3 as if set forth verbatim herein.  Plaintiff will not separately

1  respond to this Interrogatory.

2  **SPECIAL INTERROGATORY NO. 7:**

3      For each PLAINTIFF, describe in detail each and every deficiency and/or

4  condition PLAINTIFF claims exists at the JAIL which renders the dental care

5  provided inadequate as alleged in the COMPLAINT.

6  **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

7      Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

9  information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

10 named plaintiff in this action, as exceeding the number of interrogatories allowed by

11 Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

12 Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

13 that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

14 violation, Plaintiff does not have personal knowledge of the details of every named

15 plaintiff's dental situation.  Plaintiff therefore provides details for which he has

16 personal knowledge only on behalf of himself.   Plaintiff further objects to the

17 request to describe "in detail each and every deficiency" at the Jail as duplicative,

18 overly burdensome, redundant, oppressive, and harassing.  Plaintiff further objects

19 to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and

20 harassing because Plaintiffs' 230-page Third Amended Complaint addresses the

21 deficient policies, procedures, and practices at the Jail in detail.  Plaintiff further

22 objects to this Interrogatory as duplicative, overly burdensome, redundant,

23 oppressive, and harassing because it seeks information sought by Defendants'

24 Requests for Production of Documents.  Plaintiff further objects to this Interrogatory

25 as premature because Plaintiff's investigation and discovery are ongoing.  Plaintiff

26 further objects to this Interrogatory as seeking information in Defendants' exclusive

27 possession, custody, and control, which has not yet been produced to or provided to

28 Plaintiff.  Plaintiff further objects to this Interrogatory as seeking the disclosure of

1 information protected by the attorney-client privilege and attorney work product.

2    Subject to and without waiving the foregoing objections, and without

3 prejudice to any other named plaintiff or member of the certified class or subclasses,

4 Plaintiff responds as follows:

5    Defendants fail to provide Plaintiff and other members of the certified class

6 and subclasses with constitutionally-adequate dental care by: (1) maintaining

7 insufficient numbers of dental professionals to timely respond to requests for dental

8 evaluations and treatment; to adequately screen, monitor, and provide follow-up

9 care to people with serious dental conditions; and to treat people; (2) failing to

10 adequately train and supervise their staff to ensure that dental care is provided on a

11 timely basis; (3) limiting dental care and treatment almost exclusively to extracting

12 teeth; and (4) maintaining inadequate policies and procedures for preventive dental

13 care.

14 **SPECIAL INTERROGATORY NO. 8:**

15    For each PLAINTIFF, describe in detail the specific way(s) in which each and

16 every deficiency and/or condition identified in response to Interrogatory No. 7 must

17 be changed to make the dental care provided adequate.

18 **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

19    Plaintiff incorporates by reference the Preliminary Statement and General

20 Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

21 information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

22 named plaintiff in this action, as exceeding the number of interrogatories allowed by

23 Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

24 Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

25 that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

26 violation, Plaintiff does not have personal knowledge of the details of every named

27 plaintiff's dental situation.  Plaintiff therefore provides details for which he has

28 personal knowledge only on behalf of himself.  Plaintiff further objects to the

1  request to describe the necessary changes to "each and every deficiency" at the Jail

2  as duplicative, overly burdensome, redundant, oppressive, and harassing.  Plaintiff

3  further objects to this Interrogatory as duplicative, overly burdensome, redundant,

4  oppressive, and harassing because Plaintiffs' 230-page Third Amended Complaint

5  addresses the deficient policies, procedures, and practices at the Jail in detail,

6  including ways they must be changed to be adequate.  Plaintiff further objects to this

7  Interrogatory as duplicative, overly burdensome, redundant, oppressive, and

8  harassing because it seeks information sought by Defendants' Requests for

9  Production of Documents.  Plaintiff further objects to this Interrogatory as

10  premature because Plaintiff's investigation and discovery are ongoing.  Plaintiff

11  further objects to this Interrogatory as seeking information in Defendants' exclusive

12  possession, custody, and control, which has not yet been produced to or provided to

13  Plaintiff.  Plaintiff further objects to this Interrogatory as seeking the disclosure of

14  information protected by the attorney-client privilege and attorney work product.

15       Subject to and without waiving the foregoing objections, and without

16  prejudice to any other named plaintiff or member of the certified class or subclasses,

17  Plaintiff responds as follows:

18       The deficiencies and/or conditions set forth in Plaintiff's Response to

19  Interrogatory No. 7 must be changed to provide constitutionally-adequate dental

20  care to incarcerated people.  Plaintiffs in this case seek an order from the Court that,

21  among other things, requires Defendants "to develop and implement, as soon as

22  practical, a plan to … [e]nsure timely access to dental care to treat the serious dental

23  needs of the Jail population."  *See* Third Amended Complaint, p. 228.

24  **SPECIAL INTERROGATORY NO. 9:**

25       For each PLAINTIFF, describe in detail the specific way(s) in which

26  PLAINTIFF was affected by inadequate dental care at the JAIL and the dates

27  thereof.

28

1  **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

2       Plaintiff incorporates by reference the Preliminary Statement and General

3  Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

4  information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

5  named plaintiff in this action, as exceeding the number of interrogatories allowed by

6  Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

7  Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

8  that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

9  violation, Plaintiff does not have personal knowledge of the details of every named

10 plaintiff's dental situation.  Plaintiff therefore provides details for which he has

11 personal knowledge only on behalf of himself.  Plaintiff further objects to this

12 Interrogatory as compound.  Plaintiff further objects to this Interrogatory to the

13 extent that Defendants' continuous exposure of Plaintiff and other incarcerated

14 people at the Jail to serious harm from inadequate dental care renders the

15 identification of specific ways that Plaintiff was "affected" by that inadequate dental

16 care and the dates thereof overly burdensome, redundant, oppressive, and harassing.

17 Plaintiff further objects to this Interrogatory as duplicative, overly burdensome,

18 redundant, oppressive, and harassing because Plaintiffs' 230-page Third Amended

19 Complaint addresses the deficient policies, procedures, and practices at the Jail in

20 detail.  Plaintiff further objects to this Interrogatory as duplicative, overly

21 burdensome, redundant, oppressive, and harassing because it seeks information

22 sought by Defendants' Requests for Production of Documents.  Plaintiff further

23 objects to this Interrogatory as premature because Plaintiff's investigation and

24 discovery are ongoing.  Plaintiff further objects to this Interrogatory as seeking

25 information in Defendants' exclusive possession, custody, and control, which has

26 not yet been produced to or provided to Plaintiff.  Plaintiff further objects to this

27 Interrogatory as seeking the disclosure of information protected by the attorney-

28 client privilege and attorney work product.

1    Subject to and without waiving the foregoing objections, and without

2  prejudice to any other named plaintiff or member of the certified class or subclasses,

3  Plaintiff responds as follows:

4    Plaintiff and all members of the certified class and subclasses are affected by

5  Defendants' failure to provide adequate dental care at the Jail during the entire

6  period of their incarceration because they are subjected to Defendants' policies and

7  practices that expose all people incarcerated at the Jail to a substantial serious risk of

8  serious harm.

9  **SPECIAL INTERROGATORY NO. 10:**

10    For each PLAINTIFF, describe in detail each and every deficiency and/or

11  condition PLAINTIFF claims exists at the JAIL which renders the environmental

12  health and safety conditions inadequate as alleged in the COMPLAINT.

13  **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

14    Plaintiff incorporates by reference the Preliminary Statement and General

15  Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

16  information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

17  named plaintiff in this action, as exceeding the number of interrogatories allowed by

18  Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

19  Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

20  that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

21  violation, Plaintiff does not have personal knowledge of the details of every named

22  plaintiff's experiences with environmental health and safety conditions at the Jail.

23  Plaintiff therefore provides details for which he has personal knowledge only on

24  behalf of himself.  Plaintiff further objects to the request to describe "in detail each

25  and every deficiency" at the Jail as duplicative, overly burdensome, redundant,

26  oppressive, and harassing.  Plaintiff further objects to this Interrogatory as

27  duplicative, overly burdensome, redundant, oppressive, and harassing because

28  Plaintiffs' 230-page Third Amended Complaint addresses the deficient policies,

1  procedures, and practices at the Jail in detail.  Plaintiff further objects to this

2  Interrogatory as duplicative, overly burdensome, redundant, oppressive, and

3  harassing because it seeks information sought by Defendants' Requests for

4  Production of Documents.  Plaintiff further objects to this Interrogatory as

5  premature because Plaintiff's investigation and discovery are ongoing.  Plaintiff

6  further objects to this Interrogatory as seeking information in Defendants' exclusive

7  possession, custody, and control, which has not yet been produced to or provided to

8  Plaintiff.  Plaintiff further objects to this Interrogatory as seeking the disclosure of

9  information protected by the attorney-client privilege and attorney work product.

10        Subject to and without waiving the foregoing objections, and without

11  prejudice to any other named plaintiff or member of the certified class or subclasses,

12  Plaintiff responds as follows:

13        Defendants fail to provide Plaintiff and other members of the certified class

14  and subclasses with constitutionally-adequate environmental health and safety

15  conditions by: (1) allowing the Jail to be filthy and ripe for the spread of disease;

16  (2) failing to remedy dangerous electrical and plumbing hazards; and (3) failing to

17  ensure that incarcerated people have access to clean clothes and linens.

18        Plaintiff requires assistance changing his shirts, but the Sheriff's Department

19  frequently refused to provide Plaintiff with help during his incarceration at the Jail,

20  so he often wore the same dirty shirt for months at a time.

21        The Sheriff's Department placed Plaintiff in an EOH cell in 2018 after he

22  decompensated following custody staff's confiscation of his eating and writing

23  assistive devices.  Jail staff forced Plaintiff to strip naked and did not allow him to

24  have any of his clothes in the EOH cell.  Plaintiff had access to only a thin mattress

25  and a toilet.  Plaintiff did not have access to his wheelchair and the cell lacked grab

26  bars, which made it very difficult for Plaintiff to use the toilet.  He often made a

27  mess in the cell and was forced to sleep among his own feces and other trash in the

28  filthy cell.

1  **SPECIAL INTERROGATORY NO. 11:**

2      For each PLAINTIFF, describe in detail the specific way(s) in which each and

3  every deficiency and/or condition identified in response to Interrogatory No. 10

4  must be changed to make the environmental health and safety conditions adequate.

5  **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

6      Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

8  information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

9  named plaintiff in this action, as exceeding the number of interrogatories allowed by

10 Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

11 Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

12 that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

13 violation, Plaintiff does not have personal knowledge of the details of every named

14 plaintiff's experiences with environmental health and safety conditions at the Jail.

15 Plaintiff therefore provides details for which he has personal knowledge only on

16 behalf of himself.  Plaintiff further objects to the request to describe the necessary

17 changes to "each and every deficiency" at the Jail as duplicative, overly

18 burdensome, redundant, oppressive, and harassing.  Plaintiff further objects to this

19 Interrogatory as duplicative, overly burdensome, redundant, oppressive, and

20 harassing because Plaintiffs' 230-page Third Amended Complaint addresses the

21 deficient policies, procedures, and practices at the Jail in detail, including ways they

22 must be changed to be adequate.  Plaintiff further objects to this Interrogatory as

23 duplicative, overly burdensome, redundant, oppressive, and harassing because it

24 seeks information sought by Defendants' Requests for Production of Documents.

25 Plaintiff further objects to this Interrogatory as premature because Plaintiff's

26 investigation and discovery are ongoing.  Plaintiff further objects to this

27 Interrogatory as seeking information in Defendants' exclusive possession, custody,

28 and control, which has not yet been produced to or provided to Plaintiff.  Plaintiff

1  further objects to this Interrogatory as seeking the disclosure of information

2  protected by the attorney-client privilege and attorney work product.

3      Subject to and without waiving the foregoing objections, and without

4  prejudice to any other named plaintiff or member of the certified class or subclasses,

5  Plaintiff responds as follows:

6      The deficiencies and/or conditions set forth in Plaintiff's Response to

7  Interrogatory No. 10 must be changed to provide constitutionally-adequate

8  environmental health and safety conditions in the Jail. Plaintiffs in this case seek an

9  order from the Court that, among other things, requires Defendants "to develop and

10  implement, as soon as practical, a plan to … [e]nsure adequate environmental health

11  and safety conditions consistent with modern public health standards, including

12  appropriate physical plant conditions; policies and procedures for sanitation and

13  environmental health; prevention of infectious disease transmission; and regular

14  cleaning, maintenance, and remediation of dangerous conditions." *See* Third

15  Amended Complaint, p. 228.

16  **SPECIAL INTERROGATORY NO. 12:**

17      For each PLAINTIFF, describe in detail the specific way(s) in which

18  PLAINTIFF was affected by inadequate environmental health and safety conditions

19  at the JAIL and the dates thereof.

20  **RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

21      Plaintiff incorporates by reference the Preliminary Statement and General

22  Objections set forth above. Plaintiff objects to this Interrogatory, which seeks

23  information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

24  named plaintiff in this action, as exceeding the number of interrogatories allowed by

25  Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

26  Scheduling Order. While Plaintiff's responses address deficiencies and conditions

27  that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

28  violation, Plaintiff does not have personal knowledge of the details of every named

plaintiff's experiences with environmental health and safety conditions at the Jail. Plaintiff therefore provides details for which he has personal knowledge only on behalf of himself. Plaintiff further objects to this Interrogatory as compound. Plaintiff further objects to this Interrogatory to the extent that Defendants' continuous exposure of Plaintiff and other incarcerated people at the Jail to serious harm from inadequate environmental health and safety conditions renders the identification of specific ways that Plaintiff was "affected" by those conditions and the dates thereof overly burdensome, redundant, oppressive, and harassing. Plaintiff further objects to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and harassing because Plaintiffs' 230-page Third Amended Complaint addresses the deficient policies, procedures, and practices at the Jail in detail. Plaintiff further objects to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and harassing because it seeks information sought by Defendants' Requests for Production of Documents. Plaintiff further objects to this Interrogatory as premature because Plaintiff's investigation and discovery are ongoing. Plaintiff further objects to this Interrogatory as seeking information in Defendants' exclusive possession, custody, and control, which has not yet been produced to or provided to Plaintiff. Plaintiff further objects to this Interrogatory as seeking the disclosure of information protected by the attorney-client privilege and attorney work product.

Subject to and without waiving the foregoing objections, and without prejudice to any other named plaintiff or member of the certified class or subclasses, Plaintiff responds as follows:

Plaintiff and all members of the certified class and subclasses are affected by Defendants' failure to ensure constitutionally-adequate environmental health and safety conditions at the Jail during the entire period of their incarceration because they are subjected to Defendants' policies and practices that expose all people incarcerated at the Jail to a substantial serious risk of serious harm. Plaintiff further

incorporates his response to Interrogatory No. 10 with respect to how Plaintiff was affected by inadequate environmental health and safety conditions at the Jail.

**SPECIAL INTERROGATORY NO. 13:**

For each PLAINTIFF, describe in detail each and every deficiency and/or condition PLAINTIFF claims exists at the JAIL which renders the safety and security provided inadequate as alleged in the COMPLAINT.

**RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Interrogatory, which seeks information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each named plaintiff in this action, as exceeding the number of interrogatories allowed by Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's Scheduling Order. While Plaintiff's responses address deficiencies and conditions that expose all plaintiffs to a substantial risk of serious harm and/or a statutory violation, Plaintiff does not have personal knowledge of the details of every named plaintiff's experiences with safety and security conditions at the Jail. Plaintiff therefore provides details for which he has personal knowledge only on behalf of himself. Plaintiff further objects to the request to describe "in detail each and every deficiency" at the Jail as duplicative, overly burdensome, redundant, oppressive, and harassing. Plaintiff further objects to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and harassing because Plaintiffs' 230-page Third Amended Complaint addresses the deficient policies, procedures, and practices at the Jail in detail. Plaintiff further objects to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and harassing because it seeks information sought by Defendants' Requests for Production of Documents. Plaintiff further objects to this Interrogatory as premature because Plaintiff's investigation and discovery are ongoing. Plaintiff further objects to this Interrogatory as seeking information in Defendants' exclusive possession, custody,

1  and control, which has not yet been produced to or provided to Plaintiff.  Plaintiff

2  further objects to this Interrogatory as seeking the disclosure of information

3  protected by the attorney-client privilege and attorney work product.

4      Subject to and without waiving the foregoing objections, and without

5  prejudice to any other named plaintiff or member of the certified class or subclasses,

6  Plaintiff responds as follows:

7      Defendants fail to provide Plaintiff and other members of the certified class

8  and subclasses with constitutionally-adequate safety and security by: (1) failing to

9  adequately classify and assign people to appropriate housing locations, putting them

10  at grave risk of violence and physical injury; (2) failing to protect people from

11  fentanyl and other dangerous contraband at the Jail; (3) failing to maintain

12  functioning video cameras, emergency intercoms, and elevators, which places

13  incarcerated people's physical safety at risk; (4) failing to provide timely and

14  adequate safety checks and failing to respond to people in distress; (5) failing to

15  prevent and address misconduct by custody staff that harms incarcerated people; and

16  (6) failing to ensure adequate independent oversight of the Jail.

17      Plaintiff was housed in a medical observation unit during his 2019-2021

18  incarceration at the Jail.  Plaintiff's cell had three emergency call buttons to summon

19  help from custody staff.  One call button was next to the bed, one by the toilet, and

20  one on the wall near a speaker.  However, only the call button by the toilet worked,

21  as Plaintiff discovered when at one point he started to choke and was unable to

22  breathe.  Plaintiff pushed the call buttons by his bed and the wall, but received no

23  response from custody staff.  Only once Plaintiff pushed the call button by the toilet

24  did staff respond to render aid.

25  **SPECIAL INTERROGATORY NO. 14:**

26      For each PLAINTIFF, describe in detail the specific way(s) in which each and

27  every deficiency and/or condition identified in response to Interrogatory No. 13

28  must be changed to make the safety and security provided adequate.

**RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Interrogatory, which seeks information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each named plaintiff in this action, as exceeding the number of interrogatories allowed by Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's Scheduling Order. While Plaintiff's responses address deficiencies and conditions that expose all plaintiffs to a substantial risk of serious harm and/or a statutory violation, Plaintiff does not have personal knowledge of the details of every named plaintiff's experiences with safety and security conditions at the Jail. Plaintiff therefore provides details for which he has personal knowledge only on behalf of himself. Plaintiff further objects to the request to describe the necessary changes to "each and every deficiency" at the Jail as duplicative, overly burdensome, redundant, oppressive, and harassing. Plaintiff further objects to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and harassing because Plaintiffs' 230-page Third Amended Complaint addresses the deficient policies, procedures, and practices at the Jail in detail, including ways they must be changed to be adequate. Plaintiff further objects to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and harassing because it seeks information sought by Defendants' Requests for Production of Documents. Plaintiff further objects to this Interrogatory as premature because Plaintiff's investigation and discovery are ongoing. Plaintiff further objects to this Interrogatory as seeking information in Defendants' exclusive possession, custody, and control, which has not yet been produced to or provided to Plaintiff. Plaintiff further objects to this Interrogatory as seeking the disclosure of information protected by the attorney-client privilege and attorney work product.

Subject to and without waiving the foregoing objections, and without prejudice to any other named plaintiff or member of the certified class or subclasses,

1  Plaintiff responds as follows:

2       The deficiencies and/or conditions set forth in Plaintiff's Response to

3  Interrogatory No. 13 must be changed to provide constitutionally-adequate safety

4  and security in the Jail.  Plaintiffs in this case seek an order from the Court that,

5  among other things, requires Defendants "to develop and implement, as soon as

6  practical, a plan to … [i]mplement appropriate population management so that the

7  number of incarcerated people is kept at a level that can be safely managed";

8  "[r]emedy all physical plant problems that endanger the safety and security of the

9  Jail population"; "[t]ake all steps to ensure that incarcerated people are safe from

10 harm from fellow incarcerated people"; "[e]nsure that custody staff are adequately

11 trained to carry out their duties to ensure the safety and security of the Jail

12 population"; "[a]ppropriately classify and house incarcerated people to ensure their

13 safety and security"; and "provide minimally adequate protections against violence

14 and other serious harm."  *See* Third Amended Complaint, p. 228.

15 **SPECIAL INTERROGATORY NO. 15:**

16      For each PLAINTIFF, describe in detail the specific way(s) in which

17 PLAINTIFF was affected by inadequate safety and security at the JAILS and the

18 dates thereof.

19 **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

20      Plaintiff incorporates by reference the Preliminary Statement and General

21 Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

22 information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

23 named plaintiff in this action, as exceeding the number of interrogatories allowed by

24 Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

25 Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

26 that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

27 violation, Plaintiff does not have personal knowledge of the details of every named

28 plaintiff's experiences with safety and security conditions at the Jail.  Plaintiff

therefore provides details for which he has personal knowledge only on behalf of himself.  Plaintiff further objects to this Interrogatory as compound.  Plaintiff further objects to this Interrogatory to the extent that Defendants' continuous exposure of Plaintiff and other incarcerated people at the Jail to serious harm by inadequate safety and security conditions renders the identification of specific ways that Plaintiff was "affected" by those conditions and the dates thereof overly burdensome, redundant, oppressive, and harassing.  Plaintiff further objects to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and harassing because Plaintiffs' 230-page Third Amended Complaint addresses the deficient policies, procedures, and practices at the Jail in detail.  Plaintiff further objects to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and harassing because it seeks information sought by Defendants' Requests for Production of Documents.  Plaintiff further objects to this Interrogatory as premature because Plaintiff's investigation and discovery are ongoing.  Plaintiff further objects to this Interrogatory as seeking information in Defendants' exclusive possession, custody, and control, which has not yet been produced to or provided to Plaintiff.  Plaintiff further objects to this Interrogatory as seeking the disclosure of information protected by the attorney-client privilege and attorney work product.

Subject to and without waiving the foregoing objections, and without prejudice to any other named plaintiff or member of the certified class or subclasses, Plaintiff responds as follows:

Plaintiff and all members of the certified class and subclasses are affected by Defendants' failure to ensure constitutionally-adequate safety and security at the Jail during the entire period of their incarceration because they are subjected to Defendants' policies and practices that expose all people incarcerated at the Jail to a substantial serious risk of serious harm.  Plaintiff further incorporates his response to Interrogatory No. 13 with respect to how Plaintiff was affected by inadequate safety and security at the Jail.

PLAINTIFF DARRYL DUNSMORE'S RESPONSES TO
DEFENDANTS' FIRST SET OF SPECIAL INTERROGATORIES

1  **SPECIAL INTERROGATORY NO. 16:**

2      For each PLAINTIFF, describe in detail each and every deficiency and/or

3  condition PLAINTIFF claims exists at the JAIL denying access to legal counsel and

4  the Courts as alleged in the COMPLAINT.

5  **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

6      Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

8  information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

9  named plaintiff in this action, as exceeding the number of interrogatories allowed by

10  Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

11  Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

12  that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

13  violation, Plaintiff does not have personal knowledge of the details of every named

14  plaintiff's experiences with access to counsel and the courts at the Jail.  Plaintiff

15  therefore provides details for which he has personal knowledge only on behalf of

16  himself.  Plaintiff further objects to the request to describe "in detail each and every

17  deficiency" at the Jail as duplicative, overly burdensome, redundant, oppressive, and

18  harassing.  Plaintiff further objects to this Interrogatory as duplicative, overly

19  burdensome, redundant, oppressive, and harassing because Plaintiffs' 230-page

20  Third Amended Complaint addresses the deficient policies, procedures, and

21  practices at the Jail in detail.  Plaintiff further objects to this Interrogatory as

22  duplicative, overly burdensome, redundant, oppressive, and harassing because it

23  seeks information sought by Defendants' Requests for Production of Documents.

24  Plaintiff further objects to this Interrogatory as premature because Plaintiff's

25  investigation and discovery are ongoing.  Plaintiff further objects to this

26  Interrogatory as seeking information in Defendants' exclusive possession, custody,

27  and control, which has not yet been produced to or provided to Plaintiff.  Plaintiff

28  further objects to this Interrogatory as seeking the disclosure of information

1  protected by the attorney-client privilege and attorney work product.

2      Subject to and without waiving the foregoing objections, and without

3  prejudice to any other named plaintiff or member of the certified class or subclasses,

4  Plaintiff responds as follows:

5      Defendants fail to provide Plaintiff and other members of the certified class

6  and subclasses with constitutionally-adequate access to legal counsel by: (1) failing

7  to ensure that incarcerated people can adequately communicate confidentially with

8  their attorneys; and (2) improperly interfering with incarcerated persons' access to

9  the courts.

10      When Plaintiff arrived at the Jail for resentencing in December 2019, he

11  brought a significant amount of his legal materials with him. However, the Jail

12  immediately confiscated Plaintiff legal papers, including complaints against the Jail

13  from Plaintiff's previous incarceration in 2018. Plaintiff did not receive any legal

14  papers back for 2-3 weeks, after repeatedly asking. Even then, staff only let him

15  have a small portion of his legal papers. Plaintiff did not receive the rest of his legal

16  papers back until at least 90 days after he arrived at the Jail. When Plaintiff

17  received the papers back, he discovered that some of his legal papers were missing.

18  Among the material lost and not returned was a box with discovery material crucial

19  to Plaintiff's continuing court challenges to his underlying conviction, complaints to

20  CLERB, and grievances about Plaintiff's treatment at the Jail in 2018.

21      Plaintiff was recognized as a pro per litigant by the California Court of

22  Appeal's Fourth Appellate District and was also proceeding pro se on his federal

23  habeas petitions while at the Jail. However, the Sheriff's Department not provide

24  Plaintiff with pro per privileges, including access to the law library for several hours

25  each week, access to copying and printing services, and legal materials like pleading

26  paper and legal-size envelopes. Plaintiff had no access to a computer for legal

27  research for his active cases. This lack of access prevented Plaintiff from

28  developing an adequate record in court, contributed to the dismissal of several of his

1  civil claims, and caused him to incur filing fee debts.

2  **SPECIAL INTERROGATORY NO. 17:**

3  For each PLAINTIFF, describe in detail the specific way(s) in which each and

4  every deficiency and/or condition identified in response to Interrogatory No. 16

5  must be changed to provide access to legal counsel and the Courts.

6  **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

7  Plaintiff incorporates by reference the Preliminary Statement and General

8  Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

9  information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

10 named plaintiff in this action, as exceeding the number of interrogatories allowed by

11 Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

12 Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

13 that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

14 violation, Plaintiff does not have personal knowledge of the details of every named

15 plaintiff's experiences with access to counsel and the courts at the Jail.  Plaintiff

16 therefore provides details for which he has personal knowledge only on behalf of

17 himself.  Plaintiff further objects to the request to describe the necessary changes to

18 "each and every deficiency" at the Jail as duplicative, overly burdensome,

19 redundant, oppressive, and harassing.  Plaintiff further objects to this Interrogatory

20 as duplicative, overly burdensome, redundant, oppressive, and harassing because

21 Plaintiffs' 230-page Third Amended Complaint addresses the deficient policies,

22 procedures, and practices at the Jail in detail, including ways they must be changed

23 to be adequate.  Plaintiff further objects to this Interrogatory as duplicative, overly

24 burdensome, redundant, oppressive, and harassing because it seeks information

25 sought by Defendants' Requests for Production of Documents.  Plaintiff further

26 objects to this Interrogatory as premature because Plaintiff's investigation and

27 discovery are ongoing.  Plaintiff further objects to this Interrogatory as seeking

28 information in Defendants' exclusive possession, custody, and control, which has

1  not yet been produced to or provided to Plaintiff. Plaintiff further objects to this

2  Interrogatory as seeking the disclosure of information protected by the attorney-

3  client privilege and attorney work product.

4      Subject to and without waiving the foregoing objections, and without

5  prejudice to any other named plaintiff or member of the certified class or subclasses,

6  Plaintiff responds as follows:

7      The deficiencies and/or conditions set forth in Plaintiff's Response to

8  Interrogatory No. 16 must be changed to provide constitutionally-adequate access to

9  legal counsel and the Courts. Plaintiffs in this case seek an order from the Court

10  that, among other things, requires Defendants "to develop and implement, as soon as

11  practical, a plan to … [e]nsure that all incarcerated people have adequate access to

12  confidential communication with their criminal defense attorneys and their civil

13  attorneys; and that all incarcerated people's legal property and materials are not

14  interfered with by Jail staff." *See* Third Amended Complaint, p. 229.

15  **SPECIAL INTERROGATORY NO. 18:**

16      For each PLAINTIFF, describe in detail the specific way(s) in which

17  PLAINTIFF was denied access to legal counsel and the Court and the dates of said

18  denials.

19  **RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

20      Plaintiff incorporates by reference the Preliminary Statement and General

21  Objections set forth above. Plaintiff objects to this Interrogatory, which seeks

22  information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

23  named plaintiff in this action, as exceeding the number of interrogatories allowed by

24  Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

25  Scheduling Order. While Plaintiff's responses address deficiencies and conditions

26  that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

27  violation, Plaintiff does not have personal knowledge of the details of every named

28  plaintiff's experiences with access to counsel and the courts at the Jail. Plaintiff

therefore provides details for which he has personal knowledge only on behalf of himself. Plaintiff further objects to this Interrogatory as compound. Plaintiff further objects to this Interrogatory to the extent that Defendants' continuous exposure of Plaintiff and other incarcerated people at the Jail to serious harm from the denial of access to counsel and the courts renders the identification of specific ways that Plaintiff was "affected" by that denial and the dates thereof overly burdensome, redundant, oppressive, and harassing. Plaintiff further objects to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and harassing because Plaintiffs' 230-page Third Amended Complaint addresses the deficient policies, procedures, and practices at the Jail in detail. Plaintiff further objects to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and harassing because it seeks information sought by Defendants' Requests for Production of Documents. Plaintiff further objects to this Interrogatory as premature because Plaintiff's investigation and discovery are ongoing. Plaintiff further objects to this Interrogatory as seeking information in Defendants' exclusive possession, custody, and control, which has not yet been produced to or provided to Plaintiff. Plaintiff further objects to this Interrogatory as seeking the disclosure of information protected by the attorney-client privilege and attorney work product.

Subject to and without waiving the foregoing objections, and without prejudice to any other named plaintiff or member of the certified class or subclasses, Plaintiff responds as follows:

Plaintiff and all members of the certified class and subclasses are affected by Defendants' failure to ensure constitutionally-adequate access to legal counsel and the courts during the entire period of their incarceration because they are subjected to Defendants' policies and practices that expose all people incarcerated at the Jail to a substantial serious risk of serious harm. Plaintiff further incorporates his response to Interrogatory No. 16 with respect to how Plaintiff was affected by inadequate access to legal counsel and the courts.

1  **SPECIAL INTERROGATORY NO. 19:**

2      For each PLAINTIFF, describe in detail each and every failure to provide

3  reasonable accommodation to Incarcerated People with Disabilities at the JAIL as

4  alleged in the COMPLAINT.

5  **RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

6      Plaintiff incorporates by reference the Preliminary Statement and General

7  Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

8  information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

9  named plaintiff in this action, as exceeding the number of interrogatories allowed by

10  Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

11  Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

12  that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

13  violation, Plaintiff does not have personal knowledge of the details of every named

14  plaintiff's experiences with denial of reasonable accommodations at the Jail.

15  Plaintiff therefore provides details for which he has personal knowledge only on

16  behalf of himself.  Plaintiff further objects to the request to describe "in detail each

17  and every failure" at the Jail as duplicative, overly burdensome, redundant,

18  oppressive, and harassing.  Plaintiff further objects to this Interrogatory as

19  duplicative, overly burdensome, redundant, oppressive, and harassing because

20  Plaintiffs' 230-page Third Amended Complaint addresses the deficient policies,

21  procedures, and practices at the Jail in detail.  Plaintiff further objects to this

22  Interrogatory as duplicative, overly burdensome, redundant, oppressive, and

23  harassing because it seeks information sought by Defendants' Requests for

24  Production of Documents.  Plaintiff further objects to this Interrogatory as

25  premature because Plaintiff's investigation and discovery are ongoing.  Plaintiff

26  further objects to this Interrogatory as seeking information in Defendants' exclusive

27  possession, custody, and control, which has not yet been produced to or provided to

28  Plaintiff.  Plaintiff further objects to this Interrogatory as seeking the disclosure of

1   information protected by the attorney-client privilege and attorney work product.

2       Subject to and without waiving the foregoing objections, and without

3   prejudice to any other named plaintiff or member of the certified subclass, Plaintiff

4   responds as follows:

5       Defendants fail to provide Plaintiff and other members of the certified

6   subclass with reasonable accommodations for their disabilities by: (1) lacking

7   adequate policies and procedures to identify and track incarcerated people with

8   disabilities; (2) failing to accommodate incarcerated people with hearing and speech

9   disabilities; (3) failing to accommodate incarcerated people with substance use

10  disorders; (4) routinely failing to provide assistive devices to incarcerated people

11  with disabilities; (5) failing to provide equal access to programs and services,

12  including safe and accessible facilities, to incarcerated people with disabilities; (6)

13  lacking an effective procedure for incarcerated people to request reasonable

14  disability accommodations; and (7) subjecting people with disabilities to dangerous

15  conditions in the Jail by failing to accommodate their disability-related needs.

16      Plaintiff has ankylosing spondylitis, a severe and advanced form of arthritis

17  that, over time, can cause spinal deformities.  Plaintiff started to have back pain

18  decades ago and has already had sections of his spine fused together.  Due to his

19  condition, Plaintiff also experiences inflammation, pain, and stiffness in his hands

20  and feet.  He is slowly losing feeling in both of his hands, and he struggles to grip

21  items.  He uses a modified spoon with a foam handle to eat and a modified pencil

22  with a foam handle to write.  Without those devices, Plaintiff struggles to eat and

23  write.  Plaintiff also cannot tip his head back to drink because his spine is fused, so

24  he uses a straw to drink.  Plaintiff receives injections that have enabled him to be

25  more mobile than untreated patients with his condition.  Regular physical activity

26  helps Plaintiff stay mobile when his condition allows.  Even so, Plaintiff's

27  disability-related limitations wax and wane.  On some days, he is more easily able to

28  move around than other days.  Sometimes, his condition flares up so significantly

that the pain places Plaintiff in a state of paralysis.  Because his condition fluctuates, Plaintiff often needs a wheelchair, cane, or walker to move around.  When Plaintiff arrived at the Jail on August 16, 2018 from CDCR, Plaintiff had all of his assistive devices: a wheelchair, cane, walker, modified spoon, modified pencil, and straw. On September 10, 2018, Jail staff confiscated Plaintiff's wheelchair and modified spoon because a deputy watched a video of Plaintiff ambulating unassisted in the recreation area at a moment when he was capable of doing so.  Because the Jail lacks an adequate system for tracking Plaintiff's disability and his required accommodations, Jail staff did not understand the nature of Plaintiff's disability and how his mobility fluctuates.  The Sheriff's Department's confiscation of Plaintiff's devices caused his psychological state to decompensate to the point where he told Jail staff that he was suicidal.  Plaintiff was placed in a dirty EOH cell for several days without any of his assistive devices or property.  Thereafter, Plaintiff changed his behavior to try to hide the nature of his disability out of concern that staff would call him a liar and again confiscate his assistive devices if they saw him at a time when he was capable of unassisted movement.  Plaintiff submitted several grievances about his need for ADA accommodations while in the Jail, including when Jail staff confiscated his assistive devices in August 2018.  However, for most of the grievances Plaintiff filed, Jail staff never responded in writing and failed to provide Plaintiff with the accommodations he requested.

During his December 2019 to April 2021 incarceration at the Jail, Plaintiff did not receive his cane.  Plaintiff also requires assistance changing his shirts, but the Sheriff's Department frequently refused to provide Plaintiff with help during his incarceration at the Jail, so he often wore the same dirty shirt for months at a time.

When Plaintiff arrived at the Jail in December 2019, Jail staff failed to place him on a medical diet.  Plaintiff was forced to use his modified spoon to cut the food into small enough pieces for him to eat, causing his modified spoon to break in February 2020.  After more than a month, in response to his request for a new

spoon, Jail staff gave Plaintiff a tiny pediatric spoon, which was ineffective and made it more difficult for him to eat.

In 2019, Plaintiff brought with him to the Jail writing utensils with long handles, which allow him to grip the utensils and write given the arthritic condition in his hands. Those writing utensils were confiscated when Plaintiff arrived at the Jail. When Plaintiff requested a replacement, Jail staff failed to provide Plaintiff with any replacement for almost a year. Even then, the Sheriff's Department gave Plaintiff a device that was unfamiliar to him and failed to provide instructions on how to use it. Before Plaintiff could receive any such instructions, a deputy searching Plaintiff's cell confiscated the device as "contraband."

Plaintiff is incapable of complying with an order to lay prone because of his mobility disabilities. Without a system by which staff can identify people with such mobility disabilities, there is an increased risk that custody staff will not recognize that a person has a mobility disability and will interpret such a person's failure to prone out as a failure to comply with an order, rather than an inability to comply with the order. As a result, Plaintiff is at increased risk that staff will initiate disciplinary proceedings and/or use force for failure to comply with an order to prone out with which they cannot comply because of their disability.

**SPECIAL INTERROGATORY NO. 20:**

For each PLAINTIFF, describe in detail the specific way(s) in which each and every failure to provide reasonable accommodation to Incarcerated People with Disabilities identified in response to Interrogatory No. 19 must be changed.

**RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

Plaintiff incorporates by reference the Preliminary Statement and General Objections set forth above. Plaintiff objects to this Interrogatory, which seeks information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each named plaintiff in this action, as exceeding the number of interrogatories allowed by Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

1    Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

2    that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

3    violation, Plaintiff does not have personal knowledge of the details of every named

4    plaintiff's experiences with denial of reasonable accommodations at the Jail.

5    Plaintiff therefore provides details for which he has personal knowledge only on

6    behalf of himself.  Plaintiff further objects to the request to describe the necessary

7    changes to "each and every failure" at the Jail as duplicative, overly burdensome,

8    redundant, oppressive, and harassing.  Plaintiff further objects to this Interrogatory

9    as duplicative, overly burdensome, redundant, oppressive, and harassing because

10   Plaintiffs' 230-page Third Amended Complaint addresses the deficient policies,

11   procedures, and practices at the Jail in detail, including ways they must be changed

12   to be adequate.  Plaintiff further objects to this Interrogatory as duplicative, overly

13   burdensome, redundant, oppressive, and harassing because it seeks information

14   sought by Defendants' Requests for Production of Documents.  Plaintiff further

15   objects to this Interrogatory as premature because Plaintiff's investigation and

16   discovery are ongoing.  Plaintiff further objects to this Interrogatory as seeking

17   information in Defendants' exclusive possession, custody, and control, which has

18   not yet been produced to or provided to Plaintiff.  Plaintiff further objects to this

19   Interrogatory as seeking the disclosure of information protected by the attorney-

20   client privilege and attorney work product.

21          Subject to and without waiving the foregoing objections, and without

22   prejudice to any other named plaintiff or member of the certified subclass, Plaintiff

23   responds as follows:

24          The failures set forth in Plaintiff's Response to Interrogatory No. 19 must be

25   changed, Defendants must provide reasonable accommodations to incarcerated

26   people with disabilities as well as programs, services, and activities compliant with

27   the Americans with Disabilities Act, the Rehabilitation Act, and California

28   Government Code § 11135.  Plaintiffs in this case seek an order from the Court that,

PLAINTIFF DARRYL DUNSMORE'S RESPONSES TO
DEFENDANTS' FIRST SET OF SPECIAL INTERROGATORIES

1  among other things, requires Defendants "to develop and implement, as soon as

2  practical, a plan to … [e]nsure that the members of the Incarcerated People with

3  Disabilities Subclass are not denied the benefits of, or participation in, programs,

4  services, and activities at the Jail and that incarcerated people with disabilities are

5  timely identified and tracked; have their disabilities accommodated; are not

6  discriminated against or have their rights interfered with; are provided with an

7  effective grievance procedure; are provided with all needed assistive devices and

8  other accommodations; receive accessible transportation to the Jail and to outside

9  appointments; and receive effective communication in all medical, mental health,

10  and due process settings and encounters." *See* Third Amended Complaint, pp. 228-

11  29.

12  **SPECIAL INTERROGATORY NO. 21:**

13      For each PLAINTIFF, describe in detail the specific way(s) in which

14  PLAINTIFF was denied reasonable accommodations by DEFENDANTS including

15  the dates of said denials.

16  **RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

17      Plaintiff incorporates by reference the Preliminary Statement and General

18  Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

19  information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

20  named plaintiff in this action, as exceeding the number of interrogatories allowed by

21  Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

22  Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

23  that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

24  violation, Plaintiff does not have personal knowledge of the details of every named

25  plaintiff's experiences with denial of reasonable accommodations at the Jail.

26  Plaintiff therefore provides details for which he has personal knowledge only on

27  behalf of himself.  Plaintiff further objects to this Interrogatory as compound.

28  Plaintiff further objects to this Interrogatory to the extent that Defendants'

1  continuous exposure of Plaintiff and other incarcerated people at the Jail to serious

2  harm from denial of reasonable accommodations renders the identification of

3  specific ways that Plaintiff was "affected" by that denial and the dates thereof overly

4  burdensome, redundant, oppressive, and harassing.  Plaintiff further objects to this

5  Interrogatory as duplicative, overly burdensome, redundant, oppressive, and

6  harassing because Plaintiffs' 230-page Third Amended Complaint addresses the

7  deficient policies, procedures, and practices at the Jail in detail.  Plaintiff further

8  objects to this Interrogatory as duplicative, overly burdensome, redundant,

9  oppressive, and harassing because it seeks information sought by Defendants'

10  Requests for Production of Documents.  Plaintiff further objects to this Interrogatory

11  as premature because Plaintiff's investigation and discovery are ongoing.  Plaintiff

12  further objects to this Interrogatory as seeking information in Defendants' exclusive

13  possession, custody, and control, which has not yet been produced to or provided to

14  Plaintiff.  Plaintiff further objects to this Interrogatory as seeking the disclosure of

15  information protected by the attorney-client privilege and attorney work product.

16      Subject to and without waiving the foregoing objections, and without

17  prejudice to any other named plaintiff or member of the certified subclass, Plaintiff

18  responds as follows:

19      Plaintiff and all members of the certified subclass are affected by Defendants'

20  failures to provide reasonable accommodations and accessible programs, services,

21  and activities to individuals with disabilities during the entire period of their

22  incarceration as a result of Defendants' failures to comply with the Americans with

23  Disabilities Act, the Rehabilitation Act, and California Government Code § 11135.

24  Plaintiff further incorporates his response to Interrogatory No. 19 with respect to

25  how Plaintiff was affected by Defendants' failure to provide reasonable

26  accommodations and accessible programs, services, and activities.

27  **SPECIAL INTERROGATORY NO. 22:**

28      For each PLAINTIFF, describe in detail each and every fact relating to

1  PLAINTIFF'S exhaustion of remedies under the Prison Reform Litigation Act

2  (42 U.S.C.S. section 1997e, et seq).

3  **RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

4      Plaintiff incorporates by reference the Preliminary Statement and General

5  Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

6  information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

7  named plaintiff in this action, as exceeding the number of interrogatories allowed by

8  Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

9  Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

10  that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

11  violation, Plaintiff does not have personal knowledge of the details of every named

12  plaintiff's exhaustion of remedies at the Jail.  Plaintiff therefore provides details for

13  which he has personal knowledge only on behalf of himself.  Plaintiff further objects

14  to the request to describe "in detail each and every fact" as duplicative, overly

15  burdensome, redundant, oppressive, and harassing.  Plaintiff further objects to this

16  Interrogatory as duplicative, overly burdensome, redundant, oppressive, and

17  harassing because Plaintiffs' 230-page Third Amended Complaint addresses

18  Defendants' inadequate grievance procedure in detail.  Plaintiff further objects to

19  this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and

20  harassing because it seeks information sought by Defendants' Requests for

21  Production of Documents.  Plaintiff further objects to this Interrogatory as

22  premature because Plaintiff's investigation and discovery are ongoing.  Plaintiff

23  further objects to this Interrogatory as seeking information in Defendants' exclusive

24  possession, custody, and control, which has not yet been produced to or provided to

25  Plaintiff.  Plaintiff further objects to this Interrogatory as seeking the disclosure of

26  information protected by the attorney-client privilege and attorney work product.

27      Subject to and without waiving the foregoing objections, and without

28  prejudice to any other named plaintiff or member of the certified subclass, Plaintiff

1   responds as follows:

2          Defendants lack adequate policies and procedures for responding to

3   grievances and fail to maintain adequate, complete, and accurate records of

4   grievances submitted by Plaintiff and other class members.  Defendants do not

5   timely and adequately respond to grievances, nor do they adequately train staff and

6   contractors how to receive, track, and respond to grievances.  In practice,

7   Defendants' staff often refuse to accept grievance forms directly.  Instead, Jail staff

8   instruct incarcerated people to place grievance forms into a box in the Jail housing

9   unit, with no mechanism for the person submitting the grievance to retain any

10  documentation that the grievance was submitted.  In addition, Jail staff overtly

11  interfere with the grievance procedure.

12         When Plaintiff and other incarcerated people attempt to submit a grievance,

13  Defendants regularly respond to class members' grievances by stating "This

14  submission is not a grievance" and instead process the grievance as an "inmate

15  request."  Defendants' grievance response form even contains a check-box option

16  for "This submission is not a grievance."

17         Plaintiff submitted several grievances in and around August 2018 about his

18  need for ADA accommodations when Jail staff confiscated his assistive devices.

19  Plaintiff also submitted additional grievances and internal affairs complaints

20  throughout his periods of incarceration at the Jail, including but not limited to in

21  2020 and 2021, on several topics, including but not limited to medical care, mental

22  health care, access to courts, and disability accommodations.  However, Jail staff

23  never responded in writing to the majority of those grievances.  Moreover, some of

24  Plaintiffs' copies of his grievances were confiscated by Defendants.

25  **SPECIAL INTERROGATORY NO. 23:**

26         For each PLAINTIFF, describe in detail each every way in which

27  DEFENDANTS carry out policing programs, alternatives to pre-trial custody

28  programs, early release programs, and re-entry programs which discriminate on the

1   basis of race, color, national origin, or ethic group identification as alleged in the

2   COMPLAINT.

3   **RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

4   　　　Plaintiff incorporates by reference the Preliminary Statement and General

5   Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

6   information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

7   named plaintiff in this action, as exceeding the number of interrogatories allowed by

8   Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

9   Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

10  that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

11  violation, Plaintiff does not have personal knowledge of the details of every named

12  plaintiff's experiences with Defendants' policing programs, alternatives to pre-trial

13  custody programs, early release programs, and re-entry programs.  Plaintiff

14  therefore provides details for which he has personal knowledge only on behalf of

15  himself.  Plaintiff further objects to the request to describe "in detail each every

16  way" Defendants discriminate as duplicative, overly burdensome, redundant,

17  oppressive, and harassing.  Plaintiff further objects to this Interrogatory as

18  duplicative, overly burdensome, redundant, oppressive, and harassing because

19  Plaintiffs' 230-page Third Amended Complaint addresses the deficient policies,

20  procedures, and practices in detail.  Plaintiff further objects to this Interrogatory as

21  duplicative, overly burdensome, redundant, oppressive, and harassing because it

22  seeks information sought by Defendants' Requests for Production of Documents.

23  Plaintiff further objects to this Interrogatory as premature because Plaintiff's

24  investigation and discovery are ongoing.  Plaintiff further objects to this

25  Interrogatory as seeking information in Defendants' exclusive possession, custody,

26  and control, which has not yet been produced to or provided to Plaintiff.  Plaintiff

27  further objects to this Interrogatory as seeking the disclosure of information

28  protected by the attorney-client privilege and attorney work product.

1    Subject to and without waiving the foregoing objections, and without
2    prejudice to any other named plaintiff or member of the certified subclass, Plaintiff
3    responds as follows:

4    Defendants carry out policing programs, alternatives to pre-trial custody
5    programs, early release programs, and re-entry programs which discriminate on the
6    basis of race, color, national origin, or ethic group identification by: (1) using
7    incarceration practices that disproportionately harm Black and Latinx people;
8    (2) providing inadequate reentry programming that sets people up for an avoidable
9    cycle of repeated incarcerations; (3) using discriminatory admission criteria to
10   alternatives to pre-trial custody programs, early release programs, and re-entry
11   programs; and (4) using other policies and practices that subject Black and Latinx
12   arrestees to disproportionate incarceration in the Jail.

13   **SPECIAL INTERROGATORY NO. 24:**

14   For each and every discriminatory act carried out by DEFENDANTS as
15   identified in response to Special Interrogatory No. 23, for each PLAINTIFF,
16   describe in detail each way in which the acts should have been carried out in a
17   nondiscriminatory manner.

18   **RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

19   Plaintiff incorporates by reference the Preliminary Statement and General
20   Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks
21   information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each
22   named plaintiff in this action, as exceeding the number of interrogatories allowed by
23   Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's
24   Scheduling Order.  While Plaintiff's responses address deficiencies and conditions
25   that expose all plaintiffs to a substantial risk of serious harm and/or a statutory
26   violation, Plaintiff does not have personal knowledge of the details of every named
27   plaintiff's experiences with Defendants' policing programs, alternatives to pre-trial
28   custody programs, early release programs, and re-entry programs.  Plaintiff

therefore provides details for which he has personal knowledge only on behalf of himself. Plaintiff further objects to the request to describe the necessary changes to "each and every discriminatory act" as duplicative, overly burdensome, redundant, oppressive, and harassing. Plaintiff further objects to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and harassing because Plaintiffs' 230-page Third Amended Complaint addresses the deficient policies, procedures, and practices in detail, including ways they must be changed to be adequate. Plaintiff further objects to this Interrogatory as duplicative, overly burdensome, redundant, oppressive, and harassing because it seeks information sought by Defendants' Requests for Production of Documents. Plaintiff further objects to this Interrogatory as premature because Plaintiff's investigation and discovery are ongoing. Plaintiff further objects to this Interrogatory as seeking information in Defendants' exclusive possession, custody, and control, which has not yet been produced to or provided to Plaintiff. Plaintiff further objects to this Interrogatory as seeking the disclosure of information protected by the attorney-client privilege and attorney work product.

Subject to and without waiving the foregoing objections, and without prejudice to any other named plaintiff or member of the certified subclass, Plaintiff responds as follows:

The discriminatory acts set forth in Plaintiff's Response to Interrogatory No. 23 must be changed so that Defendants cease their policies and practices that disproportionately and discriminatorily overincarcerate Black and Latinx people and no longer violate California Government Code § 11135. Plaintiffs in this case seek an order from the Court that, among other things, requires Defendants "to develop and implement, as soon as practical, a plan to … [e]nsure that community-based alternatives to incarceration programs and re-entry programs are made available to people of all races on an equitable basis; study the disparate impacts of eligibility criteria for community-based alternatives to incarceration programs and re-entry

1  programs, and amend eligibility criteria to prevent such disparate impact; train staff

2  to ensure that community-based alternatives to incarceration programs and re-entry

3  programs are administered in a manner that does not have a disproportionate impact

4  on Black and Latinx individuals." *See* Third Amended Complaint, p. 229.

5  **SPECIAL INTERROGATORY NO. 25:**

6       For each PLAINTIFF, describe in detail each and every way in which YOU

7  were discriminated against on the basis of race, color, national origin, or ethic group

8  identification under DEFENDANTS' policing programs, alternatives to pretrial

9  custody programs, early release programs, and re-entry programs, including the date

10  of the discriminatory act(s).

11  **RESPONSE TO SPECIAL INTERROGATORY NO. 25:**

12       Plaintiff incorporates by reference the Preliminary Statement and General

13  Objections set forth above.  Plaintiff objects to this Interrogatory, which seeks

14  information for "each PLAINTIFF," where "PLAINTIFF" is defined to include each

15  named plaintiff in this action, as exceeding the number of interrogatories allowed by

16  Federal Rule of Civil Procedure 33, Local Civil Rule 33.1, and the Court's

17  Scheduling Order.  While Plaintiff's responses address deficiencies and conditions

18  that expose all plaintiffs to a substantial risk of serious harm and/or a statutory

19  violation, Plaintiff does not have personal knowledge of the details of every named

20  plaintiff's experiences with Defendants' policing programs, alternatives to pre-trial

21  custody programs, early release programs, and re-entry programs.  Plaintiff

22  therefore provides details for which he has personal knowledge only on behalf of

23  himself.  Plaintiff further objects to this Interrogatory as compound.  Plaintiff further

24  objects to this Interrogatory to the extent that Defendants' continuing use of

25  discriminatory policies and practices renders the identification of specific ways that

26  Plaintiff was "affected" by that discrimination and the dates thereof overly

27  burdensome, redundant, oppressive, and harassing.  Plaintiff further objects to this

28  Interrogatory as duplicative, overly burdensome, redundant, oppressive, and

1  harassing because Plaintiffs' 230-page Third Amended Complaint addresses the

2  deficient policies, procedures, and practices in detail. Plaintiff further objects to this

3  Interrogatory as duplicative, overly burdensome, redundant, oppressive, and

4  harassing because it seeks information sought by Defendants' Requests for

5  Production of Documents. Plaintiff further objects to this Interrogatory as

6  premature because Plaintiff's investigation and discovery are ongoing. Plaintiff

7  further objects to this Interrogatory as seeking information in Defendants' exclusive

8  possession, custody, and control, which has not yet been produced to or provided to

9  Plaintiff. Plaintiff further objects to this Interrogatory as seeking the disclosure of

10  information protected by the attorney-client privilege and attorney work product.

11      Subject to and without waiving the foregoing objections, and without

12  prejudice to any other named plaintiff or member of the certified subclass, Plaintiff

13  responds as follows:

14      All members of the certified subclass are affected by Defendants'

15  discriminatory policing programs, alternatives to pre-trial custody programs, early

16  release programs, and re-entry programs during the entire period of their

17  incarceration because they are subjected to Defendants' policies and practices that

18  result in their overincarceration on the basis of race.

19

20  DATED:  November 10, 2023          Respectfully submitted,

21                                    ROSEN BIEN GALVAN & GRUNFELD LLP

22

23                                    By: */s/ Van Swearingen*

24                                        Van Swearingen

25                                    Attorneys for Plaintiffs and the Certified Class
26                                    and Subclasses

27

28

PLAINTIFF DARRYL DUNSMORE'S RESPONSES TO
DEFENDANTS' FIRST SET OF SPECIAL INTERROGATORIES

# PROOF OF SERVICE

***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On November 10, 2023, I served true copies of the following document(s) described as:

**PLAINTIFF DARRYL DUNSMORE'S RESPONSES TO DEFENDANTS COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, AND SAN DIEGO COUNTY PROBATION DEPARTMENT'S FIRST SET OF SPECIAL INTERROGATORIES**

on the interested parties in this action as follows:

## SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 10, 2023, at San Francisco, California.

_____
I. Kedra Chan

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

| | |
|---|---|
| BURKE, WILLIAMS & SORENSEN, LLP<br>501 West Broadway, Suite 1600<br>San Diego, CA 92101 | BURKE, WILLIAMS & SORENSEN, LLP<br>60 South Market Street, Suite 1000<br>San Jose, CA 95113-2336 |
| Susan E. Coleman<br>(SColeman@bwslaw.com)<br>Terri Mehra<br>(TMehra@bwslaw.com)<br>Diana Favela<br>(DFavela@bwslaw.com) | Elizabeth M. Pappy<br>(EPappy@bwslaw.com)<br>Lucy Gonzalez<br>(LGonzalez@bwslaw.com) |

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

Fernando Kish
(Fernando.Kish@sdcounty.ca.gov)
Steven Inman
(Steven.Inman@sdcounty.ca.gov)

Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, and San Diego County Probation Department

# EXHIBIT T

1  Susan E. Coleman (SBN 171832)
   E-mail: scoleman@bwslaw.com
2  BURKE, WILLIAMS & SORENSEN, LLP
   501 West Broadway, Suite 1600
3  San Diego, California 92101-8474
   Tel: 619.814.5803 Fax: 619.814.6799
4
   Elizabeth M. Pappy (SBN 157069)
5  E-mail: epappy@bwslaw.com
   BURKE, WILLIAMS & SORENSEN, LLP
6  60 South Market Street, Suite 1000
   San Jose, California 95113-2336
7  Tel: 408.606.6300 Fax: 408.606.6333

8  Attorneys for Defendant
   COUNTY OF SAN DIEGO (Also
9  erroneously sued herein as SAN DIEGO
   COUNTY SHERIFF'S DEPARTMENT
10 and SAN DIEGO COUNTY
   PROBATION DEPARTMENT)

11

12              UNITED STATES DISTRICT COURT

13            SOUTHERN DISTRICT OF CALIFORNIA

14

15 | DARRYL DUNSMORE, ERNEST          | Case No. 3:20-cv-00406-AJB-DDL
   | ARCHULETA, ANTHONY               |
16 | EDWARDS, REANNA LEVY, JOSUE      | **DEFENDANT COUNTY OF SAN
   | LOPEZ, CHRISTOPHER NELSON,       | DIEGO'S AMENDED RESPONSES
17 | CHRISTOPHER NORWOOD, and         | TO PLAINTIFFS' REQUESTS FOR
   | LAURA ZOERNER, on behalf of      | PRODUCTION OF DOCUMENTS,
18 | themselves and all others similarly | SET TWO**
   | situated,                        |
19 |                                  |
   |         Plaintiffs,              |
20 |                                  |
   |     v.                           |
21 |                                  |
   | SAN DIEGO COUNTY SHERIFF'S       |
22 | DEPARTMENT, COUNTY OF SAN        |
   | DIEGO, CORRECTIONAL              |
23 | HEALTHCARE PARTNERS, INC.,       |
   | TRI-CITY MEDICAL CENTER,         |
24 | LIBERTY HEALTHCARE, INC.,        |
   | MID-AMERICA HEALTH, INC.,        |
25 | LOGAN HAAK, M.D., INC., SAN      |
   | DIEGO COUNTY PROBATION           |
26 | DEPARTMENT, and DOES 1 TO 20,    |
   | inclusive,                       |
27 |                                  |
   |         Defendants.              |
28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

4872-7314-6727 v1                    1         3:20-cv-00406-AJB-DDL
                                               COUNTY'S RESPONSES TO REQUESTS FOR
                                               PRODUCTION OF DOCUMENTS, SET TWO

1    PROPOUNDING PARTY:  PLAINTIFFS

2    RESPONDING PARTY:    DEFENDANT SAN DIEGO COUNTY

3    SET NO.:                     TWO

4    Defendant County of San Diego, hereby provides amended responses to

5    Plaintiff's Request for Production of Documents, Set Two, as follows:

6    Investigation and discovery by defendant is still continuing and are not yet

7    complete.

8    In responding to this request for production, defendant provides such

9    information as is presently available.  Each answer is subject to all appropriate

10   objections (including, but not limited to objections concerning competency,

11   relevancy, materiality, propriety, privilege and admissibility) which would require

12   exclusion of any statement herein if the production demand were asked of, or any

13   statement contained herein were made by, a witness present and testifying in

14   court.  Also, objections and grounds are reserved or may be interposed at the time of

15   trial.

16   Except for explicit facts admitted herein, no admissions of any nature

17   whatsoever are implied or should be inferred.  Finally, because some of these

18   responses may have been ascertained by defendant's attorneys and investigators,

19   defendant may not have personal knowledge of the information from which such

20   responses were derived.

21   This preliminary statement is incorporated into each of the responses set forth

22   below.   Defendant's investigation of this matter is continuing and it, accordingly,

23   reserves the right to update, or amend, this response as further and/or more specific

24   information is acquired and also reserves the right to supplement this response at a

25   later time.

26   **REQUEST FOR PRODUCTION NO. 11:**

27   All records relating to each death of an INCARCERATED PERSON from

28   January 1, 2021 to the present, including, but not limited to, Sheriff's Homicide Unit

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

4872-7314-6727 v1                                    2                      3:20-cv-00406-AJB-DDL
                                                                       COUNTY'S RESPONSES TO REQUESTS FOR
                                                                       PRODUCTION OF DOCUMENTS, SET TWO

1  investigation files, reports prepared by the County and/or Sheriff's Department

2  pursuant to Title 15 Section 1046 (this does not include any Section 1046 reports

3  prepared by Naphcare, Inc. and not provided to the County), medical and mental

4  health records from January 1, 2021 to the date of death (as well as medical intake

5  forms for any INCARCERATED PERSON who was booked prior to January 1,

6  2021), custody records, autopsies, and any video footage of the INCARCERATED

7  PERSON for the 24 hours prior to the death.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

9       All existing responsive non-privileged documents will be produced.  This

10  does not include confidential CLERB records, which are privileged.

11  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

12       All existing responsive documents were produced.

13  **REQUEST FOR PRODUCTION NO. 12:**

14       All morbidity and mortality studies completed from January 1, 2021 to the

15  present, as referenced in the San Diego County Sheriff's Department Medical

16  Services Division Policy No. C.2.1 ("Clinical Performance Enhancement").

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

18       All existing responsive non-privileged documents will be produced.

19  **REQUEST FOR PRODUCTION NO. 13:**

20       [OMITTED PER AGREEMENT]

21  **REQUEST FOR PRODUCTION NO. 14:**

22       [OMITTED PER AGREEMENT]

23  **REQUEST FOR PRODUCTION NO. 15:**

24       All CURRENT POLICIES and PROCEDURES developed and/or used by

25  NaphCare, Inc. related to the provision of medical and mental health care for

26  INCARCERATED PERSONS.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

28       All responsive documents will be produced.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

4872-7314-6727 v1                    3                    3:20-cv-00406-AJB-DDL
COUNTY'S RESPONSES TO REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET TWO

**REQUEST FOR PRODUCTION NO. 16:**

All CURRENT POLICIES and PROCEDURES related to drug overdose, drug withdrawal, physical violence (defined as physical violence by INCARCERATED PERSONS against INCARCERATED PERSONS), and suicide among INCARCERATED PERSONS, including but not limited to CPR and cut-down tools and protocols.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

All responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 17:**

For each INCARCERATED PERSON who died from January 1, 2021 to the present, safety check logs and any other observation/supervision logs for the 24-hour period preceding the death.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

All existing responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 18:**

All investigative reports, incident reports, and corrective action plans relating to each suicide attempt and/or incident of serious self-harm by an INCARCERATED PERSON from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

All existing non-privileged responsive documents will be produced.  This does not include confidential CLERB reports, which are privileged.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

All existing responsive documents will be produced.

**REQUEST FOR PRODUCTION NO. 19:**

A summary of the number of custody, medical, and mental health staff positions which were vacant (not filled) for each month between January 1, 2021 and the present.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

4872-7314-6727 v1                                   4                          3:20-cv-00406-AJB-DDL
COUNTY'S RESPONSES TO REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET TWO

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

2       All existing responsive documents will be produced.

3  **REQUEST FOR PRODUCTION NO. 20:**

4       Analyses and/or summaries showing number of days between an

5  INCARCERATED PERSON submitting a sick call slip and being seen by

6  medical/mental health staff, for each month between January 1, 2021 and the

7  present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

9       There are not now and never have been any such documents.

10 **REQUEST FOR PRODUCTION NO. 21:**

11      All CURRENT POLICIES, PROCEDURES, and DOCUMENTS relating to

12 the JAIL's processes for prioritizing responses to sick call slips based on the

13 seriousness and/or urgency of issues raised by INCARCERATED PERSONS.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

15      All existing responsive documents will be produced.

16 **REQUEST FOR PRODUCTION NO. 22:**

17      For each month in which medication-assisted treatment (MAT) has been

18 available to INCARCERATED PERSONS between January 1, 2021 and the

19 present, all CURRENT POLICIES, PROCEDURES, and DOCUMENTS showing

20 (i) the eligibility criteria used to determine whether an INCARCERATED PERSON

21 can participate in the MAT program, (ii) the MAT medication and therapy offered to

22 eligible participants, (iii) the number of INCARCERATED PERSONS eligible for

23 MAT, (iv) the number INCARCERATED PERSONS receiving MAT, and (v) the

24 facilities and housing locations of the INCARCERATED PERSONS receiving

25 MAT.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

27      All existing responsive documents will be produced.

28

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

4872-7314-6727 v1                    5                    3:20-cv-00406-AJB-DDL
COUNTY'S RESPONSES TO REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET TWO

1   **REQUEST FOR PRODUCTION NO. 23**:

2   All reports relating to suicide hazard and risk remediation in the JAIL from

3   January 1, 2021 to the present, and all reports relating to suicide hazard and risk

4   remediation measures reviewed, considered, or implemented in the JAIL in response

5   to the Lindsay Hayes report from June 1, 2018 to January 1, 2021.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

7   All existing non-privileged responsive documents will be produced.  This

8   does not include confidential CLERB reports, which are privileged.

9   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 23**:

10  All existing responsive documents will be produced.

11  **REQUEST FOR PRODUCTION NO. 24**:

12  All CURRENT POLICIES and PROCEDURES related to the timeliness of

13  and timelines for the provision of medical and mental health care for

14  INCARCERATED PERSONS, including the timeline for responding to requests for

15  medical and mental health care made by INCARCERATED PERSONS.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24**:

17  All existing responsive documents will be produced.

18

19  Dated: May 28, 2023                    BURKE, WILLIAMS & SORENSEN, LLP

20

21                                         By: */s/ Elizabeth M. Pappy*
22                                             Susan E. Coleman
                                               Elizabeth M. Pappy

23                                         Attorneys for Defendant
                                           COUNTY OF SAN DIEGO
24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

4872-7314-6727 v1                          6                      3:20-cv-00406-AJB-DDL
                                                     COUNTY'S RESPONSES TO REQUESTS FOR
                                                     PRODUCTION OF DOCUMENTS, SET TWO

## PROOF OF SERVICE

1

2      I, Lucy Gonzalez, declare:

3      I am a citizen of the United States and employed in Santa Clara County,

4  California.  I am over the age of eighteen years and not a party to the within-entitled

5  action.  My business address is 60 South Market Street, Suite 1000, San Jose,

6  California  95113-2336.  On May 31, 2023, I served a copy of the within

7  document(s):

8      **DEFENDANT COUNTY OF SAN DIEGO'S AMENDED RESPONSES TO**

9      **PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET**

10     **TWO**

11     ☒       by transmitting via my electronic service address
                (lgonzalez@bwslaw.com) the document(s) listed above to the
12              person(s) at the e-mail address(es) set forth below.

| Aaron J. Fischer<br>ajf@aaronfischerlaw.com | Christopher M. Young<br>Christopher.Young@us.dlapiper.com |
|---|---|
| Priyah Kaul<br>pkaul@rbgg.com | Hannah M. Chartoff<br>HChartoff@rbgg.com |
| Gay C. Grunfeld<br>GGrunfeld@rbgg.com | Eric Monek Anderson<br>EMonekAnderson@rbgg.com |
| Van Swearingen<br>VSwearingen@rbgg.com | |

20

21     I declare under penalty of perjury under the laws of the State of California

22  that the above is true and correct.

23     Executed on May 31, 2023, at San Jose, California.

24

25

26  _____

27                                    Lucy Gonzalez

28