GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>        Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO SERVE FIVE ADDITIONAL REQUESTS FOR PRODUCTION**<br><br>Judge: Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

## INTRODUCTION

On the Court's September 1, 2023 deadline to serve written discovery, Plaintiffs inadvertently failed to include the following five requests in the service copy of their Fifth Set of Requests for Production of Documents (collectively, the "Five Requests"):

1. ALL POLICIES AND PROCEDURES RELATING TO patrol activities by the Sheriff's Department.

2. ALL POLICIES AND PROCEDURES RELATING TO stops, arrests, and bookings by the Sheriff's Department.

3. ALL electronic data relating to officer-initiated field contacts (i.e. traffic and pedestrian stops), searches, arrests, use of force, and criminal charges, from January 1, 2022 to the present.

4. ALL electronic data relating to criminal incident reports, from January 1, 2022 to the present.

5. ALL electronic data relating to calls for service (i.e. 911 calls) and associated dispatch logs, from January 1, 2022 to the present.

The Five Requests are directly related to Plaintiffs' Ninth Claim for Relief regarding the over-incarceration of Black and Latinx people and, as explained in more detail below, are proportional to the needs of this case. Yet, despite Plaintiffs' explanation to Defendants that the Five Requests were not served only due to a scrivener's error, Defendants refused to accept service of the Five Requests.

Plaintiffs therefore seek an order authorizing service of the Five Requests, each of which is relevant and proportional to Plaintiffs' Ninth Claim for Relief in the Third Amended Complaint.

### I. OMISSION OF THE FIVE REQUESTS FROM PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION WAS SCRIVENER'S ERROR.

As Plaintiffs have explained to Defendants, the Five Requests were omitted from Plaintiffs' Fifth Set of Requests only due to a scrivener's error. On August 31, 2023, undersigned counsel for Plaintiffs emailed a paralegal at our office asking that she "add in" certain draft requests for production into the draft of Plaintiffs' Fifth

Set of Requests for Production, as well as proofread the requests. Declaration of Van Swearingen ("Swearingen Declaration") at ¶¶ 2-3. However, the Five Requests were accidentally omitted from the final version of the Fifth Set of Requests for Production that was served the following day. *Id.* at ¶ 4. The omission of the Five Requests from Plaintiffs' Fifth Set of Requests for Production was a scrivener's error, *i.e.*, an accidental clerical mistake.

Courts frequently overlook scrivener's errors and allow the mistaken party to continue as though the mistake had not been made. *See, e.g.*, *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 n.15 (9th Cir. 1990) (stating that an erroneous inclusion of initials in letter where they were not intended to be present was a mere "careless" scrivener's error and could be ignored); *Bumpus v. Realogy Brokerage Grp. LLC*, No. 3:19-cv-03309-JD, 2022 WL 1489470, at *1 (N.D. Cal. May 11, 2022) (determining the inadvertent omission of two named plaintiffs from one claim in the complaint was "in effect a scrivener's error" that did not "disadvantage[]" the defendants, and therefore holding that "the operative complaint is deemed to allege" the claim). The Court should similarly overlook Plaintiffs' scrivener's error here and allow the Five Requests to be served.

## II.   THE FIVE REQUESTS ARE RELEVANT TO PLAINTIFFS' NINTH CLAIM FOR RELIEF AND PROPORTIONAL TO THE NEEDS OF THIS CASE.

As the Court explained in denying Defendants' Motion to Dismiss, Plaintiffs' Ninth Claim for Relief in the Third Amended Complaint "assert[s] the Sheriff's Department uses state funds to over-police Black and Latinx communities." Dkt. 287 at 13 (citing Dkt. 231, Third Amended Complaint, at ¶ 401). The Court denied Defendants' motion to dismiss that claim because Defendants' arguments for dismissal were "factual disputes not suited for a motion to dismiss." *Id.*

Each of the Five Requests is directly relevant to Plaintiffs' over-policing claim. The first two of the Five Requests seek policies and procedures related to patrol activities and stops, arrests, and bookings—*i.e.*, the very activities that

Plaintiffs allege are disproportionately directed at Black and Latinx individuals. The remaining three of the Five Requests seek data regularly maintained by Defendants that track their policing activities, *e.g.*, traffic stops, criminal incident reports, and dispatches in response to 911 calls, which are likely to show the disproportionate effect of those activities.

The Five Requests are proportional to the needs of the case. In analyzing whether discovery is proportional, Federal Rule of Civil Procedure 26(b)(1) requires courts to "consider[] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Those factors collectively weigh in favor of production. First, the issue at stake in this litigation—racial discrimination in policing, resulting in over-incarceration of Black and Latinx people in San Diego County—is of paramount importance to the parties and the community. The Center for Policing Equity analyzed data provided by Defendant San Diego County Sheriff's Department and reported that Black people, who make up 5% of the population of San Diego County, made up 11% of all people stopped in non-traffic stops by law enforcement between 2018-Q3 and 2020-Q2. *See* Dkt. 231 at ¶ 401. Taking into account the influence of neighborhood crime rates, poverty, and share of Black residents, that report found that Black people were stopped by law enforcement 3.5 times as often as White people. *Id.* The Center for Policing Equity's report also found that once stopped, Latinx people were arrested 1.2 times as often as White people. *Id.*

Second, the requested data rests exclusively in the possession of Defendants, who are public entities with multi-billion dollar budgets, while Plaintiffs and the class and subclasses they represent are incarcerated people, many of whom are indigent. These types of data are regularly produced by law enforcement agencies throughout California and the country in response to Freedom of Information Act

requests. Swearingen Declaration at ¶ 6. There can be no doubt that Defendants' resources and their relative access to the requested information outweigh those of Plaintiffs.

And finally, the information sought by the Five Requests is critical to resolving the issues, which, as the Court has already explained, are the subject of a factual dispute. *See* Dkt. 287 at 13. The Five Requests are the only requests for production served by Plaintiffs that focus specifically on arrest and policing practices. The data requested by Plaintiffs is necessary so that their expert can perform statistical analyses of the extent to which the differences in incarceration rates are not due to a person's criminal history but rather are because of their race. Absent Defendants' production of documents reflecting their arrest and policing policies and practices in response to the Five Requests, Plaintiffs will face substantial prejudice in litigating this claim.

## CONCLUSION

In light of the public importance of the underlying issue, the importance of the Five Requests to resolving the factual dispute at the heart of Plaintiffs' Ninth Claim, and the clear disparity in resources and access to information between Plaintiffs and Defendants, the Court should overlook Plaintiffs' clerical error, grant Plaintiffs' Motion, and allow service of the Five Requests.

DATED: December 12, 2023         Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
    Van Swearingen

Attorneys for Plaintiffs and the Certified Class and Subclasses