UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　　　　　　Defendants. | Case No.:  20-cv-406-AJB-DDL<br><br>**ORDER FOLLOWING DECEMBER 20, 2023 DISCOVERY HEARING** |

The Court heard multiple discovery-related matters on December 20, 2023. As set forth below, Plaintiffs' Motion to Compel Inspections [Dkt. No. 458] is **GRANTED IN PART**; Plaintiffs' Motion to Compel Production of a Privilege Log [Dkt. No. 456] is **GRANTED IN PART**; and Plaintiffs' Motion for Leave to Propound Additional RFPs [Dkt No. 467] is **GRANTED**.

**Plaintiffs' Subpoenas to NaphCare**

Neither party timely raised issues regarding third party NaphCare's responses to Plaintiffs' subpoenas as required by the Court's Chambers Rules. Plaintiffs issued the subpoenas on August 9, 2023, and NaphCare responded on October 2, 2023.  However, the parties did not raise the issues until December 14, 2023.  This failure to comply with the Chambers Rules prevented the Court from

promptly addressing these issues. The Court elects to address these issues on the merits; however, the Court expects all parties to timely comply with the Chambers Rules with respect to any future discovery disputes.

The Court **ORDERS** as follows:

1. By not later than **January 5, 2024**, NaphCare must (a) produce all documents responsive to the subpoena as to which there is no assertion of privilege and (b) provide a privilege log for all responsive documents as to which there is an assertion of privilege.

2. The parties must promptly meet and confer in person or via Zoom regarding NaphCare's document production and any assertion of privilege. If the parties cannot resolve these issues through good faith meet and confer efforts, Plaintiffs may file a motion to compel by not later than **January 17, 2024**. The motion shall not exceed 15 pages, exclusive of exhibits. NaphCare shall file its opposition to any motion to compel by not later than **January 24, 2024**. The opposition shall not exceed 15 pages exclusive of exhibits.

4. The Court will hold an in-person motion hearing on **February 1, 2024 at 1:00 p.m.**

**Plaintiffs' Motion to Compel Inspections [Dkt. No. 458]**

The Court **GRANTS IN PART** Plaintiffs' motion to compel inspections of County jail facilities pursuant to Federal Rule of Civil Procedure 34 as follows:

1. Plaintiffs may inspect the Central, George Bailey and Las Colinas facilities with their medical, mental health and dental experts for up to six hours per facility. The Court expects the parties to proceed efficiently and cooperatively, and to make reasonable accommodations to facilitate a single inspection at each location.

2. Plaintiffs may inspect the George Bailey, Las Colinas, Vista, South Bay and East Mesa facilities with their ADA, safety and security, and environmental experts for up to eight hours per facility.

3. Plaintiffs may inspect the Central facility with their ADA, safety and security, and environmental experts for up to four hours given Plaintiffs' prior ADA inspection of this facility.

4. Plaintiffs shall have no more than six individuals, including attorneys and experts, attend each inspection.

5. Plaintiffs' experts are permitted to pose questions to employees during the inspections. Defense counsel is permitted to observe all questioning and may "advise County employees as they see fit." *United States v. Erie County, N.Y.*, 2010 WL 986505, at *3 (W.D.N.Y. March 17, 2010). Plaintiffs' counsel may not pose questions to County employees or direct the experts' questioning. *Id.*

6. Plaintiffs' experts and counsel may speak privately with consenting inmates and detainees. *Id.; Alvarez v. Larose*, 2020 WL 5594908, at *11 (S.D. Cal. Sept. 18, 2020).

7. As part of the inspection, Plaintiffs' experts may review with a designated County employee(s) the JIMS system and the tablets provided to detainees for up to two hours total. The County shall determine the location of the review.

8. In advance of the inspections, Defendants will provide Plaintiffs with floor plans and a current roster of incarcerated persons. If Defendants are able to generate a roster that notes the incarcerated persons with disabilities and the type of disability, the roster shall include that information.

**Plaintiffs' Motion to Compel Privilege Log [Dkt. No. 456]**

Plaintiffs' motion to compel production of a privilege log is **GRANTED IN PART**. By not later than **January 5, 2024**, Defendants shall provide a privilege log that includes any notes maintained by Commander Christina Bavencoff regarding her "notes" as referenced in Plaintiffs' Request for Production No. 65.

/ / /

/ / /

**Joint List of Disputes re Written Discovery [Dkt. No. 466]**

### 1. Plaintiffs' Requests for Production and Interrogatory

Subsequent to December 22, 2023, the parties shall promptly meet and confer in person or via Zoom regarding Defendants' document production. If the parties cannot resolve these issues through good faith meet and confer efforts, Plaintiffs may file a motion to compel as to Interrogatory No. 24 and/or any of the Requests for Production ("RFPs") identified in the parties' Joint List by not later than **January 17, 2024**. The motion shall not exceed 15 pages, exclusive of exhibits. Defendants shall file their opposition to any motion to compel by not later than **January 24, 2024**. The opposition shall not exceed 15 pages exclusive of exhibits. The Court will hold an in-person motion hearing on **February 1, 2024 at 1:00 p.m.**

### 2. Defendants' Requests for Production

Plaintiffs assert they are not withholding any non-privileged documents that are responsive to Defendants' RFPs. Dkt. No. 466 at 67-79. As such, the issue whether Plaintiffs' objections to the RFPs – including the objection to the terms "supporting" and "evidencing" – may be moot. However, the Court will provide Defendants an opportunity to move to compel further responses if Defendants believe that is warranted. Defendants may file a motion to compel further responses to the RFPs identified in the parties' Joint List by not later than **January 17, 2024**. The motion shall not exceed 15 pages, exclusive of exhibits. Plaintiffs shall file their opposition to any motion to compel by not later than **January 24, 2024**. The opposition shall not exceed 15 pages exclusive of exhibits. The Court will hold an in-person motion hearing on **February 1, 2024 at 1:00 p.m.**

### 3. Defendants' Interrogatories

In imposing a limit of 25 interrogatories per side, the Court did not intend to preclude Defendants from obtaining unique information particular to each class representative. Defendants represent that they served the same interrogatories

on each class representative. By not later than **January 24, 2024**, Plaintiffs shall serve responses to Defendants' Interrogatories that include responsive information in the possession of each class representative. Plaintiffs may determine the appropriate format for the responses (*e.g.*, whether to provide a single set of responses on behalf of all class representatives).

**Plaintiffs' Motion for Leave to Propound Additional RFPs [Dkt No. 467]**

The Court **GRANTS** Plaintiffs' motion to propound five RFPs that pertain to their Ninth Cause of Action. Prior to service of the RFPs, the parties shall meet and confer in person or via Zoom regarding the specific information that Plaintiffs seek with the mutual goal of allowing Plaintiffs to craft RFPs that seek specific information in Defendants' possession, custody or control.

Following good faith meet and confer efforts, Plaintiffs shall propound the RFPs by not later than **January 5, 2024**. The parties shall promptly meet and confer regarding the information sought in the RFPs, and Defendants shall respond by not later than **January 19, 2024**. The parties shall raise any disputes pursuant to the Court's Chambers Rules by **January 26, 2024**.

**IT IS SO ORDERED.**

Dated: December 22, 2023

Hon. David D. Leshner
United States Magistrate Judge