GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

G. CRAIG SMITH – 265676
MANNING KASS
695 Town Center Dr., Suite 400
Costa Mesa, California  92626-7189
Telephone:  (949) 440-6690
Facsimile:   (949) 440-6691
craig.smith@manningkass.com

Attorneys for Non-Party
NaphCare of San Diego LLC

(*additional counsel on following page*)

Attorneys for Plaintiffs and the Certified
Class and Subclasses

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 3:20-cv-00406-AJB-DDL <br><br> **JOINT MOTION FOR ORDER REGARDING PRODUCTION OF DOCUMENTS BY NAPHCARE OF SAN DIEGO, LLC SUBJECT TO PROTECTIVE ORDER** <br><br> Mag. Judge: Hon. David D. Leshner <br><br> Trial Date:  None Set |

[4411986.2]

(*counsel continued from preceding page*)

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Subclass

Case No. 3:20-cv-00406-AJB-DDL
JOINT MOTION FOR ORDER REGARDING PRODUCTION OF DOCUMENTS BY NAPHCARE OF
SAN DIEGO, LLC SUBJECT TO PROTECTIVE ORDER

In their subpoena for the production of documents, Plaintiffs have propounded requests seeking the production of information concerning individuals incarcerated in the San Diego County Jail from June 1, 2022 to "present." *See* Exhibit 1. NaphCare of San Diego, LLC ("NaphCare") has objected to numerous requests on patient privacy grounds. The documents at issue in this joint motion are responsive to many of the requests contained in Plaintiffs' subpoena.

Pursuant to 45 C.F.R. § 164.512(e)(ii)(B), HIPAA provides that protected health information may be disclosed during a judicial proceeding where a covered entity receives satisfactory information from the party seeking the information that reasonable efforts have been made by such party to secure a "qualified protective order." A qualified protective order is one that (A) prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation, and (B) requires the return to the covered entity or destruction of the protected health information at the end of the litigation. 45 C.F.R. § 164.512(e)(1)(v).

Plaintiffs and NaphCare agree that the protective order in this case, *see* Dkt. No. 400, satisfies the requirements of 45 C.F.R. § 164.512(e)(1)(v), and is adequate to protect from public disclosure private information of the members of the represented class.

However, because the class was certified on November 3, 2023, consisting of "[a]ll adults who are *now*, or will be *in the future*, incarcerated in any of the San Diego County Jail facilities," *see D*kt. 435, while the subpoena requests information related to incarcerated individuals from June 1, 2022 to present, *see* Ex. 1, it is possible that protected health information concerning non-class members will be produced pursuant to the subpoena.

To address this issue, Plaintiffs and NaphCare agree that the Court may order the release of HIPAA- and patient-protected information pursuant to 45 C.F.R. § 164.512(a). Accordingly, the parties jointly and respectfully request that the Court enter an Order requiring Non-Party NaphCare to produce unredacted protected

1  health information responsive to requests contained in Plaintiffs' subpoena for the

2  production of documents, regardless of whether the patients may be members of the

3  represented class, under the terms of the protective order.

4      The parties enter into this joint motion without waiving the right to seek

5  additional orders from the Court regarding the production of HIPAA-protected or

6  private information of incarcerated people in later discovery.

7                 Respectfully submitted,

8  DATED: January 3, 2024    ROSEN BIEN GALVAN & GRUNFELD LLP

9                 By: */s/ Van Swearingen*

10                    Van Swearingen

11                Attorneys for Plaintiffs and the Certified Class

12                and Subclasses

13 DATED: January 3, 2024    MANNING KASS

14

15                By: */s/ G. Craig Smith*

16                    G. Craig Smith

17                Attorneys for Non-Party
                  NAPHCARE OF SAN DIEGO, LLC

18

19                  **SIGNATURE CERTIFICATION**

20     Pursuant to the Court's Electronic Case Filing Procedures Manual Section

21 2(f)(4), I certify that I have obtained the consent of all signatories to the electronic

22 filing of the foregoing document.

23 DATED: January 3, 2024    ROSEN BIEN GALVAN & GRUNFELD LLP

24                By: */s/ Van Swearingen*

25                    Van Swearingen

26                Attorneys for Plaintiffs and the Certified Class

27                and Subclasses

28

# Exhibit 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | |
|---|---|
| Darryl Dunsmore, et al. <br> *Plaintiff* | ) <br> ) <br> ) |
| v. | ) Civil Action No. 3:20-cv-00406-AJB-DDL |
| San Diego County Sheriff's Department, et al. <br> *Defendant* | ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                       NaphCare of San Diego LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment A.

| Place: DLA Piper LLP (US) <br> 4365 Executive Drive, Suite 1100 <br> San Diego, CA 92121 | Date and Time: <br><br> 09/08/2023 9:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/09/2023

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| _____ <br> *Signature of Clerk or Deputy Clerk* | /s/ Van Swearingen <br> _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Plaintiff Darryl Dunsmore et al._____, who issues or requests this subpoena, are:
Van Swearingen, Rosen Bien Galvan & Grunfeld LLP, 101 Mission St., 6th Fl., San Francisco, CA  94105; 415-433-6830
 vswearingen@rbgg.com  [Additional attorneys listed on Attachment A]

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. **3:20-CV-00406-AJB-DDL**

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* **NAPHCARE OF SAN DIEGO, LLC c/o CSC Lawyers**
on *(date)* **August 10, 2023**                **Incorporating Service, Inc., Agent for service of process**

☑ I served the subpoena by delivering a copy to the named person as follows: I left the subpoena with **Koy Saechao,**
**Customer Service Liaison**  at **2710 Gateway Oaks Drive Suite 150N , Sacramento, CA 95833-3502** on *(date)*  **August**
**10, 2023 2:41 PM** ;or

☐ I returned the subpoena unexecuted because; _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered
to the witness the fees for ones day's attendance, and the mileage allowed by law, in the amount of

My fees are $ for travel and $  for services, for a total of $ .00

I declare under penalty of perjury that this information is true.

Date: **8/14/2023**                    _____
                                *Server's signature*


                                **Rolanda Greene**
                                *Printed name and title*
                        **Ace Attorney Service, Inc.**
                **811 Wilshire Boulevard, Suite 900, Los Angeles, CA 90017**
                        **Phone: (213) 623-3979 / Fax: (213) 623-7527**
                                **Registration No.:  / County:**
                                *Server's Address*

Additional information regarding attempted service, etc.:

DARRYL DUNSMORE, et al. vs SAN DIEGO COUNTY SHERRIFF'S DEPARTMENT; et al.

AO88B-2217377

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

ATTACHMENT A

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Subclass

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, | Case No. 3:20-cv-00406-AJB-DDL<br><br>**SUBPOENA TO PRODUCE DOCUMENTS IN A CIVIL ACTION, ATTACHMENT A**<br><br>Judge:           Hon. Anthony J. Battaglia<br>Magistrate:  Hon. David D. Leshner |
| Plaintiffs, | |
| v. | Date:        September 8, 2023<br>Time:        9:00 a.m.<br>Place:       DLA Piper LLP<br>                  4365 Executive Drive,<br>                  Suite 1100<br>                  San Diego, CA 92121 |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, | |
| Defendants. | |

# INSTRUCTIONS

1.     In responding to this subpoena, you are requested to furnish all documents which are in your possession, custody, or control, including information in the possession of your attorneys, or other persons directly or indirectly employed or retained by you, or connected with you or your attorneys, or anyone else acting on your behalf or otherwise subject to your control.

2.     In responding to this subpoena, if any responsive document is maintained electronically, the document shall be produced on disc in native format and with metadata intact.  You are also requested to furnish print-outs of documents which may not currently exist in "hard copy" paper form but which exist in electronic form as electronic mail or as a document or file generated by word processing, data base, or spreadsheet software, and which are stored electronically on a "floppy" disc, a compact disc, a zip drive, a personal computer hard drive, a network server, a back-up tape or disc, text message, or any other electronic medium.

3.     If an electronically-generated document does not currently exist as a "hard copy" and if it has been deleted from the hard drives of personal computers, you are requested to retrieve it from any other electronic medium (e.g., a network server or a backup tape disc) from which it is retrievable.

4.     If you cannot respond to any document request in full, respond to the fullest extent possible, explain why you cannot respond to the remainder, and describe the nature of the documents which you cannot furnish.

5.     If you object to part of a request and refuse to answer that part, state your objection and respond to the remaining portion of that request.  If you object to the scope or time period of a request and refuse to respond for that scope or time period, state your objection and respond to the request for the scope or time period you believe is appropriate.

6.     With respect to any requested document that you refuse to produce in

response to this subpoena on the basis of any asserted privilege, please state:

    a.    the full identity of the document including:

        i.    the nature of the document (e.g., letter, memorandum, etc.);

        ii.    date of the document;

        iii.    its title (if any);

        iv.    its authors, addressees, recipients, or parties;

        v.    the identity of any other individuals to whom the document was disseminated and their relationship to Defendants;

        vi.    whether the document includes any attachments and, if so, a description of the attachments; and

        vii.    its present location and identity of its custodian;

    b.    whether your objection or refusal is directed to the entire document or part thereof;

    c.    if your objection or refusal goes to part of the document, specify the specific part(s) of the document to which your objection or refusal is directed; and

    d.    the specific factual basis which gives rise to the objection or refusal and the specific legal ground on which the objection or refusal is based.

7.    If any of the following requested documents cannot be located or produced after exercising due diligence to secure the information, please so state and respond to the extent possible, specifying your inability to respond fully, and stating whatever information you have relating to the non-produced documents. If your response is qualified in any particular manner, please set forth the details of such qualification.

# DEFINITIONS

Unless otherwise indicated, the following definitions and terms shall apply to this subpoena to produce documents:

1.      The term "ADEQUACY" means adequacy, sufficiency, suitability, effectiveness, and/or fitness for the purpose of providing HEALTH CARE.

2.      The terms "ANY" and "ALL," as used herein, shall include "each" and "every" and are not to be construed to limit a request.

3.      The term "CLINICAL FACILITIES" means all clinics, examination rooms, intake health screening rooms, and any other area at the JAIL in which NAPHCARE EMPLOYEES provide HEALTH CARE.

4.      The term "CONTRACT" means a legally binding agreement involving two or more parties that sets forth what the parties will or will not do, including the renewal, modification, or amendment of any such agreement.

5.      The term "CONTRACTOR" includes any individual or entity, or an EMPLOYEE of the same, who is hired, retained, or otherwise authorized by YOU or DEFENDANTS to undertake any task, service, role, or job on YOUR or DEFENDANTS' behalf.

6.      The term "COSTS" means the cost of doing business, depreciation, interest, taxes and other expenses.  COSTS are what are deducted from REVENUE to calculate NET INCOME.

7.      The term "CURRENT" means in effect and not superseded and/or issued on or after January 1, 2022.

8.      The term "DEFENDANT(S)" means the San Diego County Sheriff's Department, County of San Diego, San Diego County Probation Department.

9.      The term "DOCUMENT" means any writing, however produced or reproduced, of every kind and regardless of where located, which is in YOUR possession, custody, or control, including drafts; or in the possession, custody or control of any servant or agent of YOU or of YOUR attorneys.  The terms include

the following: electronically recorded information such as electronic mail, texts, voicemails, html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The terms "DOCUMENT" and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such DOCUMENTS, whether or not used, as well as the file in which the DOCUMENTS are maintained. A draft or non-identical copy of a DOCUMENT, including a copy or duplicate of a DOCUMENT which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate DOCUMENT within the meaning of these terms. The term "DOCUMENT" does not include any writing that constitutes a privileged or otherwise protected communication between YOU and YOUR attorneys.

10.    The term "EMPLOYEE" means any employee, director, officer, owner, CONTRACTOR, agent, or any other person working for or on behalf of an entity.

11.    The term "GRIEVANCE" means a written complaint completed by or on behalf of an INCARCERATED PERSON.

12.    The term "HEALTH CARE" means the provision of care or services, to identify and/or address health needs of an INCARCERATED PERSON in the JAIL (including medical, mental health, dental care, and vision care needs), whether those needs arise as a result of injury, illness, disease, age, or trauma, or care or services provided for diagnostic or preventive purposes.

13.     The term "HEALTH INFORMATION" means any information, whether oral or recorded in any form or medium, that is created or received by NAPHCARE and relates to the past, present, or future physical or mental health or condition of any patient, the provision of HEALTH CARE to any patient, or the past, present, or future payment for the provision of HEALTH CARE to any patient.

14.     The term "HEALTH CARE STAFF" means any person or entity providing HEALTH CARE services, or providing administrative and/or support services related to HEALTH CARE at the JAIL.

15.     The terms "INCARCERATED PERSON(S)" or "INCARCERATED PEOPLE" mean any person incarcerated, detained, or in the custody of the San Diego County Sheriff's Department.

16.     The term "JAIL" means the San Diego County Jail, including all of its facilities.

17.     The term "LICENSING CREDENTIALS" means the professional licensing board or agency and associated license number required for a NAPHCARE EMPLOYEE to practice the provision of care to an INCARCERATED PERSON.

18.     The term "MENTAL DISORDER" means any condition diagnosable on Axis I or Axis II per the *Diagnostic and Statistical Manual 0/ Mental Disorders* (5th ed.) or that substantially impairs cognitive functioning or psychological wellbeing.

19.     The terms "NAPHCARE," "YOU," or "YOUR" means NaphCare, Inc., NaphCare of San Diego, LLC, and anyone acting on their behalf.

20.     The term "NET INCOME" means a company's total earnings (or profit).  Net income is calculated by taking the company's REVENUE and adjusting for the cost of doing business, depreciation, interest, taxes and other expenses.

21.     The term "ORGANIZATIONAL CHART" means a depiction of how an organization is structured by outlining the roles, responsibilities, and/or

relationships between individuals within an organization.

22.    The term "POLICIES" or "POLICIES AND PROCEDURES" means policies, procedures, handbooks, advice, directives, training materials, forms, instructions, and guidelines that comprise established standards, regardless of the author.

23.    The term "PROFESSIONAL IDENTITY" means the name and professional title of an individual.

24.    The term "QUALITY ASSURANCE MEETING" means a meeting that includes corporate management, on-site program managers, and/or quality improvement or quality assurance consultants held for the purposes of identifying and/or responding to program management issues.

25.    The terms "RELATED TO," "RELATING TO," or "REGARDING" means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, manifests, mentions, pertains to directly or indirectly to, reflects, refers to, regards, relates to, responds to, states, summarizes, or in any way relevant to the particular subject matter identified.

26.    The term "REVENUE" means the amount of money that a company actually receives during a specific period; it is the "gross income" figure from which costs are subtracted to determine net income.

27.    The term "STAFFING PLAN" means any DOCUMENT showing the minimum number and types of EMPLOYEES that DEFENDANTS intend to work in the JAIL and the minimum number of hours DEFENDANTS intend those EMPLOYEES to work to staff the JAIL, including EMPLOYEES of CONTRACTORS.

28.    The term "STANDARDS REPORT" means any DOCUMENT provided to NAPHCARE by the Correctional Standards Authority of California, California Medical Association's Institute for Medical Quality, the National

Committee for Quality Assurance, or any other quality assurance entity related to the accreditation, inspection, or verification of a NAPHCARE credential, practice, or policy.

29.    The words "and" and "or" should be construed disjunctively or conjunctively as necessary to make the Request inclusive rather than exclusive.

**DOCUMENTS SUBPOENAED**

1.    ALL CONTRACTS between YOU and DEFENDANTS.

2.    ALL DOCUMENTS RELATING TO CONTRACT negotiations between YOU and DEFENDANTS.

3.    ALL "Requests for Proposal" that resulted in DEFENDANTS awarding YOU a CONTRACT REGARDING the JAIL.

4.    ALL CURRENT POLICIES AND PROCEDURES RELATING TO HEALTH CARE at the JAIL.

5.    ALL drafts of POLICIES AND PROCEDURES RELATING TO HEALTH CARE at the JAIL.

6.    ALL DOCUMENTS and minutes RELATING TO meetings attended by HEALTH CARE STAFF or custody staff at which the HEALTH CARE of INCARCERATED PERSONS, HEALTH CARE POLICIES AND PROCEDURES, HEALTH CARE staffing, or ANY issue related to JAIL HEALTH CARE was discussed.

7.    ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES RELATING TO HEALTH CARE at the JAIL.

8.    ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for the provision of medication to INCARCERATED PEOPLE, including both formulary and non-formulary medications.

9.    ALL DOCUMENTS RELATING TO HEALTH CARE statistics of ANY kind at the JAIL.

10.    ALL sick call requests at the JAIL from January 1, 2023 to the present.

11.    ALL responses to sick call requests at the JAIL from January 1, 2023 to the present.

12.    ALL logs, audits, lists, summaries, and DOCUMENTS showing the time between when an INCARCERATED PERSON at the JAIL submitted a sick call request and the time when HEALTH CARE STAFF triaged the sick call request.

13.    ALL logs, audits, lists, summaries, and DOCUMENTS showing the time between when an INCARCERATED PERSON at the JAIL submitted a sick call request and the time when HEALTH CARE STAFF responded to the sick call request.

14.    ALL logs, audits, lists, summaries, and DOCUMENTS showing the time between when an INCARCERATED PERSON at the JAIL submitted a sick call request and the time when the INCARCERATED PERSON was seen by HEALTH CARE STAFF.

15.    ALL logs, audits, lists, summaries, and DOCUMENTS showing the number or percent of INCARCERATED PERSON at the JAIL who submitted a sick call request and were not seen by HEALTH CARE STAFF in connection with that sick call request.

16.    ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for maintaining the privacy of the HEALTH INFORMATION of people incarcerated at the JAIL, including the confidentiality of patient-provider discussions.

17.    ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES RELATING TO housing and classification of INCARCERATED PERSON with serious HEALTH CARE issues.

18.    ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for screening of INCARCERATED PERSONS to identify HEALTH CARE needs.

19. ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for responding to emergency HEALTH CARE needs.

20. ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for access to outside medical facilities, specialists, and follow-up care.

21. ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES governing the provision of prescription medications, medical devices, and medical diets.

22. ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES governing the treatment and monitoring of INCARCERATED PERSONS with chronic medical conditions.

23. ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES governing the treatment and monitoring of pregnant persons.

24. ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES governing the treatment and monitoring of INCARCERATED PERSONS with known or suspected withdrawals from prescription or illegal drugs or substances, including but not limited to medications and alcohol.

25. ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES governing requests for HEALTHCARE ASSISTIVE DEVICES.

26. ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES governing disagreements between NAPHCARE employees and DEFENDANTS' employees REGARDING HEALTH CARE for INCARCERATED PERSONS.

27. ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES governing the continuity of care from the community to the JAIL and from the JAIL to the community.

28. ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES governing reviews of in-custody deaths.

29.     ALL DOCUMENTS RELATING TO INCARCERATED PERSONS receiving an incorrect type or dosage of medication from HEALTH CARE STAFF or custody staff.

30.     ALL DOCUMENTS RELATING TO the provision of foreign language and sign language interpretation services for INCARCERATED PERSONS whose primary language is not English during visits with HEALTH CARE STAFF.

31.     ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES governing diagnostic or laboratory testing and follow-up for INCARCERATED PERSONS.

32.     DOCUMENTS sufficient to show the average waiting time between the time an INCARCERATED PERSON is prescribed a medication and the time the person receives the prescribed medication.

33.     ALL DOCUMENTS RELATING TO the housing of INCARCERATED PERSONS with MENTAL DISORDERS or who are receiving mental HEALTH CARE, including but not limited to determinations of need for housing; evaluations of housing; POLICIES AND PROCEDURES for moving INCARCERATED PERSONS to appropriate housing; and requests for funding for mental health housing.

34.     ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES REGARDING suicide prevention.

35.     ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES REGARDING housing placements for INCARCERATED PERSONS with MENTAL DISORDERS or who are receiving mental HEALTH CARE.

36.     ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being housed in sobering cells.

37.     ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE

1  being housed in safety cells.

2       38.    ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE

3  being housed in Psychiatric Stabilization Unit or Psychiatric Security Unit.

4       39.    ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE

5  being housed in the Outpatient Step Down Unit.

6       40.    ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE

7  being housed in Enhanced Observation Housing.

8       41.    ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE

9  being placed on suicide watch or suicide precautions.

10       42.    DOCUMENTS sufficient to show the number of INCARCERATED

11  PERSONS with MENTAL DISORDERS or who are receiving mental HEALTH

12  CARE in Enhanced Observation Housing or Outpatient Step Down unit housing, by

13  month since June 1, 2022.

14       43.    ALL DOCUMENTS RELATING TO POLICIES AND

15  PROCEDURES for the adjudication of disciplinary action reports for

16  INCARCERATED PERSONS with MENTAL DISORDERS or who are receiving

17  mental HEALTH CARE.

18       44.    ALL DOCUMENTS RELATING TO POLICIES AND

19  PROCEDURES for the distribution of medications for INCARCERATED

20  PERSONS with MENTAL DISORDERS or who are receiving mental HEALTH

21  CARE.

22       45.    ALL DOCUMENTS REGARDING the extraction of an

23  INCARCERATED PERSON'S tooth or teeth, including but not limited to

24  alternative treatments requested by or presented to the INCARCERATED PERSON.

25       46.    DOCUMENTS sufficient to show the average waiting time between the

26  time a REFERRAL for dental HEALTH CARE is created at the JAIL and the time

27  that the INCARCERATED PERSON is seen by a licensed dental assistant, licensed

28  dental hygienist, or Doctor of Dental Surgery or Doctor of Medicine in Dentistry.

47.    DOCUMENTS sufficient to show the number of requests for dental HEALTH CARE at the JAIL each month since June 1, 2022.

48.    DOCUMENTS sufficient to show the number of patients seen for dental HEALTH CARE at the JAIL each month since June 1, 2022.

49.    DOCUMENTS sufficient to show the number of patients on ANY wait list for dental HEALTH CARE at the JAIL and the average length of time that ANY INCARCERATED PERSON remains on ANY such wait list.

50.    DOCUMENTS sufficient to show the number of requests for dental HEALTH CARE by INCARCERATED PERSONS, and the number of these requests that are granted.

51.    DOCUMENTS sufficient to show the number of scheduled appointments for dental care that are cancelled and/or refused in each month.

52.    DOCUMENTS sufficient to show the number of days per week that a Doctor of Dental Services is present at the JAIL, and the number of hours per each day that the Doctor of Dental Surgery or Doctor of Medicine in Dentistry is present.

53.    DOCUMENTS sufficient to show the number of days per week that licensed dental assistant(s) is/are present at the JAIL, and the number of hours per each day that the licensed dental assistant(s) is/are present.

54.    DOCUMENTS sufficient to show the number of days per week that licensed dental hygienist(s) is/are present at the JAIL, and the number of hours per each day that the licensed dental hygienist(s) is/are present.

55.    ALL DOCUMENTS RELATING TO the availability of x-ray equipment at the JAIL for purposes of dental HEALTH CARE, including but not limited to ANY digital x-ray equipment and/or ANY panoramic x-ray equipment.

56.    ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES REGARDING the sterilization of instruments and equipment used for providing DENTAL CARE at the JAIL.

57.    ALL DOCUMENTS RELATING TO POLICIES AND

PROCEDURES REGARDING INCARCERATED PERSONS' access to oral health items, including but not limited to toothbrushes, toothpaste, and dental floss or equivalent.

58.    ALL DOCUMENTS REGARDING HEALTH CARE for INCARCERATED PEOPLE who were referred for outside care.

59.    DOCUMENTS sufficient to show the average waiting time between the time an INCARCERATED PERSON is referred to an outside provider for the provision of HEALTH CARE and the time the person sees the outside provider.

60.    ALL DOCUMENTS REGARDING HEALTH CARE STAFF or custody staff who have filed complaints REGARDING the provision of HEALTH CARE or the ADEQUACY of HEALTH CARE facilities at the JAIL.

61.    ALL GRIEVANCES filed by INCARCERATED PERSONS on any issued RELATED TO HEALTH CARE at the JAIL.

62.    ALL responses to GRIEVANCES filed by INCARCERATED PERSONS on any issued RELATED TO HEALTH CARE at the JAIL.

63.    ALL DOCUMENTS RELATED TO inspections of HEALTH CARE facilities or practices at the JAIL by an entity other than YOU.

64.    ALL court orders requiring HEALTH CARE for INCARCERATED PEOPLE at the JAIL.

65.    ALL DOCUMENTS RELATING to court orders requiring HEALTH CARE for INCARCERATED PEOPLE at the JAIL.

66.    ALL STAFFING PLANS RELATING TO the JAIL.

67.    DOCUMENTS sufficient to show monthly staffing levels at the JAIL from June 1, 2022 to the present.

68.    ALL DOCUMENTS RELATING TO the analysis, study, or ADEQUACY of staffing at the JAIL.

69.    DOCUMENTS sufficient to show the PROFESSIONAL IDENTITY of ALL NAPHCARE EMPLOYEES who have worked at the JAIL.

70.     DOCUMENTS sufficient to show the LICENSING CREDENTIALS of ALL NAPHCARE EMPLOYEES who have worked at the JAIL.

71.     DOCUMENTS sufficient to show the actual hours worked per month since June 1, 2022 for each NAPHCARE EMPLOYEE at the JAIL.

72.     ALL NAPHCARE ORGANIZATIONAL CHARTS from June 1, 2022 to the present.

73.     ALL DOCUMENTS that YOU sent to or received from Julian Martinez from June 1, 2022 to the present.

74.     ALL minutes from QUALITY ASSURANCE MEETINGS RELATING TO the JAIL.

75.     ALL Standards Reports RELATING TO the JAIL.

76.     ALL DOCUMENTS RELATING TO the ADEQUACY of the CLINICAL FACILITIES at the JAIL.

77.     ALL DOCUMENTS RELATING to DEATHS of people incarcerated at the JAIL from June 1, 2022 to the present.

78.     DOCUMENTS sufficient to show the total annual dollar amount NAPHCARE received from DEFENDANTS from January 1, 2021 to the present.

79.     DOCUMENTS sufficient to show the total annual REVENUE NAPHCARE received under its CONTRACT with DEFENDANTS from January 1, 2021 to the present.

80.     DOCUMENTS sufficient to show the total annual dollar amount of COSTS incurred by NAPHCARE to deliver services under its CONTRACT with DEFENDANTS.

81.     DOCUMENTS sufficient to show the total annual NET INCOME NAPHCARE received under its CONTRACT with DEFENDANTS from January 1, 2021 to the present.

82.     DOCUMENTS sufficient to identify ALL electronic medical record system(s) NAPHCARE utilizes to maintain HEALTH INFORMATION at the JAIL.

83.    DOCUMENTS sufficient to identify ALL tracking and/or scheduling systems NAPHCARE utilizes to deliver HEALTH CARE at the JAIL.

84.    ALL DOCUMENTS RELATING TO formal and informal HEALTH CARE training provided to HEALTH CARE STAFF, including but not limited to training RELATING TO (a) the provision of HEALTH CARE, (b) administrative responsibilities RELATING TO the provision of HEALTH CARE, (c) the processing of sick call requests, and (d) POLICIES AND PROCEDURES to ensure that INCARCERATED PERSONS have access to HEALTH CARE.

85.    ALL DOCUMENTS RELATING TO monitoring and/or auditing of HEALTH CARE provided to INCARCERATED PERSONS, including but not limited to, quality improvement, quality assurance or clinical performance reviews, peer reviews, in-service trainings, internal or external audits, technical assistance reports, accreditations, contract monitoring reports, minutes from QUALITY ASSURANCE MEETINGS, and HEALTH CARE record reviews, from June 1, 2021 to the present.

86.    ALL DOCUMENTS RELATING TO disciplinary actions taken with respect to a NAPHCARE EMPLOYEE who worked at the JAIL from June 1, 2022 to the present.

87.    ALL POLICIES AND PROCEDURES RELATING TO YOUR document preservation practices.

88.    ALL POLICIES AND PROCEDURES RELATING TO HEALTH INFORMATION management, including but not limited to YOUR electronic document and medical records systems and maintaining the confidentiality of INCARCERATED PERSONS' HEALTH INFORMATION.