UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 20-cv-406-AJB-DDL<br><br>**ORDER DENYING JOINT MOTION FOR ORDER RE PRODUCTION OF DOCUMENTS BY NAPHCARE OF SAN DIEGO, LLC**<br><br>**[Dkt. No. 483]** |

　　　　On December 22, 2023, the Court ordered third-party NaphCare of San Diego ("NaphCare") to produce documents responsive to the subpoena issued by Plaintiffs by not later than January 5, 2024. Dkt. No. 478 at 2. On January 3, 2024, Plaintiffs and NaphCare filed a joint motion seeking an order directing NaphCare to produce "unredacted protected health information responsive to requests contained in Plaintiffs' subpoena for the production of documents, regardless of whether the patients may be members of the represented class, under the terms of the protective order." Dkt. No. 483 at 3-4.

　　　　It is not apparent to the undersigned why a further order of the Court is necessary. The Court ordered NaphCare to produce nonprivileged documents

responsive to Plaintiffs' subpoena, which does not call for information about "class members" but about individuals incarcerated during a specific time period. See 45 C.F.R. § 164.512(e)(1)(i) (a covered entity may produce information "in response to an order of a court . . ..").

Moreover, the Court has previously determined that the Protective Order in this case constitutes a "qualified protective order" under 45 C.F.R. § 164.512(e)(1)(v) and directed Defendants to produce protected health information to plaintiffs pursuant to the Protective Order. Dkt. No. 443. Plaintiffs and NaphCare agree the Protective Order satisfies 45 C.F.R. § 164.512(e)(1)(v) (Dkt. No. 483 at 3), but they assert the documents may contain health information for non-class members (*i.e.*, individuals previously incarcerated at San Diego jail facilities). The joint motion does not explain why class member status is a relevant consideration, and the Court does not discern any apparent distinction between class members and non-class members in this context given that the Protective Order is a "qualified protective order" under 45 C.F.R. § 164.512(e)(1)(v) regardless of whose health information is subject to production. NaphCare is subject to the Amended Stipulated Protective Order and may produce responsive information subject to its provisions. Dkt. No. 400.

To the extent Plaintiffs and NaphCare seek additional relief, the Court declines to grant that request absent a showing that the relief sought is warranted or necessary. The joint motion [Dkt. No. 483] is accordingly **DENIED**.

**IT IS SO ORDERED.**

Dated: January 5, 2024

Hon. David D. Leshner
United States Magistrate Judge