GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, Plaintiffs, v. SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, Defendants. | Case No. 3:20-cv-00406-AJB-DDL **DECLARATION OF PRIYAH KAUL IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION BY NAPHCARE OF SAN DIEGO LLC** Judge: Hon. Anthony J. Battaglia Magistrate: Hon. David D. Leshner Trial Date: None Set |

[4419023.2]

I, Priyah Kaul, declare:

1. I am an attorney duly admitted to practice before this Court. I am Senior Counsel in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration based in support of Plaintiffs' Notice of Motion and Motion to Compel Production of Documents and Deposition by Naphcare of San Diego LLC.

2. Attached hereto as **Exhibit A** is a table summarizing the status of outstanding document requests in this case.

3. Defendant County of San Diego contracted with NaphCare Inc. and NaphCare of San Diego LLC ("NaphCare"), effective June 1, 2022, for the provision of certain medical, mental health, and dental care services in the Jail. NaphCare is a large, national for-profit health care provider. Among other contractual requirements, NaphCare must fill dozens of staff positions, provide policies and procedures that meet national standards for correctional health care, implement several new health care programs, submit reports on various aspects of health care in the Jail, and is directly involved in the provision of care to incarcerated people. Attached hereto as **Exhibit B** is a true and correct copy of the contract, Bates numbered SD_122461–SD_122597, and titled "County Contract Number 566117 Agreement with NaphCare, Inc. for Sheriff's Department Consolidated Health Care Delivery." Counsel for Defendants confirmed by email on January 17, 2024 that the document was not confidential nor privileged.

4. On August 10, 2023, Plaintiffs served NaphCare with a subpoena for the production of documents related to NaphCare's provision of health care services in the Jail, as well as a deposition subpoena noticing a deposition for September 20, 2023. Attached hereto as **Exhibits C** and **D** are true and correct copies of the subpoenas served on NaphCare.

5. On August 30, 2023, NaphCare's counsel contacted Plaintiffs' counsel

[4419023.2]                                    1                          Case No. 3:20-cv-00406-AJB-DDL
DECLARATION OF PRIYAH KAUL IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION BY NAPHCARE OF SAN DIEGO LLC

1 for the first time, requesting additional time to respond to the subpoenas. Plaintiffs
2 did not agree to extend the deadline for NaphCare to respond, but did agree to
3 extend the time for NaphCare to produce documents and agreed to push back the
4 deposition to a mutually-agreeable date in late September or early October.
5 Attached hereto as **Exhibit E** is a true and correct copy of the correspondence
6 between my colleague, Van Swearingen, and counsel for NaphCare regarding the
7 extension.

8    6.    My colleague, Mr. Swearingen, and I continued to meet-and-confer
9 with counsel for NaphCare over the course of many months. In the course of these
10 discussions, Plaintiffs agreed to several limitations to reduce any potential burden on
11 NaphCare, including agreeing to forego use of a formal ESI protocol with search
12 terms and custodians; agreeing to forego production of individual patient medical
13 files; and agreeing that NaphCare did not need to produce all requested training
14 materials at the outset, and instead, could provide Plaintiffs with a list of training
15 courses attended by NaphCare employees, which Plaintiffs could use to request a
16 more narrow set of materials. Attached hereto as **Exhibit F** is a true and correct
17 copy of my correspondence with counsel for NaphCare memorializing certain of
18 these agreements.

19    7.    On September 21, 2023, Plaintiffs agreed to provide NaphCare with
20 another one-week extension on the production, based in part on its representation
21 that the production would be "voluminous." *See* Exhibit F.

22    8.    On September 29, 2023, NaphCare produced 67 documents in response
23 to the subpoena. On October 2, 2023, NaphCare served written responses and
24 objections to the document subpoena. Attached hereto as **Exhibit G** is a true and
25 correct copy of NaphCare's written responses and objections.

26    9.    Shortly following the production, I contacted NaphCare's counsel to
27 continue to meet and confer in an effort to begin to resolve the many deficiencies in
28 NaphCare's responses. Attached hereto as **Exhibit H** is a true and correct copy of

my correspondence with counsel for NaphCare regarding certain of these deficiencies.

10. I met and conferred with NaphCare's counsel for many months, by telephone, Zoom, and email, during which I identified specific requests for which no or an insufficient number of documents had been produced, provided descriptions of the types of documents that would be responsive, identified specific documents referenced in the County's contract with NaphCare that Plaintiffs expected to be produced, requested native versions of documents provided in unusable formats, requested unredacted versions of documents that could be produced pursuant to the amended stipulated protective order, and sought additional information about documents withheld as privileged including in-custody death reviews. The meet and confer discussions were marked by repeated delays on the part of NaphCare, despite my frequent follow-ups. Few of the problems with the production were resolved. Attached hereto as **Exhibit I** is a true and correct copy of my correspondence with counsel for NaphCare regarding these issues.

11. At the December 20, 2023 discovery conference, NaphCare's counsel represented that his client believed the first production of 67 documents "was [] complete," but it would be providing a supplemental production. Attached hereto as **Exhibit J** is a true and correct copy of an excerpt from the transcript of the hearing.

12. The parties continued to meet and confer following the hearing. Attached hereto as **Exhibit K** is a true and correct copy of an email I sent NaphCare's counsel on January 4, 2024, listing issues still outstanding and stating that Plaintiffs intended to move to compel absent resolution.

13. On January 5, 2024, NaphCare provided Plaintiffs with a privilege log and declaration addressing withheld in-custody death records. Attached hereto as **Exhibit L** are true and correct copies of the privilege log and declaration.

14. On January 12, 2024, NaphCare served amended written responses and objections that are substantially similar to the ones previously produced. Attached

hereto as **Exhibit M** is a true and correct copy of NaphCare's amended written responses and objections. NaphCare also re-produced the privilege log it produced on January 12, 2024.

15. NaphCare has made five supplemental productions to date, on November 16, 2023 (four documents); December 13, 2023 (eight documents); December 29, 2023 (21 documents); January 5, 2024 (21 documents); and January 12, 2024 (122 documents, 121 of which were re-productions, with identical Bates numbers, of documents already produced). To date, NaphCare has produced only 122 documents, comprising approximately 31,000 pages. Of that, 16 of the documents are exact or near duplicates, or re-productions of documents previously produced with redactions or in an unusable format. Approximately 740 pages are exact or near duplicates of other documents, and approximately 28,000 pages were produced in a unusable, non-native and/or redacted format.

16. NaphCare has not produced any internal communications other than approximately 16 non-substantive cover emails with policies and procedures attached. NaphCare's productions include fewer than 20 pharmacist inspection reports and mental health staff peer reviews.

17. NaphCare produced a 396-page document that appeared to show a chart listing trainings assigned to and completed to each of its staff members, but the chart was converted into a PDF that made it impossible to sort and nearly impossible to interpret given that the many columns associated with a single row spilled over to other PDF pages not consecutively numbered. NaphCare has not produced the document in a native, sortable format despite repeated requests, which has resulted in Plaintiffs being unable to create a more specific list of trainings for which they seek production of materials.

18. NaphCare never indicated that it would not search for or produce responsive documents, other than those for which Plaintiffs and NaphCare reached an agreement to forego production, on burden grounds.

19.     Defendants produced in discovery several "Corrective Action Notices" issued to NaphCare that describe NaphCare's wide-ranging non-compliance with its contract. These documented failures include not paying outside providers $9.3 million for specialty care (resulting in cancelled contracts and fewer provider options), not providing policies and practices that meet national standards, not initiating timely medication assisted treatment (MAT), not conducting quarterly meetings for infection control issues and for its continuous quality improvement program, failing to perform peer reviews, not tracking key metrics and performance indicators, and lacking adequate staffing, among other issues. Attached hereto as **Exhibit N** is a true and correct copy of one such document, produced as Bates number SD_120546–SD_120560 and titled "Corrective Action Notice" with the date May 12, 2023. Counsel for Defendants confirmed by email on January 17, 2024 that the document was not confidential nor privileged.

20.     Attached hereto as **Exhibit O** is a true and correct copy of the document produced as Bates number SD_552426–SD_552440, which is a letter from NaphCare to the Sheriff's Department responding to a Corrective Action Notice. Exhibits N and O were produced by Defendants. NaphCare did not produce any "Corrective Action Notices," nor its letter responses to or internal communications regarding such notices, in response to the subpoena.

21.     Attached hereto as **Exhibit P** is a true and correct copy of the document produced as Bates number SD_376184, titled "Pharmacy & Therapeutics Committee Meeting Minutes" and dated August 28, 2023. The document lists at least one NaphCare employee, Michael Farrier, as an attendee, discusses information regarding formulary changes and drug shortages, and bears NaphCare's logo at the top. The document was produced by Defendants. NaphCare did not produce this or any other minutes, agendas, notes, or presentations from any meetings in response to the subpoena. Counsel for Defendants confirmed by email on January 17, 2024 that the document was not confidential nor privileged.

22. I took the deposition of Kenneth Jones, the former Commander of the Sheriff's Department's Medical Services Division, on January 5, 2024. Although the deposition transcript has not been completed yet, I recall that the Commander testified that the Sheriff's Department regularly met with NaphCare to discuss the Corrective Action Notices as well as other issues related to the provision of health care in the Jail.

23. Attached hereto as **Exhibit Q** is a true and correct copy of an email and excerpted attachment produced as Bates number SD_227522–SD_227523, sent from the Sheriff's Department's Chief Medical Director to other Sheriff's Department staff regarding NaphCare. It states that "many SDSD staff have direct communications/interactions with many of Naphcare employees/staff through phone, email, text, instant message, and other means." Counsel for Defendants confirmed by email on January 17, 2024 that the document was not confidential nor privileged.

24. Attached hereto as **Exhibit R** is a true and correct copy of the document produced as Bates number SD_271938, which is an email sent between Sheriff's Department and NaphCare staff discussing staffing and medical emergencies. The document was produced by Defendants. NaphCare did not produce this or any other substantive emails in response to the subpoena. Counsel for Defendants confirmed by email on January 17, 2024 that the document was not confidential nor privileged.

25. Consistent with the Court's order, *see* Dkt. 478, I have met and conferred with NaphCare's counsel regarding NaphCare's most recent productions.

26. NaphCare has indicated during the meet and confer process that it will comply with the deposition subpoena, however, the parties have not agreed on a date yet. The deposition has been postponed repeatedly due to NaphCare's failure to produce all responsive documents.

I declare under penalty of perjury under the laws of the State of California

[4419023.2]                                6                        Case No. 3:20-cv-00406-AJB-DDL
DECLARATION OF PRIYAH KAUL IN SUPPORT OF PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION BY NAPHCARE OF SAN DIEGO LLC

that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 17th day of January, 2024.

                                  */s/ Priyah Kaul*
                                  Priyah Kaul