## TABLE OF CONTENTS – VOLUME 2 (EXHIBITS J-R)
### EXHIBITS TO THE DECLARATION OF PRIYAH KAUL IN SUPPORT OF MOTION TO COMPEL DOCUMENTS AND DEPOSITION BY NAPHCARE

| EXHIBIT | DESCRIPTION | PAGE NO. |
|---|---|---|
| J. | Excerpts from Transcript of December 20, 2023 Discovery Hearing | 319 |
| K. | Priyah Kaul-G. Craig Smith Emails re: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena, January 4, 2024 | 324 |
| L. | NaphCare of San Diego LLC's Privilege and Redaction Logs in Support of Response to Subpoena for Production of Documents Issued by Plaintiffs & Declaration of Justin Barkely, Chief Legal Officer, in Support of Response to Subpoena for Production of Documents Issued by Plaintiffs | 365 |
| M. | NaphCare of San Diego LLC's Supplemental Response to Subpoena for Production of Documents Issued by Plaintiffs | 398 |
| N. | County of San Diego Sheriff's Department Corrective Action Notice, May 12, 2023 (SD_120546) | 448 |
| O. | NaphCare letter to Keith Spears: Agreement No. 566117 (SD_552426) | 464 |
| P. | NaphCare – San Diego County Sheriff's Department Pharmacy & Therapeutics Committee Meeting Minutes, August 28, 2023 (SD_376184) | 480 |
| Q. | Email from Jon Montgomery to Sheriff's Department staff re: Notes for the recent Naphcare response, and excerpted attachment (SD_227522-SD_227523) | 482 |
| R. | Email from Janet Medenwald-Hogg to Sheriff's Department and NaphCare staff re: staffing (SD_271938) | 485 |

[4422733.1]

# Exhibit J

1          UNITED STATES DISTRICT COURT

2        FOR THE SOUTHERN DISTRICT OF CALIFORNIA

3   DARRYL DUNSMORE, ERNEST          )
    ARCHULETA, ANTHONY EDWARDS, REANNA)
4   LEVY, JOSUE LOPEZ, CHRISTOPHER    )
    NELSON, CHRISTOPHER NORWOOD, and  )
5   LAURA ZOERNER, on behalf of       )
    themselves and all others         )
6   similarly situated,               )
                                      )   No. 20-CV-00406-AJB-DDL
7            Plaintiffs,              )
                                      )
8   v.                                )   December 20, 2023
                                      )
9   SAN DIEGO COUNTY SHERIFF'S        )
    DEPARTMENT; COUNTY OF SAN DIEGO;  )
10  CORRECTIONAL HEALTHCARE PARTNERS, )
    INC.; LIBERTY HEALTHCARE, INC.;   )
11  MID-AMERICA HEALTH, INC.; LOGAN   )
    HAAK, M.D., INC.; SAN DIEGO COUNTY)
12  PROBATION DEPARTMENT, and DOES 1  )
    to 20 inclusive,                  )
13                                    )
             Defendants.              )
14  _____ )   San Diego, California

15

    TRANSCRIPT OF DIGITALLY RECORDED VIDEOCONFERENCED PROCEEDINGS
16                   (Discovery Conference)

17

18     BEFORE THE HONORABLE DAVID D. LESHNER, MAGISTRATE JUDGE

19

20

21

22

23  COURT REPORTER:          AMANDA M. LeGORE
                             RDR, CRR, CRC, FCRR, CACSR
24                           U.S. District Court
                             333 West Broadway, Suite 420
25                           San Diego, CA 92101
                             amanda_legore@casd.uscourts.gov

2

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFFS:        RICHARD VAN SWEARINGEN
                                Rosen Bien Galvan & Grunfeld LLP
 3                              101 Mission Street, Sixth Floor
                                San Francisco, CA  94105-1738
 4                              (415)433-6830
                                vswearingen@rbgg.com
 5

 6                              PRIYAH KAUL
                                (Appearing Via Zoom)
 7                              Rosen Bien Galvan & Grunfeld LLP
                                101 Mission Street, Sixth Floor
 8                              San Francisco, CA  94105-1738
                                (415)433-6830
 9                              pkaul@rbgg.com

10

11

12   FOR DEFENDANT COUNTY OF
     SAN DIEGO:                 ELIZABETH PAPPY
13                              Burke Williams & Sorenson LLP
                                501 W. Broadway, Suite 1600
14                              San Diego, CA  92101
                                (619)814-5800
15                              epappy@@bwslaw.com

16

17   FOR NAPHCARE:              C. SMITH
                                (Appearing Via Zoom)
18

19

20                                   -0-

21

22

23

24

25
```

**Ex. J-321**

1  the -- the responses first came in.

2           I think that would be helpful, possibly, for both

3  sides.  We just have to get it by (indiscernible) date to get

4  this supplemental production completely done.

5           THE COURT:  Okay.  I understand.  And you did raise

6  that earlier.  Thank you for the reminder.

7           Mr. Smith, there was no motion to quash the subpoena

8  filed.  I'm considering, right now, issues of privilege with

9  respect to internal NaphCare documents; as well as an issue as

10 to whether documents that everyone agrees have been or will be

11 produced should be redacted at all.

12          Is there an issue as -- or -- are there additional

13 documents beyond what we just discussed that NaphCare intends

14 to produce but has not yet?

15          ATTORNEY SMITH:  Yes.  Not a substantial amount.  But

16 we are working through the supplemental meet-and-confer that

17 plaintiffs' counsel (indiscernible).  They received their first

18 production for which we've -- we believe was (indiscernible)

19 complete.  And they called (indiscernible) again and identified

20 areas where they think there are additional documents that are

21 responsive.  And we're working with them to provide those and

22 cooperate (indiscernible) we submitted one supplemental

23 production, and now we have another one that's (indiscernible)

24 as well.

25          THE COURT:  Okay.  I got it.  I will add that to the

**Ex. J-322**

152

1    So let's do that.  And then you will have your class list,

2    Mr. Swearingen.

3              ATTORNEY SWEARINGEN:  (Indiscernible), your Honor.

4              THE COURT:  No problem.  All right.

5              ATTORNEY PAPPY:  Thank you for the Court's time

6    today.  We appreciate it.

7              THE COURT:  No problem.  Take care.  Have a good

8    holiday.

9              ATTORNEY PAPPY:  You too.

10             (Conclusion of proceedings at 12:41 p.m.)

11

12                          --oOo--

13   I certify, by signing below, that the foregoing is a correct
     stenographic transcript, to the best of my ability, of the
14   digital recording of the audio proceedings had in the
     above-entitled matter this 26th day of December, 2023.  A
15   transcript without an original signature or conformed signature
     is not certified.  I further certify that the transcript fees
16   and format comply with those prescribed by the Court and the
     Judicial Conference of the United States.

17             /S/ Amanda M. LeGore

18             _____

19        AMANDA M. LeGORE, RDR, CRR, CRC, FCRR, CACSR 14290

20

21

22

23

24

25

# Exhibit K

| | |
|---|---|
| **From:** | Priyah Kaul |
| **To:** | G. Craig Smith |
| **Cc:** | Van Swearingen; Eugene P. Ramirez; Mark R. Wilson; Angela Thompson; Julie Contreras; Holly Thomas; Robert E. Murphy |
| **Subject:** | RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena |
| **Date:** | Thursday, January 4, 2024 10:38:57 AM |
| **Attachments:** | image001.jpg |
| | image002.jpg |
| | SD_120680 (1).pdf |
| | SD_120686.pdf |

Craig,

Please see below for a list of outstanding issues, which in large part consolidates issues we have already raised repeatedly in prior meet and confer calls and correspondence. Absent resolution of these issues, we intend to move to compel.

Below is a list of the types of documents we anticipate may be responsive to our requests that were not produced. Note that this is not an exhaustive list but is intended to try to help NaphCare search for and collect additional responsive documents. If the below documents, including the ones specifically referenced in the contract and identified by Bates number below, do not exist or are no longer in NaphCare's possession, custody, or control, we ask that you please amend the written responses to reflect this.

- **RFP 2:** Additional responsive documents are likely to include internal communications relating to negotiations of contract terms.
- **RFP 5:** Defendants produced to us policies with a "draft" watermark that appear to be similar but not identical to those you produced. I previously sent you the first five pages of one of these documents. Simply re-producing the same five pages, which does not even constitute the complete set of draft policies, is insufficient to fulfill NaphCare's obligations under the subpoena.
- **RFPs 6, 74:** All agendas, meeting minutes, or other follow-up documentation from meetings should be produced, including but not limited to those referenced in NAPHCARE593, 594, and 611-612.
- **RFPs 8, 16-22, 24-27, 34, 44, 56:** These requests seek all documents relating to policies and procedures governing certain issues in the Jail. Responsive documents are likely to include any emails, memoranda, or guidance regarding changes to or clarification of policies and procedures. For example, if a member of the County or NaphCare's staff informs health care staff in writing that a particular drug is no longer on the Jail's formulary, that there has been a recent uptick in patients with a certain kind of medical condition, that a policy requires clarification or further explanation, that particular patients need to be treated in a particular way pursuant to policy, or that people need to aware of specific provisions in the policies and procedures when treating patients. Responsive documents are also likely to include those referenced at NAPHCARE000579, which refers to "Dental Screening and Hygiene Examination Dental Assessments for patients who request dental services for urgent/emergent needs." Note that although we agreed to forgo an ESI process involving negotiation over search terms, we expect relevant NaphCare custodians to search for responsive documents. The attached email and attachment (and NaphCare's internal discussions about it) are an example of the kinds of documents that should have been produced by your client. Please note these documents were produced by Defendants and designated as confidential under the protective order.
- **RFP 9:** Responsive documents may include calculations and analyses concerning caseloads, services provided, the timeliness of care, the adequacy of staffing for the jail's population, the portion of jail population with a medical/dental/mental health issue, the number of patients sent for outside care, and the costs of providing care to the jail population, as well as documents referenced at NAPHCARE597, 599, and 609.
- **RFPs 12-15:** The sick call chart you produced does not appear to show when requests are submitted. Please confirm whether this information is available to NaphCare, including on TechCare or another platform. If not, please amend your written responses to state that you do not have documents with this requested information.
- **RFP 30:** NaphCare did not produce any responsive document regarding the provision of sign language interpretation. If no such document exists, please amend your written responses accordingly.
- **RFPs 33, 35-41:** Responsive documents are likely to include logs or summaries (daily, weekly, etc.) of people

**Ex. K-325**

newly housed in mental health care settings and people with mental health concerns who are housed in general population, caseload task lists, audits of such housing determinations, evaluations or analyses of the sufficiency of the mental health housing units, analyses of available housing for such patients, assessments and evaluations used to determine housing placement for people with mental disorders, lists of incarcerated people scheduled to be seen in specialty mental health units on a particular day, memoranda or presentations provided to staff regarding mental health unit placements, data on mental health unit placements, meeting minutes and agendas regarding the provision of mental health care, and suicide prevention information related to housing, as well as documents referenced at NAPCHARE570 and 572, and internal communications relating to the identified issues.

- **RFP 42:** Please confirm whether this information is kept by NaphCare, including whether it is available on TechCare or another platform. If not, please amend your written responses to state that you do not have documents with this requested information.
- **RFP 57:** Responsive documents are likely to include any guidance, memoranda, or emails regarding the availability of the listed dental care items.
- **RFP 58:** Responsive documents are likely to include referral/tracking logs; patient lists with provider notes; lists of outside care providers that provide care for incarcerated people; guidance provided by those providers regarding admission or the provision of follow-up care; invoices and payment receipts; and lists at regular intervals (daily, weekly, etc) documenting when referrals were made, when a person was transferred, when custody staff transports or accompanies a patient, and when the patient returns; as well as documents referenced at NAPHCARE568 and 569, and internal communications relating to the identified issues.
- **RFP 59:** Please confirm whether this information is kept by NaphCare, including whether it is available on TechCare or another platform.
- **RFP 66:** Responsive documents are likely to include documents showing the minimum number and types of employees intended to work at the Jail, communications with the Defendants regarding staffing requirements/needs, as well as schedules similar to the one referenced at NAPHCARE000608, which shows an "on site digital x-ray service clinic schedule." Please provide this type of schedule for all other positions at the Jail other than "x-ray service[s]."
- **RFP 68:** Plaintiffs expect that NaphCare has conducted a staffing analysis, i.e., analyze the minimum number of staffing required in each Jail facility. For example, we request any documents related to negotiations of staffing and compensation, including for Rock Mountain, as referenced at NAPHCARE566. We also request internal communications relating to the identified issues.
- **RFP 70:** Please provide the license number and government licensing agency/board for all NaphCare employees who have worked in the Jail.
- **RFP 72:** Please confirm that the job descriptions recently produced cover <u>all</u> positions held by any NaphCare employee working in the Jail.
- **RFP 76:** Responsive documents are likely to include cleanliness reports or audits/inspections; medical equipment supply/tool counts; memoranda or emails regarding clinical treatment space, medical administration space, medical storage space and other medical support spaces such as pharmacy, medical records, and medical laboratories; memoranda or emails regarding the availability of confidential spaces or bed space in medical units, and waiting lists for beds in medical units.
- **RFP 83:** You produced the contract with the Sheriff's Department and the Electronic Medical Records Systems Agreement, but there is no indication of all systems actually used.
- **RFP 85:** We expect additional responsive documents exist, in part due to the many references to monitoring and auditing in the NaphCare contract, including at NAPHCARE594, 595, and 598. Additional responsive documents are likely to include internal communications relating to monitoring and auditing.
- **RFP 88:** We expect additional documents exist, including screenshots and printouts of screens in TechCare as referenced in NAPHCARE565.

Further, while we appreciate the production of more user-friendly versions of certain of the documents, we maintain our request that you produce unredacted, native (excel) versions of the following documents identified by their beginning Bates numbers:

- NAPHCARE002024 ("Redacted Sick Calls")
- NAPCARE013138 ("Dental Appointments Report")

**Ex. K-326**

- NAPHCARE012742 ("San Diego Full Report"). For this document, we requested a sortable version largely for the purposes of creating a single, non-duplicative list of all trainings assigned to NaphCare employees, from which we could identify a sub-set to request training materials. If NaphCare can provide a list of these trainings, without the duplication in this 140+ page chart, that would be acceptable as well.
- NAPHCARE012715 ("San Diego NaphCare Roster")
- NAPHCARE009915 ("Time Detail Report")
- NAPHCARE015478 ("Dental Extractions")

The most recent production included three documents called "Protocols." Each of these had a list of medical symptoms/conditions. Are there more detailed protocols for each of the listed issues? If so, please produce.

The in-custody death records remain outstanding, and we look forward to receiving the privilege log and declaration to determine next steps.

Please also confirm the name of the new PMK witness you have identified, as well as whether February 2 will work for the deposition. As noted, if we move to compel, that date will need to be moved, but we would like to get something at least tentatively on calendar in the event we are able to resolve the document issues.

Thanks,

Priyah Kaul
Associate Attorney



101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** Priyah Kaul
**Sent:** Tuesday, January 2, 2024 10:05 AM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena

Craig – Following up on the below. Are you available to talk this afternoon or tomorrow morning?

Thanks,

Priyah Kaul
Associate Attorney



101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)

**Ex. K-327**

(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** Priyah Kaul
**Sent:** Friday, December 29, 2023 10:45 AM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena

Thanks Craig. How about Tuesday at 11am for a call?

You represented at the hearing that there was not a "substantial amount" that NaphCare intended to produce but had not produced yet. But I'm glad to receive today's production and continue to meet-and-confer regarding outstanding requests. We also look forward to receiving the detailed privilege log and hopefully resolving the patient privacy objection.

Attached is the court's order following the discovery conference.

Priyah Kaul
Associate Attorney



101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Friday, December 29, 2023 9:24 AM
**To:** Priyah Kaul <pkaul@rbgg.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena

[EXTERNAL MESSAGE NOTICE]

Hi Priyah-

Thank you for the email. I am available Tuesday for a further meet and confer conference. What time are you available?

The joint motion is a likely resolution for production of the un-redacted documents and production of records in native format i.e. the excel version. I will forward the draft to my client and work to have a substantive response as to whether we agree to proceed on Tuesday.

Importantly, I didn't represent that a supplemental production would not be significant. We are cooperating to

**Ex. K-328**

produce existing documents.  Enclosed on the below link is NaphCare's supplemental production.  I am available to meet and confer Tuesday regarding the outstanding requests and will clarify what does not exist for production.  We similarly would like to conclude the production of documents and have a shared interest in finalizing this without the need for motion practice.

With respect to the death reviews, the County does not invite NaphCare to attend and we have no responsive documents.  The only records that exist are internal records done at the direction of counsel, with counsel present, and in anticipation of litigation.  My client has been working on preparing a detailed privilege log and declaration as to the process so you can further analyze our assertion and understand that indeed the records are privileged.

Please let me know when an order of the Court issues regarding the IDC as I am not on the ECF notification.

https://manningkass.sendsafely.com/receive/?thread=R3C8-Z58M&packageCode=rvRXmg9LFX0ivRkjcoP0Pfsy8ifQwGz48yHcllqfP9Q#keyCode=CummXCh7S-WrhLwFr4wll0Qh-iVDXtF8fnjwXtqtj7c

Best Regards,

**G. Craig Smith**
Partner



695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Thursday, December 28, 2023 9:33 PM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena

Craig,

Hope you had a nice holiday.  Following last week's discovery conference, I wanted to touch base on two issues.

First, attached is a draft joint motion for production of documents under the protective order, and a draft proposed order, which confirms that the protective order in this case is HIPAA-compliant and allows for the production of unredacted patient information by NaphCare.  This is nearly identical to the joint motion we entered into with Defendants, who raised the same patient privacy concerns as NaphCare.  I sent you the Court's order granting our

**Ex. K-329**

joint motion with defendants prior to the discovery conference.  We hope you will consider this approach to avoid motion practice on redacted documents.

Second, are you available to meet and confer on Tuesday regarding unresolved document requests?  At the conference, you represented that additional documents would be produced shortly, but that the production would not be significant.  If NaphCare is not producing, at a minimum, the documents listed in my prior meet and confer emails, we would like to understand the basis for withholding.

Thanks,

Priyah Kaul
Associate Attorney



101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Thursday, December 14, 2023 3:37 PM
**To:** Priyah Kaul <pkaul@rbgg.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

[EXTERNAL MESSAGE NOTICE]

Good afternoon-

I have one addition to defendants portion in red below.  With this addition you have our permission to send to Chambers.

**G. Craig Smith**
Partner



695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged.
The information transmitted in or with this message is intended only for the person or entity to which it is addressed and

**Ex. K-330**

may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Thursday, December 14, 2023 3:03 PM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

Craig – Thanks for the call just now.  As discussed, below is a slightly revised draft of the email, with our edits highlighted.  If this is okay with you, I will send to chambers, copying everyone on this email thread as well as defendants' counsel, and attaching the relevant subpoenas and responses.

\*\*\*

To the Chambers of Judge Leshner:

We represent the Plaintiffs in *Dunsmore et al. v County of San Diego et al.*, Case No. 3:20-cv-00406-AJB-DDL.  A dispute has arisen between Plaintiffs and non-party NaphCare of San Diego LLC ("NaphCare") regarding NaphCare's responses to Plaintiffs' subpoenas for the production of documents and deposition testimony, which are attached.  After attempting to meet and confer, we would like to request a conference with the Court pursuant to Chambers Rule III(C).  Please see below for additional information as required under the Rule.

**(1) Proposed times mutually agreed upon by the parties for the conference**

December 19, 2023, 9:00 am to 10 am or 11:30 am to 5 pm
December 21, 2023, 9:00 am to 12 pm

If the above times do not work for the Court, please let us know, and we will propose additional mutually agreed upon dates and times.

**(2) Neutral statement of the dispute**

On August 10, 2023, Plaintiffs served NaphCare with a subpoena for the production of documents by September 8, 2023 related to NaphCare's contract, employees, policies, procedures, and provision of health care services in the Jail; as well as a deposition subpoena noticing a deposition for September 20, 2023.  On August 31, 2023, Plaintiffs agreed to extend the time for NaphCare to produce documents to September 22, 2023, and agreed to push back the deposition to a mutually-agreeable date in late September or early October.  To facilitate the production, on September 21, 2023, the parties and NaphCare filed a joint motion seeking to amend the protective order in the case to incorporate NaphCare.  Dkt. 397.  The Court entered the amended stipulated protective order on September 27, 2023.  Dkt. 400.  On September 29, 2023, in response to Plaintiffs' 87 document requests, NaphCare produced approximately 60 documents, totaling 15,428 pages.  Pursuant to a stipulation of the parties, on October 2, 2023, NaphCare served written responses to the document subpoena.

Plaintiffs challenged the completeness and adequacy of the production and responses while attempting to clarify the scope and meaning of the requests, and Plaintiffs and NaphCare continued to meet-and-confer in an effort to resolve their outstanding disputes.  On November 16, 2023, NaphCare provided Plaintiffs with a supplemental production consisting of four documents. On December 13, 2023, NaphCare provided Plaintiffs with a supplemental production consisting of eight documents.  The total production to date consists of 16,624 pages, some of which are a re-production of documents already produced.  Plaintiffs and NaphCare are now at an impasse on the following issues:

- Plaintiffs object to the completeness of NaphCare's responses to the majority of Plaintiffs' document requests.

**Ex. K-331**

NaphCare does not object to supplementing its productions  however, Plaintiffs and NaphCare are at a dispute regarding the timing and scope of the supplemental production.

- NaphCare objects on patient privacy grounds to producing unredacted documents with the names and booking numbers of incarcerated persons that were produced by NaphCare prior to this Court's class certification Order, due to the inability to determine if the persons are Class members.

- NaphCare objects on privilege grounds to the production of its internal Corporate-level in-custody death records.  NaphCare responded with a privilege log stating that "[a]ll in custody death reviews are done at the direction of responding party's counsel and all meetings are attended by counsel.  Plaintiffs have requested a more detailed privilege log listing the withheld documents, which it has not received, and further objects to the withholding of these documents.  NaphCare agrees to provide a more detailed privilege log and is in the process of drafting said log.

**(3) One sentence describing each party's position**

Plaintiffs' position:  NaphCare's delay and untimely objections to producing all responsive documents, which in turn has delayed the scheduling of a critical deposition, is harming Plaintiffs' ability to prosecute their claims; NaphCare can produce unredacted copies of records as it has already agreed to the HIPAA-qualified protective order entered in this case.

NaphCare's position:  NaphCare objects to producing unredacted documents which contain private patient health information without an ability to determine if the patient is a class member, and objects to producing documents related to its internal Corporate-level in-custody death reviews based on applicable privileges, including attorney work-product and attorney-client privileges.  NaphCare timely asserted objections and privileges pursuant to a stipulation of the parties reached in September of 2023 that in lieu of a motion to quash NaphCare may assert objections/privileges to the requests for production.

Priyah Kaul
Associate Attorney



101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Thursday, December 14, 2023 2:01 PM
**To:** Priyah Kaul <pkaul@rbgg.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

[EXTERNAL MESSAGE NOTICE]

Good afternoon-

Below is our proposed version to chambers.  I think we need to include County Counsel on this.

To the Chambers of Judge Leshner:

Ex. K-332

We represent the Plaintiffs in *Dunsmore et al. v County of San Diego et al.*, Case No. 3:20-cv-00406-AJB-DDL.  A dispute has arisen between Plaintiffs and non-party NaphCare of San Diego LLC ("NaphCare") regarding NaphCare's responses to Plaintiffs' subpoenas for the production of documents and deposition testimony.  After attempting to meet and confer, we would like to request a conference with the Court pursuant to Chambers Rule III(C).  Please see below for additional information as required under the Rule.

**(1) Proposed times mutually agreed upon by the parties for the conference**

December 19, 2023, 9:00 am to 10 am or 11:30 am to 5 pm
[We have another discovery conference before Judge Leshner on December 20, and I anticipate he may not have time for this as well.  Do you have any availability at all on December 18?  If not, do you have availability on December 21?]

If the above times do not work for the Court, please let us know, and we will propose additional mutually agreed upon dates and times.

**(2) Neutral statement of the dispute**

On August 10, 2023, Plaintiffs served NaphCare with a subpoena for the production of documents by September 8, 2023 related to NaphCare's contract, employees, policies, procedures, and provision of health care services in the Jail; as well as a deposition subpoena noticing a deposition for September 20, 2023.   On August 31, 2023, Plaintiffs agreed to extend the time for NaphCare to produce documents to September 22, 2023, and agreed to push back the deposition to a mutually-agreeable date in late September or early October.  To facilitate the production, on September 21, 2023, the parties and NaphCare filed a joint motion seeking to amend the protective order in the case to incorporate NaphCare.  Dkt. 397.  The Court entered the amended stipulated protective order on September 27, 2023. Dkt. 400.  On September 29, 2023, in response to Plaintiffs' 87 document requests, NaphCare produced approximately 60 documents, totaling 15,428 pages.   Pursuant to a stipulation of the parties, on October 2, 2023, NaphCare served written responses to the document subpoena.

Plaintiffs challenged the completeness and adequacy of the production and responses while attempting to clarify the scope and meaning of the requests, and Plaintiffs and NaphCare continued to meet-and-confer in an effort to resolve their outstanding disputes.  On November 16, 2023, NaphCare provided Plaintiffs with a supplemental production consisting of four documents. On December 13, 2023 NaphCare provided Plaintiffs with a supplemental production consisting of eight documents.  The total production to date consists of 16,624 pages.  Plaintiffs and NaphCare are now at an impasse on the following issues:

- Plaintiffs object to the completeness of NaphCare's responses to the majority of Plaintiffs' document requests.  NaphCare does not object to supplementing its productions  however, Plaintiffs and NaphCare are at a dispute regarding the timing and scope of the supplemental production.
- NaphCare objects on patient privacy grounds to producing unredacted documents with the names and booking numbers of incarcerated persons that were produced by NaphCare prior to this Court's class certification Order, due to the inability to determine if the persons are Class members.
- NaphCare objects on privilege grounds to the production of its internal Corporate-level in-custody death records.  NaphCare responded with a privilege log.  Plaintiffs have requested a more detailed privilege log listing the withheld documents, which it has not received, and further objects to the withholding of these documents.  NaphCare agrees to provide a more detailed privilege log and is in the process of drafting said log.

**(3) One sentence describing each party's position**

Plaintiffs' position:  NaphCare's delay in producing all responsive documents in unredacted form, which in turn has delayed the scheduling of a critical deposition, is harming Plaintiffs' ability to prosecute their claims.

NaphCare's position:  NaphCare objects to producing unredacted documents which contain private patient health information without an ability to determine if the patient is a class member, and objects to producing documents related to its internal Corporate-level in-custody death reviews based on applicable privileges, including attorney work-product and attorney-client privileges.

**Ex. K-333**

**G. Craig Smith**
Partner



695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Thursday, December 14, 2023 11:34 AM
**To:** 'Priyah Kaul' <pkaul@rbgg.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

Good morning-

Our ETA is 2:30 p.m.  My client is reviewing and is tied up in meetings until 2:00 p.m.  Thank you for your patience.  We will be able to forward midafternoon to chambers.

**G. Craig Smith**
Partner



695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Thursday, December 14, 2023 11:31 AM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>

Ex. K-334

**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

Craig, checking in on this.  Do you have an ETA on your response?  Thanks.

Priyah Kaul
Associate Attorney



101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Wednesday, December 13, 2023 12:53 PM
**To:** Priyah Kaul <pkaul@rbgg.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** Re: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

[EXTERNAL MESSAGE NOTICE]

Good afternoon-

I will review and work on our edits/additions and attempt to get this to you this afternoon but have a 1:30 pm appointment.

G. Craig Smith, Esq.
Dictated from I-phone.  Thus, please excuse minor grammatical errors or misspellings.

Confidentiality-this message is intended for the review by only the recipients to the message and may contain attorney client confidential communications.  If this message was sent to you in error please immediately notify the sender and delete the message.

**G. Craig Smith**
Partner



695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

**Ex. K-335**

▌ Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged.
The information transmitted in or with this message is intended only for the person or entity to which it is addressed and
may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the
intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are
hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in
reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us
immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod,
Ramirez, Trester, LLP

On Dec 13, 2023, at 11:58 AM, Priyah Kaul <pkaul@rbgg.com> wrote:

Hi Craig,

Per our conversation yesterday, please see below for a draft email to the Court to initiate an IDC.  We
would appreciate if you could provide your edits and inserts as soon as possible so that we can send this
to the Court today.  For your reference, Magistrate Judge Leshner's chambers rules, which describe his
process for handling discovery disputes, are located here:
https://www.casd.uscourts.gov/judges/leshner/docs/Leshner%20Chambers%20Rules.pdf.

Also, as discussed, I've attached the Court's order on the parties' joint motion regarding the production
of documents covered by the protective order.  Note that it states that the protective order in this case
constitutes a "qualified protective order" under HIPAA and "is adequate to protect from public
disclosure private information of incarcerated people."

I'm available to discuss by phone today if needed.  Thanks.

***

To the Chambers of Judge Leshner:

We represent the Plaintiffs in *Dunsmore et al. v County of San Diego et al.*, Case No. 3:20-cv-00406-
AJB-DDL.  A dispute has arisen between Plaintiffs and third-party NaphCare of San Diego LLC
("NaphCare") regarding NaphCare's responses to Plaintiffs' subpoenas for the production of documents
and deposition testimony.  After attempting to meet and confer, we would like to request a conference
with the Court pursuant to Chambers Rule III(C).  Please see below for additional information as
required under the Rule.

**(1) Proposed times mutually agreed upon by the parties for the conference**

December 19, 2023, 9:00 am to 10 am or 11:30am to 5 pm
==[We have another discovery conference before Judge Leshner on December 20, and I anticipate he may
not have time for this as well.  Do you have any availability at all on December 18?  If not, do you have
availability on December 21?]==

If the above times do not work for the Court, please let us know, and we will propose additional
mutually agreed upon dates and times.

**(2) Neutral statement of the dispute**

On August 10, 2023, Plaintiffs served NaphCare with a subpoena for the production of documents
related to NaphCare's provision of health care services in the Jail, as well as a deposition subpoena
noticing a deposition for September 20, 2023.  NaphCare did not timely object.  On August 31, 2023,
Plaintiffs agreed to extend the time for NaphCare to produce documents to September 22, 2023, and
agreed to push back the deposition to a mutually-agreeable date in late September or early October.  To
facilitate the production, on September 21, 2023, the parties and NaphCare filed a joint motion seeking
to amend the protective order in the case to incorporate NaphCare.  Dkt. 397.  The Court entered the
amended stipulated protective order on September 27, 2023.  Dkt. 400.  On September 29, 2023, in
response to Plaintiffs' 87 document requests, NaphCare produced approximately 60 documents.  On
October 2, 2023, NaphCare served written responses to the document subpoena.  Plaintiffs challenged
the completeness and adequacy of the production and responses, and Plaintiffs and NaphCare continued

to meet-and-confer in an effort to resolve their outstanding disputes.  On November 16, 2023, NaphCare provided Plaintiffs with a supplemental production consisting of four documents.  Plaintiffs and NaphCare are now at an impasse on the following issues:

1. Plaintiffs object to the completeness of NaphCare's responses to the majority of Plaintiffs' document requests.  NaphCare does not object to supplementing its productions with all documents responsive to the requests, however, Plaintiffs and NaphCare are at a dispute regarding the timing of the supplemental production.
2. NaphCare objects on privacy grounds to producing documents with the names and booking numbers of incarcerated persons unredacted, however, may be amenable to doing so should the Court issue an order covering NaphCare similar to the Order Regarding Production of Documents and Responses to Interrogatories Subject to Protective Order, *see* Dkt. 443.
3. NaphCare objects on privilege grounds to the production of in-custody death records.  Plaintiffs have requested a detailed privilege log listing the withheld documents, which it has not received, and further objects to the withholding of these documents.

**(3) One sentence describing each party's position**

Plaintiffs' position:  NaphCare's delay in producing all responsive documents in unredacted form, which in turn has delayed the scheduling of a critical deposition, is harming Plaintiffs' ability to prosecute their claims.

Defendants' position:  [INSERT]


Priyah Kaul
Associate Attorney


<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** Priyah Kaul
**Sent:** Monday, December 4, 2023 2:31 PM
**To:** 'G. Craig Smith' <Craig.Smith@manningkass.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; 'Eugene P. Ramirez'
<Eugene.Ramirez@manningkass.com>; 'Mark R. Wilson' <Mark.Wilson@manningkass.com>; 'Angela
Thompson' <Angela.Thompson@manningkass.com>; 'Julie Contreras'
<Julie.Contreras@manningkass.com>; 'Holly Thomas' <Holly.Thomas@manningkass.com>; 'Robert E.
Murphy' <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief
Extension re Pleading Response

Craig, further to the below email, can you please provide us with additional deposition dates for the
week of 12/18?  Thank you.

Priyah Kaul
Associate Attorney


<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105

(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** Priyah Kaul
**Sent:** Wednesday, November 29, 2023 12:41 PM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez
<Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela
Thompson <Angela.Thompson@manningkass.com>; Julie Contreras
<Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E.
Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief
Extension re Pleading Response

Craig,

Per my voicemail yesterday, we are still awaiting substantive responses on the many issues raised in my
prior emails and on our calls.  It has now been approximately four months since we served the
subpoena, and approximately three months that we have been attempting to meet and confer to
resolve issues informally.  At this point, it seems that we are either unable to make meaningful progress
or at an impasse on many of the document requests.  We therefore request that you please all
responsive documents, including all documents discussed in the emails below, by no later than
**December 13** (two weeks from today).  If there are outstanding issues after this date, we intend to raise
them with the Court.

Please let me know if you'd like to discuss by phone.  Thanks.

Priyah Kaul
Associate Attorney

<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** Priyah Kaul
**Sent:** Friday, November 17, 2023 5:03 PM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez
<Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela
Thompson <Angela.Thompson@manningkass.com>; Julie Contreras
<Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E.
Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief
Extension re Pleading Response

Craig,

Thanks for the call today and for the supplemental production.

**Ex. K-338**

As discussed, the supplemental production does not completely resolve issues #1, 3, and 5 in my email. While we appreciate the more user-friendly versions of certain of the documents, we maintain our request that you produce unredacted, native (excel) versions of the following documents identified by their beginning Bates numbers:

1. NAPHCARE002024 ("Redacted Sick Calls")
2. NAPCARE013138 ("Dental Appointments Report")
3. NAPHCARE012742 ("San Diego Full Report")
4. NAPHCARE012715 ("San Diego NaphCare Roster")
5. NAPHCARE009915 ("Time Detail Report")
6. NAPHCARE015478 ("Dental Extractions")

With respect to redactions, attached is the Court's order appointing my firm as class counsel; class member information need not be redacted from the documents now that they officially are our clients. Further, as to the "Naphcare Master Staff Roster" produced at NAPHCARE015963, what time period does this cover?

During the call, I also clarified that as to issues #2, 4, 5, and 7 in my email, we have attempted to provide you with as much information as possible about the kinds of documents we anticipate exist but have not yet been produced. Our follow-up questions and comments are not intended to be an exhaustive list of responsive documents. On #2 for example, we are not asking for numbers of patients treated in specialty mental health units only; RFPs 33-42 request various documents relating to patients with mental disorders or receiving mental health care in the Jail. We ask that you take another look at the RFPs and produce all responsive documents.

Otherwise, please provide responses regarding the other issues identified in my last email. We would like to square away all outstanding document issues ASAP and proceed with the deposition the week of December 11. Look forward to your updates when we speak on Tuesday afternoon. Thanks.


Priyah Kaul
Associate Attorney


<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Thursday, November 16, 2023 1:42 PM
**To:** Priyah Kaul <pkaul@rbgg.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

[EXTERNAL MESSAGE NOTICE]

Good afternoon-

**Ex. K-339**

I would like to provide you with the supplemental. This supplemental production includes the dental extraction records; discipline record; and should address 1; 3 and 5 below by providing user friendly staff rosters and time details.

I am available to discuss these issues further tomorrow.

Best Regards,

**G. Craig Smith**
Partner

<image002.jpg>

695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Wednesday, November 15, 2023 2:42 PM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

Hi Craig,

I am writing to follow up on a number of outstanding issues related to the subpoena.  Please see below, and let me know if you have time for a call this week to discuss; given how much there is to resolve, we think it's important that we speak before the Thanksgiving holiday.

First, we haven't received any supplemental productions or any additional information as promised since your last email.  Please advise as soon as possible on the timeline for this.

Second, below are responses in light blue to the points raised in your email:

1. agreed to provide us with an excel version of the sick call chart. Can you provide the same for the dental appointment chart at Index No. 37 and the report at Index. No 59? I misspoke about being able to provide an excel version as we have been unable to redact the personal identifiers in excel, i.e. the patient/inmate names.  The pdf versions are complete and searchable.  I am working with my paralegal to determine if we can complete redactions within excel but so far have not had any success with this.  To be clear, we requested that these records be produced in native.  To the extent that means excel, in our experience, a document like the sick call spreadsheet can be redacted in excel.  Separately, the format of production for the documents beginning at NAPHCARE012742 ("San Diego Full Report"), NAPHCARE012715 ("San Diego NaphCare

**Ex. K-340**

Roster"), and NAPHCARE009915 ("Time Detail Report") are not workable. Specifically, for each of these spreadsheets, not all columns appear on a single page. This means that, for example, that the first row of the spreadsheet often continues hundreds of pages later. Happy to discuss by phone how to correct the formatting so they can be reproduced.

2. RFP 33: This and several other requests ask for documents relating to the housing of incarcerated people with mental disorders. Your responses generally state that you do not have responsive documents. Does your response also mean NaphCare does not have any documents regarding the number of patients it treats in each of the specialty mental health units at the Jail? Naphcare does not have documents that reflect the number of patients treated per housing unit. Understood. However, this and the other requests that seek documents relating to the housing of incarcerated people with mental disorders are broad: they seek documents like, for example, forms, assessments, and evaluations used to determine housing placement for people with mental disorders, lists of incarcerated people scheduled to be seen in specialty mental health units on a particular day, memoranda or presentations provided to staff regarding mental health unit placements, data on mental health unit placements, meeting minutes and agendas regarding the provision of mental health care, and suicide prevention information related to housing. Thus far, your client, which is charged with providing mental health care in the Jail, has produced almost no documents related to the provision of mental health care in the Jail. I'm happy to discuss by phone so that we can determine what may exist that should be produced.

3. RFP 45: How are extractions documented? Presumably some of the dental appointments listed in the chart at Index No. 37 resulted in extractions. Can that type of information be produced by whatever system was used to create the dental appointments chart? Extractions are documented within the patient's chart. However, we have a list of extractions for 2023 that we are bates stamping and will be sending as a supplemental production. We look forward to receiving these documents promptly.

4. RFPs 52, 53, 54, 67, 71: Your response cites employee time details. Which employees are covered by the time details? If it is everyone who works in the Jail, as you mentioned it might be, we likely have the data we need to extrapolate the requested information. But if not, and these are time details for a subset of all employees, we suggest we continue to meet and confer regarding what other responsive information may exist. For example, is there an employee schedule that would provide information about how many days per week NaphCare employees in certain positions are present at the Jail? The County/NaphCare contract contains exhibits with staffing charts; our request encompasses documents showing whether the staffing matrix reflects actual staffing in the Jail. The time details covers NaphCare employees and contractors working at the SD facilities only. However, Naphcare is researching whether there exists any additional responsive records. We look forward to receiving additional responsive documents promptly.

5. RFP 66: Your response cites a San Diego/NaphCare roster. Can you confirm these are all NaphCare employees who have worked at the Jail during the relevant period? Further, the response does not seem complete. We would anticipate there may be information in NaphCare's possession regarding vacant positions, plans to hire, and understaffing in the Jail, which would be responsive to this request regarding "staffing plans." We produced both the time detail reports and the roster. These two documents are not responsive to the issues of vacancies, hiring plans, and understaffing. Please produce such responsive documents as soon as possible. Let me know if we need to meet and confer further as to this outstanding request.

6. RFP 72: Your response cites a San Diego/NaphCare roster, but this does not seem complete. We requested NaphCare's organizational charts. The roster does not clearly convey the chain of command, which is relevant to our claims in the case. Please produce the requested organizational charts. We don't have one an organization chart. The Contract does reference a chain of command. If no organization charts exist, can you please provide job descriptions for each position held by a NaphCare employee at the Jail?

7. RPF 85: Your response states that you do not have documents relating to monitoring and/or auditing of health care provided to incarcerated persons. But in our experience, typically after a death or serious health care incident, the incident is reviewed by health care providers. Please

provide any responsive documents regarding these types of reviews, whether they be memoranda, meeting notes, directives, corrective action, or messages from leadership or management. Naphcare does not have any further audit records. There exists only privileged records regarding in house death review. Naphcare does not participate in death reviews with the County. I am working with Naphcare to obtain more information about this process that supports Naphcare's claim of attorney/client privilege. With respect to death reviews, see our response to #8 below. With respect to other monitoring and/or auditing documents, we expect other documents exist, in part due to the many references to monitoring and auditing in the NaphCare contract. Please see the list at the bottom of this email.

8.  In-custody death reviews: We object to the withholding of these documents. That reviews may be "at the direction of counsel" or meetings may be "attended by counsel" cannot be used to shield these documents from disclosure. Death reviews are a medical function, and they are highly relevant to this case. We also have a protective order in place to limit the further disclosure of the records. Can you provide us with additional information about the nature of any reviews performed by NaphCare, including when they are done, who is involved, and any policies/procedures describing how they are conducted, so that we may determine whether we would agree to any limitation or need to raise the issue with the Court? Death reviews are privileged and conducted with and at the direction of Naphcare's chief legal officer in anticipation of potential litigation. There are no non-privileged documents. Again, I am working with Naphcare to provide a narrative as to the process that supports the privilege and would be included in a declaration should we have to get the Magistrate Judge involved. Please provide us with this narrative as soon as possible so that we can meet and confer regarding next steps. Please include in it a discussion of whether you are contending that the morbidity and mortality reviews discussed at NAPHCARE000616-618 are privileged. Note these reviews are supposed to be conducted pursuant to contract, and there is no discussion of legal. Also note that the Magistrate Judge already ordered that Defendants produce death records in their possession over their objections. We also request a detailed privilege log listing the withheld documents. That log should list the full identity of any withheld document including: i. the nature of the document (e.g., letter, memorandum, etc.); ii. date of the document; iii. its title (if any); iv. its authors, addressees, recipients, or parties; v. the identity of any other individuals to whom the document was disseminated and their relationship to Naphcare; vi. whether the document includes any attachments and, if so, a description of the attachments; and vii. its present location and identity of its custodian.

9.  Training materials: We agreed to continue to discuss potentially limiting this request. We will get back to you with a proposal for limits. The materials should be able to be produced pursuant to the protective order as well. We will continue to meet and confer, but in order to propose limits, we need the document beginning at NAPHCARE012742 to be produced in a usable format as discussed above.

10. Non-Health Care Related Disciplinary Records: We propose that responsive records be produced with staff names redacted. Please confirm if you are amenable to this approach." NaphCare agrees to redact the staff name within the disciplinary record and produce it. We look forward to receiving these documents promptly.

Third, your email did not respond to one issue I previously raised. As to RFP 2, your response cites the requests for proposals/addendums that were produced, which are not consecutively numbered. Can you confirm that you have produced all responsive documents? Further, the request seeks all documents related to contract negotiations, and other than the proposals/addendums, you have produced emails in which individuals are simply distributing policies. Please produce any other documents, including communications, relating to negotiations of contract terms.

Fourth, we want to follow up on a number of documents and information referenced in the contract between NaphCare and the County. As you can see below, there are a significant number of documents referenced that are responsive to our requests but have not been produced. We request that you produce these documents as soon as possible.

Ex. K-342

1. NAPHCARE000565: refers to "automated processes" and "protocols … integrated into the TechCare system at all facilities."  Please produce screenshots or printouts of these screens in TechCare that "guide nurses through a course of care."

2. NAPHCARE000566: states that the parties will "meet and negotiate appropriate staffing and compensation to meet the needs of the County …. Current pricing and staffing do not encompass any staffing or services provided at RMDF at this time."  Please produce any documents related to negotiations of staffing and compensation, including for Rock Mountain.

3. NAPHCARE000568: refers to "annual health assessments" and "transfer screening process."  Please produce any related forms and documents.  Note that RFP 58 requests all documents regarding health care for incarcerated people who were referred for outside care.  No responsive documents were produced other than the health care policies.  Given the contract language, please re-evaluate your response to this RFP and produce all responsive documents.

4. NAPHCARE000569: states that patients are provided "educational information" and a "comprehensive packet" related to discharge.  It also refers to a "Release/Discharge Summary screen" in TechCare.  Please produce these materials provided to patients, as well as screenshots of the relevant TechCare screen.

5. NAPHCARE000570: refers to "screening and comprehensive mental health assessments."  Please produce these.

6. NAPHCARE000572: states "Contractor and SDSD Staff shall develop a Suicide Prevention Plan consistent with NCCHC standards."  Please produce this plan.

7. NAPHCARE000579: refers to "Dental Screening and Hygiene Examination Dental Assessments for patients who request dental services for urgent/emergent needs."  Please produce these screening and assessment forms.

8. NAPHCARE000593: states that "[a] committee shall be established" as part of the "Continuous Quality Improvement (CQI) program."  "Findings from this committee shall be reported to SDSD management following each meeting."  Please produce documentation of these findings.

9. NAPHCARE000594: states NaphCare will conduct "chart reviews," with "[r]esults/findings to be discussed and shared with SDSD in a protected forum."  Please produce documentation of these findings.

10. NAPHCARE000594: states NaphCare will institute a "Medical Audit Committee" that "shall keep meeting minutes and distribute them with an agenda prior to all meetings."  Please produce all meeting minutes and agendas, as well as any "reports … submitted to all committee members."  Further, in response to RFP 6, you wrote that NaphCare "does not maintain minutes relating to meetings."  Given the terms of the contract, we request that you please re-evaluate your response to this RFP and produce all responsive meeting minutes.

11. NAPHCARE000594: states that NaphCare will conduct quarterly medical audits to include: Chart Reviews, Occurrence Screens, Indicator-Driven Reviews, Drug Usage Evaluations, Morbidity and Mortality Review.  Please produce these audits.

12. NAPHCARE000595: states that the Continuous Quality Improvement Program will be comprised of Process Quality Improvement Study and Outcome Quality Improvement Study.  Please produce any reports from these studies.

13. NAPHCARE000597: states NaphCare "shall work in collaboration with the SDSD to develop and implement key metrics and performance indicators" including  "timeliness of care," "triage response time," specialty referral response time," "chronic care management," "preventative care," "grievance types and response types," "suicide and self-harm," "behavioral health ED send outs," "medication errors," "infectious disease," and "health care compliance."  Please produce documentation of these metrics and indicators.

14. NAPHCARE000597: refers to "quality assurance studies," "contract compliance reports," "health assessments," "yearly evaluations," and "detoxification numbers," among other "key metrics and performance indicators."  Please produce these documents.

15. NAPHCARE000598: refers to "standard management reports" showing the status of "workload, productivity, and patient activity at each facility."  It goes on to state that the reports will be "aggregated to form monthly, quarterly, and annual reports that clearly show trends and drive

decision making." Please produce the monthly, quarterly, and annual reports for the relevant period.

16. NAPHCARE000599: states that "SDSD can build reports within TechCare…." It provides examples of reports that may be generated, including as to "sick call trends and issues" and "timely completion of sick calls." Your production included only one TechCare report (NAPHCARE009850). Please provide us with information about what reports can be built by the Sheriff's Department within TechCare. If any were generated during the relevant period, please produce them.

17. NAPHCARE000608: shows an "on site digital x-ray service clinic schedule." Please provide this type of schedule for all other positions at the Jail other than "x-ray service[s]."

18. NAPHCARE000609: refers to "complete statistical reports" that must be generated by NaphCare. Please produce any such reports.

19. NAPHCARE000611-612: refers to coordination and communication between NaphCare and the Sheriff's Department, including "Service Delivery Meetings with tangible metrics and clear follow-up action items" and "regular Multidisciplinary Collaboration Team (MCT) meetings," for example. Please produce any agendas, meeting minutes, or other follow-up documentation from meetings referenced in these pages.

Finally, what dates are you available the week of December 11 for the deposition? I think we will need the extra time to resolve all document issues, including the ones set forth below. Please also provide us with the name and title of the deponent as discussed.

Priyah Kaul
Associate Attorney

<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Thursday, November 2, 2023 11:41 AM
**To:** Priyah Kaul <pkaul@rbgg.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

[EXTERNAL MESSAGE NOTICE]

Good morning-

Below is our substantive response to the issues you have raised.

1. agreed to provide us with an excel version of the sick call chart. Can you provide the same for the dental appointment chart at Index No. 37 and the report at Index. No 59? I misspoke about being able to provide an excel version as we have been unable to redact the personal identifiers in excel, i.e. the patient/inmate names. The pdf versions are complete and searchable. I am working with my paralegal to determine if we can complete redactions

Ex. K-344

within excel but so far have not had any success with this.

2. RFP 33: This and several other requests ask for documents relating to the housing of incarcerated people with mental disorders. Your responses generally state that you do not have responsive documents. Does your response also mean NaphCare does not have any documents regarding the number of patients it treats in each of the specialty mental health units at the Jail? Napcare does not have documents that reflect the number of patients treated per housing unit.

3. RFP 45: How are extractions documented? Presumably some of the dental appointments listed in the chart at Index No. 37 resulted in extractions. Can that type of information be produced by whatever system was used to create the dental appointments chart? Extractions are documented within the patient's chart. However, we have a list of extractions for 2023 that we are bates stamping and will be sending as a supplemental production.

4. RFPs 52, 53, 54, 67, 71: Your response cites employee time details. Which employees are covered by the time details? If it is everyone who works in the Jail, as you mentioned it might be, we likely have the data we need to extrapolate the requested information. But if not, and these are time details for a subset of all employees, we suggest we continue to meet and confer regarding what other responsive information may exist. For example, is there an employee schedule that would provide information about how many days per week NaphCare employees in certain positions are present at the Jail? The County/NaphCare contract contains exhibits with staffing charts; our request encompasses documents showing whether the staffing matrix reflects actual staffing in the Jail. The time details covers NaphCare employees and contractors working at the SD facilities only. However, Naphcare is researching whether there exists any additional responsive records.

5. RFP 66: Your response cites a San Diego/NaphCare roster. Can you confirm these are all NaphCare employees who have worked at the Jail during the relevant period? Further, the response does not seem complete. We would anticipate there may be information in NaphCare's possession regarding vacant positions, plans to hire, and understaffing in the Jail, which would be responsive to this request regarding "staffing plans." We produced both the time detail reports and the roster.

6. RFP 72: Your response cites a San Diego/NaphCare roster, but this does not seem complete. We requested NaphCare's organizational charts. The roster does not clearly convey the chain of command, which is relevant to our claims in the case. Please produce the requested organizational charts. We don't have one an organization chart. The Contract does reference a chain of command.

7. RPF 85: Your response states that you do not have documents relating to monitoring and/or auditing of health care provided to incarcerated persons. But in our experience, typically after a death or serious health care incident, the incident is reviewed by health care providers. Please provide any responsive documents regarding these types of reviews, whether they be memoranda, meeting notes, directives, corrective action, or messages from leadership or management. Naphcare does not have any further audit records. There exists only privileged records regarding in house death review. Naphcare does not participate in death reviews with the County. I am working with Naphcare to obtain more information about this process that supports Naphcare's claim of attorney/client privilege.

We also propose the parties continue to meet-and-confer regarding the following categories of documents listed in your privilege log:

8. In-custody death reviews: We object to the withholding of these documents. That reviews may be "at the direction of counsel" or meetings may be "attended by counsel" cannot be used to shield these documents from disclosure. Death reviews are a medical function, and they are highly relevant to this case. We also have a protective order in place to limit the further disclosure of the records. Can you provide us with additional information about the nature of any reviews performed by NaphCare, including when they are done, who is involved, and any policies/procedures describing how they are conducted, so that we may

determine whether we would agree to any limitation or need to raise the issue with the Court?  Death reviews are privileged and conducted with and at the direction of Naphcare's chief legal officer in anticipation of potential litigation.  There are no non-privileged documents.  Again, I am working with Naphcare to provide a narrative as to the process that supports the privilege and would be included in a declaration should we have to get the Magistrate Judge involved.

9.  Training materials: We agreed to continue to discuss potentially limiting this request. We will get back to you with a proposal for limits. The materials should be able to be produced pursuant to the protective order as well.

10.  Non-Health Care Related Disciplinary Records: We propose that responsive records be produced with staff names redacted. Please confirm if you are amenable to this approach." NaphCare agrees to redact the staff name within the disciplinary record and produce it.

I hope to have the supplemental production regarding the extractions to you today.  NaphCare is working on compiling the disciplinary record(s) and is researching issue no. 4 but does not believe there exists any further records.

With respect to deposition dates we are available on December 6 and 7 and have some availability for the following week.

Best Regards,

**G. Craig Smith**
Partner

<image003.jpg>

695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Thursday, November 2, 2023 10:09 AM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

Thank you.

**Ex. K-346**

Priyah Kaul
Associate Attorney

<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Thursday, November 2, 2023 9:55 AM
**To:** Priyah Kaul <pkaul@rbgg.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez
<Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela
Thompson <Angela.Thompson@manningkass.com>; Julie Contreras
<Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E.
Murphy <Robert.Murphy@manningkass.com>
**Subject:** Re: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief
Extension re Pleading Response

[EXTERNAL MESSAGE NOTICE]

I will be sending the response to you today and have a supplemental production to go with it that I was
waiting on being bates stamped.  Sorry for the short delay.

G. Craig Smith, Esq.
Dictated from I-phone.  Thus, please excuse minor grammatical errors or misspellings.

Confidentiality-this message is intended for the review by only the recipients to the message and may
contain attorney client confidential communications.  If this message was sent to you in error please
immediately notify the sender and delete the message.

**G. Craig Smith**
Partner

<image004.jpg>

695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged.
The information transmitted in or with this message is intended only for the person or entity to which it is addressed and
may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the
intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are
hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in
reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us
immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod,
Ramirez, Trester, LLP

On Nov 2, 2023, at 9:39 AM, Priyah Kaul <pkaul@rbgg.com> wrote:

**Ex. K-347**

Hi Craig – When can we expect to receive substantive responses to my October 9 email and proposed deposition dates for early December?  Let me know if it would be helpful to discuss by phone, as we were expecting to receive that information yesterday.  Thanks.

Priyah Kaul
Associate Attorney

<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Wednesday, October 25, 2023 2:56 PM
**To:** Priyah Kaul <pkaul@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

[EXTERNAL MESSAGE NOTICE]

Additionally, we can touch base by phone later this afternoon if that works for you.  I am also available Friday.

**G. Craig Smith**
Partner

<image002.jpg>

695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

---

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Wednesday, October 25, 2023 2:41 PM
**To:** 'Priyah Kaul' <pkaul@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras

Ex. K-348

<Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>;
Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for
Brief Extension re Pleading Response

Hi Priyah-

I have a meeting with my clients scheduled for today at 3:00 p.m. and expect to have
deposition dates for your shortly thereafter.


**G. Craig Smith**
Partner

<image003.jpg>

695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged.
The information transmitted in or with this message is intended only for the person or entity to which it is addressed and
may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the
intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are
hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in
reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us
immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod,
Ramirez, Trester, LLP

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Wednesday, October 25, 2023 2:40 PM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>; Van Swearingen
<VSwearingen@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson
<Mark.Wilson@manningkass.com>; Angela Thompson
<Angela.Thompson@manningkass.com>; Julie Contreras
<Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>;
Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for
Brief Extension re Pleading Response

Hi Craig,

Following up on the emails below and my earlier voicemail, please let me know when you
available for a call.  We hope that we can continue to work together cooperatively to
resolve the outstanding issues, and I think touching base by phone would be helpful to
keep the meet-and-confers moving in the right direction.  Thanks.

Priyah Kaul
Associate Attorney


<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105

**Ex. K-349**

(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** Priyah Kaul
**Sent:** Thursday, October 19, 2023 1:37 PM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>; Van Swearingen
<VSwearingen@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson
<Mark.Wilson@manningkass.com>; Angela Thompson
<Angela.Thompson@manningkass.com>; Julie Contreras
<Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>;
Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for
Brief Extension re Pleading Response

Thanks for the update.  Please let us know as soon as possible when you have more
information about the deposition and documents.

Priyah Kaul
Associate Attorney

<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Thursday, October 19, 2023 1:16 PM
**To:** Priyah Kaul <pkaul@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson
<Mark.Wilson@manningkass.com>; Angela Thompson
<Angela.Thompson@manningkass.com>; Julie Contreras
<Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>;
Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for
Brief Extension re Pleading Response

[EXTERNAL MESSAGE NOTICE]

Hi Priyah-

I just received your voice mail.  I am working on getting available dates for the PMK
deposition and forwarded the correspondence you sent to Naphcare.  They are going over
it and we will be meeting again to discuss.

Best Regards,

**G. Craig Smith**
Partner
<image004.jpg>

Ex. K-350

695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Tuesday, October 17, 2023 10:05 AM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

Hi Craig – Following up on the below.  Please advise as soon as you can.  Thanks.

Priyah Kaul
Associate Attorney

<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Friday, October 13, 2023 8:28 AM
**To:** Priyah Kaul <pkaul@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

[EXTERNAL MESSAGE NOTICE]

Good morning-

I will attempt to get a you some firm dates today.

**Ex. K-351**

**G. Craig Smith**
Partner

<image003.jpg>

695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Thursday, October 12, 2023 7:43 PM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

Hi Craig – Checking in to see if you have any updates on the issues raised below. Are you able to provide proposed deposition dates?

Thanks,

Priyah Kaul
Associate Attorney


<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

**From:** Priyah Kaul
**Sent:** Monday, October 9, 2023 8:40 PM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>

**Ex. K-352**

**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response

Craig,

Thanks for the call on Friday.

With respect to depositions, to confirm, your client has identified a witness who they believe can cover all topics in the notice. You will provide us with his name, title, and specific dates the witness/you are available for the deposition this week, with the goal of completing the deposition in the last week of October. The deposition will take place at the noticed address, which is the San Diego office of our co-counsel, DLA Piper. If there is an issue with the witness not being prepared to testify about all topics, we will meet and confer about it.

We also discussed NaphCare's document production. As I flagged on the call, based on our review thus far, we have the following questions and issues regarding the production:

1. RFP 2: Your response cites the requests for proposals/addendums that were produced, which are not consecutively numbered. Can you confirm that you have produced all responsive documents?
2. RFP 11: You agreed to provide us with an excel version of the sick call chart. Can you provide the same for the dental appointment chart at Index No. 37 and the report at Index. No 59?
3. RFP 33: This and several other requests ask for documents relating to the housing of incarcerated people with mental disorders. Your responses generally state that you do not have responsive documents. Does your response also mean NaphCare does not have any documents regarding the number of patients it treats in each of the specialty mental health units at the Jail?
4. RFP 45: How are extractions documented? Presumably some of the dental appointments listed in the chart at Index No. 37 resulted in extractions. Can that type of information be produced by whatever system was used to create the dental appointments chart?
5. RFPs 52, 53, 54, 67, 71: Your response cites employee time details. Which employees are covered by the time details? If it is everyone who works in the Jail, as you mentioned it might be, we likely have the data we need to extrapolate the requested information. But if not, and these are time details for a subset of all employees, we suggest we continue to meet and confer regarding what other responsive information may exist. For example, is there an employee schedule that would provide information about how many days per week NaphCare employees in certain positions are present at the Jail? The County/NaphCare contract contains exhibits with staffing charts; our request encompasses documents showing whether the staffing matrix reflects actual staffing in the Jail.
6. RFP 66: Your response cites a San Diego/NaphCare roster. Can you confirm these are all NaphCare employees who have worked at the Jail during the relevant period? Further, the response does not seem complete. We would anticipate there may be information in NaphCare's possession regarding vacant positions, plans to hire, and understaffing in the Jail, which would be responsive to this request regarding "staffing plans."
7. RFP 72: Your response cites a San Diego/NaphCare roster, but this does not seem complete. We requested NaphCare's organizational charts. The roster does not clearly convey the chain of command, which is relevant to our claims in the case. Please produce the requested organizational charts.
8. RPF 85: Your response states that you do not have documents relating to monitoring

**Ex. K-353**

and/or auditing of health care provided to incarcerated persons. But in our experience, typically after a death or serious health care incident, the incident is reviewed by health care providers. Please provide any responsive documents regarding these types of reviews, whether they be memoranda, meeting notes, directives, corrective action, or messages from leadership or management.

We also propose the parties continue to meet-and-confer regarding the following categories of documents listed in your privilege log:

9.  In-custody death reviews: We object to the withholding of these documents. That reviews may be "at the direction of counsel" or meetings may be "attended by counsel" cannot be used to shield these documents from disclosure. Death reviews are a medical function, and they are highly relevant to this case. We also have a protective order in place to limit the further disclosure of the records. Can you provide us with additional information about the nature of any reviews performed by NaphCare, including when they are done, who is involved, and any policies/procedures describing how they are conducted, so that we may determine whether we would agree to any limitation or need to raise the issue with the Court?

10. Training materials: We agreed to continue to discuss potentially limiting this request. We will get back to you with a proposal for limits. The materials should be able to be produced pursuant to the protective order as well.

11. Non-Health Care Related Disciplinary Records: We propose that responsive records be produced with staff names redacted. Please confirm if you are amenable to this approach.

Please let me know if you have anything to add to the above. I also suggest we set up another time to meet-and-confer to keep this discovery on track. Are you available to talk and will you be able to discuss the above with your client by next week?

Thanks,

Priyah Kaul
Associate Attorney


<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Friday, September 29, 2023 3:39 PM
**To:** Priyah Kaul <pkaul@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena - Request for Brief Extension re Pleading Response
**Importance:** High


[EXTERNAL MESSAGE NOTICE]

Ex. K-354

Good Afternoon-

Below is the link that contains the document production re: subpoena for production of documents served upon NaphCare of San Diego LLC. I am working on the formal responses to each request and identification of corresponding responsive documents i.e. index numbers that correspond with each request. Additionally, I am drafting an index that goes with the responses.

Can you please provide the professional courtesy of an extension until Monday October 2, 2023 to provide the formal pleading response to the request for production of documents. Indeed, the actual production is contained on the link below:

Thank you in advance for this professional courtesy!

https://manningkass.sendsafely.com/receive/?thread=9V12-GR3N&packageCode=Uk21mNOX8dsisxqkyDj6qE0kFGwNgR2QuHX0ldp9Vpg#keyCode=G0olcIU06o-XCGiCZ84Ys9mpB-dSmT_uYcUVuB2JUNY


**G. Craig Smith**
Partner

<image005.jpg>

695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Wednesday, September 27, 2023 10:21 PM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena

Thanks Craig. I'm available for a call tomorrow at 10am to touch base. Telephone would be better than zoom this time, as I may be in transit. What is the best number to reach you?

Priyah Kaul
Associate Attorney

**Ex. K-355**

101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Wednesday, September 27, 2023 2:58 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson
<Mark.Wilson@manningkass.com>; Angela Thompson
<Angela.Thompson@manningkass.com>; Julie Contreras
<Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>;
Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena [IMAN-
DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Good afternoon-

Thank you. We are working on the production and are on schedule for Friday, September
29, 2023. My client is trying to determine what dates work best. I am available tomorrow
morning at 10:00 a.m. if you would like to discuss further.

Best Regards,

**G. Craig Smith**
Partner

<image003.jpg>

695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged.
The information transmitted in or with this message is intended only for the person or entity to which it is addressed and
may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the
intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are
hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in
reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us
immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod,
Ramirez, Trester, LLP

---

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Wednesday, September 27, 2023 2:53 PM
**To:** Priyah Kaul <pkaul@rbgg.com>; G. Craig Smith <Craig.Smith@manningkass.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson
<Mark.Wilson@manningkass.com>; Angela Thompson
<Angela.Thompson@manningkass.com>; Julie Contreras
<Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>;
Robert E. Murphy <Robert.Murphy@manningkass.com>

Ex. K-356

**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena [IMAN-DMS.FID55015]

Hi Craig. The Court entered the protective order earlier today (attached). Please let us know if you require technical assistance on our end for the production. Please let us know about the deposition date as well as when you are available to discuss the requests for which you were going to get more information from your client. Thank you,
Van

---

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Monday, September 25, 2023 10:06 AM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena

Hi Craig – As we await the Court's entry of the protective order, I wanted to circle back on a few of the other issues you raised below. In general, we are in agreement, subject to a few clarifications:

(2) We continue to think redactions are not necessary given that documents will be produced under the protective order, but we agree that names may be redacted in the first production, and we will meet and confer further if the need for unredacted documents arises.
(5) We agree to continue to meet and confer regarding depositions. When can you get back to us on your client's availability and the number of witnesses who will be designated? I believe we tentatively discussed scheduling depositions for the week of October 16.
(7) We understand that you are objecting to producing certain cost information. We will review the contract and other documents produced, and reserve our right to seek to continue to meet and confer if we would like to pursue the cost information.

It also was my understanding that there were a few requests on which you were going to get more information from your client. Let us know when is a good time to touch base on the status of those.

Thanks,

Priyah Kaul
Associate Attorney

<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Thursday, September 21, 2023 10:46 AM

**Ex. K-357**

**To:** Priyah Kaul <pkaul@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson
<Mark.Wilson@manningkass.com>; Angela Thompson
<Angela.Thompson@manningkass.com>; Julie Contreras
<Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>;
Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** Dunsmore (PC) Meet and Confer Efforts re NaphCare Subpoena

[EXTERNAL MESSAGE NOTICE]

Good morning-

Thank you for engaging in several continual meet and confer discussions regarding
the subject subpoena for records and PMK depositions.

I want to memorialize our meet and confer efforts and agreements reached to avoid
the necessity of NaphCare filing a motion to quash. Plaintiffs have agreed to the following:

1. The requests do not seek each inmate's individual medical record;
2. Inmate names may be redacted due to privacy concerns;
3. A stipulated protective order has been executed and filed to protected the propriety
   interests of NaphCare and also medical information of third parties and plaintiffs;
4. At the time of first production NaphCare does not need to produce individual
   training materials for each training course, some of which NaphCare contends are
   proprietary in nature and that production would be overly burdensome and
   voluminous. Rather, production of the list of training courses attended by NaphCare
   employees is sufficient at the time of first production. The parties agree to hold open
   reasonable meet and confer effort regarding potential topic areas in which plaintiffs
   may be requesting specific training materials.
5. Plaintiffs will accept a privilege log to protect any attorney client
   communications/privileged documents of NaphCare.
6. We will continue discussions regarding scheduling of the PMK deposition(s) in
   October and are hopeful it can be done in person in San Diego.
7. Additionally NaphCare objects to providing plaintiffs with the costs incurred for
   services as by deduction the request is seeking to determine the profit made by
   NaphCare which is proprietary in nature and irrelevant. NaphCare will be producing
   the contract with San Diego County that evidences that amount the County pays for
   services.

Importantly, Plaintiffs have agreed that NaphCare does not need to file a motion to
quash to preserve the above objections that were raised and agreements reached related
thereto. To summarize, NaphCare maintains the following objections at the time of
production subject to further meet and confer discussions after production: (1) Attorney
Client Privilege [a privilege log will be provided]; (2) Invasion of privacy of third parties,
including inmates. The requests are agreed to not be seeking each individual record and
NaphCare is permitted to redact inmate names; (3) NaphCare's objection related to
records that are proprietary in nature.

Has the Court issued the protective order yet or any order related thereto? Do we need
to include the County as a signatory to the stipulation?

We are working diligently to compile the records responsive to the subpoena, which
will be a voluminous document production. Unfortunately, this process is taking a little
longer than expected. Additionally, without the protective order in place NaphCare is

unable to serve a complete production.

Therefore, NaphCare is respectfully requesting **a one week extension until September 28, 2023** for production of documents. Once, the protective order is in place NaphCare will begin a rolling production of records that it currently has been able to compile.

I look forward to the anticipated ongoing professional and reasonable courtesy in confirming the requested extension of time and the above agreements that have been reached by the parties. I am available this afternoon to discuss.

Best Regards,

**G. Craig Smith**
Partner

<image006.jpg>

695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Tuesday, September 19, 2023 5:13 PM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore v. County of San Diego - check in re NaphCare Subpoena

Craig, are you available later this week for a call to touch base on the status of the requests, including some of those for which you were going to get more information from your client?

Thanks,

Priyah Kaul
Associate Attorney

<image001.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)

**Ex. K-359**

(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Wednesday, September 13, 2023 11:06 AM
**To:** Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Priyah Kaul <pkaul@rbgg.com>; Eugene P. Ramirez
<Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>;
Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras
<Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>;
Robert E. Murphy <Robert.Murphy@manningkass.com>
**Subject:** Re: Dunsmore v. County of San Diego - check in re NaphCare Subpoena [IMAN-
DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

I have been able to shift some items around and can meet Thursday at 1.

G. Craig Smith, Esq.
Dictated from I-phone. Thus, please excuse minor grammatical errors or misspellings.

Confidentiality-this message is intended for the review by only the recipients to the
message and may contain attorney client confidential communications. If this message was
sent to you in error please immediately notify the sender and delete the message.

**G. Craig Smith**
Partner

<image003.jpg>

695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged.
The information transmitted in or with this message is intended only for the person or entity to which it is addressed and
may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the
intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are
hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in
reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us
immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod,
Ramirez, Trester, LLP

On Sep 13, 2023, at 9:49 AM, Van Swearingen <VSwearingen@rbgg.com>
wrote:

Hi Craig. You had suggested below that a Thursday meeting would work. If it
no longer does, can we instead meet sometime later today after you meet
with your client? Or can one of the other Manning Kass lawyers on this email
chain take the call on Thursday? We still have not received any documents as
part of a rolling production and have not heard your position on the
protective order. We also need confirmation that the deposition will take
place on October 5 or 6. We understand that you are discussing these issues
with your client but ask that you meet with us later today or tomorrow if

possible. Thank you.
Van

---

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Wednesday, September 13, 2023 9:32 AM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul
<pkaul@rbgg.com>; Eugene P. Ramirez
<Eugene.Ramirez@manningkass.com>; Mark R. Wilson
<Mark.Wilson@manningkass.com>; Angela Thompson
<Angela.Thompson@manningkass.com>; Julie Contreras
<Julie.Contreras@manningkass.com>; Holly Thomas
<Holly.Thomas@manningkass.com>; Robert E. Murphy
<Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore v. County of San Diego - check in re NaphCare
Subpoena

[EXTERNAL MESSAGE NOTICE]

I unfortunately cannot confirm tomorrow. I have Friday after 1:30 p.m.
available.


**G. Craig Smith**
Partner
<image002.jpg>

695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

---

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Wednesday, September 13, 2023 8:25 AM
**To:** Priyah Kaul <pkaul@rbgg.com>; G. Craig Smith
<Craig.Smith@manningkass.com>; Eugene P. Ramirez
<Eugene.Ramirez@manningkass.com>; Mark R. Wilson
<Mark.Wilson@manningkass.com>; Angela Thompson
<Angela.Thompson@manningkass.com>; Julie Contreras
<Julie.Contreras@manningkass.com>; Holly Thomas
<Holly.Thomas@manningkass.com>; Robert E. Murphy
<Robert.Murphy@manningkass.com>
**Subject:** RE: Dunsmore v. County of San Diego - check in re NaphCare
Subpoena

Hi Craig. Can you confirm Thursday at 1pm? Thanks,
Van

**Ex. K-361**

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Tuesday, September 12, 2023 2:07 PM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>; Van Swearingen <VSwearingen@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego - check in re NaphCare Subpoena

Does Thursday at 1pm work for a call?

Priyah Kaul
Associate Attorney


<image004.jpg>
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Tuesday, September 12, 2023 1:51 PM
**To:** Priyah Kaul <pkaul@rbgg.com> Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Mark R. Wilson <Mark.Wilson@manningkass.com>; Angela Thompson <Angela.Thompson@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Holly Thomas <Holly.Thomas@manningkass.com>; Robert E. Murphy <Robert.Murphy@manningkass.com>; Van Swearingen <VSwearingen@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego - check in re NaphCare Subpoena

[EXTERNAL MESSAGE NOTICE]

Good afternoon-

I am going to have to re-schedule this meeting. I will be meeting with my client Naphcare tomorrow afternoon and it would be more productive if we spoke on Thursday. I am reviewing the draft stipulated protective order for comment as well.


**G. Craig Smith**
Partner
<image005.jpg>

**Ex. K-362**

695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

**Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco**

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

-----Original Appointment-----
**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Friday, September 8, 2023 10:16 AM
**To:** G. Craig Smith; Eugene P. Ramirez; Mark R. Wilson; Angela Thompson; Julie Contreras; Holly Thomas; Robert E. Murphy; Van Swearingen
**Subject:** Dunsmore v. County of San Diego - check in re NaphCare Subpoena
**When:** Wednesday, September 13, 2023 9:00 AM-9:30 AM (UTC-08:00) Pacific Time (US & Canada).
**Where:** https://us02web.zoom.us/j/89042945937

Priyah Kaul is inviting you to a scheduled Zoom meeting.

Join Zoom Meeting
https://us02web.zoom.us/j/89042945937

Meeting ID: 890 4294 5937

---

One tap mobile
+14086380968,,89042945937# US (San Jose)
+16694449171,,89042945937# US

---

Dial by your location
• +1 408 638 0968 US (San Jose)
• +1 669 444 9171 US
• +1 669 900 6833 US (San Jose)
• +1 719 359 4580 US
• +1 253 205 0468 US
• +1 253 215 8782 US (Tacoma)
• +1 346 248 7799 US (Houston)
• +1 301 715 8592 US (Washington DC)
• +1 305 224 1968 US
• +1 309 205 3325 US
• +1 312 626 6799 US (Chicago)
• +1 360 209 5623 US
• +1 386 347 5053 US
• +1 507 473 4847 US
• +1 564 217 2000 US

**Ex. K-363**

• +1 646 876 9923 US (New York)

• +1 646 931 3860 US

• +1 689 278 1000 US

Meeting ID: 890 4294 5937

Find your local number:
https://us02web.zoom.us/u/kF9e15Hkm

_____

<[Dkt 443] Order on Joint Motion re Production of Protected Health Information (Dkt 440), 11-09-2023, 1730-1(4389158.1).pdf>

**Ex. K-364**

# Exhibit L

1 | Eugene P. Ramirez (State Bar No. 134865)
     *epr@manningllp.com*
2 | Craig Smith (State Bar No. 265676)
     *gcs@manningllp.com*
3 | **MANNING & KASS**
   | **ELLROD, RAMIREZ, TRESTER LLP**
4 | 801 S. Figueroa St, 15th Floor
   | Los Angeles, California 90017-3012
5 | Telephone: (213) 624-6900
   | Facsimile: (213) 624-6999
6 |
7 | Attorneys for Third Party, NAPHCARE
   | OF SAN DIEGO LLC

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA,**

10 |

11 | DARRYL DUNSMORE, ANDREE          Case No. 3:20-cv-00406-AJB-DDL
     ANDRADE, ERNEST ARCHULETA,
12 | JAMES CLARK, ANTHONY
     EDWARDS, LISA LANDERS,          *[Assigned to the Honorable District*
13 | REANNA LEVY, JOSUE LOPEZ,        *Judge Anthony J. Battaglia, Magistrate*
     CHRISTOPHER NELSON,             *Judge, David D. Leshner]*
14 | CHRISTOPHER NORWOOD, JESSE
     OLIVARES, GUSTAVO
15 | SEPULVEDA, MICHAEL TAYLOR,       **NAPHCARE OF SAN DIEGO**
     and LAURA ZOERNER, on behalf of **LLC'S PRIVILEGE AND**
16 | themselves and all others similarly **REDACTION LOGS, IN SUPPORT**
     situated,                       **OF THIRD PARTY NAPHCARE OF**
17 |                                  **SAN DIEGO LLC'S RESPONSE TO**
              Plaintiffs,            **SUBPOENA FOR PRODUCTION**
18 |                                  **OF DOCUMENTS ISSUED BY**
         v.                          **PLAINTIFFS**
19 | SAN DIEGO COUNTY SHERIFF'S
     DEPARTMENT, COUNTY OF SAN
20 | DIEGO, SAN DIEGO COUNTY
     PROBATION DEPARTMENT, and
21 | DOES 1 to 20, inclusive,         *Complaint Filed:   01/08/2021*
              Defendants.
22 |

23 |          Pursuant to Federal Rule of Civil Procedure 45 and 26, NaphCare of San

24 | Diego LLC ("Responding Party") submits this NAPHCARE OF SAN DIEGO

25 | LLC'S PRIVILEGE AND REDACTION LOGS, IN SUPPORT OF THIRD PARTY

26 | NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR

27 | PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS in support of

28 | Responding Party's responses and objections to the Subpoena for Production of

4873-2654-7233.1
                                        1
Ex. L-366



1  Documents propounded by Plaintiffs ("Propounding Party").

2

3

4  DATED:  January 5, 2024          **MANNING & KASS**
                                    **ELLROD, RAMIREZ, TRESTER LLP**

5

6

7                                   By:  _____/s/ G. Craig Smith_____

8                                        Eugene P. Ramirez
                                         G. Craig Smith
9                                        Attorneys for NAPHCARE OF SAN
                                         DIEGO LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| NAPH PRIVILEGE 0001 | Agenda | 7/18/22 | Corporate Morbidity & Mortality Review Committee Agenda | Agenda for 7/18/22 meeting presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The Agenda was prepared by Melissa Massengill, Paralegal within NaphCare's legal department, at the direction of Brad Cain, NaphCare's Chief Legal Officer. In light of Mr. Cain's absence, the meeting was chaired by Dr. Jefferey Alvarez, NaphCare's CMO, and was attended by NaphCare corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was on the agenda. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0002 | Presentation | 7/18/22 | Corporate Morbidity & Mortality Review Committee Meeting PowerPoint Slides | Presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The PowerPoint slides were prepared by Melissa Massengill, Paralegal within NaphCare Legal Department, at the direction of Brad Cain, NaphCare's Chief Legal Officer. In light of Mr. Cain's absence, the meeting was chaired by Dr. Jefferey Alvarez, NaphCare's CMO, and was attended by NaphCare corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was discussed during the meeting. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0003 | Meeting Minutes | 7/18/22 | Corporate Morbidity & Mortality | Minutes of meeting held in Birmingham, Alabama, prepared by Melissa Massengill, Paralegal within NaphCare Legal Department, at | Attorney-Client/Attorney Work-Product |

Ex. L-368

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | | | Review Committee Meeting Minutes | the direction of Brad Cain, NaphCare's Chief Legal Officer. In light of Mr. Cain's absence, the meeting was chaired by Dr. Jefferey Alvarez, NaphCare's CMO, and was attended by NaphCare corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was discussed at the meeting. | |
| NAPH PRIVILEGE 0004 | HSA Death Summary for Patient E.W. | 7/12/22 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient E.W., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 7/18/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0005 | Physician Death Summary for Patient E.W. | 7/6/22 | Physician Death Summary | Death Summary Prepared by Physician related to Patient E.W., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 7/18/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0006 | Agenda | 8/15/22 | Corporate Morbidity & Mortality Review Committee Agenda | Agenda for 8/15/22 meeting presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The Agenda was prepared by Melissa Massengill, Paralegal within NaphCare's legal department. The meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 3 San Diego Patients were on the agenda. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0007 | Presentation | 8/15/22 | Corporate Morbidity & Mortality | Presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and | Attorney-Client/Attorney Work-Product |

Ex. L-369

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | | | Review Committee Meeting PowerPoint Slides | management team attended. The PowerPoint slides were prepared by Melissa Massengill, Paralegal within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 3 San Diego Patients were on the agenda. | |
| NAPH PRIVILEGE 0008 | Meeting Minutes | 8/15/22 | Corporate Morbidity & Mortality Review Committee Meeting Minutes | Minutes of meeting held in Birmingham, Alabama, prepared by Melissa Massengill, Paralegal within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 3 San Diego patients were discussed at the meeting. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0009 | HSA Death Summary for Patient V.G. | 7/18/22 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient V.G., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 8/15/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0010 | Physician Death Summary for Patient V.G. | 7/14/22 | Physician Death Summary | Death Summary Prepared by Physician related to Patient V.G., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 8/15/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0011 | HSA Death Summary for Patient A.S. | 7/26/22 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient A.S., sent to NaphCare's corporate office and legal department for notification of death and in preparation for | Attorney-Client/Attorney Work-Product |

Ex. L-370

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | | | | Corporate Morbidity & Mortality Review Committee Meeting of 8/15/22. | |
| NAPH PRIVILEGE 0012 | Physician Death Summary for Patient A.S. | 7/25/22 | Physician Death Summary | Death Summary Prepared by Physician related to Patient A.S., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 8/15/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0013 | HSA Death Summary for Patient J.B. | 8/2/22 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient J.B., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 8/15/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0014 | Physician Death Summary for Patient J.B. | 7/28/22 | Physician Death Summary | Death Summary Prepared by Physician related to Patient J.B.., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 8/15/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0015 | Agenda | 9/19/22 | Corporate Morbidity & Mortality Review Committee Agenda | Agenda for 9/19/22 meeting presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The Agenda was prepared by Melissa Massengill, Paralegal within NaphCare's legal department. The meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was on the agenda. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0016 | Presentation | 9/19/22 | Corporate Morbidity & Mortality Review Committee | Presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The PowerPoint slides were prepared by Melissa Massengill, | Attorney-Client/Attorney Work-Product |

Ex. L-371

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | | | Meeting PowerPoint Slides | Paralegal within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was on the agenda. | |
| NAPH PRIVILEGE 0017 | Meeting Minutes | 9/19/22 | Corporate Morbidity & Mortality Review Committee Meeting Minutes | Minutes of meeting held in Birmingham, Alabama, prepared by Melissa Massengill, Paralegal within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego patient was discussed at the meeting. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0018 | HSA Death Summary for Patient M.S. | 8/22/22 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient M.S., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 9/19/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0019 | Physician Death Summary for Patient M.S. | 8/19/22 | Physician Death Summary | Death Summary Prepared by Physician related to Patient M.S., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 9/19/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0020 | Agenda | 10/17/22 | Corporate Morbidity & Mortality Review Committee Agenda | Agenda for 10/17/22 meeting presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The Agenda was prepared by Melissa Massengill, Paralegal within NaphCare's legal department. The meeting chaired by Brad Cain, NaphCare's | Attorney-Client/Attorney Work-Product |

Ex. L-372

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | | | | Chief Legal Officer, and attended by NaphCare corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 3 San Diego Patients are on the agenda. | |
| NAPH PRIVILEGE 0021 | Presentation | 10/17/22 | Corporate Morbidity & Mortality Review Committee Meeting PowerPoint Slides | Presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The PowerPoint slides were prepared by Melissa Massengill, Paralegal within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 3 San Diego Patients were discussed at this meeting. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0022 | Meeting Minutes | 10/17/22 | Corporate Morbidity & Mortality Review Committee Meeting Minutes | Minutes of meeting held in Birmingham, Alabama, prepared by Melissa Massengill, Paralegal within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 3 San Diego Patients were discussed at this meeting. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0023 | HSA Death Summary for Patient R.D. | 9/19/22 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient R.D., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 10/17/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0024 | Physician Death | 9/14/22 | Physician Death Summary | Death Summary Prepared by Physician related to Patient R.D., sent to NaphCare's corporate office and legal department for notification of death and | Attorney-Client/Attorney Work-Product |

Ex. L-373

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | Summary for Patient R.D. | | | in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 10/17/22. | |
| NAPH PRIVILEGE 0025 | HSA Death Summary for Patient J.F. | 9/26/22 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient J.F., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 10/17/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0026 | Physician Death Summary for Patient J.F. | 9/23/22 | Physician Death Summary | Death Summary Prepared by Physician related to Patient J.F., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 10/17/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0027 | HSA Death Summary for Patient R.V. | 10/10/22 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient R.V., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 10/17/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0028 | Physician Death Summary for Patient R.V. | 10/11/22 | Physician Death Summary | Death Summary Prepared by Physician related to Patient R.V., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 10/17/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0029 | Agenda | 11/21/22 | Corporate Morbidity & Mortality Review Committee Agenda | Agenda for 11/21/22 meeting presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The Agenda was prepared by Melissa Massengill, Paralegal within NaphCare's legal department. The meeting chaired by Brad Cain, NaphCare's | Attorney-Client/Attorney Work-Product |

Ex. L-374

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | | | | Chief Legal Officer, and attended by NaphCare corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient is on the agenda. | |
| NAPH PRIVILEGE 0030 | Presentation | 11/21/22 | Corporate Morbidity & Mortality Review Committee Meeting PowerPoint Slides | Presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The PowerPoint slides were prepared by Melissa Massengill, Paralegal within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was discussed at this meeting. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0031 | Meeting Minutes | 11/21/22 | Corporate Morbidity & Mortality Review Committee Meeting Minutes | Minutes of meeting held in Birmingham, Alabama, prepared by Melissa Massengill, Paralegal within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was discussed at this meeting | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0032 | HSA Death Summary for Patient A.B. | 11/7/22 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient A.B., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 11/21/22. | Attorney-Client/Attorney Work-Product |

Ex. L-375

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| NAPH PRIVILEGE 0033 | Physician Death Summary for Patient A.B. | 11/2/22 | Physician Death Summary | Death Summary Prepared by Physician related to Patient A.B., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 11/21/22. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0034 | Agenda | 3/20/23 | Corporate Morbidity & Mortality Review Committee Agenda | Agenda for 3/20/23 meeting presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The Agenda was prepared by Melissa Massengill, Paralegal within NaphCare's legal department. The meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient is on the agenda. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0035 | Presentation | 3/20/23 | Corporate Morbidity & Mortality Review Committee Meeting PowerPoint Slides | Presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The PowerPoint slides were prepared by Melissa Massengill, Paralegal within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was discussed at this meeting. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0036 | Meeting Minutes | 3/20/23 | Corporate Morbidity & Mortality | Minutes of meeting held in Birmingham, Alabama, prepared by Melissa Massengill, Paralegal within NaphCare Legal Department. | Attorney-Client/Attorney Work-Product |

Ex. L-376

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | | | Review Committee Meeting Minutes | Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was discussed at this meeting | |
| NAPH PRIVILEGE 0037 | HSA Death Summary for Patient R.S. | 2/22/23 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient R.S., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 3/20/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0038 | Physician Death Summary for Patient R.S. | 2/22/23 | Physician Death Summary | Death Summary Prepared by Physician related to Patient R.S., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 3/20/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0039 | Agenda | 5/15/23 | Corporate Morbidity & Mortality Review Committee Agenda | Agenda for 5/15/23 meeting presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The Agenda was prepared by Melissa Massengill, Paralegal within NaphCare's legal department. The meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 2 San Diego Patients were on the agenda. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0040 | Presentation | 5/15/23 | Corporate Morbidity & Mortality Review Committee | Presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The PowerPoint slides were prepared by Melissa Massengill, | Attorney-Client/Attorney Work-Product |

Ex. L-377

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | | | Meeting PowerPoint Slides | Paralegal within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 2 San Diego Patients were discussed at this meeting. | |
| NAPH PRIVILEGE 0041 | Meeting Minutes | 5/15/23 | Corporate Morbidity & Mortality Review Committee Meeting Minutes | Minutes of meeting held in Birmingham, Alabama, prepared by Melissa Massengill, Paralegal within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 2 San Diego Patients were discussed at this meeting | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0042 | HSA Death Summary for Patient E.F. | 4/17/23 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient E.F., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 5/15/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0043 | Physician Death Summary for Patient E.F. | 4/18/23 | Physician Death Summary | Death Summary Prepared by Physician related to Patient E.F., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 5/15/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0044 | HSA Death Summary for Patient A.P. | 5/5/23 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient A.P., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 5/15/23. | Attorney-Client/Attorney Work-Product |

Ex. L-378

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| NAPH PRIVILEGE 0045 | Physician Death Summary for Patient A.P. | 5/4/23 | Physician Death Summary | Death Summary Prepared by Physician related to Patient A.P., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 5/15/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0046 | Agenda | 6/19/23 | Corporate Morbidity & Mortality Review Committee Agenda | Agenda for 6/19/23 meeting presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The Agenda was prepared by Melissa Massengill, Paralegal within NaphCare's legal department. The meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 2 San Diego Patients were on the agenda. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0047 | Presentation | 6/19/23 | Corporate Morbidity & Mortality Review Committee Meeting PowerPoint Slides | Presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The PowerPoint slides were prepared by Melissa Massengill, Paralegal within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 2 San Diego Patients were discussed at this meeting. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0048 | Meeting Minutes | 6/19/23 | Corporate Morbidity & Mortality Review Committee | Minutes of meeting held in Birmingham, Alabama, prepared by Honey Lee Walker, Legal Nurse within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare | Attorney-Client/Attorney Work-Product |

Ex. L-379

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | | | Meeting Minutes | corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 2 San Diego Patients were discussed at this meeting | |
| NAPH PRIVILEGE 0049 | HSA Death Summary for Patient M.A. | 5/17/23 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient M.A., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 6/19/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0050 | Physician Death Summary for Patient M.A. | 5/18/23 | Physician Death Summary | Death Summary Prepared by Physician related to Patient M.A., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 6/19/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0051 | HSA Death Summary for Patient R.B. | 5/30/23 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient R.B., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 6/19/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0052 | Physician Death Summary for Patient R.B. | 5/30/23 | Physician Death Summary | Death Summary Prepared by Physician related to Patient R.B., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 6/19/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0053 | Agenda | 7/17/23 | Corporate Morbidity & Mortality Review Committee Agenda | Agenda for 7/17/23 meeting presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The Agenda was prepared by Honey Lee Walker, Legal Nurse within NaphCare's legal department. The meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare | Attorney-Client/Attorney Work-Product |

13

Ex. L-380

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | | | | corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 2 San Diego Patients were on the agenda. | |
| NAPH PRIVILEGE 0054 | Presentation | 7/17/23 | Corporate Morbidity & Mortality Review Committee Meeting PowerPoint Slides | Presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The PowerPoint slides were prepared by Honey Lee Walker, Legal Nurse within NaphCare's legal department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 2 San Diego Patients were discussed at this meeting. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0055 | Meeting Minutes | 7/17/23 | Corporate Morbidity & Mortality Review Committee Meeting Minutes | Minutes of meeting held in Birmingham, Alabama, prepared by Honey Lee Walker, Legal Nurse within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 2 San Diego Patients were discussed at this meeting | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0056 | HSA Death Summary for Patient P.H. | 6/27/23 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient P.H., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 7/17/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0057 | Physician Death | 6/27/23 | Physician Death Summary | Death Summary Prepared by Physician related to Patient P.H., sent to NaphCare's corporate office and legal department for notification of death and | Attorney-Client/Attorney Work-Product |

Ex. L-381

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | Summary for Patient P.H. | | | in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 7/17/23. | |
| NAPH PRIVILEGE 0058 | HSA Death Summary for Patient P.O. | 7/10/23 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient P.O., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 7/17/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0059 | Physician Death Summary for Patient P.O. | 7/11/23 | Physician Death Summary | Death Summary Prepared by Physician related to Patient P.O., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 7/17/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0060 | Psychological Autopsy for Patient P.O. | 6/29/23 | Psychological Autopsy | Psychological Autopsy Prepared by NaphCare's San Diego Mental Health Director related to Patient P.O., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 7/17/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0061 | Agenda | 8/21/23 | Corporate Morbidity & Mortality Review Committee Agenda | Agenda for 8/21/23 meeting presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The Agenda was prepared by Honey Lee Walker, Legal Nurse within NaphCare's legal department. The meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 3 San Diego Patients were on the agenda, but due to time constraints, discussion of 1 was moved to the September Meeting. | Attorney-Client/Attorney Work-Product |

Ex. L-382

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| NAPH PRIVILEGE 0062 | Presentation | 8/21/23 | Corporate Morbidity & Mortality Review Committee Meeting PowerPoint Slides | Presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The PowerPoint slides were prepared by Honey Lee Walker, Legal Nurse within NaphCare's legal department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 3 San Diego Patients were on the agenda, but due to time constraints, discussion of 1 was moved to the September Meeting. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0063 | Meeting Minutes | 8/21/23 | Corporate Morbidity & Mortality Review Committee Meeting Minutes | Minutes of meeting held in Birmingham, Alabama, prepared by Honey Lee Walker, Legal Nurse within NaphCare Legal Department. Meeting chaired by Brad Cain, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 3 San Diego Patients were on the agenda, but due to time constraints, discussion of 1 was moved to the September Meeting. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0064 | HSA Death Summary for Patient Z.D. | 7/10/23 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient Z.D., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 8/21/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0065 | Physician Death | 7/10/23 | Physician Death Summary | Death Summary Prepared by Physician related to Patient Z.D., sent to NaphCare's corporate office and legal department for notification of death and | Attorney-Client/Attorney Work-Product |

Ex. L-383

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | Summary for Patient Z.D. | | | in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 8/21/23. | |
| NAPH PRIVILEGE 0066 | HSA Death Summary for Patient T.C. | 7/21/23 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient T.C., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 8/21/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0067 | Physician Death Summary for Patient T.C. | 7/21/23 | Physician Death Summary | Death Summary Prepared by Physician related to Patient T.C., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 8/21/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0068 | HSA Death Summary for Patient J.M. | 7/31/23 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient J.M., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 8/21/23. (Carried over to September meeting). | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0069 | Physician Death Summary for Patient J.M. | 7/31/23 | Physician Death Summary | Death Summary Prepared by Physician related to Patient J.M., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 8/21/23. (Carried over to September meeting). | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0070 | Psychological Autopsy for Patient J.M. | 8/1/23 | Psychological Autopsy | Psychological Autopsy Prepared by NaphCare's San Diego Mental Health Director related to Patient P.O., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 8/21/23. (Carried over to September meeting). | Attorney-Client/Attorney Work-Product |

Ex. L-384

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| NAPH PRIVILEGE 0071 | Agenda | 9/18/23 | Corporate Morbidity & Mortality Review Committee Agenda | Agenda for 9/18/23 meeting presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The Agenda was prepared by Honey Lee Walker, Legal Nurse within NaphCare's legal department. The meeting chaired by Justin Barkley, NaphCare's Chief Legal Officer, and attended by NaphCare corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was on the agenda due to time constraints at the August Meeting. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0072 | Presentation | 9/18/23 | Corporate Morbidity & Mortality Review Committee Meeting PowerPoint Slides | Presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The PowerPoint slides were prepared by Honey Lee Walker, Legal Nurse within NaphCare's legal department. Meeting chaired by Justin Barkley, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was on the agenda due to time constraints at the August Meeting. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0073 | Meeting Minutes | 9/18/23 | Corporate Morbidity & Mortality Review Committee Meeting Minutes | Minutes of meeting held in Birmingham, Alabama, prepared by Honey Lee Walker, Legal Nurse within NaphCare Legal Department. Meeting chaired by Justin Barkley, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San | Attorney-Client/Attorney Work-Product |

Ex. L-385

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | | | | Diego Patient was on the agenda due to time constraints at the August Meeting. | |
| NAPH PRIVILEGE 0074 | Agenda | 10/16/23 | Corporate Morbidity & Mortality Review Committee Agenda | Agenda for 10/16/23 meeting presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The Agenda was prepared by Honey Lee Walker, Legal Nurse within NaphCare's legal department. The meeting chaired by Justin Barkley, NaphCare's Chief Legal Officer, and attended by NaphCare corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was on the agenda. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0075 | Presentation | 10/16/23 | Corporate Morbidity & Mortality Review Committee Meeting PowerPoint Slides | Presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The PowerPoint slides were prepared by Honey Lee Walker, Legal Nurse within NaphCare's legal department. Meeting chaired by Justin Barkley, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was on the agenda. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0076 | Meeting Minutes | 10/16/23 | Corporate Morbidity & Mortality Review Committee Meeting Minutes | Minutes of meeting held in Birmingham, Alabama, prepared by Honey Lee Walker, Legal Nurse within NaphCare Legal Department. Meeting chaired by Justin Barkley, NaphCare's Chief Legal Officer, and attended by NaphCare corporate clinical team, corporate management, and other in-house attorneys who provided legal | Attorney-Client/Attorney Work-Product |

Ex. L-386

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | | | | advice related to anticipated litigation. 1 San Diego Patient was on the agenda. | |
| NAPH PRIVILEGE 0077 | HSA Death Summary for Patient K.G. | 9/29/23 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient K.G., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 10/16/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0078 | Physician Death Summary for Patient K.G. | 9/28/23 | Physician Death Summary | Death Summary Prepared by Physician related to Patient K.G., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 10/16/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0079 | Agenda | 12/18/23 | Corporate Morbidity & Mortality Review Committee Agenda | Agenda for 12/18/23 meeting presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The Agenda was prepared by Honey Lee Walker, Legal Nurse within NaphCare's legal department. The meeting chaired by Justin Barkley, NaphCare's Chief Legal Officer, and attended by NaphCare corporate providers and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was on the agenda. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0080 | Presentation | 12/18/23 | Corporate Morbidity & Mortality Review Committee Meeting PowerPoint Slides | Presentation at meeting held in Birmingham, Alabama, where members of NaphCare's corporate clinical team, legal department and management team attended. The PowerPoint slides were prepared by Honey Lee Walker, Legal Nurse within NaphCare's legal department. Meeting chaired by Justin Barkley, NaphCare's Chief Legal Officer, and attended by NaphCare | Attorney-Client/Attorney Work-Product |

Ex. L-387

| Document No. | Type | Date | Title | Description | Privilege/Basis |
|---|---|---|---|---|---|
| | | | | corporate clinical team, corporate management, and other in-house attorneys who provided legal advice related to anticipated litigation. 1 San Diego Patient was on the agenda. | |
| NAPH PRIVILEGE 0081 | HSA Death Summary for Patient J.M. | 11/20/23 | HSA Death Summary | Death Summary Prepared by Health Services Administrator related to Patient J.M., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 12/18/23. | Attorney-Client/Attorney Work-Product |
| NAPH PRIVILEGE 0082 | Physician Death Summary for Patient J.M. | 11/14/23 | Physician Death Summary | Death Summary Prepared by Physician related to Patient J.M., sent to NaphCare's corporate office and legal department for notification of death and in preparation for Corporate Morbidity & Mortality Review Committee Meeting of 12/18/23. | Attorney-Client/Attorney Work-Product |

**Ex. L-388**

1

# PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

At the time of service, I was over 18 years of age and not a party to this
action.  I am employed in the County of Los Angeles, State of California.  My

4

business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5

On January 5, 2024, I served true copies of the following document(s)
described as **NAPHCARE OF SAN DIEGO LLC'S PRIVILEGE AND**

6

**REDACTION LOGS, IN SUPPORT OF THIRD PARTY NAPHCARE OF
SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF**

7

**DOCUMENTS ISSUED BY PLAINTIFFS** on the interested parties in this action
as follows:

8

## SEE ATTACHED SERVICE LIST

9

10

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of
the document(s) to be sent from e-mail address

11

angela.thompson@manningkass.com to the persons at the e-mail addresses listed in
the Service List.  I did not receive, within a reasonable time after the transmission,
any electronic message or other indication that the transmission was unsuccessful.

12

13

I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct and that I am employed in the office
of a member of the bar of this Court at whose direction the service was made.

14

15

Executed on January 5, 2024, at Los Angeles, California.

16

17

18

_____

19

Angela Thompson

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**
**Dunsmore v. County**
2
**Case No.**

3    Van Swearingen, Esq.                    *Attorneys for Plaintiff, DARRYL*
Priyah Kaul, Esq.                        *DUNSMORE*
4    ROSEN BIEN GALVAN &
GRUNFELD LLP
5    101 Mission Street, Sixth Floor
San Francisco, CA 94105-1738
6    Tel: (415) 433-6830
vswearingen@rbgg.com
7    pkaul@rbgg.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Eugene P. Ramirez (State Bar No. 134865)
  epr@manningllp.com
Craig Smith (State Bar No. 265676)
  gcs@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Third Party, NAPHCARE
OF SAN DIEGO LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA,

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>   Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>*[Assigned to the Honorable District Judge Anthony J. Battaglia, Magistrate Judge, David D. Leshner]*<br><br>**DECLARATION OF JUSTIN BARKLEY, CHIEF LEGAL OFFICER, IN SUPPORT OF THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS**<br><br>*Complaint Filed:   01/08/2021* |

Pursuant to Federal Rule of Civil Procedure 45 and 26, NaphCare of San Diego LLC ("Responding Party") submits this declaration of Justin Barkley ins support of Responding Party's responses and objections to the Subpoena for Production of Documents propounded by Plaintiffs ("Propounding Party").

DECLARATION OF JUSTIN BARKLEY, CHIEF LEGAL OFFICER, IN SUPPORT OF THIRD PARTY
NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS
ISSUED BY PLAINTIFFS

Ex. L-391

1 | DATED:  January 5, 2024

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:  _____/s/ G. Craig Smith_____
Eugene P. Ramirez
G. Craig Smith
Attorneys for NAPHCARE OF SAN
DIEGO LLC

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4873-2654-7233.1

2

**DECLARATION OF JUSTIN BARKLEY, CHIEF LEGAL OFFICER, IN SUPPORT OF THIRD PARTY
NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS
ISSUED BY PLAINTIFFS**

Ex. L-392

1  I, JUSTIN BARKLEY, declare and state as follows:

2  1.     I am more than eighteen (18) years of age and am the Chief Legal Officer of
3
4  NaphCare. I am competent to testify. I base this declaration upon my personal knowledge, in
5  addition to my information and belief where stated.

6  2.     I have reviewed NaphCare's privilege and redaction logs in this case and the
7  underlying documents.

8  3.     Upon information and belief, the "Morbidity & Mortality Review Committee
9
10 Meeting" PowerPoint agendas, presentations, and minutes ("Privileged Documents") prior to
11 September 1, 2023 were prepared at the direction of the former Chief Legal Officer of NaphCare,
12 Brad Cain, or a member of NaphCare's Legal Department. The Privileged Documents prepared
13 after September 1, 2023 were prepared at either my direction or at the direction of a member of
14 NaphCare's Legal Department. The Privileged Documents were developed to facilitate advice and
15 counsel provided at the Morbidity and Mortality Review Committee Meetings ("Meetings"). Also
16 included in the Privileged Documents are the death summaries prepared by the Health Services
17 Administrator and a Physician which is sent to NaphCare's corporate office and legal department
18 for notification of the death and in preparation for Corporate Morbidity & Mortality Review
19 Committee Meetings.
20

21 4.     The Meetings, which Brad Cain chaired prior to September 1, 2023 and which I
22 have chaired since then, were held to assess litigation risk from specific medical incidents and
23 provide legal advice in anticipation of litigation. Members of the NaphCare Legal Department,
24 and NaphCare Clinical and Executive Leadership attended. The Meetings are considered executive
25
26

DECLARATION OF BRADLEY CAIN
(Case No. 3:21-cv-5800-DGE)

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

162734973.2

Ex. L-393

meetings within NaphCare. Nobody from San Diego County has been invited to these meetings, and upon information and belief, no individuals outside of NaphCare has attended these meetings.

5.     The Privileged Documents were intended to provide necessary background for discussions of either pending or anticipated litigation at the Meetings. They contain clinical information regarding NaphCare's interactions with numerous inmates (including those outside of San Diego), the history of the Committee's review, carefully selected segments of medical records chosen based on its relevancy to the legal advice discussed during the Meetings, questions that guided the discussion and advice during the Meetings, and previous and prospective recommendations.

6.     As such, the Privileged Documents were prepared in anticipation of litigation and would not have been prepared absent the threat of litigation. The Privileged Documents' primary purpose was to facilitate the provision of legal advice, separate and apart from routine business matters.

7.     The material within the Privileged Documents was compiled based on attorney impressions and analyses as to the relevancy to the Meetings, and are necessary for forming legal opinions and advice pertaining to NaphCare's legal risk and anticipated litigation. Legal department personnel determined how the facts should be organized and presented. Any facts within the Privileged Documents could also refresh the recollections of Meeting attendees and provide necessary context for the corresponding legal advice.

8.     The Privileged Documents contain the labels "Attorney-Client Communication, Attorney Work Product" and "Privileged & Confidential." They also include warnings that "[t]his documentation contains attorney thoughts and mental impressions. The information provided herein is organized by topic, is not in chronological order and was prepared in anticipation of

Ex. L-394

litigation. It will be treated as privileged and confidential attorney work product. This information is not for distribution." These labels and warnings were intended to ensure that all recipients of Privileged Documents and Meeting attendees understood that the Privileged Documents were, in fact, privileged and would remain confidential. This understanding facilitated candid discussion with Meeting attendees, including NaphCare executives, during the provision of legal advice and counsel.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

Executed this 5th day of January, 2024, at Birmingham, Alabama.

By: _____
Justin Barkley

Ex. L-395

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5

6

7

On January 5, 2024, I served true copies of the following document(s) described as **DECLARATION OF JUSTIN BARKLEY, CHIEF LEGAL OFFICER, IN SUPPORT OF THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS** on the interested parties in this action as follows:

8

**SEE ATTACHED SERVICE LIST**

9

10

11

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address angela.thompson@manningkass.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

12

13

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

Executed on January 5, 2024, at Los Angeles, California.

15

16

17

18

_____
Angela Thompson

19

20

21

22

23

24

25

26

27

28

**Ex. L-396**

**SERVICE LIST**
**Dunsmore v. County**
**Case No.**

Van Swearingen, Esq.                    *Attorneys for Plaintiff, DARRYL*
Priyah Kaul, Esq.                       *DUNSMORE*
ROSEN BIEN GALVAN &
GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105-1738
Tel: (415) 433-6830
vswearingen@rbgg.com
pkaul@rbgg.com

2

# Exhibit M

1  Eugene P. Ramirez (State Bar No. 134865)
    *epr@manningllp.com*
2  Craig Smith (State Bar No. 265676)
    *gcs@manningllp.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
   Attorneys for Third Party, NAPHCARE
7  OF SAN DIEGO LLC

8              **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA,**

10

11  DARRYL DUNSMORE, ANDREE          Case No. 3:20-cv-00406-AJB-DDL
    ANDRADE, ERNEST ARCHULETA,
12  JAMES CLARK, ANTHONY
    EDWARDS, LISA LANDERS,           *[Assigned to the Honorable District*
13  REANNA LEVY, JOSUE LOPEZ,        *Judge Anthony J. Battaglia, Magistrate*
    CHRISTOPHER NELSON,              *Judge, David D. Leshner]*
14  CHRISTOPHER NORWOOD, JESSE
    OLIVARES, GUSTAVO
15  SEPULVEDA, MICHAEL TAYLOR,       **NAPHCARE OF SAN DIEGO**
    and LAURA ZOERNER, on behalf of  **LLC'S SUPPLEMENTAL**
16  themselves and all others similarly  **RESPONSE TO SUBPOENA FOR**
    situated,                        **PRODUCTION OF DOCUMENTS**
17                                   **ISSUED BY PLAINTIFFS**
              Plaintiffs,
18
         v.
19
    SAN DIEGO COUNTY SHERIFF'S
20  DEPARTMENT, COUNTY OF SAN        *Complaint Filed:   01/08/2021*
    DIEGO, SAN DIEGO COUNTY
21  PROBATION DEPARTMENT, and
    DOES 1 to 20, inclusive,
22            Defendants.

23  PROPOUNDING PARTY:  Plaintiffs

24  RESPONDING PARTY:      NaphCare of San Diego LLC

25  SET NO.:               One

26      Pursuant to Federal Rule of Civil Procedure 45 and 26, NaphCare of San

27  Diego LLC ("Responding Party") submits these responses and objections to the

28  Subpoena for Production of Documents propounded by Plaintiffs ("Propounding

4873-2654-7233.1                        1

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

1  Party").

2  **PRELIMINARY STATEMENT**

3      Responding Party has not completed his investigation of the facts relating to

4  this case, his discovery or his preparation for trial.  All responses and objections

5  contained herein are based only upon information that is presently available to and

6  specifically known by Responding Party.  It is anticipated that further discovery,

7  independent investigation, legal research and analysis will supply additional facts

8  and add meaning to known facts, as well as establish entirely new factual

9  conclusions and legal contentions, all of which may lead to substantial additions to,

10  changes in and variations from the responses set forth herein.

11      These responses, while based on diligent inquiry and investigation by

12  Responding Party, reflect only the current state of Responding Party's knowledge,

13  understanding, and belief, based upon the information reasonably available to him at

14  this time.  As this action proceeds, and further investigation and discovery are

15  conducted, additional or different facts and information could be revealed to

16  Responding Party.  Moreover, Responding Party anticipates that Propounding Party

17  may make legal or factual contentions presently unknown to and unforeseen by

18  Responding Party which may require Responding Party to adduce further facts and

19  supplement this production.  Without in any way obligating itself to do so,

20  Responding Party reserves the right to modify, supplement, revise, or amend these

21  responses, and to correct any inadvertent errors or omissions which may be

22  contained herein, in light of the information that Responding Party may

23  subsequently obtain or discover.

24      Moreover, these responses and objections are being made after multiple meet

25  and confer conferences with plaintiffs' counsel and is based upon Responding

26  Party's understanding of the broad, vague and ambiguous nature of the responses

27  and with reservation of objections of attorney-client privilege, proprietary

28  privileges, the rights of third party individuals to privacy which have been preserved

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  by agreement and in lieu of Responding Party filing a motion to quash the subpoena.

2      Nothing in this response should be construed as an admission by Responding

3  Party with respect to the admissibility or relevance of any fact or document, or of

4  the truth or accuracy of any characterization or statement of any kind contained in

5  Propounding Party's requests.

6      Each of the following responses is made solely for the purpose of this action.

7      The following objections and responses are made without prejudice to

8  Responding Party's right to modify and amend any and all responses herein as

9  research is completed and contentions are made.

10      Nothing contained herein is to be construed as a waiver of any attorney-client

11  privilege, work product doctrine, or any other applicable privilege or doctrine.  To

12  the extent any interrogatory may be construed as calling for disclosure of

13  information protected from discovery by the attorney-client privilege, the work

14  product doctrine, or any other privilege or protection, a continuing objection to each

15  and every such request is hereby interposed.

16  **GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

17      Responding Party generally objects to the Requests for Production as follows:

18      1.      Responding Party objects generally to the Requests for Production to

19  the extent that they seek to elicit information that is neither relevant to the subject

20  matter of this action, nor reasonably calculated to lead to the discovery of admissible

21  evidence;

22      2.      Responding Party objects generally to the Requests for Production to

23  the extent that they are unreasonably overbroad in scope, and thus burdensome and

24  oppressive, in that each such request seeks information pertaining to items and

25  matters that are not relevant to the subject matter of this action, or, if relevant, so

26  remote therefrom as to make its disclosure of little or no practical benefit to

27  Propounding Party, while placing a wholly unwarranted burden and expense on

28  Responding Party in locating, reviewing and producing the requested information;

Ex. M-401

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

3.      Responding Party objects generally to the Requests for Production to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them, and to produce documents in accordance therewith, would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Responding Party and great expense to Responding Party, whereas the information sought to be obtained by Propounding Party would be of little use or benefit to Propounding Party;

4.      Responding Party objects generally to the Requests for Production to the extent that they are vague, uncertain, overbroad, and without limitation as to time or specific subject matter;

5.      Responding Party objects generally to the Requests for Production to the extent that they seek information at least some of which is protected by the attorney-client privilege or the attorney work-product doctrine, or both;

6.      Responding Party objects generally to the Requests for Production to the extent that they seek to have Defendant furnish information and identify documents that are a matter of the public record, and therefore are equally available to the Propounding Party as they are to Responding Party; and

7.      Responding Party objects generally to the Requests for Production to the extent that they seek to have Responding Party furnish information and identify documents that are proprietary to Responding Party and contain confidential information.

Without waiver of the foregoing, Responding Party further responds as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION
**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS RELATING TO CONTRACT negotiations between YOU and DEFENDANTS.

Ex. M-402

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

2      OBJECTION:

3      Overbroad, Vague and ambiguous as to "ALL DOCUMENTS RELATED TO

4  CONTRACT negotiations."

5      Further, as phrased, this request potentially requests communications that

6  would be protected for disclosure pursuant to attorney-client and attorney work

7  product privileges.  It is responding party's understanding from meet and confer

8  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

9  correspondence.

10      The breadth of the request, as phrased would also potentially call for trade

11  secrets and proprietary information of Responding Party.  Responding Party asserts

12  to the fullest extent of the law its attorney-client privilege and confidential trade

13  secret/proprietary privileges.

14      Notwithstanding said objections, and subject thereto responding party

15  responds as follows:

16      Responding party has produced responsive records, Exhibit A, attached hereto

17  which identifies the documents originally produced and the supplemental

18  productions made by Responding Party.  The parties have stipulated that an ESI

19  search with search terms is not required by this request.

20  **REQUEST FOR PRODUCTION NO. 2:**

21      ALL drafts of POLICIES AND PROCEDURES RELATING TO HEALTH

22  CARE at the JAIL.

23  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

24      OBJECTION:

25      Overbroad, Vague and ambiguous as to "drafts".

26      Further, as phrased, this request seeks documents in the custody, control and

27  possession of defendant the County of San Diego and not responding party.

28      As phrased, this request potentially requests communications that would be

**Ex. M-403**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    protected for disclosure pursuant to attorney-client and attorney work product

2    privileges.  It is responding party's understanding from meet and confer efforts with

3    plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

4        The breadth of the request, as phrased would also potentially call for

5    proprietary information of Responding Party.  Responding Party asserts to the fullest

6    extent of the law its attorney-client privilege and confidential proprietary privileges.

7        Notwithstanding said objections, and subject thereto responding party

8    responds as follows:

9        Responding party has produced responsive records, Exhibit A, attached hereto

10   which identifies and produces the documents originally produced and the

11   supplemental productions made by Responding Party.

12   **REQUEST FOR PRODUCTION NO. 3:**

13       ALL DOCUMENTS and minutes RELATING TO meetings attended by

14   HEALTH CARE STAFF or custody staff at which the HEALTH CARE of

15   INCARCERATED PERSONS, HEALTH CARE POLICIES AND PROCEDURES,

16   HEALTH CARE staffing, or ANY issue related to JAIL HEALTH CARE was

17   discussed.

18   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

19       OBJECTION:

20       Overbroad, Vague and ambiguous as to "minutes" RELATING to

21   "meetings".

22       As phrased, this request potentially requests communications that would be

23   protected for disclosure pursuant to attorney-client and attorney work product

24   privileges.  It is responding party's understanding from meet and confer efforts with

25   plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

26       The breadth of the request, as phrased would also potentially call for trade

27   secrets and proprietary information of Responding Party.  Responding Party asserts

28   to the fullest extent of the law its attorney-client privilege and confidential trade

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  secrets/proprietary privileges.

2      Notwithstanding said objections, and subject thereto responding party

3  responds as follows:

4      Responding party does not maintain minutes relating to meetings. This

5  request seeks documents, to the extent they exist, in the custody, control and

6  possession of defendant the County of San Diego and not responding party.

7  **REQUEST FOR PRODUCTION NO. 4:**

8      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

9  the provision of medication to INCARCERATED PEOPLE, including both

10  formulary and non-formulary medications.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

12      OBJECTION:

13      Overbroad, Vague and ambiguous as to "ALL DOCUMENTS RELATED TO

14  POLICIES AND PROCEDURES for the provision of medication ".

15      Further, as phrased, this request potentially requests communications that

16  would be protected for disclosure pursuant to attorney-client and attorney work

17  product privileges.  It is responding party's understanding from meet and confer

18  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

19  correspondence.

20      The breadth of the request, as phrased would also potentially call for trade

21  secrets and/or proprietary information of Responding Party.  Responding Party

22  asserts to the fullest extent of the law its attorney-client privilege and confidential

23  trade secret/proprietary privileges.

24      Notwithstanding said objections, and subject thereto responding party

25  responds as follows:

26      Responding party has produced responsive records, Exhibit A, attached hereto

27  which identifies and produces the documents originally produced and the

28  supplemental productions made by Responding Party.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION
OF DOCUMENTS ISSUED BY PLAINTIFFS**
                                                                    **Ex. M-405**

1 **REQUEST FOR PRODUCTION NO. 5:**

2    ALL DOCUMENTS RELATING TO HEALTH CARE statistics of ANY

3 kind at the JAIL.

4 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

5    OBJECTION:

6    Overbroad, Vague and ambiguous.

7    Further, as phrased, this request potentially requests communications that

8 would be protected for disclosure pursuant to attorney-client and attorney work

9 product privileges.  It is responding party's understanding from meet and confer

10 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

11 correspondence.

12    The breadth of the request, as phrased would also potentially call for

13 proprietary information of Responding Party.  Responding Party asserts to the fullest

14 extent of the law its attorney-client privilege and confidential proprietary privileges.

15    Notwithstanding said objections, and subject thereto responding party

16 responds as follows:

17    Responding party has produced responsive records, Exhibit A, attached hereto

18 which identifies and produces the documents originally produced and the

19 supplemental productions made by Responding Party.

20 **REQUEST FOR PRODUCTION NO. 6:**

21    ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

22 maintaining the privacy of the HEALTH INFORMATION of people incarcerated at

23 the JAIL, including the confidentiality of patient-provider discussions.

24 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

25    OBJECTION:

26    Overbroad, Vague and ambiguous.

27    Further, as phrased, this request potentially requests communications that

28 would be protected for disclosure pursuant to attorney-client and attorney work

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  product privileges.  It is responding party's understanding from meet and confer

2  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

3  correspondence.

4      The breadth of the request, as phrased would also potentially call for

5  proprietary information of Responding Party.  Responding Party asserts to the fullest

6  extent of the law its attorney-client privilege and confidential proprietary privileges.

7      The breadth of the request, as phrased would also potentially call for

8  proprietary information of Responding Party.  Responding Party asserts to the fullest

9  extent of the law its attorney-client privilege and confidential proprietary interests.

10     Notwithstanding said objections, and subject thereto responding party

11  responds as follows:

12     Responding party has produced responsive records, Exhibit A, attached hereto

13  which identifies and produces the documents originally produced and the

14  supplemental productions made by Responding Party.

15  **REQUEST FOR PRODUCTION NO. 7:**

16     ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

17  RELATING TO housing and classification of INCARCERATED PERSON with

18  serious HEALTH CARE issues.

19  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

20     OBJECTION:

21     Overbroad, Vague and ambiguous.

22     Further, as phrased, this request potentially requests communications that

23  would be protected for disclosure pursuant to attorney-client and attorney work

24  product privileges.  It is responding party's understanding from meet and confer

25  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

26  correspondence.

27     The breadth of the request, as phrased would also potentially call for

28  proprietary information of Responding Party.  Responding Party asserts to the fullest

1  extent of the law its attorney-client privilege and confidential proprietary privileges.

2      Notwithstanding said objections, and subject thereto responding party

3  responds as follows:

4      Housing and classification are custody functions. Responding party has

5  produced responsive records, Exhibit A, attached hereto which identifies and

6  produces the documents originally produced and the supplemental productions made

7  by Responding Party.

8  **REQUEST FOR PRODUCTION NO. 8:**

9      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

10  screening of INCARCERATED PERSONS to identify HEALTH CARE needs.

11  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

12      OBJECTION:

13      Overbroad, Vague and ambiguous.

14      Further, as phrased, this request potentially requests communications that

15  would be protected for disclosure pursuant to attorney-client and attorney work

16  product privileges.  It is responding party's understanding from meet and confer

17  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

18  correspondence.

19      The breadth of the request, as phrased would also potentially call for

20  proprietary information of Responding Party.  Responding Party asserts to the fullest

21  extent of the law its attorney-client privilege and confidential proprietary privileges.

22      Notwithstanding said objections, and subject thereto responding party

23  responds as follows:

24      Responding party has produced responsive records, Exhibit A, attached hereto

25  which identifies and produces the documents originally produced and the

26  supplemental productions made by Responding Party.

27  **REQUEST FOR PRODUCTION NO. 9:**

28      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

4873-2654-7233.1                                    10

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  responding to emergency HEALTH CARE needs.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

3  OBJECTION:

4  Overbroad, Vague and ambiguous.

5  As phrased, this request potentially requests communications that would be

6  protected for disclosure pursuant to attorney-client and attorney work product

7  privileges.  It is responding party's understanding from meet and confer efforts with

8  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

9  The breadth of the request, as phrased would also potentially call for

10  proprietary information of Responding Party.  Responding Party asserts to the fullest

11  extent of the law its attorney-client privilege and confidential proprietary privileges.

12  Notwithstanding said objections, and subject thereto responding party

13  responds as follows:

14  Responding party has produced responsive records, Exhibit A, attached hereto

15  which identifies and produces the documents originally produced and the

16  supplemental productions made by Responding Party.

17  **REQUEST FOR PRODUCTION NO. 10:**

18  ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

19  access to outside medical facilities, specialists, and follow-up care.

20  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

21  OBJECTION:

22  Overbroad, Vague and ambiguous.

23  As phrased, this request potentially requests communications that would be

24  protected for disclosure pursuant to attorney-client and attorney work product

25  privileges.  It is responding party's understanding from meet and confer efforts with

26  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

27  The breadth of the request, as phrased would also potentially call for

28  proprietary information of Responding Party.  Responding Party asserts to the fullest

Ex. M-409

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
_Attorneys at Law_

1  extent of the law its attorney-client privilege and confidential proprietary privileges.

2      Notwithstanding said objections, and subject thereto responding party

3  responds as follows:

4      Responding party has produced responsive records, Exhibit A, attached hereto

5  which identifies and produces the documents originally produced and the

6  supplemental productions made by Responding Party.

7  **REQUEST FOR PRODUCTION NO. 11:**

8      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

9  governing the provision of prescription medications, medical devices, and medical

10  diets.

11  **SUPPLEMETNAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

12      OBJECTION:

13      Overbroad, Vague and ambiguous.

14      As phrased, this request potentially requests communications that would be

15  protected for disclosure pursuant to attorney-client and attorney work product

16  privileges.  It is responding party's understanding from meet and confer efforts with

17  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

18      The breadth of the request, as phrased would also potentially call for

19  proprietary information of Responding Party.  Responding Party asserts to the fullest

20  extent of the law its attorney-client privilege and confidential proprietary privileges.

21      Notwithstanding said objections, and subject thereto responding party

22  responds as follows:

23      Responding party has produced responsive records, Exhibit A, attached hereto

24  which identifies and produces the documents originally produced and the

25  supplemental productions made by Responding Party.

26  **REQUEST FOR PRODUCTION NO. 12:**

27      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

28  governing the treatment and monitoring of INCARCERATED PERSONS with

1  chronic medical conditions.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

3      OBJECTION:

4      Overbroad, Vague and ambiguous.

5      As phrased, this request potentially requests communications that would be

6  protected for disclosure pursuant to attorney-client and attorney work product

7  privileges.  It is responding party's understanding from meet and confer efforts with

8  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

9      The breadth of the request, as phrased would also potentially call for

10  proprietary information of Responding Party.  Responding Party asserts to the fullest

11  extent of the law its attorney-client privilege and confidential proprietary privileges.

12      Notwithstanding said objections, and subject thereto responding party

13  responds as follows:

14      Responding party has produced responsive records, Exhibit A, attached hereto

15  which identifies and produces the documents originally produced and the

16  supplemental productions made by Responding Party.

17  **REQUEST FOR PRODUCTION NO. 13:**

18      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

19  governing the treatment and monitoring of pregnant persons.

20  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

21      OBJECTION:

22      Overbroad, Vague and ambiguous.

23      As phrased, this request potentially requests communications that would be

24  protected for disclosure pursuant to attorney-client and attorney work product

25  privileges.  It is responding party's understanding from meet and confer efforts with

26  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

27      The breadth of the request, as phrased would also potentially call for

28  proprietary information of Responding Party.  Responding Party asserts to the fullest

NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION
OF DOCUMENTS ISSUED BY PLAINTIFFS

**Ex. M-411**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
— Attorneys at Law —

1  extent of the law its attorney-client privilege and confidential proprietary privileges.

2      Notwithstanding said objections, and subject thereto responding party

3  responds as follows:

4      Responding party has produced responsive records, Exhibit A, attached hereto

5  which identifies and produces the documents originally produced and the

6  supplemental productions made by Responding Party.

7  **REQUEST FOR PRODUCTION NO. 14:**

8      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

9  governing the treatment and monitoring of INCARCERATED PERSONS with

10 known or suspected withdrawals from prescription or illegal drugs or substances,

11 including but not limited to medications and alcohol.

12 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

13     OBJECTION:

14     Overbroad, Vague and ambiguous.

15     As phrased, this request potentially requests communications that would be

16 protected for disclosure pursuant to attorney-client and attorney work product

17 privileges.  It is responding party's understanding from meet and confer efforts with

18 plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

19     The breadth of the request, as phrased would also potentially call for

20 proprietary information of Responding Party.  Responding Party asserts to the fullest

21 extent of the law its attorney-client privilege and confidential proprietary privileges.

22     Notwithstanding said objections, and subject thereto responding party

23 responds as follows:

24     Responding party has produced responsive records, Exhibit A, attached hereto

25 which identifies and produces the documents originally produced and the

26 supplemental productions made by Responding Party.

27 **REQUEST FOR PRODUCTION NO. 15:**

28     ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
_Attorneys at Law_

1  governing requests for HEALTHCARE ASSISTIVE DEVICES.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

3  OBJECTION:

4  Overbroad, Vague and ambiguous.

5  As phrased, this request potentially requests communications that would be

6  protected for disclosure pursuant to attorney-client and attorney work product

7  privileges.  It is responding party's understanding from meet and confer efforts with

8  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

9  The breadth of the request, as phrased would also potentially call for

10  proprietary information of Responding Party.  Responding Party asserts to the fullest

11  extent of the law its attorney-client privilege and confidential proprietary privileges.

12  Notwithstanding said objections, and subject thereto responding party

13  responds as follows:

14  Responding party has produced responsive records, Exhibit A, attached hereto

15  which identifies and produces the documents originally produced and the

16  supplemental productions made by Responding Party.

17  **REQUEST FOR PRODUCTION NO. 16:**

18  ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

19  governing disagreements between NAPHCARE employees and DEFENDANTS'

20  employees REGARDING HEALTH CARE for INCARCERATED PERSONS.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

22  OBJECTION:

23  Overbroad, Vague and ambiguous.

24  As phrased, this request potentially requests communications that would be

25  protected for disclosure pursuant to attorney-client and attorney work product

26  privileges.  It is responding party's understanding from meet and confer efforts with

27  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

28  The breadth of the request, as phrased would also potentially call for

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   proprietary information of Responding Party.  Responding Party asserts to the fullest

2   extent of the law its attorney-client privilege and confidential proprietary privileges.

3       Notwithstanding said objections, and subject thereto responding party

4   responds as follows:

5       Responding party has produced responsive records, Exhibit A, attached hereto

6   which identifies and produces the documents originally produced and the

7   supplemental productions made by Responding Party.

8   **REQUEST FOR PRODUCTION NO. 17:**

9       ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

10  governing the continuity of care from the community to the JAIL and from the JAIL

11  to the community.

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

13      OBJECTION:

14      Overbroad, Vague and ambiguous.

15      As phrased, this request potentially requests communications that would be

16  protected for disclosure pursuant to attorney-client and attorney work product

17  privileges.  It is responding party's understanding from meet and confer efforts with

18  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

19      The breadth of the request, as phrased would also potentially call for

20  proprietary information of Responding Party.  Responding Party asserts to the fullest

21  extent of the law its attorney-client privilege and confidential proprietary privileges.

22      Notwithstanding said objections, and subject thereto responding party

23  responds as follows:

24      Responding party has produced responsive records, Exhibit A, attached hereto

25  which identifies and produces the documents originally produced and the

26  supplemental productions made by Responding Party.

27  **REQUEST FOR PRODUCTION NO. 18:**

28      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

4873-2654-7233.1

16

**Ex. M-414**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   governing reviews of in-custody deaths.

2   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

3        OBJECTION:

4        Overbroad, Vague and ambiguous.

5        Further, as phrased, this request seeks documents in the custody, control and

6   possession of defendant the County of San Diego and not responding party.

7        This request seeks communications that would be protected for disclosure

8   pursuant to attorney-client and attorney work product privileges.  It is responding

9   party's understanding from meet and confer efforts with plaintiffs' counsel that

10  plaintiffs are not requesting attorney-client correspondence.

11       The breadth of the request, as phrased would also potentially call for

12  proprietary information of Responding Party.  Responding Party asserts to the fullest

13  extent of the law its attorney-client privilege and confidential proprietary privileges.

14       Notwithstanding said objections, and subject thereto responding party

15  responds as follows:

16       Any discoverable site-level review of in custody deaths would have been

17  conducted by the County of San Diego without NaphCare's participation, and those

18  documents are maintained by the County of San Diego.  The review of in custody

19  deaths done by Responding Party are done without the presence of San Diego

20  County employees, at the direction of counsel, and counsel is present at all

21  meetings.  See privilege log.

22  **REQUEST FOR PRODUCTION NO. 19:**

23       ALL DOCUMENTS RELATING TO the provision of foreign language and

24  sign language interpretation services for INCARCERATED PERSONS whose

25  primary language is not English during visits with HEALTH CARE STAFF.

26  **SUPPLEMETNAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

27       OBJECTION:

28       Overbroad, Vague and ambiguous.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
—— Attorneys at Law ——

4873-2654-7233.1

17

Ex. M-415

1    As phrased, this request potentially requests communications that would be

2 protected for disclosure pursuant to attorney-client and attorney work product

3 privileges.  It is responding party's understanding from meet and confer efforts with

4 plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

5    The breadth of the request, as phrased would also potentially call for trade

6 secrets and/or proprietary information of Responding Party.  Responding Party

7 asserts to the fullest extent of the law its attorney-client privilege and confidential

8 proprietary privileges.

9    Notwithstanding said objections, and subject thereto responding party

10 responds as follows:

11    Responding party has produced responsive records, Exhibit A, attached hereto

12 which identifies and produces the documents originally produced and the

13 supplemental productions made by Responding Party.

14  **REQUEST FOR PRODUCTION NO. 20:**

15    ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

16 governing diagnostic or laboratory testing and follow-up for INCARCERATED

17 PERSONS.

18 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

19    OBJECTION:

20    Overbroad, Vague and ambiguous.

21    As phrased, this request potentially requests communications that would be

22 protected for disclosure pursuant to attorney-client and attorney work product

23 privileges.  It is responding party's understanding from meet and confer efforts with

24 plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

25    The breadth of the request, as phrased would also potentially call for trade

26 secrets and/or proprietary information of Responding Party.  Responding Party

27 asserts to the fullest extent of the law its attorney-client privilege and confidential

28 proprietary privileges.

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
— Attorneys at Law —

1  Notwithstanding said objections, and subject thereto responding party

2  responds as follows:

3  Responding party has produced responsive records, Exhibit A, attached hereto

4  which identifies and produces the documents originally produced and the

5  supplemental productions made by Responding Party.

6  **REQUEST FOR PRODUCTION NO. 21:**

7  ALL DOCUMENTS RELATING TO the housing of INCARCERATED

8  PERSONS with MENTAL DISORDERS or who are receiving mental HEALTH

9  CARE, including but not limited to determinations of need for housing; evaluations

10  of housing; POLICIES AND PROCEDURES for moving INCARCERATED

11  PERSONS to appropriate housing; and requests for funding for mental health

12  housing.

13  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

14  OBJECTION:

15  Overbroad, Vague and ambiguous.

16  Further, as phrased, this request potentially requests communications that

17  would be protected for disclosure pursuant to attorney-client and attorney work

18  product privileges.  It is responding party's understanding from meet and confer

19  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

20  correspondence.

21  The breadth of the request, as phrased would also potentially call for

22  proprietary information of Responding Party.  Responding Party asserts to the fullest

23  extent of the law its attorney-client privilege and confidential proprietary privileges.

24  Notwithstanding said objections, and subject thereto responding party

25  responds as follows:

26  Classification and housing are custody functions. Responding party has

27  produced responsive records, Exhibit A, attached hereto which identifies and

28  produces the documents originally produced and the supplemental productions made

4873-2654-7233.1

19

Ex. M-417

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  by Responding Party.

2  **REQUEST FOR PRODUCTION NO. 22:**

3       ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

4  REGARDING suicide prevention.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

6       OBJECTION:

7       Overbroad, Vague and ambiguous.

8       Further, as phrased, this request potentially requests communications that

9  would be protected for disclosure pursuant to attorney-client and attorney work

10 product privileges.  It is responding party's understanding from meet and confer

11 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

12 correspondence.

13      The breadth of the request, as phrased would also potentially call for

14 proprietary information of Responding Party.  Responding Party asserts to the fullest

15 extent of the law its attorney-client privilege and confidential proprietary privileges.

16      Notwithstanding said objections, and subject thereto responding party

17 responds as follows:

18      Responding party has produced responsive records, Exhibit A, attached hereto

19 which identifies and produces the documents originally produced and the

20 supplemental productions made by Responding Party.

21 **REQUEST FOR PRODUCTION NO. 23:**

22      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

23 REGARDING housing placements for INCARCERATED PERSONS with

24 MENTAL DISORDERS or who are receiving mental HEALTH CARE.

25 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

26      OBJECTION:

27      Overbroad, Vague and ambiguous.

28      Further, as phrased, this request potentially requests communications that

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1 would be protected for disclosure pursuant to attorney-client and attorney work

2 product privileges.  It is responding party's understanding from meet and confer

3 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

4 correspondence.

5      The breadth of the request, as phrased would also potentially call for

6 proprietary information of Responding Party.  Responding Party asserts to the fullest

7 extent of the law its attorney-client privilege and confidential proprietary privileges.

8      Notwithstanding said objections, and subject thereto responding party

9 responds as follows:

10      Responding party has produced responsive records, Exhibit A, attached hereto

11 which identifies and produces the documents originally produced and the

12 supplemental productions made by Responding Party.

13 **REQUEST FOR PRODUCTION NO. 24:**

14      ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

15 housed in sobering cell.

16 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

17      OBJECTION:

18      Overbroad, Vague and ambiguous.

19      Further, as phrased, this request potentially requests communications that

20 would be protected for disclosure pursuant to attorney-client and attorney work

21 product privileges.  It is responding party's understanding from meet and confer

22 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

23 correspondence.

24      The breadth of the request, as phrased would also potentially call for

25 proprietary information of Responding Party.  Responding Party asserts to the fullest

26 extent of the law its attorney-client privilege and confidential proprietary privileges.

27      Notwithstanding said objections, and subject thereto responding party

28 responds as follows:

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1    Responding party has produced responsive records, Exhibit A, attached hereto

2    which identifies and produces the documents originally produced and the

3    supplemental productions made by Responding Party.

4    **REQUEST FOR PRODUCTION NO. 25:**

5    ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

6    housed in safety cells.

7    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

8    OBJECTION:

9    Overbroad, Vague and ambiguous.

10    Further, as phrased, this request potentially requests communications that

11    would be protected for disclosure pursuant to attorney-client and attorney work

12    product privileges.  It is responding party's understanding from meet and confer

13    efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

14    correspondence.

15    The breadth of the request, as phrased would also potentially call for

16    proprietary information of Responding Party.  Responding Party asserts to the fullest

17    extent of the law its attorney-client privilege and confidential proprietary privileges.

18    Notwithstanding said objections, and subject thereto responding party

19    responds as follows:

20    Responding party has produced responsive records, Exhibit A, attached hereto

21    which identifies and produces the documents originally produced and the

22    supplemental productions made by Responding Party.

23    **REQUEST FOR PRODUCTION NO. 26:**

24    ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

25    housed in Psychiatric Stabilization Unit or Psychiatric Security Unit.

26    **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

27    OBJECTION:

28    Overbroad, Vague and ambiguous.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1      Further, as phrased, this request potentially requests communications that

2  would be protected for disclosure pursuant to attorney-client and attorney work

3  product privileges.  It is responding party's understanding from meet and confer

4  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

5  correspondence.

6      The breadth of the request, as phrased would also potentially call for

7  proprietary information of Responding Party.  Responding Party asserts to the fullest

8  extent of the law its attorney-client privilege and confidential proprietary privileges.

9      Notwithstanding said objections, and subject thereto responding party

10  responds as follows:

11      Responding party has produced responsive records, Exhibit A, attached hereto

12  which identifies and produces the documents originally produced and the

13  supplemental productions made by Responding Party.

14  **REQUEST FOR PRODUCTION NO. 27:**

15      ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

16  housed in the Outpatient Step Down Unit.

17  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

18      OBJECTION:

19      Overbroad, Vague and ambiguous.

20      Further, as phrased, this request potentially requests communications that

21  would be protected for disclosure pursuant to attorney-client and attorney work

22  product privileges.  It is responding party's understanding from meet and confer

23  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

24  correspondence.

25      The breadth of the request, as phrased would also potentially call for

26  proprietary information of Responding Party.  Responding Party asserts to the fullest

27  extent of the law its attorney-client privilege and confidential proprietary privileges.

28      Notwithstanding said objections, and subject thereto responding party

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  responds as follows:

2      Responding party has produced responsive records, Exhibit A, attached hereto

3  which identifies and produces the documents originally produced and the

4  supplemental productions made by Responding Party.

5  **REQUEST FOR PRODUCTION NO. 28:**

6      ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

7  housed in Enhanced Observation Housing.

8  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

9      OBJECTION:

10     Overbroad, Vague and ambiguous.

11     Further, as phrased, this request potentially requests communications that

12  would be protected for disclosure pursuant to attorney-client and attorney work

13  product privileges.  It is responding party's understanding from meet and confer

14  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

15  correspondence.

16     The breadth of the request, as phrased would also potentially call for

17  proprietary information of Responding Party.  Responding Party asserts to the fullest

18  extent of the law its attorney-client privilege and confidential proprietary privileges.

19     Notwithstanding said objections, and subject thereto responding party

20  responds as follows:

21     Responding party has produced responsive records, Exhibit A, attached hereto

22  which identifies and produces the documents originally produced and the

23  supplemental productions made by Responding Party.

24  **REQUEST FOR PRODUCTION NO. 29:**

25     ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

26  placed on suicide watch or suicide precautions.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

28     OBJECTION:

**NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS**

**Ex. M-422**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    Overbroad, Vague and ambiguous.

2    Further, as phrased, this request potentially requests communications that

3  would be protected for disclosure pursuant to attorney-client and attorney work

4  product privileges.  It is responding party's understanding from meet and confer

5  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

6  correspondence.

7    The breadth of the request, as phrased would also potentially call for

8  proprietary information of Responding Party.  Responding Party asserts to the fullest

9  extent of the law its attorney-client privilege and confidential proprietary privileges.

10    Notwithstanding said objections, and subject thereto responding party

11  responds as follows:

12    Responding party has produced responsive records, Exhibit A, attached hereto

13  which identifies and produces the documents originally produced and the

14  supplemental productions made by Responding Party.

15  **REQUEST FOR PRODUCTION NO. 30:**

16    DOCUMENTS sufficient to show the number of INCARCERATED

17  PERSONS with MENTAL DISORDERS or who are receiving mental HEALTH

18  CARE in Enhanced Observation Housing or Outpatient Step Down unit housing, by

19  month since June l, 2022.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

21    OBJECTION:

22    Overbroad, Vague and ambiguous.  The request is so overbroad and

23  burdensome that it is oppressive.  Moreover, defendant County of San Diego is in

24  the possession, custody and control of these documents and as a defendant/party to

25  the lawsuit should have to incur the burden of production.

26    Further, as phrased, this request potentially requests communications that

27  would be protected for disclosure pursuant to attorney-client and attorney work

28  product privileges.  It is responding party's understanding from meet and confer

1  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

2  correspondence.

3        The breadth of the request, as phrased would also potentially call for

4  proprietary information of Responding Party.  Responding Party asserts to the fullest

5  extent of the law its attorney-client privilege and confidential proprietary privileges.

6        Notwithstanding said objections, and subject thereto responding party

7  responds as follows:

8        Responding Party is informed and believes that responsive documents are in

9  the possession, custody and control of the County of San Diego.  Notwithstanding,

10  Responding Party produces Exhibit A, attached hereto.

11  **REQUEST FOR PRODUCTION NO. 31:**

12        ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

13  the distribution of medications for INCARCERATED PERSONS with MENTAL

14  DISORDERS or who are receiving mental HEALTH CARE.

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

16        OBJECTION:

17        Overbroad, Vague and ambiguous.

18        Further, as phrased, this request potentially requests communications that

19  would be protected for disclosure pursuant to attorney-client and attorney work

20  product privileges.  It is responding party's understanding from meet and confer

21  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

22  correspondence.

23        The breadth of the request, as phrased would also potentially call for

24  proprietary information of Responding Party.  Responding Party asserts to the fullest

25  extent of the law its attorney-client privilege and confidential proprietary privileges.

26        Notwithstanding said objections, and subject thereto responding party

27  responds as follows:

28        Responding party has produced responsive records, Exhibit A, attached hereto

NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION
OF DOCUMENTS ISSUED BY PLAINTIFFS

**Ex. M-424**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  which identifies and produces the documents originally produced and the

2  supplemental productions made by Responding Party.

3  **REQUEST FOR PRODUCTION NO. 32:**

4      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

5  REGARDING the sterilization of instruments and equipment used for providing

6  DENTAL CARE at the JAIL.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

8      OBJECTION:

9      Overbroad, Vague and ambiguous.

10      Further, as phrased, this request potentially requests communications that

11  would be protected for disclosure pursuant to attorney-client and attorney work

12  product privileges.  It is responding party's understanding from meet and confer

13  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

14  correspondence.

15      The breadth of the request, as phrased would also potentially call for

16  proprietary information of Responding Party.  Responding Party asserts to the fullest

17  extent of the law its attorney-client privilege and confidential proprietary privileges.

18      Notwithstanding said objections, and subject thereto responding party

19  responds as follows:

20      Responding party has produced responsive records, Exhibit A, attached hereto

21  which identifies and produces the documents originally produced and the

22  supplemental productions made by Responding Party.

23  **REQUEST FOR PRODUCTION NO. 33:**

24      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

25  REGARDING INCARCERATED PERSONS' access to oral health items, including

26  but not limited to toothbrushes, toothpaste, and dental floss or equivalent.

27  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

28      OBJECTION:

1     Overbroad, Vague and ambiguous.

2     Further, as phrased, this request potentially requests communications that

3 would be protected for disclosure pursuant to attorney-client and attorney work

4 product privileges.  It is responding party's understanding from meet and confer

5 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

6 correspondence.

7     The breadth of the request, as phrased would also potentially call for

8 proprietary information of Responding Party.  Responding Party asserts to the fullest

9 extent of the law its attorney-client privilege and confidential proprietary privileges.

10     Notwithstanding said objections, and subject thereto responding party

11 responds as follows:

12     Responding Party is not in the possession, custody or control of responsive

13 documents.

14 **REQUEST FOR PRODUCTION NO. 34:**

15     ALL DOCUMENTS REGARDING HEALTH CARE for INCARCERATED

16 PEOPLE who were referred for outside care.

17 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

18     OBJECTION:

19     Overbroad, Vague and ambiguous.

20     Further, as phrased, this request potentially requests communications that

21 would be protected for disclosure pursuant to attorney-client and attorney work

22 product privileges.  It is responding party's understanding from meet and confer

23 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

24 correspondence.

25     The breadth of the request, as phrased would also potentially call for

26 proprietary information of Responding Party.  Responding Party asserts to the fullest

27 extent of the law its attorney-client privilege and confidential proprietary privileges.

28     Notwithstanding said objections, and subject thereto responding party

Manning & Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

1 responds as follows:

2      Responding party has produced responsive records, Exhibit A, attached hereto

3 which identifies and produces the documents originally produced and the

4 supplemental productions made by Responding Party.

5 **REQUEST FOR PRODUCTION NO. 35:**

6      ALL DOCUMENTS RELATED TO inspections of HEALTH CARE

7 facilities or practices at the JAIL by an entity other than YOU.

8 **SUPPLEMETNAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

9      OBJECTION:

10      Overbroad, Vague and ambiguous.

11      Further, as phrased, this request potentially requests communications that

12 would be protected for disclosure pursuant to attorney-client and attorney work

13 product privileges.  It is responding party's understanding from meet and confer

14 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

15 correspondence.

16      The breadth of the request, as phrased would also potentially call for

17 proprietary information of Responding Party.  Responding Party asserts to the fullest

18 extent of the law its attorney-client privilege and confidential proprietary privileges.

19      Notwithstanding said objections, and subject thereto responding party

20 responds as follows:

21      Responding party has produced responsive records, Exhibit A, attached hereto

22 which identifies and produces the documents originally produced and the

23 supplemental productions made by Responding Party.

24 **REQUEST FOR PRODUCTION NO. 36:**

25      ALL STAFFING PLANS RELATING TO the JAIL.

26 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

27      OBJECTION:

28      Overbroad, Vague and ambiguous as to "STAFFING PLANS".

4873-2654-7233.1
29
**NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS**

Ex. M-427

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

1    Further, as phrased, this request potentially requests communications that

2 would be protected for disclosure pursuant to attorney-client and attorney work

3 product privileges.  It is responding party's understanding from meet and confer

4 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

5 correspondence.

6    The breadth of the request, as phrased would also potentially call for

7 proprietary information of Responding Party.  Responding Party asserts to the fullest

8 extent of the law its attorney-client privilege and confidential proprietary privileges.

9    Notwithstanding said objections, and subject thereto responding party

10 responds as follows:

11    Responding party has produced responsive records, Exhibit A, attached hereto

12 which identifies and produces the documents originally produced and the

13 supplemental productions made by Responding Party.

14 **REQUEST FOR PRODUCTION NO. 37:**

15    ALL DOCUMENTS RELATING TO the analysis, study, or ADEQUACY of

16 staffing at the JAIL.

17 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

18    OBJECTION:

19    Overbroad, Vague and ambiguous.

20    Further, as phrased, this request potentially requests communications that

21 would be protected for disclosure pursuant to attorney-client and attorney work

22 product privileges.  It is responding party's understanding from meet and confer

23 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

24 correspondence.

25    The breadth of the request, as phrased would also potentially call for

26 proprietary information of Responding Party.  Responding Party asserts to the fullest

27 extent of the law its attorney-client privilege and confidential proprietary privileges.

28    Notwithstanding said objections, and subject thereto responding party

**NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION
OF DOCUMENTS ISSUED BY PLAINTIFFS**

**Ex. M-428**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

1  responds as follows:

2    Responding Party is not in the possession, custody or control of responsive

3  documents.

4  **REQUEST FOR PRODUCTION NO. 38:**

5    DOCUMENTS sufficient to show the LICENSING CREDENTIALS of ALL

6  NAPHCARE EMPLOYEES who have worked at the JAIL.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

8    OBJECTION:

9    Overbroad, Vague and ambiguous.

10    Further, as phrased, this request potentially requests communications that

11  would be protected for disclosure pursuant to attorney-client and attorney work

12  product privileges.  It is responding party's understanding from meet and confer

13  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

14  correspondence.

15    The breadth of the request, as phrased would also potentially call for

16  proprietary information of Responding Party.  Responding Party asserts to the fullest

17  extent of the law its attorney-client privilege and confidential proprietary privileges.

18    Notwithstanding said objections, and subject thereto responding party

19  responds as follows:

20    Responding party has produced responsive records, Exhibit A, attached hereto

21  which identifies and produces the documents originally produced and the

22  supplemental productions made by Responding Party.

23   **REQUEST FOR PRODUCTION NO. 39:**

24    ALL minutes from QUALITY ASSURANCE MEETINGS RELATING TO

25  the JAIL.

26  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

27    OBJECTION:

28    Overbroad, Vague and ambiguous.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    Further, as phrased, this request potentially requests communications that

2 would be protected for disclosure pursuant to attorney-client and attorney work

3 product privileges.  It is responding party's understanding from meet and confer

4 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

5 correspondence.

6    The breadth of the request, as phrased would also potentially call for

7 proprietary information of Responding Party.  Responding Party asserts to the fullest

8 extent of the law its attorney-client privilege and confidential proprietary privileges.

9    Notwithstanding said objections, and subject thereto responding party

10 responds as follows:

11    Responding Party is not in the possession, custody or control of any

12 responsive documents.

13 **REQUEST FOR PRODUCTION NO. 40:**

14    ALL DOCUMENTS RELATING TO the ADEQUACY of the CLINICAL

15 FACILITIES at the JAIL.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

17    OBJECTION:

18    Overbroad, Vague and ambiguous.

19    As phrased, this request potentially requests communications that would be

20 protected for disclosure pursuant to attorney-client and attorney work product

21 privileges.  It is responding party's understanding from meet and confer efforts with

22 plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

23    The breadth of the request, as phrased would also potentially call for

24 proprietary information of Responding Party.  Responding Party asserts to the fullest

25 extent of the law its attorney-client privilege and confidential proprietary privileges.

26    Notwithstanding said objections, and subject thereto responding party

27 responds as follows:

28    Responding Party is not in the possession, custody or control of responsive

**NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION
OF DOCUMENTS ISSUED BY PLAINTIFFS**

**Ex. M-430**

1  documents.  However, given the potential breadth of the request Responding party

2  has produced responsive records, Exhibit A, attached hereto which identifies and

3  produces the documents originally produced and the supplemental productions made

4  by Responding Party.

5  **REQUEST FOR PRODUCTION NO. 41:**

6      ALL DOCUMENTS RELATING to DEATHS of people incarcerated at the

7  JAIL from June 1, 2022 to the present.

8  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

9      OBJECTION:

10     Overbroad, Vague and ambiguous.

11     None of the plaintiffs in this matter are decedents or heirs of decedents.  This

12  request violates the privacy rights of third parties and HIPAA rights of third party

13  inmates.  Additionally, any site-level death reviews are conducted by the County of

14  San Diego without participation by NaphCare, who maintains the custody, control

15  and possession of said documents.  All death reviews conducted by Responding

16  Party are conducted without the participation of the County of San Diego at the

17  direction of counsel, and counsel is present at all meetings related to the same.  See

18  Privilege Log.

19     Further, as phrased, this request potentially requests communications that

20  would be protected for disclosure pursuant to attorney-client and attorney work

21  product privileges.  It is responding party's understanding from meet and confer

22  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

23  correspondence.

24     The breadth of the request, as phrased would also potentially call for

25  proprietary information of Responding Party.  Responding Party asserts to the fullest

26  extent of the law its attorney-client privilege and confidential proprietary privileges.

27  **REQUEST FOR PRODUCTION NO. 42:**

28     ALL DOCUMENTS RELATING TO formal and informal HEALTH CARE

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  training provided to HEALTH CARE STAFF, including but not limited to training

2  RELATING TO (a) the provision of HEALTH CARE, (b) administrative

3  responsibilities RELATING TO the provision of HEALTH CARE, (c) the

4  processing of sick call requests, and (d) POLICIES AND PROCEDURES to ensure

5  that INCARCERATED PERSONS have access to HEALTH CARE.

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

7  OBJECTION:

8  Overbroad, Vague and ambiguous.

9  Further, as phrased, this request potentially requests communications that

10  would be protected for disclosure pursuant to attorney-client and attorney work

11  product privileges.  It is responding party's understanding from meet and confer

12  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

13  correspondence.

14  The breadth of the request, as phrased calls for proprietary training material

15  and information of Responding Party.  Responding Party asserts to the fullest extent

16  of the law its attorney-client privilege and confidential proprietary privileges.  See

17  privilege log.

18  Notwithstanding said objections, and subject thereto responding party

19  responds as follows:

20  The parties have met and conferred and plaintiffs have agreed to accept a list

21  of training received.  Responding Party produced the list and requesting party has

22  not provided a list of requested training materials.  Exhibit A without a waiver of its

23  privilege objection.

24  **REQUEST FOR PRODUCTION NO. 43:**

25  ALL DOCUMENTS RELATING TO monitoring and/or auditing of

26  HEALTH CARE provided to INCARCERATED PERSONS, including but not

27  limited to, quality improvement, quality assurance or clinical performance reviews,

28  peer reviews, in-service trainings, internal or external audits, technical assistance

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  reports, accreditations, contract monitoring reports, minutes from QUALITY

2  ASSURANCE MEETINGS, and HEALTH CARE record reviews, from June 1,

3  2021 to the present.

4  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

5      OBJECTION:

6      Overbroad with respect to the timeframe requested and scope, Vague and

7  ambiguous.

8      Further, as phrased, this request potentially requests communications that

9  would be protected for disclosure pursuant to attorney-client and attorney work

10 product privileges.  It is responding party's understanding from meet and confer

11 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

12 correspondence.

13     The breadth of the request, as phrased would also potentially call for trade

14 secrets and/or proprietary information of Responding Party, and private information

15 about its employees.  Responding Party asserts to the fullest extent of the law its

16 attorney-client privilege and confidential proprietary privileges.

17     Notwithstanding said objections, and subject thereto responding party

18 responds as follows:

19     Responding Party is informed and believes that responsive documents are in

20 the custody, possession and control of County of San Diego.  However, given the

21 breadth and ambiguity responding party has produced responsive records, Exhibit A,

22 attached hereto which identifies and produces the documents originally produced

23 and the supplemental productions made by Responding Party.

24

25

26

27

28

1    DATED:  January 12 2024          **MANNING & KASS**
                                      **ELLROD, RAMIREZ, TRESTER LLP**

2

3

4                                     By:    _____/s/ G. Craig Smith_____

5                                            Eugene P. Ramirez
                                             G. Craig Smith
6                                            Attorneys for NAPHCARE OF SAN
7                                            DIEGO LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION
OF DOCUMENTS ISSUED BY PLAINTIFFS**                              **Ex. M-434**

# DUNSMORE, ET AL. V. SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, ET AL.

## EXHIBIT A

### DEFENDANT'S RRFP – DOCUMENTS LIST

PRIVILEGES/OBJECTIONS ASSERTION: Notwithstanding any production by defendant of any of the documents identified herein below, defendant incorporates by reference here, as to each and all of the documents identified herein below, all of the objections and privileges asserted in defendant's responses to plaintiff's set one requests for production, including but not limited to: the California official information privilege and related police officer personnel records privileges pursuant to California Penal Code sections 832.7 and 832.8 as well as California Evidence Code sections 1040, 1043, and 1045 and the associated case law; the police officer personnel records privileges under California Penal Code section 832.7(b) and/or California Evidence Code section 1045; and the federal and California constitutional right to privacy, to the fullest extent applicable.

| NO: | DOCUMENTS: |
|---|---|
| 1. | Consolidated Healthcare Delivery Contract. County of San Diego and Naphcare, Inc. Contract No. 566117. 04/26/22. Bates: **[NAPHCARE000001-000137 ]** |
| 2. | Electronic Medical Records System Agreement. County of San Diego and Naphcare, Inc. Contract No. 558056. 08/02/18. Bates: **[NAPHCARE000138-446]** |
| 3. | Department of Purchasing and Contracting. Contract No. 558056. Amendment 1. County of San Diego and Naphcare, Inc. 01/24/20. Bates: **[NAPHCARE000447-448]** |
| 4. | Language Line Services, Inc. Contract with Naphcare. 03/20/19. Bates: **[NAPHCARE000449-459]** |

**Ex. M-435**

| 5. | Laboratory Services Agreement Between Naphcare of San Diego, LLC and Quest Diagnostics. 05/27/22.<br><br>Bates: **[NAPHCARE000460-482]** |
|----|----|
| 6. | Laboratory Services Agreement Between Naphcare of San Diego, LLC and Quest Diagnostics. Amendment. 08/22/22.<br><br>Bates: **[NAPHCARE000483-497]** |
| 7. | Pharmacy Auditor Professional Services Agreement.<br><br>Bates: **[NAPHCARE000498-541]** |
| 8. | Consolidated Healthcare Delivery Contract.<br><br>County of San Diego and Naphcare, Inc. Contract No. 566117. 04/26/22.<br><br>Bates: **[NAPHCARE000542-678]** |
| 9. | County of San Diego Health Care Policy and Procedure Manual.<br><br>Bates: **[NAPHCARE000679-1030]** |
| 10. | Naphcare and San Diego County Health Care Policy and Procedure Manual. 06/02/22. 001.<br><br>Bates: **[NAPHCARE001031-1283]** |
| 11. | Naphcare, Inc. Record Retention Schedule Policy. 2021.<br><br>Bates: **[NAPHCARE001284-1287]** |
| 12. | Naphcare and San Diego County Health Care Policy and Procedure Manual. 06/02/22. 002.<br><br>Bates: **[NAPHCARE001288-1540]** |
| 13. | Naphcare Full San Diego Policy Manual (With Site Addendums)<br><br>Bates: **[NAPHCARE001541-1892]** |
| 14. | NaphCare, Inc. Correspondence. re COSD Request for Proposals—Sheriff's Department Consolidated Health Care Delivery. 07/19/21.<br><br>Bates: **[NAPHCARE001893]** |
| 15. | COSD Correspondence re Request for Proposals—Sheriff's Department Consolidated Health Care Delivery. 04/05/21.<br><br>Bates: **[NAPHCARE001894-1979]** |
| 16. | COSD Correspondence re Request for Proposals. Addendum No. 04. 04/16/21.<br><br>Bates: **[NAPHCARE001980-1982]** |

**Ex. M-436**

| 17. | COSD—Request for Proposals. Attachment A. Statement of Objectives—Addendum 5. Bates: **[NAPHCARE001983-2003]** |
|-----|--------------------------------------------------------------------------------------------------------------|
| 18. | COSD Correspondence re Request for Proposals—Addendum No. 7. 04/30/21. Bates: **[NAPHCARE002004-2015]** |
| 19. | COSD Correspondence re Request for Proposals—Addendum No. 8. 05/12/21. Bates: **[NAPHCARE002016-2022]** |
| 20. | Naphcare. Utilization Management Policy. 2023. Bates: **[NAPHCARE002023]** |
| 21. | Email Corr. re SDCJ Folder. 07/13/23. Bates: **[NAPHCARE015427-15428]** |
| 22. | Email Corr. re Sharefile Activity Notification. 06/14/23. Bates: **[NAPHCARE015429-15431]** |
| 23. | Email Corr. re NCCHS Folders Sample. 06/14/23. Bates: **[NAPHCARE015432-15433]** |
| 24. | Email Corr. re Medical Services Share Folder. 06/16/23. Bates: **[NAPHCARE015434-15435]** |
| 25. | Email Corr. re ShareFile Confirmation Email. 06/15/23. Bates: **[NAPHCARE015436-15437]** |
| 26. | Email Corr. re Sharefile Folder. 06/16/23. Bates: **[NAPHCARE015438-15440]** |
| 27. | Email Corr. re Policies. 06/15/23. Bates: **[NAPHCARE015441-15442]** |
| 28. | Email Corr. re File Request. 06/14/23. Bates: **[NAPHCARE015443-15444]** |
| 29. | Email Corr. re Section A. 06/13/23. Bates: **[NAPHCARE015445-15446]** |
| 30. | Email Corr. re SD P&P. 06/08/23. Bates: **[NAPHCARE015447-15451]** |

**Ex. M-437**

| 31. | Email Corr. re SD P&P. 06/07/23. 001. <br> Bates: **[NAPHCARE015452-15456]** |
|---|---|
| 32. | Email Corr. re SD P&P. 06/07/23. 002. <br> Bates: **[NAPHCARE015457-15460]** |
| 33. | Email Corr. re SD P&P. 06/07/23. 003. <br> Bates: **[NAPHCARE015461-15464]** |
| 34. | Email Corr. re SD P&P. 06/07/23. 004. <br> Bates: **[NAPHCARE015465-15468]** |
| 35. | Email Corr. re. NCCHC Folders Sample. 05/15/23. <br> Bates: **[NAPHCARE015469-15470]** |
| 36. | Email Corr. re SD P&P. 06/18/23. <br> Bates: **[NAPHCARE015471-15476]** |
| 37. | Redacted Sick Calls <br> Bates: **[NAPHCARE002024-9637]** |
| 38. | Time Detail. Employee Borquez, Randolph Anthony. 01/01/23-09/14/23. <br> Bates: **[NAPHCARE009638-9639]** |
| 39. | Time Detail. Employee Patel, Divya. 01/01/23-09/14/23. <br> Bates: **[NAPHCARE009640-9653]** |
| 40. | Time Detail. Employee Polanco, Justin D. 01/01/23-09/14/23. <br> Bates: **[NAPHCARE009654-9664]** |
| 41. | Time Detail. Employee Epps-Robbins, De'Andra Colette. 01/01/23-09/14/23. <br> Bates: **[NAPHCARE009665-9690]** |
| 42. | Time Detail. Employee Panganiban, Destiny Monique. 01/01/23-09/14/23. <br> Bates: **[NAPHCARE009691-9702]** |
| 43. | Dental Equipment. <br> Bates: **[NAPHCARE009703]** |
| 44. | Naphcare, Inc. Pharmacist Inspection Report. San Diego Central. 2022. <br> Bates: **[NAPHCARE009704-9721]** |

**Ex. M-438**

| 45. | Naphcare, Inc. Pharmacist Inspection Report. San Diego Central. 2023. Bates: **[NAPHCARE009722-9739]** |
|---|---|
| 46. | Naphcare, Inc. Pharmacist Inspection Report. Vista. 2022. Bates: **[NAPHCARE009740-9751]** |
| 47. | Naphcare, Inc. Pharmacist Inspection Report. Vista. 2023. Bates: **[NAPHCARE009752-9763]** |
| 48. | Naphcare, Inc. Pharmacist Inspection Report. East Mesa. 2022. Bates: **[NAPHCARE009764-9775]** |
| 49. | Naphcare, Inc. Pharmacist Inspection Report. East Mesa. 2023. Bates: **[NAPHCARE009776-9787]** |
| 50. | Naphcare, Inc. Pharmacist Inspection Report. George Bailey. 2022. Bates: **[NAPHCARE009788-9805]** |
| 51. | Naphcare, Inc. Pharmacist Inspection Report. George Bailey. 2023. Bates: **[NAPHCARE009806-9817]** |
| 52. | Naphcare, Inc. Pharmacist Inspection Report. Los Colinas. 2022. Bates: **[NAPHCARE009818-9835]** |
| 53. | Naphcare, Inc. Pharmacist Inspection Report. Los Colinas. 2023. Bates: **[NAPHCARE009836-9847]** |
| 54. | Dates of Incarceration Bates: **[NAPHCARE009848-9849]** |
| 55. | HSR Infection Control. San Diego. 01/22-12/22. Bates: **[NAPHCARE009850-9888]** |
| 56. | HSR Infection Control. San Diego. 01/23-07/23. Bates: **[NAPHCARE009889-9914]** |
| 57. | Time Detail Report. CA San Diego. Bates: **[NAPHCARE009915-12714]** |
| 58. | San Diego Naphcare Roster Bates: **[NAPHCARE012715-12741]** |

**Ex. M-439**

| 59. | San Diego Full Report. 01/01/22-Present.<br><br>Bates: **[NAPHCARE012742-13137]** |
|-----|-----|
| 60. | Dental Appointments Report.<br><br>Bates: **[NAPHCARE013138-15426]** |
| 61. | Privilege Log: (1) In Custody Death Reviews.  Privilege: Attorney Client Privilege/Attorney Work Product.  All in custody death reviews are done at the direction of responding party's counsel and all meetings are attended by counsel. |
| 62. | Privilege Log: (2) Individual Medical Records of Inmates.  Privilege: Privacy Rights of Thousands of Third Party inmates.  HIPPA privacy rights.  No waiver or authorization from each inmate has been received. |
| 63. | Privilege Log: (3) Training Materials of Responding Party: Privilege: Attorney Client Privilege/Attorney Work Product and Proprietary Information.  The material is extensive in nature, has been prepared in house by Responding Party and gives Responding Party a competitive edge over competitors. |
| 64. | Privilege Log: (4) Non Health Care Related Disciplinary Records: Privilege: Privacy Rights of Third Party Employees |
| 65. | Privilege Log: (5) Document Evidencing Costs of Responding Party/Profits: Privilege: Proprietary Information of Responding Party that is not relevant to any claim or defense of the parties and is proprietary in nature in that it provides competitive advantages over competitors. |
| 66. | Employee Discipline Report. Redacted. 11/04/22.<br><br>**[NAPHCARE015965]** |
| 67. | Naphcare Master Staff Roster<br><br>**[NAPHCARE015963-15964]** |
| 68. | Time Detail Report. CA SD. 06/2022- 09/2023.<br><br>**[NAPHCARE015489-15962]** |
| 69. | SD Dental Extractions with Facility. 2023.<br><br>**[NAPHCARE015477-15488]** |
| 70. | Columbia Suicide Screening Form. Central Jail.<br><br>**[NAPHCARE015966-15967]** |
| 71. | Health Assessment Form. Central Jail.<br><br>**[NAPHCARE015968-15975]** |

**Ex. M-440**

| 72. | W/PSU Transfer/ Discharge Form. Central Jail.<br>**[NAPHCARE015976-15984]** |
|---|---|
| 73. | Mental Health Screening Form. Central Jail.<br>**[NAPHCARE015985-15989]** |
| 74. | Dental Form. Central Jail.<br>**[NAPHCARE015990-15995]** |
| 75. | San Diego Naphcare Roster. 69A.<br>**[NAPHCARE015996-16009]** |
| 76. | San Diego Full Report. 01/01/22. to Present.<br>**[NAPHCARE016010-16150]** |
| 77. | Time Detail Report. CA San Diego.<br>**[NAPHCARE016151-16624]** |
| 78. | RN Care Protocols.<br>**[NAPHCARE016625]** |
| 79. | MH Care Protocols.<br>**[NAPHCARE016626]** |
| 80. | LPN Care Protocols.<br>**[NAPHCARE016627]** |
| 81. | Health Care Policy and Procedure Manual.<br>**[NAPHCARE016628-16632]** |
| 82. | NaphCare Organizational Chart for San Diego.<br>**[NAPHCARE016633]** |
| 83. | Mental Health Rehabilitation Specialist/Recreational Therapist Job Description.<br>**[NAPHCARE016634-16636]** |
| 84. | Mental Health Professional Job Description.<br>**[NAPHCARE016637-16639]** |
| 85. | Mental Health Discharge Planner Job Description.<br>**[NAPHCARE016640-16642]** |

**Ex. M-441**

| 86. | Mental Health Director Job Description. **[NAPHCARE016643-16647]** |
|-----|----------------------------------------------------------------------|
| 87. | Limited Radiology Technologist Job Description. **[NAPHCARE016648-16650]** |
| 88. | Health Services Administrator Job Description. **[NAPHCARE016651-16655]** |
| 89. | Limited Radiology Technologist Job Description. **[NAPHCARE016656-16658]** |
| 90. | Health Services Administrator Job Description. **[NAPHCARE016659-16661]** |
| 91. | Dentist Job Description. **[NAPHCARE016662-16665]** |
| 92. | Dental Assistant Job Description. . **[NAPHCARE016666-16667]** |
| 93. | Corporate Psych Nurse Practitioner Job Description. **[NAPHCARE016668-16669]** |
| 94. | Corporate Physician Assistance Job Description. **[NAPHCARE016670-16672]** |
| 95. | Corporate Nurse Practitioner Job Description. **[NAPHCARE016673-16674]** |
| 96. | Corporate Clinical Auditor I Job Description. **[NAPHCARE016675-16676]** |
| 97. | Behavioral Mental Health Technician Job Description. **[NAPHCARE016677-16679]** |
| 98. | Administrative Assistant Job Description. **[NAPHCARE016680-16681]** |
| 99. | Medication Order Date and First Dose Administered. **[NAPHCARE016682-25975]** |

**Ex. M-442**

| 100. | ER Provider Sendouts. <br> **[NAPHCARE025976-26023]** |
| 101. | Offsite Status Detail. <br> **[NAPHCARE026024-31036]** |
| 102. | Peer Review One. By G.M. Zilberman, Ph. D. 05/10/23. <br> **[NAPHCARE031037-31038]** |
| 103. | Peer Review Two. By G.M. Zilberman, Ph. D. 05/19/23. <br> **[NAPHCARE031039-31040]** |
| 104. | Peer Review Three. By G.M. Zilberman, Ph. D. 05/23/23. <br> **[NAPHCARE031041-31042]** |
| 105. | Peer Review Four. By G.M. Zilberman, Ph. D. 05/15/23. <br> **[NAPHCARE031043-31044]** |
| 106. | Peer Review Five. By G.M. Zilberman, Ph. D. 05/14/23. <br> **[NAPHCARE031045-31046]** |
| 107. | Peer Review Six. By G.M. Zilberman, Ph. D. 05/15/23. <br> **[NAPHCARE031047-31048]** |
| 108. | Peer Review Seven. By G.M. Zilberman, Ph. D. 05/24/23. <br> **[NAPHCARE031049-31050]** |
| 109. | Peer Review Eight. By G.M. Zilberman, Ph. D. 05/23/23. <br> **[NAPHCARE031051-31052]** |
| 110. | Peer Review Nine. By G.M. Zilberman, Ph. D. 05/22/23. <br> **[NAPHCARE031053-31054]** |
| 111. | Peer Review Ten. By G.M. Zilberman, Ph. D. <br> **[NAPHCARE031055-31056]** |
| 112. | San Diego Naphcare Roster—Unredacted. <br> **[NAPHCARE031057]** |
| 113. | Completed Sick Calls. 09/07/23. Unredacted. <br> **[NAPHCARE031058]** |

**Ex. M-443**

| 114. | ER Provider Sendouts. 12/19/23. Unredacted.<br><br>**[NAPHCARE031059]** |
|---|---|
| 115. | Medication Order Date and First Dose Administered. Unredacted.<br><br>**[NAPHCARE031060]** |
| 116. | Naphcare Master Staff Roster. Unredacted.<br><br>**[NAPHCARE031061]** |
| 117. | Offsite Status Detail. 01/03/24. Unredacted.<br><br>**[NAPHCARE031062]** |
| 118. | Offsite Watch List. 06/01/2022-12/19/2023. Unredacted.<br><br>**[NAPHCARE031063]** |
| 119. | San Diego Dental Extractions with facility for 2023. Unredacted.<br><br>**[NAPHCARE031064]** |
| 120. | Healthcare Policy and Procedure Manual. San Diego. 08/16/23.<br><br>**[NAPHCARE031065-31373]** |

**Ex. M-444**

**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I have read the foregoing NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS; THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS and know its contents.

I am the current Health Services Administrator of NaphCare San Diego, LLC, which was served with a subpoena to Produce Documents, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January_12_, 2024, at San Diego, California.

Michael W. Farrier, II, PsyD.
Print Name of Signatory                    Signature

Ex. M-445

1      **<u>PROOF OF SERVICE</u>**

2      **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3          At the time of service, I was over 18 years of age and not a party to this
action.  I am employed in the County of Los Angeles, State of California.  My
4      business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

5          On January 12, 2024, I served true copies of the following document(s)
described as **NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL**
6      **RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS
ISSUED BY PLAINTIFFS** on the interested parties in this action as follows:

7      **SEE ATTACHED SERVICE LIST**

8          **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of
9      the document(s) to be sent from e-mail address Holly.Thomas@manningkass.com to
the persons at the e-mail addresses listed in the Service List.  I did not receive,
10     within a reasonable time after the transmission, any electronic message or other
indication that the transmission was unsuccessful.

11         I declare under penalty of perjury under the laws of the United States of
12     America that the foregoing is true and correct and that I am employed in the office
of a member of the bar of this Court at whose direction the service was made.

13         Executed on January 12, 2024, at Los Angeles, California.

14

15

16                                    /s/ Holly Thomas
                                     Holly Thomas

17

18

19

20

21

22

23

24

25

26

27

28

**NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION
OF DOCUMENTS ISSUED BY PLAINTIFFS**

**Ex. M-446**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**SERVICE LIST**
**Dunsmore v. County**
**Case No.**

Van Swearingen, Esq.                    *Attorneys for Plaintiff, DARRYL*
Priyah Kaul, Esq.                        *DUNSMORE*
ROSEN BIEN GALVAN &
GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105-1738
Tel: (415) 433-6830
vswearingen@rbgg.com
pkaul@rbgg.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
— Attorneys at Law —

**NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION
OF DOCUMENTS ISSUED BY PLAINTIFFS**

**Ex. M-447**

# Exhibit N

**COUNTY OF SAN DIEGO**
**SHERIFF'S DEPARTMENT**
**CORRECTIVE ACTION NOTICE (CAN)**

DATE: May 12, 2023

| | |
|---|---|
| **CONTRACTOR NAME: Naphcare**<br><br>**PROJECT NAME(S):  Comprehensive Healthcare Services**<br><br>**CONTRACT NUMBER(S):566117** | **CONTRACTING OFFICER'S REPRESENTATIVE (COR):**<br>**Dane Gapuz**<br><br>**CONTRACTOR'S REPRESENTATIVES:**<br>**Brad T. McLane** |

**FINDINGS:**

This is a follow up Corrective Action Notice to the one I sent you on April 28, 2023.

We received your response dated May 5, 2023, but it did not address some deficiencies or provide a plan for correcting some of those that were addressed.   In responding to this Corrective Action Notice please provide a detailed plan including a timeline for correcting all contract deficiencies.  We have added additional comments under the "County Additional Comments" Section for each item where we require additional information.

This notice is to inform you that Naphcare is in non-compliance of your contract No. 566117, for which you began services June 1, 2022, to provide the County Sheriff's Department with Comprehensive Healthcare Services.  Your company is in non-compliance of the following Exhibit A – Statement of Work requirements.

**ARTICLE 4 COMPENSATION:**
**4.1.3: Payments**
**4.1.5: Prompt Payment for Vendors and Subcontractors**
**4.1.5.1.1: Unless otherwise set forth in this paragraph, Contractor shall promptly pay its vendors and subcontractors for satisfactory performance under its subcontract(s) to this Agreement.  Such prompt payment shall be no later than thirty (30) days after Contractor receives payment for such services from County and shall be paid out of such amounts are paid to Contractor under this Agreement.**

The Sheriff has an obligation to pay for invoices for offsite hospital services rendered when incarcerated patients are admitted to participating hospitals. As of April 17, 2023, there are $9.3 million dollars of unpaid bills due to hospitals. Of the total outstanding claims, $4.6 million dollars are past due the 30-day threshold. Due to lack of payment, community some providers do not want to see or accept our patients, which include, but not limited to:

- Podiatry (Oxford)
- Alvarado
- Vibra
- Kindred

**Additional County Comments**

- In your response you indicated that "with San Diego's uniquely strict firewall requirements representing a significant challenge." Our Data Services Staff confirmed that there should be no issues and all Naphcare employees have had access since summer of 2022.  Please provide examples of where you were denied access. These examples have been requested in the past but not produced.
- Provide examples of where misspelled names were an issue and explain how you are going to resolve this issue in the future.
- Provide an updated claims list showing all outstanding claims which includes disputed claims and /or alleged MediCal supported cases and your proposed payment plan.
- NaphCare has agreed to provide monthly accounting of their claim's payment. The most recent report did not contain detailed information, so we have asked for new report.

**Ex. N-449**

**COUNTY OF SAN DIEGO**
**SHERIFF'S DEPARTMENT**
**CORRECTIVE ACTION NOTICE (CAN)**

- 95% of all claims will be paid within 30 days from receipt of invoice with the remaining ones paid within 60 days from receipt of invoice.
- NaphCare staff have been given access to JIMS which will allow them to check for name issues.
- NaphCare has also agreed to pay the claim after confirming the ICP was in custody at the time of the services. Other issues will be resolved later.

## 2.3 COMPREHENSIVE HEALTH CARE SERVICES

**2.1.1 Contractor must provide NCCHC-compliant policies and procedures to provide intake receiving screenings and health assessments, sick call triage and nursing clinics, and medication administration. SDSD will continue to provide nursing services at all SDSD facilities. NaphCare's Program Manager/Health Services Administrator will serve as a point of contact and coordination between NaphCare, the SDSD Director of Nursing, and the respective nursing staff.**

Contractor's Program Manager does not consistently serve as the point of contact for general operations, projects and/or resolution of issues. Role doesn't provide timely responses in follow up to operational issues, requests, and guidance. Program Manager shifts issue resolution to Sheriff Nursing staff, relying on their knowledge and experience, rather than learning detentions operations. SDSD staff works directly with Contractor's corporate support in-lieu of coordination between Contractor, the SDSD Director of Nursing, and the respective nursing staff. Guidance is lacking and solutions are left to be developed by SDSD staff, with minimal Contractor involvement.

Contractor has yet to provide NCCHC compliant policies and procedures to provide intake receiving screenings and health assessments, sick call triage and nursing clinics, and medication administration. SDSD began submitting NCCHC compliant policies and procedures for review for Contractor's approval bi-weekly, as per their request, beginning in October 2022, with the final submission being in February 2023. As of date, the Contractor has failed to provide approved SDSD policies and procedures. Program manager was a participant in the SDSD policy and procedure meetings and was aware of the planned incremental submission of policies and procedures for concurrent review.

**Additional County Comments**

- In your response you stated: "At this time, our accreditation and compliance team members are actively revising the policies and procedures, as well as preparing site-specific addenda that will be submitted to the County by June 5, 2023".
- SDSD had notified NaphCare Program Manager directly at the 4.10.23 Bi-Weekly NaphCare Transition Meeting that Sheriff Attorney Advisor was averse to the prospect of adding SD site specific additions to the end of the NaphCare policies and that an integrated policy is recommended. Confirm you understand this and provide a detailed plan for moving forward on the approval of these policies. SDSD is required to post all policies and procedure per statute, and this has delayed our ability to comply with State law.
- This has been identified as primary a communication issue. Naphcare will work on ensuring their local staff is informed of all decisions made by cooperate staff.
- <span style="color:red">**NaphCare and County staff are working on polices. Polices have been provided in draft format. The County is reviewing them.**</span>

**2.3.2.4 Patients referred for follow-up shall be seen by the appropriate healthcare professional, and referrals shall be documented in TechCare. Patients are evaluated based on the medical information obtained during the Receiving Screening as to the medical necessity of conducting a health assessment by a provider.**

Contractor dental providers fail to properly document referrals in our Electronic Healthcare Records (TechCare). Follow-ups are continually being rescheduled without proper treatment done, which can ultimately lead to a patient

CONFIDENTIAL

**Ex. N-450** SD_120547

not being seen by the dental staff or referred healthcare professionals/specialists. There have been occurrences of patients being dropped from TechCare due to inability to properly record specialist referrals in TechCare. [Concerns are also addressed in section 2.3.10 Oral Care Service, later in this document]

**Additional County Comments**

- Provide a detailed plan on how referrals including dental will be processed so they are in compliance with the statement of work and NCCHC Standards. Include any approval timelines.
- Explain what benefits deploying NaphCare's standard Dental TechCare model instead of staying with the current version are? What are the differences in the programs? How are service hours being tracked for all dental work being completed including annual cleanings?

**2.3.4.5 Contractor shall pursue partnerships with community resource providers, local resources available, and with community providers in San Diego County and the surrounding areas.**

Contractor has severed contractual relationships with community resource providers in San Diego County and the surrounding areas (i.e. Alvarado Hospital, Tri-City Medical Center), with no intent or motive to rejuvenate partnerships.

**Additional County Comments**

- Provide updates on your negotiations with local hospitals and other providers (Long Term Care Facilities etc.) including anticipated contract dates.
- Confirm you understand the charges hospitals are allowed to collect under Penal Code 4011.10 in absence of a contract and that NaphCare is responsible for the payment of those charges?
- NaphCare has contracted with Tri City, Paradise Valley and Alvarado.

In accordance with Section 1.4.3 of the contract please provide the county with copies of all subcontracts you have entered into for performance of work under this agreement. Any new subcontracts are to be provided within 30 days of execution. In accordance with Section 1.4.4 the county has the right to approve any subcontractor agreement over $50,000.

- NaphCare has provided copies of current subcontracts. New subcontracts will be provided within thirty (30) days of execution.

**2.3.7.1  Contractor shall operate and manage a comprehensive mental health delivery system in collaboration with SDSD staff. This should include, but is not limited to, utilizing County Mental Health Clinicians and Contractor psychologists and other qualified mental health professionals to perform on-site, face-to-face mental health clinics as well as psychiatry clinics. Contractor may provide these services directly or subcontract for mental health services.**

Qualified Mental Health Professionals (QMHP) that Contractor has hired are unlicensed in California. Per Department P&P and Medical Services Division (MSD) Operations Manual, a QMHP is defined as either a Psychologist, Psychiatrist, Licensed Mental Health Clinician (LMHC), Psychiatric Nurse Practitioner, or Sheriff Psychiatric Registered Nurse. Existing Contractor staff are not equivalent to the positions listed.

**Additional County Comments**

- Provide verification that all your QMHP have a valid California License. If any are pre-licensed, please identify them and indicate and provide documentation on how they would be supervised and who is responsible for their oversight toward completion of license requirements.

CONFIDENTIAL

**Ex. N-451** SD_120548

**COUNTY OF SAN DIEGO**
**SHERIFF'S DEPARTMENT**
**CORRECTIVE ACTION NOTICE (CAN)**

- NaphCare has provide a list of the QMPH and who is supervising their pre-licensed individuals.

**2.3.10 Oral Care Services**
**2.3.10.3 Treatments shall include any other services deemed necessary by the contracted dentist. Contractor shall ensure that patients' serious dental needs are met in compliance with NCCHC, and other applicable standards.**
**2.3.10.9 Contractor shall provide an appropriate and timely response to requests for dental services and institute periodic performance measurements to ensure patients have timely access to dental care.**
**2.3.10.13 Contractor shall coordinate appropriate offsite referrals for patients requiring dental care outside the capabilities of the facility.**

Contractor fails to provide timely response to requests regarding annual cleanings. Contracted dental staff does not have a process in place to effectively respond to annual/periodic cleanings, as many incarcerated patients have missed appointments and have been forgotten due to the inability of dental staff to schedule referrals or follow-up appointments. Routine dental care is a compliance metric for NCCHC accreditation. Contractor is not authorizing Root Canals or performing routine cleanings, hygienic care or other additional services in accordance with NCCHC Standards which is a contract requirement.

**Additional County Comments**

- Provide examples of how NaphCare Corporate Staff will perform monitoring and oversite of dental services
- The Sheriff is interested in staff efficiency not -documented hours a dental provider may be on site. Reports should include the number of patients seen by dental staff each shift. Chart reviews should not be included in these calculations. Please indicate how often you will be providing these reports.
- Provide how NaphCare ensures the community standard of care is applied as related to general dentistry procedures, such as root canals.

**2.3.14   Medication Assisted Treatment (MAT) Treatment Program**
**2.3.14.3 Contractor shall implement a Medication Assisted Treatment (MAT) program. The MAT program shall include but not be limited to:**
**2.3.14.3.1 Induction – upon request of incarcerated individual or patients identified at withdrawal, as well, as those currently residing in custody.  MAT Induction shall be initiated within six months of the effective date of the contract.**

MAT induction was not initiated within six months of the effective date of the contract.

**Additional County Comments**

- There are currently 78 MAT Participants not the 14 listed in your response.  18 of them are in the MAT Module at Vista Detention Facility.
- Please clarify your policy regarding diversion and "Zero Tolerance".  The County cannot support "Zero Tolerance" due to ADA issues.
- Explain the reason for and the content of the training you stated would be provided in your response.
- Confirm that you understand you are to provide and pay for induction and continued medications.
- NaphCare will provide induction and continued medications.
- NaphCare understands that "Zero Tolerance" cannot be absolute due to ADA Concerns.

**2.3.15 Women's Health and Obstetric Services**
**2.3.15.3 Contractor shall directly employ a provider or utilize a subcontractor to provide 12 hours of weekly coverage by a Gynecological Provider (GP/NP) to provide regular access to care for the female patient population at the Las Colinas Detention and Reentry Facility.**

[ PAGE  \* MERGEFORMAT ]

Ex. N-452

**COUNTY OF SAN DIEGO**
**SHERIFF'S DEPARTMENT**
**CORRECTIVE ACTION NOTICE (CAN)**

**2.3.15.4 All females of childbearing age (15-54) shall receive a pregnancy test at the time of booking.**
**2.3.15.7 Contractor policy shall comply with NCCHC standards and all other laws and statutes of the state. Contractor shall ensure women receive appropriate contraceptive services as clinically indicated.**

As of March 9[th,] there was no Gynecological Provider (GP) at Las Colinas and no replacement was present, up to the last day of the existing GP. The Sheriff's Department utilized an existing locum tenens contract for relief coverage while Contractor sourced and hired another GP.

Contractor refused to pay for abortions, as they deemed it "elective". Section 2.3.15.7 states that Contractor shall comply with NCCHC standards and all other laws and statues of the State. AB732 mandates for these types of services and Contractor was dismissive of this State mandate.

**Additional County Comments**

- The County is still providing Gynecological Services with another contractor.  Please provide an update on your recruitment for this position and when you anticipate having it filled.  Please confirm that NaphCare understands that until the position is filled the county will continue to claim on a credit on the monthly invoice for the cost of this service.  The County can increase the number of hours if NaphCare requests.
- Provide the date you will be providing 12 hours a week of OBGYN services as required by the contract. If contracting out the services, explain how you will cover vacation, sick leave and other absences.
- Provide a detailed plan on how you will provide OBGYN services within five (5) days of booking as required under AB 732.
- Confirm you are all women between the ages of 15 and 54 are receiving a pregnancy test at the time of booking
- Confirm that you understand that state law requires the county to provide abortions to patients who request them.
- Please explain why you are not bundling OB Services.  This creates an increased workload and delays for services.  This can impact patient care especially for late term individuals.
- NaphCare has hired an OBGYN and contracted for a PRN to provide full coverage for LCDRF.  Additional hours can be arranged if needed.
- NaphCare confirmed they are providing pregnancy tests and abortions as required in the contract.
- 08/14-18/2023 – Both FTE and PRN not scheduled. No relief coverage provided or offered by Naphcare.

**2.3.16   Hospital Care Management**
**2.3.16.11 Contractor shall provide the following offsite reports routinely:**
**2.3.16.11.1 Daily Hospitalization Report—including reason for admission and length of stay**
**2.3.16.11.2 Detailed Monthly Detailed Utilization report— including detailed time frames for each process of the review**
**2.3.16.11.3 Biweekly Inpatient & Outpatient statistical report by service and location**
**2.3.16.11.4 Biweekly Specialty Services report—consults, procedures, and diagnostic services**
**2.3.16.11.5 Biweekly ED Trips report—by service and location**

No reports have been established or routinely provided by Contractor.

**Additional County Comments**

- In your response you indicated you had problems accessing the County version of TechCare.  Our Data Services staff confirmed that several NaphCare employees have that access, and they were not aware of any additional requests by NaphCare. Provide specific examples of Naphcare employees not being able to access the County system.

[ PAGE  \* MERGEFORMAT ]

**Ex. N-453**

**COUNTY OF SAN DIEGO
SHERIFF'S DEPARTMENT
CORRECTIVE ACTION NOTICE (CAN)**

**2.3.18 Secure Locked Hospital/Ward**
**2.3.18.1 Contractor shall procure and utilize a secure locked hospital/ward section specifically for inpatient hospitalization of incarcerated individuals. This shall include procedures for transfer of incarcerated individual patients from non-secure hospital beds to contracted secure hospital bed.**

Contractor has severed contractual relationships with community resource providers in San Diego County and the surrounding areas (ig. Alvarado Hospital, Tri-City Medical Center), with no intent or motive to rejuvenate partnerships. These actions have presented risks in losing the ability to utilize a secure locked hospital/ward, or Hospital Guard Unit (HGU), at participating hospitals such as Alvarado.

Deputy Safety is affected without contract because we cannot upgrade infrastructure without contract. Infrastructure upgrades include:
- Radio communications (dead spots in certain areas)
  - Sheriff's Department has already produced scope of work, but the Sheriff's Department will not invest in upgrades without contractual agreement.
- Computer access
- Use of locked unit (economies of scale)

**Additional County Comments**

- Provide your plan for obtaining a locked hospital/ward
- Provide you plan for transferring incarcerated individual patients from non-secure hospital beds to contracted hospital beds
- NaphCare has secured contracts with Tri City, Alvarado, and Paradise Valley Hospitals. Tri City and Alvarado have locked wards.

**2.3.19 Onsite and Offsite Specialty Care Services**
**2.3.19.2 Contractor will provide onsite specialty services in the following specialties: Optometry, Cardiology, OBGYN, Infectious Disease, STD and HIV clinics, and Ultrasound. Should volume warrant as determined by Sheriff, Contractor shall provide onsite services via telemedicine and shall expand services onsite for scheduled clinics.**

See sections: 2.3.10 Oral Care Services and 2.3.15 Women's Health and Obstetric Services.

**2.3.20 eConsults – Specialty Care Consultations**
**2.3.20.3 eConsults shall give providers access to more than 70 specialties and sub-specialties, including:**

Telemedicine network has not been established by the Contractor, thus, limiting the capability to providing specialized services to incarcerated patients.

- This service has not been mentioned as relief, but is in the contract

**Additional County Comments**

- What is the purpose of eConsult?
- What are your protocols that trigger the use of eConsult.
- Confirm that all your providers on eConsult are licensed to practice in California.
- The County understands that e-Consult is peer to peer system that allows physicians to consult with other physicians and does not provide patient care. The providers do not need to be licensed in California since they are not treating patients.

[ PAGE  \* MERGEFORMAT ]

**Ex. N-454** SD_120551

**COUNTY OF SAN DIEGO**
**SHERIFF'S DEPARTMENT**
**CORRECTIVE ACTION NOTICE (CAN)**

**2.3.22 Telemedicine Capabilities**
**2.3.22.1 Contractor shall provide telemedicine services for specialty consultation and referral and have such access available at all detention sites/facilities. Specialty telemedicine services may shall include, but are not limited to, the disciplines of endocrinology, nephrology, psychology/psychiatry, orthopedics, urology, and infectious diseases.**

Telemedicine network has not been established by the Contractor, thus, limiting the capability to providing specialized services to incarcerated patients.

- Tri City Medical Center (TCMC)
  - Only have Telehealth with TCMC for specialty care
  - We have their equipment (COWS/Bio Equipment)
  - No contract as far as we know, therefore, equipment is not secure

- Alvarado
  - No contract for telehealth
  - No outpatient specialty care

- Contractor has Endocrinologist via telehealth (TEAMS only)
  - No diagnostic equipment
  - 4 appointments total

**Additional County Comments**
- The County is in the process of developing its own telemedicine system that may serve to assist in providing patient access to outpatient specialty care with NaphCare's contracted healthcare providers in the community."
- Provide your plans for implementing telemedicine once equipment is in place. Will there be a set schedule for telemedicine?
- NaphCare will work with the County when its new Telehealth system becomes available.

**2.3.23 Long-term or Hospice Care**
**2.3.23.4 Contractor shall collaborate with the SDSD to develop and implement an onsite and offsite hospice program. Contractor shall collaborate with the SDSD and community partners to identify potential candidates for hospice care, and allow for appropriate housing options, both in and outside of custody. Contractor will work with case management functionaries (SDSD, HHSA and 3rd party community partners) to assist with medical probation and compassionate program releases. The policy and procedure for hospice care shall include the establishment of policies addressing criteria for admission to the hospice program, special privileges for terminally ill patients, requirements for housing in palliative care settings, "do not resuscitate orders," and coordination with existing community hospice resources.**

Contractor has failed to secure a contractual agreement with Long Term Acute Care (LTAC) facilities. Individualized patient agreements have been requested from our long-standing partner, Vibra, in response to Contractor's failure to process payments timely.

**Additional County Comments**

- Provide the details of your contract for hospice services including in hospital care. This includes patients who will require extended care in the hospital.
- Provide details of your contract for Long Term Care Services
- NaphCare has not contracted for Long Term Care or Hospice Care.
- NaphCare has not provided contracts for Long Term Care and hospice services.

[ PAGE  \* MERGEFORMAT ]

**Ex. N-455**

**COUNTY OF SAN DIEGO**
**SHERIFF'S DEPARTMENT**
**CORRECTIVE ACTION NOTICE (CAN)**

**2.3.25.7** Contractor shall ensure quarterly meetings, or whenever an infection control issue requires immediate or continuing attention. A licensed healthcare provider is designated to serve as the Infection Control Coordinator. The infection control committee shall consist of the following members:
**2.3.25.7.1** On-site Medical Director or Physician.
**2.3.25.7.2** Dentist or representative, if applicable.
**2.3.25.7.3** Program Manager.
**2.3.25.7.4** SDSD Director of Nursing.
**2.3.25.7.5** Infection Control Coordinator.
**2.3.25.7.6** SDSD representative; and
**2.3.25.7.7** Any other representatives, depending on issues for discussion as designated in conjunction with the Program Manager or Contractor Corporate Office.

No quarterly meetings have been set or established.

**Additional County Comments**

- Provide a detailed plan for starting these meetings

**2.3.26** Continuous Quality Improvement (CQI) Program
**2.3.26.1** Contractor shall implement and manage a Continuous Quality Improvement (CQI) program in collaboration with the SDSD. Contractor shall, at a minimum, establish and maintain a CQI department which monitors provider performance metrics, clinical efficiency evaluations and provides ongoing monitoring of administrative and health care delivery programs in the facility. A committee shall be established that meets to discuss various topics related to the improvement of care delivery. This committee shall meet monthly and the SDSD Chief Medical Officer shall be the chairperson of the committee. Additional SDSD staff shall be part of this committee including but not limited to the SDSD Director of Mental Health and SDSD Director of Nursing. The Contractor shall at a minimum make their On-site Medical Director and mental health representative part of this committee. Findings from this committee shall be reported to SDSD management following each meeting. This committee shall meet all compliance indicators of NCCHC standards.
**2.3.26.4** Contractor shall institute a Medical Audit Committee (MAC). The committee includes a multidisciplinary team to incorporate medicine, nursing, dental, mental health, substance abuse, and facility administration, as well as any other client designated representatives. The committee shall be chaired by Contractor's designee. SDSD committee members shall include SDSD CMO, Director of Nursing, Mental Health Director, Chief Mental Health Clinicians and facility supervising registered nurses. Contractor shall keep meeting minutes and distribute them with an agenda prior to all meetings. Minutes and copies of reports reviewed shall be submitted to all committee members. The quality improvement committee shall evaluate patient complaints and grievances. The Onsite Medical Director shall attend the MAC meeting monthly.

No quarterly meetings have been set or established.

**Additional County Comments**

- Provide a detailed plan on how you will schedule and coordinate these meetings. Include how agenda items will be selected and the topics to be discussed. The County wants reports on efficiencies included.

**2.3.27** Peer Review
**2.3.27.1** Contractor shall ensure quality performance through a peer review process, random chart checks, and the utilization of the Focused Professional Practice Evaluation (FPPE) and the Ongoing Professional Practice Evaluation (OPPE).

CONFIDENTIAL

Ex. N-456SD_120553

**COUNTY OF SAN DIEGO**
**SHERIFF'S DEPARTMENT**
**CORRECTIVE ACTION NOTICE (CAN)**

Not being done.

**Additional County Comments**

- Provide a detailed plan on how you will perform these reviews. The County expects a 100% completion rate. Peer reviews completed by County-on-County staff are in compliance and currently being shared with Naphcare. Please explain how Naphcare will share their Peer Reviews with County MSD.
- Explain your process for clinical oversite for Nurse Practitioners and Psych Nurse Practitioners
- Explain your process for privileging and credentialling providers
- NaphCare confirms that peer reviews have been completed and will be completed on new and current employees as required. A list will be provided to Medical Administration.

**2.3.29 Key Metrics and Performance Indicators**
**2.3.29.2 The Contract Monitor shall have access to offsite referral data, files, and data during the term of the agreement to monitor contract compliance. This data shall be readily available in a web-accessible format, in which patient healthcare information can be viewed instantly. The Contract Monitor shall be notified of all patients who are receiving off-site care. TechCare captures all patient data, which allows reports to be modified should the SDSD's criteria change. Contractor shall submit statistical daily reports pertaining to medical services rendered, and a monthly contract compliance report to the Contract Monitor, to assist management with the efficient and direct correlation of contract compliance indicators.**
**2.3.29.3 Standard management reports are a defined record of the status of workload, productivity, and patient activity in each facility. Contractor software implementation team shall work to configure these daily reports to meet the needs of the County. These reports can be viewed on a report dashboard within TechCare and/or sent securely to the management team via email on a scheduled basis.**

Not being done.

**Additional County Comments**

- Provide a detailed plan for providing these metrics and performance indicators. Include a list of what will be included and how it will be evaluated.

**2.3.30 Onsite Medication Administration and Pharmaceutical Operations**
**2.3.30.1.2 Provide Twenty-four (24) hours seven days a week consultative services by a licensed pharmacist by phone.**
**2.3.30.8 Continuity of Care Services - vendor shall demonstrate a means of identifying/verifying and restarting patient specific community prescribed medications through the use of SureScripts, CURES, San Diego Health Connect (or subsequent replacement) or through other means. Validated medications need to be restarted within 12 hours unless the use of specialized pharmacies is required. Any delay in starting medications should be due to the validation process, not identifying/routing the request to a provider.**

Contractor pharmacy is not available twenty-four hours, seven days a week for consultation services. Contractor has failed to restart medications for patients reassigned from the California Department of State Hospital (DSH).

**Additional County Comments**

- It is the County's expectation that a live person answers the phone seven days a week, 24 hours a day. That is not happening now as staff is being asked to leave voice messages.
- Provide a detailed plan on how you will make sure all phone calls are answered by a live person.
- NaphCare has instituted a new phone system that will insure someone answers the phone 24 hours a day, seven days a week.

CONFIDENTIAL

**Ex. N-457** SD_120554

**COUNTY OF SAN DIEGO**
**SHERIFF'S DEPARTMENT**
**CORRECTIVE ACTION NOTICE (CAN)**

<u>**2.3.35**</u> **Radiology**
<u>**2.3.35.4**</u> **NaphCare shall provide coverage at pre-scheduled times and days at the designated facility. Additionally, NaphCare shall have staffing available as replacement for unscheduled absences of regular staffing so as to not disrupt regularly scheduled facility x-ray clinics.**
<u>**2.3.35.12.2**</u> **The request for forensic x-ray exam shall be originated by staff for the Sheriff's DIU Unit. Forensic x-ray exams shall be performed during existing regularly scheduled x-ray clinics within the respective detention facility on an as needed basis.**

To date, Contractor has repeatedly failed to timely notify the Sheriff's Department of unscheduled absences. There have been occasions that X-Ray Technicians have arrived late and left the facilities early before the required end times as required by contract. Contractor has repeatedly been advised when incidents, such as missing weekend coverage, occurs that it is not acceptable to the Sheriff's Department. San Diego Central Jail (SDCJ), Las Colinas Detention/Reentry Facility (LCDRF), and Vista Detention Facility (VDF) are booking facilities and the hours agreed upon reflect the need for technicians to be present at each site. Incidents have occurred at VDF, where technicians leaving before the end of the shift and to be on time on their scheduled shifts. It is the Sheriff's Department's expectation that X-Ray Technicians remain on site for the entire shift unless alternate arrangements have been made and the Contractor has communicated the changes to the County in advance.

Summary of gaps in service:
- Lack of staffing and relief factor
- No weekend coverage at intake facilities (SDCJ/VDF)
- No communication to appropriate Sheriff staff

04.03.2023
VDF Lieutenant indicated that lobby check-in log, for the VDF radiology tech, denotes respective staff exiting prior to expected end-of-shift times). VDF requested like assurances that radiology will receive adequate coverage.

03.25-26.2023
VDF fourth week of missing radiology coverage; no communication by Contractor regarding schedule. VDF Lieutenant expressed concerns as the lack of coverage on nightshift is disruptive to operations for the line sworn staff.

03.18-19.2023
SDCJ Captain requested for relief staff, from LCDRF, for weekend night shift coverage, but was denied due to Contractor's agreement with X-Ray Technician. SDCJ Captain expressed again the need for a solution to X-Ray Technician coverage for the weekend.

VDF third week of missing radiology coverage; no communication by Contractor regarding schedule.

03.11-12.2023
VDF second week of missing radiology coverage; no communication by Contractor regarding schedule.

03.04-05.2023
VDF missing radiology coverage; no communication by Contractor regarding schedule.

01.27-29.2023
SDCJ third weekend of missing radiology coverage; no communication by Contractor regarding schedule.

01.20-22.2023
SDCJ second weekend of missing radiology coverage; no communication by Contractor regarding schedule.

CONFIDENTIAL

**Ex. N-458**<sub>SD_120555</sub>

**COUNTY OF SAN DIEGO**
**SHERIFF'S DEPARTMENT**
**CORRECTIVE ACTION NOTICE (CAN)**

01.13-15.2023
SDCJ missing radiology coverage; no communication by Contractor regarding schedule.

**Additional County Comments**

- The county is still experiencing shifts not being covered
- Provide a detailed explanation on how you plan to cover all available radiology shifts and the date you will have all shifts covered
- NaphCare has agreed to schedule 100% of the shifts and to ensure that 95% of all shifts are covered.
- NaphCare understands that the must immediately addresses any facility that is incurring uncovered shifts out of proportion with their schedules and at all booking facilities.   This will be reviewed in August 2023 for compliance.

**2.3.41 Financial Responsibility for Equipment or Facility Damage**
**2.3.41.1 Contractor shall assume the responsibility for current SDSD equipment and supplies and become the sole comprehensive healthcare provider related to the delivery of healthcare services. This shall include information about procurement, maintenance, and replacement of health care equipment. Contractor shall not be financially responsible for the purchase of any equipment or supplies from the County. Contractor will accept full financial responsibility for maintenance and repair of all County-owned equipment, and such equipment will continue to be the property of the County until such time as it is replaced. Contractor understands that all equipment utilized by the current medical, mental health and dental vendors is owned by the County. Contractor understands that medication carts are currently owned by the County's current pharmacy vendor. Contractor will either purchase medication carts from the pharmacy vendor or purchase new carts. Contractor will accept full financial responsibility for purchase of any new equipment as needed to replace County-owned equipment that has reached the end of its useful life, and Contractor shall maintain ownership of any new equipment purchased at Contractor's expense. Contractor shall maintain an inventory of equipment and the ownership status of each item. See Contractor's Cost/Price Exhibit, submitted under separate cover for details and line-item pricing.**

**2.3.45 Responsibility and Maintenance for Equipment and Supplies**
**2.3.45.5 Contractor shall be responsible for equipment and supplies needed to provide the services outlined in this Statement of Work at all facilities. Computers, printers, copy machines, fax machines, or peripherals that connect to the SDSD network are EXCLUDED from this requirement. For infrastructure security reasons, these items shall be supplied by the SDSD.**

Contractor has been dismissive of requests to repair and/or replace existing medical equipment (ig. hospital gurney, medical beds). There have been tendencies of the initial approval of replacement/repair being revoked by Contractor's corporate staff, thus, impacting operations and the workflow of how the Sheriff's Department conducts business.

**Additional County Comments**

- Confirm that NaphCare is aware they are responsible for the procurement, repair and replacement of all equipment required to perform the services under this contract.  This includes equipment provided by the County other than the items being excluded in 2.3.45.5. The County DON should not be included as the individual to vet all requests. Any requests for equipment have already been vetted by appropriate county leadership.
- The County has provided NaphCare with an e-mail address where all requests for equipment replacement and repair will be sent.  The County will review the requests to make sure there are no duplicates and send them on to NaphCare who will be responsible for procurement and payment.

[ PAGE  \* MERGEFORMAT ]

**Ex. N-459** SD_120556

**COUNTY OF SAN DIEGO**
**SHERIFF'S DEPARTMENT**
**CORRECTIVE ACTION NOTICE (CAN)**

**2.3.51** Administration of Services Related to Health Services Program
**2.3.51.1** Contractor shall perform the day-to-day administration of specific services related to each of the health service programs covered in this contract including but not limited to the following:
**2.3.51.1.1** Acting as the fiscal intermediary for SDSD health care programs described in this request
**2.3.51.1.3** Enrolling and eligibility verification
**2.3.51.1.4** Processing claims and finances
**2.3.51.1.7** Documenting service delivery and utilization

- Managed Care/Utilization Management
  - Services written in the contract and deliberated over Contractor's provisions of the services.
  - Meeting with Contractor's CEO finally settled the question and they agreed to provide services.
  - Services are still pending, but are in the works

**2.3.58** Inspections, Permit Fees, Equipment Calibration
**2.3.58.1** Contractor shall be responsible for any relevant inspections, permit fees, and equipment calibration for health care clinic areas. This includes any environmental inspections. Contractor shall implement a process to remedy any unsatisfactory inspection findings.

Sheriff's Department is currently paying for inspections and permit fees provided by environmental agencies.

**Additional County Comments**

- The County will provide Naphcare the requested information on all fees. Please provide an explanation on how those fees will be paid by Naphcare.
- The County has provided NaphCare with a list of the items requiring inspection and NaphCare has agreed to arrange and pay for these inspections.

**2.3.64** Electronic Health Care Records System

Contractor is currently releasing new TechCare builds without providing advanced notice of the changes or training to County Clinical Staff.  In some cases, county staff is faced with screens and cues they no nothing about and have no idea how to complete.  This can lead to information being entered into the system that is not followed up creating protentional liability to the county

**Additional County Comments**

- Provide a detailed plan on how you are going to notify county clinical and administrative staff about upcoming changes to TechCare and provide the appropriate training. Include a process for the County to decline a change if they do not want to implement it.
- Confirm that the County is not charged for changes that NaphCare makes to TechCare that were not requested by the County
- NaphCare and the County will from an IT Subcommittee to review TechCare changes prior to them being released.  The Count will be given an option to decline changes.

**2.3.65** Staffing
**2.3.65.3** Contractor shall use Relief Staff to cover absences of Contractor's staff when necessary. Contractor shall maintain a team of corporate and site-based nurse practitioners who are licensed in California and able to travel to work hours onsite. Contractor may use PRN staffing or staffing agencies with correctional healthcare experience or staffing agencies with exceptional references.
**2.3.65.6** Contractor shall provide a list identifying all staff working specific assignments during specific time

CONFIDENTIAL

**Ex. N-460**SD_120557

**COUNTY OF SAN DIEGO**
**SHERIFF'S DEPARTMENT**
**CORRECTIVE ACTION NOTICE (CAN)**

**periods daily and at any time when requested by the SDSD.**

- Psychiatry
  - Las Colinas Detention/Reentry Facility (LCDRF)
    - No General/Outpatient Psychiatry
    - Dr. Anderson covers PSU and Outpatient with no relief factor

  - San Diego Central Jail (SDCJ)
    - No PSU weekend coverage for Psychiatry

  - All Facilities
    - No General Psychiatry Oversight for Nurse Practitioners (NP)
    - No NPs for LCDRF (only Dr. Anderson)

  - Currently, shifted Qualified Mental Health Practitioner (QMHP) from LCDRF to Vista Detention Facility (VDF), leaving LCDRF short 1.0 FTE for 6 weeks with no relief plan.

  - Psych Sick Call Backlog
    - As of April 17, 2023, there are 785 pending appointments
    - Periodic blitzes are done 3-4 months, with no solution to maintain the rising number of sick calls

- Medical - California Healthcare Partners (CHP)
  - Unprecedented staff separation since Contractor awarded
    - CHP stated they are currently overstaffing their contract with you at their expense. They are going to be ending that practice and staff that leave will not be replaced. This could contribute to an MDSC backlog

  - OBGYN NP
    - Gap created in OBGYN services by not hiring timely (6 weeks) for a departing employee; SDSD has had to hire a contractor (UNI) who continues to provide the service

- Onsite Specialty Services - Dental
  - Onsite hours provided do not match staffing matrix

  - Not providing care/treatment on initial appointment
    - Scheduling treatment for follow-up
    - Follow up and care may not be scheduled due to following reasons:
      - Follow up in Prison
      - Upon release, follow-up with private DDS
      - Patient to create new sick call in-lieu of follow up being scheduled at that appointment

  - Standard of Care
    - Regular cleanings and annual oral examinations are not being completed consistently large in-part
    - Staff is not referring patients for specialized care (including Root Canals) as required under NCCHC Standards

**Additional County Comments**

CONFIDENTIAL

**Ex. N-461** SD_120558

**COUNTY OF SAN DIEGO
SHERIFF'S DEPARTMENT
CORRECTIVE ACTION NOTICE (CAN)**

- Explain how you will provide clinical oversite for the women's health provider if they are not a Medical Doctor?
- Explain how you are addressing the backlog for Psyc Sick Calls?  Include details about how you will accomplish this including the use of out to state providers and blitzes. When the County expect the backlog to be reduced?
- Is StatCare available for Telemedicine? At the onsite of the contract, telemedicine was used infrequently and mostly for mental health. County staff was advised by Dr. Farrier that Naphcare wanted to limit telemedicine for mental health appointments and encourage more face-to-face visits.  Some email responses from Naphcare indicated Statcare could be used for telemedicine.  From the onset of the contract Statcare has been used only as a communication platform between County health staff and on call physicians during intake or when futher assessment is needed related to patient care.  The patient/IP has never communicated with a physician via StatCare.   This was never listed as an option.   More clarification is needed on this issue.

| REFERENCE | CORRECTIVE ACTION REQUIRED | DUE DATE |
|---|---|---|
| The Following Sections Exhibit A – Statement of Work Sections as listed in Findings | Contractor to work directly with the contract COR or designee to submit to the County a **written plan and timelines for correcting your non-conformance** items with the contract agreement terms and conditions as outlined above.<br><br>**PLEASE NOTE:**  Failure to respond and abide by or make progress satisfactory to the County on this Corrective Action Notice, and any reoccurrence of the same non-compliant incidents reported above in the future could lead to further actions including Termination by Default under the provisions outlined in <u>Article 7</u> of Terms and Condition of this Contract 566117. | |
| **Article 4** | • Claims report submission gap (no report was provided for June 2023 and July 2023); Report submission required within first week of every month.<br>• Along with the unpaid claims, include all <u>paid</u> claims in a given contract year.<br>• For monitoring purposes, standardize the fields to keep claims report consistent month over month. | **Sept. 8, 2023** |
| **2.1.1** | Naphcare and SDSD are working on policies; policies are planned to be distributed for review to Naphcare on a weekly basis. | **On-Going (TBD)** |
| **2.3.4.5** | See CAN - Attachment A for subcontracts collected by SDSD.<br>• Submit contract document for UCSD.<br>• Review and update list for any new providers subcontracted. | **Aug. 25, 2023** |
| **2.3.10** | July 2023 Dental Audit submission required; the expectation is to have this report periodically submitted during the first week of every month. | **Sept. 8, 2023** |
| **2.3.15** | Hire additional FTE or PRN, of the existing 2 Naphcare staff, to fulfill service gaps for OBGYN services. Provide list of candidates to SDSD. | **Aug. 25, 2023** |
| **2.3.22** | Written plan and timeline of telemedicine services for specialty consultation and referral for the intake facilities. | **Aug. 25, 2023** |
| **2.3.23** | Written plan and timeline of contracting with local Long Term Acute Care facilities. | **Sept. 25, 2023** |

[ PAGE  \* MERGEFORMAT ]

CONFIDENTIAL

**Ex. N-462** SD_120559

**COUNTY OF SAN DIEGO**
**SHERIFF'S DEPARTMENT**
**CORRECTIVE ACTION NOTICE (CAN)**

| | | |
|---|---|---|
| **2.3.35** | Hire additional FTE or PRN, of the existing Naphcare staff, to fulfill service gaps for Radiology services. Provide list of candidates to SDSD.<br><br>Section 2.4.3 (from Naphcare Radiology Contract): Contractor shall provide coverage at pre-scheduled times and days at the designated facility. Additionally, Contractor shall have staffing available as replacements for unscheduled absences for regular staffing so as not to disrupt regularly scheduled facility x-ray clinics. | **Sept. 25, 2023** |

_____          _____
Dane Gapuz, Contracting Officer's Representative                         Date

### ** COUNTY Use Only **

Date Corrective Action Notice Mailed to Contractor:
Date Corrective Action Plan Returned to County:

Date of Compliance Verification:

Date Corrective Action Closeout Mailed to Contractor:
        **(COR must date and initial verification)**

[ PAGE  \* MERGEFORMAT ]

CONFIDENTIAL
**Ex. N-463** SD_120560

# Exhibit O

2090 Columbiana Road, Suite 4000
Birmingham, Alabama 35216
205.536.8400 • 800.834.2420



May 5, 2023

**VIA ELECTRONIC MAIL**

Keith Spears (Keith.Spears@sdsheriff.org)
Manager, Contracts & Grants Divisions
San Diego County Sheriff's Department
9621 Ridgehaven Court
San Diego, CA 92123

  Re: Agreement No. 566117

Dear Mr. Spears:

  Please accept this correspondence as NaphCare's response to your Corrective Action Notice (CAN) of April 28, 2023, regarding the above-referenced Contract. We greatly value our partnership with the San Diego County Sheriff's Department (SDSD), and we are committed to addressing the SDSD's concerns and meeting all applicable contractual requirements. Below we have provided our plan to address the SDSD's concerns moving forward.

  NaphCare and the SDSD have entered into a unique public/private partnership with shared responsibility for delivery of healthcare services between county and NaphCare medical and mental health personnel. It is not surprising that we have encountered challenges in our first year of implementation and refinement of this unique model. We are committed to making this partnership work, and it is our intent for NaphCare personnel to carry as much of the workload as possible working in close collaboration with county medical and mental health personnel. While we take this Corrective Action Notice seriously, and are dedicated to meeting all contractual requirements and meeting your expectations, we believe that it is important to place these challenges in the context of our overall successful partnership. In just eleven months we have worked together to employ a superior, proactive model of healthcare delivery, with significant achievements in areas such as management of patients through withdrawal, increased mental health services, the successful and full implementation of jail-based competency restoration, and many other accomplishments benefiting the patient population (*see Care Delivery Comparison below*). Our partnership is improving and saving lives, and we look forward to continued collaborative efforts.



naphcare.com

CONFIDENTIAL

**Ex. O-465** SD_552426



***Compensation (Article 4)***

NaphCare is committed to processing and paying claims for offsite services as required under the Contract. We have had a number of issues, some of which continue to the present, related to claims scheduling, Utilization Management (UM), and claims processing and payment related to the shared responsibilities in this area of SDSD and NaphCare employees and integration of our Information Technology systems, with San Diego's uniquely strict firewall requirements representing a significant challenge. At this time, NaphCare is up to date on payment of claims for all providers where we are not missing information and/or contracted rates. Specifically, for Podiatry (Oxford), Alvarado Hospital, Vibra (Select Specialty) and Kindred audits have been completed to ensure that all payments are current. Additionally, we confirmed with the SDSD's Managed Care Schedulers on May 2, 2023, that five (5) appointments have been scheduled with Podiatry (Oxford). In regards to the reported $4.6 million past due, we only show unpaid claims totaling $1.3 million with no claims due and owed within the next 30 days.

In light of challenges associated with offsite claims being scheduled by SDSD staff members without an authorization, we have changed our claims payment process to allow for payment of claims without an authorization to the extent that NaphCare is able to confirm that the patient was incarcerated in one of the San Diego jails at the time of the appointment. We are committed to adapting and evolving our processes to better conform to the unique aspects of our contractual relationship with SDSD.

Next week on May 10, our teams will be meeting to discuss the Utilization Management process and better integrating our efforts. Improved collaboration and communication around the UM process will lead to improved relationships with area hospitals and expedited claims processing and payment.

Our goal is to address all of these issues related to claims processing and payment in 30 days. We will continue to work toward resolving these issues and send a follow up communication the first week of June.

***Comprehensive HealthCare Services (Section 2.3)***

  ***A.  National Commission on Correctional Health Care (NCCHC) - Compliant Policies and Procedures (2.1.1)***

NaphCare's Chief Medical Officer, Dr. Jeffrey Alvarez, submitted initial NCCHC-compliant policies and procedures to Dr. Jon Montgomery in March of 2022. At this time, our accreditation and compliance team members are actively revising the policies and procedures, as well as preparing site-specific addenda that will be submitted to the County by June 5, 2023. If additional information is needed from the County, such areas will be highlighted within the policy for completion by the County. Our teams are currently meeting biweekly to work through policy issues.

CONFIDENTIAL

Ex. O-466
SD_552427



**B.** **Referrals – Dental (Section 2.3.2.4)**

NaphCare will immediately address the stated concerns to ensure that dental referrals are appropriately documented in TechCare. NaphCare's dental providers will place offsite referral requests for any patient treatment that, in their clinical judgement, requires a higher level of patient care and document such referrals appropriately within TechCare. Any offsite referral is reviewed by NaphCare's corporate utilization management team for disposition. NaphCare's HSA, Michael Farrier; Chief Medical Officer, Dr. Alvarez; and Corporate Dental Consultant, Dr. Scott Kane, will continue to monitor and oversee compliance.

As explained below in the *Oral Care Services (2.3.10)* section, we believe that allowing NaphCare to deploy our standard dental TechCare model will facilitate resolution of these issues.

**C.** **Partnerships with Community Resource Providers/ Secure Locked Hospital/Ward (Sections 2.3.4.5 and 2.3.18)**

NaphCare shares the County's concerns regarding the critical need for NaphCare to develop contracts with community providers like Alvarado and Tri-City Medical Center. We acknowledge that we have encountered significant challenges in developing partnerships with community providers and our team has worked diligently to resolve these challenges.

In response to the stated concerns, however, we do wish to clarify that NaphCare did not sever or terminate any contractual relationships on our end. While we have maintained a working relationship with Tri-City, we have thus far been unable to reach agreement on a contract for services. Alvarado recently terminated our contract due to a number of concerns, largely the increasing number of patients qualifying for MediCal. From an overall market standpoint, hospitals in the San Diego area are struggling as costs increase and revenues decline due to an increasing percentage of the patient population qualifying for MediCal. NaphCare is working diligently to negotiate contractual terms that will capture MediCal dollars while paying higher rates on non-MediCal claims and otherwise negotiating compensation terms that will ensure that area hospitals will continue to see our incarcerated patient population while receiving sufficient compensation.

We are in active discussions with Tri-City and Alvarado now and are optimistic that we will reach agreement on acceptable compensation terms with both hospitals in short order. Our executive team met with Tri-City's and Alvarado's executive teams on April 28, 2023. NaphCare has also contracted with the University of California, San Diego (UCSD) and is in negotiations with Scripps HealthCare. Vibra (Select Specialty) and Kindred HealthCare have agreed to see Patient Inmates on a case by case basis at this time. We have communicated with Sharp Healthcare and discovered they do not have a secure unit for patient use.

**D.** **Oral Care Services (2.3.10)**

The SDSD conducted an independent review of NaphCare's provider dental care and presented the results of the study to Dr. Farrier, NaphCare's Health Services Administrator (HSA), in April 2023. The results of the study indicated eight (8) specific points of concern that NaphCare was asked to address. The results of the independent review were also provided to NaphCare's

CONFIDENTIAL

**Ex. O-467**SD_552428



Corporate Dental Consultant, Dr. Scott Kane. Accordingly, Dr. Kane is conducting a review of March dental appointments and will compare dental charts with the results provided by the SDSD. Upon completion of NaphCare' corporate dental study, the findings will be reviewed and an improvement plan will be formulated and presented to NaphCare's onsite dental providers.

Following the presentation of any necessary improvement plan to NaphCare's onsite dental providers, a follow-up dental chart review will be conducted after 30 days to determine if improvement is seen or if further progress is needed. The results of the dental studies will be presented to appropriate SDSD Medical Services Division staff.  The second study will be completed in July 2023.

As stated in our prior correspondence of April 24, 2023, it has been challenging to meet the demands of the patient population with the dental staff currently provided under the Contract. At this time, the contract terms provide only one full-time Dentist and one full-time Dental Assistant to provide oral care services for the entire patient population across all of the jail facilities under the Contract. To meet the needs of our patient population, NaphCare is providing dental staff in excess of contractual requirements.  When possible, dental cleanings are offered when the patient submits a dental sick call for another reason. Currently, dental sick calls for annual dental check-ups are generated upon completion of the intake receiving screening. For oral surgery needs, NaphCare contracts with Pearlmax Oral Surgery.

In review of the dental process at the facilities, it has been noted that the current San Diego TechCare dental module does not contain key features used by NaphCare to assist with dental provider documentation, reporting, and scheduling of annual dental visits. The San Diego TechCare dental module also lack features that assist with documentation of procedures recommended by dental providers and consented to by the patient for performance by a dental provider.  NaphCare recommends San Diego County adopt the NaphCare dental process and key TechCare features to include automated scheduling of an Annual Dental visit type at intake, along with the most up to date dental provider visit form with its improved documentation and tracking of annual visits, procedures, and future visit scheduling. This will allow for better tracking of the annual preventative care visits and compliance with dental hygiene visits on an annual basis.

NaphCare proposes a cost neutral staffing revision to include addition of four (4) hours of dental hygienist time at the George Bailey Detention Facility.  We will continue to assess dental services and productivity.

### E.    Comprehensive Mental Health Delivery System (2.3.7.1)

All of NaphCare's Qualified Mental Health Professionals (QMHPs) are registered with either the California Board of Behavioral Sciences or the California Board of Psychology. Additionally, NaphCare is currently hiring dependently or independently licensed individuals who are registered with either the California Board of Behavioral Sciences or the California Board of Psychology. The exact date of independent licensure cannot be determined for NaphCare's current QMHPs, as it varies for each individual.

CONFIDENTIAL

Ex. O-468
SD_552429



**F.     Medication Assisted Treatment (MAT) Program (Section 2.3.14)**

There are currently fourteen (14) Patient Inmates on the MAT dashboard within TechCare. The current MAT program is focused on continuation of MAT services.  In the next phase of MAT services NaphCare propose to work with SDSD to offer to continue patients on buprenorphine who are started on this medication as part of COWS supervised withdrawal protocols.  NaphCare has long been prepared to expand MAT services as envisioned and provided for in the Contract.  However, it is critical that NaphCare and SDSD expand the MAT program in a coordinated manner that does not overwhelm the capacity of SDSD nurses to support the program.

NaphCare will work with SDSD nursing leadership to schedule training sessions for clinical staff regarding the MAT Program. Training will begin by June 5, 2023. Full implementation of the next phase of an expanded MAT Program will begin by July 10, 2023. NaphCare is willing to provide training materials regarding the MAT program and diversion to SDSD officers for use. Additionally, NaphCare contracts with Acadia Healthcare for MAT services.  NaphCare is committed to working with SDSD to continue to expand MAT services.

**G.     Women's Health and Obstetric Services (Section 2.3.15)**

At the inception of the Contract, Nurse Practitioner (NP) Quinn Mahoney began providing twelve (12) hours of obstetrics and gynecology (OBGYN) clinics. In August 2022, NP Mahoney expressed a need for an additional day of OBGYN services at the Las Colinas Detention and Reentry Facility (LCDRF) and began providing an additional eight (8) hours of coverage on an "every other week" schedule.

On February 9, 2023, NP Mahoney informed the HSA that she would be resigning her position effective March 9, 2023. Upon notification of NP Mahoney's resignation, NaphCare's Corporate Utilization Management team began an exhaustive search for a community provider to provide OBGYN Services at the LCDRF. Additionally, NaphCare's Corporate Talent Acquisition team created a job requisition and began sourcing for an OBGYN provider to provide services at LCDRF. In the meantime, the SDSD used an active locum tenens contract to provide OBGYN services until a NaphCare provider could be hired.

NaphCare was able to source and hire an OBGYN wo was slated to begin providing services at LCDRF on April 27, 2023. Prior to April 27, 2023. Unfortunately, the SDSD performed a background investigation that revealed significant concerns and appropriately revoked clearance for the OBGYN. Accordingly, NaphCare's Talent Acquisition team is currently sourcing for a replacement OBGYN provider for LCDRF.

It is a top priority for NaphCare to consistently provide OBGYN coverage.  NaphCare will work aggressively to seek permanent coverage as well as PRN and locum tenens coverage as necessary to meet site needs.  We will report regularly on our progress.

For all abortion requests, NaphCare will immediately authorize for an offsite visit with a provider for pregnancy and abortion counseling, with scheduling of the procedure as clinically indicated with consent of the Inmate Patient.

CONFIDENTIAL

**Ex. O-469**SD_552430



### H.    Hospital Care Management (Section 2.3.16)

In order to pull more accurate information for reporting, NaphCare requests access to the SDSD's version of TechCare. Access that had been previously requested was granted, however, NaphCare's Utilization Management team remains unable to access the SDSD's version of TechCare. We alerted the appropriate SDSD representative and were notified that the SDSD's Information Technology team is processing our request.

Hospitalizations and Utilization Management data is maintained in TechCare's Admissions Management and Utilization Management/Offsite Modules.  We understand an existing Daily Hospitalization Report was created by and exists within the County's Reporting Server environment.  This environment is maintained by SDSD and pulls data from the TechCare database.  Our understanding is that the current report is pulled and distributed daily, by SDSD staff. NaphCare is willing to review this report with SDSD and deploy it within the TechCare EHR application for access at SDSD's request.  In addition to this report, there are other existing reports available to SDSD 24/7/365 from within the TechCare EHR application which include:

1)    TechCare EHR -> Dashboard Menu -> UM Queue -> Reports Tab – From here, real time reporting of offsites, hospitalizations, and other UM workflows are available in real time including the ability to see details of resulting requests/orders.

2)    TechCare -> Reports -> UM Management – This section of TechCare's reporting includes eight specific reports which oversee the UM process and provide real-time accountability.

Should access to these existing reporting tools not be sufficient to meet this requirement, NaphCare requests specific report requirements which we can use to develop and deploy a custom report for SDSD to meet this need.  Please note that existing security requirements of SDSD prevent automated delivery of emailed reports from TechCare, however we can deploy reporting to the application which can be run at any time by SDSD staff. Report development will take approximately 30 days following discussion and submission of requirements beyond those not met by the existing reports.

### I.    Onsite and Offsite Specialty Care Services (Section 2.3.19)

The CAN did not provide a lot of detail to understand the concerns being raised.  The CAN for this section simply cites to the contract language under sections 2.3.10 (Oral Care) and Sections 2.3.15 (Women's Health and Obstetric Services).  A more detailed discussion may be required to understand the concerns and provide a full response and corrective action moving forward as appropriate.

NaphCare is currently providing onsite and offsite specialty care services. Dr. Patel and Dr. Polanco provide onsite dental services.  Dr. Cecil Matthews provides telemedicine consults and chart reviews for infectious diseases. Optometry services are being provided by Institutional Eye Care and National Eye Care. OBGYN offsite services are provided at UCSD and additional OBGYN care and services are addressed above in Paragraph G.

CONFIDENTIAL

**Ex. O-470** SD_552431



### J.      eConsults – Specialty Care Consultations (Section 2.3.20)

NaphCare currently uses AristaMD for eConsults. A total of fifteen (15) eConsults have been completed to date. NaphCare also provides an in-house group of specialists including Dr. Emily Feely, NaphCare Corporate Nephrology Consultant, Dr. Cecil Mathews, NaphCare Corporate Infectious Disease Consultant, Dr. Scott Kane, NaphCare Corporate Dental Consultant, Dr. Stuart Tieszen, NaphCare Chief Medical Officer of Behavioral Health / Psychiatry Consultant, and Dr. Marcus Rothermich, NaphCare Corporate Orthopedic Consultant are also available to provide eConsults. We are working to expand this network of specialty providers.

Moving forward, NaphCare will work to regularly educate and remind our onsite providers on the availability of resources for specialty consults.

### K.      Telemedicine Capabilities (Section 2.3.22)

NaphCare understands that the two key aspects of a reliable telemedicine program hinge on technology and provider engagement.  As NaphCare is not the hardware/infrastructure provider within SDSD, we depend on SDSD IT teams to deploy and manage such technology needed for telemedicine services.  NaphCare can and will engage with relevant providers to provide the telemedicine services.  Given that Tri-City telemedicine equipment is established within the jails, NaphCare hopes to include and expand this service working with Tri-City. NaphCare will work with SDSD to explore deployment of capability within the jail working with other hospital systems who are willing to contract with us to provide telemedicine services. NaphCare also has multiple California licensed medical and psychiatric nurse practitioners on the STATCare team who ware available to provide telemedicine services as needed.

We would like to engage in a dialogue with SDSD to expand telemedicine services as appropriate to support the needs of our patient population.

### L.      Long-term or Hospice Care (Section 2.3.23)

NaphCare is actively engaging with long-term and hospice care service providers. Vitas HealthCare San Diego has agreed to work with NaphCare for the provision of hospice services. We will continue to work to expand these services and inform the SDSD of our progress.

### M.      Continuous Quality Improvement (CQI) Program (Section 2.3.26)

NaphCare will take charge of ensuring that all required CQI meetings are scheduled. We will also lead all required meetings in coordination with the SDSD for the remainder of 2023. NaphCare will provide education regarding the CQI process.

### N.      Peer Review (Section 2.3.27)

Peer reviews were completed for NaphCare's Psychiatrists and Psychiatric Nurse Practitioners during December 2022 and January 2023.  Peer review for all onsite providers is conducted by the site Medical Director in compliance with NCCHC Standards and peer review of the Medical Director(s) is also conducted in compliance with the same standards by a Regional

7 | P a g e

Ex. O-471
SD_552432



Medical Director. The peer review process for NaphCare's Qualified Mental Health Professionals (QMHPs), Psychologists, and Discharge Planners is currently underway. NaphCare's HSA will continue to monitor the peer review process for all NaphCare employees.

### O.    *Key Metrics and Performance Indicators (Section 2.3.29)*

NaphCare is committed to providing desired reporting on key performance indicators as well as working with the SDSD team to ensure that leaders and team members understand how to directly access data, information and reports using TechCare.

SDSD has access to offsite referral data, files and data via the term of this agreement by their direct and uninhibited access to TechCare EHR where all patient data is maintained. As addressed in Paragraph H, we have expanded on UM reporting capabilities and options. Should SDSD wish to access data from our web-based version of the application, access to the existing web-based version of the application can be granted by SDSD IT teams.

Appropriate SDSD oversite staff may be notified of all patients who are receiving offsite care by subscribing to the reports identified in Paragraph H above. SDSD may request modifications to reports which are included within TechCare following the provisions set forth in the existing contract for the TechCare EHR system.

A monthly contract compliance report delivered to the Contract Monitor can be developed. NaphCare is not aware of specific contract compliance indicators which SDSD has established. As a starting point, standard management reports come in the form of the NaphCare Daily Report. NaphCare has configured a Daily Report for SDSD however security limitations prevent the delivery of this report daily via email from County Servers. NaphCare can have the report send from NaphCare servers on a set schedule. Please provide a list of recipients and we will include them in future distributions. We look forward to working with you to meet your expectations.

### P.    *On-site Medication Administration and Pharmaceutical Operations (Section 2.3.30)*

To ensure continuity of care, NaphCare is currently providing consultative services by a licensed pharmacist by phone twenty-four (24) hour, seven (7) days a week. The access this service, clinical staff can call NaphCare's Pharmacy at (800)859-7395. This consultative service is reserved for clinical questions. If a pharmacist is not available to answer the call then please leave a voicemail and a pharmacist will return the call as soon as possible. NaphCare's HSA forwarded the toll-free number to the Director of Nursing (DON) for further dissemination to her staff.

### Q.    *Radiology (Section 2.3.35)*

As stated in my prior correspondence of April 24, 2023, we are currently sourcing and making progress on filling X-ray Tech vacancies. Open shifts are currently being covered by the Radiology Director or other staff as available. The Radiology schedule is provided to the SDSD facilities on a monthly basis.

CONFIDENTIAL

**Ex. O-472**<sub></sub>SD_552433



**R.      Financial Responsibility for Equipment or Facility Damage (Section 2.3.41)**

NaphCare is willing to repair or replace existing equipment at the facilities as required under the Contract. NaphCare has reviewed its process regarding how equipment repairs and replacement requests are processed. Moving forward, our HSA will review equipment repair and replacement requests for more efficient processing and resolution. Our HSA will ensure that all equipment purchases are vetted by the DON. Patient specific equipment will go through utilization management for appropriate handling.

**S.      Administration of Services Related to Health Services Program (Section 2.3.51)**

We wish to discuss this concern in more detail and collaborate with SDSD to address the concerns moving forward.  The content of the Corrective Action Notice does not provide sufficient information for us to fully understand the concern and develop corrective action moving forward. NaphCare is willing to collaborate with the SDSD to develop an appropriate process moving forward so that new Medi-Cal applications can be completed.

We would like to propose a phone call next week to discuss this topic.

**T.      Inspections, Permit Fees, Equipment Calibration (Section 2.3.58)**

NaphCare accepts responsibility for relevant inspections, permit fees, and equipment calibration in the health care clinic areas as required under Section 2.3.58 of the Contract.  We request additional detail from the SDSD regarding the inspections and permit fees provided by environmental agencies that the SDSD is currently paying. Once we receive this additional information we can appropriately develop a process for appropriate handling moving forward.  We look forward to working collaboratively with you to resolve this issue.

**U.      Staffing (Section 2.3.65)**

NaphCare's San Diego staff is currently working on an appropriate process that allows for a list of working NaphCare staff to be provided to the SDSD. Resolution will be provided within fourteen (14) business days. Details of our current psychiatry staff are addressed below.

Dr. Lauren Anderson is currently providing both general and outpatient psychiatric care at the LCDRF. Beginning on May 16, 2023, Psychiatric NP Kristofer Ancho will be assigned to the LCDRF to assist with general and outpatient psychiatry. Dr. Saifullah Nizamani is assigned to the SDCJ PSU on Sunday and Monday of each week, Dr. Sharmila Carlton is assigned to the PSU on Tuesday each week, and Dr. Anthony Cruz is assigned to the PSU from Wednesday through Saturday each week. At every facility, NaphCare's Psychiatric NPs are paired with a Psychiatrist for collaboration purposes.

The QMHP assigned to day shift at the Vista Detention Facility (VDF) required a personal leave of absence. The day shift QMHP at LCDRF has been assigned to VDF to ensure ongoing coverage. The evening QMHP at the LCDRF was reassigned to day shift to ensure coverage. NaphCare will attempt to fill empty shifts with our staff of pro re nata (PRN) QMHPs when possible. We continue to source for QMHP candidates to fill vacant positions.

CONFIDENTIAL

**Ex. O-473** SD_552434



To address the backlog psychiatric sick calls, NaphCare's HSA is utilizing PRN Psych NPs to provide additional coverage at the George Bailey Detention Facility (GBDF) and the San Diego Central Jail (SDCJ). Additional provider hours will be utilized at the SDCJ using telepsychiatry services via StatCare beginning within the next ten (10) days. The provider will be utilized each week on Tuesdays and Thursdays between the hours of 8:00 AM and 4:00 PM, and will see patients with an active psychiatric sick call. We are hopeful that the additional Psych NPs should result in a significant reduction in the backlog of psychiatric sick calls at the GBDF and the SDCJ.

When psychiatric sick calls reach a mutually acceptable number at the GBDF and the SDCJ, NaphCare's HSA and Mental Health Director will work directly with the SDSD Medical Services Division's command and facility command staff to address the needs at the LCDRF and VDF. Additionally, beginning May 16, 2023, a Psych NP will be assigned to the LCDRF. The addition of this position will result in a reduction of psychiatric sick calls at the LCDRF.

On May 3, 2023, during a meeting with the SDSD Medical Services Division command staff and NaphCare's mental health staff, it was noted that NaphCare's psychiatric providers may be improperly processing psychiatric sick calls. Improper processing of sick call appointments may result in the appearance that psychiatric sick calls are not being addressed in a timely manner. NaphCare's HSA and Mental Health Director will review the processing of psychiatric sick calls by NaphCare's mental health providers and work to create a training plan on how to properly address same. The training plan will be provided to the SDSD Medical Services Division command staff and mental health staff. The training will be created and presented to NaphCare's mental health providers within 30 days.

Additionally, NaphCare proposes that the parties incorporate a revised staffing matrix through the use of a Memorandum of Understanding or Contract Amendment. The proposed staffing was recently presented to SDSD and is included herein as Attachment A, for ease of reference.

***Conclusion***

NaphCare is committed to complying all applicable contractual requirements. We will continue to assess the items noted in your CAN and develop and implement corrective action plans as necessary.

Thank you for your attention to this matter and please do not hesitate to contact me at (205) 536-8532 or via email at brad.mclane@naphcare.com with any questions

Sincerely,

Bradford T. McLane
Chief Executive Officer

CONFIDENTIAL

Ex. O-474
SD_552435



**ATTACHMENT A**
**STAFFING**

| San Diego Jail NaphCare Corporate Staffing Support | |
|---|---|
| **Position Title** | **MOU** |
| STATCare Nurse Practitioners (Telehealth) | 2.100 |
| STATCare Auditors (Quality Assurance) | 2.000 |
| Pharmacy Team at Corporate (Manage detox patients) | 0.500 |
| Training and Compliance Coordinator | 1.000 |
| Psych Nurse Practitioner | 1.000 |
| Psych Nurse Practitioner | 1.000 |
| Medical Nurse Practitioner | 1.000 |
| **Night Shift** | |
| STATCare Nurse Practitioners (Telehealth) | 2.100 |

10.700

**Summary Total FTEs**                    **58.300**

CONFIDENTIAL

**Ex. O-475** SD_552436



| San Diego Central Jail - SDCJ NaphCare Staffing - ADP 721 | | |
|---|---|---|
| **Position Title** | **Staff Provider** | **MOU** |
| Program Manager (Over all sites) | NaphCare | 1.000 |
| Medical Director (Over all sites) | NaphCare | 1.000 |
| Mental Health Program Director | NaphCare | 1.000 |
| Administrative Assistant | NaphCare | 1.000 |
| General Clinic Provider | NaphCare | 2.100 |
| NP/CIWA/MAT/General Clinic | NaphCare | 1.250 |
| QMHP | NaphCare | 1.400 |
| Psychologist | NaphCare | 1.000 |
| Psychiatrist - General | NaphCare | 1.000 |
| Psychiatrist - PSU | NaphCare | 1.400 |
| Psych NP/PA | NaphCare | 2.000 |
| Discharge Planner | NaphCare | 1.000 |
| Dentist | NaphCare | 0.100 |
| Dental Assistant | NaphCare | 0.100 |
| **Evening Shift** | | |
| QMHP | NaphCare | 1.400 |
| **Night Shift** | | |

**16.750**

CONFIDENTIAL

**Ex. O-476**<sub>SD_552437</sub>



| Las Colinas Detention and Reentry Facility - LCDRF NaphCare Staffing - ADP 494 | | |
|---|---|---|
| **Position Title** | **Staff Provider** | **MOU** |
| General Clinic Provider | NaphCare | 2.100 |
| NP/CIWA/MAT/General Clinic | NaphCare | 1.250 |
| Psychologist | NaphCare | 1.000 |
| Psychiatrist (General) | NaphCare | 1.000 |
| Psychiatrist (PSU) | NaphCare | 0.700 |
| Psych NP/PA | NaphCare | 1.000 |
| QMHP | NaphCare | 1.400 |
| Discharge Planner | NaphCare | 1.000 |
| Psych Behavioral Tech - PSU | NaphCare | 1.000 |
| Dentist | NaphCare | 0.200 |
| Dental Assistant | NaphCare | 0.200 |
| **Evening Shift** | | |
| QMHP | NaphCare | 1.400 |
| **Night Shift** | | |

**12.250**

CONFIDENTIAL

**Ex. O-477** SD_552438



| George Bailey Detention Facility - GBDF/Facility 8 NaphCare Staffing - ADP 1,270 | | |
|---|---|---|
| **Position Title** | **Staff Provider** | **MOU** |
| General Clinic Provider | NaphCare | 2.100 |
| General Clinic - Addition/Adseg Provider | NaphCare | 0.200 |
| Psychologist | NaphCare | 1.000 |
| Psych NP | NaphCare | 2.000 |
| QMHP | NaphCare | 2.000 |
| Dentist | NaphCare | 0.400 |
| Dental Assistant | NaphCare | 0.400 |
| Dental Hygienist | NaphCare | 0.100 |
| **Evening Shift** | | |
| Psych NP | NaphCare | 1.000 |
| **Night Shift** | | |

9.200

| East Mesa Reentry Facility - EMRF NaphCare Staffing | | |
|---|---|---|
| **Position Title** | **Staff Provider** | **MOU** |
| General Clinic Provider | NaphCare | 0.400 |
| Psych NP | NaphCare | 0.250 |
| Dentist | NaphCare | 0.200 |
| Dental Assistant | NaphCare | 0.200 |

1.050

CONFIDENTIAL

Ex. O-478 SD_552439

**NaphCare**

| South Bay Detention Facility - SBDF NaphCare Staffing | | |
|---|---|---|
| Position Title | Staff Provider | MOU |
| General Clinic Provider | NaphCare | 0.200 |

**0.200**

| Vista Detention Facility - VDF NaphCare Staffing | | |
|---|---|---|
| Position Title | Staff Provider | MOU |
| General Clinic Provider | NaphCare | 2.150 |
| Psychologist | NaphCare | 1.000 |
| Psychiatrist | NaphCare | 0.200 |
| Psych NP | NaphCare | 1.000 |
| QMHP | NaphCare | 1.400 |
| Psych Tech | NaphCare | 1.000 |
| Dentist | NaphCare | 0.100 |
| Dental Assistant | NaphCare | 0.100 |
| Evening Shift | | |
| QMHP | NaphCare | 1.400 |
| Night Shift | | |

**8.350**

| San Diego County, CA Jail Based Competency Treatment NaphCare Staffing | NaphCare 2021 25 Allocated | NaphCare 2021 5 Additional Non- Allocated |
|---|---|---|
| Program Director/LCSW (Psychologist) | 1.000 | 1.000 |
| Psychiatrist | 0.800 | 1.000 |
| Psychologist | 1.300 | 1.600 |
| MH Rehabilitation Specialist | 2.000 | 2.000 |
| Forensic Restoration Specialist | 1.500 | 1.500 |
| Social Worker | 2.000 | 2.000 |
| Total FTEs | 8.600 | 9.100 |

CONFIDENTIAL

**Ex. O-479** SD_552440

# Exhibit P



## San Diego County Sheriff's Department
## Pharmacy & Therapeutics Committee Meeting Minutes
Monday, August 28, 2023
Birmingham, AL and via Zoom
1-2pm CST

Attendees:
- Jon Montgomery, MD
- Michael Farrier II, PsyD
- Christopher Miedico, JD, RHIA, CHC, MBA
- Brandy Rafail, RN, BSN
- Marsha Burgess, MSN, ARNP-BC
- Shannon Matthews
- Darrelle Knight, PharmD, MSM, CCHP
- Kelly Lobdell, PharmD, BCPS

I.  Previous Business
    - Reviewed pending updates to Seizure ERO – will remove mention of specific benzodiazepines
    - Awaiting feedback from San Diego leadership on standardized emergency response boxes
      - Identified ACLS medications which are no longer included in these boxes or on formulary
    - Provided update on transition from buprenorphine to buprenorphine/naloxone and updated comfort medications
II. Formulary Changes
    - Add to formulary:
      - Chlorthalidone 25mg
      - Incruse Ellipta 62.5mcg
III. Policy/Protocol Updates
    - Chronic Care Medication Renewals
      - Corporate Pharmacy will begin to assist with renewals, beginning with AZ DOC
      - Will keep San Diego leadership updated on plans to extend this initiative to other facilities
    - Opiate Detox Pilots
      - Discussed two ongoing pilot programs at other NaphCare facilities
        - Will compare scheduled Suboxone tapers and comfort medications to current standard of score-based Suboxone tapers and PRN comfort medications
        - Goal to improve patient outcomes during detox
        - Will keep San Diego leadership updated on plan to extend this initiative to other facilities
IV. Drug Shortages
    - Ongoing critical shortage of Bicillin L-A. Continue use of oral doxycycline in place of Bicillin L-A for treatment of syphilis. Exceptions: pregnant patients and those with a true tetracycline allergy.
    - All strengths of methylprednisolone vials are on allocation.  We are able to obtain a limited supply of vials requiring reconstitution.  Conserve use.
    - NaphCare Pharmacy has sufficient supply of all TB medications to meet current needs.
V.  New Generics/Biosimilars
    - We continue to see FDA approval of biosimilars for reference biologic products, most notably the recent approval of 10 biosimilars to Humira.  NaphCare Pharmacy will continue to monitor the biosimilar pipeline and provide updates on available products.
VI. Open Discussion
    - Discussed plan for obtaining Covid-19 vaccines now that they have been commercialized.  NaphCare is awaiting information from manufacturers regarding our ability to procure Covid-19 vaccines going forward.  We will keep San Diego leadership updated when more purchasing information is made available.
    - Dr. Montgomery expressed the need for continuous glucose monitoring and insulin pumps for certain uncontrolled diabetic patients.  Will bring this request to NaphCare leadership and further discuss at next P&T meeting.

**Ex. P-481**

# Exhibit Q

Message

---

**From**: Montgomery, Jon [Jon.Montgomery@sdsheriff.org]
**Sent**: 5/26/2023 1:56:29 PM
**To**: Miedico, Christopher [Christopher.Miedico@sdsheriff.org]
**CC**: Darnell, Carl [Carl.Darnell@sdsheriff.org]; Gapuz, Dane [Dane.Gapuz@sdsheriff.org]; Jones, Kenneth [Kenneth.Jones@sdsheriff.org]; Rognlien-Hood, Serina [Serina.Rognlien-Hood@sdsheriff.org]; Spears, Keith [Keith.Spears@sdsheriff.org]
**Subject**: Notes for the recent Naphcare response
**Attachments**: Addendum to Naphcare response ver 1 5-25-2023.docx

Chris,

  Good afternoon, hope things are going well for you.  Just wanted to follow up with the preliminary review of the Naphcare CAN response.  I did not have the opportunity to go through all the attachments last night, but here was the gist of my review of the target/primary document.  In an attempt for clarity, I broke it out by topic on a separate word document.

One thing that I do not believe has had appropriate attention is the topic of staffing.  The personnel staffing matrix appears to be taken at face value.  It DOES NOT have to be taken that way.  As Mr. Spears can attest, the matrix was a Naphcare document, designed to convey their suggested staffing model.  It has been shown that far more staff members are needed than initially estimated.

  Naphcare has gone through the RFP process… not once, but twice.  They have familiarity with California, as they have already been engaged with several Counties.  They have been performing services in San Diego for a year.  They know, or should have known, that the number of pro-offered staff positions would be inadequate to meet the clinical demand… a fact that has been borne out by the growing MH/BH clinical backlog.

Mr. Spears mentioned something along the lines that a CURE document can only be submitted if 'something is wrong and requires fixing'.  The staffing model is wrong and requires fixing.  It appears that we can either force Naphcare to hire staff to meet demand, do it ourselves (carve out clinical services from the contract), or find more money to pay for the services.

  My point is… the staffing matrix needs to be elevated as a significant point of contention in the CAN/CURE process in order to elicit some form of response or action.  We can discuss how we wish to proceed internally, but I think we need to elevate it to the Friday meetings and introduce the concept that Naphcare is responsible for clinical performance and completion, not staffing to an arbitrary level.

Thank you,
  -Jon

CONFIDENTIAL

**Ex. Q-483**
SD_227522

Firewall: This is listed under 'compensation'. While it could potentially be a factor in UM functionality, it is yet to be determined how alleged connectivity issues would have any bearing on payments or reimbursements for services rendered in the community.

It is also worth noting that many SDSD staff have direct communications/interactions with many of Naphcare employees/staff through phone, email, text, instant message, and other means. If access to the Tech Care system was lost, as alleged... there are many other ways that fact could have been conveyed.

It is also worth noting that SDSD was only made aware of the existence of 'site specific UM nursing staff' (allocated for San Diego) only about 2-3 months ago. The fact that 'Crystal requested access for her UM nurses approximately two months ago' may actually be the first time that such a group was requesting access.

Claims with misspelled names: Like any other form of PII, there are multiple ways of identifying patients, to include SSNs, DOBs, and booking numbers. It is interesting to note that Naphcare even bothered to add this as a potential rationale to the CAN.

Claims list and payment plan: We need documentation from the community facilities/hospitals showing claims/bills paid. A simple statement/attestation from Naphcare does not address the core issue.

Program manager concerns: The existence of a compliance and Training coordinator clinical position is an interesting discussion point... but that also calls into question Naphcare's perception/perspective of the current operational challenges. A training/compliance coordinator would appear to be focused on 'coordinating SDSD staff', which was not the pressing issue with contractor performance. As an observation... SDSD does not need someone to forward messages or pass on concerns- a project manager is needed. Someone who has the ability and the support/authority to hire/fire, to authorize limited expenditures and otherwise solve operational problems.

NCCHC compliant P&P: Not really worth addressing. NCCHC policies are very generalized. They do not really have procedures. Naphcare has had SDSD P&P for review for months. However, none of them were actually integrated with anything... that level of editing will require revisiting the documents and almost starting from scratch.

Dental:

**Ex. Q-484** SD_227523

# Exhibit R

Message

---

**From**: Medenwald-Hogg, Janet [Janet.Medenwald-Hogg@sdsheriff.org]
**Sent**: 3/4/2023 4:16:53 PM
**To**: Shaheen, Raymond [Raymond.Shaheen@sdsheriff.gov]; Leicht, Edna [Edna.Leicht@sdsheriff.org]; Gordon Zilberman [gordon.zilberman@naphcare.com]
**Subject**: DOPS 3.4.23
**Attachments**: DOPS 2 3.4.23.xlsx; DOPS 3.4.23.xlsx


Hi;
Staffing continues to be a problem, especially when medical emergencies arise for the staff.
I spent some time on trainings. I have attached the DOPS. Have a good weekend.
Janet Medenwald, M.D.

**Ex. R-486**<sub>SD_271938</sub>