GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, ANDREE
ANDRADE, ERNEST ARCHULETA,
JAMES CLARK, ANTHONY EDWARDS,
LISA LANDERS, REANNA LEVY,
JOSUE LOPEZ, CHRISTOPHER
NELSON, CHRISTOPHER NORWOOD,
JESSE OLIVARES, GUSTAVO
SEPULVEDA, MICHAEL TAYLOR, and
LAURA ZOERNER, on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF SAN
DIEGO, SAN DIEGO COUNTY
PROBATION DEPARTMENT, and DOES
1 to 20, inclusive,

Defendants.

Case No. 3:20-cv-00406-AJB-DDL

**VOLUME I - EXHIBITS TO
DECLARATION OF VAN
SWEARINGEN IN SUPPORT
OF PLAINTIFFS' MOTION TO
COMPEL PRODUCTION OF
DOCUMENTS AND
INTERROGATORY RESPONSE**

Judge:     Hon. Anthony J. Battaglia
Magistrate: Hon. David D. Leshner

Trial Date: None Set

Case No. 3:20-cv-00406-AJB-DDL

VOLUME I - EXHIBITS TO DECLARATION OF VAN SWEARINGEN ISO PLAINTIFFS' MOTION TO
COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSE

# TABLE OF CONTENTS

## EXHIBITS TO THE DECLARATION OF VAN SWEARINGEN IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

| EXHIBIT | DESCRIPTION | PAGE NO. |
|---|---|---|
| **VOLUME I** | | |
| A. | Plaintiffs RFPs Chart, January 17, 2024 | 5 |
| B. | Plaintiffs Request for Production of Documents, Set Three, June 15, 2023 | 37 |
| C. | Plaintiffs Request for Production of Documents, Set Five, September 1, 2023 | 58 |
| D. | Plaintiffs' Second Set of Special Interrogatories | 95 |
| E. | Van Swearingen-Defendants Letter re Rule 26(f) ESI Conference, June 2, 2023 | 111 |
| F. | Plaintiffs' Proposed Search Terms, June 22, 2023 | 120 |
| G. | Plaintiffs' Proposed Custodian List, June 22, 2023 | 126 |
| H. | Hannah M. Chartoff-Defs Letter Re Failure to Produce E-Discovery, November 16, 2023 | 131 |
| I. | Email from Pappy re ESI Search List for Sheriff, November 5, 2023 | 169 |
| J. | Elizabeth Pappy-Hannah Chartoff, Susan Coleman Email re: Dunsmore Meet and Confer, November 28, 2023 | 171 |
| K. | Defendants' Revised Custodian List, November 27, 2023 | 174 |
| L. | Defendants' Revised Search Terms-Probation Specific, November 27, 2023 | 179 |
| M. | Defendants' Revised Search Terms, November 29, 2023 | 185 |
| N. | Hannah Chartoff-Elizabeth Pappy Email re: Dunsmore v. COSD: Updated ESI Search term and custodian lists, November 29, 2023 | 191 |

## TABLE OF CONTENTS
### EXHIBITS TO THE DECLARATION OF VAN SWEARINGEN IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

| EXHIBIT | DESCRIPTION | PAGE NO. |
|---|---|---|
| O. | Plaintiffs' Proposed Search Terms, November 29, 2023 | 194 |
| P. | Defendants' Revised Search Terms, December 4, 2023 | 200 |
| Q. | Van Swearingen-Elizabeth Pappy, Hannah Chartoff email re Updated ESI Search Terms list, December 6, 2023 | 206 |
| R. | Defendants' Final ESI Search Terms, December 7, 2023 | 212 |
| S. | Defendants' Revised Custodian List, December 7, 2023 | 219 |
| T. | Defendants' Responses to Request for Production (Set Three), August 14, 2023 | 224 |
| U. | Eric Monek Anderson-Elizabeth Pappy Email re: Request to Meet and Confer re Defs' Written Discovery Responses, September 14, 2023 | 254 |
| V. | Hannah Chartoff-Defendants Email Re: Defs' Written Discovery Responses, September 14, 2023 | 267 |
| W. | Elizabeth Pappy-Hannah Chartoff Email re: SFPOD l#3, #482 | 277 |
| X. | Defendants San Diego County Sheriff's Department, County Of San Diego, San Diego County Probation Department's Responses To Plaintiffs' Fifth Set Of Request For Production Of Documents, November 10, 2023 | 279 |
| Y. | Elizabeth Pappy-Hannah Chartoff, Susan Coleman Email re: Dunsmore: M&C re Plaintiffs' RFPs, November 20, 2023 | 337 |
| Z. | Van Swearingen-Defendants Letter Re Outstanding Discovery Issues, December 8, 2023 | 345 |
| AA. | Van Swearingen-Defendants Letter Re: Documents Responsive to Plaintiffs' Requests for Production, December 18, 2023 | 351 |

# TABLE OF CONTENTS

## EXHIBITS TO THE DECLARATION OF VAN SWEARINGEN IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

| EXHIBIT | DESCRIPTION | PAGE NO. |
|---|---|---|
| BB. | Hannah Chartoff-Defendants Email re Plaintiffs' proposal for individual medical/mental health records, December 15, 2023 | 398 |
| CC. | Defendants San Diego County Sheriff's Department, County Of San Diego, San Diego County Probation Department's Amended Responses To Plaintiffs' Second Set Of Interrogatories, January 11, 2024 | 411 |
| DD. | Email Re Notes for the recent Naphcare response (SD 227522) | 426 |
| EE. | County of San Diego Inter-Departmental Correspondence, June 1, 2023 (SD 590200) | 429 |
| FF. | SDCJ Mental Health Team Meeting Sign in Sheet, December 14, 2022 (SD 733314) | 441 |
| GG. | Sheriff San Diego County Mental Health Services QA/QI FY 2022-2023 Qtr 4 (SD 114530-SD 114542) | 443 |
| HH. | Medical Services Division Training Bulletin – SDCJ Outpatient Stepdown Program (OPSD), August 9, 2023 (SD 115721-SD 115724) | 457 |
| **VOLUME II** | | |
| II. | MSD.D.4 - DETENTION OUTPATIENT PSYCHIATRIC SERVICES (DOPS), November 4, 2022 (SD 065369-SD 065371) | 462 |
| JJ. | CONFIDENTIAL San Diego Central Jail Watch Commanders Log, May 1-21, 2022 (SD704672-SD 704735) | 466 |
| KK. | CONFIDENTIAL Dental Sick Call Spreadsheet (SD 727540) | 531 |
| LL. | County Contract No. 566117 Agreement with NaphCare, Inc. for Sheriff's Department Consolidated Health Care Delivery (SD 122461-SD 122597) | 535 |

# TABLE OF CONTENTS

## EXHIBITS TO THE DECLARATION OF VAN SWEARINGEN IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

| EXHIBIT | DESCRIPTION | PAGE NO. |
|---------|-------------|----------|
| MM. | County of San Diego Sheriff's Department Corrective Action Notice (CAN), December 1, 2023 (SD 120686-SD 120708) | 673 |
| NN. | CONFIDENTIAL Email Re Staffing for Saturday Night, August 20, 2022 (SD704307-SD704308) | 697 |
| OO. | Email Re JIMS Entries, November 2, 2023 (SD 655456-SD 655457) | 700 |
| PP. | Excerpts from Rough Draft Christina Ralph Deposition, January 12, 2024 | 703 |
| QQ. | Elizabeth Pappy-Priyah Kaul Email Re Cross-References for Document production and attachment, December 29, 2023 | 713 |
| RR. | Elizabeth Pappy-Hannah Chartoff Email Re Dunsmore-Meet and Confer re Document Productions, January 9, 2024 | 734 |

# EXHIBIT A

| Request | Documents Produced | Missing Documents |
|---|---|---|
| **RFP 32:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying, responding to, housing, treating, monitoring, and/or tracking INCARCERATED PERSONS covered by the SHERIFF'S DEPARTMENT's alcohol and opiate withdrawal protocols from January 1, 2021 to the present. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek training materials, audits, and documents reflecting evidence of practice. In particular, other documents produced reference continuous quality improvement studies regarding detox charting. |
| **RFP 33:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying, responding to, housing, treating, monitoring, and/or tracking INCARCERATED PERSONS in the SHERIFF'S DEPARTMENT's medication-assisted treatment ("MAT") program from January 1, 2021 to the present. | Defendants produced a spreadsheet showing MAT participants as of Dec. 20, 2023. | Plaintiffs seek audits and training materials. |
| **RFP 49:** ALL logs RELATING TO INCARCERATED PERSONS placed in EOH, PSU, and SAFETY CELLS from January 1, 2021 to the present. | Defendants produced a spreadsheet logging placements in safety cells and EOH. | Plaintiffs also seek any tracking or logging documents related to the Psychiatric Stabilization Unit ("PSU"). |
| **RFP 82:** ALL DOCUMENTS RELATING TO use of tactical teams at the JAIL from January 1, 2021 to the present, including but not limited to documentation of debriefs after | Defendants have not produced any responsive documents. | Plaintiffs seek the production of all Watch Commander logs and another other documents tracking use of tactical teams. |

1

**Ex. A-6**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| use of force or weapons by the JAIL's tactical teams. | | |
| **RFP 97:** ALL DOCUMENTS showing the time between a person arrives at the JAIL and the time the person receives intake screening. | Defendants produced policies and procedures regarding video and body worn cameras, booking laundry, intake, juveniles, and weekend sentences. | Plaintiffs seek documents tracking or showing the time between a person's arrival at the Jail and their intake screening. The documents Defendants produced are not responsive to that request. |
| **RFP 98:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATED TO intake screening. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek training materials and audits regarding intake screening. |
| **RFP 99:** ALL DOCUMENTS RELATING TO pending sick call requests where the INCARCERATED PERSON making the sick call request is transferred to another JAIL facility. | Defendants produced policies and procedures regarding sick call, as well as some ESI. | Plaintiffs seek training materials and audits, as well as any daily summaries or other evidence of practice—to the extent those documents exist. |
| **RFP 100:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATED TO continuing HEALTH CARE treatments, including but not limited to medications, for INCARCERATED PEOPLE upon arrival at the JAIL. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek documentation of checking/continuing treatments and medications received in the community, training materials and audits regarding continuity of care. |

[4416950.4]

**Ex. A-7**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| **RFP 101:** ALL DOCUMENTS RELATING TO HEALTH CARE statistics of ANY kind at the JAIL. | Defendants produced responsive documents (including *e.g.*, meeting minutes), though some documents from earlier dates appear missing. | Plaintiffs request the same documents from a longer time period, going back to January 1, 2021. In addition, Plaintiffs seek production of the Medical Services Division monthly newsletter, which is referenced in the produced documents. |
| **RFP 102:** ALL GRIEVANCES, inmate requests, and sick call requests submitted by INCARCERATED PERSONS from January 1, 2023 to the present. | Defendants produced some grievances and sick call requests, including some regarding medical and ADA issues. | Plaintiffs seek grievances related to any topic identified in the Third Amended Complaint, *e.g.*, destruction of legal materials, access to the law library. |
| **RFP 103:** ALL responses to GRIEVANCES, inmate requests, and sick call requests submitted by INCARCERATED PERSONS from January 1, 2023 to the present. | Defendants produced some responses to grievances , including some regarding medical and ADA issues. | Plaintiffs seek responses to grievances related to any topic identified in the Third Amended Complaint, *e.g.*, destruction of legal materials, access to the law library. |
| **RFP 104:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the time between when an INCARCERATED PERSON submitted a sick call request and the time when: HEALTH CARE STAFF triaged the sick call request; HEALTH CARE STAFF responded to the sick call request; and the | Defendants produced spreadsheets showing medical sick call entries, with (among other things) date appointment was scheduled and date completed, as well as some ESI. | Plaintiffs seek audits, including but not limited to any corrective action plans regarding sick call triage—at least one such document for George Bailey is referenced in other documents Defendants produced. |

**Ex. A-8**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| INCARCERATED PERSON was seen by HEALTH CARE STAFF. | | |
| **RFP 105:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the number or percent of INCARCERATED PERSONS at the JAIL who submitted a sick call request and were not seen by HEALTH CARE STAFF in connection with that sick call request. | Defendants produced a spreadsheet of cancelled and refused sick calls from June 2023 to August 2023, as well as some ESI. | Plaintiffs seek all such data since January 1, 2021. In addition, Plaintiffs seek information regarding *why* an appointment was cancelled or refused. The spreadsheet includes no such information. |
| **RFP 106:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATING TO tracking and/or scheduling HEALTH CARE appointments. | Defendants produced a spreadsheet of sick calls. | Plaintiffs seek any summary statistics or audits. |
| **RFP 109:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATING TO outside (off-site from the JAIL) HEALTH CARE providers who provide HEALTH CARE to INCARCERATED PEOPLE. | Defendants produced spreadsheets reflecting specialty care referrals from 2023; emergency transport out from June to November 2023; scheduled specialty care appointments from June to November 2023; specialty and emergency referrals. | Plaintiffs seek summaries and audits, as well as complete spreadsheets dating back to January 1, 2021. |
| **RFP 110:** ALL DOCUMENTS RELATING TO the confidentiality of HEALTH CARE appointments | Defendants produced policies regarding access to care and health care services. | Plaintiffs seek documents evidencing practice, training, and audits regarding confidentiality. |

**Ex. A-9**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| and the provision of HEALTH CARE in confidential, semi-confidential, or non-confidential settings. | | |
| **RFP 111:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the provision of diagnostic testing for INCARCERATED PEOPLE. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek training materials, documents reflecting practice, and audits. |
| **RFP 113:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, showing the time between an INCARCERATED PERSON is evaluated for eyeglasses and the time the INCARCERATED PERSON receives eyeglasses. | Defendants produced spreadsheets of appointments and ESI. | Plaintiffs seek information regarding when a person received glasses (not reflected in the spreadsheet), as well as any audits. |
| **RFP 114:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO HEALTH CARE discharge planning. | Defendants produced policies regarding audits, pharmacy operations, and hospital lists, as well as ESI. | Plaintiffs seek information regarding discharge planning, in particular evidence of practice, summaries, and training. |
| **RFP 118:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO INCARCERATED PERSONS receiving an incorrect type or dosage | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek training materials and any reports or audits generated about this topic. |

**Ex. A-10**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| of medication from HEALTH CARE STAFF or custody staff. | | |
| **RFP 119:** DOCUMENTS sufficient to show the average waiting time between the time an INCARCERATED PERSON is prescribed medication and the time the person receives the prescribed medication. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek a log or tracking document displaying the time medications are dispensed compared to when a medication is prescribed. |
| **RFP 121:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the time when an INCARCERATED PERSON was referred for HEALTH CARE outside the JAIL and the time when the INCARCERATED PERSON was seen by the HEALTH CARE provider outside the JAIL | Defendants produce spreadsheets reflecting specialty care referrals from 2023; emergency transport out from June to November 2023; scheduled specialty care appointments from June to November 2023; and specialty and emergency referrals. | Plaintiffs also seek training and audits, as well as complete spreadsheets dating back to January 1, 2021. |
| **RFP 125:** ALL logs, spreadsheets, patient lists, and reports RELATING TO chronic care, including but not limited to care for diabetes, hypertension or other cardiovascular disease, hepatitis, HIV/AIDS, tuberculosis, cancer, neurological disorders, OB/GYN, and MENTAL HEALTH. | Defendants produced a spreadsheet of people with chronic conditions, as well as list of pending psychiatry sick calls. | Plaintiffs seek logs of chronic care provided as well as audits regarding same. |
| **RFP 126:** ALL DOCUMENTS RELATING to the process and | Defendants produced policies regarding access to care, | Plaintiffs seek logs, lists, summaries, and audits. |

Ex. A-11

| Request | Documents Produced | Missing Documents |
|---|---|---|
| criteria for and ANY limitations on admitting INCARCERATED PERSONS to outside hospitals, specialty clinics, or other medical providers, for the purpose of providing HEALTH CARE. | emergencies, and specialty care, as well as documents from three medical trainings. | |
| **RFP 127:** ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on discharging INCARCERATED PERSONS from outside hospitals, specialty clinics, or other medical providers, back to the JAIL after receiving HEALTH CARE. | Defendants produced three medical trainings, as well as policies and procedures and ESI. | Plaintiffs seek the production of logs, lists, and summaries regarding discharge of people from outside hospitals back to the Jail, as well as any quality assurance documents that exist regarding the quality of follow-up care. |
| **RFP 128:** ALL DOCUMENTS RELATING TO any delays in admission of INCARCERATED PERSONS into specialty clinics, or other HEALTH CARE providers, for the purpose of providing HEALTH CARE. | Defendants do not appear to have produced any responsive documents outside of ESI. | Plaintiffs seek logs/lists of delayed admissions, summaries and audits regarding delays in referrals to outside appointments. |
| **RFP 129:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO cancellation of HEALTH CARE appointments. | Defendants do not appear to have produced any responsive documents outside of ESI. | Plaintiffs seek logs/lists, training and audits regarding appointment cancellations. |

**Ex. A-12**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| **RFP 130:** ALL logs, spreadsheets, patient lists, and reports RELATING TO treatment orders. | Defendants produced policies regarding access to care and health care services. | Plaintiffs seek any patient lists or logs regarding regular treatment orders (*e.g.*, insulin, dialysis). |
| **RFP 135:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the San Diego County Citizens' Law Enforcement Review Board, including but not limited to recommendations made by the San Diego County Citizens' Law Enforcement Review Board. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek any memoranda drafted analyzing CLERB policy proposals. |
| **RFP 136:** ALL COMMUNICATIONS with CONTRACTORS RELATING TO POLICIES AND PROCEDURES. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek all forms of communication, including but not limited to text message and instant message. |
| **RFP 137:** ALL COMMUNICATIONS with CONTRACTORS RELATING TO HEALTH CARE of INCARCERATED PERSONS from January 1, 2021 to present. | Defendants have produced some e-mail ESI. | Plaintiffs seek all forms of communication, including but not limited to text message and instant message. |
| **RFP 138:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO medication provided to INCARCERATED PEOPLE at discharge from the JAIL. | Defendants produced policies regarding pharmacy operations, outpatient psychiatric services, and hospital lists, as well as ESI. | Plaintiffs seek any logs, audits, reports, and trainings regarding provision of medication to people upon their discharge from the Jail. |

**Ex. A-13**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| **RFP 139:** ALL DOCUMENTS RELATING TO the housing of INCARCERATED PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH CARE, including but not limited to determinations of need for housing, evaluations of housing, and requests for funding for MENTAL HEALTH CARE and programming. | Defendants produced PSU, EOH, and safety cell rosters from two facilities from a single day. | Plaintiffs seek documents reflecting Defendants' analyses of the adequacy of their mental health housing and requests for funding for the same. Plaintiffs also seek rosters from all facilities for a longer time period. |
| **RFP 141:** ALL logs RELATING TO INCARCERATED PERSONS placed in the Outpatient Step Down Unit from January 1, 2021 to present. | Defendants produced a spreadsheet showing people housed in OPSD dating back to 2021, and a training bulletin reflecting a referral process to OPSD. | Plaintiff seek logs reflecting what treatment is provided in OPSD. |
| **RFP 143:** ALL DOCUMENTS RELATING TO the discipline of INCARCERATED PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH CARE. | Defendants do not appear to have produced any responsive documents outside of ESI. | Plaintiffs seek policies, training materials, and audits regarding discipline of incarcerated people with mental health concerns. |
| **RFP 144:** ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on admitting INCARCERATED PERSONS with MENTAL DISORDERS to outside hospitals, forensic facilities, or other psychiatric facilities, including but | Defendants do not appear to have produced any responsive documents outside of ESI. | Plaintiff seek any policies, training materials, or audits regarding admission of people from outside psychiatric facilities. |

[4416950.4]

9

**Ex. A-14**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| not limited to the Department of State Hospital, for the purpose of providing MENTAL HEALTH CARE. | | |
| **RFP 145:** ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on discharging INCARCERATED PERSONS with MENTAL DISORDERS from outside hospitals, forensic facilities, or other psychiatric facilities, including but not limited to the Department of State Hospital, back to the JAIL after receiving MENTAL HEALTH CARE. | Defendants do not appear to have produced any responsive documents outside of ESI. | Plaintiff seek any policies, training materials, or audits regarding discharge of people from outside psychiatric facilities. |
| **RFP 146:** ALL DOCUMENTS RELATING TO any delays in admission of INCARCERATED PERSONS with MENTAL DISORDERS into outside hospitals, forensic facilities, or other psychiatric facilities, including but not limited to the Department of State Hospital, for the purpose of providing MENTAL HEALTH CARE. | Defendants do not appear to have produced documents outside of ESI. | Plaintiffs seek lists of delayed admissions as well as training and audits regarding admission to outside psychiatric facilities. |

| Request | Documents Produced | Missing Documents |
|---|---|---|
| **RFP 147:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the identification, tracking, and/or treatment of INCARCERATED PERSONS' MENTAL HEALTH CARE needs. | Defendants produced a report of pending mental health sick calls as of a single date. | Plaintiffs seek data over time (not merely from a single date) as well as trainings and audits. |
| **RFP 148:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the provision of a comprehensive MENTAL HEALTH assessment for INCARCERATED PERSONS. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek logs related to mental health assessments, training and audits regarding comprehensive mental health assessments at the Jail. |
| **RFP 150:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the time between an INCARCERATED PERSON is referred for MENTAL HEALTH CARE evaluation or care and the time the INCARCERATED PERSON receives MENTAL HEALTH CARE evaluation or care. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek logs showing time between referral and provision of care, training, logs, and audits regarding timeliness of mental health care. |
| **RFP 152:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, and | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no | Plaintiffs seek summaries and reports regarding staffing of mental health staff, including hiring and retention. |

[4416950.4]

**Ex. A-16**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| COMMUNICATIONS RELATING TO hiring mental health staff, retaining existing staff, contracting with third-party providers, diverting incarcerated people with mental illness to community providers, and/or supporting mental health-based alternatives to incarceration. | responsive documents have been produced. | |
| **RFP 153:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, and COMMUNICATIONS RELATING TO the number of patients on each MENTAL HEALTH CARE provider's caseload. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek audits and other documents reflecting the size of each mental health care provider's case load. |
| **RFP 155:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO continuing MENTAL HEALTH CARE treatments and medications for INCARCERATED PERSONS who arrive at the JAIL. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek logs/lists related to checking the treatments and care of people prior to their incarceration, training and audits regarding continuity of mental health medications and care. |
| **RFP 156:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO MENTAL HEALTH CARE | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek training materials and summaries or logs of mental health programming, including identification of what programs were held on which days. |

**Ex. A-17**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| programs for INCARCERATED PERSONS at the JAIL, including therapy and counseling. | | |
| **RFP 157:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO identifying, tracking, and or treating INCARCERATED PERSONS' MENTAL HEALTH needs according to a level of care system. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek training, tracking information, and audits regarding a level of care system, to the extent such a system exists. |
| **RFP 158:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO monitoring and following-up with INCARCERATED PERSONS who have MENTAL HEALTH needs. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek mental health caseload lists/logs, training and audits regarding follow up appointments. |
| **RFP 159:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO housing suicidal INCARCERATED PERSONS in isolation. | Defendants produced monthly logs showing EOH and safety cell actions. | Plaintiffs seek training and audits. In addition, Plaintiffs seek all logs going back to January 1, 2021. |
| **RFP 161:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO follow-up care for INCARCERATED | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek lists/logs, training materials and audits regarding follow-up care for people discharged from the Inmate Safety Program. |

**Ex. A-18**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| PERSONS discharged from the Inmate Safety Program. | | |
| **RFP 162:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO INCARCERATED PERSONS with acute MENTAL HEALTH CARE needs. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek lists/logs, training materials and audits regarding care for acute mental health needs. |
| **RFP 164:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATED TO the placement of INCARCERATED PEOPLE with MENTAL HEALTH DISORDERS and/or intellectual DISABILITIES in administrative segregation. | Defendants produced documents from a training regarding classification, a blank segregated housing order, and policies and procedures. | Plaintiffs seek audits, additional training materials, and any logs or reports that are generated when someone with mental health disorders or intellectual disabilities is placed in administrative segregation. |
| **RFP 165:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATED TO the provision of MENTAL HEALTH CARE for INCARCERATED PEOPLE with MENTAL HEALTH CARE needs in administrative segregation or other isolation housing. | Defendants produced policies regarding administrative segregation, MOB, and housing for people with suicidal ideation and people with disabilities. | Plaintiffs seek documents reflecting practice, training, and audits regarding the mental health care of people who are held in administrative segregation. |

**Ex. A-19**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| **RFP 166:** ALL DOCUMENTS, including but not limited to logs, audits, lists and summaries, RELATING TO screening, assessment, identification, tracking of INCARCERATED PEOPLE with DISABILITIES. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek training materials and audits regarding tracking and identification of incarcerated people with disabilities. |
| **RFP 167:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO programs and services for INCARCERATED PEOPLE with DISABILITIES. | Defendants produced policies regarding programs and a list of programs as revised November 2023. | Plaintiffs seek production of training and audits regarding people with disabilities' access to programs. Plaintiffs also seek any reports or tracking documents that Defendants generate regarding participation of people with disabilities in programs. |
| **RFP 168:** ALL DOCUMENTS and COMMUNICATIONS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the accessibility of physical spaces at the JAIL for INCARCERATED PEOPLE with DISABILITIES. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek any studies regarding physical accessibility in the Jail. |
| **RFP 171:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO electrical and plumbing hazards at the JAIL. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek training materials and audits or inspection reports regarding electrical and plumbing hazards. |

**Ex. A-20**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| **RFP 172:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO laundry, clothes, and linens. | Defendants produced a spreadsheet showing laundry exchange by unit; a training presentation on clothing and supplies; and policies regarding laundry and other environmental issues. | Plaintiffs seek any logs, audits or reports regarding laundry. |
| **RFP 173:** ALL contracts RELATING to vector and vermin control, plumbing repair, electrical repair, pest control, and other maintenance at the JAIL. | Defendants produced a spreadsheet showing various maintenance expenditures | Plaintiffs seek Defendants' contracts for the various maintenance tasks, to the extent they exist. |
| **RFP 174:** ALL DOCUMENTS RELATING TO vector and vermin control and pest control at the JAIL, including but not limited to any pest control specialist logs and reports. | Defendants produced policies and procedures, a spreadsheet showing various maintenance expenditures, pest control inspection reports from 2023, and spreadsheet showing pest inspection visits to facilities since June 2023, as well as ESI. | Plaintiffs seek production of those spreadsheets for a longer period, going back to January 1, 2021. |
| **RFP 175:** ALL DOCUMENTS, including but not limited to logs and audits, RELATING TO trash collection and removal from housing units in the JAIL. | Defendants produced policies and procedures regarding housekeeping and trash removal. | Plaintiffs seek summaries, logs, and training regarding the same. |
| **RFP 176:** ALL DOCUMENTS, including but not limited to logs and audits, RELATING TO sanitization of cells, including but not limited to | Defendants produced policies regarding laundry, sanitation, and other environmental issues, as well as invoices for cell decontamination | Plaintiffs seek documents going back to January 1, 2021, as well as logs, summaries, and reports. |

**Ex. A-21**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| cleaning of human waste and bodily fluids. | services almost exclusively from 2023. | |
| **RFP 179:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO contraband narcotics. | Defendants produced trainings on contraband and evidence; a training bulletin on abnormal body scans; and policies regarding on scanners, searches, etc. | Plaintiffs seek the production of logs, reports, summaries, and audits. |
| **RFP 180**: ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the timeliness and/or adequacy of safety checks. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek the production of training, logs, and audits. Plaintiffs also seek the production of any documents related to Internal Affairs reports for failure to conduct safety checks. |
| **RFP 182:** ALL DOCUMENTS, including but not limited to logs, audits, and training materials, RELATING TO YOUR EMPLOYEES' response, including response times, to emergency intercom use by INCARCERATED PERSONS. | Defendants produced policies regarding intercoms, as well as ESI. | Plaintiffs seek logs, audits, and training regarding staff response to intercoms. |
| **RFP 184:** ALL DOCUMENTS RELATING TO general population housing determinations, protective custody determinations, and administrative segregation housing determinations for INCARCERATED PERSONS in the JAIL. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek production of reports, training and audits regarding classification decision making. |

**Ex. A-22**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| **RFP 185:** A blank examples of ALL forms used for housing classification, general population housing determinations, protective custody determinations, and administrative segregation housing determinations for INCARCERATED PERSONS in the JAIL. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek blank examples of any forms used for classification, including Defendants' decision tree for classification. |
| **RFP 187:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the number of assaults, dates of assaults, use of any weapon(s) in assaults, involvement of EMPLOYEES or INCARCERATED PERSONS in assaults, nature of injury(ies) sustained in assaults, and cause(s) of injury(ies) sustained in assaults for each assault involving an INCARCERATED PERSON. | Defendants do not appear to have produced any responsive documents outside of ESI. | Defendants should be required to produce all incident reports related to assaults at the Jail from January 1, 2021. |
| **RFP 188:** For each INCARCERATED PERSON who received medical attention for injury(ies) sustained during or related to an assault, ALL investigative reports, incident reports, and medical records related | Defendants do not appear to have produced any responsive documents outside of ESI. | Defendants should be required to produce all incident reports related to assaults at the Jail from January 1, 2021. |

[4416950.4]

**Ex. A-23**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| to those assaults from January 1, 2021 to the present. | | |
| **RFP 191:** ALL DOCUMENTS RELATING TO the following for each existing EMPLOYEE position at the JAIL: the number of allocated positions, the number of hours required for each position, the number of vacancies and the duration of vacancies for each position, and STAFFING PLANS RELATING TO each position at the JAIL from January 1, 2021 to the present. | Defendants produced a report regarding County facilities staff allocated to the Sheriff's Department and a memorandum of agreement regarding maintenance staff. | Plaintiffs seek all staffing plans. |
| **RFP 192:** ALL DOCUMENTS RELATING TO the following for each existing EMPLOYEE position at the JAIL: the number of EMPLOYEES present for work in each position for each shift, the number of absences for each position for each shift, and the duration of any absences for each shift from January 1, 2022 to the present. | Defendants produced responsive spreadsheets and staffing sheets, but only produced staffing sheets for Central Jail from approximately May 2023 to November 2023. | Plaintiffs seek documents for all Jail facilities and from a wider date range, including back to January 1, 2021. |
| **RFP 193:** ALL DOCUMENTS RELATING TO body scanners at the JAIL, including but not limited to DOCUMENTS RELATING TO body scanning software, | Defendants produced body scanner purchase orders; contract and modifications; training on body worn cameras; policies on body scanners; and some email correspondence. | Plaintiffs seek logs, summaries, and audits regarding use of body scanners. |

**Ex. A-24**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| maintenance and repair of body scanners, contracts related to body scanners, POLICIES AND PROCEDURES related to the use of body scanners, and internal and/or third-party reports regarding the efficacy and/or utility of body scanners. | | |
| **RFP 194:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO use of body scanners on YOUR EMPLOYEES when they enter the JAIL. | Defendants do not appear to have produced any documents outside of ESI. | Plaintiffs seek analyses, proposals, or evaluations of the policy suggestion that Defendants' employees be required to pass through body scanners when they enter the Jail. |
| **RFP 195:** ALL DOCUMENTS RELATING TO video cameras and body-worn cameras at the JAIL, including but not limited to DOCUMENTS RELATING TO video camera and/or body-worn camera software, maintenance and repair of video cameras and/or body-worn cameras, contracts related to video cameras and/or body-worn cameras, POLICIES AND PROCEDURES related to the use of video cameras and/or body-worn cameras, and internal and/or third-party reports regarding the efficacy | Defendants produced body-worn camera training information, the body-worn camera contract and modifications, ad policies regarding body worn cameras and other security video systems. | Plaintiffs seek summaries, audits, and maintenance logs. |

| Request | Documents Produced | Missing Documents |
|---|---|---|
| and/or utility of video cameras and/or body-worn cameras. | | |
| **RFP 196:** ALL DOCUMENTS RELATING TO the analysis, study, or adequacy of staffing levels at the JAIL. | Defendants produced a spreadsheet showing authorized positions, filled, and vacancies by facility for health care and sworn staff, as well as a table reflecting overtime hours in pay periods. | Plaintiffs seek the production of reports or summaries on staffing levels including understaffing, *i.e.*, written analyses of the effects of understaffing. |
| **RFP 197:** ALL DOCUMENTS AND COMMUNICATIONS RELATING TO all grievances or complaints filed by the Deputy Sheriffs' Association of San Diego County alleging or RELATING TO any matter of JAIL employment, including but not limited to wage grievances, overtime grievances, supervisory practices grievances, disciplinary grievances, retaliation grievances, and allegations of violations of union or other contract rights. | Defendants do not appear to have produced any responsive documents outside of ESI. | Plaintiffs seek grievances and complaints filed by the Deputy Sheriffs' Association regarding overtime, supervisory practices, staffing, retaliation, and safety concerns. |
| **RFP 198:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO "bypass" or "lockdown" punishments and/or practices at the JAIL, including all instances when an EMPLOYEE denies out-of-cell | Defendants do not appear to have produced any responsive documents outside of ESI, nor did Defendants apply any search term regarding "bypass." | Plaintiffs seek any trainings regarding the practice of "bypass" and reports or analyses of the same, in addition to ESI. |

**Ex. A-26**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| time to an INCARCERATED PERSON. | | |
| **RFP 199:** ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of the incidents referenced in the filing at Docket No. 344 in this litigation. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek incident reports and video footage relating to this incident. |
| **RFP 200:** ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO Christopher Cunningham (Booking No. 23729037). | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek incident reports and video footage relating to these incidents. |
| **RFP 201:** ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO Shawn Fuller (Booking No. 23727577). | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek incident reports and video footage relating to these incidents. |
| **RFP 202:** ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO PLAINTIFFS. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek incident reports and video footage relating to these incidents. |
| **RFP 203:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no | Plaintiffs seek all investigation documents relating to these claims, |

**Ex. A-27**

| Request | Documents Produced | Missing Documents |
|---------|-------------------|-------------------|
| EMPLOYEES' failure to intervene against another EMPLOYEE using force that is clearly unreasonable or excessive, as described in California Penal Code Section 832.7(b)(1)(A)(iv), at the JAIL, regardless whether the allegation was sustained or unsustained. | responsive documents have been produced. | regardless whether sustained or unsustained. |
| **RFP 204:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of discharge of a firearm by YOUR EMPLOYEES at the JAIL, as described in California Penal Code Section 832.7(b)(1)(A)(i). | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek all investigation documents relating to these claims, regardless whether sustained or unsustained. |
| **RFP 205:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of sexual assault, as that term is defined in California Penal Code Section 832.7(b)(1)(B)(ii), by YOUR EMPLOYEES at the JAIL, regardless whether the allegation was sustained or unsustained. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek all investigation documents relating to these claims, regardless whether sustained or unsustained. |
| **RFP 206:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of dishonesty by YOUR EMPLOYEES, as described in | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced outside of ESI. | Plaintiffs seek all investigation documents relating to these claims, regardless whether sustained or unsustained. |

**Ex. A-28**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| California Penal Code Section 832.7(b)(1)(C), at the JAIL, regardless whether the allegation was sustained or unsustained. | | |
| **RFP 207:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of prejudice or discrimination by YOUR EMPLOYEES at the JAIL, as described in California Penal Code Section 832.7(b)(1)(C), regardless whether the allegation was sustained or unsustained. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced outside of ESI. | Plaintiffs seek all investigation documents relating to these claims, regardless whether sustained or unsustained. |
| **RFP 211:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO overcrowding of INCARCERATED PERSONS, including but not limited to housing one or more INCARCERATED PERSONS in housing units that exceed their rated capacities. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek policies, training, documentation of practice, analyses, and audits/quality assurance on the subject of overcrowding. |
| **RFP 217:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO emotional, verbal, or physical abuse of an INCARCERATED PERSON by YOUR EMPLOYEES. | Defendants do not appear to have produced any responsive documents outside of ESI. | Plaintiffs seek policies and training materials regarding imposition of discipline, as well as documents reflecting internal affairs and other investigations. |
| **RFP 218:** ALL DOCUMENTS RELATING TO discipline of YOUR | Defendants do not appear to have produced any responsive documents outside of ESI. | Plaintiffs seek policies and training materials regarding imposition of discipline, as well as documents |

**Ex. A-29**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| EMPLOYEES at the JAIL, including all disciplinary records. | | reflecting internal affairs and other investigations. |
| **RFP 219:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO locations in the JAIL that INCARCERATED PERSONS may access but are not monitored by video cameras, including but not limited to the area described as "the pocket." | Defendants produced policies regarding security video systems and ESI. | Plaintiffs seek production of documents relating to "the pocket"—which is not referenced in any of these documents—including any trainings or analyses of how to avoid incidents of violence in the pocket. |
| **RFP 220:** ALL DOCUMENTS RELATING TO the extraction of an INCARCERATED PERSON's tooth or teeth, including but not limited to requests for alternative treatments or offering of alternative treatment options to the INCARCERATED PERSON. | Defendants produced policies and practices, as well as a log showing dental sick call appointments from June to November 2023. | Plaintiffs seek the production of training and audits, as well as the sick call request slips. |
| **RFP 221:** ALL DOCUMENTS RELATING TO the provision or prescription of medication, including but not limited to antibiotic medication, to INCARCERATED PERSONS for the purpose of treating, managing, or alleviating dental pain or swelling. | Defendants produced ESI. | Plaintiffs seek training materials, logs, and audits regarding when incarcerated people are prescribed antibiotic medication for dental pain. |
| **RFP 222:** DOCUMENTS sufficient to show (a) the average waiting time between the time an | Defendants produced a spreadsheet showing dental sick call entries, with (among other things) date | Plaintiffs seek information regarding when each person requested dental care. The spreadsheet produced also |

**Ex. A-30**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| INCARCERATED PERSON submits a sick call request relating to pain or swelling in their teeth, jaw, gums, or mouth and the time the INCARCERATED PERSON is seen by a licensed dentist; (b) the average waiting time between the time a referral for dental HEALTH CARE is created at the JAIL and the time the INCARCERATED PERSON is seen by a licensed dentist; and (c) the number of patients on any waiting lists for dental HEALTH CARE since January 1, 2021. | appointment was scheduled and date completed. | does not show waiting list at a given time. |
| **RFP 223:** DOCUMENTS sufficient to show the number of requests for dental HEALTH CARE at the JAIL and the number of such requests that are granted each month since January 1, 2021. | Defendants produced spreadsheets of dentists' usage of TechCare; a log of oral surgeries; and a dental sick call log from 2023. | Plaintiffs seek information about how many people requested dental care, but this spreadsheet provides only information regarding people who were actually placed on the sick call list. |
| **RFP 225:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the timeliness and/or adequacy of dental HEALTH CARE at the JAIL. | Defendants produced a spreadsheet showing dental sick call entries. | Plaintiff seek reports, audits, and training regarding timeliness and adequacy. |
| **RFP 230:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the destruction, loss, or | Defendants produced ESI. | Plaintiffs seek training documents, evidence of practice (*e.g.*, any tracking regarding what happens to |

**Ex. A-31**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| misplacement of INCARCERATED PERSONS' personal legal documents. | | legal materials when a person is moved to administrative segregation), and audits of the same. |
| **RFP 232:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO attorney callback requests. | Defendants produced a spreadsheet showing facility notifications, including some attorney calls/professional visit notifications, dating back to August 31, 2023, as well as policies regarding video, laundry, and BWCs. | Plaintiffs seek the information in the spreadsheet for a longer date range, as well as any audits or training regarding attorney call back requests. |
| **RFP 233:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO wait times for professional visits, including the time it takes to release visitors from the professional visiting room after a request has been made. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs are seeking training documents, any documents tracking the wait time for professional visits, and audits of the same. |
| **RFP 234:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the law library and INCARCERATED PERSONS' access to the law library. | Defendants produced policies regarding access to the law library and pro per status. | Plaintiffs seek training documents and documents reflecting practice, *e.g.*, law library hours of availability, sign-in sheets, etc. |
| **RFP 235:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the provision of legal materials to pro se litigants. | Defendants produced policies regarding request forms, access to attorneys, and pro per incarcerated people. | Plaintiffs request documents reflecting practice, such as logs documenting when materials were provided. |

**Ex. A-32**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| **RFP 236:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO legal mail. | Defendants produced a policy governing incarcerated person mail. | Plaintiffs seek production of documents reflecting practice, such as logging of legal mail, as well as any training or audits about the same. |
| **RFP 238:** ALL DOCUMENTS and COMMUNICATIONS RELATING to statistics, studies, analyses, or evaluations of YOUR alternative-to-incarceration and reentry programming, including but not limited to the adequacy, quality, quantity, demographic reach, and/or discrimination of those programs. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek production of SANDAG, County, Probation Department, and Sheriff's Department reports evaluating access to alternatives to incarceration and reentry programming, proposals for expansion (including increasing access to jail alternatives for people who deemed not to be a public-safety risk), and analyses of cost savings that can be achieved by routing people into services instead of jail. |
| **RFP 239:** DOCUMENTS sufficient to show the racial demographics of participants in ALL of YOUR alternative-to-incarceration and reentry programs by month since January 1, 2021. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek reports maintained by Defendants that show the demographic characteristics of participants in each of the alternatives to incarceration and reentry programs administered by Defendants. |
| **RFP 240:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the eligibility criteria for ANY of | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no | Plaintiffs seek production of all policies and procedures, training materials, guidance, memorandum, and emails regarding the eligibility |

**Ex. A-33**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| YOUR alternative-to-incarceration and reentry programs. | responsive documents have been produced. | criteria used for selecting who can and cannot participate in each of the alternatives to incarceration and reentry programs administered by Defendants. |
| **RFP 241:** ALL DOCUMENTS RELATING TO the denial of ANY INCARCERATED PERSON from an alternative-to-incarceration or reentry program since January 1, 2021. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek production of all reports, and memorandum regarding the denial or rejection of people who applied to or were considered for each of the alternatives to incarceration and reentry programs administered by Defendants. |
| **RFP 242:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the Correctional Offender Management Profiling for Alternative Sanctions tool, the California Pretrial Assessment tool, and ANY other pre-trial risk assessment tool. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek production of all reports, memorandum, and emails regarding Defendants' consideration or evaluation of pre-trial risk assessment tools, including COMPAS. |
| **RFP 243:** ALL DOCUMENTS RELATING TO studies, analyses, or evaluations of recidivism of INCARCERATED PERSONS. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek production of Defendants' analyses or evaluations of recidivism, and any reports or memorandum discussing those analyses or evaluations. |
| **RFP 244:** All DOCUMENTS RELATING TO alternatives to incarceration, including drug court and reentry court. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no | Plaintiffs seek production of a list of all alternatives to incarceration and reentry programs administered by Defendants as well as SANDAG, |

[4416950.4]

**Ex. A-34**

| Request | Documents Produced | Missing Documents |
|---|---|---|
|  | responsive documents have been produced. | County, Probation Department, and Sheriff's Department reports documenting or evaluating participation in each of those programs. |
| **RFP 245:** ALL JIMS data RELATED TO Plaintiffs' Ninth Claim for Relief in the Third Amended Complaint. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek production of all JIMS data since January 1, 2021 that includes a person's identification number, name, historical charges, lengths of incarceration, classification information, disciplinary actions, demographic information (including race, ethnicity, age), program participation, medical and mental health information, and information regarding alternatives to incarceration and reentry programming for the purpose of running regression analyses. |
| **RFP 246:** ALL DOCUMENTS and data used by YOU when considering an INCARCERATED PERSON's eligibility for participation in alternatives to incarceration programing. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek production of all policies and procedures, training materials, guidance, memorandum, and lists of data considered in making determinations about individuals' eligibility for participation in each of the alternatives to incarceration |

**Ex. A-35**

| Request | Documents Produced | Missing Documents |
|---|---|---|
| | | programs administered by Defendants. |
| **RFP 247:** ALL datasets RELATING TO people considered for participation in alternatives to incarceration programing. | According to Defendants' own chart documenting which bates numbers correspond to which Requests, no responsive documents have been produced. | Plaintiffs seek production of all data kept by the Sheriff's Department and the Probation Department in an electronic database that is used to consider whether or not an individual may participate in alternatives to incarceration programming. |

**Ex. A-36**

# EXHIBIT B

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT**<br><br>Judge:       Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

[4302533.7]

PROPOUNDING PARTY:  PLAINTIFFS

RESPONDING PARTY:   DEFENDANTS SAN DIEGO COUNTY SHERIFF'S
                    DEPARTMENT, COUNTY OF SAN DIEGO, SAN
                    DIEGO COUNTY PROBATION DEPARTMENT

SET NO.:            THREE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner ("Plaintiffs"), on behalf of themselves and all persons similarly situated, by their attorneys, hereby demand that Defendants San Diego County Sheriff's Department, County of San Diego, and San Diego County Probation Department respond under oath to the following document requests, and produce and permit inspection or copying of the original documents and materials described below at Rosen Bien Galvan & Grunfeld LLP, 30 days after service of this demand.

## INSTRUCTIONS

1.     In responding to this Request for Production of Documents, you are requested to furnish all documents which are in your possession, custody, or control, including information in the possession of your attorneys, or other persons directly or indirectly employed or retained by you, or connected with you or your attorneys, or anyone else acting on your behalf or otherwise subject to your control.

2.     In responding to this Request for Production of Documents, if any responsive document is maintained electronically, the document shall be produced on disc in native format and with metadata intact. You are also requested to furnish print-outs of documents which may not currently exist in "hard copy" paper form but which exist in electronic form as electronic mail or as a document or file generated by word processing, data base, or spreadsheet software, and which are

**Ex. B-39**

stored electronically on a "floppy" disc, a compact disc, a zip drive, a personal computer hard drive, a network server, a back-up tape or disc, text message, or any other electronic medium.

3.     If an electronically-generated document does not currently exist as a "hard copy" and if it has been deleted from the hard drives of personal computers, you are requested to retrieve it from any other electronic medium (e.g., a network server or a backup tape disc) from which it is retrievable.

4.     If you cannot respond to any document request in full, respond to the fullest extent possible, explain why you cannot respond to the remainder, and describe the nature of the documents which you cannot furnish.

5.     If you object to part of a request and refuse to answer that part, state your objection and respond to the remaining portion of that request.  If you object to the scope or time period of a request and refuse to respond for that scope or time period, state your objection and respond to the request for the scope or time period you believe is appropriate.

6.     With respect to any requested document that you refuse to produce in response to these Requests for Production on the basis of any asserted privilege, please state:

    a.     the full identity of the document including:

        i.     the nature of the document (e.g., letter, memorandum, etc.);

        ii.     date of the document;

        iii.     its title (if any);

        iv.     its authors, addressees, recipients, or parties;

        v.     the identity of any other individuals to whom the document was disseminated and their relationship to Defendants;

        vi.     whether the document includes any attachments and, if so,

1              a description of the attachments; and

2                   vii.    its present location and identity of its custodian;

3         b.     whether your objection or refusal is directed to the entire

4                document or part thereof;

5         c.     if your objection or refusal goes to part of the document, specify

6                the specific part(s) of the document to which your objection or

7                refusal is directed; and

8         d.     the specific factual basis which gives rise to the objection or

9                refusal and the specific legal ground on which the objection or

10               refusal is based.

11        7.     If any of the following requested documents cannot be located or

12   produced after exercising due diligence to secure the information, please so state

13   and respond to the extent possible, specifying your inability to respond fully, and

14   stating whatever information you have relating to the non-produced documents.  If

15   your response is qualified in any particular manner, please set forth the details of

16   such qualification.

17                              **DEFINITIONS**

18        Unless otherwise indicated, the following definitions and terms shall apply to

19   these requests for production:

20        1.     The terms "ANY" and "ALL," as used herein, shall include "each" and

21   "every" and are not to be construed to limit a request.

22        2.     The term "ADA" means the Americans with Disabilities Act, 42 U.S.C.

23   §§ 12101 *et seq.* as well as related federal and state laws that require

24   accommodation of disabilities and prohibit discrimination on the basis of disability.

25        3.     The term "COMMUNICATIONS" means any transmittal of

26   information from one person or entity to another by any means, including letters,

27   correspondence, notes, memoranda, records,  reports, papers, facsimiles, electronic

28   mail (whether to, from, copied or blind copied), electronic mail generated from a

1  hand held personal device including an Android or iPhone, instant messaging,

2  electronic mail generated from business or personal email accounts, internet relay

3  chat, news group, group or collaboration servers, electronic bulletin boards,

4  electronic discussion boards, text messages, dictation tapes, video recordings, audio

5  recordings, digital recordings, memoranda, telegrams, telecopies and telexes,

6  teleconference, collaboration servers (including share point servers), web-based or

7  software virtual meetings including Web-X, Zoom, and any other meeting software

8  and share point servers, and oral contact such as face-to-face discussions or

9  meetings, telephone conversations, and voice mail messages.

10      4.      The term "CONTRACTOR" includes any individual or entity, or an

11  EMPLOYEE of the same, who is hired, retained, or otherwise authorized by YOU

12  to undertake any task, service, role, or job on YOUR behalf.  The term includes but

13  is not limited to NaphCare, Inc. and NaphCare of San Diego, LLC.

14      5.      The term "COUNTY" means Defendant San Diego County and anyone

15  acting on its behalf.

16      6.      The term "CURRENT" means in effect and not superseded and/or

17  issued on or after January 1, 2022.

18      7.      The term "DEATH(S)" means the action or fact of dying or being

19  killed, including by suicide.

20      8.      The terms "DEFENDANTS," "YOU," or "YOUR" means the San

21  Diego County Sheriff's Department, San Diego County, and the San Diego County

22  Probation Department, and anyone acting on their behalf.

23      9.      The terms "DISABILITY" and "DISABILITIES" mean any physical,

24  cognitive, developmental, intellectual, mental, or sensory impairment that limits one

25  or more major life activities, including but not limited to, eating, sleeping, speaking,

26  breathing, walking, standing, lifting, bending, thinking, concentrating, seeing,

27  hearing, working, reading, learning, communicating, reading, caring for oneself, and

28  performing manual tasks, as well as the operation of major bodily functions such as

circulation, reproduction, and the functioning of individual organs.  The terms also include having a history or record of such impairment or being perceived by others as having such an impairment.

10.     The term "DOCUMENT" means any writing, however produced or reproduced, of every kind and regardless of where located, which is in YOUR possession, custody, or control, including drafts; or in the possession, custody or control of any servant or agent of YOU or of YOUR attorneys.  The terms include the following: electronically recorded information such as electronic mail, html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording.  The terms "DOCUMENT" and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such DOCUMENTS, whether or not used, as well as the file in which the DOCUMENTS are maintained. A draft or non-identical copy of a DOCUMENT, including a copy or duplicate of a DOCUMENT which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate DOCUMENT within the meaning of these terms.  The term "DOCUMENT" does not include any writing that constitutes a privileged or otherwise protected communication between YOU and YOUR attorneys.

11.     The term "EMPLOYEE" means any employee, director, officer, owner, CONTRACTOR, agent, or any other person working for or on behalf of an entity, such as the COUNTY, the SHERIFF'S DEPARTMENT, or the PROBATION

1  DEPARTMENT.

2      12.    The term "EOH" means Enhanced Observation Housing, as defined in

3  SHERIFF'S DEPARTMENT Detention Policy & Procedure J.4.

4      13.    The term "GRIEVANCE" means a written complaint completed by or

5  on behalf of an INCARCERATED PERSON.

6      14.    The term "HEALTH CARE" means the provision of care or services,

7  to identify and/or address health needs of an INCARCERATED PERSON in the

8  JAIL (including medical, mental health, dental care, and vision care needs), whether

9  those needs arise as a result of injury, illness, disease, age, or trauma, or care or

10  services provided for diagnostic or preventive purposes.

11      15.    The term "HEALTH CARE STAFF" means any person or entity

12  providing HEALTH CARE services, or providing administrative and/or support

13  services related to HEALTH CARE at the JAIL.

14      16.    The terms "INCARCERATED PERSON(S)" or "INCARCERATED

15  PEOPLE" mean any person incarcerated, detained, or in the custody of the

16  SHERIFF'S DEPARTMENT.

17      17.    "IDENTIFY," with respect to an INCARCERATED PERSON or

18  formerly INCARCERATED PERSON, means to state the INCARCERATED

19  PERSON's full name, booking number, date of birth, booking date, and CURRENT

20  housing location (if still in custody) or date of release (if no longer in custody).

21      18.    "IDENTIFY," with respect to a non-INCARCERATED PERSON,

22  means to state the person's name, professional title, credentials and licensing

23  information if applicable, and professional address.

24      19.    The term "JAIL" means the San Diego County Jail, including all of its

25  facilities.

26      20.    The term "MENTAL HEALTH CARE" means the provision of care or

27  services, to identify and/or address the mental health needs of an INCARCERATED

28  PERSON in the JAIL, whether those needs arise as a result of injury, illness,

1   disease, age, or trauma, or care or services provided for diagnostic or preventive

2   purposes.

3       21.    The term "MOB" means Medical Observation Bed, as defined in

4   SHERIFF'S DEPARTMENT Medical Services Division Policy & Procedure M-13.

5       22.    The term "PLAINTIFFS" means Plaintiffs Darryl Dunsmore, Andree

6   Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna

7   Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares,

8   Gustavo Sepulveda, Michael Taylor, and Laura Zoerner.

9       23.    The term "POLICIES AND PROCEDURES" means policies,

10  procedures, handbooks, advice, directives, training materials, forms, instructions,

11  and guidelines that comprise established standards, regardless of the author.

12      24.    The term "PROBATION DEPARTMENT" means Defendant San

13  Diego County Probation Department and anyone acting on its behalf.

14      25.    The term "PSU" means Psychiatric Stabilization Unit or Psychiatric

15  Security Unit, as defined in SHERIFF'S DEPARTMENT Detention Policy &

16  Procedure M.25.

17      26.    The terms "RELATED TO," "RELATING TO," or "REGARDING"

18  means, without limitation, anything that, in whole or in part, analyzes, comments

19  upon, comprises, concerns, constitutes, contains, describes, discusses, embodies,

20  evidences, explains, identifies, manifests, mentions, pertains to directly or indirectly

21  to, reflects, refers to, regards, relates to, responds to, states, summarizes, or in any

22  way relevant to the particular subject matter identified.

23      27.    The term "SAFETY CELL" means a temporary housing cell with a

24  padded surface, as defined in SHERIFF'S DEPARTMENT Detention Policy &

25  Procedure J.1.

26      28.    The term "SHERIFF'S DEPARTMENT" means Defendant San Diego

27  County Sheriff's Department and anyone acting on its behalf.

28      29.    The term "SOBERING CELL" means JAIL cells used to house

1  INCARCERATED PERSONS away from other INCARCERATED PERSONS for

2  the specific purposes of detoxification or sobering up; the term includes sobering

3  cells and detoxification cells.

4      30.    The term "STAFFING PLAN" means any DOCUMENT showing the

5  minimum number and types of EMPLOYEES DEFENDANTS intend to work in the

6  JAIL and the minimum number of hours DEFENDANTS intend those

7  EMPLOYEES to work to staff the JAIL, including EMPLOYEES of

8  CONTRACTORS.

9      31.    The words "and" and "or" should be construed disjunctively or

10  conjunctively as necessary to make the Request inclusive rather than exclusive.

11                               **REQUESTS FOR PRODUCTION**

12  **REQUEST FOR PRODUCTION NO. 25**

13      ALL CURRENT POLICIES AND PROCEDURES RELATING TO the

14  JAIL, including but not limited to ALL operations manuals and standard operating

15  procedures.

16  **REQUEST FOR PRODUCTION NO. 26:**

17      ALL amendments to POLICIES AND PROCEDURES RELATING TO the

18  JAIL from January 1, 2021 to the present.

19  **REQUEST FOR PRODUCTION NO. 27:**

20      ALL drafts of POLICIES AND PROCEDURES used or developed by

21  CONTRACTORS, including but not limited to NaphCare, Inc., from January 1,

22  2021 to the present.

23  **REQUEST FOR PRODUCTION NO. 28:**

24      ALL memoranda issued by YOU RELATING TO the JAIL from January 1,

25  2021 to the present.

26  **REQUEST FOR PRODUCTION NO. 29:**

27      ALL post orders issued by the SHERIFF'S DEPARTMENT RELATING TO

28  the JAIL from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 30:**

ALL Green Sheets issued by the SHERIFF'S DEPARTMENT RELATING TO the JAIL from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 31:**

ALL COMMUNICATIONS sent or issued by any EMPLOYEES of the SHERIFF'S DEPARTMENT that altered, amended, modified, or otherwise affected any POLICIES AND PROCEDURES RELATING TO the JAIL from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 32:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying, responding to, housing, treating, monitoring, and/or tracking INCARCERATED PERSONS covered by the SHERIFF'S DEPARTMENT's alcohol and opiate withdrawal protocols from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 33:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying, responding to, housing, treating, monitoring, and/or tracking INCARCERATED PERSONS in the SHERIFF'S DEPARTMENT's medication-assisted treatment ("MAT") program from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 34:**

ALL COMMUNICATIONS from EMPLOYEES of NaphCare, Inc. RELATING TO HEALTH CARE and/or MENTAL HEALTH CARE at the JAIL from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 35:**

ALL GRIEVANCES, inmate requests, and sick call requests submitted by PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 36:**

ALL responses to GRIEVANCES, inmate requests, and sick call requests submitted by PLAINTIFFS.

1  **REQUEST FOR PRODUCTION NO. 37:**

2    ALL COMMUNICATIONS RELATING TO PLAINTIFFS from January 1,

3  2019 to the present.

4  **REQUEST FOR PRODUCTION NO. 38:**

5    ALL DOCUMENTS RELATING TO HEALTH CARE screening and intake

6  procedures at the JAIL from January 1, 2021 to the present.

7  **REQUEST FOR PRODUCTION NO. 39:**

8    ALL DOCUMENTS RELATING TO the following for each existing

9  HEALTH CARE STAFF position (e.g., M.D., R.N., L.P.N.) at the JAIL:  the

10  number of allocated positions, the number of hours required for each position, the

11  number of vacancies and the duration of vacancies for each position, and

12  STAFFING PLANS RELATING TO each position at the JAIL from January 1,

13  2021 to the present.

14  **REQUEST FOR PRODUCTION NO. 40:**

15    ALL DOCUMENTS sufficient to show training completed by HEALTH

16  CARE STAFF from January 1, 2021 to the present, including but not limited to

17  attendance sheets for each identified training module/session.

18  **REQUEST FOR PRODUCTION NO. 41:**

19    ALL DOCUMENTS RELATING TO monitoring and/or auditing of

20  HEALTH CARE provided to INCARCERATED PERSONS, including but not

21  limited to, quality improvement, quality assurance or clinical performance reviews,

22  peer reviews, in-service trainings, internal or external audits, technical assistance

23  reports, accreditations, contract monitoring reports, minutes from quality assurance

24  meetings, and HEALTH CARE record reviews, from January 1, 2021 to the present.

25  **REQUEST FOR PRODUCTION NO. 42:**

26    ALL DOCUMENTS RELATING TO agreements entered into by

27  DEFENDANTS and ANY hospitals or other outside health care facilities for the

28  transfer, acceptance, or scheduling of INCARCERATED PERSONS for the purpose

1  of providing HEALTH CARE from January 1, 2021 to the present.

2  **REQUEST FOR PRODUCTION NO. 43:**

3       ALL DOCUMENTS and COMMUNICATIONS RELATING TO

4  disciplinary actions taken by DEFENDANTS with respect to an EMPLOYEE of

5  DEFENDANTS or a CONTRACTOR who provided inappropriate, insufficient, or

6  substandard HEALTH CARE at the JAIL from January 1, 2021 to the present.

7  **REQUEST FOR PRODUCTION NO. 44:**

8       ALL requests or orders issued by a superior court judge RELATING TO

9  HEALTH CARE services in the JAIL or seeking HEALTH CARE on behalf of any

10  INCARCERATED PERSON, including but not limited to minute orders specifying

11  actions to be taken by YOU RELATING TO HEALTH CARE for

12  INCARCERATED PERSONS, from January 1, 2021 to the present.

13  **REQUEST FOR PRODUCTION NO. 45:**

14       ALL DOCUMENTS RELATING TO requests or orders issued by a superior

15  court judge RELATING TO HEALTH CARE services in the JAIL or seeking

16  HEALTH CARE on behalf of any INCARCERATED PERSON, including but not

17  limited to YOUR responses to such requests or orders, COMMUNICATIONS about

18  such requests or orders, and DOCUMENTS used to track such requests or orders,

19  from January 1, 2021 to the present.

20  **REQUEST FOR PRODUCTION NO. 46:**

21       DOCUMENTS sufficient to show how HEALTH CARE and DISABILITY-

22  related information can be stored in JIMS, including descriptions of the databases,

23  drop-down menus, and options used to store such information and training on the

24  same.

25  **REQUEST FOR PRODUCTION NO. 47:**

26       ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying,

27  responding to, housing, treating, monitoring, and tracking INCARCERATED

28  PERSONS at risk for suicide or self-harm from June 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 48:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the JAIL's identification and/or elimination of suicide hazards from June 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 49:**

ALL logs RELATING TO INCARCERATED PERSONS placed in EOH, PSU, and SAFETY CELLS from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 50:**

ALL DOCUMENTS and COMMUNICATIONS THAT IDENTIFY ALL CURRENT housing units and cells at the JAIL, including but not limited to those designated as booking, administrative segregation, EOH, PSU, SAFETY CELLS, and SOBERING CELLS.

**REQUEST FOR PRODUCTION NO. 51:**

ALL DOCUMENTS RELATING TO evaluations and assessments of INCARCERATED PERSONS placed in SAFETY CELLS, EOH, or PSU from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 52:**

A blank example of ALL forms, including but not limited to suicide risk assessment and intake assessment forms, used to evaluate INCARCERATED PERSONS with known or possible HEALTH CARE needs from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 53:**

ALL COMMUNICATIONS, including but not limited to all emails from EISDECSSupport@cdcr.ca.gov from January 1, 2021 to the present that contain the following terms: "EOP," "CCCMS," "DPW," "DPV," "DPO," "DLT," "DPS," or "DPH," REGARDING INCARCERATED PEOPLE with DISABILITIES.

**REQUEST FOR PRODUCTION NO. 54:**

ALL schematic, design, or construction DOCUMENTS RELATING TO DISABILITY ACCESS at the JAIL, including but not limited to specification

1  DOCUMENTS that detail fixtures, furniture, and equipment to be installed in the

2  JAIL.

3  **REQUEST FOR PRODUCTION NO. 55:**

4      ALL self-evaluations under Title II of the ADA.

5  **REQUEST FOR PRODUCTION NO. 56:**

6      ALL ADA transition plans.

7  **REQUEST FOR PRODUCTION NO. 57:**

8      DOCUMENTS sufficient to show a schedule of ALL CURRENT programs

9  offered to INCARCERATED PEOPLE in the Jail, including but not limited to

10  recreational, religious, educational, job training, substance use, reentry, and veterans

11  programs.

12  **REQUEST FOR PRODUCTION NO. 58:**

13      All DOCUMENTS and COMMUNICATIONS RELATING TO the job

14  description and duties of the JAIL's ADA Coordinator.

15  **REQUEST FOR PRODUCTION NO. 59:**

16      ALL DOCUMENTS including tracking sheets RELATING TO

17  implementation of ADA POLICIES AND PROCEDURES, and amendments or

18  updates to ADA POLICIES AND PROCEDURES, at the JAIL from January 1,

19  2021 to the present, including but not limited to the tracking sheet Commander

20  Christina Bavencoff states she created on January 20, 2023.  See Bavencoff Decl.,

21  ¶ 2.

22  **REQUEST FOR PRODUCTION NO. 60:**

23      ALL "binders and archive materials" as described in the Bavencoff

24  Declaration RELATING TO DEFENDANTS' ADA accessibility POLICIES AND

25  PROCEDURES from January 1, 2021 to the present.

26  **REQUEST FOR PRODUCTION NO. 61:**

27      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

28  proposed "ADA Unit" allegedly being developed by the SHERIFF'S

1   DEPARTMENT.

2   **REQUEST FOR PRODUCTION NO. 62:**

3       ALL contracts for the provision of services for INCARCERATED PEOPLE

4   with hearing DISABILITIES at the JAIL, including but not limited to those with

5   Purple, Lionsbridge, Language Line Services, and United Language Group, and to

6   provide internet and tablet service, from January 1, 2021 to the present.

7   **REQUEST FOR PRODUCTION NO. 63:**

8       ALL DOCUMENTS and COMMUNICATIONS RELATED TO lists of

9   projects RELATING TO ADA compliance and accessibility at the JAIL, including

10  but not limited to the list of ADA projects allegedly kept by Commander Christina

11  Bavencoff, from January 1, 2021 to the present.

12  **REQUEST FOR PRODUCTION NO. 64:**

13      ALL  orientation videos AND handbooks shown or provided to

14  INCARCERATED PEOPLE at the JAIL from January 1, 2021 to the present.

15  **REQUEST FOR PRODUCTION NO. 65:**

16      The "notes" kept by Commander Christina Bavencoff regarding services

17  provided to INCARCERATED PEOPLE at the JAIL and ANY changes to those

18  services that she has requested.  See Bavencoff Decl., ¶ 7.

19  **REQUEST FOR PRODUCTION NO. 66:**

20      ALL email messages sent to the SHERIFF'S DEPARTMENT staff when an

21  INCARCERATED PERSON has a JIMS alert related to a DISABILITY from

22  January 1, 2021 to the present.

23  **REQUEST FOR PRODUCTION NO. 67:**

24      ALL lower bunk and lower tier discrepancy reports for the JAIL from January

25  1, 2021 to the present.

26  **REQUEST FOR PRODUCTION NO. 68:**

27      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

28  procurement of an RFID-based network connected system from January 1, 2021 to

1  the present.

2  **REQUEST FOR PRODUCTION NO. 69:**

3      ALL DOCUMENTS and COMMUNICATIONS showing referrals to Reentry

4  Services staff of INCARCERATED PERSONS with DISABILITIES from January

5  1, 2021 to the present.

6  **REQUEST FOR PRODUCTION NO. 70:**

7      ALL DOCUMENTS from Offender 360 RELATING TO reasonable

8  accommodations that reentry services staff provided to INCARCERATED

9  PERSONS from January 1, 2021 to the present.

10  **REQUEST FOR PRODUCTION NO. 71:**

11      ALL training required by the JAIL regarding DISABILITY accommodations.

12  **REQUEST FOR PRODUCTION NO. 72:**

13      ALL DOCUMENTS and COMMUNICATIONS RELATING TO

14  DISABILITY accommodations at the JAIL, including but not limited to pocket

15  talkers, hearing aids. screen readers, optilec or similar readers, video relay services,

16  video interpreter services, Sign Language Interpretation, TTY, TDD, video phones,

17  magnifiers, glasses, crutches, walkers, wheelchairs, canes, and other

18  accommodations.

19  **REQUEST FOR PRODUCTION NO. 73:**

20      ALL GRIEVANCES RELATING TO lack of access to attorneys, the law

21  library, legal materials or the courts.

22  **REQUEST FOR PRODUCTION NO. 74:**

23      ALL DOCUMENTS and COMMUNICATIONS RELATING TO cleanliness

24  and sanitation at the JAIL from January 1, 2021 to present, including any reports,

25  memoranda or emails regarding mold, vermin, trash, overcrowding, clogged toilets,

26  and clogged showers.

27  **REQUEST FOR PRODUCTION NO. 75:**

28      ALL DOCUMENTS and COMMUNICATIONS RELATING TO incidents

1 of violence by or against INCARCERATED PEOPLE at the JAIL from January 1,

2 2021 to present.

3 **REQUEST FOR PRODUCTION NO. 76:**

4          Rosters of INCARCERATED PEOPLE with mobility DISABILITIES in Las

5 Colinas and Central Jails for the month preceding YOUR response showing the

6 area, housing unit, cell and bed placement, and accommodation need for each

7 person, in a format similar to SD 000467.

8 **REQUEST FOR PRODUCTION NO. 77:**

9          ALL invoices for Sign Language Interpretation services provided in the JAIL

10 from January 1, 2021 to the present.

11 **REQUEST FOR PRODUCTION NO. 78:**

12          ALL DOCUMENTS RELATING TO workload, productivity, or daily

13 services provided by CONTRACTORS at the JAIL from January 1, 2021 to the

14 present.

15 **REQUEST FOR PRODUCTION NO. 79:**

16          ALL use of force logs for each facility in the JAIL from January 1, 2021 to

17 the present.

18 **REQUEST FOR PRODUCTION NO. 80:**

19          ALL DOCUMENTS AND COMMUNICATIONS RELATING TO

20 complaints RELATING TO excessive force, including but not limited to use of

21 force AND claims of physical harm by JAIL staff, from INCARCERATED

22 PERSONS between January 1, 2021 and the present.

23 **REQUEST FOR PRODUCTION NO. 81:**

24          ALL reports generated by the Critical Incident Review Board RELATING

25 TO in-custody DEATHS at the JAIL from January 1, 2021 to the present.

26 **REQUEST FOR PRODUCTION NO. 82:**

27          ALL DOCUMENTS RELATING TO use of tactical teams at the JAIL from

28 January 1, 2021 to the present, including but not limited to documentation of

1    debriefs after use of force or weapons by the JAIL's tactical teams.

2    **REQUEST FOR PRODUCTION NO. 83:**

3         DOCUMENTS sufficient to show the percentages of INCARCERATED

4    PERSONS at the JAIL annually who are detained for less than one week, for less

5    than one month, for less than six months, for over a year, and for over two years,

6    from January 1, 2021 to the present.

7

8    DATED:  June 15, 2023         ROSEN BIEN GALVAN & GRUNFELD LLP

9

10                 By: */s/ Van Swearingen*

11                    Van Swearingen

12                Attorneys for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
20-cv-00406 AJB DDL

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On June 15, 2023, I served a true copy of the following documents described as:

**PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent in PDF from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the e-mail transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 15, 2023, at San Francisco, California.

Kedra Chan

[4311028.1]

**Ex. B-56**

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**20-cv-00406 AJB DDL**

Susan E. Coleman, Esq. (SColeman@bwslaw.com)
Terri Mehra (TMehra@bwslaw.com)
Diana Favela (DFavela@bwslaw.com)

BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101

Elizabeth M. Pappy (EPappy@bwslaw.com)
Lucy Gonzalez (LGonzalez@bwslaw.com)

BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, CA 95113-2336

Fernando Kish (Fernando.Kish@sdcounty.ca.gov)
Steven Inman (Steven.Inman@sdcounty.ca.gov)

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

Attorneys for Defendants County of San Diego, San
Diego County Sheriff's Department, and San Diego
County Probation Department

[4311028.1]

**Ex. B-57**

# EXHIBIT C

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Subclass

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT**<br><br>Judge:      Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

[4339608.3]

PROPOUNDING PARTY:   PLAINTIFFS

RESPONDING PARTY:    DEFENDANTS SAN DIEGO COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF SAN DIEGO, SAN
DIEGO COUNTY PROBATION DEPARTMENT

SET NO.:             FIVE (5)

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure Rule 34, Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner ("Plaintiffs"), on behalf of themselves and all persons similarly situated and the Certified Subclass, by their attorneys, hereby demand that Defendants San Diego County Sheriff's Department, County of San Diego, and San Diego County Probation Department respond under oath to the following document requests, and produce and permit inspection or copying of the original documents and materials described below at Rosen Bien Galvan & Grunfeld LLP, 30 days after service of this demand.

## INSTRUCTIONS

1.      In responding to this Request for Production of Documents, you are requested to furnish all documents which are in your possession, custody, or control, including information in the possession of your attorneys, or other persons directly or indirectly employed or retained by you, or connected with you or your attorneys, or anyone else acting on your behalf or otherwise subject to your control.

2.      In responding to this Request for Production of Documents, if any responsive document is maintained electronically, the document shall be produced on disc in native format and with metadata intact.  You are also requested to furnish print-outs of documents which may not currently exist in "hard copy" paper form but which exist in electronic form as electronic mail or as a document or file

[4339608.3]                              2                  Case No. 3:20-cv-00406-AJB-DDL
PLS.' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFS. SAN DIEGO COUNTY
SHERIFF'S DEP'T, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEP'T

Ex. C-60

1  generated by word processing, data base, or spreadsheet software, and which are

2  stored electronically on a "floppy" disc, a compact disc, a zip drive, a personal

3  computer hard drive, a network server, a back-up tape or disc, text message, or any

4  other electronic medium.

5      3.     If an electronically-generated document does not currently exist as a

6  "hard copy" and if it has been deleted from the hard drives of personal computers,

7  you are requested to retrieve it from any other electronic medium (e.g., a network

8  server or a backup tape disc) from which it is retrievable.

9      4.     If you cannot respond to any document request in full, respond to the

10 fullest extent possible, explain why you cannot respond to the remainder, and

11 describe the nature of the documents which you cannot furnish.

12     5.     If you object to part of a request and refuse to answer that part, state

13 your objection and respond to the remaining portion of that request.  If you object to

14 the scope or time period of a request and refuse to respond for that scope or time

15 period, state your objection and respond to the request for the scope or time period

16 you believe is appropriate.

17     6.     With respect to any requested document that you refuse to produce in

18 response to these Requests for Production on the basis of any asserted privilege,

19 please state:

20          a.     the full identity of the document including:

21               i.      the nature of the document (e.g., letter, memorandum,

22                       etc.);

23               ii.     date of the document;

24               iii.    its title (if any);

25               iv.     its authors, addressees, recipients, or parties;

26               v.      the identity of any other individuals to whom the

27                       document was disseminated and their relationship to

28                       Defendants;

vi.     whether the document includes any attachments and, if so, a description of the attachments; and

vii.    its present location and identity of its custodian;

b.    whether your objection or refusal is directed to the entire document or part thereof;

i.     if your objection or refusal goes to part of the document, specify the specific part(s) of the document to which your objection or refusal is directed; and

ii.    the specific factual basis which gives rise to the objection or refusal and the specific legal ground on which the objection or refusal is based.

7.    If any of the following requested documents cannot be located or produced after exercising due diligence to secure the information, please so state and respond to the extent possible, specifying your inability to respond fully, and stating whatever information you have relating to the non-produced documents. If your response is qualified in any particular manner, please set forth the details of such qualification.

## DEFINITIONS

Unless otherwise indicated, the following definitions and terms shall apply to these requests for production:

1.    The terms "ANY" and "ALL," as used herein, shall include "each" and "every" and are not to be construed to limit a request.

2.    The term "ADA" means the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* as well as related federal and state laws that require accommodation of disabilities and prohibit discrimination on the basis of disability.

3.    The term "COMMUNICATIONS" means any transmittal of information from one person or entity to another by any means, including letters, correspondence, notes, memoranda, records,  reports, papers, facsimiles, electronic

**Ex. C-62**

1    mail (whether to, from, copied or blind copied), electronic mail generated from a

2    hand held personal device including an Android or iPhone, instant messaging,

3    electronic mail generated from business or personal email accounts, internet relay

4    chat, news group, group or collaboration servers, electronic bulletin boards,

5    electronic discussion boards, text messages, dictation tapes, video recordings, audio

6    recordings, digital recordings, memoranda, telegrams, telecopies and telexes,

7    teleconference, collaboration servers (including share point servers), web-based or

8    software virtual meetings including Web-X, Zoom, and any other meeting software

9    and share point servers, and oral contact such as face-to-face discussions or

10   meetings, telephone conversations, and voice mail messages.

11       4.      The term "CONTRACTOR" includes any individual or entity, or an

12   EMPLOYEE of the same, who is hired, retained, or otherwise authorized by YOU

13   to undertake any task, service, role, or job on YOUR behalf.  The term includes but

14   is not limited to NaphCare, Inc. and NaphCare of San Diego, LLC.

15       5.      The term "COUNTY" means Defendant San Diego County and anyone

16   acting on its behalf.

17       6.      The term "CURRENT" means in effect and not superseded and/or

18   issued on or after January 1, 2022.

19       7.      The term "DEATH(S)" means the action or fact of dying or being

20   killed, including by suicide.

21       8.      The terms "DEFENDANTS," "YOU," or "YOUR" means the San

22   Diego County Sheriff's Department, San Diego County, and the San Diego County

23   Probation Department, and anyone acting on their behalf.

24       9.      The terms "DISABILITY" and "DISABILITIES" mean any physical,

25   cognitive, developmental, intellectual, mental, or sensory impairment that limits one

26   or more major life activities, including but not limited to, eating, sleeping, speaking,

27   breathing, walking, standing, lifting, bending, thinking, concentrating, seeing,

28   hearing, working, reading, learning, communicating, caring for oneself, and

1  performing manual tasks, as well as the operation of major bodily functions such as

2  circulation, reproduction, and the functioning of individual organs.  The terms also

3  include having a history or record of such impairment or being perceived by others

4  as having such an impairment.

5     10. The term "DOCUMENT" means any writing, however produced or

6  reproduced, of every kind and regardless of where located, which is in YOUR

7  possession, custody, or control, including drafts; or in the possession, custody, or

8  control of any servant or agent of YOU or of YOUR attorneys.  The terms include

9  the following: electronically recorded information such as electronic mail, html

10  files, databases, data processing cards or tapes, computerized data, computer

11  diskettes, or information otherwise contained on a computer's hard drive, disks or

12  backup tapes; video tapes, audio tapes, view-graphs, or any information maintained

13  on digital, electronic, magnetic or other media; and any other summary, schedule,

14  memorandum, note, statement, letter, telegram, interoffice communication, report,

15  diary, worksheet, list, graph, chart, or index, tape record, partial or complete report

16  of telephone or oral conversation, transcript or minutes, compilation, tabulation,

17  study, analysis, or other such writing or recording.  The terms "DOCUMENT" and

18  "DOCUMENTS" include any originals, all file copies, all other copies, no matter

19  how prepared, and all drafts prepared in connection with such DOCUMENTS,

20  whether or not used, as well as the file in which the DOCUMENTS are maintained.

21  A draft or non-identical copy of a DOCUMENT, including a copy or duplicate of a

22  DOCUMENT which has any nonconforming notes, marginal annotations or other

23  markings, and any preliminary version, draft or revision of the foregoing, is a

24  separate DOCUMENT within the meaning of these terms.  The term

25  "DOCUMENT" does not include any writing that constitutes a privileged or

26  otherwise protected communication between YOU and YOUR attorneys.

27     11. The term "EMPLOYEE" means any employee, director, officer, owner,

28  CONTRACTOR, agent, or any other person working for or on behalf of an entity,

[4339608.3]     6     Case No. 3:20-cv-00406-AJB-DDL
PLS.' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFS. SAN DIEGO COUNTY
SHERIFF'S DEP'T, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEP'T

Ex. C-64

1  such as the COUNTY, the SHERIFF'S DEPARTMENT, or the PROBATION

2  DEPARTMENT.

3      12.    The term "EOH" means Enhanced Observation Housing, as defined in

4  SHERIFF'S DEPARTMENT Detention Policy & Procedure J.4.

5      13.    The term "GRIEVANCE" means a written complaint completed by or

6  on behalf of an INCARCERATED PERSON.

7      14.    The term "HEALTH CARE" means the provision of care or services,

8  to identify and/or address health needs of an INCARCERATED PERSON in the

9  JAIL (including medical, mental health, dental care, and vision care needs), whether

10 those needs arise as a result of injury, illness, disease, age, trauma, care or services

11 provided for diagnostic or preventive purposes.

12     15.    The term "HEALTH CARE STAFF" means any person or entity

13 providing HEALTH CARE services, or providing administrative and/or support

14 services related to HEALTH CARE at the JAIL.

15     16.    The terms "INCARCERATED PERSON(S)" or "INCARCERATED

16 PEOPLE" mean any person incarcerated, detained, or in the custody of the

17 SHERIFF'S DEPARTMENT.

18     17.    "IDENTIFY," with respect to an INCARCERATED PERSON or

19 formerly INCARCERATED PERSON, means to state the INCARCERATED

20 PERSON's full name, booking number, date of birth, booking date, and CURRENT

21 housing location (if still in custody) or date of release (if no longer in custody).

22     18.    "IDENTIFY," with respect to a non-INCARCERATED PERSON,

23 means to state the person's name, professional title, credentials and licensing

24 information if applicable, and professional address.

25     19.    The term "JAIL" means the San Diego County Jail, including all of its

26 facilities.

27     20.    The term "MENTAL DISORDER" means any condition diagnosable

28 on Axis I or Axis II per the *Diagnostic and Statistical Manual of Mental Disorders*

[4339608.3]                                         7              Case No. 3:20-cv-00406-AJB-DDL
PLS.' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFS. SAN DIEGO COUNTY
SHERIFF'S DEP'T, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEP'T

Ex. C-65

1  (5th ed.) or that substantially impairs cognitive functioning or psychological

2  wellbeing.

3      21.    The term "MENTAL HEALTH CARE" means the provision of care or

4  services, to identify and/or address the mental health needs of an INCARCERATED

5  PERSON in the JAIL, whether those needs arise as a result of injury, illness,

6  disease, age, or trauma, or care or services provided for diagnostic or preventive

7  purposes.

8      22.    The term "MOB" means Medical Observation Bed, as defined in

9  SHERIFF'S DEPARTMENT Medical Services Division Policy & Procedure M-13.

10     23.    The term "PLAINTIFFS" means Plaintiffs Darryl Dunsmore, Andree

11  Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna

12  Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares,

13  Gustavo Sepulveda, Michael Taylor, and Laura Zoerner.

14     24.    The term "POLICIES AND PROCEDURES" means policies,

15  procedures, handbooks, advice, directives, training materials, forms, instructions,

16  and guidelines that comprise established standards, regardless of the author.

17     25.    The term "PROBATION DEPARTMENT" means Defendant San

18  Diego County Probation Department and anyone acting on its behalf.

19     26.    The term "PSU" means Psychiatric Stabilization Unit or Psychiatric

20  Security Unit, as defined in SHERIFF'S DEPARTMENT Detention Policy

21  & Procedure M.25.

22     27.    The terms "RELATED TO," "RELATING TO," or "REGARDING"

23  means, without limitation, anything that, in whole or in part, analyzes, comments

24  upon, comprises, concerns, constitutes, contains, describes, discusses, embodies,

25  evidences, explains, identifies, manifests, mentions, pertains to directly or indirectly

26  to, reflects, refers to, regards, relates to, responds to, states, summarizes, or in any

27  way relevant to the particular subject matter identified.

28     28.    The term "SAFETY CELL" means a temporary housing cell with a

[4339608.3]                                   8                    Case No. 3:20-cv-00406-AJB-DDL
PLS.' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFS. SAN DIEGO COUNTY
SHERIFF'S DEP'T, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEP'T

Ex. C-66

1  padded surface, as defined in SHERIFF'S DEPARTMENT Detention Policy

2  & Procedure J.1.

3      29.    The term "SHERIFF'S DEPARTMENT" means Defendant San Diego

4  County Sheriff's Department and anyone acting on its behalf.

5      30.    The term "SOBERING CELL" means JAIL cells used to house

6  INCARCERATED PERSONS away from other INCARCERATED PERSONS for

7  the specific purposes of detoxification or sobering up; the term includes sobering

8  cells and detoxification cells.

9      31.    The term "STAFFING PLAN" means any DOCUMENT showing the

10  minimum number and types of EMPLOYEES DEFENDANTS intend to work in the

11  JAIL and the minimum number of hours DEFENDANTS intend those

12  EMPLOYEES to work to staff the JAIL, including EMPLOYEES of

13  CONTRACTORS.

14      32.    The words "and" and "or" should be construed disjunctively or

15  conjunctively as necessary to make the Request inclusive rather than exclusive.

16      33.    Unless otherwise indicated, the time period for each one of these

17  requests is January 1, 2021 to present.

18              **REQUESTS FOR PRODUCTION**

19                  **Medical Care**

20  **REQUEST FOR PRODUCTION NO. 88:**

21      ALL records RELATING TO each DEATH of an INCARCERATED

22  PERSON from April 12, 2023 to present, including, but not limited to Sheriff's

23  Homicide Unit investigation files, reports prepared by the COUNTY and/or

24  SHERIFF'S DEPARTMENT pursuant to Title 15 Section 1046 (this does not

25  include any Section 1046 reports prepared by Naphcare, Inc. and not provided to the

26  COUNTY), medical and mental health records from January 1, 2021 to the date of

27  DEATH (as well as medical intake forms for any INCARCERATED PERSON who

28  was booked prior to January 1, 2021), custody records, autopsy reports, coroner

**Ex. C-67**

reports, and any video footage of the INCARCERATED PERSON and/or their cell door for the 24 hours prior to the DEATH.

**REQUEST FOR PRODUCTION NO. 89:**

ALL San Diego Sheriff's Department's Critical Incident Review Board reports from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 90:**

ALL San Diego Sheriff's Department's Critical Incident Review Board report tracking spreadsheets from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 91:**

ALL Internal Affairs investigation DOCUMENTS RELATING TO DEATHS at the JAIL from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 92:**

ALL DOCUMENTS, including but not limited to minutes, RELATING TO meetings attended by HEALTH CARE STAFF or custody staff at which the HEALTH CARE POLICIES AND PROCEDURES, HEALTH CARE staffing, or ANY issue RELATING TO JAIL HEALTH CARE was discussed.

**REQUEST FOR PRODUCTION NO. 93:**

ALL DOCUMENTS and COMMUNICATIONS in which custody staff and HEALTH CARE staff disagree about the provision of HEALTH CARE for INCARCERATED PEOPLE.

**REQUEST FOR PRODUCTION NO. 94:**

ALL DOCUMENTS and COMMUNICATIONS in which custody staff authorize HEALTH CARE for INCARCERATED PEOPLE.

**REQUEST FOR PRODUCTION NO. 95:**

ALL DOCUMENTS and COMMUNICATIONS in which custody staff make HEALTH CARE decisions for INCARCERATED PEOPLE.

**REQUEST FOR PRODUCTION NO. 96:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO

[4339608.3]                                     10                  Case No. 3:20-cv-00406-AJB-DDL
PLS.' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFS. SAN DIEGO COUNTY
SHERIFF'S DEP'T, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEP'T

**Ex. C-68**

1  understaffing (employing fewer positions than required, allocated, and/or scheduled)

2  of HEALTH CARE EMPLOYEES at the JAIL from January 1, 2021 to the present.

3  **REQUEST FOR PRODUCTION NO. 97:**

4  ALL DOCUMENTS showing the time between a person arrives at the JAIL

5  and the time the person receives intake screening.

6  **REQUEST FOR PRODUCTION NO. 98:**

7  ALL DOCUMENTS, including but not limited to logs, audits, lists, and

8  summaries, RELATED TO intake screening.

9  **REQUEST FOR PRODUCTION NO. 99:**

10  ALL DOCUMENTS RELATING TO pending sick call requests where the

11  INCARCERATED PERSON making the sick call request is transferred to another

12  JAIL facility.

13  **REQUEST FOR PRODUCTION NO. 100:**

14  ALL DOCUMENTS, including but not limited to logs, audits, lists, and

15  summaries, RELATED TO continuing HEALTH CARE treatments, including but

16  not limited to medications, for INCARCERATED PEOPLE upon arrival at the

17  JAIL.

18  **REQUEST FOR PRODUCTION NO. 101:**

19  ALL DOCUMENTS RELATING TO HEALTH CARE statistics of ANY

20  kind at the JAIL.

21  **REQUEST FOR PRODUCTION NO. 102:**

22  ALL GRIEVANCES, inmate requests, and sick call requests submitted by

23  INCARCERATED PERSONS from January 1, 2023 to the present.

24  **REQUEST FOR PRODUCTION NO. 103:**

25  ALL responses to GRIEVANCES, inmate requests, and sick call requests

26  submitted by INCARCERATED PERSONS from January 1, 2023 to the present.

27  **REQUEST FOR PRODUCTION NO. 104:**

28  ALL DOCUMENTS, including but not limited to logs, audits, lists, and

1  summaries, showing the time between when an INCARCERATED PERSON
2  submitted a sick call request and the time when:  HEALTH CARE STAFF triaged
3  the sick call request; HEALTH CARE STAFF responded to the sick call request;
4  and the INCARCERATED PERSON was seen by HEALTH CARE STAFF.

5  **REQUEST FOR PRODUCTION NO. 105:**

6       ALL DOCUMENTS, including but not limited to logs, audits, lists, and
7  summaries, showing the number or percent of INCARCERATED PERSONS at the
8  JAIL who submitted a sick call request and were not seen by HEALTH CARE
9  STAFF in connection with that sick call request.

10  **REQUEST FOR PRODUCTION NO. 106:**

11       ALL DOCUMENTS, including but not limited to logs, audits, lists, and
12  summaries, RELATING TO tracking and/or scheduling HEALTH CARE
13  appointments.

14  **REQUEST FOR PRODUCTION NO. 107:**

15       ALL training materials RELATING TO sick call requests, and tracking
16  and/or scheduling HEALTH CARE appointments.

17  **REQUEST FOR PRODUCTION NO. 108:**

18       ALL training materials RELATING TO HEALTH CARE records.

19  **REQUEST FOR PRODUCTION NO. 109:**

20       ALL DOCUMENTS, including but not limited to logs, audits, lists, and
21  summaries, RELATING TO outside (off-site from the JAIL) HEALTH CARE
22  providers who provide HEALTH CARE to INCARCERATED PEOPLE.

23  **REQUEST FOR PRODUCTION NO. 110:**

24       ALL DOCUMENTS RELATING TO the confidentiality of HEALTH CARE
25  appointments and the provision of HEALTH CARE in confidential, semi-
26  confidential, or non-confidential settings.

27  **REQUEST FOR PRODUCTION NO. 111:**

28       ALL DOCUMENTS, including but not limited to logs, audits, lists, training

[4339608.3]                                    12                    Case No. 3:20-cv-00406-AJB-DDL
PLS.' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFS. SAN DIEGO COUNTY
SHERIFF'S DEP'T, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEP'T

Ex. C-70

1  materials, and summaries, RELATING TO the provision of diagnostic testing for

2  INCARCERATED PEOPLE.

3  **REQUEST FOR PRODUCTION NO. 112:**

4      ALL DOCUMENTS RELATING TO vision care at the JAIL.

5  **REQUEST FOR PRODUCTION NO. 113:**

6      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

7  materials, and summaries, showing the time between an INCARCERATED

8  PERSON is evaluated for eyeglasses and the time the INCARCERATED PERSON

9  receives eyeglasses.

10  **REQUEST FOR PRODUCTION NO. 114:**

11      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

12  materials, and summaries, RELATING TO HEALTH CARE discharge planning.

13  **REQUEST FOR PRODUCTION NO. 115:**

14      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

15  materials, and summaries, RELATING TO Quality Assurance/Quality Control

16  processes.

17  **REQUEST FOR PRODUCTION NO. 116:**

18      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

19  materials, and summaries, RELATING TO peer review processes for HEALTH

20  CARE staff.

21  **REQUEST FOR PRODUCTION NO. 117:**

22      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

23  materials, and summaries, RELATING TO corrective action plans for HEALTH

24  CARE and/or custody staff.

25  **REQUEST FOR PRODUCTION NO. 118:**

26      ALL DOCUMENTS and COMMUNICATIONS RELATING TO

27  INCARCERATED PERSONS receiving an incorrect type or dosage of medication

28  from HEALTH CARE STAFF or custody staff.

1  **REQUEST FOR PRODUCTION NO. 119**:

2      DOCUMENTS sufficient to show the average waiting time between the time

3  an INCARCERATED PERSON is prescribed medication and the time the person

4  receives the prescribed medication.

5  **REQUEST FOR PRODUCTION NO. 120**:

6      ALL DOCUMENTS, including but not limited to logs, audits, lists and

7  summaries, RELATING TO HEALTH CARE of INCARCERATED PERSONS

8  referred, seen, or transferred to ANY hospital or other outside HEALTH CARE

9  facility for the purpose of providing HEALTH CARE.

10  **REQUEST FOR PRODUCTION NO. 121**:

11      ALL DOCUMENTS, including but not limited to logs, audits, lists, and

12  summaries, showing the time when an INCARCERATED PERSON was referred

13  for HEALTH CARE outside the JAIL and the time when the INCARCERATED

14  PERSON was seen by the HEALTH CARE provider outside the JAIL.

15  **REQUEST FOR PRODUCTION NO. 122**:

16      DOCUMENTS sufficient to show the average time between when an

17  INCARCERATED PERSON was referred for outside HEALTH CARE and the time

18  when the INCARCERATED PERSON was seen by the outside HEALTH CARE

19  provider.

20  **REQUEST FOR PRODUCTION NO. 123**:

21      ALL DOCUMENTS RELATED TO inspections, conducted by any entity or

22  person other than YOU, of facilities or practices at the JAIL, including those

23  RELATING TO HEALTH CARE.

24  **REQUEST FOR PRODUCTION NO. 124**:

25      ALL DOCUMENTS RELATING TO evaluations and assessments of

26  INCARCERATED PERSONS housed in MOB cells since January 1, 2021.

27  **REQUEST FOR PRODUCTION NO. 125**:

28      ALL logs, spreadsheets, patient lists, and reports RELATING TO chronic

1  care, including but not limited to care for diabetes, hypertension or other

2  cardiovascular disease, hepatitis, HIV/AIDS, tuberculosis, cancer, neurological

3  disorders, OB/GYN, and MENTAL HEALTH.

4  **REQUEST FOR PRODUCTION NO. 126:**

5  ALL DOCUMENTS RELATING to the process and criteria for and ANY

6  limitations on admitting INCARCERATED PERSONS to outside hospitals,

7  specialty clinics, or other medical providers, for the purpose of providing HEALTH

8  CARE.

9  **REQUEST FOR PRODUCTION NO. 127:**

10  ALL DOCUMENTS RELATING to the process and criteria for and ANY

11  limitations on discharging INCARCERATED PERSONS from outside hospitals,

12  specialty clinics, or other medical providers, back to the JAIL after receiving

13  HEALTH CARE.

14  **REQUEST FOR PRODUCTION NO. 128:**

15  ALL DOCUMENTS RELATING TO any delays in admission of

16  INCARCERATED PERSONS into specialty clinics, or other HEALTH CARE

17  providers, for the purpose of providing HEALTH CARE.

18  **REQUEST FOR PRODUCTION NO. 129:**

19  ALL DOCUMENTS, including but not limited to logs, audits, lists, training

20  materials, and summaries, RELATING TO cancellation of HEALTH CARE

21  appointments.

22  **REQUEST FOR PRODUCTION NO. 130:**

23  ALL logs, spreadsheets, patient lists, and reports RELATING TO treatment

24  orders.

25  **REQUEST FOR PRODUCTION NO. 131:**

26  ALL logs, spreadsheets, patient lists, and reports RELATING TO sick call

27  requests.

28

[4339608.3]                                        15                    Case No. 3:20-cv-00406-AJB-DDL
PLS.' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFS. SAN DIEGO COUNTY
SHERIFF'S DEP'T, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEP'T

Ex. C-73

1  **REQUEST FOR PRODUCTION NO. 132:**

2          ALL DOCUMENTS and COMMUNICATIONS RELATING TO

3  disagreements between CONTRACTORS and DEFENDANTS' EMPLOYEES

4  RELATING TO HEALTH CARE of INCARCERATED PERSONS.

5  **REQUEST FOR PRODUCTION NO. 133:**

6          ALL DOCUMENTS and COMMUNICATIONS RELATING TO

7  disagreements between HEALTH CARE STAFF and custody staff RELATING TO

8  HEALTH CARE, classification, or housing of INCARCERATED PERSONS.

9  **REQUEST FOR PRODUCTION NO. 134:**

10          ALL COMMUNICATIONS RELATING TO:  (a) POLICIES AND

11  PROCEDURES at the JAIL; (b) amendments to POLICIES AND PROCEDURES

12  at the JAIL; and (c) drafts of POLICIES AND PROCEDURES at the JAIL.

13  **REQUEST FOR PRODUCTION NO. 135:**

14          ALL DOCUMENTS and COMMUNICATIONS RELATING TO the San

15  Diego County Citizens' Law Enforcement Review Board, including but not limited

16  to recommendations made by the San Diego County Citizens' Law Enforcement

17  Review Board.

18  **REQUEST FOR PRODUCTION NO. 136:**

19          ALL COMMUNICATIONS with CONTRACTORS RELATING TO

20  POLICIES AND PROCEDURES.

21  **REQUEST FOR PRODUCTION NO. 137:**

22          ALL COMMUNICATIONS with CONTRACTORS RELATING TO

23  HEALTH CARE of INCARCERATED PERSONS from January 1, 2021 to present.

24  **REQUEST FOR PRODUCTION NO. 138:**

25          ALL DOCUMENTS, including but not limited to logs, audits, lists, training

26  materials, and summaries, RELATING TO medication provided to

27  INCARCERATED PEOPLE at discharge from the JAIL.

28

**Ex. C-74**

**Mental Health Care**

**REQUEST FOR PRODUCTION NO. 139:**

ALL DOCUMENTS RELATING TO the housing of INCARCERATED PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH CARE, including but not limited to determinations of need for housing, evaluations of housing, and requests for funding for MENTAL HEALTH CARE and programming.

**REQUEST FOR PRODUCTION NO. 140:**

ALL DOCUMENTS sufficient to show the number of INCARCERATED PERSONS with MENTAL DISORDERS or who received MENTAL HEALTH CARE in EOH or Outpatient Step Down Unit housing by month since January 1, 2021.

**REQUEST FOR PRODUCTION NO. 141:**

ALL logs RELATING TO INCARCERATED PERSONS placed in the Outpatient Step Down Unit from January 1, 2021 to present.

**REQUEST FOR PRODUCTION NO. 142:**

ALL DOCUMENTS RELATING TO evaluations and assessments of INCARCERATED PERSONS placed in the Outpatient Step Down Unit from January 1, 2021 to present.

**REQUEST FOR PRODUCTION NO. 143:**

ALL DOCUMENTS RELATING TO the discipline of INCARCERATED PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH CARE.

**REQUEST FOR PRODUCTION NO. 144:**

ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on admitting INCARCERATED PERSONS with MENTAL DISORDERS to outside hospitals, forensic facilities, or other psychiatric facilities, including but not limited to the Department of State Hospital, for the purpose of

**Ex. C-75**

1 providing MENTAL HEALTH CARE.

2 **REQUEST FOR PRODUCTION NO. 145:**

3     ALL DOCUMENTS RELATING to the process and criteria for and ANY

4 limitations on discharging INCARCERATED PERSONS with MENTAL

5 DISORDERS from outside hospitals, forensic facilities, or other psychiatric

6 facilities, including but not limited to the Department of State Hospital, back to the

7 JAIL after receiving MENTAL HEALTH CARE.

8 **REQUEST FOR PRODUCTION NO. 146:**

9     ALL DOCUMENTS RELATING TO any delays in admission of

10 INCARCERATED PERSONS with MENTAL DISORDERS into outside hospitals,

11 forensic facilities, or other psychiatric facilities, including but not limited to the

12 Department of State Hospital, for the purpose of providing MENTAL HEALTH

13 CARE.

14 **REQUEST FOR PRODUCTION NO. 147:**

15     ALL DOCUMENTS, including but not limited to logs, audits, lists, training

16 materials, and summaries, RELATING TO the identification, tracking, and/or

17 treatment of INCARCERATED PERSONS' MENTAL HEALTH CARE needs.

18 **REQUEST FOR PRODUCTION NO. 148:**

19     ALL DOCUMENTS, including but not limited to logs, audits, lists, training

20 materials, and summaries, RELATING TO the provision of a comprehensive

21 MENTAL HEALTH assessment for INCARCERATED PERSONS.

22 **REQUEST FOR PRODUCTION NO. 149:**

23     ALL DOCUMENTS, including but not limited to logs, audits, lists, training

24 materials, and summaries, RELATING TO the assessing INCARCERATED

25 PERSONS for emergent or urgent MENTAL HEALTH CARE needs.

26 **REQUEST FOR PRODUCTION NO. 150:**

27     ALL DOCUMENTS, including but not limited to logs, audits, lists, training

28 materials, and summaries, RELATING TO the time between an INCARCERATED

1  PERSON is referred for MENTAL HEALTH CARE evaluation or care and the time

2  the INCARCERATED PERSON receives MENTAL HEALTH CARE evaluation or

3  care.

4  **REQUEST FOR PRODUCTION NO. 151:**

5      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

6  materials, and summaries, RELATING TO the number or percent of

7  INCARCERATED PEOPLE with MENTAL HEALTH CARE needs.

8  **REQUEST FOR PRODUCTION NO. 152:**

9      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

10  materials, and summaries, and COMMUNICATIONS RELATING TO hiring

11  mental health staff, retaining existing staff, contracting with third-party providers,

12  diverting incarcerated people with mental illness to community providers, and/or

13  supporting mental health-based alternatives to incarceration.

14  **REQUEST FOR PRODUCTION NO. 153:**

15      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

16  materials, and summaries, and COMMUNICATIONS RELATING TO the number

17  of patients on each MENTAL HEALTH CARE provider's caseload.

18  **REQUEST FOR PRODUCTION NO. 154:**

19      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

20  materials, and summaries, and COMMUNICATIONS RELATING TO custody staff

21  authorizing and/or making MENTAL HEALTH CARE decisions for

22  INCARCERATED PERSONS, including as to housing assignments within

23  MENTAL HEALTH units at the JAIL.

24  **REQUEST FOR PRODUCTION NO. 155:**

25      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

26  materials, and summaries, RELATING TO continuing MENTAL HEALTH CARE

27  treatments and medications for INCARCERATED PERSONS who arrive at the

28  JAIL.

1  **REQUEST FOR PRODUCTION NO. 156:**

2      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

3  materials, and summaries, RELATING TO MENTAL HEALTH CARE programs

4  for INCARCERATED PERSONS at the JAIL, including therapy and counseling.

5  **REQUEST FOR PRODUCTION NO. 157:**

6      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

7  materials, and summaries, RELATING TO identifying, tracking, and or treating

8  INCARCERATED PERSONS' MENTAL HEALTH needs according to a level of

9  care system.

10  **REQUEST FOR PRODUCTION NO. 158:**

11      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

12  materials, and summaries, RELATING TO monitoring and following-up with

13  INCARCERATED PERSONS who have MENTAL HEALTH needs.

14  **REQUEST FOR PRODUCTION NO. 159:**

15      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

16  materials, and summaries, RELATING TO housing suicidal INCARCERATED

17  PERSONS in isolation.

18  **REQUEST FOR PRODUCTION NO. 160:**

19      ALL grievances and responses thereto RELATING TO suicidal

20  INCARCERATED PERSONS housed in isolation.

21  **REQUEST FOR PRODUCTION NO. 161:**

22      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

23  materials, and summaries, RELATING TO follow-up care for INCARCERATED

24  PERSONS discharged from the Inmate Safety Program.

25  **REQUEST FOR PRODUCTION NO. 162:**

26      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

27  materials, and summaries, RELATING TO INCARCERATED PERSONS with

28  acute MENTAL HEALTH CARE needs.

[4339608.3]                    20          Case No. 3:20-cv-00406-AJB-DDL
PLS.' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFS. SAN DIEGO COUNTY
SHERIFF'S DEP'T, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEP'T

Ex. C-78

1  **REQUEST FOR PRODUCTION NO. 163:**

2    ALL DOCUMENTS RELATED TO agreements and/or contracts with

3  outside MENTAL HEALTH CARE providers for the referral of INCARCERATED

4  PEOPLE with MEDICAL and MENTAL HEALTH CARE needs to receive care,

5  including when the JAIL lacks personnel and/or housing options to provide

6  necessary care.

7  **REQUEST FOR PRODUCTION NO. 164:**

8    ALL DOCUMENTS, including but not limited to logs, audits, lists, training

9  materials, and summaries, RELATED TO the placement of INCARCERATED

10  PEOPLE with MENTAL HEALTH DISORDERS and/or intellectual

11  DISABILITIES in administrative segregation.

12  **REQUEST FOR PRODUCTION NO. 165:**

13    ALL DOCUMENTS, including but not limited to logs, audits, lists, training

14  materials, and summaries, RELATED TO the provision of MENTAL HEALTH

15  CARE for INCARCERATED PEOPLE with MENTAL HEALTH CARE needs in

16  administrative segregation or other isolation housing.

17  <div align="center">**Disability Accommodations**</div>

18  **REQUEST FOR PRODUCTION NO. 166:**

19    ALL DOCUMENTS, including but not limited to logs, audits, lists and

20  summaries, RELATING TO screening, assessment, identification, tracking of

21  INCARCERATED PEOPLE with DISABILITIES.

22  **REQUEST FOR PRODUCTION NO. 167:**

23    ALL DOCUMENTS, including but not limited to logs, audits, lists, training

24  materials, and summaries, RELATING TO programs and services for

25  INCARCERATED PEOPLE with DISABILITIES.

26  **REQUEST FOR PRODUCTION NO. 168:**

27    ALL DOCUMENTS and COMMUNICATIONS, including but not limited to

28  logs, audits, lists, training materials, and summaries, RELATING TO the

1  accessibility of physical spaces at the JAIL for INCARCERATED PEOPLE with

2  DISABILITIES.

3  **REQUEST FOR PRODUCTION NO. 169:**

4      ALL DOCUMENTS and COMMUNICATIONS, including but not limited to

5  logs, audits, lists, training materials, and summaries, RELATING TO any grievance

6  system for INCARCERATED PEOPLE with DISABILITIES.

7  **REQUEST FOR PRODUCTION NO. 170:**

8      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

9  materials, and summaries, RELATING TO court orders requiring the

10  accommodation of INCARCERATED PEOPLE with DISABILITIES.

11                          **Environmental Conditions**

12  **REQUEST FOR PRODUCTION NO. 171:**

13      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

14  materials, and summaries, RELATING TO electrical and plumbing hazards at the

15  JAIL.

16  **REQUEST FOR PRODUCTION NO. 172:**

17      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

18  materials, and summaries, RELATING TO laundry, clothes, and linens.

19  **REQUEST FOR PRODUCTION NO. 173:**

20      ALL contracts RELATING to vector and vermin control, plumbing repair,

21  electrical repair, pest control, and other maintenance at the JAIL.

22  **REQUEST FOR PRODUCTION NO. 174:**

23      ALL DOCUMENTS RELATING TO vector and vermin control and pest

24  control at the JAIL, including but not limited to any pest control specialist logs and

25  reports.

26  **REQUEST FOR PRODUCTION NO. 175:**

27      ALL DOCUMENTS, including but not limited to logs and audits,

28  RELATING TO trash collection and removal from housing units in the JAIL.

**REQUEST FOR PRODUCTION NO. 176:**

ALL DOCUMENTS, including but not limited to logs and audits, RELATING TO sanitization of cells, including but not limited to cleaning of human waste and bodily fluids.

### Safety & Security

**REQUEST FOR PRODUCTION NO. 177:**

ALL DOCUMENTS (including internal or external reviews or audits), POLICIES AND PROCEDURES, and COMMUNICATIONS RELATING TO YOUR compliance with the Prison Rape Elimination Act, 42 U.S.C. §§ 15601 *et seq.*, and/or its implementing regulations and standards.

**REQUEST FOR PRODUCTION NO. 178:**

The Prison Rape Elimination Act Coordinator's sexual assault incident file.

**REQUEST FOR PRODUCTION NO. 179:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO contraband narcotics.

**REQUEST FOR PRODUCTION NO. 180:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the timeliness and/or adequacy of safety checks.

**REQUEST FOR PRODUCTION NO. 181:**

ALL DOCUMENTS RELATING TO housing classification, including but not limited to housing plans and matrices; lists and floorplans of housing units; DOCUMENTS reflecting the purpose and capacity of each room in each housing unit; forms used by JAIL staff to classify and re-classify INCARCERATED PERSONS for general population, protective custody, and administrative segregation housing; and DOCUMENTS reflecting the criteria and eligibility for general population housing determinations; protective custody housing determinations, and administrative segregation housing determinations.

**REQUEST FOR PRODUCTION NO. 182:**

ALL DOCUMENTS, including but not limited to logs, audits, and training materials, RELATING TO YOUR EMPLOYEES' response, including response times, to emergency intercom use by INCARCERATED PERSONS.

**REQUEST FOR PRODUCTION NO. 183:**

ALL DOCUMENTS, including but not limited to logs and audits, RELATING TO intercoms in housing units at the JAIL, including but not limited to maintenance and repair of intercoms, contracts RELATING TO intercoms, and internal and/or third-party reports or analyses RELATING TO the efficacy and/or operation of intercoms.

**REQUEST FOR PRODUCTION NO. 184:**

ALL DOCUMENTS RELATING TO general population housing determinations, protective custody determinations, and administrative segregation housing determinations for INCARCERATED PERSONS in the JAIL.

**REQUEST FOR PRODUCTION NO. 185:**

A blank examples of ALL forms used for housing classification, general population housing determinations, protective custody determinations, and administrative segregation housing determinations for INCARCERATED PERSONS in the JAIL.

**REQUEST FOR PRODUCTION NO. 186:**

ALL DOCUMENTS RELATING TO housing classification, general population housing determinations, protective custody determinations, and administrative segregation housing determinations for PLAINTIFFS in the JAIL from January 1, 2013 to the present.

**REQUEST FOR PRODUCTION NO. 187:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the number of assaults, dates of assaults, use of any weapon(s) in assaults, involvement of EMPLOYEES or INCARCERATED PERSONS in

[4339608.3]                                    24                    Case No. 3:20-cv-00406-AJB-DDL
PLS.' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFS. SAN DIEGO COUNTY
SHERIFF'S DEP'T, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEP'T

**Ex. C-82**

1  assaults, nature of injury(ies) sustained in assaults, and cause(s) of injury(ies)

2  sustained in assaults for each assault involving an INCARCERATED PERSON.

3  **REQUEST FOR PRODUCTION NO. 188:**

4      For each INCARCERATED PERSON who received medical attention for

5  injury(ies) sustained during or related to an assault, ALL investigative reports,

6  incident reports, and medical records related to those assaults from January 1, 2021

7  to the present.

8  **REQUEST FOR PRODUCTION NO. 189:**

9      ALL DOCUMENTS and COMMUNICATIONS RELATING TO ANY claim

10  for workers' compensation filed by INCARCERATED PERSONS or JAIL

11  EMPLOYEES in relation to injuries incurred in the course of employment at the

12  JAIL.

13  **REQUEST FOR PRODUCTION NO. 190:**

14      ALL DOCUMENTS RELATING TO understaffing (employing fewer

15  positions than required, allocated, and/or scheduled) of EMPLOYEES at the JAIL

16  from January 1, 2021 to the present.

17  **REQUEST FOR PRODUCTION NO. 191:**

18      ALL DOCUMENTS RELATING TO the following for each existing

19  EMPLOYEE position at the JAIL:  the number of allocated positions, the number of

20  hours required for each position, the number of vacancies and the duration of

21  vacancies for each position, and STAFFING PLANS RELATING TO each position

22  at the JAIL from January 1, 2021 to the present.

23  **REQUEST FOR PRODUCTION NO. 192:**

24      ALL DOCUMENTS RELATING TO the following for each existing

25  EMPLOYEE position at the JAIL: the number of EMPLOYEES present for work in

26  each position for each shift, the number of absences for each position for each shift,

27  and the duration of any absences for each shift from January 1, 2022 to the present.

28

1  **REQUEST FOR PRODUCTION NO. 193**:

2      ALL DOCUMENTS RELATING TO body scanners at the JAIL, including

3  but not limited to DOCUMENTS RELATING TO body scanning software,

4  maintenance and repair of body scanners, contracts related to body scanners,

5  POLICIES AND PROCEDURES related to the use of body scanners, and internal

6  and/or third-party reports regarding the efficacy and/or utility of body scanners.

7  **REQUEST FOR PRODUCTION NO. 194**:

8      ALL DOCUMENTS and COMMUNICATIONS RELATING TO use of

9  body scanners on YOUR EMPLOYEES when they enter the JAIL.

10 **REQUEST FOR PRODUCTION NO. 195**:

11     ALL DOCUMENTS RELATING TO video cameras and body-worn cameras

12 at the JAIL, including but not limited to DOCUMENTS RELATING TO video

13 camera and/or body-worn camera software, maintenance and repair of video

14 cameras and/or body-worn cameras, contracts related to video cameras and/or body-

15 worn cameras, POLICIES AND PROCEDURES related to the use of video cameras

16 and/or body-worn cameras, and internal and/or third-party reports regarding the

17 efficacy and/or utility of video cameras and/or body-worn cameras.

18 **REQUEST FOR PRODUCTION NO. 196**:

19     ALL DOCUMENTS RELATING TO the analysis, study, or adequacy of

20 staffing levels at the JAIL.

21 **REQUEST FOR PRODUCTION NO. 197**:

22     ALL DOCUMENTS AND COMMUNICATIONS RELATING TO all

23 grievances or complaints filed by the Deputy Sheriffs' Association of San Diego

24 County alleging or RELATING TO any matter of JAIL employment, including but

25 not limited to wage grievances, overtime grievances, supervisory practices

26 grievances, disciplinary grievances, retaliation grievances, and allegations of

27 violations of union or other contract rights.

28

**REQUEST FOR PRODUCTION NO. 198:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO "bypass" or "lockdown" punishments and/or practices at the JAIL, including all instances when an EMPLOYEE denies out-of-cell time to an INCARCERATED PERSON.

**REQUEST FOR PRODUCTION NO. 199:**

ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of the incidents referenced in the filing at Docket No. 344 in this litigation.

**REQUEST FOR PRODUCTION NO. 200:**

ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO Christopher Cunningham (Booking No. 23729037).

**REQUEST FOR PRODUCTION NO. 201:**

ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO Shawn Fuller (Booking No. 23727577).

**REQUEST FOR PRODUCTION NO. 202:**

ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO PLAINTIFFS.

**REQUEST FOR PRODUCTION NO. 203:**

ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of EMPLOYEES' failure to intervene against another EMPLOYEE using force that is clearly unreasonable or excessive, as described in California Penal Code Section 832.7(b)(1)(A)(iv), at the JAIL, regardless whether the allegation was sustained or unsustained.

**REQUEST FOR PRODUCTION NO. 204:**

ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of discharge of a firearm by YOUR EMPLOYEES at the JAIL, as

1 described in California Penal Code Section 832.7(b)(1)(A)(i).

2 **REQUEST FOR PRODUCTION NO. 205:**

3       ALL DOCUMENTS RELATING TO incidents, complaints, and

4 investigations of sexual assault, as that term is defined in California Penal Code

5 Section 832.7(b)(1)(B)(ii), by YOUR EMPLOYEES at the JAIL, regardless whether

6 the allegation was sustained or unsustained.

7 **REQUEST FOR PRODUCTION NO. 206:**

8       ALL DOCUMENTS RELATING TO incidents, complaints, and

9 investigations of dishonesty by YOUR EMPLOYEES, as described in California

10 Penal Code Section 832.7(b)(1)(C), at the JAIL, regardless whether the allegation

11 was sustained or unsustained.

12 **REQUEST FOR PRODUCTION NO. 207:**

13       ALL DOCUMENTS RELATING TO incidents, complaints, and

14 investigations of prejudice or discrimination by YOUR EMPLOYEES at the JAIL,

15 as described in California Penal Code Section 832.7(b)(1)(C), regardless whether

16 the allegation was sustained or unsustained.

17 **REQUEST FOR PRODUCTION NO. 208:**

18       ALL DOCUMENTS RELATING TO tracking incidents of YOUR

19 EMPLOYEES using force against INCARCERATED PERSONS at the JAIL.

20 **REQUEST FOR PRODUCTION NO. 209:**

21       ALL DOCUMENTS sufficient to show the average daily population at the

22 JAIL by month.

23 **REQUEST FOR PRODUCTION NO. 210:**

24       ALL DOCUMENTS RELATING TO the security levels of ALL housing

25 units at the JAIL (sometimes called a housing matrix or plan).

26 **REQUEST FOR PRODUCTION NO. 211:**

27       ALL DOCUMENTS and COMMUNICATIONS RELATING TO

28 overcrowding of INCARCERATED PERSONS, including but not limited to

**Ex. C-86**

1  housing one or more INCARCERATED PERSONS in housing units that exceed

2  their rated capacities.

3  **REQUEST FOR PRODUCTION NO. 212:**

4       ALL DOCUMENTS RELATING TO overcrowding of INCARCERATED

5  PERSONS, including but not limited to housing one or more INCARCERATED

6  PERSONS in housing units that exceed their rated capacities.

7  **REQUEST FOR PRODUCTION NO. 213:**

8       ALL DOCUMENTS RELATING TO efforts to protect INCARCERATED

9  PERSONS from accessing illegal drugs while at the JAIL.

10  **REQUEST FOR PRODUCTION NO. 214:**

11       ALL DOCUMENTS RELATING TO training staff how to respond to drug

12  overdoses.

13  **REQUEST FOR PRODUCTION NO. 215:**

14       ALL DOCUMENTS RELATING TO training staff how to screen for, detect,

15  and prevent contraband at the JAIL, including but not limited to the use of body

16  scanners.

17  **REQUEST FOR PRODUCTION NO. 216:**

18       ALL DOCUMENTS that list or summarize contraband at the JAIL.

19  **REQUEST FOR PRODUCTION NO. 217:**

20       ALL DOCUMENTS and COMMUNICATIONS RELATING TO emotional,

21  verbal, or physical abuse of an INCARCERATED PERSON by YOUR

22  EMPLOYEES.

23  **REQUEST FOR PRODUCTION NO. 218:**

24       ALL DOCUMENTS RELATING TO discipline of YOUR EMPLOYEES at

25  the JAIL, including all disciplinary records.

26  **REQUEST FOR PRODUCTION NO. 219:**

27       ALL DOCUMENTS and COMMUNICATIONS RELATING TO locations in

28  the JAIL that INCARCERATED PERSONS may access but are not monitored by

1  video cameras, including but not limited to the area described as "the pocket."

2  **Dental Care**

3  **REQUEST FOR PRODUCTION NO. 220:**

4  ALL DOCUMENTS RELATING TO the extraction of an INCARCERATED

5  PERSON's tooth or teeth, including but not limited to requests for alternative

6  treatments or offering of alternative treatment options to the INCARCERATED

7  PERSON.

8  **REQUEST FOR PRODUCTION NO. 221:**

9  ALL DOCUMENTS RELATING TO the provision or prescription of

10  medication, including but not limited to antibiotic medication, to INCARCERATED

11  PERSONS for the purpose of treating, managing, or alleviating dental pain or

12  swelling.

13  **REQUEST FOR PRODUCTION NO. 222:**

14  DOCUMENTS sufficient to show (a) the average waiting time between the

15  time an INCARCERATED PERSON submits a sick call request relating to pain or

16  swelling in their teeth, jaw, gums, or mouth and the time the INCARCERATED

17  PERSON is seen by a licensed dentist; (b) the average waiting time between the

18  time a referral for dental HEALTH CARE is created at the JAIL and the time the

19  INCARCERATED PERSON is seen by a licensed dentist; and (c) the number of

20  patients on any waiting lists for dental HEALTH CARE since January 1, 2021.

21  **REQUEST FOR PRODUCTION NO. 223:**

22  DOCUMENTS sufficient to show the number of requests for dental

23  HEALTH CARE at the JAIL and the number of such requests that are granted each

24  month since January 1, 2021.

25  **REQUEST FOR PRODUCTION NO. 224:**

26  DOCUMENTS sufficient to show the types of dental HEALTH CARE

27  treatments available to INCARCERATED PERSONS.

28

**REQUEST FOR PRODUCTION NO. 225:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the timeliness and/or adequacy of dental HEALTH CARE at the JAIL.

**REQUEST FOR PRODUCTION NO. 226:**

DOCUMENTS sufficient to show the number of patients seen for dental HEALTH CARE at the JAIL and the number and types of dental HEALTH CARE procedures provided each month since January 1, 2021.

**REQUEST FOR PRODUCTION NO. 227:**

DOCUMENTS sufficient to show the number of scheduled appointments for dental HEALTH CARE that are cancelled or refused each month since January 1, 2021.

**REQUEST FOR PRODUCTION NO. 228:**

DOCUMENTS sufficient to show the number of days per week and hours per day that each of the following are present at the JAIL: dental assistant(s), licensed dental hygienist(s), Doctor(s) of Dental Surgery, or Doctor(s) of Medicine in Dentistry.

**REQUEST FOR PRODUCTION NO. 229:**

ALL DOCUMENTS RELATING TO the availability of x-ray equipment at the JAIL for purposes of dental HEALTH CARE, including but not limited to ANY digital x-ray equipment and panoramic x-ray equipment.

**Access to Counsel and the Courts**

**REQUEST FOR PRODUCTION NO. 230:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the destruction, loss, or misplacement of INCARCERATED PERSONS' personal legal documents.

**REQUEST FOR PRODUCTION NO. 231:**

ALL DOCUMENTS AND COMMUNICATIONS, including but not limited

**Ex. C-89**

1  to logs, audits, lists, training materials, and summaries, RELATING TO

2  confidentiality of communications between INCARCERATED PEOPLE and their

3  attorneys, including the recording of phone calls between INCARCERATED

4  PEOPLE and their attorneys.

5  **REQUEST FOR PRODUCTION NO. 232:**

6      ALL DOCUMENTS and COMMUNICATIONS RELATING TO attorney

7  callback requests.

8  **REQUEST FOR PRODUCTION NO. 233:**

9      ALL DOCUMENTS and COMMUNICATIONS RELATING TO wait times

10 for professional visits, including the time it takes to release visitors from the

11 professional visiting room after a request has been made.

12 **REQUEST FOR PRODUCTION NO. 234:**

13     ALL DOCUMENTS and COMMUNICATIONS RELATING TO the law

14 library and INCARCERATED PERSONS' access to the law library.

15 **REQUEST FOR PRODUCTION NO. 235:**

16     ALL DOCUMENTS, including but not limited to logs, audits, lists, training

17 materials, and summaries, RELATING TO the provision of legal materials to pro se

18 litigants.

19 **REQUEST FOR PRODUCTION NO. 236:**

20     ALL DOCUMENTS, including but not limited to logs, audits, lists, training

21 materials, and summaries, RELATING TO legal mail.

22                      **Racial Discrimination**

23 **REQUEST FOR PRODUCTION NO. 237:**

24     ALL DOCUMENTS and COMMUNICATIONS RELATING TO "zero bail."

25 **REQUEST FOR PRODUCTION NO. 238:**

26     ALL DOCUMENTS and COMMUNICATIONS RELATING to statistics,

27 studies, analyses, or evaluations of YOUR alternative-to-incarceration and reentry

28 programming, including but not limited to the adequacy, quality, quantity,

1  demographic reach, and/or discrimination of those programs.

2  **REQUEST FOR PRODUCTION NO. 239:**

3       DOCUMENTS sufficient to show the racial demographics of participants in

4  ALL of YOUR alternative-to-incarceration and reentry programs by month since

5  January 1, 2021.

6  **REQUEST FOR PRODUCTION NO. 240:**

7       ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

8  eligibility criteria for ANY of YOUR alternative-to-incarceration and reentry

9  programs.

10  **REQUEST FOR PRODUCTION NO. 241:**

11       ALL DOCUMENTS RELATING TO the denial of ANY INCARCERATED

12  PERSON from an alternative-to-incarceration or reentry program since January 1,

13  2021.

14  **REQUEST FOR PRODUCTION NO. 242:**

15       ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

16  Correctional Offender Management Profiling for Alternative Sanctions tool, the

17  California Pretrial Assessment tool, and ANY other pre-trial risk assessment tool.

18  **REQUEST FOR PRODUCTION NO. 243:**

19       ALL DOCUMENTS RELATING TO studies, analyses, or evaluations of

20  recidivism of INCARCERATED PERSONS.

21  **REQUEST FOR PRODUCTION NO. 244:**

22       All DOCUMENTS RELATING TO alternatives to incarceration, including

23  drug court and reentry court.

24  **REQUEST FOR PRODUCTION NO. 245:**

25       ALL JIMS data RELATED TO Plaintiffs' Ninth Claim for Relief in the Third

26  Amended Complaint.

27  **REQUEST FOR PRODUCTION NO. 246:**

28       ALL DOCUMENTS and data used by YOU when considering an

1  INCARCERATED PERSON's eligibility for participation in alternatives to

2  incarceration programing.

3  **REQUEST FOR PRODUCTION NO. 247:**

4      ALL datasets RELATING TO people considered for participation in

5  alternatives to incarceration programing.

6

7  DATED:  September 1, 2023          ROSEN BIEN GALVAN & GRUNFELD LLP

8

9                                     By: */s/ Gay Crosthwait Grunfeld*

10                                         Gay Crosthwait Grunfeld

11                                     Attorneys for Plaintiffs and the
                                       Certified Subclass
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On September 1, 2023, I served true copies of the following document(s) described as:

**PLAINTIFFS' FIFTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 1, 2023, at San Francisco, California.


I. Kedra Chan

**Ex. C-93**

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

| | |
|---|---|
| BURKE, WILLIAMS & SORENSEN, LLP<br>501 West Broadway, Suite 1600<br>San Diego, CA  92101 | BURKE, WILLIAMS & SORENSEN, LLP<br>60 South Market Street, Suite 1000<br>San Jose, CA  95113-2336 |
| Susan E. Coleman<br>    (SColeman@bwslaw.com)<br>Terri Mehra<br>    (TMehra@bwslaw.com)<br>Diana Favela<br>    (DFavela@bwslaw.com) | Elizabeth M. Pappy<br>    (EPappy@bwslaw.com)<br>Lucy Gonzalez<br>    (LGonzalez@bwslaw.com) |

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA  92101-2469

Fernando Kish
    (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
    (Steven.Inman@sdcounty.ca.gov)

Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, and San Diego County Probation Department

**Ex. C-94**

# EXHIBIT D

Ex. D-95

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 3:20-cv-00406-AJB-DDL <br><br> **PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANTS SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT** <br><br> Judge:      Hon. Anthony J. Battaglia <br> Magistrate: Hon. David D. Leshner <br><br> Trial Date: None Set |

[4311675.2]

1  PROPOUNDING PARTY:  PLAINTIFFS

2  RESPONDING PARTY:   DEFENDANTS SAN DIEGO COUNTY SHERIFF'S
   DEPARTMENT, COUNTY OF SAN DIEGO, and
3  SAN DIEGO COUNTY PROBATION
   DEPARTMENT

4  SET NO.:            TWO (2)

5

6       PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of

7  Civil Procedure and Local Rule 33.1, Plaintiffs Darryl Dunsmore, Andree Andrade,

8  Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna Levy,

9  Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo

10 Sepulveda, Michael Taylor, and Laura Zoerner ("Plaintiffs"), on behalf of

11 themselves and all persons similarly situated, by their attorneys, hereby propound

12 this Second Set of Interrogatories on Defendants San Diego County Sheriff's

13 Department, County of San Diego, and San Diego County Probation Department.

14 Defendants are required to respond under oath, to the following Interrogatories

15 within thirty (30) days.

16                          **INSTRUCTIONS**

17      1.    These instructions and definitions should be construed to require

18 answers based upon the knowledge of, and information available to you and your

19 agents, representatives, employees, servants and, unless privileged, your attorneys.

20 This includes information subject to your possession and/or control, and not merely

21 information known of your own personal knowledge.

22      2.    In answering these interrogatories, quote each interrogatory before each

23 answer.

24      3.    These discovery requests are intended as continuing requests, requiring

25 you to supplement your interrogatory responses to the extent required by Rule 26 of

26 the Federal Rules of Civil Procedure.

27      4.    If you object to part of an interrogatory and refuse to answer that part,

28 state your objection and respond to the remaining portion of that interrogatory.  No

1  part of an interrogatory should be left unanswered merely because an objection is

2  interposed to another part of the interrogatory.  If a partial or incomplete answer is

3  provided, you shall state that the answer is partial or incomplete.  If you cannot

4  answer a particular interrogatory in full after exercising due diligence to secure the

5  information to do so, answer to the extent possible, specify your inability to

6  answer the remainder, and state whatever knowledge you have concerning the

7  unanswered portion.

8       5.     For any information withheld on the ground of privilege or work

9  product protection, please state:

10         a.     the nature of the information being withheld and to which

11             interrogatory it relates;

12         b.     the specific factual basis which gives rise to the objection or

13             refusal and the specific legal ground on which the objection or

14             refusal is based;

15         c.     the identity of the person on whose behalf the privilege is

16             asserted;

17         d.     the full identity of any documents containing such information,

18             including:

19            i.     the nature of the document (e.g., letter, memorandum,

20               etc.);

21            ii.     date of the document;

22            iii.     its title (if any);

23            iv.     its authors, addressees, recipients, or parties;

24            v.     the identity of any other individuals to whom the

25               document was disseminated and their relationship to

26               Defendants;

27            vi.     whether the document includes any attachments and, if so,

28               a description of the attachments; and

vii.    its present location and identity of its custodian;

e.    whether your objection or refusal is directed to the entire interrogatory or part thereof; and

f.    if your objection or refusal goes to part of the interrogatory, specify the specific part(s) of the interrogatory to which your objection or refusal is directed, and answer the interrogatory to the extent that it calls for non-privileged and unprotected material.

6.    If you elect to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit Plaintiffs to readily locate and identify the business records from which the answer may be ascertained.

7.    Where acts set forth in answers or portions thereof are supplied upon information and belief, rather than upon actual knowledge, the answer should so state and specifically identify the source or sources of such information and belief.

8.    Notwithstanding any definition below, each word, term, or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

9.    In the event that your answer to any interrogatory is "not applicable" or any similar phrase or answer, explain in detail why that interrogatory is not applicable.

10.    In the event that your answer to any interrogatory is "do not know" or any similar phrase or answer, explain in detail who, if anyone, would know the answer to that interrogatory, where the answer to that interrogatory might be found, and all efforts made by you to obtain the answer to that interrogatory.

11.    In construing these interrogatories, the singular shall include the plural and the plural shall include the singular.  A masculine, feminine, or neutral pronoun shall not exclude the other genders, so that the interpretation applied results in the

1   more expansive production.

2                       **DEFINITIONS**

3        Unless otherwise indicated, the following definitions and terms shall apply to

4   these interrogatories:

5        1.      The terms "ANY" and "ALL," as used herein, shall include "each" and

6   "every" and are not to be construed to limit an interrogatory.

7        2.      The term "ADA" means the Americans with Disabilities Act, 42 U.S.C.

8   §§ 12101 *et seq.* as well as related federal and state laws that require

9   accommodation of disabilities and prohibit discrimination on the basis of disability.

10       3.      The term "COMMUNICATIONS" means any transmittal of

11  information from one person or entity to another by any means, including letters,

12  correspondence, notes, memoranda, records,  reports, papers, facsimiles, electronic

13  mail (whether to, from, copied or blind copied), electronic mail generated from a

14  hand held personal device including an Android or iPhone, instant messaging,

15  electronic mail generated from business or personal email accounts, internet relay

16  chat, news group, group or collaboration servers, electronic bulletin boards,

17  electronic discussion boards, text messages, dictation tapes, video recordings, audio

18  recordings, digital recordings, memoranda, telegrams, telecopies and telexes,

19  teleconference, collaboration servers (including share point servers), web-based or

20  software virtual meetings including Web-X, Zoom, and any other meeting software

21  and share point servers, and oral contact such as face-to-face discussions or

22  meetings, telephone conversations, and voice mail messages.

23       4.      The term "CONTRACTOR" includes any individual or entity, or an

24  EMPLOYEE of the same, who is hired, retained, or otherwise authorized by YOU

25  to undertake any task, service, role, or job on YOUR behalf.  The term includes but

26  is not limited to NaphCare, Inc. and NaphCare of San Diego, LLC.

27       5.      The term "COUNTY" means Defendant San Diego County and anyone

28  acting on its behalf.

6.      The term "CURRENT" means in effect and not superseded and/or issued on or after January 1, 2022.

7.      The term "DEATH(S)" means the action or fact of dying or being killed, including by suicide.

8.      The terms "DEFENDANTS," "YOU," or "YOUR" means the San Diego County Sheriff's Department, San Diego County, and the San Diego County Probation Department, and anyone acting on their behalf.

9.      The terms "DISABILITY" and "DISABILITIES" mean any physical, cognitive, developmental, intellectual, mental, or sensory impairment that limits one or more major life activities, including but not limited to, eating, sleeping, speaking, breathing, walking, standing, lifting, bending, thinking, concentrating, seeing, hearing, working, reading, learning, communicating, reading, caring for oneself, and performing manual tasks, as well as the operation of major bodily functions such as circulation, reproduction, and the functioning of individual organs.  The terms also include having a history or record of such impairment or being perceived by others as having such an impairment.

10.     The term "DOCUMENT" means any writing, however produced or reproduced, of every kind and regardless of where located, which is in YOUR possession, custody, or control, including drafts; or in the possession, custody, or control of any servant or agent of YOU or of YOUR attorneys.  The terms include the following: electronically recorded information such as electronic mail, html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation,

PLS.' SECOND SET OF INTERROGATORIES TO DEFS. SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT

Ex. D-101

study, analysis, or other such writing or recording.  The terms "DOCUMENT" and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such DOCUMENTS, whether or not used, as well as the file in which the DOCUMENTS are maintained. A draft or non-identical copy of a DOCUMENT, including a copy or duplicate of a DOCUMENT which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate DOCUMENT within the meaning of these terms.  The term "DOCUMENT" does not include any writing that constitutes a privileged or otherwise protected communication between YOU and YOUR attorneys.

11.     The term "EMPLOYEE" means any employee, director, officer, owner, CONTRACTOR, agent, or any other person working for or on behalf of an entity, such as the COUNTY, the SHERIFF'S DEPARTMENT, or the PROBATION DEPARTMENT.

12.     The term "EOH" means Enhanced Observation Housing, as defined in SHERIFF'S DEPARTMENT Detention Policy & Procedure J.4.

13.     The term "GRIEVANCE" means a written complaint completed by or on behalf of an INCARCERATED PERSON.

14.     The term "HEALTH CARE" means the provision of care or services, to identify and/or address health needs of an INCARCERATED PERSON in the JAIL (including medical, mental health, dental care, and vision care needs), whether those needs arise as a result of injury, illness, disease, age, or trauma, or care or services provided for diagnostic or preventive purposes.

15.     The term "HEALTH CARE STAFF" means any person or entity providing HEALTH CARE services, or providing administrative and/or support services related to HEALTH CARE at the JAIL.

16.     The terms "INCARCERATED PERSON(S)" or "INCARCERATED PEOPLE" mean any person incarcerated, detained, or in the custody of the

1  SHERIFF'S DEPARTMENT.

2      17.    "IDENTIFY," with respect to an INCARCERATED PERSON or

3  formerly INCARCERATED PERSON, means to state the INCARCERATED

4  PERSON's full name, booking number, date of birth, booking date, and CURRENT

5  housing location (if still in custody) or date of release (if no longer in custody).

6      18.    "IDENTIFY," with respect to a non-INCARCERATED PERSON,

7  means to state the person's name, professional title, credentials and licensing

8  information if applicable, and professional address.

9      19.    The term "JAIL" means the San Diego County Jail, including all of its

10  facilities.

11      20.    The term "MENTAL HEALTH CARE" means the provision of care or

12  services, to identify and/or address the mental health needs of an INCARCERATED

13  PERSON in the JAIL, whether those needs arise as a result of injury, illness,

14  disease, age, or trauma, or care or services provided for diagnostic or preventive

15  purposes.

16      21.    The term "MOB" means Medical Observation Bed, as defined in

17  SHERIFF'S DEPARTMENT Medical Services Division Policy & Procedure M-13.

18      22.    The term "PLAINTIFFS" means Plaintiffs Darryl Dunsmore, Andree

19  Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna

20  Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares,

21  Gustavo Sepulveda, Michael Taylor, and Laura Zoerner.

22      23.    The term "POLICIES AND PROCEDURES" means policies,

23  procedures, handbooks, advice, directives, training materials, forms, instructions,

24  and guidelines that comprise established standards, regardless of the author.

25      24.    The term "PROBATION DEPARTMENT" means Defendant San

26  Diego County Probation Department and anyone acting on its behalf.

27      25.    The term "PSU" means Psychiatric Stabilization Unit or Psychiatric

28  Security Unit, as defined in SHERIFF'S DEPARTMENT Detention Policy

& Procedure M.25.

26.    The terms "RELATED TO," "RELATING TO," or "REGARDING" means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, manifests, mentions, pertains to directly or indirectly to, reflects, refers to, regards, relates to, responds to, states, summarizes, or in any way relevant to the particular subject matter identified.

27.    The term "SAFETY CELL" means a temporary housing cell with a padded surface, as defined in SHERIFF'S DEPARTMENT Detention Policy & Procedure J.1.

28.    The term "SHERIFF'S DEPARTMENT" means Defendant San Diego County Sheriff's Department and anyone acting on its behalf.

29.    The term "SOBERING CELL" means JAIL cells used to house INCARCERATED PERSONS away from other INCARCERATED PERSONS for the specific purposes of detoxification or sobering up; the term includes sobering cells and detoxification cells.

30.    The term "STAFFING PLAN" means any DOCUMENT showing the minimum number and types of EMPLOYEES DEFENDANTS intend to work in the JAIL and the minimum number of hours DEFENDANTS intend those EMPLOYEES to work to staff the JAIL, including EMPLOYEES of CONTRACTORS.

31.    The words "and" and "or" should be construed disjunctively or conjunctively as necessary to make the interrogatory inclusive rather than exclusive.

## INTERROGATORIES

**INTERROGATORY NO. 11:**

State all facts in support of YOUR First Affirmative Defense.

**INTERROGATORY NO. 12:**

State all facts in support of YOUR contention that "Plaintiffs' claims are

**Ex. D-104**

barred under such equitable defenses as the evidence demonstrates, including but not limited to the doctrine of estoppel." Dkt. 364, Second Am. Answer to Third Am. Compl., at 38 (Second Affirmative Defense).

**INTERROGATORY NO. 13:**

State all facts in support of YOUR contention that "Plaintiffs and members of the purported class on whose behalf they purport to sue failed to exhaust other remedies." Dkt. 364, Second Am. Answer to Third Am. Compl., at 38 (Second Affirmative Defense).

**INTERROGATORY NO. 14:**

State all facts in support of YOUR contention that "Named Plaintiffs Dunsmore, Clark and Olivares are not properly part of any class because they are included int eh CDCR class under *Armstrong v. Brown*." Dkt. 364, Second Am. Answer to Third Am. Compl., at 39 (Third Affirmative Defense).

**INTERROGATORY NO. 15:**

State all facts in support of YOUR contention that "Plaintiffs' requested modifications and relief would cause an undue burden on Defendants and/or are not readily achievable or technically infeasible including such issues as moving structural walls, renovations not required because of lack of and inability to obtain funding, and which ignore safety concerns in a correctional facility setting such as 'portable showers' and ability to move jail populations on an unreasonable and unsafe timeline advocated by Plaintiffs." Dkt. 364, Second Am. Answer to Third Am. Compl., at 39 (Fourth Affirmative Defense).

**INTERROGATORY NO. 16:**

State all facts in support of YOUR contention that "[t]his Complaint is barred by the relevant portions of the California Government Code, including, but not limited to sections 815, 8.15.2 [sic], 818.2, 820.2, 820.4, 820.6, 820.8,821,844.6(a)(20 [sic], 845.6, 855.6, 855.8, 856, and 856.4. Plaintiffs' causes of action titles as claims for violation of civil rights and the American's [sic] with

1  Disabilities Act are intentionally mislabeled as such and are nothing more than

2  negligence claims such to the California Government Claims Act." Dkt. 364,

3  Second Am. Answer to Third Am. Compl., at 39 (Fifth Affirmative Defense).

4  **INTERROGATORY NO. 17:**

5      State all facts in support of YOUR contention that "Plaintiffs' claims are

6  barred in whole or in part because Plaintiffs lack standing to challenge programs,

7  services, assignments, or activities for which they failed to apply or for which they

8  were not denied." Dkt. 364, Second Am. Answer to Third Am. Compl., at 40 (Sixth

9  Affirmative Defense).

10  **INTERROGATORY NO. 18:**

11      State all facts in support of YOUR contention that "the Complaint fails to

12  state a cause of action for violation of 42 U.S.C. § 1983 under *Monell v. Department*

13  *of Social Services in the City of New York*, 436 U.S. 658 (1978). There can be no

14  recovery for a federal civil rights violation when there is no constitutional

15  deprivation occurring pursuant to governmental custom or policy." Dkt. 364,

16  Second Am. Answer to Third Am. Compl., at 40-41 (Seventh Affirmative Defense).

17  **INTERROGATORY NO. 19:**

18      State all facts in support of YOUR denial to Plaintiffs' Request for Admission

19  No. 3 ("Admit that YOUR determinations regarding appropriate HEALTH CARE

20  standards and/or provision of care to INCARCERATED PERSONS take precedence

21  over the determinations of CONTRACTORS regarding the same.").

22  **INTERROGATORY NO. 20:**

23      State all facts in support of YOUR denial to Plaintiffs' Request for Admission

24  No. 3 ("Admit that HEALTH CARE STAFF report to custody staff at the JAIL.").

25  **INTERROGATORY NO. 21:**

26      State all facts in support of YOUR contention, in response to Plaintiffs'

27  Request for Admission No. 2 ("Admit that YOU have authority for and

28  responsibility for ANY services provided by CONTRACTORS to

1 INCARCERATED PERSONS") that "the County and the Sheriff's Department

2 have joint authority over and responsibility for services along with contractors."

3 **INTERROGATORY NO. 22:**

4      Identify all POLICIES AND PROCEDURES that have been revised since

5 November 18, 2022.

6 **INTERROGATORY NO. 23:**

7      Identify all of the quality assurance and/or quality improvement processes

8 RELATING TO the provision of HEALTH CARE at the JAIL, from January 1,

9 2020 to the present.

10 **INTERROGATORY NO. 24:**

11      Identify all audits relating to custody operations and HEALTH CARE

12 services at the JAIL, from January 1, 2020 to the present.

13 **INTERROGATORY NO. 25:**

14      For each INCARCERATED PERSON at the Jail since January 1, 2022,

15 provide their: (a) booking number; (b) name; (c) date of birth; (d) gender;

16 (e) race/ethnicity; (f) booking date and time; (g) primary offense/charge; (h) if

17 multiple offenses or charges are listed, up to 5 other charges or offenses; (i) current

18 bail amount (total or by charge); (j) current classification record (initial or

19 reclassification); (k) current housing unit and bed assignment; (l) all special

20 management flags (e.g., protective custody, gang, juvenile, etc.); (m) whether the

21 person is currently on lockdown status; (n) if currently on lockdown status, when the

22 lockdown began; (o) if sentenced, sentence length; (p) if sentenced, current release

23 //

24 //

25 //

26 //

27 //

28 //

PLS.' SECOND SET OF INTERROGATORIES TO DEFS. SAN DIEGO COUNTY SHERIFF'S DEPARTMENT,
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT

**Ex. D-107**

1 | date; (q) risk level determined by pretrial risk assessment; (r) mental health care

2 | level; and (s) medical care level.

3

4 | DATED: September 1, 2023                ROSEN BIEN GALVAN & GRUNFELD LLP

5 |                                         By: */s/ Gay Crosthwait Grunfeld*

6 |                                             Gay Crosthwait Grunfeld

7 |                                         Attorneys for Plaintiffs and the
                                            Certified Subclass
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Ex. D-108**

<div align="center">

**PROOF OF SERVICE**

***Dunsmore et al. v. San Diego County Sheriff's Dept., et al.***
**Case No. 20-cv-00406 AJB DDL**

</div>

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is 101 Mission Street, Sixth Floor, San Francisco, CA 94105-1738.

On September 1, 2023, I served true copies of the following document(s) described as:

**PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANTS SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT**

on the interested parties in this action as follows:

<div align="center">

**SEE ATTACHED SERVICE LIST**

</div>

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address kchan@rbgg.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 1, 2023, at San Francisco, California.


_____
I. Kedra Chan

**Ex. D-109**

**SERVICE LIST**
*Dunsmore et al. v. San Diego County Sheriff's Dept., et al.*
**Case No. 20-cv-00406 AJB DDL**

| | |
|---|---|
| BURKE, WILLIAMS & SORENSEN, LLP<br>501 West Broadway, Suite 1600<br>San Diego, CA 92101 | BURKE, WILLIAMS & SORENSEN, LLP<br>60 South Market Street, Suite 1000<br>San Jose, CA 95113-2336 |

Susan E. Coleman
    (SColeman@bwslaw.com)
Terri Mehra
    (TMehra@bwslaw.com)
Diana Favela
    (DFavela@bwslaw.com)

Elizabeth M. Pappy
    (EPappy@bwslaw.com)
Lucy Gonzalez
    (LGonzalez@bwslaw.com)

OFFICE OF COUNTY COUNSEL,
COUNTY OF SAN DIEGO
1600 Pacific Highway, Room 355
San Diego, CA 92101-2469

Fernando Kish
    (Fernando.Kish@sdcounty.ca.gov)
Steven Inman
    (Steven.Inman@sdcounty.ca.gov)

Attorneys for Defendants County of San Diego, San Diego County Sheriff's Department, and San Diego County Probation Department

**Ex. D-110**

# EXHIBIT E



101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Van Swearingen
Email: vswearingen@rbgg.com

June 2, 2023

<u>VIA ELECTRONIC MAIL ONLY</u>

Susan E. Coleman
Elizabeth M. Pappy
Burke, Williams & Sorensen, LLP
scoleman@bwslaw.com
epappy@bwslaw.com

Re:    *Dunsmore et al. v. San Diego County Sheriff's Department et al.*, S.D. Cal.
No. 3:20-cv-00406-AJB-DDL
**Further Rule 26(f) Conference Regarding Electronically Stored
Information ("ESI")**
<u>Our File No. 1730-01</u>

Dear Susan and Beth:

We write in advance of our forthcoming further Rule 26(f) conference to discuss
Judge Leshner's ESI Checklist. Plaintiffs seek Defendants' responses to the below
questions.

**I.    Document Preservation**

    **A.**    Following up on our January 26, 2022 letter requesting the preservation of
documents (enclosed herewith) and subsequent discussion with counsel
regarding the same, please identify when Defendants initiated a litigation
hold on documents relevant to this matter.

    **B.**    Are there any data sources maintained by or accessible to Defendants that
contain relevant ESI but that Defendants contend are not reasonably
accessible and that will not be reviewed for responsiveness or production?
If so, please identify.

Susan E. Coleman
Elizabeth M. Pappy
June 2, 2023
Page 2

    **C.**    Are there any data sources maintained by or accessible to Defendants that contain relevant ESI but that Defendants contend should not be preserved due to proportionality factors?  If so, please identify.

    **D.**    What document destruction policies, if any, do Defendants currently have in place (including policies related to destruction of video and audio footage)?

    **E.**    What steps have Defendants taken to halt those policies, including automatic destruction of documents?

    **F.**    To the extent Defendants halted any document destruction policies, for which custodians have they done so?

    **G.**    Will Defendants preserve ESI for all custodians identified in Defendants' initial disclosures?

    **H.**    What are the systems, if any, that contain ESI not associated with individual custodians and that will be preserved, such as enterprise databases?

**II.**    **Informal Discovery About Location and Types of Systems**

    **A.**    What systems do Defendants use to store potentially discoverable information, including software platforms?  Where are these systems located?

    **B.**

    **C.**    Do Defendants have centralized document management systems or shared drives where discoverable materials might be stored, *e.g.*, policy memoranda, training materials, etc.?

    **D.**    What databases do Defendants use to store information about individual incarcerated people, parolees/probationers, or incidents within the Jail (including staff misconduct incidents)?  *E.g.*, Offender 360, JIMS, etc.

        1.    What types of information are stored in each database?

        2.    In what system are grievances stored?

        3.    In what system are sick call slips stored?

[4301288.2]

**Ex. E-113**

Susan E. Coleman
Elizabeth M. Pappy
June 2, 2023
Page 3

**E.** For each of the above-referenced databases, how can information be collected?

1. Can queries or reports be generated?  If so, what kind of reports?  What variables can be queried?

2. Can plain text searches be run?  What is produced by running those searches?

3. Can logs be pulled from those databases?  If not, where are logs stored?

## III. Custodial Productions

**A. Identity of Custodians**

1. Please confirm that Defendants agree to produce documents from the custodians Plaintiffs proposed in the Joint Discovery Statement (Dkt. 315), as well as the individuals listed in the County of San Diego's initial disclosures.

2. What is the name of the person in each of the following positions: (a) Lieutenant In-Custody Death Advocate / Dept. Investigation Coordinator; (b) Captain/Lieutenant for each of the individual Jail facilities; (c) Captain Medical Services Division; (d) Lieutenant Prisoner Transportation; (e) Lieutenant Detention In-Service Training Unit; (f) Lieutenant Detentions Investigation Unit / Detentions Intelligence Group; (g) Manager Reentry Services; (h) Manager Inmate Processing; (i) Captain Detention Support; (j) Lieutenant JIMS; (k) Lieutenant JPMU; (l) Lieutenant Detention Support; and (m) Lieutenant County Parole & Alternative Custody?

3. For each of the individuals above, how long have they held that position?  And, for any person who has been in that position for less than 18 months, what is the name of the person who preceded them in the role?

**B. Sources of Custodial Documents**

1. Plaintiffs anticipate that ESI associated with individual custodians would include:  e-mails, voicemails, documents stored on the

[4301288.2]

**Ex. E-114**

Susan E. Coleman
Elizabeth M. Pappy
June 2, 2023
Page 4

custodian's individual computer drives, documents stored by custodians on shared or network drives (including in the "cloud"), documents stored in hard copy in the custodian's office, and text messages. Do Defendants anticipate that any of those sources are not reasonably accessible, such that they will not be collected and reviewed for responsiveness?

2.   Are Defendants aware of any additional locations of ESI associated with individual custodians?

## IV.   Production

A.   In what formats do Defendants plan to produce structured ESI (database, collaboration sites, etc.)?

B.   Will Defendants produce unstructured ESI (mail, presentations, word processing, etc) in their native format?

C.   Will Defendants ensure that all original metadata is included with produced materials, to the extent that metadata exists in the original?

D.   Do Defendants foresee any inherent searchability of ESI being degraded in the manner in which it is produced?

## V.   Privilege

A.   Will Defendants agree to identify all responsive documents that are withheld on the basis of privilege be included in a privilege log?

B.   Will Defendants agree to include the following information in all privilege logs:

(1) The general nature of the document;

(2) The identity and position or title of its author;

(3) the date the document was prepared;

(4) the identity of all individuals (name and position/title) listed as receiving a copy of the document and their relationship to Defendants;

[4301288.2]

**Ex. E-115**

Susan E. Coleman
Elizabeth M. Pappy
June 2, 2023
Page 5

(5) the identity of any other individuals (name and position/title) to whom the document was disseminated and their relationship to Defendants;

(6) whether the document includes any attachments and, if so, a description of the attachments; and

(7) The specific reason(s) it was withheld (which privilege claimed, etc.)

**C.**    Will Defendants agree to enter into a Fed. R. Evid. 502(d) Stipulation and Order that addresses inadvertent or agreed production?

Please let us know your availability for the next Rule 26(f) meeting.  We have good availability next Wednesday (6/7) or Friday (6/9).  Thank you.

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

By:   Van Swearingen

VS:HMC

[4301288.2]

**Ex. E-116**

# ENCLOSURE



**ROSEN BIEN
GALVAN & GRUNFELD LLP**

315 Montgomery Street, Tenth Floor
San Francisco, California 94104-1823
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Van Swearingen
Email:  vswearingen@rbgg.com

January 26, 2022

VIA E-MAIL AND U.S. MAIL

Ronald Lenert                          Matthew O'Sullivan
Senior Deputy County Counsel           Senior Deputy County Counsel
Office of the County Counsel,          Office of the County Counsel,
County of San Diego                    County of San Diego
1600 Pacific Highway, Room 355         1600 Pacific Highway, Room 355
San Diego, CA  92101-2437              San Diego, CA  92101-2437
Ronald.Lenert@sdcounty.ca.gov          Matthew.O'Sullivan@sdcounty.ca.gov

        Re:    *Dunsmore v. State of California, et al.*
               U.S. District Court (S.D. Cal.), Case No. 3:20-CV-00406-AJB-WVG

Dear Messrs. Lenert and O'Sullivan,

        As you know, we represent Plaintiff Darryl Dunsmore in the above entitled action
regarding the San Diego County Jail (the "Jail")[1], and we intend to file a Second
Amended Complaint by February 14, 2021 with additional causes of action and class
allegations seeking injunctive relief.

**Document Preservation and Production—Litigation Hold**

        I write to remind your clients of their discovery obligations under the Federal
Rules of Civil Procedure.  It is incumbent on the County of San Diego and the San Diego
County Sheriff's Department, their respective officers, managers, attorneys, agents,
contractors, and employees ("County Defendants") to retain and not destroy any
evidence, including electronic data, information, and files, which may be subject to
discovery in this case, including evidence related to:  the provision of medical, mental
health, and dental care at the Jail; training of custody and health care staff; the Sheriff's

_____

        [1] The Jail includes the San Diego Central Jail, George Bailey Detention Facility,
Vista Detention Facility, Las Colinas Detention and Reentry Facility, South Bay
Detention Facility, East Mesa Reentry Facility, and Facility 8 Detention Facility.

**Ex. E-118**

Ronald Lenert; Matthew O'Sullivan
January 26, 2022
Page 2

Department's policies and procedures; custody and health care staffing; accommodations
for people with disabilities; violence between incarcerated people; drug overdoses at the
Jail; deaths and suicides at the Jail; suicide attempts and incidents of self-harm;
incarcerated people's safety, including precautions for potentially suicidal persons;
cleanliness and maintenance of Jail facilities; telephone communication and visits
between incarcerated people and their attorneys; reentry programming; and programs
providing alternatives to incarceration in the Jail.

       If you have not done so already, you should immediately send out a directive to
the County Defendants instructing them to suspend any and all document purging
policies with respect to all hard copy and electronically stored information ("ESI").  We
will shortly be requesting a conference with you to discuss the best method to produce
emails, texts and other ESI relevant to the issues in this litigation including appropriate
search terms.

       In the interim, we caution you to take full and careful measures to maintain the
integrity of all potentially discoverable physical and electronic data, information, media,
and files of defendants that exist or may come into existence.  These include all e-mails,
instant messages, text messages, electronic files, and other information, including but not
limited to information stored on your network servers, backup/archive systems, desktops,
laptops, notebooks, tablets, iPads, thumb drives, PDAs, Windows-Mobile devices,
iPhones, cell phones, digital voicemail, and iPods, with all metadata intact, that relate or
refer in any way to the allegations at issue in this case, including but not limited to those
relating to the categories of information listed in the prior paragraph.

       Please do not hesitate to contact me if you have questions about your document
preservation obligations in this matter.

                                        Very truly yours,

                                        ROSEN BIEN
                                        GALVAN & GRUNFELD LLP

                                        */s/ Van Swearingen*

                                        By:   Van Swearingen

VS: EMA
cc:    Aaron J. Fischer (Law Office of Aaron J. Fischer)
       Bardis Vakili (ACLU Foundation of San Diego & Imperial Counties)
       Christopher Young (DLA Piper LLP US)

**Ex. E-119**

# EXHIBIT F

## Plaintiffs' Proposed ESI Search Terms

### June 22, 2023

1.   (medical OR mental OR dental OR healthcare OR health OR triage OR "face-to-face" OR "face to face" OR MH OR wellness OR optometrist OR optometry OR (prescri~ /5 glasses)) /20 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~)

2.   "sick call" /20 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~ OR complain~ OR response OR respond~)

3.   MAT OR suboxone OR subutec OR methadone OR buprenorphine OR naltrexone OR vivitrol OR narcan OR "medication assisted treatment" OR withdraw~

4.   dying OR dead OR die~ OR death

5.   understaff~ OR (under /3 staff) OR shortstaff~ OR (short /3 staff) OR furlough~

6.   (overtime OR (over /3 time)) /10 mandatory

7.   custody /10 (overrid~ OR over-rid~) /10 (medical OR health~)

8.   (intake OR screen~) /10 (rush~ OR skip~ OR miss~ OR wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~)

9.   (care~ OR quality) /20 (standard~ OR assur~ OR polic~ OR procedur~ OR practice~ OR plan~ OR level~ OR control~ OR improv~)

10.  ((continu~ /5 care) OR ((request OR ask OR need) /20 (refill OR re-fill OR fill)) AND (prescrib~ OR prescript~ OR medication OR meds)

11.  (lockdown OR lock-down OR (lock /3 down)) /20 (medic~ OR meds OR pill OR prescript~ OR prescrib~ OR drug~)

12.  MRSA OR TB OR tuberculosis OR diabetes OR "valley fever" OR hepatitis OR (hep /3 (A OR B OR C)) OR (covid /20 (vaccine OR vax~))

13.  "medical overflow" OR "med overflow"

14.  (refer~ OR specialist OR outpatient OR (outside /3 med~) OR hospital) /20 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~ OR complain~)

15.  discharg~ /5 (plan~ OR med~ OR prescri~)

**Ex. F-121**

16.    "must see"

17.    (extreme /5 pain) /20 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR
       (back~ /3 log~) OR delay~ OR slow~ OR complain~ OR (follow /3 up) OR
       repeat~ OR multiple)

18.    (chronic /5 (medicine OR medication or illness)) /20 (wait~ OR (back~ /3 up) OR
       backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~ OR complain~
       OR (follow /3 up) OR repeat~ OR multiple)

19.    (emergency /5 medical) /20 (wait~ OR (back~ /3 up) OR backup~ OR backlog~
       OR (back~ /3 log~) OR delay~ OR slow~ OR complain~ OR (follow /3 up) OR
       repeat~ OR multiple)

20.    Naphcare /10 (polic~ OR procedure OR approv~)

21.    kill~ OR murder~ OR hit~ OR punch~ OR cut~ OR stab~ OR cellie OR beat~ OR
       (take /3 down) OR mandown OR "man-down" OR (man /3 down)

22.    hang~ OR suicide~ OR (jump~ /10 tier) OR (self /3 harm) OR (water /5 intox!)
       OR "cleanup fluid" OR (clean /3 up /3 fluid) OR (swallow /20 pills) OR cutter OR
       (cut~ /5 self) OR (cut /5 down) OR noose

23.    ISP OR PSU OR EOH OR OPSD OR (step /3 down) OR "stepdown" OR smock
       OR (safety /3 cell) OR (rubber /3 room)

24.    crazy OR psycho

25.    (hayes /5 report) OR (lindsay /3 hayes) OR (dr /5 hayes)

26.    semiconfidential OR "semi-confidential" OR (semi /3 confidential)

27.    gatekeeper

28.    "level of care" /10 system

29.    indiv~ /5 treatment /5 plan

30.    (therapy OR counseling) /5 (group OR indiv~)

31.    "ad seg" OR (administrative /3 segregation) OR isolation

32.    fentanyl OR contraband OR smuggl~

33.    overdose~ OR OD~ OR poison~

**Ex. F-122**

34.    drug~ OR heroin~ OR opiate~ OR opioid~ OR fentanyl~ OR meth~ OR crystal~ OR oxy~ OR alcohol~

35.    pocket OR thunderdome

36.    complainer~ OR whin~ OR (inmate /3 lover~)

37.    (incident OR risk OR occurrence) /5 (report~ OR log~)

38.    rule~ /5 violation~

39.    body /5 scan~

40.    misclassif~ OR (classif~ /10 decision OR determin~ OR change OR incorrect~ OR wrong)

41.    (video OR camera OR audio OR intercom OR (call /5 button)) /20 (maintain~ OR inspect~ OR check~ OR answer~ OR respon~ OR audit~ OR broken OR break OR ignor~ OR mute~)

42.    ((safety /5 check~) OR "11-53") /20 (wait~ OR delay~ OR slow~ OR miss~ OR skip~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~))

43.    bypass~ OR (by /3 pass~)

44.    "code of silence"

45.    (sustain~ OR unsustain~ OR exoner~ OR clear) /20 (claim~ OR alleg~ OR charge)

46.    force~ /5 (unnecessary OR necessary OR justified OR excessive)

47.    retaliat~

48.    fail~ /20 report

49.    discourte~

50.    enganger~

51.    (sleep OR asleep) /10 duty

52.    (improper OR unauthorized) /20 (access~ OR possess~ OR disclos~) /50 confidential

53.    investiga~ /5 (misconduct OR (polic~ /5 violat~))

Ex. F-123

54.    snitch~ OR group~ OR gang~ OR (deuce /3 (5 OR five~))

55.    spider~ OR roach~ OR cockroach~ OR rat~ OR mouse~ OR vermin OR bug~ OR
       scabies OR lice OR worm OR maggot

56.    bite~ OR bitten

57.    mold~ OR asbestos

58.    (feces OR defecat~ OR shit OR poop OR crap OR pee OR piss OR urine OR
       soil~) /20 (smear~ OR stain~ OR soak~ OR drench~ OR wet~ OR dirt~)

59.    trash~

60.    gimp~ OR crippl~

61.    wheelchair OR walker OR prosthetic OR cane OR "orange shoe" OR crutch OR
       (assist~ /5 device) OR DME OR brace OR fall~

62.    disabled OR disability OR disabilities

63.    reasonable /5 (accommodat~ OR modif~)

64.    ADA OR "Americans with Disabilities Act" OR ADAAG OR ADAG OR ADA
       OR "California building code" OR "title 24" OR CBC

65.    help /10 (read~ OR write~)

66.    deaf OR "hearing aid" OR ASL OR "sign language" OR VRS OR purple OR TTY
       OR TDD OR VRI OR (pocket /3 talker) OR magnifier OR (screen /3 reader) OR
       glasses OR "auxiliary aid"

67.    triple /5 (bunk OR bed OR cell)

68.    LBLT OR (lower /3 (tier OR bunk)) Or (lower /3 lower) OR chrono

69.    griev~ /20 (track~ OR respon~ OR answer~)

70.    incontinence OR incontinent OR diaper OR wipe OR chuck

71.    "root canal" OR extract~ OR filling~ OR ((pull~ OR pain~) /20 (tooth OR teeth
       OR gum OR jaw))

72.    library OR "pro per" OR "pro se"

73.    lawyer OR attorney

74.    legal /5 (papers OR mail OR fil!)

75.    callback OR (call /5 back)

76.    case /10 (wait~ OR delay~ OR slow~)

77.    ((pro~ /3 visit) /20 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~)

78.    phone~ /10 (off OR shut~ OR close~ OR down~) /10 ((business /5 hour~) OR night~ OR late~ OR 5)

79.    record~ /20 (call~ OR visit~ OR meet~) /10 (pro~ OR attorney OR legal OR confidential OR privilege~)

80.    (black~ OR africa~ OR mexic~ OR hispan~ OR latin~ OR white~ OR caucasian~) /20 ("pretrial release risk scale" OR PRRS OR ((pretrial OR release) /5 risk) OR (risk /5 assess~) OR "supervised own recognizance" OR SOR OR "home detention" OR (sheriff~ /5 (parole OR probation) OR "county parole and alternative custody" OR CPAC OR (alternative /5 (custody OR incarceration)) OR "drug court" OR "behavioral health court" OR "project in-reach" OR "project in reach" OR "reentry court")

81.    ("correctional offender management profiling for alternative sanctions" OR COMPAS OR CAPA OR "California pretrial assessment") AND (discrimin~ OR disproportionat~ OR dispar~)

82.    nigger~ OR nigga~ OR negro~ OR muslim~ OR moslem~ OR spic~ OR spik~

83.    gay~ OR fag~ OR queer~ OR homo~ OR LGBT~ OR trans~ OR trann~

84.    racist OR racism OR racial

85.    dunsmore OR andrade OR archuleta OR (james /3 clark) OR (anthony /3 edwards) OR landers OR (reanna /3 levy) OR (josue /3 lopez) OR ((chris OR christopher) /3 nelson) OR norwood OR olivares OR sepulveda OR (michael /3 taylor) OR zoerner OR grubbs

86.    rbgg OR DRC

**Ex. F-125**

# EXHIBIT G

## <u>Plaintiffs' Proposed Custodian List</u>

**June 22, 2023**

**I.      San Diego County Sheriff's Department**

1.      Kelly Martinez

2.      Anthony Ray

3.      Bill Gore

4.      Rich Williams

5.      Theresa Adams-Hydar

6.      Erika Frierson

7.      Frank Motley

8.      Christina Bavencoff

9.      Ken Jones

10.     Chris Buchanan

11.     Kyle Bibel

12.     Jon Montgomery

13.     Rebecca Cardenas

14.     Darren Scott Bennett

15.     Matthew Jensen

16.     Derek Williamson

17.     Michael Barragan

18.     Patricia Ceballos

19.     Roberto Cardenas

20.     Daniel Dennis

21.     Ernesto Murillo

**Ex. G-127**

22. Francisco Soltero

23. Lt. FNU Cole

24. Carl Darnell

25. Fred Hunting

26. Melissa Quiroz

27. Ofelia Rodriguez

28. Michael Binsfield

29. Ernie Mendoza

30. Matthew McArdle

31. David Blackwell

32. Captain J. Adamos

33. Leonardo Mendoza

34. Brandy Rafail

35. Serina Rognlien-Hood

36. Rex Padilla

37. Matthew Moser

38. Jennifer Alonso

39. Christine Evans

40. Stefan Kopchak

41. Sonia Manning

42. Joe Navarro

43. Rod Smith

44. Dorothy Patterson

45. Tonya Benjamin

**Ex. G-128**

46.    Alma Poirier

47.    Roberto Martinez

48.    Shane Watts

49.    Kathy Hernandez

50.    Gloria Soto-Meza

51.    Jesse Johns

52.    Kelly Buchanan

53.    Christopher Luther

54.    Justin Randall

55.    Erwan Quenaon

56.    Johnny Savedra

57.    Jenna Bischler

58.    Alejandra Romero

## II.    San Diego County Probation Department

1.    Tamika Nelson

2.    Denise Huffhines

3.    David Joralemon

4.    Abigail Torres

5.    Karna Lau

## III.    County of San Diego

1.    Todd Hood

2.    Holly Porter

3.    Nora Vargas

4.    Joel Anderson

**Ex. G-129**

5.      Terra Lawson-Remer

6.      Jim Desmond

7.      Helen Robbins-Meyer

8.      Brooke Tafreshi

9.      Natalia Bravo

10.     Elaine Pitpit

11.     Ginger Hitzke

12.     William Pettingill

13.     Nathan Fletcher

# EXHIBIT H

Ex. H-131



**ROSEN BIEN**
**GALVAN & GRUNFELD LLP**

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Hannah M. Chartoff
Email: HChartoff@rbgg.com

November 16, 2023

<u>VIA ELECTRONIC MAIL ONLY</u>

Susan E. Coleman
Burke Williams & Sorensen, LLP
501 West Broadway, Suite 1600
San Diego, California 92101-8474
scoleman@bwslaw.com

Elizabeth M. Pappy
Burke, Williams & Sorensen, LLP
60 South Market Street, Suite 1000
San Jose, California 95113-2336
epappy@bwslaw.com

Re: **Defendants' Failure to Produce E-Discovery**
*Dunsmore et al. v. San Diego County Sheriff's Department et al.*,
S.D. Cal. No. 3:20-cv-00406-AJB-DDL
<u>Our File No. 1730-01</u>

Dear Counsel:

We write in anticipation of today's meet and confer and potential motion practice regarding Defendants' failure to meaningfully engage in electronic discovery as part of this action.

Discovery of electronically stored information ("ESI") is a standard component of civil litigation, particularly in large-scale cases of public importance like this one. Yet Defendants have repeatedly rebuffed or failed to provide Plaintiffs with information that would allow ESI discovery to proceed. Defendants' recent claims of burden are both unreasonable and unsubstantiated. Should Defendants continue in this course of action, Plaintiffs will have no choice but to seek the Court's leave to file a motion to compel on this issue.

## I.    History of ESI Negotiations

Plaintiffs first proposed search terms for ESI discovery on June 22, 2023, consistent with the Court's scheduling order requiring such negotiations to take place early in the discovery process. On June 22, Plaintiffs requested "that Defendants run a hit report across all custodians using these terms," to the extent that the list of search terms needed to be revised. **Ex. A** (Email Correspondence between E. Pappy and

[4390995.1]

**Ex. H-132**

Elizabeth M. Pappy
November 16, 2023
Page 2

H. Chartoff).  Defendants repeatedly delayed or refused, explaining that any meet and
confer must follow "a targeted discovery request." *Id.* at 6/26/23 Email from E. Pappy.
On June 28, Plaintiffs again explained that we anticipated that Defendants would collect
all documents from custodians hitting on the proposed search term and asked for "a hit
report for the proposed search terms for the agreed upon set of custodians." *Id.*  On
July 3, Defendants again insisted that any negotiation must follow a served discovery
request.  Ultimately, after further meet and confer via email, Defendants asserted that
they "agreed on your list of custodians and your list of search terms." *Id.*  After Plaintiffs
requested clarification on what exactly had been agreed to, Defendants confirmed that
they would conduct a search of all custodians using the proposed search terms and that
they would supply the number of hits per search term. *Id.* at 7/6/23, 7/10/23 Emails from
E. Pappy.  In particular, Defendants claimed that "if the client does not have the
capability to run analytics reports as to number of documents by search term … we can
do it through our document management system." *Id.*  In light of Defendants'
confirmation that the search would be conducted and all documents collected, as well as
repeated statements that they would only meet and confer based on specific requests for
production, Plaintiffs understood that Defendants had in fact collected documents and
would manually search those responsive documents for responsiveness to requests for
production.

Once Defendants responded to Plaintiffs' Third Set of Requests for Production on
August 14, 2023, Plaintiffs again raised this issue and asked for Defendants' progress on
the promised hit report.  Plaintiffs repeatedly requested this information throughout meet
and confer meetings in August, September, October, and November.  However,
Defendants still have not provided a unique hit report and in fact represented that, even as
of November 6, the search for documents from the Sheriff's Department using the
June 22 search terms had not been completed.  Moreover, Defendants confirmed on
October 31 that the data had not been imported to counsel's document management
system, **Ex. B** (Email from E. Pappy and H. Chartoff)—despite counsel's July 10
representation that that data transfer would be completed if necessary.

Finally, Defendants now appear to be refusing to provide basic information about
their initial ESI searches.  On November 15, Defendants refused to share the total number
of documents or any de-duplicated counts of documents collected.  **Ex. C** (Email from E.
Pappy and H. Chartoff).  As Plaintiffs have repeatedly stated, such basic information is
critical to allowing these negotiations to proceed.

## II.    Defendants' Belated and Unfounded Claims of Burden Prejudice Plaintiffs

Defendants' repeated delays and apparent misrepresentations regarding the status
of their efforts to satisfy their discovery obligations regarding identification, collection,

[4390995.1]

**Ex. H-133**

Elizabeth M. Pappy
November 16, 2023
Page 3

and review of ESI are unacceptable and prejudice Plaintiffs' ability to prepare for depositions, inspections, and trial.  Defendants have only recently explained that they do not keep formal writings about many critical occurrences in the Jail, *e.g.*, use of tactical teams.  **Ex. D** (11/1/23 Email from E. Pappy and H. Chartoff).  However, Defendants routinely discuss critical occurrences, including the medical and mental health care of incarcerated persons, by email.  Defendants' email correspondence therefore may be the only way for Plaintiffs to analyze what is actually happening in the Jail.  Such email correspondence is relevant to the claims and defenses in this action, and, accordingly, Defendants are obligated to produce it.

Relatedly, Defendants' new claim that using a document management system or e-discovery vendor even to generate a unique hit list would cause "months of work and $1,025,000 per month" is unsubstantiated and not reasonable.  **Ex. E** (11/9 Email from E. Pappy to H. Chartoff).  Our firm and that of our co-counsel, DLA Piper, collectively have litigated many complex litigation matters, including those with as many or more search terms and custodians, and have never received a cost estimate of that amount or on such a long timeline.  Preparation of a report identify the search term results and unique hits for each term can be accomplished in a matter of hours, not months—even with a significant volume of data.  Further, the initial analysis of the data in which search terms are applied and tested during negotiation with opposing counsel can typically be done in an early case assessment ("ECA") environment which vendors provide at little or no cost.  There is not the same monthly hosting fee associated with maintaining the data at this phase.  It is only when a set of the data is promoted for review to a review platform that vendors will start charging a more significant monthly per/GB fee.  Plaintiffs are in the process of obtaining their own estimates for the services required here from reputable e-discovery vendors and will share those estimates as soon as possible.  Regardless, it will be impossible for Plaintiffs to assess Defendants' claim of burden here without more detailed information about the estimated $1.025 million monthly fee they have cited to.  How may gigabytes is your estimate based on?  Does the cost estimate involve reviewing all hits or only those documents placed in the review platform?  Seeing a breakdown of the estimate into hosting fees, project management fees, hourly rates being charged for technical analysts working with the data, etc. would be enlightening here.

Please provide us with the estimate you obtained so we can understand the basis for your burden position.

## III.    Searches of JIMS, TechCare, Offender 360, and PCMS Systems

Relatedly, Plaintiffs do not agree that no ESI searches should be conducted on the JIMS, TechCare, Offender 360, and PCMS databases.  Plaintiffs repeatedly requested that these systems be searched, including as early as the January hearing before Judge

[4390995.1]

**Ex. H-134**

Elizabeth M. Pappy
November 16, 2023
Page 4

Leshner and continuing during these negotiations. *See* Ex. A at 6/28/23 email from H.
Chartoff. Plaintiffs understand that information critical to this case are kept solely in
those sources, *e.g.*, grievances are stored on JIMS, sick call slips are stored in TechCare,
and programming assignments (such as addiction counseling) are stored in Offender 360.
They must be searched.

## IV.    Proposal

Plaintiffs again request that Defendants provide a unique hit report, a total count of
documents which reflects the entire universe of documents after all search terms are run
and the results are grouped together to account for duplicate hits, and additional detail
about the $1.025 million per month estimate to produce the documents. We are also open
to discussing alternative methods for review and production of ESI discovery, including
allowing Defendants to produce all documents hit upon by the proposed search terms
without prior review, under an agreement that would allow Defendants to later claw back
incorrectly produced (*e.g.*, privileged) documents.

In the meantime, to begin the production in light of the Court's discovery
deadlines, we request that you begin review of documents for custodian Melissa Quiroz,
hitting on Search Term Nos. 5, 6, 7, 8, 22, 36, 28, 29, and 31 only, for production in
response to Plaintiffs' Request for Production Sets 3 and 5. Plaintiffs make this
suggestion only as an initial proposal; we do not agree it would satisfy all of Defendants'
ESI review and production obligations. If Defendants agree to this initial proposal,
please provide Plaintiffs the total *de-duped* number of documents returned by those
search terms in advance of review.

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

By:   Hannah M. Chartoff

HMC:cg
Enclosures
cc:    Co-counsel

**Ex. H-135**

# Exhibit A

| | |
|---|---|
| **From:** | Hannah Chartoff |
| **Sent:** | Monday, July 10, 2023 2:47 PM |
| **To:** | Pappy, Elizabeth M.; Coleman, Susan E.; Kish, Fernando; Inman, Steven |
| **Cc:** | Gay C. Grunfeld; Van Swearingen; Priyah Kaul; Young, Christopher; Neal, Isabella |
| **Subject:** | RE: Dunsmore:  ESI Custodians and Search Terms [IMAN-DMS.FID55015] |
| **Attachments:** | DRAFT Protocol Governing Discovery Matters and Production of ESI 06-28-2023 1730-01.docx |

Hi Beth,

Yes, I think the search can be started; and thank you for confirming the addition of Mr. Miedico.

For avoidance of doubt re: the ESI protocol – I understood that Defendants had some edits as of your July 3 email, but I don't think I received them.  If the attached draft is fine with you, please confirm that we have Defendants' permission to attach signatures and file.

Thanks,
Hannah

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, July 10, 2023 2:24 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Neal, Isabella <Isabella.Neal@us.dlapiper.com>
**Subject:** RE: Dunsmore: ESI Custodians and Search Terms [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

I previously confirmed that the ESI protocols were fine.

I will share the numbers once we conduct the search which has been waiting for a resolution to this process.

No issues with adding the person to the list.

Is everything resolved so I can ask that the search be started?

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333

Ex. H-137

epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Monday, July 10, 2023 1:00 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Neal, Isabella <Isabella.Neal@us.dlapiper.com>
**Subject:** RE: Dunsmore: ESI Custodians and Search Terms [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

Thanks for confirming—do you have a sense of when you will share those numbers?

I also wanted to check in on the status of the ESI protocol, which I understand Defendants were in the process of reviewing.  In case it's helpful, I've reattached the draft as circulated by Plaintiffs.

Finally, there is one person Plaintiffs are requesting be added to the custodian list:  Chris Miedico.   For reference, an updated list of the proposed custodians is attached.

Thanks,
Hannah

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, July 10, 2023 9:42 AM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Neal, Isabella <Isabella.Neal@us.dlapiper.com>
**Subject:** RE: Dunsmore: ESI Custodians and Search Terms [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Hopefully closing the loop on this, if the client does not have the capability to run analytics reports as to number of documents by search term, and I have not been able to get in touch with my contact as of now, we can do it through our document management system.

The total number of documents can also be done using our system and I'm fine with that.

**Ex. H-138**

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Pappy, Elizabeth M.
**Sent:** Thursday, July 6, 2023 6:19 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Neal, Isabella <Isabella.Neal@us.dlapiper.com>
**Subject:** RE: Dunsmore: ESI Custodians and Search Terms [IMAN-DMS.FID55015]

Okay.  That helps!  Let me ask my paralegal tomorrow if it is possible to run a count of responsive docs by search term and burden to do so, and if it's possible and a minor task, I don't have a problem with it.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

Ex. H-139

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Thursday, July 6, 2023 5:17 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Neal, Isabella <Isabella.Neal@us.dlapiper.com>
**Subject:** RE: Dunsmore: ESI Custodians and Search Terms [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

Responses in red below.  Please let me know if defendants agree to those requests.

Best,
Hannah


**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com


**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Thursday, July 6, 2023 1:48 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Neal, Isabella <Isabella.Neal@us.dlapiper.com>
**Subject:** RE: Dunsmore: ESI Custodians and Search Terms [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

We seem to be two ships passing in the night.

Let me see if I can get you to clarify exactly what you are asking:

1.  Are you seeking a search of all the identified custodians' ESI using all of the search terms provided?  **Yes.**
2.  If the answer to No. 1 is yes, are you asking that the search be conducted now and that all responsive documents be "stored" by defendants to then be used in the future to search that "stored database" for documents responsive to specific document requests?  **Yes, and we are asking that Defendants provide the number of such documents, preferably by search term.**
3.  If the answer to No. 1 is no, you need to explain to me what you are asking for specifically and stop repeating, "we want you to agree to the terms and custodians" because that alone makes no sense.

Please advise ASAP so we can resolve this once and for all or you can request your threatened IDC.

4

**Ex. H-140**

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Thursday, July 6, 2023 1:35 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Neal, Isabella <Isabella.Neal@us.dlapiper.com>
**Subject:** RE: Dunsmore: ESI Custodians and Search Terms [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

Plaintiffs understand the Court's order that we raise "all" disputes regarding search terms and custodians to extend beyond the ESI Checklist.

Plaintiffs are therefore seeking to resolve the following questions:

1. For which individuals will Defendants collect all accounts/documents, to eventually review those accounts for responsiveness to all Plaintiffs' RFPs seeking ESI (as opposed to, e.g., RFPs calling for specific document types like training materials and ADA transition plans, which would be searched for separately)?   Plaintiffs have proposed a list of custodians.  Defendants have not agreed to collect all accounts/documents for any of the individuals Plaintiffs proposed.

2. Which search terms will Defendants apply across all collected ESI (custodial documents, centralized document repositories, and databases) to identify the universe of documents that Defendants will then review for responsiveness to Plaintiffs' RFPs seeking ESI?  Plaintiffs have proposed a list of search terms and requested that Defendants provide hit reports for those terms across all ESI collected.  We recognize that the development of a search term list is an iterative process, and are trying to get the process started.  We anticipate that the hit report will assist our efforts to further meet and confer about which search terms to use, but Defendants have not agreed to provide such a hit report.

Ex. H-141

Please let us know if Defendants will provide additional responses to those two questions.

Thank you,
Hannah

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, July 5, 2023 9:55 AM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Neal, Isabella <Isabella.Neal@us.dlapiper.com>
**Subject:** RE: Dunsmore: ESI Custodians and Search Terms [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Do what you want with an IDC but I still have no idea what the dispute is.

The ESI checklist does not require an agreement that, each and every custodian you have identified will have their account searched in response to every single document request category. The preface to the checklist states that it is a checklist for "discussion". Under "I. Preservation", you provided the names and job titles for individuals whose ESI you want preserved. We agreed to the preservation.

Under Section "IV. Search", we were required to discuss search words and phrases to identify discovery ESI and filter out ESI that is not subject to discovery. You provided me a list that is overinclusive and if every search terms were used for every search, would include information that is not subject to discovery because combined they are too broad. I don't have an issue with any of the search terms in particular but with the notion that you may dictate which search terms are applied in response to as yet unknown request for production category. Which terms will be used as to which discovery request category will have to be discussed if, and when any dispute arises to a particular request.

What am I missing about the checklist and obligations pursuant thereto? Please identify the specific section of the Checklist you think we are violating so I can be prepared to address it in the IDC you keep threatening.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

Ex. H-142

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Wednesday, July 5, 2023 9:34 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Neal, Isabella <Isabella.Neal@us.dlapiper.com>
**Subject:** RE: Dunsmore: ESI Custodians and Search Terms [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

I hope you had a good holiday.  The June 26 email you attached states that Defendants "are not agreeing at this time that these people have relevant or discoverable information or that every one of their accounts will be searched in response to any pending or future discovery request."  As I stated in my June 28 email, Plaintiffs are asking whether Defendants will agree to collect and search all accounts of any of the people listed in Plaintiffs' proposed custodian list.  If the answer is none, then the parties are at an impasse, and Plaintiffs will initiate an IDC.

We will also raise the issue of search terms in the IDC email, as Plaintiffs' understanding is that Defendants are not agreeing to apply the search terms to all custodians' accounts and are also not agreeing to provide a hit report to further discussion on this topic.

Thank you,
Hannah

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, July 3, 2023 5:41 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Neal, Isabella <Isabella.Neal@us.dlapiper.com>
**Subject:** RE: Dunsmore: ESI Custodians and Search Terms [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Your statement is untrue.  We agreed on your list of custodians and your list of search terms and I made clear our position in the attached email.  You may not like my response but stating that we didn't respond is flat wrong.

I have made some changes to your ESI stipulation, and it is with my internal folks and the client to ensure acceptability on the manner of production and "tech" stuff.

Given the lack of clarity in the communications demonstrated by the below, if all your asking us for is the stipulation, then I will have it back to you hopefully this week assuming everyone is in the office after tomorrow.  If there is some other issue, you are going to need to clarify.

Thank you.

**Ex. H-143**

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Monday, July 3, 2023 5:17 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Neal, Isabella <Isabella.Neal@us.dlapiper.com>
**Subject:** RE: Dunsmore: ESI Custodians and Search Terms [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

The Court's original scheduling order required us to reach agreement on both ESI custodians and search terms last month.  Because Defendants have not provided a substantive response to our June 15 and June 22 proposals, we suggested an extension until next week, which the Court granted.  Our understanding is therefore that the Court expects us to agree on custodians that will govern ESI-related discovery for this case at the outset of discovery—and no later than July 10.

Plaintiffs have proposed a custodian list to apply to all the ESI requests in our third set of requests for production.  Contrary to asserting that Defendants have no discretion in that custodian list, we are asking for Defendants' response to Plaintiffs' proposal.  Please provide your response to Plaintiffs' proposal, so that we can identify any areas of disagreement to raise to the Court by July 10.  The custodial collection should start as soon as possible, so that rolling productions can begin promptly on or after August 14 and be complete by the Court's September 18 deadline.

Regarding the ESI protocol:  in our May 19 Joint Discovery Statement, the parties agreed to produce ESI in a "usable form that is compatible with the Parties' respective software programs, with all customary metadata."  Dkt. 315 at 3.  The proposed protocol circulated last week provides additional detail regarding what is a "usable form" for any ESI produced, as well as the "customary" metadata Plaintiffs anticipate will accompany it.  In addition, the parties agreed to "meet and confer regarding an appropriate stipulation addressing inadvertent disclosure of privileged information," *id.* at 4; the proposed stipulation also addresses that issue.  In our experience, ESI protocols are routinely used in discovery; we are not sure what is meant by asking for legal authority beyond the Court's Scheduling Order (Dkt. 324) and Rule 34.

Ex. H-144

I look forward to discussing after the holiday and hope you have a good day off.

Best,
Hannah

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, July 3, 2023 1:27 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Neal, Isabella <Isabella.Neal@us.dlapiper.com>
**Subject:** RE: Dunsmore: ESI Custodians and Search Terms [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Good afternoon.

Can you please tell how/when this custodial document collection would take place?  Is it independent of a document request?  If so, can you send me legal authority that a formal discovery request is not required.

Is it specific to a document request and which one?  Is it specific to the entirety of RFPOD#3 or only specific requests?  Who decides which requests it applies to?  Are you suggesting that the County has no discretion as to whose emails/ESI is searched based upon a RFPOD item and this list would apply if Plaintiffs say it does?

I need to understand the above to know how to respond to these written protocols.  And can you provide me some legal authority that requires a written protocol or is this a convenience (?) to Plaintiffs?  To defendants?

Thank you and Happy July 4th.


Elizabeth M. Pappy | Partner
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.


**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Monday, July 3, 2023 1:20 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul

Ex. H-145

<pkaul@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Neal, Isabella
<Isabella.Neal@us.dlapiper.com>
**Subject:** RE: Dunsmore: ESI Custodians and Search Terms [IMAN-DMS.FID55015]

[EXTERNAL]

Beth,

As a reminder given that tomorrow is a holiday, our deadline to initiate an IDC on this issue is Monday, July 10.  Please let us know if Defendants will agree to conduct a custodial document collection for any of the custodians we have proposed and to provide a hit report of the search terms we provided.  Please also let us know if Defendants have edits to the proposed ESI protocol circulated last week.

Thank you,
Hannah


**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

**From:** Hannah Chartoff
**Sent:** Wednesday, June 28, 2023 12:55 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando
<Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul
<pkaul@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Neal, Isabella
<Isabella.Neal@us.dlapiper.com>
**Subject:** RE: Dunsmore: ESI Custodians and Search Terms [IMAN-DMS.FID55015]

Hi Beth,

Thanks for confirming that Defendants are preserving documents for the identified custodians.  To clarify, Plaintiffs expect and understand that Defendants have been and will continue to preserve documents for more individuals—including all those people working in the Detention Services Bureau—since Plaintiffs' counsel to wrote to Defendants on this topic on January 26, 2022.

The Court's scheduling order states that we need to raise "all" disputes regarding ESI custodians and search terms by the deadline (now presumably July 10) – it is not limited to the issues raised in the Court's ESI checklist.  We understand that the Court is asking us to do the following, which is commonly done at the outset of litigation in the Southern District and elsewhere to streamline the ESI discovery process:

1. Agree to a group of "custodians," i.e., individuals for whom Defendants will conduct a custodial document collection (including all the various types of communications outlined in Plaintiffs' Third Set of Requests for Production).

2. Agree to a set of search terms that Defendants will apply to those custodial collections as well as the various centralized document repositories and databases that we recently discussed (OneDrive; SharePoint; any shared drives including U:, V:, and X:; JIMS; Net-RMS; LIS; Contract Advantage; LSCI; PowerBI; Offender360; the

**Ex. H-146**

Microsoft SQL Server containing medical records). The set of documents that are hit on by those search terms would then constitute the universe of documents that Defendants would review for responsiveness to Plaintiffs' RFPs seeking ESI.

Although Plaintiffs reserve the right to request additional custodians or search terms as necessary at later stages of the litigation, we understand the Court to be asking us to identify an initial set of both custodians and search terms now, as these issues need to be resolved well in advance of the September 18 deadline to complete production of documents in this case, to afford time for the collection, review, and production processes. To further streamline the ESI discovery process, I've attached a proposed ESI protocol here.

To further our discussion of the above issues, Plaintiffs' questions are:

1. For which custodians will Defendants agree to complete a custodial document collection? If the answer is none, then we will prepare an IDC email to raise that issue to Judge Leshner.

2. Will Defendants provide Plaintiffs with a hit report for the proposed search terms for the agreed upon set of custodians, as well as the other sources of information identified above, to further meet and confer efforts on search terms? As indicated in my prior email, we are open to discussing revising the proposed terms, but think that any conversation will be difficult without a hit report showing which terms are generating an overlarge number of document hits.

I'm happy to discuss on the phone. Please let me know your availability for such a discussion tomorrow or Friday.

Best,
Hannah

**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, June 26, 2023 5:05 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>
**Subject:** RE: Dunsmore: Letter re further Rule 26(f) conference [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Hannah,

I've reviewed the attachments. I have no problem putting holds on the additional custodian ESI accounts you have identified, but we are not agreeing at this time that these people have relevant or discoverable information or that every one of their accounts will be searched in response to any pending or future discovery request. The ESI checklist requires creation (by Plaintiffs) of an agreed list to place a hold. We are agreeing to place a hold on the accounts for the individuals on your list.

As to the search terms, they are interesting but I'm not sure what you expect from us in response requiring the requested extension today. The ESI checklist does not require that the defendants agree to use any, or all of the

**Ex. H-147**

terms.  Most of them are overbroad without other limiting factors like date, subject matter of a discovery request, exclusion of attorney/client privileged communications relating to this litigation, sender/recipient, etc.  That kind of limitation would come through a targeted discovery request and possible meet and confer if defendants believe the request is too broad.

This should resolve all ESI matters unless you have information to the contrary.

Thank you.


**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Thursday, June 22, 2023 10:28 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>
**Subject:** RE: Dunsmore: Letter re further Rule 26(f) conference [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Susan (as I know Beth is on vacation),

I'm following up regarding custodians and ESI search terms in advance of the Court's 6/26 deadline.  As promised, attached is a revised custodian list (with new names highlighted) and a proposed set of search terms for discussion.

Regarding this list of search terms:  please note that Plaintiffs anticipate that that the parties will need to meet and confer over these terms.  We suggest that Defendants run a hit report across all custodians using these terms, and the parties can then discuss adjusting the terms to the extent any particular term results in an overwhelming number of hits.

Please let us know if Defendants agree to the list of custodians and terms before the Court's deadline on Monday 6/26.  If we are not in agreement, Plaintiffs will reach out to Judge Leshner's chambers.

Finally, Plaintiffs may follow up with proposed additions to both lists as discovery and our investigation progresses.

Thank you,

**Ex. H-148**

Hannah


**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

---

**From:** Hannah Chartoff
**Sent:** Thursday, June 15, 2023 4:36 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Subject:** RE: Dunsmore: Letter re further Rule 26(f) conference [IMAN-DMS.FID55015]

The 6/26 deadline relates to "All disputes concerning ESI custodians and search terms," Dkt. 324, so there are additional issues to discuss:

- Regarding custodians:  attached is an updated list of Plaintiffs' proposed custodians, though we are still waiting on the names of individuals with titles listed in our June 2 letter and anticipate adding some names to the custodian list based on your response and our ongoing investigation.  Please let us know if Defendants will agree to the custodians in the current list.

- Regarding search terms:  we anticipate circulating proposed search terms shortly.

And thanks for confirming re: the Ninth Claim.

Best,
Hannah

**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Thursday, June 15, 2023 11:11 AM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Subject:** RE: Dunsmore: Letter re further Rule 26(f) conference [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

**Ex. H-149**

I understand that some of the discovery may need "comparison" information but I do not like to leave positions unstated with you folks because it unfortunately turns into some kind of 'admission' later.  We are on the same page.

With these clarifications, it seems we have resolved all issues re: ESI and have nothing to report on 6/26.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Wednesday, June 14, 2023 11:44 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Subject:** RE: Dunsmore: Letter re further Rule 26(f) conference [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

Thanks for the update.  Regarding the scope of the Ninth Cause of Action, we do not agree that any discovery about this claim must be limited to Black and Latinx individuals.  The claim is about disproportionality and disparity in the rates of incarceration among various racial groups and therefore inherently requires comparison between Black and Latinx populations on the one hand and other demographic populations on the other.  *See, e.g.*, TAC ¶¶ 401-403 (contrasting rates of incarceration and program participation of various demographic groups, including white individuals).  In addition, we anticipate that discovery would include documents about generally applicable eligibility criteria, such as any risk assessment tools like those discussed in Paragraph 405 of the Third Amended Complaint.  That said, thank you for clarifying that any dispute on this issue would not affect the scope of the Probation Department's discovery hold.

Best,
Hannah

**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor

14

**Ex. H-150**

San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, June 13, 2023 5:59 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Subject:** RE: Dunsmore: Letter re further Rule 26(f) conference [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Hannah,

I sent out the questions to the client after our call and should hear back this week.

As to probation, my only push back is that the scope must be limited to African-American and Latinex as those are the only subjects of your 9th Cause of Action and not the population in general.  A discovery "hold" may not be affected by the limitation but in case it is, and to be clear about future discovery, the limitation would apply.

Thanks for the clarifications otherwise.


Elizabeth M. Pappy | Partner
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Tuesday, June 13, 2023 5:12 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Subject:** RE: Dunsmore: Letter re further Rule 26(f) conference [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

Ex. H-151

Thanks for speaking last week.  Regarding your questions about the scope of the litigation holds for the County and Probation, Plaintiffs respond as follows:

- For the **County**, the hold should include:  documents related to the Jail and incarcerated people; documents related to alternatives-to-incarceration programs, including the availability and eligibility criteria for such programs, demographic information and studies of participants in such programs, and recidivism studies; documents related to bail reform and zero bail policies.

- For **Probation**, the hold should include:  documents related to the eligibility criteria and application/selection process for all programs; documents related to the referral, selection, and rejection of participants in all alternatives-to-incarceration programs; demographic information and studies of participants in all programs; recidivism studies; documents related to provision of interpreters (including but not limited to foreign language, ASL) for in-Jail programming.

As discussed on Friday, we look forward to your responses regarding Plaintiffs' proposed initial custodians and the names of individuals with the job titles identified in our June 2 letter; more information about Offender 360 information (*i.e.*, whether it is stored in JIMS or elsewhere); Naphcare's medical record storage practices; whether policies, procedures, and documents are stored on the V: drive; and what reports are created by PowerBI.  We will reach out again later this week regarding Plaintiffs' updated list of requested custodians, so that we can identify any disputes before the Court's June 26 deadline.

Best,
Hannah


**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com


---

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Tuesday, June 6, 2023 9:34 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Hannah Chartoff <HChartoff@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Subject:** RE: Dunsmore: Letter re further Rule 26(f) conference [IMAN-DMS.FID55015]

I will send a calendar invite for 11am on Friday.  Thank you.

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, June 6, 2023 9:17 AM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Hannah Chartoff <HChartoff@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Subject:** RE: Dunsmore: Letter re further Rule 26(f) conference [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Let's meet on Friday.  Late morning or afternoon work for me.

**Ex. H-152**

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Friday, June 2, 2023 4:30 PM
**To:** Coleman, Susan E. <SColeman@bwslaw.com>; Pappy, Elizabeth M. <EPappy@bwslaw.com>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>
**Cc:** Hannah Chartoff <HChartoff@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Subject:** Dunsmore: Letter re further Rule 26(f) conference [IMAN-DMS.FID55015]

[EXTERNAL]

Dear Susan and Beth,
Please see the attached letter regarding Judge Leshner's ESI Checklist.  We would like to meet with you next Wednesday or Friday for our further Rule 26(f) conference.  Thank you,
Van

Van Swearingen
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
VSwearingen@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

**Ex. H-153**

# Exhibit B

| | |
|---|---|
| **From:** | Pappy, Elizabeth M. |
| **To:** | Hannah Chartoff; Priyah Kaul |
| **Cc:** | Coleman, Susan E. |
| **Subject:** | RE: Dunsmore v. COSD: ESI Hit List from County and Probation [IMAN-DMS.FID55015] |
| **Date:** | Tuesday, October 31, 2023 4:50:26 PM |

---

**[EXTERNAL MESSAGE NOTICE]**

We may need to discuss this on the phone.  The information isn't in Relativity.  It's on the client's system.

I'm not following because what is included in a row of information is the number of documents that include search term S1, for example.  S27 search terms may be in the same document, but that document would also be included in the number of documents for S27.

The total number of hits is the total of the column of all hits not excluding duplicates.

I'll have the raw data in front of me for our call if I can.

Thanks.


**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Tuesday, October 31, 2023 12:37 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Priyah Kaul <pkaul@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** RE: Dunsmore v. COSD: ESI Hit List from County and Probation [IMAN-DMS.FID55015]

**[EXTERNAL]**

---

Thanks for sending this and for clarifying re: "Search #."

**Ex. H-155**

On the unique hits question, my email may have been confusing. "Unique hits" are the number of documents in the set returned only by a particular term; the unique hit count excludes any documents that contain multiple search terms. (Relatively should be able to provide this information, see: https://help.relativity.com/RelativityOne/Content/Relativity/Search_terms_reports.htm). Our goal in asking for the unique hit count is to be efficient in proposing revised search terms. For example, if most of the documents hit on by S5 also contain the S6 term (and therefore are included in both the S5 and S6 counts), then narrowing S5 won't actually have the effect of changing the total number of documents to be searched.

On a related note, could you also please share the total number of documents hit on by the complete set of terms, as well as the total number of documents for each custodian?

Of course, happy to discuss all of this more tomorrow—I realize a lot of this might by easier to get through by phone.

Thanks again,
Hannah

**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, October 31, 2023 11:16 AM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** RE: Dunsmore v. COSD: ESI Hit List from County and Probation [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Attached is the final spreadsheet.

First, do you know if these are unique hits or total hits for each term? They ran the search based upon the 86 terms included on the June list. "S1", etc. refers to the order on the June list.

I.e., if one document contains both term 1 and term 2, would it be counted for both search terms? If search term "S1" showed up in an item and the same item included "S27", that item would appear in Columns G and H for both S1 and S27.

If these are total hits, it would be great to also get the number of unique hits for each search term.

<span style="color:red">This was already done in the way the information was presented.</span>

Second, does the "Search #" in column A correspond to the numbers on the list of search terms provided on June 22? <span style="color:red">Yes</span>

I see that there are a few places where the "Search #" is out of order, e.g., "REQ0232690_S84" is in row 35 of the spreadsheet—I want to make sure I know which terms we're talking about as we think about revising them. <span style="color:red">Not sure why they didn't just rearrange the rows but "S__" corresponds to the search term in the order presented on the June list.</span>

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Monday, October 30, 2023 6:12 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Priyah Kaul <pkaul@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** RE: Dunsmore v. COSD: ESI Hit List from County and Probation [IMAN-DMS.FID55015]

<mark>[EXTERNAL]</mark>

Hi Beth,

Thanks for sending.  I have a couple of clarifying questions in advance of our call on Wednesday: First, do you know if these are unique hits or total hits for each term?  I.e., if one document contains both term 1 and term 2, would it be counted for both search terms?  If these are total hits, it would be great to also get the number of unique hits for each search term.

Second, does the "Search #" in column A correspond to the numbers on the list of search terms provided on June 22?  I see that there are a few places where the "Search #" is out of order, e.g., "REQ0232690_S84" is in row 35 of the spreadsheet—I want to make sure I know which terms we're

**Ex. H-157**

talking about as we think about revising them.


Thanks,
Hannah

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, October 30, 2023 3:47 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** Dunsmore v. COSD: ESI Hit List from County and Probation

[EXTERNAL MESSAGE NOTICE]

Attached is the ESI hit list report based on the 86 ESI terms from June 2023.  Two of the searches are still running and one failed.  They are finishing/re-running, and I will get you an updated report as soon as I have it.

Thank you.


**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

# Exhibit C

| From: | Pappy, Elizabeth M. |
|---|---|
| To: | Hannah Chartoff; Van Swearingen; Priyah Kaul; Gay C. Grunfeld; Aaron Fischer; Eric Monek Anderson |
| Cc: | Coleman, Susan E. |
| Subject: | RE: Dunsmore v. COSD: Sheriff's Department Hit List By Custodian [IMAN-DMS.FID55015] |
| Date: | Wednesday, November 15, 2023 10:22:53 AM |

[EXTERNAL MESSAGE NOTICE]

1/1/21 to present. I'm not going to get you the total number of documents "stored". It has nothing to do with anything and would require yet another search.

Waiting on probation's custodian list and once we've provided that, we expect Plaintiffs to delete numerous custodians and search terms to reduce the number of documents drastically.

Thank you.


**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Wednesday, November 15, 2023 10:17 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** RE: Dunsmore v. COSD: Sheriff's Department Hit List By Custodian [IMAN-DMS.FID55015]

[EXTERNAL]

Apologies, my question regarding the date was unclear – does this represent all documents since 1/1/21 to present, 1/1/22 to present, etc.? Or are there documents older than that?

Regarding the total number: If these counts are not de-duplicated, then it is likely that many of

these documents are counted twice.  Please provide the total number of documents currently in this storage location.

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, November 15, 2023 10:13 AM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** RE: Dunsmore v. COSD: Sheriff's Department Hit List By Custodian [IMAN-DMS.FID55015]

> [EXTERNAL MESSAGE NOTICE]

They are not de-duplicated.  The total number of documents is in the last column/bottom row.  It's 7,000,000+.

The date cut off is the day it was run.


**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Wednesday, November 15, 2023 10:09 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** RE: Dunsmore v. COSD: Sheriff's Department Hit List By Custodian [IMAN-DMS.FID55015]

> [EXTERNAL]

---

Thanks for sending.  Am I correct in understanding that these are not de-duplicated (i.e., if two custodians are copied on the same email, then that email would be counted twice)?  If so, please

provide the total number of documents.

In addition, is there any date cut-off to these documents?

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, November 15, 2023 9:41 AM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** Dunsmore v. COSD: Sheriff's Department Hit List By Custodian

| [EXTERNAL MESSAGE NOTICE] |
| --- |

Please see attached.  There are 7,000,000+ items.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com

Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**Ex. H-162**

# Exhibit D

| | |
|---|---|
| **From:** | Pappy, Elizabeth M. |
| **To:** | Hannah Chartoff |
| **Subject:** | RFPOD#3, #82 |
| **Date:** | Wednesday, November 1, 2023 11:02:40 AM |

**[EXTERNAL MESSAGE NOTICE]**

I just received word about the tactical teams issue.  They do not maintain logs or debriefing reports/writings.  If there was a use of force incident that involved the tactical team, the only way to search is by involved IP name.

Without the IP name, there is no feasible way to search.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**Ex. H-164**

# Exhibit E

| | |
|---|---|
| **From:** | Pappy, Elizabeth M. |
| **To:** | Van Swearingen; Coleman, Susan E. |
| **Cc:** | Aaron Fischer; Hannah Chartoff; Gay C. Grunfeld |
| **Subject:** | RE: Dunsmore: inspections M&C [IMAN-DMS.FID55015] |
| **Date:** | Thursday, November 9, 2023 1:45:53 PM |

**[EXTERNAL MESSAGE NOTICE]**

I can talk about ESI and Depositions next Thursday or Friday afternoon.

We are working on what we can and cannot get you vis a vis ESI searches and hit lists. Our clients are running into significant problems given the number of search terms and custodians which far exceeds anything they have ever seen or been asked to process. For example, one search netted 100 TB of information and we cannot provide a unique hit list without months of work and $1,025,000 **per month** in expense based upon your suggestion of using Relativity.

I will provide you with a summary sheet ahead of our call as to my clients' position.

Thank you.


**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.


**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Thursday, November 9, 2023 1:38 PM
**To:** Coleman, Susan E. <SColeman@bwslaw.com>; Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Cc:** Aaron Fischer <ajf@aaronfischerlaw.com>; Hannah Chartoff <HChartoff@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Subject:** RE: Dunsmore: inspections M&C [IMAN-DMS.FID55015]

**[EXTERNAL]**

Hi Susan and Beth,

**Ex. H-166**

We would like to M&C with you about ESI, deposition, and inspection issues at your earliest opportunity.  Please let us know your availability to discuss each of these issues so that we can get dates and times on our calendars.

Please send us the Sheriff's Department's unique hit list for the ESI terms and custodians.  As we discussed with Judge Leshner, narrowing is an iterative process and cannot begin until we have the unique hit list.

Thank you,
Van

---

**From:** Coleman, Susan E. <SColeman@bwslaw.com>
**Sent:** Wednesday, November 8, 2023 4:32 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore: inspections M&C [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

I hope to be done with trial by the 16th

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, November 8, 2023 4:22 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>
**Cc:** Aaron Fischer <ajf@aaronfischerlaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** RE: Dunsmore: inspections M&C [IMAN-DMS.FID55015]

No.  I advised you and the Court on Monday that I intended to spend the rest of this week working on document productions.

Susan is in trial tomorrow and Friday, and beginning of next week.  I'll try to get her availability to talk to you end of next week as she will be handling this issue going forward.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com

**Ex. H-167**

Burke, Williams & Sorensen, LLP

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Wednesday, November 8, 2023 4:20 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Cc:** Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** Dunsmore: inspections M&C [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,
We write to see if you are available tomorrow between 10-11 or 12:30 to 1:30 to meet and confer about inspections. Thank you,
Van

Van Swearingen
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
VSwearingen@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

# EXHIBIT I

| | |
|---|---|
| **From:** | Pappy, Elizabeth M. |
| **To:** | Hannah Chartoff |
| **Cc:** | Coleman, Susan E. |
| **Subject:** | ESI Search List for Sheriff"s Department |
| **Date:** | Sunday, November 5, 2023 1:35:31 PM |
| **Attachments:** | Sheriff"s Department ESI_hit_results_11_03_2023.xlsx |

**[EXTERNAL MESSAGE NOTICE]**

Good Sunday to you.

Attached is the Sheriff's Department list for a 90% complete ESI hit list provided to me Friday.

I've asked for the custodian breakdown with the final 100% complete list.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**Ex. I-170**

# EXHIBIT J

Ex. J-171

| | |
|---|---|
| **From:** | Pappy, Elizabeth M. |
| **To:** | Hannah Chartoff; Coleman, Susan E. |
| **Cc:** | Van Swearingen; Gay C. Grunfeld; Priyah Kaul; Eric Monek Anderson |
| **Subject:** | RE: Dunsmore - Meet and Confer [IMAN-DMS.FID55015] |
| **Date:** | Tuesday, November 28, 2023 3:49:52 PM |
| **Attachments:** | 2023-11-27, Defendants" Revised Search Terms-Probation Specific.docx |
| | 2023-11-27 Defendants" Revised Custodian List.docx |

<div style="background-color:#f5d97f">

**[EXTERNAL MESSAGE NOTICE]**

</div>

Attached is the pared down custodian list and the revised search term list.  The search term list applies to all defendants despite the way I titled it.

I'm free for a 30-minute call anytime other than 9:30 to 10:30.

Thanks.


**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Tuesday, November 28, 2023 3:32 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Subject:** Dunsmore - Meet and Confer [IMAN-DMS.FID55015]

<div style="background-color:#c6d86a">

**[EXTERNAL]**

</div>

Hi Beth,

I hope you had a good Thanksgiving.  Are you available to meet and confer regarding ESI tomorrow or Thursday?

Thanks,
Hannah

**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

# EXHIBIT K

<u>**Defendants' Revised Custodian List**</u>

**November 27, 2023**

**I.     San Diego County Sheriff's Department**

    1.     Kelly Martinez

    2.     Anthony Ray

    3.     Bill Gore

    4.     Rich Williams

    5.     Theresa Adams-Hydar

    6.

    7.     Frank Motley

    8.     Christina Bavencoff

    9.     Ken Jones

    10.    Chris Buchanan

    11.    Kyle Bibel

    12.    Jon Montgomery

    13.    Rebecca Cardenas

    14.    Darren Scott Bennett

    15.

    16.

    17.

    18.    Patricia Ceballos

    19.

    20.

    21.

**Ex. K-175**

22.

23.    Lt. Livian Cole

24.    Carl Darnell

25.

26.    Melissa Quiroz

27.    Ofelia Rodriguez

28.

29.

30.

31.

32.    Captain J. Adamos

33.

34.    Brandy Rafail

35.    Serina Rognlien-Hood

36.    Rex Padilla

37.

38.

39.

40.    Stefan Kopchak

41.    Sonia Manning

42.    Joe Navarro

43.    Rod Smith

44.    Dorothy Patterson

45.    Tonya Benjamin

**Ex. K-176**

46.

47.    Roberto Martinez

48.    Shane Watts

49.    Kathy Hernandez

50.    Gloria Soto-Meza

51.

52.    Kelly Buchanan

53.

54.

55.

56.

57.

58.

**II.    San Diego County Probation Department**

1.    Tamika Nelson

2.    Denise Huffhines

3.    David Joralemon

4.    Abigail Torres

5.    Karna Lau

**III.    County of San Diego**

1.

2.

3.

4.

**Ex. K-177**

5.

6.

7.

8.

9.

10.

11.

12.

13.

# EXHIBIT L

## Defendants' Revised ESI Search Terms

**November 27, 2023**

1.

2.      "sick call"

3.      MAT and medical

4.

5.

6.

7.

8.

9.

10.

11.     lockdown and prescri~

12.

13.     "medical overflow" OR "med overflow"

14.

15.

16.

17.

18.

19.

20.     Naphcare /10 (polic~ OR procedure OR approv~)

21.

22.

**Ex. L-180**

23.

24.

25.

26.

27.

28.

29.

30.

31.

32.    fentanyl and jail OR contraband and jail OR smuggl~ and jail

33.    overdose~ and jail OR OD~ and jail OR poison~ and jail

34.    drug~ and jail OR heroin~ and jail OR opiate~ and jail OR opioid~ and jail OR
       fentanyl~ and jail OR meth~ and jail OR crystal~ and jail OR oxy~ and jail OR
       alcohol~ and jail

35.    pocket and jail OR thunderdome and jail

36.

37.

38.

39.    bodyscan

40.    misclassif~ and jail

41.    (video and jail OR camera and jail OR audio and jail OR intercom and jail OR
       (call /5 button))

42.

43.

44.    "code of silence" and jail

45.

46.

47.    retaliat~ and jail

48.

49.

50.

51.

52.

53.

54.

55.    spider~ and jail OR roach~ and jail OR cockroach~ and jail OR rat~ and jail OR
       mouse~ and jail OR vermin and jail OR bug~ and jail OR scabies and jail OR lice
       and jail OR worm and jail OR maggot and jail

56.    bite~ and jail OR bitten and jail

57.    mold~ and jail OR asbestos and jail

58.    (feces OR defecat~ OR shit OR poop OR crap OR pee OR piss OR urine OR
       soil~) and jail /20 (smear~ OR stain~ OR soak~ OR drench~ OR wet~ OR dirt~)

59.    trash~ and jail

60.    gimp~ OR crippl~ and jail

61.

62.

63.

64.

65.    help /10 (read~ OR write~) and jail

66.

67.    triple /5 (bunk OR bed OR cell)

68.

69.

70.

71.

72.    library and jail OR "pro per" and jail OR "pro se" and jail

73.    (lawyer OR attorney) and jail (without Baranic or Kamphoefner and Heidi
       Williams and legal affairs)

74.    legal and jail /5 (papers OR mail OR fil!) (without Baranic or Kamphoefner and
       Heidi Williams and legal affairs)

75.

76.

77.    ((pro~ /3 visit) /20 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~
       /3 log~) OR delay~ OR slow~) and jail

78.

79.

80.    black OR mexic OR hispan OR latin OR white OR Caucasian AND "County
       Parole and Alternative Custody" OR CPAC OR "Sheriff's Parole" or "work
       furlough"

81.

82.

83.

84.

85.    (dunsmore OR andrade OR archuleta OR (james /3 clark) OR (anthony /3
       edwards) OR landers OR (reanna /3 levy) OR (josue /3 lopez) OR ((chris OR
       christopher) /3 nelson) OR norwood OR olivares OR sepulveda OR (michael /3
       taylor) OR zoerner OR grubbs) (without Baranic or Kamphoefner and Heidi
       Williams and Susan Coleman and Elizabeth Pappy and legal affairs)

**Ex. L-183**

86.  rbgg OR DRC (without Baranic or Kamphoefner and Heidi Williams and Susan
     Coleman and Elizabeth Pappy and legal affairs)

# EXHIBIT M

## Defendants' Revised ESI Search Terms

### November 29, 2023

1.

2.  "sick call" – run for Jon Montgomery, Serina Roglien-Hood and Melissa Quiroz, only.

3.  MAT and medical – hold off for now for clarification from Plaintiffs counsel

4.

5.

6.

7.

8.

9.

10.

11. lockdown and prescri~ - run for Jon Montgomery, Serina Roglien-Hood and Melissa Quiroz, only

12.

13. "medical overflow" OR "med overflow"

14.

15.

16.

17.

18.

19.

20. Naphcare /10 (polic~ OR procedure OR approv~) – run for Serina Roglien-Hood, only

**Ex. M-186**

21.

22.

23.

24.

25.

26.

27.

28.

29.

30.

31.

32.    fentanyl and jail OR contraband and jail OR smuggl~ and jail – run for Shane
       Watts, Dorothy Patterson, and Christina Ralph, only.

33.    overdose~ and jail OR OD~ and jail OR poison~ and jail – run for Serina
       Rognlien-Hood and John Montgomery, only.

34.    drug~ and jail OR heroin~ and jail OR opiate~ and jail OR opioid~ and jail OR
       fentanyl~ and jail OR meth~ and jail OR crystal~ and jail OR oxy~ and jail OR
       alcohol~ and jail – run for Shane Watts, Dorothy Patterson, and Christina Ralph,
       only.

35.    pocket and jail OR thunderdome and jail

36.

37.

38.

39.    bodyscan

40.    misclassif~ and jail

**Ex. M-187**

41. (video and jail OR camera and jail OR audio and jail OR intercom and jail OR (call /5 button)) – run for Dorothy Patterson, Sonia Manning, Joseph Navarro, Kyle Bibel, Rodrick Smith, Tonya Benjamin, and Scott Bennett, only.

42.

43.

44. "code of silence" and jail

45.

46.

47. retaliat~ and jail

48.

49.

50.

51.

52.

53.

54.

55. spider~ and jail OR roach~ and jail OR cockroach~ and jail OR rat~ and jail OR mouse~ and jail OR vermin and jail OR bug~ and jail OR scabies and jail OR lice and jail OR worm and jail OR maggot and jail - run for Dorothy Patterson, Sonia Manning, Joseph Navarro, Kyle Bibel, Rodrick Smith, Tonya Benjamin, and Scott Bennett, only.

56. bite~ and jail OR bitten and jail – run for Serina Rognlien-Hood and Sheriff Martinez, only.

57. mold~ and jail OR asbestos and jail - run for Dorothy Patterson, Sonia Manning, Joseph Navarro, Kyle Bibel, Rodrick Smith, Tonya Benjamin, and Scott Bennett, only.

58. (feces OR defecat~ OR shit OR poop OR crap OR pee OR piss OR urine OR soil~) and jail /20 (smear~ OR stain~ OR soak~ OR drench~ OR wet~ OR dirt~)

**Ex. M-188**

59. trash~ and jail - run for Dorothy Patterson, Sonia Manning, Joseph Navarro, Kyle Bibel, Rodrick Smith, Tonya Benjamin, and Serina Rognlien-Hood, only.

60. gimp~ OR crippl~ and jail

61.

62.

63.

64.

65. help /10 (read~ OR write~) and jail

66.

67. triple /5 (bunk OR bed OR cell)

68.

69.

70.

71.

72. library and jail OR "pro per" and jail OR "pro se" and jail - run for Patricia Ceballos, Rebecca Cardenas, Dorothy Patterson, Sonia Manning, Joseph Navarro, Kyle Bibel, Rodrick Smith, and Tonya Benjamin, only.

73. (lawyer OR attorney) and jail (without Baranic or Kamphoefner or Heidi Williams or Nina Mascardo or Christine Lawyer or Legal Discovery Inbox) – run for Jovin Adamos, Car Darnell, Scott Bennett, Dorothy Patterson, Gloria Soto-Meza, Joseph Navarro, Katherine Hernandez, Kelly Buchanan, Kyle Bibel, Livian Cole, Ofelia Rodriguez, Patricia Ceballos, Rebecca Cardenas, Rex Padilla, Rodrick Smith, Shane Watts, Sonia Manning, Stefan Kopchak, and Tonya Benjamin, only.

74. legal and jail /5 (papers OR mail OR fil!) (without Baranic or Kamphoefner or Heidi Williams or Nina Mascardo or Christine Lawyer or Legal Discovery Inbox)

75.

76.

**Ex. M-189**

77.  ((pro~ /3 visit) /20 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~) and jail

78.

79.

80.  black OR mexic OR hispan OR latin OR white OR Caucasian AND "County Parole and Alternative Custody" OR CPAC [we could offer to add OR "Sheriff's Parole"] – run for Kelly Buchanan, Carl Darnell, Kenneth Jones, and Christina Ralph, only.

81.

82.

83.

84.

85.  (dunsmore OR andrade OR archuleta OR (james /3 clark) OR (anthony /3 edwards) OR landers OR (reanna /3 levy) OR (josue /3 lopez) OR ((chris OR christopher) /3 nelson) OR norwood OR olivares OR sepulveda OR (michael /3 taylor) OR zoerner OR grubbs) (without Baranic or Kamphoefner or Heidi Williams or Nina Mascardo or Christine Lawyer or Legal Discovery Inboxand Susan Coleman and Elizabeth Pappy) – run without "dunsmore"

86.  rbgg OR DRC (without Baranic or Kamphoefner or Heidi Williams or Nina Mascardo or Christine Lawyer or Legal Discovery Inbox and Susan Coleman and Elizabeth Pappy)

**Ex. M-190**

# EXHIBIT N

## Hannah Chartoff

**From:** Hannah Chartoff
**Sent:** Wednesday, November 29, 2023 3:31 PM
**To:** Pappy, Elizabeth M.
**Cc:** Van Swearingen
**Subject:** RE: Dunsmore v. COSD:  Updated ESI search term and custodian lists [IMAN-DMS.FID55015]

All Sheriff's staff on Defendants' custodian list dated 11/27/23, plus Matthew Moser (who was on Plaintiffs' original list).

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, November 29, 2023 3:26 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>
**Subject:** RE: Dunsmore v. COSD: Updated ESI search term and custodian lists [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

When you say "SHERIFF ONLY" do you mean Sheriff Kelly Martinez and former Sheriff Gore, or all Sheriff's staff on your original list?

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Wednesday, November 29, 2023 3:23 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>
**Subject:** RE: Dunsmore v. COSD: Updated ESI search term and custodian lists [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

Please see Plaintiffs' revised search term proposal in advance of the call.

Thanks,
Hannah

Ex. N-192

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, November 29, 2023 2:50 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>
**Subject:** Dunsmore v. COSD: Updated ESI search term and custodian lists

[EXTERNAL MESSAGE NOTICE]

Attached are the most recent versions per continuing searches and refining by defendants.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

Ex. N-193

# EXHIBIT O

## Plaintiffs' Revised ESI Search Terms

### November 29, 2023

1.    [SHERIFF ONLY]: (medical OR mental OR dental OR healthcare OR health OR triage OR "face-to-face" OR "face to face" OR MH OR wellness OR optometrist OR optometry OR (prescri~ /5 glasses)) /5 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~)

2.    [SHERIFF ONLY]: "sick call" /5 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~ OR complain~ OR response OR respond~)

3.    [SHERIFF, Fletcher]: MAT OR "medication assisted treatment"

4.

5.    [SHERIFF ONLY]: understaff~ OR (under /3 staff) OR shortstaff~ OR (short /3 staff) OR furlough~

6.    [SHERIFF ONLY]: (overtime OR (over /3 time)) /3 mandatory

7.

8.    [SHERIFF ONLY]: (intake OR screening OR screened) /5 (rush~ OR skip~ OR miss~ OR wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~)

9.

10.   [SHERIFF ONLY]:  ((continu~ /3 care) OR ((request OR ask OR need) /3 (refill OR re-fill OR fill)) AND (prescrib~ OR prescript~ OR medication OR meds)

11.   [SHERIFF ONLY]: (lockdown OR lock-down OR (lock /3 down)) /20 (medic~ OR meds OR pill OR prescript~)[SHERIFF ONLY]: "medical overflow" OR "med overflow"

12.   [SHERIFF ONLY]: (refer~ OR specialist OR outpatient OR (outside /3 med~) OR hospital) /5 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~ OR complain~)

13.   [SHERIFF ONLY]:  discharg~ /3 (plan~ OR med~ OR prescri~)

14.   [SHERIFF ONLY]:  (extreme pain) /3 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR delay~)

Ex. O-195

15.

16.

17.

18.

19.

20.    [SHERIFF, COUNTY]: Naphcare /10 (polic~ OR procedure OR approv~)

21.    [SHERIFF ONLY]:  (kill~ OR murder~ OR hit~ OR punch~ OR cut~ OR stab~
       OR beat~) /3 (cellie OR cellmate OR "cell mate" OR pocket OR thunderdome)

22.    [SHERIFF ONLY]:  hang~ OR suicide~ OR noose

23.

24.

25.

26.    [SHERIFF ONLY]:  semiconfidential OR "semi-confidential" OR "semi
       confidential"

27.

28.

29.    [SHERIFF ONLY]:  "treatment  plan"

30.

31.

32.    [SHERIFF, Fletcher]:  (fentanyl OR contraband OR drugs) /2 smuggl~)

33.    [SHERIFF ONLY]:  (overdose~ OR OD) /5 (help OR emergency)

34.

35.

36.    [SHERIFF ONLY]:  (inmate /3 lover~)

37.

38.

39.    [SHERIFF ONLY]:  scan /5 fail~

40.    [SHERIFF ONLY]:  misclassif~

41.    [SHERIFF ONLY]:  (video OR camera OR audio OR intercom OR (call /5 button)) /5 (help OR emergency OR fight OR hurt OR mandown OR "man down")

42.    [SHERIFF ONLY]:  ((safety /2 check~) OR "11-53") /5 (wait~ OR delay~ OR slow~ OR miss~ OR skip~)

43.    [SHERIFF ONLY]:  bypass~ OR (by /3 pass~)

44.    [SHERIFF ONLY]:  "code of silence"

45.

46.

47.    [SHERIFF ONLY]: retaliat~

48.    [SHERIFF ONLY]:  fail~ /2 report

49.

50.

51.

52.

53.

54.    [SHERIFF ONLY]:  snitch~

55.    [SHERIFF ONLY]:  (spider~ OR roach~ OR cockroach~ OR rat~ OR mouse~ OR vermin OR bug~ OR scabies OR lice OR worm OR maggot OR mold) AND (jail OR facility OR central OR SDCJ OR bailey OR GBDF or "south bay" OR SBDF OR "las colinas" OR LCDRF OR LCDF OR "rock mountain" OR RMDF OR vista OR VDF OR "east mesa" OR EMRF)

56.

57.

58.  [SHERIFF ONLY]:  (feces OR defecat~ OR shit OR poop OR crap OR pee OR piss OR urine OR soil~) /5 (smear~ OR stain~)

59.

60.  [SHERIFF ONLY]:  gimp~ OR crippl~

61.

62.

63.  [SHERIFF ONLY]:  (reasonable /2 (accommodat~ OR modif~)) AND (jail OR facility OR central OR SDCJ OR bailey OR GBDF or "south bay" OR SBDF OR "las colinas" OR LCDRF OR LCDF OR "rock mountain" OR RMDF OR vista OR VDF OR "east mesa" OR EMRF)

64.

65.  [SHERIFF ONLY]:  help /3 (read~ OR write~)

66.

67.  [SHERIFF ONLY]:  triple /3 (bunk OR bed OR cell) /5 (ADA OR disability OR disabled)

68.

69.

70.

71.  [SHERIFF ONLY]:  "root canal" OR filling~ /20 (tooth OR teeth OR gum OR jaw))

72.  [SHERIFF ONLY]:  (legal or law /2 library) AND (jail OR facility OR central OR SDCJ OR bailey OR GBDF or "south bay" OR SBDF OR "las colinas" OR LCDRF OR LCDF OR "rock mountain" OR RMDF OR vista OR VDF OR "east mesa" OR EMRF)

73.  [SHERIFF ONLY]:  ((lawyer OR attorney) /5 (grievance OR complaint OR complaint) AND (jail OR facility OR central OR SDCJ OR bailey OR GBDF or "south bay" OR SBDF OR "las colinas" OR LCDRF OR LCDF OR "rock mountain" OR RMDF OR vista OR VDF OR "east mesa" OR EMRF)) (without Baranic or Kamphoefner and Heidi Williams and legal affairs)

74.

**Ex. O-198**

75.

76.

77.    [SHERIFF ONLY]:  ((pro~ /3 visit) /5 (wait~ OR (back~ /3 up) OR backup~ OR
       backlog~ OR (back~ /3 log~) OR delay~ OR slow~)

78.

79.    [SHERIFF ONLY]:  record~ /5 (call~ OR visit~ OR meet~) /10 (pro~ OR attorney
       OR legal OR confidential OR privilege~)

80.

81.    [PROBATION]:  ("correctional offender management profiling for alternative
       sanctions" OR COMPAS OR CAPA OR "California pretrial assessment") /20
       (discrimin~ OR disproportionat~ OR dispar~)

82.    [SHERIFF ONLY]:  nigger~ OR nigga~ OR negro~ OR muslim~ OR moslem~
       OR spic~ OR spik~

83.    [SHERIFF ONLY]:  gay~ OR fag~ OR queer~ OR homo~ OR trans~ OR trann~

84.

85.    [ALL]: ((darryl /2 dunsmore) OR (andre /2 andrade) OR (ernest /2 archuleta) OR
       (james /2 clark) OR (anthony /2 edwards) OR (lisa /2 landers) OR (reanna /2 levy)
       OR (josue /2 lopez) OR ((chris OR christopher) /2 nelson) OR ((chris OR
       christopher) /2 norwood) OR (jesse /2 olivares) OR (gustavo /2 sepulveda) OR
       (michael /3 taylor) OR (laura /2 zoerner) OR (laura /2 grubbs)) (without Baranic
       or Kamphoefner and Heidi Williams and Susan Coleman and Elizabeth Pappy and
       legal affairs)

86.

# EXHIBIT P

Ex. P-200

## **Defendants' Revised ESI Search Terms**

### **December 4, 2023**

1.   Prescrip~ /5 glass - Jon Montgomery, Serina Roglien-Hood

2.   "sick call" /5 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~ OR complain~ OR response OR respond~) – Jon Montgomery, Serina Roglien-Hood and Melissa Quiroz, only.

3.   ("MAT" OR "medication assisted treatment") AND ▓▓▓▓▓▓▓ – Jon Montgomery, Serina Roglien-Hood and Melissa Quiroz, only.

4.

5.   understaff~ OR (under /3 staff) OR shortstaff~ OR (short /3 staff) OR furlough~ - Theresa Adams, only

6.   [Producing Chronos (actual overtime) information instead of emails]

7.

8.

9.

10.   ((continu~ /3 care) OR ((request OR ask OR need) /3 (refill OR re-fill OR fill)) AND (prescrib~ OR prescript~ OR medication OR meds) - Serina Roglien-Hood and Melissa Quiroz, only.

11.   lockdown OR lock-down OR (lock /3 down)) /20 (medic~ OR meds OR pill OR prescript~ - Serina Roglien-Hood and Melissa Quiroz, only

12.   specialist OR outpatient OR hospital /5 (wait~ OR backup~ OR backlog~ OR delay~ OR slow~ OR complain~) - Jon Montgomery, Serina Roglien-Hood and Melissa Quiroz, only

13.   "medical overflow" OR "med overflow"

14.

15.   discharg~ /3 (plan~ OR prescri~) - Jon Montgomery, Serina Roglien-Hood and Melissa Quiroz, only

16.

**Ex. P-201**

17.  (extreme pain) /3 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR delay~)
     Jon Montgomery and Serina Roglien-Hood, only

18.

19.

20.  Naphcare /10 (polic~ OR procedure OR approv~) – Serina Roglien-Hood, only

21.

22.

23.

24.

25.

26.

27.

28.

29.

30.

31.

32.  fentanyl and jail OR contraband and jail OR smuggl~ and jail – Shane Watts,
     Dorothy Patterson, and Christina Ralph, only.

33.  (overdose~ OR OD) /5 (help OR emergency) – Serina Rognlien-Hood and John
     Montgomery, only.

34.

35.  thunderdome AND jail

36.  inmate /3 lover~

37.

38.

39.    bodyscan

40.    misclassif~ and jail

41.    [jail AND (video OR camera OR audio OR intercom OR (call /5 button)) /5 (help OR emergency OR fight OR hurt OR mandown OR "man down")] - Dorothy Patterson, Sonia Manning, Joseph Navarro, Kyle Bibel, Rodrick Smith, Tonya Benjamin, and Scott Bennett, only.

42.

43.

44.    "code of silence" and jail

45.

46.

47.    retaliat~ and jail

48.

49.

50.

51.

52.

53.

54.

55.    (roach~ OR cockroach~ OR rat~ OR mouse~ OR vermin OR scabies OR lice OR worm OR maggot OR mold) AND (jail OR central OR SDCJ OR bailey OR GBDF or "south bay" OR SBDF OR "las colinas" OR LCDRF OR LCDF OR "rock mountain" OR RMDF OR vista OR VDF OR "east mesa" OR EMRF) - run for Dorothy Patterson, Sonia Manning, Joseph Navarro, Kyle Bibel, Rodrick Smith, Tonya Benjamin, and Scott Bennett, only.

56.

57.

58.    (feces OR defecat~ OR shit OR poop OR crap OR pee OR piss OR urine OR soil~) /5 (smear~ OR stain~ )

59.

60.    gimp~ OR crippl~ and jail

61.

62.

63.

64.

65.    help /3 (read~ OR write~)

66.

67.    triple /3 (bunk OR bed OR cell) /5 (ADA OR disability OR disabled)

68.

69.

70.

71.    "root canal" OR filling~ /20 (tooth OR teeth OR gum OR jaw)) – Serina Rognlien-Hood and John Montgomery, only.

72.    ("incarcerated person" OR "ip") AND (legal or law /2 library) AND (jail OR facility OR central OR SDCJ OR bailey OR GBDF or "south bay" OR SBDF OR "las colinas" OR LCDRF OR LCDF OR "rock mountain" OR RMDF OR vista OR VDF OR "east mesa" OR EMRF - Patricia Ceballos, Rebecca Cardenas, Dorothy Patterson, Sonia Manning, Joseph Navarro, Kyle Bibel, Rodrick Smith, and Tonya Benjamin, only.

73.    (lawyer OR attorney) /5 (grievance OR complaint OR complaint) AND (jail OR facility OR central OR SDCJ OR bailey OR GBDF or "south bay" OR SBDF OR "las colinas" OR LCDRF OR LCDF OR "rock mountain" OR RMDF OR vista OR VDF OR "east mesa" OR EMRF) (without Baranic or Kamphoefner or Heidi Williams or Nina Mascardo or Christine Lawyer or Legal Discovery Inbox) – Jovin Adamos, Car Darnell, Scott Bennett, Dorothy Patterson, Gloria Soto-Meza, Joseph Navarro, Katherine Hernandez, Kelly Buchanan, Kyle Bibel, Livian Cole, Ofelia Rodriguez, Patricia Ceballos, Rebecca Cardenas, Rex Padilla, Rodrick Smith, Shane Watts, Sonia Manning, Stefan Kopchak, and Tonya Benjamin, only.

Ex. P-204

74.

75.

76.

77.   ((pro~ /3 visit) /5 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~)

78.

79.

80.

81.   [PROBATION]:  ("correctional offender management profiling for alternative sanctions" OR COMPAS OR CAPA OR "California pretrial assessment") /20 (discrimin~ OR disproportionat~ OR dispar~)

82.   nigger~ OR nigga~ OR negro~ OR muslim~ OR moslem~ OR spic~ OR spik~ AND (jail OR facility OR central OR SDCJ OR bailey OR GBDF or "south bay" OR SBDF OR "las colinas" OR LCDRF OR LCDF OR "rock mountain" OR RMDF OR vista OR VDF OR "east mesa" OR EMRF)- run for all custodians for July 1, 2023 - present

83.   gay~ OR fag~ OR queer~ OR homo~ OR transgender AND (jail OR facility OR central OR SDCJ OR bailey OR GBDF or "south bay" OR SBDF OR "las colinas" OR LCDRF OR LCDF OR "rock mountain" OR RMDF OR vista OR VDF OR "east mesa" OR EMRF) - run for all custodians on the custodian list for July 1, 2023 - present

84.

85.   ("Darryl dunsmore") OR ("andre andrade") OR ("ernest Archuleta") OR ("james clark") OR ("anthony Edwards") OR ("lisa landers") OR ("reanna levy") OR ("josue lopez") OR ("chris nelson") OR ("christopher nelson") OR ("chris Norwood") OR ("Christopher norwood")  OR ("jesse Olivares") OR ("gustavo sepulveda") OR ("michael taylor") OR ("laura zoerner") OR ("laura grubbs") (without Baranic or Kamphoefner or Heidi Williams or Nina Mascardo or Christine Lawyer or Legal Discovery Inbox and Susan Coleman and Elizabeth Pappy) – run without "Darryl Dunsmore"

86.

# EXHIBIT Q

| | |
|---|---|
| **From:** | Van Swearingen |
| **To:** | Pappy, Elizabeth M.; Hannah Chartoff |
| **Cc:** | Gay C. Grunfeld |
| **Subject:** | RE: Dunsmore v. COSD: Updated ESI Search Terms list [IMAN-DMS.FID55015] |
| **Date:** | Wednesday, December 6, 2023 4:53:07 PM |

We understand that the search terms that we provided results in a large number of hits and want to work to narrow the requests.  We agree that the point of narrowing search terms is to cut down the number of hits, and our most recent proposal substantially narrowed the terms and connectors for the purpose of decreasing the number of hits.  But we cannot make informed choices about further narrowing without evaluating the number of unique hits.  It is for this reason that we have requested and re-request to the hit lists.  Our concern is that if you use the search terms and custodians that Defendants propose, it will not yield ESI relevant to the claims in the TAC.  You contend that Defendants have successfully narrowed the searches as they deem appropriate, but you have done so in a one-sided manner that shields important information from Plaintiffs.

Thank you for your clarifying remarks about Teams and texts.  I understand that MS Teams generally saves content.  Do Defendants have a policy of routinely or automatically deleting the Teams chats?  As to texts, we request that they be included in the ESI search.  Methods of electronic communication that are used as a matter of course are extremely likely to yield relevant ESI.  We gave you an example of Jail personnel communicating by texts or chats in an emergency solely as one example among many reasons why staff would communicate via text or chat.  Why is it implausible that a deputy would communicate by text or Teams about an emergency?  You have not provided any information about how deputies use text and Teams.  We anticipate that Jail personnel use these forms of communication to (among other things and not limited to) communicating about medical, mental health, and dental treatment and decisions; housing placements; emergencies; incidents that would typically be documented, such as fights and suicide attempts; and discussions of individual's behaviors.  Please let us know how deputies and other Jail personnel use text, Teams, and any other method of electronic communication (other than email) for work purposes.  Doing so will provide the parties with equal information about how likely a particular form of communication will result in relevant ESI.

We have told you that it is important to include deputies in ESI searches because the issues that they discuss are different in nature than the issues that may be found in the ESI of the person at the top of the organizational chart.  Deputies' communications will include discussions solely between deputies, discussions between deputies and medical staff, and discussions between deputies and mid-level staff.  Many of these discussions will be about routine and real-time medical and custody decisions.  We do not understand your contention that the top-level supervisor's ESI will contain "anything sent to a deputy."

As to drug interdiction, are the names we gave you in June incorrect as to the people who at one time led drug interdiction efforts?  Please let us know the people currently leading the jail efforts regarding drug interdiction and include them in the relevant searches for the time period post-dating their work on those teams.

Thank you,

**Ex. Q-207**

Van

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, December 5, 2023 7:39 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>
**Subject:** RE: Dunsmore v. COSD: Updated ESI Search Terms list [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

I got the new search terms off to the client.

The rest of your email misses the point. Your overbroad search terms are resulting in thousands of hits. 40,000 emails containing one of your search terms isn't proportional or appropriate under the Sedona principles. I suggest you read that case because it doesn't appear that you have based upon your continued belief that it is legally permissible to require my client to review hundreds of thousands of documents to find a needle in a haystack. Most Courts refer to your approach as a "fishing expedition".

The point of narrowing search terms is cut down the number of hits.

You are incorrect about what I said in our call about texts and Teams. Teams chats are not retained. Text may be used, as I said, but the example you gave me was a text or Teams message sent in an emergency, to which I responded that no deputy would ever send a text or log into Teams to communicate about an emergency! I have asked you many times not to "confirm" my statements as you interpret them. You get them wrong every time.

We have successfully narrowed the searches as the defense deems appropriate and responsive and in keeping with the Sedona principles. We will run your new terms for #3 and #41 and will further narrow as necessary and provide you with the final search terms and custodian list as ordered by the Court on Thursday.

You have yet to give me any good reason why we should add deputies back to the custodian list. The only reason given so far is to see what their supervisors send them. Given that the supervisor/custodians remain in the searches, anything sent to a deputy will be captured.

As to drug interdiction, the names you gave us last June are not the people currently leading the jail efforts regarding drug interdiction, so you are incorrect about their emails being important versus the policies, procedures and practices regarding the same, which you have asked for and will be getting as part of the PMK depositions.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333

**Ex. Q-208**

epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Tuesday, December 5, 2023 3:28 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Hannah Chartoff <HChartoff@rbgg.com>
**Subject:** RE: Dunsmore v. COSD: Updated ESI Search Terms list [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

Thanks for sending.  Plaintiffs do not agree that the revised terms and custodian lists are appropriate.  You have substantially deleted or changed searches in Plaintiffs' proposal—including by deleting some terms and adding others—without meeting and conferring or providing a unique hit count.  For example:

The search terms that Plaintiffs proposed and that you deleted would plausibly yield relevant ESI, and therefore should be included in Defendants' search.  By way of example, only:

- Plaintiffs drafted search term #21 to identify information related to violence within the Jail, in particular in areas known by incarcerated people to not be monitored by staff or video. Defendants deleted this search term entirely.
- Plaintiffs drafted search term #42 to identify information related to missed or delayed safety checks.  Defendants deleted this search term entirely.
- Plaintiffs drafted search term #43 to identify information related to "bypass" a practice that cannot be found in Defendants' policies and procedures but nevertheless exists as alleged in Plaintiffs' Third Amended Complaint.  Defendants deleted this search term entirely.

You have revised search terms in ways that will result in less relevant ESI being produced.  Plaintiffs' original search terms were likely to result in more relevant ESI than Defendants' revised search.  By way of example, only:

- Plaintiffs drafted search term #1 to identify information related to delays in medical care, including but not limited to delays in wellness checks, face to face appointments, and triage. Defendants' proposed replacement refers only to eyeglasses.
- Plaintiffs drafted search term #39 to identify failures of electronic scanners to identify contraband.  Defendants' proposed replacement refers generally to "bodyscan" which will likely include many ESI hits not related to "failures" of such scans.

**Ex. Q-209**

Similarly, for many requests you decided to limit the custodians to just one or few custodians. The deleted custodians will plausibly yield relevant ESI, and therefore should be included in Defendants' search. By way of example, only:

- Fred Hunting is a Senior Crime & Intelligence Analyst in the Detention Investigations Unit and submitted a declaration on the topic of drug interdiction in this matter. *See* Dkt. 153-7.
- Derek Williamson is a Detention Support Lieutenant and submitted a declaration on the topic of safety checks in this matter. *See* 153-13.

**Will you send a hit report of Defendants' and Plaintiffs' proposed terms and custodians so that we can compare?** Plaintiffs also understand that these searches will cover only emails, based on your representation at our meet and confer last week that Defendants' employees and officers do not communicate about work issues by text message or Microsoft Teams (or similar).

In response to your questions:

- For #3, we suggest: ("MAT" OR "medication assisted treatment") /20 (community OR prescr~ OR eligib~ OR deny OR denied OR wait~ OR limit~)
- For #41, we suggest: ((video or camera OR audio OR intercom OR (call /5 button)) /5 (help OR emergency OR fight OR hurt OR mandown OR "man down")) AND (delay~ OR "could not" OR wait~ OR mute~ OR silen~)

We agree to remove Det. Moser from the custodian list. We would like to include at least some deputies, in particular: Christopher Luther, Justin Randall, Erwan Quenaon, and Jenna Bischler. Deputies are likely to communicate between medical and custody staff more frequently and in a manner not captured in ESI solely in the possession of people at the top of the organizational chart, like Dr. Montgomery.

Thank you,
Van

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, December 4, 2023 4:02 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Subject:** Dunsmore v. COSD: Updated ESI Search Terms list

[EXTERNAL MESSAGE NOTICE]

We need additional narrowing language from Plaintiffs for two items.

#3 needs an "AND" term to narrow it. You have never identified what information Plaintiffs are looking for with regard to MAT so we need your input on the appropriate AND term(s).

As to #41, there are 37,000 hits and it needs to be narrowed. Again, you have never identified what information Plaintiffs are looking for regarding the videos, cameras and intercoms so we need suggested limiting language.

**Ex. Q-210**

I have attached a redline comparing the current version to what you sent on 11/29, and an unchanged but newly dated Custodian list. We have heard nothing about Det. Moser so we will assume you are withdrawing the request to include him as a custodian.

Searches are being run as to all custodians on the attached list except where otherwise indicated in the search term list.

For #85, there were no hits for the named plaintiffs when removing Darryl Dunsmore. This indicates to us that all the documents with "dunsmore" are litigation related. We consider the search under #85 complete given that you have all of Mr. Dunsmore's medical and custody files and have ready access to him whenever you want.

Please get back to us about the two items above and we will continue to keep you informed of our continued process in narrowing the scope of documents/conducting searches.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**Ex. Q-211**

# EXHIBIT R

## Final ESI Search Terms

### December 7, 2023

1.    Prescrip~ /5 glass - Jon Montgomery, Serina Roglien-Hood only

2.    "sick call" /5 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~ OR complain~ OR response OR respond~) – Jon Montgomery, Serina Roglien-Hood and Melissa Quiroz, only.

3.    ("MAT" OR "medication assisted treatment") /20 (community OR prescr~ OR eligib~ OR deny OR denied OR wait~ OR limit~) – Jon Montgomery, Serina Roglien-Hood, only from January 1, 2023 to present.

4.

5.    understaff~ OR (under /3 staff) OR shortstaff~ OR (short /3 staff) OR furlough~ - Theresa Adams, only

6.    [Producing Chronos (actual overtime) information instead of emails]

7.

8.

9.

10.   ((continu~ /3 care) OR ((request OR ask OR need) /3 (refill OR re-fill OR fill)) AND (prescrib~ OR prescript~ OR medication OR meds) - Serina Roglien-Hood and Melissa Quiroz, only.

11.   lockdown OR lock-down OR (lock /3 down)) /20 (medic~ OR meds OR pill OR prescript~ - Serina Roglien-Hood and Melissa Quiroz, only

12.   refer~ AND specialist OR outpatient OR hospital /5 (backup~ OR backlog~ OR delay~) - Jon Montgomery, Serina Roglien-Hood and Melissa Quiroz, only; June 1, 2023 to present

13.   "medical overflow" OR "med overflow"

14.

15.   discharg~ /3 (plan~ OR prescri~) - Jon Montgomery, Serina Roglien-Hood and Melissa Quiroz, only; June 1, 2023 to present

16.

[4311364.2]

**Ex. R-213**

17.    (extreme pain) /3 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR delay~)
Jon Montgomery and Serina Roglien-Hood, only

18.

19.

20.    Naphcare /10 (polic~ OR procedure OR approv~) – Serina Roglien-Hood, only

21.

22.

23.

24.

25.

26.

27.

28.

29.

30.

31.

32.    fentanyl and jail OR contraband and jail OR smuggl~ and jail – Shane Watts,
Dorothy Patterson, and Christina Ralph, only.

33.    (overdose~ OR OD) /5 (help OR emergency) – Serina Rognlien-Hood and John
Montgomery, only.

34.

35.    thunderdome AND jail

36.    inmate /3 lover~

37.

38.

39.     bodyscan

40.     misclassif~ and jail

41.     ((video OR camera OR audio OR intercom OR (call /5 button)) /5 (help OR
        emergency OR fight OR hurt OR mandown OR "man down")) AND (delay~ OR
        "could not" OR wait~ OR mute~ OR silen~) - Dorothy Patterson, Sonia Manning,
        Joseph Navarro, Kyle Bibel, Rodrick Smith, Tonya Benjamin, and Scott Bennett,
        only from January 1, 2023 to present.

42.

43.

44.     "code of silence" and jail

45.

46.

47.     retaliat~ and jail

48.

49.

50.

51.

52.

53.

54.

55.     (roach~ OR cockroach~ OR rat~ OR mouse~ OR vermin OR scabies OR lice OR
        worm OR maggot OR mold) AND (jail OR central OR SDCJ OR bailey OR
        GBDF or "south bay" OR SBDF OR "las colinas" OR LCDRF OR LCDF OR
        "rock mountain" OR RMDF OR vista OR VDF OR "east mesa" OR EMRF) - run
        for Dorothy Patterson, Sonia Manning, Joseph Navarro, Kyle Bibel, Rodrick
        Smith, Tonya Benjamin, and Scott Bennett, only; June 1, 2023 to present only.

56.

57.

**Ex. R-215**

58. (feces OR defecat~ OR shit OR poop OR crap OR pee OR piss OR urine OR soil~) /5 (smear~ OR stain~ )

59.

60. gimp~ OR crippl~ and jail

61.

62.

63.

64.

65. help /3 (read~ OR write~)

66.

67. triple /3 (bunk OR bed OR cell) /5 (ADA OR disability OR disabled)

68.

69.

70.

71. "root canal" OR filling~ /20 (tooth OR teeth OR gum OR jaw)) – Serina Rognlien-Hood and John Montgomery, only.

72. ("incarcerated person" OR "ip") AND (legal or law /2 library) AND (jail OR facility OR central OR SDCJ OR bailey OR GBDF or "south bay" OR SBDF OR "las colinas" OR LCDRF OR LCDF OR "rock mountain" OR RMDF OR vista OR VDF OR "east mesa" OR EMRF - Patricia Ceballos, Rebecca Cardenas, Dorothy Patterson, Sonia Manning, Joseph Navarro, Kyle Bibel, Rodrick Smith, and Tonya Benjamin, only.

73. (lawyer OR attorney) /5 (grievance OR complaint OR complaint) AND (jail OR facility OR central OR SDCJ OR bailey OR GBDF or "south bay" OR SBDF OR "las colinas" OR LCDRF OR LCDF OR "rock mountain" OR RMDF OR vista OR VDF OR "east mesa" OR EMRF) (without Baranic or Kamphoefner or Heidi Williams or Nina Mascardo or Christine Lawyer or Legal Discovery Inbox) – Jovin Adamos, Car Darnell, Scott Bennett, Dorothy Patterson, Gloria Soto-Meza, Joseph Navarro, Katherine Hernandez, Kelly Buchanan, Kyle Bibel, Livian Cole, Ofelia Rodriguez, Patricia Ceballos, Rebecca Cardenas, Rex Padilla, Rodrick Smith, Shane Watts, Sonia Manning, Stefan Kopchak, and Tonya Benjamin, only.

74.

75.

76.

77. ((pro~ /3 visit) /5 (wait~ OR (back~ /3 up) OR backup~ OR backlog~ OR (back~ /3 log~) OR delay~ OR slow~)

78.

79.

80.

81. [PROBATION]: ("correctional offender management profiling for alternative sanctions" OR COMPAS OR CAPA OR "California pretrial assessment") /20 (discrimin~ OR disproportionat~ OR dispar~)

82. nigger~ OR nigga~ OR negro~ OR muslim~ OR moslem~ OR spic~ OR spik~ AND (jail OR facility OR central OR SDCJ OR bailey OR GBDF or "south bay" OR SBDF OR "las colinas" OR LCDRF OR LCDF OR "rock mountain" OR RMDF OR vista OR VDF OR "east mesa" OR EMRF)- run for all custodians for July 1, 2023 - present

83. gay~ OR fag~ OR queer~ OR homo~ OR transgender AND (jail OR facility OR central OR SDCJ OR bailey OR GBDF or "south bay" OR SBDF OR "las colinas" OR LCDRF OR LCDF OR "rock mountain" OR RMDF OR vista OR VDF OR "east mesa" OR EMRF) - run for all custodians on the custodian list for July 1, 2023 - present

84.

85. ("Darryl dunsmore") OR ("andre andrade") OR ("ernest Archuleta") OR ("james clark") OR ("anthony Edwards") OR ("lisa landers") OR ("reanna levy") OR ("josue lopez") OR ("chris nelson") OR ("christopher nelson") OR ("chris Norwood") OR ("Christopher norwood")  OR ("jesse Olivares") OR ("gustavo sepulveda") OR ("michael taylor") OR ("laura zoerner") OR ("laura grubbs") (without Baranic or Kamphoefner or Heidi Williams or Nina Mascardo or Christine Lawyer or Legal Discovery Inbox and Susan Coleman and Elizabeth Pappy) – run without "Darryl Dunsmore" by Sheriff's and with "Darryl Dunsmore" in Probation.

86.

Ex. R-217

Notes:  All custodians in Sheriff's were run for all terms from 1-80 and 82-86 unless otherwise noted.  All dates were run from January 1, 2021 to present unless otherwise noted.  Only emails (exchange) were run in Sheriff's.  Drives U:\\ and V:\\ contain 100 TB's of information and were not searched after the original list of both custodians and search terms were run. Only terms 81 and 85 were run by/applicable to Probation in both email (exchange) and PCMS.

**Ex. R-218**

# EXHIBIT S

## <u>Defendants' Revised Custodian List</u>

### As of December 7, 2023

**I.    San Diego County Sheriff's Department**

    1.    Kelly Martinez

    2.    Anthony Ray

    3.    Bill Gore

    4.    Rich Williams

    5.    Theresa Adams-Hydar

    6.

    7.    Frank Motley

    8.    Christina Bavencoff

    9.    Ken Jones

    10.    Chris Buchanan

    11.    Kyle Bibel

    12.    Jon Montgomery

    13.    Rebecca Cardenas

    14.    Darren Scott Bennett

    15.

    16.

    17.

    18.    Patricia Ceballos

    19.

    20.

    21.

[4309972.2]

**Ex. S-220**

22.

23.     Lt. Livian Cole

24.     Carl Darnell

25.

26.     Melissa Quiroz

27.     Ofelia Rodriguez

28.

29.

30.

31.

32.     Captain J. Adamos

33.

34.     Brandy Rafail

35.     Serina Rognlien-Hood

36.     Rex Padilla

37.

38.

39.

40.     Stefan Kopchak

41.     Sonia Manning

42.     Joe Navarro

43.     Rod Smith

44.     Dorothy Patterson

45.     Tonya Benjamin

[4309972.2]

**Ex. S-221**

46.

47.    Roberto Martinez

48.    Shane Watts

49.    Kathy Hernandez

50.    Gloria Soto-Meza

51.

52.    Kelly Buchanan

53.

54.

55.

56.

57.

58.

## II.    San Diego County Probation Department

1.    Tamika Nelson

2.    Denise Huffhines

3.    David Joralemon

4.    Abigail Torres

5.    Karna Lau

## III.    County of San Diego

1.

2.

3.

4.

**Ex. S-222**

5.

6.

7.

8.

9.

10.

11.

12.

13.

**Ex. S-223**

# EXHIBIT T

1  Susan E. Coleman (SBN 171832)
   E-mail: scoleman@bwslaw.com
2  BURKE, WILLIAMS & SORENSEN, LLP
   501 West Broadway, Suite 1600,
3  San Diego, CA 92101-8474
   Tel: 619.814.5800     Fax: 619.814.6799
4
5  Elizabeth M. Pappy (SBN 157069)
   E-mail: epappy@bwslaw.com
6  BURKE, WILLIAMS & SORENSEN, LLP
   60 South Market Street, Ste. 1000
7  San Jose, CA 95113-2336
   Tel: 408.606.6300     Fax: 408.606.6333
8  Attorneys for Defendants
   COUNTY OF SAN DIEGO, SAN DIEGO
9  COUNTY SHERIFF'S DEPARTMENT and
   SAN DIEGO COUNTY PROBATION DEPARTMENT
10

11                UNITED STATES DISTRICT COURT

12               SOUTHERN DISTRICT OF CALIFORNIA

13

14 DARRYL DUNSMORE, et.al.,          Case No. 3:20-cv-00406-AJB-DDL

15              Plaintiffs,           **DEFENDANTS' RESPONSES TO
                                      REQUESTS FOR PRODUCTION,**
16      v.                            **(SET THREE)**

17 SAN DIEGO COUNTY SHERIFF'S
   DEPARTMENT, et.al.,
18
                Defendants.
19

20

21 PROPOUNDING PARTY:  PLAINTIFFS

22 RESPONDING PARTY:     Defendants SAN DIEGO COUNTY SHERIFF'S
                         DEPARTMENT, COUNTY OF SAN DIEGO, SAN
23                       DIEGO COUNTY PROBATION DEPARTMENT

24

25 SET NO.:              THREE (3)

26

27       Defendant San Diego County Sheriff's Department, County of San Diego,

28 and San Diego County Probation Department, hereby respond to Plaintiffs' Request

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

                        1              Case No. 3:20-cv-00406-AJB-DDL
                                       DEFENDANTS' RESPONSES TO REQUESTS
                                       FOR PRODUCTION, SET THREE

**Ex. T-225**

1    for Production of Documents, Set Three, as follows:

2          Investigation and discovery by defendants is still continuing and is not yet

3    complete. In responding to this request for production, defendants provide such

4    information as is presently available.  Each answer is subject to all appropriate

5    objections (including, but not limited to objections concerning competency,

6    relevancy, materiality, propriety, privilege and admissibility) which would require

7    exclusion of any statement herein if the production demand were asked of, or any

8    statement contained herein were made by, a witness present and testifying in

9    court.  Also, objections and grounds are reserved or may be interposed at the time of

10   trial.

11         Except for explicit facts admitted herein, no admissions of any nature

12   whatsoever are implied or should be inferred.  Finally, because some of these

13   responses may have been ascertained by defendant's attorneys and investigators,

14   defendants may not have personal knowledge of the information from which such

15   responses were derived.

16         This preliminary statement is incorporated into each of the responses set forth

17   below.   Defendants' investigation of this matter is continuing and they, accordingly,

18   reserve the right to update, or amend, this response as further and/or more specific

19   information is acquired and also reserve the right to supplement this response at a

20   later time.

21                **RESPONSES TO REQUESTS FOR PRODUCTION**

22   **REQUEST FOR PRODUCTION NO. 25:**

23         ALL CURRENT POLICIES AND PROCEDURES RELATING TO the

24   JAIL, including but not limited to ALL operations manuals and standard operating

25   procedures.

26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

27         Objection.  The request is overly broad and unduly burdensome and

28   duplicative of prior requests.  All policies and procedures relating to all facilities are

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

2                          Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE
**Ex. T-226**

1   not related to the subject matters pled in the Third Amended Complaint ("TAC")

2   and therefore not reasonably calculated to lead to the discovery of admissible

3   evidence.  Policies and procedures were previously requested and produced in

4   response to RFPOD #1- 4, 7, 9, and 10 as to Rock Mountain and San Diego Central

5   Jail ("SDCJ"), and RFPOD #2, Nos. 15, 16, 21, 22, and 24.  This request also seeks

6   information that is publicly available to the extent the Sheriff's Department policies

7   are available online.  Without waiving these objections, Defendants respond as

8   follows:

9       Defendants will respond upon narrowing to exclude what has already been

10  requested and provided and to specifically identify policies and procedures related

11  to the subject matters of the TAC.

12  **REQUEST FOR PRODUCTION NO. 26:**

13      ALL amendments to POLICIES AND PROCEDURES RELATING TO the

14  JAIL from January 1, 2021 to the present.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

16      Objection.  The request is overly broad and unduly burdensome and

17  duplicative of prior requests.  All policies and procedures relating to all facilities are

18  not related to the subject matters pled in the Third Amended Complaint ("TAC")

19  and therefore not reasonably calculated to lead to the discovery of admissible

20  evidence.  Policies and procedures were previously requested and produced in

21  response to RFPOD #1- 4, 7, 9, and 10 as to Rock Mountain and San Diego Central

22  Jail ("SDCJ"), and RFPOD #2, Nos. 15, 16, 21, 22, and 24.  This request also seeks

23  information that is publicly available to the extent the Sheriff's Department policies

24  are available online.  Without waiving these objections, Defendants respond as

25  follows:

26      Defendants will respond upon narrowing to exclude what has already been

27  requested and provided and to specifically identify policies and procedures related

28  to the subject matters of the TAC.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

3

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-227

1  **REQUEST FOR PRODUCTION NO. 27:**

2      ALL drafts of POLICIES AND PROCEDURES used or developed by

3  CONTRACTORS, including but not limited to NaphCare, Inc., from January 1,

4  2021 to the present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

6      Objection. This request is overly broad, unduly burdensome, and vague and

7  ambiguous in that it does not specify the subject matters nor does it narrow the

8  contractors, many of which are unrelated to the subjects raised in the TAC and thus

9  not reasonably calculated to lead to the discovery of admissible evidence.

10  Additionally, Defendants do not necessarily have access or control over drafts of

11  policies and procedures of their contractors. Without waiving such objections,

12  Defendants respond as follows:

13      Defendants are unaware of any such draft policy and procedure documents of

14  its contractors other than from Naphcare.  All responsive draft documents for

15  Naphcare in the custody, control and/or possession of responding parties will be

16  produced.

17  **REQUEST FOR PRODUCTION NO. 28:**

18      ALL memoranda issued by YOU RELATING TO the JAIL from January 1,

19  2021 to the present.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

21      Objection.  This request is vague, ambiguous, overly broad and unduly

22  burdensome.  "Memoranda" could include hundreds of thousands of documents

23  wholly unrelated to the subject matter of the TAC and thus not reasonably

24  calculated to lead to the discovery of admissible evidence.  No documents will be

25  produced in response to the request.

26  **REQUEST FOR PRODUCTION NO. 29:**

27      ALL post orders issued by the SHERIFF'S DEPARTMENT RELATING TO

28  the JAIL from January 1, 2021 to the present.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

4

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**Ex. T-228**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

2      Objection. This request is vague and ambiguous in that the Sheriff's

3  Department does not have documents titled "Post Orders."  Without waiving these

4  objections, Defendants respond as follows:

5      There are no responsive documents.

6  **REQUEST FOR PRODUCTION NO. 30:**

7      ALL Green Sheets issued by the SHERIFF'S DEPARTMENT RELATING

8  TO the JAIL from January 1, 2021 to the present.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

10      Objection.  The request is overly broad, unduly burdensome, and duplicative

11  of prior requests and documents which have already been produced.  Further, all

12  green sheets for all facilities are overly broad, not related to the subject matters pled

13  in the Third Amended Complaint ("TAC"), and thus not reasonably calculated to

14  lead to the discovery of admissible evidence.  Policies and procedures, including

15  green sheets, were previously requested and produced in response to RFPOD #1-4,

16  7, 9, and 10 as to Rock Mountain and San Diego Central Jail ("SDCJ"), and RFPOD

17  #2, Nos. 15, 16, 21, 22, and 24.  Defendants will respond upon narrowing to exclude

18  what has already been requested/provided and specific identification of green sheets

19  related to the subject matters of the TAC.

20  **REQUEST FOR PRODUCTION NO. 31:**

21      ALL COMMUNICATIONS sent or issued by any EMPLOYEES of the

22  SHERIFF'S DEPARTMENT that altered, amended, modified, or otherwise affected

23  any POLICIES AND PROCEDURES RELATING TO the JAIL from January 1,

24  2021 to the present.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

26      The request is vague and ambiguous, overly broad and unduly burdensome.

27  All policies and procedures are not related to the subject matters pled in the Third

28  Amended Complaint ("TAC") and thus are not reasonably calculated to lead to the

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

5

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-229

1  discovery of admissible evidence. The Sheriff's Department employs 4,249

2  individuals and it is impossible to conduct a search of every email generated by

3  anyone in the Sheriff's Department that may have "altered, amended, modified, or

4  otherwise affected" a policy or procedure. For example, an email about a particular

5  incident or suggestion to change the color ink for use on a written form could have

6  been the basis for reconsideration and ultimate amendment of a policy or procedure

7  about any subject to provide clarification or improvement.

8  **REQUEST FOR PRODUCTION NO. 32:**

9      ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying,

10 responding to, housing, treating, monitoring, and/or tracking INCARCERATED

11 PERSONS covered by the SHERIFF'S DEPARTMENT's alcohol and opiate

12 withdrawal protocols from January 1, 2021 to the present.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

14      Objection. The request is vague and ambiguous, overly broad and unduly

15 burdensome. The request seeks documents subject to privacy rights and HIPPA.

16 "Relating" to is also vague and ambiguous as it could cover hundreds of thousands

17 of pages of documents including medical records of hundreds of third party

18 Incarcerated Persons who have not been asked and have not been given their

19 permission to release their medical records..

20 **REQUEST FOR PRODUCTION NO. 33:**

21      ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying,

22 responding to, housing, treating, monitoring, and/or tracking INCARCERATED

23 PERSONS in the SHERIFF'S DEPARTMENT's medication-assisted treatment

24 ("MAT") program from January 1, 2021 to the present.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

26      Objection. The request is vague and ambiguous, overly broad and unduly

27 burdensome. The request seeks documents subject to privacy rights and HIPPA.

28 "Relating" to is also vague and ambiguous as it could cover hundreds of thousands

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

6

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-230

1  of pages of documents including medical records of hundreds of third party

2  Incarcerated Persons who have not been asked and have not been given their

3  permission to release their medical records..

4  **REQUEST FOR PRODUCTION NO. 34:**

5          ALL COMMUNICATIONS from EMPLOYEES of NaphCare, Inc.

6  RELATING TO HEALTH CARE and/or MENTAL HEALTH CARE at the JAIL

7  from January 1, 2021 to the present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

9          Objection. The request is overly broad and unduly burdensome.  It invades

10  the right to privacy and HIPPA laws.  It potentially covers thousands of

11  communications including medical information of hundreds of third party

12  Incarcerated Persons who have not been asked for and have not given their

13  permission to release their medical information.  Without waiving said objections

14  and subject thereto, Defendants respond as follows:

15          Communications which do not involve the medical information of any

16  Incarcerated Person will be produced.

17  **REQUEST FOR PRODUCTION NO. 35:**

18          ALL GRIEVANCES, inmate requests, and sick call requests submitted by

19  PLAINTIFFS.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

21          Objection.  This request is compound, seeks information equally available to

22  Plaintiffs.  Without waiving these objections, and assuming Plaintiffs seek the

23  documents for the current named plaintiffs, Defendants respond as follows:

24          All responsive documents in the custody, control and/or possession of

25  Defendants will be produced.

26  **REQUEST FOR PRODUCTION NO. 36:**

27          ALL responses to GRIEVANCES, inmate requests, and sick call requests

28  submitted by PLAINTIFFS.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

7

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-231

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

2      Objection.  This request is compound, and seeks information equally

3 available to Plaintiffs.  Without waiving these objections, and assuming Plaintiffs

4 seek the documents for the current named plaintiffs, Defendants respond as follows:

5      All responsive documents in the custody, control and/or possession of

6 Defendants will be produced.

7 **REQUEST FOR PRODUCTION NO. 37:**

8      ALL COMMUNICATIONS RELATING TO PLAINTIFFS from January 1,

9 2019 to the present.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

11      Objection.  The request is overly broad and unduly burdensome.  The request

12 seeks documents subject to the attorney/client privilege as any such communications

13 are likely to relate to this litigation.  The definition of communications is also overly

14 broad in that it includes "any and every piece of paper including any plaintiffs'

15 name."  This would include medical records, custody records, attorney-client

16 privileged information about the litigation, and grievances, most of which have been

17 requested herein and/or previously produced.  Without a narrowing of what specific

18 categories of documentation is being requested, a response cannot be provided.

19 **REQUEST FOR PRODUCTION NO. 38:**

20      ALL DOCUMENTS RELATING TO HEALTH CARE screening and intake

21 procedures at the JAIL from January 1, 2021 to the present.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

23      Objection.  The request is overly broad and unduly burdensome and

24 duplicative in that it requests documents which have already been requested and

25 produced.  Policies and procedures, including green sheets, covering health care

26 screenings and intake procedures were previously requested and produced. Without

27 waiving these objections, Defendants respond as follows:

28      Defendants will provide blank screening and intake forms.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

8

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-232

1  **REQUEST FOR PRODUCTION NO. 39:**

2      ALL DOCUMENTS RELATING TO the following for each existing

3  HEALTH CARE STAFF position (*e.g.*, M.D., R.N., L.P.N.) at the JAIL: the number

4  of allocated positions, the number of hours required for each position, the number of

5  vacancies and the duration of vacancies for each position, and STAFFING PLANS

6  RELATING TO each position at the JAIL from January 1, 2021 to the present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

8      Objection.  This request is compound, and may seek the compilation of

9  information not existing in current documents.  Without waiving these objections,

10  Defendants respond as follows:

11      All responsive documents in the custody, control and/or possession of

12  responding parties will be produced.

13  **REQUEST FOR PRODUCTION NO. 40:**

14      ALL DOCUMENTS sufficient to show training completed by HEALTH

15  CARE STAFF from January 1, 2021 to the present, including but not limited to

16  attendance sheets for each identified training module/session.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

18      Objection.  The request is burdensome and overbroad to the extent a search of

19  all employee files is being requested.  Without waiving said objections and subject

20  thereto, Defendants respond as follows:

21      All responsive documents in the custody, control and/or possession of

22  responding parties will be produced.

23  **REQUEST FOR PRODUCTION NO. 41:**

24      ALL DOCUMENTS RELATING TO monitoring and/or auditing of

25  HEALTH CARE provided to INCARCERATED PERSONS, including but not

26  limited to, quality improvement, quality assurance or clinical performance reviews,

27  peer reviews, in-service trainings, internal or external audits, technical assistance

28  reports, accreditations, contract monitoring reports, minutes from quality assurance

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

9

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-233

1  meetings, and HEALTH CARE record reviews, from January 1, 2021 to the present.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

3  The request is compound, overly broad and unduly burdensome.  The request

4  seeks documents subject to privacy rights and HIPPA. "Relating" to within the

5  context of the request could cover hundreds of thousands of pages of documents

6  including medical records of thousands of third party Incarcerated Persons who have

7  not been asked and have not given their permission to release their medical records.

8  In addition, the request seeks documents subject to the privacy rights of Defendants'

9  employees and possibly those of contractors providing health care services at the

10 jail.  Without waiving these objections, Defendants respond as follows:

11 To the extent there are any non-privacy and HIPPA protected documents, or

12 documents which are private and/or subject to HIPPA which can reasonably be

13 redacted to exclude any protected information while still being meaningful, said

14 documents will be produced.

15 **REQUEST FOR PRODUCTION NO. 42:**

16 ALL DOCUMENTS RELATING TO agreements entered into by

17 DEFENDANTS and ANY hospitals or other outside health care facilities for the

18 transfer, acceptance, or scheduling of INCARCERATED PERSONS for the purpose

19 of providing HEALTH CARE from January 1, 2021 to the present.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

21 Objection.  This request is compound, overly broad, unduly burdensome, and

22 may seek documents in the custody of contractors.  Without waiving these

23 objections, and assuming Plaintiffs seek the documents for the current named

24 plaintiffs, Defendants respond as follows:

25 All responsive documents in the custody, control and/or possession of

26 Defendants will be produced.

27 **REQUEST FOR PRODUCTION NO. 43:**

28 ALL DOCUMENTS and COMMUNICATIONS RELATING TO

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

10

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-234

1  disciplinary actions taken by DEFENDANTS with respect to an EMPLOYEE of

2  DEFENDANTS or a CONTRACTOR who provided inappropriate, insufficient, or

3  substandard HEALTH CARE at the JAIL from January 1, 2021 to the present.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

5      Objection.  The request is compound, overly broad, and unduly burdensome.

6  It may also seek documents outside the subject areas of the TAC, which would not

7  be reasonably calculated to lead to the discovery of admissible evidence.  It also

8  seeks attorney-client privileged communications. It also seeks confidential

9  personnel documents subject to the privacy rights of third parties, and those parties

10  possess independent rights to object to the production of their personnel files.  The

11  request also would require legal opinion/analysis as to the specific nature of the

12  disciplinary action and whether it constituted inappropriate, insufficient or

13  substandard health care. Accordingly, these documents will not be produced.

14  **REQUEST FOR PRODUCTION NO. 44:**

15      ALL requests or orders issued by a superior court judge RELATING TO

16  HEALTH CARE services in the JAIL or seeking HEALTH CARE on behalf of any

17  INCARCERATED PERSON, including but not limited to minute orders specifying

18  actions to be taken by YOU RELATING TO HEALTH CARE for

19  INCARCERATED PERSONS, from January 1, 2021 to the present.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

21      Objection. This request seeks documents which are public record and equally

22  available to Plaintiffs. It is also unduly burdensome, compound, and overly broad

23  and would require Defendants to conduct research and examine requests/orders to

24  determine if they fell within the subject area of the request.  Accordingly,

25  Defendants will not provide documents.

26  **REQUEST FOR PRODUCTION NO. 45:**

27      ALL DOCUMENTS RELATING TO requests or orders issued by a superior

28  court judge RELATING TO HEALTH CARE services in the JAIL or seeking

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

11                          Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-235

1  HEALTH CARE on behalf of any INCARCERATED PERSON, including but not

2  limited to YOUR responses to such requests or orders, COMMUNICATIONS about

3  such requests or orders, and DOCUMENTS used to track such requests or orders,

4  from January 1, 2021 to the present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

6      Objection. This request seeks documents which are public record and equally

7  available to Plaintiffs. It is also unduly burdensome, compound, and overly broad

8  and would require Defendants to conduct research and examine requests/orders to

9  determine if they fell within the subject area of the request. To the extent this

10  request seeks communications about orders, it seeks attorney-client privileged

11  communications. Accordingly, Defendants will not provide documents.

12  **REQUEST FOR PRODUCTION NO. 46:**

13      DOCUMENTS sufficient to show how HEALTH CARE and DISABILITY-

14  related information can be stored in JIMS, including descriptions of the databases,

15  drop-down menus, and options used to store such information and training on the

16  same.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

18      Objection. This request is compound, vague and ambiguous, and overly

19  broad. Without waiving these objections, Defendants respond as follows:

20      All responsive documents in the custody, control and/or possession of

21  responding parties will be produced.

22  **REQUEST FOR PRODUCTION NO. 47:**

23      ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying,

24  responding to, housing, treating, monitoring, and tracking INCARCERATED

25  PERSONS at risk for suicide or self-harm from June 1, 2018 to the present.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

27      Objection.  The request is unduly burdensome and overly broad.  The request

28  is also duplicative in that it seeks documents previously requested and produced in

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

12

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**Ex. T-236**

1  response to RFPOD #2, Nos. 16, 17, 18, and 23. The request also seeks confidential

2  documents subject to HIPPA and the privacy rights of individuals.  "Relating" to

3  within the context of the request could cover hundreds of thousands of pages of

4  documents including medical records of thousands of third party Incarcerated

5  Persons who have not been asked and have not given their permission to release

6  their medical records. Without waiving these objections, defendants respond as

7  follows:

8       To the extent there are any non-privacy and HIPPA protected documents that

9  have not already been requested and produced, said documents in the custody,

10 control and/or possession of responding party will be produced.

11 **REQUEST FOR PRODUCTION NO. 48:**

12      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the JAIL's

13 identification and/or elimination of suicide hazards from June 1, 2018 to the present.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

15      Objection.  The request is unduly burdensome and overly broad. The

16 communications sought may be attorney-client privileged.  The request is also

17 duplicative in that it seeks documents previously requested and produced in

18 response to RFPOD #2, No. 23, and they will not be reproduced.

19 **REQUEST FOR PRODUCTION NO. 49:**

20      ALL logs RELATING TO INCARCERATED PERSONS placed in EOH,

21 PSU, and SAFETY CELLS from January 1, 2021 to the present.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

23      Objection.  The request seeks documents subject to privacy rights and HIPPA

24 of third party Incarcerated Persons who have not been asked and have not given

25 their permission to release their medical records. Accordingly, no documents will be

26 produced.

27 **REQUEST FOR PRODUCTION NO. 50:**

28      ALL DOCUMENTS and COMMUNICATIONS THAT IDENTIFY ALL

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

13

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-237

1  CURRENT housing units and cells at the JAIL, including but not limited to those

2  designated as booking, administrative segregation, EOH, PSU, SAFETY CELLS,

3  and SOBERING CELLS.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

5       Objection. This request is compound, vague and ambiguous, and overly

6  broad. Without waiving these objections, Defendants respond as follows:

7       All responsive documents in the custody, control and/or possession of

8  responding parties will be produced.

9  **REQUEST FOR PRODUCTION NO. 51:**

10      ALL DOCUMENTS RELATING TO evaluations and assessments of

11  INCARCERATED PERSONS placed in SAFETY CELLS, EOH, or PSU from

12  January 1, 2021 to the present.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

14      Objection. The request is compound, overly broad and unduly burdensome.

15  The request seeks documents subject to privacy rights and HIPPA. "Relating" to

16  within the context of the request could cover thousands of pages of confidential

17  documents including medical records of hundreds of third party Incarcerated

18  Persons who have not been asked and have not given their permission to release

19  their medical records.  Without waiving these objections, Defendants respond as

20  follows:

21      To the extent the request seeks policies and procedures relating to evaluations

22  and assessments for placement in any of the identified areas, they will be produced.

23  **REQUEST FOR PRODUCTION NO. 52:**

24      A blank example of ALL forms, including but not limited to suicide risk

25  assessment and intake assessment forms, used to evaluate INCARCERATED

26  PERSONS with known or possible HEALTH CARE needs from January 1, 2021 to

27  the present.

28  ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

14

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-238

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

2        Objection.  The request is overly broad and unduly burdensome, and

3   duplicative to the extent it requests documents which have already been requested in

4   Request 38.  Policies and procedures, including green sheets, covering health care

5   screenings and intake procedures were previously requested and produced. Without

6   waiving these objections, Defendants respond as follows:

7        Defendants will provide blank screening and intake forms.

8   **REQUEST FOR PRODUCTION NO. 53:**

9        ALL COMMUNICATIONS, including but not limited to all emails from

10  EISDECSSupport@cdcr.ca.gov from January 1, 2021 to the present that contain the

11  following terms: "EOP," "CCCMS," "DPW," "DPV," "DPO," "DLT," "DPS," or

12  "DPH," REGARDING INCARCERATED PEOPLE with DISABILITIES.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

14       Objection., The request is overly broad and unduly burdensome.  The request

15  seeks documents subject to privacy rights and HIPPA rights of third party

16  Incarcerated Persons who have not been asked and have not given their permission

17  to release their medical information. Accordingly, no documents are provided.

18  **REQUEST FOR PRODUCTION NO. 54:**

19       DOCUMENTS that detail fixtures, furniture, and equipment to be installed in

20  the JAIL.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

22       Objection.  This request is overly burdensome, overly broad and includes

23  documents subject to the settlement agreement between the parties as to physical

24  aspects of SDCJ to be remediated to accommodate those with mobility impairments.

25  In addition, the request seeks attorney client communications in this litigation and

26  attorney work product documents relating to this litigation.  Without waiving these

27  objections, Defendants respond as follows:

28       To the extent there are any non-privileged documents which are not covered

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

15

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**Ex. T-239**

1  by the settlement, said documents will be produced.

2  **REQUEST FOR PRODUCTION NO. 55:**

3     ALL self-evaluations under Title II of the ADA.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

5     Objection. This request is overly burdensome, overly broad and includes

6  documents subject to the settlement agreement between the parties as to physical

7  aspects of SDCJ to be remediated to accommodate those with mobility impairments.

8  The request seeks attorney client and attorney work product documents in

9  connection with this litigation.  Without waiving these objections, Defendants

10  respond as follows:

11     To the extent there are any non-privileged documents which are not covered

12  by the settlement, said documents will be produced.

13  **REQUEST FOR PRODUCTION NO. 56:**

14     ALL ADA transition plans.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

16     Objection. This request is overly burdensome, overly broad and includes

17  documents subject to the settlement agreement between the parties as to physical

18  aspects of SDCJ to be remediated to accommodate those with mobility impairments.

19  The request seeks attorney client and attorney work product documents in

20  connection with this litigation.  Without waiving these objections, Defendants

21  respond as follows:

22     To the extent there are any non-privileged documents which are not covered

23  by the settlement, said documents will be produced.

24  **REQUEST FOR PRODUCTION NO. 57:**

25     DOCUMENTS sufficient to show a schedule of ALL CURRENT programs

26  offered to INCARCERATED PEOPLE in the Jail, including but not limited to

27  recreational, religious, educational, job training, substance use, reentry, and veterans

28  programs.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

16

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**Ex. T-240**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

2        Objection. This request is compound and overly broad.  Without waiving

3  these objections, Defendants respond as follows:

4        All responsive documents in the custody, control and/or possession of

5  responding parties will be produced.

6  **REQUEST FOR PRODUCTION NO. 58:**

7        All DOCUMENTS and COMMUNICATIONS RELATING TO the job

8  description and duties of the JAIL's ADA Coordinator.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

10        Objection.  The request seeks the production of attorney client and work

11  product documentation in this litigation.  Without waiving said objections and

12  subject thereto, Defendants respond as follows:

13        Defendants will produce the job description and duties of the ADA

14  coordinator.

15  **REQUEST FOR PRODUCTION NO. 59:**

16        ALL DOCUMENTS including tracking sheets RELATING TO

17  implementation of ADA POLICIES AND PROCEDURES, and amendments or

18  updates to ADA POLICIES AND PROCEDURES, at the JAIL from January 1,

19  2021 to the present, including but not limited to the tracking sheet Commander

20  Christina Bavencoff states she created on January 20, 2023. *See* Bavencoff Decl., ¶

21  2.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

23        Objection.  This request is overly broad and unduly burdensome in its use of

24  the word "Documents".  It could cover thousands of pages of documents.  The

25  request also seeks documents subject to the attorney client privilege and work

26  product relating to this litigation, and which are subject to the parties' settlement

27  referenced above.  The request is also duplicative of RFPOD #1, Nos. 1, 3, 4, 6-10,

28  and requests in RFPOD #3.  Without waiving these objections, Defendants respond

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

17

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-241

1  as follows:

2      The specifically referenced tracking and policy information in the Bavencoff

3  declaration is subject to the parties' settlement and will not be produced.

4  **REQUEST FOR PRODUCTION NO. 60:**

5      ALL "binders and archive materials" as described in the Bavencoff

6  Declaration RELATING TO DEFENDANTS' ADA accessibility POLICIES AND

7  PROCEDURES from January 1, 2021 to the present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

9      Objection.  The request seeks documents subject to the attorney client

10  privilege and work product relating to this litigation, and which are subject to the

11  parties' settlement referenced above.  Without waiving these documents, Defendants

12  respond as follows:

13      The specifically referenced tracking and policy information and physical

14  changes to facilities in the Bavencoff declaration is subject to the parties' settlement

15  and will not be produced.

16  **REQUEST FOR PRODUCTION NO. 61:**

17      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

18  proposed "ADA Unit" allegedly being developed by the SHERIFF'S

19  DEPARTMENT.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

21      Objection.  There is no "ADA Unit allegedly being developed" and thus the

22  request is vague and ambiguous as to what is referred to.  To the extent the request

23  refers to the ADA unit formed in June and July of 2023, the request is overbroad

24  and burdensome in its use of the words "Documents" and "Communications." The

25  request as phrased seeks documents subject to the attorney client privilege and work

26  product relating to this litigation.  Without waiving said objections, and subject

27  thereto, Defendants respond as follows:

28      Defendants will provide non-privileged responsive documents from the Unit.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

18

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-242

1  **REQUEST FOR PRODUCTION NO. 62:**

2      ALL contracts for the provision of services for INCARCERATED PEOPLE

3  with hearing DISABILITIES at the JAIL, including but not limited to those with

4  Purple, Lionsbridge, Language Line Services, and United Language Group, and to

5  provide internet and tablet service, from January 1, 2021 to the present.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

7      Objection.  The request seeks documents subject to the parties' settlement

8  referenced above and will not be produced.

9  **REQUEST FOR PRODUCTION NO. 63:**

10      ALL DOCUMENTS and COMMUNICATIONS RELATED TO lists of

11  projects RELATING TO ADA compliance and accessibility at the JAIL, including

12  but not limited to the list of ADA projects allegedly kept by Commander Christina

13  Bavencoff, from January 1, 2021 to the present.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

15      Objection.  The request seeks documents which are subject to the attorney

16  client and work product privileges.  The request also seeks documents subject to the

17  parties' settlement.  Accordingly, no such documents will be produced.

18  **REQUEST FOR PRODUCTION NO. 64:**

19      ALL orientation videos AND handbooks shown or provided to

20  INCARCERATED PEOPLE at the JAIL from January 1, 2021 to the present.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

22      Objection.  This request is compound. Without waiving these objections,

23  Defendants respond as follows:

24      All responsive documents in the custody, control and/or possession of

25  Defendants will be produced.

26  **REQUEST FOR PRODUCTION NO. 65:**

27      The "notes" kept by Commander Christina Bavencoff regarding services

28  provided to INCARCERATED PEOPLE at the JAIL and ANY changes to those

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

19

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-243

1  services that she has requested. *See* Bavencoff Decl., ¶ 7.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

3      Objection.  The request seeks documents which are subject to the attorney

4  client and work product privileges.  The request also seeks documents subject to the

5  parties' settlement.  Accordingly, no such documents will be produced.

6  **REQUEST FOR PRODUCTION NO. 66:**

7      ALL email messages sent to the SHERIFF'S DEPARTMENT staff when an

8  INCARCERATED PERSON has a JIMS alert related to a DISABILITY from

9  January 1, 2021 to the present.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

11      Objection.  The request is overbroad and burdensome.  The request seeks

12  documents subject to privacy rights and HIPPA of incarcerated persons and would

13  require a review of thousands of emails for specific information about disability

14  related alerts.  The request also seeks confidential medical information about

15  thousands of third party Incarcerated Persons who have not been asked and have not

16  given their permission to release their medical information. Accordingly, no

17  documents will be produced.

18  **REQUEST FOR PRODUCTION NO. 67:**

19      ALL lower bunk and lower tier discrepancy reports for the JAIL from January

20  1, 2021 to the present.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

22      Objection. This request is overly broad and unduly burdensome, compound,

23  and includes documents related to the Central Jail, which is encompassed in the

24  settlement.  Without waiving these objections, Defendants respond as follows:

25      All responsive documents in the custody, control and/or possession of

26  responding parties will be produced other than for the Central Jail, which is subject

27  to the parties' settlement.

28  //

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

20

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-244

1  **REQUEST FOR PRODUCTION NO. 68:**

2       ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

3  procurement of an RFID-based network connected system from January 1, 2021 to

4  the present.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

6       Objection. This request is overly broad and unduly burdensome in that some

7  of the responsive documents such as pricing may be unrelated to any topics in the

8  TAC and not reasonably calculated to lead to the discovery of admissible evidence.

9  Without waiving these objections, Defendants respond as follows:

10      All responsive documents in the custody, control and/or possession of

11  responding parties will be produced.

12  **REQUEST FOR PRODUCTION NO. 69:**

13      ALL DOCUMENTS and COMMUNICATIONS showing referrals to Reentry

14  Services staff of INCARCERATED PERSONS with DISABILITIES from January

15  1, 2021 to the present.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

17      Objection to the extent the request seeks documents relating to hearing

18  impairments at any facility and mobility impairments at the Central Jail as these

19  matters are covered by the parties' settlement agreement.  The request is overbroad

20  and burdensome. The request seeks documents subject to privacy rights and HIPPA

21  rights of thousands of third party Incarcerated Persons who have not been asked and

22  have not given their permission to release their medical information. Accordingly,

23  no documents are provided.

24  **REQUEST FOR PRODUCTION NO. 70:**

25      ALL DOCUMENTS from Offender 360 RELATING TO reasonable

26  accommodations that reentry services staff provided to INCARCERATED

27  PERSONS from January 1, 2021 to the present.

28  ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

21

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-245

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

2      Objection to the extent the request seeks documents relating to hearing

3  impairments at any facility and mobility impairments at the Central Jail as these

4  matters are covered by the parties' settlement agreement.  The request is overbroad

5  and burdensome. The request seeks documents subject to privacy rights and HIPPA

6  rights of thousands of third party Incarcerated Persons who have not been asked and

7  have not given their permission to release their medical information. Accordingly,

8  no documents are provided.

9  **REQUEST FOR PRODUCTION NO. 71:**

10      ALL training required by the JAIL regarding DISABILITY accommodations.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

12      Objection to the extent the training relates to hearing impairments and

13  mobility disabilities which are covered by the settlement agreement as to every

14  facility because training will be streamlined. Without waiving these objections,

15  Defendants respond as follows:

16      All responsive documents not covered by the parties' settlement will be

17  produced.

18  **REQUEST FOR PRODUCTION NO. 72:**

19      ALL DOCUMENTS and COMMUNICATIONS RELATING TO

20  DISABILITY accommodations at the JAIL, including but not limited to pocket

21  talkers, hearing aids, screen readers, optilec or similar readers, video relay services,

22  video interpreter services, Sign Language Interpretation, TTY, TDD, video phones,

23  magnifiers, glasses, crutches, walkers, wheelchairs, canes, and other

24  accommodations.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

26      Objection.  This request is overly broad and unduly burdensome.  The request

27  are also duplicative in that "Documents" and "Communications" cover every

28  document requested in RFPOD #1 and every request covered by RFPOD #3.  Every

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

22

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

**Ex. T-246**

document involving confidential medical information of the thousands of third party

incarcerated persons is subject to their privacy rights and HIPPA.  All documents

relating to mobility disability policies and procedures are covered by the settlement

agreement.  All documents relating to hearing impairments as to all facilities are

covered by the settlement agreement.  Accordingly, no documents are produced.

**REQUEST FOR PRODUCTION NO. 73:**

ALL GRIEVANCES RELATING TO lack of access to attorneys, the law

library, legal materials or the courts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

Objection. This request is compound, overly broad and unduly burdensome.

The request also does not narrow the grievances to a specific time period.

All responsive documents after January 1, 2021 in the custody, control and/or

possession of responding parties will be produced.

**REQUEST FOR PRODUCTION NO. 74:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO cleanliness

and sanitation at the JAIL from January 1, 2021 to present, including any reports,

memoranda or emails regarding mold, vermin, trash, overcrowding, clogged toilets,

and clogged showers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Objection.  The request is overbroad and burdensome and use of the words

"Documents" and "Communications" as defined could include tens of thousands of

documents.  The time period of the request is overbroad and burdensome because

the TAC seeks injunctive relief for current conditions and not conditions that existed

2 and a half years ago. Upon meet and confer and agreement of search terms and

time periods, responding parties will conduct a search for responsive records.

**REQUEST FOR PRODUCTION NO. 75:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO incidents

of violence by or against INCARCERATED PEOPLE at the JAIL from January 1,

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

23

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-247

1  2021 to present.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

3  Objection.  This request is overly broad and unduly burdensome.  The terms

4  "Documents" and "Communications" may include confidential medical information

5  of third party incarcerated persons and is subject to their privacy rights and HIPPA.

6  This request is also duplicative of all policies and procedures requested previously

7  and in this request for production.  There are approximately 3,477 incidents during

8  the timeframe and it will take hundreds of hours to pull all documents relating to

9  each incident, review each document for responsiveness and privacy issues of both

10  incarcerated persons and employees and thus the request as phrased must be

11  narrowed through meet and confer efforts.

12  **REQUEST FOR PRODUCTION NO. 76:**

13  Rosters of INCARCERATED PEOPLE with mobility DISABILITIES in Las

14  Colinas and Central Jails for the month preceding YOUR response showing the

15  area, housing unit, cell and bed placement, and accommodation need for each

16  person, in a format similar to SD 000467.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

18  Objection.  This request is compound, overly broad and unduly burdensome.

19  No such documents will be produced for SDCJ because it is covered by the parties'

20  settlement.  The request also seeks information subject to the privacy rights of

21  individual incarcerated persons without first obtaining their authority, and disclosing

22  locations and names of individuals potentially places them in danger and poses

23  security risks.  Without waiving these objections, Defendants respond as follows:

24  A roster will be produced for Las Colinas without identifying information as

25  was done previously for SDCJ.

26  **REQUEST FOR PRODUCTION NO. 77:**

27  ALL invoices for Sign Language Interpretation services provided in the JAIL

28  from January 1, 2021 to the present.

**Ex. T-248**

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

2      Objection.  The matter is covered by the settlement agreement and no

3  documents will be produced.

4  **REQUEST FOR PRODUCTION NO. 78:**

5      ALL DOCUMENTS RELATING TO workload, productivity, or daily

6  services provided by CONTRACTORS at the JAIL from January 1, 2021 to the

7  present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

9      Objection. This request is vague, ambiguous and overly broad.  The requested

10  records include documents subject to the privacy rights and HIPPA rights of third

11  party Incarcerated Persons who have not been asked for and have not provided

12  authorization of their records.  Documents relating to "workload", "productivity" or

13  "daily services" by medical and/or mental health care providers would potentially

14  include thousands of Incarcerated Persons' medical and mental health care records.

15  Further, the request for documents relating to contractors who have no relationship

16  to the issues as alleged in the TAC is burdensome and overbroad and not reasonably

17  calculated to the discovery of admissible evidence and thus the request as phrased

18  must be narrowed through meet and confer efforts.

19  **REQUEST FOR PRODUCTION NO. 79:**

20      ALL use of force logs for each facility in the JAIL from January 1, 2021 to

21  the present.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

23      Objection. This request assumes without foundation that such logs exist, is

24  overly broad and unduly burdensome, and duplicative of requests seeking incident

25  reports.  Without waiving these objections, Defendants respond as follows:

26      There are no responsive documents.

27  **REQUEST FOR PRODUCTION NO. 80:**

28      ALL DOCUMENTS AND COMMUNICATIONS RELATING TO

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

25

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE
**Ex. T-249**

1  complaints RELATING TO excessive force, including but not limited to use of

2  force AND claims of physical harm by JAIL staff, from INCARCERATED

3  PERSONS between January 1, 2021 and the present.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

5       Objection.  The request seeks documents subject to the attorney client

6  privilege and work product protections.  The request also seeks documents subject

7  to the privacy rights of jail staff and Peace Officers Bill of Rights.  The requested

8  records also may include documents subject to the privacy rights and HIPPA rights

9  of third party Incarcerated Persons who have not been asked for and have not

10  provided authorization of their records.  The use of the phrase "excessive force" is

11  vague and ambiguous and unintelligible in the context of the request, and calls for a

12  legal conclusion given there is no definition of excessive force provided and it

13  unknown what is meant. The request as phrased must be narrowed through meet and

14  confer efforts.

15  **REQUEST FOR PRODUCTION NO. 81:**

16       ALL reports generated by the Critical Incident Review Board RELATING

17  TO in-custody DEATHS at the JAIL from January 1, 2021 to the present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

19       Objection.  The reports are subject to attorney client and work product

20  privileges, and the official information privilege.  *Sanchez v. City of Santa Ana*, 936

21  F.2d 1027, 1033 (9th Cir. 1990); *Kelly v. City of San Jose*, 114 F.R.D. 653, 669

22  (N.D. Cal. 1987), and accordingly will not be produced.

23  **REQUEST FOR PRODUCTION NO. 82:**

24       ALL DOCUMENTS RELATING TO use of tactical teams at the JAIL from

25  January 1, 2021 to the present, including but not limited to documentation of

26  debriefs after use of force or weapons by the JAIL's tactical teams.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

28       Objection.  The request is overly broad and unduly burdensome in that it

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

26

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-250

1  seeks documents which are not related to any subject matter pled in the TAC and
2  thus not reasonably calculated to lead to the discovery of admissible evidence. The
3  request is also vague and ambiguous as to the meaning of the phrase "tactical
4  teams". It is unknown what is meant by "tactical teams," as a definition is not
5  provided, and there is no claim relating to "tactical teams" to enable responding
6  party to relate to the request and the phrase to a claim made in the TAC. The request
7  as phrased must be narrowed through meet and confer efforts.

8  **REQUEST FOR PRODUCTION NO. 83:**

9      DOCUMENTS sufficient to show the percentages of INCARCERATED
10 PERSONS at the JAIL annually who are detained for less than one week, for less
11 than one month, for less than six months, for over a year, and for over two years,
12 from January 1, 2021 to the present.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

14     Objection. The request is compound, overly broad and unduly burdensome.
15 The request seeks thousands of pages of documents subject to the privacy rights of
16 Incarcerated Persons in the form of their custody files for which authorization has
17 not been requested and has not been provided. Alternately, the request requires the
18 compilation of statistics regarding the duration of incarcerated persons in a format
19 that is not already maintained by the County. The request as phrased must be
20 narrowed through meet and confer efforts.

21 Dated: August 14, 2023          BURKE, WILLIAMS & SORENSEN, LLP

22

23                               By: /s/ Susan E. Coleman
24                                   Susan E. Coleman
                                     Elizabeth M. Pappy
25
                                 Attorneys for Defendants
26                               COUNTY OF SAN DIEGO, SAN DIEGO
                                 COUNTY SHERIFF'S DEPARTMENT
27                               and SAN DIEGO COUNTY PROBATION
                                 DEPARTMENT
28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

27

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE
Ex. T-251

1

## PROOF OF SERVICE

2

### *Dunsmore v. San Diego County Sheriff's Department*
**Case No. 3:20-cv-00406-AJB-DDL**

3

4

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

5

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of .  My business address is 444 South Flower Street, Suite 2400, Los Angeles, CA 90071-2953.

6

7

On August 14, 2023, I served true copies of the following document(s) described as **DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION, (SET THREE)** on the interested parties in this action as follows:

8

#### SEE ATTACHED SERVICE LIST

9

10

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address tmehra@bwslaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

11

12

13

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

14

Executed on August 14, 2023, at Los Angeles, California.

15

16

17

_____
Terri Mehra

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

1

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE

Ex. T-252

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department**
**Case No. 3:20-cv-00406-AJB-DDL**

Aaron J. Fischer
ajf@aaronfischerlaw.com

Priyah Kaul
pkaul@rbgg.com

Gav C. Grunfeld
GGrunfeld@rbgg.com

Van Swearingen
VSwearingen@rbgg.com

Neal, Isabella
Isabella.Neal@us.dlapiper.com

Kiefer, Oliver
Oliver.Kiefer@us.dlapiper.com

Christopher M. Young
Christopher.Young@us.dlapiper.com

Hannah M. Chartoff
HChartoff@rbgg.com

Eric Monek Anderson
EMonekAnderson@rbgg.com

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES TO REQUESTS
FOR PRODUCTION, SET THREE
**Ex. T-253**

# EXHIBIT U

| | |
|---|---|
| **From:** | Eric Monek Anderson |
| **Sent:** | Thursday, September 14, 2023 1:48 PM |
| **To:** | Pappy, Elizabeth M. |
| **Cc:** | Coleman, Susan E.; Gay C. Grunfeld; Van Swearingen; Priyah Kaul |
| **Subject:** | RE: Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written Discovery Responses [IMAN-DMS.FID55015] |
| **Attachments:** | 2023-08-31 Plaintiffs' Proposed Search Terms - RFP Set 3-9-11-2023.docx |

Hi Beth,

See below for our responses in gold.

1.  RFP No. 28 – Defendants' responses request a definition of "memoranda."  This can be limited to memoranda related to the eight general topics of the TAC and defined as correspondence from Command Staff at the Sheriff's department to all Detention Services Bureau staff, supervisors, and/or managers, or to all staff, supervisors, and/or managers of a particular division, as well as captain's directives like the one produced at SD056140 (see also the attached letter providing this definition).  I will see if there are any responsive documents given this definition and hopefully get back to you Friday.  We look forward to your response ASAP.  Client requested clarifications which have been provided and will attempt a search.  We look forward to an update ASAP.

2.  RFP No. 29 – Please let us know whether Defendants will produce post orders as described in DSB Policy I.29 (see also the attached letter providing this definition).  To the extent they exist, yes.  We look forward to your response ASAP.  Client requested clarification which has been provided and will attempt a search.  We look forward to an update ASAP.

3.  Search terms for ESI in response to RFP Nos. ~~31,~~ 32, 33, 37 ~~, 38,~~ 47, 48 ~~, 51,~~ 59, 61 ~~, 63,~~ 72, 74, 75 – We have previously provided search terms and will now specify by RFP number.  We hope to have those to you shortly.  Please see my comments in the attachment.  In our email providing the search terms, we requested hit counts for each of the search terms, to assist with potential narrowing.  Stating that the search terms provide too many hits without telling us the number of hits does not help us understand how to narrow search terms.  We reiterate our request for hit counts.  A few additional comments are in the attachment.  You are mixing issues.  The hit count is for the overall ESI search under the ESI stipulation.  It has nothing to do with the document production requests.  For most of the items in the attachment, I said no search would be run until we have a ruling in the privacy/HIPPA issues so asking me a number of hits is premature (32, 33, 47).  No. 31 should not be included in our meet and confer any longer because the requested policies were produced.  No. 38 should not be included because all responsive documents were produced.  We are not conducting a search for No. 37 until we get narrowing search terms.  Your clients have all their medical/mental health records and custody files.  The number of hits is irrelevant to any issue in meet and confer because it will include all of the medical records and custody files. What else do you contend might exist?  Again, please narrow.  No. 38 needs no further response.  We searched for what we agreed to produce.  Nos. 48 and 51 are no longer an issue and thus we are not providing a "hit" report.  Your client can't ask the same question twice and "Yes" all responsive documents were previously produced.  No. 63 is no longer an issue.

    31 – We disagree that No. 31 is complete based on a production of P&Ps only.  The RFP is for communications that "altered, amended, modified, or otherwise affected" the P&Ps, and we provided search terms.  Defendants should search for additional responsive documents.

**Ex. U-255**

32, 33, 47, 51 - Defendants should run a search while the privacy/HIPAA issues are being resolved.  There may be responsive documents that do not include any individual's information potentially subject to HIPAA or a right to privacy.  Defendants' own written response implies as much.  Waiting to run any search until after privacy/HIPAA is resolved delays the process.

37 – Defendants' staff may have corresponded via email or in other communications about the named plaintiffs prior to the litigation.  We are not going to narrow the search terms without information about hit counts.  If Defendants run a search and have specific information about hit counts or burden, we can discuss narrowing the search terms.

38 – The term "documents" encompasses more than the blank forms, policies, and manual that Defendants produced.  Have you run a search to conclude that no other responsive documents exists?

59, 63 – Have Defendants searched for responsive documents to confirm that no non-privileged documents exist?

72, 74 – We did not see a response from you in the search term document.  Please let us know of your position.

3.5    RFP No. 34:    The search produced 351,744 hits.  Can you please provide search terms to narrow the request?  Please let us know the search you ran so we can consider ways to narrow.

4.    Privilege Log regarding RFP No.s. 37, 43, 45, 48, 54, 55, 56, 58, 59, 60, 61, 63, 65, 80, 81 – To the extent that Defendants plan to withhold documents on the basis of privilege (as indicated in response to those RFPs), please confirm that Defendants will produce a log describing each document withheld.  The only items that were not created as part of this litigation between our clients and us (which will not be included in a privilege log) are the CIRB records which I advised you would be in the same form as Morton.  We are working on that log.  OK.  With respect to the RFPs that you struck out, you asserted a privilege objection in the written responses.  To clarify, by striking them out, are you confirming that for those RFPs you are not withholding any responsive documents as privileged?  Confirming what I said in our call, no privileged documents will be produced that were the result of this litigation (me communicating with clients, etc.).  We are not required to put any such documents into a privilege log to answer your question, all litigation generated privileged documents/communications were withheld.  We disagree that the question of a privilege log for these RFPs is resolved, as Defendants appear to have yet to search for all responsive documents.  If Defendants withhold responsive documents on the basis of privilege, we request a privilege log.

5.    RFP No. 41 – Consistent with our discussion on August 22, please confirm whether there are quality improvement / quality assurance reports or meetings conducted, and whether Defendants will produce documents related to those meetings/reports.  Plaintiffs do not seek through this request any separate medical records for a specific incarcerated person.  Will do.  We look forward to your response ASAP.  Please let us know of an update.

6.    RFP No. 43 – Please provide authority for the proposition that disciplinary actions taken against medical staff and contractors are protected from disclosure.  Every employee has a right to privacy under the California Constitution in their employment records.  Please see Mintz v. Mark Bartelstein and Associates, Inc. 906 F.Supp.2d 1017; International Federation of Professional & Technical Engineers, Local 21, AFL-CIO v. Superior Court 42 Cal.4th 319.  Mintz is about unauthorized hacking into an employee's personal email and whether that violates a reasonable expectation of privacy; it says nothing about whether employee personnel records may be disclosed in litigation.  The latter case concerns public disclosure of employee information under the CPRA, and the Court in fact upheld public disclosure of those records under the CPRA.  Neither holds that employee discipline records may not be disclosed in litigation, including pursuant to a protective order.  If we are at an impasse on this issue, we will add it to the list of issues to address through the IDC process.  You are missing the point of the legal authority.  The cases recognize and confirm an employee's constitutional right to privacy in their records.  It is your burden to overcome it—not the other way around.

Ex. U-256

7.  RFP No. 45 – Consistent with our discussion on Tuesday, please let us know whether Defendants maintain any documents tracking court orders for medical care. ~~They do not. However, they are in process of conducting whatever searches they are able to perform given that there is no tracking system. An order regarding a particular IP will come in and it is simply placed in the IP's file and whatever the order is complied with if not already done. Many times IP's complain they haven't seen a doctor but never made a request or notified anyone they needed care, or were already scheduled for one by the time they complained to the Court.~~ We received orders and are in the process of reviewing them. We look forward to an update ASAP. Please let us know of an update.

8.  RFP No. 52 – ~~This response is incomplete. Will Defendants also provide a blank suicide assessment form? I don't recall talking about this one and don't know that there is a "blank suicide assessment form". We can talk about this Friday.~~ The written response is compliant and a blank form was already produced as SD 104519-104530. In medical records, we have also seen completed versions of TechCare suicide screening forms with the titles RN Gatekeeper (SD013871), RN ISP – Placement/Wellness Check (SD013875), and ISP Assessment/Follow-Up for MHCs (see SD004456). Please produce blank versions of these forms and any other health care screening forms not yet produced. You are assuming that the forms you reference are used to evaluate health care needs. What is that assumption based upon so that I can investigate further? The forms on their face indicate that staff use them to evaluate health care needs. We have provided the bates numbers for you to investigate further.

9.  RFP No. 53 – Defendants' HIPAA and privacy objections are particularly ill advised here where CDCR is sending Defendants daily emails about the disabilities of incarcerated people and copying multiple third parties. Please let us know whether Defendants will reconsider this position. I'm not sure I understand the use of the phrase "ill advised". Ill advised by whom? I don't recall talking about this one either but we received 5000 emails which are being reviewed. You are going to have to educate me on this one because a communication between CDCR, who is also subject to HIPPA and obligated under the California Constitution, sending something to SDSD does not waive or affect the right to privacy or HIPPA rights. We understand that the Sheriff's Department is reviewing emails. We look forward to an update ASAP. Please let us know of an update.

10. ADA Compliance prior to SAC, in relation to RFP Nos. 59, 60, 63 – Consistent with our discussion on Tuesday, please confirm that Defendants are searching for and will produce any documents related to ADA compliance efforts that pre-date the filing of the TAC and are not specific to (a) sleeping/toileting/showering accommodations for people with mobility disabilities at Central Jail or (b) hearing disabilities. If no such documents exist, please confirm. Please note that Plaintiffs do not waive their objections to either Defendants' general assertion of privilege related to ADA remediation efforts since the filing of the complaint or Defendants' refusal to produce documents related to the June 21, 2023 stipulation, but will pursue those issues separately. ~~What is SAC? Defendants are not searching for documents responsive to No. 59, 60 or 61 as stated in the objections. What I did agree to look for and what will be produced are documents generated by the ADA Unit upon its formation which was officially June or July 1st (can't recall which). The written responses may need amendment but we did not talk about and I did not agree to search for documents predating the Third Amended Complaint. Why would that even be discoverable? The question in the case isn't what existed prior to the complaint being filed but rather current conditions for which you seek an injunction. We should go over this one again.~~ As we clarified in the call, a search is being conducted for non-privileged documents generated by the ADA unit when it was formed. Thank you for clarifying. We look forward to an update ASAP. We also understood that you will amend the written responses for 59 and 60 (once meet and confer is substantially concluded). Please let us know of an update.

10.5:  RFP No. 68:  A search of RFID produced 16,481 hits. We need narrowing search terms. Please let us know the search you ran so we can consider ways to narrow.

11. RFP No. 75 – Defendants' response indicates that there were "3,477 incidents" relevant to this request. Please let us know whether Defendants will produce investigative reports, incident reports, and corrective action plans

Ex. U-257

relating to each of those incidents, as well as any tracking documents from which the figure 3,477 was calculated for purposes of responding to this request. Please re-read the response. It will take hundreds of hours to pull each record and review to determine if it is responsive. All 3,477 are not responsive but there is no way to know without an individual review. The response requests a narrowing of the category. Hopefully you can provide that Friday so I can go back to the client with some idea of exactly what you are looking for to reduce the number of incidents. I can provide you details on how the 3477 was determined and you can narrow from there. We agreed to get further information. We look forward to an update ASAP. Please let us know of an update.

12. RFP No. 78 – Please let us know whether Defendants maintain records documenting the number and type of services health care contractors provide at the Jail for purposes of billing (e.g., number of patients seen during dental clinic). We produced the contracts so please take a look at those and let me know what they say on Friday. I will also ask. We provided information about such records discussed in the NaphCare contract, including in section 2.3.29 of the statement of work and the subsections therein. The Mid-America contract also discusses informational reports at section 12.2 of the statement of work. I already made the request as I said previously. Please let us know of an update.

13. RFP No. 80 – As noted in the attached letter, this request relates to incidents of use of force resulting in death or in great bodily injury and incidents of unreasonable or excessive force, consistent with Penal Code Section 832.7(b)(1)(A)(ii)-(iii), which are public under that statute. To the extent there have been claims of excessive force and/or physical harm by Jail staff resulting in death or great bodily injury in the past two years, please confirm that Defendants will produce those records. As I stated above, we will relook at the request applying the penal code statute you have cited. We look forward to an update ASAP. Please let us know of an update.

14. RFP No. 81 – Consistent with our conversation on August 22, Plaintiffs understand that we are at an impasse on this issue, and no additional meet and confer is necessary prior to IDC. Correct but I did tell you we would be providing a privilege log. This issue is not ripe for an IDC and the County will likely simply ask for a briefing schedule for the issue once the rest of the issues are either resolved or we decide that motion practice is necessary.

15. RFP No. 82 – As noted in the attached letter, this request relates to tactical teams described in DSB Policy I.70. Please let us know whether Defendants will produce documents in response to this request. I will take the information you provided back to the client. We look forward to an update ASAP. Please let us know of an update.

Lastly, in reviewing Defendants' productions, we have noticed that many documents have been produced to us as one large PDF file. For example, SD97802-SD104411 is a 6,000+ page file that includes many different kinds of documents, which per the chart you sent us, are intended to be responsive to many different RFPs covering various topics. Separating these files is extremely cumbersome and time-consuming. This manner of production also violates the terms of the parties' agreed protocol governing discovery matters and the production of ESI, which provides in part that "documents should be logically unitized (i.e., distinct documents should not be merged into a single record, and a single document should not be split into multiple records) and should be produced in the order in which they are kept in the usual course of business. The text and image load files should indicate page breaks." (Dkt. 368.) Please ensure that going forward, all documents are produced in a manner compliant with the protocol, and in particular, that they are properly unitized. Let us know if it would be helpful for us to get on a call to discuss this point. I already sent you the breakdown of what was produced in response to which requests so no phone call is necessary. This is a different issue than specifying what documents correspond to which RFPs. The ESI protocol requires production of distinct documents as distinct records. Multiple documents responsive to one RFP should not, for example, be merged into a single record. We request that going forward, Defendants produce documents that are properly unitized. We remain willing to have a phone call to discuss.

Thanks,

Ex. U-258

Eric

**Eric Monek Anderson** (he/him)
Associate Attorney



**Rosen Bien Galvan & Grunfeld LLP**
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
eanderson@rbgg.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at eanderson@rbgg.com.

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, September 11, 2023 5:28 PM
**To:** Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>
**Subject:** RE: Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written Discovery Responses [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

And this time with the Attachment.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Pappy, Elizabeth M.
**Sent:** Monday, September 11, 2023 5:27 PM
**To:** Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>
**Subject:** RE: Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written Discovery Responses [IMAN-DMS.FID55015]

**Ex. U-259**

Running out of colors.  See my responses in purple.

Note that I added Nos. 3.5 and 10.5 where we need search terms to narrow the volume of documents.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Sent:** Wednesday, September 6, 2023 2:34 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>
**Subject:** RE: Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written Discovery Responses [IMAN-DMS.FID55015]

[EXTERNAL]

Beth,

Thanks for your email and the chart identifying the Bates numbers that correspond with each RFP.  Please see our responses and follow-up questions below in blue, and in the attached document also in blue.  Are you available for a call later this week to discuss?

Also, I removed former paragraphs No. 1 (RFPs 25, 26, 30), No. 11 (RFP No. 56), and No. 18 (RFP 83) where we are in agreement.  Please restore if you disagree with any removals.

**Requests for Production**

1. RFP No. 28 – Defendants' responses request a definition of "memoranda."  This can be limited to memoranda related to the eight general topics of the TAC and defined as correspondence from Command Staff at the Sheriff's department to all Detention Services Bureau staff, supervisors, and/or managers, or to all staff, supervisors, and/or managers of a particular division, as well as captain's directives like the one produced at SD056140 (see also the attached letter providing this definition).  I will see if there are any responsive documents given this definition and hopefully get back to you Friday.  We look forward to your response ASAP.  Client requested clarifications which have been provided and will attempt a search.

2. RFP No. 29 – Please let us know whether Defendants will produce post orders as described in DSB Policy I.29 (see also the attached letter providing this definition).  To the extent they exist, yes.  We look forward to your response ASAP.  Client requested clarification which has been provided and will attempt a search.

Ex. U-260

3.    Search terms for ESI in response to RFP Nos. ~~31,~~ 32, 33, 37, ~~38,~~ 47, ~~48, 51,~~ 59, 61, ~~63,~~ 72, 74, 75 – We have previously provided search terms and will now specify by RFP number.  We hope to have those to you shortly.  *Please see my comments in the attachment.  In our email providing the search terms, we requested hit counts for each of the search terms, to assist with potential narrowing.  Stating that the search terms provide too many hits without telling us the number of hits does not help us understand how to narrow search terms.  We reiterate our request for hit counts.  A few additional comments are in the attachment.  You are mixing issues.  The hit count is for the overall ESI search under the ESI stipulation.  It has nothing to do with the document production requests.  For most of the items in the attachment, I said no search would be run until we have a ruling in the privacy/HIPPA issues so asking me a number of hits is premature (32, 33, 47).  No. 31 should not be included in our meet and confer any longer because the requested policies were produced.  No. 38 should not be included because all responsive documents were produced.  We are not conducting a search for No. 37 until we get narrowing search terms.  Your clients have all their medical/mental health records and custody files.  The number of hits is irrelevant to any issue in meet and confer because it will include all of the medical records and custody files.  What else do you contend might exist?  Again, please narrow.  No. 38 needs no further response.  We searched for what we agreed to produce.  Nos. 48 and 51 are no longer an issue and thus we are not providing a "hit" report.  Your client can't ask the same question twice and "Yes" all responsive documents were previously produced.  No. 63 is no longer an issue.*

3.5    RFP No. 34:    *The search produced 351,744 hits.  Can you please provide search terms to narrow the request?*

4.    Privilege Log regarding RFP No. ~~s. 37, 43, 45, 48, 54, 55, 56, 58, 59, 60, 61, 63, 65, 80,~~ 81 – To the extent that Defendants plan to withhold documents on the basis of privilege (as indicated in response to those RFPs), please confirm that Defendants will produce a log describing each document withheld.  ~~The only items that were not created as part of this litigation between our clients and us (which will not be included in a privilege log) are the CIRB records which I advised you would be in the same form as *Morton*.~~  We are working on that log.  *OK.  With respect to the RFPs that you struck out, you asserted a privilege objection in the written responses.  To clarify, by striking them out, are you confirming that for those RFPs you are not withholding any responsive documents as privileged?  Confirming what I said in our call, no privileged documents will be produced that were the result of this litigation (me communicating with clients, etc.).  We are not required to put any such documents into a privilege log so to answer your question, all litigation generated privileged documents/communications were withheld.*

5.    RFP No. 41 – Consistent with our discussion on August 22, please confirm whether there are quality improvement / quality assurance reports or meetings conducted, and whether Defendants will produce documents related to those meetings/reports.  Plaintiffs do not seek through this request any separate medical records for a specific incarcerated person.  *Will do.  We look forward to your response ASAP.*

6.    RFP No. 43 – Please provide authority for the proposition that disciplinary actions taken against medical staff and contractors are protected from disclosure.  *Every employee has a right to privacy under the California Constitution in their employment records.  Please see Mintz v. Mark Bartelstein and Associates, Inc. 906 F.Supp.2d 1017; International Federation of Professional & Technical Engineers, Local 21, AFL-CIO v. Superior Court 42 Cal.4th 319.  Mintz is about unauthorized hacking into an employee's personal email and whether that violates a reasonable expectation of privacy; it says nothing about whether employee personnel records may be disclosed in litigation.  The latter case concerns public disclosure of employee information under the CPRA, and the Court in fact upheld public disclosure of those records under the CPRA.  Neither holds that employee discipline records may not be disclosed in litigation, including pursuant to a protective order.  If we are at an impasse on this issue, we will add it to the list of issues to address through the IDC process.  You are missing the point of the legal authority.  The cases recognize and confirm an employee's constitutional right to privacy in their records.  It is your burden to overcome it—not the other way around.*

**Ex. U-261**

7. RFP No. 45 – Consistent with our discussion on Tuesday, please let us know whether Defendants maintain any documents tracking court orders for medical care. They do not. However, they are in process of conducting whatever searches they are able to perform given that there is no tracking system. An order regarding a particular IP will come in and it is simply placed in the IP's file and whatever the order is complied with if not already done. Many times IP's complain they haven't seen a doctor but never made a request or notified anyone they needed care, or were already scheduled for one by the time they complained to the Court. We received orders and are in the process of reviewing them. We look forward to an update ASAP.

8. RFP No. 52 – This response is incomplete. Will Defendants also provide a blank suicide assessment form? I don't recall talking about this one and don't know that there is a "blank suicide assessment form". We can talk about this Friday. The written response is compliant and a blank form was already produced as SD 104519-104530. In medical records, we have also seen completed versions of TechCare suicide screening forms with the titles RN Gatekeeper (SD013871), RN ISP – Placement/Wellness Check (SD013875), and ISP Assessment/Follow-Up for MHCs (see SD004456). Please produce blank versions of these forms and any other health care screening forms not yet produced. You are assuming that the forms you reference are used to evaluate health care needs. What is that assumption based upon so that I can investigate further?

9. RFP No. 53 – Defendants' HIPAA and privacy objections are particularly ill advised here where CDCR is sending Defendants daily emails about the disabilities of incarcerated people and copying multiple third parties. Please let us know whether Defendants will reconsider this position. I'm not sure I understand the use of the phrase "ill advised". Ill advised by whom? I don't recall talking about this one either but we received 5000 emails which are being reviewed. You are going to have to educate me on this one because a communication between CDCR, who is also subject to HIPPA and obligated under the California Constitution, sending something to SDSD does not waive or affect the right to privacy or HIPPA rights. We understand that the Sheriff's Department is reviewing emails. We look forward to an update ASAP.

10. ADA Compliance prior to SAC, in relation to RFP Nos. 59, 60, 63 – Consistent with our discussion on Tuesday, please confirm that Defendants are searching for and will produce any documents related to ADA compliance efforts that pre-date the filing of the TAC and are not specific to (a) sleeping/toileting/showering accommodations for people with mobility disabilities at Central Jail or (b) hearing disabilities. If no such documents exist, please confirm. Please note that Plaintiffs do not waive their objections to either Defendants' general assertion of privilege related to ADA remediation efforts since the filing of the complaint or Defendants' refusal to produce documents related to the June 21, 2023 stipulation, but will pursue those issues separately. What is SAC? Defendants are not searching for documents responsive to No. 59, 60 or 61 as stated in the objections. What I did agree to look for and what will be produced are documents generated by the ADA Unit upon its formation which was officially June or July 1st (can't recall which). The written responses may need amendment but we did not talk about and I did not agree to search for documents predating the Third Amended Complaint. Why would that even be discoverable? The question in the case isn't what existed prior to the complaint being filed but rather current conditions for which you seek an injunction. We should go over this one again. As we clarified in the call, a search is being conducted for non-privileged documents generated by the ADA unit when it was formed. Thank you for clarifying. We look forward to an update ASAP. We also understood that you will amend the written responses for 59 and 60 (once meet and confer is substantially concluded).

10.5: RFP No. 68:    A search of RFID produced 16,481 hits. We need narrowing search terms.

11. RFP No. 75 – Defendants' response indicates that there were "3,477 incidents" relevant to this request. Please let us know whether Defendants will produce investigative reports, incident reports, and corrective action plans relating to each of those incidents, as well as any tracking documents from which the figure 3,477 was calculated for purposes of responding to this request. Please re-read the response. It will take hundreds of hours to pull each record and review to determine if it is responsive. All 3,477 are not responsive but there is no way to know without an individual review. The response requests a narrowing of the category. Hopefully you

Ex. U-262

can provide that Friday so I can go back to the client with some idea of exactly what you are looking for to reduce the number of incidents.  I can provide you details on how the 3477 was determined and you can narrow from there.  We agreed to get further information.  We look forward to an update ASAP.

12. RFP No. 78 – Please let us know whether Defendants maintain records documenting the number and type of services health care contractors provide at the Jail for purposes of billing (e.g., number of patients seen during dental clinic).  We produced the contracts so please take a look at those and let me know what they say on Friday.  I will also ask.  We provided information about such records discussed in the NaphCare contract, including in section 2.3.29 of the statement of work and the subsections therein.  The Mid-America contract also discusses informational reports at section 12.2 of the statement of work.  I already made the request as I said previously.

13. RFP No. 80 – As noted in the attached letter, this request relates to incidents of use of force resulting in death or in great bodily injury and incidents of unreasonable or excessive force, consistent with Penal Code Section 832.7(b)(1)(A)(ii)-(iii), which are public under that statute.  To the extent there have been claims of excessive force and/or physical harm by Jail staff resulting in death or great bodily injury in the past two years, please confirm that Defendants will produce those records.  As I stated above, we will relook at the request applying the penal code statute you have cited.  We look forward to an update ASAP.

14. RFP No. 81 – Consistent with our conversation on August 22, Plaintiffs understand that we are at an impasse on this issue, and no additional meet and confer is necessary prior to IDC.  Correct but I did tell you we would be providing a privilege log.  This issue is not ripe for an IDC and the County will likely simply ask for a briefing schedule for the issue once the rest of the issues are either resolved or we decide that motion practice is necessary.

15. RFP No. 82 – As noted in the attached letter, this request relates to tactical teams described in DSB Policy I.70.  Please let us know whether Defendants will produce documents in response to this request.  I will take the information you provided back to the client.  We look forward to an update ASAP.

**Interrogatories**

With respect to ROGs 1-6 and 8-10, we understand that we are at an impasse regarding Defendant's privacy objections.  With respect to ROGs 1-6, we understand that we are at an impasse as to Defendant's HIPAA objections.  Plaintiffs intend to request an IDC to address these issues.

Lastly, in reviewing Defendants' productions, we have noticed that many documents have been produced to us as one large PDF file.  For example, SD97802-SD104411 is a 6,000+ page file that includes many different kinds of documents, which per the chart you sent us, are intended to be responsive to many different RFPs covering various topics.  Separating these files is extremely cumbersome and time-consuming.  This manner of production also violates the terms of the parties' agreed protocol governing discovery matters and the production of ESI, which provides in part that "documents should be logically unitized (i.e., distinct documents should not be merged into a single record, and a single document should not be split into multiple records) and should be produced in the order in which they are kept in the usual course of business. The text and image load files should indicate page breaks." (Dkt. 368.)  Please ensure that going forward, all documents are produced in a manner compliant with the protocol, and in particular, that they are properly unitized.  Let us know if it would be helpful for us to get on a call to discuss this point.  I already sent you the breakdown of what was produced in response to which requests so no phone call is necessary.

We look forward to your response.

Thanks,
Eric

**Eric Monek Anderson** (he/him)

**Ex. U-263**

Associate Attorney



**Rosen Bien Galvan & Grunfeld LLP**
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
T: (415) 433-6830  ▪  F: (415) 433-7104
eanderson@rbgg.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at eanderson@rbgg.com.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Tuesday, September 5, 2023 8:45 AM
**To:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>
**Subject:** Fwd: Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written Discovery Responses [IMAN-DMS.FID55015]

Sent from my iPhone

Begin forwarded message:

> **From:** "Pappy, Elizabeth M." <EPappy@bwslaw.com>
> **Date:** September 4, 2023 at 2:48:10 PM PDT
> **To:** Hannah Chartoff <HChartoff@rbgg.com>
> **Subject: RE: Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written Discovery Responses [IMAN-DMS.FID55015]**

> [EXTERNAL MESSAGE NOTICE]

> Hannah,

> Attached are my comments on the search terms.

> I've updated by crossing out what's resolved and ask that you delete it if your agreement.

> I've added new comments in green:

> **Requests for Production**

> 1.  ~~RFP Nos. 25, 26 and 30 —  Thank you for confirming on Tuesday that Defendants will produce policies, procedures, and green sheets.  Defendants' response states that such documents related to Rock Mountain have already been produced; however, at the time of the earlier request, Defendants asserted there were no such policies and procedures because the facility was not open.  We understand that Rock Mountain is now open.  Please confirm that all Rock Mountain policies and procedures will be produced as well.  Produced already.~~

2.  RFP No. 28 – Defendants' responses request a definition of "memoranda." This can be limited to memoranda related to the eight general topics of the TAC and defined as correspondence from Command Staff at the Sheriff's department to all Detention Services Bureau staff, supervisors, and/or managers, or to all staff, supervisors, and/or managers of a particular division, as well as captain's directives like the one produced at SD056140 (see also the attached letter providing this definition). I will see if there are any responsive documents given this definition and hopefully get back to you Friday.

3.  RFP No. 29 – Please let us know whether Defendants will produce post orders as described in DSB Policy I.29 (see also the attached letter providing this definition). To the extent they exist, yes.

4.  Search terms for ESI in response to RFP Nos. 31, 32, 33, 37, 38, 47, 48, 51, 59, 61, 63, 72, 74, 75 – We have previously provided search terms and will now specify by RFP number. We hope to have those to you shortly. Please see my comments in the attachment.

5.  Privilege Log regarding RFP No.~~s. 37, 43, 45, 48, 54, 55, 56, 58, 59, 60, 61, 63, 65, 80,~~ 81 – To the extent that Defendants plan to withhold documents on the basis of privilege (as indicated in response to those RFPs), please confirm that Defendants will produce a log describing each document withheld. ~~The only items that were not created as part of this litigation between our clients and us (which will not be included in a privilege log) are the CIRB records which I advised you would be in the same form as *Morton*.~~ We are working on that log.

6.  RFP No. 41 – Consistent with our discussion on August 22, please confirm whether there are quality improvement / quality assurance reports or meetings conducted, and whether Defendants will produce documents related to those meetings/reports. Plaintiffs do not seek through this request any separate medical records for a specific incarcerated person. Will do.

7.  RFP No. 43 – Please provide authority for the proposition that disciplinary actions taken against medical staff and contractors are protected from disclosure. Every employee has a right to privacy under the California Constitution in their employment records. Please see *Mintz v. Mark Bartelstein and Associates, Inc. 906 F.Supp.2d 1017; International Federation of Professional & Technical Engineers, Local 21, AFL-CIO v. Superior Court* 42 Cal.4th 319.

8.  RFP No. 45 – Consistent with our discussion on Tuesday, please let us know whether Defendants maintain any documents tracking court orders for medical care. They do not. ~~However, they are in process of conducting whatever searches they are able to perform given that there is no tracking system. An order regarding a particular IP will come in and it is simply placed in the IP's file and whatever the order is complied with if not already done. Many times IP's complain they haven't seen a doctor but never made a request or notified anyone they needed care, or were already scheduled for one by the time they complained to the Court.~~ We received orders and are in the process of reviewing them.

9.  RFP No. 52 – ~~This response is incomplete. Will Defendants also provide a blank suicide assessment form? I don't recall talking about this one and don't know that there is a "blank suicide assessment form". We can talk about this Friday.~~ The written response is compliant and a blank form was already produced as SD 104519-104530.

10. RFP No. 53 – Defendants' HIPAA and privacy objections are particularly ill advised here where CDCR is sending Defendants daily emails about the disabilities of incarcerated people and copying multiple third parties. Please let us know whether Defendants will reconsider this position. I'm not sure I understand the use of the phrase "ill advised". Ill advised by whom? I

Ex. U-265

don't recall talking about this one either but we received 5000 emails which are being reviewed. You are going to have to educate me on this one because a communication between CDCR, who is also subject to HIPPA and obligated under the California Constitution, sending something to SDSD does not waive or affect the right to privacy or HIPPA rights.

11. RFP No. 56 – As noted in the attached letter, this request refers to transition plans under 28 C.F.R. § 35.150(d). Consistent with our discussion on Tuesday, please confirm that no responsive documents exist. Confirmed.

12. ADA Compliance prior to SAC, in relation to RFP Nos. 59, 60, 63 – Consistent with our discussion on Tuesday, please confirm that Defendants are searching for and will produce any documents related to ADA compliance efforts that pre-date the filing of the TAC and are not specific to (a) sleeping/toileting/showering accommodations for people with mobility disabilities at Central Jail or (b) hearing disabilities. If no such documents exist, please confirm. Please note that Plaintiffs do not waive their objections to either Defendants' general assertion of privilege related to ADA remediation efforts since the filing of the complaint or Defendants' refusal to produce documents related to the June 21, 2023 stipulation, but will pursue those issues separately. ~~What is SAC? Defendants are not searching for documents responsive to No. 59, 60 or 61 as stated in the objections. What I did agree to look for and what will be produced are documents generated by the ADA Unit upon its formation which was officially June or July 1st (can't recall which). The written responses may need amendment but we did not talk about and I did not agree to search for documents predating the Third Amended Complaint. Why would that even be discoverable? The question in the case isn't what existed prior to the complaint being filed but rather current conditions for which you seek an injunction. We should go over this one again.~~ As we clarified in the call, a search is being conducted for non-privileged documents generated by the ADA unit when it was formed.

13. RFP No. 75 – Defendants' response indicates that there were "3,477 incidents" relevant to this request. Please let us know whether Defendants will produce investigative reports, incident reports, and corrective action plans relating to each of those incidents, as well as any tracking documents from which the figure 3,477 was calculated for purposes of responding to this request. Please re-read the response. It will take hundreds of hours to pull each record and review to determine if it is responsive. All 3,477 are not responsive but there is no way to know without an individual review. The response requests a narrowing of the category. Hopefully you can provide that Friday so I can go back to the client with some idea of exactly what you are looking for to reduce the number of incidents. I can provide you details on how the 3477 was determined and you can narrow from there. We agreed to get further information.

14. RFP No. 78 – Please let us know whether Defendants maintain records documenting the number and type of services health care contractors provide at the Jail for purposes of billing (e.g., number of patients seen during dental clinic). We produced the contracts so please take a look at those and let me know what they say on Friday. I will also ask.

15. RFP No. 80 – As noted in the attached letter, this request relates to incidents of use of force resulting in death or in great bodily injury and incidents of unreasonable or excessive force, consistent with Penal Code Section 832.7(b)(1)(A)(ii)-(iii), which are public under that statute. To the extent there have been claims of excessive force and/or physical harm by Jail staff resulting in death or great bodily injury in the past two years, please confirm that Defendants will produce those records. As I stated above, we will relook at the request applying the penal code statute you have cited.

16.  RFP No. 81 – Consistent with our conversation on August 22, Plaintiffs understand that we are at an impasse on this issue, and no additional meet and confer is necessary prior to IDC. Correct but I did tell you we would be providing a privilege log.

17.  RFP No. 82 – As noted in the attached letter, this request relates to tactical teams described in DSB Policy I.70.  Please let us know whether Defendants will produce documents in response to this request.  I will take the information you provided back to the client.

18.  RFP No. 83 – Documents already produced (e.g., SD056176 at page 11) indicate that length of stay statistics are tracked in some format.  Please let us know where this information is maintained.  The information was produced.  An amended response will be provided once we finalize meet and confer on all other issues.

**Interrogatories**

19.  Please provide authority for your claim that members of the certified subclass must opt in to be represented by plaintiffs' counsel.  I'm not aware of any such claim.

20.  With respect to Defendants' objections based on the privacy rights of the pre-certified class (ROGs 1-6, 8-10), please see our attached July 19 letter setting forth our position as to why we believe we are entitled to the requested information.  Can you provide us with Defendants' position in response and any legal authority for Defendants' position?  The information requested in Nos. 1-6 and 8-10 do not request the identification of the settlement class.

21.  Defendants have objected on HIPAA grounds to ROGs 1-6.  Plaintiffs disagree that HIPAA applies to all of these requests, at least some of which do not seek "protected health information" as defined by HIPAA.  See 45 C.F.R. § 160.103.  Even if HIPAA applies, it does not preclude Defendants from providing the requested information subject to the protective order.  See 45 C.F.R. § 164.512(e)(1)(ii)(B).  Based on our discussion on Tuesday, we understood Defendants' position on the RFPs to be that Defendants would not respond to certain requests on HIPAA grounds, with the possible exception of producing certain documents redacting all personally-identifiable information except the last three digits of incarcerated persons' booking numbers.  Is that position the same as to these ROGs?  If so, can you provide us with the legal authority on which you rely?  This argument is unclear.  Certain lists requested were produced with all but the last three digits of booking numbers and in some cases, JIMS numbers were produced.  A protective order does not overcome privacy rights and you have never given me any legal authority to support that claim.

22.  Defendants have objected to ROG 6 in part on the ground that the lawsuit has not been certified as a class action "except for limited settlement of the Central Jail ADA issues for mobility impaired persons."  To be clear, the certified subclass was defined as "all qualified individuals with a hearing and/or mobility disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m), and who are now, or will be in the future, incarcerated in the Jail."  Will you agree to provide a response to ROG 6 for members of the certified subclass?  If not, can you please provide Defendants' position and legal authority?  As to all other incarcerated persons with disabilities, Plaintiffs again refer you to our July 19 letter for our position.  The request is not limited in any way to individuals under the settlement.  You may not serve discovery about a settlement.  The issue is "settled".  The Settlement Order provides your rights to information, including the rosters to be produced monthly starting end of this month/start of next.  What else is it you think you are entitled to get?

**Ex. U-267**

<span style="color:red">As usual, you skirt around an issue without getting to the point. You are entitled to get, and we have no objection to providing, contact information for individuals that are part of the settlement class. You just served a request (No. 86 for that information) and a timely response will be provided. There is no legal authority that supports the notion that you have the right to unfettered access to information other than identification of people who haven't even been given notice of the class. I invite you to provide it to me.</span>

The items listed above are not dispositive of all issues related to these responses. We will provide additional information as soon as possible.

Thank you,
Hannah

**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, August 16, 2023 6:22 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Kedra Chan <KChan@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written Discovery Responses [IMAN-DMS.FID55015]

<div style="background:#f5d97a;border:1px solid #c00;">[EXTERNAL MESSAGE NOTICE]</div>

That works for me.

---

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Wednesday, August 16, 2023 5:39 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Kedra Chan <KChan@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written Discovery Responses [IMAN-DMS.FID55015]

<span style="color:green">[EXTERNAL]</span>

Thanks, Beth. How about 2:00 p.m. on Monday 8/21? If that works, our office will send a Zoom link.

Best,
Hannah

**Ex. U-268**

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, August 16, 2023 8:32 AM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Kedra Chan <KChan@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written Discovery Responses [IMAN-DMS.FID55015]

| [EXTERNAL MESSAGE NOTICE] |
|---|

Monday, August 21st is very open for me.

I have added commentary about what we would like to discuss.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Tuesday, August 15, 2023 5:17 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Kedra Chan <KChan@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written Discovery Responses [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth and Susan,

Are you available to meet and confer this week regarding Defendants' discovery responses served yesterday? As indicated in some of the responses (e.g., to RFP No. 74), we should continue our

Ex. U-269

discussion of ESI search terms. In addition to search terms, Plaintiffs would like to discuss the following issues:

1. Refusals to produce a complete set of policies and procedures applicable to the Jail. Why Plaintiffs are duplicating demands for policies already produced and the right to do so, and why policies that have nothing to do with any issues in the case are being requested.

2. Assertions of HIPAA / privacy interests of incarcerated people, which were already resolved in Plaintiffs' favor during negotiations over RFP Set 2. Any order that purportedly resolved the privacy and HIPPA rights of every incarcerated person rather than the narrow order focused on 39 decedents where records were produced Counsel Only.

3. Refusals to produce superior court orders related to health care and clarification of Defendants' burdensomeness argument. The legal authority that requires production of court orders that are publicly available.

4. Refusals to produce based on the assertion that certain documents are "covered by" the stipulation arising from Plaintiffs' April 2023 preliminary injunction motion. I don't know about any stipulation. I'm aware of a settlement and order. A "settlement" means "settled". It mean you cannot continue to conduct discovery on settled issues. Please be prepared to present legal authority to the contrary.

5. Assertions of privacy interests of Defendants' employees, which are also resolved by the protective order in place. Please provide me a copy of an order which waives the privacy rights and makes employee information subject to privacy discoverable. I'm not aware of any such order but maybe I missed it.

Finally, please let us know when we can expect production of documents responsive to RFP Set 3 to begin. We are working on production but the vast majority of records requested require further meet and confer as stated in the written responses unless you no longer want the records.

Thank you,
Hannah


**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

Ex. U-270

# EXHIBIT V

**Hannah Chartoff**

| | |
|---|---|
| **From:** | Hannah Chartoff |
| **Sent:** | Thursday, August 24, 2023 12:08 PM |
| **To:** | Pappy, Elizabeth M.; Coleman, Susan E.; Kish, Fernando; Inman, Steven |
| **Cc:** | Gay C. Grunfeld; Van Swearingen; Priyah Kaul; Young, Christopher; Aaron Fischer |
| **Subject:** | RE: Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written Discovery Responses [IMAN-DMS.FID55015] |
| **Attachments:** | PK-Coleman-Pappy Re Meet and Confer Re Class List 07-19-2023 1730-01.pdf; HMC-Defs Re Follow up Re Pls 3d Set RFP 08-24-2023 1730-01.pdf |

Hi Beth,

Thanks for meeting and conferring on Tuesday. A list of issues for our next conversation is below. Note that this list contains issues about both document requests and interrogatories, in light of your indication by email on August 23 that you will not meet and confer separately about the interrogatories but rather only in connection with the document requests. We hope to continue the discussions of both types of discovery, especially with regard to assertions of privacy, as soon as possible. Please note that, once we complete all discussions, Plaintiffs will request that certain responses be amended. In addition, we've attached a formal letter memorializing the definitions requested on Tuesday.

Please us know if you are available tomorrow (August 25) at 4:00 p.m. for a follow-up discussion on these topics:

**Requests for Production**

1.  RFP Nos. 25, 26 and 30 – Thank you for confirming on Tuesday that Defendants will produce policies, procedures, and green sheets. Defendants' response states that such documents related to Rock Mountain have already been produced; however, at the time of the earlier request, Defendants asserted there were no such policies and procedures because the facility was not open. We understand that Rock Mountain is now open. Please confirm that all Rock Mountain policies and procedures will be produced as well.

2.  RFP No. 28 – Defendants' responses request a definition of "memoranda." This can be limited to memoranda related to the eight general topics of the TAC and defined as correspondence from Command Staff at the Sheriff's department to all Detention Services Bureau staff, supervisors, and/or managers, or to all staff, supervisors, and/or managers of a particular division, as well as captain's directives like the one produced at SD056140 (see also the attached letter providing this definition).

3.  RFP No. 29 – Please let us know whether Defendants will produce post orders as described in DSB Policy I.29 (see also the attached letter providing this definition).

4.  Search terms for ESI in response to RFP Nos. 31, 32, 33, 37, 38, 47, 48, 51, 59, 61, 63, 72, 74, 75 – We have previously provided search terms and will now specify by RFP number. We hope to have those to you shortly.

5.  Privilege Log regarding RFP Nos. 37, 43, 45, 48, 54, 55, 56, 58, 59, 60, 61, 63, 65, 80, 81 – To the extent that Defendants plan to withhold documents on the basis of privilege (as indicated in response to those RFPs), please confirm that Defendants will produce a log describing each document withheld.

6.  RFP No. 41 – Consistent with our discussion on August 22, please confirm whether there are quality improvement / quality assurance reports or meetings conducted, and whether Defendants will produce documents related to those meetings/reports. Plaintiffs do not seek through this request any separate medical records for a specific incarcerated person.

**Ex. V-272**

7.     RFP No. 43 – Please provide authority for the proposition that disciplinary actions taken against medical staff and contractors are protected from disclosure.

8.     RFP No. 45 – Consistent with our discussion on Tuesday, please let us know whether Defendants maintain any documents tracking court orders for medical care.

9.     RFP No. 52 – This response is incomplete.  Will Defendants also provide a blank suicide assessment form?

10.    RFP No. 53 – Defendants' HIPAA and privacy objections are particularly ill advised here where CDCR is sending Defendants daily emails about the disabilities of incarcerated people and copying multiple third parties.  Please let us know whether Defendants will reconsider this position.

11.    RFP No. 56 – As noted in the attached letter, this request refers to transition plans under 28 C.F.R. § 35.150(d).  Consistent with our discussion on Tuesday, please confirm that no responsive documents exist.

12.    ADA Compliance prior to SAC, in relation to RFP Nos. 59, 60, 63 – Consistent with our discussion on Tuesday, please confirm that Defendants are searching for and will produce any documents related to ADA compliance efforts that pre-date the filing of the TAC and are not specific to (a) sleeping/toileting/showering accommodations for people with mobility disabilities at Central Jail or (b) hearing disabilities.  If no such documents exist, please confirm.  Please note that Plaintiffs do not waive their objections to either Defendants' general assertion of privilege related to ADA remediation efforts since the filing of the complaint or Defendants' refusal to produce documents related to the June 21, 2023 stipulation, but will pursue those issues separately.

13.    RFP No. 75 – Defendants' response indicates that there were "3,477 incidents" relevant to this request.  Please let us know whether Defendants will produce investigative reports, incident reports, and corrective action plans relating to each of those incidents, as well as any tracking documents from which the figure 3,477 was calculated for purposes of responding to this request.

14.    RFP No. 78 – Please let us know whether Defendants maintain records documenting the number and type of services health care contractors provide at the Jail for purposes of billing (e.g., number of patients seen during dental clinic).

15.    RFP No. 80 – As noted in the attached letter, this request relates to incidents of use of force resulting in death or in great bodily injury and incidents of unreasonable or excessive force, consistent with Penal Code Section 832.7(b)(1)(A)(ii)-(iii), which are public under that statute.  To the extent there have been claims of excessive force and/or physical harm by Jail staff resulting in death or great bodily injury in the past two years, please confirm that Defendants will produce those records.

16.    RFP No. 81 – Consistent with our conversation on August 22, Plaintiffs understand that we are at an impasse on this issue, and no additional meet and confer is necessary prior to IDC.

17.    RFP No. 82 – As noted in the attached letter, this request relates to tactical teams described in DSB Policy I.70.  Please let us know whether Defendants will produce documents in response to this request.

18.    RFP No. 83 – Documents already produced (e.g., SD056176 at page 11) indicate that length of stay statistics are tracked in some format.  Please let us know where this information is maintained.

**Interrogatories**

19.    Please provide authority for your claim that members of the certified subclass must opt in to be represented by plaintiffs' counsel.

20.    With respect to Defendants' objections based on the privacy rights of the pre-certified class (ROGs 1-6, 8-10), please see our attached July 19 letter setting forth our position as to why we believe we are entitled to the

**Ex. V-273**

requested information.  Can you provide us with Defendants' position in response and any legal authority for Defendants' position?

21.     Defendants have objected on HIPAA grounds to ROGs 1-6.  Plaintiffs disagree that HIPAA applies to all of these requests, at least some of which do not seek "protected health information" as defined by HIPAA.  See 45 C.F.R. § 160.103.  Even if HIPAA applies, it does not preclude Defendants from providing the requested information subject to the protective order.  See 45 C.F.R. § 164.512(e)(1)(ii)(B).  Based on our discussion on Tuesday, we understood Defendants' position on the RFPs to be that Defendants would not respond to certain requests on HIPAA grounds, with the possible exception of producing certain documents redacting all personally-identifiable information except the last three digits of incarcerated persons' booking numbers.  Is that position the same as to these ROGs?  If so, can you provide us with the legal authority on which you rely?

22.     Defendants have objected to ROG 6 in part on the ground that the lawsuit has not been certified as a class action "except for limited settlement of the Central Jail ADA issues for mobility impaired persons."  To be clear, the certified subclass was defined as "all qualified individuals with a hearing and/or mobility disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m), and who are now, or will be in the future, incarcerated in the Jail."  Will you agree to provide a response to ROG 6 for members of the certified subclass?  If not, can you please provide Defendants' position and legal authority?  As to all other incarcerated persons with disabilities, Plaintiffs again refer you to our July 19 letter for our position.

The items listed above are not dispositive of all issues related to these responses.  We will provide additional information as soon as possible.

Thank you,
Hannah

**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, August 16, 2023 6:22 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Inman, Steven <Steven.Inman@sdcounty.ca.gov>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Kedra Chan <KChan@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written Discovery Responses [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

That works for me.

---

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Wednesday, August 16, 2023 5:39 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Inman, Steven

Ex. V-274

<Steven.Inman@sdcounty.ca.gov>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul
<pkaul@rbgg.com>; Kedra Chan <KChan@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron
Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written
Discovery Responses [IMAN-DMS.FID55015]

**[EXTERNAL]**

Thanks, Beth.  How about 2:00 p.m. on Monday 8/21?  If that works, our office will send a Zoom link.

Best,
Hannah

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, August 16, 2023 8:32 AM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Inman, Steven
<Steven.Inman@sdcounty.ca.gov>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul
<pkaul@rbgg.com>; Kedra Chan <KChan@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron
Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written
Discovery Responses [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Monday, August 21st is very open for me.

I have added commentary about what we would like to discuss.

Elizabeth M. Pappy | Partner
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The
information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of
this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to
the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this
communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US
IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Tuesday, August 15, 2023 5:17 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Inman, Steven
<Steven.Inman@sdcounty.ca.gov>; Kish, Fernando <Fernando.Kish@sdcounty.ca.gov>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul

**Ex. V-275**

<pkaul@rbgg.com>; Kedra Chan <KChan@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>

**Subject:** Dunsmore v. San Diego County Sheriff's Department - Request to Meet and Confer re Defs' Written Discovery Responses [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth and Susan,

Are you available to meet and confer this week regarding Defendants' discovery responses served yesterday?  As indicated in some of the responses (e.g., to RFP No. 74), we should continue our discussion of ESI search terms.  In addition to search terms, Plaintiffs would like to discuss the following issues:

1.  Refusals to produce a complete set of policies and procedures applicable to the Jail.  Why Plaintiffs are duplicating demands for policies already produced and the right to do so, and why policies that have nothing to do with any issues in the case are being requested.

2.  Assertions of HIPAA / privacy interests of incarcerated people, which were already resolved in Plaintiffs' favor during negotiations over RFP Set 2.  Any order that purportedly resolved the privacy and HIPPA rights of every incarcerated person rather than the narrow order focused on 39 decedents where records were produced Counsel Only.

3.  Refusals to produce superior court orders related to health care and clarification of Defendants' burdensomeness argument.  The legal authority that requires production of court orders that are publicly available.

4.  Refusals to produce based on the assertion that certain documents are "covered by" the stipulation arising from Plaintiffs' April 2023 preliminary injunction motion.  I don't know about any stipulation.  I'm aware of a settlement and order.  A "settlement" means "settled".  It mean you cannot continue to conduct discovery on settled issues.  Please be prepared to present legal authority to the contrary.

5.  Assertions of privacy interests of Defendants' employees, which are also resolved by the protective order in place. Please provide me a copy of an order which waives the privacy rights and makes employee information subject to privacy discoverable.  I'm not aware of any such order but maybe I missed it.

Finally, please let us know when we can expect production of documents responsive to RFP Set 3 to begin.  We are working on production but the vast majority of records requested require further meet and confer as stated in the written responses unless you no longer want the records.

Thank you,
Hannah


**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

Ex. V-276

# EXHIBIT W

| From: | Pappy, Elizabeth M. |
|---|---|
| To: | Hannah Chartoff |
| Subject: | RFPOD#3, #82 |
| Date: | Wednesday, November 1, 2023 11:02:40 AM |

[EXTERNAL MESSAGE NOTICE]

I just received word about the tactical teams issue. They do not maintain logs or debriefing reports/writings. If there was a use of force incident that involved the tactical team, the only way to search is by involved IP name.

Without the IP name, there is no feasible way to search.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**Ex. W-278**

# EXHIBIT X

Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA  92101-8474
Tel:  619.814.5800 Fax:  619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail:  epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA  95113-2336
Tel:  408.606.6300 Fax:  408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, ANDREE
ANDRADE, ERNEST ARCHULETA,
JAMES CLARK, ANTHONY
EDWARDS, LISA LANDERS,
REANNA LEVY, JOSUE LOPEZ,
CHRISTOPHER NELSON,
CHRISTOPHER NORWOOD, JESSE
OLIVARES, GUSTAVO
SEPULVEDA, MICHAEL TAYLOR,
and LAURA ZOERNER, on behalf of
themselves and all others similarly
situated,

Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF SAN
DIEGO, SAN DIEGO COUNTY
PROBATION DEPARTMENT, and
DOES 1 to 20, inclusive,

Defendants.

Case No. 3:20-cv-00406-AJB-DDL

**DEFENDANTS SAN DIEGO
COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF SAN
DIEGO, SAN DIEGO COUNTY
PROBATION DEPARTMENT'S
RESPONSES TO PLAINTIFFS'
FIFTH SET OF REQUEST FOR
PRODUCTION OF DOCUMENTS**

Judge:  Anthony J. Battaglia

Magistrate Judge David D. Leshner

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4858-7878-1056 v1

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE
**Ex. X-280**

1   PROPOUNDING PARTY:   PLAINTIFFS

2   RESPONDING PARTY:   DEFENDANTS SAN DIEGO COUNTY SHERIFF'S
3                       DEPARTMENT, COUNTY OF SAN DIEGO, AND
                        SAN DIEGO COUNTY PROBATION
4                       DEPARTMENT

5   SET NO.:            FIVE

6

7   **REQUEST FOR PRODUCTION NO. 88:**

8         ALL records RELATING TO each DEATH of an INCARCERATED

9   PERSON from April 12, 2023 to present, including, but not limited to Sheriff's

10  Homicide Unit investigation files, reports prepared by the COUNTY and/or

11  SHERIFF'S DEPARTMENT pursuant to Title 15 Section 1046 (this does not

12  include any Section 1046 reports prepared by Naphcare, Inc. and not provided to the

13  COUNTY), medical and mental health records from January 1, 2021 to the date of

14  DEATH (as well as medical intake forms for any INCARCERATED PERSON who

15  was booked prior to January 1, 2021), custody records, autopsy reports, coroner

16  reports, and any video footage of the INCARCERATED PERSON and/or their cell

17  door for the 24 hours prior to the DEATH.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

19        All responsive documents in the custody, control and/or possession of

20  responding party will be produced attorneys-eyes only.

21  **REQUEST FOR PRODUCTION NO. 89:**

22        ALL San Diego Sheriff's Department's Critical Incident Review Board

23  reports from January 1, 2021 to the present.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

25        Objection.  The request duplicates #81 and a response will not be provided.

26  **REQUEST FOR PRODUCTION NO. 90:**

27        ALL San Diego Sheriff's Department's Critical Incident Review Board report

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    2               Case No. 3:20-cv-00406-AJB-DDL
                                                     DEFENDANTS' RESPONSES REQUESTS FOR
                                                     PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-281

1  tracking spreadsheets from January 1, 2021 to the present.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

3      Objection.  The request duplicates #81 and no response will be provided.

4  **REQUEST FOR PRODUCTION NO. 91:**

5      ALL Internal Affairs investigation DOCUMENTS RELATING TO DEATHS

6  at the JAIL from January 1, 2021 to the present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

8      Objection.  The request seeks information subject to privacy rights of

9  employees and that is not directly relevant to any issue in the case.  Discipline

10 records that are publicly available may be obtained from Responding Party's

11 website (https://sb1421-

12 sdsheriff.govqa.us/WEBAPP/_rs/(S(c2o3g1sp13tll1njltpacxq4))/openrecordssumma

13 ry.aspx?sSessionID=204192442XIYKNGYJHBEMMNWTOKNYPMLFOCWTCG

14 W&view=6).

15 **REQUEST FOR PRODUCTION NO. 92:**

16     ALL DOCUMENTS, including but not limited to minutes, RELATING TO

17 meetings attended by HEALTH CARE STAFF or custody staff at which the

18 HEALTH CARE POLICIES AND PROCEDURES, HEALTH CARE staffing, or

19 ANY issue RELATING TO JAIL HEALTH CARE was discussed.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

21     Objection.  The request is vague, ambiguous and overbroad.  The request

22 seeks the same information requested in #41 regarding quality control and

23 improvement and no further response will be provided.

24 **REQUEST FOR PRODUCTION NO. 93:**

25     ALL DOCUMENTS and COMMUNICATIONS in which custody staff and

26 HEALTH CARE staff disagree about the provision of HEALTH CARE for

27 INCARCERATED PEOPLE.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                                    3                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-282

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

2      Objection.  The request is vague, ambiguous and overbroad.  The request

3  seeks the same information requested in #41 regarding quality control and

4  improvement and no additional response will be provided.

5  **REQUEST FOR PRODUCTION NO. 94:**

6      ALL DOCUMENTS and COMMUNICATIONS in which custody staff

7  authorize HEALTH CARE for INCARCERATED PEOPLE.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

9      There are not now and never have been any such documents.  Custody staff

10  do not make determinations about health care needs of Incarcerated Persons and do

11  not "authorize" treatment.

12  **REQUEST FOR PRODUCTION NO. 95:**

13      ALL DOCUMENTS and COMMUNICATIONS in which custody staff make

14  HEALTH CARE decisions for INCARCERATED PEOPLE.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

16      There are not now and never have been any such documents.  Custody staff

17  do not make decisions about health care needs of Incarcerated Persons.

18  **REQUEST FOR PRODUCTION NO. 96:**

19      ALL DOCUMENTS and COMMUNICATIONS RELATING TO

20  understaffing (employing fewer positions than required, allocated, and/or scheduled)

21  of HEALTH CARE EMPLOYEES at the JAIL from January 1, 2021 to the present.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 96:**

23      Objection.  The request is a rephrased version of #39 and a further response

24  will not be provided.

25  **REQUEST FOR PRODUCTION NO. 97:**

26      ALL DOCUMENTS showing the time between a person arrives at the JAIL

27  and the time the person receives intake screening.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

4

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-283

**RESPONSE TO REQUEST FOR PRODUCTION NO. 97:**

Objection. The request is vague, ambiguous and overbroad. There is no time limit on the request and it could involve a search of every custody file and every JIMS entry for a person booked for the San Diego County jail facilities for the entire history of the department.

**REQUEST FOR PRODUCTION NO. 98:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATED TO intake screening.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 98:**

Objection. The request is vague, ambiguous and overbroad and seeks documents requested previously in the form of custody files of every incarcerated person and blank intake and evaluation forms. This request is not limited in time and apparently seeks every custody file of every person every incarcerated in the history of the San Diego County jail system.

**REQUEST FOR PRODUCTION NO. 99:**

ALL DOCUMENTS RELATING TO pending sick call requests where the INCARCERATED PERSON making the sick call request is transferred to another JAIL facility.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 99:**

Objection. The request is vague, ambiguous and overbroad and would require a search of all sick call requests by every person ever incarcerated in the history of the San Diego County jail system.

**REQUEST FOR PRODUCTION NO. 100:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATED TO continuing HEALTH CARE treatments, including but not limited to medications, for INCARCERATED PEOPLE upon arrival at the JAIL.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                                    5                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-284

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

2  Objection. The request is vague, ambiguous and overbroad and would require

3  a search of all medical records of every person ever incarcerated in the history of the

4  San Diego County jail system.

5  **REQUEST FOR PRODUCTION NO. 101:**

6  ALL DOCUMENTS RELATING TO HEALTH CARE statistics of ANY

7  kind at the JAIL.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

9  Objection. The request is vague, ambiguous and overbroad. "Health Care

10  statistics of any kind" are not specific to the issues alleged in the Third Amended

11  Complaint and no response will be provided.

12  **REQUEST FOR PRODUCTION NO. 102:**

13  ALL GRIEVANCES, inmate requests, and sick call requests submitted by

14  INCARCERATED PERSONS from January 1, 2023 to the present.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 102:**

16  Objection. The request is vague, ambiguous and overbroad. The scope of the

17  request seeks information wholly unrelated to any subject matter of the complaint.

18  **REQUEST FOR PRODUCTION NO. 103:**

19  ALL responses to GRIEVANCES, inmate requests, and sick call requests

20  submitted by INCARCERATED PERSONS from January 1, 2023 to the present.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

22  Objection. The request is vague, ambiguous and overbroad. The scope of the

23  request seeks information wholly unrelated to any subject matter of the complaint.

24  **REQUEST FOR PRODUCTION NO. 104:**

25  ALL DOCUMENTS, including but not limited to logs, audits, lists, and

26  summaries, showing the time between when an INCARCERATED PERSON

27  submitted a sick call request and the time when: HEALTH CARE STAFF triaged

28  the sick call request; HEALTH CARE STAFF responded to the sick call request;

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

6

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-285**

1  and the INCARCERATED PERSON was seen by HEALTH CARE STAFF.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 104:**

3  Objection.  The request is vague, ambiguous and overbroad and would require

4  a search of all medical records of every person ever incarcerated in the history of the

5  San Diego County jail system.

6  **REQUEST FOR PRODUCTION NO. 105:**

7  ALL DOCUMENTS, including but not limited to logs, audits, lists, and

8  summaries, showing the number or percent of INCARCERATED PERSONS at the

9  JAIL who submitted a sick call request and were not seen by HEALTH CARE

10  STAFF in connection with that sick call request.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 105:**

12  Objection.  The request is vague, ambiguous and overbroad and would require

13  a search of all medical records of every person ever incarcerated in the history of the

14  San Diego County jail system.

15  **REQUEST FOR PRODUCTION NO. 106:**

16  ALL DOCUMENTS, including but not limited to logs, audits, lists, and

17  summaries, RELATING TO tracking and/or scheduling HEALTH CARE

18  appointments.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 106:**

20  Objection.  The request is vague, ambiguous and overbroad and would require

21  a search of all medical records of every person ever incarcerated in the history of the

22  San Diego County jail system.

23  **REQUEST FOR PRODUCTION NO. 107:**

24  ALL training materials RELATING TO sick call requests, and tracking

25  and/or scheduling HEALTH CARE appointments.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 107:**

27  Objection.  The request is vague, ambiguous and overbroad and would require

28  a search of all medical records of every person ever incarcerated in the history of the

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

7

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-286**

1  San Diego County jail system.  Without waiving said objection and subject thereto,

2  current training materials will be produced.

3  **REQUEST FOR PRODUCTION NO. 108:**

4      ALL training materials RELATING TO HEALTH CARE records.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 108:**

6      Objection.  The request is vague, ambiguous and overbroad and would require

7  a search of all medical records of every person ever incarcerated in the history of the

8  San Diego County jail system.  Without waiving said objection and subject thereto,

9  current training materials will be produced.

10  **REQUEST FOR PRODUCTION NO. 109:**

11      ALL DOCUMENTS, including but not limited to logs, audits, lists, and

12  summaries, RELATING TO outside (off-site from the JAIL) HEALTH CARE

13  providers who provide HEALTH CARE to INCARCERATED PEOPLE.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

15      Objection.  The request seeks documents already requested and produced in

16  the form of contracts with off-site providers.  The request is vague, ambiguous and

17  overbroad and would require a search of all medical records of every person ever

18  incarcerated in the history of the San Diego County jail system.

19  **REQUEST FOR PRODUCTION NO. 110:**

20      ALL DOCUMENTS RELATING TO the confidentiality of HEALTH CARE

21  appointments and the provision of HEALTH CARE in confidential, semi-

22  confidential, or non-confidential settings.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

24      Objection.  Vague, ambiguous and overbroad.  "Relating to" would require a

25  search of all medical records of every person ever incarcerated in the history of the

26  San Diego County jail system.  Without waiving said objection and subject thereto,

27  current policies, procedures and/or trainings regarding confidentiality of health care

28  will be produced.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    8                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-287**

1  **REQUEST FOR PRODUCTION NO. 111:**

2      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

3  materials, and summaries, RELATING TO the provision of diagnostic testing for

4  INCARCERATED PEOPLE.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 111:**

6      Objection.  The request is vague, ambiguous and overbroad and would require

7  a search of all medical records of every person ever incarcerated in the history of the

8  San Diego County jail system.

9  **REQUEST FOR PRODUCTION NO. 112:**

10      ALL DOCUMENTS RELATING TO vision care at the JAIL.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 112:**

12      Objection.  The request is vague, ambiguous and overbroad and would require

13  a search of all medical records of every person ever incarcerated in the history of the

14  San Diego County jail system to determine if they had vision care.  Without waiving

15  said objection, responding party will produce documents regarding the type(s) of

16  care provided.

17  **REQUEST FOR PRODUCTION NO. 113:**

18      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

19  materials, and summaries, showing the time between an INCARCERATED

20  PERSON is evaluated for eyeglasses and the time the INCARCERATED PERSON

21  receives eyeglasses.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 113:**

23      Objection.  The request is vague, ambiguous and overbroad and would require

24  a search of all medical records of every person ever incarcerated in the history of the

25  San Diego County jail system to determine if they had vision care.

26  **REQUEST FOR PRODUCTION NO. 114:**

27      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

28  materials, and summaries, RELATING TO HEALTH CARE discharge planning.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                9                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-288

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 114:**

2 Objection.  The request is vague, ambiguous and overbroad and would require

3 a search of all medical records of every person ever incarcerated in the history of the

4 San Diego County jail system relating to "discharge planning". The request also

5 seeks documents duplicative of #25 and will not be reproduced.

6 **REQUEST FOR PRODUCTION NO. 115:**

7 ALL DOCUMENTS, including but not limited to logs, audits, lists, training

8 materials, and summaries, RELATING TO Quality Assurance/Quality Control

9 processes.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 115:**

11 Objection.  The request is a duplicate of #41 as it relates to medical and no

12 further response will be provided and it is vague, ambiguous, overbroad and

13 harassing as to every other QA/QC process in the entire jail system.  The request is

14 not limited in any way to the subject matter of the Third Amended Complaint.

15 **REQUEST FOR PRODUCTION NO. 116:**

16 ALL DOCUMENTS, including but not limited to logs, audits, lists, training

17 materials, and summaries, RELATING TO peer review processes for HEALTH

18 CARE staff.

19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 116:**

20 Objection.  The request is duplicative of #41 and no response will be

21 provided.

22 **REQUEST FOR PRODUCTION NO. 117:**

23 ALL DOCUMENTS, including but not limited to logs, audits, lists, training

24 materials, and summaries, RELATING TO corrective action plans for HEALTH

25 CARE and/or custody staff.

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 117:**

27 Objection.  The request is duplicate of #40 and #42 and no response will be

28 provided.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

10

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-289

1    **REQUEST FOR PRODUCTION NO. 118:**

2        ALL DOCUMENTS and COMMUNICATIONS RELATING TO

3    INCARCERATED PERSONS receiving an incorrect type or dosage of medication

4    from HEALTH CARE STAFF or custody staff.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 118:**

6        Objection.  The request is a rephrasing of #43 and no response will be

7    provided.

8    **REQUEST FOR PRODUCTION NO. 119:**

9        DOCUMENTS sufficient to show the average waiting time between the time

10   an INCARCERATED PERSON is prescribed medication and the time the person

11   receives the prescribed medication.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 119:**

13       Objection.  The request is vague, ambiguous and overbroad and would require

14   a search of all medical records of every person ever incarcerated in the history of the

15   San Diego County jail system.

16   **REQUEST FOR PRODUCTION NO. 120:**

17       ALL DOCUMENTS, including but not limited to logs, audits, lists and

18   summaries, RELATING TO HEALTH CARE of INCARCERATED PERSONS

19   referred, seen, or transferred to ANY hospital or other outside HEALTH CARE

20   facility for the purpose of providing HEALTH CARE.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 120:**

22       Objection.  The request is vague, ambiguous and overbroad and would require

23   a search of all medical records of every person ever incarcerated in the history of the

24   San Diego County jail system. The request also seeks documents duplicative of #25

25   and will not be reproduced.

26   **REQUEST FOR PRODUCTION NO. 121:**

27       ALL DOCUMENTS, including but not limited to logs, audits, lists, and

28   summaries, showing the time when an INCARCERATED PERSON was referred

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                    11                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-290**

1  for HEALTH CARE outside the JAIL and the time when the INCARCERATED

2  PERSON was seen by the HEALTH CARE provider outside the JAIL.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

4      Objection.  The request is vague, ambiguous and overbroad and would require

5  a search of all medical records of every person ever incarcerated in the history of the

6  San Diego County jail system and the information may not be contained in medical

7  records at the jail facility because they are maintained by outside providers.  The

8  request also seeks documents duplicative of #25 and will not be reproduced.

9  **REQUEST FOR PRODUCTION NO. 122:**

10     DOCUMENTS sufficient to show the average time between when an

11  INCARCERATED PERSON was referred for outside HEALTH CARE and the time

12  when the INCARCERATED PERSON was seen by the outside HEALTH CARE

13  provider.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 122:**

15     Objection.  The request is vague, ambiguous and overbroad and would require

16  a search of all medical records of every person ever incarcerated in the history of the

17  San Diego County jail system and the information may not be contained in medical

18  records at the jail facility because they are maintained by outside providers.

19  **REQUEST FOR PRODUCTION NO. 123:**

20     ALL DOCUMENTS RELATED TO inspections, conducted by any entity or

21  person other than YOU, of facilities or practices at the JAIL, including those

22  RELATING TO HEALTH CARE.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

24     Objection.  The request is vague, ambiguous and overbroad.  It seeks

25  documents subject to the attorney client and work product privileges created during

26  and for this litigation.  It includes documents wholly unrelated to any subject matter

27  of the Third Amended Complaint.  There is no time limitation making it overbroad

28  and harassing in that an inspection conducted 10 years ago, 5 years or even 2 years

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    12                    Case No. 3:20-cv-00406-AJB-DDL
                                                        DEFENDANTS' RESPONSES REQUESTS FOR
                                                        PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-291

1  ago are included in the request and have no relevance or discoverable information

2  about current conditions.

3  **REQUEST FOR PRODUCTION NO. 124:**

4      ALL DOCUMENTS RELATING TO evaluations and assessments of

5  INCARCERATED PERSONS housed in MOB cells since January 1, 2021.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

7      Objection.   The request is vague, ambiguous and overbroad and would

8  require a search of all medical records for a 3 year time period with no relevance to

9  current conditions.  The request also seeks documents duplicative of #25 and will

10  not be reproduced.

11  **REQUEST FOR PRODUCTION NO. 125:**

12      ALL logs, spreadsheets, patient lists, and reports RELATING TO chronic

13  care, including but not limited to care for diabetes, hypertension or other

14  cardiovascular disease, hepatitis, HIV/AIDS, tuberculosis, cancer, neurological

15  disorders, OB/GYN, and MENTAL HEALTH.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

17      The request is vague, ambiguous and overbroad and would require a search of

18  all medical records of every person ever incarcerated in the history of the San Diego

19  County jail system.  The request also seeks documents duplicative of #25 and will

20  not be reproduced.

21  **REQUEST FOR PRODUCTION NO. 126:**

22      ALL DOCUMENTS RELATING to the process and criteria for and ANY

23  limitations on admitting INCARCERATED PERSONS to outside hospitals,

24  specialty clinics, or other medical providers, for the purpose of providing HEALTH

25  CARE.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

27      Objection.  The request is vague, ambiguous and overbroad and would require

28  a search of all medical records of every person ever incarcerated in the history of the

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    13                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-292**

1  San Diego County jail system.  Without waiving said objection and subject thereto,

2  documents reflecting current processes and criteria will be produced. The request

3  also seeks documents duplicative of #25 and will not be reproduced.

4  **REQUEST FOR PRODUCTION NO. 127:**

5      ALL DOCUMENTS RELATING to the process and criteria for and ANY

6  limitations on discharging INCARCERATED PERSONS from outside hospitals,

7  specialty clinics, or other medical providers, back to the JAIL after receiving

8  HEALTH CARE.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

10      Objection.  The request is vague, ambiguous and overbroad and would require

11  a search of all medical records of every person ever incarcerated in the history of the

12  San Diego County jail system.  Without waiving said objection and subject thereto,

13  documents reflecting current process will be produced.  The request also seeks

14  documents duplicative of #25 and will not be reproduced.

15  **REQUEST FOR PRODUCTION NO. 128:**

16      ALL DOCUMENTS RELATING TO any delays in admission of

17  INCARCERATED PERSONS into specialty clinics, or other HEALTH CARE

18  providers, for the purpose of providing HEALTH CARE.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

20      The request is vague, ambiguous and overbroad and would require a search of

21  all medical records of every person ever incarcerated in the history of the San Diego

22  County jail system.  The request also seeks documents duplicative of #25 and will

23  not be reproduced.

24  **REQUEST FOR PRODUCTION NO. 129:**

25      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

26  materials, and summaries, RELATING TO cancellation of HEALTH CARE

27  appointments.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

14

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-293

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

2         The request is vague, ambiguous and overbroad and would require a search of

3    all medical records of every person ever incarcerated in the history of the San Diego

4    County jail system. The request also seeks documents duplicative of #25 and will

5    not be reproduced.

6    **REQUEST FOR PRODUCTION NO. 130:**

7         ALL logs, spreadsheets, patient lists, and reports RELATING TO treatment

8    orders.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

10        The request is vague, ambiguous and overbroad and would require a search of

11   all medical records of every person ever incarcerated in the history of the San Diego

12   County jail system.

13   **REQUEST FOR PRODUCTION NO. 131:**

14        ALL logs, spreadsheets, patient lists, and reports RELATING TO sick call

15   requests.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 131:**

17        The request is vague, ambiguous and overbroad and would require a search of

18   all medical records of every person ever incarcerated in the history of the San Diego

19   County jail system.

20   **REQUEST FOR PRODUCTION NO. 132:**

21        ALL DOCUMENTS and COMMUNICATIONS RELATING TO

22   disagreements between CONTRACTORS and DEFENDANTS' EMPLOYEES

23   RELATING TO HEALTH CARE of INCARCERATED PERSONS.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 132:**

25        Objection.  Vague, ambiguous and overbroad.  The word "disagreements" is

26   so vague as to prevent any ability to search for responsive documents and any such

27   documents are irrelevant to any issue in the case.  A "disagreement" about any

28   aspect of care whether specific to an Incarcerated Person or not, has no relevance to

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                                15                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-294**

1  care actually received or current conditions.

2  **REQUEST FOR PRODUCTION NO. 133:**

3      ALL DOCUMENTS and COMMUNICATIONS RELATING TO

4  disagreements between HEALTH CARE STAFF and custody staff RELATING TO

5  HEALTH CARE, classification, or housing of INCARCERATED PERSONS.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 133:**

7      Objection.  Vague, ambiguous and overbroad.  The word "disagreements" is

8  so vague as to prevent any ability to search for responsive documents and any such

9  documents are irrelevant to any issue in the case.  A "disagreement" about any

10  aspect of care whether specific to an Incarcerated Person or not, has no relevance to

11  care actually received or current conditions.

12  **REQUEST FOR PRODUCTION NO. 134:**

13      ALL COMMUNICATIONS RELATING TO: (a) POLICIES AND

14  PROCEDURES at the JAIL; (b) amendments to POLICIES AND PROCEDURES

15  at the JAIL; and (c) drafts of POLICIES AND PROCEDURES at the JAIL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 134:**

17      Objection.  The overbroad, harassing and made in bad faith.  Policies,

18  amendments to polices and draft policies have been requested and produced

19  repeatedly including #1, 2, 3, 4, 7, 9, 10, 15, 17, 22, 24, 25, 26 and 27.  No further

20  response will be provided.

21  **REQUEST FOR PRODUCTION NO. 135:**

22      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the San

23  Diego County Citizens' Law Enforcement Review Board, including but not limited

24  to recommendations made by the San Diego County Citizens' Law Enforcement

25  Review Board.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 135:**

27      Objection.  The request is a rephrased version of #18, in response to which

28  CLERB documents in the custody, control and/or possession of responding party

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                16                Case No. 3:20-cv-00406-AJB-DDL
                                                   DEFENDANTS' RESPONSES REQUESTS FOR
                                                   PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-295

1  were produced.  No further response will be provided. Plaintiffs have also been

2  informed that CLERB takes the position that their records must be subpoenaed

3  directly through CLERB.

4  **REQUEST FOR PRODUCTION NO. 136:**

5      ALL COMMUNICATIONS with CONTRACTORS RELATING TO

6  POLICIES AND PROCEDURES.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 136:**

8      Objection.  The request is duplicative of #34.

9  **REQUEST FOR PRODUCTION NO. 137:**

10     ALL COMMUNICATIONS with CONTRACTORS RELATING TO

11  HEALTH CARE of INCARCERATED PERSONS from January 1, 2021 to present.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 137:**

13     Objection.  The request is vague, ambiguous and overbroad.  It potentially

14  covers thousands of documents that have no bearing on the subject matter of the this

15  litigation.  It would require a review of all medical records of every person ever

16  incarcerated for 3 years.  The request is duplicative of #34 and no documents will

17  reproduced.

18  **REQUEST FOR PRODUCTION NO. 138:**

19     ALL DOCUMENTS, including but not limited to logs, audits, lists, training

20  materials, and summaries, RELATING TO medication provided to

21  INCARCERATED PEOPLE at discharge from the JAIL.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 138:**

23     The request is vague, ambiguous and overbroad and would require a search of

24  all medical records of every person ever incarcerated and "discharged" from the jails

25  in the history of the San Diego County jail system.  The request also seeks

26  documents duplicative of #25 and will not be reproduced.

27  **REQUEST FOR PRODUCTION NO. 139:**

28     ALL DOCUMENTS RELATING TO the housing of INCARCERATED

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    17                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-296**

1    PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH

2    CARE, including but not limited to determinations of need for housing, evaluations

3    of housing, and requests for funding for MENTAL HEALTH CARE and

4    programming.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 139:**

6    The request is vague, ambiguous and overbroad and would require a search of

7    all medical and mental health records of every person ever incarcerated at the jails in

8    the history of the San Diego County jail system.  There are not now and never have

9    been any documents relating to "requests for funding" as to determinations of the

10   need for housing of any Incarcerated Person.

11   **REQUEST FOR PRODUCTION NO. 140:**

12   ALL DOCUMENTS sufficient to show the number of INCARCERATED

13   PERSONS with MENTAL DISORDERS or who received MENTAL HEALTH

14   CARE in EOH or Outpatient Step Down Unit housing by month since January 1,

15   2021.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 140:**

17   The request is vague, ambiguous and overbroad and would require a search of

18   all medical and mental health records of every person incarcerated at the jails in

19   from January 1, 2021 to the present.  It seeks information about individuals who are

20   not part of the class if they are not currently incarcerated (as of the date of the Class

21   Certification Order) and thus subject to privacy and HIPPA rights and historical

22   information has no bearing on any issue in the case which is about the current

23   conditions at the jail.

24   **REQUEST FOR PRODUCTION NO. 141:**

25   ALL logs RELATING TO INCARCERATED PERSONS placed in the

26   Outpatient Step Down Unit from January 1, 2021 to present.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 141:**

28   The request is vague, ambiguous and overbroad and would require a search of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                18                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-297**

1   all medical and mental health records of every person incarcerated at the jails in

2   from January 1, 2021 to the present.  It seeks information about individuals who are

3   not part of the class if they are not currently incarcerated (as of the date of the Class

4   Certification Order) and thus subject to privacy and HIPPA rights and historical

5   information has no bearing on any issue in the case which is about the current

6   conditions at the jail.

7   **REQUEST FOR PRODUCTION NO. 142:**

8       ALL DOCUMENTS RELATING TO evaluations and assessments of

9   INCARCERATED PERSONS placed in the Outpatient Step Down Unit from

10  January 1, 2021 to present.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 142:**

12      The request is vague, ambiguous and overbroad and would require a search of

13  all medical and mental health records of every person incarcerated at the jails in

14  from January 1, 2021 to the present.  It seeks information about individuals who are

15  not part of the class if they are not currently incarcerated (as of the date of the Class

16  Certification Order) and thus subject to privacy and HIPPA rights and historical

17  information has no bearing on any issue in the case which is about the current

18  conditions at the jail.  The request also seeks documents duplicative of #25 and will

19  not be reproduced.

20  **REQUEST FOR PRODUCTION NO. 143:**

21      ALL DOCUMENTS RELATING TO the discipline of INCARCERATED

22  PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH

23  CARE.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 143:**

25      The request is vague, ambiguous and overbroad and would require a search of

26  all medical and mental health records and/or custody files of every person

27  incarcerated at the jails in from January 1, 2021 to the present. It seeks information

28  about individuals who are not part of the class if they are not currently incarcerated

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    19                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-298

1  (as of the date of the Class Certification Order) and thus subject to privacy and

2  HIPPA rights and historical information has no bearing on any issue in the case

3  which is about the current conditions at the jail.

4  **REQUEST FOR PRODUCTION NO. 144:**

5       ALL DOCUMENTS RELATING to the process and criteria for and ANY

6  limitations on admitting INCARCERATED PERSONS with MENTAL

7  DISORDERS to outside hospitals, forensic facilities, or other psychiatric facilities,

8  including but not limited to the Department of State Hospital, for the purpose of

9  providing MENTAL HEALTH CARE.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 144:**

11       Objection.  Responding party does not make decisions about admissions of

12  Incarcerated Persons to outside hospitals, forensic facilities or other psychiatric

13  facilities.  The request also seeks documents duplicative of #25 and will not be

14  reproduced.

15  **REQUEST FOR PRODUCTION NO. 145:**

16       ALL DOCUMENTS RELATING to the process and criteria for and ANY

17  limitations on discharging INCARCERATED PERSONS with MENTAL

18  DISORDERS from outside hospitals, forensic facilities, or other psychiatric

19  facilities, including but not limited to the Department of State Hospital, back to the

20  JAIL after receiving MENTAL HEALTH CARE.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 145:**

22       Objection.  Responding party does not make decisions about discharging

23  Incarcerated Persons from outside hospitals, forensic facilities or other psychiatric

24  facilities. The request also seeks documents duplicative of #25 and will not be

25  reproduced.

26  **REQUEST FOR PRODUCTION NO. 146:**

27       ALL DOCUMENTS RELATING TO any delays in admission of

28  INCARCERATED PERSONS with MENTAL DISORDERS into outside hospitals,

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    20                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-299**

1  forensic facilities, or other psychiatric facilities, including but not limited to the

2  Department of State Hospital, for the purpose of providing MENTAL HEALTH

3  CARE.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 146:**

5      Objection.  The request is vague, ambiguous and overbroad and would require

6  a search of all medical records of every person ever incarcerated in the history of the

7  San Diego County jail system.  Without waiving said objection and subject thereto,

8  documents reflecting current processes and criteria will be produced.  The request

9  also seeks documents duplicative of #25 and will not be reproduced.

10 **REQUEST FOR PRODUCTION NO. 147:**

11      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

12 materials, and summaries, RELATING TO the identification, tracking, and/or

13 treatment of INCARCERATED PERSONS' MENTAL HEALTH CARE needs.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 147:**

15      The request is vague, ambiguous and overbroad and would require a search of

16 all medical and mental health records and/or custody files of every person

17 incarcerated at the jails for the entire history of the jails. It seeks information about

18 individuals who are not part of the class if they are not currently incarcerated (as of

19 the date of the Class Certification Order) and thus subject to privacy and HIPPA

20 rights and historical information has no bearing on any issue in the case which is

21 about the current conditions at the jail.  In addition, it is a rephrased duplicate of #25

22 and #41 and no further response will be provided.

23 **REQUEST FOR PRODUCTION NO. 148:**

24      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

25 materials, and summaries, RELATING TO the provision of a comprehensive

26 MENTAL HEALTH assessment for INCARCERATED PERSONS.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 148:**

28      The request is vague, ambiguous and overbroad and would require a search of

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                    21                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-300**

1  all medical and mental health records and/or custody files of every person

2  incarcerated at the jails for the entire history of the jails. It seeks information about

3  individuals who are not part of the class if they are not currently incarcerated (as of

4  the date of the Class Certification Order) and thus subject to privacy and HIPPA

5  rights and historical information has no bearing on any issue in the case which is

6  about the current conditions at the jail.  In addition, it is a rephrased duplicate of

7  #41, seeks documents duplicative of #25, and no further response will be provided.

8  **REQUEST FOR PRODUCTION NO. 149:**

9       ALL DOCUMENTS, including but not limited to logs, audits, lists, training

10  materials, and summaries, RELATING TO the assessing INCARCERATED

11  PERSONS for emergent or urgent MENTAL HEALTH CARE needs.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 149:**

13       The request is vague, ambiguous and overbroad and would require a search of

14  all medical and mental health records and/or custody files of every person

15  incarcerated at the jails for the entire history of the jails. It seeks information about

16  individuals who are not part of the class if they are not currently incarcerated (as of

17  the date of the Class Certification Order) and thus subject to privacy and HIPPA

18  rights and historical information has no bearing on any issue in the case which is

19  about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

20  seeks documents duplicative of #25, and no further response will be provided.

21  **REQUEST FOR PRODUCTION NO. 150:**

22       ALL DOCUMENTS, including but not limited to logs, audits, lists, training

23  materials, and summaries, RELATING TO the time between an INCARCERATED

24  PERSON is referred for MENTAL HEALTH CARE evaluation or care and the time

25  the INCARCERATED PERSON receives MENTAL HEALTH CARE evaluation or

26  care.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 150:**

28       The request is vague, ambiguous and overbroad and would require a search of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    22                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-301

1  all medical and mental health records and/or custody files of every person

2  incarcerated at the jails for the entire history of the jails. It seeks information about

3  individuals who are not part of the class if they are not currently incarcerated (as of

4  the date of the Class Certification Order) and thus subject to privacy and HIPPA

5  rights and historical information has no bearing on any issue in the case which is

6  about the current conditions at the jail.   In addition, it is a rephrased duplicate of

7  #41 and no further response will be provided.

8  **REQUEST FOR PRODUCTION NO. 151:**

9        ALL DOCUMENTS, including but not limited to logs, audits, lists, training

10  materials, and summaries, RELATING TO the number or percent of

11  INCARCERATED PEOPLE with MENTAL HEALTH CARE needs.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 151:**

13        The request is vague, ambiguous and overbroad and would require a search of

14  all medical and mental health records and/or custody files of every person

15  incarcerated at the jails for the entire history of the jails. It seeks information about

16  individuals who are not part of the class if they are not currently incarcerated (as of

17  the date of the Class Certification Order) and thus subject to privacy and HIPPA

18  rights and historical information has no bearing on any issue in the case which is

19  about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

20  seeks documents duplicative of #25, and no further response will be provided.

21  **REQUEST FOR PRODUCTION NO. 152:**

22        ALL DOCUMENTS, including but not limited to logs, audits, lists, training

23  materials, and summaries, and COMMUNICATIONS RELATING TO hiring

24  mental health staff, retaining existing staff, contracting with third-party providers,

25  diverting incarcerated people with mental illness to community providers, and/or

26  supporting mental health-based alternatives to incarceration.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 152:**

28        The request is vague, ambiguous and overbroad and would require a search of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

23

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-302

1  all medical and mental health records and/or custody files of every person

2  incarcerated at the jails for the entire history of the jails. It seeks information about

3  individuals who are not part of the class if they are not currently incarcerated (as of

4  the date of the Class Certification Order) and thus subject to privacy and HIPPA

5  rights and historical information has no bearing on any issue in the case which is

6  about the current conditions at the jail.  It is seeks private personnel files of mental

7  health personnel which will not be produced.  In addition, it is a rephrased duplicate

8  of #41, seeks documents duplicative of #25, and no further response will be

9  provided.

10  **REQUEST FOR PRODUCTION NO. 153:**

11      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

12  materials, and summaries, and COMMUNICATIONS RELATING TO the number

13  of patients on each MENTAL HEALTH CARE provider's caseload.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 153:**

15      The request is vague, ambiguous and overbroad and would require a search of

16  all medical and mental health records and/or custody files of every person

17  incarcerated at the jails for the entire history of the jails. It seeks information about

18  individuals who are not part of the class if they are not currently incarcerated (as of

19  the date of the Class Certification Order) and thus subject to privacy and HIPPA

20  rights and historical information has no bearing on any issue in the case which is

21  about the current conditions at the jail.  It is seeks private personnel files of mental

22  health personnel which will not be produced.  In addition, it is a rephrased duplicate

23  of #41, seeks documents duplicative of #25, and no further response will be

24  provided.

25  **REQUEST FOR PRODUCTION NO. 154:**

26      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

27  materials, and summaries, and COMMUNICATIONS RELATING TO custody staff

28  authorizing and/or making MENTAL HEALTH CARE decisions for

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    24              Case No. 3:20-cv-00406-AJB-DDL
                                                     DEFENDANTS' RESPONSES REQUESTS FOR
                                                     PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-303

1 INCARCERATED PERSONS, including as to housing assignments within

2 MENTAL HEALTH units at the JAIL.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 154:**

4      Custody staff do not make mental health care decisions and thus there are not

5 now and never have been any such documents.

6 **REQUEST FOR PRODUCTION NO. 155:**

7      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

8 materials, and summaries, RELATING TO continuing MENTAL HEALTH CARE

9 treatments and medications for INCARCERATED PERSONS who arrive at the

10 JAIL.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 155:**

12      The request is vague, ambiguous and overbroad and would require a search of

13 all medical and mental health records and/or custody files of every person

14 incarcerated at the jails for the entire history of the jails. It seeks information about

15 individuals who are not part of the class if they are not currently incarcerated (as of

16 the date of the Class Certification Order) and thus subject to privacy and HIPPA

17 rights and historical information has no bearing on any issue in the case which is

18 about the current conditions at the jail.  In addition, it is a rephrased duplicate of

19 #41, seeks documents duplicative of #25, and no further response will be provided.

20 **REQUEST FOR PRODUCTION NO. 156:**

21      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

22 materials, and summaries, RELATING TO MENTAL HEALTH CARE programs

23 for INCARCERATED PERSONS at the JAIL, including therapy and counseling.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 156:**

25      The request is vague, ambiguous and overbroad and would require a search of

26 all medical and mental health records and/or custody files of every person

27 incarcerated at the jails for the entire history of the jails. It seeks information about

28 individuals who are not part of the class if they are not currently incarcerated (as of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

25

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-304

1  the date of the Class Certification Order) and thus subject to privacy and HIPPA

2  rights and historical information has no bearing on any issue in the case which is

3  about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

4  seeks documents duplicative of #25, and no further response will be provided.

5  **REQUEST FOR PRODUCTION NO. 157:**

6      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

7  materials, and summaries, RELATING TO identifying, tracking, and or treating

8  INCARCERATED PERSONS' MENTAL HEALTH needs according to a level of

9  care system.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 157:**

11      The request is vague, ambiguous and overbroad and would require a search of

12  all medical and mental health records and/or custody files of every person

13  incarcerated at the jails for the entire history of the jails. It seeks information about

14  individuals who are not part of the class if they are not currently incarcerated (as of

15  the date of the Class Certification Order) and thus subject to privacy and HIPPA

16  rights and historical information has no bearing on any issue in the case which is

17  about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

18  seeks documents duplicative of #25, and no further response will be provided.

19  **REQUEST FOR PRODUCTION NO. 158:**

20      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

21  materials, and summaries, RELATING TO monitoring and following-up with

22  INCARCERATED PERSONS who have MENTAL HEALTH needs.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 158:**

24      The request is vague, ambiguous and overbroad and would require a search of

25  all medical and mental health records and/or custody files of every person

26  incarcerated at the jails for the entire history of the jails. It seeks information about

27  individuals who are not part of the class if they are not currently incarcerated (as of

28  the date of the Class Certification Order) and thus subject to privacy and HIPPA

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    26                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-305

1  rights and historical information has no bearing on any issue in the case which is

2  about the current conditions at the jail. In addition, it is a rephrased duplicate of #41,

3  seeks documents duplicative of #25, and no further response will be provided.

4  **REQUEST FOR PRODUCTION NO. 159:**

5      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

6  materials, and summaries, RELATING TO housing suicidal INCARCERATED

7  PERSONS in isolation.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 159:**

9      The request is vague, ambiguous and overbroad and would require a search of

10  all medical and mental health records and/or custody files of every person

11  incarcerated at the jails for the entire history of the jails. It seeks information about

12  individuals who are not part of the class if they are not currently incarcerated (as of

13  the date of the Class Certification Order) and thus subject to privacy and HIPPA

14  rights and historical information has no bearing on any issue in the case which is

15  about the current conditions at the jail.  The request is duplicative of #20 and #23

16  and no further response will be provided.

17  **REQUEST FOR PRODUCTION NO. 160:**

18      ALL grievances and responses thereto RELATING TO suicidal

19  INCARCERATED PERSONS housed in isolation.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 160:**

21      Objection.  Vague, ambiguous and overbroad.  "Relating to" a suicidal person

22  is impossible to search.  Responding party would have no possible way of knowing

23  that a person was or was not suicidal at the time a grievance was filed or responded

24  to.  The fact of a grievance by a suicidal person does not equate to being "suicidal"

25  at the time a grievance was written or responded to.

26  **REQUEST FOR PRODUCTION NO. 161:**

27      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

28  materials, and summaries, RELATING TO follow-up care for INCARCERATED

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

27

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-306

1  PERSONS discharged from the Inmate Safety Program.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 161:**

3      The request is vague, ambiguous and overbroad and would require a search of

4  all medical and mental health records and/or custody files of every person

5  incarcerated at the jails for the entire history of the jails. It seeks information about

6  individuals who are not part of the class if they are not currently incarcerated (as of

7  the date of the Class Certification Order) and thus subject to privacy and HIPPA

8  rights and historical information has no bearing on any issue in the case which is

9  about the current conditions at the jail.

10  **REQUEST FOR PRODUCTION NO. 162:**

11      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

12  materials, and summaries, RELATING TO INCARCERATED PERSONS with

13  acute MENTAL HEALTH CARE needs.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 162:**

15      The request is vague, ambiguous and overbroad and would require a search of

16  all medical and mental health records and/or custody files of every person

17  incarcerated at the jails for the entire history of the jails. It seeks information about

18  individuals who are not part of the class if they are not currently incarcerated (as of

19  the date of the Class Certification Order) and thus subject to privacy and HIPPA

20  rights and historical information has no bearing on any issue in the case which is

21  about the current conditions at the jail.

22  **REQUEST FOR PRODUCTION NO. 163:**

23      ALL DOCUMENTS RELATED TO agreements and/or contracts with

24  outside MENTAL HEALTH CARE providers for the referral of INCARCERATED

25  PEOPLE with MEDICAL and MENTAL HEALTH CARE needs to receive care,

26  including when the JAIL lacks personnel and/or housing options to provide

27  necessary care.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

28

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-307

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

2  Objection.  The request is a duplicate of #42 and no further response will be

3  provided.

4  **REQUEST FOR PRODUCTION NO. 164:**

5  ALL DOCUMENTS, including but not limited to logs, audits, lists, training

6  materials, and summaries, RELATED TO the placement of INCARCERATED

7  PEOPLE with MENTAL HEALTH DISORDERS and/or intellectual

8  DISABILITIES in administrative segregation.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

10  The request is vague, ambiguous and overbroad and would require a search of

11  all medical and mental health records and/or custody files of every person

12  incarcerated at the jails for the entire history of the jails. It seeks information about

13  individuals who are not part of the class if they are not currently incarcerated (as of

14  the date of the Class Certification Order) and thus subject to privacy and HIPPA

15  rights and historical information has no bearing on any issue in the case which is

16  about the current conditions at the jail.  The request also seeks documents

17  duplicative of #25 and will not be reproduced.

18  **REQUEST FOR PRODUCTION NO. 165:**

19  ALL DOCUMENTS, including but not limited to logs, audits, lists, training

20  materials, and summaries, RELATED TO the provision of MENTAL HEALTH

21  CARE for INCARCERATED PEOPLE with MENTAL HEALTH CARE needs in

22  administrative segregation or other isolation housing.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

24  The request is vague, ambiguous and overbroad and would require a search of

25  all medical and mental health records and/or custody files of every person

26  incarcerated at the jails for the entire history of the jails. It seeks information about

27  individuals who are not part of the class if they are not currently incarcerated (as of

28  the date of the Class Certification Order) and thus subject to privacy and HIPPA

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                29                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-308

rights and historical information has no bearing on any issue in the case which is about the current conditions at the jail.  In addition, it is a rephrased duplicate of #41, seeks documents duplicative of #25, and no further response will be provided.

**REQUEST FOR PRODUCTION NO. 166:**

ALL DOCUMENTS, including but not limited to logs, audits, lists and summaries, RELATING TO screening, assessment, identification, tracking of INCARCERATED PEOPLE with DISABILITIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

The request is vague, ambiguous and overbroad and would require a search of all medical and mental health records and/or custody files of every person incarcerated at the jails for the entire history of the jails. It seeks information about individuals who are not part of the class if they are not currently incarcerated (as of the date of the Class Certification Order) and thus subject to privacy and HIPPA rights and historical information has no bearing on any issue in the case which is about the current conditions at the jail.  The request is duplicative of #4 and no further response will be provided.

**REQUEST FOR PRODUCTION NO. 167:**

ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO programs and services for INCARCERATED PEOPLE with DISABILITIES.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Objection.  The request is vague, ambiguous and overbroad.  It could encompass hundreds of thousands of documents because every single aspect of being incarcerated is a "program and a service" provided by responding parties.

**REQUEST FOR PRODUCTION NO. 168:**

ALL DOCUMENTS and COMMUNICATIONS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the accessibility of physical spaces at the JAIL for INCARCERATED PEOPLE with

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                                30                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-309

1  DISABILITIES.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 168:**

3      Objection.  The request is vague, ambiguous and overbroad.  It could

4  encompass thousands of documents about physical accessibility for 7 jail facilities.

5  Objection.  The request seeks documents subject to the attorney client and attorney

6  work product privileges created during and as part of this litigation and will not be

7  produced.  The request is duplicative of #1, 2, 5, 6, 7, 50, 54, 56, 59, 60, 61, 63, and

8  76, each request for inspection of a facility served by Plaintiffs (8 total) seeking

9  floor plans and architectural plans.  No further response will be provided.

10  **REQUEST FOR PRODUCTION NO. 169:**

11      ALL DOCUMENTS and COMMUNICATIONS, including but not limited to

12  logs, audits, lists, training materials, and summaries, RELATING TO any grievance

13  system for INCARCERATED PEOPLE with DISABILITIES.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 169:**

15      The request is vague, ambiguous and overbroad and would require a search of

16  all grievance records of every person incarcerated at the jails for the entire history of

17  the jails. It seeks information about individuals who are not part of the class if they

18  are not currently incarcerated (as of the date of the Class Certification Order) and

19  thus subject to privacy and HIPPA rights and historical information has no bearing

20  on any issue in the case which is about the current conditions at the jail.  The request

21  is duplicative of #2, 3, 35, 36, 73, and no further response will be provided.

22  **REQUEST FOR PRODUCTION NO. 170:**

23      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

24  materials, and summaries, RELATING TO court orders requiring the

25  accommodation of INCARCERATED PEOPLE with DISABILITIES.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 170:**

27      Objection.  The request duplicates #44 and 45 and a further response will not

28  be provided.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                31                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-310

1  **REQUEST FOR PRODUCTION NO. 171:**

2      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

3  materials, and summaries, RELATING TO electrical and plumbing hazards at the

4  JAIL.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 171:**

6      Objection.  The request is vague, ambiguous, overbroad and harassing.  It

7  seeks documents relating to undefined "hazards" for every facility for the entire

8  history of the jail system.  It is unrelated to any claim alleged in the Third Amended

9  Complaint and for which Plaintiffs have no basis for a claim justifying discovery.

10  The request duplicates #74 and no further response will be provided.

11  **REQUEST FOR PRODUCTION NO. 172:**

12      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

13  materials, and summaries, RELATING TO laundry, clothes, and linens.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 172:**

15      Objection.  The request is vague, ambiguous, overbroad and harassing.  The

16  request is a rephrased version of #25 and #26 and no further response will be

17  provided.

18  **REQUEST FOR PRODUCTION NO. 173:**

19      ALL contracts RELATING to vector and vermin control, plumbing repair,

20  electrical repair, pest control, and other maintenance at the JAIL.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 173:**

22      Objection.  The request is overbroad, burdensome and harassing and seeks

23  documents for the entire history of the jail system and duplicates request No. 74,

24  171 and 174 and no further response will be provided.

25  **REQUEST FOR PRODUCTION NO. 174:**

26      ALL DOCUMENTS RELATING TO vector and vermin control and pest

27  control at the JAIL, including but not limited to any pest control specialist logs and

28  reports.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

32

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-311

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 174:**

2      Objection.  The request is overbroad, burdensome and harassing and seeks

3  documents for the entire history of the jail system and duplicates request No. 74 and

4  173 and no further response will be provided.

5  **REQUEST FOR PRODUCTION NO. 175:**

6      ALL DOCUMENTS, including but not limited to logs and audits,

7  RELATING TO trash collection and removal from housing units in the JAIL.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 175:**

9      Objection.  The request is overbroad, burdensome and harassing and seeks

10  documents for the entire history of the jail system and duplicates request No. 74 and

11  173 and no further response will be provided.

12  **REQUEST FOR PRODUCTION NO. 176:**

13      ALL DOCUMENTS, including but not limited to logs and audits,

14  RELATING TO sanitization of cells, including but not limited to cleaning of human

15  waste and bodily fluids.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 176:**

17      Objection.  The request is overbroad, burdensome and harassing and seeks

18  documents for the entire history of the jail system and duplicates request No. 173

19  and no further response will be provided.

20  **REQUEST FOR PRODUCTION NO. 177:**

21      ALL DOCUMENTS (including internal or external reviews or audits),

22  POLICIES AND PROCEDURES, and COMMUNICATIONS RELATING TO

23  YOUR compliance with the Prison Rape Elimination Act, 42 U.S.C. §§ 15601 et

24  seq., and/or its implementing regulations and standards.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 177:**

26      Objection.  Policies and procedures have previously been requested and

27  produced and they will not be re-produced in response to this request.  "All

28  documents" is overbroad, burdensome and harassing and responding party will not

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                33                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-312**

1  provide a response including "all documents" as defined by Plaintiffs.  Without

2  waiving said objections and subject thereto, any documents not previously produced

3  other than policies, procedures and green sheets regarding implementation

4  regulations and standards, will be produced.

5  **REQUEST FOR PRODUCTION NO. 178:**

6      The Prison Rape Elimination Act Coordinator's sexual assault incident file.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 178:**

8      Objection.  The request seeks information subject to the privacy rights of

9  individuals who may not want the information revealed.  It is highly sensitive and

10 will only be produced without names or other information which would identify the

11 persons involved, only those incidents from January 1, 2022 to the present, only a

12 list of such incidents, and subject to attorneys eyes only.

13 **REQUEST FOR PRODUCTION NO. 179:**

14     ALL DOCUMENTS, including but not limited to logs, audits, lists, training

15 materials, and summaries, RELATING TO contraband narcotics.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 179:**

17     Objection.  The request seeks thousands of documents over the entire history

18 of the San Diego County jail systems.  Only those documents relating to present

19 conditions are relevant to the subject matter of the Third Amended Complaint which

20 seeks an injunction for current conditions.  Numerous changes have been made to

21 processes related to contraband narcotics and thus information will be limited to the

22 last 6 months, no documents identifying individual names will be provided and only

23 those documents evidencing prevention efforts, means and methods will be

24 produced.

25 **REQUEST FOR PRODUCTION NO. 180:**

26     ALL DOCUMENTS, including but not limited to logs, audits, lists, training

27 materials, and summaries, RELATING TO the timeliness and/or adequacy of safety

28 checks.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

34

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-313

**RESPONSE TO REQUEST FOR PRODUCTION NO. 180:**

Objection.  The request seeks documents requested numerous times in the form of policies and procedures.  In addition, the request seeks documents for the entire history of the San Diego County jail system which are irrelevant to any issue in this case.  The issue in the case is an injunction to address current conditions in the jails.  No documents already produced regarding policies and procedures with be reproduced.  The request is vague, ambiguous and overbroad in that it covers potentially thousands of pages of documents regarding safety checks created over the history of the jail and no documents will be produced without significant narrowing of the scope to what is pertinent to the issues in the Third Amended Complaint.  Policies, procedures and green sheets have already been produced in response to #25 and 26 and will not be reproduced.

**REQUEST FOR PRODUCTION NO. 181:**

ALL DOCUMENTS RELATING TO housing classification, including but not limited to housing plans and matrices; lists and floorplans of housing units; DOCUMENTS reflecting the purpose and capacity of each room in each housing unit; forms used by JAIL staff to classify and re-classify INCARCERATED PERSONS for general population, protective custody, and administrative segregation housing; and DOCUMENTS reflecting the criteria and eligibility for general population housing determinations; protective custody housing determinations, and administrative segregation housing determinations. Policies, procedures and green sheets have already been produced in response to #25 and 26 and will not be reproduced.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 181:**

Objection.  The request is overbroad, vague and ambiguous.  It requests hundreds of thousands of documents over the entire history of the San Diego County jail facilities, policies and procedures already produced, and wholly unrelated categories of documents such as housing determinations vs. floor plans.  Floor plans

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

35

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-314

1  have been requested previously in all 8 of the inspection requests served by

2  Plaintiffs and no further response will be provided.

3  **REQUEST FOR PRODUCTION NO. 182:**

4      ALL DOCUMENTS, including but not limited to logs, audits, and training

5  materials, RELATING TO YOUR EMPLOYEES' response, including response

6  times, to emergency intercom use by INCARCERATED PERSONS.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 182:**

8      Objection.  The request is vague, ambiguous and overbroad and seeks

9  thousands of pages of documents spanning the entire history of the San Diego

10  County jail facilities and review of all custody files for every person every

11  incarcerated at the jails in its entire history.  Policies, procedures and green sheets

12  have already been produced in response to #25 and 26 will not be reproduced.

13  **REQUEST FOR PRODUCTION NO. 183:**

14      ALL DOCUMENTS, including but not limited to logs and audits,

15  RELATING TO intercoms in housing units at the JAIL, including but not limited to

16  maintenance and repair of intercoms, contracts RELATING TO intercoms, and

17  internal and/or third-party reports or analyses RELATING TO the efficacy and/or

18  operation of intercoms.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 183:**

20      Objection.  The request is vague, ambiguous and overbroad and seeks

21  thousands of pages of documents spanning the entire history of the San Diego

22  County jail facilities and review of all custody files for every person every

23  incarcerated at the jails in its entire history.  The request is duplicative of #182 and

24  #173.

25  **REQUEST FOR PRODUCTION NO. 184:**

26      ALL DOCUMENTS RELATING TO general population housing

27  determinations, protective custody determinations, and administrative segregation

28  housing determinations for INCARCERATED PERSONS in the JAIL.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                    36                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-315

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 184:**

2      Objection.  The request is duplicative of all prior requests for policies,

3  procedures and green sheets.  The request is duplicative of #25, 26, 32, 33, 47, 50,

4  51, 175, 181 and 183.  No further response will be provided.

5  **REQUEST FOR PRODUCTION NO. 185:**

6      A blank examples of ALL forms used for housing classification, general

7  population housing determinations, protective custody determinations, and

8  administrative segregation housing determinations for INCARCERATED

9  PERSONS in the JAIL.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 185:**

11      Objection.  The request is duplicative of all prior requests for policies,

12  procedures and green sheets.  The request is duplicative of #32, 33, 47, 50, 51, 175,

13  181 and 183.  No further response will be provided.

14  **REQUEST FOR PRODUCTION NO. 186:**

15      ALL DOCUMENTS RELATING TO housing classification, general

16  population housing determinations, protective custody determinations, and

17  administrative segregation housing determinations for PLAINTIFFS in the JAIL

18  from January 1, 2013 to the present.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 186:**

20      Objection.  The request is burdensome, oppressive and harassing.  Conditions

21  at the jail 10 years ago are irrelevant.  The only relevant time period is the present.

22  In addition, the request is duplicative of all prior requests for policies, procedures

23  and green sheets.  The request is duplicative of #25, 26, 32, 33, 47, 50, 51, 175, 181

24  and 183.  No further response will be provided.

25  **REQUEST FOR PRODUCTION NO. 187:**

26      ALL DOCUMENTS, including but not limited to logs, audits, lists, and

27  summaries, showing the number of assaults, dates of assaults, use of any weapon(s)

28  in assaults, involvement of EMPLOYEES or INCARCERATED PERSONS in

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

37

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-316

1  assaults, nature of injury(ies) sustained in assaults, and cause(s) of injury(ies)

2  sustained in assaults for each assault involving an INCARCERATED PERSON.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 187:**

4      Objection.  The request is a duplicate of #75, 79 and 80.  No further response

5  will be provided.

6  **REQUEST FOR PRODUCTION NO. 188:**

7      For each INCARCERATED PERSON who received medical attention for

8  injury(ies) sustained during or related to an assault, ALL investigative reports,

9  incident reports, and medical records related to those assaults from January 1, 2021

10  to the present.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 188:**

12      Objection.  The request is a duplicate of #75, 79 and 80.  No further response

13  will be provided.

14  **REQUEST FOR PRODUCTION NO. 189:**

15      ALL DOCUMENTS and COMMUNICATIONS RELATING TO ANY claim

16  for workers' compensation filed by INCARCERATED PERSONS or JAIL

17  EMPLOYEES in relation to injuries incurred in the course of employment at the

18  JAIL.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 189:**

20      Objection.  The request seeks information irrelevant to the subject matter of

21  the Third Amended Complaint and designed solely to harass responding party.

22  Workers' compensation claims are covered by the Worker's Compensation Act and

23  governed exclusively thereby.  An employee may not seek additional redress.  No

24  response will be provided.

25  **REQUEST FOR PRODUCTION NO. 190:**

26      ALL DOCUMENTS RELATING TO understaffing (employing fewer

27  positions than required, allocated, and/or scheduled) of EMPLOYEES at the JAIL

28  from January 1, 2021 to the present.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                        38              Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-317

**RESPONSE TO REQUEST FOR PRODUCTION NO. 190:**

Objection.  The request is a duplicate of #39 and 96 and no further response will be provided.

**REQUEST FOR PRODUCTION NO. 191:**

ALL DOCUMENTS RELATING TO the following for each existing EMPLOYEE position at the JAIL: the number of allocated positions, the number of hours required for each position, the number of vacancies and the duration of vacancies for each position, and STAFFING PLANS RELATING TO each position at the JAIL from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 191:**

Objection.  The request is a duplicate of #39, 96 and 191 and no further response will be provided.

**REQUEST FOR PRODUCTION NO. 192:**

ALL DOCUMENTS RELATING TO the following for each existing EMPLOYEE position at the JAIL: the number of EMPLOYEES present for work in each position for each shift, the number of absences for each position for each shift, and the duration of any absences for each shift from January 1, 2022 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 192:**

Objection.  The request is a duplicate of #39, 96 and 191 and no further response will be provided.

**REQUEST FOR PRODUCTION NO. 193:**

ALL DOCUMENTS RELATING TO body scanners at the JAIL, including but not limited to DOCUMENTS RELATING TO body scanning software, maintenance and repair of body scanners, contracts related to body scanners, POLICIES AND PROCEDURES related to the use of body scanners, and internal and/or third-party reports regarding the efficacy and/or utility of body scanners.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 193:**

Objection to the extent all policies and procedures have already been

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

39

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-318**

1   requested and produced in response to #25 and 26 and they will not be reproduced.

2   Objection to the extent the request seeks documents in Incarcerated Person custody

3   files and seeks documents more than 6 months back.  No custody file information

4   will be search or provided as it has no bearing on any issue in the Third Amended

5   Complaint.  Without waiving said objections and subject thereto, documents relating

6   to software, maintenance, and repairs, including contracts in the custody, control

7   and/or possession of responding party will be produced.

8   **REQUEST FOR PRODUCTION NO. 194:**

9        ALL DOCUMENTS and COMMUNICATIONS RELATING TO use of

10  body scanners on YOUR EMPLOYEES when they enter the JAIL.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 194:**

12       Objection.  The request is duplicate of #193 and is overbroad, vague and

13  ambiguous as to "Communications Relating to".  The type of system, use and

14  operability are the only issues in the case and "every communication" is nothing

15  more than harassment.  Policies and procedures have already been produced in

16  response to #25 and 26 and will not be reproduced. No further response will be

17  provided without significant narrowing by Plaintiffs.

18  **REQUEST FOR PRODUCTION NO. 195:**

19       ALL DOCUMENTS RELATING TO video cameras and body-worn cameras

20  at the JAIL, including but not limited to DOCUMENTS RELATING TO video

21  camera and/or body-worn camera software, maintenance and repair of video

22  cameras and/or body-worn cameras, contracts related to video cameras and/or body-

23  worn cameras, POLICIES AND PROCEDURES related to the use of video cameras

24  and/or body-worn cameras, and internal and/or third-party reports regarding the

25  efficacy and/or utility of video cameras and/or body-worn cameras.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 195:**

27       Objection.  The request is burdensome, oppressive and harassing.  Body worn

28  video will not be produced as being unrelated to any issue in the case.  Policies and

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                40                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-319

procedures have already been produced in response to #25 and 26 and will not be reproduced. No information more than 6 months old will be produced. No reports will be produced as the reference is vague, ambiguous and overbroad and unintelligible to enabled a reasonable search. Without waiving said objections and subject thereto, responding party will produce documents regarding the software and maintenance of the body worn video and cameras only.

**REQUEST FOR PRODUCTION NO. 196:**

ALL DOCUMENTS RELATING TO the analysis, study, or adequacy of staffing levels at the JAIL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 196:**

Objection. The request is burdensome, harassing and overbroad based upon the numerous previously requests for this information and the unlimited time frame. No response will be provided.

**REQUEST FOR PRODUCTION NO. 197:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO all grievances or complaints filed by the Deputy Sheriffs' Association of San Diego County alleging or RELATING TO any matter of JAIL employment, including but not limited to wage grievances, overtime grievances, supervisory practices grievances, disciplinary grievances, retaliation grievances, and allegations of violations of union or other contract rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 197:**

Objection. The information is not subject to discovery as being unrelated to any issue in the case and intended to harass and annoy responding parties in bad faith.

**REQUEST FOR PRODUCTION NO. 198:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO "bypass" or "lockdown" punishments and/or practices at the JAIL, including all instances when an EMPLOYEE denies out-of-cell time to an INCARCERATED PERSON.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

41

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-320

**RESPONSE TO REQUEST FOR PRODUCTION NO. 198:**

Objection. The request is burdensome, harassing and overbroad. It would require a search of custody files for every Incarcerated Person for the entire history of the San Diego County jail system. Policies and procedures have already been produced in response to #25 and 26 and will not be reproduced. No response will be provided.

**REQUEST FOR PRODUCTION NO. 199:**

ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of the incidents referenced in the filing at Docket No. 344 in this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 199:**

Objection. Responding party does not know what incident is referenced in Docket No. 344 and without a date and name of Incarcerated Person, the request is burdensome, harassing and made in bad faith.

**REQUEST FOR PRODUCTION NO. 200:**

ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO Christopher Cunningham (Booking No. 23729037).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 200:**

Objection. The request is vague, ambiguous and overbroad. Without a specific date to enable a search, no response will be provided.

**REQUEST FOR PRODUCTION NO. 201:**

ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO Shawn Fuller (Booking No. 23727577).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 201:**

Objection. The request is vague, ambiguous and overbroad. Without a specific date to enable a search, no response will be provided.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

42

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-321

1  **REQUEST FOR PRODUCTION NO. 202:**

2      ALL DOCUMENTS, including but not limited to video footage captured by

3  body-worn cameras, of any incidents RELATING TO PLAINTIFFS.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 202:**

5      Objection.  The request is vague, ambiguous and overbroad.  Without a

6  specific date to enable a search, no response will be provided.

7  **REQUEST FOR PRODUCTION NO. 203:**

8      ALL DOCUMENTS RELATING TO incidents, complaints, and

9  investigations of EMPLOYEES' failure to intervene against another EMPLOYEE

10  using force that is clearly unreasonable or excessive, as described in California

11  Penal Code Section 832.7(b)(1)(A)(iv), at the JAIL, regardless whether the

12  allegation was sustained or unsustained.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 203:**

14      Objection.  The records are equally available and have previously been

15  requested in #80 and will not be reproduced.

16  **REQUEST FOR PRODUCTION NO. 204:**

17      ALL DOCUMENTS RELATING TO incidents, complaints, and

18  investigations of discharge of a firearm by YOUR EMPLOYEES at the JAIL, as

19  described in California Penal Code Section 832.7(b)(1)(A)(i).

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 204:**

21      Objection.  The records are equally available and have previously been

22  requested in #80 and will not be reproduced.

23  **REQUEST FOR PRODUCTION NO. 205:**

24      ALL DOCUMENTS RELATING TO incidents, complaints, and

25  investigations of sexual assault, as that term is defined in California Penal Code

26  Section 832.7(b)(1)(B)(ii), by YOUR EMPLOYEES at the JAIL, regardless whether

27  the allegation was sustained or unsustained.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    43                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-322

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 205:**

2      Objection.  The records are equally available and have previously been

3 requested in #80 and will not be reproduced.

4 **REQUEST FOR PRODUCTION NO. 206:**

5      ALL DOCUMENTS RELATING TO incidents, complaints, and

6 investigations of dishonesty by YOUR EMPLOYEES, as described in California

7 Penal Code Section 832.7(b)(1)(C), at the JAIL, regardless whether the allegation

8 was sustained or unsustained.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 206:**

10      Objection.  The request seeks documents which are irrelevant to any issues

11 raised in the Third Amended Complaint and the request is intended for no purpose

12 other than to harass and annoy responding parties.  No response will be provided.

13 **REQUEST FOR PRODUCTION NO. 207:**

14      ALL DOCUMENTS RELATING TO incidents, complaints, and

15 investigations of prejudice or discrimination by YOUR EMPLOYEES at the JAIL,

16 as described in California Penal Code Section 832.7(b)(1)(C), regardless whether

17 the allegation was sustained or not sustained.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 207:**

19      Objection.  The request seeks documents which are irrelevant to any issues

20 raised in the Third Amended Complaint and the request is intended for no purpose

21 other than to harass and annoy responding parties.  No response will be provided.

22 **REQUEST FOR PRODUCTION NO. 208:**

23      ALL DOCUMENTS RELATING TO tracking incidents of YOUR

24 EMPLOYEES using force against INCARCERATED PERSONS at the JAIL.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 208:**

26      Objection.  The request seeks documents which have already been requested

27 multiple times including #80.  No response will be provided.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

44

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-323

1  **REQUEST FOR PRODUCTION NO. 209:**

2      ALL DOCUMENTS sufficient to show the average daily population at the

3  JAIL by month.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 209:**

5      Objection.  The request seeks information irrelevant to any issue in the case

6  and publicly available as evidenced by Plaintiffs inclusion of such information in the

7  Motion to Certify the Class Action.  The request is made in bad faith.

8  **REQUEST FOR PRODUCTION NO. 210:**

9      ALL DOCUMENTS RELATING TO the security levels of ALL housing

10  units at the JAIL (sometimes called a housing matrix or plan).

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 210:**

12      Any such documents limited to "housing matrix or plan" documents in the

13  custody, control and/or possession of responding party will be provided.

14  **REQUEST FOR PRODUCTION NO. 211:**

15      ALL DOCUMENTS and COMMUNICATIONS RELATING TO

16  overcrowding of INCARCERATED PERSONS, including but not limited to

17  housing one or more INCARCERATED PERSONS in housing units that exceed

18  their rated capacities.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 211:**

20      Overcrowding is not at issue in the Third Amended Complaint and no

21  response will be provided.

22  **REQUEST FOR PRODUCTION NO. 212:**

23      ALL DOCUMENTS RELATING TO overcrowding of INCARCERATED

24  PERSONS, including but not limited to housing one or more INCARCERATED

25  PERSONS in housing units that exceed their rated capacities.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 212:**

27      Overcrowding is not at issue in the Third Amended Complaint and no

28  response will be provided.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

45

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-324

1  **REQUEST FOR PRODUCTION NO. 213:**

2      ALL DOCUMENTS RELATING TO efforts to protect INCARCERATED

3  PERSONS from accessing illegal drugs while at the JAIL.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 213:**

5      Objection.  The request seeks documents previously requested including #25,

6  26 and 179. No further response will be provided.

7  **REQUEST FOR PRODUCTION NO. 214:**

8      ALL DOCUMENTS RELATING TO training staff how to respond to drug

9  overdoses.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 214:**

11     Objection.  The request seeks documents previously requested in #25 and 26,

12 179 and 213.  No further response will be provided.

13 **REQUEST FOR PRODUCTION NO. 215:**

14     ALL DOCUMENTS RELATING TO training staff how to screen for, detect,

15 and prevent contraband at the JAIL, including but not limited to the use of body

16 scanners.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 215:**

18     Objection.  The request seeks documents previously requested in #25, 26,

19 179, 213 and 214.  No further response will be provided.

20 **REQUEST FOR PRODUCTION NO. 216:**

21     ALL DOCUMENTS that list or summarize contraband at the JAIL.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 216:**

23     Objection.  The request seeks documents previously requested in #25, 26,

24 179, 213, 214 and 215. No further response will be provided.

25 **REQUEST FOR PRODUCTION NO. 217:**

26     ALL DOCUMENTS and COMMUNICATIONS RELATING TO emotional,

27 verbal, or physical abuse of an INCARCERATED PERSON by YOUR

28 EMPLOYEES.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                              46                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-325**

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 217:**

2    Objection.  The request seeks documents previously requested in #80.  The

3 phrase "emotional, verbal . . . abuse" is impossible to respond to and will not be

4 searched.  No further response will be provided.

5 **REQUEST FOR PRODUCTION NO. 218:**

6    ALL DOCUMENTS RELATING TO discipline of YOUR EMPLOYEES at

7 the JAIL, including all disciplinary records.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 218:**

9    Objection.  The request seeks documents previously requested in #43 and #80

10 relating to excessive force.  No further response will be provided.

11 **REQUEST FOR PRODUCTION NO. 219:**

12    ALL DOCUMENTS and COMMUNICATIONS RELATING TO locations in

13 the JAIL that INCARCERATED PERSONS may access but are not monitored by

14 video cameras, including but not limited to the area described as "the pocket."

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 219:**

16    Objection.  The request is vague, ambiguous and overbroad by use of the

17 words "documents" and "communications".  Without waiving said objections and

18 subject thereto, any documents in responding parties custody, control and/or

19 possession sufficient to identify  "pocket" areas will be produced.

20 **REQUEST FOR PRODUCTION NO. 220:**

21    ALL DOCUMENTS RELATING TO the extraction of an INCARCERATED

22 PERSON's tooth or teeth, including but not limited to requests for alternative

23 treatments or offering of alternative treatment options to the INCARCERATED

24 PERSON.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 220:**

26    Objection.  The request seeks review of thousands of pages of Incarcerated

27 Person Medical records for the entire history of the San Diego Sheriff's Department

28 jail system.  The request is burdensome, oppressive and harassing.  Policies and

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

47

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-326**

1    procedures have already been produced in response to #25 and 26 and will not be

2    reproduced.  No further response will be provided.

3    **REQUEST FOR PRODUCTION NO. 221:**

4         ALL DOCUMENTS RELATING TO the provision or prescription of

5    medication, including but not limited to antibiotic medication, to INCARCERATED

6    PERSONS for the purpose of treating, managing, or alleviating dental pain or

7    swelling.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 221:**

9         Objection.  The request seeks review of thousands of pages of Incarcerated

10   Person Medical records for the entire history of the San Diego Sheriff's Department

11   jail system.  The request is burdensome, oppressive and harassing.  Policies and

12   procedures have already been produced in response to #25 and 26 and will not be

13   reproduced.  No further response will be provided.

14   **REQUEST FOR PRODUCTION NO. 222:**

15        DOCUMENTS sufficient to show (a) the average waiting time between the

16   time an INCARCERATED PERSON submits a sick call request relating to pain or

17   swelling in their teeth, jaw, gums, or mouth and the time the INCARCERATED

18   PERSON is seen by a licensed dentist; (b) the average waiting time between the

19   time a referral for dental HEALTH CARE is created at the JAIL and the time the

20   INCARCERATED PERSON is seen by a licensed dentist; and (c) the number of

21   patients on any waiting lists for dental HEALTH CARE since January 1, 2021.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 222:**

23        Objection.  The request seeks review of thousands of pages of Incarcerated

24   Person Medical records for three years. The request is burdensome, oppressive and

25   harassing.  Policies and procedures have already been produced in response to #25

26   and 26 and will not be reproduced.  No further response will be provided.

27   **REQUEST FOR PRODUCTION NO. 223:**

28        DOCUMENTS sufficient to show the number of requests for dental

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

48

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-327

1  HEALTH CARE at the JAIL and the number of such requests that are granted each

2  month since January 1, 2021.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 223:**

4         Objection.  The request seeks review of thousands of pages of Incarcerated

5  Person Medical records for the entire history of the San Diego Sheriff's Department

6  jail system.  The request is burdensome, oppressive and harassing.    Policies and

7  procedures have already been produced in response to #25 and 26 and will not be

8  reproduced. No further response will be provided.

9  **REQUEST FOR PRODUCTION NO. 224:**

10        DOCUMENTS sufficient to show the types of dental HEALTH CARE

11 treatments available to INCARCERATED PERSONS.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 224:**

13        Objection. The request is burdensome, oppressive and harassing. Policies and

14 procedures have already been produced in response to #25 and 26 and will not be

15 reproduced. The request seeks documents already requested and already produced in

16 the form of the dental services contract.

17 **REQUEST FOR PRODUCTION NO. 225:**

18        ALL DOCUMENTS, including but not limited to logs, audits, lists, training

19 materials, and summaries, RELATING TO the timeliness and/or adequacy of dental

20 HEALTH CARE at the JAIL.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 225:**

22        Objection.  The request seeks review of thousands of pages of Incarcerated

23 Person Medical records for the entire history of the San Diego Sheriff's Department

24 jail system.  The request is burdensome, oppressive and harassing.  Policies and

25 procedures have already been produced in response to #25 and 26 and will not be

26 reproduced. The request seeks documents already requested and already produced in

27 the form of the dental services contract. No further response will be provided.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1                49                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-328

1  **REQUEST FOR PRODUCTION NO. 226:**

2      DOCUMENTS sufficient to show the number of patients seen for dental

3  HEALTH CARE at the JAIL and the number and types of dental HEALTH CARE

4  procedures provided each month since January 1, 2021.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 226:**

6      Objection.  The request seeks review of thousands of pages of Incarcerated

7  Person Medical records for  3 years. The issues in the case are the current status of

8  dental care and not what occurred 3 years ago.  How many dental procedures

9  provided each month is irrelevant to any issue in the case. The request is

10  burdensome, oppressive and harassing. No response will be provided.

11  **REQUEST FOR PRODUCTION NO. 227:**

12      DOCUMENTS sufficient to show the number of scheduled appointments for

13  dental HEALTH CARE that are cancelled or refused each month since January 1,

14  2021.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 227:**

16      Objection.  The request seeks review of thousands of pages of Incarcerated

17  Person Medical records for  3 years. The issues in the case are the current status of

18  dental care and not what occurred 3 years ago. The request is burdensome,

19  oppressive and harassing.  No response will be provided.

20  **REQUEST FOR PRODUCTION NO. 228:**

21      DOCUMENTS sufficient to show the number of days per week and hours per

22  day that each of the following are present at the JAIL: dental assistant(s), licensed

23  dental hygienist(s), Doctor(s) of Dental Surgery, or Doctor(s) of Medicine in

24  Dentistry.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 228:**

26      Objection.  The request is overbroad and harassing.  To the extent there are

27  schedules available without names, they will be provided for the last 6 months.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                50                Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-329**

1  **REQUEST FOR PRODUCTION NO. 229:**

2      ALL DOCUMENTS RELATING TO the availability of x-ray equipment at

3  the JAIL for purposes of dental HEALTH CARE, including but not limited to ANY

4  digital x-ray equipment and panoramic x-ray equipment.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 229:**

6      Objection.  The request seeks documents previously requested and produced

7  in the form of service contracts.  Any additional documents in the custody, control

8  and/or possession of responding party will be provided.

9  **REQUEST FOR PRODUCTION NO. 230:**

10      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

11  destruction, loss, or misplacement of INCARCERATED PERSONS' personal legal

12  documents.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 230:**

14      Objection.  The request is vague, ambiguous and overbroad.  The request

15  would require a search of thousands of grievances (possibly) for the entire history of

16  the San Diego County Sheriff's department.  No response will be provided.

17  **REQUEST FOR PRODUCTION NO. 231:**

18      ALL DOCUMENTS AND COMMUNICATIONS, including but not limited

19  to logs, audits, lists, training materials, and summaries, RELATING TO

20  confidentiality of communications between INCARCERATED PEOPLE and their

21  attorneys, including the recording of phone calls between INCARCERATED

22  PEOPLE and their attorneys.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 231:**

24      Objection.  The request is vague, ambiguous and overbroad.  To the extent

25  policies and procedures have already been produced, they will not be reproduced.

26  Any other responsive documents in the custody, control and/or possession of

27  responding party will be produced.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    51                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-330

1  **REQUEST FOR PRODUCTION NO. 232:**

2      ALL DOCUMENTS and COMMUNICATIONS RELATING TO attorney

3  callback requests.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 232:**

5      Objection.  The request is vague, ambiguous and overbroad as to the entire

6  history of the jail.  To the extent policies and procedures have already been

7  produced, they will not be reproduced. To the extent any listing of call back requests

8  is maintained for the last 6 months, such a list will be provided.

9  **REQUEST FOR PRODUCTION NO. 233:**

10      ALL DOCUMENTS and COMMUNICATIONS RELATING TO wait times

11  for professional visits, including the time it takes to release visitors from the

12  professional visiting room after a request has been made.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 233:**

14      Objection.  The request is vague, ambiguous and overbroad.  To the extent

15  policies and procedures have already been produced, they will not be reproduced.

16  The request as phrased as to any other documents will not be responded to because

17  of the overbreadth by use of the words "documents" and "communications" without

18  any limitation as to time frame, specific type of documents, statistical information

19  only, etc.

20  **REQUEST FOR PRODUCTION NO. 234:**

21      ALL DOCUMENTS and COMMUNICATIONS RELATING TO the law

22  library and INCARCERATED PERSONS' access to the law library.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 234:**

24      Objection.  The request is vague, ambiguous and overbroad.  To the extent

25  policies and procedures have already been produced, they will not be reproduced.

26  The request as phrased as to any other documents overbroad and will not be

27  responded to.  Without waiting said objection and subject thereto, documents other

28  than policies, procedures and green sheets that reflect hours of availability or rules

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

52

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-331

1   of use will be produced.

2   **REQUEST FOR PRODUCTION NO. 235:**

3       ALL DOCUMENTS, including but not limited to logs, audits, lists, training

4   materials, and summaries, RELATING TO the provision of legal materials to pro se

5   litigants.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 235:**

7       Objection.  The request is vague, ambiguous and overbroad. Policies and

8   procedures have already been produced and will not be reproduced.  Without

9   waiting said objection and subject thereto, to the extent they exist, documents that

10  are lists and/or materials provided to Incarcerated persons will be produced.

11  **REQUEST FOR PRODUCTION NO. 236:**

12      ALL DOCUMENTS, including but not limited to logs, audits, lists, training

13  materials, and summaries, RELATING TO legal mail.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 236:**

15      Objection.  The request is vague, ambiguous and overbroad.  Policies and

16  procedures have already been produced and they will not be reproduced.

17  **REQUEST FOR PRODUCTION NO. 237:**

18      ALL DOCUMENTS and COMMUNICATIONS RELATING TO "zero bail."

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 237:**

20      Objection.  The request is vague, ambiguous and overbroad and appears to

21  request documents that have no relationship to the issues as pled in the Third

22  Amended Complaint.

23  **REQUEST FOR PRODUCTION NO. 238:**

24      ALL DOCUMENTS and COMMUNICATIONS RELATING to statistics,

25  studies, analyses, or evaluations of YOUR alternative-to-incarceration and reentry

26  programming, including but not limited to the adequacy, quality, quantity,

27  demographic reach, and/or discrimination of those programs.

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                    53                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-332**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 238:**

Objection.  The request is vague, ambiguous and overbroad.  Re-entry provides numerous forms of services unrelated to alternatives to incarceration and the vague description of what documents are being requested makes it impossible to determine what is being requested when referring to the Third Amended Complaint.

**REQUEST FOR PRODUCTION NO. 239:**

DOCUMENTS sufficient to show the racial demographics of participants in ALL of YOUR alternative-to-incarceration and reentry programs by month since January 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 239:**

Objection.  The request is vague, ambiguous and overbroad.  Re-entry provides numerous forms of services unrelated to alternatives to incarceration and the vague description of what documents are being requested makes it impossible to determine what is being requested when referring to the Third Amended Complaint.

**REQUEST FOR PRODUCTION NO. 240:**

ALL DOCUMENTS and COMMUNICATIONS RELATING TO the eligibility criteria for ANY of YOUR alternative-to-incarceration and reentry programs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 240:**

Objection.  The request is vague, ambiguous and overbroad.  Re-entry provides numerous forms of services unrelated to alternatives to incarceration and the vague description of what documents are being requested makes it impossible to determine what is being requested when referring to the Third Amended Complaint.

**REQUEST FOR PRODUCTION NO. 241:**

ALL DOCUMENTS RELATING TO the denial of ANY INCARCERATED PERSON from an alternative-to-incarceration or reentry program since January 1, 2021.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1

54

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-333

1 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 241:**

2 |     Objection.  The request is vague, ambiguous and overbroad.  Re-entry

3 | provides numerous forms of services unrelated to alternatives to incarceration and

4 | the vague description of what documents are being requested makes it impossible to

5 | determine what is being requested when referring to the Third Amended Complaint.

6 | **REQUEST FOR PRODUCTION NO. 242:**

7 |     ALL DOCUMENTS and COMMUNICATIONS RELATING TO the

8 | Correctional Offender Management Profiling for Alternative Sanctions tool, the

9 | California Pretrial Assessment tool, and ANY other pre-trial risk assessment tool.

10 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 242:**

11 |     Objection.  The request is vague, ambiguous and overbroad.  The request

12 | could potentially seek thousands of documents given the overbroad definitions of

13 | documents and communications.  The request is harassing and burdensome as

14 | phrased and it is impossible to determine what is being requested when referring to

15 | the Third Amended Complaint.

16 | **REQUEST FOR PRODUCTION NO. 243:**

17 |     ALL DOCUMENTS RELATING TO studies, analyses, or evaluations of

18 | recidivism of INCARCERATED PERSONS.

19 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 243:**

20 |     Objection.  The request is vague, ambiguous and overbroad.  It seeks

21 | documents which are not the subject of the Third Amended Complaint.

22 | **REQUEST FOR PRODUCTION NO. 244:**

23 |     All DOCUMENTS RELATING TO alternatives to incarceration, including

24 | drug court and reentry court.

25 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 244:**

26 |     Objection.  The request is vague, ambiguous and overbroad.  It seeks

27 | documents which are not the subject of the Third Amended Complaint.

28 |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

55

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-334

1  **REQUEST FOR PRODUCTION NO. 245:**

2      ALL JIMS data RELATED TO Plaintiffs' Ninth Claim for Relief in the Third

3  Amended Complaint.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 245:**

5      Objection.  The request is vague, ambiguous and overbroad.  The request

6  could potentially seek thousands of documents given the overbroad definitions of

7  documents and communications.  The request is harassing and burdensome as

8  phrased and it is impossible to determine what is being requested when referring to

9  the Third Amended Complaint.

10  **REQUEST FOR PRODUCTION NO. 246:**

11      ALL DOCUMENTS and data used by YOU when considering an

12  INCARCERATED PERSON's eligibility for participation in alternatives to

13  incarceration programing.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 246:**

15      Objection.  The request is vague, ambiguous and overbroad.  The request

16  could potentially seek thousands of documents given the overbroad definitions of

17  documents and communications.  The request is harassing and burdensome as

18  phrased and it is impossible to determine what is being requested when referring to

19  the Third Amended Complaint.

20  **REQUEST FOR PRODUCTION NO. 247:**

21      ALL datasets RELATING TO people considered for participation in

22  alternatives to incarceration programing.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 247:**

24      Objection.  The request is vague, ambiguous and overbroad.  The request

25  could potentially seek thousands of documents given the overbroad definitions of

26  documents and communications.  The request is harassing and burdensome as

27  phrased and it is impossible to determine what is being requested when referring to

28  the Third Amended Complaint.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4858-7878-1056 v1

56

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' RESPONSES REQUESTS FOR
PRODUCTION OF DOCUMENTS, SET FIVE

Ex. X-335

1   Dated:  November 10, 2023                    BURKE, WILLIAMS & SORENSEN, LLP

2

3

4                                                By: _____

5                                                    Susan E. Coleman
                                                     Elizabeth M. Pappy
6                                                    Attorneys for Defendants
                                                     COUNTY OF SAN DIEGO, SAN
7                                                    DIEGO COUNTY SHERIFF'S
                                                     DEPARTMENT and SAN DIEGO
8                                                    COUNTY PROBATION
9                                                    DEPARTMENT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4858-7878-1056 v1                            57           Case No. 3:20-cv-00406-AJB-DDL
                                                           DEFENDANTS' RESPONSES REQUESTS FOR
                                                           PRODUCTION OF DOCUMENTS, SET FIVE

**Ex. X-336**

# EXHIBIT Y

| | |
|---|---|
| **From:** | Pappy, Elizabeth M. |
| **To:** | Hannah Chartoff; Coleman, Susan E. |
| **Cc:** | Gay C. Grunfeld; Van Swearingen; Priyah Kaul; Eric Monek Anderson; Aaron Fischer |
| **Subject:** | RE: Dunsmore: M&C re Plaintiffs" RFPs [IMAN-DMS.FID55015] |
| **Date:** | Monday, November 20, 2023 6:50:43 PM |

---

[EXTERNAL MESSAGE NOTICE]

My position was clear. We did not agree in the call, and I will not conduct any further searches without an agreement to compromise. Since there is none, no searches will be conducted. We look forward to a Court order and expect that the Court will require significant narrowing or outright rejection of the requests.


Thank you.


**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Monday, November 20, 2023 4:00 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore: M&C re Plaintiffs' RFPs [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

In my 11/17 email, we indicated that Plaintiffs would narrow the RFP Set 5 requests to documents since January 1, 2021 (except for medical/custody records, ESI, and requests that call for documents that pertain to the named Plaintiffs or individuals who have filed a declaration in this case).

**Ex. Y-338**

In addition to that narrowing proposal, and setting aside both ESI and individual incarcerated person files, Plaintiffs understood that Defendants were agreeing to investigate the types of centralized documents (e.g., logs, daily inspection/staffing sheets, audit reports, etc.) that exist in response to the RFP Nos. listed in the third paragraph of my email below, then bring that information back to Plaintiffs for additional discussion.

Based on your email from earlier today, it seems that Defendants will not agree either to conduct that investigation or to report the results of it back to Plaintiffs unless Plaintiffs waive all rights to ask follow up questions or challenge the completeness of such an investigation.  Plaintiffs will not and cannot agree to such a process.

Please let us know whether Defendants are willing to provide any additional information in advance of tomorrow's hearing regarding the types of documents it possesses re RFP Nos. 97, 99, 101, 104, 105, 106, 109, 11, 113, 114, 119, 120, 121, 122, 125, 127, 128, 129, 130, 131, 138, 141, 146, 150, 151, 153, 157,158, 159, 161, 162, 164, 165, 172, 173, 174, 175, 176, 182, 183, 191, 192, 196, 222, 223, 224, 225, 226, 227, 233, and 236.  While Plaintiffs wish to continue meeting and conferring on these RFPs, some additional information from Defendants is necessary for those conversations to be productive.

Thanks,
Hannah

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, November 20, 2023 12:52 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore: M&C re Plaintiffs' RFPs [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Given Friday's Joint Statement, it's clear that there is a misunderstanding on Plaintiffs' side.

My clients are not conducting searches for anything more, over and above what they agreed to produce in the responses themselves until I have agreement *in writing* from Plaintiffs that the search and any resulting documents will resolve the entire dispute as to the entire RFP.

We made objections.  Our position is that those objections are valid.  My offers to search for additional documents were not an agreement or acknowledgment that the objections were in error. Meet and confer is a compromise and a two-way street and without your agreement that you will settle all disputes based upon the items I identified in our call, we are not conducting the search.

Please let me know how you wish to proceed.  Our position in response to any motion to compel will

**Ex. Y-339**

obviously be the compromise position we offered in our call and we will seek sanctions for the overbroad and burdensome nature of Set Five as a whole and the refusal to compromise.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Friday, November 17, 2023 6:20 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** Dunsmore: M&C re Plaintiffs' RFPs [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

Thanks for discussing discovery issues yesterday.  This email follows up on our discussion regarding ESI and RFP Set 5 issues.  As we discussed at the beginning of the call, Plaintiffs will circle back with you with a proposal regarding what subset of class member medical records and custody records we are asking to be produced.  I also understand that we are likely at an impasse regarding ESI, which is implicated in many of the below RFP Nos., though Plaintiffs will share our e-discovery vendor estimates as soon as possible.  (Note that I have not specifically flagged any RFP Nos. in this email related to medical/custody records or ESI in this email).

Regarding documents other than those contained in individual medical/custody records and ESI: As a general matter, Plaintiffs are narrowing all requests without a specific date restriction to documents since January 1, 2021 (except for requests that call for documents that pertain

**Ex. Y-340**

to the named Plaintiffs or individuals who have filed a declaration in this case).

Based on our conversation, I noted that Defendants are searching to confirm whether there are responsive documents for the following RFP Nos., but please let me know if these are incorrect:  97, 99, 101, 104, 105, 106, 109, 11, 113, 114, 119, 120, 121, 122, 125, 127, 128, 129, 130, 131, 138, 141, 146, 150, 151, 153, 157,158, 159, 161, 162, 164, 165, 172, 173, 174, 175, 176, 182, 183, 191, 192, 196, 222, 223, 224, 225, 226, 227, 233, and 236.

Plaintiffs also request that Defendants follow up on the following RFP Nos.  We discussed examples of documents that we would anticipate exist, but our examples are not intended to be an exhaustive list.  Please let us know whether Defendants will search for documents responsive to the following requests:

- **No. 98** (intake screening) – please see document indicated below as an example.  To the extent there are also daily summaries/internal logs circulated to the medical team that explain the various medical conditions (e.g., high risk, chronic illness, requiring daily medication, etc.) of people screened on any given day, Plaintiffs also seek those documents.
- **No. 100** (continuing care upon arrival at the Jail) – this request relates to what happens when someone is booked in the Jail and requires their outside medical care to be continued, e.g., the person needs daily medication.  Responsive documents would include summary documents created on a daily/weekly/etc. basis indicating what kind of immediate actions are needed to ensure that that care continues.
- **No. 143** (discipline of people with MH disorders) – Plaintiffs ask Defendants to follow up regarding whether there is any recording of this information, including in a centralized tracking system or any kind of special report that must be written if someone with a mental health condition is given a disciplinary infraction.
- **No. 149** (assessing urgent MH needs) – Plaintiffs ask Defendants to follow up re: whether there is any kind of tracking of people reporting suicidal ideation/self-harm, how quickly they are met with by MH staff, etc.
- **No. 156** (MH therapy programming, counseling) – This request is about mental health programming (e.g., group therapy programs, one on one counseling programs, etc.) Plaintiffs ask Defendants to follow up regarding whether are any lists of the kind of group/individual therapy programs available and also whether there are any tracking documents reflecting how frequently such programs are held, how frequently people are actually attending those programs, etc.
- **No. 166** (tracking people with disabilities) – Plaintiffs already receive lists for some people with disabilities; are there other such lists?
- **No. 167** (programs and services for people with disabilities) – See document below re availability of various services and where they are held.  Plaintiffs request an updated version of that list as well as any analyses regarding whether they are accessible (e.g., are handouts printed in braille).  We also ask Defendants to look into whether provision

of such services for people with disabilities is audited and/or tracked, e.g., is a log kept re: provision of braille handbooks and other materials.

- **No. 171** (electrical and plumbing hazards) – this request refers to dangerous plumbing/electrical scenarios that are hazardous to incarcerated people, e.g., sewage overflowing in bathrooms/housing units, electrified surfaces or other problems that shock/burn people, etc.  Plaintiffs are asking that Defendants look into any kind of reports generated from these incidents, training provided about how to handle such incidents, and any audits/logs related to preventing such incidents from occurring.
- **No. 180** (safety checks) – Plaintiffs are seeking logs and audits of safety checks (whether electronic or on paper) as well as documents describing issues related to the adequacy and timing of safety checks.
- **Nos. 184, 185** (housing classification) **–** Plaintiffs noted an example of a form re: housing classification below.  Plaintiffs ask Defendants to produce a blank version of that form, look into whether there are any other similar forms, and look into whether there are any training materials or other documents regarding how housing determinations are made.
- **No. 198** (bypass / lockdown) – As explained on the call, the bypass/lockdown practices are typically contrary to policy.  In addition to ESI, we are looking for any reports, audits, memoranda, etc. that would discuss when these policy violations are happening.
- **No. 199** (re Dkt. 344) – This docket entry describes a 6/1/23 incident involving Pedro Rodriguez (14745493).  Please confirm that Defendants will search for the related incident reports, write ups, and video footage, if any.
- **No. 221** (antibiotic medication for dental pain) – We anticipate there may be tracking documents specifically discussing when staff are prescribing antibiotic medication for dental pain (e.g., before a dental appointment can be scheduled), or that a report from TechCare could be run to obtain the information.  Plaintiffs are asking Defendants to look into whether such logs exist.

As you conduct your follow-up searches/research on the above, I wanted to flag the following documents which serve as examples of the type of documents responsive to the below requests.  As noted above, these examples are not intended to be exhaustive:

- NAPHCARE002024 – related to at least RFP Nos.: 99, 106
- NAPHCARE009706 – related to at least RFP No. 118
- NAPHCARE009850 – related to at least RFP Nos.: 98, 106, 125, 131, 140, 149
- NAPHCARE013138 – related to at least RFP No. 222
- DUNSMORE0000001 – related to at least RFP No. 167
- DUNSMORE0060954 – related to at least RFP No. 195
- DUNSMORE0060997 – related to at least RFP Nos. 171, 172, 173, 174, 175
- DUNSMORE0000477, DUNSMORE0000521, DUNSMORE0122138 – email correspondence re individual incarcerated people
- SD092868 – related to at least RFP Nos. 184, 185

**Ex. Y-342**

- SD108163 – related to at least RFP Nos. 171, 172, 173, 174, 175
- SD108191 – related to at least RFP Nos. 100, 109
- SD108192 – related to at least RFP No. 32
- SD108195 – related to at least RFP Nos. 97, 98
- SD108198 – related to at least RFP Nos. 99, 105, 106
- SD108201 – related to at least RFP Nos. 101, 111, 125, 130
- SD108204 – related to at least RFP Nos. 116, 225
- SD108206 – related to at least RFP Nos. 149, 182
- SD108210 – related to at least RFP No. 116
- SD108212 – related to at least RFP Nos. 118, 119
- SD108213 – related to at least RFP No. 116
- SD108231 – related to at least RFP No. 116
- SD108232 – related to at least RFP No. 116

I understand that we are at an impasse on the following RFPs:

- **Nos. 102 and 103** (at least as related to grievances and inmate requests):  Plaintiffs will not agree to seek only a subset of these documents.  I understand Defendants are looking into whether it is possible to produce a tracking system / all sick call requests from a centralized location.  Please let us know the outcome of that follow-up.
- **No. 139** ("ALL DOCUMENTS relating TO the housing of INCARCERATED PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH CARE, including but not limited to determinations of need for housing, evaluations of housing, and requests for funding for MENTAL HEALTH CARE and programming"):  as discussed yesterday, Plaintiffs disagree that this request is only limited to "requests for funding" but rather seeks any kind of document related to where people with mental health disorders are housed in the Jail, e.g., tracking whether people are housed in EOH vs. OPSD vs. another location, analyses of the sufficiency of the Jails' MH housing units, etc.  Please confirm that Plaintiffs will need to move to compel on this issue, or whether Defendants will search for such documents.
- **No. 197** (re grievances filed by Deputy Sheriffs' Assoc):  Plaintiffs are willing to narrow this to complaints and grievances re overtime, supervisory practices, staffing, retaliation, and safety concerns.  Please confirm that we are still at an impasse and that Plaintiffs will need to move to compel.
- **Nos. 200, 201, 202** (incident reports, video footage re: named plaintiffs and two other individuals (identified by name and booking number)):  Plaintiffs are asking Defendants to search for all incident reports regarding these 16 individuals and any associated video footage and any other investigations/reports related to those incidents.
- **Nos. 211 and 212** (docs re overcrowding):  Contrary to Defendants' responses to these requests, the Third Amended Complaint references overcrowding at paragraphs 296, 304, and 318, in relation to the claims re: environmental conditions and safety.  Please confirm that Plaintiffs will need to file a motion to compel on this issue.

**Ex. Y-343**

- **No. 243** (studies, analyses, or evaluations of recidivism).

Finally, there were several RFPs that we discussed Plaintiffs may follow up on once we receive further documents from Defendants in response to RFP Nos. 75, 80, and 179.

Looking forward to discussing more next week, and have a great weekend.

Thanks,
Hannah


**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

# EXHIBIT Z

Ex. Z-345



**ROSEN BIEN
GALVAN & GRUNFELD LLP**

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Van Swearingen
Email: vswearingen@rbgg.com

December 8, 2023

VIA ELECTRONIC MAIL ONLY

Susan E. Coleman
Burke Williams & Sorensen, LLP
501 West Broadway, Suite 1600
San Diego, California 92101-8474
scoleman@bwslaw.com

Elizabeth M. Pappy
Burke, Williams & Sorensen, LLP
60 South Market Street, Suite 1000
San Jose, California 95113-2336
epappy@bwslaw.com

Re:   *Dunsmore et al. v. San Diego County Sheriff's Department et al.*,
       S.D. Cal. No. 3:20-cv-00406-AJB-DDL
       Outstanding Discovery Issues
       Our File No. 1730-01

Dear Ms. Coleman and Ms. Pappy:

Plaintiffs write regarding the status of outstanding discovery issues in the case. We appreciate that the parties are working to meet the deadlines set by the Court with respect to discovery disputes. In addition to the disputes regarding written discovery addressed in the chart we sent on November 30, 2023, as well as Plaintiffs' pending motions to compel production of CIRB documents, production of a privilege log, and inspections, Plaintiffs write to clarify, and reserve all rights to raise with the Court, the following discovery issues that remain unresolved.

**A.     Documents To Be Produced Pursuant to the Court's Order Regarding Protected Health Information**

On November 9, the Court entered an order on the parties' joint motion regarding production of protected health information, agreeing that the protective order in the case constitutes a "qualified protective order" under 45 C.F.R. § 164.512(e)(1)(v) and ordering Defendants to produce protected health information to Plaintiffs pursuant to the protective order. Dkt. 443. We are awaiting complete and unredacted production of documents responsive to the following requests pursuant to this order: Requests for Production Nos. 32, 33, 41, 47. 49, 51, 53, 66, 69, 70, 72, 76, 78, 80, 83, 86, 87, 140, 141, 142, 143, 147, 148, 149, 150, 151, 153,

Ex. Z-346



101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Van Swearingen
Email:  vswearingen@rbgg.com

155, 156, 157, 158, 159, 161, 162, 164, 165, 166, and 169.  Plaintiffs expect to receive all responsive documents on or before December 22.  Plaintiffs reserve their rights to challenge the completion of these productions and any redactions.

As raised in our November 28 email and our discovery dispute chart, Plaintiffs further note that in many of the CDCR-Sheriff's Department emails produced at SD110407-SD113741, the incarcerated person's name and CDCR number has been redacted.  Given the Court's order regarding protected health information, there is no basis for any for redaction.  Plaintiffs request that these records be re-produced without redactions.

## B.    Documents at Issue in Plaintiffs' Motions to Compel Production of CIRB Documents and a Privilege Log

Plaintiffs have moved to compel production of CIRB documents.  If the motion is granted, Plaintiffs reserve their rights to challenge the completion of the production and any redactions.

Plaintiffs have also moved to compel production of a privilege log as to all documents withheld on privilege grounds, including but not limited to documents responsive to Requests for Production Nos. 37, 43, 45, 48, 54-56, 58-61, 63, 65, 80, 123, 168.  If Plaintiffs' motion is granted, Plaintiffs reserve their right to move to compel production of any documents withheld on privilege grounds if there is a basis to do so.

## C.    Documents Defendants Have Represented Will Be Or Have Been Produced

Defendants responded to written discovery by asserting that the following document requests were covered in full or in part by the parties' ADA settlement agreement: Requests for Production Nos. 54-56, 59, 60, 62-63, 65, 67, 69-72, 76-77.  Plaintiffs reserve their rights to challenge the completion of these productions to the extent they are not adequate or otherwise incomplete under the settlement agreement or document requests.

Ex. Z-347



101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Van Swearingen
Email: vswearingen@rbgg.com

Plaintiffs reserve their rights to challenge the completion of all ESI productions.  Plaintiffs repeatedly requested but Defendants never provided a unique hit list by custodian for the ESI search terms that Plaintiffs' proposed, nor for the search terms that Defendants proposed.  Through meet and confer calls and emails, Plaintiffs have identified how the search terms and custodians chosen by Defendants over Plaintiffs' objections are not designed to yield particularly relevant ESI.

Plaintiffs' proposal for ESI is intended to yield documents relevant to all requests for which Plaintiffs requested "documents *and* communications."  This includes, but is not limited to, requests for which Plaintiffs requested "documents *and* communications," and the parties agreed in the course of meeting and conferring that Defendants would respond through the ESI process only: Requests for Production Nos. 32, 33, 45, 47, 51, 68, 72, 74 and 75.  As to these and all requests for ESI, Plaintiffs reserve their rights to challenge the completion of the ESI production, including through a motion to compel.

As to document requests for which Defendants have produced some documents, Plaintiffs understand that Defendants may make additional productions on or before the December 22 date for the parties to produce all documents. Plaintiffs reserve their rights to challenge the completion of the productions once that date has passed.

### D.    Non-Email ESI Communications

Per your email dated December 5, we understand that Defendants have not retained certain non-email electronic messages (e.g. Teams), contrary to their preservation obligations.  This appears to be a violation of Defendants' duty to preserve, and will be raised with the Court.  Your December 5 email indicates that text messages "may be used."  We have requested and request here again that the text messages be included in searches for and productions of ESI.  Plaintiffs anticipate challenging the adequacy of Defendants ESI production if text messages are omitted from the search and production thereof.

[4401323.3]

**Ex. Z-348**



**ROSEN BIEN
GALVAN & GRUNFELD LLP**

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Van Swearingen
Email: vswearingen@rbgg.com

### E.    Amendment of Responses

We understand that Defendants have agreed to amend their written responses to certain document requests once all documents have been produced to state that no responsive documents exist. Plaintiffs anticipate that the requests requiring amendment are Requests for Production Nos. 43, 56, 58-60, 63, 82, and all others for which Defendants assert that no responsive documents exist.

### F.    Plaintiffs' First and Second Set of Interrogatories

Pursuant to the Court's order regarding production of protected health information, we are still awaiting information responsive to Interrogatories Nos. 1-6, 8, and 10, which Defendants informed us would be produced on November 30.

On November 21, we also sent an email regarding Interrogatories Nos. 23 and 25. As we noted, we reviewed the documents cited in your response to Interrogatory No. 23, which asks Defendants to identify all quality assurance and/or quality improvement processes relating to the provision of health care at the Jail from January 1, 2020 to the present. We were not able to discern the information requested in the interrogatory from the documents alone. We renew our request that you please amend the interrogatory response to identify the relevant processes. As to Interrogatory No. 25, we renew our request that you please let us know if Defendants are able to generate a report or reports with the information requested in the interrogatory.[1]

### G.    Forthcoming Document Productions

Plaintiffs are concerned about the pace of Defendants' productions thus far given the Court's deadlines of December 22, 2023 for completion of document productions, February 16, 2024 for the completion of fact discovery, and March

---

[1] Of note, Defendants' response may also inform any narrowing of Plaintiffs' Requests for Production Nos. 245 and 247, as noted in the chart Plaintiffs sent on November 30, 2023.

**Ex. Z-349**



**ROSEN BIEN GALVAN & GRUNFELD LLP**

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Van Swearingen
Email:  vswearingen@rbgg.com

15, 2024 for the exchange of expert reports.  Defendants have produced fewer than 5,250 documents in response to Plaintiffs' third set of document requests.  Many of these documents were produced only days before the November 21 conference, and approximately 20% of them are post orders or amendments to the same, meaning the vast majority of responsive documents have not been produced yet. Defendants also have not produced any documents in response to Plaintiffs' fifth set of document requests.  Complete and timely production of these documents is necessary and proportional given the interests at issue in this case.  Plaintiffs anticipate that the parties may need to discuss a request to the Court to adjust certain deadlines given the slow pace of document productions.

Finally, can you please provide us with an updated list of Bates numbers that are intended to be responsive to each document request, like the one you sent us by email on September 5?  We would appreciate if you could also supply this chart on or shortly after December 22, the last day for the parties to produce documents.

As always, thanks for your courtesy and cooperation in this matter.

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Van Swearingen*

By:    Van Swearingen

Cc:  County Counsel; Co-Counsel

[4401323.3]

5

**Ex. Z-350**

# EXHIBIT AA



**ROSEN BIEN
GALVAN & GRUNFELD LLP**

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Van Swearingen
Email: vswearingen@rbgg.com

December 18, 2023

<u>VIA ELECTRONIC MAIL ONLY</u>

Susan E. Coleman                    Elizabeth M. Pappy
Burke Williams & Sorensen, LLP      Burke, Williams & Sorensen, LLP
501 West Broadway, Suite 1600       60 South Market Street, Suite 1000
San Diego, California 92101-8474    San Jose, California 95113-2336
scoleman@bwslaw.com                 epappy@bwslaw.com

Re:    **Documents Responsive to Plaintiffs' Requests for Production**
       *Dunsmore et al. v. San Diego County Sheriff's Department et al.*, S.D.
       Cal. No. 3:20-cv-00406-AJB-DDL
       <u>Our File No. 1730-01</u>

Dear Counsel:

We write in a further attempt to meet and confer regarding Plaintiffs' Requests for Production that are included on the Parties' Joint List of Disputes re Written Discovery ( Dkt 466, "Joint List"). For many of Plaintiffs' requests, Defendants have refused to search for responsive documents or even provide information about what types of documents exist. In the below chart, Plaintiffs respond to Defendants' positions in the Joint List and further identify the types of documents we anticipate to be responsive Plaintiffs' RFPs. In many instances, the requests call for—at least in part—information that can generated by Defendants' electronic records management systems. To the extent that Defendants have agreed to produce documents, Plaintiffs reserve the right to challenge the sufficiency of those productions after the December 22 document production deadline.

[4403927.4]

**Ex. AA-352**

Elizabeth M. Pappy
December 18, 2023
Page 2

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| **RFP 28:** ALL memoranda issued by YOU RELATING TO the JAIL from January 1, 2021 to the present. | Please provide Plaintiffs with the parameters of the search including what terms and connectors were used, which custodians were searched, and the number of document hits, and the number of documents produced. |
| **RFP 32:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying, responding to, housing, treating, monitoring, and/or tracking INCARCERATED PERSONS covered by the SHERIFF'S DEPARTMENT's alcohol and opiate withdrawal protocols from January 1, 2021 to the present. | Responsive documents will likely include (but not be limited to) training materials, presentations, standards of care and other guidance maintained by the Department, Naphcare's policies and procedures, referral/tracking logs and reports (e.g., referrals as required by policy M.9 [receiving screening]), observation/treatment logs and reports (that are extant or can be generated), patient lists with provider notes, incident reports, and welfare check documentation. |
| **RFP 33:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying, responding to, housing, treating, monitoring, and/or tracking INCARCERATED PERSONS in the SHERIFF'S DEPARTMENT's medication-assisted treatment ("MAT") program from January 1, 2021 to the present. | Responsive documents will likely include (but not be limited to) training materials, presentations, standards of care and other guidance maintained by the Department, Naphcare's policies and procedures, referral/tracking logs and reports (that are extant or can be generated), observation/treatment logs and reports (that are extant or can be generated), patient lists, materials from and/or regarding community providers. |
| **RFP 49:** ALL logs RELATING TO INCARCERATED PERSONS placed in EOH, PSU, and SAFETY CELLS from January 1, 2021 to the present. | Given Defendants' response, Plaintiffs will evaluate the production. |
| **RFP 53:** ALL COMMUNICATIONS, | Given Defendants' response, Plaintiffs will evaluate the production.. |

[4403927.4]

**Ex. AA-353**

Elizabeth M. Pappy
December 18, 2023
Page 3

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| including but not limited to all emails from EISDECSSupport@cdcr.ca.gov from January 1, 2021 to the present that contain the following terms: "EOP," "CCCMS," "DPW," "DPV," "DPO," "DLT," "DPS," or "DPH," REGARDING INCARCERATED PEOPLE with DISABILITIES. | |
| **RFPs 86 & 87 (and numerous other RFPs that call for documents that include information found in custody and medical records):** Class member custody and medical records. | Plaintiffs have requested between 500-600 individuals' medical and custody records (out of ADP of approximately 4,000) that are directly tied to issues identified in the TAC. Defendants' claim that manual searching is required are based on contradicting information in documents produced in this litigation.  For example, NAPHCARE009850 includes a report generated from TechCare showing a number of patients receiving HIV medication as well as those facing other chronic conditions.  We also expect that they Jail has other methods than searching manually through all medical records to ascertain which people have, for example, been pregnant, sent to the ER, or housed in particular housing cells (like PSU, safety cells, and EOH cells).  Defendants have not responded to Plaintiffs' request to identify the requested sets that can be retrieved through first reviewing TechCare or other reports—even if it is a two-step process, such as first obtaining the list of people evaluated for eyeglasses and then looking to see if they were incarcerated for another three months—and which ones truly cannot be ascertained without having to manually search all medical records to see if a person meets the criteria or not. |

[4403927.4]

**Ex. AA-354**

Elizabeth M. Pappy
December 18, 2023
Page 4

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| **RFP 92:** ALL DOCUMENTS, including but not limited to minutes, RELATING TO meetings attended by HEALTH CARE STAFF or custody staff at which the HEALTH CARE POLICIES AND PROCEDURES, HEALTH CARE staffing, or ANY issue RELATING TO JAIL HEALTH CARE was discussed. | Responsive documents will likely include (but not be limited to) training materials, training agendas, training meeting minutes and summaries, training sign-ins, presentations, Naphcare's policies and procedures, meeting agendas, standards of care and other guidance discussed at such meetings, multi-disciplinary and other regularized staff team meeting minutes and summaries. |
| **RFP 93:** ALL DOCUMENTS and COMMUNICATIONS in which custody staff and HEALTH CARE staff disagree about the provision of HEALTH CARE for INCARCERATED PEOPLE. | Responsive documents will likely include (but not be limited to) informal and formal complaints by health care staff re control of patient care, multi-disciplinary and other regularized staff team meetings. minutes and summaries, and reports drafted by health care staff re patient care. |
| **RFP 96:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO understaffing (employing fewer positions than required, allocated, and/or scheduled) of HEALTH CARE EMPLOYEES at the JAIL from January 1, 2021 to the present. | Responsive documents will likely include (but not be limited to) staffing analysis documents, work schedules and rosters, and documents reflecting allocated and filled positions at the jail.<br><br>In response to RFA Set 2, Defendants identified statistics about health care staffing including that "that 32% of the 'allocated' position are vacant but deny that more than 30% of the 'allocated and currently active (where programs are currently be<br>provided) positions' are vacant."  Plaintiffs expect that the sources of these and other statistics that are tracked or are otherwise kept in a database that can generate reports will be produced. |

[4403927.4]

**Ex. AA-355**

Elizabeth M. Pappy
December 18, 2023
Page 5

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| **RFP 97:** ALL DOCUMENTS showing the time between a person arrives at the JAIL and the time the person receives intake screening. | Plaintiffs anticipate that there are records reflecting when a person is transferred from law enforcement patrol's custody to the Jail. Comparing the time stamp of that document to the medical intake record will show the time between a person arrives at the jail and the time the person receives intake screening. |
| **RFP 98:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATED TO intake screening. | Responsive documents will likely include (but not be limited to) emergency room hospital referrals (intake nurses reject some people from entering the jail due to the severity of their medical needs), daily summaries and internal logs circulated to the medical team that explain the various medical conditions (e.g., high risk, chronic illness, requiring daily medication, etc.) of people screened on any given day, and referrals to medical and mental health providers. |
| **RFP 99:** ALL DOCUMENTS RELATING TO pending sick call requests where the INCARCERATED PERSON making the sick call request is transferred to another JAIL facility. | We also anticipate that there are documents, meeting minutes, reports, and emails evidencing the allegation in the TAC that "when an incarcerated person has a health care request pending at one facility and is transferred to another, health care staff and contractors at the transferring facility frequently shred and discard the person's pending health care request, rather than transmit the request to the receiving facility." |
| **RFP 100:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATED TO continuing HEALTH CARE treatments, including but not limited to medications, for | This request relates to what happens when someone is booked in the Jail and requires their outside medical care to be continued, e.g., the person needs daily medication.<br><br>Responsive documents likely include (but are not limited to) written requests to outside providers re a particular person's care, records from outside providers re care for a |

[4403927.4]

**Ex. AA-356**

Elizabeth M. Pappy
December 18, 2023
Page 6

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| INCARCERATED PEOPLE upon arrival at the JAIL. | particular person, treatment guidance from community providers, records of family members requesting care for family members who are incarcerated, and individualized and/or summary documents created on a regular (daily/weekly/etc.) basis indicating what kind of immediate actions are needed to ensure that that care continues. |
| **RFP 101:** ALL DOCUMENTS RELATING TO HEALTH CARE statistics of ANY kind at the JAIL. | Responsive documents will likely all statistics relevant to the Third Amended Complaint, including but not limited to the calculations and analyses concerning the timeliness of care, the adequacy of staffing for the jail's population, the portion of jail population with a mental health issue, the number of patients sent for outside care, and the costs of providing care to the jail population.<br><br>For example, the Declaration of Melissa Quiroz (Dkt. 153-11) submitted by Defendants states "There are currently 132 patients who have been found incompetent to stand trial and are waiting to be transferred to a State Hospital."<br><br>The Sheriff's Department should have a data analytics department that calculates and maintains such information. |
| **RFP 102:** ALL GRIEVANCES, inmate requests, and sick call requests submitted by INCARCERATED PERSONS from January 1, 2023 to the present. | Grievances, sick call requests, and inmate requests are almost always about issues relevant to the TAC. Defendants have made no showing that the records are not relevant. |
| **RFP 103:** ALL responses to GRIEVANCES, inmate requests, and sick call requests | Grievances, sick call requests, and inmate requests are almost always about issues relevant to the TAC. |

Elizabeth M. Pappy
December 18, 2023
Page 7

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| submitted by INCARCERATED PERSONS from January 1, 2023 to the present. | Defendants have made no showing that the records are not relevant. |
| **RFP 104:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the time between when an INCARCERATED PERSON submitted a sick call request and the time when: HEALTH CARE STAFF triaged the sick call request; HEALTH CARE STAFF responded to the sick call request; and the INCARCERATED PERSON was seen by HEALTH CARE STAFF. | Defendants' response fails to state that they will produce training materials and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.<br><br>It is unclear whether the log that Defendants will produce will contain all requested information (e.g., whether the person was seen by staff, and if so, when). |
| **RFP 105:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the number or percent of INCARCERATED PERSONS at the JAIL who submitted a sick call request and were not seen by HEALTH CARE STAFF in connection with that sick call request. | Defendants' response fails to state that they will produce training materials and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.<br><br>It is unclear whether the log that Defendants will produce will contain all requested information (e.g., the number/percent of people not seen by staff after submitting a request). |
| **RFP 106:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATING | In addition to the sick call log that Defendants plan to produce, responsive documents will likely include (but not be limited to) logs, lists, and summaries that track and/or schedule care resulting from the intake screening process, referrals by medical providers, lists of people scheduled to |

[4403927.4]

**Ex. AA-358**

Elizabeth M. Pappy
December 18, 2023
Page 8

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| TO tracking and/or scheduling HEALTH CARE appointments. | see Naphcare providers, tracking and scheduling of outside appointments, and tracking people coming to or going from the ER. |
| **RFP 109:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATING TO outside (off-site from the JAIL) HEALTH CARE providers who provide HEALTH CARE to INCARCERATED PEOPLE. | In addition to the logs/lists that Defendants plan to produce, responsive documents will likely include (but not be limited to) lists of outside care providers that contract with Defendants for the provision of care, contracts for those providers, bills and receipts for those providers, guidance provided by those providers regarding admission or the provision of follow-up care, and lists at regular intervals (daily, weekly, etc) documenting when referrals were made, when a person was transferred, when custody staff transports or accompanies a patient, and when the patient returns. |
| **RFP 110:** ALL DOCUMENTS RELATING TO the confidentiality of HEALTH CARE appointments and the provision of HEALTH CARE in confidential, semi-confidential, or non-confidential settings. | In addition to policies, procedures and green and search for training materials

The Declaration of Melissa Quiroz (Dkt. 153-11) submitted by Defendants discusses how confidential appointments are "scheduled" upon request of the patient as well as "at the initiative of mental health clinicians." Evidence of the tracking and scheduling of these sessions is responsive. |
| **RFP 111:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the provision of diagnostic testing for INCARCERATED PEOPLE. | Responsive documents will likely include (but not be limited to) standards of care documents and protocols indicating when diagnostic tests are required to be run, lists or logs tracking which incarcerated people have requested or require diagnostic testing and when they received it, lists of the available diagnostic tools available inside the Jail (as opposed to requiring outside testing), lists of outside providers who administer diagnostic tests, contracts for those providers, bills and receipts for those providers, and lists at regular intervals (daily, weekly, etc) documenting |

**Ex. AA-359**

Elizabeth M. Pappy
December 18, 2023
Page 9

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| | when referrals to those providers were made, when a person was transferred, when custody staff transports or accompanies a patient, and when the patient returns. |
| **RFP 113:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, showing the time between an INCARCERATED PERSON is evaluated for eyeglasses and the time the INCARCERATED PERSON receives eyeglasses. | Defendants' response fails to state that they will produce training materials and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.<br><br>It is unclear whether the log that Defendants will produce will contain all requested information (e.g., the time the person requests glasses—not just the appointment time). |
| **RFP 114:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO HEALTH CARE discharge planning. | Responsive documents will likely include (but not be limited to) documents defining which medications are considered "critical" such that Defendants provide a supply to incarcerated people upon discharge, lists and contact information for any community providers or pharmacies to which Defendants refer people upon discharge, lists of people who receive discharge planning and the medication/treatment they are provided, contracts with such community providers or pharmacies, any forms or handouts provided to incarcerated people upon discharge, and training or forms used for purposes of discharge planning. |
| **RFP 118:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO INCARCERATED PERSONS receiving an incorrect type or dosage of medication from HEALTH CARE STAFF or custody staff. | Responsive documents will likely include (but not be limited to) pharmacy audits (e.g., SD108212), logs or tracking documents reflecting instances of incorrect medication, incident reports, corrective action plans or other accountability measures adopted to prevent such incidents, and training regarding what to do when such incident occurs. |

[4403927.4]

**Ex. AA-360**

Elizabeth M. Pappy
December 18, 2023
Page 10

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| **RFP 119:** DOCUMENTS sufficient to show the average waiting time between the time an INCARCERATED PERSON is prescribed medication and the time the person receives the prescribed medication. | Defendants' response fails to state that they will produce training materials and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.<br><br>It is unclear whether the log that Defendants will produce will contain all information specifically requested. |
| **RFP 120:** ALL DOCUMENTS, including but not limited to logs, audits, lists and summaries, RELATING TO HEALTH CARE of INCARCERATED PERSONS referred, seen, or transferred to ANY hospital or other outside HEALTH CARE facility for the purpose of providing HEALTH CARE | Responsive documents will likely include (but not be limited to) training materials, guidance from outside care providers that contract with Defendants for the provision of care regarding admission or the provision of follow-up care, audits, as well as lists at regular intervals (daily, weekly, etc) documenting when referrals were made, when a person was transferred, when custody staff transports or accompanies a patient, and when the patient returns. |
| **RFP 121:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the time when an INCARCERATED PERSON was referred for HEALTH CARE outside the JAIL and the time when the INCARCERATED PERSON was seen by the HEALTH CARE provider outside the JAIL | In addition to the logs Defendants agreed to search for, responsive documents likely include (but not be limited to), training regarding the timeliness of such outside referrals, quality control reports and studies on timeliness of such outside referrals, accountability logs and corrective action plans for untimely referrals. |
| **RFP 122:** DOCUMENTS sufficient to show the average | In addition to the logs Defendants agreed to search for, responsive documents likely include (but not be limited to), |

**Ex. AA-361**

Elizabeth M. Pappy
December 18, 2023
Page 11

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| time between when an INCARCERATED PERSON was referred for outside HEALTH CARE and the time when the INCARCERATED PERSON was seen by the outside HEALTH CARE provider. | training regarding the timeliness of such outside referrals, quality control reports and studies on timeliness of such outside referrals, accountability logs and corrective action plans for untimely referrals. |
| **RFP 123:** ALL DOCUMENTS RELATED TO inspections, conducted by any entity or person other than YOU, of facilities or practices at the JAIL, including those RELATING TO HEALTH CARE. | Contrary to Defendants' position statement, Plaintiffs limited this request (like most of the other requests) to documents since January 1, 2021. |
| **RFP 124:** ALL DOCUMENTS RELATING TO evaluations and assessments of INCARCERATED PERSONS housed in MOB cells since January 1, 2021. | In addition to the snapshot Defendants agreed to produce, responsive documents likely include (but are not limited to) training documents for staff assigned to work in the MOB unit, logs and lists confirming when such evaluations take place, standard of care protocols for the MOB unit, and audits[1] regarding provision of care in that unit. |
| **RFP 125:** ALL logs, spreadsheets, patient lists, and reports RELATING TO chronic care, including but not limited to care for diabetes, hypertension or other cardiovascular disease, hepatitis, HIV/AIDS, | In addition to sick call logs, responsive documents are likely to include (but not be limited to) training materials and meeting agenda related to chronic care, patient lists, logs or summaries (daily/weekly/etc.) of wellness checks for those patients, lists of and contracts/bills for any specialty medical providers providing such services. |

[1] Throughout this letter, when plaintiffs use the word "audits," they mean all outcomes and reports of any audits, quality improvement/quality assurance, peer review, and/or evaluations related to the particular issue.

[4403927.4]

**Ex. AA-362**

Elizabeth M. Pappy
December 18, 2023
Page 12

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| tuberculosis, cancer, neurological disorders, OB/GYN, and MENTAL HEALTH. | |
| **RFP 126:** ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on admitting INCARCERATED PERSONS to outside hospitals, specialty clinics, or other medical providers, for the purpose of providing HEALTH CARE. | In their 11/10 written response, Defendants agreed to produce only "documents reflecting current processes and criteria," which does not include parts 2-4 noted in Plaintiffs' position.<br><br>Given Defendants' response in the 12/11 joint statement (Dkt 466), Plaintiffs will evaluate the production. |
| **RFP 127:** ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on discharging INCARCERATED PERSONS from outside hospitals, specialty clinics, or other medical providers, back to the JAIL after receiving HEALTH CARE. | In their 11/10 written response, Defendants agreed to produce only "documents reflecting current processes and criteria," which does not include parts 2-4 noted in Plaintiffs' position.<br><br>Given Defendants' response in the 12/11 joint statement (Dkt 466), Plaintiffs will evaluate the production. |
| **RFP 128:** ALL DOCUMENTS RELATING TO any delays in admission of INCARCERATED PERSONS into specialty clinics, or other HEALTH CARE providers, for the purpose of providing HEALTH CARE. | In addition to logs, responsive documents are likely to include (but not be limited to) training materials and meeting agenda related to delays in admission and intermediate steps that may be taken, guidance from outside providers and specialty clinics regarding the potential for backlogs in admission, contracts relating to back-up providers in the event of delays, and audits and evaluations related to this issue. |

**Ex. AA-363**

Elizabeth M. Pappy
December 18, 2023
Page 13

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| **RFP 129:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO cancellation of HEALTH CARE appointments. | In addition to logs, responsive documents are likely to include (but not be limited to) training materials and meeting agenda regarding how to determine if an incarcerated person is refusing a medical appointment and audits, quality control reports, and accountability logs analyzing cancellations and the veracity of "refusals." |
| **RFP 130:** ALL logs, spreadsheets, patient lists, and reports RELATING TO treatment orders. | In addition to logs, responsive documents are likely to include (but not be limited to) training and audit materials. |
| **RFP 131:** ALL logs, spreadsheets, patient lists, and reports RELATING TO sick call requests. | Defendants' response fails to state that they will produce reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.<br><br>As with other requests in which Defendants attempt to limit the production to six months, Plaintiffs request is for a longer (but still narrowed) time – from January 1, 2021 to the present. |
| **RFP 132:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO disagreements between CONTRACTORS and DEFENDANTS' EMPLOYEES RELATING TO HEALTH CARE of INCARCERATED PERSONS. | Responsive documents are likely to include (but not be limited to) training materials, documents and presentations regarding disagreements about housing placements between custody staff and medical staff, any forms that are required to be filled out when such a dispute is raised, and any documents generated pursuant to Sect 2.3.62 of Exhibit A to the NaphCare contract. |
| **RFP 133:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO disagreements between HEALTH CARE STAFF and custody staff RELATING TO HEALTH | Responsive documents are likely to include (but not be limited to) documents summarizing dispute resolution mechanisms within staff and any forms that are required to be filled out when such a dispute is raised. |

**Ex. AA-364**

Elizabeth M. Pappy
December 18, 2023
Page 14

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| CARE, classification, or housing of INCARCERATED PERSONS. | |
| **RFP 135:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the San Diego County Citizens' Law Enforcement Review Board, including but not limited to recommendations made by the San Diego County Citizens' Law Enforcement Review Board. | Responsive documents includes, but are not limited to, documents inside Defendants' own possession responsive to this request (including those analyzing or responding to CLERB writings). |
| **RFP 136:** ALL COMMUNICATIONS with CONTRACTORS RELATING TO POLICIES AND PROCEDURES. | Contrary to Defendants' statement, Plaintiffs have limited the request to responsive documents since January 1, 2021. Responsive documents will include writings between the Sheriff's Department and Naphcare about specific policies and procedures for providing medical, mental health, and dental care. |
| **RFP 137:** ALL COMMUNICATIONS with CONTRACTORS RELATING TO HEALTH CARE of INCARCERATED PERSONS from January 1, 2021 to present. | Plaintiffs will analyze Defendants' production. |
| **RFP 138:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO medication provided to INCARCERATED PEOPLE at discharge from the JAIL. | Responsive documents will likely include (but are not limited to) training materials, documents defining which medications are considered "critical" such that Defendants provide a supply to incarcerated people upon discharge, lists and contact information for any pharmacies to which Defendants refer people upon discharge, contracts with such pharmacies, any forms or handouts provided to incarcerated people upon discharge regarding medication, |

[4403927.4]

**Ex. AA-365**

Elizabeth M. Pappy
December 18, 2023
Page 15

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| | patient training or forms used for purposes of discharge planning, and audits. |
| **RFP 139:** ALL DOCUMENTS RELATING TO the housing of INCARCERATED PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH CARE, including but not limited to determinations of need for housing, evaluations of housing, and requests for funding for MENTAL HEALTH CARE and programming. | Responsive documents are likely to include (but are not limited to) training materials (including considerations/risks related to housing people with mental health concerns), logs or summaries (daily, weekly, etc.) of people newly housed in mental health care settings and people with mental health concerns who are housed in general population, audits of such housing determinations, evaluations or analyses of the sufficiency of Defendants' mental health housing units. Other documents will include analyses of available housing for such patients and requests for funding mental health care. |
| **RFP 140:** ALL DOCUMENTS sufficient to show the number of INCARCERATED PERSONS with MENTAL DISORDERS or who received MENTAL HEALTH CARE in EOH or Outpatient Step Down Unit housing by month since January 1, 2021. | Plaintiffs' request is for documents since January 1, 2021. |
| **RFP 141:** ALL logs RELATING TO INCARCERATED PERSONS placed in the Outpatient Step Down Unit from January 1, 2021 to present. | Plaintiffs' request is for documents since January 1, 2021. This time frame is necessary to show Defendants' knowledge of issues, tracking, and trends. |
| **RFP 142:** ALL DOCUMENTS RELATING TO evaluations and assessments of INCARCERATED PERSONS placed in the Outpatient Step | Trainings and audits should be outside patients' medical records. To the extent that there are no such documents outside of an individual person's medical records, Defendants should be required to amend their response to say so. |

Elizabeth M. Pappy
December 18, 2023
Page 16

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| Down Unit from January 1, 2021 to present. | |
| **RFP 143:** ALL DOCUMENTS RELATING TO the discipline of INCARCERATED PERSONS with MENTAL DISORDERS or who are receiving MENTAL HEALTH CARE. | Plaintiffs request any training and auditing documentation of this issue. Plaintiffs are amenable to sampling by obtaining 25-50 disciplinary reports for individuals identified by TechCare who are taking certain prescription drugs for mental health issues. Plaintiffs ask Defendants to follow up regarding whether there is any recording of this information, including in a centralized tracking system or any kind of special report that must be written if someone with a mental health condition is given a disciplinary infraction. |
| **RFP 144:** ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on admitting INCARCERATED PERSONS with MENTAL DISORDERS to outside hospitals, forensic facilities, or other psychiatric facilities, including but not limited to the Department of State Hospital, for the purpose of providing MENTAL HEALTH CARE. | If there is a writing evidencing a policy or practice from an outside entity relating to such admissions that Defendants have in their possession, Defendants should search for such documents or amend to say that there are none. |
| **RFP 145:** ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on discharging INCARCERATED PERSONS with MENTAL DISORDERS from outside hospitals, forensic facilities, or other psychiatric | If there is a writing evidencing a policy or practice from an outside entity relating to such discharges that Defendants have in their possession, Defendants should search for such documents or amend to say that there are none. |

[4403927.4]

**Ex. AA-367**

Elizabeth M. Pappy
December 18, 2023
Page 17

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| facilities, including but not limited to the Department of State Hospital, back to the JAIL after receiving MENTAL HEALTH CARE. | |
| **RFP 146:** ALL DOCUMENTS RELATING TO any delays in admission of INCARCERATED PERSONS with MENTAL DISORDERS into outside hospitals, forensic facilities, or other psychiatric facilities, including but not limited to the Department of State Hospital, for the purpose of providing MENTAL HEALTH CARE. | Plaintiffs anticipate that training and auditing materials exist as well. |
| **RFP 147:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the identification, tracking, and/or treatment of INCARCERATED PERSONS' MENTAL HEALTH CARE needs. | Responsive documents likely include (but are not limited to) training materials regarding tracking and recordkeeping of mental health care needs, patient lists, daily/weekly logs reflecting the number of patients evaluated for mental health care needs (including treatment plans), team meeting notes, and quality control/audit reports related to tracking of people with mental health care concerns. |
| **RFP 148:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the provision of a comprehensive MENTAL HEALTH | Responsive documents likely include (but are not limited to) training materials regarding tracking and recordkeeping of mental health care needs, patient lists, daily/weekly logs reflecting the number of patients provided comprehensive mental health care assessments (including treatment plans), team meeting notes, and quality control/audit reports related to tracking of people with mental health care concerns. |

[4403927.4]

**Ex. AA-368**

Elizabeth M. Pappy
December 18, 2023
Page 18

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| assessment for INCARCERATED PERSONS. | |
| **RFP 149:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the assessing INCARCERATED PERSONS for emergent or urgent MENTAL HEALTH CARE needs. | Responsive documents likely include (but are not limited to) training on emergent mental health care needs, logs or summaries tracking of people reporting suicidal ideation/self-harm and how long before they are met with by MH staff, team meeting notes, referral lists, patient lists reflecting people with urgent mental health care needs, and auditing of this issue. |
| **RFP 150:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the time between an INCARCERATED PERSON is referred for MENTAL HEALTH CARE evaluation or care and the time the INCARCERATED PERSON receives MENTAL HEALTH CARE evaluation or care. | Defendants' response fails to state that they will produce training materials and reports of any audits, quality improvement/ quality assurance, peer review, or evaluation related to this issue.<br><br>It is unclear whether the log that Defendants will produce will contain all requested information (referrals can be made outside of sick call). Plaintiffs requested documents since January 1, 2021. |
| **RFP 151:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the number or percent of INCARCERATED PEOPLE with MENTAL HEALTH CARE needs. | It is unclear whether the log that Defendants will produce will contain all requested information (e.g., the number/percent of people).<br><br>Plaintiffs requested documents since January 1, 2021. |

**Ex. AA-369**

Elizabeth M. Pappy
December 18, 2023
Page 19

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| **RFP 152:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, and COMMUNICATIONS RELATING TO hiring mental health staff, retaining existing staff, contracting with third-party providers, diverting incarcerated people with mental illness to community providers, and/or supporting mental health-based alternatives to incarceration. | Responsive documents are likely to include (but are not limited to) training and retraining materials, contracts with third-party providers, staffing analyses of mental health care providers, staffing reports reflecting the number of mental health staff (including those on call and any vacancies), memos re this issue, agreements with community providers and other evidence showing transfers, documentation re availability of alternatives to incarceration, and audits regarding this issue. |
| **RFP 153:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, and COMMUNICATIONS RELATING TO the number of patients on each MENTAL HEALTH CARE provider's caseload. | Responsive documents are likely to include (but are not limited to) training and materials re caseloads, regular (daily, weekly, monthly) reports of task lists for mental health staff (showing patients they need to see), regular (daily, weekly, monthly) lists of people housed in mental health housing, and audits regarding this issue. |
| **RFP 155:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO continuing MENTAL HEALTH CARE treatments and medications for INCARCERATED PERSONS who arrive at the JAIL. | This request relates to what happens when someone is booked in the Jail and requires their outside medical care to be continued, e.g., the person needs daily medication.<br><br>Responsive documents likely include (but are not limited to) exemplars for written requests to providers who provided care to particular person's care, exemplar records from outside providers re care for a particular person, treatment guidance from community providers, exemplar |

[4403927.4]

**Ex. AA-370**

Elizabeth M. Pappy
December 18, 2023
Page 20

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| | records of family members requesting care for family members who are incarcerated, logs of communications with outside providers and family regarding patient care, and individualized and/or summary documents created on a regular (daily/weekly/etc.) basis indicating what kind of immediate actions are needed to ensure that that care continues.<br><br>Other responsive documents will include training and audits of this issue. |
| **RFP 156:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO MENTAL HEALTH CARE programs for INCARCERATED PERSONS at the JAIL, including therapy and counseling. | This request is about mental health programming (e.g., group therapy programs, one on one counseling programs, etc.)  Plaintiffs ask Defendants to provide lists of all group/individual therapy programs available, schedules for those programs, attendance sheets for those programs, memos and summaries related to the programs,  and also whether there are any other tracking documents reflecting how frequently such programs are held, how frequently people are actually attending those programs, etc. Plaintiffs also request raining materials and audit for these programs. |
| **RFP 157:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO identifying, tracking, and or treating INCARCERATED PERSONS' MENTAL HEALTH needs according to a level of care system. | Responsive documents are likely to include (but not limited to), documents and training defining and explaining Defendants' level of care system, patient lists, logs and other tracking documents specific to each level of care, and auditing of the issue.<br><br>Plaintiffs do not have the same understanding regarding Defendants' proposal and ask that they submit it in writing. |

[4403927.4]

**Ex. AA-371**

Elizabeth M. Pappy
December 18, 2023
Page 21

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| **RFP 158:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO monitoring and following-up with INCARCERATED PERSONS who have MENTAL HEALTH needs. | Responsive documents likely include (but are not limited to) training materials regarding tracking and recordkeeping of mental health care needs, patient lists, daily/weekly logs reflecting the number of patients evaluated for mental health care needs, and quality control/audit reports related to tracking of people with mental health care concerns.<br><br>Plaintiffs do not have the same understanding regarding Defendants' proposal and ask that they submit it in writing. |
| **RFP 159:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO housing suicidal INCARCERATED PERSONS in isolation. | I do not recall this proposal ever being made.<br><br>Responsive documents are likely to include (but are not limited to) training materials related to housing of suicidal people in isolation, logs tracking safety and welfare checks (by custody and mental health staff) on suicidal people, lists related to suicidal people, guidance re housing people who are suicidal (including what property that can maintain), and audit records.<br><br>Plaintiffs do not have the same understanding regarding Defendants' proposal and ask that they submit it in writing. |
| **RFP 161:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO follow-up care for INCARCERATED PERSONS discharged from the Inmate Safety Program. | Responsive documents likely to include (but are not limited to) training materials, logs tracking mental health check-ins with people who have been released from ISP, patient lists of people discharged from ISP, team meeting notes, standard of care protocols, and audits. |
| **RFP 162:** ALL DOCUMENTS, including but | Plaintiffs request all trainings materials and audits. Plaintiffs also request all lists, logs, summaries, and other |

[4403927.4]

**Ex. AA-372**

Elizabeth M. Pappy
December 18, 2023
Page 22

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| not limited to logs, audits, lists, training materials, and summaries, RELATING TO INCARCERATED PERSONS with acute MENTAL HEALTH CARE needs. | documents related to tracking, evaluating, and providing care to such persons.<br><br>Plaintiffs do not have the same understanding regarding Defendants' proposal and ask that they submit it in writing. |
| **RFP 164:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATED TO the placement of INCARCERATED PEOPLE with MENTAL HEALTH DISORDERS and/or intellectual DISABILITIES in administrative segregation. | Responsive documents are likely to include (but are not limited to) patient lists of people in ad seg who require mental health care/have intellectual disabilities, logs documenting the number of mental health check-ins that occur in ad seg, daily/weekly/monthly summaries or reports regarding people with mental health concerns in ad seg. Plaintiffs request all trainings materials and audits.<br><br>Plaintiffs do not have the same understanding regarding Defendants' proposal and ask that they submit it in writing. |
| **RFP 165:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATED TO the provision of MENTAL HEALTH CARE for INCARCERATED PEOPLE with MENTAL HEALTH CARE needs in administrative segregation or other isolation housing. | Plaintiffs request more clarity to the extent that there are no other trainings outside of "policies, procedures and green sheets."<br><br>Additional responsive documents likely include (but are not limited to) logs documenting the number of mental health check-ins that occur in ad seg, daily/weekly summaries or reports on the status of people with mental health concerns in ad seg, team meeting notes, as well as audits. |
| **RFP 166:** ALL DOCUMENTS, including but not limited to logs, audits, lists and summaries, RELATING TO screening, assessment, identification, tracking of | Plaintiffs request includes all trainings not just those created in response to settlement. The request also includes all logs, lists, and summaries relating to screening, assessment, identification, and tracking of people, as well as audits. |

[4403927.4]

**Ex. AA-373**

Elizabeth M. Pappy
December 18, 2023
Page 23

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| INCARCERATED PEOPLE with DISABILITIES. | |
| **RFP 167:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO programs and services for INCARCERATED PEOPLE with DISABILITIES. | The request is limited to January 1, 2021. Plaintiffs have received documents describing the various programs available at different facilities and request information other information in Defendants' possession about those programs (including whether the are accessible -- e.g., are handouts printed in braille). We also ask Defendants to look into whether provision of such services for people with disabilities is tracked and/or audited, e.g., is a log kept re: provision of braille handbooks and other materials. Plaintiffs request all training materials as well as all logs, lists, and summaries relating to screening, assessment, identification, and tracking of people. |
| **RFP 168:** ALL DOCUMENTS and COMMUNICATIONS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the accessibility of physical spaces at the JAIL for INCARCERATED PEOPLE with DISABILITIES. | Responsive documents likely include (but are not limited to) analyses of ADA compliance within the Jail and analyses of program access within the Jail (i.e., are all programs held in accessible locations). Training and audit materials are also responsive. |
| **RFP 169:** ALL DOCUMENTS and COMMUNICATIONS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO any grievance system for INCARCERATED PEOPLE with DISABILITIES. | Plaintiffs narrowed the time frame for all requests as noted above.<br><br>Responsive documents are also likely to include (but are not limited to) logs documenting when grievances are submitted and responded to, reports outlining procedures for grievances responses, logs reflecting workload of any appellate body that reviews grievance response appeals, training materials, and audits. |

[4403927.4]

**Ex. AA-374**

Elizabeth M. Pappy
December 18, 2023
Page 24

| Request | Response to Defendants' position and examples of responsive documents |
|---------|------------------------------------------------------------------------|
|         |                                                                        |
| **RFP 171:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO electrical and plumbing hazards at the JAIL. | This request refers to plumbing and/or electrical scenarios that are hazardous to incarcerated people, e.g., sewage overflowing in bathrooms/housing units, electrified surfaces or other problems that shock/burn people, etc.<br><br>Plaintiffs are asking that Defendants look into any kind of reports generated from these incidents, training provided about how to handle such incidents, and any audits/logs related to preventing such incidents from occurring.<br><br>The Adamos Declaration filed by Defendants (Dkt. 153-2) and San Diego Central Jail Green Sheet L2 C.1 discuss how "All reported maintenance issues shall be documented with proper notifications for repairs." |
| **RFP 172:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO laundry, clothes, and linens. | Responsive documents may also include daily/weekly/monthly hygiene inspection sheets of individual housing units, laundry exchange schedules/logs/lists/summaries, training materials, audits, and documented complaints regarding this issue. |
| **RFP 173:** ALL contracts RELATING to vector and vermin control, plumbing repair, electrical repair, pest control, and other maintenance at the JAIL. | Plaintiffs narrowed the time frame for all requests as noted above, and expect responsive documents to exist for that period.<br><br>The Adamos Declaration filed by Defendants (Dkt. 153-2) and San Diego Central Jail Green Sheet L2 C.1 discuss "All reported maintenance issues shall be documented with proper notifications for repairs…. The SDCJ Module Inspection Rating Sheet shall be completed for each area and submitted to |

Elizabeth M. Pappy
December 18, 2023
Page 25

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
|  | supervisors for approval.  A copy of the approved SDCJ Module Inspection Rating Sheet shall be posted in each module and |
|  | the original signed documents shall be sent to the operations deputy for archiving. A JIMS entry will be made under the event type "INSPECTION" documenting the completion of the |
|  | hygiene inspection.  Individual rule violations |
|  | relating to the hygiene inspection shall be completed per Detentions Policy and Procedure Section O.1."  The Green Sheet identifies still other inspections including "At the end of each shift, the housing control deputy shall make a JIMS log entry in the Area Activity under |
|  | the event type, "INSPECTION" and list the cell number(s) of each high risk security level housing cells inspected." |
| **RFP 174:**  ALL DOCUMENTS RELATING TO vector and vermin control and pest control at the JAIL, including but not limited to any pest control specialist logs and reports. | Responsive documents may also include regular (daily weekly, monthly) hygiene inspections of housing units, and other logs or reports generated by Defendants or their contractors.<br><br>The Adamos Declaration filed by Defendants (Dkt. 153-2) and San Diego Central Jail Green Sheet L2 C.1 discuss "All reported maintenance issues shall be documented with proper notifications for repairs…. The SDCJ Module Inspection Rating Sheet shall be completed for each area and submitted to<br>supervisors for approval.  A copy of the approved SDCJ Module Inspection Rating Sheet shall be posted in each module and<br>the original signed documents shall be sent to the operations deputy for archiving. A JIMS entry will be made |

[4403927.4]

**Ex. AA-376**

Elizabeth M. Pappy
December 18, 2023
Page 26

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| | under the event type "INSPECTION" documenting the completion of the<br><br>hygiene inspection.  Individual rule violations<br>relating to the hygiene inspection shall be completed per Detentions Policy and Procedure Section O.1."  The Green Sheet identifies still other inspections including "At the end of each shift, the housing control deputy shall make a JIMS log entry in the Area Activity under<br><br>the event type, "INSPECTION" and list the cell number(s) of each high risk security level housing cells<br><br>inspected." |
| **RFP 175:**  ALL DOCUMENTS, including but not limited to logs and audits, RELATING TO trash collection and removal from housing units in the JAIL. | Responsive documents may also include regular (daily weekly, monthly) hygiene inspections of housing units, and other logs or reports generated by Defendants or incarcerated people.<br><br>The Adamos Declaration filed by Defendants (Dkt. 153-2) and San Diego Central Jail Green Sheet L2 C.1 discuss "All reported maintenance issues shall be documented with proper notifications for repairs…. The SDCJ Module Inspection Rating Sheet shall be completed for each area and submitted to<br>supervisors for approval.  A copy of the approved SDCJ Module Inspection Rating Sheet shall be posted in each module and<br>the original signed documents shall be sent to the operations deputy for archiving. A JIMS entry will be made under the event type "INSPECTION" documenting the completion of the<br>hygiene inspection.  Individual rule violations<br>relating to the hygiene inspection shall be completed per Detentions Policy and Procedure Section O.1."  The Green Sheet identifies still other inspections including "At the end |

[4403927.4]

**Ex. AA-377**

Elizabeth M. Pappy
December 18, 2023
Page 27

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| | of each shift, the housing control deputy shall make a JIMS log entry in the Area Activity under<br>the event type, "INSPECTION" and list the cell number(s) of each high risk security level housing cells inspected." |
| **RFP 176:** ALL DOCUMENTS, including but not limited to logs and audits, RELATING TO sanitization of cells, including but not limited to cleaning of human waste and bodily fluids. | Request No. 173 seeks various contracts and is not a duplicate of this request.<br><br>Responsive documents may also include regular (daily weekly, monthly) hygiene inspections of housing units, other logs or reports generated by Defendants or incarcerated people,<br>as well as procedures for the cleaning of human waste and bodily fluids, training materials, incident reports or other documents generated when such a clean up is required, and audits.<br><br>The Adamos Declaration filed by Defendants (Dkt. 153-2) and San Diego Central Jail Green Sheet L2 C.1 discuss "All reported maintenance issues shall be documented with proper notifications for repairs…. The SDCJ Module Inspection Rating Sheet shall be completed for each area and submitted to<br>supervisors for approval.  A copy of the approved SDCJ Module Inspection Rating Sheet shall be posted in each module and<br>the original signed documents shall be sent to the operations deputy for archiving. A JIMS entry will be made under the event type "INSPECTION" documenting the completion of the<br>hygiene inspection.  Individual rule violations |

Elizabeth M. Pappy
December 18, 2023
Page 28

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| | relating to the hygiene inspection shall be completed per Detentions Policy and Procedure Section O.1." The Green Sheet identifies still other inspections including "At the end of each shift, the housing control deputy shall make a JIMS log entry in the Area Activity under the event type, "INSPECTION" and list the cell number(s) of each high risk security level housing cells inspected." |
| **RFP 179:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO contraband narcotics. | Plaintiffs narrowed the time frame for all requests as noted above, and responsive documents should be produced for that period.<br><br>Contraband narcotics have resulted in numerous deaths at the Jail, and Defendants have been aware of these risks for more than a decade.<br><br>Documents dating back more than six months show trends, tracking of issues, awareness/knowledge of issues, and responses.<br><br>In addition to P&Ps and training materials, this request seeks all logs, audits, summaries, and lists kept by Defendants. |
| **RFP 180:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the timeliness and/or adequacy of safety checks. | Plaintiffs narrowed the time frame for all requests as noted above.<br><br>Plaintiffs seek additional information about "the entry," which is not clear from Defendants' response.<br><br>Plaintiffs have seen apparent logs of safety checks produced as part of RFP Set 2. |

**Ex. AA-379**

Elizabeth M. Pappy
December 18, 2023
Page 29

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| | The Sheriff's Department told the State Auditor that the Department has a process for periodically monitoring whether staff members adequately perform safety checks.<br><br>Plaintiffs seek all training and audits re safety checks. |
| **RFP 181:** ALL DOCUMENTS RELATING TO housing classification, including but not limited to housing plans and matrices; lists and floorplans of housing units; DOCUMENTS reflecting the purpose and capacity of each room in each housing unit; forms used by JAIL staff to classify and re-classify INCARCERATED PERSONS for general population, protective custody, and administrative segregation housing; and DOCUMENTS reflecting the criteria and eligibility for general population housing determinations; protective custody housing determinations, and administrative segregation housing determinations. | Plaintiffs narrowed the time frame for all requests as noted above.<br><br>Classification is related to housing plans and matrices, floor plans capacity, etc in that classification results in the placement of an individual in a specific housing unit.<br><br>Responsive documents include but are not limited to training materials regarding making classification decisions, forms, documents regarding dispute resolution (*i.e.*, if an incarcerated person does not agree with their classification), and audits of classification decisions. |
| **RFP 182:** ALL DOCUMENTS, including but not limited to logs, audits, and training materials, RELATING TO YOUR EMPLOYEES' response, including response | Defendants' position cannot be true. The Adamos Declaration filed by Defendants (Dkt. 153-2) discusses a "Facility Commander's Directive" about checking intercom buttons as well as official "1st and 2nd Floor Daily Intercom Check" documents. Captain Adamos states that this "information will be entered into [JIMS] to indicate that the |

[4403927.4]

**Ex. AA-380**

Elizabeth M. Pappy
December 18, 2023
Page 30

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| times, to emergency intercom use by INCARCERATED PERSONS. | intercom check has been completed and any discrepancies identified in the notes.  Id. at paragraph 4.  San Diego Central Jail Green Sheet I.61.C.2 states that at the start of each shift, control deputies "will create a '10-8 Briefed' log entry. The deputy will note in the description field a volume check and intercom check conducted. If any issues are found, they will note the nature of the issue and what sergeant was notified…. Sergeants assigned to the movement or security position will visually inspect each touchscreen once per shift to insure proper function. This will be documented in the notes section of the JIMS Supervisor Log Review entry. Maintenance and SDCJ administrative notification will be required for any intercom found not in working order."<br><br>Plaintiffs ask that Defendants re-search for responsive documents. |
| **RFP 183:**  ALL DOCUMENTS, including but not limited to logs and audits, RELATING TO intercoms in housing units at the JAIL, including but not limited to maintenance and repair of intercoms, contracts RELATING TO intercoms, and internal and/or third-party reports or analyses RELATING TO the efficacy and/or operation of intercoms. | In addition to such logs, responsive documents included but are not limited to audits of such intercom systems, and reports or analyses relating to the efficacy of the intercom system.<br><br>The Adamos Declaration filed by Defendants (Dkt. 153-2) discusses a "Facility Commander's Directive" about checking intercom buttons as well as official "1st and 2nd Floor Daily Intercom Check" documents.  Captain Adamos states that this "information will be entered into [JIMS] to indicate that the intercom check has been completed and any discrepancies identified in the notes.  Id. at paragraph 4.  San Diego Central Jail Green Sheet I.61.C.2 states that at the start of each shift, control deputies "will create a '10- |

[4403927.4]

**Ex. AA-381**

Elizabeth M. Pappy
December 18, 2023
Page 31

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| | 8 Briefed' log entry. The deputy will note in the description field a volume check and intercom check conducted. If any issues are found, they will note the nature of the issue and what sergeant was notified…. Sergeants assigned to the movement or security position will visually inspect each touchscreen once per shift to insure proper function. This will be documented in the notes section of the JIMS Supervisor Log Review entry. Maintenance and SDCJ administrative notification will be required for any intercom found not in working order."<br><br>Plaintiffs do not have the same understanding regarding Defendants' proposal and ask that they submit it in writing. |
| **RFP 184:** ALL DOCUMENTS RELATING TO general population housing determinations, protective custody determinations, and administrative segregation housing determinations for INCARCERATED PERSONS in the JAIL. | Defendants produced a housing classification form at SD092868. Plaintiffs ask Defendants to produce a blank version of that form, search for any other housing determination forms (including classification and re-classification documents), and search for any training materials or other documents regarding how housing determinations are made or are audited/evaluated. |
| **RFP 185:** A blank examples of ALL forms used for housing classification, general population housing determinations, protective custody determinations, and administrative segregation housing determinations for INCARCERATED PERSONS in the JAIL. | Plaintiffs request Defendants amend their responses to say so. |

[4403927.4]

**Ex. AA-382**

Elizabeth M. Pappy
December 18, 2023
Page 32

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| **RFP 187:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the number of assaults, dates of assaults, use of any weapon(s) in assaults, involvement of EMPLOYEES or INCARCERATED PERSONS in assaults, nature of injury(ies) sustained in assaults, and cause(s) of injury(ies) sustained in assaults for each assault involving an INCARCERATED PERSON. | Plaintiffs request that the log include all information in the request, and that Defendants response includes all audits. |
| **RFP 188:** For each INCARCERATED PERSON who received medical attention for injury(ies) sustained during or related to an assault, ALL investigative reports, incident reports, and medical records related to those assaults from January 1, 2021 to the present. | Plaintiffs request that the log include all information in the request. |
| **RFP 190:** ALL DOCUMENTS RELATING TO understaffing (employing fewer positions than required, allocated, and/or scheduled) of EMPLOYEES at the JAIL from January 1, 2021 to the present. | Responsive documents will likely include (but not be limited to) analyses of staffing, work schedules and rosters, documents reflecting allocated and filled positions at the jail, as well as evaluations, calculations, and audits of staffing levels. |
| **RFP 191:** ALL DOCUMENTS RELATING TO the following for each existing EMPLOYEE | Responsive documents will likely include more than just overtime worked. For example, it will include (but not be limited to) documents showing allocated and filled |

[4403927.4]

Elizabeth M. Pappy
December 18, 2023
Page 33

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| position at the JAIL:  the number of allocated positions, the number of hours required for each position, the number of vacancies and the duration of vacancies for each position, and STAFFING PLANS RELATING TO each position at the JAIL from January 1, 2021 to the present. | positions, job descriptions related to hours required, staffing schedules, and any documents not sent to/from the Asst. Sheriff that document staffing positions, levels, and vacancies. |
| **RFP 192:**  ALL DOCUMENTS RELATING TO the following for each existing EMPLOYEE position at the JAIL: the number of EMPLOYEES present for work in each position for each shift, the number of absences for each position for each shift, and the duration of any absences for each shift from January 1, 2022 to the present. | Responsive documents will likely include more than just overtime worked.  For example, it will include documents reflecting the requested information. |
| **RFP 193:**  ALL DOCUMENTS RELATING TO body scanners at the JAIL, including but not limited to DOCUMENTS RELATING TO body scanning software, maintenance and repair of body scanners, contracts related to body scanners, POLICIES AND PROCEDURES related to the use of body scanners, and internal and/or third-party reports regarding the efficacy and/or utility of body scanners. | In addition to ESI, Defendants should produce training on the use of body scanners, evidence of maintenance and software updates, contracts related to scanners, reviews of abnormal scans, and audits and evaluations of scanners (including where the user or scanner failed to detect contraband).<br><br>The Hunting declaration submitted by Defendants discusses how the Department is "evaluating more advanced technology" (Dkt 153-7). |

[4403927.4]

**Ex. AA-384**

Elizabeth M. Pappy
December 18, 2023
Page 34

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| **RFP 194:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO use of body scanners on YOUR EMPLOYEES when they enter the JAIL. | In addition to ESI, Defendants should be required to produce any analyses, proposals, or evaluations of the policy suggestion that Defendants' employees be required to pass through body scanners when they enter the Jail. |
| **RFP 195:** ALL DOCUMENTS RELATING TO video cameras and body-worn cameras at the JAIL, including but not limited to DOCUMENTS RELATING TO video camera and/or body-worn camera software, maintenance and repair of video cameras and/or body-worn cameras, contracts related to video cameras and/or body-worn cameras, POLICIES AND PROCEDURES related to the use of video cameras and/or body-worn cameras, and internal and/or third-party reports regarding the efficacy and/or utility of video cameras and/or body-worn cameras. | Responsive documents include but are not limited to maintenance logs, memos/reports discussing areas of jail where cameras should be placed or where lack of cameras result in fights, proposals and discussions of fixing or replacing cameras, documents from contractors for camera repair/replacement/installation, lists and summaries showing efficacy of cameras (e.g, blurry blocked, non-functioning, scratched lens), and any audits or evaluations of fixed cameras. |
| **RFP 196:** ALL DOCUMENTS RELATING TO the analysis, study, or adequacy of staffing levels at the JAIL. | Plaintiffs expect that Defendants have conducted a staffing analysis, *i.e.*, analyze the minimum number of staffing required in each Jail facility. To the extent no such document exists, Defendants should say so. |
| **RFP 197:** ALL DOCUMENTS AND COMMUNICATIONS RELATING TO all grievances or complaints filed by the | Grievances by employees are likely to include responsive information including about unaddressed problems, patient care, staffing and whistleblower retaliation. |

**Ex. AA-385**

Elizabeth M. Pappy
December 18, 2023
Page 35

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| Deputy Sheriffs' Association of San Diego County alleging or RELATING TO any matter of JAIL employment, including but not limited to wage grievances, overtime grievances, supervisory practices grievances, disciplinary grievances, retaliation grievances, and allegations of violations of union or other contract rights. | The protective order in this case allows for designation of material as confidential information. |
| **RFP 198:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO "bypass" or "lockdown" punishments and/or practices at the JAIL, including all instances when an EMPLOYEE denies out-of-cell time to an INCARCERATED PERSON. | Bypass is contrary to policy, and will not appear in the policies, procedures, and green sheets. In addition to a list of all individuals on lockdown and bypass, Plaintiffs ask for any training materials, reports, audits, memoranda, etc. relating to such practices. |
| **RFP 199:** ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of the incidents referenced in the filing at Docket No. 344 in this litigation. | The date is included in the docket entry (which Defendants have access to), our Nov. 17 email, and this document. |
| **RFP 200:** ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO Christopher | Plaintiffs have clarified that "incident" means the same as "incident reports." Defendants' position is not responsive to Plaintiffs' position. |

**Ex. AA-386**

Elizabeth M. Pappy
December 18, 2023
Page 36

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| Cunningham (Booking No. 23729037). | |
| **RFP 201:** ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO Shawn Fuller (Booking No. 23727577). | Plaintiffs have clarified that "incident" means the same as "incident reports." Defendants' position is not responsive to Plaintiffs' position. |
| **RFP 202:** ALL DOCUMENTS, including but not limited to video footage captured by body-worn cameras, of any incidents RELATING TO PLAINTIFFS. | Plaintiffs have clarified that "incident" means the same as "incident reports." Defendants' position is not responsive to Plaintiffs' position. |
| **RFP 203:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of EMPLOYEES' failure to intervene against another EMPLOYEE using force that is clearly unreasonable or excessive, as described in California Penal Code Section 832.7(b)(1)(A)(iv), at the JAIL, regardless whether the allegation was sustained or unsustained. | The protective order in this case allows for designation of material as confidential information.<br><br>Unsustained findings are relevant because they contain factual information relating to such incidents, complaints, and investigations. |
| **RFP 204:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of discharge of a firearm by YOUR EMPLOYEES at the JAIL, as described in California | The protective order in this case allows for designation of material as confidential information.<br><br>Unsustained findings are relevant because they contain factual information relating to such incidents, complaints, and investigations. |

**Ex. AA-387**

Elizabeth M. Pappy
December 18, 2023
Page 37

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| Penal Code Section 832.7(b)(1)(A)(i). | |
| **RFP 205:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of sexual assault, as that term is defined in California Penal Code Section 832.7(b)(1)(B)(ii), by YOUR EMPLOYEES at the JAIL, regardless whether the allegation was sustained or unsustained. | The protective order in this case allows for designation of material as confidential information.

Unsustained findings are relevant because they contain factual information relating to such incidents, complaints, and investigations. |
| **RFP 206:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of dishonesty by YOUR EMPLOYEES, as described in California Penal Code Section 832.7(b)(1)(C), at the JAIL, regardless whether the allegation was sustained or unsustained. | The complaint discusses instances of retaliation. For example, paragraph 352 discusses how former SHERIFF'S DEPARTMENT staff reported in an October 2022 article about a culture of retaliation that chills staff from coming forward to report on problems within the Jail. Such actions are related to dishonesty. One former sergeant's supervisor "told her not to complain if anyone said negative things to her." Another former staff member described "a culture within the department that makes people scared to report," because they would be viewed as a "snitch" or "rat," and others would not want to work with them.

"Dishonesty" means the same as it means in the statute (" Any record relating to an incident in which a sustained finding was made by any law enforcement agency or oversight agency involving dishonesty by a peace officer or custodial officer directly relating to the reporting, investigation, or prosecution of a crime, or directly relating to the reporting of, or investigation of misconduct by, another peace officer or custodial officer, including, but not limited to, any false statements, filing false reports, |

Elizabeth M. Pappy
December 18, 2023
Page 38

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| | destruction, falsifying, or concealing of evidence, or perjury.")

The protective order in this case allows for designation of material as confidential information.

Unsustained findings are relevant because they contain factual information relating to such incidents, complaints, and investigations. |
| **RFP 207:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of prejudice or discrimination by YOUR EMPLOYEES at the JAIL, as described in California Penal Code Section 832.7(b)(1)(C), regardless whether the allegation was sustained or unsustained. | There is a time limit, as described above.

All instances of discrimination are relevant to the issues in this case.

The protective order in this case allows for designation of material as confidential information.

Unsustained findings are relevant because they contain factual information relating to such incidents, complaints, and investigations. |
| **RFP 211:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO overcrowding of INCARCERATED PERSONS, including but not limited to housing one or more INCARCERATED PERSONS in housing units that exceed their rated capacities. | There is a time limit, as described above.

Logs, lists, summaries, calculations, and audits should be produced for housing units in addition to individual cells. Rating capacities should be produced for each housing unit and cell. |
| **RFP 214:** ALL DOCUMENTS RELATING TO training staff | Plaintiffs' request is not limited to six months, but rather from January 1, 2021 to the present. |

**Ex. AA-389**

Elizabeth M. Pappy
December 18, 2023
Page 39

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| how to respond to drug overdoses. | Responsive training materials will also include emergency responses such as contacting/coordinating care within the Jail, use of medical equipment such as defibrillators, transportation, ambulatory care, emergency room care, follow-up care for those that survive overdoses, incident reporting, and death review protocols. |
| **RFP 217:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO emotional, verbal, or physical abuse of an INCARCERATED PERSON by YOUR EMPLOYEES. | The request is limited to January 1, 2021 to the present.<br><br>In addition to ESI and disciplinary documents, responsive documents would include any policies or training regarding abuse of incarcerated people and tracking and accountability logs regarding investigations of abuse.<br><br>The protective order in this case allows for designation of material as confidential information.<br><br>Unsustained findings are relevant because they contain factual information relating to such incidents, complaints, and investigations. |
| **RFP 218:** ALL DOCUMENTS RELATING TO discipline of YOUR EMPLOYEES at the JAIL, including all disciplinary records. | Plaintiffs narrow the request to discipline related to issues in the Third Amended Complaint.<br><br>In addition to disciplinary records, responsive documents include but are not limited to internal memoranda regarding standards for disciplinary findings, training provided about the possibility of discipline, any audits or tracking that occurs regarding the conduct of someone who has been disciplined after they return to work.<br><br>The protective order in this case allows for designation of material as confidential information. |

[4403927.4]

**Ex. AA-390**

Elizabeth M. Pappy
December 18, 2023
Page 40

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
|  | Unsustained findings are relevant because they contain factual information relating to such incidents, complaints, and investigations. |
| **RFP 219:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO locations in the JAIL that INCARCERATED PERSONS may access but are not monitored by video cameras, including but not limited to the area described as "the pocket." | Responsive documents would include but not be limited to schematics showing the placement of fixed cameras in the Jail, analyses of places in the Jail where there is insufficient camera coverage, and reports on how to correct those gaps in coverage. |
| **RFP 220:** ALL DOCUMENTS RELATING TO the extraction of an INCARCERATED PERSON's tooth or teeth, including but not limited to requests for alternative treatments or offering of alternative treatment options to the INCARCERATED PERSON. | Responsive documents would include but not be limited to training materials, patient lists, dental sick call lists, logs documenting requests for dental procedures that occur outside the Jail, audits of Jail dental care.

Plaintiffs have proposed a limited set of individual medical records, but Defendants rejected the proposal and instead offered records which would very likely not address this issue. |
| **RFP 221:** ALL DOCUMENTS RELATING TO the provision or prescription of medication, including but not limited to antibiotic medication, to INCARCERATED PERSONS for the purpose of treating, managing, or alleviating dental pain or swelling. | This request seeks documents regarding when staff are prescribing antibiotic medication for dental pain (e.g., before a dental appointment can be scheduled), or that a report from the electronic medical records system could be run to obtain the information. Plaintiffs are asking Defendants to look into whether such logs exist or reports could be run. Training materials and audits would also be responsive.

Plaintiffs have proposed a limited set of individual medical records, but Defendants rejected the proposal and instead |

Elizabeth M. Pappy
December 18, 2023
Page 41

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| | offered records which would very likely not address this issue. |
| **RFP 222:** DOCUMENTS sufficient to show (a) the average waiting time between the time an INCARCERATED PERSON submits a sick call request relating to pain or swelling in their teeth, jaw, gums, or mouth and the time the INCARCERATED PERSON is seen by a licensed dentist; (b) the average waiting time between the time a referral for dental HEALTH CARE is created at the JAIL and the time the INCARCERATED PERSON is seen by a licensed dentist; and (c) the number of patients on any waiting lists for dental HEALTH CARE since January 1, 2021. | It is unclear whether the log that Defendants will produce will contain all requested information (e.g., the time the person requests care, the time care is provided, and the number of patients on waiting lists). The request is limited to January 1, 2021 to the present. |
| **RFP 223:** DOCUMENTS sufficient to show the number of requests for dental HEALTH CARE at the JAIL and the number of such requests that are granted each month since January 1, 2021. | It is unclear whether the log that Defendants will produce will contain all requested information (e.g., the number of requests for care and the number of requests granted—that is seen by a provider). The request is limited to January 1, 2021 to the present. |
| **RFP 225:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and | The request is limited to January 1, 2021 to the present. The request calls for all logs, lists, and summaries that are extant or can be generated by the electronic records system. |

Elizabeth M. Pappy
December 18, 2023
Page 42

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| summaries, RELATING TO the timeliness and/or adequacy of dental HEALTH CARE at the JAIL. | In addition, responsive documents include (but are not limited to) training materials, audits, peer review, and quality control reports regarding dental health care. |
| **RFP 226:** DOCUMENTS sufficient to show the number of patients seen for dental HEALTH CARE at the JAIL and the number and types of dental HEALTH CARE procedures provided each month since January 1, 2021. | The request is limited to January 1, 2021 to the present.<br><br>It is unclear whether the log that Defendants will produce will contain all requested information (e.g., the number of patients seen and the types of procedures provided). |
| **RFP 227:** DOCUMENTS sufficient to show the number of scheduled appointments for dental HEALTH CARE that are cancelled or refused each month since January 1, 2021. | The request is limited to January 1, 2021 to the present.<br><br>It is unclear whether the log that Defendants will produce will contain all requested information (e.g., the number of scheduled appointments, cancellations, and refusals). |
| **RFP 230:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the destruction, loss, or misplacement of INCARCERATED PERSONS' personal legal documents. | Plaintiffs do not have the same understanding regarding what Defendants advised Plaintiffs that they are searching for, and ask that Defendants submit it in writing.<br><br>Grievances will also be responsive to this request. |
| **RFP 232:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO attorney callback requests. | Plaintiffs do not have the same understanding regarding what Defendants advised Plaintiffs that they are searching for, and ask that Defendants submit it in writing.<br><br>Logs, lists, notes, and other documentation of staff speaking with lawyers (or their staff) is responsive to this request as will grievances. |

[4403927.4]

**Ex. AA-393**

Elizabeth M. Pappy
December 18, 2023
Page 43

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| **RFP 233:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO wait times for professional visits, including the time it takes to release visitors from the professional visiting room after a request has been made. | Plaintiffs do not have the same understanding regarding what Defendants advised Plaintiffs that they are searching for, and ask that Defendants submit it in writing.<br><br>Logs, lists, notes, and other documentation (including in JIMS) relating to professional visits is responsive to this request as will grievances. |
| **RFP 234:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the law library and INCARCERATED PERSONS' access to the law library. | Plaintiffs do not have the same understanding regarding what Defendants advised Plaintiffs that they are searching for, and ask that Defendants submit it in writing.<br><br>Logs, lists, notes, and other documentation (including in JIMS) relating to requests for legal research and/or library help is responsive to this request as will grievances. |
| **RFP 235:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the provision of legal materials to pro se litigants. | Plaintiffs do not have the same understanding regarding what Defendants advised Plaintiffs that they are searching for, and ask that Defendants submit it in writing.<br><br>Logs, lists, notes, and other documentation (including in JIMS) relating to requests for legal materials (e.g., paper, pen, access to files, support) is responsive to this request as will grievances. |
| **RFP 236:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO legal mail. | Plaintiffs do not have the same understanding regarding what Defendants advised Plaintiffs that they are searching for, and ask that Defendants submit it in writing.<br><br>Logs, lists, notes, and other documentation (including in JIMS) relating to legal mail is responsive to this request as will grievances. |

**Ex. AA-394**

Elizabeth M. Pappy
December 18, 2023
Page 44

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| **RFP 238:** ALL DOCUMENTS and COMMUNICATIONS RELATING to statistics, studies, analyses, or evaluations of YOUR alternative-to-incarceration and reentry programming, including but not limited to the adequacy, quality, quantity, demographic reach, and/or discrimination of those programs. | Plaintiffs focus on statistics, studies, analyses, or evaluations does not include a request for individual files.<br><br>"Adequacy," "quality," and "quantity" are relevant because it goes to whether three are sufficient programs and spots in those programs to be effective for the County's and Jail's populations.<br><br>"Demographic reach" is relevant to the participants' race and ethnicity, an issue in this case. |
| **RFP 239:** DOCUMENTS sufficient to show the racial demographics of participants in ALL of YOUR alternative-to-incarceration and reentry programs by month since January 1, 2021. | Responsive documents would also include documents related to every single other alternative-to-incarceration program run by the County, including but not limited to Drug Court. |
| **RFP 240:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the eligibility criteria for ANY of YOUR alternative-to-incarceration and reentry programs. | As indicated above, there are time limits and the request does not seek every person's custody file. Rather, the request seeks the eligibility criteria for Defendants' alternative-to-incarceration and reentry programs, and any audits, evaluations, reports, or discussions about those criteria. |
| **RFP 241:** ALL DOCUMENTS RELATING TO the denial of ANY INCARCERATED PERSON from an alternative-to-incarceration or reentry program since January 1, 2021. | Responsive documents would also include lists of disqualifying criteria and documents explaining the reason(s) why people are denied/rejected from an alternative to incarceration or reentry program. |
| **RFP 242:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the | As indicated above, there are time limits, and the request does not seek every person's custody file. |

[4403927.4]

**Ex. AA-395**

Elizabeth M. Pappy
December 18, 2023
Page 45

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| Correctional Offender Management Profiling for Alternative Sanctions tool, the California Pretrial Assessment tool, and ANY other pre-trial risk assessment tool. | Responsive documents would also include but not be limited to any memoranda or analyses conducted by the County regarding the use of these tools, guidance or reports about the tools kept by the Department, and reports or documents discussing use of alternative tools or methods. |
| **RFP 243:** ALL DOCUMENTS RELATING TO studies, analyses, or evaluations of recidivism of INCARCERATED PERSONS. | The TAC specifically discusses how Defendants have created a cycle of reincarceration and overincarceration that exacerbates the problems in the Jail and exposes more people than necessary to the harms within the Jail walls. The issue is discussed at length in Section VII(C) of the TAC. |
| **RFP 244:** All DOCUMENTS RELATING TO alternatives to incarceration, including drug court and reentry court. | Plaintiffs seek documents identifying all alternatives to incarceration, including drug court and reentry court; the number of people who participate annually in the each program; the funding for each program; all documents auditing or evaluating the programs; and all documents discussing expansion or changes to the programs.

The request is limited to January 1, 2021 to the present. |
| **RFP 245:** ALL JIMS data RELATED TO Plaintiffs' Ninth Claim for Relief in the Third Amended Complaint. | The request is limited to January 1, 2021 to the present.

Plaintiffs seek a list of the information kept in JIMS so that they can narrow the request. The data has been requested by Plaintiffs' expert to perform statistical analysis including in combination with other data. |
| **RFP 246:** ALL DOCUMENTS and data used by YOU when considering an INCARCERATED PERSON's eligibility for participation in | As indicated above, there are time limits and the request does not seek every person's custody file.

Rather, the request seeks documents, descriptions, lists, and other information showing what information Defendants consider and rely upon in making decisions about |

[4403927.4]

**Ex. AA-396**

Elizabeth M. Pappy
December 18, 2023
Page 46

| Request | Response to Defendants' position and examples of responsive documents |
|---|---|
| alternatives to incarceration programing. | participation in alternatives to incarceration programing, including what software/tools are used to facilitate the decision.  This request includes  audits, evaluations, reports, or discussions about what information is used to make eligibility determinations. |
| **RFP 247:**  ALL datasets RELATING TO people considered for participation in alternatives to incarceration programing. | "Datasets" include datasets relating to criminal incident reports, the officer-initiated field contacts searches, arrests, use of force, and criminal charges to the extent those data are used in eligibility decisions, as well as all datasets with information about people consider for or participating in alternatives to incarceration programing. |
| **RFP 248-53** | Each of the Five Requests is directly relevant to Plaintiffs' over-policing claim.  *See, e.g*, TAC ¶ 401; *see also* Dkt. 467-1. |

        We are open to continuing discussions at your earliest convenience.  Please let us know your availability to further meet and confer.

                                            Sincerely,

                                            ROSEN BIEN
                                            GALVAN & GRUNFELD LLP

                                    By:   Van Swearingen

VS:HMC
Cc:  Co-Counsel

                                                            **Ex. AA-397**

# EXHIBIT BB

| | |
|---|---|
| **From:** | Hannah Chartoff |
| **To:** | Pappy, Elizabeth M.; Coleman, Susan E. |
| **Cc:** | Van Swearingen; Gay C. Grunfeld; Aaron Fischer; Priyah Kaul; Eric Monek Anderson |
| **Bcc:** | 1730_01_Darryl Dunsmore et al _Darryl Dunsmore et al_v_San Diego Jail_Emails_1730_01_ |
| **Subject:** | RE: Dunsmore: Plaintiffs" proposal for individual medical/mental health records [IMAN-DMS.FID55015] |
| **Date:** | Friday, December 15, 2023 5:43:26 PM |

Hi Beth,

To be clear, Plaintiffs remain open to meeting and conferring on this topic, but we cannot do so without additional information as outlined in my last email. Please let us know if you can provide such responses on Monday.

Have a good weekend,
Hannah

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Friday, December 15, 2023 4:38 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Subject:** RE: Dunsmore: Plaintiffs' proposal for individual medical/mental health records [IMAN-DMS.FID55015]

> [EXTERNAL MESSAGE NOTICE]

Let's just leave this aside for the judge to decide at the hearing. It's clear no amount of effort on my part is going to satisfy.

Have a good weekend.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**Ex. BB-399**

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Friday, December 15, 2023 4:35 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron
Fischer <ajf@aaronfischerlaw.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson
<EMonekAnderson@rbgg.com>
**Subject:** RE: Dunsmore: Plaintiffs' proposal for individual medical/mental health records [IMAN-
DMS.FID55015]

[EXTERNAL]

Hi Beth,

Thanks for letting us know that Defendants can generate medical records for people taking certain
medications.  Plaintiffs are not inclined to limit our requests to just people who take certain
medications, but it does seem like that functionality could help in the search for records responsive
to our requests.  In addition to being able to run lists for those individuals, what other types of
reports can be generated that would help with identifying the records we requested?  Can reports
be run to identify people who have been pregnant, sent to the ER, placed on withdrawal protocols or
housed in particular housing locations?  And what do you mean by saying that the NaphCare reports
are "not reliable given the Techcare functionality"?

We do not agree with or understand your burden objection to producing hundreds of medical and
custody files.  Why would it take 15 days to pull medical records?  Is the length of time due to
TechCare's functionality or due to other factors like the availability of personnel?  How much time
does it take to export 1 medical record, 10 medical records, or 100 medical records?

Separately, Plaintiffs do not agree to a discovery referee.

Thank you,
Hannah

**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Friday, December 15, 2023 1:44 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron

**Ex. BB-400**

Fischer <ajf@aaronfischerlaw.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>

**Subject:** RE: Dunsmore: Plaintiffs' proposal for individual medical/mental health records [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

The attachment is generated by Naphcare and my client does not generate it or use it in any way because it is not reliable given the Techcare functionality.

Based upon additional information I have from my client, there is a way to run lists of individuals taking certain medications that would only or most likely only be taken by individuals with certain conditions.  This may present us with another way to back into your requested medical records without review of hard copies of medical records.

As before, I will not agree to run anything without a written agreement that it will suffice, and we can negotiate a set number of medical records to produce once we get the list.

This is yet another possible resolution I will present to the Court on 12/20 if you choose not to compromise and agree.

Thank you.


**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Friday, December 15, 2023 11:08 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Subject:** RE: Dunsmore: Plaintiffs' proposal for individual medical/mental health records [IMAN-

**Ex. BB-401**

DMS.FID55015]

[EXTERNAL]

Hi Beth,

The document I referenced is attached.  Consistent with Van's email of yesterday, the rest of the Naphcare production is forthcoming.

Thanks,
Hannah

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Friday, December 15, 2023 10:29 AM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Subject:** RE: Dunsmore: Plaintiffs' proposal for individual medical/mental health records [IMAN-DMS.FID55015]

| [EXTERNAL MESSAGE NOTICE] |
| --- |

When can I expect the page produced by Naphcare?  Please provide just that page today so I can get it to the client.

Thank you.

Elizabeth M. Pappy | Partner
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Pappy, Elizabeth M.
**Sent:** Thursday, December 14, 2023 4:41 PM

**Ex. BB-402**

**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron
Fischer <ajf@aaronfischerlaw.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson
<EMonekAnderson@rbgg.com>
**Subject:** RE: Dunsmore: Plaintiffs' proposal for individual medical/mental health records [IMAN-
DMS.FID55015]

Please take another look at our response to the request for all medical records back in August. The
word overbroad is hard to miss. I've copied it below since you don't seem to recall what it says:

> Objection. To the extent the subclass members are also individually named Plaintiffs, these
> documents have been previously produced. Further, the request is unduly burdensome and
> overly broad in seeking production of potentially hundreds of voluminous files. It also seeks
> documents that may be irrelevant given that the ADA mobility/hearing impairment disability
> issues have already been settled in part. Further, the request seeks documents subject to
> the medical privacy and HIPPA rights of individuals which has not been waived, and which is
> not overcome by representation of a general class member following certification.
> Accordingly, no documents are provided herewith.

You never addressed or resolved that objection. I repeatedly raised it in meet and confer. You
simply assumed that because the HIPPA order was signed that you were suddenly entitled to the
documents. I distinctly recall talking to you on the phone while in Lake Arrowhead in September
about the fact that you would go back to your group and talk about how to narrow the medical
records requests. I got a response on December 7th.

I understand from your email that you do not want the offered medical records and accordingly I
won't have the client run them. You seem to miss the fact that I made an offer to resolve this issue
to you in offering up the 91 medical files. It was not an admission that they should have been
provided along with the other 3010 odd files you requested.

We never received any documents from Naphcare. Please send NAPHCARE009850 so I can send it
along to the medical department. This is yet another perfect example of what I have been
complaining about with you folks for almost a year. You claim my client who employs thousands of
people is knowingly hiding documents. Yet when you have a document in your possession which
might help me point them in the right direction, you knowingly withhold it. I am not dealing with a
10-person company that has a simple document storage computer system.

I wonder if a discovery referee hired by both sides might be a good option. What do you think?

Thank you.

Elizabeth M. Pappy | Partner
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333

**Ex. BB-403**

epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP 

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Thursday, December 14, 2023 4:27 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Subject:** RE: Dunsmore: Plaintiffs' proposal for individual medical/mental health records [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

Plaintiffs first served requests for class member medical records on August 16, 2023. That Defendants are four months later informing us that it will take 15 working days to access individuals' records is yet another example of Defendants' delays and failure to engage in the discovery process. As of yesterday, Defendants had produced only 5,250 documents in response to RFP Sets 3 – 5, and 20% of those documents are post orders, which Defendants denied even existed for months after Plaintiffs requested them. Given those repeated delays, the paltry number of documents Defendants have produced to date, and the other deadlines in this case, Plaintiffs cannot agree to any extension of the December 22 deadline.

Our questions about Defendants' claim that manual searching is required are based on contradicting information in documents produced in this litigation. For example, NAPHCARE009850 includes a report generated from TechCare showing a number of patients receiving HIV medication as well as those facing other chronic conditions. Is it no longer possible to generate such reports, or is there another reason that Defendants cannot use those searches in this regard? We also expect that they Jail has other methods than searching manually through all medical records to ascertain which people have, for example, been pregnant, sent to the ER, or housed in particular housing locations (like PSU, safety cells, and EOH cells). Please let us know which bulleted items can be retrieved through first reviewing TechCare or other reports—even if it is a two-step process, such as first obtaining the list of people evaluated for eyeglasses and then looking to see if they were incarcerated for another three months—and which ones truly cannot be ascertained without having to manually search all medical records to see if a person meets the criteria or not.

**Ex. BB-404**

Contrary to your representation below, Plaintiffs did not request "thousands" of medical records. Rather, Plaintiffs requested closer to 500 records that are specifically tethered to issues in the Third Amended Complaint and the types of documents that our experts expect to review. Your proposal of sending us 91 files for us to review "to see if they meet some of the items on your experts' list" is inefficient and insufficient to cover the breadth of issues in this case. If the process for determining the record sets requested is indeed too burdensome, then we would need to request many more records (such as 10-20 percent of all male and females who were seen by medical, MH, or dental care providers) to ensure that the issues in the TAC are represented in the records.

Plaintiffs remain open to meeting and conferring and hope that we can make progress in advance of the December 20 conference. However, Defendants' ultimatum that Plaintiffs either "agree to [Defendants'] entire proposal or I will bring it to the judge's attention" is not conducive to compromise. Please let us know if you are available to meet and confer on this topic, including by producing the logs mentioned in your 12/13/23 1:57 p.m. email, or to discuss any of the others raised in this email, my November 17 email about RFP Set 5, or Van's December 8 letter, to which Defendants provided no substantive response.

Thank you,
Hannah

**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Thursday, December 14, 2023 12:28 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Subject:** RE: Dunsmore: Plaintiffs' proposal for individual medical/mental health records [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

I just received information from my client that it will take 15 working days to download the 91 settlement subclass member (as of June 21, 2023) medical records. I am willing to provide you those 91 medical records files so that you can go through them and see if any address the lengthy list from your experts provided on 12/7, with conditions. They obviously won't be ready by 12/22 and it is still our official position that asking for thousands of medical records is harassing and disproportionate to your needs in this case and thus will not start the process of downloading unless and until we have an agreement from you to compromise.

**Ex. BB-405**

If you will agree to a process whereby, we provide the 91 files, you review them to see if they meet some of the items on your experts' list, then use the spreadsheets you will get by December 22nd (sick calls, outpatient appts) to hopefully identify individuals with conditions you are looking for, and we agree to a certain number of those individual records to produce, we will agree to produce the 91 medical record files.

The Court was quite done with our collective failure to come to agreements. We can debate whose fault that is all day long but your continual need to air our disputes in front of the judge forced him into a position where he saw no cooperation and imposed a deadline. I do hope you realize that he imposed that deadline as a caution to both of us and not because of something he perceived only the defendants were doing. I welcomed the deadline to end these disputes.

If we agree to an approach about the medical records, the judge isn't going to care and will very likely welcome it. All he sees is that we haven't done that thus far.

You say below that you don't "understand" why this is so burdensome. I have repeatedly told you that medical records must be hand searched. You choose to ignore me. There is no way to search by "diabetes" or "HIV". Someone would have to go through every medical record page in the system to see if someone had a particular condition. I don't understand why you don't understand the time that would involve.

If you choose to take me up on my offer, please tell me today so I can get medical working on the downloads. To be clear, you either agree to my entire proposal or I will bring it to the judge's attention on December 20th as a way we offered to compromise and you refused.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Pappy, Elizabeth M.
**Sent:** Thursday, December 14, 2023 10:45 AM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>

**Ex. BB-406**

**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Subject:** RE: Dunsmore: Plaintiffs' proposal for individual medical/mental health records [IMAN-DMS.FID55015]

We have nothing to meet and confer about.  Your request for all medical records and your request that we hand search medical records for instances of a plethora of conditions is unreasonable, not proportional, and unwarranted.  I have offered you a sensible way to do it.  The fact that we are at the eleventh hour is a direct result of Plaintiffs absolute refusal to ever narrow any requests or make any final agreements during our months long meet and confer process.

Sending me an email on December 7th when we are in the middle of responding to motions and working on productions in response to 155 document requests smacks of bad faith.  Do what you please but we will request sanctions for this behavior.


**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Wednesday, December 13, 2023 9:11 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Subject:** RE: Dunsmore: Plaintiffs' proposal for individual medical/mental health records [IMAN-DMS.FID55015]

[EXTERNAL]

Plaintiffs welcome production of the logs as soon as possible.  We would like to meet and confer to better understand what information those logs contain; how they might aid this discussion; and why

**Ex. BB-407**

Defendants would face difficulty identifying records consistent with our email below. The production and meet and confer would need to occur prior to December 22, so that Defendants can produce all documents, including the subset of medical and custody records, in advance of the court's production deadline.

Plaintiffs will not agree to any extension of that deadline and intend to file a motion to compel to the extent that Defendants do not comply with their production obligations by that date.

Please let us know your availability to meet and confer.

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, December 13, 2023 1:57 PM
**To:** Hannah Chartoff <HChartoff@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Subject:** RE: Dunsmore: Plaintiffs' proposal for individual medical/mental health records [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

We need to hold off on this for now. We are producing logs that may assist you in putting names to medical records. In addition, none of this can happen by December 22nd.

We will not hand search thousands of medical records by hand to look for every one of these conditions.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Hannah Chartoff <HChartoff@rbgg.com>

**Ex. BB-408**

**Sent:** Thursday, December 7, 2023 11:31 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron
Fischer <ajf@aaronfischerlaw.com>; Priyah Kaul <pkaul@rbgg.com>; Eric Monek Anderson
<EMonekAnderson@rbgg.com>
**Subject:** Dunsmore: Plaintiffs' proposal for individual medical/mental health records [IMAN-
DMS.FID55015]

**[EXTERNAL]**

Hi Beth,

Below is Plaintiffs' proposal for individual records.  For each record set, we request complete
custody and medical records.  We would like to discuss a methodology as to the selection of records
as well as to ensure that each record requested is unique (no duplicates even if the same person
meet the criteria of two bullets) and recent within the last twelve months.  Please review the
requests and let us know your initial thoughts.  We are available to meet and confer this week.

Thank you,
Hannah


Medical
- 10 records of people identified as having opioid use disorder
- 10 records each of people placed on withdrawal protocols for 1) alcohol, 2) opiates, and 3) benzodiazepines
- 10 records each of people diagnosed with the following illnesses:  1) HIV/AIDS, 2) Hepatitis C, 3) Type 2 Diabetes, 4) Hypertension, 5) Cancer
- 10 records of people who received gynecological care
- 10 records of people who were pregnant while incarcerated
- 10 records of people sent to the emergency room for a medical reason after being booked into the jail
- 10 records of people who submitted 5 or more sick call requests for medical care
- 10 records of people housed in "medical overflow" administrative segregation cells
- 10 records of people referred for dialysis and then returned to the Jail
- 10 records of people referred for orthopedic care and then returned to the Jail
- 10 records of people who were hospitalized for specialty care and then returned to the Jail
- 10 records of people who had an active medication prescription for a medical issue at the time they were booked into the jail
- 10 records of people who spent more than three months at the jail after being evaluated in the jail for eyeglasses

Mental Health
- 10 records of people who submitted 3 or more sick call requests for mental health care
- 10 records of people who requested confidential mental health encounters (as opposed to cell-side encounters)

**Ex. BB-409**

- 10 records of people who were placed in a safety cell for 24 hours or longer
- 10 records of people who were placed in an EOH cell for 48 hours or longer
- 10 records of people who were assessed as suicidal at the time they were booked into the jail
- 10 records of people who were assessed as at the highest risk for suicide after they had been booked into the jail
- 10 records of people who have been admitted for hospitalization outside of the jail following a suicide attempt/incident of serious self-harm at the jail
- 10 records of people who were housed in the PSU at Central Jail for 48 hours or longer
- 10 records of people who were housed in the PSU at Las Colinas Jail for 48 hours or longer
- 10 records of people who were housed in administrative segregation cells for 48 hours or longer on the fifth or sixth floors at Central Jail who have also spent time in PSU
- 10 records of people who were housed in administrative segregation cells for 48 hours or longer on the fifth or sixth floors at Central Jail who have also spent time in OPSD
- 10 records of people with the following illnesses: 1) schizophrenia, 2) bipolar disorder, 3) anxiety, and 4) depression
- 10 records of people who had an active prescription for medication for a mental health issue at the time they were booked into the jail

Dental
- 40 records of people who were identified at booking as requiring urgent dental care (severe pain or infection), and who were incarcerated for at least one week
- 80 records of people who submitted sick call requests for urgent dental care (severe pain or infection) , and who were incarcerated for at least one week after the sick call request was made
- 40 records of people who submitted sick call requests for cavities, and who were incarcerated for at least four months after the sick call request was made
- 40 records of people who were referred to outside dental care by dental staff at the jail, and who were incarcerated for at least two months after the referral

**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

**Ex. BB-410**

# EXHIBIT CC

Ex. CC-411

1 | Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
2 | BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
3 | San Diego, CA 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799
4 |
Elizabeth M. Pappy (SBN 157069)
5 | E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
6 | 60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
7 | Tel: 408.606.6300 Fax: 408.606.6333

8 | Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
9 | COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
10 | DEPARTMENT

11 | UNITED STATES DISTRICT COURT

12 | SOUTHERN DISTRICT OF CALIFORNIA

13 |

14 | DARRYL DUNSMORE, ANDREE
ANDRADE, ERNEST ARCHULETA,
15 | JAMES CLARK, ANTHONY
EDWARDS, LISA LANDERS,
16 | REANNA LEVY, JOSUE LOPEZ,
CHRISTOPHER NELSON,
17 | CHRISTOPHER NORWOOD, JESSE
OLIVARES, GUSTAVO
18 | SEPULVEDA, MICHAEL TAYLOR,
and LAURA ZOERNER, on behalf of
19 | themselves and all others similarly
situated,
20 |
Plaintiffs,
21 |
v.
22 |
SAN DIEGO COUNTY SHERIFF'S
23 | DEPARTMENT, COUNTY OF SAN
DIEGO, SAN DIEGO COUNTY
24 | PROBATION DEPARTMENT, and
DOES 1 to 20, inclusive,
25 |
Defendants.
26 |

Case No. 3:20-cv-00406-AJB-DDL

**DEFENDANTS SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT'S AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**

Judge: Anthony J. Battaglia

Magistrate Judge David D. Leshner

27 |
28 |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' AMENDED RESPONSES
TO INTERROGATORIES, SET TWO

**Ex. CC-412**

1  PROPOUNDING PARTY:   PLAINTIFFS

2  RESPONDING PARTY:    DEFENDANTS SAN DIEGO COUNTY SHERIFF'S

3                       DEPARTMENT, COUNTY OF SAN DIEGO, AND

4                       SAN DIEGO COUNTY PROBATION

5                       DEPARTMENT

6  SET NO.:             TWO

7  **INTERROGATORY NO. 11:**

8      State all facts in support of YOUR First Affirmative Defense.

9  **RESPONSE TO INTERROGATORY NO. 11:**

10      In paragraphs 38-41, 42-49, 50-52, 53-59, 60-73, 74-83, 84-122, and 123-229

11  of the Third Amended Complaint make conclusory statements that Defendants are

12  diagnosing and treating medical and mental health conditions negligently.

13  Negligent provision of healthcare cannot form the basis for a civil rights action

14  pursuant to *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 [9th Cir. 1980];

15  *Citing, Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), or a

16  violation of the 8th Amendment of the U.S. Constitution. *Tenore v. Horowitz,* 2017

17  WL 3868408, *2-3 (E.D. Cal. September 5, 2017) In addition, negligent healthcare

18  cannot or a violation of the ADA pursuant to *Greer v. Cnty. of San Diego*, No. 3:19-

19  CV-0378-GPC-AGS, 2020 WL 1864640, at *9 (S.D. Cal. Apr. 14, 2020)

20      Plaintiffs have yet to provide any factual support for any of their claims of

21  negligent or deliberately indifferent medical care and thus there is no evidence at

22  this point to enable responding parties to list specific facts that support the defense

23  that there is no basis for either a negligence based claim or deliberate indifference.

24  Only conclusory allegations have been made in the Third Amended Complaint.

25  **INTERROGATORY NO. 12:**

26      State all facts in support of YOUR contention that "Plaintiffs' claims are

27  barred under such equitable defenses as the evidence demonstrates, including but

28  not limited to the doctrine of estoppel." Dkt. 364, Second Am. Answer to Third Am.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
san diego

2

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' AMENDED RESPONSES
TO INTERROGATORIES, SET TWO

**Ex. CC-413**

1  Compl., at 38 (Second Affirmative Defense).

2  **RESPONSE TO INTERROGATORY NO. 12:**

3      Plaintiffs Dunsmore, Clark and Olivares ("Armstrong Plaintiffs") are included

4  in the CDCR class pursuant to *Armstrong v. Brown.* The Armstrong class includes

5  every person in CDCR custody with vision, kidney, hearing, mobility, speech, or

6  learning disability. Dunsmore alleges he is currently incarcerated in a CDCR

7  facility in Stockton, CA. (Third Amended Complaint "TAC", ¶18) Clark is now

8  incarcerated in CDCR. (Id, ¶21) Olivares was incarcerated in CDCR. Armstrong

9  Plaintiff Dunsmore suffers from a mobility disability. (TAC, ¶236 and 237)

10  Armstrong Plaintiff Clark has mobility disabilities. (TAC, ¶250)

11  **INTERROGATORY NO. 13:**

12      State all facts in support of YOUR contention that "Plaintiffs and members of

13  the purported class on whose behalf they purport to sue failed to exhaust other

14  remedies." Dkt. 364, Second Am. Answer to Third Am. Compl., at 38 (Second

15  Affirmative Defense).

16  **RESPONSE TO INTERROGATORY NO. 13:**

17      Each named plaintiff was required to exhaust remedies pursuant to the PLRA.

18  The TAC does not allege any attempt at exhaustion by any of the plaintiffs.

19  Responding parties served Plaintiffs with discovery which has yet to be responded

20  to and if there are no facts proving compliance with the PLRA, all of Plaintiffs'

21  claims under the ADA and Rehabilitation Act are without merit. "Because the ADA

22  and Rehabilitation Act are federal laws, the plain language of the PLRA requires

23  that prisoners bringing an action under these federal statutes challenging prison

24  conditions must first exhaust available administrative remedies." *O'Guinn v.*

25  *Lovelock Corr. Ctr.*, 502 F.3d 1056, 1061 (9th Cir. 2007)

26  **INTERROGATORY NO. 14:**

27      State all facts in support of YOUR contention that "Named Plaintiffs

28  Dunsmore, Clark and Olivares are not properly part of any class because they are

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

3

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' AMENDED RESPONSES
TO INTERROGATORIES, SET TWO

**Ex. CC-414**

1  included in the CDCR class under Armstrong v. Brown." Dkt. 364, Second Am.

2  Answer to Third Am. Compl., at 39 (Third Affirmative Defense).

3  **RESPONSE TO INTERROGATORY NO. 14:**

4       Plaintiffs may not be a part of any class in this matter that duplicates the relief

5  being requested in Armstrong in a County jail.  County jails are explicitly covered

6  by the Armstrong injunctive relief.  *Armstrong v. Brown*, 857 F. Supp. 2d 919, 940

7  (N.D. Cal. 2012), order enforced (Aug. 28, 2012), order aff'd, appeal dismissed, 732

8  F.3d 955 (9th Cir. 2013)  "A plaintiff who is a member of a class action for

9  equitable relief concerning prison conditions may not maintain an individual suit for

10 equitable relief arising from the same issues in the class action." *Gilliam v. Frances*,

11 2015 WL 5895770, at *8 (C.D. Cal. Aug. 26, 2015), report and recommendation

12 adopted, 2015 WL 5842267 (C.D. Cal. Oct. 5, 2015) (citing *Crawford v. Bell*, 599

13 F.2d 890, 892–893 (9th Cir. 1979) (a district court may dismiss portions of claims

14 duplicating issues litigated in a class action)).  In *Stewart v. Asuncion*, No. CV 16-

15 5872 JFW (AJW), 2016 WL 8735720 (C.D. Cal. Oct. 26, 2016), report and

16 recommendation adopted, No. CV16-5872 JFW (AJW), 2016 WL 8738146 (C.D.

17 Cal. Nov. 18, 2016), the court held that the *Armstrong* class action barred the

18 plaintiff's claims seeking declaratory or injunctive relief, stating: "Plaintiff, a

19 disabled California state prisoner seeking injunctive relief for alleged ADA

20 violations, is a member of the class to which Armstrong applies. As a result, his

21 claims for injunctive relief under the ADA fall squarely under Armstrong, and he

22 must pursue those claims via the consent decree or through class counsel." *Id*. at *2.

23 **INTERROGATORY NO. 15:**

24      State all facts in support of YOUR contention that "Plaintiffs' requested

25 modifications and relief would cause an undue burden on Defendants and/or are not

26 readily achievable or technically infeasible including such issues as moving

27 structural walls, renovations not required because of lack of and inability to obtain

28 funding, and which ignore safety concerns in a correctional facility setting such as

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

4

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' AMENDED RESPONSES
TO INTERROGATORIES, SET TWO

**Ex. CC-415**

1  'portable showers' and ability to move jail populations on an unreasonable and

2  unsafe timeline advocated by Plaintiffs." Dkt. 364, Second Am. Answer to Third

3  Am. Compl., at 39 (Fourth Affirmative Defense).

4  **RESPONSE TO INTERROGATORY NO. 15:**

5       Discovery is continuing and Plaintiffs have failed to specifically articulate

6  changes they claim must be made but instead provide conclusionary statements in

7  the TAC and Court filings.  Technical noncompliance with ADA guidelines does

8  not establish liability under Title II.  *Rodriguez v. County of San Diego*, 2016 WL

9  4515860, *5-*6 (S.D. Cal. February 9, 2016).  The overall question in a Title II case

10  is program accessibility and technical violations are one "building block".  Id.

11  Undue burden is a relevant consideration in the overall determination of program

12  accessibility and what is provided vs. the difficulty, cost, etc.  28 C.F.R. §35.151(a)

13  Plaintiffs have, for example, demanded that portable showers used during COVID

14  be used in SDCJ Housing Modules.  The portable showers suggested by Plaintiffs

15  are truck trailers converted into showering facilities and are approximately the size

16  of a semi-truck trailer.  Plaintiffs' suggestion that said showering facilities be

17  "installed" at SDCJ was not just technically infeasible but impossible.  Plaintiffs

18  demand that construction in an almost fully occupied jail facility take place at a

19  speed and in a manner that would require transfer of numerous disabled individuals

20  away from accessible housing to inaccessible housing and displacement of non-

21  disabled incarcerated persons to some unidentified location because other facilities

22  are at capacity and/or there is not enough staff to accommodate larger populations at

23  other facilities.  These are only a few examples of the Plaintiffs demands ignoring

24  safety concerns, costs, space, staffing, lack of funding, all of which amount to undue

25  burden.

26  **INTERROGATORY NO. 16:**

27       State all facts in support of YOUR contention that "[t]his Complaint is barred

28  by the relevant portions of the California Government Code, including, but not

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

5

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' AMENDED RESPONSES
TO INTERROGATORIES, SET TWO

**Ex. CC-416**

1  limited to sections 815, 8.15.2 [sic], 818.2, 820.2, 820.4, 820.6,

2  820.8,821,844.6(a)(20 [sic], 845.6, 855.6, 855.8, 856, and 856.4. Plaintiffs' causes

3  of action titles as claims for violation of civil rights and the American's [sic] with

4  Disabilities Act are intentionally mislabeled as such and are nothing more than

5  negligence claims such to the California Government Claims Act." Dkt. 364,

6  Second Am. Answer to Third Am. Compl., at 39 (Fifth Affirmative Defense).

7  **RESPONSE TO INTERROGATORY NO. 16:**

8        Under *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir.1993),

9  cert denied 510 U.S. 1076, 114 S.Ct. 890, 127 L.Ed.2d 83 (1994) (state statutes of

10  limitations are applicable to civil rights actions under 42 U.S.C. §§ 1981, 1983,

11  1985, and 2000d), Plaintiffs' claims for civil rights violations are subject to state

12  statutes of limitations.  In addition, as stated in the Affirmative Defense, Plaintiffs

13  seek relief for negligent medical, mental health and dental treatment regardless of

14  the "titles" given to the causes of action.  They may not pursue negligence claims

15  outside the statute of limitations applicable to state law negligence limitations

16  periods and without complying with the California Government Tort Claims Act.

17  **INTERROGATORY NO. 17:**

18        State all facts in support of YOUR contention that "Plaintiffs' claims are

19  barred in whole or in part because Plaintiffs lack standing to challenge programs,

20  services, assignments, or activities for which they failed to apply or for which they

21  were not denied." Dkt. 364, Second Am. Answer to Third Am. Compl., at 40 (Sixth

22  Affirmative Defense).

23  **RESPONSE TO INTERROGATORY NO. 17:**

24        Plaintiffs must establish that they are a qualified individual under the ADA,

25  that they are not a member of the Armstrong class for all matters covered by

26  Armstrong, and that they encountered the alleged barriers to programs and services

27  provided by Defendants.  There have been no facts provided by Plaintiffs to

28  substantiate the claims alleged in the unverified Third Amended Complaint to

Burke, Williams &
Sorensen, LLP
Attorneys at Law
san diego

6

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' AMENDED RESPONSES
TO INTERROGATORIES, SET TWO
**Ex. CC-417**

1   support their claim that they are a qualified individual.

2   **INTERROGATORY NO. 18:**

3       State all facts in support of YOUR contention that "the Complaint fails to

4   state a cause of action for violation of 42 U.S.C. § 1983 under *Monell v. Department*

5   *of Social Services in the City of New York*, 436 U.S. 658 (1978). There can be no

6   recovery for a federal civil rights violation when there is no constitutional

7   deprivation occurring pursuant to governmental custom or policy." Dkt. 364,

8   Second Am. Answer to Third Am. Compl., at 40-41 (Seventh Affirmative Defense).

9   **RESPONSE TO INTERROGATORY NO. 18:**

10      Plaintiffs assert in the Third Amended Complaint that they have been

11  deprived of various programs and services such as mental, medical and dental

12  services, access to counsel, proper health and safety, and discriminatory practices

13  with regard to alternatives to incarceration.  Plaintiffs have failed to specifically

14  identify any specific failure (as opposed to the overly generalized claims in the

15  Third Amended Complaint) while taking into account Jail policies and procedures

16  which are in place for the safety of Incarcerated People, the Public and Staff.  Once

17  plaintiffs identify the specific alleged issues (by providing facts) that currently exist

18  by Plaintiff, Defendants will be able to provide specific policies and procedures

19  (facts) which support the Affirmative Defense.

20  **INTERROGATORY NO. 19:**

21      State all facts in support of YOUR denial to Plaintiffs' Request for Admission

22  No. 3 ("Admit that YOUR determinations regarding appropriate HEALTH CARE

23  standards and/or provision of care to INCARCERATED PERSONS take precedence

24  over the determinations of CONTRACTORS regarding the same.").

25  **RESPONSE TO INTERROGATORY NO. 19:**

26      "YOUR" was not defined and an objection was interposed on this basis.  The

27  request named the County, generically, the Sheriff's Department, and Probation as

28  responding parties.  County staff generically and Probation do not make any

Burke, Williams &
Sorensen, LLP
Attorneys at Law
san diego

7

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' AMENDED RESPONSES
TO INTERROGATORIES, SET TWO

**Ex. CC-418**

1  determinations about "appropriate health care standards", making the statement

2  false.

3  **INTERROGATORY NO. 20:**

4      State all facts in support of YOUR denial to Plaintiffs' Request for Admission

5  No. 3 ("Admit that HEALTH CARE STAFF report to custody staff at the JAIL.").

6  **RESPONSE TO INTERROGATORY NO. 20:**

7      Health Care staff do not report to custody staff at the JAIL.  For example, Dr.

8  Jon Montgomery is supervisor for the medical department.  Dr. Montgomery is not

9  "custody staff".  Dr. Montgomery reports to Chris Miedico who is also not "custody

10  staff".

11  **INTERROGATORY NO. 21:**

12      State all facts in support of YOUR contention, in response to Plaintiffs'

13  Request for Admission No. 2 ("Admit that YOU have authority for and

14  responsibility for ANY services provided by CONTRACTORS to

15  INCARCERATED PERSONS") that "the County and the Sheriff's Department

16  have joint authority over and responsibility for services along with contractors."

17  **RESPONSE TO INTERROGATORY NO. 21:**

18      The Sheriff's Department is the same legal entity as the County.  Pursuant to

19  Government Code §26605, the Sheriff is responsible for taking charge of and be the

20  sole and exclusive authority to keep the county jail and the prisoners in it including

21  persons confined to the county jail pursuant to subdivision (b) of Section 3454 of the

22  Penal Code for a violation of the terms and conditions of their postrelease

23  community supervision, except for work furlough facilities where by county

24  ordinance the work furlough administrator is someone other than the sheriff.

25  Pursuant to Government Code §29602, the County is responsible for the expenses

26  necessarily incurred in the support of persons charged with or convicted of a crime

27  and committed to the county jail and the maintenance therein and in other county

28  adult detention facilities of a program of rehabilitative services in the fields of

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

8

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' AMENDED RESPONSES
TO INTERROGATORIES, SET TWO

**Ex. CC-419**

1  training, employment, recreation, and prerelease activities, and for other services in

2  relation to criminal proceedings for which no specific compensation is prescribed by

3  law.

4  **INTERROGATORY NO. 22:**

5      Identify all POLICIES AND PROCEDURES that have been revised since

6  November 18, 2022.

7  **RESPONSE TO INTERROGATORY NO. 22:**

8      Objection.  The request is overbroad and therefore vague and ambiguous.

9  Without waiving said objection and subject thereto, the only policies and procedures

10  relevant to this case are Detention Services Bureau and Jail Medical services

11  policies.  The responsive policies are as follows:   I.20 Supplemental Guidelines For

12  Detentions:  Body Worn Cameras (Bwc); J.7 Emergency Transportation Of

13  Incarcerated Persons With Mental Health Needs; M.6 Life Threatening

14  Emergencies:  Code Blue; M.47 Suspected Opioid Overdose; L.11 Personal

15  Hygiene; M.7 Incarcerated Person Deaths; B.23 Financial Reporting To Detention

16  Services Bureau Commanders; I.52 Strip And Pat Down Searches Of Incarcerated

17  Persons; L.3 Incarcerated Persons Mattresses; M.11 Private Physicians; M.38

18  Pregnant Incarcerated Persons; M.48 Naloxone Issuance And Storage; P.7

19  Newspapers; Q. 66 Transfer Of Incarcerated Person Property; R.11 Incarcerated

20  Person Facility Assignment Criteria; I.41 Cell Searches Of Incarcerated Persons;

21  I.21 Housing Unit Area Activity Log;I.50 Body Scanner and X-rays; M.4 Suicide

22  Prevention and Focused Response Team; I.62 Facility Security; F.5.1 Female

23  Incarcerated Prenatal and Post Partum Care; and F.5.2 Breast Feeding Milk

24  Collection.

25  **INTERROGATORY NO. 23:**

26      Identify all of the quality assurance and/or quality improvement processes

27  RELATING TO the provision of HEALTH CARE at the JAIL, from January 1,

28  2020 to the present.

9

**Ex. CC-420**

**RESPONSE TO INTERROGATORY NO. 23:**

Please see documents Bates Stamped SD 108159-108237, incorporated herein by reference.

**AMENDED RESPONSE TO INTERROGATORY NO. 23:**

1.    Continuity of Care – Diagnostics Process Quality Improvement Study;

2.    Detox Quality Improvement Study/

3.    Timeliness of Receiving Screen CQI Process Study;

4.    Timeliness of Sick Call CQI Process Study;

5.    Vital Signs in Documentation in Nursing Protocols CQI Process Study;

6.    Dental Peer Review;

7.    Emergency Response Critique;

8.    Monthly Environmental Audit;

9.    MDSC Weekly Referral Audit;

10.    Medical Provider Peer Review/

11.    Medication Administration Weekly Audit;

12.    MHP/MHD Peer Review;

13.    Nursing Peer Review; and

14.    Psychiatric Provider Peer Review

**INTERROGATORY NO. 24:**

Identify all audits relating to custody operations and HEALTH CARE services at the JAIL, from January 1, 2020 to the present.

**RESPONSE TO INTERROGATORY NO. 24:**

Objection. The request is burdensome and overbroad.  The Third Amended Complaint addresses current conditions and not what audits or findings were made almost four years ago.

**INTERROGATORY NO. 25:**

For each INCARCERATED PERSON at the Jail since January 1, 2022, provide their: (a) booking number; (b) name; (c) date of birth; (d) gender; (e)

Burke, Williams &
Sorensen, LLP
Attorneys at Law
san diego

10

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' AMENDED RESPONSES
TO INTERROGATORIES, SET TWO

Ex. CC-421

1   race/ethnicity; (f) booking date and time; (g) primary offense/charge; (h) if multiple

2   offenses or charges are listed, up to 5 other charges or offenses; (i) current bail

3   amount (total or by charge); (j) current classification record (initial or

4   reclassification); (k) current housing unit and bed assignment; (l) all special

5   management flags (e.g., protective custody, gang, juvenile, etc.); (m) whether the

6   person is currently on lockdown status; (n) if currently on lockdown status, when the

7   lockdown began; (o) if sentenced, sentence length; (p) if sentenced, current release

8   date; (q) risk level determined by pretrial risk assessment; (r) mental health care

9   level; and (s) medical care level.

10  **RESPONSE TO INTERROGATORY NO. 25:**

11        Objection.  The requested information in the form of an interrogatory is made

12  in bad faith, burdensome, oppressive and overbroad.  It would require listing of

13  thousands of names and hundreds of hours to compile and respond to all of the

14  subcategories being requested.  In addition, the information being requested is

15  irrelevant to any issue raised in the Third Amended Complaint and requested for no

16  apparent reason other than harassment.

17  **AMENDED RESPONSE TO INTERROGATORY NO. 25:**

18        Objection.  The requested information in the form of an interrogatory is made

19  in bad faith, burdensome, oppressive and overbroad.  The Department is unable to

20  extract the data as requested.  Some of the data is not tracked at all or is transient in

21  nature and does not exist historically.  In addition, the information being requested

22  is irrelevant to any issue raised in the Third Amended Complaint and requested for

23  no apparent reason other than harassment.  Without waiving said objections and

24  subject thereto, responding parties have provided several spreadsheets identifying

25  certain of the information requested in the overbroad interrogatory for class

26  members in both the certified subclass and the subsequent broader class and the

27  information will not be repeated herein to the extent it is contained in the

28  spreadsheets and responding party will not search the records of 4000+ individuals

Burke, Williams &
Sorensen, LLP
Attorneys at Law
san diego

11

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' AMENDED RESPONSES
TO INTERROGATORIES, SET TWO

**Ex. CC-422**

1  for the remaining information because of the overbreadth, burdensome and

2  harassing nature of the interrogatory.

3

4  Dated:  January 9, 2024                    BURKE, WILLIAMS & SORENSEN, LLP

5

6

7                                            By:  _____/s/ Elizabeth M. Pappy_____

8                                                 Susan E. Coleman
                                                 Elizabeth M. Pappy
9                                                 Attorneys for Defendants
                                                 COUNTY OF SAN DIEGO, SAN
10                                               DIEGO COUNTY SHERIFF'S
                                                 DEPARTMENT and SAN DIEGO
11                                               COUNTY PROBATION
12                                               DEPARTMENT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

12

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' AMENDED RESPONSES
TO INTERROGATORIES, SET TWO
Ex. CC-423

1

**VERIFICATION**

2      I, AMANDA KAMPHOEFNER, declare under penalty of perjury that I am a
Legal Advisor for the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, that I
3   am authorized to and do execute this verification for an on behalf of said Defendant;
that I have read the foregoing DEFENDANTS' AMENDED RESPONSES TO
4   SPECIAL INTERROGATORIES, SET TWO, and know the contents thereof, and
certify that upon information and belief, I believe them to be true.

5      I declare under penalty of perjury under the laws of the State of California
6   that the foregoing is true and correct.

7      Executed on January **3**, 2024, at San Diego, California.

8

9   _Amanda Kamphoefner_                    _____
10  Print Name of Signatory                 Signature

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

13

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' AMENDED RESPONSES
TO INTERROGATORIES, SET TWO

Ex. C, C-424

## PROOF OF SERVICE

**Dunsmore v. San Diego County Sheriff's Department
Case No. 3:20-cv-00406-AJB-DDL**

### STATE OF CALIFORNIA, COUNTY OF SANTA CLARA

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Santa Clara, State of California.  My business address is 60 South Market Street, Suite 1000, San Jose, CA 95113-2336.

On January 11, 2024, I served true copies of the following document(s) described as **DEFENDANTS SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT'S AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** on the interested parties in this action as follows:

Aaron J. Fischer
ajf@aaronfischerlaw.com

Christopher M. Young
Christopher.Young@us.dlapiper.com

Priyah Kaul
pkaul@rbgg.com

Hannah M. Chartoff
HChartoff@rbgg.com

Gav C. Grunfeld
GGrunfeld@rbgg.com

Eric Monek Anderson
EMonekAnderson@rbgg.com

Van Swearingen
VSwearingen@rbgg.com

Neal, Isabella
Isabella.Neal@us.dlapiper.com

Kiefer, Oliver
Oliver.Kiefer@us.dlapiper.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Burke, Williams & Sorensen, LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at San Jose, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 11, 2024, at San Jose, California.

/s/ Lucy Gonzalez
Lucy Gonzalez

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

13

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' AMENDED RESPONSES
TO INTERROGATORIES, SET TWO

**Ex. CC-425**

# EXHIBIT DD

Message

| | |
|---|---|
| **From:** | Montgomery, Jon [Jon.Montgomery@sdsheriff.org] |
| **Sent:** | 5/26/2023 1:56:29 PM |
| **To:** | Miedico, Christopher [Christopher.Miedico@sdsheriff.org] |
| **CC:** | Darnell, Carl [Carl.Darnell@sdsheriff.org]; Gapuz, Dane [Dane.Gapuz@sdsheriff.org]; Jones, Kenneth [Kenneth.Jones@sdsheriff.org]; Rognlien-Hood, Serina [Serina.Rognlien-Hood@sdsheriff.org]; Spears, Keith [Keith.Spears@sdsheriff.org] |
| **Subject:** | Notes for the recent Naphcare response |
| **Attachments:** | Addendum to Naphcare response ver 1 5-25-2023.docx |

Chris,

 Good afternoon, hope things are going well for you. Just wanted to follow up with the preliminary review of the Naphcare CAN response. I did not have the opportunity to go through all the attachments last night, but here was the gist of my review of the target/primary document. In an attempt for clarity, I broke it out by topic on a separate word document.

One thing that I do not believe has had appropriate attention is the topic of staffing. The personnel staffing matrix appears to be taken at face value. It DOES NOT have to be taken that way. As Mr. Spears can attest, the matrix was a Naphcare document, designed to convey their suggested staffing model. It has been shown that far more staff members are needed than initially estimated.

 Naphcare has gone through the RFP process... not once, but twice. They have familiarity with California, as they have already been engaged with several Counties. They have been performing services in San Diego for a year. They know, or should have known, that the number of pro-offered staff positions would be inadequate to meet the clinical demand... a fact that has been borne out by the growing MH/BH clinical backlog.

Mr. Spears mentioned something along the lines that a CURE document can only be submitted if 'something is wrong and requires fixing'. The staffing model is wrong and requires fixing. It appears that we can either force Naphcare to hire staff to meet demand, do it ourselves (carve out clinical services from the contract), or find more money to pay for the services.

 My point is... the staffing matrix needs to be elevated as a significant point of contention in the CAN/CURE process in order to elicit some form of response or action. We can discuss how we wish to proceed internally, but I think we need to elevate it to the Friday meetings and introduce the concept that Naphcare is responsible for clinical performance and completion, not staffing to an arbitrary level.

Thank you,
 -Jon

CONFIDENTIAL

**Ex. DD-427**
SD_227522

Firewall: This is listed under 'compensation'. While it could potentially be a factor in UM functionality, it is yet to be determined how alleged connectivity issues would have any bearing on payments or reimbursements for services rendered in the community.

It is also worth noting that many SDSD staff have direct communications/interactions with many of Naphcare employees/staff through phone, email, text, instant message, and other means. If access to the Tech Care system was lost, as alleged... there are many other ways that fact could have been conveyed.

It is also worth noting that SDSD was only made aware of the existence of 'site specific UM nursing staff' (allocated for San Diego) only about 2-3 months ago. The fact that 'Crystal requested access for her UM nurses approximately two months ago' may actually be the first time that such a group was requesting access.

Claims with misspelled names: Like any other form of PII, there are multiple ways of identifying patients, to include SSNs, DOBs, and booking numbers. It is interesting to note that Naphcare even bothered to add this as a potential rationale to the CAN.

Claims list and payment plan: We need documentation from the community facilities/hospitals showing claims/bills paid. A simple statement/attestation from Naphcare does not address the core issue.

Program manager concerns: The existence of a compliance and Training coordinator clinical position is an interesting discussion point... but that also calls into question Naphcare's perception/perspective of the current operational challenges. A training/compliance coordinator would appear to be focused on 'coordinating SDSD staff', which was not the pressing issue with contractor performance. As an observation... SDSD does not need someone to forward messages or pass on concerns- a project manager is needed. Someone who has the ability and the support/authority to hire/fire, to authorize limited expenditures and otherwise solve operational problems.

NCCHC compliant P&P: Not really worth addressing. NCCHC policies are very generalized. They do not really have procedures. Naphcare has had SDSD P&P for review for months. However, none of them were actually integrated with anything... that level of editing will require revisiting the documents and almost starting from scratch.

Dental:

**Ex. DD-428**

# EXHIBIT EE



# COUNTY OF SAN DIEGO
## INTER-DEPARTMENTAL CORRESPONDENCE

June 1, 2023

| | | |
|---|---|---|
| **TO:** | Theresa Adams-Hydar, Assistant Sheriff<br>Detention Services Bureau | **Privileged**<br>**Attorney-Client** |
| **CC:** | Michael Baranic, Director Sheriff's Legal Affairs<br>Office of the Sheriff | |
| **FROM:** | Gerardo Cortes-Garcia, Sergeant<br>Division of Inspectional Services | |
| **VIA:** | Chain of Command | |

## DETENTION SERVICES BUREAU BIENNIAL INSPECTION 23/24 CYCLE – 1st QUARTER INSPECTION

The Division of Inspectional Services (DIS), with assistance from the Detention Services Bureau facilities' administrative staff, conducted the first quarterly inspection of the Sheriff's detention facilities.

DIS staff (Sergeant Gerardo Cortes-Garcia #9680) inspected the following facilities for compliance with the minimum standards of Title 24 for Local Adult Detention Facilities and the Sheriff's Detention Services Bureau (DSB) Policies and Procedures.

- East Mesa Reentry Facility (EMRF)
- George Bailey Detention Facility (GBDF)
- Las Colinas Detention and Reentry Facility (LCDRF)
- San Diego Central Jail (SDCJ)
- South Bay Detention Facility (SBDF)
- Vista Detention Facility (VDF)

**Ex. EE-430** SD_590200

Detention Services Bureau Biennial 23/24 Inspection Cycle – 1st Quarter Inspection
June 1, 2023
Page 2 of 11

Each inspection focused on specific guidelines established in Title 24, and Detention Policy and Procedures
(Detention P&P). Furthermore, the Jail Information Management System (JIMS) database was utilized during
the inspection. The following are the DSB P&P sections that were inspected from January 1, 2023, to March
31, 2023.

- DSB P&P Section J.3 – Separation: Definition and Use
- DSB P&P Section L.2 – Sanitation and Hygiene Inspection
- DSB P&P Section M.3 – First Aid Kits
- DSB P&P Section N.1 – Grievance Procedures
- DSB P&P Section O.1 – Disciplinary Action
- DSB P&P Section Q.63 – Lost Incarcerated Person Money or Property
- DSB P&P Section T.11 – Exercise and Recreation
- Title 24 Minimum Standards for Local Detention Facilities – Audio Monitoring Systems
- Title 24 Minimum Standards for Local Detention Facilities – Toilets, Wash Basins, Drinking Fountains

DIS staff selected the abovementioned sections for inspection and provided them to facility administrative
staff via Corrective Action Plan (CAP) forms. Upon completing the CAP form, the facility administrative
staff submitted the documents to DIS. Referenced entries and records contained in the CAP form were
reviewed for accuracy and compiled in this report.

## DSB P&P Section J.3 – Separation: Definition and Use

As part of the disciplinary separation process in DSB P&P Section J.3, sworn staff is required to notify the
facility charge nurse of an incarcerated person's (I/P) placement in administrative separation housing.
Afterward, sworn staff must document the name and ARJIS number of the nurse who received notification
in the incident report or Rule Violation Report (RVR).

Each facility was assigned ten RVRs to review that were written in January 2023, except SBDF, which only
had three. After a review of the ten RVRs assigned to EMRF and SDCJ, EMRF had nine resulting in
placement in administrative separation housing, and SDCJ had one.

All findings for this area of review are detailed in the table below.

**PRIVILEGED ATTORNEY-CLIENT**

**Ex. EE-431**

Detention Services Bureau Biennial 23/24 Inspection Cycle – 1st Quarter Inspection
June 1, 2023
Page 3 of 11

| Facility | Records Reviewed | Facility Nurse Notified | ARJIS of Facility Nurse Included |
|----------|------------------|-------------------------|----------------------------------|
| GBDF | 10 | 5 | 4 |
| EMRF | 9 | 8 | 7 |
| SBDF | 3 | 1 | 1 |
| SDCJ | 1 | 1 | 1 |
| LCDRF | 10 | 9 | 6 |
| VDF | 10 | 6 | 6 |

## DSB P&P Section O.1 – Disciplinary Action

The Disciplinary Action policy requires the "Incarcerated Persons Rules and Regulations" to be pasted at the bottom of the narrative portion of the RVRs. As part of the RVR process, I/Ps are presented with a Disciplinary Hearing Rights Waiver (J-72B) form. On the form, I/Ps elect to have a hearing within or after 24 hours and no later than 72 hours after the violations are presented to the I/P. The J-72B form will be placed in the custody record of the I/P.

Ten RVRs from each facility were reviewed for January 2023. The SBDF only had three RVRs documented for the inspected period.

All findings for this area of review are detailed in the table below.

PRIVILEGED ATTORNEY-CLIENT

CONFIDENTIAL

Ex. EE-432 SD_590202

Detention Services Bureau Biennial 23/24 Inspection Cycle – 1st Quarter Inspection
June 1, 2023
Page 4 of 11

| Facility | Records Reviewed | I/P Rights Pasted in the Narrative | Hearings Conducted Within the Required Timeframes | J-72B in Custody Record |
|----------|------------------|-----------------------------------|--------------------------------------------------|-------------------------|
| GBDF | 10 | 10 | 10 | 10 |
| EMRF | 10 | 10 | 10 | 8 |
| SBDF | 3 | 3 | 3 | 2 |
| SDCJ | 10 | 10 | 10 | 8 |
| LCDRF | 10 | 10 | 10 | 10 |
| VDF | 10 | 10 | 8 | 10 |

## DSB P&P Section Q.63 – Lost Incarcerated Person Money or Property

According to Section Q.63, deputies shall indicate in a written report (e.g., RVR) where the I/P's module property was stored when moved to an administrative separation or disciplinary housing unit. This report will also include how the module property was labeled.

Each facility was assigned ten RVRs to review, except SBDF, which only had three RVRs. After a review of the ten RVRs, EMRF had nine resulting in a movement to administrative separation housing, and SDCJ had one.

All findings for this area of inspection are detailed in the table below.

**PRIVILEGED ATTORNEY-CLIENT**

CONFIDENTIAL

Ex. EE-433 SD_590203

Detention Services Bureau Biennial 23/24 Inspection Cycle – 1st Quarter Inspection
June 1, 2023
Page 5 of 11

| Facility | Records Reviewed | Reports Indicate Storage and Labeling | % in Compliance |
|---|---|---|---|
| GBDF | 10 | 0 | 0% |
| EMRF | 9 | 4 | 45% |
| SBDF | 3 | 1 | 33% |
| SDCJ | 1 | 0 | 0% |
| LCDRF | 10 | 0 | 0% |
| VDF | 10 | 0 | 0% |

## DSB P&P Section M.3 – First Aid Kits

This policy directs that sworn staff inspect first aid kits monthly. The month of February was reviewed for compliance with this policy.

All findings for this area of inspection are detailed in the table below.

| Facility | First Aid Kits Inspected (Y/N) | % in Compliance |
|---|---|---|
| GBDF | Y | 100 % |
| EMRF | Y | 100 % |
| SBDF | Y | 100 % |
| SDCJ | Y | 100 % |
| LCDRF | Y | 100 % |
| VDF | Y | 100 % |

**PRIVILEGED ATTORNEY-CLIENT**

CONFIDENTIAL

Ex. EE-434

Detention Services Bureau Biennial 23/24 Inspection Cycle – 1st Quarter Inspection
June 1, 2023
Page 6 of 11

## DSB P&P Section N.1 – Grievance Procedures

The grievance procedure policy requires staff to enter a grievance in the JIMS. After investigating the grievance, a written response will be drafted on a Grievance Response (J-10) form. In addition, staff will enter the written response in the "narrative" section of the grievance in JIMS. Following the investigation of the complaint, the grievance must be adequately closed in JIMS by completing the "action officer," "action date," and "action taken." Afterward, the I/P will sign the J-10 form and be forwarded to the I/P's custody record.

Each facility was assigned a number of grievances to review for February 2023. The number was dependent on the documented grievances in JIMS. It should be noted SBDF and EMRF had no documented grievances in JIMS during the time period.

The findings for this area of inspection are detailed in the table below.

| Facility | Records Reviewed | Entered Into JIMS | Properly Closed in JIMS | Response Entered in JIMS | Forwarded to Custody Record |
|---|---|---|---|---|---|
| GBDF | 5 | 5 | 5 | 3 | 3 |
| SDCJ | 5 | 5 | 5 | 2 | 2 |
| LCDRF | 5 | 5 | 5 | 3 | 2 |
| VDF | 4 | 3 | 3 | 3 | 3 |

## DSB P&P Section L.2 – Sanitation and Hygiene Inspection

The sanitation and hygiene inspection policy requires staff to inspect weekly the designated living areas for I/Ps, such as cells and dormitories, to ensure they are kept clean and sanitary.

This inspection was divided into two sections for February 2023, Administrative Separation (ADSEP) and mainline – Table 1 and Table 2 cover all facilities. There are at least four weeks in February; therefore, at least four hygiene inspections were completed by staff.

**PRIVILEGED ATTORNEY-CLIENT**

Detention Services Bureau Biennial 23/24 Inspection Cycle – 1st Quarter Inspection
June 1, 2023
Page 7 of 11

Table 1 focuses on ADSEP I/Ps housed at the GBDF, SDCJ, VDF, and LCDRF. The JIMS history of the five ADSEP I/Ps was reviewed. Since the history of the five ADSEP I/Ps was reviewed, and each one underwent four hygiene inspections, 20 records in total were reviewed.

| Table 1 | | | |
|---|---|---|---|
| Facility | Records Reviewed | Inspection Completed/Documented | Documented per Green Sheet |
| GBDF | 20 | 20 | 20 |
| SDCJ | 20 | 20 | 17 |
| LCDRF | 20 | 18 | 16 |
| VDF | 20 | 20 | 20 |

Table 2 focuses on hygiene inspections conducted and logged for the mainline population at the SBDF and EMRF. Two housing units from each facility were reviewed for this inspection.

The findings for this area of inspection are detailed in the table below.

| Table 2 | | | |
|---|---|---|---|
| Facility / Housing Unit | Records Reviewed | Inspection Completed/Documented | Documented per Green Sheet |
| SBDF / House 1 | 4 | 4 | 4 |
| SBDF / House 4 | 4 | 4 | 4 |
| EMRF / House 3 | 4 | 4 | 3 |
| EMRF / House 4 | 4 | 4 | 0 |

**PRIVILEGED ATTORNEY-CLIENT**

Detention Services Bureau Biennial 23/24 Inspection Cycle – 1st Quarter Inspection
June 1, 2023
Page 8 of 11

## DSB P&P Section T.11 – Exercise and Recreation

At the time of this inspection, the exercise and recreation policy required I/Ps to receive two exercise periods and a minimum of three hours per week. A JIMS entry is made in the I/P's history using the following to meet the requirements contained in this policy:

The records of five ADSEP I/Ps were reviewed for the month of February 2023. The review of these ADSEP records focus on ADSEP I/Ps housed at the GBDF, SDCJ, VDF, and LCDRF.

The following table only illustrates the facilities' compliance with the exercise and recreation requirements for the ADSEP I/Ps as outlined in DSB P&P Section T.11 and Title 15.

| Facility | Records Reviewed | Recreation Yard Requirements Met | % In Compliance |
|----------|------------------|----------------------------------|-----------------|
| GBDF | 5 | 4 | 80% |
| SDCJ | 5 | 1 | 20% |
| LCDRF | 5 | 4 | 80% |
| VDF | 5 | 5 | 100% |

A low compliance percentage rate at SDCJ is potentially due to the lack of documentation in the I/P's JIMS history. However, a review of the JIMS Area Activity revealed that the SDCJ staff logged about 73 "REC YARD UNAVAILABLE" entries during February, which coincided with the ADSEP I/Ps recreation yard periods. The unavailability of the recreation yard is a result of several reasons, including but not limited to staff shortage, I/P disturbances, medical emergencies, etc. Although the recreational yard was logged as unavailable in the JIMS Area Activity log, it was not logged in the I/P's JIMS history as required per policy.

## PRIVILEGED ATTORNEY-CLIENT

Ex. EE-437 SD_590207

Detention Services Bureau Biennial 23/24 Inspection Cycle – 1st Quarter Inspection
June 1, 2023
Page 9 of 11

## Title 24 Section 1231.2.22 Audio Monitoring Systems

The audio monitoring system section in Title 24 states there shall be a sound-actuated audio monitoring system (intercoms) in cells (safety, sobering, holding, etc.), rooms, dayrooms, exercise areas, and dormitories that can alert personnel who can respond immediately.

In March 2023, the administrative staff at each facility inspected all intercoms in the abovementioned areas. The intercoms were checked for operability. Technical problems, malfunctions, or failures of intercoms were documented accordingly, and proper facility maintenance staff or electrical technician requests were submitted. I/Ps were given different housing assignments in areas where an intercom was fully inoperable and did not allow I/Ps to alert staff. The Compliance Sergeant at each facility was provided with the details and outcomes associated with this inspection.

## Title 24 Section – Cells / Dormitories / Exercise Areas

Title 24 states a toilet/urinal, wash basin, and drinking fountain must be provided in cells and dormitories. Additionally, drinking fountains, washbasins, and toilets/urinals must be accessible to occupants of dayrooms and exercise areas. As mentioned earlier, the appliances were checked for functionality during the inspection of the audio monitoring systems mentioned above.

Issues identified as minor (e.g., low water pressure), facility maintenance staff fixed shortly after.

In conclusion, this inspection of the facilities' internal processes was conducted to ensure the inspection complied with the minimum standards of Title 15 and Title 24 for Local Adult Detention Facilities and DSB P&P. Moreover, the administrative staff of each facility assisted in completing this report via CAPs, which were forwarded to DIS.

Gerardo Cortes-Garcia, Sergeant
Division of Inspectional Services

/gcg

**PRIVILEGED ATTORNEY-CLIENT**

CONFIDENTIAL

**Ex. EE-438** SD_590208

Detention Services Bureau Biennial 23/24 Inspection Cycle – 1st Quarter Inspection
June 1, 2023
Page 10 of 11

_____

David Perkins, Lieutenant
Division of Inspectional Services

[ ✗ ] Approve  [    ] Disapprove

Date: 6/9/23

Comments: _____
_____
_____

_____

Christina Bavencoff, Commander
Detention Services Bureau, Facilities

[ ✗ ] Approve  [    ] Disapprove

Date: 6/27/23

Comments: Need to ensure facilities are coming up with solutions
and responding to information in the audits. Will do the accountability
to pic.

_____

Kenneth Jones, Commander
Detention Services Bureau, Operations

[ ✓ ] Approve  [    ] Disapprove

Date: 6/12/2023

Comments: _____
_____
_____

_____

Christopher Buchanan, Commander
Detention Services Bureau, Support

[ ✓ ] Approve  [    ] Disapprove

Date: 06/09/23

Comments: I SUGGEST Q.63 AUDITS BE ADDED
TO EACH FACILITIES' INTERNAL AUDIT, UNTIL
CONSISTENT COMPLIANCE CAN BE ACHIEVED.

PRIVILEGED ATTORNEY-CLIENT

Ex. EE-439 SD_590209

Detention Services Bureau Biennial 23/24 Inspection Cycle – 1ˢᵗ Quarter Inspection
June 1, 2023
Page 11 of 11

_____                    [ ✗ ] Approve  [    ] Disapprove
Theresa Adams-Hydar, Assistant Sheriff
Detention Services Bureau   *See requests.*   Date: 6/26/23

Comments: Section J.3 – 50% of GBDF did not follow P&P
(60%) of SBDF did not follow P&P.
✗ How has this been remedied?

Section O.1 – What is the justification
for the delay in hearings at VDF?
How was this addressed?

Section Q3 – all facilities failed in this
area. Let's make this an
accountability issue/topic.

Section T.11  Did DIS do any other research
related to failure to document
Recyard time @ SDCJ? The report
stated "potential" reasons, but there
is nothing clear cut.
What has SDCJ done to ensure compliance
w/ adding info into IP's JMS history?

Section 1231.2.22 ⎫ I would like to see these
Section Cell/Dorm  ⎬ results as well.
facilities        ⎭

**PRIVILEGED ATTORNEY-CLIENT**

CONFIDENTIAL

# EXHIBIT FF

**SDCJ Mental Health Team Meeting Sign in Sheet**

Date: 12/14/2022

Time: 1:30 - 2:30 PM

SDCJ 3rd Floor Conference Room

| Name | Employee # | Signature |
|------|-----------|-----------|
| Boyer, Michael | 050642 | |
| Castillo, Caesar | 068903 | |
| Chandarlis, Rosalinda | 62846 | |
| Cruz, Anthony Dr. | | |
| Edwards, Miranda | | |
| Escobar, Elvia | 034721 | |
| Fernanda Gallardo | | |
| Gilbert, Richard | 013686 | |
| Hid, Jacqueline | 095713 | |
| Manjarrez, Jacklyn | 87410 | |
| Moran, Marie | | |
| Palafox, Theresa | 84399 | |
| Robinson, Rebecca | | |
| Watkins, Nikki | 095245 | |
| Weiss, Kristina | 96149 | |
| Devereaux, Lynnetta | 48125 | |

**SDCJ Mental Health Team Meeting Agenda 12/14/2022**

| | |
|---|---|
| 1) | Thank you for being here... Let's all grab something to nibble on! |
| 2) | Reminder to review policies as the best way to know your job do's and don'ts. So far we have reviewed Tarasoff, Housing for RCC patients, Segregated I/Ps, Suicide Prevention, etc. Suggestion: Continually review your policies until you can recite important aspects |
| 3) | OPSD will begin having one group per week, starting next week. |
| 4) | Policy-- 1. PREA / 2. Grievances / 3. Lower Tier/Upper Tier Housing |
| 5) | Coverage: Sat & Sun POT is almost always available, if seeking overtime, see me 1st :-) |
| 6) | Please help out the team by taking a shift when possible, to help cover those on vacation |
| 7) | DOPS submissions are being audited. 1, Please be certain to complete notes on the day the person was evaluated; and 2, submit your DOPS daily. |
| 8) | Full-time auditor has ramped up and is auditing. BH Ax's and ISPs are targeted, guidelines exist. See attached. Remember to complete one on any I/P in your mod with MH concerns who has not had one within the past 1-year. |
| 9) | EOH Placements by RN's/ AM shift Gatekeepers, please check the EOH Queue and complete 1st Assessments- Notify floor deputy of High or Low, as well as PSU Charge Nurse, Palafox will be Gatekeeping Sun - Thurs nights, so only Friday will need to be covered. |
| 10) | Reminder: Place "ISP FU; LDS Date" as the verbiage on the sick call appointment line in order to indicate the person has been in EOH and needs a follow-up appt. This will continue for the entire duration of their incarceration |
| 11) | Reminder: DO NOT CANCEL SICK CALLS DUE TO TRANSFERS, please :-) |
| 12) | What do these individuals have in common? IC-PSA, DD, State Hosp Returnee, 1368, 1370, EOH. |
| 13) | Thank you for being so awesome! |

**Ex. FF-442**

# EXHIBIT GG



SD 114530
Ex. GG-444

# TOTAL ENCOUNTERS PER CLASSIFICATION



QMHP & PSYCHOLOGIST CLINICS

22883



PSYCHIATRY CLINIC

16110

| FY 2022-2023 | | | |
|---|---|---|---|
| | Quarter 1 | Quarter 2 | Quarter 3 | Quarter 4 |
| | 7/1/22 to 9/30/22 | 10/1/22 to 12/31/22 | 1/1/23 to 3/31/23 | 4/1/23 to 6/30/23 |
| QMHP and Psychologist Clinics | 19452 | 22115 | 21960 | 22883 |
| Psychiatry Appointments | 11442 | 11885 | 12561 | 16110 |
| | | | | |
| Total | 30894 | 34000 | 34521 | 38993 |
| FY Total | 138408 | | |

SD 114531
Ex. GG-445



**SD 114532**
**Ex. GG-446**



QMHP & Psychologist Templates Filled FY 2022-2023 Qtr. 4
2500
2000
1500
1000
500
0
GBDF
ADSEG TEMPLATE FOR MHC 1036
ADSEP TEMPLATE FOR MHC 572
BH - MENTAL HEALTH ACUITY LEVEL 208
BH ASSESSMENT 592
ISP ASSESSMENT/FOLLOW-UP FOR MHC'S 164
MENTAL HEALTH PROGRESS NOTE 1
MENTAL STATUS EXAMINATION 1
PSYCH SOCIAL GROUP NOTE 12
QMHP ONGOING OBSERVATION 2
QMHP PROGRESS NOTE 1636
QUICK NOTE 2160
LCDRF
ADSEG TEMPLATE FOR MHC 167
ADSEP TEMPLATE FOR MHC 94
BH - MENTAL HEALTH ACUITY LEVEL 179
BH ASSESSMENT 127
ISP ASSESSMENT/FOLLOW-UP FOR MHC'S 734
MENTAL HEALTH EVALUATION 133
MENTAL HEALTH PROGRESS NOTE 29
MENTAL HEALTH SCREENING 4
PSYCHOSOCIAL ASSESSMENT 26
QMHP ONGOING OBSERVATION 83
QMHP PROGRESS NOTE 1247
QUICK NOTE 2091
TARASOFF NOTICE TO FACILITY WATCH COMMANDER 1
W/PSU DISCHARGE 25
W/PSU MTP-1 4
W/PSU MTP-11 5
W/PSU MTP-12 22
W/PSU MTP-3 30
W/PSU MTP-4 2
W/PSU MTP-8 2
WELLNESS ADMIT 2
WELLNESS GROUP NOTE 21
PRN
BH - MENTAL HEALTH ACUITY LEVEL 8
ISP ASSESSMENT/FOLLOW-UP FOR MHC'S 42
MENTAL HEALTH EVALUATION 44
MENTAL HEALTH PROGRESS NOTE 50
MENTAL HEALTH SCREENING 46
MENTAL STATUS EXAMINATION 3
QUICK NOTE 125
SDCJ
ADSEG TEMPLATE FOR MHC 119
ADSEP TEMPLATE FOR MHC 223
BH - MENTAL HEALTH ACUITY LEVEL 412
BH ASSESSMENT 232
ISP ASSESSMENT/FOLLOW-UP FOR MHC'S 825
MENTAL HEALTH EVALUATION 238
MENTAL HEALTH PROGRESS NOTE 150
MENTAL HEALTH SCREENING 49
PSYCH SOCIAL GROUP NOTE 500
PSYCHOSOCIAL ASSESSMENT 16
QMHP ONGOING OBSERVATION 24
QMHP PROGRESS NOTE 1242
QUICK NOTE 1954
W/PSU ACTIVITIES OF DAILY LIVING 16
W/PSU DISCHARGE 1
W/PSU GROUP PROGRESS NOTE 26
W/PSU MTP-1 14
W/PSU MTP-10 21
W/PSU MTP-11 17
W/PSU MTP-12 2
W/PSU MTP-2 5
W/PSU MTP-3 34
W/PSU MTP-4 6
W/PSU MTP-8 29
W/PSU MTP-9 1
VDF
ADSEG TEMPLATE FOR MHC 815
ADSEP TEMPLATE FOR MHC 231
BH - MENTAL HEALTH ACUITY LEVEL 95
BH ASSESSMENT 264
ISP ASSESSMENT/FOLLOW-UP FOR MHC'S 470
MENTAL HEALTH EVALUATION 9
MENTAL HEALTH PROGRESS NOTE 86
MENTAL STATUS EXAMINATION 11
QMHP ONGOING OBSERVATION 42
QMHP PROGRESS NOTE 1020
QUICK NOTE 1954
Total



SD 114534
Ex. GG-448



Psychiatry Templates Filled FY 2022-2023 Qtr. 4

SD 114535
Ex. GG-449

# EOH Placements



SD 114536
Ex. GG-450

# Safety Cell Placements



SD 114537
Ex. GG-451



| | QTR. 1 | QTR. 2 | QTR. 3 | QTR. 4 | TOTAL |
|---|---|---|---|---|---|
| Evaluations: | 15 | 96 | 82 | 106 | 299 |
| Found Competent: | 4* | 9* | 14 | 17 | 44 |

DEPARTMENT OF STATE HOSPITALS: RE-EVALUATIONS FOR IST PATIENTS

SD 114538
Ex. GG-452

## CURRENT MENTAL HEALTH NUMBERS

|  | 1368 | 1370 | STATE HOSPITAL RETURNEES | OPSD |
|------|------|------|------|------|
| SDCJ | 54 | 78 | 39 | 97 |
| GBDF | 42 | 11 | 15 | - |
| VDF | 22 | 7 | 3 | - |
| LCDRF | 14 | 13 | 7 | 24 |
| Total | 133 | 109 | 66 | 121 |

SD 114539
Ex. GG-453

# NetRMS

* 1 Completed

| 61 | 8 | 69 |
|:---:|:---:|:---:|
| cases deemed Self-Harm 981155 | cases deemed Suicide Attempt 930000 | Total cases reviewed |

| | Self-Harm | Suicide Attempt | Total |
|---|---|---|---|
| **Apr** | 32 | 3 | 35 |
| GBDF | 4 | 1 | 5 |
| LCDRF | 7 | | 7 |
| SDCJ | 13 | 2 | 15 |
| VDF | 8 | | 8 |
| **May** | 13 | 4 | 17 |
| GBDF | 2 | | 2 |
| LCDRF | 3 | | 3 |
| SDCJ | 7 | 3 | 10 |
| VDF | 1 | 1 | 2 |
| **Jun** | 16 | 1 | 17 |
| GBDF | 1 | | 1 |
| LCDRF | 8 | | 8 |
| SDCJ | 6 | 1 | 7 |
| VDF | 1 | | 1 |

**SD 114540**
**Ex. GG-454**

# Peer Review Process

- 21 current eligible LMHCs for review; randomly assigned across facilities

- Reviews assigned on 6/26/23

- Due date: 9/15/23

- 1/21 completed as of 7/17/23

- Next step: CMHCs, case management MHCs, admin

**SD 114541**
**Ex. GG-455**



QUESTIONS

**SD 114542**
**Ex. GG-456**

# EXHIBIT HH

Ex. HH-457



San Diego County Sheriff's Department

# MEDICAL SERVICES DIVISION
## TRAINING UNIT

## TRAINING BULLETIN

### SDCJ Outpatient Stepdown Program (OPSD)

**WHEN**: Effective Immediately

**WHAT'S NEW:** A program description for OPSD has been created in accordance with NCCHC standard on Mental Health Programs (MH-G-02).

This includes a new referral process.

**WHAT YOU NEED TO KNOW:**

Referrals to OPSD will <u>only</u> be completed by independently licensed QMHPs as outlined below.

8/9/2023

SD 115721
Ex. HH-458



# San Diego County Sheriff's Department

# MEDICAL SERVICES DIVISION
## TRAINING UNIT

| SDCJ Outpatient Stepdown Program (OPSD) | |
|---|---|
| **Scope of Care** | OPSD is a specialized mental health housing unit designed to house patients with mental illness who are most at risk for stigma and/or victimization from higher functioning incarcerated persons. These patients may have serious, and often chronic, mental illness but their level of care remains below the threshold of PSU (inpatient) level of care. Many OPSD patients have a history of multiple LPS admissions in the community, IMD placements, Conservatorship, PC 1368/1370, EOP while at CDCR, Regional Center, and/or PSU admissions. The patients assigned to OPSD are oftentimes unable to maintain safely in the community without a higher level of mental health services and support and may require assistance with discharge planning. <br><br> SDCJ OPSD modules are the following: 6B, 6C, 7C. |
| **Assigned Staff** | ❖ Two Qualified Mental Health Professionals (QMHPs) are assigned to OPSD. <br> ❖ Sworn staff is assigned to the unit and will attend orientation and training regarding OPSD. |
| **Treatment** | <u>Individual Treatment Plans</u> <br> The OPSD QMHP is responsible for creating a treatment plan for each patient in the unit. <br><br> <u>Clinical Appointments</u> <br> In addition to QMHP check-ins, patients will be seen individually by the OPSD QMHP at a maximum of every 14 days. Patients under the care of psychiatry will be seen regularly, as indicated. <br> <u>Programming</u> <br> Patients will have the option to attend groups 2-4 times per week tailored to their level of functioning. |
| **Environment** | The cleanliness and safety of the unit will be maintained as outlined in DSB policy and will include facilities necessary for maintaining personal hygiene and guidance for ADL. |

Page **2** of **4**

8/9/2023



# San Diego County Sheriff's Department

# MEDICAL SERVICES DIVISION
## TRAINING UNIT

| | |
|---|---|
| **Admission** | ❖ Admission to unit is open. Upon placement in OPSD, the OPSD QMHP will assess to determine treatment course.<br>❖ State Hospital Returnees are housed directly in OPSD following the booking process. |
| **Referral Process** | ❖ **Referral:** Any independently licensed QMHP may make a referral for OPSD placement via adding patients to the OPSD Referral Tracker **AFTER** completing BHA with specific information on how patient's symptoms and behaviors are affecting their ability to maintain in mainline, as well as how patient would benefit from placement in OPSD. Include information on risk for decompensating and history of mental health services (e.g., PSU, 1368/1370, conservatorship). If a BHA was completed within a year from referral date, referring clinicians can include the above information in a progress note. Patients have ideally been assessed by a psychiatrist/psych NP in originating facility. Referral process is not applicable to newly booked State Hospital Returnees.<br>❖ **Placement:** OPSD Clinical Team will provide the SDCJ Healthcare Liaison Sergeant with a list of patients determined to be appropriate for OPSD placement, based on Referral Tracker. This information will be provided daily as the tracker is updated. Movement of patients into OPSD will be coordinated by SDCJ Healthcare Liaison Sergeant.<br>❖ **Flag:** OPSD Clinical Team will add OPSD flag to TechCare when patient is ready to be placed in OPSD. This flag is automated to connect with JIMS.<br><br>All Referral Tracker entries must come through the clinician assigned to the housing module where the patient is located. This means any referring party, such as sworn staff and nurses, will need to contact the assigned clinician. The clinician will then assess the patient, complete the BHA/QMHP progress note, and add patient to the Referral Tracker if OPSD criteria is met. Referred patients will be assessed in a timely manner.<br><br>Patients are moved into OPSD based on referral date and housing availability. |

8/9/2023

SD 115723
Ex. HH-460

**San Diego County Sheriff's Department**

# MEDICAL SERVICES DIVISION
## TRAINING UNIT

| Discharge | ❖ Appropriateness for continuation in OPSD will be determined by the OPSD QMHP. Patients will be monitored regularly to determine if they still require OPSD level of care. The OPSD QMHP will assess for level of functioning, motivation for treatment, ability to cohort, and ability to manage risk behaviors. <br> ❖ The OPSD QMHP will remove the OPSD flag from patient's chart in TechCare and will alert SDCJ Healthcare Liaison Sergeant when patient is ready to be discharged from OPSD. A QMHP follow-up appointment will be scheduled for a week from OPSD discharge date to assess patient's level of adjustment and overall functioning. |
|---|---|

8/9/2023

SD 115724
Ex. HH-461