GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>    Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**NOTICE OF MOTION AND MOTION TO FILE DOCUMENTS UNDER SEAL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND INTERROGATORY RESPONSE**<br><br>Judge:  Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

[4419482.3]

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Lisa Landers, Reanna Levy, Josue Lopez, Christopher Nelson, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner, on behalf of themselves and all other similarly situated (collectively, "Plaintiffs"), pursuant to civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), hereby bring this motion to file under seal documents filed in support of Plaintiffs' Motion to Compel Production of Documents and Interrogatory Response.

This Motion is based on this Notice of Motion and Memorandum of Points and Authorities; any evidence and argument presented at any hearing on the Motion; and all other papers and pleadings on file in this action.

DATED: January 17, 2024         Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
    Van Swearingen

Attorneys for Plaintiffs and the Certified Class and Subclasses

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), and consistent with this Court's June 6, 2022 Order regarding sealing, Dkt. 161, this Court's May 15, 2023 Order regarding sealing, Dkt. 306, and the Amended Stipulated Protective Order, Dkt. 400, at Defendants' request, Plaintiffs move to file under seal the following documents or portions of documents filed in support of Plaintiffs' Motion to Compel Production of Documents and Interrogatory Response:

1. Exhibits JJ, KK, and NN to Declaration of Van Swearingen in Support of Plaintiffs' Motion to Compel Production of Documents.

## I. The Stipulated Protective Order Requires Plaintiffs to File Under Seal Documents Designated Confidential by Defendants.

The Amended Stipulated Protective Order in this case requires that a party seeking to file any material designated as confidential "must seek permission of the Court to file the material under seal." Dkt. 400 at ¶ 12. This requirement applies even if another party has objected to the confidentiality designation, as the Amended Stipulated Protective Order requires that the "material[] at issue be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved." *Id.* ¶ 13. Therefore, consistent with the Amended Stipulated Protective Order, Plaintiffs move to file under seal Exhibits JJ, KK, and NN to the Declaration of Van Swearingen, which are documents that have been designated as confidential by Defendants.

## II. In The Event The Court Does Not Grant The Motion to Seal in Its Entirety, Exhibits JJ And KK Should Be Redacted to Protect Incarcerated Individuals' Medical Records.

Plaintiffs are cognizant of this Court's prior orders regarding sealing in this litigation, which emphasized the "strong presumption in favor of [public] access" to court records, and the importance of "narrowly tailor[ing]" any requests to seal. Dkt. 161 at 2–4; Dkt. 306 at 2–4. Further, in other litigation, this Court has

explained that "it is well established in this Circuit that the designation of documents as confidential pursuant to a blanket protective order is not a basis for sealing, because they . . . do not make any 'findings that a particular document is confidential or that a document's disclosure would cause harm.'" *DNA Genotek Inc. v. Spectrum Sols. L.L.C.*, No. 21-CV-516-RSH-DDL, 2022 WL 16700668, at *5 (S.D. Cal. Nov. 3, 2022) (quoting *Small v. Univ. Med. Ctr. of S. Nevada*, No. 13-cv-00298-AP-PAL, 2015 WL 1281549, at *3 (D. Nev. Mar. 20, 2015)).  In light of this precedent, and the possibility that the Court will not grant this motion to seal in its entirety, Plaintiffs provide the following context on each document at issue to assist the Court in appropriately scoping its Order in response to this Motion.

### A. Exhibits JJ and KK Should Be Redacted Because They Contain Incarcerated Persons' Medical Records and Personally Identifiable Information.

In one of its prior Orders regarding sealing, the Court granted Plaintiffs request to seal portions of "exhibits contain[ing] the medical records of incarcerated individuals." Dkt. 306 at 3.  The Court "recognize[d] that the need to protect medical privacy" was a sufficient basis to seal those exhibits, which included "direct references to Plaintiffs' personal identification numbers . . . as well as discussions regarding Plaintiffs' medical and mental health histories, conditions, diagnoses, and treatments." *Id.* at 3–4 (citing *Seals v. Mitchell*, No. CV 04-3764-NJV, 2011 WL 1233650, at *2 (N.D. Cal. Mar. 30, 2011)).  Two exhibits at issue in this motion contain similar medical records, which can be redacted in the same manner as the redacted exhibits at issue in the Court's prior order regarding sealing.

Exhibit JJ is a document containing watch commanders logs from May 1 to 21, 2022.  Some of those logs include the names and booking numbers of incarcerated people involved in medical emergencies, along with descriptions of those medical emergencies.  Those logs can be used to directly reference discussions of incarcerated individuals' medical and mental health histories, conditions, diagnoses, and treatments.  Therefore, the names and booking numbers of

incarcerated individuals that appear throughout this document should be redacted. Declaration of Van Swearingen in Support of Plaintiffs' Motion to Seal, filed herewith, at ¶ 2.

Exhibit KK is a spreadsheet containing information about dental medical requests by incarcerated people. Each row includes information about a specific medical request. The first three columns contain the first, middle, and last names of incarcerated people that sought medical treatment for dental conditions. Those three columns can be used to connect individual patients with specific medical histories, conditions, diagnoses, and treatments. In order to protect the medical privacy of those individuals, the first three columns in Exhibit KK should be redacted. *Id.*

**B.  The Only Basis to Seal Exhibit NN Is That It Was Designated Confidential by Defendants.**

The sole reason that Plaintiffs move to seal the remaining exhibit at issue in this motion is that Defendants designated it confidential. *Id.* at ¶¶ 3-4. Exhibit NN is an email between Sheriff's Department staff regarding jails. It therefore implicates "the public's demands for and interests in accountability within its county jails." *Est. of Nunez by & through Nunez v. Cnty. of San Diego*, 386 F. Supp. 3d 1334, 1338 (S.D. Cal. 2019); *see also Agster v. Maricopa Cnty.*, 422 F.3d 836, 839 (9th Cir. 2005) ("[I]n the prison context . . . it is peculiarly important that the public have access to the assessment by peers of the care provided."). Whatever Defendants' reasons for designating those exhibits confidential, they will need to overcome that public interest.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# CONCLUSION

For the foregoing reasons, Plaintiffs' respectfully request that the Court grant this motion to seal.

DATED: January 17, 2024   Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
   Van Swearingen

Attorneys for Plaintiffs and the Certified Class and Subclasses