1  Eugene P. Ramirez (State Bar No. 134865)
     *eugene.ramirez@manningkass.com*
2  G. Craig Smith (State Bar No.)
     *craig.smith@manningkass.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
   Attorneys for Non-Defendant Third-Party,
7  NAPHCARE OF SAN DIEGO, LLC

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 DARRYL DUNSMORE, ANDREE          Case No. 3:20-CV-00406-AJB-DDL
   ANDRADE, ERNEST ARCHULETA,
12 JAMES CLARK, ANTHONY
   EDWARDS, LISA LANDERS,
13 REANNA LEVY, JOSUE LOPEZ,        **DECLARATION OF G. CRAIG**
   CHRISTOPHER NELSON,              **SMITH IN SUPPORT OF**
14 CHRISTOPHER NORWOOD, JESSE       **NAPHCARE OF SAN DIEGO,**
   OLIVARES, GUSTAVO                **LLC.'S OPPOSITION TO**
15 SEPULVEDA, MICHAEL TAYLOR,       **PLAINTIFFS' MOTION TO**
   and LAURA ZOERNER, on behalf of  **COMPEL PRODUCTION OF**
16 themselves and others similarly  **DOCUMENTS AND DEPOSITION**
   situated,
17
18        Plaintiffs,              Judge:      Hon. Anthony Battaglia
                                   Magistrate: Hon. David D. Leshner
19        v.
20 SAN DIEGO COUNTY SHERIFF'S      Hrg. Date:  February 2, 2024
   DEPARTMENT, COUNTY OF SAN
21 DIEGO, SAN DIEGO COUNTY         Trial Date: None Set
   PROBATION DEPARTMENT, and
22 DOES 1 to 20, inclusive,
23        Defendants.
24
25
26
27
28

**DECLARATION OF G. CRAIG SMITH IN SUPPORT OF NAPHCARE OF SAN DIEGO, LLC, OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION**

*MANNING & KASS*
*ELLROD, RAMIREZ, TRESTER LLP*
*Attorneys at Law*

1

## **DECLARATION OF G. CRAIG SMITH**

2    I, G. Craig Smith, state and declare as follows:

3    1.    I am an attorney at law duly authorized to practice before all the courts

4 of the State of California and in the United States District Courts for the Eastern

5 District of California. I am attorney in the law firm of Manning & Kass, Ellrod,

6 Ramirez, Trester LLP, attorneys of record herein for non-defendant third-party

7 NAPHCARE OF SAN DIEGO LLC. ("Defendants'). If called and sworn as a witness

8 to testify, I am competent to testify and would testify from my own personal

9 knowledge as to the facts set forth in this declaration.

10    2.    On August 10, 2023, Plaintiffs served NaphCare with a subpoena to

11 produce documents consisting of 88 vague requests for production.  A true and

12 correct copy of this document is attached hereto as **Exhibit A**.

13    3.    Between August 2023 and September of 2023, I corresponded via

14 email with Plaintiff's counsel regarding NaphCare's efforts to comply with the

15 request for production and a mutually agreeable date for a deposition of NaphCare's

16 party most knowledgeable.  During these exchanges, Plaintiffs agreed to several

17 stipulations/limitations in scope with respect to NaphCare's production. A true and

18 correct copy of the email correspondence is attached hereto as **Exhibit B**.

19    4.    Specifically, Plaintiffs agreed the requests for production do not seek

20 individual medical records; that initially, NaphCare need not produce individual

21 training materials for each training course but would produce a list of training

22 courses from which the parties would further meet and confer regarding specific

23 areas for production; and Plaintiffs agreed to accept a privilege log. Plaintiffs agreed

24 NaphCare could forego the use of formal ESI protocol as the same would be too

25 burdensome. A true and correct copy of the email correspondence is attached in

26 **Exhibit B, at page 34**.

27

28

4873-2654-7233.1

2

DECLARATION OF G. CRAIG SMITH IN SUPPORT OF NAPHCARE OF SAN DIEGO, LLC, OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

5.    On September 29, 2023, NaphCare produced 60 documents totaling 15,428 pages. A true and correct copy of the correspondence related to this production is attached in **Exhibit B, at pages 30-31**.

6.    On October 2, 2023, NaphCare served written responses to the request for production. A true and correct copy of the served written response is attached hereto as **Exhibit C**.

7.    In October 2023 meet and confer communications, Plaintiff objected to death reviews under attorney client-privilege. Plaintiff also agreed to continue discussing limitations on the training materials and proposed that non-healthcare disciplinary records be redacted. A true and correct copy of the email correspondence is attached in **Exhibit B, at page 29**.

8.    Throughout October 2023 and November of 2023, meet and confer efforts continued. Plaintiffs sought additional production. They raised the provision of an excel version of sick call chart and specific formatting of this information. NaphCare provided this. Second, under RFP No. 33, they sought additional production of documents related to the housing of people with mental disorders. NaphCare elaborated it is unable to respond due to a lack of documents reflecting the number of patients treated in each unit. Third, Plaintiffs requested documentation of tooth extractions under RFP No. 45. NaphCare indicated this is recorded in patient charts, but that a list would be produced. NaphCare produced this list in supplemental production. A true and correct copy of this correspondence is attached hereto in **Exhibit B, at page 16**.

9.    Fourth, Plaintiffs sought additional responses under RFP Nos. 52, 53, 54, 67, and 71 regarding subset categories of employee time details. NaphCare responded it would look into whether more responsive records exist. Fifth, Plaintiffs sought additional production under RFP No. 66 regarding the employee roster, including vacancies, understaffing, and hiring plans. NaphCare indicated it produced time logs and the roster. Sixth, Plaintiff's sought an organizational chart or

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

DECLARATION OF G. CRAIG SMITH IN SUPPORT OF NAPHCARE OF SAN DIEGO, LLC, OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

job descriptions under RFP No. 72.  NaphCare informed Plaintiffs it does not have an organizational chart for its San Diego staffing.  A true and correct copy of this correspondence is attached hereto in **Exhibit B, at page 16**.

10.     Seventh and Eighth, under RFP No. 85, Plaintiffs sought auditing of health care records related to incarcerated persons on grounds that serious incidents and death are reviewed by health care providers.  NaphCare responded that it only has privileged records from in-house death reviews.  Plaintiffs objected to withholding these documents on grounds that morbidity and mortality reviews should be conducted pursuant to NaphCare's contract.  Plaintiff's requested a privilege log.  NaphCare later provided a privilege log and declaration from its Chief Legal Officer.  Ninth, Plaintiffs continued to breach the training logs issue and indicated they needed to submit a proposal for limitations on this request but needed a usable format.  Tenth, Plaintiff's sought redacted staff disciplinary logs, which NaphCare agreed to produce.  A true and correct copy of this exchange is attached hereto as **Exhibit B, at pages 17-18**.

11.     In addition to the foregoing ten issues, Plaintiff informally requested production of a slew of additional documents, all of which were vaguely described and included "automated processes and protocols," "annual health assessments," "Medical Audit Committee Meeting" minutes, "evaluations," and "management" or "statistical" reports.  A true and correct copy of this exchange is attached hereto as **Exhibit B, at pages 17-18**.

12.     Between November 2023 and January 2024, I continued to confer with Plaintiffs' counsel regarding supplemental production and scheduling a deposition date for the Person Most Knowledgeable/Rule 20(b)(6) designee.  A true and correct copy of this exchange is attached hereto as **Exhibit B, at pages 1-14**.

13.     On November 16, 2023, NaphCare provided supplemental production. A true and correct copy of this exchange is attached hereto as **Exhibit B, at pages 15-16**.

14. On December 29, 2023, NaphCare provided supplemental production. A true and correct copy of this exchange is attached hereto as **Exhibit B, at pages 4-5**.

15. On January 5, 2024, and January 12, 2024, NaphCare provided responses consisting of privilege logs related to corporate morbidity and mortality reviews, as well as a declaration from NaphCare's Chief Legal Officer. A true and correct copy of the privilege log is attached hereto as **Exhibit D.** A true and correct copy of the declaration from NaphCare's Chief Legal Officer is attached hereto as **Exhibit E.** A true and correct copy of the responses is attached hereto as **Exhibit F**.

16. NaphCare has produced 115 documents consisting of approximately 31,000 pages of records to Plaintiff in response to their request for production and pursuant to subsequent meet and confer exchanges and stipulations. A true and correct copy of NaphCare's Document List in response to Plaintiff's Request for Production is attached hereto as **Exhibit G**.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on January 24, 2024, at Huntington Beach, California.

*/s/ G. Craig Smith*

G. Craig Smith, Esq.
Declarant

4873-2654-7233.1

5

DECLARATION OF G. CRAIG SMITH IN SUPPORT OF NAPHCARE OF SAN DIEGO, LLC, OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION