EXHIBIT "C"

Eugene P. Ramirez (State Bar No. 134865)
   *epr@manningllp.com*
Craig Smith (State Bar No. 265676)
   *gcs@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Third Party, NAPHCARE
OF SAN DIEGO LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA,

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, | Case No. 3:20-cv-00406-AJB-DDL |
| | *[Assigned to the Honorable District Judge Anthony J. Battaglia, Magistrate Judge, David D. Leshner]* |
| | **THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS** |
| Plaintiffs, | |
| v. | |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, | *Complaint Filed:   01/08/2021* |
| Defendants. | |

PROPOUNDING PARTY:  Plaintiffs

RESPONDING PARTY:     NaphCare of San Diego LLC

SET NO.:                        One

Pursuant to Federal Rule of Civil Procedure 45 and 26, NaphCare of San Diego LLC ("Responding Party") submits these responses and objections to the Subpoena for Production of Documents propounded by Plaintiffs ("Propounding

4873-2654-7233.1                                          1

1  Party").

2  **PRELIMINARY STATEMENT**

3  Responding Party has not completed his investigation of the facts relating to

4  this case, his discovery or his preparation for trial.  All responses and objections

5  contained herein are based only upon information that is presently available to and

6  specifically known by Responding Party.  It is anticipated that further discovery,

7  independent investigation, legal research and analysis will supply additional facts

8  and add meaning to known facts, as well as establish entirely new factual

9  conclusions and legal contentions, all of which may lead to substantial additions to,

10  changes in and variations from the responses set forth herein.

11  These responses, while based on diligent inquiry and investigation by

12  Responding Party, reflect only the current state of Responding Party's knowledge,

13  understanding, and belief, based upon the information reasonably available to him at

14  this time.  As this action proceeds, and further investigation and discovery are

15  conducted, additional or different facts and information could be revealed to

16  Responding Party.  Moreover, Responding Party anticipates that Propounding Party

17  may make legal or factual contentions presently unknown to and unforeseen by

18  Responding Party which may require Responding Party to adduce further facts and

19  supplement this production.  Without in any way obligating itself to do so,

20  Responding Party reserves the right to modify, supplement, revise, or amend these

21  responses, and to correct any inadvertent errors or omissions which may be

22  contained herein, in light of the information that Responding Party may

23  subsequently obtain or discover.

24  Moreover, these responses and objections are being made after multiple meet

25  and confer conferences with plaintiffs' counsel and is based upon Responding

26  Party's understanding of the broad, vague and ambiguous nature of the responses

27  and with reservation of objections of attorney-client privilege, proprietary

28  privileges, the rights of third party individuals to privacy which have been perserved

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
————— Attorneys at Law —————

1  by agreement and in lieu of Responding Party filing a motion to quash the subpoena.

2      Nothing in this response should be construed as an admission by Responding

3  Party with respect to the admissibility or relevance of any fact or document, or of

4  the truth or accuracy of any characterization or statement of any kind contained in

5  Propounding Party's requests.

6      Each of the following responses is made solely for the purpose of this action.

7      The following objections and responses are made without prejudice to

8  Responding Party's right to modify and amend any and all responses herein as

9  research is completed and contentions are made.

10      Nothing contained herein is to be construed as a waiver of any attorney-client

11  privilege, work product doctrine, or any other applicable privilege or doctrine.  To

12  the extent any interrogatory may be construed as calling for disclosure of

13  information protected from discovery by the attorney-client privilege, the work

14  product doctrine, or any other privilege or protection, a continuing objection to each

15  and every such request is hereby interposed.

16      **GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

17      Responding Party generally objects to the Requests for Production as follows:

18      1.    Responding Party objects generally to the Requests for Production to

19  the extent that they seek to elicit information that is neither relevant to the subject

20  matter of this action, nor reasonably calculated to lead to the discovery of admissible

21  evidence;

22      2.    Responding Party objects generally to the Requests for Production to

23  the extent that they are unreasonably overbroad in scope, and thus burdensome and

24  oppressive, in that each such request seeks information pertaining to items and

25  matters that are not relevant to the subject matter of this action, or, if relevant, so

26  remote therefrom as to make its disclosure of little or no practical benefit to

27  Propounding Party, while placing a wholly unwarranted burden and expense on

28  Responding Party in locating, reviewing and producing the requested information;

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

3.     Responding Party objects generally to the Requests for Production to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them, and to produce documents in accordance therewith, would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Responding Party and great expense to Responding Party, whereas the information sought to be obtained by Propounding Party would be of little use or benefit to Propounding Party;

4.     Responding Party objects generally to the Requests for Production to the extent that they are vague, uncertain, overbroad, and without limitation as to time or specific subject matter;

5.     Responding Party objects generally to the Requests for Production to the extent that they seek information at least some of which is protected by the attorney-client privilege or the attorney work-product doctrine, or both;

6.     Responding Party objects generally to the Requests for Production to the extent that they seek to have Defendant furnish information and identify documents that are a matter of the public record, and therefore are equally available to the Propounding Party as they are to Responding Party; and

7.     Responding Party objects generally to the Requests for Production to the extent that they seek to have Responding Party furnish information and identify documents that are proprietary to Responding Party and contain confidential information.

Without waiver of the foregoing, Responding Party further responds as follows:

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

ALL CONTRACTS between YOU and DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Responding party produces Exhibit A, attached hereto.  Specifically, see index nos. 1-8 and given the broad nature of the request refers Propounding Party to the entirety of Exhibit A.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS RELATING TO CONTRACT negotiations between YOU and DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

OBJECTION:

Overbroad, Vague and ambiguous as to "ALL DOCUMENTS RELATED TO CONTRACT" negotiations.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges.  It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party.  Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding Party produces Exhibit A, attached hereto.  Specifically, see index nos. 1-8; 14-19; 20-36; and given the broad nature of the request refers Propounding Party to the entirety of Exhibit A.

**REQUEST FOR PRODUCTION NO. 3:**

ALL "Requests for Proposal" that resulted in DEFENDANTS awarding YOU a CONTRACT REGARDING the JAIL.

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

OBJECTION:

Overbroad, Vague and ambiguous.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

The requests for proposal are equally accessible to Propounding Party. Therefore, the burden of compiling all requests for proposal outweighs plaintiffs interest in these documents, if any.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding Party produces Exhibit A, attached hereto. Specifically, see index nos. 14-19 and given the broad nature of the request refers Propounding Party to the entirety of Exhibit A.

**REQUEST FOR PRODUCTION NO. 4:**

ALL CURRENT POLICIES AND PROCEDURES RELATING TO HEALTH CARE at the JAIL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

OBJECTION:

Overbroad, Vague and ambiguous.

Further, as phrased, this request seeks documents in the custody, control and possession of defendant the County of San Diego and not responding party.

1    Notwithstanding said objections, and subject thereto responding party

2    responds as follows:

3    Responding Party produces Exhibit A, attached hereto.  Specifically, see

4    index nos. 9-13 and given the broad nature of the request refers Propounding Party

5    to the entirety of Exhibit A.

6    **REQUEST FOR PRODUCTION NO. 5:**

7    ALL drafts of POLICIES AND PROCEDURES RELATING TO HEALTH

8    CARE at the JAIL.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

10    OBJECTION:

11    Overbroad, Vague and ambiguous as to "drafts".

12    Further, as phrased, this request seeks documents in the custody, control and

13    possession of defendant the County of San Diego and not responding party.

14    As phrased, this request potentially requests communications that would be

15    protected for disclosure pursuant to attorney-client and attorney work product

16    privileges.  It is responding party's understanding from meet and confer efforts with

17    plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

18    The breadth of the request, as phrased would also potentially call for

19    proprietary information of Responding Party.  Responding Party asserts to the fullest

20    extent of the law its attorney-client privilege and confidential proprietary privileges.

21    Notwithstanding said objections, and subject thereto responding party

22    responds as follows:

23    To the extent responding party understands the request, responding party

24    produces Exhibit A, policies with addendums, attached hereto.  Specifically, see

25    index nos. 9-13 and given the broad nature of the request refers Propounding Party

26    to the entirety of Exhibit A.

27    **REQUEST FOR PRODUCTION NO. 6:**

28    ALL DOCUMENTS and minutes RELATING TO meetings attended by

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

1 HEALTH CARE STAFF or custody staff at which the HEALTH CARE of

2 INCARCERATED PERSONS, HEALTH CARE POLICIES AND PROCEDURES,

3 HEALTH CARE staffing, or ANY issue related to JAIL HEALTH CARE was

4 discussed.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

6     OBJECTION:

7     Overbroad, Vague and ambiguous as to "minutes" RELATING to "meetings".

8     As phrased, this request potentially requests communications that would be

9 protected for disclosure pursuant to attorney-client and attorney work product

10 privileges.  It is responding party's understanding from meet and confer efforts with

11 plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

12     The breadth of the request, as phrased would also potentially call for

13 proprietary information of Responding Party.  Responding Party asserts to the fullest

14 extent of the law its attorney-client privilege and confidential proprietary privileges.

15     Notwithstanding said objections, and subject thereto responding party

16 responds as follows:

17     Responding party does not maintain minutes relating to meetings. This

18 request seeks documents, to the extent they exist, in the custody, control and

19 possession of defendant the County of San Diego and not responding party.

20  **REQUEST FOR PRODUCTION NO. 7:**

21     ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

22 RELATING TO HEALTH CARE at the JAIL.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

24     OBJECTION:

25     Overbroad, Vague and ambiguous as to "ALL DOCUMENTS RELATED TO

26 POLICEIS AND PROCEDURES".

27     As phrased, this request potentially requests communications that would be

28 protected for disclosure pursuant to attorney-client and attorney work product

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS**

1  privileges.  It is responding party's understanding from meet and confer efforts with

2  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

3        The breadth of the request, as phrased would also potentially call for

4  proprietary information of Responding Party.  Responding Party asserts to the fullest

5  extent of the law its attorney-client privilege and confidential proprietary privileges.

6        Notwithstanding said objections, and subject thereto responding party

7  responds as follows:

8        Responding party produces Exhibit A, attached hereto.  Specifically, see

9  index nos. 1-8; 20-36; and given the broad nature of the request refers Propounding

10 Party to the entirety of Exhibit A.

11 **REQUEST FOR PRODUCTION NO. 8:**

12       ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

13 the provision of medication to INCARCERATED PEOPLE, including both

14 formulary and non-formulary medications.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

16       OBJECTION:

17       Overbroad, Vague and ambiguous as to "ALL DOCUMETNS RELATED TO

18 CONTRACT" negotiations.

19       Further, as phrased, this request potentially requests communications that

20 would be protected for disclosure pursuant to attorney-client and attorney work

21 product privileges.  It is responding party's understanding from meet and confer

22 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

23 correspondence.

24       The breadth of the request, as phrased would also potentially call for

25 proprietary information of Responding Party.  Responding Party asserts to the fullest

26 extent of the law its attorney-client privilege and confidential proprietary privileges.

27       Notwithstanding said objections, and subject thereto responding party

28 responds as follows:

Manning&Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

1    Responding Party produces Exhibit A, attached hereto.  Specifically, see

2  index nos. 1-8; 20-36; and given the broad nature of the request refers Propounding

3  Party to the entirety of Exhibit A.

4  **REQUEST FOR PRODUCTION NO. 9:**

5    ALL DOCUMENTS RELATING TO HEALTH CARE statistics of ANY

6  kind at the JAIL.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

8    OBJECTION:

9    Overbroad, Vague and ambiguous.

10    Further, as phrased, this request potentially requests communications that

11  would be protected for disclosure pursuant to attorney-client and attorney work

12  product privileges.  It is responding party's understanding from meet and confer

13  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

14  correspondence.

15    The breadth of the request, as phrased would also potentially call for

16  proprietary information of Responding Party.  Responding Party asserts to the fullest

17  extent of the law its attorney-client privilege and confidential proprietary privileges.

18    Notwithstanding said objections, and subject thereto responding party

19  responds as follows:

20    Responding Party produces Exhibit A, attached hereto.  Specifically, see

21  index nos. 37-60 and given the broad nature of the request refers Propounding Party

22  to the entirety of Exhibit A.

23  **REQUEST FOR PRODUCTION NO. 10:**

24    ALL sick call requests at the JAIL from January 1, 2023 to the present.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

26    OBJECTION:

27    Overbroad, Vague and ambiguous as to "sick call requests".

28    Further, as phrased, this request potentially requests communications that

10

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1 would be protected for disclosure pursuant to attorney-client and attorney work

2 product privileges.  It is responding party's understanding from meet and confer

3 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

4 correspondence.

5      The breadth of the request, as phrased would also potentially call for

6 proprietary information of Responding Party.  Responding Party asserts to the fullest

7 extent of the law its attorney-client privilege and confidential proprietary privileges.

8      Notwithstanding said objections, and subject thereto responding party

9 responds as follows:

10      Responding Party is informed and believes the actual sick call request form is

11 maintained by the County of San Diego.  Responding Party produces Exhibit A,

12 attached hereto.  Specifically, see index no. 37 and given the broad nature of the

13 request refers Propounding Party to the entirety of Exhibit A.

14 **REQUEST FOR PRODUCTION NO. 11:**

15      ALL responses to sick call requests at the JAIL from January 1, 2023 to the

16 present.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

18      OBJECTION:

19      Overbroad, Vague and ambiguous as to "sick call requests".

20      Further, as phrased, this request potentially requests communications that

21 would be protected for disclosure pursuant to attorney-client and attorney work

22 product privileges.  It is responding party's understanding from meet and confer

23 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

24 correspondence.

25      The breadth of the request, as phrased would also potentially call for

26 proprietary information of Responding Party.  Responding Party asserts to the fullest

27 extent of the law its attorney-client privilege and confidential proprietary privileges.

28      Notwithstanding said objections, and subject thereto responding party

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  responds as follows:

2      Responding Party is informed and believes the actual sick call response is

3  written on a request form that is maintained by the County of San Diego.

4  Responding Party produces Exhibit A, attached hereto.  Specifically, see index no.

5  37 and given the broad nature of the request refers Propounding Party to the entirety

6  of Exhibit A.

7  **REQUEST FOR PRODUCTION NO. 12:**

8      ALL logs, audits, lists, summaries, and DOCUMENTS showing the time

9  between when an INCARCERATED PERSON at the JAIL submitted a sick call

10  request and the time when HEALTH CARE STAFF triaged the sick call request.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

12      OBJECTION:

13      Overbroad, Vague and ambiguous as to "logs, audits, lists, summaries" and

14  "sick call requests".

15      Further, as phrased, this request potentially requests communications that

16  would be protected for disclosure pursuant to attorney-client and attorney work

17  product privileges.  It is responding party's understanding from meet and confer

18  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

19  correspondence.

20      The breadth of the request, as phrased would also potentially call for

21  proprietary information of Responding Party.  Responding Party asserts to the fullest

22  extent of the law its attorney-client privilege and confidential proprietary privileges.

23      Notwithstanding said objections, and subject thereto responding party

24  responds as follows:

25      Responding Party is informed and believes the information requested would

26  be in the sole possession of the County of San Diego as it maintains the actual sick

27  call request form that should notate the time when the sick call request was made.

28  Responding Party is not in possession of this information but in order to comply

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

with this request to the fullest extent possible, Responding Party produces Exhibit A, attached hereto. Specifically, see index no. 37 and given the broad nature of the request refers Propounding Party to the entirety of Exhibit A.

**REQUEST FOR PRODUCTION NO. 13:**

ALL logs, audits, lists, summaries, and DOCUMENTS showing the time between when an INCARCERATED PERSON at the JAIL submitted a sick call request and the time when HEALTH CARE STAFF responded to the sick call request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

OBJECTION:

Overbroad, Vague and ambiguous as to "logs, audits, lists, summaries" and "sick call requests".

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding Party is informed and believes the information requested would be in the sole possession of the County of San Diego as it maintains the actual sick call request form that should notate the time when the sick call request was made. Responding Party is not in possession of this information but in order to comply with this request to the fullest extent possible, Responding Party produces Exhibit A, attached hereto. Specifically, see index no. 37 and given the broad nature of the

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

1  request refers Propounding Party to the entirety of Exhibit A.

2  **REQUEST FOR PRODUCTION NO. 14:**

3  ALL logs, audits, lists, summaries, and DOCUMENTS showing the time

4  between when an INCARCERATED PERSON at the JAIL submitted a sick call

5  request and the time when the INCARCERATED PERSON was seen by HEALTH

6  CARE STAFF..

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

8  OBJECTION:

9  Overbroad, Vague and ambiguous as to "logs, audits, lists, summaries" and

10  "sick call requests".

11  Further, as phrased, this request potentially requests communications that

12  would be protected for disclosure pursuant to attorney-client and attorney work

13  product privileges.  It is responding party's understanding from meet and confer

14  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

15  correspondence.

16  The breadth of the request, as phrased would also potentially call for

17  proprietary information of Responding Party.  Responding Party asserts to the fullest

18  extent of the law its attorney-client privilege and confidential proprietary privileges.

19  Notwithstanding said objections, and subject thereto responding party

20  responds as follows:

21  Responding Party is informed and believes the information requested would

22  be in the sole possession of the County of San Diego as it maintains the actual sick

23  call request form that should notate the time when the sick call request was made.

24  Responding Party is not in possession of this information but in order to comply

25  with this request to the fullest extent possible, Responding Party produces Exhibit

26  A, attached hereto.  Specifically, see index no. 37 and given the broad nature of the

27  request refers Propounding Party to the entirety of Exhibit A.

28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**REQUEST FOR PRODUCTION NO. 15:**

ALL logs, audits, lists, summaries, and DOCUMENTS showing the number or percent of INCARCERATED PERSON at the JAIL who submitted a sick call request and were not seen by HEALTH CARE STAFF in connection with that sick call request.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

OBJECTION:

Overbroad, Vague and ambiguous as to "logs, audits, lists, summaries" and "sick call requests".

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding Party is informed and believes the information requested would be in the sole possession of the County of San Diego as it maintains the actual sick call request form that should notate the time when the sick call request was made. Responding Party is not in possession of this information but in order to comply with this request to the fullest extent possible, Responding Party produces Exhibit A, attached hereto. Specifically, see index no. 37 and given the broad nature of the request refers Propounding Party to the entirety of Exhibit A.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

1  maintaining the privacy of the HEALTH INFORMATION of people incarcerated at

2  the JAIL, including the confidentiality of patient-provider discussions.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

4         OBJECTION:

5         Overbroad, Vague and ambiguous.

6         Further, as phrased, this request potentially requests communications that

7  would be protected for disclosure pursuant to attorney-client and attorney work

8  product privileges.  It is responding party's understanding from meet and confer

9  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

10  correspondence.

11         The breadth of the request, as phrased would also potentially call for

12  proprietary information of Responding Party.  Responding Party asserts to the fullest

13  extent of the law its attorney-client privilege and confidential proprietary privileges.

14         The breadth of the request, as phrased would also potentially call for

15  proprietary information of Responding Party.  Responding Party asserts to the fullest

16  extent of the law its attorney-client privilege and confidential proprietary interests.

17         Notwithstanding said objections, and subject thereto responding party

18  responds as follows:

19         Responding Party produces Exhibit A, attached hereto.  Specifically, see

20  index nos. 9-12; 21-36 and given the broad nature of the request refers Propounding

21  Party to the entirety of Exhibit A.

22  **REQUEST FOR PRODUCTION NO. 17:**

23         ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

24  RELATING TO housing and classification of INCARCERATED PERSON with

25  serious HEALTH CARE issues.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

27         OBJECTION:

28         Overbroad, Vague and ambiguous.

4873-2654-7233.1

16

1    Further, as phrased, this request potentially requests communications that

2    would be protected for disclosure pursuant to attorney-client and attorney work

3    product privileges.  It is responding party's understanding from meet and confer

4    efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

5    correspondence.

6    The breadth of the request, as phrased would also potentially call for

7    proprietary information of Responding Party.  Responding Party asserts to the fullest

8    extent of the law its attorney-client privilege and confidential proprietary privileges.

9    Notwithstanding said objections, and subject thereto responding party

10   responds as follows:

11   Responding Party is informed and believes the County of San Diego

12   maintains internal policies regarding housing and classification of inmates.

13   Notwithstanding this assertion, Responding Party produces Exhibit A, attached

14   hereto.  Specifically, see index nos. 9-12; 21-36 and given the broad nature of the

15   request refers Propounding Party to the entirety of Exhibit A.

16   **REQUEST FOR PRODUCTION NO. 18:**

17   ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

18   screening of INCARCERATED PERSONS to identify HEALTH CARE needs.

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

20   OBJECTION:

21   Overbroad, Vague and ambiguous.

22   Further, as phrased, this request potentially requests communications that

23   would be protected for disclosure pursuant to attorney-client and attorney work

24   product privileges.  It is responding party's understanding from meet and confer

25   efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

26   correspondence.

27   The breadth of the request, as phrased would also potentially call for

28   proprietary information of Responding Party.  Responding Party asserts to the fullest

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  extent of the law its attorney-client privilege and confidential proprietary privileges.

2  Notwithstanding said objections, and subject thereto responding party

3  responds as follows:

4  Responding Party is informed and believes the County of San Diego

5  maintains internal policies regarding housing and classification of inmates.

6  Notwithstanding this assertion, Responding Party produces Exhibit A, attached

7  hereto.  Specifically, see index nos. 9-12; 21-36 and given the broad nature of the

8  request refers Propounding Party to the entirety of Exhibit A.

9  **REQUEST FOR PRODUCTION NO. 19:**

10  ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

11  responding to emergency HEALTH CARE needs.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

13  OBJECTION:

14  Overbroad, Vague and ambiguous.

15  As phrased, this request potentially requests communications that would be

16  protected for disclosure pursuant to attorney-client and attorney work product

17  privileges.  It is responding party's understanding from meet and confer efforts with

18  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

19  The breadth of the request, as phrased would also potentially call for

20  proprietary information of Responding Party.  Responding Party asserts to the fullest

21  extent of the law its attorney-client privilege and confidential proprietary privileges.

22  Notwithstanding said objections, and subject thereto responding party

23  responds as follows:

24  Responding Party produces Exhibit A, attached hereto.  Specifically, see

25  index nos. 9-12; 21-36 and given the broad nature of the request refers Propounding

26  Party to the entirety of Exhibit A.

27  **REQUEST FOR PRODUCTION NO. 20:**

28  ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  access to outside medical facilities, specialists, and follow-up care.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

3      OBJECTION:

4      Overbroad, Vague and ambiguous.

5      As phrased, this request potentially requests communications that would be

6  protected for disclosure pursuant to attorney-client and attorney work product

7  privileges.  It is responding party's understanding from meet and confer efforts with

8  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

9      The breadth of the request, as phrased would also potentially call for

10 proprietary information of Responding Party.  Responding Party asserts to the fullest

11 extent of the law its attorney-client privilege and confidential proprietary privileges.

12     Notwithstanding said objections, and subject thereto responding party

13 responds as follows:

14     Responding Party produces Exhibit A, attached hereto.  Specifically, see

15 index nos. 9-12; 21-36 and given the broad nature of the request refers Propounding

16 Party to the entirety of Exhibit A.

17 **REQUEST FOR PRODUCTION NO. 21:**

18     ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

19 governing the provision of prescription medications, medical devices, and medical

20 diets.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

22     OBJECTION:

23     Overbroad, Vague and ambiguous.

24     As phrased, this request potentially requests communications that would be

25 protected for disclosure pursuant to attorney-client and attorney work product

26 privileges.  It is responding party's understanding from meet and confer efforts with

27 plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

28     The breadth of the request, as phrased would also potentially call for

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  proprietary information of Responding Party.  Responding Party asserts to the fullest

2  extent of the law its attorney-client privilege and confidential proprietary privileges.

3          Notwithstanding said objections, and subject thereto responding party

4  responds as follows:

5          Responding Party produces Exhibit A, attached hereto.  Specifically, see

6  index nos. 9-12; 21-36 and given the broad nature of the request refers Propounding

7  Party to the entirety of Exhibit A.

8  **REQUEST FOR PRODUCTION NO. 22:**

9          ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

10  governing the treatment and monitoring of INCARCERATED PERSONS with

11  chronic medical conditions.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

13          OBJECTION:

14          Overbroad, Vague and ambiguous.

15          As phrased, this request potentially requests communications that would be

16  protected for disclosure pursuant to attorney-client and attorney work product

17  privileges.  It is responding party's understanding from meet and confer efforts with

18  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

19          The breadth of the request, as phrased would also potentially call for

20  proprietary information of Responding Party.  Responding Party asserts to the fullest

21  extent of the law its attorney-client privilege and confidential proprietary privileges.

22          Notwithstanding said objections, and subject thereto responding party

23  responds as follows:

24          Responding Party produces Exhibit A, attached hereto.  Specifically, see

25  index nos. 9-12; 21-36 and given the broad nature of the request refers Propounding

26  Party to the entirety of Exhibit A.

27  **REQUEST FOR PRODUCTION NO. 23:**

28          ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  governing the treatment and monitoring of pregnant persons.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

3      OBJECTION:

4      Overbroad, Vague and ambiguous.

5      As phrased, this request potentially requests communications that would be

6  protected for disclosure pursuant to attorney-client and attorney work product

7  privileges.  It is responding party's understanding from meet and confer efforts with

8  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

9      The breadth of the request, as phrased would also potentially call for

10  proprietary information of Responding Party.  Responding Party asserts to the fullest

11  extent of the law its attorney-client privilege and confidential proprietary privileges.

12      Notwithstanding said objections, and subject thereto responding party

13  responds as follows:

14      Responding Party produces Exhibit A, attached hereto.  Specifically, see

15  index nos. 9-12; 21-36 and given the broad nature of the request refers Propounding

16  Party to the entirety of Exhibit A.

17  **REQUEST FOR PRODUCTION NO. 24:**

18      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

19  governing the treatment and monitoring of INCARCERATED PERSONS with

20  known or suspected withdrawals from prescription or illegal drugs or substances,

21  including but not limited to medications and alcohol.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

23      OBJECTION:

24      Overbroad, Vague and ambiguous.

25      As phrased, this request potentially requests communications that would be

26  protected for disclosure pursuant to attorney-client and attorney work product

27  privileges.  It is responding party's understanding from meet and confer efforts with

28  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

21

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    The breadth of the request, as phrased would also potentially call for

2 proprietary information of Responding Party.  Responding Party asserts to the fullest

3 extent of the law its attorney-client privilege and confidential proprietary privileges.

4    Notwithstanding said objections, and subject thereto responding party

5 responds as follows:

6    Responding Party produces Exhibit A, attached hereto.  Specifically, see

7 index nos. 9-12; 21-36 and given the broad nature of the request refers Propounding

8 Party to the entirety of Exhibit A.

9 **REQUEST FOR PRODUCTION NO. 25:**

10    ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

11 governing requests for HEALTHCARE ASSISTIVE DEVICES.

12 **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

13    OBJECTION:

14    Overbroad, Vague and ambiguous.

15    As phrased, this request potentially requests communications that would be

16 protected for disclosure pursuant to attorney-client and attorney work product

17 privileges.  It is responding party's understanding from meet and confer efforts with

18 plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

19    The breadth of the request, as phrased would also potentially call for

20 proprietary information of Responding Party.  Responding Party asserts to the fullest

21 extent of the law its attorney-client privilege and confidential proprietary privileges.

22    Notwithstanding said objections, and subject thereto responding party

23 responds as follows:

24    Responding Party produces Exhibit A, attached hereto.  Specifically, see

25 index nos. 9-12; 21-36 and given the broad nature of the request refers Propounding

26 Party to the entirety of Exhibit A.

27 **REQUEST FOR PRODUCTION NO. 26:**

28    ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

governing disagreements between NAPHCARE employees and DEFENDANTS'
employees REGARDING HEALTH CARE for INCARCERATED PERSONS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

OBJECTION:

Overbroad, Vague and ambiguous.

As phrased, this request potentially requests communications that would be
protected for disclosure pursuant to attorney-client and attorney work product
privileges. It is responding party's understanding from meet and confer efforts with
plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for
proprietary information of Responding Party. Responding Party asserts to the fullest
extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party
responds as follows:

Responding Party produces Exhibit A, attached hereto. Specifically, see
index nos. 9-12; 21-36 and given the broad nature of the request refers Propounding
Party to the entirety of Exhibit A.

**REQUEST FOR PRODUCTION NO. 27:**

ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES
governing the continuity of care from the community to the JAIL and from the JAIL
to the community.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

OBJECTION:

Overbroad, Vague and ambiguous.

As phrased, this request potentially requests communications that would be
protected for disclosure pursuant to attorney-client and attorney work product
privileges. It is responding party's understanding from meet and confer efforts with
plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding Party produces Exhibit A, attached hereto. Specifically, see index nos. 9-12; 21-36 and given the broad nature of the request refers Propounding Party to the entirety of Exhibit A.

**REQUEST FOR PRODUCTION NO. 28:**

ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES governing reviews of in-custody deaths..

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

OBJECTION:

Overbroad, Vague and ambiguous.

Further, as phrased, this request seeks documents in the custody, control and possession of defendant the County of San Diego and not responding party.

This request seeks communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Any discoverable review of in custody deaths would be conducted by the County of San Diego and those documents are maintained by the County of San Diego. The review of in custody deaths done by Responding Party are done at the

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  direction of counsel, and counsel is present at all meetings.  See privilege log.

2  **REQUEST FOR PRODUCTION NO. 29:**

3  ALL DOCUMENTS RELATING TO INCARCERATED PERSONS

4  receiving an incorrect type or dosage of medication from HEALTH CARE STAFF

5  or custody staff.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

7  OBJECTION:

8  Overbroad, Vague and ambiguous as to receiving incorrect type of dosage of

9  medication.

10  Further, as phrased, this request seeks documents in the custody, control and

11  possession of defendant the County of San Diego and not responding party.

12  Notwithstanding said objections, and subject thereto responding party

13  responds as follows:

14  To the extent responding party understands the request, responding party does

15  not have any documents.  County of San Diego employees administer medications

16  and to the extent any responsive documents exist, they would be in the custody,

17  possession and control of the County of San Diego.  Notwithstanding, given the

18  broad nature and ambiguity of this request, responding party produces Exhibit A.

19  **REQUEST FOR PRODUCTION NO. 30:**

20  ALL DOCUMENTS RELATING TO the provision of foreign language and

21  sign language interpretation services for INCARCERATED PERSONS whose

22  primary language is not English during visits with HEALTH CARE STAFF.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

24  OBJECTION:

25  Overbroad, Vague and ambiguous.

26  As phrased, this request potentially requests communications that would be

27  protected for disclosure pursuant to attorney-client and attorney work product

28  privileges.  It is responding party's understanding from meet and confer efforts with

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

2        The breadth of the request, as phrased would also potentially call for

3    proprietary information of Responding Party.  Responding Party asserts to the fullest

4    extent of the law its attorney-client privilege and confidential proprietary privileges.

5        Notwithstanding said objections, and subject thereto responding party

6    responds as follows:

7        Responding party produces Exhibit A, specifically index no 4 and given the

8    breadth of the request refers propounding party to the entirety of Exhibit A.

9    **REQUEST FOR PRODUCTION NO. 31:**

10       ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

11   governing diagnostic or laboratory testing and follow-up for INCARCERATED

12   PERSONS.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

14       OBJECTION:

15       Overbroad, Vague and ambiguous.

16       As phrased, this request potentially requests communications that would be

17   protected for disclosure pursuant to attorney-client and attorney work product

18   privileges.  It is responding party's understanding from meet and confer efforts with

19   plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

20       The breadth of the request, as phrased would also potentially call for

21   proprietary information of Responding Party.  Responding Party asserts to the fullest

22   extent of the law its attorney-client privilege and confidential proprietary privileges.

23       Notwithstanding said objections, and subject thereto responding party

24   responds as follows:

25       Responding party produces Exhibit A, attached hereto.  Specifically, see

26   index nos. 9-14; 21-36; and given the broad nature of the request refers Propounding

27   Party to the entirety of Exhibit A.

28

1  **REQUEST FOR PRODUCTION NO. 32:**

2    DOCUMENTS sufficient to show the average waiting time between the time

3  an INCARCERATED PERSON is prescribed a medication and the time the person

4  receives the prescribed medication.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

6    OBJECTION:

7    Overbroad, Vague and ambiguous.

8    Further, as phrased, this request potentially requires a compilation be

9  prepared from document not in the possession, custody and control of responding

10 party.

11    Notwithstanding said objections, and subject thereto responding party

12 responds as follows:

13    Responding Party is not in the possession, custody and control of sufficient

14 records to show said calculation.  It is responding party's understanding the County

15 of San Diego would have such records.  Notwithstanding, responding party

16 produces Exhibit A, attached hereto.

17 **REQUEST FOR PRODUCTION NO. 33:**

18    ALL DOCUMENTS RELATING TO the housing of INCARCERATED

19 PERSONS with MENTAL DISORDERS or who are receiving mental HEALTH

20 CARE, including but not limited to determinations of need for housing; evaluations

21 of housing; POLICIES AND PROCEDURES for moving INCARCERATED

22 PERSONS to appropriate housing; and requests for funding for mental health

23 housing.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

25    OBJECTION:

26    Overbroad, Vague and ambiguous.

27    Further, as phrased, this request potentially requests communications that

28 would be protected for disclosure pursuant to attorney-client and attorney work

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

1  product privileges.  It is responding party's understanding from meet and confer

2  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

3  correspondence.

4      The breadth of the request, as phrased would also potentially call for

5  proprietary information of Responding Party.  Responding Party asserts to the fullest

6  extent of the law its attorney-client privilege and confidential proprietary privileges.

7      Notwithstanding said objections, and subject thereto responding party

8  responds as follows:

9      Responding Party produces Exhibit A, attached hereto.  Specifically, see

10  index nos. 9-14; 21-36; and given the broad nature of the request refers Propounding

11  Party to the entirety of Exhibit A.

12  **REQUEST FOR PRODUCTION NO. 34:**

13      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

14  REGARDING suicide prevention.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

16      OBJECTION:

17      Overbroad, Vague and ambiguous.

18      Further, as phrased, this request potentially requests communications that

19  would be protected for disclosure pursuant to attorney-client and attorney work

20  product privileges.  It is responding party's understanding from meet and confer

21  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

22  correspondence.

23      The breadth of the request, as phrased would also potentially call for

24  proprietary information of Responding Party.  Responding Party asserts to the fullest

25  extent of the law its attorney-client privilege and confidential proprietary privileges.

26      Notwithstanding said objections, and subject thereto responding party

27  responds as follows:

28      Responding Party produces Exhibit A, attached hereto.  Specifically, see

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    index nos. 9-14; 21-36; and given the broad nature of the request refers Propounding

2    Party to the entirety of Exhibit A.

3    **REQUEST FOR PRODUCTION NO. 35:**

4        ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

5    REGARDING housing placements for INCARCERATED PERSONS with

6    MENTAL DISORDERS or who are receiving mental HEALTH CARE.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

8        OBJECTION:

9        Overbroad, Vague and ambiguous.

10        Further, as phrased, this request potentially requests communications that

11    would be protected for disclosure pursuant to attorney-client and attorney work

12    product privileges.  It is responding party's understanding from meet and confer

13    efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

14    correspondence.

15        The breadth of the request, as phrased would also potentially call for

16    proprietary information of Responding Party.  Responding Party asserts to the fullest

17    extent of the law its attorney-client privilege and confidential proprietary privileges.

18        Notwithstanding said objections, and subject thereto responding party

19    responds as follows:

20        Responding Party produces Exhibit A, attached hereto.  Specifically, see

21    index nos. 9-14; 21-36; and given the broad nature of the request refers Propounding

22    Party to the entirety of Exhibit A.

23    **REQUEST FOR PRODUCTION NO. 36:**

24        ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

25    housed in sobering cell..

26    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

27        OBJECTION:

28        Overbroad, Vague and ambiguous.

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding Party is informed and believes that responsive documents are in the possession, custody and control of the County of San Diego. Notwithstanding, Responding Party produces Exhibit A, attached hereto. Specifically, see index nos. 9-14; 21-36; and given the broad nature of the request refers Propounding Party to the entirety of Exhibit A.

**REQUEST FOR PRODUCTION NO. 37:**

ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being housed in safety cells.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

OBJECTION:

Overbroad, Vague and ambiguous.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS**

1   extent of the law its attorney-client privilege and confidential proprietary privileges.

2       Notwithstanding said objections, and subject thereto responding party

3   responds as follows:

4       Responding Party is informed and believes that responsive documents are in

5   the possession, custody and control of the County of San Diego.  Notwithstanding,

6   Responding Party produces Exhibit A, attached hereto.  Specifically, see index nos.

7   9-14; 21-36; and given the broad nature of the request refers Propounding Party to

8   the entirety of Exhibit A.

9   **REQUEST FOR PRODUCTION NO. 38:**

10      ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

11  housed in Psychiatric Stabilization Unit or Psychiatric Security Unit.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

13      OBJECTION:

14      Overbroad, Vague and ambiguous.

15      Further, as phrased, this request potentially requests communications that

16  would be protected for disclosure pursuant to attorney-client and attorney work

17  product privileges.  It is responding party's understanding from meet and confer

18  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

19  correspondence.

20      The breadth of the request, as phrased would also potentially call for

21  proprietary information of Responding Party.  Responding Party asserts to the fullest

22  extent of the law its attorney-client privilege and confidential proprietary privileges.

23      Notwithstanding said objections, and subject thereto responding party

24  responds as follows:

25      Responding Party is informed and believes that responsive documents are in

26  the possession, custody and control of the County of San Diego.  Notwithstanding,

27  Responding Party produces Exhibit A, attached hereto.  Specifically, see index nos.

28  9-14; 21-36; and given the broad nature of the request refers Propounding Party to

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1 | the entirety of Exhibit A.

2 | **REQUEST FOR PRODUCTION NO. 39:**

3 |     ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

4 | housed in the Outpatient Step Down Unit.

5 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

6 |     OBJECTION:

7 |     Overbroad, Vague and ambiguous.

8 |     Further, as phrased, this request potentially requests communications that

9 | would be protected for disclosure pursuant to attorney-client and attorney work

10 | product privileges.  It is responding party's understanding from meet and confer

11 | efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

12 | correspondence.

13 |     The breadth of the request, as phrased would also potentially call for

14 | proprietary information of Responding Party.  Responding Party asserts to the fullest

15 | extent of the law its attorney-client privilege and confidential proprietary privileges.

16 |     Notwithstanding said objections, and subject thereto responding party

17 | responds as follows:

18 |     Responding Party is informed and believes that responsive documents are in

19 | the possession, custody and control of the County of San Diego.  Notwithstanding,

20 | Responding Party produces Exhibit A, attached hereto.  Specifically, see index nos.

21 | 9-14; 21-36; and given the broad nature of the request refers Propounding Party to

22 | the entirety of Exhibit A.

23 | **REQUEST FOR PRODUCTION NO. 40:**

24 |     ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

25 | housed in Enhanced Observation Housing.

26 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

27 |     OBJECTION:

28 |     Overbroad, Vague and ambiguous.

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

1   Further, as phrased, this request potentially requests communications that
2   would be protected for disclosure pursuant to attorney-client and attorney work
3   product privileges.  It is responding party's understanding from meet and confer
4   efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client
5   correspondence.

6   The breadth of the request, as phrased would also potentially call for
7   proprietary information of Responding Party.  Responding Party asserts to the fullest
8   extent of the law its attorney-client privilege and confidential proprietary privileges.

9   Notwithstanding said objections, and subject thereto responding party
10  responds as follows:

11  Responding Party is informed and believes that responsive documents are in
12  the possession, custody and control of the County of San Diego.  Notwithstanding,
13  Responding Party produces Exhibit A, attached hereto.  Specifically, see index nos.
14  9-14; 21-36; and given the broad nature of the request refers Propounding Party to
15  the entirety of Exhibit A.

16  **REQUEST FOR PRODUCTION NO. 41:**

17  ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being
18  placed on suicide watch or suicide precautions.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

20  OBJECTION:

21  Overbroad, Vague and ambiguous.

22  Further, as phrased, this request potentially requests communications that
23  would be protected for disclosure pursuant to attorney-client and attorney work
24  product privileges.  It is responding party's understanding from meet and confer
25  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client
26  correspondence.

27  The breadth of the request, as phrased would also potentially call for
28  proprietary information of Responding Party.  Responding Party asserts to the fullest

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
___ Attorneys at Law ___

1  extent of the law its attorney-client privilege and confidential proprietary privileges.

2      Notwithstanding said objections, and subject thereto responding party

3  responds as follows:

4      Responding Party is informed and believes that responsive documents are in

5  the possession, custody and control of the County of San Diego.  Notwithstanding,

6  Responding Party produces Exhibit A, attached hereto.  Specifically, see index nos.

7  9-14; 21-36; and given the broad nature of the request refers Propounding Party to

8  the entirety of Exhibit A.

9  **REQUEST FOR PRODUCTION NO. 42:**

10      DOCUMENTS sufficient to show the number of INCARCERATED

11  PERSONS with MENTAL DISORDERS or who are receiving mental HEALTH

12  CARE in Enhanced Observation Housing or Outpatient Step Down unit housing, by

13  month since June l, 2022.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

15      OBJECTION:

16      Overbroad, Vague and ambiguous.  The request is so overbroad and

17  burdensome that it is oppressive.  Moreover, defendant County of San Diego is in

18  the possession, custody and control of these documents and as a defendant/party to

19  the lawsuit should have to incur the burden of production.

20      Further, as phrased, this request potentially requests communications that

21  would be protected for disclosure pursuant to attorney-client and attorney work

22  product privileges.  It is responding party's understanding from meet and confer

23  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

24  correspondence.

25      The breadth of the request, as phrased would also potentially call for

26  proprietary information of Responding Party.  Responding Party asserts to the fullest

27  extent of the law its attorney-client privilege and confidential proprietary privileges.

28      Notwithstanding said objections, and subject thereto responding party

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS**

1 responds as follows:

2      Responding Party is informed and believes that responsive documents are in

3 the possession, custody and control of the County of San Diego.  Notwithstanding,

4 Responding Party produces Exhibit A, attached hereto.

5 **REQUEST FOR PRODUCTION NO. 43:**

6      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

7 the adjudication of disciplinary action reports for INCARCERATED PERSONS

8 with MENTAL DISORDERS or who are receiving mental HEALTH CARE.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

10      OBJECTION:

11      Overbroad, Vague and ambiguous.

12      Further, as phrased, this request potentially requests communications that

13 would be protected for disclosure pursuant to attorney-client and attorney work

14 product privileges.  It is responding party's understanding from meet and confer

15 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

16 correspondence.

17      The breadth of the request, as phrased would also potentially call for

18 proprietary information of Responding Party.  Responding Party asserts to the fullest

19 extent of the law its attorney-client privilege and confidential proprietary privileges.

20      Notwithstanding said objections, and subject thereto responding party

21 responds as follows:

22      Responding Party is informed and believes that responsive documents are in

23 the possession, custody and control of the County of San Diego.  Responding Party

24 does not have responsive documents to this request.

25 **REQUEST FOR PRODUCTION NO. 44:**

26      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

27 the distribution of medications for INCARCERATED PERSONS with MENTAL

28 DISORDERS or who are receiving mental HEALTH CARE.

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

OBJECTION:

Overbroad, Vague and ambiguous.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding Party produces Exhibit A, attached hereto. Specifically, see index nos. 9-14; 21-36; and given the broad nature of the request refers Propounding Party to the entirety of Exhibit A.

**REQUEST FOR PRODUCTION NO. 45:**

ALL DOCUMENTS REGARDING the extraction of an INCARCERATED PERSON'S tooth or teeth, including but not limited to alternative treatments requested by or presented to the INCARCERATED PERSON.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

OBJECTION:

Overbroad, Vague and ambiguous.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS

1    The breadth of the request, as phrased would also potentially call for

2  proprietary information of Responding Party.  Responding Party asserts to the fullest

3  extent of the law its attorney-client privilege and confidential proprietary privileges.

4    Notwithstanding said objections, and subject thereto responding party

5  responds as follows:

6    Responding Party produces Exhibit A, attached hereto.  Specifically, see

7  index nos. 9-14; 21-36; and given the broad nature of the request refers Propounding

8  Party to the entirety of Exhibit A.

9  **REQUEST FOR PRODUCTION NO. 46:**

10    DOCUMENTS sufficient to show the average waiting time between the time

11  a REFERRAL for dental HEALTH CARE is created at the JAIL and the time that

12  the INCARCERATED PERSON is seen by a licensed dental assistant, licensed

13  dental hygienist, or doctor of Dental Surgery or doctor of Medicine in Dentistry.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

15    OBJECTION:

16    Overbroad, Vague and ambiguous.  The request is so overbroad and

17  burdensome that it is oppressive.  Moreover, defendant County of San Diego is in

18  the possession, custody and control of these documents and as a defendant/party to

19  the lawsuit should have to incur the burden of production.

20    Further, as phrased, this request potentially requests communications that

21  would be protected for disclosure pursuant to attorney-client and attorney work

22  product privileges.  It is responding party's understanding from meet and confer

23  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

24  correspondence.

25    The breadth of the request, as phrased would also potentially call for

26  proprietary information of Responding Party.  Responding Party asserts to the fullest

27  extent of the law its attorney-client privilege and confidential proprietary privileges.

28    Notwithstanding said objections, and subject thereto responding party

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

1  responds as follows:

2      Responding Party is informed and believes that responsive documents are in

3  the possession, custody and control of the County of San Diego.

4  **REQUEST FOR PRODUCTION NO. 47:**

5      DOCUMENTS sufficient to show the number of requests for dental

6  HEALTH CARE at the JAIL each month since June 1, 2022.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

8      OBJECTION:

9      Overbroad, Vague and ambiguous.

10      As phrased, this request potentially requests communications that would be

11  protected for disclosure pursuant to attorney-client and attorney work product

12  privileges.  It is responding party's understanding from meet and confer efforts with

13  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

14      The breadth of the request, as phrased would also potentially call for

15  proprietary information of Responding Party.  Responding Party asserts to the fullest

16  extent of the law its attorney-client privilege and confidential proprietary privileges.

17      Notwithstanding said objections, and subject thereto responding party

18  responds as follows:

19      Responding Party produces Exhibit A, attached hereto.  Specifically, see

20  index no. 37 and given the broad nature of the request refers Propounding Party to

21  the entirety of Exhibit A.

22  **REQUEST FOR PRODUCTION NO. 48:**

23      DOCUMENTS sufficient to show the number of patients seen for dental

24  HEALTH CARE at the JAIL each month since June 1, 2022.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

26      OBJECTION:

27      Overbroad, Vague and ambiguous.

28      As phrased, this request potentially requests communications that would be

protected for disclosure pursuant to attorney-client and attorney work product privileges.  It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party.  Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding Party produces Exhibit A, attached hereto.  Specifically, see index no. 37 and given the broad nature of the request refers Propounding Party to the entirety of Exhibit A.

**REQUEST FOR PRODUCTION NO. 49:**

DOCUMENTS sufficient to show the number of patients on ANY wait list for dental HEALTH CARE at the JAIL and the average length of time that ANY INCARCERATED PERSON remains on ANY such wait list.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

OBJECTION:

Overbroad, Vague and ambiguous.

As phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges.  It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party.  Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding Party is informed and believes responsive documents are in the

Manning & Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

1   possession, custody and control of the County of San Diego.  Notwithstanding,

2   Responding Party produces Exhibit A, attached hereto.  Specifically, see index no.

3   37 and given the broad nature of the request refers Propounding Party to the entirety

4   of Exhibit A.

5   **REQUEST FOR PRODUCTION NO. 50:**

6          DOCUMENTS sufficient to show the number of requests for dental

7   HEALTH CARE by INCARCERATED PERSONS, and the number of these

8   requests that are granted.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

10         OBJECTION:

11         Overbroad, Vague and ambiguous.

12         As phrased, this request potentially requests communications that would be

13  protected for disclosure pursuant to attorney-client and attorney work product

14  privileges.  It is responding party's understanding from meet and confer efforts with

15  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

16         The breadth of the request, as phrased would also potentially call for

17  proprietary information of Responding Party.  Responding Party asserts to the fullest

18  extent of the law its attorney-client privilege and confidential proprietary privileges.

19         Notwithstanding said objections, and subject thereto responding party

20  responds as follows:

21         Responding Party is informed and believes responsive documents are in the

22  possession, custody and control of the County of San Diego.  Notwithstanding,

23  Responding Party produces Exhibit A, attached hereto.  Specifically, see index no.

24  37 and given the broad nature of the request refers Propounding Party to the entirety

25  of Exhibit A.  Additionally, the parties met and conferred and agreed to a time frame

26  of January 1, 2023 to present date.

27  **REQUEST FOR PRODUCTION NO. 51:**

28         DOCUMENTS sufficient to show the number of scheduled appointments for

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS**

1  dental care that are cancelled and/or refused in each month.

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

3  OBJECTION:

4  Overbroad, Vague and ambiguous.

5  As phrased, this request potentially requests communications that would be

6  protected for disclosure pursuant to attorney-client and attorney work product

7  privileges.  It is responding party's understanding from meet and confer efforts with

8  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

9  The breadth of the request, as phrased would also potentially call for

10  proprietary information of Responding Party.  Responding Party asserts to the fullest

11  extent of the law its attorney-client privilege and confidential proprietary privileges.

12  Notwithstanding said objections, and subject thereto responding party

13  responds as follows:

14  Responding Party is informed and believes responsive documents are in the

15  possession, custody and control of the County of San Diego.  Notwithstanding,

16  Responding Party produces Exhibit A, attached hereto.  Specifically, see index no.

17  37 and given the broad nature of the request refers Propounding Party to the entirety

18  of Exhibit A.  Additionally, the parties met and conferred and agreed to a time frame

19  of January 1, 2023 to present date.

20  **REQUEST FOR PRODUCTION NO. 52:**

21  DOCUMENTS sufficient to show the number of days per week that a Doctor

22  of Dental Services is present at the JAIL, and the number of hours per each day that

23  the Doctor of Dental Surgery or Doctor of Medicine in Dentistry is present.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

25  OBJECTION:

26  Overbroad, Vague and ambiguous.

27  As phrased, this request potentially requests communications that would be

28  protected for disclosure pursuant to attorney-client and attorney work product

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

1  privileges.  It is responding party's understanding from meet and confer efforts with

2  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

3         The breadth of the request, as phrased would also potentially call for

4  proprietary information of Responding Party.  Responding Party asserts to the fullest

5  extent of the law its attorney-client privilege and confidential proprietary privileges.

6         Notwithstanding said objections, and subject thereto responding party

7  responds as follows:

8         The parties met and conferred and agreed to a time from of January 1, 2023 to

9  present.  Responding Party produces Exhibit A, attached hereto.  Specifically, see

10 index nos. 38-42 and given the broad nature of the request refers Propounding Party

11 to the entirety of Exhibit A.

12 **REQUEST FOR PRODUCTION NO. 53:**

13        DOCUMENTS sufficient to show the number of days per week that licensed

14 dental assistant(s) is/are present at the JAIL, and the number of hours per each day

15 that the licensed dental assistant(s) is/are present.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

17        OBJECTION:

18        Overbroad, Vague and ambiguous.

19        As phrased, this request potentially requests communications that would be

20 protected for disclosure pursuant to attorney-client and attorney work product

21 privileges.  It is responding party's understanding from meet and confer efforts with

22 plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

23        The breadth of the request, as phrased would also potentially call for

24 proprietary information of Responding Party.  Responding Party asserts to the fullest

25 extent of the law its attorney-client privilege and confidential proprietary privileges.

26        Notwithstanding said objections, and subject thereto responding party

27 responds as follows:

28        The parties met and conferred and agreed to a time from of January 1, 2023 to

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

4873-2654-7233.1

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

1  present.  Responding Party produces Exhibit A, attached hereto.  Specifically, see

2  index nos. 38-42 and given the broad nature of the request refers Propounding Party

3  to the entirety of Exhibit A.

4  **REQUEST FOR PRODUCTION NO. 54:**

5      DOCUMENTS sufficient to show the number of days per week that licensed

6  dental hygienist(s) is/are present at the JAIL, and the number of hours per each day

7  that the licensed dental hygienist(s) is/are present.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

9      OBJECTION:

10     Overbroad, Vague and ambiguous.

11     As phrased, this request potentially requests communications that would be

12  protected for disclosure pursuant to attorney-client and attorney work product

13  privileges.  It is responding party's understanding from meet and confer efforts with

14  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

15     The breadth of the request, as phrased would also potentially call for

16  proprietary information of Responding Party.  Responding Party asserts to the fullest

17  extent of the law its attorney-client privilege and confidential proprietary privileges.

18     Notwithstanding said objections, and subject thereto responding party

19  responds as follows:

20     The parties met and conferred and agreed to a time from of January 1, 2023 to

21  present.  Responding Party produces Exhibit A, attached hereto.  Specifically, see

22  index nos. 38-42 and given the broad nature of the request refers Propounding Party

23  to the entirety of Exhibit A.

24  **REQUEST FOR PRODUCTION NO. 55:**

25     ALL DOCUMENTS RELATING TO the availability of x-ray equipment at

26  the JAIL for purposes of dental HEALTH CARE, including but not limited to ANY

27  digital x-ray equipment and/or ANY panoramic x-ray equipment.

28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

OBJECTION:

Overbroad, Vague and ambiguous.

As phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

The parties met and conferred and agreed to a time from of January 1, 2023 to present. Responding Party produces Exhibit A, attached hereto. Specifically, see index no. 43 and given the broad nature of the request refers Propounding Party to the entirety of Exhibit A.

**REQUEST FOR PRODUCTION NO. 56:**

ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES REGARDING the sterilization of instruments and equipment used for providing DENTAL CARE at the JAIL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

OBJECTION:

Overbroad, Vague and ambiguous.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party.  Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding Party produces Exhibit A, attached hereto.  Specifically, see index nos. 9-14; 21-36; and given the broad nature of the request refers Propounding Party to the entirety of Exhibit A.

**REQUEST FOR PRODUCTION NO. 57:**

ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES REGARDING INCARCERATED PERSONS' access to oral health items, including but not limited to toothbrushes, toothpaste, and dental floss or equivalent.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

OBJECTION:

Overbroad, Vague and ambiguous.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges.  It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party.  Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding Party is not in the possession, custody or control of responsive documents.

**REQUEST FOR PRODUCTION NO. 58:**

ALL DOCUMENTS REGARDING HEALTH CARE for INCARCERATED PEOPLE who were referred for outside care.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

OBJECTION:

Overbroad, Vague and ambiguous.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding Party produces Exhibit A, attached hereto. Specifically, see index nos. 9-14; 21-36; and given the broad nature of the request refers Propounding Party to the entirety of Exhibit A.

**REQUEST FOR PRODUCTION NO. 59:**

DOCUMENTS sufficient to show the average waiting time between the time an INCARCERATED PERSON is referred to an outside provider for the provision of HEALTH CARE and the time the person sees the outside provider.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

OBJECTION:

Overbroad, Vague and ambiguous.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work

1  product privileges.  It is responding party's understanding from meet and confer

2  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

3  correspondence.

4      The breadth of the request, as phrased would also potentially call for

5  proprietary information of Responding Party.  Responding Party asserts to the fullest

6  extent of the law its attorney-client privilege and confidential proprietary privileges.

7      Notwithstanding said objections, and subject thereto responding party

8  responds as follows:

9      Responding Party is not in the possession, custody or control of responsive

10  documents.

11  **REQUEST FOR PRODUCTION NO. 60:**

12      ALL DOCUMENTS REGARDING HEALTH CARE STAFF or custody

13  staff who have filed complaints REGARDING the provision of HEALTH CARE or

14  the ADEQUACY of HEALTH CARE facilities at the JAIL.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

16      OBJECTION:

17      Overbroad, Vague and ambiguous.

18      Further, as phrased, this request potentially requests communications that

19  would be protected for disclosure pursuant to attorney-client and attorney work

20  product privileges.  It is responding party's understanding from meet and confer

21  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

22  correspondence.

23      The breadth of the request, as phrased would also potentially call for

24  proprietary information of Responding Party.  Responding Party asserts to the fullest

25  extent of the law its attorney-client privilege and confidential proprietary privileges.

26      Notwithstanding said objections, and subject thereto responding party

27  responds as follows:

28      Responding Party is not in the possession, custody or control of responsive

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  documents.

2  **REQUEST FOR PRODUCTION NO. 61:**

3      ALL GRIEVANCES filed by INCARCERATED PERSONS on any issued

4  RELATED TO HEALTH CARE at the JAIL.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

6      OBJECTION:

7      Overbroad, Vague and ambiguous.

8      Further, as phrased, this request potentially requests communications that

9  would be protected for disclosure pursuant to attorney-client and attorney work

10 product privileges.  It is responding party's understanding from meet and confer

11 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

12 correspondence.

13     The breadth of the request, as phrased would also potentially call for

14 proprietary information of Responding Party.  Responding Party asserts to the fullest

15 extent of the law its attorney-client privilege and confidential proprietary privileges.

16     Notwithstanding said objections, and subject thereto responding party

17 responds as follows:

18     Responding Party is not in the possession, custody or control of responsive

19 documents.

20 **REQUEST FOR PRODUCTION NO. 62:**

21     ALL responses to GRIEVANCES filed by INCARCERATED PERSONS on

22 any issued RELATED TO HEALTH CARE at the JAIL.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

24     OBJECTION:

25     Overbroad, Vague and ambiguous.

26     Further, as phrased, this request potentially requests communications that

27 would be protected for disclosure pursuant to attorney-client and attorney work

28 product privileges.  It is responding party's understanding from meet and confer

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

1  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

2  correspondence.

3      The breadth of the request, as phrased would also potentially call for

4  proprietary information of Responding Party.  Responding Party asserts to the fullest

5  extent of the law its attorney-client privilege and confidential proprietary privileges.

6      Notwithstanding said objections, and subject thereto responding party

7  responds as follows:

8      Responding Party is not in the possession, custody or control of responsive

9  documents.

10  **REQUEST FOR PRODUCTION NO. 63:**

11      ALL DOCUMENTS RELATED TO inspections of HEALTH CARE

12  facilities or practices at the JAIL by an entity other than YOU.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

14      OBJECTION:

15      Overbroad, Vague and ambiguous.

16      Further, as phrased, this request potentially requests communications that

17  would be protected for disclosure pursuant to attorney-client and attorney work

18  product privileges.  It is responding party's understanding from meet and confer

19  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

20  correspondence.

21      The breadth of the request, as phrased would also potentially call for

22  proprietary information of Responding Party.  Responding Party asserts to the fullest

23  extent of the law its attorney-client privilege and confidential proprietary privileges.

24      Notwithstanding said objections, and subject thereto responding party

25  responds as follows:

26      Responding Party produces Exhibit A, attached hereto.  Specifically, see

27  index nos. 44-53; 55-56; and given the broad nature of the request refers

28  Propounding Party to the entirety of Exhibit A.

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  **REQUEST FOR PRODUCTION NO. 64:**

2      ALL court orders requiring HEALTH CARE for INCARCERATED

3  PEOPLE at the JAIL.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

5      OBJECTION:

6      Overbroad, Vague and ambiguous.

7      Notwithstanding said objections, and subject thereto responding party

8  responds as follows:

9      Responding Party is not in the possession, custody or control of responsive

10  documents.

11  **REQUEST FOR PRODUCTION NO. 65:**

12      ALL DOCUMENTS RELATING to court orders requiring HEALTH CARE

13  for INCARCERATED PEOPLE at the JAIL.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

15      OBJECTION:

16      Overbroad, Vague and ambiguous.

17      Notwithstanding said objections, and subject thereto responding party

18  responds as follows:

19      Responding Party is not in the possession, custody or control of responsive

20  documents.

21  **REQUEST FOR PRODUCTION NO. 66:**

22      ALL STAFFING PLANS RELATING TO the JAIL.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

24      OBJECTION:

25      Overbroad, Vague and ambiguous as to "STAFFING PLANS".

26      Further, as phrased, this request potentially requests communications that

27  would be protected for disclosure pursuant to attorney-client and attorney work

28  product privileges.  It is responding party's understanding from meet and confer

4873-2654-7233.1

50

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

2  correspondence.

3       The breadth of the request, as phrased would also potentially call for

4  proprietary information of Responding Party.  Responding Party asserts to the fullest

5  extent of the law its attorney-client privilege and confidential proprietary privileges.

6       Notwithstanding said objections, and subject thereto responding party

7  responds as follows:

8       Responding Party produces Exhibit A, attached hereto.  Specifically, see

9  index nos. 1-8 and given the broad nature of the request refers Propounding Party to

10  the entirety of Exhibit A.

11  **REQUEST FOR PRODUCTION NO. 67:**

12       DOCUMENTS sufficient to show monthly staffing levels at the JAIL from

13  June 1, 2022 to the present.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

15       OBJECTION:

16       Overbroad, Vague and ambiguous.

17       Further, as phrased, this request potentially requests communications that

18  would be protected for disclosure pursuant to attorney-client and attorney work

19  product privileges.  It is responding party's understanding from meet and confer

20  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

21  correspondence.

22       The breadth of the request, as phrased would also potentially call for

23  proprietary information of Responding Party.  Responding Party asserts to the fullest

24  extent of the law its attorney-client privilege and confidential proprietary privileges.

25       Notwithstanding said objections, and subject thereto responding party

26  responds as follows:

27       Responding Party produces Exhibit A, attached hereto.  Specifically, see

28  index nos. 38-42; and given the broad nature of the request refers Propounding Party

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1 to the entirety of Exhibit A.

2 **REQUEST FOR PRODUCTION NO. 68:**

3 ALL DOCUMENTS RELATING TO the analysis, study, or ADEQUACY of

4 staffing at the JAIL.

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

6 OBJECTION:

7 Overbroad, Vague and ambiguous.

8 Further, as phrased, this request potentially requests communications that

9 would be protected for disclosure pursuant to attorney-client and attorney work

10 product privileges.  It is responding party's understanding from meet and confer

11 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

12 correspondence.

13 The breadth of the request, as phrased would also potentially call for

14 proprietary information of Responding Party.  Responding Party asserts to the fullest

15 extent of the law its attorney-client privilege and confidential proprietary privileges.

16 Notwithstanding said objections, and subject thereto responding party

17 responds as follows:

18 Responding Party is not in the possession, custody or control of responsive

19 documents.

20 **REQUEST FOR PRODUCTION NO. 69:**

21 DOCUMENTS sufficient to show the PROFESSIONAL IDENTITY of ALL

22 NAPHCARE EMPLOYEES who have worked at the JAIL.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

24 OBJECTION:

25 Overbroad, Vague and ambiguous.

26 Further, as phrased, this request potentially requests communications that

27 would be protected for disclosure pursuant to attorney-client and attorney work

28 product privileges.  It is responding party's understanding from meet and confer

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

1  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

2  correspondence.

3      The breadth of the request, as phrased would also potentially call for

4  proprietary information of Responding Party.  Responding Party asserts to the fullest

5  extent of the law its attorney-client privilege and confidential proprietary privileges.

6      Notwithstanding said objections, and subject thereto responding party

7  responds as follows:

8      Responding Party produces Exhibit A, attached hereto.  Specifically, see

9  index nos. 58-59; and given the broad nature of the request refers Propounding Party

10  to the entirety of Exhibit A.

11  **REQUEST FOR PRODUCTION NO. 70:**

12      DOCUMENTS sufficient to show the LICENSING CREDENTIALS of ALL

13  NAPHCARE EMPLOYEES who have worked at the JAIL.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

15      OBJECTION:

16      Overbroad, Vague and ambiguous.

17      Further, as phrased, this request potentially requests communications that

18  would be protected for disclosure pursuant to attorney-client and attorney work

19  product privileges.  It is responding party's understanding from meet and confer

20  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

21  correspondence.

22      The breadth of the request, as phrased would also potentially call for

23  proprietary information of Responding Party.  Responding Party asserts to the fullest

24  extent of the law its attorney-client privilege and confidential proprietary privileges.

25      Notwithstanding said objections, and subject thereto responding party

26  responds as follows:

27      Responding Party produces Exhibit A, attached hereto.  Specifically, see

28  index nos. 58-59; and given the broad nature of the request refers Propounding Party

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  to the entirety of Exhibit A.

2  **REQUEST FOR PRODUCTION NO. 71:**

3      DOCUMENTS sufficient to show the actual hours worked per month since

4  June 1, 2022 for each NAPHCARE EMPLOYEE at the JAIL.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

6      OBJECTION:

7      Overbroad, Vague and ambiguous.

8      Further, as phrased, this request potentially requests communications that

9  would be protected for disclosure pursuant to attorney-client and attorney work

10  product privileges.  It is responding party's understanding from meet and confer

11  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

12  correspondence.

13      The breadth of the request, as phrased would also potentially call for

14  proprietary information of Responding Party.  Responding Party asserts to the fullest

15  extent of the law its attorney-client privilege and confidential proprietary privileges.

16      Notwithstanding said objections, and subject thereto responding party

17  responds as follows:

18      Responding Party produces Exhibit A, attached hereto.  Specifically, see

19  index nos. 38-42; and given the broad nature of the request refers Propounding Party

20  to the entirety of Exhibit A.

21  **REQUEST FOR PRODUCTION NO. 72:**

22      ALL NAPHCARE ORGANIZATIONAL CHARTS from June 1, 2022 to the

23  present.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72:**

25      OBJECTION:

26      Overbroad, Vague and ambiguous.

27      Further, as phrased, this request potentially requests communications that

28  would be protected for disclosure pursuant to attorney-client and attorney work

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

1  product privileges.  It is responding party's understanding from meet and confer

2  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

3  correspondence.

4      The breadth of the request, as phrased would also potentially call for

5  proprietary information of Responding Party.  Responding Party asserts to the fullest

6  extent of the law its attorney-client privilege and confidential proprietary privileges.

7      Notwithstanding said objections, and subject thereto responding party

8  responds as follows:

9      Responding Party produces Exhibit A, attached hereto.  Specifically, see

10  index nos. 58-59; and given the broad nature of the request refers Propounding Party

11  to the entirety of Exhibit A.

12  **REQUEST FOR PRODUCTION NO. 73:**

13      ALL DOCUMENTS that YOU sent to or received from Julian Martinez from

14  June 1, 2022 to the present.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 73:**

16      OBJECTION:

17      Overbroad, Vague and ambiguous as to who Julian Martinez is.

18      Further, as phrased, this request potentially requests communications that

19  would be protected for disclosure pursuant to attorney-client and attorney work

20  product privileges.  It is responding party's understanding from meet and confer

21  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

22  correspondence.

23      The breadth of the request, as phrased would also potentially call for

24  proprietary information of Responding Party.  Responding Party asserts to the fullest

25  extent of the law its attorney-client privilege and confidential proprietary privileges.

26      Notwithstanding said objections, and subject thereto responding party

27  responds as follows:

28      Responding Party is not the possession, custody or control of any responsive

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  documents.

2  **REQUEST FOR PRODUCTION NO. 74:**

3      ALL minutes from QUALITY ASSURANCE MEETINGS RELATING TO

4  the JAIL.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

6      OBJECTION:

7      Overbroad, Vague and ambiguous.

8      Further, as phrased, this request potentially requests communications that

9  would be protected for disclosure pursuant to attorney-client and attorney work

10 product privileges.  It is responding party's understanding from meet and confer

11 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

12 correspondence.

13     The breadth of the request, as phrased would also potentially call for

14 proprietary information of Responding Party.  Responding Party asserts to the fullest

15 extent of the law its attorney-client privilege and confidential proprietary privileges.

16     Notwithstanding said objections, and subject thereto responding party

17 responds as follows:

18     Responding Party is not in the possession, custody or control of any

19 responsive documents.

20 **REQUEST FOR PRODUCTION NO. 75:**

21     ALL Standards Reports RELATING TO the JAIL.

22 **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

23     OBJECTION:

24     Overbroad, Vague and ambiguous.

25     Further, as phrased, this request potentially requests communications that

26 would be protected for disclosure pursuant to attorney-client and attorney work

27 product privileges.  It is responding party's understanding from meet and confer

28 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

1  correspondence.

2      The breadth of the request, as phrased would also potentially call for

3  proprietary information of Responding Party.  Responding Party asserts to the fullest

4  extent of the law its attorney-client privilege and confidential proprietary privileges.

5      Notwithstanding said objections, and subject thereto responding party

6  responds as follows:

7      Responding Party is not in the possession, custody or control of any

8  responsive documents.

9  **REQUEST FOR PRODUCTION NO. 76:**

10      ALL DOCUMENTS RELATING TO the ADEQUACY of the CLINICAL

11  FACILITIES at the JAIL.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

13      OBJECTION:

14      Overbroad, Vague and ambiguous.

15      As phrased, this request potentially requests communications that would be

16  protected for disclosure pursuant to attorney-client and attorney work product

17  privileges.  It is responding party's understanding from meet and confer efforts with

18  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

19      The breadth of the request, as phrased would also potentially call for

20  proprietary information of Responding Party.  Responding Party asserts to the fullest

21  extent of the law its attorney-client privilege and confidential proprietary privileges.

22      Notwithstanding said objections, and subject thereto responding party

23  responds as follows:

24      Responding Party is not in the possession, custody or control of responsive

25  documents.  However, given the potential breadth of the request Responding Party

26  produces Exhibit A, attached hereto.  Specifically, see index nos. 44-53; 55-56 and

27  given the broad nature of the request refers Propounding Party to the entirety of

28  Exhibit A.

4873-2654-7233.1

57

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**REQUEST FOR PRODUCTION NO. 77:**

ALL DOCUMENTS RELATING to DEATHS of people incarcerated at the JAIL from June 1, 2022 to the present..

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

OBJECTION:

Overbroad, Vague and ambiguous.

None of the plaintiffs in this matter are decedents or heirs of decedents. This request violates the privacy rights of third parties and HIPPA rights of third party inmates. Additionally, all death reviews are conducted by the County of San Diego, who maintains the custody, control and possession of said documents. All death reviews conducted by Responding Party are conducted at the direction of counsel and counsel is present at all meetings related to the same. See Privilege Log.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

**REQUEST FOR PRODUCTION NO. 78:**

DOCUMENTS sufficient to show the total annual dollar amount NAPHCARE received from DEFENDANTS from January 1, 2021 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

OBJECTION:

Overbroad, Vague and ambiguous.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS**

1  product privileges. It is responding party's understanding from meet and confer

2  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

3  correspondence.

4       The breadth of the request, as phrased would also potentially call for

5  proprietary information of Responding Party. Responding Party asserts to the fullest

6  extent of the law its attorney-client privilege and confidential proprietary privileges.

7       Notwithstanding said objections, and subject thereto responding party

8  responds as follows:

9       Responding Party produces Exhibit A, specifically index nos. 1-8 and given

10 the breadth of the request, see Exhibit A.

11 **REQUEST FOR PRODUCTION NO. 79:**

12      DOCUMENTS sufficient to show the total annual REVENUE NAPHCARE

13 received under its CONTRACT with DEFENDANTS from January 1, 2021 to the

14 present.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

16      OBJECTION:

17      Overbroad, Vague and ambiguous.

18      Further, as phrased, this request potentially requests communications that

19 would be protected for disclosure pursuant to attorney-client and attorney work

20 product privileges. It is responding party's understanding from meet and confer

21 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

22 correspondence.

23      The breadth of the request, as phrased would also potentially call for

24 proprietary information of Responding Party. Responding Party asserts to the fullest

25 extent of the law its attorney-client privilege and confidential proprietary privileges.

26      Notwithstanding said objections, and subject thereto responding party

27 responds as follows:

28      Responding Party produces Exhibit A, specifically index nos. 1-8 and given

4873-2654-7233.1

59

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1 | the breadth of the request, see Exhibit A.

2 | **REQUEST FOR PRODUCTION NO. 80:**

3 | DOCUMENTS sufficient to show the total annual dollar amount of COSTS

4 | incurred by NAPHCARE to deliver services under its CONTRACT with

5 | DEFENDANTS.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

7 | OBJECTION:

8 | Overbroad, Vague and ambiguous.

9 | Further, as phrased, this request potentially requests communications that

10 | would be protected for disclosure pursuant to attorney-client and attorney work

11 | product privileges. It is responding party's understanding from meet and confer

12 | efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

13 | correspondence.

14 | The breadth of the request, as phrased would also calls for proprietary

15 | information of Responding Party and by deduction seeks the profits made by

16 | Responding Party which is irrelevant, and not subject to Rule 26 disclosure. See

17 | Privilege Log. Responding Party asserts to the fullest extent of the law its attorney-

18 | client privilege and confidential proprietary privileges.

19 | **REQUEST FOR PRODUCTION NO. 81:**

20 | DOCUMENTS sufficient to show the total annual NET INCOME

21 | NAPHCARE received under its CONTRACT with DEFENDANTS from January 1,

22 | 2021 to the present.

23 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

24 | OBJECTION:

25 | Overbroad, Vague and ambiguous.

26 | Further, as phrased, this request potentially requests communications that

27 | would be protected for disclosure pursuant to attorney-client and attorney work

28 | product privileges. It is responding party's understanding from meet and confer

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

2  correspondence.

3       The breadth of the request, as phrased would also potentially call for

4  proprietary information of Responding Party.  Responding Party asserts to the fullest

5  extent of the law its attorney-client privilege and confidential proprietary privileges.

6       Notwithstanding said objections, and subject thereto responding party

7  responds as follows:

8       Responding Party produces Exhibit A, specifically index nos. 1-8 and given

9  the breadth of the request, see Exhibit A.

10 **REQUEST FOR PRODUCTION NO. 82:**

11      DOCUMENTS sufficient to identify ALL electronic medical record system(s)

12 NAPHCARE utilizes to maintain HEALTH INFORMATION at the JAIL.

13 **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

14      OBJECTION:

15      Overbroad, Vague and ambiguous.

16      Further, as phrased, this request potentially requests communications that

17 would be protected for disclosure pursuant to attorney-client and attorney work

18 product privileges.  It is responding party's understanding from meet and confer

19 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

20 correspondence.

21      The breadth of the request, as phrased would also potentially call for

22 proprietary information of Responding Party.  Responding Party asserts to the fullest

23 extent of the law its attorney-client privilege and confidential proprietary privileges.

24      Notwithstanding said objections, and subject thereto responding party

25 responds as follows:

26      Responding Party produces Exhibit A, specifically index nos. 1-8 and given

27 the breadth of the request, see Exhibit A.

28

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  **REQUEST FOR PRODUCTION NO. 83:**

2      DOCUMENTS sufficient to identify ALL tracking and/or scheduling systems

3  NAPHCARE utilizes to deliver HEALTH CARE at the JAIL.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

5      OBJECTION:

6      Overbroad, Vague and ambiguous.

7      Further, as phrased, this request potentially requests communications that

8  would be protected for disclosure pursuant to attorney-client and attorney work

9  product privileges.  It is responding party's understanding from meet and confer

10  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

11  correspondence.

12      The breadth of the request, as phrased would also potentially call for

13  proprietary information of Responding Party.  Responding Party asserts to the fullest

14  extent of the law its attorney-client privilege and confidential proprietary privileges.

15      Notwithstanding said objections, and subject thereto responding party

16  responds as follows:

17      Responding Party produces Exhibit A, specifically index nos. 1-8 and given

18  the breadth of the request, see Exhibit A.

19  **REQUEST FOR PRODUCTION NO. 84:**

20      ALL DOCUMENTS RELATING TO formal and informal HEALTH CARE

21  training provided to HEALTH CARE STAFF, including but not limited to training

22  RELATING TO (a) the provision of HEALTH CARE, (b) administrative

23  responsibilities RELATING TO the provision of HEALTH CARE, (c) the

24  processing of sick call requests, and (d) POLICIES AND PROCEDURES to ensure

25  that INCARCERATED PERSONS have access to HEALTH CARE.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

27      OBJECTION:

28      Overbroad, Vague and ambiguous.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    Further, as phrased, this request potentially requests communications that

2  would be protected for disclosure pursuant to attorney-client and attorney work

3  product privileges.  It is responding party's understanding from meet and confer

4  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

5  correspondence.

6    The breadth of the request, as phrased calls for proprietary training material

7  and information of Responding Party.  Responding Party asserts to the fullest extent

8  of the law its attorney-client privilege and confidential proprietary privileges.  See

9  privilege log.

10    Notwithstanding said objections, and subject thereto responding party

11  responds as follows:

12    The parties have met and conferred and plaintiffs have agreed to accept a list

13  of training received.  Responding Party produces Exhibit A without a waiver of its

14  privilege objection.

15  **REQUEST FOR PRODUCTION NO. 85:**

16    ALL DOCUMENTS RELATING TO monitoring and/or auditing of

17  HEALTH CARE provided to INCARCERATED PERSONS, including but not

18  limited to, quality improvement, quality assurance or clinical performance reviews,

19  peer reviews, in-service trainings, internal or external audits, technical assistance

20  reports, accreditations, contract monitoring reports, minutes from QUALITY

21  ASSURANCE MEETINGS, and HEALTH CARE record reviews, from June 1,

22  2021 to the present.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

24    OBJECTION:

25    Overbroad, Vague and ambiguous.

26    Further, as phrased, this request potentially requests communications that

27  would be protected for disclosure pursuant to attorney-client and attorney work

28  product privileges.  It is responding party's understanding from meet and confer

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

2  correspondence.

3      The breadth of the request, as phrased would also potentially call for

4  proprietary information of Responding Party.  Responding Party asserts to the fullest

5  extent of the law its attorney-client privilege and confidential proprietary privileges.

6      Notwithstanding said objections, and subject thereto responding party

7  responds as follows:

8      Responding Party is informed and believes that responsive documents are in

9  the custody, possession and control of County of San Diego.  However, given the

10 breadth and ambiguity of the request Responding Party produces Exhibit A.

11 **REQUEST FOR PRODUCTION NO. 86:**

12     ALL DOCUMENTS RELATING TO disciplinary actions taken with respect

13 to a NAPHCARE EMPLOYEE who worked at the JAIL from June 1, 2022 to the

14 present.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

16     OBJECTION:

17     Overbroad, Vague and ambiguous.

18     As phrased, this request requests communications that would be protected for

19 disclosure pursuant to attorney-client and attorney work product privileges.  It is

20 responding party's understanding from meet and confer efforts with plaintiffs'

21 counsel that plaintiffs are not requesting attorney-client correspondence.

22     This request violates the privacy rights of third party employees and is

23 overbroad in that it is not limited to disciplinary actions related to Health Care

24 services provided at the subject facilities.  See privilege log.

25     The breadth of the request, as phrased would also potentially call for

26 proprietary information of Responding Party.  Responding Party asserts to the fullest

27 extent of the law its attorney-client privilege and confidential proprietary privileges.

28     Notwithstanding said objections, and subject thereto responding party

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS**

1  responds as follows:

2      No responsive documents as it relates to health care services provides at the

3  County of San Diego facilities exist.  See Privilege Log.

4  **REQUEST FOR PRODUCTION NO. 87:**

5      ALL POLICIES AND PROCEDURES RELATING TO YOUR document

6  preservation practices.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

8      OBJECTION:

9      Overbroad, Vague and ambiguous.

10     Further, as phrased, this request potentially requests communications that

11 would be protected for disclosure pursuant to attorney-client and attorney work

12 product privileges.  It is responding party's understanding from meet and confer

13 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

14 correspondence.

15     The breadth of the request, as phrased would also potentially call for

16 proprietary information of Responding Party.  Responding Party asserts to the fullest

17 extent of the law its attorney-client privilege and confidential proprietary privileges.

18     Notwithstanding said objections, and subject thereto responding party

19 responds as follows:

20     Responding Party produces Exhibit A, specifically index no. 11 and given the

21 breadth of the request, see Exhibit A.

22 **REQUEST FOR PRODUCTION NO. 88:**

23     ALL POLICIES AND PROCEDURES RELATING TO HEALTH

24 INFORMATION management, including but not limited to YOUR electronic

25 document and medical records systems and maintaining the confidentiality of

26 INCARCERATED PERSONS' HEALTH INFORMATION.

27 **RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

28     OBJECTION:

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    Overbroad, Vague and ambiguous.

2        Further, as phrased, this request potentially requests communications that

3    would be protected for disclosure pursuant to attorney-client and attorney work

4    product privileges.  It is responding party's understanding from meet and confer

5    efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

6    correspondence.

7        The breadth of the request, as phrased would also potentially call for

8    proprietary information of Responding Party.  Responding Party asserts to the fullest

9    extent of the law its attorney-client privilege and confidential proprietary privileges.

10       Notwithstanding said objections, and subject thereto responding party

11   responds as follows:

12       Responding Party produces Exhibit A, specifically index nos. 9-13 and given

13   the breadth of the request, see Exhibit A.

14

15   DATED:  October 2, 2023          **MANNING & KASS**

16                                    **ELLROD, RAMIREZ, TRESTER LLP**

17

18                                    By: _____/s/ G. Craig Smith_____

19                                        Eugene P. Ramirez
                                         G. Craig Smith
20                                       Attorneys for NAPHCARE OF SAN
21                                       DIEGO LLC

22

23

24

25

26

27

28

**THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF
DOCUMENTS ISSUED BY PLAINTIFFS**

EXHIBIT A

# DUNSMORE, ET AL. V. SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, ET AL.

# PRIVILEGE LOG

### DEFENDANT'S RRFP – DOCUMENTS LIST

PRIVILEGES/OBJECTIONS ASSERTION: Notwithstanding any production by defendant of any of the documents identified herein below, defendant incorporates by reference here, as to each and all of the documents identified herein below, all of the objections and privileges asserted in defendant's responses to plaintiff's set one requests for production, including but not limited to: the California official information privilege and related police officer personnel records privileges pursuant to California Penal Code sections 832.7 and 832.8 as well as California Evidence Code sections 1040, 1043, and 1045 and the associated case law; the police officer personnel records privileges under California Penal Code section 832.7(b) and/or California Evidence Code section 1045; and the federal and California constitutional right to privacy, to the fullest extent applicable.

| NO: | DOCUMENTS: |
|-----|------------|
| 1. | Consolidated Healthcare Delivery Contract. County of San Diego and Naphcare, Inc. Contract No. 566117. 04/26/22. Bates: **[NAPHCARE000001-000137 ]** |
| 2. | Electronic Medical Records System Agreement. County of San Diego and Naphcare, Inc. Contract No. 558056. 08/02/18. Bates: **[NAPHCARE000138-446]** |
| 3. | Department of Purchasing and Contracting. Contract No. 558056. Amendment 1. County of San Diego and Naphcare, Inc. 01/24/20. Bates: **[NAPHCARE000447-448]** |
| 4. | Language Line Services, Inc. Contract with Naphcare. 03/20/19. Bates: **[NAPHCARE000449-459]** |

| 5. | Laboratory Services Agreement Between Naphcare of San Diego, LLC and Quest Diagnostics. 05/27/22. |
| | Bates: **[NAPHCARE000460-482]** |
| 6. | Laboratory Services Agreement Between Naphcare of San Diego, LLC and Quest Diagnostics. Amendment. 08/22/22. |
| | Bates: **[NAPHCARE000483-497]** |
| 7. | Pharmacy Auditor Professional Services Agreement. |
| | Bates: **[NAPHCARE000498-541]** |
| 8. | Consolidated Healthcare Delivery Contract. |
| | County of San Diego and Naphcare, Inc. Contract No. 566117. 04/26/22. |
| | Bates: **[NAPHCARE000542-678]** |
| 9. | County of San Diego Health Care Policy and Procedure Manual. |
| | Bates: **[NAPHCARE000679-1030]** |
| 10. | Naphcare and San Diego County Health Care Policy and Procedure Manual. 06/02/22. 001. |
| | Bates: **[NAPHCARE001031-1283]** |
| 11. | Naphcare, Inc. Record Retention Schedule Policy. 2021. |
| | Bates: **[NAPHCARE001284-1287]** |
| 12. | Naphcare and San Diego County Health Care Policy and Procedure Manual. 06/02/22. 002. |
| | Bates: **[NAPHCARE001288-1540]** |
| 13. | Naphcare Full San Diego Policy Manual (With Site Addendums) |
| | Bates: **[NAPHCARE001541-1892]** |
| 14. | NaphCare, Inc. Correspondence. re COSD Request for Proposals—Sheriff's Department Consolidated Health Care Delivery. 07/19/21. |
| | Bates: **[NAPHCARE001893]** |
| 15. | COSD Correspondence re Request for Proposals—Sheriff's Department Consolidated Health Care Delivery. 04/05/21. |
| | Bates: **[NAPHCARE001894-1979]** |
| 16. | COSD Correspondence re Request for Proposals. Addendum No. 04. 04/16/21. |
| | Bates: **[NAPHCARE001980-1982]** |

| 17. | COSD—Request for Proposals. Attachment A. Statement of Objectives—Addendum 5. Bates: **[NAPHCARE001983-2003]** |
|---|---|
| 18. | COSD Correspondence re Request for Proposals—Addendum No. 7. 04/30/21. Bates: **[NAPHCARE002004-2015]** |
| 19. | COSD Correspondence re Request for Proposals—Addendum No. 8. 05/12/21. Bates: **[NAPHCARE002016-2022]** |
| 20. | Naphcare. Utilization Management Policy. 2023. Bates: **[NAPHCARE002023]** |
| 21. | Email Corr. re SDCJ Folder. 07/13/23. Bates: **[NAPHCARE015427-15428]** |
| 22. | Email Corr. re Sharefile Activity Notification. 06/14/23. Bates: **[NAPHCARE015429-15431]** |
| 23. | Email Corr. re NCCHS Folders Sampe. 06/14/23. Bates: **[NAPHCARE015432-15433]** |
| 24. | Email Corr. re Medical Services Share Folder. 06/16/23. Bates: **[NAPHCARE015434-15435]** |
| 25. | Email Corr. re ShareFile Confirmation Email. 06/15/23. Bates: **[NAPHCARE015436-15437]** |
| 26. | Email Corr. re Sharefile Folder. 06/16/23. Bates: **[NAPHCARE015438-15440]** |
| 27. | Email Corr. re Policies. 06/15/23. Bates: **[NAPHCARE015441-15442]** |
| 28. | Email Corr. re File Request. 06/14/23. Bates: **[NAPHCARE015443-15444]** |
| 29. | Email Corr. re Section A. 06/13/23. Bates: **[NAPHCARE015445-15446]** |
| 30. | Email Corr. re SD P&P. 06/08/23. Bates: **[NAPHCARE015447-15451]** |

| 31. | Email Corr. re SD P&P. 06/07/23. 001.<br>Bates: **[NAPHCARE015452-15456]** |
|---|---|
| 32. | Email Corr. re SD P&P. 06/07/23. 002.<br>Bates: **[NAPHCARE015457-15460]** |
| 33. | Email Corr. re SD P&P. 06/07/23. 003.<br>Bates: **[NAPHCARE015461-15464]** |
| 34. | Email Corr. re SD P&P. 06/07/23. 004.<br>Bates: **[NAPHCARE015465-15468]** |
| 35. | Email Corr. re. NCCHC Folders Sample. 05/15/23.<br>Bates: **[NAPHCARE015469-15470]** |
| 36. | Email Corr. re SD P&P. 06/18/23.<br>Bates: **[NAPHCARE015471-15476]** |
| 37. | Redacted Sick Calls<br>Bates: **[NAPHCARE002024-9637]** |
| 38. | Time Detail. Employee Borquez, Randolph Anthony. 01/01/23-09/14/23.<br>Bates: **[NAPHCARE009638-9639]** |
| 39. | Time Detail. Employee Patel, Divya. 01/01/23-09/14/23.<br>Bates: **[NAPHCARE009640-9653]** |
| 40. | Time Detail. Employee Polanco, Justin D. 01/01/23-09/14/23.<br>Bates: **[NAPHCARE009654-9664]** |
| 41. | Time Detail. Employee Epps-Robbins, De'Andra Colette. 01/01/23-09/14/23.<br>Bates: **[NAPHCARE009665-9690]** |
| 42. | Time Detail. Employee Panganiban, Destiny Monique. 01/01/23-09/14/23.<br>Bates: **[NAPHCARE009691-9702]** |
| 43. | Dental Equipment.<br>Bates: **[NAPHCARE009703]** |
| 44. | Naphcare, Inc. Pharmacist Inspection Report. San Diego Central. 2022.<br>Bates: **[NAPHCARE009704-9721]** |

| 45. | Naphcare, Inc. Pharmacist Inspection Report. San Diego Central. 2023. <br> Bates: **[NAPHCARE009622-9739]** |
|---|---|
| 46. | Naphcare, Inc. Pharmacist Inspection Report. Vista. 2022. <br> Bates: **[NAPHCARE009740-9751]** |
| 47. | Naphcare, Inc. Pharmacist Inspection Report. Vista. 2023. <br> Bates: **[NAPHCARE009752-9763]** |
| 48. | Naphcare, Inc. Pharmacist Inspection Report. East Mesa. 2022. <br> Bates: **[NAPHCARE009764-9775]** |
| 49. | Naphcare, Inc. Pharmacist Inspection Report. East Mesa. 2023. <br> Bates: **[NAPHCARE009776-9787]** |
| 50. | Naphcare, Inc. Pharmacist Inspection Report. George Bailey. 2022. <br> Bates: **[NAPHCARE009788-9805]** |
| 51. | Naphcare, Inc. Pharmacist Inspection Report. George Bailey. 2023. <br> Bates: **[NAPHCARE009806-9817]** |
| 52. | Naphcare, Inc. Pharmacist Inspection Report. Los Colinas. 2022. <br> Bates: **[NAPHCARE009818-9835]** |
| 53. | Naphcare, Inc. Pharmacist Inspection Report. Los Colinas. 2023. <br> Bates: **[NAPHCARE009836-9847]** |
| 54. | Dates of Incarceration <br> Bates: **[NAPHCARE009848-9849]** |
| 55. | HSR Infection Control. San Diego. 01/22-12/22. <br> Bates: **[NAPHCARE009850-9888]** |
| 56. | HSR Infection Control. San Diego. 01/23-07/23. <br> Bates: **[NAPHCARE009889-9914]** |
| 57. | Time Detail Report. CA San Diego. <br> Bates: **[NAPHCARE009915-12714]** |
| 58. | San Diego Naphcare Roster <br> Bates: **[NAPHCARE012715-12741]** |

| 59. | San Diego Full Report. 01/01/22-Present. <br> Bates: **[NAPHCARE012742-13137]** |
|---|---|
| 60. | Dental Appointments Report. <br> Bates: **[NAPHCARE013138-15426]** |
| 61. | Privilege Log: (1) In Custody Death Reviews.  Privilege: Attorney Client Privilege/Attorney Work Product.  All in custody death reviews are done at the direction of responding party's counsel and all meetings are attended by counsel. |
| 62. | Privilege Log: (2) Individual Medical Records of Inmates.  Privilege: Privacy Rights of Thousands of Third Party inmates.  HIPPA privacy rights.  No waiver or authorization from each inmate has been received. |
| 63. | Privilege Log: (3) Training Materials of Responding Party: Privilege: Attorney Client Privilege/Attorney Work Product and Proprietary Information.  The material is extensive in nature, has been prepared in house by Responding Party and gives Responding Party a competitive edge over competitors. |
| 64. | Privilege Log: (4) Non Health Care Related Disciplinary Records: Privilege: Privacy Rights of Third Party Employees |
| 65. | Privilege Log: (5) Document Evidencing Costs of Responding Party/Profits: Privilege: Proprietary Information of Responding Party that is not relevant to any claim or defense of the parties and is proprietary in nature in that it provides competitive advantages over competitors. |

# <u>CERTIFICATE OF SERVICE</u>

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 695 Town Center Drive, Suite 400, Costa Mesa, CA 92626.

On October 2, 2023, I served true copies of the following document(s) described as **THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS** on the interested parties in this action as follows:

Van Swearingen, Esq.
Priyah Kaul, Esq.
ROSEN BIEN GALVAN &
GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105-1738
Tel: (415) 433-6830
vswearingen@rbgg.com
pkaul@rbgg.com

*Counsel for Plaintiff,*
*DARRYL DUNSMORE*

☒   **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address diane.esparza@manningkass.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted at or before 5:00 p.m. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 2, 2023, at Foothill Ranch, California.

_/s/ Diane Esparza_____
Diane Esparza

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law