EXHIBIT "F"

1  Eugene P. Ramirez (State Bar No. 134865)
    *epr@manningllp.com*
2  Craig Smith (State Bar No. 265676)
    *gcs@manningllp.com*
3  **MANNING & KASS**
    **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
    Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
    Facsimile: (213) 624-6999
6
7  Attorneys for Third Party, NAPHCARE
    OF SAN DIEGO LLC

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA,**

10

11  DARRYL DUNSMORE, ANDREE          Case No. 3:20-cv-00406-AJB-DDL
    ANDRADE, ERNEST ARCHULETA,
12  JAMES CLARK, ANTHONY             *[Assigned to the Honorable District*
    EDWARDS, LISA LANDERS,           *Judge Anthony J. Battaglia, Magistrate*
13  REANNA LEVY, JOSUE LOPEZ,        *Judge, David D. Leshner]*
    CHRISTOPHER NELSON,
14  CHRISTOPHER NORWOOD, JESSE
    OLIVARES, GUSTAVO                **NAPHCARE OF SAN DIEGO**
15  SEPULVEDA, MICHAEL TAYLOR,       **LLC'S SUPPLEMENTAL**
    and LAURA ZOERNER, on behalf of  **RESPONSE TO SUBPOENA FOR**
16  themselves and all others similarly **PRODUCTION OF DOCUMENTS**
    situated,                        **ISSUED BY PLAINTIFFS**
17            Plaintiffs,
18       v.
19  SAN DIEGO COUNTY SHERIFF'S       *Complaint Filed:   01/08/2021*
    DEPARTMENT, COUNTY OF SAN
20  DIEGO, SAN DIEGO COUNTY
    PROBATION DEPARTMENT, and
21  DOES 1 to 20, inclusive,
            Defendants.
22

23  PROPOUNDING PARTY:  Plaintiffs

24  RESPONDING PARTY:     NaphCare of San Diego LLC

25  SET NO.:              One

26       Pursuant to Federal Rule of Civil Procedure 45 and 26, NaphCare of San

27  Diego LLC ("Responding Party") submits these responses and objections to the

28  Subpoena for Production of Documents propounded by Plaintiffs ("Propounding

4873-2654-7233.1                        1
**NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION
OF DOCUMENTS ISSUED BY PLAINTIFFS**

1  Party").

2  **PRELIMINARY STATEMENT**

3  Responding Party has not completed his investigation of the facts relating to

4  this case, his discovery or his preparation for trial. All responses and objections

5  contained herein are based only upon information that is presently available to and

6  specifically known by Responding Party. It is anticipated that further discovery,

7  independent investigation, legal research and analysis will supply additional facts

8  and add meaning to known facts, as well as establish entirely new factual

9  conclusions and legal contentions, all of which may lead to substantial additions to,

10  changes in and variations from the responses set forth herein.

11  These responses, while based on diligent inquiry and investigation by

12  Responding Party, reflect only the current state of Responding Party's knowledge,

13  understanding, and belief, based upon the information reasonably available to him at

14  this time. As this action proceeds, and further investigation and discovery are

15  conducted, additional or different facts and information could be revealed to

16  Responding Party. Moreover, Responding Party anticipates that Propounding Party

17  may make legal or factual contentions presently unknown to and unforeseen by

18  Responding Party which may require Responding Party to adduce further facts and

19  supplement this production. Without in any way obligating itself to do so,

20  Responding Party reserves the right to modify, supplement, revise, or amend these

21  responses, and to correct any inadvertent errors or omissions which may be

22  contained herein, in light of the information that Responding Party may

23  subsequently obtain or discover.

24  Moreover, these responses and objections are being made after multiple meet

25  and confer conferences with plaintiffs' counsel and is based upon Responding

26  Party's understanding of the broad, vague and ambiguous nature of the responses

27  and with reservation of objections of attorney-client privilege, proprietary

28  privileges, the rights of third party individuals to privacy which have been preserved

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

by agreement and in lieu of Responding Party filing a motion to quash the subpoena.

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's requests.

Each of the following responses is made solely for the purpose of this action.

The following objections and responses are made without prejudice to Responding Party's right to modify and amend any and all responses herein as research is completed and contentions are made.

Nothing contained herein is to be construed as a waiver of any attorney-client privilege, work product doctrine, or any other applicable privilege or doctrine.  To the extent any interrogatory may be construed as calling for disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection, a continuing objection to each and every such request is hereby interposed.

**GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION**

Responding Party generally objects to the Requests for Production as follows:

1.      Responding Party objects generally to the Requests for Production to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence;

2.      Responding Party objects generally to the Requests for Production to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding Party, while placing a wholly unwarranted burden and expense on Responding Party in locating, reviewing and producing the requested information;

3.      Responding Party objects generally to the Requests for Production to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them, and to produce documents in accordance therewith, would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Responding Party and great expense to Responding Party, whereas the information sought to be obtained by Propounding Party would be of little use or benefit to Propounding Party;

4.      Responding Party objects generally to the Requests for Production to the extent that they are vague, uncertain, overbroad, and without limitation as to time or specific subject matter;

5.      Responding Party objects generally to the Requests for Production to the extent that they seek information at least some of which is protected by the attorney-client privilege or the attorney work-product doctrine, or both;

6.      Responding Party objects generally to the Requests for Production to the extent that they seek to have Defendant furnish information and identify documents that are a matter of the public record, and therefore are equally available to the Propounding Party as they are to Responding Party; and

7.      Responding Party objects generally to the Requests for Production to the extent that they seek to have Responding Party furnish information and identify documents that are proprietary to Responding Party and contain confidential information.

Without waiver of the foregoing, Responding Party further responds as follows:

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS RELATING TO CONTRACT negotiations between YOU and DEFENDANTS.

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
_____ Attorneys at Law _____

1  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

2      OBJECTION:

3      Overbroad, Vague and ambiguous as to "ALL DOCUMENTS RELATED TO

4  CONTRACT negotiations."

5      Further, as phrased, this request potentially requests communications that

6  would be protected for disclosure pursuant to attorney-client and attorney work

7  product privileges.  It is responding party's understanding from meet and confer

8  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

9  correspondence.

10     The breadth of the request, as phrased would also potentially call for trade

11 secrets and proprietary information of Responding Party.  Responding Party asserts

12 to the fullest extent of the law its attorney-client privilege and confidential trade

13 secret/proprietary privileges.

14     Notwithstanding said objections, and subject thereto responding party

15 responds as follows:

16     Responding party has produced responsive records, Exhibit A, attached hereto

17 which identifies the documents originally produced and the supplemental

18 productions made by Responding Party.  The parties have stipulated that an ESI

19 search with search terms is not required by this request.

20 **REQUEST FOR PRODUCTION NO. 2:**

21     ALL drafts of POLICIES AND PROCEDURES RELATING TO HEALTH

22 CARE at the JAIL.

23 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

24     OBJECTION:

25     Overbroad, Vague and ambiguous as to "drafts".

26     Further, as phrased, this request seeks documents in the custody, control and

27 possession of defendant the County of San Diego and not responding party.

28     As phrased, this request potentially requests communications that would be

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
— Attorneys at Law —

1  protected for disclosure pursuant to attorney-client and attorney work product

2  privileges.  It is responding party's understanding from meet and confer efforts with

3  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

4      The breadth of the request, as phrased would also potentially call for

5  proprietary information of Responding Party.  Responding Party asserts to the fullest

6  extent of the law its attorney-client privilege and confidential proprietary privileges.

7      Notwithstanding said objections, and subject thereto responding party

8  responds as follows:

9      Responding party has produced responsive records, Exhibit A, attached hereto

10  which identifies and produces the documents originally produced and the

11  supplemental productions made by Responding Party.

12  **REQUEST FOR PRODUCTION NO. 3:**

13      ALL DOCUMENTS and minutes RELATING TO meetings attended by

14  HEALTH CARE STAFF or custody staff at which the HEALTH CARE of

15  INCARCERATED PERSONS, HEALTH CARE POLICIES AND PROCEDURES,

16  HEALTH CARE staffing, or ANY issue related to JAIL HEALTH CARE was

17  discussed.

18  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

19      OBJECTION:

20      Overbroad, Vague and ambiguous as to "minutes" RELATING to

21  "meetings".

22      As phrased, this request potentially requests communications that would be

23  protected for disclosure pursuant to attorney-client and attorney work product

24  privileges.  It is responding party's understanding from meet and confer efforts with

25  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

26      The breadth of the request, as phrased would also potentially call for trade

27  secrets and proprietary information of Responding Party.  Responding Party asserts

28  to the fullest extent of the law its attorney-client privilege and confidential trade

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  secrets/proprietary privileges.

2      Notwithstanding said objections, and subject thereto responding party

3  responds as follows:

4      Responding party does not maintain minutes relating to meetings. This

5  request seeks documents, to the extent they exist, in the custody, control and

6  possession of defendant the County of San Diego and not responding party.

7  **REQUEST FOR PRODUCTION NO. 4:**

8      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

9  the provision of medication to INCARCERATED PEOPLE, including both

10  formulary and non-formulary medications.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

12      OBJECTION:

13      Overbroad, Vague and ambiguous as to "ALL DOCUMENTS RELATED TO

14  POLICIES AND PROCEDURES for the provision of medication ".

15      Further, as phrased, this request potentially requests communications that

16  would be protected for disclosure pursuant to attorney-client and attorney work

17  product privileges.  It is responding party's understanding from meet and confer

18  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

19  correspondence.

20      The breadth of the request, as phrased would also potentially call for trade

21  secrets and/or proprietary information of Responding Party.  Responding Party

22  asserts to the fullest extent of the law its attorney-client privilege and confidential

23  trade secret/proprietary privileges.

24      Notwithstanding said objections, and subject thereto responding party

25  responds as follows:

26      Responding party has produced responsive records, Exhibit A, attached hereto

27  which identifies and produces the documents originally produced and the

28  supplemental productions made by Responding Party.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS RELATING TO HEALTH CARE statistics of ANY kind at the JAIL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

OBJECTION:

Overbroad, Vague and ambiguous.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding party has produced responsive records, Exhibit A, attached hereto which identifies and produces the documents originally produced and the supplemental productions made by Responding Party.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for maintaining the privacy of the HEALTH INFORMATION of people incarcerated at the JAIL, including the confidentiality of patient-provider discussions.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

OBJECTION:

Overbroad, Vague and ambiguous.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work

product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary interests.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding party has produced responsive records, Exhibit A, attached hereto which identifies and produces the documents originally produced and the supplemental productions made by Responding Party.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES RELATING TO housing and classification of INCARCERATED PERSON with serious HEALTH CARE issues.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

OBJECTION:

Overbroad, Vague and ambiguous.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party. Responding Party asserts to the fullest

**NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS**

1  extent of the law its attorney-client privilege and confidential proprietary privileges.

2  Notwithstanding said objections, and subject thereto responding party

3  responds as follows:

4  Housing and classification are custody functions. Responding party has

5  produced responsive records, Exhibit A, attached hereto which identifies and

6  produces the documents originally produced and the supplemental productions made

7  by Responding Party.

8  **REQUEST FOR PRODUCTION NO. 8:**

9  ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

10  screening of INCARCERATED PERSONS to identify HEALTH CARE needs.

11  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

12  OBJECTION:

13  Overbroad, Vague and ambiguous.

14  Further, as phrased, this request potentially requests communications that

15  would be protected for disclosure pursuant to attorney-client and attorney work

16  product privileges.  It is responding party's understanding from meet and confer

17  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

18  correspondence.

19  The breadth of the request, as phrased would also potentially call for

20  proprietary information of Responding Party.  Responding Party asserts to the fullest

21  extent of the law its attorney-client privilege and confidential proprietary privileges.

22  Notwithstanding said objections, and subject thereto responding party

23  responds as follows:

24  Responding party has produced responsive records, Exhibit A, attached hereto

25  which identifies and produces the documents originally produced and the

26  supplemental productions made by Responding Party.

27  **REQUEST FOR PRODUCTION NO. 9:**

28  ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  responding to emergency HEALTH CARE needs.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

3      OBJECTION:

4      Overbroad, Vague and ambiguous.

5      As phrased, this request potentially requests communications that would be

6  protected for disclosure pursuant to attorney-client and attorney work product

7  privileges.  It is responding party's understanding from meet and confer efforts with

8  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

9      The breadth of the request, as phrased would also potentially call for

10  proprietary information of Responding Party.  Responding Party asserts to the fullest

11  extent of the law its attorney-client privilege and confidential proprietary privileges.

12      Notwithstanding said objections, and subject thereto responding party

13  responds as follows:

14      Responding party has produced responsive records, Exhibit A, attached hereto

15  which identifies and produces the documents originally produced and the

16  supplemental productions made by Responding Party.

17  **REQUEST FOR PRODUCTION NO. 10:**

18      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

19  access to outside medical facilities, specialists, and follow-up care.

20  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

21      OBJECTION:

22      Overbroad, Vague and ambiguous.

23      As phrased, this request potentially requests communications that would be

24  protected for disclosure pursuant to attorney-client and attorney work product

25  privileges.  It is responding party's understanding from meet and confer efforts with

26  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

27      The breadth of the request, as phrased would also potentially call for

28  proprietary information of Responding Party.  Responding Party asserts to the fullest

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  extent of the law its attorney-client privilege and confidential proprietary privileges.

2      Notwithstanding said objections, and subject thereto responding party

3  responds as follows:

4      Responding party has produced responsive records, Exhibit A, attached hereto

5  which identifies and produces the documents originally produced and the

6  supplemental productions made by Responding Party.

7  **REQUEST FOR PRODUCTION NO. 11:**

8      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

9  governing the provision of prescription medications, medical devices, and medical

10  diets.

11  **SUPPLEMETNAL RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

12      OBJECTION:

13      Overbroad, Vague and ambiguous.

14      As phrased, this request potentially requests communications that would be

15  protected for disclosure pursuant to attorney-client and attorney work product

16  privileges.  It is responding party's understanding from meet and confer efforts with

17  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

18      The breadth of the request, as phrased would also potentially call for

19  proprietary information of Responding Party.  Responding Party asserts to the fullest

20  extent of the law its attorney-client privilege and confidential proprietary privileges.

21      Notwithstanding said objections, and subject thereto responding party

22  responds as follows:

23      Responding party has produced responsive records, Exhibit A, attached hereto

24  which identifies and produces the documents originally produced and the

25  supplemental productions made by Responding Party.

26  **REQUEST FOR PRODUCTION NO. 12:**

27      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

28  governing the treatment and monitoring of INCARCERATED PERSONS with

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1 chronic medical conditions.

2 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

3     OBJECTION:

4     Overbroad, Vague and ambiguous.

5     As phrased, this request potentially requests communications that would be

6 protected for disclosure pursuant to attorney-client and attorney work product

7 privileges.  It is responding party's understanding from meet and confer efforts with

8 plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

9     The breadth of the request, as phrased would also potentially call for

10 proprietary information of Responding Party.  Responding Party asserts to the fullest

11 extent of the law its attorney-client privilege and confidential proprietary privileges.

12     Notwithstanding said objections, and subject thereto responding party

13 responds as follows:

14     Responding party has produced responsive records, Exhibit A, attached hereto

15 which identifies and produces the documents originally produced and the

16 supplemental productions made by Responding Party.

17 **REQUEST FOR PRODUCTION NO. 13:**

18     ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

19 governing the treatment and monitoring of pregnant persons.

20 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

21     OBJECTION:

22     Overbroad, Vague and ambiguous.

23     As phrased, this request potentially requests communications that would be

24 protected for disclosure pursuant to attorney-client and attorney work product

25 privileges.  It is responding party's understanding from meet and confer efforts with

26 plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

27     The breadth of the request, as phrased would also potentially call for

28 proprietary information of Responding Party.  Responding Party asserts to the fullest

1  extent of the law its attorney-client privilege and confidential proprietary privileges.

2  Notwithstanding said objections, and subject thereto responding party

3  responds as follows:

4  Responding party has produced responsive records, Exhibit A, attached hereto

5  which identifies and produces the documents originally produced and the

6  supplemental productions made by Responding Party.

7  **REQUEST FOR PRODUCTION NO. 14:**

8  ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

9  governing the treatment and monitoring of INCARCERATED PERSONS with

10  known or suspected withdrawals from prescription or illegal drugs or substances,

11  including but not limited to medications and alcohol.

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

13  OBJECTION:

14  Overbroad, Vague and ambiguous.

15  As phrased, this request potentially requests communications that would be

16  protected for disclosure pursuant to attorney-client and attorney work product

17  privileges.  It is responding party's understanding from meet and confer efforts with

18  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

19  The breadth of the request, as phrased would also potentially call for

20  proprietary information of Responding Party.  Responding Party asserts to the fullest

21  extent of the law its attorney-client privilege and confidential proprietary privileges.

22  Notwithstanding said objections, and subject thereto responding party

23  responds as follows:

24  Responding party has produced responsive records, Exhibit A, attached hereto

25  which identifies and produces the documents originally produced and the

26  supplemental productions made by Responding Party.

27  **REQUEST FOR PRODUCTION NO. 15:**

28  ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  governing requests for HEALTHCARE ASSISTIVE DEVICES.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

3       OBJECTION:

4       Overbroad, Vague and ambiguous.

5       As phrased, this request potentially requests communications that would be

6  protected for disclosure pursuant to attorney-client and attorney work product

7  privileges.  It is responding party's understanding from meet and confer efforts with

8  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

9       The breadth of the request, as phrased would also potentially call for

10  proprietary information of Responding Party.  Responding Party asserts to the fullest

11  extent of the law its attorney-client privilege and confidential proprietary privileges.

12       Notwithstanding said objections, and subject thereto responding party

13  responds as follows:

14       Responding party has produced responsive records, Exhibit A, attached hereto

15  which identifies and produces the documents originally produced and the

16  supplemental productions made by Responding Party.

17  **REQUEST FOR PRODUCTION NO. 16:**

18       ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

19  governing disagreements between NAPHCARE employees and DEFENDANTS'

20  employees REGARDING HEALTH CARE for INCARCERATED PERSONS.

21  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

22       OBJECTION:

23       Overbroad, Vague and ambiguous.

24       As phrased, this request potentially requests communications that would be

25  protected for disclosure pursuant to attorney-client and attorney work product

26  privileges.  It is responding party's understanding from meet and confer efforts with

27  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

28       The breadth of the request, as phrased would also potentially call for

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
_Attorneys at Law_

1  proprietary information of Responding Party.  Responding Party asserts to the fullest

2  extent of the law its attorney-client privilege and confidential proprietary privileges.

3       Notwithstanding said objections, and subject thereto responding party

4  responds as follows:

5       Responding party has produced responsive records, Exhibit A, attached hereto

6  which identifies and produces the documents originally produced and the

7  supplemental productions made by Responding Party.

8  **REQUEST FOR PRODUCTION NO. 17:**

9       ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

10  governing the continuity of care from the community to the JAIL and from the JAIL

11  to the community.

12  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

13       OBJECTION:

14       Overbroad, Vague and ambiguous.

15       As phrased, this request potentially requests communications that would be

16  protected for disclosure pursuant to attorney-client and attorney work product

17  privileges.  It is responding party's understanding from meet and confer efforts with

18  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

19       The breadth of the request, as phrased would also potentially call for

20  proprietary information of Responding Party.  Responding Party asserts to the fullest

21  extent of the law its attorney-client privilege and confidential proprietary privileges.

22       Notwithstanding said objections, and subject thereto responding party

23  responds as follows:

24       Responding party has produced responsive records, Exhibit A, attached hereto

25  which identifies and produces the documents originally produced and the

26  supplemental productions made by Responding Party.

27  **REQUEST FOR PRODUCTION NO. 18:**

28       ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

4873-2654-7233.1

16

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  governing reviews of in-custody deaths.

2  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

3      OBJECTION:

4      Overbroad, Vague and ambiguous.

5      Further, as phrased, this request seeks documents in the custody, control and
6  possession of defendant the County of San Diego and not responding party.

7      This request seeks communications that would be protected for disclosure
8  pursuant to attorney-client and attorney work product privileges.  It is responding
9  party's understanding from meet and confer efforts with plaintiffs' counsel that
10  plaintiffs are not requesting attorney-client correspondence.

11      The breadth of the request, as phrased would also potentially call for
12  proprietary information of Responding Party.  Responding Party asserts to the fullest
13  extent of the law its attorney-client privilege and confidential proprietary privileges.

14      Notwithstanding said objections, and subject thereto responding party
15  responds as follows:

16      Any discoverable site-level review of in custody deaths would have been
17  conducted by the County of San Diego without NaphCare's participation, and those
18  documents are maintained by the County of San Diego.  The review of in custody
19  deaths done by Responding Party are done without the presence of San Diego
20  County employees, at the direction of counsel, and counsel is present at all
21  meetings.  See privilege log.

22  **REQUEST FOR PRODUCTION NO. 19:**

23      ALL DOCUMENTS RELATING TO the provision of foreign language and
24  sign language interpretation services for INCARCERATED PERSONS whose
25  primary language is not English during visits with HEALTH CARE STAFF.

26  **SUPPLEMETNAL RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

27      OBJECTION:

28      Overbroad, Vague and ambiguous.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
_Attorneys at Law_

As phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for trade secrets and/or proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

Notwithstanding said objections, and subject thereto responding party responds as follows:

Responding party has produced responsive records, Exhibit A, attached hereto which identifies and produces the documents originally produced and the supplemental productions made by Responding Party.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES governing diagnostic or laboratory testing and follow-up for INCARCERATED PERSONS.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

OBJECTION:

Overbroad, Vague and ambiguous.

As phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges. It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for trade secrets and/or proprietary information of Responding Party. Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

1  Notwithstanding said objections, and subject thereto responding party

2  responds as follows:

3  Responding party has produced responsive records, Exhibit A, attached hereto

4  which identifies and produces the documents originally produced and the

5  supplemental productions made by Responding Party.

6  **REQUEST FOR PRODUCTION NO. 21:**

7  ALL DOCUMENTS RELATING TO the housing of INCARCERATED

8  PERSONS with MENTAL DISORDERS or who are receiving mental HEALTH

9  CARE, including but not limited to determinations of need for housing; evaluations

10  of housing; POLICIES AND PROCEDURES for moving INCARCERATED

11  PERSONS to appropriate housing; and requests for funding for mental health

12  housing.

13  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

14  OBJECTION:

15  Overbroad, Vague and ambiguous.

16  Further, as phrased, this request potentially requests communications that

17  would be protected for disclosure pursuant to attorney-client and attorney work

18  product privileges.  It is responding party's understanding from meet and confer

19  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

20  correspondence.

21  The breadth of the request, as phrased would also potentially call for

22  proprietary information of Responding Party.  Responding Party asserts to the fullest

23  extent of the law its attorney-client privilege and confidential proprietary privileges.

24  Notwithstanding said objections, and subject thereto responding party

25  responds as follows:

26  Classification and housing are custody functions. Responding party has

27  produced responsive records, Exhibit A, attached hereto which identifies and

28  produces the documents originally produced and the supplemental productions made

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  by Responding Party.

2  **REQUEST FOR PRODUCTION NO. 22:**

3      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

4  REGARDING suicide prevention.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

6      OBJECTION:

7      Overbroad, Vague and ambiguous.

8      Further, as phrased, this request potentially requests communications that

9  would be protected for disclosure pursuant to attorney-client and attorney work

10 product privileges.  It is responding party's understanding from meet and confer

11 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

12 correspondence.

13     The breadth of the request, as phrased would also potentially call for

14 proprietary information of Responding Party.  Responding Party asserts to the fullest

15 extent of the law its attorney-client privilege and confidential proprietary privileges.

16     Notwithstanding said objections, and subject thereto responding party

17 responds as follows:

18     Responding party has produced responsive records, Exhibit A, attached hereto

19 which identifies and produces the documents originally produced and the

20 supplemental productions made by Responding Party.

21 **REQUEST FOR PRODUCTION NO. 23:**

22     ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

23 REGARDING housing placements for INCARCERATED PERSONS with

24 MENTAL DISORDERS or who are receiving mental HEALTH CARE.

25 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

26     OBJECTION:

27     Overbroad, Vague and ambiguous.

28     Further, as phrased, this request potentially requests communications that

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    would be protected for disclosure pursuant to attorney-client and attorney work

2    product privileges.  It is responding party's understanding from meet and confer

3    efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

4    correspondence.

5         The breadth of the request, as phrased would also potentially call for

6    proprietary information of Responding Party.  Responding Party asserts to the fullest

7    extent of the law its attorney-client privilege and confidential proprietary privileges.

8         Notwithstanding said objections, and subject thereto responding party

9    responds as follows:

10        Responding party has produced responsive records, Exhibit A, attached hereto

11   which identifies and produces the documents originally produced and the

12   supplemental productions made by Responding Party.

13   **REQUEST FOR PRODUCTION NO. 24:**

14        ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

15   housed in sobering cell.

16   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

17        OBJECTION:

18        Overbroad, Vague and ambiguous.

19        Further, as phrased, this request potentially requests communications that

20   would be protected for disclosure pursuant to attorney-client and attorney work

21   product privileges.  It is responding party's understanding from meet and confer

22   efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

23   correspondence.

24        The breadth of the request, as phrased would also potentially call for

25   proprietary information of Responding Party.  Responding Party asserts to the fullest

26   extent of the law its attorney-client privilege and confidential proprietary privileges.

27        Notwithstanding said objections, and subject thereto responding party

28   responds as follows:

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    Responding party has produced responsive records, Exhibit A, attached hereto

2  which identifies and produces the documents originally produced and the

3  supplemental productions made by Responding Party.

4  **REQUEST FOR PRODUCTION NO. 25:**

5    ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

6  housed in safety cells.

7  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

8    OBJECTION:

9    Overbroad, Vague and ambiguous.

10    Further, as phrased, this request potentially requests communications that

11  would be protected for disclosure pursuant to attorney-client and attorney work

12  product privileges.  It is responding party's understanding from meet and confer

13  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

14  correspondence.

15    The breadth of the request, as phrased would also potentially call for

16  proprietary information of Responding Party.  Responding Party asserts to the fullest

17  extent of the law its attorney-client privilege and confidential proprietary privileges.

18    Notwithstanding said objections, and subject thereto responding party

19  responds as follows:

20    Responding party has produced responsive records, Exhibit A, attached hereto

21  which identifies and produces the documents originally produced and the

22  supplemental productions made by Responding Party.

23  **REQUEST FOR PRODUCTION NO. 26:**

24    ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

25  housed in Psychiatric Stabilization Unit or Psychiatric Security Unit.

26  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

27    OBJECTION:

28    Overbroad, Vague and ambiguous.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   Further, as phrased, this request potentially requests communications that

2   would be protected for disclosure pursuant to attorney-client and attorney work

3   product privileges.  It is responding party's understanding from meet and confer

4   efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

5   correspondence.

6   The breadth of the request, as phrased would also potentially call for

7   proprietary information of Responding Party.  Responding Party asserts to the fullest

8   extent of the law its attorney-client privilege and confidential proprietary privileges.

9   Notwithstanding said objections, and subject thereto responding party

10   responds as follows:

11   Responding party has produced responsive records, Exhibit A, attached hereto

12   which identifies and produces the documents originally produced and the

13   supplemental productions made by Responding Party.

14   **REQUEST FOR PRODUCTION NO. 27:**

15   ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

16   housed in the Outpatient Step Down Unit.

17   **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

18   OBJECTION:

19   Overbroad, Vague and ambiguous.

20   Further, as phrased, this request potentially requests communications that

21   would be protected for disclosure pursuant to attorney-client and attorney work

22   product privileges.  It is responding party's understanding from meet and confer

23   efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

24   correspondence.

25   The breadth of the request, as phrased would also potentially call for

26   proprietary information of Responding Party.  Responding Party asserts to the fullest

27   extent of the law its attorney-client privilege and confidential proprietary privileges.

28   Notwithstanding said objections, and subject thereto responding party

4873-2654-7233.1                                    23

**NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS**

1  responds as follows:

2     Responding party has produced responsive records, Exhibit A, attached hereto

3  which identifies and produces the documents originally produced and the

4  supplemental productions made by Responding Party.

5  **REQUEST FOR PRODUCTION NO. 28:**

6     ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

7  housed in Enhanced Observation Housing.

8  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

9     OBJECTION:

10    Overbroad, Vague and ambiguous.

11    Further, as phrased, this request potentially requests communications that

12  would be protected for disclosure pursuant to attorney-client and attorney work

13  product privileges.  It is responding party's understanding from meet and confer

14  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

15  correspondence.

16    The breadth of the request, as phrased would also potentially call for

17  proprietary information of Responding Party.  Responding Party asserts to the fullest

18  extent of the law its attorney-client privilege and confidential proprietary privileges.

19    Notwithstanding said objections, and subject thereto responding party

20  responds as follows:

21    Responding party has produced responsive records, Exhibit A, attached hereto

22  which identifies and produces the documents originally produced and the

23  supplemental productions made by Responding Party.

24  **REQUEST FOR PRODUCTION NO. 29:**

25    ALL DOCUMENTS RELATING TO INCARCERATED PEOPLE being

26  placed on suicide watch or suicide precautions.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

28    OBJECTION:

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   Overbroad, Vague and ambiguous.

2   Further, as phrased, this request potentially requests communications that

3   would be protected for disclosure pursuant to attorney-client and attorney work

4   product privileges.  It is responding party's understanding from meet and confer

5   efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

6   correspondence.

7   The breadth of the request, as phrased would also potentially call for

8   proprietary information of Responding Party.  Responding Party asserts to the fullest

9   extent of the law its attorney-client privilege and confidential proprietary privileges.

10  Notwithstanding said objections, and subject thereto responding party

11  responds as follows:

12  Responding party has produced responsive records, Exhibit A, attached hereto

13  which identifies and produces the documents originally produced and the

14  supplemental productions made by Responding Party.

15  **REQUEST FOR PRODUCTION NO. 30:**

16  DOCUMENTS sufficient to show the number of INCARCERATED

17  PERSONS with MENTAL DISORDERS or who are receiving mental HEALTH

18  CARE in Enhanced Observation Housing or Outpatient Step Down unit housing, by

19  month since June l, 2022.

20  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

21  OBJECTION:

22  Overbroad, Vague and ambiguous.  The request is so overbroad and

23  burdensome that it is oppressive.  Moreover, defendant County of San Diego is in

24  the possession, custody and control of these documents and as a defendant/party to

25  the lawsuit should have to incur the burden of production.

26  Further, as phrased, this request potentially requests communications that

27  would be protected for disclosure pursuant to attorney-client and attorney work

28  product privileges.  It is responding party's understanding from meet and confer

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

2   correspondence.

3       The breadth of the request, as phrased would also potentially call for

4   proprietary information of Responding Party.  Responding Party asserts to the fullest

5   extent of the law its attorney-client privilege and confidential proprietary privileges.

6       Notwithstanding said objections, and subject thereto responding party

7   responds as follows:

8       Responding Party is informed and believes that responsive documents are in

9   the possession, custody and control of the County of San Diego.  Notwithstanding,

10  Responding Party produces Exhibit A, attached hereto.

11  **REQUEST FOR PRODUCTION NO. 31:**

12      ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES for

13  the distribution of medications for INCARCERATED PERSONS with MENTAL

14  DISORDERS or who are receiving mental HEALTH CARE.

15  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

16      OBJECTION:

17      Overbroad, Vague and ambiguous.

18      Further, as phrased, this request potentially requests communications that

19  would be protected for disclosure pursuant to attorney-client and attorney work

20  product privileges.  It is responding party's understanding from meet and confer

21  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

22  correspondence.

23      The breadth of the request, as phrased would also potentially call for

24  proprietary information of Responding Party.  Responding Party asserts to the fullest

25  extent of the law its attorney-client privilege and confidential proprietary privileges.

26      Notwithstanding said objections, and subject thereto responding party

27  responds as follows:

28      Responding party has produced responsive records, Exhibit A, attached hereto

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  which identifies and produces the documents originally produced and the

2  supplemental productions made by Responding Party.

3  **REQUEST FOR PRODUCTION NO. 32:**

4  ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

5  REGARDING the sterilization of instruments and equipment used for providing

6  DENTAL CARE at the JAIL.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

8  OBJECTION:

9  Overbroad, Vague and ambiguous.

10  Further, as phrased, this request potentially requests communications that

11  would be protected for disclosure pursuant to attorney-client and attorney work

12  product privileges.  It is responding party's understanding from meet and confer

13  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

14  correspondence.

15  The breadth of the request, as phrased would also potentially call for

16  proprietary information of Responding Party.  Responding Party asserts to the fullest

17  extent of the law its attorney-client privilege and confidential proprietary privileges.

18  Notwithstanding said objections, and subject thereto responding party

19  responds as follows:

20  Responding party has produced responsive records, Exhibit A, attached hereto

21  which identifies and produces the documents originally produced and the

22  supplemental productions made by Responding Party.

23  **REQUEST FOR PRODUCTION NO. 33:**

24  ALL DOCUMENTS RELATING TO POLICIES AND PROCEDURES

25  REGARDING INCARCERATED PERSONS' access to oral health items, including

26  but not limited to toothbrushes, toothpaste, and dental floss or equivalent.

27  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

28  OBJECTION:

1    Overbroad, Vague and ambiguous.

2    Further, as phrased, this request potentially requests communications that

3 would be protected for disclosure pursuant to attorney-client and attorney work

4 product privileges.  It is responding party's understanding from meet and confer

5 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

6 correspondence.

7    The breadth of the request, as phrased would also potentially call for

8 proprietary information of Responding Party.  Responding Party asserts to the fullest

9 extent of the law its attorney-client privilege and confidential proprietary privileges.

10    Notwithstanding said objections, and subject thereto responding party

11 responds as follows:

12    Responding Party is not in the possession, custody or control of responsive

13 documents.

14 **REQUEST FOR PRODUCTION NO. 34:**

15    ALL DOCUMENTS REGARDING HEALTH CARE for INCARCERATED

16 PEOPLE who were referred for outside care.

17 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

18    OBJECTION:

19    Overbroad, Vague and ambiguous.

20    Further, as phrased, this request potentially requests communications that

21 would be protected for disclosure pursuant to attorney-client and attorney work

22 product privileges.  It is responding party's understanding from meet and confer

23 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

24 correspondence.

25    The breadth of the request, as phrased would also potentially call for

26 proprietary information of Responding Party.  Responding Party asserts to the fullest

27 extent of the law its attorney-client privilege and confidential proprietary privileges.

28    Notwithstanding said objections, and subject thereto responding party

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  responds as follows:

2       Responding party has produced responsive records, Exhibit A, attached hereto

3  which identifies and produces the documents originally produced and the

4  supplemental productions made by Responding Party.

5  **REQUEST FOR PRODUCTION NO. 35:**

6       ALL DOCUMENTS RELATED TO inspections of HEALTH CARE

7  facilities or practices at the JAIL by an entity other than YOU.

8  **SUPPLEMETNAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

9       OBJECTION:

10      Overbroad, Vague and ambiguous.

11      Further, as phrased, this request potentially requests communications that

12 would be protected for disclosure pursuant to attorney-client and attorney work

13 product privileges.  It is responding party's understanding from meet and confer

14 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

15 correspondence.

16      The breadth of the request, as phrased would also potentially call for

17 proprietary information of Responding Party.  Responding Party asserts to the fullest

18 extent of the law its attorney-client privilege and confidential proprietary privileges.

19      Notwithstanding said objections, and subject thereto responding party

20 responds as follows:

21      Responding party has produced responsive records, Exhibit A, attached hereto

22 which identifies and produces the documents originally produced and the

23 supplemental productions made by Responding Party.

24 **REQUEST FOR PRODUCTION NO. 36:**

25      ALL STAFFING PLANS RELATING TO the JAIL.

26 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

27      OBJECTION:

28      Overbroad, Vague and ambiguous as to "STAFFING PLANS".

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1    Further, as phrased, this request potentially requests communications that

2   would be protected for disclosure pursuant to attorney-client and attorney work

3   product privileges.  It is responding party's understanding from meet and confer

4   efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

5   correspondence.

6    The breadth of the request, as phrased would also potentially call for

7   proprietary information of Responding Party.  Responding Party asserts to the fullest

8   extent of the law its attorney-client privilege and confidential proprietary privileges.

9    Notwithstanding said objections, and subject thereto responding party

10  responds as follows:

11    Responding party has produced responsive records, Exhibit A, attached hereto

12  which identifies and produces the documents originally produced and the

13  supplemental productions made by Responding Party.

14  **REQUEST FOR PRODUCTION NO. 37:**

15    ALL DOCUMENTS RELATING TO the analysis, study, or ADEQUACY of

16  staffing at the JAIL.

17  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

18    OBJECTION:

19    Overbroad, Vague and ambiguous.

20    Further, as phrased, this request potentially requests communications that

21  would be protected for disclosure pursuant to attorney-client and attorney work

22  product privileges.  It is responding party's understanding from meet and confer

23  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

24  correspondence.

25    The breadth of the request, as phrased would also potentially call for

26  proprietary information of Responding Party.  Responding Party asserts to the fullest

27  extent of the law its attorney-client privilege and confidential proprietary privileges.

28    Notwithstanding said objections, and subject thereto responding party

**NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
_Attorneys at Law_

1  responds as follows:

2         Responding Party is not in the possession, custody or control of responsive

3  documents.

4  **REQUEST FOR PRODUCTION NO. 38:**

5         DOCUMENTS sufficient to show the LICENSING CREDENTIALS of ALL

6  NAPHCARE EMPLOYEES who have worked at the JAIL.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

8         OBJECTION:

9         Overbroad, Vague and ambiguous.

10        Further, as phrased, this request potentially requests communications that

11 would be protected for disclosure pursuant to attorney-client and attorney work

12 product privileges.  It is responding party's understanding from meet and confer

13 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

14 correspondence.

15        The breadth of the request, as phrased would also potentially call for

16 proprietary information of Responding Party.  Responding Party asserts to the fullest

17 extent of the law its attorney-client privilege and confidential proprietary privileges.

18        Notwithstanding said objections, and subject thereto responding party

19 responds as follows:

20        Responding party has produced responsive records, Exhibit A, attached hereto

21 which identifies and produces the documents originally produced and the

22 supplemental productions made by Responding Party.

23 **REQUEST FOR PRODUCTION NO. 39:**

24        ALL minutes from QUALITY ASSURANCE MEETINGS RELATING TO

25 the JAIL.

26 **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

27        OBJECTION:

28        Overbroad, Vague and ambiguous.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   Further, as phrased, this request potentially requests communications that

2   would be protected for disclosure pursuant to attorney-client and attorney work

3   product privileges.  It is responding party's understanding from meet and confer

4   efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

5   correspondence.

6   The breadth of the request, as phrased would also potentially call for

7   proprietary information of Responding Party.  Responding Party asserts to the fullest

8   extent of the law its attorney-client privilege and confidential proprietary privileges.

9   Notwithstanding said objections, and subject thereto responding party

10  responds as follows:

11  Responding Party is not in the possession, custody or control of any

12  responsive documents.

13  **REQUEST FOR PRODUCTION NO. 40:**

14  ALL DOCUMENTS RELATING TO the ADEQUACY of the CLINICAL

15  FACILITIES at the JAIL.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

17  OBJECTION:

18  Overbroad, Vague and ambiguous.

19  As phrased, this request potentially requests communications that would be

20  protected for disclosure pursuant to attorney-client and attorney work product

21  privileges.  It is responding party's understanding from meet and confer efforts with

22  plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

23  The breadth of the request, as phrased would also potentially call for

24  proprietary information of Responding Party.  Responding Party asserts to the fullest

25  extent of the law its attorney-client privilege and confidential proprietary privileges.

26  Notwithstanding said objections, and subject thereto responding party

27  responds as follows:

28  Responding Party is not in the possession, custody or control of responsive

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

documents.  However, given the potential breadth of the request Responding party has produced responsive records, Exhibit A, attached hereto which identifies and produces the documents originally produced and the supplemental productions made by Responding Party.

**REQUEST FOR PRODUCTION NO. 41:**

ALL DOCUMENTS RELATING to DEATHS of people incarcerated at the JAIL from June 1, 2022 to the present.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

OBJECTION:

Overbroad, Vague and ambiguous.

None of the plaintiffs in this matter are decedents or heirs of decedents.  This request violates the privacy rights of third parties and HIPAA rights of third party inmates.  Additionally, any site-level death reviews are conducted by the County of San Diego without participation by NaphCare, who maintains the custody, control and possession of said documents.  All death reviews conducted by Responding Party are conducted without the participation of the County of San Diego at the direction of counsel, and counsel is present at all meetings related to the same.  See Privilege Log.

Further, as phrased, this request potentially requests communications that would be protected for disclosure pursuant to attorney-client and attorney work product privileges.  It is responding party's understanding from meet and confer efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client correspondence.

The breadth of the request, as phrased would also potentially call for proprietary information of Responding Party.  Responding Party asserts to the fullest extent of the law its attorney-client privilege and confidential proprietary privileges.

**REQUEST FOR PRODUCTION NO. 42:**

ALL DOCUMENTS RELATING TO formal and informal HEALTH CARE

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1  training provided to HEALTH CARE STAFF, including but not limited to training

2  RELATING TO (a) the provision of HEALTH CARE, (b) administrative

3  responsibilities RELATING TO the provision of HEALTH CARE, (c) the

4  processing of sick call requests, and (d) POLICIES AND PROCEDURES to ensure

5  that INCARCERATED PERSONS have access to HEALTH CARE.

6  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

7      OBJECTION:

8      Overbroad, Vague and ambiguous.

9      Further, as phrased, this request potentially requests communications that

10  would be protected for disclosure pursuant to attorney-client and attorney work

11  product privileges.  It is responding party's understanding from meet and confer

12  efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

13  correspondence.

14      The breadth of the request, as phrased calls for proprietary training material

15  and information of Responding Party.  Responding Party asserts to the fullest extent

16  of the law its attorney-client privilege and confidential proprietary privileges.  See

17  privilege log.

18      Notwithstanding said objections, and subject thereto responding party

19  responds as follows:

20      The parties have met and conferred and plaintiffs have agreed to accept a list

21  of training received.  Responding Party produced the list and requesting party has

22  not provided a list of requested training materials.  Exhibit A without a waiver of its

23  privilege objection.

24  **REQUEST FOR PRODUCTION NO. 43:**

25      ALL DOCUMENTS RELATING TO monitoring and/or auditing of

26  HEALTH CARE provided to INCARCERATED PERSONS, including but not

27  limited to, quality improvement, quality assurance or clinical performance reviews,

28  peer reviews, in-service trainings, internal or external audits, technical assistance

1  reports, accreditations, contract monitoring reports, minutes from QUALITY

2  ASSURANCE MEETINGS, and HEALTH CARE record reviews, from June 1,

3  2021 to the present.

4  **SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

5       OBJECTION:

6       Overbroad with respect to the timeframe requested and scope, Vague and

7  ambiguous.

8       Further, as phrased, this request potentially requests communications that

9  would be protected for disclosure pursuant to attorney-client and attorney work

10 product privileges.  It is responding party's understanding from meet and confer

11 efforts with plaintiffs' counsel that plaintiffs are not requesting attorney-client

12 correspondence.

13      The breadth of the request, as phrased would also potentially call for trade

14 secrets and/or proprietary information of Responding Party, and private information

15 about its employees.  Responding Party asserts to the fullest extent of the law its

16 attorney-client privilege and confidential proprietary privileges.

17      Notwithstanding said objections, and subject thereto responding party

18 responds as follows:

19      Responding Party is informed and believes that responsive documents are in

20 the custody, possession and control of County of San Diego.  However, given the

21 breadth and ambiguity responding party has produced responsive records, Exhibit A,

22 attached hereto which identifies and produces the documents originally produced

23 and the supplemental productions made by Responding Party.

24

25

26

27

28

**NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION
OF DOCUMENTS ISSUED BY PLAINTIFFS**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
*Attorneys at Law*

1   DATED:  January 12 2024        **MANNING & KASS**
2                                  **ELLROD, RAMIREZ, TRESTER LLP**

3

4                                  By:    _____/s/ G. Craig Smith_____
5                                         Eugene P. Ramirez
6                                         G. Craig Smith
                                          Attorneys for NAPHCARE OF SAN
7                                         DIEGO LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DUNSMORE, ET AL. V. SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, ET AL.

# EXHIBIT A

### DEFENDANT'S RRFP – DOCUMENTS LIST

PRIVILEGES/OBJECTIONS ASSERTION: Notwithstanding any production by defendant of any of the documents identified herein below, defendant incorporates by reference here, as to each and all of the documents identified herein below, all of the objections and privileges asserted in defendant's responses to plaintiff's set one requests for production, including but not limited to: the California official information privilege and related police officer personnel records privileges pursuant to California Penal Code sections 832.7 and 832.8 as well as California Evidence Code sections 1040, 1043, and 1045 and the associated case law; the police officer personnel records privileges under California Penal Code section 832.7(b) and/or California Evidence Code section 1045; and the federal and California constitutional right to privacy, to the fullest extent applicable.

| NO: | DOCUMENTS: |
|---|---|
| 1. | Consolidated Healthcare Delivery Contract.<br><br>County of San Diego and Naphcare, Inc. Contract No. 566117. 04/26/22.<br>Bates: **[NAPHCARE000001-000137 ]** |
| 2. | Electronic Medical Records System Agreement.<br><br>County of San Diego and Naphcare, Inc. Contract No. 558056. 08/02/18.<br>Bates: **[NAPHCARE000138-446]** |
| 3. | Department of Purchasing and Contracting. Contract No. 558056. Amendment 1.<br><br>County of San Diego and Naphcare, Inc. 01/24/20.<br>Bates: **[NAPHCARE000447-448]** |
| 4. | Language Line Services, Inc. Contract with Naphcare. 03/20/19.<br>Bates: **[NAPHCARE000449-459]** |

| 5. | Laboratory Services Agreement Between Naphcare of San Diego, LLC and Quest Diagnostics. 05/27/22. <br><br> Bates: **[NAPHCARE000460-482]** |
|----|----|
| 6. | Laboratory Services Agreement Between Naphcare of San Diego, LLC and Quest Diagnostics. Amendment. 08/22/22. <br><br> Bates: **[NAPHCARE000483-497]** |
| 7. | Pharmacy Auditor Professional Services Agreement. <br><br> Bates: **[NAPHCARE000498-541]** |
| 8. | Consolidated Healthcare Delivery Contract. <br><br> County of San Diego and Naphcare, Inc. Contract No. 566117. 04/26/22. <br><br> Bates: **[NAPHCARE000542-678]** |
| 9. | County of San Diego Health Care Policy and Procedure Manual. <br><br> Bates: **[NAPHCARE000679-1030]** |
| 10. | Naphcare and San Diego County Health Care Policy and Procedure Manual. 06/02/22. 001. <br><br> Bates: **[NAPHCARE001031-1283]** |
| 11. | Naphcare, Inc. Record Retention Schedule Policy. 2021. <br><br> Bates: **[NAPHCARE001284-1287]** |
| 12. | Naphcare and San Diego County Health Care Policy and Procedure Manual. 06/02/22. 002. <br><br> Bates: **[NAPHCARE001288-1540]** |
| 13. | Naphcare Full San Diego Policy Manual (With Site Addendums) <br><br> Bates: **[NAPHCARE001541-1892]** |
| 14. | NaphCare, Inc. Correspondence. re COSD Request for Proposals—Sheriff's Department Consolidated Health Care Delivery. 07/19/21. <br><br> Bates: **[NAPHCARE001893]** |
| 15. | COSD Correspondence re Request for Proposals—Sheriff's Department Consolidated Health Care Delivery. 04/05/21. <br><br> Bates: **[NAPHCARE001894-1979]** |
| 16. | COSD Correspondence re Request for Proposals. Addendum No. 04. 04/16/21. <br><br> Bates: **[NAPHCARE001980-1982]** |

| 17. | COSD—Request for Proposals. Attachment A. Statement of Objectives—Addendum 5. Bates: **[NAPHCARE001983-2003]** |
|---|---|
| 18. | COSD Correspondence re Request for Proposals—Addendum No. 7. 04/30/21. Bates: **[NAPHCARE002004-2015]** |
| 19. | COSD Correspondence re Request for Proposals—Addendum No. 8. 05/12/21. Bates: **[NAPHCARE002016-2022]** |
| 20. | Naphcare. Utilization Management Policy. 2023. Bates: **[NAPHCARE002023]** |
| 21. | Email Corr. re SDCJ Folder. 07/13/23. Bates: **[NAPHCARE015427-15428]** |
| 22. | Email Corr. re Sharefile Activity Notification. 06/14/23. Bates: **[NAPHCARE015429-15431]** |
| 23. | Email Corr. re NCCHS Folders Sample. 06/14/23. Bates: **[NAPHCARE015432-15433]** |
| 24. | Email Corr. re Medical Services Share Folder. 06/16/23. Bates: **[NAPHCARE015434-15435]** |
| 25. | Email Corr. re ShareFile Confirmation Email. 06/15/23. Bates: **[NAPHCARE015436-15437]** |
| 26. | Email Corr. re Sharefile Folder. 06/16/23. Bates: **[NAPHCARE015438-15440]** |
| 27. | Email Corr. re Policies. 06/15/23. Bates: **[NAPHCARE015441-15442]** |
| 28. | Email Corr. re File Request. 06/14/23. Bates: **[NAPHCARE015443-15444]** |
| 29. | Email Corr. re Section A. 06/13/23. Bates: **[NAPHCARE015445-15446]** |
| 30. | Email Corr. re SD P&P. 06/08/23. Bates: **[NAPHCARE015447-15451]** |

| 31. | Email Corr. re SD P&P. 06/07/23. 001.<br>Bates: **[NAPHCARE015452-15456]** |
|---|---|
| 32. | Email Corr. re SD P&P. 06/07/23. 002.<br>Bates: **[NAPHCARE015457-15460]** |
| 33. | Email Corr. re SD P&P. 06/07/23. 003.<br>Bates: **[NAPHCARE015461-15464]** |
| 34. | Email Corr. re SD P&P. 06/07/23. 004.<br>Bates: **[NAPHCARE015465-15468]** |
| 35. | Email Corr. re. NCCHC Folders Sample. 05/15/23.<br>Bates: **[NAPHCARE015469-15470]** |
| 36. | Email Corr. re SD P&P. 06/18/23.<br>Bates: **[NAPHCARE015471-15476]** |
| 37. | Redacted Sick Calls<br>Bates: **[NAPHCARE002024-9637]** |
| 38. | Time Detail. Employee Borquez, Randolph Anthony. 01/01/23-09/14/23.<br>Bates: **[NAPHCARE009638-9639]** |
| 39. | Time Detail. Employee Patel, Divya. 01/01/23-09/14/23.<br>Bates: **[NAPHCARE009640-9653]** |
| 40. | Time Detail. Employee Polanco, Justin D. 01/01/23-09/14/23.<br>Bates: **[NAPHCARE009654-9664]** |
| 41. | Time Detail. Employee Epps-Robbins, De'Andra Colette. 01/01/23-09/14/23.<br>Bates: **[NAPHCARE009665-9690]** |
| 42. | Time Detail. Employee Panganiban, Destiny Monique. 01/01/23-09/14/23.<br>Bates: **[NAPHCARE009691-9702]** |
| 43. | Dental Equipment.<br>Bates: **[NAPHCARE009703]** |
| 44. | Naphcare, Inc. Pharmacist Inspection Report. San Diego Central. 2022.<br>Bates: **[NAPHCARE009704-9721]** |

| | |
|---|---|
| 45. | Naphcare, Inc. Pharmacist Inspection Report. San Diego Central. 2023.<br>Bates: **[NAPHCARE009722-9739]** |
| 46. | Naphcare, Inc. Pharmacist Inspection Report. Vista. 2022.<br>Bates: **[NAPHCARE009740-9751]** |
| 47. | Naphcare, Inc. Pharmacist Inspection Report. Vista. 2023.<br>Bates: **[NAPHCARE009752-9763]** |
| 48. | Naphcare, Inc. Pharmacist Inspection Report. East Mesa. 2022.<br>Bates: **[NAPHCARE009764-9775]** |
| 49. | Naphcare, Inc. Pharmacist Inspection Report. East Mesa. 2023.<br>Bates: **[NAPHCARE009776-9787]** |
| 50. | Naphcare, Inc. Pharmacist Inspection Report. George Bailey. 2022.<br>Bates: **[NAPHCARE009788-9805]** |
| 51. | Naphcare, Inc. Pharmacist Inspection Report. George Bailey. 2023.<br>Bates: **[NAPHCARE009806-9817]** |
| 52. | Naphcare, Inc. Pharmacist Inspection Report. Los Colinas. 2022.<br>Bates: **[NAPHCARE009818-9835]** |
| 53. | Naphcare, Inc. Pharmacist Inspection Report. Los Colinas. 2023.<br>Bates: **[NAPHCARE009836-9847]** |
| 54. | Dates of Incarceration<br>Bates: **[NAPHCARE009848-9849]** |
| 55. | HSR Infection Control. San Diego. 01/22-12/22.<br>Bates: **[NAPHCARE009850-9888]** |
| 56. | HSR Infection Control. San Diego. 01/23-07/23.<br>Bates: **[NAPHCARE009889-9914]** |
| 57. | Time Detail Report. CA San Diego.<br>Bates: **[NAPHCARE009915-12714]** |
| 58. | San Diego Naphcare Roster<br>Bates: **[NAPHCARE012715-12741]** |

| | |
|---|---|
| 59. | San Diego Full Report. 01/01/22-Present.<br><br>Bates: **[NAPHCARE012742-13137]** |
| 60. | Dental Appointments Report.<br><br>Bates: **[NAPHCARE013138-15426]** |
| 61. | Privilege Log: (1) In Custody Death Reviews.  Privilege: Attorney Client Privilege/Attorney Work Product.  All in custody death reviews are done at the direction of responding party's counsel and all meetings are attended by counsel. |
| 62. | Privilege Log: (2) Individual Medical Records of Inmates.  Privilege: Privacy Rights of Thousands of Third Party inmates.  HIPPA privacy rights.  No waiver or authorization from each inmate has been received. |
| 63. | Privilege Log: (3) Training Materials of Responding Party: Privilege: Attorney Client Privilege/Attorney Work Product and Proprietary Information.  The material is extensive in nature, has been prepared in house by Responding Party and gives Responding Party a competitive edge over competitors. |
| 64. | Privilege Log: (4) Non Health Care Related Disciplinary Records: Privilege: Privacy Rights of Third Party Employees |
| 65. | Privilege Log: (5) Document Evidencing Costs of Responding Party/Profits: Privilege: Proprietary Information of Responding Party that is not relevant to any claim or defense of the parties and is proprietary in nature in that it provides competitive advantages over competitors. |
| 66. | Employee Discipline Report. Redacted. 11/04/22.<br><br>**[NAPHCARE015965]** |
| 67. | Naphcare Master Staff Roster<br><br>**[NAPHCARE015963-15964]** |
| 68. | Time Detail Report. CA SD. 06/2022- 09/2023.<br><br>**[NAPHCARE015489-15962]** |
| 69. | SD Dental Extractions with Facility. 2023.<br><br>**[NAPHCARE015477-15488]** |
| 70. | Columbia Suicide Screening Form. Central Jail.<br><br>**[NAPHCARE015966-15967]** |
| 71. | Health Assessment Form. Central Jail.<br><br>**[NAPHCARE015968-15975]** |

| 72. | W/PSU Transfer/ Discharge Form. Central Jail. **[NAPHCARE015976-15984]** |
|---|---|
| 73. | Mental Health Screening Form. Central Jail. **[NAPHCARE015985-15989]** |
| 74. | Dental Form. Central Jail. **[NAPHCARE015990-15995]** |
| 75. | San Diego Naphcare Roster. 69A. **[NAPHCARE015996-16009]** |
| 76. | San Diego Full Report. 01/01/22. to Present. **[NAPHCARE016010-16150]** |
| 77. | Time Detail Report. CA San Diego. **[NAPHCARE016151-16624]** |
| 78. | RN Care Protocols. **[NAPHCARE016625]** |
| 79. | MH Care Protocols. **[NAPHCARE016626]** |
| 80. | LPN Care Protocols. **[NAPHCARE016627]** |
| 81. | Health Care Policy and Procedure Manual. **[NAPHCARE016628-16632]** |
| 82. | NaphCare Organizational Chart for San Diego. **[NAPHCARE016633]** |
| 83. | Mental Health Rehabilitation Specialist/Recreational Therapist Job Description. **[NAPHCARE016634-16636]** |
| 84. | Mental Health Professional Job Description. **[NAPHCARE016637-16639]** |
| 85. | Mental Health Discharge Planner Job Description. **[NAPHCARE016640-16642]** |

| 86. | Mental Health Director Job Description. **[NAPHCARE016643-16647]** |
|-----|---|
| 87. | Limited Radiology Technologist Job Description. **[NAPHCARE016648-16650]** |
| 88. | Health Services Administrator Job Description. **[NAPHCARE016651-16655]** |
| 89. | Limited Radiology Technologist Job Description. **[NAPHCARE016656-16658]** |
| 90. | Health Services Administrator Job Description. **[NAPHCARE016659-16661]** |
| 91. | Dentist Job Description. **[NAPHCARE016662-16665]** |
| 92. | Dental Assistant Job Description. . **[NAPHCARE016666-16667]** |
| 93. | Corporate Psych Nurse Practitioner Job Description. **[NAPHCARE016668-16669]** |
| 94. | Corporate Physician Assistance Job Description. **[NAPHCARE016670-16672]** |
| 95. | Corporate Nurse Practitioner Job Description. **[NAPHCARE016673-16674]** |
| 96. | Corporate Clinical Auditor I Job Description. **[NAPHCARE016675-16676]** |
| 97. | Behavioral Mental Health Technician Job Description. **[NAPHCARE016677-16679]** |
| 98. | Administrative Assistant Job Description. **[NAPHCARE016680-16681]** |
| 99. | Medication Order Date and First Dose Administered. **[NAPHCARE016682-25975]** |

| 100. | ER Provider Sendouts. **[NAPHCARE025976-26023]** |
|------|--------------------------------------------------|
| 101. | Offsite Status Detail. **[NAPHCARE026024-31036]** |
| 102. | Peer Review One. By G.M. Zilberman, Ph. D. 05/10/23. **[NAPHCARE031037-31038]** |
| 103. | Peer Review Two. By G.M. Zilberman, Ph. D. 05/19/23. **[NAPHCARE031039-31040]** |
| 104. | Peer Review Three. By G.M. Zilberman, Ph. D. 05/23/23. **[NAPHCARE031041-31042]** |
| 105. | Peer Review Four. By G.M. Zilberman, Ph. D. 05/15/23. **[NAPHCARE031043-31044]** |
| 106. | Peer Review Five. By G.M. Zilberman, Ph. D. 05/14/23. **[NAPHCARE031045-31046]** |
| 107. | Peer Review Six. By G.M. Zilberman, Ph. D. 05/15/23. **[NAPHCARE031047-31048]** |
| 108. | Peer Review Seven. By G.M. Zilberman, Ph. D. 05/24/23. **[NAPHCARE031049-31050]** |
| 109. | Peer Review Eight. By G.M. Zilberman, Ph. D. 05/23/23. **[NAPHCARE031051-31052]** |
| 110. | Peer Review Nine. By G.M. Zilberman, Ph. D. 05/22/23. **[NAPHCARE031053-31054]** |
| 111. | Peer Review Ten. By G.M. Zilberman, Ph. D. **[NAPHCARE031055-31056]** |
| 112. | San Diego Naphcare Roster—Unredacted. **[NAPHCARE031057]** |
| 113. | Completed Sick Calls. 09/07/23. Unredacted. **[NAPHCARE031058]** |

| 114. | ER Provider Sendouts. 12/19/23. Unredacted. **[NAPHCARE031059]** |
|---|---|
| 115. | Medication Order Date and First Dose Administered. Unredacted. **[NAPHCARE031060]** |
| 116. | Naphcare Master Staff Roster. Unredacted. **[NAPHCARE031061]** |
| 117. | Offsite Status Detail. 01/03/24. Unredacted. **[NAPHCARE031062]** |
| 118. | Offsite Watch List. 06/01/2022-12/19/2023. Unredacted. **[NAPHCARE031063]** |
| 119. | San Diego Dental Extractions with facility for 2023. Unredacted. **[NAPHCARE031064]** |
| 120. | Healthcare Policy and Procedure Manual. San Diego. 08/16/23. **[NAPHCARE031065-31373]** |

1

2

**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

3

4

5

6

I have read the foregoing NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS; THIRD PARTY NAPHCARE OF SAN DIEGO LLC'S RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS and know its contents.

7

8

9

10

I am the current Health Services Administrator of NaphCare San Diego, LLC, which was served with a subpoena to Produce Documents, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

11

12

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

13

Executed on January_12_, 2024, at San Diego, California.

14

15

16

 Michael W. Farrier, II, PsyD.

17

Print Name of Signatory                    Signature

18

19

20

21

22

23

24

25

26

27

28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On January 12, 2024, I served true copies of the following document(s) described as **NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION OF DOCUMENTS ISSUED BY PLAINTIFFS** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address Holly.Thomas@manningkass.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 12, 2024, at Los Angeles, California.

_____
/s/ Holly Thomas
Holly Thomas

**SERVICE LIST**
**Dunsmore v. County**
**Case No.**

Van Swearingen, Esq.                    *Attorneys for Plaintiff, DARRYL*
Priyah Kaul, Esq.                       *DUNSMORE*
ROSEN BIEN GALVAN &
GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105-1738
Tel: (415) 433-6830
vswearingen@rbgg.com
pkaul@rbgg.com

**NAPHCARE OF SAN DIEGO LLC'S SUPPLEMENTAL RESPONSE TO SUBPOENA FOR PRODUCTION
OF DOCUMENTS ISSUED BY PLAINTIFFS**