GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

(*additional counsel on following page*)

Attorneys for Plaintiffs and the Certified Class and Subclass

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 3:20-cv-00406-AJB-DDL <br><br> **JOINT STATUS REPORT** <br><br> Judge: Hon. Anthony J. Battaglia <br> Mag. Judge: Hon. David D. Leshner <br><br> Trial Date: None Set |

1  (*counsel continued from preceding page*)

2  CHRISTOPHER M. YOUNG – 163319
   ISABELLA NEAL – 328323
3  OLIVER KIEFER – 332830
   DLA PIPER LLP (US)
4  401 B Street, Suite 1700
   San Diego, California  92101-4297
5  Telephone:   (619) 699-2700
   Facsimile:   (619) 699-2701
6  Email:       christopher.young@dlapiper.com
                isabella.neal@dlapiper.com
7               oliver.kiefer@dlapiper.com

8  Attorneys for Plaintiffs and the Certified Class and Subclass

9  SUSAN E. COLEMAN (SBN 171832)
   E-mail: scoleman@bwslaw.com
10 BURKE, WILLIAMS & SORENSEN, LLP
   501 West Broadway, Suite 1600
11 San Diego, California 92101-8474
   Tel: 619.814.5800 Fax: 619.814.6799
12
   ELIZABETH M. PAPPY (SBN 157069)
13 E-mail: epappy@bwslaw.com
   BURKE, WILLIAMS & SORENSEN, LLP
14 60 South Market Street, Suite 1000
   San Jose, California 95113-2336
15 Tel: 408.606.6300 Fax: 408.606.6333

16 Attorneys for Defendants

17

18

19

20

21

22

23

24

25

26

27

28

# JOINT STATUS REPORT

Plaintiffs Darryl Dunsmore, et al. and the certified class and subclasses (collectively "Plaintiffs") and Defendants San Diego County Sheriff's Department, et al. (collectively "Defendants") submit this Joint Status Report to set forth each party's position on the adequacy of (i) Defendants' production with respect to medical and custody records, and (ii) Defendants' amended response to Interrogatory No. 24.

## I.    Defendants' Production of Sick Call Lists, Medication Logs, and Medical and Custody Records

**Plaintiffs' Position**:

On November 16, 2023, the parties for the first time discussed the potential production of a subset of individual medical and custody records in response to various requests in Plaintiffs' Requests for Production, Set 5.[1]  On December 7, 2023, as part of the meet and confer process for Plaintiffs' Requests for Production, Plaintiffs' counsel provided a proposal for the production of 570 individual medical and custody records meeting criteria relevant to the Third Amended Complaint. Exhibit A.  Plaintiffs' experts for medical, mental health, and dental care requested records meeting these criteria so they can evaluate the care provided to people who require certain levels of care.  Plaintiffs' counsel specifically asked to meet and confer with Defendants about the selection criteria to ensure that the records were randomly selected and represented an unbiased sample.  Defendants' counsel initially stated that they would not produce the requested records because doing so would require manual searching to meet Plaintiffs' experts' criteria, but later stated that there may be ways to run lists of individuals that would allow Defendants to pull certain requested records "without hard copies of medical records."  However,

---

[1] The parties previously met and conferred on September 22, 2023 regarding only Requests for Production Sets 3 and 4.

1   Defendants did not respond to Plaintiffs' questions about what types of searches

2   Defendants could perform to identify records without a manual review.  On January

3   11, 2024, Defendants' counsel finally represented that they would produce

4   individual medical and custody files if Plaintiffs' counsel identified individuals.

5   While Plaintiffs were in the process of compiling a list, and meet and confer efforts

6   continued, the parties jointly sought an extension of the deadline to raise disputes

7   about the issue with the Court.  Dkt. 487.

8        Following the Court's January 19, 2024 order denying the parties' joint

9   motion for an extension, *see* Dkt. 495, on January 22, 2024, the parties met and

10  conferred.  Plaintiffs' counsel reviewed all sick call lists and medication logs

11  identified in Defendants' productions, and—after consulting with Plaintiffs' experts

12  for medical, mental health, and dental care—on January 23, 2024, requested

13  production of 411 medical and custody records for specific individuals identified in

14  Defendants' productions of sick call and other lists that would be responsive to the

15  criteria requested by the experts in Plaintiffs' December 7, 2023 proposal.

16  Plaintiffs' counsel also requested information to assist with identifying individuals

17  meeting the remaining criteria in Plaintiffs' December 7, 2023 proposal, including

18  charts of all dental sick calls; certain rosters of safety cell, EOH, OPSD, and PSU

19  placements; and a list of suicide and self-harm incidents from the prior year.

20  Exhibit B.  Defendants did not produce such lists, preventing Plaintiffs' counsel

21  from identifying a sample of individuals whose records would contain information

22  relevant to the experts' criteria identified in the December 7, 2023 proposal.

23       Defendants' counsel declined to provide records for the list of individuals

24  identified by Plaintiffs on January 23, 2024, stating that Defendants would instead

25  select records based on their own, unidentified criteria.  *Id*.  In an effort to continue

26  to meet and confer, Plaintiffs' counsel requested that Defendants' counsel share

27  their criteria.  *Id*.  Defendants' counsel refused.  *Id*.

28       On January 26, 2024, Defendants produced 95 documents consisting of

medical records for approximately 58 people.  Defendants' counsel also sent Plaintiffs' counsel an email regarding the criteria used to select records.  Exhibit C. On January 29, 2024, *after* the Court's deadline for Defendants to produce records, Defendants produced 45 additional documents consisting of medical records for approximately 18 people.  Only four of the individuals on Plaintiffs' January 23, 2024 list were included in the productions.  The records produced were disjointed sections of medical records rather than the full charts typically produced as medical records.  Defendants' counsel indicated they intend to produce records for 173 individuals, but they have not produced additional medical records.  Nor have they produced custody files for any of the individuals they selected—despite this Court's deadline of January 26, 2024.

Plaintiffs' counsel consulted with their experts regarding Defendants' explanation of the criteria they used and have identified numerous issues of concern in addition to the incompleteness of the production.  Defendants will not explain: (i) how many records were produced that meet each of the December 7, 2023 criteria, and which records correspond to which criteria; (ii) whether complete medical records were produced; (iii) the randomization process for selecting records among those that appeared to meet Plaintiffs' criteria; (iv) who applies the "flags" used to identify records that meet Plaintiffs' criteria, how they apply them, and the systems for recording this; (v) for records selected based on "memory," whose memory; and (vi) how PowerBI, a software program, was used.  *See* Exhibit D.  Absent a complete production and answers to these questions, Plaintiffs' counsel cannot evaluate Defendants' methodology to ensure selection of an unbiased and representative sample.

Even based on the information provided, Defendants' methodology is deficient.  Defendants have (i) selected an insufficient number of records; (ii) selected individuals receiving treatment or care, rather than those diagnosed or requesting care for, certain medical and dental issues, omitting files for untreated

and unseen individuals; (iii) failed to provide complete charts; (iv) failed to apply Plaintiffs' parameters (e.g. selecting individuals with pending sick calls rather than those who have submitted more than five, omitting Plaintiffs' request for records of people hospitalized for specialty or emergent care and then returned to the Jail); and (v) selected individuals with actively pending dental sick calls, rather than all dental sick calls, omitting records reflecting treatment time. Plaintiffs object to the production as incomplete and inadequate, and request that Defendants be ordered to produce all medical and custody records for the 411 people on Plaintiffs' list, as well as to provide Plaintiffs' counsel with the information requested in Exhibits B and D so that the parties can identify individual records that meet the remaining criteria in the December 7, 2023 proposal.

**Defendants' Position**:

Request for Production of Documents, Set Four, served on August 16, 2023 and Request for Production of Documents, Set Five, served on September 1, 2023, requested thousands of medical records. The parties engaged in several meet and confer discussions and specifically, on Friday, September 22, 2023, Plaintiffs' counsel and Defense counsel were on a phone call wherein defense counsel requested specific parameters to narrow the quantity of records that needed to be produced. Plaintiffs agreed. Almost 3 months later, on December 7, 2023, Plaintiffs sent a list requesting 570 sets of medical records which, according to Plaintiffs above, was intended to represent:

> "Plaintiffs' experts for medical, mental health, and dental care requested records meeting these criteria so they can evaluate the care provided to people who require certain levels of care."

Defendants and Plaintiffs exchanged eleven (11) emails in response to the list between December 7th and December 15th when Defendants indicated that it would need to be raised at the December 20th in person discovery hearing because no resolution had been reached and every suggested resolution by Defendants had been

1  rejected.

2      On January 19, 2024 this Court issued an order requiring Defendants to

3  produce medical records by January 26th.  (*See* Dkt. 487) Defendants immediately

4  undertook a process of taking Plaintiffs' December 7th list and attempting to follow

5  the indicated criteria to pull records in the requested categories to be produced on

6  January 26th.  The only way the records could be timely produced was to begin work

7  on them immediately, pare down the lists substantially and only pull the most recent

8  records where Defendants medical staff was able to identify certain markers (flags)

9  in JIMS (which do not exist for most of the criteria identified in the December 7th

10  email), use personal recall as to who presently had certain conditions, and using the

11  logs provided to Plaintiffs for medications, and sick calls which correspond to

12  certain medical conditions, and logs of referrals to outside providers including

13  emergency room trips. The medical records were produced on Friday, January 26th

14  and the mental and dental are still in process of being downloaded by Defendants

15  and produced. There are a total of 173 individual sets of records being produced.

16      Plaintiffs' counsel sent a last minute alteration to the 12/7 list on Tuesday,

17  January 23, 2024---4 days after this Court ordered Defendants to select criteria of its

18  choosing and after Defendants had already started pulling records applying

19  Plaintiffs' December 7th criteria. Defendants had no obligation to drop what they

20  were doing in order to comply with this Court's order because Plaintiffs suddenly

21  decided to feign cooperation and send a last minute revision to their requested list of

22  records.

23      The January 23rd list and the list of alleged issues with the criteria set forth in

24  Plaintiffs position statement above, are suspect at best because according to

25  Plaintiffs, if Defendants had agreed to produce the records in response to the

26  December 7th list (**Exhibit F hereto**), there would be no dispute. Defendants having

27  nothing better to rely upon, used the December 7th criteria provided by Plaintiffs.

28  The December 7th list contains no parameters for those "receiving treatment or care"

vs. those "diagnosed or requesting care", as is complained about above. It is unclear why missing portions of files cannot be cured by identification of those files. There is not a single parameter in the December 7th email about "pending" v. submitted" sick calls. This is a new, manufactured parameter. The objection to a person who "submitted" 5 sick calls versus has sick calls pending is nonsensical. 5 sick calls was the parameter on December 7th whether they were pending or not. People are not sent to hospitals for specialty treatment so there are no such records. Emergency room visits were included by Defendants per the December 7th criteria ("emergency room for a medical reason after being booked into the jail"). The most ridiculous is the complaint about omitting files for untreated and unseen individuals. If the people were untreated and unseen, there would be no record.

Plaintiffs steadfastly refused to narrow requests for any records in this case until forced to so by the Court and in this instance, they have had since at least September 22, 2023 to speak with their expert and come up with a narrowed request. They refused and should not now be rewarded for bad faith behavior in discovery. The Court should refuse any further production requests given that the current situation is Plaintiffs' doing exclusively and without justification. The time and expense Defendants have been put to in trying to get Plaintiffs to pare down requests, only to have them do it in what is supposedly the last iteration 3 days before the Court ordered the records to be produced, is bad faith.

Because Plaintiffs provided no criteria for custody records whatsoever, Defendants are in the process of downloading and producing custody records for the 173 individuals whose medical records are being produced.

## II. Defendants' Amended Response to Interrogatory No. 24

Interrogatory No. 24 asks Defendants to "[i]dentify all audits relating to custody operations and HEALTH CARE services at the JAIL, from January 1, 2020 to the present." Defendants served their second amended response on January 23, 2024, listing "inspections from January 1, 2022 to the present, which [they]

1  interpret[] as being the equivalent of an 'audit'."  Exhibit E.

2  **Plaintiffs' Position**:

3      Plaintiffs object to Defendants' limiting the time frame of their response, as

4  Plaintiffs require information since January 1, 2020.  Audits dating back to this time

5  period will show a wider breadth of issues, a deeper understanding of what

6  Defendants' are doing to address long-standing issues, as well as Defendants'

7  knowledge regarding certain practices.  Plaintiffs request that Defendants be ordered

8  to further amend their response to identify audits going back to January 1, 2020, as

9  well as to (i) describe their interpretation of "audit" as applied to the response, and

10  (ii) include the Department of Inspection Services (DIS) quarterly audits identified

11  at Christina Bavencoff (Ralph)'s deposition.

12      **Defendants' Position**:

13      Plaintiffs seek an injunction for alleged currently existing issue in the jails. If

14  they cannot prove that currently existing issues in the jail exist, they lose.  What

15  happened in the jails in 2020 and 2021 is irrelevant.  Audit and inspections (terms

16  which Plaintiffs use interchangeably in discovery) in 2022 and even 2023 are of de

17  minimis value because Plaintiffs have to show current conditions at the time of trial.

18  Arguably, an audit from 2022 and 2023 can be used to determine if conditions are

19  still the same although their significance is minimized by the lengthy and thorough

20  inspections Plaintiffs are conducting which essentially moot anything in the audit

21  reports, good or bad.  Given the overbreadth of the request and the thorough

22  inspections being conducted by Plaintiffs, Defendants properly limited the

23  responsive time period to January 1, 2022 (and including one report from late 2021

24  because of its proximity to the January 1, 2022 cut off).

25      Plaintiffs may not dictate the written answer provided.  Defendants deem it

26  complete and the it would be improper to require Defendants to provide an answer

27  dictated by Plaintiffs.

28

1     Respectfully submitted,

2  DATED:  January 30, 2024     ROSEN BIEN GALVAN & GRUNFELD LLP

3     By: */s/ Van Swearingen*

4         Van Swearingen

5     Attorneys for Plaintiffs and the Certified Class
6     and Subclass

7

8  DATED:  January 30, 2024     BURKE, WILLIAMS & SORENSEN, LLP

9     By: */s/ Elizabeth M. Pappy*

10        Elizabeth M. Pappy

11    Attorneys for Defendants

12

13

14            **SIGNATURE CERTIFICATION**

15        Pursuant to the Court's Electronic Case Filings Procedures Manual Section

16  2(f)(4), I certify that I have obtained consent of all signatories to the electronic

17  filings of the foregoing document.

18

19  DATED:  January 30, 2024     ROSEN BIEN GALVAN & GRUNFELD LLP

20    By: */s/ Van Swearingen*

21        Van Swearingen

22    Attorneys for Plaintiffs and the Certified Class
23    and Subclass

24

25

26

27

28

# TABLE OF CONTENTS
## EXHIBITS TO THE JOINT STATUS REPORT

| EXHIBIT | DESCRIPTION | PAGE NO. |
|---|---|---|
| A. | Plaintiffs' Counsel Email re: Dunsmore: Plaintiffs' proposal for individual medical/mental health records, December 7, 2023 | 1 |
| B. | Defense Counsel Email re: Activity in Case 3:20-cv-00406-AJB-DDL Dunsmore v. State of California et al Order on Motion for Miscellaneous (Other 1), January 24, 2024 | 4 |
| C. | Defense Counsel Email re: Dunsmore v. County of San Diego, January 26, 2024 | 13 |
| D. | Defense Counsel Email re: Dunsmore v. County of San Diego, January 29, 2024 | 16 |
| E. | Defendants Second Amended Responses to Plaintiffs' Second Set of Interrogatories, Served January 23, 2024 | 23 |
| F. | Plaintiffs' Counsel Email re Dunsmore: Plaintiffs' proposal for individual medical/mental health records, December 7, 2023 | 40 |

[4429783.1]

# EXHIBIT A

| | |
|---|---|
| **From:** | Hannah Chartoff |
| **To:** | Pappy, Elizabeth M.; Coleman, Susan E. |
| **Cc:** | Van Swearingen; Gay C. Grunfeld; Aaron Fischer; Priyah Kaul; Eric Monek Anderson |
| **Subject:** | Dunsmore: Plaintiffs" proposal for individual medical/mental health records [IMAN-DMS.FID55015] |
| **Date:** | Thursday, December 7, 2023 11:30:52 AM |

Hi Beth,

Below is Plaintiffs' proposal for individual records. For each record set, we request complete custody and medical records. We would like to discuss a methodology as to the selection of records as well as to ensure that each record requested is unique (no duplicates even if the same person meet the criteria of two bullets) and recent within the last twelve months. Please review the requests and let us know your initial thoughts. We are available to meet and confer this week.

Thank you,

Hannah

Medical

- 10 records of people identified as having opioid use disorder
- 10 records each of people placed on withdrawal protocols for 1) alcohol, 2) opiates, and 3) benzodiazepines
- 10 records each of people diagnosed with the following illnesses: 1) HIV/AIDS, 2) Hepatitis C, 3) Type 2 Diabetes, 4) Hypertension, 5) Cancer
- 10 records of people who received gynecological care
- 10 records of people who were pregnant while incarcerated
- 10 records of people sent to the emergency room for a medical reason after being booked into the jail
- 10 records of people who submitted 5 or more sick call requests for medical care
- 10 records of people housed in "medical overflow" administrative segregation cells
- 10 records of people referred for dialysis and then returned to the Jail
- 10 records of people referred for orthopedic care and then returned to the Jail
- 10 records of people who were hospitalized for specialty care and then returned to the Jail
- 10 records of people who had an active medication prescription for a medical issue at the time they were booked into the jail
- 10 records of people who spent more than three months at the jail after being evaluated in the jail for eyeglasses

Mental Health

- 10 records of people who submitted 3 or more sick call requests for mental health care
- 10 records of people who requested confidential mental health encounters (as opposed to cell-side encounters)
- 10 records of people who were placed in a safety cell for 24 hours or longer
- 10 records of people who were placed in an EOH cell for 48 hours or longer
- 10 records of people who were assessed as suicidal at the time they were booked into the jail
- 10 records of people who were assessed as at the highest risk for suicide after they had been booked into the jail
- 10 records of people who have been admitted for hospitalization outside of the jail following a suicide attempt/incident of serious self-harm at the jail
- 10 records of people who were housed in the PSU at Central Jail for 48 hours or longer
- 10 records of people who were housed in the PSU at Las Colinas Jail for 48 hours or longer

**Ex. A-2**

10 records of people who were housed in administrative segregation cells for 48 hours or longer on the fifth or sixth floors at Central Jail who have also spent time in PSU

- 10 records of people who were housed in administrative segregation cells for 48 hours or longer on the fifth or sixth floors at Central Jail who have also spent time in OPSD
- 10 records of people with the following illnesses: 1) schizophrenia, 2) bipolar disorder, 3) anxiety, and 4) depression
- 10 records of people who had an active prescription for medication for a mental health issue at the time they were booked into the jail

Dental

- 40 records of people who were identified at booking as requiring urgent dental care (severe pain or infection), and who were incarcerated for at least one week
- 80 records of people who submitted sick call requests for urgent dental care (severe pain or infection) , and who were incarcerated for at least one week after the sick call request was made
- 40 records of people who submitted sick call requests for cavities, and who were incarcerated for at least four months after the sick call request was made
- 40 records of people who were referred to outside dental care by dental staff at the jail, and who were incarcerated for at least two months after the referral

**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

**Ex. A-3**

# EXHIBIT B

Ex. B-4

| From: | Pappy, Elizabeth M. |
|---|---|
| To: | Priyah Kaul; Coleman, Susan E. |
| Cc: | Gay C. Grunfeld; Van Swearingen; Hannah Chartoff |
| Subject: | RE: Activity in Case 3:20-cv-00406-AJB-DDL Dunsmore v. State of California et al Order on Motion for Miscellaneous (Other 1) |
| Date: | Wednesday, January 24, 2024 1:10:15 PM |

[EXTERNAL MESSAGE NOTICE]

You have not been asking for this information since December 7th since the Court just issued the order directing my client to choose criteria.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Wednesday, January 24, 2024 12:35 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>
**Subject:** RE: Activity in Case 3:20-cv-00406-AJB-DDL Dunsmore v. State of California et al Order on Motion for Miscellaneous (Other 1)

[EXTERNAL]

Understood.  Would you share with us the criteria you are using to select the files as soon as possible?  We have been asking for this information since at least December 7 to help ensure a non-biased, random sample is selected.  Thanks.

Priyah Kaul
Senior Counsel

**Ex. B-5**



101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, January 23, 2024 4:57 PM
**To:** Priyah Kaul <pkaul@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Hannah
Chartoff <HChartoff@rbgg.com>
**Subject:** RE: Activity in Case 3:20-cv-00406-AJB-DDL Dunsmore v. State of California et al Order on
Motion for Miscellaneous (Other 1)

[EXTERNAL MESSAGE NOTICE]

As I advised you in the call yesterday, Defendants are following the Court order and selecting
medical records and custody files based upon criteria we have determined because of Plaintiffs'
failure to provide properly narrowed requests.

The attached cannot and will not be used at this late stage.  My client has already started processing
the records.

Thank you.


Elizabeth M. Pappy | Partner
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee
named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney
work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated
addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this
document through inadvertent error and any further review, dissemination, distribution or copying of this communication by
you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US
IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Priyah Kaul <pkaul@rbgg.com>

**Ex. B-6**

**Sent:** Tuesday, January 23, 2024 4:51 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>
**Subject:** RE: Activity in Case 3:20-cv-00406-AJB-DDL Dunsmore v. State of California et al Order on Motion for Miscellaneous (Other 1)

[EXTERNAL]

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Hi Beth,

Thanks for the call yesterday to meet and confer following the Court's order of January 19, 2024. As required by that order, Plaintiffs' counsel have reviewed all sick call lists and medication logs that we identified in Defendants' productions. Based on our review we attach here an initial list of names and booking/JIMS numbers for class members whose medical and custody records Plaintiffs are requesting. Plaintiffs reserve the right to add to and/or substitute names on this list, including based on information we may learn from your forthcoming production of records and informing us of the criteria you are using to select records.

In generating the attached list, to the extent possible, we used documents produced by Defendants to randomly select individuals who meet the criteria listed in our December 7, 2023 email. As discussed on the call, however, we are not able to identify individuals who meet certain of the criteria based on the documents produced. Below is a list of documents and information we are requesting that would help us identify individuals meeting some of the outstanding criteria:

- Chart of all dental sick calls, including those not completed
- Roster safety cell placements since October 1, 2023
- Roster of EOH placements since October 1, 2023
- Roster of OPSD (current)
- Rosters for Central 6E/7E (current)
- List of suicide attempts, serious self-harm for last 12 months
- Documents reflecting medications and diagnoses at intake

We understood from the call that Defendants will not agree to produce additional documents for this purpose, but wanted to provide you with this list in writing to the extent you may reconsider your position.

Thanks,


Priyah Kaul
Associate Attorney




101 Mission Street, Sixth Floor
San Francisco, CA 94105

**Ex. B-7**

(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** Priyah Kaul
**Sent:** Sunday, January 21, 2024 9:33 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>
**Subject:** RE: Activity in Case 3:20-cv-00406-AJB-DDL Dunsmore v. State of California et al Order on Motion for Miscellaneous (Other 1)

Tomorrow at 4pm works.  We can use this dial-in:

Dial-in number (US): (844) 890-7777
Access code: 370-265-016#

Thanks,

Priyah Kaul
Associate Attorney



101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Saturday, January 20, 2024 10:38 AM
**To:** Priyah Kaul <pkaul@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>
**Subject:** RE: Activity in Case 3:20-cv-00406-AJB-DDL Dunsmore v. State of California et al Order on Motion for Miscellaneous (Other 1)

<div style="background-color:#F5D76E">[EXTERNAL MESSAGE NOTICE]</div>

How about 4:00 p.m. on Monday?  I would like to talk as early as possible in the week.


**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113

**Ex. B-8**

d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Friday, January 19, 2024 6:08 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>
**Subject:** FW: Activity in Case 3:20-cv-00406-AJB-DDL Dunsmore v. State of California et al Order on Motion for Miscellaneous (Other 1)

[EXTERNAL]

Hi Beth. Do you have availability Tuesday to meet and confer regarding the Court's order below? Thanks.

Priyah Kaul
Associate Attorney



101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

**From:** efile_information@casd.uscourts.gov <efile_information@casd.uscourts.gov>
**Sent:** Friday, January 19, 2024 9:29 AM
**To:** efile_information@casd.uscourts.gov
**Subject:** Activity in Case 3:20-cv-00406-AJB-DDL Dunsmore v. State of California et al Order on Motion for Miscellaneous (Other 1)

[EXTERNAL MESSAGE NOTICE]

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT**

**Ex. B-9**

**RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of California

## Notice of Electronic Filing

The following transaction was entered on 1/19/2024 at 9:28 AM PST and filed on 1/19/2024

**Case Name:**      Dunsmore v. State of California et al

**Case Number:**    3:20-cv-00406-AJB-DDL

**Filer:**

**Document Number:** 495(No document attached)

**Docket Text:**
**ORDER denying [487] Motion Extension of Deadline to File. The parties' Joint Motion does not comply with the Court's Chambers Rules, and on the merits does not establish good cause for the requested extension. *See* Chamber Rules for the Honorable David D. Leshner, § III.E. Accordingly, the Joint Motion is DENIED.**

**The Court further ORDERS as follows:**
**By not later than January 22, 2024, Plaintiffs shall review all sick call lists and medication logs.**
**By not later than January 26, 2024, Defendants shall serve their amended response to Interrogatory No. 24 and the subset of medical and custody records. The medical and custody records shall be identified and collected pursuant to criteria of Defendants' choosing. Defendants shall inform Plaintiffs of the criteria used.**
**By not later than January 30, 2024, the parties shall file a Joint Status Report setting forth each party's position on the adequacy of Defendants' production with respect to the sick call lists, medication logs, and medical and custody records, and the response to Interrogatory 24. The Joint Status Report shall not exceed two (2) pages per side.**
**The parties are advised that in setting the above deadlines, the Court has not made any finding as to whether the parties' disputes were timely raised or whether any untimely dispute should nevertheless be considered on the merits. (no document attached) (src)**

**3:20-cv-00406-AJB-DDL Notice has been electronically mailed to:**

**Ex. B-10**

Christopher M. Young    christopher.young@dlapiper.com, Candice.Caufield@us.dlapiper.com, christopher-young-7754@ecf.pacerpro.com

Susan E Coleman    scoleman@bwslaw.com, dcaamal@bwslaw.com, dwetters@bwslaw.com, tmehra@bwslaw.com

Lara Sue Garner    lsgarner@grsm.com, aaroyan@grsm.com, sdaubert@grsm.com

Craig J Mariam    cmariam@grsm.com

Steven Paul Inman, II    steven.inman@sdcounty.ca.gov, Ridgehaven.ECF@sdsheriff.gov, az.thell@sdcounty.ca.gov, brittney.lubow@sdcounty.ca.gov, chelsea.andersen@sdcounty.ca.gov, samantha.cheetham@sdcounty.ca.gov, shawn.choi@sdcounty.ca.gov, victoria.greska@sdcounty.ca.gov

Richard Van Swearingen    vswearingen@rbgg.com, eheywood@rbgg.com, kchan@rbgg.com, lnewfeld@rbgg.com

Lauren Hardisty    lhardisty@ldrlaw.com

Aaron J. Fischer    ajf@aaronfischerlaw.com

Eric D. Monek Anderson    eanderson@rbgg.com

Michael J. Dailey    mdailey@grsm.com, alozano@grsm.com, mcflores@grsm.com

Gay Crosthwait Grunfeld    ggrunfeld@rbgg.com, eheywood@rbgg.com, kchan@rbgg.com

Priyah Kaul    pkaul@rbgg.com

Oliver M. Kiefer    oliver.kiefer@us.dlapiper.com, 5426@ecf.pacerpro.com, oliver-kiefer-4572@ecf.pacerpro.com

Isabella Maria Neal    isabella.neal@us.dlapiper.com

Christopher Thomas Grohman    cgrohman@beneschlaw.com, bambriz@beneschlaw.com, docket2@beneschlaw.com

William Philip Sweet    wsweet@taftlaw.com, IND_Docket_Assist@taftlaw.com, ccushing@taftlaw.com, kdevalal@taftlaw.com

Hannah M. Chartoff    hchartoff@rbgg.com

James Richard Andrew Dawson    jdawson@taftlaw.com

**Ex. B-11**

Elizabeth Marie Pappy    epappy@bwslaw.com, lgonzalez@bwslaw.com

Salayha Khaliq Ghoury    sghoury@bwslaw.com, pmruiz@bwslaw.com

**3:20-cv-00406-AJB-DDL Notice has been delivered by other means to:**

Pedro Rodriguez
14745493
Vista Detention Facility
451 Riverview Parkway
Building C
Santee, CA 92071

**Ex. B-12**

# EXHIBIT C

Ex. C-13

| From: | Pappy, Elizabeth M. |
|---|---|
| To: | Van Swearingen; Priyah Kaul; Hannah Chartoff |
| Cc: | Coleman, Susan E. |
| Subject: | Dunsmore v. County of San Diego: |
| Date: | Friday, January 26, 2024 3:40:01 PM |

[EXTERNAL MESSAGE NOTICE]

Counsel,

Per the Court's order to provide the criteria used to locate the medical records being produce, we utilized the topics you provided December 7, 2023, and applied the following criteria:

<u>Medical Health:</u>

- Opioid use disorder: Review of MAT flag
- People placed on withdrawal protocols for 1) alcohol, 2) opiates, and 3) benzodiazepines: Review of CIWA/COWS flags
- People diagnosed with the following illnesses: 1) HIV/AIDS, 2) Hepatitis C, 3) Type 2 Diabetes, 4) Hypertension, 5) Cancer: Review of HIV flag, Hep C flag, Diabetes flag and confirmed with medication, Pharmacy search for medication and then verified why they were taking it, and for cancer, reached out to case management (internal nurses)
- Recipients of gynecological care: Pulled LCDRF population and picked random people to see if they had been seen.
- People who were pregnant while incarcerated: Pregnancy flag and confirmed pregnancy.
- People sent to the emergency room for a medical reason after being booked into the jail: reviewed ED sendouts
- People who submitted 5 or more sick call requests for medical care: reviewed list of who has pending RN sick calls.
- People housed in "medical overflow" administrative segregation cells: looked at current occupants.
- People referred for dialysis: Pulled flag and made sure they were in jail long enough to receive dialysis.
- People referred for orthopedic care and then returned to the Jail: Utilization management queue and pulled everyone referred to ortho.
- People who spent more than three months at the jail after being evaluated in the jail for eyeglasses: pulled utilization management queue and looked at who saw optometrist and verified 3 months in custody after seeing optometrist.

<u>Dental Health:</u>

- People who submitted sick call requests for dental care: Reviewed actively pending dental sick calls. Randomly selected.
- People who were approved to outside dental care by dental staff at the jail: Reviewed Utilization management queue to identify people who were approved for dental care.
- People who submitted 3 or more sick call requests for mental health care: Based upon memory and review of TechCare sick call viewer archived reports.

<u>Mental Health:</u>

- People who requested mental health encounters: Based upon Memory and review of TechCare sick call viewer archived reports.
- People who were placed in a safety cell for 24 hours or longer: Review of data from

<div align="right"><b>Ex. C-14</b></div>

PowerBI to create a list of patients for manual search of their TechCare charts.

- People who were placed in an EOH cell for 48 hours or longer: Data from PowerBI to create a list of patients for manual search of their TechCare charts.

- People who were assessed as suicidal at the time they were booked into the jail: Based upon memory, floor count notes from previous wellness rounds, staff DOPS, ad-sep trackers, running OPSD flag report

- People who have been admitted for hospitalization outside of the jail following a suicide attempt/incident of serious self-harm at the jail: Search based upon memory and NetRMS review tracking/process.

- People who were housed in the PSU at Central Jail for 48 hours or longer: Based upon memory, review of AdSep trackers from 2021 to present, and review current PSU census.

- People who were housed in the PSU at Las Colinas Jail for 48 hours or longer: Review of WPSU Census 1/24/2024, MTP today. First 11 on list are admit at least 48 hours.

- Records of people who were housed in administrative segregation cells for 48 hours or longer on the fifth or sixth floors at Central Jail who have also spent time in PSU: Based upon memory and review of AdSep trackers from 2021 to present, and current PSU census.

- People who were housed in administrative segregation cells for 48 hours or longer on the fifth or sixth floors at Central Jail who have also spent time in OPSD: Based upon memory, floor count notes from previous wellness rounds, staff DOPS, ad-sep trackers, running OPSD flag report

- People with the following illnesses: 1) schizophrenia, 2) bipolar disorder, 3) anxiety, and 4) depression: Reviewed data from PowerBI to create a list of patients for manual search of their TechCare charts.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**Ex. C-15**

# EXHIBIT D

| | |
|---|---|
| **From:** | Pappy, Elizabeth M. |
| **To:** | Hannah Chartoff; Van Swearingen; Priyah Kaul; Gay C. Grunfeld |
| **Cc:** | Coleman, Susan E. |
| **Subject:** | RE: Dunsmore v. County of San Diego: [IMAN-DMS.FID55015] |
| **Date:** | Monday, January 29, 2024 3:20:12 PM |

**[EXTERNAL MESSAGE NOTICE]**

Your questions, both original and below, completely miss the mark on the purpose of this discovery and what you should be reviewing it for. You want medical records that show that current medical, dental and mental health care in the jails is insufficient/inadequate. We gave you medical records, albeit not the massive quantity you wanted.

Please answer the following questions so I can understand why the information requested in your email below is other than a waste of our collective time and based solely on the fact that you didn't get what you asked for and now want to complain:

1. Did your medical expert review all the records over the weekend?
2. What specific issues did the medical expert identify with what was provided? Please be specific and use the expert's words and not legal arguments. This will help the jail medical staff home in on the expert's concern medically (dental or mental).
3. Were they too old? Too new? Didn't reflect the conditions the individuals suffered from/experienced and that you requested?
4. Please identify the specific records which your expert deems to be insufficient by Bates Numbers and explain exactly why so we can try to meet and confer about providing alternates and/or supplements that address the specific need of your expert.

When we are done producing all the medical, mental health and dental records, there will be a total of 173 IP records. Custody will match those 173 individuals. To the extent you decide to complain about the mental health and dental records, I will need the same information from your experts as requested above from the medical expert. Without this information, it is impossible to meet and confer.

Let's assume the person who selected the records did it randomly within a certain time frame like picked names out of a hat or alternatively that they picked the 5 or 6 most recent, for example. What will knowing this information tell your expert? If the person has the requested condition, why does it matter how the 5 or 6 were selected? And please provide me the case citation that says you are entitled to know communications between my client and I about searching for records? It may well be that I tell you conducted the search but we are not at that point because I have no trust in the meet and confer process with you given our history.

You previously gave us a request for 10 records for each of the subcategories (December 7th) without worrying about "random" or "recent" or any other of your complaints below. If we had provided the 10, you would have no questions, correct? So why is the 5 now subject to scrutiny?

We need to hear from your expert with the specifics I have requested to know what you think is

**Ex. D-17**

missing. My clients have met their meet and confer obligation and the ball is now in your Court.

And don't forget about the expert information we have requested about RFP 250, 251 and 252. Nothing from you yet and it's already 3:06 p.m. Please be advised that we will come to court next week with a list of specific questions for your expert and ask that the Court compel responses to allow proper meet and confer.

Thank you for your anticipated cooperation.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Hannah Chartoff <HChartoff@rbgg.com>
**Sent:** Monday, January 29, 2024 2:52 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** RE: Dunsmore v. County of San Diego: [IMAN-DMS.FID55015]

[EXTERNAL]

---

As I explained in my separate email of 12:56 p.m. today, I inadvertently sent these questions about the individual medical and custody records to the wrong email chain at first.  I re-sent them on this chain in the hopes of keeping us organized.  Thanks for your patience with the multiple emails.

Plaintiffs have a few follow-up questions / responses, to which we need answers in order to assess the adequacy of the production:

1. Regarding the "randomly" selected records – your response in red does not explain how the randomization was conducted.  Was someone given discretion to select records that appeared "random" to them from within each of these lists, or was some other method (e.g., a random number generator) used?  If a person was given discretion, who was that person and what guidelines were given to them?

**Ex. D-18**

2. Regarding the "pulled flag" records – are these flags in JIMS, TechCare, or another location? Who decides when a flag is created?  Of the flagged records, how did Defendants decide how many to pull?

3. Regarding the records selected from "memory" – we object to Defendants' invocation of privilege, in light of the Court's order that the criteria be provided to Plaintiffs.

4. Regarding PowerBI – Plaintiffs understood from prior meet and confers that PowerBI is a software program of some kind used by Defendants to create reports from other data.  How was PowerBI used in this context to identify medical records?  From what data were those reports run?

5. Regarding the final bullet point in my earlier email:  For some individuals whose records were produced, there is a single document regarding that individual.  For other individuals (e.g., Ashley Fogg, 23745480), there are 8 different documents, all of which contain medical records.  Plaintiffs are trying to understand why this discrepancy exists and are wondering if there were some types of records that were produced as separate documents for Ms. Fogg and certain other incarcerated people, but not for other individuals.  Why are the records different?  Are these records complete?

Thank you,
Hannah

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, January 29, 2024 1:05 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** RE: Dunsmore v. County of San Diego:

[EXTERNAL MESSAGE NOTICE]

I'm unclear why I received the below which I cut and paste from your email in response to an from me email about your experts explanation regarding RFP 250, 251 and 252.

To avoid any incorrect claims about what has and has not been done or said about anything, please review my responses in red to your separate email sent today:

"In addition, Plaintiffs have several questions related to Defendants' methodology to select these records, as outlined below.  In particular:

- For records that were "randomly" selected, what was the randomization process (e.g., a random number generator, based on last digit of booking number, at the discretion of the person selecting the records, or some other method)? The word "random" appears to indicate that a selection of records were taken from the indicated source (e.g. sick call

records) and randomly selected to confirm they addressed your parameter of, for example, pregnancy or dental pain.

- What does "pulled flag" mean? It means that records were pulled based upon a flag indicating the parameter you requested.
- For records selected based on "memory," whose memory is referred to? This information is subject to work product and privilege and will not be disclosed.
- What is PowerBI, and how was it utilized in this process? You were provided an explanation of PowerBI during meet and confer on other issues several times.  You have a PMK deposition notice of a tech person.  You may ask your questions of that person.
- How many records from each category have been produced?  I will provide you the list of names associated with the searches.  They may be lumped into "dental", "medical" and "Mental" but you can have what I received.
- Some individuals' records in the production appear to be broken across multiple documents – why is that the case?  For each individual, were all documents constituting the individual's medical and custody files produced?"  This is unclear.  Please explain what you mean.

As to custody records, we are in the process of pulling custody records for every person whose medical, mental and/or dental records were/are being provided.  The "criteria" was "medical records pulled" in compliance with Dkt. 495.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Pappy, Elizabeth M.
**Sent:** Friday, January 26, 2024 3:40 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Priyah Kaul <pkaul@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>

**Ex. D-20**

**Subject:** Dunsmore v. County of San Diego:

Counsel,

Per the Court's order to provide the criteria used to locate the medical records being produce, we utilized the topics you provided December 7, 2023, and applied the following criteria:

Medical Health:

- Opioid use disorder:      Review of MAT flag
- People placed on withdrawal protocols for 1) alcohol, 2) opiates, and 3) benzodiazepines:          Review of CIWA/COWS flags
- People diagnosed with the following illnesses:  1) HIV/AIDS, 2) Hepatitis C, 3) Type 2 Diabetes, 4) Hypertension, 5) Cancer:  Review of HIV flag, Hep C flag, Diabetes flag and confirmed with medication, Pharmacy search for medication and then verified why they were taking it, and for cancer, reached out to case management (internal nurses)
- Recipients of gynecological care:  Pulled LCDRF population and picked random people to see if they had been seen.
- People who were pregnant while incarcerated:  Pregnancy flag and confirmed pregnancy.
- People sent to the emergency room for a medical reason after being booked into the jail:  reviewed ED sendouts
- People who submitted 5 or more sick call requests for medical care:  reviewed list of who has pending RN sick calls.
- People housed in "medical overflow" administrative segregation cells:  looked at current occupants.
- People referred for dialysis:        Pulled flag and made sure they were in jail long enough to receive dialysis.
- People referred for orthopedic care and then returned to the Jail:  Utilization management queue and pulled everyone referred to ortho.
- People who spent more than three months at the jail after being evaluated in the jail for eyeglasses:  pulled utilization management queue and looked at who saw optometrist and verified 3 months in custody after seeing optometrist.

Dental Health:

- People who submitted sick call requests for dental care:  Reviewed actively pending dental sick calls. Randomly selected.
- People who were approved to outside dental care by dental staff at the jail:  Reviewed Utilization management queue to identify people who were approved for dental care.
- People who submitted 3 or more sick call requests for mental health care: Based upon memory and review of TechCare sick call viewer archived reports.

Mental Health:

-
- People who requested mental health encounters: Based upon Memory and review of

**Ex. D-21**

TechCare sick call viewer archived reports.

- People who were placed in a safety cell for 24 hours or longer:  Review of data from PowerBI to create a list of patients for manual search of their TechCare charts.
- People who were placed in an EOH cell for 48 hours or longer:  Data from PowerBI to create a list of patients for manual search of their TechCare charts.
- People who were assessed as suicidal at the time they were booked into the jail:  Based upon memory, floor count notes from previous wellness rounds, staff DOPS, ad-sep trackers, running OPSD flag report
- People who have been admitted for hospitalization outside of the jail following a suicide attempt/incident of serious self-harm at the jail:  Search based upon memory and NetRMS review tracking/process.
- People who were housed in the PSU at Central Jail for 48 hours or longer:  Based upon memory, review of AdSep trackers from 2021 to present, and review current PSU census.
- People who were housed in the PSU at Las Colinas Jail for 48 hours or longer:  Review of WPSU Census 1/24/2024, MTP today. First 11 on list are admit at least 48 hours.
- Records of people who were housed in administrative segregation cells for 48 hours or longer on the fifth or sixth floors at Central Jail who have also spent time in PSU:  Based upon memory and review of AdSep trackers from 2021 to present, and current PSU census.
- People who were housed in administrative segregation cells for 48 hours or longer on the fifth or sixth floors at Central Jail who have also spent time in OPSD:  Based upon memory, floor count notes from previous wellness rounds, staff DOPS, ad-sep trackers, running OPSD flag report
- People with the following illnesses: 1) schizophrenia, 2) bipolar disorder, 3) anxiety, and 4) depression:  Reviewed data from PowerBI to create a list of patients for manual search of their TechCare charts.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com
Burke, Williams & Sorensen, LLP


The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**Ex. D-22**

# EXHIBIT E

Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, ANDREE
ANDRADE, ERNEST ARCHULETA,
JAMES CLARK, ANTHONY
EDWARDS, LISA LANDERS,
REANNA LEVY, JOSUE LOPEZ,
CHRISTOPHER NELSON,
CHRISTOPHER NORWOOD, JESSE
OLIVARES, GUSTAVO
SEPULVEDA, MICHAEL TAYLOR,
and LAURA ZOERNER, on behalf of
themselves and all others similarly
situated,

            Plaintiffs,

      v.

SAN DIEGO COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF SAN
DIEGO, SAN DIEGO COUNTY
PROBATION DEPARTMENT, and
DOES 1 to 20, inclusive,

            Defendants.

Case No. 3:20-cv-00406-AJB-DDL

**DEFENDANTS SAN DIEGO
COUNTY SHERIFF'S
DEPARTMENT, COUNTY OF SAN
DIEGO, SAN DIEGO COUNTY
PROBATION DEPARTMENT'S
SECOND AMENDED RESPONSES
TO PLAINTIFFS' SECOND SET OF
INTERROGATORIES**

Judge: Anthony J. Battaglia

Magistrate Judge David D. Leshner

///

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SECOND AMENDED
RESPONSES TO INTERROGS. SET TWO

Ex. E-24

1  PROPOUNDING PARTY:   PLAINTIFFS

2  RESPONDING PARTY:   DEFENDANTS SAN DIEGO COUNTY SHERIFF'S

3  DEPARTMENT, COUNTY OF SAN DIEGO, AND

4  SAN DIEGO COUNTY PROBATION

5  DEPARTMENT

6  SET NO.:   TWO

7  **INTERROGATORY NO. 11:**

8  State all facts in support of YOUR First Affirmative Defense.

9  **RESPONSE TO INTERROGATORY NO. 11:**

10  In paragraphs 38-41, 42-49, 50-52, 53-59, 60-73, 74-83, 84-122, and 123-229

11  of the Third Amended Complaint make conclusory statements that Defendants are

12  diagnosing and treating medical and mental health conditions negligently.

13  Negligent provision of healthcare cannot form the basis for a civil rights action

14  pursuant to *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 [9th Cir. 1980];

15  *Citing, Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), or a

16  violation of the 8th Amendment of the U.S. Constitution. *Tenore v. Horowitz,* 2017

17  WL 3868408, *2-3 (E.D. Cal. September 5, 2017) In addition, negligent healthcare

18  cannot or a violation of the ADA pursuant to *Greer v. Cnty. of San Diego*, No. 3:19-

19  CV-0378-GPC-AGS, 2020 WL 1864640, at *9 (S.D. Cal. Apr. 14, 2020)

20  Plaintiffs have yet to provide any factual support for any of their claims of

21  negligent or deliberately indifferent medical care and thus there is no evidence at

22  this point to enable responding parties to list specific facts that support the defense

23  that there is no basis for either a negligence based claim or deliberate indifference.

24  Only conclusory allegations have been made in the Third Amended Complaint.

25  **INTERROGATORY NO. 12:**

26  State all facts in support of YOUR contention that "Plaintiffs' claims are

27  barred under such equitable defenses as the evidence demonstrates, including but

28  not limited to the doctrine of estoppel." Dkt. 364, Second Am. Answer to Third Am.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
san diego

2

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SECOND AMENDED
RESPONSES TO INTERROGS, SET TWO

Ex. E-25

1  Compl., at 38 (Second Affirmative Defense).

2  **RESPONSE TO INTERROGATORY NO. 12:**

3      Plaintiffs Dunsmore, Clark and Olivares ("Armstrong Plaintiffs") are included

4  in the CDCR class pursuant to *Armstrong v. Brown.*  The Armstrong class includes

5  every person in CDCR custody with vision, kidney, hearing, mobility, speech, or

6  learning disability.  Dunsmore alleges he is currently incarcerated in a CDCR

7  facility in Stockton, CA.  (Third Amended Complaint "TAC", ¶18)  Clark is now

8  incarcerated in CDCR.  (Id, ¶21)  Olivares was incarcerated in CDCR.  Armstrong

9  Plaintiff Dunsmore suffers from a mobility disability.  (TAC, ¶236 and 237)

10  Armstrong Plaintiff Clark has mobility disabilities.  (TAC, ¶250)

11  **INTERROGATORY NO. 13:**

12      State all facts in support of YOUR contention that "Plaintiffs and members of

13  the purported class on whose behalf they purport to sue failed to exhaust other

14  remedies." Dkt. 364, Second Am. Answer to Third Am. Compl., at 38 (Second

15  Affirmative Defense).

16  **RESPONSE TO INTERROGATORY NO. 13:**

17      Each named plaintiff was required to exhaust remedies pursuant to the PLRA.

18  The TAC does not allege any attempt at exhaustion by any of the plaintiffs.

19  Responding parties served Plaintiffs with discovery which has yet to be responded

20  to and if there are no facts proving compliance with the PLRA, all of Plaintiffs'

21  claims under the ADA and Rehabilitation Act are without merit.  "Because the ADA

22  and Rehabilitation Act are federal laws, the plain language of the PLRA requires

23  that prisoners bringing an action under these federal statutes challenging prison

24  conditions must first exhaust available administrative remedies." *O'Guinn v.*

25  *Lovelock Corr. Ctr.*, 502 F.3d 1056, 1061 (9th Cir. 2007)

26  **INTERROGATORY NO. 14:**

27      State all facts in support of YOUR contention that "Named Plaintiffs

28  Dunsmore, Clark and Olivares are not properly part of any class because they are

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

3

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SECOND AMENDED
RESPONSES TO INTERROGS. SET TWO

Ex. E-26

1   included in the CDCR class under Armstrong v. Brown." Dkt. 364, Second Am.

2   Answer to Third Am. Compl., at 39 (Third Affirmative Defense).

3   **RESPONSE TO INTERROGATORY NO. 14:**

4       Plaintiffs may not be a part of any class in this matter that duplicates the relief

5   being requested in Armstrong in a County jail.  County jails are explicitly covered

6   by the Armstrong injunctive relief.  *Armstrong v. Brown*, 857 F. Supp. 2d 919, 940

7   (N.D. Cal. 2012), order enforced (Aug. 28, 2012), order aff'd, appeal dismissed, 732

8   F.3d 955 (9th Cir. 2013)  "A plaintiff who is a member of a class action for

9   equitable relief concerning prison conditions may not maintain an individual suit for

10  equitable relief arising from the same issues in the class action." *Gilliam v. Frances*,

11  2015 WL 5895770, at *8 (C.D. Cal. Aug. 26, 2015), report and recommendation

12  adopted, 2015 WL 5842267 (C.D. Cal. Oct. 5, 2015) (citing *Crawford v. Bell*, 599

13  F.2d 890, 892–893 (9th Cir. 1979) (a district court may dismiss portions of claims

14  duplicating issues litigated in a class action)).  In *Stewart v. Asuncion*, No. CV 16-

15  5872 JFW (AJW), 2016 WL 8735720 (C.D. Cal. Oct. 26, 2016), report and

16  recommendation adopted, No. CV16-5872 JFW (AJW), 2016 WL 8738146 (C.D.

17  Cal. Nov. 18, 2016), the court held that the *Armstrong* class action barred the

18  plaintiff's claims seeking declaratory or injunctive relief, stating: "Plaintiff, a

19  disabled California state prisoner seeking injunctive relief for alleged ADA

20  violations, is a member of the class to which Armstrong applies. As a result, his

21  claims for injunctive relief under the ADA fall squarely under Armstrong, and he

22  must pursue those claims via the consent decree or through class counsel." *Id*. at *2.

23  **INTERROGATORY NO. 15:**

24      State all facts in support of YOUR contention that "Plaintiffs' requested

25  modifications and relief would cause an undue burden on Defendants and/or are not

26  readily achievable or technically infeasible including such issues as moving

27  structural walls, renovations not required because of lack of and inability to obtain

28  funding, and which ignore safety concerns in a correctional facility setting such as

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

4

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SECOND AMENDED
RESPONSES TO INTERROGS. SET TWO
Ex. E-27

1   'portable showers' and ability to move jail populations on an unreasonable and

2   unsafe timeline advocated by Plaintiffs." Dkt. 364, Second Am. Answer to Third

3   Am. Compl., at 39 (Fourth Affirmative Defense).

4   **RESPONSE TO INTERROGATORY NO. 15:**

5          Discovery is continuing and Plaintiffs have failed to specifically articulate

6   changes they claim must be made but instead provide conclusionary statements in

7   the TAC and Court filings.  Technical noncompliance with ADA guidelines does

8   not establish liability under Title II.  *Rodriguez v. County of San Diego*, 2016 WL

9   4515860, *5-*6 (S.D. Cal. February 9, 2016).  The overall question in a Title II case

10  is program accessibility and technical violations are one "building block".  Id.

11  Undue burden is a relevant consideration in the overall determination of program

12  accessibility and what is provided vs. the difficulty, cost, etc.  28 C.F.R. §35.151(a)

13  Plaintiffs have, for example, demanded that portable showers used during COVID

14  be used in SDCJ Housing Modules.  The portable showers suggested by Plaintiffs

15  are truck trailers converted into showering facilities and are approximately the size

16  of a semi-truck trailer.  Plaintiffs' suggestion that said showering facilities be

17  "installed" at SDCJ was not just technically infeasible but impossible.  Plaintiffs

18  demand that construction in an almost fully occupied jail facility take place at a

19  speed and in a manner that would require transfer of numerous disabled individuals

20  away from accessible housing to inaccessible housing and displacement of non-

21  disabled incarcerated persons to some unidentified location because other facilities

22  are at capacity and/or there is not enough staff to accommodate larger populations at

23  other facilities.  These are only a few examples of the Plaintiffs demands ignoring

24  safety concerns, costs, space, staffing, lack of funding, all of which amount to undue

25  burden.

26  **INTERROGATORY NO. 16:**

27          State all facts in support of YOUR contention that "[t]his Complaint is barred

28  by the relevant portions of the California Government Code, including, but not

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

5

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SECOND AMENDED
RESPONSES TO INTERROGS. SET TWO

Ex. E-28

1  limited to sections 815, 8.15.2 [sic], 818.2, 820.2, 820.4, 820.6,

2  820.8,821,844.6(a)(20 [sic], 845.6, 855.6, 855.8, 856, and 856.4. Plaintiffs' causes

3  of action titles as claims for violation of civil rights and the American's [sic] with

4  Disabilities Act are intentionally mislabeled as such and are nothing more than

5  negligence claims such to the California Government Claims Act." Dkt. 364,

6  Second Am. Answer to Third Am. Compl., at 39 (Fifth Affirmative Defense).

7  **RESPONSE TO INTERROGATORY NO. 16:**

8      Under *Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir.1993),

9  cert denied 510 U.S. 1076, 114 S.Ct. 890, 127 L.Ed.2d 83 (1994) (state statutes of

10  limitations are applicable to civil rights actions under 42 U.S.C. §§ 1981, 1983,

11  1985, and 2000d), Plaintiffs' claims for civil rights violations are subject to state

12  statutes of limitations.  In addition, as stated in the Affirmative Defense, Plaintiffs

13  seek relief for negligent medical, mental health and dental treatment regardless of

14  the "titles" given to the causes of action.  They may not pursue negligence claims

15  outside the statute of limitations applicable to state law negligence limitations

16  periods and without complying with the California Government Tort Claims Act.

17  **INTERROGATORY NO. 17:**

18      State all facts in support of YOUR contention that "Plaintiffs' claims are

19  barred in whole or in part because Plaintiffs lack standing to challenge programs,

20  services, assignments, or activities for which they failed to apply or for which they

21  were not denied." Dkt. 364, Second Am. Answer to Third Am. Compl., at 40 (Sixth

22  Affirmative Defense).

23  **RESPONSE TO INTERROGATORY NO. 17:**

24      Plaintiffs must establish that they are a qualified individual under the ADA,

25  that they are not a member of the Armstrong class for all matters covered by

26  Armstrong, and that they encountered the alleged barriers to programs and services

27  provided by Defendants.  There have been no facts provided by Plaintiffs to

28  substantiate the claims alleged in the unverified Third Amended Complaint to

Burke, Williams & Sorensen, LLP
Attorneys at Law
san diego

6

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SECOND AMENDED
RESPONSES TO INTERROGS, SET TWO

**Ex. E-29**

1 support their claim that they are a qualified individual.

2 **INTERROGATORY NO. 18:**

3        State all facts in support of YOUR contention that "the Complaint fails to

4 state a cause of action for violation of 42 U.S.C. § 1983 under *Monell v. Department*

5 *of Social Services in the City of New York*, 436 U.S. 658 (1978). There can be no

6 recovery for a federal civil rights violation when there is no constitutional

7 deprivation occurring pursuant to governmental custom or policy." Dkt. 364,

8 Second Am. Answer to Third Am. Compl., at 40-41 (Seventh Affirmative Defense).

9 **RESPONSE TO INTERROGATORY NO. 18:**

10        Plaintiffs assert in the Third Amended Complaint that they have been

11 deprived of various programs and services such as mental, medical and dental

12 services, access to counsel, proper health and safety, and discriminatory practices

13 with regard to alternatives to incarceration.  Plaintiffs have failed to specifically

14 identify any specific failure (as opposed to the overly generalized claims in the

15 Third Amended Complaint) while taking into account Jail policies and procedures

16 which are in place for the safety of Incarcerated People, the Public and Staff.  Once

17 plaintiffs identify the specific alleged issues (by providing facts) that currently exist

18 by Plaintiff, Defendants will be able to provide specific policies and procedures

19 (facts) which support the Affirmative Defense.

20 **INTERROGATORY NO. 19:**

21        State all facts in support of YOUR denial to Plaintiffs' Request for Admission

22 No. 3 ("Admit that YOUR determinations regarding appropriate HEALTH CARE

23 standards and/or provision of care to INCARCERATED PERSONS take precedence

24 over the determinations of CONTRACTORS regarding the same.").

25 **RESPONSE TO INTERROGATORY NO. 19:**

26        "YOUR" was not defined and an objection was interposed on this basis.  The

27 request named the County, generically, the Sheriff's Department, and Probation as

28 responding parties.  County staff generically and Probation do not make any

Burke, Williams &
Sorensen, LLP
Attorneys at Law
san diego

7

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SECOND AMENDED
RESPONSES TO INTERROGS, SET TWO

**Ex. E-30**

1  determinations about "appropriate health care standards", making the statement

2  false.

3  **INTERROGATORY NO. 20:**

4      State all facts in support of YOUR denial to Plaintiffs' Request for Admission

5  No. 3 ("Admit that HEALTH CARE STAFF report to custody staff at the JAIL.").

6  **RESPONSE TO INTERROGATORY NO. 20:**

7      Health Care staff do not report to custody staff at the JAIL.  For example, Dr.

8  Jon Montgomery is supervisor for the medical department.  Dr. Montgomery is not

9  "custody staff".  Dr. Montgomery reports to Chris Miedico who is also not "custody

10  staff".

11  **INTERROGATORY NO. 21:**

12      State all facts in support of YOUR contention, in response to Plaintiffs'

13  Request for Admission No. 2 ("Admit that YOU have authority for and

14  responsibility for ANY services provided by CONTRACTORS to

15  INCARCERATED PERSONS") that "the County and the Sheriff's Department

16  have joint authority over and responsibility for services along with contractors."

17  **RESPONSE TO INTERROGATORY NO. 21:**

18      The Sheriff's Department is the same legal entity as the County.  Pursuant to

19  Government Code §26605, the Sheriff is responsible for taking charge of and be the

20  sole and exclusive authority to keep the county jail and the prisoners in it including

21  persons confined to the county jail pursuant to subdivision (b) of Section 3454 of the

22  Penal Code for a violation of the terms and conditions of their postrelease

23  community supervision, except for work furlough facilities where by county

24  ordinance the work furlough administrator is someone other than the sheriff.

25  Pursuant to Government Code §29602, the County is responsible for the expenses

26  necessarily incurred in the support of persons charged with or convicted of a crime

27  and committed to the county jail and the maintenance therein and in other county

28  adult detention facilities of a program of rehabilitative services in the fields of

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

8

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SECOND AMENDED
RESPONSES TO INTERROGS. SET TWO

Ex. E-31

1  training, employment, recreation, and prerelease activities, and for other services in

2  relation to criminal proceedings for which no specific compensation is prescribed by

3  law.

4  **INTERROGATORY NO. 22:**

5      Identify all POLICIES AND PROCEDURES that have been revised since

6  November 18, 2022.

7  **RESPONSE TO INTERROGATORY NO. 22:**

8      Objection.  The request is overbroad and therefore vague and ambiguous.

9  Without waiving said objection and subject thereto, the only policies and procedures

10  relevant to this case are Detention Services Bureau and Jail Medical services

11  policies.  The responsive policies are as follows:   I.20 Supplemental Guidelines For

12  Detentions:  Body Worn Cameras (Bwc); J.7 Emergency Transportation Of

13  Incarcerated Persons With Mental Health Needs; M.6 Life Threatening

14  Emergencies:  Code Blue; M.47 Suspected Opioid Overdose; L.11 Personal

15  Hygiene; M.7 Incarcerated Person Deaths; B.23 Financial Reporting To Detention

16  Services Bureau Commanders; I.52 Strip And Pat Down Searches Of Incarcerated

17  Persons; L.3 Incarcerated Persons Mattresses; M.11 Private Physicians; M.38

18  Pregnant Incarcerated Persons; M.48 Naloxone Issuance And Storage; P.7

19  Newspapers; Q. 66 Transfer Of Incarcerated Person Property; R.11 Incarcerated

20  Person Facility Assignment Criteria; I.41 Cell Searches Of Incarcerated Persons;

21  I.21 Housing Unit Area Activity Log;I.50 Body Scanner and X-rays; M.4 Suicide

22  Prevention and Focused Response Team; I.62 Facility Security; F.5.1 Female

23  Incarcerated Prenatal and Post Partum Care; and F.5.2 Breast Feeding Milk

24  Collection.

25  **INTERROGATORY NO. 23:**

26      Identify all of the quality assurance and/or quality improvement processes

27  RELATING TO the provision of HEALTH CARE at the JAIL, from January 1,

28  2020 to the present.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
san diego

9

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SECOND AMENDED
RESPONSES TO INTERROGS. SET TWO

Ex. E-32

1  **RESPONSE TO INTERROGATORY NO. 23:**

2       Please see documents Bates Stamped SD 108159-108237, incorporated herein

3  by reference.

4  **AMENDED RESPONSE TO INTERROGATORY NO. 23:**

5       1.      Continuity of Care – Diagnostics Process Quality Improvement Study;

6       2.      Detox Quality Improvement Study/

7       3.      Timeliness of Receiving Screen CQI Process Study;

8       4.      Timeliness of Sick Call CQI Process Study;

9       5.      Vital Signs in Documentation in Nursing Protocols CQI Process Study;

10      6.      Dental Peer Review;

11      7.      Emergency Response Critique;

12      8.      Monthly Environmental Audit;

13      9.      MDSC Weekly Referral Audit;

14      10.     Medical Provider Peer Review/

15      11.     Medication Administration Weekly Audit;

16      12.     MHP/MHD Peer Review;

17      13.     Nursing Peer Review; and

18      14.     Psychiatric Provider Peer Review

19 **INTERROGATORY NO. 24:**

20      Identify all audits relating to custody operations and HEALTH CARE

21 services at the JAIL, from January 1, 2020 to the present.

22 **RESPONSE TO INTERROGATORY NO. 24:**

23      Objection. The request is burdensome and overbroad.  The Third Amended

24 Complaint addresses current conditions and not what audits or findings were made

25 almost four years ago.

26 **AMENDED RESPONSE TO INTERROGATORY NO. 24:**

27      Objection.  The request is burdensome and overbroad.  The Third Amended

28 Complaint addresses current conditions and not what audits or findings were made

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

10

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SECOND AMENDED
RESPONSES TO INTERROGS, SET TWO

Ex. E-33

almost four years ago.  Responding party further objects to the use of the word "audit" as being vague and ambiguous. Without waiving said objections and subject thereto, responding party will provide a list of inspections from January 1, 2022 to the present, which responding party interprets as being the equivalent of an "audit":

- Board of State and Community Corrections Pre-Opening Inspection of House 1 at the Rock Mountain Detention Facility
- Board of State and Community Corrections – Comprehensive Inspection
  - o    9/6/23 George Bailey Detention Facility
  - o    9/7/23 San Diego Central Jail
  - o    9/8/23 Vista Detention Facility
  - o    9/11/23 Las Colinas Detention and Reentry Facility
  - o    9/13/23 East Mesa Reentry Facility
  - o    9/13/23 South Bay Detention Facility
- Title 15 Nutritional Evaluations:  In Process
- Title 15 Medical / Mental Health Inspection – Completed by National Commission on Correctional Health
  - o    1/10/23 East Mesa Reentry Facility
  - o    1/10/23 George Bailey Detention Facility
  - o    1/19/23 San Diego Central Jail
  - o    2/2/23 Vista Detention Facility
  - o    3/23/23 Las Colinas Detention and Reentry Facility
  - o    12/13/23 South Bay Detention Facility
- Title 15 Environmental Health Evaluation – Completed by County of San Diego Department of Environmental Health
  - o    2/28/23 South Bay Detention Facility
  - o    3/20/23 Las Colinas Detention and Reentry Facility
  - o    3/23/23 East Mesa Reentry Facility

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

11

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SECOND AMENDED
RESPONSES TO INTERROGS, SET TWO

Ex. E-34

1    o    11/7/23 Mobile Food Inspection Report

2    o    11/7/23 George Bailey Detention Facility

3    o    11/7/23 Central Production Center

4    o    11/14/23 Vista Detention Facility

5    o    11/15/23 San Diego Central Jail

6    • Grand Jury Inspections

7    o    9/20/23 Opening Introduction/Orientation (LCDRF)

8    o    9/22/23 Las Colinas Detention and Reentry Facility (Presentation

9    from Sheriff's Transportation Unit)

10   o    10/6/23 San Diego Central Jail

11   o    10/20/23 East Mesa Reentry Facility and Central Processing

12   Center

13   o    11/3/23 George Bailey Detention Facility and Rock Mountain

14   Detention Facility

15   o    11/8/23 South Bay Detention Facility (Presentations from K-9,

16   DIU and CPAC)

17   o    11/17/23 Vista Detention Facility

18   • https://justicenavigator.org/report/sandiego-county-ca-2021/summary

19   • Auditor of State of California; San Diego County Sheriff's Department, February 2022, Report 2021-109

20

21   **INTERROGATORY NO. 25:**

22       For each INCARCERATED PERSON at the Jail since January 1, 2022,

23   provide their: (a) booking number; (b) name; (c) date of birth; (d) gender; (e)

24   race/ethnicity; (f) booking date and time; (g) primary offense/charge; (h) if multiple

25   offenses or charges are listed, up to 5 other charges or offenses; (i) current bail

26   amount (total or by charge); (j) current classification record (initial or

27   reclassification); (k) current housing unit and bed assignment; (l) all special

28   management flags (e.g., protective custody, gang, juvenile, etc.); (m) whether the

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

12

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SECOND AMENDED
RESPONSES TO INTERROGS. SET TWO

Ex. E-35

1  person is currently on lockdown status; (n) if currently on lockdown status, when the

2  lockdown began; (o) if sentenced, sentence length; (p) if sentenced, current release

3  date; (q) risk level determined by pretrial risk assessment; (r) mental health care

4  level; and (s) medical care level.

5  **RESPONSE TO INTERROGATORY NO. 25:**

6      Objection.  The requested information in the form of an interrogatory is made

7  in bad faith, burdensome, oppressive and overbroad.  It would require listing of

8  thousands of names and hundreds of hours to compile and respond to all of the

9  subcategories being requested.  In addition, the information being requested is

10  irrelevant to any issue raised in the Third Amended Complaint and requested for no

11  apparent reason other than harassment.

12  **AMENDED RESPONSE TO INTERROGATORY NO. 25:**

13      Objection.  The requested information in the form of an interrogatory is made

14  in bad faith, burdensome, oppressive and overbroad.  The Department is unable to

15  extract the data as requested.  Some of the data is not tracked at all or is transient in

16  nature and does not exist historically.  In addition, the information being requested

17  is irrelevant to any issue raised in the Third Amended Complaint and requested for

18  no apparent reason other than harassment.  Without waiving said objections and

19  subject thereto, responding parties have provided several spreadsheets identifying

20  certain of the information requested in the overbroad interrogatory for class

21  members in both the certified subclass and the subsequent broader class and the

22  information will not be repeated herein to the extent it is contained in the

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Diego

13

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SECOND AMENDED
RESPONSES TO INTERROGS. SET TWO

Ex. E-36

1  spreadsheets and responding party will not search the records of 4000+ individuals

2  for the remaining information because of the overbreadth, burdensome and

3  harassing nature of the interrogatory.

4  Dated:  January 23, 2024                    BURKE, WILLIAMS & SORENSEN, LLP

5

6

7                                             By:    _____*/s/ Elizabeth M. Pappy*_____

8                                                    Susan E. Coleman
                                                     Elizabeth M. Pappy
9                                                    Attorneys for Defendants
                                                     COUNTY OF SAN DIEGO, SAN
10                                                   DIEGO COUNTY SHERIFF'S
                                                     DEPARTMENT and SAN DIEGO
11                                                   COUNTY PROBATION
                                                     DEPARTMENT
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

14

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SECOND AMENDED
RESPONSES TO INTERROGS, SET TWO

Ex. E-37

**VERIFICATION**

I, AMANDA KAMPHOEFNER, declare under penalty of perjury that I am a Legal Advisor for the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, that I am authorized to and do execute this verification for an on behalf of said Defendant; that I have read the foregoing DEFENDANTS' AMENDED RESPONSES TO SPECIAL INTERROGATORIES, SET TWO, and know the contents thereof, and certify that upon information and belief, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January _23_, 2024, at San Diego, California.

_Amanda Kamphoefner_                    _Amd Kyl_
Print Name of Signatory                   Signature

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

1

## **PROOF OF SERVICE**

2

**Dunsmore v. San Diego County Sheriff's Department**
**Case No. 3:20-cv-00406-AJB-DDL**

3

**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

4

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Santa Clara, State of California.  My business address is 60 South Market Street, Suite 1000, San Jose, CA 95113-2336.

5

6

On January 23, 2024, I served true copies of the following document(s) described as **DEFENDANTS SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT'S SECOND AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** on the interested parties in this action as follows:

7

8

9

| | |
|---|---|
| Aaron J. Fischer | Christopher M. Young |
| ajf@aaronfischerlaw.com | Christopher.Young@us.dlapiper.com |
| Priyah Kaul | |
| pkaul@rbgg.com | Hannah M. Chartoff |
| | HChartoff@rbgg.com |
| Gav C. Grunfeld | |
| GGrunfeld@rbgg.com | |
| | Eric Monek Anderson |
| Van Swearingen | EMonekAnderson@rbgg.com |
| VSwearingen@rbgg.com | |
| Neal, Isabella | |
| Isabella.Neal@us.dlapiper.com | |
| Kiefer, Oliver | |
| Oliver.Kiefer@us.dlapiper.com | |

10

11

12

13

14

15

16

17

18

19

20

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address lgonzalez@bwslaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

21

22

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

23

Executed on January 23, 2024, at San Jose, California.

24

25

26

*/s/ Lucy Gonzalez*
Lucy Gonzalez

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Silicon Valley

1
PROOF OF SERVICE

Ex. E-39

# EXHIBIT F

| From: | Hannah Chartoff |
|---|---|
| To: | Pappy, Elizabeth M.; Coleman, Susan E. |
| Cc: | Van Swearingen; Gay C. Grunfeld; Aaron Fischer; Priyah Kaul; Eric Monek Anderson |
| Subject: | Dunsmore: Plaintiffs" proposal for individual medical/mental health records [IMAN-DMS.FID55015] |
| Date: | Thursday, December 7, 2023 11:31:02 AM |

[EXTERNAL]

Hi Beth,

Below is Plaintiffs' proposal for individual records.  For each record set, we request complete custody and medical records.  We would like to discuss a methodology as to the selection of records as well as to ensure that each record requested is unique (no duplicates even if the same person meet the criteria of two bullets) and recent within the last twelve months.  Please review the requests and let us know your initial thoughts.  We are available to meet and confer this week.

Thank you,
Hannah


Medical
- 10 records of people identified as having opioid use disorder
- 10 records each of people placed on withdrawal protocols for 1) alcohol, 2) opiates, and 3) benzodiazepines
- 10 records each of people diagnosed with the following illnesses:  1) HIV/AIDS, 2) Hepatitis C, 3) Type 2 Diabetes, 4) Hypertension, 5) Cancer
- 10 records of people who received gynecological care
- 10 records of people who were pregnant while incarcerated
- 10 records of people sent to the emergency room for a medical reason after being booked into the jail
- 10 records of people who submitted 5 or more sick call requests for medical care
- 10 records of people housed in "medical overflow" administrative segregation cells
- 10 records of people referred for dialysis and then returned to the Jail
- 10 records of people referred for orthopedic care and then returned to the Jail
- 10 records of people who were hospitalized for specialty care and then returned to the Jail
- 10 records of people who had an active medication prescription for a medical issue at the time they were booked into the jail
- 10 records of people who spent more than three months at the jail after being evaluated in the jail for eyeglasses

Mental Health
- 10 records of people who submitted 3 or more sick call requests for mental health care
- 10 records of people who requested confidential mental health encounters (as opposed to cell-side encounters)
- 10 records of people who were placed in a safety cell for 24 hours or longer
- 10 records of people who were placed in an EOH cell for 48 hours or longer
- 10 records of people who were assessed as suicidal at the time they were booked into the jail

**Ex. F-41**

- 10 records of people who were assessed as at the highest risk for suicide after they had been booked into the jail
- 10 records of people who have been admitted for hospitalization outside of the jail following a suicide attempt/incident of serious self-harm at the jail
- 10 records of people who were housed in the PSU at Central Jail for 48 hours or longer
- 10 records of people who were housed in the PSU at Las Colinas Jail for 48 hours or longer
- 10 records of people who were housed in administrative segregation cells for 48 hours or longer on the fifth or sixth floors at Central Jail who have also spent time in PSU
- 10 records of people who were housed in administrative segregation cells for 48 hours or longer on the fifth or sixth floors at Central Jail who have also spent time in OPSD
- 10 records of people with the following illnesses: 1) schizophrenia, 2) bipolar disorder, 3) anxiety, and 4) depression
- 10 records of people who had an active prescription for medication for a mental health issue at the time they were booked into the jail

Dental
- 40 records of people who were identified at booking as requiring urgent dental care (severe pain or infection), and who were incarcerated for at least one week
- 80 records of people who submitted sick call requests for urgent dental care (severe pain or infection) , and who were incarcerated for at least one week after the sick call request was made
- 40 records of people who submitted sick call requests for cavities, and who were incarcerated for at least four months after the sick call request was made
- 40 records of people who were referred to outside dental care by dental staff at the jail, and who were incarcerated for at least two months after the referral

**Hannah Chartoff**
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
hchartoff@rbgg.com | she/her | rbgg.com

**Ex. F-42**