Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF REQUEST TO STAY PRODUCTION OF CIRB REPORTS PROCEEDING PENDING APPEAL**<br><br>Magistrate Judge David D. Leshner |

## I. INTRODUCTION

Defendant County of San Diego ("County") requests a stay of Magistrate Judge Leshner's discovery orders dated December 13, 2023, and January 26, 2024. ECF 468 & 507. These discovery orders require the County to produce redacted Critical Incident Review Board ("CIRB") Reports pertaining to persons who died in Sheriff's Department custody between January 1, 2021, and the present.

CIRB Reports memorialize discussions primarily in anticipation of litigation, but also to improve services and minimize future civil exposure.

The December 13, 2023, Discovery Order granted Plaintiffs' Motion to Compel Production of Critical Incident Review Board ("CIRB") Reports related to in custody deaths between January 1, 2021, and the present, finding that the primary purpose of the CIRB was not legal advice. Further, this Order required the County to submit the CIRB reports *in camera* with proposed redactions to specific portions of the CIRB Reports. Dkt 468. The County did so, and on January 26, 2024, Magistrate Lesher ordered production of the CIRB Reports with redactions. Dkt 507. On January 29, 2024, the County requested a Stay of Production, pending an Appeal to the District Court Judge. Dkt 510. It is the County's position that the CIRB Reports are privileged from disclosure in their entirety, and production of reports even with redactions will result in the disclosure of privileged information.

In accordance with the January 29, 2024 Order (DKT 511), the County submits this brief in support of its request to stay the Order pending the District Judge's review pursuant to Federal Rules of Civil Procedure, Rule 72 (a).

## II. ARGUMENT

### A. Authority to Stay the Magistrate's Order

The County seeks to exercise its right to appeal the discovery orders to the District Court Judge for review. To preserve the attorney client privilege and work product contained in the CIRB, as well as the official information privilege, the County requests a stay of the Order to allow for meaningful review of its objections.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4890-3772-3041 v1

1

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SUPPLEMENTAL BRIEF ISO
REQUEST TO STAY PRODUCTION

A motion to stay the effect of a magistrate judge's order pending Rule 72 objections "is akin to a motion for stay pending appeal." *In re Republic of Ecuador*, 2012 WL 13187177, at *2 (N.D. Cal. Mar. 30, 2012).

When considering motions to stay the effect of a magistrate judge's nondispositive order, this Court applies the same four-factor test that applies to a stay of a district court's order pending appellate review. *Alvarez v. Larose*, No. 2020 WL 5632659, at *2 (S.D. Cal. Sept. 21, 2020). Those factors are: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." *Alvarez*, 2020 WL 5632659, at *2. See also *In re Republic of Ecuador*, supra, 2012 WL 13187177, at *2 (applying the four-factor test because the motion to stay the effect of the magistrate judge's order pending resolution of Rule 72 objections "is akin to a motion for stay pending appeal.") "[I]n the stay context," courts in this circuit adopt a "flexible approach" to the four-factor test, balancing them on a "sliding scale." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). The Court may thus order a stay if there are "serious questions" going to the merits and "the balance of hardships tips sharply in [the movant's] favor." *Id.*; see also *Apple Inc. v. Samsung Elec. Co.*, 2015 WL 13711858, at *1 (N.D. Cal. Apr. 7, 2015).

### A.   The County has a Substantial Case for Relief on the Merits

The discovery order to produce the CIRB Reports raises serious legal questions justifying a stay. The order misinterprets the primary purpose of the CIRB, the nature of the CIRB Reports at issue, and applies incorrect case law, namely *Greer v. Cnty. of San Diego*, 2022 WL 6258319 (S.D. Cal. Oct. 7, 2022), in determining that the CIRB documents are not privileged under the "primary purpose" test articulated by the 9th Circuit in *In re Grand Jury* on a matter of first impression.) *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021).

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4890-3772-3041 v1

2

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SUPPLEMENTAL BRIEF ISO
REQUEST TO STAY PRODUCTION

### 1. Whether CIRB Reports Are Privileged is an Issue of First Impression and District Courts Have Reached Different Conclusions.

To justify a stay, a petitioner must show, at minimum, that [they have] a substantial case for relief on the merits." *Leiva-Perez*, 640 F.3d at 964. However, the moving party does not need to show they are more likely than not to win on the merits as long as the issue on appeal raises a 'serious' legal question and the remaining factors favor a stay. *Id.*; *see also Smith v. Legal Helpers Debt Resolution, LLC*, 2012 WL 12863172, at *2 (W.D. Wash. Apr. 24, 2012). The Ninth Circuit has not defined exactly what makes a legal question "serious," but courts have found that a question is serious when it raises an issue of first impression within the Ninth Circuit or involves a split in legal authority. *Vesta Corporation v. Amdocs Management Limited*, 2016 WL 10843668, at *2 (D. Or. Nov. 7, 2016).

The Order misapplies the "primary purpose" test articulated in *In re Grand Jury*, 23 F.4th 1088 (9th Cir. 2021), and fails to apply prior decisions in this District concerning application of the attorney-client privilege to confidential CIRB reports. Two decisions of the Southern District have concluded that the Sheriff Department CIRB Reports are protected from disclosure by the attorney client privilege. *See* Request for Judicial Notice Ex. 1 – *Bush v. County of San Diego*, S.D. Cal. Case No. 15-cv-00686-L-JMA) (ECF 22 p. 8); See RJN Ex. 2 – *Estate of Nunez v. County of San Diego*, Case No. 16-cv-1412- BENMDD (ECF No. 186 p. 2).

In declining to follow these prior decisions, this Court relied on *Greer v. Cnty. of San Diego*, 634 F. Supp. 3d 911 (S.D. Cal. 2022), in which the District Court ruled the CIRB reports were not privileged because it found the primary purpose of the CIRB to be investigative and remedial, and not to obtain legal advice. The County appealed the decision in *Greer* to the Ninth Circuit, and it remains pending. Any production of the CIRB Reports should, at a minimum, wait for a ruling by the Ninth Circuit on this issue.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4890-3772-3041 v1

3

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SUPPLEMENTAL BRIEF ISO REQUEST TO STAY PRODUCTION

This Court also cited prior decisions rendered in *Morton v. Cnty. of San Diego*, 21-cv-1428-MMA-DDL, 2023 WL 4243239, at *6 (S.D. Cal. June 27, 2023), and *Estate of Serna v. Cnty. of San Diego*, No. 20-cv-2096-LAB-DDL, 2023 WL 7477321 (S.D. Cal. Aug. 30, 2023). Applying *Greer*, this Court determined the primary purpose of the CIRB was not to obtain legal advice, and that not all of the communications at the CIRB meeting sought or provided legal advice, therefore the reports could be redacted but not withheld. The *Morton* and *Serna* decisions were issued while *Greer* is pending before the Ninth Circuit. Accordingly, whether the CIRB Reports are privileged from disclosure remains a matter of first impression that will be determined by the Ninth Circuit.

### 2. Whether CIRB Reports Are Privileged is Serious Legal Question

Whether the attorney client privilege applies to certain documents raises a serious legal question under Rule 72. *Skillz Platform Inc. v. AviaGames Inc.*, No. 21-CV-02436-BLF, 2023 WL 7283886, at *1 (N.D. Cal. Nov. 2, 2023). There are many ways to articulate the minimum quantum of likely success necessary to justify a stay—be it a "reasonable probability" or "fair prospect", "a substantial case on the merits," or, that "serious legal questions are raised." (citations omitted.) *Leiva-Perez*, 640 F.3d at 967–68. No showing that "success is more likely than not" is required. Id. "Regardless of how one expresses the requirement, the idea is that in order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits." *Id*. Whether the attorney client privilege exists is a mixed question of fact and law which the district court reviews de novo. *United States of America v. Bauer*, 132 F.3d 504,507 (1997); *Quinn v. Robinson*, 783 F.2d 776, 791 (9th Cir. 1986).

### B. Without a Stay, the County Will Suffer Irreparable Injury

The County will suffer irreparable injury without a stay because it will be required to produce privileged documents that it claims are protected by the attorney

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4890-3772-3041 v1

4

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SUPPLEMENTAL BRIEF ISO REQUEST TO STAY PRODUCTION

client privilege. Without a stay, "they will be effectively denied the relief sought in that motion." *Skillz Platform*, 2023 WL 7283886, at *2, citing *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 2541326, at *2 (N.D. Cal. Mar. 15, 2023). That alone justifies granting a stay pending review of the Rule 72 objections. *See Alvarez*, 2020 WL 5632659, at *2 (granting a stay because denying it "might preclude the district judge's ability to review [movants'] anticipated Rule 72 objection" and "effectively deprive [movants] of their right to reconsideration of the Discovery Order by the district judge altogether"); *see also Gamino v. KPC Healthcare Holdings, Inc.*, 2021 WL 2309972, at *1 (C.D. Cal. May 10, 2021) (same). Indeed, the Ninth Circuit has acknowledged that "'an appeal after disclosure of the privileged communication is an inadequate remedy' for the 'irreparable harm a party likely will suffer if erroneously required to disclose privileged materials or communications.'" *Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010) (quoting *Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Arizona*, 881 F.2d 1486, 1491 (9th Cir. 1989). A stay is necessary to avoid irreparable injury to the County.

### C. No Substantial Harm to Plaintiffs

The third factor asks whether issuance of a stay will substantially injure the other parties interested in the proceeding. *Lieva-Perez,* 640 F.3d at 964. Plaintiffs will suffer no prejudice or harm from a limited stay. No deadline will be impacted by a Stay that allows the District Court to review the Magistrate's Order. Further, the Sheriff's Department website has public versions of the CIRB Reports available online, which provide factual information about each in-custody death[1].

### D. A Stay Serves The Public Interest

The public interest would be served by the stay because the attorney-client privilege would be undermined by the erroneous disclosure of privileged information. *Skillz Platform*, 2023 WL 7283886, at *2. The attorney-client privilege

---

[1] *See* https://www.sdsheriff.gov/resources/transparency-reports

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4890-3772-3041 v1

5

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' SUPPLEMENTAL BRIEF ISO
REQUEST TO STAY PRODUCTION

is the "oldest of the privileges for confidential communications known to common law." *Upjohn v. United States,* 449 U.S. 383, 389 (1981). It is meant to encourage "full and frank communication between attorneys and their clients" so that the attorney may be fully informed in their representation of the client. *Id.* The Supreme Court has also recognized the importance of protecting litigation counsel's thoughts in regard to the work product privilege. *Hickman v. Taylor,* 329 U.S. 495, 510-11 (1947) (emphasizing counsel's need for privacy and the potential harm to "the interests of clients and the case of justice"). The public has an interest in maintenance of the protections of materials subject to the attorney-client privilege and the work product doctrine, and an interest in the careful evaluation of the proper scope of any waiver of those protections. *Ods Technologies, L.P. v. Magna Entertainment Corp*., NO.207-CV-03265 2008 WL 5510060 (C.D.Cal. Nov. 12, 2008) As stated by the Court in *Skillz Platform*, the attorney-client privilege is a critical part of the relationship between attorneys and clients, and that this factor weighs in favor of a stay. *Id*. Further, to the extent the public has a right to know about deaths in custody, there is publicly available information online. *See* fn.1.

### III.  CONCLUSION

For these reasons, the County requests that this Court stay production of the redacted CIRB reports pending the District Court's review of the issue.

Dated:  January 31, 2024        BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ *Susan E. Coleman*
Susan E. Coleman
Elizabeth M. Pappy
Attorneys for Defendants
COUNTY OF SAN DIEGO et al