# EXHIBIT 1

Case 3:15-cv-00686-AJB-MDD Document 22 Filed 11/25/15 PageID.96 Page 2 of 6
Case 3:25-cv-00686-L-JMA Document 513-2 11/25/15 PageID.96 Page 2 of 14
Page 2 of 14

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER MARK BUSH; JASON RUSSEL BUSH; and PIETRA MARIE McCOTTER,<br><br>                  Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; GERARDO PEREZ; and KEVIN PRICE,<br><br>                  Defendants. | Case No.:  15CV686-L(JMA)<br><br>**ORDER RE: JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE** |

Pursuant to the Court's *Procedures for Obtaining Internal Law Enforcement Documents*, the parties have filed a Joint Motion for Determination of Discovery Dispute regarding the production of internal law enforcement documents by Defendants County of San Diego ("the County") and Sheriff Deputies Gerardo Perez ("Perez") and Kevin Price ("Price") to Plaintiffs Roger Mark Bush, Jason Russel Bush and Pietra Marie McCotter. Doc. No. 19. Plaintiffs move the Court to compel the production of documents identified in Defendants' privilege log, pursuant to the stipulated protective order in this action. The documents at issue are 1) performance evaluations of Perez and Price for the past five years and 2)

1

the "SDSO Critical Incident Review Board Report," dated August 20, 2014. [Doc. No. 19, p. 3.] As explained below, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

This action is brought under 42 U.S.C. § 1983. Plaintiffs allege that on May 26, 2014, Perez and Price trespassed onto Plaintiff's residential property and, once on the property, Perez utilized excessive force when he shot and killed Plaintiff's pet dog, Odin.

## II. LEGAL STANDARDS

### A. Relevance

The scope of discovery under the Federal Rules of Civil Procedure is broad. *See, e.g., Kelly v. City of San Jose*, 114 F.R.D. 653, 668 (N.D. Cal. 1987). Federal Rule of Civil Procedure 26 currently states:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).[1] "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying,

---

[1] Rule 26(b)(1) will be amended effective December 1, 2015, to incorporate a proportionality requirement into the definition of relevance. While the Court analyzes the issues before it based on the current version of Rule 26(b)(1), its ruling would not be different under the amended version of the rule.

2

15CV686-L(JMA)

1 explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179
2 F.R.D. 281, 283 (C.D. Cal. 1998).

### B. Applicable Law for Review of Privilege Objections

"[I]n federal question cases where pendent state claims are raised the federal common law of privileges should govern all claims of privilege raised in the litigation." *Perrignon v. Bergen Brunswig Corp.*, 77 F.R.D. 455, 459 (N.D. Cal. 1978). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." *Kelly*, 114 F.R.D. at 655.

### C. Privacy Rights

With respect to a party's assertion of privacy rights as a means to protect documents from discovery, federal courts ordinarily recognize that a constitutionally-based right of privacy can be raised in response to discovery requests. *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995). The resolution of a privacy objection involves a balancing of the need for the information sought against the privacy right asserted. *Id.* (*citing Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1447 (11th Cir. 1984)). "In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential." *Soto*, 162 F.R.D. at 616. "Federal courts should generally give some weight to privacy rights that are protected by state constitutions or state statutes." *Kelly*, 114 F.R.D. 653, 656 (N.D. Cal. 1987). "However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments." *Soto*, 162 F.R.D. at 616.

### D. California Penal Code § 832.7

The privilege set forth in California Penal Code § 832.7, upon which Defendants rely in part to protect the subject documents from discovery, provides as follows:

>Peace officer or custodial officer personnel records and records maintained by any state or local agency pursuant to Section 832.5, or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code.

Cal. Penal Code § 832.7(a). Federal courts, however, have found that section 832.7 is not applicable in evaluating discovery disputes in 42 U.S.C. § 1983 claims. *See, e.g., Green v. Baca*, 226 F.R.D. 624, 643-44 (C.D. Cal. 2005); *see also Miller v. Pancucci*, 141 F.R.D. 292, 298-99 (C.D. Cal. 1992) (finding California rules for discovery and privileges, including California Evidence Code section 1043, referenced in sections of California Penal Code, to be "fundamentally inconsistent" with federal law and the liberal federal policy on discovery). The Court therefore will not apply California Penal Code section 832.7 to its analysis of this matter. *See Soto*, 162 F.R.D. at 609 (refusing to apply California privilege law to similar discovery dispute involving police files).

**E.  Official Information Privilege**

Federal common law recognizes a qualified privilege for official information. *Kerr v. United States Dist. Ct. for the Northern Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975). The discoverability of official documents is determined under the "balancing approach that is moderately pre-weighted in favor of disclosure." *Kelly*, 114 F.R.D. at 661. The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." *Id.* at 669. The party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters attested to in the affidavit. *Id.* The affidavit must include: (1) an affirmation that the agency has generated or collected all of the subject material and that it has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff and/or his or her attorney;

1  (4) a description of how disclosure subject to a carefully crafted protective order
2  would create a substantial risk of harm to significant governmental or privacy
3  interests; and (5) a projection of how much harm would be done to the
4  threatened interest or interests if disclosure were made. *Id.* at 670.

5  **F.     Attorney Client Privilege**

6  The attorney client privilege arises under Federal common law and protects
7  confidential communications between attorneys and clients that are made for the
8  purpose of giving legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389,
9  101 S. Ct. 677, 66 L. Ed. 2d 584 (1981). The attorney-client privilege exists
10 where: "(1) [ ] legal advice of any kind is sought (2) from a professional legal
11 adviser in his capacity as such, (3) the communications relating to that purpose,
12 (4) made in confidence (5) by the client, (6) are at his instance permanently
13 protected (7) from disclosure by himself or by the legal adviser, (8) unless the
14 protection be waived." *United States v. Graf*, 610 F.3d 1148, 1156. Voluntary
15 disclosure of privileged communications constitutes waiver of the privilege for all
16 other communications on the same subject. *Weil v. Inv./Indicators, Research &*
17 *Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981).

18 The purpose of the attorney client privilege is to encourage candid
19 communications between client and counsel. *See Upjohn Co.*, 449 U.S. at 390-
20 91.  The Supreme Court has explained, "[t]he lawyer-client privilege rests on the
21 need for the advocate and counselor to know all that relates to the client's reason
22 for seeking representation if the professional mission is to be carried out."
23 *Trammel v. United States*, 445 U.S. 40, 51 (1980).  The privilege protects the
24 giving of professional advice by the lawyer and the giving of information to the
25 lawyer to enable him to give sound and informed advice.  *See Id.*
26 / /
27 / /
28 / /

III. **DISCUSSION**

A. **Performance Evaluations**

Defendants have withheld from production Perez and Smith's performance evaluations on asserted grounds of (1) relevance; (2) Penal Code section 832.7; (3) official information privilege; and (4) right to privacy.

■ *Relevance*

In cases involving section 1983 claims, courts have repeatedly held that police personnel files are relevant and discoverable. *See Green*, 226 F.R.D. at 644; *Soto*, 162 F.R.D. at 614-15. This includes any periodic performance evaluations by superiors. *See Unger v. Cohen*, 125 F.R.D. 67, 70 (S.D.N.Y. 1989) (finding such information to be "clearly relevant" in a section 1983 action arising out of alleged on-duty conduct). Such information may be necessary to proving a defendant's history or pattern of behavior. *See Soto*, 162 F.R.D. at 614-15. Information of this type may also be relevant on issues of "credibility, notice to employer, ratification by the employer and motive of the officers." *See, e.g. Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993). Additionally, employee performance appraisals may contain information on an officer defendant's "ethics, interpersonal relationships, decision making abilities, work and safety habits, and crime scene management techniques." *Soto*, 162 F.R.D. at 615. In accordance with these authorities, the Court finds these documents are relevant and responsive to Plaintiffs' discovery requests.

■ *Privacy Interests*

As set forth above, resolution of a privacy objection requires a balancing of the need for the information sought against the privacy right asserted. Here, the Court finds Plaintiff's need for the information sought is great. This information is unlikely to be available from any source other than Defendants' records. As the court in *Kelly* stressed, there is a strong public interest in uncovering civil rights violations of the type at issue in this case. *Soto,* 162 F.R.D. at 617; *Kelly,* 114

F.R.D. at 667. After considering "the great weight that is afforded to federal civil rights laws" (*see Soto*, 162 F.R.D. at 617) and the case law discussed above, the Court finds the privacy interests asserted by Defendants with respect to these documents on the whole are outweighed by Plaintiffs' need for the information. Moreover, a stipulated protective order was entered in this case on November 5, 2015, which limits the dissemination of any documents ordered disclosed. See Doc. No. 18. The protective order and, as discussed below, the redaction of any highly personal information for which Plaintiff has not shown a need, will amply protect Defendants' privacy interests. *See, e.g., Soto*, 162 F.R.D. at 616 (stating that "[a] carefully drafted protective order could minimize the impact of . . . disclosure").

■ *Official Information Privilege*

Defendants fail to demonstrate the requirements necessary to establish the official information privilege applies to the performance evaluations at issue. *Kelly*, 114 F.R.D. at 669. Furthermore, as previously mentioned, a protective order has been entered that mitigates against a risk of harm to Defendants' interests. The Court, thus, concludes the official information privilege does not bar discovery of the information sought.

■ *Redactions*

To the extent personal information of Defendants Perez and Price– i.e., home address, telephone number, family members, etc. – or the name or personal information of other law enforcement officers exists within the documents to be produced – such information may be redacted prior to production, as Plaintiffs have not shown a need for such information.

**B.   SDSO Critical Incident Review Board Report**

Defendants have withheld the SDSO Critical Incident Review Board Report based on grounds of (1) vagueness as to the term "investigation;" (2) self-critical analysis privilege; (3) official information privilege; and (4) attorney client privilege

and attorney work product doctrine. In support of their objections, Defendants provide a declaration by Robert Faigin, the Chief Legal Advisor of the San Diego Sheriff's Department. Declaration of Robert P. Faigin ("*Faigin Decl.*"). In his role of Chief Legal Adviser, Mr. Faigin chairs the Critical Incident Review Board. *Id.*, ¶ 3. The purpose of the Board is to consult with legal counsel to assess the Sheriff Department's civil exposure as a result of a given incident. *Id.*, ¶ 4, Ex. A - San Diego County Sheriff's Department Procedure 4.23. The Critical Incident Review Board Report Plaintiffs seek to have produced is a report of a discussion between San Diego County Sheriff's Department command staff and Mr. Faigin about the incident that gave rise to this litigation and is maintained as a confidential document in his office. *Id.*, ¶¶ 4 & 5.

Plaintiffs rely on *Medina v. County of San Diego*, 2014 U.S. Dist. LEXIS 135672 (S.D. Cal. 2014), a recent case also arising under 28 U.S.C. § 1983, in which the court held that the Critical Incident Review Board Report at issue in that case was discoverable. In that case, however, the court was not presented with any evidence of an attorney-client relationship. *Id.* *43. Here, Mr. Faigin's declaration sufficiently establishes the SDSO Critical Incident Review Board Report is a confidential communication involving the County's employees and Mr. Faigin, in his capacity as a legal advisor, and that it was prepared for the purpose of obtaining legal advice related to the subject incident. Furthermore, the County has protected the report from disclosure. Because this document is an attorney-client privileged communication, for which the privilege has not been waived, and is protected from disclosure, it is not necessary to examine Defendants' remaining objections.

**IV.   CONCLUSION**

Based on the foregoing, the Court ORDERS Defendants to produce Perez and Price's performance evaluations for the past five years. Any personal information of Perez and Price, other law enforcement officers, and other non-

1  parties may be redacted consistent with Section III. B., above. If, after receipt of
2  the documents, Plaintiffs question Defendants' redaction of a document(s),
3  counsel are to meet and confer regarding the particular redaction(s).
4      All documents shall be produced to Plaintiffs within ten days of the date of
5  this Order and shall be subject to the Protective Order entered by the Court on
6  November 5, 2015.

7  Dated: November 24, 2015

                    Honorable Jan M. Adler
                    United States Magistrate Judge

# EXHIBIT 2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF RUBEN NUNEZ, by and through its successor-in-interest LYDIA NUNEZ, ALBERT NUNEZ, and LYDIA NUNEZ,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants, Third-Party Plaintiffs,<br><br>v.<br><br>CORRECTIONAL PHYSICIANS MEDICAL GROUP, INC., et al.,<br><br>Third-Party Defendants. | Case No.: 16cv1412-BEN-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING REPORT OF CRITICAL INCIDENT REVIEW BOARD**<br><br>**[ECF NO. 176]** |

Before the Court is the Joint Motion of the parties to determine a discovery dispute filed on September 1, 2017. (ECF NO. 176). The dispute involves Plaintiffs' Request for Production (Set Two) No. 37 which, among other things, calls for Defendant County of San Diego to produce "critical

1

incident reports" relating to the death of Ruben Nunez. (ECF No. 176 at 2). Defendant County identified a Critical Incident Review Board ("CIRB") report regarding the death of Ruben Nunez but has withheld the report from disclosure on the basis of attorney-client privilege. As provided below, Defendant County's objection to disclosure is **SUSTAINED.**

## LEGAL STANDARD

The Ninth Circuit consistently has described the attorney-client privilege as protecting communications: (a) where legal advice of any kind is sought; (b) from a professional legal advisor in his capacity as such; (c) relating to that purpose; (d) made in confidence; (e) by the client; (f) that are at the client's insistence permanently protected; (g) from disclosure by himself or the legal advisor; (h) unless the protection be waived. *United States v. Ruehle,* 583 F.3d 600, 607 (9th Cir. 2009); *United States v. Martin,* 278 F.3d 988, 999 (9th Cir. 2002). The party asserting the privilege has the burden of establishing all of its elements and, even if established, the privilege is strictly construed. *Id.* at 999-1000.

## DISCUSSION

In support of its assertion of attorney-client privilege to protect against disclosure of the CIRB report regarding the death of Ruben Nunez, Defendant County submitted the Declaration of Robert P. Faigin. (ECF No. 176-6). Mr. Faigin is the Chief Legal Advisor for the San Diego County Sheriff's Department. (*Id.* at ¶ 1). Mr. Faigin asserts that the purpose of the CIRB is to consult with department legal counsel when an incident occurs which may give rise to litigation. (*Id.* at ¶ 5, *also see Exh. A to Faigin Declaration, San Diego County Sheriff's Department Procedure § 4.23* (*Id.* at 176-6 at 4)). According to Mr. Faigin, the report is kept confidential and is

2

1  maintained in his office.  (*Id.* at ¶ 6).

2  Plaintiff challenges the assertion of privilege because Procedure § 4.23
3  allows for the CIRB to refer matters to the Internal Affairs section of the
4  Sheriff's Office.  (*See* ECF No. 176-6 at 7-8).  In that regard, Plaintiff suggests
5  that the CIRB report is akin to an internal investigative report found not to
6  be protected in *Anderson v. Marsh,* 312 F.R.D. 584, 591-92 (E.D. Cal. 2015).
7  The Court disagrees.  The investigative report at issue in *Anderson* was
8  created by a non-attorney and was not created for the purpose of obtaining
9  legal advice.  Only after the report was created, was it disseminated to
10 general counsel for review.  *Id.*

11 Such is not the case here.  Mr. Faigin attended the meeting
12 memorialized in the report and both the procedural manual and Mr. Faigin
13 assert that the purpose of the meeting was to obtain legal advice in advance
14 of potential litigation.  The Court is satisfied that attorney-client privilege
15 properly is asserted to protect the CIRB report.

## CONCLUSION

17 Defendant County's assertion of attorney-client privilege to protect from
18 disclosure the CIRB report regarding the death of Ruben Nunez is
19 **SUSTAINED.**
20 **SO ORDERED.**
21 Dated:   September 11, 2017

Hon. Mitchell D. Dembin
United States Magistrate Judge

3

16cv1412-BEN-MDD