# EXHIBIT A

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFFS' LIMITED REPLY IN SUPPORT OF MOTION TO COMPEL ADDRESSING FALSE STATEMENT IN DEFENDANTS' OPPOSITION**<br><br>Magistrate: Hon. David D. Leshner<br><br>Date: February 6, 2024<br>Time: 9:00 a.m.<br>Crtrm.: TBD |

1    Pursuant to the Court's December 22, 2023 Order (Dkt. 478 at 4), Plaintiffs filed a Motion to Compel Production of Documents and Interrogatory Response against Defendants on January 17, 2024. Dkt. 489. Defendants filed their Opposition to that Motion on January 24, 2024. Dkt. 504.

Defendants' Opposition contained a false statement of fact. Defendants asserted: "Each and every audit report identified in the request was produced on January 23, 2024 and Ms. Pappy notified Plaintiffs' counsel that they would be grouped together as responsive to RFP No. 123." Dkt. 504 at 9, lines 3-5 (footnote omitted). This sentence came directly after listing approximately 30 audit reports in response to Interrogatory No. 24. *Id*. at 7-9. As such, Defendants' Opposition represents to the Court that they produced "[e]ach and every audit report," which they describe as constituting approximately 30 reports. In fact, however, on January 23, 2024, Defendants produced **only one** audit report, the February 2022 State Auditor Report cited throughout Plaintiffs' Third Amended Complaint. Declaration of Hannah Chartoff in Support of Plaintiffs' Ex Parte Request to File Limited Reply In Support of Motion to Compel Addressing False Statement in Defendants' Opposition ("Chartoff Decl."), filed herewith, ¶ 3. Upon reviewing the January 23 production and realizing that the opposition brief was incorrect, Plaintiffs' counsel made attempts to persuade Defendants' counsel to correct the record. Defendants' counsel refused to do so. Chartoff Decl. ¶ 4 & Ex. B. Plaintiffs' counsel then informed Defendants' counsel that they would seek leave to file this Limited Reply. *Id.*

The audit documents referenced in the Opposition (at pp. 7-9) were not produced until January 30, 2024, seven days after the Opposition brief states. Chartoff Decl. ¶ 11. Even then, the production was incomplete and does not include all of the audit reports listed in Defendants' Opposition. *Id.*

Defendants' false statement of fact—one in a series[1]—matters.  Plaintiffs are attempting to obtain important documents and information to prepare for trial of their constitutional and statutory claims.  Plaintiffs' discovery efforts have met with significant resistance.  For example, Defendants slashed Plaintiffs' ESI search terms in half.  Even with respect to the search terms that were run, Defendants placed modifiers and restrictions on them, and reduced the custodians who were run.  Defendants did not produce any text or instant messages on the grounds that they "don't use those forms of communication", *see* Dkt. 489-4, Ex. RR-736, even though the Sheriff's Department's Commander of Operations of the Detentions Bureau testified that they do use those forms of communication for work.  *See* Dkt. 489-4, Ex. PP-705; *see also* Dkt. 489-3, Ex. DD-428 (Sheriff's Department's Chief Medical Officer stating that "many SDSD staff have direct communications/interactions with Naphcare employees/staff through phone email, text, instant message, and other means").  Defendants have produced far fewer medical records than Plaintiffs requested and have failed to provide clear guidance on the criteria used in selecting those records.  Defendants ignored the December 22, 2023 deadline to produce documents.  Defendants are fighting to keep the CIRB death records from Plaintiffs.

As these examples and the audit misstatement show, when Defendants are provided discretion in what to produce, important documents and information may

---

[1] On August 31, 2022, counsel for Defendants informed this Court:  "There have been lots of changes that have been made by the County, including the Rock Mountain Facility that's going to be open this fall, which is entirely ADA compliant."  Chartoff Decl., Ex. G.  Putting aside that the facility is not "entirely ADA compliant," it did not open until the following summer in July 2023.  *Id.*, Ex. H.  On January 9, 2023, counsel for Defendants informed this Court that, with regard to San Diego Central Jail, "There's nobody in three bunks anywhere in the facility."  *Id.*, Ex. C.  This was false, as the subsequent inspection of Central showed.  *Id.*, Ex. D.  On December 20, 2023, counsel for Defendants informed this Court: "I want to point out … and make sure there's a record of the fact that there has not been a single drug overdose death in the jail in 2023."  *Id.*, Ex. E.  Again, this statement was false according to the County's own reports.  *Id.*, Ex. F.

1  be withheld.  Defendants' failure to provide timely, full, and complete information
2  about the practices at issue in this important civil rights case harms the certified
3  class and subclasses seeking injunctive relief.  For this reason, Plaintiffs respectfully
4  request that the Court disregard the false statement of fact in Defendants'
5  Opposition.

7  DATED:  February 1, 2024          Respectfully submitted,

                                     ROSEN BIEN GALVAN & GRUNFELD LLP

                                     By:  */s/ Gay Crosthwait Grunfeld*
                                          Gay Crosthwait Grunfeld

                                     Attorneys for Plaintiffs and the Certified Class
                                     and Subclasses