Case 3:20-cv-00406-AJB-DDL   Document 520   Filed 02/02/24   PageID.20741   Page 1 of 8

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST TO STAY PRODUCTION OF CIRB REPORTS**<br><br>Magistrate: Hon. David D. Leshner |

[4428812.6]                                                          Case No. 3:20-cv-00406-AJB-DDL
PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST TO STAY PRODUCTION OF CIRB REPORTS

# INTRODUCTION

Defendants failed to timely object to the Court's December 13, 2023 order, which held that Critical Incident Review Board ("CIRB") reports on deaths at the Jail are not privileged and granted Plaintiffs' motion to compel production. That failure waived Defendants' objection to the Court's findings and order compelling production. Defendants' objection to the January 26, 2024 order, in which the Court adopted Defendants' proposed redactions, is frivolous.

Even if the Court considers Defendants' long-waived arguments on the merits of the Court's December 13, 2023 decision, courts in this district applying the prevailing *In Re Grand Jury* test have, without fail, concluded that CIRB reports are not privileged. Defendants' rehashing of the same, pre-*In Re Grand Jury* cases that this Court and other courts in this District have rejected—including when denying similar motions to stay CIRB report production—is insufficient to show a substantial likelihood of success. The only effect of a stay pending such a meritless objection would be further delay in production, substantially prejudicing Plaintiffs with the fact discovery cutoff in this case rapidly approaching.

Plaintiffs respectfully request that the Court deny Defendants' request for a stay and order production of the CIRB reports forthwith.

# PROCEDURAL HISTORY

Plaintiffs first served a request for production of the CIRB reports on June 15, 2023. *See* Dkt. 412-2, Ex. D. After Defendants objected on privilege grounds, the Court ordered full briefing, Dkt. 404, and ordered Defendants to lodge "all contested CIRB Reports" for *in camera* review by November 1, 2023. Dkt. 422.

On December 13, 2023, the Court granted Plaintiffs' motion to compel production of the CIRB reports. Dkt. 468. With respect to the attorney-client privilege, the Court applied the Ninth Circuit's "primary purpose" test and observed that the factual record and the Court's *in camera* review of the CIRB reports "support[] the conclusion that the primary purpose of the communications was *not* to seek or

1  receive legal advice." *Id.* at 11 (emphasis added).  The Court concluded that the
2  attorney-client privilege does not protect the CIRB reports in their entirety. *Id.* at
3  13.  The Court also rejected Defendants' argument that the CIRB reports are
4  protected by the work product doctrine, *id.* at 14, and the official information
5  privilege. *Id.* at 17-18.  The Court thus granted the motion to compel production of
6  the CIRB reports. *Id.* at 18.  Prior to production, the Court permitted Defendants to
7  propose redactions to the CIRB reports to portions reflecting legal advice. *Id.*
8  Defendants did not object to the December 13, 2023 order compelling production.

9  On December 20, 2023, Defendants filed their proposed redactions to CIRB
10 reports.  Dkt. 472.  On January 9, 2024, after learning for the first time the names of
11 the decedents in the CIRB reports, Plaintiffs emailed counsel for Defendants to
12 advise that Defendants' list of CIRB reports appeared incomplete based on public
13 information about CIRB reports. *See* Declaration of Van Swearingen, ¶ 2 & Ex. A.
14 Defendants never responded to that email, which asked whether Defendants would
15 provide the additional CIRB reports to the Court. *Id.* at ¶ 2.

16 On January 26, 2024, the Court approved Defendants' proposed redactions
17 and required Defendants to produce the redacted CIRB reports by January 31, 2024.
18 Dkt. 507.  On January 29, 2024, Defendants filed a request to stay the January 31,
19 2024 production deadline.  Dkt. 510.  The same day, the Court ordered Defendants
20 to file a brief addressing the four relevant factors, and granted Defendants a limited
21 stay of production pending further briefing.  Dkt. 511.  Defendants filed a supple-
22 mental brief in support of their request for a stay ("Supplemental Brief") on Janu-
23 ary 31, 2024, seeking to stay both the December 13, 2023 order and the January 26,
24 2024 order.  Dkt. 513 ("Defs.' Supp. Br.") at 1.

25 On January 31, 2024, Defendants lodged additional responsive CIRB reports
26 for the Court's *in camera* review, without explanation as to why Defendants did not
27 lodge those CIRB reports with the Court on November 1, 2023.  Dkt. 514.
28

# LEGAL STANDARD

In determining whether to grant a stay of a magistrate judge's order, the relevant factors are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits[1]; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Golden Gate Rest. Ass'n v. City and County of San Francisco*, 512 F.3d 1112, 1115-16 (9th Cir. 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see U.S. Aviation Underwriters Inc. v. Aerospoke Iron, LLC*, No. 21-cv-758-GPC, 2023 WL 1090873, at *2 (S.D. Cal. Jan. 26, 2023) (applying factors to deny request for stay of magistrate judge's order, particularly in light of the "broad deference afforded to magistrate judges' decisions upon review by the district judge").

# ARGUMENT

## I. DEFENDANTS CANNOT SUCCEED ON THE MERITS OF ANY OBJECTION BECAUSE DEFENDANTS WAIVED THEIR OBJECTIONS TO THE COURT'S FINDINGS THAT THE CIRB REPORTS ARE NOT PRIVILEGED

Under Federal Rule of Civil Procedure 72, a party seeking to object to a magistrate judge's nondispositive pretrial order must object to the district court within 14 days. Fed. R. Civ. P. 72(a). The failure to timely file an objection constitutes waiver. *See id.* (a party "may not assign as error a defect in the order not timely objected to"); *see also Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 & n.1 (9th Cir. 1996) (holding that the failure to timely object under Rule 72 forfeits a party's right to challenge the magistrate judge's ruling before the district court, and forfeits the right to appellate review); *La Jolla Spa MD, Inc. v. Avidas Pharma., LLC*, No. 3:17-cv-01124-MMA-WVG, 2019 WL 5088559, at *3 (S.D. Cal. Oct. 10,

---

[1] Defendants claim that they need only show "serious questions" on the merits, but that is only the case if the hardship "tips sharply" toward Defendants, *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). As demonstrated below, the balance of hardships tips sharply in favor of Plaintiffs. Defendants fail to raise serious questions because they waived the merits of their planned objection.

2019) (applying *Simpson* and declining to rule on arguments in untimely objection to magistrate judge's nondispositive order, where objection was one court day late).

Here, the order and findings that Defendants plan to contest were issued December 13, 2023. *See* Defs.' Supp. Br. at 1. In that order, the Court considered whether the CIRB reports are privileged and rejected each of Defendants' substantive arguments, finding that the CIRB reports are not protected by the attorney-client privilege, Dkt. 468 at 13; work product doctrine, *id.* at 14; or the official information privilege, *id.* at 17-18. Defendants' Supplemental Brief focuses only on these findings in the Court's December 13, 2023 order. *See* Defs.' Supp. Br. at 2-4. Defendants did not timely object to that order by December 27, 2023, thus waiving any objection.[2] *See* Fed. R. Civ. P. 72(a); *Simpson*, 77 F.3d at 1174 & n.1. Consequently, the questions of whether the CIRB reports are privileged and whether Defendants must produce them to Plaintiffs—as decided in the December 13, 2023 order—are settled. Defendants thus have no prospect of success on the merits and the stay motion should be denied on this basis alone.[3]

## II. EVEN IF THEIR ARGUMENTS ARE NOT WAIVED, DEFENDANTS ARE HIGHLY UNLIKELY TO SUCCEED ON THE MERITS

Defendants' merits arguments are also unlikely to succeed, if the district court were to consider them. Under Ninth Circuit precedent, the district court must apply the "primary purpose" test set forth in *In re Grand Jury*, 23 F. 4th 1088 (9th Cir. 2021) to determine whether the CIRB reports are privileged. Every magistrate judge and district judge in this District that has applied that test to CIRB reports has determined that the reports are not privileged, as set forth in detail in Plaintiffs'

---

[2] To date, 37 days after the December 27, 2023 deadline, Defendants have still not filed any objection to the Court's December 13, 2023 order.

[3] To the extent Defendants are trying to sidestep their waiver problem by appealing from the January 26, 2024 order, any such appeal would be frivolous because in that order the Court *approved* Defendants' proposed redactions. Dkt. 507 at 2. A successful appeal of that order would have no practical effect on what Defendants must produce to Plaintiffs.

motion to compel, Dkt. 412-1 at 5-8, and the Court's order compelling production. Dkt. 468 at 8-9.  No stay should issue where, as here, Defendants are simply "rehash[ing] arguments that have been rejected in multiple forums." *United States v. Judicial Watch, Inc.*, 241 F. Supp. 2d 15, 16 (D.D.C. 2003).

Indeed, in another case involving production of CIRB reports, Judge Burns denied Defendants' (timely) request to stay production pending resolution of the objection. *See Estate of Serna*, No. 20-cv-2096-LAB-DDL, Dkt. 236 (Sept. 20, 2023) (see Dkt. 412-2, Ex. H).  Judge Burns held that because all courts applying the primary purpose test have found CIRB reports are not privileged, Defendants did not have a "better than negligible" likelihood of success on the merits. *Id.* at 3-4. Judge Burns rejected the two cases Defendants again rely on in their Supplemental Brief because those cases predate *In Re Grand Jury*. *Id.* at 3; *see also* Swearingen Decl., Ex. B at 10 (this Court's order denying a stay in *Morton v. County of San Diego* because Defendants were unlikely to succeed on the merits of their objection to an order compelling production of CIRB reports).

### III. A FURTHER STAY WOULD UNFAIRLY AND SUBSTANTIALLY HARM PLAINTIFFS

Any further stay in production of the CIRB reports would substantially prejudice Plaintiffs, who first requested the documents in June 2023.  The fact discovery cutoff of April 16, 2024 is fast approaching.  Already, Plaintiffs have conducted depositions and expert inspections without the benefit of CIRB reports—which are critical evidence related to the ongoing crisis of deaths at the Jail.  A further delay in the form of a stay would imperil Plaintiffs' ability to obtain the CIRB reports before additional depositions and inspections scheduled over the coming weeks and potentially before the fact discovery cutoff, as any objection to the district court will necessarily take weeks and could take months to resolve.

Moreover, Defendants on January 31, 2024 lodged additional responsive CIRB reports with the Court, without explaining why Defendants did not previously

identify these CIRB reports or lodge them for *in camera* review. *See* Dkt. 514. Weeks before Defendants' submission, Plaintiffs asked Defendants whether they would provide at least one of the more recently-lodged CIRB reports to the Court. Swearingen Decl., Ex. A (identifying Stephen Reynolds, among others). This late submission appears prejudicial to Plaintiffs and the Court, as *in camera* review of those newly-lodged CIRB reports will likely delay their production to Plaintiffs.[4]

Defendants cannot show any irreparable injury because, as this Court has found in denying a similar request for stay, the targeted redactions in the CIRB reports address any potential injury to Defendants. Swearingen Decl., Ex. B at 10.

## IV.   THE REMAINING FACTORS WEIGH AGAINST A STAY

The public interest weighs strongly against a stay, as the documents Defendants seek to keep secret relate to deaths of San Diego County residents at the County's jail facilities. *See* Swearingen Decl., Ex. B at 10 (this Court's *Morton* order finding public interest weighs against a stay). Those deaths are an ongoing crisis of paramount public importance. Defendants' claim that "[t]he public interest would be served by the stay because the attorney-client privilege would be undermined by the erroneous disclosure of privileged information" (Defs.' Supp. Br. at 6-7) is meritless, given that the Court-approved redactions protect from public disclosure any privileged information.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the stay and order Defendants to produce the responsive CIRB reports forthwith.

---

[4] Defendants' January 31, 2024 submission indicates that Defendants are producing reports only from "final" CIRBs, not from "preliminary" CIRBs. Dkt. 514 at 1. The Sheriff's Department's policies also refer to reports from preliminary CIRBs as a "CIRB report." Swearingen Decl., Ex. C at 18. Plaintiffs' RFP No. 81 seeks "all reports" from CIRB for in-custody deaths beginning January 1, 2021, Accordingly, as Plaintiffs advised Defendants weeks ago, Plaintiffs anticipate Defendants are withholding responsive preliminary CIRB reports relating to numerous individuals, including Vianna Granillo. Swearingen Decl., Ex. A. Defendants should be ordered to produce all responsive CIRB reports, including preliminary CIRB reports.

| | | |
|---|---|---|
| 1 | DATED: February 2, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | ROSEN BIEN GALVAN & GRUNFELD LLP |
| 4 | | By: */s/ Van Swearingen* |
| 5 | | Van Swearingen |
| 6 | | Attorneys for Plaintiffs and the Certified Class and Subclasses |