GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>　　　　Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST TO STAY PRODUCTION OF CIRB REPORTS**<br><br>Magistrate: Hon. David D. Leshner |

[4431266.1]

I, Van Swearingen, declare:

1.     I am an attorney duly admitted to practice before this Court.  I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify.  I make this declaration in support of Plaintiffs' Opposition to Defendants' Request to Stay Production of CIRB Reports.

2.     On January 9, 2024, after learning the identities of the individuals who are the subject of the Critical Incident Review Board ("CIRB") reports Defendants lodged with the Court for *in camera* review of proposed redactions prior to eventual production to Plaintiffs, I sent counsel for Defendants an email advising that Defendants appeared to be withholding additional responsive CIRB reports, including numerous pre-CIRB reports and at least one specified final CIRB report for Stephen Reynolds.  To date, Defendants have not responded to my email.  A true and correct copy of my January 9, 2024 email is attached hereto as **Exhibit A**. Plaintiffs have redacted the thread below the email because it consists solely of correspondence involving the Court and the parties.

3.     Attached hereto as **Exhibit B** is a true and correct copy of this Court's order denying Defendant County of San Diego's ex parte motion to stay production of CIRB reports in *Morton v. County of San Diego*, No. 21-cv-1428-MMA-DDL, *available at* Dkt. 147 (S.D. Cal. Oct. 3, 2023).

4.     Attached hereto as **Exhibit C** is a true and correct copy of excerpts from the San Diego County Sheriff's Department's Policy and Procedure Manual, including the Sheriff's Department's procedure regarding the CIRB and CIRB

/ / /

/ / /

/ / /

/ / /

/ / /

1    reports.  The procedure states that within 45 days of either "a Pre-CIRB or Final

2    CIRB, the DIS Lieutenant will prepare a report summarizing the actions and

3    conclusions of the board," and subsequently refers to this report as a "CIRB report."

4

5         I declare under penalty of perjury under the laws of the United States of

6    America that the foregoing is true and correct, and that this declaration is executed

7    at San Anselmo, California this 2nd day of February, 2024.

8

9                                      */s/ Van Swearingen*

10                                      Van Swearingen

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

| | |
|---|---|
| **From:** | Van Swearingen |
| **To:** | Pappy, Elizabeth M.; Coleman, Susan E. |
| **Cc:** | Gay C. Grunfeld; Eric Monek Anderson |
| **Subject:** | RE: Dunsmore v. County of San Diego et al., No. 20-cv-406-AJB-DDL [IMAN-DMS.FID55015] |
| **Date:** | Tuesday, January 9, 2024 4:54:36 PM |
| **Attachments:** | image001.png |

Hi Beth (removing the Court),

The Sheriff's Department policies on CIRB state that staff may prepare reports after preliminary CIRB meetings as well as after final CIRB meetings.  Preliminary CIRB reports are prepared within 45 days of the preliminary CIRB meeting, which occurs within 30 days of the in-custody death.  Both preliminary and final CIRB reports are referred to as a "CIRB report" in the Sheriff's Department Policy and Procedure Manual.

RFP No. 81 seeks "**all** reports" from CIRB for in-custody deaths beginning January 1, 2021, which includes all reports for both preliminary CIRB meetings and final CIRB meetings from that period.  However, it appears that Defendants provided the Court with only final CIRB meeting reports given that all files in the list the Court sent on January 8, 2024 include the word "Final."  Accordingly, Plaintiffs anticipate Defendants' are withholding from the Court preliminary CIRB reports relating to the following individuals:

- Guercindo Alamos
- Luis Gomez
- Dominique McCoy
- Derek Baker
- Aaron Bonin
- Raymond Dix
- Joshua Fosbinder
- Gilbert Gil
- Vianna Granillo
- Omar Ornelas
- Lonnie Rupard
- Abdiel Sarabia
- Matthew Settles
- Leonel Villasenor
- Raymond Vogelman
- Erika Wahlberg
- Patricia Adamson
- Maximillian Aguirre
- Roselee Bartolacci
- Timothy Carlton
- Zeke Davis
- Eddie Faulkner
- Paul Heimark
- Jonathan McDowell
- Pedro Ornelas

**Ex. A-2**

- Robert Shuey
- Ryan Thuresson
- Kenneth Bach

Additionally, the list of final CIRB reports appears incomplete.  For example, a <u>Sheriff's Department public summary</u> indicates that the final CIRB report on the death of Stephen Reynolds was completed in July 2023, well before the date of in camera submission.  There is no report for Mr. Reynolds listed below.

Please let us know whether Defendants will provide the above-referenced CIRB reports to the Court.  Thank you,
Van











**Ex. A-7**

# EXHIBIT B

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN MORTON, et al., | Case No.: 21-cv-1428-MMA-DDL |
| Plaintiffs, | **ORDER DENYING EX PARTE MOTION TO STAY AND DIRECTING SUBMISSION OF DOCUMENTS FOR *IN CAMERA* REVIEW** |
| v. | |
| COUNTY OF SAN DIEGO, et al. , | |
| Defendants. | |
| | **[Dkt. No. 146]** |

Before the Court is the County Defendants' *Ex Parte* Application for an Order Staying the Court's September 20, 2023 Discovery Order re Motion to Compel Pending District Judge Review.  Dkt. No. 146.

On September 20, 2023, the undersigned issued an order granting Plaintiffs' motion to compel CIRB Reports relating to in-custody suicides over a five-year period, finding the County had not carried its burden to show that the documents were protected from disclosure by the attorney-client, official information, deliberative process, or law enforcement investigatory privileges, the work product doctrine, or HIPAA and similar medical privacy statutes.  *See* Dkt. No. 144 (hereafter the "September 20 Discovery Order"). The County Defendants indicate they will move pursuant to Federal Rule of Civil

1

1 Procedure 72 to set aside the September 20 Discovery Order on or before October 4, 2023,

2 the same date by which they were ordered to produce the disputed CIRB Reports. *See id.*

3 at 27.

4      When considering whether to grant a stay, the Court applies a four-factor test:

5 "(1) whether the movant has made a showing of likelihood of success on the merits;

6 (2) whether the movant has made a showing of irreparable injury if the stay is not granted;

7 (3) whether the granting of the stay would substantially harm the other parties; and

8 (4) whether the granting of the stay would serve the public interest." *See In re Republic of*

9 *Ecuador,* No. 10-MC-80087 CRB (NC), 2012 WL 13187177, at *2 (N.D. Cal. Mar. 30,

10 2012) (citing *Nken v. Holder*, 556 U.S. 418 (2009)).  Having considered each of these

11 factors, the Court **DENIES** the *Ex Parte* Application.

12      First, the Court concludes the County Defendants are not likely to succeed on the

13 merits.  On June 27, 2023, the Court granted Plaintiffs' motion to compel production of the

14 CIRB Report and related documents pertaining to Joseph Morton's death.  Dkt. No. 97

15 (hereafter the "June 27 Discovery Order").  Thereafter, the District Judge overruled the

16 County Defendants' Rule 72 objection to the June 27 Discovery Order.  Dkt. No. 131.  The

17 September 20 Discovery Order involves the same issues of attorney-client privilege raised

18 in the County Defendants' unsuccessful challenge to the undersigned's June 27 Discovery

19 Order.  *See* Dkt. Nos. 105, 131.

20      Second, the Court finds that by applying targeted, appropriate redactions, the

21 potential injury to the County from disclosure of its assertedly privileged information is

22 ameliorated.  Third, given the impending fact discovery cutoff and other deadlines that

23 were imposed after the County Defendants' prior unsuccessful Rule 72 challenge, the Court

24 concludes that the other parties to the action would be unfairly and substantially prejudiced

25 by a stay.  Fourth, the Court concludes that the public interest is not served by further delay

26 in the production of these documents.

27      The Court will, however, provide the County Defendants with a final opportunity to

28 propose specific and targeted redactions to communications they assert are protected by

21-cv-1428-MMA-DDL

**Ex. B-10**

1   the attorney-client privilege.  By not later than **October 10, 2023**, the County Defendants

2   shall submit to the undersigned its proposed redactions to the CIRB Reports for *in camera*

3   review.

4           For the above reasons, the *Ex Parte* Application for an Order Staying the Court's

5   September 20, 2023 Discovery Order [Dkt. No. 146] is **DENIED**.  The September 20

6   Discovery Order is hereby **STAYED** until further Order of this Court regarding the

7   proposed redactions.

8   **IT IS SO ORDERED.**

9   Dated: October 3, 2023

10

11                                          Hon. David D. Leshner

12                                          United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21-cv-1428-MMA-DDL

**Ex. B-11**

# EXHIBIT C



# *San Diego County Sheriff's Department*

## Policy and Procedure Manual

Last updated 5/16/23

**Ex. C-13**

**San Diego County Sheriff's Department – Procedure Section**

---

> **4.23 DEPARTMENT COMMITTEES AND REVIEW BOARDS**

**Definitions**

- Committee:  A committee is a group of people delegated to perform a particular task or on-going function.

  Standing Committee:  A committee that has on-going responsibilities and functions.

  Ad Hoc Committee:  A committee formed for a specific purpose, case, or situation.

- Review Board:  A review board is an organized body of investigators who review specific incidents and report their findings to a higher authority.

**Responsibility**

Each committee/review board shall have an assigned task and scope of responsibility.

**Membership**

Each committee/review board shall have a defined membership and a chairperson appointed by the Sheriff or Undersheriff. When indicated, a committee or review board may add other Department staff to its membership. A committee chair may select temporary committee members to establish membership rules for the formation of the committee.

**Decision Making Authority**

- Each committee shall have a reviewing officer with final decision-making authority.

- Each review board shall report its findings to the Office of the Sheriff, which shall have final decision-making authority.

**Record of Proceedings**

- Each committee chairperson shall keep a record of their proceedings on file.

- Reports generated by review boards shall be kept on file in the Office of the Sheriff, Legal Affairs.

The Committees and Review Boards of the Sheriff's Department are as follows:

**Uniform and Safety Equipment Committee**

Responsibility:

Consider any changes in the uniform, dress standards, safety equipment and personal equipment worn or used by Department personnel and making recommendations to the Sheriff relative thereto.

---

**Ex. C-14**

**San Diego County Sheriff's Department – Procedure Section**

Maintaining and publishing, semiannually, a roster of authorized uniform dealers and their addresses and publishing, without delay, the names and addresses of any dealers added to or deleted from the list.

Supplying authorized dealers with copies of the Department's uniform, safety and personal equipment specifications and Department directives pertaining to the same.

Originating and maintaining correspondence concerning uniform, safety and personal equipment matters.

Membership:

Chairperson - Assistant Sheriff, Human Resource Services Bureau, or designee.

Commander, Law Enforcement Support Command, or designee.

Three (3) members from the Law Enforcement Services Bureau, one of the rank of Captain or above, one Sergeant, and one Deputy Sheriff.

Three (3) members from the Court Services Bureau, one of the rank of Captain or above, one Sergeant, and one Deputy Sheriff or Detention/Courts Deputy Sheriff;

Three (3) members from the Detentions Services Bureau, one of the rank of Captain or above, one Sergeant-Detentions, and one Deputy Sheriff Detentions/Courts.

One Community Service Officer.

One (1) representative from the Deputy Sheriff's Association; and,

Others as approved by the chairperson.

Reviewing Officer:

The Undersheriff is the reviewing officer on all matters within the jurisdiction of the Uniform and Safety Equipment Committee.

**Strategic Planning Committee**

Responsibility:

The Office of the Sheriff's Strategic Planning Manager shall be responsible for advising the Sheriff and Undersheriff on all matters of major Department concern; including:

Charting the Department's future strategy.

Reviewing and revising priorities and goals of the Department.

Directing a management planning system to devise long-range plans to enhance Department effectiveness.

Establishing task forces on an ad-hoc basis to formulate specific long-range plans.

Assigning Department command staff as task force leaders.

Membership:

SECTION 4 Organization

**Ex. C-15**

**San Diego County Sheriff's Department – Procedure Section**

Strategic Planning Manager/Senior Policy Advisor

Others as approved by the Strategic Planning Manager
Reviewing Officer:

The Undersheriff is the reviewing officer on all matters within the jurisdiction of the Long-Range Strategic Planning Ad-Hoc Committee.

**Critical Incident Review Board (CIRB)**

Responsibility:

The purpose of this board is to consult with department legal counsel when an incident occurs which may give rise to litigation. The focus of the CIRB will be to assess the department's civil exposure because of a given incident. The CIRB will carefully review those incidents from multiple perspectives, including training, tactics, policies, and procedures with the goal of identifying problem areas and recommending remedial actions so that potential liability can be avoided in the future.

The Lieutenant of the Division of Inspectional Services (DIS) shall ensure that a copy of all related reports, as well as audio and video recordings are placed in a shared drive for CIRB board members within 30 days of the completion of an investigation, and no later than seven (7) days prior to the date of the Critical Incident Review Board convening.

Membership:

The Critical Incident Review Board shall consist of voting and non-voting members.

Voting members:

- A Commander from Law Enforcement or another designated commander
- A Commander from Court Services or another designated commander
- A Commander from Detention Services or another designated commander

Non-voting members:

- The Director of Legal Affairs, or another designated legal advisor
- Commander from Human Resources, who shall serve as the chair of the meetings

The following people will attend a Pre-CIRB: the Director of Legal Affairs, the HRSB Commander, the three (3) commanders representing each bureau, the DIS Lieutenant, and the applicable DIS Sergeants for the cases being presented.

The following people will attend a CIRB: the attendees of a Pre-CIRB, plus a representative from the Facility or Unit Commander from the employee's chain of command, Weapons Training Unit, In-Service Training Unit and Detention Training Unit.

Other representatives may be requested to attend a CIRB at the discretion of the chair.

**Ex. C-16**

**San Diego County Sheriff's Department – Procedure Section**

**The Critical Incident Review Board shall convene as follows:**

Preliminary Critical Incident Review Board (Pre-CIRB)

Within one month (30 days) of the occurrence of a critical incident for a preliminary assessment.

Final Critical Incident Review Board (Final CIRB):

Within sixty (60) days of a District Attorney's review letter involving a critical incident; and within thirty (30) days of the completion of the investigation of a critical incident.

When requested by the Sheriff, Undersheriff, Assistant Sheriff, or a board member.

**The following incidents are deemed critical incidents and shall be reviewed by the CIRB:**

In custody death;
Use of deadly force by a department employee;
Pursuits resulting in any injury requiring hospital admittance or major property damage;
Death or serious injury resulting from action of a member of this Department;

Note:  Serious injury means a serious impairment of physical condition, including but not limited to: loss of consciousness, concussion, bone fracture, protracted loss or impairment of function of any bodily member or organ, a wound requiring extensive suturing, and serious disfigurement.

Law Enforcement related injuries requiring hospital admittance;
Discharge of a firearm by sworn personnel;
Any other incident involving the discharge of a firearm, major property damage, or major vehicle damage by a member of this Department or other critical incident which, in the judgment of the Sheriff, Undersheriff, Assistant Sheriff, or board member warrants review.

Presentation:

Pre-CIRB

At the beginning of the Pre-CIRB the DIS Sergeants will present facts and circumstances to the members of the CIRB.

Final CIRB

At the beginning of the CIRB, the investigators involved in the investigation of the critical incident will present facts and circumstances to the members of the CIRB.

At the conclusion of the presentation each board member will have an opportunity to question the investigator regarding the specific facts and circumstances surrounding the critical incident.

Additional Investigation:

If after a presentation, additional investigation is determined to be necessary, the CIRB will continue the proceedings and return the case to the DIS Lieutenant for further follow up.  The Division of Inspectional Services is responsible for working with the investigators involved in the case to ensure that all follow up investigations are completed appropriately and timely.

**Ex. C-17**

**San Diego County Sheriff's Department – Procedure Section**

The matter shall be reset for hearing before the CIRB within 30 days of being returned for follow up.

Policy Violations:

After hearing from all necessary parties, the three voting Commanders will vote to make a determination as to whether or not a policy violation may exist.

If a majority of the voting members determine that a policy violation may have occurred, the case will be forwarded to Internal Affairs, assigned an Internal Affairs case number and investigated.  After the case is investigated by Internal Affairs, the case will be forwarded to the command for review consistent with the Department's policies and procedures.

If, during the Critical Incident Review Board, the majority of the voting members determine that no policy violations have occurred, the CIRB case will be forwarded to the DIS Lieutenant for the generation of a report, consistent with the Board's findings, at the conclusion of the CIRB.

Training:

The CIRB is also tasked with making recommendations for training based upon the analysis of critical incidents.  If the Board identifies significant training issues, the Board will direct those issues to the Training Lieutenant.  The Training Lieutenant will be required to prepare a written report to the DIS Lieutenant within thirty (30) days outlining the actions taken based upon the Boards direction.

Policies:

If the CIRB identifies policy issues of concern while reviewing a critical incident, the Board will direct its concerns to the Standards and Compliance Manager of the Division of Inspectional Services.  The Standards and Compliance Manager will ensure that the proposed policy recommendations are prepared and present them for approval to SOPC within thirty (30) days of the CIRB.

Distribution of Reports:

Within seven (7) days of the CIRB, the Facility or Unit Commander, from the employee's chain of command, will meet with the employee and provide them with any feedback generated as a result of the CIRB presentation.

Within forty-five (45) days of a Pre-CIRB or Final CIRB, the DIS Lieutenant will prepare a report summarizing the actions and conclusions of the board.  The CIRB report shall contain specific findings regarding whether the review board found any policy violations, and training or policy issues, as well as what actions were taken by the department.  A copy of the CIRB Confidential Report and other related reports shall be filed in the Legal Affairs Section, Office of the Sheriff.

Within forty-five (45) days of a Pre-CIRB or Final CIRB, the DIS will prepare a public report detailing the facts reviewed by the CIRB Board at a CIRB meeting.  The public report will be posted on the Sheriff's internet website.

**Ex. C-18**