# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　　　　Defendants. | Case No.: 20-cv-406-AJB-DDL<br><br>**ORDER** |

Civil Local Rule 83.3(a)(1)(c) requires counsel's adherence to the District's Code of Conduct, as set forth in Civil Local Rule 2.1. The Code of Conduct requires, in turn, that counsel treat each other with respect and courtesy, resolve disputes reasonably and promptly, refrain from questioning each other's integrity, and generally to comport themselves in a manner that allows for the amicable resolution of matters notwithstanding all counsel's zealous representation of their clients.

In matters of discovery, "counsel should strive to be cooperative, practical and sensible, and should seek judicial intervention only in extraordinary situations that implicate truly significant interests.'" *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 301 (D. Nev. 2019) (quoting *In re Convergent Techs. Securities Litig.*, 108

F.R.D. 328, 331 (N.D. Cal. 1985)).  Before bringing a discovery dispute to the Court, counsel are obligated to meet and confer in good faith regarding discovery disputes.  *See* Fed. R. Civ. P. 37(a)(1); CivLR 26.1; Chambers Rules for the Honorable David D. Leshner, § III.A.  When reasonable and good faith efforts are made by all parties, the meet and confer requirement serves to "lessen the burden on the court and reduce the unnecessary expenditure of resources by litigants." *Hendon v. California State Senate*, No. 21CV0505-RSH-MDD, 2023 WL 2620147, at *7 (S.D. Cal. Mar. 23, 2023).

On February 2, 2024, the Court issued an order requiring all counsel of record to appear in person at a previously-scheduled discovery hearing on February 6, 2024 to address the foregoing principles.  *See* Dkt. No. 518.  The Court did not issue the order lightly but deemed it necessary because the parties' recent filings and other communications with the Court demonstrated an unfortunate breakdown in the relationship between counsel and an apparent failure to meaningfully meet and confer before bringing disputes to the Court.

The February 6, 2024 Discovery Hearing proceeded as scheduled, and all counsel of record appeared.  The Court appreciates counsel's attendance and their thoughtful and honest dialogue regarding how to move forward in a more constructive manner.  The Court is confident that with all counsel's renewed commitment to civility and cooperation, the need for the Court's involvement will be lessened.

To facilitate the parties' efforts, the Court further **ORDERS** as follows:

1. Counsel for the parties must meet and confer every week regarding discovery and other pending case issues.  The weekly conference shall take place in person or by videoconference and must be recorded.  The recording must be made available to all counsel as soon as it is ready.

/ / /

/ / /

2. Aaron Fischer, Christopher Young, and either Gay Grunfeld or Hannah Chartoff must attend the weekly discovery conference for Plaintiffs. Susan Coleman or Elizabeth Pappy must attend for Defendants. Additional counsel may participate in the conference, but only the foregoing counsel are required to attend.

3. Not less than 48 hours in advance of each weekly conference, Plaintiffs shall send Defendants an agenda with a numbered list of discussion topics. If any item is in dispute, Plaintiffs shall succinctly state their position on the dispute. Not less than 24 hours before each weekly conference, Defendants shall respond with any additional agenda items to discuss and a succinct statement of their position on any disputed issues.

4. For each weekly conference, counsel shall select one participant who will be responsible for taking notes. Within 24 hours of the conference, the notetaker must circulate a summary of the conference, which shall include a list of topics covered, any topics tabled for the following week, any agreements reached, and any action items to be completed before the next conference.

5. The Court will not prohibit counsel from continuing to engage in discovery negotiations over email if they find it beneficial to do so, but the Court's intent in implementing the foregoing procedures is to streamline communications between the parties and avoid unnecessary and unproductive email exchanges. To that end, the parties shall **not** attach counsel's email correspondence to any discovery motion going forward. The Court expects that the conference summaries will describe the parties' discovery agreements, and their respective positions on disputed issues, such that submitting lengthy email exchanges to the Court will be unnecessary. Likewise, the parties shall not file the transcript of any conference unless requested to do so by the Court.

/ / /

/ / /

/ / /

6. The Court will hold a further status conference with the parties, on **March 7, 2024, at 12:00 p.m.**, to ascertain whether the weekly conferences have assisted the parties in working cooperatively in resolving issues. Counsel identified in paragraph 2 above shall attend the status conference. This does not preclude the parties from raising discovery issues pursuant to the Court's Chambers Rules, although it is the Court's expectation that the weekly conferences between the parties and monthly status conferences with the Court will reduce the need for discovery conferences to address disputed issues.

**IT IS SO ORDERED.**

Dated: February 7, 2024

                                             *David Leshner*
                                             Hon. David D. Leshner
                                             United States Magistrate Judge