

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-406-AJB-DDL<br><br>**ORDER DENYING REQUEST FOR STAY OF ORDER REQUIRING DEFENDANTS TO PRODUCE CIRB REPORTS**<br><br>**[Dkt. No. 510]** |

　　　On January 29, 2024, Defendants filed a "Request for Stay of Production of CIRB Reports Pending Appeal/Objections to Judge Battaglia." Dkt. No. 510. Defendants stated they intended to move pursuant to Rule 72 to set aside the undersigned's order requiring Defendants to produce Critical Incident Review Board ("CIRB") Reports. *Id.* The Court construed the filing as a motion to stay a discovery order and directed the parties to file supplemental briefs, which they timely did. *See* Dkt. Nos. 513, 520. The request for a stay is **DENIED**.

　　　When considering whether to stay a magistrate judge's order, the Court applies a four-factor test: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay

would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." *See In re Republic of Ecuador*, No. 10-MC-80087 CRB (NC), 2012 WL 13187177, at *2 (N.D. Cal. Mar. 30, 2012) (citing *Nken v. Holder*, 556 U.S. 418 (2009)).  For the reasons explained on the record during the discovery hearing on February 9, 2024, the Court finds Defendants have not made an adequate showing to warrant imposing a stay.

First, the timeliness of Defendants' anticipated Rule 72 motion is in question.[1]  *See* Dkt. No. 520 at 4-5.  On the merits, Defendants simply repeat the arguments they made in opposition to the motion to compel, which do not persuade the Court that Defendants will succeed in setting aside the discovery order.  The Court also does not find the pending appeal in *Greer v. County of San Diego* undermines its findings that the CIRB Reports are not privileged, as the Court understands that appeal to bear on the separate issue of whether the reports should have been disclosed to the media.

Second, the Court finds that by applying targeted, appropriate redactions, and availing themselves of the protections of the operative protective order, the potential injury to Defendants from disclosure of assertedly privileged information is ameliorated.

The Court further finds that the remaining factors weigh against imposing a stay, which would create delay and threaten the parties' ability to comply with the existing pretrial deadlines, and would not serve the public interest.

---

[1]     In the motion, Defendants state they intend to challenge the undersigned's January 26, 2024 Order [Dkt. No. 507], in which the Court approved limited redactions to the CIRB Reports.  Dkt. No. 510 at 2.  The order overruling Defendants' assertions of privilege as to the CIRB Reports and compelling their production issued on December 13, 2023. Dkt. No. 468.  The undersigned makes no finding as to the timeliness of any future Rule 72 motion, as that issue is reserved for the district judge.

For the foregoing reasons, Defendants' request for a stay is **DENIED**. Defendants must produce the 34 CIRB Reports at issue, with redactions as approved by the Court, by not later than **February 16, 2024**. *See* Dkt. Nos. 507, 529.

**IT IS SO ORDERED.**

Dated: February 12, 2024

_____
Hon. David D. Leshner
United States Magistrate Judge