1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>                              Defendants. | Case No.:  20-cv-406-AJB-DDL<br><br>**ORDER:**<br><br>**1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL;**<br><br>**and**<br><br>**2) GRANTING MOTION TO SEAL**<br><br>**[Dkt. Nos. 489, 490]** |

Before the Court is Plaintiffs' Motion to Compel Production of Documents and Interrogatory Response.  Dkt. No. 489.  The Court heard argument on the Motion on February 6, 2024 (the "February 6 Discovery Hearing") and again on February 9, 2024 (the "February 9 Discovery Hearing").  Concurrently with the Motion, Plaintiffs filed a Motion to Seal certain exhibits (the "Motion to Seal"), which Defendants join.  *See* Dkt. Nos. 490, 502.  For the reasons stated on the record at the February 6 and February 9 Discovery Hearings and in this Order, the Motion to Compel [Dkt. No. 489] is **GRANTED IN PART** and **DENIED IN PART**.  The Motion to Seal [Dkt. No. 490] is **GRANTED**.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.

## BACKGROUND

Plaintiffs are a certified class of individuals "who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities." Dkt. No. 435 at 10.[1] Plaintiffs' Third Amended Complaint ("TAC") asserts multiple causes of action under 42 U.S.C. § 1983 against the County of San Diego and other Defendants, and seeks declaratory and injunctive relief to "remedy the dangerous, discriminatory, and unconstitutional conditions in the Jail." Dkt. No. 231, ¶ 4.

Plaintiffs move to compel further responses to their Third and Fifth Sets of Requests for Production ("RFPs") and Interrogatories No. 24 and 25.[2] Plaintiffs also seek an order requiring Defendants to employ Plaintiffs' requested ESI search terms, and to search for responsive text and instant messages. Defendants oppose. Dkt. No. 504 ("Opposition" or "Opp."). The Court has conducted numerous discovery conferences on these disputes, including an in-person discovery hearing on December 20, 2023 (the "December 20 Discovery Hearing"). In preparation for that hearing, the parties submitted a joint statement of all items in dispute (the "Joint List"), which consisted of 140 RFPs and one interrogatory to Defendants, and 25 RFPs and 23 interrogatories to Plaintiffs. Dkt. No. 466. After hearing over three hours of argument at the December 20 Discovery Hearing, the Court directed the parties to further meet and confer about each of the specific RFPs and interrogatories in dispute, and set briefing deadlines for any disputes not resolved by good faith meet and confer. Dkt. No. 478. The Motion followed.

---

[1]   All citations are to the CM/ECF page numbers unless otherwise stated.

[2]   The Court denied the parties' Joint Motion for an extension of the deadline to brief the dispute as to "Individual Medical and Custody Records" and Interrogatory No. 24. *See* Dkt. Nos. 487, 495. Nevertheless, the Court has considered the parties' subsequent position statements as stated in the January 30, 2024 Joint Status Report ["1/30/24 JSR," Dkt. No. 512] and elects to address these disputes on their merits.

## II.

## <u>LEGAL STANDARDS</u>

Federal Rule of Civil Procedure 26 provides:

> parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Although broad, "the scope of discovery is not without limits." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal. 2015); *see also U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 237 (S.D. Cal. 2015) (noting that "Rule 26(b) has never been a license . . . to engage in . . . unwieldy [and] burdensome" discovery).[3]  The federal rules require parties "to work cooperatively in controlling the expense and time demands of litigation" by, among other things, "siz[ing] and shap[ing] their discovery requests to the requisites of a case." *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (citing John Roberts, 2015 Year-End Report on the Federal Judiciary (Dec. 31, 2015)).  Rule 26 requires parties to tailor their requests to the needs of the case, and where they fail to do so, the Court "must limit" the discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).  Rule 26(g) further promotes "responsible" pretrial discovery "by imposing a certification requirement that obliges each attorney to stop and think about the legitimacy" of their requests, responses and objections. *See* Fed. R. Civ. P. 26(g) advisory committee's note to 1983 amendment.

---

[3]     All citations and internal quotation marks are omitted, and emphasis and alterations are added, unless otherwise stated.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### DISCUSSION

**A.    Motion to Compel Production of Documents**

At the Case Management Conference on May 24, 2023, the Court granted Plaintiffs' counsel's request not to place limits on the number of document requests the parties could serve.  The Court's expectation was that forgoing numerical limits would enable the parties to serve carefully crafted discovery requests, appropriately tailored to the needs of the case as required by Rule 26.  Instead, many of the 252 RFPs propounded by Plaintiffs are "exceptionally broad." Transcript of December 20 Discovery Hearing ("12/20/23 Tr.," Dkt. No. 480) at 107.

For example, Plaintiffs' RFP No. 28 requests "ALL[4] memoranda issued by YOU[5] RELATING TO[6] the JAIL[7] from January 1, 2021 to the present."[8]  As drafted, this RFP requires Defendants to produce information "having no relation to the issues in this litigation," and is therefore overbroad and not proportional to the needs of the case.  *See* 12/20/23 Tr. at 80.  There are numerous other such requests seeking production of "all" documents relating to an array of topics that

---

[4]    The terms "ANY" and "ALL," as used [in the Requests], shall include "each" and "every" and are not to be construed to limit a request. *See* Dkt. No. 489-3 at 42.

[5]    The terms "DEFENDANTS," "YOU," or "YOUR" means the San Diego County Sheriff's Department, San Diego County, and the San Diego County Probation Department, and anyone acting on their behalf. *See* Dkt. No. 489-3 at 43.

[6]    The terms "RELATED TO," "RELATING TO," or "REGARDING" means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, manifests, mentions, pertains to directly or indirectly to, reflects, refers to, regards, relates to, responds to, states, summarizes, or in any way relevant to the particular subject matter identified. Dkt. No. 489-3 at 45-46.

[7]    The term "JAIL" means the San Diego County Jail, including all of its facilities.  *See* Dkt. No. 489-3 at 45.

[8]    *See* Dkt. No. 489-3 at 47.  Although this RFP was included in the parties Joint List of disputed discovery in December 2023, it was not the subject of the instant Motion.  *See* Dkt. No. 466 at 3.

touch on nearly every aspect of jail operations for a three-year period, including laundry, legal mail, staffing, inmate discipline, drug and alcohol withdrawal, health care, dental care, demographics, and more.  As further examples:

> RFP 33: ALL DOCUMENTS[9] and COMMUNICATIONS[10] RELATING TO identifying, responding to, housing, treating, monitoring, and/or tracking INCARCERATED PERSONS[11] in the SHERIFF'S

---

[9]     The term "DOCUMENT" means any writing, however produced or reproduced, of every kind and regardless of where located, which is in YOUR possession, custody, or control, including drafts; or in the possession, custody or control of any servant or agent of YOU or of YOUR attorneys. The terms include the following: electronically recorded information such as electronic mail, html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The terms "DOCUMENT" and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such DOCUMENTS, whether or not used, as well as the file in which the DOCUMENTS are maintained. A draft or non-identical copy of a DOCUMENT, including a copy or duplicate of a DOCUMENT which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate DOCUMENT within the meaning of these terms. The term "DOCUMENT" does not include any writing that constitutes a privileged or otherwise protected communication between YOU and YOUR attorneys. *See* Dkt. No. 489-3 at 44.

[10]    The term "COMMUNICATIONS" means any transmittal of information from one person or entity to another by any means, including letters, correspondence, notes, memoranda, records, reports, papers, facsimiles, electronic mail (whether to, from, copied or blind copied), electronic mail generated from a hand held personal device including an Android or iPhone, instant messaging, electronic mail generated from business or personal email accounts, internet relay chat, news group, group or collaboration servers, electronic bulletin boards, electronic discussion boards, text messages, dictation tapes, video recordings, audio recordings, digital recordings, memoranda, telegrams, telecopies and telexes, teleconference, collaboration servers (including share point servers), web-based or software virtual meetings including Web-X, Zoom, and any other meeting software and share point servers, and oral contact such as face-to-face discussions or meetings, telephone conversations, and voice mail messages. *See* Dkt. No. 489-3 at 42-43.

[11]    The terms "INCARCERATED PERSON(S)" or "INCARCERATED PEOPLE" mean any person incarcerated, detained, or in the custody of the SHERIFF'S DEPARTMENT. *See* Dkt. No. 489-3 at 45.

DEPARTMENT's[12] medication-assisted treatment ("MAT") program from January 21, 2021 to the present.

RFP 106:  ALL DOCUMENTS, including but not limited to logs, audits, lists and summaries, RELATING TO tracking and/or scheduling HEALTH CARE[13] appointments.

RFP 139: ALL DOCUMENTS RELATING TO the housing of INCARCERATED PERSONS with MENTAL DISORDERS[14] or who are receiving MENTAL HEALTH CARE,[15] including but not limited to determinations of need for housing, evaluations of housing, and requests for funding for MENTAL HEALTH CARE and programming.

RFP 244: ALL DOCUMENTS RELATING TO alternatives to incarceration, including drug court and reentry court.[16]

During the December 20 Discovery Hearing, Plaintiffs' counsel acknowledged the Court's concerns that their discovery requests were overbroad as drafted but explained that Plaintiffs "anticipated, through meet and confer, that [the parties] would be able to discuss what types of documents we're looking for

---

[12]    The term "SHERIFF'S DEPARTMENT" means Defendant San Diego County Sheriff's Department and anyone acting on its behalf. *See* Dkt. No. 489-3 at 46.

[13]    The term "HEALTH CARE" means the provision of care or services, to identify and/or address health needs of an INCARCERATED PERSON in the JAIL (including medical, mental health, dental care, and vision care needs), whether those needs arise as a result of injury, illness, disease, age, or trauma, or care or services provided for diagnostic or preventive purposes. *See* Dkt. No. 489-3 at 45.

[14]    The term "MENTAL DISORDER" means any condition diagnosable on Axis I or Axis II per the *Diagnostic and Statistical Manual of Mental Disorders* (5th ed.) or that substantially impairs cognitive functioning or psychological wellbeing. Dkt. No. 489-3 at 67.

[15]    The term "MENTAL HEALTH CARE" means the provision of care or services, to identify and/or address the mental health needs of an INCARCERATED PERSON in the JAIL, whether those needs arise as a result of injury, illness, disease, age, or trauma, or care or services provided for diagnostic or preventive purposes. *See* Dkt. No. 489-3 at 45-46.

[16]    In addition to their overbreadth, many of Plaintiffs' document requests are redundant. This RFP, for example, appears to the Court to subsume RFPs 238, 239, 240, 241, 246 and 247, all of which call for a narrower subset of documents related to alternatives to incarceration. *See* Dkt. No. 489-3 at 34-37.

[and] what kinds of documents exist."  12/20/23 Tr. at 106-107.  The Court finds this approach is inconsistent with the Plaintiffs' obligation to reasonably tailor their discovery and to endeavor in good faith to "control[] the expense and time demands of [this] litigation." *Roberts*, 312 F.R.D. at 603.  The Court understands Plaintiffs may not have known what types of documents Defendants maintain, but Defendants' point that a Rule 30(b)(6) deposition on those issues would have saved time and resources is well-taken.  Plaintiffs' approach also unfairly shifts the burden to Defendants to define the universe of documents Plaintiffs require and prejudices the Court and the parties alike by building delay into an already-protracted course of discovery.

Implicitly acknowledging the overbreadth of their document requests, Plaintiffs have now "substantially limited most discovery requests at issue in th[e] Motion to . . .  only four categories of documents: 1) policies and procedures; 2) training; 3) evidence of practice; and 4) quality assurance/audits." Memorandum of Points and Authorities in Support of Plaintiffs' Motion to Compel ("Mem.", Dkt. No. 489-1) at 4.  Plaintiffs' proposed narrowing begs the question of why those four categories of documents – which do not appear to have necessitated any special insight into the existence of or nomenclature for Defendants' documents – were not the focus of the RFPs in the first instance.   Nevertheless, the Court has carefully considered the requests and proposed narrowing for each of the four categories.

### 1. Training Materials (Category II)[17]

Plaintiffs seek production of training materials, including training bulletins and "any tracking documents showing dates and attendance of staff."  Mem. at 9-

---

[17]    Plaintiffs' motion does not address Policies and Procedures (Category I), and Defendants represented at the February 6 Discovery Hearing that all responsive documents have been produced.  2/6/24 Tr. at 37.  Thus, there does not appear to be any dispute concerning this category of documents.

10.   Defense counsel confirmed at the February 6 Discovery Hearing that all responsive documents have been produced, including training bulletins, green sheets, policies and procedures.   Transcript of February 6 Discovery Hearing ("2/6/24 Tr.," Dkt. No. 535) at 38.   Plaintiffs' motion to compel production of training materials in response to RFP Nos. 32, 33, 98, 99, 100, 110, 111, 114, 118, 121, 129, 138, 143, 144, 145, 146, 147, 148, 150, 155, 156, 157, 158, 159, 161, 162, 164, 165, 166, 167, 171, 175, 180, 182, 184, 198, 211, 217, 218, 219, 220, 221, 225, 230, 232, 233, 234, 236, 240, and 246 is **DENIED AS MOOT**.

### 2. *Audits and Quality Assurance Documents (Category IV)*

Plaintiffs seek production of audits and quality assurance documents, stating this evidence of the "steps . . . Defendants take to understand and correct deficiencies within the Jail is critical to [their] claims."  Mem. at 8-9.  At the February 6 Discovery Hearing, defense counsel confirmed that all responsive audits and quality assurance documents have been produced.   2/6/24 Tr. at 38.   Plaintiffs' motion to compel production of audits and quality assurance documents in response to RFP Nos. 32, 33, 98, 99, 104, 106, 109, 110, 111, 118, 121, 125, 126, 127, 128, 129, 138, 143, 144, 145, 146, 147, 148, 150, 153, 155, 157, 158, 159, 161, 162, 164, 165, 166, 167, 171, 172, 179, 180, 184, 193, 195, 211, 220, 221, 225, 230, 232 and 236 is **DENIED AS MOOT**.

### 3. *"Evidence of Practice" (Category III)*

Plaintiffs also seek a category of documents they describe as "evidence of practice" to support their claims that "Defendants do not consistently operate according to policy."  Mem. at 4, 11.  As Defendants correctly point out, however, none of the RFPs at issue contain the word "practice," nor can many of them fairly be interpreted to call for documents relating to practices.  Opp. at 12-13.  To the extent Plaintiffs' RFPs seek "documents evidencing practice," Mem. at 10, they fail to "place [the responding] party upon reasonable notice of what is called for and what is not," as required by Rule 34.  *See Mailhoit v. Home Depot U.S.A., Inc.,* 285

F.R.D. 566, 570 (C.D. Cal. 2012); *see also* Fed. R. Civ. P. 34(b)(1)(A) ("The request . . . must describe with reasonable particularity each item or category of items to be inspected.").

Plaintiffs' failure to satisfy Rule 34's particularity requirement as to these RFPs is a sufficient basis to deny their motion to compel. *See Mailhoit*, 285 F.R.D. at 570. Further, as the Court noted during the February 6 Discovery Hearing, "the phrase 'evidence of practice' is, in and of itself, very, very broad . . . [and] not subject to being limited in a meaningful way." 2/6/24 Tr. at 42. Nevertheless, the Court has reviewed each RFP in the "evidence of practice" category and orders the production of additional documents and information where appropriate, as set forth below. Where the motion to compel is denied, the Court finds that the RFP in question, both as written and as narrowed, is amorphous, overbroad, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2)(C). Where Defendants have represented that they do not possess responsive documents, the Court also denies the Motion on that alternative basis.

| Request | Ruling |
|---|---|
| **RFP 32:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying, responding to, housing, treating, monitoring, and/or tracking INCARCERATED PERSONS covered by the SHERIFF'S DEPARTMENT's alcohol and opiate withdrawal protocols from January 1, 2021 to the present. | Denied. |

| Request | Ruling |
|---------|--------|
| **RFP 49:**  ALL logs RELATING TO INCARCERATED PERSONS placed in EOH, PSU, and SAFETY CELLS from January 1, 2021 to the present. | Defendants must produce EOH, PSU and safety cell logs for the period 1/1/2021 to 12/31/23.[18]  The motion is otherwise denied. |
| **RFP 82:**  ALL DOCUMENTS RELATING TO use of tactical teams at the JAIL from January 1, 2021 to the present, including but not limited to documentation of debriefs after use of force or weapons by the JAIL's tactical teams. | Waived because not included in the Joint List for the 12/20/23 hearing, but the Court nevertheless orders Defendants to investigate the existence and volume of any "Watch Commander Logs." |
| **RFP 97:**  ALL DOCUMENTS showing the time between a person arrives at the JAIL and the time the person receives intake screening. | Denied. |
| **RFP 99:**  ALL DOCUMENTS RELATING TO pending sick call requests where the INCARCERATED PERSON making the sick call request is transferred to another JAIL facility. | Denied. |

---

[18]     To the extent the Court's sporadic references to "the present" during the February 6 Discovery Hearing created confusion, the Court confirms here that the relevant period for Defendants' further responses is January 1, 2021 to December 31, 2023.  *See* 2/6/24 Tr. at 121. The Court understands Defendants have largely produced current information and that Plaintiffs seek information covering a longer, earlier period.

20-cv-406-AJB-DDL

| Request | Ruling |
|---|---|
| **RFP 100:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATED TO continuing HEALTH CARE treatments, including but not limited to medications, for INCARCERATED PEOPLE upon arrival at the JAIL. | Defendants must produce medical and mental sick call logs, specialist logs, medication logs, mental health care logs and dental care logs for the period 1/1/2021 to 12/31/23.<br><br>The motion is otherwise denied. |
| **RFP 105:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the number or percent of INCARCERATED PERSONS at the JAIL who submitted a sick call request and were not seen by HEALTH CARE STAFF in connection with that sick call request. | Defendants must produce a spreadsheet of cancelled and refused sick calls for the period 1/1/2021 to 12/31/23.<br><br>The motion is otherwise denied. |
| **RFP 106:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATING TO tracking and/or scheduling HEALTH CARE appointments. | Denied. |
| **RFP 109:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATING TO outside (off-site from the JAIL) HEALTH CARE providers who provide HEALTH CARE to INCARCERATED PEOPLE. | Defendants must produce spreadsheets of specialty care referrals for 2021 and 2022 and must produce spreadsheets of emergency transport and specialty care appointments for the period 1/1/2021 through 12/31/23.<br><br>The motion is otherwise denied. |

20-cv-406-AJB-DDL

| Request | Ruling |
|---|---|
| **RFP 110:** ALL DOCUMENTS RELATING TO the confidentiality of HEALTH CARE appointments and the provision of HEALTH CARE in confidential, semi-confidential, or non-confidential settings. | Denied. |
| **RFP 111:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the provision of diagnostic testing for INCARCERATED PEOPLE. | Denied. |
| **RFP 113:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, showing the time between an INCARCERATED PERSON is evaluated for eyeglasses and the time the INCARCERATED PERSON receives eyeglasses. | Denied. |
| **RFP 114:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO HEALTH CARE discharge planning. | Denied. |
| **RFP 119:** DOCUMENTS sufficient to show the average waiting time between the time an INCARCERATED PERSON is prescribed medication and the time the person receives the prescribed medication. | Denied. |
| **RFP 121:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the time when an INCARCERATED PERSON was referred for HEALTH CARE outside the JAIL and the time when the INCARCERATED PERSON was seen by the HEALTH CARE provider outside the JAIL. | Denied as moot. See RFP 109. |

20-cv-406-AJB-DDL

| Request | Ruling |
|---|---|
| **RFP 125:**  ALL logs, spreadsheets, patient lists, and reports RELATING TO chronic care, including but not limited to care for diabetes, hypertension or other cardiovascular disease, hepatitis, HIV/AIDS, tuberculosis, cancer, neurological disorders, OB/GYN, and MENTAL HEALTH. | Defendants must produce spreadsheet(s) of incarcerated individuals with chronic conditions (as can be identified in JIMS) and pending psychiatry sick calls for the period 1/1/2021 to 12/31/23.<br><br>The motion is otherwise denied. |
| **RFP 126:**  ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on admitting INCARCERATED PERSONS to outside hospitals, specialty clinics, or other medical providers, for the purpose of providing HEALTH CARE. | Denied. |
| **RFP 127:**  ALL DOCUMENTS RELATING to the process and criteria for and ANY limitations on discharging INCARCERATED PERSONS from outside hospitals, specialty clinics, or other medical providers, back to the JAIL after receiving HEALTH CARE. | Denied. |
| **RFP 128:**  ALL DOCUMENTS RELATING TO any delays in admission of INCARCERATED PERSONS into specialty clinics, or other HEALTH CARE providers, for the purpose of providing HEALTH CARE. | Defendants must produce a chart of scheduled appointments for the period 1/1/2021 to 12/31/23.<br><br>The motion is otherwise denied. |
| **RFP 129:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO cancellation of HEALTH CARE appointments. | Denied as moot. See RFP 100. |

| Request | Ruling |
|---------|--------|
| **RFP 130:**  ALL logs, spreadsheets, patient lists, and reports RELATING TO treatment orders. | Denied. |
| **RFP 138:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO medication provided to INCARCERATED PEOPLE at discharge from the JAIL. | Denied. |
| **RFP 141:**  ALL logs RELATING TO INCARCERATED PERSONS placed in the Outpatient Step Down Unit from January 1, 2021 to present. | Defendants must produce a spreadsheet of individuals in the Outpatient Step Down Unit for the period 1/1/2021 to 12/31/23.<br><br>The motion is otherwise denied. |
| **RFP 146:**  ALL DOCUMENTS RELATING TO any delays in admission of INCARCERATED PERSONS with MENTAL DISORDERS into outside hospitals, forensic facilities, or other psychiatric facilities, including but not limited to the Department of State Hospital, for the purpose of providing MENTAL HEALTH CARE. | Defendants must produce a log of transfers for admission to outside mental health care providers for the period 1/1/2021 to 12/31/23.<br><br>The motion is otherwise denied. |
| **RFP 147:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the identification, tracking, and/or treatment of INCARCERATED PERSONS' MENTAL HEALTH CARE needs. | Denied as moot.  See RFP 100. |

20-cv-406-AJB-DDL

| Request | Ruling |
|---|---|
| **RFP 148:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the provision of a comprehensive MENTAL HEALTH assessment for INCARCERATED PERSONS. | Denied. |
| **RFP 150:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the time between an INCARCERATED PERSON is referred for MENTAL HEALTH CARE evaluation or care and the time the INCARCERATED PERSON receives MENTAL HEALTH CARE evaluation or care. | Denied. |
| **RFP 152:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, and COMMUNICATIONS RELATING TO hiring mental health staff, retaining existing staff, contracting with third-party providers, diverting incarcerated people with mental illness to community providers, and/or supporting mental health-based alternatives to incarceration. | Denied. |
| **RFP 155:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO continuing MENTAL HEALTH CARE treatments and medications for INCARCERATED PERSONS who arrive at the JAIL. | Denied. |

20-cv-406-AJB-DDL

| Request | Ruling |
|---|---|
| **RFP 156:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO MENTAL HEALTH CARE programs for INCARCERATED PERSONS at the JAIL, including therapy and counseling. | Defendants shall confirm whether any further responsive documents exist.<br><br>The motion is otherwise denied. |
| **RFP 157:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO identifying, tracking, and or treating INCARCERATED PERSONS' MENTAL HEALTH needs according to a level of care system. | Denied. |
| **RFP 158:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO monitoring and following-up with INCARCERATED PERSONS who have MENTAL HEALTH needs. | Denied. |
| **RFP 159:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO housing suicidal INCARCERATED PERSONS in isolation. | Defendants must produce monthly logs for EOH and safety cell actions for the period 1/1/2021 to 12/31/23.<br><br>The motion is otherwise denied. |
| **RFP 161:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO follow-up care for INCARCERATED PERSONS discharged from the Inmate Safety Program. | Denied. |

20-cv-406-AJB-DDL

| Request | Ruling |
|---|---|
| **RFP 162:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO INCARCERATED PERSONS with acute MENTAL HEALTH CARE needs. | Denied. |
| **RFP 164:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATED TO the placement of INCARCERATED PEOPLE with MENTAL HEALTH DISORDERS and/or intellectual DISABILITIES in administrative segregation. | Defendants must produce a log of individuals with mental health disorders or intellectual disabilities placed in administrative segregation for the period 1/1/2021 to 12/31/23.<br><br>The motion is otherwise denied. |
| **RFP 165:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATED TO the provision of MENTAL HEALTH CARE for INCARCERATED PEOPLE with MENTAL HEALTH CARE needs in administrative segregation or other isolation housing. | Defendants must produce the administrative segregation log for the period 1/1/2021 to 12/31/23.<br><br>The motion is otherwise denied. |

20-cv-406-AJB-DDL

| Request | Ruling |
|---|---|
| **RFP 167:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO programs and services for INCARCERATED PEOPLE with DISABILITIES. | Defendants must produce program participation logs for incarcerated people with disabilities, if they exist, for the period 1/1/2021 to 12/31/23. Defendants must also produce a list of available programs effective as of November 2021, and effective as of November 2022.<br><br>The motion is otherwise denied. |
| **RFP 172:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO laundry, clothes, and linens. | Denied. |
| **RFP 175:**  ALL DOCUMENTS, including but not limited to logs and audits, RELATING TO trash collection and removal from housing units in the JAIL. | Denied. |
| **RFP 176:**  ALL DOCUMENTS, including but not limited to logs and audits, RELATING TO sanitization of cells, including but not limited to cleaning of human waste and bodily fluids. | Defendants must  produce invoices for decontamination services for the period 1/1/2021 to 12/31/23.<br><br>The motion is otherwise denied. |

20-cv-406-AJB-DDL

| Request | Ruling |
| --- | --- |
| **RFP 179:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO contraband narcotics. | Without ordering production, the Court orders Defendants to investigate the existence of logs showing contraband seizures for the period 1/1/2021 to 12/31/23. |
| **RFP 180**:  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the timeliness and/or adequacy of safety checks. | Defendants must  produce logs of safety checks, if they exist, for the period 1/1/2021 to 12/31/23.<br><br>The motion is otherwise denied. |
| **RFP 182:**  ALL DOCUMENTS, including but not limited to logs, audits, and training materials, RELATING TO YOUR EMPLOYEES' response, including response times, to emergency intercom use by INCARCERATED PERSONS. | Denied. |
| **RFP 193:**  ALL DOCUMENTS RELATING TO body scanners at the JAIL, including but not limited to DOCUMENTS RELATING TO body scanning software, maintenance and repair of body scanners, contracts related to body scanners, POLICIES AND PROCEDURES related to the use of body scanners, and internal and/or third-party reports regarding the efficacy and/or utility of body scanners. | Denied. |

20-cv-406-AJB-DDL

| Request | Ruling |
|---|---|
| **RFP 195:** ALL DOCUMENTS RELATING TO video cameras and body-worn cameras at the JAIL, including but not limited to DOCUMENTS RELATING TO video camera and/or body-worn camera software, maintenance and repair of video cameras and/or bodyworn cameras, contracts related to video cameras and/or body-worn cameras, POLICIES AND PROCEDURES[19] related to the use of video cameras and/or body-worn cameras, and internal and/or third-party reports regarding the efficacy and/or utility of video cameras and/or body-worn cameras. | Denied. |
| **RFP 221:** ALL DOCUMENTS RELATING TO the provision or prescription of medication, including but not limited to antibiotic medication, to INCARCERATED PERSONS for the purpose of treating, managing, or alleviating dental pain or swelling. | Denied as moot. See RFP 100. |
| **RFP 231:** ALL DOCUMENTS AND COMMUNICATIONS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO confidentiality of communications between INCARCERATED PEOPLE and their attorneys, including the recording of phone calls between INCARCERATED PEOPLE and their attorneys. | Waived because not included in the Joint List for the 12/20/23 hearing. Alternatively, denied because Plaintiffs did not make a showing of relevance or the reasons why Defendants' production was deficient were provided. |

---

[19]     The term "POLICIES AND PROCEDURES" means policies, procedures, handbooks, advice, directives, training materials, forms, instructions, and guidelines that comprise established standards, regardless of the author. *See* Dkt. No. 489-3 at 46.

| Request | Ruling |
|---|---|
| **RFP 232:**  ALL DOCUMENTS and COMMUNICATIONS RELATING TO attorney callback requests. | Defendants must produce spreadsheets of facility notifications with respect to attorney visits for the period 1/1/2021 to 12/31/23.<br><br>The motion is otherwise denied. |
| **RFP 233:**  ALL DOCUMENTS and COMMUNICATIONS RELATING TO wait times for professional visits, including the time it takes to release visitors from the professional visiting room after a request has been made. | Denied. |
| **RFP 234:**  ALL DOCUMENTS and COMMUNICATIONS RELATING TO the law library and INCARCERATED PERSONS' access to the law library. | Defendants must produce documents sufficient to show the hours of availability for the law library for the period 1/1/2021 to 12/31/23.<br><br>The motion is otherwise denied. |
| **RFP 235:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the provision of legal materials to pro se litigants. | Denied. |
| **RFP 236:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO legal mail. | Denied. |

20-cv-406-AJB-DDL

### 4. *Contractor Activity Reports (RFP No. 78)*

Plaintiffs seek an order compelling production of "Contractor Activity Reports," citing language in Defendants' contract with medical care provider NaphCare requiring "various types of reports."  Mem. at 13.  Defendants' counsel confirmed at the February 9 Discovery Hearing that the County does not maintain these reports.  Plaintiffs' motion to compel further responses to RFP No. 78 is **DENIED AS MOOT**.

### 5. *Staffing Plans (RFP No. 191)*

Plaintiffs seek "staffing plans" to ascertain whether the County's jail facilities "have sufficient staff for tasks like safety checks, medical escorts, and responding to emergencies."  Mem. at 13.  During the February 9 Discovery Hearing, Plaintiffs' counsel represented that Defendants had produced some information in document SD_97886-97913 that reflects staffing as of March 2023.  Defendants shall produce the same information as of March 2021 and March 2022.  Similarly, the information in the staffing spreadsheet produced at document SD_725946 (covering the period February 10, 2023 to June 29, 2023) shall be produced for the period January 1, 2021 to December 31, 2023.  Plaintiffs' motion to compel further responses to RFP No. 191 is otherwise **DENIED**.

### 6. *RFPs Not Addressed in the Motion*

As noted at the February 6 Hearing, Exhibit A to the Swearingen Declaration includes multiple RFPs that are not the subject of Plaintiffs' briefing.  *See* Dkt. No. 489-3 at 6-37.  At the February 6 Hearing, Plaintiffs' counsel noted that Exhibit A was incorporated by reference in their brief as follows: "This Memorandum broadly describes the categories of missing documents, and a Request-by-Request summary of documents outstanding is attached as Exhibit A to the Declaration of Van Swearingen."  2/6/24 at 107 (citing Mem. at 4).  He further explained that the omission of some RFPs in the brief was the result of "simple oversight" but that others were not briefed because they did not "fall[] neatly" into the categories

described in the motion and, due to the 15-page limit for the brief, Plaintiffs chose to rely on the descriptions in Exhibit A.  2/6/24 Tr. at 107-108.

Exhibits are not the place to raise legal argument.  Defendants (whose argument *was* confined to the 15-page limit) and the Court reasonably understood the RFPs at issue to be those specifically identified in Plaintiffs' memorandum of points and authorities.  If Plaintiffs believed they required additional pages to brief important arguments, they were free to request an enlargement of the page limit.  They did not do so, and their use of Exhibit A as an extension of their briefing notwithstanding the Court's page limitations was improper.

Setting that aside, however, the Court also finds that the truncated descriptions of assertedly "missing documents" in Exhibit A fall short of "informing the court: (1) which discovery requests are the subject of [the] motion to compel; (2) which of the defendants' responses are disputed; (3) why the responses are deficient; (4) the reasons defendants' objections are without merit; and (5) the relevance of the requested information to the prosecution of his action." *Valenzuela v. City of Calexico*, No. 14-CV-481-BAS-PCL, 2015 WL 926149, at *1 (S.D. Cal. Mar. 4, 2015) (describing moving party's burden on a motion to compel); *see also Hancock v. Aetna Life Ins. Co*., 321 F.R.D. 383, 390 (W.D. Wash. 2017) (same).

Accordingly, subject to the following exceptions, the Court finds that Plaintiffs have failed to establish a basis for relief as to those RFPs that were not included in Plaintiffs' brief:

- Defendants must produce a spreadsheet showing MAT participants for the period January 1, 2021 to December 31, 2023 in response to **RFP No. 33**.  The motion is otherwise denied.

- Without ordering production, the Court orders Defendants to investigate the existence of documents responsive to **RFP No. 137** (communications with contractors) and any burden associated with their production.

- In response to **RFP No. 174**, Defendants must produce vermin and pest control logs for the period January 1, 2021 to December 31, 2023. The motion to compel further responses to this RFP is otherwise denied.

- The motion to compel further responses to **RFP Nos. 139** and **223** is denied as moot, as responsive information will be included in Defendants' responses to other requests.

- Without ordering production, the Court orders Defendants to investigate the existence of blank forms used for classification in response to **RFP No. 185**.

- Plaintiffs must file a motion to compel further responses to **RFP Nos. 203-207** by not later than **February 20, 2024**.  The motion must not exceed 5 pages.  Defendants' opposition must be filed by not later than **March 5, 2024** and must not exceed five pages.  The Court will take the motion under submission as of March 5, 2024 and issue a ruling in due course.  No reply shall be filed and no argument will be heard absent further order of the Court.

- Without ordering production, the Court directs the parties to further meet and confer regarding what responsive documents regarding alternative-to-incarceration programs exist (**RFP Nos. 238-244, 246 and 247**) and any burden associated with their production.  The parties must file a Joint Status Report by not later than **February 20, 2024** describing the results of their meet and confer efforts.

The motion to compel further responses to RFPs No. 101, 102, 103, 135, 136, 168, 173, 187, 188, 192, 194, 196, 197, 199, 200, 201, 202 and 222 is **DENIED**.

### 7. "Individual Custody and Medical Records"

The parties also dispute the appropriate parameters for identifying and collecting a subset of individual medical, mental health records.[20]   Plaintiffs'

---

[20]   Plaintiffs state in the motion that "many" of their RFPs call for this information, but do not

operative proposal, dated December 7, 2023, calls for the production of 570 individual records. *See* Dkt. No. 512 at 52-53. At the February 6 Discovery Hearing, Defendants described the burden associated with Plaintiffs' proposal, but reported that they had begun reviewing and producing individual medical and other records utilizing Plaintiffs' categories (although reducing the total number of files for certain categories). 2/6/24 Tr. at 164-170. Defendants further represented that they are providing the most recent records for each category, which Plaintiffs agreed would be appropriate. *Id.* at 164-65. To facilitate Plaintiffs' review, the Court **ORDERS** Defendants to identify for Plaintiffs which records correspond to which categories as set forth in Plaintiffs' December 7, 2023 proposal. The parties shall continue to meet and confer in good faith.

## B.   Text and Instant Messages

Plaintiffs seek an order compelling Defendants to collect and produce text and instant messages responsive to their RFPs. Mem. at 13-15. For the reasons discussed on the record at the February 9 Discovery Hearing, the Court **ORDERS** the parties to meet and confer regarding: (1) the use of text and instant messaging among custody staff and command staff; (2) to what extent employees in the jails use their own or County-issued cell phones and other devices; (3) whether messages from TechCare are retained, and if so for how long; (4) assuming TechCare messages are retained, whether they are searchable; (5) whether Microsoft Teams messages are retained, and if so for how long; (6) assuming Microsoft Teams messages are retained, whether they are searchable; and (7) the burden associated with searching, collecting and producing any responsive messages. The parties shall include the results of their meet and confer efforts on this topic in the Joint Status Report due **February 20, 2024**.

---

identify in the motion or the Joint Status Report which RFPs are at issue with respect to the record-sampling. *See* Mem. at 11.

20-cv-406-AJB-DDL

## C.    ESI Search Parameters

Plaintiffs move for an order compelling Defendants to produce documents responsive to Plaintiffs' search term proposal dated November 29, 2023, complaining that "Defendants chose their own search terms" which were inadequate to capture responsive ESI.  Mem. at 15-16.   Alternatively, Plaintiffs ask the Court to compel Defendants to provide them with a hit count and to order the parties to further meet and confer on the appropriate parameters for Defendants' ESI search. *Id.*

On November 22, 2023, the Court issued an order requiring Defendants to provide Plaintiffs with a preliminary search term proposal, and to consider any additional search terms requested by Plaintiffs.  Dkt. No. 454.  The Court explained, however, that it would not compel any party to conduct specific ESI searches because "the party who will be responding to discovery requests is entitled to select the custodians it deems most likely to possess responsive information and to search the files of those individuals."  *Id.* at 2 (citing *In re EpiPen (Epinephrine Injection, USP) Mktg*., *Sales Pracs*. & *Antitrust Litig*., No. 17- MD-2785-DDC-TJJ, 2018 WL 1440923, at *2 (D. Kan. Mar. 15, 2018). The Court required Defendants to inform Plaintiffs of their final ESI search term parameters. *Id.* at 3.

The record demonstrates Defendants fully complied with the Court's November 22, 2023 Order.  Plaintiffs have not established good cause to reconsider that order or to compel Defendants to run Plaintiffs' search terms.  *See* Mem. at 15-16.  The motion to compel regarding ESI search terms is **DENIED**.

## D.    Motion to Compel Further Responses to Interrogatories

### 1. Interrogatory No. 24

Plaintiffs' Interrogatory No. 24 asks Defendants to identify audits of custody operations and healthcare services at County jail facilities from January 1, 2020. 1/30/24 JSR at 8; *see also* Dkt. No. 489-3 at 108.  Defendants provided a list of

20-cv-406-AJB-DDL

inspections from January 1, 2022 to the present, which they "deem . . . complete." 1/30/24 JSR at 9.  Although this issue was not specifically discussed at the discovery hearings, the Court's analysis and findings as to the relevance of information from an earlier timeframe is equally applicable here.  Accordingly, the Court **ORDERS** Defendants to serve a supplemental response to Interrogatory No. 24 to include information for the period January 1, 2021 to December 31, 2023, by not later than **February 29, 2024**.  If Defendants believe doing so would impose an unreasonable burden, they may include a statement describing their position in the Joint Status Report.  The motion to compel further responses to Interrogatory No. 24 is otherwise denied.

### 2. Interrogatory No. 25

Interrogatory No. 25 was not included in the Joint List of disputed issues submitted to the Court in December.  Plaintiffs explain its omission by stating they believed they had an agreement with Defendants regarding the form and content of the response but that the response they received did not comport with their expectations.  For the reasons stated on the record during the February 9 Discovery Hearing, the Court **ORDERS** the parties to meet and confer regarding this dispute.  The parties shall update the Court in the Joint Status Report.

### E. Motion to Seal

Plaintiffs move, and Defendants join, to seal (or alternatively redact) Exhibits JJ, KK and NN to Plaintiffs' motion.  Dkt. Nos. 490, 502.  Generally, the Court applies a good cause standard to motions to seal documents related to a discovery motion.  *See Ctr. for Auto Safety v. Chrysler Grp.*, *LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).

Exhibits JJ and KK contain medical, dental and other personal information about detainees.  Although the personal information could be redacted from Exhibit JJ, given the length of the document, the extensive redactions that would be required, and its tangential importance to the Court's resolution of the motion, the

Court further finds there is good cause to seal the entire document.  Exhibit KK consists almost entirely of detainees' personal information and is also sealable in its entirety under the good cause standard.

Exhibit NN reveals specifics about jail staffing and, again, was tangential to the resolution of the motion to compel.  The Court finds Defendants have established good cause to maintain this document under seal.

For the foregoing reasons, the Motion to Seal [Dkt. No. 490] is **GRANTED**. The Court takes the opportunity to remind the parties that only documents for which sealing is sought should be lodged under seal.

**IV.**

**CONCLUSION**

For the reasons stated above, Plaintiffs' Motion to Compel Production of Documents and Interrogatory Response [Dkt. No. 489] is **GRANTED IN PART** and **DENIED IN PART**.  The Motion to Seal [Dkt. No. 490] is **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 14, 2024

_____
Hon. David D. Leshner
United States Magistrate Judge