Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800   Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300   Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANT COUNTY OF SAN DIEGO'S EX PARTE APPLICATION FOR AN ORDER STAYING THE MAGISTRATE JUDGE'S ORDERS OF DECEMBER 13, 2023 [DKT. 468] GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CIRB REPORTS, AND THE SUPPLEMENTAL ORDER [DKT. 529] ORDERING PRODUCTION BY FEBRUARY 16, 2024**<br><br>Judge Anthony J. Battaglia |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4884-6339-7029 v1 SD #4870-2866-7667 v1   - 1 -   3:20-CV-00406-AJB-DDL
DEFT COUNTY'S EX PARTE APPLICATION FOR STAY OF PRODUCTION

## I.  INTRODUCTION

The County seeks a stay of this Court's February 12, 2024 Order requiring the production of 34 privileged CIRB reports (the "Supplemental Order") pending the District Judge's review of County Defendants' Objection to and Motion for Reconsideration under Rule 72(a) of the Federal Rules of Civil Procedure of the December 13, 2023 Order granting Plaintiffs' motion to compel production of CIRB Reports (the "Order") (Doc. 468). The Court's Supplemental Order requires the County to produce the pertinent CIRB reports with authorized redactions by February 16, 2024. (Doc. 533.)

Although the District Court denied the County's request for stay of this Court's prior order regarding these CIRB records (*see* Doc. 533), the County is compelled to request a stay of the Supplemental Order to preserve its attorney-client privilege from being irretrievably lost. Without a stay, the County would be effectively deprived of its right, under Rule 72, to have the District Judge review the Discovery Order, or to seek intervention by the appellate court.

Further, the issue is timely as the specific issue -- regarding privileges applicable to San Diego County Sheriff's Department CIRB Reports -- is currently before the Ninth Circuit. The San Diego Union Tribune's motion to unseal the CIRB Reports in the *Frankie Greer v. San Diego County et al.* matter is currently on appeal in Case No. 23-55607.  The Ninth Circuit granted appellants' motion to stay the district court's July 11, 2023 order unsealing documents. (Doc. 2, citing *Nken v. Holder*, 556 U.S. 418, 434 (2009) (defining standard for stay pending appeal).

## II.  RELEVANT FACTS AND PROCEDURAL STATUS

The County has always maintained that the entirety of the CIRB Reports are privileged. When the Magistrate issued its Order Granting Plaintiffs' Motion to Compel Production of CIRB Reports on December 13, 2023, it also directed that any proposed redactions should be submitted in camera by December 20, 2023.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4884-6339-7029 v1

- 2 -

3:20-CV-00406-AJB-DDL
DEFT COUNTY'S EX PARTE APPLICATION
FOR STAY OF PRODUCTION

(Doc. 468.) Subsequently, the Court approved the redactions and ordered production by January 31, 2024. (Doc. 507.) The County objected and requested a stay of the production (Doc. 510). Further briefing occurred.  (Docs. 513, 520.) After receiving the briefing, Magistrate Leshner issued an order denying the Stay and ordering production of 34 CIRB Reports by February 16, 2024. (Doc. 533.)

Defendant County now files Objections to Magistrate Leshner's ruling, and requests this Court reconsider the ruling. In order to preserve the confidentiality of these documents pending further review, the County also seeks a stay of the Order requiring production by February 16, 2024.  The County still maintains that the entirety of the CIRB Reports are protected by the attorney-client privilege and that "a primary purpose" should govern rather than "the primary purpose." To require the County to produce the entirety of the 34 CIRB Reports, even with the limited redactions permitted, prior to the determination of its Objections and Motion to Reconsider the Discovery Order will severely prejudice the County in that the proverbial cat will be let out of the bag. Once the CIRB Reports are produced, even in redacted form, the County's claimed privileges as to those Reports will be forever lost.

### III. THE COUNTY WILL SUFFER IRREPARABLE HARM WITHOUT A STAY

Absent a stay of the Magistrate's Orders (Docs. 468, 533), the County will be denied the right to have the District Court review the Discovery Order. In *Alvarez v. Larose* (S.D. Cal., Sept. 21, 2020, No. 320CV00782DMSAHG) 2020 WL 5632659, at *2, Magistrate Judge Allison Goddard determined that it was appropriate to stay a discovery order, "notwithstanding the sparseness of Respondent's motion to stay," in order to preserve the party's critical rights from being lost pending review of a Rule 71 motion. (*Id.*, *citing Zargarian v. BMW of N. Am., LLC*, No. CV184857RSWLPLAX, 2019 WL 6111734, at *1 (C.D. Cal. Oct. 15, 2019) ("admonishing a defendant for failing to move for a stay of a discovery order until

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4884-6339-7029 v1                               - 3 -                     3:20-CV-00406-AJB-DDL
                                                                DEFT COUNTY'S EX PARTE APPLICATION
                                                                     FOR STAY OF PRODUCTION

one week after the deadline for compliance with the order, but nevertheless granting the stay because a denial 'would deny defendant of its right to have Local Rule 72 District Judge review of the Discovery Order'"); *Dayco Prod., Inc. v. Walker*, 142 F.R.D. 450, 454 (S.D. Ohio 1992) ("explaining that '[t]he purpose of the stay proceeding" in that district's local rules, providing that a magistrate judge's ruling on a non-dispositive motion remains in effect unless stayed, "is to preserve critical rights from being lost irretrievably pending objections or to maintain the status quo when a close question of law is involved in the nondispositive matter.'")

In considering whether to grant a motion to stay the effect of a magistrate judge's order, this Court has applied the same four-factor test that applies to the stay of a district court order pending appellate review: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. See *Alvarez v. Larose*, *supra*, at *2.

Here, the County will suffer irreparable harm if the requested stay is not granted. The Supplemental Order compels the County's production of 34 confidential, attorney-client privileged CIRB Reports by February 16, 2024. (Doc. 533.) Because the disclosure of privileged information cannot be undone, courts routinely grant stays pending review. See *In re BankAmerica Corp. Sec. Litig.*, 270 F.3d 639, 641 (8th Cir. 2001) (after granting an emergency stay of the district court's order that directed disclosure of material covered by the attorney-client privilege, issuing a writ of mandamus that directed the court to vacate its disclosure order).

The County's right to reconsideration here will become moot unless the stay is granted and extended until a decision on its motion is made. Once the documents are surrendered pursuant to the Supplemental Order, confidentiality will be lost for all time. The status quo could never be restored. See *Providence Journal Co. v.*

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4884-6339-7029 v1

- 4 -

3:20-CV-00406-AJB-DDL
DEFT COUNTY'S EX PARTE APPLICATION
FOR STAY OF PRODUCTION

*FBI*, 595 F.2d 889, 890 (1st Cir. 1979); *United States v. Fei Ye*, 436 F.3d 1117, 1123 (9th Cir. 2006) (recognizing that an order directing the disclosure of trade secrets would cause irreparable harm to the Government). Though the County complied with this Court's order to provide proposed narrow redactions, the County still maintains that the entirety of the CIRB Reports should be protected, which is the subject of the pending Rule 72 motion. The County's assertion of the privilege must remain protected pending review by the District Court. *In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008) ("once information is published, it cannot be made secret again.") "[A]bsent a stay Defendants would be deprived of any meaningful right to reconsideration of the discovery order by this Court." See *Gamino v. KPC Healthcare Holdings, Inc.*, No. 5:20-CV-01126-SB-SHK) 2021 WL 2309972, at *1 (C.D. Cal., May 10, 2021) citing *Alvarez, supra,* at *2 (granting stay despite lack of showing of likelihood of success on the merits where absence of stay "would effectively deprive Respondents of their right to reconsideration of the Discovery Order by the district judge altogether.") Indeed, this Court recently granted the same request for stay in another case involving nearly identical issues and circumstances. *Morton v. County of San Diego* (S.D. Cal., Sept. 18, 2023, No. 21-CV-1428-MMA-DDL) 2023 WL 6120995, at *1 ("The Court thereafter issued a limited stay of the Discovery Order pending resolution of the County's objection under Federal Rule of Civil Procedure 72). There is no reason why the same request for a stay in this case should be treated any differently.

Further, there is no risk of harm to the other parties if stay is granted and public interest weighs substantially in favor of protecting the County's right to object to the Order (Doc. 468) and the Supplemental Order (Doc. 533) prior to disclosure of attorney-client and work product privileged documents. Additionally, since this specific issue is currently on appeal in the Ninth Circuit (Greer, No. 23-55607), waiting direction from the appellate court would be helpful and potentially dispositive.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4884-6339-7029 v1

- 5 -

3:20-CV-00406-AJB-DDL
DEFT COUNTY'S EX PARTE APPLICATION FOR STAY OF PRODUCTION

## IV. THE COUNTY IS LIKELY TO SUCCEED ON THE MERITS BECAUSE FUNDAMENTAL FAIRNESS DEMANDS IT

As set forth in the Objections and Motion for Reconsideration, on September 13, 2021, the Ninth Circuit decided *In re Grand Jury* as a matter of first impression. *In re Grand Jury*, 23 F.4th 1088, 1090 (9th Cir. 2021.) *The fact that some of the CIRB Reports at issue derive from the first 8+ months of 2021, before the ruling of In re Grand Jury, cannot be understated*.

The County has always considered and treated CIRB Reports as privileged and confidential. Beginning in 2015, Magistrate Judge Jan M. Adler determined that the CIRB Reports are protected by the attorney-client privilege in *Bush v. County of San Diego, et al.*, United States District Court for the Southern District of California, Case No. 15-cv-00686-L-JMA, and in 2017 Magistrate Judge Mitchell D. Dembin came to the same conclusion in *Estate of Nunez v. County of San Diego, et al.*, Case No.: 16-cv-1412-BEN-MDD. As such, the County detrimentally relied on this Court's previous rulings that the CIRB Reports, created under the same policy and procedures as they are today, are privileged. In order to avoid prejudice to the County, *i.e*., the disclosure of its long-privileged Reports, fundamental fairness requires this Court to sustain the County's objections and find that the CIRB Reports should not be produced.

The CIRB Reports at issue in this case were created under the same policy and procedures as those in *Bush* and *Nunez* and should be treated the same. The purpose of the CIRB is and has always been to obtain legal advice – not a dual purpose – ***the*** purpose. If the law changes prospectively, so be it. But it is entirely unfair and prejudicial for this Court to twice rule that the CIRB Reports are privileged because the purpose of the CIRB is to obtain legal advice and then, without a change of facts, policy or procedures, change course and find that there is no privilege. *In re Grand Jury* does not apply under these facts because the CIRB

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4884-6339-7029 v1

- 6 -

3:20-CV-00406-AJB-DDL
DEFT COUNTY'S EX PARTE APPLICATION
FOR STAY OF PRODUCTION

has only one purpose, but in no event should it apply retroactively to swipe away the County's reasonable reliance on its previously established privilege.

"There are indeed Due Process limits on the retroactive application of a judicial decision, but only if the judicial decision 'is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.'" *Gibson v. Am. Cyanamid Co.*, 760 F.3d 600, 622 (7th Cir. 2014); citing 532 U.S. at 457, 462, 121 S.Ct. 1693 (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 352, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964)). Here, *In re Grand Jury* was a matter of first impression decided in 2021. It should not apply to erase the County's previously existing and judicially determined attorney-client privilege.

## V.  CONCLUSION

The County respectfully requests this Court to stay its December 13, 2023 Order (Doc. 468) and the Supplemental Order (Doc. 533) requiring production by February 16, 2024. Without the stay, the County will lose its right to have the District Judge review the Discovery Order as permitted by Rule 72. Given the importance of the attorney-client privilege objections at issue, maintaining the status quo is imperative until the District Judge has had the opportunity to rule on the substantive challenge. Further, the County requests that the Stay be issued until a ruling is issued in the *Greer* case (23-55607), as the Ninth Circuit is currently considering this very issue.

Dated:  February 15, 2024         BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Susan E. Coleman*
　　Susan E. Coleman
　　Elizabeth M. Pappy

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT