Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800   Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300   Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANT COUNTY OF SAN DIEGO'S OBJECTIONS TO DISCOVERY ORDER [DKT 468] AND MOTION FOR RECONSIDERATION**<br><br>[FED. R. CIV. P. 72(A)]<br><br>[*No hearing date per chambers; to be submitted on the papers*]<br><br>Hon. Judge Anthony J. Battaglia |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4894-0236-0485 v1 SD #4870-2866-7667 v1

3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR
RECONSIDERATION OF ORDER

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1
I.   INTRODUCTION ................................................................................................. 1
II.  THE DISCOVERY ORDER ................................................................................ 2
III. LEGAL STANDARD ........................................................................................... 3
IV.  OBJECTIONS ....................................................................................................... 4
     A.   The County Objects to the Clearly Erroneous Factual Findings
          in the Discovery Order Below: ................................................................... 4
     B.   The County Objects that the Following Legal Conclusions in the
          Discovery Order are Contrary to Law: ...................................................... 6
V.   LEGAL ARGUMENT ........................................................................................... 7
     A.   The CIRB Reports Are Protected by the Attorney-Client
          Privilege and Work-Product Doctrine ....................................................... 7
          1.   The Purpose of CIRB Is to Obtain Legal Advice ........................ 7
          2.   The CIRB Process, Like Other Internal Investigations
               Should Be Protected ....................................................................... 9
          3.   The Work Product Doctrine ........................................................ 10
     B.   If the CIRB Is Determined to Be Dual Purpose, the Magistrate
          Judge Should Have Applied *Kellogg's* "A Primary Purpose"
          Standard ..................................................................................................... 11
     C.   The Grand Jury "The Primary Purpose" Standard Should Not Be
          Applied Retroactively ............................................................................... 12
VI.  CONCLUSION ................................................................................................... 15

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4894-0236-0485 v1 SD #4870-2866-7667 v1    - i -    3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR
RECONSIDERATION OF ORDER

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Bush v. County of San Diego, et al.*,
   United States District Court for the Southern District of California,
   Case No. 15-cv-00686-L JMA [Dkt. No. 22.] ..................................................... 13

*F.D.I.C. v. Fid. & Deposit Co. of Md.*,
   196 F.R.D. 375 (S.D. Cal. 2000) ......................................................................... 3

*Gibson v. Am. Cyanamid Co.*,
   760 F.3d 600 (7th Cir. 2014) ............................................................................. 15

*In re Grand Jury*,
   23 F.4th 1088, 1094 (9th Cir. 2021), cert. granted sub nom.
   .................................................................................................... 11, 12, 14, 15

*In re Kellogg Brown & Root, Inc.*,
   756 F.3d 754 (D.C. Cir. 2014) .......................................................................... 11

*Klein v. Meta Platforms, Inc.*,
   No. 20-CV-08570-JD (VKD), 2022 WL 767096 (N.D. Cal. Mar.
   11, 2022) ..................................................................................................... 6, 10

*L.D. v. United Behay. Health*,
   No. 20CV02254YGRJCS, 2022 WL 3139520 (N.D. Cal. Aug. 5,
   2022) ................................................................................................................. 7

*Regents of Univ. of California v. Affymetrix, Inc.*,
   No. 17-CV-01394-H-NLS, 2018 WL 372752 (S.D. Cal. Aug. 6,
   2018) ................................................................................................................. 4

*United States v. Richey*,
   632 F.3d 559 (9th Cir. 2011) ......................................................................... 7, 10

*United States ex rel. Schmuckley v. Rite Aid Corp.*,
   No. 212CV01699KJMJDP, 2023 WL 42581 (E.D. Cal. Jan. 26,
   2023) ................................................................................................................. 7

*In re Sealed Case*,
   737 F.2d 94 (D.C.Cir.1984) .............................................................................. 10

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4894-0236-0485 v1 SD #4870-2866-7667 v1                - ii -

3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR
RECONSIDERATION OF ORDER

*In re Spalding Sports Worldwide, Inc.*,
    203 F.3d 800 (Fed. Cir. 2000) .......................................................................... 9

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981) ........................................................................... 4, 5, 9, 15

### State Cases

*In re Bisphenol-A (BPA) Polycarbonate Plastic Prod. Liab. Litig.*,
    No. 08-1967-MD-W-ODS, 2011 WL 1136440 (W.D. Mo. Mar. 25,
    2011) ................................................................................................................ 6

### Federal Statutes

28 U.S.C.A. § 36(b)(1)(A) ..................................................................................... 3

ADA ........................................................................................................................ 1

### Other Authorities

*Estate of Nunez v. County of San Diego, et al.*,
    Case No.: 16-cv-1412- ................................................................................... 14

FED. R. CIV. P. 72(A) ................................................................................... 1, 2, 2, 3

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4894-0236-0485 v1 SD #4870-2866-7667 v1                     - iii -

3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR
RECONSIDERATION OF ORDER

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This case is a class action which seeks to change the County's jail system in nearly every aspect – medical, psychiatric, dental, and vision care, ADA accommodations, safety/security measures, and environmental considerations. The lawsuit also challenges over-incarceration of racial minorities and the disproportionate application of alternatives to incarceration. As part of their wide-sweeping discovery efforts, Plaintiffs' lawyers sought to compel production of all Critical Incident Review Board ("CIRB") reports, in order to assist them in critiquing the in-custody deaths with the end goal of obtaining a consent decree.

CIRB meetings occur after in-custody deaths and involve a risk management meeting between Sheriff's Legal and the Sheriff's Department leadership, in order to seek legal advice and discuss these in-custody deaths in confidence. Based upon its practices, procedures, and this Court's prior decisions, the County maintains that the reports following the meetings of CIRB (the "CIRB Reports") are protected from disclosure by the attorney-client privilege and the attorney work-product doctrine.[1]

Waving their *Monell* flag, Plaintiffs moved to compel 34 CIRB Reports (those finalized between January 1, 2021 and the present). After full briefing and an *in camera* review, the Magistrate Judge ordered the County to produce these documents. (Dkt. 468.) The Magistrate approved the County's proposed redactions of the reports for attorney-client privileged communications. (Dkt. 507, 529.) The County requested the Magistrate Stay the Order Requiring Production; however, this was denied. (Dkt. 533.)

///

---

[1] The County also maintains that the CIRB Reports are protected by the deliberative process privilege, the official information privilege, the law enforcement investigatory privilege, and contain private, confidential information of third parties including HIPPA-protected medical information, but will reserve those arguments for another day.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4894-0236-0485 v1

- 1 -

3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR RECONSIDERATION OF ORDER

1	The County has concurrently filed an Ex Parte Request to Stay the Discovery Order, to allow its objections to be heard by this Court and also pending determination of this issue by the Ninth Circuit, in the *Greer* case.

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the County objects to and requests this Court's reconsideration of the portions of the Magistrate Judge's Order dated December 13, 2023 [Dkt. 468], Granting Plaintiffs' Motion to Compel Production of Documents [Dkt. 412]. In Magistrate Leshner's Order, he ordered the County to produce 34 CIRB Reports, those finalized between January 1, 2021 and the present. The County respectfully requests this court to sustain its objections to the Discovery Order as clearly erroneous and contrary to law because:

1. The CIRB Reports and Spreadsheet are privileged and protected because the purpose of CIRB is to provide confidential legal advice to the Sheriff's Department;

2. If the CIRB Reports are determined to be a dual-purpose communication, the Magistrate Judge should have applied *Kellogg*'s "A Primary Purpose" standard; and

3. It is fundamentally unfair to apply the *In re Grand Jury* "The Primary Purpose" standard retroactively to destroy the County's long-standing expectation that the CIRB Reports are privileged.

## II.  THE DISCOVERY ORDER

Magistrate Judge Leshner issued the Order on December 13, 2023, after briefing, in camera review, and oral argument on Plaintiffs' motion to compel confidential CIRB Reports completed from January 1, 2021 to the present. (Dkt. 468.) While the Magistrate approved redactions to the reports (Dkt. 507, 529), these protections are insufficient. A Stay of the Order was denied on February 12, 2024, with production ordered by February 16th. (Dkt. 533.)

///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4894-0236-0485 v1

- 2 -

3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR
RECONSIDERATION OF ORDER

As set forth in the underlying papers, the CIRB Reports were prepared for the purpose of legal advice provided to the County by counsel and in anticipation of litigation and for risk management purposes. In fact, the stated purpose of the CIRB is to analyze critical incidents, such as in-custody deaths, with legal counsel for risk management purposes:

> ***The purpose of this board is to consult with department Legal counsel when an incident occurs which may give rise to litigation. The focus of the CIRB will be to assess the department's civil exposure as a result of a given incident.*** The CIRB will carefully review those incidents from multiple perspectives, including training, tactics, policies, and procedures **with the ultimate goal of identifying problem areas and recommending remedial actions so that potential liability can be avoided in the future.**

(*See* Dkt. 468 Order, citing Sheriff's Dept. Manual 4.23.) The Sheriff's Chief Legal Advisor is present and participates in the CIRB meeting to provide legal support, advice and direction. These same policies and procedures have been in place since at least 2014. (See, e.g., *Nunez v. County of San Diego*, below.)

## III. **LEGAL STANDARD**

Rule 72(a) of the Federal Rules of Civil Procedure provides that a party may file objections to an order by a magistrate judge and that "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." See also, 28 U.S.C.A. § 36(b)(1)(A).

The "clearly erroneous" standard "applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000). The contrary to law" standard where a Magistrate's decision:

> '[A]pplies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure.' *Martin v. Loadholt*, No. 1:10-CV-00156-LJO-MJ, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). Under this standard, '[a]magistrate judge's legal

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4894-0236-0485 v1

- 3 -

3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR RECONSIDERATION OF ORDER

conclusions are reviewable de novo to determine whether they are "contrary to law" and findings of fact are subject to the "clearly erroneous" standard.' *CollegeSource, Inc. v. AcademyOne, Inc.,* 2015 WL 4772644, 4 at *2 (S.D. Cal. 2015) (citing *Perry v. Schwarzenegger,* 268

*Regents of Univ. of California v. Affymetrix, Inc.*, No. 17-CV-01394-H-NLS, 2018 WL 372752, at *2 (S.D. Cal. Aug. 6, 2018).

Here, the Discovery Order is both clearly erroneous and contrary to law because: (1) the CIRB Reports are privileged and protected as work product; (2) the Court applied "**the** primary purpose" test instead of the broader "**a** primary purpose test" in rejecting the County's assertion that the entire CIRB Reports are privileged; and (3) it is fundamentally unfair to apply the In re Grand Jury "the primary purpose" standard retroactively to destroy the County's long-standing expectation that the CIRB Reports are privileged.

## IV. OBJECTIONS

### A. The County Objects to the Clearly Erroneous Factual Findings in the Discovery Order Below:

1. "Following an in-custody death, the Sheriff's Department Homicide Unit conducts an investigation. Baranic Trans. at 28:7-9. In preparation for the CIRB meeting, Sheriff's Department personnel prepare a PowerPoint presentation summarizing the incident and the investigation. Baranic Trans. at 26:23-27:2; 108:20-23." (Order, page 3:7-8.) The recognition of privilege should be made on a case-by-case basis. *Upjohn Co. v. United States*, 449 U.S. 383, 396-97, 101 S. Ct. 677, 686, 66 L. Ed. 2d 584 (1981). It appears that the Magistrate Judge relied on evidence from the *Morton* case instead of only the evidence presented in this motion because there was no transcript of testimony by Michael Baranic submitted in support of or opposition to this motion, and Mr. Baranic has not testified or been deposed in this action.

2. "Baranic testified the presentation session 'is where the information is

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4894-0236-0485 v1

- 4 -

3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR RECONSIDERATION OF ORDER

presented to the board members, and we have the opportunity to ask questions of either the affected command or subject matter experts.' Baranic Trans. at 16:25-17:3." (Order, page 3:17-4:1.) The recognition of privilege should be made on a case-by-case basis. *Upjohn Co., supra*. Again, it appears that the Magistrate Judge relied on evidence from the *Morton* case.

    3.    "Following the presentation session, the CIRB meets in closed session. Only the five CIRB members and a Division of Inspectional Services Lieutenant acting as the 'scribe' are present at the closed session. *Id.* at 78:14." (Order, page 4:2-4.) The recognition of privilege should be made on a case-by-case basis. *Upjohn Co., supra*. Again, it appears that the Magistrate Judge relied on evidence from the *Morton* case.

    4.    "The Lieutenant who served as the 'scribe' prepares the CIRB Report. Baranic Trans. at 78:14. Baranic testified the CIRB Report may contain action items. *Id*. at 112:4-13." (Order, page 4:21-22.) The recognition of privilege should be made on a case-by-case basis. *Upjohn Co., supra*. Again, it appears that the Magistrate Judge relied on evidence from the *Morton* case.

    5.    "In addition to these requirements, Baranic testified that, in the days following the CIRB review, he 'tend[s] to have a standing meeting with the Sheriff and Undersheriff, and I will brief them on the CIRBs.' Baranic Trans. at 112:1-3." (Order, page 5:4-6.) The recognition of privilege should be made on a case-by-case basis. *Upjohn Co., supra*. Again, it appears that the Magistrate Judge relied on evidence from the *Morton* case.

    5.    "Baranic testified this is a 'a purpose of CIRB but not the primary purpose of CIRB.' Baranic Trans. at 76:1-2." (Order, page 5:22-23.) The recognition of privilege should be made on a case-by-case basis. *Upjohn Co., supra*. Again, it appears that the Magistrate Judge relied on evidence from the *Morton* case instead of only the evidence presented in this motion.

///

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4894-0236-0485 v1

- 5 -

3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR RECONSIDERATION OF ORDER

**B.     The County Objects that the Following Legal Conclusions in the Discovery Order are Contrary to Law:**

1. That the CIRB Reports are not privileged in their entirety and are not protected work product. (Order, page 14:11-15:1.)

2. That the *In re Grand Jury* "The Primary Purpose" standard applies instead of the *Kellogg* "A Primary Purpose" standard. (Order, page 9:16-27.)

3. That it is fundamentally unfair to apply the *In re Grand Jury* "The Primary Purpose" standard to void the County's privilege concerning documents prepared from January 1, 2021 to the present when earlier in 2015 and 2017 this Court determined that CIRB Reports are privileged. (Order.,

4. That "the County must show that every communication memorialized in that Report was 'made for the purpose of giving [or seeking] legal advice.' *In re Grand Jury*, 23 F. 4th at 1091." (Order, page 9: 24-27.) That is not what the case says. Instead, there is no need to parse out the privileged communications from the intertwined facts. *Klein v. Meta Platforms, Inc.*, No. 20-CV-08570-JD (VKD), 2022 WL 767096, at *3 (N.D. Cal. Mar. 11, 2022)(where disputed communications contain both factual and privilege disinformation, "the disputed communications as a whole concern the giving and receiving of legal advice,"), citing *In re Bisphenol-A (BPA Polycarbonate Plastic Prod. Liab. Litig.*, No. 08-1967-MD-W-ODS, 2011 WL 1136440, at *8 (W.D. Mo. Mar. 25, 2011) ("[The Court is unwilling to parse out 'privileged parts' of documents from 'unprivileged parts'—at least, as here, where it does not appear that privileged information was included merely to prevent disclosure of non-privileged matters.")

6. All critical incidents have the prospect of resulting in litigation, whether an in-custody death or employee's on-the-job injury. The fact that a CIRB is required for critical incidents does not lead to the conclusion that there is no work-product protection for the Chief Legal Advisor's involvement therein. (Order, page 14:11-15:1.)

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4894-0236-0485 v1

- 6 -

3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR RECONSIDERATION OF ORDER

## V. LEGAL ARGUMENT

### A. The CIRB Reports Are Protected by the Attorney-Client Privilege and Work-Product Doctrine

The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 66 L. Ed. 2d 584 (1981)). The attorney work-product doctrine protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Richey, supra*, 632 F.3d at 567 (quoting *Admiral Ins. Co. v. U.S. Dist. Ct.*, 881 F.2d 1486, 1494 (9th Cir. 1989 citing Fed. R. Civ. P. 26(b)(3)). The work-product doctrine covers documents or the compilation of materials prepared by agents of the attorney in preparation for litigation. *Id.*, (citing *United States v. Nobles*, 422 U.S. 225, 238, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975).

#### 1. The Purpose of CIRB Is to Obtain Legal Advice

The purpose of CIRB is to allow the Sheriff's Department to seek and receive legal advice concerning critical events for risk management purposes. Even so, "`[I]f an attorney gives a client legal advice on a business decision, that communication is protected by the privilege (assuming, *e.g.*, that the communication was made in confidence and in his or her capacity as an attorney)." *L.D. v. United Behav. Health,* No. 20CV02254YGRJCS, 2022 WL 3139520, at *13 (N.D. Cal. Aug. 5, 2022); citing *Staley v. Gilead Scis., Inc.,* No. 19-CV-02573-EMC, 2021 WL 4318403, at *2 (N.D. Cal. July 16.2021) (citing United States v. Chen, 99 F 3d 1495, 1501-02 (9th Cir. 1996)). See also, *United States ex rel. Schmuckley v. Rite Aid Corp.*, No. 212CV01699KJMJDP, 2023 WL 42581, at *2 (E.D. Cal. Jan. 26, 2023) (non-attorney email and spreadsheet summarizing legal advice to corporation are privileged).

With all due respect, the Magistrate Judge's analysis of the attorney-client

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4894-0236-0485 v1

- 7 -

3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR RECONSIDERATION OF ORDER

privilege as set forth in the Discovery Order is too narrow. For example, the fact that the CIRB Reports summarize the discussions at the CIRB meetings with legal counsel instead of setting forth a legal discussion in a question-and-answer format does not mean that the memorialization of the entire confidential meeting is not privileged. Further, although the Magistrate Judge made much of the fact that the CIRB members are able to vote without advice from legal counsel, that does not mean that they must vote without legal counsel, nor does it mean that the CIRB Reports are not privileged. Specifically, the Discovery Order states:

> Stated another way, the CIRB could fulfill its duties under Section 4.23 to vote on policy violations and address training or policy issues absent any legal advice from the Chief Legal Advisor. See Fisher, 425 U.S. at 403 (privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege"); *Wisk Aero LLC v. Archer Aviation, Inc.*, No. 21-cv-2450-WHO (DMR), 2023 WL 2699971, at *4 (N.D. Cal. March 29, 2023) ("no privilege can attach to any communication as to which a business purpose would have served as a sufficient cause, i.e., any communication that would have been made because of a business purpose, even if there had been no perceived additional interest in securing legal advice"). That legal advice from the Chief Legal Advisor is not necessary for the CIRB to fulfill these duties significantly undermines the County's position that the Reports in toto are privileged, and weighs against a finding that the primary purpose of the CIRB meetings is to "give or receive legal advice." *In re Grand Jury,* 23 F.4th at 1091.

(Order, page 11:1-14.) But the fact that the CIRB *can* vote without the advice of legal counsel does not mean that it *must* do so, and it certainly does not reduce the privileged protection of the meetings and Reports created thereafter. For example, can a board of directors of a corporation meet to vote on an issue without counsel present? Of course. If the board chooses to have its counsel present to offer advice relating to the issues underlying the vote is that conversation privileged? Yes. As discussed in *Upjohn,* "the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him [or her] to give sound and informed advice.

The first step in the resolution of any legal problem is ascertaining the factual background and sifting through the facts with an eye to the legally

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4894-0236-0485 v1 - 8 -

3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR RECONSIDERATION OF ORDER

relevant." *Upjohn Co., supra,* at p. 390-91. CIRB meetings are between the Sheriff's Department and its attorney, the primary purpose of which is to evaluate the risk and liabilities following a critical event. Just because the entirety of the CIRB Report is not a play-by-play script of what Sheriff's Department legal advisors Mr. Faigin or Mr. Baranic said, recommended, or asked at these meetings does not diminish the fact that the report is confidential as a whole – the CIRB Reports are the embodiment of the confidential communications between the Sheriff's Department and its attorneys. As such, the CIRB Reports should be protected from disclosure by the attorney-client privilege and work product doctrine.

### 2. The CIRB Process, Like Other Internal Investigations Should Be Protected

The CIRB internal investigation process is actually similar to that in *Upjohn Co. v. United States, supra:*

> Information, not available from upper—echelon management, was needed to supply a basis for legal advice concerning compliance with securities and tax laws, foreign laws, currency regulations, duties to shareholders, and potential litigation in each of these areas. The communications concerned matters within the scope of the employees' corporate duties, and the employees themselves were sufficiently aware that they were being questioned in order that the corporation could obtain legal advice.

*Upjohn Co., supra,* 449 U.S. at 394. As in *Upjohn*, fact gathering and obtaining information from employees concerning critical incidents is needed to allow the Sheriff's Department to consult with its legal advisors concerning potential liability and risk management factors following critical incidents.

Further, the CIRB Reports are privileged as a whole and should not be picked apart with piecemeal redactions. See, e.g., *In re Spalding Sports Worldwide, Inc.,* 203 F.3d 800, 806 (Fed. Cir. 2000) ["Although Wilson contends that the portion of Spalding's invention record that lists prior art should be disclosed

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4894-0236-0485 v1

- 9 -

3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR RECONSIDERATION OF ORDER

because it does not ask for legal advice, we do not consider that it is necessary to dissect the document to separately evaluate each of its components. It is enough that the overall tenor of the document indicates that it is a request for legal advice or services. Moreover, it is not necessary to expressly request confidential legal assistance when that request is implied. See, e.g., *In re Sealed Case*, 737 F.2d 94, 102 (D.C.Cir.1984); Paul R. Rice, Attorney—Client Privilege in the United States § 7:1 (1993)."] See also, *Klein v. Meta Platforms, Inc.*, No. 20-CV-08570-JD (VKD), 2022 WL 767096, at *3 (N.D. Cal. Mar. 11, 2022)(where disputed communications contain both factual and privileged information, "the disputed communications as a whole concern the giving and receiving of legal advice,"), citing *In re Bisphenol-A (BPA) Polycarbonate Plastic Prod. Liab. Litig.*, No. 08-1967-MD-W-ODS, 2011 WL 1136440, at *8 (W.D. Mo. Mar. 25, 2011) ("[T]he Court is unwilling to parse out 'privileged parts' of documents from 'unprivileged parts'—at least, as here, where it does not appear that privileged information was included merely to prevent disclosure of non-privileged matters.") Here, the CIRB Reports memorialize the Department's meetings with its Chief Legal Advisor to discuss and dissect critical incidents for the purpose of evaluating potential liability and to allow the Department to avoid future liability. The CIRB Reports are privileged in their entirety.

### 3. The Work Product Doctrine

"The work product doctrine applies if the County establishes that each of the 35 CIRB Reports 'would not have been created in substantially similar form but for the prospect of litigation.' *Richey,* 632 F.3d at 568." (Discovery Order, page 14:8-10.) **The whole purpose of the CIRB is to consider and avoid the prospect of litigation resulting from critical incidents.** The very reason Section 4.23 requires all critical incidents to be reviewed is because **litigation is always anticipated from injuries or deaths that occur in custody**. If the CIRB Reports were not created in anticipation of litigation, there would be no need for

confidentiality, no need for the Chief Legal Advisor to be present, and they would be publicly available. Critical incidents are just that — ***critical*** — and the very purpose of the CIRB and the Reports that follow is to allow Sheriff's Legal to meet confidentially with its client to discuss in detail critical incidents and develop a risk management strategy. The work product doctrine applies.

### B. If the CIRB Is Determined to Be Dual Purpose, the Magistrate Judge Should Have Applied *Kellogg's* "A Primary Purpose" Standard

This Court should find that the only purpose of CIRB is legal advice. However, if it does determine that there is more than one purpose for the CIRB, the alternative "a primary purpose" test of *In re Kellogg Brown & Root, Inc*., 756 F.3d 754 (D.C. Cir. 2014), as discussed by *In re Grand Jury*, 23 F.4th 1088, 1094-95 (9th Cir. 2021), should apply.

In 2021, the Ninth Circuit said, "III. We Leave Open Whether the 'A Primary Purpose Test' Should Apply." *In re Grand Jury*, 23 F.4th 1088, 1094 (9th Cir. 2021), cert. granted sub nom. *In re Jury*, 143 S. Ct. 80, 214 L. Ed. 2d 16 (2022), and cert. dismissed as improvidently granted, 143 S. Ct. 543, 214 L. Ed. 2d 329 (2023). In *In re Grand Jury*, the Ninth Circuit recognized the merits of the *Kellogg* "a primary purpose" test, but did not adopt it for purposes of that case because I*n re Grand Jury* involved a tax matter, while *Kellogg* "dealt with the very specific context of corporate internal investigations," which was required by law. *Id.*

The Ninth Circuit discussed Kellogg's rationale for the "a primary purpose" test as follows:

> Was obtaining or providing legal advice a primary purpose of the communication, meaning one of the significant purposes of communication?' *Id*. at 760…

> In the eyes of the *Kellogg* court, 'the primary purpose test, sensibly and properly applied, cannot and does not draw a rigid distinction between a legal purpose on the one hand and a business purpose on the other.' *Id*. Even though it

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4894-0236-0485 v1

- 11 -

3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR RECONSIDERATION OF ORDER

> theoretically sounds easy to isolate 'the primary or predominant' purpose of a communication, the exercise can quickly become messy in practice. That was the case in *Kellogg* in which the company conducted an internal investigation for both legal (e.g., to obtain legal advice) and business reasons (e.g., to comply with regulatory requirements and corporate policy). ***A test that focuses on a primary purpose instead of the primary purpose would save courts the trouble of having to identify a predominate purpose among two (or more) potentially equal purposes***
>
> ***We see the merits of the reasoning in Kellogg.*** But we see no need to adopt that reasoning in this case. None of our other sister circuits have openly embraced Kellogg yet. ***We also recognize that Kellogg dealt with the very specific context of corporate internal investigations, and its reasoning does not apply with equal force in the tax context***. Nor are we persuaded that the facts here require us to reach the *Kellogg* question. Moreover, the universe of documents in which the *Kellogg* test would make a difference is limited. ***The Kellogg test would only change the outcome of a privilege analysis in truly close cases, like where the lgal purpose is just as significant as a non-legal purpose.***

*In re Grand Jury*, 23 F.4th at 1094-95. This is one of those truly close cases and in the event this Court does not find that the purpose of CIRB is to seek legal advice, it cannot reasonably be questioned that legal advice is assuredly a primary purpose of CIRB, which is similar to a corporate internal investigation.

### C.  The Grand Jury "The Primary Purpose" Standard Should Not Be Applied Retroactively

On September 13, 2021, the Ninth Circuit decided *In re Grand Jury* as a matter of first impression. "Given our increasingly complex regulatory landscape, attorneys often wear dual hats, serving as both a lawyer and a trusted business advisor. Our court, however, has yet to articulate a consistent standard for determining when the attorney- client privilege applies to dual-purpose communications that implicate both legal and business concerns." *In re Grand Jury,*

23 F.4th 1088, 1090 (9th Cir. 2021.) ***The fact that the CIRB Reports at issue derive from the <u>2015</u> to <u>2019</u> timeframe, more than two years prior to In re Grand Jury, cannot be understated.*** The County has always considered and treated CIRB Reports as privileged and confidential, particularly because in 2015 Magistrate Judge Jan M. Adler determined that the CIRB Reports are protected by the attorney-client privilege, and in 2017 Magistrate Judge Mitchell D. Dembin came to the same conclusion. As such, the County has detrimentally relied on this Court's previous rulings that the CIRB Reports, created under the same policy and procedures as they are today, are privileged. In order to avoid prejudice to the County, *i.e*., the disclosure of its long-privileged Reports, fundamental fairness requires this Court to sustain the County's objections and find that the CIRB Reports should not be produced.

On November 25, 2015, Magistrate Judge Adler held that the CIRB Reports are protected by the attorney-client privilege. *Bush v. County of San Diego, et al.,* United States District Court for the Southern District of California, Case No. 15-cv-00686-L- JMA [Dkt. No. 22.] The ruling in *Bush* concluded, in no uncertain terms, that the CIRB confidential report in a given incident was protected from disclosure because it was prepared for the purpose of obtaining legal advice:

> ***The purpose of the Board is to consult with legal counsel to assess the Sheriff Department's civil exposure as a result of a given incident.*** Id., ¶ 4, Ex. A- San Diego County Sheriffs Department Procedure 4.23. The Critical Incident Review Board Report Plaintiffs seek to have produced is a report of a discussion between San Diego County Sheriffs Department command staff and Mr. Faigin about the incident that gave rise to this litigation and is maintained as a confidential document in his office. Id., ¶¶ 4 & 5.
>
> ...Mr. Faigin's declaration sufficiently establishes the SDSO Critical Incident Review Board Report is a confidential communication involving the County's employees and Mr. Faigin, in his capacity as a legal

> advisor, and *that it was prepared for the purpose of obtaining legal advice related to the subject incident.* Furthermore, the County has protected the report from disclosure. Because this document is an attorney client privileged communication, for which the privilege has not been waived, and is protected from disclosure, it is not necessary to examine Defendants' remaining objections.

*Bush,* Dkt. 22, page 8:5-24 [emph. added]; see also Joint Motion at Dkt. 19. The CIRB procedures and report have been substantially the same since this time. Nothing has changed but this Court's recent rulings.

On September 11, 2017, Magistrate Judge Mitchell D. Dembin similarly determined in *Estate of Nunez v. County of San Diego, et al.,* Case No.: 16-cv-1412- BENMDD that the CIRB Reports are protected by the attorney-client privilege because the purpose of the meeting was to obtain legal advice:

> Mr. Faigin attended the meeting memorialized in the report and both the procedural manual and Mr. Faigin assert that *the purpose of the meeting was to obtain legal advice in advance of potential litigation.* The Court is satisfied that attorney-client privilege properly is asserted to protect the CIRB report.

*Nunez,* Dkt. 186, page 3:11-15. [emph. added]; *See also,* Joint Motion for Determination of Discovery Dispute, Dkt. 176. Again, the CIRB procedures and report were substantially the same as they are today.

*How is it that the same CIRB Reports, created under the same policy and procedures, can have the purpose of obtaining legal advice in 2015 and 2017 but not in 2023?* They cannot. The purpose of the CIRB is and has always been to obtain legal advice - not a dual purpose - **the** purpose.

If the law changes prospectively, so be it. But it is entirely unfair and prejudicial for this Court to twice rule that the CIRB Reports are privileged because the purpose of the CIRB is to obtain legal advice and then, without a change of facts, policy or procedures, change course and find that there is no privilege. *In re Grand Jury* does not apply under these facts because the CIRB has only one

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4894-0236-0485 v1                                     - 14 -                    3:20-CV-00406-AJB-DDL
                                                                      DEFTS' OBJECTIONS AND MOTION FOR
                                                                            RECONSIDERATION OF ORDER

purpose, but in no event should it apply retroactively to swipe away the County's reasonable reliance on its previously established privilege.

"There are indeed Due Process limits on the retroactive application of a judicial decision, but only if the judicial decision 'is unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.'" *Gibson v. Am. Cyanamid Co.,* 760 F.3d 600, 622 (7th Cir. 2014); citing 532 U.S. at 457, 462, 121 S.Ct. 1693 (quoting *Bouie v. City of Columbia,* 378 U.S. 347, 352, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964)). Here, *In re Grand Jury* was a matter of first impression decided in 2021. It should not apply to erase the County's previously existing and judicially determined attorney-client privilege.

"[I]f the purpose of the attorney-client privilege is to be served, the attorney and client must be able to predict with some degree of certainty whether particular discussions will be protected. An uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all." *Upjohn Co. v. United States,* 449 U.S. 383, 393, 101 S. Ct. 677, 684, 66 L. Ed. 2d 584 (1981).

## VI.   CONCLUSION

The 34 CIRB Reports at issue were prepared for the purpose of obtaining legal advice provided to the Sheriff's Department by its Chief Legal Advisor and are protected from disclosure. Based on all of the foregoing, County requests that this Court sustain the County's Objections to the Magistrate Judge's Order granting Plaintiffs' Motion to Compel the CIRB Reports and/or grant its request for Reconsideration of the Order. At a minimum, this Court should wait for the Ninth Circuit's ruling in pending Ninth Circuit appeal in the *Greer* case (23-55607), for direction on this issue from a higher court.

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4894-0236-0485 v1                    - 15 -                3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR
RECONSIDERATION OF ORDER

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: February 15, 2024 | BURKE, WILLIAMS & SORENSEN, LLP |
| 3 | | |
| 4 | | By: */s/ Susan E. Coleman* |
| 5 | | Susan E. Coleman<br>Elizabeth M. Pappy |
| 6 | | Attorneys for Defendants<br>COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT |

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4894-0236-0485 v1

- 16 -

3:20-CV-00406-AJB-DDL
DEFTS' OBJECTIONS AND MOTION FOR RECONSIDERATION OF ORDER