UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**ORDER**<br><br>**(Doc. Nos. 541, 542)** |

Presently before the Court is Defendant County of San Diego's (the "County") objections to Magistrate Judge David Leshner's December 13, 2023 Order granting Plaintiffs' motion to compel production of CIRB Reports ("December 13 Order"), (Doc. No. 468), and February 8, 2024 Supplemental Order ("February 8 Order"), (Doc. No. 529). (Doc. No. 541.) The County also filed an *ex parte* application to stay the December 13 and

1

1  February 8 Orders pending the outcome of this instant order, and until a ruling is issued in
2  *Greer c. City of San Diego*, 23-55607, which is currently before the Ninth Circuit. (Doc.
3  No. 541.) Magistrate Judge Leshner has ruled on a motion to stay filed by the County based
4  on these same arguments. (*See* Doc. Nos. 510, Defendants' Request for Stay of Production;
5  & 533, February 12, 2024 Order ("February 12 Order") denying the request to stay.) Thus,
6  this Court only has the power to review the County's request for a stay under Federal Rule
7  of Civil Procedure 72(a) as an objection to the February 12 Order. Pursuant to Civil Local
8  Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers submitted
9  and without oral argument. For the reasons set forth below, the Court **OVERRULES** the
10 County's objections.

11 I.   BACKGROUND

12      On December 13, 2023, Magistrate Judge David Leshner issued the December 13
13 Order granting Plaintiffs' motion to compel production of twenty-five reports of the San
14 Diego Sheriff's Department's Critical Incident Review Board (the "CIRB"). (Doc. No.
15 468.) Thereafter, on January 26, 2024, Judge Leshner ordered the County to produce the
16 redacted CIRB Reports to Plaintiffs "by not later than January 31, 2024." (Doc. No. 507.)

17      On January 29, 2024, the County filed a motion to stay because it "intends to appeal
18 [the January 26, 2024 Order] to the District Court Judge Anthony Battaglia for review."
19 (Doc. No. 510.) The February 8 Order thereafter ordered "that the County may maintain
20 its proposed redactions to the CIRB Reports" and further noted that "[t]he deadline for
21 Defendants to produce the CIRB Reports remains stayed pending the Court's order on
22 Defendants' request for a stay." (Doc. No. 529 at 2.) In the February 12 Order, Judge
23 Leshner denied the County's request for a stay and ordered Defendants to "produce the 34
24 CIRB Reports at issue, with redactions as approved by the Court, by not later than
25 **February 16, 2024**." (Doc. No. 533.)

26      The instant objections follow. (Doc. Nos. 541, 542.)
27 ///
28 ///

2

## II.  LEGAL STANDARD

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters. *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000); *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error). In contrast, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See e.g.*, *Haines v. Liggetts Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F. Supp. 717, 719 (S.D. Cal. 1996). Thus, the district court should exercise its independent judgment with respect to a magistrate judge's legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

"Non-dispositive matters include 'evidentiary rulings, pretrial discovery matters, and the imposition of sanctions for discovery abuses.'" *Estakhrian v. Obenstine*, No. CV 11-03480 GAC(CWx), 2012 WL 12884889, at *3 (C.D. Cal. Nov. 9, 2012) (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D. N.J. 2008)); *see also Hoar v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) ("Matters concerning discovery generally are considered 'nondispositive' of the litigation"). There is no doubt that the dispute currently before the Court involves a pretrial-discovery matter because it is based on discovery disputes. *See* Fed. R. Civ. P. 72(a).

## III.  DISCUSSION

Because the challenge to the magistrate judge's finding involves a discretionary decision made in connection with a non-dispositive pretrial discovery matter, the clearly-erroneous standard applies. *See Fid. & Deposit Co. of Md.*, 196 F.R.D. at 378. Upon reviewing the relevant documents—including the County's objections and the Magistrate Judge's December 13, February 8, and February 12 Orders—and taking into account that

the clearly-erroneous standard is "significantly deferential," the Court cannot reach a "definite and firm conviction that a mistake has been committed." *See Concrete Pipe & Prods. of Cal.*, 508 U.S. at 623.

The Court first reiterates that a party may object to a non-dispositive pretrial order of a magistrate judge *within fourteen days* after service of the order. *See* Fed. R. Civ. P. 72(a). The County's objection to Judge Leshner's December 13 Order was filed on February 15, 2024, long after the fourteen-day deadline to file its objection, and is thus untimely. The time to have moved for review ended in late December 2023. The Court **OVERRULES** the County's objection as to the December 13 Order.

Regarding the February 8 Order (ordering that the County may maintain its proposed redactions and staying production until the Court's order on the County's request for a stay) and February 12 Order (denying the County's request for a stay and ordering production by not later than February 16, 2024), there is nothing before the Court meeting the clearly erroneous standard that demonstrates the Magistrate Judge did not thoroughly consider the County's concerns that were presented to him. The February 8 Order found the County's proposed redactions were "narrowly tailored" and "consistent with the precept that the attorney-client privilege is 'strictly construed,' and 'protects only those disclosures necessary to obtain informed legal advice which may not have been made absent privilege.'" (Doc. No. 529 at 1 (internal citations omitted).)

Moreover, the Magistrate Judge applied the relevant test in the February 12 Order. To evaluate whether to stay a magistrate judge's order, the court must apply a four-factor test: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." *In re Republic of Ecuador*, No. 10-MC-80087 CRB (NC), 2012 WL 13187177, at *2 (N.D. Cal. Mar. 30, 2012) (citing *Nken v. Holder*, 556 U.S. 418 (2009)). Weighing each factor, the Magistrate Judge concluded that a stay was not warranted. (Doc. No. 533 at 2.) Most importantly, the

February 12 Order found "Defendants simply repeat the arguments they made in opposition to the motion to compel" and did not find "the pending appeal in *Greer v. County of San Diego* undermines its findings that the CIRB Reports are not privileged, as the Court understands that appeal to bear on the separate issue of whether the reports should have been disclosed to the media." (*Id.*) Accordingly, the County's objections to the Magistrate Judge's Orders do not establish that the Magistrate Judge's ruling was clearly erroneous or contrary to law.

### IV. CONCLUSION

Based on the foregoing, the Court **OVERRULES** the County's objections to Magistrate Judge David Leshner's Orders. (Doc. Nos. 541, 542.) The Court **ORDERS** Defendants to produce the CIRB Reports as ordered by Magistrate Judge Leshner by not later than **Tuesday, February 20, 2024**.

IT IS SO ORDERED.

Dated: February 16, 2024

Hon. Anthony J. Battaglia
United States District Judge