| | |
|---|---|
| GAY C. GRUNFELD – 121944<br>VAN SWEARINGEN – 259809<br>PRIYAH KAUL – 307956<br>ERIC MONEK ANDERSON – 320934<br>HANNAH M. CHARTOFF – 324529<br>ROSEN BIEN<br>GALVAN & GRUNFELD LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, California 94105-1738<br>Telephone: (415) 433-6830<br>Facsimile: (415) 433-7104<br>ggrunfeld@rbgg.com<br>vswearingen@rbgg.com<br>pkaul@rbgg.com<br>eanderson@rbgg.com<br>hchartoff@rbgg.com | CHRISTOPHER M. YOUNG – 163319<br>ISABELLA NEAL – 328323<br>OLIVER KIEFER – 332830<br>DLA PIPER LLP (US)<br>4365 Executive Drive, Suite 1100<br>San Diego, California 92121-2133<br>Telephone: (858) 677-1400<br>Facsimile: (858) 677-1401<br>christopher.young@dlapiper.com<br>isabella.neal@dlapiper.com<br>oliver.kiefer@dlapiper.com |

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br>v.<br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DOCUMENTS RESPONSIVE TO REQUEST FOR PRODUCTION NOS. 203 TO 207**<br><br>Judge:  Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

## INTRODUCTION

Plaintiffs' Requests for Production Nos. 203 to 207 seek documents relating to "incidents, complaints, and investigations of" staff misconduct or use of force at the Jail, "regardless whether the allegation was sustained or unsustained."[1] Each Request is specific to a type of staff conduct as defined in the California Penal Code: "failure to intervene against another EMPLOYEE using force that is clearly unreasonable or excessive" (Request No. 203), "discharge of a firearm" (Request No. 204), "sexual assault" (Request No. 205), "dishonesty" (Request No. 206), and "investigations of prejudice or discrimination" (Request No. 207).

Such internal investigation and disciplinary records—including those finding that no misconduct occurred—are directly relevant to the issues in Plaintiffs' Third Amended Complaint which alleges that the Sheriff's Department "fails to prevent and address misconduct against incarcerated people by custody staff." Dkt. 231, ¶ 347. That alleged misconduct includes "violence against incarcerated people," "discriminat[ion] against incarcerated people with mental illness by emotionally, verbally, and/or physically abusing them," and "creat[ing] situations that increase the likelihood that [custody staff] will use force against incarcerated people." *Id.* ¶¶ 349–51. Plaintiffs also alleged that the Sheriff's Department fails to "hold[] custody staff accountable" for misconduct through an effective disciplinary system. *Id.* ¶ 352; *see also, e.g.*, *id.* ¶ 349 ("the custody staff involved [in a specific incident] were not disciplined"). Finally, Plaintiffs alleged that the Sheriff's Department has "a culture of retaliation that chills staff from coming forward to report on" incidents of staff misconduct. *Id.* ¶ 352. Records that do not sustain allegations of staff misconduct will allow Plaintiffs' experts to assess the adequacy of Defendants' discipline and investigation system.

---

[1] Defendants produced a handful of investigative files involving "sustained" allegations of misconduct but are declining to produce unsustained files.

In their response to Plaintiffs' Requests for Production, Defendants objected that these records are "equally available" to Plaintiffs, "have previously been requested," and "irrelevant," but did not assert any privilege objection. Defendants also have not produced any privilege log. Grunfeld Decl., Ex. A. Defendants asserted at the February 6, 2024 discovery hearing that documents relating to unsustained allegations of misconduct—*i.e.*, where no discipline was imposed—are subject to protection under the *Pitchess* doctrine, a California state law privilege relating to peace officer personnel records. Feb. 6, 2024 Tr. at 160:9-161:13. For the reasons explained below, Defendants should be required to produce all complaints and internal investigation records related to each of the categories in Request Nos. 203 to 207.[2]

## ARGUMENT

As an initial matter, Defendants have waived any claims of privilege. Even if the privilege argument is considered, it does not prohibit production of the requested documents in this case. The federal official information privilege—which governs this federal question case in federal court—does not preclude production.

### I.  Defendants Waived Any Objection to Production Based on Privilege.

Under Federal Rule of Civil Procedure 34(b)(2)(B), a response to a request for production "must … state with specificity the grounds for objecting to the request." As courts have explained, "[a] party seeking to invoke the official information privilege in response to a discovery request must serve a timely discovery response specifically identifying the official information privilege as a basis for its objection." *Ramirez v. Gutierrez*, 2021 WL 4776332, at *7 (S.D. Cal. Oct. 12, 2021). In addition, when asserting a privilege, the party opposing discovery

---

[2] Given the imminent commencement of person-most-knowledgeable depositions and the upcoming expert report disclosure deadline, Plaintiffs respectfully request that responsive documents be produced promptly after the Court rules on this Motion.

"must make a *prima facie* showing that the privilege protects the material the party intends to withhold," including via a privilege log. *City of Roseville Emps.' Retirement Sys. v. Apple Inc.*, 2022 WL 3083000, at *4 (N.D. Cal. Aug. 3, 2022) (citing *In re Grand Jury Invest.*, 974 F.2d 1068, 1071 (9th Cir. 1992)). Defendants neither asserted a privilege objection (under *any* law) in response to Plaintiffs' Requests, nor did they provide a privilege log. The privilege is therefore waived.

## II. Federal Law, Which Governs This Case, Favors Disclosure of These Relevant Records Under the Parties' Protective Order.

"Pursuant to Federal Rule of Evidence 501, federal common law generally governs claims of privilege" in federal court. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 835 F.3d 1155, 1158 (9th Cir. 2016). In cases asserting "both federal and state law" claims when " 'the same evidence relates to both,' " " 'federal privilege law governs.' " *Id.* (quoting *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014)). Accordingly, in civil rights cases, including those against law enforcement agencies, federal courts apply the federal official information privilege in analyzing objections to requests for production, even when responding parties assert privileges under California Penal Code § 832.7 and Evidence Code § 1043. *E.g.*, *Ramirez*, 2021 WL 4776332, at *6 ("Federal courts … have found that § 832.7 is not applicable in evaluating discovery disputes in 42 U.S.C. § 1983 claims") (collecting cases); *Clark v. City of Los Angeles*, 2021 WL 4731353, at *9 (C.D. Cal. Aug. 23, 2021); *Edwards v. City of Vallejo*, 2019 WL 3564168, at *3 (E.D. Cal. Aug. 6, 2019).[3]

As explained in the Court's Order Granting Plaintiffs' Motion to Compel Production of CIRB Reports, "[f]ederal common law recognizes a qualified privilege for official information." Dkt. 468 at 8 (quoting *Sanchez v. City of Santa*

---

[3] A line of cases predating *Wilcox* incorrectly held that, in cases asserting "mixed federal/state claims," courts should "consider[]" state privilege law in addition to federal privilege law. *E.g.*, *Brooks v. Cty. of San Joaquin*, 275 F.R.D. 528, 530–31 (E.D. Cal. 2011). In light of the Ninth Circuit's contrary holdings in *Wilcox* and *TFT-LCD (Flat Panel)*, that line of cases is no longer good law.

*Ana*, 936 F.2d 1027, 1033 (9th Cir.1990)). Defendants have "the burden to demonstrate that the [official information] privilege[] appl[ies]." *Shiflett ex rel. Davenport v. City of San Leandro*, 2023 WL 4551077, at *2 (N. D. Cal. July 13, 2023). Courts then balance "the interests of the party seeking discovery … against the interests of the governmental entity asserting the privilege." Dkt. 468 at 8 (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995)).

"This balancing approach is 'moderately pre-weighted in favor of disclosure.' " *Id.* Indeed, courts have held that internal affairs investigations conducted by law enforcement agencies "should be presumptively discoverable when a plaintiff makes a proper showing of relevance." *Kelly v. City of San Jose*, 114 F.R.D. 653, 665-66 (N.D. Cal. 1987). It is sufficient for a plaintiff to show only "how information of the *kind* that is likely to be in the files could lead to admissible evidence." *Id.* at 668 (noting that it is not "fair … to demand that a plaintiff identify with particularity the information that is in confidential police files and demonstrate specifically how that information is relevant to his claims"). California district courts routinely order production of complaints and investigation files related to officer misconduct in civil rights cases, even when the officers that are the subject of the complaints are not defendants in the litigation. *E.g.*, *NAACP of San Jose/Silicon Valley v. City of San Jose*, 2022 WL 4537882, at *4–5 (N.D. Cal. Sept. 28, 2022); *Hereford v. City of Hemet*, 2023 WL 6813740, at *16 (C.D. Cal. Sept. 14, 2023).

The balancing test favors production here. Complaints, incident reports, and internal investigation files relating to staff misconduct and use of force—including when the Sheriff's Department found an allegation unsustained—are directly relevant to Plaintiffs' claims. Plaintiffs allege not only that staff misconduct occurs in the Jail, but also that the Sheriff's Department fails to impose appropriate discipline when it does occur. Dkt. 231 at ¶¶ 347–52. The production of investigation files when allegations of misconduct are *not* sustained, *i.e.*, when the Sheriff's Department declined to impose any discipline, are critical to support Plaintiffs' assertion

that Defendants "have failed to take effective action to prevent and address misconduct, including through holding custody staff accountable." *Id.* ¶ 352. Absent production of those unsustained allegations, Plaintiffs would be prejudiced. Indeed, other correctional institutions produce such files in cases alleging an institution's failure to hold staff accountable. *See* Grunfeld Decl. at ¶ 5.[4]

### III. At a Minimum, Defendants Should Be Required to Produce the Unsustained Records with Staff Names Redacted.

The parties in this case have already entered into a protective order, which includes a "for counsel only" confidentiality designation, that is sufficient to protect the interests of any person identified in the unsustained discipline and investigation files. *See* Dkt. 400 at ¶ 4; *see also* Grunfeld Decl. at ¶ 5. Alternatively, the Court could order production of unsustained records with the identifying information of Defendants' staff initially redacted. *See Ramirez*, 2021 WL 4776332, at *6 (collecting cases). Should Defendants be permitted to redact these records, each officer should be identified by a unique number, so that Plaintiffs could evaluate whether there were multiple complaints made against the same staff member.

### CONCLUSION

For these reasons, Plaintiffs respectfully request that the Motion be granted.

DATED: February 20, 2024        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Hannah Chartoff*
    Hannah Chartoff

Attorneys for Plaintiffs and the Certified Class and Subclasses

---

[4] Even if state privilege law did apply, which it does not, the Court would similarly analyze the relevance of the requested documents and its availability through other means. *See Brooks*, 275 F.R.D. at 533 ("Cal. Evid. Code § 1045 strikes the state balance in favor of disclosing internal investigations pertaining to the manner in which a peace officer performed his or her duties, *so long as they are relevant* to pending litigation.").