GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>      v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>            Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>Judge:     Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

Pursuant to the Court's Order of February 14, 2024 (Dkt. No. 536) (the "February 14 Order"), the parties submit this Joint Status Conference Statement.

## I. PRODUCTION OF TEXTS AND INSTANT MESSAGES

The February 14 Order requires:

"the parties to meet and confer regarding: (1) the use of text and instant messaging among custody staff and command staff; (2) to what extent employees in the jails use their own or County-issued cell phones and other devices; (3) whether messages from TechCare are retained, and if so for how long; (4) assuming TechCare messages are retained, whether they are searchable; (5) whether Microsoft Teams messages are retained, and if so for how long; (6) assuming Microsoft Teams messages are retained, whether they are searchable; and (7) the burden associated with searching, collecting and producing any responsive messages. The parties shall include the results of their meet and confer efforts on this topic in the Joint Status Report due February 20, 2024."

Dkt. 536 at 25.

### A. Plaintiffs' Statement

Defendants' counsel provided the following information in response to the February 14 order:

(1) Command and Custody staff have County owned phones. Custody recently started getting them, but not all have them yet. Im's are not maintained by the carrier. Texts are maintained by carrier for a few weeks. The County does not maintain the information. In custody still use in person or walkie talkies as primary method of communication about real time events.

(2) It is expected that they will use the phone, but the County doesn't track how much they use text or IM.

(3) Yes. Indefinitely.

(4) They are not searchable and cannot be printed. "Alerts" through StatCare can be exported to Excel spreadsheets and may be able to be searched.

(5) Yes. One year.

(6) Yes.

(7) The Court approved ESI terms and Custodian list are already being searched in response to Court's order.

Plaintiffs' counsel proposes production of:

- All texts/instant messages ("Ims") from custody staff and command

staff to other Jail staff who were involved in use of force incidents at the Jail facilities for one year preceding the search, from February 2023-2024 (the time period);1 and

- All texts/Ims from Jail staff to other Jail staff who are involved in in-custody deaths at the Jail during the time period;2 and

- All texts/Ims from custody staff, mental health staff, and medical staff to other Jail staff who worked in administrative separation, sobering cell, EOP, PSU, and outpatient step-down units of the Jail during the time period;3 or

- Alternatively, all texts/IMS by and between Plaintiffs' custodian list (reduced to include the Sheriff's Department only) using Plaintiffs' original search list during the time period.

Plaintiffs agree to forgo seeking a search of TechCare Ims if Defendants agree to Plaintiffs' proposal.

Plaintiffs' alternate proposals both target the collection of texts/Ims relevant to the most serious issues in Plaintiffs' complaint—in-custody deaths, violence, housing units where people are most vulnerable, and command staffs' supervision/oversight of Jail operations during these critical incidents and interactions. These are all important areas to gather facts to establish whether the Plaintiff class and sub-classes are currently exposed to substantial risks of serious harm.

Defendants' proposal to use their modified custodian list (which removed approximately half of the names) will not likely yield relevant information. It appears to Plaintiffs that there are no deputies on that list and few if any medical and mental health staff. In addition, Defendants' list may be stale by now as it was generated several months ago amid ongoing staff turnover at the Jail. Using

---

[1] Plaintiffs can provide bates numbers for the use of force incident documents. Alternatively, Defendants could take their custody and staff list and pick every tenth name for a search, as well as searching the smaller list of command staff at each facility.

[2] Plaintiffs suggest using employee names from the CIRB documents for these searches.

[3] Here again, Defendants could take the lists of these staff members in these units and pick every 10th name for searching.

Defendants' custodian list therefore seems likely to result in the collection of few texts from people who regularly work inside the Jail; and for this reason, is unlikely to yield responsive or helpful information.

Similarly, Defendants' search terms are unlikely to yield relevant information due to Defendants' modifications and deletions. Defendants deleted many of the key terms, applied them only to certain custodians, and/or rewrote them to such that less relevant information will be uncovered. By way of example, only:

- Plaintiffs drafted search term number 1 to identify information related to delays in medical care, including but not limited to delays in wellness checks, face to face appointments, and triage. Defendants' replacement search term refers only to eyeglasses.
- Plaintiffs' term numbers 4, 7, and 16-19, addressing in custody deaths and emergencies were deleted from Defendants' search list.
- Plaintiffs drafted search term #39 to identify failures of electronic scanners to identify contraband. Defendants' proposed replacement refers generally to "bodyscan" which will likely include many ESI hits not related to "failures" of such scans.

Plaintiffs have placed their alternate proposals on the February 21 meet and confer agenda. Plaintiffs researched the issue and understand that text and instant messages can be downloaded from cellular phones and searched (as provided to Defendants in a February 18, 2024 letter). Such messages should have been preserved along with other ESI. If progress is not made, Plaintiffs request leave to conduct a further IDC or move to compel in light of the imminent commencement of person most knowledgeable depositions beginning March 18, 2024.

**B.    Defendants' Position**

The Court has already ruled on the ESI search terms and custodian lists in the February 14, 2024 order. Texts and IM's are part of the ESI order and Plaintiffs may not change the terms or custodians at this point. As the Court pointed out in the February 14th order, Defendants fully complied with the Court's November 22, 2023 order and Plaintiffs did not establish good cause for reconsideration of the order or to compel Defendants to run Plaintiffs' search terms. Defendants are

running the searches for the Court ordered ESI terms and custodians through TEAMS messaging.

Text message and IM's cannot be searched because they are in the possession of the carrier. Defendants do not yet have carrier confirmation of how long text messages are maintained but IM's are not maintained. Given that the carrier maintains text messages for a very short time period, Plaintiffs' request for years of texts is nonsensical knowing that texts are not available. Defendants will try to have carrier confirmation about the exact time frame the messages are maintained by the meet and confer meeting for the week of February 26th. The contact person at the Department has been out on vacation since February 15, 2024. Plaintiffs claim to have "researched" texts and IM's" in this statement, have never shared this information before this statement, have no idea what carrier is used, offers no information about whether texts can be "searched" whether they can be downloaded or not, and haven't offered to limit the review of texts to any reasonable time period. Defendants still have not determined enough information to be able to respond to the new claims Plaintiffs make in this statement that were not shared through meet and confer.

## II.     INTERROGATORY 25

The February 14 order stated "for the reason stated on the record during the February 9 Discovery Hearing, the Court orders the parties to meet and confer regarding this dispute. The party shall update the Court in the Joint Status Report." Dkt. 536 at 27; see also Hearing Transcript, February 9, 2024 at pp. 28-30.

### A.     Plaintiffs' Position

Plaintiffs seek production of the data for category "(n)" in the original interrogatory: the date of placement in administrative separation for those people who are housed in administrative separation. Either the data in category (n) should be added to spreadsheets with bates-numbers SD 117761; SD 117762; SD 117763; and SD 117764, or, in the event that the category (n) information cannot be

generated as of the date of each of those spreadsheets (e.g., because there is no historical data for category (n)), Plaintiffs propose that all four spreadsheets be re-run to include the category (n) information.

### B.   Defendants' Position

Defendants are investigating whether the information in subsection (n) and be added to existing spreadsheets or provided in a separate spreadsheet.

## III.   DOCUMENT REQUESTS RELATED TO ALTERNATIVES TO INCARCERATION

The February 14 Order states:

Without ordering production, the Court directs the parties to further meet and confer regarding what responsive documents regarding alternative-to-incarceration programs exist (RFP Nos. 238-244, 246 and 247) and any burden associated with their production. The parties must file a Joint Status Report by not later than February 20, 2024 describing the results of their meet and confer efforts.  Dkt. 536 at 24.

### A.   Plaintiffs' Position

Plaintiffs await information from Defendants about the existence and volume of such documents.  Plaintiffs consider such documents highly relevant to our Ninth claim for Relief (TAC, Dkt. No. 231, pp. 223-25), in which Plaintiffs allege that Defendants discriminate on the basis of race in "carrying out their …alternative to pre-trial custody programs, early release programs, and re-entry programs[]…." Id. at 224.

### B.   Defendants' Position

Defendants are investigating additional documentation that may be available to produce.

## IV.   SETTLEMENT CONFERENCES

Although not requested to be part of the Joint Statement, both parties have indicated a willingness to resume Settlement Conferences with the Court.  Plaintiffs

request that such meetings be scheduled the week of March 4, prior to the commencement of the time intensive depositions of Persons Most Knowledgeable and the Named Plaintiffs, or the week of March 25, directly afterwards.

Defendants have requested that the parties return to settlement conferences for at least 6 months. Defendants are willing to participate in all scheduled settlement discussions but are not available on March 4th or March 25th.

Respectfully submitted,

DATED: February 20, 2024    ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Gay C. Grunfeld*
Gay C. Grunfeld

Attorneys for Plaintiffs and the Certified Class and Subclasses

DATED: February 20, 2024    BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Elizabeth Pappy*
Elizabeth Pappy

Attorneys for Defendants

## SIGNATURE CERTIFICATION

Pursuant to the Court's Electronic Case Filings Procedures Manual Section 2(f)(4), I certify that I have obtained consent of all signatories to the electronic filings of the foregoing document.

DATED: February 20, 2024    ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Gay C. Grunfeld*
Gay C. Grunfeld

Attorneys for Plaintiffs and the Certified Class and Subclasses