GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,

Defendants.

Case No. 3:20-cv-00406-AJB-DDL

**DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER REGARDING DEFENDANTS' SUBPOENAS TO CDCR**

Judge: Hon. Anthony J. Battaglia
Magistrate: Hon. David D. Leshner

Date: March 6, 2024
Time: 2:15 p.m.
Crtrm.: 14A

Trial Date: None Set

I, Gay Crosthwait Grunfeld, declare:

1.      I am an attorney duly admitted to practice before this Court.  I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs and the Certified Class and Subclasses.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify.  I make this declaration in support of Plaintiffs' Motion for a Protective Order.

2.      Attached hereto as **Exhibit A** is a true and correct copy of a subpoena served January 31, 2024 on California Health Care Facility for records related to Darryl Dunsmore, a named plaintiff in the Underlying Action.

3.      Attached hereto as **Exhibit B** is a true and correct copy of a subpoena served January 31, 2024 on Wasco State Prison for records related to Andree Andrade, a named plaintiff in the Underlying Action.

4.      Attached hereto as **Exhibit C** is a true and correct copy of a subpoena served January 31, 2024 on California Correctional Health Care Services and the California Department of Corrections and Rehabilitation for records related to Ernest Archuleta, a named plaintiff in the Underlying Action.

5.      Attached hereto as **Exhibit D** is a true and correct copy of a subpoena served January 31, 2024 on California Correctional Health Care Services and the California Department of Corrections and Rehabilitation for records related to James Clark, a named plaintiff in the Underlying Action.

6.      Attached hereto as **Exhibit E** is a true and correct copy of a subpoena served January 31, 2024 on California Men's Colony for records related to Anthony Edwards, a named plaintiff in the Underlying Action.

7.      Attached hereto as **Exhibit F** is a true and correct copy of a subpoena served January 31, 2024 on Central California Women's Facility for records related to Lisa Landers, a named plaintiff in the Underlying Action.

8.      Attached hereto as **Exhibit G** is a true and correct copy of a subpoena served January 31, 2024 on California Correctional Health Care Services and the

1  California Department of Corrections and Rehabilitation for records related to

2  Reanna Levy, a named plaintiff in the Underlying Action.

3       9.     Attached hereto as **Exhibit H** is a true and correct copy of a subpoena

4  served January 31, 2024 on Correctional Training Facility for records related to

5  Christopher Nelson, a named plaintiff in the Underlying Action.

6       10.     Attached hereto as **Exhibit I** is a true and correct copy of a subpoena

7  served January 31, 2024 on California Men's Colony for records related to

8  Christopher Norwood, a named plaintiff in the Underlying Action.

9       11.     Attached hereto as **Exhibit J** is a true and correct copy of a subpoena

10  served January 31, 2024 on High Desert State Prison for records related to Jesse

11  Olivares, a named plaintiff in the Underlying Action.

12       12.     Attached hereto as **Exhibit K** is a true and correct copy of a subpoena

13  served January 31, 2024 on Richard J Donovan Correctional Facility for records

14  related to Gustavo Sepulveda, a named plaintiff in the Underlying Action.

15       13.     Attached hereto as **Exhibit L** is a true and correct copy of a subpoena

16  served January 31, 2024 on San Quentin State Prison for records related to Michael

17  Taylor, a named plaintiff in the Underlying Action.

18       14.     Attached hereto as **Exhibit M** is a true and correct copy of a subpoena

19  served January 31, 2024 on California Correctional Health Care Services and the

20  California Department of Corrections and Rehabilitation for records related to Laura

21  Zoerner, a named plaintiff in the Underlying Action.

22       15.     Attached hereto as **Exhibit N** is a true and correct copy of excerpts

23  from the 2023 California Department of Corrections and Rehabilitation Operations

24  Manual, including the Table of Contents, a table summarizing acronyms used in the

25  manual, and Article 5 of the manual titled "Central File and Transfer of Records."

26       16.     Attached hereto as **Exhibit O** is a document that Defendants emailed

27  me on February 27, 2024 in connection with our meet and confer efforts regarding

28  these subpoenas.

DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF PLAINTIFFS' MOTION FOR A
PROTECTIVE ORDER REGARDING DEFENDANTS' SUBPOENAS TO CDCR

17.     Attached hereto as **Exhibit P** is a document titled "CDC 261 ORDER OF FILING" that counsel for Defendants emailed to me on February 27, 2024 in connection with our meet and confer efforts regarding these subpoenas.

18.     Attached hereto as **Exhibit Q** is a document titled "ERMS Document Types July 2019" that counsel for Defendants emailed to me on February 27, 2024 in connection with our meet and confer efforts regarding these subpoenas.

19.     Attached hereto as **Exhibit R** is a true and correct copy of a September 24, 2013 post on govtech.com titled written by Joe Panora, who was at the time the Director of Enterprise Information Services at the California Department of Corrections and Rehabilitation.  The post is titled "Final Stage of Offender Management Project to be Completed in December" and, as of February 20, 2024, was accessible at https://insider.govtech.com/california/news/final-stage-offender-management-project-completed-december.html.

20.     On February 12, 2024, I sent counsel for defendants a letter regarding the above-mentioned subpoenas in which I raised privacy objections to the subpoenas and provided caselaw.  The parties met and conferred regarding these subpoenas on February 14, 21, and 28, 2024.  The parties also discussed these subpoenas during hearings on February 23, 2024 and March 1, 2024.

21.     Attached hereto as **Exhibit S** is a true and correct copy of an excerpt from the transcript of proceedings on February 23, 2024, during which the Court and parties discussed the subpoenas.

22.     During the February 28, 2024 meet and confer, the parties reached the following agreement, which is documented in notes circulated to both parties following the meet and confer: Defendants' request for documents in the CDCR C-File is limited to disciplinary records, abstracts of judgment, and psychiatric evaluations conducted for the Board of Parole Hearings.  Plaintiffs do not object to production of abstracts of judgment, but do not agree to the other categories requests

DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER REGARDING DEFENDANTS' SUBPOENAS TO CDCR

(including any ERMS/SOMS information).  During the meet and confer on February 28, Defendants stated that they would narrow the request for disciplinary records to those involving allegations of false statements made by named plaintiffs.

23.     In my role as class counsel in *Armstrong v. Newsom*, Case No. 4:04-cv-02307-CW (N.D. Cal.), I have repeatedly attacked the validity and usefulness of Rules Violation Reports ("RVRs") in disciplinary files and Comprehensive Risk Assessments ("CRAs") prepared for the Board of Parole Hearings.  By way of example, attached hereto as **Exhibit T** is a true and correct copy of *Armstrong* Dkt. 3296, Ex. C, a June 10, 2021 letter regarding several false and retaliatory RVRs.  Additional examples can be found on my firm's webpage regarding the *Armstrong* litigation, https://rbgg.com/armstrong-info/.  One example is Plaintiffs' February 9, 2024 Review of CDCR Accountability System, which describes at page 45 an RVR for indecent exposure that was issued to an incarcerated person who has incontinence while he was in his cell, behind a privacy screen, attempting to clean himself following a toileting accident (https://rbgg.com/wp-content/uploads/MLF-Defs-Re-Pls-Review-of-CDCR-Accountability-System-02-09-2024_Redacted.pdf). Similarly, Plaintiffs' November 6, 2023 Review of CDCR Accountability System describes at page 4 an RVR for delaying a peace officer that was issued because an incarcerated person allegedly refused to sign a CDCR form, when a subsequent investigation determined that the incarcerated person was never even asked to sign that form (https://rbgg.com/wp-content/uploads/Pls-Review-of-CDCR-Accountability-System-11-06-2023_Redacted.pdf).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER REGARDING DEFENDANTS' SUBPOENAS TO CDCR

24.     I certify that Plaintiffs have in good faith conferred with Defendants in an effort to resolve the dispute without court action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 5th day of March, 2024.


*/s/ Gay Crosthwait Grunfeld*
Gay Crosthwait Grunfeld

DECLARATION OF GAY CROSTHWAIT GRUNFELD IN SUPPORT OF PLAINTIFFS' MOTION FOR A
PROTECTIVE ORDER REGARDING DEFENDANTS' SUBPOENAS TO CDCR

# TABLE OF CONTENTS
## EXHIBITS TO THE DECLARATION OF GAY GRUNFELD

| EXHIBIT | DESCRIPTION | PAGE NO. |
|---------|-------------|----------|
| A. | Dunsmore - Defendant Notice of Issuance of Subpoena | 1 |
| B. | Andrade - Defendants Notice of Issuance of Subpoena | 10 |
| C. | Archuleta - Defendants Notice of Issuance of Subpoena | 19 |
| D. | Clark - Defendants' Notice of Issuance of Subpoena | 32 |
| E. | Edwards – Defendants' Notice of Issuance of Subpoena | 45 |
| F. | Landers -Defendants' Notice of Issuance of Subpoena | 54 |
| G. | Levy -Defendants' Notice of Issuance of Subpoena | 63 |
| H. | Nelson – Defendants' Notice of Issuance of Subpoena | 76 |
| I. | Norwood – Defendants' Notice of Issuance of Subpoena | 85 |
| J. | Olivares - Defendants Notice of Issuance of Subpoena | 94 |
| K. | Sepulveda - Defendants Notice of Issuance of Subpoena | 103 |
| L. | Taylor - Defendants Notice of Issuance of Subpoena | 112 |
| M. | Zoerner - Defendants' Notice of Issuance of Subpoena | 121 |
| N. | Excerpts from 2023 CDCR Operations Manual | 134 |
| O. | Defendants' excerpts from CDCR Operations Manual | 147 |
| P. | CDC 261 ORDER OF FILING | 150 |
| Q. | ERMS Document Types July 2019 | 153 |
| R. | Joe Panora, *Final Stage of Offender Management Project to be Completed in December* | 178 |
| S. | Excerpts from Transcript of 2-23-2024 Proceedings, pp 1, 26-54 | 183 |
| T. | Armstrong Dkt 3296, Ex C | 215 |

[4449883.1]

# EXHIBIT A

Ex. A-1

Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA  92101-8474
Tel:  619.814.5800 Fax:  619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail:  epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA  95113-2336
Tel:  408.606.6300 Fax:  408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, | Case No. 3:20-cv-00406-AJB-DDL **DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA HEALTH CARE FACILITY** Judge:   Anthony J. Battaglia Magistrate Judge David D. Leshner |
| Plaintiffs, | |
| v. | |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, | |
| Defendants. | |

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

1
DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA HEALTH CARE FACILITY

Ex. A-2

1    PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of

2    Civil Procedure, Defendants County of San Diego, San Diego County Sheriff's

3    Department and San Diego County Probation Department will serve a subpoena on

4    CALIFORNIA HEALTH CARE FACILITY: Litigation Coordinator to produce

5    records in its possession relating to Darryl Dunsmore.  A copy of the subpoena that

6    will be served is attached.

7

8    Dated:  January 31, 2024             BURKE, WILLIAMS & SORENSEN, LLP

9

10                                        By:  /s/ Susan E. Coleman
                                              Susan E. Coleman
11                                            Elizabeth M. Pappy

12                                        Attorneys for Defendants
                                          COUNTY OF SAN DIEGO, SAN
13                                        DIEGO COUNTY SHERIFF'S
                                          DEPARTMENT and SAN DIEGO
14                                        COUNTY PROBATION
                                          DEPARTMENT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA HEALTH CARE FACILITY

Ex. A-3

## PROOF OF SERVICE

1

2          I, Terry Marie Hele, declare:

3          I am a citizen of the United States and employed in Los Angeles County,

4    California.  I am over the age of eighteen years and not a party to the within-entitled

5    action.  My business address is 444 South Flower Street, Suite 2400, Los Angeles,

6    California 90071-2953.  On January 31, 2024, I served a copy of the within

7    document(s):

8

9    **DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO
     CALIFORNIA HEALTH CARE FACILITY**

10   ☐         by placing the document(s) listed above in a sealed envelope with
               postage thereon fully prepaid, the United States mail at Los Angeles,
11             California addressed as set forth below.

12   ☒         by transmitting via e-mail or electronic transmission the document(s)
               listed above to the person(s) at the e-mail address(es) set forth below.
13

14   ***SEE ATTACHED SERVICE LIST***

15         I am readily familiar with the firm's practice of collection and processing

16   correspondence for mailing.  Under that practice it would be deposited with the U.S.

17   Postal Service on that same day with postage thereon fully prepaid in the ordinary

18   course of business.  I am aware that on motion of the party served, service is

19   presumed invalid if postal cancellation date or postage meter date is more than one

20   day after date of deposit for mailing in affidavit.

21         I declare that I am employed in the office of a member of the bar of this court

22   at whose direction the service was made.

23         Executed on January 31, 2024, at Los Angeles, California.

24

25                                                 _Terry Marie Hele_

26                                                 _____
                                                   Terry Marie Hele
27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA HEALTH CARE FACILITY

**EX. A-4**

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department, et al.**
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

| | |
|---|---|
| Gay C. Grunfeld, Esq.<br>Van Swearingen, Esq.<br>Priyah Kaul, Esq.<br>Eric Monek Anderson, Esq.<br>Hannah M. Chartoff, Esq.<br>Rosen Bien<br>Galvan & Grunfeld LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, CA 94105-1738<br>Telephone: 415.433.6830<br>Facsimile: 415.433.7104<br>Email: ggrunfeld@rbgg.com<br>Email: vswearingen@rbgg.com<br>Email: pkaul@rbgg.com<br>Email: eanderson@rbgg.com<br>Email: hchartoff@rbgg.com<br>Email: emonekanderson@rbgg.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |
| Aaron J. Fisher, Esq.<br>Law Office of Aaron J. Fischer<br>1400 Shattuck Square Suite 12 - #344<br>Berkeley, California 94709<br>Telephone: 510.806.7366<br>Facsimile: 510.94.6314<br>Email: aif@aaronfischerlaw.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |
| Christopher M. Young, Esq.<br>Isabella Neal, Esq.<br>Oliver Kiefer, Esq.<br>DLA Piper LLP<br>4365 Executive Drive, Suite 1100<br>San Diego, CA 92121<br>Telephone: 858.677.1400<br>Facsimile: 858.677.1401<br>Email: christopher.young@dlapiper.com<br>Email: isabella.neal@dlapiper.com<br>Email: oliver.kiefer@dlapiper.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA HEALTH CARE FACILITY

**EX. A-5**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:20-cv-00406-AJB-DDL |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , | ) |
| et al. | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: California Health Care Facility (CHCF): Litigation Coordinator (209) 467-2568 fax (209)467-2676

_____

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment

| Place: Titan Legal Services, Inc.<br>2050 W. 190th Street, Suite, 200<br>Torrance, CA 90504 | Date and Time:<br>February 26, 2023 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31. 2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Susan E. Coleman |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____, who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. A-6**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

    Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

    I declare under penalty of perjury that this information is true.

Date: _____

                                          _____
                                                            *Server's signature*

                                          _____
                                                              *Printed name and title*

                                          _____
                                                                *Server's address*

Additional information regarding attempted service, etc.:

**Ex. A-7**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

# <u>ATTACHMENT TO SUBPOENA</u>

TO:    CDCR – Archives Unit                    DATE:        January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Darryl Dunsmore
CDC:   D52830. V33442, AD6237

> **Please Provide a Declaration by the Custodian of Records/Litigation Coordinator
> Certifying the Records Requested**

**CASE SUMMARY:**
- X    CHRONOLOGICAL HISTORY (112)
- X    LEGAL STATUS SUMMARY
- X    MOVEMENT PRINT OUT (KMHQ)
- X    PROBATION REPORT, Commitment Offense

**LEGAL DOCUMENTS:**
- X    ABSTRACT OF JUDGMENT, Commitment Offense

**ERMS/SOMS FILE:**
- X    ENTIRE ERMS FILE
- X    ENTIRE SOMS FILE

**MEDICAL RECORDS:**
- X    ENTIRE MEDICAL FILE from dates on incarceration as follow:
       D52830 (4/1/1987 - 2/15/90)
       V33442 (4/8/04 - 4/8/07)
       AD6237 (6/15/10 - )

**PLEASE SEND THESE DOCUMENTS NO LATER THAN <u>February 29, 2024</u>**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                    Tel:    (213) 236-2713
Burke, Williams & Sorensen LLP           Fax:    (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. A-9**

# EXHIBIT B

Ex. B-10

Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO WASCO STATE PRISON**<br><br>Judge: Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4889-4131-2929 v1

1

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO WASCO STATE PRISON

**Ex. B-11**

1    PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of

2    Civil Procedure, Defendants County of San Diego, San Diego County Sheriff's

3    Department and San Diego County Probation Department will serve a subpoena on

4    WASCO STATE PRISON: Litigation Coordinator to produce records in its

5    possession relating to Andree Andrade.  A copy of the subpoena that will be served

6    is attached.

7

8    Dated:  January 31, 2024          BURKE, WILLIAMS & SORENSEN, LLP

9

10                                    By: _/s/ Susan E. Coleman_____
                                          Susan E. Coleman
11                                        Elizabeth M. Pappy

12                                    Attorneys for Defendants
                                      COUNTY OF SAN DIEGO, SAN
13                                    DIEGO COUNTY SHERIFF'S
                                      DEPARTMENT and SAN DIEGO
14                                    COUNTY PROBATION
                                      DEPARTMENT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4889-4131-2929 v1

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO WASCO STATE PRISON

Ex. B-12

1

## PROOF OF SERVICE

2      I, Terry Marie Hele, declare:

3      I am a citizen of the United States and employed in Los Angeles County,

4  California.  I am over the age of eighteen years and not a party to the within-entitled

5  action.  My business address is 444 South Flower Street, Suite 2400, Los Angeles,

6  California 90071-2953.  On January 31, 2024, I served a copy of the within

7  document(s):

8
9      **DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO WASCO STATE PRISON**

10     ☐      by placing the document(s) listed above in a sealed envelope with
                postage thereon fully prepaid, the United States mail at Los Angeles,
11               California addressed as set forth below.

12     ☒      by transmitting via e-mail or electronic transmission the document(s)
                listed above to the person(s) at the e-mail address(es) set forth below.
13

14     *SEE ATTACHED SERVICE LIST*

15     I am readily familiar with the firm's practice of collection and processing

16  correspondence for mailing.  Under that practice it would be deposited with the U.S.

17  Postal Service on that same day with postage thereon fully prepaid in the ordinary

18  course of business.  I am aware that on motion of the party served, service is

19  presumed invalid if postal cancellation date or postage meter date is more than one

20  day after date of deposit for mailing in affidavit.

21     I declare that I am employed in the office of a member of the bar of this court

22  at whose direction the service was made.

23     Executed on January 31, 2024, at Los Angeles, California.

24

25                                    _Terry Marie Hele_

26                                    _____
                                           Terry Marie Hele
27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO WASCO STATE PRISON
4889-4131-2929 v1                                                      **Ex. B-13**

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department, et al.**
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

| | |
|---|---|
| Gay C. Grunfeld, Esq.<br>Van Swearingen, Esq.<br>Priyah Kaul, Esq.<br>Eric Monek Anderson, Esq.<br>Hannah M. Chartoff, Esq.<br>Rosen Bien<br>Galvan & Grunfeld LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, CA 94105-1738<br>Telephone: 415.433.6830<br>Facsimile: 415.433.7104<br>Email: ggrunfeld@rbgg.com<br>Email: vswearingen@rbgg.com<br>Email: pkaul@rbgg.com<br>Email: eanderson@rbgg.com<br>Email: hchartoff@rbgg.com<br>Email: emonekanderson@rbgg.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |
| Aaron J. Fisher, Esq.<br>Law Office of Aaron J. Fischer<br>1400 Shattuck Square Suite 12 - #344<br>Berkeley, California 94709<br>Telephone: 510.806.7366<br>Facsimile: 510.94.6314<br>Email: aif@aaronfischerlaw.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |
| Christopher M. Young, Esq.<br>Isabella Neal, Esq.<br>Oliver Kiefer, Esq.<br>DLA Piper LLP<br>4365 Executive Drive, Suite 1100<br>San Diego, CA 92121<br>Telephone: 858.677.1400<br>Facsimile: 858.677.1401<br>Email: christopher.young@dlapiper.com<br>Email: isabella.neal@dlapiper.com<br>Email: oliver.kiefer@dlapiper.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO WASCO STATE PRISON

4889-4131-2929 v1

**Ex. B-14**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. <br> *Plaintiff* <br> v. <br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , et al. <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Civil Action No. 3:20-cv-00406-AJB-DDL |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  WASCO STATE PRISON (WSP): Litigation Coordinator (661) 758-8400 ext 5046 fax (661) 758-7093

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment

| Place: Titan Legal Services, Inc. <br> 2050 W. 190th Street, Suite, 200 <br> Torrance, CA 90504 | Date and Time: <br> February 26, 2023 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2024

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | | _____ <br> *Attorney's signature* <br> Susan E. Coleman |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____ , who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. B-15**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Ex. B-16**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT TO SUBPOENA

TO:    CDCR – Archives Unit                    DATE:        January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Andree Andrade
CDC:   BW7634, C47941, N74195, AS9542, BU5776

> **Please Provide a Declaration by the Custodian of Records/Litigation Coordinator**
> **Certifying the Records Requested**

**CASE SUMMARY:**
    X    CHRONOLOGICAL HISTORY (112)
    X    LEGAL STATUS SUMMARY
    X    MOVEMENT PRINT OUT (KMHQ)
    X    PROBATION REPORT, Commitment Offense

**LEGAL DOCUMENTS:**
    X    ABSTRACT OF JUDGMENT, Commitment Offense

**ERMS/SOMS FILE:**
    X    ENTIRE ERMS FILE
    X    ENTIRE SOMS FILE

**MEDICAL RECORDS:**
    X    ENTIRE MEDICAL FILE from dates on incarceration as follow:
        C47941 (5/26/1982 - Unknown)
        N74195 (6/29/2001 – 4/9/2002)
        AS9542 (3/24/2014 – 7/5/2019)
        BU5776 (11/10/2022 – 11/29/2022)
        BW7634 (1/3/2024 - present)

**PLEASE SEND THESE DOCUMENTS NO LATER THAN February 29, 2024**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                    Tel:    (213) 236-2713
Burke, Williams & Sorensen LLP           Fax:    (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. B-18**

# EXHIBIT C

1  Susan E. Coleman (SBN 171832)
   E-mail:  scoleman@bwslaw.com
2  BURKE, WILLIAMS & SORENSEN, LLP
   501 West Broadway, Suite 1600,
3  San Diego, CA  92101-8474
   Tel:  619.814.5800 Fax:  619.814.6799
4
   Elizabeth M. Pappy (SBN 157069)
5  E-mail:  epappy@bwslaw.com
   BURKE, WILLIAMS & SORENSEN, LLP
6  60 South Market Street, Ste. 1000
   San Jose, CA  95113-2336
7  Tel:  408.606.6300 Fax:  408.606.6333

8  Attorneys for Defendants
   COUNTY OF SAN DIEGO, SAN DIEGO
9  COUNTY SHERIFF'S DEPARTMENT and
   SAN DIEGO COUNTY PROBATION
10 DEPARTMENT

11              UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

13

14 | DARRYL DUNSMORE, ANDREE | Case No. 3:20-cv-00406-AJB-DDL
   | ANDRADE, ERNEST ARCHULETA, |
15 | JAMES CLARK, ANTHONY | **DEFENDANTS' NOTICE OF**
   | EDWARDS, LISA LANDERS, | **ISSUANCE OF SUBPOENAS TO**
16 | REANNA LEVY, JOSUE LOPEZ, | **CALIFORNIA CORRECTIONAL**
   | CHRISTOPHER NELSON, | **HEALTH CARE SERVICES AND**
17 | CHRISTOPHER NORWOOD, JESSE | **CALIFORNIA DEPARTMENT OF**
   | OLIVARES, GUSTAVO | **CORRECTIONS AND**
18 | SEPULVEDA, MICHAEL TAYLOR, | **REHABILITATION**
   | and LAURA ZOERNER, on behalf of |
19 | themselves and all others similarly | Judge:  Anthony J. Battaglia
   | situated, |
20 | | Magistrate Judge David D. Leshner
   |            Plaintiffs, |
21 | |
   |       v. |
22 | |
   | SAN DIEGO COUNTY SHERIFF'S |
23 | DEPARTMENT, COUNTY OF SAN |
   | DIEGO, SAN DIEGO COUNTY |
24 | PROBATION DEPARTMENT, and |
   | DOES 1 to 20, inclusive, |
25 | |
   |            Defendants. |
26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1
DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH
CARE SERVICES

**Ex. C-20**

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants County of San Diego, San Diego County Sheriff's Department and San Diego County Probation Department will serve a subpoenas on California Correctional Health Care Services and California Department of Corrections and Rehabilitation to produce records in their possession relating to Ernest Archuleta.  A copy of the subpoenas that will be served are attached.

Dated:  January 31, 2024                    BURKE, WILLIAMS & SORENSEN, LLP


By:  /s/ Susan E. Coleman
        Susan E. Coleman
        Elizabeth M. Pappy

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

Ex. C-21

# PROOF OF SERVICE

I, Terry Marie Hele, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953.  On January 31, 2024, I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES**

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

*SEE ATTACHED SERVICE LIST*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 31, 2024, at Los Angeles, California.

*Terry Marie Hele*
Terry Marie Hele

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

3
DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH
CARE SERVICES
Ex. C-22

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department, et al.**
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gay C. Grunfeld, Esq.                               *Attorneys for Plaintiffs and the Certified*
Van Swearingen, Esq.                               *Class and Subclasses*
Priyah Kaul, Esq.
Eric Monek Anderson, Esq.
Hannah M. Chartoff, Esq.
Rosen Bien
Galvan & Grunfeld LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105-1738
Telephone: 415.433.6830
Facsimile: 415.433.7104
Email: ggrunfeld@rbgg.com
Email: vswearingen@rbgg.com
Email: pkaul@rbgg.com
Email: eanderson@rbgg.com
Email: hchartoff@rbgg.com
Email: emonekanderson@rbgg.com

Aaron J. Fisher, Esq.                               *Attorneys for Plaintiffs and the Certified*
Law Office of Aaron J. Fischer                      *Class and Subclasses*
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: 510.806.7366
Facsimile: 510.94.6314
Email: aif@aaronfischerlaw.com

Christopher M. Young, Esq.                          *Attorneys for Plaintiffs and the Certified*
Isabella Neal, Esq.                                *Class and Subclasses*
Oliver Kiefer, Esq.
DLA Piper LLP
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Telephone: 858.677.1400
Facsimile: 858.677.1401
Email: christopher.young@dlapiper.com
Email: isabella.neal@dlapiper.com
Email: oliver.kiefer@dlapiper.com

4

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH
CARE SERVICES

**Ex. C-23**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. | ) |
| *Plaintiff* | ) |
| v. | )      Civil Action No. 3:20-cv-00406-AJB-DDL |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , et al. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

    California Correctional Health Care Services, 8300 Valdez Avenue, Sacramento, CA 95828
    916-229-0859 or 916-229-0475
    916-229-0608 fax

*(Name of person to whom this subpoena is directed)*

    ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment

| Place: Titan Legal Services, Inc.<br>    2050 W. 190th Street, Suite, 200<br>    Torrance, CA 90504 | Date and Time:<br>February 26, 2023 10:00 AM |
|---|---|

    ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>January 31, 2024</u>

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Susan E. Coleman |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* <u>Defendants</u>
_____, who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

4895-8958-8641 v1 1/29/2024 (11:33 AM)

**Ex. C-24**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Ex. C-25**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

Ex. C-26

# <u>ATTACHMENT TO SUBPOENA</u>

TO:    California Correctional Health Care Services        DATE:        January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Ernest Archuleta
CDC:   D80354, H38293, J59287, F38052, BP0418

<div style="border:1px solid black">

**Please Provide a Declaration by the Custodian of Records/Litigation Coordinator
Certifying the Records Requested**

</div>

**MEDICAL RECORDS:**

  X       ENTIRE MEDICAL FILE from dates on incarceration as follow:

          D80354 (3/16/1988 – 4/13/1988)

          H38293 (6/24/1992 – 1/13/1994)

          J59287 (5/1/1995 – 12/25/2005)

          F38052 (8/28/2006 – 4/2/2019)

          BP0418 (6/15/2000 – 2/14/2023)


**PLEASE SEND THESE DOCUMENTS NO LATER THAN <u>February 29, 2024</u>**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                          Tel:    (213) 236-2713
Burke, Williams & Sorensen LLP                 Fax:    (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. C-27**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. <br> *Plaintiff* <br> v. <br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , et al. <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> Civil Action No. 3:20-cv-00406-AJB-DDL |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: California Department of Corrections and Rehabilitation – Archives Unit, 2015 Aerojet Road, Suite D, Rancho Cordova, CA 95742

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment

| Place: Titan Legal Services, Inc. <br> 2050 W. 190th Street, Suite, 200 <br> Torrance, CA 90504 | Date and Time: <br> February 26, 2023 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>January 31, 2024</u>

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | | _____ <br> *Attorney's signature* <br> Susan E. Coleman |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* <u>Defendants</u>
_____, who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. C-28**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Ex. C-29**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Ex. C-30**

# ATTACHMENT TO SUBPOENA

TO:    CDCR – Archives Unit                    DATE:        January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Ernest Archuleta
CDC:   D80354, H38293, J59287, F38052, BP0418

> **Please Provide a Declaration by the Custodian of Records/Litigation Coordinator
> Certifying the Records Requested**

**CASE SUMMARY:**

____X____    CHRONOLOGICAL HISTORY (112)

____X____    LEGAL STATUS SUMMARY

____X____    MOVEMENT PRINT OUT (KMHQ)

____X____    PROBATION REPORT, Commitment Offense

**LEGAL DOCUMENTS:**

____X____    ABSTRACT OF JUDGMENT, Commitment Offense

**ERMS/SOMS FILE:**

____X____    ENTIRE ERMS FILE

____X____    ENTIRE SOMS FILE

**PLEASE SEND THESE DOCUMENTS NO LATER THAN February 29, 2024**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                    Tel:    (213) 236-2713
Burke, Williams & Sorensen LLP           Fax:    (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. C-31**

# EXHIBIT D

Ex. D-32

Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENAS TO CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES AND CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION**<br><br>Judge: Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner |

1
DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH
CARE SERVICES

Ex. D-33

1      PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of

2   Civil Procedure, Defendants County of San Diego, San Diego County Sheriff's

3   Department and San Diego County Probation Department will serve a subpoenas on

4   California Correctional Health Care Services and California Department of

5   Corrections and Rehabilitation to produce records in their possession relating to

6   James Harold Clark.  A copy of the subpoenas that will be served are attached.

7

8   Dated:  January 31, 2024                    BURKE, WILLIAMS & SORENSEN, LLP

9

10                                              By:  /s/ Susan E. Coleman
                                                    Susan E. Coleman
11                                                  Elizabeth M. Pappy

12                                              Attorneys for Defendants
                                                COUNTY OF SAN DIEGO, SAN
13                                              DIEGO COUNTY SHERIFF'S
                                                DEPARTMENT and SAN DIEGO
14                                              COUNTY PROBATION
                                                DEPARTMENT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH
CARE SERVICES

**Ex. D-34**

## <u>PROOF OF SERVICE</u>

I, Terry Marie Hele, declare:

I am a citizen of the United States and employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953.  On January 31, 2024, I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES**

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

*SEE ATTACHED SERVICE LIST*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 31, 2024, at Los Angeles, California.

*Terry Marie Hele*
_____
Terry Marie Hele

**Ex. D-35**

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department, et al.**
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

Gay C. Grunfeld, Esq.                              *Attorneys for Plaintiffs and the Certified*
Van Swearingen, Esq.                               *Class and Subclasses*
Priyah Kaul, Esq.
Eric Monek Anderson, Esq.
Hannah M. Chartoff, Esq.
Rosen Bien
Galvan & Grunfeld LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105-1738
Telephone: 415.433.6830
Facsimile: 415.433.7104
Email: ggrunfeld@rbgg.com
Email: vswearingen@rbgg.com
Email: pkaul@rbgg.com
Email: eanderson@rbgg.com
Email: hchartoff@rbgg.com
Email: emonekanderson@rbgg.com


Aaron J. Fisher, Esq.                              *Attorneys for Plaintiffs and the Certified*
Law Office of Aaron J. Fischer                      *Class and Subclasses*
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: 510.806.7366
Facsimile: 510.94.6314
Email: aif@aaronfischerlaw.com


Christopher M. Young, Esq.                         *Attorneys for Plaintiffs and the Certified*
Isabella Neal, Esq.                                *Class and Subclasses*
Oliver Kiefer, Esq.
DLA Piper LLP
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Telephone: 858.677.1400
Facsimile: 858.677.1401
Email: christopher.young@dlapiper.com
Email: isabella.neal@dlapiper.com
Email: oliver.kiefer@dlapiper.com

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4
DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH
CARE SERVICES
Ex. D-36

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , | ) |
| et al. | ) |
| _Defendant_ | ) |

Civil Action No. 3:20-cv-00406-AJB-DDL

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

California Correctional Health Care Services, 8300 Valdez Avenue, Sacramento, CA 95828
916-229-0859 or 916-229-0475
916-229-0608 fax

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment

| Place: Titan Legal Services, Inc.<br>      2050 W. 190th Street, Suite, 200<br>      Torrance, CA 90504 | Date and Time:<br>February 26, 2023 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2023

| CLERK OF COURT | | |
|---|---|---|
| | OR | _Susan E. Coleman_ |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____, who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

4873-7171-9585 v1

**Ex. D-37**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Ex. D-38**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Ex. D-39**

# ATTACHMENT TO SUBPOENA

TO:   California Correctional Health Care Services     DATE:   January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    James Harold Clark
CDC:   C07381, E93276, K89966, AG3655

> **Please Provide a Declaration by the Custodian of Records/Litigation Coordinator
> Certifying the Records Requested**

**MEDICAL RECORDS:**

X     ENTIRE MEDICAL FILE from dates on incarceration as follow:

C07381 (6/19/1979 – 5/26/1990)

E93276 (5/2/1991 - 8/30/1997)

K89966 (4/2/1998 - 4/13/2009)

AG3655 (2/24/2011 - 1/31/2023)

**PLEASE SEND THESE DOCUMENTS NO LATER THAN February 29, 2024**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                          Tel:    (213) 236-2713
Burke, Williams & Sorensen LLP                 Fax:    (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. D-40**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. | ) |
| *Plaintiff* | ) |
| v. | ) |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , | ) |
| et al. | ) |
| *Defendant* | ) |

Civil Action No. 3:20-cv-00406-AJB-DDL

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: California Department of Corrections and Rehabilitation – Archives Unit, 2015 Aerojet Road, Suite D, Rancho Cordova, CA 95742

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment

| Place: Titan Legal Services, Inc. | Date and Time: |
|---|---|
| 2050 W. 190th Street, Suite, 200 | February 26, 2023 10:00 AM |
| Torrance, CA 90504 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2024

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*
                                                             Susan E. Coleman

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____ , who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. D-41**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                         *Server's signature*

                                  _____
                                         *Printed name and title*

                                  _____
                                         *Server's address*

Additional information regarding attempted service, etc.:

**Ex. D-42**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# <u>ATTACHMENT TO SUBPOENA</u>

TO:    CDCR – Archives Unit                          DATE:        January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    James Harold Clark
CDC:   C07381, E93276, K89966. AG3655

> **Please Provide a Declaration by the Custodian of Records/Litigation Coordinator
> Certifying the Records Requested**

**CASE SUMMARY:**

   X
CHRONOLOGICAL HISTORY (112)

   X
LEGAL STATUS SUMMARY

   X
MOVEMENT PRINT OUT (KMHQ)

   X
PROBATION REPORT, Commitment Offense

**LEGAL DOCUMENTS:**

   X
ABSTRACT OF JUDGMENT, Commitment Offense

**ERMS/SOMS FILE:**

   X
ENTIRE ERMS FILE

   X
ENTIRE SOMS FILE

**PLEASE SEND THESE DOCUMENTS NO LATER THAN February 29, 2024**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                          Tel:    (213) 236-2713
Burke, Williams & Sorensen LLP                 Fax:    (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. D-44**

# EXHIBIT E

Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA MEN'S COLONY**<br><br>Judge: Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner |

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

1
DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA MEN'S COLONY

Ex. E-46

1    PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of

2  Civil Procedure, Defendants County of San Diego, San Diego County Sheriff's

3  Department and San Diego County Probation Department will serve a subpoena on

4  CALIFORNIA MEN'S COLONY: Litigation Coordinator to produce records in its

5  possession relating to Anthony Ray Edwards.  A copy of the subpoena that will be

6  served is attached.

7

8  Dated:  January 31, 2024              BURKE, WILLIAMS & SORENSEN, LLP

9

10                                        By:  /s/ Susan E. Coleman
                                              Susan E. Coleman
11                                            Elizabeth M. Pappy

12                                        Attorneys for Defendants
                                          COUNTY OF SAN DIEGO, SAN
13                                        DIEGO COUNTY SHERIFF'S
                                          DEPARTMENT and SAN DIEGO
14                                        COUNTY PROBATION
                                          DEPARTMENT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA MEN'S COLONY

**Ex. E-47**

# PROOF OF SERVICE

I, Terry Marie Hele, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953. On January 31, 2024, I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA MEN'S COLONY**

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

*SEE ATTACHED SERVICE LIST*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 31, 2024, at Los Angeles, California.

_Terry Marie Hele_
Terry Marie Hele

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA MEN'S COLONY

**Ex. E-48**

1

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department, et al.**

2

**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

3   Gay C. Grunfeld, Esq.                    *Attorneys for Plaintiffs and the Certified*
    Van Swearingen, Esq.                     *Class and Subclasses*
4   Priyah Kaul, Esq.
    Eric Monek Anderson, Esq.
5   Hannah M. Chartoff, Esq.
    Rosen Bien
6   Galvan & Grunfeld LLP
    101 Mission Street, Sixth Floor
7   San Francisco, CA 94105-1738
    Telephone: 415.433.6830
8   Facsimile: 415.433.7104
    Email: ggrunfeld@rbgg.com
9   Email: vswearingen@rbgg.com
    Email: pkaul@rbgg.com
10  Email: eanderson@rbgg.com
    Email: hchartoff@rbgg.com
11  Email: emonekanderson@rbgg.com

12
    Aaron J. Fisher, Esq.                    *Attorneys for Plaintiffs and the Certified*
13  Law Office of Aaron J. Fischer           *Class and Subclasses*
    1400 Shattuck Square Suite 12 - #344
14  Berkeley, California 94709
    Telephone: 510.806.7366
15  Facsimile: 510.94.6314
    Email: aif@aaronfischerlaw.com
16
    Christopher M. Young, Esq.               *Attorneys for Plaintiffs and the Certified*
17  Isabella Neal, Esq.                      *Class and Subclasses*
    Oliver Kiefer, Esq.
18  DLA Piper LLP
    4365 Executive Drive, Suite 1100
19  San Diego, CA 92121
    Telephone: 858.677.1400
20  Facsimile: 858.677.1401
    Email: christopher.young@dlapiper.com
21  Email: isabella.neal@dlapiper.com
    Email: oliver.kiefer@dlapiper.com
22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA MEN'S COLONY

**Ex. E-49**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No. 3:20-cv-00406-AJB-DDL |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , | ) |
| et al. | ) |
| _____ | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  CALIFORNIA MEN'S COLONY (CMC): Litigation Coordinator (805) 547-7947 fax (5)547-7791

_____

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment

| Place: Titan Legal Services, Inc. | Date and Time: |
|---|---|
|      2050 W. 190th Street, Suite, 200 | February 26, 2023 10:00 AM |
|      Torrance, CA 90504 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>January 31, 2024</u>

*CLERK OF COURT*

                         OR

_____     _____
    *Signature of Clerk or Deputy Clerk*                 *Attorney's signature*
                                      Susan E. Coleman

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____ , who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. E-50**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Ex. E-51**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Ex. E-52**

# <u>ATTACHMENT TO SUBPOENA</u>

TO:    CDCR – Archives Unit                    DATE:        January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Anthony Ray Edwards
CDC:   P98149, AM5559, BS8944

> **Please Provide a Declaration by the Custodian of Records/Litigation Coordinator
> Certifying the Records Requested**

**CASE SUMMARY:**

    X    CHRONOLOGICAL HISTORY (112)
    X    LEGAL STATUS SUMMARY
    X    MOVEMENT PRINT OUT (KMHQ)
    X    PROBATION REPORT, Commitment Offense

**LEGAL DOCUMENTS:**

    X    ABSTRACT OF JUDGMENT, Commitment Offense

**ERMS/SOMS FILE:**

    X    ENTIRE ERMS FILE
    X    ENTIRE SOMS FILE

**MEDICAL RECORDS:**

    X    ENTIRE MEDICAL FILE from dates on incarceration as follow:
         P98149 (0/30/2000 - 3/3/10)
         AM5559 (10/11/12 - 5/8/15)
         BS8944 (8/10/22 - )

**PLEASE SEND THESE DOCUMENTS NO LATER THAN <u>February 29, 2024</u>**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                        Tel:   (213) 236-2713
Burke, Williams & Sorensen LLP               Fax:   (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. E-53**

# EXHIBIT F

Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA  92101-8474
Tel:  619.814.5800 Fax:  619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail:  epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA  95113-2336
Tel:  408.606.6300 Fax:  408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, | Case No. 3:20-cv-00406-AJB-DDL **DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CENTRAL CALIFORNIA WOMEN'S FACILITY** Judge:  Anthony J. Battaglia Magistrate Judge David D. Leshner |
| Plaintiffs, | |
| v. | |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, | |
| Defendants. | |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

Ex. F-55

1      PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of

2  Civil Procedure, Defendants County of San Diego, San Diego County Sheriff's

3  Department and San Diego County Probation Department will serve a subpoena on

4  CENTRAL CALIFORNIA WOMEN'S FACILITY: Litigation Coordinator to

5  produce records in its possession relating to Lisa Landers.  A copy of the subpoena

6  that will be served is attached.

7

8  Dated:  January 31, 2024        BURKE, WILLIAMS & SORENSEN, LLP

9

10                By:  */s/ Susan E. Coleman*

11                    Susan E. Coleman
                      Elizabeth M. Pappy

12                    Attorneys for Defendants
                    COUNTY OF SAN DIEGO, SAN

13                    DIEGO COUNTY SHERIFF'S
                    DEPARTMENT and SAN DIEGO

14                    COUNTY PROBATION
                    DEPARTMENT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

# PROOF OF SERVICE

I, Terry Marie Hele, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953. On January 31, 2024, I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CENTRAL CALIFORNIA WOMEN'S FACILITY**

☐　　by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒　　by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

*SEE ATTACHED SERVICE LIST*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 31, 2024, at Los Angeles, California.

_Terry Marie Hele_
Terry Marie Hele

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CENTRAL CALIFORNIA WOMEN'S FACILITY

Ex. F-57

1

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department, et al.**
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

2

3   Gay C. Grunfeld, Esq.                    *Attorneys for Plaintiffs and the Certified*
    Van Swearingen, Esq.                     *Class and Subclasses*
4   Priyah Kaul, Esq.
    Eric Monek Anderson, Esq.
5   Hannah M. Chartoff, Esq.
    Rosen Bien
6   Galvan & Grunfeld LLP
    101 Mission Street, Sixth Floor
7   San Francisco, CA 94105-1738
    Telephone: 415.433.6830
8   Facsimile: 415.433.7104
    Email: ggrunfeld@rbgg.com
9   Email: vswearingen@rbgg.com
    Email: pkaul@rbgg.com
10  Email: eanderson@rbgg.com
    Email: hchartoff@rbgg.com
11  Email: emonekanderson@rbgg.com

12

13  Aaron J. Fisher, Esq.                    *Attorneys for Plaintiffs and the Certified*
    Law Office of Aaron J. Fischer           *Class and Subclasses*
    1400 Shattuck Square Suite 12 - #344
14  Berkeley, California 94709
    Telephone: 510.806.7366
15  Facsimile: 510.94.6314
    Email: aif@aaronfischerlaw.com
16

17  Christopher M. Young, Esq.               *Attorneys for Plaintiffs and the Certified*
    Isabella Neal, Esq.                      *Class and Subclasses*
    Oliver Kiefer, Esq.
18  DLA Piper LLP
    4365 Executive Drive, Suite 1100
19  San Diego, CA 92121
    Telephone: 858.677.1400
20  Facsimile: 858.677.1401
    Email: christopher.young@dlapiper.com
21  Email: isabella.neal@dlapiper.com
    Email: oliver.kiefer@dlapiper.com
22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CENTRAL CALIFORNIA WOMEN'S FACILITY

**Ex. F-58**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:20-cv-00406-AJB-DDL |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Central California Women's Facility (CCWF): Litigation Coordinator (559) 665-5531 ext 5521 fax (559) 665-6020

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment

| Place: Titan Legal Services, Inc. 2050 W. 190th Street, Suite, 200 Torrance, CA 90504 | Date and Time: February 26, 2023 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Susan E. Coleman |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____ , who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. F-59**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Ex. F-60**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Ex. F-61**

## <u>ATTACHMENT TO SUBPOENA</u>

TO:   CDCR – Archives Unit                          DATE:        January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Lisa Landers
CDC:   W32854, WH1229

---

**Please Provide a Declaration by the Custodian of Records/Litigation Coordinator
Certifying the Records Requested**

---

**CASE SUMMARY:**

__X__    CHRONOLOGICAL HISTORY (112)

__X__    LEGAL STATUS SUMMARY

__X__    MOVEMENT PRINT OUT (KMHQ)

__X__    PROBATION REPORT, Commitment Offense

**LEGAL DOCUMENTS:**

__X__    ABSTRACT OF JUDGMENT, Commitment Offense

**ERMS/SOMS FILE:**

   X     ENTIRE ERMS FILE

   X     ENTIRE SOMS FILE

**MEDICAL RECORDS:**

   X     ENTIRE MEDICAL FILE from dates on incarceration as follow:
         W32854 (7/5/1989 - 7/23/2021)
         WH1229 (6/23/2023 - )

**PLEASE SEND THESE DOCUMENTS NO LATER THAN <u>February 29, 2024</u>**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                        Tel:    (213) 236-2713
Burke, Williams & Sorensen LLP               Fax:    (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. F-62**

# EXHIBIT G

Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA  92101-8474
Tel:  619.814.5800 Fax:  619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail:  epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA  95113-2336
Tel:  408.606.6300 Fax:  408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 3:20-cv-00406-AJB-DDL <br><br> **DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENAS TO CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES AND CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION** <br><br> Judge:  Anthony J. Battaglia <br><br> Magistrate Judge David D. Leshner |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

Ex. G-64

PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants County of San Diego, San Diego County Sheriff's Department and San Diego County Probation Department will serve a subpoenas on California Correctional Health Care Services and California Department of Corrections and Rehabilitation to produce records in their possession relating to Reanna Suzanna Levy.  A copy of the subpoenas that will be served are attached.

Dated:  January 31, 2024                  BURKE, WILLIAMS & SORENSEN, LLP


                                          By:  /s/ Susan E. Coleman
                                             Susan E. Coleman
                                             Elizabeth M. Pappy

                                          Attorneys for Defendants
                                          COUNTY OF SAN DIEGO, SAN
                                          DIEGO COUNTY SHERIFF'S
                                          DEPARTMENT and SAN DIEGO
                                          COUNTY PROBATION
                                          DEPARTMENT

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

2
DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH
CARE SERVICES

Ex. G-65

## PROOF OF SERVICE

I, Terry Marie Hele, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953. On January 31, 2024, I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES**

☐      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒      by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

*SEE ATTACHED SERVICE LIST*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 31, 2024, at Los Angeles, California.

*Terry Marie Hele*
_____
Terry Marie Hele

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH
CARE SERVICES

**Ex. G-66**

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department, et al.**
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

1

2

3    Gay C. Grunfeld, Esq.                              *Attorneys for Plaintiffs and the Certified*
     Van Swearingen, Esq.                              *Class and Subclasses*
4    Priyah Kaul, Esq.
     Eric Monek Anderson, Esq.
5    Hannah M. Chartoff, Esq.
     Rosen Bien
6    Galvan & Grunfeld LLP
     101 Mission Street, Sixth Floor
7    San Francisco, CA 94105-1738
     Telephone: 415.433.6830
8    Facsimile: 415.433.7104
     Email: ggrunfeld@rbgg.com
9    Email: vswearingen@rbgg.com
     Email: pkaul@rbgg.com
10   Email: eanderson@rbgg.com
     Email: hchartoff@rbgg.com
11   Email: emonekanderson@rbgg.com

12
     Aaron J. Fisher, Esq.                             *Attorneys for Plaintiffs and the Certified*
13   Law Office of Aaron J. Fischer                    *Class and Subclasses*
     1400 Shattuck Square Suite 12 - #344
14   Berkeley, California 94709
     Telephone: 510.806.7366
15   Facsimile: 510.94.6314
     Email: aif@aaronfischerlaw.com
16
     Christopher M. Young, Esq.                        *Attorneys for Plaintiffs and the Certified*
17   Isabella Neal, Esq.                               *Class and Subclasses*
     Oliver Kiefer, Esq.
18   DLA Piper LLP
     4365 Executive Drive, Suite 1100
19   San Diego, CA 92121
     Telephone: 858.677.1400
20   Facsimile: 858.677.1401
     Email: christopher.young@dlapiper.com
21   Email: isabella.neal@dlapiper.com
     Email: oliver.kiefer@dlapiper.com

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH
CARE SERVICES

**Ex. G-67**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. <br> _____ <br> *Plaintiff* <br> v. <br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , <br> et al. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) Civil Action No. 3:20-cv-00406-AJB-DDL <br> ) <br> ) <br> ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

California Correctional Health Care Services, 8300 Valdez Avenue, Sacramento, CA 95828
916-229-0859 or 916-229-0475
916-229-0608 fax

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment

| Place: Titan Legal Services, Inc. <br> 2050 W. 190th Street, Suite, 200 <br> Torrance, CA 90504 | Date and Time: <br> February 26, 2023 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2024

| *CLERK OF COURT* | | |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | OR | _____ <br> *Attorney's signature* <br> Susan E. Coleman |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____ , who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. G-68**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Ex. G-69**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Ex. G-70**

# ATTACHMENT TO SUBPOENA

TO:    California Correctional Health Care Services        DATE:        January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Reanna Susanne Levy aka Reanna Givens and
       Reanna Ekstrand
CDC:   X35212, WF4664, WF4992, WF6205,
       WG3279

---

**Please Provide a Declaration by the Custodian of Records/Litigation Coordinator
Certifying the Records Requested**

---

**MEDICAL RECORDS:**

X      ENTIRE MEDICAL FILE from dates on incarceration as follow:

       X35212 (2/4/2009 - 3/15/2013)

       WF4664 (4/20/2016 - 4/27/2016)

       WF4992 (6/8/2016 - 8/24/2016)

       WF6205 (11/13/2016 - 12/7/2016)

       WG3279 (6/12/2019 - 9/25/19)

---

**PLEASE SEND THESE DOCUMENTS NO LATER THAN February 29, 2024**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                          Tel:    (213) 236-2713
Burke, Williams & Sorensen LLP                 Fax:    (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. G-71**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:20-cv-00406-AJB-DDL |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  California Department of Corrections and Rehabilitation – Archives Unit, 2015 Aerojet Road, Suite D, Rancho Cordova, CA 95742

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment

| Place: Titan Legal Services, Inc.<br>         2050 W. 190th Street, Suite, 200<br>         Torrance, CA 90504 | Date and Time:<br>February 26, 2023 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Susan E. Coleman |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____ , who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. G-72**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                         _____
                                                    *Printed name and title*

                                         _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

**Ex. G-73**

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Ex. G-74**

# <u>ATTACHMENT TO SUBPOENA</u>

TO:   CDCR – Archives Unit                          DATE:        January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Reanna Susanne Levy aka Reanna Givens and
         Reanna Ekstrand
CDC:   X35212, WF4664, WF4992, WF6205,
         WG3279

---

**Please Provide a Declaration by the Custodian of Records/Litigation Coordinator
Certifying the Records Requested**

---

**CASE SUMMARY:**

   X    CHRONOLOGICAL HISTORY (112)

   X    LEGAL STATUS SUMMARY

   X    MOVEMENT PRINT OUT (KMHQ)

   X    PROBATION REPORT, Commitment Offense

**LEGAL DOCUMENTS:**

   X    ABSTRACT OF JUDGMENT, Commitment Offense

**ERMS/SOMS FILE:**

   X    ENTIRE ERMS FILE

   X    ENTIRE SOMS FILE

**PLEASE SEND THESE DOCUMENTS NO LATER THAN February 29, 2024**

**BY: OVERNIGHT EXPRESS**

Send to:                                              Tel:     (213)  236-2713
Terry Hele, Paralegal                                 Fax:    (213) 236-2700
Burke, Williams & Sorensen LLP
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. G-75**

# EXHIBIT H

Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>        v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>            Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CORRECTIONAL TRAINING FACILITY**<br><br>Judge:  Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

Ex. H-77

1    PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of

2  Civil Procedure, Defendants County of San Diego, San Diego County Sheriff's

3  Department and San Diego County Probation Department will serve a subpoena on

4  CORRECTIONAL TRAINING FACILITY: Litigation Coordinator to produce

5  records in its possession relating to Christopher Nelson.  A copy of the subpoena

6  that will be served is attached.

7

8  Dated:  January 31, 2024                     BURKE, WILLIAMS & SORENSEN, LLP

9

10                                             By:  /s/ Susan E. Coleman
                                                    Susan E. Coleman
11                                                  Elizabeth M. Pappy

12                                             Attorneys for Defendants
                                               COUNTY OF SAN DIEGO, SAN
13                                             DIEGO COUNTY SHERIFF'S
                                               DEPARTMENT and SAN DIEGO
14                                             COUNTY PROBATION
                                               DEPARTMENT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CORRECTIONAL TRAINING FACILITY

**Ex. H-78**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I, Terry Marie Hele, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953. On January 31, 2024, I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CORRECTIONAL TRAINING FACILITY**

☐     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒     by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

### *SEE ATTACHED SERVICE LIST*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 31, 2024, at Los Angeles, California.

_Terry Marie Hele_
Terry Marie Hele

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CORRECTIONAL TRAINING FACILITY

**Ex. H-79**

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department, et al.**
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

| | |
|---|---|
| Gay C. Grunfeld, Esq.<br>Van Swearingen, Esq.<br>Priyah Kaul, Esq.<br>Eric Monek Anderson, Esq.<br>Hannah M. Chartoff, Esq.<br>Rosen Bien<br>Galvan & Grunfeld LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, CA 94105-1738<br>Telephone: 415.433.6830<br>Facsimile: 415.433.7104<br>Email: ggrunfeld@rbgg.com<br>Email: vswearingen@rbgg.com<br>Email: pkaul@rbgg.com<br>Email: eanderson@rbgg.com<br>Email: hchartoff@rbgg.com<br>Email: emonekanderson@rbgg.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |
| Aaron J. Fisher, Esq.<br>Law Office of Aaron J. Fischer<br>1400 Shattuck Square Suite 12 - #344<br>Berkeley, California 94709<br>Telephone: 510.806.7366<br>Facsimile: 510.94.6314<br>Email: aif@aaronfischerlaw.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |
| Christopher M. Young, Esq.<br>Isabella Neal, Esq.<br>Oliver Kiefer, Esq.<br>DLA Piper LLP<br>4365 Executive Drive, Suite 1100<br>San Diego, CA 92121<br>Telephone: 858.677.1400<br>Facsimile: 858.677.1401<br>Email: christopher.young@dlapiper.com<br>Email: isabella.neal@dlapiper.com<br>Email: oliver.kiefer@dlapiper.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. _____ | ) |
| *Plaintiff* | ) |
| v. | ) |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , | ) |
| et al. _____ | ) |
| *Defendant* | ) |

Civil Action No. 3:20-cv-00406-AJB-DDL

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  Correctional Training Facility (CTF):Litigation Coordinator - (831) 678-5826 fax (831)678-5866

_____

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the
material:
See Attachment

| | |
|---|---|
| Place: Titan Legal Services, Inc.<br>        2050 W. 190th Street, Suite, 200<br>        Torrance, CA 90504 | Date and Time:<br>February 26, 2023 10:00 AM |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance;
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to
respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2024

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |
| | Susan E. Coleman |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____ , who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San
Deigo, CA 92101

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. H-81**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Ex. H-82**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# <u>ATTACHMENT TO SUBPOENA</u>

TO:    CDCR – Archives Unit                              DATE:        January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Christopher Lewis Nelson
CDC:   N76544, F29557, BS4520

> **Please Provide a Declaration by the Custodian of Records/Litigation Coordinator
> Certifying the Records Requested**

**CASE SUMMARY:**
   X     CHRONOLOGICAL HISTORY (112)
   X     LEGAL STATUS SUMMARY
   X     MOVEMENT PRINT OUT (KMHQ)
   X     PROBATION REPORT, Commitment Offense

**LEGAL DOCUMENTS:**
   X     ABSTRACT OF JUDGMENT, Commitment Offense

**ERMS/SOMS FILE:**
   X    ENTIRE ERMS FILE
   X    ENTIRE SOMS FILE

**MEDICAL RECORDS:**
   X     ENTIRE MEDICAL FILE from dates on incarceration as follow:
       N76544 (3/12/2004 - 5/22/2006)
       F29557 (6/13/2006 – 5/4/2022)
       BS4520 (6/8/2022 - )

**PLEASE SEND THESE DOCUMENTS NO LATER THAN <u>February 29, 2024</u>**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                          Tel:    (213) 236-2713
Burke, Williams & Sorensen LLP                 Fax:    (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. H-84**

# EXHIBIT I

Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, | Case No. 3:20-cv-00406-AJB-DDL **DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA MENS COLONY** Judge: Anthony J. Battaglia Magistrate Judge David D. Leshner |
| Plaintiffs, | |
| v. | |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, | |
| Defendants. | |

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

Ex. 1-86

1    PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of

2  Civil Procedure, Defendants County of San Diego, San Diego County Sheriff's

3  Department and San Diego County Probation Department will serve a subpoena on

4  CALIFORNIA MENS COLONY: Litigation Coordinator to produce records in its

5  possession relating to Christopher Norwood.  A copy of the subpoena that will be

6  served is attached.

7

8  Dated:  January 31, 2024              BURKE, WILLIAMS & SORENSEN, LLP

9

10                                       By: _/s/ Susan E. Coleman_____
                                             Susan E. Coleman
11                                           Elizabeth M. Pappy

12                                       Attorneys for Defendants
                                         COUNTY OF SAN DIEGO, SAN
13                                       DIEGO COUNTY SHERIFF'S
                                         DEPARTMENT and SAN DIEGO
14                                       COUNTY PROBATION
                                         DEPARTMENT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA MEN'S COLONY

**Ex. I-87**

## PROOF OF SERVICE

I, Terry Marie Hele, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953. On January 31, 2024, I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA MENS COLONY**

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

*SEE ATTACHED SERVICE LIST*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 31, 2024, at Los Angeles, California.

*Terry Marie Hele*
Terry Marie Hele

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA MEN'S COLONY

**Ex. I-88**

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department, et al.**
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

Gay C. Grunfeld, Esq.
Van Swearingen, Esq.
Priyah Kaul, Esq.
Eric Monek Anderson, Esq.
Hannah M. Chartoff, Esq.
Rosen Bien
Galvan & Grunfeld LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105-1738
Telephone: 415.433.6830
Facsimile: 415.433.7104
Email: ggrunfeld@rbgg.com
Email: vswearingen@rbgg.com
Email: pkaul@rbgg.com
Email: eanderson@rbgg.com
Email: hchartoff@rbgg.com
Email: emonekanderson@rbgg.com

*Attorneys for Plaintiffs and the Certified Class and Subclasses*

Aaron J. Fisher, Esq.
Law Office of Aaron J. Fischer
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: 510.806.7366
Facsimile: 510.94.6314
Email: aif@aaronfischerlaw.com

*Attorneys for Plaintiffs and the Certified Class and Subclasses*

Christopher M. Young, Esq.
Isabella Neal, Esq.
Oliver Kiefer, Esq.
DLA Piper LLP
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Telephone: 858.677.1400
Facsimile: 858.677.1401
Email: christopher.young@dlapiper.com
Email: isabella.neal@dlapiper.com
Email: oliver.kiefer@dlapiper.com

*Attorneys for Plaintiffs and the Certified Class and Subclasses*

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA MEN'S COLONY

**Ex. I-89**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:20-cv-00406-AJB-DDL |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , | ) |
| et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: California Mens Colony San Luis Obispo Facility: Litigation Coordinator - {805) 547-7947 fax {805)547-7791

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment

| Place: Titan Legal Services, Inc.<br>      2050 W. 190th Street, Suite, 200<br>      Torrance, CA 90504 | Date and Time:<br>February 26, 2023 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2024

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Susan E. Coleman |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____ , who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. I-90**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

**Ex. I-91**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Ex. I-92**

# ATTACHMENT TO SUBPOENA

TO:    CDCR – Archives Unit                      DATE:        January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Christopher Norwood
CDC:   BH3640, BR4074

> **Please Provide a Declaration by the Custodian of Records/Litigation Coordinator
> Certifying the Records Requested**

**CASE SUMMARY:**

  X  CHRONOLOGICAL HISTORY (112)

  X  LEGAL STATUS SUMMARY

  X  MOVEMENT PRINT OUT (KMHQ)

  X  PROBATION REPORT, Commitment Offense

**LEGAL DOCUMENTS:**

  X  ABSTRACT OF JUDGMENT, Commitment Offense

**ERMS/SOMS FILE:**

  X  ENTIRE ERMS FILE

  X  ENTIRE SOMS FILE

**MEDICAL RECORDS:**

  X  ENTIRE MEDICAL FILE from dates on incarceration as follow:
     BH3640 (9/20/2018 - 7/27/2020)
     BR4074 (2/9/2022)

**PLEASE SEND THESE DOCUMENTS NO LATER THAN <u>February 29, 2024</u>**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                        Tel:   (213) 236-2713
Burke, Williams & Sorensen LLP               Fax:   (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. I-93**

# EXHIBIT J

Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, | Case No. 3:20-cv-00406-AJB-DDL **DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO HIGH DESERT STATE PRISON** Judge: Anthony J. Battaglia Magistrate Judge David D. Leshner |
| Plaintiffs, | |
| v. | |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, | |
| Defendants. | |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

**Ex. J-95**

1     PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of

2   Civil Procedure, Defendants County of San Diego, San Diego County Sheriff's

3   Department and San Diego County Probation Department will serve a subpoena on

4   HIGH DESERT STATE PRISON: Litigation Coordinator to produce records in its

5   possession relating to Jesse Olivares.  A copy of the subpoena that will be served is

6   attached.

7

8   Dated:  January 31, 2024                    BURKE, WILLIAMS & SORENSEN, LLP

9

10                                              By: _/s/ Susan E. Coleman_____
                                                    Susan E. Coleman
11                                                  Elizabeth M. Pappy

12                                              Attorneys for Defendants
                                                COUNTY OF SAN DIEGO, SAN
13                                              DIEGO COUNTY SHERIFF'S
                                                DEPARTMENT and SAN DIEGO
14                                              COUNTY PROBATION
                                                DEPARTMENT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO HIGH DESERT STATE PRISON

Ex. J-96

## PROOF OF SERVICE

I, Terry Marie Hele, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953. On January 31, 2024, I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO HIGH DESERT STATE PRISON**

☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒    by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

### *SEE ATTACHED SERVICE LIST*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 31, 2024, at Los Angeles, California.

*Terry Marie Hele*
_____
Terry Marie Hele

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO HIGH DESERT STATE PRISON

**Ex. J-97**

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department, et al.**
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

| | |
|---|---|
| Gay C. Grunfeld, Esq.<br>Van Swearingen, Esq.<br>Priyah Kaul, Esq.<br>Eric Monek Anderson, Esq.<br>Hannah M. Chartoff, Esq.<br>Rosen Bien<br>Galvan & Grunfeld LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, CA 94105-1738<br>Telephone: 415.433.6830<br>Facsimile: 415.433.7104<br>Email: ggrunfeld@rbgg.com<br>Email: vswearingen@rbgg.com<br>Email: pkaul@rbgg.com<br>Email: eanderson@rbgg.com<br>Email: hchartoff@rbgg.com<br>Email: emonekanderson@rbgg.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |
| Aaron J. Fisher, Esq.<br>Law Office of Aaron J. Fischer<br>1400 Shattuck Square Suite 12 - #344<br>Berkeley, California 94709<br>Telephone: 510.806.7366<br>Facsimile: 510.94.6314<br>Email: aif@aaronfischerlaw.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |
| Christopher M. Young, Esq.<br>Isabella Neal, Esq.<br>Oliver Kiefer, Esq.<br>DLA Piper LLP<br>4365 Executive Drive, Suite 1100<br>San Diego, CA 92121<br>Telephone: 858.677.1400<br>Facsimile: 858.677.1401<br>Email: christopher.young@dlapiper.com<br>Email: isabella.neal@dlapiper.com<br>Email: oliver.kiefer@dlapiper.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |

Burke, Williams &<br>Sorensen, LLP<br>Attorneys at Law<br>Camarillo

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO HIGH DESERT STATE PRISON

**Ex. J-98**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. | ) |
| *Plaintiff* | ) |
| v. | ) |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , | ) |
| et al. | ) |
| *Defendant* | ) |

Civil Action No. 3:20-cv-00406-AJB-DDL

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: High Desert State Prison {HDSP):Litigation Coordinator - (530) 251-5072 fax (530)251-5031

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Attachment

| Place: Titan Legal Services, Inc.<br>2050 W. 190ᵗʰ Street, Suite, 200<br>Torrance, CA 90504 | Date and Time:<br>February 26, 2023 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2024

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Susan E. Coleman |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____ , who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. J-99**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                          *Server's signature*

                                  _____
                                          *Printed name and title*

                                  _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

**Ex. J-100**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Ex. J-101**

# <u>ATTACHMENT TO SUBPOENA</u>

TO:    CDCR – Archives Unit                          DATE:      January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Jesse Olivares
CDC:   P96278

┌─────────────────────────────────────────────────────────────────────┐
│     **Please Provide a Declaration by the Custodian of Records/Litigation Coordinator** │
│                 **Certifying the Records Requested**                  │
└─────────────────────────────────────────────────────────────────────┘

**CASE SUMMARY:**

 X     CHRONOLOGICAL HISTORY (112)

 X     LEGAL STATUS SUMMARY

 X     MOVEMENT PRINT OUT (KMHQ)

 X     PROBATION REPORT, Commitment Offense

**LEGAL DOCUMENTS:**

 X     ABSTRACT OF JUDGMENT, Commitment Offense

**ERMS/SOMS FILE:**

 X     ENTIRE ERMS FILE

 X     ENTIRE SOMS FILE

**MEDICAL RECORDS:**

 X     ENTIRE MEDICAL FILE from dates on incarceration as follow:
       P96278 – (11/13/2000 - )

**PLEASE SEND THESE DOCUMENTS NO LATER THAN <u>February 29, 2024</u>**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                    Tel:    (213) 236-2713
Burke, Williams & Sorensen LLP           Fax:    (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. J-102**

# EXHIBIT K

Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA  92101-8474
Tel:  619.814.5800 Fax:  619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail:  epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA  95113-2336
Tel:  408.606.6300 Fax:  408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO RICHARD J DONOVAN CORRECTIONAL FACILITY**<br><br>Judge:   Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1
DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO RICHARD J DONOVAN CORRECTIONAL FACILITY

Ex. K-104

1    PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of

2   Civil Procedure, Defendants County of San Diego, San Diego County Sheriff's

3   Department and San Diego County Probation Department will serve a subpoena on

4   RICHARD J DONOVAN CORRECTINAL FACILITY: Litigation Coordinator to

5   produce records in its possession relating to Gustavo A. Sepulveda.  A copy of the

6   subpoena that will be served is attached.

7

8   Dated:  January 31, 2024              BURKE, WILLIAMS & SORENSEN, LLP

9

10                                        By:  _/s/ Susan E. Coleman_

11                                            Susan E. Coleman
                                             Elizabeth M. Pappy

12                                        Attorneys for Defendants
                                          COUNTY OF SAN DIEGO, SAN
13                                        DIEGO COUNTY SHERIFF'S
                                          DEPARTMENT and SAN DIEGO
14                                        COUNTY PROBATION
                                          DEPARTMENT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO RICHARD J DONOVAN CORRECTINAL
FACILITY

**Ex. K-105**

## PROOF OF SERVICE

I, Terry Marie Hele, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953. On January 31, 2024, I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO RICHARD J DONOVAN CORRECTINAL FACILITY**

☐      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒      by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

*SEE ATTACHED SERVICE LIST*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 31, 2024, at Los Angeles, California.

_Terry Marie Hele_

Terry Marie Hele

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO RICHARD J DONOVAN CORRECTICAL FACILITY

**Ex. K-106**

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department, et al.**
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

Gay C. Grunfeld, Esq.                    *Attorneys for Plaintiffs and the Certified*
Van Swearingen, Esq.                     *Class and Subclasses*
Priyah Kaul, Esq.
Eric Monek Anderson, Esq.
Hannah M. Chartoff, Esq.
Rosen Bien
Galvan & Grunfeld LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105-1738
Telephone: 415.433.6830
Facsimile: 415.433.7104
Email: ggrunfeld@rbgg.com
Email: vswearingen@rbgg.com
Email: pkaul@rbgg.com
Email: eanderson@rbgg.com
Email: hchartoff@rbgg.com
Email: emonekanderson@rbgg.com


Aaron J. Fisher, Esq.                    *Attorneys for Plaintiffs and the Certified*
Law Office of Aaron J. Fischer          *Class and Subclasses*
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: 510.806.7366
Facsimile: 510.94.6314
Email: aif@aaronfischerlaw.com


Christopher M. Young, Esq.              *Attorneys for Plaintiffs and the Certified*
Isabella Neal, Esq.                     *Class and Subclasses*
Oliver Kiefer, Esq.
DLA Piper LLP
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Telephone: 858.677.1400
Facsimile: 858.677.1401
Email: christopher.young@dlapiper.com
Email: isabella.neal@dlapiper.com
Email: oliver.kiefer@dlapiper.com

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO RICHARD J DONOVAN CORRECTIONAL
FACILITY

**Ex. K-107**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:20-cv-00406-AJB-DDL |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Richard J. Donovan Correctional Facility (RJD): Litigation Coordinator - (619) 661-7862 fax (619) 671-7566

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment

| Place: Titan Legal Services, Inc.<br>        2050 W. 190th Street, Suite, 200<br>        Torrance, CA 90504 | Date and Time:<br>February 26, 2023 10:00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2024

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Susan E. Coleman |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____ , who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. K-108**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Ex. K-109**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Ex. K-110

# ATTACHMENT TO SUBPOENA

TO:    CDCR – Archives Unit                          DATE:  January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Gustavo A. Sepulveda
CDC:   BT3638

| |
|---|
| **Please Provide a Declaration by the Custodian of Records/Litigation Coordinator Certifying the Records Requested** |

**CASE SUMMARY:**

  X   CHRONOLOGICAL HISTORY (112)

  X   LEGAL STATUS SUMMARY

  X   MOVEMENT PRINT OUT (KMHQ)

  X   PROBATION REPORT, Commitment Offense

**LEGAL DOCUMENTS:**

  X   ABSTRACT OF JUDGMENT, Commitment Offense

**ERMS/SOMS FILE:**

  X   ENTIRE ERMS FILE

  X   ENTIRE SOMS FILE

**MEDICAL RECORDS:**

  X   ENTIRE MEDICAL FILE from dates on incarceration as follow:
BT3638 (2/22/2023)

**PLEASE SEND THESE DOCUMENTS NO LATER THAN <u>February 29, 2024</u>**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                          Tel:    (213) 236-2713
Burke, Williams & Sorensen LLP                 Fax:    (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. K-111**

# EXHIBIT L

Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, | Case No. 3:20-cv-00406-AJB-DDL **DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO SAN QUENTIN STATE PRISON** Judge: Anthony J. Battaglia Magistrate Judge David D. Leshner |

Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,

Defendants.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

1
DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO SAN QUENTIN STATE PRISON

Ex. L-113

1     PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of

2   Civil Procedure, Defendants County of San Diego, San Diego County Sheriff's

3   Department and San Diego County Probation Department will serve a subpoena on

4   SAN QUENTIN STATE PRISON: Litigation Coordinator to produce records in its

5   possession relating to Michael James Taylor.  A copy of the subpoena that will be

6   served is attached.

7

8   Dated:  January 31, 2024                    BURKE, WILLIAMS & SORENSEN, LLP

9

10                                              By: _/s/ Susan E. Coleman_____
                                                   Susan E. Coleman
11                                                 Elizabeth M. Pappy

12                                              Attorneys for Defendants
                                                COUNTY OF SAN DIEGO, SAN
13                                              DIEGO COUNTY SHERIFF'S
                                                DEPARTMENT and SAN DIEGO
14                                              COUNTY PROBATION
                                                DEPARTMENT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO SAN QUENTIN STATE PRISON

**Ex. L-114**

1

## PROOF OF SERVICE

2    I, Terry Marie Hele, declare:

3    I am a citizen of the United States and employed in Los Angeles County,

4    California.  I am over the age of eighteen years and not a party to the within-entitled

5    action.  My business address is 444 South Flower Street, Suite 2400, Los Angeles,

6    California 90071-2953.  On January 31, 2024, I served a copy of the within

7    document(s):

8
9    **DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO SAN QUENTIN STATE PRISON**

10   ☐    by placing the document(s) listed above in a sealed envelope with
         postage thereon fully prepaid, the United States mail at Los Angeles,
11       California addressed as set forth below.

12   ☒    by transmitting via e-mail or electronic transmission the document(s)
         listed above to the person(s) at the e-mail address(es) set forth below.
13

14   *SEE ATTACHED SERVICE LIST*

15
16   I am readily familiar with the firm's practice of collection and processing

     correspondence for mailing.  Under that practice it would be deposited with the U.S.
17
     Postal Service on that same day with postage thereon fully prepaid in the ordinary
18
     course of business.  I am aware that on motion of the party served, service is
19
     presumed invalid if postal cancellation date or postage meter date is more than one
20
     day after date of deposit for mailing in affidavit.
21
     I declare that I am employed in the office of a member of the bar of this court
22
     at whose direction the service was made.
23
     Executed on January 31, 2024, at Los Angeles, California.
24

25
                                        *Terry Marie Hele*
26                                      _____
                                        Terry Marie Hele
27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO SAN QUENTIN STATE PRISON

**Ex. L-115**

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department, et al.**
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

Gay C. Grunfeld, Esq.　　　　　　　　*Attorneys for Plaintiffs and the Certified*
Van Swearingen, Esq.　　　　　　　　*Class and Subclasses*
Priyah Kaul, Esq.
Eric Monek Anderson, Esq.
Hannah M. Chartoff, Esq.
Rosen Bien
Galvan & Grunfeld LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105-1738
Telephone: 415.433.6830
Facsimile: 415.433.7104
Email: ggrunfeld@rbgg.com
Email: vswearingen@rbgg.com
Email: pkaul@rbgg.com
Email: eanderson@rbgg.com
Email: hchartoff@rbgg.com
Email: emonekanderson@rbgg.com

Aaron J. Fisher, Esq.　　　　　　　　*Attorneys for Plaintiffs and the Certified*
Law Office of Aaron J. Fischer　　　　*Class and Subclasses*
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: 510.806.7366
Facsimile: 510.94.6314
Email: aif@aaronfischerlaw.com

Christopher M. Young, Esq.　　　　　*Attorneys for Plaintiffs and the Certified*
Isabella Neal, Esq.　　　　　　　　　*Class and Subclasses*
Oliver Kiefer, Esq.
DLA Piper LLP
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Telephone: 858.677.1400
Facsimile: 858.677.1401
Email: christopher.young@dlapiper.com
Email: isabella.neal@dlapiper.com
Email: oliver.kiefer@dlapiper.com

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO SAN QUENTIN STATE PRISON

Ex. L-116

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:20-cv-00406-AJB-DDL |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  San Quentin State Prison (SQ): Litigation Coordinator - (415) 454-1460 ext 5007 fax (415) 454-6288

*(Name of person to whom this subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment

| Place: Titan Legal Services, Inc.<br>   2050 W. 190th Street, Suite, 200<br>   Torrance, CA 90504 | Date and Time:<br>February 26, 2023 10:00 AM |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |
| | | Susan E. Coleman |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____ , who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. L-117**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

<div align="center">

**PROOF OF SERVICE**

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

</div>

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                               *Server's signature*

                                               _____
                                               *Printed name and title*

                                               _____
                                               *Server's address*

Additional information regarding attempted service, etc.:

<div align="right">

**Ex. L-118**

</div>

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Ex. L-119

## <u>ATTACHMENT TO SUBPOENA</u>

TO:    CDCR – Archives Unit                          DATE:      January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Michael James Taylor
CDC:   E49217, K47707, AS8165, BE3914

> **Please Provide a Declaration by the Custodian of Records/Litigation Coordinator**
> **Certifying the Records Requested**

**CASE SUMMARY:**

   X    CHRONOLOGICAL HISTORY (112)

   X    LEGAL STATUS SUMMARY

   X    MOVEMENT PRINT OUT (KMHQ)

   X    PROBATION REPORT, Commitment Offense

**LEGAL DOCUMENTS:**

   X    ABSTRACT OF JUDGMENT, Commitment Offense

**ERMS/SOMS FILE:**

   X    ENTIRE ERMS FILE

   X    ENTIRE SOMS FILE

**MEDICAL RECORDS:**

   X    ENTIRE MEDICAL FILE from dates on incarceration as follow:

E49217 (3/21/1990 – 11/29/1996)

K47707 (4/10/1997 – 8/24/2003)

AS8165 (10/15/2017 – 8/14/2021)

BE3914 (12/21/2022 - )

**PLEASE SEND THESE DOCUMENTS NO LATER THAN <u>February 29, 2024</u>**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                    Tel:    (213) 236-2713
Burke, Williams & Sorensen LLP           Fax:    (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. L-120**

# EXHIBIT M

Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA  92101-8474
Tel:  619.814.5800 Fax:  619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail:  epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA  95113-2336
Tel:  408.606.6300 Fax:  408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENAS TO CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES AND CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION**<br><br>Judge:  Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner |

1
DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH
CARE SERVICES

**Ex. M-122**

1    PLEASE TAKE NOTICE THAT, pursuant to Rule 45 of the Federal Rules of

2  Civil Procedure, Defendants County of San Diego, San Diego County Sheriff's

3  Department and San Diego County Probation Department will serve a subpoenas on

4  California Correctional Health Care Services and California Department of

5  Corrections and Rehabilitation to produce records in their possession relating to

6  Laura Zoerner.  A copy of the subpoenas that will be served are attached.

7

8  Dated:  January 31, 2024              BURKE, WILLIAMS & SORENSEN, LLP

9

10                                       By: _/s/ Susan E. Coleman_____
                                             Susan E. Coleman
11                                           Elizabeth M. Pappy

12                                       Attorneys for Defendants
                                         COUNTY OF SAN DIEGO, SAN
13                                       DIEGO COUNTY SHERIFF'S
                                         DEPARTMENT and SAN DIEGO
14                                       COUNTY PROBATION
                                         DEPARTMENT
15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH
CARE SERVICES

**Ex. M-123**

## PROOF OF SERVICE

I, Terry Marie Hele, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953. On January 31, 2024, I served a copy of the within document(s):

**DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES**

☐      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒      by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

*SEE ATTACHED SERVICE LIST*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 31, 2024, at Los Angeles, California.

*Terry Marie Hele*
_____
Terry Marie Hele

3

DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH CARE SERVICES

**Ex. M-124**

1

**SERVICE LIST**
**Dunsmore v. San Diego County Sheriff's Department, et al.**
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

2

3

Gay C. Grunfeld, Esq.                          *Attorneys for Plaintiffs and the Certified*
Van Swearingen, Esq.                           *Class and Subclasses*
4
Priyah Kaul, Esq.
Eric Monek Anderson, Esq.
5
Hannah M. Chartoff, Esq.
Rosen Bien
6
Galvan & Grunfeld LLP
101 Mission Street, Sixth Floor
7
San Francisco, CA 94105-1738
Telephone: 415.433.6830
8
Facsimile: 415.433.7104
Email: ggrunfeld@rbgg.com
9
Email: vswearingen@rbgg.com
Email: pkaul@rbgg.com
10
Email: eanderson@rbgg.com
Email: hchartoff@rbgg.com
11
Email: emonekanderson@rbgg.com

12

Aaron J. Fisher, Esq.                          *Attorneys for Plaintiffs and the Certified*
13
Law Office of Aaron J. Fischer                 *Class and Subclasses*
1400 Shattuck Square Suite 12 - #344
14
Berkeley, California 94709
Telephone: 510.806.7366
15
Facsimile: 510.94.6314
Email: aif@aaronfischerlaw.com
16

Christopher M. Young, Esq.                     *Attorneys for Plaintiffs and the Certified*
17
Isabella Neal, Esq.                            *Class and Subclasses*
Oliver Kiefer, Esq.
18
DLA Piper LLP
4365 Executive Drive, Suite 1100
19
San Diego, CA 92121
Telephone: 858.677.1400
20
Facsimile: 858.677.1401
Email: christopher.young@dlapiper.com
21
Email: isabella.neal@dlapiper.com
Email: oliver.kiefer@dlapiper.com
22

23

24

25

26

27

28

4
DEFENDANTS' NOTICE OF ISSUANCE OF SUBPOENA TO CALIFORNIA CORRECTIONAL HEALTH
CARE SERVICES

**Ex. M-125**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:20-cv-00406-AJB-DDL |
| SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , | ) |
| et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
California Correctional Health Care Services, 8300 Valdez Avenue, Sacramento, CA 95828
916-229-0859 or 916-229-0475
916-229-0608 fax

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment

| Place: Titan Legal Services, Inc. | Date and Time: |
|---|---|
| 2050 W. 190th Street, Suite, 200 | February 26, 2023 10:00 AM |
| Torrance, CA 90504 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 31, 2024

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*
                                                          Susan E. Coleman

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____ , who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. M-126**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Ex. M-127**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Ex. M-128**

# <u>ATTACHMENT TO SUBPOENA</u>

TO:    California Correctional Health Care Services         DATE:        January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Laura Zoerner
CDC:    X07616, WH1487

---

**Please Provide a Declaration by the Custodian of Records/Litigation Coordinator
Certifying the Records Requested**

---

**MEDICAL RECORDS:**

   X      ENTIRE MEDICAL FILE from dates on incarceration as follow:

          X07616 (10/6/2004 – 10/30/2012)

_____   WH1487 (8/3/2023 – Parole 8/3/2023)

**PLEASE SEND THESE DOCUMENTS NO LATER THAN <u>February 29, 2024</u>**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                              Tel:    (213) 236-2713
Burke, Williams & Sorensen LLP                     Fax:    (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. M-129**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et at. <br> *Plaintiff* <br> v. <br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT , et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:20-cv-00406-AJB-DDL |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  California Department of Corrections and Rehabilitation – Archives Unit, 2015 Aerojet Road, Suite D, Rancho Cordova, CA 95742

*(Name of person to whom this subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Attachment

| Place: Titan Legal Services, Inc. <br> 2050 W. 190th Street, Suite, 200 <br> Torrance, CA 90504 | Date and Time: <br> February 26, 2023 10:00 AM |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.
Date: January 31, 2024

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ <br> *Signature of Clerk or Deputy Clerk* | | _____ <br> *Attorney's signature* <br> Susan E. Coleman |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Defendants
_____ , who issues or requests this subpoena, are:
Susan E. Coleman, Esq., SBN 171832, BURKE, WILLIAMS & SORENSEN, LLP, 501 West Broadway, Ste., 1600, San Deigo, CA 92101

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**Ex. M-130**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Ex. M-131**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Ex. M-132**

# <u>ATTACHMENT TO SUBPOENA</u>

TO:    CDCR – Archives Unit                    DATE:        January 31, 2024
CASE:  Darryl Dunsmore, et al v County of San
Diego, et al USDC 3:20-cv-00406-AJB-DDL
RE:    Laura Zoerner
CDC:   X07616, WH1487

> **Please Provide a Declaration by the Custodian of Records/Litigation Coordinator
> Certifying the Records Requested**

**CASE SUMMARY:**

   X     CHRONOLOGICAL HISTORY (112)

   X     LEGAL STATUS SUMMARY

   X     MOVEMENT PRINT OUT (KMHQ)

   X     PROBATION REPORT, Commitment Offense

**LEGAL DOCUMENTS:**

   X     ABSTRACT OF JUDGMENT, Commitment Offense

**ERMS/SOMS FILE:**

   X     ENTIRE ERMS FILE

   X     ENTIRE SOMS FILE

**PLEASE SEND THESE DOCUMENTS NO LATER THAN February 29, 2024**

**BY: OVERNIGHT EXPRESS**

Send to:
Terry Hele, Paralegal                    Tel:    (213) 236-2713
Burke, Williams & Sorensen LLP           Fax:    (213) 236-2700
444 S. Flower Street, Suite 2400
Los Angeles, CA 90071
thele@bwslaw.com

**Ex. M-133**

# EXHIBIT N

**State of California**

**California Department of Corrections and Rehabilitation**
**Adult Institutions, Programs, and Parole**

# Operations Manual



*"Public Safety, Public Service"*©

## Updated Through
## January 1, 2023

Ex. N-135

**Chapter 1 – General Administration** ........................................................**1**

Article 1 – Office of the Secretary ...............................................1
Article 2 – *Unassigned* ...............................................................1
Article 3 – Standing Committees .................................................1
Article 4 – California Prison Industry Authority .........................4
Article 5 – Evacuation and Emergency Management.................7
Article 6 – Regulation and Policy Directives...............................9
Article 7 – Conferences and Conventions.................................14
Article 8 – Correspondence.......................................................15
Article 9 – Assessment of Threats Against Staff .......................17
Article 10 – State Business Mail ..................................................18
Article 11 – Publications..............................................................20
Article 12 – Telephone, Facsimiles, and Cellular Type Telephones ..21
Article 13 – Public/Media Information .......................................24
Article 14 – Community Relations ...............................................28
Article 15 – Information Practices ...............................................30
Article 16 – Public Records .........................................................39
Article 17 – Motion Pictures, Radio, and Television...................42
Article 18 – Legal Matters...........................................................44
Article 19 – Research ..................................................................50
Article 20 – Polygraph .................................................................52
Article 21 – *Unassigned* .............................................................53
Article 22 – Legislation................................................................53
Article 23 – Records Management ..............................................56
Article 24 – *Unassigned* .............................................................58
Article 25 – *Unassigned* .............................................................58
Article 26 – American Correctional Association Standards..........58
Article 27 – Division of Adult Institutions..................................59
Article 28 – Division of Adult Parole Operations .......................61
Article 29 – Division of Rehabilitative Programs ........................62
Article 30 – Division of Health Care Services..............................63
Article 31 – Division of Facility Planning, Construction and Management ......64
Article 32 – Office of Correctional Safety...................................66
Article 33 – Office of Victim and Survivors Rights and Service ..........67
Article 34 – Office of Legal Affairs .............................................67
Article 35 – Division of Internal Oversight and Research............67
Article 36 – Division of Administrative Services .........................68
Article 37 – Enterprise Information Services ...............................72
Article 38 – Office of Labor Relations.........................................73
Article 39 – Office of the Ombudsman .......................................73

**Chapter 2 – Fiscal Management** ...........................................................**75**

Article 1 – Budget Planning ......................................................75
Article 2 – Operating Expenses and Equipment .......................77
Article 3 – *Unassigned* ...............................................................77
Article 4 – Capital Outlay ..........................................................77
Article 5 – Reimbursement ........................................................79
Article 6 – *Unassigned* ...............................................................81
Article 7 – *Unassigned* ...............................................................81
Article 8 – *Unassigned* ...............................................................81
Article 9 – *Unassigned* ...............................................................81
Article 10 – Equipment and Supplies...........................................81
Article 11 – Travel........................................................................81
Article 12 – Materials Management .............................................86
Article 13 – Contracts................................................................104
Article 14 – Field Offices...........................................................107
Article 15 – Selection of Professional Consulting Services ........108
Article 16 – Employee Personal Property...................................109
Article 17 – Evaluations and Fiscal Control Audits....................110
Article 18 – Fiscal and Administrative Reviews ..........................112
Article 19 – DVBE Program for Services, Commodities, and Public Works ..113
Article 20 – Inmate Welfare Fund..............................................114

**Chapter 3 – Personnel, Training, and Employee Relations** ........................**117**

Article 1 – Equal Employment Opportunity.............................117
Article 2 – Health and Safety Program .....................................122
Article 3 – Employee Awards Program .....................................124
Article 4 – Employee Wellness Programs .................................129
Article 5 – Paraprofessional .....................................................140
Article 6 – Appointments..........................................................141
Article 7 – Personnel Identification Cards................................154
Article 8 – Leave Credit and Overtime Management ................156
Article 9 – Employee Death.......................................................162
Article 10 – Conflict of Interest .................................................167
Article 11 – Smoking – Nonsmoking and Tobacco.....................167
Article 12 – Staff Meetings.........................................................168
Article 13 – Salary and Compensation.......................................169
Article 14 – Internal Affairs Investigations ................................172
Article 15 – Release of Payroll Warrants ....................................177
Article 16 – Managerial Performance Appraisal System ............179
Article 17 – Personnel Examining ..............................................182
Article 18 – General Training .....................................................186
Article 19 – Basic Academy Training ..........................................196
Article 20 – Personnel Policies ...................................................198
Article 21 – Uniforms/Employee Grooming Standards ..............210
Article 22 – Employee Discipline................................................222
Article 23 – Employee Services...................................................240
Article 24 – Employee Assistance Program and Peer Support Program ......241
Article 25 – Telework Program ...................................................244
Article 26 – Staff Misconduct Allegations Involving an Inmate or Parolee....249

**Chapter 4 – Information Technology** ....................................................**256**

Article 1 – Information Technology Definitions and Acronyms .......256
Article 2 – EDP Responsibility...................................................262
Article 3 – *Unassigned* .............................................................263
Article 4 – General Information and Policy ...............................264
Article 5 – IT Standards.............................................................265
Article 6 – Quality Assurance and Quality Control ..................266
Article 7 – Information Management Planning ..........................267
Article 8 – Project Initiation and Approval ...............................268
Article 9 – Project Management .................................................271
Article 10 – Project Review and Basic Policy ..............................272
Article 11 – Project Reporting Requirements..............................273
Article 12 – Project Evaluation ...................................................275
Article 13 – Policy and General Information...............................276
Article 14 – Methods of Procurement........................................277
Article 15 – Lease of EDP Equipment.........................................277
Article 16 – Purchase of EDP Equipment ...................................277
Article 17 – General Contract Requirements..............................278
Article 18 – EDP Maintenance Contracts...................................278
Article 19 – EDP Personal Services Contracts ............................278
Article 20 – Consulting Services Contract ..................................278
Article 21 – Inter-Agency Agreements........................................279
Article 22 – Policy and General Information...............................279
Article 23 – EDP Equipment Maintenance .................................280
Article 24 – EDP Equipment Inventory.......................................280
Article 25 – EDP Equipment Records..........................................281
Article 26 – Disposal of EDP Equipment ....................................281
Article 27 – Disposal of EDP Supplies ........................................283
Article 28 – Offender Based Information System ........................283
Article 29 – SCO Systems ...........................................................284
Article 30 – CLETS .....................................................................284
Article 31 – Audio-Video Surveillance Systems..........................285
Article 32 – Public Safety Radio Communications Systems ........287
Article 33 – Incident Reports Database.......................................289

Article 34  –  *Unassigned* ..................................................289
Article 35  –  Computer Room Construction ..............289
Article 36  –  Instant Messaging..................................290
Article 37  –  Classification Tracking System ............291
Article 38  –  Electronic Mail .....................................292
Article 39  –  Social Media Policy ..............................294
Article 40  –  Distributed Data Processing System .....295
Article 41  –  Departmental Workgroup Computing Policy ...296
Article 42  –  Departmental Modem Policy ................302
Article 43  –  Handheld Computing Devices ...............303
Article 44  –  General Information ..............................304
Article 45  –  Information Security .............................305
Article 46  –  Information Systems Risk Management ...317
Article 47  –  Disaster Recovery Planning .................319
Article 48  –  Electronic Data Processing Auditing ....321
Article 49  –  Special Security Considerations ...........321
Article 50  –  Change and Configuration Management Policy ...322
Article 51  –  Endpoint Security Policy ......................323
Article 52  –  Security Analytics and Continuous Monitoring Policy ...324
Article 53  –  Server Configuration Policy .................325
Article 54  –  Access Control Policy ...........................326
Article 55  –  Acceptable Use Policy ..........................328
Article 56  –  Firewall Configuration Policy ..............329
Article 57  –  Physical and Environmental Protection Policy ...330
Article 58  –  Security Assessment and Authorization Policy ...331
Article 59  –  Audit and Accountability Policy ...........332
Article 60  –  Data Retention and Destruction Policy ...333
Article 61  –  Data Security Policy .............................335
Article 62  –  eDiscovery and Litigation Hold Policy ...336
Article 63  –  Identification and Authentication Policy ...337
Article 64  –  Incident Response Policy ......................338
Article 65  –  Data Retention and Destruction Policy ...340
Article 66  –  Software Management and Licensing Policy ...341

**Chapter 5 –  Adult Custody and Security Operations ...............342**

Article 1   –  Peace Officer Authority .......................342
Article 2   –  Use of Force ..........................................342
Article 3   –  Incident Report .....................................354
Article 4   –  Post Orders ...........................................356
Article 5   –  Post Assignment Schedule ...................356
Article 6   –  Daily Activity Report ............................357
Article 7   –  Inmate Deaths, Serious Injury, or Illness Notification ...357
Article 8   –  Inmate Civil Rights ...............................360
Article 9   –  Display of the United States and State Flags ...361
Article 10  –  *Unassigned* .........................................366
Article 11  –  Administrative Officer-of-the-Day .......366
Article 12  –  Inmate Pay ............................................367
Article 13  –  CALPIA Inmate Hiring Requirements and Pay ...370
Article 14  –  Conservation Camps .............................374
Article 15  –  Controlled Substances ..........................380
Article 16  –  Inmate Count and Movement ...............383
Article 17  –  Control of Dangerous and Toxic Chemicals ...387
Article 18  –  Tool Control ..........................................391
Article 19  –  Arrest, Search, and Seizure ..................395
Article 20  –  Disposition of Contraband ...................409
Article 21  –  Inmate Use of Telephones ....................410
Article 22  –  Gang Management .................................411
Article 23  –  Inmate Discipline ..................................418
Article 24  –  Fire Protection ......................................427
Article 25  –  Inmate Indecent Exposure & Sexual Disorderly Conduct Management ...431
Article 26  –  Air Space Management ..........................433
Article 27  –  Terrorism Liaison Officer Program .......434

Article 28  –  *Unassigned* .........................................435
Article 29  –  Social Services and Counseling .............435
Article 30  –  Inmate Smoking Policy .........................435
Article 31  –  *Unassigned* .........................................436
Article 32  –  *Unassigned* .........................................436
Article 33  –  *Unassigned* .........................................436
Article 34  –  *Unassigned* .........................................436
Article 35  –  *Unassigned* .........................................436
Article 36  –  Institution Publications ........................436
Article 37  –  *Unassigned* .........................................437
Article 38  –  Inmate Advisory Committees ................437
Article 39  –  IW/TIP .................................................440
Article 40  –  Joint Venture .........................................449
Article 41  –  Inmate Mail ...........................................453
Article 42  –  Visiting ..................................................460
Article 43  –  Inmate Property .....................................472
Article 44  –  Prison Rape Elimination Policy .............480
Article 45  –  Care, Treatment, & Security of Pregnant Offenders ...489
Article 46  –  Inmate Housing Assignments ................491
Article 47  –  Integrated Housing .................................494
Article 48  –  Transitional Housing Unit .....................496
Article 49  –  Inmate Clothing and Laundry Exchange Services ...497
Article 50  –  Canteen ..................................................499
Article 51  –  Food Service ..........................................500
Article 52  –  Request for Interview, Item, or Service ...504
Article 53  –  Inmate/Parolee Appeals .........................505
Article 54  –  Investigation of Gassing Incidents .........518

**Chapter 6 –  Adult Classification ...............................520**

Article 1   –  Reception Centers ..................................520
Article 2   –  Case Considerations ...............................529
Article 3   –  Cumulative Case Summary .....................553
Article 4   –  Presentence Diagnostic Study ................555
Article 5   –  Classification Process .............................556
Article 6   –  Recall of Commitment ...........................563
Article 7   –  Transfers – DMH ...................................564
Article 8   –  Interstate, Federal, and International Placements ...567
Article 9   –  Special Placements ................................569
Article 10  –  Behavior Management Unit ...................574
Article 11  –  Temporary Removals .............................576
Article 12  –  Treatment Categories ............................582
Article 13  –  Board of Parole Hearings .......................585
Article 14  –  *Unassigned* ..........................................591
Article 15  –  *Unassigned* ..........................................591
Article 16  –  *Unassigned* ..........................................591
Article 17  –  Sexually Violent Predators .....................591

**Chapter 7 –  Adult Case Records Information ............595**

Article 1   –  Uniform Case Records Systems .............595
Article 2   –  Case Records Service Unit .....................597
Article 3   –  Types of Records ...................................598
Article 4   –  Initial Intake Procedure .........................605
Article 5   –  Central File and Transfer of Records .....608
Article 6   –  Detainers ................................................610
Article 7   –  Extraditions ............................................618
Article 8   –  Notices ...................................................619
Article 9   –  Wanted Persons System .........................621
Article 10  –  Legal Status Information ........................624
Article 11  –  *Unassigned* ..........................................631
Article 12  –  Time Computations ...............................631
Article 13  –  Court Decisions, Orders, and Releases ...643
Article 14  –  Releasing Authorities ............................646
Article 15  –  *Unassigned* ..........................................647

Ex. N-137

Article 16  –  Scheduling Appearances .................................................647
Article 17  –  Preparation of Calendars ...............................................650
Article 18  –  *Unassigned* ..................................................................654
Article 19  –  Pre-Release Referrals ....................................................654
Article 20  –  Institution Releases .......................................................656
Article 21  –  Parole Procedures ..........................................................660
Article 22  –  Civil Addict Commitments ............................................664
Article 23  –  CYA Wards .....................................................................672

**Chapter 8 –  Adult Parole Operations ..............................................675**

Article 1   –  Release Procedures and Conditions of Parole ...............675
Article 2   –  Case Supervision ............................................................691
Article 3   –  Search and Arrest ...........................................................719
Article 4   –  *Unassigned* ..................................................................726
Article 5   –  Special Incident Reports ................................................726
Article 6   –  Interstate Procedures .....................................................728
Article 7   –  Casework Services ..........................................................734
Article 8   –  Discharge and Pardon ....................................................738
Article 9   –  Caseload Management .....................................................740
Article 10  –  Use of State Vehicles .....................................................744
Article 11  –  Parole Grant Release Process ........................................748
Article 12  –  *Unassigned* ..................................................................749
Article 13  –  *Unassigned* ..................................................................749
Article 14  –  *Unassigned* ..................................................................749
Article 15  –  *Unassigned* ..................................................................749
Article 16  –  Community-Based Program Overview ...........................749
Article 17  –  Alternative Custody Program ........................................750
Article 18  –  Custody to Community Transitional Reentry Program ...753
Article 19  –  Male Community Reentry Program ...............................755
Article 20  –  *Unassigned* ..................................................................758
Article 21  –  *Unassigned* ..................................................................758
Article 22  –  *Unassigned* ..................................................................758
Article 23  –  *Unassigned* ..................................................................758
Article 24  –  *Unassigned* ..................................................................758
Article 25  –  Participant Operation of Motor Vehicle .......................758
Article 26  –  Parole Violations and Revocations ...............................758
Article 27  –  Notice Agent and Court Agent ......................................761
Article 28  –  Warrant Requests ...........................................................763
Article 29  –  Warrant Unit Contact Procedures .................................766
Article 30  –  Witnesses ........................................................................767
Article 31  –  *Unassigned* ..................................................................767
Article 32  –  Remedial Sanctions and Program Referrals .................767
Article 33  –  *Unassigned* ..................................................................769
Article 34  –  Mentally Disordered Offenders Commitment and
              Transportation ..................................................................769
Article 35  –  Supervisor Responsibilities ...........................................771
Article 36  –  Workload .........................................................................774
Article 37  –  Work Week Groups and Work Hours ............................775
Article 38  –  Hostages ..........................................................................779
Article 39  –  Parole Agent Equipment and Law Enforcement Identifying
              Clothing ............................................................................779
Article 40  –  Evidence Storage and Disposal .....................................788
Article 41  –  Law Enforcement and Investigations ............................790
Article 42  –  Subpoena .........................................................................791
Article 43  –  Emergency Protection ....................................................792
Article 44  –  Parole Policy Revisions and Distribution .....................794
Article 45  –  Administrative Officer-of-the-Day ................................795
Article 46  –  Firearms and Safety Equipment Policy .........................797
Article 47  –  Charge Codes ..................................................................802
Article 48  –  Glossary of Parole Terms ..............................................805
Article 49  –  Pre-Release Reentry Case Planning ..............................807
Article 50  –  *Unassigned* ..................................................................809
Article 51  –  Disclosure of Information ..............................................809

Article 52  –  Access to Parolee Records .............................................812
Article 53  –  *Unassigned* ..................................................................815
Article 54  –  Confidential Material .....................................................815
Article 55  –  Disclosure to Agency or Persons ..................................817
Article 56  –  *Reserved (Rehabilitation & Pardon)* ..........................817
Article 57 –   Work Schedules ..............................................................817

**Chapter 9 –  Health Care Services ...................................................819**

Article 1   –  *Unassigned* ..................................................................819
Article 2   –  Mental Health Services ..................................................819
Article 3   –  *Unassigned* ..................................................................822
Article 4   –  *Unassigned* ..................................................................822
Article 5   –  *Unassigned* ..................................................................822
Article 6   –  *Unassigned* ..................................................................822
Article 7   –  *Unassigned* ..................................................................822
Article 8   –  Inmate Tuberculosis Alert System ................................822
Article 9   –  Involuntary Psychiatric Medications ............................828
Article 10  –  *Unassigned* ..................................................................832

**Chapter 10 – Adult Programs .........................................................833**

Article 1   –  Education Services .........................................................833
Article 2   –  Division of Addiction and Recovery Services ...............838
Article 3   –  Inmate Activity Groups .................................................839
Article 4   –  Recreation and Physical Education Programs ................841
Article 5   –  Handicraft Programs .......................................................843
Article 6   –  Religious Programs .........................................................849
Article 7   –  Marriages .........................................................................849
Article 8   –  Charitable Fund Raising Campaigns ..............................850
Article 9   –  Volunteers ........................................................................851
Article 10  –  Grants ..............................................................................859
Article 11  –  Gifts and Donations .......................................................861
Article 12  –  Library and Law Library ................................................862

**Ex. N-138**

**ACRONYMS AND CROSSWALK**

|  | *A* |
|---|---|
| **AB:** | Administrative Bulletin |
| **ABE:** | Adult Basic Education |
| **ACA:** | American Correctional Association |
| **ADA:** | Americans with Disabilities Act |
| **AD-SEG:** | Administrative Segregation |
| **AG:** | Attorney General |
| **AIDS:** | Acquired Immune Deficiency Syndrome |
| **AISA:** | Associate Information Systems Analyst |
| **AOD:** | Administrative Officer of the Day |
| **AOJ:** | Abstract Of Judgment |
| **APA:** | Administrative Procedure Act |
| **APB:** | All Points Bulletin |
| **AR:** | Activity Report |
| **ARC:** | AIDs Related Condition |
| **AS:** | Accounting Services (see ASB) |
| **ASB:** | Accounting Services Branch The offices identified as: ASB Bakersfield ASB Corcoran ASB El Centro ASB Paso Robles ASB Rancho Cucamonga ASB Sacramento ASB Stockton |
| **ASD:** | See Division of Administrative Services (DAS) (see ASB) |
| **ASH:** | Atascadero State Hospital |
| **ASP:** | Avenal State Prison |
| **ATO:** | Administrative Time Off |
| **AUS:** | Assistant Unit Supervisor |
| **AW:** | Associate Warden |
| **AWOL:** | Absent Without Leave |

|  | *B* |
|---|---|
| **B&PC:** | Business and Professions Code |
| **BCP:** | Budget Change Proposal |
| **BCS:** | Budget Concept Statement |
| **BMB:** | Budget Management Branch |
| **BOC:** | See Victims Compensation and Government Claims Board (VCGCB) |
| **BOE:** | Board Of Equalization |
| **BPH:** | Board of Parole Hearings (formerly Board of Prison Terms) |
| **BSB:** | Business Services Branch (see Office of Business Services OBS) |

|  | *C* |
|---|---|
| **C&PR:** | Classification & Parole Representative |
| **CA:** | Correctional Administrators |

| **CAC:** | Commission on Accreditation for Corrections |
|---|---|
| **CAL:** | Calipatria State Prison |
| **CalHR** | California Department of Human Resources (formerly DPA and SPB) |
| **CALPIA:** | California Prison Industry Authority (formerly PIA) |
| **CAL-OSHA:** | California Occupational Safety and Health Act |
| **CALSTARS:** | California Statewide Accounting and Reporting Systems |
| **CAP:** | Corrective Action Plan |
| **CC:** | Correctional Counselor |
| **CCC:** | California Correctional Center |
| **CCF:** | Community Correctional Facilities |
| **CCI:** | California Correctional Institution |
| **CCCMS:** | Correctional Clinical Case Management System |
| **CCP:** | Code of Civil Procedure |
| **CCR:** | California Code of Regulations |
| **CCRA:** | Correctional Case Records Administrator |
| **CCRC:** | Community Correctional Reentry Centers |
| **CCRM:** | Correctional Case Records Manager |
| **CCRS:** | Correctional Case Records Supervisor |
| **CCWF:** | Central California Women's Facility |
| **CDCR:** | California Department of Corrections and Rehabilitation (formally CDC) |
| **CDD:** | Controlling Discharge Date |
| **CDO:** | Chief Disciplinary Officer |
| **CEA:** | Career Executive Assignment |
| **CEN:** | Centinela State Prison |
| **CHP:** | California Highway Patrol |
| **CI:** | Confidential Informant |
| **CI&I:** | Criminal Identification and Information |
| **CIM:** | California Institution for Men |
| **CIW:** | California Institution for Women |
| **CLETS:** | California Law Enforcement Telecommunications System |
| **CLLR:** | County of Last Legal Residence |
| **CMB:** | See Office of Business Services (OBS) |
| **CMC:** | California Men's Colony |
| **CMF:** | California Medical Facility |
| **CMO:** | Chief Medical Officer |
| **CO-BCP:** | Capitol Outlay Budget Concept Proposal |

| **COC:** | County Of Commitment |
|---|---|
| **COP:** | Continue On Parole |
| **COR:** | California State Prison, Corcoran |
| **CPU:** | Central Processing Unit |
| **CRC:** | California Rehabilitation Center |
| **CRM:** | Community Resource Manager |
| **CPR:** | Cardiopulmonary Resuscitation |
| **CRS:** | Correctional Case Records Specialist |
| **CRT:** | Crisis Response Team |
| **Crt Ret TFT:** | Court-Return To Finish Term |
| **Crt Ret WNT:** | Court-Return With New Term |
| **CRU:** | Case Records Unit |
| **CS:** | Control Services |
| **CSR:** | Classification Staff Representative |
| **CSU:** | Classification Services Unit |
| **CTB:** | Catastrophic Time Bank |
| **CTF:** | Correctional Training Facility |
| **CTQ:** | Confinement To Quarters |
| **CTS:** | Classification Tracking System |
| **CVSP:** | Chuckawalla Valley State Prison |
| **CYA:** | See Division of Juvenile Justice (DJJ) |

|  | *D* |
|---|---|
| **DAC:** | Disabled Advisory Committee |
| **DADP:** | Departmental Alcohol and Drug Programs |
| **DAI:** | Division of Adult Institutions (formerly Institutions Division) |
| **DAPO:** | Division of Adult Parole Operations (formerly P&CSD) |
| **DARS:** | Division of Addictions & Recovery Services (see Division of Rehabilitative Programs) |
| **DAS:** | Division of Administrative Services (see ASB) |
| **DHCS:** | Division of Health Care Services (Formerly Division of Correctional Health Care Services, DCHCS) |
| **DCP:** | Division of Community Partnerships (see DAI) |
| **DDPS:** | Distributed Data Processing System |
| **DEVOP:** | Division of Education, Vocation, and Offender Programs (see Division of Rehabilitative Programs) |
| **DFA:** | Department Food Administrator |
| **DFEH:** | Department of Fair Employment and Housing |
| **DGS:** | Department of General Services |

**Ex. N-139**

**ACRONYMS AND CROSSWALK**

| | |
|---|---|
| **DHS:** | Department of Health Services |
| **DIR:** | Department of Industrial Relations |
| **DIS:** | Division of Industrial Safety |
| **DJJ:** | Division of Juvenile Justice (formerly CYA) |
| **DMH:** | Department of Mental Health (see Department of State Hospitals DSH) |
| **DMS:** | Daily Movement Sheet |
| **DMV:** | Department of Motor Vehicles |
| **DSH:** | Department of State Hospitals (formerly DMH) |
| **DOB:** | Date Of Birth |
| **DOF:** | Department of Finance |
| **DOJ:** | Department Of Justice |
| **DOM:** | Department Operations Manual |
| **DOR:** | Department Of Rehabilitation |
| **DOT:** | Labor Dictionary of Occupational Titles |
| **DPA:** | Department of Personnel Administration (see CalHR) |
| **DPP:** | Disability Placement Plan |
| **DPU:** | Detention Processing Units |
| **DRAD:** | Daily Report of Arrivals and Departures |
| **DRB:** | Departmental Review Board |
| **DRD:** | Discharge Review Date |
| **DROA:** | Departmental Restrictions Of Appointment |
| **DRP:** | Division of Rehabilitative Programs |
| **DRPA:** | Deputy Regional Parole Administrator |
| **DSL:** | Determinate Sentence Law |
| **DTC:** | Drug Testing Coordinator |
| **DVBE:** | Disabled Veteran Business Enterprises |
| **DVI:** | Deuel Vocational Institution |
| ***E*** | |
| **E&E:** | Education and Experience |
| **EAP:** | Employee Assistance Program |
| **EAR:** | Employee Action Request |
| **EC:** | Evidence Code |
| **Ed. C:** | Education Code |
| **EDD:** | Employment Development Department |
| **EDP:** | Electronic Data Processing (see IT) |
| **EPTP:** | Employee Post Trauma Program |
| **EEO:** | Equal Employment Opportunity Office (see Office of Internal Affairs) |
| **EEOC:** | U.S. Equal Employment |

| | |
|---|---|
| | Opportunity Commission |
| **EI:** | Early Intervention |
| **EIDL:** | Enhanced Industrial Disability Leave |
| **EIS:** | Enterprise Information Services (formerly Information Services Division) |
| **EKG:** | Electrocardiogram |
| **EOP:** | Enhanced Outpatient Program |
| **EPA:** | Environmental Protection Agency |
| **EPRD:** | Earliest Possible Release Date |
| **ERMS:** | Electronic Records Management System |
| **ERO:** | Employee Relations Officer |
| **ESL:** | English as a Second Language |
| **ETO:** | Excused Time Off |
| ***F*** | |
| **F&BMAU:** | Fiscal and Business Management Audits Unit (see Office of Audits and Court Compliance) |
| **FB:** | Fiscal Bulletin |
| **FBI:** | Federal Bureau of Investigation |
| **FBP:** | Federal Bureau of Prisons |
| **FC:** | Family Code |
| **FCC:** | Federal Communications Commission |
| **FLSA:** | Fair Labor Standards Act |
| **FPCM:** | Facility Planning, Construction, and Management |
| **FPR:** | Formal Project Review |
| **FSB:** | Fiscal Services Branch (see Office of Fiscal Services) |
| **FSP:** | Folsom State Prison |
| **FSR:** | Feasibility Study Reports |
| ***G*** | |
| **GC:** | Government Code |
| **GED:** | General Education Development |
| **GF:** | General Fund |
| **GFE:** | Good Faith Effort |
| **GLU:** | General Legal User |
| **GPS:** | Global Positioning System |
| **GSOP:** | General Services Office of Procurement |
| **GUME:** | General Use Mobile Equipment |
| ***H*** | |
| **H&SC:** | Health and Safety Code |
| **HAM:** | Hiring-Above-Minimum |
| **HASS:** | Headquarters Accounting Services Section (see ASB) |
| **HC:** | High Control |

| | |
|---|---|
| **HCSD:** | Health Care Services Division (see DCHCS) |
| **HDSP:** | High Desert State Prison |
| **HIV:** | Human Immunodeficiency Virus |
| **HO:** | Hearing Officer |
| **HR:** | Human Resources |
| **HWD:** | Holds/Wants/Detainer |
| ***I*** | |
| **IAB:** | Inmate Appeals Branch (see Office of Appeals OOA) |
| **IAC:** | Institution Advisory Counsel |
| **IB:** | Informational Bulletin |
| **ICC:** | Institution Classification Committee |
| **ICS:** | Institution Contracts Section (see OBS) |
| **ID:** | Institutions Division (see DAI) |
| **IDL:** | Industrial Disability Leave |
| **IDL:** | Inmate Day Labor |
| **IFB:** | Invitation For Bids |
| **IGI:** | Institution Gang Investigator (see STG Investigator) |
| **IM:** | Instructional Memorandum |
| **IMAP:** | Information Management Annual Plan |
| **IPA:** | Information Practices Act |
| **IPO:** | Institutional Personnel Officer |
| **IPTS:** | Interim Parolee Tracking System |
| **IQSS:** | Information Quality Support Section |
| **IRS:** | Internal Revenue Service |
| **IS:** | Information Systems |
| **ISA:** | Information Systems Analyst |
| **ISC:** | Information Security Coordinators |
| **ISD:** | Information Services Division (see EIS) |
| **ISL:** | Indeterminate Sentence Law |
| **ISO:** | Information Security Officer |
| **ISP:** | Ironwood State Prison |
| **ISRS:** | Institutional Staff Recommendation Summary |
| **IST:** | In-Service Training |
| **ISTS:** | In-Service Training Section |
| **ISU:** | Institution Services Unit |
| **IT:** | Information Technology |
| **IV:** | Intravenous |
| **IWF:** | Inmate Welfare Fund |
| **IWTIP:** | Inmate Work Incentive/Training Incentive Program |
| ***J*** | |
| **JVP:** | Joint Venture Program |

**Ex. N-140**

**ACRONYMS AND CROSSWALK**

| **K** | |
|---|---|
| **K-9:** | Canine |
| **KVSP:** | Kern Valley State Prison |

| **L** | |
|---|---|
| **LAC:** | California State Prison, Los Angeles County |
| **LAD:** | Legal Affairs Division (see OLA) |
| **LAN:** | Local Area Network |
| **LC:** | Labor Code |
| **LEAA:** | Law Enforcement Assistance Administration |
| **LEAP:** | Limited Examination and Appointment Program |
| **LEIU:** | Law Enforcement and Investigation Unit (see OCS) |
| **LLO:** | Legislative Liaison (see OOL) |
| **LPS:** | Lanterman-Petris-Short Act |
| **LPU:** | Legal Processing Unit |
| **LRB:** | Labor Relations Branch (see OLR) |
| **LSS:** | Legal Status Sheet |
| **LT:** | Limited Term |
| **LTO:** | Local Testing Offices |
| **LTOP:** | Long Term Offender Program |
| **LVN:** | Licensed Vocational Nurse |
| **LWOP:** | Life Without Possibility Of Parole |

| **M** | |
|---|---|
| **M&VC:** | Military and Veterans Code |
| **MAC:** | Men's Advisory Council |
| **MAR:** | Master Assignment Roster |
| **Max:** | Maximum |
| **MBE:** | Minority Business Enterprises |
| **MCSP:** | Mule Creek State Prison |
| **MDO:** | Mentally Disordered Offender |
| **MERD:** | Minimum Eligible Release Date |
| **MH:** | Mental Health |
| **MIA:** | Missing In Action |
| **MIN:** | Minimum |
| **MIRS:** | Management Information Retrieval System |
| **MIS:** | Management Information Systems |
| **MOD:** | Medical Officer of the Day |
| **MOU:** | Memorandum Of Understanding |
| **MQ:** | Minimum Qualifications |
| **MRA:** | Master Rental Agreement |
| **MRD:** | Max Release Date |
| **MRDT:** | Mandatory Random Drug Testing |
| **MS:** | Minimum Supervision |
| **MSA:** | Merit Salary Adjustment |

| **MSAO:** | Master Service Agreement Order |
|---|---|
| **MSDS:** | Material Safety Data Sheets |
| **MSH:** | Metropolitan State Hospital |
| **MSS:** | Material Services Section |

| **N** | |
|---|---|
| **NAEA:** | Narcotic Addiction Evaluation Authority |
| **NC:** | New Charge |
| **NCDOM:** | Notice of Change to Department Operations Manual |
| **NCIC:** | National Crime Information Center |
| **NCR:** | Notice of Change to Regulations |
| **NDI:** | Non-Industrial Disability Insurance |
| **NFPA:** | National Fire Protection Association |
| **NIC:** | National Institute of Corrections |
| **NICC:** | Not In Custody Case |
| **NKSP:** | North Kern State Prison |
| **NLI:** | No Longer Interested Notification |
| **NMT:** | Negotiations Management Team |

| **O** | |
|---|---|
| **OA:** | Office Assistant |
| **OACC:** | Office of Audits and Court Compliance |
| **OAG:** | Office of the Attorney General |
| **OAL:** | Office of Administrative Law |
| **OBIS:** | Offender Based Information System |
| **OBM:** | Office of Budget Management (see OFS) |
| **OBS:** | Office of Business Services |
| **OCE:** | Office of Correctional Education (see DRP) |
| **OCR:** | Office of Civil Rights (see OIA) |
| **OCS:** | Office of Correctional Safety |
| **OD:** | Officer of the Day |
| **OFEP:** | Office of Fair Employment Practices |
| **OFM:** | Office of Facilities Management (see FPCM) |
| **OFS:** | Office of Fiscal Services |
| **OHRD:** | Office of Human Resources Development |
| **OIA:** | Office of Internal Affairs |
| **OIG:** | Office of the Inspector General |
| **OIP:** | Office of Information Practices |
| **OISB:** | Offender Information Services Branch |

| **OIT:** | Office of Information Technology |
|---|---|
| **OJT:** | On-the-Job Training |
| **OLA:** | Office of Legal Affairs |
| **OLR:** | Office of Labor Relations |
| **OOA:** | Office of Appeals |
| **OOC:** | Office Of Compliance (see OACC) |
| **OOL:** | Office Of Legislation |
| **OPEC:** | Office of Public and Employee Communications |
| **OPD:** | Outpatient Dental Record |
| **OPF:** | Official Personnel File |
| **OPM:** | Office of Personnel Management |
| **OPS:** | Outpatient Status |
| **OR:** | Office of Research |
| **ORC:** | Organizational Review Committee |
| **ORP:** | Operation Recovery Plan |
| **OSWA:** | Off-Site Work Assignment |
| **OSWD:** | Off-Site Work Detail |
| **OSAP/ DARS:** | Office of Substance Abuse Programs (see DRS) |
| **OSP:** | Office of State Publishing |
| **OT:** | Overtime |
| **OTC:** | Out To Court |
| **OTCP:** | Out-To-Confidential Placements |
| **OVSR&S:** | Office of Victim and Survivors Rights and Services |

| **P** | |
|---|---|
| **P&CD:** | Planning and Construction Division (see FPCM) |
| **P&CSD:** | Parole & Community Services Division (see DAPO) |
| **PA:** | Program Administrator |
| **PAI:** | Parole Agent I |
| **PAII:** | Parole Agent II |
| **PAIII:** | Parole Agent III |
| **PAL:** | Parolee-At-Large |
| **PAR:** | Personnel Action Request |
| **PAR AD:** | Parole Administrator |
| **PBSP:** | Pelican Bay State Prison |
| **PC:** | Penal Code |
| **PCC:** | Public Contract Code |
| **PDA:** | Parole District Administrator |
| **PERB:** | Public Employment Representative Board |
| **PERS:** | Public Employees Retirement System |
| **PFAB:** | Program and Fiscal Audits Branch (see OACC) |

**Ex. N-141**

**ACRONYMS AND CROSSWALK**

| | |
|---|---|
| **PH:** | Parole Hold |
| **PHU:** | Protective Housing Unit |
| **PI:** | Permanent Intermittent |
| **PIA:** | Prison Industry Authority (see CALPIA) |
| **PIB:** | Prison Industry Board |
| **PIC:** | Public Interest Case |
| **PIE:** | Permanent Intermittent Employees |
| **PIER:** | Post Implementation Evaluation Report |
| **PIO:** | Public Information Officer |
| **PIU:** | Project Initiation Unit |
| **PMP:** | Preventive Maintenance Program |
| **PO:** | Purchase Order |
| **POC:** | Parole Outpatient Clinics |
| **POR:** | Probation Officer Report |
| **POS:** | Personnel Operations Section |
| **POSED:** | Peace Officer Selection and Development |
| **PRA:** | Public Records Act |
| **PRRD:** | Projected Revocation Release Date |
| **PRTC:** | Parole Regional Training Coordinator |
| **PSA:** | Parole Services Associate |
| **PSC:** | Parole Services Center |
| **PSU:** | Psychiatric Services Unit |
| **PU:** | Parole Unit |
| **PV:** | Parole Violator |
| **PVRTC:** | Parole Violator Return To Custody |
| **PVSP:** | Pleasant Valley State Prison |
| **PVWNT:** | Parole Violator Returned With New Term |
| **PY:** | Personnel Year |
| **Q** | |
| **QA:** | Quality Assurance |
| **QAP:** | Qualification Appraisal |
| **QC:** | Quality Control |
| **R** | |
| **R&R:** | Receiving and Release |
| **RAL:** | Release-At-Large |
| **RAO:** | Regional Accounting Offices (see ASB) |
| **RC:** | Reception Centers |
| **RDO:** | Regular Day Off |
| **RFP:** | Request For Proposal |
| **RFQ:** | Request For Quotations |

| | |
|---|---|
| **RJD:** | Richard J. Donovan Correctional Facility at Rock Mountain |
| **RN:** | Registered Nurse |
| **RO:** | Reporting Officer |
| **RPA:** | Regional Parole Administrator |
| **RPMB:** | Regulation and Policy Management Branch |
| **RPS:** | Release Program Study |
| **RRD:** | Revocation Release Date |
| **RRS:** | Records Retention Schedule |
| **RTC:** | Return To Custody |
| **RTO:** | Released To a Hold |
| **RTQ:** | Restricted To Quarters |
| **RTW:** | Return To Work |
| **RTWC:** | Return To Work Coordinator |
| **S** | |
| **SAC:** | California State Prison, Sacramento |
| **SACCO:** | Sacramento Control Office Unit, Reg. I |
| **SAM:** | State Administrative Manual |
| **SATF:** | California Substance Abuse Treatment Facility & State Prison, Corcoran |
| **SCC:** | Sierra Conservation Center |
| **SCEP:** | Supervisors of Correctional Education Programs |
| **SCIF:** | State Compensation Insurance Form |
| **SCO:** | State Controller's Office |
| **SCS:** | Services Contracts Section |
| **SDLC:** | Systems Development Life Cycle |
| **SDP:** | Step Down Program |
| **SDS:** | Safety Data Sheet |
| **SEERA:** | State Employer Employee Relations Act |
| **SFM:** | State Fire Marshall |
| **SHO:** | Senior Hearing Officer |
| **SHU:** | Security Housing Unit |
| **SISP:** | Strategic Information Systems Plan |
| **SKELLY:** | SPB Rule 61 |
| **SOL:** | California State Prison, Solano |
| **SOMS:** | Strategic Offender Management System |
| **SPB:** | State Personnel Board (see CalHR) |
| **SPR:** | Special Project Reports |
| **SPS:** | State Price Schedule |
| **SQ:** | California State Prison, San Quentin |

| | |
|---|---|
| **SRC:** | State Records Center |
| **SRN:** | Supervising Registered Nurse |
| **SROA:** | State Restrictions Of Appointment |
| **SSCH:** | State Summary - Criminal History |
| **SSI:** | Supplemental Security Income |
| **SSM:** | Staff Services Manager |
| **SSS:** | Selection Support Section |
| **SSU:** | Special Services Unit |
| **STD:** | Standard Form (DGS) |
| **STG:** | Security Threat Group |
| **STG Investigator:** | |
| **SVP:** | Sexually Violent Predator |
| **SVSP:** | Salinas Valley State Prison |
| **T** | |
| **T&D:** | Training and Development |
| **TAC:** | Trade Advisory Committee |
| **TAU:** | Temporary Authorization |
| **TB:** | Tuberculosis |
| **TCL:** | Temporary Community Leave |
| **TCR:** | Temporary Community Release |
| **TD:** | Temporary Disability |
| **TDC:** | Teale Data Center |
| **TDD:** | Telecommunications Device for the Deaf |
| **TEA:** | Travel Expense Advance |
| **TEC:** | Travel Expense Claim |
| **TSB:** | Training Services Branch |
| **TTC:** | Technology Transfer Committee |
| **U** | |
| **U.S.:** | United States |
| **UA:** | Urinalysis |
| **US:** | Under Supervisor |
| **UCC:** | Unit Classification Committee |
| **USICE:** | United States Immigration and Customs Enforcement |
| **USINS:** | United States Immigration and Naturalization Service (see USICE) |
| **USPS:** | United States Postal Service |
| **V** | |
| **VC:** | Vehicle Code |
| **VCGCB:** | Victim Compensation and Government Claims Board (formerly Board of Control) |
| **VEA:** | Vocational Education Act |
| **VR:** | Vacation Relief |
| **VSP:** | Valley State Prison |

**Ex. N-142**

**ACRONYMS AND CROSSWALK**

| *W* | |
|---|---|
| **W&IC**: | Welfare and Institutions Code |
| **WAC**: | Women's Advisory Council |
| **WBE**: | Women Business Enterprises |
| **WCAB**: | Workers' Compensation Appeals Board |
| **WCC**: | Workgroup Computing Coordinator |
| **WCTD**: | Workers' Compensation Temporary Disability |
| **WICC**: | Western Interstate Corrections Compact |
| **WLC**: | Women's Liaison Council |
| **WNT**: | With a New Term |
| **WPS**: | Wanted Persons System |
| **WSP**: | Wasco State Prison |
| *Y* | |
| **YOPB**: | Youthful Offender Parole Board (see BPH) |

**Ex. N-143**

- The date of receipt by the other jurisdiction after sentencing by California.
- The date of sentencing in California if the subject was not present.

The term's start date shall be the same as the received date except for probation revocation cases.

The term's start date on probation revocation cases shall be the date the inmate was originally received by the other jurisdiction.

The CDC Form 112 shall be posted as follows.

Example:

- 01/01/73-Received at Colorado State Prison.
- (Date of Detainer)-Colorado State Prison designated as place of reception on this term pursuant to PC2900.
- 01/01/74-Received at NRC-CMF (transfer from Colorado State Prison).

**72020.7        Revisions**

The Director, Division of Adult Institutions, or designee shall be responsible for ensuring that the contents of this article are kept current and accurate.

**72020.8        References**

PC §§ 1170(a)(2), 1170.2(a), 1203.03, 1389, 2081.5, 2082, 2900, 2901, 3058.5, 4007, and 4016.5(d).

GC §§ 19853.

Government Claims Board Section 776.

**ARTICLE 5 — CENTRAL FILE AND TRANSFER OF RECORDS**

*Revised April 1, 1992*

**72030.1        Policy**

Uniform records shall be maintained on persons under the jurisdiction of the Department.

**72030.2        Purpose**

This section sets the procedures for the uniform preparation of an inmate's C-File and other departmental records pertaining to an inmate.

**72030.3        C-File**

The C-File is the central depository for copies of all documents, correspondence, and reports pertaining to each inmate.

A C-File is inaugurated for each new inmate upon admission in the Department.

**72030.4        Filing Order**

The C-File is divided into 11 sections.  Specific items are designated to be filed in respective sections.

Like documents shall be grouped together in chronological order, most recent information on top.

**72030.4.1        Case Summary Section**

- CDC Form 261, Order of Filing.
- CDC Form 112, Chronological Inmate History.
- Legal status sheet.
- Case summary/POR or police report if POR is not available.
- Latest report to paroling board.
- CI&I/FBI SSCHs.
- Other related forms and documents.
- PC 1203.03 reports.
- PC 1170(d) reports.
- CDC Form 916, Time Credit Waiver.

**72030.4.2        Legal Documents Section**

- CDC Form 1151, Legal Status Audit Sheets.
- CDC Form 1130, LPU DocumentTransmittal.
- CDC Form 819, Personal/Confidential Information Disclosure/Access Log.
- Minute Order.
- Abstract of Judgment.
- Court remittitur(s).
- Court decisions.
- Sentencing transcript.
- PC 1203.01 statements.
- Information.

- Legal correspondence.
- CDC Form 123, Body Receipt.
- Other related forms and documents.
- CDC Form 138, Fingerprint Card(s).

**72030.4.3        Classification Section**

- CDC Form 262, Custody Classification - Assignment.
- CDC Form 840, Reclassification Score Sheet.
- CDC Form 812, Notice of Critical Case Information – Safety of Persons.
- CDC Form 812-A, Notice of Critical Information – Prison Gang Identification.
- CDC Form 812-B, Notice of Critical Information – Disruptive Group Identification.
- CDC Form 128-B-1, Notice of Classification Hearing.  (Filed on a CDC Form 108-A, Chrono Sheet - Classification.)
- CDC Form 114-D, Order and Hearing for Placement in Segregated Housing.
- CDC Form 839, Classification Score Sheet.
- CDC Form 108-A, Chrono Sheet - Classification (all CDC Form 128-G Chronos).
- Other related forms and documents.

**72030.4.4        Disciplinary Section**

- CDC Form 804, Notice of Pending CDC 115.
- CDC Form 115s, Rules' Violation Reports and attached Incident Reports.
- CDC Forms 629-A, Segregation Housing Unit (SHU) Term of Initial Confinement, and 629-B, Redetermination of SHU Confinement Term.
- DA response.
- Other incident reports.

**72030.4.5        General Chronos Section**

- CDC Form 108, Chrono Sheet - General (CDC Form 128-A).
- CDC Form 958, Application for Restoration of Credit.
- CDC Form 108, Chrono Sheet – General (SOMS - Notification in Case of Inmate Death, Serious Injury, or Serious Illness and all CDC Form 128s except for A, B-1, E and G).
- CDC Form 109, Chrono Sheet - Work Reports (all CDC Forms 101 and 128-E Chronos).
- Other related forms and documents.

**72030.4.6        Miscellaneous Section**

- CDC Form 191, Inmate Time Cards and Time Chronos (taped on an 8" x 11" sheet of paper).
- CDC Form 602, Inmate/Parolee Appeal Form.
- Miscellaneous correspondence.
- CDC Form 345, Power of Attorney and Authorization for Deposit.
- CDC Form 601, Temporary Community Leave Request.
- CDC Form 1604, Agreement to Participate in Community Work Furlough Program.
- Other related forms and documents.

**72030.4.7        Detainers Section**

- CDC Form 850, Detainer Summary.
- Detainers (all documents related to specific detainers together).
- All nonconfidential notices.
- Advance release notices.
- Other related forms and documents.

**72030.4.8        Parole Section**

- Parole violation/activity reports.
- CDC Form 102, Statement Release.
- CDC Form 1515, Notice and Condition of Parole.
- DOJ Form SS 8047, Notice of Registration Requirement.
- CDC Form 611, Release Program Study.
- Other related forms and documents.

Ex. N-144

**72030.4.9    BPT and NAEA Section**

- Addenda.
- Permanent addenda.
- Board decision forms.
- BPT /NAEA  Appeals.
- Board generated psychiatric reports.
- Other related forms and documents.
- Like documents grouped together.

**72030.4.10    Microfiche Section**

- Microfiche duplicate copy of previously filmed records.

**72030.4.11    Confidential Section**

- Confidential file folder containing material designated as confidential.

**72030.5    Movement of Records**

All inmate case records, C-File, subsidiary records, and inmate records' cards shall be moved with the inmate at time of transfer.

**72030.5.1    Transfers**

See DOM 72010 for use and preparation of CDC Form 134, Records Transfer Check Sheet.

- The facility case records office shall provide an advance transfer notice to each facility department of the names and identification numbers of each inmate scheduled for transfer.
- The notice shall include the inmate's destination, date, and time of transfer, and the date and time the records are required to be delivered to the case records office.
- Each facility department shall deliver to the case records office their respective records at the time stated.
- In the event of emergency transfer and/or time does not permit advance written notice, case records staff shall telephone the departments and request immediate delivery of the records.
- The sending facility/parole region shall affix all material in C-File prior to transfer.
- All case records for each inmate shall be transferred with the inmate to the receiving facility, except as provided in DOM 72030.7.
- Legal documents and worktime records received after the case records have been transferred shall be forwarded expeditiously by First Class Mail to the CCRM of the receiving facility.
- Parole violators will have files returned from parole regions to the receiving facility as provided in DOM 75010.14.3.

**72030.6    Transfer of ID Cards**

*Revised December 14, 2012*

The receiving and release (R&R) sergeant of the sending facility shall collect and process inmates' identification cards.

Cards are retained for immediate return to the inmate upon arrival at the receiving facility.

The receiving facility shall ascertain that all ID cards have been delivered by the transporting staff and are returned to the inmates upon arrival at the facility.

**72030.7    Transfers Out-to-Court**

*Revised October 2, 1992*

When an inmate is transferred to another facility for out-to-court release, the following listed records only shall be transferred with the inmate:

- CDC Form 103-B Card.
- Health Record (medical/psychiatric file).
- CDC Form 120, Visiting Records Card.
- Chrono or memos setting forth any special handling or needs.
- Photocopy of transfer FAX or removal order.
- Photocopy of last CDC Form 128-G.
- Photocopy of CDC Form 812/812(a)/812(b).
- Photocopy of CDC Form 839/840.
- Photocopy of up-to-date legal status summary.
- Photocopy of current Abstract of Judgment(s).
- CDC Form 801, Departmental Detainer.
- Two photographs.

The records shall be placed in a manila envelope clearly labeled with the inmate's name and CDC number.

All other case records shall be retained at the sending facility/region (community correctional facility cases).

Sending facility staff shall be responsible for all casework and term computations.

The en route facility shall ensure that any body receipts, court documents, or any other case material is forwarded at the time of their return to the sending facility.

**72030.7.1    Parole/Discharge While Out-to-Court**

If an inmate paroles/discharges while out-to-court, the sending facility shall notify the en route facility and the holding law enforcement agency to remove the Department's detainer.

The sending facility shall notify the parole unit and region staff of the change in status and the parolee's location.

Both facilities shall ensure that all of the inmate's records are forwarded to the designated region case records office.

If the inmate discharges while out-to-court, the en route facility shall return all of the records to the sending facility where they shall be retained in hard copy one year and then processed as in DOM 71020.5.4.

Both facilities shall ensure that all of the inmate's records are forwarded to the sending facility.

**72030.7.2    Paroled Cases**

*Revised October 2, 1992*

When an inmate is released to parole, all case records shall be forwarded to the appropriate region case records office no later than 10 working days after release.

Facility departments shall review the daily movement sheet each day and shall immediately forward the records of each released inmate to the case records office.

**Miscellaneous File Material**

Miscellaneous file material received in the case records office, after the records have been forwarded to the region case records office, shall be screened by supervisory staff.  Only material that may affect the security of the facility or inmate shall be forwarded to the region for filing.

A CDC Form 134 shall be prepared and completed.

All records for each inmate shall be secured together for packaging and shipping.

**Legal Documents**

Legal documents received after the records have been forwarded shall be expeditiously mailed by first-class mail to the CCRM of the appropriate parole region.

**72030.7.3    Discharged Cases**

*Revised October 2, 1992*

Region case records staff shall microfiche each inmate's/parolee's records within 30 days of discharge.

Records of all inmates/residents discharged directly from the facility shall be forwarded to the appropriate region to be microfiched.

| Region I | Region II | Region III | Region IV |
|----------|-----------|------------|-----------|
| FSP | SQ | CCI | RJD |
| MCSP | CTF | COR | CVSP |
| CCC | PBSP | CIM | CRC |
| NCWF | DVI | NKSP | CIW |
| SCC | ASP | WSP | CMC |
| CMF | CCWF | | LAC |
| SOL | VSPW | | CAL |
| | | | ISP |

If the microfiching is contracted to a private vendor, the region case records office shall ensure that the records are processed and forwarded to the Archives Unit.

The microfiche format shall follow the order of filing for C-Files.

File material from satellite records, visiting, education, etc., which are included in the C-File, shall be microfiched on the appropriately designated or miscellaneous microfiche.

**Not to be Microfiched**

The following records shall not be microfiched and the hard copies of these files shall be forwarded to the Archives Unit with the microfiches of the C-File:

- Medical and psychiatric files.

Ex. N-145

- Fingerprint cards.
- Photographs.
- Files of discharged "Z" cases (those referred for diagnostic commitment under PC 1203.03).

Facility/region case records staff shall process cases of deceased inmates as provided in DOM 71020.5.8.

### 72030.7.4    Previously Microfiched Cases

C-Files that contain fiches in the old microfiche format:

- The previous master and duplicate fiches shall be placed in envelopes labeled "old format."
- All new fiches shall be made in the revised format and placed in separate envelopes.
- The envelope containing the old master fiches shall then be securely fastened together with the envelope containing the new master fiches to form one file for shipment. The envelopes containing the old and new duplicate fiches shall likewise be secured together to form another file for shipping.

One master and one duplicate set of fiches, excluding the confidential folder, shall be made and sent to the Archives Unit located at CMF in Vacaville.

### 72030.7.5    Confidential File Format

The C-File confidential folder, the folder master, and the duplicate fiches (fiche #10, confidential) shall be sent to the ID/Warrants Unit. The ID/Warrants Unit shall fiche the confidential material.

### 72030.7.6    Shipping Files to Archives

Any files (master or duplicate fiche, or hard copy) sent to the Archives and ID/Warrants Units shall be accompanied by a CDC Form 134, Records Transfer Check sheet, which clearly indicates the inmate's/parolee's full name, CDC number, and the date of their discharge. Microfiche and hard copy files shall be forwarded from the parole regions to the Archives Unit no less than once a week.

All masters and duplicates shall be shipped and stored in such a manner as to prevent mutilation or destruction. Masters shall be packaged and mailed separately from the duplicates to prevent chemical damage to the masters and to reduce the risk of loss.

Case records staff shall determine if the used C-File folders are reusable. Serviceable folders shall be shipped to the nearest reception center for reuse and unserviceable folders discarded.

### 72030.7.7    Disposition of File Material After Microfiching

Upon completion of microfiching, the DGS or the State-approved local contractor shall be contacted to destroy the original file documents.

### 72030.8    Revisions

The Deputy Director, Institutions Division, or designee shall be responsible for ensuring that the contents of this article are kept current and accurate.

### 72030.9    References

PC § 2081.5.
DOM § 71020.

### ARTICLE 6 — DETAINERS

*Revised April 1, 1992*

### 72040.1    Policy

Detainers shall be processed in a uniform manner to ensure proper disposition.

### 72040.2    Purpose

This section sets forth the procedures for the uniform processing of detainers placed against inmates by other agencies or those placed with another agency by the Department.

### 72040.3    Detainers

Detainers are written documents received from any facility or law enforcement agency indicating that an inmate is wanted by that agency and specifies the basis for the detainer.

Detainers are placed by the Department on any inmate released to another agency prior to their parole or discharge date. These detainers are covered in the DOM 72040.10. Detainers may also be referred to as "holds "or "wants". However, they shall be referred to as "detainers" for this manual.

### 72040.4    Detainers From Other Agencies

A letter or FAX from any facility or law enforcement agency requesting that a detainer be placed on an inmate shall be considered sufficient authority for placement of a detainer.

If a detainer is received after an inmate has been released to parole or discharge, the following action shall be taken:

- If the detainer indicates felony offense and the inmate has been released to parole, case records staff shall telephonically notify the receiving parole regional office as soon as possible and shall send an omnifax copy of the detainer to the parole regional office within three working days.
- Case records staff shall also notify the detainer issuing agency by FAX or telephone as soon as possible advising them of the released person's status and the address of the supervising parole office. Within three working days after notification, the detainer shall be returned by USPS to the issuing agency.
- If the inmate has been released to discharge, the case records staff shall notify the issuing agency by telephone or FAX of the released person's status and return the detainer by USPS.
- If the detainer indicates other than a felony offense, the detainer shall be returned by USPS to the issuing agency within three working days after notification advising them of the released person's status. In the case of parolees, the issuing agency shall be advised of the address of the supervising parole office.
- All such actions shall be entered in the holds/warrants/detainers (HWD) log.

Unless authorized by the Director, no employee of the Department shall request that a detainer be lifted or make an appeal on behalf of an inmate.

If a justifiable hardship is placed on an inmate because of the continuance of a detainer, the Warden shall present a factual statement concerning the circumstances to the Director. Further action shall be taken only with the Director's approval.

### 72040.5    HWD System

The HWD system ensures that information regarding any specific or potential detainer is recorded and called to staff attention within four hours of receipt to determine what effect, if any, the hold might have on the inmate's custody.

#### HWD Coordinator

A correctional case records specialist (CRS) shall be designated as the HWD coordinator and shall be under the direct supervision of the correctional case records supervisor (CCRS).

#### CCRS

In the absence of the HWD coordinator, the CCRS shall be the HWD coordinator. They shall also review, for completeness and accuracy, the HWD log weekly as well as sign each line entry of the log.

#### Designated HWD Evaluator

Designated staff are responsible for evaluating holds and determining whether or not immediate action is necessary. This action may include notifying the watch commander for consideration of higher custody placement and/or notifying the Correctional Counselor or C&PR for casework follow-up. This decision shall be recorded on the CDC Form 850, Detainer Summary, under section "Initial Action Taken" and signed.

- Designated staff shall also review detainers received on inmates temporarily housed (en route and out-to-court), as the receiving facility may no longer be appropriate based on the offense. In such cases, the C&PR at the receiving facility shall be contacted.

The Warden or RPA is authorized to designate staff to evaluate detainers. However, this responsibility shall not be sub-delegated. Those delegated to evaluate detainers shall come from one of the following staff positions:

- C&PR
- Watch Commander
- Captain
- Captain/AW
- Assistant RPA
- CC-II

The designated evaluator shall immediately restrict the inmate's movement to ensure the security of the facility and the public if the evaluation warrants.

_**Note**_: The title of the position designated shall be submitted to the Deputy Director, Institutions, with a copy to the LAD-PMU.

### 72040.5.1    Responsibility

The following positions have certain responsibilities to ensure that the detainer system works accurately:

#### Mail Room Supervisor

The mail room supervisor shall establish a procedure to ensure that all correspondence to the facility which may include actual or potential hold

Ex. N-146

# EXHIBIT O

- The date of receipt by the other jurisdiction after sentencing by California.
- The date of sentencing in California if the subject was not present.

The term's start date shall be the same as the received date except for probation revocation cases.

The term's start date on probation revocation cases shall be the date the inmate was originally received by the other jurisdiction.

The CDC Form 112 shall be posted as follows.

Example:

- 01/01/73-Received at Colorado State Prison.
- (Date of Detainer)-Colorado State Prison designated as place of reception on this term pursuant to PC2900.
- 01/01/74-Received at NRC-CMF (transfer from Colorado State Prison).

**72020.7        Revisions**

The Director, Division of Adult Institutions, or designee shall be responsible for ensuring that the contents of this article are kept current and accurate.

**72020.8        References**

PC §§ 1170(a)(2), 1170.2(a), 1203.03, 1389, 2081.5, 2082, 2900, 2901, 3058.5, 4007, and 4016.5(d).

GC §§ 19853.

Government Claims Board Section 776.

**ARTICLE 5 — CENTRAL FILE AND TRANSFER OF RECORDS**

*Revised April 1, 1992*

**72030.1        Policy**

Uniform records shall be maintained on persons under the jurisdiction of the Department.

**72030.2        Purpose**

This section sets forth the procedures for the uniform preparation of an inmate's C-File and other departmental records pertaining to an inmate.

**72030.3        C-File**

The C-File is the central depository for copies of all documents, correspondence, and reports pertaining to each inmate.

A C-File is inaugurated for each new inmate upon admission in the Department.

**72030.4        Filing Order**

The C-File is divided into 11 sections.  Specific items are designated to be filed in respective sections.

Like documents shall be grouped together in chronological order, most recent information on top.

**72030.4.1        Case Summary Section**

- CDC Form 261, Order of Filing.
- CDC Form 112, Chronological Inmate History.
- Legal status sheet.
- Case summary/POR or police report if POR is not available.
- Latest report to paroling board.
- CI&I/FBI SSCHs.
- Other related forms and documents.
- PC 1203.03 reports.
- PC 1170(d) reports.
- CDC Form 916, Time Credit Waiver.

**72030.4.2        Legal Documents Section**

- CDC Form 1151, Legal Status Audit Sheets.
- CDC Form 1130, LPU DocumentTransmittal.
- CDC Form 819, Personal/Confidential Information Disclosure/Access Log.
- Minute Order.
- Abstract of Judgment.
- Court remittitur(s).
- Court decisions.
- Sentencing transcript.
- PC 1203.01 statements.
- Information.

- Legal correspondence.
- CDC Form 123, Body Receipt.
- Other related forms and documents.
- CDC Form 138, Fingerprint Card(s).

**72030.4.3        Classification Section**

- CDC Form 262, Custody Classification - Assignment.
- CDC Form 840, Reclassification Score Sheet.
- CDC Form 812, Notice of Critical Case Information – Safety of Persons.
- CDC Form 812-A, Notice of Critical Information – Prison Gang Identification.
- CDC Form 812-B, Notice of Critical Information – Disruptive Group Identification.
- CDC Form 128-B-1, Notice of Classification Hearing.  (Filed on a CDC Form 108-A, Chrono Sheet - Classification.)
- CDC Form 114-D, Order and Hearing for Placement in Segregated Housing.
- CDC Form 839, Classification Score Sheet.
- CDC Form 108-A, Chrono Sheet - Classification (all CDC Form 128-G Chronos).
- Other related forms and documents.

**72030.4.4        Disciplinary Section**

- CDC Form 804, Notice of Pending CDC 115.
- CDC Form 115s, Rules' Violation Reports and attached Incident Reports.
- CDC Forms 629-A, Segregation Housing Unit (SHU) Term of Initial Confinement, and 629-B, Redetermination of SHU Confinement Term.
- DA response.
- Other incident reports.

**72030.4.5        General Chronos Section**

- CDC Form 108, Chrono Sheet - General (CDC Form 128-A).
- CDC Form 958, Application for Restoration of Credit.
- CDC Form 108, Chrono Sheet – General (SOMS - Notification in Case of Inmate Death, Serious Injury, or Serious Illness and all CDC Form 128s except for A, B-1, E and G).
- CDC Form 109, Chrono Sheet - Work Reports (all CDC Forms 101 and 128-E Chronos).
- Other related forms and documents.

**72030.4.6        Miscellaneous Section**

- CDC Form 191, Inmate Time Cards and Time Chronos (taped on an 8" x 11" sheet of paper).
- CDC Form 602, Inmate/Parolee Appeal Form.
- Miscellaneous correspondence.
- CDC Form 345, Power of Attorney and Authorization for Deposit.
- CDC Form 601, Temporary Community Leave Request.
- CDC Form 1604, Agreement to Participate in Community Work Furlough Program.
- Other related forms and documents.

**72030.4.7        Detainers Section**

- CDC Form 850, Detainer Summary.
- Detainers (all documents related to specific detainers together).
- All nonconfidential notices.
- Advance release notices.
- Other related forms and documents.

**72030.4.8        Parole Section**

- Parole violation/activity reports.
- CDC Form 102, Statement Release.
- CDC Form 1515, Notice and Condition of Parole.
- DOJ Form SS 8047, Notice of Registration Requirement.
- CDC Form 611, Release Program Study.
- Other related forms and documents.

Ex. O-148

**72030.4.9        BPT and NAEA Section**

- Addenda.
- Permanent addenda.
- Board decision forms.
- BPT /NAEA  Appeals.
- Board generated psychiatric reports.
- Other related forms and documents.
- Like documents grouped together.

**72030.4.10        Microfiche Section**

- Microfiche duplicate copy of previously filmed records.

**72030.4.11        Confidential Section**

- Confidential file folder containing material designated as confidential.

**72030.5        Movement of Records**

All inmate case records, C-File, subsidiary records, and inmate records' cards shall be moved with the inmate at time of transfer.

**72030.5.1        Transfers**

See DOM 72010 for use and preparation of CDC Form 134, Records Transfer Check Sheet.

- The facility case records office shall provide an advance transfer notice to each facility department of the names and identification numbers of each inmate scheduled for transfer.
- The notice shall include the inmate's destination, date, and time of transfer, and the date and time the records are required to be delivered to the case records office.
- Each facility department shall deliver to the case records office their respective records at the time stated.
- In the event of emergency transfer and/or time does not permit advance written notice, case records staff shall telephone the departments and request immediate delivery of the records.
- The sending facility/parole region shall affix all material in C-File prior to transfer.
- All case records for each inmate shall be transferred with the inmate to the receiving facility, except as provided in DOM 72030.7.
- Legal documents and worktime records received after the case records have been transferred shall be forwarded expeditiously by First Class Mail to the CCRM of the receiving facility.
- Parole violators will have files returned from parole regions to the receiving facility as provided in DOM 75010.14.3.

**72030.6        Transfer of ID Cards**

*Revised December 14, 2012*

The receiving and release (R&R) sergeant of the sending facility shall collect and process inmates' identification cards.

Cards are retained for immediate return to the inmate upon arrival at the receiving facility.

The receiving facility shall ascertain that all ID cards have been delivered by the transporting staff and are returned to the inmates upon arrival at the facility.

**72030.7        Transfers Out-to-Court**

*Revised October 2, 1992*

When an inmate is transferred to another facility for out-to-court release, the following listed records only shall be transferred with the inmate:

- CDC Form 103-B Card.
- Health Record (medical/psychiatric file).
- CDC Form 120, Visiting Records Card.
- Chrono or memos setting forth any special handling or needs.
- Photocopy of transfer FAX or removal order.
- Photocopy of last CDC Form 128-G.
- Photocopy of CDC Form 812/812(a)/812(b).
- Photocopy of CDC Form 839/840.
- Photocopy of up-to-date legal status summary.
- Photocopy of current Abstract of Judgment(s).
- CDC Form 801, Departmental Detainer.
- Two photographs.

The records shall be placed in a manila envelope clearly labeled with the inmate's name and CDC number.

All other case records shall be retained at the sending facility/region (community correctional facility cases).

Sending facility staff shall be responsible for all casework and term computations.

The en route facility shall ensure that any body receipts, court documents, or any other case material is forwarded with the inmate at the time of their return to the sending facility.

**72030.7.1        Parole/Discharge While Out-to-Court**

If an inmate paroles/discharges while out-to-court, the sending facility shall notify the en route facility and the holding law enforcement agency to remove the Department's detainer.

The sending facility shall notify the parole unit and region staff of the change in status and the parolee's location.

Both facilities shall ensure that all of the inmate's records are forwarded to the designated region case records office.

If the inmate discharges while out-to-court, the en route facility shall return all of the records to the sending facility where they shall be retained in hard copy one year and then processed as in DOM 71020.5.4.

Both facilities shall ensure that all of the inmate's records are forwarded to the sending facility.

**72030.7.2        Paroled Cases**

*Revised October 2, 1992*

When an inmate is released to parole, all case records shall be forwarded to the appropriate region case records office no later than 10 working days after release.

Facility departments shall review the daily movement sheet each day and shall immediately forward the records of each released inmate to the case records office.

**Miscellaneous File Material**

Miscellaneous file material received in the case records office, after the records have been forwarded to the region case records office, shall be screened by supervisory staff.  Only material that may affect the security of the facility or inmate shall be forwarded to the region for filing.

A CDC Form 134 shall be prepared and completed.

All records for each inmate shall be secured together for packaging and shipping.

**Legal Documents**

Legal documents received after the records have been forwarded shall be expeditiously mailed by first-class mail to the CCRM of the appropriate parole region.

**72030.7.3        Discharged Cases**

*Revised October 2, 1992*

Region case records staff shall microfiche each inmate's/parolee's records within 30 days of discharge.

Records of all inmates/residents discharged directly from the facility shall be forwarded to the appropriate region to be microfiched.

| Region I | Region II | Region III | Region IV |
|----------|-----------|------------|-----------|
| FSP | SQ | CCI | RJD |
| MCSP | CTF | COR | CVSP |
| CCC | PBSP | CIM | CRC |
| NCWF | DVI | NKSP | CIW |
| SCC | ASP | WSP | CMC |
| CMF | CCWF | | LAC |
| SOL | VSPW | | CAL |
| | | | ISP |

If the microfiching is contracted to a private vendor, the region case records office shall ensure that the records are processed and forwarded to the Archives Unit.

The microfiche format shall follow the order of filing for C-Files.

File material from satellite records, visiting, education, etc., which are included in the C-File, shall be microfiched on the appropriately designated or miscellaneous microfiche.

**Not to be Microfiched**

The following records shall not be microfiched and the hard copies of these files shall be forwarded to the Archives Unit with the microfiches of the C-File:

- Medical and psychiatric files.

Ex. O-149

# EXHIBIT P

STATE OF CALIFORNIA
CDC 261 (Rev. 12/02)

DEPARTMENT OF CORRECTIONS

# ORDER OF FILING

**A. CASE SUMMARY:**
1. CDC 261, Order of Filing
2. CDC 112, Chronological History
3. Legal Status Summary with applicable Calculation Sheets
4. CDC 916, Time Credit Waiver (PC Section 2934)
5. CDC 1816, Notification of Credit Earning Ineligibility-PC Section 2933.5
6. Probation Officer's Report (POR) and/or PC Section 1203.01 statement on all active cases, Police/Arrest Reports in lieu of POR
7. Social Factors
8. Institutional Staff Recommendation Summary (ISRS)
9. CDC 816, Reception Center ReAdmission Summary
10. Penal Code Section 1170(d) Reports
11. Penal Code Section 1203.03 Reports
12. Penal Code Section 3002 Reports
13. Other related forms and documents

**B. LEGAL DOCUMENTS:**
1. CDC 801, Notice of Detainer (retain while inmate is out to court; purge upon return) and Removal Order (move to Other related forms and documents upon inmate's return)
2. CDC 1130, LPU Documents Transmittal (when court responds, file with legal correspondence below)
3. CDC 1151, Audit Checksheet
4. CDC 819, IPA Personal Information Disclosure Log
5. CDC Forms 1497 & 1497-A, Inmate Restitution Collection (most recent on top)
6. Minute Order
7. Abstract of Judgment
8. Appellate Court Decision
9. Court Remitters
10. Sentencing Transcript
11. CDC 1840, Time Credit Notice
12. Information/Complaint
13. Legal correspondence
14. Discharge Cases (under divider sheet)
15. CDC 123, Body Receipts on drop
16. FD-249, Fingerprint Cards on drop
17. BCII 8208, Record Error Correspondence & BCII 8105 CDC Additional Commitment (under fingerprint cards on drop)
18. CDC 7377 or CDC 1884 SVP Screening, SVP memos & information on drop
19. Other related forms and documents

> Documents (6-13) grouped together by case number, most recent case on top.
>
> Use CDC Form 3020-A, File Divider, Legal Section for each case number.
>
> When case numbers are combined on one AOJ, place all documents for the case numbers under one File Divider in the order of the case numbers on the AOJ.
>
> When a case number is discharged, enter the discharge date on the bottom of the CDC Form and move all documents and the divider to the assigned location.

**C. CLASSIFICATION:**
1. CDC 262, Custody Classification-Assignment Sheet
2. CDC 841, Readmission Score Sheet; CDC 840, Reclassification Score Sheet; CDC 839, Classification Score Sheet
3. CDC 8021, Foreign Treaty & CDC 830, Transfer Treaty
4. CDC 830, Transfer Questionnaire
5. CDC 802, Interstate Compact
6. MSF/CCRC Screening Form
7. CDC 812, 812-A and/or 812-B, Notice of Critical Case Information
8. CDC 128-B1, Notice of Classification Hearing on CDC 108-A, Chrono Sheet- Classification
9. CDC 114-D, Order and Hearing Placement in Segregated Housing
10. CDC 816-A, Detention Processing Unit
11. All CDC 128-G Chronos/transfer teletypes on a CDC 108-A, Chrono Sheet-Classification
12. Other related forms and documents

> Place all CDC Forms 839/840/841 under a CDC Form 3020-B, File Divider

> Place all CDC Forms 812 under CDC Form 3020-C, File Divider

**D. DISCIPLINARY:**
1. CDC 804, Notice of Pending CDC 115 (Purge upon receipt of corresponding.CDC Form 115)
2. CDC 115, Rules Violation Reports w/attached Incident Reports; CDC 629-A, 629-B, 1879, 1030 and DA responses
3. Other Incident Reports
4. CDC 128-As on CDC Form 109-A, Chrono Sheet Disciplinary
5. Other related forms and documents

**E. GENERAL CHRONOS:**
1. CDC 1845, Disability Verification
2. CDC 1882, Initial Housing Review
3. CDC 1882-A, General Population Double Cell Review
4. CDC 1882-B, ASU/SHU Double Cell Review
5. CDC 128-C Chronos on a CDC 109-D, Chrono Sheet-Medical
6. All CDC 128s (except for those pertaining to classification, disciplinary, medical, education and work) on a CDC 108-Chronological Record
7. All CDC 101 and 128-E, F, L, M Chronos on a CDC 109 Work Report/Education
8. CDC 191, Timecards on drop
9. Other related forms and documents

> Like documents grouped together, most recent date on top, and in the order specified

**F. MISCELLANEOUS:**
1. CDC 127, Notification in Case of Inmate Death, Serious Injury or Serious Illness-always place on top
   CDC 602, Inmate/Parolee Appeal with attached CDC 1031, 1032, 1033 Computation Review Hearing
   CDC 7219, Medical Report of Injury or Unusual Occurrence
   Requests for Inmate Name Change
   CDC 601, Temporary Community Leave
   CDC 1604, Work Furlough Release
   CDC 1872, Joint Venture
   CDC 415/415-E, Community Prisoner Mother Program
   CDC 1890, Voluntary Placement Agreement Family Foundation Program
   CDC 345, Authorization for Director to Maintain Trust Account
   Miscellaneous correspondence
   Inactive case(s) Legal Status Summary, Cum Sum and Time collection on Same Inmate Number
   Other related forms and documents

> Place documents in this section in the order received except for CDC Form 127 and Discharged Cum Sums/Time Collections. Place Discharged Cum Sums/Time collections under a divider sheet.

**G. DETAINERS:**
1. CI&I and FBI rap sheets
2. CDC 850 & CDC 850B, Detainer Summary & CDC 850A, USINS Detainer
3. Detainers (all documents related to a specific detainer together)
4. CDC 661, Inmate Notification & Agency Acknowledgment of Detainer Receipt
5. PC 1381/1389, Demand for Trial
6. CDC 616, Request for Disposition of Probation Waiver
7. CDC 1704, Request for Transfer in re Stoliker
8. CDC 1899, Waiver of Court Appearance-Return to Sending State
9. CDC 863, Notice of Release to Parole

DETAINERS, continued on back

> Place all documents relating to a hold or notice under a CDC Form 3020-D, File Divider, in the order specified.

Ex. P-151

STATE OF CALIFORNIA
CDC 261 (Rev. 12/02)

DEPARTMENT OF CORRECTIONS

**DETAINERS continued:**
10. All Non-Confidential Requests and Notices of Release under CDC Form 3020-E, File Divider
11. CDC 1896, Request for Dismissal Pursuant to CA Vehicle Code Section 41500
12. Other related forms and documents

H.   **PAROLE:**

Death Certifications-Death Certificate or Coroners' Report or Proof of Death Letter or CDC 1502
Discharge Documents
Parole Violation/Activity (Parole Incident) Reports
Parole Outpatient Clinic Report
CDC 1018, Notice of Return to Prison
CDC 102, Release Statement and Clothing Authorization
CDC 1515, Notice and Conditions of Parole
CDC 1121, Notice of Release Date and Residence Plan
CDC 611, Release Program Study
CDC 1868, Substance Abuse Program
Notice of Registration Requirement (SS8047, SS8048, SS8049)
Other related forms and documents

> Place documents in this section in the order received,
> most recent date on top.

I.   **BPT AND NAEA:**
A.   MENTALLY DISORDERED OFFENDERS (MDO)  Place documents under CDC Form 3020-F, File Divider
1.   BPT 1135, Miscellaneous Decision
2.   MDO Screening form
3.   BPT 1073, 1073A, 1073(b), 1074, Reasonable Accommodation Forms
4.   BPT 1400, Certification Review
5.   BPT 1410(a), Notice of Right to Certification Hearing-Acknowledgment
6.   BPT 1415, Summary of Mentally Disordered Offender Hearing-Decision
7.   BPT 1420(a), Notice of Right to Placement Hearing-Acknowledgment
8.   BPT 1460(a), Notice of Right to Annual Review Hearing-Acknowledgment
9.   BPT 1470, Waiver of Appearance Mentally Disordered Offender Hearing

> Use the appropriate File Divider to separate
> the parts of this section.
>
> Documents to be grouped in specified order
> by action/hearing date, most recent hearing
> date on top.

B.   SEXUALLY VIOLENT PREDATORS (SVP)  Place documents under CDC Form 3020-G
1.   SVP BPT 1103A, Summary of Probable Cause Hearing
2.   BPT 1135, Miscellaneous Decision, SVP BPT actions for holds or hearings
3.   BPT 1073, 1073A, 1073(b), 1074, Reasonable Accommodation Forms
C.   PAROLE VIOLATIONS  Place documents under CDC Form 3020-H
1.   BPT 1135, Miscellaneous Decision
2.   BPT 1103, Summary of Revocation Hearing and Decision
3.   BPT 1104, Summary of Revocation Decision:  Hearing Waived/Screening Offer
4.   BPT 1104(b), Parolee-Attorney Decision Form
5.   BPT 1104(c), Inmate/Parolee Waiver Form
6.   BPT 1080, Notice of Date, Time and Place of Hearing
7.   BPT 1101, Waiver of Revocation Hearing
8.   BPT 1101A, Parole Revocation/Extension Hearing-Waiver of Appearance
9.   BPT 1102, Absconders Arrested Out of State: Waiver of Extradition and Waiver of Revocation Hearing
10.  BPT 1102A, Absconders: Waiver of Personal Appearance at Revocation Hearing Parolee-at-Large:  Time Lost
11.  BPT 1102B, Waiver of Hearing Right:  Participation in Live-In Program as a Special Condition of Parole
12.  BPT 1104A, Screening Offer Statement
13.  BPT 1079, Request for Interpreter
14.  BPT 1083, Attorney Determination
15.  BPT 1100(b), Request for Witness
16.  BPT 1073, 1072A, 1073(b), 1074, Reasonable Accommodation Forms
17.  BPT 1100(a), Notice of Right to Revocation Hearing-Acknowledgment
18.  BPT 1100(d), Notice of Probable Cause Hearing-Acknowledgment
19.  BPT 1101B, Waiver of Revocation Extension Hearing
20.  BPT 1120, Revocation/Extension Hearing: Reasons for Reschedule or Cancellation
21.  BPT 1135A, Report of In-Custody Misconduct
22.  BPT 1130, Central Office Calendar Decision
23.  CDC 872, Parole Revocation Proceedings Report-Psychiatric Treatment; CDC 872A, Psychiatric Treatment, Continued
24.  CDC 873, Evaluation for Parole Revocation for Psychiatric Treatment
25.  Other related forms and documents
D.   APPEALS  Place documents under CDC Form 3020-I
1.   BPT 1041, Appeals Unit Decision on Appeal
2.   BPT 1043, Inmate/Parolee Appeals Screening
3.   BPT 1074, Review of Reasonable Accommodation Request and Grievance Process
4.   BP 1040, Appeal
E.   LEGAL STATUS REVIEW  Place documents under CDC Form 3020-J
1.   BPT 1053, Petition for Legal Status Review Hearing
F.   LIFE PRISONERS  Place documents under CDC Form 3020-K
1.   BPT 1016, Summary Of Rescission Hearing and Decision
2.   BPT 1017, Summary Of Rescission Hearing and Decision-Non Disciplinary
3.   BPT 1015, Notice of Right to Rescission Hearing
4.   BPT 1137, Five Year Denial Review
5.   BPT 1001, Life Prisoner Decision Face Sheet
6.   BPT 1001A, Life Prisoner Hearing-Extraordinary Action and Decision
7.   BPT 1000, Life Prisoner Parole Consideration Worksheet
8.   BPT 1005, Life Prisoner:  Parole Consideration Proposed Decision
9.   Lifer Board Reports
10.  Psychiatric Reports
11.  Letters of support/opposition
12.  BPT 1073, 1073A, 1073(b), 1074, Reasonable Accommodation Forms
13.  BPT 1087, Notice of Hearing, Date Change
14.  BPT 1087A, B, C, Notice of Hearing & Responses
15.  BPT 1009, Life Prisoner:  Documentation Hearing
16.  Other related forms and documents

J.   **MICROFICHE ON ACTIVE CDC NUMBER**
K.   **MICROFICHE & HARD COPY of Discharged Files**
L.   **AD SEG:**  Manila Folder containing CDC 114As
M.   **CONFIDENTIAL** (includes PC 3058.8, BPT 1087D, CDC 812-C):  folder attached to inside of back cover
N.   **PHOTOGRAPHS:**  Attached to inside of back cover

**Ex. P-152**

# EXHIBIT Q

# Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

**ALERT**

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|---|---|---|
| 1 | CDC 804 Notice of Pending Disciplinary | Date of In-Custody Misconduct (CDC 115) |
| 1 | Factually Innocent | Scan Date |
| 2 | Workgroup F Multiple Credit Earnings – Manual Calc Required | Scan Date |
| 2 | Litigation Pending (Attorney General) | Scan Date |
| 2 | 1170 (d) Alert | Scan Date |
| 3 | Public Interest Case | Scan Date |
| 4 | LPU Court Mail Received | Scan Date |
| 5 | New Legal Documents Scanned-SOMS Entry Required | Scan Date |
| 6 | DRB Controlled Case | Date of DRB Action |
| 7 | Dual Jurisdiction | Scan Date |
| 9 | Do Not Transfer/Parole Notices | Scan Date |
| 10 | MDO/SVP Pending | Scan Date |
| 11 | PC 2602 Notification | Date of Hearing |
| 13 | Victim Witness | Scan Date |
| 14 | BPH Parole Grant | Scan Date |
| 15 | BPH Hearing Scheduled | Scan Date |
| 16 | In Re Thompson Case | Scan Date |
| 17 | PC 1203.03 Diagnostic (Z) Case | Scan Date |
| 18 | County Boarder | Received Date |
| 19 | Pending Proof of Death Documentation | Scan Date |
| 20 | NVSS Potential Referral to BPH | Scan Date |
| 21 | Youthful Offender Program (YOP) | Scan Date |
| 22 | Restricted File | Scan Date |
| 23 | Other Special Alerts | Scan Date |

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|---|---|---|---|
| Disabled | Litigation Closed | Never Enabled | EPT Use Only |
| Disabled | Merge/Unmerge | Never Enabled | EPT Use Only |

Rev. 7/29/2019

**Ex. Q-154**

# Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

### CASE SUMMARY (CASE SUM)

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|-------|---------------|---------------|
| 1 | CDC 112 Chronological History - eForm | Date eForm Created |
| 4 | Calculation Worksheets | Date Form Completed |
| 5 | CDC 916 Time Credit Waiver (PC 2934) | Date Waiver effective |
| 8 | Probation Officer's Report (POR) | Date Approved by Probation |
| 9 | PC Section 1203.01 Statement | Date Court Filed |
| 10 | Police/Arrest Reports in lieu of POR | Date of Report |
| 15 | PC Section 1170(d) Reports | Document Date |
| 16 | PC Section 1203.03 Reports | Document Date |
| 17 | PC Section 3002 Reports | Date of Report |
| 18 | CDC 3017 Relevant Central File Information - eForm | Date Created |
| 19 | Individual Change Plan (DJJ) | Document Date |
| 20 | Other related forms and documents | Document Date |
| 21 | Pre 1984 Microfiche | Scan Date |
| 22 | Backfile Orphans  (Discharge files only) | Document Date |
| 23 | Backfile | Scan Date |
| 24 | No Backfile Documents for this section | Scan Date |

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|--------|---------------|------------|--------|
| Discontinued | Legal Status Summary/Discrepant Message/Warning | AUG 2013 | Data/Form in SOMS |
| Discontinued | Parole Violator Legal Status Summary | AUG 2013 | Data/Form in SOMS |
| Discontinued | Social Factors | AUG 2014 | Data/Form in SOMS |
| Discontinued | Institution Staff Recommendation Summary (ISRS) | AUG 2014 | Data/Form in SOMS |
| Discontinued | COMPAS Risk Assessment | DEC 2014 | No longer used |
| Discontinued | CDC 816 Reception Center Readmission Summary | AUG 2014 | Data/Form in SOMS |
| Disabled | CDC 1810 Notice of Credit Earning Ineligibility PC 2933.5 | DEC 2011 | No longer used |
| Disabled | CDC 1840 Time Credit Notice Civil Addict | DEC 2011 | No longer used |

Rev. 7/29/2019

**Ex. Q-155**

**Electronic Records Management System (ERMS)**
**Document Types/Dates for Scanning and Disabled/Discontinued Documents**

**LEGAL**

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|-------|---------------|---------------|
| 3 | Audit Checklist | Date of Audit (SOMS Link to Case Notes) |
| 4 | CDC 819 IPA Personal Information Disclosure Log | Scan Date |
| 6 | Restitution Hearing Documents | Date Court Filed & Case# |
| 7 | Minute Order | Date Court Filed & Case # |
| 8 | Amended Abstract of Judgment | Date Court Filed & Case # (SOMS Link to Commitment) |
| 9 | Abstract of Judgment | Date Court Filed & Case # (SOMS Link to Commitment) |
| 10 | Plea Agreement | Scan Date |
| 11 | Appellate Court Opinion | Date Court Filed & Case # |
| 12 | Court  Remittiturs | Date Court Filed & Case # |
| 13 | Sentencing Transcript | Date Court Filed & Case # |
| 14 | Change of Plea Transcript | Date Court Filed & Case # |
| 15 | Information/Complaint | Date Court Filed & Case # |
| 16 | PC 2602 Order & Decision on Petition for Involuntary Medication | Date Signed by Judge |
| 17 | Legal correspondence | Date of Correspondence |
| 17 | CDCR 2004 CA DL/ID Card Fee Waiver for Exonerated Persons | Document Date |
| 18 | PC 1203.03 Order of Placement | Date Court Filed & Case # |
| 20 | Removal Order/Order to Produce | Date Signed by Judge |
| 21 | Body Receipts | Document Date |
| 22 | CDC 7377, CDC 1884 SVP Screening & Memos | Date of Review or Memo |
| 23 | CDC 3017 Relevant Central File Information - eForm | Date Created |
| 24 | YA 1.120 Correction of Records | Document Date |
| 25 | YA 1.411 Referral Document | Document Date |
| 26 | YA 1.611 Jurisdiction/Authorized Confinement Record | Document Date |
| 27 | Other related forms and documents | Document Date |
| 28 | Pre 1984 Microfiche | Scan Date |
| 29 | Backfile Orphans  (Discharge files only) | Document Date |
| 30 | Backfile | Scan Date |
| 31 | No Backfile Documents for this section | Scan Date |

Rev. 7/29/2019

**Ex. Q-156**

## Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|--------|---------------|------------|--------|
| Discontinued | CDC 1130 LPU Document Transmittal | AUG 2013 | Data/Form in SOMS |
| Disabled | CDC 1497, CDC 1497-A Restitution Forms, TRACS Printouts | AUG 2013 | Data/Form in SOMS |
| Disabled | CDCR 343, 344, 344A Recommendation & Cert of Discharge | JUL 2014 | Program ended |

Rev. 7/29/2019

**Ex. Q-157**

## Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

**FINGERPRINT CARDS (FP)**

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|-------|---------------|---------------|
| 1 | Fingerprint Card | Date of Official Taking Fingerprints |
| 2 | BCII 8420 Record Error Correspondence | Date Form Completed |
| 2 | CDCR Custody Cycle Correction/Error Form | Date Form Completed |
| 3 | BCII 8105 CDC Additional Commitment | Date Form Completed |
| 4 | Other related forms and documents | Document Date |
| 5 | Backfile | Scan Date |
| 6 | No Backfile Documents for this section | Scan Date |

**CLASSIFICATION (CLASS)**

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|-------|---------------|---------------|
| 2 | DRB Referral Memorandum | Date of Memorandum |
| 6 | CDC Corrected Score Sheets, CDC 839, 840, 841-Grouped | Date of most recent corrected scoresheet |
| 7 | Foreign Consulate & Prisoner Transfer Treaty Notification | Date Signed by Inmate |
| 8 | CDC 830 Transfer Questionnaire | Date Signed by Inmate |
| 9 | CDC 802/294 Interstate Compact/FBP Placement Agreement | Date Signed by Inmate |
| 20 | Administrative Segregation Unit Placement *(formerly 114D)* | Date of ASU Placement |
| 23 | CDC 128-G1 STG UCC Results of Hearing | Date of Chrono |
| 24 | Transfer teletypes | Date of Teletype |
| 25 | CDC 3017 Relevant Central File Information - eForm | Date Created |
| 26 | DJJ Classification Decision Tree | Document Date |
| 27 | Other related forms and documents | Document Date |
| 28 | Pre 1984 Microfiche | Scan Date |
| 29 | Backfile Orphans  (Discharge files only) | Document Date |
| 30 | Backfile | Scan Date |
| 31 | No Backfile Documents for this section | Scan Date |

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|--------|---------------|------------|--------|
| Discontinued | CDC 262 Custody Classification-Assignment Sheet | AUG 2014 | Data/Form in SOMS |

Rev. 7/29/2019

**Ex. Q-158**

# Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

| Discontinued | CDC 839 Classification Score Sheet | AUG 2014 | Data/Form in SOMS |
|---|---|---|---|
| Discontinued | CDC 840 Reclassification Score Sheet | AUG 2014 | Data/Form in SOMS |
| Discontinued | CDC 841 Readmission Score Sheet | AUG 2014 | Data/Form in SOMS |
| Discontinued | MSF/CCRC/FRCCC Screening Form | AUG 2014 | Data/Form in SOMS |
| Discontinued | CDC 812/812STG Critical Case Info/Non-Confidential Enemies | AUG 2014 | Data/Form in SOMS |
| Discontinued | CDC 812-A Critical Case Info/Prison Gang ID | AUG 2014 | Data/Form in SOMS |
| Discontinued | CDC 812-B Critical Case Info/Disruptive Group ID | AUG 2014 | Data/Form in SOMS |
| Discontinued | CDC 128-B-1 Notice of Classification Hearing | AUG 2014 | Data/Form in SOMS, unless inmate refuses to appear and signs |
| Discontinued | CDC 1030 Confidential Information Disclosure | AUG 2014 | Data/Form in SOMS, unless as an attachment to another document |
| Discontinued | CDC 128-G Classification Chrono | AUG 2014 | Data/Form in SOMS |
| Disabled | CDC 2160 Drug Treatment Furlough Criteria Screening | DEC 2011 | No longer used |
| Disabled | COMPAS Case Plan Pilot | JAN 2015 | Pilot ended 2014 |
| Disabled | COMPAS Half Sheet | OCT 2012 | No longer used |
| Disabled | CDC 816A Detention Processing Unit | DEC 2011 | No longer used |

## DISCIPLINARY (DISC)

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|---|---|---|
| 2 | Rules Violation Report & Related Documents | Date of Violation (SOMS Link) |
| 3 | CDC 837 Incident Reports | Date of Incident |
| 4 | In-Custody Crime Scene Photos | Date of Incident (if known) (SOMS Link) |
| 6 | DA Referral or Referral Response | Scan Date |
| 7 | CDC 3017 Relevant Central File Information - eForm | Date Created |
| 8 | Other related forms and documents | Document Date |
| 9 | Pre 1984 Microfiche | Scan Date |
| 10 | Backfile Orphans  (Discharge files only) | Document Date |
| 11 | No Backfile Documents for this section | Scan Date |
| 12 | Backfile | Scan Date |

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|---|---|---|---|
| Discontinued | CDC 629-A, 629-B SHU Term Calc Worksheets | AUG 2014 | Data/Form in SOMS |
| Discontinued | CDC 128-A Disciplinary Chrono | MAR 2016 | Data/Form in SOMS |

**Ex. Q-159**

**Electronic Records Management System (ERMS)**
**Document Types/Dates for Scanning and Disabled/Discontinued Documents**

## GENERAL CHRONOS (GEN-CHRONOS)

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|-------|---------------|---------------|
| 1 | CDC 1845 Disability Verification | Date Signed by HCM/CMO |
| 2 | CDC 7410 Comprehensive Accommodation Chrono | Date Signed by HCM/CMO |
| 2 | CDCR 7536 Durable Medical Equip & Medication Supply Receipt | Date signed by Inmate |
| 3 | PREA Assessment Form (CBU Only) | Date of Screening |
| 4 | CDC 1882-B ASU/SHU Double Cell Review | Date of Approving Authority Signature |
| 8 | Developmental Disability Program Screening Results (128C-2) | Test Date |
| 10 | CDCR 128-D Dental Priority Classification Chrono | Date of Chrono |
| 11 | CDCR 128-MH Mental Health Chronos | Date Signed by Clinician/IDTT Date |
| 12 | CDCR 128-MH11 SHU Screening Chrono | Date Signed by Clinician |
| 13 | CDC 128-C Medical-Psychiatric-Dental Chrono | Date of Chrono |
| 15 | CDCR 128-C MDO Evaluation Chrono | Date of Chrono |
| 17 | CDCR 128-B Youth Offender Analysis | Date of Chrono |
| 17 | CDC 128B NV Eligibility Screening | Date of Chrono |
| 17 | CDC 128B NV Referral Decision | Date of Chrono |
| 17 | CDCR 128-B Transgender Biannual Assessment – PREA Chrono | Date of Chrono |
| 17 | CDCR 2226 Male Community Reentry Program Eligibility | Date of Chrono |
| 18 | CDC 128-B General/Information Chrono w/Photos | Date of Chrono |
| 18 | CDC 128-B General/Information Chrono | Date of Chrono (Barcode Link Rescind MCC's chrono to SOMS Credit Received/Lost) |
| 19 | CDC 128-B2 STG Validation/Rejection Review Chrono | Date of Chrono |
| 20 | CDCR 128-B3 STG Identification Score Sheet | Date Signed by Staff |
| 21 | CDCR 128-B STG2 Evidence Disclosure & Interview Notification | Date of Chrono |
| 21 | CDCR 128-B4 Evidence Disclosure & Interview Notification | Date of Chrono |
| 22 | CDCR 128-B STG3 Validation Chrono | Date of Chrono |
| 22 | CDCR 128-B5 STG Validation Chrono | Date of Chrono |
| 23 | CDCR 128B SDP Notice of Expectations (Steps 1-4) | Date Issued to Inmate |
| 23 | CDCR 128B SDP5 Notice of Conditions of Monitored Status | Date Served to Inmate |
| 24 | CDCR 128-B STG5 Renunciation of STG Affiliation, Assoc, etc. | Date of Witness Signature |
| 24 | CDCR 128-B6 Renunciation of STG Affiliation, Assoc, etc | Date of Witness Signature |
| 25 | CDCR 7480 Mental Health Due Process Chrono | Date Signed by Inmate |

Rev. 7/29/2019

**Ex. Q-160**

# Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

| 26 | Attorney Waiver Statement | Date of Inmate Signature |
|---|---|---|
| 27 | Out of State Placement Agreement | Date of Inmate Signature |
| 28 | CDCR 2234-MCRP Application & Voluntary Agreement | Date of Inmate Signature |
| 32 | CDC 3017 Relevant Central File Information - eForm | Date Created |
| 33 | CDC 128-O Document Report | Date Signed by Inmate |
| 34 | DJJ 8.271 Critical Factor Assessment for Determining Need  MH | Document Date |
| 35 | YA 1.506 Medical Report | Document Date |
| 36 | YA 8.280 Request for Blood/Saliva and Print Impressions | Document Date |
| 37 | CDCR 2260 Advisement of Expectations | Date of Staff  Signature |
| 38 | CDCR 2261 Step Down Program Progress Notes | Date of Review |
| 39 | Other related form and documents | Document Date |
| 40 | No Backfile Documents for this section | Scan Date |
| 41 | Pre 1984 Microfiche | Scan Date |
| 42 | Backfile Orphans  (Discharge files only) | Document Date |
| 43 | Backfile | Scan Date |
| 44 | Backfile Photo | Scan Date |

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|---|---|---|---|
| Discontinued | Initial Housing Review | AUG 2014 | Data/Form in SOMS |
| Discontinued | CDCR 128-C3 Medical Classification Chrono | AUG 2014 | Data/Form in SOMS |
| Discontinued | CDC 128-C TB Chrono | AUG 2014 | Data/Form in SOMS |
| Discontinued | CDC 128-B TABE Test Results Chrono | AUG 2014 | Data/Form in SOMS |
| Discontinued | CDC 101 Work Supervisor's Report | AUG 2014 | Data/Form in SOMS |
| Discontinued | CDC 128-E Vocation/Education Chronos | AUG 2014 | Data/Form in SOMS |
| Discontinued | CDC 128-D,F Education Chronos | AUG 2014 | Data/Form in SOMS |
| Disabled | CDC 1882-A General Population Double Cell Review | DEC 2011 | Discontinued use per Memo 5-9-2000. |
| Disabled | CDC 128-C-1 RC Medical Clearance Restriction Info Chrono | OCT 2014 | Data/Form in SOMS |
| Disabled | CDC 128-C-1A Women's RC Medical Clearance | OCT 2014 | Data/Form in SOMS |
| Disabled | PREA Assessment Form | FEB 2018 | Should not be scanned |
| Disabled | CDC 128B NV Offender Analysis | MAY 2018 | Form in BITS |

Rev. 7/29/2019

Ex. Q-161

**Electronic Records Management System (ERMS)**
**Document Types/Dates for Scanning and Disabled/Discontinued Documents**

### MISCELLANEOUS (MISC)

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|---|---|---|
| 1 | Notice of Inmate Death, Serious Injury/ Illness | Date Signed or Date Updated |
| Most Recent | Authorizations for Release of Information – File Disclosure/Media Contact | Document Date |
| Most Recent | CDC 1031 Acknowledgement of Receipt | Date signed by Inmate |
| Most Recent | CDC 1032 Notice of Computation Review Hrg | Date signed by Inmate |
| Most Recent | CDC 1750 Waiver Court Appearance Parental/Marital Rights | Date Signed by Inmate |
| Most Recent | CDC 1872 Joint Venture | Date Signed by Inmate |
| Most Recent | CDC 1890 Placement Agreement Family Foundation Program | Date Signed by Applicant |
| Most Recent | CDC 3017 Relevant Central File Information – eForm | Date Created |
| Most Recent | CDC 345 Authorization for Director to Maintain Trust Account | Scan Date |
| Most Recent | CDC 415/415A-E Community Prisoner Mother Program | Date Form Completed |
| Most Recent | CDC 601 Temporary Community Leave | Date of Authorization |
| Most Recent | CDC 602 Inmate/Parolee Appeal & Related Documents | Date Submitted By Inmate (most recent level) |
| Most Recent | CDC 7219 Medical Report of Injury/Unusual Occurrence *(when not attached to RVR)* | Date Form Completed |
| Most Recent | CDC 7252 Authorization of Temp Removal/Medical Treatment | Date Signed by Warden |
| Most Recent | CDCR 1074 Request for Correspondence Approval | Date of Supervising Authority Signature |
| Most Recent | CDCR 1824 Reasonable Modification or Accommodation Request | Date signed by Assoc. Warden |
| Most Recent | CDCR 2170 Inmate Transport and Guarding Assessment | Transport Date |
| Most Recent | Marriage/Birth Certificate | Scan Date |
| Most Recent | CDCR 3030 Religious Diet Request/Agreement | Date of Request |
| Most Recent | CAL-ID Screening Sheet | Date Signed |
| Most Recent | Miscellaneous correspondence | Document Date |
| Most Recent | Other related forms and documents | Document Date |

Rev. 7/29/2019

**Ex. Q-162**

## Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

| Most Recent | Certificate | Date of Certificate |
|---|---|---|
| Most Recent | Request for Inmate Name Change | Document Date |
| Most Recent | YA 7.423 High School Graduation Plan | Document Date |
| 3 | Pre 1984 Microfiche | Scan Date |
| 4 | Backfile Orphans  (Discharge files only) | Document Date |
| 5 | No Backfile Documents for this section | Scan Date |
| 6 | Backfile | Scan Date |

Rev. 7/29/2019

Ex. Q-163

# Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

**HOLDS WANTS DETAINERS (HWD)**

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|---|---|---|
| 1 | Notice of Detainer (Placed by CDCR) | Date scanned |
| 2 | Rap Sheets (CII/SID and/or Multi-source) | Date generated |
| 3 | Manual Rap Sheet | Date generated |
| 4 | Wanted Persons System Check | Date generated |
| 5 | Live Scan Agency Notifications | Scan Date |
| 6 | Restraining Order | Date generated |
| 9 | CDC 850A USICE Detainer Summary | Date of Original Action (SOMS Link) |
| 10 | Detainer & Drop Detainer Notifications | Date Detainer Placed/Dropped |
| 11 | Response to Detainer Inquiry | Date of Response/Signature |
| 12 | Inmate Notification of Detainer Receipt | Date signed by Inmate |
| 12 | CDCR 2003 Notification of ICE Interview | Date signed by Inmate |
| 13 | Cite and Release Order | Document Date |
| 14 | Notice and Demand for Trial | 1. Date signed by Inmate<br>2. Date signed by DA |
| 15 | Interstate Agreement on Detainers Forms | Date of Detainer |
| 16 | Request for Disposition of Probation & Waiver | Date of Warden signature |
| 17 | Request for Transfer-In Re Stoliker | Date of Custodial Authority signature |
| 18 | Waiver of Court Appearance-Return to Sending State | Date of Consent |
| 19 | Motion to Dismiss/Order of Dismissal | 1. Date of Memo<br>2. Date of Judge signature |
| 20 | CDCR 600 Wanted Person System Notification | Date scanned |
| 21 | CR-301 Warrant Request and Order | Date signed by Court |
| 22 | CR-302 Request and Order to Recall | Arrest Date |
| 24 | CDC 3017 Relevant Central File Information - eForm | Date Created |
| 25 | Certified Mail Return Receipts for HWD | Date signed by recipient |
| 26 | Police/Arrest Reports-Other (not related to CDCR active case) | Date scanned |
| 27 | Other related forms and documents | Date of document |
| 28 | Pre 1984 Microfiche | Date scanned |
| 29 | Backfile Orphans  (Discharge files only) | Date scanned |
| 30 | No Backfile Documents for this section | Scan Date |

Rev. 7/29/2019

**Ex. Q-164**

# Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

| 31 | Backfile | Date scanned |
|----|----------|--------------|

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|--------|---------------|------------|--------|
| Disabled | CII/SID Rap Sheets | OCT 2012 | CII/SID and Multi-source merged |
| Disabled | Multi-source Rap Sheet | OCT 2012 | CII/SID and Multi-source merged |
| Disabled | CDC 850 Detainer Summary (Unresolved) | APR 2012 | Data/Form in SOMS |
| Disabled | CDC 850 Detainer Summary (Resolved/No Hold) | APR 2012 | Data/Form in SOMS |

**Ex. Q-165**

# Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

### PAROLE (PAR)

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|---|---|---|
| 1 | Death Certification/Certificate & Related Docs or CDC 1502 | Date of Death |
| Most Recent | ACP Packet | Scan Date |
| Most Recent | CDCR 102 Release Statement & Clothing Authorization | Scan Date /Release Date |
| Most Recent | CDC 1524 Parolee At Large Report | Date Signed by Parole Agent |
| Most Recent | CDC 1524-A Parolee at Large Review | Date Signed by Parole Agent |
| Most Recent | CDC 1737 Extradition Data Worksheet | Date Arrested |
| Most Recent | CDC 1868 Substance Abuse Program | Scan Date |
| Most Recent | CDC 3017 Relevant Central File Information - eForm | Date Created |
| Most Recent | CDCR 863-MCRP Notice of Release to MCRP | Date Form Completed |
| Most Recent | CDCR 1420 Placement Acknowledgement Waiver | Date Signed by Staff |
| Most Recent | CDCR 1500 Parole Violation Decision Making Instrument | Arrest Date |
| Most Recent | CDCR 1502 Parole Violation/Activity Reports | Date of Unit Supervisor Signature |
| Most Recent | CDCR 1502-B Probable Cause Determination | Date signed by Parole Agent |
| Most Recent | CDCR 1502-DR Discharge Review Report | Date Signed by District Admin |
| Most Recent | CDCR 1515-CS Notice & Conditions of PRCS | Date of Parolee Signature |
| Most Recent | CDCR 1515-MP Conditions of Medical Parole | Date of Parolee Signature |
| Most Recent | CDCR 1515 Notice & Conditions of Parole/Addendum | Date of Parolee Signature |
| Most Recent | CDCR 1515-RCP ReEntry Court Program Special Conditions Parole | Date of Parolee Signature |
| Most Recent | CDCR 1649 Reporting Instructions | Date Signed by Parole Agent |
| Most Recent | CDCR 1659 Parole Assessments (when not attached to RPS) | Date of Unit Supervisors Signature (No longer used per IB 16-30) |
| Most Recent | CDCR 2218 Re-Entry Data Sheet | Document Date |
| Most Recent | CDCR 611, 611B  Release Program Study | Date Signed by C&PR **or** date correction is made w/ amended in Comments |

Rev. 7/29/2019

**Ex. Q-166**

**Electronic Records Management System (ERMS)**
**Document Types/Dates for Scanning and Disabled/Discontinued Documents**

|  |  |  |
|---|---|---|
|  |  | (Barcode Link Final to SOMS Release Plan) |
| Most Recent | CJIS 8046,8047,8048,8049 Notice of Registration | Date of Notification (Barcode Link to SOMS Legal Mandates) |
| Most Recent | County Supervision-Special Conditions of Release | Date of Parolee Signature |
| Most Recent | Court Revocation Order | Document Date |
| Most Recent | SVP Civil Commitment/Tolling Parole Period | Date Filed |
| Most Recent | CSRA Score Sheet | Date of Request |
| Most Recent | Discharge Documents | Document Date |
| Most Recent | DOJ Registration Letters | Date of Letter |
| Most Recent | Interstate Commission for Adult Supervision Forms | Date of Form |
| Most Recent | Non-Confidential Requests and Notices of Release (Non-SOMS) | Document Date |
| Most Recent | Notice to County of Change in Status for PRCS | Date Created |
| Most Recent | Program Referral Doc's (Community Action Plan, etc.) | Document Date |
| Most Recent | PRCS Checklists (Pre or Post) | Scan Date |
| Most Recent | Other related forms and documents | Document Date |
| 3 | Pre 1984 Microfiche | Scan Date |
| 4 | Backfile Orphans (Discharge files only) | Document Date |
| 5 | No Backfile Documents for this section | Scan Date |
| 6 | Backfile | Scan Date |

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|---|---|---|---|
| Discontinued | CDC 863 Non-confidential Notice of Release to Parole | AUG 2013 | Data/Form in SOMS |
| Discontinued | CDCR 1121 Notice of Release Date & Residence Plan | AUG 2013 | Data/Form in SOMS |
| Discontinued | CDCR 1233 Transfer Investigation Request Forms | JUN 2016 | Data/Form in SOMS |
| Discontinued | Parole Violation Packet | JUL 2013 | Refer to PVDTS |
| Discontinued | Supplemental Parole Violation Packets | JUL 2013 | Refer to PVDTS |
| Disabled | Static 99/99R or FSORA Forms | MAY 2014 | Does not belong in C-file |
| Disabled | CDC 1244 Parole Violation Dispositions | APR 2013 | Part of Field File |

Rev. 7/29/2019

**Ex. Q-167**

# Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

| Disabled | CDC 1650D Record of Supervision | APR 2013 | Part of Field File |
|---|---|---|---|
| Disabled | CDC 898 Cash Assistance Documents | APR 2013 | Part of Field File |
| Disabled | CDCR 1659 Parole Assessments | FEB 2012 | Should be scanned with 611 |
| Disabled | CDCR 2195 Non-revocable Parole Elig. Screening | JAN 2015 | NRP Discontinued |

## BOARD OF PAROLE HEARINGS (BPH)

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|---|---|---|
| 1 | Pre 1984 Microfiche | Scan Date |
| 2 | Backfile Orphans  (Discharge files only) | Document Date |
| 3 | No Backfile Documents for this section | Scan Date |
| 4 | Backfile | Scan Date |

## BOARD OF PAROLE HEARINGS (BPH)   - MENTALLY DISORDERED OFFENDERS (MDO)

| ORDER | DOCUMENT SUBTYPE | DOCUMENT DATE |
|---|---|---|
| Most Recent | BPH 1073 Reasonable Accommodation Forms | Date Signed by BPH Staff |
| Most Recent | BPH 1135 Miscellaneous Decision | Date of Decision |
| Most Recent | BPH 1400 Certification Review | Date Signed by Chief |
| Most Recent | BPH 1410 Notice of MDO Rights & Acknowledgement | Date Signed by Parolee |
| Most Recent | BPH 1415 Summary of MDO Hearing-Decision | Date of Hearing |
| Most Recent | BPT 1470 Waiver of Appearance MDO Hearing | Date Signed by Parolee |
| Most Recent | CDC 1685 MDO Hearing, Action or Status Change Notification | Date Signed by Parole Agent |
| Most Recent | CDC 3017 Relevant Central File Information - eForm | Date Created |
| Most Recent | MDO Screening Form - MDO 101 or CDCR 2244 | Date of Review |
| Most Recent | Psych Evaluations/Reports (PC 2962) | Date of Report |
| Most Recent | Other related forms and documents | Document Date |

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|---|---|---|---|
| Disabled | BPT 1420 (a) Notice of Right to Placement Hearing | DEC 2011 | No longer used |
| Disabled | BPT 1460 (a) Notice of Right to Annual Review Hearing | DEC 2011 | No longer used |

Rev. 7/29/2019

**Ex. Q-168**

**Electronic Records Management System (ERMS)**
**Document Types/Dates for Scanning and Disabled/Discontinued Documents**

### BOARD OF PAROLE HEARINGS (BPH) – SEXUALLY VIOLENT PREDATORS (SVP)

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|---|---|---|
| Most Recent | BPH 1135 Misc. Decision, SVP BPT actions for holds or hearings | Decision Date |
| Most Recent | CDC 3017 Relevant Central File Information - eForm | Date Created |
| Most Recent | Other related forms and documents | Document Date |

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|---|---|---|---|
| Disabled | BPT 1073, BPT 1073B Reasonable Accommodation Forms | DEC 2011 | No longer used |
| Disabled | BPT 1103A Summary of Probable Cause Hearing | DEC 2011 | No longer used |

### BOARD OF PAROLE HEARINGS (BPH) – BPH PAROLE VIOLATOR

| ORDER | DOCUMENT SUBTYPE | DOCUMENT DATE |
|---|---|---|
| Most Recent | BPT 1073 Reasonable Accommodation Forms | Date Signed by BPH Staff |
| Most Recent | BPT 1135 Miscellaneous Decision | Date of Decision |
| Most Recent | BPT 1130 Central Office Calendar Decision | Date Signed by BPH |
| Most Recent | BPT 1080 Notice of Date, Time and Place of Hearing | Date of Notice |
| Most Recent | BPT 1102(b) Waiver Live-in Program/Special Condition of Parole | Date signed by Inmate |
| Most Recent | Discharge Review Decisions | Decision Date |
| Most Recent | CDC 3017 Relevant Central File Information - eForm | Date Created |
| Most Recent | Other related forms and documents | Document Date |

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|---|---|---|---|
| Disabled | BPH 1100 Notice of Parole Revocation Rights & Acknowledgment | JUL 2013 | No longer used |
| Disabled | BPH 1100-C Notice to Appear for | JUL 2013 | No longer used |

# Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

|  | Not-in-Custody Rev Hearing |  |  |
|---|---|---|---|
| Disabled | BPH 1102 Out of State/Waiver of Extradition & Waiver of Rev Hrg | JUL 2013 | No longer used |
| Disabled | BPH 1102A Absconders: Waiver of Appearance PAL Time Lost | JUL 2013 | No longer used |
| Disabled | BPH 1103 (PCH/REV/OWR) Summary of Revocation Hearing & Decision | JUL 2013 | No longer used |
| Disabled | BPH 1104 RTCA Summary of Revocation Decision | JUL 2013 | No longer used |
| Disabled | BPH 1104-B Parolee-Attorney Decision Form | JUL 2013 | No longer used |
| Disabled | BPH 1104-REA Summary of Revocation Extension Decision | JUL 2013 | No longer used |
| Disabled | BPH 1135A Report of In-custody Misconduct | JUL 2013 | No longer used |
| Disabled | BPT 1100(b) Request for Witness | JUL 2013 | No longer used |
| Disabled | BPT 1079 Request for Interpreter | JUL 2013 | No longer used |
| Disabled | BPT 1083 Attorney Determination | DEC 2011 | No longer used |
| Disabled | BPT 1100(a) Notice of Right to Revocation Hearing | DEC 2011 | No longer used |
| Disabled | BPT 1100(d) Notice of Probable Cause Hearing | JUL 2013 | No longer used |
| Disabled | BPT 1101A Parole Revocation/Extension Waiver | JUL 2013 | No longer used |
| Disabled | BPT 1101B Waiver of Revocation Extension Hearing | JUL 2013 | No longer used |
| Disabled | BPT 1104A Screening Offer Statement | DEC 2011 | No longer used |
| Disabled | BPT 1120 Revocation/Ext Hrg: Reschedule or Cancellation | JUL 2013 | No longer used |

### BOARD OF PAROLE HEARINGS (BPH) – CIVIL ADDICTS

| ORDER | DOCUMENT SUBTYPE | DOCUMENT DATE |
|---|---|---|
| 4 | CDC 3017 Relevant Central File Information - eForm | Date Created |
| 5 | Other related forms and documents | Document Date |

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|---|---|---|---|
| Disabled | CDC 360 CRC/NORCO Calendar | JUL 2014 | Program ended |
| Disabled | CDC 279-L Institutional Appearance Evaluation | JUL 2014 | Program ended |
| Disabled | CDC 1608 Narcotic Addict Evaluation Authority | JUL 2014 | Program ended |

# Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

**BOARD OF PAROLE HEARINGS (BPH) – PAROLE PROCEEDINGS**

| ORDER | DOCUMENT SUBTYPE | DOCUMENT DATE |
|---|---|---|
| Most Recent | BPH 1001 Life Prisoner Hearing Decision Face Sheet | Action Date |
| Most Recent | BPH 1001 Life Prisoner En Banc Review Decision Face Sheet | Action Date |
| Most Recent | BPH 1001(a) Life Prisoner Hearing-Extraordinary Action and Decision | Date Approved by Commissioner/DC |
| Most Recent | BPH 1001-RESC Summary of Rescission Hearing and Decision | Action Date |
| Most Recent | BPH 1002 Notice of Hearing Rights | Date Signed by Staff |
| Most Recent | BPH 1003/1003A Hearing or Consultation Rights Form/Decision | Date Signed |
| Most Recent | BPH 1073/1073(a) Notice & Request/Reasonable Accommodation Forms | Date signed by staff |
| Most Recent | BPH 1087A,B, C Notice of Hearing & Responses (PC 3042 Notice) | Date of Notice |
| Most Recent | BPH 1135 Miscellaneous Decision | Decision Date |
| Most Recent | BPH Hearing Exhibits | Date Signed by DC |
| Most Recent | BPH Release Memo | Date of Memo |
| Most Recent | PC 3041.2 Indeterminate Sentence Parole Release Review | Date of Decision |
| Most Recent | BPT 1009 Life Prisoner: Documentation Hearing | Action Date/Hearing Date |
| Most Recent | BPT 1015 Notice of Right to a Rescission Hearing | Date Signed by Staff |
| Most Recent | BPT 1080 Notice of Date, Time and Place of Hearing | Date of  Notice |
| Most Recent | BPT 1137 or BPH 1044 Five Year Denial Review | Hearing Date |
| Most Recent | CDC 3017 Relevant Central File Information - eForm | Date Created |
| Most Recent | Hearing Transcript Decision | Hearing Date |
| Most Recent | Initial LVD (Lifer-Res/Emp Verification Doc) | Date signed by Parole Agent |
| Most Recent | Letters of Opposition (Non-Confidential) | Date of Letter |
| Most Recent | Letters of Support | Date of Letter |
| Most Recent | Post-Conviction Report (PCR) | Date Report Completed |
| Most | Other related forms and documents | Document Date |

Rev. 7/29/2019

**Ex. Q-171**

# Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

| Recent | | |
|---|---|---|
| Most Recent | Comprehensive Risk Assessment (CRA) | Date Report Approved |
| Most Recent | Notice of Confidential Information | Date of Memorandum |
| Most Recent | Retained Attorney Notice | Document Date |
| Most Recent | Subsequent LVD (Lifer-Res/Emp Verification Doc) | Date signed by Parole Agent |

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|---|---|---|---|
| Disabled | BPH 1045 (A or C) Petition to Advance Hrg Date w/ supporting docs | JAN 2015 | Moved to Other Processes |
| Disabled | BPT 1000 Life Prisoner Parole Consideration Proposed Decision | DEC 2011 | Not part of C-file |
| Disabled | BPT 1005 Life Prisoner: Parole Consideration Proposed Decision | DEC 2011 | Scanned with the BPH 1001 |
| Disabled | BPT 1016 Summary of Rescission Hearing and Decision | DEC 2011 | No longer used |
| Disabled | BPT 1017 Summary of Hrg & Decision – Non-disciplinary | DEC 2011 | No longer used |
| Disabled | BPT 1087 Notice of Hearing, Date Change | DEC 2011 | No longer used |
| Disabled | Lifer Board Report | AUG 2016 | Changed to Post-Conviction Report |

Rev. 7/29/2019

**Ex. Q-172**

# Electronic Records Management System (ERMS)
# Document Types/Dates for Scanning and Disabled/Discontinued Documents

## BOARD OF PAROLE HEARINGS (BPH) – OTHER BPH PROCESSES

| ORDER | DOCUMENT SUBTYPE | DOCUMENT DATE |
|---|---|---|
| Most Recent | BPH 1045(A or C) Petition of Advance Hrg Date w/supporting docs | Review Date |
| Most Recent | BPH 1046(C) Administrative Review Decision Form | Date of Decision |
| Most Recent | BPH 1135 Miscellaneous Decision | Date of Decision |
| Most Recent | DJJ 1.207 – Dual Commitment Consent Form | Date of Youth Signature |
| Most Recent | Foreign Prisoner (FTTP/IPT) | Document Date |
| Most Recent | Medical Parole Documents (Decisions, Memos, Notices, etc.) | Document Date |
| Most Recent | Medical Placement Memo | Date of Memo |
| Most Recent | Other related forms and documents | Document Date |
| Most Recent | Youth Offender Parole Board Hearing- Annual Review | Report Date |

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|---|---|---|---|
| Disabled | BPH 1001 – EN BANC (All types) | MAY 2016 | Moved to Parole Proceedings |
| Disabled | BPH 1001 – En Banc (1170) | MAY 2016 | Moved to Parole Proceedings |
| Disabled | NVSS DA Decision Notice | JUL 2017 | No longer used |
| Disabled | NVSS DA Response | JUL 2017 | No longer used |
| Disabled | NVSS DA Review Notice | JUL 2017 | No longer used |
| Disabled | NVSS Inmate Written Notice | JUL 2017 | No longer used |
| Disabled | BPH 1047 (C) NVSS Decision Form | JUL 2017 | No longer used |
| Disabled | BPH 1047 (D) NVSS Decision Review | JUL 2017 | No longer used |

Rev. 7/29/2019

**Ex. Q-173**

## Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

### ADMINISTRATIVE SEGREGATION (AD SEG)

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|---|---|---|
| 1 | CDC 114-A, CDC 114-A1 Inmate Segregation Records, etc. | Scan Date |
| 2 | Medical Guarding Forms | Scan Date |
| 3 | CDCR 114-CSW Contraband Surveillance Watch Log | Document Date |
| 4 | Other related forms and documents | Document Date |
| 5 | Pre 1984 Microfiche | Scan Date |
| 6 | Backfile Orphans  (Discharge files only) | Scan Date |
| 7 | Backfile | Scan Date |

### CONFIDENTIAL (CONF)

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|---|---|---|
| 1 | CDC 810 Confidential Information Listing | Date Updated/Date of Signature |
| 2 | CDCR 2189 Incarcerated Relative/Associate Notification | Date of Document (Barcode Link to Confidential Staff Separation) |
| 3 | Victim Notification Requests (all types) | Date Received (Barcode Link to SOMS  Notification Request) |
| 4 | BPH Letter of Opposition (Confidential) | Date of Letter |
| 5 | CDCR 863-A-MCRP Notice of Release to MCRP-Confidential | Date Form Completed |
| 6 | CDC 128-B Confidential General/Information Chrono | Date of Chrono |
| 7 | CDC 128-R Requested Notice of Release, Escape or Transfer | Date Received |
| 8 | CDC 1722 Notice of Release Returned Undeliverable | Date Notice Returned Undelivered |
| 9 | BPT 1087D Confidential Notice of Hearing | Date Notice Completed |
| 13 | Archive File Confidential Documents | Scan Date |
| 15 | Confidential Reports/Memorandums (Non-SOMS) | Date of Report or Memo |
| 16 | Confidential Photos | Scan Date |
| 17 | Certified Return Mail Receipts (Victim Notices) | Date signed by recipient |
| 18 | BPH Administrative Review Notice to Victim | Date of Letter |
| 19 | CDC 3017 Relevant Central File Information - eForm | Date Created |
| 20 | Other related forms and documents- | Document Date |
| 21 | Pre 1984 Microfiche | Scan Date |

Rev. 7/29/2019

**Ex. Q-174**

# Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

| 22 | Backfile Orphans  (Discharge files only) | Document Date |
|----|------------------------------------------|---------------|

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|--------|---------------|------------|--------|
| Discontinued | CDC 863A Notice of Release – Confidential | AUG 2013 | Data/Form in SOMS |
| Discontinued | CDC 812-C Notice of Critical Information – Confidential Enemies | AUG 2014 | Data/Form in SOMS |
| Disabled | Release Notice or Restitution Request/Acknowledge Letters (all types) | AUG 2013 | Data/Form in SOMS |
| Disabled | NVSS Victim Decision Notice | JUL 2017 | No longer used |
| Disabled | NVSS Victim Response | JUL 2017 | No longer used |
| Disabled | NVSS Victim Review Notice | JUL 2017 | No longer used |

## PHOTOGRAPHS (PHOTO)

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|-------|---------------|---------------|
| 1 | Offender Photograph (Pre-SOMS) | Date Photo Taken |
| 4 | Other Photographs | Date of Photograph |
| 5 | Scars, Marks, and Tattoos | Date of Photograph |
| 6 | No Backfile Documents for this section | Scan Date |
| 7 | Backfile | Scan Date |

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|--------|---------------|------------|--------|
| Disabled | Crime Scene Photographs | FEB 2013 | Should be in Lifer Slough |
| Disabled | In-Custody Crime Scene Photographs | MAY 2013 | Moved to Disc Tab |

Rev. 7/29/2019

**Ex. Q-175**

**Electronic Records Management System (ERMS)**
**Document Types/Dates for Scanning and Disabled/Discontinued Documents**

**EDUCATION (ED)**

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|---|---|---|
| Most Recent | Brigance Test Results | Date of Case Note (Barcode Link to Educ Case Note) |
| Most Recent | External Transcript | Date of Case Note (Barcode Link to Educ Case Note) |
| Most Recent | GED Testing Results (Official from CDE) | Date of Case Note (Barcode Link to Educ Case Note) |
| Most Recent | Individually Tailored Education Plan (ITEP) | Date of Case Note (Barcode Link to Educ Case Note) |
| Most Recent | Industry Certification (non-NCCER) | Date of Case Note (Barcode Link to Educ Case Note) |
| Most Recent | Inmate Declaration of GED Eligibility | Date of Case Note (Barcode Link to Educ Case Note) |
| Most Recent | Literacy Orientation Agreement or Contract | Date of Case Note (Barcode Link to Educ Case Note) |
| Most Recent | NCCER Industry Certifications | Document Date (Barcode Link to Certificate/Diploma Awarded Screen) |
| Most Recent | NCCER Registration and Release Form | Date of Case Note (Barcode Link to Educ Case Note) |
| Most Recent | Official High School Diploma | Document Date (Barcode Link to Certificate/Diploma Awarded Screen) |
| Most Recent | Other Certificate | Document Date (Barcode Link to Certificate/Diploma Awarded Screen) |
| Most Recent | Other Diploma | Document Date (Barcode Link to Certificate/Diploma Awarded Screen) |
| Most Recent | Other Related Forms and Documents | Document Date |
| Most Recent | Permission to Release GED Results | Date of Case Note (Barcode Link to Educ Case Note) |
| Most Recent | Release of Transcript | Date of Case Note (Barcode Link to Educ Case Note) |
| Most Recent | Request for Correspondence/College Course Approval | Date of Case Note (Barcode Link to Educ Case Note) |
| Most Recent | Request for GED Results | Date of Case Note (Barcode Link to Educ Case Note) |

Rev. 7/29/2019

**Ex. Q-176**

# Electronic Records Management System (ERMS)
## Document Types/Dates for Scanning and Disabled/Discontinued Documents

| Most Recent | VEP Assignment Tracking Sheet | Date of Case Note (Barcode Link to Educ Case Note) |
|---|---|---|
| Most Recent | Woodcock-Johnson Test Results | Date of Case Note (Barcode Link to Educ Case Note) |
| 2 | Backfile | Scan Date |

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|---|---|---|---|
| Disabled | CDC 128-B TABE Test Results Chrono | FEB 2013 | Data/Form in SOMS |
| Disabled | CDC 128-D,F Education Chronos | FEB 2013 | Data/Form in SOMS |
| Disabled | CDC 128-E Vocational Progress Report Chrono | FEB 2013 | Data/Form in SOMS |

## VISITING (VISIT)

| ORDER | DOCUMENT TYPE | DOCUMENT DATE |
|---|---|---|
| 1 | Other Related Forms and Documents | Date of Document |

NOTE:    The Visiting tab was used when the female institutions were scanning the Visiting File.  When the Men's institutions came online with ERMS, Visiting Info should have already been entered in SOMS so documents should not be scanned in the Visit tab.

| STATUS | DOCUMENT TYPE | DATE ENDED | REASON |
|---|---|---|---|
| Disabled | Visiting Information Printout from AVIS | FEB 2013 | Data/Form in SOMS |
| Disabled | Backfile | FEB 2013 | Data/Form in SOMS |

## DISCHARGE (DCH)

NOTE:    No scanning into the DCH section as this was used to migrate over documents from DORMS.  You may find documents scanned here with their section identified as part of the title.

Rev. 7/29/2019

Ex. Q-177

# EXHIBIT R



NEWS

# Final Stage of Offender Management Project to be Completed in December

September 24, 2013 • Joe Panora

The Department of Corrections and Rehabilitation (CDCR) is in the final stages of the development and deployment of the Strategic Offender Management System (SOMS). CDCR was faced with the need to modernize its existing legacy computer systems, with project goals focused on the following objectives: access to accurate and complete offender information, an improved use of staff time, and consolidation all intake, history, and tracking of inmates. Increased efficiencies and staff security was also a top priority.

SOMS is comprised of three primary components: (1) an integrated central offender database, (2) an electronic records management system, and (3) a web-based offender management application. SOMS consolidates existing databases/records; automates manual, paper-based processes; converts paper files to digital files and provides enterprise-wide access to data.

With the integrated central offender database, an offender is assigned a single unique lifetime identifier which enables CDCR to maintain a continuous record of all offender history from cradle to grave, regardless of the number of incarcerations and paroles. The SOMS project team automated and streamlined offender data systems by consolidating existing databases and records. The first phase was the statewide implementation of the central database that converted over 1.1 million offender records from the legacy systems.

The Electronic Records Management System (ERMS) has expedited the records retrieval processes. Prior to SOMS, each inmate had a large central file (C-File) containing all paper documentation related to his/her history. This information includes everything from basic identification information to extensive classification

**Ex. R-179**

and work assignment data. Each institution now scans all newly received hardcopy inmate central file (C-File) documents into the ERMS solution, and scans historical "backfile" documents into ERMS resulting in the elimination of the hard-copy files. Availability of the electronic inmate's C-Files has improved staff efficiency by enabling all authorized staff to view scanned inmate C-File documents in real time from any SOMS workstation across the state. This also allows multiple staff members to access a single file at the same time, replacing the extensive sequential and manual process of copying and distributing documents for review to multiple parties.

The web-based offender management application "eOMIS" is a real time application, available to the CDCR headquarters, institution and parole staff, increases the availability of accurate and complete offender information so the CDCR can more efficiently manage inmates. The final functionality of eOMIS, "Classification and Programs," is scheduled to be deployed in December, 2013. Even though this will be the final release of functionality with CDCR's system integration partner, CDCR is looking to add upon this functionality in the coming years.

CDCR has already completed the deployment of the following functions that is used daily by more than 51,000 CDCR staff.
• Intake: The process for receiving an inmate into an institution has greatly improved with the implementation of SOMS.
• Movements: The real time tracking of inmate movements (both internal and external, such as court appointments) so staff knows an inmate's location in real time.
• Counts: Counts are now entered within minutes and are automatically validated by staff in Central Control.
• Scheduling (SOMS Shared Calendar): Establishes a single, centralized, shared inmate calendar that is fully integrated with client legacy systems and addresses both custody and healthcare business needs. SOMS now contains an inmate's master schedule and produces any passes an inmate may need for appointments within and outside the institution.
• Holds/Warrants and Detainers (HWD): The HWD functionality helps provide safer prisons and communities because the centralized up-to-date database of active Holds, Warrants and Detainers is critical in accurate housing and release of inmates.
• Visitation: The automation of the SOMS Visitation process. The streamlined

**Ex. R-180**

process is now more efficient as it is reduces backlogs and waiting times for both inmates and visitors allowing inmates more time with their visitors and allows staff to focus on other duties providing a safer environment.

• Sentence Calculation: Enables end users in CDCR Case Records to record commitments, monitor and track terms, calculate release dates and prepare pre-release/parole documents in SOMS.

Based on the latest Special Project Report (SPR) dated July 31, 2013, CDCR estimated the award of a one-time cost for development and implementation of $250 million and an annual maintenance cost of $31 million. Using SOMS is estimated to reduce workload by about 223 personnel years of staff time per year.

The approach developed for implementing SOMS promoted collaboration among stakeholders, institutions and agencies, as well as partners and contractors. The SOMS project team is a unique blend of state staff and contract partners, working collaboratively and cooperatively in a joined-up team structure to achieve CDCR's stated outcomes of improved staff, public and inmate safety and increased staff efficiencies. Partners included: Hewlett Packard Enterprise Services (HP), Oracle, Marquis Software, Dynamic Research Corp (DRC) and Fidelity National Technology Imaging (FNTI).

"The implementation of SOMS has been one of CDCR's most successful project deployments. SOMS has positioned CDCR as a national leader in offender management systems" says Russ Nichols, SOMS Project Director.

*Joe Panora is the Director of Enterprise Information Services at the Department of Corrections and Rehabilitation.*

Joe Panora

SEE MORE STORIES BY JOE PANORA

Ex. R-181

 INDUSTRY

Industry Insider — California is a premier membership program that provides access to exclusive, in-depth reporting, research and special events on the people, deals, legislation and trends driving California public-sector IT. LEARN MORE

©2024 All Rights Reserved. e.Republic LLC

Privacy / Contact / About
California Residents - Do Not Sell My Personal Information

Contact Member Services / Contact Editorial

**Ex. R-182**

# EXHIBIT S

Pages 1 - 69

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before The Honorable David D. Leshner, Magistrate Judge

DARRYL DUNSMORE, et al.,          )
                                  )
          Plaintiffs,             )
                                  )
  VS.                             )          NO. 20-CV-00406-AJB-DDL
                                  )
STATE OF CALIFORNIA, et al.,      )
                                  )
          Defendants.             )
_____ )

                        San Diego, California
                        Friday, February 23, 2024

              **TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING
                          OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:
                        ROSEN BIEN GALVAN & GRUNFELD, LLP
                        101 Mission Street, Sixth Floor
                        San Francisco, California 94105
              **BY:  GAY CROSTHWAIT GRUNFELD, ESQ.**

For Defendants:
                        BURKE, WILLIAMS & SORENSEN LLP
                        60 South Market Street, Suite 1000
                        San Jose, California 95113
              **BY:  ELIZABETH MARIE PAPPY, ESQ.**

Transcribed By:  James C. Pence-Aviles, RMR, CRR, CSR No. 13059
                   Official Court Reporter

**Ex. S-184**

1   Sheriffs is pulling what they have.

2          THE COURT:  Can you get me a firm answer on that by

3   Friday for next week?

4          MS. PAPPY:  Oh, yeah.  I mean, hope- -- and hopefully

5   production; or, at a minimum, I will also update plaintiffs on

6   Wednesday.

7          THE COURT:  Ms. Grunfeld, do you wish to be heard on

8   Item Number 3, ma'am?

9          MS. GRUNFELD:  No.  Thank you, Your Honor.

10         THE COURT:  All right.  Then let's continue on the

11   record.

12      There are two issues that are raised in Ms. Grunfeld's

13   email.  The first relates to the defendants' subpoenas to the

14   California Department of Corrections, and the second involves

15   plaintiffs' responses to defendants' interrogatories.

16      I think we can -- I think we can resolve both of these

17   today.  So let's -- let's see if we can do that.  I would like

18   to help you do -- put a couple of issues behind you.

19      First, I would note that, for whatever reason, the -- I

20   pulled a representative subpoena.  I pulled the one to

21   Mr. Archuleta.  The subpoena requires compliance in the Central

22   District of California.

23      So any motion practice would need to be initiated there

24   and then could be transferred here with the consent of both

25   parties or upon a finding of exceptional circumstances by the

**Ex. S-185**

1  Central District.

2      So I -- but let's talk it through because my -- my

3  expectation would be that this would come to me.  And I would,

4  you know, welcome that, of course, given the work we've done

5  together on the case.

6      But just -- with that noted, let me ask you this,

7  Ms. Pappy.  I see that there are two -- it looks like two

8  subpoenas relating to every one of the named plaintiffs.  The

9  first subpoena seeks medical records, and the second subpoena

10  seeks case summary, legal documents, and the ERMS file.

11          **MS. PAPPY:**  Uh-huh.  Yes.

12          **THE COURT:**  Is that -- is that generally correct?

13          **MS. PAPPY:**  Yes.

14          **THE COURT:**  All right.  Ms. Pappy, does the dispute

15  right now relate to both subpoenas or the subpoena seeking the

16  legal status and -- and ERMS files?

17          **MS. PAPPY:**  It -- I think it's fair to say that it

18  relates to both at the moment.

19      First --

20          **THE COURT:**  Okay.

21          **MS. PAPPY:**  -- as to the Central District, can --

22  can -- Ms. Grunfeld had -- had proposed withdrawing and

23  reissuing the subpoenas, which is, unfortunately, not

24  acceptable because we need these records for the plaintiffs'

25  depositions.

**Ex. S-186**

```
 1        But how do we avoid the plaintiffs having to file anything
 2   in the Central District?  I don't want to make them do that.
 3        THE COURT:  I know you don't, and I don't, either, and
 4   I want to help you.  But that's what Rule 45 requires, and I
 5   want to help -- look, I want to help you-all avoid this.
 6        MS. PAPPY:  Yeah.
 7        THE COURT:  I really do.
 8        So let's -- let's see if we can do that, understanding
 9   that, if there -- if something was filed, it's going to come to
10   me.  And I am mindful of what Ms. Grunfeld noted, that we are
11   moving up against deadlines, and I do want to provide you with
12   rulings as quickly as possible.
13        So let me ask this:  Ms. Grunfeld, using Mr. Archuleta's
14   subpoena as an example, what's the objection to the subpoena
15   seeking medical information?
16        MS. GRUNFELD:  We have proposed that medical
17   information be provided up to three years prior to the filing
18   of the complaint, which would take us back to March 2017.
19        THE COURT:  Okay.
20        MS. GRUNFELD:  We don't agree that information is
21   relevant, but we understand that defendants could make a
22   credible argument.
23        And so we have made that proposal, and CDCR will not
24   produce the documents without an amended protective order of
25   some kind, and we have also sent that to defendants with that
```

 1  suggestion.

 2      So there, to our mind, is not a significant dispute

 3  regarding medical records from CDCR.  The issue is the C-file.

 4  That's what we'll be moving to quash on.

 5          **THE COURT:**  Okay.  And that's -- that's in response to

 6  the other subpoena?

 7          **MS. GRUNFELD:**  Well, in my file, I only have one

 8  subpoena, and it checks a number of boxes.  So I'm a little

 9  confused by this discussion.

10      But --

11          **THE COURT:**  Okay.  Okay.

12          **MS. GRUNFELD:**  -- in any event, as far as the medical

13  records go, as long as defendants are willing to limit those --

14  because, for example, some of them go back to the 1980s and

15  '90s.  And we are not willing to agree that that's

16  proportional, relevant, or appropriate.

17      But we did propose a limited set of medical records under

18  the protective order, and we are eager to resolve that, if we

19  can.

20          **THE COURT:**  So just so we're clear, what I received

21  for each of these individual -- like Mr. Archuleta, there

22  appear to be two separate subpoenas.

23      One subpoena is to California Correctional Health Care

24  Services seeking medical records, and one subpoena is to the

25  California Department of Corrections seeking all the other

1   records:  Case summaries, legal documents, and ERMS files.  So

2   that's what I'm talking about, Ms. Grunfeld.

3        And does that -- are there two subpoenas for each of the

4   named plaintiffs, Ms. Pappy?

5             MS. PAPPY:  I think so.  I think you had to subpoena

6   those separate entities --

7             THE COURT:  Okay.

8             MS. PAPPY:  -- to get -- yeah.

9             THE COURT:  All right.  Let's focus in, then, on what

10  we'll call the medical record subpoenas.

11       You know, we had a lot of discussion, at our hearing on

12  the plaintiffs' motion to compel, Ms. Pappy, regarding the

13  relevant time period.

14       So I guess the question I have is:  Should we simply use

15  the same relevant time period, which is essentially a

16  three-year time period, for each of the named plaintiffs'

17  medical records?

18            MS. PAPPY:  We -- we agree -- we agree -- the

19  defendants agree to March 1st, 2017.

20       Here's the problem.  The CDCR is telling us we can't do

21  that.  It's too burdensome.

22            THE COURT:  Okay.  I see.

23            MS. PAPPY:  And -- and their complaint is -- and I had

24  emailed plaintiffs' counsel something yesterday after a

25  conversation that Susan and I had and that we had with CDCR to

**Ex. S-189**

1    try to resolve their issue, to resolve plaintiffs' and CDCR's.

2        So they keep their files not like the County does.  Like,

3    the County will have Ms. Pappy's records, and it's just a

4    chronological PDF.

5            THE COURT:  Uh-huh.

6            MS. PAPPY:  CDCR has labs, they have physical therapy,

7    they have medical, and they're all separate PDFs.

8            THE COURT:  Okay.

9            MS. PAPPY:  And so to go through each of those

10   manually -- so you'd have to go through and scroll and find --

11           THE COURT:  Okay.

12           MS. PAPPY:  -- March 1st, 2017.

13       And so the CDCR told us, "That's fine if we can do it

14   easily.  But if we can't, and if we have to scroll through

15   hundreds of pages" -- "pages of medical records, we're not

16   doing it."

17       So one of the things that we proposed is -- to plaintiff

18   is, look, because of their pushback -- we're fine with

19   March 1st -- is that if CD- -- let CDCR make the burden call.

20   And if they send us stuff that -- and they've told us they'll

21   agree that, where they can easily limit it to March 1st,

22   they'll do that.

23       But if there are huge portions of the file where they

24   can't, and it's burdensome to them, they'll send them to both

25   of us, and then we will agree in advance that those will not be

 1  used.  I don't -- I mean, I can send them to Gay's office.  I

 2  don't care, but they won't be used by anybody.

 3          **THE COURT:**  Why is that -- that sounds like the

 4  parties are in agreement, Ms. Grunfeld; is that right?

 5          **MS. GRUNFELD:**  Yes.

 6      I -- I didn't know what kind of communication was coming

 7  out of CDCR.  I was not privy to it, and I think we're actually

 8  talking about CHCF [sic] or whatever they're called, the

 9  medical --

10          **THE COURT:**  Yes, we are.  Yes, that's right.

11          **MS. GRUNFELD:**  Yes.

12      But in any event, yes, that will be fine.  Again, the

13  concept is let's have a time frame.  Let's have a protective

14  order.

15      And so I think we can work that out.

16          **THE COURT:**  I think so, too.

17      Okay.  No.  I appreciate that.  That is helpful to me, and

18  then the time frame that we had with all of the plaintiffs'

19  requests was the three-year period ending December 31st, 2023.

20  So it would be '21, '22, and '23.

21      I -- I'm not saying you have to agree to that with these

22  records, but that was -- when I had mentioned the relevant time

23  period earlier in this status conference, that's my

24  recollection of the relevant time period that we were utilizing

25  for purposes of our prior hearing.

1    **MS. PAPPY:** Well, we were using that relevant time

2    period for what my clients had to produce, not necessarily --

3    **THE COURT:** I understand.

4    **MS. PAPPY:** -- prior medical records.

5    So what the agreement between the parties was was

6    March 1st, 2017, for -- for CDCR stuff.

7    **THE COURT:** Okay. If that's what you-all are going to

8    agree to, then fine, but it sounds like that can be resolved.

9    What is the area, then -- it sounds like the area of

10    disagreement is on this subpoena to CDCR.

11    And, Ms. Grunfeld, what do you specifically object being

12    produced, even if it's under the protective order?

13    **MS. GRUNFELD:** So there are 11 categories to what we

14    call the C-file, Your Honor, and we object to nine of those as

15    having absolutely no bearing on the issues in this case and

16    being highly invasive of the privacy rights of our clients.

17    **THE COURT:** This C-file is responsive to which one of

18    these? I see there's "Case Summary" with four X's, "Legal

19    Documents" and "ERMS File" with two X's.

20    Which one is the C-file?

21    **MS. GRUNFELD:** The entire ERMS file and the entire

22    SOMS file.

23    **THE COURT:** Okay.

24    **MS. GRUNFELD:** Those are just acronyms that basically

25    mean that the old C-file, which was a paper document, is now

**Ex. S-192**

 1  electronic.

 2          THE COURT:  So it's the ERMS and the SOMS acronyms

 3  that you are objecting to.

 4      Okay.  And there are 11 cat- -- there are 11, you said,

 5  categories of documents within ERMS and SOMS, and you object to

 6  nine of them?

 7          MS. GRUNFELD:  Yes, Your Honor.

 8          THE COURT:  Okay.

 9          MS. GRUNFELD:  We're willing -- the legal documents,

10  which are the first view -- you know, the case summary and the

11  legal documents, which are also part of ERMS and SOMS, even

12  though they're broken out separately in this subpoena -- those

13  are public records.

14      And so we would ask that they be put under the protective

15  order.  We're going to designate them confidential, but we have

16  no objection to CDCR producing those in this case to

17  defendants' counsel.

18      However, the remaining items, which are, you know, a whole

19  variety of documents:  Chronos, which are little statements

20  regarding safety, regarding classwork, regarding release

21  planning; Board of Parole hearings documents; psychological

22  interviews; disciplinary charges.

23      All of these documents are really tantamount to a

24  personnel file, and we believe that we have strong case law

25  that indicates that a plaintiff does not waive every privacy

1    right she has by bringing a lawsuit.

2        And I would submit that, particularly here, where

3    plaintiffs are serving as representatives for the class, they

4    have not waived all of their rights, nor is there any relevance

5    to pre-jail and post-jail conduct or behavior or activities or

6    interactions with other people.

7        And I would particularly direct the Court's attention to

8    two cases, *Gutierrez v. Mora*, 2019 Westlaw 8953125; and, just

9    this week, *Kovalenko*, 2024 Westlaw 664691, which is a

10   Magistrate Judge decision by Judge Hixson here in the

11   Northern District, in which he called attempts to get a

12   personnel file for a plaintiff the kind of fishing expedition

13   that courts consistently deny.

14       So we don't see the relevance.  We see the -- the harm and

15   the invasion of privacy and the lack of proportionality,

16   especially if you look at Mr. Dunsmore's -- they've asked for

17   these files under three different -- as I understand it,

18   different C-file numbers, you know, CDCR numbers going back

19   decades.

20       And so the relevance is -- is quite minimal.

21           **THE COURT:**  Can I ask you a favor?

22           **MS. GRUNFELD:**  Sure.

23           **THE COURT:**  I've blocked out an hour for you-all, and

24   I have Counsel calling me at 11:00 for a presettlement

25   conference call, but I want to finish our conversation.

**Ex. S-194**

 1        So can you give me one minute just to move that to 11:15?

 2   And I want to keep talking to you-all.

 3        **MS. GRUNFELD:**  Yes.

 4        **THE COURT:**  Give me just a sec.

 5        Thank you.

 6        **MS. GRUNFELD:**  Yes, Your Honor.

 7        **MS. PAPPY:**  Gay, what was that first case?  I got

 8   *Kovalenko* as the second -- first one.  What -- second one, but

 9   what's the first one?

10        **MS. GRUNFELD:**  It was in our letter to you.  It's

11   called *Gutierrez* -- *Gutierrez*, and it's 2019 Westlaw 8953125.

12   And that's out of the Central District, December 18th, 2019.

13        **MS. PAPPY:**  And is that a class action case?

14        **MS. GRUNFELD:**  No.

15        **THE COURT:**  All right.  Thanks for your patience.

16        So, Ms. Pappy, these records from CDCR are for records of

17   the 13 class representatives for time periods in which they

18   were not incarcerated in county facilities; is that correct?

19        **MS. PAPPY:**  Correct.

20        **THE COURT:**  So what is the relevance of the classwork,

21   if any, that they've completed in CDCR facilities or their

22   disciplinary records?  I mean, do you -- do you really want

23   these C-files?

24        **MS. PAPPY:**  Yes.

25        **THE COURT:**  Okay.  Why?

1            **MS. PAPPY:** There are con- -- yeah.

2        There are confidential portions of these, which the CDCR

3    will not produce and we are not asking to be produced.

4    There's -- they're confidential for various state law reasons,

5    and CD- -- and we're not asking for those.

6        The -- the classwork that they've pre- -- they've -- I'm

7    assuming that's, like, a GED.  Ms. Grunfeld would know better

8    than I.  But, yeah, I would agree.  I don't really care if they

9    took their GED.  The -- the main point of contention -- we

10   never specifically talked about classwork.

11       The plaintiffs' communicated real concern was their

12   disability files -- I mean, their discipline files.  And the

13   two that -- that, to me, are the most significant -- and I

14   would agree to a time limitation.  We also never talked about a

15   time limitation.  We sort of never got past discipline -- are

16   psych and -- and discipline files.

17       I think those are extremely relevant to -- especially

18   historical to the class representatives, who are supposed to

19   have standing to represent -- fairly represent every single

20   class member on every single issue.  Not all 13 need to -- need

21   to relate to every single issue, but they need to have standing

22   to do that.

23       If -- if there's a psychiatric issue -- a historical

24   psychiatric issue that has caused lockdown, has caused

25   administrative -- administrative separation, has caused any

**Ex. S-196**

 1    kind of -- of segregative housing in these people's past, that

 2    is something that is relevant to the issues that we're

 3    litigating here -- is that if Mr. Dunsmore comes -- and we'll

 4    just use him as an example.  I'm not suggesting that this is or

 5    isn't him -- but that if he comes into our facility and says,

 6    "They overuse it.  They overuse lockdown, and they overuse

 7    administrative separation and keep people in there for too

 8    long," and yet Mr. Dunsmore has a long history of violence in

 9    the prior prisons, constantly being put in there, yet, in our

10    case, he's saying, "I never do anything wrong.  I'm a perfect

11    model citizen in the facility," we can impeach him with the

12    history of his discipline from the prior facility.

13            And that applies to each and every one of these folks.

14    The psych is also extremely significant, essentially, for the

15    same reasons because, if there are historical discipline issues

16    relating to psychiatric issues, and he's saying now, "I

17    don't" -- "I have never engaged in any such conduct.  I do

18    not" -- "I don't have any psych issues that could be found in

19    medical records," then that is relevant to be able to impeach

20    the claims that they're being made -- that are being made, that

21    they're somehow being -- these individuals are somehow being

22    treated wrongly as representative of treatment that all people

23    get in these facilities, and they're saying, "There's nothing

24    wrong with me, and I've never had these problems before.  It's

25    just in the County Jail."

 1      That's why it's relevant.

 2          THE COURT:  So there -- I see that as sort of two

 3   distinct reasons that you're offering.

 4      One would be:  Are these class representatives adequate?

 5   And the second would be:  If somebody were to testify, how

 6   would you impeach them?

 7          MS. PAPPY:  Yes.

 8          THE COURT:  Okay.  So the first issue -- isn't that

 9   behind us?

10          MS. PAPPY:  No.

11          THE COURT:  I mean, the class has been certified.

12          MS. PAPPY:  No.

13          THE COURT:  So tell me -- tell me why this -- again,

14   leaving aside impeachment, tell me why that the adequacy of

15   these individuals as class representatives is still an issue.

16          MS. PAPPY:  Because a class certification is not a --

17   a, if you will, final determination of whether these people

18   are -- are proper class representatives.  If -- if discovery

19   uncovers that they are not proper class representatives, then

20   we can make a motion to decertify the whole class or -- or have

21   this person removed as a class -- a class representative.

22      Certainly, plaintiffs could replace somebody.  That's -- I

23   mean, I'm not arguing that issue, but they still have to --

24   they're still subject to attack on the merits, and the case law

25   is very clear on that --

Ex. S-198

1          THE COURT:  Okay.

2          MS. PAPPY:  -- which is one of the reasons I convinced

3    the County to stipulate to it, that --

4          THE COURT:  Right.

5          MS. PAPPY:  -- "They're going to get it anyways, but

6    you have a right to challenge this later."

7          THE COURT:  Sure.

8       Why are these -- when were these subpoenas issued?  It

9    was --

10         MS. PAPPY:  January?

11         THE COURT:  -- January 31st.

12      Okay.  I -- why wait until now?

13         MS. PAPPY:  We've been busy responding to document

14   production requests.

15                        (Laughter.)

16         THE COURT:  Okay.  No.

17      Okay.  That's the reason I -- okay.  Then -- all right.

18       Ms. Grunfeld, what is your position, ma'am, with respect

19   to the arguments Ms. Pappy is raising, that these --

20   specifically disciplinary and psych records -- those -- those

21   alone would be potentially relevant to adequacy of each of

22   these named plaintiffs as class representatives as well as

23   possible impeachment?

24       And if they were relevant in -- to a claim or defense, why

25   would production of those records, pursuant to an attorneys'

Ex. S-199

 1   eyes only provision, be sufficient?

 2        **MS. GRUNFELD:**  Your Honor, this is the first I've

 3   heard these arguments.  So bear with me.  I think, given the

 4   time -- I was told that they want these records to impeach my

 5   client's credibility.

 6        As far as relevance to the adequacy as representatives, I

 7   don't get it.  These people are standing up and saying that the

 8   jail is unconstitutional, and they want to talk about what

 9   happened to them at the jail.  And we've agreed to have them

10   deposed, and we've done everything we can to cooperate with

11   that process.

12        **THE COURT:**  All right.  I saw your stipulation.  Thank

13   you for that.

14        **MS. GRUNFELD:**  Yes.

15        So it just feels very much like a fishing expedition, an

16   attempt to discredit my clients, who are doing a great service

17   to the people of San Diego.  Frankly, I don't know what's in

18   these records, but I do feel that they have some privacy rights

19   to their time in a different place before and after their

20   experience in the jail.

21        I am going -- I have drafted a brief on this issue.  Given

22   the timing constraints, I would ask on the record -- under the

23   Central District rules, we need seven days, and -- normally,

24   and I would ask that defendants agree to a shorter period.

25        I would like to give them our brief on Monday, and I would

**Ex. S-200**

1  ask that they be willing to return their portion on Thursday so

2  we can go ahead and get our motion to quash on file by, you

3  know, Friday the 1st, and then the motion to transfer would be

4  stipulated.

5      So --

6          **THE COURT:**  Can I -- can I interrupt with a question,

7  Ms. Grunfeld, please.

8          **MS. GRUNFELD:**  Sure.

9          **THE COURT:**  Ms. Pappy, you know, there presumably was

10  a reason to choose Titan Legal Services in Torrance as the

11  place of production, but -- I mean, the --

12          **MS. PAPPY:**  Not -- nothing magic other than --

13          **THE COURT:**  Right.

14      So --

15          **MS. PAPPY:**  -- that these places -- these places are

16  in -- and Ms. Grunfeld had suggested, "How about just changing

17  the address?"  I don't care, but --

18          **THE COURT:**  Right.

19          **MS. PAPPY:**  -- I don't want to re-serve the subpoenas.

20  I'm fine changing the address.  I'm just not going to re-serve

21  them.

22          **THE COURT:**  Well -- but if you were to -- I mean, I --

23  and, again, I'm not trying to tell you what -- you have the

24  right to serve subpoenas as you see fit, and then, of course,

25  there's process involved.

**Ex. S-201**

1    But, gosh, it would be easier for this just to be with a

2    place of compliance in San Diego, and then there would -- you

3    know, I hear what Ms. Grunfeld's concern is.  It's a legitimate

4    concern about the timing, and then we've already got so much on

5    our plate.

6        Is there truly an objection to re-serving the subpoenas

7    with -- on CDCR with a compliance location at Ms., you know,

8    Coleman's office in San Diego or some legal services in

9    San Diego and then giving us time for you-all to talk about

10   this and me to address it with you-all next Friday?

11       Because I -- I -- it really -- when I hear Ms. Grunfeld

12   saying that she was not aware of the -- the class

13   representative standing argument, like, that -- you know,

14   that's something that I -- I want to give you-all time to talk

15   about.

16       And I don't want to burden any of my colleagues in the

17   Central District unnecessarily with this, given the amount of

18   time that we've spent working out these issues.  And I

19   certainly don't want to impose unreasonable time deadlines on

20   Ms. Grunfeld, in particular, for filing her motion.

21       So what can we do to resolve this, Ms. Pappy?

22       **MS. PAPPY:**  Yeah.

23   I mean, I told them on Wednesday, "I don't want you to

24   have to do it, either.  Let's talk to the judge about what" --

25   "how we can make it so that you don't."

Ex. S-202

```
 1        I want -- the CDCR has been given an extension.  We're
 2   fine with just keeping that extension over -- is there a reason
 3   why we can't just stipulate, between the plaintiffs and us,
 4   that -- that the place for production will be changed to a
 5   location in San Diego instead of re- -- instead of going
 6   through the expense of re-serving them?
 7           THE COURT:  I will leave that to you-all.  If you
 8   agree that the place of -- the place of compliance is in the
 9   Southern District of California, that is the requirement that I
10   look to.  It's -- which is -- I agree.
11           MS. PAPPY:  Right.
12           THE COURT:  I see how it's a bit of an artificial
13   distinction, perhaps, between agreeing that I can simply
14   resolve a dispute where the place of compliance is still in a
15   different district versus if you are both in agreement that the
16   place of compliance really should be in San Diego, then -- I
17   want to help you-all resolve this.
18        And, Ms. Grunfeld, I don't want you to have to scramble to
19   file this unnecessarily.
20           MS. PAPPY:  Yeah, and I don't -- I don't want to -- I
21   don't want them to file it, nor do I want to scramble to
22   resolve it.
23        So if the plaintiffs will stipulate -- sign a stipulation,
24   which I'm happy to prepare, that says that -- that we will
25   agree that the subpoenas are amended, we'll get that to CDCR so
```

Ex. S-203

1  that they know that they don't have to produce them in LA,

2  then, is that agreeable?

3      **THE COURT:**  Ms. Grunfeld, I don't want to put you on

4  the spot, but go ahead, ma'am.

5      **MS. GRUNFELD:**  Thank you.

6      What I -- what I think we need, to protect our clients, is

7  a stipulation, as you're suggesting.  And if you prepare

8  something, perhaps it could even say, "The subpoena served on

9  such-and-such a date," then say the address in Torrance, "are

10 hereby amended to say..."  And, in fact, Titan does have an

11 address in San Diego County.

12     So you could -- you know, we can all sign that, file it,

13 and then send it to CDCR.  That should be sufficient.

14     **THE COURT:**  I appreciate you-all being as practical

15 about that as you can, understanding the constraints of

16 Rule 45.

17     Let's say it comes to me, then.  What -- what should

18 happen, Ms. Grunfeld?  Do you think that there is room for

19 you-all to -- understanding Ms. Pappy's position that this goes

20 to adequacy of class representatives, and not discounting what

21 you're saying about the importance of people willing to stand

22 up and serve as class representatives -- but I see those as

23 distinct issues.

24     Is this something that, you know, just needs a briefing

25 schedule from me as soon as the stipulation is -- is filed, or

**Ex. S-204**

 1  is this something that you think -- if we're limiting -- if

 2  you-all agree on the medical records, can there be a further

 3  agreement, or at least potential progress, when you talk on

 4  Wednesday?

 5          **MS. GRUNFELD:**  I don't think so, Your Honor.

 6      The -- so I'd like a briefing schedule.  The mention of

 7  psych records -- I'm not sure what that means because I don't

 8  think those are in the C-file.  I think those are in the

 9  medical file.

10      But when I refer to the psychological evaluation, that's a

11  Board of Parole hearings document, highly confidential.

12  Perhaps that would not even be produced.  I don't know because

13  they do weed out certain things.

14      But I can tell you that we are not going to agree that

15  people's disciplinary charges while they are in a different

16  prison at different time periods are, in any way, relevant to

17  the adequacy of the class representatives, and they are

18  invasive of people's privacy.

19      So I think we should brief it.

20          **THE COURT:**  Would there -- would it be the plaintiffs'

21  position that if there are, like -- let's say a named plaintiff

22  were to have engaged in some sort of disciplinary matter, and

23  that involved a false statement, for example, by that

24  individual.

25      Is it the plaintiffs' position that that information

1    should not be discoverable as impeachment information?

2         **MS. GRUNFELD:**  Yes.

3         **THE COURT:**  Why is that?

4         **MS. GRUNFELD:**  Well, first of all, I have extensively

5    litigated false RVRs in CDCR.  So a charge of a false statement

6    by CDCR is a meaningless hearsay statement.  They do not allow

7    due process in their RVR litigation and proceedings, and so I

8    do not believe that should be used to impeach anyone.

9         If there's other things in the C-file, I've already agreed

10   that they can have the publicly available information, and

11   they're also privy to all behavior incidents and everything

12   that happened in their own jail system.

13        **THE COURT:**  No.  I understand, and let me ask you

14   this, Ms. Grunfeld.  One thing that I'm sort of flushing

15   through is, you know, what exactly I would be ordering.

16        So let's say -- let's say I were -- I've been told that

17   there's this C-file -- or the ERMS file.  I don't know exactly

18   what it contains, and I don't know that necessarily -- it

19   sounds like maybe you-all don't know exactly what it contains

20   because you don't have it yet for each of these individuals.

21        So do you think it would even be possible for me to issue

22   an appropriately tailored order saying, "Okay.  CDCR, you

23   produce these specific items from the ERMS file but not these

24   specific items," or is that something that is best done with

25   a -- the parties seeing what's in the files and then with a

1    potential clawback?

2        I'm just trying to think this through because I don't know

3    what's in there, and I'm -- I'm hesitant to issue a ruling or

4    consider what -- I don't know the scope of what's at issue.

5        **MS. PAPPY:**  Well, why don't I -- for next Wednesday's

6    meet-and-confer, why don't I -- because we're in touch with the

7    CDCR attorney, why don't I ask him for a list, and I'll provide

8    that to plaintiffs' counsel, and maybe that will cause some

9    resolution or not.

10       But at least when it -- if it gets to a motion, they will

11   have the list, and we will have the list, and you will have the

12   list.

13       **MS. GRUNFELD:**  I have the list.  It's in -- it's in

14   Title 15, and I can provide it to you.  I mean, I have the list

15   of what would be in the file, and I'd be happy to send that

16   over.

17       **MS. PAPPY:**  Yeah.

18       I'll get -- I'll call the CDCR because I'd rather hear it

19   out of their mouth than in some title regulation because we all

20   know that they're not called the same thing.  That -- so I'll

21   get it from CDCR.

22       I'm happy to receive what Ms. Grunfeld wants to send, but

23   I think it's better to get it from CDCR's mouth so we all know

24   what we're talking about, and they know what we're talking

25   about, if the Court issues an order.

**Ex. S-207**

 1          **THE COURT:**  It is not clear to me, Ms. Pappy, how

 2    disciplinary files from different institutions would be

 3    relevant to a claim or defense in this case.

 4          And if there is going to be briefing on that, I really

 5    want to understand that because it's just -- it doesn't -- if

 6    we're talking about allegations of unconstitutional conditions

 7    in the San Diego County jails, I just -- I'm just giving you a

 8    heads-up that that's what I'm struggling with, Ms. Pappy, right

 9    now, is why -- why does that open the floodgate for every time

10    one of the named class representatives allegedly engaged in,

11    you know, discipline?

12          I'm not sure that you would say that's analogous to the

13    plaintiffs' request for, you know, all grievances, for example,

14    relating to the jails, which I, if I recall correctly, denied

15    on a motion to compel.  And it does strike me that, you know,

16    overbreadth would be a true concern here for many of the same

17    reasons that I, you know, expressed at the prior hearing.

18          So, again, I'm not making -- issuing a ruling on that,

19    Ms. Pappy.  I -- but we are talking about, you know -- well,

20    we're talking about records that -- for which there is a right

21    to privacy, and I realize that the protective order often

22    accounts for that.  That was my ruling on the CIRB reports.

23          And so -- but, you know, every -- the entire psych file

24    for every one of the named plaintiffs, the entire disciplinary

25    file -- I really would want to understand why that is relevant

**Ex. S-208**

1    to a claim or defense and proportional to the needs of the

2    case, keeping those concerns in mind and the protective order.

3         So here's what I'm going to do.  I will await your

4    stipulation, and that will give us a better sense of the timing

5    on this issue.  Hopefully, the benefit of my just initial

6    thinking is helpful to you-all in trying to resolve this issue.

7         But if you can't, we will do a fast briefing schedule on

8    this, and I will issue a prompt ruling on it, most likely on

9    the record orally, so that we can move quickly and then follow

10   it up with a brief written order.  I don't want to take this

11   under submission if there needs to be briefing on it.

12        **MS. PAPPY:**  Sure.

13        And I -- if I may just briefly respond --

14        **THE COURT:**  Sure.

15        **MS. PAPPY:**  -- that -- that -- you know, credibility

16   is a huge issue, a huge issue.  And we have people claiming

17   things that are essentially unverifiable because -- because

18   they're just their statements.  They're not -- there are no

19   witnesses.

20        And the ability to attack credibility, yes, undercut these

21   people.  I don't -- this is litigation.  It's not personal.

22   It's litigation, and my client has a right to due process.  To

23   deny them information that goes directly to credibility, I

24   think, is -- would be an incorrect ruling on the law.

25        Now, if there's a discipline file that the -- the act that

1    caused the discipline that has nothing to do with it, first of

2    all, I'm not going to use it because I don't care about it.

3    But that is something that -- unfortunately, again, without

4    seeing the discipline file, I can't know which are -- which are

5    appropriate and which aren't.

6        So one of the solutions that we're, of course, going to

7    propose, because it sounds like this motion is going to happen,

8    no matter what, is that we get the records, and then we meet

9    and confer on which ones shouldn't be used, which ones should

10   be used, something like that, because a blanket, "You can't

11   have any discipline," even if it relates to, as Your Honor

12   pointed out, merits -- and I understand Ms. -- Ms. Grunfeld's

13   position about how bad the CDCR process is.

14       I'm sure CDR- -- -CR would probably disagree, but that's

15   for the trial judge to decide, whether something is -- is

16   admissible.  So --

17           **THE COURT:**  Okay.

18           **MS. PAPPY:**  -- with that said, I will get -- I will do

19   my homework and get the list from CDCR and ask them whether

20   there's any kind of list of what types of discipline -- is

21   there, like, a cover sheet that they can give to us to vet

22   that?  I kind of doubt it, but I'll find out.

23           **THE COURT:**  I would like to have more information on

24   that, and we -- because the dispute is really focused on

25   disciplinary records and -- and psych records.

**Ex. S-210**

 1          Am I correct, generally speaking, Ms. Grunfeld?

 2          **MS. GRUNFELD:**  We object to all aspects of the C-file

 3     other than the two I mentioned, all nine items at this time,

 4     and I would like to be copied on any communications with CDCR

 5     about my clients' files.

 6          **MS. PAPPY:**  I'm not going to copy Counsel on

 7     communications with the attorney about, "Can you send me a

 8     list?"

 9              **THE COURT:**  All right.

10          **MS. PAPPY:**  This is my -- my problem.  This is my

11     responsibility.

12              **THE COURT:**  Hang on.  Ms. Pappy, hang on.

13          I'm not going to order that anybody copy each other on

14     emails, based on this record.  That's something that you-all

15     can discuss amongst yourselves or between yourselves and the

16     CDCR attorney.

17          I wasn't trying to confine you unnecessarily,

18     Ms. Grunfeld.  I understood there were nine categories.  So I'm

19     not trying to say you can't object to anything else.  I just

20     thought those were the two -- the two big categories.  Is that

21     correct, or is there really more besides disciplinary and psych

22     records?

23          And if you're not sure, then you can just tell me that.

24          **MS. GRUNFELD:**  I believe there's more, Your Honor.

25     I'm pulling up my brief right now.  I mean --

**Ex. S-211**

1          THE COURT:  Okay.

2          MS. GRUNFELD:  -- I have the list.  I just don't have

3     it right in front of me.

4          THE COURT:  No problem.  No problem.  I was just --

5     I'm trying to just understand the scope of -- of the issue.

6          All right.  I will await your stipulation.  And then, as

7     soon as that happens, if I can resolve this issue, I will, and

8     I will speak with you about it next Friday as to how best to

9     proceed.

10         With respect to the medical records, though, is there any

11    reason to hold that up?  You-all are going to agree on it, and

12    that can go forward.

13         MS. GRUNFELD:  I believe we need a stipulation and

14    order from the Court, and I will look at whatever Ms. Pappy

15    sends over promptly.

16         THE COURT:  Why do you need an order from the Court on

17    the medical records, Ms. Grunfeld?

18         MS. GRUNFELD:  As I previously wrote to Ms. Pappy, the

19    protective order we have in place does not cover CDCR.  In my

20    last communication with CDCR's counsel, they said they needed a

21    protective order to produce the medical records.

22         So --

23         THE COURT:  Oh, I see.  You're talking about the

24    stipulation being for a protective order.  I didn't understand

25    that -- that aspect of it.

1          MS. GRUNFELD:  Well -- and I would ask that that

2    document recite the time frame.

3          THE COURT:  Okay.  Okay.

4          MS. GRUNFELD:  And it can say that, "To the best of

5    ability" or "This is what we plan to use" or -- you know, to --

6    to reflect the caveats that were discussed earlier today.

7          MS. PAPPY:  I'll -- I'll talk to Ms. Grunfeld about

8    that offline.  I'm not sure if it makes sense to include that

9    stipulation as a part of the protective order, adding them to

10   the protective order, because it's just a simple matter of

11   adding them.

12      But maybe the other stipulation --

13          THE COURT:  Okay.

14          MS. PAPPY:  -- we can combine them.

15          THE COURT:  All right.  Got it.

16      I will -- is that Mr. Murray?  Can you tell him to hold?

17   Thank you.

18      All right.  Then I'll look forward to your update on that

19   on March 1st at 9:30 a.m.

20      All right.  I know that there's a lot going on, but I,

21   again, was heartened to see, from you both, that you think --

22   oh, wait.  I'm sorry.  There's one more issue.  I apologize.

23      Can I cut to it, Ms. Pappy?

24          MS. PAPPY:  You can.

25          THE COURT:  I don't see the deficiency in these

1

2

3                    **CERTIFICATE OF TRANSCRIBER**

4          I certify that the foregoing is a true and correct

5    transcript, to the best of my ability, of the above pages of

6    the official electronic sound recording provided to me by the

7    U.S. District Court, Southern District of California, of the

8    proceedings taken on the date and time previously stated in the

9    above matter.

10          I further certify that I am neither counsel for,

11   related to, nor employed by any of the parties to the action in

12   which this hearing was taken, and further that I am not

13   financially nor otherwise interested in the outcome of the

14   action.

15

16   DATE:  Monday, February 26, 2024

17

18

19

20          _____/S/ James C. Pence-Aviles_____

21       James C. Pence-Aviles, RMR, CRR, CSR No. 13059
                    U.S. Court Reporter
22

23

24

25

**Ex. S-214**

# EXHIBIT T

1  DONALD SPECTER – 083925
   RITA K. LOMIO – 254501
2  MARGOT MENDELSON – 268583
   PRISON LAW OFFICE
3  1917 Fifth Street
   Berkeley, California  94710-1916
4  Telephone:    (510) 280-2621
   Facsimile:    (510) 280-2704
5
   MICHAEL W. BIEN – 096891
6  GAY C. GRUNFELD – 121944
   PENNY GODBOLD – 226925
7  MICHAEL FREEDMAN – 262850
   ROSEN BIEN
8  GALVAN & GRUNFELD LLP
   101 Mission Street, Sixth Floor
9  San Francisco, California  94105-1738
   Telephone:    (415) 433-6830
10 Facsimile:    (415) 433-7104

11 LINDA D. KILB – 136101
   DISABILITY RIGHTS
12 EDUCATION & DEFENSE FUND,
   INC.
13 3075 Adeline Street, Suite 201
   Berkeley, California  94703
14 Telephone:    (510) 644-2555
   Facsimile:    (510) 841-8645
15
   Attorneys for Plaintiffs
16

CALIFORNIA OFFICE OF THE
ATTORNEY GENERAL
ROB BONTA
Attorney General of the State of California
MONICA ANDERSON
Senior Assistant Attorney General
ADRIANO HRVATIN
Supervising Deputy Attorney General
SEAN LODHOLZ
ANDREA S. MOON

TRACE O. MAIORINO
Deputy Attorneys General
State Bar No. 179749
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
Telephone:    (415) 510-3594
Fax:              (415) 703-5843
E-mail: Trace.Maiorino@doj.ca.gov

Attorneys for Defendants Gavin Newsom
and the California Department of Corrections
and Rehabilitation

17                    UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19

20  JOHN ARMSTRONG, et al.,             Case No. C94 2307 CW

21            Plaintiffs,               **JOINT CASE STATUS STATEMENT**

22      v.                              Judge:  Hon. Claudia Wilken

23  GAVIN NEWSOM, et al.,

24            Defendants.

25

26

27

28

**Ex. T-216**

# EXHIBIT C

Ex. T-217



**ROSEN BIEN**
**GALVAN & GRUNFELD** LLP

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 • F: (415) 433-7104
www.rbgg.com

Penny Godbold
Email: PGodbold@rbgg.com

June 10, 2021

VIA ELECTRONIC MAIL ONLY

| PRIVILEGED AND CONFIDENTIAL |
| --- |
| SUBJECT TO PROTECTIVE ORDERS |

Jennifer Neill
Tamiya Davis
CDCR Office of Legal Affairs
Jennifer.Neill@cdcr.ca.gov
Tamiya.Davis@cdcr.ca.gov

Re:    *Armstrong v. Newsom*: Holding Staff Accountable for Issuing False,
       Retaliatory, and Discriminatory RVRs Against People with Disabilities
       Our File No. 0581-03

Dear Jenn and Tamiya:

As you are aware, the Court in *Armstrong* found that Defendants' failure to investigate and hold staff accountable for misconduct violated the Americans with Disabilities Act ("ADA") and the *Armstrong* Remedial Plan ("ARP"). *See* Order Granting in Part Motion to Modify Remedial Orders and Injunction, Dkt. 3059 ("RJD Order"), at 35-43; Order Granting in Part Motion for Permanent Injunction, Dkt. 3217 ("Five Prisons Order"), at 36-45. The Court also found that widespread retaliation by staff against people with disabilities for reporting staff misconduct violated the ADA and had a significant chilling effect on the reporting of staff misconduct and individual's willingness to seek accommodations. *See* RJD Order at 60-62; Five Prisons Order at 62-64 (staff members who intimidate, threaten or coerce class members into giving up their right to file requests for ADA accommodations or grievances violate the ARP and the ADA).

The parties are currently negotiating significant changes to the staff misconduct investigation and disciplinary process, which include anti-retaliation protections, aimed at remedying the violations identified in the *Armstrong* Court orders. As these remedies take shape, false, retaliatory, and discriminatory Rule Violation Reports ("RVRs") issued

**Ex. T-218**

**PRIVILEGED AND CONFIDENTIAL**

Jennifer Neill
Tamiya Davis
June 10, 2021
Page 2

to class members remain a significant barrier to reform.  The RVR process is unfair and
biased against incarcerated people, fails to detect and investigate false or retaliatory
RVRs, is used by officers to cover up their own misconduct, and fails to hold responsible
staff members accountable for serious acts of misconduct which, in some cases, warrant
termination or criminal prosecution.  *See* Penal Code § 118.1 (prohibiting peace officers
from filing knowingly-false reports regarding the commission or investigation of a crime
with their law enforcement agency, punishable by incarceration in county jail for up to
one year, or in prison for up to three years); *see also* Employee Disciplinary Matrix
("Matrix"), Department Operations Manual, § 33030.19, categories B(4), B(5), E(3), and
E(7) (several of which carry a base penalty of termination).  Plaintiffs acknowledge that
improvements to the staff misconduct investigation process and the widespread
installation of cameras, especially body-worn cameras, may reduce the incidence of false
and retaliatory RVRs issued against people with disabilities.  Nevertheless, the current
RVR process will continue to undermine Court-ordered efforts to remedy staff
misconduct related ADA violations unless CDCR agrees to reform it.

Plaintiffs hope to incorporate the RVR process into our existing and ongoing
negotiations regarding other reforms.  Plaintiffs are open to having a conversation about
how best to accomplish this.

**I.      Staff's Abuse of the RVR Process Threatens the Integrity of the Entire Staff
Misconduct Accountability System**

In declarations attached hereto, *Armstrong* and *Coleman* class members declare
that they were issued false or retaliatory RVRs at several institutions after complaining
about staff misconduct.  Their reports are corroborated by custody documents, documents
from the electronic health record system, and witness testimony.  These false and
retaliatory RVRs demonstrate a number of serious problems with the RVR process that
must be remedied to ensure compliance with the ADA and *Armstrong* Court orders.  In
response to the false RVRs listed below, Plaintiffs request that Defendants take
immediate action to investigate allegations of staff misconduct, as set forth in detail in
**Appendix A**.

- The *Armstrong* Court specifically credited reports of false and retaliatory RVRs
issued against class members, finding Mr. ▮▮▮ and Ms. ▮▮▮▮ reports that
Mr. ▮▮ had been issued a false and retaliatory RVR more credible than
representations made by Defendants' employees during the July 2020 retaliation
litigation.  *See* Order Granting in Part Motion for a Preliminary Injunction ("PI
Order"), Dkt. 3025, at 14, 18-19 ("the Court finds the description of the June 17

[3739200.2]

**Ex. T-219**

**PRIVILEGED AND CONFIDENTIAL**
Jennifer Neill
Tamiya Davis
June 10, 2021
Page 3



incident in the declarations of [Plaintiffs' witnesses] to be credible" and "the Court finds that Defendants' description of the June 17 incident…lacks credibility"). Despite the Court's finding that the RVR in this case was false and retaliatory, there is no indication that CDCR took any action to hold these staff members accountable nor compensate Mr. ███ for harm suffered as a result of the false and retaliatory RVR. Moreover, CDCR agreed to rescind this false and retaliatory RVR only under pressure of further litigation from Plaintiffs' counsel.

- *Armstrong* and *Coleman* class members ███ (███ and ███ ███ (H59962) were issued false and retaliatory RVRs for exhibitionism ("IEX") by Officer Veytia. *See* Declaration of ███ ███ attached hereto as **Exhibit A**; Declaration of ███ ███ attached hereto as **Exhibit B**. They report this occurred in response to Mr. ███ assisting Mr. ███ with staff misconduct complaints. *See* Ex. A, ¶ 16; Ex. B, ¶ 16. The "Circumstances of Violation" sections of the two RVRs, which describe the purported conduct that gave rise to the RVRs, are *identical* in substance. *See* RVR Log Nos. 7052177 & 7052179, attached hereto as **Exhibit C**. Despite the improbability that two men, in two different cells, acted in precisely the say ways (i.e., same alleged mannerisms, same alleged position) at the exact same time, there is no indication that any of the overlapping staff members involved in the RVR process (e.g., reviewer Sergeant Cervantes and classifier Captain Amador) flagged these two RVRs issued by the same officer as suspicious, though both class members alleged the reports were false and were evidence of retaliatory misconduct. *See* Ex. A, ¶ 16; Ex. B, ¶ 16. Neither Mr. ███ nor Mr. ███ were allowed to present the exculpatory evidence of the substantively identical and suspicious RVR reports and both were found guilty. *See* Ex. A, ¶ 20; Ex. B, ¶ 20.

- *Armstrong* and *Coleman* class member declarant ███ ███ (███ has been subjected to a barrage of false and retaliatory RVRs issued by staff in response to her participation in Plaintiffs' staff misconduct litigation and her ongoing efforts to hold staff accountable for misconduct. *See* Declaration of ███ ███ attached hereto as **Exhibit D**. Ms. ███ has received at least six retaliatory RVRs in the past ten months at Mule Creek State Prison ("MCSP"). *See* RVR Log Nos. 7022197R1, 7023212, 7034336, 7037310, 7041801, & 7060805, attached hereto as **Exhibit E**. Her reports are corroborated by two declarations from witnesses at MCSP. *See* Declaration of ███ ███ attached hereto as **Exhibit F**; Declaration of ███ ███ attached hereto as **Exhibit G**. In addition to these false RVRs, staff have engaged in a campaign

[3739200.2]

**Ex. T-220**

**PRIVILEGED AND CONFIDENTIAL**

Jennifer Neill
Tamiya Davis
June 10, 2021
Page 4



of harassment and abuse directed at Ms. ▮▮▮ including: labelling her a "snitch" and a confidential informant; publicly blaming her for the loss of services, programs and activities in an attempt to pit other incarcerated people against her; and actively recruiting incarcerated people to manufacture false charges against Ms. ▮▮▮ in order to punish her. *See generally* Ex. D; Ex. F, ¶¶ 10-13. After Mr. ▮▮▮ refused an officer's request to plant evidence on and make false reports about Ms. ▮▮▮ Mr. ▮▮▮ too was publicly called a "snitch" and a "confidential informant" by staff. *See* Ex. F, ¶ 17; *see also* MHPC Note (Nov. 25, 2020) ("IP reports that an officer called him a 'confidential informant outline' (sic) which he feels could put him at risk for being assaulted"), attached hereto as **Exhibit H**.

- Class member declarant ▮▮▮ (▮▮▮ was subjected to a torrent of false and retaliatory RVRs in a manner similar to the campaign of retaliation against Ms. ▮▮▮ at MCSP. *See* Declaration of ▮▮▮ attached hereto as **Exhibit I**. After Mr. ▮▮▮ filed a complaint about Officers Simpson and Inman intentionally closing his hand in his cell door and calling him a snitch, these officers and other staff issued him three false and retaliatory RVRs. *See generally* Ex. I. In one instance, Mr. ▮▮▮ was accused of delaying Officer Inman when he failed to refuse his food tray. *Id.*, ¶¶ 22-25. Even though the RVR itself does not describe any delay—and so the facts of the RVR, even if assumed to be true, cannot support the charge—and another incarcerated person testified that Mr. ▮▮▮ had given him his food tray on the day in question, Mr. ▮▮▮ was found guilty in a biased and unfair hearing in which exculpatory evidence was ignored. *See* Letter from E. Galvan & P. Godbold to T. Davis & N. Weber (Apr. 14, 2021), attached hereto as **Exhibit J** (exhibits omitted), at 3-4. In a second instance, a Hearing Officer found that an RVR issued to Mr. ▮▮▮ contained "no evidence…" of the charge attributed to him. *Id.* at 4-5. In the third instance, Mr. ▮▮▮ was found guilty of disobeying Officer Simpson's orders in spite of exonerating witness testimony and documented injuries that were inconsistent with the version of events presented in the RVR. *Id.* at 5-6.

- *Coleman* class members ▮▮▮ ▮▮▮ (▮▮▮ ▮▮▮ (▮▮▮ and ▮▮▮ (▮▮▮ were all assaulted by staff at California State Prison – Sacramento ("SAC") during the last week of January 2021. *See* Letter from J. Winter to T. Davis & N. Weber (June 9, 2021). Staff subsequently issued these class members RVRs that: a) failed to explain the extent of injuries sustained in the incidents, all of which constituted great bodily injury ("GBI")

[3739200.2]

**Ex. T-221**

**PRIVILEGED AND CONFIDENTIAL**
Jennifer Neill
Tamiya Davis
June 10, 2021
Page 5

and b) evinced commonalities that suggest that the RVRs were written in concert or otherwise, that staff were coached in their reporting of the incidents. *Id.* at 10-12. In one instance, both Officer Avila and Officer Saeturn, in their reports about different incidents that occurred on different days, both misspelled "strength," reporting that they "utilized physical strength**s**" (emphasis added) against Mr. ▆▆▆▆ and Mr. ▆▆▆▆ respectively. *Id.* The RVRs issued to these class members overlap in other, seemingly non-random ways; in fact, roughly half of the operative language regarding the incidents is identical. *Id.* These considerations, combined with injuries sustained by class members that were inconsistent with the type and degree of force reported, raise serious doubts about the veracity of these three RVRs and suggest that officers issued the RVRs to cover up their assaults of Mr. ▆▆▆ Mr. ▆▆▆▆ and Mr. ▆▆▆▆.

- During a recent *Armstrong* monitoring tour, supervisory staff at the California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF") admitted to serious problems with the RVR process. In one case, a Captain stated that he "of course" has identified false RVRs, including as recently as two weeks prior to Plaintiffs' tour, when an officer submitted a baseless RVR against a person considered to be difficult. The Captain reported that no disciplinary action was taken against the officer. In another case, a Sergeant at SATF responsible for adjudicating RVRs stated that custody officers are sworn police officers and therefore do not lie; as a result, he reported, he will always believe their version of events over that presented by incarcerated people. Plaintiffs have received multiple complaints about false, retaliatory, and discriminatory RVRs at SATF and are in the process of collecting those reports to provide to Defendants.

- In several reports, the Officer of the Inspector General ("OIG") has found that CDCR has failed to remedy the harms caused by the statewide pattern and practice of false and retaliatory RVRs issued against class members. In one case, despite finding that staff had used unreasonable force against a *Coleman* class member, the class member was "left with an unjust guilty finding resulting from the first officer falsely accusing him of battery during this use-of-force incident." *See* Sentinel Case No. 20-04 (Aug. 19, 2020) at 5. In another case monitored by the OIG, CDCR declined to refer an officer for investigation when video surveillance evidence contradicted the false RVR he submitted; despite being proven false, that RVR was only reduced to a counseling chrono, which remains in the incarcerated person's file to this day. *See* June 2020 Complaint Intake and Field Inquiries Report (June 2, 2021) at 53-55. Lastly, in contrast to CDCR's

[3739200.2]

Ex. T-222

**PRIVILEGED AND CONFIDENTIAL**

Jennifer Neill
Tamiya Davis
June 10, 2021
Page 6

  assertion that they take all allegations of staff misconduct seriously, the OIG has
found that, when it comes to allegations of false and retaliatory RVRs, CDCR
chose to exempt such allegations from the Allegation Inquiry Management
Section ("AIMS") despite "having no reasonable justification for doing so." *See*
Special Review (Feb. 16, 2021) at 3. Although AIMS will be eliminated under
the parties' agreements, Plaintiffs remain deeply concerned at the lack of
attention CDCR has paid to the problem of false and retaliatory RVRs.

  Plaintiffs' counsel have raised similar reports, documenting clear cases of false
and retaliatory RVRs issued against class members at multiple institutions. *See* Letter
from G. Pelsinger & R. Lomio to T. Davis (Mar. 26, 2021); Letter from G. Pelsinger &
R. Lomio to T. Davis (Mar. 3, 2021); Letter from T. Nolan to N. Weber and M. Bentz
(Sept. 24, 2020). Dozens of declarations filed in support of Plaintiffs' litigation provide
further evidence of the scope and severity of this problem. *See* Letter from T. Nolan to
N. Weber and M. Bentz (Sept. 24, 2020).

  Defendants can no longer remain complacent in the face of serious staff
misconduct in the RVR process. Currently, staff risk little when they issue false,
retaliatory, or discriminatory RVRs. At most, cases that display problems are dismissed
at adjudication, without officers being referred for investigation and discipline. In stark
contrast, incarcerated people have much to lose the moment they are accused of
misconduct by an RVR. When officers submit false RVRs against incarcerated people,
they uproot them from their cells, cause them to be placed in restrictive administrative
segregation units, which are detrimental to mental health for days or months, while
CDCR adjudicates the RVR, cause their property to often be lost or destroyed, and
disrupt their rehabilitative programming. Class members found guilty of false RVRs—
usually in hearings that are rushed, unfair, and contrary to basic due process principles—
suffer additional serious harm, including: 1) denials of parole by the Board of Parole
Hearings, resulting in unfair and unnecessary continued incarceration; 2) increases in
security level, resulting in placement in more restrictive and dangerous housing and
programming; 3) denial of access to credit-earning opportunities; 4) loss of already-
earned credits; 5) loss of access to rehabilitative programming; and 5) loss of privileges,
including visiting and telephone privileges. *Id.*

  The current RVR process lacks appropriate safeguards and should be remedied to
ensure that staff: 1) identify potentially false RVRs; 2) afford class members due process
in hearings; and 3) are investigated and, if warranted, disciplined for this serious type of
misconduct. Toward that end, Plaintiffs propose the following remedies for the parties'
consideration.

[3739200.2]

**Ex. T-223**

**PRIVILEGED AND CONFIDENTIAL**
Jennifer Neill
Tamiya Davis
June 10, 2021
Page 7

### 1.    Headquarters-level Adjudication of RVRs

RVRs issued to people with disabilities should be adjudicated outside of institutions by staff members who are unbiased and unconnected to the staff and incarcerated people involved. There is significant evidence of bias in the adjudication of RVRs discussed in the class member declarations and other evidence presented by Plaintiffs' counsel. Class members ████ ████ and ████ ████████ were not allowed to present evidence that Officer Veytia had issued *substantively identical* RVRs to each class member. Ex. A, ¶ 20; Ex. B, ¶ 20.  Questions raised by class member ████████ ████████ that were clearly relevant to the accusations against her were deemed irrelevant by the Hearing Officer. *See* Ex. D, ¶ 25; *see also* Ex. E, at 40-41, 48 (RVR Supplemental, Log No. 7037310) (questions about whether Ms. ██████ had engaged in coercion deemed irrelevant when she was charged with coercing incarcerated people to manufacture false allegations). Class member declarant ████████████ (████████ requested a clinician present at his RVR hearing, but the hearing was held on a weekend when that clinician was not working. *See* Ex. I, ¶ 23.  These are just a few of examples of class members who were issued guilty findings without CDCR considering potentially exculpatory evidence.

The extreme bias occurring during the institutional adjudication of RVRs not only results in inappropriate findings of guilt, but also ensures that evidence of staff misconduct remains undetected and uninvestigated, as evidenced by the declarations of Mr. ██████ and Mr. ████████████.  Mr. ████████ and Mr. ████████████ were issued false RVRs for IEX that were virtually identical, which somehow went undetected. *See* Exhibit A, ¶ 16; Ex. B, ¶ 6; Ex. C; *see also* Letter from G. Pelsinger & R. Lomio to T. Davis (Mar. 26, 2021) (reporting identical RVRs issued to class members at SAC).  This failure to detect plagiarism, verbatim reports, and inconsistent officer statements parallels the findings of *Armstrong* expert Jeffery Schwartz regarding biased and incompetent investigations performed by staff at the prison where the incident occurred. *See* Schwartz Decl., Dkt. 2947-9, ¶ 224-264.

Just as the parties have agreed that institutional staff should not be charged with investigating allegations of staff misconduct arising at the prison where they work, those same staff should not be charged with adjudicating RVRs brought by their friends and colleagues against class members they too may have a history with.

/ / /

/ / /

[3739200.2]

**Ex. T-224**

**PRIVILEGED AND CONFIDENTIAL**
Jennifer Neill
Tamiya Davis
June 10, 2021
Page 8

### 2.    Mandatory Consideration of Audio-Video Evidence

Plaintiffs propose that, by policy, for all RVRs where the accused has pled "not guilty," the Hearing Officer must review and consider <u>any available audio-video evidence</u> before adjudicating the RVR.  Under current policy, that evidence is only considered if the staff member issuing the RVR requests it.  *See* Cal. Code Regs. tit. 15 § 3315.  The parties have negotiated changes to policy to allow incarcerated people to also present audio-video evidence in their defense upon request.  This policy is meaningless, however, unless each class member is given notice of their right to review and present any available audio-video evidence in their defense during the RVR process.  To ensure that such evidence is taken into consideration during the process, **Hearing Officers should be required by policy to view any available audio-video evidence and document whether such evidence is consistent with the employee's report.**  If, after reviewing the audio-video evidence, the Hearing Officer believes that the RVR is inconsistent with the audio-video evidence, Hearing Officers must also be obligated to report and take action on such inconsistency.

### 3.    Mandatory Recording of RVR Hearings

Plaintiffs propose that, by policy, all RVR hearings be video-recorded to create a record of statements made by the parties involved, evidence considered by the Hearing Officer, and any due process violations that occurred in the process.  Under current practice, the only record from RVR hearings is a cursory written summary generated by the Hearing Officer.  Recording the adjudication hearing is necessary to ensure that Hearing Officers are comprehensively and fairly reviewing all available evidence when adjudicating RVRs, as well as to ensure that class members' due process rights are respected.[1]

/ / /

---

[1] This is particularly true for people with communication disabilities.  In one recent example, a Deaf signer filed a staff complaint alleging that he was denied witnesses during his RVR hearing.  In response, his 602 was disapproved based on a Lieutenant's statement that, "I utilized a sign language interpreter for the hearing.  From what I can recall, ▮▮▮ never directly requested any witness to his hearing."  *See* Letter from S. Lovett & R. Lomio to T. Davis (May 17, 2021), Attachment C, attached hereto as **Exhibit K.**

**Ex. T-225**

**PRIVILEGED AND CONFIDENTIAL**
Jennifer Neill
Tamiya Davis
June 10, 2021
Page 9

4.  **Mandatory ADA Diversion Process to Eliminate Blatant Disability Discrimination**

Plaintiffs have identified examples of blatant disability discrimination in the RVR process.  In one recent case, an *Armstrong* class member who is identified as requiring a wheelchair received multiple RVRs at SATF when he failed to stand up for standing count due to his disability.  *See* Letter from R. Lomio to T. Davis (Nov. 5, 2020).  Similarly, in violation of the ARP and the ADA, staff issued Ms. ▮▮▮▮▮ with an RVR merely for asserting her right to wear her sunglasses inside, an accommodation that had been afforded to her pursuant to the long-standing reasonable accommodation practices in this case.  *See* Ex. D, ¶ 33-35; Ex. E at 75 (RVR Log No. 7060805).  That staff routinely issue class members RVRs when they are unable to perform their assignment duties because of their disabilities is a longstanding issue in this case.  *See, e.g.*, Oct. 2020 RJD Monitoring Tour Report (Nov. 14, 2020) § IV.E (detailing systemic pattern of discriminatory RVRs issued to class members at RJD in assignment context); Letter from S. Lovett & R. Lomio to T. Davis (May 31, 2021).  These examples evince blatant disability discrimination in the RVR process, and results in an escalating spiral of harm incurred to class members—including the loss of credits, program opportunities, and placement in more and more restrictive settings—solely on account of class members' disabilities, in violation of the ADA.  *See Olmstead v. L.C. ex rel Zimring*, 527 U.S. 581, 597 (1999); 42 U.S.C. § 12132; 42 U.S.C. § 12101; 28 C.F.R. § 35.130(d); *Padilla v. Beard*, 2014 WL 6059218 at *9 (E.D. Cal. 2014).

Although the RVR process has been modified pursuant to orders in *Coleman* to prevent this type of discrimination from occurring, the *Coleman* process has failed to prevent class members from being disciplined repeatedly for acts that are clearly connected to their underlying disability or mental health diagnosis.  *See* Letter from C. Trapani to N. Weber et al. (Feb. 2, 2021); 2018 Program Guide, *Coleman* ECF No. 5864-1 at 262 (requiring clinicians to recommend documenting behavior in alternative manner when patient's behavior was "strongly influenced by symptoms of a mental illness"); Cal. Code Regs. tit. 15 § 3317 (same).  People with disabilities should not be punished for behavior that stems from their disabilities nor for asserting their right to disability accommodations.

The *Coleman* remedy includes diversion from the disciplinary process in cases where the conduct at issue is strongly influenced by mental health symptoms.  Cal. Code Regs. tit. 15 §§ 3317(d); 3317.1.  These rules allows for alternative means of documenting the behavior to keep the incarcerated person out of the disciplinary process.  There is no evidence that Defendants are complying with these rules; there is also

**Ex. T-226**

**PRIVILEGED AND CONFIDENTIAL**
Jennifer Neill
Tamiya Davis
June 10, 2021
Page 10

currently no analogous remedy to protect *Armstrong* class members from winding up in the disciplinary process for acts directly related to their disability or staff's failure to accommodate their disability. Instead, the cases discussed above demonstrate the opposite: that Defendants tolerate a culture in which RVRs are issued as a means by which staff can express their hostility toward incarcerated persons because of their disabilities and to retaliate when incarcerated persons complain about staff misconduct.

Plaintiffs would like to discuss changing to the RVR process to strengthen and extend the diversionary processes under Title 15 §§ 3317(d) and 3317.1 to require alternatives to RVRs and/or to require higher-level authorization to use the RVR process against class members when an alternative is available.

### 5.  Enforce Strict Time Limits for Adjudication of RVRs

CDCR policy requires that RVRs be heard within 30 days of receipt of written notice of the charge unless, among other things, exceptional circumstances exits. *See* Penal Code § 2932(c); Cal. Code Regs. tit. 15 § 3320(b). Such time limits are necessary to prevent class members for languishing for weeks or months in administrative segregation pending the adjudication of their RVR, especially if they did not commit the violation attributed to them. Plaintiffs are concerned, based on reports of class members who remain in segregation for months pending adjudication of their RVR, that time limits are not being enforced or monitored. Plaintiffs would like to discuss options for ensuring swift adjudication of RVRs, especially where there is allegation that the charges are false or retaliatory.

### 6.  Ensure Retention of RVR Documents Providing Evidence of Disability-related Misconduct and Retaliation in the RVR Process

In previous correspondence, Plaintiffs expressed concern about Defendants' record-keeping practices around RVRs and an apparent practice whereby Defendants purge RVR documentation from class members' custody files after the RVR is adjudicated favorably to the class member (i.e., not guilty or dismissed). *See* Letter from P. Godbold to T. Davis & N. Weber (Apr. 30, 2021). Retention of these documents is critical for Plaintiffs' monitoring and for holding staff accountable for issuing false and retaliatory RVRs. We renew our request for information about Defendants' record-keeping practices, including answers to the following questions:

1.  Are class members notified when an RVR is dismissed "for any reason," as required by policy?

**Ex. T-227**

**PRIVILEGED AND CONFIDENTIAL**
Jennifer Neill
Tamiya Davis
June 10, 2021
Page 11

    2.    When an RVR is dismissed "for any reason," what happens to the RVR and any associated documentation (e.g., Supplemental, Disciplinary Hearing Results, Mental Health Assessment, etc.)?  Are any copies of the RVR and associated documents preserved, and if so, where are they preserved and for how long are they preserved?  Are any documents memorializing the decision to dismiss, as well as the reasoning behind that decision, preserved?

    3.    When an RVR is dismissed for "any reason," who ensures that the RVR is expunged from the person's custody file?

    4.    Does CDCR maintain any records or logs memorializing changes made to the disciplinary section of custody files (e.g., when changes were made, who made changes, why changes were made, etc.)?

    5.    When an RVR is dismissed for "any reason," does that trigger a review of the dismissed RVR to determine whether staff committed misconduct (dishonesty or retaliation, for example) in issuing the dismissed RVR?

    **7.**    **Ensure Allegations of Staff Misconduct Are Not Dependent on the Adjudication of the RVR**

Currently class members who attempt to challenge their segregation placement based on a false RVR are told they must wait until the RVR is adjudicated.  Indeed, by regulation, class members may not grieve any "pending" decisions, which CDCR construes to include allegedly false and retaliatory RVRs that have not yet been adjudicated.  *See* Cal. Code Regs. tit. 15 § 3487(a)(2).  In practice, this regulation means that allegations of false and retaliatory RVRs may be screened-out, with no investigative follow-up conducted, solely because the RVR has not been adjudicated.  *See* 602 Log No. 52483 and Response, attached hereto as **Exhibit L** (rejecting allegation of falsified RVR because "RVR is not finalized, you must wait until you receive your decision response").  In the meantime, class members wait months in segregation without any consideration of their allegations.  During that time, their access to exculpatory witnesses and evidence is severely limited, making it difficult for them to mount a credible defense to the charges against them and to collect further evidence of staff misconduct violations.  Policy must ensure that any allegation that an RVR is false, retaliatory, or discriminatory be

[3739200.2]

**Ex. T-228**

**PRIVILEGED AND CONFIDENTIAL**
Jennifer Neill
Tamiya Davis
June 10, 2021
Page 12

investigated by OIA pursuant to the new system for staff misconduct investigations, even if the RVR has not yet been adjudicated.

Moreover, in cases where class members are found guilty of a false or retaliatory RVR, and they submit a staff misconduct complaint after adjudication challenging the RVR, their complaint is summarily denied: because of the guilty finding, CDCR deems their allegation of staff misconduct unfounded. *See* 602 Log No. 81605 and Response, attached hereto as **Exhibit M** (denying 602 alleging false RVR and due process violations based on hearing documentation alone, with no further investigation). This chicken and egg problem will never be resolved under the existing unfair and biased process, which almost always results in guilty findings and fails to detect misconduct even when compelling evidence exists. Allegations of staff misconduct must be considered distinctly from the guilt or innocence of the class member in the RVR process.

### 8.    Mandatory Staff Misconduct Review of Serious RVRs

Plaintiffs propose that, by policy, CDCR take steps to determine, when a serious RVR is issued, whether that RVR is alleged to involve false or retaliatory conduct on the part of the issuing staff member. If so, this allegation should be investigated alongside the adjudication of the RVR to ensure that all relevant evidence is preserved and considered in both processes. Currently, a staff misconduct complaint must be filed to trigger that review. However, there is no incentive for class members to complain about those RVRs which present the best evidence of staff misconduct: RVRs in which a Hearing Officer determined there was insufficient evidence of guilt or which have been dismissed in the "interest of justice." Submitting a complaint after the RVR has been dismissed carries a significant risk of further retaliation and harassment for little benefit. We should expect, then, that class members will rarely pursue complaints about these RVRs and, in turn, that investigations into these RVRs will often not be triggered and will not be comprehensive. *See* Attachment C to ▮▮▮▮▮▮▮▮ Grievance, attached hereto as **Exhibit N** (inadequate investigation into staff member who submitted false RVR after class member said that allegation "was taken care of" since RVR had been dismissed). Changes to the process must be made to ensure that staff misconduct investigations are triggered in cases where the best evidence of such misconduct exists, even if the class member does not pursue the claim because their RVR has been dismissed.

Plaintiffs believe that a similar process should occur for all class members found not guilty of serious RVRs. Whenever a Hearing Officer enters a not guilty finding for a

**Ex. T-229**

**PRIVILEGED AND CONFIDENTIAL**
Jennifer Neill
Tamiya Davis
June 10, 2021
Page 13

class member accused of a serious RVR, CDCR must take steps to evaluate whether the
staff member violated policy or otherwise acted in bad faith in issuing the RVR.  If there
is an indication that the RVR itself was false, retaliatory, or otherwise issued in bad faith,
CDCR must investigate the alleged misconduct by the reporting employee and hold them
accountable if warranted.  Furthermore, CDCR must train Hearing Officers that they have
an obligation to report RVRs that they believe are false and can be subject to discipline
themselves if they fail to do so.

       9.     **Mandatory Retaliation Review for Staff Misconduct Complainants**

     Plaintiffs propose that, by policy, CDCR conduct closer reviews of RVRs incurred
by staff misconduct class member complainants if certain criteria are met.  For example,
for class members who have filed staff misconduct complaints, a mandatory retaliation
review should be conducted if the class member has received multiple RVRs in the six
months following the complaint.  The onslaught of RVRs issued to Ms. ▮▮▮▮▮▮
demonstrates that this practice—the issuance of an excessive number of outright false, or
otherwise trivial, and retaliatory RVRs—is one way that staff are able to retaliate against
class member for complaining about staff misconduct with impunity.  This is also true of
the three false and retaliatory RVRs issues to Mr. ▮▮▮▮▮▮ after he filed two staff
complaints.  Any pattern of multiple RVRs issued to a class member complainant in a
short timeframe must receive special attention and investigation.

     By the same token, CDCR should be aware of whether certain officers are
responsible for multiple write-ups against certain class members.  Again, in the case of
Ms. ▮▮▮▮▮▮ three of the six RVRs were issued by the same officer, Officer Arellano.
One officer issuing multiple RVRs against a specific class member should trigger a
review of the RVRs to determine whether they were issued in retaliation.

**II.**    **Conclusion**

     The problems endemic to the RVR process have resulted in a failure to investigate
allegations of and hold staff members accountable for serious misconduct, including
cases that present criminal misconduct or carry the potential for termination.

/ / /

/ / /

/ / /

[3739200.2]

**Ex. T-230**

**PRIVILEGED AND CONFIDENTIAL**

Jennifer Neill
Tamiya Davis
June 10, 2021
Page 14


     Plaintiffs look forward to discussing these proposals and continuing to work with Defendants to hold officers accountable for serious misconduct against incarcerated people with disabilities.

<div style="text-align:right">

Sincerely,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Penny Godbold*

By:  Penny Godbold

</div>

PG:JRG
Appendix & Enclosures
cc: Ed Swanson

   August Gugelmann
   *Coleman* Special Master
   Adriano Hrvatin
   Trace Maiorino
   Sean Lodholz
   Andrea Moon
   Namrata Kotwani
   Damon McClain
   Roman Silberfield
   Paul Mello
   Samantha Wolff

Glen Danas
Lucas Hennes
Patricia Ferguson
Gannon Johnson
Nick Weber
Melissa Bentz
Dillon Hockerson
Carrie Stafford
Sundeep Thind
Roy Wesley
Tammy Foss
Bruce Beland
Co-counsel

**Ex. T-231**