GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG - 163319
ISABELLA NEAL - 328323
OLIVER KIEFER - 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858)677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 3:20-cv-00406-AJB-DDL <br><br> **JOINT STATUS CONFERENCE STATEMENT** <br><br> Judge:      Hon. Anthony J. Battaglia <br> Magistrate: Hon. David D. Leshner <br><br> Trial Date: None Set |

Pursuant to the Court's instructions at the March 1, 2024 discovery hearing and following up on the Court's Order of February 14, 2024 (Dkt. No. 536) (the "February 14 Order"), the parties submit this Joint Status Conference Statement.

## I.   PRODUCTION OF TEXTS AND INSTANT MESSAGES

The February 14 Order requires:

> "the parties to meet and confer regarding: (1) the use of text and instant messaging among custody staff and command staff; (2) to what extent employees in the jails use their own or County-issued cell phones and other devices; (3) whether messages from TechCare are retained, and if so for how long; (4) assuming TechCare messages are retained, whether they are searchable; (5) whether Microsoft Teams messages are retained, and if so for how long; (6) assuming Microsoft Teams messages are retained, whether they are searchable; and (7) the burden associated with searching, collecting and producing any responsive messages. The parties shall include the results of their meet and confer efforts on this topic in the Joint Status Report due February 20, 2024."

Dkt. 536 at 25.

### A.   Plaintiffs' Statement

Plaintiffs are pleased that the issues involving Teams and Tech Care messages have been resolved. Plaintiffs' and Defendants' counsel have continued to meet and confer regarding the production of text messages since filing the February 20, 2024 Joint Status Report. This issue was also discussed at the February 23, and March 1, 2024 discovery hearings. On February 29, 2024, Plaintiffs sent the attached proposal to Defendants, which was rejected. *See* **Exhibit A**. Plaintiffs' last proposal was to retrieve text messages from 25 custodians going back one year before February 29, 2024 with no search terms. This would save the parties substantial time by not requiring an individualized relevance inquiry for each text that results in a "hit" under Defendants' terms that would require a determination of the precise number of preceding and subsequent text messages that relate to the conversation and should therefore be produced. Given how protracted these discussions have been, and the large number of documents still waiting to be produced by Defendants, Plaintiffs believe that their final proposal made on February 29, 2024 is workable, efficient, and proportionate, and respectfully request

that the Court order it.  Plaintiffs doubt the custodians communicate with County attorneys via text.  Regardless, Plaintiffs have no interest in invading the attorney-client privilege and have repeatedly notified Defendants' counsel of privileged information in the document production and deleted it.  There is no privacy interest in text communications made using an employer's equipment.

### B.    Defendants' Position

Defendants agreed to the 25 individuals on Plaintiffs Exhibit A, and to use the December 7th, 2023 ESI search terms.  Defendants agreed download texts and instant messages for the one year requested by Plaintiffs for the relevant time period (1/1/2023 through 12/31/2023) and search them using the ESI search terms and produce all texts included in the conversation specific to the search terms text.

Plaintiffs rejected the compromise proposal and demanded all texts from the phones for 1 year back without any limitation and including information subject to privacy rights of the individuals whose phones are at issue, privilege information, and information not requested and not discoverable.  Plaintiffs have offered no legal basis for the right to invade privacy rights, the attorney client privilege, or to information that is neither relevant, discoverable or proportional to the case.

## II.    INTERROGATORY 25

### Plaintiffs' Position.

The February 14 order stated "for the reason stated on the record during the February 9 Discovery Hearing, the Court orders the parties to meet and confer regarding this dispute.  The party shall update the Court in the Joint Status Report." Dkt. 536 at 27; *see also* Hearing Transcript, February 9, 2024 at pp. 28-30.  After consulting with their expert, Plaintiffs made a proposal on March 1, 2024 to resolve this issue and await a response from Defendants' counsel:

•    Defendants will provide a current spreadsheet(s) with the available data responsive to Interrogatory 25 (previously produced as SD_117761-64), and will identify which housing units at each facility are administrative separation units.

1       •     Plaintiffs' expert will draw a random sample of 50 individual from the

2 spreadsheet(s) who are housed in administrative separation units.

3       •     Plaintiffs will send the list of those randomly selected 50 individuals to

4 Defendants, and Defendants will identify the date that those 50 individuals were

5 placed in administrative separation units (presumably by manually reviewing the

6 custody record).

7       Defendants have not discussed the below proposal with Plaintiffs and

8 Plaintiffs do not know whether the PDF documents Defendants plan to produce will

9 contain information responsive to Plaintiffs' expert's request.

10       **Defendants' Position.**

11       Defendants have been able to pull single PDF documents which indicate

12 identify of Incarcerated Person and the date(s) they were in lockdown.  Those are

13 being pulled by Defendants and will be produced by March 15th.

14 **III.    DOCUMENT REQUESTS DISCUSSED IN FEBRUARY 14 ORDER**

15       **Plaintiffs' Position.**

16       As directed by the Court on March 1, attached hereto as **Exhibit B** is a chart

17 of outstanding issues following the February 14 Order.  Defendants' counsel has

18 been reviewing and updating this chart.  Plaintiffs' counsel appreciates these

19 updates.  It may be helpful to have a deadline for production of all outstanding

20 documents.

21       **Defendants' Position.**

22       **Exhibit B** contains current status in addition to the below:

23       Team Message search results:  Received and awaiting review.

24       RFP#39:    Being processed for production.

25       RFP#'s 238-244, 246 and 247:  Being processed for production.

26       RFP#'s 249, 250 and 251:    Defendants are running data available per

27 parties' meet and confer as follows based upon categories provided by Plaintiffs'

28 expert:

Deputy Initiated Activity, categories 1–4, 6 (disposition only), and 8.
Dispatch calls, categories 1–9 and 11 (to the extent that an arrest was
made on the call).

The remainder of the categories are not available in the specific
systems identified but the parties continue to meet and confer as to
other ways to provide demographic information.

Defendants are confident that all records can be produced by March 18th.  The
continue to be provided to Defense counsel's office every day or every other day
and are reviewed and processed as they come in.  That will continue through
March 18th.

## IV.    MEDICAL AND CUSTODY RECORD PRODUCTION

### A.    Plaintiffs' Position

Defendants produced far fewer records than the 570 requested.  Defendants
produced between 150-200 medical records.  Defendants have not produced any
custody records.

For medical and mental health records, Plaintiffs requested 10 records for
each category of patient.  Defendants provided fewer than 10 records for most
categories.  For example, Defendants provided between 4 and 8 records for each of
the following categories:

- People who were placed in a safety cell for 24 hours or longer (5 records provided)

- People who were assessed as suicidal at the time they were booked into the jail (7 records provided)

- People who have been admitted for hospitalization outside of the jail following a suicide attempt/incident of serious self-harm at the jail (4 records provided)

- People who were housed in the PSU at Central Jail for 48 hours or longer (8 records provided)

- People who were housed in administrative segregation cells for 48 hours or longer on the fifth or sixth floors at Central Jail who have also spent time in PSU (6 records provided)

- People who were housed in administrative segregation for 48 hours or longer on the fifth or sixth floors at Central Jail who have also spent time in OPSD (7 records provided)

Plaintiffs' experts have asked for more records than the number provided by Defendants. Plaintiffs have requested additional medical records using releases and have been informed by the County's Health Information Management Services Office that the additional records will be produced on a rolling basis by March 27, 2024. If that occurs and the custody records are produced by March 18, 2024, this issue should be resolved.

**B.    Defendants' Position**

Defendants have produced all medical records pursuant to the Court's order allowing defendants to determine which records were to be produced. Defendants used Plaintiffs list but pared down the number because of the overwhelming and burdensome number of requests. Plaintiffs also fail to mention to the Court that they have an continue to submit almost 200 individual requests for medical records outside of discovery using medical authorization obtained from Class members. There will undoubtedly be more to follow before expert reports are due.

Defendants have the custody records for the same individuals and are processing them for production.

Defendants complied with this Court's order in every respect. The Court ordered that Defendants be allowed to narrow the overbroad original request because Plaintiffs refused to do so. Each question posed by Plaintiffs about criteria and methodology that was not invasive of the attorney client privilege was answered. Plaintiffs are not happy with the answers but each question was nonetheless answered. Defendants will bring the various emails demonstrating the answers to Court rather than attach them. Plaintiffs essentially assert that Defendants cherry picked the records of health people which is nonsensical because the individuals whose records were pulled were pulled specifically because of a condition identified by Plaintiffs. Defendants did not create the "criteria" as to

whose records to pull.  Plaintiffs did.

For each bullet point outlined by Plaintiffs, there is no legitimate reason for the questions asked or answers:

- For records selected based on someone's memory, whose memory was used?  Why does it matter.  Either the records produced are for someone suffering from the subject condition provided by Plaintiffs or not.  There has been no complaint about records not containing the subject conditions.

- For records selected "randomly," what was the randomization process?  E.g., were the first 10 people on a patient list pulled? Was every other/third/tenth person selected from a list?  Was someone given discretion to select a set of people that seemed random to them?  Was a random number generator used?  Why does it matter.  If the odd names or even names or the first 5 names or the last 5 names were chosen, why does having this information affect anything?  If the last 5 were chosen, is the expert going to say it should have been the first 5?  Plaintiffs cannot be heard to complain now when this Court entered an order specifically because Plaintiffs would not narrow down the requests and now complain about criteria that has no bearing on anything.

- Defendants say many records were pulled if there was a flag for a certain illness.  How were the "flags" used to identify records that meet Plaintiffs' criteria, and who applied or evaluated them? E.g., for those flagged for Hep C, does that mean they were diagnosed by a physician in the Jail, they are actively receiving treatment, and/or something else?  Plaintiffs were already told that the flags are in JIMS.  Why does it matter who applied them?  If an IP had a flag for a condition identified by Plaintiffs, then the records are directly responsive to Plaintiffs' criteria. The records provided are for individuals suffering from conditions Plaintiffs identified.  Defendants did not select or edit the conditions.  Plaintiffs conveniently omit the fact that they asked for and received records for all of the conditions they identified.

## V.    INSPECTIONS

Plaintiffs' and Defendants' counsel have been negotiating for months regarding the need to conduct the inspection of the environmental expert after the discovery due date due to schedule conflicts.  The parties came  to an agreement on March 4, 2024 regarding the inspection dates.  However, when Plaintiffs asked to move the date of the environmental reports out, Defendants then requested to extend the report deadlines for all expert disclosures, not just the environmental expert

disclosure.  The reason for this is to align the schedule for all experts' reports and

discovery, and because of the volume of documents at issue for the experts to digest

and report.  As this Court knows, production is ongoing and PMK depositions are

set for the week beginning March 18, 2024, with more individual depositions to

follow.

The parties would appreciate the Court's guidance.

Respectfully submitted,

DATED:  March 5, 2024            ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Gay C. Grunfeld*
      Gay C. Grunfeld

Attorneys for Plaintiffs and the Certified Class
and Subclasses

DATED:  March 5, 2024            BURKE, WILLIAMS & SORENSEN, LLP

By:  */s/ Elizabeth Pappy*
      Elizabeth Pappy

Attorneys for Defendants

## SIGNATURE CERTIFICATION

Pursuant to the Court's Electronic Case Filings Procedures Manual

Section 2(f)(4), I certify that I have obtained consent of all signatories to the

electronic filings of the foregoing document.

DATED:  March 5, 2024            ROSEN BIEN GALVAN & GRUNFELD LLP

By:  */s/ Gay C. Grunfeld*
      Gay C. Grunfeld

Attorneys for Plaintiffs and the Certified Class
and Subclasses

# Exhibit A

| From: | Pappy, Elizabeth M. |
|---|---|
| To: | Van Swearingen; Gay C. Grunfeld; Aaron Fischer; Hannah Chartoff; Young, Christopher |
| Cc: | Coleman, Susan E. |
| Subject: | RE: Dunsmore: Text Messages |
| Date: | Thursday, February 29, 2024 4:58:36 PM |

**[EXTERNAL MESSAGE NOTICE]**

Okay. No agreement. We will ask the court to order our proposal.

I haven't had a chance to talk to client about 251 yet.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Thursday, February 29, 2024 4:57 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Hannah Chartoff <HChartoff@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** RE: Dunsmore: Text Messages

**[EXTERNAL]**

Hi Beth. Thanks for your email; however, we do not agree. We proposed the 20 before/after emails as a way to narrow yet ensure consistency and would have agreed to use the Dec 7 search list only as a mechanism for doing so. If we can't agree on that, our position is that there should be no search terms and that the set of County-issued phones for the 25 custodians is sufficiently narrow for ESI texts.

Separately, on the M&C you said you would ask your clients about producing the data in response to RFP 251 (data re criminal incident reports). Will Defendants produce that information?

Thank you.

Van

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Thursday, February 29, 2024 4:15 PM

**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Hannah Chartoff <HChartoff@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** RE: Dunsmore: Text Messages

[EXTERNAL MESSAGE NOTICE]

I can't agree to the 20 texts before and after. I need to review what we find and can agree to include all texts relating to the "hit" and that wouldn't be limited to 20. It would only be "limited" by "relating to the hit term". It could be 3 or 30.

Let me know if that works.

Also, I'll have an update to you by end of today about more of the items due under the 2/14 order.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Thursday, February 29, 2024 3:33 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Hannah Chartoff <HChartoff@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** RE: Dunsmore: Text Messages

[EXTERNAL]

We understand your proposal is to use the Dec 7 search term list and produce the hits along with the 20 texts before and after each hit. If so, we agree with the proposal. As to your question re the 25 custodians, yes the 25 custodians are the ones identified in the numbers 1-25 below.

Please let us know if we have an agreement. Thanks.

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Thursday, February 29, 2024 12:40 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Hannah Chartoff <HChartoff@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>

**Subject:** RE: Dunsmore: Text Messages [IMAN-DMS.FID55015]

<div style="background-color:#f8e6a0; border:1px solid #000;">

[EXTERNAL MESSAGE NOTICE]

</div>

Please see my proposal below and confirm it is acceptable and I will confirm it is acceptable to my client. I will recommend it.


Thank you.


**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Thursday, February 29, 2024 11:54 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Hannah Chartoff <HChartoff@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** RE: Dunsmore: Text Messages [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

Thanks for sending the list re deputies. Plaintiffs' proposal for texts/IMs is below, which excludes some of the deputies on our original list who are no longer working in the jail. We would appreciate you letting us know where numbers 9-15 are now. We are not inclined to agree to Defendants' December 7 search terms list given that it excludes many terms relevant to the TAC, and the limited number of custodians compared to either Plaintiffs' original or Defendants' final custodian lists. We are available to M&C today after 3pm. Best,

Van

Plaintiffs' proposal re Defendants' Texts/IMs.

• Time period: March 1, 2023 to February 29, 2024

• Custodians: 15 deputy/lieutenant custodians plus 10 custodians from Defendants' December 7 Custodians List (this description is for the 25 names below, correct?)

     1. Deputy Fernando Mendoza – SDCJ

     2. Deputy Mark Bautista – VDF

     3. Deputy Rudy Peraza III – VDF

     4. Deputy Wonki Lee – SDCJ

5. Deputy Abdelkarim Farha – South Bay
6. Deputy Abelardo Felix – GBDF
7. Deputy James Zabel – SDCJ
8. Deputy Raul Romo – GBDF
9. Deputy Martinez, #5607
10. Christina Montoy, #3267
11. Deputy John Fragozo, #4032
12. Deputy K. Stovall, #0689
13. Lt. Cardenas – SDCJ
14. Deputy Angulo
15. Deputy Bartee
16. Theresa Adams-Hydar
17. Christina Bavencoff
18. Ken Jones
19. Chris Buchanan
20. Kyle Bibel
21. Jon Montgomery
22. Melissa Quiroz
23. Darren Scott Bennett
24. Carl Darnell
25. Sonia Manning

• Search terms: Defendants should use Plaintiffs' June 22, 2023, search terms list and produce all texts that hit on search terms as well as the preceding and subsequent 20 texts. Production of the 20 texts before and after any given hit is appropriate given that a hit on a single text would lack any context from the surrounding texts. Unlike emails, which tend to be longer, have a subject line, and are often contextualized within a string of emails on the same topic, individual texts are often just a few words of a long-running conversation and lack context without the string of text messages before and after.

We will not use the June 22nd list. If I can get agreement from you sticking to the above 25 and using the December 7th list, I will check with the client. This agreement will include an agreement that you are waiting any right to get the TechCare/StatCare stuff. We previously agreed to and are running the searches for the Teams messages based upon the December 7th lists.

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, February 28, 2024 5:58 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Hannah Chartoff <HChartoff@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** Dunsmore: Text Messages

[EXTERNAL MESSAGE NOTICE]

Following up on our call this morning, see below list of folks you identified and where they are now:

1. Detective Jesssica Kuehn – Homicide

2. Deputy Fernando Mendoza – SDCJ

3. Deputy Adrian Carrillo – Patrol

4. Deputy Mark Bautista – VDF

5. Deputy Rudy Peraza III – VDF

6. Deputy Wonki Lee – SDCJ

7. Detective William Kearney II - DIU

8. Deputy Brandon Opliger – No longer employed (last employed November 2022)

9. Deputy Abdelkarim Farha – South Bay

10. Deputy Abelardo Felix – GBDF

11. Deputy James Zabel – SDCJ

12. Deputy Scott Paris – DIU

13. Deputy Raul Romo – GBDF

14. Deputy Brodie Callahan – No longer employed (last employed 12/21)

15. Deputy Robert Brauer - Patrol

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

# Exhibit B

**RESULTS OF ORDER OF FEBRUARY 14 (DOCKET 536)**

| REQUEST NO. | RULING | STATUS |
|---|---|---|
| **RFP 33**: ALL DOCUMENTS and COMMUNICATIONS RELATING TO identifying, responding to, housing, treating, monitoring, and/or tracking INCARCERATED PERSONS in the SHERIFF'S DEPARTMENT's medication-assisted treatment ("MAT") program from January 1, 2021 to the present. | Defendants must produce a spreadsheet showing MAT participants for the period January 1, 2021 to December 31, 2023 in response to RFP No. 33. | |
| **RFP 49:** ALL logs RELATING TO INCARCERATED PERSONS placed in EOH, PSU, and SAFETY CELLS from January 1, 2021 to the present. | Defendants must produce EOH, PSU and safety cell logs for the period 1/1/2021 to 12/31/23. | Being processed for production. |
| **RFP 82:** ALL DOCUMENTS RELATING TO use of tactical teams at the JAIL from January 1, 2021 to the present, including but not limited to documentation of debriefs after use of force or weapons by the JAIL's tactical teams. | Waived because not included in the Joint List for the 12/20/23 hearing, but the Court nevertheless orders Defendants to investigate the existence and volume of any "Watch Commander Logs." | |
| **RFP 100:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATED TO continuing HEALTH CARE treatments, including but not limited to medications, for INCARCERATED PEOPLE upon arrival at the JAIL. | Defendants must produce medical and mental sick call logs, specialist logs, medication logs, mental health care logs and dental care logs for the period 1/1/2021 to 12/31/23. | |

[4449855.1]

1

**RESULTS OF ORDER OF FEBRUARY 14 (DOCKET 536)**

| REQUEST NO. | RULING | STATUS |
|---|---|---|
| **RFP 105:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, showing the number or percent of INCARCERATED PERSONS at the JAIL who submitted a sick call request and were not seen by HEALTH CARE STAFF in connection with that sick call request. | Defendants must produce a spreadsheet of cancelled and refused sick calls for the period 1/1/2021 to 12/31/23. | |
| **RFP 109:** ALL DOCUMENTS, including but not limited to logs, audits, lists, and summaries, RELATING TO outside (off-site from the JAIL) HEALTH CARE providers who provide HEALTH CARE to INCARCERATED PEOPLE. | Defendants must produce spreadsheets of specialty care referrals for 2021 and 2022 and must produce spreadsheets of emergency transport and specialty care appointments for the period 1/1/2021 through 12/31/23. | |
| **RFP 125:** ALL logs, spreadsheets, patient lists, and reports RELATING TO chronic care, including but not limited to care for diabetes, hypertension or other cardiovascular disease, hepatitis, HIV/AIDS, tuberculosis, cancer, neurological disorders, OB/GYN, and MENTAL HEALTH. | Defendants must produce spreadsheet(s) of incarcerated individuals with chronic conditions (as can be identified in JIMS) and pending psychiatry sick calls for the period 1/1/2021 to 12/31/23. | |

**RESULTS OF ORDER OF FEBRUARY 14 (DOCKET 536)**

| REQUEST NO. | RULING | STATUS |
|---|---|---|
| **RFP 128:** ALL DOCUMENTS RELATING TO any delays in admission of INCARCERATED PERSONS into specialty clinics, or other HEALTH CARE providers, for the purpose of providing HEALTH CARE. | Defendants must produce a chart of scheduled appointments for the period 1/1/2021 to 12/31/23. | |
| **RFP 137**: ALL COMMUNICATIONS with CONTRACTORS RELATING TO HEALTH CARE of INCARCERATED PERSONS from January 1, 2021 to present. | Defendants to investigate the existence of documents responsive to RFP No. 137 (communications with contractors) and any burden associated with their production. | Being processed for production. |
| **RFP 141:** ALL logs RELATING TO INCARCERATED PERSONS placed in the Outpatient Step Down Unit from January 1, 2021 to present. | Defendants must produce a spreadsheet of individuals in the Outpatient Step Down Unit for the period 1/1/2021 to 12/31/23. | |
| **RFP 146:** ALL DOCUMENTS RELATING TO any delays in admission of INCARCERATED PERSONS with MENTAL DISORDERS into outside hospitals, forensic facilities, or other psychiatric facilities, including but not limited to the Department of State Hospital, for the purpose of providing MENTAL HEALTH CARE. | Defendants must produce a log of transfers for admission to outside mental health care providers for the period 1/1/2021 to 12/31/23. | |

**RESULTS OF ORDER OF FEBRUARY 14 (DOCKET 536)**

| REQUEST NO. | RULING | STATUS |
|---|---|---|
| **RFP 156:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO MENTAL HEALTH CARE programs for INCARCERATED PERSONS at the JAIL, including therapy and counseling. | Defendants shall confirm whether any further responsive documents exist. | |
| **RFP 159:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO housing suicidal INCARCERATED PERSONS in isolation. | Defendants must produce monthly logs for EOH and safety cell actions for the period 1/1/2021 to 12/31/23. | |
| **RFP 164:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATED TO the placement of INCARCERATED PEOPLE with MENTAL HEALTH DISORDERS and/or intellectual DISABILITIES in administrative segregation. | Defendants must produce a log of individuals with mental health disorders or intellectual disabilities placed in administrative segregation for the period 1/1/2021 to 12/31/23. | |

**RESULTS OF ORDER OF FEBRUARY 14 (DOCKET 536)**

| REQUEST NO. | RULING | STATUS |
|---|---|---|
| **RFP 165:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATED TO the provision of MENTAL HEALTH CARE for INCARCERATED PEOPLE with MENTAL HEALTH CARE needs in administrative segregation or other isolation housing. | Defendants must produce the administrative segregation log for the period 1/1/2021 to 12/31/23. | |
| **RFP 167:** ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO programs and services for INCARCERATED PEOPLE with DISABILITIES. | Defendants must produce program participation logs for incarcerated people with disabilities, if they exist, for the period 1/1/2021 to 12/31/23. Defendants must also produce a list of available programs effective as of November 2021, and effective as of November 2022. | |
| **RFP 174:** ALL DOCUMENTS RELATING TO vector and vermin control and pest control at the JAIL, including but not limited to any pest control specialist logs and reports. | Defendants must produce vermin and pest control logs for the period January 1, 2021 to December 31, 2023. | Being processed for production. |
| **RFP 176:** ALL DOCUMENTS, including but not limited to logs and audits, RELATING TO sanitization of cells, including but not limited to cleaning of human waste and bodily fluids. | Defendants must produce invoices for decontamination services for the period 1/1/2021 to 12/31/23. | |

**RESULTS OF ORDER OF FEBRUARY 14 (DOCKET 536)**

| REQUEST NO. | RULING | STATUS |
|---|---|---|
| **RFP 179:**  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO contraband narcotics. | Without ordering production, the Court orders Defendants to investigate the existence of logs showing contraband seizures for the period 1/1/2021 to 12/31/23. | |
| **RFP 180**:  ALL DOCUMENTS, including but not limited to logs, audits, lists, training materials, and summaries, RELATING TO the timeliness and/or adequacy of safety checks. | Defendants must produce logs of safety checks, if they exist, for the period 1/1/2021 to 12/31/23. | Being processed for production. |
| **RFP 185**:  A blank examples of ALL forms used for housing classification, general population housing determinations, protective custody determinations, and administrative segregation housing determinations for INCARCERATED PERSONS in the JAIL. | Defendants to investigate the existence of blank forms used for classification in response to RFP No. 185. | Being processed for production. |

**RESULTS OF ORDER OF FEBRUARY 14 (DOCKET 536)**

| REQUEST NO. | RULING | STATUS |
|---|---|---|
| **RFP 191**: ALL DOCUMENTS RELATING TO the following for each existing EMPLOYEE position at the JAIL: the number of allocated positions, the number of hours required for each position, the number of vacancies and the duration of vacancies for each position, and STAFFING PLANS RELATING TO each position at the JAIL from January 1, 2021 to the present. | During the February 9 Discovery Hearing, Plaintiffs' counsel represented that Defendants had produced some information in document SD_97886-97913 that reflects staffing as of March 2023. Defendants shall produce the same information as of March 2021 and March 2022. Similarly, the information in the staffing spreadsheet produced at document SD_725946 (covering the period February 10, 2023 to June 29, 2023) shall be produced for the period January 1, 2021 to December 31, 2023. | |
| **RFP 232:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO attorney callback requests. | Defendants must produce spreadsheets of facility notifications with respect to attorney visits for the period 1/1/2021 to 12/31/23. | Being processed for production. |
| **RFP 234:** ALL DOCUMENTS and COMMUNICATIONS RELATING TO the law library and INCARCERATED PERSONS' access to the law library. | Defendants must produce documents sufficient to show the hours of availability for the law library for the period 1/1/2021 to 12/31/23. | |

[4449855.1]