Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800  Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300  Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>Judge: Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' ORAL MOTION FOR PROTECTIVE ORDER RE CDCR SUBPOENAED RECORDS** |

Defendants COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

SJ - San Jose #4856-3816-6187 v1       -1-       3:20-CV-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' ORAL MOTION FOR

DEPARTMENT ("Defendants") hereby submit the following Opposition To Plaintiffs' Oral Motion For Protective Order Re CDCR Subpoenaed Records.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. THE SUBPOENAS SEEK HIGHLY RELEVANT INFORMATION PERTAINING TO CENTRAL ISSUES IN THIS CASE

Defendants are entitled to full compliance of the subpoenas, which seek Plaintiffs' complete California Department of Corrections and Rehabilitation ("CDCR") records, not simply the documents Plaintiffs agree to have disclosed (medical files 3/1/17 to present and the Legal Documents section of the CDCR file). However, Defendants are willing to some compromise. There is no question that the CDCR documents are directly relevant to the pertinent issues in this case.

The scope of discovery is broad. Federal Rule of Civil Procedure 26(b)(1) provides for discovery in civil actions, in part as follows:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."

*See also* Code of Federal Regulations, § 18.51(a). The relevance of the requested discovery should be construed both broadly and liberally. *Liew v. Breen*, 640 F.2d 1046, 1049 (9th Cir. 1981); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) (policy favoring liberal discovery facilitates proper litigation). Indeed, Rule 26 permits the discovery of information which may simply relate to the credibility of a witness or other evidence in the case. *See Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646, 650 (C.D. Cal. 1997).

///

The CDCR central file contains numerous different sections (*see* Dep't Operations Manual, § 72030.4.1 et seq), such as[1]:

- Case Summary Section (including Probation Officer's Reports, chronological inmate history, etc.)
- Legal Documents Section (including Abstracts of Judgment and Court decisions)
- Classification Section (including classification scoring, placements in segregated housing, chronos, etc.)
- Disciplinary Section (including Rules Violation Reports, SHU confinement, etc.)
- General Chronos Section (128 general chronos, work reports, notice of death, etc.)
- Miscellaneous Section (time cards, inmate appeal forms, power of attorney, etc.)
- Detainers Section (detainers, release notices, detainer summary, and related forms/documents)
- Parole Section (parole violation/activity reports, release statement, and related forms)
- BPH and NAEA Section (addenda, board decision forms, BPH/NAEA appeals, board-generated psychiatric reports)
- Microfiche Section (usually copies of archived CDCR files for previous stays)
- Confidential Section (typically containing material such as gang debriefing, for example)

Defendants' request for documents contained in the c-files of the named Plaintiff is limited to only a few items: 1) the chronological inmate history, 2) the Legal Documents section (stipulated by Plaintiffs), 3) the Disciplinary Records, and 4) the BPH Psychiatric Reports. Plaintiffs have agreed to the CDCR's production of medical files (3/1/17 to present) and the Legal Documents section, but are opposed to providing any other section of their central files. Plaintiffs' objections are not well-taken. The CDCR's other central file sections contain relevant information

---

[1] These documents are now electronically stored, rather than the traditional hard copy files, in the Electronic Records Management System (ERMS).

1  directly pertinent to the issues in this case. For example, in the Case Summary
2  Section, the CDC 112 Form (chronological history) contains information about the
3  person's history within the CDCR – the dates of entry and release, and transfers.
4  This could be relevant to a plaintiff's standing to sue the County.
5      In particular, the disciplinary files [primarily the CDC 115 rules violation
6  reports and the CDC 837 incident reports] may contain relevant information and/or
7  permissible impeachment material. For example, if a prisoner was given a cane but
8  then used it to assault other inmates or staff, it could be relevant to what type of
9  assistive device is appropriate. If a person has been found guilty of numerous
10 assaults of staff or inmates, it could bear on the type of housing s/he may be housed
11 in. If a prisoner has committed an in-custody homicide, or other violent assaults, it
12 arguably bears on their ability to be a class representative. General chronos may be
13 relevant as they would show the mobility classification of the person, and any
14 medical orders shared with custody staff, if any were issued by CDCR. The Board
15 of Parole Hearings (BPH) Psychiatric Reports could also contain relevant
16 information, particularly for those plaintiffs alleging they have a mental illness, as
17 they offer another psychiatric evaluation for the person – done by another entity
18 apart from the County of San Diego.
19     Based on the liberal construction of the discovery rules, and the relevancy of
20 the requests, Defendants are entitled to full compliance with the subpoena. The
21 CDCR documents contain key information to this lawsuit. Defendants are entitled
22 to know documented CDCR information and events specifically referencing each
23 Plaintiff. Production would of course be without prejudice to Plaintiffs objecting to
24 their admissibility at a later date. These requests are reasonable and proportionate
25 and pose no undue burden. Further, they are relevant and may lead to the discovery
26 of admissible evidence.
27 ///
28 ///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

SJ - San Jose #4856-3816-6187 v1      -4-       3:20-CV-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO
PLAINTIFFS' ORAL MOTION FOR

## II. PLAINTIFFS' CLAIMS OF PRIVACY ARE UNFOUNDED

There is no absolute right to privacy in California. Even if such privacy protection exists, it is qualified. *Schnabel v. Superior Court*, 5 Cal.4th 704, 21 Cal.Rptr.2d 200 (1993). The court must balance the need for discovery and the public interest in obtaining just results in litigation against the privacy right recognized. *See Valley Bank v. Superior Court*, 15 Cal.3d 652, 657, 125 Cal.Rptr. 535, 555 (1975); *see also In re Lifschutz*, 2 Cal.3d 415, 432, 85 Cal.Rptr. 829, 840 (1979) (finding a compelling interest in "facilitating the ascertainment of truth in connection with legal proceedings").

The balance tips in favor of disclosure because Defendants are entitled to know the full CDCR information concerning the Plaintiffs to defend themselves against the various claims asserted by Plaintiffs against them in this broad-scale litigation. Further, Plaintiffs waived any alleged privacy right by putting their history, experiences, issues and observations within the carceral system at issue. Their alleged privileges based on privacy rights have likewise been waived because they have filed this action, asserting standing based on their alleged observations and complaints. Defendants are entitled to full information and details concerning Plaintiffs' official prison and jail records to determine if there is evidence that can corroborate or discredit Plaintiffs' personal accounts and allegations. *See Smith v. Equinox Holdings, Inc.*, 2015 WL 628361, at *2 (N.D. Cal. Feb. 12, 2015) (finding the right to privacy "may be abridged to accommodate a compelling public interest," such as "the historically important state interest in facilitating the ascertainment of truth in connection with legal proceedings.") Further, any privacy concerns are further addressed because the documents will be produced under the protective order entered in this case. The documents can be produced as Confidential – For Counsel Only, to the extent there is information Plaintiffs' counsel wish to designate as attorneys' eyes only.

///

## III. CONCLUSION[2]

Defendants request full compliance with the CDCR subpoenas, with Plaintiffs' objections to the CDCR production overruled.

Dated: March 5, 2024

BURKE, WILLIAMS & SORENSEN, LLP

By:    */s/ Susan E. Coleman*
     Susan E. Coleman
     Elizabeth M. Pappy

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

---

[2] Due to the nature of Plaintiffs' oral motion, Defendants reserve the opportunity to further address Plaintiffs' arguments following briefing, if necessary.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

SJ - San Jose #4856-3816-6187 v1

-6-

3:20-CV-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLAINTIFFS' ORAL MOTION FOR