Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800   Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300   Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL [RFP#203-207]**<br><br>Judge: Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner<br><br>**Date: March 6. 2024**<br>**Time: 2:00 p.m.**<br>**Judge: Magistrate David Leshner** |

## I. Summary of Facts.

Plaintiffs served three Requests for Production seeking the following documents:

> No. 203: ALL DOCUMENTS RELATING to . . .EMPLOYEES' failure to intervene against another EMPLOYEE using force that is clearly unreasonable or excessive . . . at the JAIL, sustained or unsustained.
>
> No. 204: ALL DOCUMENTS RELATING to . . . discharge of a firearm by YOUR EMPLOYEES at the JAIL.
>
> No. 205: ALL DOCUMENTS RELATING TO . . . sexual assault, . . . sustained or unsustained.
>
> No. 206: ALL DOCUMENTS RELATING TO . . . dishonesty by YOUR EMPLOYEES, . . . sustained or unsustained.
>
> No. 207: ALL DOCUMENTS RELATING TO . . . prejudice or discrimination by YOUR EMPLOYEES, . . . sustained or unsustained.

Defendants objected to Nos. 203 – 205 on the basis that the requests seek the same information as RFP#80 and that the documents are publicly available. Despite the objections, to Nos. 203 – 205, Defendants produced all publicly available *sustained* findings against corrections personnel for Nos. 203-207. No documents were produced for unsustained findings.

RFP No. 80 requested the following documents:

> No. 80: ALL DOCUMENTS AND COMMUNICATIONS RELATING TO complaints RELATING TO excessive force, including but not limited to use of force AND claims of physical harm by JAIL staff, from INCARCERATED PERSONS between January 1, 2021 to the present.

Defendants also investigation files for the sustained findings.

Plaintiffs never attempted to narrow the requests in any way in response to the objections or prior to filing this motion as to the unsustained findings request. Plaintiffs took the position that every single "DOCUMENT" had to be produced regardless of the overlapping nature of Nos. 79 and 80 and the overbreadth of Nos. 203-207.

## III. ARGUMENT.

Plaintiffs assert that "ALL DOCUMENTS RELATING TO" each of the

categories contained in the requests to produce must be produced because of an alleged failure to prevent and address misconduct by staff, an alleged "creation of situations that increase the likelihood of use of force, and an alleged retaliation against staff who come forward with reports of misconduct by other staff.  Each of the reasons is meritless[1].

The only argument made in favor of disclosure is that the documents are not privileged. The assertion misses the mark. The requests should be denied because they are: 1)  Overbroad and burdensome, 2) seek the same information requested in prior requests to produce, and 3) invade the privacy rights of individuals that are not the subject of this litigation.

Plaintiffs have never met and conferred to determine what documents may or may not be available to serve the very narrow purposes of their requests.  The Court has repeatedly admonished Plaintiffs about the overbroad nature of their requests and yet there is no attempt to narrow the requests other than to state that Defendants can spend the time to redact the name of every staff person in "ALL DOCUMENTS RELATING TO" each of the requests.  This continued failure to make any attempt to narrow the requests or even find out what may exist is reason alone to deny the motion.

The request seeks documents relating to failure to intervene to stop excessive force, discharge of a firearm, sexual assault, dishonesty and prejudice or discrimination.  There is no limit on whether the claims were by one employee against another or by an Incarcerated Person against corrections staff.  There is no mention let alone reason given as to why ALL DOCUMENTS RELATING TO employee complaints about other employees would be discovery, relevant or

---

[1] The reference in the attached declaration to the *Armstrong* case is irrelevant. *Armstrong* is a Consent Decree case and the reference does not support the notion that the Court in *Armstrong* has made any finding that such information is discoverable.

admissible. Clearly unsustained findings of dishonesty related or unrelated to an incarcerated person have nothing to do with use or force. Yet again, the overbroad requests have no limitations and the Court should deny the motion for this reason alone.

The fact that Plaintiffs seek ALL DOCUMENTS RELATING TO unsustained allegations makes it clear that the intent at trial is the re-try each and every complaint. This is an interesting twist given Plaintiffs' strong objection to production of the named plaintiffs' CDCR disciplinary files because defendants would allegedly be re-trying the CDCR findings from what is described by Plaintiffs as an incompetent tribunal and assertions of the strong interest in preserving named plaintiffs' privacy rights. If the true purpose were to prove that meritorious claims are not sustained because of an allegedly incompetent tribunal, the requests should be severely limited to only factual information about such incidents without names. The names don't matter. None of the documents matter except those alleging facts of such incidents. Apparently Plaintiffs intend to re-try the findings at trial in this matter. Plaintiffs obviously recognize the weakness of the claim for names and relent on this issue in the motion. This Court should find that the failure to do so previously coupled with the production of the use of force log produced months ago is sufficient and deny the motion.

Each employee has a constitutional right to privacy in their personnel files including investigations against them. Plaintiffs intentionally do not raise the privacy rights because it is a failing argument for Plaintiffs. They have failed to articulate why or how having such private information will lead to a finding that Defendants' investigation process is insufficient. If plaintiffs' purpose is to re-try investigation processes then the only relevant information is the facts and not the identities of anyone involved. The requests are obviously not limited in any such way.

There is no explanation in the moving papers of how ALL DOCUMENTS

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO RFP

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

RELATING TO unsustained findings are discoverable or even relevant to show that use of force incidents increased because of unsustained findings.  There is no declaration of any expert to support the motion that there is any causal connection between investigations where findings are unsustained and increases in use of force or creation of situations allowing use of force.  The assertion is meritless.

The final assertion as to why ALL DOCUMENTS RELATING TO unsustained findings will prove that staff are retaliated against for making reports is a nonquitter unsupported by anything in the moving papers. The reason is evidence of a fishing expedition. Assuming, arguendo, that a limited set of documents demonstrating only the facts considered in investigations where there was an unsustained finding are produced, the documents will in no way support a finding that any employee was retaliated against for reporting misconduct. Not surprisingly, there is no argument made in the moving papers supporting the alleged nexus between the requested documents and the cited reason for disclosure.

**III.   CONCLUSION.**

The Court should deny the motion to compel for the foregoing reasons.

Dated: March 5, 2024                     BURKE, WILLIAMS & SORENSEN, LLP

By:  ___*/s/ Elizabeth M. Pappy*___
Susan E. Coleman
Elizabeth M. Pappy
Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT