UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>                      Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>                      Defendants. | Case No.: 20-cv-406-AJB-DDL<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL RE REQUESTS FOR PRODUCTION Nos. 203-207**<br><br>**[Dkt. No. 547]** |

Before the Court is Plaintiffs' Motion to Compel Production of Documents Responsive to Requests for Production ("RFP") Nos. 203-207. The Court denies the motion because Plaintiffs have failed to establish that the five RFPs seek information that is relevant to a claim or defense and that requiring Defendants to search for and produce the information sought is proportional to the needs of the case.

## I.

## BACKGROUND

Plaintiffs are a certified class of individuals "who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities." Dkt. No. 435 at 10. Plaintiffs' Third Amended Complaint ("TAC") asserts multiple causes of action

under 42 U.S.C. § 1983 against the County of San Diego and other Defendants, and seeks declaratory and injunctive relief to "remedy the dangerous, discriminatory, and unconstitutional conditions in the Jail." Dkt. No. 231, ¶ 4.

As relevant here, Plaintiffs' Fifth Cause of Action alleges Defendants' "failure to ensure the safety and security of [Plaintiffs] violates both the U.S. and California Constitutions." *Id.*, ¶ 476. According to the TAC, the San Diego Sheriff's Department "fails to prevent and address misconduct against incarcerated people by custody staff." *Id.*, ¶ 347. This misconduct includes "violence against incarcerated people" (*id.*, ¶ 349), "discriminat[ing] against incarcerated people with mental illness by emotionally, verbally, and/or physically abusing them" (*id.*, ¶ 350), "creat[ing] situations that increase the likelihood that they will use force against incarcerated people" (*id.*, ¶ 351), and "fail[ing] to take effective action to prevent and address misconduct, including through holding custody staff accountable via progressive discipline." *Id.*, ¶ 352.

Plaintiffs' RFP Nos. 203-207 seek documents "relating to" "incidents, complaints, and investigations" of various types of conduct by Defendants' employees, including discharge of a firearm, sexual assault, dishonesty and prejudice or discrimination. Defendants assert they have produced documents reflecting sustained allegations of staff misconduct but have declined to produce the breadth of records sought by Plaintiffs, which include unsustained allegations. Dkt. No. 577 at 2. This motion to compel followed.

## II.
## LEGAL STANDARDS

Federal Rule of Civil Procedure 26 provides:

> parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Although broad, "the scope of discovery is not without limits." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal. 2015); *see also U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 237 (S.D. Cal. 2015) (noting that "Rule 26(b) has never been a license . . . to engage in . . . unwieldy [and] burdensome" discovery).[1] The federal rules require parties "to work cooperatively in controlling the expense and time demands of litigation" by, among other things, "siz[ing] and shap[ing] their discovery requests to the requisites of a case." *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (citing John Roberts, 2015 Year-End Report on the Federal Judiciary (Dec. 31, 2015)). Rule 26 requires parties to tailor their requests to the needs of the case, and where they fail to do so, the Court "must limit" the discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

"[T]he allegations in a complaint generally dictate what evidence is discoverable." *Trabulsi v. Wells Fargo Bank, Nat'l Ass'n*, Case No. 8:17-cv-2088-JLS-SK, 2018 WL 6444892, at *1 (C.D. Cal., Aug. 21, 2018) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations.")). The propounding party must "establish[] that the request seeks relevant and proportional information . . . ." *Petconnect Rescue, Inc. v. Salinas*, No. 20-CV-00527-LL-DEB, 2022 WL 448416, at *2 (S.D. Cal. Feb. 14, 2022). "[R]elevance is foremost tied to the parties' claims and defenses, not the general subject matter of the action, and even

---

[1] All citations and internal quotation marks are omitted, and emphasis and alterations are added, unless otherwise stated.

then, relevant discovery must be proportional to the needs of the case." *Trabulsi*, 2018 WL 6444892, at *1; *Gilead Sciences, Inc. v. Merck & Co., Inc.*, Case No. 5:13cv4057-BLF, 2016 WL 146574, at *1 (N.D. Cal., Jan. 13, 2016) ("A party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case."). Determining proportionality requires the court to "us[e] all the information provided by the parties" to reach a "case-specific determination of the appropriate scope of discovery," *Trabulsi*, 2018 WL 6444892, at *1. The proportionality analysis requires courts "to limit discovery if its burden or expense outweighs its likely benefit." *Shared P'ship v. Meta Platforms, Inc.*, No. 22-CV-02366-RS (RMI), 2023 WL 2526645, at *3 (N.D. Cal. Mar. 14, 2023).

## III.
## DISCUSSION

The RFPs at issue seek the following information:

**REQUEST FOR PRODUCTION NO. 203:** ALL DOCUMENTS RELATING TO[2] incidents, complaints, and investigations of EMPLOYEES'[3] failure to intervene against another EMPLOYEE using force that is clearly unreasonable or excessive, as described in California Penal Code Section 832.7(b)(1)(A)(iv), at the JAIL[4], regardless whether the allegation was sustained or unsustained.

---

[2] "The terms 'RELATED TO,' 'RELATING TO,' or 'REGARDING' means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, manifests, mentions, pertains to directly or indirectly to, reflects, refers to, regards, relates to, responds to, states, summarizes, or in any way relevant to the particular subject matter identified."

[3] "The term 'EMPLOYEE' means any employee, director, officer, owner, CONTRACTOR, agent, or any other person working for or on behalf of an entity."

[4] "The term 'JAIL' means the San Diego County Jail, including all of its facilities."

**REQUEST FOR PRODUCTION NO. 204:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of discharge of a firearm by YOUR EMPLOYEES at the JAIL, as described in California Penal Code Section 832.7(b)(1)(A)(i).

**REQUEST FOR PRODUCTION NO. 205:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of sexual assault, as that term is defined in California Penal Code Section 832.7(b)(1)(B)(ii), by YOUR EMPLOYEES at the JAIL, regardless whether the allegation was sustained or unsustained.

**REQUEST FOR PRODUCTION NO. 206:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of dishonesty by YOUR EMPLOYEES, as described in California Penal Code Section 832.7(b)(1)(C), at the JAIL, regardless whether the allegation was sustained or unsustained.

**REQUEST FOR PRODUCTION NO. 207:** ALL DOCUMENTS RELATING TO incidents, complaints, and investigations of prejudice or discrimination by YOUR EMPLOYEES at the JAIL, as described in California Penal Code Section 832.7(b)(1)(C), regardless whether the allegation was sustained or not sustained.

These RFPs seek vast swaths of information. For example, RFP No. 207 seeks every document "relating to" every incident, complaint or investigation of "prejudice or discrimination" at every San Diego County jail facility regardless whether the incident, complaint or investigation involved an inmate or not (*e.g.*, a claim brought by an employee alleging prejudicial or discriminatory treatment by another employee). And Plaintiffs' definition of "RELATING TO" would require Defendants to produce every document that, among other things, mentions, "pertains to directly or indirectly to" or is "in any way relevant to" any such claim.

When the Court inquired about the breadth of RFP No. 206 (pertaining to dishonesty), Plaintiffs acknowledged the RFP "could be narrowed," but contended its scope was appropriate:

> [I]f the system is on trial – which it is – and the – if the incident or grievance or complaint about dishonesty is not handled [] in an unbiased and prompt manner, that does suggest – I'm not saying it

>would be admissible at trial but it does suggest that there's problems with the discipline and investigation system in just the way that a sheriff's department is going to hold itself accountable for all incidents of staff misconduct. Including, of course, those that are most central to our concerns, those against incarcerated people.

Dkt. No. 601 (Trans. of March 6, 2024 hearing) at 63:22–64:7.

Plaintiffs' contention that the RFPs are appropriate because "the system is on trial" places no enforceable limits on the scope of allowable discovery. The Court is mindful that the TAC's allegations are broad and that "the allegations in a complaint generally dictate what evidence is discoverable." *Trabulsi*, 2018 WL 6444892, at *1. But even so, the Court does not discern how all of the information within the RFPs' sweeping scope (*e.g.*, RFP No. 207 seeking every document relating to every claim of prejudice by anyone in the jail) is relevant to a claim or defense. Even if there were some discernable relevance, Plaintiffs have not demonstrated that requiring Defendants to search for and produce the information sought would be proportional to the needs of the case. For example, although Plaintiffs contend the RFPs seek information that "will allow Plaintiffs' experts to assess the adequacy of Defendants' discipline and investigation system" (Dkt. No. 547-1 at 2), Plaintiffs have not provided a declaration from an expert explaining why the scope of the information sought in the RFPs is necessary for the expert to perform his or her analysis. On this record, the Court concludes that "the burden or expense" of RFP Nos. 203-207 "outweighs its likely benefit." *Shared P'ship*, 2023 WL 2526645, at *3.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel [Dkt. No. 547] is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 2, 2024

_____
Hon. David D. Leshner
United States Magistrate Judge