Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800 Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300 Fax: 408.606.6333

Deann R. Rivard (SBN 177482)
E-mail: drivard@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Ste. 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DISCOVERY MATTER**<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL RE PLAINTIFFS' REQUESTS FOR PRODUCTION NOS. 250-252**<br><br>**Date:** April 26, 2024<br>**Time:** 10:00 a.m.<br>**Judge:** Magistrate David Leshner |

4870-1906-8856 v1

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO MOTION TO
COMPEL FURTHER RESPONSES TO RFP

## I. Summary of Facts/Brief Procedural History

Plaintiff served five Requests for Production in their Set Six to Defendants, including the following three Requests relevant to the instant Motion:

> No. 250: ALL electronic datasets of officer-initiated field contacts (i.e. traffic and pedestrian stops), searches, arrests, use of force, and criminal charges, from January 1, 2021 to the present.
> No. 251: ALL electronic datasets of criminal incident reports, from January 1, 2021 to the present.
> No. 252: ALL electronic datasets of calls for service (i.e. 911 calls) and associated dispatch logs, from January 1, 2021 to the present.

Defendants responded, as to Nos. 248 and 249, that all responsive documents would be produced. These requests/responses/responsive records production are not at issue in this Motion to Compel.

Defendants objected to Nos. 250-252 on the basis that the requests are overbroad and harassing. During the parties' meet and confer, Plaintiffs clarified that "dataset" means the entire electronic database and every piece of information contained therein. The request for the entire electronic database is not proportional to the needs of the case. Plaintiffs advised the Court on December 20, 2023, that they were not seeking every "electronic piece of paper that relates to every criminal charge between January 1, '22 and the present and represented that the request was crafted the way it was because Plaintiffs do not know the name of the "dataset."

On March 13, 2024, Matthew B. Ross (Plaintiffs' statistical expert) and SDSD's Crime and Intelligence Manager Brent Jordan (Defendant SDSD's ESI expert), along with the parties' counsel, met and conferred via Zoom conference regarding database search processes and protocols, during which time Mr. Jordan explained that RFP Nos. 250-252 were overly broad and encompassed largely the entirety of the database materials, and asked Mr. Ross to provide more detailed information so as to narrow the requests such that compliance with same would be possible. Based on Mr. Ross's assertions during the meeting, I believed that a search based on his purported criteria would be possible. (See, Declaration of Brent Jordan,

1  ¶ 5, attached as Exhibit 1.)  However, after receipt of Mr. Ross's detailed set of sub-
2  parts to RFP Nos. 250-252, it was clear that some of Mr. Ross's requested search
3  parameters were far beyond the search capabilities of the SDSD databases.  We
4  thereafter gave Plaintiffs' counsel an edited, crossed-out-by-line-item response to Mr.
5  Ross's sub-part request that reflected what could, could not and would not be
6  produced. (See, Decl. Jordan, ¶¶ 6-7; See also, Declaration of Deann R. Rivard, ¶ 3,
7  attached as Exhibit 2.)

8  Mr. Ross thereafter sent a list of overbroad search terms for Mr. Jordan to
9  utilize in his search of SDSD databases.  Mr. Ross's terms are not compatible with
10 terms used in law enforcement parlance; use of those terms would not allow for truly
11 responsive documents to be produced, and would likely result in an over-production
12 of records that have no bearing on any claims or defenses in this case.  Additionally,
13 doing so would require three-to-five analysts to spend four-to-eight weeks to hand-
14 search records to cull-out non-requested materials, and would capture citizen or other
15 agency-requested calls for service that are non-SDSD deputy-initiated, many of which
16 involve non-discretionary arrests. (See, Decl. Jordan, ¶¶ 9-10.)

17 Plaintiffs are seeking to compel Ross Requests 1(c), 3(c), 4, 5, 6, 7 and 8.
18 Requests 1(c), 3(c) and 5 seek the personal identities of deputies both on-scene at an
19 arrest, as well as the arresting deputy(ies), for the purpose of evaluating whether
20 particular officers are more likely to engage in specific actions. (See Declaration of
21 Matthew B. Ross, attached as Exhibit 3).  Deputy Demographic information is
22 maintained in a separate database maintained by the SDSD's Personnel Department.
23 (See, Decl. Jordan, ¶ 13.)

24 Mr. Ross's Request No. 4 seeks patrol deputy use of force data regarding in-
25 the-field uses of force which is maintained by SDSD (See, Decl. Jordan, ¶ 14.).  Mr.
26 Ross's Request No. 6 seeks field sobriety test data, which is not maintained in such a
27 way that would allow for a search for that specific type of stop, including using Mr.
28 Ross's search parameters requests to do so. (See, Decl. Jordan, ¶ 15.)  The same can

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4870-1906-8856 v1

2

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO RFP

1  be said for search and frisk data being sought via Mr. Ross's Request No. 7 (See,
2  Decl. Jordan, ¶ 16.), as well as the request for temporary detention data in Mr. Ross's
3  Request No. 8. (See, Decl. Jordan, ¶ 17.)

4      We made clear that Defendant/Responding parties will not produce the entire
5  database as Plaintiffs requested during the parties' meet and confer, after making the
6  representation to the Court otherwise, because the request for the entire database is
7  not proportional to the needs of the case. Moreover, we made clear that individualized
8  deputy information and patrol use of force information would not be produced. We
9  further iterated that Defendant/Responding parties are producing documents
10 sufficient to demonstrate race statistics regarding the subjects of the request.

11 **II.    Argument**

12     Plaintiffs' motion should be denied as Plaintiffs effectively continue to assert
13 that they are exempt from all legal constraints on discovery. The disputed Requests
14 are 1) Overbroad and burdensome, 2) invade the privacy rights of individuals
15 (victims, witnesses, and suspects) that are not the subject of this litigation, 3) seek
16 information that cannot be reasonably located based on the types of database search
17 parameters sought, and 4) seek unnecessary individualized deputy identifiers that are
18 not relevant to any claims or defenses alleged within Plaintiffs' Third Amended
19 Complaint ("TAC").

20     Claim No. 9 of the TAC does not reference arrests, searches and seizures,
21 and/or uses of force *in any place other than in a carceral setting*. In fact, the only
22 portion of the TAC that references use of force is in ¶¶ 249, 289, 292, 293, 349, and
23 351, which refer to Jail policy regarding force options, or force alleged to have been
24 used against incarcerated persons *within San Diego County jails*. (See, Rivard Decl.
25 ¶ 4.) As such, use of force data from patrol activities is not relevant to any claim or
26 defense contained within this case.

27     Moreover, Plaintiffs allege within TAC ¶¶ 400-401 that Defendants—by policy
28 and practice—administer state-funded programs that disproportionately incarcerate

1 Black and Latinx arrestees in the jail as compared to White individuals.  Included in
2 the allegation is that the SDSD uses those state funds to over-police Black and Latinx
3 communities, including by targeting patrolling activities in Black communities to
4 detain and arrest individuals suspected of gang-related activities. Demanding the
5 records documenting 911 emergency call/response records is not related *at all* to the
6 allegation of SDSD engaging in targeted patrol activities in predominantly Black and
7 Latinx communities.  Targeted patrol activities are not reflected in responses to 911
8 calls.  Plaintiffs' spurious attempt to obtain documents containing identification
9 information of victims, witnesses and suspects interspersed within searchable records
10 who report emergencies, and of specific officer identifiers who respond to non-
11 discretionary emergency calls for law enforcement response is 'beyond the pale'
12 discovery tactics in an effort to search for the race of the person identified by a citizen
13 caller as a suspect in a crime.  Additionally, the personal identifiers of individual
14 deputies working patrol who make arrests in the field are not necessary tools to
15 accomplish the goal of compiling the statistics related to the race of arrestees relative
16 to the race of deputies.  That information is not relevant to a claim or defense in this
17 matter, nor is it proportional to the needs of the case.  Moreover, the scope of these
18 requests appears to be nothing more than harassment.

19 Moreover, of the Plaintiffs thus far deposed in this matter (ERNEST
20 ARCHULETA, JAMES CLARK, REANNA LEVY, JOSUE LOPEZ, AND
21 MICHAEL TAYLOR), none were arrested in the field by San Diego County law
22 enforcement personnel immediately preceding relevant incarceration(s) in County jail
23 facilities.  (See, Rivard Decl. ¶ 5.)  Plaintiffs are using harassive and overbroad
24 Requests for records in this case as a bludgeoning litigation tactic, and should not be
25 rewarded by being allowed to do so in the instant Motion.

26 ///
27 ///
28 ///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4870-1906-8856 v1

4

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO RFP

### III. Conclusion

Based upon the foregoing, Defendants request that the instant Motion to Compel be denied in its entirety.

Dated: April 19, 2024						BURKE, WILLIAMS & SORENSEN, LLP

By:	*/s/ Susan E. Coleman*
	Susan E. Coleman
	Elizabeth M. Pappy
	Deann R. Rivard
	Attorneys for Defendants
	COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4870-1906-8856 v1

5

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO MOTION TO COMPEL FURTHER RESPONSES TO RFP