UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 20-cv-406-AJB-DDL<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL RE REQUESTS FOR PRODUCTION Nos. 250-252**<br><br>**[Dkt. No. 609]** |

Before the Court is Plaintiffs' Motion to Compel Production of Documents Responsive to Requests for Production ("RFP") Nos. 250-252. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

I.

## BACKGROUND

Plaintiffs are a certified class of individuals "who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities." Dkt. No. 435 at 10. Plaintiffs' Third Amended Complaint ("TAC") asserts multiple causes of action under 42 U.S.C. § 1983 against the County of San Diego and other Defendants, and seeks declaratory and injunctive relief to "remedy the dangerous, discriminatory, and unconstitutional conditions in the Jail." Dkt. No. 231, ¶ 4.

1    As relevant here, Plaintiffs allege the San Diego County Sheriff's Department "target[s] patrolling activities in Black communities to detain and arrest individuals suspected of gang-related activities," which "results in Black and Latinx individuals being stopped and arrested at disproportionately high rates." *Id.*, ¶ 401. Plaintiffs further allege that "Black and Latinx arrestees are disproportionately more likely to be booked into the [San Diego County] Jail and, upon information and belief, to stay incarcerated at the Jail, than White arrestees." *Id.*, ¶ 402. The TAC's Ninth Cause of Action alleges, in relevant part, that "[a]s a result of the [Defendants'] policing practices, disproportionate numbers of Black and Latinx persons are arrested," in violation of California Government Code § 11135. *Id.*, ¶ 505.

On December 22, 2023, the Court granted Plaintiffs leave to propound requests for production pertaining to the Ninth Cause of Action because Plaintiffs had inadvertently neglected to include those requests in the discovery they served prior to the Court-imposed deadline for serving written discovery. Dkt. No. 478. Plaintiffs propounded RFP Nos. 248-252, and the Court thereafter held a discovery conference to address a dispute regarding RFP Nos. 250-252. Dkt. Nos. 506, 549. The Court directed the parties to meet and confer with their respective expert witnesses to ascertain the precise scope of the information that Plaintiffs' expert was seeking for his statistical analysis.

The parties met and conferred, and Plaintiffs' expert, Dr. Matthew Ross, identified the specific categories of information that he was seeking with respect to RFP Nos. 250-252. Dkt. No. 605 at 3-5. Defendants agreed to provide some but not all of the requested information. Plaintiffs thereafter filed a motion to compel further responses, and Defendants responded. Dkt. Nos. 605, 612.

On April 26, 2024, the Court held a motion hearing with counsel, Ross and Brent Jordan, a Sheriff's Department Crime and Intelligence Manager. The Court questioned Ross about the information he was seeking and its relevance to his statistical analysis. The Court also questioned Jordan about whether the County

maintains the information contained in the categories provided by Ross and the burden attendant to retrieving the certain categories of information maintained by the County.

## II.

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 26 provides:

> parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Although broad, "the scope of discovery is not without limits." *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1051 (S.D. Cal. 2015); *see also U.S. ex rel. Carter v. Bridgepoint Educ., Inc.*, 305 F.R.D. 225, 237 (S.D. Cal. 2015) (noting that "Rule 26(b) has never been a license . . . to engage in . . . unwieldy [and] burdensome" discovery).[1]  The federal rules require parties "to work cooperatively in controlling the expense and time demands of litigation" by, among other things, "siz[ing] and shap[ing] their discovery requests to the requisites of a case." *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016) (citing John Roberts, 2015 Year-End Report on the Federal Judiciary (Dec. 31, 2015)).  Rule 26 requires parties to tailor their requests to the needs of the case, and where they fail to do so, the Court "must limit" the discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).

/ / /

---

[1]     All citations and internal quotation marks are omitted, and emphasis and alterations are added, unless otherwise stated.

1  "[T]he allegations in a complaint generally dictate what evidence is
2  discoverable." *Trabulsi v. Wells Fargo Bank, Nat'l Ass'n*, No. 8:17-cv-2088-JLS-
3  SK, 2018 WL 6444892, at *1 (C.D. Cal., Aug. 21, 2018) (citing *Coleman v. Quaker*
4  *Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties'
5  discovery, putting the defendant on notice of the evidence it needs to adduce in
6  order to defend against the plaintiff's allegations.")). The propounding party must
7  "establish[] that the request seeks relevant and proportional information . . . ."
8  *Petconnect Rescue, Inc. v. Salinas*, No. 20-CV-00527-LL-DEB, 2022 WL 448416,
9  at *2 (S.D. Cal. Feb. 14, 2022). "[R]elevance is foremost tied to the parties' claims
10 and defenses, not the general subject matter of the action, and even then, relevant
11 discovery must be proportional to the needs of the case." *Trabulsi*, 2018 WL
12 6444892, at *1; *see also Gilead Sciences, Inc. v. Merck & Co., Inc.*, No.
13 5:13cv4057-BLF, 2016 WL 146574, at *1 (N.D. Cal., Jan. 13, 2016) ("A party
14 seeking discovery of relevant, non-privileged information must show, before
15 anything else, that the discovery sought is proportional to the needs of the case.").
16 Determining proportionality requires the court to "us[e] all the information provided
17 by the parties" to reach a "case-specific determination of the appropriate scope of
18 discovery." *Trabulsi*, 2018 WL 6444892, at *1. The proportionality analysis
19 requires courts "to limit discovery if its burden or expense outweighs its likely
20 benefit." *Shared P'ship v. Meta Platforms, Inc.*, No. 22-CV-02366-RS (RMI), 2023
21 WL 2526645, at *3 (N.D. Cal. Mar. 14, 2023).

## III.
## **DISCUSSION**

The RFPs at issue seek the following information:

**REQUEST FOR PRODUCTION NO. 250:** No. 250: All electronic datasets of officer-initiated field contacts (i.e., traffic and pedestrian stops), searches, arrests, use of force, and criminal charges, from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 251:** All electronic datasets of criminal incident reports, from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 252:** All electronic datasets of calls for service (i.e., 911 calls) and associated dispatch logs, from January 1, 2021 to the present.

These RFPs are broad, but Ross subsequently provided a list of more specific categories of information he seeks "to perform statistical analysis" pertaining to Plaintiff's Ninth Cause of Action. Dkt. No. 605-1 at 3. Through continuing meet and confer efforts, the parties agreed the County would produce information responsive to certain categories, and Plaintiffs now seek an order compelling production of information responsive to those categories where the parties were unable to agree.

As discussed at the April 26 motion hearing, the Court's rulings on these issues are limited to whether the information sought is both relevant to Ross's statistical analysis pertaining to the Ninth Cause of Action and proportional to the needs of the case under Rule 26(b)(1). Whether the resulting opinions that Ross renders based on that information and statistical analysis are admissible is an issue to be determined by the District Judge.

### A. 911 Call Data - Category 1(a)

For the reasons discussed at the April 26 motion hearing, the Court finds that the 911 call data ("call for service" data) requested by Ross is relevant to his statistical analysis and that that its production is proportional to the needs of the case. The Court **GRANTS** Plaintiffs' motion to compel production of the 911 call data.

### B. Unique ID For Officer(s) On Scene - Categories 1(c) and 3(c)

For the reasons discussed at the April 26 motion hearing, the Court finds that Plaintiffs' request for a unique ID for officers or deputies in Categories 1(c) and 3(c) seeks information that is both relevant to Ross's statistical analysis and

proportional to the needs of the case. To the extent the electronic datasets maintained by the County contain identifying information only for the primary responding deputy, Defendants need not perform a further search for information pertaining to other deputies present at the scene. The Court **GRANTS** Plaintiffs' request for a unique ID for officers on scene as requested in Categories 1(c) and 3(c).

### C. Use Of Force Data (Category 4)

The Court finds that Plaintiffs' request for use of force data in Category 4 seeks information that is both relevant to Ross's statistical analysis and proportional to the needs of the case given that the County maintains the data. Although the TAC does not contain allegations regarding use of force by deputies in the field, Ross explained he seeks this data to use as a constant in his statistical analysis, and the Court concludes the data is relevant for that purpose.

The Court **GRANTS** Plaintiffs' request to compel production of use of force data responsive to Category 4. Counsel for the parties, Ross and Jordan must meet and confer via Zoom by not later than **May 2, 2024** regarding subcategories (a)-(g) and must file a joint status report by not later than **May 3, 2024**, identifying any areas of disagreement. The Court will hold a further motion hearing via Zoom on **May 6, 2024, at 10:00 a.m.**, and will rule on any disputed issues. Ross and Jordan must attend the hearing with counsel for the parties.

### D. Information About Law Enforcement Officers (Category 5)

Plaintiffs seek to compel production of "non-personally identifying demographic information (like race, ethnicity, sex, age, seniority and LGBTQ+ status)" (Dkt. No. 609-1 at 8) for deputies identified in connection with other categories. Based on the information provided at the April 26 hearing, the Court concludes that requiring Defendants to provide demographic information for all responding deputies is not proportional to the needs of the case. The Court **DENIES** Plaintiffs' motion to compel this information.

### E. Narrative Searches (Categories 6, 7 and 8)

Plaintiffs seek to compel Defendants to utilize search terms to locate electronic records documenting events involving "field sobriety tests," "search/frisk" and "temporary detentions." Dkt. No. 612-1 at 22. Ross provided proposed search terms, but Defendants contend these terms "would not yield the records sought, and could result in an overproduction of records not relevant to this litigation." Dkt. No. 612-1 at 4. Defendants further contend the search terms "would also result in the capture of citizen or other agency-related calls for service that are not SDSD deputy-initiated" and would capture events where deputies "do not have discretion to make a contact or an arrest." *Id.* at 5.

As discussed at the April 26 motion hearing, Rule 26(b)(1) permits the discovery of information that is both relevant to a claim or defense and proportional to the needs of the case regardless of whether the information is admissible. Similarly, Defendants' position that the information requested by Ross may render his opinions unreliable does not constitute a basis for denying Plaintiffs discovery but is properly addressed in a future motion challenging his opinions and analysis under Fed. R. Evid. 702. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993) (Rule 702 "assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand").

Counsel for the parties, Ross and Jordan must meet and confer via Zoom by not later than **May 2, 2024** regarding the search terms proposed by Ross and Defendants' ability (or lack thereof) to perform Boolean searches utilizing those terms in an effort to reach agreement on an appropriately tailored set of search terms for Category Nos. 6, 7, and 8. The parties must identify any areas of disagreement in their joint status report to be filed by not later than **May 3, 2024**. The Court will address these issues at the further motion on **May 6, 2024, at 10:00 a.m.**, and will rule on any disputed issues.

///

## IV.
## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel [Dkt. No. 609] is **GRANTED IN PART** and **DENIED IN PART**. The parties shall continue to meet and confer in accordance with the terms of this order.

**IT IS SO ORDERED.**

Dated: April 30, 2024

_____
Hon. David D. Leshner
United States Magistrate Judge