Eugene P. Ramirez (State Bar No. 134865)
 *eugene.ramirez@manningkass.com*
Marguerite Jonak (State Bar No. 143979)
 *marguerite.jonak@manningkass.com*
Natalie Ortiz (State Bar No. 303869)
 *natalie.Ortiz@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Non-Defendant Third-Party,
NAPHCARE OF SAN DIEGO, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-CV-00406-AJB-DDL<br><br>**NON-PARTY NAPHCARE OF SAN DIEGO, LLC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS AND COMPEL DEPOSITIONS**<br><br>Judge:       Hon. Anthony Battaglia<br>Magistrate:  Hon. David D. Leshner<br><br>Hrg Date:<br><br>Trial Date:   None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

Non-Defendant Third-Party NAPHCARE OF SAN DIEGO, LLC. ("NaphCare") hereby presents its Opposition to Plaintiffs' Motion to Take

Additional Deposition and Compel Depositions.

## I. INTRODUCTION

This opposition only addresses those parts of Plaintiffs' Motion that pertain to NaphCare. While NaphCare agrees with the position taken in the Couny of San Diego's Opposition, NaphCare does not take an affirmative position as to those issues in this opposition because it is not a party to this action.

Pursuant to a subpoena for the deposition of Naphcare's person most knowledgeable, Naphcare designated and produced Angela Nix, RN, MSN, CCHP, Vice President, for deposition on April 16, 2024. She testified for over six hours on the record and was adequately prepared to testify as to all issues designated in the subpoena. Not satisfied with Ms. Nix's responses, Plaintiffs now contend that she was not adequately prepared. NaphCare disagrees.

A discovery conference was held on April 24, 2024 to address this dispute between Plaintiffs and Naphcare. As a result of the conference, a briefing order was issued [DOC 625] which requires further meet and confer efforts by Plaintiffs and Naphcare. To the extent Plaintiffs still wish to seek additional testimony from NaphCare after said meet and confer efforts, the Order provides that Plaintiffs shall file a motion on or before May 13, 2024 (the "30(b)96) motion").

## II. PLAINTIFFS' REQUEST FOR ADDITIONAL NAPHCARE DEPONENTS SHOULD BE DENIED BECAUSE IT IS UNDULY BURDENSOME AND PROCEDURALLY IMPROPER

### A. COMPELLING THE DEPOSITION OF THREE ADDITIONAL NAPHCARE EMPLOYEES IS UNDULY BURDENSOME

FRCP 45(d)(1) requires that a subpoenaing party avoid imposing undue burden or expense on the person subject to the subpoena. In this case, NaphCare has made every reasonable attempt to cooperate as a third party witness with regard to Plaintiffs' demands. NaphCare has expended countless hours and significant attorney fees in order to do so, including producing a witness under FRCP 30(b)(6)

for deposition. NaphCare should not bear the additional burden and expense caused by deposing three additional employees when they have already complied with their obligation under the subject subpoena. Indeed, including NaphCare in the instant motion when the same dispute is pending resolution by another motion further demonstrates the undue burden being placed on NaphCare by Plaintiff in this case.

### B. PLAINTIFFS' MOTION CIRCUMVENTS THE PREVIOUS DISCOVERY ORDER AND ATTEMPTS TO IMPROPERLY DESIGNATE NAPHCARE'S 30(b)(6) WITNESS

The discovery order provides the process through which NaphCare and Plaintiffs are to continue to meet and confer regarding the deposition testimony, and contemplates a separate 30(b)(6) motion. Plaintiffs is attempting to use this motion for additional depositions to choose a designee for NaphCare's 30(b)(6) deposition, contrary to the statute itself. At the time of the deposition, Plaintiffs failed to review the topics in the subpoena and determine the scope of Ms. Nix's knowledge. Plaintiffs also asked numerous questions that were outside the scope of the subpoena. Ms. Nix represented, at various times throughout the deposition, that she could provide a more complete answer if she reviewed a certain document or set of documents. But she was not presented with any documents to review. There is no requirement that a FRCP 30(b)(6) witness memorize detailed statistics or figures, or the contents of a particular document. As demonstrated in the transcript, Ms. Nix had substantial knowledge regarding each topic addressed.

### III. IF THE INSTANT MOTION IS NOT DENIED, ANY RULING AS TO NAPHCARE SHOULD BE DELAYED PENDING THE 30(b)(6) MOTION

NaphCare received the chart required by DOC 625 on May 1, 2024 – the same date as this opposition – and has not had sufficient time to review and address each particular issue raised in the chart by Plaintiffs. NaphCare will review and return the chart by May 9, 2024, with the appropriate additions, as required by DOC

625. Any issues regarding the testimony of Ms. Nix and/or the need for further NaphCare deponents as a result of the same should be addressed in the 30(b)(6) motion, after the meet and confer process laid out in the prior order is complete.

**IV.  CONCLUSION**

Plaintiffs should not be permitted to depose additional employees in this matter, which NaphCare is not a party to. The current dispute stems from the deposition testimony of Ms. Nix under Rule 30(b)(6), which will be more specifically addressed consistent with the court's prior orders in DOC 625. Plaintiffs' request to depose additional NaphCare employees should be denied.

DATED:  May 1, 2024

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:      /s/ Eugene P. Ramirez
Eugene P. Ramirez
Marguerite Jonak
Natalie E. Ortiz
Attorneys for Non-Defendant Third-Party, NAPHCARE OF SAN DIEGO, LLC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On May 1, 2024, I served true copies of the following document(s) described as **NON-PARTY NAPHCARE OF SAN DIEGO, LLC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS AND COMPEL DEPOSITIONS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 1, 2024, at Los Angeles, California.

_____
Delia Flores

---

1

Case No. 3:20-CV-00406-AJB-DDL

**NAPHCARE'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS AND COMPEL DEPOSITIONS**

**SERVICE LIST**
**Dunsmore v. County**
**Case No.**

| | |
|---|---|
| Gay C. Grunfeld, SBN 121944<br>Van Swearingen, SBN 259809<br>Priyah Kaul, SBN 307956<br>Eric Monek Anderson, SBN 320934<br>Hannah M. Chartoff, SBN 324529<br>ROSEN BIEN GALVAN &<br>GRUNFELD LLP<br>101 Mission St., Sixth Floor<br>San Francisco, CA 94105-1738<br>Tel: (415) 433-6830<br>Fax: (415) 433-7104<br>ggrunfeld@rbgg.com<br>vswearingen@rbgg.com<br>pkaul@rbgg.com<br>eanderson@rbgg.com<br>hchartoff@rbgg.com<br><br>*Attorneys for Plaintiffs and the Certified Subclass* | Christopher M. Young, Esq.<br>Isabella Neal, Esq.<br>Oliver Kiefer, Esq.<br>DLA PIPER LLP (US)<br>4365 Executive Dr., Suite 1100<br>San Diego, CA 92121-2133<br>Tel: (858) 677-1400<br>Fax: (858) 677-1401<br>christopher.young@dlapiper.com<br>isabella.neal@dlapiper.com<br>oliver.kiefer@dlapiper.com<br><br>*Attorneys for Plaintiffs and the Certified Subclass* |
| Aaron J. Fischer, Esq.<br>LAW OFFICE OF AARON FISCHER<br>1400 Shattuck Square Suite 12 - #344<br>Berkeley, CA 94709<br>Tel: (510) 806-7366<br>Fax: (510) 694-6314<br>ajf@aaronfischerlaw.com<br><br>*Attorneys for Plaintiffs and the Certified Subclass* | Susan E. Coleman, Esq.<br>BURKE, WILLIAMS & SORENSEN, LLP<br>501 West Broadway, Suite 1600<br>San Diego, California 92101-8474<br>Tel: 619.814.5800<br>Fax: 619.814.6799<br>E-mail: scoleman@hwslaw.com<br><br>*Attorneys for Defendants* |
| Elizabeth M. Pappy, Esq.<br>BURKE, WILLIAMS & SORENSEN, LLP<br>60 South Market Street, Suite 1000<br>San Jose, California 95113-2336<br>Tel: 408.606.6300<br>Fax: 408.606.6333<br>E-mail: epappy@bwslaw.com<br><br>*Attorneys for Defendants* | |