Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800  Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300  Fax: 408.606.6333

Deann R. Rivard (SBN 177482)
E-mail: drivard@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Ste. 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 3:20-cv-00406-AJB-DDL <br><br> **DISCOVERY MATTER** <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO TAKE ADDITIONAL DEPOSITIONS AND TO TAKE APEX DEPOSITION OF THE COUNTY SHERIFF [DOC. 621]** <br><br> Date: May 15, 2024 <br> Time: 9:00 a.m. <br><br> **Magistrate Judge David Leshner** |

///

4861-8392-5946 v1

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS' MOTION FOR ADDITIONAL DEPOS

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. PLAINTIFFS' REQUEST FOR LEAVE TO TAKE MORE THAN 10 DEPOSITIONS SHOULD BE DENIED ........................................................... 2

    A. Sheriff Martinez has no Unique, First-Hand Non-Repetitive Knowledge Warranting this Apex Deposition ......................................... 2

    B. Less Intrusive and Burdensome Methods of Discovery are Available for Plaintiffs to Obtain Evidence ............................................ 6

    C. Plaintiffs' Cited Cases are Inapposite ....................................................... 7

    D. Rejecting the Apex Doctrine in this Case will Significantly Impact and Interfere with Sheriff Martinez's Ability to Perform Her Job Duties ......................................................................................... 8

III. PLAINTIFFS' REQUEST FOR LEAVE TO TAKE MORE THAN 10 DEPOSITIONS TO DEPOSE THREE NAPHCARE INDIVIDUALS AND DR. PETER FREEDLAND SHOULD BE DENIED ........................... 10

    A. Plaintiffs Cannot Meet their Burden to Establish Entitlement to Additional Depositions Beyond the 10-Deposition Limit .................... 10

    B. Plaintiffs' Demand for the Depositions of Three NaphCare Depositions is Premature and Unwarranted .......................................... 12

    C. Dr. Freedland's Deposition is Unwarranted ......................................... 14

IV. CONCLUSION ................................................................................................ 14

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4861-8392-5946 v1

i

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS' MOTION FOR ADDITIONAL DEPOS

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ahlman v. Barnes*,
  20 F.4th 489 (9th Cir. 2021) ................................................................................ 7

*Ahlman v. Barnes*,
  445 F. Supp. 3d 671 (C.D. Cal. 2020) ................................................................. 7

*Ahlman v. Barnes*,
  No. 820CV00835JGBSHK, 2021 WL 1570838 (C.D. Cal. Mar. 9, 2021) ....................................................................................................................... 7, 8

*Authentec, Inc. v. Atrua Techs., Inc.*,
  2008 WL 5120767 (N.D. Cal. Dec. 4, 2008) .................................................... 11

*C.R. v. Cnty. of Los Angeles*,
  No. CV 13-3806 PSG SSX, 2014 WL 3434257 (C.D. Cal. July 11, 2014) (calling *Green* into doubt) ...................................................................... 8, 9

*Est. of Levingston v. Cnty. of Kern*,
  320 F.R.D. 520 (E.D. Cal. 2017) ......................................................................... 4

*Green v. Baca*,
  226 F.R.D. 624 (C.D. Cal. Jan. 24, 2005) ....................................................... 7, 8

*Jarbo v. Cnty. of Orange*,
  No. SACV 05-00202-JVS, 2010 WL 3584440 (C.D. Cal. Aug. 30, 2010) ...................................................................................................................... 3

*Myles v. Cnty. of San Diego*,
  No. 15CV1985-BEN (BLM), 2016 WL 4366543 (S.D. Cal. Aug. 15, 2016) ................................................................................................................ 3

*Sargent v. Cty. of Seattle*,
  No. C12-1232 TSZ, 2013 WL 1898213 (W.D. Wash. May 7, 2013) .............. 6, 7

*Sigala v. Spikouris*,
  No. 00 CV 0983 (ILG), 2002 WL 721078 (E.D.N.Y. Mar. 7, 2002) ............... 10

*Thomas v. Cate*,
  715 F.Supp.2d 1012 (E.D. Cal. 2010) ................................................................. 8

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4861-8392-5946 v1

ii

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS'
MOTION FOR ADDITIONAL DEPOS

*Whittingham v. Amherst Coll.*,
    163 F.R.D. 170 (D. Mass. 1995) .................................................................................. 10

**Other Authorities**

Fed. R. Civ. P.
    Rule 26(b) ........................................................................................................................ 6
    Rule 26(b)(2) ................................................................................................................. 10
    Rule 30(a)(2)(A) ........................................................................................................... 10
    Rule 30(b)(6) ......................................................................................................... 1, 5, 6, 7

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4861-8392-5946 v1

iii

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS'
MOTION FOR ADDITIONAL DEPOS

Defendants COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT ("Defendants") hereby submit their Opposition to Plaintiffs' Motion For Leave To Take Additional Depositions and To Compel Depositions [Doc. 621].

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On the eve of the fact discovery cut-off and with expert designations nearing, Plaintiffs claim the need to take five additional depositions – (1) the apex deposition of the County Sheriff (Kelly Martinez); (2) three depositions of "on-site NaphCare health care personnel"; and (3) the deposition of Dr. Peter Freedland, the chief executive of Correctional Healthcare Partners, Inc. ("CHP") – an entity which is sub-contracted to subsequently provide medical services to the County Jail. Plaintiffs fail to establish a particularized need for any of these depositions, especially given that they have already taken the depositions of 8 individuals at the Sheriff's Department and are in the process of taking PMK depositions for 40 hours.

First, the deposition of Kelly A. Martinez ("Sheriff Martinez"), the elected Sheriff of San Diego County, is an impermissible apex deposition for which no exceptional circumstances exist to depose this high-ranking government official. Not only do Plaintiffs fail to establish Sheriff Martinez has any unique or first-hand knowledge about the underlying facts of this case, there are less burdensome and intrusive methods of discovery for Plaintiffs to obtain evidence in this case, such as the Rule 30(b)(6) depositions already in process.

Second, Plaintiffs are trying to obtain late-noticed depositions of NaphCare's on-site medical director, mental health director, and program manager premised on the yet undecided outcome of their motion to compel 30(b)(6) depositions against third party NaphCare. This is premature – the NaphCare discovery dispute is the subject of Plaintiffs' other anticipated motion. Plaintiffs are trying to obtain more

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4861-8392-5946 v1

1

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS' MOTION FOR ADDITIONAL DEPOS

1  depositions under the theory that NaphCare *should have* produced these specific
2  individuals as its 30(b0(6) witnesses.  That is not a justification for more than 10
3  depositions. Plaintiffs cannot seek to litigate this issue in parallel through a motion
4  for additional depositions, as opposed to seeking to compel the "correct" designees
5  for the topic listed.  Moreover, Plaintiffs lack good cause.  The fact discovery cut-
6  off is one week away and initial expert designations are one month away.
7  Permitting these requested depositions this close to the discovery cut-off and due
8  dates for expert reports is prejudicial to Defendants, and would require an extension
9  of these dates.

10      Lastly, Plaintiffs cannot establish good cause for taking the deposition of Dr.
11 Freedland, whom Plaintiffs allege is the chief executive of Correctional Healthcare
12 Partners, Inc., a company Plaintiffs allege will take over medical services that
13 NaphCare was providing in the future.  Plaintiffs are not even seeking a 30(b)(6)
14 deposition on the topic on any transferred services, but are trying to notice an
15 individual deposition of Dr. Freedland, which is suspect for overbreadth and
16 exceeding the stated scope of their reasons for the deposition.

17      Plaintiffs' motion should be denied.

## II.  PLAINTIFFS' REQUEST FOR LEAVE TO TAKE MORE THAN 10 DEPOSITIONS SHOULD BE DENIED

### A.  Sheriff Martinez has no Unique, First-Hand Non-Repetitive Knowledge Warranting this Apex Deposition

Plaintiffs impermissibly seek an apex deposition of Sheriff Martinez, a high-ranking government official.   Plaintiffs do not deny that Sheriff Martinez is an apex witness, qualifying for the protections of the apex doctrine, whether in her current role as the County's elected Sheriff, or her former position as the Under-Sheriff. [Doc. 621, pp. 1-2].  Thus, Plaintiffs acknowledge they must prove extraordinary circumstances exist to warrant the apex deposition, specifically, that (1) the official has unique, direct knowledge of the facts at issue in the case; and (2) the necessary

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4861-8392-5946 v1         2         Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS'
MOTION FOR ADDITIONAL DEPOS

information cannot be obtained through other, less burdensome or intrusive means. *Myles v. Cnty. of San Diego*, No. 15CV1985-BEN (BLM), 2016 WL 4366543, at *4 (S.D. Cal. Aug. 15, 2016).

Plaintiffs downplay the fact that courts have routinely denied Sheriffs' depositions, finding the lack of exceptional circumstances. *See, e.g. Myles v. Cnty. of San Diego,* 2016 WL 4366543, at *4 (denying motion to compel deposition of San Diego County Sheriff William Gore, whom plaintiffs sought to depose as the alleged chief policy maker and regarding the San Diego County Sheriff's Department's practices concerning the training, supervision, review, investigation and discipline for "violations of policy and law relating to use of force, including racially discriminatory use of force against ethnic minorities"); *Jarbo v. Cnty. of Orange*, No. SACV 05-00202-JVS, 2010 WL 3584440, at *2 (C.D. Cal. Aug. 30, 2010) (plaintiff lacked extraordinary circumstances to permit the taking of the deposition of Sheriff of Orange County, a high-ranking government official). The fact that this case is a class action seeking injunctive relief does not change the result. [*See* Section II(C), *infra*.]

Here, there are no extraordinary circumstances justifying Sheriff Martinez's deposition. Sheriff Martinez has no unique first-hand non-repetitive knowledge regarding Plaintiffs or the matters alleged in the operative Complaint. The fact that the "buck stops" with Sheriff Martinez – which is the very purpose of the apex individual, whether at a corporation or a government department – does not mean her knowledge is either unique, first-hand, or non-repetitive. Plaintiffs employ a circular argument that Sheriff Martinez has unique knowledge specifically because she is an apex witness. [Doc. 621-1, p. 5 of 14 ("The Sheriff's unique role as 'final policymaker for the County in setting and implementing jail' policies lends significant weight to any testimony she gives about the Department's current and future priorities regarding the jail.") Under Plaintiffs' logic, every apex witness would be subject to deposition because they have unique knowledge as the head of

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4861-8392-5946 v1

3

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS'
MOTION FOR ADDITIONAL DEPOS

the organization. Having the "final say" as the apex person in the position of authority does not create a justification for the deposition. [Doc. 621-1, p. 6] "A purpose to harass or annoy may be inferred where there is no showing the high-ranking official has relevant and personal knowledge about the facts at issue." *Est. of Levingston v. Cnty. of Kern,* 320 F.R.D. 520, 526 (E.D. Cal. 2017) (denying Sheriff's deposition, finding no exceptional circumstances existed where plaintiffs contended that the Sheriff had personal knowledge of the relevant policies, approved the overall training regime, and issued a statement regarding "Law Enforcement Responses to Disabled Americans: Promising Approaches for Protecting Public Safety.")

Plaintiffs lack specific facts or arguments supporting Sheriff Martinez's purported unique firsthand, non-repetitive knowledge. They instead broadly maintain that Sheriff Martinez is "directly responsible for and intimately involved in determining what the Sheriff's Department has done, can do, and plans to do." [Doc. 621-1, p. 5] Plaintiffs cannot demonstrate that Sheriff Martinez's knowledge of policy changes is unique. Plaintiffs have been investigating and taking discovery on Defendants' policies and policy changes since the inception of this lawsuit with 1.7 million pages of documents produced and yet Plaintiffs cannot produce any evidence of any unique knowledge. Plaintiffs fail to meet their burden that there is no alternative means of obtaining information on the Department's policy changes. Plaintiffs do not even specify which particular policy changes they seek discovery on, nor do they explain why they could not obtain this information through anyone other than Sheriff Martinez, and they fail to explain what they have done to obtain this information through less intrusive means. Plaintiffs only mention they are dissatisfied with the answers provided by Theresa Adams-Hydar, Assistant Sheriff for the Detention Facility Services, at her deposition as to whether the Department is considering body scanning of staff, whether the Department is purchasing additional cargo scanners, the current efforts to address understaffing issues, sick call waiting

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4861-8392-5946 v1                         4                         Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS'
MOTION FOR ADDITIONAL DEPOS

1  times for psychiatric issues, whether NaphCare will continue to be the medical
2  provider, or whether the Department will implement artificial intelligence
3  technology. Using these minor examples, Plaintiffs suddenly jump to the conclusion
4  that Sheriff Martinez's deposition must be taken despite the fact that most of these
5  topics are the subject of ongoing 30(b)(6) depositions. Nothing Plaintiffs have
6  submitted provides evidence that Sheriff Martinez is required to sit down for her
7  deposition to answer these questions. Plaintiffs had the opportunity to ask these
8  questions to other witnesses and during their investigatory process, and never
9  intimated that these questions were game-changers. Plaintiffs do not explain what
10 else they have done to try to answer these questions, if anything.

11         Sheriff Martinez is not the only source of information relating to training,
12 policies, supervision, discipline, or jail operations, etc. That is unsurprising given
13 the Department's sheer size and the scope of its overall responsibilities. Sheriff
14 Martinez oversees an expansive law enforcement agency that is one of the nation's
15 largest sheriff's departments. That Sheriff Martinez is the highest-ranking official
16 and is privy to the Department's policies and activities does not justify her
17 deposition. To operate effectively, a large agency must delegate. The size and scope
18 of the Department's responsibilities necessarily require delegation of day-to-day
19 operational activities of each Bureau within the Department to Command staff and
20 their subordinates. That delegation results in core competencies in various areas.
21 Testimony about Department policies, procedures, training, supervision, and
22 disciplining of staff are obtainable directly from personnel directly involved in those
23 matters. [Martinez Decl., ¶¶6-7.] There are ample other individuals that are able to
24 testify about policies, training, and related issues. *See* Fed. R. Civ. P. 30(b)(6).

25         Similarly, Plaintiffs cannot rely on a vague "future plan" or "priorities"
26 argument to compel Sheriff Martinez's deposition. Defendants have been
27 forthcoming about the changes made and plans for implementation of changes. To
28 the extent Plaintiffs have a specific question about a specific policy change, they

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4861-8392-5946 v1 — 5 — Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS'
MOTION FOR ADDITIONAL DEPOS

should ask it as opposed to jumping to an apex deposition of the County Sheriff. To conduct a fishing-expedition deposition of a high-ranking official in every case involving policy would be burdensome, harassing, and significantly affect the official's ability to perform their duties. The Court should follow well-established Circuit law and bar the deposition of Sheriff Martinez.

Plaintiffs also rely on Sheriff Martinez's press releases in an attempt to establish purported unique, non-repetitive knowledge. Plaintiffs claim that Sheriff Martinez issued press releases and emails to staff, such as those announcing recommendations resulting from the audit in February 2022, an email stating she was "committed to continuing to improve the jails, support our staff, and provide everyone working in our facilities the tools they need to keep our environments safe," and a statement to news media following recent news coverage that she was committed to seeing through "changes improving the conditions in our county's jails," thus she is commanded to be deposed. [Doc. 621-1, p. 7] Again, Sheriff Martinez's apex role activity in issuing press releases and statements to staff and the community cannot form the basis of purported unique "knowledge" warranting an apex deposition – that would defeat the purpose of apex deposition protections for those serving in public-facing high-ranking government positions. Moreover, Plaintiffs have not pointed to anything specific in the press releases that evidence Sheriff Martinez has any unique, non-repetitive knowledge.

**B.     Less Intrusive and Burdensome Methods of Discovery are Available for Plaintiffs to Obtain Evidence**

A court must limit discovery if a party can obtain it "from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P 26(b). This is particularly true where, as here, Plaintiffs are seeking an apex deposition of Sheriff Martinez before completing less burdensome discovery, like Rule 30(b)(6) depositions.

In *Sargent v. Cty. of Seattle*, No. C12-1232 TSZ, 2013 WL 1898213 (W.D.

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4861-8392-5946 v1                                    6                    Case No. 3:20-cv-00406-AJB-DDL
                                                                DEFENDANTS' OPPOSITION TO PLTFFS'
                                                                MOTION FOR ADDITIONAL DEPOS

Wash. May 7, 2013), the plaintiff brought a *Monell* claim against the city and sought to depose the police chief regarding the department's policies and procedures for detaining arrested persons. *Id*. at *2. The court held that the plaintiff failed to prove extraordinary circumstances because he did not demonstrate that the police chief had "direct personal information of material issues in the action and that the information may not be gained from any other source." *Id*. at *3. The court refused to compel the deposition regardless of the *Monell* claim and noted that the plaintiff could notice a Rule 30(b)(6) deposition. *Id*. at *5.

As in *Sargent*, Plaintiffs had the opportunity to seek the information sought through Rule 30(b)(6) depositions. Testimony regarding the Department's policies and changes are obtainable from lower-ranked Department employees. Plaintiffs have not established other avenues of discovery are exhausted. District courts regularly reject the argument that Plaintiffs should be able to depose a high-ranking official, especially when the same evidence was never sought from lower ranking officials. The Court should do the same here.

### C. <u>Plaintiffs' Cited Cases are Inapposite</u>

Plaintiffs cite *Ahlman v. Barnes*, No. 820CV00835JGBSHK, 2021 WL 1570838, at *6 (C.D. Cal. Mar. 9, 2021) and *Green v. Baca*, 226 F.R.D. 624, 649 (C.D. Cal. Jan. 24, 2005) as cases allowing the Sheriff depositions. Both of these cases are distinguishable. The *Ahlman* case involved a lawsuit filed against the County of Orange and the Sheriff, alleging an unconstitutional failure to effectively combat COVID-19 within the jails. *Ahlman v. Barnes*, 20 F.4th 489, 492 (9th Cir. 2021). Plaintiffs sought in part an order compelling Defendants to release members of the Disabled and Medically-Vulnerable subclasses and mitigate the dangers of COVID-19 within the Jail. *Ahlman v. Barnes*, 445 F. Supp. 3d 671, 686–87 (C.D. Cal. 2020). Sheriff Barnes' involvement was a main focal point of the lawsuit. The plaintiffs set forth specific evidence that Sheriff Barnes exercised his statutory discretion to release more than 1,500 inmates from the Orange County Jail during

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4861-8392-5946 v1

7

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS'
MOTION FOR ADDITIONAL DEPOS

the COVID-19 declared emergency and that Sheriff Barnes was the one who set the criteria for who was eligible for an early release. *Id.* at *6. The plaintiffs provided evidence that Sheriff Barnes had unique information and personal knowledge, "unlike cases in which the apex witness is uninvolved with the issues of the case and is merely acting as the face of an entity, making only generalized statements." *Id.* at *7. In contrast, Plaintiffs here only have generalized statements from Sheriff Martinez as an apex face of the Department - as opposed to specified unique personal knowledge. *Ahlman* is distinguishable.

Plaintiffs also cite *Green v. Baca*, 226 F.R.D. 624, 650 (C.D. Cal. 2005), order clarified, No. CV 02-204744MMM(MANx), 2005 WL 283361 (C.D. Cal. Jan. 31, 2005), which did not involve depositions. Sheriff Baca was a named defendant in the case and he did not demonstrate he lacked personal knowledge of relevant facts in order to preclude calling him to testify at trial. The ruling in *Green* that Sheriff Baca could be called as a trial witness was also based on its ruling that the Sheriff was not a high government official that was qualified to be afforded the protections of the apex doctrine. However, *Green* was decided in 2005, and "ample authority since that date supports the proposition that a sheriff is a high-ranking government official entitled to protection." *K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3434257, at *6 (C.D. Cal. July 11, 2014) (calling *Green* into doubt). Here, Plaintiffs do not dispute that Sheriff Martinez is a high-ranking apex witness.

### D. Rejecting the Apex Doctrine in this Case will Significantly Impact and Interfere with Sheriff Martinez's Ability to Perform Her Job Duties

Courts assessing apex depositions acknowledge the reality that "high ranking government officials have greater duties and time constraints than other witnesses." Without any limitations, the officials will spend an inordinate amount of time immersed in pending litigation. *Thomas v. Cate*, 715 F.Supp.2d 1012, 1048 (E.D.

4861-8392-5946 v1

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

8

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS'
MOTION FOR ADDITIONAL DEPOS

Cal. 2010). In *K.C.R.*, 2014 WL 3434257 at *7, the court held that the former undersheriff of the Los Angeles County Sheriff's Department ("LASD") was a "very visible official" and acknowledged the reality that he would be "vulnerable to suit by anyone challenging LASD policies and practices, even when he may not have any personal knowledge of the underlying facts of a particular case." *Id*. at *5. The court ruled that in light of the "significant risk that [the undersheriff] would be called to testify in innumerable suits brought by inmates and civilians with grievances against the LASD, whether or not he had personal knowledge of the facts of the case," the former undersheriff warranted the protection of the apex doctrine. *Id*. at *6-7. Plaintiffs maintain that there is no burden to Sheriff Martinez since they will limit her deposition to four hours and will take the deposition at a location convenient to her. [Doc. 621-1, p. 4] The four hours is not the issue. Sheriff Martinez should not have to be deposed at all, under the guise of having the "buck stop" with her, and based on nebulous attempts to surmise personal knowledge based on her being in charge of policy issues, which is her apex job.

      This is not simply a four hour time commitment. Prep time is required. Time will be taken away from Sheriff Martinez's other pressing job duties to prepare for her deposition. This will not be an easy task, since as this Court is well familiar, Plaintiffs' 230-page Third Amended Complaint ("Complaint") contains an overwhelming multitude of issues. [Doc. 231] Sheriff Martinez's name is not mentioned in any allegation of the Complaint. [Doc. 231] Plaintiffs do not attribute any conduct to Sheriff Martinez in the Complaint. [Doc. 231] It is unknown what Plaintiffs will ask or focus on since they never articulated the exact issues they require for Sheriff Martinez's purported unique testimony. Mere references to "policies" that Sheriff Martinez has the "final say" on are unhelpful.

      It is apparent Plaintiffs want Sheriff Martinez's deposition to trap her in a game of "gotcha" to discredit the Department. If Sheriff Martinez testifies that she does not have personal knowledge as to a specific issue or scenario that Plaintiffs

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4861-8392-5946 v1

9

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS'
MOTION FOR ADDITIONAL DEPOS

pose a question on, Plaintiffs will try to use her lack of knowledge against Defendants.  If Sheriff Martinez defers to the knowledge of those working under her that would better know firsthand the issues questioned, Plaintiff will maintain Sheriff Martinez is deflecting.  This situation is ripe for abuse, as Sheriff Martinez's deposition may be sought for an improper purpose in an effort to extract information to paint the Department in a bad light by focusing on what Sheriff Martinez knows or does not know. If this were truly an information-gathering deposition, Plaintiffs would have articulated exactly what information they require that Sheriff Martinez – as opposed to any else in the Department – can provide - or in the alternative ask Defendants for this specific information.  There is no discoverable information Plaintiffs are seeking, and certainly none articulated by Plaintiffs.  Preparing for this deposition is not only extremely difficult and burdensome, but is harassing.

### III. PLAINTIFFS' REQUEST FOR LEAVE TO TAKE MORE THAN 10 DEPOSITIONS TO DEPOSE THREE NAPHCARE INDIVIDUALS AND DR. PETER FREEDLAND SHOULD BE DENIED

#### A. Plaintiffs Cannot Meet their Burden to Establish Entitlement to Additional Depositions Beyond the 10-Deposition Limit

Rule 26(b)(2) presumptively limits the number of depositions that each side may conduct to only ten.  A party must obtain leave of court under Rule 30(a)(2)(A) if more depositions are sought.  The purpose of this Rule is to "enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of 'wide-ranging discovery. . . '"  *Whittingham v. Amherst Coll*., 163 F.R.D. 170, 171-172 (D. Mass. 1995).  "[T]he mere fact that many individuals have discoverable information does not necessarily entitle a party to depose each such individual." *Sigala v. Spikouris*, No. 00 CV 0983 (ILG), 2002 WL 721078, at *3 (E.D.N.Y. Mar. 7, 2002).

When considering a motion for leave to take more than ten depositions, the Court should determine whether leave is consistent with the considerations of Rule

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4861-8392-5946 v1    10    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS'
MOTION FOR ADDITIONAL DEPOS

26(b)(2), which provides pertinent part:

> "[T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."

Plaintiffs fail to meet the standards warranting the taking of 10+ depositions. The issue is not whether Plaintiffs could obtain relevant information from the additional depositions, but whether they have shown legitimate need justifying the additional fact witnesses which will cause them to exceed the 10-deposition limit and how the depositions they have taken were justified. *Authentec, Inc. v. Atrua Techs., Inc.*, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008) (finding that defendant's argument that additional depositions were needed for individuals listed on the initial disclosures with "potentially discoverable information" was without merit.) Plaintiffs cannot meet their burden of making a "particularized showing" of the need for the additional depositions, particularly at this late stage of discovery.

Plaintiffs' assertion that they have taken only nine depositions and they need more in this lawsuit obscures the issues. Plaintiff issued a 30(b)(6) notice with 26 sub-topic categories, not even counting the sub-sub-topics embedded within each 30(b)(6) deposition, with 16 deponents designated by Defendants for the 30(b)(6) categories for 40 hours of deposition time. [621-2, pp. 13-17] On top of the 30(b)(6) depositions, Plaintiffs noticed 7 additional fact depositions which have been taken or are being scheduled. [*Id.*]. Thus, the actual number of hours of deposition testimony far exceeds what it would have been with 10 individual witnesses (10 x 7). Plaintiffs have taken (and are in the process of taking) 120 hours of depositions. They still have one of the 10 left to take with a fact discovery cut off

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4861-8392-5946 v1

11

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS' MOTION FOR ADDITIONAL DEPOS

approaching on May 7th. Plaintiffs' focus on the class action nature of this lawsuit does not mandate exceeding the number of depositions sought. Plaintiffs were the ones who decided to bring suit on an overbroad range of issues, declining to streamline or narrow their case. The overbreadth and unfocused nature of their discovery has been an issue throughout.

### B. Plaintiffs' Demand for the Depositions of Three NaphCare Depositions is Premature and Unwarranted

Plaintiffs' issues with the NaphCare depositions are the subject of Plaintiffs' meet and confer and discovery motion with this third party. Plaintiffs are seeking additional depositions from NaphCare due NaphCare's claimed insufficient 30(b)(6) designations. [Doc. 621-4, pp. 4-5]. Specifically, Plaintiffs are demanding that NaphCare produce for deposition its medical director, mental health director, and program manager to purportedly "fill in the gaps" in the NaphCare designated deponent, Angela Nix, who was deposed on April 16, 2024. [*Id.* at p. 3] In other words, Plaintiffs are seeking individual depositions from NaphCare under the guise of a 30(b)(6) deposition. (This is improper – Plaintiffs cannot designate 30(b)(6) with such specificity to require that a specific individual be deposed.). In any event, the issue with the NaphCare 30(b)(6) deposition will be resolved through the third party motion process and Plaintiffs may not "double dip" looking for the best outcome. Plaintiffs cannot circumvent this discovery dispute through an order to increase the limit on their allotted 10 depositions. Since the NaphCare discovery dispute has not been resolved, it would be premature to award additional depositions of NaphCare staff other than under the 30(b)(6) process.

NaphCare maintains valid objections to Plaintiffs' disputes with its 30(b)(6) deposition designation. [Exh. "1" to Susan E. Coleman Declaration.] In the instant motion for additional depositions, Plaintiffs maintain that Angela Nix is an improperly designated 30(b)(6) witness since she is based out-of-state and Plaintiffs instead expected NaphCare's on-site San Diego professionals (Health Services

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4861-8392-5946 v1

12

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS'
MOTION FOR ADDITIONAL DEPOS

Administrator/Program Director, Medical Director, or Mental Health Director) to serve as the 30(b)(6) witness, and that Ms. Nix was not able to answer many critical questions about medical and mental health care at the Jail. Based on NaphCare's meet and confers, NaphCare has responses to each of Plaintiffs' arguments, which will be the subject of Plaintiffs' anticipated motion to compel NaphCare's further 30(b)(6) testimony. [*Id.*] That anticipated motion to compel is the correct vehicle to address the NaphCare depositions on the merits, and not the current motion. Plaintiffs should not get a second bite at the apple to notice additional NaphCare individual depositions if their 30(b)(6) motion to compel fails. Plaintiffs apparently knew they wanted to depose specific persons or positions at NaphCare (the San Diego on-site Health Services Administrator/Program Director, Medical Director, or Mental Health Director), yet they failed to include specific topics in the NaphCare 30(b)(6) notice of cover the topics these individuals allegedly have knowledge of. Defendants would be severely prejudiced if these additional individual depositions were to move forward, given that the May 31, 2024 date for the initial expert designations would not permit enough time for these depositions to occur in advance of expert review and reports.

Plaintiffs claim that these depositions should have been subsumed within the 30(b)(6) depositions, but they provide no evidence of that. Indeed, Plaintiffs could have and should have included any topics they wanted to cover through these individuals through the 30(b)(6) notice, and they failed to do so. Plaintiffs cannot try to backtrack and now issue individual deposition notices because they failed to draft their NaphCare 30(b)(6) notice to cover the information they claim they wanted to know and then use their incomplete 30(b)(6) notice as a basis for more depositions.

The NaphCare individual depositions should be denied. Either the 30(b)(6) NaphCare notice requires the third party depositions based on the topics sought under the notice or it does not, but it certainly does not permit further individual

depositions. That ship has sailed.

### C. Dr. Freedland's Deposition is Unwarranted

Plaintiffs seek Dr. Freedland's deposition based on guesswork. Plaintiffs do not explain why they want the chief executive of Correctional Healthcare Partners, Inc. ("CHP") to be deposed, other than CHP has started contract negotiations to replace NaphCare in part. Plaintiffs claim they want testimony on the transition and care that CHP will be providing, stating they will withdraw Dr. Freedland's deposition if the County's currently-scheduled 30(b)(6) deponent (designee Dr. Jon Montgomery) could address this issue. Dr. Montgomery did address the anticipated scope of CHP services at his deposition. The scope of Dr. Freedland's deposition is also an issue. Plaintiffs are not even seeking a 30(b)(6) deposition on the topic on any transferred services, but are attempting to notice an individual deposition of Dr. Freedland. This is suspect for overbreadth and exceeds the scope of why Plaintiffs claim they require Dr. Freedland's individual deposition.

## IV. CONCLUSION

Based upon the foregoing, Defendants request that Plaintiffs' motion be denied in its entirety.

Dated: May 1, 2024                    BURKE, WILLIAMS & SORENSEN, LLP

By:   *s/ Susan E. Coleman*
    Susan E. Coleman
    Elizabeth M. Pappy
    Deann R. Rivard

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4861-8392-5946 v1                    14        Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' OPPOSITION TO PLTFFS'
MOTION FOR ADDITIONAL DEPOS