# EXHIBIT 1



**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Friday, April 19, 2024 3:43 PM
**To:** 'Priyah Kaul' <pkaul@rbgg.com>
**Cc:** Holly Thomas <Holly.Thomas@manningkass.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Ben Holston <BHolston@rbgg.com>; Natalie Ortiz <Natalie.Ortiz@manningkass.com>; Alison DeYoung <Alison.DeYoung@manningkass.com>; Julie Contreras <Julie.Contreras@manningkass.com>; Coleman, Susan E. <SColeman@bwslaw.com>; Pappy, Elizabeth M. <EPappy@bwslaw.com>; Deann R. Rivard <Deann.Rivard@manningkass.com>
**Subject:** Dunsmore (PC) - NaphCare Subpoenas - Meet and Confer

[EXTERNAL]

Good afternoon-

The FRCP 30(b)(6) deposition was over six hours on the record. The witness provided significant information regarding all issues/topics set forth in the subpoena. Your objection/contention is unfounded and without merit. It was plaintiffs' responsibility to identify, with requisite specificity, the areas in which the corporate designee was to testify regarding. Plaintiffs failed to provide the requisite specificity regarding the topics in which plaintiffs contend the witness did not provide adequate testimony. Furthermore, the witness provided adequate testimony regarding each topic/issue. We do not stipulate to producing further witnesses.

**Plaintiff's position:**

"I'm writing to meet and confer regarding NaphCare's failure to produce a witness with adequate knowledge to testify about the topics set forth in the subpoena. Given the deficiencies noted on the record and below, we request that NaphCare produce onsite leadership (the program manager/HSA, medical director, and mental health director), as well as Dr. Wade, for further Rule 30(b)(6) depositions in this case. These depositions are necessary given Ms. Nix's inability to testify as to several issues encompassed in the deposition subpoena.

**Response:**

First, FRCP 30(b)(6) does not allow plaintiff to determine who the designee is going to be. We do not agree to produce the witnesses you are requesting.

Second, at the time of deposition you failed to present and go through the issues/topics in the subpoena to determine the actual knowledge of the witness. Rather, you asked random questions, most of which

were outside of the scope of the subpoena, regarding the corrective action notice and response thereto. The witness had substantial knowledge regarding every topic/question you asked, including the corrective action notice, which seemed to be your primary focus.

Third, there is no requirement that a FRCP 30(b)(6) witness spend a set number of hours preparing, by reviewing a certain set of documents. Angela Knix is not only the Vice President, but also the individual who conducted trainings at the San Diego locations, and is a nurse herself. She has extraordinary knowledge regarding each topic set forth in the deposition subpoena.

Generally, when her answer was "I don't know", it was followed up by the fact she would have to review a particular document to provide the statistical information or verbatim language. You failed to present the referenced documents at the time of deposition to obtain the follow up answer and verify the information.

Responses below in red:

"By way of example only, Ms. Nix could not testify adequately about the following:

- Staff vacancies
    - Topic 5 was "staffing and vacancy levels for HEALTH CARE in the jail, including your staffing plan";
    - We produced the staffing matrix with the original contract, and the updated staffing matrix with the February 2024 amendment to the contract, even though this was outside the time frame agreed upon regarding the document production;
    - When Ms. Knix was asked about vacancies, she testified that she would need to review these documents to properly answer. A FRCP 30(b)(6) witness is not required to memorize the contents of records for deposition. The fact that you did not show the witness the referenced documents is not a result of the witness being unprepared, and is not grounds for another deposition.
- CHP's reporting structure, policies, and practices as a sub-contractor of NaphCare
    - Outside the scope of any topic/issue within the subpoena.
    - CHP was a named party at the start of this litigation. Information regarding CHP's structure, policies and practices presumably were obtained during discovery. Regardless, there was no designated "issue" or "topic" related to CHP's reporting structure, policies, and practices.
- Draft policies and procedures provided to the Sheriff's Department by NaphCare
    - Most of the times when you asked about specific policies, the witness testified that she would need to see the policy to fully answer. That is an appropriate response. Again, the witness is not required to memorize verbatim the policies, which speak for themselves. The fact that you did not show the witness the documents is not a result of the witness being unprepared.
    - Most importantly, the witness was aware of all of the draft policies and procedures provided to the Sherriff's Department and could have easily authenticated them for you. Again, they speak for themselves.
    - It is unclear what your contention is here.
- What certain entries mean on the TechCare reports produced to us (e.g. 2/2023 offsite clinic report; 8/2023 offsite clinic report)
    - Outside the scope of any topic or issue set forth in the subpoena.

- - - The witness was exceptionally knowledgeable about entries on techcare reports, despite that not being a topic/issue within the subpoena.
  - The scope of responsibilities for NaphCare's discharge planners
    - My recollection was that the witness answered the question but may have referred to a provision of the contract that she would need to review. The fact that you did not show her produced and referenced documents in the deposition is not a result of the witness being unprepared. Rather, this was a failure on your part to present the record, authenticate it and verify the contents.
  - The supply of critical medications currently provided to individuals at discharge
    - This is outside the scope of the subpoena which asked for "All POLICIES AND PROCEDURES and practices RELATING TO medical HEALTH CARE at the JAIL, including but not limited to… (m) discharge planning and medical services."
    - Ms. Knix testified that medical discharge was a county function. There is no designee with further information.
  - Delays in providing prescription eyeglasses to patients in the Jail
    - The topic regarding glasses was: 4. "All POLICIES AND PROCEDURES and practices RELATING TO vision HEALTH CARE at the JAIL, including but not limited to the provision of medically required eyeglasses." The question is outside the scope. The subpoena did not request a witness to be designated regarding delays in patients receiving eyeglasses.
  - The status of unpaid bills to offsite providers
    - This is clearly outside the scope of any topic/issue set forth in the deposition subpoena.
  - Acadia's role in the MAT program
    - Outside the Scope of the Subpoena.
    - My recollection is that the witness testified that she would have to look at the MAT policy to answer some questions about Acadia, but she was not shown the policy. Moreover, the witness was extremely knowledgeable regarding the MAT program.
    - Indeed, after reviewing one of the documents, the witnesses memory was refreshed about what Acadia did.
  - The policies and procedures, or guidelines, followed by physicians in evaluating certain patients for the MAT program
    - The topic was "All POLICIES AND PROCEDURES and practices RELATING TO medical HEALTH CARE at the JAIL, including but not limited to… (d) medication assisted treatment (MAT) for incarcerated people."
    - "Evaluation of certain patients" is outside the scope/issue set forth in the subpoena;
    - Regardless, the witness had significant knowledge regarding the policies, procedures or guidelines that apply to the MAT program.
  - Whether and how NaphCare addressed issues raised in the corrective action notice regarding its electronic health care records system
    - Outside the scope of any topic/issue within the subpoena.
    - The witness had significant knowledge regarding the electronic health care records system.
  - NaphCare's mental health training for Sheriff's Department staff
    - Training was not a topic/issue within the subpoena.
    - The witness had significant knowledge regarding training.
  - Policies, procedures, and practices applying to the specialty mental health units in the Jail
    - This was not a topic/issue within the subpoena. Moreover, classification/housing is

a function of custody.

With respect to the document production, my paralegal Holly is working on an additional production. We believe the training records were part of the download that your office was having trouble with. We are working to remedy the issue and provide a new link.

Best Regards,

> **G. Craig Smith**
> Partner
>
> 
>
> 695 Town Center Dr., Suite 400
> Costa Mesa, CA 92626
> Main: (949) 440-6690
> Mobile: (949) 370-5893
> Craig.Smith@manningkass.com | manningkass.com
>
> Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco
>
> Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

**From:** G. Craig Smith <Craig.Smith@manningkass.com>
**Sent:** Friday, April 19, 2024 10:57 AM
**To:** 'Priyah Kaul' <pkaul@rbgg.com>
**Cc:** Holly Thomas <Holly.Thomas@manningkass.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Ben Holston <BHolston@rbgg.com>; Natalie Ortiz <Natalie.Ortiz@manningkass.com>; Alison DeYoung <Alison.DeYoung@manningkass.com>
**Subject:** RE: Dunsmore - NaphCare Subpoenas

Hi Priyah-

I am waiting on a response from my client regarding your below email. However, we disagree that Ms. Nix was not adequately prepared or that she did not have the requisite knowledge to testify as to all subject matters set forth in the subpoena. Notably, the bullet points below do not quote the actual categories from the subpoena. Moreover, the witness is not required to memorize statistics and when she did not know the specific statistical answer she referred you to documents that she could review to locate that information, which have been produced.

Best Regards,

4 of 11

G. Craig Smith
Partner



695 Town Center Dr., Suite 400
Costa Mesa, CA 92626
Main: (949) 440-6690
Mobile: (949) 370-5893
Craig.Smith@manningkass.com | manningkass.com

Dallas | Los Angeles | New York | Orange County | Phoenix | San Diego | San Francisco

Note: This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. The information transmitted in or with this message is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material and is protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any retransmission, dissemination, distribution, copying or other use of, or the taking of any action in reliance upon, this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting the material from your computer. Thank you. Manning & Kass, Ellrod, Ramirez, Trester, LLP

---

**From:** Priyah Kaul <pkaul@rbgg.com>
**Sent:** Friday, April 19, 2024 10:43 AM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>
**Cc:** Holly Thomas <Holly.Thomas@manningkass.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Ben Holston <BHolston@rbgg.com>
**Subject:** RE: Dunsmore - NaphCare Subpoenas

Craig, as discussed during our call this morning, Rule 30 depositions are limited to one day of seven hours *per designee*. The Committee Notes to the 2000 Amendment to the Rule (**https://www.law.cornell.edu/rules/frcp/rule_30**) state:

Paragraph (2) imposes a presumptive durational limitation of one day of seven hours for any deposition…. For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition.


Priyah Kaul
Senior Counsel



101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** Priyah Kaul

**Sent:** Wednesday, April 17, 2024 4:50 PM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>
**Cc:** Holly Thomas <Holly.Thomas@manningkass.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>; Ben Holston <BHolston@rbgg.com>
**Subject:** RE: Dunsmore - NaphCare Subpoenas

Hi Craig,

Following yesterday's deposition, I'm writing to meet and confer regarding NaphCare's failure to produce a witness with adequate knowledge to testify about the topics set forth in the subpoena. Given the deficiencies noted on the record and below, we request that NaphCare produce onsite leadership (the program manager/HSA, medical director, and mental health director), as well as Dr. Wade, for further Rule 30(b)(6) depositions in this case. These depositions are necessary given Ms. Nix's inability to testify as to several issues encompassed in the deposition subpoena. By way of example only, Ms. Nix could not testify adequately about the following:

- Staff vacancies
- CHP's reporting structure, policies, and practices as a sub-contractor of NaphCare
- Draft policies and procedures provided to the Sheriff's Department by NaphCare
- What certain entries mean on the TechCare reports produced to us (e.g. 2/2023 offsite clinic report; 8/2023 offsite clinic report)
- The scope of responsibilities for NaphCare's discharge planners
- The supply of critical medications currently provided to individuals at discharge
- Delays in providing prescription eyeglasses to patients in the Jail
- The status of unpaid bills to offsite providers
- Acadia's role in the MAT program
- The policies and procedures, or guidelines, followed by physicians in evaluating certain patients for the MAT program
- Whether and how NaphCare addressed issues raised in the corrective action notice regarding its electronic health care records system
- NaphCare's mental health training for Sheriff's Department staff
- Policies, procedures, and practices applying to the specialty mental health units in the Jail

It also was notable that Ms. Nix reviewed so few documents, and did not speak to anyone other than counsel, to prepare for the deposition. **Given the fact discovery deadlines in this case, can you please get back to me tomorrow with your client's position on our request that NaphCare produce additional Rule 30(b)(6) deponents?** If not, we will request an IDC with the Court.

In addition, as I mentioned to you after the deposition, we still appear to be missing documents that NaphCare indicated it would produce. I do not see in the productions (1) documents #242-323 from the index; and (2) the following training documents from our agreed-upon list: Substance Abuse Care & Treatment**,** Clinical Perspective: Restraint Chair**,** COVID -19 Vaccine Training. **When can you produce these?**

Thanks,

Priyah Kaul
Senior Counsel



101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
pkaul@rbgg.com

---

**From:** Priyah Kaul
**Sent:** Thursday, April 11, 2024 5:51 PM
**To:** G. Craig Smith <Craig.Smith@manningkass.com>
**Cc:** Holly Thomas <Holly.Thomas@manningkass.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Eugene P. Ramirez <Eugene.Ramirez@manningkass.com>
**Subject:** RE: Dunsmore - NaphCare Subpoenas

Hi Craig,

We are asking for these names because we are considering deposing some or all of those individuals, who may have critical information about on-site practices given that the contract designates them as the on-site leadership.

Further, to memorialize our conversation from this morning, you stated that you believe Ms. Nix will be prepared to testify about all topics listed in our deposition notice. For reference, I've re-attached that notice here.

I am also re-attaching the document request chart with highlights. The highlights may have been scrubbed when I emailed the document previously; sorry about that. I understand you to be stating that your client has produced all responsive documents in its possession, custody, or control, including those highlighted in the attached. Does NaphCare have a contract with CHP? If so, that document is responsive, but I have not seen it in the production.

Finally, when can we expect the supplemental production?

Thanks,

Priyah Kaul
Senior Counsel



101 Mission Street, Sixth Floor
San Francisco, CA 94105