GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:   (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone:   (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, Defendants. | Case No. 3:20-cv-00406-AJB-DDL <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL ADDITIONAL NAPHCARE RULE 30(b)(6) TESTIMONY** <br><br> Date:    June 3, 2024 <br> Time:    9:00 a.m. <br> Crtrm.:  TBD <br><br> Magistrate: Hon. David D. Leshner |

[4486772.4]

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

BACKGROUND ................................................................................................. 2

ARGUMENT ...................................................................................................... 4

I.      Ms. Nix Was Not Adequately Prepared to Testify About Topics
        Identified in the Deposition Subpoena ................................................... 4

II.     The Topics About Which Ms. Nix Was Not Adequately Prepared to
        Testify Are Within the Scope of the Deposition Subpoena .................... 8

III.    Producing a Witness to Testify about the Outstanding Topics Would
        Not Impose an Undue Burden on NaphCare ......................................... 10

CONCLUSION ................................................................................................. 10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
ADDITIONAL NAPHCARE RULE 30(b)(6) TESTIMONY

# TABLE OF AUTHORITIES

**Page**

## CASES

*Dravo Corp. v. Liberty Mut. Ins. Co.*,
    164 F.R.D. 70 (D. Neb. 1995)................................................................4

*LF Centennial Ltd. v. Z-Line Designs, Inc.*,
    No. 16CV929 JM (NLS), 2017 WL 2414791 (S.D. Cal. May 31, 2017)........7

*San Diego Unified Port Dist. v. TDY Indus., Inc.*,
    No. 03CV1146-B (POR), 2005 WL 8173285 (S.D. Cal. Nov. 22,
    2005)..............................................................................4, 6, 7, 9

*Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*,
    No. 15-CV-1282-L (WVG), 2016 WL 4485564 (S.D. Cal. July 21,
    2016)....................................................................................4, 9

*Westmoreland v. Regents of the Univ. of Cal.*,
    No. 2:17-cv-01922-TLN-AC, 2019 WL 932220 (E.D. Cal. Feb. 26,
    2019)......................................................................................7

## RULES

Fed. R. Civ. P. 30(b)(6) ................................................................3

[4486772.4]
ii
Case No. 3:20-cv-00406-AJB-DDL

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
ADDITIONAL NAPHCARE RULE 30(b)(6) TESTIMONY

# INTRODUCTION

NaphCare of San Diego LLC ("NaphCare"), a contracted provider of medical, mental health, and dental care services in the San Diego County Jails (the "Jail") since June 1, 2022, designated and presented for deposition a Rule 30(b)(6) witness who was unprepared to testify about numerous topics covered by Plaintiffs' deposition subpoena. The witness, Angela Nix, acknowledged that she did little to prepare for the deposition. It thus was no surprise that Ms. Nix was unable to adequately answer many of Plaintiffs' counsel's questions about NaphCare's work in the Jail, including questions about the following issues all covered squarely by the subpoena:

- staffing and vacancies (topics 1(a), 2(b), 5);
- custody staff's involvement in the provision of health care (topic 1(b));
- screening, diagnosing, and treating tuberculosis and chronic conditions (topics 1(c), 1(f), 1(k), 1(l));
- medication assisted treatment (MAT) (topic 1(d));
- sick call processes (topics 1(g), 2(e));
- contracts with and referrals to community medical providers (topic 1(i));
- availability of confidential spaces for health care appointments (topic 1(j));
- discharge planning (topics 1(m) and 2(l));
- quality assurance and improvement reporting (topic 1(n));
- provision of mental health care in the Jail, and specifically, mental health training, housing, and provision of care to individuals with acute mental health needs (topic 2(a), 2(f), 2(h), 2(i), 2(j));
- provision of dental care in the Jail (topic 3);
- delays in the provision of prescription eyeglasses (topic 4);
- NaphCare's responsibility for sub-contractors (topic 7)
- management of health information in NaphCare's electronic document and records systems, and specifically, TechCare (topic 10); and
- policies and procedures drafted by NaphCare for the Jail (topics 1-4).

Although the deposition transcript is replete with testimony reflecting Ms. Nix's lack of knowledge and preparation, NaphCare claims it has fulfilled its obligations under the subpoena. Not so. Plaintiffs request that NaphCare be required to produce one or more witness(es) prepared to respond to the questions

listed in the chart filed under seal and attached as Exhibit C to the Declaration of Priyah Kaul in Support of Plaintiffs' Motion to Compel Additional NaphCare Rule 30(b)(6) Testimony ("Kaul Decl."), and reasonable follow up questions, as well as to answer questions about NaphCare's recently produced training materials. Plaintiffs further request that NaphCare be ordered to produce the witness(es) to testify about these topics, as well as the morbidity and mortality reviews, for a period of time not to exceed four hours and forty-five minutes.

## BACKGROUND

On August 10, 2023, Plaintiffs served NaphCare with a deposition subpoena noticing a deposition for September 20, 2023, with 11 noticed topics (some including sub-topics) relating to NaphCare's provision of health care services in the Jail. Kaul Decl. ¶ 2. NaphCare did not move to quash or submit written objections to Plaintiffs' deposition subpoena. *Id*. ¶ 3. After several months of meeting and conferring and briefing a separate motion to compel as to subpoenaed documents, the parties agreed to proceed with scheduling the 30(b)(6) deposition. *Id*. ¶ 3. On March 27, 2024, after the parties confirmed scheduling for the deposition, Plaintiffs served an amended deposition subpoena with same noticed topics, but reflecting the new date and time. *Id*. ¶ 3, Ex. A. Thereafter, Plaintiffs' counsel learned that although NaphCare previously intended to designate as its witness Dr. Michael Farrier, former on-site program manager and health services administrator for the Jail, NaphCare instead was designating Ms. Nix, Vice President of Nursing and based in Alabama, because Dr. Farrier's employment with NaphCare had ended. *Id*. ¶ 4.

On April 16, 2024, NaphCare produced Ms. Nix for deposition. *Id*. ¶ 5. During the deposition, Plaintiffs' counsel objected on the record to Ms. Nix's designation given her demonstrated lack of preparation and inability to respond to certain questions. *Id*. ¶ 7, Ex. B, p. 119. Plaintiffs' counsel also left the deposition open pending production of training materials and morbidity and mortality reviews by NaphCare. *Id*. pp. 244-245. Following an informal discovery conference, and

1   pursuant to this Court's order, Dkt. 625, the parties continued to meet and confer,

2   including exchanging and discussing a chart setting forth questions to which

3   Ms. Nix was not prepared to respond adequately.  Kaul Decl ¶ 9.  Plaintiffs agreed

4   to drop 12 questions from their initial list, and NaphCare agreed to produce Ms. Nix

5   to testify about only 3 questions from that list.  *Id*. ¶ 9.  NaphCare designated the

6   deposition transcript and the chart that references it confidential under the parties'

7   Amended Protective Order.  See Motion to Seal, filed herewith.  NaphCare also

8   designated Ms. Nix to testify about the morbidity and mortality review records

9   produced to Plaintiffs on May 3, 2024, but only for the 30-45 minutes remaining

10  from Ms. Nix's original seven hours on the record.  *Id*. ¶ 11.  NaphCare refused to

11  produce Ms. Nix or other witnesses to testify regarding the questions in the chart

12  and reasonable follow up questions, nor the training materials produced after

13  Ms. Nix's deposition.  *Id*. ¶ 11.[1]

14          On April 24, 2024, Plaintiffs filed a motion to compel additional fact

15  witnesses, including three NaphCare employees who, per NaphCare's contract with

16  the County, comprise the on-site leadership team: the medical director, mental

17  health director, and health services administrator.  Dkt. 621.  Since filing that

18  motion, Plaintiffs have learned that there is no onsite medical director from

19  NaphCare, *see* Kaul Decl. ¶ 8; as such, Plaintiffs now only seek the two on-site

20  witnesses.  Plaintiffs bring this motion in the alternative to their pending motion.

21  Should Plaintiffs' motion to compel additional fact witnesses be granted in full as to

22  NaphCare, Plaintiffs agree that this motion would be mostly moot.[1]  Given

23  Ms. Nix's lack of knowledge regarding the day-to-day provision of care in the Jail,

24  as explained below, Plaintiffs' believe NaphCare's fact witnesses would be better

25  positioned to provide accurate and complete testimony about outstanding issues than

26

27  _____

28  [1] Ms. Nix or another adequately prepared witness should be required to testify
    regarding the training materials and morbidity and mortality reviews.

1  Ms. Nix, even if she prepared for the deposition.

2  ## ARGUMENT

3      Federal Rule of Civil Procedure 30(b)(6) allows a party to depose an entity by

4  identifying a set of topics for the deposition.  Fed. R. Civ. P. 30(b)(6).  The named

5  entity is then required to designate one or more representatives to testify on its

6  behalf as to the areas specified.  *Id*.  The entity is "obligated to produce the 'most

7  qualified' person [or persons] to testify" when served with a Rule 30(b)(6)

8  deposition subpoena.  Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch.

9  11(IV)-A.  The person designated by the entity is required to "testify as to matters

10  known or reasonably available to the organization."  Fed. R. Civ. P. 30(b)(6).  If the

11  designee does not possess personal knowledge of the matters set out in the

12  deposition notice, the entity is obligated to prepare the designee so that he or she

13  may provide knowledgeable and binding answers for the corporation.  *San Diego*

14  *Unified Port Dist. v. TDY Indus., Inc.*, No. 03CV1146-B (POR), 2005 WL 8173285,

15  at *3 (S.D. Cal. Nov. 22, 2005).  Thus, the duty to prepare a Rule 30(b)(6) designee

16  goes beyond matters personally known to that designee or to matters in which that

17  designee was personally involved.  *Id*.

18  **I.    Ms. Nix Was Not Adequately Prepared to Testify About Topics Identified
        in the Deposition Subpoena**

19

20      Ms. Nix's lack of preparation for the deposition is evident from her

21  testimony.  An entity has "a duty to make a conscientious, good-faith effort to

22  designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them

23  to fully and unevasively answer questions about the designated subject matter."

24  *Starline Windows Inc. v. Quanex Bldg. Prod. Corp.*, No. 15-CV-1282-L (WVG),

25  2016 WL 4485564, at *4 (S.D. Cal. July 21, 2016) (citing cases); *Dravo Corp. v.*

26  *Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995) ("If the rule is to promote

27  effective discovery regarding corporations the spokesperson must be informed.").

28  NaphCare failed to satisfy its duty here.

1    Ms. Nix's personal knowledge alone was not sufficient to prepare her to

2    testify about all of the noticed topics. Ms. Nix is Vice President of Nursing for

3    NaphCare, a position she has held for a little more than one year. Kaul Decl. ¶ 4,

4    Ex. B, p. 12. She is based in NaphCare's office in Birmingham, Alabama, and visits

5    the Jail every month or two. *Id*. at p. 18. She has not visited every facility in the

6    Jail. *Id*. In her position, Ms. Nix generally assists with recruiting, training, and

7    overseeing directors and administrators in health care systems with which NaphCare

8    contracts, although the health services administrator for the Jail has never reported

9    to Ms. Nix. *Id*. at pp. 13-14, 16. With respect to the Jail specifically, Ms. Nix is a

10   "nurse point person" and participated in "training of the County nursing staff." *Id*.

11   at p. 14. But nursing does not fall within the scope of NaphCare's services in the

12   Jail, as it is a County function. *Id*. at p. 19.

13   When shown the deposition subpoena and asked about her ability to testify as

14   to each of the topics listed therein, Ms. Nix stated that she understood she had been

15   designated to testify as a corporate representative and considered herself

16   knowledgeable about the noticed topics. *Id*. pp. 4-8. Ms. Nix then repeatedly stated

17   that she could not respond to questions about topics that were outside the scope of

18   her personal knowledge. *See, e.g., id*. at pp. 68-69 (testifying that she could not

19   speak to the status of NaphCare's unpaid bills to community medical providers and

20   did not speak to anyone in the finance department about the issue prior to the

21   deposition); 97, 106 (confirming that NaphCare was responsible for implementing a

22   MAT program in the Jail but testifying that she "can't speak to the content of []

23   training for physicians and mid-levels"). Given the relatively brief length of her

24   tenure with NaphCare, her primary working location in Alabama, and the limited

25   scope of her duties in the Jail, Ms. Nix simply did not know enough from her

26   personal experiences alone to testify adequately about all of the noticed topics.

27   NaphCare was responsible for preparing Ms. Nix or other designated

28   witnesses—not simply relying on Ms. Nix's limited personal knowledge—to answer

1  questions about all of the noticed topics.  It did not do so.  Ms. Nix testified that

2  others at NaphCare would know the answers to certain of Plaintiffs' counsel's

3  questions, including NaphCare's health services administrator for the Jail, but

4  Ms. Nix had not spoken to them to prepare for the deposition.  *Id.* at pp. 12, 36, 69,

5  241.  Indeed, Ms. Nix admitted that she did not speak to anyone other than counsel

6  about the noticed topics.  *Id.* at pp. 10-12.  Ms. Nix also reviewed only a handful of

7  documents to prepare for the deposition: the subpoena, NaphCare's policies and

8  procedures, NaphCare's contract with the County and attached staffing matrices,

9  and unspecified documents related to the Request for Proposal process that led to

10 NaphCare winning the contract.  *Id.* at 10.  This is just a fraction of the hundreds of

11 documents produced by NaphCare in response to Plaintiffs' document subpoena,

12 and critically, omits highly relevant documents like the corrective action notices

13 issued by the County identifying NaphCare's non-compliance with their contract.

14 *See San Diego Unified Port Dist.*, 2005 WL 8173285, at *2-4 (granting motion to

15 compel additional 30(b)(6) testimony where witness "revealed at the deposition that

16 he failed to speak to anyone but counsel to prepare for the deposition and that he

17 failed to review necessary documents").

18       NaphCare contends that Ms. Nix was not required to memorize specific

19 events, statistics, or contents of documents, and thus is not responsible for her

20 inability to respond to Plaintiffs' counsel's questions.  Yet even where Ms. Nix

21 reasonably would have been expected to have personal knowledge of a topic, many

22 of her answers were evasive or she was unable to respond altogether, further

23 indicating lack of preparation.  *See, e.g.,* Kaul Decl. ¶ 7, Ex. B, pp. 72-76 (testifying

24 that although she was at meetings discussing unpaid bills to community medical

25 providers, she did not know the current status or the scope of the impact on patient

26 care); 10, 31, 37-38 (testifying that although she reviewed staff matrices prior to

27 deposition, she did not know if a psychologist was assigned to Las Colinas and

28 could not confirm the number of sub-contracted medical providers); 185 (in

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
ADDITIONAL NAPHCARE RULE 30(b)(6) TESTIMONY

1    response to question about whether she made aware of issues related to inaccuracies

2    in TechCare reports, stating "Possibly.  I can't speak to the specifics of issues.").

3    Plaintiffs' counsel's line of questioning related to staff vacancies, topic 5 in the

4    deposition subpoena, is illustrative of Ms. Nix's inability to testify about the noticed

5    topics:

> Q Among the positions in the jail that are allocated for NaphCare to fill, what percentage are currently vacant?
>
> A I would have to look at a report. I couldn't tell you off the top of my head a percentage of what what's vacant.
>
> Q Do you know the approximate number of positions that are vacant among those that have been allocated for NaphCare to fill in the jail?
>
> A Not without looking at a report on it.
>
> Q More than five?
>
> A Again, I wouldn't know without looking at a report.
>
> Q Over the course of the contracts since it went into effect, on average what has the vacancy level been like for positions allocated for NaphCare to fill?
>
> A Again, without looking at a report, I wouldn't be able to tell you a range.

*Id*. pp. 25-26.

In opposition to Plaintiffs' motion to compel additional fact witnesses,

NaphCare concedes that Ms. Nix was not able to provide complete answers to all of

Plaintiffs' counsel's questions.  NaphCare claims that Ms. Nix could have done so if

presented with certain documents.  Dkt. 632 at 3.  NaphCare did not produce every

document referenced by Ms. Nix, however, and even if it had, documents do not

replace the testimony of prepared 30(b)(6) witness.  *See San Diego Unified Port

Dist.*, 2005 WL 8173285, at *3 ("It is not enough that [] documents were produced;

the designee should have reviewed the documents in preparation to testify on the

noticed topics").  Further, even when presented with documents, Ms. Nix was

unable to provide critical testimony about their subject matter.  *See, e.g.*, Kaul Decl.

¶ 7, Ex. B, p. 119.

## II.    The Topics About Which Ms. Nix Was Not Adequately Prepared to Testify Are Within the Scope of the Deposition Subpoena

The questions at issue in the chart attached as Exhibit C to the Kaul Declaration strike at the very heart of Plaintiffs' health care claims in this case. NaphCare's contentions that certain of these questions fall outside the scope of the subpoena rely on an unreasonable reading of the noticed topics. *See Westmoreland v. Regents of the Univ. of Cal.*, No. 2:17-cv-01922-TLN-AC, 2019 WL 932220, at *3 (E.D. Cal. Feb. 26, 2019) ("a party responding to discovery has an obligation to construe … discovery requests in a reasonable manner" (internal quotations and citation omitted)); *LF Centennial Ltd. v. Z-Line Designs, Inc.*, No. 16CV929 JM (NLS), 2017 WL 2414791, at *3 (S.D. Cal. May 31, 2017) ("the reasonable particularity requirement of Rule 30(b)(6) cannot be used to limit what is asked of the designated witness at a deposition …. [T]he notice establishes the *minimum* about which the witness must be prepared to testify, not the maximum" (internal quotations and citation omitted)).  For example, NaphCare contends that questions related to the corrective action notice are outside the scope of the subpoena because the subpoena does not reference the corrective action notice.  Yet the substance of Plaintiffs' counsel's questions related to the notice clearly fall within the scope of the subpoena.  By way of example, Ms. Nix could not respond to questions about unpaid bills due to community providers, which is discussed in the corrective action notice *and* falls within the scope of topic 1(i) that pertains to contracts with community providers for the provision of medical care:

> Q Are you aware of whether any of these four providers listed here did not want to see or accept patients due to lack of payment?
>
> A I'm not aware.
>
> Q Do you know whether it was discussed at any CAN meetings?
>
> A I don't know that it was verbally discussed or not. I can't remember. And as I said earlier, I can't say that I attended a hundred percent of

1  them, so.

2  Q Was it discussed at last Friday's meeting.

3  A Specific to those four facilities?

4  Q Yeah.

5  A Not that I'm aware of, no.

6  Q So you don't have any recollection of being made aware of any of
7  these four providers not wanting to see or accept jail patients due to
   lack of payment; is that fair to say?

8  A It's fair to say I don't remember specifics to those four in regards to
   payment or lack thereof.

9
10  Kaul Decl. ¶ 9, Ex. B, p. 75.

11       As a further example, NaphCare claims Plaintiffs' counsel's questions about

12  training are outside the scope of the subpoena—and in fact will not agree to produce

13  a witness to testify about training materials produced to Plaintiffs *after* Ms. Nix's

14  deposition, *id*. ¶ 11—even though the subpoena specifically includes "training

15  materials" in the definition of the term "POLICIES AND PROCEDURES."  *Id.*
    ¶ 11, Ex. A.

16
17       If NaphCare believed the noticed topics were not described with sufficient

18  specificity, it could have sought a protective order or moved to quash, served written

19  objections, or sought to meet and confer about the topics in advance of designating a

20  witness.  Instead, NaphCare assured Plaintiffs that Ms. Nix would be prepared to

21  testify about the noticed topics, even after Plaintiffs' counsel raised questions about

22  the designation of an employee based in Alabama.  *Id*. ¶ 4; *see also Starline*

23  *Windows Inc.*, 2016 WL 4485564, at *6 ("[responding party's] failure to timely

24  raise their concerns [about 30(b)(6) deposition topics] with [opposing party],

25  compounded by their failure to seek a protective order, results in their waiver of any

26  objections, even if [responding party] had valid objections, which they do not").

27  Here, the subject matter of the questions was not the problem; the witness'

28  knowledge and preparation were.

III. **Producing a Witness to Testify about the Outstanding Topics Would Not Impose an Undue Burden on NaphCare**

In its opposition to Plaintiffs' motion to compel additional fact witnesses, NaphCare contends that producing additional witnesses would be unduly burdensome when it has already complied with the deposition subpoena. Dkt. 632 at 3. This argument lacks merit. NaphCare has not fulfilled its obligation under the subpoena, and if it had made a good faith effort to do so from the beginning, it likely would have designated multiple witnesses to cover the noticed topics given the breadth of health care services at the Jail for which NaphCare is responsible. *See San Diego Unified Port Dist.*, 2005 WL 8173285, at *3 ("[T]he Rule 30(b)(6) preparation requirements … [are] part of the obligation that comes with the privilege of being able to use the corporate form to conduct business."). Plaintiffs also are willing to conduct additional depositions remotely and limit the total duration to no more than four additional hours beyond the seven hours allowed (i.e. four hours plus the 30-45 minutes remaining from Ms. Nix's initial seven hour limit). Kaul Decl. ¶ 10. Plaintiffs will agree to address all outstanding issues in this time period, including seeking testimony regarding the questions in the chart, training materials, and morbidity and mortality reviews, the last for which NaphCare has agreed to produce Ms. Nix. *Id.* ¶ 10. The burden on NaphCare is minimal.

## CONCLUSION

For the aforementioned reasons, Plaintiffs request that the Court order NaphCare to produce one or more witness(es) prepared to respond to the questions listed in the chart attached as Exhibit C to the Kaul Declaration, and reasonable follow up questions, as well as to answer questions about NaphCare's recently produced training materials. Plaintiffs further request that NaphCare be ordered to produce the witness(es) to testify about these topics, as well as the morbidity and mortality reviews, for a period of time not to exceed four hours and forty-five minutes.

1

2    DATED:  May 13, 2024                 Respectfully submitted,

3                                         ROSEN BIEN GALVAN & GRUNFELD LLP

4
                                          By: */s/ Priyah Kaul*
5                                             Priyah Kaul

6
                                          Attorneys for Plaintiffs and the Certified Class
7                                         and Subclasses

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28