GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DECLARATION OF PRIYAH KAUL IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL ADDITIONAL NAPHCARE RULE 30(b)(6) TESTIMONY**<br><br>Judge: Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set<br><br>**REDACTED** |

I, Priyah Kaul, declare:

1. I am an attorney duly admitted to practice before this Court. I am a senior counsel in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs and the Certified Class and Subclasses. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Motion to Compel Additional Naphcare Rule 30(b)(6) Testimony.

2. On August 10, 2023, Plaintiffs served NaphCare with a deposition subpoena noticing a deposition for September 20, 2023, with 11 noticed topics (some including sub-topics) relating to NaphCare's provision of health care services in the Jail.

3. NaphCare did not move to quash or submit written objections to Plaintiffs' deposition subpoena. After several months of meeting and conferring and briefing a separate motion to compel as to subpoenaed documents, the parties agreed to proceed with scheduling the Rule 30(b)(6) deposition. On March 27, 2024, after the parties confirmed scheduling for the deposition, Plaintiffs served an amended deposition subpoena with same noticed topics, but reflecting the new date and time. Attached hereto as **Exhibit A** is a true and correct copy of the amended deposition subpoena.

4. I subsequently learned through meeting and conferring that although NaphCare's counsel previously indicated that NaphCare intended to designate as its witness Dr. Michael Farrier, former on-site program manager and health services administrator for the Jail, NaphCare instead would be designating Angela Nix because Dr. Farrier's employment with NaphCare had ended. When I raised questions about whether Ms. Nix would be able to testify adequately about all noticed topics given that she is based in NaphCare's Birmingham, Alabama office, counsel assured me that she would be prepared to do so.

5. On April 16, 2024, NaphCare produced Ms. Nix for deposition.

Attached as **Exhibit B** is a true and correct copy of a rough deposition transcript. Because the transcript is a rough, it contains certain typographical errors. Plaintiffs' counsel used the rough transcript to meet and confer with NaphCare's counsel in connection with this motion, and as such, are providing this version to the Court for reference.

6. Plaintiffs' counsel learned shortly before filing this motion that the final version of the Angela Nix transcript is available. Plaintiffs seek permission to file the final version of the transcript and the chart that relies on the transcript on the public docket when 14 days elapse from the finalization of the transcript, if no portions are designated confidential.

7. During the deposition, I objected on the record to Ms. Nix's designation given her demonstrated lack of preparation and inability to respond to certain questions. Although the transcript mistakenly states that the objection was made by "ATTORNEY SMITH," I made the objection. I also left the deposition open pending production of training materials and morbidity and mortality reviews by NaphCare.

8. I deposed Dr. Jon Montgomery, the Sheriff's Department's Chief Medical Officer, on April 25 and 26, 2024. Dr. Montgomery testified that NaphCare does not have an on-site medical director of its own. Instead, he testified that Dr. Peter Freedland is the on-site medical director for Correctional Healthcare Partners, a NaphCare sub-contractor that is NaphCare's "representative."

9. Attached hereto as **Exhibit C** is a chart setting forth questions to which Plaintiffs contend Ms. Nix was not prepared to testify adequately, and NaphCare's responses to Plaintiffs' contentions. Following an informal discovery conference, the Court ordered preparation of this chart. Dkt. 625. Pursuant to the Court's order, the parties met and conferred by Zoom on May 6, 2024 to discuss the chart, and exchanged multiple drafts, allowing the parties to narrow the list of disputed questions. Plaintiffs agreed to drop 12 questions from their initial list, and

NaphCare agreed to produce Ms. Nix to testify about only 3 questions from that list. NaphCare has maintained, however, that it will not produce additional witnesses for deposition on the remaining questions in the chart or reasonable follow-up questions.

10. I have communicated to NaphCare's counsel that Plaintiffs are willing to conduct additional depositions remotely and limit the total duration to no more than four additional hours beyond the seven hours allowed (i.e. four hours plus the 30-45 minutes remaining from Ms. Nix's initial seven hour limit). Plaintiffs will agree to address all outstanding questions in this time period, including seeking testimony regarding the questions in the chart, training materials, and morbidity and mortality reviews.

11. NaphCare has informed Plaintiffs that it is designating Ms. Nix to testify about the morbidity and mortality review records produced to Plaintiffs on May 3, 2024, but only for the 30-45 minutes remaining from Ms. Nix's original seven hours on the record. NaphCare refused to produce Ms. Nix or other witnesses to testify regarding the training materials produced after Ms. Nix's deposition.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 13th day of May, 2024.

*/s/ Priyah Kaul*
Priyah Kaul

# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| Darryl Dunsmore, et al. <br> *Plaintiff* <br> v. <br> San Diego County Sheriff's Department, et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 3:20-cv-00406-AJB-DDL |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: NaphCare of San Diego, LLC

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment A.

| Place: DLA Piper LLP (US) <br> 4365 Executive Drive, Suite 1100 <br> San Diego, CA 92121 | Date and Time: <br> 04/16/2024 9:00 am |
|---|---|

The deposition will be recorded by this method: Stenographically via Court Reporter

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/27/2024

| *CLERK OF COURT* | OR | /s/ Van Swearingen |
|---|---|---|
| Signature of Clerk or Deputy Clerk | | Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Darryl Dunsmore et al. , who issues or requests this subpoena, are:
Van Swearingen, Rosen Bien Galvan & Grunfeld LLP, 101 Mission St., 6th Fl., San Francisco, CA 94105;
415-433-6830; vswearingen@rbgg.com [additional attorneys listed on Attachment A]

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Ex. A - 2

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:20-cv-00406-AJB-DDL

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Ex. A - 3**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

---

**Ex. A - 4**

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
PRIYAH KAUL – 307956
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
pkaul@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297
Telephone: (619) 699-2700
Facsimile: (619) 699-2701
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Subclass

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>    Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION, ATTACHMENT A**<br><br>Judge:      Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Date:       April 16, 2024<br>Time:      9:00 a.m.<br>Place:     DLA Piper LLP<br>             4365 Executive Drive,<br>             Suite 1100<br>             San Diego, CA 92121 |

# DEFINITIONS

Unless otherwise indicated, the following definitions and terms shall apply to these designated issues for deposition:

1. The term "DEFENDANT(S)" means the San Diego County Sheriff's Department, County of San Diego, and the San Diego County Probation Department.

2. The term "DOCUMENT" means any writing, however produced or reproduced, of every kind and regardless of where located, which is in YOUR possession, custody, or control, including drafts; or in the possession, custody or control of any servant or agent of YOU or of YOUR attorneys. The terms include the following: electronically recorded information such as electronic mail, texts, voicemails, html files, databases, data processing cards or tapes, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes; video tapes, audio tapes, view-graphs, or any information maintained on digital, electronic, magnetic or other media; and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, or index, tape record, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. The terms "DOCUMENT" and "DOCUMENTS" include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such DOCUMENTS, whether or not used, as well as the file in which the DOCUMENTS are maintained. A draft or non-identical copy of a DOCUMENT, including a copy or duplicate of a DOCUMENT which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate DOCUMENT within the meaning of these terms. The term "DOCUMENT" does not include any writing that constitutes a privileged or otherwise protected communication between YOU and YOUR

1 attorneys.

2     3. The term "EMPLOYEE" means any employee, director, officer, owner,
3 contractor, agent, or any other person working for or on behalf of an entity.

4     4. The term "HEALTH CARE" means the provision of care or services,
5 to identify and/or address health needs of an INCARCERATED PERSON in the
6 JAIL (including medical, mental health, dental care, and vision care needs), whether
7 those needs arise as a result of injury, illness, disease, age, or trauma, or care or
8 services provided for diagnostic or preventive purposes.

9     5. The term "HEALTH CARE STAFF" means any person or entity
10 providing HEALTH CARE services, or providing administrative and/or support
11 services related to HEALTH CARE at the JAIL.

12     6. The term "HEALTH INFORMATION" means any information,
13 whether oral or recorded in any form or medium, that is created or received by
14 NAPHCARE and relates to the past, present, or future physical or mental health or
15 condition of any patient, the provision of HEALTH CARE to any patient, or the
16 past, present, or future payment for the provision of HEALTH CARE to any patient.

17     7. The terms "INCARCERATED PERSON(S)" or "INCARCERATED
18 PEOPLE" mean any person incarcerated, detained, or in the custody of the San
19 Diego County Sheriff's Department.

20     8. The term "JAIL" means the San Diego County Jail, including all of its
21 facilities.

22     9. The term "POLICIES AND PROCEDURES" means policies,
23 procedures, handbooks, advice, directives, training materials, forms, instructions,
24 and guidelines that comprise established standards, regardless of the author.

25     10. The term "STAFFING PLAN" means any document showing the
26 minimum number and types of EMPLOYEES DEFENDANTS intend to work in the
27 JAIL and the minimum number of hours DEFENDANTS intend those
28 EMPLOYEES to work to staff the JAIL, including YOUR EMPLOYEES.

11. The terms "YOU," "YOUR," and "NAPHCARE" mean NaphCare, Inc., NaphCare of San Diego, LLC, and anyone acting on their behalf.

12. The words "and" and "or" should be construed disjunctively or conjunctively as necessary to make the Request inclusive rather than exclusive.

## ISSUES DESIGNATED

The issue as to which YOUR designee(s) shall testify is as follows:

1. All POLICIES AND PROCEDURES and practices RELATING TO medical HEALTH CARE at the JAIL, including but not limited to:

   a. staffing of medical HEALTH CARE professionals;
   b. custody staff's role in the delivery of medical care;
   c. screening and intake;
   d. medication assisted treatment (MAT) for INCARCERATED PEOPLE;
   e. medical care for INCARCERATED PEOPLE entering the JAIL under the influence of alcohol or drugs;
   f. continuity of medication and treatment for INCARCERATED PEOPLE upon their arrival at the JAIL;
   g. the manner in which INCARCERATED PEOPLE may alert HEALTH CARE staff of their medical needs;
   h. documentation of medical care;
   i. contracts with community providers for the provision of medical care;
   j. confidentiality in the provision of medical care;
   k. diagnostic care and referrals to outside specialists;
   l. follow-up medical treatment for INCARCERATED PEOPLE who return to the JAIL after receiving care from outside medical specialists;
   m. discharge planning and medical services; and
   n. quality assurance/quality improvement processes.

  2. All POLICIES AND PROCEDURES and practices RELATING TO mental HEALTH CARE at the JAIL, including but not limited to:

   a. identification and tracking of INCARCERATED PEOPLE in need of mental HEALTH CARE;

   b. staffing of mental HEALTH CARE professionals;

   c. custody staff's role in the delivery of mental HEALTH CARE;

   d. continuity of mental HEALTH CARE medications for INCARCERATED PEOPLE upon their arrival at the JAIL;

   e. the timing of provision of mental HEALTH CARE in the JAIL;

   f. systems for providing mental HEALTH CARE treatment to INCARCERATED PEOPLE with ongoing mental illness;

   g. confidentiality in the provision of mental HEALTH CARE;

   h. the housing of INCARCERATED PEOPLE at risk of suicide in isolation units;

   i. the identification, treatment, tracking, and supervision of INCARCERATED PEOPLE at risk of suicide;

   j. the provision of mental HEALTH CARE to INCARCERATED PEOPLE with acute mental health needs;

   k. discrimination against and punishment of INCARCERATED PEOPLE with mental HEALTH CARE needs in housing placements; and

   l. discharge planning and resources.

  3. All POLICIES AND PROCEDURES and practices RELATING TO dental HEALTH CARE at the JAIL, including but not limited to:

   a. staffing of dental HEALTH CARE professionals, including at dental clinics;

   b. screening and intake; and

   c. preventative and emergency dental care.

  4. All POLICIES AND PROCEDURES and practices RELATING TO

vision HEALTH CARE at the JAIL, including but not limited to the provision of medically required eyeglasses.

     5.     Staffing and vacancy levels for HEALTH CARE staff in the JAIL, including YOUR STAFFING PLAN.

     6.     YOUR CONTRACT(s) with DEFENDANTS, including negotiations with DEFENDANTS about the CONTRACT(s).

     7.     The division of responsibility for the provision of HEALTH CARE at the JAIL between YOUR EMPLOYEES and DEFENDANTS' EMPLOYEES.

     8.     All POLICIES AND PROCEDURES, DOCUMENTS, practices, investigative materials, and staff disciplinary records RELATING TO deaths at the JAIL, including HEALTH CARE provided to people who died at the JAIL and mortality reviews.

     9.     Means and methods of communication between YOU and JAIL EMPLOYEES.

     10.     ALL POLICIES AND PROCEDURES and practices RELATING TO HEALTH INFORMATION management, including but not limited to YOUR electronic document and medical records systems and maintaining the confidentiality of INCARCERATED PERSONS' HEALTH INFORMATION.

     11.     YOUR document preservation practices.

# EXHIBIT B
# [FILED UNDER SEAL]

Ex. B - 11

# EXHIBIT C
# [FILED UNDER SEAL]