UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>      Defendants. | Case No.: 20-cv-406-AJB-DDL<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF SAN DIEGO COUNTY SHERIFF**<br><br>**[Dkt. No. 621]** |

Plaintiffs move to compel the deposition of San Diego County Sheriff Kelly Martinez. The Court denies the motion because Plaintiffs have not demonstrated that Sheriff Martinez has first-hand knowledge of information that is material to Plaintiffs' claims and that cannot reasonably be obtained from other sources.

I.

**BACKGROUND**

Plaintiffs are a certified class of individuals "who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities." Dkt. No. 435 at 10. Plaintiffs' Third Amended Complaint asserts multiple causes of action under 42 U.S.C. § 1983 against the County of San Diego and other Defendants, and seeks declaratory and injunctive relief to "remedy the dangerous, discriminatory,

and unconstitutional conditions in the Jail." Dkt. No. 231, ¶ 4.

Recognizing the broad scope of Plaintiffs' claims, the Court authorized Plaintiffs to take up to 40 hours of depositions of the individuals designated by the San Diego Sheriff's Department under Federal Rule of Civil Procedure 30(b)(6). Dkt. No. 454 at 4. The Sheriff's Department designated approximately 16 witnesses to testify on different topics. Dkt. No. 621-2 at 2-3. Plaintiffs also have deposed nonparty Naphcare of San Diego, LLC and multiple fact witnesses in their individual capacities. *Id.* at 3-4.

On April 24, 2024, Plaintiffs filed the instant motion to compel the deposition of Sheriff Martinez. The Court held a motion hearing on May 15, 2024, and this Order follows.[1]

## II.
## DISCUSSION

Plaintiffs move to compel the deposition of Sheriff Martinez to testify regarding the Sheriff's Department's "prioritization and implementation of policies aimed at reform" in the San Diego County jails. Dkt. No. 621-1 at 4. Specifically with respect to their claim for injunctive relief, Plaintiffs contend that "Sheriff Martinez's testimony regarding the policies she plans to prioritize and the resources that are available to her is the most relevant evidence available in assessing whether and to what degree judicial oversight is needed." *Id.* at 6.

"A party seeking to prevent a deposition must generally meet a high burden." *Greer v. Cnty. of San Diego*, No. 19-CV-378-JO-DEB, 2022 WL 2134601, at *1 (S.D. Cal. June 14, 2022).[2] However, "the settled rule across the circuits is that

---

[1] The parties have resolved the other issues raised in the motion. Dkt. Nos. 678, 662.

[2] All citations and internal quotation marks are omitted, and emphasis is added, unless otherwise noted.

absent extraordinary circumstances, high-ranking officials may not be subjected to depositions or called to testify regarding their official actions." *Coleman v. Schwarzenegger*, No. CIV S-90-0520LKKJFMP, 2008 WL 4300437, at *2 (E.D. Cal. Sept. 15, 2008) (Reinhardt, Karlton and Henderson, JJ.); *see also K.C.R. v. Cnty. of Los Angeles*, No. CV 13-3806 PSG SSX, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014) ("Heads of government agencies in particular are not normally subject to deposition absent extraordinary circumstances."). The rationale for this "apex" doctrine is twofold: (1) "to protect the officials from discovery that will burden the performance of their duties, particularly given the frequency with which such officials are likely to be named in lawsuits" and (2) "to protect the officials from unwarranted inquiries into their decision-making process." *Coleman*, 2008 WL 4300437, at *2. Accordingly, "for depositions of high-ranking executives or officials – so-called 'apex' witnesses – the burden is placed on the party seeking the deposition to show extraordinary circumstances justify the deposition." *Greer*, 2022 WL 2134601, at *1. "The extraordinary circumstances test may be met where high-ranking officials have direct personal factual information pertaining to material issues in an action, and the information to be gained is not available through any other sources." *Coleman*, 2008 WL 4300437 at *2.

"To invoke apex protection, the party resisting discovery must first demonstrate they are a high-ranking official." *Greer*, 2022 WL 2134601 at *2. Here, the parties agree that Sheriff Martinez is an apex deponent. Dkt. No. 621-1 at 4-5; Dkt. No. 633 at 6-7. The Court agrees with the parties and the prevailing weight of authority that the apex doctrine applies to Sheriff Martinez. *See, e.g., Myles v. Cnty. of San Diego*, No. 15CV1985-BEN (BLM), 2016 WL 4366543, at *4 (S.D. Cal. Aug. 15, 2016) (San Diego County Sheriff is apex deponent); *Greer*, 2022 WL 2134601, at *2 (same); *K.C.R.*, 2014 WL 3434257, at *6 (finding "a sheriff is a high-ranking government official entitled to protection" and collecting cases). / / /

Where the party resisting discovery establishes that the deponent is a high-ranking official, the burden shifts to the party seeking the deposition to show that extraordinary circumstances justify the deposition. *Greer,* 2022 WL 2134601, at *1. Specifically, the party seeking to depose an apex government official must show:

> (1) the official's testimony is necessary to obtain relevant information that is not available from another source; (2) the official has first-hand information that cannot reasonably be obtained from other sources; (3) the testimony is essential to the case at hand; (4) the deposition would not significantly interfere with the ability of the official to perform his government duties; and (5) the evidence sought is not available through less burdensome means or alternative sources.

*Cervantes v. San Diego Police Chief Shelley Zimmerman*, No. 17-CV-1230-BAS-NLS, 2019 WL 3072307, at *4 (S.D. Cal. July 15, 2019). Stated otherwise, "[i]n determining whether to allow a deposition of a high-ranking official, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case, and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods." *K.C.R.*, 2014 WL 3434257, at *3.

As noted above, Plaintiffs contend that Sheriff Martinez has first-hand knowledge of "the policies she plans to prioritize and the resources that are available to her," which they contend is relevant "in assessing whether and to what degree judicial oversight is needed." Dkt. No. 621-1 at 6. The evidence submitted by Plaintiffs includes biographical information for Sheriff Martinez and other high-ranking Sheriff's Department officials, emails to and from Sheriff Martinez regarding news releases and body scanner costs, an email about the state audit of the jails while she was the Undersheriff and her communications with the Board of Supervisors. Dkt. No. 621-2 at 6, 10, 12, 22, 26, 37, 40, 61, 107, 109, 129. This evidence supports the conclusion that Sheriff Martinez leads the Sheriff's Department, but it does not establish that she has "direct personal factual

information pertaining to material issues" in this case. *Coleman*, 2008 WL 4300437 at *2. For example, the emails provided by Plaintiffs show Sheriff Martinez has approved press releases and proposed changes to the releases drafted by others. *See, e.g.,* Dkt. No. 621-2 at 37 ("Good input. If it hasn't already gone out that's a good addition.") and 40 ("Good point."). This evidence is insufficient to show that Sheriff Martinez has "unique first-hand, non-repetitive knowledge of the facts at issue in the case." *K.C.R.*, 2014 WL 3434257, at *3.

Plaintiffs likewise have not established that Sheriff Martinez "has first-hand information that cannot reasonably be obtained from other sources." *Cervantes*, 2019 WL 3072307, at *4. On April 17, 2024, Plaintiffs deposed former Assistant Sheriff Theresa Hydar-Adams, who retired on March 28, 2024. Dkt. No. 621-3. The deposition excerpts provided by Plaintiffs indicate Hydar-Adams testified regarding the priorities communicated to her by Sheriff Martinez (*id.* at 6-9) but that Hydar-Adams lacked information regarding the Sheriff's Department's current plans in certain areas given her retirement 20 days earlier. Dkt No. 621-3 at 12 (whether Department is considering body scanning), 16 (current efforts to address understaffing), 19 (sick call waiting times) and 21 (future use of AI in medical services). But Plaintiffs do not show how each of these specific points are "material issues" in the case. *Coleman*, 2008 WL 4300437 at *2. Even assuming these are material issues, "a party seeking to depose a high-ranking official must make a showing as to what efforts have been made to determine whether the information is otherwise available and the extent to which their efforts failed to uncover such information." *Coleman*, 2008 WL 4300437, at *4. Plaintiffs' motion does not explain what efforts they made to obtain information regarding the Sheriff's Department's plans and priorities from the approximately 16 Sheriff's Department designees under Rule 30(b)(6) or the other Sheriff's Department personnel who were deposed in their individual capacities.

///

Plaintiffs contend this case is analogous to *Ahlman v. Barnes*, No. 820CV00835JGBSHK, 2021 WL 1570838 (C.D. Cal. Mar. 9, 2021), where the court ordered the Orange County Sheriff to sit for a deposition regarding the Orange County Sheriff's Department's COVID-19 policies. The *Ahlman* plaintiffs "provided evidence that Sheriff Barnes is personally involved in and ultimately sets forth COVID-19 related policies." *Id.* at *6. That evidence included a letter the Sheriff sent to the California Governor, a personal Twitter post, and a personal statement regarding the release of inmates due to the COVID-19 pandemic. *Id.* The *Ahlman* court concluded that, "[i]n looking at Sheriff Barnes's public statements as a whole, it is clear that he was not only involved in setting COVID-19 related policies within the Orange County Jail, but he also has personal knowledge of how COVID-19 is impacting the Orange County Jail." *Id.* at *7. Moreover, although the Sheriff identified the Assistant Sheriff as someone with "unique personal knowledge," the *Ahlman* court found the Assistant Sheriff "either provided contradictory testimony . . . or identified Sheriff Barnes as the individual with personal knowledge of the issue." *Id.*

The factual record in *Ahlman* demonstrated that the Orange County Sheriff had "unique, personal knowledge of the facts of the case" and that the plaintiffs had been "unsuccessful in seeking the information from other less intrusive sources." *Id.* at *8.[3] Here, in contrast, Plaintiffs have not shown that Sheriff Martinez has unique personal knowledge of material issues in the case "that cannot reasonably be obtained from other sources" such that her testimony is "essential" to the case. *Cervantes*, 2019 WL 3072307, at *4.

---

[3] *Ahlman* found "the burden remains with the party seeking the protective order, in this case Defendants, to prevent the taking of the deposition." *Id.* at *5. This Court finds the burden properly lies with the party seeking an apex deposition to show that extraordinary circumstances justify the deposition. *Greer*, 2022 WL 2134601, at *1.

### III.

### CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel the deposition of Sheriff Martinez [Dkt. No. 621] is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 6, 2024

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge