**Pages 1 - 14**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before The Honorable David D. Leshner, Magistrate Judge

```
DARRYL DUNSMORE, et al.,       )
                               )
          Plaintiffs,          )
                               )
   VS.                         )      NO. 20-CV-00406-AJB-DDL
                               )
STATE OF CALIFORNIA, et al.,   )
                               )
          Defendants.          )
_____)
```

San Diego, California
Wednesday, May 29, 2024

**TRANSCRIPT OF OFFICIAL ELECTRONIC SOUND RECORDING OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiffs:
        ROSEN BIEN GALVAN & GRUNFELD, LLP
        101 Mission Street, Sixth Floor
        San Francisco, California 94105
   **BY: GAY CROSTHWAIT GRUNFELD, ESQ.**
        **PRIYAH KAUL, ESQ.**
        **RICHARD VAN SWEARINGEN, ESQ.**
        **BENJAMIN WYCLIFFE HOLSTON, ESQ.**
        **ERIC D. MONEK ANDERSON**

        DLA PIPER LLP (US)
        4365 Executive Drive, Suite 1100
        San Diego, California 92121
   **BY: CHRISTOPHER M. YOUNG, ESQ.**
        **OLIVER M. KIEFER, ESQ.**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Transcribed by:  James C. Pence-Aviles, RMR, CRR, CSR No. 13059
               Official Court Reporter

```
 1   APPEARANCES:  (CONTINUED)

 2   For Defendants:
                         BURKE, WILLIAMS & SORENSEN LLP
 3                       60 South Market Street, Suite 1000
                         San Jose, California 95113
 4                 BY:   ELIZABETH MARIE PAPPY, ESQ.

 5                       BURKE, WILLIAMS & SORENSEN LLP
                         444 South Flower Street, Suite 2400
 6                       Los Angeles, California 90071-2953
                   BY:   SUSAN E. COLEMAN, ESQ.
 7                       DEANN RIVARD, ESQ.

 8                       LAW OFFICE OF AARON J. FISCHER
                         1400 Shattuck Avenue, Suite 12, Number 344
 9                       Berkeley, California 94709
                   BY:   AARON J. FISCHER, ESQ.
10
                         OFFICE OF COUNTY COUNSEL
11                       1600 Pacific Highway, Room 355
                         San Diego, California 92101
12                 BY:   STEVEN PAUL INMAN, II, ESQ.

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1  Wednesday - May 29, 2024                                    1:00 p.m.

 2                      P R O C E E D I N G S

 3                            ---oOo---

 4        THE COURT:  All right.  Good afternoon, everyone.

 5        We're on the record in Darryl Dunsmore, et al., versus the

 6  San Diego County Sheriff's Department, et al., Case

 7  Number 20-CV-406.

 8        For appearances from counsel, Ms. Grunfeld, if you want to

 9  make appearances for everyone, given the number of folks on,

10  that's fine with me.  I'll leave it up to you.

11        MS. GRUNFELD:  Thank you, Your Honor.

12        Good afternoon.  This is Gay Grunfeld appearing on behalf

13  of the certified class and subclasses.  With me today are

14  Christopher Young, Priyah Kaul, Van Swearingen, Aaron Fischer,

15  Eric Anderson, Ben Holston, and Oliver Kiefer, all on behalf of

16  the plaintiff class.

17        THE COURT:  Great.  Thank you, and good afternoon to

18  you-all.

19        Ms. Pappy, Ms. Coleman, you're up.

20        MS. PAPPY:  Good afternoon, Your Honor -- Your Honor.

21  Elizabeth Pappy, Ms. Coleman -- Susan Coleman, and

22  Deann Rivard, from Burke Williams, on behalf of the defendants

23  and -- and Steve Inman, appearing from County Counsel's Office,

24  for defendants.

25        THE COURT:  Great.  Thank you, and good afternoon to
```

1  you as well.
2  We're set for our monthly status conference to just, big
3  picture, give me an update as to how things are going, what, if
4  anything, we can be doing, in addition to everything you-all
5  are already undertaking, to make the case move forward as
6  smoothly as possible.
7  And, look, I'll start by noting that it is not lost on me
8  that, over the past couple of weeks, the parties have continued
9  to meet and confer on a variety of issues that have resulted in
10 the narrowing of disputes that are currently before me
11 regarding depositions and NaphCare.
12 And I realize counsel for NaphCare isn't here, but I think
13 just the big picture that I am getting is that the parties
14 really are making efforts to continue to work together to
15 resolve what you can and have me resolve what you cannot.  So
16 that is to your collective credit.  So I did want to note that
17 at the outset, but I want to hear from you-all.
18 So, Ms. Grunfeld, why don't you kick it off for me,
19 please, and give me a big-picture sense of how things are going
20 and what, if anything, I can be doing to help you move the case
21 along as smoothly as possible.
22 **MS. GRUNFELD:**  Thank you, Your Honor.
23 As -- as you alluded to, we have been able to resolve
24 several issues over the past few weeks.  And as everyone said
25 at our last status conference, we think these court-ordered

1  weekly meet-and-confers have been very successful.

2  And in that regard, we had suggested that they continue, even though the fact discovery issues are coming to a close. We have some PMK depositions tomorrow, and then, of course, we're taking Dr. Freedland, and we're concluding with NaphCare in the next week or so.

7  **THE COURT:** Right.

8  **MS. GRUNFELD:** We suggested that these continue on a weekly basis to serve many functions and keep communications smooth and effective. We understand the County has a different position, and so I know you'll want to hear from them.

12  But what I would suggest, as we still have some fact discovery issues ahead of us and, of course, the entirety of expert discovery, which will be fairly extensive, I believe, in this case, that we might create a presumption that we're going to continue with the process, as the Court has ordered it, if either party provides notice by, say, 9:00 o'clock on Monday morning.

19  In other words, instead of what we have now, which is meeting weekly, no matter what, maybe it could be at request of the parties, and we would keep open the Wednesday time slot that we've been keeping open.

23  And I -- and I think the thought on our side is that there are many busy, busy schedules here, and we don't want to get into a situation where an issue needs to be resolved and we

1  don't have a time set up that we're holding.
2      So that's plaintiffs' view.  We appreciate this process.
3  We think it's been successful.  We'd like to keep it going, but
4  we understand if perhaps it should be modified in some way at
5  this time in the case.
6          **THE COURT:**  I appreciate that, Ms. Grunfeld.
7      What is the standing date and time for your weekly
8  meetings?
9          **MS. GRUNFELD:**  Wednesdays at 9:00 a.m.
10         **THE COURT:**  All right.  All right.  Very well.
11     Ms. Pappy, Ms. -- Ms. Coleman, tell me how things are
12 going from your perspective, how I can help you make things,
13 you know, run as smoothly as possible.
14         **MS. PAPPY:**  Sure.
15     So discovery disputes are done, I'm happy to say.  We've
16 resolved every- -- everything, and I personally don't have any
17 concerns about expert discovery, about depositions that are on
18 calendar -- on calendar for -- for the final fact depositions.
19     So there's nothing to talk about at these weekly meetings
20 at this point.  I had suggested to cancel that.  If we start
21 having disputes about expert discovery, then we agree to put
22 them back on at that time, but the reports aren't due until
23 July.
24     So there's really no point in having me billing my client
25 and three to five attorneys from the plaintiffs billing their

1  client, which my client will ultimately pay for.  What these
2  have really turned into, kind of effective today, because there
3  was no discovery discussed, is settlement.
4      Plaintiffs want to point out, is a nice way to put it,
5  alleged happenings in the facilities which have turned out to
6  largely be untrue.  And we spent this time arguing about
7  whether it's true or not, and I do not find that to be a
8  productive use of time.
9      If we want to have informal settlement discussions at
10 designated times, I'm fine with that.  But it should not be on
11 a weekly basis, and I don't -- I mean, I don't actually think
12 they're productive at all because all we do is argue about our
13 two various positions, and they've turned into what plaintiffs
14 are trying to make into settlement discussions.
15     And I don't -- we don't agree to that.  There's no reason
16 for that.  We have settlement discussions with the Court.  We
17 have gone back and forth with versions of documents in the
18 past.  I just don't think it's a productive use of time from
19 the defense's standpoint.
20     **THE COURT:**  Do you think that Ms. Grunfeld's
21 suggestion to leave Wednesdays at 9:00 a.m. open, in the event
22 there are discovery issues to address, makes sense so that
23 there can at least be a time certain for a meet-and-confer if
24 either party requests it?
25     **MS. PAPPY:**  For discovery issues only, absolutely.

| | |
|---|---|
| 1 | **THE COURT:** I'm not going to force the parties to talk |
| 2 | settlement during these.  The point was to address discovery |
| 3 | issues and make sure that the case was moving forward.  If the |
| 4 | parties elect to, you know, discuss discovery [sic], that's |
| 5 | always their prerogative, and I'm hopeful that you will. |
| 6 | But the purpose, in my mind, has always been to help |
| 7 | you-all in facilitating the discovery.  And I'm happy to hear |
| 8 | that, you know, it's moving toward its conclusion, although, as |
| 9 | Ms. Grunfeld said, there's a lot of expert discovery to happen. |
| 10 | And I tend to agree with Ms. Grunfeld that it would make |
| 11 | sense to keep Wednesdays at 9:00 a.m. clear so that either |
| 12 | party could request to -- |
| 13 | **MS. PAPPY:**  Uh-huh. |
| 14 | **THE COURT:**  -- speak about expert discovery issues and |
| 15 | resolve those as expeditiously as possible and cut down on -- |
| 16 | you know, continue to cut down on emails, which I know was |
| 17 | everyone's collective goal, to have that.  So that seems to |
| 18 | make sense to me. |
| 19 | Let me ask -- you know, Mr. Young and Mr. Fischer, I put |
| 20 | you on the spot back in the day when we held this first |
| 21 | hearing.  So why don't I keep on doing that, and I'd be happy |
| 22 | to hear from anyone else who wants to chime in as well, but |
| 23 | what are your -- what are your thoughts? |
| 24 | Let me start with you first, Mr. Fischer. |
| 25 | **MR. FISCHER:**  Thank you again. |

```
 1              THE COURT:  You're welcome.
 2                        (Laughter.)
 3              MR. FISCHER:  I -- I think there's no question that
 4   the meet-and-confer process that you set up has been worthwhile
 5   and constructive to resolving a number of discovery issues.  So
 6   that -- full -- full stop on that.
 7         And I think it could be useful even in the expert
 8   discovery process, including -- given the -- the size of expert
 9   discovery that's coming in this case and just -- even just
10   coordinating depositions or whatever is to come there.  So I
11   think it -- I think this process that my colleague,
12   Ms. Grunfeld, suggested is a -- is a worthwhile one.
13         You know, I -- I think it's improved some of the -- the
14   email traffic.  I mean, if I'm being honest, I think the tone
15   still is, at -- at times, difficult to -- to navigate.  I think
16   it's no fun for anyone to have very adversarial arguments with
17   accusations flying.
18         So I hope that the parties will continue to really focus
19   on civility and, you know, constructive engagement moving
20   forward.  So that -- I think that's -- without getting into any
21   details, I -- I think the civility that -- that you talked
22   about months ago remains essential in the resolution to this
23   case, and we should all make -- continue to be committed to
24   that.
25              THE COURT:  Mr. Young, what are your thoughts?
```

1       **MR. YOUNG:**  Thank you, Your Honor.

2       Sorry.  My headset picks up my phone sometimes.  I just
3  stopped that.

4       I agree with everything that Mr. Fischer said in
5  particular.  I think that the weekly meetings have been very
6  successful in resolving a number of disputes.  I've noticed
7  that the tone on them is often very good.

8       We often -- you know, the parties sort of roll through
9  many issues, resolving them, you know, left and right and/or
10 deferring them.  And the parties have been flexible, to my
11 observation -- again, not that I'm objective but only in the
12 sense that I'm not directly involved on the plaintiffs' side in
13 a number of the discovery issues.

14      But they've been flexible in resolving issues as well as
15 regarding attendance for those who have been ordered to attend
16 being unable to attend here and there.  I was not on today's
17 call, unfortunately, because I was in a hearing in the state
18 court, but I have -- haven't seen any discussion about
19 settlement issues.

20      And so it, you know -- but I think the discovery issue is
21 obviously the purpose of them, and, you know, the parties have
22 been very good about also exchanging agendas and revising
23 agendas beforehand.  So, you know, the sort of record is there
24 of -- of what's to be discussed, and I think that's been very
25 helpful as -- again, as we've been able to roll through the

issues.

Two more points. I do think that the -- you know, obviously, we would need to have meet-and-confers as needed, and I think the sort of presumption of "No, but hold the time open," quote/unquote, resolute -- yeah, that's pretty close to "as needed," and I think that's entirely appropriate. So I would certainly support that suggestion by Ms. -- Ms. Grunfeld.

And then I actually wrote down, close to verbatim, the last thing Mr. Fischer said -- wrote down before the hearing because I wanted to note it for Your Honor, that being that I have noticed a bit of an uptick recently in sort of what I'd call heated email exchanges. But then again, these are important and -- you know, issues that are important to resolve.

And I have noticed that there's sort of a distinct downtick, if I can use that -- probably not a word -- in personal, you know, elements or -- there have been no personal attacks. In other words, I have -- things have gotten a little heated on the emails in the last couple weeks, but it's certainly this sort of elevated tone I've noticed of not devolving into any sort of personal attacks of any kind from any side.

So I've been happy to see that, but that's all I've got to contribute.

**THE COURT:** I think, based on the parties' collective

```
 1   recommendations, I am in agreement that changing the weekly
 2   meet-and-confers from mandatory to a presumption that they will
 3   not occur but will occur at the request of either party -- and,
 4   again, not to be too formal about it, but I think, to be
 5   respectful of everyone's time, I would say by -- if either
 6   party wants a -- to conduct a meet-and-confer about a discovery
 7   issue -- not about settlement, but it relates to discovery --
 8   that sending that request by Monday at noon for a
 9   Wednesday-at-9:00 a.m. meet-and-confer would make sense.
10          And I would expect the party who is requesting the
11   Wednesday meet-and-confer to provide, you know, an agenda, just
12   the topics that you want to discuss.  And then if that happens,
13   I -- the party who is receiving the request should be free to
14   say, "Okay.  Yeah, and let's" -- "let's add this one on as
15   well," whatever it's going to be, so that you-all can move
16   forward.
17          I -- given the requirement that these be recorded on Zoom,
18   I wouldn't expect there to be any settlement discussions
19   happening anyway.  But I agree with, I think, everyone that
20   these really need to be focused on discovery and -- and will
21   remain so.  And I, of course, will continue to engage with
22   you-all on settlement.
23          And I would say this.  Look, you-all know me well enough
24   by now that I respect very much the different positions that
25   you're taking with respect to the merits of the case.  There
```

```
 1   are, you know, strongly held and good-faith positions on a
 2   number of these issues.  That being said, treating each other
 3   well is extraordinarily important to me.
 4          And I'm not taking this as any hidden accusation that
 5   anyone hasn't been doing that, but civility is absolutely
 6   essential.  And emails that are as respectful and polite as
 7   they can be, while maintaining your zealous advocacy on behalf
 8   of your respective clients -- that's just my expectation.  I
 9   don't need any more discussion on that.  I don't think any is
10   necessary.
11          And I do, big picture, appreciate the manner in which
12   you-all are working to try to move this case forward.  It is --
13   it's a challenge, I mean, given the scope of the case and the
14   complexity of the issues, and I really do appreciate your
15   collective efforts in that regard.
16          I don't have anything more on the status conference
17   portion of this.  Does anybody else wish to be heard before we
18   move on to the -- just sort of go off the record and talk about
19   how things should proceed on Monday?
20              **MS. GRUNFELD:**  No.  Thank you, Your Honor.
21              **MS. PAPPY:**  No, Your Honor.
22              **THE COURT:**  All right.  Well, with that being said,
23   if -- anyone who wishes to leave the Zoom is welcome to do so.
24   Thank you all for appearing today.  Obviously, anybody who
25   wishes to stay on is welcome to do so as well.
```

```
 1        Let's go off the record and talk about how we can make
 2   some progress on Monday.
 3            MR. YOUNG:  Thank you, Your Honor.
 4            THE COURT:  You bet.
 5                    (Proceedings adjourned.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

### CERTIFICATE OF TRANSCRIBER

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Southern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken, and further that I am not financially nor otherwise interested in the outcome of the action.

DATE:  Sunday, July 14, 2024

/S/ James C. Pence-Aviles

James C. Pence-Aviles, RMR, CRR, CSR No. 13059
U.S. Court Reporter