Eugene P. Ramirez (State Bar No. 134865)
 *eugene.ramirez@manningkass.com*
Marguerite Jonak (State Bar No. 143979)
 *marguerite.jonak@manningkass.com*
Natalie Ortiz (State Bar No. 303869)
 *Natalie.Ortiz@manningkass.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
225 Broadway, Suite 1200
San Diego, California 92101
Telephone: (619) 515-0269
Facsimile: (619) 515-0268

Attorneys for Non-Defendant Third-Party
NaphCare of San Diego, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendant. | Case No. 3:20-CV-00406-AJB-DDL<br><br>**NOTICE OF MOTION AND MOTION BY NAPHCARE OF SAN DIEGO, LLC FOR APPROVAL OF DESIGNATION OF CERTAIN MATERIALS AS CONFIDENTIAL**<br><br>Date:  September 3, 2024<br>Time:  11:00 a.m.<br>Crtrm.: 3A<br><br>Hon. Magistrate Judge David D. Leshner |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on September 3, 2024, at 11:00 A.M., Non-

Defendant Third-Party NAPHCARE OF SAN DIEGO, LLC. ("NaphCare") will move, pursuant to the Court's order of July 18, 2024 (Doc. 683) for an order approving NaphCare's designation of certain materials, as set out in attached Exhibit 1, as "confidential", as authorized by the Amended Stipulated Protective Order (Doc. 400) (hereafter referred to as the "Protective Order").

## INTRODUCTION

NaphCare has gone above and beyond its obligations in this case to produce materials as a non-party to the litigation. They continue to desire to be cooperative in the process, but there are considerations and obligations that NaphCare has beyond this case that must be considered. First, the materials in this matter are not similar to the materials discussed in the Serna matter. The disputed materials in Serna consisted of video footage of the decedent in that lawsuit and may have included footage of the actual incident that resulted in her death. The emails discussed in that order were emails between healthcare providers involved in the decedent's care at the jail. Here, the materials are not specific to the plaintiff or any decedent in this case. The testimony marked confidential discusses specific patients and the peer review process at NaphCare related to several individuals' deaths. The exhibits in question here contain portions of patient medical records and substantive discussions including conclusions and recommendations that make up NaphCare's peer review process.

The discussions and considerations of the peer review process at NaphCare should be considered proprietary and trade secrets because they directly relate to the development and production of NaphCare's product. NaphCare's product is correctional healthcare, and their clients are the correctional facilities they contract with. While the quality improvement process at NaphCare is not as concrete of an example of a trade secret as a recipe or a chemical formula, it is squarely analogous in that it is the process by which NaphCare develops, improves, and delivers its product.

2

No. 3:20-cv-00406-AJB-DDL

**NOTICE OF MOTION AND MOTION BY NAPHCARE OF SAN DIEGO, LLC FOR APPROVAL OF DESIGNATION OF CERTAIN MATERIALS AS CONFIDENTIAL**

HIPAA rules require NaphCare to keep individually identifiable patient information confidential. The fact that another party may have disclosed such information already does not excuse NaphCare from this obligation. If somebody stole a medical record from a medical facility and published it on the Internet, it would not give authority to the facility to then publish the medical record elsewhere. HIPAA is a well-established and rarely questioned authority. The statutes that codify the HIPAA rules dictate that if a covered entity is compelled to disclose protected information in a judicial process, it should be pursuant to a protective order.

Here, the designation of the materials in question as confidential was appropriate. Accordingly those designations should be approved by this Court.

**1.   THE STANDARDS SET BY THE PROTECTIVE ORDER FOR DESIGNATING MATERIALS AS CONFIDENTIAL**

NaphCare has designated certain portions of the deposition of its Rule 30(b)(6) designee (hereafter referred to as the "deposition"), and associated exhibits, as confidential pursuant to the Amended Stipulated Protective Order issued herein. Paragraph 4.a. of the Protective Order (Doc. 400 at page 3) permits a party to designate as confidential information that the party believes in good faith fits into one or more of four categories. At issue in the present motion are two of those categories: that the information constitutes "proprietary information", or that the information constitutes "confidential personal information, including HIPAA-protected records".

Specifically, NaphCare asserts that the challenged designated materials (as listed in Exhibit 1 constitute either proprietary information or HIPAA protected records. The plaintiffs have objected to those designations, but their objections are not well-taken, and accordingly this Court should approve those designations.
///

It must be noted that plaintiffs may still make use of information designated as confidential in furtherance of their claims in this case. The designation merely restricts the ability of the plaintiff to make that information publicly available and requires it to be used consistently with the provisions of the protective order.

## 2. NAPHCARE PROPERLY DESIGNATED HIPAA PROTECTED RECORDS AS CONFIDENTIAL

As noted in Exhibit 1, NaphCare designated as confidential 34 portions of the deposition and its associated exhibits as confidential. 32 of those portions were designated as confidential because they constituted, in whole or in part, HIPAA protected records. (16 of the portions were also identified as consisting of proprietary information.)

The bulk of the plaintiffs' objections to the HIPAA designations assert that the information is not confidential because the fact of the individual's death is already public, or that the information is otherwise publicly known. But the plaintiffs' argument reflects a misunderstanding of the HIPAA. HIPAA restricts the ability of health care providers to disseminate information regarding patients, and there is nothing in the statutes that removes that restriction if the information is otherwise publicly known. Specifically, 45 CFR §164.502(a) provides that "[a] covered entity or business associate may not use or disclose protected health information, except as permitted or required by this subpart or by subpart C of part 160 of this subchapter." NaphCare is not aware of any provision in the Rules that allows it to disclose protected health information simply because it is otherwise publicly known.

Thus, as to those designation of HIPAA protected records as confidential where the plaintiffs' only objections are that the information is publicly known, the designations should be approved.

4

No. 3:20-cv-00406-AJB-DDL

NOTICE OF MOTION AND MOTION BY NAPHCARE OF SAN DIEGO, LLC
FOR APPROVAL OF DESIGNATION OF CERTAIN MATERIALS AS CONFIDENTIAL

The plaintiffs objected to a handful of the HIPAA designations as not actually reflecting HIPAA protective information. The plaintiffs are incorrect when they make this assertion. Naphcare's specific responses to each of these objections is set out in the accompanying Exhibit 1[1].

## 3. NAPHCARE PROPERLY DESIGNATED CERTAIN MATERIALS AS "TRADE SECRETS"

As noted in the accompanying Exhibit 1, NaphCare marked as confidential certain information that it described as "trade secrets". The plaintiffs object to each of these designations by asserting that "[t]his information is generic and not a trade secret." But the plaintiffs are taking the phrase "trade secrets" too literally.

FRCP 26(c)(1)(G) provides that a court may issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way". This Court included such a provision in the protective order (Doc. 440 at page 3), allowing a party to designate as confidential "proprietary information (trade secret, proprietary matter, or other confidential research, development, or commercial information as those terms are used in Federal Rule of Civil Procedure 26)".

Thus, a protective order can – and in this case does – protect a far broader scope of information than just information that can be described as "trade secrets". And NaphCare indicated in Exhibit 1 that it was using the phrase "trade secrets" to mean more than just literal trade secrets, consistent with the provisions of the protective order.

> "Trade Secrets: NaphCare asserts that it's internal quality control process, policy discussion/deliberations, etc. are proprietary because

---

[1] Naphcare notes that the referenced responses were not in the last version of the chart circulated between counsel. They were added into the chart, rather than into the text of the motion, for efficiency and clarity, and not meant to confuse or deceive any party as to the issues being presented.

they directly affect how NaphCare delivers its product (correctional healthcare) to its client (SD County). Public disclosure of these measures and discussions would allow NaphCare's competitors to undermine its position in the industry and compromise NaphCare's ability to protect its interests in ongoing and future litigation."

Naphcare's specific responses to the plaintiffs' objections to its "trade secrets" designations are set out in the accompanying Exhibit 1.

### 3. PUBLIC POLICY FAVORS PRESERVATION OF NAPHCARE'S DESIGNATIONS

CA Evidence Code section 1157 et. seq. establishes a privilege for medical peer review discussions. The existence of such a privilege demonstrates a clear public interest in maintaining the confidentiality of medical peer review processes and quality improvement measures. The purpose behind the privilege is to foster and encourage the continuous improvement of patient care. Plaintiffs will undoubtedly argue that Naphcare does not fall under the definitions of organizations or facilities subject to the statutes, so the statute does not apply. But the legislative history of this section indicates that, since it's enactment in 1968, it has been regularly expanded to include new and varied types of health care providers. Indeed, there is currently an amendment pending to further expand the type of providers falling under the statute. (*See* AB 2255, Feb. 7, 2024.)

///
///
///
///

## CONCLUSION

For the reasons set out above, and set out in the accompanying Exhibit 1, NaphCare requests that the Court approve NaphCare's designation of certain materials, as set out in attached Exhibit 1, as "confidential", as authorized by the Amended Stipulated Protective Order (Doc. 400).

DATED: August 16, 2024                Respectfully submitted,

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: _/s/ Natalie Ortiz_
EUGENE P. RAMIREZ
MARGUERITE L. JONAK
NATALIE E. ORTIZ
Attorneys for Non-Defendant Third-Party
NaphCare of San Diego