# EXHIBIT 1

| Page/Line | NaphCare's Position*** | Plaintiffs' Position |
|---|---|---|
| p. 27 l. 5 - p. 28 l. 17 | Trade Secrets*: *Response to plaintiffs' position: This passage discusses the specific questions NaphCare requires be considered at Morbidity and Mortality Committee meetings. NaphCare is not asserting that these questions constitute trade secrets, but rather reflect "confidential research, development, or commercial information". Specifically, as noted in the definition of "trade secrets" set out below, this information reflects NaphCare's "internal quality control process, policy discussion/deliberations, etc., which are proprietary because they directly affect how NaphCare delivers its product (correctional healthcare) to its client (SD County). Public disclosure of these measures and discussions would allow NaphCare's competitors to undermine its position in the industry and compromise NaphCare's ability to protect its interests in ongoing and future litigation."* | The information is generic and not a trade secret. *DNA Genotek, Inc. v. Spectrum Solutions L.L.C.*, 21-CV-516-RSH-DDL, 2023 WL 6373125, at *1 (S.D. Cal. 2023) (a trade secret is a "formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it"). It is also discussed in public documents, including the NaphCare contract with San Diego County (see 2.3.47.5 and 2.3.47.7) and Mr. Barkley's evidentiary hearing testimony (see, e.g., p. 20, 27-28, 66). That transcript is available to the public and NaphCare did not seek any redactions of that transcript. See Dkt. 599. For this and all other excerpts discussed here, the public interest favors disclosure because the public has a strong interest in knowing how NaphCare -- which receives tens of millions in public funds each year -- and San Diego County are reviewing and making changes after deaths in the jails. |
| p. 30 l. 7-22 | HIPAA**: *See Motion, Section 2.* | The information about this person's death is already public. See, e.g., https://www.sdsheriff.gov/resources/transparency-reports. |
| p. 31 l. 6-20 | HIPAA: *The plaintiff is misinterpreting this section of the deposition, which appears to refer to the same individual as the earlier section.* | The testimony is not referring to any individual person. |
| p. 32 l. 5-20 | HIPAA: *See Motion, Section 2.* | The information about this person's death is already public. See, e.g., https://www.sdsheriff.gov/resources/transparency-reports. |
| p. 33 l. 22 - p. 34, l. 15 | Trade Secrets, HIPAA: *All of this section of the deposition relates to a specified individual, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secrets" set out below* | The information is generic and not a trade secret. It is also discussed in public documents, including the NaphCare contract with San Diego County (see 2.3.47.7, which requires discussion during M&Ms of the ways to improve the quality of health care) and Mr. Barkley's evidentiary hearing transcript (see, e.g., pp. 23-24, which discusses quality improvement recommendations). Regarding HIPAA, we agree that 33:22-25 is confidential. No other information here appears to implicate HIPAA. |
| p. 34 l. 20 | HIPAA: *See Motion, Section 2.* | HIPAA does not justify keeping the person's name secret, as information about his death is publicly available, as noted in prior cells. |
| p. 35 l. 11 | HIPAA: *The implication is that the employee may have provided care to an identified individual.* | The information here only refers to a NaphCare employee's professional role. It is unclear how HIPAA applies. |
| p. 36 l. 5 | HIPAA: *See Motion, Section 2.* | HIPAA does not justify keeping the person's name secret, as information about his death is publicly available, as noted in prior cells. |
| p. 38 l. 3 - p. 39, l. 5 | Trade Secrets, HIPAA: *All of this section of the deposition relates to a specified individual, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secret" below.* | The information is generic and not a trade secret. It is also discussed in public documents. For example, the Sheriff's Deaprtment's progress report on the State Audit refers to 24 hour face-to-face reviews of sick calls (see https://www.sdsheriff.gov/home/showpublisheddocument/6249/6381023601 12530000). HIPAA does not justify keeping the information secret because it is about NaphCare's actions with respect to the patient. |
| p. 39 l. 12 - p. 40 l. 13 | HIPAA: *See Motion, Section 2. All of this information relates to patient care and is HIPAA protected.* | The information about this person's death is already public. See, e.g., https://www.sdsheriff.gov/resources/transparency-reports. Any other information not public is related to NaphCare's actions with respect to the patient, not the patient's medical history. |
| P. 40 l. 21 (pt. name) | HIPAA: *See Motion, Section 2.* | The information about this person's death is already public, as noted in cell C11. |

| | | |
|---|---|---|
| p. 42, l. 8-16 | Trade Secrets, HIPAA: *All of this section of the deposition relates to individual care, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secret" below.* | The information is generic and not a trade secret. It is also discussed in public documents. For example, Mr. Barkley's evidentiary hearing refers to the HSA report (see pp. 28-30). The information about the nature of the person's death is already public, as noted in cell C11. |
| p. 42, l.19 (pt. name) | HIPAA: *See Motion, Section 2.* | The information about this person's death is already public, as noted in cell C11. |
| p. 42, l.22-p.43 l.20 | Trade Secrets: *This passage discusses the manner in which specific questions NaphCare conducts death reviews NaphCare is not asserting that this constitute trade secrets, but rather reflect "confidential research, development, or commercial information". Specifically, as noted in the definition of "trade secrets" set out below, this information reflects NaphCare's "internal quality control process, policy discussion/deliberations, etc., which are proprietary because they directly affect how NaphCare delivers its product (correctional healthcare) to its client (SD County). Public disclosure of these measures and discussions would allow NaphCare's competitors to undermine its position in the industry and compromise NaphCare's ability to protect its interests in ongoing and future litigation."* | This information is generic and not a trade secret. It is also discussed in public, non-confidential documents. For example, Ex. 25 to the Nix deposition discusses this information, as does Mr. Barkley's evidentiary hearing transcript at pp. 14-15, 28, 30-31. |
| p. 44 l.2-p. 46 l. 19 | Trade Secrets, HIPAA: *All of this section of the deposition relates to a specified individual, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secret" below.* | This information is generic and not a trade secret. Some of it is also discused in public documents. For example, Ex. 25 to the Nix deposition discusses this information, as does Judge Leshner's order compelling production of the NaphCare death records (Dkt. 617 at 4), and Mr. Barkley's evidentiary hearing testimony (pp. 23-24, 66, 76-77). None of the information appears HIPAA-protected, as the nature of the person's death is already public, per cell C11. |
| p. 46 l. 19 (pt. name) | HIPAA: *See Motion, Section 2.* | The information about this person's death is already public. See C11. |
| p. 48 l. 13-14 (pt. name) | HIPAA: *See Motion, Section 2* | The information about this person's death is already public. See https://www.sdsheriff.gov/resources/transparency-reports. The person's family has also filed a lawsuit against the Sheriff's Department and NaphCare about the death. See Case No. 24-cv-01156-WQH-JLB, Dkt. 1 (S.D. Cal.). |
| p. 48 l. 16-20 | HIPAA: *See Motion, Section 2* | It is unclear if this information is connected to a specific person. To the extent the transcript implies information about a specific person, the family of the person referenced in lines 13-14 has filed a lawsuit against the Sheriff's Department and NaphCare, so this information is public. See Case No. 24-cv-01156-WQH-JLB, Dkt. 1 (S.D. Cal.). |
| p. 49 l. 6-8 | HIPAA: *See Motion, Section 2* | See cell C19. |
| p. 49 l. 18-25 | Trade Secrets, HIPAA: *All of this section of the deposition relates to individual care, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secret" below.* | This information is generic and not a trade secret. To the extent the transcript implies information about a specific person, that person's family has filed a lawsuit against the Sheriff's Department and NaphCare, so this information is public. See cell C19. |
| p. 51 l. 5, 15 (pt. name) | HIPAA: *See Motion, Section 2.* | Information that the person died is already public. See cell C3. |
| p. 51 l. 16-p. 53 l. 10 | Trade Secrets, HIPAA: *All of this section of the deposition relates to a specified individual, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secret" below.* | This information is generic and not a trade secret. It is also available in public, non-confidential documents, such as Mr. Barkley's evidentiary hearing transcript (see pp. 9, 23-24) and the progress report referenced in C10. Information that the person died is already public. See cell C3. |
| p. 54 l. 3-4 (pt. name) | HIPAA: *See Motion, page 2.* | The fact that the person died is public and was announced by the Sheriff's Department. |

| | | |
|---|---|---|
| p. 54 l. 6-p. 57 l. 15 | Trade Secrets, HIPAA: *All of this section of the deposition relates to a specified individual, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secret" below.* | The information is generic and not a trade secret. It is also discussed in public documents, such as Mr. Barkley's evidentiary hearing testimony (pp. 9, 17-18). It is unclear how any information is HIPAA-protected because it does not refer to any individual patient's medical issues and is instead about a broader issue with medical care. Information about StatCare is on NaphCare's website: https://www.naphcare.com/services#healthcare-services. |
| P. 57 l. 17-18, 22, 25 (pt. name and "dialysis patient") | HIPAA: *See Motion, Section 2.* | This information is already public. The patient's family has filed a lawsuit against the Sheriff's Department and NaphCare identifying this information. See case No. 23-cv-02158-MMA-MSB, Dkt. 1 (S.D. Cal.). |
| p. 58 l. 1-24 | Trade Secrets, HIPAA: *All of this section of the deposition relates to a specified individual, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secret" below.* | This information is generic and not a trade secret. Some information is already public based on Mr. Barkley's evidentiary hearing transcript (p. 18 discussing clinical leadership) and NaphCare's own website identifying clinical leadership. It is already public that the patient died. See cell C26. |
| Exhibit 16 | HIPAA: See Motion, Section 2. | The Sheriff's Department publicly identifies people who die in the jail, so none of this information is confidential. |
| Exhibit 17 | Trade Secrets, HIPAA: *This Exhibit relates to a specified individual, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secret" below.* | This information is generic and not a trade secret. Some information is already public, for example in Ex. 25 to the Nix deposition, which is not confidential, and Mr. Barkley's evidentiary hearing testimony (see pp. 17-18). Plaintiffs agree that certain HIPAA-protected information should be redacted on slides 7 and 9, but NaphCare proposed broader redactions than are acceptable to Plaintiffs. |
| Exhibit 18 | Trade Secrets, HIPAA: *This Exhibit relates to a specified individual, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secret" below.* | This information is generic and not a trade secret. Information about the NCCHC inquiry in jails in cases of a patient death (which NaphCare bases its policy on) is available on NCCHC's website: https://www.ncchc.org/spotlight-on-the-standards/procedure-in-the-event-of-an-inmate-death/. Plaintiffs agree that minimal HIPAA-protected information should be redacted on p. 4, but NaphCare proposed broader redactions than are acceptable to Plaintiffs. |
| Exhibit 19 | Trade Secrets, HIPAA: *This Exhibit relates to a specified individual, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secret" below.* | The information is generic and not a trade secret. Plaintiffs agree that certain HIPAA-protected information should be redacted on slides 5 and 6, but NaphCare proposed broader redactions than are acceptable to Plaintiffs. |
| Exhibit 20 | Trade Secrets, HIPAA: *This Exhibit relates to a specified individual, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secret" below.* | This information is generic and not a trade secret. It is discussed publicly in Mr. Barkley's evidentiary hearing testimony (see pp. 28-29). Plaintiffs agree that certain HIPAA-protected information should be redacted on page 1, but NaphCare proposed broader redactions than are acceptable to Plaintiffs. Information about the nature of this person's death is already publicly available. |
| Exhibit 21 | Trade Secrets, HIPAA: *This Exhibit relates to a specified individual, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secret" below.* | This information is generic and not a trade secret. It is discussed publicly in Mr. Barkley's evidentiary hearing testimony (see pp. 30-31). Plaintiffs agree that certain HIPAA-protected information should be redacted on pages 1 and 2, but NaphCare proposed broader redactions than are acceptable to Plaintiffs. Information about the nature of this person's death is already publicly available. |
| Exhibit 22 | Trade Secrets, HIPAA: *This Exhibit relates to a specified individual, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secret" below.* | This information is generic and not a trade secret. Information about the inquiry in jails in cases of a patient death is available on NCCHC's website: https://www.ncchc.org/spotlight-on-the-standards/procedure-in-the-event-of-an-inmate-death/. This document contains very little information period and none appears HIPAA-protected. |

| | | |
|---|---|---|
| Exhibit 23 | Trade Secrets, HIPAA: *This Exhibit relates to specific individual, and is thus protected by HIPAA. It also reflects "confidential research, development, or commercial information", in the manner noted in the definition of "trade secret" below.* | This information is generic and not a trade secret. The information is also already public, for example in Mr. Barkley's evidentiary hearing testimony (see pp. 6-7, 66-67, 77). Information about the patients is already public. |

*Trade Secrets: NaphCare asserts that it's internal quality control process, policy discussion/deliberations, etc. are proprietary because they directly affect how NaphCare delivers its product (correctional healthcare) to its client (SD County). Public disclosure of these measures and discussions would allow NaphCare's competitors to undermine its position in the industry and compromise NaphCare's ability to protect its interests in ongoing and future litigation.

**HIPAA: Protects any individually identifiable health information, survives death by 50 years and explicity requires a protective order for information disclosed in a judicial proceeding.

***Public Interest: For all the above material, NaphCare asserts that the public interest is best served by maintaining confidentiality of quality control processes and internal policy discussions because it ultimately allows for better patient care without jeapardizing NaphCare's ability to protect its own interests. Public disclosure of these discusssions and materials are extremely likely to have a chilling effect that will reach far beyond NaphCare.