1  Eugene P. Ramirez (State Bar No. 134865)
     *eugene.ramirez@manningkass.com*
2  Marguerite Jonak (State Bar No. 143979)
     *marguerite.jonak@manningkass.com*
3  Natalie Ortiz (State Bar No. 303869)
     *Natalie.Ortiz@manningkass.com*
4  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
5  225 Broadway, Suite 1200
   San Diego, California 92101
6  Telephone: (619) 515-0269
   Facsimile: (619) 515-0268
7
   Attorneys for Non-Defendant Third-Party
8  NaphCare of San Diego, LLC

9
                    **UNITED STATES DISTRICT COURT**
10
                  **SOUTHERN DISTRICT OF CALIFORNIA**
11

12
   DARRYL DUNSMORE, ANDREE            Case No. 3:20-CV-00406-AJB-DDL
13 ANDRADE, ERNEST ARCHULETA,
   JAMES CLARK, ANTHONY
14 EDWARDS, LISA LANDERS,            **NAPHCARE OF SAN DIEGO,**
   REANNA LEVY, JOSUE LOPEZ,         **LLC'S REPLY TO PLAINTIFFS'**
15 CHRISTOPHER NELSON,               **OPPOSITION TO NAPHCARE'S**
   CHRISTOPHER NORWOOD, JESSE        **MOTION FOR APPROVAL OF**
16 OLIVARES, GUSTAVO                 **CONFIDENTIALITY**
   SEPULVEDA, MICHAEL TAYLOR,
17 and LAURA ZOERNER, on behalf of    Date:    September 3, 2024
   themselves and others similarly    Time:    11:00 a.m.
18 situated,                          Crtrm.:  3A
   ,
19                                    Hon. Magistrate Judge David D. Leshner
              Plaintiff,
20
         v.
21
   SAN DIEGO COUNTY SHERIFF'S
22 DEPARTMENT, COUNTY OF SAN
   DIEGO, SAN DIEGO COUNTY
23 PROBATION DEPARTMENT, and
   DOES 1 to 20, inclusive,
24
              Defendant.
25

26 **TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**

27 **HEREIN:**

28 **/ / /**

                                    1                      No. 3:20-cv-00406-AJB-DDL

1    PLEASE TAKE NOTICE that Non-Defendant Third-Party NAPHCARE OF

2  SAN DIEGO, LLC. ("NaphCare") respectfully submits this reply in support of its

3  Motion for Approval of Confidentiality Designations (Doc. 693).

4    The issue in this dispute turns on whether the designations under the

5  protective order in this case were appropriate under the terms of the Amended

6  Stipulated Protective Order in this case. NaphCare asserts that they were. Plaintiff

7  has focused its arguments on the public's interest in knowing the information. But

8  even if the public has some interest in the information, that is not sufficient reason to

9  prevent the materials from being marked confidential. The balancing of public and

10  private interests in this instance weighs in favor of maintaining confidentiality.

11    **Plaintiffs may not use this lawsuit to circumvent HIPAA rules.**

12    HIPAA protects more than just medical records. 45 CFR §160.103 defines

13  Individually Identifiable Health Information as "information that is a subset of

14  health information, including demographic information collected from an individual,

15  and: (1) Is created or received by a health care provider, health plan, employer, or

16  health care clearinghouse; and (2) Relates to the past, present, or future physical or

17  mental health or condition of an individual; the provision of health care to an

18  individual; or the past, present, or future payment for the provision of health care to

19  an individual; and (i) That identifies the individual; or (ii) With respect to which

20  there is a reasonable basis to believe the information can be used to identify the

21  individual."

22    The subject exhibits are replete with demographic information and direct

23  references to and/or copied portions of patient records. As just one example, the

24  power point slides in exhibits 17 and 19 contain slides titled: "TechCare Record

25  Review." TechCare is the electronic medical record system the San Diego jails use

26  to maintain patient records. Whether the subject text reflects quotes from the patient

27  charts, or summaries of the same, they certainly constitute protected patient

28  information.

No. 3:20-cv-00406-AJB-DDL
**NAPHCARE OF SAN DIEGO, LLC' REPLY
TO PLAINTIFF'S OPPOSITION ON MOTION FOR APPROVAL OF CONFIDENTIALITY**

1    To further elaborate on the particularized harm, there are steep fines for

2 HIPAA violations, as well as a loss of trust and reputation for organizations who

3 violate it by disclosing protected information. As stated in their Motion, NaphCare

4 is not aware of—and Plaintiffs have not provided in their Opposition—any authority

5 excusing NaphCare from their obligations under HIPAA simply because someone

6 else has already disclosed protected information. Absent an authorization from a

7 decedent's personal representative or executor, NaphCare must safeguard this

8 information.

9    Still, the parties agree that disclosure in discovery is permissible *subject to a*

10 *protective order*. In the event of disclosure through judicial process, 45 C.F.R §

11 164.502 (b)(1) provides that the minimum necessary standard for disclosing such

12 information should apply. This means that the covered entity must make reasonable

13 efforts to limit protected health information to the minimum necessary to

14 accomplish the intended purpose of the use, disclosure or request. The intended

15 purpose here is for Plaintiff to gather relevant, admissible evidence to support its

16 case in chief. Public disclosure of protected health information is not necessary to

17 accomplish this purpose. And when a covered entity discloses protected health

18 information pursuant to a court order, 45 C.F.R. § 164.512(e) provides that it should

19 be done pursuant to a protective order. Indeed, the *Marsh* order cited in Plaintiffs'

20 opposition allowed the production of HIPAA protected information *subject to the*

21 *protective order in that case*.

22    **Details of NaphCare's death review process should be kept confidential**.

23    Plaintiffs cite an order in *Johnson v. Coos County* as a basis for rejecting the

24 argument that the documents are proprietary. *See* No. 6:19-cv-01883-AA, 2023 WL

25 3994287 at 2. The dispute at issue in that case is distinguishable. And the ruling

26 ultimately supports NaphCare's position.

27 ///

28 ///

**NAPHCARE OF SAN DIEGO, LLC' REPLY**
**TO PLAINTIFF'S OPPOSITION ON MOTION FOR APPROVAL OF CONFIDENTIALITY**

MANNING | KASS

1    First, the record holder in that case, Wellpath, was a named defendant. Their

2    conduct was at issue in that case. NaphCare is not a defendant in this case. Second,

3    Wellpath did not explain *why* its documents were proprietary. It merely stated that

4    they were prepared by Wellpath for use by their own personnel. Here, NaphCare has

5    explained in detail why the content of the subject documents should be considered

6    proprietary and, at the very least, has made a threshold showing of good cause.

7    As stated in *Johnson*, the good cause standard—not the compelling purpose

8    standard—should apply here because the subject documents are not attached to a

9    dispositive motion. Thus, the public has less of a need in accessing them because

10   they are only tangentially related to the underlying causes of action. *See Id* at 1.

11   Once again, NaphCare asserts that public disclosure of the subject content, which

12   encompasses the evaluation, analysis, impressions and conclusions discussed during

13   NaphCare's death review process, would compromise NaphCare's position in the

14   industry and in other ongoing litigation. NaphCare also discussed at length the a

15   strong public policy favoring the confidentiality of mortality reviews conducted by

16   healthcare providers.

17   **NaphCare's proposed broader categories of redaction to exhibits were**

18   **rejected.**

19   After Plaintiffs' proposed redactions, NaphCare explained the need to expand

20   them. Plaintiffs' position was that any redactions broader than what was proposed

21   were not acceptable. Still, NaphCare has not foreclosed the possibility of the

22   documents being made public with appropriate redactions and respectfully requests

23   that, to the extent the Court does not find the entirety of any exhibit appropriately

24   marked as confidential, such exhibit be redacted to completely obscure all protected

25   health information and all impressions and conclusions reached through the death

26   review process.

27

28

No. 3:20-cv-00406-AJB-DDL
**NAPHCARE OF SAN DIEGO, LLC' REPLY**
**TO PLAINTIFF'S OPPOSITION ON MOTION FOR APPROVAL OF CONFIDENTIALITY**

1   DATED:  August 27, 2024        Respectfully submitted,

2                                  **MANNING & KASS**

3                                  **ELLROD. RAMIREZ. TRESTER LLP**

4                         By:      */s/ Natalie Ortiz*

5                              EUGENE P. RAMIREZ
                                  MARGUERITE L. JONAK

6                              NATALIE E. ORTIZ
                                  Attorneys for Non-Defendant Third-Party

7                              NaphCare of San Diego

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. 3:20-cv-00406-AJB-DDL

**NAPHCARE OF SAN DIEGO, LLC' REPLY
TO PLAINTIFF'S OPPOSITION ON MOTION FOR APPROVAL OF CONFIDENTIALITY**