Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA  92101-8474
Tel:  619.814.5800 Fax:  619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail:  epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA  95113-2336
Tel:  408.606.6300 Fax:  408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 3:20-cv-00406-AJB-DDL <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:      October 10, 2024 <br> Time:      10:15 a.m. <br> Crtrm.: Edward J. Schwartz Courthouse Courtroom 3A <br><br> Judge:   Anthony J. Battaglia <br><br> Magistrate Judge David D. Leshner |

4876-3310-2571 v1

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

## NOTICE OF MOTION

2

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

3      **PLEASE TAKE NOTICE** that on October 10, at 10:15 a.m. in Courtroom A

4  of the above-entitled court, located at 221 W Broadway, San Diego, CA 92101,

5  Defendants COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S

6  DEPARTMENT and SAN DIEGO COUNTY PROBATION

7  DEPARTMENT(Collectively "Defendants") will and hereby move this Court,

8  pursuant to Code of Civil Procedure § 1005, for an order to Maintain Confidentiality

9  Designations in favor of the Defendants and against Plaintiffs. This motion is

10  brought on the grounds that the documents were properly marked confidential and

11  should remain confidential for the reasons set forth in the accompanying points and

12  authorities. This motion is based on this Notice, the records and files in this action,

13  the attached Memorandum of Points and Authorities, Declaration of Elizabeth M.

14  Pappy, the papers, pleadings, and records filed in this action, and upon such other

15  oral evidence presented at the time of hearing.

16

17  Dated: October 1, 2024                BURKE, WILLIAMS & SORENSEN, LLP

18

19

20      By:  _____

21           Susan E. Coleman
             Elizabeth M. Pappy
22           Attorneys for Defendants
             COUNTY OF SAN DIEGO, SAN
23           DIEGO
             COUNTY SHERIFF'S
24           DEPARTMENT and SAN DIEGO
             COUNTY PROBATION
25           DEPARTMENT

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4876-3310-2571 v1                          1                    Case No. 3:20-cv-00406-AJB-DDL
                                                                DEFENDANTS' MOTION TO MAINTAIN
                                                                CONFIDENTIALITY DESIGNATIONS

## <u>MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS</u>
## I. INTRODUCTION

Defendants seek an order from the Court maintaining the confidentiality designations of several categories of documents and specific documents which Plaintiffs assert are subject to public disclosure. Plaintiffs provided a chart (Exhibit A), claiming the documents are not subject to the Dkt. 255 ("Protective Order").

## II. DISPUTED ISSUES CHART

The following provides a guide to the Disputed Issues and which categories in the chart attached hereto as Exhibit A, fall within under the Disputed Issue:

| DISPUTED ISSUE | CATEGORY NOS. |
|---|---|
| 1. Individual "medical records" | 4, 29, 30, 42, 44, 47, 56 |
| 2. Decedent Records | 6, 9, 10, 11, 12, 13, 14, 15, 16, 17, 43, 53, 58 |
| 3. Employee Privacy Rights | 2, 7, 22, 24, 28, 35, 41, 46, 52 |
| 4. Lack of Class Member ID | 3, 35 |
| 5. Naphcare Documents | 5, 6, 45, 55 |
| 6. JIMS Records | 8, 31 |
| 7. Draft policies and procedures | 6, 25, 59 |
| 8. Intelligence | 31, 36 |
| 9. IP Locations | 2, 33 |
| 10. Staffing Levels | 28, 37 |
| 11. Misc | 38, 50, 51 |

## III. LEGAL ARGUMENTS

The issue before the Court is whether the documents identified by Plaintiffs should be disclosed to the public or most likely republished by The San Diego Union Tribune. The Protective Order in this case (Dkt. 255) was entered in this case on January 9, 2023 and provides that proprietary or development information, security-sensitive information, confidential personal information, and other information held to be confidential under State and Federal law. Defendants seek to keep confidential only that information which falls within the four categories.

### A.    DEFENDANTS DO NOT HAVE THE RIGHT TO PUBLICLY DISCLOSE MEDICAL RECORDS.

Plaintiffs seek to de-designate all medical records of Class Members and

others not verified to be Class Members. An attorney may not disclose confidential information of a client under California Business & Professions Code §6068(e)(1). (Cal. Evidence Code §954; *Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 371) This includes medical information.  Plaintiffs ask Defendants to do what Plaintiffs' counsel themselves may not do.

The right of privacy is an "inalienable right" secured by article I, section 1 of the California Constitution. (*Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656) It protects against the unwarranted, compelled disclosure of various private or sensitive information regarding one's personal life including medical history. (*Britt v. Superior Court* (1978) 20 Cal.3d 844, 852–864) The California Confidentiality of Medical Information Act (CMIA) protects medical information obtained by healthcare providers and their contractors.  (Cal. Civil Code §56, et.seq.) Defendants are providers under the CMIA. (C.C. §56.06) Section 56.10 requires that a medical provider obtain an authorization in writing from the patient and that disclosure may be compelled by Court order. (C.C. §56.10(a) and (b)(1)) California Health & Safety Code §123100 makes clear that only the patient or the patient's representative responsible for making health care decisions for the patient may authorize disclosure.  Plaintiffs' counsel may not waive the privacy right.

The information requested is also subject to HIPPA. These same issues were submitted to the Court via Joint Motion (Dkt.440) whereby Plaintiffs' sought disclosure of medical records subject to HIPPA and the Court ordered that the medical records being requested be produced subject to the Protective Order finding that the order "constitutes a "qualified protective order" under 45 C.F.R. §164.512(e)(1)(v) as required for disclosure under any circumstance. Plaintiffs are now seeking to violate that order and insisting that Defendants violate the order. Plaintiffs attempt to get around the CMIA, HIPPA and this Court's prior order by claiming that records can be redacted for identities. There is no "redaction" exception under the CMIA or HIPPA.

### B.   DECEDENT RECORDS.

Much like the medical records of incarcerated persons, Plaintiffs assert that they have the right to waive the privacy rights of decedent families.

Cal. Health & Safety Code §123105(e) makes clear that medical records of a deceased person are subject to the CMIA.  Subsection (e)(4) provides that a patient's representative includes only a beneficiary or personal representative as defined under California probate law and only that person may waive the privacy right. As stated above, Health & Safety Code §123100 makes clear that Plaintiffs' counsel does not have the right to make decisions about waiver of a decedents medical records.  The right to protect medical records of a decedent lasts for 50 years under HIPPA. (See, 45 CFR 160.103, ¶(2(iv)) The Court has already ruled on production of medical records and the request should be denied.

Plaintiff attempts to circumvent this Court's ruling about CIRB reports as well. In ordering production of redacted CIRB reports, the Court specifically found that the, "Protective Order assuages any concern that information about nonparties would be disclosed outside the litigation," and ordered that the reports be produced under the Protective Order. (Dkt.468, p.17:15-18:2) Plaintiffs may not seek a reconsideration of the Court's ruling which already recognized the privacy rights of third parties contained in the reports and did not order production with third party identities redacted. Plaintiffs have waived any such request and/or argument.

Plaintiffs give no consideration whatsoever to the rights of the families whose loved ones died in custody. They put their interests in this litigation and the desire to try this case in the press over those of the families involved.  Plaintiffs concede they never ask any of the families permission to disclose any information that is not available to the public including homicide reports, CIRB reports, CLERB reports or information transmitted to the County by CLERB. Plaintiffs also concede that *Catsouras v. Dept. of CHP* (2010) 181 Cal.App.4th 856 applies to the records at issue, but claim it only covers photographs.  The claim is without merit.

*Catsouras* cites to *National Archives and Records v. Favish* (2004) 541 U.S. 157, 124 S.Ct. 1570, 158 L.Ed.2d 319, which considered the question of whether death scene images could be released under the Freedom of Information Act. The Court considered 5 U.S.C. §552(b)(7)(C), which provides that records or information complied for law enforcement purposes may be withheld, ". . . if their production 'could reasonably be expected to constitute an unwarranted invasion of personal privacy.' . . .(5 U.S.C. §552(b)(7)(C)" (*Id*, at 160)  Homicide files, CIRB reports, records relating to decedent in any way including video, checks on welfare and photos all fall under Subsection 552(b)(7)(C). While the case was considering a release under FOIA, the analogy to what Plaintiffs are trying to do here is exactly on point. A FOIA request (and a PRA request) are for release of information directly to the public.  Disclosure in litigation under a protective order is not analogous because the records may not be disclosed publicly. The Court's prior orders and Subsection 552(b)(7)(C) clearly spell out the protection of the rights of family member rights to privacy and the United States Supreme Court's recognition and respect for those rights.  Citing from *National Archives,* the Court in *Catsouras* states:

> "The court stated it "[had] little difficulty ... in finding in our case law and traditions the right of family members ... to limit attempts to exploit pictures of the deceased family member's remains for public purposes." (Ibid.) (*Catsouras*, supra, 181 Cal.App.4th at 871 (2010))

The holdings in *National Archives* and *Catsouras*, in addition to 5 U.S.C. §552(b)(7)(C), make clear that the privacy rights at issue are those of the family members, that Plaintiffs cannot waive them and neither can Defendants. The disclosure to the public has no basis in law and to the contrary, the United States Supreme Court makes clear that wholesale publication of these records in the public to sensationalize this case is a violation of law.

## C.    EMPLOYEE IDENTITIES

Plaintiffs assert that by virtue of working as a deputy at a jail, a deputy has no

privacy rights including the right to keep their name out of litigation documents which have nothing to do with them or their performance personally.  The claim is meritless.

The focus of the inquiry is whether the identities of individuals who are not the subject of this litigation, but are rather doing their jobs in the normal course, are subject to disclosure in what is intended to be a disparagement of them and the duties they performed. Plaintiffs' have been unable to point to any public need to see the names of individuals who, for example, are involved in quality assurance meetings, who conducted a cleanliness inspection, who entered information in JIMS confirming hard counts, who responded to a grievance, etc. There is no doubt that Plaintiffs will publish the information to the San Diego Union Tribune and any other public forum to attack Defendants. There are no allegations of any wrongdoing by any particular person in the case but rather a wholesale impeachment of the way the jail runs in terms of policies, procedures and practices.

California Penal Code §832.7 codifies the long held view in California that peace officer records are subject to special protection from disclosure.  The recent amendments to the section maintain the special protection peace officer personnel files carry while balancing the need for public disclosure of police misconduct. The current version makes clear that the general rule is very much alive and well and that only where an officer commits one of the enumerated acts in Subsection (b)(1), can the records be disclosed.

Plaintiffs assert that cases which stand for the proposition that the public is entitled to personnel information about specifically identified officers involved in wrongful conduct, should be interpreted to mean that the personnel records of every officer is subject to disclosure. Plaintiffs provided legal authority for this novel proposition and none of the cases support the meritless claim. (*See, Long Beach Police Officers Ass'n v. City of Long Beach*, 59 Cal. 4th 59 (2014) [seeking records of prior shootings by specific officers]; *Lissner v. U.S. Customs Serv.*, 241 F.3d

1220, 1222 (9th Cir. 2001) [seeking records related to two Federal peace officers arrested, detained and fined for smuggling steroids into the country]). Both *Long Beach* and *Lissner* involved officers engaged in wrongful conduct and both Courts went through a lengthy analysis of the applicable statutes and wrongful conduct involved in allowing disclosure of the records. If the law were such that the identity of every officer working in every instance were subject to public disclosure, the statutes protecting the privacy rights of officer records and identities would be useless.

While personnel files are not at issue here, the limited right to privacy of the employees in performing their job duties applies given the purpose for which the disclosure is being requested. The Protective Order specifically provides that security-sensitive information can be designated as confidential, and this includes employee names. The public does not learn anything from knowing who the person was that conducted a hard count. The 230 pages of allegations in the Third Amended Complaint claim the policies and procedures are bad; not that a particular individual has engaged in misconduct. The sole purpose of disclosure is to embarrass and potentially subject the deputies to harm by needlessly allowing their names to be published in newspapers and otherwise, for doing nothing other than their jobs. The clear intent is to disclose these documents as having been disclosed in discovery and claim or imply that the people identified are bad actors. There is no public right to know without ever explaining why. The random shooting of peace officers in our world today without provocation is justification enough to avoid unnecessary disclosure of names that serves no purpose other than trying the case through the press.

### D.    LACK OF CLASS MEMBER IDENTIFICATION.

There does not seem to be a dispute about an IP's right to privacy. But as they do with their clients medical records, Plaintiffs' counsel seeks to force Defendants to disclose personal grievances submitted by IP's that Plaintiffs may not

represent. The grievances and medical information including in the grievances at issue predate class certification and Plaintiffs' counsel has refused to confirm whether the individuals are class members and have authorized them to release the records with redactions of name (or not). Defendants will not agree to produce the documents with the redactions without proof of representation and consent.

### E.    NAPHCARE DOCUMENTS.

There are policies and procedures, and letters from Naphcare to the County in the documents as well as County communications critical of Naphcare. Defendants requested information from Plaintiffs about whether the Naphcare created documents were confidential/subject to this Court's order about the dispute with Naphcare, and Plaintiffs would not provide the requested information.  Defendants have submitted the documents to Naphcare's counsel to indicate whether they are confidential or not and report back to Plaintiffs and the Court on October 10th at the hearing on this matter. Defendants request that they be immunized from any claims by Naphcare that any internal communications critical of Naphcare are libelous or defamatory. Defendants should not be subject to liability from a third party because Plaintiffs want to try the case in the press.

### F.    JIMS RECORDS.

The Court will recall that Plaintiffs' experts demanded the right to inspect the JIMS system and to have unfettered access.  This request was denied and as part of the process, the Sheriff's Department had to notify the California Department of Justice.  In response to notification of the limited inspection, the Department wrote to the County disallowing, "JIMS access to be, photographed, recorded, or videotaped". Plaintiffs agreed to comply with the restrictions but are now asking that documents generated from JIMS be made public. By agreeing to the restrictions on the access their expert would have, Plaintiffs admitted that the JIMS information is highly confidential as the Attorney General letter indicates and offer no explanation as to why it is no longer confidential or what the public need is in seeing

documents generated from JIMS.

## G.    DRAFT POLICIES AND PROCEDURES.

Categories 25 and 59 contain draft policies and procedures protected from public disclosure under Government Code §7920.000, et. seq. There is no dispute the documents are subject to discovery.  The question is whether they are subject to public disclosure by de-designation.  They are not because they are subject to the "deliberative process privilege". "In determining whether the deliberative process privilege applies, the "key question ... is 'whether the disclosure of materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.' [Citation.]" (*Times Mirror Co. v. Superior Court* (1991) 53 Cal.3d 1325, 1342 . . .)" (*State v. Superior Ct. of Los Angeles Cnty.*, 101 Cal. App. 5th 214, 220 (2024)) Govt. Code §7922.000 allows for withholding of information requested in a PRA request if the entity can demonstrate, '"on the facts of the particular case the public interest served by not disclosing the record clearly outweighs the public interest served by disclosure of the record." [Citation omitted]' (*Id,* at 226-227) ". . . [T]he deliberative process privilege is not an express exemption, but an application of the PRA's catchall provision."  (Id.)  As the Court in *Times Mirror* pointed out, "[t]o disclose every private meeting or association of the Governor and expect the decisionmaking process to function effectively, is to deny human nature and contrary to common sense and experience."  (*Times Mirror*, supra, 53 Cal.3d at p.1345)

The Sheriff's Office is subject to intense public scrutiny. The question is whether the Sheriff's Office should have the freedom and "safety" of exchanging information, ideas and information to create the best possible policies and procedures without the threat of what will undoubtedly be second-guessing, criticism and publication in newspapers of every decision they are contemplating. Every deliberative process about policies and procedures will have to take into

1   account what will be published and how it may be perceived, rather than working to

2   come up with the best possible policies and procedures. This is exactly why these

3   documents should not be disclosed to the public.

### H.    INTELLIGENCE DOCUMENTS.

5   The information in the documents (Category No. 31 and 36) are intelligence

6   documents, one of which contains information from JIMS, subject to strict

7   confidentiality, and the other is an intelligence report containing means and

8   methods, names of detectives involved in undercover operations, and photographs of

9   deadly weapons fashioned by IP's out of materials available to them in the jails.

10  Disclosing this information compromises the ability to keep other IP's from creating

11  weapons, discloses the identity of those personnel involved in covert operations, and

12  the means and methods by which operations are handled.  The same baseless retort

13  was offered by Plaintiffs to justify disclosure, to wit, the public has a right to know.

14  No explanation was provided about why the public has a right to know or addressing

15  the security concerns with the public who visit IP's and transfer information about

16  what has become publicly available. The entire report should remain confidential.

### I. DOCUMENTS DISCLOSING SPECIFIC LOCATIONS OF IP'S

18  Disclosing locations of specific IP's poses a threat to the IP's themselves.

19  Releasing any such information to the public provides no useful information but

20  potentially provides someone visiting the jail with information to pass along to other

21  IP's who wish harm upon an IP, but are otherwise unaware of their location.

22  Compliments of Plaintiffs, their location will be published to the entire world. This

23  puts the IP's at risk and also the staff who must respond to IP on IP violence. There

24  has been no reason provided for disclosure and the documents should remain

25  confidential.

### J.    STAFFING LEVELS.

27  Plaintiffs seek to disclose documents showing staffing levels over recent

28  periods of time in specific jail locations. The issue is the disclosure of the

information specific to locations so that IP's know how many staff are in positions thus enabling them to plan harm to staff or other IP's based upon the existence of minimum staffing levels vs. an actual or perceived higher level of staffing. The concept of staffing levels in general is not subject to confidentiality but the staffing levels in specific areas and in recent months is a specific security threat which Plaintiffs have failed to address.

### K.    MISCELLANEOUS CATEGORIES.

Category No. 38 is a dense incident report log with information listed line after line with no breaks, single spaced and replete with confidential information such as IP names, employee names, other personal identifying information, injuries and other personal information about IP's. It would take hours to redact and the end result would be worthless gibberish because of all of the redacted information. For the reasons stated above regarding privacy of employees and IP's and the resulting uselessness of the document upon redaction, the document should remain confidential.

Category 50 is a CLERB complaint filed with CLERB. It is not the Department's document and CLERB takes a very strict view of what can and cannot be publicly disclosed. The Sheriff's Office will not take responsibility for disclosed a citizen complaint to CLERB without authority of the complainant, the IP's authorization, or CLERB's authorization. Privacy rights override Plaintiffs desire to have the complaint made public.

Category 51 are communications from third party family members of IP's disclosing private information about the incarcerated family member. Defendants do not have the right to waive either the IP's privacy rights or assume the intent of the writers that they want their complaints published. Plaintiffs refused to get permission from the IP's or the family members.

1    Dated:  October 1, 2024                    BURKE, WILLIAMS & SORENSEN, LLP

2

3

4    By: _____

5           Susan E. Coleman
             Elizabeth M. Pappy
6           Attorneys for Defendants
             COUNTY OF SAN DIEGO, SAN
7           DIEGO
             COUNTY SHERIFF'S
8           DEPARTMENT and SAN DIEGO
             COUNTY PROBATION
9           DEPARTMENT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | |
|---|---|---|---|---|
| SDSO Inspection Reports | SD_583777 (please note that Plaintiffs are including only the initial bates number for ease of reference), SD_654067 | SD_583777 contains no information that is encompassed by any of the four categories in the protective order at Dkt. 400, Paragraph 4a, and it should be de-designated. Plaintiffs agree that SD_654067 may be redacted to protect the names and photos of incarcerated people. With that information redacted, the document should be de-designated. | With redaction of employee names in both reports because of their privacy rights and the propensity of your office and the press to provide false reporting and potential harassment of employees servess no public purpose, they can be dedesignated. 654068 will not be designated. The specific identities and locations of individuals is a security risk. | The parties disagree whether employee names should be redacted. The parties agree that the page 654068 of 654067 may be redacted. |
| Grievances | SD_114685, SD_655108, SD_841287, SD_73941 | The only potentially protected information under the protective order are the names, birthdates, and booking numbers of incarcerated people. With that information redacted, these documents should be de-designated. | 114685 is a court document. Your comment doesn't seem to track what I have marked as that number. Can you confirm it's a court document for Mr. Norwood. If so, it will be dedesignated as he's your client and if he wants it public, we have no objection. 655108 is a policy section and can be dedesignated. 841287 is a single page of a grievance from 1/31/2023 and you were not appointed class counsel until November 2023 so without confirmation that he was in the class as of that date, I cannot agree to designate. Please confirm he was in the class as of November 2023 and with that permission and redaction of all employee names for the reasons stated above, we will designate per your request as his counsel. | The parties discussed that two documents appear to be marked SD_114685 on Defendants' end, and confirmed which one is in dispute. The parties agree on 655108. For the remaining documents, the parties disagree about whether redaction to incarcerated person names is sufficient. The parties disagree whether employee names should be redacted. |
| Class Member Medical Records (discussion thereof) | Not applicable. | Plaintiffs seek agreement that the parties' experts can refer to information and quote from non-decedent class members' medical records publicly, so long as the class member's name is not disclosed. For example, the discussion in expert reports or testimony of a given class member's medical issues would not be confidential, so long as the name is redacted. With the name redacted, there is no individually identifiable health information protectable under the protective order. This approach has been used in similar cases, such as the *Jensen* Arizona prison case. | Defendants will not make any such agreement as to deceased individuals. Defendants do not have the right to make any decision about disclosing individual medical records and the request is a violation of the Court's order that individual medical records be disclosed confidential. Without written authorization from each person whose records are implicated and with a Court order authorizing us to do so, we will not de-designate. Plaintiff must comply with Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv) as to decedent records. | The parties disagree whether redaction to incarcerated person identifying information is sufficient. |
| SDSO Letter Correspondence With NaphCare Re: Corrective Action Notices | SD_661936, SD_165196, SD_657774 | These documents do not include any information covered by the protective order. In addition, the correspondence concerns Corrective Action Notices to NaphCare, which Defendants have already agreed to de-designate. There is no apparent reason to keep confidential these CAN-related documents, and they should be de-designated. | My clients don't have authority to decide to de-designate 661936, 165196 and 657774. Please get Naphcare's approval or provide me something from the Court or Naphcare already agreeing that the document is not confidential . | Defendants will check with NaphCare. |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 6 | SDSO Email Correspondence | SD_331805, SD_556275, SD_550498, SD_550530, SD_554581, SD_575469, SD_576839, SD_113706, SD_588783, SD_556541, SD_440432, SD_704043, SD_444419, SD_637469, SD_547833, SD_654107, SD_579166, SD_579162, SD_430262, SD_376232, SD_569505, SD_342504, SD_563610, SD_376055, SD_654104, SD_585896, SD_654063, SD_655458, SD_637477, SD_640255, SD_644752, SD_704054, SD_655456, SD_659603, SD_652075, SD_659605, SD_651902, SD_661327, SD_661839, SD_556246, SD_351122, SD_248983, SD_397590, SD_657640, SD_657716, SD_657723, SD_556249, SD_651265, SD_422647, SD_670246, SD_25926, SD_674265, SD_259265, SD_663485, SD_661934, SD_354832, SD_332195, SD_183214, SD_661784, SD_665686, SD_667926, SD_183063, SD_222173, SD_222130, SD_352638, SD_664776, SD_662118, SD_661782, SD_422647, SD_213152, SD_665637, SD_202957, SD_357641, SD_665657, SD_218991, SD_227522, SD_364615, SD_661564, SD_661601, SD_663501, | Defendants mass-tagged all emails produced in the ESI production as confidential. The listed emails do not appear to include any information protectable under the protective order, with the exception of some emails with individually identiable health information about incarcerated people. For such emails, Plaintiffs propose redacting the names and identifying information (such as booking numbers) of incarcerated people. The names of decedents should not be redacted because the Sheriff's Department publicly announces the identities of people who die. Plaintiffs agree to redacting medical information about decedents not related to their deaths. With those redactions to applicable emails, the emails should be de-designated. Indeed, Defendants have agreed to de-designate other SDSO emails produced in this case. See, e.g., SD_550334, SD_550488, SD_555565. The | The representation about what the 123 items are is a gross micharacterzation in an attempt to lead the Court to believe that these are inoccuous emails. Half of them are not emails. There are death reports subject to Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). There are numerous emails with personal medical information. Do you have written waivers from the individuals identified? There are emails relating to the CAN issues with Napchare. I need further information from you/Napchare about how the CAN and related documents are being treated as the Defendants will not subject itself to any slander/libel claim by Napchare. There is a court document. Do you represent the person? Have their persmission to release the record? Is it publically available? There are emails about | The parties disagree whether redaction to incarcerated person identifying information is sufficient. The parties disagree whether drafts are confidential. The parties disagree whether employee names should be redacted. |
| 7 | SDSO Texts and Teams Messages | SD_1525701, SD_1572826, SD_1572652, SD_1572813, SD_1572814, SD_1572660, SD_1572656 | These messages do not include any information covered by the protective order. In the text message page, Plaintiffs propose redacting the phone numbers of any individuals who are not Sheriff's Department employees to protect their privacy. These documents should be de-designated with those redactions. | 1525701 contains private text messages that should have been deleted but were not. We will desdesignate all phone numbers, the private exchange and employee names for the above reasons. 1572826, 1572813, 1572814, 1572660, 1572656 and 1572652 can be dedesignated with employee names removed. | The parties agree re: 1525701, with the exception of employee names. The parties disagree whether employee names should be redacted.<br><br>9/30: Following meet and confer, Plaintiffs removed death records inadvertently included in this category [638, 1288, 1306, 25673, 25964, 25698, 25846, 36087, 41475, 41623, 42389, 42557, 45307, 46137, 49218, 55275, 55231, 55689, 55657]. There was also a duplicate of 114685, which is covered in another category. With those removed, the documents in this list are emails and attachments to emails, and Plaintiffs maintain their position as to those documents. In addition, the following emails had typos: SD_376232 (in fact SD_376261), SD_569505 (in fact SD_596505), and SD_659605 (in fact SD_659603). Plaintiffs are emailing those documents to Defendants. |
| 8 | SDSO Memoranda | SD_104531, SD_117940, SD_655458 | These memoranda do not appear to include any information protectable under the protective order. In addition, SD_104531 was an exhibit to Lt. Cole's and Mr. Bennett's depositions, and Defendants did not designate the exhibit or the discussion of it confidential. These documents should be de-designated. | Attaching an already produced exhibit to a deposition does not desdesignate it. The entirety of 104531 will be dedesignated. The single page 117940 will be dedesignated. 655458 will not be dedesignated as there is no overriding need for the public to seek the document and it relates to JIMS which is subject to strict oversight of the AG. | The parties disagree whether 655458 is confidential. The parties agree that the two other documents can be de-designated. |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 9 | CLERB Investigation Reports | SD_50653, SD_50663, SD_50607, SD_50642, SD_469458, SD_50668, SD_399432, SD_548059, SD_50634, SD_50690, SD_50674, SD_50619, SD_50683, SD_50647, SD_50678 | The only potentially protected information under the protective order are the names and any other information regarding incarcerated people other than the decedent who were involved in each death investigation (i.e. as witnesses, suspects, etc.).  This is consistent with Cal. Penal Code § 832.10, which makes investigations into jail deaths available as public records.  If that information is available as a public record, it need not be kept confidential in this litigation.  Plaintiffs are also amenable to redacting photographs that include the face of the decedent.  The Sheriff's Department makes the names of decedents and information about their deaths publicly available, including in news releases and on their website. These documents should be de-designated with the redactions described above. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). You will have to comply with the H&S code section to obtain any of the records. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |
| 10 | CIRB Reports | SD_433052, SD_1030373-1030631 | The only potentially protected information under the protective order regarding the decedent are the dates of birth, home addresses, telephone numbers, and drivers license (or other ID) numbers of decedents that appear in these records.  These documents should be de-designated with that information redacted. Any attorney-client privileged information has already been redacted after the Court's in camera review.  This is consistent with Cal. Penal Code § 832.10, which makes investigations into jail deaths available as public records. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv).  You will have to comply with the H&S code section to obtain any of the records. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |
| 11 | Custody Records of Decedents | SD_574, SD_547, SD_51385, SD_620, SD_51257, SD_1022, SD_51002, SD_1046, SD_754, SD_51184, SD_704804, SD_652, SD_436666, SD_50911, SD_51057, SD_638, SD_51023, SD_51184, SD_50948 | The only potentially protected information under the protective order regarding the decedent are the dates of birth, home addresses, telephone numbers, and drivers license (or other ID) numbers of decedents that appear in these records.  The names and any identifying information regarding incarcerated people other than the decedent who appear in these custody records may also be redacted. Plaintiffs are amenable to redacting photos that identify the faces of any incarcerated person. These documents should be de-designated with that information redacted. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv).  You will have to comply with the H&S code section to obtain any of the records. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |
| 12 | Jon Montgomery Statements Re: Deaths | SD_55712, SD_55254, SD_55387, SD_337295, SD_55159, SD_55675, SD_252598, SD_55886, SD_638, SD_55301 | The only potentially protected information under the protective order are the names and any other individually identifiable information regarding incarcerated people other than the decedent who were involved in each death investigation (i.e. as witnesses, suspects, etc.), unless that information is already public. These documents should be de-designated with that information redacted. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv).  You will have to comply with the H&S code section to obtain any of the records. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 13 | Homicide Unit Files Related to Decedents | SD_60986, SD_61444, SD_61008, SD_49170, SD_44420, SD_46505, SD_60582, SD_41849, SD_711503, SD_41623, SD_41475, SD_45307, SD_42389, SD_46137, SD_49218, SD_721931, SD_722730, SD_43860, SD_52465, SD_43190, SD_49218, SD_55779, SD_51451, SD_51785, SD_49340, SD_42557, SD_41849, SD_43645, SD_42821, SD_45037, SD_43190, SD_42001, SD_46505, SD_49511 | The only potentially protected information under the protective order regarding decedents are the dates of birth, home addresses, telephone numbers, and drivers license (or other ID) numbers of decedents that appear in these records. The names and other identifying information regarding incarcerated people other than the decedent who appear in these custody records may also be redacted. This is consistent with Cal. Penal Code § 832.10. Plaintiffs are amenable to redacting photos that identify the faces of any incarcerated person. These documents should be de-designated with the redactions described above. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv) to comply with the H&S code section to obtain any of the records. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |
| 14 | Case Review PPTs for Decedents | SD_55395, SD_55222, SD_55681, SD_25832, SD_26049, SD_447297, SD_55670, SD_55891, SD_337297, SD_55716, SD_25668, SD_25742, SD_25805, SD_55325, SD_55368, SD_25720, SD_55915 | The only potentially protected information under the protective order regarding decedents are their dates of birth. The names and other identifying information regarding incarcerated people other than the decedent who appear in these custody records may also be redacted. This is consistent with Cal. Penal Code § 832.10. Plaintiffs are amenable to redacting photos that identify the faces of any incarcerated person. These documents should be de-designated with the redactions described above. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). You will have to comply with the H&S code section to obtain any of the records. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |
| 15 | Area Activities Summary Reports for Decedents | SD_710839, SD_617, SD_635, SD_1043, SD_1065, SD_649, SD_1016, SD_1046 | The only potentially protected information under the protective order regarding decedents are their dates of birth, which may be redacted. The names and other identifying information regarding incarcerated people other than the decedent who appear in these custody records may also be redacted. This is consistent with Cal. Penal Code § 832.10. These documents should be de-designated with the redactions described above. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). You will have to comply with the H&S code section to obtain any of the records. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |
| 16 | Rescue Reports for Decedents | SD_25749, SD_232684 | The only potentially protected information in these documents under the protective order are the decedents' dates of birth, which may be redacted. These documents should be de-designated with that information redacted. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). You will have to comply with the H&S code section to obtain any of the records. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |
| 17 | Incident Reports for Decedents | SD_60616, SD_710839, SD_719547, SD_711503, SD_337577, SD_25671, SD_339036, SD_55655, SD_338964, SD_55886, SD_339121, SD_55254, SD_723620, SD_55362, SD_55843, SD_25790, SD_55308, SD_55802, SD_55944, SD_55787, SD_55387, SD_55880, SD_55147, SD_25901, SD_55242, SD_55745, SD_55277, SD_55655, SD_55676, SD_55308, SD_55186, SD_337221, SD_55900, SD_337258, SD_55802, SD_339121 | Based on Plaintiffs' review, the only potentially protected information under the PO are the names and any other individually identifiable information regarding incarcerated people other than the decedent who were involved in each death investigation (i.e. as witnesses, suspects, etc.). These documents should be de-designated with that information redacted. This is consistent with Cal. Penal Code § 832.10. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). You will have to comply with the H&S code section to obtain any of the records. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 18 | Probation Dept. PPT Presentation | SD_1471558 | This Probation Department presentation does not include any information protectable under the protective order in this case.  It only includes general information about Work Furlough and the Residential Re-Entry Center. This document should be de-designated. | It will be dedesignated. | The parties agree. |
| 19 | SDSO PPT Presentation | SD_560805 | This presentation about South Bay Detention Facility does not include any information protectable under the protective order. This document should be de-designated. | It will be dedesignated. | The parties agree. |
| 20 | Facility Handbook | SD_646478 | This document should not be confidential, as it was shared with all incarcerated people.  In addition, Defendants did not designate the new Facility Handbook (SD_1579793) as confidential. This document should be de-designated. | It will be dedesignated. | The parties agree. |
| 21 | Corrective Action Plans from Facility Inspections | SD_704026 | This document does not appear to include any information protectable under the protective order, and was included as part of the mass-tagged ESI production. This document should be de-designated. | It will be dedesignated with employee identifying information removed. | The parties disagree whether employee names should be redacted. |
| 22 | SDSO Notes Documents | SD_120522, SD_588784 | These documents do not appear to include any information protectable under the protective order, and were included as part of the mass-tagged ESI production. These documents should be de-designated. | 120522 will be dedesignated with employee name removed. 588784 will be dedesignated. | The parties disagree whether employee names should be redacted in 120522.  The parties agree re: 588784. |
| 23 | Facility Plans | SD 742262-742288, SD_742291-742308, SD_1519375-1519376 | These documents are similar to the facility plans attached to Scott Bennett's publicly filed declaration, Dkt. 312-1. These documents do not appear to include any information protectable under the protective order and should be de-designated. | Please identify the specific exhibits to Mr. Bennett's declaration and match it to the referenced bates number.  If it has indeed been attached, it will be dedesignated (and you could have used the one attached to the declaration). However, if what is attached cannot be matched to a specific bates number, it will not be dedesignated.  There is no reason why the public needs a map of the jail which poses security risks. | The parties agree that the facility plans are confidential. |
| 24 | SDSO Disciplinary Documents | SD_583985, SD_548180, SD_652477, SD_652871, SD_462197 | These documents do not appear to include information protectable under the protective order.  To the extent they include information protected by Penal Code 832.7, Plaintiffs propose redacting names and identifying information of the personnel alleged of misconduct.  These documents should be de-designated with that information redacted. | The documents will not be dedesignated.  They are subject to privacy rights that are not waivable and your statement that they are not subject to the protective order is made in bad faith. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |
| 25 | SDSO Directive and Policy Documents | SD_213158, SD_183103, SD_332209, SD_332206, SD_183086, SD_183099, SD_183068, SD_332199, SD_332197, SD_332212, SD_1579786 | These documents are directives and policy-related documents prepared by the Sheriff's Department.  They do not appear to include any information protectable under the protective order.  In addition, the Sheriff's Department presented publicly to CLERB on Aug. 13,2024 about the screening directive discussed in SD_1579786, and the presentation is available at CLERB's website. These documents should be de-designated. | All of the cited documents are drafts except 1579768.  1579786 will be designated.  The remainder will not pursuant to Govt. Code section 7922.000. | The parties agree on 1579786.  The parties disagree whether drafts are confidential. |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 26 | SDSO Trainings | SD_117968, SD_117977, SD_701523 | These are training documents that do not appear to include information protectable under the protective order. The Sheriff's Department makes training documents available online and also has agreed to de-designate other trainings. See, e.g., SD_117876, SD_117895. These documents should be de-designated. | 117968, 117977 will be dedesignated. | The parties agree on 117968, 117977. After the 9/26 meet and confer, Defendants agreed to reconsider the position on 701523. |
| 27 | SDSO Forms | SD_118072, SD_652078 | These are forms that the Sheriff's Department uses, and are analogous to the policies and procedures that the Sheriff's Department posts online and has produced without a confidentiality designation. The documents do not include any information that appears protectable under the protective order. In addition, the Sheriff's Department agreed to de-designate similar forms, such as the ADA Unit questionnaire. These documents should be de-designated. | 118072 and 652078 will be dedesignated | The parties agree. |
| 28 | Watch Commander Logs | SD_704672, SD_1521709, SD_1523959 | Plaintiffs propose redacting the names and booking numbers of incarcerated people in the watch commander logs. The logs do not otherwise appear to include any information protectable under the protective order. These documents should be de-designated with the above-described information redacted. | The documents will not be dedesignated. They contain employee names and assignments that alerts the public and IP's to the number of staff in specific areas placing both staff and IP's at risk. Redation is not feasible. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. The parties disagree whether employee names should be redacted. The parties disagree whether the staff information should be redacted. |
| 29 | MSD End of Shift/Daily Reports | SD_352331, SD_299693, SD_339644, SD_203047, SD_291380 | The only potentially protected information under the protective order are the names of incarcerated people. With those names redacted, the documents do not include individually identifiable health information and should be de-designated. | For reasons stated above, the Department will not agree to the public release of any private health information and redaction is not feasible. Removal of names and BN's only is not sufficient. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. The parties disagree whether employee names should be redacted. The parties disagree whether the staff information should be redacted. |
| 30 | SDSO Biweekly Area Report | SD_425751 | The only potentially protected information under the protective order are the names and booking numbers of incarcerated people. With those names redacted, this document should be de-designated. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). You will have to comply with the H&S code section to obtain any of the records. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |
| 31 | SDSO Daily Intelligence Brief | SD_639671 | Plaintiffs propose redacting the names, booking numbers, and other identifying information of incarcerated people and third parties. With those redactions, this document should be de-designated. | The information is dervied from JIMS. In addition it contains intelligence information which may compromise security and intelligence operations. There is no legitimate reason for designatino and it will not be dedesignated. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose, although Plaintiffs will consider specific information that Defendants contend compromises security and intelligence operations. |
| 32 | Detention Facility Plan | SD_417290 | This report does not include any information protectable under the protective order. In addition, a version of the document labeled SD_417290 was presented to the County Board of Supervisors and included in their public agenda materials on November 7, 2023. This document should be de-designated. | This document will be dedesignated. | The parties agree. |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 33 | Safety Check Log | SD_1090340 | This document does not appear to include any information protectable under the protective order.  In addition, Defendants did not designate as confidential safety check audit documents, which include the same type of information found in these logs.  See, e.g., SD_818778, SD_818786. This document should be de-designated. | the document will not be dedesignated.  It provides IP information about where they are housed which is a security issue and there is no overriding public need to have this type of information under Govt. code section 7922.000. | The patries disagree whether the document is confidential. |
| 34 | SDSO Housing Unit Reports | SD_118108, SD_120027 | These documents do not appear to include any information protectable under the protective order, and were included as part of the mass-tagged ESI production. These documents should be de-designated. | These documents will be dedesignated with "Module" column redacted. | The parties agree on de-designation with Defendants' proposed redactions. |
| 35 | Division of Inspectional Services Reports | SD_424197, SD_436462, SD_704518 | Plaintiffs propose redacting the names or identifying information of any incarcerated people and third parties.  With those redactions, the documents do not include any information protectable under the protective order and should be de-designated. | 424197 and 704518:  Please confirm that you represent all of the IP's involved and the IP entries will be redacted to remove all identifying information and de-designated.  Anything relating to employee injury alone will be redacted in it's entirety.  704518:  Please confirm that you represent all of the IP's identified and all identifying information will be redacted and produced. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose.  The parties disagree whether employee names should be redacted, although the parties agree with redacting information related to employee injury. |
| 36 | DIU Assault Weapons Drugs Reports | SD_440237, SD_444210 | These documents do not include any information protectable under the protective order and should be de-designated. | The information is sensitive in nature to security issues, possible methods of making weapons, investigative tactics and there is no overriding need for public disclosure under Govt. Code section 7922.000. | Defendants agreed to identify specific slides and/or information to redact for Plaintiffs' consideration. |
| 37 | Staffing Reports | SD_556542, SD_114288, SD_725946, SD_551333, SD_120294 | These documents are not encompassed by any of the categories in the protective order. Moreover, defendants have not designated other staffing reports confidential, including for example, SD_726781. These documents should be de-designated. | The documents will not be dedesignated. Allowing the public to see staffing levels presents a risk to staff and IP's.  There is no overriding public need for disclosure under Govt. Code section 7922.000. | Defendants agreed, subject to confirming with the client, that 114288, could be de-designated.  The parties disagree whether the other documents can be de-designated. |
| 38 | Incident Report Log | SD_113833 | Based on Plaintiffs' review, the only potentially protected information under the PO are the names, dates of birth, and booking numbers of incarcerated people.  With that information redacted, this documents should be de-designated. | All of the information is subject to the protective order and there is no feasible way to do redactions.   There is no overriding public need for disclosure under Govt. Code section 7922.000. | The parties disagree whether the document can be de-designated with Plaintiffs' proposed redactions. Plaintiffs understand Defendants' concerns about how practically to implement redactions and are open to discussion. |
| 39 | Pest Control Treatment Reports | SD_1470424-1471439 | These documents are not encompassed by any of the categories of confidential documents in the protective order.  Defendants also produced these same forms without the confidentiality designation. See, e.g., SD_725444. These documents should be de-designated. | These will be dedesignated. | The parties agree. |
| 40 | SDSO Population Totals Documents | SD_550500, SD_550532 | These documents simply include statistics about the Jail population and do not include any information protectable under the protective order. These documents should be de-designated. | These will be dedesignated. | The parties agree. |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 41 | Anonymized Rosters or Sick Call Sheets | SD_117762-117763, SD_1575979-1575980, SD_727539, SD_115606 | These are rosters or sick call sheets that do not include personal information. Accordingly, the documents do not incude information protectable under the protective order and should be de-designated. | These are not rosters or sick call logs. 117762 and 117763 with be designated with BN's redacted. 1575979 and 80 will be dedesignated with the CIN redacted. 727539 will be redated with all IP identifying information removed. 115696 will be dedesignated with all personal identifying information for both employees, contractors and IP's removed | The parties with de-designating the first four documents with booking numbers and CINs redacted. Plaintiffs agree with redacting names, IP booking numbers, and JIMS numbers from 727539 and 115606. The parties disagree about redacting employee and contractor information from 115606. |
| 42 | Rosters or Sick Call Reports with Names | SD_838061, SD_742289, SD_742290, SD_1575333, SD_117766, SD_724109, SD_630574, SD_117761, SD_117764, SD_1519379-1519380, SD_723737, SD_1517083, SD_1575978, SD_1575334, SD_165179, SD_727537, SD_727536, SD_727538, SD_727528, SD_727540, SD_115604, SD_115601 | Plaintiffs propose redacting the names and other individually identifiable information. With names and identifying information redacted, these documents do not include any information protectable under the protective order and should be de-designated. | Defendants will not de-designate without confirmation that all individuals on the list are Plaintiffs' clients and Plaintiffs provide written permission of the individuals to disclose their private health information. This is based upon their individual privacy rights and HIPPA and the Defendants do not have the right to dedesignate their records without their express permission on an individual basis even with redactions. There is no "redactions" exception to HIPPA. | The parties disagree whether the document can be de-designated with Plaintiffs' proposed redactions. |
| 43 | Jon Montgomery 30(b)(6) Deposition | Volume I, 66:7-87:10 | In Volume I of the transcript, Defendants designated as confidential discussions of incarcerated person deaths. The names and information about the deaths of the decedents are already made public by the Sheriff's Department. To the extent this information is not already public, there is a strong public interest in its disclosure. The entire transcript should be de-designated. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). You will have to comply with the H&S code section to obtain any of the records. | The parties disagree whether the testimony can be de-designated. |
| 44 | Occurrence Reports | SD_228274, SD_253189 | These documents are not encompassed by any of the categories in the protective order and should be de-designated. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). You will have to comply with the H&S code section to obtain any of the records. | The parties disagree whether the documents can be de-designated. |
| 45 | NaphCare Policies and Procedures for Jail | SD_183105, SD_183111 | These policy and procedure documents do not contain any information protectable under the protective order and should be de-designated. | These documents are the property of Naphcare and may be proprietary to Naphcare. Defendants will not be held responsible for public disclosure of records owned by third parties. Please obtain Naphcare's approval or provide a court order already deciding this issue in your favor. | Defendants will check with NaphCare. |
| 46 | Quality Assurance Presentations, Agendas, Minutes | SD_1579823, SD_1579825, SD_1579826, SD_733789, SD_735685, SD_733836, SD_729806, SD_735807, SD_121367 | These quality assurance reports do not include any information protectable under the protective order. In addition, Defendants have produced other quality assurance reports without a confidentiality designation. See, e.g., SD_114399, SD_114397, SD_108236, SD_114363, SD_114467, SD_114433, SD_114600. These documents should be de-designated. | Will be designated with any names redacted of either staff or IP's: 1579823, 25, 26, 733789 and 836, 735685 and 807, 729806 . 121367: Training is proprietary and will not be made public. REmoved 397975 from your list. | The parties disagree whether employee names should be redacted prior to de-designation of the documents. Defendants will check with their client on 121367. |
| 47 | Maintenance Spreadsheets | SD_579163, SD_579167, SD_115762, SD_591409, SD_591410, SD_427779 | These documents are not encompassed by any of the categories in the protective order and should be de-designated. | Will dedesignate 579163 and 167, 115762, 591409 and 410. 427779 is not a maintenance spreadsheet and will not be dedesignated as containing private medical information subject to HIPPA and privacy rights. | The parties agree as to the first five documents. The parties agree the sixth document is not a spreadsheet and that the document can be de-designated with IP-identifying information redacted. |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 48 | Infection Control Productivity Reports | SD_114335 | This document is not encompassed by any of the categories in the protective order. Moreover, Defendants did not designate confidential other, similar reports, including SD_114348 or SD_1519327. This document should be de-designated. | the document will be dedesignated after any IP information is removed.  It is hard to read in current format but there may be IP names/information contained in the document. | The parties agree. |
| 49 | Sheriff Patrol Spreadsheets | SD 1573095, SD 1573097, SD 1573096, SD 1573100, SD 1579680-87 | These spreadsheets do not include any individual identifying information or any other information protectable under the protective order, with the exception of address and location information in SD_1579680-87. Plaintiffs propose redacting the address information to protect the privacy of third parties. With that information redacted, these documents should be de-designated. | They will be dedesignated with all identifying information removed including case numbers, event numbers and unique identifiers. | The parties agree. |
| 50 | CLERB Complaint | SD_450449 | This document does not appear to include any information protectable under the protective order, and was included as part of the mass-tagged ESI production. This document should be de-designated. | Defendants cannot and will not agree to dedesignate the document.  It is a CLERB created and maintained document and prepared by a third party.  It is not Defendants' right to dedesignate. | The parties disagree whether the document can be de-designated. |
| 51 | Letters re: Treatment at Jail | SD_118472, SD_118454 | These documents do not appear to include any information protectable under the protective order, and were included as part of the mass-tagged ESI production.  In addition, SD_118454 shows the writer's intent to share the information widely, including with news organizations. These documents should be de-designated. | Defendants will not de-designate without confirmation that all individuals who authored the documents approve their de-designation and Defendants have no information about the intent of any of the drafters. | The parties disagree whether the documents can be de-designated. |
| 52 | SDSO Meeting Agendas and Rosters | SD_183088, SD_733277, SD_733606, SD_733632, SD_733612, SD_733581, SD_733643, SD_733588, SD_735473, SD_731369, SD_732823, SD_732809, SD_732834, SD_168053, SD_730546, SD_167863, SD_730772, SD_730756, SD_733307, SD_188571, SD_556276, SD_637671 | These meeting agendas and rosters do not include the names of individual incarcerated people, or any other information protectable under the protective order.  Defendants also did not designate confidential similar documents, such as SD_114396. These documents should be de-designated. | The description is inaccurate.  They include private medical information and are not generic agendas and rosters.  The documents will be dedesignated with all employee names and IP information including personal medical information redacted. | The parties disagree whether the document can be de-designated with Plaintiffs' proposed redactions.  The parties disagree whether employee names should be redacted. |
| 53 | Homicide Report | SD_442998 | Plaintiffs propose redacting the first two pages and otherwise de-designating this document, which discuss deaths of individuals not related to the Jail.  The information on the third page regarding deaths at the Jail is made public in the Sheriff's Department's CIRB summaries, at https://www.sdsheriff.gov/resources/transparency-reports. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv).  You will have to comply with the H&S code section to obtain any of the records. | The parties disagree whether the third page of the document can be de-designated. |
| 54 | Jail Dental Instrument Count and Services Reports | SD_729847, SD_729863, SD_729867, SD_730748, SD_733871, SD_729858, SD_729861, SD_729842, SD_729844, SD_729850, SD_729854, SD_731751, SD_729852, SD_729856, SD_729843, SD_729857, SD_729869, SD_729870, SD_729871, SD_729872, SD_730734, SD_729846, SD_732918, SD_732913 | These documents do not include any information protectable under the protective order and should be de-designated. | All will be designated (note that 729854 starts at 852. | The parties agree. |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 55 | Quality Assurance Studies | SD_733841, SD_730638, SD_733855, SD_735854, SD_735857, SD_729836, SD_729837, SD_735848, SD_729809, SD_729810, SD729812, SD_729813, SD_729815, SD_729816, SD_729818, SD729820, SD_729822, SD_729823, SD_729825, SD_729827, SD_729828, SD_729830, SD_729831, SD_729833, SD_729839, SD_729840, SD_732820 | These quality assurance studies do not appear to include any information protectable under the protective order. In addition, other non-confidential documents refer to the outcomes of quality assurance studies. See, e.g., SD_114399 at 114416. To the extent these studies include any names of incarcerated persons, Plaintiffs propose redacting those names. With those redactions, these documents should be de-designated. | 729836, 729837 and 735848 are Naphcare documents. Please obtain their consent. The remainder will be dedesignated but those with IP booking numbers will have the booking numbers redacted. | Defendants will check with NaphCare about the three documents identified by Defendants. The parties agree on the remainder. |
| 56 | Sick Call List | SD_320377 | Plaintiffs propose redacting the names, booking numbers, birth dates, and any identifying information of the incarcerated people in this document. With that information redacted, the document does not include any information protectable under the protective order and should be de-designated. | The document qualifies as a medical record subject to the individuals' names who appear and is subject to privacy rights and HIPPA. The document will not be dedesignated without specific HIPPA compliant authorization from each person identified. | The parties disagree whether the document can be de-designated with Plaintiffs' proposed redactions. |
| 57 | Photographs from Plaintiffs' Experts' Inspections of Jail Facilities (January, February, and May 2024) | SD_744817-745551, SD_745552-745562, SD_742639-743226, SD_743927-744689, SD_745563-745568, SD_745569-745587, SD_743227-743926, SD_983511-983520, SD_983521-983639, SD_983640-983835, SD_1579294-1579679, SD_1579007-1579293 | The parties agreed to a procedure for Defendants to redact any photos with class members' faces or other identifying features and to "remove any photos with content that compromises facility security" prior to production. Accordingly, these photographs are not encompassed by any of the categories that the protective order states merit protection as confidential or confidential - for counsel only. See Dkt. 400, ¶4a-b. In addition, Defendants attached jail photographs to public, unsealed filings in this case. See, e.g., Dkt. 312, Exs. E-G. | Releasing multiple photos of jails to the public is a security risk. The photos removed before productcion to Plaintiffs and their experts were of particular sensitivity but the photos were produced confidentially because allowing them to be released to the public enmass without any attempt to narrow to a specific photo allows the public to deduct locations, layouts and security measures in the jails. | The parties discussed potential compromises. Plaintiffs' proposal sent to Defendants earlier is in their position cell and noted by "9/30." |
| 58 | San Diego County Medical Examiner Reports | SD_25912, SD_337306, SD_055999, SD_1346, SD_1183, SD_25680, SD_25987, SD_25903, SD_337524, SD_55991, SD_337306, SD_55160, SD_42557, SD_45037, SD_41475, SD_53248, SD_339042, SD_55928, SD_332957, SD_1176, SD_25694, SD_1275, SD_1201, SD_55657, SD_55689, SD_25698, SD_1306, SD_55725, SD_161707, SD_1381, SD_26028, SD_55823, SD_1016, SD_1065, SD_55378, SD_1258, SD_55849, SD_1371, SD_26018, SD_1226, SD_55313, SD_1324, SD_721968, SD_1401, SD_336094, SD_336836, SD_1362, SD_1258, SD_50219, SD_1404, SD_50216, SD_25912, SD_25680, SD_1238, SD_1424, SD_62387, SD_1212, SD_1288, SD_1195, SD_1201, SD_335753 | The medical examiner makes the autopsy, investigative, and toxicology reports available to the public upon request: https://www.sandiegocounty.gov/content/sdc/me/copies.html. Plaintiffs obtained at least one autopsy report in this manner. In addition, the Sheriff's Department made at least one autopsy report public in a news release (March 2, 2023 news release titled "In-Custody Death Finding") and publishing Lonnie Rupard's autopsy on its website. The medical examiner reports produced by the Sheriff's Department already include redactions where appropriate. See, e.g., SD_337306. Accordingly, these documents do not fall under any of the categories in the protective order. | If an M.E.s report is publically available, please identify the specific bates numbered items that fall in this category and provide the publically available version to confirm. Those designations will be removed. Otherwise, based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv), you will have to comply with the H&S code section to obtain any of the records. | Defendants are following up with the medical examiner's office. |
| 59 | Sheriff's Department Detention Services Bureau Policies and Procedures | SD_1471452-1471498, SD_652967 | The Sheriff's Department's policies and procedures are posted on the Department's public website. These policies are not confidential. In addition, in other instances, the Sheriff's Department produced policies and procedures without a confidentiality designation, so these designations may have simply been an oversight. See, e.g., SD_115775-117760. | 1471486-490, 1471484-485, 1471480-483, 1471476-479, 1471468-474, 1471466-467, 1471460-1465, 1471458 (all pages), 1471495-1471497, 1471498-499, 1471491-1471494 will be dedesignated pursuant to Govt. Code section 7922.000 because there is no overriding reason for disclosure. | The parties agree on de-designation of the first range of documents. The parties disagree whether 652967 can be de-designated. |

| | A | B | C | D | E |
|---|---|---|---|---|---|
| 60 | Sheriff's Department Medical Services Division Operations Manual and Nursing Protocols | SD_125824-126211, SD_108159-108235, SD_169500, SD_171533 | The Sheriff's Department's MSD operations manual is posted on the Department's public website, as are the Standard Nursing Protocols. These policies are not confidential. In addition, in other instances, the Sheriff's Department produced policies and procedures including the manual without a confidentiality designation, so these designations may have simply been an oversight. See, e.g., SD_115775-117760. | 125824 and 126211 will be designated. 108159-108235 does not contain the entire manual and protocols. It includes quality assurance minutes. The pages that are policy will be dedesignated. The pages with QIC minutes will be dedesignated with names redacted. | The parties agreed on de-designation, with the understanding that Plaintiffs only seek to de-designate 108159-162 as a policy. QIC documents are addressed in the category above. |
| 61 | Publicly Available Reports (e.g., State Audit Reports, Sheriff's Department Progress Report re: State Audit, CLERB Annual Report) | SD_174792, SD_450504, SD_575471, SD_184479, SD_430109, SD_442416, SD_42129, SD_429423, SD_548298, SD_215361 | All of these reports and documents are available publicly. They therefore do not merit designation as confidential. | 42129 is a Homicide report which will not be dedesignated based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). You will have to comply with the H&S code section to obtain any of the records. Please use the publically available version of the State Auditor report because the entire report was not produced. chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://information.auditor.ca.gov/pdfs/reports/2021-109.pdf. Please send me the link to the public versions of 450504 (will be dedesignated), 548298 (it's Exhibit H to the agenda and will be dedesignated), 215361 will be dedesignated based upon your filing. Don't know what the San Diego article has to do with it? 429423 is not on the website. Please screen share during our meeting and show me where | Plaintiffs removed 42129, which was included in error. The parties agreed that the other documents will be de-designated. |

# PROOF OF SERVICE

**Dunsmore, et al v. San Diego County Sheriff's Department, et al.**
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 1 California Street, Suite 3050, San Francisco, CA 94111-5432.

On October 1, 2024, I served true copies of the following document(s) described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO MAINTAIN CONFIDENTIALITY DESIGNATIONS; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address dzepeda@bwslaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 1, 2024, at San Francisco, California.

_____
Daniel M. Zepeda

1

## SERVICE LIST

2

### *Dunsmore, et al v. San Diego County Sheriff's Department, et al.*
### USDC Southern District Case No. 3:20-cv-00406-AJB-DDL

3

4   Gay C. Grunfeld, Esq.                          *Attorneys for Plaintiffs and the Certified*
    Van Swearingen, Esq.                           *Class and Subclasses*
5   Michael Freedman, Esq.
    Eric Monek Anderson, Esq.
6   Hannah M. Chartoff, Esq.
    Benjamin W. Holston, Esq.
7   Kedra Chan
    Rosen Bien Galvan & Grunfeld LLP
8   101 Mission Street, Sixth Floor
    San Francisco, CA 94105-1738
9   Telephone: 415.433.6830
    Facsimile: 415.433.7104
10  Email: ggrunfeld@rbgg.com
    Email: vswearingen@rbgg.com
11  Email: mfreedman@rbgg.com
    Email: eanderson@rbgg.com
12  Email: hchartoff@rbgg.com
    Email: bholston@rbgg.com
13  Email: kchan@rbgg.com

14  Aaron J. Fischer, Esq.                         *Attorneys for Plaintiffs and the Certified*
    Law Office of Aaron J. Fischer                 *Class and Subclasses*
15  1400 Shattuck Square Suite 12 - #344
    Berkeley, California 94709
16  Telephone: 510.806.7366
    Facsimile: 510.94.6314
17  Email: ajf@aaronfischerlaw.com

18
    Christopher M. Young, Esq.                     *Attorneys for Plaintiffs and the Certified*
19  Isabella Neal, Esq.                            *Class and Subclasses*
    Oliver Kiefer, Esq.
20  DLA Piper LLP
    4365 Executive Drive, Suite 1100
21  San Diego, CA 92121
    Telephone: 858.677.1400
22  Facsimile: 858.677.1401
    Email: christopher.young@dlapiper.com
23  Email: isabella.neal@dlapiper.com
    Email: oliver.kiefer@dlapiper.com

24

25

26

27

28