GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br>    v.<br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br>    Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MAINTAIN CONFIDENTIALITY**<br><br>Judge: Hon. David D. Leshner<br>Date: October 10, 2024<br>Time: 10:15 a.m.<br>Crtrm.: Zoom |

[4580580.5]

Case No. 3:20-cv-00406-AJB-DDL

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO MAINTAIN CONFIDENTIALITY

# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................. 1

FACTUAL AND PROCEDURAL HISTORY ....................................................... 2

ARGUMENT .......................................................................................................... 3

I.   DEFENDANTS NEED NOT KEEP CONFIDENTIAL NON-INDIVIDUALLY IDENTIFIABLE MEDICAL INFORMATION ................. 4

II.   DEFENDANTS HAVE NOT JUSTIFIED THE WHOLESALE CONFIDENTIALITY OF DEATH-RELATED RECORDS ........................... 5

III.   THERE IS NOT GOOD CAUSE TO KEEP CONFIDENTIAL EMPLOYEE INFORMATION THAT DEFENDANTS ALREADY MAKE PUBLIC ................................................................................................ 7

IV.   DEFENDANTS DO NOT JUSTIFY THEIR DESIGNATIONS OF NAPHCARE AND SIMILAR DOCUMENTS ...................................... 8

V.   RECORDS DISCUSSING THE JAIL INFORMATION MANAGEMENT SYSTEM ("JIMS") ARE NOT CONFIDENTIAL ............ 8

VI.   THE DELIBERATIVE PROCESS PRIVILEGE DOES NOT APPLY ........... 8

VII.   DEFENDANTS' SAFETY AND SECURITY CLAIMS ARE SPECULATIVE AND NOT SPECIFIC ......................................................... 9

VIII.  ADDITIONAL CATEGORIES ................................................................... 10

IX.   DEFENDANTS DID NOT ADDRESS ALL DOCUMENTS ...................... 10

CONCLUSION ..................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Am. C.L. Union Found. of S. Cal. v. U.S. Immigr. & Customs. Enf't*,
  No. 2:22-cv-04760-SHK, 2024 WL 3370532 (C.D. Cal. July 8, 2024) ........... 6

*Comm'n on Peace Officer Stds. & Training v. Super. Ct.*,
  42 Cal. 4th 278 (2007) ................................................................................... 7

*Contratto v. Ethicon, Inc.*,
  227 F.R.D. 304 (N.D. Cal. 2005) .................................................................. 9

*Estate of Serna v. Cnty. of San Diego*,
  689 F. Supp. 3d 848 (S.D. Cal. 2023) ........................................................... 9

*Estate of Serna v. Cnty. of San Diego*,
  No. 20-cv-2096-BAS-DDL, 2024 WL 3564460 (S.D. Cal. May 13, 2024) ........................................................................................................ 3, 5, 6

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ...................................................................... 3

*Humphreys v. Regents of Univ. of Cal.*,
  No. C-04-03808-SI (EDL), 2006 WL 3302444 (N.D. Cal. Nov. 14, 2006) ............................................................................................................ 3

*In re Roman Catholic Archbishop of Portland in Oregon*,
  661 F.3d 417 (9th Cir. 2011) .................................................................... 1, 3

*Johnson v. Coos Cnty.*,
  No. 6:19-CV-01883-AA, 2023 WL 3994287 (D. Or. June 14, 2023) .............. 3

*Lifschutz v. Am. Bd. of Surgery*,
  No. EDCV 14-1762-FMO (SPx), 2015 WL 13916604 (C.D. Cal. Apr. 24, 2015) ............................................................................................... 4

*Long Beach Police Officers Ass'n v. City of Long Beach*,
  59 Cal. 4th 59 (2014) .................................................................................... 7

*Marsh v. Cnty. of San Diego*,
  No. 05-CV-1568-JLS-AJB, 2007 WL 3023478 (S.D. Cal. Oct. 15, 2007) ............................................................................................................ 6

*San Jose Mercury News, Inc. v. U.S. Dist. Ct.*,
  187 F.3d 1096 (9th Cir. 1999) ...................................................................... 3

*Snyder v. Enter. Rent-A-Car Co. of S.F.*,
  392 F. Supp. 2d 1116 (N.D. Cal. 2005) ...................................................... 10

*Way v. Taco Bell Corp.*,
    No. SACV 07-1266 CJC (SSx), 2008 WL 11338769 (C.D. Cal.
    Oct. 31, 2008) ...................................................................................................... 9

**STATUTES**

Cal. Health & Safety Code § 123100 ........................................................................ 4

Cal. Penal Code § 832.10 .................................................................................... 5, 7

Cal. Penal Code § 832.7 ............................................................................................ 7

Cal. Penal Code § 832.8 ............................................................................................ 7

**REGULATIONS**

45 C.F.R. § 160.103 .................................................................................................. 4

45 C.F.R. § 164.512 .................................................................................................. 4

45 C.F.R. § 164.514 .................................................................................................. 4

# INTRODUCTION

Under Federal Rule of Civil Procedure 26 and prevailing Ninth Circuit authority, the presumption is that documents produced in discovery are available for public inspection. *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417 (9th Cir. 2011). As this Court has recognized, including in this case, a party seeking to keep documents confidential bears the burden to overcome that presumption with a showing of good cause. The Court must also consider the public interest in disclosure, which is heightened when a public entity is involved, and even more so here, where Plaintiffs seek to end unconstitutional jail conditions of long-standing duration.

Defendants' Motion to Maintain Confidentiality Designations, Dkt. No. 724 attempts to turn the presumption of public access on its head. Defendants produced tens of thousands of documents with blanket, often unwarranted, confidentiality designations, which made secrecy the default and put the burden on Plaintiffs to challenge the designations. As a result, Plaintiffs' most critical evidence, the 20 expert reports served since August 21, 2024, are almost without exception marked "Confidential" and "Confidential – for Counsel Only," as it would be impossible to redact around Defendants' excessive confidentiality designations.

Defendants' Motion fails to meet their burden to justify keeping large swaths of documents and information secret. For example, Defendants ignore this Court's prior ruling permitting disclosure of NaphCare's decedent records with appropriate redactions. Defendants fail to appreciate that discussions of medical care can be disclosed with identifying information redacted. For other document categories, Defendants take overbroad and blanket positions, mischaracterize the underlying documents, and even fail to state positions. Plaintiffs respectfully request an order denying Defendants' motion and removing the confidentiality designations with the targeted redactions that Plaintiffs propose.

# FACTUAL AND PROCEDURAL HISTORY

A large majority of documents that Defendants produced in this case were designated Confidential or Confidential – For Counsel Only.  For example, on December 21, 2023, Defendants made an ESI production of 71,509 documents—a majority of the documents produced in this case—**all marked confidential**, without any apparent consideration whether the documents were in fact confidential.  Declaration of Gay Crosthwait Grunfeld ("Grunfeld Decl."), ¶ 4.  Defendants also blanket-designated numerous other productions.  *Id.*  As able, Plaintiffs' counsel attempted to object to the confidentiality of individual documents or sets of documents, all of which Defendants agreed were not confidential.  *Id.*, ¶¶ 7–8.

On August 22, 2024, Plaintiffs advised Defendants that Plaintiffs would be objecting to the confidentiality designations of documents considered by Plaintiffs' experts.  Grunfeld Decl., ¶ 10.  The Court set a schedule for the parties to exchange positions, meet and confer, and brief the issue if necessary.  Dkt. 713.  The Court's Order also stated in part that the opposition, if any, "must be accompanied by a declaration from counsel regarding time spent on the opposition, and counsel's hourly rate." *Id.*

After an extension for Defendants to provide their positions, the parties held a two-hour meet and confer call on September 25, 2024, after which Plaintiffs sent authority on the non-confidentiality of public employee names and also made compromise proposals.[1]  Grunfeld Decl., ¶ 12, Ex. F.  Defendants then filed their motion on October 1, 2024, without attaching any documents they seek to keep confidential.  Dkt. 724 ("Defs.' Mot.").  Defendants' chart ("Chart") also appears to accidentally omit portions of cells.  *See, e.g.*, Row 6.  Plaintiffs provide a Word version of the chart with all text in the rows visible.  Grunfeld Decl., Ex. A.

---

[1] To date, Defendants have not responded to Plaintiffs' compromise proposals.

# ARGUMENT

Documents produced in litigation are "presumptively public." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999); *accord Estate of Serna v. Cnty. of San Diego*, No. 20-cv-2096-BAS-DDL, 2024 WL 3564460, at *2 (S.D. Cal. May 13, 2024). To rebut that presumption, Defendants bear the burden "for each particular document [they] seek[] to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning"—like those advanced by Defendants here—"do not satisfy the Rule 26(c) test." *In re Roman Catholic*, 661 F.3d at 424 (citation and quotation marks omitted). For example, Defendants assert that they cannot divulge public employee names in any documents, but their position is contradicted by case law and Defendants' own actions in releasing such material through Public Records Act requests. In blanket-designating documents in production, Defendants offloaded the task of assessing confidentiality to Plaintiffs and now to the Court. *Cf. Humphreys v. Regents of Univ. of Cal.*, No. C-04-03808-SI (EDL), 2006 WL 3302444, at *2 (N.D. Cal. Nov. 14, 2006) (imposing monetary sanctions because "Defendants' overdesignation of documents as confidential needlessly caused extensive litigation that was extremely time-consuming and burdensome for the parties and for the Court").

Even if there is a showing of "particularized harm" for any of the information at issue, the Court still must engage in a balancing test, weighing the public interest in disclosure against any privacy interest. *See In re Roman Catholic*, 661 F.3d at 424 & n.5. The public interest favors disclosure here, as the public has a strong interest in knowing how its government is running the Jail. *Johnson v. Coos Cnty.*, No. 6:19-CV-01883-AA, 2023 WL 3994287, at *3 (D. Or. June 14, 2023) (finding that even a private entity's documents related to a jail were "certainly relevant to public safety" and "implicate issues important to the public"). Plaintiffs have

proposed redactions consistent with the Court's prior orders and other case law. *Cf. In re Roman Catholic*, 661 F.3d at 425.

## I. DEFENDANTS NEED NOT KEEP CONFIDENTIAL NON-INDIVIDUALLY IDENTIFIABLE MEDICAL INFORMATION

With respect to documents discussing medical information, including expert reports, Plaintiffs propose redactions consistent with HIPAA to remove individually identifying information, such as names, dates of birth, social security numbers, and booking numbers, from discussions of class members' medical care. *See, e.g.*, Chart, Row 5; *cf.* Defs.' Mot. at A, D. Plaintiffs do not, as Defendants claim, seek to distribute individuals' medical records to the press. HIPAA protects "individually identifiable health information"—defined as health information that either "identifies the individual" or where "there is a reasonable basis to believe the information can be used to identify the individual." 45 C.F.R. § 160.103; 164.514. Thus, "[r]edacting individual patient identification information addresses the legal restrictions on disclosure of patient health information." *Lifschutz v. Am. Bd. of Surgery*, No. EDCV 14-1762-FMO (SPx), 2015 WL 13916604, at *4 (C.D. Cal. Apr. 24, 2015) (addressing arguments under both HIPAA and the California Medical Information Act, cited by Defendants). Further, HIPAA permits disclosure pursuant to a court order, 45 C.F.R. § 164.512(e), as this Court has addressed in ordering disclosure of some health-related information in NaphCare decedent records. Transcript of September 3, 2024 Hearing ("Sept. 3, 2024 Tr.") at 10.

Defendants cite to a health and safety code section that states that "every person having ultimate responsibility for decisions respecting his or her own health care also possesses a concomitant right of access to complete information respecting his or her condition and care provided." Cal. Health & Safety Code § 123100. That provision says nothing about disclosure. Defendants acknowledge that courts can order disclosure as Plaintiffs propose, Defs.' Mot. at 3, and never address why removal of identifying information is insufficient. Plaintiffs' approach is consistent

1  with that used in other corrections and detentions cases, where expert reports and
2  pleadings redact the names of class members to protect their identity while allowing
3  disclosure of underlying medical care discussions—which are critical to public
4  understanding of Jail operations.  *See, e.g.*, Grunfeld Decl., Exs. G, H.  Although
5  Defendants produced the documents pursuant to the Amended Protective Order, that
6  protective order provides for this very procedure of challenging confidentiality when
7  warranted.  *See* Dkt. 400 at ¶ 13; *cf. Serna*, 2024 WL 3564460, at *2 (rejecting
8  contention that general language in protective order foreclosed any challenge to
9  confidentiality, as that would be "at odds with controlling Ninth Circuit authority").

## II. DEFENDANTS HAVE NOT JUSTIFIED THE WHOLESALE CONFIDENTIALITY OF DEATH-RELATED RECORDS

Defendants also seek to keep secret the entirety of Sheriff's Office records relating to decedents at the Jail.  *See* Defs.' Mot. at B.  In this case, after Plaintiffs challenged the confidentiality of third-party NaphCare's documents related to deaths at the Jail, the Court ordered disclosure with redactions.  *See* Dkt. 709.  Defendants do not make any attempt to address how the instant records are distinguishable from the NaphCare records.  Nor—despite Plaintiffs' repeated citation to the statute in the Chart—do Defendants address that California law makes available as a public record "any record relating to an investigation conducted by the local detention facility involving a death incident maintained by a local detention facility."  Cal. Penal Code § 832.10(b).  That provision allows for limited redactions, consistent with those Plaintiffs propose.  *Id.* at § 832.10(c)(2).  If these documents are available as public records, there is no logical reason to keep them secret when produced in litigation.  Defendants' citations to outdated FOIA cases reciting only general principles yield to the specific provisions of Penal Code § 832.10.  Defendants also seek to keep even the names of decedents secret, but the Sheriff's Office posts summaries on its website that discuss the name, personal information, and nature of death of individuals in its custody.  Grunfeld Decl. ¶ 17 & Ex. I; *see also Serna*,

2024 WL 3564460, at *4 (noting that the Sheriff's Office's release of information about in-custody deaths "weighs against a finding of particularized harm for releasing that same information" in other documents).

Further, the documents contain not only information about the decedents, but also critical information related to the person's death and whether Sheriff's Office shortcomings contributed to the death – information which the public has a strong interest in knowing. As an example, the relevant 30(b)(6) testimony that Defendants seek to keep confidential refers almost entirely to the Sheriff's Department's own processes and potential shortcomings with respect to a death, rather than to an individual decedent's medical condition. *See* Grunfeld Decl., Ex. J. Although the death investigation records may include some medical information, "an individual's privacy rights with regard to medical records is diminished after death." *Marsh v. Cnty. of San Diego*, No. 05-CV-1568-JLS-AJB, 2007 WL 3023478, at *3 (S.D. Cal. Oct. 15, 2007); *see also Am. C.L. Union Found. of S. Cal. v. U.S. Immigr. & Customs. Enf't*, No. 2:22-cv-04760-SHK, 2024 WL 3370532, at *13 (C.D. Cal. July 8, 2024) (ordering public release of information about decedents' medical condition in ICE custody because it was "sufficiently important to the public's understanding of how Defendants handle the care of sick detainees"). To the extent the decedent records include medical information, Plaintiffs propose redacting information about specific prior diagnoses or medications that is not related to the person's death. But some information about a person's medical condition is necessary to understanding why they died. That information is made public in autopsy reports, like a recent report finding that a diabetes patient died by homicide because he did not receive adequate care at the Jail. Grunfeld Decl., Ex. K.

Regarding the CIRB reports, production pursuant to a protective order does not waive Plaintiffs' position, as that protective order provides for this very procedure of challenging confidentiality when warranted. *See* Dkt. 400 at ¶ 13; *cf. Serna*, 2024 WL 3564460, at *2. Plaintiffs recognize that the Court may

nonetheless wish to defer consideration of the confidentiality of CIRB documents until the Ninth Circuit's decision in *Greer*.

### III. THERE IS NOT GOOD CAUSE TO KEEP CONFIDENTIAL EMPLOYEE INFORMATION THAT DEFENDANTS ALREADY MAKE PUBLIC

The law is settled that public employee names are subject to disclosure. Defendants cite no contrary authority, nor do they explain why they have repeatedly taken contrary actions in disclosing their employees' names in response to Public Records Act requests. State law specifically exempts from protection the names of peace officers. *Long Beach Police Officers Ass'n v. City of Long Beach*, 59 Cal. 4th 59 (2014) (California peace officer names are not protected peace officer personnel records pursuant to California Penal Code §§ 832.7 and 832.8, and are subject to disclosure under the California Public Records Act); *see also Comm'n on Peace Officer Stds. & Training v. Super. Ct.*, 42 Cal. 4th 278 (2007) (holding that California peace officer names, employing departments, and employment dates are subject to disclosure). The Court in *Long Beach* noted the only limitation on disclosing an officer's name is certain personnel matters, 59 Cal. 4th at 73, where Plaintiffs agree (Row 24) that the officer's name and any non-Jail-related misconduct should be redacted. In addition, the case Defendants ignore – *Commission on Peace Officer Standards* – held that names are disclosable in a case that concerned no alleged misconduct, 42 Cal. 4th at 284, contra to Defendants' argument. California Penal Code section 832.10, discussed above, specifically states that an officer's name and work-related information are **not** confidential in connection with a death record. California Penal Code section 832.10(b), (c)(1)-(2).

Consistent with that authority, in response to Public Records Act requests submitted by Plaintiffs' counsel, the Sheriff's Office produced hundreds of pages of emails with staff names included, which Plaintiffs shared with Defendants in discovery. *See* Grunfeld Decl. ¶ 20 and Ex. L. Moreover, when Plaintiffs sought to attach some Sheriff's Office emails to a motion and objected to their confidentiality,

Defendants agreed the documents were not confidential without any redactions. Grunfeld Decl., Ex. C; *see* Dkt. 621-2, Exs. E, G, H, I, K. To the extent Defendants are worried about unidentified "false reports" by the press and Plaintiffs, Chart at Row 2, disclosure promotes accuracy.

### IV. DEFENDANTS DO NOT JUSTIFY THEIR DESIGNATIONS OF NAPHCARE AND SIMILAR DOCUMENTS

Again, Defendants attempt to flip the burden by claiming that **Plaintiffs** must negate Defendants' designation of documents authored by third party NaphCare and a parent complaining about his son's care at the Jail. Defs.' Mot. at E, K. That is wrong. Defendants must have a basis for designating the documents confidential, such as affirmative information from NaphCare. Here, the NaphCare emails relate to Corrective Action Notices, which Defendants agreed earlier in this case are public. Grunfeld Decl., Ex. C. That renders not credible Defendants' claims that NaphCare might sue for "libel." Regarding the Row 51 letters, the family member refers to sending the information to multiple news organizations, SD_118456, which demonstrates an intent for the information to be public. Grunfeld Decl., Ex. M.

### V. RECORDS DISCUSSING THE JAIL INFORMATION MANAGEMENT SYSTEM ("JIMS") ARE NOT CONFIDENTIAL

Plaintiffs challenge the confidentiality of a memorandum that discusses fields in the Jail Information Management System ("JIMS"). Grunfeld Decl., Ex. N. Defendants' publicly available policies and procedures also discuss numerous JIMS fields and how custody staff should enter information in JIMS. *See, e.g.*, Grunfeld Decl., Ex. O. Plaintiffs are not seeking to "record" JIMS as Defendants suggest, and Defendants' vague references to an unattached memorandum do not justify how the particular information **in these documents** must be kept secret.

### VI. THE DELIBERATIVE PROCESS PRIVILEGE DOES NOT APPLY

Defendants' blanket reliance on the deliberative process privilege is misplaced. Deliberative process is a **privilege** that is cited to prevent production of

materials, but Defendants produced these documents without ever asserting that privilege. *See Estate of Serna v. Cnty. of San Diego*, 689 F. Supp. 3d 848, 866–67 (S.D. Cal. 2023) (rejecting County argument that deliberative process prohibited production of documents). The argument is thus waived. Regardless, the privilege is a qualified one, and these documents do not reflect the debate among officials that may permit application of the privilege. For example, one document discusses "Roles in MAT"; nothing in the document indicates it is a draft, nor does it appear to reflect any discussion among officials. Grunfeld Decl., Ex. P; *see also Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 311 (N.D. Cal. 2005) (finding no good cause to keep confidential a draft of a letter).

## VII. DEFENDANTS' SAFETY AND SECURITY CLAIMS ARE SPECULATIVE AND NOT SPECIFIC

Defendants also claim safety and security concerns, but their speculative assertions are unsupported by any evidence such as a declaration from a Sheriff's Office staff person. *See* Defs.' Mot. at H, I, J. For example, Defendants assert that past Jail staffing information jeopardizes safety because incarcerated people may know where staffing is low, but this is **historical** staffing data. *Way v. Taco Bell Corp.*, No. SACV 07-1266 CJC (SSx), 2008 WL 11338769 (C.D. Cal. Oct. 31, 2008) (finding that release of historical information would not cause particularized harm). Staffing information from specific dates in 2023 does not provide information about current assignments. The Sheriff herself also stated days ago that the Sheriff's Office is short-staffed in the Jails. Grunfeld Decl., Ex. Q. Plaintiffs agree that some information in the Category 31 and 36 documents, such as the nature of weapons, merits protection. Otherwise, the documents include compiled data about assaults and overdoses in the Jail that reveal no security issues and are important for the public to know. *See, e.g.*, Grunfeld Decl., Ex. R. Defendants' subsection I refers to documents disclosing specific locations of incarcerated people, but provides no information about what documents are at issue and Plaintiffs are unable to

respond.

## VIII.  ADDITIONAL CATEGORIES

As to Category 38, Plaintiffs disagree that employee names are confidential, so they do not need to be redacted in this document.  If Defendants have practical concerns about redaction, the parties can agree to a sensible process.  As to Category 50, Defendants assert "CLERB takes a very strict view of what can and cannot be publicly disclosed," but provide no evidence.  The complaint appears to have been shared with the *Union-Tribune*.  Grunfeld Decl., Ex. S.

## IX.  DEFENDANTS DID NOT ADDRESS ALL DOCUMENTS

Defendants' motion fails to address multiple categories of documents. Plaintiffs thus seek an order adopting their positions, including:

- **Email correspondence (row 6):**[2]  Plaintiffs propose redactions to class member identifying information as necessary.
- **Autopsy reports (row 58):**  These are not confidential, as an "autopsy report is public record under California law." *Snyder v. Enter. Rent-A-Car Co. of S.F.*, 392 F. Supp. 2d 1116, 1120 & n.3 (N.D. Cal. 2005).
- **Photographs (row 57):**  The parties agreed on an inspection protocol that should have addressed Defendants' concerns.  Grunfeld Decl., Ex. T. Nonetheless, Plaintiffs proposed a compromise, and have not received a response from Defendants.  Grunfeld Decl., ¶ 12, Ex. F.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion, allowing public access to the documents in the chart with limited redactions as Plaintiffs propose.

---

[2] If Defendants claim that they did not address these documents because the row includes documents that are not emails, Plaintiffs' hours of work to categorize the challenged documents that Defendants should have reviewed in the first place made it easier for Defendants to respond.  Grunfeld Decl., ¶ 13.  If Defendants thought the categories were inappropriate, they should have stated their position on the merits.

| | | |
|---|---|---|
| 1 | DATED: October 8, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | ROSEN BIEN GALVAN & GRUNFELD LLP |
| 4 | | By: */s/ Gay Crosthwait Grunfeld* |
| 5 | |      Gay Crosthwait Grunfeld |
| 6 | | Attorneys for Plaintiffs and the Certified Class and Subclasses |