GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:   (415) 433-6830
Facsimile:    (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,

Defendants.

Case No. 3:20-cv-00406-AJB-DDL

**JOINT STATUS REPORT RE DEFENDANTS' MOTION TO MAINTAIN CONFIDENTIALITY (DKT. 724)**

Magistrate: Hon. David D. Leshner

Pursuant to the Court's October 10, 2024 Order, Dkt. 731, the parties hereby submit this joint status report regarding Defendants' Motion to Maintain Confidentiality, Dkt. 724.

## I. THE PARTIES HAVE REACHED AGREEMENT ON CERTAIN ISSUES IN THE PRIOR BRIEFING

Per the Court's order, the parties revised the Chart (attached hereto as Exhibit A) to remove all documents and categories where the parties agreed that the confidentiality designation will be removed or agree that documents will remain confidential. The Chart now includes only documents and categories where the parties dispute whether the documents are confidential, or dispute the scope of redactions necessary to remove the confidentiality designation. The parties, where applicable, have made minor changes to the position statements in the Chart.

Based on the revised Chart, the Court can disregard, either in whole or in part, the following disputes in the briefs, as the documents are no longer at issue:

- NaphCare documents (Mot. at 8; Opp. at 8). Defendants agree the documents are not confidential after confirming with Naphcare.

- JIMS Records (Mot. at 8-9; Opp. at 8); Defendants made this argument for documents in Category 8 (SDSO Memoranda) and Category 31 (SDSO Daily Intelligence Brief). Defendants agree the document in Category 8 does not contain JIMS information and is thus not confidential. The dispute remains as to the one document in the SDSO Daily Intelligence Brief category.

- Autopsy Reports (Opp. at 10): Defendants agree the documents are not confidential as redacted by the Medical Examiner's Office.

Otherwise, the issues raised in the parties' briefs remain in dispute.

## II. THE PARTIES ARE PROVIDING EXAMPLE DOCUMENTS FOR THE COURT'S REVIEW

Pursuant to the Court's order, the parties are also with this joint status report lodging under seal examples of each category of remaining disputed documents. Below is a table identifying the category and the example document provided.

For some categories, the parties each provide examples, as noted below in the

Chart.  Plaintiffs have also proposed redactions to documents where applicable.

Plaintiffs' proposed redactions are in yellow.

| Category in Chart | Example Document(s) |
|---|---|
| SDSO Inspection Reports | Ex. A to Anderson Declaration – SD_583777 |
| Grievances | Ex. B - SD_841287 |
| Class Member Medical Records | Ex. C - SD_1003418 (excerpt)[1], Excerpt of Stewart Report |
| SDSO Email Correspondence | Ex. D - SD_556275 (Plaintiffs), Ex. E - 113706, 444419, 440432, 661900, 661747 (Defendants) |
| SDSO Texts and Teams Messages | Ex. F - SD_1525701, SD_1572826 |
| CLERB Decedent Reports | Ex. G - SD_50653 |
| Decedent Custody Records | Ex. H - SD_704804 (excerpt); 704804 |
| Dr. Montgomery Statements re: Decedents | Ex. I - SD_252598 (Plaintiffs), Ex. J - 55712 (Defendants) |
| Homicide Unit Report re: Decedents | Ex. K - SD_722730 (excerpt); SD_722730 |
| Decedent Case Review PowerPoints | Ex. L - SD_337297 |
| Area Activities Summary for Decedents | Ex. M - SD_710839 (excerpt) |
| Rescue Reports for Decedents | Ex. N - SD_232684 |

---

[1] Plaintiffs include an excerpt of the document here as an exemplar, but seek to de-designate the entire document.  Defendants disagree with including excerpts as exemplars.

| Incident Reports for Decedents | Ex. O - SD_710852 (excerpt); 710852 |
|---|---|
| Corrective Action Plan | Ex. P - SD_704026 |
| SDSO Notes | Ex. Q - SD_120522 |
| Disciplinary Documents | Ex. R - SD_583985 (Plaintiffs), Ex. S - 652871 (Defendants) |
| SDSO Directives and Policy | Already supplied; Ex. P to 10/08/2024 Grunfeld Declaration |
| Watch Commander Logs | Ex. T - SD_704672 (excerpt); 704672 |
| End of Shift Reports | Ex. U - SD_352331 (excerpt) (Plaintiffs), Ex. V - ; 352331; 291380 (Defendants) |
| SDSO Semiweekly Reports | Ex. W - SD_425751 |
| Intelligence Brief | Ex. X - SD_639671 |
| Safety Check Log | Ex. Y - SD_1090340 (excerpt) |
| Division of Inspectional Services Report | Ex. Z - SD_424197 |
| Detention Investigation Unit Assault Weapons Drugs Reports | Ex. AA - SD_440237 (Plaintiffs), Ex. BB - 444210 (Defendants) |
| Staffing Documents | Ex. CC - SD_551333 |
| Incident Report Log | Ex. DD - SD_113833 (excerpt); Raney Expert Report (excerpt), ; 113833 |
| Roster/Sick Call Log | Ex. EE - SD_115606 (excerpt); 115606 |
| Montgomery 30(b)(6) Deposition | Already supplied; Ex. J to 10/08/2024 Grunfeld Declaration |
| SDSO Occurrence Reports | Ex. FF - SD_228274 |

| Quality Assurance Presentations, Agendas, Minutes | Ex. GG - SD_733789 (Plaintiffs), Ex. HH - SD_1579823 (Defendants) |
|---|---|
| CLERB Complaint | Ex. II - SD_450449 |
| Letters re: Treatment at Jail | Already supplied; Ex. M to 10/08/2024 Grunfeld Declaration |
| SDSO Meeting Agendas and Rosters | Ex. JJ - SD_183088 (Plaintiffs), Ex. KK - 733277 (Defendants) |
| Homicide Report | Ex. LL - SD_442998 |
| Sick Call List | Ex. MM - SD_320377 |
| Photographs | Ex. NN - Excerpt from Stewart Report (Plaintiffs), Ex. OO - entire Sanossian Report with all exhibits(Defendants) |
| Detention Services Bureau Policies and Procedures | Ex. PP - SD_652967 |

## III.  PARTIES' POSITIONS

Below, the parties offer brief additional argument about their positions.

### A.  Defendants' Position

The vast majority of the confidentiality designations being fought by Plaintiffs are appropriate. The question before the Court is whether the proper designations should be removed so that sensitive information can be published to the public either through media or otherwise. Defendants' positions have not changed since the briefing although the parties were able to resolve additional items removed from the chart submitted with the motion between the filing of the motion and now. Defendants intentionally do not repeat their legal arguments in this status report as Plaintiffs have done as being repetitive and not requested by the Court.

B.     **Plaintiffs' Position**

Although many categories of documents are at issue in Defendants' motion due to the breadth of their confidentiality designations, the issues for the Court to decide are generally consistent across the documents.  First, Defendants seek to keep confidential information about medical care at the Jail, even where Plaintiffs propose redactions to any individually identifying information about the person receiving care.  Second, with respect to numerous documents related to people who have died at the Jail, Defendants seek to keep those entirely secret even though (1) Defendants themselves make public information about the identities of people who died at the Jail and their manner of deaths; (2) autopsy reports are public records; and (3) California law (Penal Code section 832.10) makes investigations into Jail deaths available as public records.  Plaintiffs propose redactions to those decedent records consistent with this Court's prior rulings on NaphCare death records and with Penal Code 832.10.  Third, for the remainder of the documents, which generally include internal emails, internal reports, and other documents, Plaintiffs agree that incarcerated person identifying information should be redacted where present.  Plaintiffs have also agreed to redactions to protect specific security-sensitive information, such as photographs showing methods of creating jail-made weapons and specific locations where video coverage is poor or missing.  Otherwise, Defendants' generalized and speculative concerns described in their brief in support of the Motion and the Chart are insufficient to meet their burden to show good cause under Rule 26.

Plaintiffs below discuss several discrete issues.

**Photographs:**  This issue is illustrative of Defendants' inconsistent and speculative arguments about Jail security.  As noted in the Opposition, Plaintiffs made a compromise proposal in late September, which would have limited the photographs disclosed to those in the expert reports, but had not heard back from Defendants at the time of the Opposition.  Defendants responded on October 16,

2024 and continued to maintain that numerous photographs in the expert reports are confidential.

Plaintiffs disagree. The photographs in question were taken as part of Plaintiffs' experts' inspections of the jail facilities in January, February, and May 2024. Prior to the inspections, the parties agreed on a protocol for Defendants to first review any photographs, which Plaintiffs attached to the Opposition. *See* Dkt. 728-1, Ex. T (protocol). As part of the protocol, Defendants were entitled to "remove any photos with content that compromises facility security." *Id.* The photographs in Plaintiffs' experts' reports that Plaintiffs are challenging were not removed. It is contradictory for Defendants to now claim security concerns over those photographs. The photographs themselves, as shown in the example, are anodyne photographs of individual housing units. *See* Stewart Report Excerpts, Ex. NN to Anderson Declaration. To the extent Defendants contend a person in the Jail could formulate an escape plan based on these photographs, the photographs provide no new information because people incarcerated are obviously familiar with what the photographs show. To the extent Defendants contend that a person not currently incarcerated could formulate an escape plan, it is entirely speculative how these interior photographs could help a person generate such a plan. We are aware of no authority or example of photographs like those cited in Plaintiffs' expert reports being found to pose a security risk, and Defendants have cited none. To the contrary, the United States Supreme Court's opinion in *Brown v. Plata*, 563 U.S. 493 (2011), includes multiple similar interior photographs of California prisons. *See id.* at 546-59.

Moreover, information like that the photographs show is already available to the public. For example, the Sheriff's Office has on its public website a video from inside Las Colinas Detention and Reentry Facility: https://www.sdsheriff.gov/bureaus/detention-services-bureau/preventing-jail-suicides. In this litigation, the Sheriff's Office filed on the public docket

photographs of the interior of the jail, Dkt. 312, Exs. E-G, and also layouts of facilities.  Dkt. 312, Ex. A.  The Disability Rights California report on inadequate suicide prevention practices in the Jail, which is available to the public online and also was filed in this case, includes multiple interior photos of the Jail.  *See, e.g.*, Dkt. 119-3, Ex. F, at 14, 18, 20; also available at https://www.disabilityrightsca.org/public-reports/san-diego-jail-suicides-report. Plaintiffs' Third Amended Complaint also includes photographs of the interior of jail cells.  The photographs used by the experts provide key evidence and context for their opinions and should be able to be disclosed publicly.  Plaintiffs disagree that it is necessary for the Court to review the entirety of the Sanossian Report to evaluate Defendants' claims about the confidentiality of photographs.

**CIRB Records**:  Defendants insisted on removing the arguments for this category from the Chart.  Although the Court indicated at the October 10, 2024 hearing how it *may* address these documents, this category currently remains in dispute. Plaintiffs maintain their position that the CIRB records should be made available for public review, subject to redactions consistent with those in the other decedent records.

**Decedent Records**:  Subsequent to the briefing, in which Plaintiffs cited authority that autopsy reports are public records, Opp. at 10, Defendants agreed that autopsy reports are not confidential.  As discussed in prior briefing, and as demonstrated in the autopsy report attached to Plaintiffs' Opposition, Dkt. 728-1, Ex. K, autopsy reports of people who died at the Jail include considerable information about the person's medical history and the circumstances of their deaths, with minimal redactions.  This further weighs in favor of Plaintiffs' position that several categories of decedent records containing similar information are, with the limited redactions proposed by Plaintiffs, not confidential.

**Email Correspondence**:  Defendants did not include this category in their brief and Plaintiffs' position, including as to waiver, is stated in the Chart and

Opposition.  Subsequent to the earlier briefing, Defendants agreed that several documents in this category are not confidential, including several emails that include employee names.  This is inconsistent with Defendants' apparent blanket position in their Motion that all employee names must be redacted and, as already stated in the Opposition, inconsistent with the prevailing case law and Defendants' prior actions including in PRA responses.

**Redactions:**  Several of the documents Defendants seek to keep confidential are Excel spreadsheets, which do not easily convert to PDF for proposing redactions.  Regarding the Incident Log Spreadsheet, the parties attach an excerpt of the spreadsheet.  Anderson Decl., Ex. EE.  It is necessary to zoom in on the PDF to see the content.  Plaintiffs also attach the discussion of the spreadsheet in an excerpt of one of Plaintiffs' expert reports (*id.*), to show the specific information that Plaintiffs believe is not confidential.  Plaintiffs agree that incarcerated person names and identifying information, as well as specific locations of video camera vulnerabilities, should be redacted.

Regarding the example Roster/Sick Call Log (*id.* at Ex. GG), Plaintiffs include a PDF and highlight the columns Plaintiffs believe should be redacted, including identifying JIMS numbers, incarcerated person names, and dates of birth. It is necessary to zoom in on the PDF to view the proposed redactions.

Respectfully submitted,

DATED:  October 21, 2024          ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Eric Monek Anderson*
Eric Monek Anderson

Attorneys for Plaintiffs and the Certified Class and Subclasses

1    DATED:  October 21, 2024          BURKE, WILLIAMS & SORENSEN, LLP

2                                      By:  */s/ Elizabeth M. Pappy*

3                                            Elizabeth M. Pappy

4                                      Attorneys for Defendants

5

6                          **SIGNATURE CERTIFICATION**

7         Pursuant to the Court's Electronic Case Filings Procedures Manual Section

8    2(f)(4), I certify that I have obtained consent of all signatories to the electronic

9    filings of the foregoing document.

10

11   DATED:  October 21, 2024          ROSEN BIEN GALVAN & GRUNFELD LLP

12                                     By:  */s/ Eric Monek Anderson*

13                                           Eric Monek Anderson

14                                     Attorneys for Plaintiffs and the Certified Class

15                                     and Subclasses

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**CHART COMPARING PARTIES' POSITIONS ON CONFIDENTIALITY**

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| SDSO Inspection Reports | SD_583777 (initial bates number), SD_654067 | SD_583777 contains no information that is encompassed by any of the four categories in the protective order at Dkt. 400, Paragraph 4a, and it should be de-designated. Plaintiffs agree that SD_654067 may be redacted to protect the names and photos of incarcerated people. With that information redacted, the document should be de-designated. | Need redaction of employee names because of their privacy rights and the propensity for false reporting and potential harassment of employees. 654068 will not be designated. The specific identities and locations of individuals is a security risk. | The parties disagree whether employee names should be redacted. The parties agree that the page 654068 of 654067 may be redacted. |
| Grievances | SD_841287, SD_73941 | The only potentially protected information under the protective order are the names, birthdates, and booking numbers of incarcerated people. With that information redacted, these documents should be de-designated. | 841287 is a single page of a grievance from 1/31/2023. Please confirm author was in class and permission was obtained. Need redaction of all employee names on both. | The parties disagree about whether redaction to incarcerated person names is sufficient. The parties disagree whether employee names should be redacted. |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| Class Member Medical Records (discussion thereof) | Not applicable. | Plaintiffs seek agreement that the parties' experts can refer to information and quote from non-decedent class members' medical records publicly, so long as the class member's name is not disclosed.  For example, the discussion in expert reports or testimony of a given class member's medical issues would not be confidential, so long as the name is redacted.  With the name redacted, there is no individually identifiable health information protectable under the protective order.  This approach has been used in similar cases, such as the Jensen Arizona prison case. | Defendants will not make an agreement as to deceased individuals. Defendants do not have the right to make any decision about disclosing individual medical records and the request is a violation of the Court's order that individual medical records be disclosed confidential. Defts. require written authorization from each person or a Court order requiring disclosure in violation of law. Plaintiff must comply with  Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv) as to decedent records. | The parties disagree whether redaction to incarcerated person identifying information is sufficient. |

2

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| SDSO Email Correspondence | SD_331805, SD_556275, SD_550498, SD_550530, SD_113706, SD_440432, SD_444419, SD_547833, SD_654107, SD_661839, SD_351122, SD_397590, SD_556249, SD_422647, SD_670246, SD_674265, SD_259265, SD_354832, SD_667926, SD_664776, SD_422647, SD_661601, SD_663501, SD_654059, SD_663908, SD_666127, SD_663558, SD_661735, SD_670158, SD_672195, SD_669715, SD_661900, SD_670326, SD_265287, SD_444419, SD_649702, SD_649704, SD_649706, SD_649707, SD_649708, SD_649710, SD_647265, SD_337577, SD_663908, SD_663558, SD_661735, SD_670158, SD_672195, SD_669715, SD_661900, SD_429591, SD_670326, SD_265287, SD_444419, SD_649702, SD_649704, SD_649706, SD_649707, | Defendants mass-tagged all emails produced in the ESI production as confidential. The listed emails do not appear to include any information protectable under the protective order, with the exception of some emails with individually identifiable health information about incarcerated people.  For such emails, Plaintiffs propose redacting the names and identifying information (such as booking numbers) of incarcerated people.  The names of decedents should not be redacted because the Sheriff's Department publicly announces the identities of people who die.  Plaintiffs do agree to redacting medical information about decedents not related to their deaths.  With those redactions to applicable | There were 123 items originally listed. 31 were not emails, 27 have private medical information, 76 were de-designated and 1 is a memo that state it must be destroyed after read referencing the contents of a sealed court order.  Despite the claim that death reports were removed, they remain a part of the identified documents.  They are subject to Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). There are draft documents (not emails) which will not be de-designated under Govt. Code section 6255. There are confidential reports of the drug interdiction team that will not be de-designated. There is a draft email from Commander | The parties agreed to de-designation of numerous of the documents originally challenged, and those have been removed.  The parties disagree whether redaction to incarcerated person identifying information is sufficient.  The parties disagree whether drafts are confidential.  The parties disagree whether employee names should be redacted. The parties disagree about whether the death reports should be de-designated." |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | SD_674265, SD_337577, SD_339036, SD_338723, SD_338964, SD_339121, SD_252598, | emails, the emails should be de-designated. Indeed, Defendants have agreed to de-designate other SDSO emails produced in this case. See, e.g., SD_550334, SD_550488, SD_555565. The Sheriff's Department also produced many emails to Plaintiffs' counsel in response to Public Records Act requests.<br><br>Following meet and confer, Plaintiffs removed death records inadvertently included in this category. The documents in this list are emails and attachments to emails, and Plaintiffs maintain their position as to those documents. | Soto-Meza to herself. It is protected under Gov. Code section 6255. | |
| SDSO Texts and Teams Messages | SD_1525701, SD_1572826, SD_1572652, SD_1572813, SD_1572814, | These messages do not include any information covered by the protective order. In the text message page, Plaintiffs propose redacting the phone | 1525701 contains private text messages that should have been deleted but were not. We will de-designate all phone numbers, the private exchange and | The parties agree re: 1525701, with the exception of employee names. The parties disagree whether employee names should be redacted. |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | SD_1572660, SD_1572656 | numbers of any individuals who are not Sheriff's Department employees to protect their privacy. These documents should be de-designated with those redactions. | employee names for the above reasons. | |
| CLERB Investigation Reports | SD_50653, SD_50663, SD_50607, SD_50642, SD_469458, SD_50668, SD_399432, SD_548059, SD_50634, SD_50690, SD_50674, SD_50619, SD_50683, SD_50647, SD_50678 | The only potentially protected information under the protective order are the names and any other information regarding incarcerated people other than the decedent who were involved in each death investigation (i.e. as witnesses, suspects, etc.). This is consistent with Cal. Penal Code § 832.10, which makes investigations into jail deaths available as public records. If that information is available as a public record, it need not be kept confidential in this litigation. Plaintiffs are also amenable to redacting photographs that include the face of the decedent. | CLERB Board Rules & Regulations mandate confidentiality of all complaints, personnel records, information from either or any other information protected by law. (Sections 8, 14.6) In addition, Cal. Health & Safety Code sections 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | | The Sheriff's Department makes the names of decedents and information about their deaths publicly available, including in news releases and on their website. These documents should be de-designated with the redactions described above. | | |
| Custody Records of Decedents | SD_574, SD_547, SD_51385, SD_620, SD_51257, SD_1022, SD_51002, SD_1046, SD_754, SD_51184, SD_704804, SD_652, SD_436666, SD_50911, SD_51057, SD_638, SD_51023, SD_51184, SD_50948 | The only potentially protected information under the protective order regarding the decedent are the dates of birth, home addresses, telephone numbers, and drivers license (or other ID) numbers of decedents that appear in these records. The names and any identifying information regarding incarcerated people other than the decedent who appear in these custody records may also be redacted.  Plaintiffs are amenable to redacting photos that identify the | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | | faces of any incarcerated person. These documents should be de-designated with that information redacted. | | |
| CIRB Reports | | | | |
| Jon Montgomery Statements Re: Deaths | SD_55712, SD_55254, SD_55387, SD_337295, SD_55159, SD_55675, SD_252598, SD_55886, SD_638, SD_55301, SD_55655 | The only potentially protected information under the protective order are the names and any other individually identifiable information regarding incarcerated people other than the decedent who were involved in each death investigation (i.e. as witnesses, suspects, etc.), unless that information is already public.  These documents should be de-designated with that information redacted. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |
| Homicide Unit Files Related to Decedents | SD_60986, SD_61444, SD_61008, SD_49170, SD_44420, SD_46505, SD_60582, SD_41849, | The only potentially protected information under the protective order regarding decedents are the | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 | The parties disagree whether the documents can be de-designated with the |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | SD_711503, SD_41623, SD_41475, SD_45307, SD_42389, SD_46137, SD_49218, SD_721931, SD_722730, SD_43860, SD_52465, SD_43190, SD_49218, SD_55779, SD_51451, SD_51785, SD_49340, SD_42557, SD_41849, SD_43645, SD_42821, SD_45037, SD_43190, SD_42001, SD_46505, SD_49511 | dates of birth, home addresses, telephone numbers, and drivers license (or other ID) numbers of decedents that appear in these records. The names and other identifying information regarding incarcerated people other than the decedent who appear in these custody records may also be redacted.  This is consistent with Cal. Penal Code § 832.10.  Plaintiffs are amenable to redacting photos that identify the faces of any incarcerated person. These documents should be de-designated with the redactions described above. | Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). There is no right to any records beyond what is allowed by Penal Code §832.7. | redactions Plaintiffs propose. |
| Case Review PPTs for Decedents | SD_55395, SD_55222, SD_55681, SD_25832, SD_26049, SD_447297, SD_55670, SD_55891, SD_337297, SD_55716, SD_25668, SD_25742, SD_25805, SD_55325, | The only potentially protected information under the protective order regarding decedents are their dates of birth.  The names and other identifying information regarding | Based upon Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | SD_55368, SD_25720, SD_55915 | incarcerated people other than the decedent who appear in these custody records may also be redacted.  This is consistent with Cal. Penal Code § 832.10.  Plaintiffs are amenable to redacting photos that identify the faces of any incarcerated person. These documents should be de-designated with the redactions described above. | | |
| Area Activities Summary Reports for Decedents | SD_710839, SD_617, SD_635, SD_1043, SD_1065, SD_649, SD_1016, SD_1046 | The only potentially protected information under the protective order regarding decedents are their dates of birth, which may be redacted.  The names and other identifying information regarding incarcerated people other than the decedent who appear in these custody records may also be redacted.  This is consistent with Cal. Penal Code § 832.10.  These documents | Based upon Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | | should be de-designated with the redactions described above. | | |
| Rescue Reports for Decedents | SD_25749, SD_232684 | The only potentially protected information in these documents under the protective order are the decedents' dates of birth, which may be redacted. These documents should be de-designated with that information redacted. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |
| Incident Reports for Decedents | SD_60616, SD_710839, SD_719547, SD_711503, SD_337577, SD_25671, SD_339036, SD_55655, SD_338964, SD_55886, SD_339121, SD_55254, SD_723620, SD_55362, SD_55843, SD_25790, SD_55308, SD_55802, SD_55944, SD_55787, SD_55387, SD_55880, SD_55147, SD_25901, SD_55242, SD_55745, SD_55277, SD_55655, SD_55676, SD_55308, SD_55186, SD_337221, | Based on Plaintiffs' review, the only potentially protected information under the PO are the names and any other individually identifiable information regarding incarcerated people other than the decedent who were involved in each death investigation (i.e. as witnesses, suspects, etc.). These documents should be de-designated with that information redacted. This | Based upon Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | SD_55900, SD_337258, SD_55802, SD_339121 | is consistent with Cal. Penal Code § 832.10. | | |
| Corrective Action Plans from Facility Inspections | SD_704026 | This document does not appear to include any information protectable under the protective order, and was included as part of the mass-tagged ESI production. This document should be de-designated. | It will be de-designated with employee identifying information removed. | The parties disagree whether employee names should be redacted. |
| SDSO Notes Documents | SD_120522 | This document does not appear to include any information protectable under the protective order, and was included as part of the mass-tagged ESI production. This document should be de-designated. | 120522 will be de-designated with employee name removed. | The parties disagree whether employee names should be redacted in 120522. |
| SDSO Disciplinary Documents | SD_583985, SD_548180, SD_652477, SD_652871, SD_462197 | These documents do not appear to include information protectable under the protective order. To the extent they include information protected by Penal Code 832.7, Plaintiffs propose redacting names and identifying information | The documents will not be de-designated.  They are subject to privacy rights that are not waivable. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | | of the personnel alleged of misconduct.  These documents should be de-designated with that information redacted.<br><br>9/30:  At the 9/26 meet and confer, Plaintiffs additionally proposed redacting any information about non-jail-related misconduct. | | |
| SDSO Directive and Policy Documents | SD_213158, SD_183103, SD_332209, SD_332206, SD_183086, SD_183099, SD_183068, SD_332199, SD_332197, SD_332212 | These documents are directives and policy-related documents prepared by the Sheriff's Department.  They do not appear to include any information protectable under the protective order. In addition, the Sheriff's Department presented publicly to CLERB on Aug. 13,2024 about the screening directive discussed in SD_1579786, and the presentation is available at CLERB's website. These | All of the cited documents are drafts and will not pursuant to Govt. Code section 6255. | The parties disagree whether drafts are confidential. |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | | documents should be de-designated. | | |
| Watch Commander Logs | SD_704672, SD_1521709, SD_1523959 | Plaintiffs propose redacting the names and booking numbers of incarcerated people in the watch commander logs. The logs do not otherwise appear to include any information protectable under the protective order. These documents should be de-designated with the above-described information redacted. | The documents will not be de-designated. They contain employee names and assignments that alerts the public and IP's to the number of staff in specific areas placing both staff and IP's at risk. Redaction is not feasible. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. The parties disagree whether employee names should be redacted. The parties disagree whether the staff information should be redacted. |
| MSD End of Shift/Daily Reports | SD_352331, SD_299693, SD_339644, SD_203047, SD_291380 | The only potentially protected information under the protective order are the names of incarcerated people. With those names redacted, the documents do not include individually identifiable health information and should be de-designated. | For reasons stated above, the Department will not agree to the public release of any private health information and redaction is not feasible. Removal of names and BN's only is not sufficient. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose. The parties disagree whether employee names should be redacted. |
| SDSO Biweekly Area Report | SD_425751 | The only potentially protected information under | Based upon Cal. Health & Safety Code section 123110 | The parties disagree whether the documents can |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | | the protective order are the names and booking numbers of incarcerated people.  With those names redacted, this document should be de-designated. | and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv).  You will have to comply with the H&S code section to obtain any of the records. | be de-designated with the redactions Plaintiffs propose. |
| SDSO Daily Intelligence Brief | SD_639671 | Plaintiffs propose redacting the names, booking numbers, and other identifying information of incarcerated people and third parties.  With those redactions, this document should be de-designated. | The information is derived from JIMS. In addition it contains intelligence information which may compromise security and intelligence operations. There is no legitimate reason for designation and it will not be de-designated. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose, although Plaintiffs will consider specific information that Defendants contend compromises security and intelligence operations. |
| Safety Check Log | SD_1090340 | This document does not appear to include any information protectable under the protective order. In addition, Defendants did not designate as confidential safety check audit documents, which include the same type of information found in these | The document will not be de-designated.  It provides IP information about where they are housed which is a security issue and there is no overriding public need to have this type of information under Govt. code section 6255. | The parties disagree whether the document is confidential. |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | | logs.  See, e.g., SD_818778, SD_818786. This document should be de-designated. | | |
| Division of Inspectional Services Reports | SD_424197, SD_436462, SD_704518 | Plaintiffs propose redacting the names or identifying information of any incarcerated people and third parties.  With those redactions, the documents do not include any information protectable under the protective order and should be de-designated. | 424197 and 704518:  Please confirm that you represent all of the IP's involved and the IP entries will be redacted to remove all identifying information and de-designated.  Anything relating to employee injury alone will be redacted in its entirety.  704518:  Please confirm that you represent all of the IP's identified and all identifying information will be redacted and produced. | The parties disagree whether the documents can be de-designated with the redactions Plaintiffs propose.  The parties disagree whether employee names should be redacted, although the parties agree with redacting information related to employee injury. |
| DIU Assault Weapons Drugs Reports | SD_440237, SD_444210 | These documents do not include any information protectable under the protective order and should be de-designated.

In 440237, Plaintiffs agree with redacting slide 7 only. In 444210, Plaintiffs agree with redacting slide 4 and | The information is sensitive in nature to security issues, possible methods of making weapons, investigative tactics and there is no overriding need for public disclosure under Govt. Code section 6255. | The parties disagree about the scope of redactions to these documents. |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | | the "jail made weapons" stamp in slide 5. | | |
| Staffing Reports | SD_556542, SD_725946, SD_551333, SD_120294 | These documents are not encompassed by any of the categories in the protective order. Moreover, defendants have not designated other staffing reports confidential, including for example, SD_726781. These documents should be de-designated. | The documents will not be de-designated. Allowing the public to see staffing levels in specific areas of jails presents a risk to staff and IP's. There is no overriding public need for disclosure under Govt. Code section 6255. | The parties disagree whether the remaining documents can be de-designated. |
| Incident Report Log | SD_113833 | Based on Plaintiffs' review, the only potentially protected information under the PO are the names, dates of birth, and booking numbers of incarcerated people. With that information redacted, this documents should be de-designated. | All of the information is subject to the protective order and there is no feasible way to do redactions. There is no overriding public need for disclosure under Govt. Code section 6255. | The parties disagree whether the document can be de-designated with Plaintiffs' proposed redactions. Plaintiffs understand Defendants' concerns about how practically to implement redactions and are open to discussion. |
| Rosters or Sick Call Reports with Names | SD_838061, SD_742289, SD_742290, SD_1575333, SD_117766, SD_724109, SD_630574, SD_117761, | Plaintiffs propose redacting the names and other individually identifiable information. With names and identifying information | Defendants will not de-designate without confirmation that all individuals on the list are Plaintiffs' clients and | The parties disagree whether the documents can be de-designated with Plaintiffs' proposed redactions. The parties also |

16

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | SD_117764,SD_1519379-1519380, SD_723737, SD_1517083, SD_1575978, SD_1575334,SD_165179, SD_727537, SD_727536, SD_727538, SD_727528, SD_727540, SD_115604, SD_115601, SD_115606 | redacted, these documents do not include any information protectable under the protective order and should be de-designated. | Plaintiffs provide written permission of the individuals to disclose their private health information. There is no "redactions" exception to HIPPA. | disagree whether employee and contractor names should be redacted. |
| Jon Montgomery 30(b)(6) Deposition | Volume I, 66:7-87:10 | In Volume I of the transcript, Defendants designated as confidential discussions of incarcerated person deaths.  The names and information about the deaths of the decedents are already made public by the Sheriff's Department.  To the extent this information is not already public, there is a strong public interest in its disclosure.  The entire transcript should be de-designated. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | The parties disagree whether the testimony can be de-designated. |
| Occurrence Reports | SD_228274, SD_253189 | These documents are not encompassed by any of the categories in the protective | Based upon Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 | The parties disagree whether the documents can be de-designated. |

17

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | | order and should be de-designated. | Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | |
| Quality Assurance Presentations, Agendas, Minutes | SD_1579823, SD_1579825, SD_1579826, SD_733789, SD_735685, SD_733836, SD_729806, SD_735807, SD_121367, SD_169500, SD_171533 | These quality assurance reports do not include any information protectable under the protective order. To the extent the reports include identifying information about incarcerated people, Plaintiffs agree that identifying information should be redacted.  In addition, Defendants have produced other quality assurance reports without a confidentiality designation. See, e.g., SD_114399, SD_114397, SD_108236, SD_114363, SD_114467, SD_114433, SD_114600. These documents should be de-designated. | Will be de-designated with any names redacted of either staff or IP's and medical information. | The parties disagree whether employee names should be redacted prior to de-designation of the documents. |
| CLERB Complaint | SD_450449 | This document does not appear to include any information protectable under the protective order, | CLERB Board Rules & Regulations mandate confidentiality of all complaints, personnel | The parties disagree whether the document can be de-designated. |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | | and was included as part of the mass-tagged ESI production. This document should be de-designated. Defendants' new argument in the chart refers to restrictions on what CLERB can do, not Defendants.  As Plaintiffs' brief indicates, the information in this particular complaint is already in the public record. | records, information from either or any other information protected by law. (Sections 8, 14.6) Defendants cannot agree to de-designate. | |
| Letters re: Treatment at Jail | SD_118472, SD_118454 | These documents do not appear to include any information protectable under the protective order, and were included as part of the mass-tagged ESI production.  In addition, SD_118454 shows the writer's intent to share the information widely, including with news organizations. These documents should be de-designated. | Defendants will not de-designate without confirmation that all individuals who authored the documents approve. Defendants have no information about the intent of any of the drafters. | The parties disagree whether the documents can be de-designated. |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| SDSO Meeting Agendas and Rosters | SD_183088, SD_733277, SD_733606, SD_733632, SD_733612, SD_733581, SD_733643, SD_733588, SD_735473, SD_731369, SD_732823, SD_732809, SD_732834, SD_168053, SD_730546, SD_167863, SD_730772, SD_730756, SD_733307, SD_188571, SD_556276, SD_637671 | These meeting agendas and rosters do not include the names of individual incarcerated people, or any other information protectable under the protective order. Defendants also did not designate confidential similar documents, such as SD_114396. These documents should be de-designated. | The description is inaccurate.  They include private medical information and are not generic agendas and rosters. The documents will be de-designated with all employee names and IP information including personal medical information redacted. | The parties disagree whether the document can be de-designated with Plaintiffs' proposed redactions.  The parties disagree whether employee names should be redacted. |
| Homicide Report | SD_442998 | Plaintiffs propose redacting the first two pages and otherwise de-designating this document, which discuss deaths of individuals not related to the Jail.  The information on the third page regarding deaths at the Jail is made public in the Sheriff's Department's CIRB summaries, at https://www.sdsheriff.gov/resources/transparency-reports. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). The information is also subject to Penal Code §832.7. | The parties disagree whether the third page of the document can be de-designated. |

20

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| Sick Call List | SD_320377 | Plaintiffs propose redacting the names, booking numbers, birth dates, and any identifying information of the incarcerated people in this document. With that information redacted, the document does not include any information protectable under the protective order and should be de-designated. | The document qualifies as a medical record subject to the individuals' names who appear and is subject to privacy rights and HIPPA. The document will not be de-designated. | The parties disagree whether the document can be de-designated with Plaintiffs' proposed redactions. |
| Photographs from Plaintiffs' Experts' Inspections of Jail Facilities (January, February, and May 2024) | SD_744817-745551, SD_745552-745562, SD_742639-743226, SD_743927-744689, SD_745563-745568, SD_745569-745587, SD_743227-743926, SD_983511-983520, SD_983521-983639, SD_983640-983835, SD_1579294-1579679, SD_1579007-1579293 | The parties agreed to a procedure for Defendants to redact any photos with class members' faces or other identifying features and to "remove any photos with content that compromises facility security" prior to production. Accordingly, these photographs are not encompassed by any of the categories that the protective order states merit protection as confidential or confidential - for counsel only. See Dkt. 400, ¶4a-b. In addition, Defendants | The photos removed before production were of particular sensitivity and the photos produced were designated confidential because allowing them to be released to the public without any attempt to narrow to a specific photo allows the public to deduct locations, layouts and security measures in the jails. | The parties disagree about which photos can be made public. |

[4591940.1]

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Outcome |
|---|---|---|---|---|
| | | attached jail photographs to public, unsealed filings in this case. See, e.g., Dkt. 312, Exs. E-G.<br><br>9/30: Plaintiffs request that you de-designate photographs inserted into the text of expert reports and/or included in their appendices or exhibits. This would apply to the Graham, Stewart, Sanossian, and Snell reports and rebuttal reports, without prejudice to our right to seek the de-designation of other inspection photographs in the future, and without waiver of your contention that they should not be de-designated. | | |
| Sheriff's Department Detention Services Bureau Policies and Procedures | SD_652967 | Plaintiffs dispute whether the document is a draft. It is a redline that shows the changes between a previous version of a policy and the new version of the policy. | 652967 is a draft and will not be de-designated pursuant to Govt. Code section 6255 because there is no overriding reason for disclosure. | The parties disagree whether 652967 can be de-designated. |

[4591940.1]