GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**NOTICE OF MOTION AND MOTION TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE OPINIONS OF DEFENDANTS' EXPERTS**<br><br>Date: March 6, 2025<br>Time: 2:00 p.m.<br>Crtrm.: 4A<br><br>Judge: Hon. Anthony J. Battaglia |

[4615742.4]

Case No. 3:20-cv-00406-AJB-DDL

NOTICE OF MOTION AND MOTION TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF PLAINTIFFS'
MOTION TO EXCLUDE OPINIONS OF DEFENDANTS' EXPERTS

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner, on behalf of themselves and the Certified Class and Subclasses (collectively, "Plaintiffs") hereby bring this Motion to file under seal documents filed in support of Plaintiffs' Motion to Exclude Opinions of Defendants' Experts.

This Motion is brought pursuant to Civil Local Rule 79.2, Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), and the Amended Stipulated Protective Order in this case, Dkt. 400. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Eric Monek Anderson in Support of Plaintiffs' Motion to File Under Seal (filed herewith), the Declaration of Van Swearingen in Support of Plaintiffs' Motion to Exclude Opinions of Defendants' Experts, any evidence and argument presented at any hearing on this Motion, and all other papers and pleadings on file in this action.

DATED: December 16, 2024    Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Eric Monek Anderson*
    Eric Monek Anderson

Attorneys for Plaintiffs and the Certified Class and Subclasses

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to the Amended Stipulated Protective Order in this case, Dkt. 400, and the Court's Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), Plaintiffs move to file under seal documents or portions of documents filed in support of Plaintiffs' Motion to Exclude Opinions of Defendants' Experts ("*Daubert* Motion"). These documents fall into two broad categories: (1) Defendants' expert reports, which Defendants stated must be filed under seal in their entirety; and (2) other documents supporting Plaintiffs' *Daubert* Motion, including certain excerpts from Plaintiffs' expert reports, which Plaintiffs seek to file under seal because they include information that Defendants have designated confidential under the protective order. For both categories, Plaintiffs disagree that most of the information sought to be sealed meets the compelling reasons standard for sealing.

Plaintiffs move to seal the following documents attached to the Declaration of Van Swearingen in Support of Plaintiffs' Motion to Exclude Opinions of Defendants' Experts:

- The entirety of the Rule 26 reports of Defendants' experts Dr. Owen Murray, Dr. Joseph Penn, Dr. Scott Reinecke, Lenard Vare, Brian Withrow, and Henrietta Peters (Exs. A-D, T-U);

- Portions of the Rule 26 reports and rebuttal reports of Plaintiffs' experts Dr. Pablo Stewart, Dr. Jeffrey Keller, and Dr. Jay Shulman (Exs. N-R); and

- Portions of the deposition testimony of Defendants' experts Dr. Murray, Dr. Penn, and Dr. Reinecke (Exs. W-Y).

## I. LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). Under Ninth Circuit precedent, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City &*

*Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  To overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure.  *See id.* at 1178–79.  "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret."  *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access.  *Foltz*, 331 F.3d at 1135.  The burden varies based on the type of motion at issue, specifically whether the information sought to be sealed relates to a motion that is "more than tangentially related to the merits of the case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016).  When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies.  *Id.* at 1096–98.  Otherwise, the "good cause" standard applies.  *Id.*

## II.    ARGUMENT

### A.    The Compelling Reasons Standard Applies

Plaintiffs' *Daubert* motion warrants application of the "compelling reasons" standard because it is "more than tangentially related to the merits of a case."  *See Ctr. for Auto Safety*, 809 F.3d at 1101; *accord In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 119-20 (9th Cir. 2012) (applying compelling reasons standard to documents filed in connection with a *Daubert* motion).  As courts in this district have explained, "[e]videntiary motions, including *Daubert* motions, are often 'strongly correlative to the merits of the case' and warrant the application of the 'compelling reasons' standard."  *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 7029209, at *1 (S.D. Cal. Oct. 24, 2023) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1099*); accord Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 998-99 (S.D. Cal. 2022) (likewise

applying compelling reasons standard to motion to file documents filed in connection with *Daubert* and summary judgment briefing); *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670 JLS-MDD, 2020 WL 5709269, at *1 (S.D. Cal. Sept. 24, 2020) (same).

The opinions that Plaintiffs seek to exclude, such as improper opinions about the quality of medical care, mental health care, and other substantive claims in the case, relate directly to the merits of the case. *See ImprimisRx, LLC*, 2023 WL 7029209, at *1. Plaintiffs' *Daubert* Motion also relates directly to Defendants' forthcoming motion for partial summary judgment, *see* Dkt. 770 (Defendants discussing their plan to file a motion for partial summary judgment), which Plaintiffs anticipate will rely on Defendants' experts' opinions to challenge the merits of Plaintiffs' claims.

**B.     Plaintiffs Move to File Under Seal Defendants' Expert Reports At Defendants' Request, Even Though Much of the Information is Not Sealable**

Plaintiffs move to file Defendants' expert reports under seal in their entirety. Although Defendants did not designate any of their expert reports as confidential when served on August 21, 2024, out of an abundance of caution and prior to the filing of the instant motion, Plaintiffs asked Defendants whether they considered any portions of their expert reports confidential. Declaration of Eric Monek Anderson in Support of Plaintiffs' Motion File Under Seal Documents in Support of Plaintiffs' Motion to Exclude Opinions of Defendants' Experts ("Anderson Decl."), ¶ 3. Defendants responded with a request that Plaintiffs file Defendants' experts' reports entirely under seal because Defendants did not have time to identify specific portions as confidential. *Id.*

Plaintiffs do not agree that the expert reports should be filed under seal in their entirety. For example, there is no legitimate basis to seal information such as Defendants' experts' opinions on publicly available policies or their generalized opinions about the quality of health care provided at the Jail. Consistent with the

Amended Stipulated Protective Order and the compelling reasons standard, Defendants should be ordered to identify and request sealing of only those specific portions of Defendants' expert reports that, in fact, contain sealable information.

### C. Plaintiffs Move to File Under Seal Additional Documents That Contain Information Defendants Have Designated Confidential, Although Plaintiffs Have Challenged Those Designations and Disagree That Much of the Information is Sealable

Defendants made improper, blanket confidentiality designations in this case, including designating as confidential an entire discovery production of over 70,000 documents. Dkt. 728 at 1. Plaintiffs challenged many of Defendants' confidentiality designations pursuant to the procedures set forth in the Amended Stipulated Protective Order. *See id.* (Plaintiffs' brief providing procedural history of Plaintiffs' challenge to Defendants' confidentiality designations). Defendants opposed Plaintiffs' challenge, and then filed a motion to maintain confidentiality. Dkt. 724. The Court held a hearing on Defendants' motion on December 5, 2024, but has not yet issued an order. Consequently, Plaintiffs must move to seal information for which Defendants have asserted confidentiality and the dispute over that assertion has not been resolved. *See* Dkt. 400, ¶ 13 (requiring that when a party objects to a confidentiality designation, the "material[] at issue be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved").

Through this Motion, Plaintiffs have redacted from and move to seal portions of Plaintiffs' expert reports and the deposition transcripts of Defendants' experts that quote from or discuss specific documents that Defendants have designated confidential.

To be sure, compelling reasons do exist to seal the names of class members who are not class representatives; namely, the preservation of medical privacy protections for these people who have been incarcerated in the Jail. For the remainder of the information in Plaintiffs' expert reports and the expert deposition

testimony that Plaintiffs move to seal, Plaintiffs do not agree that the information should be sealed under either the compelling reasons standard or this Court's prior orders regarding sealing. *See, e.g.*, Dkt. 161, 306. Plaintiffs discuss specific categories of information below.

### Redactions Regarding Medical Care of Class Members

Defendants designated the entirety of all class members' medical records confidential. Given Defendants' refusal to agree that the medical information of a class member can be made public with only the class member's name and other identifying information redacted, *see* Dkt. 724, Plaintiffs move to file under seal all discussion of specific class members' medical records in the exhibits to the Swearingen Declaration. *See, e.g.*, Stewart Rebuttal Report at 16-17 (redactions to entire discussion of patient care).

Plaintiffs believe Defendants' designations are overbroad and unnecessary, and conceal any discussion of individual patient care. Instead, Plaintiffs contend that the Court should require sealing only of class members' names and other individually identifying information (such as Social Security numbers, dates of birth, and home addresses, although such information is not present in the instant exhibits) in connection with class members' medical records.[1] This more targeted approach protects individuals' identities, promotes the public's right to know, and is consistent with the Court's prior orders in this case. For example, in connection with a prior motion to seal, the Court agreed that the need to protect medical privacy is a "compelling reason" justifying sealing. Dkt. 306 at 3. The Court confirmed Plaintiffs' redactions to only the names and other identifying information of individual incarcerated people, which left public "information regarding conditions, communications, and custody and medical staff practices" at issue in the underlying

---

[1] Where the discussion of a class member's care stems from an expert's conversation with the class member, and not from medical records or any document designated confidential, Plaintiffs are only redacting the class member's name.

motions. *Id.* at 4.

**Redactions Reflecting Information About Decedents**

Defendants designated as confidential the entirety of nearly all records they produced in discovery relating to in-custody deaths, even when those documents include information that is otherwise publicly available. Pursuant to Defendants' confidentiality designations, Plaintiffs move to file under seal Plaintiffs' experts' testimony regarding these currently confidential documents produced by Defendants about in-custody deaths.[2] Plaintiffs disagree that this testimony should be sealed under the compelling reasons standard, given the strong public interest in information about the wave of deaths in the Jail as well as the public disclosure about these deaths—including by the Sheriff's Office.

Defendants' designations are overbroad. Information about these deaths is publicly available, such as on the Sheriff's Office's own website, in lawsuits decedents' families have filed against the County and Sheriff's Office, in autopsy reports, or in NaphCare death review documents. *See* Dkt. 708, 709 (hearing transcript and Judge Leshner's order holding NaphCare documents are not confidential with minimal redactions); *see also Snyder v. Enter. Rent-A-Car Co. of S.F.*, 392 F. Supp. 2d 1116, 1120 & n.3 (N.D. Cal. 2005) (noting that an "autopsy report is public record under California law"). In addition, California law makes investigations into jail deaths available as public records. *See* Cal. Penal Code § 832.10. Expert testimony regarding information in death records should not be sealed.

---

[2] Plaintiffs do not move to seal names or information about in-custody deaths that appear in their own experts' reports where the underlying information comes from publicly available documents. For example, Dr. Stewart's report discusses the medical examiner's findings about a person's death at the Jail. *See* Stewart Report at 95. Because the medical examiner's report is a public record, any discussion of that report is not sealable. *Snyder*, 392 F. Supp. 2d at 1120 & n.3.

### Redactions of Photographs of the Jail

Defendants designated as confidential many photographs that were taken during expert inspections. Plaintiffs thus move to file photographs in Plaintiffs' expert reports under seal solely because of Defendants' designation, not because Plaintiffs agree that compelling reasons exist to seal the photographs. Plaintiffs believe the photographs do not contain confidential information, as they do not reveal the identities of individual incarcerated people or any sensitive security information. *See* Dkt. 737 at 5-7 (Plaintiffs' argument for pending motion to maintain confidentiality that photographs are not confidential).

### Redactions of Jail Employee Names

Plaintiffs move to seal the names of Jail employees discussed in the exhibits to the Swearingen Declaration solely because of Defendants' designation of this information as confidential.[3]

Plaintiffs do not agree that compelling reasons in fact exist to seal this information. In their motion to maintain confidentiality, Defendants have maintained that employee names are confidential, notwithstanding Defendants' own release of employee names in public record requests. *See* Dkt. 728 at 7-8 (Plaintiffs' opposition to Defendants' motion to maintain confidentiality, describing contradictory nature of Defendants' position). Public employee names are not confidential under California law. *Comm'n on Peace Officer Stds. & Training v. Super. Ct.*, 42 Cal. 4th 278 (2007) (holding that California peace officer names, employing departments, and employment dates are subject to disclosure). When this Court ordered unsealing of Plaintiffs' medical records in this case, the Court did not require sealing of any employee names that appeared in the records. *See* Dkt. 161. Accordingly, no compelling reasons exist to keep employee names sealed

---

[3] Plaintiffs do not move to seal the names of employees who were deposed in this case.

in the portions of Plaintiffs' expert reports attached to the Swearingen Declaration.

**Redactions of Information About Specific Locations in Jail**

Defendants have designated as confidential information that identifies the types of incarcerated people that are housed in specific modules in the Jail. *See* Dkt. 724. On this basis, Plaintiffs move to seal information contained in Plaintiff's expert Dr. Pablo Stewart's report that identifies the specific modules that house Outpatient Stepdown Units, which are intended to provide a higher level of mental health care. *See* Stewart Report at 49-53 (all such redactions).

Plaintiffs do not agree that this information merits sealing under the compelling reasons standard. Stating the module numbers for the Outpatient Stepdown Units as of Plaintiffs' expert's February 2024 inspection does not compromise any security interest or identify the specific location of any given individual, especially given the fact that multiple such units exist. *See* Stewart Report at 49-53.

**Other Redactions Reflecting Information Designated Confidential**

Defendants designated numerous emails and other course-of-business documents in this case as confidential. *See* Dkt. 737, Ex. A (chart identifying breadth of documents that Defendants designated confidential and that Plaintiffs have challenged). On that basis, Plaintiffs move to seal information in the exhibits to the Swearingen Declaration that discusses these documents. *See, e.g.*, Keller Report at 23. The documents in this category are mostly emails and attachments to emails that Defendants have designated confidential.

Plaintiffs do not agree that this information merits sealing under the compelling reasons standard, except to the extent the information discusses the name of an individual incarcerated class member. For example, the discussion of the "confidential" document at page 23 of the Keller Report includes only general discussion of problems with medical care at the Jail—not any confidential information about individuals or otherwise sealable information. Keller Report at

23.

## CONCLUSION

Plaintiffs do not agree that compelling reasons exist to seal information other than the class member names in the exhibits in question. For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion only as to sealing class member names in the exhibits to the Swearingen Declaration. Plaintiffs respectfully request that the Court deny the sealing of any other information identified in this motion and order Defendants to identify the specific portions of each document that Defendants contend contains sealable information and to substantiate the reasons for keeping this information under seal.

DATED: December 16, 2024           Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Eric Monek Anderson*
Eric Monek Anderson

Attorneys for Plaintiffs and the Certified Class and Subclasses