UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, et al.,

Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,

Defendants.

Case No.: 20-cv-406-AJB-DDL

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO MAINTAIN CONFIDENTIALITY and GRANTING MOTIONS TO SEAL**

**[Dkt. No. 724, 726, 738]**

Before the Court is Defendants' motion to maintain the confidentiality of documents produced in discovery and designated as "Confidential" under the Protective Order. Dkt. No. 724. Having considered the parties briefing and their argument at the motion hearing on December 5, 2024, the motion is **GRANTED IN PART** and **DENIED IN PART**. The parties also move to seal various exhibits submitted in connection with the Motion. Dkt. Nos. 726, 738. For the reasons stated on the record during the December 5 hearing, the motions to seal are **GRANTED**.

/ / /

# I.

## **BACKGROUND**

Plaintiffs are a certified class of individuals "who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities." Dkt. No. 435 at 10. Their Third Amended Complaint asserts multiple causes of action under 42 U.S.C. § 1983 against the County of San Diego and other defendants seeking declaratory and injunctive relief to "remedy the dangerous, discriminatory, and unconstitutional conditions in the Jail." Dkt. No. 231, ¶ 4.

The stipulated Protective Order in this case (Dkt. No. 255) allows the parties to designate materials produced in discovery as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY." The Protective Order limits the dissemination of any materials so designated. Dkt. No. 255. Plaintiffs requested that Defendants de-designate certain materials designated as confidential that are incorporated into Plaintiffs' expert reports. Defendants agreed to de-designate certain materials but, with respect to the remaining materials, Defendants seek a ruling that the documents are properly designated as confidential under the Protective Order, and thereby maintain the existing limits on Plaintiffs' ability to disseminate those documents.

Defendants' motion includes a chart summarizing the parties' positions with respect to categories of documents Plaintiffs contend should not be subject to the Protective Order (*e.g.*, "SDSO Inspection Reports" and "Grievances"). Dkt. No. 724 at 15-25. The chart also identifies the disputed documents by Bates Number. *Id.* In the motion, Defendants grouped those categories into broader issues (*e.g.*, "Individual 'medical records'" and "Decedent Records"). *Id.* at 3-11. The parties subsequently filed a revised chart and provided the Court with examples of the disputed documents for *in camera* review. Dkt. No. 737.

/ / /

/ / /

**II.**

**DISCUSSION**

**A.    Legal Standards**

"As a general rule, the public is permitted access to litigation documents and information produced during discovery." *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011).   "If a party takes steps to release documents subject to a stipulated [protective] order, the party opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material." *Id.*; *see also* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense.").   "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

The good cause inquiry proceeds in two steps.   First, the Court "must determine whether particularized harm will result from disclosure of information to the public." *In re Roman Cath. Archbishop of Portland*, 661 F.3d at 424.   "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.*   Second, "if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance the public and private interests to decide whether maintaining a protective order is necessary."[1]   *Id.*   Where both factors "weigh in favor of

---

[1]    The relevant factors in this balancing analysis are: "(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the

20-cv-406-AJB-DDL

protecting the discovery material," "a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure." *Id.* at 425.

**B.    Disputed Issues**

This Order addresses the broader issues raised in Defendants' motion and also incorporates the parties' chart with rulings for the documents provided to the Court *in camera*.

**1.    CIRB Reports**

The Court previously held that Defendants had not met their burden to establish that documents generated by the San Diego Sheriff's Department's Critical Incident Review Board ("CIRB") are protected in their entirety by either the attorney-client privilege or the work product doctrine, and ordered Defendants to produce the documents with limited redactions. Dkt. Nos. 468, 507. This issue is before the Ninth Circuit in *County of San Diego v. Greer*, Court of Appeals No. 23-55607. Accordingly, the Court **GRANTS** Defendants' motion to maintain the CIRB Reports under the Protective Order without prejudice to Plaintiffs' ability to seek further relief following the Ninth Circuit's ruling in *Greer*.

**2.    Medical Information of Incarcerated Persons**

Defendants contend that documents containing medical information regarding living incarcerated persons should remain subject to the Protective Order in their entirety. Plaintiffs agree that personally identifying information should be redacted but argue that the records should be otherwise not be subject to the Protective Order.

/ / /

---

sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public." *Id.* at 424 n.5 (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

20-cv-406-AJB-DDL

At step one of the "good cause" analysis, the Court finds that disclosure of unredacted records pertaining to medical care would result in particularized harm to the individuals receiving care. *See In re Roman Cath. Archbishop of Portland*, 661 F.3d at 424. No party argues otherwise, as evidenced by Plaintiffs' proposal to redact the identifying information of living incarcerated persons. At step two, the *Glenmede* factors support disclosure of information pertaining to medical care at the San Diego County jails generally given that the provision of such care is "relevant to public safety" and "implicate[s] issues important to the public." *Johnson v. Coos Cnty.*, No. 6:19-CV-01883-AA, 2023 WL 3994287, at *3 (D. Or. June 14, 2023) (unsealing motion for sanctions with exhibits containing information regarding private entity's provision of healthcare to incarcerated persons).

The question, then, is "whether redacting portions of the discovery material will nevertheless allow disclosure." *In re Roman Cath. Archbishop of Portland*, 661 F.3d at 425. The Court concludes that redacting incarcerated person names and other identifying information from medical records will properly balance the public interest in obtaining information regarding the provision of medical care at the jails with the private interest of incarcerated persons in keeping their medical information confidential. *See id.* at 424 (directing bankruptcy court to redact name of retired priest from records relating to church sex abuse scandal because "nothing in the record indicates that he continues working in the community" and "victims can know that they are not alone, and church officials' complicity in the abuse can be revealed, without disclosing the identity of accused priests"). This conclusion is bolstered by caselaw holding that, in the context of the Health Insurance Portability and Accountability Act and the California Confidentiality of Medical Information Act, "[r]edacting individual patient identification information addresses the legal restrictions on disclosure of patient health information." *Lifschutz v. Am. Bd. of Surgery*, No. EDCV141762FMOSPX, 2015 WL 13916604, at *4 (C.D. Cal. Apr. 24, 2015). Subject to such redactions, the motion to maintain

the confidentiality of these records is **DENIED**.

### 4.    <u>Custody Records of Decedents</u>

The parties dispute whether custody records of individuals who died in Sheriff's Department custody can be de-designated.  In another case involving a death in a County jail, the Court determined that emails containing the names of individuals who died in San Diego County jails should not be subject to a protective order.  *See Est. of Serna v. Cnty. of San Diego*, No. 20-CV-2096-BAS-DDL, 2024 WL 3564460 (S.D. Cal. May 13, 2024).  The Court relied, in part, on information provided by the County that its "current policy is to release certain information regarding in-custody deaths, including the decedents' names" and that the County had not "established a particularized harm that would result from releasing the three emails with in-custody death information to the public."  *Id.* at *4.

Here, Defendants contend the privacy rights of family members of individuals who died in custody weigh against de-designating the documents pertaining to the deaths.  But Defendants do not address the fact that the County already releases information regarding in-custody deaths, including decedents' names, as represented in *Estate of Serna*.  *Id.*  Additionally, under a recently enacted California law, "any record relating to an investigation conducted by the local detention facility involving a death incident maintained by a local detention facility shall not be confidential and shall be made available for public inspection pursuant to the California Public Records Act . . .."  Cal. Penal Code § 832.10(b).  Given that the County releases information regarding in-custody deaths and that § 832.10(b) requires the release of records pertaining to investigations of in-custody deaths, the Court concludes, consistent with its ruling in *Estate of Serna*, that the County has not shown a particularized harm that would result from releasing that same information.  *Est. of Serna*, 2024 WL 3564460, at *4.  Moreover, the generalized concerns regarding family member privacy rights do not establish good cause for maintaining the documents' confidentiality under Ninth

20-cv-406-AJB-DDL

Circuit law.  *See id.* (citing *In re Roman Cath. Archbishop of Portland in Or.*, 661 F.3d at 424 ("[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" insufficient to demonstrate good cause)).

The precise scope of the records at issue is unclear because Defendants' brief refers to "medical records of a deceased person" (Dkt. No. 724 at 5); however, the exemplars submitted for *in camera* review include biographical information, booking documents and court documents but not include medical records.  *See* Dkt. No. 737 at 3 (Exh. H, SD 704804-704813).  It is Defendants' burden to establish "specific prejudice or harm" that would result from disclosure "for each particular document [they] seek[] to protect."  *Foltz*, 331 F.3d at 1130.  That Defendants did not submit medical records for the Court's review weighs against a finding of good cause.  Even assuming the documents contain decedents' medical information, there is a strong public interest in information regarding in-custody deaths, *Johnson*, 2023 WL 3994287, at *3, and "an individual's privacy rights with regard to medical records is diminished after death." *Marsh v. Cnty. of San Diego*, No. CIV. 05CV1568 JLS AJB, 2007 WL 3023478, at *3 (S.D. Cal. Oct. 15, 2007).  As such, the Court agrees with Plaintiffs that redaction of "information about specific prior diagnoses or medications" unrelated to the death (Dkt. No. 728 at 10) strikes the appropriate balance between the public's interest in the information and individual privacy concerns.  Subject to such redactions, the motion to maintain the confidentiality of these records is **DENIED**.

### 5.    Identities of Incarcerated Persons

Plaintiffs propose to redact the names of incarcerated persons from all the records they seek to remove from the Protective Order.  But Plaintiffs have neither shown any particularized harm that would result from the disclosure of incarcerated person names generally nor explained how the balancing of public and private interests would weigh in favor of not disclosing names.  *See, e.g., Doe v. Bonta*, 101 F.4th 633, 637 (9th Cir. 2024) (names and other biographical data "do[] not

implicate the right to informational privacy").  As discussed at the December 5 hearing, the parties may *elect* to redact incarcerated person names from information that is de-designated under the Protective Order prior to releasing any such information, but the present record does not support a finding of good cause to *require* redaction of incarcerated person names.

### 6.  Identities of County Employees

Defendants assert that good cause exists to redact personal information, including names, of County employees identified in documents produced in discovery, citing the "right of privacy of the employees in performing their job duties" and arguing that disclosure "serves no purpose other than trying the case through the press."  Dkt. No. 724 at 8.  Plaintiffs respond that names of peace officers are not protected personnel records under California law and that such information is also subject to disclosure under Penal Code § 832.10(b).  Plaintiffs further point out that prior filings in this case have included the names of County employees.  Dkt. No. 728 at 12 (citing Dkt. No. 621-2).

There exists "a right to informational privacy under the Fourteenth Amendment stemming from an individual's interest in avoiding disclosure of personal matters."  *Doe*, 101 F.4th at 637.  However, "biographical data," such as names, "does not implicate the right to informational privacy."  *Id.* (affirming dismissal of action challenging California statute authorizing disclosure of identifying information about purchasers of firearms and ammunition and persons holding permits to carry concealed weapons).  California law does protect "personnel records of peace officers and custodial officers" subject to certain exceptions.  *See* Cal. Penal Code § 832.7.  However, peace officers' names do not constitute "personnel records," *Comm'n on Peace Officer Standards & Training v. Superior Ct.*, 42 Cal. 4th 278, 289 (2007), and thus they may be publicly disclosed unless such disclosure would "link those names to any confidential personnel matters or other protected information."  *Long Beach Police Officers*

20-cv-406-AJB-DDL

*Assn. v. City of Long Beach*, 59 Cal. 4th 59, 73 (2014).  Based on the foregoing authorities, the Court concludes that Defendants' blanket request to redact the name of every County employee from the discovery materials irrespective of the type of record does not find support in federal or state law.[2]

At the December 5 hearing, Defendants referred the Court to *Macias v. City of Clovis*, No. 1:13-CV-01819-BAM, 2015 WL 7282841 (E.D. Cal. Nov. 18, 2015). *Macias* involved a discovery request by the plaintiff in a civil rights action for disclosure of "the personnel files of each of the defendant officers including documents containing social security numbers, dates of birth, drivers' license numbers, home addresses, financial and credit histories, resumes, medical and psychological information."  *Id.* at *2.   The personnel files also included "employment applications, background investigations, reassignment requests, personal history statements, oaths of office, polygraph questionnaires, performance evaluations, resignation letters, and affidavits of psychological screenings all generated as part of the hire process at the Clovis Police Department."  *Id.*  The District Court balanced the public and private interests and concluded "the balance tips in favor of ordering disclosure subject to a protective order."  *Id.* at *8.  Thus, the documents would be disclosed to the plaintiff, but "in light of the institutional concerns articulated by [d]efendants and the risks that the

---

[2]     Defendants cite authority applying the Freedom of Information Act's exemption from disclosure for "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  This exemption applies where there is "some nontrivial privacy interest in nondisclosure," and "[a] showing that the interest is more than de minimis will suffice."  *Cameranesi v. United States Dep't of Def.*, 856 F.3d 626, 637-38 (9th Cir. 2017).  However, Defendants provide no authority for the proposition that this statutory exemption provides the appropriate standard for evaluating whether they have established "particularized harm" sufficient to make a showing of good cause for a protective order under Rule 26(c).

indiscriminate public disclosure poses to police department operations and officer safety," the documents "will not be available for public dissemination." *Id.*

*Macias* involved a discovery request for specific officer personnel files containing a variety of sensitive information. *Id.* at *2. If this case presented a similar request for disclosure of sensitive personal information (*e.g.*, social security numbers, home addresses or employment applications), *Macias* would support Defendants' argument against public disclosure. But unlike *Macias*, Defendants seek to redact employee names from every document at issue regardless of whether the document contains sensitive or personnel information. *See, e.g.,* Dkt. No. 737 at 22 (citing disputed SDSO Notes 120522 – "Sergeant **REDACTED** working on a staff study to convert a holding cell into sobering/safety cell and into holding cell"). *Macias* does not support the blanket redactions of all employee names irrespective of the documents at issue. The motion to maintain confidentiality of employee names is **DENIED**.

## III.

## CONCLUSION

For the reasons stated above, Defendants' motion to maintain confidentiality [Dkt. No. 724] is **GRANTED IN PART** and **DENIED IN PART.** Rulings as to specific documents or document categories are set forth in the attached chart, which was submitted by the parties (Dkt. No. 737 at 12-33) and wherein the Court has replaced the "Outcome" column with its rulings. The parties' motions to seal [Dkt. Nos. 726, 738] are **GRANTED** for the reasons stated on the record.

**IT IS SO ORDERED.**

Dated: December 18, 2024

Hon. David D. Leshner
United States Magistrate Judge

*Dunsmore, et al. v. San Diego County Sheriff's Dep't, et al.*, 20-cv-0406-AJB-DDL

**ATTACHMENT TO ORDER ON DEFENDANTS' MOTION TO MAINTAIN CONFIDENTIALITY**

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| SDSO Inspection Reports | SD_583777 (initial bates number), SD_654067 | SD_583777 contains no information that is encompassed by any of the four categories in the protective order at Dkt. 400, Paragraph 4a, and it should be de-designated. Plaintiffs agree that SD_654067 may be redacted to protect the names and photos of incarcerated people. With that information redacted, the document should be de-designated. | Need redaction of employee names because of their privacy rights and the propensity for false reporting and potential harassment of employees. 654068 will not be designated. The specific identities and locations of individuals is a security risk. | The Court DENIES Defendants' motion as to SD-583777 because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *In re Roman Cath. Archbishop of Portland in Or.,* 661 F.3d 417, 424 (9th Cir. 2011).<br><br>It does not appear that the parties have provided the Court with SD_654067. |
| Grievances | SD_841287, SD_73941 | The only potentially protected information under the protective order are the names, birthdates, and booking numbers of incarcerated people. With that information redacted, these documents should be de-designated. | 841287 is a single page of a grievance from 1/31/2023. Please confirm author was in class and permission was obtained. Need redaction of all employee names on both. | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact dates of birth. |

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| Class Member Medical Records (discussion thereof) | Not applicable. | Plaintiffs seek agreement that the parties' experts can refer to information and quote from non-decedent class members' medical records publicly, so long as the class member's name is not disclosed.  For example, the discussion in expert reports or testimony of a given class member's medical issues would not be confidential, so long as the name is redacted.  With the name redacted, there is no individually identifiable health information protectable under the protective order.  This approach has been used in similar cases, such as the Jensen Arizona prison case. | Defendants will not make an agreement as to deceased individuals. Defendants do not have the right to make any decision about disclosing individual medical records and the request is a violation of the Court's order that individual medical records be disclosed confidential.  Defts. require written authorization from each person or a Court order requiring disclosure in violation of law. Plaintiff must comply with  Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv) as to decedent records. | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact the names and other identifying information of individuals receiving medical treatment. |
| SDSO Email Correspondence | SD_331805, SD_556275, SD_550498, SD_550530, SD_113706, | Defendants mass-tagged all emails produced in the ESI production as confidential. The listed emails do not appear to include any | There were 123 items originally listed. 31 were not emails, 27 have private medical information, 76 were de-designated and 1 is a | The Court DENIES Defendants' motion because the documents submitted for *in camera* review (Dkt. No. 737 at 3, Exhs. D and E) do not demonstrate that |

20-cv-406-AJB-DDL

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | SD_440432, SD_444419, SD_547833, SD_654107, SD_661839, SD_351122, SD_397590, SD_556249, SD_422647, SD_670246, SD_674265, SD_259265, SD_354832, SD_667926, SD_664776, SD_422647, SD_661601, SD_663501, SD_654059, SD_663908, SD_666127, SD_663558, SD_661735, SD_670158, SD_672195, SD_669715, SD_661900, SD_670326, SD_265287, SD_444419, | information protectable under the protective order, with the exception of some emails with individually identifiable health information about incarcerated people.  For such emails, Plaintiffs propose redacting the names and identifying information (such as booking numbers) of incarcerated people.  The names of decedents should not be redacted because the Sheriff's Department publicly announces the identities of people who die.  Plaintiffs do agree to redacting medical information about decedents not related to their deaths.  With those redactions to applicable emails, the emails should be de-designated.  Indeed, Defendants have agreed to de-designate other SDSO emails produced in this case.  See, e.g., SD_550334, SD_550488, SD_555565.  The Sheriff's | memo that state it must be destroyed after read referencing the contents of a sealed court order. Despite the claim that death reports were removed, they remain a part of the identified documents.  They are subject to Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). There are draft documents (not emails) which will not be de-designated under Govt. Code section 6255. There are confidential reports of the drug interdiction team that will not be de-designated. There is a draft email from Commander Soto-Meza to herself.  It is protected under Gov. Code section 6255. | "particularized harm will result from disclosure of [the] information to the public." *Id.* Defendants have not submitted any draft emails for the Court's *in camera* review, and Defendants have not explained how disclosure of drug interdiction team reports would result in particularized harm.  It does not appear that either party has provided the Court with a example of the disputed "death reports."  Defendants must show "for each particular document" they seek to protect "that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Given the absence of this information, Defendants' motion is DENIED. |

20-cv-406-AJB-DDL

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | SD_649702, SD_649704, SD_649706, SD_649707, SD_649708, SD_649710, SD_647265, SD_337577, SD_663908, SD_663558, SD_661735, SD_670158, SD_672195, SD_669715, SD_661900, SD_429591, SD_670326, SD_265287, SD_444419, SD_649702, SD_649704, SD_649706, SD_649707, SD_674265, SD_337577, SD_339036, SD_338723, SD_338964, | Department also produced many emails to Plaintiffs' counsel in response to Public Records Act requests.<br><br>Following meet and confer, Plaintiffs removed death records inadvertently included in this category. The documents in this list are emails and attachments to emails, and Plaintiffs maintain their position as to those documents. | | |

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | SD_339121, SD_252598, | | | |
| SDSO Texts and Teams Messages | SD_1525701, SD_1572826, SD_1572652, SD_1572813, SD_1572814, SD_1572660, SD_1572656 | These messages do not include any information covered by the protective order.  In the text message page, Plaintiffs propose redacting the phone numbers of any individuals who are not Sheriff's Department employees to protect their privacy.  These documents should be de-designated with those redactions. | 1525701 contains private text messages that should have been deleted but were not. We will de-designate all phone numbers, the private exchange and employee names for the above reasons. | The Court DENIES Defendants' motion to redact employee names because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *In re Roman Cath. Archbishop of Portland in Or.,* 661 F.3d at 424. |
| CLERB Investigation Reports | SD_50653, SD_50663, SD_50607, SD_50642, SD_469458, SD_50668, SD_399432, SD_548059, SD_50634, SD_50690, SD_50674, SD_50619, SD_50683, | The only potentially protected information under the protective order are the names and any other information regarding incarcerated people other than the decedent who were involved in each death investigation (i.e. as witnesses, suspects, etc.). This is consistent with Cal. Penal Code § 832.10, which makes investigations into jail deaths available as | CLERB Board Rules & Regulations mandate confidentiality of all complaints, personnel records, information from either or any other information protected by law. (Sections 8, 14.6) In addition, Cal. Health & Safety Code sections 123110 and 123105(e), *Catsouras v. Dept. of CHP,* 181 Cal.App.4th 856 (2010), and | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties may agree on redactions, but the Court does not order that any portions be redacted. |

5

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | SD_50647, SD_50678 | public records.  If that information is available as a public record, it need not be kept confidential in this litigation.  Plaintiffs are also amenable to redacting photographs that include the face of the decedent.  The Sheriff's Department makes the names of decedents and information about their deaths publicly available, including in news releases and on their website. These documents should be de-designated with the redactions described above. | 45 CFR 160.103, paragraph (2)(iv). | |
| Custody Records of Decedents | SD_574, SD_547, SD_51385, SD_620, SD_51257, SD_1022, SD_51002, SD_1046, SD_754, SD_51184, SD_704804, SD_652, SD_436666, SD_50911, | The only potentially protected information under the protective order regarding the decedent are the dates of birth, home addresses, telephone numbers, and drivers license (or other ID) numbers of decedents that appear in these records.  The names and any identifying information regarding | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact dates of birth, home addresses, and driver license (or other ID) |

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | SD_51057, SD_638, SD_51023, SD_51184, SD_50948 | incarcerated people other than the decedent who appear in these custody records may also be redacted. Plaintiffs are amenable to redacting photos that identify the faces of any incarcerated person. These documents should be de-designated with that information redacted. | | numbers of decedents and incarcerated persons. |
| CIRB Reports | | | | The Court GRANTS Defendants' motion as to CIRB Reports, which shall remain subject to the Protective Order pending the Ninth Circuit's opinion in *Greer v. County of San Diego*. |
| Jon Montgomery Statements Re: Deaths | SD_55712, SD_55254, SD_55387, SD_337295, SD_55159, SD_55675, SD_252598, SD_55886, SD_638, | The only potentially protected information under the protective order are the names and any other individually identifiable information regarding incarcerated people other than the decedent who were involved in each death investigation (i.e. as | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *In re Roman Cath. Archbishop of Portland in Or.,* 661 F.3d at 424. |

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | SD_55301, SD_55655 | witnesses, suspects, etc.), unless that information is already public. These documents should be de-designated with that information redacted. | | The parties must redact (1) dates of birth, home addresses, and driver license (or other ID) numbers of decedents and incarcerated persons and (2) prior diagnoses and medications unrelated to the decedent's death. |
| Homicide Unit Files Related to Decedents | SD_60986, SD_61444, SD_61008, SD_49170, SD_44420, SD_46505, SD_60582, SD_41849, SD_711503, SD_41623, SD_41475, SD_45307, SD_42389, SD_46137, SD_49218, SD_721931, SD_722730, SD_43860, SD_52465, | The only potentially protected information under the protective order regarding decedents are the dates of birth, home addresses, telephone numbers, and drivers license (or other ID) numbers of decedents that appear in these records. The names and other identifying information regarding incarcerated people other than the decedent who appear in these custody records may also be redacted. This is consistent with Cal. Penal Code § 832.10. Plaintiffs are | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). There is no right to any records beyond what is allowed by Penal Code §832.7. | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact (1) dates of birth, home addresses, and driver license (or other ID) numbers of decedents and incarcerated persons and (2) prior diagnoses and medications unrelated to the decedent's death. |

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | SD_43190, SD_49218, SD_55779, SD_51451, SD_51785, SD_49340, SD_42557, SD_41849, SD_43645, SD_42821, SD_45037, SD_43190, SD_42001, SD_46505, SD_49511 | amenable to redacting photos that identify the faces of any incarcerated person. These documents should be de-designated with the redactions described above. | | |
| Case Review PPTs for Decedents | SD_55395, SD_55222, SD_55681, SD_25832, SD_26049, SD_447297, SD_55670, SD_55891, SD_337297, SD_55716, SD_25668, SD_25742, SD_25805, SD_55325, | The only potentially protected information under the protective order regarding decedents are their dates of birth. The names and other identifying information regarding incarcerated people other than the decedent who appear in these custody records may also be redacted. This is consistent with Cal. Penal Code § 832.10. Plaintiffs are | Based upon Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact (1) dates of birth, home addresses, and driver license (or other ID) numbers of decedents and incarcerated persons and (2) prior diagnoses and medications |

9

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | SD_55368, SD_25720, SD_55915 | amenable to redacting photos that identify the faces of any incarcerated person. These documents should be de-designated with the redactions described above. | | unrelated to the decedent's death. |
| Area Activities Summary Reports for Decedents | SD_710839, SD_617, SD_635, SD_1043, SD_1065, SD_649, SD_1016, SD_1046 | The only potentially protected information under the protective order regarding decedents are their dates of birth, which may be redacted. The names and other identifying information regarding incarcerated people other than the decedent who appear in these custody records may also be redacted. This is consistent with Cal. Penal Code § 832.10. These documents should be de-designated with the redactions described above. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact dates of birth, home addresses, and driver license (or other ID) numbers of decedents and incarcerated persons. |
| Rescue Reports for Decedents | SD_25749, SD_232684 | The only potentially protected information in these documents under the protective order are the | Based upon Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because |

10

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | | decedents' dates of birth, which may be redacted. These documents should be de-designated with that information redacted. | Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact dates of birth of decedents. |
| Incident Reports for Decedents | SD_60616, SD_710839, SD_719547, SD_711503, SD_337577, SD_25671, SD_339036, SD_55655, SD_338964, SD_55886, SD_339121, SD_55254, SD_723620, SD_55362, SD_55843, SD_25790, SD_55308, SD_55802, SD_55944, SD_55787, SD_55387, SD_55880, SD_55147, | Based on Plaintiffs' review, the only potentially protected information under the PO are the names and any other individually identifiable information regarding incarcerated people other than the decedent who were involved in each death investigation (i.e. as witnesses, suspects, etc.). These documents should be de-designated with that information redacted. This is consistent with Cal. Penal Code § 832.10. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* |

11

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | SD_25901, SD_55242, SD_55745, SD_55277, SD_55655, SD_55676, SD_55308, SD_55186, SD_337221, SD_55900, SD_337258, SD_55802, SD_339121 | | | |
| Corrective Action Plans from Facility Inspections | SD_704026 | This document does not appear to include any information protectable under the protective order, and was included as part of the mass-tagged ESI production. This document should be de-designated. | It will be de-designated with employee identifying information removed. | The Court DENIES Defendants' motion to redact employee names because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* |
| SDSO Notes Documents | SD_120522 | This document does not appear to include any information protectable under the protective order, and was included as part of the mass-tagged ESI | 120522 will be de-designated with employee name removed. | The Court DENIES Defendants' motion to redact employee names because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* |

20-cv-406-AJB-DDL

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | | production. This document should be de-designated. | | |
| SDSO Disciplinary Documents | SD_583985, SD_548180, SD_652477, SD_652871, SD_462197 | These documents do not appear to include information protectable under the protective order. To the extent they include information protected by Penal Code 832.7, Plaintiffs propose redacting names and identifying information of the personnel alleged of misconduct. These documents should be de-designated with that information redacted.<br><br>9/30: At the 9/26 meet and confer, Plaintiffs additionally proposed redacting any information about non-jail-related misconduct. | The documents will not be de-designated. They are subject to privacy rights that are not waivable. | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact identifying information for employees from any documents that constitute personnel records under Cal. Penal Code § 832.7 and are not otherwise subject to public disclosure under Cal. Penal Code § 832.10. |
| SDSO Directive and Policy Documents | SD_213158, SD_183103, SD_332209, SD_332206, SD_183086, | These documents are directives and policy-related documents prepared by the Sheriff's Department. They do not appear to include any | All of the cited documents are drafts and will not pursuant to Govt. Code section 6255. | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that |

13

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | SD_183099, SD_183068, SD_332199, SD_332197, SD_332212 | information protectable under the protective order. In addition, the Sheriff's Department presented publicly to CLERB on Aug. 13,2024 about the screening directive discussed in SD_1579786, and the presentation is available at CLERB's website. These documents should be de-designated. | | "particularized harm will result from disclosure of [the] information to the public." *In re Roman Cath. Archbishop of Portland in Or.,* 661 F.3d at 424. |
| Watch Commander Logs | SD_704672, SD_1521709, SD_1523959 | Plaintiffs propose redacting the names and booking numbers of incarcerated people in the watch commander logs. The logs do not otherwise appear to include any information protectable under the protective order. These documents should be de-designated with the above-described information redacted. | The documents will not be de-designated. They contain employee names and assignments that alerts the public and IP's to the number of staff in specific areas placing both staff and IP's at risk. Redaction is not feasible. | The Court DENIES Defendants' motion with respect to employee names standing alone because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.*<br><br>The parties must redact information indicating staffing assignments, including the number of deputies assigned to specific areas. |
| MSD End of Shift/Daily Reports | SD_352331, SD_299693, | The only potentially protected information under | For reasons stated above, the Department will not agree to | The Court DENIES Defendants' motion to maintain the |

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | SD_339644, SD_203047, SD_291380 | the protective order are the names of incarcerated people. With those names redacted, the documents do not include individually identifiable health information and should be de-designated. | the public release of any private health information and redaction is not feasible. Removal of names and BN's only is not sufficient. | documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact the names and other identifying information of individuals receiving medical treatment. |
| SDSO Biweekly Area Report | SD_425751 | The only potentially protected information under the protective order are the names and booking numbers of incarcerated people. With those names redacted, this document should be de-designated. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), Catsouras v. Dept. of CHP, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). You will have to comply with the H&S code section to obtain any of the records. | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* |
| SDSO Daily Intelligence Brief | SD_639671 | Plaintiffs propose redacting the names, booking numbers, and other identifying information of incarcerated people and third parties. With those | The information is derived from JIMS. In addition it contains intelligence information which may compromise security and intelligence operations. | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result |

15

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | | redactions, this document should be de-designated. | There is no legitimate reason for designation and it will not be de-designated. | from disclosure of [the] information to the public." *Id.* The document submitted for *in camera* review (SD_424197) does not appear to contain information that could compromise security and intelligence operations. Defendants' argument that "[t]here is no legitimate reason for de-designation" seeks to assign the burden to Plaintiffs to justify de-designation, but it is Defendants' burden to establish "that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130. |
| Safety Check Log | SD_1090340 | This document does not appear to include any information protectable under the protective order. In addition, Defendants did not designate as confidential safety check audit documents, which include the same type of information found in these logs. See, e.g., SD_818778, | The document will not be de-designated. It provides IP information about where they are housed which is a security issue and there is no overriding public need to have this type of information under Govt. code section 6255. | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *In re Roman Cath. Archbishop of Portland in Or.,* 661 F.3d at 424. The document submitted for *in* |

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | | SD_818786. This document should be de-designated. | | *camera* review (SD_1090340) does not appear to contain any information that could compromise security. |
| Division of Inspectional Services Reports | SD_424197, SD_436462, SD_704518 | Plaintiffs propose redacting the names or identifying information of any incarcerated people and third parties. With those redactions, the documents do not include any information protectable under the protective order and should be de-designated. | 424197 and 704518: Please confirm that you represent all of the IP's involved and the IP entries will be redacted to remove all identifying information and de-designated. Anything relating to employee injury alone will be redacted in its entirety. 704518: Please confirm that you represent all of the IP's identified and all identifying information will be redacted and produced. | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact the names and other identifying information of third parties and individuals receiving medical treatment. In addition, the parties agree to redact information related to employee injuries. |
| DIU Assault Weapons Drugs Reports | SD_440237, SD_444210 | These documents do not include any information protectable under the protective order and should be de-designated.<br><br>In 440237, Plaintiffs agree with redacting slide 7 only. | The information is sensitive in nature to security issues, possible methods of making weapons, investigative tactics and there is no overriding need for public disclosure under Govt. Code section 6255. | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* |

17

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | | In 444210, Plaintiffs agree with redacting slide 4 and the "jail made weapons" stamp in slide 5. | | The parties must redact (1) the photographs in SD_440243 and SD_4440213, (2) the weapon descriptions in SD_444214 and (3) the photographs in the top left and bottom right corners of SD_444216. |
| Staffing Reports | SD_556542, SD_725946, SD_551333, SD_120294 | These documents are not encompassed by any of the categories in the protective order. Moreover, defendants have not designated other staffing reports confidential, including for example, SD_726781. These documents should be de-designated. | The documents will not be de-designated. Allowing the public to see staffing levels in specific areas of jails presents a risk to staff and IP's. There is no overriding public need for disclosure under Govt. Code section 6255. | The Court GRANTS Defendants' motion to maintain the documents under the protective order because the documents reflect staffing levels in specific areas of the jails. |
| Incident Report Log | SD_113833 | Based on Plaintiffs' review, the only potentially protected information under the PO are the names, dates of birth, and booking numbers of incarcerated people. With that information redacted, this documents should be de-designated. | All of the information is subject to the protective order and there is no feasible way to do redactions. There is no overriding public need for disclosure under Govt. Code section 6255. | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* Given the information contained in SD_113833, the parties must redact dates of birth. |

18

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| Rosters or Sick Call Reports with Names | SD_838061, SD_742289, SD_742290, SD_1575333, SD_117766, SD_724109, SD_630574, SD_117761, SD_117764,SD_1519379-1519380, SD_723737, SD_1517083, SD_1575978, SD_1575334,SD_165179, SD_727537, SD_727536, SD_727538, SD_727528, SD_727540, SD_115604, SD_115601, SD_115606 | Plaintiffs propose redacting the names and other individually identifiable information. With names and identifying information redacted, these documents do not include any information protectable under the protective order and should be de-designated. | Defendants will not de-designate without confirmation that all individuals on the list are Plaintiffs' clients and Plaintiffs provide written permission of the individuals to disclose their private health information.  There is no "redactions" exception to HIPPA. | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact the names and other identifying information of individuals receiving medical treatment. |
| Jon Montgomery 30(b)(6) Deposition | Volume I, 66:7-87:10 | In Volume I of the transcript, Defendants designated as confidential discussions of incarcerated person deaths. The names and information about the deaths of the | Based upon Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and | The Court DENIES Defendants' motion to maintain the documents under the protective order because Defendants have not shown that "particularized harm will result from disclosure |

19

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | | decedents are already made public by the Sheriff's Department. To the extent this information is not already public, there is a strong public interest in its disclosure. The entire transcript should be de-designated. | 45 CFR 160.103, paragraph (2)(iv). | of [the] information to the public." *Id.* |
| Occurrence Reports | SD_228274, SD_253189 | These documents are not encompassed by any of the categories in the protective order and should be de-designated. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP,* 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact the names and other identifying information of individuals receiving medical treatment unless the individual is deceased. |
| Quality Assurance Presentations, Agendas, Minutes | SD_1579823, SD_1579825, SD_1579826, | These quality assurance reports do not include any information protectable | Will be de-designated with any names redacted of either | The Court DENIES Defendants' motion to maintain the documents under the protective |

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | SD_733789, SD_735685, SD_733836, SD_729806, SD_735807, SD_121367, SD_169500, SD_171533 | under the protective order. To the extent the reports include identifying information about incarcerated people, Plaintiffs agree that identifying information should be redacted.  In addition, Defendants have produced other quality assurance reports without a confidentiality designation. See, e.g., SD_114399, SD_114397, SD_108236, SD_114363, SD_114467, SD_114433, SD_114600. These documents should be de-designated. | staff or IP's and medical information. | order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* |
| CLERB Complaint | SD_450449 | This document does not appear to include any information protectable under the protective order, and was included as part of the mass-tagged ESI production. This document should be de-designated. Defendants' new argument in the chart refers to restrictions on what CLERB | CLERB Board Rules & Regulations mandate confidentiality of all complaints, personnel records, information from either or any other information protected by law. (Sections 8, 14.6) Defendants cannot agree to de-designate. | The Court DENIES Defendants' motion to maintain the document under the protective order in its entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact complainant names and addresses if that information is |

20-cv-406-AJB-DDL

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | | can do, not Defendants.  As Plaintiffs' brief indicates, the information in this particular complaint is already in the public record. | | not already available to the public. |
| Letters re: Treatment at Jail | SD_118472, SD_118454 | These documents do not appear to include any information protectable under the protective order, and were included as part of the mass-tagged ESI production.  In addition, SD_118454 shows the writer's intent to share the information widely, including with news organizations. These documents should be de-designated. | Defendants will not de-designate without confirmation that all individuals who authored the documents approve. Defendants have no information about the intent of any of the drafters. | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The letter submitted as Exhibit M to the Grunfeld Declaration (Dkt. No. 727 at 354) indicates that it was sent to multiple third parties, including news organizations. |
| SDSO Meeting Agendas and Rosters | SD_183088, SD_733277, SD_733606, SD_733632, SD_733612, SD_733581, SD_733643, SD_733588, SD_735473, | These meeting agendas and rosters do not include the names of individual incarcerated people, or any other information protectable under the protective order.  Defendants also did not designate confidential similar | The description is inaccurate. They include private medical information and are not generic agendas and rosters. The documents will be de-designated with all employee names and IP information including personal medical information redacted. | The Court DENIES Defendants' motion to maintain the documents under the protective order in their entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact the |

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | SD_731369, SD_732823, SD_732809, SD_732834, SD_168053, SD_730546, SD_167863, SD_730772, SD_730756, SD_733307, SD_188571, SD_556276, SD_637671 | documents, such as SD_114396. These documents should be de-designated. | | identities of any incarcerated persons whose personal medical information is contained in the records. |
| Homicide Report | SD_442998 | Plaintiffs propose redacting the first two pages and otherwise de-designating this document, which discuss deaths of individuals not related to the Jail. The information on the third page regarding deaths at the Jail is made public in the Sheriff's Department's CIRB summaries, at https://www.sdsheriff.gov/resources/transparency-reports. | Based upon Cal. Health & Safety Code section 123110 and 123105(e), *Catsouras v. Dept. of CHP*, 181 Cal.App.4th 856 (2010), and 45 CFR 160.103, paragraph (2)(iv). The information is also subject to Penal Code §832.7. | The Court DENIES Defendants' motion to maintain the document under the protective order in its entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact the first two pages of the document. |

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| Sick Call List | SD_320377 | Plaintiffs propose redacting the names, booking numbers, birth dates, and any identifying information of the incarcerated people in this document. With that information redacted, the document does not include any information protectable under the protective order and should be de-designated. | The document qualifies as a medical record subject to the individuals' names who appear and is subject to privacy rights and HIPPA. The document will not be de-designated. | The Court DENIES Defendants' motion to maintain the document under the protective order in its entirety because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The parties must redact the names and other identifying information of individuals receiving medical treatment. |
| Photographs from Plaintiffs' Experts' Inspections of Jail Facilities (January, February, and May 2024) | SD_744817-745551, SD_745552-745562, SD_742639-743226, SD_743927-744689, SD_745563-745568, SD_745569-745587, SD_743227-743926, SD_983511- | The parties agreed to a procedure for Defendants to redact any photos with class members' faces or other identifying features and to "remove any photos with content that compromises facility security" prior to production. Accordingly, these photographs are not encompassed by any of the categories that the protective order states merit protection as confidential or confidential - for counsel | The photos removed before production were of particular sensitivity and the photos produced were designated confidential because allowing them to be released to the public without any attempt to narrow to a specific photo allows the public to deduct locations, layouts and security measures in the jails. | The Court DENIES Defendants' motion to maintain the photographs under the protective order because Defendants have not shown that "particularized harm will result from disclosure of [the] information to the public." *Id.* The photographs provided by Plaintiffs for the Court's *in camera* review depict a day room and a recreation yard at common areas at George Bailey. Defendants submitted approximately 1797 pages |

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | 983520, SD_983521-983639, SD_983640-983835, SD_1579294-1579679, SD_1579007-1579293 | only. See Dkt. 400, ¶4a-b. In addition, Defendants attached jail photographs to public, unsealed filings in this case. See, e.g., Dkt. 312, Exs. E-G.<br><br>9/30: Plaintiffs request that you de-designate photographs inserted into the text of expert reports and/or included in their appendices or exhibits. This would apply to the Graham, Stewart, Sanossian, and Snell reports and rebuttal reports, without prejudice to our right to seek the de-designation of other inspection photographs in the future, and without waiver of your contention that they should not be de-designated. | | pertaining to the Sanossian expert report for the Court's *in camera* review, but Defendants do not explain how disclosure of any of the photographs contained within those pages would cause particularized harm. |
| Sheriff's Department Detention Services Bureau Policies and Procedures | SD_652967 | Plaintiffs dispute whether the document is a draft. It is a redline that shows the changes between a previous | 652967 is a draft and will not be de-designated pursuant to Govt. Code section 6255 because there is no | The Court DENIES Defendants' motion to maintain the document under the protective order in its entirety because Defendants have not shown that |

| Document Description | Bates Number(s) | Plaintiffs' Position | Defendants' Position | Court's Ruling |
|---|---|---|---|---|
| | | version of a policy and the new version of the policy. | overriding reason for disclosure. | "particularized harm will result from disclosure of [the] information to the public." *Id.* |

20-cv-406-AJB-DDL