Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Deann Rivard (SBN 177482)
E-mail: drivard@bwslaw.com
Martin Kosla (SBN 247224)
E-mail: mkosla@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800  Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300  Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' EX PARTE APPLICATION [DOC. #784] FOR EXTENSION OF BRIEFING DEADLINES**<br><br>Judge: Anthony J. Battaglia |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-6242-6375 v3

1

Case No. 3:20-cv-00406-AJB-DDL
DEFS.' OPP. TO EPA RE BRIEFING

Defendants COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT ("Defendants") hereby submit their response to Plaintiffs' *ex parte* application [Doc. #784] to extend by two-weeks the briefing deadlines set forth by this Court in its order [Doc. #783] on December 17, 2024, with regard to Defendants' motion for partial summary judgment [Doc. #782], Plaintiffs' motion to exclude opinions of Defendants' experts [Doc. #779], and Plaintiffs' motion to file documents under seal [Doc. #780], as follows:

## ARGUMENT

In their ex parte application, Plaintiffs have not shown the "good cause" needed to extend the briefing deadlines that the Court already set for these pending motions in this case.  *See*, Fed. R. Civ. Pro. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires …").

In particular, Plaintiffs argue that their attorneys and experts have pre-existing plans during the holiday season.  (Ex Parte at pp. 3-4.)  However, during the preparation of Defendants' motion for partial summary judgment, some of the attorneys working on the motion had to re-arrange their family commitments to ensure that the motion was timely filed.  (In its order [Doc. #772], dated December 9, 2024, the Court denied Defendants' ex parte application [Doc. #771] for a <u>one-one week extension</u> of the deadline by which to file the motion for partial summary judgment from December 16 to 23, 2024.)  Additionally, one of the experts who submitted a declaration in support of the summary judgment motion was out-of-town at the time but re-arranged his schedule, so that his declaration could be finalized and signed.

///

///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4902-6242-6375 v3

2

Case No. 3:20-cv-00406-AJB-DDL
DEFS.' OPP. TO EPA RE BRIEFING

In their ex parte application, Plaintiffs also argue that the Appendix of evidence filed in support of the motion for partial summary judgment "lacks any paginated Table of Contents as required by Local Civil Rule 5.1(e)." (Ex Parte at p. 3.) However, the entire motion for partial summary judgment has been bookmarked (in PDF form). The appendix of evidence in support of the motion has also been bookmarked (including each declaration and the exhibits attached to that declaration), as follows:



As such, Plaintiffs' counsel should not have difficulty in reviewing the appendix of evidence and the exhibits contained therein in order to prepare an opposition.

Plaintiffs also argue in their ex parte application that the appendix of evidence contains evidence never produced in discovery. (Ex Parte at p. 3.) As indicated in the motion, the Disease Management Guidelines ("DMGs") were *just* released. In any event, for the purposes of the summary judgment motion, a detailed medical analysis of these treatment guidelines should not be necessary. *See, e.g., Toguchi v. Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2004) ("a difference of opinion between prisoner-patient and prison medical authorities regarding treatment does not give

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4902-6242-6375 v3

3

Case No. 3:20-cv-00406-AJB-DDL
DEFS.' OPP. TO EPA RE BRIEFING

rise to a § 1983 claim"); see also, *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). The DMGs were included in the motion for summary judgment to demonstrate that Defendants now have such treatment guidelines (as opposed to not having them before). The same applies to the newly implemented triage pilot program that is referred to in the motion, and other changes to programs. This case is one for injunctive relief but the County continues to improve its programs; as such, any new developments are shared despite the fact they did not exist during the phase of 30(b)(6) depositions.

Plaintiffs also argue that their attorneys have multiple other competing deadlines in other cases in the coming weeks. (Ex Parte at p. 2.) However, there is not much merit to this. Indeed, the attorneys representing Defendants who will be working on the reply documents for the summary judgment motion also have numerous deadlines in their other cases that they will need to manage and juggle in the coming weeks. Plaintiffs have a large number of attorneys assigned to this matter. Notwithstanding, in the spirit of cooperation, Defendants are agreeable to a one-week (but not a two-week) extension of the deadlines for the pending motions.[1]

Dated: December 18, 2024              BURKE, WILLIAMS & SORENSEN, LLP


By:     */s/ Susan E. Coleman*
Susan E. Coleman
Elizabeth M. Pappy
Deann Rivard
Martin Kosla

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S OFFICE and SAN DIEGO COUNTY PROBATION DEPARTMENT

---

[1] This is an equitable solution. When Defendants sought a one-week extension of the summary judgment motion, Plaintiffs' counsel indicated that they would not oppose Defendants' ex parte application for such an extension.