GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the Certified Class and Subclasses

(*defense counsel on following page*)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT RE: THIRD CLAIM FOR RELIEF AND PLAINTIFFS' MOTION FOR APPROVAL OF DISTRIBUTION METHOD FOR CLASS NOTICE**<br><br>Judge:   Hon. Anthony J. Battaglia<br><br>Date:   March 6, 2025<br>Time:   2:00 p.m.<br>Crtrm.: 4A |

[4630136.3]

1 | (*counsel continued from preceding page*)

2 | Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
3 | BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
4 | San Diego, CA 92101-8474
Tel: 619.814.5800  Fax: 619.814.6799

5 |
Elizabeth M. Pappy (SBN 157069)
6 | E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
7 | 60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
8 | Tel: 408.606.6300  Fax: 408.606.6333

9 | Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
10 | COUNTY SHERIFF'S OFFICE and SAN DIEGO COUNTY PROBATION
DEPARTMENT

[4630136.3]

Case No. 3:20-cv-00406-AJB-DDL

MEMO. OF POINTS & AUTH. ISO JT. MOTION FOR PRELIM. APPROVAL OF SETTLEMENT AGRMT. RE:
3D CLAIM FOR RELIEF AND PLS.' MOTION FOR APPROVAL OF DISTRIB. METHOD FOR CLASS NOTICE

# TABLE OF CONTENTS

Page

FACTUAL AND PROCEDURAL BACKGROUND ................................................ 2

    A.    Plaintiffs' Third Claim for Relief Seeks Relief Under Federal and State Disability Laws ................................................................... 2

    B.    Plaintiffs File a Second Preliminary Injunction Motion, the Parties Reach a Partial Settlement, and the Court Certifies the Class and Subclasses ......................................................................... 2

    C.    Litigation Over the Remainder of the Third Claim for Relief ............... 3

SUMMARY OF THE SETTLEMENT AGREEMENT ............................................. 4

ARGUMENT ............................................................................................................. 6

I.    THE SETTLEMENT AGREEMENT IS FAIR, REASONABLE, AND SHOULD BE GRANTED PRELIMINARY APPROVAL ............................. 6

II.    THE SETTLEMENT AGREEMENT DOES NOT PROVIDE FOR ANY PARTICULAR AMOUNT OF ATTORNEYS' FEES, BUT PROVIDES FOR LITIGATION OF ANY CLAIM FOR ATTORNEYS' FEES AND EXPENSES ......................................................... 9

III.    THE PROPOSED NOTICE SATISFIES DUE PROCESS AND SHOULD BE APPROVED ............................................................................ 10

IV.    PLAINTIFFS' POSITION ON DISTRIBUTION OF CLASS NOTICE ....... 10

V.    THE COURT SHOULD ISSUE A SCHEDULING ORDER AND SET A DATE FOR THE FAIRNESS HEARING .................................................. 12

CONCLUSION ........................................................................................................ 13

# TABLE OF AUTHORITIES

Page
**CASES**

*Bloom v. City of San Diego*,
   No. 3:17-cv-02324-AJB-DEB, 2024 WL 1162103 (S.D. Cal. Mar. 18, 2024) .................................................................................................... 7, 8

*Campbell v. Facebook, Inc.*,
   951 F.3d 1106 (9th Cir. 2020) ................................................................................. 8

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir. 1992) ................................................................................. 7

*Frank v. Gaos*,
   586 U.S. 485 (2019) ................................................................................................. 7

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ................................................................................. 7

*In re Google Referrer Header Privacy Litig.*,
   No. 5:10-CV-04809 EJD, 2014 WL 1266091 (N.D. Cal. Mar. 26, 2014) ........ 7

*In re Hyundai & Kia Fuel Econ. Litig.*,
   926 F.3d 539 (9th Cir. 2019) ........................................................................ 7, 8, 10

*In re Wireless Facilities, Inc. Secs. Litig. II*,
   253 F.R.D. 607 (S.D. Cal. 2008) ............................................................................. 8

*Lane v. Facebook, Inc.*,
   696 F.3d 811 (9th Cir. 2012) ................................................................................. 7

*Nunez v. City of New York*,
   No. 11 CIV. 5845 LTS JCF, 2013 WL 765132 (S.D.N.Y., Feb. 28, 2013) ...................................................................................................................... 11

*Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*,
   688 F.2d 615 (9th Cir. 1982) ............................................................................... 12

*Rodriguez v. W. Publ'g Corp.*,
   563 F.3d 948 (9th Cir. 2009) ............................................................................... 10

*Spann v. J.C. Penney Corp.*,
   314 F.R.D. 312 (C.D. Cal. 2016) .......................................................................... 12

*Toolajian v. Air Methods Corp.*,
   No. 18-cv-06722-AGT, 2020 WL 8674094 (N.D. Cal. Apr. 24, 2020) ............ 7

*Van Bronkhorst v. Safeco Corp.*,
   529 F.2d 943 (9th Cir. 1976) ................................................................................. 7

**STATUTES**

29 U.S.C. § 705 .................................................................................................................... 3

42 U.S.C. § 12102 ................................................................................................................ 3

Cal. Gov't Gode § 12926 ..................................................................................................... 3

**RULES**

Fed. R. Civ. P. 23 ..................................................................................................... 1, 6, 7, 10

Fed. R. Civ. P. 30 ................................................................................................................. 4

**OTHER AUTHORITIES**

William B. Rubenstein, Newberg on Class Actions, § 13.15 (5th ed. 2016) ....................................................................................................................... 7

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner (collectively, "Plaintiffs") and Defendants San Diego County and the San Diego County Sheriff's Office (formerly known as "Sheriff's Department") (collectively, "Defendants") jointly request that the Court grant preliminary approval to the Parties' Settlement Agreement, which is attached as Exhibit A to the Declaration of Gay Crosthwait Grunfeld ("Grunfeld Decl."), filed herewith. The Settlement Agreement provides relief to the certified subclass of incarcerated people with disabilities ("Incarcerated People with Disabilities Subclass" or "Subclass") who are currently incarcerated in the San Diego County Jail system and who will be incarcerated in the Jail in the future. The Settlement Agreement requires Defendants to implement measures to safeguard the rights of Subclass Members incarcerated at all Jail facilities, as further specified below.

In 2023, the parties reached a partial settlement of the Third Claim for Relief, which the Court approved. *See* Dkt. 355 ("2023 ADA Order"). The instant Settlement Agreement resolves the remainder of Plaintiffs' Third Claim for Relief.

The Settlement Agreement is fair, adequate, and reasonable and is the product of serious, informed, and non-collusive negotiations between experienced and knowledgeable counsel and officials from the County. It satisfies all criteria for preliminary approval under Rule 23 of the Federal Rules of Civil Procedure. Additionally, the Parties' Proposed Notice and schedule for a fairness hearing will allow Subclass Members an adequate opportunity to review and comment on the Settlement Agreement and is consistent with the Parties' desire for prompt implementation of the Settlement Agreement.

Accordingly, the Parties respectfully request that the Court (1) grant preliminary approval of the Settlement Agreement; (2) approve the Proposed

Notice, attached as Exhibit B to the Grunfeld Declaration; and (3) adopt the schedule proposed herein for Class Member objections, the filing of a Motion for Final Approval, and for hearing the motions and addressing objections detailed herein.

Plaintiffs also seek an order directing distribution of the notice as set forth below.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.    Plaintiffs' Third Claim for Relief Seeks Relief Under Federal and State Disability Laws**

On March 2, 2020, Plaintiff Darryl Dunsmore filed this case as an individual action, including claims for disability accommodations. Dkt. 1. On February 9, 2022, Plaintiff Dunsmore, joined by additional named plaintiffs, filed the Second Amended Complaint raising class claims under the Americans with Disabilities Act, Rehabilitation Act and California Government Code section 11135 (collectively "ADA"). Dkt. 81. On May 2, 2022, Plaintiffs filed a motion for preliminary injunction seeking, among other things, changes to jail facilities and to ADA policies and procedures to remedy program access issues for people with mobility disabilities. Dkt. 119-1 at 16. The Court denied that motion. Dkt. 203. Plaintiffs filed their Third Amended Complaint, Dkt. 231 ("TAC"), on November 18, 2022. The Third Claim for Relief in the TAC seeks relief under the Americans with Disabilities Act ("ADA"), Rehabilitation Act, and related state law (collectively "ADA").

**B.    Plaintiffs File a Second Preliminary Injunction Motion, the Parties Reach a Partial Settlement, and the Court Certifies the Class and Subclasses**

The parties started discussing the potential for settlement of issues related to the ADA in January of 2023. On April 25, 2023, after obtaining expedited discovery specific to ADA issues, *see* Dkt. 258, Plaintiffs filed renewed motions for preliminary injunction and provisional class certification. Dkt. 281. The

preliminary injunction motion sought to ensure the provision of sign language interpretation to people with hearing disabilities and to ensure the provision of safe, accessible housing to people with mobility disabilities. *Id.* at 1. The County opposed the motion while the parties continued settlement discussions. Dkt. 311. After settlement discussions with the assistance of Magistrate Judge David D. Leshner, the parties reached an agreement as stated in the 2023 ADA Order. *See* Dkt. 355. The 2023 ADA Order addressed facility modifications at San Diego Central Jail to provide accessible housing for people with mobility disabilities, as well as the provision of sign language interpretation for people with hearing disabilities requiring sign language interpretation. *See* Dkt. 355. Pursuant to the 2023 ADA Order, the County filed a proposed ADA Plan on October 5, 2023. Dkt. 409. Plaintiffs filed objections to the ADA Plan, Dkt. 416, which the Court addressed on April 24, 2024. Dkt. 620. The parties resolved their disputes regarding the ADA Plan, filed a joint motion, and the Court approved the final Amended ADA Plan on August 23, 2024. Dkt. 696. Modifications at Central Jail pursuant to the 2023 ADA Order are ongoing.

On November 3, 2023, after a joint motion by the Parties, the District Court entered an Order Granting Joint Motion for Class Certification and Approval of Proposed Class Action Notice Plan. Dkt. 435. This Order certified the Incarcerated People with Disabilities Subclass, defined as "All adults who have a disability, as that term is defined in 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(j) and (m), and who are now, or will be in the future, incarcerated in any of the San Diego County Jail facilities." *Id.* at 10. The Order approved Rosen Bien Galvan & Grunfeld LLP, Law Office of Aaron Fischer, and DLA Piper LLP (US) as Class Counsel. *Id.* at 10-11.

### C. Litigation Over the Remainder of the Third Claim for Relief

Following the 2023 ADA Order, the parties continued to litigate the remaining aspects of the Third Claim for Relief. The parties engaged in fact and

expert discovery related to the Third Claim for Relief, including six on-site facility inspections by Plaintiffs' qualified ADA expert, several Rule 30(b)(6) depositions, document production, and exchanges of expert reports. Grunfeld Decl., ¶ 6.

Over the course of several months in 2024, the Parties exchanged proposals to resolve the Third Claim for Relief. The Parties also met regularly with Magistrate Judge Leshner for settlement discussions. These discussions with Magistrate Judge Leshner took place on August 25, 2023, September 1, 2023, September 29, 2023, November 6, 2023, March 6, 2024, April 19, 2024, June 3, 2024, July 3, 2024, July 10, 2024, July 29, 2024, October 9, 2024, October 18, 2024, October 28, 2024, November 4, 2024, November 6, 2024, November 13, 2024, and November 20, 2024. The Parties also conducted settlement discussions without the involvement of Judge Leshner. Together, the discussions spanned dozens of hours. Grunfeld Decl., ¶ 16. The Board of Supervisors approved the settlement on December 11, 2024. *Id.* On December 12, 2024, the parties filed the Settlement Agreement as a joint motion, Dkt. 776, and the Court approved the Settlement Agreement the same day. Dkt. 777.

## SUMMARY OF THE SETTLEMENT AGREEMENT

The Settlement Agreement approved by this Court is attached as Exhibit A to the Grunfeld Declaration. The Settlement Agreement resolves the remainder of Plaintiffs' Third Claim for Relief not addressed by the 2023 ADA Order and identifies the measures that Defendants have agreed to implement to resolve that claim.

The Settlement Agreement addresses each of the issues in Plaintiffs' Third Claim for Relief, including the identification and tracking of people with disabilities, accommodations for people with hearing and speech disabilities, accommodations for people with mental illness and substance use disorders, provision of assistive devices to people with disabilities, safe housing and access to programs, requests for disability accommodations, and accommodations for people with

disabilities in emergency situations. *See* TAC ¶¶ 230-294.

Specifically, the Settlement Agreement includes the following requirements:

### *Policies, Procedures, and Practices to Protect ADA Rights*

The Settlement Agreement details a number of measures that Defendants will take or will continue taking to protect the ADA rights of Subclass Members, including, for example: (1) maintaining the ADA Unit created in June 2023 to facilitate the County's compliance with the ADA; (2) informing Subclass Members of their rights upon orientation at the jail; (3) revising custody and medical policies and procedures, and providing annual training to all relevant staff, including contracted staff; (4) identifying and tracking all incarcerated people with disabilities and the accommodations they require; (5) housing Subclass Members consistent with their disabilities; (6) providing equal access to programs, services, and activities consistent with the ADA; (7) providing a means for Subclass Members to request disability accommodations and grieve a denial; (8) providing effective communication to incarcerated persons with communication disabilities; (9) providing and maintaining assistive devices for incarcerated people who need them; (10) providing accommodations in emergency situations; (11) assessing, documenting, and providing accommodations for people with learning, intellectual, and developmental disabilities; (12) identifying, tracking, and providing accommodations for people with mental health disabilities; and (13) documenting and providing accommodations to Subclass Members in other aspects of incarceration in the jail, including searches and transportation.

### *ADA Facility Modifications*

In addition to the ongoing ADA facility modifications at San Diego Central Jail pursuant to the 2023 ADA Order, under the Settlement Agreement, the County agrees to make additional ADA facility modifications at multiple facilities, including at Las Colinas Detention and Reentry Facility (the primary women's jail); George Bailey Detention Facility (the largest men's jail); Vista Detention Facility;

Rock Mountain Detention Facility; and South Bay Detention Facility. In addition, the County will, within 18 months of the Settlement Agreement, conduct a comprehensive assessment to determine whether additional housing or other measures are necessary. Within four years of the Settlement Agreement, the County agrees to house every person with a disability with appropriate accessibility features consistent with their individual disability needs.

*Neutral Experts to Issue Reports on Compliance*

To help ensure compliance with the Settlement Agreement, the County agrees to retain two neutral experts with relevant professional expertise. One neutral expert will be responsible for assessing the physical modifications to the facility, while the other will be responsible for evaluating compliance with policies, practices, procedures, and training under the Settlement Agreement. The parties expect to continue working with the same neutral expert currently retained to assess compliance at Central Jail and will choose a second neutral expert for the policy, practice, procedure, and training issues. The neutral experts will conduct site visits of jail facilities twice per year, interview staff and Subclass Members, and have access to documents, which they will use to issue twice-yearly reports on compliance with the Settlement Agreement. The parties will accompany the neutral experts on their site visits and will have the opportunity to provide comments on the neutral experts' draft reports.

*Continuing Court Jurisdiction*

The Court will exercise continuing jurisdiction over the Settlement Agreement until the County has achieved substantial compliance with the Settlement Agreement.

**ARGUMENT**

I. **THE SETTLEMENT AGREEMENT IS FAIR, REASONABLE, AND SHOULD BE GRANTED PRELIMINARY APPROVAL**

Federal Rule of Civil Procedure 23(e) conditions the settlement of any class

action on court approval. *Frank v. Gaos*, 586 U.S. 485, 492 (2019). The Ninth Circuit recognizes the "overriding public interest in settling and quieting litigation … particularly … in class action suits …." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (There is a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."); *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556 (9th Cir. 2019) (same). A court may probe the parties' consensual agreement only "to ensure that it is 'fair, adequate, and free from collusion.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)); *see* Fed. R. Civ. P. 23(e)(2) (the court may approve settlement "only after a hearing and on finding that it is fair, reasonable, and adequate"). District courts have "broad discretion" over settlement approval. *See Lane*, 696 F.3d at 818.

At the preliminary approval stage, the Court need only find that the proposed settlement is within the range of reasonableness such that it is appropriate to disseminate notice to the class and schedule a fairness hearing. *See Bloom v. City of San Diego*, No. 3:17-cv-02324-AJB-DEB, 2024 WL 1162103, at *4 (S.D. Cal. Mar. 18, 2024) (noting proposition that at preliminary approval, a settlement "need only be potentially fair"); *see also* William B. Rubenstein, Newberg on Class Actions, § 13.15 (5th ed. 2016). "At this point, the court's role is to determine whether the settlement terms fall within a reasonable range of possible settlements, with 'proper deference to the private consensual decision of the parties' to reach an agreement rather than to continue litigating." *Toolajian v. Air Methods Corp.*, No. 18-cv-06722-AGT, 2020 WL 8674094, at *7 (N.D. Cal. Apr. 24, 2020) (quoting *In re Google Referrer Header Privacy Litig.*, No. 5:10-CV-04809 EJD, 2014 WL 1266091, at *6 (N.D. Cal. Mar. 26, 2014)).

To determine whether an agreement is fundamentally fair, adequate, and reasonable, the Court may preview the factors that ultimately inform final approval:

(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1121 (9th Cir. 2020); *see also Bloom*, 2024 WL 1162103, at *4. Courts have found an absence of collusion when settlement negotiations are conducted by a third-party mediator. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at 569; *accord* Bloom, 2024 WL 1162103, at *4; *see also In re Wireless Facilities, Inc. Secs. Litig. II*, 253 F.R.D. 607, 610 (S.D. Cal. 2008) ("Settlements that follow sufficient discovery and genuine arms-length negotiation are presumed fair.").

Accordingly, at preliminary approval, so long as the settlement agreement falls into the range of possible approval, with deference to the result of the parties' arms-length negotiations and the judgment of experienced counsel following sufficient investigation and discovery—the settlement should be preliminarily approved.

Here, the Settlement Agreement is fundamentally fair, adequate, and reasonable. The parties reached the Settlement Agreement after seventeen settlement conferences with Magistrate Judge David Leshner, including several all-day, in-person settlement conferences. Grunfeld Decl., ¶ 16. In coming to agreement on the Settlement Agreement terms, the parties exchanged numerous draft written proposals over six months. *Id.* As the Court has already found, Class Counsel collectively have extensive expertise in disability law, class action cases, and in litigation regarding the rights of incarcerated persons. *See* Dkt. 435 at 8. The parties have investigated the factual and legal issues raised in this action, conducted extensive fact and expert discovery, vigorously litigated the matter, and diligently negotiated the Settlement Agreement.

Class Counsel have considered the complexity of this action, the length of time until trial, and the risks inherent in litigation and believe that the Settlement Agreement is an acceptable alternative to trial. Grunfeld Decl., ¶¶ 11-15. Counsel on both sides view this agreement as a successful compromise that will afford significant benefits to the Class Members. Thus, the fact that qualified, well-informed counsel endorse the Settlement Agreement as being fair, reasonable, and adequate weighs in favor of preliminary approval. The parties also negotiated the Settlement Agreement for the benefit of the Subclass Members, while leaving determination of the amount of attorneys' fees and costs for a later motion. This further demonstrates the absence of any collusion.

Moreover, the Settlement Agreement is a reasonable result given the risks to the Subclass if the Parties had litigated the Third Claim for Relief and the likelihood of significant delay in seeing relief implemented. *See* Grunfeld Decl., ¶¶ 11-15.

## II. THE SETTLEMENT AGREEMENT DOES NOT PROVIDE FOR ANY PARTICULAR AMOUNT OF ATTORNEYS' FEES, BUT PROVIDES FOR LITIGATION OF ANY CLAIM FOR ATTORNEYS' FEES AND EXPENSES

It is the practice of class counsel in cases such as this one to defer any specific discussion of attorneys' fees and expenses until after prospective relief has been secured for the class. The Parties have therefore reached no agreement regarding any specific amount of attorneys' fees and expenses to be recovered pursuant to governing law. Class counsel has agreed to bear the risk of litigating the amount of fees and expenses recoverable, with no guarantee of receiving any specific amount. Instead, fees and costs are to be addressed through the litigation process.

Specifically, the Settlement Agreement provides that Class Counsel may move for an award of reasonable fees, expenses, and costs for obtaining the relief set forth in the Settlement Agreement. The Court has set a January 24, 2025 deadline for Plaintiffs' motion for attorneys' fees. *See* Dkt. 775.

In addition, the Settlement Agreement sets forth a process for Class Counsel

to seek their reasonable fees for post-settlement date work performed in conjunction with the Third Claim for Relief, including under the 2023 ADA Order and the Settlement Agreement. *See* Grunfeld Decl., Ex. A at ¶¶ 161-62.

### III. THE PROPOSED NOTICE SATISFIES DUE PROCESS AND SHOULD BE APPROVED

Notice provided under Fed. R. Civ. P. 23(e) must "generally describe[ ] the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d at 567 (quoting *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009)).

The notice standard is satisfied here. The Proposed Notice informs the Incarcerated People with Disabilities Subclass of the relevant aspects of the litigation and the settlement, including: (i) a brief statement of this action and the Third Claim for Relief, the Settlement Agreement, and the claims released by the Subclass; (ii) the date and time of the hearing on final approval, as scheduled by this Court; and (iii) the deadline and process for submitting objections to the Settlement Agreement. *See* Grunfeld Decl., Ex. B. The Parties request that the Court approve the Proposed Notice.

### IV. PLAINTIFFS' POSITION ON DISTRIBUTION OF CLASS NOTICE

Rule 23 requires notice to the Subclass "in a reasonable manner," as members of the Subclass have the right to object to the Settlement Agreement. Fed. R. Civ. P. 23(e). Thus, the first "Major Checkpoint" in the Federal Judicial Center's guidelines for class notice on judges asks, "Will notice effectively reach the class?" and provides specific guidance about how a notice can effectively reach a class. Grunfeld Decl., Ex. H. Similarly, the Northern District of California maintains guidance for class action settlements holding parties "should explain how the notice distribution plan is effective." Grunfeld Decl., Ex. I. Thus, for example, in cases involving incarcerated class members, courts order distribution of notice throughout

the jail facilities. *See, e.g.*, *Nunez v. City of New York*, No. 11 CIV. 5845 LTS JCF, 2013 WL 765132, at *2 (S.D.N.Y., Feb. 28, 2013) (directing notice of class certification to be posted in English and Spanish in jails' law libraries, housing units, and receiving rooms, and provided individually to persons involved in "Class A" use of force incidents); Grunfeld Decl., Ex. J (order in California jail case directing county to post notice throughout jail, provide handouts to all arriving incarcerated people and those already in the jail, and provide reading assistance to those requiring it).

Indeed, when the Court certified the Class and Subclasses in this case, the Court ordered notice to be distributed by (1) posting the notice in English and Spanish throughout the jails; (2) the Sheriff's Office reading the class notice to people who have a disability affecting their ability to read the Notice; and (3) the Sheriff's Office providing the Third Amended Complaint to class members requesting it. Dkt. 435 at 9-10. On facility inspections after the class notice was posted, Plaintiffs observed that the notice was posted in small print on transparencies that were often illegible and in unreasonable locations. Grunfeld Decl., ¶¶ 19-24 and Exs D-G. The notice was therefore not effective. *Id.*; *see also* Ex. H (Federal Judicial Center guidelines specifically counseling against small print). Defendants have agreed to place the notice on video kiosks in housing units, but those alone are ineffective to provide notice to the entire Subclass. Grunfeld Decl., ¶ 25.

Accordingly, Plaintiffs request similar notice as the Court previously ordered, with modifications to ensure effective notice and address the illegibility problems previously identified. Specifically, Plaintiffs request that the Court order Defendants to: (1) post the notice in English and Spanish throughout the jail on white paper and in 16-point black font for the Subclass to read the notice, including in housing units, intake areas, holding cells, and medical units; (2) provide a hard copy of the notice to every individual who enters the Jail for a period of four weeks; (3) provide the notice in English and Spanish on video kiosks in housing units; and

(4) read the notice to incarcerated people who have a disability that may affect their ability to read the notice.

The Proposed Notice and Plaintiffs' proposed distribution plan will fairly apprise Subclass Members of the settlement and their options with respect thereto. Plaintiffs request that the Court approve Plaintiffs' proposed notice distribution plan.

Defendants disagree with Plaintiffs' proposed distribution plan and will be submitting an opposition.

## V. THE COURT SHOULD ISSUE A SCHEDULING ORDER AND SET A DATE FOR THE FAIRNESS HEARING

Once a court grants preliminary approval and notice is provided, the court conducts a fairness hearing at which all interested parties have an opportunity to be heard. At such a hearing, the court conducts a substantive evaluation of the proposed settlement to determine whether it is "fundamentally fair, adequate, and reasonable." *Officers for Justice v. Civil Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982); *Spann v. J.C. Penney Corp.*, 314 F.R.D. 312, 319 (C.D. Cal. 2016).

The Parties propose the following schedule leading up to the fairness hearing:

- The Court issue a briefing schedule for Defendants' Opposition to the Distribution request by Plaintiffs and Plaintiffs' Reply thereto.

- Within two (2) business days of entry of Order Granting Preliminary Approval including the method of distribution: Defendants to distribute notice to Subclass Members.

- January 24, 2025: Deadline for filing of Plaintiffs' Motion for Attorneys' Fees and Costs (already set by Court Order, Dkt. 775).

- 45 days from distribution of notice: Deadline for objections by Subclass Members.

- 15 days from objection deadline: Deadline for filing of Motion for Final Approval and for responses to any timely-filed Subclass Member Objections.

- 15 days from filing of Motion for Final Approval, 2:00 p.m.: Fairness Hearing on Motion for Final Approval.

# CONCLUSION

For the foregoing reasons, Plaintiff and Defendants respectfully request that this Court: (1) grant preliminary approval of the Settlement Agreement; (2) approve the Proposed Notice; and (3) adopt the schedule proposed herein for Class Member objections, filing of the Motion for Final Approval, and for hearing the motion and addressing objections.

Plaintiffs respectfully request that this Court approve Plaintiffs' proposed form of distribution.

Respectfully submitted,

DATED: January 10, 2025            ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Gay Crosthwait Grunfeld*
    Gay Crosthwait Grunfeld

Attorneys for Plaintiffs and the Certified Class and Subclasses

DATED: January 10, 2025            BURKE, WILLIAMS & SORENSEN, LLP

By: */s/ Elizabeth M. Pappy*
    Elizabeth M. Pappy

Attorneys for Defendants

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# SIGNATURE CERTIFICATION

Pursuant to the Court's Electronic Case Filings Procedures Manual Section 2(f)(4), I certify that I have obtained consent of all signatories to the electronic filing of the foregoing document.

DATED: January 10, 2025        ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Gay Crosthwait Grunfeld*
Gay Crosthwait Grunfeld

Attorneys for Plaintiffs and the Certified Class and Subclasses