GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:    (415) 433-6830
Facsimile:    (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:    (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:    (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>    v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>         Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DECLARATION OF PAUL PARKER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge:     Hon. Anthony J. Battaglia<br><br>Date:      March 6, 2025<br>Time:     2:00 p.m.<br>Crtrm.:   4A |

[4628893.3]

DECLARATION OF PAUL PARKER

I, Paul Parker, declare that if called upon I could and would testify competently to the information contained below, including in my disclosure and rebuttal report, which is based on my own personal knowledge:

1.      I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment ("Motion").

2.      Attached as **Exhibit 1** is a true and correct copy of my August 21, 2024 Rule 26(a)(2)(A) disclosure ("Disclosure"), which accurately represents my opinions in this case.

3.      Attached as **Exhibit 2** is a true and correct copy of my October 2, 2024 rebuttal report ("Rebuttal"), which accurately represents my opinions with respect to the report of Lenard Vare in this case.  This does not include the index of documents I reviewed.

4.      Defendants contend that in December 2024 the County Board of Supervisors ("Board") voted 4-0 to give the San Diego County Citizens Law Enforcement Review Board ("CLERB"):

> greater power to investigate in-custody deaths, allowing CLERB to "investigate any employee or contractor" working under sheriff's or probation departments [sic] direction, including contracted health care providers, but only in-custody death cases, and requires the board to finish investigation within one year of discovery misconduct allegations, prioritizing investigations involving death over all other investigations.  The new policy also directs Chief Administrative Officer [sic] to find funding to cover expanded CLERB jurisdiction costs.

Defendants' Motion at ECF p. 16.  This contention is incorrect.  As discussed below, the Board did not vote to expand CLERB jurisdiction; rather, it voted to take steps to help it consider whether to expand CLERB jurisdiction.

5.      First, the Board did not vote to give CLERB greater power to investigate in-custody deaths, allowing CLERB to investigate any SDSO or Probation Department employee or contractor.  *Id.*  Attached hereto as **Exhibit 3** is a true and correct copy of the December 10, 2024 Board of Supervisors agenda item

1  titled "Improving Public Safety Through Effective Civilian Oversight of Law

2  Enforcement."  As indicated in Exhibit 3, the Board voted to direct County Counsel

3  to draft an amended ordinance to expand CLERB's jurisdiction to employees and

4  contractors under the direction of the Sheriff or Probation and report back to the

5  Board within 60 days.  Thereafter, the Board will review and consider the amended

6  ordinance.  CLERB will have no expanded powers unless and until the Board votes

7  to approve the amended ordinance that County Counsel has been directed to draft.

8      6.     Second, the Board did not vote to "require[ ] the board to finish

9  investigation within one year of discovery misconduct allegations."  Defendants'

10  Motion at ECF p. 16.  CLERB, not the Board, investigates misconduct allegations.

11  Nor did the Board vote to require that CLERB investigations conclude within one

12  year of discovering misconduct allegations.  Instead, as indicated in Exhibit 3, the

13  Board voted to direct County Counsel to draft an amended ordinance stating that it:

> shall be the policy of CLERB to complete all investigations of alleged
> misconduct within one year of the date on which CLERB discovers the
> alleged misconduct. If CLERB fails to complete an investigation within
> one year or anticipates that it will fail to complete the investigation
> within one year, the Executive Officer of CLERB shall report to the
> Board of Supervisors within thirty days after the one year limit has run
> on: (i) whether the one year time limit prescribed by California
> Government Code § 3304(d) governing investigations of sworn officers
> applies; (ii) if the one year limit applies, whether any tolling provision
> listed under California Government Code § 3304(d)(2) applies; and,
> (iii) if no tolling provision listed under California Government Code §
> 3304(d)(2) applies, a succinct explanation of any reasons why the
> investigation could not be completed within one year. Under no
> circumstance will CLERB dismiss an investigation or complaint
> involving a death due to inability to complete the investigation within
> the time limit prescribed by POBR.

23      7.     Third, the Board did not vote to direct the Chief Administrative Officer

24  to find funding to cover expanded CLERB jurisdiction costs.  Defendants' Motion at

25  ECF p. 16.  Instead, the Board voted to direct the Chief Administrative Officer to

26  *estimate* the cost, staffing, and contract needs of expanding CLERB's jurisdiction to

27  investigate any peace officer, custodial officer, employee, or contractor including

28  any contracted health care provider working under the direction of the Sheriff or

Probation in cases involving in-custody deaths.  *See* Exhibit 3.  Presumably, this estimated cost will be a factor that the Board takes into consideration in deciding whether to approve the amended ordinance that County Counsel is drafting.

8.    I attended the County Board's December 10, 2024 vote to begin consideration of expanding CLERB jurisdiction over contractors and healthcare staff.  While the Board's vote is a step in the right direction, an expansion of CLERB's jurisdiction over healthcare with respect to only in-custody deaths is insufficient because there are numerous non-fatal healthcare problems at the Jail, evidenced in part by the numerous non-fatal healthcare complaints regularly submitted to CLERB.  Limiting CLERB jurisdiction over healthcare workers to only in-custody death incidents will not allow CLERB to adequately identify systemic healthcare problems at the Jail, which is critical to oversight of Jail operations.

9.    Based on my experience as Executive Director of CLERB, I anticipate that even if County Counsel drafts the amended ordinance as directed by the Board, it will take months for County officials to meet and confer with labor organizations affected by the reforms.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and that this declaration is executed at San Diego, California this 17th day of January, 2025.

Paul Parker

DECLARATION OF PAUL PARKER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

# EXHIBIT 1

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>     v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>      Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFFS' RULE 26(a)(2)(A) DISCLOSURE OF NON-RETAINED EXPERT PAUL PARKER**<br><br>Judge:    Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

1.     Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner, on behalf of themselves and the Certified Class and Subclasses, hereby disclose their non-retained expert:

████████████████████████

Telephone: ██████████
Email:  paul██████████m

2.     Mr. Parker was formerly the Executive Officer of San Diego County's Citizen Law Enforcement Review Board ("CLERB").  CLERB independently investigates citizen complaints against the San Diego County Sheriff's Department and the San Diego County Probation Department, as well as deaths that are related to the actions of sworn Sheriff's Department's deputies and officers.  *See Citizens' Law Enforcement Review Board: About*, SanDiegoCounty.gov, https://www.sandiegocounty.gov/content/sdc/clerb/about/ (last visited Aug. 10, 2024).  San Diego County voters established CLERB in 1990.  *Id.*  Review Board members are volunteers appointed by the Board of Supervisors. *Id.*  CLERB is also supported by full-time County employees like Mr. Parker who conduct investigations and manage its operations.  *Id.*

3.     As CLERB's Executive Officer, Mr. Parker attempted to reform Sheriff's Department policies and practices which he believed were contributing to the inordinately high mortality rate at the Sheriff's Department's detention facilities. Prior to directing CLERB, Mr. Parker served for decades as a law enforcement officer and death investigator.  His training and professional experience inform his opinions including his opinion that San Diego County fails to ensure meaningful, independent oversight of the San Diego County Sheriff's Department's administration of the San Diego County Jail system.  Pursuant to Rule 26(a), Mr. Parker expects to testify to the following facts and opinions:

**I.    Mr. Parker Is a Career Law Enforcement Professional Who Spent Several Years Attempting to Reform the San Diego County Jail.**

4.    Mr. Parker began his law enforcement career in 1989 at the Youngstown, Arizona Police Department, where he worked his way up the ranks from police aide to officer to lieutenant over the course of ten years. *See* Mr. Parker's Curriculum Vitae, attached hereto as **Exhibit A**, at 4. He spent the next two decades overseeing thousands of death investigations at medical examiner's offices across the Southwest. *Id.* at 1-4. From October 2015 to June 2017, he served as the Assistant Coroner of Clark County, Nevada. From September 2018 to October 2020, he served as the Chief Deputy Director of the Los Angeles County Department of the Medical Examiner-Coroner. *Id.* at 1. In both roles, he was responsible for drafting death investigation policies and supervising dozens of employees. *Id.*

5.    Mr. Parker has spent much of his law enforcement career serving the San Diego community. He worked for the San Diego Medical Examiner in 1999 and served as Chief Investigator from 2006 to 2010. *Id.* at 4. He first worked for CLERB as an investigator from November 2000 to June 2002 and then as Executive Officer from 2017-2018. *Id.* at 1, 4. Most recently, he served again as CLERB's Executive Officer from 2020 to 2024. *Id.* at 1. In these roles, he became intimately familiar with problems that plague the San Diego County Jail, such as a lack of quality medical services, lack of medical staff independence from sworn staff, lack of adequate safety checks, and a culture of dehumanizing incarcerated people and ignoring even their most urgent needs.

6.    During his tenure as CLERB's Executive Officer, Mr. Parker tried to implement a variety of reforms to enhance CLERB's oversight of the Sheriff's Department. He kept and regularly updated a spreadsheet with each of CLERB's recommendations since 2020, tracking the recommendations that had been implemented, the recommendations that were not implemented, and the

recommendations for which CLERB had not yet received a response.  Despite some successes, such as increasing the resources available to CLERB, Mr. Parker ultimately resigned because the County failed to provide CLERB with adequate resources and authority to conduct investigations and implement deeper changes which could prevent unnecessary death and suffering at the San Diego Jail.  *See* Jeff McDonald, *What's Next for Oversight of San Diego Sheriff? As He Steps Away, Departing Watchdog Says "There's Still No Transparency,"* San Diego Tribune (Mar. 24, 2024, 5:00 PM), https://www.sandiegouniontribune.com/2024/03/24/whats-next-for-oversight-of-san-diego-sheriff-as-he-steps-away-departing-watchdog-says-theres-still-no-transparency/ [hereafter, *What's Next?*].

7.    Mr. Parker is now the head of the Commission on Police Practices, an independent community oversight body of the San Diego Police Department.  *See Commission on Police Practices*, City of San Diego, https://www.sandiego.gov/cpp/about (last visited Aug. 8, 2024).

**II.    As CLERB's Director, Mr. Parker Became Aware of Serious Problems with the San Diego Sheriff's Department's Practices Relating to the Provision of Care and Safety to Incarcerated People.**

8.    When Mr. Parker resumed his leadership of CLERB in 2020, incarcerated people were dying in-custody at an alarming rate.  Under Sheriff Bill Gore, 12 people died in custody in 2020 and 18 people died in 2021.  SD_174811. The high death rate at the Jail prompted state lawmakers to call for a formal audit of jail operations.  SD_174794.  In February 2022, the California State Auditor issued a scathing report finding that for years, "the Sheriff's Department has failed to adequately prevent and respond to the deaths of individuals in its custody."  *Id.*  The State Auditor also critiqued CLERB's at times ineffective investigation of these deaths.  *Id.*

9.    Mr. Parker and CLERB investigated numerous in-custody deaths and made numerous policy recommendations to try and reduce deaths at the Jail.  They

1  also commissioned a study by Analytica Consulting to better understand the nature

2  and scope of the in-custody deaths in San Diego as compared to other California

3  counties.  County Law Enforcement Review Board, *2022 Semi-Annual Report* 6

4  (2022), https://www.sandiegocounty.gov/content/dam/sdc/clerb/annual-

5  reports/2022%20Semi-Annual%20Report [hereafter, CLERB 2022 Semi-Annual

6  Report].  After comparing San Diego to eleven other California counties, Analytica

7  Consulting confirmed that "San Diego jails have the highest number of unexpected

8  deaths."  *Id.* at 6.  Analytica Consulting also found that "San Diego County inmates

9  have the highest overdose/accidental death rates" and that "[a]n inmate in San Diego

10  is two times more likely to die in this manner than what is expected based on county

11  mortality rates."  *Id.*

12      10.    In April 2023, Mr. Parker testified to the California Legislature in

13  support of SB 519, a bill sponsored by Tori Atkins, President pro tempore of the

14  California State Senate, to reduce the number of in-custody deaths in San Diego and

15  statewide.  *See*  https://www.youtube.com/watch?v=Jf-lP1pYQ4M.  Unfortunately,

16  SB 519 has had no positive effect on reform.  To Mr. Parker's knowledge, the

17  position it created, an official at the California Board of State and Community

18  Corrections who would monitor deaths in jails across the state, has not been filled.

19  **III.    Mr. Parker Will Testify That the County Fails to Provide Sufficient
Oversight Over the Sheriff's Department and Probation Department.**

20

21      11.    Mr. Parker will testify that the County fails to provide adequate

22  oversight over the Sheriff's Department and Probation Department, and that this

23  lack of accountability contributes to the County's excessively high death rates for

24  people incarcerated in Jail as well as those on probation.  Many of his suggested

25  reforms were rejected or ignored.  As Mr. Parker told the San Diego Union Tribune

26  after resigning from CLERB:  "I feel like I'm banging my head against the wall, and

27  the county doesn't seem to want to do anything to have true oversight."  See *What's*

28  *Next?*, *supra.*

**A.    The County Provides Insufficient Resources for CLERB.**

12.    Mr. Parker will testify that the County provides inadequate resources for CLERB to perform its oversight functions.  An expert who conducted an evaluation of CLERB in 2021 described CLERB as "significantly underfunded" in comparison to peer police oversight agencies.  Sharon R. Fairley, *San Diego County Citizens' Law Enforcement Review Board: Assessment of Strengths and Opportunities* 25-26 (2021).  While cities like San Francisco and Seattle fund their respective oversight agencies at more than 1% of the budgets of the law enforcement agencies they monitored, CLERB's budget is a mere 0.15% of the Sheriff's Department's budget.  *Id.*

13.    Mr. Parker will testify that the County fails to timely fill CLERB positions.  During his tenure at CLERB, the agency had longstanding vacancies on its board, which on at least one occasion led to a cancellation of its monthly meeting due to lack of a quorum.  *See* Jeff McDonald, "Oversight Board Chief Stretches Boundaries, and Authority, in Monitoring Sherriff's and Probation Departments," San Diego Tribune (Oct. 29, 2023 5:00 AM), https://www.sandiegouniontribune.com/2023/10/29/oversight-board-chief-stretches-boundaries-and-authority-in-monitoring-sheriffs-and-probation-departments/.

**B.    CLERB Lacks Adequate Authority to Investigate In-Custody Deaths and Complaints About the Sheriff's Department.**

14.    Mr. Parker will testify that the County deprives CLERB of sufficient power to investigate all Jail personnel who may have information about an in-custody death or improper use of force.  For example, the County's Charter and CLERB's Rules and Regulations do not give CLERB jurisdiction over the medical staff and civilians who work at the Jail (e.g., correctional counselors).  CLERB asked the Board of Supervisors four times to give it power to investigate Jail medical staff and contractors.  *See What's Next?*, *supra.*  Without jurisdiction over key individuals who work in the Jail, Mr. Parker found that CLERB could not

1   adequately investigate the vast majority of in-custody deaths.

2       15.     To date, the Board of Supervisors has yet to act on CLERB's

3   recommendation to expand its jurisdiction. *Id.* What this means is there is no

4   accountability for county medical staff or contractors like NaphCare as these

5   individuals and companies cannot be investigated by CLERB. This is particularly

6   troublesome given that the State Auditor found that medical staff are seldom

7   investigated by the Sheriff Department's Internal Affairs Unit, even when there is

8   reason to think that their actions and/or omissions contributed to a death. *See*

9   SD_174835.

10      16.     Although CLERB is authorized to investigate complaints against the

11  San Diego County Probation Department, it does not have authority to investigate

12  the deaths of people on probation (nor does any agency conduct such investigations

13  unless the death is ruled a homicide). Mr. Parker will testify that CLERB's lack of

14  jurisdiction over these deaths results in an absence of oversight over probation

15  officers who are responsible for monitoring the welfare of people on probation.

16      17.     CLERB's investigatory power is further limited by the fact that it must

17  plan and announce Jail inspections in advance, rather than showing up unannounced

18  promptly after critical events. CLERB investigators are dependent on the Sheriff's

19  Department for access to their facilities and records. Surveillance footage quality is

20  so poor at many Jail facilities that CLERB investigators are at times forced to rely

21  on deputies' own accounts of events. Mr. Parker believes that the lack of quality

22  video footage has made it difficult to sustain use of force complaints and investigate

23  serious allegations including failures to properly conduct safety checks.

24      18.     CLERB also lacks the power to investigate anonymous complaints,

25  which Mr. Parker believes further hampers its ability to learn of potential

26  misconduct or conditions which threaten the lives and welfare of incarcerated

27  people.

28  / / /

**C.    CLERB Is Currently Unable to Ensure that Necessary Reforms Are Implemented.**

19.    In connection with its investigations of in-custody deaths, CLERB regularly makes recommendations for reform of the Sheriff's Department's policies and practices.  For example, CLERB has recommended that the Sheriff's Department change its contraband interdiction policies to:  (1) ensure that body scanners are use on all incarcerated persons who transferred between facilities, and (2) ensure that employees with special expertise and background in image reading review and interpret body scans at Jail facilities.  CLERB has repeatedly recommended that the Sheriff's Department use the body scanner to scan all people entering the Jail—including staff—for illicit substances to help reduce in-custody overdoses.  However, none of these recommendations have been implemented because CLERB has no authority to ensure that these or any other recommendations become official policy.[1]  Often, the Sheriff's Department merely acknowledges the recommendation without promising any change.  Similarly, when CLERB finds that a specific Sheriff's Department employee has violated policy (*e.g.*, a custody officer who failed to conduct adequate safety checks), the Sheriff's Department often responds that it will investigate to see if disciplinary action is warranted or not. There is no mandate to hold these employees accountable.  CLERB is not informed of the outcome of these investigations.

20.    Mr. Parker will also testify that efforts to make the Sheriff's Department's actions more transparent and accountable to the residents of San Diego have been unsuccessful.  For example, Sheriff Martinez has still not made the Sheriff Department's Critical Incident Review Board (CIRB) reports on deaths

---

[1] In July 2024, the Sheriff's Department announced that it would begin randomly "screening" Sheriff's personnel, contractors, volunteers, and professional visitors; however, this new policy does not provide that the people being screened will receive a body scan.

1  available to the public.  Instead of publishing full CIRB reports, as the Sheriff

2  promised when running for office, the Sheriff's Department merely publishes

3  limited synopses.  *See Homicide, In-Custody Deaths, Officer Involved Shootings,*

4  San Diego County Sheriff's Department,

5  www.sdsheriff.gov/resources/transparency-reports (last visited August 10, 2024).

6  Even the limited synopses published by the Sheriff's Department are incomplete:

7  they often include only preliminary information with no updates on follow-up

8  conducted by CLERB, and there are no synopses for any deaths that occurred in the

9  calendar year 2024.

10  **D.    The Quality of CLERB In-Custody Death Investigations Has
       Fallen Since Mr. Parker's Departure**

11

12      21.    Mr. Parker will opine that since his departure from CLERB, the in-

13  custody death investigations have apparently become less thorough and that more

14  guidance, particularly from leadership with death review experience, is needed for

15  investigators to perform their work.  This is evidenced in part by the numerous

16  redlines that appear in recent CLERB findings and recommendations—suggesting

17  that the CLERB board disagrees with the finding write-ups by the investigators and

18  that the CLERB board seeks stronger recommendations than the ones initially

19  drafted by the investigators.

20  **E.    CLERB Board Members Should Be Independently Appointed.**

21      22.    Mr. Parker will testify that CLERB's board is filled with political

22  appointees and therefore lacks independence from the County's Board of

23  Supervisors.  The County's Chief Administrative Officer is given discretion to

24  nominate candidates to the Board of Supervisors; thereafter, each Supervisor gets to

25  appoint two CLERB board members.  The CLERB board would benefit from

26  independence and increased diversity, including as to age, to better match the

27  custodial population.  Further, the Board of Supervisors often does not respond to

28  CLERB's letters and recommendations and generally does not reach out to CLERB

1   or show interest in its work.

2       **F.**    **San Diego Needs an Office of Inspector General.**

3       23.    Mr. Parker will testify that to ensure adequate oversight and

4   accountability, the County should create and fund an Office of Inspector General

5   ("OIG") to provide independent and comprehensive oversight, monitoring of, and

6   reporting about the San Diego County Sheriff's Department and the San Diego

7   County Probation Department.  An OIG is necessary to promote the fair and

8   impartial administration  of justice, and to facilitate the Board of Supervisors'

9   responsibility with respect to oversight of the people who are under the County's

10  supervision.

11      **G.**    **The Sheriff's Department Should Strengthen the Family Liaison
       Program**

12

13      24.    In August 2019, the Sheriff's Department instituted a Family Liaison

14  program and detailed its responsibilities in Policies and Procedures Section ("P&P")

15  6.0134 entitled, "Family Liaison Protocol."  In April 2022, CLERB sought to update

16  P&P Section 6.0134, including to mandate that the Family Liaison meet with the

17  family at the conclusion of the investigation into a shooting, use of force resulting in

18  significant force or death, or an in-custody death.  Mr. Parker will testify that the

19  Family Liaison program still needs to be improved, including to ensure that the

20  Family Liaison keeps family members appraised of investigation status and

21  developments as well as to ensure that the Family Liaison meets with family

22  members at the conclusion of the investigation.  This ensures that family members

23  have a complete understanding of relevant facts and events, and are therefore less

24  inclined to fill-in missing details with incorrect information.

25      **H.**    **Analytica's Report on In-Custody Deaths Is Accurate**

26      25.    Mr. Parker will testify that he regularly met with Analytica Consulting

27  staff in connection with the preparation of their report.  Mr. Parker agrees with

28  Analytica Consulting's findings and conclusions, including that White people are

more likely to be incarcerated in the Jail, but Black people are more likely to die in jail and that public oversight of in-custody deaths lacks key information. *See* CLERB 2022 Semi-Annual Report at 6.

**IV.    Conclusion**

26.    In sum, Mr. Parker will testify about CLERB's limitations as well as the need for more resources and robust accountability mechanisms to stem the tide of deaths and misconduct at San Diego's detention facilities and while individuals are supervised on probation.

DATED:  August 21, 2024             Respectfully submitted,

                                    ROSEN BIEN GALVAN & GRUNFELD LLP

                                    By: */s/ Gay Crosthwait Grunfeld*
                                         Gay Crosthwait Grunfeld

                                    Attorneys for Plaintiffs and the Certified Class
                                    and Subclasses

# EXHIBIT 2

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>                Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**REBUTTAL EXPERT REPORT OF PAUL PARKER**<br><br>Judge:       Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

1.     Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner, on behalf of themselves and the Certified Class and Subclasses, hereby disclose their non-retained rebuttal expert:

████████████████████████

Email: paul████████████m

2.     Plaintiffs reserve the right to amend and/or supplement this rebuttal expert witness disclosure based on review of deposition testimony, documents, and other data that has not been completed or disclosed at this time.

3.     Mr. Parker will testify to the below issues.

4.     Defendants' expert, Lenard Vare, contends that "Plaintiffs' claim that CLERB has not inspected the jail is not entirely accurate.  CLERB has conducted site visits as part of specific investigations that it has conducted into various events.  CLERB has always had the authority to conduct jail inspections."  Report of Lenard Vare at 153.  Mr. Vare's contention is incorrect.

5.     First, CLERB has never inspected the San Diego County Jail facilities. Inspections of jail facilities require walking through the facilities and observing the condition, cleanliness, and safety of different areas and operations, including (but not limited to) booking, intake/holding, medical/clinical spaces, housing units, dining areas, classrooms, visiting areas, personal and institutional storage areas, kitchens, sobering cells, safety cells, court holding areas located in the facilities, and exercise areas.  *See* CLERB Detention Facility Inspection Handbook at 7.[1]
Mr. Vare is wrong to suggest that CLERB has performed such inspections.

---

[1] *Available at*: https://www.sandiegocounty.gov/content/dam/sdc/clerb/meetings/2023/Att.F-CLERB%20Detention%20Facility%20Inspection%20Handbook%20-%20Updated%20Draft.pdf.

6.      Second, while CLERB has appeared on site at jail facilities to investigate deaths, such site visits are typically limited to the discreet area(s) relevant to the specific in-custody death at issue of an investigation.  These are not jail inspections.  CLERB investigators who conduct site visits in connection with deaths are constricted in what they can observe and who they can speak with.  Mr. Vare is wrong to suggest that on-site death investigations are equivalent to jail inspections.

7.      Third, while CLERB technically has the authority to conduct jail inspections, CLERB has never been provided sufficient resources—including staff—to conduct such inspections.

8.      Fourth, even if CLERB had sufficient resources to inspect the San Diego County Jail facilities, CLERB's regulatory authority to conduct such inspections is not clearly defined and the San Diego Sheriff's Department has restricted CLERB's authority to conduct meaningful inspections.  CLERB's Rules and Regulations contain one single sentence authorizing CLERB to annually inspect county adult detention facilities:  "[CLERB shall have the authority to] Annually inspect County adult detention facilities and annually file a report of such visitations together with pertinent recommendations with the Board of Supervisors facilities and annually file a report of such visitations together with pertinent recommendations with the Board of Supervisors."  *See* Section 4.4 (d) of CLERB's Rules and Regulations.[2]  The Sheriff's Department has imposed restrictions on CLERB's inspections.  For example, CLERB must provide "advance notice" prior to any inspection, and must call "two to three days prior to the inspection" to confirm the appointment.  *See* CLERB Detention Facility Inspection Handbook at 6.  This is in contrast to California's Board of State and Community Corrections

---

[2] *Available at*: https://www.sandiegocounty.gov/content/dam/sdc/clerb/policies-rules-regs/San%20Diego%20County%20Citizens%20Law%20Enforcement%20Review%20Board%20Rules%20Regulations%202021.

(BSCC) and the Los Angeles Office of Inspector General, which are expressly authorized to inspect California jails and L.A. jail facilities, respectively, without notice. *See* Cal. Welfare & Institutions Code § 209(a)(3)(B); L.A. County Ordinance 6.44.190(G). The San Diego Sheriff's Department also limits CLERB's inspections by requiring questions to be directed to an "inspection facilitator," by prohibiting CLERB staff from taking pictures during inspections, and by refusing to provide any documentation to CLERB related to the inspection. *Id.* at 6-7.

9. Mr. Vare also suggests that deputies can refuse to meet with CLERB during an investigation because of protections afforded by the California Public Safety Officers Procedural Bill of Rights Act. Report of Lenard Vare at 154. The Act does not provide the basis for deputies refusing to meet with CLERB investigators. Rather, the reason that deputies refuse to meet with CLERB is because there has been a longstanding agreement between the Deputy Sheriffs' Association of San Diego County (a union) and CLERB permitting deputies to waive in-person meetings and instead answer questions in writing. This is another example of inadequate oversight over the San Diego Sheriff's Department and its administration of the jail system.

DATED: October 2, 2024                    Respectfully submitted,

                                          ROSEN BIEN GALVAN & GRUNFELD LLP

                                          By: */s/ Gay Crosthwait Grunfeld*
                                              Gay Crosthwait Grunfeld

                                          Attorneys for Plaintiffs and the Certified Class and Subclasses