GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**NOTICE OF MOTION AND MOTION TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge: Hon. Anthony J. Battaglia<br>Date: March 6, 2025<br>Time: 2:00 p.m.<br>Crtrm.: 4A |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner, on behalf of themselves and the Certified Class and Subclasses (collectively, "Plaintiffs") hereby bring this Motion to file under seal documents filed in support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment.

This Motion is brought pursuant to Civil Local Rule 79.2, Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), and the Amended Stipulated Protective Order in this case, Dkt. 400. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Eric Monek Anderson in Support of Plaintiffs' Motion to File Under Seal (filed herewith), the Declaration of Van Swearingen in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, any evidence and argument presented at any hearing on this Motion, and all other papers and pleadings on file in this action.

DATED: January 21, 2025  Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Eric Monek Anderson*
　　Eric Monek Anderson

Attorneys for Plaintiffs and the Certified Class and Subclasses

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to the Amended Stipulated Protective Order in this case, Dkt. 400, and the Court's Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), Plaintiffs move to file under seal portions of documents filed in support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment ("Opposition").

Plaintiffs move to seal certain information that Defendants designated confidential and that remains confidential under the protective order after Magistrate Judge Leshner's December 18, 2024 order granting in part and denying Defendants' motion to maintain confidentiality. Dkt. 785. Plaintiffs move to seal information consistent with that order, as specified below.

Plaintiffs also move to seal certain information that third party NaphCare has designated confidential in this case, as specified below.

Plaintiffs move to seal portions of the following documents:

- The Rule 26 report and rebuttal report of Pablo Stewart, M.D. (Exs. 1-2 to the Declaration of Pablo Stewart, M.D.);
- The Rule 26 report and rebuttal report of Dr. Jeffrey Keller (Exs. 1-2 to the Declaration of Dr. Jeffrey Keller);
- The Rule 26 report and rebuttal report of Dr. Jay Shulman (Exs. 1-2 to the Declaration of Dr. Jay Shulman);
- The Rule 26 report and rebuttal report of Dr. Kelly Ramsey (Exs. 1-2 to the Declaration of Dr. Kelly Ramsey);
- The Rule 26 report of Gary Raney (Ex. 1 to the Declaration of Gary Raney);
- The Rule 26 report of James Austin, Ph.D. (Ex. 1 to the Declaration of James Austin, Ph.D.);
- The Rule 26 report of Debra Graham (Ex. 1 to the Declaration of Debra Graham);
- The Rule 26 report of Karen Snell (Ex. 1 to the Declaration of Karen Snell); and
- The Rule 26 report and rebuttal report of Paul Parker (Exs. 1-2 to the Declaration of Paul Parker).

## I. LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). Under Ninth Circuit precedent, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The burden varies based on the type of motion at issue, specifically whether the information sought to be sealed relates to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. Otherwise, the "good cause" standard applies. *Id.*

## II. ARGUMENT

### A. The Compelling Reasons Standard Applies

It is well accepted that documents filed in connection with a summary judgment motion are subject to the compelling reasons standard. *See Kamakana*, 447 F.3d at 1181 (applying compelling reasons to documents related to "dispositive motions"); *accord In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) (applying compelling

[4633823.2]                                          3                    Case No. 3:20-cv-00406-AJB-DDL
NOTICE OF MOTION AND MOTION TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

reasons standard to documents filed "in connection with pending summary judgment motions"); *accord Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 998-99 (S.D. Cal. 2022) (applying compelling reasons standard to documents filed in connection with summary judgment briefing); *In re Packaged Seafood Prods. Antitrust Litig.*, No. 15-md-2670 JLS-MDD, 2020 WL 5709269, at *1 (S.D. Cal. Sept. 24, 2020) (same).

### B. Plaintiffs Move to File Under Seal Information That Remains Confidential Under the Protective Order and Judge Leshner's December 18, 2024 Order

Plaintiffs move to file under seal information in Plaintiffs' experts' reports that remains confidential in this case. As discussed in Plaintiffs' motion to seal documents filed in connection with Plaintiffs' *Daubert* motion, Dkt. 780 at 5, Defendants over-designated documents in this case as confidential. Plaintiffs challenged many of Defendants' designations and, after briefing and argument, Magistrate Judge Leshner largely denied Defendants' motion to maintain confidentiality. Dkt. 785. Plaintiffs move to file under seal certain categories of information that remain confidential under Judge Leshner's order.

First, Judge Leshner's order held that class members' medical records are not confidential, so long as "individual patient identification information" is redacted. Dkt. 785 at 5-6. Accordingly, Plaintiffs move to file under seal individual patient identification information of non-class representatives in Plaintiffs' expert reports, such as names, jail booking numbers, specific dates of care, and ages. *Cf.* 45. C.F.R. § 164.514(b)(2) (listing information that can identify a patient). This approach is consistent with the compelling reasons standards and the Court's prior orders in this case.[1] To be sure, compelling reasons do exist to seal the names of class members who are not class representatives; namely, the preservation of medical privacy

---

[1] Plaintiffs do not move to file under seal the names of the class representatives in this case, consistent with the Court's prior sealing orders. *See* Dkt. 161 at 3-4.

protections for these people who have been incarcerated in the Jail. In connection with a prior motion to seal, the Court agreed that the need to protect medical privacy is a "compelling reason" justifying sealing. Dkt. 306 at 3. The Court confirmed Plaintiffs' redactions to only the names and other identifying information of individual incarcerated people, which left public "information regarding conditions, communications, and custody and medical staff practices" at issue in the underlying motions. *Id.* at 4.

Second, with respect to people who have died at the jail, Judge Leshner's order held that records related to such individuals are not confidential, so long as "'information about specific prior diagnoses or medications' unrelated to the death" is redacted. Dkt. 785 at 7. Accordingly, Plaintiffs move to file under seal limited medical information about those decedents that is unrelated to their deaths. This is also consistent with the compelling reasons standard, as it permits information about deaths at the Jail, a matter of tremendous public interest, to be public, while also shielding those persons' unrelated, private, and potentially embarrassing medical information from public view.

Third, Judge Leshner's order held that, pending the Ninth Circuit's opinion in a case addressing the Sheriff's Office's Critical Incident Review Board ("CIRB") reports, the parties must continue to treat the CIRB reports as confidential. Dkt. 785 at 4. Accordingly, Plaintiffs move to file under seal information in the expert reports derived from the CIRB reports. *See* Dkt. 400 at ¶ 12 (requiring parties to seek to file under seal information designated confidential). In doing so, Plaintiffs do not concede that the information in the CIRB reports is in fact sealable or that it should be confidential.

Fourth, Plaintiffs move to file under seal diagrams of the Jail facilities' layouts. Compelling reasons exist to seal this information to protect the safety and security of the jail facilities.

/ / /

### C.  Plaintiffs Move to File Under Seal Confidential Information from Third-Party NaphCare

Plaintiffs also move to seal information in documents designated confidential by third-party NaphCare.  This primarily includes medical information about decedents that is unrelated to their deaths, in certain death summaries prepared by third-party NaphCare, which originally designated the death summaries entirely confidential.  After briefing and argument, Judge Leshner ordered that those NaphCare death summaries were not confidential, subject to redactions of decedents' unrelated prior medical information.  *See* Dkt. 709.  NaphCare has agreed that other NaphCare death summaries and decedent-related documents are not confidential in their entirety, although the parties are continuing to meet and confer about the scope of redactions to the documents.  Declaration of Eric Monek Anderson in Support of Plaintiffs' Motion to File Under Seal, ¶ 4.  Accordingly, Plaintiffs move to seal any information from those documents pending resolution of the meet and confer, although Plaintiffs believe only medical information unrelated to the person's death merits sealing.  Plaintiffs also move to seal other information that NaphCare has designated confidential.  *See, e.g.*, Keller Decl., Ex. 1 at n.33 (referring to patient care spreadsheet).

### D.  Plaintiffs Move to Seal Personal Contact Information of Experts

Plaintiffs also move to seal the personal addresses and phone numbers of Plaintiffs' experts, where applicable.  Compelling reasons exist to seal this information, so as to protect the individual privacy of the retained experts in this case while permitting information about their professional credentials and opinions about conditions at the Jail to be public.

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to seal.

DATED: January 21, 2025         Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Eric Monek Anderson
    Eric Monek Anderson

Attorneys for Plaintiffs and the Certified Class and Subclasses