1  GAY C. GRUNFELD – 121944
   VAN SWEARINGEN – 259809
2  MICHAEL FREEDMAN – 262850
   ERIC MONEK ANDERSON – 320934
3  HANNAH M. CHARTOFF – 324529
   BEN HOLSTON – 341439
4  ROSEN BIEN
   GALVAN & GRUNFELD LLP
5  101 Mission Street, Sixth Floor
   San Francisco, California  94105-1738
6  Telephone:   (415) 433-6830
   Facsimile:    (415) 433-7104
7  ggrunfeld@rbgg.com
   vswearingen@rbgg.com
8  mfreedman@rbgg.com
   eanderson@rbgg.com
9  hchartoff@rbgg.com
   bholston@rbgg.com
10
11 AARON J. FISCHER – 247391
   LAW OFFICE OF
   AARON J. FISCHER
12 1400 Shattuck Square Suite 12 - #344
   Berkeley, California  94709
13 Telephone:  (510) 806-7366
   Facsimile:   (510) 694-6314
14 ajf@aaronfischerlaw.com

15 Attorneys for Plaintiffs and the
   Certified Class and Subclasses
16

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

17              UNITED STATES DISTRICT COURT

18            SOUTHERN DISTRICT OF CALIFORNIA

19 DARRYL DUNSMORE, ANDREE
   ANDRADE, ERNEST ARCHULETA,
20 JAMES CLARK, ANTHONY EDWARDS,
   REANNA LEVY, JOSUE LOPEZ,
21 CHRISTOPHER NORWOOD, JESSE
   OLIVARES, GUSTAVO SEPULVEDA,
22 MICHAEL TAYLOR, and LAURA
   ZOERNER, on behalf of themselves and all
23 others similarly situated,

                   Plaintiffs,
24
          v.
25 SAN DIEGO COUNTY SHERIFF'S
   DEPARTMENT, COUNTY OF SAN
26 DIEGO, SAN DIEGO COUNTY
   PROBATION DEPARTMENT, and DOES
27 1 to 20, inclusive,

                   Defendants.
28

Case No. 3:20-cv-00406-AJB-DDL

**DECLARATION OF
RICHARD M PEARL IN
SUPPORT OF PLAINTIFFS'
MOTION FOR INTERIM
ATTORNEYS' FEES AND
COSTS**

Judge:  Hon. Anthony J. Battaglia

Date:    March 27, 2025
Time:    2:00 p.m.
Crtrm.:  4A

[4572646.10]

I, Richard M. Pearl, declare:

1.     I am a member in good standing of the California State Bar.  I am in private practice as the principal of my own law firm, the Law Offices of Richard M. Pearl, in Berkeley, California.  I specialize in issues relating to court-awarded attorneys' fees, including: the representation of parties in fee litigation and appeals; serving as an expert witness; and serving as a mediator and arbitrator in disputes concerning attorneys' fees and related issues.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.  I make this declaration in support of Plaintiffs' Motion for Interim Attorneys' Fees and Costs in the instant action.  Specifically, I have been asked by Rosen Bien Galvan & Grunfeld LLP ("RBGG"), the Law Office of Aaron J. Fischer, and DLA Piper ("Plaintiffs' Counsel"), to render my opinion as to the reasonableness of the attorneys' fees they have requested for their work on Plaintiffs' interim fee motion.  I do so here.

2.     To form my opinion as to the reasonableness of the attorneys' fees Plaintiffs' counsel request for their work in this case, I have reviewed documents that describe the history of this matter, counsel's qualifications and experience, Counsel's time records, the nature and quality of the work required by this case, the results achieved, and the attorneys' fees that Counsel request.  I have also consulted with RBGG lawyers about this motion and the underlying facts of the case and its procedural history.

## MY BACKGROUND AND EXPERIENCE

3.     Briefly summarized, my background is as follows:  I am a 1969 graduate of Berkeley School of Law (then Boalt Hall), University of California, Berkeley, California.  I took the California Bar Examination in August 1969 and learned that I had passed it in November of that year, but because I was working as an attorney in Atlanta, Georgia for the Legal Aid Society of Atlanta ("LASA"), I was not formally admitted to the California Bar until February 1970.  (I also was

1 admitted to the Georgia Bar in early 1970.)  I worked for LASA until the summer of

2 1971, then went to work in California's Central Valley for California Rural Legal

3 Assistance, Inc. ("CRLA"), a statewide legal services program.  From mid-1971

4 until mid-1974, I was staff attorney, then Directing Attorney of CRLA's four-

5 attorney office in McFarland, Kern County.  From 1974 to 1977, I was the Directing

6 Attorney of CRLA's Statewide "Backup Center" in San Francisco, a four-attorney

7 program tasked with assisting other legal services programs with their impact

8 litigation.  From 1977 to 1982, I was CRLA's Director of Litigation, supervising

9 more than fifty attorneys as well as handling my own impact litigation caseload.

10      4.      In 1982-1983, I transitioned into private practice, first in a small

11 Oakland law firm formed by myself and three other ex-CRLA attorneys, then as a

12 sole practitioner.  Martindale Hubbell rates my law firm "AV," which it assigns to

13 attorneys with "the highest level of professional, peer-reviewed excellence."  I also

14 have been selected as a Northern California "Super Lawyer" in Appellate Law for

15 2005–2008 and 2010–2025, a distinction reserved for only 5% of Northern

16 California attorneys.  A true and correct copy of my Resume is attached as

17 **Exhibit A.**

18      5.      Since 1982, the focus of my legal work has been in general civil

19 litigation and appellate practice, with an emphasis on class actions and attorney fee

20 issues.  More recently my focus has been almost exclusively on matters involving

21 attorney fee issues.  I have lectured and written extensively on both court-awarded

22 and attorney-client fee disputes.  I have been a member of the California State Bar's

23 Attorneys' Fees Task Force and have testified before the State Bar Board of

24 Governors and the California Legislature on attorneys' fee issues.

25      6.      I am the author of *California Attorney Fee Awards* (3d ed., Cal. CEB

26 2010) ("Cal. Fee Awards") and its cumulative annual Supplements between 2011

27 and March 2024.  I also was the author of *California Attorney Fee Awards* (2d ed.,

28 Cal. CEB 1994), and its 1995 through 2008 annual Supplements.  Several courts

1  have referred to this treatise as "[t]he leading California attorney fee treatise."

2  *Calvo Fisher & Jacob LLP v. Lujan*, 234 Cal. App. 4th 608, 621 (2015); *see also,*

3  *e.g.*, *Int'l Billing Servs., Inc. v. Emigh*, 84 Cal. App. 4th 1175, 1193 (2000) ("the

4  leading treatise"); *Stratton v. Beck*, 30 Cal. App. 5th 901, 911 (2019) ("a leading

5  treatise"); *Orozco v. WPV San Jose, LLC*, 36 Cal. App. 5th 375, 409 (2019) ("a

6  leading treatise on California attorney's fees").  It also has been cited by the

7  California Supreme Court and Court of Appeal on many occasions.  *See Graham v.*

8  *DaimlerChrysler Corp.*, 34 Cal. 4th 553, 576, 584 (2004); *Lolley v. Campbell*, 28

9  Cal. 4th 367, 373 (2002); *In re Conservatorship of Whitley*, 50 Cal. 4th 1206, 1214–

10  15, 1217 (2010); *Sonoma Land Trust v. Thompson*, 63 Cal. App. 5th 978, 986

11  (2021); *Yost v. Forestiere*, 51 Cal. App. 5th 509, 530 n. 8 (2020); *Highland Springs*

12  *Conference & Training Ctr. v. City of Banning*, 42 Cal. App. 5th 416, 428 n. 11

13  (2019); *Sweetwater Union High Sch. Dist. v. Julian Union Elementary Sch. Dist.*, 36

14  Cal. App. 5th 970, 988 (2019); *Hardie v. Nationstar Mortg. LLC*, 32 Cal. App. 5th

15  714, 720 (2019); *Syers Props III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 698, 700

16  (2014).  California Superior Courts also cite the treatise with approval.  *See, e.g.*,

17  *Davis v. St. Jude Hosp.*, No. 30201200602596CUOECX, 2018 WL 7286170, at *4

18  (Orange Cty. Super. Ct. Aug. 31, 2018); *Hartshorne v. Metlife, Inc.*, No. BC576608,

19  2017 WL 1836635, at *10 (Los Angeles Super. Ct. May 02, 2017).  Federal courts

20  also have cited it.  *See In re Hurtado*, Case No. 09-16160-A-13, 2015 WL 6941127

21  (E.D. Cal. Nov. 6, 2015); *TruGreen Companies LLC v. Mower Brothers, Inc.*, 953

22  F. Supp. 2d 1223, 1236 nn.50, 51 (D. Utah 2013).  I also authored the 1984

23  through 1993 annual Supplements to the predecessor treatise, *CEB's California*

24  *Attorney's Fees Award Practice*, which itself was based on a manual we

25  produced at CRLA.  In addition, I authored a federal manual on attorneys' fees

26  entitled "Attorneys' Fees: A Legal Services Practice Manual," published by the

27  Legal Services Corporation.  I also co-authored the chapter on "Attorney Fees" in

28  Volume 2 of CEB's *Wrongful Employment Termination Practice*, (2d ed., 1997).

7.    More than 98% of my practice is devoted to issues involving court-awarded attorney fees.  I have appeared as an attorney of record in over two hundred attorneys' fee applications in state and federal courts, both trial and appellate, primarily representing other attorneys.  I have briefed and argued more than 40 appeals, at least 30 of which have involved attorneys' fees issues.  I have won five cases in the California Supreme Court involving court-awarded attorneys' fees: (1) *Maria P. v. Riles*, 43 Cal. 3d 1281 (1987), which upheld a Code Civ. Proc. § 1021.5 fee award based on a preliminary injunction obtained against the State Superintendent of Education, despite the fact that the case ultimately was dismissed under Code Civ. Proc. § 583; (2) *Delaney v. Baker*, 20 Cal. 4th 23 (1999), which held that heightened remedies, including attorneys' fees, are available in suits against nursing homes under California's Elder Abuse Act; (3) *Ketchum v. Moses*, 24 Cal. 4th 1122 (2001), which reaffirmed that contingent risk multipliers are an essential consideration under California attorney fee law (note that in *Ketchum*, I was primary appellate counsel in the Court of Appeal and "second chair" in the California Supreme Court); (4) *Flannery v. Prentice*, 26 Cal. 4th 572 (2001), which held that under California law, in the absence of an agreement to the contrary, statutory attorneys' fees belong to the attorney whose services they are based upon; and (5) *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553 (2004), which held, *inter alia*, that the "catalyst" theory of fee recovery remained viable under California law and that lodestar multipliers could be applied to fee motion work.  In that case, I represented trial counsel in both the Court of Appeal (twice) and California Supreme Court, as well as on remand in the trial court.  I also represented and argued on behalf of *amicus curiae* in *Conservatorship of McQueen*, 59 Cal. 4th 602 (2014), which held that attorneys' fees incurred for appellate work were not "enforcement fees" subject to California's Enforcement of Judgments law; I presented the argument relied upon by the Court.  Along with Richard Rothschild of the Western Center on Law and Poverty, I also prepared and filed an *amicus curiae* brief in

1   *Vasquez v. State of California,* 45 Cal. 4th 243 (2009).  An expanded list of

2   reported decisions in cases I have handled is set out in **Exhibit A** at pages 4-8.

3                           **MY EXPERT WITNESS EXPERIENCE**

4            8.      Over the last several years, I have been frequently called upon to opine

5   about the reasonableness of attorneys' fees.  I estimate that I have prepared opinions

6   and/or live testimony on attorney fee matters in over two hundred cases.

7            9.      Numerous federal and state courts have relied expressly on my

8   testimony on attorneys' fee issues.  For example:

9            a.      In *Wit v. United Behavioral Health*, 578 F. Supp. 3d 1060, 1079

10  (N.D. Cal. Jan. 5, 2022), *vacated and remanded on the merits*, 2023 U.S. App.

11  LEXIS 33343 (9th Cir. 2023), the district court's Fee Order states that "the Court

12  places significant weight on Pearl's opinion that the rates charged by all of the

13  timekeepers listed above are reasonable and 'in line with the standard hourly

14  noncontingent rates charged by Bay Area law firms that regularly engage in civil

15  litigation of comparable complexity.'… Pearl has extensive experience in the area of

16  attorney billing rates in this district and has been widely relied upon by both federal

17  and state courts in Northern California (including the undersigned) in determining

18  reasonable billing rates."  (Citations omitted).

19           b.      In *Human Rights Defense Center v. County of Napa*, 2021 U.S.

20  Dist. LEXIS 59778*; 2021 WL 1176640 (N.D. Cal. No. 20-cv-01296-JCS, Doc. 50,

21  filed March 28, 2021), the Court expressly stated that it had "place[d] significant

22  weight on the opinion of Mr. Pearl that the rates charged by all of the timekeepers

23  listed above are reasonable and in line with the rates charged by law firms that

24  engage in federal civil litigation in the San Francisco Bay Area.  Mr. Pearl has

25  extensive experience in the area of attorney billing rates in this district and has been

26  widely relied upon by both federal and state courts in Northern California [] in

27  determining reasonable billing rates."  2021 U.S. Dist. LEXIS 59778, at *32.

28           c.      Subsequently, in *Andrews v. Equinox Holdings, Inc.*, N.D. Cal.

No. 20-cv-00485-SK, Order on Motion for Attorney Fees and Costs filed November 9, 2021 (Doc. 110), the court quoted the above language from the *Human Rights Defense Center* case and concluded the same: "This Court similarly finds Pearl's opinions well supported and persuasive." Order at p. 4:13-19.

10.    In addition to the *Wit*, *Andrews*, and *Human Rights Defense Center* cases cited above, the following reported federal decisions also have referenced my testimony favorably:

- *Prison Legal News v. Ryan*, No. 19-17449 (9th Cir. 2023), Order filed March 21, 2023, at 4;

- *Kinder v. Woodbolt Distribution, LLC*, No. 3:18-CV-2713-DMS-AGS, 2021 WL 1226444, *4 (S.D. Cal. Apr. 1, 2021);

- *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 08-55867 (9th Cir. 2012), Order filed Dec. 26, 2012, at 6;

- *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (the expert declaration referred to is mine);

- *Roe v. SFBSC Mgmt., LLC*, 2022 U.S. Dist. LEXIS 215122 (N. D. Cal. Nov. 29, 2022);

- *Independent Living Center of S. Cal. v. Kent*, 2020 U.S. Dist. LEXIS 13019 (C.D. Cal. 2020);

- *Ridgeway v. Wal-Mart Stores, Inc.*, 269 F. Supp. 3d 975 (N.D. Cal. 2017), *aff'd* 269 F.3d 1066 (9th Cir. 2020);

- *Beaver v. Tarsadia Hotels*, 2017 U.S. Dist. LEXIS 160214 (S.D. Cal. 2017);

- *Notter v. City of Pleasant Hill*, 2017 U.S. Dist. LEXIS 197404, 2017 WL 5972698 (N.D. Cal. 2017);

- *Villalpondo v. Exel Direct, Inc.*, 2016 WL 1598663 (N.D. Cal. 2016);

- *State Compensation Insurance Fund v. Khan et al.*, Case No. SACV 12-01072- CJC(JCGx) (C.D. Cal.), Order Granting in Part and Denying

1    in Part the Zaks Defendants' Motion for Attorneys' Fees, filed July 6,
2    2016 (Dkt. No. 408);

3    • *In re Cathode Ray Tube Antitrust Litig.*, Master File No. 3:07-cv-5944
4    JST, MDL No. 1917 (N.D. Cal. 2016) 2016 U.S. Dist. LEXIS 24951
5    (Report And Recommendation Of Special Master Re Motions (1) To
6    Approve Indirect Purchaser Plaintiffs' Settlements With the Phillips,
7    Panasonic, Hitachi, Toshiba, Samsung SDI, Technicolor, And
8    Technologies Displays Americas Defendants, and (2) For Award Of
9    Attorneys' Fees, Reimbursement Of Litigation Expenses, And Incentive
10   Awards To Plaintiffs' Representative), Dkt. 4351, dated January 28,
11   2016, *adopted in relevant part*, 2016 U.S. Dist. LEXIS 88665;

12   • *Gutierrez v. Wells Fargo Bank*, 2015 U.S. Dist. LEXIS 67298 (N.D.
13   Cal. 2015);

14   • *Holman v. Experian Information Solutions, Inc.*, 2014 U.S. Dist.
15   LEXIS 173698 (N.D. Cal. 2014);

16   • *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, MDL
17   No. 1827 (N.D. Cal.), Report and Recommendation of Special Master
18   Re Motions for Attorneys' Fees And Other Amounts By Indirect-
19   Purchaser Plaintiffs' Plaintiffs And State Attorneys General, Dkt. 7127,
20   filed Nov. 9, 2012, *adopted in relevant part*, 2013 U.S. Dist. LEXIS
21   49885 (N.D. Cal. 2013) ("*TFT-LCD (Flat Panel)* Report &
22   Recommendation");

23   • *Walsh v. Kindred Healthcare*, 2013 U.S. Dist. LEXIS 176319 (N.D.
24   Cal. 2013);

25   • *A.D. v. California Highway Patrol*, 2009 U.S. Dist. LEXIS 110743, at
26   *4 (N.D. Cal. 2009), *rev'd on other grounds*, 712 F.3d 446 (9th Cir.
27   2013), *reaffirmed and additional fees awarded on remand*, 2013 U.S.
28   Dist. LEXIS 169275 (N.D. Cal. 2013);

1    • *Hajro v. United States Citizenship & Immigration Service*, 900 F. Supp.
2        2d 1034, 1054 (N.D. Cal 2012);

3    • *Rosenfeld v. United States Dep't of Justice*, 904 F. Supp. 2d 988, 1002
4        (N.D. Cal. 2012);

5    • *Stonebrae, L.P. v. Toll Bros., Inc.*, 2011 U.S. Dist. LEXIS 39832, at *9
6        (N.D. Cal. 2011) (thorough discussion), *aff'd* 2013 U.S. App. LEXIS
7        6369 (9th Cir. 2013);

8    • *Armstrong v. Brown*, 2011 U.S. Dist. LEXIS 87428 (N.D. Cal. 2011);

9    • *Lira v. Cate*, 2010 WL 727979 (N.D. Cal. 2010);

10   • *Californians for Disability Rights, Inc. v. California Dep't of
11       Transportation*, 2010 U.S. Dist. LEXIS 141030 (N.D. Cal. 2010);

12   • *Nat'l Federation of the Blind v. Target Corp.*, 2009 U.S. Dist. LEXIS
13       67139 (N.D. Cal. 2009);

14   • *Prison Legal News v. Schwarzenegger*, 561 F. Supp. 2d 1095 (N.D.
15       Cal. 2008) (an earlier motion);

16   • *Bancroft v. Trizechahn Corp.*, No. CV 02-2373 SVW (FMOx), Order
17       Granting Plaintiffs Reasonable Attorneys' Fees and Costs In the
18       Amount of $168,886.76, Dkt. 278 (C.D. Cal. Aug. 14, 2006);

19   • *Willoughby v. DT Credit Corp.*, No. CV 05-05907 MMM (CWx),
20       Order Awarding Attorneys' Fees After Remand, Dkt. 65 (C.D. Cal.
21       July 17, 2006);

22   • *Oberfelder v. City of Petaluma*, 2002 U.S. Dist. LEXIS 8635 (N.D.
23       Cal. 2002), *aff'd* 2003 U.S. App. LEXIS 11371 (9th Cir. 2003).

24       11.    The California courts also have recognized my expertise. For example,
25   in *Sonoma Land Trust v. Thompson, supra*, 63 Cal .App. 5th 978, 986 (2021), the
26   Court of Appeal expressly held that my expert declaration provided evidentiary
27   support for the trial court's fee determination. My declaration also was cited
28   favorably by the Second District of the Court of Appeal in *Wood v. Los Angeles*

1   *County Waterworks Dist. No. 40 (Antelope Valley Groundwater Cases)*, 2021 Cal.

2   App. Unpub. LEXIS 5506 (2nd Dist., Div. 2021) and by the Sixth District in

3   *Kerkeles v. City of San Jose*, 243 Cal .App. 4th 88, 96, 105 (2015).

4          12.    In addition to the *Sonoma Land Trust*, *Antelope Valley*, and *Kerkeles*

5   cases, the following California appellate and reported trial court cases also have

6   referenced my testimony favorably:

7          •   *Laffitte v. Robert Half Int'l Inc.*, 231 Cal. App. 4th 860 (2014), *aff'd*

8              (2016) 1 Cal. 5th 480;

9          •   *Habitat and Watershed Caretakers v. City of Santa Cruz*, 2015 Cal.

10             App. Unpub. LEXIS 7156 (2015);

11         •   *In re Tobacco Cases I*, 216 Cal. App. 4th 570 (2013);

12         •   *Heritage Pacific Financial, LLC v. Monroy*, 215 Cal. App. 4th 972

13             (2013);

14         •   *Wilkinson v. South City Ford*, 2010 Cal. App. Unpub. LEXIS 8680

15             (2010);

16         •   *Children's Hospital & Medical Center v. Bonta*, 97 Cal. App. 4th 740

17             (2002);

18         •   *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628 (1996).

19         •   *Kaku v. City of Santa Clara*, No. 17CV319862, 2019 WL 331053, at *3

20             (Santa Clara Cty. Super. Ct. Jan. 22, 2019), *aff'd*, 59 Cal. App. 5th 385,

21             431 (2020);

22         •   *Davis v. St. Jude Hosp.*, No. 30201200602596CUOECX, 2018 WL

23             7286170, at *4 (Orange Cty. Super. Ct. Aug. 31, 2018);

24         •   *Hartshorne v. Metlife, Inc.*, No. BC576608, 2017 WL 1836635, at *10

25             (Los Angeles Super. Ct. May 2, 2017).

26         13.    Many other trial courts also have relied on my advocacy or testimony

27   in unreported fee awards.  *See, e.g., Bay Area Legal Aid v. Achievable Solutions, Inc*

28   *et al.*, Alameda County Superior Court No. 22CV008464, Order re Submitted

DECLARATION OF RICHARD M PEARL IN SUPPORT OF PLAINTIFFS' MOTION FOR INTERIM
ATTORNEYS' FEES AND COSTS

1   Matter filed March 3, 2024; *Moen v. the Regents of the University of California*,

2   Alameda County Superior Court No. RG10-530493, Order (1) Granting Final

3   Approval of Class Settlement and (2) Granting Motion for Award of Fees and Costs,

4   filed April 10, 2020; *People v. Santos Engineering*, Alameda County Superior Ct.

5   No. RG18889670, 2018 WL 3848844 (Cal. Super.), Order Motion for Attorney Fees

6   Granted, filed August 7, 2018.

### A SUMMARY OF MY OPINION

8   14.    In my opinion, the attorneys' fees and costs requested by Plaintiffs'

9   Counsel for their work on this matter are reasonable.  They are well-documented,

10  amply supported by the record, and entirely consistent with the fees and costs that

11  would be charged in the San Diego legal marketplace for similar services.

12  15.    Counsel's request and my opinion are both based on the lodestar

13  method provided for under federal law and the lodestar-adjustment method

14  prescribed by California law.  In my opinion, the lodestar elements of that

15  methodology—hourly rates and number of hours—fully support Counsel's fee

16  request.[1]  More specifically:

17  16.    The hourly rates requested by Plaintiffs' Counsel are within the range

18  of hourly rates charged by and awarded to comparably qualified San Diego

19  attorneys for comparable services.  My opinion is based upon:  (1) Plaintiffs'

20  Counsel's very impressive credentials and experience, all of which appear to have

21  come to bear in achieving an outstanding order and result at this stage of the case;

22  (2) my experience with attorneys' hourly rates in San Diego; (3) prior fee awards to

23  Plaintiffs' Counsel and to other San Diego attorneys;  and (4) the rates stated in

24  credible sources by law firms that practice in San Diego.

25  17.    Furthermore, Plaintiffs' Counsel RBGG and the Law Office of Aaron J.

26

27  _____

[1] At this time, Plaintiffs' Counsel are not requesting the lodestar multiplier under
28  California law to which they may well be entitled.

1    Fischer are entitled to their San Francisco Bay Area office rates.  Based on my

2    review of Mr. Young's declaration, it is clear to me that no other attorneys in the

3    San Diego market were willing to take on the role of serving as lead counsel for

4    Plaintiffs' Third Claim for Relief.  Nor are Mr. Young or I aware of any San Diego

5    firms with the experience in complex prison class actions, particularly complex

6    prison class actions challenging disability discrimination and access barriers.  That

7    experience proved invaluable in allowing Plaintiffs' Counsel to efficiently and

8    effectively prosecute Plaintiffs' Third Claim for Relief.  Under these circumstances,

9    it was entirely appropriate and reasonable for Plaintiffs to retain out-of-forum

10   counsel and for those attorneys to recover their home office rates.  For example, in

11   *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992), a Sacramento-based

12   prison conditions case, the Ninth Circuit upheld an award of San Francisco rates for

13   Plaintiffs' San Francisco-based counsel—in that case, an earlier incarnation of

14   RBGG—where counsel demonstrated that "issues in prisoner civil rights cases are

15   extremely complex" and "require experienced and sophisticated counsel," and

16   Sacramento attorneys with comparable experience were unavailable.  *Id.*

17        18.    The number of hours for which Plaintiffs' Counsel request

18   compensation is reasonable and appropriate given:  (a) the length of the litigation on

19   Plaintiffs' Third Claim for Relief—over three years; (b) the breadth of discovery,

20   including several site inspections, depositions of 30(b)(6) designees, working with

21   experts to prepare several expert reports regarding the accessibility of jail facilities,

22   numerous interviews of incarcerated people, and lengthy reviews of document

23   productions; (c) litigation over the 2023 Preliminary Injunction motion, Dkt. 281-1,

24   which included preparation of an expert report and visits to the jails to interview

25   incarcerated people with disabilities to gather approximately twenty declarations in

26   support of the motion and reply; (d) substantial efforts to negotiate the settlements

27   that resulted in the 2023 ADA Order (Dkt. 355), the ADA Plan pursuant to that

28   order (Dkt. 409), the Amended ADA Plan (Dkts. 695-1, Ex. A & 696), and the ADA

1  Settlement (Dkts. 776 & 777); and (e) the results achieved—settlement agreements

2  and orders that require Defendants to implement sweeping changes throughout

3  multiple jail facilities to ensure that people with disabilities incarcerated in

4  Defendants' jails can access programs, services, and facilities; this was essentially

5  everything that Plaintiffs sought in their Third Claim for Relief.

6  **Counsel's Hourly Rates Are Reasonable and in Line with San Diego Area Rates**

7

8  19.    Under federal law, Plaintiffs' Counsel's rates are reasonable if they are

9  "in line with" the non-contingent market rates charged by San Diego attorneys of

10  reasonably comparable experience, skill, and expertise for reasonably comparable

11  services.  *See Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984); *Davis v. City and*

12  *Cnty. of San Francisco*, 976 F.2d 1536, 1545-46 (9th Cir. 1992), *vacated in part on*

13  *other grounds*, 984 F.2d 345 (9th Cir. 1993).

14  20.    Under California law, Counsel's requested hourly rates are reasonable

15  if they are "within the range of reasonable rates charged by and judicially awarded

16  comparable attorneys for comparable work."  *Children's Hosp. & Med. Ctr. v.*

17  *Bonta*, 97 Cal. App. 4th 740, 783  (2002).[2]

18  21.    I understand that Plaintiffs' fee request here is based on the following

19  2025 hourly rates:

20
21

| Timekeeper | Position | Law School Class | 2025 Rate |
|---|---|---|---|
| **RBGG** | | | |
| Sanford J. Rosen | Partner | 1962 | $1,625 |
| Gay C. Grunfeld | Partner | 1984 | $1,325 |
| Van Swearingen | Partner | 2008 | $975 |
| Michael Nunez | Senior Counsel | 2011 | $850 |

26
27
28

[2] My citations to legal authorities are not presented as legal argument but to clarify and define the legal standards on which my opinions are based.

| Timekeeper | Position | Law School Class | 2025 Rate |
|---|---|---|---|
| Priyah Kaul | Senior Counsel | 2015 | $750 |
| Erik Monek Anderson | Associate | 2017 | $600 |
| Hannah Chartoff | Associate | 2018 | $575 |
| Ben Holston | Associate | 2021 | $500 |
| Ellie Heywood | Paralegal | N/A | $350 |
| Kedra Chan | Paralegal | N/A | $350 |
| Lindsy Newfeld | Paralegal | N/A | $350 |
| **Law Office of Aaron J. Fischer** | | | |
| Aaron J. Fischer | Principal | 2006 | $900 |
| **DLA Piper** | | | |
| Christopher M. Young | Partner | 1992 | $1.670 |
| Oliver Kiefer | Associate | 2012 | $1,250 |
| Isabella Neal | Associate | 2019 | $1,200 |
| Chelsea Rissmiller | Associate | 2020 | $1,145 |
| Alberto Julian Corona | Associate | 2021 | $1,085 |
| Mary Grace Braun | Associate | 2022 | $990 |
| Matt Danaher | Associate | 2023 | $895 |
| Joseph Jaein Kim | Associate | 2023 | $895 |

22.    Plaintiffs' Counsel are appropriately seeking their fees based on their 2025 rates. Fee awards are almost always determined based on current rates, *i.e.*, the attorney's rate at the time a motion for fees is made, rather than the historical rate at the time the work was performed. This is a common and accepted practice to compensate attorneys for the delay in being paid. *See, e.g.*, *In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1305 (9th Cir. 1994) (noting that "[f]ull compensation requires charging current rates for all work done during the litigation, or by using historical rates enhanced by an interest factor"); *Gates v. Deukmejian*, 987 F.2d 1392, 1406 (9th Cir. 1992) ("We long have recognized that district courts have the discretion to compensate prevailing parties for any delay in the receipt of fees by awarding fees at current rather than historic rates in order to adjust for inflation and loss of the use funds.") (citing cases); *Graham v. DaimlerChrysler*

DECLARATION OF RICHARD M PEARL IN SUPPORT OF PLAINTIFFS' MOTION FOR INTERIM
ATTORNEYS' FEES AND COSTS

1   *Corp*, 34 Cal. 4th 553  (2004); *Robles v. Employment Dev. Dept.*, 38 Cal. App. 5th

2   191, 205 (2019); Pearl, Cal Fee Awards (3d ed., Mar. 2024 Supp.) § 9.113, p. 9-132.

3          23.     Through my writing and practice, I have become familiar with the non-

4   contingent market rates charged by attorneys in California and elsewhere.  This

5   familiarity has been obtained in several ways:  (a) by handling attorneys' fee litiga-

6   tion; (b) by discussing fees with other attorneys; (c) by obtaining declarations

7   regarding prevailing market rates in cases in which I represent attorneys seeking

8   fees; and (d) by reviewing attorneys' fees applications and awards in other cases, as

9   well as surveys and articles on attorneys' fees in the legal newspapers and treatises.

10  I also have testified before trial courts and arbitrators on numerous occasions, and

11  have submitted expert testimony by declaration on hundreds of occasions: each of

12  those efforts require me to be aware of the hourly rates being charged in the relevant

13  community.

14         24.     In the instant case, I have reviewed Plaintiffs' Counsel's qualifications,

15  backgrounds, experience, work product, and the results they have achieved. These

16  materials include the Declaration of Aaron J. Fischer, which describes his back-

17  ground, work on this case, and hourly rate; the Declaration of Gay C. Grunfeld,

18  Plaintiffs' lead counsel, which describes RBGG's work on this action and the

19  reasonableness of its hourly rates; the Declaration of Christopher M. Young, which

20  attests to DLA Piper's role in the case and the reasonableness of Plaintiffs'

21  Counsel's requested rates; the the Declaration of Claudia Center, which opines on

22  the excellent relief obtained in the ADA Settlement and Amended ADA Plan; and

23  the Declaration of Shawna Parks, which attests that Plaintiffs' counsel RBGG and

24  Mr. Fischer's hourly rates are within the range of rates for the San Francisco Bay

25  Area market.  Based on this information, and in light of my extensive background

26  and experience, it is my opinion that the hourly rates Counsel request are within the

27  range of the non-contingent market rates charged by San Diego and San Francisco-

28  based attorneys of reasonably comparable experience, skill, and reputation for

reasonably comparable services.  The following factors support my opinion:

**Factor One: Counsel's Stellar Credentials, Trial Experience, and Performance**

25.    Initially, my opinion is based on my assessment of Counsel's exceptional levels of skill, experience, and reputations, all of which would justify their rates as "in line with" and at the upper end of any range of reasonable rates for comparably complex litigation.  The numerous awards they have received and the great respect they have earned from their peers are one clear sign of their standing.

26.    My opinion also is strongly influenced by Counsel's extensive experience.  A high level of skill and experience was necessary to litigate the action and secure the comprehensive court-ordered Amended ADA Plan (Dkt Nos. 695-1, Ex. A & 696) and the ADA Settlement (Dkts. 776 & 777), especially in the face of Defendants' often vigorous opposition.  That is expertise and skill that each of Plaintiffs' three law firms brought to this litigation.

27.    RBGG possesses an excellent and well-deserved reputation for high-quality representation.  It is a nationally recognized leader in civil rights (including disability rights), employment, consumer, and antitrust class action litigation and appeals.  Best Lawyers in America places the firm in the first tier nationally in Appellate Practice, and locally in Commercial Litigation, Employment Law-Individuals, and Civil Rights for 2025 and for many prior years.  All of the firm's partners are AV-rated by Martindale Hubbell, and all are recognized as SuperLawyers and have been for many years.  Managing partner Gay Grunfeld has been named to the Daily Journal's Top 100 Lawyers in California list repeatedly, including in 2024.  The Daily Journal has also recognized Ms. Grunfeld as one of the Top Women Lawyers in Calfornia over ten times, including in 2024.  Four of the partners, including Gay Grunfeld, were named Best Lawyers in America for 2025, also for many prior years.  RBGG attorneys also have been honored repeatedly with the California Lawyer of the Year Award, including Ms. Grunfeld in 2012 and 2015,

Van Swearingen in 2016 and 2022, and Michael Nunez in 2018.  Eight of the firm's

Senior Counsel and associates, including Eric Monek Anderson and Hannah

Chartoff, were named Rising Stars by SuperLawyers in 2024.

28.     In addition, I personally have been familiar with RBGG's work for

many decades.  Its lawyers and I have on occasion worked on the same side of

matters and on other occasions on opposite sides.  I know that the firm and its

lawyers have well-deserved reputations for excellence and for getting outstanding

results for their clients, as this case demonstrates.  RBGG regularly litigates

disability access cases and obtains excellent results for their individual and class

action clients.

29.     Aaron J. Fischer is a sole practitioner who represents clients on issues

related to civil and constitutional rights, disability rights, employment and complex

civil and class action litigation.  He is a graduate of Columbia Law School and of

the University of California-Berkeley.  Following graduation, he was a Skadden

Fellow at the Children's Law Center in Washington D.C., where he represented

D.C. residents through a medical-legal partnership at the Children's National

Medical Center.  He served as a law clerk to the Honorable Jack B. Weinstein of the

United States District Court for the Eastern District of New York, and for the

Honorable Kimba M. Wood of the United States District Court for the Southern

District of New York.  As a practicing attorney, he has extensive experience

monitoring and investigating public and private entities to ensure compliance with

relevant laws, including those that protect persons with disabilities.  Mr. Fischer

previously served as Litigation Counsel at Disability Rights California (the

Protection & Advocacy System for the State of California), where he engaged in

class and multi-plaintiff litigation on behalf of people with disabilities. He presently

serves as Chair for the American Diabetes Association Legal Advocacy

Subcommittee.  Mr. Fischer also practiced law for many years at RBGG.

30.     DLA Piper LLP (US) ("DLA Piper") is a global law firm with lawyers

DECLARATION OF RICHARD M PEARL IN SUPPORT OF PLAINTIFFS' MOTION FOR INTERIM
ATTORNEYS' FEES AND COSTS

1  located in more than 40 countries throughout the Americas, Europe, the Middle

2  East, Africa, and Asia.  DLA Piper is widely recognized as one of the premier class

3  action firms in the United States.  Most recently, DLA Piper received the 2022 John

4  Minor Wisdom Public Service and Professionalism Award from the American Bar

5  Association Litigation Section's Access to Justice Committee.  DLA Piper was

6  recently named a Powerhouse firm for class action litigation by BTI Consulting

7  Group.  DLA Piper's clients include more than half of the *Fortune 250.*

8  ### Factor Two: Counsel's Prior Fee Awards

9       31.    The hourly rates found reasonable for RBGG in prior cases also support

10  its current request.  These prior awards are strong evidence that Counsel's current

11  rates are reasonable.  *See, e.g.*, *United Steelworkers v. Phelps Dodge Corp.,* 896

12  F.2d 403, 407 (9th Cir. 1990); *Margolin v. Regional Planning Comm'n*, 134 Cal.

13  App. 3d 999, 1005 (1982).  The courts have found RBGG's rates reasonable rates

14  many times, including several over the past five years.  *See, e.g.*, *U.S. v. Academy*

15  *Mortgage Corporation*, No. 3:16-cv-02120-EMC, Dkt. 500 (N.D. Cal May 31,

16  2024) (awarding RBGG's requested 2023 rates for its fees work); *Prison Legal*

17  *News v. Ryan*, No. CV-15-02245-PHX-ROS, 2024 WL 1195548, at *2 (D. Ariz.

18  Mar. 20, 2024) (awarding RBGG's requested 2023 rates); *Prison Legal News v.*

19  *Ryan*, No. 19-17449, 2023 WL 9190364, at *1 (9th Cir. Mar. 21, 2023) (awarding

20  RBGG's requested 2022 rates plus multiplier); *Andrews v. Equinox Holdings, Inc.*,

21  570 F. Supp. 3d 803, 806 (N.D. Cal. 2021) (awarding RBGG's requested 2021

22  rates); *Hum. Rts. Def. Ctr. v. Cnty. of Napa*, No. 20-CV-01296-JCS, 2021 WL

23  1176640, at *11-12 (N.D. Cal. Mar. 28, 2021) (awarding RBGG's requested 2020

24  rates); *Nat'l Fed'n of the Blind v. Uber Techs. Inc.*, 14-cv-04083 (N.D. Cal. Nov. 8,

25  2019), Dkt. 203 at 5 (awarding RBGG its requested 2019 rates).  In addition, in

26  October 2024, Arbitrator Hon. Wynn Carvill (ret.) awarded RBGG its requested

27  2024 rates in a disability rights arbitration against Kaiser Permanente.  *See* Ruling

28  on Fee Mot., *Smith v. Kaiser* (Oct. 21, 2024 (attached as an exhibit to the

1   Declaration of Gay Grunfeld, filed herewith).

2         32.     In light of counsel's years of increased skill, experience, and

3   reputations, as well as significant rate increases in the legal marketplace generally,[3]

4   Counsel's current 2025 rates are equally reasonable.

5         **Factor Three: Recent Hourly Rate Determinations**

6         33.     My opinion also is based on numerous findings of reasonable hourly

7   rates made by San Diego courts.  These findings are highly probative.  *See*

8   *Children's Hosp. & Med. Ctr. v Bontá*, 97 Cal. App. 4th at 783; *Margolin*, *supra*,

9   134 Cal. App. 3d at 1005.  The following examples amply support my view:

10         a.     In *Bloom, et al. v. City of San Diego*, 2024 U.S. Dist. LEXIS

11   18751817 (S.D. Cal. No. cv-02324-AJB-DEB Oct. 15, 2024) (Battaglia, J.), this

12   Court approved rates ranging from $990 to $1,250 for 1999 graduates, $1,200 for a

13   2006 graduate, $1,125 for a 2002 graduate, a $1,050 hour rate for a 1998

14   graduate,$585 for a 2017 graduate, $440 for a 2022 graduate, and $280 to $390 rates

15   for paralegals.

16

17   _____

   [3] Listed billing rates, court awards, and published articles show that attorney billing
18   rates continue to grow rapidly. *See, e.g.* Debra Cassens Weiss, *Some top partners in
   BigLaw will bill nearly $3,000 per hour next year, data says (ABAJOURNAL.COM*
19   9/26/2024) (listing BigLaw 2024 rates for partners that range up to $2,720 per hour
   at California's Wilson Sonsini Goodrich & Rosati and up to $1,575 at D.C.'s
20   Sullivan & Cromwell); Roe, *Top Big Law Partners Are Earning More Than $2,400
   Now, As Rates Continue to Climb* (Law.com 1/18/2024) (listing numerous Big Law
21   firm rates, some approaching $2,600 per hour); Debra Weiss, *This BigLaw firm
   charges nearly $2,500 per hour for top billers' bankruptcy work*, ABA Journal
22   (Dec. 19, 2023), https://www.abajournal.com/news/article/this-biglaw-firm-charges-
   nearly-2500-an-hour-for-top-billers-bankruptcy-work (referring to Kirkland &
23   Ellis's rates); Vaidehi Mehta, *Billing Rates Surge Past $2k in the World of High-
   Stakes Litigation*, FindLaw (Sept. 27, 2023),
24   https://www.findlaw.com/legalblogs/practice-of-law/billing-rates-surge-past-2k-in-
   the-world-of-high-stakes-litigation/; Roy Strom "Rising Rates Are Law Firms'
25   Salve as Layoffs and Pay Cuts Surge" (Bureau of National Affairs, Inc., Jan. 19,
   2023, 5:30 AM (https://news.bloomberglaw.com/business-and-practice/rising-rates-
26   are-law-firms-salve-as-layoffs-and-pay-cuts-surge) (rates for commercial firms who
   submitted new 2023 hourly rates reflected increases over 2022 rates of nearly 10%
27   on average for top partners and 9% for top associates). Similarly, Wells Fargo's
   Legal Specialty Group reports that its 2023 year-end survey of 130 law firms' rates
28   showed an 8.3% increase for 2023; its most recent survey showed average rate
   increases of 9% over the first six-months of 2024.

DECLARATION OF RICHARD M PEARL IN SUPPORT OF PLAINTIFFS' MOTION FOR INTERIM
ATTORNEYS' FEES AND COSTS

b.      In *Orthopaedic Hosp. v. Encore Med. L.P.*, 2021 U.S. Dist. LEXIS 225014, at \*40 (S.D. Cal. 2021), the court determined that 2020 and 2021 partner rates of $925-$1,260 and associate rates of $770-$1,065 were reasonable. As noted, all indications are that rates have risen at least 20-25% since 2021.  *See* fn. 2 ante.

c.      In *Herring v. Maddow*, 2021 U.S. Dist. LEXIS 23163 (S.D. Cal. 2021), an anti-SLAPP fee award, the court found the following 2020 hourly rates reasonable in the San Diego legal marketplace: $1,050-1,150 per hour for attorneys with 30+ years of experience; $720 per hour for a senior associate with 10+ years of experience; $470 per hour for associates with 3 years legal experience; and $265-$280 for paralegals.

d.      In *In re Easysaver Rewards Litigation*, 2020 U.S. Dist. LEXIS 77483 (S.D. Cal. 2020), a coupon class action settlement, the court found 2019 rates of $850 and $825 reasonable for partners at San Diego's Cohelan, Khoury and Singer; $675 per hour for a Cohelan Khoury associate; and $795 for partners at San Diego's Patterson Law Group.  The court also approved paralegal rates ranging from $125 to $315.

e.      In *San Diego Comic Convention v. Dan Farr Productions*, No. 14cv1865-AJB-JMA, 2019 U.S. Dist. LEXIS 64418 (S.D. Cal. Apr. 15, 2019) (Battaglia, J.) attorney fees aff'd by 807 F. App'x 674 (9th Cir. Apr. 20, 2020), a trademark infringement case, the court found reasonable the hourly rates of $760 for partners with 28-29 years of experience, $685 for a partner with 14 years of experience, $585 for attorney with 16 years of experience, $545 for an associate with 5 years of experience, and $245 to $290 for paralegals.

f.      In *Beaver v. Tarsadia Hotels*, 2017 U.S. Dist. LEXIS 160214 (S.D. Cal. 2017), a consumer class action, the court approved, as part of the lodestar cross-check for a common fund award, hourly rates that included $875 for a 40-year attorney, $725 for a 25-year attorney, $650 for a 16-year attorney, and $400 for a

1   seven year attorney.

2              g.    In *Makaef v. Trump University, LLC*, 2015 U.S. Dist. LEXIS

3   46749 (S.D. Cal. 2015), a fee award for a successful anti-SLAPP motion under

4   California law and the subsequent appeals therefrom, the court found the following

5   hourly rates reasonable for San Diego's Robins Geller Rudman & Dowd: $825 for a

6   20-year attorney, $660 for a 15-year attorney, and $360 for an 8-year associate. For

7   San Diego's Zeldes Haeggquist & Eck, it found $600 and $690 per hour reasonable

8   for 20-year attorneys.

9              h.    In *Beltran v. D III Transportation Corp.*, San Diego Superior

10  Court No. 77-2012-00099241-CU-OE-CTL, Order Granting (1) Final Approval of

11  Class Settlement and Entering Judgment; and (2) Award of Attorneys' Fees and

12  Costs etc., filed June 20, 2014, the court found $750 per hour reasonable for a 30-

13  year San Diego attorney.

14             i.    In *Johansson-Dohrmann v. CBR Sys.*, 2013 WL 3864341 (S.D.

15  Cal. 2013), a representative action alleging invasion of privacy, the court found that

16  lead class counsel's rate of $695 per hour was reasonable for a 20-year attorney. It

17  also found that a 2.07 multiplier was reasonable.

18             j.    In *Hartless v. Clorox*, 273 F.R.D. 630, 644 (S.D. Cal. 2011), the

19  Court found, inter alia, that class counsel's requested rates were consistent with the

20  hourly rates found reasonable in numerous other class actions and with rates charged

21  by other firms in the San Diego area, including rates of $795 per hour for a 25-year

22  attorney, $675 per hour for an experienced partner, and $100 per hour for a

23  paralegal. 273 F.R.D. at 644.

24      34.    These findings are entitled to significant weight. *United Steelworkers

25  v. Phelps Dodge Corp., supra,* 896 F.2d at 407; *Margolin v. Regional Planning

26  Comm.*, *supra*, 134 Cal. App. 3d at 1005.  Plaintiffs' Counsel's hourly rates here are

27  within the range of rates found reasonable in the most recent of these cases, as well

28  as within the rates found reasonable in the older cases when adjusted for annual

1   increases in the legal marketplace.

2       35.    In sum, the factors discussed above fully support my opinion that

3   Plaintiffs' Counsel's rates are within the range of non-contingent rates charged by

4   comparably qualified San Diego area attorneys for reasonably similar work.

5   **The Rates of Firms that Practice in San Diego and Elsewhere**

6       36.    Many large law firms, such as DLA Piper, have offices throughout

7   California. *See*, *e.g.*, Young Decl., ¶¶ 4, 11. In my experience, those firms charge

8   the same rates for San Diego-based work as they do for work in San Francisco. In

9   the following section of this declaration, I discuss the San Francisco Bay Area

10  market, based in part on **Exhibit B,** a list of the hourly rates charged by numerous

11  San Francisco Bay Area law firms that I have compiled from court filings, deposi-

12  tions, surveys, and other reliable sources. Some of the firms listed in Exhibit C,

13  such as Cooley LLP and Morrison Foerster LLP, also have offices in San Diego. In

14  my experience, the rates that these firms charge, as well as DLA Piper's rates, also

15  demonstrate that Plaintiffs' Counsel's requested rates are within the range of rates

16  charged in the San Diego market by comparable attorneys for comparably complex

17  work.

18  **RBGG and Mr. Fischer's Rates Are in Line with the San Francisco Legal**
    **Marketplace**

19

20      37.    In my opinion, the hourly rates that RBGG and the Law Office of

21  Aaron J. Fischer request are in line with and well within the range of the non-

22  contingent market rates charged by San Francisco attorneys of reasonably

23  comparable experience, skill, and reputation for reasonably comparable services. In

24  addition to Counsel's qualifications and prior fee awards discussed above, my

25  opinion is based on the following factors:

26      **Factor One:  Recent Hourly Rate Determinations**

27      38.    My opinion is based in part on numerous findings of reasonable hourly

28  rates made by San Francisco Bay Area courts. A complete list of the awards I have

relied on is attached as **Exhibit C**. The following examples amply support my view:

- In *American Lung Assn. v. Breathe Southern California*, Alameda County Superior Ct. No. RG05228892, a contract dispute, the Court's Tentative Ruling[4] found that the prevailing Defendant's hourly rates, including $1,010 per hour for a 42-year attorney, $950 per hour for an 11-year attorney, and paralegal rates of $250-475 per hour were reasonable.

- In *Prison Legal News v. Ryan*, United States Court of Appeal for the Ninth Circuit, Order filed March 21, 2023, the following 2022 hourly rates were found reasonable for RBGG attorneys who performed the Plaintiff-Appellee's work:

| Title | Law School Grad. Year | Rate |
|---|---|---|
| Partner | 1962 | $1,350 |
| Partner | 2005 | $850 |
| Associate | 2016 | $575 |
| Paralegal | NA | $400 |

- In *Richmond Compassionate Care Collective v. Richmond Patient's Group et al.*, Contra Costa Superior Ct. No. MSC16-01426, Order Granting Plaintiff RCCC's Motion for Attorneys' Fees etc., filed November 1, 2022, an antitrust case, as part of its lodestar cross-check, the court found that the following hourly rates billed by the prevailing Plaintiff's attorneys were reasonable:

---

[4] A final ruling has not yet issued because the Court has scheduled a follow-up hearing on a non-rate issue.

[4572646.10]

22

Case No. 3:20-cv-00406-AJB-DDL
DECLARATION OF RICHARD M PEARL IN SUPPORT OF PLAINTIFFS' MOTION FOR INTERIM
ATTORNEYS' FEES AND COSTS

| Firm | Title | Years of Experience | Rate |
|---|---|---|---|
| **Alioto Law Firm** | | | |
| | Joseph M. Alioto | 53 | $1,500 |
| **Foreman & Brasso** | | | |
| | Ronald D. Foreman | 48 | $1,050 |

- In *Yo LLC v. Krucker*, Santa Clara Superior Ct. No. 17CV306261, Fee Order filed February 9, 2022, a contractual fee case involving a disputed lease, the court found that the following hourly rates billed by the prevailing Defendant's attorneys were reasonable:

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| **Cooley LLP** | | | |
| | Partner | 1994 | $1,275 |
| | Special Counsel | 1994 | $1,090 |
| | Associate (2020 rate) | 2009 | $1,010 |

- In *Kang v. Wells Fargo Bank NA*, 2021 U.S. Dist. LEXIS 235254, at *53 (N.D. Cal. Dec. 8, 2021), a consumer class action, the court found that plaintiffs' appellate attorneys' rates of $640–$1,150 and trial counsel's rates of $325–$950 were "in line with other fee awards in this district for similarly experienced attorneys."

- In *Wit v. United Behavioral Health, supra*, 578 F. Supp. 3d 1060, vacated and remanded on the merits 2023 U.S. App. LEXIS 33343 (9th Cir. 2023), the district court found the following 2021 hourly rates reasonable:

| Firm | Title | Years of Experience | Rate |
|---|---|---|---|
| **Zuckerman Spaeder** | | | |
| | Partner | 35, 39 | $1,145 |
| | Partner | 24 | $1,040 |
| | Partner | 21 | $980 |
| | Associate | 6 | $595 |
| | Paralegals | | $250-390 |

- In *Andrews v. Equinox Holdings, Inc.*, *supra*, 570 F. Supp. 3d 803, an individual age discrimination case that settled by acceptance of the defendant's Fed. R. Civ. P. Rule 68 offer, the district court found the following 2021 rates reasonable (before applying a 1.3 lodestar multiplier):

| Firm | Title | Law School Grad. Year | Rate |
|---|---|---|---|
| **Rosen Bien Galvan & Grunfeld LLP** | | | |
| | Partner | 1962 | $1,250 |
| | Partner | 1997 | $875 |
| | Senior Counsel | 2010 | $600 |
| | Associate | 2018 | $350 |
| | Summer Associates | NA | $300 |
| | Paralegals | NA | $240-$275 |

The rates requested here by Plaintiffs' Counsel RBGG and Mr. Fischer are well within the range of San Francisco Bay Area rates found reasonable in these cases and those set out in **Exhibit C.**

**Factor Two:  Hourly Rates Stated by Local Firms**

39.    Counsel's hourly rates also are well within the range of the stated non-contingent hourly rates charged by numerous San Francisco Bay Area law firms that regularly engage in civil rights litigation and other civil litigation of comparable complexity.  As stated above, **Exhibit B** contains a list of the hourly rates charged by numerous San Francisco Bay Area law firms.  The rates requested here are well in line with those rates.  For example:

- Altshuler Berzon LLP, a prominent public interest trial and appellate firm, billed its 2024 work at $1,325 for a 1983 graduate, $1,150 for a 1998 graduate, $1,000 for a 2008 graduate, $750 for a 2016 graduate, $675 for a 2019 graduate, $625 for a 2021 graduate, and $325 for paralegals and litigation assistants.

- Feinberg, Jackson, Worthman & Wasow LLP, a prominent local firm, billed the following rates in 2023:

| Title | Year Admitted | Rate |
|---|---|---|
| Partner | 1988 | $1050 |
| Partner | 2004 | $1050 |
| Partner | 2006 | $900 |
| Partner | 2010 | $800 |
| Fellow | 2020 | $350 |

- Goldstein Borgen Dardarian and Ho LLP, a prominent local firm, charged the following 2023 rates for its work:

| Law School Graduation Year | 2023 Rates |
|---|---|
| 1978-1997 | $1,075 |
| 2004-2005 | $878 |
| 2013-2019 | $538 |
| 2023 | $437 |
| Senior Paralegal | $395 |
| Paralegal | $325 |

- Keller, Rohrback, another comparable firm, charged the following rates in 2023:

| Years of Experience | Rate |
|---|---|
| 33+ | $1,200 |
| 27 | $1,100 |
| 22-23 | $1,045 |
| 27 | $1,100 |
| 18 | $1,010 |
| 14 | $815 |
| 13 | $795 |
| 11 | $725 |
| 9 | $700 |

- In 2023, Olivier & Schreiber LLP, a prominent local employment/appellate firm, billed its 25-year attorney at $925 per hour, its 16-year attorney at $825, its 14-year attorney at $800, and its paralegals at $200-250 per hour.

- In 2022-2023, Schneider Wallace Cottrell and Konecky LLP, an Emeryville-based firm, billed its attorneys at the following rates:

| 2022-2023 Rates | Year Admitted to Bar | Rate |
|---|---|---|
| Partners | 1996 | $1,105 |
| | 2014 | $850 |
| Associates | 2004 | $935 |
| | 2016 | $775 |
| | 2018 | $725 |
| | 2009 | $680 |
| | 2004 | $935 |
| Staff Attorneys | | $680 |
| Law Clerks/ Paralegals | | $275-$450 |

1        • In 2022, McGuinn, Hillsman & Palefsky charged and was awarded
2           $1,100 per hour for its 45-year attorney.

3        40.    The filings of PG&E's law firm in the PG&E Bankruptcy case, N.D.
4    Bank. Case No. 19-30088, include the rates charged by PG&E's law firm for its
5    work on that case. (Dkt. No. 6331). **Exhibit D** shows that in July 2020, PG&E's
6    attorneys billed a 19-year attorney at $1,535 per hour and a 15-year attorney at
7    $1,220 per hour.

8        41.    These rates show that the rates Counsel request here are within the
9    range of rates charged in the San Francisco Bay Area legal marketplace.

10                   **Factor Three:  The Testimony of their Peers**

11       42.    The rates charged by other highly skilled public interest lawyers
12   provide further support for Counsel's requested rates here. *See* Declaration of
13   Shawna Parks, ¶¶ 28-36 (stating rates that Disability Rights Advocates ("DRA"), a
14   highly respected disability rights non-profit law firm, requests and is awarded for its
15   disability access work). Ms. Parks, DRA's Legal Director, affirms that given
16   Plaintiffs' counsel's exceptional skills, experience, and reputation, the rates
17   requested here are within the range of rates charged in the San Francisco Bay Area
18   legal marketplace for comparable work. *Id.* at ¶¶ 36-39.

19       43.    In sum, the factors discussed above fully support my opinion that
20   RBGG and Mr. Fischer's rates are well within the range of non-contingent rates
21   charged by comparably qualified San Francisco Bay Area attorneys for reasonably
22   similar work.

23   **Counsel's Hours Are Within a Reasonable Range**

24       44.    After billing judgment reductions and across-the-board discounts
25   totaling 13.2% of the lodestar value of the total time they have spent on the merits,
26   Plaintiffs' Counsel seek a merits lodestar of $2,111,562.63 for 2,986.4 hours of
27   work through January 20, 2025. As noted above, I have reviewed a meaningful
28   sample of the documents filed in this action, including the description of counsel's

work set out in Plaintiffs' Counsel's declarations and time records.  I also have taken note of Counsel's significant billing judgment reductions as well as the time they have spent but not recorded.  Based on that review, as well as my extensive experience with comparable civil actions, the net number of hours for which Counsel request compensation appears to be consistent with the range of hours I would expect to have been spent in litigation of a claim in a case of this duration, intensity, complexity, and results.  *See*, *e.g.*, *Villalpondo v. Exel Direct, Inc.*, *supra*, 2016 WL 7740854, at *4 (hours spent by plaintiffs' reasonable "given the nature of the case and the defenses presented, the work class counsel had to undertake, the manner in which class counsel allocated their work, and the results achieved"); *Horsford v Board of Trustees*, 132 Cal.App.4th 359, 395 (2005) (court must "focus on providing an award of attorney fees reasonably designed to fully compensate plaintiffs' attorneys for the services provided").  I base that opinion on the following factors:

### Factor One: Counsel's Complete Documentation

45.    A primary factor supporting my opinion is the fact the time spent by Counsel on Plaintiff's Third Claim for Relief is fully documented in detailed time records.  *See Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 738 (11th Cir. 1988) ("Sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required in the usual case"); *Horsford v. Bd. of Trustees*, *supra*, 132 Cal. App. 4th at 396  ("the verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous.").  These time records readily satisfy the requirements of both federal and California law.  *See*, *e.g.*, *United Steelworkers of Am. v. Ret. Income Plan for Hourly-Rated Emps. of ASARCO, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008) (holding that billing records adequately supported trial court fee award and explaining that attorneys need only "keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and

1  need for the service, and the reasonable fees to be allowed."); *Lunada Biomedical*

2  *v. Nunez*, 230 Cal. App. 4th 459, 487 (2014) (time records sufficient when they

3  allow trial court to determine whether case was overstaffed and whether time was

4  reasonable); *see also PLCM Group, Inc. v. Drexler*, 22 Cal. 4th 1084, 1098 (2000)

5  ("We do not want 'a [trial] court, in setting an attorney's fee, [to] become enmeshed

6  in a meticulous analysis of every detailed facet of the professional representation.

7  It … is not our intention that the inquiry into the adequacy of the fee assume

8  massive proportions, perhaps dwarfing the case in chief,'" quoting *Serrano v.*

9  *Unruh*, 32 Cal. 3d 621, 642 (1982)).

10  **Factor Two: The Intensity and Demands of the Litigation**

11  46.    My opinion also is supported by the voluminous amount of work

12  required to obtain resolution of Plaintiffs' Third Claim for Relief, especially given

13  the hard fought nature of the litigation.  Plaintiffs' Counsel began investigating

14  ADA violations at the Jail in March 2021, nearly four years ago.  After substantial

15  investigation, Counsel drafted and filed a class action complaint in February 2022.

16  Subsequent to filing an amended class action complaint and litigating a preliminary

17  injunction motion, counsel obtained permission from the Court to propound early,

18  expedited discovery related to disability access issues in January 2023.  Plaintiffs

19  deposed several 30(b)(6) designees, conducted multiple site inspections, interviewed

20  dozens of incarcerated people, drafted over twenty declarations, and reviewed and

21  analyzed Defendants' written discovery responses.

22  47.    After Plaintiffs' inspection of the Jail, Plaintiffs' counsel worked

23  extensively with their ADA expert to draft a 251-page report identifying hundreds of

24  barriers to access at one of the Jail facilities.  Together, these efforts resulted in

25  Plaintiffs filing a second preliminary injunction motion in April 2023 that focused

26  on effective communication for people with hearing disabilities and accessible

27  facilities in San Diego's Central Jail for people with mobility disabilities.  Dkt. 281.

28  Defendants vigorously defended their policies and practices, opposing Plaintiffs'

motion with a brief supported by 22 declarations. Defendants agreed to settle the issues in Plaintiffs' 2023 Preliminary Injunction Motion only after Plaintiffs filed their reply brief with supporting declarations from Plaintiffs' ADA expert, a former Jail employee, and multiple declarations from incarcerated people. Dkt. 320. On June 20, 2023, the parties filed a stipulation requiring Defendants to draft an ADA Plan to remedy issues identified in 2023 Preliminary Injunction Motion. Dkt. 350. The next day, the Court entered an Order consistent with the parties' stipulation. Dkt. 355.

48.    After settling the effective communication issues and mobility access issues at Central Jail in the summer of 2023, Plaintiffs' Counsel spent considerable time negotiating with Defendants about the contents of their proposed ADA plan. Eventually Plaintiffs filed an objection to Defendants' proposed ADA plan in October 2023, which was accompanied by, among other things, a declaration from Plaintiffs' ADA expert. Dkt. 416. On April 24, 2024, the Court issued an Order sustaining Plaintiffs' objections to Defendants' proposed ADA plan on all issues. Dkt. 620. Subsequent to further negotiations, including with an in-person meet and confer with the parties and experts, the parties filed a joint motion to approve the Amended ADA Plan. Dkt. 695. The Court approved an Amended ADA Plan the same day. Dkt. 696.

49.    At the same time as the parties were working to implement the 2023 ADA Order, the parties continued to litigate the remainder of Plaintiffs' Third Claim for Relief, and Plaintiffs' Counsel continued to monitor Defendants' compliance with the Court-ordered Amended ADA Plan. The parties began settlement discussions regarding the remainder of the Third Claim for Relief in the spring of 2024. After extensive meet and confer sessions and numerous settlement conferences, the parties reached a settlement in principle of the remainder of the Third Claim for Relief in November 2024. On December 12, 2024, the parties filed the settlement agreement, which is styled as a joint motion. Dkt. 776. The Court approved the

1    joint motion the same day.  Dkt. 777.

2        50.    Taken together, the above (and still other) efforts demonstrate that

3    litigation was both intense and fast-paced.  In my opinion, the actions taken by

4    Plaintiffs' Counsel and the results they have achieved readily justify the time for

5    which compensation is requested.

6        **Factor Three: The County's Vigorous Resistance**

7        51.    It is apparent that Defendants this case vigorously resisted and fiercely

8    litigated every step of the way, through the close of expert discovery.  From

9    reviewing Ms. Grunfeld's declaration, I also understand that Defendants filed two

10   motions to dismiss and opposed both of Plaintiffs' preliminary injunction motions.

11   It is my understanding that Defendants also made prosecuting this action more

12   difficult for Plaintiffs' attorneys, including by making Plaintiffs' Counsel wait for

13   hours to interview incarcerated people at the Jail, refusing to provide unredacted

14   disability rosters to Plaintiffs' Counsel even after the Court certified the class,

15   refusing to permit experts to participate in a meet and confer session regarding

16   development of the court-ordered ADA Plan, making inaccurate representations to

17   the Court, and declining to use track changes when editing documents, which forced

18   Plaintiffs' Counsel to expend extra time to identify and understand the scope of

19   Defendants' revisions.  In this light, the number of hours spent appears to me to

20   have been entirely appropriate.

21       **Factor Four: The Results Achieved**

22       52.    Last but not least, the excellent results achieved for class members with

23   disabilities fully justify the time expended to obtain those results.  Plaintiffs secured

24   the relief that they sought in their Third Claim for Relief, including all of the court-

25   ordered relief that they sought for deaf class members and class members with

26   mobility disabilities in their 2023 preliminary injunction motion.  The court-ordered

27   Amended ADA Plan requires that Defendants identify, document, and accommodate

28   the effective communication needs of class members with hearing disabilities

systemwide, including through provision of remote or in-person sign language interpreting and communication assistive devices in a variety of medical and custodial encounters and processes. Dkt. 695. It requires Defendants to identify, document, and accommodate the accessible bed and other physical accessibility needs of class members with mobility disabilities as well as make renovations to the physical facilities at Central Jail to remove physical access barriers and ensure that additional accessible beds are available, ensure that the intake and booking process is physically accessible, and ensure that certain other related facilities are physically accessible to class members with mobility disabilities. The Amended ADA Plan also requires that Defendants train relevant staff regarding the policies and practices that the Plan adopts and implement an interim plan to accommodate class members with mobility disabilities until physical accessibility renovations are complete.

53.     The December 2024 settlement of the remaining issues in Plaintiffs' Third Claim for Relief provides for numerous remedial actions throughout the Jail system, including as to the development and implementation of policies, procedures, and training regarding the ADA; the provision of ADA Notices, IP Handbooks and/or ADA/Disability information brochures to incarcerated people; systemwide revisions to the Jail's disability policies and procedures; the development and implementation of a system to identify and track people with disabilities; changes to how people with disabilities are housed, to ensure that they are housed safely and appropriately for their disability; modifications and alterations throughout the Jail facilities to accommodate individuals with disabilities; the creation of an ADA transition plan; changes to ensure program access for people with disabilities; guarantees of effective communication and access to assistive devices; the provision of quality assurance mechanisms with auditing; and still other provisions to ensure that people with disabilities are provided with accessible facilities, programs, and accomodations, and that they are not retaliated against for making their disability needs known to Jail officials. Dkt. 776, Ex. A.

**Counsel's Fees Work Hours Are Within a Reasonable Range**

54.     The time spent preparing this fee application is compensable as part of the overall fee in the case.  Plaintiffs' Counsel here have expended 211.3 hours on this motion through January 20, 2025, for a lodestar of $210,518.50 before billing judgment reductions.  Given the stakes involved, in my opinion, these fees are reasonable. *See United States Thrower v. Acad. Mortg. Corp.*, No. 16-CV-02120-EMC, 2024 WL 4194800, at *5-6 (N.D. Cal. Sept. 13, 2024) (awarding fees for a total of over 1,500 hours of work on fees litigation).

55.     Plaintiffs' fee motion required a massive effort.  I have reviewed the declaration of Gay Grunfeld, describing the years of work that went in to obtaining the settlement of Plaintiffs' Third Claim for Relief.  Those years of work translate into voluminous time entries.  I have also reviewed the declaration of Van Swearingen, who described his review of each of 30,000+ time record entries across three law firms to determine whether the entry pertained primarily to Plaintiffs' Third Claim for Relief or primarily to another claim that has not yet been resolved.  Mr. Swearingen then had to vet and prepare the time records as well as apply billing judgment reductions just as any lawyer would do in preparing records to present in support of a motion.  My review of these declarations as well as Plaintiffs' Counsel's fees-for-fees time records indicates that the amount of time Counsel spent reviewing and preparing the time records along with the preparation of the fees motion and supporting declarations is reasonable.  The claimed value of this time, $158,002.58 after billing judgment reductions, is therefore reasonable. *See United States Thrower*, No. 16-CV-02120-EMC, 2024 WL 4194800 at *5-6.

## CONCLUSION

56.     In my opinion, for the reasons stated above, Plaintiffs' Counsel's requested $2,111,562.63 merits lodestar for litigation and monitoring work pursuant to Plaintiffs' Third Claim for Relief through January 20, 2025, is entirely consistent with the fees that would be reasonably charged in the local legal marketplace for

comparable work and results.  Plaintiffs' Counsel's $158,002.58 lodestar for fee

motion work through January 20, 2025, also is reasonable given the size of the fee

claim and Plaintiffs' Counsel's thorough and well supported fee motion.

I declare under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct, and that this declaration is

executed at Berkeley, California this 3rd day of February, 2025.

_____

Richard M. Pearl

34

DECLARATION OF RICHARD M PEARL IN SUPPORT OF PLAINTIFFS' MOTION FOR INTERIM
ATTORNEYS' FEES AND COSTS

## TABLE OF CONTENTS

**EXHIBITS TO DECLARATION OF RICHARD PEARL IN SUPPORT OF
PLAINTIFFS' MOTION FOR INTERIM FEES AND COSTS**

| DESCRIPTION | EXHIBIT NO. | PAGE NO. |
|---|---|---|
| Resume of Richard Pearl | A | 1 - 9 |
| List of Hourly Rates for Bay Area Law Firms | B | 10 - 20 |
| Awards List for Richard Pearl | C | 21 - 43 |
| PG&E 4th Interim and Final Application of Simpson Thacher Bartlett | D | 44 - 78 |

# EXHIBIT A

# RESUME OF RICHARD M. PEARL

**RICHARD M. PEARL**
**LAW OFFICES OF RICHARD M. PEARL**
1816 Fifth Street
Berkeley, CA 94710
(510) 649-0810
(510) 548-3143 (facsimile)
rpearl@interx.net (e-mail)

## EDUCATION

University of California, Berkeley, B.A., Economics (June 1966)
Berkeley School of Law (formerly Boalt Hall), Berkeley, J.D. (June 1969)

## BAR MEMBERSHIP

Member, State Bar of California (admitted February 1970)
Member, State Bar of Georgia (admitted June 1970) (inactive)
Admitted to practice before all California State Courts; the United States Supreme Court; the United States Court of Appeals for the District of Columbia and Ninth Circuits; the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California, for the District of Arizona, and for the Northern District of Georgia; and the Georgia Civil and Superior Courts and Court of Appeals.

## EMPLOYMENT

LAW OFFICES OF RICHARD M. PEARL (April 1987 to Present): Civil litigation practice (AV rating), with emphasis on court-awarded attorney's fees, class actions, and appellate practice. Selected Northern California "Super Lawyer" in Appellate Law for 2005, 2006, 2007, 2008, 2010, 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, and 2022.

QUALIFIED APPELLATE MEDIATOR, APPELLATE MEDIATION PROGRAM, California Court of Appeal, First Appellate District (October 2000 to 2013) (program terminated).

ADJUNCT PROFESSOR, HASTINGS COLLEGE OF THE LAW (January 1988 to 2014): Taught *Public Interest Law Practice*, a 2-unit course that focused on the history, strategies, and issues involved in the practice of public interest law.

PEARL, McNEILL & GILLESPIE, Partner (May 1982 to March 1987): General civil litigation practice, as described above.

CALIFORNIA RURAL LEGAL ASSISTANCE, INC. (July 1971 to September 1983) (part-time May 1982 to September 1983):

> Director of Litigation (July 1977 to July 1982)
> Responsibilities: Oversaw and supervised litigation of more than 50 attorneys in CRLA's 15 field offices; administered and supervised staff of 4-6 Regional Counsel; promulgated litigation policies and procedures for program; participated in complex civil litigation.
>
> Regional Counsel (July 1982 to September 1983 part-time)
> Responsibilities: Served as co-counsel to CRLA field attorneys on complex projects; provided technical assistance and training to CRLA field offices; oversaw CRLA attorney's fee cases; served as counsel on major litigation.
>
> Directing Attorney, Cooperative Legal Services Center (February 1974 to July 1977) (Staff Attorney February 1974 to October 1975)
> Responsibilities: Served as co-counsel on major litigation with legal services attorneys in small legal services offices throughout California; supervised and administered staff of four senior legal services attorneys and support staff.
>
> Directing Attorney, CRLA McFarland Office (July 1971 to February 1974) (Staff Attorney July 1971 to February 1972)
> Responsibilities: Provided legal representation to low income persons and groups in Kern, King, and Tulare Counties; supervised all litigation and administered staff of ten.

HASTINGS COLLEGE OF THE LAW, Instructor, Legal Writing and Research Program (August 1974 to June 1978)
Responsibilities: Instructed 20 to 25 first year students in legal writing and research.

CALIFORNIA AGRICULTURAL LABOR RELATIONS BOARD, Staff Attorney, General Counsel's Office (November 1975 to January 1976, while on leave from CRLA)
Responsibilities: Prosecuted unfair labor practice charges before Administrative Law Judges and the A.L.R.B. and represented the A.L.R.B. in state court proceedings.

ATLANTA LEGAL AID SOCIETY, Staff Attorney (October 1969 to June 1971)
Responsibilities: Represented low-income persons and groups as part of 36-lawyer legal services program located in Atlanta, Georgia.

**Ex. A - 3**

## PUBLICATIONS

Pearl, *California Attorney Fee Awards, Third Edition* (Cal. Cont. Ed. Bar 2010) and February 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, and March 2023 Supplements

Pearl, *California Attorney Fee Awards, Second Edition* (Cal. Cont. Ed. Bar 1994), and 1995, 1996, 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2004, 2005, 2006, 2007, and 2008 Supplements

*Best Practices for Litigating a Civil Code Section 1717 Motion for Attorney Fees,* with the Hon. Elizabeth R. Feffer (Ret.), California Litigation (The Journal of the Litigation Section of the California Lawyers Association, Vol. 35, No. 1, 2022)

*Graham v. DaimlerChrysler Corp.* and *Tipton-Whittingham v. City of Los Angeles*, Civil Litigation Reporter (Cal. Cont. Ed. Bar Feb. 2005)

*Current Issues in Attorneys' Fee Litigation*, California Labor and Employment Law Quarterly (September 2002 and November 2002)

*Flannery v. Prentice: Shifting Attitudes Toward Fee Agreements and Fee-Shifting Statutes*, Civil Litigation Reporter (Cal. Cont. Ed. Bar Nov. 2001)

*A Practical Introduction to Attorney's Fees*, Environmental Law News (Summer 1995)

*Wrongful Employment Termination Practice, Second Edition* (Cal. Cont. Ed. Bar 1997) (co-authored chapter on "Attorney Fees")

*California Attorney's Fees Award Practice* (Cal. Cont. Ed. Bar 1982) (edited), and 1984 through 1993 Supplements

Program materials on attorney fees for numerous trainings, including for California Continuing Education of the Bar, the California Employment Lawyers Association, the California Lawyers Association, the California Department of Fair Housing and Employment, the Environmental Law, Labor Law, and Appellate Sections of the California State Bar, the California Academy of Appellate Lawyers, and many others.

*Settlors Beware/The Dangers of Negotiating Statutory Fee Cases* (September 1985) Los Angeles Lawyer

Program Materials on Remedies Training (Class Actions), sponsored by Legal Services Section, California State Bar, San Francisco (May 1983)

Attorneys' Fees: A Legal Services Practice Manual (Legal Services Corporation 1981)

**Ex. A - 4**

**PUBLIC SERVICE**

Member, Attorneys' Fee Task Force, California State Bar

Member, Board of Directors, California Rural Legal Assistance Foundation

Former Member, Border of Directors, Meals on Wheels of San Francisco

**RECOGNITION**

"AV" Rating -- Martindale Hubbell

Northern California "Super Lawyer" in Appellate Law: 2005 – 2008; 2010 -2023.

**REPRESENTATIVE CASES**

*ACLU of N. Cal. v. DEA*
         (N.D. Cal. 2012) 2012 U.S.Dist.LEXIS 190389

*Alcoser v. Thomas*
         (2011) 2011 Cal.App.Unpub.LEXIS 1180

*Arias v. Raimondo*
         (2018) 2018 U.S.App.LEXIS 7484

*Boren v. California Department of Employment*
         (1976) 59 Cal.App.3d 250

*Cabrera v. Martin*
         (9th Cir. 1992) 973 F.2d 735

*Camacho v. Bridgeport Financial, Inc.*
         (9th Cir. 2008) 523 F.3d 973

*Campos v. E.D.D.*
         (1982) 132 Cal.App.3d 961

*Center for Biological Diversity v. County of San Bernardino*
         (2010) 185 Cal.App.4th 866

*Children & Families Commission of Fresno v. Brown*
         (2014) 228 Cal.App.4th 45

*Committee to Defend Reproductive Rights v. A Free Pregnancy Center*
         (1991) 229 Cal.App.3d 633

**Ex. A - 5**

**REPRESENTATIVE CASES (cont.)**

*David C. v. Leavitt*
          (D. Utah 1995) 900 F.Supp. 1547

*Delaney v. Baker*
          (1999) 10 Cal.4th 23

*Dixon v. City of Oakland*
          (2014) 2014 U.S.Dist.LEXIS 169688

*Employment Development Dept. v. Superior Court (Boren)*
          (1981) 30 Cal.3d 256

*Environmental Protection Info. Ctr. v Department of Forestry & Fire Protection*
          (2010) 190 Cal.App.4th 217

*Environmental Protection Information Center, Inc. v. Pacific Lumber Co.*
          (N.D. Cal. 2002) 229 F. Supp.2d 993, *aff'd* (9th Cir. 2004) 103 Fed. Appx. 627

*Flannery v Prentice*
          (2001) 26 Cal. 4th 572

*Graham v. DaimlerChrysler Corp.*
          (2004) 34 Cal. 4th 553

*Guerrero v. Cal. Dept. of Corrections etc.*
          (2016) 2016 U.S.Dist.LEXIS 78796, *aff'd in relevant part,* (9th Cir. 2017) 701
          Fed.Appx. 613

*Heron Bay Home Owners Assn. v. City of San Leandro*
          (2018) 19 Cal.App.5th 376

*Horsford v. Board of Trustees of Univ. of Calif.*
          (2005) 132 Cal.App.4th 359

*Ketchum v. Moses*
          (2001) 24 Cal.4th 1122

*Kievlan v. Dahlberg Electronics*
          (1978) 78 Cal.App.3d 951, *cert. denied* (1979)
          440 U.S. 951

*Lealao v. Beneficial  California, Inc.*
          (2000) 82 Cal.App.4th 19

**REPRESENTATIVE CASES (cont.)**

*Lewis v. California Unemployment Insurance Appeals Board*
　　　　(1976) 56 Cal.App.3d 729

*Local 3-98 etc. v. Donovan*
　　　　(N.D. Cal. 1984) 580 F.Supp. 714,
　　　　*aff'd* (9th Cir. 1986) 792 F.2d 762

*Mangold v. California Public Utilities Commission*
　　　　(9th Cir. 1995) 67 F.3d 1470

*Maria P. v. Riles*
　　　　(1987) 43 Cal.3d 1281

*Martinez v. Dunlop*
　　　　(N.D. Cal. 1976) 411 F.Supp. 5,
　　　　*aff'd* (9th Cir. 1977) 573 F.2d 555

*McQueen, Conservatorship of*
　　　　(2014) 59 Cal.4th 602 (argued for *amici curiae*)

*McSomebodies v. Burlingame Elementary School Dist.*
　　　　(9th Cir. 1990) 897 F.2d 974

*McSomebodies v. San Mateo City School Dist.*
　　　　(9th Cir. 1990) 897 F.2d 975

*Molina v. Lexmark International*
　　　　(2013) 2013 Cal.App. Unpub. LEXIS 6684

*Moore v. Bank of America*
　　　　(9th Cir. 2007) 2007 U.S. App. LEXIS 19597

*Moore v. Bank of America*
　　　　(S.D. Cal. 2008) 2008 U.S. Dist. LEXIS 904

*Mora v. Chem-Tronics, Inc.*
　　　　(S.D. Cal. 1999) 1999 U.S. Dist. LEXIS 10752,
　　　　5 Wage & Hour Cas. 2d (BNA) 1122

*Nadaf-Rahrov v. Nieman Marcus Group*
　　　　(2014) 2014 Cal.App. Unpub. LEXIS 6975

**REPRESENTATIVE CASES (cont.)**

*Orr v. Brame*
　　　　　(9th Cir. 2018) 727 Fed.Appx. 265, 2018 U.S.App.LEXIS 6094

*Orr v. Brame*
　　　　　(9th Cir. 2019) 793 Fed.Appx. 485

*Pena v. Superior Court of Kern County*
　　　　　(1975) 50 Cal.App.3d 694

*Ponce v. Tulare County Housing Authority*
　　　　　(E.D. Cal 1975) 389 F.Supp. 635

*Ramirez v. Runyon*
　　　　　(N.D. Cal. 1999) 1999 U.S. Dist. LEXIS 20544

*Ridgeway v. Wal-Mart Stores, Inc.*, 269 F. Supp. 3d 975 (N.D. Cal. 2017), *aff'd on merits (fees not appealed)* 269 F.3d 1066 (9th Cir. 2020)

*Robles v. Employment Dev. Dept.*
　　　　　(2019) 38 Cal.App.5th 191

*Rubio v. Superior Court*
　　　　　(1979) 24 Cal.3d 93 (amicus)

*Ruelas v. Harper*
　　　　　(2015) 2015 Cal.App. Unpub.LEXIS 7922

*Sokolow v. County of San Mateo*
　　　　　(1989) 213 Cal. App. 3d. 231

*S.P. Growers v. Rodriguez*
　　　　　(1976) 17 Cal.3d 719 (amicus)

*Swan v. Tesconi*
　　　　　(2015) 2015 Cal.App. Unpub. LEXIS 3891

*Tongol v. Usery*
　　　　　(9th Cir. 1979) 601 F.2d 1091,
　　　　　*on remand* (N.D. Cal. 1983) 575 F.Supp. 409,
　　　　　*revs'd* (9th Cir. 1985) 762 F.2d 727

**Ex. A - 8**

**REPRESENTATIVE CASES (cont.)**

*Tripp v. Swoap*
      (1976) 17 Cal.3d 671 (amicus)

*United States (Davis) v. City and County of San Francisco*
      (N.D. Cal. 1990) 748 F.Supp. 1416, *aff'd in part
      and revs'd in part sub nom Davis v. City and County
      of San Francisco* (9th Cir. 1992) 976 F.2d 1536,
      *modified on rehearing* (9th Cir. 1993) 984 F.2d 345

*United States v. City of San Diego*
      (S.D.Cal. 1998) 18 F.Supp.2d 1090

*Vasquez v. State of California*
      (2008) 45 Cal.4th 243 (*amicus*)

*Velez v. Wynne*
      (9th Cir. 2007) 2007 U.S. App. LEXIS 2194

**MARCH 2023**

**Ex. A - 9**

# EXHIBIT B

### Rates Charged by San Francisco Bay Area Law Firms

| Akin Gump Strauss Hauer & Feld LLP | | |
|---|---|---|
| **2022 Rates** | **Graduation Year** | **Rate** |
| | 2001 | $1,115 |
| | 1986 | $1,175-1,345 |
| | 2007 | $965 |
| | 2019 | $535-$625 |
| | | |

| Alioto Law Firm | | |
|---|---|---|
| **2022 Rate** | **Years of Experience** | **Rate** |
| | 53 | $1,500 |
| | | |

| Altshuler Berzon LLP | | |
|---|---|---|
| **2024 Rates** | **Graduation Year** | **Rate** |
| Partner: | 1983 | $1.325 |
| | 1998 | $1,150 |
| | 2008 | $1,000 |
| Associate: | 2016 | $750 |
| | 2019 | $675 |
| | 2021 | $625 |
| Law Clerk: | NA | $350 |
| Litigation Ass't | NA | $325 |
| Paralegal: | NA | $325 |
| **2023 Rates** | **Graduation Year** | **Rate** |
| Partner: | 1983 | $1.275 |
| | 1998 | $1,100 |
| Associate: | 2016 | $700 |
| **2022 Rates** | **Graduation Year** | **Rate** |
| | 1983 | $1.225 |
| | 1989 | $1,125 |
| | 2008 | $950 |
| | 2010 | $875 |
| | 2019 | $625 |
| **2021 Rates** | **Graduation Year** | **Rate** |
| | 1977 | $1,150 |

| *Arnold Porter LLP* | | |
|---|---|---|
| **2021 Rates** | **Level** | **Rates** |
| | Partners | $750-$1,150 |
| | Senior Counsel | $910-$1,280 |
| | Associates | $545-$910 |
| | Paralegals | $390-$405 |
| | | |
| *Berger Montague, LLP* | | |
| **2023 Rates** | **Yrs. of Experience** | **Rates** |
| | 18 (Sr. Counsel) | $1,075 |
| | 43 (Of Counsel) | $1,225 |
| *Boies Schiller* | | |
| **2023** | **Level** | **Rates** |
| | Partners | Up to $2,110 |
| | Paralegals | $350 |
| | Staff | $430-$500 |
| | Litig. Support | $350-$380 |
| *Coblentz, Patch Duffy & Bass LLP* | | |
| | **Law School Graduation Year** | **Rates** |
| **Partners:** | 1979 | $1225 (2022), $1310 (2023) and $1450 (2024) |
| | 1994 | $990 (2022), $1090 (2023) and $1200 (2024) |
| | 2011 | $775 (2023) and $870 (2024) |
| | 2013 | $680 (2022), $775 (2023) and $870 (2024) |
| Associate and Partner | 2015 | $565 (2022), $650 (2023) and $770 (2024) |

| | | |
|---|---|---|
| Associate | 2017 | $535 (2022) $600 (2023) and $680 (2024) |
| Senior associate | 2018 | $550 (2023) and $640 (2024) |
| Senior associate | 2018 | $465 (2022), $525 (2023) and $630 (2024) |
| Associate | 2020 | $600 (2024) |
| Senior Paralegal | | $340 (2022), $400 (2023) and $450 (2024) |
| Senior paralegal | | $320 (2022), $400 (2023) and $450 (2024) |
| Senior paralegal | | $285 (2023) and $400 (2024) |
| Trial technician | | $270 (2023) and $300 (2024) |
| | 2003 | $785 |
| | 2011 (Assoc./Partner) | $710 |
| *Cooley LLP* | | |
| **2021 Rates** | **Years of Experience** | **Rates** |
| | 27 (Partner) | $1,275 |
| | 27 (Special Counsel) | $1,090 |
| *Farella Braun + Martel* | **Bar Admission** | **Rates** |
| **2020 Rates:** | | |
| | 1972 | $1,250 |
| | 1980 | $975 |
| | 1982 | $925 |

Ex. B - 13

| | 1985 | $935 |
|---|---|---|
| | 1991 | $795 |
| | 1994 | $895 |
| | 2003 | $785 |
| | 2011 (Assoc./Partner) | $710 |
| | **Associates** | |
| | 2012 | $675 |
| | 2014 | $650 |
| | 2015 | $560 |
| | 2017 | $460 |
| | 2018 | $515 |
| | Paralegals | $285-355 |
| | Case Clerk | $190 |
| | Practice Support Supervisor | $325 |
| | Practice Support Proj. Mgr. | $285 |
| *Goldstein, Borgen, Dardarian & Ho* | | |
| **2023 Rates:** | **Law School Graduation Year** | **Rate** |
| | 1978-1997 | $1,075 |
| | 2004-2005 | $878 |
| | 2013-2019 | $538 |
| | 2023 | $437 |
| | Senior Paralegal | $395 |
| | Paralegal | $325 |
| *Holland & Knight* | | |
| **2024 Rates** | **JD** | **Rate** |
| | 2012 | $810 |
| | 2016 | $790 |
| **2022 – 2023** | **JD** | **Rate** |
| | 1984 | $1,150 |
| | 2012 | $785 |
| | 2016 | $735 |
| **2021- 2022** | **JD** | **Rate** |
| | 1984 | $950 |
| | 2012 | $710 |
| | 2016 | $630 |

**Ex. B – 14**

| | | |
|---|---|---|
| **King & Spalding** | | |
| **2022** | **Years of Experience** | **Rate** |
| | **16** | **$1,125** |
| | **10** | **$1,024** |
| | **4** | **$775** |
| | **2** | **$640** |
| **Kirkland & Ellis** | | |
| **2024 Rates** | **Level** | **Rates** |
| | Partners | $1,195 - $2,465 |
| | Associates | $745 - $1,495 |
| **2021 Rates** | **Level** | **Rates** |
| | Partners | $1,085-$1,895 |
| | Of Counsel | $625-1,895 |
| | Associates | $625-$1,195 |
| | Paraprofessional | $255-475 |
| | Paraprofessional | $255-475 |
| | | |
| **Lieff Cabraser Heimann & Bernstein, LLP** | | |
| **2023 Rates** | **Law School Grad. Year** | **Rates** |
| **Partners:** | 1993 | $1,230 |
| | 1997-1998 | $1,080 |
| | 2001 | $980 |
| | 2003 | $955 |
| | 2005 | $900 |
| | 2007 | $840 |
| | 2013 | $705 |
| | 2015 | $650 |
| **Associates** | 2006-2017 | $350-$615 |
| **Law Clerk** | | $295-$425 |
| **Paralegals** | | $240-$510 |
| **2020 Rates** | **Law School Grad. Year** | **Rates** |
| | 1972 | $1,075 |
| | 1998 | $950 |
| | 1993 | $900 |

5

**Ex. B - 15**

|  | 1984 | $850 |
|--|------|------|
|  | 2000 | $775 |
|  | 2001-2002 | $700 |
|  | 2005 | $650 |
|  | 2007 | $590 |
|  | 2008 | $560 |
|  | 2012 | $480-$510 |
|  | 2015 | $440 |
|  | 2017 | $395 |
|  | Law Clerk | $375-$395 |
|  | Paralegal/Clerk | $345-390 |
|  | Litigation Support/Research | $345-495 |
| **Morrison Foerster LLP** |  |  |
| **2021 Rates** | **Law School Grad. Year** | **Rate** |
|  | 2002 | $1,200 |
|  | 2011 | $1,075 |
|  | 2014 | $925 |
|  | 2018 | $745 |
|  | Paralegal | $295 |
| **2020 Rates** | **Law School Grad. Year** | **Rate** |
|  | 2002 | $1,125 |
|  | 2011 | $975 |
|  | 2014 | $810 |
|  | 2018 | $640 |
|  | Paralegal | $275 |
| **Munger, Tolles & Olson** |  |  |
| **2021 Rates** | **Law School Grad. Year** | **Rate** |
|  | 1991 | $1,725 |
|  | 2009 | $995 |
|  | 2016 | $825 |
|  | Paralegal (43 years) | $365 |
| **2020 Rates** | **Law School Grad. Yr.** | **Rate** |
|  | 1991 | $1,610 |

|  | 2001 | $950 |
|  | 2009 | $920 |
|  | 2016 | $725 |
|  | Paralegal (42 years) | $345 |
|  |  |  |
| **O'Melveny & Myers** |  |  |
| **2019 Rates** | **Level** | **Rates** |
|  | Senior Partner | $1,250 |
|  | Partner (1998 Bar Admitted) | $1,050 |
|  | 3rd Year Associate | $640 |
|  | 2nd Year Associate | $656 |
|  |  |  |
| **Paul Hastings LLP** |  |  |
| **2020 Rates** | **Years of Experience** | **Rates** |
|  | 25 | $1,425 |
|  | 7 | $885 |
|  | 5 | $775 |
|  | 3 | $645 |
|  | Research assistant | $335 |
|  |  |  |
| **Quinn Emanuel Urquhart & Sullivan** |  |  |
| **2020 Rates** | **Level** | **Rate** |
|  | Partners | $870-$1,250 |
|  | Associates | $600-$905 |
| **Rosen, Bien, Galvan & Grunfeld LLP** |  |  |
| **2025 Rates** | **Law School Class** | **Rates** |
| **Partners** | 1962 | $1,625 |
|  | 1980 | $1,675 |
|  | 1984 | $1,325 |
|  | 1997 | $1,150 |
|  | 2005 | $1,025 |
|  | 2008 | $975 |
|  | 2010 | $925 |
| **Of Counsel** | 1993 | $935 |

**Ex. B - 17**

| | 2003 | $935 |
|---|---|---|
| **Senior Counsel** | 2008 | $925 |
| | 2009 | $900 |
| | 2010 | $875 |
| | 2011 | $850 |
| **Associates** | 2016 | $650 |
| | 2017 | $600 |
| | 2018 | $575 |
| | 2019 | $550 |
| | 2020 | $525 |
| | 2021 | $500 |
| | 2023 | $450 |
| | 2024 | $425 |
| **Senior Paralegals** | | $445-$470 |
| **Paralegals** | | $350 |
| **Litigation Support/Paralegal Clerks** | | $310 |
| **Law Students** | | $425 |
| **2024 Rates** | **Law School Class** | **Rates** |
| | 1997 | $1,100 |
| | 2011 | $800 |
| | 2017 | $575 |
| **2023 Rates** | **Law School Class** | **Rates** |
| **Partners** | 1962 | $1,475 |
| | 1997 | $1,050 |
| | 2005 | $925 |
| | 2010 | $825 |
| **Senior Counsel** | 2011 | $750 |
| **Associates** | 2009 | $800 |
| | 2015 | $625 |
| **Senior Paralegal** | | $435 |
| **Paralegal** | | $325 |
| **2022 Rates** | **Law School Class** | **Rates** |
| **Partners** | 1962 | $1,350 |
| | 1980 | $1,400 |
| | 1981 | $1,100 |
| | 1984 | $1,000 |
| | 1997 | $950 |
| | 2005 | $850 |

Ex. B - 18

| | | 2008 | $800 |
|---|---|---|---|
| | | 2010 | $750 |
| **Of Counsel** | | 1993 | $825 |
| | | 2003 | $800 |
| **Senior Counsel** | | 2008 | $750 |
| | | 2009 | $725 |
| | | 2010 | $700 |
| | | 2011 | $675 |
| **Associates** | | 2011 | $650 |
| | | 2013 | $600 |
| | | 2015 | $575 |
| | | 2016 | $550 |
| | | 2017 | $500 |
| | | 2018 | $425 |
| | | 2019 | $400 |
| **Senior Paralegals** | | | $375-$400 |
| **Paralegals** | | | $300 |
| **Litigation Support/Paralegal Clerks** | | | $260 |
| **Law Students** | | | $350 |
| | | | |
| ***Wilson Sonsini*** | | | |
| **2023 Rates** | **Law School Graduation Year** | | |
| | 1992 | $1,430 | |
| | 2013 | $1,010 | |
| | 2010 | $1,010 | |
| | 2017 | $875 | |
| | Support Staff | $250-$500 | |
| **2022 Rates** | **Level** | **Rates** | |
| | Members | $975-$2,220 | |
| | Associates | $550-$1,175 | |
| | Of Counsel | $640-$1,875 | |
| | Staff | $225-$935 | |
| | Library Personnel | $200-$300 | |
| | | | |

**Ex. B - 19**

| *Winston & Strawn* | | |
|---|---|---|
| **2019 Rates** | **Title** | **Rates** |
| | Partners | $1,025-$1,515 |
| | Associates | $615-$825 |
| | Paralegals | $170-$340 |
| | Litigation Support Mgr. | $275 |
| | Review Attorneys | $85 |

**Ex. B - 20**

# EXHIBIT C

## Rates Found Reasonable for San Francisco Bay Area Attorneys

### 2023 Rates

- In *Prison Legal News v. Ryan,* United States Court of Appeal for the Ninth Circuit, Order filed March 21, 2023, the Appellate Commissioner found the following hourly rates reasonable for the Plaintiff-Appellee's appellate work:

| Firm | Title | Law School Grad. Year | Rate |
|------|-------|----------------------|------|
| **Rosen Bien Galvan & Grunfeld LLP** | | | |
| | Partner | 1962 | $1,350 |
| | Partner | 2006 | $850 |
| | Associate | 2016 | $575 |
| | Paralegal | NA | $400 |

### 2022 Rates

- In *Bronshteyn v. State of California*, Los Angeles County Superior Ct. No. 19SMCV00057, Order Granting Plaintiff's Motion for Statutory Attorneys' Fees and Costs filed March 30, 2023, an individual FEHA action brought by two Bay Area law firms (Levy, Vinick, Burrell & Hyams LLP and Law Offices of Wendy Musell, the court found the following 2022 hourly rates reasonable (before applying a 1.75 lodestar multiplier for work up to and through the verdict):

| Firm | Role | Law School Grad. Year | Rate |
|------|------|----------------------|------|
| **Levy, Vinick, Burrell & Hyams LLP** | | | |
| | Co-Lead at trial | 1989 | $1,100 |

**Ex. C - 22**

| Firm | Role | Law School Grad. Year | Rate |
|---|---|---|---|
| | Attorney | 1982 | $1,000 |
| | Attorney | 1987 | $1,000 |
| | Attorney | 1995 | $1,000 |
| | Law Student | NA | $300 |
| | Paralegal/Legal Assistant | NA | $225 |
| **Law Offices of Wendy Musell** | | | |
| | Overall Lead and Co-Lead at trial | 1999 | $1,000 |
| | Senior Associate | 2000 | $850 |
| | Associate | 2021 | $425 |
| | Law Clerks | NA | $350 |
| | Paralegal | NA | $225 |

- In *Richmond Compassionate Care Collective v. Richmond Patient's Group et al,* Contra Costa Superior Ct. No. MSC16-01426, Order Granting Plaintiff RCCC's Motion for Attorneys' Fees etc., filed November 1, 2022, an antitrust case, as part of its lodestar cross-check, the court found that the following hourly rates billed by the prevailing Plaintiff's attorneys were reasonable:

| Firm | Title | Years of Experience | Rate |
|---|---|---|---|
| **Alioto Law Firm** | | | |
| | Joseph M. Alioto | 53 | $1,500 |
| **Foreman & Brasso** | | | |
| | Ronald D. Foreman | 48 | $1,050 |

**2021 Rates**

- In *Yo LLC v. Krucker,* Santa Clara Superior Ct. No. 17CV306261,
  Fee Order filed February 9, 2022, a contractual fee case involving
  a disputed lease, the court found that the following hourly rates
  billed by the prevailing Defendant's attorneys were reasonable:

| Firm | Title | Law School Grad. Year | Rate |
|------|-------|-----------------------|------|
| **Cooley LLP** | | | |
| | Partner | 1994 | $1,275 |
| | Special Counsel | 1994 | $1,090 |
| | Associate (2020 rate) | 2009 | $1,010 |

- In *Kang v. Wells Fargo Bank NA,* 2021 U.S. Dist. LEXIS 235254,
  at *53 (N.D. Cal. Dec. 8, 2021), a consumer class action, the court
  found that plaintiffs' appellate attorneys' rates of $640 - $1,150
  and trial counsel's rates of $325-$950 were "in line with other fee
  awards in this district for similarly experienced attorneys".

- In *Wit v. United Behavioral Health* (N.D. Cal. Jan. 5, 2022) 578
  F.Supp.3d 1060, the court found the following 2021 hourly rates
  reasonable:

| Firm | Title | Years of Experience | Rate |
|------|-------|---------------------|------|
| **Zuckerman Spaeder** | | | |
| | Partner | 35, 39 | $1,145 |
| | Partner | 24 | $1,040 |
| | Partner | 21 | $980 |
| | Associate | 6 | $595 |

3

**Ex. C - 24**

| Firm | Title | Years of Experience | Rate |
|------|-------|---------------------|------|
|  | Paralegals |  | $250-390 |

- In *Andrews v. Equinox Holdings, Inc.,* N.D. Cal. No. 20-cv-00485-SK, Order on Motion for Attorney Fees and Costs filed November 9, 2021 (Doc. 110), an individual age discrimination case that settled by acceptance of the defendant's FRCP Rule 68 offer, the court found the following 2021 rates reasonable (before applying a 1.3 lodestar multiplier):

| Firm | Title | Law School Grad. Year | Rate |
|------|-------|-----------------------|------|
| **Rosen Bien Galvan & Grunfeld LLP** | | | |
|  | Partner | 1962 | $1,250 |
|  | Partner | 1997 | $875 |
|  | Senior Counsel | 2010 | $600 |
|  | Associate | 2018 | $350 |
|  | Summer Associates | NA | $300 |
|  | Paralegals | NA | $240-$275 |

**2020 Rates**

- In *UFCW & Employers Benefit Trust et al v. Sutter Health, et al,* San Francisco County Superior Court, Case No. CGC-14-538451, consolidated with Case No. CGC-18-565398, Order re Plaintiffs' Counsel's Joint Motion for Attorneys' Fees, Costs, and Service Award, filed August 27, 2021, the court found the following rates reasonable as part of its lodestar-cross check:

4

**Ex. C - 25**

**Pillsbury & Coleman**

| Title | Law School Graduation | Rate |
|---|---|---|
| Of Counsel | 1979 | $960 |
| Partner | 1976 | $675 |
| Associate | 2010 | $475 |
| Paralegal | N/A | $225 |

**Farella Braun + Martel**

| Title | Bar Admission | Rate |
|---|---|---|
| Partners | 2003 | $785 |
| | 1994 | $895 |
| | 1972 | $1250 |
| | 1980 | $975 |
| | 1985 | $935 |
| | 1982 | $925 |
| | 1991 | $795 |
| Associates | 2012 | $675 |
| | 2014 | $650 |
| | 2015 | $560 |
| | 2018 | $515 |
| | 2017 | $460 |
| Paralegals | NA | $355-$190 |
| Litigation Support | NA | $325-$285 |

**McCracken, Stemerman & Holsberry LLP**

| Title | Law School Graduation Year | Rate |
|---|---|---|
| Partners | 1975 | $850 |
| | 1983 | $850 |
| | 1990 | $800 |
| | 2008 | $750 |
| Associates | 2011 | $575 |

| Title | Law School Graduation Year | Rate |
|---|---|---|
| Associates | 2012 | $575 |
| | 2014 | $575 |
| | 2014 | $575 |
| | 2017 | $400 |
| | 2018 | $400 |
| | 2019 | $400 |

**Kellogg, Hansen, Todd, Figel & Frederick PLLC**

| Title | Bar Admission | Rate |
|---|---|---|
| Partners | 1995 | $1,095 |
| | 2005 | $890 |
| | 2011 | $890 |
| | 1997 | $890 |
| Of Counsel | 1988 | $835 |
| Associates | 2014 | $805 |
| | 2015 | $750 |
| | 2017 | $690 |
| | 2017 | $690 |
| | 2016 | $635 |
| | 2018 | $535 |
| Staff Attorneys | 2007 | $460 |
| | 2000 | $460 |
| | 1997 | $460 |
| | 2002 | $460 |
| | 1998 | $400 |
| | 1977 | $400 |
| | 1999 | $460 |
| | 1991 | $460 |
| | 2012 | $400 |
| Paralegal Director | N/A | $430 |
| Paralegals | N/A | $430-$275 |
| Summer Associates | N/A | $185 |
| Research Manager | N/A | $260 |

**Ex. C - 27**

| Title | Bar Admission | Rate |
|---|---|---|
| Research Analyst | N/A | $160 |
| IT Director | N/A | $200 |
| Litigation Support | N/A | $145 |
| Trial Coordinator | N/A | $115 |

**Cohen Milstein Sellers & Toll PLLC**

| Title | Law School Graduation Year | Hourly Rate 2020* |
|---|---|---|
| Partners | 1975 | $975 |
| | 1983 | $995 |
| | 1986 | $975 |
| | 2005 | $720 |
| | 2007 | $680 |
| Of Counsel | 2003 | $725 |
| Associates | 2009 | $650 |
| | 2014 | $535 |
| Discovery Counsel | 2002 | $550 |
| Staff Attorneys | 1993 | $445 |
| | 2002 | $430 |
| | 2005 | $415 |
| | 2006 | $415 |
| Investigator | N/A | $515 |
| Paralegals | N/A | $325-$310 |

- In *Human Rights Defense Center v. County of Napa*, a prisoner rights action, the court found that Plaintiffs' counsel's 2020 hourly rates were reasonable, "plac[ing] significant weight on the opinion of Mr. Pearl . . . [who] has extensive experience in the area of attorney billing rates in this district and has been widely relied upon by both federal and state courts in Northern California (including the undersigned) in etermining reasonable billing rates." Order Granting In Part And Denying In Part Motion For Attorneys' Fees, Costs And Expenses at 18, Doc. 50, No. 20-cv-01296 (N.D. Cal. March 28, 2021).

| Firm | Title | Law School Grad. Year | Rate |
|------|-------|----------------------|------|
| **Rosen Bien Galvan & Grunfeld LLP** | | | |
| | Partner | 1962 | $1,110 |
| | Partner | 1981 | $950 |
| | Senior Counsel | 2009 | $625 |
| | Senior Paralegal | NA | $350 |

- In *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-CV-00236-WHO, 2020 WL 7626410 (N.D. Cal. Dec. 22, 2020), a RICO action challenging the defendants' invasive tactics, the court found that Plaintiffs' counsel's 2020 hourly rates were "reasonable given the scope and complexity of this case, as well as in light of rates approved in this District for partners, associates, and paralegals for similarly experienced counsel and staff at similar firms." *Id.* at *3, *3 n.4.

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
| Arnold & Porter Kaye Scholer LLP | | | |
| | Partner | 1974 | $1,280 |
| | Partner | 1993 | $1,150 |
| | Partner | 1990 | $1,085 |
| | Partner | 2005 | $1,015 |
| | Partner | 2002 | $925 |
| | Senior Associate | 2005 | $910 |
| | Senior Associate | 2012 | $910 |
| | Senior Associate | 2015 | $815 |
| | Associate | 2018 | $675 |
| | Staff Attorney | 2008 | $545 |
| | Paralegal | NA | $405 |
| | Paralegal | NA | $390 |
| Planned Parenthood | | | |

Ex. C - 29

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
| | General Counsel | 1982 | $1,115 |
| | Sr. Staff Attorney | 2012 | $910 |

- In *Schneider v. Chipotle Mexican Grill*, a consumer class action, the court found that counsel for the putative class's 2020 hourly rates were "on the high end, although in line with prevailing rates in this district for personnel of comparable experience, skill, and reputation." *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 601 (N.D. Cal. 2020).

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
| **Kobre & Kim** | | | |
| | Partner | 1993 | $1,275 |
| | Partner | 1987 | $1,275 |
| | Partner | 1997 | $995 |
| | Associate | 2011 | $695 |
| | Analyst | NA | $495 |
| | Legal Assistant | NA | $195 |
| | Legal Assistant | NA | $195 |

- In *Lashbrook v. City of San Jose,* N.D. Cal. Case No. 20-cv-01236-NC, a disability access class action, the court found the following hourly rates reasonable:

| **Bar Admission Year** | **Rate** |
|------------------------|----------|
| 1987 | $945 |
| 1992 | $895 |
| 2006 | $750 |
| 2017 | $415 |
| Senior Paralegal | $325 |

9

**Ex. C - 30**

| Paralegals | $265-285 |
|---|---|

- In *Lee One, LLC v. Facebook, Inc.*, N.D. Cal. No. 4:16-cv-06232-JSW, Order and Judgment Granting Motion for Final Approval of Class Action Settlement and Awarding Attorneys' Fees, Costs, and Service Awards, filed June 26, 2020 [Doc. 211], a class action challenging Facebook's systems for justifying the rates charged advertisers, the court approved a fee constituting 30% of the $40 million settlement fund, and in cross-checking that fee, found the following 2019 hourly rates reasonable (plus a 1.68 lodestar multiplier):

| Law Firm | Title | Bar Date | Rate |
|---|---|---|---|
| **Cohen Millstein Sellers & Toll** | | | |
| | Partners | 1983 | $940 |
| | | 2000 | $790 |
| | | 2004 | $740 |
| | Associates | 2012 | $545 |
| | | 2014 | $505 |
| | Staff Attorney | 2012 | $395 |
| | Contract Attorney | 2003 | $385 |
| | Law Clerk | 2019 | $290 |
| | Contract Attorneys | 2014 | $250 |
| | | 2017 | $250 |
| **Gibbs Law Group** | | | |
| | Partners | 1995 | $910 |
| | | 2000 | $750 |

10

| | | 2003 | $720 |
|---|---|---|---|
| | | 2007 | $710 |
| | Associates | 2014 | $460 |
| | | 2016 | $430 |
| **Eglet Adams** | | | |
| | Partners | 1988 | $870 |
| | | 1998 | $800 |
| | | 1999 | $690 |
| | | 1999 | $650 |
| | Associate | 2011 | $450 |
| | Contract Attorney | 1998 | $200 |
| | Investigator | -- | $490 |
| | Paralegals | -- | $300-315 |

- In *Perez v. Rash Curtis & Associates*, N.D. Cal. No. 4:16-cv-03396-YGR, Order, *inter alia*, Granting in Part and Denying in Part Motion for an Award of Attorneys' Fees, Costs, and Expenses, filed April 17, 2020 [Doc. 427], a consumer protection action under both federal and state law resulting in a $267 million judgment, the court awarded counsel a percentage-based common fund fee of 25% of the fund, cross-checked against a lodestar-based fee comprised of a $634.48 blended rate,  and a lodestar multiplier ranging from 13.42 to 18.15 depending on the number of hours eventually spent. The 2020 hourly rates from which the blended rate was derived were as follows:

11

| Admission to Bar | Rate |
|---|---|
| **PARTNERS**: | |
| 1997 | $1,000 |
| 2002 | $850 |
| 2006 | $750 |
| 2009 | $650 |
| 2013 | $550 |
| **ASSOCIATES:** | |
| 2010 | $550 |
| 2013 | $525 |
| 2016 | $400 |
| 2017 | $375 |
| 2019 | $325 |
| Law Clerk | $300 |
| Senior Litigation Support Spclist. | $275-300 |
| Litig. Support Spclist. | $200-250 |

- In *In re Wells Fargo & Company Shareholder Derivative Litigation*, N.D. Cal. No. 16-cv-05541-JST, Order Granting Motion for Final Approval and Motion for Attorneys' Fees, filed April 7, 2020 [Doc. 312], a shareholder derivative class action, the court found the following 2020 hourly rates reasonable:

| Lieff, Cabraser, Heimann & Bernstein LLP | Law School Graduation Year | Rate |
|---|---|---|
| | 1972 | $1,075 |
| | 1998 | $950 |
| | 1993 | $900 |
| | 1984 | $850 |
| | 2000 | $775 |
| | 2001-2002 | $700 |
| | 2005 | $650 |
| | 2007 | $590 |
| | 2008 | $560 |

12

| Lieff, Cabraser, Heimann & Bernstein LLP | Law School Graduation Year | Rate |
|---|---|---|
| | 2012 | $480-510 |
| | 2015 | $440 |
| | 2017 | $395 |
| | Law Clerk | $375-395 |
| | Paralegal/Clerk | $345-390 |
| | Litigation Support/Research | $345-495 |

- In *Moen v. Regents of Univ. of California,* Alameda County Superior Court No. RG10-530493, Order (1) Granting Final Approval of Class Settlement and (2) Granting Motion for Award of Fees and Costs, filed April 10, 2020, a class action to enforce contractual health care rights, the court approved the following hourly rates as reasonable (indicating in addition that a 1.5 multiplier would have been applied but for the parties' agreed ceiling):

| Law Firm | Law School Graduation | Rate |
|---|---|---|
| **Law Offices of Dov Grunschlag** | 1966 | $975 |
| **Sinclair Law Office** | 1976 | $875 |
| **Calvo Fisher LLP** | 1976 | $875 |
| | 1990 | $775 |
| | 2000 | $650 |
| | 2004 | $625 |
| | Senior Paralegal | $300 |
| | Paralegal | $225 |

## **2019 Rates**

- In *In re National Collegiate Athletic Assn. Athletic Grant-In-Aid Antitrust Litigation*, an antitrust class action, the court found the

13

**Ex. C - 34**

following 2019 "hourly rates are reasonable." *See* Order Granting in Part and Denying in Part Plaintiffs' Motion for Attorneys' Fees, Expenses, Service Awards, and Taxed Costs, Doc. 1259, at 4, No. 14-md-02541 (N.D. Cal. Dec. 6, 2019).

| Firm | Title | Bar Admission | Rate |
|---|---|---|---|
| **Winston & Strawn LLP** | | | |
| | Partner | 1978 | $1,515 |
| | Partner | 1985 | $1,245 |
| | Partner | 2002 | $1,105 |
| | Partner | 1996 | $1,025 |
| | Associate | 2012 | $825 |
| | Associate | 2016 | $660 |
| | Associate | 2017 | $615 |

- In an earlier decision in the same case, the court also found the following 2017 hourly rates were "in line with market rates in this District." *See id.* at Doc. 745 (N.D. Cal. Dec. 6, 2017).

| Firm | Title | Bar Admission | Rate |
|---|---|---|---|
| **Hagens Berman Sobol Shapiro LLP** | | | |
| | Partner | 1982 | $950 |
| | Associate | 1999 | $630 |
| | Associate | 2014 | $475 |
| | Contract Attorney | 2013 | $350 |
| | Contract Attorney | 2006 | $300 |
| **Pearson, Simon & Warshaw LLP** | | | |
| | Partner | 1983 | $1,035 |
| | Partner | 1981 | $1,035 |
| | Of Counsel | 2001 | $900 |
| | Associate | 2006 | $635 |

| Firm | Title | Bar Admission | Rate |
|------|-------|---------------|------|
|  | Associate | 2008 | $520 |

- In *Nevarez v. Forty Niners* , N.D. Cal. No. 5:16-cv-07013-LHK(SVK), Order Granting Motion for Final Approval of Class Action Settlement; Granting Motion for Service Awards; and Granting Motion for Attorney's Fees, Costs, and Expenses, filed July 23, 2020 [Doc. 416], a disability-access class action involving Levi's Stadium,  the court found the following 2019  hourly rates reasonable:

| Schneider Wallace Cottrell Konecky LLP: | Law School Grad. | Rate |
|------------------------------------------|------------------|------|
|  | 1993 | $925 |
|  | 1977 | $875 |
|  | 1997 | $840 |
|  | 2015 | $680 |
|  | 2014 | $625-$680 |
|  | 2007 | $625 |
|  | 2017 | $575 |
|  | 2009 | $725 |
|  | Paralegal | $300 |
|  |  |  |
| **Goldstein Borgen Dardarian & Ho** |  |  |
|  | 1987 | $925 |
|  | 2006 | $710 |
|  | 2015 | $450 |
|  | 2008 | $595 |
|  | 2013 | $475 |
|  | 2017 | $400 |
|  | Law Student | $300 |
|  | Sr. Paralegals | $325 |
|  | Paralegals | $275-295 |

- In *National Federation of the Blind of California v. Uber Technologies, Inc.*, N.D. Cal. No. 14-cv-04086 NC Amended Order Granting in Part Plaintiffs' Motion for Attorneys' Fees and Costs, filed November 8, 2019 (Dkt. No. 203), a class action against Uber alleging that it violated federal antidiscrimination laws by allowing its drivers to refuse to accept service dogs, the court found the following 2019 hourly rates reasonable for monitoring Uber's

Ex. C - 36

compliance with the settlement:

| Rosen Bien Galvan & Grunfeld LLP Class | Rate |
|---|---|
| 1997 | $800 |
| 2011 | $525 |
| 2016 | $400 |
| Senior Paralegal | $350 |
| Paralegals | $250-275 |

| Disability Rights Advocates | Rate |
|---|---|
| 1998 | $785 |
| 2014 | $470 |
| 2014 | $425 |
| Paralegals | $230-275 |

- In *Shaw et al v. AMN Service, LLC et al*, N.D. Cal. No. 3:16-cv-02816 JCS, Order Granting Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, filed May 31, 2019 [Doc. 167], a wage and hour class action, based in part on my testimony the court found the following 2019 hourly rates reasonable, before applying a 2.4 lodestar multiplier:

| BAR ADMISSION DATE | RATE |
|---|---|
| 1996 | $835 |
| 2009 | $750 |
| 2014 | $675 |
| 1996 (Florida) | $600 |
| 2016 | $400 |
| 2017 | $380 |

## 2018 Rates

- In *Department of Fair Employment and Housing v. Law School Admission Council, Inc.,* N.D. Cal. No. 12-cv-08130-JCS, filed Nov. 5, 2018, reported at 2018 WL 5791869, 2018 U.S. Dist. LEXIS 189191, an action for civil contempt based on violation of

Ex. C - 37

a consent decree, the court found the following 2018 hourly rates reasonable:

| Years of Experience | Rate |
|---|---|
| 35 | $850 |
| 5 and 6 | $425 |
| Law Clerk and 1st year | $290 |

- In *Cornell v. City & County of San Francisco*, San Francisco Superior Court No. CGC-11-509240, Fee Order filed Oct. 9, 2018 (on remand from *Cornell v. City & County of San Francisco* (2017) 17 Cal. App. 5th 766), an individual police misconduct/employment case, the trial court found the following 2018 hourly rates reasonable for appellate work, before applying a 1.25 multiplier:

| Years of Experience | Rates |
|---|---|
| 49 | $827 |
| 27 | $800 |
| 23 | $800 |
| 9 | $475 |
| 6 | $425 |

- In *Kaku v. City of Santa Clara,* Santa Clara Superior Court No. 17CV319862, Fee Order filed January 22, 2019, reported at 2019 WL 331053 (Cal. Super. 2019), a voting rights action under the California Voting Rights Act, the court found the following 2018 hourly rates reasonable, before applying a 1.4 multiplier:

| Goldstein, Borgen, Dardarian & Ho | |
|---|---|
| **Graduation Year** | **Rates** |
| 1970 | $875 |
| 1994 | $860 |
| 2013 | $450 |
| 2015 | $405 |
| 2016 | $375 |
| Law Clerk | $295 |

17

**Ex. C - 38**

| Statistician & Senior Paralegal | $300 |
|---|---|
| Paralegal | $250 |

| Law Office of Robert Rubin | |
|---|---|
| **Graduation Year** | **Rates** |
| 1978 | $975 |
| 2013 | $615 |

| Asian Law Alliance | |
|---|---|
| **Graduation Year** | **Rates** |
| 1978 | $550 |
| 2009 | $375 |

## **2017 Rates**

- In *Max Sound Corp. v. Google Inc.*, N.D. Cal. No. 14-cv-04412-EJD, Order Granting in Part and Denying in Part Defendants' Motion for Attorneys' Fees, filed October 11, 2017 (Dkt. No. 198), a patent infringement action awarding fees for defending a frivolous action pursuant to, *inter alia,* 35 U.S.C. § 285 and 28 U.S.C. § 1927, the court found the following hourly rates reasonable:

| **Bar Admission** | **Rates** |
|---|---|
| 2000 | $650-950 |
| 1995 | $905 |
| 2014 | $520-715 |
| 2007 | $504-608 |
| 2012 | $335-575 |

- In *May v. San Mateo County,* N.D. Cal. No. 3:16-cv-00252-LB, Stipulation and Order re Settlement filed Nov. 10, 2017 [Doc. No. 218], an individual police misconduct action, the court found the following hourly rates reasonable:

**Ex. C - 39**

| Years of Experience | Rates |
|---|---|
| 26 | $775 |
| 22 | $775 |
| 10 | $475 |
| 5 | $425 |
| 48 | $825 |
| Paralegal | $240 |

- In *Hoeper v. City & County of San Francisco*, No. CGC-15-543553, Order After Hearing Granting in Part and Denying in Part Plaintiff Joanne Hoeper's Motion for Attorney Fees, filed July 12, 2017, an individual whistleblower case under Government Code section 12653(b), the court found the following 2017 hourly rates reasonable, before applying a 1.35 lodestar multiplier:

| Bar | Rates |
|---|---|
| 1982 | $850-750 |
| 1979 | $750 |
| 2003 | $550 |
| Associate | $350 |
| Paralegal | $150-160 |

- In *Ridgeway v. Wal-Mart Stores, Inc.* (N.D. Cal. 2017) 269 F. Supp. 3d 975, a wage and hour class action, the court issued a statutory fee award against Wal-Mart based on the following 2017 rates (plus a 2.0 multiplier), to partially offset a 25% common fund fee award payable by the class:

| Years of Experience | Rates |
|---|---|
| 46 | $900 |
| 40 | $890 |
| 38 | $870 |
| 36 | $850 |
| 34 | $830 |
| 20 | $730 |
| 37 (Senior | $700 |

19

| 29 (Senior | $670 |
| 19 (Senior | $610 |
| 11 | $500 |
| 7 | $450-500 |
| 6 | $425 |
| 3 | $355 |
| 4 | $330 |
| 1 | $300 |
| Senior Paralegal | $225 |
| Paralegal | $195 |
| Law Clerk | $225 |

- In *Huynh v. Hous. Auth. Of Santa Clara,* 2017 U.S. Dist. LEXIS 39138 (N.D. Cal. 2017), a tenant class action challenging the Housing Authority's policy regarding the accommodation of households with disabled family members, the court found the following 2017 hourly rates reasonable:

| **Law Foundation of Silicon Valley** | |
| --- | --- |
| **Graduation Year** | **Rates** |
| 1990 | $800 |
| 2001 | $660 |
| 2004 | $635 |
| 2007 | $545 |
| 2008 | $545 |
| 2010 | $415 |
| 2014 | $325 |
| 2015 | $325 |

| **Fish & Richardson PC** | |
| --- | --- |
| **Graduation Year** | **Rates** |
| 1996 | $862.07 |
| 2002 | $700 |
| 2005 | $676.75 |
| 2011 | $530 |
| 2007 | $475 |
| 2014 | $362.54 |

| 2015 | $329.09 |
|---|---|
| 2016 | $330.11 |
| Paralegal | $236-275 |

- In *Armstrong v. Brown*, N.D. Cal. No. 4:94-cv-02307-CW, Stipulated Order Confirming Undisputed Attorneys' Fees and Costs for the Third Quarter of 2017, filed December 19, 2017 (Dkt. No. 2708), a prisoners' rights class action, the court approved the following 2017 hourly rates for monitoring the injunction in that matter:

| Years of Experience | Rates |
|---|---|
| 37 | $950 |
| 33 | $825 |
| 20 | $780 |
| 24 (Of Counsel) | $700 |
| 12 (Partner) | $650 |
| 9 (Associate) | $490 |
| 8 | $480 |
| 7 | $470 |
| 6 | $440 |
| Paralegal | $240-325 |

- In *Cotter et al. v. Lyft, Inc.*, N.D. Cal. No. 13-cv-04065- VC, Order Granting Final Approval of Settlement Agreement, filed March 16, 2017 (Dkt. No. 310), a class action against Lyft alleging Lyft underpaid its drivers by classifying them as independent contractors, the court approved the percentage-based fee award requested by plaintiffs based on the following 2017 hourly rates, plus a 3.18 multiplier:

| Graduation Year | Rates |
|---|---|
| 1996 | $800 |
| 2010 | $500 |
| 2014 | $325 |
| Paralegal | $200 |

21

- In *Dropbox, Inc. v. Thru, Inc.*, 2017 U.S. Dist. LEXIS 33325 (N.D. Cal.), a trademark action, the court found reasonable "rates ranging from $275/hr for a paralegal to $900 for a senior partner" and "rates of $365/hr and $420/hr" for mid-level associates.

22

# EXHIBIT D

Jonathan C. Sanders (No. #228785)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 252-5002

Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for the Board of Each of PG&E Corporation
and Pacific Gas and Electric Company and for
Certain Current and Former Independent Directors*

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>    **- and –**<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>               **Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**SUMMARY SHEET TO FOURTH INTERIM AND FINAL APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE FOURTH INTERIM PERIOD OF JANUARY 1, 2020 THROUGH JULY 1, 2020 AND THE FINAL PERIOD FROM JANUARY 29, 2019 THROUGH JULY 1, 2020**<br><br>**Hearing Date to be Set**<br><br>Place:  United States Bankruptcy Court<br>        Courtroom 17, 16th Floor |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

San Francisco, CA 94102

**Objection Deadline:** September 17, 2020 at 4:00 p.m. (Pacific Time)

2

| **General Information** | |
|---|---|
| Name of Applicant | Simpson Thacher & Bartlett LLP |
| Name of Client | Board of Each of PG&E Corporation and Pacific Gas and Electric Company and Certain Current and Former Independent Directors |
| Petition Date | January 29, 2019 |
| Retention Date | May 10, 2019 *nunc pro tunc* to January 29, 2019 |
| **Summary of Fees and Expenses Sought in the Fourth Interim Application** | |
| Time Period Covered by Application | January 1, 2020 – July 1, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary | $4,856,392.50 |
| Amount of Compensation Sought Pursuant to Section 327(e) | $2,108,488.00 |
| Amount of Compensation Sought Pursuant to Section 363 | $2,747,904.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary  Pursuant to Section 327(e) | $5,535.63 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary  Pursuant to Section 363 | $37,156.64 |
| **Total Fees and Expenses in Fourth Interim Application Paid But Not Yet Allowed** | |
| Total Compensation Paid But Not Yet Allowed | $1,845,634.80 |
| Total Expenses Paid But Not Yet Allowed | $21,490.38 |
| **Summary of Rates and Related Information for Fourth Interim Application** | |
| Number of Timekeepers in Fourth Interim Application | 37 (29 attorneys, 8 paraprofessionals) |
| Hours Billed by Timekeepers in Fourth Interim Compensation Period | 3,944.00 |
| Blended Rate for Attorneys | $1,251.74 |
| Blended Rate for all Professionals | $1,231.34 |

This is a(n) __X__ Interim _____Final Application

*Simpson Thacher & Bartlett LLP*
*425 Lexington Ave*
*New York, NY 10017*

3

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

| *Summary of Fees and Expenses Sought in the Final Application* | |
|---|---|
| Time Period Covered by Application | January 29, 2019 – July 1, 2020 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary | $12,071,175.50 |
| Amount of Compensation Sought Pursuant to Section 327(e) | $5,066,244.50 |
| Amount of Compensation Sought Pursuant to Section 363 | $7,004,931.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary  Pursuant to Section 327(e) | $45,680.93 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary  Pursuant to Section 363 | $117,225.79 |
| *Total Fees and Expenses in Final Application Paid But Not Yet Allowed* | |
| Total Compensation Paid But Not Yet Allowed (*i.e.*, compensation paid for Fourth Interim Compensation Period) | $1,845,634.80 |
| Total Expenses Paid But Not Yet Allowed (*i.e.*, costs paid for Fourth Interim Compensation Period) | $21,490.38 |
| *Total Fees and Expenses Allowed Under First, Second and Third Interim Applications* | |
| Total  Compensation Allowed on Interim Basis  (*i.e.*, compensation allowed under First-Third Interim Applications) | $7,214,783.00[1] |
| Total Expenses Allowed on Interim Basis (*i.e.*, costs allowed under First-Third Interim Applications) | $120,214.45[2] |
| *Summary of Rates and Related Information* | |
| Number of Timekeepers in Final Application | 67 (47 attorneys and 20 paraprofessionals) |
| Hours Billed by Timekeepers for Total Compensation Period | 10,568.40 |
| Blended Rate for Attorneys | $1,188.47 |
| Blended Rate for all Professionals | $1,166.80 |

This is a(n) _____ Interim ___X___ Final Application

---

[1] This amount reflects the reduction of $260,000 pursuant to the compromises between Simpson Thacher and the Fee Examiner regarding the First Interim Application and the Second and Third Interim Applications.

[2] Simpson Thacher was paid an additional $22,000 in expenses that were ultimately not "allowed" because Simpson Thacher agreed, pursuant to its compromise with the Fee Examiner, to reduce the expenses requested under the First, Second and Third Interim Applications by $22,000 ($2,000 under the First Interim Application and $20,000 under the Second and Third Interim Applications).  This $22,000 reduction has been accounted for by subtracting it from the total outstanding amount requested to be paid pursuant to this Fourth Interim and Final Application.

4

## SUMMARY OF FOURTH INTERIM AND FINAL APPLICATION

| Date Filed | Period Covered | Total Compensation and Expenses Incurred for Period Covered | | Total Amount Originally Requested for Compensation Period | | Total Amount Paid to Date | | Amounts Unpaid and Outstanding[3] |
|---|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | 80% of Undisputed Fees | Expenses (@ 100%) | Fees | Expenses | |
| First Interim (7/23/19) | 01/29/19 – 04/30/19 | $1,931,632.00 | $16,579.35 | $1,545,305.60 | $16,579.35 | $1,851,632.00 | $14,579.35 | N/A |
| Second Interim (11/15/19) | 05/1/19 – 08/31/19 | $2,837,908.50 | $51,945.60 | $2,243,331.60 | $51,945.60 | $2,243,331.60 | $51,945.60 | $494,576.90 |
| Third Interim (3/16/20) | 09/1/19 – 12/31/19 | $2,705,242.50 | $73,689.50 | $1,770,766.00 | $73,689.50 | $1,770,766.00 | $73,689.50 | $834,476.50 |
| Fourth Interim | 01/1/20 – 07/1/20 | $4,856,392.50 | $42,692.27 | $3,885,114.00 | $42,692.27 | $1,845,634.80 | $21,490.38 | $3,031,959.59 |
| Total | | $12,331,175.50 | $184,906.72 | $9,444,517.20 | $184,906.72 | $7,711,364.40 | $161,704.83 | $4,361,012.99 |

[3] The amounts unpaid and outstanding include: (1) $494,576.90 outstanding under the Second Interim Application, which (x) includes $33,744 in fees objected to by PERA (defined below) and $560,832.90 as the Holdback Amount, (y) reflects Simpson Thacher's compromise with the Fee Examiner to reduce fees by $90,000 and expenses by $10,000, and (z) was approved in full by this Court on an interim basis; (2) $834,476.50 outstanding under the Third Interim Application, which (x) includes $491,785 objected to by PERA and $442,691.50 as the Holdback Amount, (y) reflects Simpson Thacher's compromise with the Fee Examiner to reduce fees by $90,000 and expenses by $10,000, and (z) was approved in full by this Court on an interim basis; (3) $3,031,959.59 outstanding under the Fourth Interim Application, which includes $971,278.50 as the Holdback Amount, $2,039,479.20 in currently unpaid fees under the Thirteenth-Sixteenth Monthly Fee Statements and $21,201.89 in currently unpaid expenses under the Thirteenth-Sixteenth Monthly Fee Statements.

The Public Employees Retirement Association of New Mexico ("**PERA**") objected to fees (collectively, the "**Objection Amount**") in Simpson Thacher's Fourth through Seventh Monthly Fee Statements, which are contained within the Second and Third Interim Applications. PERA did not continue to object beyond the Seventh Monthly Fee Statement and did not pursue its prior objections in connection with Simpson Thacher's request for approval of the Second and Third Interim Applications. Pursuant to the *Docket Text Order* dated August 3, 2020, Simpson Thacher's Second and Third Interim Applications, as amended by Simpson Thacher's compromise with the Fee Examiner, were allowed on an interim basis, which such allowance will be formally ordered in the *Order Granting Second Interim Application of Simpson Thacher & Bartlett LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period May 1, 2019 Through August 31, 2019* [Dkt. __] (the "**Second Interim Approval Order**") and the *Order Granting Third Interim Application of Simpson Thacher & Bartlett LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period September 1, 2019 Through December 31, 2019* [Dkt. __] (the "**Third Interim Approval Order**") to be entered by this Court.

Simpson Thacher expects that it will be paid (1) the remaining allowed amounts under the Second and Third Interim Applications pursuant to the Second and Third Interim Approval Orders (totaling $1,329.053.40) and (2) the remaining 80% of the fees and 100% of the expenses requested under the Fourth Interim Application (totaling $2,060,681.09 not inclusive of the $971,278.50 Holdback Amount) prior to the hearing on this Fourth Interim and Final Application.

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

5

**Ex. D - 49**

**SUMMARY OF COMPENSATION FOR
JANUARY 29, 2019 THROUGH JULY 1, 2020**

The attorneys and professionals who rendered professional services in these Chapter 11

Cases during the Total Compensation Period are:

| NAME OF PARTNERS AND COUNSEL | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Blake, Stephen | Litigation | 2008 | $1,325 | 141.70 | $187,752.50 |
| Brentani, William B. | Corporate | 1990 | $1,535 | 5.10 | $7,828.50 |
| Coll-Very, Alexis | Litigation | 1997 | $1,480 | 0.30 | $444.00 |
| Curnin, Paul C. | Litigation | 1988 | $1,640 | 723.90 | $1,187,196.00 |
| Frahn, Harrison J. | Litigation | 1997 | $1,535 | 0.50 | $767.50 |
| Frankel, Andrew T. | Litigation | 1990 | $1,535 | 26.80 | $41,138.00 |
| Goldin, Nicholas | Litigation | 2000 | $1,480 | 853.90 | $1,263,772.00 |
| Goldin, Nicholas | Litigation | 2000 | $740 | 17.70 | $13,098.00 |
| Grogan, Gregory T. | ECEB | 2001 | $1,535 | 151.20 | $232,092.00 |
| Kelley, Karen H. | Corporate | 2003 | $1,425 | 12.70 | $18,097.50 |
| Kreissman, James G. | Litigation | 1989 | $1,640 | 3.50 | $5,740.00 |
| Lesser, Lori E. | Litigation | 1994 | $1,535 | 0.30 | $460.50 |
| Ponce, Mario A. | Corporate | 1989 | $1,640 | 1,284.20 | $2,106,088.00 |
| Purcell, Andrew  B. | Tax | 2009 | $1,325 | 2.40 | $3,180.00 |
| Purushotham, Ravi | Corporate | 2010 | $1,325 | 489.60 | $648,720.00 |
| Qusba, Sandy | Corporate | 1994 | $1,535 | 839.00 | $1,287,865.00 |
| Steinhardt, Brian M. | Corporate | 1999 | $1,640 | 4.50 | $7,380.00 |
| Torkin, Michael H. | Corporate | 1999 | $1,535 | 233.90 | $359,036.50 |
| Webb, Daniel N. | Corporate | 2002 | $1,480 | 0.80 | $1,184.00 |
| Alcabes, Elisa | Litigation | 1989 | $1,220 | 313.40 | $382,348.00 |
| DeLott, Steven R. | Corporate | 1988 | $1,220 | 18.40 | $22,448.00 |
| Koslowe, Jamin R. | ECEB | 1996 | $1,220 | 2.50 | $3,050.00 |
| McLendon, Kathrine | Corporate | 1985 | $1,220 | 301.10 | $367,342.00 |
| Nadborny, Jennifer  L. | Corporate | 2005 | $1,220 | 0.70 | $854.00 |
| Brunner, Janice G. | Corporate | 2001 | $1,190 | 4.00 | $4,760.00 |
| Kofsky, Andrew M. | ECEB | 2000 | $1,190 | 11.90 | $14,161.00 |
| Rapp, James I. | Corporate | 1999 | $1,190 | 0.20 | $238.00 |
| Ricciardi, Sara A. | Litigation | 2003 | $1,190 | 639.70 | $761,243.00 |
| Wiseman, Stephen M. | Corporate | 1986 | $1,190 | 33.60 | $39,984.00 |
| **Total  Partners and Counsel:** | | | | **6,117.50** | **$8,968,268.00** |

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

| NAME OF PROFESSIONAL ASSOCIATES | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Calderon, Justin | Litigation | 2018 | $700 | 157.20 | $110,040.00 |
| Campbell, Eamonn W. | Litigation | 2016 | $915 | 217.40 | $198,921.00 |
| Duran, Raul G. | Litigation | 2018 | $590 | 78.30 | $46,197.00 |
| Duran, Raul G. | Litigation | 2018 | $295 | 0.50 | $147.50 |
| Egenes, Erica M. | Corporate | 2018 | $840 | 324.60 | $272,664.00 |
| Fell, Jamie | Corporate | 2015 | $995 | 306.90 | $305,365.50 |
| Hay, Jasmine N. | Tax | 2016 | $915 | 3.80 | $3,477.00 |
| Hinckson, Shanice D. | Litigation | 2019 | $590 | 13.40 | $7,906.00 |
| Isaacman, Jennifer | Litigation | 2019 | $590 | 561.30 | $331,167.00 |
| Kinsel, Kourtney J. | Litigation | 2018 | $590 | 519.80 | $306,682.00 |
| Levine, Jeff P. | Corporate | 2016 | $915 | 180.70 | $165,340.50 |
| Lundqvist, Jacob | Litigation | 2019 | $590 | 195.50 | $115,345.00 |
| Mahboubi, Aria | Corporate | 2018 | $700 | 4.30 | $3,010.00 |
| Phillips, Jacob M. | ECEB | 2017 | $840 | 149.60 | $125,664.00 |
| Phillips, Jacob M.[4] | ECEB | 2017 | $700 | 16.00 | 11,200.00 |
| Sparks Bradley, Rachel | Litigation | 2013 | $1,095 | 497.50 | $544,762.50 |
| Sussman, Rebecca A. | Litigation | 2017 | $840 | 578.60 | $486,024.00 |
| Sussman, Rebecca A. | Litigation | 2017 | $420 | 3.00 | $1,260.00 |
| Vallejo, Melissa A. | Litigation | 2019 | $590 | 297.80 | $175,702.00 |
| Yeagley, Alexander | Corporate | 2018 | $700 | 58.50 | $40,950.00 |
| **Total Associates:** | | | | **4,164.70** | **$3,251,825.00** |

| NAME OF PROFESSIONAL STAFF ATTORNEYS | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Penfold, John | Litigation | | $375 | 19.10 | $7,162.50 |
| Rossi, Adrian D. | Litigation | | $375 | 38.40 | $14,400.00 |
| **Total Staff Attorneys:** | | | | **57.50** | **$21,562.50** |

| NAME OF PARAPROFESSIONAL | DEPARTMENT | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| DeVellis, Mary | Resource Center | | $265 | 1.00 | $265.00 |
| Franklin, Janie Marie | Paralegal – Litigation | | $455 | 44.10 | $20,065.50 |
| Fuller, Devin | Resource Center | | $265 | 0.70 | $185.50 |

[4] *Jacob M. Phillips was mistakenly billed at the hourly rate of $700 for the month of February rather than his typical hourly rate of $840.

2

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

| Gampper, Krista | Paralegal | | $265 | 0.50 | $132.50 |
|---|---|---|---|---|---|
| Gedrich, Evan | Resource Center | | $265 | 1.50 | $397.50 |
| Henderson, Douglas | Paralegal - Litigation | | $375 | 2.50 | $937.50 |
| Jacovatos, Nicholas | Resource Center | | $265 | 1.00 | $265.00 |
| Kortright, Magallie | Paralegal – Litigation | | $400 | 23.60 | $9,440.00 |
| Laspisa, Rosemarie | Paralegal – Litigation | | $400 | 56.50 | $22,600.00 |
| Magsino, Luke | Resource Center | | $265 | 1.00 | $265.00 |
| Mierski, Nathan | Resource Center | | $265 | 2.60 | $689.00 |
| O'Connor, Elizabeth | Paralegal - Litigation | | $265 | 10.60 | $2,809.00 |
| Scott, Eric Dean | Resource Center | | $265 | 4.30 | $1,139.50 |
| Terricone, Cyrena | Paralegal - Litigation | | $400 | 7.50 | $3,000.00 |
| Welman, Timothy | Resource Center | | $265 | 12.30 | $3,259.50 |
| Azoulai, Moshe | Knowledge Management | | $455 | 7.40 | $3,367.00 |
| Carney, Michael | Knowledge Management | | $420 | 0.90 | $378.00 |
| Kovoor, Thomas G. | Knowledge Management | | $420 | 44.30 | $18,606.00 |
| Rovner, Grace | Paralegal - Corporate | | $265 | 5.90 | $1,563.50 |
| Tripodi, Lou | Library | | $310 | 0.50 | $155.00 |
| **Total Paraprofessionals:** | | | | **228.70** | **$89,520.00** |

| **PROFESSIONALS** | **BLENDED HOURLY RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
|---|---|---|---|
| Partners and Counsel | $1,466.00 | 6,117.50 | $8,968,268.00 |
| Associates | $780.81 | 4,164.70 | $3,251,825.00 |
| Staff Attorneys | $375.00 | 57.50 | $21,562.50 |
| Paraprofessionals | $391.43 | 228.70 | $89,520.00 |
| Blended Attorney Rate | $1,188.47 | | |
| **Total Fees Incurred** | | **10,568.40** | **$12,331,175.50** |

3

**SUMMARY OF COMPENSATION BY WORK TASK CODE FOR
THE PERIOD JANUARY 29, 2019 THROUGH JULY 1, 2020**

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| AA | Asset Analysis and Recovery | | |
| AD | Asset Disposition | | |
| BO | Business Operations | | |
| BU | Budgeting (Case) | | |
| CA | Case Administration | 13.20 | $13,046.00 |
| CC | Creditor Communications | | |
| CG | Corporate Governance and Board Matters | 5,482.70 | $6,802,970.00 |
| CH | Court Hearings | 99.50 | $118,468.00 |
| CM | Claims Administration and Objections | 88.70 | $79,286.00 |
| EC | Executory Leases and Contracts | | |
| EE | Employee Benefits/Pensions | 16.00 | $24,560.00 |
| ES | Equityholder Communications | | |
| FA | Fee/Employment Applications | 611.10 | $665,866.00 |
| FI | Financings/Cash Collateral | | |
| FO | Fee/Employment Application Objections | 25.30 | $27,134.50 |
| FR | Fact Analysis and Related Advice | 1.90 | $1,800.00 |
| IC | Intercompany Issues | | |
| IP | Intellectual Property Issues | | |
| LI | Litigation: Contested Matters and Adversary Proceedings | 72.40 | $75,725.50 |
| LS | Relief From Stay Proceedings | | |
| PL | Plan/Disclosure Statement | 1,518.80 | $2,219,067.50 |
| RE | Reporting | 0.20 | $238.00 |
| TV[5] | Non-Working Travel Time | 41.20 | $44,235.50 |
| TX | Tax Issues | | |
| VA | Valuation | | |
| L110 | Fact Investigation/Development | 1,565.30 | $1,235,737.50 |
| L120 | Analysis/Strategy | 102.90 | $106,368.50 |

[5] Time billed to this task code is billed in accordance with the Fee Guidelines and the Second Amended Fee Procedures Order as of October 24, 2019.

4

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

| Task Code | Description | Hours | Amount |
|---|---|---|---|
| L130 | Experts/Consultants | | |
| L143 | Discovery - Identification and Preservation | | |
| L160 | Settlement/Non-Binding ADR | | |
| L200 | Pre-Trial Pleadings and Motions | 890.60 | $898,472.50 |
| L241 | Motion to Dismiss: Preemption | | |
| L242 | Motion to Dismiss: Lack of Subject Matter Jurisdiction | | |
| L243 | Motion for Summary Judgment: Kongros | | |
| L244 | Motion for Summary Judgment: Causation | | |
| L245 | Motion for Summary Judgment: Employment | | |
| L246 | Motion for Summary Judgment: Recreational Use Immunity | | |
| L310 | Written Discovery | | |
| L330 | Depositions | | |
| L350 | Discovery Motions | | |
| L400 | Trial Preparation and Trial | | |
| L500 | Appeal | | |
| L600 | eDiscovery - Identification | | |
| L610 | eDiscovery - Preservation | | |
| L620 | eDiscovery - Collection | 3.50 | $1,332.50 |
| L630 | eDiscovery - Processing | 21.60 | $9,027.00 |
| L650 | eDiscovery - Review | 0.20 | $91.00 |
| L653 | eDiscovery - First Pass Document Review | 13.00 | $7,670.00 |
| L654 | eDiscovery - Second Pass Document Review | | |
| L655 | eDiscovery - Privilege Review | | |
| L656 | eDiscovery - Redaction | | |
| L670 | eDiscovery - Production | 0.30 | $79.50 |
| L671 | eDiscovery - Conversion of ESI to Production | | |
| L680 | eDiscovery - Presentation | | |
| L800 | Experts/Consultants | | |
| L900 | Settlement Process | | |
| **TOTAL** | | **10,568.40** | **$12,331,175.50** |

5

Jonathan C. Sanders (No. #228785)
SIMPSON THACHER & BARTLETT LLP
2475 Hanover Street
Palo Alto, CA 94304
Telephone: (650) 251-5000
Facsimile: (650) 252-5002

Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Counsel for the Board of Each of PG&E Corporation
and Pacific Gas and Electric Company and for
Certain Current and Former Independent Directors*

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re:**<br><br>**PG&E CORPORATION,**<br><br>- and –<br><br>**PACIFIC GAS AND ELECTRIC COMPANY,**<br><br>**Debtors.**<br><br>☐ Affects PG&E Corporation<br>☐ Affects Pacific Gas and Electric Company<br>☒ Affects both Debtors<br><br>*\* All papers shall be filed in the Lead Case No. 19-30088 (DM).* | Bankruptcy Case<br>No. 19-30088 (DM)<br><br>Chapter 11<br><br>(Lead Case)<br><br>(Jointly Administered)<br><br>**FOURTH INTERIM AND FINAL APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR ALLOWANCE AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE FOURTH INTERIM PERIOD OF JANUARY 1, 2020 THROUGH JULY 1, 2020 AND THE FINAL PERIOD FROM JANUARY 29, 2019 THROUGH JULY 1, 2020**<br><br>**Hearing Date: To Be Set**<br>**Place**:  United States Bankruptcy Court<br>          Courtroom 17, 16th Floor |

6

San Francisco, CA 94102

**Objection Deadline:** September 17, 2020 at 4:00 p.m. (Pacific Time)

Simpson Thacher & Bartlett LLP ("**Simpson Thacher**"), as counsel for (i) the Board of Directors (the "**Board**") of each of PG&E Corporation and Pacific Gas and Electric Company (the "**Debtors**"), as the Board may be constituted from time to time, and for the members of the Board from time to time in their capacities as members of the Board, and (ii) certain current and former independent directors in their individual capacities who serve or served as independent directors prior to and/or as of the Petition Date (as defined below) (each an "**Independent Director**" and collectively, the "**Independent Directors**"), pursuant to sections 330(a), 331 and 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), hereby submits this combined fourth interim application and final application (this "**Fourth Interim and Final Application**") for (I) the allowance and payment of compensation for professional services performed in the amount of $4,856,392.50 and for reimbursement of actual and necessary expenses incurred in the amount of $42,692.27 for the period commencing January 1, 2020 through and including July 1, 2020 (the "**Fourth Interim Compensation Period**") and (II) the allowance and payment on a final basis of compensation for professional services performed in the amount of $12,071,175.50 and for reimbursement of actual and necessary expenses incurred in the amount of $162,906.72 for the period commencing January 29, 2019 through and including July 1, 2020 (the "**Total Compensation Period**"), and in support thereof, respectfully states as follows:

## Preliminary Statement

1.      Since January 29, 2019, and throughout the Total Compensation Period, Simpson Thacher has served as counsel for and has provided important and necessary legal advice to the Board and Independent Directors.  Specifically, during the Total Compensation Period, Simpson Thacher has, among other things, provided representation and legal advice in connection with (i) these chapter 11 cases (the "**Chapter 11 Cases**") and material aspects of the

7

bankruptcy process, including the negotiation of various settlements underlying the Debtors' proposed plan of reorganization (the "**Plan**") and financing commitments for implementation of the Plan; (ii) regulatory, judicial and other proceedings concerning the conduct of the Debtors, the Board or the Independent Directors; (iii) derivative shareholder and securities litigation and related issues; (iv) the exercise of the Board's fiduciary duties, including with respect to maximizing the value of the Debtors' estates for all stakeholders; (v) director liability insurance and indemnification matters; (vi) the review of disclosures to be made with the Securities and Exchange Commission (the "**SEC**"); (vii) director and officer compensation matters; and (viii) general corporate governance matters.

2.    Simpson Thacher's advice to the Board and the Independent Directors and representation of them in connection with the aforementioned matters during the Total Compensation Period were of substantial benefit to the Board and the Independent Directors, and the professional services performed and expenses incurred in connection therewith were actual and necessary.  Importantly, the Board is entitled to engage and retain advisors and experts it determines are necessary and appropriate to properly discharge its fiduciary duties to the Debtors, and the Independent Directors were entitled to maintain the representation of independent counsel in order to continue providing advice on the number of ongoing related matters that were not stayed during the pendency of these Chapter 11 Cases.  Moreover, Simpson Thacher has worked closely with the Debtors' legal and financial advisors to ensure there has been no duplication of efforts with respect to legal matters affecting the Debtors.  In light of the size and complexity of these Chapter 11 Cases, Simpson Thacher's fees for services rendered and incurred expenses are reasonable under the applicable standards as set forth in more detail herein.  Simpson Thacher therefore respectfully requests that the Court grant this Fourth Interim Application and allow interim compensation for professional services performed and reimbursement for expenses as requested herein for the Fourth Interim Compensation Period and grant this Final Application and finally allow compensation for professional services performed and reimbursement for expenses as requested herein for the Total Compensation Period.

8

**Simpson Thacher & Bartlett LLP**
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

3.      This Fourth Interim and Final Application has been prepared in accordance with and submitted pursuant to the sections 105, 330(a), 331 and 363 of title 11 of the Bankruptcy Code, Bankruptcy Rule 2016, the Local Bankruptcy Rules for the Northern District of California (the "**Local Rules**"), the *Order Pursuant to 11 U.S.C. §§ 331 and 105(a) and Fed. R. Bankr. P. 2016 for Authority to Establish Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* dated February 27, 2019 [Docket No. 701] (the "**Interim Compensation Order**"), the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees for the Northern District of California,* effective February 19, 2014 (the "**Local Guidelines**"), the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective November 1, 2013 (the "**UST Guidelines**") and the *Revised Fee Examiner Protocol,* dated October 24, 2019 [Docket No. 4473] (as approved and modified by the *Second Amended Order Granting Fee Examiner's Motion to Approve Fee Procedures*, dated January 30, 2020 [Docket No. 5572] (the "**Second Amended Fee Procedures Order**") (the "**Fee Examiner Protocol**," and, together with the Local Guidelines, collectively, the "**Fee Guidelines**").

4.      The Interim Compensation Order provides that professionals may file a Monthly Fee Statement or a Consolidated Monthly Fee Statement (each as defined in the Interim Compensation Order) and serve it upon certain designated notice parties.  If there is no objection within twenty-one (21) days after service of the Monthly Fee Statement or Consolidated Monthly Fee Statement, the Debtor is authorized to pay 80% of the fees (with the remaining 20% of the fees requested referred to herein as the "**Holdback Amount**") and 100% of the expenses requested.  If there is an objection to the Monthly Fee Statement or Consolidated Monthly Fee Statement, the Debtor is authorized to pay 80% of the fees and 100% of the expenses that are not subject to an objection.

5.      On March 30, 2020, April 30, 2020, May 29, 2020, June 30, 2020, July 23, 2020 and July 28, 2020, Simpson Thacher filed and served, respectively, a Tenth Monthly

9

Fee Statement covering the period from January 1, 2020 through and including January 31, 2020 [Docket No. 6533] (the "**Tenth Monthly Fee Statement**"), an Eleventh Monthly Fee Statement covering the period from February 1, 2020 through and including February 29, 2020 [Docket No. 7012] (the "**Eleventh Monthly Fee Statement**"), a Twelfth Monthly Fee Statement covering the period from March 1, 2020 through and including March 31, 2020 [Docket No. 7655] (the "**Twelfth Monthly Fee Statement**"), a Thirteenth Monthly Fee Statement covering the period from April 1, 2020 through and including April 30, 2020 [Docket No. 8217] (the "**Thirteenth Monthly Fee Statement**"), a Fourteenth Monthly Fee Statement covering the period from May 1, 2020 through and including May 31, 2020 [Docket No. 8504] (the "**Fourteenth Monthly Fee Statement**"), a Fifteenth Monthly Fee Statement covering the period from June 1, 2020 through and including June 30, 2020 [Docket No. 8553] (the "**Fifteenth Monthly Fee Statement**"), and a Sixteenth Monthly Fee Statement covering July 1, 2020 [Docket No. 8554] (the "**Sixteenth Monthly Fee Statement**" and collectively, the "**Monthly Fee Statements**").

6.     In these Monthly Fee Statements with respect to the Fourth Interim Compensation Period, Simpson Thacher requested payment of $3,885,114.00 (80% of total fees, of which $1,686,790.40 was in respect of representation of the Board under section 327(e) and $2,198,323.60 was in respect of representation of the Independent Directors under section 363) as compensation for professional services and $42,692.27 (100% of expenses, of which of which $5,535.63 was in respect of representation of the Board under section 327(e) and $37,156.64 was in respect of representation of the Independent Directors under section 363) as reimbursement for actual and necessary expenses.  The total Holdback Amount for the Fourth Interim Compensation Period is $971,278.50 (20% of undisputed fees).  To date, Simpson Thacher has received payment of $1,845,634.80 in fees for professional services rendered and $21,490.38 for expenses incurred during the Fourth Interim Compensation Period.

7.     The deadlines for any objections to the Tenth through Sixteenth Monthly Fee Statements have passed, and no objections were filed.  Consistent with the Interim Compensation Order, Simpson Thacher seeks approval for the allowance and payment (to the

10

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

extent not paid prior to the hearing on this Application) of all outstanding amounts requested under the Monthly Fee Statements, including the Holdback Amount. This request is consolidated with Simpson Thacher's concurrent request for final review and approval of all compensation and expenses in these Chapter 11 Cases.

8. In addition, with respect to the remainder of the Total Compensation Period, Simpson Thacher previously filed its First Consolidated Monthly Fee Statement covering the period from January 29, 2019 through and including April 30, 2019 (the "**First Interim Compensation Period**"), which is reflected in the First Interim Application [Docket No. 3157]; its Second Monthly Fee Statement through Fifth Monthly Statement collectively covering the period from May 1, 2019 through and including August 31, 2019 (the "**Second Interim Compensation Period**"), which is reflected in the Second Interim Application [Docket No. 4767]; and its Sixth Monthly Fee Statement through Ninth Monthly Fee Statement collectively covering the period from September 1, 2019 through and including December 31, 2019 (the "**Third Interim Compensation Period**"), which is reflected in the Third Interim Application [Docket No. 6331].

9. Under the First Interim Application, Simpson Thacher requested payment of $1,931,632.00 in fees for professional services rendered (including both the initial 80% requested under the First Consolidated Monthly Fee Statement and the 20% Holdback Amount) and $16,579.35 for expenses incurred during the First Interim Compensation Period. Simpson Thacher reached a compromise with the Fee Examiner to reduce the outstanding fees sought by $80,000 and the expenses by $2,000. This Court approved the First Interim Application as amended by the compromise pursuant to the *Order Granting Amended First Interim Fee Application of Simpson Thacher & Bartlett LLP for Allowance and Payment of Compensation and Reimbursement of Expenses for the Period of January 29 2019 Through April 30, 2019* [Docket No. 6446]. Accordingly, Simpson Thacher has been paid a total of $1,851,632.00 in allowed fees and $14,579.35 for allowed expenses on account of the First Interim Compensation Period.

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

11

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

10.     Under the Second Interim Application, Simpson Thacher requested payment of $2,837,908.50 in fees for professional services rendered (including both the initial 80% requested under the Second, Third, Fourth and Fifth Monthly Fee Statements plus the applicable portion of the Objection Amount and the 20% Holdback Amount) and $51,945.60 for expenses incurred during the Second Interim Compensation Period.  Under the Third Interim Application, Simpson Thacher requested $2,705,242.50 in fees for professional services rendered (including both the initial 80% requested under the Sixth, Seventh, Eighth and Ninth Monthly Statements plus the applicable portion of the Objection Amount and the 20% Holdback Amount) and $73,689.50 for expenses incurred during the Third Interim Compensation Period.  Simpson Thacher reached a consolidated compromise with the Fee Examiner to reduce the outstanding fees requested under the Second and Third Interim Applications by $180,000 and the expenses by $20,000.  The Court approved  the Second Interim Application and Third Interim Application, each as amended, by amended docket text order [Docket No. 6331], and the Second Interim Approval Order and the Third Interim Approval Order have been submitted and are awaiting entry by the Court. The total outstanding amount to be paid to Simpson Thacher under the Second Interim Application and the Third Interim Application, each as amended, is $1,329,053.40.  As of the date of filing of this Fourth Interim and Final Application, Simpson Thacher has not yet received payment of this amount.

### Jurisdiction

11.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

12.     On January 29, 2019 (the "**Petition Date**"), each of the Debtors filed a petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and

12

1108 of the Bankruptcy Code.  The Debtors' cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015.

13.    On February 12, 2019, the Acting United States Trustee for Region 3 (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors [Docket No. 409], which was amended on March 20, 2019 [Docket No. 962].  On February 15, 2019, the U.S. Trustee appointed the Official Committee of Tort Claimants [Docket No. 453], which was amended on February 21, 2019 [Docket No. 530].

14.    Additional information regarding the events leading to these chapter 11 cases is set forth in the *Amended Declaration of Jason P. Wells in Support of First Day Motions and Related Relief* [Docket No. 263].

15.    On June 19, 2020, this Court confirmed the Debtors' Plan.  The Plan provides that any final fee applications must be filed within sixty (60) days of the Effective Date (as defined therein).  The Effective Date of the Plan occurred on July 1, 2020 [Docket No. 8252].

16.    Simpson Thacher was first engaged to represent the Independent Directors in December 2017 to (i) provide legal advice regarding legislation concerning dividends and related issues, (ii) represent the Independent Directors regarding alleged breaches of fiduciary duties and other claims arising out of the 2017 and 2018 wildfires and (iii) advise the Independent Directors in connection with a number of ongoing litigations and inquiries.

17.    On April 2, 2019, the Debtors filed an application to retain Simpson Thacher as counsel for the Independent Directors under section 363 of the Bankruptcy Code (the "**Retention Application**").  After the filing of the Retention Application, Simpson Thacher was also asked to represent the Board and the members of the Board from time to time in their capacities as members of the Board.  The U.S. Trustee then requested that the retention of Simpson Thacher to represent the Board be approved under section 327(e) of the Bankruptcy Code.  *See Supplemental Declaration of Michael H. Torkin in Support of the Motion Pursuant to 11 U.S.C. §363 Authorizing Debtors to Pay the Fees and Expenses of Simpson Thacher & Bartlett LLP as Counsel to the Independent Directors of PG&E Corp. (as Modified as Described*

13

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

*Herein*) [Docket No. 1802] (as amended from time to time, the "**STB Retention Declaration**"). The Retention Application, as modified, was approved by this Court on May 10, 2019 [Docket No. 1979] (the "**Retention Order**").  The Retention Order is attached hereto as **Exhibit A**.

18.    The Retention Order authorizes the Debtors to employ and retain Simpson Thacher *nunc pro tunc* to January 29, 2019 as attorneys for the Board and Independent Directors in accordance with Simpson Thacher's normal hourly rates and disbursement policies, as described in the Retention Application.  Further, the Retention Order authorizes the Debtors (i) pursuant to section 327(e) of the Bankruptcy Code, to pay the reasonable fees of, and reimburse the reasonable and necessary expenses incurred by, Simpson Thacher in connection with the Board Representation (as defined in the Retention Order), including with respect to "all matters related to corporate governance" and "other related matters"; and (ii) pursuant to section 363, to pay the reasonable fees of, and reimburse the reasonable and necessary expenses incurred by, Simpson Thacher in connection the Independent Director Representation (as defined in the Retention Order), including with respect to "representation in ongoing litigation and regulatory inquiries," "fact-gathering," and "related matters."

### Summary of Professional Compensation and Reimbursement of Expenses Requested Under Fourth Interim Application

19.    Simpson Thacher seeks the interim allowance and payment of (i) compensation for professional services performed during the Fourth Interim Compensation Period in the amount of $4,856,392.50, of which $971,278.50 has been held back as the Holdback Amount; and (ii) $42,692.27 as reimbursement for actual and necessary expenses incurred for the months covered by the Fourth Interim Compensation Period.  As of the date of this Fourth Interim and Final Application, $1,845,634.80 in fees and $21,490.38 in expenses have been paid to Simpson Thacher in respect of the Fourth Interim Compensation Period.

20. There is no agreement or understanding between Simpson Thacher and any other person, other than members of the firm, for the sharing of compensation to be received for

14

services rendered in these Chapter 11 Cases.  Except as otherwise described herein, no payments have heretofore been made or promised to Simpson Thacher for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

21. The fees charged by Simpson Thacher in these cases are billed in accordance with Simpson Thacher's normal and existing billing rates and procedures in effect during the Compensation Period.  The rates charged by Simpson Thacher for professional and paraprofessional services in these Chapter 11 Cases are the same rates that Simpson Thacher charges for comparable bankruptcy and non-bankruptcy representations.[6]  Such fees are reasonable based on the customary compensation by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

22. Attached hereto as **Exhibit B** is a certification regarding Simpson Thacher's compliance with the Fee Guidelines.

23. Attached hereto as **Exhibit C** is a summary and comparison of the aggregate blended hourly rates billed by Simpson Thacher's timekeepers in all domestic offices to non-bankruptcy matters during the prior twelve (12) month rolling period and the blended hourly rates billed to the Debtors during the Compensation Period.

24. With respect to the Independent Director Representation, Simpson Thacher discussed its rates, fees and staffing with the Independent Directors and Debtors at the outset of these Chapter 11 Cases.  A summary of Simpson Thacher's budget is attached hereto as **Exhibit D.**  Simpson Thacher estimated its fees for the Fourth Interim Compensation Period in

---

[6] By agreement with the Debtors, Simpson Thacher deferred implementation of normal step rate increases for attorneys advancing in seniority, which increases customarily would have taken effect in September, and normal rate increases for all professionals, which increases customarily would have taken effect on January 1.

15

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

connection with the Independent Director Representation would be approximately $3,076,630, and the fees sought for the Fourth Interim Compensation Period are lower than that estimate.

25. With respect to the Board Representation, professional services were or are being provided on the basis of specific assignments, and accordingly no budget was prepared. However, as set forth in the Retention Motion and the STB Retention Declaration, Simpson Thacher's rates, fees and staffing for the Board Representation are the same as those used in connection with the Independent Director Representation. The Board did not request that Simpson Thacher prepare a budget.

26. The attorneys and paraprofessionals assigned to this matter were necessary to assist with the Board's and Independent Directors' exercise of their fiduciary duties to the Debtors, the preservation of the Debtors' estates, and the other matters described herein. The Debtors are aware of the complexities of these cases, the number of issues to be addressed, the various disciplines and specialties involved in Simpson Thacher's representation, and the number of factors arising in these cases impacting staffing needs. Simpson Thacher has coordinated closely with the Debtors' professionals to ensure there has been no duplication of efforts with respect to any legal matters impacting the Debtors in or outside of these Chapter 11 Cases.

27. The compensation and fees sought for the Fourth Interim Compensation Period are reflected in the Monthly Fee Statements and are set forth therein and in **Exhibits E, F** and **H**. **Exhibit E** attached hereto sets forth: (a) the name of each professional and paraprofessional who rendered services and his or her area of practice; (b) whether each professional is a partner, counsel, associate or paraprofessional in the firm; (c) the year that each professional was licensed to practice law; (d) the practice group or specialty of the professional; (e) the number of hours of services rendered by each professional and paraprofessional; and (f) the hourly rate charged by

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher for the services of each professional and paraprofessional. **Exhibit F** contains a summary of Simpson Thacher's hours billed using project categories (or "task codes") described therein. **Exhibit H** sets forth the detailed time entries by Simpson Thacher partners, counsel, associates and paraprofessionals, contemporaneously recorded in increments of one-tenth of an hour. Simpson Thacher also maintains computerized records of the time spent by all Simpson Thacher attorneys and paraprofessionals in connection with these Chapter 11 Cases. Copies of these computerized records in LEDES format have been furnished to the Debtors, the U.S. Trustee and the Fee Examiner in the format specified in the Fee Guidelines.

28. Simpson Thacher also hereby requests reimbursement of $42,692.27 for actual and necessary costs and expenses incurred in rendering services to the Board and Independent Directors. Of the total amount of costs and expenses sought, $37,156.64 is being requested for reimbursement in connection with Simpson Thacher's Independent Director Representation pursuant to section 363 of the Bankruptcy Code, and $5,535.63 is being requested for reimbursement in connection with Simpson Thacher's Board Representation pursuant to section 327(e) of the Bankruptcy Code. The costs and expenses sought are described in the Tenth through Sixteenth Monthly Fee Statements and are set forth therein and in **Exhibit G**, which sets forth a summary of costs and expenses incurred during the Fourth Interim Compensation Period, and **Exhibit I**, which sets forth an itemized schedule of all such costs and expenses.

**Summary of Services Performed by Simpson Thacher**
**During the Fourth Interim Compensation Period**

29. As described above, during the Fourth Interim Compensation Period, Simpson Thacher rendered substantial professional services to the Board and Independent Directors in connection with ongoing litigation, the exercise of their fiduciary duties to the Debtors and their stakeholders, the protection of the Board's and Independent Directors' interests and other matters

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

17

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

relating to these Chapter 11 Cases.  The following is a summary of the professional services rendered by Simpson Thacher during the Fourth Interim Compensation Period,[7] organized in accordance with Simpson Thacher's internal system of task codes.[8]

    a.  <u>Corporate Governance and Board Matters (Task Code: BCG)</u>
        Fees: $3,393,018.50; Total Hours: 2,843.00

    i.  Attended and provided legal advice during in-person and telephonic Board, committee and sub-committee meetings, and prepared presentations and  reviewed and provided comments with respect to Board and committee materials;

    ii.  Advised in connection with Directors & Officers insurance ("**D&O Insurance**") issues, including reviewing current policies and preparing overviews and analyses, engaging in discussions with insurance providers and risk management personnel regarding policy terms and conditions;

    iii.  Advised in connection with resignation of existing board members and selection of new board members, including participation in onboarding sessions with new directors and review and preparation of Board materials in connection therewith;

    iv.  Engaged in discussions, advised on strategy and process, conducted diligence, conducted legal and factual research, prepared presentations and other written materials, and participated in calls and meetings regarding numerous issues including Director compensation, fiduciary duties, insurance coverage, and the bankruptcy process, including settlements with key parties,  the Debtors' Plan, exit financing  and confirmation;

    v.  Advised on strategy, process and substance with respect to strategic alternatives and financing commitments;

    vi.  Advised with respect to certain management personnel issues;

---

[7] The summary of professional services rendered during the First Interim Compensation Period, the Second Interim Compensation Period and the Third Interim Compensation Period are provided in the First Interim Application, Second Interim Application and Third Interim Application, respectively, which are fully incorporated herein by reference.

[8] Certain services rendered may overlap between more than one task code.  If a task code does not appear below, then Simpson Thacher did not bill significant, if any, time to that task code during the Compensation Period.

18

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

vii.   Engaged in discussions, advised on strategy and process, prepared presentations and other written materials, and participated in numerus calls and meetings regarding various modifications to Backstop Commitment Letter

viii.   Reviewed and commented on various SEC filings.

b.  Court Hearings  (Task Code: BCH)
Fees: $36,514.00; Total Hours: 36.20

i.   Prepared for and attended hearings regarding case status, estimation,  approval of settlements, and confirmation.

c.  Fee/Employment Applications  (Task Code: BFA)
Fees: $190,654.50; Total Hours: 170.20

i.   Reviewed billing records and prepared required monthly fee statements and interim fee applications.

ii.   Reviewed all applicable fee guidelines and updated internal systems and coding as necessary for developments regarding retention and billing matters in connection with these Chapter 11 Cases.

d.  Fee/Employment Objections (Task Code: BFO)
Fees: $10,390.50; Total Hours: 10.20

i.   Reviewed reports from Fee Examiner and provided outlines and responses for discussions with Fee Examiner; drafted notices of amendment and compromise and proposed orders.

e.  Plan/Disclosure Statement (Task Code: BPL)
Fees: $888,376.50; Total Hours: 599.60

i.   Reviewed and researched, conducted diligence and provided analysis and advice regarding exclusivity and termination thereof, chapter 11 plan proposals, proposed settlement term sheets, equity commitments and funding alternatives, and plan confirmation, and reviewed and commented on drafts of Plan and Plan documentation.

ii.   Attended and provided legal advice during in-person and telephonic Board, committee and sub-committee meetings regarding chapter 11 plan proposals, restructuring support agreements, equity commitments, other funding alternatives and related matters.

19

f. <u>Pre-Trial Pleadings and Motions  (Task Code: L200)</u>
Fees: $323,860.50; Total Hours: 274.40

    i.  Reviewed case dockets and filings and engaged in general coordination and case administration.

    ii.  Conducted research, conducted fact diligence and legal analysis, engaged in various meetings and communications in connection with securities and derivative claims, and drafted reply papers on motion to dismiss and related court submissions in connection with securities litigation.

30. The foregoing is merely a summary of the professional services rendered by Simpson Thacher during the Fourth Interim Compensation Period.  The professional services performed by Simpson Thacher were necessary and appropriate to the representation of the Board and Independent Directors, including in connection with these Chapter 11 Cases, and were in the best interests of the Board, the Independent Directors and the Debtors and their estates. The services provided by Simpson Thacher to the Board and Independent Directors were separate from and not duplicative of any of the services provided to the Debtors by their professionals.  The compensation requested for Simpson Thacher's services is commensurate with the complexity, importance and nature of the issues and tasks involved.

31. The professional services rendered by partners, counsel and associates of Simpson Thacher were rendered primarily by the Litigation, Corporate, Executive Compensation and Executive Benefits, and Bankruptcy and Restructuring Departments.  Simpson Thacher has an esteemed and nationally recognized reputation for its expertise in these fields, particularly in connection with the representation of boards of directors in challenging and complex matters.

32. During the Fourth Interim Compensation Period, a total of 3,944 hours were expended by attorneys and paraprofessionals at Simpson Thacher in connection with the aforementioned services performed.  2,411.5 hours were spent on the Independent Director

20

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Representation pursuant to section 363 of the Bankruptcy Code, and 1,532.5 hours were spent on the Board Representation pursuant to section 327(e) of the Bankruptcy Code.  In the aggregate, the partners and counsel of Simpson Thacher accounted for 2,820.10 hours (approximately 71.5% of time), associates accounted for 1,031.90 hours (approximately 26.2% of time), and staff attorneys and paraprofessionals accounted for 92 hours (approximately 2.3% of time).

33. During the Fourth Interim Compensation Period, Simpson Thacher billed for time expended by attorneys based on hourly rates ranging from $590 to $1,640 per hour for attorneys.  Allowance of compensation in the amount requested herein would result in a blended hourly rate for attorneys of approximately $1,251.74, and a blended rate for all professionals and paraprofessionals of approximately $1,231.34.

34. Consistent with the Second Amended Fee Procedures Order, Simpson Thacher capped Non-Working Travel Time (with respect to airplane travel only) at two hours per airplane trip for billing purposes as of October 1, 2019.  Prior to the approval of the Fee Examiner Protocol, Simpson Thacher had discounted Non-Working Travel Time by 50%, which is reflected in Monthly Fee Statements prior to the Seventh Monthly Fee Statement.  This prior billing approach has been explained to and resolved with the Fee Examiner pursuant to the compromise reached in connection with the Second Interim Application and Third Interim Application.

**Actual and Necessary Disbursements of Simpson Thacher**

35. Simpson Thacher has disbursed $42,692.27 as expenses incurred in providing professional services during the Fourth Interim Compensation Period.  These expenses were reasonable and necessary and were essential to, among other things, participate in necessary meetings or hearings, timely respond to client or counsel inquiries and provide effective

1   representation in ongoing regulatory and litigation-related matters.  The costs and expenses are

2   not incorporated into Simpson Thacher's hourly billing rates because it is Simpson Thacher's

3   policy to charge such costs and expenses to those clients requiring such expenditures in

4   connection with the services rendered to them.

5           36. Simpson Thacher began applying the rates and guidelines as set forth in the Fee

6   Examiner Protocol as of October 24, 2019.  The amounts for which Simpson Thacher is seeking

7   reimbursement for reasonable meal and transportation costs are thus consistent with the Fee

8   Guidelines.  Additionally, as of October 24, 2019, Simpson Thacher charged for disbursements

9   in accordance with the Fee Guidelines.  With respect to photocopying and duplicating expenses,

10  reimbursement for costs is at an average rate of $.20 per page.  Computer-assisted legal research,

11  court conferencing participation and mail services are charged at actual cost.  Only clients who

12  use services of the types set forth in **Exhibits G** and **I** are separately charged for such services.

13          37. Simpson Thacher has made every effort to minimize its disbursements in these

14  Chapter 11 Cases.  The actual expenses incurred in providing professional services were

15  reasonable, necessary and justified under the circumstances.

### Basis for Allowance of Requested Compensation and Reimbursement for Fourth Interim Compensation Period and Total Compensation Period

            38. With respect to the Board Representation, section 331 of the Bankruptcy Code

provides for the interim compensation of professionals pursuant to the standards set forth in

section 330 governing the Court's award of any such compensation.  11 U.S.C. § 331.  Section

330 provides that a professional employed under section 327 of the Bankruptcy Code may be

awarded "reasonable compensation for actual, necessary services rendered [and] reimbursement

for actual, necessary expenses."  11 U.S.C. § 330(a)(1).

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

22

39. Section 330 further provides that, "[i]n determining the amount of reasonable compensation to be awarded to [a] professional person, the court shall consider the nature, the extent and the value of such services, taking into account" the following factors:

g.  Time spent on the services performed;

h.  Rates charged for the services performed;

i.  Whether the services performed were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of the applicable chapter 11 case;

j.   Whether the services were performed in a reasonable amount of time "commensurate with the complexity, importance, and nature of the problem, issue, or task addressed";

k.  Whether the professional is board certified or otherwise has demonstrated skill and experience in bankruptcy; and

l.  Whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than chapter 11 cases.

40. With respect to the Independent Director Representation, section 363 of the Bankruptcy Code applies.  Section 363(b) of the Bankruptcy Code provides that a debtor in possession "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363.  In considering whether to approve use of estate property under section 363(b), the bankruptcy judge examines whether there is a sound business purpose for the proposed use and in doing so, "should consider all salient factors pertaining to the proceeding and, accordingly, act to further the diverse interests of the debtor, creditors and equity holders, alike."  *Walter v. Sunwest Bank (In re Walter),* 83 B.R. 14, 19 (9th Cir. BAP 1988).  Courts have found business justification for and approved the payment of fees and expenses of counsel for a debtor's independent directors pursuant to section 363.  *See, e.g.,*

23

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

1  *In re SunEdison, Inc.,* No. 16-10992 (SMB) (Bankr. S.D.N.Y. July 13, 2016) [ECF No. 764]; *In*

2  *re Sabine Oil & Gas Corp.*, No. 15-11835 (SCC) (Bankr. S.D.N.Y. Nov. 5, 2015) [ECF No.

3  485].  The Debtors explained in the Retention Motion that (i) the Debtors' Articles of

4  Incorporation and board resolutions authorize the payment of the fees and expenses of

5  professionals for the Independent Directors, and (ii) it is common for a company the size of the

6  Debtors to engage and pay for separate counsel to provide independent advice to its directors,

7  and asserted that the retention of Simpson Thacher by the Board and the payment of its

8  reasonable fees and expenses were an exercise of the Debtor's sound business judgment.

9          41. Simpson Thacher submits that the services for which it seeks compensation and

10  the expenditures for which it seeks reimbursement in this Fourth Interim and Final Application

11  were necessary for and beneficial to, among other things, the Board's and the Independent

12  Directors' exercise of their fiduciary duties, the need for the Board and Independent Directors to

13  continue receiving objective and independent legal advice, and the protection of their interests in

14  these unique and challenging circumstances.  Specifically, during the Fourth Interim

15  Compensation Period and the Total Compensation Period, Simpson Thacher has represented and

16  advised the Board and Independent Directors in connection with (i) these Chapter 11 Cases and

17  key aspects of the bankruptcy process, including the estimation of wildfire-related claims, the

18  restructuring settlements with subrogation claimholders and tort claimants, the obtaining of

19  backstop commitments and exit financing, discussions with the Governor's Office and the

20  analysis of various chapter 11 plan proposals; (ii) regulatory, judicial and other proceedings

21  concerning the conduct of the Debtors, the Board or the Independent Directors; (iii) derivative

22  shareholder and securities litigation and related issues; (iv) the exercise of the Board's and the

23  Independent Directors' fiduciary duties to the Debtors and their stakeholders; (v) director

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

24

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

1  liability and indemnification matters; (vi) director and officer compensation matters; and (vii)

2  general corporate governance matters applicable to the board of directors and management.

3  Additionally, during the Fourth Interim Compensation Period and the Total Compensation

4  Period, Simpson Thacher reviewed and advised on SEC disclosures; attended and provided legal

5  advice during in-person and telephonic board and committee meetings; reviewed and commented

6  on various pleadings and motions filed in connection with, among other things, the categories

7  listed in this paragraph 41, and advised the Board and Independent Directors on appropriate

8  courses of action; and drafted or participated in the drafting of all necessary motions,

9  applications, stipulations, orders, responses and other papers in support of the positions or

10  interests of the Board and Independent Directors.

11          42. Simpson Thacher not only has extensive experience in representing directors in

12  such complex situations, but it also had an established history with the Independent Directors

13  prior to the Petition Date regarding many of the matters referenced herein.  The compensation

14  and reimbursement requested herein are reasonable in light of the nature, extent and value of

15  such services to the Board and Independent Directors, and accordingly, should be approved and

16  allowed both for the Fourth Interim Compensation Period and for all fees and disbursements

17  requested in the First, Second, Third and Fourth Interim Applications (as reduced, as applicable

18  in the First, Second and Third Interim Approval Orders) for the Total Compensation Period on a

19  final basis.

20                    **The PERA Fee Objections Should be Overruled on a Final Basis**

21          43. PERA objected to $525,529 in fees reported in the Fourth, Fifth, Sixth and

22  Seventh Monthly Fee Statements primarily on the grounds that the disputed fees are for services

23  rendered to the Independent Directors in connection with the Securities Litigation and that the

25

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Debtors are not authorized to pay such fees under the Retention Order.  As a threshold matter, PERA is incorrect regarding the Retention Order, which expressly authorizes the Debtors to pay Simpson Thacher's fees for services rendered in connection with its representation of the Independent Directors in "ongoing litigation," which includes the Securities Litigation. Moreover, the PERA Fee Objections incorrectly classified many Simpson Thacher time entries as relating directly to the Securities Litigation.  Such fees were not Securities Litigation fees but rather fees for legal advice and analysis provided to the Board and Independent Directors regarding matters related to D&O Insurance and/or these Chapter 11 Cases.  Finally, Simpson Thacher addressed the prior PERA objections and requested that they be overruled on an interim basis in the Second and Third Interim Applications, which this Court approved on an interim basis on August 3, 2020 (via docket text order), which Simpson Thacher expects will be reflected in the Second and Third Interim Approval Orders that have been submitted to the Court but not yet entered as of the date hereof.  PERA did not respond to Simpson Thacher nor did it pursue its objections in connection with Simpson Thacher's request for interim approval of the fees and expenses set forth in the Fourth, Fifth, Sixth and Seventh Monthly Fee Statements.   For these reasons, Simpson Thacher requests that the PERA Fee Objections be overruled on a final basis.  If necessary, Simpson Thacher will file separate papers further responding to the PERA Fee Objections prior to any hearing on this Fourth Interim and Final Application and reserves all rights with respect thereto.

### Notice and Objections

44. Notice of this Application has been provided to parties in interest (the "**Notice Parties**") in accordance with the Interim Compensation Order, and a joint notice of hearing on this Application and other interim/final compensation applications will be filed as determined by

the Fee Examiner with this Court and served upon all parties that have requested notice in these chapter 11 cases pursuant to Bankruptcy Rule 2002.  Such notice is sufficient and no other or further notice need be provided.

45. In accordance with the Interim Compensation Order, responses and objections (by any party other than the Fee Examiner) to this Fourth Interim and Final Application, if any, must be filed and served on Simpson Thacher and the Notice Parties on or before 4:00 pm on the 20th day (or the next business day if such day is not a business day) following the date this Fourth Interim and Final Application is served.

## Conclusion

46. Simpson Thacher respectfully requests that the Court enter an Order (i) allowing on a final basis Simpson Thacher's (A) compensation for professional services rendered during the Total Compensation Period in the amount of $12,071,175.50, consisting of (x) $7,214,783.00 previously allowed on an interim basis and (y) $4,856,392.50 in undisputed fees requested in the Fourth Interim Application; and (B) reimbursement for actual and necessary costs and expenses incurred during the Total Compensation Period in the amount of $162,906.72, consisting of (x) $120,214.45 previously allowed on an interim basis and (y) $42,692.27 in expenses requested in the Fourth Interim Application; and (ii) granting such other and further relief and this Court deems just.

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

Dated: August 28, 2020

Respectfully submitted,


*/s/ Jonathan C. Sanders*
Nicholas Goldin
Kathrine A. McLendon
Jamie J. Fell

SIMPSON THACHER & BARTLETT LLP

*Counsel for the Board of Each of PG&E*
*Corporation and Pacific Gas and Electric*
*Company and for Certain Current and Former*
*Independent Directors*

28

1

**NOTICE PARTIES**

2

PG&E Corporation
c/o Pacific Gas & Electric Company

3

77 Beale Street
San Francisco, CA 94105

4

Attn: Janet Loduca, Esq.

5

Weil Gotshal & Manges
767 Fifth Avenue

6

New York, NY 10153-0119
Attn: Stephen Karotkin, Esq.,

7

Rachael Foust, Esq.

8

Keller & Benvenutti LLP
650 California Street, Suite 1900

9

San Francisco, CA 94108
Attn: Tobias S. Keller, Esq.,

10

Jane Kim, Esq.

11

The Office of the United States Trustee for Region 17
450 Golden Gate Avenue, 5th Floor, Suite #05-0153

12

San Francisco, CA 94102
Attn: James L. Snyder, Esq.,

13

Timothy Laffredi, Esq.

14

Milbank LLP
55 Hudson Yards

15

New York, NY 10001-2163
Attn: Dennis F. Dunne, Esq.,

16

Sam A. Khalil, Esq.

17

Milbank LLP
2029 Century Park East, 33rd Floor

18

Los Angeles, CA 90067
Attn: Paul S. Aronzon, Esq.,

19

Gregory A. Bray, Esq.,
Thomas R. Kreller, Esq.

20

21

Baker & Hostetler LLP
11601 Wilshire Boulevard, Suite 1400

22

Los Angeles, CA 90025-0509
Attn: Eric Sagerman, Esq.,
Cecily Dumas, Esq.

23

24

Bruce A. Markell
541 N. Fairbanks Court, Suite 2200

25

Chicago, IL 60611-3710
bamexampge@gmail.com

26

pge@legaldecoder.com
traceygallegos@gmail.com

27

28

Simpson Thacher & Bartlett LLP
425 Lexington Ave
New York, NY 10017

**Ex. D - 78**