GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DECLARATION OF SHAWNA PARKS IN SUPPORT OF PLAINTIFFS' MOTION FOR INTERIM ATTORNEYS' FEES AND COSTS**<br><br>Judge: Hon. Anthony J. Battaglia<br><br>Date: March 27, 2025<br>Time: 2:00 p.m.<br>Crtrm.: 4A |

[4641401.1]                                                                 Case No. 3:20-cv-00406-AJB-DDL
DECLARATION OF SHAWNA PARKS IN SUPPORT OF PLAINTIFFS' MOTION FOR INTERIM
ATTORNEYS' FEES AND COSTS

# DECLARATION OF SHAWNA PARKS

I, Shawna Parks, declare:

1. I am the Chief Litigation Officer at Disability Rights Advocates. I am a member of the State Bar of California and am admitted to practice in California courts as well as in the Northern District of California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts. This declaration is submitted in support of Plaintiffs' Motion for Interim Attorneys' Fees and Costs.

## Experience and Qualifications

2. I am a 1999 graduate of U.C. Berkeley School of Law, and a 1995 graduate of U.C. Berkeley. From 1999-2000 I was a Fulbright Scholar in Budapest, Hungary, where I researched a recently enacted nondiscrimination statute, worked on developing test litigation, and co-organized a conference of Eastern European disability rights advocates.

3. I have extensive expertise in the substantive areas of disability rights, civil rights and education, including special education. I have litigated numerous cases, including both class actions and individual cases, in these fields. I have particular experience litigating complex cases against public entities, most often with the goal of system reform, and those types of cases have represented the vast majority of cases during my career.

4. I am currently the Chief Litigation Officer at Disability Rights Advocates ("DRA"), a nonprofit organization that focuses on high-impact class action litigation to protect the civil rights of people with all kinds of disabilities throughout the nation. I am responsible for overseeing the organization's nationwide docket of impact litigation, and supervise lawyers throughout the country, including in our Berkeley, Chicago and New York offices.

5. From 2014 through January of 2024, I was the principal attorney at the Law Office of Shawna L. Parks. My firm litigated civil rights, disability rights, and

education cases. My caseload included both individual and impact cases. In private practice, I litigated individual cases that affected broad reform or that raised questions of first impression as well as engaged in class action litigation. I also continued to work extensively with low-income clients and communities, and regularly co-counseled with the legal nonprofit community.

6. From early 2012 through 2013 I was Director of Litigation at Disability Rights Advocates in Berkeley, California.

7. From 2005 through early 2012, I practiced at the Disability Rights Legal Center ("DRLC"), in Los Angeles, California, where I was Legal Director from 2009 through my departure. From 2007 through 2012, I was also an Adjunct Professor at Loyola Law School in Los Angeles, where I supervised DRLC's litigation clinical program and co-taught Loyola's Disability Rights and Special Education Law class.

8. In 2000, I was awarded an Equal Justice Works Fellow to work at Disability Rights Advocates from 2000 through 2003 to work on systemic disability rights advocacy. From 2003 through 2004 I was an associate at Schonbrun DeSimone Seplow Harris & Hoffman, where I worked primarily on race and gender discrimination employment cases.

9. I continue to regularly speak and teach on topics related to education, civil rights and disability rights. For example, I regularly speak on special education and/or disability discrimination topics at the Practicing Law Institute's "California Special Education Law." I presented at this conference in 2020, 2022 and 2023. I recently spoke as part of a panel on class action trial plans at the Impact Fund's Class Action Conference in February of 2023 and am slated to speak in 2025 on a panel at the annual national conference of the Council of Parent Attorneys and Advocates regarding developing class actions in the education field. I also guest lecture at local law schools, including most recently at Loyola' Law School's Juvenile Justice Clinic seminar.

10. I have received numerous awards for my work in the field. I am currently listed as a "Super Lawyer" in the field of civil rights. In 2018 I received an outstanding pro bono service award from the Disability Rights Legal Center for my continued work with the disability community. I have have twice been part of team nominees for Public Justice's Trial Attorney of the Year, including for my work on a class action addressing education in the San Bernardino Juvenile Halls, and most recently in 2017 for my work on a class action addressing physical inaccessibility for people with disabilities on Los Angeles' public rights of way. In 2016, I received the "Breaking Education Barriers Award," from the Learning Rights Law Center, for my cutting-edge work on education cases. I have twice been named a *California Lawyer* magazine Attorney of the Year, once in the field of juvenile law and once in the field of disability rights. I have twice been named one of the Top 100 Women Litigators in California by the Daily Journal.

11. From 2009 through 2012, I served as a Ninth Circuit Judicial Conference Lawyer Representative for the Central District. I am a member of the Disability Rights Bar Association ("DRBA") and am also a member of the attorney section of the California Association for Parent-Child Advocacy ("CAPCA").

12. During my career, I have been class counsel on numerous disability rights and special education cases. For example, I was lead trial counsel in *Brooklyn Center for Independence of Disabled, et al. v. Bloomberg*, 980 F.Supp. 2d 588 (S.D.N.Y. 2013) (trial decision) and 290 F.R.D. 409 (S.D.N.Y. 2012) (class certification decision), which was the first case of its kind to go to trial and addressed the failure of New York City to address the needs of its more than 900,000 people with disabilities in its large-scale disaster plans. The Court found against the City in November of 2013. The Yale Law Journal published an article on this case: Adrien A. Weibgen, *The Right to Be Rescued: Disability Justice in the Age of Disaster*, 124 Yale L.J. 2406 (2015).

13. I have been lead or co-lead class counsel on numerous other class

actions addressing disability rights and/or education, including: *Casey A. v. Gundry*, Case No. CV 10-00192 GHK (FMOx) (C.D. Cal.) (successfully settled class action addressing failure to provide education and special education to thousands of youth detained in Los Angeles County's largest juvenile detention camp); *CALIF, et al., v. City of Los Angeles, et al.*, 2011 WL 4595993 (C.D. Cal. 2011), Case No. 2:09-cv-00287-CBM-RZ (class action addressing failure to address the needs of people with disabilities in emergency plans of the City and County of Los Angeles; summary judgment granted in favor of plaintiffs against City, successful settlement with County); *Goldkorn v. County of San Bernardino*, Case No. 5:06-cv-00707-VAP (C.D. Cal.) (successfully settled class action addressing failure to provide physical and programmatic access to all courthouses in the San Bernardino court system); *Sengupta v. City of Monrovia, et al.*, Case No. CV 09-0795 ABC (JWJx) (C.D. Cal.) (successfully settled class action addressing failure to provide effective communication for people who are deaf and hard of hearing in field and jail settings by the Monrovia Police Department); *Lauderdale v. Long Beach Police Department,* Case No. CV 08-979 ABC (JWJx) (C.D. Cal.) (successfully settled class action addressing failure to provide effective communication for people who are deaf and hard of hearing in field and jail settings by the Long Beach Police Department); *Jackson, et al. v. California State University San Bernardino, et al.*, Case No. EDCV 05-1110 VAP (SGLx) (C.D. Cal.) (successfully settled class action on behalf of students with disabilities regarding systemic failure to provide accommodations and physical access on campus); *Valenzuela v. County of Los Angeles*, Case No. CV 02-9092 ABC (JWJx) (C.D. Cal.) (successfully settled class action addressing failure to provide effective communication for people who are deaf and hard of hearing in field and jail settings by Los Angeles County Sheriff's Department); *Munoz et al. v. Sacramento Council of Governments, et al.*, Case No. C-05-01525 JSW (N.D. Cal.) (successfully settled class action addressing communication access for people who are deaf at freeway call boxes).

14. I have been involved at various stages in additional class actions, including *Garcia v. Los Angeles Unified School District*, Case No. 09-8943 VBF (CTx) (C.D. Cal.) (class action addressing special education services for 18-22 year old men in Los Angeles County jail, involved at litigation and appellate stages); *Doe v. County of San Bernardino*, Case No. CV-02-962-SGL (C.D. Cal.) (class action addressing provision of education to youth detained in San Bernardino County juvenile halls, involved at settlement and monitoring stages); *Johnson v. County of Los Angeles*, Case No. CV 08-03515 DDP (SHx) (C.D. Cal.) (class action addressing conditions, accommodations and accessibility for inmates with physical disabilities in Los Angeles County jail, involved in litigation and settlement); *Willits v. City of Los Angeles*, Case No. CV 10-05782 CBM (RZx) (C.D. Cal.) (class action addressing physical access for people with mobility disabilities along public rights of way, settlement relief estimated to be $1 billion, involved in litigation); *Barden v. Sacramento*, 292 F.3d 1073 (9th Cir. 2002) (class action on question of first impression regarding physical access to public sidewalks, involved at litigation and appellate stages); *DCARA v. SFO*, Case No. C-02-1844 MEJ(EDL) (N.D. Cal.) (class action addressing communication access at San Francisco International Airport, involved in litigation and settlement); *Farrell v. Harper*, No. R603079344 (Alameda County Sup. Ct.) (taxpayer action addressing provision of services to youth with disabilities in the then-named California Youth Authority (now Division of Juvenile Justice), involved in litigation).

15. I have experience at the appellate level, particularly on education matters. For example, I was counsel on *D.D. v. Los Angeles Unified School District*, a case regarding exhaustion of administrative remedies in damages cases under the Americans with Disabilities Act, and argued the case during the Ninth Circuit *en banc* phase of the case. This case was heard by the Ninth Circuit (plaintiff prevailed), Ninth Circuit *en banc* (defendant prevailed), and finally resolved by the U.S. Supreme Court by an order vacating the *en banc* decision and remanding for

further consideration under recent Supreme Court caselaw (plaintiff prevailed). *D.D. v. Los Angeles Unified School District,* 143 S.Ct. 1081 (Mem) (2023) *vacating* 18 F.4th 1043 (9th Cir. 2021) (*en banc*).

16. I argued *Los Angeles Unified School District v. Garcia*, 741 F.3d 922 (9th Cir. 2014), at the Ninth Circuit Court of Appeal, addressing the question of first impression regarding the responsible education agency for young adults with special education needs in county jails. This was a companion matter to *Garcia v. Los Angeles Unified School District*, Case No. 09-8943 VBF (CTx), a class action that addressed the same issue.

17. I was co-counsel with Learning Rights Law Center and pro bono attorneys from Skadden Arps on *M.S. v. Los Angeles Unified School District*, 913 F.3d 1119 (9th Cir. 2019), which addressed a question of first impression regarding school district's obligations to provide the full continuum of placement options to foster youth who may also be placed in settings by county child protective services agencies. I also argued and prevailed at the Ninth Circuit in *A.P. v. Glendale Unified School District*, 2019 WL 2323805 (9th Cir., May 31, 2019) (addressing ability of underlying administrative settlement to waive damages claims in federal lawsuit without a minor's compromise).

18. Another example of my work in private practice includes *S.L. v. Downey Unified School District*, Case No. CV 13-6050 DDP(PJW) (C.D. Cal.), for which I was lead trial counsel, and which I litigated along with co-counsel Learning Rights Law Center and Wyner Law Offices. *S.L.* addressed the previously un-litigated question of what schools are required to do in order to train and prepare for a student with an uncontrolled seizure disorder, as well as related academic accommodations required in that setting. In that matter, we obtained summary judgment on liability, with the court finding that the District had failed to train and prepare its staff for how to respond to S.L.'s seizures throughout her freshman year of high school. That case resulted in a settlement of $900,000.

19. I was lead counsel in *D.W. v. Los Angeles Unified School District*, Case No. 2:16-cv-4527 PSG (JCx) (C.D. Cal.). That case addressed a school's systemic failure to provide accommodations and services to a young boy with Type I Diabetes and resulted in a settlement that provided damages to the Plaintiff as well as changes to district-wide policies related to provision of services to children with Diabetes in the Los Angeles Unified School District.

20. I served as lead counsel on *Jagielski-Bazzell, et al. v. Los Angeles Unified School District, et al.*, Case No. CV 15-02921 BRO (GJSx) (C.D. Cal.), in which I represented five Deaf staff at LAUSD's school for the deaf regarding allegations that the school failed to ensure effective communication in emergency planning, preparedness, and response. That precedent-setting settlement resulted in significant injunctive relief, including a new visual public announcement system at the school, that would generate visual notifications to deaf staff in emergencies, as well as damages to the five plaintiffs.

21. In my private practice I handled a number of administrative matters related to education. Many of these cases also involved overlapping traditional civil litigation. My work in the administrative field was mostly limited to questions of first impression and/or where significant wrongs have occurred with respect to addressing disability related behavior or police intervention. I often partnered with nonprofit agencies, such as Public Counsel, Disability Rights Legal Center, and Learning Rights Law Center, in these matters.

22. I was co-lead counsel in *Student v. Los Angeles Unified School District*, OAH Case No. 2014040246, decision dated May 22, 2014, that addressed a student with a disability's right to education after bringing a gun to school to defend himself from repeated criminal activity on the way home from school through his South Los Angeles neighborhood. The hearing officer overturned the school's expulsion addressing a question of first impression regarding the intersection of the Individuals with Disabilities Education Act and Gun Free Schools Act.

23. I have tried a number of administrative cases on behalf of low income, primarily Spanish speaking families in Oxnard, California. These cases all addressed, *inter alia*, the school district's failure to identify and evaluate students with disabilities for special education and needed services. We have prevailed on this question in every case. These include, *Student (I.G.) v. Oxnard School District*, OAH Case No. 2016091036 (decision dated May 12, 2017); and *Student (M.B.) v. Oxnard School District*, OAH Case No. 2016100009 (decision dated May 26, 2017); and *Student (J.R.) v. Oxnard School District*, OAH Case No. 20161000053 (decision by settlement, dated March 13, 2017); *Student (F.S.) v. Oxnard School District*, OAH Case No. 2018090070 (decision, dated November 13, 2018); and *Student (I.H.) v. Oxnard School District*, Case No. 2018080844 (decision, dated December 18, 2018). The rulings have resulted in hundreds of thousands of dollars' worth of educational services being provided to these students.

24. I also litigated a number of other administrative matters, including but not limited to, matters where the school police were called to respond to disability related behaviors of a six-year old, and where the school repeatedly failed to address extreme disability related behaviors of a seven-year old child, leading to multiple and extended physical restraints and seclusion.

25. In addition to the above, some further (non-class) examples of my work prior to my firm include *Woods v. Alexandria Housing Partners*, Case No. CV 07-08262MMM (JWJx) (C.D. Cal.) (multi-plaintiff case with $1 million settlement with broad injunctive relief addressing systemic failure to provide reasonable accommodations and habitable living conditions for very low income tenants with disabilities in a city redevelopment project; preliminary injunction issued ordering defendants to provide accommodations, habitable living conditions and relocation benefits, including for evicted tenants); *McFrazier Coffee v. Los Angeles Metropolitan Medical Center, Los Angeles* Sup. Court Case No. BC376737 (successfully settled case addressing need for effective communication for people

who are deaf or hard of hearing in critical mental health settings); *Park v. Anaheim Union High School District*, 464 F.3d 1025 (9th Cir. 2006) (successful petition for rehearing resulting in change of panel decision and determination that plaintiff was the prevailing party under Individuals with Disabilities Education Act); and *Keith H. v. Department of Children and Family Services*, 228 F.R.D. 652 (C.D. Cal. 2005) (successfully settled case of first impression regarding foster child regarded as having a disability and removed from mainstream education); rule making proceeding 01-05-047 at the California Public Utilities Commission during the 2001 energy crisis (representing needs of consumers on medical baseline energy program, and addressing elimination of barriers to that program, focusing on low income and non-English speaking populations).

26. I am currently litigating *J.R. v. Oxnard School District*, Case No. 2:17-cv-04304-JAK-FFM, a federal class action addressing the alleged systemic failure of the District to identify and evaluate students in need of special education services. Learning Rights Law Center and Vanaman German LLP are my co-counsel on that matter.

27. I am also currently supervising multiple impact cases in state and federal court including, but not limited to, *California Council of the Blind v. Weber*, Case No. 3:24-cv-01447-SK (N.D. Cal) (access to vote by mail system for people with print disabilities); *Trivette v. Tennessee Department of Corrections*, Case No. 3:20-cv-00276 (M.D. Tenn.) (effective communication for Deaf inmates in state corrections system); and *Taxis for All Campaign v. New York City Taxi and Limousine Commission*, Case No. 1:11-cv-00237-GBD (S.D.N.Y) (Accessibility of yellow cabs in New York).

### Billing Rate

28. As part of my practice, I monitor attorneys' rates throughout California. I do this because nearly all my work is comprised of fee shifting cases, and thus I need an appropriate basis for my own, and my co-counsel's, rates. I consult with

private plaintiffs' side firms and nonprofit organizations that engage in litigation and follow decisions regarding attorneys' fees.

29. My billing rate in 2025 is $1075. My rate in 2024 was $1,050.

30. My 2019 billing rate was $795. This 2019 rate was approved by the Magistrate Judge in *S.G. v. City of Los Angeles*, et al., Case 2:17-cv-09003-JAK-MRW. Although Defendant in that matter has filed objections to the Magistrate Judge's order on fees, those objections do not address counsels' rates. The District Court judge approved the fees as outlined in the Magistrate Judge's order in late 2024.

31. My 2017 rate of $745 was approved in the Central District on July 28, 2017 in *Garcia, et al. v. County of Los Angeles*, Case No. 2:09-cv-08943-DMG-SH. *Garcia* was a class action brought under the Individuals with Disabilities Education Act and related statutes, addressing a question of first impression – the right to special education for young adults (up to 22 years old) in county jails.

32. My 2016 litigation rate of $695 was approved in August of 2016 in *Willits, et al., v. City of Los Angeles*, Case No. 2:10-cv-05782-CBM-MRW. *Willits* was a class action addressing physical access along public rights of way in the City of Los Angeles.

33. My 2012 rate of $665 was also approved in *CALIF, et al., v. City of Los Angeles, et al.*, 2011 WL 4595993 (C.D. Cal. 2011), Case No. 2:09-cv-00287-CBM-RZ. *CALIF* was a class action addressing the needs of people with disabilities in large scale disaster plans.

34. My 2009 rate of $525 was approved in *Valentine v. Riverside Unified School District*, Consolidated Case Nos. ED CV 08-00503 SGL (Rx); ED CV 08-0511 SGL (RCx). *Valentine* was an individual special education matter, which was litigated in front of Judge Stephen Larson in Riverside. Judge Collins ruled on the fee motion after Judge Larson retired from the bench. Although the order itself does not reference my specific rate, my rate is included in the requesting motion. In fact,

in *Valentine*, Defendants did not contest my rate.

35. This same rate was also approved in a contested fee motion the Central District in *Lauderdale, et al. v. Long Beach Police Dept.*, CV 08-979 ABC (JWJx).

36. Similarly, DRA's rates have been approved in multiple cases. Cases in which courts have found DRA's standard hourly rates to be reasonable include the following:

    a. Most recently, DRA's 2024 rates were approved in the Southern District of California in *Bloom, et al. v. City of San Diego*, 17-cv-02324-AJB-DEB (S.D. Cal. Oct. 15, 2024) (Battaglia, J.). This included approval of a 1998 graduate at $1050, a 1999 graduate at $990, a 2017 graduate at $585, and a 2022 graduate at $440.

    b. *Navarro v. City of Mountain View*, No. 5:21-cv-05381-NC, Dkt. No. 137 at 6–8 (N.D. Cal. Feb. 28, 2023) (approving DRA's standard 2022 rates, including $280 for paralegals and law clerks, $490 for staff attorneys with 7 years' experience, $520 for a staff attorney with 9 years' experience, and $590 for a supervising attorney with 12 years' experience).

    c. *Liberty Res., Inc. v. City of Philadelphia*, No. CV 19-3846, 2023 WL 3204018, at *11 (E.D. Pa. May 1, 2023) (approving standard 2021 hourly rates, including $275 for paralegals, $455 for a staff attorney with seven years' experience, $475 for a senior staff attorney with 8 years' experience, and $815 for a director of litigation with 23 years' experience).

    d. *Roque v. Seattle Hous. Auth.*, No. 2:20-cv-00658-JRC, 2021 WL 9649847, at *3 (W.D. Wash. Sept. 28, 2021) (approving 2021 rates, including $445 for a staff attorney with 6 years' experience and $545 for a supervising attorney with 11 years' experience).

    e. *T.G. v. Kern Cnty.*, No. 1:18-cv-0257 JLT, 2020 WL 3035199, at *22 (E.D. Cal. June 5, 2020) (approving 2020 rates).

    f. *Adam X. v. New Jersey Dep't of Corr.*, No. CV 17-00188 (FLW)

1  (LHG), 2022 WL 621089, at *11 (D.N.J. Mar. 3, 2022) (approving 2020 rates,
2  including $425 for a staff attorney with 5 years' experience and $675 for a co-
3  director of litigation with 15 years' experience).
4        g.   *Cmty. Res. for Indep. Living v. Mobility Works of California,*
5  *LLC*, No. 18-cv-06012-JSW, 2020 WL 10505223, at *2 (N.D. Cal. May 22, 2020)
6  (approving 2020 rates, including $230 for litigation assistants, $275 for paralegals,
7  $425 for a staff attorney with 5 years' experience, and $525 for a supervising
8  attorney with 10 years' experience).
9        h.   *Nat'l Fed'n of the Blind of California v. Uber Techs., Inc.*, No.
10  3:14-cv-04086-NC, Dkt. No. 203 at 5 (N.D. Cal. Nov. 8, 2019). (approving 2019
11  rates of $230 for a litigation assistant, $275 for a paralegal, $470 for an attorney
12  with 7 years' experience, and $785 for an attorney with 21 years' experience)
13        i.   *Cole v. Cnty. of Santa Clara*, No. 5:16-cv-06594-LHK, Dkt. No.
14  86 at 3–4 (N.D. Cal. Mar. 21, 2019) (awarding 2018 rates of $230 for paralegals,
15  $425 for an attorney with 5 years' experience, $655 for an attorney with 13 years'
16  experience, and $775 for an attorney with 20 years' experience).
17        j.   *Ochoa v. City of Long Beach*, No. 2:14-cv-04307-DSF-FFM,
18  Amended Order Approving Class Action Settlement, (Dkt No. 175) (C.D. Cal. Oct.
19  17, 2017) (approving settlement of attorney's fees based on 2013-2017 rates);
20        k.   *Nat'l Fed'n of the Blind v. Uber Techs., Inc.*, 3:14-cv-04086 NC,
21  Dkt. Nos. 139, 144, 193 (N.D. Cal.) (approving DRA's 2016 rates);
22        l.   *G.F. v. Contra Costa Cty.*, No. 3:13-cv-03667-MEJ, Dkt. No.
23  307 (N.D. Cal. Nov. 25, 2015) (approving settlement fees based on 2014 rates);
24        m.   *Gray v. Golden Gate Nat'l Recreation Area*, No. 3:14-cv-00511,
25  Dkt. No. 26 at ¶ 3 (N.D. Cal. July 10, 2014) (finding either historic or current rates
26  reasonable, and approving negotiated fee amount in context of class settlement);
27        n.   *Cmtys. Actively Living Indep. & Free v. City & Cnty. of Los*
28  *Angeles*, No. 09-cv-00287-CBM-RZ, Order Granting Plaintiffs' Application for

Reasonable Attorneys' Fees and Costs (Dkt. No. 255) (C.D. Cal. Jun. 10, 2013) at ¶ 8 (finding 2012 rates reasonable);

      o.   *Californians for Disability Rights v. Cal. Dep't of Transp.*, No. C 06-5125 SBA, Dkt. Nos. 528, 529 (N.D. Cal.) (finding 2010 rates reasonable);

      p.   *Nat'l Fed'n of the Blind v. Target Corp.*, No. C 06-01802 MHP, 2009 WL 2390261 (N.D. Cal. Aug. 3, 2009) (finding 2008 rates reasonable).

**Rates Sought in this Matter**

37. I am very familiar with Rosen Bien Galvan & Grunfeld LLP and the attorneys who work there as well as the Law Office of Aaron J. Fischer. I know them to be exceptional attorneys and advocates who are thorough and skilled litigators. I know the quality of their work to be excellent.

38. I understand that RBGG and Mr. Fischer are seeking the following rates:[1]

| Timekeeper | Position | Law School Class | 2025 Rate |
|---|---|---|---|
| RBGG | | | |
| Sanford J. Rosen | Partner | 1962 | $1,625 |
| Gay C. Grunfeld | Partner | 1984 | $1,325 |
| Van Swearingen | Partner | 2008 | $975 |
| Michael Nunez | Senior Counsel | 2011 | $850 |
| Priyah Kaul | Senior Counsel | 2015 | $750 |
| Eric Monek Anderson | Associate | 2017 | $600 |
| Hannah Chartoff | Associate | 2018 | $575 |
| Ben Holston | Associate | 2021 | $500 |
| Ellinor Heywood | Paralegal | N/A | $350 |
| Kedra Chan | Paralegal | N/A | $350 |
| Lindsy Newfeld | Paralegal | N/A | $350 |

---

[1] I understand that DLA Piper is also co-counsel in this matter. I further understand that the attorneys at DLA Piper who are counsel on this matter are located in the San Diego market and have requested that the Court award their rates based solely on the San Diego market.

| Timekeeper | Position | Law School Class | 2025 Rate |
|---|---|---|---|
| **Law Office of Aaron J. Fischer** | | | |
| Aaron J. Fischer | Principal | 2006 | $900 |

39. In my experience and based on my review of rates in the area, these rates are well within expected rates of counsel with similar skill and experience. These rates are all in line with the rates I see in the Bay Area and Los Angeles, and are comparable to DRA's rates. In general, these rates seem very representative of rates charged on similar matters in this area.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Valencia, California this 30th day of January, 2025.

_____
Shawna L. Parks