GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO FILE MOTION TO STRIKE AND OBJECTIONS TO IMPROPER AND INADMISSIBLE EVIDENCE AND ARGUMENT IN DEFENDANTS' SUMMARY JUDGMENT REPLY**<br><br>Judge:   Hon. Anthony J. Battaglia |

Pursuant to this Court's Chambers Rules, Plaintiffs hereby submit this ex parte request for leave to file limited objections and a motion to strike improper and inadmissible evidence and argument submitted with Defendants' reply in support of their motion for partial summary judgment. In the alternative, Plaintiffs seek permission to file a sur-reply containing only the objections and motion to strike. Because Defendants included the objectionable and improper evidence with their reply, unless the Court grants Plaintiffs' ex parte motion, Plaintiffs have no opportunity to object to the evidence and the arguments that rest on the evidence. Accordingly, Plaintiffs seek leave to file limited objections and a motion to strike focused on the improper evidence. Plaintiffs' proposed objections and motion to strike are attached hereto as **Exhibit A** to the Declaration of Michael Freedman in Support of Plaintiffs' Ex Parte Motion for Leave to File Motion to Strike and Objections to Improper and Inadmissible Evidence and Argument in Defendants' Summary Judgment Reply ("Freedman Decl.").

Defendants filed a motion for partial summary judgment on December 16, 2024. Dkt. 782. The next day, the Court issued an order setting a briefing schedule and stating, "Sur-replies will not be accepted." Dkt. 783. After the Court modified the briefing schedule, Plaintiffs filed their opposition to the motion for partial summary judgment on January 21, 2025, Dkt. 796, and Defendants filed their reply on February 3, 2025, Dkt. 806 ("Reply"). With the Reply, Defendants submitted an appendix of evidence that consists of several declarations, including from fact witnesses, an expert witness, and an attorney.[1] Dkt. 806-1 ("Appendix"). The Appendix contains both inadmissible evidence and improper evidence submitted on reply, which is not responsive to any evidence or arguments made by Plaintiffs in opposition to Defendants' summary judgment motion. Specifically, the Appendix

---

[1] Defendants filed an amended attorney declaration on February 4, 2025, Dkt. 809, although they provided no information about changes to the declaration from the previously filed version.

contains: (1) a declaration from Dr. Jon Montgomery, a medical administrator at the Jail, Appendix 2, describing medical files that have not been attached as evidence; (2) a declaration from Sergeant Frank Burkey, Appendix 5, describing the contents of a surveillance video that has not been attached as evidence; (3) a declaration from Sergeant Arturo Bernal Perales, Appendix 7, raising new evidence not responsive to any evidence in Plaintiffs' opposition; (4) a declaration from Eunice Ramos, Appendix 8, which raises new evidence for an argument never raised in Defendants' motion; (5) another improper and untimely expert declaration from Defendants' expert Dr. Withrow, Appendix 9; and (6) an attorney declaration with improper argument and evidentiary objections, Appendix 10.

Plaintiffs seek to object to this improper evidence but lack a vehicle to do so under the Court's Chambers Rules.[2] Accordingly, Plaintiffs seek ex parte relief to file the objections and motion to strike attached as Exhibit A to the Freedman Declaration. In the alternative, Plaintiffs seek leave to file a sur-reply consisting only of the objections and motion to strike in Exhibit A. Courts, including in this district, regularly grant requests to object to or move to strike new evidence submitted with a reply brief. *See, e.g.*, *Cammarata v. Kelly Capital, LLC*, 339 F. Supp. 3d 1033, 1036 n.1 (S.D. Cal. 2018) (granting the plaintiffs' ex parte motion to strike new evidence in the defendants' summary judgment reply); *Champion-Cain v. MacDonald*, 2015 WL 5095949, at *1 (S.D. Cal. Aug. 27, 2015) (court permitted party to file objections to declarations submitted with the reply brief). *Do v. Tri City Healthcare Dist.*, 2020 WL 6484633, at *2 (S.D. Cal. Nov. 4, 2020) (granting party leave to file response to "new evidence" in the opposing party's reply brief, which included a declaration and its exhibits). Here, good cause exists to permit Plaintiffs to file their objections and motion to strike. Without relief, Plaintiffs have no

---

[2] Defendants declined to agree to a joint request. Freedman Decl., ¶¶ 3–4. Accordingly, Plaintiffs seek relief ex parte.

opportunity to object to or move to strike the improper reply evidence. Further, Plaintiffs' proposed objections and motion to strike are narrowly targeted to address only new evidence. Finally, permitting Plaintiffs to file the objections and motion to strike will not delay decision on Defendants' motion, as Plaintiffs are prepared to file their objections and motion to strike promptly upon a ruling from the Court and the hearing on Defendants' motion is not scheduled until March 27, 2025.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request leave to file their objections to Defendants' improper reply evidence and motion to strike, attached as Exhibit A to the Freedman Declaration.

DATED: February 10, 2025        Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Michael Freedman*
    Michael Freedman

Attorneys for Plaintiffs and the Certified Class and Subclasses