GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,

Defendants.

Case No. 3:20-cv-00406-AJB-DDL

**DECLARATION OF MICHAEL FREEDMAN IN SUPPORT OF PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO FILE MOTION TO STRIKE AND OBJECTIONS TO IMPROPER AND INADMISSIBLE EVIDENCE AND ARGUMENT IN DEFENDANTS' SUMMARY JUDGMENT REPLY**

Judge: Hon. Anthony J. Battaglia

I, Michael Freedman, declare:

1. I am an attorney duly admitted to practice before this Court. I am a Senior Counsel in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs and the Certified Class and Subclasses. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Ex Parte Motion for Leave to File Motion to Strike and Objections to Improper and Inadmissible Evidence and Argument in Defendants' Summary Judgment Reply.

2. Attached hereto as **Exhibit A** is Plaintiffs' proposed Motion to Strike and Objections to Improper and Inadmissible Evidence and Argument in Defendants' Summary Judgment Reply. Plaintiffs are prepared to file the Motion promptly if the Court grants Plaintiffs' request.

3. On February 7, 2025, I emailed counsel for Defendants to explain that Plaintiffs wished to file a motion to strike and objections to improper reply evidence. I asked Defendants whether they would agree to file a joint motion for leave for Plaintiffs to file such a motion to strike and objections. After defense counsel responded to my email, my colleague, Gay Grunfeld, offered to meet and confer with defense counsel regarding the request on Friday afternoon, over weekend, or Monday morning. As of the afternoon of Monday, February 10, 2025, Defendants' counsel have not responded to the email, or otherwise responded to Ms. Grunfeld's offer. A true and correct copy of the email exchange with defense counsel is attached hereto as **Exhibit B**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4. Based on the email exchange, it is my understanding that Defendants oppose Plaintiffs' request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at Needham, Massachusetts this 10th day of February, 2025.

*/s/ Michael Freedman*
Michael Freedman

# Exhibit A

GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,

Defendants.

Case No. 3:20-cv-00406-AJB-DDL

**PLAINTIFFS' MOTION TO STRIKE AND OBJECTIONS TO IMPROPER AND INADMISSIBLE EVIDENCE AND ARGUMENT IN DEFENDANTS' SUMMARY JUDGMENT REPLY**

Judge: Hon. Anthony J. Battaglia

Date: March 27, 2025
Time: 2:00 p.m.
Crtrm.: 4A

## INTRODUCTION

Plaintiffs hereby object to and move to strike certain evidence submitted with Defendants' reply in support of their motion for partial summary judgment. *See* Dkt. 806 & 806-1. The evidence discussed below is either improper evidence submitted for the first time in support of a reply brief or inadmissible under the Federal Rules of Evidence. Accordingly, Plaintiffs request that the Court strike or sustain Plaintiffs' objections to the evidence and not consider the evidence or any arguments that rest on the evidence.

## LEGAL STANDARD

Courts needs not consider arguments or evidence raised for the first time in a reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). It is "improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–95 (1990)); *Lewis v. Gotham Ins. Co.*, No. CIV. 09CV252 L POR, 2009 WL 3698028, at *1 (S.D. Cal. Nov. 5, 2009) ("It is improper for a moving party to introduce new facts … in the reply brief than those presented in the moving papers when those facts could have been presented in the opening brief." (quotation marks and citation omitted)); *see also Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[T]he district court should not consider" "new evidence … presented in a reply to a motion for summary judgment … without giving the non-movant an opportunity to respond."). Further, the Civil Local Rule 7.1(f)(2)(a) requires that a party must file with any motion "*all* documentary evidence … in support of the motion." S.D. Cal. Civ. L.R. 7.1(f)(2)(a) (emphasis added). The only appropriate evidence a party may submit with a reply brief is evidence that directly responds to evidence or arguments that the non-movant presents in opposition to the motion. *See Iconix, Inc. v. Tokuda*, 457 F. Supp. 2d 969, 976 (N.D. Cal. 2006). Where a party submits improper new evidence on reply, courts have discretion

either to strike the evidence and portions of the reply brief that present new material or consider the new material after affording the nonmoving party an opportunity to respond. *Nunez v. Alibaba Grp. (U.S.), Inc.*, No. 3:24-CV-090-JES-SBC, 2024 WL 4048875, at *4 (S.D. Cal. Sept. 4, 2024).

Lay witness declarations submitted with a summary judgment motion must: (1) be made on personal knowledge; (2) set forth facts that would be admissible in evidence; and (3) show the declarant is competent to testify to the matters stated. Fed. R. Civ. P. 56(c)(4). Hearsay evidence and matters not known to a declarant personally are inadmissible when included in a declaration. *Scosche Indus., Inc. v. Visor Gear Inc.*, 121 F.3d 675, 681 (9th Cir. 1997) ("hearsay evidence in Rule 56 affidavits is entitled to no weight") (cleaned up); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995) (declarations on "information and belief" entitled to "no weight" where declarant lacks personal knowledge). In addition, any document or evidence referred to in a declaration (if not physically attached) must be part of the record. Fed. R. Civ. P. 56(c)(1)(A); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (refusing to consider pages of evidence "not found … in the summary judgment record"); *Mahach-Watkins v. Depee*, No. C 05-1143 SI, 2006 WL 3041099, at *5 (N.D. Cal. Oct. 24, 2006) (striking declaration that describes but does not attach medical records).

## ARGUMENT

Defendants, with their reply brief, submitted substantial new evidence that is not responsive to any evidence or argument made by Plaintiffs in opposition and which Defendants could have submitted with their Motion. Plaintiffs respectfully request that the Court strike and refuse to consider this improper material, as Defendants have no justification for its untimely submission. Alternatively, Plaintiffs request an opportunity to respond to the material. In addition, Plaintiffs hereby object to the material submitted by Defendants that is inadmissible.

## I. DECLARATION OF DR. JON MONTGOMERY

In an effort to rebut evidence of poor medical treatment contained in declarations from class members Amie Stanley and Miguel Rosales and named Plaintiff James Clark, Dr. Montgomery describes at length information that he claims is contained in those individuals' medical files. Dkt. 806-1, App. 2. Dr. Montgomery did not, however, attach any of the medical files, nor did he testify from personal knowledge. Accordingly, all of his statements in paragraphs 4 to 25 of his declaration and Defendants' discussion of Dr. Montgomery's declaration (Dkt. 806 at 2:19–3:23) are improper and should therefore be stricken. *See* Fed. R. Civ. P. 56(c)(1)(A); *Fraser*, 342 F.3d at 1036; *Mahach-Watkins*, 2006 WL 3041099, at *5.

## II. DECLARATIONS OF SERGEANT FRANK BURKEY

Sgt. Burkey submitted a declaration in an attempt to rebut a declaration from Arameh Vartomian, an attorney for Plaintiffs, describing a 3.5 hour wait to conduct an attorney visit with a client. Dkt. 806-1, App. 5. In paragraphs 3 to 5 of the declaration, he describes what he claims is depicted on video recordings from the visiting area of the Vista Detention Facility; Sgt. Burkey has not submitted the video as evidence. *Id.* ¶¶ 3–5. Accordingly, this testimony is inadmissible because it is not based on personal knowledge and the evidence is neither attached to the declaration nor part of the record. *See* Fed. R. Civ. P. 56(c)(1)(A); *Fraser*, 342 F.3d at 1036; *Mahach-Watkins*, 2006 WL 3041099, at *5.

## III. DECLARATION OF SERGEANT ARTURO BERNAL PERALES

Sgt. Perales submitted a declaration explaining that Defendants purportedly provide incarcerated people with access to legal research through kiosks in housing units. Dkt. 806-1, App. 7, ¶¶ 2–4. Sgt. Perales, however, provides no information regarding when Defendants began offering this service. Defendants therefore have not established that they were unable to submit this evidence when they filed their Motion on December 18, 2024. Absent that explanation, this evidence should be

stricken as improper new evidence submitted for the first time on reply. *See Lewis*, 2009 WL 3698028, at *1.

## IV. DECLARATION OF EUNICE RAMOS

Ms. Ramos, the San Diego Sheriff's Office's Chief Financial Officer, submitted a declaration describing programs for which the Sheriff's Office receives funding from the State of California. Dkt. 806-1, App. 8. Defendants use this evidence in support of an argument, raised for the first time on reply, that the Sheriff's Department does not receive any state funding for its programs by which officers stop and arrest people, and that therefore Plaintiffs have failed to establish an element of their claim under California Government Code § 11135, which requires that a plaintiff demonstrate that the program or activity at issue is "funded directly by the state, or receives any financial assistance from the state." Cal. Gov't Code § 11135; *see* Dkt. 806 at 13–14 (citing Ramos Decl.).

Defendants could have raised, but did not, this argument and the evidence to support it in their Motion. Because of that failure, the Ramos Declaration and the arguments that rest on it (Dkt. 806 at 13:21–14:2, 14:15–17) should be stricken. *O'M & Assocs.*, 2011 WL 2160938, at *6; *Lewis*, 2009 WL 3698028, at *1.

## V. DECLARATION OF DR. BRIAN WITHROW

Dr. Withrow is Defendants' expert related to Plaintiffs' claims under Section 11135. Dr. Withrow submitted an untimely and improper expert declaration in support of Defendants' Motion, Dkt. 782-2, App. 11, that Plaintiffs have requested the Court strike. *See* Dkt. 796 at 3–7. Dr. Withrow's summary judgment declaration focused almost exclusively on rebutting the expert report of Plaintiffs' data expert, Dr. Matthew Ross. *See* Dkt. 782-2, App. 11. The summary judgment declaration was, however, untimely, as Defendants had an opportunity, but failed, to submit a rebuttal report to Dr. Ross's report by the rebuttal report deadline set by the Court. *See* Dkt. 796 at 4–5; Dkt. 796-1 ¶¶ 2–6. Out of an abundance of caution, Plaintiffs submitted a declaration from Dr. Ross in support of their opposition to

Defendants' Motion. Dkt. 796-14. The sole purpose of Dr. Ross's declaration (other than to authenticate and lay a foundation for his timely-filed expert report and rebuttal report) was to rebut Dr. Withrow's improper summary judgment declaration and the opinions contained therein, which Dr. Ross never had an opportunity to respond to at his deposition (as they were not presented until after Defendants deposed him) and about which Plaintiffs did not have an opportunity to depose Dr. Withrow. *Id.*

Now, Defendants have further flouted this Court's expert discovery deadlines by submitting another declaration from Dr. Withrow, Dkt. 806-1, App. 9, with Defendants' reply brief intended to rebut Dr. Ross's rebuttal of Dr. Withrow's summary judgment declaration (which, as discussed above, was an untimely rebuttal to Mr. Ross's original report). Plaintiffs respectfully request that the Court put an end to Dr. Withrow's continued attempts to submit untimely expert opinions. For the reasons set forth in Plaintiffs' Opposition to Defendants' Motion, Plaintiffs request that the Court strike Dr. Withrow's summary judgment declaration, Dkt. 782-2, App. 11, and his summary judgment reply declaration, Dkt. 806-1, App. 9, as untimely and unjustified expert reports. *See* Dkt. 796 at 6 (citing authority). Plaintiffs further request that the portions of Defendants' briefing that rests on those improper declarations from Dr. Withrow be stricken as well. *See* Dkt. 806 at 15:3–14; Dkt. 782-1 at 20:2–10, 30:27–31:13. If the Court grants this request, Plaintiffs do not object to the Court striking all paragraphs of Dr. Ross's summary judgment opposition declaration, with the exception of the paragraphs necessary to authenticate and lay a foundation for his timely filed expert report and rebuttal report. *See* Dkt. 796-14 ¶¶ 4–17 (paragraphs of Dr. Ross's declaration in opposition to Defendants' Motion that reply to Dr. Withrow's new opinions contained in Dr. Withrow's untimely summary judgment declaration).

**VI. DECLARATION OF SUSAN COLEMAN**

Ms. Coleman, one of Defendants' attorneys, submitted a declaration in

support of Defendants' reply brief, Dkt. 806-1, App. 10, then the following day submitted an Amended Declaration, Dkt. 809. Paragraphs 5 and 6 of her declaration contain argument about whether a party must file expert rebuttal reports and the importance of evidence regarding "the current status of the Jail conditions." Dkt. 809 ¶¶ 5–6. Both of these paragraphs are inadmissible because they consist of improper factual or legal argument that should have been included in Defendants' brief. *Fuchs v. State Farm. Gen. Ins. Co.*, 2017 WL 4679272, at *2 (C.D. Cal. Mar. 6, 2017) ("[C]ourts in this Circuit have stricken portions of declarations, as well as entire declarations where these contained improper argument that should have been included in the memorandum of points and authorities, rather than a declaration."). Paragraph 11 contains purported evidentiary objections to Exs. I, J, and X to the Declaration of Van Swearingen in support of Plaintiffs' opposition to Defendants' Motion. Dkt. 809 ¶ 11 (citing Dkt. 796-2, Exs. I, J, and X). This paragraph of Ms. Coleman's declaration should be stricken for the same reason the Court should strike Ms. Coleman's testimony discussed above and because it does not comply with this Court's Civil Case Procedures, which require that all objections to evidence be contained in a party's brief. *See* Hon. Anthony Battaglia Civil Case Procedures, § II.A ("***Objections relating to the motion should be set forth in the parties' opposition or reply. Separate statement of objections will NOT be allowed. The inclusion of objections does not expand the page limits set.***") (emphasis in original).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the aforementioned reasons, Plaintiffs respectfully request that the Court strike the improper reply evidence identified above and any portions of Defendants' reply brief that rest on that evidence or, in the alternative, provide Plaintiffs with an opportunity to respond to the evidence. In addition, Plaintiffs respectfully request that the Court sustain Plaintiffs' objections to the inadmissible evidence Defendants filed with their reply brief.

DATED: February 10, 2025

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: ______________________________
Michael Freedman

Attorneys for Plaintiffs and the Certified Class and Subclasses

# Exhibit B

**From:** Gay C. Grunfeld
**To:** Coleman, Susan E.; Michael Freedman; Pappy, Elizabeth M.
**Cc:** Van Swearingen; Eric Ho; Eric Monek Anderson; Hannah Chartoff
**Subject:** RE: Dunsmore: Leave to file objections to and motion to strike improper reply evidence and argument [IMAN-DMS.FID55015]
**Date:** Friday, February 7, 2025 4:25:53 PM

---

Dear Susan,

What would you like to meet and confer about? I am available now until 6 p.m., over the weekend, or first thing Monday. When shall we talk?

Thanks, Gay

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Coleman, Susan E. <SColeman@bwslaw.com>
**Sent:** Friday, February 7, 2025 3:57 PM
**To:** Michael Freedman <MFreedman@rbgg.com>; Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Eric Ho <EHo@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>
**Subject:** RE: Dunsmore: Leave to file objections to and motion to strike improper reply evidence and argument [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

You plan to seek leave to file objections in a separate document, in part to strike our objections in a declaration? This is somewhat ironic.

We are required to meet and confer about your request.

Susan

**Susan E. Coleman | Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
501 West Broadway - Suite 1600, San Diego, CA 92101
**D** 619.814.5803 | **O** 619.814.5800 | **F** 619.814.6799
scoleman@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



---

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Michael Freedman <MFreedman@rbgg.com>
**Sent:** Friday, February 7, 2025 3:53 PM
**To:** Coleman, Susan E. <SColeman@bwslaw.com>; Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Cc:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Eric Ho <EHo@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>
**Subject:** Dunsmore: Leave to file objections to and motion to strike improper reply evidence and argument [IMAN-DMS.FID55015]

**[EXTERNAL]**

---

Dear Counsel,

Plaintiffs intend to seek leave to file objections to and a motion to strike improper reply evidence and argument in Defendants' summary judgment reply brief and supporting papers. Will Defendants agree to a joint motion to allow Plaintiffs to file the objections and motion to strike? If not, Plaintiffs will proceed ex parte. Please let us know your position by Monday at noon.

We are planning to seek leave to object to or move to strike the following evidence and any arguments that rest on the evidence:

1. Montgomery Declaration ¶¶ 3-25 – These paragraphs, regarding the contents of class members' medical files that were not attached, are improper under FRCP 56(c)(4).
2. Burkey Declaration
    a. ¶¶ 3-5 – These paragraphs, which describe a surveillance video not submitted into evidence, are improper under FRCP 56(c)4).
    b. ¶ 7 – Hearsay regarding statements made to him by Ms. Gonzalez.
3. Gonzalez Declaration ¶ 3 – Hearsay regarding statements attorney Vartomian made to Ms. Gonzalez.
4. Perales Declaration – Improper reply evidence that Defendants could have submitted

with their MSJ.

5. Ramos Declaration – Improper reply evidence (submitted to support a new legal argument on reply) that Defendants could have submitted with their MSJ.
6. Withrow Declaration – Improper and untimely expert testimony submitted after the deadline for expert disclosures without any justification.
7. Coleman Declaration
    a. ¶¶ 5-6 – Improper factual and legal arguments that were required to be included in Defendants' reply brief.
    b. ¶ 11- Improper evidentiary objections that were required to be included in Defendants' reply brief.

Best,

Michael Freedman
Rosen Bien Galvan & Grunfeld LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
mfreedman@rbgg.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at mfreedman@rbgg.com.