Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Deann Rivard (SBN 177482)
drivard@bwslaw.com
Martin Kosla (SBN 247224)
E-mail: mkosla@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101-8474
Tel: 619.814.5800  Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300  Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' OPPOSITION TO PLTFS' EX PARTE FOR LEAVE TO FILE MOTION TO STRIKE AND OBJECTIONS TO IMPROPER AND INADMISSIBLE EVIDENCE AND ARGUMENT IN DEFENDANTS' SUMMARY JUDGMENT REPLY**<br><br>**DATE: March 27, 2025**<br>**TIME: 2:00 p.m.**<br>**CTRM: 4A**<br><br>Judge: Anthony J. Battaglia |

///

4905-1998-0822 v2

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

1    Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOS. TO PLTFS' EX PARTE
APPLICATION TO FILE MOTION TO STRIKE
AND EVIDENCE OBJECTIONS

Plaintiffs seek to submit a Sur-Reply in violation of this Court's order dated December 17, 2024 specifically disallowing the filing of Sur-replies. (Dkt. 782.) Plaintiffs allege they are now entitled to file a Motion to Strike and evidentiary objections because of "new" evidence and arguments in the reply. However, their assertion is meritless and the ex parte should be denied.

Defendants do not dispute that, "[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond." *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir.1990)." *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) But this is not the relief being requested by Plaintiffs. Instead of requesting to present evidence in response, they move to strike or object to the evidence submitted to correct inaccuracies in Plaintiffs' exhibits.

The Freedman declaration identifies the evidence as: Dr. Montgomery's declaration setting forth information derived from the medical records of Plaintiffs' declarants Stanley, Rosales and Clark; Sgt. Burkey's reply declaration setting forth information derived from surveillance video [and a log book] regarding Mr. Vartomian's visit to Vista Detention Facility as declared to by Mr. Vartomian; Sgt. Bernal Perales' declaration regarding the start of legal research via video at the San Diego County detention facilities which was made available after the filing of the motion; Ms. Ramos' declaration regarding the absence of State funding for policing programs; Dr. Withrow's declaration taking issue with Dr. Ross' accusations of "inaccuracies"; and Ms. Coleman's declaration challenging Plaintiffs' incorrect legal position regarding expert declarations and Rebuttal expert reports.

If any remedy is to be had, it is to provide Plaintiffs with the opportunity to submit evidence in response; for example, that legal research is not available to all Incarcerated Persons at the jails via kiosks, that the medical records of the three individuals do not say what Dr. Montgomery states, that the Sheriff's Office does in fact receive State Funding for policing programs, etc. This is not the remedy

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4905-1998-0822 v2

2

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOS. TO PLTFS' EX PARTE APPLICATION TO FILE MOTION TO STRIKE AND EVIDENCE OBJECTIONS

Plaintiffs want because there is no countervailing evidence. This is a bench trial seeking an injunction and Summary Adjudication is a highly appropriate and efficient mechanism for resolution of the matter, or portions thereof, giving both sides the opportunity to present their best evidence. Defendants have had no opposition to allowing Plaintiffs to submit rebuttal evidence; however, that was intentionally never requested. Plaintiffs have no interest in submitting new evidence and seek only to prolong the case as long as possible - regardless of the evidence.

Further, any such sur-reply evidence is unlikely to change the outcome of the motion, including the dueling experts. Presumably, Dr. Ross would respond with a declaration to the effect that Dr. Withrow has "inaccuracies" in his moving declaration. The Reply Memorandum of Points and Authorities does not mention the Withrow reply declaration, and a ruling on the motion is not dependent upon it. Rather, the legal argument appropriately focuses on the flawed methodology of Plaintiffs' evidence/expert and the inability to establish necessary elements of the claim. If Plaintiffs have evidence that the Sheriff's Office does receive State funding for policing programs which result in overrepresentation of minorities, there is no objection to them being allowed to submit such evidence. The three Incarcerated Persons and Mr. Vartomian can likewise submit declarations claiming that Dr. Montgomery falsely reported the information in their charts[1] and by Mr. Vartomian that the video evidence/declaration about his visit is false. This is what the law permits, and to which there is no objection. It will not change the outcome of the motion.

---

[1] Defendants can submit the CCTV footage if requested/permitted, and medical records of the declarants; however, they did not do so because it would have resulted in motions to file evidence under seal and the like, and because declarants provided no records or other support to their statements. Although he omitted the information, it is unlikely that Mr. Vartomian, as an officer of the court, would deny leaving for lunch during the time he attested he was "waiting" for a legal visit.

4905-1998-0822 v2

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

3

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOS. TO PLTFS' EX PARTE APPLICATION TO FILE MOTION TO STRIKE AND EVIDENCE OBJECTIONS

Plaintiffs also assert there are new legal arguments in the reply but fail to identify any such arguments. There is a statement in the Coleman declaration identified in the Freedman declaration to the effect that experts are not required to provide rebuttal reports to be able to submit declarations in support of a summary judgment motion. Ms. Coleman's statement does nothing more than mirror the evidentiary argument in the Reply MPA's addressing Plaintiffs' evidentiary objection in the Opposing MPA's. Accordingly, the Court should deny any request in the Ex Parte regarding Ms. Coleman's declaration and the proper legal argument in the Reply MPA's addressing an evidentiary objection by Plaintiffs.

Dated: February 12, 2025

BURKE, WILLIAMS & SORENSEN, LLP

By:     */s/ Susan E. Coleman*
Susan E. Coleman
Elizabeth M. Pappy
Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

4905-1998-0822 v2

4

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOS. TO PLTFS' EX PARTE APPLICATION TO FILE MOTION TO STRIKE AND EVIDENCE OBJECTIONS