Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Deann Rivard (SBN 177482)
drivard@bwslaw.com
Martin Kosla (SBN 247224)
E-mail: mkosla@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101-8474
Tel: 619.814.5800  Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300  Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' OPPOSITION TO PLTFS' MOTION FOR APPROVAL OF DISTRIBUTION METHOD FOR CLASS NOTICE**<br><br>**DATE:** March 27, 2025<br>**TIME:** 2:00 p.m.<br>**CTRM:** 4A<br><br>Judge: Anthony J. Battaglia |

///

## I. INTRODUCTION.

Plaintiffs seek an unreasonable and unnecessary distribution method for the Class Notice which is inconsistent with the Court's order regarding notice of class certification and unprecedented in cases Plaintiffs' counsel have been involved in and in case law regarding what constitutes reasonable notice under various circumstances including carceral settings. Plaintiffs' requested method of distribution should be denied and the Court should order that the Notice of Settlement be posted in the same method as the Class Notice and specifically that the notice may be posted on the video kiosk's available to every Incarcerated Person rather than hard copy postings.

## II. STATEMENT OF FACTS.

Plaintiffs and Defendants submitted a Joint Motion for Class Certification on October 23, 2023. (Dkt. 423) The Court approved Class Certification and the parties' agreed method of distribution of the Class Notice agreed to by the Parties and set forth in the moving papers.

". . . The Court **ORDERS** the following:

- Copies of the notice shall be posted throughout the Jails in English and Spanish;
- Defendant Sheriff's Department shall read the Class Notice to individuals who are illiterate or have a disability that may affect their ability to read the Notice . . ."

(Dkt. 435)

A copy of the proposed notice prepared by Plaintiffs' counsel was attached to the Joint Motion for Class Certification as Exhibit F. (Dkt. 423-2, page 41). Defendants did not have input into the font size chosen by Plaintiffs counsel. (Pappy Decl., ¶4) The font size is exactly the same in the Notice of Settlement Agreement attached to this motion. (Dkt. 792-2, page 87) (*Id.*) The notice was posted as required on November 21, 2023 with the same font chosen by Plaintiffs. (Pappy Decl., ¶4, Ex.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4905-1998-0822 v3

1

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOS. TO PLTFS' MOTION FOR APPROVAL OF DISTRIBUTION METHOD FOR CLASS NOTICE

A)

During expert inspections, Plaintiffs took photos of the posted notices which are on transparencies to allow for complete line of site into the housing modules and holding cells. Given the large number of required notices not just for this matter but also for various other State and Federal required notices including notices regarding PREA and Facility Rules, when put up on housing module windows to avoid frequent destruction by IP's, they are posted on transparencies. (Bernal Perales Decl., ¶¶3, 4)

The photos submitted by Plaintiffs are legible, in the font requested by Plaintiffs, and easy to read when standing in front of the notice as opposed to trying to read it from a photograph which naturally has glare. Submitted herewith are photos taken on February 13, 2025 which clearly illustrate the legibility of the notices on transparencies. (Bernal Perales Decl., Exs. A and B) Sgt. Bernal Perales was able to read them and defense counsel, Elizabeth Pappy was able to read them while standing in front of the notices. (Bernal Perales Decl., ¶6; Pappy Decl., ¶5)

Ms. Grunfeld's declaration states that she has observed the distribution plan process requested here in other cases. (Grunfeld Decl., ¶18) There is no other case identified except a jail one-fifth the size of the San Diego County jails in Santa Barbara County. (See, *infra*) In *Cole v. Santa Clara County*, 5:16-cv-06594-LHK, Ms. Grunfeld was one of the lead attorneys and the parties agreed to the following distribution plan:

"(1) posting notice in all intake, housing, and programming units of the Jails; (2) posting notice on Plaintiffs' Counsels' websites; and (3) posting notice on the television-notification system inside the Jails. All postings will be in accessible formats. The Parties will provide alternate format copies of the notice upon request. Notice will be posted/distributed by the Parties within twenty-one (21) days of the date of the Court's Order granting preliminary approval, and shall remain posted for no less than thirty (30) days."

4905-1998-0822 v3

2

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOS. TO PLTFS' MOTION FOR APPROVAL OF DISTRIBUTION METHOD FOR CLASS NOTICE

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

Pappy Decl., Ex. B.

The distribution requirements in *Hernandez v. County of Monterey* (N.D. Cal. No. cv-02354-PSG), another case where Ms. Grunfeld is lead counsel, provides for the following distribution plan:

> "(1) For the benefit of all class and sub-class members, written Notices shall be posted throughout the Monterey County Jail, in the same locations within the Jail that the Parties agreed class certification notices were to be placed.
>
> (2) Copies of the Settlement Agreement shall be available in the Jail library and made available to Jail inmates upon request. . ."

Pappy Decl., Ex. C.

On April 2, 2024, Plaintiffs' counsel sent a letter following expert inspections complaining about the legibility of the transparencies and the ability to read the notices taped to tables in Administrative Separation modules where Incarcerated Persons are severely restricted in their movements. Defendants suggested that the notices in the Administrative Separation modules be enlarged and put on poster boards so they could be read by individuals inside of the enclosed areas at any time. (Pappy Decl., ¶8) Copies of those poster boards with the notices as they exist on February 13, 2025 are attached to the declaration of Sgt. Bernal Perales. (Bernal Perales Decl., Ex. C) Plaintiffs agreed to the solution and the issue of the posters and the transparencies has never been raised again. (Pappy Decl., Ex. D)

The April 2nd letter complained that the font in the notices was "too small" and "illegible" and suggests that the County chose the font. The claims are meritless. The transparencies were created by copying the notice provided by Plaintiffs with the font chosen by Plaintiffs onto transparency paper and thus it is the same font. (Pappy Decl., ¶4) Taking a photograph of a window will and clearly does affect readability minimally as demonstrated by both Plaintiffs and Defendants' photos but even those photos taken by Plaintiffs' photographer make it clear that one can read the contents in the photo and even more so while standing in front of

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4905-1998-0822 v3

3

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOS. TO PLTFS' MOTION FOR APPROVAL OF DISTRIBUTION METHOD FOR CLASS NOTICE

the notice looking at it with the naked eye. (Grunfeld Decl., Exs. D and E; Bernal Perales Decl., Exs. A and B) Defense counsel, Elizabeth Pappy has seen the same notices and has had no trouble reading them with ease through clear glass. (Pappy Decl., ¶5) Defendants took photographs of the notices posted on module windows on February 13th demonstrating that they are legible to anyone standing in front of them. (Bernal Perales Decl., Exs. A and B)

Defendants detention facilities have working video kiosks in each housing module. (Bernal Perales Decl., ¶2, Ex. D) The kiosks allow posting of all manner of notices and can be programmed to require confirmation that a particular notice was reviewed upon use of the kiosk before the individual can proceed on through the system. (*Id.*) All Incarcerated Persons can access the kiosks regularly except the individuals in Administrative Separation who have limited access for safety reasons. (*Id.*) As Ms. Grunfeld's April 2, 2024 letter acknowledges, posting the notices in the video kiosks is a "good idea". Plaintiffs' proposed notice is 2 pages long and when the notices are posted they will be in English and Spanish and require four pages. (Grunfeld Decl., Ex. B)

III.   **DEFENDANTS DISTRIBUTION PROPOSAL**.

Defendants request that the Court order the Notice of Settlement be distributed as follows:

1) The Notices be posted for 30 days from approval;

2) Posting the proposed notice in English and Spanish on white paper above the fingerprint machine in Intake which is a location every Incarcerated Person passes through upon intake without exception;

3) Posting the proposed notice in English and Spanish in the video kiosks;

4) Posting the proposed notice on the poster board presently utilized for and in place of the Class Notice;

5) Providing a copy of the notice upon request made to the ADA Unit;

6) Having staff read the notice to an Incarcerated Person with a disability

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4905-1998-0822 v3

4

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOS. TO PLTFS' MOTION FOR APPROVAL OF DISTRIBUTION METHOD FOR CLASS NOTICE

which limits their ability to read the notice; and

7) The Court further authorize Defendants to remove the Class Notice which has been posted since November of 2023.

## IV. ARGUMENT.

Fed. R. Civ. P. 23(e)(B) requires the Court to direct that notice of a settlement be giving in a "reasonable manner" to all class members. The Class members at issue are Incarcerated Persons at San Diego County detention facilities. Plaintiffs seek unreasonable, expensive and unnecessary methods of providing notice to the class members that go above and beyond what was agreed to and ordered by the Court as part of the Class Certification Order. "Certification and settlement notices are subject to many of the same considerations". Manual for Complex Litigation, Fourth ("MCL 4th"), §21.311. "In general, settlement notices should be delivered or communicated to class members in the same manner as certification notices (see section 21.311). As with certification notices, individual notice is required, where practicable, in Rule 23(b)(3) actions. Posting notices and other information on the Internet, publishing short, attention-getting notices in newspapers and magazines, and issuing public service announcements may be viable substitutes for, or more often supplements to, individual notice if that is not reasonably practicable." MCL 4th §21.311. As the MCL points out, posting information on the internet (as opposed to the more direct method provided by the kiosks available here), has a decided advantage because,

> ". . . follow-up information can easily be added, and lists can be created to notify class members of changes that may occur during the litigation. Similarly, referring class members to an Internet site for further information can provide complete access to a wide range of information about a class settlement. Many courts include the Internet as a component of class certification and class settlement notice programs."

(*Id.*, p.288)

4905-1998-0822 v3    5    Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOS. TO PLTFS' MOTION FOR APPROVAL OF DISTRIBUTION METHOD FOR CLASS NOTICE

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

The benefits of placing the proposed Settlement Notice on a Kiosk in the carceral setting is a far superior option than distributing thousands of pieces of paper to every person who is booked at the jail and handed a piece of paper that they are unlikely to read under the circumstances surrounding their reason for being at the facilities and which may not be taken into a holding cell and must therefore be thrown away becoming unnecessary trash and waste. The facilities post numerous notices by transparencies on housing module windows as the Court can see from the photos placing the notice Plaintiffs want posted amount piles of other notices including those involving PREA and facility rules. It is unreasonable to suggest that an incarcerated person will be more likely to stand in one place and read all of the numerous notices posted on module glass walls vs. the individual being able to view it on a computer kiosk which contains numerous notices including the Class Notice in this case as well as a copy of the complaint while sitting with time to read it. Ms. Grunfeld's declaration proves the point at Paragraph 23 where she makes the hearsay statement that her clients told her they didn't know about the class action. Assuming the statement is accurate, it is a tacit admission that wall postings are ineffective. The notices were posted but all these people didn't know about the class action. She did not ask them if they had seen the notice or whether they had read any of the other notices posted on the housing module windows. It is well worth noting that Plaintiffs never filed a motion claiming that their clients were not getting proper notice and it goes without saying that with Plaintiffs' counsels depth of experience, if they thought there was an unresolved issue they would have filed a motion. Instead the Court is to rely on hearsay statements which establish no causal connection between the claimed ignorance of the lawsuit and the location or format of notices.

  There is nothing in the Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide submitted by Plaintiffs that mandates Plaintiffs' preferred method of notice and the vast majority of the guidance is

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4905-1998-0822 v3

6

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOS. TO PLTFS' MOTION FOR APPROVAL OF DISTRIBUTION METHOD FOR CLASS NOTICE

directed to non-carceral settings and thus inapplicable. The general notion of making sure notice is provided in the most likely way to provide notice is addressed by Defendants' proposed method and the insufficient evidence submitted by Plaintiffs cannot form the basis for the requested relief. The "Procedural Guidance for Class Action Settlements" proffered by Plaintiffs focuses on notice by U.S. mail, email and/or social media as preferrable methods of distribution. The reference tends to support the posting on the kiosks being superior to paper postings because we are largely an online population. As the Manual for Complex Litigation points out, computer posting is superior to paper notices which allows for modifications, confirmation of viewing by every person using the Kiosk, and there being no issues with legibility or availability because the notices are allegedly too small, too high, there is too much glare, or that they are continually be ripped down if located inside of modules.

Plaintiffs assert that they have been involved in other cases where the same distribution method requested here has been ordered. The claim is meritless. The only order they attach is for Santa Barbara County which does not require paper v. transparencies, only requires posting in housing and intake, that it will be read to those who are illiterate or have a disability, and a copy delivered to each prisoner, and that it must be provided as part of orientation materials. What Plaintiffs fail to mention is that Santa Barbara County Sheriff's Office averages about 33 to 34 intakes a day. https://www.sbsheriff.org/data-dashboard/ The daily population average is approximately 700 total. (*Id.*) San Diego County Sheriff's Office has 3962 people in custody as of February 13, 2025. https://apps.sdsheriff.net/Inmatepopulation/ CLERB reported 50,169 unduplicated bookings at San Diego County detention facilities in calendar year 2024 which amounts to more than 137 people coming through intake each day because the CLERB figure is "unduplicated" meaning more bookings took place but of the same persons over and over.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4905-1998-0822 v3

7

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOS. TO PLTFS' MOTION FOR APPROVAL OF DISTRIBUTION METHOD FOR CLASS NOTICE

www.sandiegocounty.gov/content/dam/sdc/clerb/meetings/2024/2024-10-02/SDSO%20Department%20Overview%20-%20CLERB%20100224.pdf San Diego County is not Santa Barbara County and what may be reasonable to provide notice in a facility that intakes 30+ people a day with a total population of 700 people does not equate to what is "reasonable" in San Diego County. Not surprisingly, Plaintiffs have failed to offer a single example of a jail system the size of San Diego County's where a Court has ordered the burdensome forms of notice Plaintiffs seek.

Plaintiffs seek notices on white paper in 16 pt. black font in hard copy in housing units, intake, holding cells and medical units, hard copies of the notice to every person who is booked into the jail for a month, notice on the video kiosks and read the notice to persons with disabilities who need the notice to be read to them. As pointed out above, Plaintiffs have never obtained a court order or a settlement with the requested broad and expensive scope of notices for a similar sized facility. In *Cole*, the Court ordered posting in intake, housing and programming units. There is no mention of holding or medical. The order also calls for posting notice on the television-notification system inside the Jails. There is no mention of kiosk posting which can be used and manipulated exclusively by the IP's. The Court also order the notice be posted for 4 weeks only. The order in *Hernandez* provides that written notices be posted "throughout the jail" in the same places as the class certification notices and that copies of the Settlement Agreement be made available in the library and upon request. There is no specific language regarding the form of the notices in terms of transparencies or white paper, or posting on a video kiosk or a window/wall. There is no mention of intake, holding, housing or medical.

Case law likewise does not support the broad and unnecessary notice requested by Plaintiffs. In *Casa Libre/Freedom House v. Mayorkas*, No. 2:22-CV-01510-ODW (JR), 2024 WL 4505447, at *7 (C.D. Cal. Oct. 16, 2024), non-citizen children eligible for foster care challenged a USCIS regulation that allowed
Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4905-1998-0822 v3

8

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOS. TO PLTFS' MOTION FOR APPROVAL OF DISTRIBUTION METHOD FOR CLASS NOTICE

suspension of the 180 time limit for adjudication of the minor applications, dragging them out. The Court stated, "[o]nce a court determines it is likely to approve a class settlement, it "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B)", and approved the posting on the USCIS website in English and in Spanish for at least twenty days and posting a copy on Class Counsel's website for the same duration, and found that under the circumstances of the case, this was reasonable notice for class members. (*Id.*) The provision of notice was required only on websites with no individual notice provided despite being able to identify applicants individually and/or their attorneys because Court cases had obviously been filed. The IP's in the case at hand are in one place but "individual notice" is fulfilled by posting notices in locations the IP's are most likely to encounter as evidenced in *Cole, Hernandez*, and the Class Notice in this case.

      In the carceral setting, the Court in *Young v. Cnty. of Contra Costa*, No. 20-CV-06848-NC, 2021 WL 783583, at *2 (N.D. Cal. Feb. 28, 2021), ordered the defendant to post a Class Notice in all housing units in the Jails and make the proposed Consent Decree and Remedial Plans available upon request. Again, the Court did not attempt to dictate the exact format of posting and only required posting in housing units, where every IP would always be located. In *Mitchell v. Cate*, No. 208CV01196TLNEFB, 2015 WL 5920755, at *2 (E.D. Cal. Oct. 8, 2015), the Class notice was ordered posted "where class members reside" and placed copies of the settlement agreement, order granting preliminary approval of the settlement, and the Plaintiffs' unopposed motion for attorneys' fees in prison libraries. (*Id.*) Again, nothing ordering a particular font, color of ink, type of paper or anywhere in the prisons except housing.

      Plaintiffs have offered no evidence that "reasonable" is defined under FRCP 23(e)(B) to include the expensive and unnecessary notice requested. The Court should grant Defendants' requested distribution plan.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4905-1998-0822 v3

9

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOS. TO PLTFS' MOTION FOR APPROVAL OF DISTRIBUTION METHOD FOR CLASS NOTICE

## V. CONCLUSION.

For the foregoing reasons, Defendants request that the Court order the following distribution plan:

1) The Notices be posted for 30 days from approval;

2) Posting the proposed notice in English and Spanish on white paper above the fingerprint machine in Intake;

3) Posting the proposed notice in English and Spanish in the video kiosks;

4) Posting the proposed notice on the poster board presently utilized for the Class Notice in Ad Sep in place of the Class Notice;

5) Providing a copy of the notice upon request made to the ADA Unit;

6) Having staff read the notice to an Incarcerated Person with a disability which limits their ability to read the notice; and

7) The Court further authorize Defendants to remove the Class Notice which has been posted since November of 2023.

Dated: February 14, 2025

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Elizabeth M. Pappy
Susan E. Coleman
Elizabeth M. Pappy
Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4905-1998-0822 v3

10

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOS. TO PLTFS' MOTION FOR APPROVAL OF DISTRIBUTION METHOD FOR CLASS NOTICE