GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PROPOSED NOTICE DISTRIBUTION PLAN FOR ADA SETTLEMENT**<br><br>Judge: Hon. Anthony J. Battaglia<br><br>Date: March 27, 2025<br>Time: 2:00 p.m.<br>Crtrm: 4A |

In support of the parties' joint motion for preliminary approval of the settlement resolving Plaintiffs' Third Claim for Relief ("ADA Settlement"), Plaintiffs proposed a straightforward, reasonable method of distributing notice of the ADA Settlement to the Disability Subclass. Dkt. 792-1 ("Mot.") at 10-12. Plaintiffs' notice plan is fully consistent with the requirements of Federal Rule of Civil Procedure 23(e) and similar to the Court-approved plan for the November 2023 class certification notice. Dkt. 435 at 9-11. Plaintiffs' notice plan includes modifications for the time-limited nature of the ADA Settlement Notice and to address problems that arose during distribution of the class certification notice.

Specifically, Plaintiffs request that the Court require the County to: (1) post the notice in English and Spanish on white paper and in 16-point black font throughout the jail, including in housing units, intake areas, holding cells, and medical units at least three feet above the floor; (2) provide a hard copy of the notice to every individual who enters the Jail; (3) provide the notice in English and Spanish on video kiosks in housing units; and (4) read the notice to incarcerated people who have a disability that may affect their ability to read the notice. Mot. at 11-12. The Settlement Notice would be time-limited and tied to the objection period leading up to the Fairness Hearing. *Id.* at 12.

Defendants do not contest the third and fourth aspects of Plaintiffs' proposed plan. However, Defendants (1) contend that they cannot post the notice on white paper, even though their own evidence shows they regularly do so; (2) claim that posting the notice on video kiosks and above the fingerprinting machine at intake would be sufficient, without legal or evidentiary support; (3) seek to avoid posting notice in holding cells despite keeping people in such cells; (4) attempt to post the notices for only 30 days even if the fairness hearing is held at a time later than 30 days from preliminary approval; and (5) remarkably, ask permission to take down the class certification notice even though the remainder of the claims in this case remain pending. Defendants fail to show that Plaintiffs' proposed notice plan is

unreasonable, or to provide an alternative notice plan that complies with Rule 23(e).

Plaintiffs respectfully ask the Court to approve their proposed notice plan. Plaintiffs also submit a proposed ADA Settlement Notice that has been revised to correct an error and to reflect that Plaintiffs' counsel filed their motion for attorneys' fees. Reply Declaration of Gay Crosthwait Grunfeld in Support of Proposed Notice Distribution Plan for ADA Settlement ("Grunfeld Reply Decl."), Ex. A.

## I. PLAINTIFFS' PROPOSED NOTICE PLAN IS REASONABLE

Under Federal Rule of Civil Procedure 23(e), the Court "must direct notice "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). This is distinct from class certification notice, which is discretionary (for such notice, "the court *may* direct appropriate notice to the class," Fed. R. Civ. P. 23(c)(2)(a)), and demonstrates the importance of notice to the class of a settlement under Rule 23(e). Settlement notices must "present information about a proposed settlement … simply, and understandably." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009).

Plaintiffs' settlement notice distribution plan requests specificity about the manner of posting notice throughout the jail in light of ongoing issues with the presentation and location of the class certification notices. Mot. at 11; Dkt. 792-2 at ¶¶ 19-25, Exs. C-F. Specifically, the Sheriff's Office posted and currently posts the class certification notices on transparent plastic, which renders the text very difficult to read—especially when subject to glare from housing unit lighting and posted low on the glass walls, often at foot level, and in a small font. *Id.* This photograph illustrates the concern about legibility of such notice:

/ / /
/ / /
/ / /
/ / /
/ / /



Dkt. 792-2, Ex. D-86.  Defendants do not dispute these basic facts.  *See* Dkt. 817-1, ¶ 5 (acknowledging that some transparencies were "placed lower").  When Plaintiffs' counsel previously objected to the legibility of the class certification notices, Defendants agreed to include the notices on "kiosks," which are video screens available in some housing units.  Dkt. 792-2, Ex. C-80.  This form of supplemental notice was appreciated but is not sufficient notice by itself.  *Id.* at ¶ 25.

To address the illegibility concerns and provide reasonable notice of the ADA Settlement to the Subclass as required by Rule 23(e), Plaintiffs request that the notice be posted on printed white paper, which contrasts well with black ink and is more readable than a transparency.  Defendants' own ADA Unit uses this format, as evidenced by the below photo depicting a notice the Sheriff's Office posted:



Dkt. 792-2, Ex. G-102.

Notice in black ink on white paper is the typical practice throughout jail and jail/prison class action cases, including in systems much larger than the San Diego County Jail. *See* Grunfeld Decl., ¶ 5; Reply Declaration of Aaron J. Fischer in Support of Proposed Notice Distribution Plan for ADA Settlement ("Fischer Decl."), ¶¶ 2, 4; Defendants' own evidence shows that the Sheriff's Office posts numerous notices in the Jail on white paper. Dkt. 817-7, Declaration of Sergeant Arturo Bernal Perales ("Perales Decl."), ¶ 5 & Ex. A.[1] And Defendants even

---

[1] Sergeant Perales states that he took photographs at "the detention facilities," Perales Decl., ¶ 6, but provides no information about which of the seven detention facilities the three photographs are from, or if they are from a single facility. Sergeant Perales otherwise identifies no personal knowledge to support his claims about notices across the jail system. This information in his declaration lacks

propose posting the ADA Settlement Notice "on white paper" in intake. Opp. at 4.

Defendants' primary argument in opposition is to claim that no court has ordered notice specifically on white paper.[2] However, the common practice is to post notices on white paper, precluding the need for such an order, and Defendants cite no cases involving notices on transparencies. The cases Defendants cite support Plaintiffs. In Santa Clara County, staff attested that the notice of settlement was "printed" on 14 inch by 20 inch paper. Grunfeld Reply Decl., Ex. B-5. That suggests it was on white paper and was large. In Monterey County, the notice of settlement was posted throughout the jail; mailed and hand-delivered to class members in county custody while housed in other locations, like hospitals; and posted on the sheriff's website. *Id.*, Ex. C-9-11. In *Young*, the Court approved a plan to "make the notice visible to all class members." *Id.*, Ex. D-52 (notice plan); *Young v. Cnty. of Contra Costa*, No. 20-cv-06848-NC, 2021 WL 783583, at *2 (N.D. Cal. Feb. 28, 2021) (approving notice plan). The county posted the *Young* notice on "bulletin boards," and thus not on transparencies. Grunfeld Reply Dec., Ex. E-59. As these cases and the federal and Northern District guidelines submitted with the Motion show (Dkt. 792-2, Exs. H, I), the key is to ensure that the ADA Settlement Notice is effective, that is to say reaches and is readable by the Subclass. Here, the Court should order black ink on white paper to ensure that, unlike the class certification notice, the ADA Settlement Notice is legible, especially given the more stringent notice requirements of Rule 23(e).[3]

Defendants' other arguments lack merit. Although Defendants appear to

---

foundation under Federal Rule of Evidence 901 and should be excluded.

[2] Defendants also incorrectly claim that the proposed Settlement Notice is in 14-point font. It is and has always been in 16-point font. Grunfeld Reply Decl., ¶ 3.

[3] The other case Defendants cite is not applicable because, as they acknowledge, the class was not incarcerated. *Casa Libre/Freedom House v. Mayorkas,* No. 2:22-CV-01510-ODW (JR), 2024 WL 4505447 (C.D. Cal. Oct. 16, 2024).

suggest that posting a paper notice is unreasonable because such notices are torn down, Sergeant Perales acknowledges that notices that benefit incarcerated people "tend not to be torn down." Perales Decl., ¶ 5. In jointly moving for preliminary approval, both parties agree that the proposed ADA Settlement benefits the Subclass. *See* Mot. at 9. Finally, Defendants claim that Plaintiffs' notice plan is "expensive," Opp. at 9, but provide no evidence that printing notices to hand to newly arriving arrestees and replacement sheets during the short period the notices will be up—if any notices are torn down—imposes any financial burden. The parties have invested substantial resources in reaching the ADA Settlement. It is now essential to get the settlement notice procedures right.

## II. DEFENDANTS' PROPOSED NOTICE PLAN IS UNREASONABLE

Defendants' proposed notice plan is unreasonable under Rule 23(e).

### A. The Video Kiosks Can Supplement – Not Replace – Notice Posted Throughout the Jails

After Plaintiffs raised concerns about the legibility of the notices on transparencies, Defendants offered to place the class certification notice on video kiosks as a *supplement* to the physical notices posted throughout the Jail. *See* Dkt. 792-2, Ex. C-80. Plaintiffs propose the same approach for the Settlement Notice—kiosks as supplemental notice. *See* Mot. at 11.[4]

In opposition, Defendants argue for providing notice in housing units solely through video kiosks. Opp. at 4. However, Defendants provide no information about how many, if any, video kiosks are in each housing unit and how long the waiting times are to use such kiosks. Sergeant Perales's declaration *avoids* saying that every housing unit in the Jail facilities contains a video kiosk, which suggests

---

[4] Whether Plaintiffs filed a motion related to Defendants' distribution of the Rule 23(b) class certification notice has no bearing on the ADA Settlement Notice. The Court and the parties must account for the circumstance and needs of the present stage of the case, including the fact that Rule 23(e) (settlement notice) requires notice, while Rule 23(b)(2) (class certification notice) does not.

that they do not. And Defendants cite no court order approving notice to a class of incarcerated people solely via video kiosks. In the Contra Costa County jail case, which Defendants cite, the County provided notice of the settlement on bulletin boards in housing units and, *in addition*, made further documents like the full consent decree and remedial plans in that case available on kiosks. Grunfeld Decl., Ex. E-59; *accord* Fischer Decl., ¶ 3 (describing use of electronic devices in other cases to supplement physical notice).

Nor do Defendants offer evidence that the video kiosks provide sufficient notice. Defendants provide no data about how many incarcerated people have actually viewed the class certification notice in this case on a kiosk, or viewed any other notice on a kiosk. Defendants seem to recognize the need for a hard-copy-plus-electronic-kiosk approach to important notices. Sergeant Perales's declaration shows that the Sheriff's Office posts other notices like bail bonds lists on paper *and* on the video kiosks. *See* Perales Decl., ¶ 5 & Ex. D.

Available evidence suggests that access to video kiosks are limited, and that it is far from guaranteed that any Subclass member could or would access the video kiosks and click on the notice tab during the short notice period. Housing units can contain in excess of one hundred individuals who have to share limited kiosk access (where kiosks are available at all). Grunfeld Reply Decl., ¶ 9. Even if a person accesses such a kiosk, the kiosk lists the class certification notice as "Dunsmore Class Notice" alongside 13 other tabs. It is unclear if an incarcerated person would understand who "Dunsmore" is or what a "class notice" is, and why they would know to click on this, as this photograph illustrates:



Perales Decl., Ex. D. Based on that limited information, it is unlikely a person with limited video kiosk time would choose to click on the link to read the class notice. Defendants fail to provide evidentiary or legal support for their proposal to have kiosks serve as the principal notice mechanism for the ADA Settlement Notice.

**B.     The ADA Settlement Notice Must Be Posted in Holding Cells**

The class certification notice posted throughout the Jail is posted in holding cells. *See* Dkt. 792-2, ¶ 20 & Ex. D-84. Defendants seek to limit distribution of the ADA Settlement Notice by including no notice in holding cells. *See* Opp. at 4-5 (no provision for notice in holding cells). Yet the proposed ADA Settlement contains specific provisions related to people in holding cells. *See, e.g.*, Dkt. 792-2, Ex. A at ¶¶ 70, 103, 119. Incarcerated people with disabilities are members of the Subclass as soon as they step into the Jail, including in holding cells, and thus deserve notice of the settlement as well. *See id.* at ¶ 3 (defining Subclass).

Finally, Defendants misread the *Mitchell* case. Opp. at 9. The language

Defendants omit makes clear that the court ordered notice "in all of CDCR's prisons where class members reside," and the case did not address the sufficiency of posting notice only in housing, as Defendants claim. *Mitchell v. Cate*, No. 2:08-cv-01196-TLN-EFB, 2015 WL 5920755, at *2 (E.D. Cal. Oct. 8, 2015). The Court should make clear that Defendants must post the ADA Settlement Notice in holding cells, as they have been required to do for the class certification notice.

### C. Defendants Provide No Evidence or Argument About Their Proposed Posting of the ADA Settlement Notice in Intake

Defendants ask the Court to order that the notice be posted "in English and Spanish on white paper above the fingerprint machine which is a location every Incarcerated Person passes through upon intake without exception." Opp. at 4. This appears to respond to Plaintiffs' request that the Sheriff's Office hand the notice to every incarcerated person who enters the Jail. *See* Mot. at 11.[5] Defendants claim (without evidentiary support, despite having a staff declaration) that the hard copy notice handout is unreasonable because incarcerated people cannot take paper into a holding cell. Opp. at 6. If that is true, Plaintiffs propose providing the notice to incarcerated people when they receive and are able to keep other orientation materials, such as the facility handbook. Regardless, Defendants' proposal to post a notice above the fingerprint machine is unsupported by any evidence to demonstrate that it is a reasonable alternative. A person may not be in a state to read and understand a notice at intake, particularly while staff are attempting to move the person through fingerprinting expeditiously to other aspects of the booking process. Grunfeld Reply Decl., ¶ 10. Further, the ADA Settlement Notice includes detailed information about the process for submitting comments or objections to the Court and the means to contact Class Counsel; no person can memorize that information while they are being moved through the fingerprint process.

---

[5] Defendants do not address the case cited in the Motion at 11, *Nunez v. City of N.Y.*, No. 11 CIV. 5845 LTS JCF, 2013 WL 765132, at *2 (S.D.N.Y. Feb. 28, 2013).

### D. The Notice Should Be Posted Until the Fairness Hearing

Without explanation, Defendants ask the Court to order the ADA Settlement Notice to be posted for only 30 days from preliminary approval. *See* Opp. at 4. Plaintiffs agree that the ADA Settlement Notice should be posted for only a limited period, but that period should be dependent on when the Court requires class members to submit any objections and when the Court holds the Fairness Hearing.

### III. THE REQUEST TO REMOVE THE CLASS CERTIFICATION NOTICE IS INAPPROPRIATE AND SHOULD BE DENIED

Defendants' opposition includes a request that the Court "authorize Defendants to remove the class certification notice, which has been posted since November of 2023" and also replace the class notice in a segregation unit. Opp. at 4-5. As a threshold matter, there is no motion for relief from the class certification notice plan ordered by the Court now pending, so Defendants' request is procedurally deficient. Nor do Defendants provide any argument to support this request. Removing the class certification notice is inappropriate because this notice informs all Class members that the Court certified a Class and Subclasses related to eight claims against Defendants. *See* Dkt. 423-2, Ex. F-30-31 (class certification notice approved by Court). The proposed ADA Settlement resolves only one of those eight claims and only for one Subclass. The remaining seven claims are being actively litigated, with trial approaching, and Class members and members of the other Subclasses deserve appropriate notice of the litigation and the ability to contact Class Counsel. The Court should not entertain Defendants' unsupported request to remove such notice at this stage of the case.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask the Court to approve Plaintiffs' proposed notice distribution plan. Plaintiffs also ask that the Court, as part any order directing distribution of notice, order Defendants to file a declaration confirming compliance with the notice distribution plan.

| | |
|---|---|
| DATED: February 21, 2025 | Respectfully submitted, |
| | ROSEN BIEN GALVAN & GRUNFELD LLP |
| | By: */s/ Gay Crosthwait Grunfeld* |
| |      Gay Crosthwait Grunfeld |
| | Attorneys for Plaintiffs and the Certified Class and Subclasses |