UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>                                     Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>                                     Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**(Doc. No. 797)** |

On January 21, 2025, Plaintiffs filed the instant motion to file under seal documents filed in support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment. (Doc. No. 797.) On February 7, 2025, Defendants filed a Notice of Non-

1

Opposition. (Doc. No. 811.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the papers and without oral argument. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion.

## I.   LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). The court must consider these interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (internal quotations omitted).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in

disclosure and justify sealing court records exists when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

## II. DISCUSSION

Plaintiffs move to seal certain information that Defendants designated confidential and that remains confidential under the protective order after Magistrate Judge Leshner's December 18, 2024 Order granting in part and denying in part Defendants' motion to maintain confidentiality ("December 18 Order"). (*See* Doc. No. 785.) Plaintiffs move to seal information consistent with that order. (Doc. No. 797 at 3.) Plaintiffs also move to seal certain information that third party NaphCare has designated confidential in this case. (*Id.*)

Plaintiffs move to seal portions of the following documents:

- The Rule 26 report and rebuttal report of Pablo Stewart, M.D. (Exs. 1–2 to the Declaration of Pablo Stewart, M.D.);
- The Rule 26 report and rebuttal report of Dr. Jeffrey Keller (Exs. 1–2 to the Declaration of Dr. Jeffrey Keller);
- The Rule 26 report and rebuttal report of Dr. Jay Shulman (Exs. 1–2 to the Declaration of Dr. Jay Shulman);
- The Rule 26 report and rebuttal report of Dr. Kelly Ramsey (Exs. 1–2 to the Declaration of Dr. Kelly Ramsey);
- The Rule 26 report of Gary Raney (Ex. 1 to the Declaration of Gary Raney);
- The Rule 26 report of James Austin, Ph.D (Ex. 1 to the Declaration of James Austin, Ph.D);
- The Rule 26 report of Debra Graham (Ex. 1 to the Declaration of Debra Graham);

- The Rule 26 report of Karen Snell (Ex. 1 to the Declaration of Karen Snell);
- The Rule 26 report and rebuttal report of Paul Parker (Exs. 1–2 to the Declaration of Paul Parker).

(Doc. No. 797 at 3.) Plaintiffs argue compelling reasons exist to grant their request as their request to seal is narrowly tailored, and the materials they wish to seal contain individual patient identification information of non-class representatives, sensitive medical information, confidential reports, diagrams of the Jail facilities' layouts, and the personal addresses and phone numbers of Plaintiffs' experts. (*Id.* at 5–7.)

Because a motion for summary judgment is more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant the motion to seal. *See Ctr. for Auto Safety*, 809 F.3d at 1099–1102.

First, Plaintiffs move to file under seal individual patient identification information of non-class representatives in Plaintiffs' expert reports, including names, jail booking numbers, specific dates of care, and ages. (Doc. No. 797 at 5–6.) Second, with respect to people who have died at the Jail, Plaintiffs move to file under seal limited medical information about those decedents that is unrelated to their deaths. (*Id.* at 6.) Plaintiffs also move to seal information in documents designated confidential by third-party NaphCare, which primarily includes medical information about decedents that is unrelated to their deaths, in certain death summaries prepared by NaphCare. (*Id.* at 7.) Plaintiffs also move to seal "other information that NaphCare has designated as confidential." (*Id.*)

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason" for sealing records. *See, e.g.*, *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *n.1 (N.D. Cal. Jan. 10, 2011). However, while the Court recognizes that medical privacy is a compelling reason to warrant sealing, the Court also recognizes that the presumptive public right of access addressed in *Kamakana* requires redaction of only those portions of the motions which warrant sealing. *See Bovier v. Bridgepoint Educ./Ashford Univ.*, Case No.: 3:17-cv-01052-GPC-JMA, 2018 WL 11411260, at *2 (S.D. Cal. June 27, 2018). The "compelling reasons"

4

rule requires the parties to "narrowly tailor[] their request to redact only the portions of the filings and the precise exhibits" that are deemed confidential. *See In Re Qualcomm Litig.*, No. 17-cv-108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal, Nov. 8, 2017).

For these reasons, the Court agrees with Plaintiffs and the December 18 Order. The exhibits at issue make direct references to Plaintiffs' names and other identifying information from medical records, including information about people who have died at the jail that is unrelated to their deaths. Release of this information to the public could potentially embarrass or injure Plaintiffs. Moreover, balancing the need for the public's access to information regarding the provision of medical care at the jails weighs strongly in favor of sealing. Thus, the Court **GRANTS** the motion to seal pertaining to the limited medical and patient identification information identified above.

However, as to "other information that NaphCare has designated as confidential[,]" the Court finds this request does not comply with the Civil Case Procedures of the Honorable Anthony J. Battaglia, U.S. District Judge, nor the law of this Circuit, which require the party moving for a sealing order to make a particularized showing of compelling reasons—supported by factual evidence—that outweigh the strong presumption of access. *See Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 586 (N.D. Cal. 2020); J. Battaglia Civ. Case Proc. § IV.3. Accordingly, the Court **DENIES** the motion to seal information that NaphCare has designated as "confidential" that falls outside of the categories to which the instant motion to seal is granted.

Next, Plaintiffs move to file under seal information in the expert reports derived from the Sheriff's Office's Critical Incident Review Board ("CIRB") reports. (Doc. No. 797 at 6.) Plaintiffs note Judge Leshner's December 18 Order held that, pending the Ninth Circuit's opinion in a case addressing CIRB reports, the parties must continue to treat the CIRB reports as confidential. (*Id.*) Recently, in *Greer v. County of San Diego*, No. 23-55607, 2025 WL 441836, --- F.4th ---- (9th Cir. Feb. 10, 2025), the Ninth Circuit found the CIRB reports before it were protected by the attorney-client privilege. However, the Ninth Circuit did not make a general holding that *all* CIRB reports meet the criteria for

attorney-client privilege. Accordingly, the Court **DENIES** the motion to seal the CIRB reports without prejudice. The Court **ORDERS** the parties to contact the chambers of Judge Leshner, so that Judge Leshner may conduct an *in camera* review of the CIRB reports at issue to determine whether the attorney-client privilege applies, following *Greer*.

Plaintiffs also move to file under seal diagrams of the Jail facilities' layouts, asserting compelling reasons exist to seal this information to protect the safety and security of the jail facilities. (Doc. No. 797 at 6.) The Court agrees and finds that these security concerns outweigh the benefit of public disclosure. *See Ortiz v. City & Cnty. of S.F.*, No. 18-cv-07727-HSG, 2020 WL 2793615, at *8 (N.D. Cal. May 29, 2020) (granting motion to seal copies of jail surveillance video from the county jail). Accordingly, the motion to seal diagrams of the Jail facilities' layouts is **GRANTED**.

Finally, Plaintiffs move to seal the personal addresses and phone numbers of Plaintiffs' experts. (Doc. No. 797 at 7.) The Court finds compelling reasons exist to seal this information to protect the individual privacy of the retained experts in this case. The motion to seal Plaintiffs' experts' personal addresses and phone numbers is **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 24, 2025

Hon. Anthony J. Battaglia
United States District Judge