UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,

              Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,

              Defendants.

Case No.:  20-cv-00406-AJB-DDL

**ORDER ON PLAINTIFFS' EX PARTE MOTION**

**(Doc. No. 815)**

Presently pending before the Court is Plaintiffs' *ex parte* application for leave to file limited objections and a motion to strike improper evidence and argument submitted with Defendants' Reply in Support of their Motion for Partial Summary Judgment. (Doc. No. 815.) In the alternative, Plaintiffs seek permission to file a sur-reply containing only the objections and motion to strike. (*Id.*) As part of their Reply in Support of their Motion for Partial Summary Judgment, Defendants filed an appendix including 10 supporting

1

declarations, many including exhibits. (*See generally* Doc. No. 806-1.)

Plaintiffs move to strike the following: (1) paragraphs 4 to 25 of Dr. Jon Montgomery's declaration, which describes medical files that have not been attached as evidence, (Doc. No. 806-1, Appendix ("App.") 2)); (2) paragraphs 3 to 5 of Sergeant Frank Burkey's declaration, describing the contents of a surveillance video that has not been attached as evidence, (Doc. No. 806-1, App. 5); (3) paragraphs 2 to 4 of Sergeant Arturo Bernal Perales's declaration, raising new evidence not responsive to evidence in Plaintiffs' opposition, (Doc. No. 806-1, App. 7); (4) the declaration of Eunice Ramos, which raises new evidence for an argument never raised in Defendants' motion, (Doc. No. 806-1, App. 8); (5) the declaration of Dr. Brian Withrow, an improper and untimely expert declaration, (Doc. No. 806-1, App. 9); and (6) paragraphs 5 to 6 of Susan Coleman's amended declaration, an attorney declaration with improper argument and evidentiary objections, (Doc. No. 809). (Doc. No. 815 at 2–3.) In support, Plaintiffs argue these declarations are either improper evidence submitted for the first time in support of a reply brief or are inadmissible under the Federal Rules of Evidence. (Doc. No. 815 at 2–3.) For example, Defendants rely upon the Declaration of Sergeant Bernal Perales and newly assert in their Reply that they "are currently providing legal research access to ***all*** [***incarcerated persons***] through facility kiosks." (Doc. No. 806 at 18 (citing Doc. No. 806-1 at 72, ¶¶ 2–4).) However, this fact was not asserted in Defendants' Motion for Partial Summary Judgment. (*See generally* Doc. No. 782.) Similarly, Defendants, relying on the Declaration of Eunice Ramos, newly contend that the County's "program, to wit, policing in stopping and arresting people, is not funded by and does not receive any financial assistance from the State." (Doc. No. 806 at 18 (citing Doc. No. 806-1 at 78–79, ¶¶ 2–4).) This was neither raised in Defendants' Motion for Partial Summary Judgment, nor in Plaintiffs' Opposition. (*See generally* Doc. Nos. 782, 796.)

"It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers." *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) (citing *Lujan v. Nat'l Wildlife Fed'n*,

1   497 U.S. 871, 894–95 (1990)); *see also Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir.

2   2007) ("The district court need not consider arguments raised for the first time in a reply

3   brief."). Further, Civil Local Rule 7.1 provides that "copies of all documentary evidence

4   which the movant intends to submit in support of the motion, or other request for ruling by

5   the court, must be served and filed with the motion." S.D. Cal. Civ. L.R. 7.1(f)(2)(a).

6          Defendants do not dispute they have submitted and relied upon declarations raising

7   new facts and evidence. Rather, Defendants assert that "[i]f any remedy is to be had, it is

8   to provide Plaintiffs with the opportunity to submit evidence in response." (Doc. No. 816

9   at 2.) Defendants further contend that "Plaintiffs also assert there are new legal arguments

10  in the reply but fail to identify any such arguments." (*Id.* at 4.) Thus, Defendants ask the

11  Court to deny Plaintiffs' *ex parte* motion. (*Id.*)

12         By submitting on reply *further* evidence and arguments in support of their motion

13  for summary judgment, rather than merely responding to Plaintiffs' opposition to the

14  motion, the Court finds Defendants have "deprived [Plaintiffs] of the opportunity to

15  respond." *Do v. Tri City Healthcare Dist.*, No.: 19cv2253-MSB (NLS), 2020 WL 6484633,

16  at *2 (S.D. Cal. Nov. 4, 2020). However, the Court does not find that a motion to strike

17  would best serve the purpose of completing the record. Thus, as to the new evidence raised

18  in Defendants' Reply, the Court **ORDERS** Defendants to produce the new evidence by

19  **March 3, 2025**. The Court further **GRANTS IN PART** Plaintiffs' *ex parte* application to

20  file a sur-reply to give Plaintiffs an opportunity to respond to Defendants' new evidence.

21  Plaintiffs may also include objections for inadmissible or improper declarations and

22  evidence under the Federal Rules of Evidence. Plaintiffs' sur-reply shall be no more than

23  eight (8) pages in length, and it shall be filed on or before **March 10, 2025**. Defendants

24  may file a responsive brief to Plaintiffs' objections to evidence by **March 17, 2025**.

25         **IT IS SO ORDERED.**

26  Dated:  February 24, 2025

27                                          Hon. Anthony J. Battaglia

28                                          United States District Judge

3

20-cv-00406-AJB-DDL