UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>    Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**ORDER DENYING MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**(Doc. No. 780)** |

    On December 16, 2024, Plaintiffs filed the instant motion to file under seal documents filed in support of Plaintiffs' Motion to Exclude Opinions of Defendants' Experts. (Doc. No. 780.)

1

As explained in this Court's Civil Case Procedures and as required by the law of this Circuit, requests to seal require the party moving for a sealing order to make a particularized showing of compelling reasons—supported by factual evidence—that outweigh the strong presumption of access. *See Krommenhock v. Post Foods, LLC*, 334 F.R.D. 552, 586 (N.D. Cal. 2020); J. Battaglia Civ. Case Proc. § IV.3.

Plaintiffs state they seek to file documents which fall into two broad categories: (1) Defendants' expert reports, which Defendants stated must be filed under seal in their entirety; and (2) other documents supporting Plaintiffs' *Daubert* motion, which Defendants have designated confidential under the protective order. (Doc. No. 780 at 3.) In the latter category, Defendants designated as confidential the following documents: (1) the entirely of all class members' medical records; (2) the entirety of nearly all records relating to in-custody deaths; (3) photographs of the jail; (4) the names of Jail employees; (5) information that identifies the types of incarcerated people that are housed in specific modules in the Jail; and (6) numerous emails and other course-of-business documents. (*See generally id.*) Plaintiffs state that "[f]or both categories, Plaintiffs disagree that most of the information sought to be sealed meets the compelling reasons standard for sealing." (*Id.*) Plaintiffs state that prior to filing the instant motion, "Plaintiffs asked Defendants whether they considered any portions of their expert reports confidential. Defendants responded with a request that Plaintiffs file Defendants' experts' reports entirely under seal because Defendants did not have time to identify specific portions as confidential." (*Id.* at 5 (citing Declaration of Eric Monek Anderson, Doc. No. 780-1, ¶ 3) (internal citation omitted).)

Moreover, Plaintiffs contend "Defendants made improper, blanket confidentiality designations in this case" which have been challenged by Plaintiffs, and Defendants filed a motion to maintain confidentiality of documents produced in discovery. (*Id.* at 6 (citing Doc. No. 724).) The Court held a hearing on Defendants' motion on December 5, 2024, before Magistrate Judge David D. Leshner, which the Court granted in part and denied in part on December 18, 2024 ("December 18 Order"). (*See* Doc. No. 785.) The December 18 Order largely denied Defendants' motion relating to the documents pertaining to the

instant motion to seal. First, the Court denied the motion to maintain the confidentiality of records containing medical information regarding living incarcerated persons, subject to redactions of incarcerated person names and other identifying information from medical records. (*Id.* at 4–6.) The Court further denied the motion as to the custody records of individuals who died in Sheriff's Department custody, subject to redactions of information about specific prior diagnoses or medications unrelated to the death. (*Id.* at 6–7.) The Court noted that under a recently enacted California law, "any record relating to an investigation conducted by the local detention facility involving a death incident maintained by a local detention facility shall not be confidential and shall be made available for public inspection pursuant to the California Public Records Act . . . ." (*Id.* at 6 (quoting Cal. Penal Code § 832.10(b)).) Next, the Court denied Plaintiffs' request to redact the names of incarcerated persons from all records, noting that "the parties may *elect* to redact incarcerated person names from information that is de-designated under the Protective Order prior to releasing any such information, but the present record does not support a finding of good cause to *require* redaction of incarcerated person names." (*Id.* at 8.) Finally, the Court denied Defendants' motion as to the personal information, including names, of County employees identified in documents produced in discovery. (*Id.* at 8–9.)

       Plaintiffs state compelling reasons exist only to seal the names and other identifying information of class members who are not class representatives, such as Social Security numbers, dates of birth, and home addresses. (Doc. No. 780 at 6–7.) However, Plaintiffs note such identifying information is not present in the instant exhibits. (*Id.* at 7.) Plaintiffs also do not provide any basis to seal solely the names of class members who are not class representatives, and instead rely on the Court's prior orders which found a "compelling reason" justifying sealing medical information. (*Id.* at 7.)

       On December 17, 2024, the Court set a briefing schedule on the instant motion to seal, allowing Defendants until January 6, 2025 to file a response. (Doc. No. 783.) However, Defendants did not file a response in opposition, a notice of non-opposition, nor a declaration in support of the motion to seal, nor have Defendants objected to the

December 18 Order. (*See generally* Docket.) Accordingly, and based on the foregoing, the Court **DENIES** the motion to seal, subject to the redactions noted in the December 18 Order.

      **IT IS SO ORDERED.**

Dated:  February 24, 2025

                                       Hon. Anthony J. Battaglia
                                       United States District Judge