Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Deann Rivard (SBN 177482)
drivard@bwslaw.com
Martin Kosla (SBN 247224)
E-mail: mkosla@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101-8474
Tel: 619.814.5800  Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300  Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DECLARATION OF ELIZABETH M. PAPPY IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR INTERIM ATTORNEYS' FEES AND COSTS**<br><br>*Filed concurrently with Defendants' Opposition and Declaration of John O'Connor*<br><br>**Date:     March 27, 2025**<br>**Time:    2:00 p.m.**<br>**CTRM:  4A**<br><br>Judge:  Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 3:20-cv-00406-AJB-DDL
DECL. OF ELIZABETH M. PAPPY ISO OPP TO
ATTYS' FEES AND COSTS MOTION

# DECLARATION OF ELIZABETH M. PAPPY

I, Elizabeth M. Pappy, declare as follows:

1. I am a partner with Burke, Williams & Sorensen, LLP, attorneys of record for Defendants COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify to the matters stated herein. I make this declaration in support of Declaration Of Elizabeth M. Pappy in Support of Defendants' Opposition to Plaintiffs' Motion for Interim Attorneys' Fees and Costs.

2. As soon as I became actively involved in the case in Fall of 2022 (other than some help writing the successful opposition to Plaintiffs' first failed Motion for Injunction and Class Certification, with full client support I sought out and engaged two of the most experienced experts in California in the area of physical barriers and ADA policies and procedures in the correction setting. Mr. Joelson and Mr. Martinez are the top of their field with far more experience than Plaintiffs' single expert. Their CV's are attached hereto as Exhibits A and B. Mr. Joelson starting working on facility inspections in November of 2022 when he conducted his first inspection and Mr. Martinez started working directly with the Sheriff's Office in February of 2023 on changes to policies and procedures. (Dkt.311-16, Bavencoff Decl, ¶¶2-3)

3. The Sheriff's Office began work on an ADA Unit in January of 2023 and implemented a fully staffed ADA Unit effective June 1, 2023 that was in the works for the first six months of 2023. (Id, ¶4) The Unit has been instrumental in effecting real and meaningful changes at the jails without any input or assistance from Plaintiffs' counsel.

4. I have worked consistently with the Sheriff's Office ("Office") and facilities personnel since late 2022 on physical barriers and the Office started conducting remedial work themselves in early 2023, hired outside contractors, and

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4921-8638-8773 v1

1

Case No. 3:20-cv-00406-AJB-DDL
DECL. OF ELIZABETH M. PAPPY ISO OPP TO
ATTYS' FEES AND COSTS MOTION

investigated resolutions to structural and elemental issues (showers, shower heads, anti-ligature accommodation solutions, etc.) to conduct remediation themselves and in connection with settlement discussions.

5. Each time a particularly unique issue arose such as portable showers as Plaintiffs' request following the March 13th, 2023 inspection of San Diego Central Jail, I have sought out help from Plaintiffs' counsel to point me to other facility contacts who may be able to give guidance of how they handled an issue, vendor information, etc. Without fail, I was either ignored or stonewalled by Plaintiffs' counsel who I felt did not view it as their responsibility to actual help make the changes happen swiftly for their clients, but rather to simply bill and build their case against Defendants.

6. For example, as a result of Plaintiffs' inspection of San Diego Central Jail in early 2023, they demanded portable showers be installed and insisted that other jails, including the CDCR, had used portable showers that would work inside the housing modules for mobility disabled individuals. I requested any information Plaintiffs counsel could provide me about the vendor name for the portable showers, a description of them, or anything. I went on line to research in home portable showers, or anything that might give my client a lead on something temporary while permanent structure changes could be made.

7. After my own investigation, I determined that the CDCR solution for COVID (not ADA mobility issues), was semi-trucks pulled into the secure recreation yards for State Prison inmates to shower in separate "stalls". I spoke with the vendor who assured me he knew of no solution whereby his product used at CDCR was used inside buildings.

8. Most recently, the parties were working on the final issues for the 2024 deadline physical barrier work, and there was discussion about the shower seat installed by Defendants. I specifically asked Mr. Anderson if he knew of any facilities that were using different fold down shower chairs so my client could

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4921-8638-8773 v1

2

Case No. 3:20-cv-00406-AJB-DDL
DECL. OF ELIZABETH M. PAPPY ISO OPP TO
ATTYS' FEES AND COSTS MOTION

1  contact them and he refused to provide me any information.

2      9.    Plaintiffs have irresponsibly demonized the defendants in the media,
3  presumably to prevail in this action. Plaintiffs have spent hours engaging with the
4  press in San Diego County in an attempt to litigate this action through the media
5  believing that this Court and/or Defendants will be influenced by the tactic. The
6  cozy and frequent relationship between the press and Ms. Grunfeld suggests her
7  efforts were at least in party focused on creating "newsworthy" events in litigation
8  and less on achieving good results for her client.  See for e.g., *See for e.g.*,
9  https://www.sandiegouniontribune.com/2024/05/07/plaintiffs-challenging-san-
10 diego-county-jail-practices-want-a-court-order-to-depose-sheriff/;
11 https://www.sandiegouniontribune.com/2024/05/15/no-immediate-decision-on-
12 whether-sheriff-will-be-compelled-to-testify-in-san-diego-jails-suit/;
13 https://www.sandiegouniontribune.com/2024/06/07/sheriff-wont-be-deposed-in-
14 class-action-case-challenging-jail-conditions/  Plaintiffs noticed the deposition of
15 Sheriff Kelly Martinez, moved to compel her deposition and the motion, of course,
16 was denied. The entire failed tactic was reported in the newspaper and Ms. Grunfeld
17 is quoted in the articles.

18     10.    Attached hereto as Exhibit C is the Hearing Transcript from December
19 7, 2022.

20     11.    Attached hereto as Exhibit D is an RBGG letter dated April 4, 2023 and
21 my response regarding the ENE process.

22     12.    Attached hereto as Exhibit E is Exhibit X to Ms. Grunfeld's declaration
23 (for ease of reference) regarding the ENE process along with my response.

24     13.    Attached hereto as Exhibit F is an email exchange between myself and
25 Mr. Swearingen confirming a Zoom conference between our respective barrier
26 experts which I had been requesting for months without lawyers, the intent of
27 Plaintiffs to bring multiple lawyers, and reference to the fact that I did not want
28 lawyers present because they would create an impediment to the experts speaking

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4921-8638-8773 v1

3

Case No. 3:20-cv-00406-AJB-DDL
DECL. OF ELIZABETH M. PAPPY ISO OPP TO
ATTYS' FEES AND COSTS MOTION

freely.

14. It was an extremely frustrating and prolonged process to get Plaintiffs to sit down at the table and discuss settlement. As my correspondence with counsel suggests, ADA barrier issues are determined by experts with tape measures not law degrees. I repeatedly requested that the experts talk directly without counsel present because attorneys served no purpose and outside of Court to avoid wasting fees and Court time. No agreements were going to be made and the discussions would not be subject to discovery. Plaintiffs refused and now claim that because their proposal of protracted meetings with multiple plaintiffs' counsel, defense counsel and experts were not accepted, Defendants were not taking settlement "seriously". Refusing to agree to wasteful and unnecessary actions design to increase billing only were refused, continue to be refused and will always be refused by my client.

15. The billing by Ms. Sanossian totals $438,170.65 based upon the disbursements ledger submitted by Plaintiffs. Based upon my own review of the invoices for Mssrs. Joelson and Martinez which are up to date, they are a combined total of $268,582.17. While Ms. Sanossian had to made some trips to San Diego for inspections, that amount of time certainly doesn't account for her total fees being almost twice as much as the defense experts. The point to be made is that if Ms. Sanossian was the expert and spent a significantly greater amount of time more than both of the defense experts, there was clearly no "expertise" in ADA being engaged in by Plaintiffs' counsel.

16. I defended the depositions taken by Plaintiffs' counsel in San Diego on March 14 and 15, 2023. Mr. Kiefer, Mr. Anderon and Ms. Grunfeld were all present. Mr. Anderson took depositions one day and Mr. Kiefer the other. It is unclear why Mr. Kiefer could not have taken both days and avoided the time and expense of two other attorneys traveling from Northern California. I complained to Plaintiffs' counsel in the deposition and at other times thereafter in my communications with them about the number of attorneys. They never showed up

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4921-8638-8773 v1

4

Case No. 3:20-cv-00406-AJB-DDL
DECL. OF ELIZABETH M. PAPPY ISO OPP TO ATTYS' FEES AND COSTS MOTION

1 with more than one attorney again until expert depositions when they started
2 appearing with 2 attorneys for both defense and taking of depositions.

3     17. Much as the settlement discussions were intentionally stalled by
4 Plaintiffs, discovery was the same painful process as a result of the entrenched and
5 unreasonable approach by Plaintiffs' counsel. Plaintiffs filed a Motion to Compel
6 Production of Documents and Interrogatory Responses on January 17, 2024.
7 (Dkt.489) My office filed opposition. (Dkt.504) Eight days later, Plaintiffs' counsel
8 filed an ex parte request to file a reply brief accusing me of lying in the opposition
9 papers. (Dkt.516). In response, Judge Leshner ordered every attorney who had
10 appeared in the case without exception to appear in person before the Court on
11 February 6, 2024. (Dkt.518) Judge Leshner knew that I was already scheduled to be
12 in San Diego for the settlement conference, and Ms. Coleman and Mr. Inman (from
13 County Counsel) live in San Diego. The attorneys from RBGG who were not
14 attending the settlement conference on the same day had to make a special trip down
15 for the hearing at which the judge expressed his extreme frustration with the
16 contentiousness of the litigation.

17     18. The Court denied the motion as to every disability-related request
18 except No. 167 which was significantly narrowed to a participation log and list of
19 programs.

20     19. Every informal discovery conference ("IDC"), with possibly two non-
21 ADA related exceptions, was initiated by Plaintiffs pursuing unreasonable requests.
22 Every time, either through Plaintiffs' capitulation or Court order, Plaintiffs were
23 denied their overbroad original ask.

24     20. There were two attorneys present for the February 10th inspection of
25 Rock Mountain along with two experts, and two attorneys plus two experts at the
26 inspection of Central Jail. There were three attorneys present for almost every
27 settlement conference meeting whether by Zoom or in person.

28     21. It is worth noting given the theme displayed by Plaintiffs' counsel

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4921-8638-8773 v1

5

Case No. 3:20-cv-00406-AJB-DDL
DECL. OF ELIZABETH M. PAPPY ISO OPP TO
ATTYS' FEES AND COSTS MOTION

throughout litigation in being more interested in billing than obtaining swift justice for their clients, Plaintiffs' counsel were very recently upset that the Sheriff's Office has been able to get long planned Lexis access to legal research up and running in each housing module. Plaintiffs are currently trying to exclude the evidence at trial.

22. Attached hereto as Exhibit G is an email I sent regarding the request for portable shower information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 6th day of March, 2025, at Oakland, California.

*[signature]*
Elizabeth M. Pappy

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4921-8638-8773 v1

6

Case No. 3:20-cv-00406-AJB-DDL
DECL. OF ELIZABETH M. PAPPY ISO OPP TO
ATTYS' FEES AND COSTS MOTION