GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' MOTION TO SET A NOVEMBER 22, 2024 FACT CUTOFF DATE OR RE-OPEN DISCOVERY FOR A LIMITED PURPOSE**<br><br>Judge: Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

[4657314.2]

Case No. 3:20-cv-00406-AJB-DDL

I, Van Swearingen, declare:

1. I am an attorney duly admitted to practice before this Court. I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs and the Certified Class and Subclasses. I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify. I make this declaration in support of Plaintiffs' Motion to Set a November 22, 2024 Fact Cutoff Date or Re-Open Discovery for a Limited Purpose.

2. On January 27, 2025, Plaintiffs wrote Defendants asking to obtain discovery on Defendants' new information. The parties exchanged numerous emails on this topic. True and correct copies of emails exchanged between the parties are attached as **Exhibit A** and **Exhibit B** (the attachment to my February 19, 2024 6:20 PM email). In the course of negotiating the discovery that Plaintiffs seek, and in the spirit of compromise, Plaintiffs decreased the requested time for each deponent and narrowed the scope of the document requests. *Compare* Exhibit A, January 27, 2025 1:13 PM email from Gay Grunfeld *with* Exhibit A, February 14, 2025 4:54 PM email from Van Swearingen; *see also* February 19, 2025 10:32 AM email from Van Swearingen (explaining "We have decreased the time for each deponent and have narrowed the document request."). Plaintiffs further decreased the burden on Defendants by proposing that the depositions take place by Zoom. *See* Exhibit G at 6.

3. The parties participated in a meet and confer by Zoom on February 6, 2025. As discussed below, the parties participated in a second meet and confer by Zoom on March 5, 2025. Each of these meet and confers was recorded. The password-protected recordings can be provided upon request. I asked word processors working under my direction to transcribe the two Zoom recordings, which they did. Each word processor listened to the recording twice and did their best to create an accurate transcript. I am informed and believe this was challenging due to the number of interruptions and other issues with sound quality. But having

1. been at the meet and confers and reading the transcripts they provide an accurate view of what transpired. A true and correct transcript of the February 6, 2025 meet and confer is attached as **Exhibit C**.

4. Defendants repeatedly slowed bringing an IDC on this issue, stating on January 30, 2025 that "There is no rush here. There isn't even a trial date." *See* Exhibit A. After further emails, Defendants informed Plaintiffs on February 19, 2025 that Plaintiffs' request for an IDC "is not pressing." *See* Exhibit B.

5. The Court held a discovery conference on February 24, 2025. Dkt. 821. On February 26, 2025, the Court ordered the parties to "promptly" meet and confer regarding Plaintiffs' request to set a fact cutoff date limiting the presentation of evidence at trial. Dkt. 826. The Court further ordered the parties to file a stipulation by March 7, 2025 as to a fact cutoff date, and if no agreement could be reached, for Plaintiffs to file a motion by that date. *Id.*

6. At the time the Court's February 26, 2025 order was filed, the parties already had a pre-scheduled meet and confer set for the following day, Thursday, February 27, 2025, to discuss Defendants' request for copies of discovery documents that Plaintiffs redacted and intend to use in this case. After receiving the Court's order, on February 26, 2025, Plaintiffs' counsel asked Defendants' counsel whether the parties could conduct the Court-ordered meet and confer on Thursday, February 27, 2025, "when we already have a session scheduled to discuss redacted documents," or on Friday, February 28, 2025. Defendants' counsel declined to meet and confer on either February 27 or February 28, 2025, and instead requested that Plaintiffs' counsel "give proper notice for next Wednesday," March 5, 2025. Plaintiffs' counsel responded that conducting the meet and confer on March 5, 2025 would provide only two days to meet and confer before the stipulation or Plaintiffs' motion are due, and reminded Defendants' counsel that the Court's order indicated that the parties "must promptly meet and confer." Plaintiffs' counsel asked whether Defendants would consider meeting after the Friday, February 28, 2025 settlement

1  conference or Monday, March 3, 2025.  Defendants did not agree to meet and confer
2  prior to Wednesday, March 5, 2025.  A true and correct copy of emails exchanged
3  between Plaintiffs' counsel and Defendants' counsel regarding the date on which the
4  parties would meet and confer pursuant to the Court's February 26, 2025 order is
5  attached hereto as **Exhibit D**.

6       7.    The parties met and conferred on Wednesday, March 5, 2025.  A true
7  and correct copy of the agenda for the meet and confer is attached hereto as
8  **Exhibit E**.

9       8.    At the March 5, 2025 meet and confer, Plaintiffs proposed a fact cutoff
10 date of November 22, 2024.  Plaintiffs also proposed reopening discovery in the
11 event that fact cutoff is not set for November 22, 2024, including by requesting three
12 hours for depositions of Dr. Peter Freedland, Dr. Jon Montgomery, and Mike
13 Binsfield; a ninety minute deposition of Sergio Sanchez; sixty minute depositions of
14 Sgt. Perales and Eunice Ramos; medical records and non-CIRB death reviews
15 regarding deaths in the Jail or at a hospital since January 1, 2024; and an agreed-
16 upon set of 30 class member medical records for class members treated between
17 June 1, 2024 and present.  Defendants have not identified any prejudice by
18 complying with Plaintiffs' discovery requests.  Plaintiffs agreed to limited discovery
19 of any new evidence submitted by Plaintiffs up to the fact cutoff date set by the
20 Court.  Plaintiffs indicated that they would file a motion to ask for a November 22,
21 2024 fact cut-off date and to obtain the discovery identified above if the fact cut-off
22 date is set after November 22, 2024.

23      9.    Defendants have not stated any prejudice by having a November 22,
24 2024 fact cutoff date.  At the March 5, 2025 meet and confer, Defendants proposed
25 April 1, 2025 as the fact cutoff date "because it seems like a good date," would
26 provide fairness, and would allow Plaintiffs to use records obtained through Public
27 Records Act and/or from Class Members since November 22, 2024.  Defendants had
28 initially proposed on February 19, 2025 that Plaintiffs could have a **three hour**

deposition of <u>either</u> Dr. Freedland <u>or</u> Dr. Montgomery, and death records after June 1, 2024—on the condition that Plaintiffs' counsel agree that Plaintiffs are not entitled to any additional discovery at any point in time going forward. *See* Swearingen Decl., Ex. A (February 19, 2025 10:45 AM email from E. Pappy). However, at the March 5, 2025 meet and confer, Defendants reduced their offer to **an hour and a half** deposition of <u>either</u> Dr. Freedland <u>or</u> Dr. Montgomery, and in-custody death records after June 1, 2024. *See* Exhibit G at 4 ("My offer, hopefully you understand at this time, is an hour and a half. A deposition with either Montgomery or Freedland. This is our position. We don't need both. And the death records, I think from June 1st to the present, excluding CIRB. So do you understand that?"). Plaintiffs' counsel explained that it is necessary to depose both Dr. Freedland and Dr. Montgomery given Plaintiffs' concern that each of them will testify that the other knows the information (this is what happened with the doctors' prior depositions). *See id.* at 6. At the March 5, 2025 meet and confer, Defendants also stated that they will not produce any other documents and will not provide any other depositions.

10. A true and correct copy of the parties' notes from the March 5, 2025 meet and confer is attached hereto as **Exhibit F**. A true and correct transcript of the March 5, 2025 meet and confer is attached as **Exhibit G**.

11. During the March 5, 2025 meet and confer, Defendants' counsel asked that I identify all new evidence that formed the basis of Plaintiffs' request to reopen discovery. Shortly after the meet and confer call, I sent an email to Defendants identifying the depositions and documents that Plaintiffs would seek in reopening discovery, identifying the specific portions of Defendants' MSJ and Reply declarations that formed the basis for the request. A true and correct copy my March 5, 2025 email is attached hereto as **Exhibit H**.

12. While Defendants did produce some documents after the discovery fact cutoff date of May 31, 2024, Defendants have not supplemented any of their

1 discovery responses since expert discovery closed on November 22, 2024.

2  13. Judge Battaglia's Order on Plaintiffs' Ex Parte Motion required Defendants to produce the new evidence submitted in Defendants' MSJ reply briefing. Dkt. 824. Defendants produced this information to Plaintiffs on March 3, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 7th day of March, 2025.

*/s/ Van Swearingen*
Van Swearingen