## TABLE OF CONTENTS
### EXHIBITS TO DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' MOTION TO SET A NOVEMBER 22, 2024 FACT CUTOFF DATE OR RE-OPEN DISCOVERY FOR A LIMITED PURPOSE

| DESCRIPTION | EXHIBIT NO. | PAGE NO. |
|---|---|---|
| Email from Van Swearingen dated February 19, 2025 | A | 1 |
| Email from Elizabeth Pappy dated February 19, 2025 | B | 22 |
| Transcript of February 6, 2025 Meet and Confer | C | 27 |
| Email from Elizabeth Pappy dated February 26, 2025 | D | 36 |
| March 5, 2025 Meet and Confer Agenda | E | 44 |
| Circulated Notes from March 5, 2025 Meet and Confer | F | 46 |
| Transcript of the March 5, 2025 Meet and Confer | G | 49 |
| Email from Van Swearingen dated March 5, 2025 | H | 59 |

[4661929.1]

# EXHIBIT A

| From: | Van Swearingen |
|---|---|
| To: | Pappy, Elizabeth M.; Gay C. Grunfeld; Coleman, Susan E. |
| Cc: | San Diego County Jail Team - RBGG Only; Aaron Fischer; Young, Christopher |
| Bcc: | 1730_01_Darryl Dunsmore et al_Darryl Dunsmore et al_v_San Diego Jail_Emails_1730_01_ |
| Subject: | RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID55015] |
| Date: | Wednesday, February 19, 2025 6:19:26 PM |
| Attachments: | RE Dunsmore v. SDSO Copies of unredacted documents IMAN-DMS.FID55015.msg |

Beth – we are in receipt of your attached email stating that the issue of reopening discover is "not pressing." We very much disagree. We have been pressing this issue since January 27, and after substantial meet and confer, it is clear we have reached an impasse. It is inappropriate to not complete the below IDC on the grounds that today you raised another issue about which you do not want to meet and confer. We have an obligation to timely bring disputes to the Court. So as not to delay further, please include Defendants' position in the IDC email below by noon tomorrow. If we do not receive your position by noon tomorrow, we will notify the Court of the need for an IDC and your unwillingness to participate. Thank you.

**From:** Van Swearingen
**Sent:** Wednesday, February 19, 2025 3:34 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery

Please complete the IDC email below.


To the Chambers of Judge Leshner:

We represent the Plaintiffs and certified class and subclasses in *Dunsmore et al. v County of San Diego et al*., Case No. 3:20-cv-00406-AJB-DDL. A dispute has arisen between the parties regarding Plaintiffs' request to re-open discrete aspects of discovery. After attempting to meet and confer, we would like to request a conference with the Court pursuant to Chambers Rule III(C). Please see below for additional information as required under the Rule.

## (1) Proposed times mutually agreed upon by the parties for the conference

February 21, 2025:  9am to noon; 2:30pm to 5pm
February 24, 2025:  all day

February 25, 2025: after 12:30
February 26, 2025: 9am to 11am; 1:30pm to 5pm

If the above times do not work for the Court, please let us know, and the parties will propose additional mutually agreed upon dates and times.

## (2) Neutral statement of the disputes

Defendants and Plaintiffs have a dispute about whether discovery should be re-opened to allow Plaintiffs to take four depositions of between 1.5 and 3 hours each and receive a set of documents that Plaintiffs claim they need to prepare for trial.

## (3) One sentence describing each party's position

Plaintiffs' position: Plaintiffs have good cause under Rule 16(b)(4) to reopen discovery and have acted diligently in seeking discreet depositions of the two key medical providers and two previously undisclosed witnesses, as well as easily obtained documents, including non-CIRB death reviews from calendar year 2024 and select IP medical records from 2024 and 2025; the information that will be generated from these targeted requests is needed to address Defendants' new evidence in their Motion for Summary Judgment that was disclosed after the discovery cutoff deadlines and that is necessary to prepare for the upcoming trial.

Defendants' position:

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, February 19, 2025 3:06 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery

[EXTERNAL MESSAGE NOTICE]

Van, I can't help you.  I cut and pasted my proposal. That's all there is to it.  It's pretty simple. It didn't need to be retyped or interpreted by you.  It is exactly what it says.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Wednesday, February 19, 2025 3:03 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery

[EXTERNAL]

Please help us understand what is incorrect in our recitation of Defendants' offer.

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, February 19, 2025 2:58 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery

[EXTERNAL MESSAGE NOTICE]

Your recitation of our offer is incorrect. It's clear you have no intention of entering any type of

compromise.

Can you send the current iteration of the IDC request as the ones below are outdated.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Wednesday, February 19, 2025 2:15 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery

[EXTERNAL]

We asked for four depos, death reviews and medical records for jail deaths since 2024, 30 recent class member medical records, and a cutoff date of December 17, 2024 (Defendants' MSJ filing date) for new factual developments at the jail.  We understand your offer to be only one depo, a subset of documents that does not include any medical records, no fact cutoff date, and a demand that Plaintiffs waive their right to seek discovery on any information Defendants present at any time.  If this is incorrect, please let us know.  If this is correct, then we do not have an agreement and we ask you to complete the IDC request (adding availability for the IDC on 2/24 – all day and 2/25 – after

12:30).  Thank you.

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, February 19, 2025 11:35 AM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-ADMIN.FID348]

<div style="background:#F5D97E">[EXTERNAL MESSAGE NOTICE]</div>

The County made you a new offer below that has never been made before and you never responded to it until I got the snippy email below.  Does the below mean you will not consider our proposed compromise?

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Wednesday, February 19, 2025 10:48 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-ADMIN.FID348]

**Ex. A - 6**

[EXTERNAL]

No need to waste time sending the exact same proposal that you already sent and to which I already replied.  We do not have an agreement.  Please complete the IDC request.  Thank you.

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, February 19, 2025 10:45 AM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery

[EXTERNAL MESSAGE NOTICE]

1. I would recommend to my client that they agree to one 3-hour deposition of a medical provider whether that's Dr. Montgomery or Dr. Freedland, you can decide; and
2. Death records for in custody deaths that have occurred and not been produced previously; and
3. This is a one-time request, and you will agree that you are not entitled to any additional discovery at any point in time going forward.  It would certainly make sense that you agree to a later date for such discovery such as just prior to the pre-trial conference and seek Court permission to update prior pre-trial submissions to the extent necessary. This is a much more reasonable approach and minimizes attorney fees and Court time.

---

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Wednesday, February 19, 2025 10:32 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery

[EXTERNAL]

The proposal I sent you on Friday is not identical to our original request.  We have decreased the time for each deponent and have narrowed the document request.  You have repeatedly asked for the new information provided in Defendants' own MSJ filings, and have ignored our responses.  See my February 7 and 14 emails on this subject.

We have asked for agreement on a cutoff date for "new" facts about what occurs in the Jail, and Defendants have not been willing to agree.

Plaintiffs' proposal is in my February 14 email.  If Defendants agree to the proposal and that their MSJ filings are the last introduction of new facts by Defendants, then we will not need to have an IDC.  Otherwise, please complete the IDC email that I sent on Monday as soon as possible.  We have

been attempting to address these issues since January 27.

Thank you.

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, February 18, 2025 1:07 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

The below proposal is identical to the prior request.  What am I missing? And where have you identified the "new" information?  We've never received that.

1. I would recommend to my client that they agree to one 3-hour deposition of a medical provider whether that's Dr. Montgomery or Dr. Freedland, you can decide; and
2. Death records for in custody deaths that have occurred and not been produced previously; and
3. This is a one-time request, and you will agree that you are not entitled to any additional discovery at any point in time going forward.  It would certainly make sense that you agree to a later date for such discovery such as just prior to the pre-trial conference and seek Court permission to update prior pre-trial submissions to the extent necessary. This is a much more reasonable approach and minimizes attorney fees and Court time.

Thank you.

**Elizabeth M. Pappy** | Partner
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305  |  **O** 408.606.6300  |  **F** 408.606.6333  |  **M** 408.888.3223
epappy@bwslaw.com  |  vCard  |  Bio  |  LinkedIn  |  bwslaw.com



---

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and

any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Friday, February 14, 2025 4:54 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID55015]

[EXTERNAL]

The County's MSJ makes the argument that Plaintiffs' evidence is stale and doesn't take into account recent changes at the Jail. The County's papers include new evidence that was not disclosed prior to discovery cutoff. Beyond the MSJ, we need an agreed upon date for the Court to assess whether the system is constitutionally compliant or not. We understand Defendants to be saying that the date should be as of the filing of their summary judgment motion, December 17, 2024. Please confirm.

With respect to re-opening discovery, here is our proposal, with reductions in deposition time and withdrawing the prior request for CIRB documents:

A three hour deposition of Dr. Peter Freedland limited to questions about CHP's role in medical care at the Jail and death reviews since June 13, 2024. Topics include "new" information in his MSJ declaration, including:

- The current level of FTE medical providers at the Jail (¶¶ 11-12)
- The level AND TYPE of staffing increased since expert disclosures were made in August 2024 (MSJ p. 2)
- Board certification among providers (¶ 13)
- CHP's development of DMGs (¶¶ 17-18)
- CHP's provider triage pilot program (¶¶ 19-22)
- CHP's participation in mortality reviews (¶ 24, MSJ at 7)

A three hour deposition of Dr. Jon Montgomery limited to questions about medical care at the jail and death reviews since June 13, 2024. Topics include "new" information in his MSJ declaration, including:

- How the changes by CHP are affecting care at the Jail (as described by MSJ and Freedland Decl.)
- Current levels of direct accountability for the on-site provider services at the Jail (¶ 10)
- The current provision of substance use disorder management services (¶¶ 16-21)
- SDSO's process of revising its quality assurance program (¶ 35)
- The number of in-custody deaths in 2024 and current death review process (MSJ pp. 6-7)
- Current levels of nursing staff (MSJ p. 2)

**Ex. A - 9**

A three hour deposition of Mike Binsfield limited to questions regarding "new" allegations in his declaration, including:

- All incarcerated persons will soon have access on the video monitors in the dayrooms of each unit and individually assigned tablets to do research online (¶ 4)
- This system has been contracted for with the Smart Communications (using a proprietary research program) but it has not yet been activated (¶ 4)
- The County has acquired tablets from Smart Communications, and has begun to install digital access points (WiFi) at all the Sheriffs detention facilities (¶ 6)
- All facilities will roll out thereafter, as soon as the infrastructure is updated to permit WiFi and charging stations, and the plan is for each incarcerated person to be assigned a tablet. Each tablet (similar to an iPad) will have access to games, videos, emails, and messages (¶ 6)
- Booking acceptance policies (¶¶ 13-16)
- In the last 3 years (January 2022 to 2024 year to date), there have been 148,909 bookings into the San Diego County Jails. Only 26%, of these bookings were made by San Diego County Sheriff's Office personnel (¶ 18)
- Safety checks are done in the same manner as counts, and the timing varies depending on the unit with checks done more often for those with psychiatric, suicidal, or medical issues (¶ 23, MSJ p. 15)
- Delays in scheduled cleanings for security reasons (¶ 28)
- Holding cells are cleaned as often as possible (¶ 31)
- Deputies' instruction to remove vent coverings (¶ 32)
- Responses to people smearing feces on cells (¶ 33)
- Pest prevention actions (¶ 34)
- Practices regarding cleanings and chemicals (¶ 35)

A ninety minute deposition of Sergio Sanchez limited to questions about kitchen cleanliness in jail facilities and allegations in his declaration, including:

- His cleanliness inspections at each of the seven facilities once per week (¶ 4)
- Cleaning practices (¶ 5)
- The scullery which scrubs and washes all dishes and pots utilizing the proper sanitation methods (¶ 6)
- Trash removal and inspection practices (¶ 7)

All medical records and non-CIRB death reviews regarding deaths in the Jail or at a hospital since January 1, 2024

- These records are relevant to the County's claim that in-custody deaths are decreasing and that there were seven deaths in 2024 (MSJ pp. 6-7)
- The MSJ Reply states that Plaintiffs do not take into account current conditions

30 class member medical records for class members treated between June 1, 2024 and present

- The MSJ at pp. 22-23 claims that SDSO has changed its ways and does not have any current

**Ex. A - 10**

"systemic policies and practices" which are causing IPs to suffer a deprivation of their constitutional rights with respect to the provision of medical care at the Jail.

- Plaintiffs propose negotiating a set of 30 medical records that Plaintiffs' and Defendants' experts would both review.  This will ensure that we don't run into the same inefficiencies encountered in expert discovery when Defendants produced a set of medical records for Plaintiffs' experts to review and then had Defendants' experts review a different set of records.  Our proposal is to agree on a set of records that meets certain criteria and is randomly selected.

Please let us know your response.  Thank you.

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, February 12, 2025 12:52 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery

[EXTERNAL MESSAGE NOTICE]

We asked you to provide specific references to what is allegedly new to justify your requests, you refuse, and you now want us to agree not to use the information that isn't new at trial? How is that a compromise? I understand the attempt to appear reasonable but nothing you propose below is reasonable.

We disagree that the information is "new" thus undercutting the assertion that there is any need to reopen discovery.

In theory, I understand the desire to make sure that you have everything Defendants intend to use at trial that is new from this point forward to trial (because you have what you claim to be new with the MSJ motion). There will be no agreement to repetitive depositions or to produce information that you can get yourselves from the website and including your own clients' medical records.

Are you agreeing that no evidence of anything that occurred at the jails from the discovery cut off date to the present is inadmissible?  Including evidence of any deaths, any assertions of your clients of things that have happened between then (May or June 2024 . . . I can't recall exactly) and trial?

Make a reasonable proposal that identifies the new evidence and what specific discovery you want to do as to that new evidence, and I will talk to the client about one time additional discovery.

Thank you.

Ex. A - 11

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Tuesday, February 11, 2025 4:34 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery

[EXTERNAL]

Thanks for your email. Plaintiffs agree that we are not entitled to CIRB documents in the light of yesterday's *Greer* decision. Plaintiffs' remaining requests are targeted and the death records are necessary to supplement the death information already produced. We understand that Defendants disagree.

To be sure, Plaintiffs' concern is <u>both</u> the introduction at this (MSJ) stage of new evidence <u>and also</u> the potential that Defendants will continue to try to introduce new evidence to support their defense, including at trial.

It is profoundly unfair to expect that Defendants can put on evidence of "new" changes at trial but deprive Plaintiffs discovery of the same information. We are wondering if the parties can work towards an agreement that will ensure that both parties have equal access to the same information that will be put forward at trial.

Further to that end, will Defendants agree to not introduce evidence that post-dates fact discovery cutoff? If not, will Defendants agree to any cutoff date for new evidence? Will Defendants supplement their discovery responses? Will Defendants agree on a limited set of randomized medical records since the last production in April 2024 to ensure that both parties' experts can

review the same set of medical records to avoid costly and inefficient joint review of even more records?  Do Defendants have a proposal for how Plaintiffs can obtain discovery of information disclosed after the discovery cutoff?

Let us know.  If we can't come to agreement, we will seek to exclude new information at the appropriate time and will send you the draft IDC email in the meantime.

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, February 10, 2025 6:26 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID77928]

[EXTERNAL MESSAGE NOTICE]

I appreciate the requested legal authorities. Courts have allowed additional discovery after the cut off where it is *necessary* and we have a dispute about whether it is necessary and whether your client complied with the requirement of *Pomona*.  In each case you cited to support the request, the Court limited the request to only the necessary information that was not available from any other source. The documents you seek and the depositions you wish to take do not fall in the necessary category.

Based upon *City of Pomona* in looking at the 6 factors, trial is not imminent, the request is opposed, your clients would not be prejudiced because they in fact have the additional information and have had it for months. Plaintiffs were not diligent in seeking the information. You knew when discovery closed that the Sheriff's Office was and has been making changes for 2+ years, learned of the significant changes through witnesses, expert reports served in August, and expert depositions, and there was no request to reopen discovery at any point. Because you never saw the declarations submitted does not mean your clients did not have the information contained in those declarations. The expert declarations submitted are their reports in your possession for 6 months. The witness declarations simply state the information you already had in documentary format and through 30(b)(6) depositions. You knew about the CHP contract and the anticipated changes through Dr. Montgomery's deposition and Dr. Freedland's deposition. You never asked for the deposition of 30(b)(6) deposition of anyone regarding the kitchens so the request for Mr. Sanchez' deposition is indefensible.

You complain that defendants did not supplement discovery responses under FRCP 26(e). Defendants are not required to supplement discovery if the additional information has "otherwise" been made known during the discovery process or in writing. The information you seek here has been made available to you both during the discovery process *and* in writing.

Even if the Court grants the right to reopen discovery, your request is not narrowly tailored. As a

practical matter, there is nothing Dr. Freedland would know that Jon Montgomery wouldn't know and vice versa. You don't need both. And if you thought death reviews and medical records from deceased individuals from June 2024 to now were subject to discovery and necessary, why didn't you ask for that information before the cut off, before the discovery cut off, or right after you deposed the experts. Why wait until the MSJ motion and then claim that is what prompted the need. The filing of the MSJ cannot be the trigger for you to realize that you need death review information going back to June of 2024. You thoroughly examined both Dr. Montgomery and Dr. Freedland about the changes to medical and you haven't pointed out anything "new" in your meet and confer efforts.

Lt. Binsfield doesn't add anything new. His declaration identifies policies and procedures you are already aware of as part of all the discovery and 30(b)(6) depositions. You never bothered to notice a 30(b)(6) deposition of anyone regarding the kitchen so the request for Mr. Sanchez' deposition is not well taken. The information may be new to you, but you never asked for it before the cut off.

You may not have CIRB records after the 9th Circuit decision in Greer today.

You have failed to relate the need for your own clients' medical records to anything "new". You can submit medical authorizations for 100's of records if you want them. What specifically about the evidence in support of the MSJ makes exactly 30 of your client's medical records suddenly necessary and unavailable to you.

We clearly need an IDC on this so if you want to resend the draft, I can insert the defense position.

Thank you.

**Elizabeth M. Pappy** | Partner
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Thursday, February 6, 2025 1:51 PM

Ex. A - 14

**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>;
Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer
<ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID77928]

[EXTERNAL]

Hi Beth and Susan,

I write to follow up on today's meet and confer.  As discussed, Plaintiffs are seeking to reopen
discovery in light of Defendants' many representations in summary judgment briefing that there
have been changes in the Jail since the close of both fact and expert discovery, *e.g.*, Dkt. 782-1 at 2,
6, Dkt. 806 at 3-4—which are factual claims that Plaintiffs assume Defendants will also raise at trial.
 Under Federal Rule of Civil Procedure 16(b), district courts may amend scheduling orders, including
to reopen discovery, "for good cause."  *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060,
1066 (9th Cir. 2017).  District courts frequently reopen discovery in injunctive relief cases to allow
the parties to obtain evidence of new factual developments.  *E.g.*, *Innovative Health LLC v. Biosense
Webster, Inc.*, 2024 WL 4405166, at *2-5 (C.D. Cal. Aug. 13, 2024) (reopening discovery for purpose
of getting information about "current market conditions," as relevant to injunctive relief claim); *Nat'l
Fire Protection Ass'n, Inc. v. UpCodes, Inc.*, 2023 WL 6194396, at *2-5 (C.D. Cal. Apr. 5, 2023) (in
injunctive relief case, reopening discovery related to "significant factual developments"); *Stephen C.
v. Bureau of Indian Educ.*, 2020 WL 4464398, at *1-2 (D. Ariz. Aug. 4, 2020) (reopening discovery on
evidence related to a "new policy" that was "relevant to any potential prospective relief" the court
would need to grant at trial).

Here, there is good cause to reopen discovery as to the new factual developments identified in
Defendants' MSJ papers.  Plaintiffs' opposition to Defendants' MSJ indicated that Plaintiffs have not
had an opportunity test these new opinions through discovery, and Plaintiffs promptly asked
Defendants to reopen discovery after submitting their MSJ opposition.  Reopening discovery at this
time is prudent to assist Plaintiffs in testing Defendants claims, preparing Plaintiffs' experts on
Defendants' new facts, and in connection with the submission of pre-trial disclosures due March 14;
doing so will not result in any trial delays given that a trial date has not been set.  Defendants have
not indicated any prejudice, and at most would be subject to some expenditure of time, costs, and
resources.  Plaintiffs could not have foreseen the specific facts Defendants' claim have taken place
given that they occurred and/or were presented after the close of discovery.  Moreover, Defendants
have not supplemented their discovery productions as to the instant issues as required by Rule 26(e)
(e.g., RFP 11 seeking records relating to in-custody deaths).  Finally, all of the evidence Plaintiffs seek
is relevant given that Defendants seek to present evidence of recent changes at trial.

Please let us know if you will reconsider your position and permit Plaintiffs to depose the below
individuals and obtain the requested documents.  If so, we are happy to discuss particulars with you.
If not, please fill in Defendants' portion of the IDC email that Gay circulated on Thursday, January 30
at 12:03 PM.  Thank you,
Van

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Thursday, January 30, 2025 1:54 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer
<ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID77928]

| [EXTERNAL MESSAGE NOTICE] |
|---|

We are required to hold a meet and confer via Zoom before you submit IDC's. There is no rush here.
There isn't even a trial date.

I am not available at our usual Wednesday at 9:00 timeslot next week but I am free next Thursday,
February 6th at 9:00 a.m.


**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



---

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named
above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product.
Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or
the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and
any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED
ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Thursday, January 30, 2025 12:03 PM
**To:** Coleman, Susan E. <SColeman@bwslaw.com>; Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer
<ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID77928]

[EXTERNAL]

---

Dear Susan,

The issue was not waived (see Plaintiffs' Opposition to Summary Judgment,

Dkt. 796 at 6 n. 3); regardless, we need targeted discovery regarding your newly disclosed facts and witnesses (provided after the fact and expert cutoffs), as requested below, to prepare for trial.  PRA requests will not substitute for depositions and death and medical records.  And interviewing class members is a time consuming effort that cannot yield all the information we need.  Assuming Defendants are still opposed, here is our IDC email for you to fill in:

To the Chambers of Judge Leshner:

We represent the Plaintiffs and certified class and subclasses in *Dunsmore et al. v County of San Diego et al.*, Case No. 3:20-cv-00406-AJB-DDL.  A dispute has arisen between the parties regarding Plaintiffs' request to re-open discrete aspects of discovery. After attempting to meet and confer, we would like to request a conference with the Court pursuant to Chambers Rule III(C).  Please see below for additional information as required under the Rule.

**(1) Proposed times mutually agreed upon by the parties for the conference**

January 31, 2025 All Day
February 3, 2025 All Day
February 5, 2025 9 to 11 a.m.

If the above times do not work for the Court, please let us know, and the parties will propose additional mutually agreed upon dates and times.

**(2) Neutral statement of the disputes**

Defendants and Plaintiffs have a dispute about whether discovery should be re-opened to allow Plaintiffs to take four depositions of between 2 and 4 hours each and receive three categories of documents that Plaintiffs claim they need to prepare for trial.

**(3) One sentence describing each party's position**

**Ex. A - 17**

Plaintiffs' position:  Plaintiffs have good cause under Rule 16(b)(4) and have acted diligently in seeking half day depositions of the two key medical providers and two previously undisclosed witnesses, as well as easily obtained documents, including CIRB or other death reviews from calendar year 2024, and select medical records from 2024 and 2025; the information that will be generated from these targeted requests is needed to address Defendants' new evidence in their Motion for Summary Judgment that was disclosed after the discovery cut off deadlines and that is necessary to prepare for the upcoming trial.

Defendants' position:

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Coleman, Susan E. <SColeman@bwslaw.com>
**Sent:** Wednesday, January 29, 2025 12:59 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID77928]

[EXTERNAL MESSAGE NOTICE]

Counsel – we are not inclined to agree.  If additional discovery was necessary for the summary judgment opposition, you had an avenue to request that and did not do so.  Thus, the summary judgment motion is not a basis for additional discovery because you waived any such argument by submitting your opposition.

In addition, when the discovery cut off was set, everyone including you and the judge understood that this was an injunction case and that things could and would change at the prison. This was anticipated and the judge set the cut off when he did, with the possibility of "new evidence" a strong possibility.

You are not entitled to additional discovery and the reasons you offer are not persuasive for all the above reasons.

In addition, you continue to submit PRA requests and/or signed authorizations for records of incarcerated persons, and that process is still open to you in addition to the ability to interview your own clients at will.

Best,

Susan

**Susan E. Coleman** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
501 West Broadway - Suite 1600, San Diego, CA 92101
**D** 619.814.5803 | **O** 619.814.5800 | **F** 619.814.6799
scoleman@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Wednesday, January 29, 2025 12:15 PM
**To:** Coleman, Susan E. <SColeman@bwslaw.com>; Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID77928]

[EXTERNAL]

Dear Counsel,

Do you expect to respond to our request below?

Best, Gay

Gay Crosthwait Grunfeld

Ex. A - 19

Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Gay C. Grunfeld
**Sent:** Monday, January 27, 2025 1:13 PM
**To:** Susan E. Coleman (scoleman@bwslaw.com) <scoleman@bwslaw.com>; Elizabeth (Beth) M. Pappy (epappy@bwslaw.com) <epappy@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID77928]

Dear Counsel:

We write to request your agreement to targeted additional discovery in light of allegations made by Defendants in their Motion for Summary Judgment and the parties' upcoming trial.  We seek the following:

A four hour deposition of Dr. Peter Freedland limited to questions about CHP's role in medical care at the Jail and death reviews since June 13, 2024;
A four hour deposition of Dr. Jon Montgomery limited to questions about medical care at the jail, efforts to obtain NCCHC accreditation and death reviews since June 13, 2024;
A four hour deposition of Mike Binsfield limited to questions regarding allegations in his declaration of December 16, 2024 (Docket 782-2);
A two hour deposition of Sergio Sanchez limited to questions about kitchen cleanliness in jail facilities and allegations in his declaration of December 16, 2024 (Docket 782-2);
Any and all CIRB or other death reviews completed by SDSO in calendar year 2024;
Medical records for any person who died in the jail or at a hospital post jail in 2024 or 2025;
30 class member medical records for class members treated between June 1,

**Ex. A - 20**

2024 and present, further specifications to follow.

Please let us know your position as soon as possible; if you do not agree, we will seek an IDC.

Thank you, Gay Grunfeld

**Gay Crosthwait Grunfeld**
Managing Partner
Pronouns: she/her
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
ggrunfeld@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at ggrunfeld@rbgg.com.

Ex. A - 21

# EXHIBIT B

| | |
|---|---|
| **From:** | Pappy, Elizabeth M. |
| **To:** | Eric Monek Anderson |
| **Cc:** | Coleman, Susan E.; Gay C. Grunfeld; Van Swearingen; Hannah Chartoff; Aaron Fischer; Young, Christopher; Ben Holston; Michael Freedman |
| **Subject:** | RE: Dunsmore v. SDSO: Copies of unredacted documents [IMAN-DMS.FID55015] |
| **Date:** | Wednesday, February 19, 2025 5:56:42 PM |

| [EXTERNAL MESSAGE NOTICE] |
|---|

It's not related in subject matter but related in the sense that we have these two issues and knowingly wasting court time demanding two separate sessions just to be difficult is inappropriate and I won't be a part of it.

We are demanding the IDC next Wednesday, February 26th at 9:00 a.m. There are 8+ lawyers that can appear so your absence shouldn't be an issue.

The subject matter of our IDC is Plaintiffs' refusal to produce copies of the unredacted/modified documents produced in discovery so that Defendants have a copy of the modified documents.

We will wait to respond to Van's request for an IDC on another matter that is not pressing until this is complete and submit a joint request.

Thank you.


**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Sent:** Wednesday, February 19, 2025 5:04 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Subject:** RE: Dunsmore v. SDSO: Copies of unredacted documents [IMAN-DMS.FID55015]

[EXTERNAL]

Beth,

This issue is not related to the IDC email that Van is requesting, and can proceed on its own timeline.

Further, you last corresponded about this issue in early January.  It is untimely and it is unclear why you are now raising it.

Nevertheless, we need to meet and confer on this issue before any IDC.  I am not available next week at the usual Wednesday 9:00 a.m. time, but am available Thursday, Feb. 27 anytime.

Eric

**Eric Monek Anderson** (he/him)
Associate Attorney



**Rosen Bien Galvan & Grunfeld LLP**
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
T: (415) 433-6830  ▪  F: (415) 433-7104
eanderson@rbgg.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at eanderson@rbgg.com.

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, February 19, 2025 3:04 PM
**To:** Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>
**Subject:** RE: Dunsmore v. SDSO: Copies of unredacted documents

[EXTERNAL MESSAGE NOTICE]

Eric,

Can you please let me know by tomorrow.  Van wants an IDC on another issue, and I want the IDC requests in the same email to avoid two appearances.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, February 19, 2025 10:11 AM
**To:** Eric Monek Anderson <EMonekAnderson@rbgg.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Subject:** Dunsmore v. SDSO: Copies of unredacted documents

Eric,

I never received the modified versions of documents pursuant to the attached order. I requested them from you weeks ago.

Please confirm we will get copies by the end of this week, or we will request an IDC.  The documents are discovery documents and will be used at trial and we have no way of knowing what was or was not "unredacted" by your office without having the documents.  We have a right to know what the discovery documents look like now and this should not be an issue to your office or your clients.

Please confirm we will get them by the end of the week or I will request the IDC since we are close to pre-trial disclosures in mid-March.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**Ex. B - 26**

# EXHIBIT C

**Transcript**
**February 6, 2025 Meet-and-Confer**
*Dunsmore v. San Diego County Sheriff's Department*
**S. D. Cal. No. 3:20-cv-00406-AJB-DDL**

| Van Swearingen ("VS") | Okay, so we are meeting today about Plaintiffs' desire to reopen discovery for the limited purposes identified in Gay's email from last week. I know, I know we've started to flesh out our opinions and perspectives by email. We're happy to go through each of the, each of the areas, Beth, if that would be helpful, to, to, to help indicate, you know, what we're looking for in discovery. |
|---|---|
| Elizabeth Pappy "(EP")" | I mean, you can certainly do that, but I think that's putting the cart before the horse. I mean, wha, what's your legal authority to be able to do this? |
| VS | Well, you know, I think that we preserved our objection in the summary judgment opposition. We indicated that we would be seeking to, to obtain discovery on the newly-put-forth evidence in Defendants' summary judgment motion. Defendants have not supplemented, you know, any of their discovery with the new information that was put forth in Defendants' presentation. And it's common practice to have depositions and other expedited discovery in advance of trial when there's new information that one party wants to put forward. |
| EP | Okay, so I— I don't— You're going to need to send me the legal authority to support the notion that once the discovery cut-off has passed, that you can reopen discovery in an injunction case. I mean, I, I, I was pretty clear in my email that Judge Leshner set that discovery cut-off. He knew it was an injunction case. You knew it was an injunction case. I mean have you ever been involved in another case where a judge has reopened discovery after the cut-off in an injunction case? |
| VS | Yeah. Definitely, it's common practice. |
| EP | Can you, can you send me |
| VS | Even, even you know, in the middle of trial. Sure |
| EP | Great. Can you send me the cases you've been involved in that that's happened? |

| VS | I, I will send you legal authority for the, for the proposition. |
|----|----|
| EP | Okay.  Okay. |
| VS | Do you have legal authority that you can, you know, put forward new evidence after the discovery cut-off without further discovery on the other side? |
| EP | Yeah.  Judge Leshner set a discovery cut-off.  He didn't say I couldn't come forward with more evidence.  You, I mean, you're presuming that— First of all you have to ask— You, not you, but the plaintiff has to ask for the discovery.  And so, you know, there are situations, but this isn't one of them, where a person, where you could have asked, a person could have asked for something and not asked for something and not gotten it and it's quote unquote new evidence.  But I'm not aware of— I know what a discovery cut-off is. A discovery cut-off is you can't conduct any more discovery.  So I don't— The burden's not on me to justify your right to conduct more discovery.  I mean, that's your legal burden to overcome, not mine.  In addition to the fact that if, if I'm convinced legally that you're entitled to do this, I think you're over-asking.  But, but again setting that aside, why are you doing this now?  What if more discovery comes up?  I mean things are changing every day at the jail, which is what you wanted when you filed your lawsuit.  And, so what, are you going to do it again if the judge doesn't set the trial 'til September? |
| VS | Oh, absolutely.  Yeah, if you're trying to introduce new evidence that, that, that hasn't been provided to us, I mean, the summary judgment motion makes widescale claims about changes at the jail since we took the depositions of Dr. Montgomery and Dr. Freedland.  Of course we're, we're entitled to test that. |
| EP | Right.  You're not, of course, you still have to provide me legal authority that you can reopen discovery.  And no, I'm not gonna agree to—no matter what the legal authority says—I'm not going to agree to reopen discovery, reopen discovery, reopen discovery, until the case goes to trial.  Why wouldn't you just— I mean, if you want to make this argument to the court, I don't mind if you make it now.  But why wouldn't you wait to do whatever discovery the court allows you to do until closer to the trial? |
| VS | Well— |

| EP | Because summary judgment is over.  I mean, you, you— That ship has sailed for you.  I know you're saying you reserved your rights.  But you didn't ask for continuance at the hearing,  And so the judge is going to rule on it based on the discovery in there.  So that argument is really of no moment. |
|----|----|
| VS | Yeah, well, what we are—Gay mentioned in her email—we are weeks away from pretrial disclosures.  Trial is barreling forward.  We need this evidence in order to present our case. |
| EP | Yeah, that didn't answer my question.  So, if trial is in, what, September, October, November, why do you need this evidence now, and what pretrial disclosures are barreling towards us? |
| VP | The, I believe the, I don't have my calendar in front of me.  I believe it's March 14th.  You can look at your calendar. Or |
| EP | It's— This isn't my IDC.  You want to convince me that I should, that we should agree to this, and I'm asking you why, and you're telling me go look at your ID, your calendar.  No.  You're the one that's required to tell me why you need this now, and that you're never going to ask for it again.  I mean, again, there's lots of pieces to this that you didn't prepare for this, this meet-and-confer.  What's your legal authority to reopen discovery.?  If there's some out there that says says, yeah in an injunction case courts routinely allow updated discovery, great.  But the second thing is, I'm not going to agree to this now, assuming you come up with this legal authority, and then have you ask again and again and again.  So you need to address that.  And if there's some trial barreling, pretrial barreling towards us, and some factual thing is due on March 14, let me know what it is. |
| VS | Yes, our initial pretrial disclosures. |
| EP | I'm not going to do your work. |
| VS | It's a, look at your calendar. |
| EP | I'm not going to look at my calendar, Van.  Your request for a … |
| VS | I'm telling you, in mid-March, we, you don't need to do that.  I'm telling |
| EP | I don't what?  I'm sorry. |

| VS | You don't need to yell at me. |
|----|-------------------------------|
| EP | I'm not yelling at you, I'm trying to get you to stop cutting me off. And I will raise my voice if you start talking over me.  So I'm not yelling at you.  If you would stop interrupting I wouldn't have to raise my voice. |
| VS | [inaudible] |
| FP | Since you're, since you're not, clearly not totally prepared for this, why don't you send me an email with these legal authorities with what it is that's required on March 14, and why will all of this additional discovery accomplish that.  I want a representation that you're never going to ask again to consider this, or what your position is on that and I'll get back to you about it. |
|    | But today it seems like we have no information _____ in that email. |
| VS | So, again, _____ disclosures are due in mid-March, I believe it's March 14th.  That includes our witness lists, our exhibit lists. |
|    | As to, we're not going to promise that we're never going to ask, to not re-open discovery after you present new information.  If you present new information that you want to present at trial, we have the right to, to test that. |
|    | I will, we will send you authorities on that. |
|    | Is there anything that you'd like to discuss about the individual requests? |
| EP | Well, they're, they're all, they're all too much.  I mean, we're not going to agree to four hours of deposition.  What this new information, you should be able to get in an hour. |
| VS | Why?  Why _____ that? |
| EP | Because I've been practicing for 33 years and taken depositions, and know how to do it efficiently. |
|    | Four hours? I mean, you haven't justified the four hours.  This again is not my burden.  It's yours. |

| | |
|---|---|
| VS | Okay. Well. Defendants in their MSJ papers say there have been widescale changes since the summer of 2024, including a change of contract with CHP, the development of new diagnostic tools, accreditation issues, where they are in response to quality assurance. There are widescale changes that you, that you are claiming that you haven't produced any discovery on. You haven't updated any of your, your previous productions. So, we think that, that four hours is reasonable. We think for, for, for Drs. Freedland and Montgomery. We mentioned for Mr. Sanchez, we're asking for only two hours. |
| | As to the death review documents, Defendants haven't produced, I don't believe, any CIRB documents for calendar 2024 |
| EP | CI, CIRB |
| VS | CIRB documents. And I think that they've only produced a couple sets of medical records for people who died in custody in 2024. |
| EP | And, yeah, I mean, I saw, I saw. You still haven't answered the question. So why you need four hours. Widespread? I mean all of this is so much evidence you didn't need it to oppose summary judgment. And, I mean, really, all of a sudden, this has become this massive reopening of discovery undertaking. |
| VS | It's not that. |
| EP | If it was that important, and if it was that widespread, why didn't you ask to, to seek discovery in support of summary, in support of your opposition to summary judgment? You're being inconsistent in your actions here. |
| VS | We're, we're not |
| EP | And it troubles me |
| | Hang on a second, I'm talking. |
| | And it tells me that this really isn't that important. This is yet another kneejerk overreaction, and you can provide me the legal authority that this an authorized, authorized thing post discovery cutoff, then, then I may be convinced to negotiate with you on the request that you've made, but it ain't four hours. |

**Ex. C - 32**

| | And why, what does Mr. Sanchez have to do with anything? Nothing changed. |
|---|---|
| VS | Mr. Sanchez made many claims saying that, that, that he has, you know, personally conducted inspections at each of the 7 facilities, made representations about those.  He talked about sanitation procedures, and what employees do.  None of that is in the record prior to his |
| EP | When did you ask for it?  Tell me.  When did you ask for it?

Sanchez is a no, but you're going to need to provide to me the specific

You could have asked for a PMK or a 30(b)(6) about the kitchen, but you never did, so that's on you, not on us.

Freedland is, is better than Montgomery, because Freedland is the new guy.  He's the CP, CHP person.  So, you don't need Montgomery.  You should be talking to Freedland about what his company is doing.

So, yes, it's overbroad.  Let's start with you providing those legal authorities, and then if, if I'm convinced you're legally authorized to do this, then we will talk about timing, because, again, because the barreling towards us thing is a little unique.  And I need to have an agreement from you that this is it.  And, so, that has to happen, and if that doesn't happen, that means that piece will have to go to the judge.  Okay? |
| VS | Let's talk about the documentation that we're requesting.  Are Defendants willing to supplement their production with respect to CIRB documents? |
| EP | I'll have to get back to you on that. |
| VS | Okay.  And what about medical records for people who died in custody in 2024-2025? |
| EP | Again, I'm going to have to get back to you.  You've got to convince me that you're entitled to this stuff first.  And then I'll get back to you about it. |
| VS | Okay, and |

| EP | Oh, no, and hospital post-jail.  Why does somebody dying in a hospital have anything to do with anything? |
| VS | So, if somebody, you know— traumatic brain injury in the jail, and is sent to the hospital for treatment of that and dies at the hospital— |
| EP | Yeah, nobody died of that.  There were no such deaths.  In 2024 or 2025. |
| VS | There were two deaths at hospitals arising from injuries that occurred in the jail in 2024. |
| EP | And one of them— they were both traumatic brain injuries? |
| VS | No.  I'm just giving you an example of an in-custody death in which it occurs at the hospital as opposed to inside the jail facilities. |
| EP | All right. |
| VS | What about the request for medical records, for 30 medical records? |
| EP | What? Why?  No. I mean, why didn't, don't you just ask for them through a PRA? That doesn't need discovery to be reopened.  Why haven't you submitted a PRA? |
| VS | You've got to be joking.  A PRA for individuals' medical records? |
| EP | They're your clients. |
| VS | Individual medical records are not available through a PRA, Beth. |
| EP | Van, are you going to be an ass anymore?  Should I cut it off now? |
| VS | Beth, I think that that's inappropriate, I |
| EP | Van!  Being a condescending asshole is being completely inappropriate. |
| VS | Beth |
| EP | So check yourself there. |
| VS | Beth |

| EP | I think we're done.  No. Van, I think we're done.  I've made my position clear.  You haven't substantiated any level of appropriate, you know, presentation in this ID, for this meet-and-confer.  You need to provide that to me, and if you don't, and you try to ask for an IDC, which I will not agree to, we are going to have a real problem, because I'm going to have this video shown to the judge. |
| --- | --- |
| VS | Fine. |
| EP | Okay, great. Send it to me. |

**Ex. C - 35**

# EXHIBIT D

| | |
|---|---|
| **From:** | Pappy, Elizabeth M. |
| **To:** | Gay C. Grunfeld; Coleman, Susan E. |
| **Cc:** | Young, Christopher; Aaron Fischer; San Diego County Jail Team - RBGG Only |
| **Subject:** | RE: Dunsmore v. San Diego; Request to Meet and Confer regarding Court Order [IMAN-DMS.FID55015] |
| **Date:** | Wednesday, February 26, 2025 6:27:30 PM |

[EXTERNAL MESSAGE NOTICE]

Don't send me anymore self-serving emails.

We will talk about the issue I properly noticed for tomorrow and we will talk about your issue on March 5th. I was presented with a brand new, never discussed in meet and confer issue at the IDC on Monday so my clients need time to consider and discuss in a meaningful way which will facilitate a meaningful meet and confer next week.

Possibly your office should comply with the judge's meet and confer order properly and you wouldn't be in this position.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Wednesday, February 26, 2025 6:17 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>
**Subject:** RE: Dunsmore v. San Diego; Request to Meet and Confer regarding Court Order [IMAN-DMS.FID55015]

[EXTERNAL]

Dear Beth,

I understand you to be saying below that unless I answer your "questions" to Eric of February 21, we cannot meet and confer until March 5--even though the Court ordered us to meet and confer promptly.  In accordance with your wishes, I have sent a zoom invite for March 5. Also, although we do not usually meet at 8:30 am and it is inconvenient for me, I have set the zoom for that time as a courtesy to you.

You also ask that I give "proper notice" for the meet and confer.  From that, I infer that you do not consider my email of earlier today attaching the Court order with the specific item upon which we are to meet and confer to be "proper notice."  Accordingly, I have taken the time to insert details from the Court's meet and confer order into the attached word document.  Hopefully, this will meet your request for "proper notice."  If it does not, please let us know.

Best, Gay


Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, February 26, 2025 2:42 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>
**Subject:** RE: Dunsmore v. San Diego; Request to Meet and Confer regarding Court Order [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

From my email below,

Please give proper notice for next Wednesday.  I can do it at 8:30 a.m. as I have an all day mediation starting at 10:00 a.m. in person.

**Elizabeth M. Pappy** | Partner
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Wednesday, February 26, 2025 2:28 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>
**Subject:** RE: Dunsmore v. San Diego; Request to Meet and Confer regarding Court Order [IMAN-DMS.FID55015]

[EXTERNAL]

Hi Beth,

I apologize, but I looked over the questions in your email and do not know how to answer them.  Maybe it will become clearer when we speak tomorrow.

Please let us know when you are available to meet and confer about the fact cut off issues.

Thanks, Gay

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, February 26, 2025 2:23 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron Fischer
<ajf@aaronfischerlaw.com>; San Diego County Jail Team - RBGG Only
<SD_CountyJailTeam@rbgg.com>
**Subject:** RE: Dunsmore v. San Diego; Request to Meet and Confer regarding Court Order [IMAN-DMS.FID55015]

| [EXTERNAL MESSAGE NOTICE] |
| --- |

Please advise how you wish to proceed as I'd like to get the meet and confer on calendar for next week if you continue to refuse to cooperate about the IDC issue/redacted documents.

Thank you.

**Elizabeth M. Pappy | Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



---

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Pappy, Elizabeth M.
**Sent:** Wednesday, February 26, 2025 1:10 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron Fischer
<ajf@aaronfischerlaw.com>; San Diego County Jail Team - RBGG Only
<SD_CountyJailTeam@rbgg.com>
**Subject:** RE: Dunsmore v. San Diego; Request to Meet and Confer regarding Court Order [IMAN-
DMS.FID55015]

Please provide the answers to the questions I sent to Mr. Anderson which necessitated tomorrow's
meet and confer?  That way we can take that issue off the table.

Thank you.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named
above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product.
Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or
the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and
any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED
ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Wednesday, February 26, 2025 12:44 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron Fischer
<ajf@aaronfischerlaw.com>; San Diego County Jail Team - RBGG Only
<SD_CountyJailTeam@rbgg.com>
**Subject:** RE: Dunsmore v. San Diego; Request to Meet and Confer regarding Court Order [IMAN-
DMS.FID55015]

[EXTERNAL]

Dear Beth,

**Ex. D - 41**

That gives only two days to meet and confer before the stipulation or brief are due. The Court's order says we "must promptly meet and confer." Would you consider meeting on Monday, March 3 or after this Friday's settlement conference?

Thank you, Gay

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, February 26, 2025 12:02 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>
**Subject:** RE: Dunsmore v. San Diego; Request to Meet and Confer regarding Court Order [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Counsel, it can take place next week just as you forced us to schedule the IDC for tomorrow. Your request is out of line.

Please give proper notice for next Wednesday. I can do it at 8:30 a.m. as I have an all day mediation starting at 10:00 a.m. in person.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*
**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com

**Ex. D - 42**



---

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Wednesday, February 26, 2025 10:28 AM
**To:** Coleman, Susan E. <SColeman@bwslaw.com>; Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Cc:** Young, Christopher <Christopher.Young@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>
**Subject:** Dunsmore v. San Diego; Request to Meet and Confer regarding Court Order [IMAN-DMS.FID55015]

[EXTERNAL]

Dear Beth and Susan,

Please see attached.  Could we conduct the court-ordered meet and confer tomorrow at 9:30 when we already have a session scheduled to discuss redacted documents?  If not tomorrow, could we please discuss these issues on Friday?

Thank you, Gay

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

# EXHIBIT E

**Agenda for Meet and Confer on March 5, 2025 at 9:00 a.m.**

1.    Trial Preparation

    a.    Plaintiffs' agenda:

        (1)    Plaintiffs' request to set a "fact cutoff date" of November 22 limiting the presentation of evidence at trial.

        (2)    Plaintiffs' request for limited additional discovery if the fact cutoff date is later than November 22 as detailed in Van Swearingen's email of February 14, 2025, as well as the materials Defendants will produce on March 3, 2025 pursuant to Dkt. 824

        (3)    The effect, if any, Judge Battaglia's Order on Plaintiffs' Ex Parte Motion [Dkt. No. 824] has on Plaintiffs' contemplated request for additional discovery.

    b.    Defendants' agenda:

        (1)

**Ex. E - 45**

# EXHIBIT F

***Dunsmore v. Cty. of San Diego***, Case No. 3:20-cv-00406 (S.D. Cal.)
**Meet and Confer Pursuant to Order re February 24, 2025 Discovery Conference**
**(Dkt. 826)**

**Date:** March 5, 2025

**Time:** Scheduled for 8:30 a.m.; occurred at 9:30 a.m.

**Duration:** 16 minutes

**Plaintiffs' Counsel:** Gay Grunfeld, Van Swearingen

**Defendants' Counsel:** Beth Pappy

**Note Taker:** Gay Grunfeld

1.   **Topics Covered**

     a.   Fact Cut-off Date

     b.   Reopening discovery re New Evidence submitted with Defendants' Summary Judgment pleadings

     c.   The effect, if any, Judge Battaglia's Order on Plaintiffs' Ex Parte Motion [Dkt. No. 824] has on Plaintiffs' contemplated request for additional discovery

2.   **Topics Tabled for Next Week**

     a.   None.

3.   **Agreements Reached**

     a.   None.

4.   **Action Items**

     a.   Plaintiffs propose a fact cutoff date of November 22, 2024—the same date as expert discovery cutoff.  Defendants propose a fact cutoff date of April 1, 2025.

**Ex. F - 47**

b.    In the event that fact cutoff is not set for November 22, 2024, Plaintiffs propose reopening discovery to test Defendants' new information, including by requesting three hours for depositions of Dr. Peter Freedland Dr. Jon Montgomery, and Mike Binsfield; a ninety minute deposition of Sergio Sanchez; sixty minute depositions of Sgt. Perales and Eunice Ramos; medical records and non-CIRB death reviews regarding deaths in the Jail or at a hospital since January 1, 2024; and an agreed-upon set of 30 class member medical records for class members treated between June 1, 2024 and present.  Defendants clarified that they will only agree to ninety minutes of additional deposition of only either Dr. Freedland or Dr. Montgomery, and will produce death records after June 1, 2024. Defendants will not produce any other documents and will not provide any other depositions.

c.    In light of the parties' disagreements, Plaintiffs will file a motion to ask for a November 22, 2024 fact cut-off date and to obtain the discovery identified above if the fact cut-off date is set after November 22, 2024.

**Ex. F - 48**

# EXHIBIT G

**Transcript**
**March 5, 2025 Meet-and-Confer**
*Dunsmore v. San Diego County Sheriff's Department*
**S. D. Cal. No. 3:20-cv-00406-AJB-DDL**

| | |
|---|---|
| Gay Crosthwait Grunfeld ("GCG") | I'm just gonna.  First of all, I apologize about yesterday.  Susan replied to the calendar invite so I really didn't see the email and then last night I was at a fundraiser. |
| Elizabeth Pappy ("EP") | Don't worry about it. |
| GCG | Okay.  So I. |
| EP | Don't worry about it. |
| GCG | It's okay if. |
| EP | It'll work out. |
| GCG | Yeah but you know it's okay to give me a call I mean I have no problem moving it to this time so. |
| EP | That assumes if I can find your cellphone Gay. |
| GCG | Okay well hopefully you have it and Van is joining shortly.  I guess you're walking somewhere or. |
| EP | Yeah I'm walking to JAMS I got a mediation this morning. |
| GCG | Okay are you going to that JAMS in downtown San Jose or. |
| EP | I am, I am. Our office is just about 3 blocks away and it's raining so it's lovely. |
| GCG | Ugh, well I've been to that JAMS.  It's pretty nice. |
| EP | It is.  You pay for it but it's nice. |
| GCG | Yeah you pay a lot yeah.  Ok, great there's Van.  We have Van on the line so she's walking to a mediation while we're talking. |
| Van Swearingen ("VS") | Ok great thanks for joining us Beth. |

**Ex. G - 50**

| GCG | Is Susan coming on or no? |
| --- | --- |
| EP | I don't know and let's not wait for her. Because she and I talked about it and we I have prepped her for the meeting. So you got the one most in the know. |
| VS | Ok great. I'll go ahead and get started. Beth the first item on the agenda is the Plaintiffs' request to establish an evidentiary cut-off date. We propose November 22 which of course is after fact discovery cut-off of May 31. November 22 is the expert discovery cut-off of November 22. That will allow the parties to have the same set of information that was produced in discovery that was evaluated and reported on by the parties' experts prior to the discovery cut-off deadlines. It would establish a firm date by which the parties can rely on and test the evidence that was produced in the litigation. It will allow the parties to have a fair hearing on legitimacy and durability of the jails' policies and practices. And it would avoid the problem of having moving factual target. |
| EP | Ok so we don't have problem with the fact cut-off date but November 22 won't work. I'm thinking April 1 is good. Are they here? |
| VS | Okay and then what's the…. |
| EP | And that applies to both sides. And that applies to both sides. Nobody can do anymore PRAs or medical records requests. It's a mutual modified you know by court order for good cause if there's some emergency thing that you didn't know or we didn't know about. Certainly ask the Court for release. |
| VS | Ok are you suggesting April 1? |
| EP | I am. Sorry. |
| VS | Ok. Why April 1? |
| EP | Because it seems like a good date. I mean this a new concept never brought up before and think in fairness to both sides, because you've been doing PRA requests and anything that you asked for or received from your clients from the |

Ex. G - 51

| | |
|---|---|
| | November 22 to the present would be objectionable so I'm not sure you want November 22. |
| VS | Yeah we want November 22 because that's the date for discovery cut-off.  It's a clean date that experts already opined on the facts that are established up to that date., and it wouldn't require re-opening discovery if we do have a date after. |
| EP | I'm not talking about re-opening discovery oh I'm sorry I didn't make that clear. |
| VS | I'm sorry you interrupted me so I didn't hear.  What you said.  But if we do have a date after November 22nd, we will necessarily have to reopen discovery in order to give the parties fair opportunities to test the information that is produced after that cutoff date. |
| EP | Yeah, so April 1.  I'm not agreeing to November 22 so if that's your hard line you'll have to make a motion for that.  And in terms of re-opening discovery I'm not to going to agree to broad based re-opening of discovery.  I'm happy to discuss you know you have asked for additional information before.  We said fine but you can only have these things.  I'm happy to agree that what I don't have in front of me but those things we have offered before.  In my turn you're going to need to give me everything that you discovered since or obtained since November 22 and if it's just PRAs then maybe you can confirm that with me because of course I get copies of all that stuff.  But yeah re-opening discovery in general I won't agree to that because it's a blanket re-opening but narrowed so that both sides have an equal opportunity to get new stuff.  I don't have a problem with that. |
| VS | Ok.  So let's talk about the discovery regarding defendants' information that was presented in their moving brief for partial summary judgement.  It was unclear to plaintiffs what defendants were offering when they asked for clarity.  It wasn't provided, so I think it would be helpful to go 1 by 1.  I'm using the. |
| EP | We did hang on, hang on, hang on.  I did provide clarity. I sent you an e-mail with a very specific offer and that's very specific offer.  I'll repeat to you since you don't seem to |

| | |
|---|---|
| | remember.  It is that you can have, I think it was like an hour and a half with Montgomery or Freedland, but not both.  And then there was.  I think you wanted death records from.  I didn't really get January 1st, but June 1st or something I think was my offer to the present.  And that doesn't include CIRBs obviously at this point.  That was my offer.  So if what you didn't understand about those, why don't you specifically ask me? |
| VS | Sure.  So first, I'll take it from our list. |
| EP | Questions about those two on them that you didn't understand. |
| VS | A three hour deposition of Dr. Peter Freedland. |
| EP | That wasn't my offer.  My offer was an hour and a half with I think it was an hour and a half with either Freedland or Montgomery. |
| VS | So I'm just.  I'm going through the list so that we can effectively meet and confer.  Have an understanding of what we're agreeing or disagreeing to.  So… |
| EP | I don't think that's necessary.  I mean we already met and conferred.  I don't suggest that we need to suddenly meet and confer again.  We previously met and conferred on this and had a disagreement.  So and that's what I thought we were going to an IDC about.  Which is why I and the Judge were a confused about what we ended up talking about. |
| VS | So I'm confused about what we're disagreeing. So I think it would be useful on this call to just make sure that we have an opportunity to fully flesh out what plaintiffs' request is and to understand defendants' position to each request. |
| EP | Well, I'm telling you what my offer is as to Freedland, Binsfield, Montgomery, Sanchez, 30 medical records, CIRB records, death records.  I don't think there was anything else on the list.  My offer, hopefully you understand at this time, is an hour and a half.  A deposition with either Montgomery or Freedland.  This is our position.  We don't need both.  And |

| | |
|---|---|
| | the death records, I think from June 1st to the present, excluding CIRB. So do you understand that? |
| GCG | In other words, Van, she's rejecting everything that we wanted except 1.5 hours with one of the doctors and the death records. |
| VS | Got it. So no Binsfield or Sanchez. |
| EP | Again correct. |
| VS | Ok. |
| EP | So what are you gonna? So we want all of the discovery that you've conducted. Not discovery, but PRA requests. We want anything that you've obtained -- medical records, anything that you've obtained from anybody, not just my client. Since the close of discovery. Is that gonna be agreed to? Because it has to be mutual. |
| VS | You already have the, the, the PRA records and the medical records. You're the one who provided those to us. |
| EP | OK. Objection. Non-responsive. Are you going to give me everything that you have done? That, as I said, and listen with it doesn't involve requests to my client. You gonna give us that stuff? |
| VS | I'm just trying to. Trying to understand the basis. |
| EP | Doesn't seem that you understand. |
| VS | Beth if you'd let me finish. It seems that that's only geared towards wasting time and increasing the costs and fees in this case for us to provide to you the exact information that you've already provided to us. So I'm just trying to understand why you want us to go through that process? |
| EP | Yeah. Please maybe listen to me for the third time and maybe you should go back and listen to the recording. I'm not asking you for copies of PRA requests. I'm asking you for anything else. Any other discovery or information that you have gone out and obtained. Not from my client. Do you understand that? |

| GCG | I do.  And I just want to clarify what you would be talking about since discovery is closed. |
|-----|----------------------------------------------------------------------------------------------|
| EP  | Listen, I'm not gonna play this game with you.  It's whatever you've done.  Have you gone out and interviewed witnesses?  Have you obtained documentation from any source other than my client?  You're right discovery is closed and you're complaining at me saying that I went out and got new discovery.  Well, I wanna know what new discovery you have.  This is a two way street.  Always has been and always will be.  I'm fine with a, we're fine with a fact cut off, with again, sort of an escape clause in case something that neither of us could have anticipated comes up and I'm fine with limited discovery on new evidence, but I want to know what new evidence you have. |
| GCG | Sure.  I mean within the confines of work product, I mean.  Which I'm sure. |
| EP  | As long as I'm not going to see it at trial I don't care. |
| GCG | Yeah.  We'll be disclosing our witnesses to you in just a few days.  So you'll see our witnesses.  I mean, obviously, we're interviewing our witnesses.  So I'm not really sure and you got all the medical records request and all the PRA requests.  So I think we understand each other.  I mean I will obviously discuss within our own group, but I think April 1 is too late.  I think we should try to find a compromise between that date and the date that we want.  And of course we are concerned, Beth, about having only one of the two physicians because the reason we asked for both is that we believe that each of them will testify that the other knows the information.  And so that was the thinking between behind asking for both, and then we've also provided a significant amount of information about why we believe we'd like a brief deposition of Mr. Sanchez. |
| VS  | Sanchez. |
| GCG | Yes, so you know, we're happy, I think, and Van will confirm, to do these by zoom, which would be a minimal intrusion on these individuals' time.  And we also may I think |

| | Van wants some information about this recently produced material from Tuesday or… |
|---|---|
| VS | That's exactly right and that's something that Judge Leshner directed us to discuss and that's the effect of Judge Battaglia's order on plaintiffs ex parte motion which required defendants to produce additional information that was in defendants' reply papers in support of their partial motion for summary judgment.  And that included. |
| EP | Wait, wait, wait, wait, wait, wait, stop there.  That wasn't a topic today, and I don't know really know what you're talking about.  I think that's the evidence that I think Susan handled that and that evidence was produced.  So I'm not prepared to talk about that today, wasn't I?  I never got an agenda, but it's not on.  It wasn't noticed for today, so I'm not prepared to talk about it. |
| VS | It's actually on the agenda that Gay circulated.  Item 1(A)(3).  The effect, if any Judge Battaglia's order on plaintiffs' ex parte motion has on plan of study. |
| EP | I didn't get an agenda.  When was it sent?  I'm telling you I didn't get it. |
| VS | It was sent when you demanded the meeting to be take place at 8:30 a.m., Gay circulated an agenda with her response, saying that yes, we will move our schedule so that you we accommodate the 8:30 meeting. |
| GCG | Yeah I'm sorry. |
| EP | I don't have an agenda.  Yeah, I'm sitting in a lobby.  I don't have an agenda and so. |
| VS | Well here we are.  It was an agenda item so one of the things that we're requesting to reopen Discovery is to have an hour long deposition each with Perales and Ramos, the individuals who filed declarations in defendant's reply papers. |
| EP | I don't.  As I sit here today no.  You have you put into me.  Have you given me a list of what's new in their declarations that you didn't know before? |

| VS | Yeah, it's in the ex parte papers. |
| --- | --- |
| EP | No, because you still haven't given me a list. You still haven't given me a list of what's new in Binsfield. Sanchez is a hard no. And listen in response to your comment which I appreciate that you want to take the these Freedland and Montgomery and I'm telling you what the county's response is. Instead of continually going back to but we want it all, but we want it all, but we want it. How about make a compromise position that a proposition that I can actually go back to my client and say, hey, OK, this seems reasonable. I'd rather not take this in front of the judge, but you don't. You just stick with what you wanted first, and then you refuse to back off of it. And I don't think what you asked for was reasonable, so and if I had, I wouldn't have, I wouldn't have stopped you. I would have said fine, this is all great. So why don't you guys make a concrete different proposal than what was on the table in response to what the proposal I made that you told me you don't understand. But hopefully, Gay said, you do understand it as of today. And then as to these new two guys, you need to point out to me specifically, Van, I want paragraph, I want lines, what's new, what is evidence that you didn't know about before so that I can see if I agree with you or don't agree with you. Because if I agree with you, then I'm going to fight with you. |
| VS | So far we haven't gotten agreement and I do want to correct the record. You said that we haven't budged and we we're still asking for the very same thing that we first asked for. That's not true. We decrease the number of hours that we requested for the defendants' depositions. You haven't acknowledged that. You keep on saying that we haven't identified what's new in defendants' papers. If you looked at my e-mail from Friday, February 14th at 4:54 p.m. It's one of several emails that. |
| EP | Ok guys. I gotta go. I have to go to my meditation. No Van. |
| VS | Please, it's one of several emails that we that we sent to you identifying. |
| EP | I have to go. No Van. I gotta go. Van. |

| VS | Beth, we're supposed to meet and confer.  OK, the record can reflect that.  Beth just hung up on us. |

**Ex. G - 58**

# EXHIBIT H

| | |
|---|---|
| **From:** | Van Swearingen |
| **To:** | Pappy, Elizabeth M.; Gay C. Grunfeld; Coleman, Susan E. |
| **Cc:** | San Diego County Jail Team - RBGG Only; Aaron Fischer; Young, Christopher |
| **Bcc:** | 1730_01_Darryl Dunsmore et al_Darryl Dunsmore et al_v_San Diego Jail_Emails_1730_01_ |
| **Subject:** | RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID55015] |
| **Date:** | Wednesday, March 5, 2025 11:11:33 AM |
| **Attachments:** | Circulated Notes from Parties 30th Meet and Confer 03-05-2025 1730-01.docx |

Beth,

Attached are the notes from our truncated meet and confer. The Court has ordered us to file a stipulation or motion on these topics on Friday, March 7. See Dkt. 826. Given this timetable and the conversation today, we do not believe a stipulation will be possible to work out in the two business days remaining, especially given that you will be in an all-day settlement conference on March 7.

As such, we have no choice but to prepare and file our motion for a fact cutoff-date of November 22 and for re-opening discovery in the event that the Court sets a cutoff date after November 22. In addition to the discovery on new information submitted in Defendants' moving MSJ papers identified in my February 14 email below, Plaintiffs seek the following discovery as to new information in Defendants' reply papers given that Judge Battaglia's Order on Plaintiffs' Ex Parte Motion (Dkt 824) required Defendants to produce certain new information:

A one hour deposition of Sgt. Perales limited to questions about video kiosks and law library access using kiosks, including the "new" information in his MSJ reply declaration (Dkt. 806-1), including:
- The availability of video kiosks to all incarcerated persons. (¶ 2)
- His statement that "Law library access is now active in the kiosks, such that all incarcerated persons have access to the electronic law library resources available through Fastcase, Inc., from the kiosk just as each incarcerated person has access to his/her commissary, phone, video visitation, personal accounts, etc." (¶ 3)
- The law library services available through the kiosk (¶ 4)

A one hour deposition of Eunice Ramos limited to questions about State funding of SDSO programs and services, including the "new" information in her MSJ reply declaration (Dkt. 806-1), including:
- The County's revenue database monies SDSO receives from the State for various programs related to law enforcement and corrections (including programs for which monies are targeted) (¶ 2)
- The list of revenue received by the County Sheriff's Office from the State (¶ 3)
- The funds SDSO receives for state mandated programs, and reimbursements SDSO received for the Racial and Identity Profiling mandate (RIPA), SB 127 Domestic Violence, and SB 167 Rape Victims. (¶ 4)

Plaintiffs reserve our rights and will seek discovery of any other new information Defendants plan to use at trial that was not disclosed prior to the Court-ordered discovery cutoff. We understand that you do not agree to our requested discovery.

**Ex. H - 60**

We agree to share with you any documents that we have gathered before the fact cut off.  As discussed, you already have IP medical records and PRA responses.  If there are others, we intend to provide them with our pre-trial disclosures on March 14.  **Please let us know if Defendants will provide Plaintiffs by March 14 with all documents and information Defendants plan to use at trial that has not previously been produced in this litigation.**


Thank you,
Van


---

**From:** Van Swearingen
**Sent:** Friday, February 14, 2025 4:54 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID55015]

The County's MSJ makes the argument that Plaintiffs' evidence is stale and doesn't take into account recent changes at the Jail.  The County's papers include new evidence that was not disclosed prior to discovery cutoff.  Beyond the MSJ, we need an agreed upon date for the Court to assess whether the system is constitutionally compliant or not.  We understand Defendants to be saying that the date should be as of the filing of their summary judgment motion, December 17, 2024.  Please confirm.

With respect to re-opening discovery, here is our proposal, with reductions in deposition time and withdrawing the prior request for CIRB documents:

A three hour deposition of Dr. Peter Freedland limited to questions about CHP's role in medical care at the Jail and death reviews since June 13, 2024.  Topics include "new" information in his MSJ declaration, including:
- The current level of FTE medical providers at the Jail (¶¶ 11-12)
- The level AND TYPE of staffing increased since expert disclosures were made in August 2024 (MSJ p. 2)
- Board certification among providers (¶ 13)
- CHP's development of DMGs (¶¶ 17-18)
- CHP's provider triage pilot program  (¶¶ 19-22)
- CHP's participation in mortality reviews (¶ 24, MSJ at 7)

A three hour deposition of Dr. Jon Montgomery limited to questions about medical care at the jail and death reviews since June 13, 2024.  Topics include "new" information in his MSJ declaration, including:
- How the changes by CHP are affecting care at the Jail (as described by MSJ and Freedland

**Ex. H - 61**

Decl.)

- Current levels of direct accountability for the on-site provider services at the Jail (¶ 10)
- The current provision of substance use disorder management services (¶¶ 16-21)
- SDSO's process of revising its quality assurance program (¶ 35)
- The number of in-custody deaths in 2024 and current death review process (MSJ pp. 6-7)
- Current levels of nursing staff (MSJ p. 2)

A three hour deposition of Mike Binsfield limited to questions regarding "new" allegations in his declaration, including:

- All incarcerated persons will soon have access on the video monitors in the dayrooms of each unit and individually assigned tablets to do research online (¶ 4)
- This system has been contracted for with the Smart Communications (using a proprietary research program) but it has not yet been activated (¶ 4)
- The County has acquired tablets from Smart Communications, and has begun to install digital access points (WiFi) at all the Sheriffs detention facilities (¶ 6)
- All facilities will roll out thereafter, as soon as the infrastructure is updated to permit WiFi and charging stations, and the plan is for each incarcerated person to be assigned a tablet. Each tablet (similar to an iPad) will have access to games, videos, emails, and messages (¶ 6)
- Booking acceptance policies (¶¶ 13-16)
- In the last 3 years (January 2022 to 2024 year to date), there have been 148,909 bookings into the San Diego County Jails. Only 26%, of these bookings were made by San Diego County Sheriff's Office personnel (¶ 18)
- Safety checks are done in the same manner as counts, and the timing varies depending on the unit with checks done more often for those with psychiatric, suicidal, or medical issues (¶ 23, MSJ p. 15)
- Delays in scheduled cleanings for security reasons (¶ 28)
- Holding cells are cleaned as often as possible (¶ 31)
- Deputies' instruction to remove vent coverings (¶ 32)
- Responses to people smearing feces on cells (¶ 33)
- Pest prevention actions (¶ 34)
- Practices regarding cleanings and chemicals (¶ 35)

A ninety minute deposition of Sergio Sanchez limited to questions about kitchen cleanliness in jail facilities and allegations in his declaration, including:

- His cleanliness inspections at each of the seven facilities once per week (¶ 4)
- Cleaning practices (¶ 5)
- The scullery which scrubs and washes all dishes and pots utilizing the proper sanitation methods (¶ 6)
- Trash removal and inspection practices (¶ 7)

All medical records and non-CIRB death reviews regarding deaths in the Jail or at a hospital since

**Ex. H - 62**

January 1, 2024
- These records are relevant to the County's claim that in-custody deaths are decreasing and that there were seven deaths in 2024 (MSJ pp. 6-7)
- The MSJ Reply states that Plaintiffs do not take into account current conditions

30 class member medical records for class members treated between June 1, 2024 and present
- The MSJ at pp. 22-23 claims that SDSO has changed its ways and does not have any current "systemic policies and practices" which are causing IPs to suffer a deprivation of their constitutional rights with respect to the provision of medical care at the Jail.
- Plaintiffs propose negotiating a set of 30 medical records that Plaintiffs' and Defendants' experts would both review. This will ensure that we don't run into the same inefficiencies encountered in expert discovery when Defendants produced a set of medical records for Plaintiffs' experts to review and then had Defendants' experts review a different set of records. Our proposal is to agree on a set of records that meets certain criteria and is randomly selected.

Please let us know your response. Thank you.

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, February 12, 2025 12:52 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery

[EXTERNAL MESSAGE NOTICE]

We asked you to provide specific references to what is allegedly new to justify your requests, you refuse, and you now want us to agree not to use the information that isn't new at trial? How is that a compromise? I understand the attempt to appear reasonable but nothing you propose below is reasonable.

We disagree that the information is "new" thus undercutting the assertion that there is any need to reopen discovery.

In theory, I understand the desire to make sure that you have everything Defendants intend to use at trial that is new from this point forward to trial (because you have what you claim to be new with the MSJ motion). There will be no agreement to repetitive depositions or to produce information that you can get yourselves from the website and including your own clients' medical records.

Are you agreeing that no evidence of anything that occurred at the jails from the discovery cut off date

to the present is inadmissible?  Including evidence of any deaths, any assertions of your clients of things that have happened between then (May or June 2024 . . . I can't recall exactly) and trial?

Make a reasonable proposal that identifies the new evidence and what specific discovery you want to do as to that new evidence, and I will talk to the client about one time additional discovery.

Thank you.

**Elizabeth M. Pappy | Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Tuesday, February 11, 2025 4:34 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery

[EXTERNAL]

Thanks for your email.  Plaintiffs agree that we are not entitled to CIRB documents in the light of yesterday's *Greer* decision.  Plaintiffs' remaining requests are targeted and the death records are necessary to supplement the death information already produced.  We understand that Defendants disagree.

To be sure, Plaintiffs' concern is both the introduction at this (MSJ) stage of new evidence and also the potential that Defendants will continue to try to introduce new evidence to support their defense, including at trial.

It is profoundly unfair to expect that Defendants can put on evidence of "new" changes at trial but

deprive Plaintiffs discovery of the same information.  We are wondering if the parties can work towards an agreement that will ensure that both parties have equal access to the same information that will be put forward at trial.

Further to that end, will Defendants agree to not introduce evidence that post-dates fact discovery cutoff?  If not, will Defendants agree to any cutoff date for new evidence?  Will Defendants supplement their discovery responses?  Will Defendants agree on a limited set of randomized medical records since the last production in April 2024 to ensure that both parties' experts can review the same set of medical records to avoid costly and inefficient joint review of even more records?  Do Defendants have a proposal for how Plaintiffs can obtain discovery of information disclosed after the discovery cutoff?

Let us know.  If we can't come to agreement, we will seek to exclude new information at the appropriate time and will send you the draft IDC email in the meantime.

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, February 10, 2025 6:26 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID77928]

[EXTERNAL MESSAGE NOTICE]

I appreciate the requested legal authorities. Courts have allowed additional discovery after the cut off where it is *necessary* and we have a dispute about whether it is necessary and whether your client complied with the requirement of *Pomona*.  In each case you cited to support the request, the Court limited the request to only the necessary information that was not available from any other source. The documents you seek and the depositions you wish to take do not fall in the necessary category.

Based upon *City of Pomona* in looking at the 6 factors, trial is not imminent, the request is opposed, your clients would not be prejudiced because they in fact have the additional information and have had it for months. Plaintiffs were not diligent in seeking the information. You knew when discovery closed that the Sheriff's Office was and has been making changes for 2+ years, learned of the significant changes through witnesses, expert reports served in August, and expert depositions, and there was no request to reopen discovery at any point. Because you never saw the declarations submitted does not mean your clients did not have the information contained in those declarations. The expert declarations submitted are their reports in your possession for 6 months. The witness declarations simply state the information you already had in documentary format and through 30(b)(6) depositions. You knew about the CHP contract and the anticipated changes through Dr. Montgomery's deposition and Dr. Freedland's deposition. You never asked for the deposition of 30(b)(6) deposition of anyone regarding the kitchens so the request for Mr. Sanchez' deposition is indefensible.

You complain that defendants did not supplement discovery responses under FRCP 26(e). Defendants are not required to supplement discovery if the additional information has "otherwise" been made known during the discovery process or in writing. The information you seek here has been made available to you both during the discovery process *and* in writing.

Even if the Court grants the right to reopen discovery, your request is not narrowly tailored. As a practical matter, there is nothing Dr. Freedland would know that Jon Montgomery wouldn't know and vice versa. You don't need both. And if you thought death reviews and medical records from deceased individuals from June 2024 to now were subject to discovery and necessary, why didn't you ask for that information before the cut off, before the discovery cut off, or right after you deposed the experts.  Why wait until the MSJ motion and then claim that is what prompted the need. The filing of the MSJ cannot be the trigger for you to realize that you need death review information going back to June of 2024. You thoroughly examined both Dr. Montgomery and Dr. Freedland about the changes to medical and you haven't pointed out anything "new" in your meet and confer efforts.

Lt. Binsfield doesn't add anything new. His declaration identifies policies and procedures you are already aware of as part of all the discovery and 30(b)(6) depositions.  You never bothered to notice a 30(b)(6) deposition of anyone regarding the kitchen so the request for Mr. Sanchez' deposition is not well taken. The information may be new to you, but you never asked for it before the cut off.

You may not have CIRB records after the 9th Circuit decision in Greer today.

You have failed to relate the need for your own clients' medical records to anything "new". You can submit medical authorizations for 100's of records if you want them. What specifically about the evidence in support of the MSJ makes exactly 30 of your client's medical records suddenly necessary and unavailable to you.

We clearly need an IDC on this so if you want to resend the draft, I can insert the defense position.

Thank you.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Thursday, February 6, 2025 1:51 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID77928]

[EXTERNAL]

Hi Beth and Susan,

I write to follow up on today's meet and confer.  As discussed, Plaintiffs are seeking to reopen discovery in light of Defendants' many representations in summary judgment briefing that there have been changes in the Jail since the close of both fact and expert discovery, *e.g.*, Dkt. 782-1 at 2, 6, Dkt. 806 at 3-4—which are factual claims that Plaintiffs assume Defendants will also raise at trial.  Under Federal Rule of Civil Procedure 16(b), district courts may amend scheduling orders, including to reopen discovery, "for good cause."  *See City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).  District courts frequently reopen discovery in injunctive relief cases to allow the parties to obtain evidence of new factual developments.  *E.g.*, *Innovative Health LLC v. Biosense Webster, Inc.*, 2024 WL 4405166, at *2-5 (C.D. Cal. Aug. 13, 2024) (reopening discovery for purpose of getting information about "current market conditions," as relevant to injunctive relief claim); *Nat'l Fire Protection Ass'n, Inc. v. UpCodes, Inc.*, 2023 WL 6194396, at *2-5 (C.D. Cal. Apr. 5, 2023) (in injunctive relief case, reopening discovery related to "significant factual developments"); *Stephen C. v. Bureau of Indian Educ.*, 2020 WL 4464398, at *1-2 (D. Ariz. Aug. 4, 2020) (reopening discovery on evidence related to a "new policy" that was "relevant to any potential prospective relief" the court would need to grant at trial).

Here, there is good cause to reopen discovery as to the new factual developments identified in Defendants' MSJ papers.  Plaintiffs' opposition to Defendants' MSJ indicated that Plaintiffs have not had an opportunity test these new opinions through discovery, and Plaintiffs promptly asked Defendants to reopen discovery after submitting their MSJ opposition.  Reopening discovery at this time is prudent to assist Plaintiffs in testing Defendants claims, preparing Plaintiffs' experts on Defendants' new facts, and in connection with the submission of pre-trial disclosures due March 14; doing so will not result in any trial delays given that a trial date has not been set.  Defendants have not indicated any prejudice, and at most would be subject to some expenditure of time, costs, and resources.  Plaintiffs could not have foreseen the specific facts Defendants' claim have taken place given that they occurred and/or were presented after the close of discovery.  Moreover, Defendants have not supplemented their discovery productions as to the instant issues as required by Rule 26(e) (e.g., RFP 11 seeking records relating to in-custody deaths).  Finally, all of the evidence Plaintiffs seek

is relevant given that Defendants seek to present evidence of recent changes at trial.

Please let us know if you will reconsider your position and permit Plaintiffs to depose the below individuals and obtain the requested documents.  If so, we are happy to discuss particulars with you. If not, please fill in Defendants' portion of the IDC email that Gay circulated on Thursday, January 30 at 12:03 PM.  Thank you,
Van

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Thursday, January 30, 2025 1:54 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID77928]

> [EXTERNAL MESSAGE NOTICE]

We are required to hold a meet and confer via Zoom before you submit IDC's.  There is no rush here. There isn't even a trial date.

I am not available at our usual Wednesday at 9:00 timeslot next week but I am free next Thursday, February 6th at 9:00 a.m.

**Elizabeth M. Pappy** | Partner
*she, her, hers*
**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com   |   vCard   |   Bio   |   LinkedIn   |   bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Thursday, January 30, 2025 12:03 PM
**To:** Coleman, Susan E. <SColeman@bwslaw.com>; Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer

**Ex. H - 68**

<ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID77928]

[EXTERNAL]

Dear Susan,

The issue was not waived (see Plaintiffs' Opposition to Summary Judgment, Dkt. 796 at 6 n. 3); regardless, we need targeted discovery regarding your newly disclosed facts and witnesses (provided after the fact and expert cutoffs), as requested below, to prepare for trial.  PRA requests will not substitute for depositions and death and medical records.  And interviewing class members is a time consuming effort that cannot yield all the information we need.  Assuming Defendants are still opposed, here is our IDC email for you to fill in:


To the Chambers of Judge Leshner:

We represent the Plaintiffs and certified class and subclasses in *Dunsmore et al. v County of San Diego et al*., Case No. 3:20-cv-00406-AJB-DDL.  A dispute has arisen between the parties regarding Plaintiffs' request to re-open discrete aspects of discovery. After attempting to meet and confer, we would like to request a conference with the Court pursuant to Chambers Rule III(C).  Please see below for additional information as required under the Rule.

**(1) Proposed times mutually agreed upon by the parties for the conference**

January 31, 2025 All Day
February 3, 2025 All Day
February 5, 2025 9 to 11 a.m.

If the above times do not work for the Court, please let us know, and the parties will propose additional mutually agreed upon dates and times.

**(2) Neutral statement of the disputes**

**Ex. H - 69**

Defendants and Plaintiffs have a dispute about whether discovery should be re-opened to allow Plaintiffs to take four depositions of between 2 and 4 hours each and receive three categories of documents that Plaintiffs claim they need to prepare for trial.

## (3) One sentence describing each party's position

Plaintiffs' position:  Plaintiffs have good cause under Rule 16(b)(4) and have acted diligently in seeking half day depositions of the two key medical providers and two previously undisclosed witnesses, as well as easily obtained documents, including CIRB or other death reviews from calendar year 2024, and select medical records from 2024 and 2025; the information that will be generated from these targeted requests is needed to address Defendants' new evidence in their Motion for Summary Judgment that was disclosed after the discovery cut off deadlines and that is necessary to prepare for the upcoming trial.

Defendants' position:


Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Coleman, Susan E. <SColeman@bwslaw.com>
**Sent:** Wednesday, January 29, 2025 12:59 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID77928]

[EXTERNAL MESSAGE NOTICE]

Counsel – we are not inclined to agree.  If additional discovery was necessary for the summary

judgment opposition, you had an avenue to request that and did not do so. Thus, the summary judgment motion is not a basis for additional discovery because you waived any such argument by submitting your opposition.

In addition, when the discovery cut off was set, everyone including you and the judge understood that this was an injunction case and that things could and would change at the prison. This was anticipated and the judge set the cut off when he did, with the possibility of "new evidence" a strong possibility.

You are not entitled to additional discovery and the reasons you offer are not persuasive for all the above reasons.

In addition, you continue to submit PRA requests and/or signed authorizations for records of incarcerated persons, and that process is still open to you in addition to the ability to interview your own clients at will.

Best,

Susan

**Susan E. Coleman** | Partner
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
501 West Broadway - Suite 1600, San Diego, CA 92101
**D** 619.814.5803 | **O** 619.814.5800 | **F** 619.814.6799
scoleman@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Wednesday, January 29, 2025 12:15 PM
**To:** Coleman, Susan E. <SColeman@bwslaw.com>; Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID77928]

[EXTERNAL]

**Ex. H - 71**

Dear Counsel,

Do you expect to respond to our request below?

Best, Gay

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Gay C. Grunfeld
**Sent:** Monday, January 27, 2025 1:13 PM
**To:** Susan E. Coleman (scoleman@bwslaw.com) <scoleman@bwslaw.com>; Elizabeth (Beth) M. Pappy (epappy@bwslaw.com) <epappy@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Subject:** Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID77928]

Dear Counsel:

We write to request your agreement to targeted additional discovery in light of allegations made by Defendants in their Motion for Summary Judgment and the parties' upcoming trial.  We seek the following:

A four hour deposition of Dr. Peter Freedland limited to questions about CHP's role in medical care at the Jail and death reviews since June 13, 2024;
A four hour deposition of Dr. Jon Montgomery limited to questions about medical care at the jail, efforts to obtain NCCHC accreditation and death reviews since June 13, 2024;
A four hour deposition of Mike Binsfield limited to questions regarding allegations in his declaration of December 16, 2024 (Docket 782-2);
A two hour deposition of Sergio Sanchez limited to questions about kitchen cleanliness in jail facilities and allegations in his declaration of December 16,

**Ex. H - 72**

2024 (Docket 782-2);

Any and all CIRB or other death reviews completed by SDSO in calendar year 2024;

Medical records for any person who died in the jail or at a hospital post jail in 2024 or 2025;

30 class member medical records for class members treated between June 1, 2024 and present, further specifications to follow.

Please let us know your position as soon as possible; if you do not agree, we will seek an IDC.

Thank you, Gay Grunfeld

**Gay Crosthwait Grunfeld**
Managing Partner
Pronouns: she/her
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
ggrunfeld@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at ggrunfeld@rbgg.com.