Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Deann Rivard (SBN 177482)
drivard@bwslaw.com
Martin Kosla (SBN 247224)
E-mail: mkosla@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101-8474
Tel: 619.814.5800  Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300  Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' EX PARTE APPLICATION TO CONTINUE PRETRIAL DEADLINES AND PRETRIAL CONFERENCE UNTIL 30 DAYS AFTER A WRITTEN DECISION ON THE PENDING SUMMARY JUDGMENT MOTION IS ISSUED; OR IN THE ALTERNATIVE TO STAY PRETRIAL DATES PENDING A DECISION ON THE MOTION**<br><br>*Filed concurrently with Declaration of Susan E. Coleman, and [Proposed] Order*<br><br>[NO ORAL ARGUMENT REQUESTED]<br><br>Judge: Anthony J. Battaglia |

///

4904-0612-5350 v1

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' EPA TO CONTINUE OR STAY
PRE-TRIAL FILINGS PENDING MSJ RULING

## I.    INTRODUCTION

Defendants County of San Diego, San Diego County Sheriff's Department, and San Diego County Probation Department, as more fully set forth in the accompanying declaration of Susan Coleman, respectfully request this Court to continue the Pretrial Conference and related pre-trial deadlines to 30 days after a written decision on the pending Motion for Summary Judgment and/or Adjudication [Dkt. 782] is issued, or in the alternative to Stay the pretrial dates/deadlines pending a decision on the motion and to re-set them thereafter.

This modification of pretrial dates will allow the Parties to know the causes of action that will proceed to trial before prepping pretrial documents. This Court has inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants, including the power to stay proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). Moving pretrial documents, pretrial meet and confer, and the Pretrial Conference to a date after the summary judgment motion is decided will be more efficient – and effective – for both the litigants and the court.

## II.    THE PARTIES MET AND CONFERRED

The parties have met and conferred. Defense counsel Susan Coleman conferred in person with Plaintiffs' counsel Gay Grunfeld following a Settlement Conference held on this case on March 7, 2025, about pushing back the pretrial dates so that a ruling on the Summary Judgment motion could be obtained first before prepping pretrial documents.  (Coleman Decl. 9.) Defense counsel also referenced the ongoing settlement efforts, and noted that if settlement were to be pursued, it should be the focus rather than also prepping for trial simultaneously. Ms. Grunfeld declined to agree to any continuance and stated that they were already working on pretrial documents.  (*Id*.)

///

///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4904-0612-5350 v1

2

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' EPA TO CONTINUE OR STAY
PRE-TRIAL FILINGS PENDING MSJ RULING

### III. LEGAL STANDARD

Whether to grant or deny a continuance is within the broad discretion of the district court. *United States v. Kloehn*, 620 F.3d 1122, 1126 (9th Cir. 2010). In deciding whether to grant the request for a continuance, the court is guided by the four factor inquiry set forth in *United States v. Flynt*, 756 F.2d 1352, 1357 (9th Cir. 1985). *Kloehn*, 620 F.3d at 1127. The court is to consider the extent of the diligence of the party in preparing for the hearing or trial; how likely the need for the continuance will be achieved by granting it; the extent to which the continuance inconveniences the court and opposing party, including witnesses; and the prejudice to the party if the continuance is denied. *Kloehn*, 620 F.3d at 1127; *Flynt,* 756 F.2d at 1357; see *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (applying four party test to civil action).

### IV. GOOD CAUSE EXISTS TO CONTINUE PRETRIAL DATES

In this case, good cause exists for a continuance or stay of the Pretrial Conference date and the pretrial filing deadlines. Both Defendants' Motion for Summary Judgment and Plaintiffs' *Daubert* Motion to exclude opinions of defendants' experts are set for hearing on March 27, 2025; however, <u>Pretrial documents are due before that date</u>. Memorandums of Contentions of Fact and Law are due on March 12, 2025, two full weeks before the motions will even be heard – and a written Order may issue well after the March 27th hearing on the motions. Pretrial Disclosures – listing all witnesses and exhibits for trial - are also due at the same time (March 12). Plaintiffs' counsel is to provide the defense with their Proposed Pretrial Order by March 27, 2025, with the meet and confer to be held at the latest by March 20, 2025, a week before the motion hearing.

It would be more efficient and economical – and potentially require much less time – to prepare pretrial documents after learning which causes of action remain for trial. Defendants moved for summary judgment on all but one cause of action, and are hopeful they will prevail on some claims.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4904-0612-5350 v1

3

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' EPA TO CONTINUE OR STAY
PRE-TRIAL FILINGS PENDING MSJ RULING

In this case, there is good cause to continue or stay all pre-trial filings due to the pending dispositive motion. Preparing and filing pre-trial papers such as a Memo of Contentions of Fact and Law, Exhibit and Witness lists (as required by the Pretrial Disclosures), and the Pretrial Conference Order are very time-consuming, expensive, and burdensome, when the motion could dispose of some or most claims. Additionally, even if not dispositive, the court's ruling and opinion on the summary judgment motion and opposition papers could be instructive to the Parties. For this reason, the pretrial deadlines and conference should be either continued or stayed so that the ruling may be obtained first. This request is made in good faith and is not brought for reasons of delay.

## V.  CONCLUSION

For the reasons stated herein, it is respectfully requested that this Court continue or stay the pretrial deadlines and the pretrial conference pending a written ruling on the dispositive motion, in order to have the decision to more effectively and efficiently prepare pretrial documents.

Dated: March 10, 2025

BURKE, WILLIAMS & SORENSEN, LLP

By:     /s *Susan E. Coleman*
Susan E. Coleman
Elizabeth M. Pappy
Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4904-0612-5350 v1

4

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' EPA TO CONTINUE OR STAY PRE-TRIAL FILINGS PENDING MSJ RULING