GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**NOTICE OF MOTION AND MOTION TO FILE UNDER SEAL DOCUMENTS FILED WITH PLAINTIFFS' SUR-REPLY**<br><br>Judge: Hon. Anthony J. Battaglia<br><br>Date: March 27, 2025<br>Time: 2:00 p.m.<br>Crtrm.: 4A |

[4662244.1]

Case No. 3:20-cv-00406-AJB-DDL
NOTICE OF MOTION AND MOTION TO FILE UNDER SEAL DOCUMENTS FILED WITH PLAINTIFFS' SUR-REPLY

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner, on behalf of themselves and the Certified Class and Subclasses (collectively, "Plaintiffs"), pursuant to Civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), hereby bring this motion to file under seal example documents filed with Plaintiffs' Sur-Reply Re: Defendants' Motion for Partial Summary Judgment.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and the Declaration of Eric Monek Anderson filed herewith.

DATED: March 10, 2025            Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: /s/ Eric Monek Anderson
    Eric Monek Anderson

Attorneys for Plaintiffs and the Certified Class and Subclasses

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Civil Local Rule 79.2 and Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), and consistent with this Court's orders regarding sealing, e.g., Dkts. 161, 306, 823, and 825, and Judge Leshner's December 18, 2024 order regarding confidentiality, Dkt. 785, Plaintiffs move to file under seal portions of Exhibits B and C to the concurrently-filed Declaration of Van Swearingen in Support of Plaintiffs' Sur-Reply Re: Defendants' Motion for Partial Summary Judgment.

Exhibits B and C are excerpts from the medical records of class members, which Defendants produced to Plaintiffs on March 3, 2025 pursuant to Court order.[1] The two class members submitted declarations with Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment. *See* Dkts. 796-17, 796-19. Although Defendants produced the excerpts as Confidential – Counsel Only, Defendants agreed that Plaintiffs may file the documents consistent with Judge Leshner's confidentiality order and the Court's sealing orders. Declaration of Eric Monek Anderson in Support of Plaintiffs' Motion to Seal, ¶ 4.

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). Under Ninth Circuit precedent, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate

---

[1] Defendants referenced the documents in their Reply in Support of the Motion for Partial Summary Judgment, but did not attach them or produce them until March 3, 2025, which means it falls on Plaintiffs to provide the documents to the Court for the record and thus to move to seal the documents.

justifications for sealing that outweigh the public policies favoring disclosure.  *See id.* at 1178–79.  "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret."  *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135).

It is well accepted that documents filed in connection with a summary judgment motion are subject to the compelling reasons standard for sealing.  *See Kamakana*, 447 F.3d at 1181 (applying compelling reasons to documents related to "dispositive motions"); *accord In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) (applying compelling reasons standard to documents filed "in connection with pending summary judgment motions"); *accord Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 998-99 (S.D. Cal. 2022) (applying compelling reasons standard to documents filed in connection with summary judgment briefing).

Here, compelling reasons exist to seal the limited information that Plaintiffs seek to seal in Exhibits B and C, which consists only of the information in those medical records that is unrelated to the medical issues put at issue in the class members' original declaration.  In the Court's prior sealing orders, the Court has granted motions to seal medical information in a class member's declaration that is not an issue in the underlying motion.  *See, e.g.*, Dkt. 306 at 4; *see also* Dkt. 823 at 5 (granting motion to seal information from medical records unrelated to an individual's death at the Jail).  Plaintiffs seek to seal only that limited information in the medical record excerpts that is unrelated to the medical issues identified in the person's declaration and thus unrelated to the underlying motion.  This information includes, for example, Ms. Stanley's prior medical conditions unrelated to her cancer and medications taken by Mr. Rosales that do not relate to the blood pressure treatment issues raised in his declaration.  Sealing this information but leaving public the information related to the class members' medical conditions at issue in the motion appropriately balances the public's right to know with these class

members' medical privacy.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion to seal.

DATED: March 10, 2025

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Eric Monek Anderson*
    Eric Monek Anderson

Attorneys for Plaintiffs and the Certified Class and Subclasses