GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO CONTINUE PRETRIAL DEADLINES AND PRETRIAL CONFERENCE UNTIL 30 DAYS AFTER A WRITTEN DECISION ON THE PENDING SUMMARY JUDGMENT MOTION IS ISSUED; OR IN THE ALTERNATIVE TO STAY PRETRIAL DATES PENDING A DECISION ON THE MOTION**<br><br>Judge: Hon. Anthony J. Battaglia |

# INTRODUCTION

In this certified class action challenging the dangerous, deadly, and unlawful conditions in the San Diego County Jail ("the Jail"), it is now time to try the claims of the Plaintiff class and subclasses. As Magistrate Judge Leshner stated in the governing scheduling order, Dkt. No. 682, "all counsel must take all necessary steps to bring [this] action to readiness for trial." *Id*. at 2 (quoting Civil L.R. 16-1(b)). Pursuant to that order, pre-trial disclosures are due three days from now, on March 14, 2025. *Id.*

Delaying the pre-trial deadlines and the trial date will harm the certified class and subclasses. For years, multiple independent third-parties have sounded the alarm about the hazards in the Jail, including the extraordinarily high death rate. *See, e.g.*, Third Amended Complaint, Dkt. 231 at ECF 10-13. After extensive pre-trial discovery, Plaintiffs' experts have prepared twenty-two comprehensive expert and rebuttal reports as to currently-pending claims, identifying Defendants' systemic failures to remedy the conditions that endanger class members' health and safety. *See* Dkt. 796-3–796-15. Collectively, these reports describe a system plagued by preventable deaths, substandard healthcare, widespread drug contraband, violence, environmental hazards, inadequate access to lawyers and courts, and overincarceration of Black and Latinx individuals. *Dunsmore* class members are forced to endure these unconstitutional and illegal conditions on a daily basis. Defendants' request for a blanket delay of trial tied to a future summary judgment ruling will result in irreparable harm and fails to meet the good cause standard under Federal Rule of Civil Procedure 16. It should be denied.

## PROCEDURAL BACKGROUND

Plaintiffs' operative Third Amended Complaint ("TAC") seeks to remedy illegal conditions at the Jail related to medical, mental health, and dental care, disability access, safety and security, environmental hazards, access to counsel and courts, and racial disparities in incarceration. Dkt. 231. The TAC names as

Defendants the County of San Diego ("the County"), San Diego County Sheriff's Department (now called the Sheriff's Office) ("SDSO"), and San Diego County Probation Department (collectively "Defendants"). This Court certified a class of "people who are now or will be in the future incarcerated in the San Diego jail." as well as subclasses in November 2023. Dkt. 435 at 2. On the day this Opposition is filed, there are 4,048 people in the seven facilities run by the San Diego County Sheriff's Office. *See* https://apps.sdsheriff.net/Inmatepopulation/ (as of March 11, 2025). Each year, approximately 100,000 people cycle in and out of the jail. *See* https://www.sdsheriff.gov/bureaus/detention-services-bureau (as of March 11, 2025). So far this year, two people have died in custody. *See* https://www.sdsheriff.gov/resources/transparency-reports.

Judge Leshner first set case management deadlines that included a deadline for dispositive motions followed by a pre-trial disclosure date on November 8, 2023. *See* Dkt. 442; *see also* Dkt. 479. The dispositive motion and pre-trial disclosure deadlines have always been approximately three months apart. The pre-trial deadlines in this case have been extended at least four previous times. *See* Dkt. Nos. 479, 594, 651, 682. The Court's July 15, 2024 scheduling order required that dispositive motions be filed by December 9, 2024. See Dkt. 682 at 2. The July 15, 2024 scheduling order set the following additional deadlines:[1]

| Event | Amended Deadline |
|---|---|
| Deadline to comply with pre-trial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) | March 14, 2025 |

---

[1] Contrary to Defendants' Ex Parte Application, *see* Dkt. 839 at 3-4, the parties are not required to file a memorandum of contention of fact in law in this case. *See* Dkt. 442, 479, 594, 651, 682. Nor are pre-trial disclosures due on March 12; instead, they are due on March 14. *See* Dkt. 682.

| Event | Amended Deadline |
|---|---|
| Deadline to meet and confer and prepare the proposed pretrial order in the form as set forth in Civil Local Rule 16.1.f.6. | March 20, 2025 |
| Deadline to file objections to pre-trial disclosures | March 27, 2025 |
| Deadline to serve and lodge the Proposed Final Pretrial Conference Order with the assigned district judge | April 3, 2025 |
| Final Pretrial Conference before the Honorable Anthony J. Battaglia | April 10, 2025, 2:00 p.m. |

The Court subsequently extended the dispositive motions deadline to December 16, 2024. Dkt. 745. That order expressly stated that the pretrial deadlines "remain in effect" and reminded the parties' attorneys to "take all steps necessary to bring [this] action to readiness for trial. *Id.* (citing Civ. L.R. 16.1.b).

Fact discovery closed in May 2024, *see* Dkts. 479, 635, 654, while expert discovery closed in November 2024, *see* Dkt. 721. In December 2024, the parties settled Plaintiffs' Third Claim (ADA). Dkts. 776, 777, 792. On December 16, 2024, Defendants filed their Motion for Partial Summary Judgment as to all but one of Plaintiffs' remaining claims (mental health care). Dkt. 782.

The parties have known since July 15, 2024 that pre-trial disclosures are due on March 14, 2025, approximately three months after the dispositive motion deadline. *See* Dkt. 682.

## ARGUMENT

Modifying the Court's scheduling order requires a showing of good cause. *See* Federal Rule of Civil Procedure 16(b)(4); *see also San Diego Comic Convention v. Dan Farr Productions*, 2017 WL 3269202 (S.D. Cal. Aug 1, 2017). To establish good cause, the party seeking modification of the scheduling order must show that, even with the exercise of due diligence, they could not meet the Court's timetable.

*Id.*; *see also Johnson v. Mammoth Recreation Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).[2] To show diligence, the moving party must establish that it collaborated with the court to fashion a workable scheduling order, that its anticipated noncompliance results from circumstances not reasonably anticipated at the time of the scheduling conference, and that it promptly sought to modify the schedule once it became apparent that compliance was not possible. *See* Rutter, Civil Procedure Before Trial § 15:30.5.

Defendants' Application fails to show diligence. As this Court has explained, "Defendants had an obligation to attend to these matters in a manner that comports with 'coherent case development planning' that 'avoid(s) the delays and the wasteful repetition of discovery events….' " *San Diego Comic Convention*, *supra*, 2017 WL 3269202 at *3 (citation omitted). Defendants have known that the period between dispositive motions and pretrial disclosures is approximately three months since November 2023, and have known the current deadline for the pre-trial disclosures for approximately nine months. *See* Dkts. 442, 682. The have always known that pre-trial disclosures were scheduled to occur approximately three months after dispositive motions for approximately nine months. And Defendants have known that their Motion for Partial Summary Judgment would not be heard until March 27, 2025 (now May 8, 2025) since the Court's order of February 3, 2025. Dkt. Nos. 803, 845.

---

[2] None of the cases in Defendants' Application support granting the broad extension of pre-trial deadlines Defendants seek. Defendants cite three Ninth Circuit cases that apply a test for evaluating the denial of a continuance on appeal. *E.g.*, *U.S. v. Flynt*, 756 F.2d 1352 (9th Cir. 1985); *U.S. v. Kloehn*, 620 F.3d 1122 (9th Cir. 2010); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942 (9th Cir. 2001). Only one of those cases, *Danjaq*, concerned a civil trial where a party sought a continuance. And in that case, the Ninth Circuit upheld the trial court's denial of a continuance due to the defendant's "lack of diligence" "and the inconvenience to the court and the opposing party." *Id.* at 961. The fourth case cited by Defendants, *Landis v. North American Co.*, 299 U.S. 248 (1936), is entirely irrelevant because it is about whether a case should be stayed until the resolution of other cases concerning the same issue. *Id.* at 250-251.

1    Defendants failed to move promptly to modify the schedule, waiting until
2    months after it was set, months after they moved for partial summary judgment, and
3    weeks after the Court moved the oral argument to a date after the pre-trial disclosure
4    deadline.  In fact, Defendants waited until a week before the pre-trial disclosures
5    were due even to request an extension from Plaintiffs' counsel.  *See* Declaration of
6    Gay Crosthwait Grunfeld in Opposition to Defendants Ex Parte Application, ¶ 4.

7    Defendants also fail to meet the second criterion:  that their anticipated
8    noncompliance is a result of circumstances not anticipated at the time of the
9    scheduling order.  Nothing has changed about the way the scheduling order set the
10   pre-trial deadlines that would justify Defendants' request for a continuance.  The
11   fact that "preparing and filing pre-trial papers … are very time-consuming,
12   expensive, and burdensome …" (Ex Parte Application at 4) is true of any complex
13   class action, including this one.  Defendants' lack of diligence is reason alone to
14   deny their application.

15   Originally, Defendants discouraged Plaintiffs from filing a motion for
16   summary judgment, stating it would be a waste of time and money because there are
17   so many disputed facts in this case.  Grunfeld Decl., ¶ 5 and Ex. B.  Having reversed
18   their position and filed their motion for partial summary judgment on December 16,
19   2024, and having sat silent as to scheduling issues since then, Defendants must
20   prepare their pre-trial disclosures on the same schedule that the parties have been
21   working under for the past nine months.

22   The burden imposed by this work, which might later prove unnecessary, is far
23   outweighed by the irreparable harm to the Plaintiff class from further delay in
24   obtaining injunctive relief.  This is especially true because there have already been
25   significant delays in trying this case.  Dkt. Nos. 479, 594, 651, 682.  Defendants
26   have not offered valid reasons for further delays other than the possibility of
27   prevailing on one or more claims on partial summary judgment.  But, having moved
28   for partial summary judgment, Defendants should know what their evidence is and

1  disclose it pursuant to the Court's scheduling order.  There is no good cause to delay
2  further, forcing the Plaintiff class to endure for an even longer time period
3  unconstitutional and unlawful conditions at the Jail.

## CONCLUSION

Defendants' Application fails to show diligence in seeking to delay the pre-trial deadlines in this case.  Granting Defendants' request would cause irreparable harm to the Plaintiff class and subclasses.  The Application should be denied.

DATED:  March 11, 2025          Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Gay Crosthwait Grunfeld*
     Gay Crosthwait Grunfeld

Attorneys for Plaintiffs and the Certified Class and Subclasses