UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO CONTINUE PRETRIAL DEADLINES AND PRETRIAL CONFERENCE UNTIL 30 DAYS AFTER A WRITTEN DECISION ON THE PENDING SUMMARY JUDGMENT MOTION IS ISSUED**<br><br>**(Doc. No. 839)** |

Presently before the Court is Defendants' ex parte application to continue pretrial deadlines and the Pretrial Conference until 30 days after a written decision on the pending Motion for Partial Summary Judgment is issued, or in the alternative, to stay the pretrial dates and deadlines pending a decision on the motion and to re-set them thereafter. (Doc. No. 839.) Defendants assert good cause exists for a continuance or a stay because the

pretrial documents are due before the hearing set for Defendants' Motion for Partial Summary Judgment and Plaintiffs' *Daubert* Motion to Exclude Opinions of Defendants' Experts, currently set for hearing on May 8, 2025. (*Id.* at 3.) Plaintiffs oppose the motion, asserting Defendants' application fails to show diligence. (Doc. No. 846.) Specifically, Plaintiffs contend Defendants have known that the period between dispositive motions and pretrial disclosures is approximately three months since November 2023, and have known the current deadline for the pretrial disclosures for approximately nine months. (*Id.* at 5.) Plaintiffs argue Defendants failed to move promptly to modify the schedule, waiting until a week before the pretrial disclosures were due before requesting an extension from Plaintiffs' counsel. (*Id.* at 6.) Plaintiffs further assert the class members will suffer irreparable harm from further delay in obtaining injunctive relief. (*Id.*)

While the Court agrees with Plaintiffs that Defendants failed to move promptly to modify the schedule, the Court finds good cause still exists for a continuance due to the potential for the claims, witnesses, and evidence to be altered by the Court's rulings on the pending summary judgment and *Daubert* motions. Thus, proceeding with the pretrial process as scheduled is premature. Any changes in witnesses, claims or evidence would render pretrial disclosures and the Joint Pretrial Order subject to significant change and repetition of the process. Based on the foregoing, the Court **GRANTS** Defendants' ex parte application and continues the pretrial deadlines until 30 days after a written decision is issued on the pending summary judgment and *Daubert* motions.

**IT IS SO ORDERED.**

Dated: March 12, 2025

Hon. Anthony J. Battaglia
United States District Judge