GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br>     Plaintiffs,<br>  v.<br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br>     Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**NOTICE OF MOTION AND AMENDED MOTION TO SEAL EXHIBITS TO PLAINTIFFS' MOTION TO EXCLUDE OPINIONS OF DEFENDANTS' EXPERT**<br><br>Judge: Hon. Anthony J. Battaglia<br><br>Date: March 27, 2025<br>Time: 2:00 p.m.<br>Crtrm.: 4A |

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiffs Darryl Dunsmore, Andree Andrade, Ernest Archuleta, James Clark, Anthony Edwards, Reanna Levy, Josue Lopez, Christopher Norwood, Jesse Olivares, Gustavo Sepulveda, Michael Taylor, and Laura Zoerner, on behalf of themselves and the Certified Class and Subclasses (collectively, "Plaintiffs") hereby bring this amended motion to file under seal documents filed in support of Plaintiffs' Motion to Exclude Opinions of Defendants' Experts.

This Motion is brought pursuant to Civil Local Rule 79.2, Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), and the Amended Stipulated Protective Order in this case, Dkt. 400. This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Eric Monek Anderson in Support of Plaintiffs' Motion to File Under Seal (filed herewith), any evidence and argument presented at any hearing on this Motion, and all other papers and pleadings on file in this action.

DATED: March 14, 2025         Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Eric Monek Anderson*
    Eric Monek Anderson

Attorneys for Plaintiffs and the Certified Class and Subclasses

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to the Court's March 6, 2025 Order, Dkt. 830, the Amended Stipulated Protective Order in this case, Dkt. 400, and the Court's Electronic Case Filing Administrative Policies and Procedures Manual Section 2(j), Plaintiffs file this amended motion to file under seal portions of documents filed in support of Plaintiffs' Motion to Exclude Opinions of Defendants' Experts. *See* Dkt. 779.

On December 16, 2024, Plaintiffs filed a motion to seal information submitted with Plaintiffs' Motion to Exclude Opinions of Defendants' Experts. Dkt. 780 ("First Motion to Seal"). In that motion, Plaintiffs sought to seal (1) Defendants' experts' reports, because Defendants requested the reports must be filed under seal in their entirety; and (2) excerpts from Plaintiffs' expert reports and other exhibits containing information that Defendants had designated confidential under the protective order. *Id.* at 2. As Plaintiffs noted, Plaintiffs had challenged many of Defendants' confidentiality designations at the time of the December 16, 2024 motion, but were required to file the documents under seal under the language of the protective order. *Id.* at 5.

On December 18, 2024, Judge Leshner issued an order largely denying Defendants' motion to maintain confidentiality. *See* Dkt. 785. On February 25, 2025, this Court denied the First Motion to Seal because the motion sought to seal information that was not confidential under Judge Leshner's confidentiality order and thus lacked compelling reasons for sealing. Dkt. 825. The Court denied the motion "subject to the redactions noted in [Judge Leshner's] December 18 Order." *Id.* at 4. On March 6, 2025, the Court ordered the parties to file an amended motion to seal by no later than March 14, 2025 if they wished to seal any information submitted with Plaintiffs' Motion to Exclude Opinions of Defendants' Experts. Dkt. 830.

Accordingly, Plaintiffs bring this amended motion to seal portions of the following documents attached to the Declaration of Van Swearingen in Support of

Plaintiffs' Motion to Exclude Opinions of Defendants' Experts ("Swearingen Declaration")[1]:

- Exhibit A, Rule 26 Report of Defendants' Expert Dr. Owen Murray
- Exhibit B, Rule 26 Report of Defendants' Expert Dr. Joseph Penn
- Exhibit C, Rule 26 Report of Defendants' Expert Dr. Scott Reinecke
- Exhibit D, Rule 26 Report of Defendants' Expert Lenard Vare
- Exhibits N-O, Excerpts from the Rule 26 Report and Rebuttal Report of Plaintiffs' Expert Dr. Pablo Stewart
- Exhibits P-Q, Excerpts from the Rule 26 Report and Rebuttal Report of Plaintiffs' Expert Dr. Jeffrey Keller
- Ex. W, Excerpts from the Transcript of the Deposition of Dr. Murray
- Ex. Z, Excerpts from the Transcript of the Deposition of Dr. Reinecke

## I.   LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). Under Ninth Circuit precedent, "[u]nless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135).

---

[1] Plaintiffs do not move to seal Exhibits R, T, U, and X to the Swearingen Declaration, as they do not contain any information that is confidential based on Judge Leshner's December 18, 2024 order or information sealable under this Court's prior orders. Plaintiffs are concurrently filing public versions of those exhibits along with the redacted versions of the exhibits Plaintiffs seek to seal.

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The burden varies based on the type of motion at issue, specifically whether the information sought to be sealed relates to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). In denying the First Motion to Seal, the Court recognized that the compelling reasons standard applies to a motion seeking to seal documents filed with a motion to exclude expert opinions. *See* Dkt. 825 at 2-3 (citing and applying compelling reasons standard); *accord In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 119-20 (9th Cir. 2012) (applying compelling reasons standard to documents filed in connection with a *Daubert* motion); *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 7029209, at *1 (S.D. Cal. Oct. 24, 2023) (same).

## II.  ARGUMENT

Compelling reasons exist to seal certain information filed with Plaintiffs' Motion to Exclude Opinions of Defendants' Experts. Plaintiffs specifically seek to seal: (1) confidential medical information of class members; (2) information about decedents that is unrelated to their deaths; (3) irrelevant and sensitive information about the conduct of class representatives; (4) the contact information of one of Defendants' experts; and (5) information derived from CIRB reports.

First, Plaintiffs move to file under seal confidential medical information in the expert reports and deposition transcripts, consistent with this Court's prior sealing orders and Judge Leshner's December 18, 2024 order, which held that class members' medical records are not confidential where "individual patient identification information" is redacted. Dkt. 785 at 5-6. Accordingly, Plaintiffs move to file under seal individual patient identification information of non-class representatives in Plaintiffs' expert reports, such as names, jail booking numbers, specific dates of care, and ages. *Cf.* 45. C.F.R. § 164.514(b)(2) (listing information

that can identify a patient). This approach is consistent with the compelling reasons standard.[2] To be sure, compelling reasons do exist to seal the names of class members who are not class representatives; namely, the preservation of medical privacy protections for these people who have been incarcerated in the Jail. In connection with a prior motion to seal, the Court agreed that the need to protect medical privacy is a "compelling reason" justifying sealing. Dkt. 306 at 3. The Court confirmed Plaintiffs' redactions to only the names and other identifying information of individual incarcerated people, which left public "information regarding conditions, communications, and custody and medical staff practices" at issue in the underlying motions. *Id.* at 4. Similarly, in a more recent sealing order, this Court found that compelling reasons existed to seal such information in Plaintiffs' own experts' reports. Dkt. 823 at 2-3.

Second, with respect to people who have died in-custody, Judge Leshner's December 18, 2024 order held that records related to such individuals are not confidential, so long as "'information about specific prior diagnoses or medications' unrelated to the death" is redacted. Dkt. 785 at 7. Accordingly, Plaintiffs move to file under seal limited medical information about those decedents that is unrelated to their deaths. This is also consistent with the compelling reasons standard, as it permits information about deaths at the Jail, a matter of tremendous public interest, to be public, while also shielding those persons' unrelated, private, and potentially embarrassing medical information from public view. *See* Dkt. 823 at 3 (this Court agreeing that compelling reasons exist to seal information about decedents unrelated to their deaths).

Third, Plaintiffs move to seal sensitive information about the class representatives in Exhibit D to the Swearingen Declaration, which is the expert

---

[2] Plaintiffs do not move to file under seal the names of the class representatives in this case, consistent with the Court's prior sealing orders. *See* Dkt. 161 at 3-4.

report of Defendants' expert Lenard Vare.  Plaintiffs are mindful of this Court's prior sealing order noting that "to a certain extent, Plaintiffs have put their medical history at issue in this case," but that the entirety of a person's medical information is not therefore broadcast to the public.  Dkt. 161 at 3-4.  Accordingly, Plaintiffs seek to seal personal information about Plaintiffs unrelated to their allegations in this case.  For example, in a section of his report (pp. 50-62) assessing whether Defendants have an adequate system for preventing drugs from coming into the facility, Mr. Vare appends various claims about individual Plaintiffs' drug use, including outside the jails.  Because whether a given person has used drugs is not at issue in the case, and the nature of the information is sensitive, Plaintiffs contend that compelling reasons exist to seal this information, with narrow redactions to permit disclosure of medical information that is at issue in the case.  Plaintiffs also contend that compelling reasons exist to seal Mr. Vare's other claims about Plaintiffs' arrests and long-ago charges, although Plaintiffs do not seek to seal statements about Plaintiffs' convictions or recent charges, which may be relevant to their classification at the Jail.

Fourth, Plaintiffs move to seal the personal address and contact information of Defendants' expert Dr. Joseph Penn.  Compelling reasons exist to seal this information, so as to protect the individual privacy of the retained experts in this case while permitting information about their professional credentials and opinions about conditions at the Jail to be public.  This Court agreed that compelling reasons exist to seal such information earlier in this case.  *See* Dkt. 823 at 6.

Finally, Plaintiffs move to seal information derived from Critical Incident Review Board ("CIRB") reports.  In the Court's February 25, 2025 sealing order, the Court noted that the Ninth Circuit's decision in *Greer v. San Diego County* does not resolve whether all CIRB reports, including those produced in this case, are

privileged.  Dkt. 825 at 5-6.[3]  The Court instructed the parties to contact Judge Leshner to address that issue, which the parties have done, and the issue is pending before Judge Leshner.  Accordingly, Plaintiffs move to file the information derived from CIRB reports under seal while the issue remains pending before Judge Leshner.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to seal.

DATED:  March 14, 2025           Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Eric Monek Anderson*
Eric Monek Anderson

Attorneys for Plaintiffs and the Certified Class and Subclasses

---

[3] Plaintiffs also note that *Greer* is not final, as the respondents may file a motion for rehearing en banc.  *See* Docket for Appeal No. 23-55607, ECF No. 72 (respondents' motion for extension of time to file petition for rehearing, which the Ninth Circuit granted at ECF No. 73).