Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Deann Rivard (SBN 177482)
drivard@bwslaw.com
Martin Kosla (SBN 247224)
E-mail: mkosla@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800  Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300  Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO SET FACT CUTOFF DATE OR REOPEN DISCOVERY FOR LIMITED PURPOSE**<br><br>[*Declaration of Elizabeth Pappy filed concurrently herewith*]<br><br>**Hearing**<br>Date:   Per Dkt. 826<br><br>Judge: Anthony J. Battaglia<br><br>Magistrate Judge: David D. Leshner |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4927-7770-1417 v1

1

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOSITION TO MOTION FOR FACT CUTOFF DATE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF FACTS

Defendants agree there should be a fact cut off which applies to both Plaintiffs and Defendants, such that neither party may introduce any new evidence regardless of source (including PRA's and medical records requests by Plaintiffs directly to Defendants) after a certain date. During meet and confer, the parties could not agree on a date and Plaintiffs would not agree to make the cut off mutual. Since meet and confer and Plaintiffs' submission of this motion, the Court has vacated all pre-trial deadlines until 30 days after decision on Defendants' pending Motion for Summary Adjudication. (Dkt. 850) Defendants request that the Court decline to set a cutoff date at this time given the uncertainty of a trial date.

Defendants also agree that there should be limited additional and mutual discovery, but not the scope of discovery Plaintiffs admit they don't need but at the same time claim to need it. The Court will recall that Plaintiffs' request for additional discovery was prompted by evidence in Defendants' reply papers in support of their Motion for Summary Adjudication. Plaintiffs concede that Judge Battaglia ordered Defendants to produce the "new" evidence and that it was provided on March 3, 2025. (Moving mpa's, p.10:22-25; *See also,* Dkt.824) Plaintiffs have decided that the evidence is immaterial and will not change what Plaintiffs believe will be a denial of Summary Adjudication. (Id, p.10:25-28)

Despite getting the new information that prompted this entire exercise, Plaintiffs go on to claim that they should be entitled to the "new" evidence they already admit to receiving without explanation. The request should be denied and the parties should be ordered to meet and confer to address both the broad issue of when and what additional discovery may be necessary based upon a fact cutoff as yet to be set and submit the same to this Court to determine what discovery may be conducted and within what timeframe.

/ / /

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4927-7770-1417 v1

2

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOSITION TO MOTION FOR FACT CUTOFF DATE

The Court will also recall that the request for additional discovery was prompted by Plaintiffs' complaints about "new" evidence in the reply papers prior to Judge Battaglia ordering production of this evidence, which was in response to a Motion to Strike made to Judge Battaglia. The request to this Court at an IDC on the question of additional discovery morphed into a request for a fact cutoff date and the Court ordered the parties to meet and confer about the fact cutoff date and discovery.

Defendants seek an order that a fact cutoff date should be set in accordance with a trial date and that the parties should be ordered to further meet and confer about how new changes should be reported to Plaintiffs and Plaintiffs' reporting of new information and documents to Defendants, to avoid unnecessary expense through formal discovery, and holding further meet and confers about what discovery each party requires from the other regarding any such new evidence. This will afford justice to both sides rather than the one way, prejudicial and contradictory approach suggested by Plaintiffs.

## II. ARGUMENT

### A. The Fact Cut Off Date Should be Set For Two Months Before The Actual Trial Date.

In *Brown v. Plata*, 563 U.S. 493, 523, 131 S. Ct. 1910, 1935, 179 L. Ed. 2d 969 (2011), a three-judge panel at the District Court level were determining whether remedial measures put in place by court order were working. Plaintiffs contended they were not and a three-judge panel considered Plaintiffs' claim. The Court was considering "current conditions" in California prisons and allowed discovery until a few months before trial. (Id, pp. 522-523) The Court allowed inspections of prisons up through the cutoff date and the parties engaged in limited inspections, and the Court determined that evidence of changed conditions after the two month cut off would not be permitted. (Id.) The Court struck a balance between the need to determine whether remedial measures implemented by trial court orders were

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4927-7770-1417 v1

3

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOSITION TO MOTION FOR FACT CUTOFF DATE

working as of the time of trial, and whether those measures would continue to address the issue they were designed to address.

Plaintiffs speak out of both sides of their mouth in claiming that conditions are unconstitutional in the detention facilities, and yet come before this Court and complain that changes are being made. Plaintiffs' counsel want to stop the clock to suit their purposes exclusively and not those of their clients. Plaintiffs apparently want their clients to suffer as long as possible so counsel can claim a win. A defendant is not required to sit on its hands and stop all planned changes having nothing to do with Plaintiffs' litigation or proceeding with changes that Defendants' experts and Plaintiffs request that are in fact good ideas.

There is no dispute that when setting a fact cutoff date, the Court must balance need for all parties to have the same evidence at trial and the need for an orderly pre-trial process, against the fact that long planned changes can and will move forward, and changes defendants believe are beneficial from its own experts (and even a few from Plaintiffs) have and will continue to take place. Defendants should not be punished for being proactive and for forging ahead in running its detention facilities just so Plaintiffs can paint their desired picture at trial.

The challenge presented here is that there is and has been no trial date and thus no ability to gauge what is fair in terms of a fact cutoff date to provide for orderly pre-trial submissions. Defendants assumed trial would be scheduled within a few months after the April 10th pre-trial hearing and requested an April 1st cutoff date to coincide with the expected trial date. Defendants also requested agreement from Plaintiffs to a clause in the agreement that either party could move the Court for good cause if something unexpected of a significant nature occurred. Plaintiffs never responded to the request, rejecting it and the request for mutuality for any new discovery. Judge Battaglia's recently issued order removing all pre-trial dates from the calendar because of the pending Summary Adjudication motion to be heard May 1, 2025 and any cutoff date set now will severely prejudice Defendants in terms of

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4927-7770-1417 v1

4

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOSITION TO MOTION FOR FACT CUTOFF DATE

ongoing changes that, again, having nothing to do with Plaintiffs and this lawsuit (but Plaintiffs will surely argue otherwise). There is no ability to know when the decision on Summary Adjudication will be issued.

Plaintiffs will suffer no prejudice whatsoever by waiting to set a fact cutoff date if they are permitted to conduct appropriate discovery as to truly new evidence. The complaints in the moving papers about the laborious discovery process are certainly true but only because Plaintiffs were unreasonable and unbending about what they were entitled to receive in discovery as this Court pointed out. (Dkt.536) And the laborious process does not outweigh fairness and justice to enable Defendants to present all evidence (within the confines of a reasonable fact cutoff date) to defend themselves from Plaintiffs' claims.

Plaintiffs will be free to assert that every change made by Defendants is as a direct result of Plaintiffs' counsels efforts, and that anything in close proximity to the trial should not be considered evidence of a durable change. Allowing the evidence and allowing Plaintiffs to argue about how it should be interpreted is justice in accord with due process. Trying to keep out evidence of changes several months old by the time of trial to benefit Plaintiffs alone is justice denied to Defendants and a trial based upon false information. As Plaintiffs point out, courts are required to inquire into "whether changes in policy and practice lead to "durable" remedies capable of lasting over the long haul. (Moving mpa's, p.8:18-25, *Citing to, Coleman v. Brown*, 952 F. Supp.2d 901, 932-33 (E.D. Cal.2013) And yet, Plaintiffs assert that changes that have been ongoing for years and which may come to fruition prior to any trial in this matter, should be hidden from the trier of fact so that an unfounded injunction may be issued in Plaintiffs' favor.

A good example of the prejudice to Defendants and the issue posed by a premature fact cutoff are the wi-fi issues at the facilities prohibiting the long planned use of tablets by every Incarcerated Persons for all manner of services. The desire to and efforts to gain reliable wi-fi throughout the facilities to allow for

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4927-7770-1417 v1

5

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOSITION TO MOTION FOR FACT CUTOFF DATE

Incarcerated Persons to have tablets has been known to this Court and Plaintiffs since the outset of this litigation. (Pappy Decl., Ex. A-M. Jensen Depo Transcript excerpts taken by Plaintiffs' counsel regarding Sheriff's Office plans for tablets and wi-fi issues). It is a continuing process according to Lt. Binsfield's declaration as pointed out by Plaintiffs. (Moving mpa's, p.8:9-17) What if the wi-fi is up and running in 3 facilities or all facilities 2 or 3 months prior to trial? This would be "new" evidence under Plaintiffs' one-sided view. Excluding this type of evidence would be unjust, severely prejudice Defendants and allow Plaintiffs to make false claims that ignore the Defendants' longstanding efforts toward the wi-fi issue since at least March of 2023. With the installation of kiosks, legal research is now available to all Incarcerated Persons but according to plaintiffs, the trier of fact should never see that information months from now when trial actually takes place. This is clearly contrary to *Brown v. Plata*, and offends any notion of justice and due process.

### B. The Court Should Allow Limited Discovery of New Evidence and Order the Parties to Meet and Confer for a Process to Ensure Disclosure and Proper but Limited Discovery.

The landscape now is different than when Plaintiffs submitted this motion. There continues to be no trial date and there are no pre-trial deadlines. Resetting of pre-trial deadlines is contingent upon when an order is issued by the Court on Defendants' Motion for Summary Adjudication which is currently scheduled for hearing on May 1, 2025. If an order is issued within 30 to 60 days thereafter, pre-trial deadlines will be pushed to July, August or September of 2025 with a trial anticipated to take place in October, November or December of 2025.

There is no reasonable means by which to set a cutoff date now and any such date would prejudice only Defendants providing Plaintiffs a windfall and the ability to present incorrect and outdated evidence at a trial that may take place seven months from now if all goes according to plan. Defendants specifically request that

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4927-7770-1417 v1

6

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOSITION TO MOTION FOR FACT CUTOFF DATE

a trial date be set along with the rescheduling of the pre-trial dates to the extent possible and that the parties be required to further meet and confer about how new changes should be reported to each other, and to hold further meet and confers about what discovery each party requests from the other regarding any such new evidence.

Defendants request that the Court deny Plaintiffs' request for specific discovery set forth in the moving papers in the form of 12.5 additional hours of deposition, production of discoverable records relating to deaths after the discovery cutoff, and 30 sets of medical records that Plaintiffs themselves can request through medical records requests. Plaintiffs admit they have all the new evidence they sought and yet still seek an order for that evidence. Requesting this unnecessary discovery undercuts the notion that Plaintiffs do not want to spend more money on discovery, particularly where deposing medical professionals now, for example, will likely have to be redone if the Sheriff's Office dares to implement improvements or changes that benefit the incarcerated persons Plaintiffs' counsel claim to represent. Given the change in circumstances as a result of Judge Battaglia's order and the admission by Plaintiffs that they have all the discovery they need which prompted the 12.5 hours of deposition and various records, the Court should deny the specific requested discovery, issue an order regarding additional meet and confer as requested by Defendants, and order that new discovery shall be mutual requiring Plaintiffs to disclose all documentation obtained through PRA requests, medical authority requestions and from any source whatsoever, not limiting it to what Plaintiffs request from the County of San Diego to ensure parity in disclosure of "new" evidence.

## III. **CONCLUSION**

Based upon the foregoing, Defendants request the Court order the following:

1. A fact cutoff be set by the Court following issuance of the decision on Defendants' Motion for Summary Adjudication. The Parties shall meet and confer regarding a fact cutoff date and submit a Joint Status Statement with Agreement or

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4927-7770-1417 v1

7

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOSITION TO MOTION FOR FACT CUTOFF DATE

each party's position. The Court will schedule a hearing following submission of the Joint Status Statement;

    2. The Court should deny Plaintiffs' specific discovery requests without prejudice;

    3. The Court should order the parties to meet and confer regarding any new evidence and exchange any such evidence within 15 days of becoming aware of it; and

    4. The Court should order that, going forward, the parties shall notify the opposing party of any new evidence and disclose the same in a timely manner after learning of said information. The parties are ordered to keep abreast of new evidence, specifically with regard to the defendants and changes taking place at the detention facilities. The parties shall meet and confer regarding any additional discovery either party requires based upon the new evidence and request IDC's as necessary, without duplicating depositions and requests for information to the greatest extent possible.

Dated: March 14, 2025

BURKE, WILLIAMS & SORENSEN, LLP

By:     */s/ Elizabeth M. Pappy*
Susan E. Coleman
Elizabeth M. Pappy
Deann Rivard
Martin Kosla

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4927-7770-1417 v1

8

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPPOSITION TO MOTION FOR FACT CUTOFF DATE