1  Susan E. Coleman (SBN 171832)
   E-mail:  scoleman@bwslaw.com
2  Deann Rivard (SBN 177482)
   drivard@bwslaw.com
3  Martin Kosla (SBN 247224)
   E-mail:  mkosla@bwslaw.com
4  BURKE, WILLIAMS & SORENSEN, LLP
   501 West Broadway, Suite 1600
5  San Diego, California 92101-8474
   Tel:  619.814.5800      Fax:  619.814.6799
6
   Elizabeth M. Pappy (SBN 157069)
7  E-mail:  epappy@bwslaw.com
   BURKE, WILLIAMS & SORENSEN, LLP
8  60 South Market Street, Suite 1000
   San Jose, California 95113-2336
9  Tel:  408.606.6300      Fax:  408.606.6333

10 Attorneys for Defendant
   COUNTY OF SAN DIEGO, SAN DIEGO
11 COUNTY SHERIFF'S DEPARTMENT and
   SAN DIEGO COUNTY PROBATION
12 DEPARTMENT

13                    UNITED STATES DISTRICT COURT

14                   SOUTHERN DISTRICT OF CALIFORNIA

15

16

17 DARRYL DUNSMORE, ANDREE              Case No.  3:20-cv-00406-AJB-DDL
   ANDRADE, ERNEST ARCHULETA,
18 JAMES CLARK, ANTHONY                 **NOTICE OF MOTION AND**
   EDWARDS, REANNA LEVY, JOSUE          **ADMINISTRATIVE MOTION TO**
19 LOPEZ, CHRISTOPHER NORWOOD,          **SEAL SECTIONS OF FILED**
   JESSE OLIVARES, GUSTAVO              **EXPERT DECLARATIONS**
20 SEPULVEDA, MICHAEL TAYLOR,           **WHICH REFERENCE COUNTY'S**
   and LAURA ZOERNER, on behalf of      **CIRB REPORTS**
21 themselves and all others similarly
   situated,                            [*Decl. of Susan E. Coleman; Proposed*
22                                       *Documents to be Filed Under Seal;*
                 Plaintiffs,             *and [Proposed] Order filed in support*
23       v.                              *thereof*]

24 SAN DIEGO COUNTY SHERIFF'S
   DEPARTMENT, COUNTY OF SAN            Date:        May 8, 2025
25 DIEGO, SAN DIEGO COUNTY              Time:        2:00 p.m.
   PROBATION DEPARTMENT, and            Courtroom:   4A
26 DOES 1 to 20, inclusive,
                                        Judge: Hon. Anthony J. Battaglia
27               Defendants.

28 ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4913-3734-0455 v2                    - 1 -            3:20-CV-00406-AJB-DDL
                                                      DEFENDANT'S MOTION TO FILE
                                                      DOCUMENTS UNDER SEAL

1    Pursuant to the Court's Order dated March 6, 2025 [Doc. #830], Civil Local

2    Rule 79.2, Section 2(j) of the Electronic Case Filing Administrative Policies and

3    Procedures Manual, and Section IV of Judge Battaglia's Civil Case Procedures,

4    Defendant COUNTY OF SAN DIEGO ("County") hereby submits this motion to

5    seal certain sections of expert declarations previously filed by Plaintiffs which

6    reference reports of the San Diego County Sheriff's Critical Incident Review Board

7    ("CIRB") related to the jail system, as follows.

8    **I.      INTRODUCTION**

9           In support of their opposition to the County's motion for partial summary

10   judgment, Plaintiffs filed several expert declarations which reference and quote

11   information and opinions contained in reports generated by the CIRB. Some of

12   these declarations were also filed in support of Plaintiffs' *Daubert* motion to

13   exclude the opinions of the County's experts. Despite its objections and claims of

14   privilege, these CIRB materials were produced by the County pursuant to the

15   Court's order granting Plaintiffs' motion to compel the production of those

16   materials.

17          However, in a recently published decision, the Ninth Circuit Court of

18   Appeals held that such CIRB materials are protected by the attorney-client

19   privilege. *See*, *Greer and San Diego Union Tribune, LLC v. County of San Diego*,

20   127 F.4th 1216 (9th Cir. 2025). As such, a "compelling reason" exists for the

21   sealing of the sections in the expert reports which reference the CIRB reports.

22   Further, this motion is "narrowly tailored" because the County is requesting that

23   only the specific sections that reference the CIRB materials be sealed in the expert

24   declarations that had been filed by Plaintiffs in this case.[1]

25

26   [1] Due to the Ninth Circuit's recent opinion in the *Greer* case, the County will be
     filing a separate motion for consideration under Rule 60 regarding the Court's
     earlier order granting Plaintiffs' motion to compel the production of the CIRB
27   materials in this case. Magistrate Leshner is also review the reports per this Court's
     order to determine if the reports at issue are subject to *Greer* but has yet to issue a
28   ruling. A motion to withdraw the unredacted portions from the record will be filed

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4913-3734-0455 v2                                    - 2 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' MOTION TO FILE
DOCUMENTS UNDER SEAL

## II.    LEGAL STANDARD FOR SEALING DOCUMENTS

It has been historically recognized that a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), quoting *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *Id*. at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1179, quoting *Foltz*, 331 F.3d at 1135. A court must consider these interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id*., quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (internal quotations omitted).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*.

With regard to *Daubert* motions and motions for summary judgment, the courts have found such motions to be more than tangentially related to merits of the

---

upon receipt of the ruling from Magistrate Leshner which may moot this Motion to Seal.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4913-3734-0455 v2                  - 3 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' MOTION TO FILE
DOCUMENTS UNDER SEAL

1    case, requiring the use of the "compelling reasons" standard.  *See*, *e.g.*, *Pulse*

2    *Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 998-99 (S.D. Cal. 2021)

3    (applying "compelling reasons" standard to motion to seal in connection with

4    *Daubert* and summary judgment motion).

5           "In general, 'compelling reasons' sufficient to outweigh the public's interest

6    in disclosure and justify sealing court records exists when such 'court files might

7    have become a vehicle for improper purposes,' such as the use of records to gratify

8    private spite, promote public scandal, circulate libelous statements, or release trade

9    secrets." *Kamakana*, 447 F.3d at 1179, quoting *Nixon*, 435 U.S. at 598).

10   Moreover, the "compelling reasons" rule requires the parties to "narrowly tailor[]

11   their request to redact only the portions of the filings and the precise exhibits" that

12   are deemed confidential.  *See*, *e.g.*, *In Re Qualcomm Litigation*, No. 17-cv-108-

13   GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal, Nov. 8, 2017).

14   **III.    COMPELLING REASONS EXIST FOR SEALING REFERENCES TO**

15           **COUNTY'S CIRB REPORTS DUE TO RECENT NINTH CIRCUIT**

16           **AUTHORITY DEEMING SUCH MATERIALS TO BE PRIVILEGED**

17          Here, in support of their opposition [Doc. #796] to the County's motion for

18   partial summary judgment, Plaintiffs filed several expert declarations [Doc. #798]

19   which reference and quote information and opinions contained in the CIRB reports

20   related to the jail system. (Coleman Decl., ¶ 3.)  Some of these declarations [Doc.

21   #779-3 and Doc. #779-4] were also filed in support of Plaintiffs' Daubert motion

22   [Doc. #779] to exclude the opinions of the County's experts.  (*Id.*, ¶ 4.)

23          Despite its earlier objections and claims of privilege, the CIRB materials had

24   been previously produced by the County pursuant to the Court's order granting

25   Plaintiffs' motion to compel the production of the materials to Plaintiffs.  The Court

26   rejected the County's argument that the privilege applied to the CIRB materials in

27   their entirety [Doc. # 468, 507, 529, 533].  (*Id.*, ¶ 5.)

28          Plaintiffs had filed a motion [Doc. #780] to file the expert declarations under

Burke, Williams &
Sorensen, LLP
Attorneys At Law
Los Angeles

4913-3734-0455 v2                          - 4 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' MOTION TO FILE
DOCUMENTS UNDER SEAL

1    seal but Court issued an order [Doc. #825] denying the motion.  The Court

2    subsequently issued an order [Doc. #830] allowing the parties to file an amended

3    motion to seal.   (*Id*., ¶ 6.)

4          However, on February 10, 2025, in the *Greer* case, the Ninth Circuit held

5    that the County's CIRB materials (such as the ones at issue here) were protected by

6    the attorney-client privilege.  *Greer*, 127 F.4th 1216.  In particular, in its decision,

7    the Ninth Circuit explained the nature of the CIRB process and records and applied

8    the eight-part test to determine whether the attorney-client privilege applied.  On

9    the question of whether communications with the attorney for the Sheriff during the

10   CIRB process related to legal advice, the Court noted that CIRB served more than

11   one purpose.  "In this circuit, the primary-purpose test applies to attorney-client

12   privilege claims for dual-purpose communications."  *Id*. at 1124, citing *In re Grand

13   Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) (internal quote marks and footnote

14   omitted).

15         The Ninth Circuit in *Greer* held that even though the CIRB process served

16   more than one purpose, the primary purpose of CIRB was to assess legal liability

17   for past events and avoid legal liability for future events.  *Id*. at 1226-1227.  The

18   Ninth Circuit concluded that because the CIRB process met the eight-step test for

19   attorney-client privileged communications, the CIRB reports were protected by the

20   attorney-client privilege.  *Id*. at 1227, 1230.

21         As such, because they have now been deemed to be protected by the

22   attorney-client privilege pursuant by the Ninth Circuit, there is a "compelling

23   reason" why this Court should seal the portions of the filed expert reports filed

24   which reference and quote the CIRB materials.

25         Further, this motion is "narrowly tailored" because the County is requesting

26   that only the specific sections that reference the CIRB materials be sealed in the

27   expert declarations filed in support of Plaintiffs' *Daubert* motion and their

28   opposition to the County's motion for partial summary judgment.  (Coleman Decl.,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4913-3734-0455 v2                  - 5 -        3:20-CV-00406-AJB-DDL
DEFENDANTS' MOTION TO FILE
DOCUMENTS UNDER SEAL

¶¶ 9-11.)

## IV.   CONCLUSION

For the foregoing reasons, the County respectfully requests that the Court grant this motion to seal certain sections of the expert declarations filed by Plaintiffs which reference the County's CIRB reports.  Due to recent Ninth Circuit authority, these materials have now been deemed to be protected in their entirety by the attorney-client privilege.

Dated:  March 14 , 2025                    BURKE, WILLIAMS &
                                            SORENSEN, LLP


                                            By:      /s/ *Susan E. Coleman*
                                                   Susan E. Coleman
                                                   Elizabeth M. Pappy
                                                   Deann Rivard
                                                   Martin Kosla

                                                   Attorneys for Defendants
                                                   COUNTY OF SAN DIEGO, SAN
                                                   DIEGO COUNTY SHERIFF'S
                                                   DEPARTMENT and SAN DIEGO
                                                   COUNTY PROBATION
                                                   DEPARTMENT

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4913-3734-0455 v2                          - 6 -                3:20-CV-00406-AJB-DDL
                                                          DEFENDANTS' MOTION TO FILE
                                                          DOCUMENTS UNDER SEAL

## PROOF OF SERVICE

**Dunsmore, et al v. San Diego County Sheriff's Department, et al.**
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 18300 Von Karman Avenue, Suite 650, Irvine, CA 92612-1032.

On March 14, 2025, I served true copies of the following document(s) described as **DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 14, 2025, at Irvine, California.

/s/ Bernadette C. Antle
Bernadette C. Antle

Burke, Williams & Sorensen, LLP
Attorneys At Law
Los Angeles

4913-3734-0455 v2

- 1 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' MOTION TO FILE
DOCUMENTS UNDER SEAL

**SERVICE LIST**

***Dunsmore, et al v. San Diego County Sheriff's Department, et al.***
**USDC Southern District Case No. 3:20-cv-00406-AJB-DDL**

| | |
|---|---|
| Gay C. Grunfeld, Esq.<br>Van Swearingen, Esq.<br>Michael Freedman, Esq.<br>Eric Monek Anderson, Esq.<br>Hannah M. Chartoff, Esq.<br>Benjamin W. Holston, Esq.<br>Kedra Chan<br>Rosen Bien Galvan & Grunfeld LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, CA 94105-1738<br>Telephone: 415.433.6830<br>Facsimile: 415.433.7104<br>Email: ggrunfeld@rbgg.com<br>Email: vswearingen@rbgg.com<br>Email: mfreedman@rbgg.com<br>Email: eanderson@rbgg.com<br>Email: hchartoff@rbgg.com<br>Email: bholston@rbgg.com<br>Email: kchan@rbgg.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |
| Aaron J. Fischer, Esq.<br>Law Office of Aaron J. Fischer<br>1400 Shattuck Square Suite 12 - #344<br>Berkeley, California 94709<br>Telephone: 510.806.7366<br>Facsimile: 510.94.6314<br>Email: ajf@aaronfischerlaw.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |
| Christopher M. Young, Esq.<br>Isabella Neal, Esq.<br>Oliver Kiefer, Esq.<br>DLA Piper LLP<br>4365 Executive Drive, Suite 1100<br>San Diego, CA 92121<br>Telephone: 858.677.1400<br>Facsimile: 858.677.1401<br>Email: christopher.young@dlapiper.com<br>Email: isabella.neal@dlapiper.com<br>Email: oliver.kiefer@dlapiper.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4913-3734-0455 v2

- 2 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' MOTION TO FILE
DOCUMENTS UNDER SEAL

1   Eugene P. Ramirez, Esq.
    Marguerite L. Jonak, Esq.
2   David Fleck, Esq.
    MANNING & KASS ELLROD, RAMIREZ,
3   TRESTER LLP
    801 S. Figueroa Street, 15th Floor
4   Los Angeles, CA 90017-3012
    Telephone: 213.624.6900
5   Facsimile: 213.624.6999
    Email: eugene.ramirez@manningkass.com
6   Email: marguerite.jonak@manningkass.com
    Email: david.fleck@manningkass.com

*Attorneys for Non-Party NAPHCARE OF SAN DIEGO LLC*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4913-3734-0455 v2                    - 3 -

3:20-CV-00406-AJB-DDL
DEFENDANTS' MOTION TO FILE
DOCUMENTS UNDER SEAL