GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br>  v.<br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br>      Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**REPLY DECLARATION OF SHAWNA PARKS IN SUPPORT OF PLAINTIFFS' MOTION FOR INTERIM ATTORNEYS' FEES AND COSTS**<br><br>Judge: Hon. Anthony J. Battaglia<br><br>Date: May 8, 2025<br>Time: 2:00 p.m.<br>Crtrm.: 4A |

I, Shawna Parks, declare:

1. I am the Chief Litigation Officer at Disability Rights Advocates. I am a member of the State Bar of California and am admitted to practice in California courts as well as in the Central District of California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently about these facts. I make this Reply Declaration in support of Plaintiffs' Motion for Interim Attorneys' Fees and Costs.

2. DRA was Plaintiffs' counsel in *Bloom v. City of San Diego*, No. 17-CV-02324-AJB-DEB (S.D. Cal.), and I am familiar with the case. *Bloom* involved a challenge under the U.S. Constitution, California Constitution, federal disability access laws, and other statutes to two San Diego ordinances that restricted recreational vehicle parking and occupation of recreational vehicles. *Bloom v. City of San Diego*, No. 17-CV-02324-AJB-DEB, 2024 WL 4495512, at *1 (S.D. Cal. Oct. 15, 2024). The parties litigated a motion to dismiss, which the Court denied, a motion for preliminary injunction, which the Court granted in part and denied in part, and a motion for class certification, which the Court granted in part. *Bloom v. City of San Diego*, No. 17-CV-02324-AJB-DEB, 2024 WL 1162103, at *1-2 (S.D. Cal. Mar. 18, 2024). Settlement negotiations spanned from May 2017 through August 2023. *Id.* at 2.

3. I have reviewed Plaintiffs' Third Claim for Relief in Plaintiffs' Amended Complaint. In their Third Claim for Relief, Plaintiffs challenged both numerous physical access barriers spanning seven jails and an array of programmatic access deficiencies that harm incarcerated people with a range of disabilities. I have also reviewed the summary of the litigation over the Third Claim for Relief set forth in the Declaration of Gay C. Grunfeld in Support of Plaintiffs' Motion for Interim Fees and Costs. From that review, I understand that litigation over the Third Claim for Relief spanned three years and involved significant motion practice, voluminous and highly detailed expert reports on hundreds of ADA access

barriers, vigorous opposition from Defendants, and over a dozen Court-supervised settlement conferences. Through my work at Disability Rights Advocates and over the course of my career as a disability rights litigator, I have also become generally familiar with ADA litigation in jails and prisons, and have worked on such cases myself. In my experience, these types of systemic barriers and programmatic access cases, particularly those in a correctional setting, require significant skill and expertise to litigate, and present complex legal and remedial issues.

4. While the nature of the claims and allegations differ between this case and *Bloom* (as would be expected in nearly any comparison between two matters), they are both heavily litigated, complex injunctive relief cases that took significant time to settle and therefore appropriate comparators for the purposes of establishing hourly rates. It is my experience that courts do not parse the market for similarly complex cases so finely as it appears Defendants are suggesting here. Instead, courts look to the practice area and the level of complexity on a more general level when identifying rates awarded in cases of comparable complexity. It is a qualitative comparison. It appears entirely reasonable for the instant matter to be compared to DRA's rates in *Bloom*.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, and that this declaration is executed at Valencia, California this 19th day of March, 2025.

_Shawna Parks_
Shawna Parks