GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br>　　　　　　　　Plaintiffs,<br>　　v.<br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br>　　　　　　　　Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO SET A NOVEMBER 22, 2024 FACT CUTOFF DATE OR RE-OPEN DISCOVERY FOR A LIMITED PURPOSE**<br><br>Magistrate: Hon. David D. Leshner<br><br>No Hearing Date Per Dkt. 826 |

1    The parties agree that a fact cutoff date is appropriate and necessary in this injunctive relief case.  Plaintiffs initially proposed a fact cutoff date of November 22, 2024, which is the deadline the Court set for the close of expert discovery.  Dkt. 834-1 ("Motion") at 4-7.  Plaintiffs contended that if the Court set a later fact cutoff date, the Court should set the cutoff as February 3, 2025—the date Defendants raised evidence (later produced on March 3, 2025, pursuant to Court order) of changes at the San Diego County Jail in connection with their reply in support of their motion for partial summary judgment.  *Id.* at 11-12.  A February 3, 2025 fact cutoff date would permit limited discovery on all new facts through summary judgment briefing.  *Id.*

Since Plaintiffs filed their Motion, Judge Battaglia issued an order extending the time for pretrial deadlines to 30 days after a written decision is issued on the pending summary judgment and *Daubert* motions.  Dkt. 850 at 2.  Given this development, and consistent with other injunctive cases imposing fact cutoff dates in advance of trial, Plaintiffs seek an order: (1) setting a fact cutoff date of February 3, 2025; (2) permitting limited discovery on new information up to February 3, 2025; and (3) setting a trial date in September 2025.

I.   **PLAINTIFFS REQUEST A FEBRUARY 3, 2025 FACT CUTOFF DATE AND TRIAL BEGINNING IN SEPTEMBER 2025**

Defendants' opposition concedes the need for a fact cutoff date, Opp. at 1, which is appropriate in an injunctive relief case such as this.  *See* Motion at 4-5.  Defendants contend the Court should tether the fact cutoff date to a yet-to-be determined trial date.  Opp. at 3.  Defendants further request that the Court set a trial date along with the rescheduling of the pre-trial dates, but only after the Court's ruling on their motion for summary judgment.  Opp. at 6-7.

Plaintiffs agree that it is necessary to set a trial date along with the fact cutoff date, and respectfully request that the Court do so now.

### A. The Court Should Set a Fact Cutoff Date of February 3, 2025 and Trial Beginning in September 2025

In injunctive relief cases, the fact cutoff date often coincides with the close of discovery. *See, e.g.*, *F.T.C. v. Qualcomm*, No. 17-cv-00220-LHK, 2018 WL 6597273, at *3-6 (N.D. Cal. Dec. 13, 2018) (enforcing fact discovery deadline as fact cutoff date); *Rosie D. v. Romney*, 410 F. Supp. 2d 18, 30, n.4 (D. Mass. 2006) (imposing fact cutoff date as of the date discovery closed and noting that "[p]ermitting Defendants to offer evidence acquired after the close of discovery would leave Plaintiffs unprepared to challenge the newly-acquired material").

Plaintiffs recognize that the Court's order extending the pretrial disclosures, Dkt. 850, will necessarily push back trial, and that a fact cutoff date beyond November 22, 2024, the close of expert discovery, is appropriate. In light of this development, Plaintiffs request a fact cutoff date of February 3, 2025—as Plaintiffs requested in the alternative in the Motion, *see id.* at 11-12—which is the date Defendants submitted their reply in support of their motion for partial summary judgment.

Setting a fact cutoff date of February 3, 2025 creates benefits and efficiencies for both the parties and the Court. The longer the fact cutoff in this case is delayed, the greater the volume of additional discovery will become, with production of more documents, more and/or lengthier depositions, and potentially additional Jail inspections. Further, with more discovery comes the increased likelihood that supplemental expert reports will be necessary, followed by the possibility of further expert depositions. Those activities will inevitably raise the costs for both parties and delay trial.

Plaintiffs also request that the Court set a trial date beginning in September 2025. A February 3, 2025 fact cutoff date would be approximately seven months before trial, which is consistent with Plaintiffs' original proposal under the prior case schedule, as well as case law. *See, e.g.*, *Connor B. ex rel. Vigurs v.*

*Patrick*, 985 F. Supp. 2d 129 (D. Mass. 2013) (setting August 2012 fact cutoff date for April 2013 trial); *Rosie D.*, 410 F. Supp. 2d at 30 (fact cutoff seven months before start of trial); *Qualcomm*, 2018 WL 6597273, at *1 (fact cutoff of March 2018 for January 2019 trial).

Prior to Judge Battaglia extending the pretrial deadlines, Defendants "assumed trial would be scheduled within a few months after the April 10th pre-trial hearing and requested an April 1st cutoff date to coincide with the expected trial date." Opp. at 4. Defendants' expectation before the extension, similar to Plaintiffs' expectation, was that trial would have begun in approximately July 2025, or 7-8 months after the close of expert discovery in late November 2024. A February 3, 2025 fact cutoff date is consistent with that time frame and includes evidence that is before the Court on Defendants' partial summary judgment motion (e.g., the new evidence Defendants produced March 3, 2025) in the trial record.

Setting a trial date is also appropriate, as it permits the parties' respective experts and other potential witnesses to ensure their availability.

**B.  Defendants' Contrary Arguments and Alternative Proposal Are Meritless**

Defendants' proposal to delay setting the fact cutoff date until an indeterminate future date, Opp. at 4, is impractical, would create uncertainty, and would likely lead to a rush of discovery by both parties immediately before trial, when counsel would normally be under great pressure to prepare the known evidence and witnesses for presentation at trial. Delaying determination of a fact cutoff date would create unnecessary work for all parties and the Court. Any new discovery could require substantial revisions to pretrial disclosures, despite Judge Battaglia's intent to avoid potential "significant change and repetition of the process" when he extended the case schedule. *See* Dkt. 850 at 2.

Defendants' proposal to set the fact cutoff date just two months before trial, Opp. at 3, is far too short and inconsistent with how courts manage cases like this

one. *See Connor B.*, 985 F. Supp. 2d at 129; *Rosie D.*, 410 F. Supp. 2d at 30; *Qualcomm*, 2018 WL 6597273, at *1.

Defendants contend that "Plaintiffs will suffer no prejudice whatsoever by waiting to set a fact cutoff date if they are permitted to conduct appropriate discovery as to truly new evidence." Opp. at 5. But Plaintiffs would be prejudiced by a delay in establishing a fact cutoff. As noted above, any delay in ending the discovery period in this case is likely to push out the date for trial even farther, which will result in further irreparable harm to the Plaintiff class as they continue to be exposed to unlawful conditions that place them at substantial risk of serious harm. Moreover, Plaintiffs, who are indigent, would be prejudiced by the need to conduct further, potentially expensive, discovery, including possibly re-engaging experts for supplemental reports.

Defendants, in contrast, do not show any prejudice they would suffer from a February 3, 2025 cutoff date. Defendants have not provided any indication that forthcoming evidence of changes in the Jail since February 3, 2025 would moot or otherwise defeat Plaintiffs' claims in this case. The standard to moot a claim for injunctive relief is high. As the Ninth Circuit has explained, "[v]oluntary cessation of an illegal course of conduct" renders a claim for injunctive relief moot only if "(1) there is no reasonable expectation that the wrong will be repeated, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Barnes v. Healy*, 980 F.2d 572, 580 (9th Cir. 1992); *see also Trinity Lutheran Church of Columbia, Inc. v. Comer*, 582 U.S. 449, 457 n.1 (2017). "[E]ven if Defendants [are] already making marginal improvements," the Court need not "sit idly by while Defendants violate[]" Plaintiffs' rights. *Armstrong v. Newsom*, 58 F.4th 1283, 1298 (9th Cir. 2023). Rather, Plaintiffs are "entitled to the protection of an enforceable order to ensure that past [constitutional] violations will not be repeated." *Barnes*, 980 F.2d at 580.

Here, Defendants reference only in-process changes to Wi-Fi at the facilities,

Opp. at 5-6, and fail to explain how such a change (if made) moots or otherwise defeats any of Plaintiffs' constitutional claims. Defendants themselves concede a fact cutoff is necessary, which necessarily means that some information about conditions at the Jail will be omitted from trial. Opp. at 1.

In a similar vein, Defendants argue that a "laborious [discovery] process does not outweigh fairness and justice to enable Defendants to present" evidence in defense of Plaintiffs' claims. Opp. at 5. To the contrary, courts have discretion to ensure "[o]rderly trial management." *See Brown v. Plata*, 563 U.S. 493, 523 (2011). Notably, the parties in this case already have evidence of conditions at the Jail spanning nearly four years.

Defendants incorrectly assert that "Plaintiffs"—referring to Plaintiffs' counsel—"apparently want their clients to suffer as long as possible so counsel can claim a win." Opp. at 4. Defendants suggest that if the Court implements a fact cutoff in this litigation, Defendants will "stop all planned changes" in the Jail, and without those changes, people incarcerated in the Jail will continue to "suffer." *Id.* That argument turns the issue on its head. As explained, promptly setting a fact cutoff and a trial date will ensure that this case is resolved expeditiously, including imposition of a court order requiring remediation of the Jail's constitutional deficiencies, which, Defendants seem to admit, cause incarcerated people to "suffer."

Defendants are wrong that *Brown*, 563 U.S. 493, supports their argument or necessitates a two-month fact cutoff in this case. Opp. at 3; *see also* Three-Judge Court Order for Pretrial Preparation, Case No. Civ S-90-0520 LKK JFM P, Dkt. 2859 (E.D. Cal. July 2, 2008) (setting fact cutoff of August 2008 for a November 2008 trial). *Brown* addressed only medical and mental health issues in the context of a population reduction order, 563 U.S. at 500; in contrast, the merits of seven distinct claims are at issue in this case.

For the foregoing reasons, the Court should set a fact cutoff date of

February 3, 2025. If the Court selects a later cutoff date, the parties' ongoing obligation to supplement their discovery responses should extend through that later cutoff date.

## II. THE COURT SHOULD PERMIT PLAINTIFFS LIMITED DISCOVERY TO ADDRESS NEW INFORMATION UP TO THE FEBRUARY 3, 2025 CUTOFF DATE

As outlined in Plaintiffs' Motion, should the Court set a fact cutoff that post-dates the November 22, 2024 expert discovery cutoff date in this case, Plaintiffs request the Court reopen discovery for the limited purpose of addressing new information up to the fact cutoff date that the Court imposes. Motion at 11-13. Defendants agree that Plaintiffs are entitled to "appropriate discovery" regarding new evidence, Opp. at 5, and offer no response to Plaintiffs' analysis of the six relevant factors under established case law, but disagree about Plaintiffs' specific requests. Defendants' arguments are unpersuasive.

*First*, Defendants contend that their March 3, 2025 production of the information referenced in their February 3, 2025 summary judgment reply satisfies Plaintiffs' request to reopen discovery. Opp. at 7. However, Defendants ignore Plaintiffs' requests for depositions and underlying medical records to test the one-sided claims in Defendants' employees' declarations about alleged changes at the Jail. Notably, Defendants, through document discovery, have largely produced documents only through December 31, 2023, *see* Dkt. 536, and have supplemented very few productions. Plaintiffs require further discovery about the underlying basis for the new claims in the declarations Defendants submitted with their partial summary judgment motion and reply. As Plaintiffs have explained, none of the claims in those declarations standing alone entitle Defendants to summary judgment phase, *see* Motion at 10, but those assertions may present questions of fact that Plaintiffs should be able to assess at trial.

*Second*, Defendants propose a vague process whereby the parties would meet and confer about changes within 15 days of becoming aware of new evidence and

then initiate a series of IDCs if necessary.  *See* Opp. at 6-8.  Defendants never raised this proposal during the extended meet and confer over the instant dispute.  *See* Dkt. 834-2 at ¶¶ 2-11.  Nor is the proposal practicable or efficient.  Defendants' proposal contemplates a series of IDCs, Opp. at 8, which will burden the Court with regular discovery disputes as information changes.  For example, if Defendants inform Plaintiffs of a change to a medical policy, the parties may dispute whether Plaintiffs can depose a representative of the Sheriff's Office about that change, or seek information showing how the policy is being implemented and compliance tracked.  If Defendants later inform Plaintiffs of a subsequent change to medical policies, the parties may have the same dispute again, or have periodic depositions.  *See* Opp. at 7 (noting that changes might necessitate redoing depositions).  By contrast, Plaintiffs' proposal to set a fact cutoff date now and permit limited, discrete discovery of information already provided by the parties through the completion of summary judgment briefing allows completion of the record while also providing certainty to the parties and the Court.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court set a fact cutoff date of February 3, 2025; allow the limited discovery specified in the Motion and herein; and set a trial beginning in September 2025.

DATED:  March 21, 2025              Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
    Van Swearingen

Attorneys for Plaintiffs and the Certified Class and Subclasses