GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br>            Plaintiffs,<br>       v.<br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br>            Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO SEAL (DKT. 856)**<br><br>Judge:  Hon. Anthony J. Battaglia<br><br>Date:  May 8, 2025<br>Time:  2:00 p.m.<br>Crtrm.:  4A |

1  Plaintiffs hereby respond to Defendants' Administrative Motion to Seal Sections of Filed Expert Declarations Which Reference County's CIRB Reports ("Administrative Motion"), filed on March 14, 2025. See Dkt. 856. In that Administrative Motion, Defendants seek to seal portions of four of Plaintiffs' experts' reports. Specifically, Defendants seek to seal portions of the expert reports that "reference and quote information and opinions contained in reports generated by CIRB." Id. at 2.

Before Defendants filed their Administrative Motion, Plaintiffs had already filed their own motion to seal expert reports filed in support of Plaintiffs' *Daubert* motion. See Dkt. 853. Plaintiffs sought to seal CIRB information in the expert reports of Dr. Pablo Stewart and Dr. Jeffrey Keller. Id. at 8; Dkt. 853-2 at 130-31, 282 (Plaintiffs' redactions to CIRB information in Keller and Stewart reports). The redactions Plaintiffs seek to those reports are identical to those Defendants seek in their Administrative Motion. See Dkt. 856-1, Exs. C-D (Defendants' redactions to CIRB information in Keller and Stewart reports). Plaintiffs' sealing motion and Defendants' Administrative Motion stem from the Court denying without prejudice Plaintiffs' original motion to seal documents filed with Plaintiffs' *Daubert* motion, and requiring an amended motion conforming with the compelling reasons standard. See Dkts. 825, 830.

In Defendants' Administrative Motion, Defendants also include portions of two expert reports (those of Dr. Kelly Ramsey and Gary Raney) that were not filed with Plaintiffs' *Daubert* motion, and thus are unnecessary to this motion to seal. See Dkt. 856-1, Exs. A-B. Those expert reports were filed with a different brief, Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, which may explain Defendants' confusion.[1]

---

[1] Plaintiffs note that the redactions Defendants propose are identical to the redactions Plaintiffs proposed when filing the Ramsey and Raney reports with Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment.

Despite seeking to seal the same information, Plaintiffs disagree with the basis Defendants provide in their Administrative Motion. Defendants claim that the Ninth Circuit's February opinion in *Greer v. County of San Diego*, 127 F. 4th 1216 (9th Cir. 2025) held that all "CIRB materials are protected by the attorney-client privilege"—including the CIRB reports produced in this case—and on that basis contend that any portions of Plaintiffs' expert reports that reference the CIRB materials produced in this case must be sealed. *See* Dkt. 856 at 2; *see also id.* at 5.

Defendants' argument is incorrect and ignores this Court's holding regarding the scope of *Greer*. When filing the same expert reports at issue in Defendants' Administrative Motion with Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, Plaintiffs sought to seal the portions of the expert declarations discussing CIRB reports because *Greer* was pending before the Ninth Circuit. Dkt. 797 at 6 (noting that "Plaintiffs do not concede that the information in the CIRB reports is in fact sealable or that it should be confidential."). After Defendants did not oppose Plaintiffs' basis for sealing, this Court held that in *Greer* "the Ninth Circuit did not make a general holding that *all* CIRB reports meet the criteria for attorney-client privilege." Dkt. 823 at 5-6 (emphasis in the original). This Court referred the matter to Judge Leshner "so that Judge Leshner may conduct an *in camera* review of the CIRB reports at issue to determine whether the attorney-client privilege applies, following *Greer*." *Id.* That determination is currently pending before Judge Leshner.

Defendants' request to now have this Court seal portions of Plaintiffs' expert reports on the grounds that the CIRB reports in this case are attorney-client privileged conflicts with this Court's directive to have Judge Leshner decide the issue. The same four expert reports that Defendants seek to seal here are the exact

---

*Compare* Dkts. 796-4 at 25-26, Dkt. 796-11 at 46-47 (Plaintiffs' redactions to Ramsey and Raney reports) *with* Dkt. 856-1, Exs. A-B (Defendants' redactions).

same expert reports that are currently before Judge Leshner.  Complying with Defendants' request could create inconsistent judicial decisions in a single case.[2]

For judicial efficiency and given Defendants' overreaching arguments regarding the scope of the Ninth Circuit's February opinion in *Greer*, this Court should grant the Administrative Motion solely on the grounds that the issue remains pending before Judge Leshner.  Once Judge Leshner issues his decision, the Court and parties can apply the same ruling to the same reports.

DATED:  March 28, 2025               Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
     Van Swearingen

Attorneys for Plaintiffs and the Certified Class and Subclasses

---

[2] Plaintiffs also note that a petition for rehearing *en banc* remains pending in *Greer*, so the Ninth Circuit's decision in that case is not yet final.