GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF AMENDED MOTION TO SEAL EXHIBITS TO PLAINTIFFS' MOTION TO EXCLUDE OPINIONS OF DEFENDANTS' EXPERTS**<br><br>Judge: Hon. Anthony J. Battaglia<br><br>Date: May 8, 2025<br>Time: 2:00 p.m.<br>Crtrm.: 4A |

Case No. 3:20-cv-00406-AJB-DDL
PLAINTIFFS' REPLY IN SUPPORT OF AMENDED MOTION TO SEAL EXHIBITS TO PLAINTIFFS' MOTION TO EXCLUDE OPINIONS OF DEFENDANTS' EXPERTS

On December 16, 2024, Plaintiffs filed a motion to file under seal documents filed in support of Plaintiffs' Motion to Exclude Opinions of Defendants' Experts ("Motion to Exclude"). *See* Dkt. 780. The Court denied without prejudice Plaintiffs' motion to seal in part because "Defendants did not file a response in opposition, a notice of non-opposition, nor a declaration in support of the motion to seal." Dkt. 825 at 3-4. Thereafter, the Court invited the parties to file amended motions to seal. *See* Dkt. 830. In response, on March 14, 2025, both Plaintiffs and Defendants filed motions to seal documents that were filed with the Motion to Exclude. *See* Dkts. 853 ("Plaintiffs' Amended Sealing Motion") and 856 ("Defendants' Sealing Motion").[1]

Plaintiffs' Amended Sealing Motion sought to seal information held to be confidential under Judge Leshner's confidentiality order (Dkt. 785), sensitive private information about class representatives, and the address and contact information of one of Defendants' experts. Dkt. 853 at 3-5. In addition, Plaintiffs sought to seal information in two of Plaintiffs' expert reports—from Dr. Jeffrey Keller and Dr. Pablo Stewart—filed with the Motion to Exclude that included information from Critical Incident Review Board ("CIRB") reports. *Id.* at 5-6. As Plaintiffs explained, sealing that CIRB-related information is required because this Court referred to Judge Leshner—in the context of a sealing motion related to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment—the question of whether that information in the expert reports of Drs. Keller and Stewart is privileged under the Ninth Circuit's decision in *Greer v. County of San Diego*, 1217 F. 4th 1216 (9th Cir. 2025). *See* Dkt. 823 at 5-6. Thus, in Plaintiffs' Amended Sealing Motion, Plaintiffs argued that the CIRB-related information should remain sealed while Judge Leshner's decision is pending. Dkt. 853 at 5-6.

Defendants' Sealing Motion sought to seal the exact same information in

---

[1] Defendants did not file an initial sealing motion, so they had no motion to amend.

Dr. Keller and Dr. Stewart's expert reports. *See* Dkt. 856 at 5. In doing so, Defendants incorrectly claimed that the Ninth Circuit's February opinion in *Greer* held that all "CIRB materials are protected by the attorney-client privilege"—including the CIRB reports produced in this case—and on that basis contended that any portions of Plaintiffs' expert reports that reference the CIRB materials produced in this case must be sealed. *See* Dkt. 856 at 2; *see also id.* at 5.

Plaintiffs disagree with this broad reading of *Greer*. And this Court has already held that in *Greer* "the Ninth Circuit did not make a general holding that *all* CIRB reports meet the criteria for attorney-client privilege." Dkt. 823 at 5-6 (emphasis in the original). For that reason, this Court referred the matter to Judge Leshner "so that Judge Leshner may conduct an *in camera* review of the CIRB reports at issue to determine whether the attorney-client privilege applies, following *Greer*." Critically, Defendants' Sealing Motion proposed redactions to Dr. Keller and Dr. Stewart's expert reports that are identical to those Plaintiffs proposed in Plaintiffs' Amended Sealing Motion. *Compare* Dkt. 856-1, Exs. C-D[2] (Defendants' redactions) with Dkt. 853-2 at 130-31, 282 (Plaintiffs' redactions).

In response to Plaintiffs' Amended Sealing Motion, Defendants filed a Non-Opposition in which they agreed that the Court should seal precisely the same "information derived from the [CIRB] reports" that Plaintiffs sought to seal. *See* Dkt. 877 at 1. Thus, Defendants' Sealing Motion and their Non-Opposition to Plaintiffs' Amended Motion to Seal establish that Defendants not only agreed entirely with the CIRB-related redactions Plaintiffs proposed to the Dr. Keller and Dr. Stewart expert reports but **proposed the same redactions themselves**.

---

[2] Defendants also unnecessarily filed proposed redactions to portions of Plaintiffs' expert reports from Dr. Kelly Ramsey and Gary Raney, even though those portions of the reports were not filed with Plaintiffs' Motion to Exclude. *See* Dkt. 856-1 at Exs. A-B. Those reports are before Judge Leshner in connection with the sealing motion related to Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment (Dkt. 823 at 5-6).

1  Plaintiffs therefore ask that the Court grant Plaintiffs' Amended Sealing Motion
2  regarding the CIRB information in those two expert reports.
3     This is what both parties propose and it maintains the status quo while Judge
4  Leshner's decision on whether that information is privileged remains pending.
5  Defendants' intention to file a motion for reconsideration of Judge Leshner's prior
6  CIRB order, *see* Dkt. 882, further weighs in favor of this Court avoiding issuing a
7  decision that could be inconsistent with Judge Leshner's forthcoming decision.
8  Moreover, a petition for rehearing *Greer* en banc is pending before the Ninth
9  Circuit, with the Court today ordering the County to respond to the petition.  *See*
10 Reply Declaration of Gay Crosthwait Grunfeld in Support of Plaintiffs' Amended
11 Motion to Seal Exhibits to Plaintiffs' Motion to Exclude Opinions of Defendants'
12 Experts ("Grunfeld Reply Decl."), filed herewith, Ex. H.
13    Despite agreeing with Plaintiffs' Amended Sealing Motion and seeking to
14 seal the exact same CIRB information through their own Sealing Motion,
15 Defendants' April 4, 2025 Reply in support of their Sealing Motion ("Reply") asks
16 the Court to order much greater relief than originally sought in their Sealing Motion.
17 Dkt. 883.[3]  Defendants' Sealing Motion asked the Court to "seal the portions of the
18 filed expert reports filed which reference and quote the CIRB materials," *see* Dkt.
19 856 at 5.  Defendants' Reply now argues that the Court should seal as privileged all
20 "statements, conclusions, and opinions derived from the CIRB reports."  Dkt. 883
21 at 1.  In other words, Defendants seem to contend that the Court should seal more
22 material in the expert reports from Drs. Keller and Stewart than requested in

---

[3] Defendants' Reply misunderstands the documents at issue, suggesting that the parties are moving to seal documents filed with Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment.  Dkt. 883 at 1.  The Court's order inviting amended sealing motions related to the documents filed with Plaintiffs' Motion to Exclude Opinions of Defendants' Experts.  Dkt. 830.  The CIRB information related to the documents filed with Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment is the information pending before Judge Leshner.  Dkt. 823 at 5-6.  The same information from the Keller and Stewart reports is at issue in both motions.

Plaintiffs' Amended Sealing Motion, even though Defendants filed a Non-Opposition to that motion and even though they sought to seal the exact same information in their Sealing Motion.  When deciding Plaintiffs' Amended Sealing Motion and Defendants' Sealing Motion alike, the Court can and should ignore this new request for relief presented in a reply brief.  *See United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (noting "[parties] cannot raise a new issue for the first time in their reply briefs").  Rejecting Defendants' request is particularly appropriate given that Defendants did not specifically identify what additional material should be sealed.

Notably, Defendants have repeatedly threatened Plaintiffs with sanctions for posting to counsel's website the same redacted material that Defendants filed with their Sealing Motion and that Defendants agreed with pursuant to their Non-Opposition to Plaintiffs' Amended Motion to Seal.  *See* Grunfeld Reply Decl., ¶¶ 4, 5, 6, 13 & Exhibits C, E, & G.  Plaintiffs have asked Defendants on numerous occasions to identify the allegedly privileged CIRB information they believe is included in the redacted expert reports, but Defendants have consistently refused to identify any such portions of the expert reports.  *See* Grunfeld Reply Decl., ¶¶ 5, 7, 8, 12, 13, 14.  Because Defendants have failed to identify to the Court and to Plaintiffs any privileged "statements, conclusions, and opinions derived from the CIRB reports" (Dkt. 883 at 1), this Court should disregard the new and unsupported request in Defendants' Reply to order Plaintiffs to remove the expert reports that are on file with the parties' sealing motions and to refile them without privileged information.  *See* Dkt. 883 at 2-3.  Even if warranted, this request would be impossible to complete without specific proposed redactions from Defendants, which have never been provided.  Grunfeld Reply Decl. ¶ 14.

Despite the confusion caused by Defendants' inconsistent filings, the path forward is simple:  Plaintiffs' Amended Sealing Motion should be granted, including sealing the CIRB information Plaintiffs specify in their proposed

redactions, pending Judge Leshner's decision pursuant to Dkt. 823. Once Judge Leshner issues his decision, the parties can then apply his ruling to the expert reports, including by filing the expert reports with appropriate redactions and, if necessary, seeking an order to have the clerk remove from the docket any expert reports redacted inconsistently with Judge Leshner's order.

DATED: April 7, 2025

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Gay Crosthwait Grunfeld*
Gay Crosthwait Grunfeld

Attorneys for Plaintiffs and the Certified Class and Subclasses