1   GAY C. GRUNFELD – 121944            CHRISTOPHER M. YOUNG – 163319
    VAN SWEARINGEN – 259809             ISABELLA NEAL – 328323
2   MICHAEL FREEDMAN – 262850           OLIVER KIEFER – 332830
    ERIC MONEK ANDERSON – 320934        DLA PIPER LLP (US)
3   HANNAH M. CHARTOFF – 324529         4365 Executive Drive, Suite 1100
    BEN HOLSTON – 341439                San Diego, California  92121-2133
4   ROSEN BIEN                          Telephone:  (858) 677-1400
    GALVAN & GRUNFELD LLP               Facsimile:   (858) 677-1401
5   101 Mission Street, Sixth Floor     christopher.young@dlapiper.com
    San Francisco, California  94105-1738   isabella.neal@dlapiper.com
6   Telephone:  (415) 433-6830          oliver.kiefer@dlapiper.com
    Facsimile:   (415) 433-7104
7   ggrunfeld@rbgg.com
    vswearingen@rbgg.com
8   mfreedman@rbgg.com
    eanderson@rbgg.com
9   hchartoff@rbgg.com
    bholston@rbgg.com
10
    AARON J. FISCHER – 247391
11  LAW OFFICE OF
    AARON J. FISCHER
12  1400 Shattuck Square Suite 12 - #344
    Berkeley, California  94709
13  Telephone:  (510) 806-7366
    Facsimile:   (510) 694-6314
14  ajf@aaronfischerlaw.com

15  Attorneys for Plaintiffs and the
    Certified Class and Subclasses

16

17              UNITED STATES DISTRICT COURT

18              SOUTHERN DISTRICT OF CALIFORNIA

19  DARRYL DUNSMORE, ANDREE            Case No. 3:20-cv-00406-AJB-DDL
    ANDRADE, ERNEST ARCHULETA,
20  JAMES CLARK, ANTHONY EDWARDS,     **REPLY DECLARATION OF**
    REANNA LEVY, JOSUE LOPEZ,         **GAY C. GRUNFELD IN**
21  CHRISTOPHER NORWOOD, JESSE        **SUPPORT OF AMENDED**
    OLIVARES, GUSTAVO SEPÚLVEDA,      **MOTION TO SEAL EXHIBITS**
22  MICHAEL TAYLOR, and LAURA         **TO PLAINTIFFS' MOTION TO**
    ZOERNER, on behalf of themselves and all   **EXCLUDE OPINIONS OF**
23  others similarly situated,        **DEFENDANTS' EXPERTS**

24              Plaintiffs,

                    v.                Judge:    Hon. Anthony J. Battaglia
25  SAN DIEGO COUNTY SHERIFF'S
    DEPARTMENT, COUNTY OF SAN
26  DIEGO, SAN DIEGO COUNTY           Date:     May 8, 2025
    PROBATION DEPARTMENT, and DOES    Time:     2:00 p.m.
27  1 to 20, inclusive,               Crtm:     4A

                    Defendants.
28

[4679455.4]                                    Case No. 3:20-cv-00406-AJB-DDL
REPLY DECLARATION OF GAY C. GRUNFELD IN SUPPORT OF AMENDED MOTION TO SEAL EXHIBITS
TO PLAINTIFFS' MOTION TO EXCLUDE OPINIONS OF DEFENDANTS' EXPERTS

1      I, Gay Crosthwait Grunfeld, declare:

2      1.      I am an attorney duly admitted to practice before this Court.  I am a

3  partner in the law firm of Rosen Bien Galvan & Grunfeld LLP ("RBGG"), counsel

4  of record for Plaintiffs.  I have personal knowledge of the facts set forth herein, and

5  if called as a witness, I could competently so testify.  I make this Reply Declaration

6  in support of Plaintiffs' Amended Motion to Seal Exhibits to Plaintiffs' Motion to

7  Exclude Opinions of Defendants' Experts.

8      2.      On February 10, 2025, Defendants' counsel sent an email to Plaintiffs'

9  counsel demanding that all CIRB-related documents in the possession of Plaintiffs'

10 counsel or individuals who had been provided the documents be destroyed in light

11 of the Ninth Circuit's decision in *Greer v. County of San Diego*.  In their response,

12 Plaintiffs' counsel informed Defendants' counsel that they would destroy all CIRB

13 documents in their possession and instruct their experts (who were the only

14 individuals who had been provided these documents by Plaintiffs' counsel) to do the

15 same.  Plaintiffs' counsel took care to ensure that that process was completed.

16 A true and correct copy of this email chain is attached hereto as **Exhibit A**.

17     3.      On February 28, 2025, my associate Eric Monek Anderson and I

18 appeared before Magistrate Judge Leshner in connection with this Court's order that

19 the Magistrate Judge review the CIRB redactions in light of *Greer*.  During that

20 conference, Mr. Anderson and I informed Judge Leshner and counsel for

21 Defendants that Plaintiffs' counsel had destroyed all copies of the CIRB reports in

22 our possession.  A true and correct copy of the transcript of this proceeding is

23 attached here to as **Exhibit B**.  *See* Ex. B-14, B-16.

24     4.      On March 18, 2025, Defendants' counsel sent an email, a true and

25 correct copy of which is attached hereto as **Exhibit C**, to Plaintiffs' counsel, stating

26 that Plaintiffs' counsel had "ignored [Defendants'] demands to return and/or destroy

27 all privileged CIRB materials" and that Defendants' counsel would be seeking a

28 restraining order and sanctions.  Defendants' counsel stated that four of Plaintiffs'

1  expert reports (from Gary Raney, Dr. Keller, Dr. Ramsey, and Dr. Stewart) that

2  were posted to RBGG's website contained information from privileged CIRB

3  reports.  However, the expert reports posted to RBGG's website were documents

4  publicly filed in connection with the parties' sealing motions that contained

5  redactions to references to the CIRB reports.

6       5.     I responded the same day, indicating that Plaintiffs' counsel had

7  already confirmed deletion of all CIRB reports.  I explained that the redactions to

8  the expert reports on the RBGG website were the same as those Plaintiffs filed with

9  their January 21, 2025 sealing motion because the *Greer* decision was pending, Dkt.

10 797, which Defendants did not oppose, Dkt. 811.  I asked Defendants' counsel to

11 identify the specific information in the four expert reports in question that they

12 believe needed to be deleted.  Defendants' counsel did not identify the specific

13 information that they believed needed to be deleted.  Instead, Defendants' counsel

14 stated that "the statements made by your experts are in reliance upon privileged

15 reports which they never should have had under *Greer*.  Take them down or we will

16 seek a Court order and request sanctions."  I responded indicating that we "now

17 understand [Defendants] to be requesting us to redact the word "CIRB" and any

18 discussion of it."  I explained that this goes far beyond *Greer*, but nonetheless stated

19 that we will further redact mention of "CIRB" from the reports.  Defendants'

20 counsel responded:  "No.  That's not what I'm asking.  We are filing the TRO and

21 request for monetary sanctions."  I replied asking Defendants to "[p]lease explain

22 what you want us to do."  Defendants' counsel replied that Defendants wanted

23 Plaintiffs' counsel to "take [the expert reports] off your website…."  Ex. C-27.  I

24 informed Defendants that we would do so, even though we did not think it was

25 required.  Defendants' counsel responded:  "Take down the entire reports for

26 Ramsey, Raney, Keller and Stewart, and any other report that contains the word

27 'CIRB' and/or any opinion derived from a CIRB report.  If you do not take them

28 down by the time I check in the morning, we are moving forward with the TRO and

1  request for sanctions." *Id.* at C-25. All of these communications took place on

2  March 18, 2025. *See* Ex. C.

3      6.    The same day, Plaintiffs' counsel removed the four redacted expert

4  reports from RBGG's website. Plaintiffs' counsel did not believe that this was

5  necessary to comply with *Greer*, but did so out of an abundance of caution and at

6  the request of Defendants' counsel. I promptly notified Defendants' counsel of

7  these actions. The next day, March 19, 2025, Defendants counsel sent an email

8  stating that they would file a TRO and request for sanctions on the grounds that

9  RBGG's website indicated that the content was "removed at request of County of

10  San Diego." I then had the language revised to say "Content removed."

11     7.    On March 20, 2025, I sent an email attaching the four expert reports at

12  issue with even more redactions than were in our sealing motion (to which

13  Defendants did not object). I informed Defendants that we believed it would be

14  appropriate to post these further redacted reports on RBGG's website and asked if

15  Defendants agreed, and if not, to let us know when we could meet and confer, or to

16  inform us which portions Defendants would like to have additionally redacted. On

17  March 23, 2025, Defendants' counsel informed me that they would look at the

18  attachments "this week and get back to you." Defendants never informed us about

19  their position on the redacted expert reports. On April 1, 2025, I informed

20  Defendants' counsel that I was still waiting for their position. Defendants' counsel

21  responded stating that they "have not had time to review and won't before

22  tomorrow's meet and confer." *See* Ex. C-19–C-23.

23     8.    Given Defendants' repeated threats to seek sanctions for posting the

24  expert reports, on March 21, 2025, I sent an invitation for a meet and confer to be

25  held March 26, 2025. I attached to the email an agenda which included two items:

26  (1) a request to place the further redacted expert reports back on RBGG's website,

27  and (2) a request to discuss Defendants' basis for asserting privilege over the expert

28  reports. A true and correct copy of my email and the meet and confer agenda is

1    attached hereto as **Exhibit D**.

2        9.      On March 23, 2025, Defendants' counsel declined to meet and confer,

3    stating that there was "no basis for such a conference at present" and that demanding

4    a meet and confer and seeking an IDC is a "misuse of the litigation process and in

5    and of itself grounds for Rule 11 sanctions."  A true and correct copy of Defendants'

6    counsel's March 23, 2025 email is attached as **Exhibit E**.

7        10.      The next day, on March 24, 2025, Defendants' counsel sought to meet

8    and confer about their intent to bring a motion for the Court to reconsider its earlier

9    discovery order [Doc. #468] related to the production of CIRB reports.  A true and

10   correct copy of Defendants' counsel's March 24, 2025 email is attached as

11   **Exhibit F**.

12       11.      Later the same day, Defendants' counsel wrote to Plaintiffs' counsel

13   stating that they would not meet and confer about Plaintiffs' agenda (*see* Exhibit D),

14   but that Defendants did want to meet and confer about CIRB documents related to

15   their agenda.  The same day, I agreed to meet and confer.  *See* Exhibit E.

16       12.      The parties met and conferred on April 2, 2025 regarding the six items

17   in Defendants' email of March 24, 2025.  *See* Exhibit F.  Toward the end of the

18   meet and confer, after discussing all six items, I asked counsel for Defendants to

19   "look, if you would, please, at the redactions on the four expert reports that I took

20   off the website."  Counsel for Defendants said she was "hoping to get to it this

21   week."  I pointed out that we had sent the further redacted reports weeks ago and it

22   would only take a few minutes to look at the redactions.  I also asked to hear from

23   Defendants' counsel by noon on April 3 regarding their position.

24       13.      Later on April 2, 2025, my partner Van Swearingen sent an email

25   following up on the meet and confer enclosing notes and the Zoom recording.

26   Plaintiffs' counsel's notes stated that they would be posting the further redacted

27   expert reports on RBGG's website in the event that Defendants do not identify

28   which portions of the further redacted reports they believe to contain privileged

1   information.  Defendants' counsel responded to Mr. Swearingen's email the same

2   day, stating that "I suggest you rethink posting the reports at noon tomorrow

3   because it will prompt me to move forward with the request for sanctions given the

4   continued inappropriate conduct by Ms. Grunfeld and her firm."  The same day,

5   Plaintiffs' counsel responded asking Defendants to:

> Please let us know the basis for your threatened sanctions.  As you
> know, the expert reports that Plaintiffs plan to re-post on our website
> contain even more redactions (the same redactions plus additional
> redactions) as the expert reports that are attached to Plaintiffs' sealing
> motions which Defendants did not oppose.  If Defendants did not
> oppose the public filing of those redacted expert reports, why do
> Defendants threaten sanctions for Plaintiffs posting reports with greater
> redactions to our website?
>
> We have asked you repeatedly to inform us of what that you think
> should be redacted but has not been redacted.  You have not responded.
> Please let us know the specific material that you think is privileged or
> otherwise objectionable.  If you do so, we are happy to have a
> conversation about the material you identify.

14   Defendants' counsel responded the same day, stating that "I can't help you at all if

15   you don't know the basis for sanctions by now…  I've written so many emails

16   outlining your conduct that one more isn't going to help you. It's unfortunate you

17   don't understand your ethical obligations."  Plaintiffs' counsel responded the same

18   day, stating that "You keep telling us you cannot help us but you've never identified

19   what the allegedly privileged information is despite our repeatedly asking for this

20   information.  We are trying in good faith to understand your concerns."  A true and

21   correct copy of this April 2, 2025 email chain is attached as **Exhibit G**.

22          14.    To this date, Defendants have still not identified what non-redacted

23   material in the four expert reports on file with the sealing motions Defendants

24   believe is privileged.  Nor have Defendants informed Plaintiffs that they have

25   reviewed the further redactions made to the four expert reports sent by Plaintiffs'

26   counsel on March 20, 2025.

27   / / /

28   / / /

15.    Attached hereto as **Exhibit H** is a true and correct copy of the Ninth Circuit order in *Greer v. County of San Diego*, No. 23-55607, filed April 7, 2025, directing Defendants San Diego County to file a response to Appellees' petition for panel rehearing and petition for rehearing on banc.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 7th day of April, 2025.

*/s/ Gay Crosthwait Grunfeld*
Gay Crosthwait Grunfeld

# TABLE OF CONTENTS
## EXHIBITS TO REPLY DECLARATION OF GAY C. GRUNFELD IN SUPPORT OF AMENDED MOTION TO SEAL EXHIBITS TO PLAINTIFFS' MOTION TO EXCLUDE OPINIONS OF DEFENDANTS' EXPERTS

| DESCRIPTION | EXHIBIT NO. | PAGE NO. |
|---|---|---|
| Email chain dated February 10, 2025 | A | 1 |
| Transcript of February 28, 2025 Discovery Hearing | B | 4 |
| Email chain from March 18, 2025 through April 2, 2025 | C | 18 |
| Email dated March 21, 2025 and Attachment | D | 35 |
| Email chain from March 21, 2025 to March 24, 2025 | E | 38 |
| Email dated March 24, 2025 | F | 42 |
| Email chain dated April 2, 2025 | G | 45 |
| *Greer v. San Diego County, et al.* (9th Cir. 2023) D.C. No. 23-55607, Order filed April 7, 2025 | H | 50 |

# EXHIBIT A

| From: | Eric Monek Anderson |
|---|---|
| To: | Pappy, Elizabeth M.; Gay C. Grunfeld; Van Swearingen; Aaron Fischer; Hannah Chartoff; Ben Holston; Michael Freedman; Young, Christopher; Kiefer, Oliver |
| Cc: | Coleman, Susan E. |
| Subject: | RE: Dunsmore v. SDSO: Return and Destruction of all CIRB Documents Immediately [IMAN-DMS.FID55015] |
| Date: | Monday, February 10, 2025 1:22:57 PM |

Beth,

We will destroy/delete the CIRB documents in our possession and instruct our experts to do the same. Our experts are the only individuals beyond counsel in this case who may have them. Please provide your list of CIRB documents produced to us when you have it.

We will write back upon confirmation that all documents in question have been destroyed and/or deleted. We will destroy and/or delete the documents rather than return, as returning the electronic documents would create a new record of the documents in our email system.

Eric

**Eric Monek Anderson** (he/him)
Associate Attorney



**Rosen Bien Galvan & Grunfeld LLP**
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
eanderson@rbgg.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at eanderson@rbgg.com.

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, February 10, 2025 10:42 AM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Kiefer, Oliver <oliver.kiefer@us.dlapiper.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** Dunsmore v. SDSO: Return and Destruction of all CIRB Documents Immediately
**Importance:** High

[EXTERNAL MESSAGE NOTICE]

Counsel,

As you may be aware, the 9th Circuit reversed the ruling in *Greer v. County of San Diego*. Demand is hereby made that all documents relating to CIRB including PPT, summaries, reports, notes, memoranda, and records be returned to this office immediately and your copies will be destroyed. We are currently reviewing what has been produced to your office in this litigation and will provide a list, but your offices must undertake immediate efforts to identify said documents and begin returning them and destroying all copies.

You must cease and desist from distribution of any CIRB related documents to anyone inside or outside your firms.

Please immediately provide a list of names and contact information for all individuals/entities to whom the documents have been provided at any point in time as they need to be contacted and instructed to return and destroy the documents. This includes your experts, news agencies, other attorneys prosecuting cases against the County, and everyone else.

Please confirm receipt of this email and that you will immediately cease and desist from distributing any such information and take the above actions.

Thank you.

**Elizabeth M. Pappy** | Partner
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

# EXHIBIT B

<pre>
 1                    UNITED STATES DISTRICT COURT

 2              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3   DARRYL DUNSMORE, ERNEST      )
     ARCHULETA, ANTHONY EDWARDS, REANNA)
 4   LEVY, JOSUE LOPEZ, CHRISTOPHER )
     NELSON, CHRISTOPHER NORWOOD, and )
 5   LAURA ZOERNER, on behalf of  )
     themselves and all others    )
 6   similarly situated,          )
                                  )  No. 20-CV-0406-AJB-DDL
 7             Plaintiffs,        )
                                  )
 8   V.                           )  February 28, 2025
                                  )
 9   SAN DIEGO COUNTY SHERIFF'S   )
     DEPARTMENT; COUNTY OF SAN DIEGO; )
10   CORRECTIONAL HEALTHCARE PARTNERS, )
     INC.; LIBERTY HEALTHCARE, INC.;   )
11   MID-AMERICA HEALTH, INC.; LOGAN )
     HAAK, M.D., INC.; SAN DIEGO COUNTY)
12   PROBATION DEPARTMENT, and DOES 1 )
     to 20 inclusive,            )
13                                )
               Defendants.        )
14   _____)  San Diego, California

15

     TRANSCRIPT OF DIGITALLY RECORDED VIDEOCONFERENCED PROCEEDINGS
16                     (Discovery Conference)

17

18      BEFORE THE HONORABLE DAVID D. LESHNER, MAGISTRATE JUDGE

19

20

21

22

23   COURT REPORTER:         AMANDA M. LeGORE
                             RDR, CRR, CRC, FCRR, CACSR
24                           U.S. District Court
                             333 West Broadway, Suite 420
25                           San Diego, CA 92101
                             amanda_legore@casd.uscourts.gov
</pre>

**Ex. B - 5**

2

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFFS:        GAY GRUNFELD
                                ERIC ANDERSON
 3                              Rosen Bien Galvan & Grunfeld LLP
                                101 Mission Street, Sixth Floor
 4                              San Francisco, CA  94105-1738
                                (415)433-6830
 5                              ggrunfeld@rbgg.com
                                eanderson@rbgg.com
 6
                                AARON FISCHER
 7                              Law Offices of Aaron Fischer
                                1400 Shattuck Avenue, Suite 12 - #344
 8                              Berkeley, CA  94709
                                (510)806-7366
 9                              ajf@aaronfischerlaw.com

10

11
     FOR DEFENDANT COUNTY OF
12   SAN DIEGO:                 ELIZABETH PAPPY
                                Burke Williams & Sorenson LLP
13                              60 South Market Street, Suite 1000
                                San Jose, CA  95113
14                              (619)814-5800
                                epappy@@bwslaw.com
15

16

17

18

19

20

21

22

23

24

25
```

**Ex. B - 6**

3

1          (Friday, February 28, 2025)

2

3                P R O C E E D I N G S

4

5          THE COURT:  All right.  Good afternoon, everyone.

6          We are on the record in Dunsmore, et al., versus San

7    Diego County Sheriff's Department, et al, Case number

8    20-CV-406.

9          We have concluded an off-the-record discussion about

10   the settlement proceedings that will occur next Friday, and we

11   are now on the record to discuss the path forward to implement

12   Judge Battaglia's order granting in part and denying in part

13   plaintiffs' motion to seal -- or file documents under seal, I

14   should say.  That is Docket number 823.

15         May I have appearances from counsel, beginning with

16   plaintiffs' counsel.

17         ATTORNEY GRUNFELD:  Good afternoon, your Honor.  Gay

18   Grunfeld for the plaintiff class.  And with me are Eric

19   Anderson and Aaron Fischer, also for the plaintiff class.

20         ATTORNEY PAPPY:  Elizabeth Pappy appearing on behalf

21   of defendant.

22         THE COURT:  Thank you all.

23         I am looking at Judge Battaglia's order and

24   specifically pages 5 and 6, which pertain to the Critical

25   Incident Review Board.  Reports that were included with the

**Ex. B - 7**

4

1   summary judgment filings from the plaintiffs.  And specifically

2   Judge Battaglia's direction that the parties contact my

3   chambers so that I may conduct an in camera review of the CIRB

4   reports at issue, to determine whether the attorney-client

5   privilege applies, following the decision of the Ninth Circuit

6   Court of Appeals in *Greer versus County of San Diego*.

7           So I would be interested in hearing the parties'

8   respective positions, not on the merits but on how best to

9   proceed with this.

10          I understand it was an unopposed motion to seal.

11  Obviously, the Court has an independent obligation to make an

12  appropriate finding as to whether there are compelling reasons

13  to seal.  And I would be happy to hear from each side as to how

14  you think we should proceed.

15          Mr. Anderson, are you going to be handling this issue

16  on behalf of the plaintiffs?

17          ATTORNEY ANDERSON:  Yes, your Honor.

18          THE COURT:  Okay.  What are your initial thoughts,

19  again, as to the appropriate procedure for how we should

20  proceed?

21          ATTORNEY ANDERSON:  I think, to implement Judge

22  Battaglia's order, it requires your Honor to review these

23  documents under seal.  I think it would make sense for --

24  defendants have the burden to show that these documents, the

25  attorney-client privilege applies.  For them to provide the

1   documents, identify all of them for the parties and for the

2   Court.  And then to explain in a -- I do think some briefing is

3   necessary, to explain why they think the privilege applies, how

4   *Greer* does or does not apply to these documents.  And then for

5   us to respond.

6        THE COURT:  I think what I -- what is the volume of

7   documents that we're talking about, Mr. Anderson?

8        ATTORNEY ANDERSON:  I think they were approximately 30

9   CIRB reports that defendants produced to us as a result of your

10  Honor's orders.

11       Defendants have -- yesterday, identified more

12  documents than -- than those.  So there may be more documents

13  that they're arguing the privilege applies to.

14       And -- so I'm not sure of the total volume.  I think

15  that would make it more on the order of 50 or 60, if

16  defendant -- if that is defendants' position, that those

17  documents are privileged.

18       THE COURT:  But my understanding is we're not talking

19  about every CIRB report.  We are talking specifically about

20  portions of expert reports that describe CIRB reports that are

21  part of the motion to seal the plaintiffs' opposition to the

22  motion for summary judgment.

23       Is that correct?

24       ATTORNEY ANDERSON:  I think that's how the issue is

25  raised, but I understood at least Judge Battaglia's order to be

**Ex. B - 9**

1    a little bit more broad in scope, in saying -- let me have the

2    language in front of me.   (Pause.)

3         So it does refer to the CIRB reports at issue.   So

4    I -- I see how -- it could just apply (inaudible), those that

5    are referred to in the expert reports.

6         But at least we understood this to apply more broadly,

7    just to whatever CIRB reports are -- have been produced in this

8    case and whether the privilege applies.

9         THE COURT:  Okay.  Do -- let's assume that the more

10   narrow construction is appropriate.  That this is designed to

11   assist Judge Battaglia in resolving the motion to file

12   documents under seal.

13        What is the volume of documents that we are talking

14   about?

15        I guess, were the actual CIRB reports attached to the

16   plaintiffs' opposition papers?  Or are we just talking about

17   expert reports that reference the CIRB reports?

18        ATTORNEY ANDERSON:  The latter, your Honor.

19        THE COURT:  All right.  If that is the case -- and I'm

20   not asking you to -- if you've memorized all of the expert

21   reports, Mr. Anderson.  But is that a smaller universe of

22   documents than what you mentioned?

23        ATTORNEY ANDERSON:  Certainly.  It's, I believe, four

24   reports.  But it would just be -- you know, these reports are

25   (indiscernible) hundreds pages long, but it would just be a few

**Ex. B - 10**

1  pages from each, is my recollection, without having them all in

2  front of me.

3      THE COURT:  And that would be a few pages from each

4  report that were attached to the plaintiffs' opposition to the

5  motion for partial summary judgment?

6      ATTORNEY ANDERSON:  Correct.

7      THE COURT:  Okay.  Ms. Pappy, what's your

8  understanding of what Judge Battaglia was discussing in the --

9  the order and sort of the -- the marching order to the parties

10  and to me?

11      ATTORNEY PAPPY:  Sure.  So it's my understanding --

12  I'm not sure if I differ from plaintiffs.  I didn't quite

13  follow the last exchange.

14      But it is that plaintiffs requested an order to seal

15  of either the entire or a portion of their expert reports that

16  either attach the CIRB reports or discuss the CIRB reports.

17      And that anything -- anything that the experts --

18  either the reports that are attached or referenced, he is

19  asking your Honor to decide are those specific reports that are

20  referenced privileged under *Greer*, based on *Greer*, such that

21  they need to be withdrawn.

22      I don't think Judge Battaglia is just going to go back

23  and decide whether it should be sealed if it can't be there.

24  So, you know, how he deals with it, I guess, is his decision.

25  But he's trying to decide a motion to seal.  And he's, like,

**Ex. B - 11**

1    should I even have these?  Is really the question that I -- I

2    perceive him as asking.

3         Just so that you know, as to the other CIRB documents

4    that are not the subject of that motion to seal, the County

5    will be filing a motion for reconsideration.  They're doing it

6    in all of the cases.  You might have even seen some in some of

7    the other cases.

8         (Pause.)

9         ATTORNEY PAPPY:  Oh, and one additional thing, if I

10   can.

11        I -- I don't agree that the burden is on the

12   defendants to file anything with your Honor.  It's -- it's

13   on -- because the judge didn't ask for briefing.  He just said,

14   Judge Leshner, can you look at what's been submitted to me and

15   decide whether the *Greer* decision has decided that it's

16   privileged?  So plaintiffs need to identify that stuff.

17        THE COURT:  All right.  I -- I don't need further

18   argument on that.  I'll make a call on that after I review

19   everything.

20        So here's what I would like to do.  It would be

21   helpful to me, at the outset, to have the parties submit to me

22   the portions of the plaintiffs' opposition to the motion for

23   partial summary judgment that include information from the CIRB

24   reports in this case, as well as the -- those unredacted CIRB

25   reports that are referenced; as an initial step.  That would be

1    -- I would like to start with that.

2         And I -- so -- and it would be helpful, Mr. Anderson,

3    because it's your pleading -- without deciding who's got the

4    burden of anything right now, I just want to understand what is

5    the information at issue, specific to the summary judgment

6    opposition?

7         So if you could, Mr. Anderson, send me or -- and

8    include Ms. Pappy on this, of course.  The highlighted -- I

9    guess, highlighted -- highlighting the portions of the expert

10   reports that specifically include information from the CIRB

11   reports.

12        It sounds like that's going to be pretty discrete, and

13   I'm really trying to make this as -- as easy as possible for

14   everyone.  So I hope that's not unduly burdensome.  But, again,

15   I don't know the volume of materials at issue.  It sounds like

16   it's manageable.  But is that doable task, Mr. Anderson?

17        ATTORNEY ANDERSON:  Yes.  And so when you say

18   "highlight," we can send you just the pages.  Or if you want us

19   to send the entire document with the portions highlighted.

20   Whatever -- whatever your preference is.  It would be more

21   digestible to potentially just send you five pages but --

22        THE COURT:  Just send me whatever was filed, I guess.

23        ATTORNEY ANDERSON:  Yeah.

24        THE COURT:  Whatever portion of the report was

25   included with your opposition brief, just send me that specific

**Ex. B - 13**

1    exhibit or attachment, whatever it was, with the highlighting

2    to the portion of it that includes information taken from the

3    CIRB reports.

4            And then if you could send me, please, the

5    corresponding CIRB reports.  And I would just -- you don't need

6    to highlight the CIRB reports for me.  Just the information in

7    the expert reports would be helpful.

8            ATTORNEY ANDERSON:  Regarding the CIRB reports, your

9    Honor, so after *Greer*, defendants asked us to delete those as

10   privileged.  And we have done so.  We don't have the CIRB

11   reports in our possession anymore.

12           THE COURT:  Okay.

13           ATTORNEY ANDERSON:  But -- so if the defendants are

14   willing to send them.  But we can't do that, at this point.

15           THE COURT:  All right.  So what I would ask you to do

16   is this.  We'll go ahead in a two-step process.  And I

17   appreciate that, Mr. Anderson.

18           So, number one, how much time would you need to send

19   me those portions of the expert reports that were attached to

20   your summary judgment opposition?

21           ATTORNEY ANDERSON:  No more than a day.  I hope we

22   could get it done this afternoon.  But Monday at the latest,

23   yeah.

24           THE COURT:  I think Ms. Pappy will cut you some slack

25   and give you until next week.

11

1          So, look, why don't you get them to me by -- by

2     Tuesday.  Okay?

3               ATTORNEY ANDERSON:  Okay.

4               ATTORNEY PAPPY:  And then do you want the accompanying

5     CIRB reports?

6               THE COURT:  If you could, could you get those?  Would

7     Thursday be okay?

8               ATTORNEY PAPPY:  That's fine.

9               THE COURT:  And then maybe we can talk about it on

10    Friday, if we've got time.  But I'm going to obviously want to

11    focus with you all on settlement, really.  So --

12              ATTORNEY PAPPY:  Sure.

13              THE COURT:  If I have questions, I may -- I may ask.

14    But --

15              So, Mr. Anderson, you'll send me the -- just email

16    into my email -- e-file is fine.  A copy to Ms. Pappy.

17              The highlighted excerpts from the expert report.

18              And then, Ms. Pappy -- that will be March 4th.  By

19    March 6th, you'll send me the corresponding CIRB reports.

20              ATTORNEY PAPPY:  Yes, your Honor.  But I will only

21    send the reports to you.  I will not be sending them to

22    plaintiffs' counsel.  Correct?

23              THE COURT:  That's right.

24              ATTORNEY PAPPY:  Okay.

25              THE COURT:  And is that okay with you, Mr. Anderson?

**Ex. B - 15**

1     ATTORNEY ANDERSON:  Yes, it saves us the burden of

2     then deleting that email.  So that's fine with us.

3     ATTORNEY GRUNFELD:  My only question is will we know

4     the Bates numbers of the documents that are sent over?  Could

5     we -- could we be told that.

6     ATTORNEY PAPPY:  Sure.  They've been just -- they --

7     yeah.  They've been destroyed, though.  Right?

8     ATTORNEY GRUNFELD:  Yeah.

9     ATTORNEY PAPPY:  Oh, yeah, sure, I'll send you Bates.

10    THE COURT:  So you'll send two emails on March 6th,

11    Ms. Pappy.  Just copy my chambers on both, and that will be

12    step one.

13    I'll take a look at everything, and then I'll talk to

14    you all about how best to address this.

15    ATTORNEY PAPPY:  Okay.  Thank you.

16    ATTORNEY ANDERSON:  Thank you, your Honor.

17    THE COURT:  No, thank you all.

18    It's good to see you all.  Have a good weekend.

19    I'm very much looking forward to seeing most of you in

20    person next Friday.  And I'm cautiously optimistic we can make

21    some good progress on continuing to resolve portions of the

22    case.

23    So have a great weekend.  See you next week.

24    ATTORNEY PAPPY:  Thank you, your Honor.

25    ATTORNEY GRUNFELD:  Thank you, your Honor.

**Ex. B - 16**

13

1           THE COURT:  Take care, everyone.

2           (Conclusion of proceedings.)

3

4                        --oOo--

5   I certify, by signing below, that the foregoing is a correct
    stenographic transcript, to the best of my ability, of the
6   digital recording of the audio proceedings had in the
    above-entitled matter this 13th day of March, 2025.  A
7   transcript without an original signature or conformed signature
    is not certified.  I further certify that the transcript fees
8   and format comply with those prescribed by the Court and the
    Judicial Conference of the United States.

9
            /S/ Amanda M. LeGore
10          _____

11      AMANDA M. LeGORE, RDR, CRR, CRC, FCRR, CACSR 14290

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Ex. B - 17

# EXHIBIT C

| | |
|---|---|
| **From:** | Gay C. Grunfeld |
| **To:** | Pappy, Elizabeth M.; Van Swearingen; Michael Freedman; Eric Monek Anderson; Hannah Chartoff; Ben Holston; Christopher Young; Isabella Neal; Oliver Kiefer; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer |
| **Cc:** | Coleman, Susan E.; Rivera, Raquel; Kosla, Martin; Eric Ho |
| **Subject:** | RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015] |
| **Date:** | Wednesday, April 2, 2025 8:37:45 AM |

I will do so.

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, April 2, 2025 8:36 AM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** Re: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

| [EXTERNAL MESSAGE NOTICE] |
|---|

Can you send an invite for the meeting?  I'm stuck in traffic and can't be the host.  Thanks
Sent from my iPhone


On Apr 1, 2025, at 6:33 PM, Pappy, Elizabeth M. <EPappy@bwslaw.com> wrote:


I have not had time to review and won't before tomorrow's meet and confer about something different.  I should be able to get to them Thursday with a few other items Eric emailed about.

Thank you.

**Elizabeth M. Pappy | Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street · Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Tuesday, April 1, 2025 5:30 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

[EXTERNAL]

Dear Beth,

We have not heard back on the attachments we sent (see yellow highlight below).  We can discuss that issue tomorrow morning along with the others.

Thanks, Gay

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Sunday, March 23, 2025 5:16 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen
<VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek
Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>;
Ben Holston <BHolston@rbgg.com>; Christopher Young
<christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>;
Oliver Kiefer <oliver.kiefer@dlapiper.com; Oliver.Kiefer@us.dlapiper.com; Aaron
Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel
<RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho
<EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision
[IMAN-DMS.FID55015]

| [EXTERNAL MESSAGE NOTICE] |
|---|

Violating your ethical obligation not to use what you now know to be privileged (or at a
minimum might be deemed privilege even under your theory) is very much a Rule 11
violation. I'm happy to look at these attachments this week and get back to you. We are
still deciding about whether to seek the sanctions but your email last week demanding a
premature and likely unnecessary meet and confer is further evidence of your bad faith
Rule 11 conduct.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA  95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com

**Ex. C - 21**

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the
designated addressee named above. The information transmitted is subject to the attorney-client privilege
and/or represents confidential attorney work product. Recipients should not file copies of this email with
publicly accessible records. If you are not the designated addressee named above or the authorized agent
responsible for delivering it to the designated addressee, you received this document through inadvertent
error and any further review, dissemination, distribution or copying of this communication by you or anyone
else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US
IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Thursday, March 20, 2025 11:49 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen
<VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek
Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>;
Ben Holston <BHolston@rbgg.com>; Christopher Young
<christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>;
Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron
Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel
<RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho
<EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision
[IMAN-DMS.FID55015]

[EXTERNAL]

Dear Beth and Susan,

We disagree that any of our conduct has been sanctionable as you
allege below and in the attached email.  To the contrary, we believe
that a Rule 11 sanctions motion would trigger anti-SLAPP and first
amendment protections.  But we have no interest in ancillary
litigation with the County; for that reason, we have revised the
language on our website.  We want to move forward towards a
comprehensive remedial plan, which is, and always has been, the
goal of this litigation.

Attached are the four reports, redacted further than they were in

our motion to seal (to which you did not object).  The redactions in
the attached reports assume that the County is correct on every
point--that is to say, that the CIRB reports are absolutely privileged
and that any discussion of them is equally privileged.  Given the
further redactions, we believe it is appropriate to return these four
reports to our website.

Please let us know if you agree.  If you do not agree, please let us
know when we can meet and confer about these four reports, or tell
us which portions you would like to have additionally redacted.

If not resolved today, we intend to raise this issue with Judge
Leshner tomorrow.

Thank you, Gay

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, March 19, 2025 9:17 AM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen
<VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek
Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>;
Ben Holston <BHolston@rbgg.com>; Christopher Young
<christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>;
Oliver Kiefer <oliver.kiefer@dlapiper.com, Oliver.Kiefer@us.dlapiper.com; Aaron
Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel
<RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho
<EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision
[IMAN-DMS.FID55015]
**Importance:** High

**Ex. C - 23**

**[EXTERNAL MESSAGE NOTICE]**

You've got to be kidding me.  "Content removed as request of County of San Diego"!!!

Take it down or we will file.  You are obligated to take it down because it contains privileged information not because we forced you to do what you are legally obligated to do.

Your actions continue to exemplify why sanctions are very much appropriate.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



---

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Tuesday, March 18, 2025 8:29 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

[EXTERNAL]

Dear Beth,

We have removed the four reports you mention below from our website.  We hope you will agree to meet and confer regarding these issues; please propose a date and time that works for you.

Best, Gay

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, March 18, 2025 7:46 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>, Oliver.Kiefer@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Take down the entire reports for Ramsey, Raney, Keller and Stewart, and any other report that contains the word "CIRB" and/or any opinion derived from a CIRB report.

If you do not take them down by the time I check in the morning, we are moving forward with the TRO and request for sanctions.  Your attempts to parse reports that contain the word "CIRB" is bad faith and further evidence of why Rule 11 sanctions should be issued.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Tuesday, March 18, 2025 7:42 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

[EXTERNAL]

We are in the process of removing the expert reports that mention the word CIRB from our website.  We do not believe this is required, but we are doing it.  We have already deleted all CIRB documents in our possession and our experts have confirmed they did the same. We would like to meet and confer about the declaration.


Gay Crosthwait Grunfeld
Managing Partner

She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, March 18, 2025 7:38 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen
<VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek
Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>;
Ben Holston <BHolston@rbgg.com>; Christopher Young
<christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>;
Oliver Kiefer <oliver.kiefer@dlapiper.com; Oliver.Kiefer@us.dlapiper.com; Aaron
Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel
<RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho
<EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision
[IMAN-DMS.FID55015]

---

<div style="background-color:#FCE6A2">[EXTERNAL MESSAGE NOTICE]</div>

Take them off your website and fill out the declaration fully, completely, and honestly.


Thank you.


**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com  |  vCard  |  Bio  |  LinkedIn  |  bwslaw.com



---

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated
addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents
confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If
you are not the designated addressee named above or the authorized agent responsible for delivering it to the
designated addressee, you received this document through inadvertent error and any further review, dissemination,
distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS
COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED
ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Tuesday, March 18, 2025 7:36 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen
<VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek
Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>;
Ben Holston <BHolston@rbgg.com>; Christopher Young
<christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>;
Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron
Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel
<RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho
<EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision
[IMAN-DMS.FID55015]

[EXTERNAL]

Please explain what you want us to do.

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, March 18, 2025 7:35 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen
<VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek
Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>;
Ben Holston <BHolston@rbgg.com>; Christopher Young
<christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>;
Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron
Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel
<RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho
<EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision
[IMAN-DMS.FID55015]

Ex. C - 28

[EXTERNAL MESSAGE NOTICE]

No.  That's not what I'm asking.  We are filing the TRO and request for monetary sanctions.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305  |  **O** 408.606.6300  |  **F** 408.606.6333  |  **M** 408.888.3223
epappy@bwslaw.com  |  vCard  |  Bio  |  LinkedIn  |  bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Tuesday, March 18, 2025 7:30 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

[EXTERNAL]

Dear Beth,

We now understand you to be requesting us to redact the word "CIRB" and any discussion of it.  This goes far beyond Greer – after all, the CIRB and its process are spelled out in public SDSO policy.

 Nonetheless, we will further redact accordingly from the reports
that mention CIRB. That process should be complete early
tomorrow.  We will let you know the status.

We do not agree that we have "violated Greer" or refused "to
comply with … ethical obligations" as you assert below. We also do
not agree that motion practice is needed or that we have engaged in
any sanctionable conduct.

Best, Gay

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, March 18, 2025 5:46 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen
<VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek
Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>;
Ben Holston <BHolston@rbgg.com>; Christopher Young
<christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>;
Oliver Kiefer <oliver.kiefer@dlapiper.com; Oliver.Kiefer@us.dlapiper.com>; Aaron
Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel
<RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho
<EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision
[IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

This is not the start of a meet and confer. If you simply read the areas around the
redactions, you can see that the statements made by your experts are in reliance upon
privileged reports which they never should have had under *Greer*. Take them down or
we will seek a Court order and request sanctions. The reports are on your public

website . . . not in a sealed filing with the Court who will be asked to remove them from the record.

The declaration urgently needs to be completed because you admit you have violated *Greer*. Judge Bataglia did not give you permission to keep privileged information in the public arena.

Given your refusal to comply with your ethical obligations, we will simply move forward with a request for TRO and seek sanctions against you personally and your firm.

**Elizabeth M. Pappy | Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Tuesday, March 18, 2025 2:16 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com, Oliver.Kiefer@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

[EXTERNAL]

Counsel,

The day after receiving your February 27 letter, on February 28, 2025, we stated at the discovery conference that Plaintiffs deleted all CIRB reports in our possession.  We also directed all of our retained experts who received the reports to do so, and received written confirmation from them that they did so.

The expert reports have always had information from CIRB reports redacted, given that *Greer* was previously pending.  The redactions to the expert reports on the RBGG website removing information from CIRB reports are the same as those Plaintiffs filed with the January 21, 2025 sealing motion because the *Greer* decision was pending, Dkt. 797, which Defendants did not oppose.  Dkt. 811.

Please identify the specific information in the reports on the RBGG website that you believe needs to be deleted.  We will promptly review and respond.

We disagree with your statements about the applicability and breadth of *Greer*.  As Judge Battaglia noted in this case, the Ninth Circuit in *Greer* "did not make a general holding that *all* CIRB reports meet the criteria for attorney-client privilege," Dkt. 823 at 5-6. The issue of the summary judgment excerpts is pending before Judge Leshner.  There is also a pending motion for rehearing en banc in *Greer*.  Nonetheless, we have deleted the CIRB reports and complied with our obligations.

We are not aware of any authority requiring us to complete the declaration you sent with your February 27, 2025 letter.   If you continue to demand that we do so, please send us the authority you have on this issue.

Thank you, Gay Grunfeld
Attorney for the Plaintiff Class

**Ex. C - 32**

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, March 18, 2025 11:18 AM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen
<VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek
Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>;
Ben Holston <BHolston@rbgg.com>; Christopher Young
<christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>;
Oliver Kiefer <oliver.kiefer@dlapiper.com; Oliver.Kiefer@us.dlapiper.com; Aaron
Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel
<RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>
**Subject:** Dunsmore v. County of San Diego: Failure to Comply with Greer Decision
**Importance:** High

<div style="background-color:#f5d97a">

[EXTERNAL MESSAGE NOTICE]

</div>

Counsel,

You were notified via email on February 10, 2025 about the *Greer* decision and the
determination that at a minimum, CIRB reports themselves are privileged.  A copy of the
email is attached.

You were sent a letter and declaration to fill out on February 27, 2025. You have failed
and refused to return the declaration.

Upon reviewing the RBGG website, you are in violation of *Greer* and Professional Rule
of Conduct 4.4.  You have ignored our demands to return and/or destroy all privileged
CIRB materials and documents relying upon and/or referencing said reports.  The expert
reports of at least Raney, Keller, Ramsey and Stewart are still posted on your website
with direct quotes from privileged CIRB reports, references to privileged CIRB reports
and statements/opinions relying upon privileged CIRB reports.  The Court's ruling in
*Greer* makes clear that you and your experts should never have had the reports in the
first instance and any reliance upon, reference to or citation to such reports is against

the law and a violation of your ethical obligations in allowing the information to be published.

I am now very concerned that you have failed and refused to obtain return of all such reports from media outlets and other attorneys you have distributed them to in violation of the law.

We will be seeking a restraining order against Plaintiffs' counsel for violation of, at a minimum, California Professional Rule of Conduct 4.4 for failing to identify all the distributions you have made as I requested on February 10th and as Rule 4.4 requires, and the continued maintenance of the privileged information on RBGG's website. We will likely also seek Rule 11 sanctions for the knowing and intentional nature of the conduct.

The request for a restraining order and sanctions for having to file the motion will be filed on Friday, March 21st if we do not receive all the information requested in my February 10th email and the February 27th letter and declaration by close of business March 19th.  This obviously includes removal of the improper expert reports from the RBGG website.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305  |  **O** 408.606.6300  |  **F** 408.606.6333  |  **M** 408.888.3223
epappy@bwslaw.com  |  vCard  |  Bio  |  LinkedIn  |  bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

# EXHIBIT D

| | |
|---|---|
| **From:** | Gay C. Grunfeld |
| **To:** | Elizabeth (Beth) M. Pappy (epappy@bwslaw.com); Susan E. Coleman (scoleman@bwslaw.com) |
| **Cc:** | Aaron Fischer; Young, Christopher; San Diego County Jail Team - RBGG Only |
| **Subject:** | Dunsmore v. San Diego; Proposed Agenda for Meet and Confer on March 26 [IMAN-DMS.FID55015] |
| **Date:** | Friday, March 21, 2025 5:02:58 PM |
| **Attachments:** | Agenda for Thirty-First Meet and Confer March 26 2025 - 03-21-2025 1730-01.docx |

Please see attached.  Thanks, and have a good weekend, Gay

**Gay Crosthwait Grunfeld**
Managing Partner
Pronouns: she/her
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
ggrunfeld@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at ggrunfeld@rbgg.com.

**Agenda for Meet and Confer on March 26, 2025 at 9:00 a.m.**

1.    CIRB Reports and Other Document Production Issues

    a.    Plaintiffs' agenda:

        (1)    Plaintiffs' Request to Place the Further Redacted Reports Emailed to Defendants on March 20, 2025 back on their website

        (2)    Defendants' basis for asserting privilege over documents listed with bates-numbers on p. 2 of Ms. Pappy's letter of February 27, 2025 (other than SD_1030373-631).[1]

    b.    Defendants' agenda:

        (1)

---

[1] Documents with bates-numbers SD_1030373-631 are the CIRB reports which have been deleted by us and our experts.

# EXHIBIT E

| | |
|---|---|
| **From:** | Pappy, Elizabeth M. |
| **To:** | Gay C. Grunfeld; Coleman, Susan E. |
| **Cc:** | Aaron Fischer; Young, Christopher; San Diego County Jail Team - RBGG Only |
| **Subject:** | RE: Dunsmore v. San Diego; Proposed Agenda for Meet and Confer on March 26 [IMAN-DMS.FID55015] |
| **Date:** | Monday, March 24, 2025 12:01:08 PM |

<div style="border:1px solid #d4a017;background:#fdf3d0;padding:4px;">

[EXTERNAL MESSAGE NOTICE]

</div>

Why do you persist in engaging in this conduct. We are not meeting and conferring on your agenda. It's not appropriate. We are required to meet and confer about the filing of a motion for reconsideration which is different than the inappropriate request you made. If you are willing to meet and confer on the Motion for Reconsideration this Wednesday and NOT on your inappropriate list, we can certainly hold it this week.

My email to you about the motion for reconsideration is the agenda. No need to waste money in this already expensive litigation as you are so prone to do.

You decide.

**Elizabeth M. Pappy** | Partner
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized person responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Monday, March 24, 2025 11:56 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>
**Subject:** RE: Dunsmore v. San Diego; Proposed Agenda for Meet and Confer on March 26 [IMAN-DMS.FID55015]

[EXTERNAL]

Dear Beth,

We disagree with your assertion that any of our conduct has been unethical or sanctionable in any way.  The repeated threats of Rule 11 sanctions (two emails during Sunday evening alone) only serve to make this protracted and challenging litigation more expensive.

Below you state that you will not meet and confer about the implications of Greer, yet less than 24 hours later you sent the attached request to meet and confer and invited us via zoom to a meet and confer on April 2.  We agree the parties need to meet and confer about Greer and are available either Wednesday, March 26 or April 2.  It seems from your zoom activity you prefer April 2.

Consistent with the Court's prior instructions, please include your agenda items in the attached agenda.  That will allow us to prepare for the meet and confer, which we will assume will occur April 2 at 9 a.m.


Thank you, Gay


Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Sunday, March 23, 2025 5:15 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>
**Subject:** RE: Dunsmore v. San Diego; Proposed Agenda for Meet and Confer on March 26 [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

I'm sure you saw that I declined the meet and confer conference. There is no basis for such a conference at present. I understand your desire to repost privileged information on your website but trying to employ various litigation mechanisms to try to get around the law and the fact that we are waiting for a ruling from Judge Leshner is just further evidence of your bad faith conduct in violation of Rule 11. What you want and when you want it is not the determining factor here.

We expect you to abide by the Rules of Professional Conduct in all matters, including this, and demanding a meet and confer so you can turn around and request an IDC is a misuse of the litigation process and in and of itself grounds for Rule 11 sanctions.

Thank you.

---

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Friday, March 21, 2025 5:03 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>
**Subject:** Dunsmore v. San Diego; Proposed Agenda for Meet and Confer on March 26 [IMAN-DMS.FID55015]

[EXTERNAL]

---

Please see attached. Thanks, and have a good weekend, Gay

**Gay Crosthwait Grunfeld**
Managing Partner
Pronouns: she/her
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
ggrunfeld@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at ggrunfeld@rbgg.com.

**Ex. E - 41**

# EXHIBIT F

| From: | Pappy, Elizabeth M. |
|---|---|
| To: | Gay C. Grunfeld; Aaron Fischer; Van Swearingen; Eric Monek Anderson; Hannah Chartoff; Ben Holston; Michael Freedman |
| Cc: | Coleman, Susan E.; Kosla, Martin |
| Subject: | Dunsmore v. COSD: Motion for Reconsideration Regarding CIRB Records |
| Date: | Monday, March 24, 2025 10:03:42 AM |

[EXTERNAL MESSAGE NOTICE]

Dear Counsel,

The purpose of this email is to meet and confer with you about the County's intent to file a motion under to Federal Rule of Civil Procedure 60 for the Court to reconsider its earlier discovery order [Doc. #468] related to the production of reports generated by the San Diego County Sheriff's Critical Incident Review Board ("CIRB") to Plaintiffs in this case and documents prepared specifically for the CIRB meetings ("CIRB Records"). This would include power presentations for use in CIRB meetings.

The motion for reconsideration will be made on the grounds that there has been an intervening change in the law because the Ninth Circuit in *Greer and San Diego Union Tribune, LLC v. County of San Diego*, 127 F.4th 1216 (9th Cir. 2025) recently ruled that the CIRB reports (such as the ones at issue here) are protected by the attorney-client privilege.

Based on the *Greer* decision, the County will request that the Court reconsider its ruling concerning the CIRB documents and enter the following orders:

1. Find that the CIRB Records related to the underlying incident are protected from disclosure by the attorney-client privilege;
2. Find that the CIRB Records concerning *any other* incident are also protected from disclosure by the attorney-client privilege;
3. Order opposing counsel to return and/or destroy all CIRB Records in their possession and the possession of their experts;
4. Prohibit the use or sharing of information derived from any CIRB Records;
5. Order that a declaration attesting to the destruction, and disclosing to whom the CIRB Records were provided and efforts taken to obtain return of said records; and
6. Order that all deposition transcripts and filed documents discussing information derived from CIRB records be sealed.

We would like to meet and confer with you about this prior to filing the motion. Please advise if we do not have your agreement by virtue of this email, we will notice discussion of the matter for Wednesday at 9:00 a.m. or other day this week that works for you.

Please let us know if you intend to oppose the motion or if you agree that the Ninth Circuit's *Greer* decision now applies to the County's CIRB Records in this case.

**Ex. F - 43**

**Elizabeth M. Pappy | Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305  |  **O** 408.606.6300  |  **F** 408.606.6333  |  **M** 408.888.3223
epappy@bwslaw.com  |  vCard  |  Bio  |  LinkedIn  |  bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**Ex. F - 44**

# EXHIBIT G

Ex. G - 45

| From: | Van Swearingen |
|---|---|
| To: | "Pappy, Elizabeth M."; Coleman, Susan E.; San Diego County Jail Team - RBGG Only; Aaron Fischer; Young, Christopher |
| Subject: | RE: Dunsmore: circulated notes from 4/2 M&C |
| Date: | Wednesday, April 2, 2025 3:06:00 PM |

You keep telling us you cannot help us but you've never identified what the allegedly privileged information is despite our repeatedly asking for this information.  We are trying in good faith to understand your concerns.  It seems that your many emails are designed to harass us rather than clarify the issues.

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, April 2, 2025 3:03 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore: circulated notes from 4/2 M&C

**[EXTERNAL MESSAGE NOTICE]**

I can't help you at all if you don't know the basis for sanctions by now.  I've written so many emails outlining your conduct that one more isn't going to help you. It's unfortunate you don't understand your ethical obligations.  As I said today, in my 33 years, I've never seen attorneys take such a callous attitude about misusing privileged information and for no benefit to their clients.

As we've told you before, there are two of us over here and 15 or 16 of you. I told you I would be getting to the two things Eric wants and your request hopefully by end of this week.

**Elizabeth M. Pappy** | Partner
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Wednesday, April 2, 2025 2:52 PM

**Ex. G - 46**

**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore: circulated notes from 4/2 M&C

[EXTERNAL]

Beth,

We disagree with your contention that we made "patently false statements" in the M&C notes. We encourage you to review the recording at the link below to see that your allegation is incorrect.

Please let us know the basis for your threatened sanctions. As you know, the expert reports that Plaintiffs plan to re-post on our website contain even more redactions (the same redactions plus additional redactions) as the expert reports that are attached to Plaintiffs' sealing motions which Defendants did not oppose. If Defendants did not oppose the public filing of those redacted expert reports, why do Defendants threaten sanctions for Plaintiffs posting reports with greater redactions to our website?

We have asked you repeatedly to inform us of what that you think should be redacted but has not been redacted. You have not responded. Please let us know the specific material that you think is privileged or otherwise objectionable. If you do so, we are happy to have a conversation about the material you identify.

We accepted your redlines and made additional edits as indicated in the attached redline.

Thank you,
Van

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, April 2, 2025 1:32 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore: circulated notes from 4/2 M&C [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

The attached notes to the below email include patently false statements. I suggest you rethink posting the reports at noon tomorrow because it will prompt me to move forward with the request for sanctions given the continued inappropriate conduct by Ms. Grunfeld and her firm.

I have attached corrected notes stating the actual substance of the meeting and the few agreements actually reached.

**Ex. G - 47**

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Wednesday, April 2, 2025 12:57 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** Dunsmore: circulated notes from 4/2 M&C [IMAN-DMS.FID55015]

[EXTERNAL]

Counsel,

The video link from today's M&C is here:

https://us02web.zoom.us/rec/share/rJ3-0QQsBjZlUusyLGvnSkIse5xGkL1_HIM5YEfbJNM918OJfXccy41NY_-UbHfK.VaX9TRmvaeaIWNao
Passcode: 6!miw?Ng

The notes are attached.
Van

Van Swearingen
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
VSwearingen@rbgg.com

CONFIDENTIALITY NOTICE

**Ex. G - 48**

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

Ex. G - 49

# EXHIBIT H

Ex. H - 50

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANKIE GREER, | No.    23-55607 |
| Plaintiff, | D.C. No. |
| and | 3:19-cv-00378-JO-DEB |
| | Southern District of California, |
| SAN DIEGO UNION TRIBUNE, LLC; et al., | San Diego |
| Intervenors-Appellees, | ORDER |
| v. | |
| COUNTY OF SAN DIEGO, | |
| Defendant-Appellant, | |
| WILLIAM GORE, Sheriff; et al., | |
| Defendants. | |

Before:  GRABER, CALLAHAN, and KOH, Circuit Judges.

Appellant is directed to file a response to Appellees' petition for panel

rehearing and petition for rehearing en banc, Docket No. 76, filed March 17, 2025.

The response shall not exceed 15 pages and shall be filed within 21 days of the

date of this order.

**Ex. H - 51**