Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800  Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300  Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER [DKT. 468] GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CIRB REPORTS**<br><br>[*Notice of Motion; Pappy Decl.; and [Proposed] Order filed concurrently herewith*]<br><br>Date: Deemed Submitted 4/30/25<br><br>Judge: David D. Leshner |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

Case No. 3:20-cv-00406-AJB-DDL
DEFS.' MOTION FOR RECONSIDERATION

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. FACTS RELATED TO COURT'S ORDER COMPELLING PRODUCTION OF COUNTY'S CIRB REPORTS TO PLAINTIFFS ........... 2

III. LEGAL STANDARD ......................................................................................... 5

IV. ARGUMENT ..................................................................................................... 7

    A. The Ninth Circuit's published decision finding the CIRB records protected by the attorney-client privilege warrants this Court's reconsideration of its order ................................................................... 7

    B. Pursuant to *Greer*, this Court should order the return and/or destruction of all CIRB Reports produced to Plaintiff ......................... 10

V. CONCLUSION ................................................................................................ 11

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

i

Case No. 3:20-cv-00406-AJB-DDL
DEFS.' MOTION FOR RECONSIDERATION

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Al Otro Lado, Inc. v. Mayorkas*,
  619 F. Supp. 3d 1029 (S.D. Cal. 2022) ........................................................... 6, 9

*Al Otro Lado v. Exec. Off. for Immigr. Rev.*,
  120 F.4th 606 (9th Cir. 2024) ............................................................................. 6

*Bynoe v. Baca*,
  966 F.3d 972 (9th Cir. 2020) .............................................................................. 6

*United States v. Gomez-Lopez*,
  62 F.3d 304 (9th Cir. 1995) ................................................................................ 9

*Gonzalez v. Crosby*,
  545 U.S. 524 (2005) ........................................................................................... 6

*In re Grand Jury*,
  23 F.4th 1088 (9th Cir. 2021) ............................................................................. 3

*Greer and San Diego Union Tribune, LLC v. County of San Diego*,
  127 F.4th 1216 (9th Cir. 2025) ................................................................. *passim*

*Greer v. Cnty. of San Diego*,
  634 F. Supp. 3d 911 (S.D. Cal. 2022) ................................................................ 3

*Henson v. Fid. Nat'l Fin., Inc.*,
  943 F.3d 434 (9th Cir. 2019) .............................................................................. 6

*Hernandez-Gutierrez v. United States Dist. Court (In re Zermeno-Gomez)*,
  868 F.3d 1048 (9th Cir. 2017) ............................................................................ 9

*FTC v. Hewitt*,
  68 F.4th 461 (9th Cir. 2023) ........................................................................... 5, 6

*Rodney v. Garrett*,
  116 F.4th 947 (9th Cir. 2024) ............................................................................. 9

*Wedbush, Noble, Cooke, Inc. v. SEC*,
  714 F.2d 923 (9th Cir. 1983) .............................................................................. 9

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

ii

Case No. 3:20-cv-00406-AJB-DDL
DEFS.' MOTION FOR RECONSIDERATION

**Rules**

Federal Rule of Civil Procedure
 60 ................................................................................................................... 5
 Rule 60(b) .................................................................................................... 5
 Rule 60(b)(6) ............................................................................................ 5, 6
 Rule 60(c)(1) .................................................................................................6

Burke, Williams &
Sorensen, LLP
Attorneys at Law
San Jose

iii

Case No. 3:20-cv-00406-AJB-DDL
DEFS.' MOTION FOR RECONSIDERATION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On February 10, 2025, in a published decision, the Ninth Circuit Court of Appeals held the San Diego County Sheriff's Critical Incident Review Board ("CIRB") materials were protected by the attorney-client privilege. *Greer and San Diego Union Tribune, LLC v. County of San Diego*, 127 F.4th 1216 (9th Cir. 2025). The privilege claim and materials addressed in *Greer* are materially identical to those in this case.

Based on the *Greer* decision, the County requests this Court reconsider its ruling concerning the CIRB documents and enter a new order as follows: (1) Find that the CIRB Memo Packet Cover and the Interdepartmental Correspondence (collectively the "CIRB Reports") requested by and produced to Plaintiffs in this matter are protected from disclosure by the attorney-client privilege; (2) Order that any expert provided with CIRB Reports may not rely upon, reference or in any way make statements or render opinions based upon the contents of the CIRB Reports, and that any statements, opinions, references and/or reliance upon said CIRB Reports in their written reports shall be stricken from said reports and/or declarations based upon any such reports; (3) Order opposing counsel to return and/or destroy all CIRB Reports in their possession, or in the alternative if Plaintiffs claim to have destroyed CIRB Reports, that Plaintiffs' counsel provide a declaration that all CIRB Reports in their possession and the possession of Plaintiffs' experts have been destroyed; (4) Order Plaintiffs' counsel to provide a declaration under penalty of perjury identifying all persons to whom CIRB Reports and expert reports containing the privileged information derived from the CIRB Reports, were provided; (5) Prohibit the further use or sharing of information derived from any CIRB records; (6) Order that all filed documents including privileged information

directly and/or derivatively, be withdrawn from the Court records;[1] (7) Order that all reference in expert reports to CIRB Reports, citations to CIRB Reports, and any statements, summaries and/or opinions derived from CIRB Reports, be withdrawn from Court filings, and (8) Order that Plaintiffs' counsel not publish and/or share any portion of their expert reports (names) containing statements, opinions, citations to, summaries of and/or commentary derived from the CIRB Reports.

## II. FACTS RELATED TO COURT'S ORDER COMPELLING PRODUCTION OF COUNTY'S CIRB REPORTS TO PLAINTIFFS

On June 15, 2023, during discovery, Plaintiffs propounded the Third Set of Request for Production to the County. In Request No. 81 of their production request, Plaintiffs demanded that the County produce the following documents:

> "ALL reports generated by the Critical Incident Review Board RELATING TO in-custody DEATHS at the JAIL from January 1 2021 to the present."

(*See*, Ex. D. to Swearingen Decl. ISO MTC [Dkt. #412-2])

On August 14, 2023, the County served its responses and objections to Plaintiffs' Third Set of Requests for Production. With regard to Request No. 81, the County responded and objected to the production of the privileged CIRB reports, as follows:

> "Objection. The reports are subject to attorney client and work product privileges, and the official information privileges. *Sanchez v. City of Santa Ana*, 936F.2d 1027, 1033 (9th Cir. 1990); *Kelly v. City of San Jose*, 114 F.R.D. 653, 669 (N.D. Cal. 1987), and accordingly will not be produced."

(*Id.*, at Ex. E)

---

[1] The County has already filed a separate administrative motion [Dkt. #856] to seal certain sections of expert declarations previously filed by Plaintiffs which reference the CIRB reports to protect confidentiality pending the outcome of this motion.

On October 9, 2023, Plaintiffs filed a motion to compel the production of the privileged CIRB reports. [Dkt. #412]

On October 23, 2023, the County filed an opposition [Dkt. #420] to Plaintiffs' motion to compel the production of the CIRB reports. In its opposition, the County submitted a privilege log identifying the 25 CIRB Reports and records of attendance at CIRB meetings that were at issue and argued that these documents are protected from disclosure by various privileges, including the attorney-client privilege. The Privilege Log is attached to the Pappy Declaration submitted herewith for ease of reference as Exhibit A. The County submitted evidence in support of the motion that the CIRB Reports were prepared for the primary purpose of providing legal advice to the San Diego Sheriff's Department by its Chief Legal Advisor on civil liability and exposure resulting from the incidents triggering anticipated litigation. [Dkt. ##420-1, 420-2]

On December 13, 2023, after conducting an *in camera* review of the CIRB reports, the Court issued an order [Dkt. #468] with regard to Plaintiffs' motion to compel, finding that the attorney-client privilege did not apply to the CIRB Reports in their entirety.

In the discovery order, as part of the analysis, the Court examined several prior rulings in the Southern District that considered the application of the attorney-client privilege to CIRB reports, including the case of *Greer v. Cnty. of San Diego*, 634 F. Supp. 3d 911 (S.D. Cal. 2022). The Court noted that the District Court in the *Greer* case had applied the "primary purpose" test adopted by the Ninth Circuit in *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021), to CIRB investigations and found that the CIRB Reports were not privileged.

The Court ruled that, here, "the County has not carried its burden to establish that the primary purpose of the communications at the CIRB meetings was to seek or provide legal advice." The Court concluded that the attorney-client privilege did not apply to the entirety of each of the 25 CIRB reports. [Dkt. #468] In the

discovery order, the Court also ordered that he would allow the County to submit proposed redactions to the portions of the CIRB reports that reflect communications with the County's Chief Legal Advisor consistent with the Court's prior rulings on this issue in other cases. (*Id.*)

On January 26, 2024, after the County lodged the 25 CIRB reports with redactions for *in camera* review, the Court issued an order finding that the proposed redactions were narrowly tailored and he ordered that the County produce the reports to Plaintiffs. [Dkt. #507]

On January 29, 2024, the County filed a request to stay the production of the CIRB reports on the grounds that the County intended to have Magistrate Judge Leshner's discovery order set aside, which Plaintiffs opposed. [Dkt. #510]

On January 31, 2024, the County lodged nine additional CIRB reports for *in camera* review with its proposed redactions. [Dkt. #514] On February 8, 2024, the Court issued a supplemental order allowing the County to maintain its proposed redactions to the additional CIRB Reports. [Dkt. #529] However, the deadline for production of the redacted CIRB reports was stayed pending the Court's order on the County's request for a stay. (*Id.*)

On February 12, 2024, the Court issued an order denying the request to stay and ordering the County to produce the 34 CIRB reports at issue, with redactions as approved by the Court. [Dkt. #533] The documents were subsequently produced by the County to Plaintiffs. (Pappy Decl., ¶19)

Plaintiffs provided copies of the CIRB Reports to their experts and four experts reviewed, relied upon, and directly quote, offer commentary on, and offer opinions based upon on a review of the CIRB Reports. (Dkt. 797 [Motion to Seal]; Dkt. 798 [Gary Raney Declaration, Jeffrey Keller Declaration, Pablo Stewart Declaration, Kelly Ramsey Declaration]). The purpose of filing them under seal included ". . . information from Critical Incident Review Board documents . . ." [Dkt.797.1, ¶3 of Anderson Decl.] Defendants filed a Non-opposition to the Motion

to Seal. [Dkt.811] The Court denied the Motion to Seal as to the expert reports/CIRB information without prejudice, and ordered the Parties to contact Judge Leshner's chambers to arrange for an *in camera* review of the CIRB reports to "determine whether the attorney-client privilege applies, following *Greer*". (Dkt.823) The parties have submitted the four expert reports at issue and the associated CIRB reports, and await the Court's ruling. (Pappy Decl., ¶20)

On February 10, 2025, in *Greer*, 127 F.4th 1216, the Ninth Circuit held that the County's CIRB materials (such as the ones at issue here) are protected by the attorney-client privilege.

On February 10, 2025, Defense counsel sent an email to Plaintiffs' counsel demanding destruction of all CIRB Reports and to instruct their experts to do the same and no response was ever received. (Pappy Decl., ¶23) On February 27, 2025, Defense counsel sent a Clawback letter and template declaration regarding destruction of the documents and a list of individuals to whom the documents had been provided and no response was ever received. (Id.) Nineteen days later, defendants discovered that Plaintiffs counsel had posted the expert reports with the direct quotes from the CIRB reports redacted but leaving in all of the statements, summaries and opinions derived from these privileged documents. (Id.) Defense counsel demanded they be taken down and after much back and forth and continued complaints to this day, Plaintiffs took them down and in their place, posted "Content Removed". (Id)

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 60 governs relief from orders of the district court. Rule 60(b) lists the grounds for such relief, including mistake, inadvertence, fraud, and newly discovered evidence. A motion for reconsideration based on an intervening change in the law is evaluated under the "catch-all" provision in Rule 60(b)(6), which permits a court to relieve a party from a final judgment or order based on "any other reason that justifies relief." *See FTC v. Hewitt*, 68 F.4th 461,

468 (9th Cir. 2023).  Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances."  *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005).  A change in the controlling law can provide a sufficient basis for granting relief under Rule 60(b)(6).  *Henson v. Fid. Nat'l Fin., Inc.*, 943 F.3d 434, 444 (9th Cir. 2019).  A change in the controlling law is found where the reasoning or theory of a case is clearly irreconcilable with the reasoning or theory of intervening higher authority, or where a subsequent decision creates a significant shift in a court's analysis.  *Al Otro Lado, Inc. v. Mayorkas*, 619 F. Supp. 3d 1029, 1041 (S.D. Cal. 2022), judgment entered, No. 17-CV-02366-BAS-KSC, 2022 WL 3970755 (S.D. Cal. Aug. 23, 2022), aff'd in part, vacated in part sub nom. *Al Otro Lado v. Exec. Off. for Immigr. Rev.*, 120 F.4th 606 (9th Cir. 2024) (citing *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003), *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 222 (D. Ariz. 2012), and *Beckstrand v. Elec. Arts Grp. Long Term Disability Ins. Plan*, No. CV F 05-0323 AWI LJO, 2007 WL 177907, at *2 (E.D. Cal. Jan. 19, 2007)).

When the Rule 60(b)(6) motion is based on an intervening change in the law, the Ninth Circuit examines several factors, including: (1) the nature and relationship of the intervening change in law to the final judgment or order; (2) the diligence of the party seeking relief; and (3) the totality of the circumstances.  *Hewitt*, 68 F.4th at 468-69; *Bynoe v. Baca*, 966 F.3d 972, 983 (9th Cir. 2020) (listing six factors that do not constitute a "'rigid or exhaustive checklist'") (citation omitted).  A motion for reconsideration under Rule 60(b)(6) must be filed "within a reasonable time."  Rule 60(c)(1).[2]

\\
\\

---

[2] The Local Rules acknowledge the allowance of time given by FRCP 60(c)(1). See CivLR 7.1(i)(2).

## IV. ARGUMENT

### A. The Ninth Circuit's published decision finding the CIRB records protected by the attorney-client privilege warrants this Court's reconsideration of its order

This Court should change its prior discovery order because there has been an intervening change in the controlling law on this issue. At the time of this Court's discovery order finding the CIRB records were not protected by the attorney-client privilege, there was no binding Ninth Circuit precedent on this issue.

However, on February 10, 2025, in the *Greer* case, the Ninth Circuit held that the County's CIRB materials (such as the ones at issue here) were protected by the attorney-client privilege. *Greer*, 127 F.4th 1216. In particular, in its decision, the Ninth Circuit explained the nature of the CIRB process and records and applied the eight-part test to determine whether the attorney-client privilege applied. On the question of whether communications with the attorney for the Sheriff during the CIRB process related to legal advice, the Court noted that CIRB served more than one purpose. "In this circuit, the primary-purpose test applies to attorney-client privilege claims for dual-purpose communications." *Id*. at 1124, citing *In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) (internal quote marks and footnote omitted).

The Court in *Greer,* described the CIRB process as follows:

"A CIRB meeting occurs in three stages:
First, Department personnel present factual information regarding the underlying incident, including, in some instances, PowerPoints, to the CIRB members, including the Department's legal counsel. Department employees whose attendance was requested because of their relevant subject-matter expertise (e.g., weapons training unit, in-service training, K-9 unit, etc.) also attend. Next, the Department employees who present the factual information are dismissed from the room and CIRB members, including legal counsel,

> discuss and address issues with the Department's subject-matter experts. Lastly, the subject-matter experts are dismissed from the room and the CIRB members, including legal counsel, engage in further discussions. The [Division of Inspectional Services] DIS Lieutenant is also present to facilitate these communications and to document key issues, comments, and matters for inclusion in the CIRB confidential report.
>
> Within forty-five days after the CIRB meets, the Lieutenant of the Division of Inspectional Services must prepare a report summarizing the actions and conclusions of the board. Among other items, the report must contain findings with regard to any policy violations, training or policy issues, and actions taken by the Department. In addition, "[a] copy of the CIRB Confidential Report and other related reports shall be filed in the Legal Affairs Section, Office of the Sheriff." Additional documents produced by the CIRB include memoranda, records, and reports containing findings about inmate deaths and injuries and summarizing the CIRB's actions and conclusions."

*Greer v. Cnty. of San Diego*, 127 F.4th 1216, 1220–21 (9th Cir. 2025) The documents at issue in the *Greer* case were the documents "generated" by CIRB. (*Id,* at 1224) [In deciding that the primary purpose of the CIRB, and the documents it generates, is not to obtain legal advice, the district court made two significant legal errors.] The question before this Court is whether the CIRB Reports produced in this case and are made up of the CIRB Memo Packet Cover and the Interdepartmental Correspondence. Both documents squarely fall into the category of privileged documents described by the Court in *Greer*. On their face they are the CIRB Confidential Report, and memoranda, records and reports containing findings . . . and summarizing the CIRB's actions and conclusions.

The Ninth Circuit in *Greer* held that even though the CIRB process served more than one purpose, the **primary purpose** of CIRB was to assess legal liability for past events and avoid legal liability for future events. *Id*. at 1226-1227. The

1  Ninth Circuit concluded that because the CIRB process met the eight-step test for
2  attorney-client privileged communications, the CIRB reports were protected by the
3  attorney-client privilege. *Id*. at 1227, 1230.
4        Because this Court's reasoning and ruling are "clearly irreconcilable with the
5  reasoning or theory" of the Ninth Circuit, the *Greer* decision constitutes a
6  significant, intervening change in the law, warranting this Court to change its
7  discovery order concerning the CIRB documents. *See Al Otro Lado, Inc. v.*
8  *Mayorkas*, 619 F. Supp. 3d at 1041 (an intervening change in controlling law is
9  found where the reasoning or theory of a case "is clearly irreconcilable with the
10 reasoning or theory of intervening higher authority…." (cite omitted)). The CIRB
11 process at issue in *Greer* is the same as in the present case. In *Greer*, the County of
12 San Diego asserted the attorney-client privilege, among others, just as the County
13 did in this case. There is no meaningful distinction between the circumstances and
14 issue ruled upon in *Greer* and those at issue in this case.
15       *Greer* is binding authority. Under the law-of-the-circuit doctrine, a published
16 decision of the Ninth Circuit "constitutes binding authority which must be followed
17 unless and until overruled by a body competent to do so." *Rodney v. Garrett*, 116
18 F.4th 947, 955 (9th Cir. 2024), quoting *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th
19 Cir. 2001). A published decision is "final for such purposes as stare decisis, and full
20 faith and credit, unless it is withdrawn by the court." *Wedbush, Noble, Cooke, Inc.*
21 *v. SEC*, 714 F.2d 923, 924 (9th Cir. 1983); *see also United States v. Gomez-Lopez*,
22 62 F.3d 304, 306 (9th Cir. 1995). The Ninth Circuit has "unequivocally stated that a
23 published decision constitutes binding authority and must be followed unless and
24 until it is overruled by a body competent to do so." *Hernandez-Gutierrez v. United*
25 *States Dist. Court (In re Zermeno-Gomez)*, 868 F.3d 1048, 1053 (9th Cir. 2017).
26       The CIRB Reports are clearly covered by the *Greer* decision and are covered
27 by the Attorney-client privilege.
28 \\

## B. Pursuant to *Greer*, this Court should order the return and/or destruction of all CIRB Reports produced to Plaintiff

In addition to reversing the trial court, the Ninth Circuit in *Greer* remanded with instructions that the district court require the return and/or destruction of all CIRB documents which had been disclosed. Even though Mr. Greer had already settled his claims with the County of San Diego, the Ninth Circuit reasoned that while there is "nothing a court can do to withdraw all knowledge or information" that a party may have acquired by examining documents or other material produced in compliance with a court order, "a court can fashion some form of meaningful relief" by exercising the "power to effectuate a partial remedy." *Greer*, 127 F.4th at 1223. This Court should thus order Plaintiffs to (1) return and/or destroy all CIRB Reports produced in this case, which include the CIRB Memo Packet Cover and the Interdepartmental Correspondence; (2) Order that any expert provided with CIRB Reports may not rely upon, reference or in any way make statements or render opinions based upon the contents of the CIRB Reports, and that any statements, opinions, references and/or reliance upon said CIRB Reports in their written reports shall be stricken from said reports and/or declarations based upon any such reports; (3) If Plaintiffs claim to have destroyed CIRB Reports, that Plaintiffs' counsel provide a declaration that all CIRB Reports in their possession and the possession of Plaintiffs' experts have been destroyed; (4) Order Plaintiffs' counsel to provide a declaration under penalty of perjury identifying all persons to whom CIRB Reports and expert reports containing the privileged information derived from the CIRB Reports, were provided; (5) Prohibit the further use or sharing of information derived from any CIRB records; (6) Order that all filed documents including privileged information directly and/or derivatively, be withdrawn from the Court records;[3] (7) Order that all reference in expert reports to CIRB Reports, citations to

---

[3] The County has already filed a separate administrative motion [Dkt. #856] to seal certain sections of expert declarations previously filed by Plaintiffs which reference

CIRB Reports, and any statements, summaries and/or opinions derived from CIRB Reports, be withdrawn from Court filings, and (8) Order that Plaintiffs' counsel not publish and/or share any portion of their expert reports (names) containing statements, opinions, citations to, summaries of and/or commentary derived from the CIRB Reports.

## V. CONCLUSION

For the foregoing reasons, the Court should order the requested relief and grant Defendants' Motion for Reconsideration.

Dated: April 14, 2025            BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Elizabeth Pappy
Susan E. Coleman
Elizabeth M. Pappy
Attorneys for Defendants

---

the CIRB reports to protect confidentiality pending the outcome of this motion.

# CERTIFICATE OF SERVICE

I hereby certify that on this 14 day of April, 2025, I electronically filed the foregoing **Memorandum Of Points And Authorities In Support Of Defendants' Motion For Reconsideration Of Order [Dkt. 468] Granting Plaintiffs' Motion To Compel Production Of Cirb Reports** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Gay C. Grunfeld, Esq.<br>Van Swearingen, Esq.<br>Michael Freedman, Esq.<br>Eric Monek Anderson, Esq.<br>Hannah M. Chartoff, Esq.<br>Benjamin W. Holston, Esq.<br>Kedra Chan<br>Rosen Bien Galvan & Grunfeld LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, CA 94105-1738<br>Telephone: 415.433.6830<br>Facsimile: 415.433.7104<br>Email: ggrunfeld@rbgg.com<br>Email: vswearingen@rbgg.com<br>Email: mfreedman@rbgg.com<br>Email: eanderson@rbgg.com<br>Email: hchartoff@rbgg.com<br>Email: bholston@rbgg.com<br>Email: kchan@rbgg.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |
| Aaron J. Fischer, Esq.<br>Law Office of Aaron J. Fischer<br>1400 Shattuck Square Suite 12 - #344<br>Berkeley, California 94709<br>Telephone: 510.806.7366<br>Facsimile: 510.94.6314<br>Email: ajf@aaronfischerlaw.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |
| Christopher M. Young, Esq.<br>Isabella Neal, Esq.<br>Oliver Kiefer, Esq.<br>DLA Piper LLP<br>4365 Executive Drive, Suite 1100<br>San Diego, CA 92121<br>Telephone: 858.677.1400<br>Facsimile: 858.677.1401<br>Email: christopher.young@dlapiper.com<br>Email: isabella.neal@dlapiper.com<br>Email: oliver.kiefer@dlapiper.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |

| | |
|---|---|
| Eugene P. Ramirez, Esq.<br>Marguerite L. Jonak, Esq.<br>David Fleck, Esq.<br>MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP<br>801 S. Figueroa Street, 15th Floor<br>Los Angeles, CA 90017-3012<br>Telephone: 213.624.6900<br>Facsimile: 213.624.6999<br>Email: eugene.ramirez@manningkass.com<br>Email: marguerite.jonak@manningkass.com<br>Email: david.fleck@manningkass.com | *Attorneys for Non-Party NAPHCARE OF SAN DIEGO LLC* |

I also certify the document and a copy of the Notice of Electronic Filing was served via email on the following non-CM/ECF participants:

*Komal Prasad*
Komal Prasad