GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the Certified Class and Subclasses

(*defense counsel on following page*)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br>  v.<br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br>      Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**JOINT STATUS REPORT**<br><br>Judge:    Hon. Anthony J. Battaglia<br>Magistrate: Hon. David D. Leshner<br><br>Trial Date: None Set |

1 (*counsel continued from preceding page*)

2 Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
3 BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
4 San Diego, CA 92101-8474
Tel: 619.814.5800
5 Fax: 619.814.6799

6 Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
7 BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
8 San Jose, CA 95113-2336
Tel: 408.606.6300
9 Fax: 408.606.6333

10 Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
11 COUNTY SHERIFF'S OFFICE and SAN DIEGO COUNTY PROBATION DEPARTMENT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[4681061.6]

Case No. 3:20-cv-00406-AJB-DDL

JOINT STATUS REPORT

After meeting and conferring on April 9 and April 16, 2025, the parties submit the following joint status report pursuant to the Court's April 3, 2025 Order.

## I.     Party Agreements Regarding Discovery

The parties agree that Plaintiffs and Defendants should not rely at trial (or in any supplemental expert reports) on any medical records that are not in both parties' possession as of the fact cutoff date.  In other words, all medical records used by the parties or their experts must either have been produced in discovery, requested by Plaintiffs through the Sheriff's Office's authorized request process with a copy to Defendants counsel (Plaintiffs need not reproduce such records to Defendants), or requested by Plaintiffs through a third party (outside provider, family member, etc.) and produced to Defendants.

Plaintiffs will depose Dr. Freedland for 2 hours and, if Dr. Freedland is unable to answer any of Plaintiffs' questions because he is unable to answer questions because of a lack of knowledge, will depose Dr. Montgomery for 1 hour.

## II.    Disputed Discovery Issues

### A.     Depositions

<u>Plaintiffs' Position</u>:  Plaintiffs seek to request documents with the depositions of Drs. Freedland and Montgomery that were identified in Defendants' summary judgment motion ("MSJ"), including CHP's disease management guidelines.

Plaintiffs requested depositions of Defendants' witnesses:  Michael Binsfield (3 hours); Sergio Sanchez (1.5 hours); Arturo Bernal Perales (1 hour); and Eunice Ramos (1 hour).  Declaration of Van Swearingen in Support of Motion for Fact Cutoff, Dkt. 834-3 at Ex. H 60–63.[1]  Each of these depositions is necessary to test new information provided by Defendants in their MSJ papers and to prepare for trial.  Defendants' briefing relies on these never-before deposed witnesses to support their claims that the jail system has changed and is now constitutional.  Plaintiffs

---

[1] Plaintiffs are filing this this document separately as Exhibit A because Defendants will not allow Plaintiffs to file this as an exhibit to the Joint Status Report.

1  have carefully selected these witnesses and have agreed to conduct them by Zoom.
2  6.5 hours of depositions will not pose an undue burden on Defendants and will
3  allow Plaintiffs to adequately prepare for trial.  Plaintiffs are willing to forgo the
4  deposition of Mr. Sanchez in the event that Defendants agree to the depositions of
5  Mr. Binsfield, Mr. Perales, and Ms. Ramos.
6  　　　Plaintiffs reserve the right to request further depositions with Defendants'
7  witnesses should Defendants present additional new facts in their supplemental
8  disclosures and/or discovery responses.
9  　　　<u>Defendants' Position</u>:  Plaintiffs have never raised the idea of requesting
10 documents for Drs. Freedland and Montgomery depositions.  This Joint Status
11 Statement is the first time it was disclosed.  Defendants will not agree because of the
12 non-disclosure and having no understanding of what documents Plaintiffs intend to
13 request.
14 　　　Plaintiffs assert that they need the depositions of Michael Binsfield and
15 Sergio Sanchez.  The basis for the assertion is that their declarations contain "new"
16 information.  The claim is incorrect.  Both declarations contain information that has
17 been available to Plaintiffs through discovery more than two years in the form of
18 policies and procedures.  Plaintiffs' theory for why they should be entitled to
19 additional discovery as to both witnesses is that they did not ask questions about the
20 topics each covers in their declaration despite the fact that they were permitted more
21 than a week to depose 30(b)(6) witnesses on all policies and procedures.  The
22 demand for new discovery arose from Defendants' reply papers in support of MSJ,
23 claiming it was "new."  Neither declaration contains "new" information and they
24 were submitted with the opposition and not the reply.
25 　　　In meet and confer, Defendants offered to allow Arturo Bernal Perales and
26 Eunice Ramos to be deposed for an hour each because their declarations were "new"
27 in the reply but in exchange for Plaintiffs agreement to drop the claim to Binsfield
28 and Sanchez.  Plaintiffs refused.

B.  **Medical and Death Records**

<u>Plaintiffs' Position</u>:  Plaintiffs seek all non-CIRB death reviews and medical records regarding deaths in the jail or at a hospital from January 1, 2024 to February 3, 2025 as these are directly relevant to the constitutionality of medical, mental health, dental care and safety and security at the Jail.  *See* Ex. A, filed separately.  Plaintiffs also seek a set of 30 medical records that Plaintiffs' and Defendants' experts both review that meet certain criteria and are randomly selected for the time period June 1, 2024 to February 3, 2025.  *See* Ex. A, filed separately.

<u>Defendants' Position</u>:  There is no "new" information in the reply MSJ papers relating to deaths.  This request is simply an add on which Plaintiffs are attempting to pass off as somehow related to the new information in the reply papers.  It is not, Plaintiffs make no attempt to claim otherwise, and the request should be denied.

### III.  Defendants' Supplemental Discovery Responses

<u>Plaintiffs' Position</u>:  Plaintiffs have sought supplemental discovery responses from Defendants since February.  *See, e.g.*, Dkt. 834-3 at A-12, A-13, A-15, A-33–34.  Given that the vast majority of documents Defendants produced were from December 31, 2023 or earlier, Plaintiffs seek supplementation of certain discovery responses for the period January 1, 2024 to February 2, 2025 from the County and NaphCare.  The specific supplemental productions of RFPs, interrogatories, and ESI that Plaintiffs seek are identified in Defendants' redline to the parties' meet and confer agenda.[2]

<u>Defendants' Position</u>: The request for "new" discovery that is before the Court arises exclusively from the reply MSJ papers. Plaintiffs threw in an undefined "supplementation" request, it has not been the proper subject of meet and confer, and it is entirely unclear what is being requested.  The last minute, thrown in request should be denied as outside the scope of this issue.

---

[2] Plaintiffs are filing this document and a letter to NaphCare separately as Exhibit B because Defendants will not allow Plaintiffs to file this as an exhibit to the Joint Status Report.

| | | |
|---|---|---|
| 1 | DATED: April 16, 2025 | Respectfully submitted, |
| 2 | | ROSEN BIEN GALVAN & GRUNFELD LLP |
| 4 | | By: */s/ Van Swearingen* |
| 5 | | Van Swearingen |
| 6 | | Attorneys for Plaintiffs and the Certified Class and Subclasses |

| | | |
|---|---|---|
| 9 | DATED: April 16, 2025 | BURKE, WILLIAMS & SORENSEN, LLP |
| 11 | | By: */s/ Elizabeth M. Pappy* |
| 12 | | Susan E. Coleman |
| | | Elizabeth M. Pappy |
| 13 | | Attorneys for Defendants |

### SIGNATURE CERTIFICATION

Pursuant to the Court's Electronic Case Filings Procedures Manual Section 2(f)(4), I certify that I have obtained consent of all signatories to the electronic filings of the foregoing document.

| | | |
|---|---|---|
| 20 | DATED: April 16, 2025 | ROSEN BIEN GALVAN & GRUNFELD LLP |
| 21 | | By: */s/ Van Swearingen* |
| 22 | | Van Swearingen |
| 23 | | Attorneys for Plaintiffs and the Certified Class and Subclasses |