GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:   (415) 433-6830
Facsimile:    (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, <br><br> Defendants. | Case No. 3:20-cv-00406-AJB-DDL <br><br> **PLAINTIFFS' SUPPLEMENT TO JOINT STATUS REPORT** <br><br> Judge:      Hon. Anthony J. Battaglia <br> Magistrate: Hon. David D. Leshner <br><br> Trial Date: None Set |

[4685360.2]

As indicated in footnotes 1 and 2 of the parties' Joint Status Report filed today, Plaintiffs are filing the attached Exhibits A and B because Defendants would not allow them to be filed with the Joint Status Report.

**Exhibit A** comprises pages H 60–H63 from Exhibit H of the Declaration of Van Swearingen in Support of Motion for Fact Cutoff, Dkt. 834-3. These pages include two emails from Plaintiffs' counsel to Defendants' counsel concerning the depositions and documents Plaintiffs seek in connection with the new information presented in Defendants' summary judgment motion.

**Exhibit B** contains the specific supplemental productions of Requests for Production, Interrogatories, and Electronically Stored Information (ESI) through February 3, 2025 that Plaintiffs seek from Defendants, included in the parties' agenda for their April 16, 2025 meet and confer meeting. Exhibit B also contains a letter from Plaintiffs' counsel to NaphCare's counsel concerning Plaintiffs' request for an additional document production from NaphCare to supplement NaphCare's discovery responses through February 3, 2025.

DATED:  April 16, 2025

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
　　　Van Swearingen

Attorneys for Plaintiffs and the Certified Class and Subclasses

# EXHIBIT A

| From: | Van Swearingen |
|---|---|
| To: | Pappy, Elizabeth M.; Gay C. Grunfeld; Coleman, Susan E. |
| Cc: | San Diego County Jail Team - RBGG Only; Aaron Fischer; Young, Christopher |
| Bcc: | 1730_01_Darryl Dunsmore et al_Darryl Dunsmore et al_v_San Diego Jail_Emails_1730_01_ |
| Subject: | RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID55015] |
| Date: | Wednesday, March 5, 2025 11:11:33 AM |
| Attachments: | Circulated Notes from Parties 30th Meet and Confer 03-05-2025 1730-01.docx |

Beth,

Attached are the notes from our truncated meet and confer. The Court has ordered us to file a stipulation or motion on these topics on Friday, March 7. See Dkt. 826. Given this timetable and the conversation today, we do not believe a stipulation will be possible to work out in the two business days remaining, especially given that you will be in an all-day settlement conference on March 7.

As such, we have no choice but to prepare and file our motion for a fact cutoff-date of November 22 and for re-opening discovery in the event that the Court sets a cutoff date after November 22. In addition to the discovery on new information submitted in Defendants' moving MSJ papers identified in my February 14 email below, Plaintiffs seek the following discovery as to new information in Defendants' reply papers given that Judge Battaglia's Order on Plaintiffs' Ex Parte Motion (Dkt 824) required Defendants to produce certain new information:

A one hour deposition of Sgt. Perales limited to questions about video kiosks and law library access using kiosks, including the "new" information in his MSJ reply declaration (Dkt. 806-1), including:

- The availability of video kiosks to all incarcerated persons. (¶ 2)
- His statement that "Law library access is now active in the kiosks, such that all incarcerated persons have access to the electronic law library resources available through Fastcase, Inc., from the kiosk just as each incarcerated person has access to his/her commissary, phone, video visitation, personal accounts, etc." (¶ 3)
- The law library services available through the kiosk (¶ 4)

A one hour deposition of Eunice Ramos limited to questions about State funding of SDSO programs and services, including the "new" information in her MSJ reply declaration (Dkt. 806-1), including:

- The County's revenue database monies SDSO receives from the State for various programs related to law enforcement and corrections (including programs for which monies are targeted) (¶ 2)
- The list of revenue received by the County Sheriff's Office from the State (¶ 3)
- The funds SDSO receives for state mandated programs, and reimbursements SDSO received for the Racial and Identity Profiling mandate (RIPA), SB 127 Domestic Violence, and SB 167 Rape Victims. (¶ 4)

Plaintiffs reserve our rights and will seek discovery of any other new information Defendants plan to use at trial that was not disclosed prior to the Court-ordered discovery cutoff. We understand that you do not agree to our requested discovery.

**Ex. H - 60**

We agree to share with you any documents that we have gathered before the fact cut off.  As discussed, you already have IP medical records and PRA responses.  If there are others, we intend to provide them with our pre-trial disclosures on March 14.  **Please let us know if Defendants will provide Plaintiffs by March 14 with all documents and information Defendants plan to use at trial that has not previously been produced in this litigation.**

Thank you,
Van

---

**From:** Van Swearingen
**Sent:** Friday, February 14, 2025 4:54 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery [IMAN-DMS.FID55015]

The County's MSJ makes the argument that Plaintiffs' evidence is stale and doesn't take into account recent changes at the Jail.  The County's papers include new evidence that was not disclosed prior to discovery cutoff.  Beyond the MSJ, we need an agreed upon date for the Court to assess whether the system is constitutionally compliant or not.  We understand Defendants to be saying that the date should be as of the filing of their summary judgment motion, December 17, 2024.  Please confirm.

With respect to re-opening discovery, here is our proposal, with reductions in deposition time and withdrawing the prior request for CIRB documents:

A three hour deposition of Dr. Peter Freedland limited to questions about CHP's role in medical care at the Jail and death reviews since June 13, 2024.  Topics include "new" information in his MSJ declaration, including:
- The current level of FTE medical providers at the Jail (¶¶ 11-12)
- The level AND TYPE of staffing increased since expert disclosures were made in August 2024 (MSJ p. 2)
- Board certification among providers (¶ 13)
- CHP's development of DMGs (¶¶ 17-18)
- CHP's provider triage pilot program  (¶¶ 19-22)
- CHP's participation in mortality reviews (¶ 24, MSJ at 7)

A three hour deposition of Dr. Jon Montgomery limited to questions about medical care at the jail and death reviews since June 13, 2024.  Topics include "new" information in his MSJ declaration, including:
- How the changes by CHP are affecting care at the Jail (as described by MSJ and Freedland

**Ex. H - 61**

Decl.)

- Current levels of direct accountability for the on-site provider services at the Jail (¶ 10)
- The current provision of substance use disorder management services (¶¶ 16-21)
- SDSO's process of revising its quality assurance program (¶ 35)
- The number of in-custody deaths in 2024 and current death review process (MSJ pp. 6-7)
- Current levels of nursing staff (MSJ p. 2)

A three hour deposition of Mike Binsfield limited to questions regarding "new" allegations in his declaration, including:

- All incarcerated persons will soon have access on the video monitors in the dayrooms of each unit and individually assigned tablets to do research online (¶ 4)
- This system has been contracted for with the Smart Communications (using a proprietary research program) but it has not yet been activated (¶ 4)
- The County has acquired tablets from Smart Communications, and has begun to install digital access points (WiFi) at all the Sheriffs detention facilities (¶ 6)
- All facilities will roll out thereafter, as soon as the infrastructure is updated to permit WiFi and charging stations, and the plan is for each incarcerated person to be assigned a tablet. Each tablet (similar to an iPad) will have access to games, videos, emails, and messages (¶ 6)
- Booking acceptance policies (¶¶ 13-16)
- In the last 3 years (January 2022 to 2024 year to date), there have been 148,909 bookings into the San Diego County Jails. Only 26%, of these bookings were made by San Diego County Sheriff's Office personnel (¶ 18)
- Safety checks are done in the same manner as counts, and the timing varies depending on the unit with checks done more often for those with psychiatric, suicidal, or medical issues (¶ 23, MSJ p. 15)
- Delays in scheduled cleanings for security reasons (¶ 28)
- Holding cells are cleaned as often as possible (¶ 31)
- Deputies' instruction to remove vent coverings (¶ 32)
- Responses to people smearing feces on cells (¶ 33)
- Pest prevention actions (¶ 34)
- Practices regarding cleanings and chemicals (¶ 35)

A ninety minute deposition of Sergio Sanchez limited to questions about kitchen cleanliness in jail facilities and allegations in his declaration, including:

- His cleanliness inspections at each of the seven facilities once per week (¶ 4)
- Cleaning practices (¶ 5)
- The scullery which scrubs and washes all dishes and pots utilizing the proper sanitation methods (¶ 6)
- Trash removal and inspection practices (¶ 7)

All medical records and non-CIRB death reviews regarding deaths in the Jail or at a hospital since

**Ex. H - 62**

January 1, 2024
- These records are relevant to the County's claim that in-custody deaths are decreasing and that there were seven deaths in 2024 (MSJ pp. 6-7)
- The MSJ Reply states that Plaintiffs do not take into account current conditions

30 class member medical records for class members treated between June 1, 2024 and present
- The MSJ at pp. 22-23 claims that SDSO has changed its ways and does not have any current "systemic policies and practices" which are causing IPs to suffer a deprivation of their constitutional rights with respect to the provision of medical care at the Jail.
- Plaintiffs propose negotiating a set of 30 medical records that Plaintiffs' and Defendants' experts would both review. This will ensure that we don't run into the same inefficiencies encountered in expert discovery when Defendants produced a set of medical records for Plaintiffs' experts to review and then had Defendants' experts review a different set of records. Our proposal is to agree on a set of records that meets certain criteria and is randomly selected.

Please let us know your response. Thank you.

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, February 12, 2025 12:52 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore v. San Diego; Reopening Discovery

[EXTERNAL MESSAGE NOTICE]

We asked you to provide specific references to what is allegedly new to justify your requests, you refuse, and you now want us to agree not to use the information that isn't new at trial? How is that a compromise? I understand the attempt to appear reasonable but nothing you propose below is reasonable.

We disagree that the information is "new" thus undercutting the assertion that there is any need to reopen discovery.

In theory, I understand the desire to make sure that you have everything Defendants intend to use at trial that is new from this point forward to trial (because you have what you claim to be new with the MSJ motion). There will be no agreement to repetitive depositions or to produce information that you can get yourselves from the website and including your own clients' medical records.

Are you agreeing that no evidence of anything that occurred at the jails from the discovery cut off date

# EXHIBIT B

**Agenda for Meet and Confer on April 16, 2025 at 1~~0~~1:~~3~~00 a.m.**

1.    Order to meet and confer regarding additional discovery in connection with fact cutoff date (see Dkt. 881)

    a.    Plaintiffs' agenda:

        (1)    Parties to identify what additional discovery should be authorized if the Court sets a February 3 fact cutoff date—this is the subject of the joint status report to be filed April 16, 2025

        (2)    Plaintiffs request that Defendants supplement their disclosures and discovery responses according to the attached list.

        (3)    Choice of ADA policy/procedure neutral

    b.    Defendants' agenda:

        (1)

<u>Plaintiffs' Request for Defendants to Supplement</u>

**Interrogatories:**  Plaintiffs seek supplementation of Defendants' responses to Interrogatory Nos. 23 and 24.

**Document Requests:**  Plaintiffs seek supplementation of the below discovery requests, in the form of the types of documents specifically identified, from January 1, 2024 to February 2, 2025.  Defendants have already produced each of the below types of documents for earlier date ranges.

RFP 41 – MSD Quality Improvement Committee Meeting Minutes, like the one produced at SD_108234

RFP 49 – EOH, PSU and safety cell logs (as described in Dkt. 536)

RFP 75 – Spreadsheet of incident reports, like the one produced at SD_113833

RFP 82 – Watch Commander logs, like the ones produced at SD_704672-35

RFP 88 – Records relating to in-custody deaths, like the ones produced at SD_704804-723736

RFP 96 & 190 – Spreadsheets regarding authorized positions, like the one produced at SD_114288; spreadsheets of facility shifts above/below minimum staffing, like the ones produced at SD_551333, SD_556542, and SD_725946

RFP 100 – Medical and mental health sick call logs, specialist logs, medication logs, mental health care logs and dental care logs (as described in Dkt. 536)

RFP 101 – QA/QI Statistics presentations, like the one produced at SD 114337; MSD QA/QI Meeting presentations, like the one produced at SD_114399; MSD Quality Improvement meeting agendas, like the one produced at SD_114463; MH Encounters presentations, like the one produced at SD_114543; TechCare Monthly Reports, like the one produced at SD 114561

RFP 105 – Spreadsheets of cancelled and refused sick calls (as described in Dkt. 536)

RFP 109 – Spreadsheets of specialty care referrals, emergency transport, and specialty care appointments (as described in Dkt. 536)

RFP 123 – Safety check audits, like those produced as SD_818295-818929

RFP 125 – Spreadsheets of incarcerated individuals with chronic conditions (as can be identified in JIMS) and pending psychiatry sick calls (as described in Dkt. 536)

RFP 128 – Charts of scheduled health care appointments (as described in Dkt. 536)

RPF 135 – Documents and communications related to CLERB, including recommendations made by CLERB

RFP 137 – Corrective Action Notices and responses

RFP 141 – Spreadsheets of individuals in the Outpatient Step Down Unit (as described in Dkt. 536)

RFP 146 – Logs of transfers for admission to outside mental health care providers (as described in Dkt. 536)

RFP 159 – Monthly logs of EOH and safety cell actions (as described in Dkt. 536)

RFP 164 – Logs of individuals with mental health disorders or intellectual disabilities placed in administrative segregation (as described in Dkt. 536)

RFP 165 – Administrative segregation logs (as described in Dkt. 536)

RFP 174 – Annual environmental health evaluation conducted by the County of San Diego Department of Environmental Health, like the one produced at SD_583777; pest inspection reports, like the ones produced at SD_725457 and SD_1471329, 725457; Module Inspection Rating Sheets, like the one produced at SD_654067

RFP 176 – Invoices for decontamination services (as described in Dkt. 536)

RFP 179 – Logs showing contraband seizures (as described in Dkt. 536), including ones like SD_44210-1, SD_444215, and SD_440237

RFP 180 – Logs and audits of safety checks (as described in Dkt. 536), like the ones produced as SD_1031439, SD_1090340-1091339, and SD_818778-99

RFP 183 – Documents, logs, and audits related to intercoms

RFP 187 - Logs, audits, lists, and summaries showing the number of assaults involving IPs, like the ones produced at SD_440237

RFP 192 – Spreadsheets showing above/below minimum staffing shifts (as described in Dkt. 536 at 22), like the one produced as SD_725946

Special Rog. No. 25 – Classification spreadsheets, like the ones produced as SD_117761-764, as well as the sample of individuals assigned to administrative separation, like the ones produced as SD_1575978-80

RFP 232 – Spreadsheets of facility notifications with respect to attorney visits for the period and call back logs (as described in Dkt. 536)

RFP 234 – Documents sufficient to show the hours of availability of the law library (as described in Dkt. 536)

RFP 250-252 – Patrol data spreadsheets containing CAD and RIPA data, like those produced as SD_1573095-100, SD_1579681-687

**ESI:  Plaintiffs request the renewed production of ESI through February 3, 2025, using the same custodians and search terms shared by Defendants on December 7, 2023.**



101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
www.rbgg.com

Gay Crosthwait Grunfeld
Email:  ggrunfeld@rbgg.com

April 16, 2025

<u>VIA ELECTRONIC MAIL ONLY</u>

David Fleck
Manning Kass
801 South Figueroa St., 15th Floor
Los Angeles, CA 90017
david.fleck@manningkass.com

Re:    Supplementation of NaphCare Discovery Responses
       *Dunsmore et al. v. San Diego County Sheriff's Department et al.*, S.D. Cal.
       No. 3:20-cv-00406-AJB-DDL
       <u>Our File No. 1730-01</u>

Dear Mr. Fleck:

As you know, we represent the certified class and subclasses in the above-captioned case.

I write to request an additional document production from NaphCare based on developments in this case.  As you may know, on April 3, 2025, Magistrate Judge Leshner indicated that he is "considering setting a fact cutoff date of February 3, 2025," and permitting additional discovery from the County defendants.  Dkt. 881.  The Court is holding a hearing regarding that issue on April 21, 2025.  Dkt. 885.

Given the expectation that the Court will set a fact cutoff of February 3, 2025, Plaintiffs request that NaphCare provide updated versions of certain documents that NaphCare previously produced to reflect conditions through February 3, 2025.  This is necessary to allow all parties and the Court to have timely evidence of conditions at the Jail.  NaphCare last produced documents on May 31, 2024.

Plaintiffs request updated versions of the following documents:

David Fleck
April 16, 2025
Page 2

## Data Reports Through February 3, 2025

- Spreadsheet, Sheriff's Department Psych Observation Units (Safety Cells) for June 1, 2022 to December 31, 2023 (NAPHCARE039682)

- Spreadsheet, Suicide Attempts (Flags) for June 1, 2022 to December 31, 2023 (NAPHCARE040053)

- TechCare Quarterly Reports for All Facilities (e.g., NAPHCARE037919)

- TechCare Monthly Reports for All Facilities (e.g., NAPHCARE036025)

- Suicide and Self-Harm Behavior Case Report, Blank (NAPHCARE034578)

- NaphCare Medication Order Date and First Dose Administered (e.g., NAPHCARE031060)

- NaphCare Offsite Status Detail (e.g., NAPHCARE026024-031036)

- Offsite Specialty Medical Visits (e.g., NAPHCARE0036027)

- Sick Calls (e.g., NAPHCARE002024-4863)

## Morbidity & Mortality Review Documents for Deaths at the Jail Through February 3, 2025

- Morbidity and Mortality Review Committee Meeting Agendas (e.g., NAPHCARE041658-041660)

- Morbidity and Mortality Review Committee Meeting Minutes (e.g., NAPHCARE041419-041422)

- PowerPoint Presentations to the Morbidity and Mortality Review Committee (e.g., NAPHCARE041642-041646)

- Death Summaries (e.g., NAPHCARE041635-041639)

## Meeting Minutes and Reports Through February 3, 2025

- Mental Health Monthly Meeting, Central Jail, May 30, 2023 (NAPHCARE034557)

- Mental Health Professional & Director Peer Review, Review Period: April 1 – May 15, 2023, (NAPHCARE031053)

- Mental Health Team Meeting, Central Jail, March 2, 2023 (NAPHCARE036020)

David Fleck
April 16, 2025
Page 3

- Mental Health Team Meeting, Central Jail, October 12, 2022 (NAPHCARE034549)
- All Quality Improvement/Quality Assurance documents, including, but not limited to, Quality Improvement Committee Meeting Minutes, 2022-2023 (e.g., NAPHCARE031584)

**Job Descriptions, If Updated Before February 3, 2025**

- Job Description, Mental Health Director (NAPHCARE016643)
- Job Description, Mental Health Discharge Planner (NAPHCARE16640)
- Job Description, Mental Health Professional (MHP) (NAPHCARE016637)
- Job Description, Mental Health Rehabilitation Specialist/Recreational Therapist (NAPHCARE016634)

**Blank Forms, If Updated Before February 3, 2025**

- Columbia Suicide Screening Form, Central Jail (NAPHCARE015966)
- Health Assessment Form, Central Jail (NAPHCARE015968)
- Mental Health Screen Form, September 13, 2022 (NAPHCARE034790-034793)
- Mental Health Screening Form, Central Jail (NAPHCARE015985)
- Psychiatric Evaluation Form, September 13, 2022 (NAPHCARE034799)
- Psychiatric Progress Note Form, September 13, 2022 (NAPHCARE034804)
- Refusal to Accept Medical Care/Treatment Form, Spanish (NAPHCARE034816)
- Specific Informed Consent Form, September 13, 2022 (NAPHCARE034820)
- W/PSU Transfer Discharge Form, Central Jail (NAPHCARE015976)
- Mental Health Evaluation Form, May 10, 2023 (NAPHCARE034794-034798)

**Other documents**

- Any updates to the NaphCare formulary (e.g., NAPHCARE037047)

[4683028.1]

David Fleck
April 16, 2025
Page 4

- Any updates to NaphCare policies in effect at the San Diego County Jail since May 31, 2024

- All substance use screening and monitoring documents, including CIWA, COWS, and the Comprehensive Detox Screen (e.g., NAPHCARE039591-039597)

- Any PowerPoints re: substance use issues (e.g., NAPHCARE040953-040991, NAPHCARE041148-041177)

We would appreciate the opportunity to meet and confer about these requests for updated documents.  However, if NaphCare does not agree to supplement its document production, Plaintiffs intend to seek a Court order for production.

Thank you for your courtesy and cooperation in this matter.

Very truly yours,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Gay Crosthwait Grunfeld*

By:  Gay Crosthwait Grunfeld

GCG:EMA
cc:  Susan Coleman
     Elizabeth Pappy
     Co-counsel

[4683028.1]