GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
Telephone: (858) 677-1400
Facsimile: (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California 94709
Telephone: (510) 806-7366
Facsimile: (510) 694-6314
ajf@aaronfischerlaw.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br>  v.<br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br>    Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>Magistrate: Hon. David D. Leshner<br><br>**NO HEARING DATE PER DKT. 882** |

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................... 1

BACKGROUND ..................................................................................................... 2

I.     FACTUAL AND PROCEDURAL BACKGROUND ..................................... 2

       A.     CIRB Litigation in This Case ............................................................. 2

       B.     Ninth Circuit Proceedings Remain Ongoing in *Greer* ........................ 5

ARGUMENT ........................................................................................................... 5

I.     JUDICIAL ECONOMY WARRANTS AVOIDING ANY RULING ON DEFENDANTS' MOTION UNTIL *GREER* IS FINAL ........................... 6

II.    DEFENDANTS FAIL TO SHOW HOW *GREER* RESOLVES THE CIRB REPORTS IN THIS CASE .................................................................. 8

       A.     *Greer* Requires *In Camera* Review ........................................................ 9

       B.     Certain Investigatory Information in the CIRB Reports Cannot be Privileged ........................................................................................... 10

       C.     Plaintiffs Understand Defendants to No Longer Be Claiming that Non-CIRB Report Documents are Privileged Under *Greer* .................. 11

III.   THE COURT SHOULD LARGELY REJECT DEFENDANTS' OTHER REQUESTS FOR RELIEF ................................................................. 12

CONCLUSION ........................................................................................................ 15

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Carver v. Lehman*,
    558 F.3d 869 (9th Cir. 2009) .......................................................................... 7

*Greer v. County of San Diego*, 127 F.4th 1216 (9th Cir. 2025) ......................... passim

*In re Zermeno-Gomez*,
    868 F.3d 1048 (9th Cir. 2017) ....................................................................... 8

*Rodney v. Garrett*,
    116 F.4th 947 (9th Cir. 2024) ........................................................................ 8

*Rodriguez v. Cleansource, Inc.*,
    No. 14-cv-0789-L-DHB, 2015 WL 12434307 (S.D. Cal. Feb. 26, 2015) ........ 7

*United States v. Martin*,
    278 F.3d 988 (9th Cir. 2002) ......................................................................... 8

*United States v. Ruiz*,
    935 F.2d 1033 (9th Cir. 1991) ....................................................................... 7

*Wedbush, Noble, Cooke, Inc. v. S.E.C.*,
    714 F.2d 923 (9th Cir. 1983) ......................................................................... 8

*Zisk v. Gannett Co. Income Prot. Plan*,
    73 F. Supp. 3d 1115 (N.D. Cal. 2014) ........................................................... 7

**STATUTES**

Cal. Penal Code § 832.10 ............................................................................. 10, 11, 12

# INTRODUCTION

Defendants' motion for reconsideration of the Court's December 13, 2023 order (the "Motion") seeks relief based solely on the Ninth Circuit's panel opinion in *Greer v. County of San Diego*, 127 F.4th 1216 (9th Cir. 2025), even though there is a pending petition for rehearing *en banc* in that case and activity suggesting that a judge may seek to call the case *en banc*. A decision to take the case *en banc* would vacate the panel opinion, with the *en banc* court then issuing a new decision. Given the lack of finality in *Greer* and the *in camera* review it requires, judicial economy weighs in favor of this Court not deciding the Motion until the ultimate outcome of *Greer* is clear. Delaying the Court's decision saves party and court resources, and there is no harm to Defendants given that Plaintiffs have deleted all documents at issue—34 reports from the Sheriff's Office's Critical Incident Review Board ("CIRB")—and therefore cannot use them in any way in this litigation.

On the merits, Defendants' Motion offers only conclusory argument to support their claim that *Greer* resolves whether the CIRB reports in this case are privileged. Defendants assert no facts about the CIRB reports in this case to show that they are privileged. Defendants never even attempt to show that there is *any* overlap between the *Greer* documents and CIRB reports in this case. Defendants fail to address the *Greer* court's analysis of the criteria needed to show that a document is privileged, nor do they acknowledge that Judge Battaglia has already ordered an *in camera* review to determine whether certain CIRB reports contain privileged information. *See* Dkt. 823 at 5-6. Further, Defendants fail to address the effect of recent changes to California law that makes factual information provided to an attorney as part of a jail death investigation disclosable as a public record and not subject to the attorney-client privilege. Defendants make a number of other requests for relief, none of which Defendants support with any argument or authority, and which the Court should reject.

# BACKGROUND

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. CIRB Litigation in This Case

On December 13, 2023, after conducting an *in camera* review of 25 CIRB reports, the Court determined that the reports are not protected in their entirety by the attorney-client privilege and ordered Defendants to produce them to Plaintiffs. Dkt. 468. Defendants later identified nine additional responsive CIRB reports, for a total of 34. *See* Dkt. 514. The Court also permitted Defendants to propose redactions to the 34 CIRB reports. *See* Dkts. 507, 529. Defendants did not timely object to Judge Leshner's December 13, 2023 order under Federal Rule of Civil Procedure 72, but made belated and unsuccessful attempts to avoid production. *See* Dkts. 533, 545. Defendants thereafter produced the CIRB reports to Plaintiffs.

In late 2024, the parties litigated the confidentiality designations of many documents Defendants produced in this case, including the CIRB reports. Dkt. 785. In the Court's December 18, 2024 order regarding confidentiality, the Court held—without prejudice—that because the issue of whether CIRB documents could be public was before the Ninth Circuit panel in *Greer*, the parties should maintain the confidentiality of the CIRB reports pending the outcome in *Greer*. *Id.* at 4.

Plaintiffs treated the CIRB reports as confidential throughout the litigation, including by providing them to no persons other than Plaintiffs' retained experts, who are covered by the protective order. Swearingen Decl., ¶ 2; *see also* Dkt. 400, ¶ 8. Further, when filing expert reports that cited from the CIRB reports, including on December 16, 2024 (Dkt. 780) and January 22, 2025 (Dkt. 797), Plaintiffs moved to seal specific information derived from the CIRB reports pending the outcome in *Greer*. *See* Dkt. 780, Dkt. 797 at 5. Defendants did not oppose either sealing motion. *See* Dkt. 811 (non-opposition to Jan. 22, 2025 motion to seal); Dkt. 825 at 3-4 (Court's order noting Defendants filed no response to the Dec. 16, 2024 motion to seal).

1    On February 10, 2025, the Ninth Circuit panel issued its opinion in *Greer v. County of San Diego*, which concerned unidentified "CIRB documents" related to twelve in-custody deaths. 127 F.4th 1216, 1221 (9th Cir. 2025). The majority held that the CIRB documents at issue in *Greer* are protected by the attorney-client privilege. *Id*. Judge Koh dissented from the majority opinion and stated that the CIRB documents in that case are not privileged in their entirety, as they "contain much information that is indisputably not privileged." *Id*. at 1230.

That same day, counsel for Defendants emailed Plaintiffs a copy of *Greer* and demanded that Plaintiffs delete CIRB documents. Swearingen Decl., Ex. A. Counsel for Plaintiffs responded within three hours to confirm that they would delete the CIRB reports and instruct their experts to do so. *Id*. Plaintiffs immediately took action to delete the reports. Swearingen Decl., ¶ 2. On February 27, 2025, Defendants sent Plaintiffs a "clawback" letter, which is referenced in Defendants' Motion but not attached. Swearingen Decl., Ex. B. In that letter, Defendants demanded that Plaintiffs delete not only the CIRB reports produced in response to RFP No. 81, but also 59 other documents produced in response to different discovery requests that Defendants had never previously contended are privileged. *Id*. The letter included a demand that Plaintiffs' counsel execute a "declaration" regarding the deletion of CIRB reports. *Id*.

On February 25, 2025, subsequent to the *Greer* opinion, Judge Battaglia issued an order on Plaintiffs' January 22, 2025 sealing motion, which sought to seal information from the CIRB reports that appeared in Plaintiffs' experts' reports. Dkt. 823. Judge Battaglia held that the *Greer* panel "did not make a general holding that *all* CIRB reports meet the criteria for attorney-client privilege." *Id*. at 5-6 (emphasis in original). The Court ordered the parties to contact Judge Leshner so that he could "conduct an *in camera* review of the CIRB reports at issue to determine whether the attorney-client privilege applies, following *Greer*." *Id*. at 6. At the February 28, 2025 hearing on that issue, Plaintiffs' counsel stated on the record that they had

deleted the CIRB reports, and Defendants' counsel stated that Defendants intended to file a motion for reconsideration of the December 13, 2023 CIRB reports order. Swearingen Decl., Ex. C.[1]

After the February 28, 2025 hearing, Plaintiffs lodged their experts' reports with Judge Leshner, showing the proposed redactions to address CIRB report information that Plaintiffs had filed with the January 22, 2025 sealing motion. Swearingen Decl., ¶ 5. Defendants did not object or contend that Plaintiffs' proposed redactions to the expert reports should be more extensive. *Id.*

On March 14, 2025, Defendants filed a motion to seal portions of Plaintiffs' expert reports containing CIRB information. Dkt. 856. Defendants attached their proposed redactions to CIRB report information in portions of Plaintiffs' experts' reports. Dkt. 856-1. Defendants' proposed redactions **are the exact same as** the redactions Plaintiffs filed with their prior sealing motions, as well as with a sealing motion that Plaintiffs also filed on March 14, 2025. *Compare, e.g.*, Dkt. 853-2 at 130-31, 282 (Plaintiffs' redactions to Dr. Keller and Dr. Stewart reports) *with* Dkt. 856-1 (Defendants' redactions to same).

On March 17, 2025, counsel for Defendants emailed Plaintiffs to threaten sanctions related to Plaintiffs' redacted expert reports that were posted on Rosen Bien Galvan & Grunfeld's ("RBGG's") website. Swearingen Decl., Ex. D-62. Those redacted expert reports on RBGG's website contained **the exact same** CIRB report-related redactions that Defendants filed with their motion to seal and that Plaintiffs had also filed with their motions to seal. *Id.*, ¶ 6. Plaintiffs asked Defendants on numerous occasions to identify the allegedly privileged CIRB information they believe was included in the redacted expert reports, but Defendants did not. *See, e.g., id.*, Exs. D-60, H-75.

---

[1] Defendants have not diligently pursued their Motion, and did not even initiate meet and confer about the Motion until March 24, 2025.

1    Plaintiffs also sought to meet and confer about Defendants' February 27,
2 2025 letter, including Defendants' request that Plaintiffs' counsel execute
3 declarations and Defendants' privilege assertion over dozens of documents that are
4 not CIRB reports. *Id.*, Ex. E. Defendants refused to meet and confer about this
5 issue. *Id.*, Ex. F. Instead, on March 24, 2025, Defendants asked to meet and confer
6 about the instant Motion. *Id.*, Ex. G. At the meet and confer, Defendants
7 maintained that all but one of the documents identified in their February 27, 2025
8 letter are privileged. Swearingen Decl., ¶ 13. However, Defendants' Motion filed
9 on April 14, 2025 appears to claim that only the CIRB reports are privileged, and
10 not any of the 59 other documents that Defendants asserted were privileged in their
11 February 27 letter. Dkt. 886-1.

12    **B.    Ninth Circuit Proceedings Remain Ongoing in *Greer***

13    After the February 10, 2025 panel majority opinion in *Greer*, Ninth Circuit
14 proceedings remain ongoing. On March 17, 2025, the appellees filed a motion for
15 panel rehearing or rehearing *en banc*. Ninth Circuit Case No. 23-55607 ("*Greer*
16 Appeal"), ECF No. 76; *see* Swearingen Decl., Ex. J-91. On April 7, 2025, the *Greer*
17 panel ordered the County to file a response to the petition. *Greer* Appeal, ECF No.
18 81; Swearingen Decl., Ex. K. That response is currently due May 28, 2025.
19 Swearingen Decl., Ex. J-91. On April 8, 2025, the *Greer* panel granted a request to
20 file an *amicus* brief in support of rehearing *en banc* by Mr. Greer and the family
21 members of people who have died in the jail. *Greer* Appeal, ECF No. 82; *see*
22 Swearingen Decl., Ex. J-91.

23                    **ARGUMENT**

24    Judicial efficiency warrants this Court staying any ruling as to whether the
25 CIRB reports in this case are privileged until the *Greer* proceedings in the Ninth
26 Circuit are final. On the merits, Defendants fail to articulate how the majority
27 opinion in *Greer* compels a conclusion that all CIRB reports in this case are
28 privileged without any *in camera* review, or to provide any authority for the other

requests in their Motion.

## I. JUDICIAL ECONOMY WARRANTS AVOIDING ANY RULING ON DEFENDANTS' MOTION UNTIL *GREER* IS FINAL

With proceedings ongoing in the Ninth Circuit regarding *Greer*, it is inefficient for the Court to decide Defendants' Motion at this time. By ordering the County to respond to the appellees' petition and accepting an *amicus* brief in support of rehearing *en banc*, the Ninth Circuit's actions suggest that a judge of the Ninth Circuit is interested in calling the case *en banc*, which, if successful, would mean vacating the panel's opinion. Under the Ninth Circuit's rules, the court's request that a party respond to a petition for rehearing *en banc* is a necessary predicate to granting the petition for rehearing *en banc*. Ninth Circuit Rule 40-2; Swearingen Decl., Ex. L-113. Similarly, the Advisory Committee Note to that rule states that a petition for rehearing *en banc* is usually denied within 21 days of receipt if "no judge requests or gives notice of an intention to request *en banc* review." *Id.* at Ex. L-113-14. Here, the Ninth Circuit did not deny the petition within 21 days and instead requested a response, which indicates that a judge of the Ninth Circuit is interested in *en banc* review.

If the case is taken *en banc*, the Ninth Circuit would vacate the *Greer* panel opinion, *see* Ex. L-114, and an *en banc* panel of eleven Ninth Circuit judges would then consider the *Greer* issue anew—and issue an entirely new opinion. It makes little sense for the Court to decide Defendants' Motion now based on *Greer* when *Greer* itself is not final. Indeed, a decision in this case now could lead to further whiplash for this Court and parties if the Ninth Circuit takes *Greer en banc* and then decides the CIRB documents in that case are not privileged. The parties and Court would then again have to litigate what the new outcome in *Greer* means for the CIRB reports in this case, including likely further *in camera* review. This uncertainty weighs in favor of avoiding any ruling on Defendants' Motion until the outcome of *Greer* in the Ninth Circuit is certain.

Per the Ninth Circuit's rules, after confidential internal proceedings, the Ninth Circuit will issue an order either granting or denying the petition for rehearing *en banc*. Swearingen Decl., Ex. L-113-14. If the Ninth Circuit denies the petition, the Court can then address Defendants' Motion. If the Ninth Circuit grants the petition for rehearing *en banc*, the Court should then await the *en banc* court's opinion. Defendants have not identified any prejudice for waiting until *Greer* is finally resolved. There is no harm to Defendants in waiting, as Plaintiffs have deleted the CIRB reports pending resolution of *Greer*, and cannot use them in this case.

This approach is supported by the Ninth Circuit's own authority. For example, *United States v. Ruiz* discussed how a court should treat a panel opinion in a different case (*Restrepo*) that was later withdrawn when the Ninth Circuit granted a petition for rehearing. 935 F.2d 1033 (9th Cir. 1991). Specifically, the litigant in *Ruiz* relied on *Restrepo* after the opinion in *Restrepo* was filed, but with a petition for rehearing in *Restrepo* pending. *Id.* at 1037. According to the Ninth Circuit, "no expectation of finality can attach during the period in which either party may petition for rehearing." *Id.* Thus, for the *Ruiz* litigants, *Restrepo* had only "interim validity" and, when later withdrawn, "had never become settled circuit law." *Id.* at 1037-38. The *Greer* opinion stands in the same situation: it is not yet settled circuit law. *Accord Carver v. Lehman*, 558 F.3d 869, 878 & n.16 (9th Cir. 2009) ("[U]ntil the mandate issues, an opinion is not fixed as 'settled Ninth Circuit law,' and reliance on the opinion is a 'gamble.'") (quoting *Ruiz*); *see also Rodriguez v. Cleansource, Inc.*, No. 14-cv-0789-L-DHB, 2015 WL 12434307, at *3 (S.D. Cal. Feb. 26, 2015) (rejecting contention that Ninth Circuit opinion was "controlling" with no mandate issued and further appellate proceedings pending); *Zisk v. Gannett Co. Income Prot. Plan*, 73 F. Supp. 3d 1115, 1120-21 (N.D. Cal. 2014) (finding the law "unsettled" given "uncertainty" around a Ninth Circuit panel opinion with a pending petition for rehearing *en banc*).

Defendants do not acknowledge the potential *en banc* activity in *Greer*, but

cite several cases in an apparent attempt to suggest that the panel majority's opinion is final despite the potential *en banc* activity. All of the cases are distinguishable. In the first, *Rodney v. Garrett*, the question at issue was whether an intervening U.S. Supreme Court decision effectively overruled a Ninth Circuit decision, which is not the circumstance here. *Rodney*, 116 F.4th 947, 955 (9th Cir. 2024). The second case, *Wedbush, Noble, Cooke, Inc. v. S.E.C.*, predates the later *Ruiz* and *Carver* cases which hold that an opinion with a pending petition for rehearing is not yet final. *Wedbush*, 714 F.2d 923 (9th Cir. 1983). Moreover, that case involved only a filed petition for rehearing, *id.* at 924, not, as in this case, a request from the panel for a response to the petition, which suggests a judge is interested in calling the case *en banc*. *See* Ex. L-113-14. *In re Zermeno-Gomez* presented the more straightforward question of whether courts bound by an order regarding the shackling of criminal defendants had to follow that order despite a pending petition for rehearing. 868 F.3d 1048, 1051 (9th Cir. 2017). The circumstances are different here, where the question is how to apply *Greer* in an entirely distinct case. Moreover, *Zermeno-Gomez* implicated ongoing harms related to criminal due process protections that justified the extraordinary remedy of *mandamus* relief, whereas here there is no harm to Defendants given Plaintiffs' deletion of the CIRB reports.

For all of the above reasons, Plaintiffs respectfully request that the Court decline to rule on Defendants' Motion until the Ninth Circuit either grants or denies the pending motion for rehearing *en banc*.

## II. DEFENDANTS FAIL TO SHOW HOW *GREER* RESOLVES THE CIRB REPORTS IN THIS CASE

To the extent the Court wishes to address the merits of Defendants' Motion, Defendants fail to meet their burden to show that under *Greer*, the CIRB reports *in this case* are privileged. *See United States v. Martin*, 278 F.3d 988, 999-1000 (9th Cir. 2002) (holding that the party seeking to establish that the attorney-client

privilege applies bears the burden of proof). Defendants have not shown that *any* of the CIRB documents at issue in *Greer* are among the 34 CIRB reports produced in this case.[2] Defendants fail to address the language in *Greer* indicating that *in camera* review of CIRB reports is necessary to determine whether the attorney-client privilege applies. Nor do Defendants acknowledge Judge Battaglia's decision stating that *Greer* does not render *all* CIRB reports privileged and requiring *in camera* review of CIRB reports to determine whether the privilege applies. *See* Dkt. 823. Defendants also fail to address the implications of SB 519, state legislation requiring investigation of jail deaths to be made public.

### A. *Greer* Requires *In Camera* Review

Defendants' Motion makes no showing that any of the CIRB reports in this case are privileged. Defendants contend only that the "CIRB process at issue in *Greer* is the same process as in the present case," without any evidentiary support to show that the processes are the same. Mot. at 9.

Critically, Defendants fail to address any of the *Greer* factors in claiming that the CIRB reports in this case are privileged. In *Greer*, the Ninth Circuit examined each individual CIRB report to see whether it met "the criteria for attorney-client privilege." 127 F.4th at 1226. The Ninth Circuit examined whether the chief legal advisor attended the CIRB and whether "areas of potential liability for the inmate's death were discussed." *Id.* At the very least, *Greer*'s consideration of the content of "each" CIRB report requires this Court to examine the CIRB reports at issue here *in camera*. Indeed, Judge Battaglia recognized that *Greer* continues to require *in camera* review when he referred the matter of certain CIRB reports to Judge Leshner for *in camera* review. *See* Dkt. 823 at 5-6.

Without possession of the CIRB reports, Plaintiffs cannot argue specifically

---

[2] To the extent any of the CIRB reports produced in this case are the same as those at issue in *Greer*, Plaintiffs do not dispute that such documents would be protected by the attorney-client privilege under *Greer*.

how to apply the aforementioned principles of *Greer* to each CIRB report in this case. However, it is clear that *Greer* requires *in camera* review.

### B. Certain Investigatory Information in the CIRB Reports Cannot be Privileged

Defendants do not address the effect of California law on whether the information in the CIRB reports is privileged. Under recently-enacted Senate Bill 519, the Legislature amended California law to expand the types of documents related to deaths in custody that are available as public records. *See* Cal. Penal Code § 832.10. Specifically, under that law, "any record relating to an investigation conducted by the local detention facility involving a death incident maintained by a local detention facility shall not be confidential and shall be made available for public inspection…." *Id.* at § 832.10(b). Further, the "attorney-client privilege does not prohibit the disclosure of … "[f]actual information provided by the local detention facility to its attorney or factual information discovered by in any investigation conducted by, or on behalf of, the local detention facility's attorney." *Id.* at § 832.10(c)(7)(A)(i).

Accordingly, any information in the CIRB reports that reflects the factual information that jail investigators provide to an attorney is not privileged. Although this Court held previously that SB 519 "does not affect the County's ability to assert the attorney-client privilege with respect to the CIRB Reports," Dkt. 468 at 7, n.4, whether the County can assert the privilege is a different question than whether the entirety of the CIRB reports are privileged under SB 519 and Penal Code section 832.10. As *Greer* states, as part of the CIRB, "Department personnel present factual information regarding the underlying incident, including, in some instances, PowerPoints, to the CIRB members, including the Department's legal counsel." 127 F.4th at 1220. Any such factual presentation presented to the CIRB thus fits squarely within the ambit of Penal Code 832.10, and is not privileged. Penal Code section 832.10 concerns disclosure under the Public Records Act, but if materials

1  are not privileged and disclosable as public records, then they cannot be privileged
2  in litigation.  Defendants fail to articulate how all portions of the CIRB reports in
3  this case can be privileged under SB 519.
4      Further, Defendants maintain summaries of specific CIRB proceedings on
5  their public website.  The CIRB summaries from all deaths in 2021-2023 remain
6  posted on the Sheriff's Office website.  Swearingen Decl., Ex. M.  These summaries
7  contain synopses of a person's death and, in the example attached, action items
8  based on the CIRB meeting.  Swearingen Decl., Ex. N.  The information in these
9  summaries from 2021-2023 deaths likely overlap with information in the 34 CIRB
10 reports produced to Plaintiffs, which related to deaths from 2021-2023.  *See* Dkt.
11 468 at 6.  This factual information about the deaths cannot be privileged.

### C. Plaintiffs Understand Defendants to No Longer Be Claiming that Non-CIRB Report Documents are Privileged Under *Greer*

14      As discussed above, Defendants sent Plaintiffs a letter on February 27, 2025
15 contending that not only the CIRB reports, but also a number of other documents,
16 including PowerPoint presentations and CIRB meeting attendance lists, are also
17 privileged.  Swearingen Decl., Ex. B.  Defendants had never previously contended
18 that those documents are privileged, or withheld them.  *Id.*, ¶ 3.  During meet and
19 confer, Plaintiffs further explained to Defendants that PowerPoint summaries of
20 factual information related to deaths at the Jail cannot be privileged under Penal
21 Code section 832.10(c)(7)(A)(i).  Defendants agreed that the list of CIRB attendees
22 is not privileged, but continued to argue that the PowerPoint summaries are
23 privileged and indicated that Defendants would include them in their Motion.
24 Swearingen Decl., ¶ 13 & Ex. I (Defendants' informal discovery conference
25 submission to this Court referring to the PowerPoints).
26      However, Defendants' Motion contends only that the CIRB reports are
27 privileged, and does not address any documents beyond those documents at issue in
28 the Court's December 13, 2023 order.  *See* Mot. at 7 (arguing that the Court should

reconsider its December 13, 2023 discovery order, which concerned only CIRB reports); *id.* at 9 (arguing that Motion concerns the "CIRB Reports"). Defendants offer no argument regarding the PowerPoints listed in the February 27, 2025 letter. Accordingly, Plaintiffs understand Defendants no longer claim that the PowerPoints are privileged.

In the event that Defendants' reply insists that the PowerPoints are privileged, Plaintiffs request that Defendants be ordered to lodge them for the Court's *in camera* review. Pursuant to policy, these PowerPoints are prepared by Sheriff's Office investigative staff, not attorneys. *Greer*, 127 F.4th at 1220; *see also* Swearingen Decl., Ex. O. Defendants have also stated that Dr. Montgomery, the Sheriff's Office's Chief Medical Officer, prepares the reports. *Id.*, Ex. I. As discussed above, any "factual information" prepared by Sheriff's Office investigators in those PowerPoints, even if later provided to an attorney, cannot be privileged under Penal Code section 832.10.

## III.   THE COURT SHOULD LARGELY REJECT DEFENDANTS' OTHER REQUESTS FOR RELIEF

Beyond reconsideration of the Court's prior finding that the CIRB reports are not privileged in their entirety, Defendants' Motion makes a number of other requests for relief. Notably, Defendants provide no argument and cite no case law as to why any specific request is justified. *See* Mot. at 10-11 (simply listing the requests). These requests are generally moot or lack justification, as Plaintiffs explain below.

Defendants state that Plaintiffs' experts Gary Raney, Dr. Jeffrey Keller, Dr. Pablo Stewart, and Dr. Kelly Ramsey received CIRB reports and now request (#2) that the experts "may not rely upon, reference or in any way make statements or render opinions based upon the contents of the CIRB Reports, and that any statements, opinions, references and/or reliance upon said CIRB Reports in their written reports shall be stricken from said reports and/or declarations based upon

any such reports." Mot. at 1. Plaintiffs' experts have already confirmed deletion of the CIRB reports and concurrent with this brief, Plaintiffs are filing declarations from those four experts regarding the scope of their reports with the sections that discussed the CIRB reports excised. *See* Declarations of Dr. Jeffrey Keller, Dr. Kelly Ramsey, Dr. Pablo Stewart, and Gary Raney.

Next, Defendants request (#3) that the Court order Plaintiffs' counsel to submit a declaration that Plaintiffs have deleted the CIRB reports, even though Plaintiffs' counsel has confirmed deletion to Defendants and stated so on the record before the Court. Mot. at 1; *see* Swearingen Decl., Exs. C-D. Plaintiffs' counsel asked Defendants in March for authority supporting the need for a declaration, but Defendants failed to provide any authority, and continue to fail to provide any authority for this request in their motion. Swearingen Decl., Ex. D-60; *see* Mot. at 10 (making argument with no supporting authority). Because Plaintiffs deleted the CIRB reports and confirmed that their experts have done the same, Dkt. 884-1, ¶ 2; Swearingen Decl., ¶ 2, no declaration is necessary.

Next, Defendants request (#4) that the Court order Plaintiffs to provide declarations that identify the individuals who received the CIRB reports. Mot. at 1. Defendants already have this information. In 2024, Plaintiffs served Defendants with the expert reports, each of which identifies the documents the expert considered (including CIRB reports). Swearingen Decl., ¶ 24. Plaintiffs also informed Defendants on February 10, 2025 that only Plaintiffs' retained experts received the CIRB reports. Swearingen Decl., Ex. A. This request for relief is unnecessary.

Next, Defendants request (#5) that the Court "[p]rohibit the further use of or sharing of information derived from any CIRB records." Mot. at 1. Defendants' use of "CIRB records" is ambiguous. To the extent Defendants refer to the CIRB reports at issue in the Court's December 13, 2023 order, Plaintiffs have no objection to this request pending the final outcome in *Greer*. To the extent Defendants seek a

1 broader order about documents beyond the CIRB reports at issue in the
2 December 13, 2023 order, such relief is procedurally inappropriate for this Motion,
3 especially where Defendants fail to provide any argument about how documents
4 other than the CIRB reports are privileged.

5     Next, Defendants request (#6) that the Court order that "all filed documents
6 including privileged information directly and/or derivatively, be withdrawn from the
7 Court records." Mot. at 1-2. Defendants note that they have filed a motion to seal at
8 Docket 856 to protect confidentiality pending the outcome of the Motion. *See* Mot.
9 at 2 n.1. As explained above, that filing contains redactions to expert reports that
10 redact the same material as redacted in the expert reports that Plaintiffs have
11 consistently filed throughout this case. It is thus unclear what, if anything,
12 Defendants are asking the Court to do at this juncture. To the extent the Court rules
13 on this Motion and decides that the redactions should be broader or narrower in
14 scope, Plaintiffs will of course comply with such an order.

15     Next, Defendants request (#7) that the Court order "that all reference in expert
16 reports to CIRB Reports, citations to CIRB Reports, and any statements, summaries
17 and/or opinions derived from CIRB Reports, be withdrawn from Court filings."
18 Mot. at 2. This request appears redundant of the prior request (#6) regarding filed
19 documents. Finally, Defendants request (#8) that the Court order that "Plaintiffs'
20 counsel not publish and/or share any portion of their expert reports (names)
21 containing statements, opinions, citations to, summaries of and/or commentary
22 derived from the CIRB Reports." Mot. at 2. This request seems to relate to whether
23 Plaintiffs can post redacted versions of their experts' reports on RBGG's website.
24 Plaintiffs posted to RBGG's website versions of the experts' reports that contained
25 the same redacted material that Defendants filed with their sealing motion at Dkt.
26 856-1 (and that Defendants did not oppose in response to Plaintiffs' sealing
27 motions). Yet Defendants have repeatedly threatened Plaintiffs with sanctions for
28 posting those redacted reports. *See* Swearingen Decl., Exs. D, H. After taking

down the redacted expert Keller, Raney, Ramsey, and Stewart reports from the RBGG website, Plaintiffs proposed reposting the reports with more redactions than Defendants applied in their filings, but Defendants have failed to respond. *Id.*[3] Ultimately, the Court should not address the scope of necessary redactions to expert reports until the outcome of *Greer* is final and its implications for this case clear.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny without prejudice Defendants' Motion pending the final outcome of *Greer* in the Ninth Circuit, or alternatively stay any ruling on Defendants' Motion pending the final outcome of *Greer* in the Ninth Circuit.

DATED: April 24, 2025　　　　　　　Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By: */s/ Van Swearingen*
　　　Van Swearingen

Attorneys for Plaintiffs and the Certified Class and Subclasses

---

[3] Based on Defendants' failure to meet and confer about the scope of redactions to Plaintiffs' experts' reports and Plaintiffs' experts' confirmation regarding the scope of their statements, conclusions, and/or opinions derived from CIRB reports, RBGG is reposting with corresponding redactions the expert reports of Dr. Stewart, Dr. Ramsey, Mr. Raney, and Dr. Keller to their website.