GAY C. GRUNFELD – 121944
VAN SWEARINGEN – 259809
MICHAEL FREEDMAN – 262850
ERIC MONEK ANDERSON – 320934
HANNAH M. CHARTOFF – 324529
BEN HOLSTON – 341439
ROSEN BIEN
GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California  94105-1738
Telephone:   (415) 433-6830
Facsimile:    (415) 433-7104
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

AARON J. FISCHER – 247391
LAW OFFICE OF
AARON J. FISCHER
1400 Shattuck Square Suite 12 - #344
Berkeley, California  94709
Telephone:  (510) 806-7366
Facsimile:   (510) 694-6314
ajf@aaronfischerlaw.com

CHRISTOPHER M. YOUNG – 163319
ISABELLA NEAL – 328323
OLIVER KIEFER – 332830
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California  92121-2133
Telephone:  (858) 677-1400
Facsimile:   (858) 677-1401
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the
Certified Class and Subclasses

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPÚLVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>          v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>                Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>Magistrate: Hon. David D. Leshner<br><br>**NO HEARING DATE PER DKT. 882** |

[4683763.3]

DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION FOR RECONSIDERATION

I, Van Swearingen, declare:

1.    I am an attorney duly admitted to practice before this Court.  I am a partner in the law firm of Rosen Bien Galvan & Grunfeld LLP, counsel of record for Plaintiffs.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could competently so testify.  I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion for Reconsideration.

2.    On February 10, 2025, Defendants' counsel sent an email to Plaintiffs' counsel demanding that all Critical Incident Review Board ("CIRB") -related documents in the possession of Plaintiffs' counsel or individuals who had been provided the documents be destroyed in light of the Ninth Circuit's decision in *Greer v. County of San Diego*.  Plaintiffs' counsel understood this request to mean that Defendants wanted Plaintiffs to destroy all CIRB reports in their possession, as only those documents were at issue in the dispute that led to the Court's December 13, 2023 order (Dkt. 468).  In their response, Plaintiffs' counsel informed Defendants' counsel that they would destroy the CIRB documents in their possession and instruct certain of their experts (who were the only individuals who had been provided these documents by Plaintiffs' counsel) to do the same.  Plaintiffs' counsel took care to ensure that that all copies of CIRB reports were deleted and/or destroyed by Plaintiffs' counsel.  A true and correct copy of this email chain is attached hereto as **Exhibit A**.

3.    On February 27, 2025, counsel for Defendants sent a letter to Plaintiffs' counsel demanding that Plaintiffs' counsel delete a list of 60 different sets of documents, provide the names of any person to whom Plaintiffs sent the CIRB reports, and execute declarations affirming the foregoing.  As the Court's December 13, 2023 order, Dkt. 468, indicates, the only documents that Defendants withheld in response to Plaintiffs' Request For Production No. 81 as allegedly privileged and then later produced after the Court's order were 34 CIRB reports.  Among the 60 different sets of documents, only one bates range (SD_1030373-631)

includes the CIRB reports.  All of the other documents in Defendants' February 27, 2025 letter consist of PowerPoint presentations and a list of CIRB attendees. Defendants never withheld any of those documents on the basis of privilege or otherwise contended they were privileged until February 27, 2025.  A true and correct copy of that letter is attached hereto as **Exhibit B**.

4.     On February 28, 2025, counsel for Plaintiffs appeared before Magistrate Judge Leshner in connection with this Court's order that the Magistrate Judge review the CIRB redactions in light of *Greer*.  During that conference, counsel for Plaintiffs informed Judge Leshner and counsel for Defendants that Plaintiffs' counsel had destroyed all copies of the CIRB reports in our possession. At the hearing, counsel for Defendants stated that "the County will be filing a motion for reconsideration" regarding all the CIRB reports produced in this case.  A true and correct copy of the transcript of this proceeding is attached here to as **Exhibit C**.

5.     After that hearing, on March 3, 2025, my colleague Eric Anderson sent to the chambers of Judge Leshner Plaintiffs' expert reports with the proposed CIRB redactions that Plaintiffs had filed with the January 22, 2025 sealing motion. Defendants did not object or contend that the redactions should be more extensive.

6.     On March 18, 2025, Defendants' counsel sent an email, a true and correct copy of which is attached hereto as **Exhibit D**, to Plaintiffs' counsel, stating that Plaintiffs' counsel had "ignored [Defendants'] demands to return and/or destroy all privileged CIRB materials" and that Defendants' counsel would be seeking a restraining order and sanctions against Plaintiffs' counsel.  Defendants' counsel stated that four of Plaintiffs' expert reports (from Gary Raney, Dr. Jeffery Keller, Dr. Kelly Ramsey, and Dr. Pablo Stewart) that were posted with redactions to RBGG's website contained information from privileged CIRB reports.  The expert reports posted to RBGG's website are the same expert reports publicly filed in connection with the parties' sealing motions that contained redactions to references

DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

1  to the CIRB reports.

2       7.      As reflected in Exhibit D, my colleague Gay Grunfeld responded the

3  same day, indicating that Plaintiffs' counsel had already confirmed deletion of all

4  CIRB reports.  Ms. Grunfeld explained that the redactions to the expert reports on

5  the RBGG website were the same as those Plaintiffs filed with their January 21,

6  2025 sealing motion because the *Greer* decision was pending, Dkt. 797, which

7  Defendants did not oppose, Dkt. 811.  She asked Defendants' counsel to identify the

8  specific information in the four expert reports identified by Defendants' counsel that

9  they believe needed to be deleted.  Ex. D-60.  Defendants' counsel did not identify

10 the specific information that they believed needed to be deleted.  Instead,

11 Defendants' counsel threatened sanctions.  Ex. D-58-59.

12      8.      The same day, Plaintiffs' counsel removed the four redacted expert

13 reports from RBGG's website.  Plaintiffs' counsel did not believe that this was

14 necessary to comply with *Greer*, but did so out of an abundance of caution and at

15 the request of Defendants' counsel.  Ms. Grunfeld promptly notified Defendants'

16 counsel of these actions.  *See* Ex. D-54.

17      9.      As shown in Exhibit D, on March 20, 2025, Ms. Grunfeld sent an email

18 attaching the four expert reports at issue with even more redactions than were in

19 Plaintiffs' sealing motion (to which Defendants did not object).  Ex. D-50-51.  She

20 informed Defendants that Plaintiffs' counsel believed it would be appropriate to post

21 these further redacted reports on RBGG's website and asked if Defendants agreed,

22 and if not, to let us know when we could meet and confer, or to inform us which

23 portions Defendants would like to have additionally redacted.  On March 23, 2025,

24 Defendants' counsel informed me that they would look at the attachments "this

25 week and get back to you."  On April 1, 2025, Ms. Grunfeld informed Defendants'

26 counsel that we were still waiting for their position.  Defendants' counsel responded

27 stating that they "have not had time to review and won't before tomorrow's meet

28 and confer."  Defendants' counsel never informed us about their position on the

redacted expert reports and never identified which portions of the expert reports they believe contained privileged information.  Ex. D-47-49.

10.    Given Defendants' repeated threats to seek sanctions for posting the expert reports, on March 21, 2025, Ms. Grunfeld sent an invitation for a meet and confer to be held March 26, 2025.  She attached to the email an agenda which included two items:  (1) a request to place the further redacted expert reports back on RBGG's website, and (2) a request to discuss Defendants' basis for asserting privilege over the expert reports.  A true and correct copy of my email and the meet and confer agenda is attached hereto as **Exhibit E**.

11.    On March 23, 2025, Defendants' counsel declined to meet and confer, stating that there was "no basis for such a conference at present" and that demanding a meet and confer and seeking an IDC is a "misuse of the litigation process and in and of itself grounds for Rule 11 sanctions."  A true and correct copy of Defendants' counsel's March 23, 2025 email is attached as **Exhibit F**.

12.    The next day, on March 24, 2025, Defendants' counsel sought to meet and confer about their intent to bring the instant motion for reconsideration.  A true and correct copy of Defendants' counsel's March 24, 2025 email is attached as **Exhibit G**.

13.    The parties met and conferred on April 2, 2025 regarding the six items in Defendants' email of March 24, 2025.  *See* Exhibit F.  I attended along with my colleague Ms. Grunfeld and counsel for Defendants.  At the meet and confer, Defendants indicated that they would not include in their motion for reconsideration the list of attendees at the CIRB meetings listed in the February 27, 2025 letter, but that they would move for reconsideration related to the CIRB reports and the PowerPoints listed in the February 27, 2025 letter.

14.    Toward the end of the meet and confer, after discussing all six items, Ms. Grunfeld asked counsel for Defendants to "look, if you would, please, at the redactions on the four expert reports that I took off the website."  Counsel for

1   Defendants said she was "hoping to get to it this week."  Ms. Grunfeld pointed out
2   that we had sent the further redacted reports weeks ago and it would only take a few
3   minutes to look at the redactions.  We asked to hear from Defendants' counsel by
4   noon on April 3 regarding their position.

5        15.    Later the same day (April 2, 2025), I sent an email following up on the
6   meet and confer enclosing notes and the Zoom recording.  Plaintiffs' counsel's notes
7   stated that they would be posting the further redacted expert reports on RBGG's
8   website in the event that Defendants do not identify which portions of the further
9   redacted reports they believe to contain privileged information.  Defendants'
10  counsel responded to my email the same day, stating that "I suggest you rethink
11  posting the reports at noon tomorrow because it will prompt me to move forward
12  with the request for sanctions given the continued inappropriate conduct by
13  Ms. Grunfeld and her firm."  The same day, I responded asking Defendants to:

> Please let us know the basis for your threatened sanctions.  As you
> know, the expert reports that Plaintiffs plan to re-post on our website
> contain even more redactions (the same redactions plus additional
> redactions) as the expert reports that are attached to Plaintiffs' sealing
> motions which Defendants did not oppose.  If Defendants did not
> oppose the public filing of those redacted expert reports, why do
> Defendants threaten sanctions for Plaintiffs posting reports with greater
> redactions to our website?
>
> We have asked you repeatedly to inform us of what that you think
> should be redacted but has not been redacted.  You have not responded.
> Please let us know the specific material that you think is privileged or
> otherwise objectionable.  If you do so, we are happy to have a
> conversation about the material you identify.

22  Defendants' counsel responded the same day, stating that "I can't help you at all if
23  you don't know the basis for sanctions by now….  I've written so many emails
24  outlining your conduct that one more isn't going to help you. It's unfortunate you
25  don't understand your ethical obligations."  I responded the same day, stating that
26  "You keep telling us you cannot help us but you've never identified what the
27  allegedly privileged information is despite our repeatedly asking for this
28  information.  We are trying in good faith to understand your concerns."  A true and

1   correct copy of this April 2, 2025 email chain is attached as **Exhibit H**.

2   16.    To this date, Defendants have still not informed Plaintiffs that they

3   have reviewed the further redactions made to the four expert reports sent by

4   Plaintiffs' counsel on March 20, 2025.

5   17.    On April 2, 2025, counsel for Defendants sent an email request to the

6   Court for an informal discovery conference regarding the instant Motion.  Among

7   other things, Defendants indicated that the Motion would seek "a ruling that

8   Dr. Montgomery's powerpoints prepared for CIRB meetings are privileged under

9   *Greer*."  A true and correct copy of the email is attached hereto as **Exhibit I**.

10  18.    Attached hereto as **Exhibit J** is a true and correct copy of a screenshot of

11  the Ninth Circuit docket in *Greer v. County of San Diego*, Case No. 23-55607.  The

12  excerpt shows events in the case from the panel's February 10, 2025 opinion to the

13  present, including the filing of intervenors' petition for rehearing en banc (Dkt. 76).

14  19.    Attached hereto as **Exhibit K** is a true and correct copy of the *Greer*

15  panel's April 7, 2025 order (Dkt. 81 in that case) directing the County to file a

16  response to the petition for rehearing.  As Exhibit J indicates, the County later

17  requested and obtained an extension of time to file the response until May 28, 2025.

18  20.    Attached hereto as **Exhibit L** is a true and correct of excerpts from the

19  Federal Rules of Appellate Procedure, Ninth Circuit Rules, Circuit Advisory

20  Committee Notes, dated December 1, 2024.

21  21.    Attached hereto as **Exhibit M** is a true and correct copy of a screenshot

22  taken April 23, 2025 of a public webpage maintained by the Sheriff's Office,

23  available at the link: https://www.sdsheriff.gov/resources/transparency-reports.  At

24  the bottom of the page, there is a section titled "Critical Incident Review Board

25  (2022)."  The section lists links to releases about deaths from 2021-2023 at the Jail,

26  and states that the "releases are synopses of reviewed incidents and any resultant

27  actions or policy changes intended to improve our operations."

28  22.    Attached hereto as **Exhibit N** is a true and copy of the CIRB release for

Lester Marroquin posted on the Sheriff's Office's webpage that is Exhibit M. The release provides a summary of the circumstances of Mr. Marroquin's death and "action items" recommended by the CIRB after their review of the incident.

23.  Attached hereto as **Exhibit O** is a true and correct copy of the current policy and procedure for the CIRB, which is available on the Sheriff's Office website: https://www.sdsheriff.gov/home/showpublisheddocument /8764/638660743815400000. The policy and procedure states that at CIRB meetings, "the investigators involved in the investigation of the critical incident will present facts and circumstances to the members of the CIRB." The policy and procedure further states that after each CIRB, "the [Division of Inspectional Services] will prepare a public report detailing the facts reviewed by the CIRB Board at a CIRB meeting. The public report will be posted on the Sheriff's internet website." As Exhibit M shows, the Sheriff's Office has not done so for any deaths at the Jail in 2024 and 2025.

24.  Plaintiffs served the expert reports from Gary Raney, Dr. Stewart, Dr. Keller, and Dr. Ramsey on Defendants on August 21, 2024. Each report contains an index of documents showing the documents reviewed, so Defendants have been aware since August 21, 2024 about which of Plaintiffs' experts received CIRB reports.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed at San Francisco, California this 24th day of April, 2025.


_/s/ Van Swearingen_
Van Swearingen

# TABLE OF CONTENTS
## EXHIBITS TO DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

| DESCRIPTION | EXHIBIT NO. | PAGE NO. |
|---|---|---|
| Email Thread Between Defendants' Counsel and Plaintiffs' Counsel (Feb. 10, 2025) | A | 1 |
| Letter to Plaintiffs' Counsel from Elizabeth Pappy (Feb. 27, 2025) | B | 4 |
| Transcript of Informal Discovery Conference (Feb. 28, 2025) | C | 32 |
| Email Thread Between Defendants' Counsel and Plaintiffs' Counsel (Mar. 18, 2025 – April 2, 2025) | D | 46 |
| Email from Plaintiffs' Counsel to Defendants' Counsel and Attachment (Mar. 21, 2025) | E | 63 |
| Email Thread Between Defendants' Counsel and Plaintiffs' Counsel (Mar. 21, 2025 – Mar. 24, 2025) | F | 66 |
| Email from Defendants' Counsel to Plaintiffs' Counsel (Mar. 24, 2025) dated March 24, 2025 | G | 70 |
| Email Thread Between Defendants' Counsel and Plaintiffs' Counsel (Apr. 2, 2025) | H | 73 |
| Email Requesting Informal Discovery Conference (Apr. 2, 2025) | I | 78 |
| Screenshot of Ninth Circuit Docket, *Greer v. San Diego County, et al*. Case No. 23-55607 | J | 81 |
| Order Directing Appellant to File a Response to Petition for Rehearing En Banc, *Greer v. San Diego County, et al*., Dkt. 76, Ninth Circuit Case No. 22-55607 (Apr. 7, 2025) | K | 93 |

[4690182.1]

# TABLE OF CONTENTS
## EXHIBITS TO DECLARATION OF VAN SWEARINGEN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

| DESCRIPTION | EXHIBIT NO. | PAGE NO. |
|---|---|---|
| Excerpts from Federal Rules of Appellate Procedure, Ninth Circuit Rules, Circuit Advisory Committee Notes (Dec. 1, 2024) | L | 95 |
| Screenshot of San Diego County Sheriff's Office's webpage re: Homicide, In-Custody Deaths, Officer Involved Shootings | M | 115 |
| Critical Incident Review Board (CIRB), In-Custody Death Information Release re: Lester Marroquin | N | 121 |
| Excerpts from San Diego County Sheriff's Office Policy and Procedure Manual (last updated Nov. 1, 2024) | O | 124 |

# EXHIBIT A

| From: | Eric Monek Anderson |
|---|---|
| To: | Pappy, Elizabeth M.; Gay C. Grunfeld; Van Swearingen; Aaron Fischer; Hannah Chartoff; Ben Holston; Michael Freedman; Young, Christopher; Kiefer, Oliver |
| Cc: | Coleman, Susan E. |
| Subject: | RE: Dunsmore v. SDSO: Return and Destruction of all CIRB Documents Immediately [IMAN-DMS.FID55015] |
| Date: | Monday, February 10, 2025 1:22:57 PM |

Beth,

We will destroy/delete the CIRB documents in our possession and instruct our experts to do the same. Our experts are the only individuals beyond counsel in this case who may have them. Please provide your list of CIRB documents produced to us when you have it.

We will write back upon confirmation that all documents in question have been destroyed and/or deleted. We will destroy and/or delete the documents rather than return, as returning the electronic documents would create a new record of the documents in our email system.

Eric

**Eric Monek Anderson** (he/him)
Associate Attorney



**Rosen Bien Galvan & Grunfeld LLP**
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104
eanderson@rbgg.com

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at eanderson@rbgg.com.

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Monday, February 10, 2025 10:42 AM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; Kiefer, Oliver <oliver.kiefer@us.dlapiper.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>
**Subject:** Dunsmore v. SDSO: Return and Destruction of all CIRB Documents Immediately
**Importance:** High

[EXTERNAL MESSAGE NOTICE]

Counsel,

As you may be aware, the 9th Circuit reversed the ruling in *Greer v. County of San Diego*. Demand is hereby made that all documents relating to CIRB including PPT, summaries, reports, notes, memoranda, and records be returned to this office immediately and your copies will be destroyed. We are currently reviewing what has been produced to your office in this litigation and will provide a list, but your offices must undertake immediate efforts to identify said documents and begin returning them and destroying all copies.

You must cease and desist from distribution of any CIRB related documents to anyone inside or outside your firms.

Please immediately provide a list of names and contact information for all individuals/entities to whom the documents have been provided at any point in time as they need to be contacted and instructed to return and destroy the documents. This includes your experts, news agencies, other attorneys prosecuting cases against the County, and everyone else.

Please confirm receipt of this email and that you will immediately cease and desist from distributing any such information and take the above actions.

Thank you.

**Elizabeth M. Pappy** | Partner
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

# EXHIBIT B

**burke**

BURKE, WILLIAMS & SORENSEN, LLP

60 South Market Street, Suite 1000
San Jose, California 95113-2336
voice 408.606.6300 - fax 408.606.6333
www.bwslaw.com

Direct No.:  408.606.6305
epappy@bwslaw.com

February 27, 2025

**VIA E-MAIL AND FIRST-CLASS U.S. MAIL**

Gay Grunfeld
Van Swearingen
Michael Freedman
Eric Monek Anderson
Hannah M. Chartoff
Ben Holston
ROSEN BIEN GALVAN & GRUNFELD
LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
ggrunfeld@rbgg.com
vswearingen@rbgg.com
mfreedman@rbgg.com
eanderson@rbgg.com
hchartoff@rbgg.com
bholston@rbgg.com

Aaron J. Fischer
LAW OFFICE OF AARON J. FISCHER
1400 Shattuck Square, Suite 12 - #344
Berkeley, California 94709
ajf@aaronfischerlaw.com

Christopher M. Young
Isabella Neal
Oliver Kiefer
DLA PIPER LLP (US)
4365 Executive Drive, Suite 1100
San Diego, California 92121-2133
christopher.young@dlapiper.com
isabella.neal@dlapiper.com
oliver.kiefer@dlapiper.com

Attorneys for Plaintiffs and the Certified Class and Subclasses

Re:    **DARRYL DUNSMORE, et al. v. SAN DIEGO COUNTY SHERIFF'S**
DEPARTMENT, et al.
Case No. 3:20-cv-00406-AJB-DDL

Dear Counsel:

During the above-entitled litigation, the Court ordered the County of San Diego to produce reports from the Sheriff's Critical Incident Review Board (CIRB), over the County's objections that the reports were protected from disclosure by, among other protections, the attorney-client privilege.  On February 10, 2025, in *Greer and San Diego Union Tribune, LLC v. County of San Diego*, Case No. 23-55607, the Ninth Circuit Court of Appeals held that CIRB reports were privileged attorney-client communications.  A copy of the published decision is attached.

4912-1461-2769 v1

**Ex. B - 5**

Los Angeles – Inland Empire – Marin County – Oakland – Orange County – Palm Desert – San Diego – San Francisco – Silicon Valley – Ventura County

**burke**

BURKE, WILLIAMS & SORENSEN, LLP

Clawback Letter - CIRB
February 27, 2025
Page 2

Pursuant to the *Greer* decision, please take the following actions within 10 calendar days:

(1) Destroy all electronic copies of the CIRB documents (along with any backup versions on your servers or otherwise), which are identified by the following Bates Nos.:

SD_657621, SD_337261-267, SD_337297-305, SD_337582-588, SD_337863-870, SD_337978-984, SD_338040-054, SD_338055-069, SD_338070-080, SD_338081-095, SD_338112-126, SD_338129-143, SD_338144-156, SD_338158-166, SD_338170-178, SD_338180-194, SD_338196-204, SD_338208-230, SD_338231-253, SD_338254-276, SD_338277-283, SD_338284-306, SD_338307-311, SD_338314-317, SD_338318-340, SD_338341-344, SD_338345-348, SD_338349-371, SD_338373-395, SD_338396-418, SD_338419-441, SD_338442-450, SD_338451-473, SD_338477-480, SD_338508-511, SD_338512-516, SD_338517-520, SD_338521-525, SD_338526-530, SD_338531-535, SD_338536-540, SD_338543-547, SD_338548-552, SD_338553-557, SD_338558-562, SD_338570-574, SD_338575-581, SDSD ICD SD_338582-603, SD_338604-608, SD_338609-613, SD_338701-710, SD_338718-722, SD_338751-759, SDSD ICD SD_338770-784, SD_338924-932, SD_338956-963, SD_339006-011, SDSD ICD SD_339106-120, SD_1030373-631, and SD_108039-080;

(2) Destroy or return to this office all physical copies of the CIRB reports that were produced in the above-entitled litigation;

(3) Provide us with the names, addresses, and email addresses of every person or entity to whom you sent any CIRB report; and

(4) Sign and return the attached declaration stating that your firm has returned or destroyed all paper and electronic versions of the CIRB reports and provided us with the names and contact information of any and all recipients of any CIRB Report.

In addition, to the extent that any expert in this matter relied on information from the CIRB documents in formulating an opinion, or cited to any CIRB document in an expert report, the report(s) must be modified to exclude any such opinion or reference.

**Ex. B - 6**

Clawback Letter - CIRB
February 27, 2025
Page 3


      If you have any objection to these requests, or you do not believe you need to comply with them, please contact me immediately at (408) 606-6305, or by email at epappy@bwslaw.com.


                Sincerely,

                BURKE, WILLIAMS & SORENSEN, LLP

                /s/ *Elizabeth M. Pappy*

                Elizabeth M. Pappy

EMP:DRR
Attachment: *Greer and San Diego Union Tribune, LLC v. County of San Diego*, Case No. 23-55607 (9th Cir.2025).

cc:    Susan E. Coleman
       Martin Kosla
       Deann R. Rivard

**Ex. B - 7**

127 F.4th 1216
United States Court of Appeals, Ninth Circuit.

Frankie GREER, Plaintiff,
and
San Diego Union Tribune, LLC; Prison Legal
News; Voice of San Diego, Intervenors-Appellees,
v.
COUNTY OF SAN DIEGO, Defendant-Appellant,
William Gore, Sheriff; Alfred Joshua, M.D.;
Barbara Lee; Macy Germono; Francisco Bravo;
Christopher Simms; Michael Campos, Defendants.

No.


|
Argued and Submitted August 14,
2024 San Francisco, California
|
Filed February 10, 2025

**Synopsis**
**Background:** Inmate brought § 1983 action against
county, alleging that he suffered serious injuries
while incarcerated in jail. After inmate settled his
claims with county, the United States District Court
for the Southern District of California, Jinsook
Ohta, J., 🚩 2023 WL 4479234, granted motion
by news organizations to intervene and unseal
documents from county's critical incident review
board (CIRB) concerning investigations of in-custody
deaths at county jail that had been produced subject
to attorneys'-eyes-only protective order. County
appealed.

**Holdings:** The Court of Appeals, Graber, Circuit
Judge, held that:

[1] county's appeal was not rendered moot by its
production of documents pursuant to court order;

[2] documents were protected by attorney-client
privilege; and

[3] county did not waive privilege.

Reversed and remanded with instructions.

Graber, Circuit Judge, filed concurring opinion.

Koh, Circuit Judge, filed opinion dissenting in part.

**Procedural Posture(s):** On Appeal; Motion to Unseal
Records.

West Headnotes (15)

**[1]    Federal Courts** 🔑 **Jurisdiction**

170B   Federal Courts
170BXVII   Courts of Appeals
170BXVII(K)   Scope and Extent of
Review
170BXVII(K)2   Standard of Review
170Bk3576   Procedural Matters
170Bk3581   Jurisdiction
170Bk3581(1)   In general
The Court of Appeals reviews de novo
questions of mootness.

**[2]    Federal Courts** 🔑 **Witnesses**

170B   Federal Courts
170BXVII   Courts of Appeals
170BXVII(K)   Scope and Extent of
Review
170BXVII(K)2   Standard of Review
170Bk3576   Procedural Matters
170Bk3599   Witnesses
170Bk3599(1)   In general
The Court of Appeals reviews de novo
rulings on the scope of the attorney-client
privilege.

**[3]    Federal Courts** 🔑 **Witnesses**

170B   Federal Courts
170BXVII   Courts of Appeals
170BXVII(K)   Scope and Extent of
Review
170BXVII(K)2   Standard of Review
170Bk3576   Procedural Matters
170Bk3599   Witnesses

**Ex. B - 8**

170Bk3599(1)   In general

The Court of Appeals reviews de novo rulings on waiver of the attorney-client privilege.

[4]   **Federal Courts** 🔑 **Specific questions**

170B   Federal Courts

170BXVII   Courts of Appeals

170BXVII(K)   Scope and Extent of Review

170BXVII(K)1   In General

170Bk3543   Questions Considered

170Bk3545   Matters Not Necessary to Decision in Review

170Bk3545(2)   Specific questions

County's appeal from district court order granting motion by news organizations to intervene in inmate's § 1983 action and unseal documents from county's critical incident review board (CIRB) that had been produced subject to attorneys'-eyes-only protective order was not rendered "moot" by county's production of such documents pursuant to court order; effective relief remained for county's claim that documents were protected by attorney-client privilege, as Court of Appeals could direct organizations' counsel to return or destroy their copies, particularly given that they received non-redacted versions. 📙 42 U.S.C.A. § 1983.

[5]   **Federal Courts** 🔑 **Rights and interests at stake**

**Federal Courts** 🔑 **Inception and duration of dispute; recurrence; "capable of repetition yet evading review"**

170B   Federal Courts

170BIII   Case or Controversy Requirement

170BIII(A)   In General

170Bk2108   Mootness

170Bk2110   Rights and interests at stake

170B   Federal Courts

170BIII   Case or Controversy Requirement

170BIII(A)   In General

170Bk2108   Mootness

170Bk2113   Inception and duration of dispute; recurrence; "capable of repetition yet evading review"

A case is "moot" when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.

[6]   **Privileged Communications and Confidentiality** 🔑 **Presumptions and burden of proof**

311H   Privileged Communications and Confidentiality

311HIII   Attorney-Client Privilege

311Hk171   Evidence

311Hk173   Presumptions and burden of proof

Generally, a party asserting the attorney-client privilege has the burden of establishing the existence of an attorney-client relationship and the privileged nature of the communication.

1 Case that cites this headnote

[7]   **Privileged Communications and Confidentiality** 🔑 **Elements in general; definition**

311H   Privileged Communications and Confidentiality

311HIII   Attorney-Client Privilege

311Hk102   Elements in general; definition

Courts apply an eight-part test to determine whether information is covered by the attorney-client privilege: (1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

Ex. B - 9

**[8]**  **Privileged Communications and Confidentiality** 🗝 **Professional Character of Employment or Transaction**

311H    Privileged Communications and Confidentiality
311HIII    Attorney-Client Privilege
311Hk128    Professional Character of Employment or Transaction
311Hk129    In general

The primary-purpose test applies to attorney-client privilege claims for dual-purpose communications.

**[9]**  **Federal Courts** 🗝 **Evidence and Witnesses**

170B    Federal Courts
170BXVII    Courts of Appeals
170BXVII(D)    Presentation and Reservation in Lower Court of Grounds of Review
170BXVII(D)2    Particular Grounds of Review
170Bk3406    Matters of Procedure
170Bk3415    Evidence and Witnesses
170Bk3415(1)    In general

County waived or forfeited its argument that Court of Appeals should adopt test for determining whether attorney-client privilege applied to dual-purpose communications set forth in 🚩 *In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, under which test the privilege applied if one of the significant purposes of the communication was to obtain or provide legal advice, on appeal from district court order granting motion by news organizations to intervene in inmate's § 1983 action and unseal documents from county's critical incident review board (CIRB) that had been produced subject to attorneys'-eyes-only protective order, where county failed to raise such issue in timely manner in district court. 🚩 42 U.S.C.A. § 1983.

**[10]**  **Privileged Communications and Confidentiality** 🗝 **Professional Character of Employment or Transaction**

**Privileged Communications and Confidentiality** 🗝 **Business communications**

311H    Privileged Communications and Confidentiality
311HIII    Attorney-Client Privilege
311Hk128    Professional Character of Employment or Transaction
311Hk129    In general
311H    Privileged Communications and Confidentiality
311HIII    Attorney-Client Privilege
311Hk128    Professional Character of Employment or Transaction
311Hk130    Business communications

Under the "primary-purpose test" for determining whether the attorney-client privilege applies to dual-purpose communications, courts look at whether the primary purpose of the communication is to give or receive legal advice, as opposed to business or other non-legal advice.

**[11]**  **Privileged Communications and Confidentiality** 🗝 **Professional Character of Employment or Transaction**

311H    Privileged Communications and Confidentiality
311HIII    Attorney-Client Privilege
311Hk128    Professional Character of Employment or Transaction
311Hk129    In general

A dual-purpose communication can only have a single primary purpose under the primary-purpose test for determining whether the attorney-client privilege applies to the communication.

**[12]**  **Privileged Communications and Confidentiality** 🗝 **Particular cases**

311H    Privileged Communications and Confidentiality
311HIII    Attorney-Client Privilege

**Ex. B - 10**

311Hk128    Professional Character of
Employment or Transaction

311Hk131    Particular cases

Primary purpose of documents from
county's critical incident review board
(CIRB) concerning investigations of in-
custody deaths at county jail was to obtain
legal advice, and thus documents were
protected by attorney-client privilege;
chief legal advisor for county sheriff's
department was required by policy to be
part of CIRB, there was no contention
that chief legal advisor was absent
from any of the meetings memorialized
in documents, in each instance, areas
of potential liability for the inmate's
death were discussed, investigations were
necessary predicate to assessing liability
for past events, and investigations were
not separate from provision of legal
advice on both liability for past events and
avoidance of future liability.

**[13]    Federal Courts**    ⚖ **What constitutes
clear error, and effect thereof**

**Privileged Communications and
Confidentiality**    ⚖ **Waiver of privilege**

170B    Federal Courts

170BXVII    Courts of Appeals

170BXVII(K)    Scope and Extent of
Review

170BXVII(K)2    Standard of Review

170Bk3576    Procedural Matters

170Bk3603    Findings

170Bk3603(6)    What constitutes clear
error, and effect thereof

311H    Privileged Communications and
Confidentiality

311HIII    Attorney-Client Privilege

311Hk168    Waiver of privilege

District court's finding that documents
from county's critical incident review
board (CIRB) concerning investigations
of in-custody deaths at county jail were
sent to someone other than chief legal
advisor for county sheriff's department
was clearly erroneous, when determining
that county waived any attorney-client
privilege with respect to documents;

county identified chief legal advisor as
only recipient of documents in privilege
log, documents were maintained in
confidential file system in legal affairs
unit of sheriff's department, documents
were not accessible or disseminated to
anyone else, and disclosure of documents
to State Auditor was required by law. Cal.
Gov't Code § 8545.2(b).

**[14]    Privileged Communications and
Confidentiality**    ⚖ **Corporations,
partnerships, associations, and other
entities**

311H    Privileged Communications and
Confidentiality

311HIII    Attorney-Client Privilege

311Hk120    Parties and Interests
Represented by Attorney

311Hk123    Corporations, partnerships,
associations, and other entities

The attorney-client privilege attaches
to communications between lower-level
employees and the employer's counsel
when the employer seeks legal advice
for the corporation; otherwise, counsel
cannot be fully informed so as to give
sound advice.

**[15]    Privileged Communications and
Confidentiality**    ⚖ **Government and
government employees and officers**

311H    Privileged Communications and
Confidentiality

311HIII    Attorney-Client Privilege

311Hk120    Parties and Interests
Represented by Attorney

311Hk126    Government and government
employees and officers

The attorney-client privilege attaches
to communications between lower-level
employees and a public entity's counsel
when the public entity is seeking legal
advice with respect to official business.

Ex. B - 11

**\*1218** Appeal from the United States District Court for the Southern District of California, Jinsook Ohta, District Judge, Presiding, D.C. No. 3:19-cv-00378-JO-DEB

**Attorneys and Law Firms**

James M. Davis (argued), Leslie E. Hurst, and Timothy G. Blood, Blood Hurst & O'Reardon LLP, San Diego, California, for Intervenors-Appellees.

Jeffrey P. Michalowski (argued), Eric M. Fox, and Carrie L. Mitchell, Quarles & Brady LLP, San Diego, California; Steven E. Boehmer, McDougal Boehmer Foley Lyon Mitchell & Erickson, La Mesa, California; for Defendants-Appellants.

Jaqueline A. Osorno and Sarah Ortlip-Sommers, Public Justice, Washington, D.C., for Amici Curiae Coalition of Press and Open Government Organizations.

Before: Susan P. Graber, Consuelo M. Callahan, and Lucy H. Koh, Circuit Judges.

Opinion by Judge Graber;

Concurrence by Judge Graber;

Partial Dissent by Judge Koh

## OPINION

GRABER, Circuit Judge:

**\*1219** Plaintiff Frankie Greer brought this action against the County of San Diego ("County") under 42 U.S.C. § 1983, alleging that he suffered serious injuries while incarcerated in the San Diego Central Jail. After he settled his claims with the County, the San Diego Union Tribune, LLC; Prison Legal News; and Voice of San Diego ("Intervenors") successfully moved to intervene for the purpose of unsealing documents from the County's Critical Incident Review Board ("CIRB") that had been produced in the underlying litigation. The district court ruled that the documents are not protected from disclosure by the attorney-client privilege or under the work product doctrine. We hold that the attorney-client privilege

protects the CIRB documents at issue here and, therefore, reverse. [1]

FACTUAL AND PROCEDURAL
BACKGROUND [2]

A. The Critical Incident Review Board

In describing the CIRB's responsibility, the San Diego County Sheriff's Department Policy Manual provides:

> The purpose of this board is to consult with department legal counsel when an incident occurs which may give rise to litigation. The focus of the CIRB will be to assess the department's civil exposure as a result of a given incident. The CIRB will carefully review those incidents from multiple perspectives, including training, tactics, policies, and procedures with the ultimate goal of identifying problem areas and recommending remedial actions so that potential liability can be avoided in the future.

(Emphasis added.) The policy defines "critical incidents" that the CIRB must review to include an in-custody death not resulting from natural causes; a use of deadly force by an employee of the Sheriff's Department; a pursuit resulting in an injury requiring hospitalization or causing major property damage; a death or serious injury resulting from an action by a member of the Sheriff's Department; a "Law Enforcement related" injury requiring hospitalization; discharge of a firearm by sworn personnel; any other incident involving the discharge of a firearm, major property damage, or major damage to a vehicle by a member of the Department; and any other serious incident deemed to warrant review. "Serious injury" is defined to include loss of consciousness, concussion, fracture of a bone, protracted loss or impairment of

**Ex. B - 12**

any organ or "bodily member," a wound requiring extensive suturing, and serious disfigurement.

The Director of Legal Affairs for the San Diego County Sheriff's Department "was the primary architect of the CIRB policy and procedure that has been in place since approximately 2006." "[T]he CIRB reports have always been treated as protected attorney client communications **\*1220** and maintained in [his] office in the Legal Affairs Section of the Office of the Sheriff.... In [this] role on the CIRB board, [he] provide[d] legal advice, in [his] official capacity as the Chief Legal Advisor for the Sheriff's Department, with the expectation that communications are made in confidence and shall remain so.... The focus of each and every CIRB meeting is to assess the Sheriff's department['s] civil exposure as a result of a given incident in anticipation of litigation and to improve service delivery to minimize the potential for future civil exposure."

In 2022, the California State Auditor issued a report, which concluded that the San Diego County Sheriff's Department had failed adequately to prevent and respond to in-custody deaths. In that report, the Auditor wrote:

> The stated purpose of the [CIRB] is to consult with the department's legal counsel when an incident occurs that may give rise to litigation. Therefore it appears that its <u>primary focus</u> is protecting the Sheriff's Department against potential litigation rather than focusing on improving the health and welfare of incarcerated individuals.... [The CIRB's] ultimate goal is identifying problem areas and recommending remedial actions—such as posting a training bulletin or changing a policy—so that potential liability can be avoided in the future.

*San Diego County Sheriff 's Department: It Has Failed to Adequately Prevent and Respond to the Deaths of Individuals in Its Custody*, California State Auditor Report 2021-109, at 36 (Feb. 2022), http:// auditor.ca.gov/pdfs/ reports/2021-109.pdf (emphasis added). The Auditor observed that the CIRB "does not review natural deaths [as distinct from suicides, homicides, and accidental in-custody deaths] in part because the risk of legal liability in those incidents is low," even though natural deaths accounted for about half the in-custody deaths. <u>Id.</u> at 37. The Auditor criticized the CIRB for its failure in many cases even to discuss policies and practices, and the Auditor reported that in only six of eighteen cases considered by the CIRB were substantive changes in policy, procedures, or training made. <u>Id.</u> at 36.

The CIRB consists of four commanders from various divisions of the Department and, importantly, the Chief Legal Advisor. The CIRB is to convene for a preliminary assessment within two weeks of a critical incident. In addition, the CIRB must convene within thirty days of a District Attorney's review letter involving a critical incident and within thirty days of the completion of the investigation of a critical incident. A CIRB meeting occurs in three stages:

> First, Department personnel present factual information regarding the underlying incident, including, in some instances, PowerPoints, to the CIRB members, including the Department's legal counsel. Department employees whose attendance was requested because of their relevant subject-matter expertise (e.g., weapons training unit, in-service training, K-9 unit, etc.) also attend. Next, the Department employees who present the factual information are dismissed from the room and CIRB members, including legal counsel, discuss and address issues with

**Ex. B - 13**

the Department's subject-matter experts. Lastly, the subject-matter experts are dismissed from the room and the CIRB members, including legal counsel, engage in further discussions. The [Division of Inspectional Services] DIS Lieutenant is also present to facilitate these communications and to document key issues, comments, and matters for inclusion in the CIRB confidential report.

Within forty-five days after the CIRB meets, the Lieutenant of the Division of **\*1221** Inspectional Services must prepare a report summarizing the actions and conclusions of the board. Among other items, the report must contain findings with regard to any policy violations, training or policy issues, and actions taken by the Department. In addition, "[a] copy of the CIRB Confidential Report and other related reports shall be filed in the Legal Affairs Section, Office of the Sheriff." Additional documents produced by the CIRB include memoranda, records, and reports containing findings about inmate deaths and injuries and summarizing the CIRB's actions and conclusions.

### B. Initial Litigation

In February 2019, Plaintiff filed the underlying action against the County and other Defendants [3] alleging that they had violated his civil rights. During discovery, Plaintiff sought production of documents from the County's CIRB meetings—in particular, documents concerning the investigation of twelve in-custody deaths. The County objected. The County argued, among other things, that those CIRB documents were protected by the attorney-client privilege. The parties jointly moved to resolve the discovery dispute. The district court overruled the County's objections. The County moved for reconsideration. In the interim, while awaiting the district court's decision on the County's reconsideration request, Plaintiff moved to compel production of the CIRB documents.

The district court denied the County's request for reconsideration. The court granted Plaintiff's motion to compel, ordering the County to produce the CIRB documents. The court concluded that the County had "failed to carry its burden of demonstrating [that] the CIRB documents Plaintiff [sought were] protected from disclosure." The court rejected the County's "blanket assertion that '[a]ll CIRB reports ... are confidential communications with ... the department's Chief Legal Advisor and have been prepared at [his] request and review.' " The court held that the CIRB "serves multiple purposes unrelated to obtaining legal advice from counsel" and rejected the County's effort to "immunize documents from disclosure by simply involving an attorney in the investigation."

The County again moved for reconsideration, but the district court denied that motion. The district court did, however, agree to review the CIRB documents *in camera* before ordering their production, given the "extremely grave interest at stake." After conducting its *in camera* review, the court ordered the County to produce to Plaintiff all the CIRB documents (with redactions proposed by the parties), subject to an attorneys'-eyes-only protective order, and it ordered that any filings including or referring to those documents be filed provisionally under seal. The County petitioned this court for a writ of mandamus seeking vacatur of the order compelling production of the CIRB documents. This court summarily denied mandamus relief the same day. Thereafter, the County complied with the district court's order and produced the CIRB documents to Plaintiff's counsel. In opposing the County's pending motion for summary judgment, Plaintiff then relied on portions of the CIRB reports, which he filed conditionally under seal in keeping with the district court's instruction.

### C. Intervention

After the district court denied the County's motion for summary judgment with **\*1222** respect to Plaintiff's claims, the parties reached a settlement agreement. About two weeks later, Intervenors [4] filed their motion to intervene pursuant to Federal Rule of Civil Procedure 24(b) and to unseal the CIRB documents for "public inspection." Intervenors argued that the documents "will assist the public in understanding the reason for the high rate of injuries and deaths of

**Ex. B - 14**

those in the Sheriff's custody and are needed to hold the Sheriff's Department accountable to the public." The district court granted the motion by oral order and ordered the parties to "meet and confer regarding proposed redactions in accordance with the Court's oral order." The County produced the CIRB documents to Intervenors, and the parties discussed proposed redactions. The district court then entered a written order, granting the motion to intervene and denying the County's request to stay the order pending appeal. The County timely appeals.

## STANDARDS OF REVIEW

[1] We review de novo questions of mootness. ⚠ United States v. Golden Valley Elec. Ass'n, 689 F.3d 1108, 1111 (9th Cir.2012).

[2] [3] Similarly, we review de novo "rulings on the scope of the attorney-client privilege," 🚩 United States v. Graf, 610 F.3d 1148, 1157 (9th Cir. 2010) (citation and internal quotation marks omitted), and waiver of the attorney-client privilege, 🚩 United States v. Sanmina Corp., 968 F.3d 1107, 1116 (9th Cir. 2020).

With respect to the question whether the attorney-client privilege applies to a particular communication, our court has stated two different standards of review. In In re Grand Jury, 23 F.4th 1088 (9th Cir. 2021), we wrote that the question whether the attorney-client privilege applies to specific documents represents "a mixed question of law and fact which this court reviews independently and without deference to the district court." Id. at 1091 (quoting United States v. Richey, 632 F.3d 559, 563 (9th Cir. 2011)) (internal quotation marks omitted); see also United States v. Ruehle, 583 F.3d 600, 606 (9th Cir. 2009) ("whether [a] party has met the requirements to establish the existence of the attorney-client privilege is reviewed de novo"). This standard appears to trace its origin to Tornay v. United States, 840 F.2d 1424 (9th Cir. 1988), in which we held that the district court's conclusion that certain documents were "not a confidential communication protected by the attorney-client privilege is a mixed question of law and fact, and reviewed de novo." Id. at

1426. But in 🚩 Sanmina, we stated that "[w]e review for clear error a district court's factual findings for attorney-client privilege." 968 F.3d at 1116.

We need not try to reconcile our precedents here, because our conclusion would be the same under either standard of review. Nor do we express any view on which formulation is preferable. As noted in our discussion below, the district court made significant legal errors and, in addition, its finding concerning the primary purpose of the CIRB is illogical, implausible, and without support in the record. See 🚩 Graf, 610 F.3d at 1157 ("A finding is clearly erroneous if it is illogical, implausible, or without support in the record.").

## DISCUSSION

### A. The Appeal Is Not Moot.

[4] Intervenors argue that this appeal is moot because "[t]he County elected to **\*1223** produce the purportedly privileged CIRB documents ...." They argue that "the alleged harm from disclosure has already occurred" and, therefore, no recourse exists to remedy the harm. Intervenors are mistaken.

[5] "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." 🚩 City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) (brackets and some internal quotation marks omitted) (quoting County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)). Addressing issues regarding documents that have been produced pursuant to a court order, the Supreme Court in 🚩 Church of Scientology of California v. United States, 506 U.S. 9, 113 S.Ct. 447, 121 L.Ed.2d 313 (1992), held that "a court may not be able to return the parties to the status quo ante," because there is "nothing a court can do to withdraw all knowledge or information," that a party may have acquired by examining documents or other material produced in compliance with a court order. 🚩 Id. at 12, 113 S.Ct. 447. But in circumstances such as these,

**Ex. B – 15**

"a court can fashion some form of meaningful relief' '; it has the "power to effectuate a partial remedy by ordering [Intervenors] to destroy or return any and all copies [they] may have in [their] possession." Id. at 12–13, 113 S.Ct. 447 (emphasis omitted); see id. at 13, 113 S.Ct. 447 (further holding that the "availability of this possible remedy is sufficient to prevent [a] case from being moot"); see also Golden Valley, 689 F.3d at 1112 ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." (citation and internal quotation marks omitted)).

Intervenors rely on earlier case law from this court, but their reliance is misplaced. We rejected those decisions as to the question of mootness because they conflicted with later Supreme Court precedent:

We have previously recognized that Church of Scientology is controlling on this issue. See United States v. Rubin, 2 F.3d 974, 976 (9th Cir. 1993). We take this opportunity to further clarify our case law. We conclude that the Supreme Court's decision in Church of Scientology is "clearly irreconcilable" with our prior decisions listed above. See Remark v. United States, 979 F.2d 770, 771 n.1 (9th Cir. 1992); EEOC v. St. Regis Paper Co.-Kraft Div., 717 F.2d 1302, 1303 (9th Cir. 1983); United States v. Silva & Silva Acct. Corp., 641 F.2d 710, 711 (9th Cir. 1981); SEC v. Laird, 598 F.2d 1162, 1163 (9th Cir. 1979). The fact that these cases arose under different federal statutes does not distinguish them from Church of Scientology. Church of Scientology, 506 U.S. at 17, 113 S.Ct. 447 (relying on "earlier cases involving other statutes" to hold the appeal not moot).

Accordingly, we hold that Golden Valley's appeal is not moot despite Golden Valley's compliance with the district court's order.

Golden Valley, 689 F.3d at 1112–13 (internal citations altered). All the in-circuit cases that Intervenors cite pre-date Golden Valley.

Because we can order the district court to direct Intervenors' counsel and Plaintiff's counsel to return or destroy their copies of the CIRB documents, particularly given that they received non-redacted versions,[5] effective relief remains available. The County thus "[has] a concrete interest ... in the outcome of [this] litigation." *1224 Knox v. Serv. Emps. Int'l Union, Local 1000, 567 U.S. 298, 307–08, 132 S.Ct. 2277, 183 L.Ed.2d 281 (2012) (citation omitted). Therefore, this appeal is not moot.

## B. The Attorney-Client Privilege Applies.

[6]    [7]    Generally, "a party asserting the attorney-client privilege has the burden of establishing the [existence of an attorney-client] relationship and the privileged nature of the communication." Ruehle, 583 F.3d at 607 (emphasis omitted) (quoting United States v. Bauer, 132 F.3d 504, 507 (9th Cir. 1997)). We apply an "eight-part test" to determine whether the information in dispute is covered by the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

Graf, 610 F.3d at 1156 (citation omitted).

[8]    [9]    In this circuit, "the primary-purpose test applies to attorney-client privilege claims for dual-purpose communications."[6] In re Grand Jury, 23 F.4th at 1092. The CIRB serves more than one purpose. As the Chief Legal Advisor wrote:

Ex. B - 16

Conferring with legal counsel regarding potential litigation is one primary purpose of a CIRB. Litigation is almost assuredly going to follow any truly critical event.

A CIRB also serves to review and address department deficiencies in a number of areas using real facts and circumstances as a catalyst. Several areas lend themselves well to this type of review, including training, tactics, policies, and procedures.

[10]    [11] Under the primary-purpose test, "courts look at whether the primary purpose of the communication is to give or receive legal advice, as opposed to business or [other non-legal] advice." In re Grand Jury, 23 F.4th at 1091. Importantly, under our current formulation of the test, "a dual-purpose communication can only have a single 'primary' purpose." Id.

[12] In deciding that the primary purpose of the CIRB, and the documents it generates, is not to obtain legal advice, the district court made two significant legal errors. First, avoiding future legal liability is not necessarily just an "investigative and remedial" purpose. As then-Sheriff William Gore correctly responded to the Auditor's critique, the "CIRB's role of preventing future litigation complements[,] rather than undercuts[,] the Department's goals of improving the health and welfare of incarcerated individuals." When something goes terribly wrong at a jail—such as a non-natural in-custody death or a serious injury —the jail reasonably expects a lawsuit, such as the one here, to follow. Investigation—that is, discovering what happened—is a necessary predicate to assessing liability for that past event and thus is not separate from the provision of legal advice. See 🚩 Upjohn Co. v. United States, 449 U.S. 383, 390, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) (noting that the attorney-client "privilege exists to protect not only the giving of professional advice to **1225 those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice"). The jail also reasonably wishes to understand not only its liability for what already happened but also options for avoiding future liability-creating incidents. A lawyer's recommendations on both liability for past events and avoidance of future liability-creating events constitute

legal advice. See, e.g., 🚩 Pritchard v. County of Erie (In re County of Erie), 473 F.3d 413, 419 (2d Cir. 2007) ("Fundamentally, legal advice involves the interpretation and application of legal principles to guide future conduct or to assess past conduct.").

Second, the court erred by relying on the purported motive of the CIRB's creator to dress non-privileged communications in privileged garb. Considering the full context of the quoted magazine article, the court's assertion ascribes a motive that is not present. The Chief Legal Advisor wrote that, without a consideration of possible organizational changes, "negative conduct is likely to continue, generating increased liability for the agency," as well as other problems.) He recommended participation by a legal advisor as part of a CIRB because a "legal advisor brings risk/liability perspective to the discussion"—a classic function of legal advice. The district court seized on the additional phrase that including a legal advisor "potentially provides the ability to protect the confidentiality of the discussion under the cloak of the attorney-client privilege." There are at least two reasons why this passage does not carry a nefarious connotation. One, the article concerned CIRBs generally, and the author was not giving definitive legal advice to anyone, especially not knowing how someone else's CIRB would operate. Two, contextually it is clear that the author used the noun "cloak" in the neutral sense of "something that envelops." See, e.g., Cloak, Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/cloak (last visited January 8, 2025); see also Cloak, Merriam-Webster.com Thesaurus, https://www.merriam-webster.com/thesaurus/cloak (last visited January 8, 2025) (listing "cover" or "blanket" as synonyms for "cloak").

More importantly, though, what matters is not what the architect of the CIRB thought, but how the CIRB actually operates. For example, if an attorney-client meeting involves only filling out March Madness brackets, the communication is not privileged even if labeled a legal consultation. On the other hand, if a lawyer-client meeting is labeled purely social, but the lawyer discusses the client's potential liability for a breach of contract, that communication is privileged. The situation here differs markedly from cases in

**Ex. B - 17**

which the protections of the attorney-client privilege have been rejected. See, e.g., 📁 United States v. ISS Marine Servs., Inc., 905 F. Supp. 2d 121, 129–30 (D.D.C. 2012) (rejecting a claim of attorney-client privilege where the allegedly privileged audit report was completed without any input whatsoever from counsel, where the audit in question was designed specifically to assist in making a business decision, and where the report was not sent to counsel until two months after completion).

Those two legal errors fatally infected the court's determination that obtaining legal advice (both backward-and forward-looking) is not the primary goal of the CIRB meetings memorialized in the underlying reports. Even if we consider the court's "primary purpose" conclusion as a finding of fact that we review only for clear error, the court's finding is "illogical, implausible, [and] without support in the record." 📁 Sanmina, 968 F.3d at 1116 (citation omitted). When an inmate dies in custody from non-natural causes, or when another "critical incident" occurs, litigation is almost guaranteed to follow. Consulting **\*1226** with a lawyer and with the relevant members of management, along with other employees who have knowledge of the incident, is the natural next step for any entity facing a high probability of being sued.

The district court's conclusion runs counter not only to that reality, but also to the relevant documents. The first two sentences of Section 4.23 of the Policy Manual state: "The purpose of this board is to consult with department legal counsel when an incident occurs which may give rise to litigation. The focus of the CIRB will be to assess the department's civil exposure as a result of a given incident." The CIRB, by definition, convenes only to assess "critical incidents" that are likely to generate litigation. And the County's current and former Chief Legal Advisors both averred that consulting with counsel is the primary purpose of the CIRB.

Notably, the dissent discounts the truthfulness of only former Chief Legal Advisor Robert Faigin, and not current Chief Legal Advisor Michael Baranic. Dissent at —— —— ——. Although Baranic assumed his role after the particular CIRB reports at issue were prepared, he stated that he was familiar with

those reports, noting that they were subject to "the longstanding protection afforded to the CIRB process and related documents." He also stated unequivocally that all communications and documents generated as part of the CIRB process are confidential because they occur within the attorney-client relationship and are "for the purpose of obtaining legal advice and assisting Sheriff's Legal counsel in rendering legal advice."

The independent state body that investigated the San Diego County Sheriff's Department for failure to prevent and respond to in-custody deaths also shares this view. The State Auditor's Report states the "[p]urpose of [the CIRB] is to assess legal liability." California State Auditor Report 2021-109, at 35. And, as a criticism, it emphasizes that "it appears that [the CIRB's] primary focus is protecting the Sheriff's Department against potential litigation rather than focusing on improving the health and welfare of incarcerated individuals." Id. at 36.

Here, the CIRB reports contained in the record meet the criteria for attorney-client privilege. Department Policy required the Chief Legal Advisor to be part of the CIRB, and there is no contention that the Chief Legal Advisor was absent from any of the meetings memorialized in the reports. In each instance, areas of potential liability for the inmate's death were discussed. In most instances, counsel participated actively by asking questions designed to understand and, where appropriate, by highlighting areas of potential liability.

In short, both the participants in the CIRB and its critics consistently viewed the primary purpose of the CIRB as assessing legal liability for a past event and avoiding legal liability for future similar events. The district court's ruling to the contrary was erroneous.

### C. The County Did Not Waive the Attorney-Client Privilege.

Intervenors argue, in the alternative, that if the attorney-client privilege applies, "the County never met its burden of establishing that it did not waive that privilege." Specifically, Intervenors assert that (1) the County disclosed the disputed CIRB reports to third parties, but failed in the privilege logs to

**Ex. B - 18**

identify anyone other than the Chief Legal Advisor as a recipient of those reports, [7] and (2) the County failed to **\*1227** establish an attorney-client relationship with every person who attended the CIRB meetings at issue. Neither claim is persuasive.

[13]  As to the first contention, the County identified the Chief Legal Advisor as the only recipient of the disputed CIRB reports because he was, in fact, the only recipient. As his sworn declaration asserted, CIRB reports are "sent to me only and [are] maintained in a confidential file system in the legal affairs unit. The reports are not accessible or disseminated to anyone else in the Department." Additionally, CIRB reports were not distributed to anyone outside the Department except the State Auditor. There is no evidence in the record to the contrary. As to the State Auditor, disclosure of the CIRB reports is required by law, Cal. Gov't Code § 8545.2, but as a matter of law that disclosure is not a waiver: "Providing confidential information to the California State Auditor ... shall not constitute a waiver of that privilege." Id. § 8545.2(b). To the extent that the district court made a finding that the disputed CIRB reports were sent to someone else, that finding is without support in the record and, therefore, is clearly erroneous.

[14]  [15]  As to the second argument, Intervenors misconstrue the reach of the attorney-client privilege. The Chief Legal Advisor's declaration stated that he was the legal advisor for the San Diego County Sheriff's Department as a whole, not just for the Sheriff alone. All participants in CIRB meetings are employees of the Sheriff's Department. And as the Supreme Court's decision in Upjohn Co. established in the context of a corporation, the attorney-client privilege attaches to communications between lower-level employees and the employer's counsel when the employer seeks legal advice for the corporation; otherwise, counsel cannot be fully informed so as to give sound advice. See Upjohn Co., 449 U.S. at 397, 101 S.Ct. 677 (holding that "the communications by Upjohn employees to counsel are covered by the attorney-client privilege"); id. at 389, 101 S.Ct. 677 (discussing the principle that sound legal advice and advocacy depend on the lawyer's being fully informed by the client). The same principle

applies, for the same reasons, to public entities that are seeking legal advice with respect to official business.

For the foregoing reasons, the attorney-client privilege applies to the disputed CIRB reports. And the County did not waive that privilege.

**REVERSED and REMANDED with instructions to require the return and/or destruction of the disputed documents, which are privileged.**

GRABER, Circuit Judge, concurring:
I write this concurrence for two reasons. First, I will explore in greater detail how our precedents concerning review of the question whether the attorney-client privilege applies to a particular communication came to be in disarray. Second, I wish to add a real-world perspective to the analysis of the attorney-client privilege.

A. Standard of Review

Our precedents concerning review of the question whether the attorney-client privilege applies to specific documents, held by the district court not to be privileged, are contradictory. In re Grand Jury, 23 F.4th 1088 (9th Cir. 2021), stated that the question whether the attorney-client privilege applies represents "a mixed question of law and fact which this court reviews independently and without deference to the district court." Id. at 1091 (quoting **\*1228** United States v. Richey, 632 F.3d 559, 563 (9th Cir. 2011)) (internal quotation marks omitted). Similarly, we stated in United States v. Ruehle, 583 F.3d 600 (9th Cir. 2009):

> The district court's conclusion that statements are protected by an individual attorney-client privilege is "a mixed question of law and fact which this court reviews independently and without deference to the district court." United States v. Bauer, 132 F.3d 504, 507 (9th

**Ex. B – 19**

Greer v. County of San Diego, 127 F.4th 1216 (2025)

Cir. 1997) (quoting United States v. Gray, 876 F.2d 1411, 1415 (9th Cir. 1989)). That is, whether the party has met the requirements to establish the existence of the attorney-client privilege is reviewed de novo. Id. We also review de novo the district court's rulings on the scope of the attorney-client privilege. Id. Factual findings are reviewed for clear error. See Al-Haramain Islamic Found. v. Bush, 507 F.3d 1190, 1196 (9th Cir. 2007). A district court's credibility determinations are given "special deference." United States v. Craighead, 539 F.3d 1073, 1082 (9th Cir. 2008) (citing United States v. Nelson, 137 F.3d 1094, 1110 (9th Cir. 1998)).

Id. at 606–07 (emphasis added).

But, by citing both Bauer and Al-Haramain, Ruehle perpetuated a problematic inconsistency. Bauer squarely held that the question whether the party asserting the attorney-client privilege met the requirements to establish both the relationship and the privileged nature of the communication is reviewed de novo, as is the district court's conclusion that a communication is not protected by the privilege. Bauer, 132 F.3d at 507. Inexplicably, Al-Haramain cited Bauer for a proposition that it does not contain: that we review a ruling on attorney-client privilege for "clear error as to factual determinations by the district court, but de novo ... as to the application of legal principles to those facts." Al-Haramain, 507 F.3d at 1196. And Al-Haramain did not concern the attorney-client privilege; rather, we established

the standard of review for a claim under the state secrets privilege and merely analogized, inaccurately, to our earlier precedent pertaining to the attorney-client privilege. Id.

These two standards of review are irreconcilable. If we review "independently and without deference to the district court.... [t]hat is, ... de novo," Ruehle, 583 F.3d at 606, a district court's ruling that the attorney-client privilege does not protect a communication, we do not give any deference—including clear-error review—to the district court's findings on the subject.

Similarly problematic is the ruling in Sanmina that "[w]e review for clear error a district court's factual findings for attorney-client privilege and work-product doctrine." 968 F.3d at 1116. Sanmina cited Richey, 632 F.3d at 563–64, for this proposition, but it is unclear whether Richey intended the sentence concerning factual findings to be part of, or separate from, the attorney-client privilege. Moreover, Richey cites United States v. Graf, 610 F.3d 1148, 1158 (9th Cir. 2010), which in turn cites Ruehle, 583 F.3d at 606, which in turn—as explained above—incorporates the inconsistency in our precedents pertaining to the standard of review. In re Grand Jury itself is internally inconsistent, asserting that de novo review applies but seemingly engaging in clear-error review and citing Sanmina. In re Grand Jury, 23 F.4th at 1091, 1095.

Although it is difficult to pinpoint exactly how and when the incompatible statements of our standard of review arose, the first case that I have found in this circuit clearly confronting the question is Tornay v. United States, 840 F.2d 1424 (9th Cir. 1988). There, taxpayers argued that the attorney-client privilege protected certain records sought by the IRS. We held that the district court's conclusion that the records **1229** were "not a confidential communication protected by the attorney-client privilege is a mixed question of law and fact, and reviewed *de novo.*" Id. at 1426. Not long after, Gray followed, again holding without exception that the district court's conclusion that a communication was "not protected

**Ex. B - 20**

by the attorney-client privilege is a mixed question of law and fact which this court reviews independently and without deference to the district court." 🚩876 F.2d at 1415. [1]

The ruling that Tornay established can be changed only by the en banc court. 🚩Hart v. Massanari, 266 F.3d 1155, 1171–72 (9th Cir. 2001). It may be that the standard of review for which the dissent advocates is the better rule. But to date, the process that would allow our court to alter its course has not occurred. This case, though, is not a good vehicle for taking up this issue en banc. In my view, we should await an appeal in which the standard of review matters to the outcome. As the majority opinion explains, whichever standard applies here, the district court's finding about the primary purpose of the CIRB is clearly erroneous; it is illogical, implausible, and without support in the record. I turn next to that topic.

B. Attorney-Client Privilege

Before becoming a judge, I spent several years as a management-side labor and employment lawyer. In that capacity, I responded to clients whose businesses had experienced personnel problems or industrial accidents. When meeting with such a client, the first step was to investigate and discuss the facts. After that, my advice could take a number of forms: "there is significant potential for liability, so consider a settlement"; "you do not face realistic exposure because you followed all statutes and policies correctly"; "some company policies should be revised to prevent a similar problem from arising again in the future"; "I don't know the answer until we investigate further"; and so on. These meetings, and the documents memorializing what took place at them, were entirely privileged whether I wrote the notes or the client did, and whether or not I recommended revisions in the client's policies and procedures. Such recommendations, made in the context of assessing and advising a client about a potentially liability-generating event, are not, as the dissent would have it, "non-legal purposes." Dissent at ——.

The dissent's proposed analogy to advice from a driving instructor or an accountant, Dissent at —— – ——, is not persuasive, because lawyers'

communications are privileged. It is true, for instance, that if an accountant had given my client the same advice that I did, the accountant's advice would not be protected by a privilege. But that fact says nothing whatsoever about whether the advice that I communicated was protected by the attorney-client privilege.

Similarly, the dissent's observation that the documents at issue "were not even prepared by an attorney," Dissent at ——, is irrelevant. If the client wrote notes to record what happened at our meeting, that document would be just as privileged as my own notes, provided that it was not **1230** given to a third party. [2] That is exactly what occurred here. And the CIRB reports are just as privileged as the notes from my meetings with my clients.

KOH, Circuit Judge, dissenting in part:
I respectfully dissent. Whether the attorney-client privilege applies here presents a straightforward question of fact: Was the primary purpose of the Critical Incident Review Board ("CIRB") process to seek legal advice or some other non-legal purpose? The district court made the factual finding that the primary purpose of the CIRB process was not to provide legal advice, but instead to improve the operation of the County's jails. This factual finding was not clearly erroneous but, to the contrary, was supported by ample evidence in the record, including the County's policy manual, statements by County officials and, most importantly, the CIRB reports themselves.

But in my view, we do not even need to reach the question of what the primary purpose of the CIRB reports may have been because the County failed to properly assert the privilege. The County failed to identify all of the individuals who received the CIRB reports and who attended the relevant CIRB meetings on its privilege log, despite a direct order from the court to identify the reports' recipients. Without this information the court below could not properly assess whether all elements of the privilege were established. By failing to provide it, the County waived the privilege.

Finally, even assuming the privilege had been properly asserted, the County has offered no compelling

**Ex. B - 21**

explanation as to why the entirety of the CIRB reports must be withheld. Those reports contain much information that is indisputably not privileged. At the very least, that information should be disclosed. [1]

## I. Primary Purpose

The district court correctly found that the CIRB reports were not privileged because their primary purpose was not to obtain legal advice. "[T]he attorney-client privilege extends only to communications made 'for the purpose of facilitating the rendition of professional legal services.' " *In re Grand Jury,* 23 F.4th 1088, 1092 (9th Cir. 2021) (quoting *United States v. Rowe,* 96 F.3d 1294, 1296 (9th Cir. 1996)). Because the attorney-client privilege stands as "an obstacle to the investigation of the truth," it must "be strictly confined within the narrowest possible limits consistent with the logic of its principle." *In re Horowitz,* 482 F.2d 72, 81 (2d Cir. 1973) (Friendly, J.) (quoting 8 Wigmore, Evidence § 2291); *see United States v. Christensen,* 828 F.3d 763, 803 (9th Cir. 2015) ("The scope of the privilege should be strictly confined within the narrowest possible limits." (internal quotation marks omitted)). The privilege "applies only where necessary to achieve its purpose." *Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). Where a communication has both a legal and non-legal purpose, as is the case here, the **\*1231** court must determine whether the "primary purpose" of the communication was to seek or provide legal advice. *In re Grand Jury,* 23 F.4th at 1092-94. "[A] dual-purpose communication can only have a single 'primary' purpose." *Id* at 1091.

"We review for clear error a district court's factual findings for attorney-client privilege ...." *United States v. Sanmina Corp.,* 968 F.3d 1107, 1116 (9th Cir. 2020). "A finding is clearly erroneous if it is illogical, implausible, or without support in the record." *Id.* (quoting *United States v. Graf,* 610 F.3d 1148, 1157 (9th Cir. 2010)). Our Court has twice held that a district court's conclusions about the primary purpose of a dual-purpose communication are among the factual findings subject to such clear error review. *See id.* at 1118-19 (applying clear

error standard to district court's determination that the primary purpose of a dual--purpose communication "was to obtain a non-legal valuation analysis from DLA Piper, rather than legal advice"); *In re Grand Jury,* 23 F.4th at 1095 ("[T]he district court did not clearly err in finding that *the* predominate purpose of the disputed communications was not to obtain legal advice ...." (citing *Sanmina,* 968 F.3d at 1119)). We are not at liberty to deviate from this on-point precedent.

The cases cited by the majority to suggest that a de novo standard may be applicable, Majority at —, did not involve the question of how a district court's findings about the primary purpose of a communication should be reviewed, and so cannot overcome this more specific (and more recent) precedent. But more fundamentally, I disagree with the majority that applying a deferential standard of review to this primary-purpose determination is inconsistent with the more general rule that application of the attorney-client privilege to a particular communication presents a mixed question reviewed de novo. *See United States v. Ruehle,* 583 F.3d 600, 606-07 (9th Cir. 2009). Determinations of "basic or historical fact —who did what, when or where, how or why"—are reviewed for clear error, even if application of the law to those facts may be a mixed question. *U.S. Bank Nat. Ass'n ex rel. CWCapital Asset Mgmt. LLC v. Vill. at Lakeridge, LLC,* 583 U.S. 387, 394, 138 S.Ct. 960, 200 L.Ed.2d 218 (2018) (internal quotation marks omitted). Identification of the primary purpose of a communication fits comfortably within the realm of the purely factual. *See Pullman-Standard v. Swint,* 456 U.S. 273, 288, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982) ("Treating issues of intent as factual matters for the trier of fact is commonplace."). And even if this primary-purpose determination were, itself, a mixed question of law and fact, a deferential standard of review would still be appropriate given the fact-bound nature of the inquiry. *See U.S. Bank Nat. Ass'n,* 583 U.S. at 395-96, 138 S.Ct. 960 (holding that "the standard of review for a mixed question all depends on whether answering it entails primarily legal or factual work" (cleaned up)); *Fon v. Garland,* 34 F.4th 810, 817–18 (9th Cir. 2022) (Graber, J., concurring) ("[I]f

**Ex. B - 22**

answering the mixed question is primarily factual, then we review with deference to the fact-finder.").

Applying the primary purpose test, the district court concluded that legal advice was not the primary purpose of the CIRB reports, but instead "a tertiary and incidental goal."[2] The district court identified several non-legal purposes of the CIRB reports that predominated, including identifying violations of Department policy to be referred for further investigation, identifying **\*1232** ways to improve the Department's policies and training, and promoting accountability and public trust in the Sheriff's Department. In essence, the district court found the primary purpose of the CIRB was not to obtain legal advice, but rather to investigate ways to improve the operations of County jails.

## A. The District Court Committed No Legal Error.

The majority identifies two purported legal errors in the district court's reasoning. Majority at ———–———. In my view there were not errors, let alone legal ones. Instead, the majority simply disagrees with the district court's factual findings.

*First*, the majority asserts that "avoiding future legal liability is not necessarily just an 'investigative and remedial' purpose." Majority at ———. But whether a communication helps to avoid future liability is not the test for privilege. A driving instructor who advises their student on how to avoid getting a ticket does not give legal advice, an accountant who advises a company about internal audit procedures to avoid securities law violations does not give legal advice, and "normal tax return preparation assistance—even coming from lawyers—is generally *not* privileged," even though erroneous tax preparation can result in substantial liability. *In re Grand Jury*, 23 F.4th at 1095 n.5. As these examples illustrate, what matters is not the ultimate aim of avoiding liability, but rather whether *legal* advice is sought or obtained to achieve that goal. *See* 🚩 *Sanmina*, 968 F.3d at 1116; 🚩 *United States v. Chen*, 99 F.3d 1495, 1502 (9th Cir. 1996) ("What matters is whether the lawyer was employed with or without reference to his knowledge and discretion in the law, to give the advice." (internal

quotation marks omitted)). Investigative and remedial measures, even if carried out by an attorney, are not privileged insofar as they involve business advice rather than legal advice. *See* 🚩 *Rowe*, 96 F.3d at 1297 ("Where the attorney [is] asked for business (as opposed to legal) counsel, no privilege attache[s]."); *see, e.g.*, *In re Polaris, Inc.*, 967 N.W.2d 397, 410-11 (Minn. 2021) (concluding that a report prepared by attorneys was not privileged where its "primary purpose ... was setting corporate policy" even where a portion of the report "focus[ed] on compliance with federal regulations"); 🚩 *Marceau v. I.B.E.W.*, 246 F.R.D. 610, 613-14 (D. Ariz. 2007) (concluding that audit report prepared by attorneys was not privileged because "[t]he co-mingling of the purposes of the audit between identifying improved business operations and obtaining legal advice to this degree vitiates the protection of the attorney-client privilege").

Here, contrary to the County's suggestion, the district court did not simply "assum[e]" that "training and remediation have nothing to do with legal advice." Rather, the district court *found* a near-complete absence of legal advice in the CIRB reports at issue, which were not even prepared by an attorney. The district court further found, as a factual matter, that "the primary purpose of these documents is for investigative and remedial purposes *in order to increase accountability and public trust*," whereas "obtaining legal advice is a tertiary and incidental goal of these CIRB memoranda." This is not a legal conclusion but a factual finding that is reviewed for clear error. *See* 🚩 *Sanmina*, 968 F.3d at 1116, 1118-19 ("[T]he district court's finding that [defendant's] purpose was to obtain a non-legal valuation analysis from DLA Piper, rather than legal advice, was not clearly erroneous ....").

*Second*, the majority disagrees with the district court's reliance on a remark by Robert Faigin—the former legal advisor to the Department and the "architect" of the **\*1233** CIRB process—in which he suggested that including a lawyer in the CIRB meetings had the benefit of "potentially provid[ing] the ability to protect the confidentiality of the discussion under the cloak of the attorney-client privilege." The district court reasonably inferred from this statement that an attorney was included in the CIRB process not

**Ex. B - 23**

primarily to provide legal advice, but instead to potentially shield the discussions from disclosure. The majority offers an alternate reading of Faigin's statement in an attempt to show why it "does not carry a nefarious connotation." Majority at ——. But offering an alternative interpretation of the evidence does not demonstrate the district court committed clear error, let alone that any error was legal, as opposed to factual, in nature. *See Chaudhry v. Aragon*, 68 F.4th 1161, 1171 (9th Cir. 2023) ("[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting 🔖 *Anderson v. City of Bessemer City*, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985))).

The majority claims that "what matters is not what the architect of the CIRB thought, but how the CIRB actually operates." Majority at ——. But Faigin's statement speaks directly to how the CIRB actually operates. Faigin not only designed the CIRB process but was also the only attorney who attended CIRB meetings. Insofar as Faigin believed at the outset that his role in the CIRB was not primarily to provide legal advice, one can reasonably infer that only limited legal advice was actually offered. And more fundamentally, this statement by Faigin was far from the only evidence on which the district court relied.

### B. The District Court's Factual Findings Were Not Clearly Erroneous.

Even in the absence of legal error, the majority insists that the district court's factual findings are clearly erroneous because they "run[ ] counter" to "relevant documents" and the "reality" that the County faced a high risk of litigation. Majority at ——. As an initial matter, the district court found, based on its *in camera* review, that the CIRB reports contain only "small snippets of legal advice." Even a cursory review of the CIRB reports reveals that this finding was correct. None of the CIRB reports contain *any* assessment of the County's potential liability for the underlying events. To the extent the reports reflect discussions of potential reforms to County policies and training, the discussions were dominated by non-lawyers and did not concern the law. Faigin rarely spoke at those meetings, and even when he did, he rarely gave legal

advice. Indeed, three of the CIRB reports do not record *any statement* by Faigin at all, let alone any legal advice. [3]

The majority does not engage with the content of the CIRB reports themselves and instead relies on extraneous documents characterizing the purpose of the CIRB, namely the Sheriff's Department's policy manual, the Faigin declaration, and the State Auditor Report. But as discussed below, these documents come nowhere near demonstrating that the district court's findings were clearly erroneous, *i.e.*, "illogical, implausible, or without support in the record." 🔖 *Sanmina*, 968 F.3d at 1116.

**\*1234** *First*, the assertion in the Sheriff's Department's policy manual that the purpose of the CIRB is to assess legal liability and consult with counsel is an unsupported legal conclusion that is no different than an "attorney-client privilege" stamp on an email or document. *Cf. United States v. Fluitt*, 99 F.4th 753, 764 & n.7 (5th Cir. 2024) (finding that inclusion of "attorney client privileged and confidential" in email subject line is insufficient to establish email was privileged). Far more probative is the actual operation of the CIRB which, as set forth in the policy manual, involved a multitude of non-legal tasks unrelated to any assessment of civil liability. According to the manual, the CIRB reports are to be prepared by a non-lawyer from the Sheriff's Department's Division of Inspectional Services ("DIS") and must "summariz[e] the actions and conclusions of the board" concerning a variety of non-legal matters. But nowhere does the manual require that the CIRB reports contain any assessment or findings about the County's potential legal liability or legal compliance.

The County claims that the CIRB process is limited to circumstances that present a uniquely high risk of litigation, but that alone says nothing about whether legal advice was actually provided. And more to the point, a CIRB meeting is required in many circumstances where the litigation risk is limited, including after any "[d]ischarge of a firearm by sworn personnel," regardless of whether injury results, and following "[a]ny other incident involving the discharge of a firearm, major property damage, or major vehicle damage by a member of this Department or other

**Ex. B - 24**

critical incident which, in the judgment of the Sheriff, Undersheriff, Assistant Sheriff, or board member warrants review." [4] The fact that the CIRB convenes even in the absence of a substantial risk of liability supports the contrary inference that its purposes extend beyond obtaining legal advice.

*Second*, the district court was under no obligation to credit the declaration of Faigin in light of the contrary evidence in the record. [5] This is particularly true because there were reasons to doubt Faigin's credibility. Faigin's declaration in support of the County's privilege claim stated, "[t]he reports are a record of legal advice sought from, and provided by, me." And yet, the district courts *in camera* review revealed the reports contained only "small snippets of legal advice," and several reports did not contain any statement by Faigin at all. Further, as noted, Faigin previously authored an article about the CIRB process in which he suggested that a lawyer was being included to "potentially provide[ ] the ability to protect the confidentiality of the discussion under the cloak of the attorney-client privilege." And this is not the only statement in the article that conflicts with Faigin's declaration. The article identified a multitude of non-legal purposes of the CIRB, such as improving "training, tactics, policies, and procedures," "meet[ing] the public's expectation of effective self-policing," and avoiding "negative public perception, and potential government intervention." The article concludes with the following observation:

> **\*1235** A successful CIRB process will ultimately provide an agency with constantly updated training and thorough incident review. Byproducts of the CIRB process also include increased accountability and reduced numbers of future critical incidents. Reduced civil liability and improved public perception round out the reasons for ensuring that every agency has a well-formulated CIRB process.

Consistent with the district court's findings, this article confirms that "[r]educed civil liability" "round[ed] out" the purposes of the CIRB but was not its primary purpose. [6]

*Third*, the State Auditor's Report is at best marginally relevant. Whether the primary purpose of a communication is legal advice, such that the privilege applies, is a question for the courts to resolve, and the generic statement by a state agency not even involved in this litigation is hardly dispositive. [7] It is also important to understand the full context of the statements in the Audit Report. The State Auditor was not praising or endorsing the County's position that the CIRB reports were privileged, but rather criticizing this position and the resulting lack of transparency. The Audit Report ultimately recommended that "the Legislature ... require the Sheriff's Department to either make public the facts it discusses and recommendations it decides upon in the relevant [CIRB] meetings or ... establish a separate public process for internally reviewing deaths and making necessary changes."

The County's letter responding to the State Auditor is revealing. In it, the County argued that no reforms to County policies were needed because the CIRB is capable of performing the oversight function the State Auditor deemed lacking. In advancing this argument, the County conceded that the CIRB serves the non-legal purpose of "improving the health and welfare of incarcerated individuals." To address this apparent contradiction, the County argued in its letter that avoiding future litigation through privileged legal advice and improving service delivery are not mutually exclusive objectives, a view that the majority endorses. Majority at ——. But when it comes to the attorney client privilege, the practical compatibility of these distinct objectives is irrelevant. "[A] dual-purpose communication can only have a single 'primary' purpose," and here the district court found that the primary purpose was not obtaining legal advice. *In re Grand Jury*, 23 F.4th at 1091. The County has failed to demonstrate that this finding was "illogical, implausible, or without support in the record," and thus has failed to establish clear error. *Sanmina*, 968 F.3d at 1116 (citation omitted).

## II. Waiver

Even setting aside the primary purpose issue, I would affirm the district court's **\*1236** alternate finding that the County waived the privilege by failing to properly assert it. The County, as the party invoking the attorney-client privilege, bore the burden of establishing all of the elements of the privilege were satisfied. *See* Ruehle, 583 F.3d at 609; Clarke v. Am. Com. Nat. Bank, 974 F.2d 127, 129 (9th Cir. 1992). "One of the elements that the asserting party must prove is that it has not waived the privilege." Weil v. Inv./Indicators, Rsch. & Mgmt., Inc., 647 F.2d 18, 25 (9th Cir. 1981). To establish its claim of privilege, the County was required to "describe the nature of the documents" being withheld "in a manner that, without revealing information itself privileged or protected, [would] enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii).

The County's initial privilege log provided almost no information to justify application of the privilege. It stated each CIRB report was to "SLA Faigin" and was from "DIS," and justified application of the privilege by stating each CIRB report "contain[ed] analysis and legal assessment." [8] The magistrate judge found this privilege log to be inadequate because, among other things, it failed to identify "all individuals listed as receiving a copy of the document and their relationship to the County" and failed to identify the attendees of the CIRB meetings.

The magistrate judge gave the County an opportunity to produce an amended privilege log, but the County failed to correct these deficiencies. The County's amended privilege log provided no further details about the contents of the CIRB reports, did not identify all the recipients of the CIRB reports, and did not identify any of the participants in the CIRB meetings.

Although the amended privilege log suggested that Faigin was the "only recipient," that statement is at best ambiguous and at worst untrue. For starters, the accompanying declaration submitted with the privilege log seems to suggest that the CIRB reports were shared with the State Auditor. [9] Whether or not disclosure to the State Auditor waives the privilege, the failure to list the State Auditor as a recipient on the privilege log demonstrates the log was not intended to include all individuals who received the CIRB reports. Similarly, the declaration indicates the reports were sent to Faigin only "[a]fter each report is approved by my client," thereby conceding that other individuals within the Department (whose names and roles are not specified) were privy to the documents before they were ultimately sent to Faigin for storage. Indeed, the amended privilege log states the CIRB reports are from "DIS," but does not identify who at DIS actually prepared them or how many individuals within DIS (or the Department) actually viewed the CIRB reports before they were "sent" to Faigin for storage. [10]

On appeal, the County attempts to excuse its failure to identify the recipients of the CIRB reports and the attendees at the **\*1237** CIRB meetings on the grounds that any recipients or attendees would have been employees of the Sheriff's Department, and so would not have broken the privilege. The majority endorses this view, Majority at —— – ——, but it is simply not the case that disclosure of a communication to an organization's employee can never waive the privilege.

To maintain the confidentiality of a communication, and hence its privileged status, the communication may be distributed only to those individuals within an organization who "need to know" its contents to facilitate the provision of legal advice or who are "authorized to speak or act for the" organization. F.T.C. v. GlaxoSmithKline, 294 F.3d 141, 147 (D.C. Cir. 2002) (internal quotation marks omitted); *see* Coastal States Gas Corp. v. Dep't of Energy, 617 F.2d 854, 863 (D.C. Cir. 1980) ("The test ... is whether the agency is able to demonstrate that the documents ... were circulated no further than among those members of the organization who are authorized to speak or act for the organization in relation to the subject matter of the communication." (internal quotation marks omitted)); Restatement (Third) of the Law Governing Lawyers § 73 cmt. g ("The need-to-know limitation ... permits disclosing privileged communications to other agents of the organization who reasonably need to know of the privileged communication in order to act for the organization in the matter."). [11] Courts

Ex. B - 26

routinely hold that the privilege is waived where a supposedly privileged communication is shared within an organization in violation of this limitation. *See, e.g., Melendres v. Arpaio*, 2015 WL 13649412, at *5 (D. Ariz. Apr. 2, 2015) (holding that sheriff's department waived privilege over documents shared with Deputy Chief of Detention where department failed to show the subject matter of the communication was "part of the scope of his duties" or that he had any "demonstrable need to be privy to" it); *Revelry Vintners, LLC v. Mackay Rest. Mgmt. Grp., Inc.*, 2024 WL 3280012, at *5 (E.D. Wash. Apr. 2, 2024) (finding that disclosure of information in email to IT department waived the privilege).

In light of this limitation, the proponent of the privilege must identify each individual that received the communication in question in their privilege log and offer sufficient information to demonstrate that disclosure of the communication to that recipient did not waive the privilege. As a leading treatise explains:

> The privilege proponent must adequately explain each distributee's relationship to [the] communication's content in order to successfully assert his claim.... Adequate explanation necessitates disclosure of the identity of each distributee, including her title and responsibilities to the entity that she represents. The prevailing "subject matter" test demands that the privilege proponent prove that each individual receiving the communication had corporate responsibilities **\*1238** that relate to the substance of the communication. Merely stating in a supporting affidavit the conclusion that distribution has not been made beyond those with a need to know in the scope of their employment responsibilities is not sufficient.

> The proponent must provide enough evidence to permit the judge to come to that conclusion as the judge is the sole independent finder of facts.

2 Paul B. Rice et al., *Attorney-Client Privilege in the U.S.* § 11:6 (Dec. 2023) [hereinafter Rice et al., *Attorney-Client Privilege*] (footnotes omitted).

By failing to identify all of the individuals who attended the CIRB meetings and who reviewed the CIRB reports, the County failed to provide the court below with sufficient information to determine whether the privilege applied. If, for example, anyone who wished to attend a CIRB meeting was welcome, and employees who were not necessary to provide legal advice were present, then any discussions during those portions of the meeting would not have been privileged. Similarly, any indiscriminate dissemination of the CIRB reports within the Department before they were sent to Faigin had the potential to waive the privilege. The County failed to carry its burden of establishing that the communications remained confidential and accordingly waived the privilege.

### III. Scope of Privilege

The County's position in this litigation is all the more remarkable for the breadth of the claim of privilege being asserted. The County does not simply claim that those portions of the CIRB reports that reflect legal advice are privileged. Instead, the County argues that the entirety of all of the CIRB reports, including all of their attachments, are privileged, without regard to their contents. [12] Even accepting that small portions of the CIRB reports reflect legal advice, as the district court acknowledged was the case, that is no basis to accord protection to the entirety of the CIRB reports, as the majority does through its ruling today.

"The scope of the privilege should be strictly confined within the narrowest possible limits." *Christensen*, 828 F.3d at 803 (internal quotation marks omitted). Accordingly, "[i]f the nonprivileged portions of a communication are distinct and severable, and their disclosure would not effectively reveal the substance

**Ex. B - 27**

of the privileged legal portions, the court must designate which portions of the communication are protected and therefore may be excised or redacted (blocked out) prior to disclosure." *Id.* (quoting Rice et al., *Attorney-Client Privilege, supra*, § 11:21). The party asserting the privilege must, "if necessary, ... segregate the privileged information from the non-privileged information." *Ruehle, 583 F.3d at 609*.

Whole swaths of the CIRB reports are plainly not privileged. Each report contains a summary of the County's factual investigation, including publicly available information that is not privileged such as the date of the individual's arrest, the offense for which the individual was arrested, and the jail where the individual was held. *See Upjohn, 449 U.S. at 396, 101 S.Ct. 677* ("[The client] may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." (quotation omitted)). Most reports contain a list of who attended **\*1239** the CIRB meeting in question that is not privileged. *See Dole v. Milonas, 889 F.2d 885, 889 (9th Cir. 1989)* ("[T]he general rule is that [the] identity of an attorney's clients is not a matter within the attorney-client privilege."); Rice et al., *Attorney-Client Privilege, supra*, § 11:6 ("Neither the identification of documents nor the identity of individuals involved in allegedly privileged communications is information that is protected by the attorney-client privilege."). Each report contains much crosstalk amongst the board members or witnesses that had nothing to do with

the law and in which Faigin did not participate that is not privileged. *See Matter of Fischel, 557 F.2d 209, 212 (9th Cir. 1977)* ("An attorney's involvement in, or recommendation of, a transaction does not place a cloak of secrecy around all the incidents of such a transaction."); *Brinckerhoff v. Town of Paradise, 2011 WL 2926936, at \*3 (E.D. Cal. July 15, 2011)* (explaining that "[e]ven assuming that a primary purpose of the management meeting was to have the ability to seek legal advice," the court must "differentiate those communications amongst management which recount/discuss attorney advice as opposed to discussion reflecting management decisions" because "not all communications at a meeting [with lawyers present] are automatically privileged"). Each report contains a description of remedial measures ultimately taken or not taken by the CIRB at the conclusion of the process, including the votes of each member of the board, that are not privileged. *See* Rice et al., *Attorney-Client Privilege, supra*, § 5:14 ("The privilege does not extend to opinions and decisions made by the client based on the legal advice the client received."); *Matter of Fischel, 557 F.2d at 212*.[13] Neither the County nor the majority offer any compelling reason why these non-privileged portions of the reports are inextricably intertwined with what little privileged material there is in them. Accordingly, the proper remedy was to redact, not withhold, the reports.

**All Citations**

127 F.4th 1216

---

## Footnotes

1   Because of our holding we need not and do not consider the work product doctrine.

2   To the extent that these opinions refer to information that has been filed under seal, no party has requested sealing or redactions, and we hereby unseal that information for purposes of the opinions.

3   The other defendants were Sheriff William Gore, Alfred Joshua, Barbara Lee, Macy Germono, Francisco Bravo, Christopher Simms, and Michael Campos. But the claims against those defendants were dismissed.

**Ex. B - 28**

4    Intervenors are "news organizations that have reported on the San Diego County Sheriff's Department, including the deaths and injuries of inmates in the Sheriff Department's care."

5    Intervenors received the CIRB discovery under the " 'attorneys' eyes only' protective measures so that the parties [could] ... meet and confer about redactions."

6    By failing to raise the issue properly in a timely manner in the district court, the County waived or forfeited its argument that we should adopt the test set forth in ⚑ In re Kellogg Brown & Root, Inc., 756 F.3d 754 (D.C. Cir. 2014). See ⚑ O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957 (9th Cir. 1989) ("The rule in this circuit is that appellate courts will not consider arguments that are not properly raised in the trial courts." (brackets omitted) (citation and internal quotation marks omitted)).

7    The district court found the amended privilege log deficient for a different reason: the County's assertion that the attorney-client privilege covered the entirety of the CIRB reports, rather than only the portions specifically containing legal advice. That ruling was erroneous for the reasons explained in Part B, above.

1    A circuit split exists on this issue. The Sixth and Eleventh Circuits, like our earliest cases and some of our later cases, review de novo. ⚑ United States v. Sadler, 24 F.4th 515, 556-57 (6th Cir. 2022); ⚑ In re Grand Jury Matter No. 91-01386, 969 F.2d 995, 997 (11th Cir. 1992). The First, Fourth, and Fifth Circuits use the hybrid approach advocated by the dissenting opinion. ⚑ Lluberes v. Uncommon Productions, LLC, 663 F.3d 6, 23 (1st Cir. 2011); Hawkins v. Stables, 148 F.3d 379, 382 (4th Cir. 1998); Taylor Lohmeyer Law Firm P.L.L.C. v. United States, 957 F.3d 505, 509 (5th Cir. 2020). If and when our court takes up this issue en banc to resolve the intra-circuit split, the inter-circuit split will remain.

2    The dissent asserts that the privilege was waived. Dissent at ——— – ———. But for the reasons given in the majority opinion, that contention rests on a misunderstanding of the record, which establishes that only the lawyer received the CIRB reports, and on a misunderstanding of the scope of the privilege, which applies to all employees of the Sheriff's Department.

1    I agree with the majority that this case is not moot and join the portion of the majority's opinion as to mootness. I also agree with the majority that the County waived or forfeited the argument that we should adopt the test set forth in ⚑ In re Kellogg Brown & Root, Inc., 756 F.3d 754 (D.C. Cir. 2014).

2    In keeping with the majority's nomenclature, references to the "district court" include both the magistrate judge's initial order directing production of the CIRB reports and the district court's subsequent decision adopting it.

3    Indeed, to date the County failed to produce attendance sheets for two of these CIRB meetings (despite the fact that the reports list such a roster as among the attachments). Significantly, neither the County's privilege logs nor any of the supporting declarations the County submitted actually state that an attorney was in attendance at either of these meetings, as is required to establish the privilege. Accordingly, there is no evidence that Faigin or any other attorney was present at either of these meetings.

**Ex. B - 29**

4    Indeed, one of the CIRB reports at issue concerned an individual whose death resulted from natural causes.

5    The declaration of Michael Baranic, the current Chief Legal Advisor to the County, says nothing about whether these CIRB reports are privileged because Baranic assumed his role well after the relevant CIRB meetings took place. Baranic's declaration does not establish how, if at all, he had any personal knowledge concerning the relevant period. And regardless, the district court was not required to credit his declaration in light of the other evidence in the record.

6    It is noteworthy that "[r]educed civil liability" is at the end of this list, and is treated as a separate objective from training, increased accountability, and improved public perceptions. Even Faigin apparently agreed with the district court that avoiding future liability is a separate and distinct objective from any "investigative and remedial" purposes of the CIRB.

7    Indeed, it is not even clear the State Auditor reviewed any of the CIRB reports at issue. The State Auditor apparently reviewed a sample of only 18 CIRB reports, but (because of the County's deficient privilege log) it is not clear whether any of the CIRB reports at issue here were included in that sample. The County's original and amended privilege log gave no indication that any of the CIRB reports at issue here were included in the sample. Faigin's declaration suggested the CIRB reports generally may have been shared with the State Auditor, but did not state whether the specific CIRB reports at issue actually were.

8    As to one of the CIRB reports, the initial privilege log failed even to state that it "contain[ed] analysis and legal assessment."

9    The declaration is, admittedly, ambiguous as to whether the specific CIRB reports at issue were disclosed to the State Auditor or whether the State Auditor reviewed other CIRB reports.

10    The fact that the CIRB reports were eventually sent to legal counsel and stored by the legal department does nothing to demonstrate the applicability of the privilege. *See* 2 Paul B. Rice et al., *Attorney-Client Privilege in the U.S.* § 7:2 (Dec. 2023) ("In those instances where in-house counsel has been designated the official records custodian, this should pose little difficulty for courts. The applicability of the attorney-client privilege turns on the substance and context of the communications, not the fact of who possesses them.").

11    Contrary to the majority's contention, Majority at ——, 🚩*Upjohn* did not hold that all communications between a corporate employee and counsel are always privileged. Rather, 🚩*Upjohn* rejected the "control group" test the lower court had adopted, but explicitly declined to set forth an alternative test for determining when communications with a corporate employee are privileged, leaving that matter for subsequent case-by-case development. *See* 🚩*Upjohn Co. v. United States*, 449 U.S. 383, 396-97, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981); 🚩*Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Arizona*, 881 F.2d 1486, 1492 (9th Cir. 1989) ("The Court [in 🚩*Upjohn*] ... declined to establish an all-encompassing test for application of the attorney-client privilege to corporations."). 🚩*Upjohn* did not address the waiver issue present here because the confidentiality of the documents at issue in that case was not in dispute. *See* 🚩*Upjohn*, 449 U.S. at 396 n.5, 101 S.Ct. 677.

12    Indeed, when questioned about this claim at oral argument, counsel for the County adopted the extraordinary position that even the "To" and "From" line of the CIRB reports, and who was in

**Ex. B - 30**

attendance at the meetings, are privileged, notwithstanding the fact that this information was (or should have been) included on the County's privilege log.

13    Indeed, in responding to attacks on the CIRB process by the State Auditor, the County explained that "[a]ny changes to Sheriff's policies, procedures, training, or education" that are adopted by the CIRB "are published and available for the public to access on the Sheriff's Department's website."

---

**End of Document**                                                          © 2025 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT C

```
 1                    UNITED STATES DISTRICT COURT

 2              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

 3   DARRYL DUNSMORE, ERNEST        )
     ARCHULETA, ANTHONY EDWARDS, REANNA)
 4   LEVY, JOSUE LOPEZ, CHRISTOPHER  )
     NELSON, CHRISTOPHER NORWOOD, and )
 5   LAURA ZOERNER, on behalf of     )
     themselves and all others       )
 6   similarly situated,             )
                                     )  No. 20-CV-0406-AJB-DDL
 7             Plaintiffs,           )
                                     )
 8   V.                              )  February 28, 2025
                                     )
 9   SAN DIEGO COUNTY SHERIFF'S      )
     DEPARTMENT; COUNTY OF SAN DIEGO; )
10   CORRECTIONAL HEALTHCARE PARTNERS, )
     INC.; LIBERTY HEALTHCARE, INC.;  )
11   MID-AMERICA HEALTH, INC.; LOGAN  )
     HAAK, M.D., INC.; SAN DIEGO COUNTY)
12   PROBATION DEPARTMENT, and DOES 1 )
     to 20 inclusive,               )
13                                   )
               Defendants.           )
14   _____)  San Diego, California

15

     TRANSCRIPT OF DIGITALLY RECORDED VIDEOCONFERENCED PROCEEDINGS
16                   (Discovery Conference)

17

18      BEFORE THE HONORABLE DAVID D. LESHNER, MAGISTRATE JUDGE

19

20

21

22

23   COURT REPORTER:          AMANDA M. LeGORE
                              RDR, CRR, CRC, FCRR, CACSR
24                            U.S. District Court
                              333 West Broadway, Suite 420
25                            San Diego, CA 92101
                              amanda_legore@casd.uscourts.gov
```

**Ex. C - 33**

2

```
 1   APPEARANCES:

 2   FOR THE PLAINTIFFS:      GAY GRUNFELD
                              ERIC ANDERSON
 3                           Rosen Bien Galvan & Grunfeld LLP
                             101 Mission Street, Sixth Floor
 4                           San Francisco, CA  94105-1738
                             (415)433-6830
 5                           ggrunfeld@rbgg.com
                             eanderson@rbgg.com
 6
                             AARON FISCHER
 7                           Law Offices of Aaron Fischer
                             1400 Shattuck Avenue, Suite 12 - #344
 8                           Berkeley, CA  94709
                             (510)806-7366
 9                           ajf@aaronfischerlaw.com

10

11   FOR DEFENDANT COUNTY OF
12   SAN DIEGO:               ELIZABETH PAPPY
                              Burke Williams & Sorenson LLP
13                           60 South Market Street, Suite 1000
                             San Jose, CA  95113
14                           (619)814-5800
                             epappy@@bwslaw.com
15

16

17

18

19

20

21

22

23

24

25
```

**Ex. C - 34**

3

1          (Friday, February 28, 2025)

2

3                    P R O C E E D I N G S

4

5          THE COURT:  All right.  Good afternoon, everyone.

6          We are on the record in Dunsmore, et al., versus San

7    Diego County Sheriff's Department, et al, Case number

8    20-CV-406.

9          We have concluded an off-the-record discussion about

10   the settlement proceedings that will occur next Friday, and we

11   are now on the record to discuss the path forward to implement

12   Judge Battaglia's order granting in part and denying in part

13   plaintiffs' motion to seal -- or file documents under seal, I

14   should say.  That is Docket number 823.

15         May I have appearances from counsel, beginning with

16   plaintiffs' counsel.

17         ATTORNEY GRUNFELD:  Good afternoon, your Honor.  Gay

18   Grunfeld for the plaintiff class.  And with me are Eric

19   Anderson and Aaron Fischer, also for the plaintiff class.

20         ATTORNEY PAPPY:  Elizabeth Pappy appearing on behalf

21   of defendant.

22         THE COURT:  Thank you all.

23         I am looking at Judge Battaglia's order and

24   specifically pages 5 and 6, which pertain to the Critical

25   Incident Review Board.  Reports that were included with the

**Ex. C - 35**

4

1    summary judgment filings from the plaintiffs.  And specifically

2    Judge Battaglia's direction that the parties contact my

3    chambers so that I may conduct an in camera review of the CIRB

4    reports at issue, to determine whether the attorney-client

5    privilege applies, following the decision of the Ninth Circuit

6    Court of Appeals in *Greer versus County of San Diego.*

7            So I would be interested in hearing the parties'

8    respective positions, not on the merits but on how best to

9    proceed with this.

10           I understand it was an unopposed motion to seal.

11   Obviously, the Court has an independent obligation to make an

12   appropriate finding as to whether there are compelling reasons

13   to seal.  And I would be happy to hear from each side as to how

14   you think we should proceed.

15           Mr. Anderson, are you going to be handling this issue

16   on behalf of the plaintiffs?

17           ATTORNEY ANDERSON:  Yes, your Honor.

18           THE COURT:  Okay.  What are your initial thoughts,

19   again, as to the appropriate procedure for how we should

20   proceed?

21           ATTORNEY ANDERSON:  I think, to implement Judge

22   Battaglia's order, it requires your Honor to review these

23   documents under seal.  I think it would make sense for --

24   defendants have the burden to show that these documents, the

25   attorney-client privilege applies.  For them to provide the

**Ex. C - 36**

1  documents, identify all of them for the parties and for the

2  Court.  And then to explain in a -- I do think some briefing is

3  necessary, to explain why they think the privilege applies, how

4  *Greer* does or does not apply to these documents.  And then for

5  us to respond.

6        THE COURT:  I think what I -- what is the volume of

7  documents that we're talking about, Mr. Anderson?

8        ATTORNEY ANDERSON:  I think they were approximately 30

9  CIRB reports that defendants produced to us as a result of your

10 Honor's orders.

11       Defendants have -- yesterday, identified more

12 documents than -- than those.  So there may be more documents

13 that they're arguing the privilege applies to.

14       And -- so I'm not sure of the total volume.  I think

15 that would make it more on the order of 50 or 60, if

16 defendant -- if that is defendants' position, that those

17 documents are privileged.

18       THE COURT:  But my understanding is we're not talking

19 about every CIRB report.  We are talking specifically about

20 portions of expert reports that describe CIRB reports that are

21 part of the motion to seal the plaintiffs' opposition to the

22 motion for summary judgment.

23       Is that correct?

24       ATTORNEY ANDERSON:  I think that's how the issue is

25 raised, but I understood at least Judge Battaglia's order to be

**Ex. C - 37**

1    a little bit more broad in scope, in saying -- let me have the

2    language in front of me.   (Pause.)

3            So it does refer to the CIRB reports at issue.   So

4    I -- I see how -- it could just apply (inaudible), those that

5    are referred to in the expert reports.

6            But at least we understood this to apply more broadly,

7    just to whatever CIRB reports are -- have been produced in this

8    case and whether the privilege applies.

9            THE COURT:   Okay.   Do -- let's assume that the more

10   narrow construction is appropriate.   That this is designed to

11   assist Judge Battaglia in resolving the motion to file

12   documents under seal.

13           What is the volume of documents that we are talking

14   about?

15           I guess, were the actual CIRB reports attached to the

16   plaintiffs' opposition papers?  Or are we just talking about

17   expert reports that reference the CIRB reports?

18           ATTORNEY ANDERSON:   The latter, your Honor.

19           THE COURT:   All right.   If that is the case -- and I'm

20   not asking you to -- if you've memorized all of the expert

21   reports, Mr. Anderson.   But is that a smaller universe of

22   documents than what you mentioned?

23           ATTORNEY ANDERSON:   Certainly.   It's, I believe, four

24   reports.   But it would just be -- you know, these reports are

25   (indiscernible) hundreds pages long, but it would just be a few

**Ex. C - 38**

1    pages from each, is my recollection, without having them all in

2    front of me.

3             THE COURT:  And that would be a few pages from each

4    report that were attached to the plaintiffs' opposition to the

5    motion for partial summary judgment?

6             ATTORNEY ANDERSON:  Correct.

7             THE COURT:  Okay.  Ms. Pappy, what's your

8    understanding of what Judge Battaglia was discussing in the --

9    the order and sort of the -- the marching order to the parties

10   and to me?

11            ATTORNEY PAPPY:  Sure.  So it's my understanding --

12   I'm not sure if I differ from plaintiffs.  I didn't quite

13   follow the last exchange.

14            But it is that plaintiffs requested an order to seal

15   of either the entire or a portion of their expert reports that

16   either attach the CIRB reports or discuss the CIRB reports.

17            And that anything -- anything that the experts --

18   either the reports that are attached or referenced, he is

19   asking your Honor to decide are those specific reports that are

20   referenced privileged under *Greer*, based on *Greer*, such that

21   they need to be withdrawn.

22            I don't think Judge Battaglia is just going to go back

23   and decide whether it should be sealed if it can't be there.

24   So, you know, how he deals with it, I guess, is his decision.

25   But he's trying to decide a motion to seal.  And he's, like,

**Ex. C - 39**

1    should I even have these?  Is really the question that I -- I

2    perceive him as asking.

3           Just so that you know, as to the other CIRB documents

4    that are not the subject of that motion to seal, the County

5    will be filing a motion for reconsideration.  They're doing it

6    in all of the cases.  You might have even seen some in some of

7    the other cases.

8           (Pause.)

9           ATTORNEY PAPPY:  Oh, and one additional thing, if I

10   can.

11          I -- I don't agree that the burden is on the

12   defendants to file anything with your Honor.  It's -- it's

13   on -- because the judge didn't ask for briefing.  He just said,

14   Judge Leshner, can you look at what's been submitted to me and

15   decide whether the *Greer* decision has decided that it's

16   privileged?  So plaintiffs need to identify that stuff.

17          THE COURT:  All right.  I -- I don't need further

18   argument on that.  I'll make a call on that after I review

19   everything.

20          So here's what I would like to do.  It would be

21   helpful to me, at the outset, to have the parties submit to me

22   the portions of the plaintiffs' opposition to the motion for

23   partial summary judgment that include information from the CIRB

24   reports in this case, as well as the -- those unredacted CIRB

25   reports that are referenced; as an initial step.  That would be

**Ex. C - 40**

 1    -- I would like to start with that.

 2            And I -- so -- and it would be helpful, Mr. Anderson,

 3    because it's your pleading -- without deciding who's got the

 4    burden of anything right now, I just want to understand what is

 5    the information at issue, specific to the summary judgment

 6    opposition?

 7            So if you could, Mr. Anderson, send me or -- and

 8    include Ms. Pappy on this, of course.  The highlighted -- I

 9    guess, highlighted -- highlighting the portions of the expert

10    reports that specifically include information from the CIRB

11    reports.

12            It sounds like that's going to be pretty discrete, and

13    I'm really trying to make this as -- as easy as possible for

14    everyone.  So I hope that's not unduly burdensome.  But, again,

15    I don't know the volume of materials at issue.  It sounds like

16    it's manageable.  But is that doable task, Mr. Anderson?

17            ATTORNEY ANDERSON:  Yes.  And so when you say

18    "highlight," we can send you just the pages.  Or if you want us

19    to send the entire document with the portions highlighted.

20    Whatever -- whatever your preference is.  It would be more

21    digestible to potentially just send you five pages but --

22            THE COURT:  Just send me whatever was filed, I guess.

23            ATTORNEY ANDERSON:  Yeah.

24            THE COURT:  Whatever portion of the report was

25    included with your opposition brief, just send me that specific

10

1    exhibit or attachment, whatever it was, with the highlighting

2    to the portion of it that includes information taken from the

3    CIRB reports.

4           And then if you could send me, please, the

5    corresponding CIRB reports.  And I would just -- you don't need

6    to highlight the CIRB reports for me.  Just the information in

7    the expert reports would be helpful.

8           ATTORNEY ANDERSON:  Regarding the CIRB reports, your

9    Honor, so after *Greer*, defendants asked us to delete those as

10   privileged.  And we have done so.  We don't have the CIRB

11   reports in our possession anymore.

12          THE COURT:  Okay.

13          ATTORNEY ANDERSON:  But -- so if the defendants are

14   willing to send them.  But we can't do that, at this point.

15          THE COURT:  All right.  So what I would ask you to do

16   is this.  We'll go ahead in a two-step process.  And I

17   appreciate that, Mr. Anderson.

18          So, number one, how much time would you need to send

19   me those portions of the expert reports that were attached to

20   your summary judgment opposition?

21          ATTORNEY ANDERSON:  No more than a day.  I hope we

22   could get it done this afternoon.  But Monday at the latest,

23   yeah.

24          THE COURT:  I think Ms. Pappy will cut you some slack

25   and give you until next week.

**Ex. C - 42**

11

1         So, look, why don't you get them to me by -- by

2    Tuesday.  Okay?

3              ATTORNEY ANDERSON:  Okay.

4              ATTORNEY PAPPY:  And then do you want the accompanying

5    CIRB reports?

6              THE COURT:  If you could, could you get those?  Would

7    Thursday be okay?

8              ATTORNEY PAPPY:  That's fine.

9              THE COURT:  And then maybe we can talk about it on

10   Friday, if we've got time.  But I'm going to obviously want to

11   focus with you all on settlement, really.  So --

12             ATTORNEY PAPPY:  Sure.

13             THE COURT:  If I have questions, I may -- I may ask.

14   But --

15             So, Mr. Anderson, you'll send me the -- just email

16   into my email -- e-file is fine.  A copy to Ms. Pappy.

17             The highlighted excerpts from the expert report.

18             And then, Ms. Pappy -- that will be March 4th.  By

19   March 6th, you'll send me the corresponding CIRB reports.

20             ATTORNEY PAPPY:  Yes, your Honor.  But I will only

21   send the reports to you.  I will not be sending them to

22   plaintiffs' counsel.  Correct?

23             THE COURT:  That's right.

24             ATTORNEY PAPPY:  Okay.

25             THE COURT:  And is that okay with you, Mr. Anderson?

**Ex. C - 43**

```
 1              ATTORNEY ANDERSON:  Yes, it saves us the burden of
 2    then deleting that email.  So that's fine with us.
 3              ATTORNEY GRUNFELD:  My only question is will we know
 4    the Bates numbers of the documents that are sent over?  Could
 5    we -- could we be told that.
 6              ATTORNEY PAPPY:  Sure.  They've been just -- they --
 7    yeah.  They've been destroyed, though.  Right?
 8              ATTORNEY GRUNFELD:  Yeah.
 9              ATTORNEY PAPPY:  Oh, yeah, sure, I'll send you Bates.
10              THE COURT:  So you'll send two emails on March 6th,
11    Ms. Pappy.  Just copy my chambers on both, and that will be
12    step one.
13              I'll take a look at everything, and then I'll talk to
14    you all about how best to address this.
15              ATTORNEY PAPPY:  Okay.  Thank you.
16              ATTORNEY ANDERSON:  Thank you, your Honor.
17              THE COURT:  No, thank you all.
18              It's good to see you all.  Have a good weekend.
19              I'm very much looking forward to seeing most of you in
20    person next Friday.  And I'm cautiously optimistic we can make
21    some good progress on continuing to resolve portions of the
22    case.
23              So have a great weekend.  See you next week.
24              ATTORNEY PAPPY:  Thank you, your Honor.
25              ATTORNEY GRUNFELD:  Thank you, your Honor.
```

**Ex. C - 44**

13

1          THE COURT:  Take care, everyone.

2          (Conclusion of proceedings.)

3

4                         --oOo--

5    I certify, by signing below, that the foregoing is a correct
     stenographic transcript, to the best of my ability, of the
6    digital recording of the audio proceedings had in the
     above-entitled matter this 13th day of March, 2025.  A
7    transcript without an original signature or conformed signature
     is not certified.  I further certify that the transcript fees
8    and format comply with those prescribed by the Court and the
     Judicial Conference of the United States.

9
          /S/ Amanda M. LeGore
10        _____

11        AMANDA M. LeGORE, RDR, CRR, CRC, FCRR, CACSR 14290

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# EXHIBIT D

| | |
|---|---|
| **From:** | Gay C. Grunfeld |
| **To:** | Pappy, Elizabeth M.; Van Swearingen; Michael Freedman; Eric Monek Anderson; Hannah Chartoff; Ben Holston; Christopher Young; Isabella Neal; Oliver Kiefer; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer |
| **Cc:** | Coleman, Susan E.; Rivera, Raquel; Kosla, Martin; Eric Ho |
| **Subject:** | RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015] |
| **Date:** | Wednesday, April 2, 2025 8:37:45 AM |

I will do so.

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, April 2, 2025 8:36 AM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** Re: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

<div style="background-color:#f5d97b">[EXTERNAL MESSAGE NOTICE]</div>

Can you send an invite for the meeting?  I'm stuck in traffic and can't be the host.  Thanks
Sent from my iPhone


> On Apr 1, 2025, at 6:33 PM, Pappy, Elizabeth M. <EPappy@bwslaw.com> wrote:
>
> I have not had time to review and won't before tomorrow's meet and confer about something different.  I should be able to get to them Thursday with a few other items Eric emailed about.

Thank you.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305  |  **O** 408.606.6300  |  **F** 408.606.6333  |  **M** 408.888.3223
epappy@bwslaw.com  |  vCard  |  Bio  |  LinkedIn  |  bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Tuesday, April 1, 2025 5:30 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

[EXTERNAL]

Dear Beth,

We have not heard back on the attachments we sent (see yellow highlight below).  We can discuss that issue tomorrow morning along with the others.

Thanks, Gay

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Sunday, March 23, 2025 5:16 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen
<VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek
Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>;
Ben Holston <BHolston@rbgg.com>; Christopher Young
<christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>;
Oliver Kiefer <oliver.kiefer@dlapiper.com, Oliver.Kiefer@us.dlapiper.com; Aaron
Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel
<RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho
<EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision
[IMAN-DMS.FID55015]

> [EXTERNAL MESSAGE NOTICE]

Violating your ethical obligation not to use what you now know to be privileged (or at a
minimum might be deemed privilege even under your theory) is very much a Rule 11
violation. I'm happy to look at these attachments this week and get back to you. We are
still deciding about whether to seek the sanctions but your email last week demanding a
premature and likely unnecessary meet and confer is further evidence of your bad faith
Rule 11 conduct.

Thank you.

**Elizabeth M. Pappy | Partner**
Pronouns: she, her, hers
60 South Market Street, Suite 1000 | San Jose, CA 95113
d - 408.606.6305 | t - 408.606.6300 | f - 408.606.6333
epappy@bwslaw.com | vCard | bwslaw.com

**Ex. D - 49**

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Thursday, March 20, 2025 11:49 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

[EXTERNAL]

Dear Beth and Susan,

We disagree that any of our conduct has been sanctionable as you allege below and in the attached email. To the contrary, we believe that a Rule 11 sanctions motion would trigger anti-SLAPP and first amendment protections. But we have no interest in ancillary litigation with the County; for that reason, we have revised the language on our website. We want to move forward towards a comprehensive remedial plan, which is, and always has been, the goal of this litigation.

Attached are the four reports, redacted further than they were in

our motion to seal (to which you did not object). The redactions in the attached reports assume that the County is correct on every point--that is to say, that the CIRB reports are absolutely privileged and that any discussion of them is equally privileged. Given the further redactions, we believe it is appropriate to return these four reports to our website.

Please let us know if you agree. If you do not agree, please let us know when we can meet and confer about these four reports, or tell us which portions you would like to have additionally redacted.

If not resolved today, we intend to raise this issue with Judge Leshner tomorrow.

Thank you, Gay

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, March 19, 2025 9:17 AM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com, Oliver.Kiefer@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]
**Importance:** High

**[EXTERNAL MESSAGE NOTICE]**

You've got to be kidding me.  "Content removed as request of County of San Diego"!!!

Take it down or we will file.  You are obligated to take it down because it contains privileged information not because we forced you to do what you are legally obligated to do.

Your actions continue to exemplify why sanctions are very much appropriate.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305  |  **O** 408.606.6300  |  **F** 408.606.6333  |  **M** 408.888.3223
epappy@bwslaw.com  |  vCard  |  Bio  |  LinkedIn  |  bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Tuesday, March 18, 2025 8:29 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com; Oliver.Kiefer@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

[EXTERNAL]

Dear Beth,

We have removed the four reports you mention below from our website.  We hope you will agree to meet and confer regarding these issues; please propose a date and time that works for you.

Best, Gay

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, March 18, 2025 7:46 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com; Oliver.Kiefer@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

Take down the entire reports for Ramsey, Raney, Keller and Stewart, and any other report that contains the word "CIRB" and/or any opinion derived from a CIRB report.

If you do not take them down by the time I check in the morning, we are moving forward with the TRO and request for sanctions.  Your attempts to parse reports that contain the word "CIRB" is bad faith and further evidence of why Rule 11 sanctions should be issued.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



---

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Tuesday, March 18, 2025 7:42 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com>; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

---

[EXTERNAL]

---

We are in the process of removing the expert reports that mention the word CIRB from our website.  We do not believe this is required,  but we are doing it.  We have already deleted all CIRB documents in our possession and our experts have confirmed they did the same. We would like to meet and confer about the declaration.


Gay Crosthwait Grunfeld
Managing Partner

**Ex. D - 54**

She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, March 18, 2025 7:38 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

---

| [EXTERNAL MESSAGE NOTICE] |
|---|

Take them off your website and fill out the declaration fully, completely, and honestly.

Thank you.

**Elizabeth M. Pappy | Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



---

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Tuesday, March 18, 2025 7:36 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

[EXTERNAL]

Please explain what you want us to do.


Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile


**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, March 18, 2025 7:35 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

**Ex. D - 56**

[EXTERNAL MESSAGE NOTICE]

No.  That's not what I'm asking.  We are filing the TRO and request for monetary sanctions.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305  |  **O** 408.606.6300  |  **F** 408.606.6333  |  **M** 408.888.3223
epappy@bwslaw.com  |  vCard  |  Bio  |  LinkedIn  |  bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Tuesday, March 18, 2025 7:30 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

[EXTERNAL]

Dear Beth,

We now understand you to be requesting us to redact the word "CIRB" and any discussion of it.  This goes far beyond Greer – after all, the CIRB and its process are spelled out in public SDSO policy.

Nonetheless, we will further redact accordingly from the reports that mention CIRB. That process should be complete early tomorrow.  We will let you know the status.

We do not agree that we have "violated Greer" or refused "to comply with … ethical obligations" as you assert below. We also do not agree that motion practice is needed or that we have engaged in any sanctionable conduct.

Best, Gay

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, March 18, 2025 5:46 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

This is not the start of a meet and confer. If you simply read the areas around the redactions, you can see that the statements made by your experts are in reliance upon privileged reports which they never should have had under *Greer*. Take them down or we will seek a Court order and request sanctions. The reports are on your public

website . . . not in a sealed filing with the Court who will be asked to remove them from the record.

The declaration urgently needs to be completed because you admit you have violated *Greer*. Judge Bataglia did not give you permission to keep privileged information in the public arena.

Given your refusal to comply with your ethical obligations, we will simply move forward with a request for TRO and seek sanctions against you personally and your firm.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Tuesday, March 18, 2025 2:16 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Van Swearingen <VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>; Ben Holston <BHolston@rbgg.com>; Christopher Young <christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>; Oliver Kiefer <oliver.kiefer@dlapiper.com>; Oliver.Kiefer@us.dlapiper.com; Aaron Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel <RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>; Eric Ho <EHo@rbgg.com>
**Subject:** RE: Dunsmore v. County of San Diego: Failure to Comply with Greer Decision [IMAN-DMS.FID55015]

[EXTERNAL]

Counsel,

The day after receiving your February 27 letter, on February 28, 2025, we stated at the discovery conference that Plaintiffs deleted all CIRB reports in our possession.  We also directed all of our retained experts who received the reports to do so, and received written confirmation from them that they did so.

The expert reports have always had information from CIRB reports redacted, given that *Greer* was previously pending.  The redactions to the expert reports on the RBGG website removing information from CIRB reports are the same as those Plaintiffs filed with the January 21, 2025 sealing motion because the *Greer* decision was pending, Dkt. 797, which Defendants did not oppose.  Dkt. 811.

Please identify the specific information in the reports on the RBGG website that you believe needs to be deleted.  We will promptly review and respond.

We disagree with your statements about the applicability and breadth of *Greer*.  As Judge Battaglia noted in this case, the Ninth Circuit in *Greer* "did not make a general holding that *all* CIRB reports meet the criteria for attorney-client privilege," Dkt. 823 at 5-6. The issue of the summary judgment excerpts is pending before Judge Leshner.  There is also a pending motion for rehearing en banc in *Greer*.  Nonetheless, we have deleted the CIRB reports and complied with our obligations.

We are not aware of any authority requiring us to complete the declaration you sent with your February 27, 2025 letter.   If you continue to demand that we do so, please send us the authority you have on this issue.

Thank you, Gay Grunfeld
Attorney for the Plaintiff Class

Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Tuesday, March 18, 2025 11:18 AM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Van Swearingen
<VSwearingen@rbgg.com>; Michael Freedman <MFreedman@rbgg.com>; Eric Monek
Anderson <EMonekAnderson@rbgg.com>; Hannah Chartoff <HChartoff@rbgg.com>;
Ben Holston <BHolston@rbgg.com>; Christopher Young
<christopher.young@dlapiper.com>; Isabella Neal <isabella.neal@dlapiper.com>;
Oliver Kiefer <oliver.kiefer@dlapiper.com; Oliver.Kiefer@us.dlapiper.com; Aaron
Fischer <ajf@aaronfischerlaw.com>
**Cc:** Coleman, Susan E. <SColeman@bwslaw.com>; Rivera, Raquel
<RRivera@bwslaw.com>; Kosla, Martin <MKosla@bwslaw.com>
**Subject:** Dunsmore v. County of San Diego: Failure to Comply with Greer Decision
**Importance:** High

[EXTERNAL MESSAGE NOTICE]

Counsel,

You were notified via email on February 10, 2025 about the *Greer* decision and the
determination that at a minimum, CIRB reports themselves are privileged.  A copy of the
email is attached.

You were sent a letter and declaration to fill out on February 27, 2025. You have failed
and refused to return the declaration.

Upon reviewing the RBGG website, you are in violation of *Greer* and Professional Rule
of Conduct 4.4.  You have ignored our demands to return and/or destroy all privileged
CIRB materials and documents relying upon and/or referencing said reports.  The expert
reports of at least Raney, Keller, Ramsey and Stewart are still posted on your website
with direct quotes from privileged CIRB reports, references to privileged CIRB reports
and statements/opinions relying upon privileged CIRB reports.  The Court's ruling in
*Greer* makes clear that you and your experts should never have had the reports in the
first instance and any reliance upon, reference to or citation to such reports is against

**Ex. D - 61**

the law and a violation of your ethical obligations in allowing the information to be published.

I am now very concerned that you have failed and refused to obtain return of all such reports from media outlets and other attorneys you have distributed them to in violation of the law.

We will be seeking a restraining order against Plaintiffs' counsel for violation of, at a minimum, California Professional Rule of Conduct 4.4 for failing to identify all the distributions you have made as I requested on February 10th and as Rule 4.4 requires, and the continued maintenance of the privileged information on RBGG's website. We will likely also seek Rule 11 sanctions for the knowing and intentional nature of the conduct.

The request for a restraining order and sanctions for having to file the motion will be filed on Friday, March 21st if we do not receive all the information requested in my February 10th email and the February 27th letter and declaration by close of business March 19th.  This obviously includes removal of the improper expert reports from the RBGG website.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**Ex. D - 62**

# EXHIBIT E

| | |
|---|---|
| **From:** | Gay C. Grunfeld |
| **To:** | Elizabeth (Beth) M. Pappy (epappy@bwslaw.com); Susan E. Coleman (scoleman@bwslaw.com) |
| **Cc:** | Aaron Fischer; Young, Christopher; San Diego County Jail Team - RBGG Only |
| **Subject:** | Dunsmore v. San Diego; Proposed Agenda for Meet and Confer on March 26 [IMAN-DMS.FID55015] |
| **Date:** | Friday, March 21, 2025 5:02:58 PM |
| **Attachments:** | Agenda for Thirty-First Meet and Confer March 26 2025 - 03-21-2025 1730-01.docx |

Please see attached.  Thanks, and have a good weekend, Gay

**Gay Crosthwait Grunfeld**
Managing Partner
Pronouns: she/her
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
ggrunfeld@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at ggrunfeld@rbgg.com.

**Ex. E - 64**

**Agenda for Meet and Confer on March 26, 2025 at 9:00 a.m.**

1.    CIRB Reports and Other Document Production Issues

    a.    Plaintiffs' agenda:

        (1)    Plaintiffs' Request to Place the Further Redacted Reports Emailed to Defendants on March 20, 2025 back on their website

        (2)    Defendants' basis for asserting privilege over documents listed with bates-numbers on p. 2 of Ms. Pappy's letter of February 27, 2025 (other than SD_1030373-631).[1]

    b.    Defendants' agenda:

        (1)

---

[1] Documents with bates-numbers SD_1030373-631 are the CIRB reports which have been deleted by us and our experts.

Ex. E - 65

# EXHIBIT F

| | |
|---|---|
| **From:** | Pappy, Elizabeth M. |
| **To:** | Gay C. Grunfeld; Coleman, Susan E. |
| **Cc:** | Aaron Fischer; Young, Christopher; San Diego County Jail Team - RBGG Only |
| **Subject:** | RE: Dunsmore v. San Diego; Proposed Agenda for Meet and Confer on March 26 [IMAN-DMS.FID55015] |
| **Date:** | Monday, March 24, 2025 12:01:08 PM |

[EXTERNAL MESSAGE NOTICE]

Why do you persist in engaging in this conduct. We are not meeting and conferring on your agenda. It's not appropriate. We are required to meet and confer about the filing of a motion for reconsideration which is different than the inappropriate request you made. If you are willing to meet and confer on the Motion for Reconsideration this Wednesday and NOT on your inappropriate list, we can certainly hold it this week.

My email to you about the motion for reconsideration is the agenda. No need to waste money in this already expensive litigation as you are so prone to do.

You decide.

**Elizabeth M. Pappy | Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized person responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Monday, March 24, 2025 11:56 AM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>
**Subject:** RE: Dunsmore v. San Diego; Proposed Agenda for Meet and Confer on March 26 [IMAN-DMS.FID55015]

[EXTERNAL]

Dear Beth,

We disagree with your assertion that any of our conduct has been unethical or sanctionable in any way.  The repeated threats of Rule 11 sanctions (two emails during Sunday evening alone) only serve to make this protracted and challenging litigation more expensive.

Below you state that you will not meet and confer about the implications of Greer, yet less than 24 hours later you sent the attached request to meet and confer and invited us via zoom to a meet and confer on April 2.  We agree the parties need to meet and confer about Greer and are available either Wednesday, March 26 or April 2.  It seems from your zoom activity you prefer April 2.

Consistent with the Court's prior instructions, please include your agenda items in the attached agenda.  That will allow us to prepare for the meet and confer, which we will assume will occur April 2 at 9 a.m.


Thank you, Gay


Gay Crosthwait Grunfeld
Managing Partner
She/her
**ROSEN BIEN GALVAN & GRUNFELD LLP**
**101 Mission Street, Sixth Floor**
**San Francisco, CA 94105**
(415) 433-6830 telephone
(415) 433-7104 facsimile

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Sunday, March 23, 2025 5:15 PM
**To:** Gay C. Grunfeld <GGrunfeld@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>
**Subject:** RE: Dunsmore v. San Diego; Proposed Agenda for Meet and Confer on March 26 [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

**Ex. F - 68**

I'm sure you saw that I declined the meet and confer conference. There is no basis for such a conference at present. I understand your desire to repost privileged information on your website but trying to employ various litigation mechanisms to try to get around the law and the fact that we are waiting for a ruling from Judge Leshner is just further evidence of your bad faith conduct in violation of Rule 11. What you want and when you want it is not the determining factor here.

We expect you to abide by the Rules of Professional Conduct in all matters, including this, and demanding a meet and confer so you can turn around and request an IDC is a misuse of the litigation process and in and of itself grounds for Rule 11 sanctions.

Thank you.

---

**From:** Gay C. Grunfeld <GGrunfeld@rbgg.com>
**Sent:** Friday, March 21, 2025 5:03 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>
**Cc:** Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>
**Subject:** Dunsmore v. San Diego; Proposed Agenda for Meet and Confer on March 26 [IMAN-DMS.FID55015]

[EXTERNAL]

---

Please see attached. Thanks, and have a good weekend, Gay

**Gay Crosthwait Grunfeld**
Managing Partner
Pronouns: she/her
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830 (telephone)
(415) 433-7104 (fax)
ggrunfeld@rbgg.com

CONFIDENTIALITY NOTICE
The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at ggrunfeld@rbgg.com.

**Ex. F - 69**

# EXHIBIT G

| From: | Pappy, Elizabeth M. |
|---|---|
| To: | Gay C. Grunfeld; Aaron Fischer; Van Swearingen; Eric Monek Anderson; Hannah Chartoff; Ben Holston; Michael Freedman |
| Cc: | Coleman, Susan E.; Kosla, Martin |
| Subject: | Dunsmore v. COSD: Motion for Reconsideration Regarding CIRB Records |
| Date: | Monday, March 24, 2025 10:03:42 AM |

[EXTERNAL MESSAGE NOTICE]

Dear Counsel,

The purpose of this email is to meet and confer with you about the County's intent to file a motion under to Federal Rule of Civil Procedure 60 for the Court to reconsider its earlier discovery order [Doc. #468] related to the production of reports generated by the San Diego County Sheriff's Critical Incident Review Board ("CIRB") to Plaintiffs in this case and documents prepared specifically for the CIRB meetings ("CIRB Records"). This would include power presentations for use in CIRB meetings.

The motion for reconsideration will be made on the grounds that there has been an intervening change in the law because the Ninth Circuit in *Greer and San Diego Union Tribune, LLC v. County of San Diego*, 127 F.4th 1216 (9th Cir. 2025) recently ruled that the CIRB reports (such as the ones at issue here) are protected by the attorney-client privilege.

Based on the *Greer* decision, the County will request that the Court reconsider its ruling concerning the CIRB documents and enter the following orders:

1. Find that the CIRB Records related to the underlying incident are protected from disclosure by the attorney-client privilege;

2. Find that the CIRB Records concerning *any other* incident are also protected from disclosure by the attorney-client privilege;

3. Order opposing counsel to return and/or destroy all CIRB Records in their possession and the possession of their experts;

4. Prohibit the use or sharing of information derived from any CIRB Records;

5. Order that a declaration attesting to the destruction, and disclosing to whom the CIRB Records were provided and efforts taken to obtain return of said records; and

6. Order that all deposition transcripts and filed documents discussing information derived from CIRB records be sealed.

We would like to meet and confer with you about this prior to filing the motion. Please advise if we do not have your agreement by virtue of this email, we will notice discussion of the matter for Wednesday at 9:00 a.m. or other day this week that works for you.

Please let us know if you intend to oppose the motion or if you agree that the Ninth Circuit's *Greer* decision now applies to the County's CIRB Records in this case.

**Ex. G - 71**

**Elizabeth M. Pappy | Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



---

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**Ex. G - 72**

# EXHIBIT H

| From: | Van Swearingen |
|---|---|
| To: | "Pappy, Elizabeth M."; Coleman, Susan E.; San Diego County Jail Team - RBGG Only; Aaron Fischer; Young, Christopher |
| Subject: | RE: Dunsmore: circulated notes from 4/2 M&C |
| Date: | Wednesday, April 2, 2025 3:06:00 PM |

You keep telling us you cannot help us but you've never identified what the allegedly privileged information is despite our repeatedly asking for this information.  We are trying in good faith to understand your concerns.  It seems that your many emails are designed to harass us rather than clarify the issues.

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, April 2, 2025 3:03 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore: circulated notes from 4/2 M&C

[EXTERNAL MESSAGE NOTICE]

I can't help you at all if you don't know the basis for sanctions by now.  I've written so many emails outlining your conduct that one more isn't going to help you. It's unfortunate you don't understand your ethical obligations.  As I said today, in my 33 years, I've never seen attorneys take such a callous attitude about misusing privileged information and for no benefit to their clients.

As we've told you before, there are two of us over here and 15 or 16 of you. I told you I would be getting to the two things Eric wants and your request hopefully by end of this week.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Wednesday, April 2, 2025 2:52 PM

**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore: circulated notes from 4/2 M&C

[EXTERNAL]

Beth,

We disagree with your contention that we made "patently false statements" in the M&C notes. We encourage you to review the recording at the link below to see that your allegation is incorrect.

Please let us know the basis for your threatened sanctions. As you know, the expert reports that Plaintiffs plan to re-post on our website contain even more redactions (the same redactions plus additional redactions) as the expert reports that are attached to Plaintiffs' sealing motions which Defendants did not oppose. If Defendants did not oppose the public filing of those redacted expert reports, why do Defendants threaten sanctions for Plaintiffs posting reports with greater redactions to our website?

We have asked you repeatedly to inform us of what that you think should be redacted but has not been redacted. You have not responded. Please let us know the specific material that you think is privileged or otherwise objectionable. If you do so, we are happy to have a conversation about the material you identify.

We accepted your redlines and made additional edits as indicated in the attached redline.

Thank you,
Van

---

**From:** Pappy, Elizabeth M. <EPappy@bwslaw.com>
**Sent:** Wednesday, April 2, 2025 1:32 PM
**To:** Van Swearingen <VSwearingen@rbgg.com>; Coleman, Susan E. <SColeman@bwslaw.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** RE: Dunsmore: circulated notes from 4/2 M&C [IMAN-DMS.FID55015]

[EXTERNAL MESSAGE NOTICE]

The attached notes to the below email include patently false statements. I suggest you rethink posting the reports at noon tomorrow because it will prompt me to move forward with the request for sanctions given the continued inappropriate conduct by Ms. Grunfeld and her firm.

I have attached corrected notes stating the actual substance of the meeting and the few agreements actually reached.

**Ex. H - 75**

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305 | **O** 408.606.6300 | **F** 408.606.6333 | **M** 408.888.3223
epappy@bwslaw.com | vCard | Bio | LinkedIn | bwslaw.com



---

The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

---

**From:** Van Swearingen <VSwearingen@rbgg.com>
**Sent:** Wednesday, April 2, 2025 12:57 PM
**To:** Pappy, Elizabeth M. <EPappy@bwslaw.com>; Coleman, Susan E. <SColeman@bwslaw.com>; San Diego County Jail Team - RBGG Only <SD_CountyJailTeam@rbgg.com>; Aaron Fischer <ajf@aaronfischerlaw.com>; Young, Christopher <Christopher.Young@us.dlapiper.com>
**Subject:** Dunsmore: circulated notes from 4/2 M&C [IMAN-DMS.FID55015]

[EXTERNAL]

---

Counsel,

The video link from today's M&C is here:

https://us02web.zoom.us/rec/share/rJ3-0QQsBjZlUusyLGvnSkIse5xGkL1_HIM5YEfbJNM918OJfXccy41NY_-UbHfK.VaX9TRmvaeaIWNao
Passcode: 6!miw?Ng

The notes are attached.

Van

Van Swearingen
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, CA 94105
(415) 433-6830
VSwearingen@rbgg.com

CONFIDENTIALITY NOTICE

**Ex. H - 76**

The information contained in this e-mail message may be privileged, confidential and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you think that you have received this e-mail message in error, please e-mail the sender at rbgg@rbgg.com.

# EXHIBIT I

| | |
|---|---|
| **From:** | Pappy, Elizabeth M. |
| **To:** | efile_leshner@casd.uscourts.gov |
| **Cc:** | Coleman, Susan E.; Van Swearingen; Gay C. Grunfeld; Aaron Fischer; Oliver Kiefer; Young, Christopher; Hannah Chartoff; Eric Monek Anderson; Ben Holston; Michael Freedman |
| **Subject:** | Dunsmore v. SDSO, Case No. 3:20-cv-00406-AJB-DDL: Request for IDC regarding Motion for Reconsideration |
| **Date:** | Wednesday, April 2, 2025 4:36:50 PM |
| **Attachments:** | RE Dunsmore v. SDSO IDC regarding Motion for Reconsideration.msg |

[EXTERNAL MESSAGE NOTICE]

We represent the Defendants in *Dunsmore et al. v County of San Diego et al.*, Case No. 3:20-cv-00406-AJB-DDL. Defendants seek to file a Motion for Reconsideration of Dkt. 468 deeming CIRB Reports non-privileged. The motion is based upon the recent decision in *Greer*. Plaintiffs and Defendants met and conferred and were unable to agree to the relief sought by Defendants and we would like to request a conference with the Court pursuant to Chambers Rule III(C). Please see below for additional information as required under the Rule.

### (1) Proposed times mutually agreed upon by the parties for the court:

April 3, 2025: 12:30 p.m. to follow Mandatory Settlement Conference.
April 7: 12:00 p.m. through 5:00 p.m.

If the above times do not work for the Court, please let us know, and the parties will propose additional mutually agreed upon dates and times.

### (2) Neutral statement of the disputes

Defendants and Plaintiffs have a dispute about Defendants' intended Motion for Reconsideration of the Court's ruling on whether the CIRB reports and Dr. Montgomery powerpoints prepared for CIRB meetings are privileged under *Greer* and whether the Court's ruling at (Dkt. 468) and whether it should be reversed, as well as whether the PowerPoint presentations prepared by Dr. Montgomery for CIRB meetings are privileged under *Greer*.

### (3) One sentence describing each party's position

**Ex. H - 79**

Defendants' position:  Defendants wish to file a Motion for Reconsideration of the Court's ruling on whether the CIRB reports are privileged under *Greer,* and a ruling that Dr. Montgomery's powerpoints prepared for CIRB meetings are privileged under *Greer* and Defendants contend that both are privileged based upon *Greer.*

Plaintiffs' position:  Defendants' motion is untimely given that the Ninth Circuit's *Greer* decision was issued on February 10, Dr. Montgomery's PowerPoint presentations are prepared for "open" CIRB meetings and are not privileged, Plaintiffs do not concede that all CIRB reports produced by Defendants are privileged—Judge Battaglia already informed the parties that "the Ninth Circuit did not make a general holding that *all* CIRB reports meet the criteria for attorney-client privilege" (Dkt. 823 at 5-6) (emphasis in original)—and the appellees in *Greer* filed a petition for rehearing en banc on March 17, which remains pending.

**Elizabeth M. Pappy** | **Partner**
*she, her, hers*

**Burke, Williams & Sorensen, LLP**
60 South Market Street - Suite 1000, San Jose, CA 95113
**D** 408.606.6305  |  **O** 408.606.6300  |  **F** 408.606.6333  |  **M** 408.888.3223
epappy@bwslaw.com  |  vCard  |  Bio  |  LinkedIn  |  bwslaw.com



The information contained in this e-mail message is intended only for the CONFIDENTIAL use of the designated addressee named above. The information transmitted is subject to the attorney-client privilege and/or represents confidential attorney work product. Recipients should not file copies of this email with publicly accessible records. If you are not the designated addressee named above or the authorized agent responsible for delivering it to the designated addressee, you received this document through inadvertent error and any further review, dissemination, distribution or copying of this communication by you or anyone else is strictly prohibited. IF YOU RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONING THE SENDER NAMED ABOVE AT 800.333.4297. Thank you.

**Ex. H - 80**

# EXHIBIT J

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 23-55607 | **Docketed:** 07/11/2023 |
| **Nature of Suit:** 3550 Prisoner-Civil Rights | **Termed:** 02/10/2025 |
| Frankie Greer v. County of San Diego, et al | |
| **Appeal From:** U.S. District Court for Southern California, San Diego | |
| **Fee Status:** Paid | |

**Case Type Information:**
    **1)** prisoner
    **2)** state
    **3)** civil rights

---

| | |
|---|---|
| SAN DIEGO UNION TRIBUNE, LLC<br>        Intervenor - Appellee, | Timothy G. Blood, Esquire, Attorney<br>Direct: 619-338-1100<br>Email: tblood@bholaw.com<br>Fax: 619-338-1101<br>[COR LD NTC Retained]<br>Blood Hurst & O'Reardon, LLP<br>501 West Broadway<br>Suite 1490<br>San Diego, CA 92101<br><br>James Davis<br>Direct: 619-338-1100<br>Email: jdavis@bholaw.com<br>[COR NTC Retained]<br>Blood Hurst & O'Reardon, LLP<br>501 West Broadway<br>Suite 1490<br>San Diego, CA 92101 |
| PRISON LEGAL NEWS<br>        Intervenor - Appellee, | Timothy G. Blood, Esquire, Attorney<br>Direct: 619-338-1100<br>[COR LD NTC Retained]<br>(see above)<br><br>James Davis<br>Direct: 619-338-1100<br>[COR NTC Retained]<br>(see above) |
| VOICE OF SAN DIEGO<br>        Intervenor - Appellee, | Timothy G. Blood, Esquire, Attorney<br>Direct: 619-338-1100<br>[COR LD NTC Retained]<br>(see above)<br><br>James Davis<br>Direct: 619-338-1100<br>[COR NTC Retained]<br>(see above) |
| WILLIAM GORE, Sheriff<br>        Defendant, | |
| COUNTY OF SAN DIEGO<br>        Defendant - Appellant, | Steven E. Boehmer, Attorney<br>Direct: 619-440-4444<br>Email: sboehmer@mcdougallawfirm.com<br>Fax: 619-440-4907<br>[COR LD NTC Retained]<br>McDougal Boehmer Foley Lyon Mitchell & Erickson<br>8100 La Mesa Boulevard<br>Suite 200<br>La Mesa, CA 91942<br><br>Jeffrey P. Michalowski, Attorney<br>Direct: 619-237-5200 |

**Ex. J - 82**

Email: jeff.michalowski@quarles.com
[COR LD NTC Retained]
Quarles & Brady, LLP
101 W Broadway
Suite 1500
San Diego, CA 92101

Carrie Lynn Mitchell, Attorney
Direct: 619-440-4444
Email: cmitchell@mcdougallove.com
Fax: 619-440-4907
[COR LD NTC Retained]
McDougal Boehmer Foley Lyon Mitchell & Erickson
8100 La Mesa Boulevard
Suite 200
La Mesa, CA 91942

Eric Maxwell Fox, Esquire
Direct: 858-230-8691
Email: eric.fox@ogletree.com
[COR NTC Retained]
Ogletree, Deakins, Nash, Smoak & Stewart, PC
4660 La Jolla Village Drive
Suite 900
San Diego, CA 92122

ALFRED JOSHUA, M.D.
      Defendant,

BARBARA LEE
      Defendant,

MACY GERMONO
      Defendant,

FRANCISCO BRAVO
      Defendant,

CHRISTOPHER SIMMS
      Defendant,

MICHAEL CAMPOS
      Defendant,

-----------------------------

THE APPEAL
      Amicus Curiae,

Jaqueline Aranda Osorno
Direct: 202-221-8495
Email: jaosorno@publicjustice.net
[COR LD NTC Retained]
Public Justice, PC
1620 L Street, NW
Suite 630
Washington, DC 20036

FRANKIE GREER, PALOMA SERNA, MICHAEL SERNA,
S.H.MARILYN MORTON, DEAN MORTON, LINNEA MORTON,
NORTH COUNTY EQUITY AND JUSTICE COALITION, RACIAL
JUSTICE COALITION OF SAN DIEGO, JOBS2JUSTICE
COALITION, LAW ENFORCEMENT ACTION PARTNERSHIP,
SAVING LIVES IN CUSTODY CALIFORNIA,ACLU OF
SOURTHERN CALIFORNIA, DIGNITY AND POWER NOW, CARE
FIRST CALIFORNIA COALITION, AND THE CARE FIRST KERN
COALITION
      Amicus Curiae - Pending,

Grace Jun
Direct: 310-709-4012
Email: grace@gracejunlaw.com
[LD NTC Retained]
Law Office of Grace Jun
501 W Broadway
Suite 1480
San Diego, CA 92101

Peter Bibring, Esquire
Direct: 213-471-2022
Email: peter@bibringlaw.com
[COR NTC Retained]
Law Office of Peter Bibring
2140 W Sunset Boulvard

**Ex. J - 83**

Los Angeles, CA 90026

| | |
|---|---|
| CALIFORNIANS AWARE | Jaqueline Aranda Osorno |
|     Amicus Curiae, | Direct: 202-221-8495 |
| | [COR LD NTC Retained] |
| | (see above) |

FIRST AMENDMENT COALITION            Jaqueline Aranda Osorno
    Amicus Curiae,                    Direct: 202-221-8495
                                           [COR LD NTC Retained]
                                           (see above)

FREEDOM OF THE PRESS FOUNDATION     Jaqueline Aranda Osorno
    Amicus Curiae,                    Direct: 202-221-8495
                                           [COR LD NTC Retained]
                                           (see above)

PUBLIC JUSTICE                                 Jaqueline Aranda Osorno
    Amicus Curiae,                    Direct: 202-221-8495
                                           [COR LD NTC Retained]
                                           (see above)

SOCIETY OF PROFESSIONAL JOURNALISTS    Jaqueline Aranda Osorno
    Amicus Curiae,                    Direct: 202-221-8495
                                           [COR LD NTC Retained]
                                           (see above)

WASHINGTON COALITION FOR OPEN GOVERNMENT   Jaqueline Aranda Osorno
    Amicus Curiae,                    Direct: 202-221-8495
                                           [COR LD NTC Retained]
                                           (see above)

FRANKIE GREER, PALOMA SERNA, MICHAEL SERNA,
S.H.MARILYN MORTON, DEAN MORTON, LINNEA MORTON,
NORTH COUNTY EQUITY AND JUSTICE COALITION, RACIAL
JUSTICE COALITION OF SAN DIEGO, JOBS2JUSTICE
COALITION, LAW ENFORCEMENT ACTION PARTNERSHIP,
SAVING LIVES IN CUSTODY CALIFORNIA,A
    Amicus Curiae,

Ex. J - 84

FRANKIE GREER,

        Plaintiff,

  and

SAN DIEGO UNION TRIBUNE, LLC; PRISON LEGAL NEWS; VOICE OF SAN DIEGO,

        Intervenors - Appellees,

  v.

COUNTY OF SAN DIEGO,

        Defendant - Appellant,

WILLIAM GORE, Sheriff; ALFRED JOSHUA, M.D.; BARBARA LEE; MACY GERMONO; FRANCISCO BRAVO; CHRISTOPHER SIMMS; MICHAEL CAMPOS,

        Defendants.

| 07/11/2023 | ☐ 1<br>30 pg, 1.76 MB | DOCKETED CAUSE AND ENTERED APPEARANCES OF COUNSEL. SEND MQ: Yes. The schedule is set as follows: Appellants Francisco Bravo, Michael Campos, County of San Diego, Macy Germono, William Gore, Alfred Joshua, Barbara Lee and Christopher Simms Mediation Questionnaire due on 07/18/2023. Transcript ordered by 08/10/2023. Transcript due 09/11/2023. Appellants Francisco Bravo, Michael Campos, County of San Diego, Macy Germono, William Gore, Alfred Joshua, Barbara Lee and Christopher Simms opening brief due 10/18/2023. Appellees Frankie Greer, Prison Legal News, San Diego Union Tribune, LLC and Voice of San Diego answering brief due 11/20/2023. Appellant's optional reply brief is due 21 days after service of the answering brief. [12752930] (RT) [Entered: 07/11/2023 12:59 PM] |
| 07/11/2023 | ☐ 2<br>693 pg, 102.52 MB | Filed (ECF) Appellant County of San Diego EMERGENCY Motion to stay lower court action. Date of service: 07/11/2023. [12753317] [23-55607] (Michalowski, Jeffrey) [Entered: 07/11/2023 05:29 PM] |
| 07/11/2023 | ☐ 3<br>1 pg, 56.67 KB | Filed clerk order (Deputy Clerk: MCD): The court has received appellants' motion for a stay of the district court's order unsealing documents. Any responses are due July 12, 2023, by 3:00 p.m. Pacific Time. The optional reply is due July 12, 2023, by 7:00 p.m. Pacific Time. [12753340] (SAM) [Entered: 07/11/2023 08:01 PM] |
| 07/12/2023 | ☐ 4<br>37 pg, 1.41 MB | Filed (ECF) Appellees Prison Legal News, Voice of San Diego and San Diego Union Tribune, LLC response to motion ([2] Motion (ECF Filing), [2] Motion (ECF Filing)). Date of service: 07/12/2023. [12753998] [23-55607] (Blood, Timothy) [Entered: 07/12/2023 03:00 PM] |
| 07/12/2023 | ☐ 5<br>10 pg, 158.02 KB | Filed (ECF) Appellant County of San Diego reply to response (motion to stay lower court action). Date of service: 07/12/2023. [12754182] [23-55607] (Michalowski, Jeffrey) [Entered: 07/12/2023 06:57 PM] |
| 07/12/2023 | ☐ 6<br>1 pg, 138.31 KB | Filed order (SANDRA S. IKUTA and DANIEL P. COLLINS) The motion to stay the district court's July 11, 2023 order unsealing documents (Docket Entry No. [2]) is granted. See Nken v. Holder, 556 U.S. 418, 434 (2009) (defining standard for stay pending appeal). The existing briefing schedule remains in effect. The Clerk will serve a copy of this order on the district court and District Judge Ohta. [12754185] (SVG) [Entered: 07/12/2023 07:33 PM] |
| 07/13/2023 | ☐ 7 | Filed (ECF) notice of appearance of James M. Davis (Blood Hurst & O'Reardon LLP, 501 West Broadway, Suite 1490, San Diego, CA 92101) for Appellees Voice of San Diego, Prison Legal News and San Diego Union Tribune, LLC. Date of service: 07/13/2023. (Party was previously proceeding with counsel.) [12754466] [23-55607] (Davis, James) [Entered: 07/13/2023 10:24 AM] |
| 07/13/2023 | ☐ 8 | Added Attorney(s) James Davis for party(s) Appellee San Diego Union Tribune, LLC Appellee Voice of San Diego Appellee Prison Legal News, in case 23-55607. [12754473] (NAC) [Entered: 07/13/2023 10:30 AM] |
| 07/18/2023 | ☐ 9<br>2 pg, 134 KB | Filed (ECF) Appellant County of San Diego Mediation Questionnaire. Date of service: 07/18/2023. [12757627] [23-55607] (Michalowski, Jeffrey) [Entered: 07/18/2023 05:08 PM] |
| 07/18/2023 | ☐ 10 | The Mediation Questionnaire for this case was filed on 07/18/2023.<br>To submit pertinent **confidential** information directly to the Circuit Mediators, please use the following **link**.<br>Confidential submissions may include any information relevant to mediation of the case and settlement potential, including, but not limited to, settlement history, ongoing or potential settlement discussions, non-litigated party related issues, other pending actions, and timing considerations that may impact mediation efforts.[12757669]. [23-55607] (AD) [Entered: 07/18/2023 06:44 PM] |
| 10/04/2023 | ☐ 11 | Filed (ECF) Streamlined request for extension of time to file Opening Brief by Appellant County of San Diego. New requested due date is 11/17/2023. [12804395] [23-55607] (Michalowski, Jeffrey) [Entered: 10/04/2023 01:08 PM] |
| 10/04/2023 | ☐ 12 | **Streamlined request [11] by Appellant County of San Diego to extend time to file the brief is approved. Amended briefing schedule: Appellant County of San Diego opening brief due 11/17/2023. Appellees Prison Legal News, San Diego Union Tribune, LLC and Voice of San Diego answering brief due 12/18/2023. The optional reply brief is due 21 days from the date of service of the answering brief.** [12804802] (DLM) [Entered: 10/04/2023 04:20 PM] |
| 11/16/2023 | ☐ 13 | Filed (ECF) notice of appearance of Eric M. Fox (Quarles & Brady LLP, 101 West Broadway, Suite 900, San Diego, CA 92101) for Appellant County of San Diego. Date of service: 11/16/2023. (Party was previously proceeding with counsel.) [12825037] [23-55607] (Fox, Eric) [Entered: 11/16/2023 11:44 AM] |
| 11/16/2023 | ☐ 14 | Added Attorney(s) Eric Maxwell Fox for party(s) Appellant County of San Diego, in case 23-55607. [12825048] (QDL) [Entered: 11/16/2023 11:52 AM] |
| 11/17/2023 | ☐ 15<br>65 pg, 399.97 KB | Submitted (ECF) Opening Brief for review. Submitted by Appellant County of San Diego. Date of service: 11/17/2023. [12826103] [23-55607]--[COURT UPDATE: Attached corrected PDF. 11/22/2023 by LA] (Michalowski, Jeffrey) [Entered: 11/17/2023 07:05 PM] |

**Ex. J - 86**

| 11/17/2023 | ☐ 16 | Submitted (ECF) excerpts of record. Submitted by Appellant County of San Diego. Date of service: 11/17/2023. [12826104] [23-55607]--[COURT UPDATE: Attached corrected excerpts, updated docket text to correct excerpts type. 11/22/2023 by LA] (Michalowski, Jeffrey) [Entered: 11/17/2023 07:32 PM] |
| | 611 pg, 22.32 MB | |
| 11/17/2023 | ☐ 17 | Filed (ECF) UNDER SEAL Appellant County of San Diego motion to file document under seal and submit sealed document. Type of document: excerpts of record. Date of service: 11/17/2023. [12826105] [23-55607]--[COURT UPDATE: Attached corrected PDFs. 11/22/2023 by LA] (Michalowski, Jeffrey) [Entered: 11/17/2023 07:40 PM] |
| 11/21/2023 | ☐ 18 | Filed (ECF) Appellant County of San Diego Motion to take judicial notice of 1) Court orders in two Southern District of California cases addressing CIRB discovery disputes; 2) Eight civil docket reports from the Southern District of California in cases that involved CIRB reports.. Date of service: 11/21/2023. [12827574] [23-55607] (Michalowski, Jeffrey) [Entered: 11/21/2023 03:46 PM] |
| | 242 pg, 1.65 MB | |
| 12/08/2023 | ☐ 19 | Filed (ECF) Appellees Prison Legal News, San Diego Union Tribune, LLC and Voice of San Diego Unopposed Motion to extend time to file Answering brief until 02/16/2024. Date of service: 12/08/2023. [12835046] [23-55607] (Blood, Timothy) [Entered: 12/08/2023 11:22 AM] |
| | 4 pg, 150.98 KB | |
| 12/19/2023 | ☐ 20 | Filed Appellant County of San Diego motion to file the opening brief and Volumes 5 and 6 of the excerpts of record UNDER SEAL. Deficiencies: None. Served on 11/17/2023. (Court-entered filing of motion submitted under seal at [17]) [12839713] (AF) [Entered: 12/19/2023 04:19 PM] |
| | 5 pg, 167.61 KB | |
| 12/19/2023 | ☐ 21 | Filed order (Appellate Commissioner): Appellant's motion (Docket Entry No. [17]) to file under seal the opening brief and Volumes 5 and 6 of the excerpts of record, and appellant's motion (Docket Entry No. [18]) for judicial notice, are referred to the merits panel. The Clerk will file publicly the motion to seal (Docket Entry No. [17]-1), the redacted opening brief (Docket Entry No. [15]), and Volumes 1 through 4 of the excerpts of record (Docket Entry No. [16]). The Clerk will file under provisional seal the opening brief (Docket Entry No. [17]-2) and Volumes 5 and 6 of the excerpts of record (Docket Entry Nos. [17]-3, [17]-4). Appellees' unopposed motion (Docket Entry No. [19]) for an extension of time to file the answering brief is granted. The answering brief is due February 16, 2024. The optional reply brief is due within 21 days after service of the answering brief. [12839716] (AF) [Entered: 12/19/2023 04:22 PM] |
| | 2 pg, 106.42 KB | |
| 12/19/2023 | ☐ 22 | Submitted (ECF) UNDER SEAL unredacted Opening Brief for review. Submitted by Appellant County of San Diego. Date of service: 11/17/2023. (Court-entered filing, brief originally submitted in [17].) [12839718] (AF) [Entered: 12/19/2023 04:23 PM] |
| 12/19/2023 | ☐ 23 | Submitted (ECF) UNDER SEAL excerpts of record Volumes 5 and 6. Submitted by Appellant County of San Diego. Date of service: 11/17/2023. (Court-entered filing, excerpts of record originally submitted in [17].) [12839720] (AF) [Entered: 12/19/2023 04:24 PM] |
| 12/19/2023 | ☐ 24 | Filed clerk order: The opening brief [22] submitted by County of San Diego is filed provisionally UNDER SEAL. Within 7 days of the filing of this order, filer is ordered to file 6 copies of the brief in paper format, accompanied by certification (attached to the end of each copy of the brief) that the brief is identical to the version submitted electronically. Cover color: blue. The excerpts of record [16], [23] submitted by County of San Diego are filed. Volumes 5 and 6 are filed provisionally UNDER SEAL Within 7 days of this order, filer is ordered to file 3 copies of the excerpts in paper format securely bound on the left side, with white covers. The paper copies shall be submitted to the principal office of the Clerk. [12839777] (LA) [Entered: 12/19/2023 04:56 PM] |
| | 2 pg, 96.19 KB | |
| 12/19/2023 | ☐ 25 | Filed clerk order: The redacted opening brief [15] submitted by County of San Diego is filed. No paper copies of the redacted brief are required at this time. [12839780] (LA) [Entered: 12/19/2023 05:00 PM] |
| | 1 pg, 90.57 KB | |
| 12/26/2023 | ☐ 26 | Received 6 paper copies of Opening Brief [22] filed by County of San Diego is provisionally UNDER SEAL. [12841945] (NAR) [Entered: 12/27/2023 12:16 PM] |
| 01/02/2024 | ☐ 27 | Received 3 paper copies of excerpts of record [16], [23] in 6 volume(s) and index volume filed by County of San Diego. Volumes 5 and 6 filed provisionally UNDER SEAL. [12844281] (CPA) [Entered: 01/04/2024 11:33 AM] |
| 01/23/2024 | ☐ 28 | Filed (ECF) notice of appearance of James M. Davis (Blood Hurst & O'Reardon, LLP, 501 West Broadway, Suite 1490, San Diego, CA 92101) for Appellees Prison Legal News, Voice of San Diego and San Diego Union Tribune, LLC. Date of service: 01/23/2024. (Party was previously proceeding with counsel.) [12851681] [23-55607] (Davis, James) [Entered: 01/23/2024 04:02 PM] |
| 01/23/2024 | ☐ 29 | Added Attorney(s) James Davis for party(s) Appellee San Diego Union Tribune, LLC Appellee Voice of San Diego Appellee Prison Legal News, in case 23-55607. [12851698] (QDL) [Entered: 01/23/2024 04:08 PM] |
| 02/01/2024 | ☐ 30 | Filed (ECF) Appellees Prison Legal News, San Diego Union Tribune, LLC and Voice of San Diego Motion to dismiss for lack of jurisdiction. Date of service: 02/01/2024. [12855571] [23-55607] (Blood, Timothy) [Entered: 02/01/2024 04:45 PM] |
| | 73 pg, 2.24 MB | |
| 02/02/2024 | ☐ 31 | Filed (ECF) Appellant County of San Diego Motion to extend time to file opposition until 02/29/2024. Date of service: 02/02/2024. [12856000] [23-55607] (Michalowski, Jeffrey) [Entered: 02/02/2024 05:22 PM] |
| | 2 pg, 281.84 KB | |

**Ex. J - 87**

| 02/15/2024 | ☐ 32<br>1 pg, 99.75 KB | Filed clerk order (Deputy Clerk: MCD). The unopposed motion for an extension of time to file a response to the motion to dismiss (Docket Entry No. [31]) is granted. The response is due February 29, 2024. [12860587] (AF) [Entered: 02/15/2024 05:18 PM] |
|---|---|---|
| 02/16/2024 | ☐ 33<br>68 pg, 413.36 KB | Submitted (ECF) Answering Brief for review. Submitted by Appellees San Diego Union Tribune, LLC, Prison Legal News and Voice of San Diego. Date of service: 02/16/2024. [12860989] [23-55607 (Blood, Timothy) [Entered: 02/16/2024 04:09 PM] |
| 02/16/2024 | ☐ 34<br>85 pg, 2.79 MB | Submitted (ECF) supplemental excerpts of record. Submitted by Appellees Prison Legal News, San Diego Union Tribune, LLC and Voice of San Diego. Date of service: 02/16/2024. [12860998] [23-55607] (Blood, Timothy) [Entered: 02/16/2024 04:14 PM] |
| 02/16/2024 | ☐ 35<br>142 pg, 10.56 MB | Filed (ECF) Appellees Prison Legal News, San Diego Union Tribune, LLC and Voice of San Diego Motion to take judicial notice of public records and government documents. Date of service: 02/16/2024. [12861015] [23-55607] (Blood, Timothy) [Entered: 02/16/2024 04:21 PM] |
| 02/23/2024 | ☐ 36<br>27 pg, 1 MB | Submitted (ECF) Amicus brief for review (by government or with consent per FRAP 29(a)). Submitted by The Appeal, Californians Aware, First Amendment Coalition, Freedom of the Press Foundation, Public Justice, Society of Professional Journalists, Washington Coalition for Open Government. Date of service: 02/23/2024. [12862766] [23-55607] (Aranda Osorno, Jaqueline) [Entered: 02/23/2024 08:34 PM] |
| 02/26/2024 | ☐ 37 | Entered appearance of Amici Curiae The Appeal, Californians Aware, First Amendment Coalition, Freedom of the Press Foundation, Public Justice, Society of Professional Journalists, and Washington Coalition for Open Government. [12863235] (LA) [Entered: 02/26/2024 04:57 PM] |
| 02/29/2024 | ☐ 38<br>3 pg, 261.08 KB | Filed (ECF) Appellant County of San Diego Motion to extend time to file Answering brief until 03/18/2024. Date of service: 02/29/2024. [12864267] [23-55607] (Michalowski, Jeffrey) [Entered: 02/29/2024 11:34 AM] |
| 02/29/2024 | ☐ 39<br>307 pg, 9.35 MB | Filed (ECF) Appellant County of San Diego response opposing motion ([30] Motion (ECF Filing), [30] Motion (ECF Filing)). Date of service: 02/29/2024. [12864430] [23-55607] (Michalowski, Jeffrey) [Entered: 02/29/2024 03:34 PM] |
| 03/07/2024 | ☐ 40<br>21 pg, 236.75 KB | Filed (ECF) Appellees Prison Legal News, San Diego Union Tribune, LLC and Voice of San Diego reply to response (). Date of service: 03/07/2024. [12867316] [23-55607] (Blood, Timothy) [Entered: 03/07/2024 04:15 PM] |
| 03/07/2024 | ☐ 41<br>1 pg, 122.47 KB | Filed clerk order (Deputy Clerk: MCD): The motion for an extension of time to file a reply brief (Docket Entry No. [38]) is denied as unnecessary. Briefing is stayed. See 9th Cir. R. 27-11. [12867373] (AF) [Entered: 03/07/2024 04:59 PM] |
| 03/11/2024 | ☐ 42 | This case is being considered for an upcoming oral argument calendar in Pasadena<br><br>Please review the Pasadena sitting dates for July 2024 and the subsequent month in that location at http://www.ca9.uscourts.gov/court_sessions. Absent an irreconcilable conflict, the court expects you to appear and argue your case during one of these two months. If you have an irreconcilable conflict on any of the dates, please consult with opposing counsel to propose an alternate date and/or location and file Form 32 **within 3 business days of this notice** using the CM/ECF filing type **Response to Case Being Considered for Oral Argument**. Please follow the form's instructions carefully.<br><br>If the parties wish to discuss settlement before an argument date is set, they should jointly request referral to the mediation unit by filing a letter **within 3 business days of this notice**, using CM/ECF (**Type of Document**: Correspondence to Court; **Subject**: request for mediation).<br><br>You will receive notice that your case has been assigned to a calendar approximately 10 weeks before the scheduled oral argument date.[12867930]. [23-55607] (KS) [Entered: 03/11/2024 10:21 AM] |
| 03/11/2024 | ☐ 43<br>1 pg, 142.41 KB | Filed (ECF) Attorney Mr. James Davis for Appellees Prison Legal News, San Diego Union Tribune, LLC and Voice of San Diego response to notice for case being considered for oral argument. Date of service: 03/11/2024. [12868150] [23-55607] (Davis, James) [Entered: 03/11/2024 02:53 PM] |
| 03/14/2024 | ☐ 44<br>1 pg, 201.64 KB | Filed (ECF) Attorney Jeffrey P. Michalowski for Appellant County of San Diego response to notice for case being considered for oral argument. Date of service: 03/14/2024. [12869369] [23-55607] (Michalowski, Jeffrey) [Entered: 03/14/2024 03:41 PM] |
| 03/27/2024 | ☐ 45<br>2 pg, 139.21 KB | Filed order (MICHELLE T. FRIEDLAND, LAWRENCE VANDYKE and SALVADOR MENDOZA, JR.) The motion to dismiss this appeal (Docket Entry No. [30]) is denied without prejudice to the merits panel's consideration of the jurisdictional arguments. See Nat'l Indus. v. Republic Nat'l Life Ins. Co., 677 F.2d 1258, 1262 (9th Cir. 1982). The Clerk will file the answering brief and supplemental excerpts of record (Docket Entry Nos. [33] and [34]). The Clerk will also file the amicus brief submitted by The Appeal, Californians Aware, First Amendment Coalition, Freedom of the Press Foundation, Public Justice, Society of Professional Journalists, and Washington Coalition for Open Government (Docket Entry No. [36]). The reply brief is now due April 22, 2024 [12872714] (ABT) [Entered: 03/27/2024 10:07 AM] |

**Ex. J - 88**

| 03/27/2024 | ☐ 46 | Filed clerk order: The answering brief [33] submitted by appellees is filed. Within 7 days of the filing of this order, filer is ordered to file 6 copies of the brief in paper format, accompanied by certification (attached to the end of each copy of the brief) that the brief is identical to the version submitted electronically. Cover color: red. The supplemental excerpts of record [34] submitted by appellees are filed. Within 7 days of this order, filer is ordered to file 3 copies of the excerpts in paper format securely bound on the left side, with white covers. The paper copies shall be submitted to the principal office of the Clerk. [12872746] (LA) [Entered: 03/27/2024 11:18 AM] |
| | 2 pg, 95.46 KB | |
| 03/27/2024 | ☐ 47 | Filed clerk order: The amicus brief [36] submitted by The Appeal, Californians Aware, First Amendment Coalition, Freedom of the Press Foundation, Public Justice, Society of Professional Journalists, and Washington Coalition for Open Government is filed. Within 7 days of the filing of this order, filer is ordered to file 6 copies of the brief in paper format, accompanied by certification (attached to the end of each copy of the brief) that the brief is identical to the version submitted electronically. Cover color: green. The paper copies shall be submitted to the principal office of the Clerk. [12872755] (LA) [Entered: 03/27/2024 11:27 AM] |
| | 2 pg, 95.36 KB | |
| 04/01/2024 | ☐ 48 | Received 6 paper copies of Answering Brief [33] filed by appellees. [12874060] (NAR) [Entered: 04/01/2024 03:04 PM] |
| 04/01/2024 | ☐ 49 | Received 3 paper copies of supplemental excerpts of record [34] in 1 volume(s) filed by appellees. [12874063] (NAR) [Entered: 04/01/2024 03:05 PM] |
| 04/02/2024 | ☐ 50 | Received 6 paper copies of Amicus Brief [36] filed by The Appeal, Californians Aware, First Amendment Coalition, Freedom of the Press Foundation, Public Justice, Society of Professional Journalists, and Washington Coalition for Open Government . [12874398] (NAR) [Entered: 04/02/2024 02:14 PM] |
| 04/15/2024 | ☐ 51 | Filed (ECF) Appellant County of San Diego Motion to extend time to file Reply brief until 05/20/2024. Date of service: 04/15/2024. [12877500] [23-55607] (Michalowski, Jeffrey) [Entered: 04/15/2024 03:01 PM] |
| | 4 pg, 246.06 KB | |
| 04/19/2024 | ☐ 52 | Filed clerk order (Deputy Clerk: MCD): Appellant's unopposed motion (Docket Entry No. [51]) for an extension of time to file the reply brief is granted. The optional reply brief is due May 20, 2024. [12878491] (AF) [Entered: 04/19/2024 11:10 AM] |
| | 1 pg, 102.08 KB | |
| 04/23/2024 | ☐ 53 | This case is being considered for an upcoming oral argument calendar in San Francisco

Please review the San Francisco sitting dates for August 2024 and the subsequent month in that location at http://www.ca9.uscourts.gov/court_sessions. Absent an irreconcilable conflict, the court expects you to appear and argue your case during one of these two months. If you have an irreconcilable conflict on any of the dates, please consult with opposing counsel to propose an alternate date and/or location and file Form 32 within 3 business days of this notice using the CM/ECF filing type Response to Case Being Considered for Oral Argument. Please follow the form's instructions carefully.

If the parties wish to discuss settlement before an argument date is set, they should jointly request referral to the mediation unit by filing a letter within 3 business days of this notice, using CM/ECF (Type of Document: Correspondence to Court; Subject: request for mediation).

You will receive notice that your case has been assigned to a calendar approximately 10 weeks before the scheduled oral argument date.[12879317]. [23-55607] (KS) [Entered: 04/23/2024 10:21 AM] |
| 04/29/2024 | ☐ 54 | Filed (ECF) Attorney Jeffrey P. Michalowski for Appellant County of San Diego response to notice for case being considered for oral argument. Date of service: 04/29/2024. [12881088] [23-55607]--[COURT UPDATE: Attached corrected PDF. 04/29/2024 by SLM] (Michalowski, Jeffrey) [Entered: 04/29/2024 12:01 PM] |
| | 1 pg, 200.14 KB | |
| 05/17/2024 | ☐ 55 | Filed (ECF) Appellant County of San Diego Motion to extend time to file Reply brief until 05/23/2024. Date of service: 05/17/2024. [12885506] [23-55607] (Michalowski, Jeffrey) [Entered: 05/17/2024 09:23 AM] |
| | 2 pg, 163.85 KB | |
| 05/21/2024 | ☐ 56 | Filed clerk order (Deputy Clerk: MCD): Appellant's unopposed motion for an extension of time to file a Reply Brief, Docket No. [55], is GRANTED. [12886387] (WL) [Entered: 05/21/2024 04:18 PM] |
| | 1 pg, 31.97 KB | |
| 05/23/2024 | ☐ 57 | Submitted (ECF) Reply Brief for review. Submitted by Appellant County of San Diego. Date of service: 05/23/2024. [12887017] [23-55607]--[COURT UPDATE: Removed excerpts (resubmitted correctly at entry [58]). 05/24/2024 by LA] (Michalowski, Jeffrey) [Entered: 05/23/2024 04:50 PM] |
| | 44 pg, 263.64 KB | |
| 05/23/2024 | ☐ 58 | Submitted (ECF) further excerpts of record. Submitted by Appellant County of San Diego. Date of service: 05/23/2024. [12887136]--[COURT ENTERED FILING to correct entry [57].] (LA) [Entered: 05/24/2024 10:17 AM] |
| | 28 pg, 1.25 MB | |
| 05/24/2024 | ☐ 59 | Filed clerk order: The reply brief [57] submitted by County of San Diego is filed. Within 7 days of this order, filer is ordered to file 6 copies of the brief in paper format, accompanied by certification (attached to the end of each copy of the brief) that the brief is identical to the version submitted electronically. Cover color: gray. The further excerpts of record [58] submitted by County of San Diego are filed. Within 7 days of this order, filer is ordered to file 3 copies of the excerpts in paper format securely |
| | 2 pg, 95.56 KB | |

Ex. J - 89

|  |  |  | bound on the left side, with white covers. The paper copies shall be submitted to the principal office of the Clerk. [12887140] (LA) [Entered: 05/24/2024 10:19 AM] |
|---|---|---|---|
| 05/30/2024 | ☐ | 60 | Received 6 paper copies of Reply Brief [57] filed by County of San Diego. (sent to panel) [12888266] (NAR) [Entered: 05/30/2024 12:20 PM] |
| 05/30/2024 | ☐ | 61 | Received 3 paper copies of further excerpts of record [58] in 1 volume(s) filed by County of San Diego. (sent to panel) [12888267] (NAR) [Entered: 05/30/2024 12:21 PM] |
| 05/31/2024 | ☐ | 62<br>1 pg, 100.94 KB | Filed clerk order (Deputy Clerk: MCD): Appellant's unopposed motion to file under seal the unredacted opening brief and volumes 5 and 6 of the excerpts of record (Docket Nos. [17] and [20]) is GRANTED. [12888693] (AF) [Entered: 05/31/2024 04:51 PM] |
| 06/02/2024 | ☐ | 63 | Notice of Oral Argument on Wednesday, August 14, 2024 - 09:00 A.M. - Courtroom 1 - Scheduled Location: San Francisco CA.<br>The hearing time is the local time zone at the scheduled hearing location.<br><br>View the Oral Argument Calendar for your case **here**.<br><br>NOTE: Although your case is currently scheduled for oral argument, the panel may decide to submit the case on the briefs instead. *See* Fed. R. App. P. 34. Absent further order of the court, if the court does determine that oral argument is required in this case, you are expected to appear in person at the Courthouse. If an in person appearance would pose a hardship, you must file a motion for permission to appear remotely by video, using the CM/ECF filing event "Motion for any relief (other than reconsideration or to seal)" and selecting the appropriate relief. Such a motion must be filed within 7 days of this notice, absent exigent circumstances. Everyone appearing in person must review and comply with our Protocols for In Person Hearings, available **here**. If the panel determines that it will hold oral argument in your case, the Clerk's Office will contact you directly at least two weeks before the set argument date to review any requirements for in person appearance or to make any necessary arrangements for a remote appearance that has been approved or directed by the panel.<br><br>Please note however that if you do file a motion to appear remotely, the court **strongly prefers** video over telephone appearance. Therefore, if you wish to appear remotely by telephone you will need to justify that request in your motion and receive explicit permission to do so.<br><br>Be sure to review the **GUIDELINES** for important information about your hearing, including when to be available (30 minutes before the hearing time) and when and how to submit additional citations (filing electronically as far in advance of the hearing as possible).<br><br>If you are the specific attorney or self-represented party who will be arguing, use the **ACKNOWLEDGMENT OF HEARING NOTICE** filing type in CM/ECF no later than 28 days before Wednesday, August 14, 2024. No form or other attachment is required. If you will not be arguing, do not file an acknowledgment of hearing notice.[12888734]. [23-55607] (KS) [Entered: 06/02/2024 06:20 AM] |
| 06/03/2024 | ☐ | 64<br>1 pg, 100.5 KB | Filed clerk order (Deputy Clerk: MCD): Appellant's unopposed motion for judicial notice (Docket No. [18]) and Appellees' unopposed motion for judicial notice (Docket No. [35]) are GRANTED. [12888873] (AF) [Entered: 06/03/2024 10:03 AM] |
| 08/07/2024 | ☐ | 65 | Filed (ECF) Acknowledgment of hearing notice by Attorney Mr. James Davis for Appellees Prison Legal News, San Diego Union Tribune, LLC and Voice of San Diego. Hearing in San Francisco on 08/14/2024 at 9:00 a.m. (Courtroom: 1). Filer sharing argument time: No. (Argument minutes: 15) Special accommodations: NO. Filer admission status: I certify that I am admitted to practice before this Court. Date of service: 08/07/2024. [12900752] [23-55607] (Davis, James) [Entered: 08/07/2024 10:57 AM] |
| 08/07/2024 | ☐ | 66 | Filed (ECF) Acknowledgment of hearing notice by Attorney Jeffrey P. Michalowski for Appellant County of San Diego. Hearing in San Francisco on 08/14/2024 at 9:00 a.m. (Courtroom: 1). Filer sharing argument time: No. (Argument minutes: 15) Special accommodations: NO. Filer admission status: I certify that I am admitted to practice before this Court. Date of service: 08/07/2024. [12900821] [23-55607] (Michalowski, Jeffrey) [Entered: 08/07/2024 02:35 PM] |
| 08/07/2024 | ☐ | 67<br>2 pg, 235.16 KB | Filed (ECF) Appellant County of San Diego citation of supplemental authorities. Date of service: 08/07/2024. [12900893] [23-55607] (Michalowski, Jeffrey) [Entered: 08/07/2024 05:03 PM] |
| 08/14/2024 | ☐ | 68 | ARGUED AND SUBMITTED TO SUSAN P. GRABER, CONSUELO M. CALLAHAN and LUCY H. KOH. The audio and video recordings of this hearing are available on our website at http://www.ca9.uscourts.gov/media/. [12902172] (NAR) [Entered: 08/14/2024 03:29 PM] |
| 01/23/2025 | ☐ | 69 | Filed order UNDER SEAL (SUSAN P. GRABER, CONSUELO M. CALLAHAN and LUCY H. KOH) (SEE ORDER FOR FULL TEXT). All counsel served via email. [12919913] (MM) [Entered: 01/23/2025 03:22 PM] |
| 02/10/2025 | ☐ | 70<br>79 pg, 6.19 MB | FILED OPINION (SUSAN P. GRABER, CONSUELO M. CALLAHAN and LUCY H. KOH) REVERSED and REMANDED with instructions to require the return and/or destruction of the disputed documents, which |

Ex. J - 90

are privileged. Opinion by Judge Graber; Concurrence by Judge Graber; Partial Dissent by Judge Koh. FILED AND ENTERED JUDGMENT. [12921287] (MM) [Entered: 02/10/2025 09:05 AM]

| 02/11/2025 | ☐ 71<br>2 pg, 79.25 KB | Filed (ECF) Appellant County of San Diego Correspondence: Notice of Change of Address. Date of service: 02/11/2025 [12921435] [23-55607] (Michalowski, Jeffrey) [Entered: 02/11/2025 05:26 PM] |
| --- | --- | --- |
| 02/12/2025 | ☐ 72<br>5 pg, 153.58 KB | Filed (ECF) Appellees Prison Legal News, San Diego Union Tribune, LLC and Voice of San Diego Unopposed Motion to extend time to file petition for rehearing until 03/17/2025. Date of service: 02/12/2025. [12921451] [23-55607] (Blood, Timothy) [Entered: 02/12/2025 10:03 AM] |
| 02/12/2025 | ☐ 73<br>1 pg, 98.55 KB | Filed order (SUSAN P. GRABER, CONSUELO M. CALLAHAN and LUCY H. KOH) Appellees' unopposed motion for an extension of time to file a petition for rehearing, Docket No. [72], is GRANTED. [12921487] (WL) [Entered: 02/12/2025 03:52 PM] |
| 02/24/2025 | ☐ 74<br>1 pg, 149.25 KB | Filed (ECF) Appellant County of San Diego bill of costs (Form 10) in the amount of $374.70 USD. Date of service: 02/24/2025 [12922265] [23-55607] (Michalowski, Jeffrey) [Entered: 02/24/2025 05:24 PM] |
| 03/17/2025 | ☐ 75 | COURT DELETED INCORRECT ENTRY. Notice about deletion sent to case participants registered for electronic filing. Correct Entry: [76]. Original Text: Filed (ECF) Appellees Prison Legal News, San Diego Union Tribune, LLC and Voice of San Diego petition for rehearing en banc (from 02/10/2025 opinion). Date of service: 03/17/2025. [12924074] [23-55607] (Blood, Timothy) [Entered: 03/17/2025 01:30 PM] |
| 03/17/2025 | ☐ 76<br>80 pg, 776.4 KB | Filed (ECF) Appellees Prison Legal News, San Diego Union Tribune, LLC and Voice of San Diego petition for panel rehearing and petition for rehearing en banc (from 02/10/2025 opinion). Date of service: 03/17/2025. [12924087] --[COURT ENTERED FILING to correct entry [75] .] (TYL) [Entered: 03/17/2025 02:28 PM] |
| 03/27/2025 | ☐ 77<br>35 pg, 367.62 KB | Submitted (ECF) Amicus brief for review and filed Motion to become amicus curiae. Submitted by Frankie Greer, Paloma Serna, Michael Serna, S.H., Marilyn Morton, Dean Morton, Linnea Morton, ACLU of Southern California, North County Equity and Justice Coalition, Racial Justice Coalition of San Diego, Jobs2Justice Coalition, et al.. Date of service: 03/27/2025. [12925236] [23-55607]--[COURT UPDATE: attached corrected PDF of brief. 04/03/2025 by KT] (Jun, Grace) [Entered: 03/27/2025 09:41 PM] |
| 04/03/2025 | ☐ 78 | Entered appearance of Amicus Curiae - Pending Frankie Greer, Paloma Serna, Michael Serna, S.H., Marilyn Morton, Dean Morton, Linnea Morton, ACLU of Southern California, North County Equity and Justice Coalition, Racial Justice Coalition of San Diego, Jobs2Justice Coalition, et al. [12925800] (KT) [Entered: 04/03/2025 10:11 AM] |
| 04/03/2025 | ☐ 79 | Filed (ECF) notice of appearance of Peter Bibring (Iredale and Yoo, APC 105 West F Street, 4th Floor San Diego, CA 92101) for Amicus Curiae - Pending Frankie Greer. Date of service: 04/03/2025. (Party was previously proceeding with counsel.) [12925837] [23-55607] (Bibring, Peter) [Entered: 04/03/2025 03:23 PM] |
| 04/03/2025 | ☐ 80 | Added Attorney(s) Peter Bibring for party(s) Amicus Curiae - Pending Frankie Greer, in case 23-55607. [12925840] (NAC) [Entered: 04/03/2025 03:28 PM] |
| 04/07/2025 | ☐ 81<br>1 pg, 99.33 KB | Filed order (SUSAN P. GRABER, CONSUELO M. CALLAHAN and LUCY H. KOH) Appellant is directed to file a response to Appellees' petition for panel rehearing and petition for rehearing en banc, Docket No. [76], filed March 17, 2025. The response shall not exceed 15 pages and shall be filed within 21 days of the date of this order. [12926019] (JBS) [Entered: 04/07/2025 11:16 AM] |
| 04/08/2025 | ☐ 82<br>1 pg, 97.27 KB | Filed order (SUSAN P. GRABER, CONSUELO M. CALLAHAN and LUCY H. KOH) The Motion for Leave to File Brief of Amici Curiae, Docket No. [77], is GRANTED. [12926219] (OC) [Entered: 04/08/2025 02:35 PM] |
| 04/09/2025 | ☐ 83<br>1 pg, 91.36 KB | Filed clerk order: The amicus brief [77] submitted by Frankie Greer, et al. is filed. No paper copies are required at this time. [12926355] (KT) [Entered: 04/09/2025 03:33 PM] |
| 04/18/2025 | ☐ 84<br>5 pg, 97.34 KB | Filed (ECF) Appellant County of San Diego Unopposed Motion to extend time to file a response until 05/28/2025. Date of service: 04/18/2025. [12927362] [23-55607] (Michalowski, Jeffrey) [Entered: 04/18/2025 04:35 PM] |
| 04/21/2025 | ☐ 85<br>1 pg, 99.01 KB | Filed order (SUSAN P. GRABER, CONSUELO M. CALLAHAN and LUCY H. KOH) The Unopposed Motion for 30-Day Extension of Time to Respond to Petition for Rehearing En Banc, Docket No. [84], is GRANTED. [12927447] (WL) [Entered: 04/21/2025 01:10 PM] |

**Ex. J - 91**

Select All    Clear All

🔘 **Documents and Docket Summary**
⚪ **Documents Only**

☑ **Include Page Numbers**

**Selected Pages:** 0          **Selected Size:** 0 KB

View Selected

---

| PACER Service Center | |
|---|---|
| **Transaction Receipt** | |
| U.S. Court of Appeals for the 9th Circuit - 04/23/2025 10:34:04 | |
| **PACER Login:** | emonekanderson | **Client Code:** | 1730-01 |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 23-55607 |
| **Billable Pages:** | 10 | **Cost:** | 1.00 |

# EXHIBIT K

**Ex. K - 93**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FRANKIE GREER, | No.    23-55607 |
| Plaintiff, | |
| and | D.C. No.<br>3:19-cv-00378-JO-DEB<br>Southern District of California,<br>San Diego |
| SAN DIEGO UNION TRIBUNE, LLC; et al., | |
| Intervenors-Appellees, | ORDER |
| v. | |
| COUNTY OF SAN DIEGO, | |
| Defendant-Appellant, | |
| WILLIAM GORE, Sheriff; et al., | |
| Defendants. | |

Before:  GRABER, CALLAHAN, and KOH, Circuit Judges.

Appellant is directed to file a response to Appellees' petition for panel rehearing and petition for rehearing en banc, Docket No. 76, filed March 17, 2025. The response shall not exceed 15 pages and shall be filed within 21 days of the date of this order.

Ex. K - 94

# EXHIBIT L



# FEDERAL RULES OF APPELLATE PROCEDURE

# NINTH CIRCUIT RULES

# CIRCUIT ADVISORY COMMITTEE NOTES

**1 December 2024**

# PREAMBLE

These local rules of the United States Court of Appeals for the Ninth Circuit are promulgated under the authority of Fed. R. App. P. 2 and 47.

# TABLE OF CONTENTS

Preamble ........................................................................................................... ii

Judges of the United States Court of Appeals for the Ninth Circuit............................. xi

Foreword ........................................................................................................... xiv

Court Structure and Procedures ............................................................................ xv

**TITLE I. Applicability of Rules**...................................................................... **1**

**FRAP 1. Scope of Rules; Definition; Title** ..................................................... **1**

    Circuit Rule 1-1. Title ................................................................................... 1

    Circuit Rule 1-2. Scope of Circuit Rules ......................................................... 1

**FRAP 2. Suspension of Rules**........................................................................ **2**

**TITLE II. Appeal from a Judgment or Order of a District Court**...................... **3**

**FRAP 3. Appeal as of Right—How Taken** ...................................................... **3**

    Circuit Rule 3-1. Filing the Appeal................................................................. 5

    Circuit Rule 3-2. Representation Statement...................................................... 5

    *Circuit Advisory Committee Note to Rule 3-2* .................................................. 6

    Circuit Rule 3-3. Preliminary Injunction Appeals .............................................. 6

    Circuit Rule 3-4. Mediation Questionnaire....................................................... 7

    Circuit Rule 3-5. Procedure for Recalcitrant Witness Appeals ............................ 7

    *Circuit Advisory Committee Note to Rule 3-5* .................................................. 8

    Circuit Rule 3-6. Summary Disposition of Civil Appeals ..................................... 8

**FRAP 3.1. Appeal from a Judgment of a Magistrate Judge in a Civil Case** ......... **10**

**FRAP 4. Appeal as of Right—When Taken** .................................................... **11**

    Circuit Rule 4-1. Counsel in Criminal AND Habeas Appeals............................... 16

**FRAP 5. Appeal by Permission**....................................................................... **19**

    Circuit Rule 5-1. Civil Appeals Docketing Statement in Appeals by Permission Under FRAP 5................................................................................................. 20

    Circuit Rule 5-2. Number of Copies and Length ............................................... 20

**FRAP 5.1. Appeal by Leave under 28 U.S.C. § 636(c)(5)**................................. **22**

**FRAP 6. Appeal in a Bankruptcy Case**............................................................ **23**

    Circuit Rule 6-1. Appeals from Final Decisions of the Supreme Court of the Commonwealth of the Northern Mariana Islands .............................................. 26

    *Circuit Advisory Committee Note to Rule 6-1* .................................................. *26*

Circuit Rule 6-2. Petition for Writ of Certiorari to Review Final Decisions of the Supreme
Court of Guam ................................................................................................................ 26

*Circuit Advisory Committee Note to Rule 6-2(b) and (c)* ............................................ *26*

**FRAP 7. Bond for Costs on Appeal in a Civil Case** .................................................. **27**

**FRAP 8. Stay or Injunction Pending Appeal** ............................................................ **28**

**FRAP 9. Release in a Criminal Case** ........................................................................ **30**

Circuit Rule 9-1. Release in Criminal Cases ................................................................ 30

*Circuit Advisory Committee Note to Rule 9-1.2* ......................................................... *31*

**FRAP 10. The Record on Appeal** ............................................................................. **32**

Circuit Rule 10-1. Notice of Filing Appeal ................................................................... 34

Circuit Rule 10-2. Contents of the Record on Appeal .................................................. 34

Circuit Rule 10-3. Ordering the Reporter's Transcript ................................................. 34

*Circuit Advisory Committee Note to Rule 10-3* .......................................................... *37*

**FRAP 11. Forwarding the Record** ............................................................................ **38**

Circuit Rule 11-1. Filing the Reporter's Transcript ....................................................... 39

*Circuit Advisory Committee Note to Rule 11-1.2* ........................................................ *40*

Circuit Rule 11-2. The Certificate of Record ................................................................ 40

Circuit Rule 11-3. Retention of the Transcript and Clerk's Record in the District Court
During Preparation of the Briefs ................................................................................... 41

Circuit Rule 11-4. Retention of Physical Exhibits in the District Court, Transmittal of Clerk's
Record on Request ........................................................................................................ 41

Circuit Rule 11-5. Transmittal of the Clerk's Record and Reporter's Transcript and Exhibits
in all Other Cases ......................................................................................................... 42

Circuit Rule 11-6. Preparation of the Clerk's Record for Transmittal .......................... 42

**FRAP 12. Docketing the Appeal; Filing a Representation Statement; Filing the Record ... 43**

**FRAP 12.1. Remand After an Indicative Ruling by the District Court on a Motion for
Relief That Is Barred by a Pending Appeal** ............................................................... **44**

Circuit Rule 12-1. Notice of Emergency Motions in Capital Cases ............................. 44

Circuit Rule 12-2. Representation Statement ............................................................... 44

**TITLE III. Appeals from the United States Tax Court** ........................................... **45**

**FRAP 13. Appeals from the Tax Court** .................................................................... **45**

Circuit Rule 13-1. Filing Notice of Appeal in Tax Court Cases .................................... 46

Circuit Rule 13-2. Excerpts of Record in Tax Court Cases .......................................... 46

Circuit Rule 13-3. Transmission of the Record in Tax Court Cases ............................ 46

**FRAP 14. Applicability of Other Rules to Appeals from the Tax Court**................................. 47

Circuit Rule 14-1. Applicability of Other Rules to Review Decisions of the Tax Court ....... 47

**TITLE IV. Review of Enforcement of an Order of an Administrative Agency, Board, Commission, or Officer** ................................................................................................. 48

**FRAP 15. Review or Enforcement of an Agency Order—How Obtained; Intervention** ..... 48

Circuit Rule 15-1. Review or Enforcement of Agency Orders................................. 49

Circuit Rule 15-2. Mediation Questionnaire in Agency Cases................................ 49

*Circuit Advisory Committee Note to Rule 15-2* .................................................... 50

Circuit Rule 15-3. Procedures for Review Under the Pacific Northwest Electric Power Planning and Conservation Act ............................................................................ 50

*Circuit Advisory Committee Note to Rule 15-3* .................................................... 51

Circuit Rule 15-4. Petitions for Review of Board of Immigration Appeals Decisions .......... 52

**FRAP 15.1. Briefs and Oral Argument in a National Labor Relations Board Proceeding** . 53

**FRAP 16. The Record on Review or Enforcement** ................................................ 54

**FRAP 17. Filing the Record** ...................................................................... 55

Circuit Rule 17-1. Excerpts of Record on Review or Enforcement of Agency Orders.......... 56

Circuit Rule 17-2. Sanctions for Failure to Comply with Circuit Rule 17-1 ................... 56

**FRAP 18. Stay Pending Review** ................................................................... 57

**FRAP 19. Settlement of a Judgment Enforcing an Agency Order in Part**....................... 58

**FRAP 20. Applicability of Rules to the Review or Enforcement of an Agency Order** ........ 59

Circuit Rule 20-1. Applicability of Other Rules to Review of Agency Decisions ............... 59

**TITLE V. Extraordinary Writs** ................................................................... 60

**FRAP 21. Writs of Mandamus and Prohibition, and Other Extraordinary Writs** ............. 60

Circuit Rule 21-1. Extraordinary Writs ............................................................. 61

Circuit Rule 21-2. Format of Extraordinary Writs and Answers; Number of Copies; Length 61

Circuit Rule 21-3. Certificate of Interested Parties.............................................. 62

Circuit Rule 21-4. Answers to Petitions ........................................................... 62

*Circuit Advisory Committee Note to Rules 21−1 to 21−4* ........................................ 63

Circuit Rule 21-5. Petition for Writ of Mandamus Pursuant to 18 U.S.C. § 3771(d)(3)........ 63

*Circuit Advisory Committee Note to Rule 21-5* .................................................... 63

**TITLE VI. Habeas Corpus; Proceedings In Forma Pauperis** .................................... 64

**FRAP 22. Habeas Corpus and Section 2255 Proceedings** ....................................... 64

**Ex. L - 100**

Circuit Rule 22-1. Certificate of Appealability (COA) ......................................... 64

*Circuit Advisory Committee Note to Rule 22-1* ................................................ 66

Circuit Rule 22-2. Direct Criminal Appeals, First Petitions, and Stays of Execution: Capital Cases ......................................................................................................... 66

Circuit Rule 22-3. Applications for Authorization to File Second or Successive 28 U.S.C. § 2254 Petition or § 2255 Motion - All Cases; Stay of Execution - Capital Cases ................. 68

*Circuit Advisory Committee Note to Rule 22-3* ................................................ 69

Circuit Rule 22-4. Appeals from Authorized Second or Successive 2254 Petitions or 2255 Motions in Capital Cases ........................................................................................ 69

*Circuit Advisory Committee Note to Rule 22-4* ................................................ 71

Circuit Rule 22-5. Subsequent Petitions or Motions; Related Civil Proceedings................. 72

Circuit Rule 22-6. Rules Applicable to all Death Penalty Cases ................................ 72

**FRAP 23. Custody or Release of a Prisoner in a Habeas Corpus Proceeding** ...................... **73**

Circuit Rule 23-1. Custody of Federal Prisoners Pending Appeals in Proceedings to Vacate Sentence ............................................................................................................. 74

**FRAP 24. Proceeding in Forma Pauperis** ........................................................... **75**

Circuit Rule 24-1. Excerpts of Record Waiver ..................................................... 76

**TITLE VII. General Provisions** ....................................................................... **77**

**FRAP 25. Filing and Service** .......................................................................... **77**

Circuit Rule 25-1. Principal Office of Clerk...................................................... 80

Circuit Rule 25-2. Communications to the Court................................................. 80

*Circuit Advisory Committee Note to Rule 25-2* ................................................ 80

Circuit Rule 25-3. Facsimile and E-Mail Filing .................................................. 81

Circuit Rule 25-4. Calendared Cases ................................................................ 82

Circuit Rule 25-5. Electronic Filing................................................................. 82

*Circuit Advisory Committee Note to Rule 25-5* ................................................ 84

**FRAP 26. Computing and Extending Time** ......................................................... **85**

Circuit Rule 26-1. Filing Deadlines for the Districts of Guam and the Northern Mariana Islands ............................................................................................................... 87

Circuit Rule 26-2. Three Day Service Allowance ................................................. 87

**FRAP 26.1. Disclosure Statement** .................................................................... **88**

Circuit Rule 26.1-1. Disclosure Statement ......................................................... 89

**FRAP 27. Motions** ........................................................................................ **91**

Circuit Rule 27-1. Filing of Motions ............................................................... 93

*Circuit Advisory Committee Note to Rule 27-1* ............................................................... *94*

Circuit Rule 27-2. Motions for Stays Pending Appeal ........................................................ 95

Circuit Rule 27-3. Emergency Motions............................................................................... 96

*Circuit Advisory Committee Note to Rule 27-3* ............................................................... *96*

Circuit Rule 27-4. Emergency Criminal Interlocutory Appeals .......................................... 97

Circuit Rule 27-5. Emergency Motions for Stay of Execution of Sentence of Death ........... 97

Circuit Rule 27-6. No Oral Argument Unless Otherwise Ordered....................................... 98

Circuit Rule 27-7. Delegation of Authority to Act on Motions........................................... 98

*Circuit Advisory Committee Note to Rule 27-7* ............................................................... *98*

Circuit Rule 27-8. Required Recitals in Criminal and Immigration Cases......................... 98

Circuit Rule 27-9. Motions to Dismiss Criminal Appeals .................................................. 99

Circuit Rule 27-10. Motions for Reconsideration............................................................... 99

*Circuit Advisory Committee Note to Rule 27-10* ............................................................ *100*

Circuit Rule 27-11. Motions; Effect on Schedule............................................................. 100

Circuit Rule 27-12. Motions to Expedite .......................................................................... 101

Circuit Rule 27-13. Sealed Documents............................................................................. 101

*Circuit Advisory Committee Note to Rule 27-13* ............................................................ *104*

Circuit Rule 27-14. Motions to Transmit Physical and Documentary Exhibits ................. 105

*Circuit Advisory Committee Note to Rule 27-14* ............................................................ *105*

**FRAP 28. Briefs**............................................................................................................ **107**

Circuit Rule 28-1. Briefs, Applicable Rules ..................................................................... 109

*Circuit Advisory Committee Note to Rule 28-1* ............................................................. *109*

Circuit Rule 28-2. Contents of Briefs .............................................................................. 110

*Circuit Advisory Committee Note to Rule 28-2.6* ............................................................ *111*

*Circuit Advisory Committee Note to Rule 28-2.7* ............................................................ *112*

*Circuit Advisory Committee Note to Rule 28-2.8* ............................................................ *112*

Circuit Rule 28-3. Length of Briefs; Motions to Exceed Page Limits................................ 112

Circuit Rule 28-4. Extensions of Time and Enlargements of Size for Consolidated and Joint
Briefing ......................................................................................................................... 112

Circuit Rule 28-5. Multiple Briefs ................................................................................... 113

Circuit Rule 28-6. Citation of Supplemental Authorities .................................................. 113

*Circuit Advisory Committee Note to Rule 28-6* ............................................................. *113*

**FRAP 28.1. Cross-Appeals**.......................................................................................... **114**

Circuit Rule 28.1-1. Sequence, Content, Form, and Length of Cross-Appeal Briefs;
Certificate of Compliance ................................................................................ 116

**FRAP 29. Brief of an Amicus Curiae ............................................................. 117**

Circuit Rule 29-1. Reply Brief of an Amicus Curiae ........................................ 119

*Circuit Advisory Committee Note to Rule 29-1 ............................................. 119*

Circuit Rule 29-2. Brief of an Amicus Curiae Submitted to Support or Oppose a Petition for
Panel or En Banc Rehearing or During the Pendency of Rehearing ................... 119

*Circuit Advisory Committee Note to Rule 29-2 ............................................. 121*

Circuit Rule 29-3. Motions for Leave to File Amicus Curiae Briefs.................... 121

*Circuit Advisory Committee Note to Rule 29-3 ............................................. 121*

**FRAP 30. Appendix to the Briefs ................................................................... 122**

Circuit Rule 30-1. The Excerpts of Record ..................................................... 124

Circuit Rule 30-2. Sanctions for Failure to Comply with Circuit Rule 30-1 ........ 129

Circuit Rule 30-3. Prisoner Appeals Without Representation by Counsel ........... 129

**FRAP 31. Serving and Filing Briefs ............................................................... 130**

Circuit Rule 31-1. Number of Briefs .............................................................. 130

Circuit Rule 31-2. Time for Service and Filing ................................................ 131

*Circuit Advisory Committee Note to Rule 31-2.2 .......................................... 132*

**FRAP 32. Form of Briefs, Appendices, and Other Papers............................... 134**

Circuit Rule 32. Form of Brief....................................................................... 136

Circuit Rule 32-1. Length and Form of Briefs, Certificate of Compliance .......... 137

*Circuit Advisory Committee Note to Rule 32-1 ............................................. 137*

Circuit Rule 32-2. Requests to Exceed the Page or Type-Volume Limits ........... 138

*Circuit Advisory Committee Note to Rule 32-2 ............................................. 138*

Circuit Rule 32-3. Page/Word Count Conversion Formula for Briefs and Other Documents
................................................................................................................ 139

Circuit Rule 32-4. Briefs and Excerpts of Record in Capital Cases ................... 139

Circuit Rule 32-5. Unrepresented Litigants .................................................... 140

**FRAP 32.1. Citing Judicial Dispositions ........................................................ 140**

**FRAP 33. Appeal Conferences....................................................................... 141**

Circuit Rule 33-1. Circuit Mediation Office .................................................... 141

*Circuit Advisory Committee Note to Rule 33-1 ............................................. 142*

**FRAP 34. Oral Argument .............................................................................. 144**

Circuit Rule 34-1. Place of Hearing............................................................... 145

Circuit Rule 34-2. Change of Time or Place of Hearing ................................... 145

**Ex. L - 103**

Circuit Rule 34-3. Priority Cases ................................................................. 145

Circuit Rule 34-4. Classes of Cases to be Submitted Without Oral Argument .................. 146

*Circuit Advisory Committee Note to Rules 34 ˉ1 to 34 ˉ3* ....................................... 146

**FRAP 35.** .................................................................................... **147**

Circuit Rule 35-1 to 35-4 ...................................................................... 147

**FRAP 36. Entry of Judgment; Notice** ....................................................... **148**

Circuit Rule 36-1. Opinions, Memoranda, Orders; Publication ............................... 148

Circuit Rule 36-2. Criteria for Publication .................................................. 148

Circuit Rule 36-3. Citation of Unpublished Dispositions or Orders .......................... 149

Circuit Rule 36-4. Request for Publication .................................................. 150

Circuit Rule 36-5. Orders for Publication ................................................... 150

Circuit Rule 36-6. Periodic Notice to Publishing Companies ................................. 150

*Circuit Advisory Committee Note to Rules 36 ˉ1 to 36 ˉ5* ....................................... 150

**FRAP 37. Interest on Judgment** ............................................................ **151**

**FRAP 38. Frivolous Appeal—Damages and Costs** ............................................ **151**

**FRAP 39. Costs** ............................................................................ **152**

Circuit Rule 39-1. Costs and Attorneys Fees on Appeal ...................................... 153

*Circuit Advisory Committee Note to Rule 39-1.6* ............................................ 154

Circuit Rule 39-2. Attorneys Fees and Expenses Under the Equal Access to Justice Act ... 155

**FRAP 40. Panel Rehearing; En Banc Determination** ....................................... **156**

Circuit Rule 40-1. Format; Number of Copies ............................................... 158

*Circuit Advisory Committee Note to Rule 40-1* ............................................. 158

Circuit Rule 40-2. Opportunity to Respond Before En Banc Review .......................... 159

Circuit Rule 40-3. Limited En Banc Court .................................................. 159

*Circuit Advisory Committee Note to Rules 40-2 TO 40-3* .................................... 159

Circuit Rule 40-4. Publication of Previously Unpublished Disposition ...................... 160

**FRAP 41. Mandate: Contents; Issuance and Effective Date; Stay** ......................... **161**

Circuit Rule 41-1. Stay of Mandate ........................................................ 162

*Circuit Advisory Committee Note to Rule 41-1* ............................................. 162

Circuit Rule 41-2. Timing of Mandate ...................................................... 162

**FRAP 42. Voluntary Dismissal** ............................................................. **163**

Circuit Rule 42-1. Dismissal for Failure to Prosecute ...................................... 163

Circuit Rule 42-2. Termination of Bail Following Dismissal ................................. 164

**FRAP 43. Substitution of Parties** .......................................................... **165**

**Ex. L – 104**

**FRAP 44. Cases Involving a Constitutional Question When the United States or the Relevant State is not a Party** ........................................................................ **166**

**FRAP 45. Clerk's Duties** ........................................................................ **167**

**FRAP 46. Attorneys** ........................................................................ **169**

Circuit Rule 46-1. Attorneys ........................................................................ 170

Circuit Rule 46-2. Attorney Suspension, Disbarment or Other Discipline .......... 170

*Circuit Advisory Committee Note to Rule 46-2* ........................................................................ *171*

Circuit Rule 46-3. Change of Address ........................................................................ 172

Circuit Rule 46-4. Participation of Law Students ........................................................................ 172

Circuit Rule 46-5. Restrictions on Practice by Former Court Employees .......... 172

*Circuit Advisory Committee Note to Rule 46-5* ........................................................................ *173*

**FRAP 47. Local Rules by Courts of Appeals** ........................................................................ **174**

Circuit Rule 47-1. Effective Date of Rules ........................................................................ 174

*Circuit Advisory Committee Note to Rule 47-1* ........................................................................ *174*

Circuit Rule 47-2. Advisory Committee on Rules ........................................................................ 175

**FRAP 48. Masters** ........................................................................ **176**

**Ex. L - 105**

# JUDGES OF THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Mary H. Murguia
Chief Judge, Phoenix, Arizona

J. Clifford Wallace
Senior Circuit Judge, San Diego, California

Mary M. Schroeder
Senior Circuit Judge, Phoenix, Arizona

Dorothy W. Nelson
Senior Circuit Judge, Pasadena, California

William C. Canby, Jr.
Senior Circuit Judge, Phoenix, Arizona

Diarmuid F. O'Scannlain
Senior Circuit Judge, Portland, Oregon

Stephen S. Trott
Senior Circuit Judge, Boise, Idaho

Ferdinand F. Fernandez
Senior Circuit Judge, Pasadena, California

Andrew J. Kleinfeld
Senior Circuit Judge, Fairbanks, Alaska

Michael Daly Hawkins
Senior Circuit Judge, Phoenix, Arizona

A. Wallace Tashima
Senior Circuit Judge, Pasadena, California

Sidney R. Thomas
Senior Circuit Judge, Billings, Montana

Barry G. Silverman
Senior Circuit Judge, Phoenix, Arizona

Susan P. Graber
Senior Circuit Judge, Portland, Oregon

M. Margaret McKeown
Senior Circuit Judge, San Diego, California

Kim McLane Wardlaw
Circuit Judge, Pasadena, California

**Ex. L - 106**

William A. Fletcher
Senior Circuit Judge, San Francisco, California

Ronald M. Gould
Circuit Judge, Seattle, Washington

Richard A. Paez
Senior Circuit Judge, Pasadena, California

Marsha S. Berzon
Senior Circuit Judge, San Francisco, California

Richard C. Tallman
Senior Circuit Judge, Seattle, Washington

Johnnie B. Rawlinson
Circuit Judge, Las Vegas, Nevada

Richard R. Clifton
Senior Circuit Judge, Honolulu, Hawaii

Jay S. Bybee
Senior Circuit Judge, Las Vegas, Nevada

Consuelo M. Callahan
Circuit Judge, Sacramento, California

Carlos T. Bea
Senior Circuit Judge, San Francisco, California

Milan D. Smith, Jr.
Circuit Judge, Pasadena, California

Sandra S. Ikuta
Circuit Judge, Pasadena, California

N. Randy Smith
Senior Circuit Judge, Pocatello, Idaho

Morgan Christen
Circuit Judge, Anchorage, Alaska

Jacqueline H. Nguyen
Circuit Judge, Pasadena, California

Andrew D. Hurwitz
Senior Circuit Judge, Phoenix, Arizona

John B. Owens
Circuit Judge, San Diego, California

Michelle T. Friedland
Circuit Judge, San Francisco, California

Mark J. Bennett
Circuit Judge, Honolulu, Hawaii

Ryan D. Nelson
Circuit Judge, Idaho Falls, Idaho

Eric D. Miller
Circuit Judge, Seattle, Washington

Bridget S. Bade
Circuit Judge, Phoenix, Arizona

Daniel P. Collins
Circuit Judge, Pasadena, California

Kenneth Kiyul Lee
Circuit Judge, San Diego, California

Daniel A. Bress
Circuit Judge, San Francisco, California

Danielle J. Forrest
Circuit Judge, Portland, Oregon

Patrick J. Bumatay
Circuit Judge, San Diego, California

Lawrence Van Dyke
Circuit Judge, Reno, Nevada

Lucy H. Koh
Circuit Judge, San Francisco, California

Jennifer Sung
Circuit Judge, Portland Oregon

Gabriel P. Sanchez
Circuit Judge, San Francisco, California

Holly A. Thomas
Circuit Judge, Pasadena, California

Salvadore Mendoza, Jr.
Circuit Judge, Richland, Washington

Roopali H. Desai
Circuit Judge, Phoenix, Arizona

Anthony D. Johnstone
Circuit Judge, Missoula, Montana

Ana de Alba
Circuit Judge, Fresno, California

**Ex. L - 108**

# FOREWORD

The Advisory Committee on Rules of Practice and Internal Operating Procedures of the United States Court of Appeals for the Ninth Circuit was appointed by the court in 1984, pursuant to 28 U.S.C. § 2077. The committee first undertook a major restructuring of the Ninth Circuit Rules with the objective of updating the rules to reflect current practice, putting the rules into a simpler format and style, and renumbering the rules to conform to the numbering sequence of the Federal Rules of Appellate Procedure. The purpose of this project was to produce a more readable, easily understandable set of rules in handbook form. The handbook contains the Federal Rules of Appellate Procedure, the Ninth Circuit Rules, and, following certain rules, Circuit Advisory Committee Notes. The committee's role in assisting the Court is more fully defined by 9th Cir. R. 47-2.

Circuit Judges Sidney R. Thomas and Eric D. Miller currently serve on the committee.

Lawyers serving on the committee include Professor Sarah Andre, Merry Jean Chan, Bennett Evan Cooper, John E. Cutler, Elizabeth G. Daily, Karli Eisenberg, Rachel C. Hernandez, Kari Hong, Jonas Lerman, Harini P. Raghupathi, and Cory L. Webster. The committee is chaired by Harini P. Raghupathi.

The Court encourages members of the bar to make suggestions for improvements to the rules of Court. Such suggestions should be directed to the Clerk of Court.

Mary H. Murguia
Chief Judge

**Ex. L - 109**

# FRAP 40. PANEL REHEARING; EN BANC DETERMINATION

**(a)**    **A Party's Options.** A party may seek rehearing of a decision through a petition for panel rehearing, a petition for rehearing en banc, or both. Unless a local rule provides otherwise, a party seeking both forms of rehearing must file the petitions as a single document. Panel rehearing is the ordinary means of reconsidering a panel decision; rehearing en banc is not favored.

**(b)**    **Content of a Petition.**

    **(1)**    **Petition for Panel Rehearing.** A petition for panel rehearing must:

        **(A)**    state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended; and

        **(B)**    argue in support of the petition.

    **(2)**    **Petition for Rehearing En Banc.** A petition for rehearing en banc must begin with a statement that:

        **(A)**    the panel decision conflicts with a decision of the court to which the petition is addressed (with citation to the conflicting case or cases) and the full court's consideration is therefore necessary to secure or maintain uniformity of the court's decisions;

        **(B)**    the panel decision conflicts with a decision of the United States Supreme Court (with citation to the conflicting case or cases);

        **(C)**    the panel decision conflicts with an authoritative decision of another United States court of appeals (with citation to the conflicting case or cases); or

        **(D)**    the proceeding involves one or more questions of exceptional importance, each concisely stated.

**(c)**    **When Rehearing En Banc May Be Ordered.** On their own or in response to a party's petition, a majority of the circuit judges who are in regular active service and who are not disqualified may order that an appeal or other proceeding be reheard en banc. Unless a judge calls for a vote, a vote need not be taken to determine whether the case will be so reheard. Rehearing en banc is not favored and ordinarily will be allowed only if one of the criteria in Rule 40(b)(2)(A)-(D) is met.

**(d)**    **Time to File; Form; Length; Response; Oral Argument.**

    **(1)**    **Time.** Unless the time is shortened or extended by order or local rule, any petition for panel rehearing or rehearing en banc must be filed within 14 days after judgment is entered—or, if the panel later amends its decision (on rehearing or otherwise), within 14 days after the amended decision is entered. But in a civil

**Ex. L - 110**

case, unless an order shortens or extends the time, the petition may be filed by any party within 45 days after entry of judgment or of an amended decision if one of the parties is:

   **(A)**    the United States;

   **(B)**    a United States agency;

   **(C)**    a United States officer or employee sued in an official capacity; or

   **(D)**    a current or former United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf— including all instances in which the United States represents that person when the court of appeals' judgment is entered or files that person's petition.

   **(2)**    **Form of the Petition.** The petition must comply in form with Rule 32. Copies must be filed and served as Rule 31 prescribes, except that the number of filed copies may be prescribed by local rule or altered by order in a particular case.

   **(3)**    **Length.** Unless the court or a local rule allows otherwise, the petition (or a single document containing a petition for panel rehearing and a petition for rehearing en banc) must not exceed:

   **(A)**    3,900 words if produced using a computer; or

   **(B)**    15 pages if handwritten or typewritten.

   **(4)**    **Response.** Unless the court so requests, no response to the petition is permitted. Ordinarily, the petition will not be granted without such a request. If a response is requested, the requirements of Rule 40(d)(2)-(3) apply to the response.

   **(5)**    **Oral Argument.** Oral argument on whether to grant the petition is not permitted.

**(e)**    **If a Petition Is Granted.** If a petition for panel rehearing or rehearing en banc is granted, the court may:

   **(1)**    dispose of the case without further briefing or argument;

   **(2)**    order additional briefing or argument; or

   **(3)**    issue any other appropriate order.

**(f)**    **Panel's Authority After a Petition for Rehearing En Banc.** The filing of a petition for rehearing en banc does not limit the panel's authority to take action described in Rule 40(e).

**(g)**    **Initial Hearing En Banc.** On its own or in response to a party's petition, a court may hear an appeal or other proceeding initially en banc. A party's petition must be filed no later than the date when its principal brief is due. The provisions of Rule 40(b)(2), (c), and (d)(2)-(5) apply to an initial hearing en banc. But initial hearing en banc is not favored and ordinarily will not be ordered.

(As amended Apr. 30, 1979, eff. Aug. 1, 1979; Apr. 29, 1994, eff. Dec. 1, 1994; Apr. 24, 1998, eff. Dec. 1, 1998; Apr. 26, 2011, eff. Dec. 1, 2011; Apr. 28, 2016, eff. Dec. 1, 2016; Apr. 27, 2020, eff. Dec. 1, 2020; Apr. 2 2024, eff. Dec. 1, 2024.)

# CIRCUIT RULE 40-1. FORMAT; NUMBER OF COPIES

**(a)**    **Cover**

The cover of a petition for rehearing filed under FRAP 40 must state whether the petition seeks panel rehearing, rehearing en banc, or both. *(New 12/1/24)*

**(b)**    **Format/Length of Petition and Response**

The format of a petition and any response is governed by FRAP 32(c)(2). The petition may not exceed 15 pages unless it complies with the alternative length limitation of 4,200 words. A response, when ordered by the Court, must comply with the same length limits as the petition.

If an unrepresented litigant elected to file a form brief pursuant to Circuit Rule 28-1, the petition need not comply with FRAP 32.

The petition or response must be accompanied by the completed certificate of compliance found at Form 11. *(New 7/1/00; Rev. 12/1/16; Rev. 12/1/21; Rev. 12/1/24)*

**(c)**    **Number of Copies**

If the petition is not required to be filed electronically, an original shall be filed. *(Rev. 12/1/09)*

**(d)**    **Copy of Panel Decision**

The petition shall be accompanied by a copy of the panel's order, memorandum disposition or opinion being challenged. *(New 7/1/06; Rev. 12/1/24)*

**Cross Reference:**

- FRAP 32. Form of Briefs, Appendices, and Other Papers on page 134, specifically, FRAP 32(c)(2)
- Circuit Rule 28-1. Briefs, Applicable Rules on page 109

## *CIRCUIT ADVISORY COMMITTEE NOTE TO RULE 40-1*

*Litigants are reminded that a petition for panel rehearing and/or rehearing en banc must be received by the Clerk in San Francisco on the due date. See FRAP 25(a)(1) and (2)(A) and*

**Ex. L - 112**

*Circuit Rule 25-2; see also United States v. James, 146 F.3d 1183 (9th Cir. 1998). (Rev. 12/1/02; 12/1/09; 1/1/12; 12/1/24)*

# CIRCUIT RULE 40-2. OPPORTUNITY TO RESPOND BEFORE EN BANC REVIEW

The Court will not ordinarily order en banc review, either sua sponte or in response to a petition for such review, without giving the parties an opportunity to express their views whether en banc review is appropriate. *(Rev. 12/1/09; 12/1/24)*

# CIRCUIT RULE 40-3. LIMITED EN BANC COURT

The en banc Court, for each case or group of related cases taken en banc, shall consist of the Chief Judge of this circuit and 10 additional judges to be drawn by lot from the active judges and any eligible senior judges of the Court. In the absence of the Chief Judge, an 11th judge shall be drawn by lot, and the most senior active judge on the panel shall preside. *(Rev. 1/1/06, 7/1/07)*

The drawing of the en banc Court will be performed by the Clerk or a deputy clerk of the Court in the presence of at least one judge.

If a judge whose name is drawn for a particular en banc Court is disqualified, recused, or knows that he or she will be unable to sit at the time and place designated for the en banc case or cases, the judge will immediately notify the Chief Judge who will direct the Clerk to replace the judge. *(Rev. 1/1/06; 12/1/24)*

In appropriate cases, the Court may order a rehearing by the full Court following a hearing or rehearing en banc.

## *CIRCUIT ADVISORY COMMITTEE NOTE TO RULES 40-2 TO 40-3*

*(1)    Petition for Rehearing En Banc. When the clerk receives a timely petition for rehearing en banc, copies are sent to all active judges. Cases are rarely reheard en banc.*

*If no petition for rehearing en banc has been submitted and the panel votes to deny rehearing, an order to that effect will be prepared and filed.*

*If a petition for rehearing en banc has been made, any judge may, within 21 days from receipt of the en banc petition, request the panel to make known its recommendation as to en banc consideration. Upon receipt of the panel's recommendation, any judge has 14 days to call for en banc consideration, whereupon a vote will be taken. If no judge*

**Ex. L - 113**

*requests or gives notice of an intention to request en banc review within 21 days of the receipt of the en banc petition, the panel may enter an order denying rehearing and rejecting the petition for rehearing en banc. Any active judge who is neither recused nor disqualified is eligible to vote. A judge who takes senior status during a vote is not eligible to vote. A senior judge is not eligible to be drawn to serve on the en banc Court, subject to two exceptions: (1) a judge who takes senior status during the pendency of an en banc case for which the judge has already been chosen as a member of the en banc Court may continue to serve on that Court until the case is finally disposed of; and (2) a senior judge may elect to be eligible, in the same manner as an active judge, to be selected as a member of the en banc Court when it reviews a decision of a panel of which the judge was a member.*

*The En Banc Coordinator notifies the judges when voting is complete. If the call fails, the En Banc Coordinator notifies the judges and the panel resumes control of the case. The panel then enters an appropriate order denying en banc review. The order will not specify the vote tally. (Rev. 12/1/24)*

*(2)*     ***Grant of Rehearing En Banc.*** *When the Court votes to rehear a matter en banc, the Chief Judge will enter an order so indicating. The vote tally is not communicated to the parties. The three-judge panel opinion is vacated, subject to reinstatement by the en banc Court. (Rev. 1/1/00; 12/1/24)*

*After the en banc Court is chosen, the judges on the en banc Court decide whether there will be oral argument or additional briefing. If there is to be oral argument, the Chief Judge (or the next senior active judge as the case may be) will enter an order designating the date, time, and place of argument. If no oral argument is to be heard, the Chief Judge will designate a date, time, and place for a conference of the en banc Court. That date will ordinarily be the submission date of the case. If any issues have been isolated for specific attention, the order may also set forth those issues and additional briefing may be ordered. (Rev. 1/03; 12/1/09; 12/1/24)*

# CIRCUIT RULE 40-4. PUBLICATION OF PREVIOUSLY UNPUBLISHED DISPOSITION

An order to publish a previously unpublished memorandum disposition in accordance with Circuit Rule 36-4 extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. If the mandate has issued, the petition for rehearing shall be accompanied by a motion to recall the mandate. *(Rev. 1/96; 12/1/24)*

**Ex. L - 114**

# EXHIBIT M

# Homicide, In-Custody Deaths, Officer Involved Shootings

## Homicides by Year



Chart showing the number of homicides from 2015-2025.

# Homicides (2025)

| Incident Date | Incident Location | Weapon Used | Victim Name | Victim Age | Victim Race/Ethnicity | VictimGender | Arrestee Name | Arrestee Age | Arrestee Race/ Ethinicity | Arrestee Gender |
|---|---|---|---|---|---|---|---|---|---|---|
| 2/17/2025 | Ramona | Knife | Marodi, Rebecca | 49 | White | Female | Marodi, Yolanda | 53 | Hispanic | Female |
| 2/19/2025 | Spring Valley | Personal Weapons | | | Hispanic | Male | Ruiz, David | 22 | Hispanic | Male |
| 2/23/2025 | Lemon Grove | Firearm | Trujillo, Anthony | 52 | Hispanic | Male | Gomez-Cardona, Andrew | 26 | Hispanic | Male |
| 4/15/2025 | Lemon Grove | | | | | | | | | |

Table with victim and suspect information relating to 2025 homicides.

# Deputy Involved Shootings by Year



Chart showing the number of deputy involved shooting from 2015-2025.

# Deputy Involved Shootings (2025)

No incidents to report.

Table with information relating to 2025 deputy involved shootings.

*Deputy race/ethnicity has been excluded due to laws governing employee personnel files

**Ex. M - 116**

Case 3:20-cv-00406-AJB-DDL   Document 894-1   Filed 04/24/25   PageID.46511
Page 127 of 138

# In-Custody Deaths by Year



Chart showing the number of in-custody deaths from 2015-2025.

# In-Custody Deaths (2025)

| Incident Date | Incident Location | Subject Name | Subject Age | Subject Race | Subject Gender | Custody Status | Location Where Death Occurred | Manner of Death | Cause of Death |
|---|---|---|---|---|---|---|---|---|---|
| 1/10/2025 | SDCJ | Duckett, Donell | 68 | Black | Male | Sentenced | Local hospital | Natural | Cardiovascular disease, cerebral disease, hypertensive, end stage renal disease, atherosclerotic |
| 2/14/2025 | VDF | Pittman, James | 46 | Black | Male | Booked- Awaiting Trial | Local hospital | TBD | TBD |

Table with information relating to in-custody deaths.

*Data reflects in-custody deaths within detention facilities. Custody status is defined as the custody status of the subject immediately preceding death (process of arrest, in transit, awaiting booking, booked-no charges filed, booked-awaiting trial, sentenced, out to court, other)

Last Reviewed: 04/17/2025

# Major Crimes Report Archives

## Major Crimes Archive by Year

Major Crimes|2024

## Major Crimes Archive by Year

Major Crimes | 2023

## Major Crimes Archive by Year

Major Crimes | 2022

Ex. M - 117

Case 3:20-cv-00406-AJB-DDL    Document 894-1    Filed 04/24/25    PageID.46512
Page 128 of 138

**Major Crimes Archive by Year**

Major Crimes | 2021

# Critical Incident Review Board (2022)

## In-Custody Deaths

The Sheriff's Homicide Unit conducts a thorough investigation of every in-custody death. In addition to the investigation conducted by the Sheriff's Homicide Unit, the Sheriff's Critical Incident Review Board (CIRB) conducts a review of in-custody deaths. The CIRB is comprised of department leadership and the Sheriff's Legal Advisor and performs a critical review of each incident. The focus of the CIRB is to assess the department's civil exposure because of a given incident. The review may identify potential misconduct, criminal negligence or behavior, policy violations, training deficiencies, or other areas where we can improve and make our facilities safer for staff and those in our custody. These releases are synopses of reviewed incidents and any resultant actions or policy changes intended to improve our operations. In some instances, the information contained in these releases may be fragmentary or incomplete and are subject to update as information is verified or confirmed. The release of information related to a matter involving potential criminal prosecution or civil litigation may delay or limit the amount of information released until the conclusion of the case.

## CIRB In-Custody Deaths | 2023

Adamson, P

Aguirre, Maximillian

Bartolacci, Roselee

Carlton, T

Davis, Zeke

Faulkner, E

Heimark, Paul

McDowell, J

Ornelas, Pedro

Shuey, R

**Ex. M - 118**

Thuresson, R

# CIRB In-Custody Deaths | 2022

Baker, D

Bonin, A

Bousman, J (update)

Dix, R

Fosbinder, J

Gil, G

Granillo, V

Lacy, J (update)

Marler, D

Ornelas, O

Reynolds, S (update)

Ruiz, R

Rupard, L

Sarabia, A

Schuck, W (update)

Settles, M

Villasenor, L

Vogelman, R

Wahlberg, E

**Ex. M - 119**

## CIRB In-Custody Deaths | 2021

Alamos, G

Aleman, J

Borunda, J

Estrada, R

Eshbach, R

Gomez, L

Hernandez, R

Marroquin, L

McCoy, D

Moniger, R

Moreno, O

Rodriguez, S

Smith, E

Tuazon, T

Whitlock, J

**Ex. M - 120**

# EXHIBIT N

Ex. N - 121



# SAN DIEGO COUNTY SHERIFF'S DEPARTMENT
## Critical Incident Review Board
## In-Custody Death Information Release

DATE OF INCIDENT: May 30, 2021

TIME: 3:59 p.m.
LOCATION: San Diego Central Jail

The Sheriff's Homicide Unit conducts a thorough investigation of every in-custody death. In addition to the investigation conducted by the Sheriff's Homicide Unit, the Sheriff's Critical Incident Review Board (CIRB) conducts a review of in-custody deaths. The CIRB is comprised of department leadership and the Sheriff's Legal Advisor and performs a critical review of each incident. The focus of the CIRB is to assess the department's civil exposure because of a given incident. The review may identify potential misconduct, criminal negligence or behavior, policy violations, training deficiencies, or other areas where we can improve and make our facilities safer for staff and those in our custody. This release synopsizes the reviewed incident and any resultant actions taken to improve our operations.

On May 30, 2021, at about 3:59 p.m., while conducting a safety check of a housing unit at the San Diego Central Jail, Sheriff's deputies found Incarcerated Person Lester Marroquin on the floor of his cell, unresponsive. Marroquin was inside his assigned cell and was the sole occupant. Deputies entered the cell, found Marroquin to not have a pulse, and immediately initiated cardiopulmonary resuscitation (CPR), and summoned Sheriff's medical staff. At about 4:06 p.m., Sheriff's medical staff arrived to assist with lifesaving measures, including applying an Automated External Defibrillator (AED). A call for a 911 emergency response was made shortly after the arrival of medical staff.

At about 4:11 p.m., San Diego Fire Department personnel arrived and took over lifesaving measures. Emergency Medical Technicians from American Medical Response (AMR) arrived to assist shortly thereafter. Despite the efforts of Sheriff's medical staff and emergency responders, a doctor pronounced Lester Marroquin deceased at 4:40 p.m. As is the protocol for all in-custody deaths, the San Diego Sheriff's Homicide Unit investigated this incident.

The San Diego County Medical Examiner's Office conducted an independent investigation and post-mortem. The Medical Examiner's Office determined the cause of death was "acute water intoxication" and the manner was "suicide." (ME Case #21-01797)

**Ex. N - 122**

The CIRB conducted a review of this incident on January 19, 2022, and listed the following as action items:

1.) The circumstances of this incident were referred to the Internal Affairs Unit for review.

2.) The Detentions Services Bureau was tasked with researching other California state correctional facilities for policies and procedures on limiting access to incarcerated persons' cell water supply when they are using water to self-harm or cause damage. This was completed on May 9, 2022.

# EXHIBIT O

Ex. O - 124



# *San Diego County Sheriff's Office*

## Policy and Procedure Manual

Last updated 11-01-2024

**San Diego County Sheriff's Office – Procedure Section**

The Undersheriff is the reviewing officer on all matters within the jurisdiction of the Long-Range Strategic Planning Ad-Hoc Committee.

**Critical Incident Review Board (CIRB)**

Responsibility:

The purpose of this board is to consult with office legal counsel when an incident occurs which may give rise to litigation. The focus of the CIRB will be to assess the office's civil exposure because of a given incident. The CIRB will carefully review those incidents from multiple perspectives, including training, tactics, policies, and procedures with the goal of identifying problem areas and recommending remedial actions so that potential liability can be avoided in the future.

The Lieutenant of the Division of Inspectional Services (DIS) shall ensure that a copy of all related reports, as well as audio and video recordings are placed in a shared drive for CIRB board members within 30 days of the completion of an investigation, and no later than seven (7) days prior to the date of the Critical Incident Review Board convening.

Membership:

The Critical Incident Review Board shall consist of voting and non-voting members.

Voting members:

- A Commander from Law Enforcement or another designated commander
- A Commander from Court Services or another designated commander
- A Commander from Detention Services or another designated commander

Non-voting members:

- The Director of Legal Affairs, or another designated legal advisor
- Commander from Human Resources, who shall serve as the chair of the meetings

The following people will attend a Pre-CIRB: the Director of Legal Affairs, the HRSB Commander, the three (3) commanders representing each bureau, the DIS Lieutenant, and the applicable DIS Sergeants for the cases being presented.

The following people will attend a CIRB: the attendees of a Pre-CIRB, plus a representative from the Facility or Unit Commander from the employee's chain of command, Weapons Training Unit, In-Service Training Unit and Detention Training Unit.

Other representatives may be requested to attend a CIRB at the discretion of the chair.

**The Critical Incident Review Board shall convene as follows:**

Preliminary Critical Incident Review Board (Pre-CIRB)

Within one month (30 days) of the occurrence of a critical incident for a preliminary assessment.

Final Critical Incident Review Board (Final CIRB):

Within sixty (60) days of a District Attorney's review letter involving a critical incident; and within thirty (30) days of the completion of the investigation of a critical incident.

SECTION 4 Organization

**Ex. O - 126**

**San Diego County Sheriff's Office – Procedure Section**

When requested by the Sheriff, Undersheriff, Assistant Sheriff, or a board member.

**The following incidents are deemed critical incidents and shall be reviewed by the CIRB:**

In custody death;
Use of deadly force by an office employee;
Pursuits resulting in any injury requiring hospital admittance or major property damage;
Death or serious injury resulting from action of a member of this Office;

Note:  Serious injury means a serious impairment of physical condition, including but not limited to: loss of consciousness, concussion, bone fracture, protracted loss or impairment of function of any bodily member or organ, a wound requiring extensive suturing, and serious disfigurement.

Law Enforcement related injuries requiring hospital admittance;
Discharge of a firearm by sworn personnel;
Any other incident involving the discharge of a firearm, major property damage, or major vehicle damage by a member of this Office or other critical incident which, in the judgment of the Sheriff, Undersheriff, Assistant Sheriff, or board member warrants review.

Presentation:

Pre-CIRB

At the beginning of the Pre-CIRB the DIS Sergeants will present facts and circumstances to the members of the CIRB.

Final CIRB

At the beginning of the CIRB, the investigators involved in the investigation of the critical incident will present facts and circumstances to the members of the CIRB.

At the conclusion of the presentation each board member will have an opportunity to question the investigator regarding the specific facts and circumstances surrounding the critical incident.

Additional Investigation:

If after a presentation, additional investigation is determined to be necessary, the CIRB will continue the proceedings and return the case to the DIS Lieutenant for further follow up.  The Division of Inspectional Services is responsible for working with the investigators involved in the case to ensure that all follow up investigations are completed appropriately and timely. The matter shall be reset for hearing before the CIRB within 30 days of being returned for follow up.

Policy Violations:

After hearing from all necessary parties, the three voting Commanders will vote to make a determination as to whether or not a policy violation may exist.

If a majority of the voting members determine that a policy violation may have occurred, the case will be forwarded to Internal Affairs, assigned an Internal Affairs case number and investigated.  After the case is investigated by Internal Affairs, the case will be forwarded to the command for review consistent with the Office's policies and procedures.

SECTION 4 Organization

**Ex. O - 127**

**San Diego County Sheriff's Office – Procedure Section**

If, during the Critical Incident Review Board, the majority of the voting members determine that no policy violations have occurred, the CIRB case will be forwarded to the DIS Lieutenant for the generation of a report, consistent with the Board's findings, at the conclusion of the CIRB.

Training:

The CIRB is also tasked with making recommendations for training based upon the analysis of critical incidents. If the Board identifies significant training issues, the Board will direct those issues to the Training Lieutenant. The Training Lieutenant will be required to prepare a written report to the DIS Lieutenant within thirty (30) days outlining the actions taken based upon the Boards direction.

Policies:

If the CIRB identifies policy issues of concern while reviewing a critical incident, the Board will direct its concerns to the Standards and Compliance Manager of the Division of Inspectional Services. The Standards and Compliance Manager will ensure that the proposed policy recommendations are prepared and present them for approval to SOPC within thirty (30) days of the CIRB.

Distribution of Reports:

Within seven (7) days of the CIRB, the Facility or Unit Commander, from the employee's chain of command, will meet with the employee and provide them with any feedback generated as a result of the CIRB presentation.

Within forty-five (45) days of a Pre-CIRB or Final CIRB, the DIS Lieutenant will prepare a report summarizing the actions and conclusions of the board. The CIRB report shall contain specific findings regarding whether the review board found any policy violations, and training or policy issues, as well as what actions were taken by the office. A copy of the CIRB Confidential Report and other related reports shall be filed in the Legal Affairs Section, Office of the Sheriff.

Within forty-five (45) days of a Pre-CIRB or Final CIRB, the DIS will prepare a public report detailing the facts reviewed by the CIRB Board at a CIRB meeting. The public report will be posted on the Sheriff's internet website.

**Awards and Recognition Board**

Responsibility:

The Awards and Recognition Board shall make determinations regarding the appropriateness of all Office awards, with the exception of the Report of Exemplary Performance. (Related section 3.23)

Membership:
Chairperson: Commander, Human Resource Services Bureau

Commander, Law Enforcement Services Bureau

Commander, Detention Services Bureau

Commander, Court Services Bureau

Public Information Officer, Public Affairs

SECTION 4 Organization