Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800   Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300   Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFEDNANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER [DKT. 468] GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CIRB REPORTS**<br><br>Date:   Deemed Submitted 4/30/25<br><br>Judge: David D. Leshner |

# ARGUMENT

Plaintiffs assert that the Court should wait an undefined amount of time to rule on the Motion for Reconsideration because someday, a Court may overturn the decision in *Greer and San Diego Union Tribune, LLC v. County of San Diego*, 127 F.4th 1216 (9th Cir. 2025), that Defendants did not submit any evidence that the CIRB Reports are privileged, and that the Court is without authority to order relief necessary to undo the effects of distribution of attorney-client privileged information. Plaintiffs' assertions are meritless.

Plaintiffs assert that this Court should wait to see if the Ninth Circuit grants the petition for rehearing *en banc*. There is no legal authority cited for the proposition. Federal Rules of Appellate Procedure Rule 40, 28 U.S.C.A., provides the right of a party to seek rehearing of a Circuit Court of Appeals decision through "petition for panel rehearing, a petition for rehearing en banc, or both." Fed. R. App. P. 40(a)  There is nothing in the statute that requires or even permits a stay of the decision pending a ruling on the Petition for Rehearing En Banc. In comparison, Fed. R. App. 41(d) specifically provides that once a mandate issues, a party may move to stay the mandate pending the filing of a petition for certiorari in the Supreme Court. There is no such language in the Fed. R. App. P. 40 and if Congress had intended for the decision to have no effect or permit a stay of the decision, Congress would have provided for the procedure in the statute. It did not.

> "The first step in ascertaining congressional intent is to look to the plain language of the statute. *See United States v. Mohrbacher,* 182 F.3d 1041, 1048 (9th Cir.1999). To determine the plain meaning of a particular statutory provision, and thus congressional intent, the court looks to the entire statutory scheme. *See Yang v. California Dep't of Soc. Servs.,* 183 F.3d 953, 959 (9th Cir.1999) (examining other statutes within the same act to discern plain meaning); *United States v. Hockings,* 129 F.3d 1069, 1071 (9th Cir.1997) (same)."

*United States v. Daas*, 198 F.3d 1167, 1174 (9th Cir. 1999) The Court need not look at Advisory Committee notes, surmise how long it will take the Ninth Circuit to decide whether to hear the matter *en banc*, or make any predictions about what the Court of Appeal will do. The plain language of the statute applies and there is no basis to delay or stay a ruling.

The reliance on *U.S. v. Ruiz*, 935 F.2d 1033 (9th Cir. 1991) is misplaced. *Ruiz* stands for the proposition that a criminal defendant's due process rights under the fifth amendment have not been violated when he takes a plea deal based upon then existing judicial interpretation of sentencing guidelines that are being challenged. The defendant in *Ruiz* took a "calculated gamble" when he entered the plea deal and must live with the result if the challenge to the Court decision is overturned. (Id, at 1036-1037) The *Ruiz* plea deal/sentencing circumstance was distinguished from cases holding that a defendant who relied upon a judicial decision at the time he undertook action which was deemed not criminal, cannot be charged with a crime if the conduct is subsequently found to be criminal under a subsequent judicial decision. (Id, at 1035-36) The case has no bearing on judicial economy or whether this Court is authorized to rule on the motion for reconsideration pending issuance of a mandate or further appeal.

Given the importance of the issue and obvious harm to Defendants, to wit, disclosure of privileged information, the prudent and legally correct course is to grant the motion and revisit it through a motion for reconsideration if *Greer* is ever overturned, and not continue to permit the privileged information remain in the public domain.[1]

Plaintiffs' second assertion that the moving papers fail to demonstrate that the

---

[1] The prejudice to Defendants is made clear by Plaintiffs' assertions that only the citations from CIRB reports were privileged while the opinions, conclusions and other statements by experts derived from the privileged information were not and thus Plaintiffs were entitled to have them posted on counsel's website.

CIRB Reports are privileged is nonsensical. The moving papers properly cite to the evidence proving the information in the CIRB Reports subject to this motion (the 34 reviewed by this Court) are privileged. This includes the document request, the County's response, the motion to compel by Plaintiffs and the opposition and supporting evidence submitted by Defendants. (Mpa's, pp.2:10-15; 2:17-25; 3:1-2; 3:3-13; 3:14-17; 4:5-8; 4:12-17) The Court has the evidence before it to consider all of the factors that both *Greer* and the "primary-purpose" test require, which was applied by this Court in its original ruling and by the Ninth Circuit in *Greer*. In a confusing discussion, Plaintiffs seem to say that because *Greer* did not make a blanket ruling that every record that relates to CIRB in every instance and in every case is privileged, then Defendants are not entitled to reconsideration. The analysis is confusing and meritless.

The Court in *Greer* took issue with the finding by the District Court that the primary-purpose of the CIRB process was <u>not</u> to "assess legal liability for past events and avoid legal liability for future events" and ruled to the contrary. (*Greer v. Cnty. of San Diego*, 127 F.4th at 1226-27). This Court is bound by the ruling in *Greer* as to the primary purpose of the CIRB process so long as the CIRB process is the same. There is no claim by Defendants to the contrary. The Baranic declaration is unimpeached by any evidence submitted by Plaintiffs in opposition to the Motion to Compel or this motion. Mr. Baranic states:

> "4.   As the Chief Legal Advisor and Director of Legal Affairs, I am a member of the Sheriff's Executive Team and oversee the Sheriff's Legal Affairs Unit which provides legal advice to the Sheriff, Command Staff, and all Department employees. Additionally, as the Chief Legal Advisor, I am on the Sheriff's Department Critical Incident Review Board (CIRB) in which my role's primary purpose is providing legal advice, assessing civil liability and exposure, and preparing for possible litigation in my capacity as department legal counsel and Chief Legal Advisor."

(Dkt. 420-1, p.2 of 21, ¶4)

He goes on at Paragraphs 12-27 describe the exact same CIRB process being considered by the Court in *Greer*, to the extent there can be any legitimate dispute that the Court in *Greer* and this Court are dealing with a different CIRB. (Id, ¶12-27))

There is no requirement that the Court examine the CIRB Reports *in camera* as Plaintiffs suggest and *Greer* makes no such finding. This Court is certainly within its right to request copies of the documents at issue for an *in camera* review, as it did in connection with Plaintiff's Motion to Compel in the first instance, and has copies of a portion of the CIRB reports which were resubmitted as part of Judge Battaglia's order regarding Motions to Seal. But it is not a requirement in order to prevail on the Motion for Reconsideration. Mr. Baranic's declaration at Paragraphs 8 through 11 describe the 25 reports originally at issue in the motion, and the factual information he provides about their format, purpose and general content without disclosure of the privileged information itself, extends to the additional 9 that were provided to the Court after the initial ruling that the primary purpose was not to provide legal advice. The Court need only look at what was already provided to make this determination.

Finally, Plaintiffs assert that the Court has no authority to make the orders necessary to "un-ring the bell" to the extent possible. The claim is meritless. *Greer* itself gives the Court authority to order "return and/or destruction of the disputed documents, which are privileged." This Court may issue the orders necessary to enforce a ruling that the documents are privileged and ensure that the documents have been destroyed and all efforts have been undertaken by Plaintiffs and their attorneys to regain possession of documents and enable Defendants to know who has received copies of the CIRB Reports and the expert reports containing privileged information. Plaintiffs continue to engage in a game about their expert reports as evidenced by the opposition, and the fact that the expert reports contained

direct quotes from the CIRB Reports in addition to statements, conclusions and opinions derived directly from the CIRB Reports. The breadth of relief requested is necessary as evidenced by Plaintiffs disregard for the privileged nature of the information on the law firm website leading to a prolonged and unpleasant exchange between counsel to finally have it removed.

## **CONCLUSION**

For the foregoing reasons and those set forth in the moving papers, the Court should order the requested relief and grant Defendants' Motion for Reconsideration.

Dated: April 29, 2025                     BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ *Elizabeth Pappy*
Susan E. Coleman
Elizabeth M. Pappy
Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on this 14 day of April, 2025, I electronically filed the foregoing **Reply Memorandum Of Points And Authorities In Support Of Defendants' Motion For Reconsideration Of Order [Dkt. 468] Granting Plaintiffs' Motion To Compel Production Of Cirb Reports** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Gay C. Grunfeld, Esq.<br>Van Swearingen, Esq.<br>Michael Freedman, Esq.<br>Eric Monek Anderson, Esq.<br>Hannah M. Chartoff, Esq.<br>Benjamin W. Holston, Esq.<br>Kedra Chan<br>Rosen Bien Galvan & Grunfeld LLP<br>101 Mission Street, Sixth Floor<br>San Francisco, CA 94105-1738<br>Telephone: 415.433.6830<br>Facsimile: 415.433.7104<br>Email: ggrunfeld@rbgg.com<br>Email: vswearingen@rbgg.com<br>Email: mfreedman@rbgg.com<br>Email: eanderson@rbgg.com<br>Email: hchartoff@rbgg.com<br>Email: bholston@rbgg.com<br>Email: kchan@rbgg.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |
| Aaron J. Fischer, Esq.<br>Law Office of Aaron J. Fischer<br>1400 Shattuck Square Suite 12 - #344<br>Berkeley, California 94709<br>Telephone: 510.806.7366<br>Facsimile: 510.94.6314<br>Email: ajf@aaronfischerlaw.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |

| | |
|---|---|
| Christopher M. Young, Esq.<br>Isabella Neal, Esq.<br>Oliver Kiefer, Esq.<br>DLA Piper LLP<br>4365 Executive Drive, Suite 1100<br>San Diego, CA 92121<br>Telephone: 858.677.1400<br>Facsimile: 858.677.1401<br>Email: christopher.young@dlapiper.com<br>Email: isabella.neal@dlapiper.com<br>Email: oliver.kiefer@dlapiper.com | *Attorneys for Plaintiffs and the Certified Class and Subclasses* |
| Eugene P. Ramirez, Esq.<br>Marguerite L. Jonak, Esq.<br>David Fleck, Esq.<br>MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP<br>801 S. Figueroa Street, 15th Floor<br>Los Angeles, CA 90017-3012<br>Telephone: 213.624.6900<br>Facsimile: 213.624.6999<br>Email: eugene.ramirez@manningkass.com<br>Email: marguerite.jonak@manningkass.com<br>Email: david.fleck@manningkass.com | *Attorneys for Non-Party NAPHCARE OF SAN DIEGO LLC* |

I also certify the document and a copy of the Notice of Electronic Filing was served via email on the following non-CM/ECF participants:

/s/ *Komal Prasad*
Komal Prasad