

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>                Defendants. | Case No.:  20-cv-406-AJB-DDL<br><br>**SECOND SUPPLEMENTAL ORDER RE PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**Dkt. No. 797** |

On May 14, 2025, the undersigned issued an Order finding "the attorney-client privilege applies to the CIRB Report information contained in the expert reports of Gary Raney, Kelly Ramsey and Pablo Stewart" under *Greer v. Cnty. of San Diego*, 127 F.4th 1216 (9th Cir. 2025).  Dkt. No. 915.  The undersigned also found the "present record is insufficient to determine whether the privilege applies to the CIRB Report information contained in the expert report of Jeffrey Keller," and ordered the County to file a supplemental brief explaining "why the CIRB report pertaining to the in-custody death of Raymond Dix is privileged."  Dkt. No. 915 at 6. Chief Legal Advisor of the San Diego County Sheriff's Office, Michael Baranic, timely filed a declaration.   Dkt. No. 919 ("Baranic Decl."). For the reasons discussed below and in its previous Order, the Court finds Mr. Keller's expert report contains information from CIRB Reports that is privileged under *Greer*.

The Court discussed the holding in *Greer* and the factual background of this case in detail in its previous Order. Dkt. No. 915 at 3-4. In relevant part, the Ninth Circuit noted the CIRB's stated purpose is "to consult with department legal counsel when an incident occurs which may give rise to litigation" and that "the County's current and former Chief Legal Advisors both averred that consulting with counsel is the primary purpose of the CIRB." *Greer*, 127 F.4th at 1226. The Ninth Circuit concluded:

> Here, the CIRB reports contained in the record meet the criteria for attorney-client privilege. Department Policy required the Chief Legal Advisor to be part of the CIRB, and there is no contention that the Chief Legal Advisor was absent from any of the meetings memorialized in the reports. In each instance, areas of potential liability for the inmate's death were discussed. In most instances, counsel participated actively by asking questions designed to understand and, where appropriate, by highlighting areas of potential liability. . . . In short, both the participants in the CIRB and its critics consistently viewed the primary purpose of the CIRB as assessing legal liability for a past event and avoiding legal liability for future similar events. The district court's ruling to the contrary was erroneous.

*Id.*

Accordingly, in its previous Order, the Court "read[] *Greer* to hold the Chief Legal Advisor's presence at a CIRB meeting renders the ensuing CIRB Reports privileged in [their] entirety regardless of whether the Chief Legal Advisor actively participates in the meeting." Dkt. No. 915 at 5-6. The Court's *in camera* review of documents indicated that neither the Chief Legal Advisor nor the Deputy Chief Legal Advisor attended the CIRB meeting pertaining to the death of Raymond Dix that is referenced in Jeffrey Keller's report; instead, Heidi Williams from "CIRB BOARD LEGAL" attended. *Id.* at 6.

Mr. Baranic's declaration demonstrates Ms. Williams' presence at the CIRB meeting likewise renders the ensuing CIRB Report privileged in its entirety. Specifically, Ms. Williams "was an attorney licensed to practice law in the State of California and employed by the Sheriff's Office as Sheriff's Legal Advisor." Baranic

Decl. ¶ 8.  Mr. Baranic "designated Ms. Williams to take [his] place as Sheriff's Legal Advisor at the September 20, 2023, CIRB meeting regarding Raymond Dix's in custody death," as was Mr. Baranic's practice when he was off work.  *Id.* ¶ 9. "Ms. Williams was responsible to fill the same role and maintain the same confidentiality with regard to the meetings, communications and CIRB reports."  *Id.* ¶ 10.  Therefore, the Court finds that under *Greer*, the attorney-client privilege applies to the CIRB Report information contained in the expert report of Jeffrey Keller.

**IT IS SO ORDERED.**

Dated: May 22, 2025

_____
Hon. David D. Leshner
United States Magistrate Judge

20-cv-406-AJB-DDL