# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al., <br><br> Defendants. | Case No.: 20-cv-406-AJB-DDL <br><br> **ORDER RE DISCOVERY FOR FACT CUTOFF DATE OF FEBRUARY 3, 2025** |

On May 20, 2025, the Court set a fact cutoff date of February 3, 2025. Dkt. No. 918. The parties have engaged in extensive meet and confer efforts and, to their credit, have largely agreed as to the additional fact discovery that Defendants will produce in light of the fact cutoff date. Dkt. No. 922.

As discussed in the parties' joint status report (Dkt. No. 922) and at a status conference on June 2, 2025, the sole area of disagreement is whether Defendants must produce records pertaining to the deaths of three individuals: Jose Ramon Cervantes Conejo, Abdul Kamara, and Eric Van Tine. Plaintiffs contend these individuals "died after experiencing significant injuries while in-custody and incarcerated at the San Diego County Jail" and that "[r]ecords should be produced for these three deaths because the deaths were proximately caused by injuries

that were sustained and/or experienced in the San Diego County Jail." *Id.* at 4-6. On the other hand, Defendants argue "[t]he three deceased individuals did not die in the custody of the Sheriff's Office and they did not pass away in custody as defined by the Complaint and the issues raised therein" because "[n]one of the three individuals . . . fall within the definition of an in custody death." *Id.* at 6-7.

As discussed at the June 2 hearing, the issue presented is whether records relating the deaths of these three individuals in December 2023 and March 2024, *i.e.*, prior to the fact cutoff date, are relevant to a claim or defense and proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Based on the current record, the Court concludes Plaintiffs have made a sufficient showing that the records are relevant to a claim or defense. Plaintiffs presented evidence that (1) Kamara was arrested by Sheriff's Department deputies and sustained injuries while awaiting booking at the Vista Detention Facility, (2) Cervantes Conejo fell while in custody at the Vista Detention Facility, and (3) Van Tine was beaten by another inmate in a cell at the San Diego Central Jail. Given that each of these individuals allegedly sustained fatal injuries in a San Diego County jail, information relating to these deaths is relevant to a claim or defense irrespective of whether the information is ultimately determined to be admissible at trial. *See* Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). Moreover, the production of records relating to these three deaths is proportional to the needs of the case.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

For the foregoing reasons, Defendants must produce records pertaining to the deaths of these three individuals consistent with the parties' agreement as to in-custody death records described in the joint status report.

**IT IS SO ORDERED.**

Dated: June 4, 2025

*David Leshner*

Hon. David D. Leshner
United States Magistrate Judge