UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,,<br><br>                       Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>                       Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO FILE UNDER SEAL DOCUMENTS FILED WITH PLAINTIFFS' SUR-REPLY;**<br><br>**(2) GRANTING IN PART AND DENYING IN PART AMENDED MOTION TO SEAL EXHIBITS TO PLAINTIFFS' MOTION TO EXCLUDE OPINIONS OF DEFENDANTS' EXPERT;**<br><br>**(3) GRANTING MOTION TO SEAL SECTIONS OF FILED EXPERT DECLARATIONS WHICH REFERENCE COUNTY'S CIRB REPORTS**<br><br>**(Doc. Nos. 840; 853; 856)** |

       Before the Court are three motions to seal: (1) Plaintiffs' motion to file under seal documents filed with Plaintiffs' sur-reply in opposition to Defendants' motion for partial

1

summary judgment (Plaintiffs' Sur-Reply Motion to Seal") (Doc. No. 840); (2) Plaintiffs' amended motion to seal exhibits to Plaintiffs' motion to exclude opinions of Defendants' experts ("Plaintiffs' Amended Motion to Seal") (Doc. No. 853); and (3) Defendant County of San Diego's ("County") motion to seal sections of filed expert declarations which reference the County Sheriff's Critical Incident Review Board ("CIRB") reports ("County's Motion to Seal") (Doc. No. 856). The three motions to seal are unopposed. (*See* Doc. Nos. 873; 877.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds these motions suitable for determination on the papers and without oral argument. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Sur-Reply Motion to Seal (Doc. No. 840), **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Amended Motion to Seal (Doc. No. 853), and **GRANTS** the County's Motion to Seal (Doc. No. 856).

I.   **LEGAL STANDARD**

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). The court must consider these interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (internal quotations omitted).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden

depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

## II. DISCUSSION

### A. Plaintiffs' Sur-Reply Motion to Seal (Doc. No. 840)

Plaintiffs move to seal portions of Exhibits B and C to the concurrently-filed Declaration of Van Swearingen in Support of Plaintiffs' Sur-Reply re: Defendants' Motion for Partial Summary Judgment. (Doc. No. 840 at 3.) Exhibits B and C are excerpts from the medical records of class members, which Defendants produced to Plaintiffs on March 3, 2025, pursuant to Court Order. (*See* Doc. No. 824.) Plaintiffs argue compelling reasons exist to grant their request as their request to seal is narrowly tailored and they seek only to seal information in those medical records that is unrelated to the medical issues put at issue in the class members' original declaration. (Doc. No. 840 at 4.)

Because a motion for summary judgment is more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant the motion to seal. *See Ctr. for Auto Safety*, 809 F.3d at 1099–1102.

The Court recognizes that the need to protect medical privacy has qualified as a

"compelling reason" for sealing records. *See, e.g.*, *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *n.1 (N.D. Cal. Jan. 10, 2011). However, the Court also recognizes that the presumptive public right of access addressed in *Kamakana* requires redaction of only those portions of the documents which warrant sealing. *See Bovier v. Bridgepoint Educ./Ashford Univ.*, Case No.: 3:17-cv-01052-GPC-JMA, 2018 WL 11411260, at *2 (S.D. Cal. June 27, 2018). The "compelling reasons" rule requires the parties to "narrowly tailor[] their request to redact only the portions of the filings and the precise exhibits" that are deemed confidential. *See In Re Qualcomm Litig.*, No. 17-cv-108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal, Nov. 8, 2017).

Here, to a certain extent, Plaintiffs have put their medical history at issue in this case. Of course, even where a plaintiff has put their medical history at issue, "that does not mean that the entirety of [their] medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public." *Carmichael v. Aranas*, Case No. 3:17-cv-00025-MMD-WGC, 2017 WL 955183, at *2 (D. Nev. Mar. 10, 2017). For these reasons, the Court agrees with Plaintiffs. The exhibits at issue make references to Plaintiffs' medical issues unrelated to the medical issues identified in the person's declaration and thus unrelated to the underlying motion. Release of this information to the public could potentially embarrass or injure Plaintiffs. Moreover, balancing the need for the public's access to information regarding the provision of medical care at the jails weighs strongly in favor of sealing. Accordingly, the Court **GRANTS** Plaintiffs' Sur-Reply Motion to Seal pertaining to the limited medical information identified above.

### B.    Plaintiffs' Amended Motion to Seal (Doc. No. 853)

Plaintiffs move to seal portions of exhibits filed in support of Plaintiffs' motion to exclude opinions of Defendants' experts. (Doc. No. 853 at 3–4.) The exhibits include expert reports and excerpts from expert deposition transcripts. (*Id.*) Plaintiffs previously moved to seal larger portions of these documents containing information Defendants had designated confidential pursuant to the Amended Stipulated Protective Order in this case.

(Doc. No. 780.) On December 18, 2024, Magistrate Judge David D. Leshner ("Judge Leshner") issued an order denying that large swaths of information designated as confidential by Defendants be maintained as confidential. (Doc. No. 785.) Consistent with Judge Leshner's opinion, this Court denied Plaintiffs' first motion to seal. (Doc. No. 825.) On March 6, 2025, the Court ordered the parties to file an amended motion to seal if they wished to seal any information filed in connection with Plaintiffs' motion to exclude opinions of Defendants' experts. (Doc. No. 830.) Plaintiffs filed the instant amended motion to seal portions of the following exhibits ("*Daubert* exhibits") now containing only limited redactions:

- Exhibit A, Rule 26 Report of Defendants' Expert Dr. Owen Murray
- Exhibit B, Rule 26 Report of Defendants' Expert Dr. Joseph Penn
- Exhibit C, Rule 26 Report of Defendants' Expert Dr. Scott Reinecke
- Exhibit D, Rule 26 Report of Defendants' Expert Lenard Vare
- Exhibits N-O, Excerpts from the Rule 26 Report and Rebuttal Report of Plaintiffs' Expert Dr. Pablo Stewart
- Exhibits P-Q, Excerpts from the Rule 26 Report and Rebuttal Report of Plaintiffs' Expert Dr. Jeffrey Keller
- Ex. W, Excerpts from the Transcript of the Deposition of Dr. Murray
- Ex. Z, Excerpts from the Transcript of the Deposition of Dr. Reinecke

(*See* Doc. No. 853 at 4.)

Because a *Daubert* motion is more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant the motion to seal. *See In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 119-20 (9th Cir. 2012) (applying compelling reasons standard to documents filed in connection with a *Daubert* motion); *ImprimisRx, LLC v. OSRX, Inc.*, No. 21-cv-01305-BAS-DDL, 2023 WL 7029209, at *1 (S.D. Cal. Oct. 24, 2023) (same).

Plaintiffs argue compelling reasons exist to seal the following categories of

information within the *Daubert* exhibits: (1) confidential medical information of class members; (2) information about decedents that is unrelated to their deaths; (3) irrelevant and sensitive information about the conduct of class representatives; (4) the contact information of one of Defendants' experts; and (5) information derived from CIRB reports. (Doc. No. 853 at 5.)

First, Plaintiffs proposed narrowly tailored redactions to their exhibits to seal class members' confidential medical information and information about specific prior diagnoses or medications related to individuals who died in-custody. (*Id.* at 6.) The Court recognizes the need to protect medical privacy has qualified as a "compelling reason" for sealing records. *See, e.g., San Ramon Reg'l Med. Ctr., Inc.*, 2011 WL 89931, at *n.1. However, the Court also recognizes that the presumptive public right of access addressed in *Kamakana* requires redaction of only those portions of the documents which warrant sealing. *See Bovier*, 2018 WL 11411260, at *2. For these reasons, and consistent with the Court's prior sealing orders (*see* Doc. No. 823), the Court agrees with Plaintiffs that their proposed narrowly tailored redactions to information referencing class members' confidential medical information and information about people who have died in-custody that is unrelated to their deaths merit sealing.

Next, Plaintiffs move to seal information about individual class representatives' drug use and prior "arrests and long-ago charges" found in the expert report of Defendants' expert, Lenard Vare, which is Exhibit D to the Swearingen Declaration. (*See* Doc. Nos. 853 at 7; 853-1 at 399.) Plaintiffs assert "the nature of the information is sensitive" and is not at issue in the case. (Doc. No. 853 at 7.) However, Plaintiffs do not provide any reasons as to why this information is particularly sensitive or how it may be improperly used. (*See generally id.*) Additionally, Plaintiffs do not cite to any legal authority in support of their motion to seal this kind of information, and the Court is unaware of any. In fact, other courts have found information regarding a plaintiff's drug and alcohol use to not satisfy the "compelling reasons" standard to seal. *See Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018). Given the strong

presumption of public access to judicial records relating to a dispositive motion, and given this information is only pertaining to named Plaintiffs who have put their personal histories at issue in this case, the Court does not find compelling reasons to seal this information. "Although disclosure of this information may be embarrassing for Plaintiff[s], '[t]he mere fact that the production of records may lead to a litigant's embarrassment . . . will not, without more, compel the court to seal its records.'" *Hadley*, 2018 WL 7814785, at *3 (quoting *Kamakana*, 447 F.3d at 1179).

Plaintiffs also proposed redactions to seal information derived from CIRB reports. (Doc. No. 853 at 7.) In *Greer v. County of San Diego,* the Ninth Circuit concluded the attorney-client privilege applied to the entirety of every CIRB report at issue in the case and reversed the order unsealing the documents. *Greer v. Cnty. of San Diego*, 127 F.4th 1216, 1226 (9th Cir. 2025). Consistent with Judge Leshner's May 14, 2025, and May 22, 2025, Orders finding that under *Greer*, the attorney-client privilege applies to the CIRB Report information contained in the expert reports of Gary Raney, Kelly Ramsey, Pablo Stewart, and Jeffrey Keller (Doc. Nos. 915, 920), the Court finds compelling reasons to seal portions of Plaintiffs' exhibits containing privileged CIRB report information. *See Greer*, 127 F. 4th at 1226–27.

Finally, Plaintiffs move to seal the personal address and contact information of Plaintiffs' expert, Dr. Joseph Penn. (Doc. No. 853 at 7.) Consistent with this Court's prior sealing order (*see* Doc. No. 823 at 6), the Court finds compelling reasons exist to seal this information to protect the individual privacy of a retained expert.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Amended Motion to Seal. The Court **GRANTS** Plaintiffs' Amended Motion to Seal information pertaining to confidential medical information of class members, information about decedents that is unrelated to their deaths, privileged information derived from CIRB reports, and the contact information of Dr. Penn. The Court **DENIES** Plaintiffs' Motion to Seal portions of Exhibit D to the Swearingen Declaration, the expert report of Defendants' expert, Lenard Vare, containing information regarding class members' substance use and

1 | prior arrests.

### C. The County's Motion to Seal (Doc. No. 856)

The County moves to seal certain portions of expert declarations previously filed by Plaintiffs in support of Plaintiffs' opposition to the County's motion for partial summary judgment (Doc. No. 796), and in support of Plaintiffs' *Daubert* motion (Doc. No. 779), which reference the San Diego County Sheriff's CIRB reports related to the jail system. (Doc. No. 856 at 2.) The County argues compelling reasons exist for sealing references to the County's CIRB reports due to recent Ninth Circuit authority deeming CIRB reports to be privileged. (*Id.* at 4.)

Because both a motion for summary judgment and a *Daubert* motion are more than tangentially related to the merits of the case, the compelling reasons standard applies in determining whether to grant the motion to seal. *See Ctr. for Auto Safety*, 809 F.3d at 1099–1102; *see also In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d at 119-20; *Pulse Elecs., Inc. v. U.D. Elec. Corp.*, 530 F. Supp. 3d 988, 998 –99 (S.D. Cal. 2021) (applying "compelling reasons" standard to motion to seal in connection with *Daubert* and summary judgment motion).

In *Greer,* the Ninth Circuit concluded the attorney-client privilege applied to the entirety of every CIRB report at issue in the case and reversed the order unsealing the documents. *Greer*, 127 F. 4th at 1226–27. Consistent with Judge Leshner's May 14, 2025, and May 22, 2025, Orders finding that under *Greer*, the attorney-client privilege applies to the CIRB Report information contained in the expert reports of Gary Raney, Kelly Ramsey, Pablo Stewart, and Jeffrey Keller (Doc. Nos. 915, 920), the Court finds compelling reasons to seal portions of expert declarations containing privileged CIRB report information. *See Greer*, 127 F. 4th at 1226–27.

Accordingly, the Court **GRANTS** the County's Motion to Seal portions of expert declarations filed by Plaintiffs in support of Plaintiffs' opposition to the County's motion for partial summary judgment (Doc. No. 796), and in support of Plaintiffs' *Daubert* motion (Doc. No. 779), containing privileged CIRB report information.

## III. CONCLUSION

Based on the foregoing, the Court:

1. **GRANTS** Plaintiffs' Sur-Reply Motion to Seal (Doc. No. 840);
2. **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' Amended Motion to Seal (Doc. No. 853); and
3. **GRANTS** the County's Motion to Seal (Doc. No. 856).
4. Consistent with this Order, the Court **ORDERS** Plaintiffs to refile Exhibit D to the Swearingen Declaration containing the expert report of Defendants' expert, Lenard Vare, removing any redactions pertaining to class members' substance use or prior arrests.

**IT IS SO ORDERED.**

Dated: August 4, 2025

Hon. Anthony J. Battaglia
United States District Judge