UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**ORDER MOTION TO SEAL**<br><br>**(Doc. No. 944)** |

Before the Court the Court is Plaintiffs' August 1, 2025 Motion to File Under Seal. (Doc. No. 944.) Pursuant to Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the papers and without oral argument. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion to File Under Seal.

1

| | |
|---|---|
| 1 | Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). |

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

During the July 31, 2025 hearing on Plaintiffs' Motion for Attorneys' fees, the Court had concerns regarding the expert witness fees of Syroun Sanossian and requested that Plaintiffs file the Parties' four expert reports on the docket after the hearing. (Doc. No. 944 at 4.) In response to the Court's request, Plaintiffs seek to file four exhibits under seal— Exhibits A, B, C, and D to the concurrently filed Supplemental Declaration of Gay Crosthwait Grunfeld in Support of Plaintiffs' Motion for Interim Attorneys' Fees and Costs. (Doc. No. 944 at 3.) Exhibits A, B, and C are the expert reports of Plaintiffs' expert Syroun Sanossian of SZS Engineering, Inc., Defendants' expert Paul Joelson, and Defendants' expert Julian Martinez. (*Id.*) Exhibit D is the Rebuttal Expert Report of Syroun

Sanossian. (*Id.*)

Plaintiffs' motion for attorneys' fees has no effect on, and is only tangentially related to, the underlying merits of the case. *See Ctr. for Auto Safety*, 809 F.3d at 1099 (9th Cir. 2016); *see, e.g., Strike 3 Holdings, LLC v. Doe*, No. 21-CV-63-AJB-AHG, 2023 WL 11994280 (S.D. Cal. Sept. 11, 2023), *aff'd*, No. 23-2782, 2024 WL 4601590 (9th Cir. Oct. 29, 2024) (applying good cause standard because issues in attorneys' fees motion were only tangentially related to the merits of the case); *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3960068, at *33 (N.D. Cal. Aug. 17, 2018) (same); *MacDonald v. Ford Motor Co.*, No. 13-CV-02988-JST, 2016 WL 7826647, at *2 (N.D. Cal. Mar. 7, 2016) (same). Therefore, the "good cause" standard applies.

The purpose of submitting the reports is for the Court to review and assess the reasonableness of the SZS Engineering invoices. (Doc. No. 944 at 4.) Portions of the reports refer to locations within the jail facilities and other matters that may qualify for protection under the parties' protective order. The Court finds the requisite good cause exists to file the aforementioned exhibits under seal. Accordingly, the Court **GRANTS** Plaintiffs' Motion to File Under Seal. (Doc. No. 944.)

**IT IS SO ORDERED.**

Dated: August 6, 2025

Hon. Anthony J. Battaglia
United States District Judge