1   Susan E. Coleman (SBN 171832)
    E-mail: scoleman@bwslaw.com
2   Deann Rivard (SBN 177482)
    drivard@bwslaw.com
3   Martin Kosla (SBN 247224)
    E-mail: mkosla@bwslaw.com
4   BURKE, WILLIAMS & SORENSEN, LLP
    501 West Broadway, Suite 1600
5   San Diego, CA 92101-8474
    Tel: 619.814.5800 Fax: 619.814.6799
6
    Elizabeth M. Pappy (SBN 157069)
7   E-mail: epappy@bwslaw.com
    BURKE, WILLIAMS & SORENSEN, LLP
8   60 South Market Street, Ste. 1000
    San Jose, CA 95113-2336
9   Tel: 408.606.6300 Fax: 408.606.6333

10  Attorneys for Defendants
    COUNTY OF SAN DIEGO, SAN DIEGO
11  COUNTY SHERIFF'S DEPARTMENT and
    SAN DIEGO COUNTY PROBATION
12  DEPARTMENT

13              UNITED STATES DISTRICT COURT

14              SOUTHERN DISTRICT OF CALIFORNIA

15

16  DARRYL DUNSMORE, ANDREE                Case No. 3:20-cv-00406-AJB-DDL
    ANDRADE, ERNEST ARCHULETA,
17  JAMES CLARK, ANTHONY                   **DEFENDANTS EX PARTE**
    EDWARDS, REANNA LEVY, JOSUE            **APPLICATION TO CONTINUE**
18  LOPEZ, CHRISTOPHER NORWOOD,            **THE PRE-TRIAL CONFERENCE**
    JESSE OLIVARES, GUSTAVO                **AND PRETRIAL FILINGS BY 30 +**
19  SEPULVEDA, MICHAEL TAYLOR,             **DAYS**
    and LAURA ZOERNER, on behalf of
20  themselves and all others similarly    *Filed concurrently with Declarations of*
    situated,                              *Susan E. Coleman, Elizabeth M. Pappy.*
21                                         *and [Proposed] Order*
                 Plaintiffs,
22                                         [NO ORAL ARGUMENT
          v.                               REQUESTED]
23
    SAN DIEGO COUNTY SHERIFF'S             Judge: Anthony J. Battaglia
24  DEPARTMENT, COUNTY OF SAN
    DIEGO, SAN DIEGO COUNTY                Magistrate Judge David D. Leshner
25  PROBATION DEPARTMENT, and
    DOES 1 to 20, inclusive,
26
                 Defendants.
27

28  ///

1    Defendants COUNTY OF SAN DIEGO, SAN DIEGO COUNTY

2    SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION

3    DEPARTMENT, as more fully set forth in the accompanying declarations of

4    counsel Susan Coleman and Beth Pappy, respectfully request this Court continue the

5    Pretrial dates **by at least 30 days**, for good cause as set forth below.  A jointly

6    Proposed Pretrial Conference Order is due on December 5, 2025, and the same date

7    is set as the last day to meet and confer about the filing.  The Pretrial Conference is

8    set for January 15, 2026, and at that time the Trial date will be set along with

9    potential phases of trial.

10    However, the Parties have been actively involved in regular settlement

11    discussions on the mental health cause of action with Magistrate Judge Leshner, for

12    8 months (with 18 separate sessions) and last week had a full week of ADA

13    Inspections at all 7 County Jails (from 8 am to 5 pm daily plus travel time before

14    and after each date on November 17, 2025 to November 21, 2025) with the neutral

15    expert Julian Martinez attending. The Parties have also been addressing Plaintiffs'

16    claims for attorneys' fees on the ADA claim. Both Parties are interested in settling

17    the medical/dental cause of action, which is anticipated to take some time to

18    negotiate, if the mental health claim is any indication.  Defendants would prefer to

19    settle any appropriate claims before proceeding to trial, for reasons of economy,

20    conservation of resources (both attorney and judicial), and efficiency.

21    **I.    ARGUMENT**

22    Defendants seek to continue the deadline to file the Proposed Pretrial Order

23    and the Pretrial Conference by at least 30 days, to avoid prejudice. The Proposed

24    Pretrial Order is due on December 5, 2025, with the last day to meet and confer set

25    for the same date, and a Pretrial Conference is set for January 15, 2026. This motion

26    is brought in the interests of efficiency of time and effort for the litigants and the

27    court. Further, if additional claims can be resolved (such as medical and dental), that

28    should occur prior to trial.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4931-7147-9932 v1

2

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' EPA TO STAY PRE-TRIAL
FILINGS, BY 30 + DAYS

1    This Court has inherent power to control the disposition of the causes on its

2  docket with economy of time and effort for itself, for counsel, and for litigants,

3  including the power to stay proceedings. *Landis v. North American Co.*, 299 U.S.

4  248, 254 (1936). In this case, there is good cause to continue the Pretrial filing

5  deadlines and the Pretrial Conference.

6    **A.    Good Cause Exists to Continue Pretrial Dates**

7    On October 10, 2025, Plaintiffs' counsel filed a voluminous Motion for

8  Preliminary Injunction [Dkt 976] seeking to limit placement of incarcerated persons

9  with SMI (serious mental illness) in Administrative Separation. It had attached 16

10  declarations of incarcerated persons, in addition to declarations of their mental

11  health expert Dr. Pablo Stewart, a declaration of counsel, and numerous exhibits.

12  The total page count for the motion including the declarations/exhibits in support

13  was 2675 pages.  (Coleman Decl. ¶ 2.)  The Motion for Preliminary Injunction filed

14  by Plaintiffs covered issues that were already being discussed within the Parties'

15  ongoing settlement negotiations regarding the provision of mental health in the

16  County Jails. Nevertheless, due to the timelines of the briefing schedule [Dkt 981],

17  defense counsel Coleman and Pappy had to drop everything else and spend nine

18  long days (10+ hours daily) reading the briefs, reaching out to the County Sheriff's

19  Office for information and documents to respond to the allegations, digesting the

20  information received, preparing numerous declarations and exhibits in support of

21  Defendants' Opposition brief, and drafting the opposition brief.  (*Id.* ¶ 3.) This brief

22  was not expected given the progress of negotiations and it took up valuable time that

23  otherwise could have been spent working on Pretrial preparation. (*Id.*)

24    During the week of November 17 to 21, 2025, Ms. Coleman attended a full

25  week of ADA Jail inspections scheduled from 8 am to 5 pm daily (not including

26  travel), attended by the Parties' neutral ADA expert Julian Martinez, Plaintiffs'

27  counsel, Ms. Coleman, in addition to Sheriff's Office staff.  The inspections toured

28  all 7 Jails to view the modifications made to cells, showers, and other spaces, and to

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4931-7147-9932 v1

3

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' EPA TO STAY PRE-TRIAL
FILINGS, BY 30 + DAYS

1  allow Mr. Martinez to interview both staff and incarcerated persons about

2  compliance.  After returning home at 6 p.m. or later each evening (after departing at

3  7 a.m.), defense counsel had time only to triage and respond to emails. (Coleman

4  Decl. ¶ 4.)

5       The Parties have been trying to settle the mental health cause of action for

6  approximately 7 months, and have held 18 separate settlement conferences between

7  February 5, 2025 and November 10, 2025 with Judge Leshner toward that end, with

8  significant back and forth on drafts of the agreement and involvement of a mental

9  health "neutral" expert, Dr. Tim Belavich, approved by the court and both parties.

10  (*Id*. ¶ 5.) The County and defense counsel are optimistic the claim will settle;

11  however, negotiations were stalled by Plaintiffs' Motion for Preliminary Injunction

12  seeking to move incarcerated persons with SMI (serious mental illness) out of

13  Administrative Separation and the need to respond to it right away. (*Id*.)  The

14  County and defense counsel now have a short deadline to return a working draft of

15  the settlement agreement back to Plaintiffs on November 26, 2025, with another

16  Settlement Conference set for December 5, 2025.  (*Id*.)

17       Defense counsel have previously expressed to both Magistrate Judge Leshner

18  and to Plaintiffs' counsel that the County is willing to explore settlement of the

19  Medical/Dental cause of action. Given the settlement of the ADA claim, the progress

20  of settlement negotiations on the mental health claim, and the willingness to discuss

21  settlement on the medical/ dental claim, these negotiations should precede any trial in

22  the interest of judicial efficiency if the Parties can resolve claims prior to trial. (*Id*. ¶

23  6.)

24       On October 21, 2025, Plaintiffs' counsel also sent a demand for additional

25  attorney's fees associated with various aspects of their work to date and demanded

26  meet and confers on the issue at the same time defense counsel were dealing with the

27  injunction motion and opposition. (*Id*. ¶ 7.) Given the above, in addition to full

28  litigation schedules on other matters, combined with the need to oppose the unplanned

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Camarillo

4931-7147-9932 v1

4

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' EPA TO STAY PRE-TRIAL
FILINGS, BY 30 + DAYS

Motion for Preliminary Injunction and to engage in ongoing settlement discussions on the mental health claim, it would prejudice Defendants if additional time is not provided to prepare the Proposed Pretrial Order and to attend the Pretrial Conference. (*Id*. ¶ 8.)

Defense counsel Susan Coleman and Beth Pappy are the primary attorneys who handle 95% of the defense work in this matter. In contrast, Plaintiffs' counsel have anywhere between 7 and 10 attorneys working on this matter at all times. Plaintiffs' counsel pursued the motion for injunction knowing it would significantly delay settlement discussions and that it was close to the pretrial briefing deadlines, clearly knew about full the week of inspections, recently demanded thousands of additional dollars in attorney's fees on the ADA claim with threats of immediate motions if defense counsel did not drop everything and meet and confer, and they will not agree to the defense request for a modest continuance of the pre-trial deadline/hearing for 30 days—the amount of time by which the injunction set defense counsel back. Each of these actions by plaintiffs' counsel is staffed by a different groups of attorneys from three different law firms while defense counsel Coleman and Pappy are required to handle all of these matters as the lead attorneys for defendants. (*Id*. ¶ 9.)

**B.     The Parties Met and Conferred**

Defense counsel met and conferred with Plaintiffs' counsel via email about this request. Plaintiffs' counsel Gay Grunfeld stated they would not oppose a 10-day continuance of the Pretrial Order filing from December 5 to December 15, 2025, and would file a non-opposition to that request.  However, Plaintiffs' counsel did not agree to a longer extension and specifically noted that they opposed a change to the PreTrial Conference of January 15, 2025, unless there is "good progress" made on the mental health claim during the meeting on December 5, 2025, and there is a "plan for discussing medical and dental." (Coleman Decl. ¶ 11, and Ex. A thereto.)

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4931-7147-9932 v1                                        5                    Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' EPA TO STAY PRE-TRIAL
FILINGS, BY 30 + DAYS

## II.   CONCLUSION

Defendants respectfully request a 30-day or longer continuance of both the Proposed Pretrial Conference Order deadline and the timing of the Pretrial Conference, in order to prepare the documents and to meaningfully meet and confer. The Parties can certainly disagree about who is the blame for the fact that there is no settlement to date on the mental health claim; however, there can be no dispute that the filing of the Motion for Preliminary Injunction set the defense back almost 30 days. Thus, the request by defendants for a short continuance of 30+ days to file the Proposed Pretrial Order and to hold the Pretrial Conference is inherently reasonable. Accordingly, both the pretrial filing deadlines and conference should be continued by at least 30 days. This request is made in good faith and is not brought for reasons of delay.


Dated:  November 26, 2025                        BURKE, WILLIAMS & SORENSEN, LLP



                                                              By:  _____/s/ *Susan E. Coleman*_____
                                                                    Susan E. Coleman
                                                                    Elizabeth M. Pappy
                                                                    Attorneys for Defendants
                                                                    COUNTY OF SAN DIEGO, SAN
                                                                    DIEGO COUNTY SHERIFF'S
                                                                    DEPARTMENT and SAN DIEGO
                                                                    COUNTY PROBATION
                                                                    DEPARTMENT

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
CAMARILLO

4931-7147-9932 v1

6

Case No. 3:20-cv-00406-AJB-DDL
DEFENDANTS' EPA TO STAY PRE-TRIAL
FILINGS, BY 30 + DAYS