Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Deann Rivard (SBN 177482)
E-mail: drivard@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600
San Diego, CA 92101-8474
Tel: 619.814.5800  Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300  Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DECLARATION OF ELIZABETH PAPPY IN SUPPORT OF DEFENDANTS' EX PARTE APPLICATION TO CONTINUE THE PRE-TRIAL CONFERENCE AND PRETRIAL FILINGS BY 30+ DAYS**<br><br>*Filed concurrently with Ex Parte Application, Declaration of Susan E. Coleman, and [Proposed] Order*<br><br>[NO ORAL ARGUMENT REQUESTED]<br><br>Judge: Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN JOSE

4934-7904-0380 v1

1

Case No. 3:20-cv-00406-AJB-DDL
DECL OF EMP ISO DEFS' EPA TO CONTINUE
PTC AND FILING DEADLINES

I, Elizabeth M. Pappy, declare:

1. I am an attorney licensed to practice in all Courts in the State of California and in the Southern District of California. I am a partner at Burke, Williams and Sorensen, LLP, attorneys of record for Defendants in this matter. I make this declaration of my own personal knowledge and if called upon to testify to the contents hereof, I could do so competently.

2. I was in trial in mid-October on an unrelated matter and have been gearing up for trial since the beginning of last week for a trial beginning on Monday, December 1, 2025. I have another trial which starts on December 12, 2025 which I will start to prepare for as soon as the December 1st trial is completed.

3. Defense counsel lost three weeks on our settlement momentum to respond to Plaintiffs' Motion for Preliminary Injunction (on issues already encompassed within current settlement discussions) and argue the motion, and another week attending ADA Jail inspections all day every day. While I was preparing for the December 1st trial, preparing for the injunction arguments and flying to San Diego from the Bay Area for the hearing, Ms. Coleman was attending 5 days of Jail inspections from 8 am to 5 pm daily from November 17 to November 21, 2025.

4. On October 21, 2025, Plaintiffs counsel also sent a demand for additional attorney fees associated with various aspects of work to date and demanded meet and confers about the issue at the same time Ms. Coleman and I were dealing with the injunction, I was turning my attention to preparing pre-trial documents for my December 1st trial, working on a responsive settlement agreement proposal to Plaintiffs in this case, meeting and conferring with Plaintiffs about the attorney's fees demands, Ms. Coleman attending the inspections, and my preparation for and travel to the injunction hearing. Ms. Coleman and I are the primary attorneys who handle 95% of the work in this matter. Plaintiffs counsel have anywhere between 7 and 10 attorneys working on this matter at all times.

///

5. We have been trying to settle the mental health cause of action for months, and have held 18 separate settlement conferences between February 5, 2025 and November 10, 2025 with Judge Leshner. There has been significant back and forth on drafts of the agreement and involvement of a mental health "neutral" settlement expert, Dr. Tim Belavich, approved by the court and both parties. We are optimistic the claim will settle; however, negotiations were stalled for almost a month by Plaintiffs' Motion for Preliminary Injunction seeking to move incarcerated persons with serious mental illnesses out of Administrative Separation. I am working on a response to the most recent settlement proposal which is due November 26th in the midst of my trial preparation and another settlement conference scheduled for December 5th, after I've completed my trial.

6. In addition, we have previously expressed to both Magistrate Judge Leshner and to Plaintiffs' counsel that we are willing to explore settlement of the Medical/Dental cause of action. Given the settlement of the ADA claim, the progress of settlement negotiations on the mental health claim, and the willingness to discuss settlement on the medical/ dental claim, these negotiations should precede any trial in the interest of judicial efficiency if we can resolve claims prior to trial.

7. Plaintiffs' decision to file the preliminary injunction set us back almost an entire month and the impact the motion would have on settlement negotiations was made clear to Plaintiffs when they threatened the motion. The Plaintiffs pursued the injunction knowing it would significantly delay settlement discussions and its proximity to the trial setting, obviously knew about the week of inspections, demanded thousands of additional dollars in attorney's fees with threats of immediate motions if we did not drop everything and meet and confer, and will not agree to our request for a modest continuance of the pre-trial deadline/hearing for 30 days—the amount of time by which the injunction set us back. Each of these actions by

///

///

plaintiffs' counsel is staffed by a different grouping of the 7-10 attorneys while Ms. Coleman and I are required to handle these matters as the lead attorneys for defendants.

8. Defendants would suffer prejudice if additional time is not provided to prepare the Proposed Pretrial Order. We respectfully request a 30-day or longer continuance of both this deadline and the timing of the Pretrial Conference, in order to prepare the documents and to meaningfully meet and confer.

9. We met and conferred with Plaintiffs' counsel via email about this request. Plaintiffs' counsel Gay Grunfeld stated they would not oppose a 10-day continuance of the Pretrial Order filing from December 5 to December 15, 2025, and would file a non-opposition to that request. Plaintiffs' counsel noted that they opposed a change to the PreTrial Conference of January 15, 2025, unless there is "good progress" made on the mental health claim during the meeting on December 5, 2025, and there is a "plan for discussing medical and dental." The parties can certainly disagree about who is the blame for the fact that there is no settlement to date but there can be no dispute that the filing of the injunction set us back almost 30 days and thus the request by defendants is inherently reasonable and was anticipated by Plaintiffs.

I declare under penalty of perjury that the foregoing is true and correct of my own personal knowledge.

Executed this 25th day of November, 2025 at Fremont, California.

/s/ *Elizabeth M. Pappy*
Attorney for Defendants
E-mail: epappy@bwslaw.com

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Jose

4934-7904-0380 v1

4

Case No. 3:20-cv-00406-AJB-DDL
DECL OF EMP ISO DEFS' EPA TO CONTINUE
PTC AND FILING DEADLINES