UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 20-cv-00406-AJB-DDL<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE MOTION TO CONTINUE THE PRETRIAL CONFERENCE**<br><br>**(Doc. No. 1001)** |

 Before the Court is Defendants' *Ex Parte* Motion to Continue the Pretrial Conference and Pretrial Filings (the "Motion"). (Doc. No. 1001.) Defendants seek to continue the Pretrial Conference and related deadlines by at least 30 days. (*Id.*)

1

Plaintiffs filed a response to the Motion stating that "if Defendants agree to participate in these regular [settlement] conferences in good faith, Plaintiffs' counsel would agree and jointly stipulate to the continuance of the Pre-Trial Order and Pre-Trial."[1] (Doc. No. 1002.)

Defendants contend that good cause exists to grant the continuance. (*Id.* at 1001.) On October 10, 2025, Plaintiffs filed a motion for preliminary injunction. (Doc. No. 976.) Defendants contend the motion for preliminary injunction "took up valuable time that otherwise could have been spent working on Pretrial preparation." (Doc. No. 1001 at 3.) Additionally, Defendants claim "full litigation schedules on other matters, combined with the need to oppose the unplanned Motion for Preliminary Injunction and to engage in ongoing settlement discussions on the mental health claim, it would prejudice Defendants if additional time is not provided to prepare the Proposed Pretrial Order and to attend the Pretrial Conference." (*Id.*)

The Court recognizes that the motion preliminary injunction was voluminous, to say the least, and the parties dedicated substantial time and resources to briefing and arguing the motion. (*See* Doc. Nos. 976; 979; 986; 988; 992; 997.) And the parties agree that additional time will help facilitate their ongoing settlement discussions. (Doc. No. 1001 at 4 ("Given the settlement of the ADA claim, the progress of settlement negotiations on the mental health claim, and the willingness to discuss settlement on the medical/dental claim, these negotiations should precede any trial in the interest of judicial efficiency if the Parties can resolve claims prior to trial."); Doc. No. 1002 at 2 ("Plaintiffs and Defendants' counsel agree that settlement discussions regarding the First (Medical), Second (Mental Health), and Sixth (Dental) Claims for Relief would be productive.").

Accordingly, the Court finds good cause to continue the Pretrial Conference and

---

[1] The Court notes that Plaintiffs filed a Supplemental Statement in Response to the Motion. (Doc. No. 1003.) However, the Supplemental Statement is entirely duplicative of the previously filed statement. (*Compare* Doc. Nos. 1002; 1003.) Subsequently, Plaintiffs filed a second supplemental response stating that they agree and stipulate to continuing the Pretrial Conference. (Doc. No. 1004.)

related deadlines. Defendants' *Ex Parte* Motion is **GRANTED**. The Pretrial Conference is **CONTINUED** to **February 26, 2026, at 2:00 p.m.** before the Honorable Anthony J. Battaglia. The parties must meet and confer and prepare a Proposed Pretrial Order by no later than **January 16, 2026**. The Proposed Final Pretrial Order must be filed on or before **January 16, 2026**. All other requirements for the Proposed Final Pretrial Order remain unchanged. (*See* Doc. No. 969.)

**IT IS SO ORDERED.**

Dated: December 2, 2025

Hon. Anthony J. Battaglia
United States District Judge