| | |
|---|---|
| 1 | Susan E. Coleman (SBN 171832) |
| | E-mail: scoleman@bwslaw.com |
| 2 | BURKE, WILLIAMS & SORENSEN, LLP |
| | 501 West Broadway, Suite 1600, |
| 3 | San Diego, CA 92101-8474 |
| | Tel: 619.814.5800  Fax: 619.814.6799 |
| 4 | |
| | Elizabeth M. Pappy (SBN 157069) |
| 5 | E-mail: epappy@bwslaw.com |
| | BURKE, WILLIAMS & SORENSEN, LLP |
| 6 | 60 South Market Street, Ste. 1000 |
| | San Jose, CA 95113-2336 |
| 7 | Tel: 408.606.6300  Fax: 408.606.6333 |
| 8 | Attorneys for Defendants |
| | COUNTY OF SAN DIEGO, SAN DIEGO |
| 9 | COUNTY SHERIFF'S DEPARTMENT and |
| | SAN DIEGO COUNTY PROBATION |
| 10 | DEPARTMENT |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, LISA LANDERS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NELSON, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' EX PARTE MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF COUNSEL WITH EXHIBITS IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION [DKT. 1007]**<br><br>Judge: Anthony J. Battaglia |

///

///

Defendants oppose Plaintiffs' Ex Parte Motion [Dkt. 1007] for leave to file the Supplemental Declaration of Van Swearingen for the reasons set forth below.

First, the Motion for Preliminary Injunction was fully briefed before the hearing and the Court did not ask counsel to submit supplemental briefing or evidence. A unilateral submission of additional evidence after the hearing would be unfair. If this Court is interested in additional evidence or arguments, it may so direct the Parties. Defendants request only that they be permitted to respond.

Second, while Plaintiffs state the evidence they now seek to submit is in response to the Court's questions during the hearing, the evidence they seek to provide goes <u>beyond</u> the questions posed. It does not merely answer the question of whether any named Plaintiffs with SMI (serious mental illness) were placed in Administrative Separation ("Ad-Sep") in the San Diego County Jails. Plaintiffs could have confirmed in a one-page submission the names of class representatives with SMI who have ever been placed in San Diego County Ad-Sep housing, **perhaps by reference to the operative pleading (if it contains such allegations),** or based on the representation of counsel. Instead, Plaintiffs submitted a 106-page filing containing a declaration of counsel, excerpts from the November 20, 2025 Hearing on the Motion for Preliminary Injunction, excerpts from the deposition transcript of Plaintiff Laura Zoerner, excerpts from the medical record of Plaintiff Laura Zoerner, excerpts from the deposition transcript of Plaintiff Gustavo Sepulveda, and excerpts from the medical records of Plaintiff Gustavo Sepulveda. This submission goes far beyond its stated purpose.

Third, Plaintiffs incorrectly assume that the *potential* placement in Ad-Sep of a class representative with a SMI – even if their mental illness is being treated and is under control – is de facto harmful without demonstrating any injury in fact. As Plaintiffs' counsel noted at the hearing, after acknowledging he did not know if any of the named Plaintiffs with an SMI had been placed in Ad-Sep, "[a]ll of them, as *Jensen v. Shinn* teaches us, are subject to a substantial risk of harm of being placed

Burke, Williams & Sorensen, LLP
Attorneys at Law
Camarillo

4929-6373-6702 v1

2

Case No. 3:20-cv-00406-AJB-DDL
DEFTS' OPPO TO PLS' EX PARTE MOTION

in administrative segregation." *See* Ex. A-3 to Plaintiffs' Ex Parte, Hearing Tr. at 28:9-11. But even placement in Ad-Sep is insufficient to show an injury. Article III standing requires an injury in fact, which is concrete and particularized and not conjectural or hypothetical, and a causal connection between the injury and the conduct complained of. *Lujan v. Defenders of Wildlife,* 504 U.S. 555 (1992).

Fourth, the medical records submitted by Plaintiffs demonstrate that named Plaintiffs Gustavo Sepulveda and Laura Zoerner[1] did not appear to be decompensating while in San Diego County's Ad-Sep unit years ago. Mental Health Clinician evaluations note that Zoerner was "well groomed," her cell was "clean with no excess debris," and that "all meals [were] consumed." Some evaluations rate her as "moderately groomed" with "some debris" in the cell. (Ex. 3 to Swearingen Decl., see 3-18 and 3-19.) Progress notes for Sepulveda are similar, noting he was "alert and verbally responsive. . . Verbalized understanding." (*Id*., Ex. 5-35.) His Mental Health Clinician evaluations consistently rate him as "well groomed" and having consumed all meals, with the cell either clean or with some debris. (*Id*., Ex. 5-37, 5-42, 5-45, 5-50, 5-55, 5-59, 5-65.) None of the records submitted with the declaration of counsel show that Sepulveda or Zoerner decompensated after being placed in Ad-Sep. Without any identifiable injury from their Ad-Sep placement, Plaintiffs lack standing for any Preliminary Injunction.

Dated:  December 3, 2025        BURKE, WILLIAMS & SORENSEN, LLP

By:     /s/ *Susan E. Coleman*
Susan E. Coleman, Elizabeth M. Pappy
Attorneys for Defendants COUNTY OF SAN DIEGO, SAN DIEGO COUNTY SHERIFF'S DEPARTMENT and SAN DIEGO COUNTY PROBATION DEPARTMENT

---

[1] Interestingly, Plaintiffs' counsel at the hearing listed class representatives with a SMI as Sepulveda, Taylor, Edwards, and Archuleta. *See* Ex. A-3 at 1. In their submission, Plaintiffs discuss only Sepulveda and Zoerner.