UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DARRYL DUNSMORE, et al.,

Plaintiffs,

v.

SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,

Defendants.

Case No.: 20-cv-406-AJB-DDL

**ORDER GRANTING IN PART DEFENDANT COUNTY OF SAN DIEGO'S MOTION FOR RECONSIDERATION**

**[Dkt. No. 886]**

## I.

## <u>INTRODUCTION</u>

The County of San Diego ("County") seeks reconsideration of an order compelling the production of reports generated by the San Diego Sheriff's Department's Critical Incident Review Board ("CIRB") pertaining to in-custody deaths. In light of the Ninth Circuit's decision in *Greer v. Cnty. of San Diego*, 127 F.4th 1216 (9th Cir. 2025), the Court grants the County's motion for reconsideration as to the CIRB Reports but denies the motion without prejudice as to the additional relief sought.

/ / /

/ / /

## II.

## BACKGROUND

On December 13, 2023, the Court granted Plaintiffs' motion to compel the production of 25 CIRB Reports pertaining to inmates who died in Sheriff's Department custody. Dkt. No. 468 (the "CIRB Order"). In relevant part, the Court found the County had not carried its burden to show the Reports were subject to the attorney-client privilege in their entirety. After providing the County an opportunity to demonstrate that specific portions of the CIRB Reports should be redacted, the Court ordered the production of the CIRB Reports with redactions that were "limited to communications between Chief Legal Advisor Michael Faigin and other CIRB members." Dkt. No. 507 at 2. Thereafter, the County identified nine additional CIRB Reports within the scope of the CIRB Order, resulting in a total of 34 CIRB Reports produced by the County.

On February 10, 2025, the Ninth Circuit issued its opinion in *Greer*, holding the attorney-client privilege applied to certain CIRB Reports concerning in-custody deaths. *Greer*, 127 F.4th at 1227. The Ninth Circuit remanded "with instructions to require the return and/or destruction of the disputed documents, which are privileged." *Id.*

## III.

## DISCUSSION

### A. The CIRB Order

The County has consistently maintained that the attorney-client privilege applies to the CIRB Reports in their entirety. In ordering the County to produce the CIRB Reports to Plaintiffs, this Court concluded the County had not met its burden to "show that the primary purpose of the communications in each Report was to seek or give legal advice." CIRB Order at 9. After considering the Sheriff's Department Policy and Procedure Manual, the CIRB Reports at issue and the

testimony of Chief Legal Advisor Michael Baranic[1], the undersigned found "the CIRB could fulfill its duties under [the Policy and Procedure Manual] to vote on policy violations and address training or policy issues absent any legal advice from the Chief Legal Advisor." *Id.* at 11. Moreover, although the CIRB Reports need not contain legal advice for the attorney-client privilege to apply, the CIRB Reports at issue did not contain any readily identifiable legal advice provided by the Chief.

**B. *Greer***

In *Greer*, the district court ordered the County to produce in discovery redacted CIRB Reports pertaining to 12 in-custody deaths. *Greer*, 127 F.4th at 1221. The plaintiff filed portions of the CIRB Reports "conditionally under seal" in opposition to the County's motion for summary judgment. *Id.* After the case settled, the district court granted a motion by news organizations to "unseal the CIRB documents for 'public inspection.'" *Id.* at 1222.

On appeal, the Ninth Circuit reversed the order unsealing the CIRB documents. The Ninth Circuit noted the CIRB's stated purpose is "to consult with department legal counsel when an incident occurs which may give rise to litigation" and that "the County's current and former Chief Legal Advisors both averred that consulting with counsel is the primary purpose of the CIRB." *Id.* at 1226. The Ninth Circuit concluded:

> Here, the CIRB reports contained in the record meet the criteria for attorney-client privilege. Department Policy required the Chief Legal Advisor to be part of the CIRB, and there is no contention that the Chief Legal Advisor was absent from any of the meetings memorialized in the reports. In each instance, areas of potential liability for the inmate's

---

[1] Baranic testified regarding the CIRB process and functions in another case involving the production of CIRB Reports. *See Morton v. Cnty. of San Diego, et al.*, 21-cv-1428-MMA-DDL, Dkt. No. 79.

death were discussed. In most instances, counsel participated actively by asking questions designed to understand and, where appropriate, by highlighting areas of potential liability.

In short, both the participants in the CIRB and its critics consistently viewed the primary purpose of the CIRB as assessing legal liability for a past event and avoiding legal liability for future similar events. The district court's ruling to the contrary was erroneous.

*Id.*

Significantly, *Greer* concluded the attorney-client privilege applied to the 12 CIRB reports in their entirety and directed "the return and/or destruction of the disputed documents, which are privileged." *Id.* at 1227. The majority did not adopt the dissent's position that "swaths of the CIRB reports are plainly not privileged," *id.* at 1238, and that "the proper remedy was to redact, not withhold, the reports." *Id.* at 1239.

Subsequent to *Greer*, District Judge Battaglia directed the undersigned to determine whether information taken from CIRB Reports and included in expert reports submitted by four expert witnesses in this case was privileged under *Greer*. Dkt. No. 823 at 5-6. Based on an *in camera* review of those expert reports and the CIRB Reports from which the information was taken, the undersigned found that the attorney-client privilege applied to the CIRB Report information contained in all four reports. Dkt. Nos. 915 at 6 and 920 at 3. Thereafter, Judge Battaglia directed the Clerk of Court to strike the documents containing privileged CIRB Report information and directed the parties to file revised versions of the documents with redactions to privileged information. Dkt. No. 936. The parties complied. Dkt. No. 937.

/ / /

/ / /

/ / /

**C. Motion for Reconsideration**

The County moves for reconsideration of the CIRB Order under *Greer*. Specifically, the County requests the Court find that the CIRB Reports are subject to the attorney-client privilege and order Plaintiffs and their experts to destroy or return the documents.[2] Dkt. No. 886-1 at 5. In addition, the County seeks an order (1) requiring Plaintiffs' counsel to provide a sworn declaration stating the CIRB Reports have been destroyed and identifying all persons provided the CIRB Reports or information therein, (2) directing that "all filed documents including privileged information" be "withdrawn from the Court records," (3) directing that any privileged CIRB Report information contained in expert reports "be withdrawn from Court filings," and (4) directing Plaintiffs' counsel not publish or share any portion of the expert reports containing privileged CIRB Report information. *Id.* at 5-6.

Plaintiffs oppose the motion. Dkt. No. 894. Plaintiffs represent that they have destroyed all CIRB Reports in their possession and requested that their experts do the same. Dkt. No. 894-1 at 2.

**D. CIRB Reports**

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). Reconsideration is appropriate here because the Ninth Circuit's decision in *Greer* constitutes a change in the controlling law subsequent to the CIRB Order.

/ / /

---

[2] Each CIRB Report provided to the Court for *in camera* review consists of a cover page signed by the "Board Chair" and a memorandum captioned "Inter-Departmental Correspondence."

*Greer* held that the CIRB Reports at issue in that case "meet the criteria for attorney-client privilege" because "areas of potential liability for the inmate's death were discussed" at each CIRB meeting and "both the participants in the CIRB and its critics consistently viewed the primary purpose of the CIRB as assessing legal liability for a past event and avoiding legal liability for future similar events." *Greer*, 127 F.4th at 1226. And as noted above, *Greer* held the attorney-client privilege applied to the CIRB Reports in their entirety. *Id.* at 1227.

The Ninth Circuit's analysis applies with equal force to this case and compels the conclusion that the attorney-client privilege applies to the 34 CIRB Reports at issue here. Although *Greer* dealt with different CIRB Reports, "[t]he decision addressed the CIRB process itself, and concluded that the primary purpose of the CIRB is to assess legal liability and avoid future liability." *Est. of Arroyo by & through Wilson v. Cnty. of San Diego*, No. 21CV1956-RBM-SBC, 2025 WL 1532873, at *4 (S.D. Cal. May 29, 2025). Thus, "the analysis in *Greer* logically extends to other CIRB reports and related documents prepared under the same framework." *Id.* (granting motion for reconsideration of order compelling production of CIRB reports and directing plaintiff to return and destroy CIRB Reports at issue). *See also Rupard v. Cnty. of San Diego*, No. 23CV1357 CAB (BLM), 2025 WL 1082795, at *3 (S.D. Cal. Apr. 10, 2025) (same). Although it is not clear from the face of each CIRB Report whether the County's Chief Legal Advisor attended each CIRB meeting, a declaration submitted by Mr. Baranic describes that the Chief Legal Advisor or a designee attended the CIRB meetings and that Mr. Baranic is "unaware of a CIRB meeting ever taking place without an attorney from the Sheriff's Legal Affairs Unit present . . . ." Dkt. No. 998 at 4.

The 34 CIRB Reports at issue here are privileged under *Greer*. As such, the Court grants the motion for reconsideration of the CIRB Order as to these documents. With respect to the specific relief the County seeks, Plaintiffs represent that counsel and their experts have destroyed the CIRB Reports

produced in this litigation, and Plaintiffs' counsel has confirmed that only those experts received the CIRB Reports. Moreover, the parties have redacted the CIRB Report information contained in expert reports filed in this matter. Dkt. No. 937. As such, the Court understands there is no privileged CIRB Report information in the possession of Plaintiffs' counsel or Plaintiffs' experts and that the public docket contains no privileged CIRB Report information. The County does not explain with specificity why the additional relief it seeks, *e.g.*, declarations from Plaintiffs' counsel is warranted.

## IV.

## CONCLUSION

For all the foregoing reasons, the Court concludes the CIRB Reports produced in this case are privileged under *Greer* and **GRANTS** the County's motion for reconsideration of the CIRB Order. Given the steps taken by Plaintiffs' counsel and their experts to destroy the CIRB Reports and redact all CIRB Report information on the public docket, the Court **DENIES WITHOUT PREJUDICE** the County's motion insofar as it seeks additional remedial actions. If the County concludes that such additional relief remains necessary, it shall first meet and confer with Plaintiffs' counsel as to the specific additional relief it seeks and the basis for that relief. Prior to filing any further motion, the parties shall seek a discovery conference with the Court to address any issues the parties are unable to resolve on their own.

**IT IS SO ORDERED.**

Dated: December 18, 2025

Hon. David D. Leshner
United States Magistrate Judge