

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, et al.,<br><br>                            Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, et al.,<br><br>                            Defendants. | Case No.: 20-cv-406-AJB-DDL<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION TO RE-OPEN DISCOVERY AND GRANTING PLAINTIFFS' MOTION TO SEAL**<br><br>**[Dkt. Nos. 963, 964]** |

      On May 20, 2025, the Court granted in part Plaintiffs' motion to set a fact cutoff date for the liability phase of this case and set a fact cutoff date of February 3, 2025. Dkt. No. 918. Pursuant to that order, the parties will not "rely upon and/or introduce evidence as part of the liability phase of trial regarding events after February 3, 2025." *Id*. However, "both parties may submit evidence regardless of date of event/creation for the remedy phase of the trial." *Id.*

      Plaintiffs move to re-open fact discovery to allow them to obtain discovery pertaining to the deaths of two incarcerated persons in San Diego County jails in July 2025. Specifically, Plaintiffs seek video footage from body worn and stationary cameras, written reports about the decedents, the decedents' medical

and custody records, "all logs and/or audits regarding safety checks and/or wellness rounds" performed in the units where the decedents were housed and depositions of "all custody and mental health staff" who interacted with each decedent in the days preceding their death. Dkt. No. 963-1 at 9.

Plaintiffs acknowledge the February 3, 2025 fact cutoff date but "seek the requested discovery specifically for developing a remedy related to their mental health claim regarding Defendants' placement of people with mental health needs in punitive AdSep units." *Id.* at 12-13. Defendants oppose the motion, arguing that the requested discovery will interfere with an ongoing homicide investigation and that Plaintiffs have not shown how placement in AdSep caused either death. Dkt. No. 968.

In determining whether to modify a scheduling order under Fed. R. Civ. P. 16(b)(4) to reopen discovery, a court must consider the following factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Here, no trial date has been set, Plaintiffs acted diligently in seeking the additional discovery promptly following the deaths at issue, and the need for this discovery was not foreseeable to Plaintiffs. These factors all weigh in favor of reopening discovery.

On the other hand, the discovery Plaintiffs seek regarding the two decedents is broad, including video footage, written reports, medical and custody records, all logs/audits for safety checks and wellness rounds in their respective units, and depositions of "all custody and mental health staff" who interacted with each

decedent over a three-day period. Defendants point out that the parties have engaged in extensive fact discovery and that authorizing the additional discovery Plaintiffs seek will require Defendants to depose the six incarcerated persons who submitted declarations regarding the deaths. Moreover, because this additional evidence post-dates the February 3, 2025 fact cut-off, it will become relevant, if at all, in determining an appropriate remedy if Plaintiffs were to prevail on the issue of liability.

Considering all the relevant factors, the Court finds Plaintiffs have not established good cause to obtain the broad discovery they seek and denies the motion without prejudice. Should Plaintiffs wish to seek a more narrowly tailored set of records pertaining to the decedents, they shall meet and confer with Defendants and may seek a discovery conference with the Court thereafter.

Plaintiffs' motion includes a declaration from Plaintiffs' counsel describing information about the decedents taken from "ADA Rosters" of incarcerated persons provided by Defendants to Plaintiffs pursuant to the parties' prior settlement of Plaintiffs' ADA cause of action. In June 2023, as part of that settlement, the Court ordered Defendants to provide monthly housing rosters "marked as Attorney's Eyes Only, reflecting the disability needs of every person incarcerated at Central Jail who have been identified as having a mobility or hearing disability . . . ." Dkt. No. 792.

"Generally, the Court applies a good cause standard to motions to seal documents related to a discovery motion." *Dunsmore v. San Diego Cnty. Sheriff's Dep't*, No. 20-CV-406-AJB-DDL, 2024 WL 628021, at *9 (S.D. Cal. Feb. 14, 2024). Here, the information at issue in counsel's declaration was taken from ADA Rosters ordered to be produced as "Attorney's Eyes Only" as part of the ADA settlement. As such, the Court finds good causes supports the filing of this information under seal.

/ / /

1  Finally, the Court denies without prejudice Defendants' request for sanctions. Any request for sanctions must be raised through a properly noticed motion to which the opposing party will have an opportunity to respond.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' motion to reopen discovery (Dkt. No. 963) and **GRANTS** Plaintiff's motion to seal (Dkt. No. 964). By not later than **January 14, 2026**, Plaintiffs must file a redacted version of counsel's declaration.

**IT IS SO ORDERED.**

Dated: December 31, 2025

_____
Hon. David D. Leshner
United States Magistrate Judge