Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
501 West Broadway, Suite 1600,
San Diego, CA 92101-8474
Tel: 619.814.5800  Fax: 619.814.6799

Elizabeth M. Pappy (SBN 157069)
E-mail: epappy@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Ste. 1000
San Jose, CA 95113-2336
Tel: 408.606.6300  Fax: 408.606.6333

Attorneys for Defendants
COUNTY OF SAN DIEGO, SAN DIEGO
COUNTY SHERIFF'S DEPARTMENT and
SAN DIEGO COUNTY PROBATION
DEPARTMENT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No. 3:20-cv-00406-AJB-DDL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' SUPPLEMENTAL MOTION FOR INTERIM ATTORNEYS' FEES AND COSTS**<br><br>*Filed concurrently with Declaration of Elizabeth Pappy and John O'Connor in support of Defendants' Opposition*<br><br>**DATE: April 23, 2026**<br>**TIME: 2:00 p.m.**<br>**CTRM; 4A**<br><br>Judge: Anthony J. Battaglia<br><br>Magistrate Judge David D. Leshner |

4917-6925-9916 v1

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPP. TO PLTFS' SUPP. MOTION FOR ATTYS' FEES AND EXPENSES

## I. INTRODUCTION.

Plaintiffs filed a Motion for Interim Attorney Fees and Expenses on February 3, 2025 seeking a total award of $2,746,034.56. (Dkt.807) Of the $2,746,034.56, Plaintiffs requested $158,002.58 for preparation of the Motion. Plaintiffs made a representation that the request included work through January 20th only and that they would "submit documentation of additional . . fees time spent working on the fees motion since January 20, 2025 with their reply papers, or such time as the Court directs." (Dkt.807, p.23:14-16) Plaintiffs failed to submit documentation of additional fees time and the Court never "directed" anything further on what was believed to be a complete attorney fees motion. The Court ultimately awarded fees and expenses to Plaintiffs' counsel by reducing the RBGG rates by 23% and hours claimed by 10%, the hours billed by Mr. Fisher by 10%, and the rates of DLA Piper by 40% and the hours billed by 10%. (Dkt.959, p.28:20-27)

Plaintiffs may only seek attorney fees that are "reasonable" and yet they consciously chose to file their original motion for fees early and failed to file any request for additional fees with their reply despite knowing this would have been the most efficient and least wasteful of fees and Court resources. There was no deadline for filing of the initial motion and no explanation as to why, if there were such a deadline, Plaintiffs would submit what they now claim was a woefully incomplete and inadequate motion. They offer no explanation as to why they failed to submit supplemental declarations to support any claimed additional work on the motion or reply, and they now seek an award for additional fees to prepare a second, unnecessary motion. The request for $139,864.45 should be denied in its entirety.

## II. RELEVANT PROCEDURAL AND FACTUAL HISTORY.

Plaintiffs filed a Motion for Interim Attorney Fees and Expenses ("Interim Fees Motion") on February 3, 2025. (Dkt.807) The motion included time preparing the motion up to and including January 20th, 2025 despite the fact that the motion was not filed until February 3, 2025. (Dkt.1026-1, p.1:14-21) Despite making a

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

4917-6925-9916 v1

1

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPP. TO PLTFS' SUPP. MOTION FOR ATTYS' FEES AND EXPENSES

representation in the moving papers that they would submit supplemental declarations to support an additional award at the final hearing on the matter for work spent to finish the motion and for the reply, they failed to submit any additional declarations and failed to notify the Court or defense counsel that they spent more than double the amount of time needed to prepare the Interim Fees Motion than was represented in the motion filed February 3, 2025. (Id, p.1026-1, p.3:9-16)

The Court held oral argument on the Interim Fees Motion on July 31, 2025 and issued an order Granting in Part and Denying in Part Plaintiffs Motion for Interim Fees and Expenses on August 8, 2025, preparing a lengthy and detailed analysis of all of the evidence presented by the parties and thorough oral arguments. (Dkt.959) The Court awarded Plaintiffs $109,154.83 for work in preparing the Motion for Interim Fees. (Dkt.959, p.23:4-15)

On October 21, 2025, Plaintiffs' counsel sent a letter to Defense counsel demanding additional fees for merits work and ADA Settlement Implementation work. (Pappy Decl., Ex. A) The letter also requested $305,095 in additional fees for the Interim Fees Motion and $7,910.25 in expert fees stating that the amount requested had been derived after "Class Counsel carefully reviewed the entries and applied billing judgment reductions to the time entries. (Id; Dkt.1026-1, p.5:20-21) The hourly rates included in the $305,095 demand ignored this Court's ruling two months earlier and Plaintiffs applied the same rates that had been rejected by the Court. (Id) The letter includes 316.5 hours of claimed additional work or what amounts to 2 full months of work by one attorney to finish the original motion and to prepare a reply brief. (Id.) The claim is outrageous.

The parties met and conferred and were unable to resolve the claim. (Pappy Decl., ¶3)

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

4917-6925-9916 v1

2

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPP. TO PLTFS' SUPP. MOTION FOR ATTYS' FEES AND EXPENSES

## III. ARGUMENT.

### A. Unreasonable Fees Are Not Permissible.

The Court has discretion in determining what fees are "reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 432-33, 437 (1983). "The burden is on the [applicant] to demonstrate "that the requested rates are in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."" *Guam Society of Obstetricians and Gynecologists v. Ada*, 100 F.3d 691, 696 (9th Cir.1996), quoting *Blum v. Stenson,* 465 U.S. 886, 895 n. 11 (1984); *see also Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir.1992). When determining a reasonable fee award, the court must start by calculating the lodestar amount, which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id,.* at 433; *Morales v. City of San Rafael,* 96 F.3d 359, 363 (9th Cir.1996), *citing McGrath v. County of Nevada,* 67 F.3d 248, 252 (9th Cir.1995). "The legislative history [of § 1988] explains that "a reasonable attorney's fee" is one that is "adequate to attract competent counsel, but…[that does] not produce windfalls to attorneys." *Blum,* at 896-97. "Cases may be overstaffed, and the skill and experience of lawyers vary widely." *Hensley.,* at 434. "[T]he district court may exclude from the fee request hours that are "excessive, redundant, or otherwise unnecessary."" *Welch v. Metropolitan Life Ins. Co.,* 480 F.3d 942, 946 (9th Cir.2007), quoting *Hensley,* 461 U.S. at 434.

Two months prior to sending a meet and confer letter demanding $305,095 dollars in additional fees for the Motion for Interim Fees based upon the rates rejected by this Court. (Dkt.959:pp.16-17) For purposes of this motion, Plaintiffs concede that the lower rates should be applied. (Dkt.1026-1, pp.8:28-9:2)

### B. The Requested Number Of Hours Are Unreasonable.

The party seeking attorneys' fees must submit evidence sufficient to allow the Court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended. *See*

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

4917-6925-9916 v1

3

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPP. TO PLTFS' SUPP. MOTION FOR ATTYS' FEES AND EXPENSES

*Hensley*, 433 U.S. at 437; *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The Court may reduce requested compensation where the documentation is inadequate. *Id.*; *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001). Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. *See*, *Gates,* 987 F.2d at 1399 (quoting *Hensley*, 461 U.S. at 433–34). A district court can reduce a lawyer's request for duplicative or unnecessary work, and it can impose up to a 10 percent reduction without any explanation at all. *See, Moreno*, 534 F.3d at 1112.

Recognizing the serious problems with the incomplete Interim Motion, the failure to submit supplemental declarations for the additional time now being claimed, and the overall and continuing problem with the excessive amounts of time billed by Plaintiffs' counsel, Plaintiffs claim to have pared down the fees requested in this motion. The reduction does not justify the reduced amount being requested. The law is clear that work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated. *Gates*, supra, 987 F.2d at 1399. This motion never should have been necessary and thus every cent spent "meeting and conferring" and preparing the motion, any reply and any appearance at a hearing must be denied.

### 1. Plaintiffs' Request for Additional Fees to Prepare the Original Motion Should Be Denied.

There was never a deadline to file a Motion for Interim Fees. As the Court pointed out in its Order (Dkt. 959),

> "Under federal law, "[a] party may be awarded attorney fees as a prevailing party at an interlocutory stage of the proceeding if the party 'prevails on the merits as to one or more of his or her claims.'" *Marks v. Clarke*, 102 F.3d 1012, 1034 (9th Cir. 1996), *as amended on denial of reh'g* (Feb. 26, 1997) (quoting *Ward v. County of San Diego,* 791 F.2d 1329 (9th Cir. 1986)). The same principle holds true under California state law. *See La Mirada Ave. Neighborhood Assn. of Hollywood v. City of Los Angeles*, 22 Cal. App. 5th

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

4917-6925-9916 v1

4

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPP. TO PLTFS' SUPP. MOTION FOR ATTYS' FEES AND EXPENSES

1149, 1160 (2018) ("[S]ection 1021.5 contemplates interim attorney fee awards for successes conferring a significant benefit before the matter is finally litigated.") (internal quotation marks and citation omitted)."

(Dkt.959, p.6:2-10)

FRCP 54(d) requires that any claim for fees and nontaxable expenses must be made by motion within 14 days after entry of judgment. There is no judgment in this case. In fact, FRCP 54(b) makes clear that any order "however designated" that does not resolve all claims of all parties does not end the action and is not "entry of judgment". The plaintiffs should never have filed any motion for fees until they were finished with the motion such that they could include all work in support of the motion and used up court time once and only once. At a minimum, Plaintiffs should have submitted supplemental declarations in support of the motion with the reply or during any of the four months leading up to the July 31, 2025 hearing date. They made a conscious decision not to do so and never notified anyone of the magnitude of additional fees that would be requested.

Plaintiffs spent an additional 127.20 hours from January 21st to February 3, 2025, for a total additional request at the original hourly rates for a total of $178,445. (Pappy Decl., Ex. B) This would have meant that Plaintiffs motion would have requested $336,447.58 for a fee application if it had been a complete motion. The fact that the motion was filed with evidence supporting less than half of the fees it took to file the motion is troubling. Experts opined and attorneys rendered their views that the fees being requested were reasonable suggesting that any additional fees would be small in comparison. This deception should not be permitted.

It is patently unjust to allow Plaintiffs to present to the Court what it led this Court and defense counsel to believe was all or at least most of the fees associated with the preparation of the motion. Plaintiffs claim to have spent more than double the amount of time and fees spent in preparation of the motion through January 20th meaning that the motion itself was incomplete and inaccurate when filed. There is

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

4917-6925-9916 v1

5

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPP. TO PLTFS' SUPP. MOTION FOR ATTYS' FEES AND EXPENSES

no way to go back in time and substitute the judgment this Court would have exercised or the opposition and declarations Defendants would have submitted had there been an accurate request for $336,447.58. The Court should exercise its discretion in denying all fees to complete the motion. Plaintiffs seek $48,773.53 for the additional work to prepare the motion and it should be denied.

### 2. Plaintiffs' Request for Time Spent Preparing the Reply is Unreasonable.

From February 4, 2025 through the filing of the reply brief on March 21, 2025, Plaintiffs spent an additional 80.40 hours of time and total fees at the original rate for a total of $168,655 without billing judgments. (Pappy Decl., Ex. B)

The overbilling is typical and what the Court saw in the bills submitted with the Interim Fees Motion. Plaintiffs are careful not to present the Court with tables that show hours billed with hourly rates or the total amount claimed for any particular item of work performed because it doesn't present well. Attached to the Declaration of Ms. Pappy as Exhibit B is an excel spreadsheet created from Plaintiffs' PDF's submitted in support of the motion showing the date, attorney performing the work, time spent, the billing judgment reductions, the hourly rate demanded by Plaintiffs' counsel in meet and confer, the Court ordered reduced rates and various totals based upon the data. (Pappy Decl., ¶4-5)

Plaintiffs seek approximately $43,881.23 in fees for work done to prepare the reply brief based upon 55.4 hours of work. The reply consisted of an opposing Memorandum of Points & Authorities (Dkt.867), eight new declarations of the same people who submitted declarations in support of the motion, and two volumes of exhibits attached to the declaration of Richard Pearl not attached to his original declaration. (Dkt.867-1 through 10) The declarations consisted of nothing more than a repetition of the moving papers and served no purpose other than to confirm that Plaintiffs and their various declarants disagreed with the declarations in support of the opposing papers. Just because a party can file something does not make it

reasonable to do so. This is a pattern Plaintiffs' counsel have demonstrated throughout the case filing repetitive evidence in support of motions on reply to make sure they get the last word on whether the evidence they already submitted is accurate. Reply is intended to address points not already addressed and not to reargue every point and resubmit every piece of evidence to emphasize how "true" it is.

While some amount of work was expected, the Court should once again exercise its discretion and deny any request. There is no way to go back in time and substitute the judgment this Court would have exercised at the time when faced with duplicative evidence.

If the Court is inclined to grant any fees for the reply, the amount should be significantly reduced because of the late request, the redundancy and the unnecessary nature of the submissions. The Court should exercise its judgment and reduce the requested fees by 50% to account for the repetition and in acknowledgment of the wasted time and duplicative efforts by all of the billing attorneys as reflected in Exhibit B to the Pappy declaration from February 4, 2025 through March 21, 2025. Given the overall issues with the motion and billing, Defendants have not pointed out every inappropriate entry but at a minimum the Court should note Mr. Swearingen and Mr. Keifer billing at $750+ per hour to discuss courtesy copies to the Court on March 21, 2025. (Pappy Decl., Ex. B) Plaintiffs treat this case and the right to fees as a blank check at the expense of County of San Diego tax payers. There is no attention paid to efficiency in their own work, in creating unnecessary work for Defendants, and in creating unnecessary work for the Court. This behavior should not be rewarded.

In addition, the request for payment of $7910.25 for Mr. Pearlman's invoice (Dkt.1026-2, Ex.B-22) should be denied. All of Mr. Pearlman's work was in preparing a repetitive declaration to submit with the reply brief to reemphasize that he was right and Defendants were wrong. The declaration served no purpose, is

4917-6925-9916 v1

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

7

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPP. TO PLTFS' SUPP. MOTION FOR ATTYS' FEES AND EXPENSES

further evidence of overkill and overbilling by Plaintiffs and should be denied.

### 3. Plaintiffs Request for Fees to Prepare for the Hearing should be Denied outright or drastically reduced.

From March 22, 2025 through July 31, 2025, the date of the hearing on the first Motion for Interim Fees, Plaintiffs inexplicably spent 33.6 hours for another $97,525 at the original billing rates bringing the grand total of the original fee application to $602,627.58. This is 29% of the fees incurred on the entire ADA cause of action requested in the Interim Motion for Fees. It is distinctly possible that Plaintiffs intentionally took these steps which led to this motion because of the optics of spending $602,627.58 to get $2,111,562.63 on the ADA claim.

Plaintiffs now seek 18.2 hours preparing for the hearing on the fees motion after "billing judgments". Ms. Pappy spent 2.3 hours preparing for the motion hearing. (Pappy Decl., ¶8) The notion in the billing records that Plaintiffs started billing to prepare for a hearing weeks away at the time the reply was filed and kept successively spending time weeks before the eventual hearing on July 31, 2025, is the very definition of unreasonable. The billing records show significant amounts of time spent by Ms. Grunfeld on outlines and practice arguments. (Pappy Decl., Ex. B) On July 28, 2025 Ms. Grunfeld has an entry of 1.1 hours to prepare for a moot argument. Her declaration in support of this motion explains all the work that had to be done to xerox Ms. Sanossians expert report even though her expert fees were all but conceded in Defendants' opposition papers. The Court should recall the display of the binders at the Motion hearing on July 31, 2025. The hearing was less than an hour long. The briefing was extensive given the duplicative sets of evidence submitted by Plaintiffs including repetitive expert declarations. It is inconceivable that it took 33.6 hours to prepare or 18.2 hours. The Court should disallow all but 6 hours of preparation time and apply Ms. Grunfeld's court ordered rate since she is the only one who argued the motion for a total award of $6,121.5.

4917-6925-9916 v1

8

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPP. TO PLTFS' SUPP. MOTION FOR ATTYS' FEES AND EXPENSES

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

### 4. The Court Should Deny All Fees Associated With This Motion.

Plaintiffs spent 41.5 hours from December 8, 2025 through the filing of this motion on January 30, 2026 for a total dollar claim of $53,200 to prepare this motion at the original billing rates. (Pappy Decl., Ex.B) Plaintiffs should not be entitled to any of the fees associated with meeting and conferring about the request for additional fees or the filing of the instant motion. None of this work is reasonable because Plaintiffs could have and should have submitted a single supplemental declaration for the work done in support of the reply with the reply or at the very least sometime in the three and a half months between the filing of the reply and hearing on the matter. As the Court knows, Plaintiffs are not shy about filing applications and requests and made clear in the moving papers that they intended to submit a declaration for the additional time spent preparing the reply. It is standard to estimate the time spent preparing for and appearing at a hearing as attorneys routinely do in support of fee applications. If there was any hesitation about whether they were permitted to do so, Plaintiffs could have asked defense counsel or submitted an application to Court seeking leave to do so. They did neither and decided it was more lucrative to wait and file a completely separate motion ignoring the fee rates this Court only recently ordered.

Plaintiffs seek a 33.2 hours to prepare this unnecessary Motion for Supplemental Interim Fees in the amount of $20,010.40. The request should be denied in its entirety as being unreasonable and unnecessary.

**II.   CONCLUSION.**

Accordingly, Defendants request that the Court deny the motion in its entirety, or award the sum of $21,940.62 for work on the reply plus $6,121.5 to prepare for the hearing for a total award of $28,062.11.

Burke, Williams & Sorensen, LLP
Attorneys at Law
San Diego

4917-6925-9916 v1

9

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPP. TO PLTFS' SUPP. MOTION FOR ATTYS' FEES AND EXPENSES

| | | |
|---|---|---|
| 1 | Dated: February 17, 2026 | BURKE, WILLIAMS & SORENSEN, LLP |

By:     */s/ Elizabeth M. Pappy*
         Susan E. Coleman
         Elizabeth M. Pappy
         Attorneys for Defendants

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SAN DIEGO

4917-6925-9916 v1

10

Case No. 3:20-cv-00406-AJB-DDL
DEFS' OPP. TO PLTFS' SUPP. MOTION FOR ATTYS' FEES AND EXPENSES