

101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
T: (415) 433-6830 ▪ F: (415) 433-7104

www.rbgg.com

Gay Crosthwait Grunfeld
Email:  ggrunfeld@rbgg.com

October 21, 2025

VIA ELECTRONIC MAIL ONLY

| | |
|---|---|
| Elizabeth M. Pappy<br>Burke, Williams & Sorensen, LLP<br>60 South Market Street, Suite 1000<br>San Jose, CA  95113-2336<br>epappy@bwslaw.com | Susan E. Coleman<br>Burke, Williams & Sorensen, LLP<br>501 West Broadway, Suite 1600<br>San Diego, CA  92101-8474<br>scoleman@bwslaw.com |

Re:  Plaintiffs' Claims For Fees, Costs, and Interest In Connection With Plaintiffs' Motion for Interim Attorneys' Fees, as well as Fees and Costs for Work on the Motion for Final Approval and Work Implementing the ADA Settlement
*Dunsmore et al. v. San Diego County Sheriff's Department et al.*,
S.D. Cal. No. 3:20-cv-00406-AJB-DDL
Our File No. 1730-04

Dear Counsel:

Following up on the Court's August 8, 2025 Order Granting in Part and Denying in Part Plaintiffs' Motion for Interim Attorneys' Fees, Dkt. No. 959, we thank Defendants for the check in the amount of $2,016,383.39, received on August 28, 2025.  We note that the amount Defendants paid by check did not include interest, which we requested and to which Plaintiffs are entitled, as explained in our letter of August 14, 2025.

We now write to propose a framework for resolution of the unpaid interest and the three types of outstanding claims for attorneys' fees and costs.  These are based upon (1) Plaintiffs' work related to their Motion for Interim Attorneys' Fees, (2) Plaintiffs' work on the Motion for Preliminary and Final Approval of the ADA Settlement, and (3) Plaintiffs' role in implementation of the ADA Settlement.  This letter discusses each type of claim, the amount requested, and a proposed resolution, in turn.

[4758866.2]

Elizabeth M. Pappy
Susan E. Coleman
October 21, 2025
Page 2

I. **Plaintiffs' Counsel Are Entitled to Reasonable Attorneys' Fees and Costs for Their Work on the Motion for Interim Fees.**

Plaintiffs' fees motion sought attorneys' fees and costs for both the merits of their Third Claim for Relief under the ADA and related state law as well as for fees and costs for work on the fees motion. The Court granted both types of fees—merits and fees work. The Court also set hourly rates for this work. *Id.* at 16–17.[1]

As stated in Plaintiffs' fees motion, Plaintiffs submitted their fees and merits time and costs to the Court only through January 20, 2025, and preserved their right to seek fees, costs, and expenses for work since January 20, 2025 given that significant litigation activities followed that date. *See* Dkt. 807-1 at 23. Indeed, Plaintiffs' work on their motion for interim fees continued until February 3, 2025, the date they filed the motion. On March 6, 2025, Defendants filed a robust opposition, including a lengthy expert report and attorney declaration. *See* Dkts. 831, 831-1. Plaintiffs spent substantial time working on their Reply in Support of the Interim Fees Motion, filed March 21, 2025, which was supported by an expert declaration, three outside-firm attorney declarations, and three Plaintiffs' counsel declarations. *See* Dkt. 865. Plaintiffs stated in their reply brief that they would submit additional time to the Court after a ruling on the Motion. *See* Dkt. 865 at 10.

The time Plaintiffs' counsel incurred working on the fees motion and supporting declarations, analyzing Defendants' opposition, preparing the reply brief and supporting declarations, and preparing for, travelling to, and conducting the oral argument are compensable under federal and state law, and are specifically provided for by the parties' settlement:

> The parties agree that Plaintiffs and the disability subclass are entitled to reasonable attorneys' fees and costs on all issues covered by the Third Claim for Relief in Plaintiffs' Third Amended Complaint, including the 2023 ADA Order and this ADA Settlement and Order. Class Counsel may move for an award of reasonable attorneys' fees, litigation expenses, and costs for obtaining relief for the Plaintiff subclass pursuant to the ADA,

---

[1] Plaintiffs respectfully disagree with the Court's Order to the extent it reduced many of the hourly rates of Plaintiffs' counsel and some of their claimed hours. Plaintiffs reserve their rights and will address these issues in later proceedings.

[4758866.2]

Elizabeth M. Pappy
Susan E. Coleman
October 21, 2025
Page 3

42 U.S.C. § 12205, the Rehabilitation Act, Gov't Code § 11135, Cal. Code. Civ. Proc. § 1021.5 or any other applicable law.

*See* Dkt. 776 at 41.

After careful review and substantial billing judgment reductions made in part to incentivize settlement, Plaintiffs will be seeking the following amounts in connection with the Motion for Interim Fees for work from January 21, 2025 through August 31, 2025:

| Timekeeper | Hours | Hourly Rate | Amount |
|---|---:|---:|---:|
| **DLA Piper:** | | | |
| Christopher M. Young | 5.3 | $1,670 | $8,851.00 |
| Oliver Kiefer | 4.4 | $1,250 | $5,500.00 |
| **Law Offices of Aaron J. Fischer:** | | | |
| Aaron J. Fischer | 11.9 | $900 | $10,710.00 |
| **RBGG:** | | | |
| Gay Crosthwait Grunfeld | 82.30 | $1,325 | $109,047.50 |
| Van Swearingen | 124.40 | $975 | $121,290.00 |
| Adrienne Harrold | 78.50 | $575 | $45,137.50 |
| Karen Stilber | 9.70 | $470 | $4,559.00 |
| **Total:** | **316.5** | | **$305,095.00** |

Plaintiffs also seek expert fees paid to fees expert Richard Pearl in the amount of **$7,910.25**.

II. **Plaintiffs' Counsel Are Entitled to Reasonable Attorneys' Fees and Costs for Their Merits Work on the Motion for Preliminary and Final Approval of the ADA Settlement.**

Plaintiffs have yet to receive payment for work performed in connection with their work on the Joint Motion for Final Approval of the ADA Settlement. In addition to

[4758866.2]

Elizabeth M. Pappy
Susan E. Coleman
October 21, 2025
Page 4

drafting the joint motion, Plaintiffs were forced to defend the opposition that Defendants filed to the preliminary approval motion, review and analyze objections from class members, interview an objector, and prepare for, travel to, and participate in oral argument. Plaintiffs' counsel are entitled to fees for this work. *See* Dkt. 776 at 41.

After careful review and substantial billing judgment reductions made in part to incentivize settlement, Plaintiffs will be seeking the following amounts in connection with the motions for preliminary and final approval of the ADA settlement from January 21, 2025 through final approval, issued August 4, 2025. *See* Dkt. No. 947.

| Timekeeper | Hours | Hourly Rate | Amount |
|---|---|---|---|
| **Law Offices of Aaron J. Fischer:** | | | |
| Aaron J. Fischer | 9.4 | $900 | $8,460.00 |
| **RBGG:** | | | |
| Gay Crosthwait Grunfeld | 19.0 | $1,325 | $25,175.00 |
| Eric Monek Anderson | 28.1 | $600 | $16,860.00 |
| **Total:** | **56.5** | | **$50,495.00** |

Plaintiffs' counsel also seek costs of **$465.91**, consisting of travel expenses in connection with the Motion for Final Approval and Interim Fees oral argument on July 31, 2025.

### III. Plaintiffs' Counsel Are Entitled to Reasonable Attorneys' Fees and Costs for Their Post-Settlement-Date, Non-Litigation Work.

Starting January 21, 2025, Plaintiffs' counsel engaged in multiple activities to implement and enforce the settlement agreement. These included travel to San Diego for Plaintiffs' expert's inspection of Central Jail, reviewing and responding to Mr. McSwain's reports and emails, responding to Defendants' policies issued pursuant to the agreement's deadlines, proposing and negotiating a neutral expert, and advocating for class members' ADA concerns.

The ADA settlement specifically provides for fees in connection with this work. *See* Dkt. 776 at 41 ("The parties further agree that Class Counsel are entitled to reasonable attorneys' fees, litigation expenses, and costs for post-settlement date work

Elizabeth M. Pappy
Susan E. Coleman
October 21, 2025
Page 5

performed in conjunction with the Third Claim for Relief in Plaintiffs' Third Amended Complaint including the 2023 ADA Order and this ADA Settlement and Order."). For work after the settlement date of December 11, 2024, class counsel agreed to reduce their hourly rates by 10% for all non-litigation work. *See* Dkt. 776 at 45.

After careful review and substantial billing judgment reductions made in part to incentivize settlement, Plaintiffs will be seeking the following amounts for ADA-related work after the Settlement Date that occurred between January 21 and August 31, 2025:

| Timekeeper | Hours | Actual Rate -10% | Amount |
|---|---|---|---|
| **Law Offices of Aaron J. Fischer:** | | | |
| Aaron J. Fischer | 4.9 | $810 | $3,969.00 |
| **RBGG:** | | | |
| Gay Crosthwait Grunfeld | 24.20 | $1,193 | $28,858.50 |
| Eric Monek Anderson | 77.30 | $540 | $41,742.00 |
| **Total:** | **106.4** | | **$74,569.50** |

Plaintiffs also incurred expert fees to consult with their expert SZS Consulting in connection with the inspection of Central Jail and consultations thereafter in response to reports from neutral expert Mr. McSwain. Plaintiffs also incurred de minimis travel costs for that inspection. The total costs claimed for non-litigation merits work are **$5,574.57.**

IV.   **Framework for Resolution**

The above totals amount to **$444,110.23**.

As indicated above, Plaintiffs' counsel already applied substantial billing judgments to the time we are claiming. This includes removing many of the timekeepers involved.

As a further compromise and an incentive to resolve these claims without burdening the Court through costly and time-intensive litigation while preparing to try the other claims for relief, Plaintiffs' counsel are willing to (1) forgo their interest claim of $1,342.38, (2) apply the hourly rates ordered by the Court in connection with Plaintiffs' fees motion, and (3) accept a further 10% across-the-board reduction. These additional

Elizabeth M. Pappy
Susan E. Coleman
October 21, 2025
Page 6

reductions are not required and are offered solely to avoid motion practice. We note that if this matter is litigated, Plaintiffs reserve their rights to re-consider any billing judgment reductions made (and that are reflected in the above totals). In addition, Plaintiffs will seek their attorneys' fees, expenses, and costs associated with litigating a fees motion to recover the fees to which they are entitled.

Shown below is a chart that bills all timekeepers at the hourly rate ordered by the Court with an additional 10% reduction, with a resulting total fees, costs, and expenses equal to **$319,083.40**.

| Timekeeper | Hours | Order Rate | Total at Order Rate | Compromise Amount (10% reduction) |
|---|---|---|---|---|
| **DLA Piper:** | | | | |
| Christopher M. Young | 5.3 | $1,002.00 | $5,310.60 | $4,779.54 |
| Oliver Kiefer | 4.4 | $750.00 | $3,300.00 | $2,970.00 |
| **Law Offices of Aaron J. Fischer:** | | | | |
| Aaron J. Fischer | 26.2 | $900.00 | $23,580.00 | $21,222.00 |
| **RBGG:** | | | | |
| Gay Crosthwait Grunfeld | 125.5 | $1,020.25 | $128,041.38 | $115,237.24 |
| Van Swearingen | 124.4 | $750.75 | $93,393.30 | $84,053.97 |
| Adrienne Harrold | 78.5 | $442.75 | $34,755.88 | $31,280.29 |
| Eric Monek Anderson | 105.4 | $462.00 | $48,694.80 | $43,825.32 |
| Karen Stilber | 9.7 | $361.90 | $3,510.43 | $3,159.39 |
| **FEES SUBTOTAL:** | | | **$340,586.38** | **$306,527.74** |
| **UNPAID INTEREST:** | | | $1,342.38 | 0.00 |
| **COSTS AND EXPENSES:** | | | $13,950.73 | $12,555.66 |
| **Total:** | | | **$355,879.49** | **$319,083.40** |

Please let us know within two weeks of today if Defendants are amenable to resolving all outstanding claims for fees and costs through August 31, 2025 for the

[4758866.2]

Declaration of Elizabeth Pappy
Exhibit A

Elizabeth M. Pappy
Susan E. Coleman
October 21, 2025
Page 7

reduced amount of **$319,083.40**. Please also let us know if you believe a meet-and-confer on this topic would be useful or if you need additional information or time to consider this proposal. If we do not hear from you, we will begin work on a motion and will seek additional fees for that work.

    Thank you for your ongoing courtesy and cooperation in this matter.

Very truly yours,

ROSEN BIEN
GALVAN & GRUNFELD LLP

*/s/ Gay Crosthwait Grunfeld*

By: Gay Crosthwait Grunfeld

GCG:cg
cc:  Co-counsel

[4758866.2]

Declaration of Elizabeth Pappy
Exhibit A