UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL DUNSMORE, ANDREE ANDRADE, ERNEST ARCHULETA, JAMES CLARK, ANTHONY EDWARDS, REANNA LEVY, JOSUE LOPEZ, CHRISTOPHER NORWOOD, JESSE OLIVARES, GUSTAVO SEPULVEDA, MICHAEL TAYLOR, and LAURA ZOERNER, on behalf of themselves and all others similarly situated,, Plaintiffs, v. SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SAN DIEGO, SAN DIEGO COUNTY PROBATION DEPARTMENT, and DOES 1 to 20, inclusive, Defendants. | Case No.: 20-cv-00406-AJB-DDL **ORDER:** **(1) GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO SEAL (Doc. No. 976); and** **(2) DENYING DEFENDANTS' MOTION TO SEAL (Doc. No. 986)** |

Before the Court are two motions to seal: (1) Plaintiffs' Motion to File Documents Under Seal in Support of their Motion for Preliminary Injunction ("Plaintiffs' Preliminary Injunction Motion to Seal") (Doc. No. 976) and (2) Defendants' Motion to File Documents Under Seal in Support of their Opposition to Plaintiffs' Motion for Preliminary Injunction

("Defendants' Motion to Seal") (Doc. No. 986). Pursuant to Civil Local Rule 7.1.d.1, the Court finds these motions suitable for determination on the papers and without oral argument. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Preliminary Injunction Motion to Seal (Doc. No. 976) and **DENIES** Defendants' Motion to Seal (Doc. No. 986).

## I. LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. "In turn, the court must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135). The court must consider these interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)) (internal quotations omitted).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends on whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not meet the tangential relevance threshold, the "good cause" standard applies. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136).

## II. DISCUSSION

The Court has reviewed each of the parties' motions to seal, the lodged materials, and corresponding publicly filed documents. The Court addresses each motion to seal below.

### A. Plaintiffs' Preliminary Injunction Motion to Seal (Doc. No. 976)

Plaintiffs seek to seal six categories of documents related to their Motion for Preliminary Injunction. (Doc. No. 976 at 4.) First, Plaintiffs seek to redact specific medical information in a class member declarant's medical records. (*Id.* at 4–5.) Second, Plaintiffs seek to seal the personal address and contact information of one of Plaintiffs' experts. (*Id.* at 5.) Third, Plaintiffs wish to seal the names of witnesses to a death at the Jail. (*Id.* at 5–6.) Fourth, Plaintiffs argue there are compelling reasons to seal the identifying information of non-declarant class members in connection with their medical information. (*Id.* at 6.) Fifth, Plaintiffs wish to seal the floor plan of a housing unit at the Jail. (*Id.* at 6–7.) Sixth, Plaintiffs seek to seal certain information because Defendants designated the material confidential. (*Id.* at 7–8.) However, Plaintiffs disagree with Defendants' confidentiality designations and ask that the Court deny those requests and order Plaintiffs to refile the information with more narrowly tailored redactions. (*Id.*) Defendants did not respond to Plaintiffs' Motion.

Plaintiffs' Motion for Preliminary Injunction is more than tangentially related to the merits of the case; therefore, the compelling reasons standard applies in determining

whether to grant the Motion to Seal. *See Ctr. for Auto Safety*, 809 F.3d at 1099–1102; *see also Al Otro Lado, Inc. v. McAleenan*, Case No. 17-cv-02366-BAS-KSC, 2019 WL 6220898 (S.D. Cal. Nov. 21, 2019) (finding motion for preliminary injunction to be more than tangentially related to merits of the case); *Celgard, LLC v. Targray Tech. Int'l Inc.*, No. 19-CV-02401-VKD, 2019 WL 3841997, at *2 (N.D. Cal. Aug. 15, 2019) (same). The Court addresses each category of documents in turn.

**1. Medical Information in Exhibit B of David Thomas's Declaration**

Plaintiffs seek to seal two sentences of Exhibit B to the Declaration of David Thomas. (Doc No. 976 at 4.) Exhibit B contains excerpts from Mr. Thomas's Jail medical records. (*Id.*) Plaintiffs argue compelling reasons exist to grant their request because the two sentences contain confidential medical information unrelated to the issues in Plaintiffs' Preliminary Injunction Motion. (*Id.* at 4–5.)

The Court recognizes that the need to protect medical privacy has qualified as a "compelling reason" for sealing records. *See, e.g.*, *San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *n.1 (N.D. Cal. Jan. 10, 2011). However, the presumptive public right of access recognized in *Kamakana* requires redaction only of portions that warrant sealing. *See Bovier v. Bridgepoint Education/Ashford Univ.*, Case No.: 3:17-cv-01052-GPC-JMA, 2018 WL 11411260, at *2 (S.D. Cal. June 27, 2018). The "compelling reasons" rule requires the parties to "narrowly tailor[] their request to redact only the portions of the filings and the precise exhibits" deemed confidential. *See In Re Qualcomm Litigation*, No. 17-cv-108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal Nov. 8, 2017).

The Court agrees with Plaintiffs. The proposed redaction relates to Mr. Thomas's medical conditions, diagnoses, and treatments unrelated to this litigation. Release of this information to the public could potentially embarrass or injure Mr. Thomas. *See Seals v. Mitchell*, No. CV 04-3764 NJV, 2011 WL 1233650, at *2 (N.D. Cal. Mar. 30, 2011). The balance of interests strongly favors sealing this information. Additionally, Plaintiffs' request is narrowly tailored. The proposed redactions contain only confidential medical

information unrelated to the issues raised in Plaintiffs Motion for Preliminary Injunction.

The Court finds Plaintiffs have met their burden of overcoming the strong presumption in favor of public access, their request is narrowly tailored, and the specific medical information sought to be sealed has no bearing on this action. *See, e.g.*, *Ortiz v. City & Cnty. of San Francisco*, No. 18-cv-07727-HSG, 2020 WL 2793615, at *8 (N.D. Cal. May 29, 2020); *Cofield v. Maydole*, No. 2:13-cv-02032 TLN CKD P (TEMP), 2016 WL 993579, at *2 n.1 (E.D. Cal. Mar. 14, 2016). Accordingly, the Court **GRANTS** Plaintiffs' request to seal this limited portion of Exhibit B to Mr. Thomas's Declaration.

**2. Plaintiffs' Expert's Personal Contact Information**

Next, Plaintiffs seek to seal the personal address and phone numbers of Plaintiffs' expert Dr. Pablo Stewart, which appear in Exhibit A of the Declaration of Pablo Stewart in Support of Plaintiffs' Preliminary Injunction Motion. (Doc. No. 976 at 5.) This Court has previously recognized that compelling reasons exist to seal this information "to protect the individual privacy of the retained experts in this case." (*See* Doc. No. 823 at 6.) Consistent with this Court's prior sealing orders (*see* Doc. Nos. 823 at 6; 948 at 7), the Court finds compelling reasons to seal this information to protect the individual privacy of a retained expert. The Court **GRANTS** Plaintiffs' request to redact the personal address and phone numbers of Plaintiffs' expert Dr. Pablo Stewart.

**3. The Identities of Witnesses to the Death of Aaron Bonin**

Third, Plaintiffs seek to seal information in records related to the death of Aaron Bonin, an incarcerated person who died on October 31, 2022. (Doc. No. 976 at 5.) Plaintiffs' propose redacting the names and personal identifying information of the incarcerated witnesses to the events leading up to Mr. Bonin's death. (*Id.*) Plaintiffs seek to redact this information to protect the privacy and safety of the witnesses. (*Id.* (citing Cal. Penal Code § 832.10).)

Under California Penal Code § 832.10—which governs the disclosure and redaction of records relating to investigations of deaths occurring in detention facilities—"[a]n agency shall redact a record . . . [t]o preserve the anonymity of whistleblowers,

complainants, victims, and witnesses." Cal. Penal Code § 832.10(c)(2)(B). The Court finds this is a compelling reason to redact the names of these witnesses. Moreover, the Court finds the request narrowly tailored because Plaintiffs seek to redact only names and specific identifying information, such as birth dates and booking numbers. Accordingly, the Court **GRANTS** this request to seal.

**4. Identifying Information of Non-Declarant Class Members**

Plaintiffs also seek to seal portions of Exhibit J to the Grunfeld Declaration that discusses the medical information of class members who are not class representatives and have not submitted declarations in support of the Motion for Preliminary Injunction. (Doc. No. 976 at 6.) Plaintiffs state that "the individuals in Exhibit J have not submitted declarations with this motion, and so therefore have not put their medical care at issue in the case." (*Id.*) To balance the public interest in information about medical care at the Jail, Plaintiffs seek to seal only those individuals' identifying information, while leaving anonymized information about their care at the Jail available to the public. (*Id.*)

Because these individuals have not put their medical care at issue in this case, the Court finds it appropriate to protect their identities. *See, e.g.*, *Bennett v. N. Am. Bancard, LLC*, No. 17-CV-00586-AJB-KSC, 2022 WL 17972168, at *2 (S.D. Cal. Feb. 15, 2022) ("Such personal identifying information of non-parties has been held sealable by the Ninth Circuit under the 'compelling reasons' standard."). The information about the individuals relates to their medical and mental health histories, conditions, diagnoses, and treatments. Release of this information to the public could potentially embarrass or injure the non-declarant class members. *See Seals*, 2011 WL 1233650, at *2. Moreover, balancing the need for the public's access to information regarding the individuals' health conditions unrelated to the issues at hand weighs strongly in favor of sealing. Thus, the Court **GRANTS** the request to redact Exhibit J to the Grunfeld Declaration.

**5. Jail Housing Unit Floor Plan**

Plaintiffs also seek to seal Exhibit YY to the Grunfeld Declaration, which is a floor plan related to Vista Detention Facility. (Doc. No. 979 at 6–7.) Consistent with this Court's

prior Orders (*see* Doc. Nos. 283; 306), the Court finds that security concerns outweigh the benefit of public disclosure. *See Ortiz*, 2020 WL 2793615, at *8 (granting motion to seal copies of jail surveillance video from the county jail). Accordingly, the Motion to Seal the Vista Detention Facility floor plan is **GRANTED**.

### 6. Housing Locations and Disabilities of Corey Dean and Karim Talib

Plaintiffs seek to redact information in Paragraphs 6 and 15 of the Grunfeld Declaration. (Doc. No. 976 at 7.) The information Plaintiffs seek to seal in Paragraph 6 of the Grunfeld Declaration relates to the death of Corey Dean, an incarcerated person who died at Vista Detention Facility on July 13, 2025. (*Id.*) The information Plaintiffs seek to seal in Paragraph 15 of the Grunfeld Declaration relates to the death of Karim Talib. (*Id.*) For both Mr. Dean and Mr. Talib, the information concerns their housing locations and disabilities and is derived from documents that Defendants designated as confidential. (*Id.*) Plaintiffs move to seal this information solely because the Amended Stipulated Protective Order requires that a party filing information designated by another party as confidential "must seek permission of the Court to file the material under seal," even if the party disagrees that the material merits sealing. (*Id.*)

Plaintiffs disagree that the information in Paragraphs 6 and 15 merits sealing under the compelling reasons standard because the information is relevant to Mr. Dean's and Mr. Talib's deaths. (*Id.*) Plaintiffs argue that the Court previously held that compelling reasons justify sealing information in decedents' medical records or other Jail records only if it is "unrelated to their deaths." (*Id.* (citing Doc. No. 823 at 4–5).) Plaintiffs cite Magistrate Judge Leshner's confidentiality order which concluded that information related to a person's death at the Jail does not meet the lower good cause standard for confidentiality. (*Id.* (citing Doc. No. 785 at 7).) Thus, Plaintiffs ask the Court to deny sealing of this information.

Defendants did not file a response to Plaintiffs' Motion to Seal and therefore they have not argued that this information should remain under seal. The Court finds no compelling reason for this information to remain sealed. Under California law, "any record

relating to an investigation conducted by the local detention facility involving a death incident maintained by a local detention facility shall not be confidential and shall be made available for public inspection pursuant to the California Public Records Act . . . ." Cal. Penal Code § 832.10(b). Because the County releases information regarding in-custody deaths, and § 832.10(b) requires the release of records pertaining to investigations of in-custody deaths, the Court concludes there is no compelling reason for the proposed redactions. Moreover, a protective order alone is not a basis for sealing a document. *See In re Ferrero Litig.*, No. 11-CV-205 H CAB, 2011 WL 3360443, at *2 (S.D. Cal. Aug. 3, 2011) ("[A] party seeking the protection of the court via a blanket protective order typically does not make a 'good cause' showing required by Rule 26(c) with respect to any particular document.") (quoting *Foltz*, 331 F.3d at 1133).

Plaintiffs' request to seal these paragraphs of the Grunfeld Declaration is **DENIED without prejudice**.

**7. Expert Discussions that Defendants Designated Confidential**

Plaintiffs seek to seal their expert's discussion of class member medical records that Defendants produced in this case. (Doc. No. 976 at 8.) This information appears in Paragraph 25 and Exhibit B of the Stewart Declaration filed in conjunction with Plaintiffs' Motion for Preliminary Injunction. (*Id.*) Defendants designated the underlying medical records confidential. (*Id.*) Thus, Plaintiffs state that they must seek to seal the information under the Amended Stipulated Protective Order. (*Id.*) However, Plaintiffs believe that redacting the names and other identifying information of the class members, while leaving public the anonymized information about their underlying medical care, presents a more narrowly tailored approach to providing the public information about the issues in this case, while protecting the medical privacy of class members. (*Id.*) Accordingly, Plaintiffs ask that the Court deny sealing of this information and order Plaintiffs to refile the information with more narrowly tailored redactions applied only to the class members' names and other identifying information.

Defendants did not file a response to this sealing request. The Court agrees with Plaintiffs that the proposed redactions are overly broad and can be more narrowly tailored. *See In re Ferrero Litig.*, 2011 WL 3360443, at *2. By redacting the names and other identifying information of the class members, while leaving public the anonymized information about their underlying medical care, the sensitive medical information can remain private while providing the public information about the issues in this case. Accordingly, as to the proposed redactions to the Stewart Declaration and to Exhibit B attached thereto, the Court **DENIES** the request **without prejudice**.

**B. Defendants' Motion to Seal (Doc. No. 986)**

Defendants seek to seal certain medical and mental health information discussed and/or attached to the declarations of J. Montgomery, O.D. and Jacob Skelly-Brown, MFT filed in conjunction with Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction. (Doc. No. 986 at 2.) Specifically, Defendants seek to redact portions of Dr. Montgomery's declaration which discuss "sensitive and personal information related to the inmates' medical health histories, conditions, diagnoses, and treatments." (*Id.* at 3.) Defendants also seek to redact the majority of a spreadsheet (Exhibit "A") attached to the declaration of MFT Skelly-Brown. (*Id.*) Exhibit A summarizes certain mental health encounters that took place at the Jails. (*Id.*) Defendants state that Exhibit A contains sections which describe conversations that took place between the inmates and the mental health staff, as well as the outcome of such mental health checks. (*Id.*) Defendants argue that because there was an expectation by the inmate patients that the disclosed mental health information would remain private, it is appropriate for Exhibit A to be sealed. (*Id.*) Plaintiffs did not file a response to Defendants' Motion to Seal.

Just as Plaintiffs' Motion for Preliminary Injunction is more than tangentially related to the merits of the case, so is Defendants' Opposition. Accordingly, the compelling reasons standard must be met.

As discussed above, courts routinely conclude that "the need to protect medical privacy qualifies as a 'compelling reason' for sealing records." *Steven City Broomfield v.*

*Aranas*, No. 17-CV-00683-MMD-WGC, 2020 WL 2549945, at *2 (D. Nev. May 19, 2020) (collecting cases). But courts have also recognized that "a prisoner waives his right to medical privacy by filing a lawsuit that puts his medical condition at issue." *Mays v. Birkholz*, No. CV 22-5524 SVW, 2022 WL 17886031, *12 (C.D. Cal. Dec. 14, 2022); *Wilkins v. Barber*, No. 19-cv-1338 WBS, 2022 WL 252586, at *1 (E.D. Cal. Jan. 27, 2022) (requiring showing of more than general privacy concerns to order sealing of prisoner-plaintiff's medical records); *Hicks v. Neal*, 2013 WL 633116, at *1 (N.D. Cal. Feb. 20, 2013) (by suing mental health practitioners for inadequate mental health treatment, prisoner-plaintiff waived any privilege and privacy rights in his medical records).

Defendants have not carried their burden of establishing compelling reasons for the proposed redactions. The information Defendants seek to redact concerns individuals who submitted declarations in support of Plaintiffs' Motion for Preliminary Injunction. Those individuals have put their medical conditions at issue. *See Mays*, 2022 WL 17886031, *12. And the medical and mental health information Defendants seek to redact bears directly on the medical and mental health issues in this lawsuit. Moreover, upon reviewing Exhibit A, the proposed redactions do not readily appear to be of a sensitive nature.

To the extent Defendants are requesting to seal information that is relevant, non-sensitive, or contains non-medical narrative descriptions of the events at issue in this lawsuit, Defendants must specifically explain why the Court should seal this information or attempt to narrowly tailor their requests by proposing more limited redactions. *See, e.g.*, *Witkin v. Lotersztain*, 2021 WL 6140994, *1–2 (E.D. Cal. Dec. 29, 2021) (partially granting motion to seal prisoner's medical records as to information unrelated to the medical injury at issue in the case, but denying portions directly related to claim at issue where any risk of injury was speculative). For these reasons, Defendants' Motion to Seal is **DENIED without prejudice**.

///

///

///

## III. CONCLUSION

For the foregoing reasons:

1. The Court **GRANTS** Plaintiffs' Motion to Seal (1) the redacted medical information in David Thomas's medical records, (2) the personal address and contact information of Plaintiffs' expert Dr. Stewart, (3) the names and identifying information of witnesses to the death of Aaron Bonin, (4) the identifying information of non-declarant class members in connection with their medical information, and (5) the floor plan of a housing unit at the jail. (Doc. No. 976.)

2. The Court **DENIES without prejudice** Plaintiffs' Motion to Seal the redacted portions of the Grunfeld Declaration, the Dr. Stewart Declaration, and Exhibit B attached to the Stewart Declaration. (Doc. No. 976.)

3. The Court **DENIES without prejudice** Defendants' Motion to Seal. (Doc. No. 986.)

4. The Court recognizes the potentially sensitive nature of some of the documents at issue in the instant motions. Accordingly, the parties have **fourteen (14) days** from the issuance of this Order to file a motion for reconsideration. Any motion for reconsideration must address the compelling reasons for why specific information should be sealed. All documents will remain under seal in the interim.

5. If no motion for reconsideration is filed, the Court will issue an order directing the parties to file unredacted versions of the documents at issue.[1]

**IT IS SO ORDERED.**

Dated: September 14, 2026

Hon. Anthony J. Battaglia
United States District Judge

[1] As it relates to Dr. Stewart's Declaration and attached exhibit, if no motion for reconsideration is filed, the Court will order Plaintiffs to file a modified declaration and exhibit redacting only the names and other identifying information of the class members.